IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TOMMY WALTON | § § | |
| vs. | § § | CIVIL ACTION NO. 4:13-cv-01164 |
| 3M COMPANY; ARIZANT HEALTHCARE, INC.; AND ROBERT PRESTERA | § § § § § | JURY DEMANDED |

## PROTECTIVE ORDER

Pursuant to a stipulation between the parties, Plaintiff Tommy Walton, and Defendants 3M Company, Arizant Healthcare Inc., and Robert Prestera, and for good cause, the Court enters the following Agreed Protective Order pursuant to FED. R. CIV. P. 26(c). The purpose of this Order is to facilitate discovery and to prevent unnecessary disclosure of proprietary or confidential information and documents.

## TERMS OF THE PROTECTIVE ORDER

1. The parties anticipate that this action may involve discovery and production of documents and testimony that may contain confidential information, such as non-public proprietary information, individually identifiable, or non-public commercial and financial data ("confidential discovery material" or "discovery material"). The party or other person from whom confidential discovery material may be sought (the "Producing Party") may designate such materials as "Confidential – Subject to Protective Order."

2. Any Producing Party may designate discovery material as "Confidential – Subject to Protective Order" any non-public discovery material that counsel for the Producing Party has determined in good faith contains, reflects, or reveals: (a) trade secret information (which is a formula, pattern, device, or compilation of information which is used in one's business, and

1

which gives the business an opportunity to obtain an advantage over competitors who do not know or use the trade secret information); (b) proprietary confidential information such as research or development information, or commercially or competitively sensitive information that would more likely than not cause competitive harm to the business operations of the Producing Party including, but not limited to: (i) business/strategic plans; (ii) sales, cost, and price information, including sales/financial projections; (iii) non-public marketing information; (iv) non-public detailed sales and financial data; (v) customer lists; (vi) non-public technical information; or (vii) other non-public information of competitive, financial, or commercial significance comparable to the items listed in this subparagraph; or (c) confidential, non-public personal information concerning individuals.

3. Any Producing Party may designate as "Confidential – Subject to Protective Order" any materials or portions of materials that it produces. "Materials" includes documents, testimony, and non-paper media (*e.g.*, video, audio, discs, CD-roms, DVDs, electronic information).

4. To designate material as "Confidential -- Subject to Protective Order" (other than deposition or hearing transcripts) the Producing Party must place on the document or other materials the words "Confidential -- Subject to Protective Order." This Order collectively refers to these methods as a "designation of confidentiality." All copies made by the non-Producing Party must either (A) contain the original designation of confidentiality, or (B) clearly state that the document or material is "Confidential -- Subject to Protective Order."

5. In the case of multi-page documents, the designation of confidentiality, whether "Confidential -- Subject to Protective Order" must be stamped on each page of each document that the Producing Party intends to designate as confidential. Any "Confidential -- Subject to

Protective Order" material produced on magnetic discs or other computer-related media shall be designated as such by labeling each disc or other computer-related media "Confidential -- Subject to Protective Order" before production, as well as by labeling – to the extent possible depending on the type of file – every page of the document on the disc or computer-related media as "Confidential – Subject to Protective Order.". In the event that a "hard copy" is generated from any disc or other computer-related medium, each page of the hard copy must be immediately stamped as "Confidential -- Subject to Protective Order" and treated as such, pursuant to the terms of this Protective Order.

6. Inadvertent failure to designate material as "Confidential -- Subject to Protective Order" at the time of production may be remedied if, within 30 days after such discovery material was produced without the appropriate confidentiality stamp, the Producing Party notifies all parties that such discovery material had previously been produced without the appropriate confidentiality stamp. The Producing Party shall then stamp such newly designated material as "Confidential -- Subject to Protective Order." All parties shall return to the Producing Party, or destroy, any unstamped copies of such discovery material upon receipt of such discovery material bearing the appropriate confidentiality stamp.

7. A party may designate material as "Confidential -- Subject to Protective Order" regardless of whether the information is produced pursuant to the disclosure requirements of FED. R. CIV. P. 26; produced in response to an Interrogatory, Request for Admission, Request for Production, or court order; or contained in deposition testimony, pleadings, or briefs.

8. Any party may designate as "Confidential -- Subject to Protective Order" any portion of a deposition transcript deemed to contain such information by advising each party in writing, within 30 days of receipt of the deposition transcript, of the portions so designated by

citation to the specific pages and lines and by providing each party a copy of the transcript of the deposition with the pages containing confidential material marked with the words "Confidential -- Subject to Protective Order" as appropriate. Until expiration of that 30-day period, all parties shall maintain testimony as "Confidential -- Subject to Protective Order." If a "Confidential -- Subject to Protective Order" designation is made, the court reporter shall be directed to affix the appropriate legend on the cover page and on all designated pages of the transcript, and to each copy thereof. The parties may modify this procedure for any particular deposition or hearing through agreement on the record, without further order of the Court.

9. Under no circumstances other than those specifically provided for in this Order or subsequent Court orders, or other than with the written consent of the Producing Party, shall discovery material designated as "Confidential -- Subject to Protective Order" in any way be revealed, disclosed, summarized, or otherwise made known to any person or entity except the following:

(a) Outside counsel for any party to this action who are engaged in the prosecution or defense of this action, and such counsel's secretaries, paralegals, and clerical assistants to the extent necessary to assist such counsel;

(b) In-house counsel for any party to this action who are actively engaged in connection with the prosecution or defense of this action, and other company representatives of such party to the extent necessary for such representatives to assist counsel in the prosecution or defense of this action;

(c) Authors and recipients of the "Confidential -- Subject to Protective Order" discovery material, whose review is necessary for the prosecution or defense of this action;

Case 4:15-md-02666-JNE-DTS Doc. 20-1 Filed 02/18/16 Page 5 of 12
Case 4:13-cv-01164 Document 23 Filed in TXSD on 12/16/13 Page 9 of 12
Case 4:13-cv-01164 Document 23-2 Filed in TXSD on 11/19/13 Page 5 of 12

(d) Persons being deposed or testifying at trial in this action and prospective deponents or witnesses, and their counsel, during the course of depositions or testimony in this action or, to the extent necessary, in preparation for such depositions or testimony in this action, provided, however, that a person identified solely in this subparagraph shall not be permitted to retain copies of such "Confidential -- Subject to Protective Order" discovery material;

(e) Expert witnesses or consultants, whether expected to testify at trial or not, who are employed or retained by a party in connection with the prosecution or defense of this action, provided that counsel, in good faith, requires their assistance in connection with this action, and further provided that any report or document created by such expert or consultant relying on or incorporating "Confidential -- Subject to Protective Order" discovery material in whole or in part shall be designated as "Confidential -- Subject to Protective Order" by the party responsible for its creation.

However, in the event that any such expert witness or consultant described in subparagraph (e), or any deponent or witness described in subparagraph (d) above, is a current principal, owner and/or employee of, or has a continuous, regular, ongoing, or current consulting arrangement of any kind with, any entity involved in the design, manufacture, or distribution of patient warming products or medical devices in competition with the one at issue in his action, the party seeking to distribute or show the designated "Confidential -- Subject to Protective Order" information to such expert or consultant shall not disclose such information to such expert or consultant unless:

(i) The party wishing to disclose the designated "Confidential -- Subject to Protective Order" information promptly identifies such expert,

consultant, deponent or witness to counsel for the Producing Party in writing prior to disclosure of information to such expert, consultant, deponent or witness;

(ii) The Producing Party does not object to such disclosure in writing to the identifying party within ten (10) days from the receipt of written notice.;

(iii) The Producing Party does not attempt to meet and confer to resolve the issue within ten (10) days from the mailing of the written objection; and

(iv) The Producing Party does not move for a protective order prohibiting disclosure to the expert, consultant, deponent or witness within ten (10) days after the required attempt to meet and confer. The party wishing to disclose the designated material shall not disclose said material to the expert, consultant, deponent or witness prior to the Court's disposition of a Producing Party's motion for protective order.

(f) The Court having jurisdiction over discovery procedures in this Action.

(g) Outside vendors, such as court reporters, duplicating services and translation services, to the extent necessary for the prosecution or defense of this action;

(h) The Court and its support personnel and/or any person that the court may order, provided that such access is required in the interest of justice and upon terms that the Court deems proper, and the jury; and

(i) The parties and their officers, directors, and employees who have a need to review such material in connection with the prosecution or defense of this action.

10. In addition to the restrictions imposed in Paragraph 9, each person given access to material designated "Confidential -- Subject to Protective Order" pursuant to Paragraph 9 of this

6

CASE 0:15-md-02666-JNE-DTS Doc. 201-1 Filed 02/28/16 Page 7 of 12
Case 4:13-cv-01164 Document 28 Filed in TXSD on 12/16/13 Page 9 of 12
Case 4:13-cv-01164 Document 23-2 Filed in TXSD on 11/19/13 Page 7 of 12

Order shall be advised by counsel for the party providing access that such discovery material is being disclosed pursuant and subject to the terms of this Order and must be handled strictly in accordance with its terms by the person receiving such discovery material. Prior to and as a condition of disclosure of "Confidential -- Subject to Protective Order" discovery material to any person described in the foregoing Paragraphs 9, except those persons described in Paragraphs 9(f) and 9(h), such person shall sign and execute a written acknowledgement in the form annexed hereto as **Exhibit A**, the original of which shall be maintained by counsel making the disclosure to such person.

11. The parties and their attorneys may disclose "Confidential -- Subject to Protective Order" materials to a person not designated in Paragraph 9 only with the Producing Party's consent, or by obtaining a court order as described in Paragraph 15. The Producing Party's consent is not effective unless it is in writing and specifically identifies the documents or information that may be disclosed.

12. Materials designated "Confidential -- Subject to Protective Order" may not be used for any purpose other than the prosecution or defense of this action. No person to whom materials designated "Confidential -- Subject to Protective Order" are made available shall disclose the contents of such materials to any other person or entity, except as permitted by this Order. The attorneys of record are responsible for employing reasonable measures, consistent with this Order, to control access to, duplication of, and distribution of copies of discovery material stamped "Confidential -- Subject to Protective Order."

13. If a party or counsel for a party receives a subpoena or discovery request for materials designated "Confidential -- Subject to Protective Order" produced in this action, the party receiving the subpoena shall not produce any such documents unless required by a court to

do so. Further, the party receiving the subpoena or discovery request shall give prompt notice to counsel for the Producing Party who produced the materials in this action. "Prompt notice" means notice sufficient to allow the party who disclosed the materials to file a motion to quash or to take other lawful action to prevent disclosure. At a minimum, "prompt notice" means an e-mail or fax to the Producing Party's counsel within two business days of receiving the subpoena or discovery request.

14.   In the event a party wishes to submit or refer to any material designated "Confidential -- Subject to Protective Order" in any affidavit, motion, response, reply, brief, memoranda of law, application or any other paper filed with the Court, the party desiring to use the material designated "Confidential -- Subject to Protective Order" shall file such material designated "Confidential -- Subject to Protective Order" under seal as provided for in the Federal Rules of Civil Procedure UNLESS the Producing Party has agreed that the material designated "Confidential -- Subject to Protective Order" does not need to be filed under seal.

15.   A party may object to the designation of materials as "Confidential -- Subject to Protective Order" (the "Objecting Party"). The Objecting Party may notify the Producing Party in writing at any time after the production of materials designated as "Confidential -- Subject to Protective Order" of its objection. The written notice of objection must state the specific document or material at issue and the specific basis for the objection. The parties shall first try to resolve the disagreement in good faith and on an informal basis within 15 days of receipt of the written notice of objection. If the disagreement cannot be resolved on an informal basis within those 15 days, the Producing Party must move the Court within 10 days after the end of the 15-day period for a ruling as to whether the disputed material is confidential. The Producing Party shall have the burden of proving that the disputed materials are entitled to the protections

set forth above for materials designated as "Confidential -- Subject to Protective Order" under this Order. Pending the Court's ruling, the Objecting Party shall treat the disputed documents as "Confidential -- Subject to Protective Order."

16. Nothing in this Order, or any designation of discovery material as "Confidential -- Subject to Protective Order" hereunder, or any failure to make such designation shall be used or characterized by any party as an admission.

17. Neither this Order nor any designation of discovery material as "Confidential -- Subject to Protective Order" shall affect the admissibility into evidence of the information so designated, including, without limitation, the authenticity or relevance of the discovery material.

18. Neither this Order, nor the fact of its existence, nor any designation of discovery material as "Confidential -- Subject to Protective Order" shall be offered or admitted into evidence at trial or used as argument in this litigation.

19. The provisions of this Order shall survive the termination of this action. Within 30 days of the termination of this action (including any appeals), the parties shall: (i) return all confidential materials to counsel for the Producing Party, without keeping any copies (paper, electronic, or otherwise) unless such copies were included in Court filings; or (ii) destroy all confidential materials, unless such copies were included in Court filings, and advising counsel for the Producing Party in writing that said materials have been destroyed. Counsel for the parties are responsible for retrieving all confidential materials from their retained experts and consultants; returning those materials to the Producing Party or destroying and certifying to the Producing Party in writing the destruction of such materials; and assuring that their retained experts and consultants do not keep any copies. Further, Defense Counsel agrees to maintain in

its files a complete and Bates labeled copy of all documents Defendants produced in this action, including privileged and confidential documents.

Dated this December 16, 2013.

*Frances H. Stacy*

Exhibit A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| TOMMY WALTON | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 4:13-cv-01164 |
| | § | |
| 3M COMPANY; | § | JURY DEMANDED |
| ARIZANT HEALTHCARE, INC.; | § | |
| AND ROBERT PRESTERA | § | |
| | § | |

### AGREEMENT TO ABIDE BY PROTECTIVE ORDER

I hereby acknowledge that I: (i) have been given an opportunity to read the Protective Order entered by the United States District Court for the Southern District of Texas (the "Court") in the above-captioned case; (ii) understand the Protective Order; and (iii) agree to be bound by its terms.

I agree that I will not at any time reveal or discuss the contents of documents, materials or information ("Discovery Material") furnished to me in the course of the above-captioned case that are designated as "Confidential -- Subject to Protective Order" (as defined in the Protective Order) with anyone, except as expressly authorized by the Protective Order or as otherwise required by the Court in the above-captioned case. I agree that I will use any Discovery Material furnished to me only for the purposes of the above-captioned case, except as expressly authorized by the Protective Order or as otherwise required by the Court.

I further agree that in the event I cease to have any involvement in the above-captioned case: (i) I will promptly return all Discovery Material that is Confidential to the party or counsel from whom I received that Discovery Material; and (ii) I will maintain the confidentiality of all "Confidential – Subject to Protective Order" Discovery Material that is disclosed to me.

I hereby consent to the jurisdiction of the United States District Court for the Southern District of Texas for the limited purposes of any proceedings to enforce the terms of the Protective Order, including any sanctions the Court may deem appropriate for violation of the Protective Order.

Dated: _____

                                        (Signature)_____
                                        (Printed Name)

269358.1-11192013