# EXHIBIT A

# EXHIBIT A

# PARTICIPATION AGREEMENT

This Agreement is made this ___ day of _____, 201__, by and between the Plaintiffs' Co-Lead Counsel Committee appointed by the United States District Court for the District Court of Minnesota in MDL No. 2666 and [NAME OF THE FIRM EXECUTING THE AGREEMENT AND PARTICIPATING COUNSEL].

WHEREAS, the United States District Court for the District of Minnesota has appointed the Plaintiffs' Co-Lead Counsel to maintain adequate time and disbursement records covering services of designated counsel and establish guidelines, for approval by the Court, as to the keeping of time records and expenses.

WHEREAS, the Plaintiffs' Co-Lead Counsel in association with other attorneys working for the common benefit of Plaintiffs have developed or are in the process of developing work product which will be valuable in the litigation of federal and state court proceedings involving Bair Hugger injuries and marketing and sales practices.

WHEREAS, the Participating Counsel are desirous of acquiring the Common Benefit Work Product and establishing an amicable, working relationship with the Plaintiff's Lead Counsel Committee for the mutual benefit of their clients.

NOW THEREFORE, in consideration of the covenants and promises contained herein, and intending to be legally bound hereby, the parties agree as follows:

**I.    SCOPE OF AGREEMENT**

    **A.    Purpose.**

This Participation Agreement is a private cooperative agreement between plaintiffs' attorneys to share common benefit work product, both in MDL 2666 and in various state courts. Plaintiffs' attorneys who sign on to this Agreement ("Participation Agreement") are entitled to receive the MDL "common benefit work product" and the state court "work product" of those attorneys who have also signed the Participation Agreement. Plaintiffs' attorneys who sign on to this Agreement ("Participating Counsel") are also entitled to submit claims for reimbursement of Common benefit costs and time submissions for approved common benefit work in accordance with the terms of the Pretrial Order No. 9. The Participation Agreement is being signed by counsel who are not already independently bound to the terms of Pretrial Order No. 9. By signing this Participation Agreement, Participating Counsel agrees to the terms of the agreement in consideration for the benefits obtained by said participation.

Participating Counsel recognize that plaintiffs who have cases pending in separate and independent jurisdictions are voluntarily agreeing to share common benefit work product developed in these jurisdictions, including the MDL, and other states who agree to participate. Participating Counsel further recognize the separate and independent rights of each jurisdiction, and the litigants in each jurisdiction, including nonparticipating counsel, to fully represent the interests of their clients, including the right to conduct discovery, set cases for trial, conduct jury trials, and/or resolve cases.

**B.     Rights and Obligations of Participating Counsel.**

Upon execution of this Agreement, the Plaintiffs' Co-Lead Counsel Committee will

provide access to Participating Counsel to the common benefit work product defined in this Participation Agreement and Pretrial Order No. 9, including access to and technical support to utilize the depository. Participating Counsel agree that all cases in which Participating Counsel has a fee interest, including unified cases and cases filed in state and/or federal court, are subject to the terms of this Agreement. Participating Counsel shall produce a list that correctly sets forth the name of each client represented by them who has filed a civil action arising from the use, marketing, and sale of the Bair Hugger Forced Air Warming Device with the Court and docket number of each such case and shall produce a list that contains the name of each client represented by them who has not yet filed a civil action arising from the use, marketing, and sale of the Bair Hugger Forced Air Warming Device. The initial list shall be provided by each Participating Counsel to Plaintiffs' Co-Lead Counsel in the MDL within thirty (30) days of signing this Agreement. Participation Counsel shall supplement the list on a quarterly basis.

**C.    Agreement to Pay an Assessment on Gross Settlements and To Be Bound By The Terms of Pretrial Order No. 9.**

In consideration of the foregoing, by executing this Agreement, Participating Counsel (by themselves and on behalf of the plaintiffs and claimants they represent), whether their cases are filed or not, agree to be bound by the terms of Pretrial Order No. 9. Further, by executing this Agreement, Participating Counsel acknowledges that they have received and reviewed a copy of Pretrial Order No. 9.

Participating Counsel hereby acknowledges that the Common Benefit fee assessment shall be 10% for common benefit attorneys' fees and 2% for costs as set forth

in Pretrial Order No. 9, and Participating Counsel shall have access to the Work Product to the full extent as are Participating Counsel that are subject to Pretrial Order No. 9.

### D. Covered Cases.

The assessment amount set forth above and the subject of this Participation Agreement applies to all cases now pending, or later filed, in any court within the United States regardless of when the plaintiff's attorney signs the Participation Agreement. Counsel who sign the Participation Agreement further agree to pay the assessment amount on all un-filed and tolled cases (in the event any cases are ever tolled) in which they share a fee interest.

### E. Attorney Fee Lien.

With respect to each case resolved in which Participating Counsel has a fee interest in connection with Bair Hugger claims that are filed or pending in any court, un-filed or subject to tolling agreement, in the event the Defendant neglects to deposit or cause to be deposited in the Bair Hugger fee and expense fund established by the MDL, the percentage portion of the gross amount recovered by each such client which is equal to the assessment amount, then each Counsel on behalf of themselves, their affiliated counsel, and their clients, is to remit said funds to said account and hereby grants and conveys to the Plaintiffs' Co-Lead Counsel a lien upon and/or a security interest in any recovery by any client who they represent in connection with any Bair Hugger injury and marketing and sales practices, to the full extent of the permitted law, in order to secure payment in accordance with the provisions of this Agreement. Counsel will undertake all

actions and execute all documents which are reasonably necessary to effectuate and/or perfect this lien and/or security interest.

**F.     Attorney-Client Contracts.**

Both the Plaintiff's Co-Lead Counsel and participating Counsel recognize the importance of individual cases and the relationship between case-specific clients and their attorneys. Regardless of the type of settlement or conclusion eventually made in matters, the Plaintiffs' Co-Lead Counsel will recommend to this Court that full consideration will be given to individual case contracts between attorneys and their clients and to work that has been performed by attorneys in their individual cases.

Date: _____                              Firm Name: _____

                                                 Attorney Name: _____

*Plaintiffs' Co-Lead Counsel*

Ben W. Gordon, Jr.                               Michael V. Ciresi
Levin Papantonio, P.A.                           Ciresi Conlin LLP
316 S. Baylen Street, Suite 600                  225 S. 6th St., Suite 4600
Pensacola, FL 32502                              Minneapolis, MN 55402
(850) 435-7090                                   (612) 361-8202
bgordon@levinlaw.com                             MVC@ciresiconlin.com


Genevieve M. Zimmerman
Meshbesher & Spence, Ltd.
1616 Park Avenue South
Minneapolis, MN 55404
(612) 339-9121
gzimmerman@meshbesher.com