**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| In re: BAIR HUGGER FORCED AIR WARMING PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to All Actions | MDL No. 15-2666<br>(JNE/FLN)<br><br>**PRETRIAL ORDER NO. 11:**<br>**Privilege Log Protocol** |

Pursuant to the parties' joint submission, the Court hereby adopts the following:

**<u>PRIVILEGE LOG PROTOCOL</u>**

The procedures and protocols outlined herein govern privilege logs produced in this litigation. Plaintiffs and Defendants 3M Company and Arizant Healthcare Inc. (together, "Defendants"), as well as their officers, directors, employees, agents, and legal counsel, are referred to as the "Parties" or "Party" respectively for the purposes of this Protocol.

A. The Parties shall produce a privilege log within thirty (30) days of a production. The privilege log shall identify the documents or information withheld and the basis for any claim of privilege in a manner that, without revealing information itself privileged or protected, will enable the other Parties to assess the applicability of the privilege or protection.

B. The Parties need not list on a privilege log documents generated after the filing of the original complaint in *Tommy Walton v. 3M Company, et al.*, that were sent only to, or received only from, Plaintiffs' counsel, the legal departments of the Defendants, or the outside counsel for the Defendants in this litigation, except for specific

categories of documents agreed to by the Parties, or as required by Court order. The Parties reserve their rights, however, to request that certain subcategories of privileged documents in these categories be logged. If the parties are not able to reach agreement on whether such subcategories of documents should be logged within ten (10) court days of the request, either party may present the issue to the Court for resolution using the procedures prescribed by the Local Rules or by order of the Court.

    C.    Except as agreed to by the Parties, or as required by Court order, documents that are presumptively privileged need not be logged. Documents that are presumptively privileged are:

        1.    Internal communications wholly within a law firm,

        2.    Internal communications wholly within a legal department of a Party.

        3.    Communications solely between outside counsel and in-house counsel of a Party.

        4.    The Parties reserve their rights, however, to request that certain subcategories of privileged documents in these categories be logged. If the Parties are not able to reach agreement on whether such subcategories of documents should be logged within ten (10) court days of the request, either party may present the issue to the Court for resolution using the procedures prescribed by the Local Rules or by order of the Court.

       5.    The presumptions in C.1-3 do not automatically apply to communications that relate to 3M's acquisition of Arizant Healthcare, Arizant Healthcare's acquisition of Augustine Medical, and/or any other corporate structure transactions involving Arizant Healthcare and/or Augustine Medical. The parties will negotiate in good faith toward an agreement that addresses whether and what communications in either of the categories listed in this subparagraph are presumptively privileged and do not need to be logged. If no agreement is reached within 14 days of the Court's approval of this protocol, either party may present the issue for resolution to the Court in accordance with the Local Rules and the Court's procedures.

    D.    Redacted documents need not be logged as long as (a) for emails, the bibliographic information (*i.e.*, to, from, cc: and bcc: recipients, date, and time) is not redacted, and the reason for the redaction is both noted on the face of the document in the redaction box and provided in the metadata; and (b) for non-email documents, the reason for the redaction is noted both on the face of the document in the redaction box and provided in the metadata. Upon request, made on an individualized basis as to particular redacted documents, the producing Party will provide log entries for such particular redacted documents in the manner set out herein. If the producing Party asserts that such request is disproportionate to the needs of the litigation, and the parties are unable to resolve the issue in 10 court days, the parties shall present their dispute for resolution by the Court.

    E.    An email thread may be logged in a single entry.

F.    Except as noted below with respect to email attachments, a party's privilege log only needs to provide objective metadata (to the extent it is reasonably available and does not reflect privileged or protected information) and an indication of the privilege or protection being asserted. Objective metadata includes the following:

    1. A unique privilege log identifier

    2. File name

    3. Subject (unless redacted, in which case a general description of the subject matter of the document will be provided)

    4. Author

    5. From

    6. To and/or Recipients

    7. CC

    8. BCC

    9. Date Sent

    10. Date Received

    11. Date Created

For email attachments, the log entry for the email shall state that there are attachments to the email and provide sufficient information to satisfy Federal Rule of Civil Procedure 26(b)(5)(A) as to the attachments.

G.    Privilege logs relating to documents previously produced in *Timothy Johnson v. 3M Company, et al.*, Civil Action No. 2:14-cv-020440, in the United States

District Court for the District of Kansas, and *Tommy Walton v. 3M Company, et al.*, Civil Action No. 4:13-cv-01164, in the United States District Court for the Southern District of Texas*,* will be reproduced to Plaintiffs in the MDL in a single comprehensive log with a consistent format.

      H.      After the receipt of a privilege log, any Party may dispute a claim of privilege, however, prior to any submission to the Court for an *in camera* review, the Party disputing a claim of privilege shall provide in writing the identification of the documents for which it questions the claim of privilege and the reasons for its assertion that the documents are not privileged. Documents with the same reasons for assertion of non-privilege may be grouped. Within fourteen (14) days, the Party seeking to support the claim of privilege shall provide a written response supporting the claim of privilege. (The Party seeking to support the claim of privilege may request an extension of the 14-day time period from the contesting Party based upon a good faith representation that the volume of documents contested is too large to address within the 14 day time frame, such extension not to be unreasonably withheld.  If the Parties cannot agree to an extension, the issue may be expeditiously brought to the Court for resolution via telephonic conference.)  The Parties will then meet and confer in good faith as to the claims of privilege. If agreement cannot be reached within seven (7) court days of the written response, any party may thereafter submit the dispute to the Court, as provided by the Court's Local Rules and procedures, for a determination as to privilege.  The parties shall comply with proposed new Local Rule 5.6.

I. Inadvertent production of documents or information (hereinafter "Inadvertently Produced Privileged Materials") subject to work-product immunity, the attorney-client privilege, or other legal privilege protecting information from discovery shall not constitute a waiver of the immunity or privilege, provided that the party producing the materials shall notify all Parties in writing within a reasonable period of time from the discovery of the inadvertent production. If such notification is made, such Inadvertently Produced Privileged Materials and all copies thereof shall, upon request, be returned to the party making the inadvertent production or destroyed (upon certification of the destruction to the party making the inadvertent production), all notes or other work product of the receiving party reflecting the contents of such materials shall be destroyed (or if destruction is not feasible, permanently and irreversibly redacted upon certification of the redaction to the party making the inadvertent production), and such returned or destroyed material shall be deleted from any litigation-support or other database. If the party receiving the production disputes in writing the claim of privilege or the claim of inadvertence they may retain possession of the Inadvertently Produced Privileged Materials as well as any notes or other work product of the receiving party reflecting the contents of such materials pending the resolution by the Court of the motion below. If the receiving party's motion is denied, the receiving party shall promptly comply with the immediately preceding provisions of this paragraph or such other directives as may be issued by the Court. No use shall be made of such Inadvertently Produced Privileged Materials during depositions or at trial, nor shall they be disclosed to anyone who was not

given access to them prior to the request to return or destroy them. The party receiving such Inadvertently Produced Privileged Materials may, after receipt of the notice of inadvertent production, move the Court to oppose the request for return of the subject materials. Each party retains all rights and arguments as to any proceeding regarding Inadvertently Produced Privileged Materials.

J.  The parties agree that employing electronic keyword searching to initially identify and prevent disclosure of privileged material constitutes reasonable steps to prevent inadvertent disclosure. However, keyword searching alone shall not be sufficient grounds to withhold a document as privileged. Documents shall be manually reviewed post-keyword searching to determine if they are privileged before being withheld.

K.  The production of any discovery material by any party, whether inadvertent or not, shall be without prejudice to any subsequent claim by the producing Party that such discovery material is privileged or attorney work product, and shall not be deemed a waiver of any such privilege or protection in either the litigation pending before the Court, or any other federal or state proceeding.

IT IS SO ORDERED.

Date: June 15, 2016  s/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge