AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Minnesota

| | |
|---|---|
| JAMES EDWARD BROOKS, as Administrator of the Estate of Michael T. Leachman, Deceased.<br><br>*Plaintiff(s)*<br>v.<br>3M COMPANY and ARIZANT HEALTHCARE, INC.<br><br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)   Civil Action No.  MDL 15-2666<br>)<br>)<br>)<br>)<br>) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  3M COMPANY and ARIZANT HEALTHCARE, INC.

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Mark A. Tate
2 East Bryan Street
Suite 600
Savannah, GA 31401

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date:   06/21/2016

*Signature of Clerk or Deputy Clerk*

UNITED STATES DISTRICT COURT DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE: Bair Hugger Forced Air Warming Products Liability Litigation | MDL No. 15-2666 (JNE/FLN) |
| This Document Relates to All Actions.<br>**JAMES EDWARD BROOKS, as Administrator of the Estate of Michael T. Leachman, Deceased, PLAINTIFF(S)**<br><br>VS.<br><br>**3M COMPANY AND ARIZANT HEALTHCARE, INC.** | **MASTER SHORT FORM COMPLAINT AND JURY TRIAL DEMAND** |

1. Plaintiff, **JAMES EDWARD BROOKS, as Administrator of the Estate of Michael T. Leachman, deceased**, states and brings this civil action in MDL No. 15-2666, entitled *In Re: Bair Hugger Forced Air Warming Products Liability Litigation*. Plaintiff(s) [is/are] filing this Short Form Complaint as permitted by Pretrial Order #8 of this Court.

### PARTIES, JURISDICTION AND VENUE

2. Plaintiff, **JAMES EDWARD BROOKS, as Administrator of the Estate of Michael T. Leachman, Deceased** is a resident and citizen of the State of Georgia and claims damages as set forth below.

3. Jurisdiction is proper based upon diversity of Citizenship.

4. Proper Venue: The District Court in which remand trial is proper and where

1

this Complaint would have been filed absent the direct filing order by this Court is

<u>United States District Court, Southern District of Georgia - Savannah</u>.

5. Plaintiff brings this action *[check the applicable designation]*:

   _____          On behalf of [himself/herself];

   \_\_X\_\_\_         In a representative capacity as the Administrator of the Estate of Michael T. Leachman having been duly appointed as the Administrator by the Probate Court of Chatham County, Georgia. A copy of the Letters of Administration for a wrongful death claim is annexed hereto if such letters are required for the commencement of such a claim by the Probate, Surrogate or other appropriate court of the jurisdiction of the decedent. See <u>Exhibit A.</u>

## **FACTUAL ALLEGATIONS**

6. On or about June 4, 2014, Plaintiff underwent surgery during which the Bair Hugger Forced Air Warming system (hereinafter "Bair Hugger") was used during the course and scope of his surgery at the Jack Hughston Memorial Hospital located at 4401 River Chase Drive, Phenix City, AL, 36867, by Dr. John Waldrop. A copy of the Anesthesia Notes and OR bill are attached hereto as <u>Exhibit B.</u>

7. Contaminants introduced into Plaintiff's open surgical wound as a direct and proximate result of use of the Bair Hugger during the subject surgery resulted in Plaintiff developing a periprosthetic joint infection ("PJI"), also known as a deep joint infection ("DJI").

8. As a result of Plaintiff's infection caused by the Bair Hugger, Plaintiff reported to the Emergency Room at Candler Hospital located at 5353 Reynolds Street, Savannah, Georgia on June 19, 2014 wherein a CT of Plaintiff's Right Hip was taken and showed large complex fluid collection presenting a differential diagnosis of hematoma, seroma and/or abscess which resulted in a CT guided aspiration of fluid performed by Dr. Maria Wolf which was

cultured. The infection was treated with Keflex pending pathology results. On June 22, 2014, the pathology results revealed Enterobacter Cloacae Complex and Klebsiella Oxytoca. On June 23, 2014, Plaintiff reported again to the Emergency Room at Candler Hospital located at 5353 Reynolds Street, Savannah, Georgia. Plaintiff was seen by Dr. John D. Rowlett who reviewed Plaintiff's pathology report and discontinued Keflex and placed him on Bactrim and Ceftin antibiotics for his infection. Plaintiff was re-admitted to Jack Hughston Memorial Hospital on July 08, 2014 and underwent an Incision and Drainage and Insertion of Wound Vac on July 9, 2014. [Bair Hugger used in surgery, see Exhibit C attached hereto.] A Groshong catheter was inserted for long term intravenous antibiotic administration of Vancomycin and plaintiff was discharged with home health care to provide wound care and administration of IV Vancomycin. Plaintiff was re-admitted to Jack Hughston Memorial Hospital on September 24, 2014 with infected THA and underwent another Incision and Drainage and placement of Groshong catheter. [Bair Hugger used in surgery, see Exhibit D attached hereto.] Plaintiff was discharged home on Vancomycin on September 29, 2014. The Plaintiff died on October 02, 2014.

**ALLEGATIONS AS TO INJURIES**

9. (a) Plaintiff claims damages as a result of (check all that are applicable):

| | |
|---|---|
| _____ | INJURY TO HERSELF/HIMSELF |
| \_\_X\_\_ | INJURY TO THE PERSON REPRESENTED |
| _____ | WRONGFUL DEATH |
| _____ | SURVIVORSHIP ACTION |
| _____ | ECONOMIC LOSS |

10. Defendants, by their actions or inactions, proximately caused the injuries to Plaintiff(s).

3

**DEFENDANT-SPECIFIC ALLEGATIONS AND THEORIES OF RECOVERY**

11. The following claims and allegations are asserted by Plaintiff(s) and are herein adopted by reference (check all that are applicable):

__X__ FIRST CAUSE OF ACTION - NEGLIGENCE;

__X__ SECOND CAUSE OF ACTION - STRICT LIABILITY;

    __X__ FAILURE TO WARN

    __X__ DEFECTIVE DESIGN AND MANUFACTURE

__X__ THIRD CAUSE OF ACTION – BREACH OF EXPRESS WARRANTY;

__X__ FOURTH CAUSE OF ACTION- BREACH OF IMPLIED WARRANTY OF MERCHANTBILITY LAW OF THE STATE OF __O.C.G.A.__, §§ __11-2-314 et seq__;

__X__ FIFTH CAUSE OF ACTION- VIOLATION OF THE MINNESOTA PREVENTION OF CONSUMER FRAUD ACT;

__X__ SIXTH CAUSE OF ACTION – VIOLATION OF THE MINNESOTA DECEPTIVE TRADE PRACTICES ACT;

__X__ SEVENTH CAUSE OF ACTION- VIOLATION OF THE MINNESOTA UNLAWFUL TRADE PRACTICES ACT;

__X__ EIGHTH CAUSE OF ACTION- VIOLATION OF THE MINNESOTA FALSE ADVERTISING ACT;

__X__ NINTH CAUSE OF ACTION- CONSUMER FRAUD AND/OR UNFAIR AND DECEPTIVE TRADE PRACTICES UNDER LAW OF THE STATE OF __O.C.G.A.__, §§ __10-1-372 et seq__;

__X__ TENTH CAUSE OF ACTION – NEGLIGENT

__X__ MISREPRESENTATION;

4

| | |
|---|---|
| __X__ | ELEVENTH CAUSE OF ACTION- FRAUDULENT MISREPRESENTATION; |
| __X__ | TWELFTH CAUSE OF ACTION – FRAUDULENT CONCEALMENT; |
| __X__ | THIRTEENTH CAUSE OF ACTION – LOSS OF CONSORTIUM; and |
| __X__ | FOURTEENTH CAUSE OF ACTION – UNJUST ENRICHMENT. |

In addition to the above, Plaintiff(s) assert the following additional causes of action under applicable state law:

_____

_____.

*[Cross out if not applicable.]*

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff(s) pray for judgment against Defendants as follows:

1. For compensatory damages;
2. Pre-judgment and post-judgment interest;
3. Statutory damages and relief of the state whose laws will govern this action;
4. Costs and expenses of this litigation;
5. Reasonable attorneys' fees and costs as provided by law;
6. Equitable relief in the nature of disgorgement;
7. Restitution of remedy Defendants' unjust enrichment; and
8. All other relief as the Court deems necessary, just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff(s) hereby demand(s) a trial by jury as to all claims in Complaint so triable.

Dated: 06/21/2016

Respectfully submitted,

s/ Mark A. Tate

Mark A. Tate
Georgia State Bar:698820
Tate Law Group, LLC
2 East Bryan Street, Suite 600
Savannah, Georgia 31328
Phone:    (912) 234-3030
Facsimile: (912) 234-9700
marktate@tatelawgroup.com
tlgservice@tatelawgroup.com

Yvonne M. Flaherty
Lockridge Grindal Nauen, PLLP
Minnesota State Bar: 267600
1100 Washington Ave. S, Suite 2200
Minneapolis, MN 55401
Phone: (612) 339-6900
ymflaherty@locklaw.com

Yvonne M. Flaherty
Lockridge Grindal Nauen, PLLP
Minnesota State Bar: 267600
100 Washington Ave. S, Suite 2200
Minneapolis, MN 55401
Phone: (612) 339-6900
ymflaherty@locklaw.com