UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE: Bair Hugger Forced Air Warming Products Liability Litigation | MDL No. 15-2666 (JNE/FLN) |
| This Document Relates to<br><br>*All Cases* | **MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' UNOPPOSED MOTION FOR THE ISSUANCE OF A LETTER OF REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE TO THE APPROPRIATE JUDICIAL AUTHORITIES IN THE UNITED KINGDOM** |

Defendants 3M™ Company and Arizant Healthcare Inc. ("Defendants") request that, pursuant to Rule 28(b) of the Federal Rules of Civil Procedure, the Court issue the accompanying Letter of Request to the Senior Master of the High Court of Justice, Queen's Bench Division, Royal Courts of Justice, which seeks testimony and the production of documents from David Leaper, Andrew Legg, Paul McGovern, and Mike Reed.[1]  Plaintiffs have agreed not to oppose this motion.

Each of these individuals (collectively, the "U.K. Authors") is an author of certain scientific literature specifically referenced in Plaintiffs' Master Long-Form Complaint and relied upon to support Plaintiffs' claims.  Thus, each U.K. Author has unique relevant information regarding the claims and defenses in this case.  Because the Defendants

---

[1] Reed has expressed a willingness to appear voluntarily, but at this time 3M does not have a firm commitment or date.  If 3M receives a commitment from him to appear, we would not seek a court order from the U.K. authority to compel his appearance.

cannot obtain the requested information by other means, they respectfully request that the Court grant this motion and issue the proposed Letter of Request submitted as Exhibit 1.

## BACKGROUND

The Plaintiffs in this MDL litigation are patients who allegedly have experienced post-surgical infections and/or other medical complications following orthopedic or general surgery where a Bair Hugger™ patient warming system ("Bair Hugger system") was used. [Master Long-Form Complaint, ¶¶ 20, 22] The Bair Hugger system is an FDA-cleared medical device used to warm patients during surgery in order to maintain the patient's normal body temperature. Plaintiffs allege that the Bair Hugger system caused their post-surgical infections and seek personal injury recovery against Defendants, who plaintiffs allege designed, manufactured and marketed the Bair Hugger system used in their respective surgeries. [Master Long-Form Complaint, ¶¶ 23, 24]

In their Master Long-Form Complaint, Plaintiffs specifically cite to and rely on a number of scientific studies that allegedly "document[] the adverse effects of the Bair Hugger." *Id.* at ¶¶ 62-63. Several of these studies were authored by individuals who reside in the United Kingdom ("U.K."). Eight of the studies cited below are relied upon by Plaintiffs.[2]

- McGovern PD, et al. Forced-air warming and ultra-clean ventilation do not mix. *J Bone and Joint Surg-Br*. 2011;93-B(l 1):l537-1544

- Albrecht M, et al. Forced-air warming blowers: An evaluation of filtration adequacy and airborne contamination emissions in the operating room. *Am J Infect Control* 2010;39:321-8

---

[2] Although, the citations have been shortened for the purposes of brevity, at least one Study Author is a contributing author to each of the studies listed.

2

- Legg A, et al. Do forced air patient-warming devices disrupt unidirectional downward airflow? *J Bone and Joint Surg-Br.* 2012;94-B:254-6

- Belani K, et al. Patient warming excess heat: The effects on orthopedic operating room ventilation performance. *Anesthesia & Analgesia* 2012 (prepublication on-line) 2013;117(2):406-411

- Dasari KR, et al. Effect of forced air warming on the performance of operating theatre laminar flow ventilation. *Anaesthesia* 2012;67:244-249

- Albrecht M, et al. Forced-air warming: a source of airborne contamination in the operating room? *Orthopedic Rev.* 2009;1 (2):e28

- Legg A, et al. Forced-air patient warming blankets disrupt unidirectional airflow. *Bone Joint J.* 2013 Mar;95-B(3):407-10

- Reed M, et al. Forced-air warming design: evaluation of intake filtration, internal microbial buildup, and airborne-contamination emissions. AANA J. 2013 Aug;81(4):275-80

Defendants challenge Plaintiffs' characterization of these studies and take the position that the Study Authors themselves disclaim any proof of causation within the context of any particular study. In order to effectively prosecute and defend the claims in this case, the parties seek to discover any information the U.K. Authors have about the listed studies. To that end, the Defendants seek:

1. To take the testimony of each of the U.K. Authors[3] on the topics specified in the attached Appendices A-1 through A-4;

---

[3] Two authors have agreed to voluntarily appear for their depositions in a U.K. location. Thus, the motion for Letters of Request directed to U.K. authorities relates only to those authors whom we have not been able to reach or who have not agreed to appear voluntarily. Also, an additional study author, Kiran Desari, is located in Australia. 3M may make a separate motion as to this witness if it cannot secure his testimony voluntarily.

3

2. The disclosure of documents specified within the attached Appendices B-1 through B-4, which are believed to be in the possession of each of the U.K. Authors.

The Defendants submit that information in the possession of the U.K. Authors about the design, conduct and data from the various scientific studies is highly relevant to this dispute and the proper subject of the letters-rogatory process.

## ARGUMENT

### I. Letters Rogatory Are an Appropriate Vehicle for Obtaining Discovery in the United Kingdom.

Letters rogatory are formal written letters of request sent by a domestic court to a foreign court asking that a witness residing within that foreign court's jurisdiction provide either documents, a deposition, or both for use in a pending action before the requesting court. *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 n.1 (2004) ("'[A] letter rogatory is the request by a domestic court to a foreign court to take evidence from a certain witness.'") (alteration in original) (quoting Jones, *Int'l Judicial Assistance: Procedural Chaos and a Program for Reform*, 62 Yale L.J. 515, 519 (1953)). "In the United States, Congress has empowered federal courts to issue and to enforce letters rogatory." *Lantheus Med. Imaging, Inc. v. Zurich Am. Ins. Co.*, 841 F. Supp. 2d 769, 776 (S.D.N.Y. 2012). Specifically, 28 U.S.C. § 1781(b)(2) expressly "authorize[s] federal courts to issue letters rogatory that enable a U.S. litigant to obtain non-party discovery from a foreign entity." *Id.* Once a district court issues and transmits a letter of request to a foreign tribunal, the foreign tribunal will enforce the letter of request pursuant to its own laws or through treaties with the United States. *See id.* at 777.

The United Kingdom and the United States are both signatories to the Hague Convention, and U.S. courts have found that a Letter of Request to obtain evidence from residents of the United Kingdom is an appropriate means of obtaining evidence pursuant to the Hague Convention. *See, e.g.*, *S.E.C. v. Leslie*, No. C 07-03444 JF (PVT), 2009 WL 688836, at *3 (N.D. Cal. Mar. 16, 2009) (granting a letter of request to a U.K. court). The U.K. Authors in question here are not parties to this litigation, are believed to be citizens and residents of the United Kingdom, and are not subject to the jurisdiction of this Court. Thus, the procedures of the Hague Convention are the only means by which the requested evidence may be obtained. *See In re Baycol Prods. Liab. Litig.*, 348 F. Supp. 2d 1058, 1060 (D. Minn. 2004) ("It also appears that resort to the Convention is the only means available to obtain the requested discovery. . . as [the witness] is a foreign person that is not a party to this case, and who is not otherwise subject to the jurisdiction of this Court.").

In sum, U.S. and U.K. law authorize letters rogatory as an appropriate method for obtaining discovery from the U.K. Authors.

**II.     The Proposed Letter of Request Seeks Relevant Discovery.**

"In considering the issuance of letters rogatory, U.S. courts apply the discovery principles contained in Rule 26." *Lantheus*, 841 F. Supp. at 776; see also *Google Inc. v. Rockstar Consortium U.S. LP*, No. C 13-5933 CW, 2014 WL 8735114, at *2 (N.D. Cal. Oct. 3, 2014) (granting motion where the information "is relevant and discoverable under the standard set in Rule 26"). The Rule 26 standard regarding the scope of discovery is broad: "Parties may obtain discovery regarding any nonprivileged matter that is relevant

5

to any party's claim or defense." Fed. R. Civ. P. 26(b)(1).  In other words, a party need only "satisf[y] the minimal threshold of relevance, for discovery purposes," in seeking the issuance of a letter rogatory.  *In re Potash Antitrust Litig.*, 161 F.R.D. 405, 410 (D. Minn. 1995) (issuing letters rogatory for obtaining discovery in Canada because "[p]laintiffs have satisfied the minimal threshold of relevance, for discovery purposes, in seeking to investigate the involvement, if any, of Canpotex in the pricing of potash in the United States").

British courts have a more restrictive view of permissible discovery, requiring greater specificity of the testimony and documents being sought and protecting against open-ended pretrial discovery.  *See Metso Minerals Inc. v. Powerscreen Intern. Distribution Ltd.*, *Metso Minerals Inc. v. Powerscreen Int'l Distribution Ltd.*, No. CV 06-1446 ADS ETB, 2007 WL 1875560, at *2 (E.D.N.Y. June 25, 2007) ("The United Kingdom has made such a declaration, stating that it will not execute Letters of Request for the purpose of obtaining pre-trial discovery of documents. . . However, the emerging view of this exception to discovery is that it applies only to requests that lack sufficient specificity or that have not been reviewed for relevancy by the requesting court") (quotations omitted); *Blagman v. Apple, Inc.*, No. 12 CIV. 5453 ALC JCF, 2014 WL 1285496, at *4 (S.D.N.Y. Mar. 31, 2014) ("Although a signatory to the Hague Evidence Convention, the United Kingdom reserved its rights to impose stricter pretrial discovery standards when evaluating letters rogatory received from foreign nations. . . Pretrial depositions may be taken only when 'the subject matter of the deposition is restricted to

the evidence admissible at trial.'") (quoting *Apple Computers, Inc. v. Doe*, [2002] EWHC (QB) 2064, 2002 WL 31476324 (Queen's Bench Division Sept. 18, 2002)).

However, whether a movant's letter of request meets this higher standard of specificity is left to British courts. *Metso Minerals Inc.*, 2007 WL 1875560 at *3 ("Such a decision is best left to the judicial authorities in the United Kingdom."); *see also In re Baycol Prods. Liab. Litig.*, 348 F. Supp. 2d 1058, 1061 (D. Minn. 2004) (deciding that the issue of the appropriate scope of a Letter of Request under Italian law is best left to the appropriate Italian tribunal and not a reason to quash).

Here, the discovery requested from the U.K. Authors is relevant to the claims and defenses asserted in this litigation. Plaintiffs' Master Long-Form Complaint specifically cites to a number of studies by these authors in support of their position that such studies "document[] the adverse effects of the Bair Hugger." [Master Long-Form Complaint, ¶ 62] Defendants dispute the conclusions therein and contend that the design, procedures, conduct, data, and findings from those studies are therefore relevant to issues in this litigation. Such discovery is described with specificity in the attached appendices and tailored to relevant issues, namely whether the Bair Hugger could and did cause Plaintiffs' injuries.

In sum, the U.K. Authors, while non-parties, have in their possession and control documents and communications regarding various topics of information that are relevant to Plaintiffs' case and cannot be obtained from alternative sources. Because Defendants have the relevancy and specificity required for seeking the issuance of letters rogatory, the Court should issue the Letter of Request.

## **CONCLUSION**

For the reasons set forth above and in the proposed Letter of Request, Defendants respectfully request that their Unopposed Motion for the Issuance of a Letter of Request to the Appropriate Judicial Authorities in United Kingdom for the U.K. Authors be granted.

Dated:  July 8, 2016

Respectfully submitted,

*s/Bridget M. Ahmann*
Bridget M. Ahmann
MN Atty ID No. 016611x
M. Joseph Winebrenner
MN Atty ID No. 0387889
**Attorneys for Defendants 3M Company and Arizant Healthcare Inc.**
FAEGRE BAKER DANIELS LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
T: (612) 766-7000    F:  (612) 766-1600
bridget.ahmann@faegrebd.com
joe.winebrenner@faegrebd.com

Jerry W. Blackwell
MN Atty ID No. 0186867
Benjamin W. Hulse
MN Atty ID No. 0390952
Mary S. Young
MN Atty ID No. 0392781
**Attorneys for Defendants 3M Company and Arizant Healthcare Inc.**
BLACKWELL BURKE P.A.
431 South Seventh Street, Suite 2500
Minneapolis, MN  55415
T: (612) 343-3200    F:  (612) 343-3205
blackwell@blackwellburke.com
bhulse@blackwellburke.com
myoung@blackwellburke.com

US.106202527.09