## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

IN RE: Bair Hugger Forced Air Warming        MDL No. 15-2666 (JNE/FLN)
Products Liability Litigation

This Document Relates to

*All Cases*

**LETTER OF REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE TO THE APPROPRIATE JUDICIAL AUTHORITIES IN THE UNITED KINGDOM**

The United States District Court for the District of Minnesota presents its compliments to the Senior Master of the High Court of Justice, Queen's Bench Division, Royal Courts of Justice, Strand, London WC2A 2LL and requests international judicial assistance for the production of documents to be used in a civil proceeding before this Court in the above-captioned matter.  This Court requests the assistance described herein as necessary in the interests of justice.  The assistance requested is for the appropriate judicial authority of the United Kingdom to compel the below-named individuals to submit to depositions and produce documents.

- David Leaper, University of Huddersfield, Queensgate, Huddersfield HD1 3DH;

- Andrew Legg, Chesterfield Royal Hospital, Chesterfield Rd, Calow, Chesterfield S44 5BL;

- Paul McGovern, University College London Hospitals NHS Foundation Trust 235 Euston Rd, Fitzrovia, London NW1 2BU; and

- Mike Reed, Northumbria Hospital Trust, North Tyneside General Hospital, Rake Ln, North Shields NE29 8NH.

The aforementioned individual[s] (collectively, "U.K. Authors"), nonparties to the above-captioned litigation, are material and necessary to aid in the resolution of the matter.

This Court affirms that:

1.      This Letter of Request is sent to the High Court of Justice, Queen's Bench Division, by the United States District Court for the District of Minnesota pursuant to, and in conformity with 28 U.S.C. § 1781, Article III of the Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, the Hague, 18 March 1970, the Evidence (Proceedings in Other Jurisdictions) Act 1975, and Part 34 of the English Civil Procedure Rules;

2.      The requesting Court is a competent court in both law and equity, has jurisdiction over this action, and has the authority to compel the appearance of and the production of documents by corporations and individuals within its jurisdiction;

3.      This request is issued pursuant to the rules and procedures applicable within this Court's jurisdiction; and

4.      The documents sought are relevant to the matters at issue in this action, are anticipated to be used at trial, are not available from any other source, and cannot be obtained without the assistance of the judicial authority of the United Kingdom.

In light of international law and the comity that exists between the United States and the United Kingdom, the undersigned respectfully issues this Letter of Request for international assistance.  The requesting Court provides the additional information below in support of its request.

## I.   THE PARTIES AND THEIR REPRESENTATIVES

The defendants are 3M™ and Arizant Healthcare Inc. ("Defendants"), the designers and manufacturers of the Bair Hugger™ patient warming system ("Bair Hugger system").  Defendants are represented by:

> Jerry W. Blackwell, Corey L. Gordon, and Peter J. Goss of Blackwell Burke, P.A., 431 South Seventh Street, Suite 2500, Minneapolis, MN 55415.

> Bridget M. Ahmann and Christin Eaton Garcia of Faegre Baker Daniels LLP, 2200 Wells Fargo Center, 90 South Seventh Street, Minneapolis, MN 55402.

The plaintiffs ("Plaintiffs") in the proceedings are patients who allegedly suffered infections while receiving surgical warming from the Bair Hugger system.  Plaintiffs are represented by:

*Co-Lead Counsel:*

> Michael V. Ciresi and Jan M. Conlin of Ciresi Conlin, LLP, 225 S. 6th St., Suite 4600, Minneapolis, MN 55402;

> Anthony J. Nemo and Genevieve M. Zimmerman of Meshbesher & Spence LTD, 1616 Park Avenue South, Minneapolis, MN 55404;

> Ben W. Gordon, J. Michael Papantonio of Levin Papantonio, P.A., 316 S. Baylen Street, Suite 600, Pensacola, FL 32502-5996.

## II.   BACKGROUND

The Plaintiffs in this MDL litigation are patients who allegedly have experienced post-surgical infections and/or other medical complications following orthopedic or general surgery where a Bair Hugger™ patient warming system ("Bair Hugger system") was used.  [Master Long-Form Complaint, ¶¶ 20, 22, attached hereto as Exhibit 1]   The

Bair Hugger system is an FDA-cleared medical device used to warm patients during surgery in order to maintain the patient's normal body temperature.  Plaintiffs allege that the Bair Hugger system caused their post-surgical infections and seek personal injury recovery against Defendants, who Plaintiffs allege designed, manufactured and marketed the Bair Hugger system used in their respective surgeries. [Master Long-Form Complaint, ¶¶ 23, 24]

In support of their allegations, Plaintiffs specifically cite to and rely on a number of scientific studies that allegedly "document[] the adverse effects of the Bair Hugger." *Id.* at ¶¶ 62-63.   These studies were authored by individuals residing in the United States, as well as individuals residing in the United Kingdom ("U.K.").  Defendants contend that they are entitled to discover any information the U.K. Authors have about the studies relied upon by Plaintiffs, because the study authors themselves disclaim any proof of causation within the context of any particular study.

## III.  THE INDIVIDUAL U.K. AUTHORS' RELATIONSHIP WITH PLAINTIFFS AND DEFENDANTS

The U.K. Authors conducted research and published scientific studies relied upon by Plaintiffs in their suit against Defendants.  Plaintiffs' Master Long-Form Complaint specifically cites to these studies in support of their position that such studies "document[] the adverse effects of the Bair Hugger."  [Master Long-Form Complaint, ¶ 62]  Certain of these studies were also discussed by Plaintiffs' counsel and witnesses during Plaintiffs' presentation at a Science Day before this Court.  Plaintiffs will likely attempt to use these studies as evidence at trial.  The Defendants plan to use these studies

to support their defense that the Plaintiffs lack scientific evidence that the Bair Hugger warming blanket causes or increases the risk of surgical site infections.

## IV.   REQUESTED EVIDENCE

In support of their defense in this lawsuit, Defendants request the following evidence from the U.K. Authors:

1.   To take the testimony of each of the U.K. Authors on the topics specific in the attached Appendices A-1 through A-4;

2.   The disclosure of documents specified within the attached Appendices B-1 through B-4, which are believed to be in the possession of each of the U.K. Authors.

Defendants contend that the study authors specifically deny that their studies establish that the Bair Hugger warming blanket causes surgical site infections.  Because Plaintiffs rely on these studies to support their claims, Defendants submit that information in the possession of the U.K. authors about the design, procedures, conduct, data, and findings from the various scientific studies is highly relevant to this dispute and the proper subject of the letters rogatory process.  On information and belief, the U.K. Authors possess documents about design, procedures, conduct, data, and findings from their studies.

After review, this Court has concluded that it is appropriate to seek international judicial assistance to facilitate the production of the requested documents because the requested documents are relevant, are anticipated to be used at trial, are not available

from any other source and cannot be obtained without the assistance of the judicial authorities of the United Kingdom.

**V.      PARTICIPATION IN DEPOSITIONS BY U.S. COUNSEL IS REQUESTED**

Defendants request that you permit the questioning of the witnesses by the trial counsel in the action before this Court, as listed above.  Defendants also request that all original documents provided pursuant to this process be produced for inspection by the Parties at the offices of Faegre Baker Daniels, 7 Pilgrim Street, London, EC4V 6LB, England, or some other place mutually agreeable to the parties, seven days prior to the depositions of witnesses.

Defendants further request that the Court issue its decision on this Request, and notice of the time and place for examination of the witnesses and the production of documents, to this Court and to counsel for Defendants as indicated above.  Defendants further request that you order the examination under oath and appoint an Examiner to oversee the examination of the witnesses concerning the matters listed in the attached Appendices A-1 through A-4 at a place and time to be determined by the Examiner.

**VI.     DISCUSSION**

The United Kingdom and the United States are both signatories to the Hague Convention.  The Study Authors in question here are not parties to this litigation, are believed to be citizens and residents of the United Kingdom and not subject to the jurisdiction of this Court.  Thus, the procedures of the Hague Convention are the only means by which the requested evidence may be obtained.

The Court finds that letters rogatory are appropriate in this case because the requests are narrowly tailored to information that is relevant to its defense and necessary for the presentation of its case.  These requests are described in full in the attached appendices.

The evidence that the Defendants seek from the U.K. Authors is not available from other sources.  The documents requested are the U.K. Authors' own documents and records.  These documents are specific to, and in the exclusive possession of, these individuals.  Therefore, in the interests of justice, international judicial assistance is needed to assure the production of this evidence from the U.K. Authors.

## VII.   REIMBURSEMENT OF COSTS

The Defendants agree to pay and undertake to reimburse any costs and expenses associated with this Request incurred by the Court in executing the same, as well as all reasonable costs and expenses associated with compliance by the witnesses with the Court's Order to the extent permitted or allowed under your law and procedure, or which the Court otherwise deems required under the circumstances.

## VIII.  RECIPROCITY

The requesting Court stands ready and willing to do the same for the courts of the United Kingdom if and when requested.

Witness the Honorable Joan N. Ericksen, Judge of the United States District Court for the District of Minnesota.

Dated: July 11, 2016                         s/Joan N. Ericksen
                                             JOAN N. ERICKSEN, U.S. District Judge

I, Richard D. Sletten, Clerk of this United States District Court, keeper of the records and

seal, certify that the Honorable Joan N. Ericksen named above, is and was on the date noted a Judicial Officer of this Court, duly appointed, sworn and qualified, and that I am well acquainted with the Judicial Officer's official signature and know and certify the above signature to be that of the Judicial Officer.

In testimony whereof I sign my name and affix the seal of this Court at Minneapolis, in Minnesota.

Dated: July 11, 2016

                        s/Richard D. Sletten
                        RICHARD D. SLETTEN, Clerk

I, Joan N. Ericksen, a Judicial Officer of this Court, certify that Richard D. Sletten, named above, is and was on the date noted, Clerk of this Court, duly appointed and sworn, and keeper of the records and seal.

Dated: July 11, 2016                 s/Joan N. Ericksen
                        JOAN N. ERICKSEN, U.S. District Judge