UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE: Bair Hugger Forced Air Warming Products Liability Litigation | MDL No. 2666 (JNE/FLN) |
| This Document Relates to<br><br>*All Cases* | **LETTER OF REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE TO THE APPROPRIATE JUDICIAL AUTHORITIES IN AUSTRALIA** |

The United States District Court for the District of Minnesota presents its compliments to the Principal Registrar of the Supreme Court of Western Australia and requests international judicial assistance for the taking of evidence and the production of documents to be used in a civil proceeding before this Court in the above-captioned matter. This Court requests the assistance described herein as necessary in the interests of justice. The assistance requested is for the Supreme Court of Western Australia to compel by your proper and usual process the below-named individual to submit to providing evidence and producing documents.

- Dr. Kiran Dasari, Royal Perth Hospital, 197 Wellington Street, Perth WA 6000 Australia ("Dr. Dasari")

Dr. Dasari is a nonparty to the above-captioned litigation and is material and necessary to aid in the resolution of the matter.

This Court affirms that:

1. This Letter of Request is sent to the Principal Registrar of the Supreme Court of Western Australia, by the United States District Court for the District of Minnesota pursuant to, and in conformity with 28 U.S.C. § 1781, Article III of the Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, the Hague, 18 March 1970, and Australian law;

2. The requesting Court is a competent court in both law and equity, has jurisdiction over this action, and has the authority to compel the appearance of and production of documents by corporations and individuals within its jurisdiction;

3. This request is issued pursuant to the rules and procedures applicable within this Court's jurisdiction; and

4. The documents and evidence sought are relevant to the matters at issue in this action, are anticipated to be used at trial, are not available from any other source, and cannot be obtained without the assistance of the Supreme Court of Western Australia.

In light of international law and the comity that exists between the United States and Australia, the undersigned respectfully issues this Letter of Request for international assistance. The requesting Court provides the additional information below in support of its request.

## I.  THE PARTIES AND THEIR REPRESENTATIVES

The defendants are the 3M™ and Arizant Healthcare Inc. ("Defendants"), the designers and manufacturers of the Bair Hugger™ patient warming system ("Bair Hugger system"). Defendants are represented by:

>Jerry W. Blackwell, Corey L. Gordon, and Peter J. Goss of Blackwell Burke, P.A., 431 South Seventh Street, Suite 2500, Minneapolis, MN 55415.
>
>Bridget M. Ahmann and Christin Eaton Garcia of Faegre Baker Daniels LLP, 2200 Wells Fargo Center, 90 South Seventh Street, Minneapolis, MN 55402.

The Plaintiffs in the proceedings are patients who allegedly suffered infections while receiving surgical warming from the Bair Hugger system. Plaintiffs are represented by:

>*Co-Lead Counsel:*
>
>>Michael V. Ciresi and Jan M. Conlin of Ciresi Conlin, LLP, 225 S. 6th St., Suite 4600, Minneapolis, MN 55402;
>>
>>Anthony J. Nemo and Genevieve M. Zimmerman of Meshbesher & Spence LTD, 1616 Park Avenue South, Minneapolis, MN 55404;
>>
>>Ben W. Gordon, J. Michael Papantonio of Levin Papantonio, P.A., 316 S. Baylen Street, Suite 600, Pensacola, FL 32502-5996.

## II.  BACKGROUND

The Plaintiffs in this MDL litigation are patients who allegedly have experienced post-surgical infections and/or other medical complications following orthopedic or general surgery where a Bair Hugger™ patient warming system ("Bair Hugger system") was used. [Master Long-Form Complaint, ¶¶ 20, 22, attached hereto as Exhibit 1.] The Bair Hugger system is an FDA-cleared medical device used to warm patients during surgery in order to maintain the patient's normal body temperature. Plaintiffs allege that the Bair Hugger system caused their post-surgical infections and seek personal injury recovery against Defendants, who Plaintiffs allege designed, manufactured and marketed

3

the Bair Hugger system used in their respective surgeries.  [Master Long-Form Complaint, ¶¶ 23, 24.]

In support of their allegations, Plaintiffs specifically cite and rely on a number of scientific studies that allegedly "document[] the adverse effects of the Bair Hugger." *Id.* at ¶¶ 62-63.  These studies were authored by individuals residing in the United States, as well as individuals residing in the United Kingdom and now Australia.  Defendants contend that they are entitled to seek evidence and obtain documents that these authors have about the studies relied upon by Plaintiffs, because the study authors themselves disclaim any proof of causation within the context of any particular study.

## III. THE AUTHOR'S RELATIONSHIP WITH PLAINTIFFS AND DEFENDANTS

Dr. Dasari conducted research and published one scientific study relied upon by Plaintiffs in their suit against Defendants.  Plaintiffs' Master Long-Form Complaint specifically cites to this and other studies in support of their position that such studies "document[] the adverse effects of the Bair Hugger."  [Master Long-Form Complaint, ¶ 62]  Certain of these studies were also discussed by Plaintiffs' counsel and witnesses during Plaintiffs' presentation at a Science Day before this Court.  Plaintiffs will likely attempt to use these studies as evidence at trial.  The Defendants plan to use these studies to support their defense that the Plaintiffs lack scientific evidence that the Bair Hugger warming blanket causes or increases the risk of surgical site infections.

4

## IV.    REQUESTED EVIDENCE

In support of their defense in this lawsuit, Defendants request the following from Dr. Dasari:

1. evidence on the topics specific in the attached Appendix A;

2. for him to produce the documents specified within the attached Appendix B, which are believed to be in Dr. Dasari's possession custody and control.

Defendants contend that the study authors specifically deny that their studies establish that the Bair Hugger warming blanket causes surgical site infections.  Because Plaintiffs' rely on these studies, Defendants submit that information in Dr. Dasari's possession about the design, procedures, conduct, data, and findings from the various scientific studies is highly relevant to this dispute and the proper subject of the letters rogatory process.  On information and belief, Dr. Dasari possesses documents about design, procedures, conduct, data, and findings from their studies.

After review, this Court has concluded that it is appropriate to seek international judicial assistance to facilitate the taking of evidence and the production of the requested documents because the requested documents are relevant, are anticipated to be used at trial, are not available from any other source and cannot be obtained without the assistance of the Supreme Court of Western Australia.

## V.    PARTICIPATION IN DEPOSITIONS BY U.S. COUNSEL IS REQUESTED

Defendants request that:

1. All original documents provided pursuant to this process be produced for inspection (and copies be allowed to be made) by Defendants at a location to be determined in or nearby around Perth, Australia, or some other place mutually agreeable to the parties, seven (7) days prior to the date appointed for the taking of evidence from Dr. Dasari;

2. The Court order that there be examination under oath and that the examination be transcribed, and that the Court appoint any necessary official to oversee the examination of the witness concerning the matters listed in the attached Appendix A at a place and time to be determined; and

3. The parties have leave to participate in the examination by their counsel in the United States of America and legal practitioners of the Supreme Court of Western Australia.

## VI. DISCUSSION

Australia and the United States are both signatories to the Hague Convention. Dr. Dasari is not a party to this litigation, is believed to be a resident of Australia and is subject to the jurisdiction of the Supreme Court of Western Australia. Thus, the procedures of the Hague Convention are the only means by which the requested evidence may be obtained.

The Court finds that letters rogatory are appropriate in this case because Defendants' requests are narrowly tailored to information that is relevant to its defense and necessary for the presentation of its case. These requests are described in full in Appendices A and B.

The evidence that Defendants seek from Dr. Dasari is not available from other sources. The documents requested are his own documents and records. These documents are specific to, and in the exclusive possession of Dr. Dasari. Therefore, in the interests of justice, international judicial assistance is needed to assure the production of this evidence from Dr. Dasari.

## VII. REIMBURSEMENT OF COSTS

Defendants agree to pay and undertake to reimburse any costs and expenses associated with this Request incurred by the Court in executing the same, as well as all reasonable costs and expenses associated with compliance by the witnesses and Plaintiffs with the Court's Order to the extent permitted or allowed under your law and procedure, or which the Court otherwise deems required under the circumstances.

## VIII. RECIPROCITY

The requesting Court stands ready and willing to do the same for the courts of Australia if and when requested.

Witness the Honorable Joan N. Ericksen, Judge of the United States District Court for the District of Minnesota.

Dated: August 3, 2016            s/Joan N. Ericksen
                                 JOAN N. ERICKSEN, U.S. District Judge

I, Richard D. Sletten, Clerk of this United States District Court, keeper of the records and seal, certify that the Honorable Joan N. Ericksen named above, is and was on the date noted a Judicial Officer of this Court, duly appointed, sworn and qualified, and that I am well acquainted with the Judicial Officer's official signature and know and

certify the above signature to be that of the Judicial Officer.

In testimony whereof I sign my name and affix the seal of this Court at Minneapolis, in Minnesota.

Dated: August 3, 2016

 s/Richard D. Sletten               
RICHARD D. SLETTEN, Clerk

I, Joan N. Ericksen, a Judicial Officer of this Court, certify that Richard D. Sletten, named above, is and was on the date noted, Clerk of this Court, duly appointed and sworn, and keeper of the records and seal.

Dated: August 3, 2016           s/Joan N. Ericksen            
                                JOAN N. ERICKSEN, U.S. District Judge