UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

In re: BAIR HUGGER FORCED AIR　　　　　　MDL No. 15-2666 (JNE/FLN)
WARMING DEVICES PRODUCTS
LIABILITY LITIGATION

**ORDER**

---

Ben Gordon, Genevieve Zimmerman, and Michael Ciresi, Co-Lead Counsel for Plaintiffs.
Jerry Blackwell, Lead Counsel for Defendants.

---

**THIS MATTER** came before the Court on September 8, 2016 on Plaintiffs' concerns that Defendants have not satisfied their obligations under the Federal Rules of Civil Procedure to identify custodians whose documents must be searched in response to discovery requests. Pls.' Brief, ECF No. 104. At the August 18, 2016 Status Conference, the Court ordered the parties to address the following questions:

1. Whether defendants' process for identifying custodians whose documents must be fully searched satisfies defendants' obligations under the Federal Rules of Civil Procedure;

2. If not, what more must defendants do to identify the universe of custodians whose documents must be fully searched; and

3. Regardless of the process, whether the custodians that have been identified fully satisfy defendants' discovery obligations under the Federal Rules of Civil Procedure.

*Id.*; Minutes, ECF No. 94.

Under the Federal Rules of Civil Procedure, and Pretrial Order No. 12 (Computer Assisted Review Protocol), Defendants have an obligation to independently identify documents and document custodians likely to have documents and knowledge responsive to discovery requests, as Plaintiffs generally have no way of knowing this information. Fed. R. Civ. P. 26. Plaintiffs

contend that Defendants have been overly reliant on Plaintiffs to identify document custodians, and have failed in their independent obligation to seek out individuals and documents likely to be responsive to discovery requests.

Defendants contend they had reached an agreement with Plaintiffs regarding a manageable number of custodians whose documents would be fully searched including pursuant to Pretrial Order No. 12. In any event, Defendants also contend that they have fully complied with their obligations under the Federal Rules of Civil Procedure and Pretrial Order No. 12 to identify individuals whose documents are likely to be responsive to discovery requests.

Through a meet and confer process, the parties eventually identified twenty-four custodians whose documents defendants agreed to fully search pursuant to Pretrial Order No. 12. Plaintiffs later identified an additional two custodians whose documents Defendants also agreed to search. Defs.' Brief, ECF No. 102; Defs.' App'x, ECF No. 103.

Independent of the foregoing agreements, Defendant interviewed twenty-five individuals regarding who might have responsive documents. In a list prepared in response to the Court's Order at the September 8, 2016 status conference, Defendant identified these 25 individuals, that it represented to the Court that it independently interviewed. Among the people interviewed are representatives from Research and Development, Regulatory, as well as Marketing, Sales, and Product Management.

The Court concludes, that in light of the list of twenty-six custodians whose documents the Defendants have agreed to search together with the twenty-five independent custodian interviews they conducted, the Court cannot say that Defendants have failed to meet their obligations under the Federal Rules of Civil Procedure and Pretrial Order No. 12. The Court's conclusion in

this regard is, of course, subject to Defendants' continuing obligation to timely supplement their disclosures and discovery responses, to the extent new custodians are discovered to have responsive documents. Fed. R. Civ. P. 26(e). [1]

In response to the Third question posed at the September 18, Status Conference, after reviewing the list of individuals interviewed by Defendants, together with the 26 custodians Defendants have agreed to fully search (including pursuant to the Computer Assisted Review Protocol in Pretrial Order No. 12) and based upon the foregoing, and all of the files, records, and proceedings herein,  the Court is unable to say that the Defendants have failed to satisfy their discovery obligations under the Federal Rules of Civil Procedure and Pretrial Order No. 12.  The parties are reminded of their continuing obligation to timely supplement, pursuant to Rule 26(e), whenever any information covered by that Rule, from any source comes to their attention. In light of this conclusion, the Court need not answer the first two questions posed at the August 18 Status Conference.

DATED: September 13, 2016

                                                                                 *s/Joan N. Ericksen*_____
                                                                                 JOAN N. ERICKSEN
                                                                                 United States District Judge

                                                                                 *s/Franklin L. Noel*_____
                                                                                 FRANKLIN L. NOEL
                                                                                 United States Magistrate Judge

---

[1] Indeed, after Defendants submitted the list of 25 individuals they contend were interviewed, Plaintiffs sent the Court an e-mail in which it contends that one of the 25 was in fact only added to the list after Plaintiff identified her on August 17.  Defendants have a continuing duty to supplement under Rule 26(e) whenever information covered by that Rule, comes to their attention from any source.