## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

In re: BAIR HUGGER FORCED AIR WARMING PRODUCTS LIABILITY LITIGATION

MDL No. 15-2666 (JNE/FLN)

This Document Relates To:
All Actions

**PRETRIAL ORDER NO. 14:
Plaintiff Fact Sheet and Service Protocol**

1. This Order governs the form and service for the Plaintiff Fact Sheet ("PFS") and Authorizations to be completed by all named Plaintiffs in all cases filed in or transferred to this MDL proceeding.

2. Each Plaintiff shall serve Defendants' lead counsel electronically, pursuant to an electronic service procedure to be agreed to by the parties, a completed and signed PFS in PDF format answering the questions posed in Exhibit A, completed and signed medical authorization (using the form attached as Exhibit B), and any responsive documents, in accordance with the schedule ordered by the Court in its Amended Scheduling Order, Pretrial Order No. 13 (and any amendments thereto). Thus, each Plaintiff who has a case pending in this MDL as of the date of this Order shall serve a completed and signed PFS, together with a completed and signed authorization and responsive documents, within 90 days of the date of this Order. For those Plaintiffs who commence their actions after the date of this Order or whose cases are transferred to this MDL proceeding after the date of this Order, a completed and signed PFS, and a completed and signed authorization and

responsive documents, shall be served no later than 90 days after the filing of their complaint or short-form complaint, or completed transfer of their case to this MDL proceeding, whichever is later.

3. The information contained in each PFS shall be verified by the responding Plaintiff under oath.  Plaintiffs' responses shall be treated as answers to interrogatories under Fed. R. Civ. P. 33 and requests for production of documents under Fed. R. Civ. P. 34.  Each PFS shall be signed and dated by the Plaintiff or the proper Plaintiff representative under penalty of perjury; however, they need not be notarized.  Each authorization shall be signed and dated by the Plaintiff or the proper Plaintiff representative.

4. Within four (4) weeks of receipt of a PFS, Defendants shall notify the individual Plaintiff's counsel of any core deficiencies, defined as a lack of response to all questions in Section I, Section II, and Section III; Section IV, questions 1, 3, 7, 8, 9, 10; Section V, questions 5, 6, and 7; Section VI, questions 1, 3, 6, 7, 8, and 9; Section VII, questions 1 and 2; Section 8, question 2; Section IX, questions 1, 3, and 4; or lack of signed medical authorizations, via e-mail and U.S. Mail.  Co-Lead Counsel shall be copied on the email deficiency notice at an address or addresses designated by Co-Lead Counsel.

5. If a deficiency letter is timely sent, and absent valid explanation or dispute by the Plaintiff, the case shall be excluded from the bellwether pool until the core deficiencies are remedied.

6. The individual Plaintiff's counsel shall respond in writing within three (3) weeks of the date of service of Defendants' deficiency letter by either (1) curing the alleged deficiencies; (2) disputing the alleged deficiencies and setting forth reasons the PFS is not deficient; or (3) explaining why the alleged deficiencies cannot be timely cured.

7. If the dispute cannot be resolved through the meet and confer process, Defendants may put the dispute on the court conference agenda. No case shall be deemed "deficient" before the matter is addressed to the Court.

8. If a case appears on the agenda for two sequential court conferences without resolution, Defendants may make a motion for dismissal for failure to comply with this Court's Pretrial Order as to the allegedly delinquent party. The parties' prior dealings shall be deemed to satisfy the meet and confer requirements of the Local Rules and no additional meet and confer will be required prior to filing. Defendants shall file that motion 14 days in advance of a court conference; plaintiff shall respond 7 days in advance; and the matter shall be heard at the court conference.

9. Deficiencies other than core deficiencies shall be addressed through a meet and confer process between Defendants and individual Plaintiff's counsel. The procedure for bringing unresolved non-core deficiencies to the Court's attention shall be addressed as part of the bellwether selection protocol, but the existence of such non-core deficiencies shall not be grounds for exclusion of the Plaintiff from the overall bellwether pool.

IT IS SO ORDERED.

Dated:  September 27, 2016        s/ Joan N. Ericksen
                                  JOAN N. ERICKSEN
                                  United States District Judge