# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA

# IDR HEARING

IN RE: Bair Hugger Forced Air Warming Devices
Products Liability Litigation

**COURT MINUTES**
BEFORE: Franklin L. Noel
U.S. Magistrate Judge, Courtroom 9W

| | |
|---|---|
| MDL No.: | 15-2666 (JNE/FLN) |
| Date: | October 6, 2016 |
| Court Reporter: | Staci Heichert |
| Time Commenced: | 1:06 p.m. |
| Time Concluded: | 3:15 p.m. |
| Time in Court: | 2 hours & 9 minutes |

APPEARANCES:

For Plaintiffs: Ben Gordon, Genevieve Zimmerman, Gabriel Assaad, Behram Parekh, and Jan Conlin
For Defendant 3M: Ben Hulse, Corey Gordon, and Bridget Ahmann

**The parties submitted four issues each along with respective positions for informal resolution.**

**3M Issue #1:** Interrogatory Requests 2 and 6 do not call for disclosure of expert information but merely ask Plaintiffs to identify any scientific methodology. Plaintiffs should answer each of these questions without disclosing the content of any such tests or methodologies. Plaintiffs' objection that the requests are premature should be overruled.

**3M Issue #2:** Plaintiffs' objection that Interrogatory Requests 3 and 8 and Document Requests 4 and 25 are overbroad and unduly burdensome should be overruled. To the extent Plaintiffs have only responded as it relates to Plaintiffs' executive committee, that is not sufficient. These requests should be communicated to and responded to on behalf of all Plaintiffs' counsel. This is not inconsistent with Plaintiffs' willingness to poll and pass on Interrogatory and Document Requests and produce answers. Plaintiffs have volunteered to communicate with all of Plaintiffs' counsel and to produce any responses received by the next status conference. To the extent privilege objections are asserted, there is not enough information in the record presented to be able to render an opinion.

**3M Issue #3:** If either party wants a ruling on privilege, it should be the subject of formal motions practice. There is not an adequate record before the Court to make a privilege determination. However, any communications prior to filing of *Walton* should be asserted in a privilege log in response to discovery requests so that privilege could be determined. If the parties disagree on whether communications are protected by Pretrial Order No. 11 (ECF No. 51), the procedure is governed by paragraph B.

**3M Issue #4:** Anything responsive to requests should be produced other than documents previously produced by 3M to Plaintiffs.

**Plaintiffs Issue #1:** Defendant should produce a sample of 1,000 documents per database at issue, which Plaintiffs will then use to come up with a list of keywords to be run against the entire database. The sample should be generated on a rolling basis over the course of the next two weeks.

**UK Depositions: It is not a foregone conclusion that the previously scheduled depositions are not going to happen so it would be premature to order attorneys' fees incurred. Travel to London should be compensated to some degree for which 3M has volunteered to cover one-quarter of the expenses for the two lawyers who were there. Fairness would dictate that 3M pay for the entire travel expenses for one lawyer. As the depositions may still be taken, there is no need to pay attorneys' fees associated with depositions because that preparation was not wasted.**

**Plaintiffs Issue #3: Customer lists do not need to be produced because not relevant to issues in the case. Defendant's objection is well-founded.**

**Plaintiffs Issue #4: 3M is in the process of going through these tapes with the vendor and determining what is on them. The index will be available from the vendor within two weeks. Following the availability of the index, the parties will be able to have a more informed discussion. Parties will report the status of the index to the Court at the next status conference.**

☐ ORDER TO BE ISSUED     ☒ NO ORDER TO BE ISSUED     ☐ R&R TO BE ISSUED     ☒ NO R&R TO BE ISSUED

☐ Exhibits retained by the Court     ☐ Exhibits returned to counsel

                                                                                               s/CH
                                                                     Signature of Law Clerk

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA

# IDR HEARING

IN RE: Bair Hugger Forced Air Warming Devices
Products Liability Litigation

**COURT MINUTES**
BEFORE: Franklin L. Noel
U.S. Magistrate Judge, Courtroom 9W

| | |
|---|---|
| MDL No.: | 15-2666 (JNE/FLN) |
| Date: | October 6, 2016 |
| Court Reporter: | Staci Heichert |
| Time Commenced: | 1:06 p.m. |
| Time Concluded: | 3:15 p.m. |
| Time in Court: | 2 hours & 9 minutes |

APPEARANCES:

For Plaintiffs: Ben Gordon, Genevieve Zimmerman, Gabriel Assaad, Behram Parekh, and Jan Conlin
For Defendant 3M: Ben Hulse, Corey Gordon, and Bridget Ahmann

**The parties submitted four issues each along with respective positions for informal resolution.**

**3M Issue #1: Interrogatory Requests 2 and 6 do not call for disclosure of expert information but merely ask Plaintiffs to identify any scientific methodology. Plaintiffs should answer each of these questions without disclosing the content of any such tests or methodologies. Plaintiffs' objection that the requests are premature should be overruled.**

**3M Issue #2: Plaintiffs' objection that Interrogatory Requests 3 and 8 and Document Requests 4 and 25 are overbroad and unduly burdensome should be overruled. To the extent Plaintiffs have only responded as it relates to Plaintiffs' executive committee, that is not sufficient. These requests should be communicated to and responded to on behalf of all Plaintiffs' counsel. This is not inconsistent with Plaintiffs' willingness to poll and pass on Interrogatory and Document Requests and produce answers. Plaintiffs have volunteered to communicate with all of Plaintiffs' counsel and to produce any responses received by the next status conference. To the extent privilege objections are asserted, there is not enough information in the record presented to be able to render an opinion.**

**3M Issue #3: If either party wants a ruling on privilege, it should be the subject of formal motions practice. There is not an adequate record before the Court to make a privilege determination. However, any communications prior to filing of *Walton* should be asserted in a privilege log in response to discovery requests so that privilege could be determined. If the parties disagree on whether communications are protected by Pretrial Order No. 11 (ECF No. 51), the procedure is governed by paragraph B.**

**3M Issue #4: Anything responsive to requests should be produced other than documents previously produced by 3M to Plaintiffs.**

**Plaintiffs Issue #1: Defendant should produce a sample of 1,000 documents per database at issue, which Plaintiffs will then use to come up with a list of keywords to be run against the entire database. The sample should be generated on a rolling basis over the course of the next two weeks.**

**UK Depositions:** It is not a foregone conclusion that the previously scheduled depositions are not going to happen so it would be premature to order attorneys' fees incurred. Travel to London should be compensated to some degree for which 3M has volunteered to cover one-quarter of the expenses for the two lawyers who were there. Fairness would dictate that 3M pay for the entire travel expenses for one lawyer. As the depositions may still be taken, there is no need to pay attorneys' fees associated with depositions because that preparation was not wasted.

**Plaintiffs Issue #3:** Customer lists do not need to be produced because not relevant to issues in the case. Defendant's objection is well-founded.

**Plaintiffs Issue #4:** 3M is in the process of going through these tapes with the vendor and determining what is on them. The index will be available from the vendor within two weeks. Following the availability of the index, the parties will be able to have a more informed discussion. Parties will report the status of the index to the Court at the next status conference.

☐ ORDER TO BE ISSUED    ☒ NO ORDER TO BE ISSUED    ☐ R&R TO BE ISSUED    ☒ NO R&R TO BE ISSUED

☐ Exhibits retained by the Court    ☐ Exhibits returned to counsel

                                                                                                      s/CH
                                                                             Signature of Law Clerk

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA

# IDR HEARING

IN RE: Bair Hugger Forced Air Warming Devices
Products Liability Litigation

**COURT MINUTES**
BEFORE: Franklin L. Noel
U.S. Magistrate Judge, Courtroom 9W

| | |
|---|---|
| MDL No.: | 15-2666 (JNE/FLN) |
| Date: | October 6, 2016 |
| Court Reporter: | Staci Heichert |
| Time Commenced: | 1:06 p.m. |
| Time Concluded: | 3:15 p.m. |
| Time in Court: | 2 hours & 9 minutes |

APPEARANCES:

For Plaintiffs: Ben Gordon, Genevieve Zimmerman, Gabriel Assaad, Behram Parekh, and Jan Conlin
For Defendant 3M: Ben Hulse, Corey Gordon, and Bridget Ahmann

**The parties submitted four issues each along with respective positions for informal resolution.**

**3M Issue #1:** Interrogatory Requests 2 and 6 do not call for disclosure of expert information but merely ask Plaintiffs to identify any scientific methodology. Plaintiffs should answer each of these questions without disclosing the content of any such tests or methodologies. Plaintiffs' objection that the requests are premature should be overruled.

**3M Issue #2:** Plaintiffs' objection that Interrogatory Requests 3 and 8 and Document Requests 4 and 25 are overbroad and unduly burdensome should be overruled. To the extent Plaintiffs have only responded as it relates to Plaintiffs' executive committee, that is not sufficient. These requests should be communicated to and responded to on behalf of all Plaintiffs' counsel. This is not inconsistent with Plaintiffs' willingness to poll and pass on Interrogatory and Document Requests and produce answers. Plaintiffs have volunteered to communicate with all of Plaintiffs' counsel and to produce any responses received by the next status conference. To the extent privilege objections are asserted, there is not enough information in the record presented to be able to render an opinion.

**3M Issue #3:** If either party wants a ruling on privilege, it should be the subject of formal motions practice. There is not an adequate record before the Court to make a privilege determination. However, any communications prior to filing of *Walton* should be asserted in a privilege log in response to discovery requests so that privilege could be determined. If the parties disagree on whether communications are protected by Pretrial Order No. 11 (ECF No. 51), the procedure is governed by paragraph B.

**3M Issue #4:** Anything responsive to requests should be produced other than documents previously produced by 3M to Plaintiffs.

**Plaintiffs Issue #1:** Defendant should produce a sample of 1,000 documents per database at issue, which Plaintiffs will then use to come up with a list of keywords to be run against the entire database. The sample should be generated on a rolling basis over the course of the next two weeks.

**UK Depositions:** It is not a foregone conclusion that the previously scheduled depositions are not going to happen so it would be premature to order attorneys' fees incurred. Travel to London should be compensated to some degree for which 3M has volunteered to cover one-quarter of the expenses for the two lawyers who were there. Fairness would dictate that 3M pay for the entire travel expenses for one lawyer. As the depositions may still be taken, there is no need to pay attorneys' fees associated with depositions because that preparation was not wasted.

**Plaintiffs Issue #3:** Customer lists do not need to be produced because not relevant to issues in the case. Defendant's objection is well-founded.

**Plaintiffs Issue #4:** 3M is in the process of going through these tapes with the vendor and determining what is on them. The index will be available from the vendor within two weeks. Following the availability of the index, the parties will be able to have a more informed discussion. Parties will report the status of the index to the Court at the next status conference.

☐ ORDER TO BE ISSUED     ☒ NO ORDER TO BE ISSUED     ☐ R&R TO BE ISSUED     ☒ NO R&R TO BE ISSUED

☐ Exhibits retained by the Court     ☐ Exhibits returned to counsel

    s/CH
Signature of Law Clerk