# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE: Bair Hugger Forced Air Warming Products Liability Litigation | MDL No. 15-2666 (JNE/FLN) |
| This Document Relates to<br><br>*All Cases* | DECLARATION OF MICAH HINES IN SUPPORT OF MOTION TO COMPEL THIRD PARTY AUGUSTINE ENTITIES TO PRODUCE DOCUMENTS IN RESPONSE TO SUBPOENAS |

Micah Hines, being first duly sworn, deposes and says:

1.  I am one of the attorneys representing 3M Company ("3M") and Arizant Healthcare Inc. ("Arizant") (collectively "Defendants") in this litigation.

2.  On June 7, 2016, Defendants served subpoenas on Augustine and the related entities (collectively "Augustine"), and on June 8, 2016, Mr. Benham accepted service of the subpoenas.

3.  As of July 13, 2016, Augustine had not produced any documents responsive to Defendants' June 7, 2016 subpoenas. Accordingly, I sent Mr. Benham a letter that day, requesting the date by which he would produce documents, and a meet and confer to discuss the written responses and objections he had provided.

4.  On July 14, 2016, Mr. Benham produced four one-page documents which were labeled responsive to Request 15 of Defendants' subpoenas.

5.  Other counsel for Defendants and I met and conferred with, and I exchanged correspondence with, Mr. Benham concerning his search for and production

of documents, including Electronically Stored Information (ESI); Augustine and the entities' social media activities; the privilege log; documents relating to testing, studies, videos, photos, research and data on the Bair Hugger system, including information relating to the alleged safety risks of the Bair Hugger system, as well as information that is relevant to the litigation; documents relating to the HotDog Patient Warming System as an alternative design; and documents relating to Augustine and his entities' connections and communications to study authors, regulatory agencies, journals, healthcare entities, healthcare providers and key individuals. The meet and confers were held on July 20, July 21, August 9, October 20 and October 24, 2016.

6. From approximately July 20 through August 2, 2016, Mr. Benham produced a large volume of documents, which were labeled responsive to Request 47 of Defendants' subpoenas. The production contained very few emails.

7. Counsel for Defendants asked Mr. Benham during meet and confers, and through written correspondence, whether and how he searched for ESI, including emails. However, Mr. Benham has not provided all of the information requested.

    a. In an email dated July 27, 2016, I asked Mr. Benham to confirm whether he conducted or planned to conduct a search for ESI and if so, to provide a description of his efforts. Although Mr. Benham responded to the email, he did not respond to the question concerning ESI.

    b. In a letter to Mr. Benham dated October 17, 2016, I asked:

Have you searched Electronically Stored Information (ESI)? If so, we ask that you describe your process and efforts, identify the key words you used during your search, and provide the names of the individuals whose documents you searched. In addition, for each

individual, please state whether you searched their desktops, email, computer and/or other files.

In an email dated October 19, 2016, Mr. Benham responded:

Given that virtually all of the documents I have produced have been electronic, it is clear that I have searched my client's electronic files. I am unaware, however, that I have an obligation to respond to the extra-judicial interrogatories contained in your letter. If I am incorrect, please provide case or FRCP citations.

c. During meet and confers on October 20 and 24, counsel for Defendants again asked Mr. Benham whether he searched ESI, including emails. He stated that he searched emails, acted reasonably and absent any specific obligation, he would not provide answers to the questions regarding ESI set forth in the my letter dated October 17, 2016. On October 21, 2016, I sent Mr. Benham an email confirming the above statements.

8. Despite multiple meet and confers, counsel for Defendants and counsel for Augustine have not been able to resolve their differences concerning Augustine's search for and production of documents on the topics set forth above.

9. I submit this declaration in support of Defendants' Motion to Compel Third Party Augustine Entities to Produce Documents in Response to Subpoenas.

Pursuant to 28 U.S.C. § 1746(2), I declare under penalty of perjury that the foregoing is true and correct. Executed on November 3, 2016

                                                                                  _____
                                                                                  Micah Hines

US.108742326.01