UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

In re: BAIR HUGGER FORCED AIR          MDL No 15-2666 (JNE/FLN)
WARMING DEVICES PRODUCTS
LIABILITY LITIGATION

**AFFIDAVIT OF J. RANDALL BENHAM**

This Document Relates to:
All Actions

1. My name is J. Randall Benham, and I am an attorney licensed to practice in Minnesota's state and federal courts. I am general counsel of Augustine Biomedical + Design LLC ("ABD"), and I perform a similar function for other business entities affiliated with ABD, including Augustine Temperature Management LLC and the other entities subject to Defendants' Motion to Compel. I also represent Dr. Scott Augustine, Chief Executive Officer of the various Augustine-related entities. The entities I represent shall be referred to hereafter as "Augustine."

2. The facts contained herein are within my personal knowledge (except when stated as being on information and belief) and are true and correct.

3. When Augustine was served with document discovery—first in April 2015 and them in 2016-- it was quickly determined that Augustine could not afford to engage outside counsel to locate, review and produce responsive documents. I was tasked with this duty. I informed all relevant parties of their obligations to preserve potentially responsive documents. After determining which document demands would be

objected to and which would be accepted, I took the actions specified below, among others.

4. I collected Dr. Augustine's paper files, reviewed them personally, and produced all responsive documents.

5. I consulted with Andreas Deibel, the Augustine employee who has variously been in charge of manufacturing, engineering, research-and-development and other technical aspects of the business, regarding files and locations that might contain documents relating to the "laminar flow" laboratory involved in the videos and research referenced by 3M's discovery. I reviewed all of the electronic files identified by Mr. Deibel and produced all responsive documents.

6. I supervised the restoration by an outside IT consultant of a computer returned to Augustine unsolicited by former employee Mark Albrecht. According to Mr. Deibel, Mr. Albrecht simply called one day to say that he had discovered the computer and was unable to access the files because he had forgotten the password. The next day—or at least shorty thereafter—the computer was left on Augustine's loading dock

7. No one at Augustine possessed the password. After significant effort, an outside IT consultant was able to access the files. I worked with Brent Augustine to review and produce all responsive documents on the computer that Mr. Albrecht returned.

8. Based on my position as general counsel and my knowledge of the responsibilities of the various Augustine employees, I determined which persons might possess documents responsive to the demands from 3M. For example, only Mr. Grewe (and former employee Elaina Reinke, whose files Mr. Grewe possessed) would possess marketing emails, social media posts and other communications demanded by 3M. I



Augustine Temperature Mgmt
6581 City West Parkway
Eden Prairie    MN    55344

(952) 465-3500    +31 13 5479366 (Int'l)
(952) 465-3501 (Fax)    +31 20 7998032 (Int'l Fax)

# SALES ACKNOWLEDGEMENT

| Order # | Order Date | Page |
|---|---|---|
| 20122192 | 11/9/2016 | 1 |

**Bill To:**

St. Lukes Boise Medical CNTR
St Lukes Health System
190 E Bannock
Boise, ID  83712
US

Nick Stutzman
230-838-1896
accountspayable@slhs.org

**Ship To:**

McCall Medical Center
McCall Medical center
1010 State Street
McCall, ID  83638
US

Nick Stutzman
230-838-1896
nicholasp@slhs.org

| CUSTOMER PO NUMBER | PAYMENT TERMS | SHIP VIA | SHIPPING TERMS |
|---|---|---|---|
| RMA 80003299/WR | Net 30 | UPS Ground | Destination |

| ORDERED BY | SALES REPRESENTATIVE | ORDER DATE | OUR ORDER # | CUSTOMER ID |
|---|---|---|---|---|
| Nick Poirier | Cynthia Warren | 11/9/2016 | 20122192 | St LUKES 83712 |

| LN | DL | QUANTITY ORDERED | DUE DATE | PART IDENTIFIER | DESCRIPTION COMMENTS | UNIT | UNIT PRICE | EXTENDED PRICE |
|---|---|---|---|---|---|---|---|---|
| 01 | 01 | 2.00 | 11/9/2016 | U102 | Underbody Mattress, 20 x 50 | EA | 0.0000 | $ 0.0000 |
| | | | | | Total | | $ | 0.00 |

\* Sales Acknowledgement does not include applicable taxes, tariffs or freight.

INV:accountspayable@slhs.org

requested that such person provide any responsive documents to me, reviewed them, and produced them appropriately.

9. As regards emails to or from the many persons and organizations identified by 3M, I did not search every computer of every Augustine employee. As explained above, I used my knowledge of the business and the roles of the various employees, discussed the matter with employees who might possess emails, reviewed any emails that they possessed, and produced them.

10. Although I have not formally kept track of my time, I estimate that I have spent no less than 100 hours collecting documents, reviewing documents, negotiating with 3M's counsel and producing documents. I work an abbreviated Monday-Thursday schedule, so this constitutes more than three weeks of my time.

11. My intention has been to produce documents within the parameters of the Court's previous order as well as those responsive to any new, unobjectionable demands. While I not been able to track the number of documents produced through Bates-stamping, I am confident that I have produced several thousand documents—perhaps as many as 15,000 according to the Bates-stamped documents provided to me for confidentiality review.

12. Because the Blackwell firm, which replaced Greenberg Taurig, was initially unwilling to provide a "drop-box" so I could upload large files directly to its computer, I was forced to break the one portion of the production into 74 separate emails, each of which took several minutes to upload. Supervising this production took several hours and stretched over more than one day. Finally Blackwell allowed me more direct

3

access to a server that could accept large files, and even more documents were produced.

13. At the request of 3M's counsel, I reviewed each of several thousand documents (the Bates numbers suggest at least 15,000) that were initially designated as "Confidential-Attorneys Eyes Only." I was able to remove the designation from significant numbers of documents, stating in an email dated September 8, 2016 as follows:

**Category 1:** Documents that have been published either broadly or to your client. These documents include the following Bates numbers:

2306-67, 3205-12, 3520-27, 4126-35, 4137-55, 4408-14, 4417-26, 4429-34, 4482-4, 4486-91, 4643, 4645-52, 5735-6, 6786-91, 7390-413, 7418, 7423, 7428, 7433, 7438, 7443, 7448, 7453, 7458-61, 7466-69, 7476-79, 7559-61, 7565-66, 7635, 7640, 7645, 7650, 7655, 7660, 7665, 7670-73, 7678-81, 7802, 7807, 7812, 7817, 7822, 7832-35, 7839-42, 7918-21, 8270, 8275, 8281, 8286, 8291, 8296, 8301, 8306-9, 8322-34, 8761, 8766, 8771, 8776, 8781, 8786, 8791, 8796, 8815-18, 9042-92, 9100-4, 9139-10, 9115, 9120, 9125, 9130, 9135, 9140, 9145-52, 9371-4, 9379, 9384, 9389, 9394, 9399, 9404, 9409, 9414, 9418-25, 9847-54, 10164-71, 10749, 10754, 10759, 10764, 10769, 10774, 10779, 10784-87, 10791-94, 10801-04, 11659-61, 11837, 12258-83, 12353-70, 12372, 12651-12815, 12852-63, 12869-76, 12884-92, 12895-98, 12899-912, 12959, 13010-15, 13386, 13481, 13500, 13779-878, 13903-43, 13980-92, 13997-14004, 14012-20, 14023-32, 14039, 14087-99, 14752-58, 14762, 14766, 14770, 14775, 14780, 14785, 14790, 14795, 14800, 14805, 14810-16.

**Category 2:** Documents identified as "unprocessable" on the flash drive you provided. I do not know if there is an actual underlying document that was somehow not scanned or if this designation is part of your document control. If there is an underlying document, please allow me to review it before revealing it to your client. These documents include the following Bates numbers:

2184, 2402, 2430-1, 2469, 2476, 2480, 2485, 2489, 2495, 2500, 2506, 2524, 2611, 2613, 2809, 2826, 2879, 2996-8, 3330, 3534, 3804, 3810, 3896, 4237, 4402-7, 4435-6, 4476-7, 4480, 4485, 4499-500, 4504, 4506, 4589, 4593, 4596, 4620-2, 4640-4, 4653-9, 4660-1, 4668, 4723, 4743-50, 5493, 5523, 5655-6, 5717, 5829, 5847-53, 5881-85, 5890, 6008-9, 60016, 60019, 6643, 6785, 6818-19, 6822, 6835-7, 6884, 7682-87, 7691, 7695, 7699, 7917, 7922-25, 7981-84, 7703, 7710, 7715, 7721, 7741, 7755, 7767-8, 7784-5, 8310-13, 8315-19, 8321, 8335, 8797-8800, 8802-6, 8008-12, 8014, 8819-20, 8920, 9271, 9309, 9352-7, 9359-68, 9370, 9375, 9426-38, 9445, 9461, 9514, 9634-6, 9653, 9682, 9729, 9814-59972-3, 10163, 10178, 10454, 10541, 10624, 10630, 10734, 10900, 11005, 11215, 11261, 11282-85, 11294-96, 11302, 11305, 11309, 11313, 11340, 11370-1, 11387, 11400, 11410, 11415, 11425, 11447, 11450-2, 11467-9, 11540, 11545-7, 11594-7, 11637-51, 11662, 11664-6, 11671-2, 11703-10, 11827-36, 11838, 11845-52, 11879, 11888, 11911, 11915, 11927, 12239, 12251, 12254-5, 12352, 12371, 12972-80, 123007, 13016, 13039, 13043, 13055, 13367, 13378, 13380, 13382-3, 13411, 13480, 13499, 14100-1, 14430, 14555, 14570-1, 14631, 14636-8, 14671, 14817, 14852, 14916, 14993, 15019.

I mention this primarily to refute suggestions that my clients and I have been uncooperative in discovery. The effort to review these 15,000+ documents took two full days of my time.

4

14. After receiving this Motion, I understood for the first time that 3M believes not just that some of my objections to their document demands were unfounded, but also that I have not diligently searched for and produced responsive documents. I immediately contacted David Marshall of the Fredrickson and Byron firm and asked whether, if requested, Fredrickson would review or "re-do" the response to document requests that I have performed during the last 18+ months. Based on Fredrikson's projected fees and costs, Augustine was unable to retain Fredrikson.

15. Augustine simply lacks the resources to pay for a review that could easily cost more than $50,000.

16. Early on November 8, I left a voice mail for 3M counsel Bridget Ahmann and offered to engage Fredrickson to review and "re-do" my production efforts if 3M would pay for it. Ms. Ahmann returned my call mid-afternoon to seek clarification of my proposal. On November 9, Ms. Ahmann left another voice message stating that the Motion to Compel would proceed. She has not accepted my proposal, but neither has she explicitly rejected it.

17. On September 13, I sent an email to all attorneys involved in the underlying litigation as follows:

Counsel:

In anticipation that you might be negotiating among yourselves regarding dates for Dr. Augustine's deposition, I'd like to inform you of the dates that either he or I will not be available.

He is unavailable:

Sept.:
21, 23, 28-30

Oct.:
3-7, 14, 21, 24-28,

Nov.:
1, 2,

The week of Thanksgiving is unavailable.

I will be out of the country the two weeks following Thanksgiving.

Randy

J. Randall Benham

In subsequent telephone conversations with 3M attorneys Ahmann and Micah Hines, I explained that my wife and I would be celebrating our 40th wedding anniversary with a 3-week trip to New Zealand beginning November 18 and concluding December 10. The trip has been planned for at least 18 months, and we have expended approximately $12,000 in advance. 3M's counsel have graciously avoided scheduling anything that would require my involvement in this period.

FURTHER AFFIANT SAYETH NOT

_____  11/9/16

J. Randall Benham

6