UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

In re: BAIR HUGGER FORCED AIR           MDL No. 15-2666 (JNE/FLN)
WARMING DEVICES PRODUCTS
LIABILITY LITIGATION

**ORDER**

_____

Genevieve Zimmerman, Gabriel Assaad, Behram Parekh, and Jan Conlin, for Plaintiffs.
Jerry Blackwell, Bridget Ahmann, Ben Hulse, Micah Hines, and Mary Young for Defendants.
J. Randall Benham for Respondents Scott Augustine et al.

_____

**THIS MATTER** came before the undersigned United States Magistrate Judge on November 7, 2016, on 3M and Arizant Healthcare, Inc.'s ("Arizant") motion to compel discovery from Respondents Scott Augustine and his related entities ("Augustine") (ECF No. 128). Plaintiffs represented that they take no position on this matter. For the reasons set forth below, the motion is **GRANTED in part** and **DENIED in part**.

## I. FACTUAL BACKGROUND

On November 3, 2015, this Court ordered Augustine to fully comply with subpoenas served on him by 3M and Arizant (collectively "Defendants") in underlying actions surrounding the Bair Hugger Forced Air Warming Device ("Bair Hugger"). *Timothy Johnson v. 3M Company et al.*, No. 2-14-cv-02044 (D. Kan.), and *Tommy Walton v. 3M Company et al.*, No. 4:13-cv-01164 (S.D. Tex.); Order, ECF No. 45, Misc. No. 15-mc-64. Specifically, Augustine was ordered to appear for a deposition, to create a privilege log in accordance with Rule 26(b)(5) of the Federal Rules of Civil Procedure, and to provide other responsive documents. ECF No. 45 at 8–9, Misc. No. 15-mc-64. On December 11, 2015, these cases were consolidated with several others into a Multi-District

Litigation ("MDL") and transferred to the District of Minnesota. Transfer Order, ECF No. 1. Discovery, therefore, started over and Augustine was served on June 7, 2016, with a subpoena that made 58 requests for discovery. Hines Decl. ¶ 2, ECF No. 132; Def.'s Ex. G, ECF No. 131.

After five meet and confers, Defendants now move to compel Augustine to provide complete discovery on 29 outstanding discovery requests. Mot. to Compel, ECF No. 128. Specifically, Defendants demand that Augustine identify and produce documents, ESI, and emails responsive to requests 4, 6, 10–12, 14, 15, 17, 18, 29, 31, 32, 35, 38–41, 44–49, 51–55, and 58[1] and provide a privilege log that comports with Rule 26 of the Federal Rules of Civil Procedure. Mem. in Supp. of Mot. 41–43, ECF No. 130. Additionally, Defendants request costs and fees associated with bringing the present motion and representations from Augustine related to production, discovery efforts, and certain asserted privileges.

Augustine asserts that it has turned over everything that it has "located" that is responsive and is willing to hire outside counsel to double up on its discovery efforts so long as it is at Defendants' expense. Opp'n Mem. 5, ECF No. 138. Defendants stated at the hearing that possible cost-sharing or cost-shifting of engaging outside counsel may occur, but not before Defendants understand specifically what discovery efforts have been made. Augustine's counsel also admitted at the hearing that he is not sure if the privilege log provided in discovery satisfies Rule 26 of the Federal Rules of Civil Procedure. Furthermore, as it relates to documents requested as part of MedWatch Filings, Augustine has provided the Court with a link to a document entitled "Medical

---

[1] For brevity, the Court incorporates Defendants' Exhibit G 5–13, ECF No. 131 into the Order. Exhibit G is a copy of the June 7, 2016, subpoena served on Augustine which details the specific discovery requests made. Counsel has not raised any particularized objections to the discovery requests with the exception of Request Nos. 39, 41, 49, and 52.

Device Reporting for Manufacturers: Guidance for Industry and Food and Drug Administration Staff" published by the US Department of Health and Human Services Food and Drug Administration Center for Devices and Radiological Health. ECF No. 138 at 5 (http://www.fda.gov/downloads/medicaldevices/deviceregulationandguidance/guidancedocuments/ucm359566.pdf). Augustine's counsel advised the Court that it is not bound by these guidelines in making discovery determinations and rulings.

Augustine additionally argues that Request Nos. 39, 41, 49 and 52(c) relating to the performance of the HotDog product are irrelevant to the issues in this case. ECF No. 138 at 2–5. Defendants admit that the HotDog product has not, to date, been held out by Plaintiffs as a safer alternative design to the Bair Hugger. ECF No. 130 at 37 ("if Plaintiffs eventually identify the HotDog as a supposed reasonable safer alternative product to the Bair Hugger system, then this discovery will be at the core of case."). Defendants also contend that product information is necessary to exploring "Augustine's competence, integrity, and bias." *Id.* at 38. However, it is not clear how product design information would go toward Augustine's credibility. Until Plaintiffs identify the HotDog as a reasonable, safer, alternative, discovery into its product design is not relevant to the case. To the extent that Defendants request performance and design information of the HotDog product, the motion is denied.

Based on the foregoing, and all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendants' motion to compel (ECF No. 128) is **GRANTED in part** and **DENIED in part** as follows:

> 1. By December 20, 2016, Augustine must identify and produce documents, ESI, and emails responsive to discovery Request Nos. 4, 6, 10–12, 14, 15, 17, 18, 29, 31, 32, 35, 38, 40, 44–48, 51, 52 (in part), 53–55, and 58 in Defendants' subpoenas. *See* ECF No. 131, Ex. G at 5–13. Any documents, ESI, or emails withheld from

3

production must be included in a privilege log that comports with Rule 26 of the Federal Rules of Civil Procedure.

2. On or before Augustine's deposition noticed for December 13, 2016, Augustine must provide a sworn statement identifying all record custodians whose documents and ESI have been searched, which hard-copy and electronic files have been searched (i.e., personal emails, company emails, desktop files and/or computer drives), and what keywords or other methods were used to identify responsive ESI and emails. Any material Augustine believes is confidential and proprietary can be included in a privilege log that comports with Rule 26 of the Federal Rules of Civil Procedure.

3. Augustine's privilege log should contain detail sufficient to permit Defendants and the Court to evaluate his claim of privilege, specifically including as to each document: (1) the parties to the communication; (2) the date and time(s) of the communication(s), (3) the specific litigation addressed by the communication, and (4) the basis for the claim of privilege or other protection.

4. On or before Augustine's deposition noticed for December 13, 2016, Augustine must submit a sworn statement identifying (1) the beginning and ending dates of any periods during which he claims an attorney-client or litigation consultant relationship with the Kennedy Hodges law firm and (2) the general nature of the representation or consultancy.

5. To the extent Defendants seek reasonable expenses and attorney's fees from Augustine for bringing this motion, Defendant's motion is **GRANTED**. Defendants must, on or before December 5, 2016, submit to this Court an affidavit indicating the expenses and fees it incurred in bringing this motion. The Court will then issue a subsequent Order as to the award of fees and expenses at a later date.

6. To the extent Defendants request that Augustine produce documents responsive to Defendants' subpoena Request Nos. 39, 41, 49 and 52(c) relating to the performance of the HotDog product, the motion is **DENIED**.

DATED: November 23, 2016        *s/Franklin L. Noel*
                                FRANKLIN L. NOEL
                                United States Magistrate Judge