UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

In re: BAIR HUGGER FORCED AIR　　　　　　　　MDL No. 15-2666 (JNE/FLN)
WARMING DEVICES PRODUCTS
LIABILITY LITIGATION

**ORDER**

───────────────────────────────────────────

Genevieve Zimmerman, Gabriel Assaad, Behram Parekh, and Jan Conlin, for Plaintiffs.
Jerry Blackwell, Bridget Ahmann, Ben Hulse, Micah Hines, and Mary Young for Defendants.
J. Randall Benham for Respondents Scott Augustine et al.

───────────────────────────────────────────

**THIS MATTER** came before the undersigned United States Magistrate Judge on Defendants' affidavit in support of attorneys' fees and costs (ECF Nos. 153 and 154). The Court previously granted Defendants the reasonable costs and fees incurred in bringing its motion to compel third-party discovery from Respondents Scott Augustine and his related entities ("Augustine"). Order, ECF No. 148. Defendants were also ordered to submit an affidavit enumerating such costs and fees. *Id.* Before these cases were consolidated by the Judicial Panel on Multi-District Litigation, the Court granted a similar motion brought by these same Defendants in *3M v. Augustine*, 15-mc-65 (Order, ECF No. 42). "If the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court *must*, after giving an opportunity to be heard, require the . . . deponent whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A) (emphasis added). As Defendants' motion sought an order awarding them their costs and reasonable attorneys' fees incurred in connection with the bringing of the motion, (ECF #128), Counsel for Augustine was given an opportunity to be heard during the November 17, 2016

hearing on Defendants' motion to compel discovery. (Minute Entry, ECF No. 146). Defendants seek attorneys' fees in the amount of $39,014.64 and costs in the amount of $322.90.

The affidavits of Bridget Ahmann and Micah Hines, two of the attorneys representing Defendants in this matter, state that eight attorneys at two law firms worked 94.8 hours on a single motion to compel discovery, some of which had been the subject of a similar motion a year earlier. *See* Ahmann Aff. Ex. A, ECF No. 153; Hines Aff. Ex. A, ECF No. 154; *3M v. Augustine*, 15-mc-65, ECF No. 42. The attorneys at Faegre Baker Daniels incurred fees at a rate of $569.50, $531.25, $250.75, and $212.50 per hour respectively, as well as $322.90 in costs. ECF No. 153 at 2, Ex. B. The attorneys at Blackwell Burke incurred fees at $802.80, $525, $446, and $157 per hour respectively. ECF No. 154 at 2. The Court is not unmindful of the centrality of Dr. Augustine to Defendants' perception of these cases. Nevertheless, the Court concludes that deploying eight lawyers at two law firms for nearly 100 hours to make a motion to compel discovery is patently unreasonable.

Based upon the foregoing and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that, in accordance with the Court's order dated November 23, 2016 (ECF No. 148), Augustine shall pay Defendants' attorneys' fees in the amount of $11,644.40 and costs in the amount of $44.80.

DATED: December 19, 2016                              *s/Franklin L. Noel*
                                                      FRANKLIN L. NOEL
                                                      United States Magistrate Judge