UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| In re: BAIR HUGGER FORCED AIR WARMING DEVICES PRODUCTS LIABILITY LITIGATION | * * * * | MDL No. 15-2666 (JNE/FLN) |
| This Document Relates To: | * * | |
| Lee Edward Peyton vs. 3M Company, *et al.*, No. 2:16-cv-00705 (JNE/FLN) | * * | |

### MEMORANDUM IN SUPORT OF MOTION TO SUBSITUTE

**MAY IT PLEASE THE COURT:**

Plaintiff, Lee Edward Peyton died on October 14, 2016.[1] He was survived by his two daughters, Emily C. Peyton and Leslie P. Kovesdi.[2] They are both persons of the full age of majority. By its December 9, 2016 Order, the Civil District Court for the Parish of Orleans, State of Louisiana, appointed Movers as Independent Co-Administrators,[3] and signed Letters of Independent Administration.[4]

Fed. R. Civ. P. 25(a)(1) provides in pertinent part:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative.

---

[1] *See* the Death Certificate attached as Exhibit 1.

[2] *See* the "Joint Petition for Independent Administration and for Appointment of Independent Administrators," Civil District Court for the Parish of Orleans, State of Louisiana, No. 16-12084, which is attached as Exhibit 2.

[3] *See* Exhibit 2 at p. 5.

[4] *See* Exhibit 2 at pp. 8 and 9.

The above-captioned matter was originally filed in the U.S. District Court for the Eastern District of Louisiana, and on or about March 21, 2016, it was transferred into this Multi-District Litigation.[5] The basis for federal subject matter jurisdiction was 28 U.S.C. § 1332(a)(1), which provided for application of Louisiana law to the claim.[6] In particular, Louisiana Civil Code article 2315.1 establishes a survival action in favor of Emily C. Peyton and Leslie P. Kovesdi.[7] It provides:

> A.  If a person who has been injured by an offense or quasi offense dies, the right to recover all damages for injury to that person, his property, or otherwise, caused by the offense or quasi offense, shall survive for a period of one year from the death of the deceased in favor of:
>
> (1) The surviving spouse and child, or children of the deceased, or either the spouse or the child or children.

For the foregoing reasons, and pursuant to Fed. R. Civ. P. 25(a)(1), Emily C. Peyton and Leslie P. Kovesdi respectfully move this Honorable Court for an Order substituting them as parties Plaintiff in the above-captioned matter in the place and stead of their late father.

---

[5] *See* MDL Rec. Doc. 124.

[6] *See Erie Railroad Co. v. Tompkins*, 304 US 64, 58 S. Ct. 817, 82 L. Ed. 1188 (1938).

[7] The decedent was previously married to Carmel Sassone, the mother of Emily C. Peyton and Leslie P. Kovesdi. That marriage ended in a decree of divorce on December 3, 2003. Thus, Ms. Sassone is not a "surviving spouse" within the meaning of La. C.C. art. 2315.1 A(1).

Respectfully submitted,

 */s/ Richard M. Martin, Jr.*
RICHARD M. MARTIN, JR., TA, La. Bar #08998
LAMOTHE LAW FIRM, LLC
400 Poydras Street, Suite 1760
New Orleans, LA 70130
Telephone: (504) 704-1414
E-Mail:  rmartin@lamothefirm.com