UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re Bair Hugger Forced Air Warming Products Liability Litigation | MDL No. 15-2666 (JNE/FLN) |
| | **AMENDED PRETRIAL ORDER #18 – SPECIAL PROTECTIVE ORDER REGARDING AUGUSTINE** |
| This Document Relates to **ALL ACTIONS** | |

The Parties and third party Augustine[1] agree that certain categories of competitively sensitive documents and information disclosed by Augustine in discovery warrant additional protections beyond those provided to Confidential Information under Pretrial Order No. 7 due to the competition between 3M Company and Augustine in the area of patient warming devices. The Parties and Augustine jointly request entry of this proposed Special Protective Order to provide these additional protections.

For good cause shown under Rule 26(c), the Court hereby enters the following Supplement to the Protective Order:

**1.    Scope.** All documents and materials produced by Augustine in the course of discovery of this case, including responses to subpoenas, all deposition testimony and exhibits, and information derived directly therefrom (hereinafter collectively "documents"), are subject to this Order as set forth below. As there is a presumption in

---

[1] Augustine includes: Dr. Scott Augustine, Augustine Biomedical and Design, Augustine Temperature Management, Hot Dog International, Hot Dog USA, Orthopedic Infection Advisory, and Stop Surgical Infection.

favor of open and public judicial proceedings in the federal courts, this Order will be strictly construed in favor of public disclosure and open proceedings wherever possible.

**2.      Definition of Augustine Competitively Sensitive Information.**  As used in this Order, "Augustine Competitively Sensitive Information" is defined as information that Augustine avers in good faith has been previously maintained in a confidential manner and should receive enhanced protection from disclosure and use beyond the protections available under Pretrial Order No. 7 because its disclosure and use is highly likely to cause competitive harm to Augustine.

For purposes of this Order, Augustine will limit its designation of "Augustine Competitively Sensitive Information" to the following categories of non-public information or documents: (i) lists of HotDog customers; (ii) trade show leads; and (iii) internal reports about HotDog product trials at customer hospitals.  Augustine reserves its right to request amendment of this order to add additional categories of documents that may be designated.

Information or documents that are available to the public may not be designated as Augustine Competitively Sensitive Information.

**3.      Form and Timing of Designation.**  Augustine may designate documents as containing Augustine Competitively Sensitive Information and therefore subject to protection under this Order by marking or placing the words "CONFIDENTIAL – AUGUSTINE ELEVATED" (hereinafter "the marking") on the document and on all copies in a manner that will not interfere with the legibility of the document.  As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or

descriptions that contain the Augustine Competitively Sensitive Information. The marking will be applied prior to or at the time of the documents are produced or disclosed. Upon the request of Augustine, the receiving parties may, at their sole option, agree to apply the marking to documents designated by Augustine and may agree that the marking will be applied after the production or disclosure is made.

Applying the marking to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Copies that are made of any designated documents must also bear the marking, except that indices, electronic databases, or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Augustine Competitively Sensitive Information are not required to be marked. By marking a designated document as CONFIDENTIAL – AUGUSTINE ELEVATED, the designating attorney thereby certifies that the document contains Augustine Competitively Sensitive Information as defined in this Order.

    **4.**    **Exercise of Restraint and Care in Designating Material for Protection.** Augustine must take care to limit any such designation to specific material that, in good faith, qualifies under the appropriate standards. To that end, Augustine shall only designate the portion of a transcript that contains Augustine Competitively Sensitive Information as CONFIDENTIAL – AUGUSTINE ELEVATED and shall only designate individual documents that contain Augustine Competitively Sensitive Information as CONFIDENTIAL – AUGUSTINE ELEVATED, there shall be no "family" designation

of groups of documents. If it comes to a designating party's attention that information or items that it designated for production do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

**5.     Protection of Augustine Competitively Sensitive Information.**

**(a)     General Protections.**   Designated Augustine Competitively Sensitive Information must be used or disclosed solely for purposes of prosecuting or defending this lawsuit, including any appeals, or any other related legal proceeding brought by one of the parties to this litigation.

**(b)     Who May View Designated Augustine Competitively Sensitive Information.**   Except with the prior written consent of the designating party or prior order of the Court, designated Augustine Competitively Sensitive Information may only be disclosed to the following persons:

(1)     Employees of 3M Company specifically identified on Attachment A hereto;

(2)     Plaintiffs, as necessary, provided permission is sought from counsel for Augustine prior to showing Competitively Sensitive Information to specifically identified plaintiffs, and assuming permission is not to be unreasonably withheld;

(3)     Counsel for the parties and employees and agents of counsel;

(4     The Court and court personnel, including any special master appointed by the Court, and members of the jury;

(5)     Court reporters, recorders, and videographers engaged for depositions;

(6)     Any mediator appointed by the Court or jointly selected by the parties;

(7) Any expert witness, outside consultant, or investigator, and their staff, specifically employed or retained by a party or a party's counsel in connection with the prosecution or defense of this action or to provide assistance as mock jurors or focus group members, provided that (i) counsel, in good faith, requires his or her assistance in connection with this action, (ii) he or she has completed the certification contained in Attachment A to Pretrial Order No. 7, Acknowledgment and Agreement to be Bound, (iii) any report or document created by such expert or consultant quoting, discussing, or incorporating designated Augustine Competitively Sensitive Information in whole or in part shall be designated as "CONFIDENTIAL – AUGUSTINE ELEVATED" by the party responsible for its creation and (iv) subject to the limitations provided by Paragraph 7(c);

(8) Any potential, anticipated, or actual fact witness who is not a present employee of 3M Company, and his or her counsel, that is not otherwise covered by another category in Paragraph 7(b) only after such persons have completed the certification contained in Attachment A to Pretrial Order No. 7;

(9) The author or recipient of the document (not including a person who received the document in the course of the litigation);

(10) Independent providers of document reproduction, electronic discovery, or other litigation services retained or employed specifically in connection with this litigation; and

(11) Other persons only upon consent of Augustine and on such conditions as Augustine and the parties may agree.

**(c)  Control of Documents**.  The parties must take reasonable efforts to prevent unauthorized or inadvertent disclosure of documents designated as containing Augustine Competitively Sensitive Information pursuant to the terms of this Order. Counsel for the parties must maintain a record of those persons, including employees of counsel, who have reviewed or been given access to the documents along with, where

5

required, the originals of the forms signed by those persons acknowledging their obligations under this Order.

**6. Filing of Augustine Competitively Sensitive Information**. In the event a party seeks to file any document containing Augustine Competitively Sensitive Information subject to protection under this Order with the Court, that party must take appropriate action to insure that the document receives proper protection from public disclosure including: (a) filing a redacted document with the consent of the party who designated the document as confidential; (b) where appropriate (e.g., in relation to discovery and evidentiary motions), submitting the document solely for *in camera* review; or (c) when the preceding measures are inadequate, filing such document under seal in compliance with the Electronic Case Filing Procedures for the District of Minnesota or the applicable rules and procedures of the Court in which such document is being filed.

Nothing in this Order will be construed as a prior directive to allow any document to be filed under seal.

**7. Incorporation of Provisions from Pretrial Order No. 7.**

Paragraphs 8, 9, 10, 11, 12, 13, 14, 15, 16, and 18 of Pretrial Order No. 7 all apply to Augustine Competitively Sensitive Information and are incorporated by reference.

**IT IS SO ORDERED.**

Date: January 5, 2017                     *s/Franklin L. Noel*
                                          FRANKLIN L. NOEL
                                          United States Magistrate Judge

# ATTACHMENT A

3M in-house litigation attorney Janell Pepper

3M in-house paralegal Lynda Harvin

3M in-house litigation technology support personnel