UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

| | |
|---|---|
| IN RE: Bair Hugger Forced Air Warming Products Liability Litigation<br><br>This Document Relates to:<br>All Actions | MDL No. 2666 (JNE/FLN)<br><br>**KENNEDY HODGES, LLP'S RESPONSE TO DEFENDANTS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS ON AUGUSTINE'S PRIVILEGE LOG** |

_____

Kennedy Hodges, LLP files this Response to Defendants' Motion to Compel Production of Documents on Augustine's Privilege Log.[1] Defendants' Motion should be denied because the documents at issue (1) are protected by the work product doctrine and (2) are not relevant to the instant action.[2] For the following reasons, Defendants' Motion should be denied.

## I.   BACKGROUND

This is at least the fourth time Defendants have attempted to obtain communications between Kennedy Hodges and Defendants' chief competitor in the patient warming business, Augustine. Despite being denied relief on three other occasions, Defendants are again seeking privileged communications. This time, Defendants have misstated the facts

---

[1] All the documents provided on the privilege log are subsequent to the filing of the *Walton* case and therefore all communications are protected under the attorney work-product doctrine.

[2] After reviewing the documents on the privilege log, Kennedy Hodges has reached a determination that several of the documents are not protected or privileged. Accordingly, documents 2, 6, 11, 12, 15, 20, 23, 27, 39, 40, 44, 45, 53, 78, and 81 on Augustine's December 2016 privilege log will be produced to Defendants. *See* Doc. 185, Ex. H.

page

and used unsupported accusations in an attempt to mislead the Court.  This Court should join the other courts and deny Defendants' Motion to Compel because Defendants have utterly failed to demonstrate that the documents at issue are relevant to any claim or defense or that they are not subject to protection or privilege.

Defendants' Motion seeks *all* communication between Kennedy Hodges and Dr. Scott Augustine and entities related to him (collectively, "Augustine")[3] that appear on the privilege logs produced by Augustine.[4] At issue are the communications between Dr. Augustine, Augustine's companies, and Kennedy Hodges, and whether those communications are protected under the work product doctrine as permitted by the Federal Rules of Civil Procedure.[5] Claiming that there was never an attorney–client relationship, Defendants make the flawed argument that the relationship between Kennedy Hodges and Augustine was a "business relationship" due to the subject matter of the communications.[6]

---

[3] This would include Augustine Biomedical and Design, Augustine Temperature Management, Hot Dog International, and Hot Dog USA. This response will use "Dr. Augustine" when discussing the individual.

[4] Defendants also state that there are ten documents on prior versions of the Augustine privilege log that are omitted from the most recent December 2016 privilege log, and that this omission implies that protection as to the omitted documents is waived. Kennedy Hodges maintains that work product protection remains for any of these documents accidently omitted by Augustine on the December 2016 privilege log.

[5] This issue was addressed and resolved in both the *Walton* and *Johnson* matters, prior to the transfer of both of those cases to MDL No. 2666. *See* Ex. A, Order Denying Defendants' First Motion to Compel Production (*Walton v. 3M Company et al.*, 13-cv-01164, Doc. 120); Ex. B, Order Denying Defendants' Second Motion to Compel Production and a Privilege Log (*Walton v. 3M Company et al.*, 13-cv-01164, Doc. 176); Ex. C, Order Memorializing Rulings from Telephone Discovery Status Conference (*Johnson v. 3M et al.*, 14-cv-02044, Doc. 98).

[6] On July 6, 2009, Augustine retained Kennedy Hodges as counsel and paid a retainer.  The purpose of this relationship was for Kennedy Hodges to advise Augustine regarding various fields of law, including products liability, which may apply to patient warming

Further, Defendants dispute whether other documents are protected due to Dr. Augustine's claim that he was a non-testifying consulting expert.

As discussed below, the mental impressions, opinions, etc. of Kennedy Hodges are protected by the attorney work product doctrine even if disclosed to a non-adversarial third party. Defendants' imaginative theories of a business relationship or labeling a person a testifying expert or consultant is irrelevant to the discoverability of these documents. Therefore, the Court should deny Defendant's motion because the documents are not subject to production because of the attorney work product doctrine.

Defendants also inaccurately argue in their motion that communications that occurred prior to the entering of the representation agreement between Kennedy Hodges and Augustine in 2009 are not protected as privileged. Such argument is irrelevant to this matter because none of the documents on the privilege log are prior to the filing of the *Walton* case.

It is also correct that Dr. Augustine was a non-retained consulting expert for Kennedy Hodges. Beginning in January 2013, Augustine provided advice and explanation of the science regarding safety risks posed by forced air warming. Kennedy Hodges has never disputed that Augustine provided some education on the scientific and technical issues regarding the infection threat posed by forced air warming devices such as the Bair Hugger.

---

devices, such as Augustine's own product, the Hot Dog patient warming blanket. *See in camera* production of the retainer agreement dated July 6, 2009 and retainer receipt dated July 7, 2009.

3

In fact, consistent with the *Walton* protective order requirements, Dr. Augustine was identified by Kennedy Hodges as a potential expert witness early on in the *Walton* case, a role wholly consistent with previous assistance as an unpaid consultant.[7] Defendants objected to Dr. Augustine as a testifying expert due to trade secret and other competitive concerns, and sought a protective order from the *Walton* court prior to document production to limit sharing discovery materials with any consultants who were competitors in the patient warming business.[8] As a result, Kennedy Hodges indicated that it would neither designate Dr. Augustine as an expert in *Walton* nor provide him with any confidential documents or discuss the confidential details of the *Walton* case.[9]

Defendants point to the order issued by Magistrate Judge Frances H. Stacy in the *Walton* case on May 19, 2015 to demonstrate that Augustine's privilege log is inconsistent with statements made at that time by Kennedy Hodges regarding Augustine.[10] That order references Kennedy Hodges' representation that it did not have communications with Dr. Augustine regarding the *Walton* case.[11] It is curious that Defendants chose to reference an order attempting to summarize representations rather than the actual representations that were made to the *Walton* Court. The exact assurances Kennedy Hodges made to the *Walton* court were made in the response filed by Plaintiff Walton regarding Defendants' motion to

---

[7] Ex. D, Letter to Counsel Identifying Potential Experts.
[8] Ex. E, Protective Order from *Walton* (*Walton v. 3M Company et al.*, 13-cv-01164, Doc. 49).
[9] Ex. F, Plaintiff's Response to Defendants' Motion to Compel Plaintiff's Responses to Discovery (*Walton v. 3M Company et al.*, 13-cv-01164, Doc. 111 at 2-3.).
[10] *See* Ex. A, Order Denying Defendants' First Motion to Compel Production (Doc. 120).
[11] *Id.*

compel; namely, that "they would not be talking to Dr. Augustine about the discovery to be produced in this case nor showing him any documents [produced]."[12] Kennedy Hodges also stated that "there [were] no communications of any kind between Dr. Augustine and [Kennedy Hodges] relating to the *discovery record in this case or relating to the particular facts involving Mr. Walton's surgery and injury*."[13] The representations to the *Walton* court by Kennedy Hodges specifically involved discovery documents in the *Walton* case; namely, documents relating to Mr. Walton's treatment and those documents produced by Defendants. In accordance with those representations, none of these documents were sent to Augustine after the representations were made.

Any consulting Dr. Augustine provided to Kennedy Hodges centered on the issue of forced air warming safety generally. At no time has Dr. Augustine been provided discovery materials or given consulting advice regarding any confidential discovery matters in any lawsuit relating to the Bair Hugger patient warming device, including *Walton*, *Johnson*, and the instant multidistrict litigation case. In fact, a review of the privilege log at issue does not identify any such communications with Dr. Augustine at all.

---

[12] *See* Ex. F, Plaintiff's Response to Defendants' Motion to Compel Plaintiff's Responses to Discovery (*Walton v. 3M Company et al.*, 13-cv-01164, Doc. 111 at 2-3.).
[13] *Id.* (emphasis added).

## II. ARGUMENT

### A. Communications and Documents Referenced on the Privilege Log Are Protected by the Work Product Doctrine even if Disclosed to a Non-Adversarial Third-Party

The work product doctrine is meant to "protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation." Fed. R. Civ. P. 26(b)(3). This protection cannot be defeated absent a showing of *substantial* need or *undue hardship* by the discovering party. *Lumber v. PPG Industries, Inc.*, 168 F.R.D. 641, 644 (D. Minn. 1996) (Erickson, M. J.); *see also Petersen v. Douglas County Bank & Trust Co.*, 967 F.2d 1186, 1189 (8th Cir. 1992). As noted herein, Defendants have utterly failed in this regard.

The Eighth Circuit recognizes two different levels of work product—ordinary work product and opinion work product. *Baker v. Gen. Motors Corp.*, 209 F.3d 1051, 1054 (8th Cir. 2000). Ordinary work product includes rough notes and documents that contain factual content, and is "discoverable only if the party seeking discovery has a substantial need for the information and cannot obtain it by other means." *Id.*; *see also* Fed. R. Civ. P. 26(b)(3)(A). Opinion work product, on the other hand, consists of an attorney's conclusions, mental impressions, opinions, or legal theories. *Baker*, 209 F.3d at 1054. Opinion work product "enjoys **almost absolute protection** against disclosure, making it discoverable **in only very rare and extraordinary circumstances**." *Id.*; *see also In re Murphy*, 560 F.2d 326, 336 (8th Cir. 1977) (emphasis added).

Protections for the disclosure of work product to a third party are typically stronger than protection for the attorney-client privilege if such communications are disclosed to a

6

third party in a similar manner. *United States v. American Tel. and Tel. Co.*, 642 F.2d 1285, 1299 (D.C. Cir. 1980). Disclosure of documents that constitute work product to **a non-adversarial third party** typically does not waive the protection afforded by the work product doctrine. *See Peralta v. Cendant Corp.*, 190 F.R.D. 38, 42 (D. Conn. 1999) (communications constituting "conclusions, opinions, or legal theories" to third party protected from discovery by opposing counsel under Rule 26); *Construction Industry Svcs. Corp. v. Hanover Ins. Co.*, 206 F.R.D. 43, 49 (E.D.N.Y. 2001) (disclosure of opinion work product "to third parties does not, in and of itself, constitute a waiver of the [doctrine]"); *Ayers Oil Co. v. American Business Brokers, Inc.*, 09-CV-02DDN, 2009 WL 4725297, at *3 (E.D. Mo. Dec. 2, 2009) (disclosure of work product by client to third party did not waive protection under work product doctrine); *Morales v. United States*, No. 94 Civ. 4865(JSR), 1997 WL 223080, at *1 (S.D.N.Y. May 5, 1997) (no waiver by disclosure of conversation to third party). The work product doctrine will protect opinion work product that has been disclosed to third parties, "unless disclosure is inconsistent with maintaining secrecy from possible adversaries." *Stix Prods., Inc. v. United Merchs. & Mfrs.*, 47 F.R.D. 334, 338 (S.D.N.Y. 1969). Clearly, the disclosure of these documents was not inconsistent with maintaining secrecy from Defendants.

The documents on the privilege log at issue here involve opinion work product, in that many of these documents and email communications consist of the opinions and legal theories of attorneys from Kennedy Hodges in the greater context of the product liability lawsuit. Kennedy Hodges' decision to disclose these documents to a non-adverse third-

party in no way compromises the protection afforded by the work product doctrine to the documents consisting of opinion work product at issue.

Augustine is a third party with no adversarial position relative to Kennedy Hodges. As such, the disclosure of information or documents that constitute work product does not waive the protection offered by the doctrine. Disclosure of work product to Augustine also does not compromise the secrecy of the information, as it is extremely unlikely that Augustine would ever choose to disclose the information to Defendants, given the competition between the two companies. In that sense, disclosure of opinion work product to Augustine is consistent with the general premise of the work product doctrine.

It is undisputed that Augustine is in a non-adversarial position relative to Kennedy Hodges, as there has been much contention between Defendants and Augustine as competitive rivals in the global patient warming business. For example, Defendants previously sued Augustine in Germany in 2009 regarding advertisements in that country for patient warming devices. The competition in the marketplace and degree of animosity demonstrated between Defendants and Augustine plainly show that the two are in an adversarial position, and have been in such a position for some time. In fact, the recent subpoenas and motion to compel in the context of this litigation further confirm the adversarial nature of the interaction between Defendants and Augustine. It is unthinkable that Augustine would ever disclose any work product information to Defendants. Accordingly, the secrecy of the information contained in the work product documents at issue would be maintained and protection under the work product doctrine would not be waived.

### B. Documents Pertaining to Dr. Augustine's Role as a Non-Testifying Expert are Also Protected From Disclosure

The Eighth Circuit's protections of non-testifying experts are wide-reaching, extending even to the identity of such experts. *Cox v. Piper, Jaffray & Hopwood, Inc.*, 848 F.2d 842, 845-846 (8th Cir. 1988). Rule 26 clearly prohibits the discovery of facts known or opinions held by informally consulted, non-testifying experts. *Id.* at 845; *see also Ager v. Jane C. Stormont Hosp. and Training Center for Nurses*, 622 F.2d 496, 501 (10th Cir. 1980). Further, any "collateral information concerning an expert who is retained but not expected to be called . . . is not discoverable except upon a showing of exceptional circumstances as set forth in Rule 26." *Cox*, 848 F.2d at 845.

The extent of Dr. Augustine's consulting with Kennedy Hodges was as a non-testifying expert at the beginning of the original litigation. As soon as Defendants took issue with his involvement and sought a protective order to prevent Dr. Augustine and other individuals affiliated with other patient warming device companies from having access to confidential documents in this litigation, Kennedy Hodges complied and did not provide him with any confidential information. To the extent that any communications or other documents exist from Dr. Augustine's role as a non-testifying expert consultant, those documents are protected from disclosure.

### C. The Common Interest Doctrine Protects Documents Pertaining to Defendants' Subpoenas and Motions Directed at Augustine that Contain Kennedy Hodges Work Product

The common interest doctrine also protects disclosure of any work product Kennedy Hodges created. The common interest doctrine works to protect information that is already

9

privileged or protected if shared between two parties <u>sharing a specific interest</u>. *In re Grand Jury Subpoena Duces Tecum*, 112 F.3d 910 (8th Cir. 1997). In the Eighth Circuit, that shared interest between two parties may be legal, factual, *or* strategic. *Id.* at 922 (emphasis added); *see also Transunion Intelligence LLC v. SearchAmerica Inc.*, 11-1075 (PJS/FLN), 2013 WL 12145008, at *3 (D. Minn. Nov. 14, 2013) (Noel, M. J.) (documents exchanged between corporations engaged in acquisition negotiations had a strategic common interest, and the documents remained protected after disclosure). The documents and information regarding Defendants' attempts to obtain Kennedy Hodges' work product are protected under the common interest doctrine, in that Augustine and Kennedy Hodges would have a strategic common interest at the very least, as Augustine is a competitor of Defendants and Kennedy Hodges represents adverse parties to Defendants in the ongoing Bair Hugger litigation.

    Some of the work product appearing on the privilege log at issue involves the subpoenas targeted at Augustine in prior litigation, including as part of the *Walton* and *Johnson* matters. These subpoenas sought information and documents protected by the work product doctrine—and Defendants were already denied access to these documents by the courts in *Walton* and *Johnson*.[14] As these subpoenas involved many of the same documents at issue in Defendants' denied motions to compel in each court, Augustine and Kennedy Hodges had a legal common interest to continue to prevent the improper production of these protected documents. *See Pucket v. Hot Springs Sch. Dist. No. 23-2*,

---

[14] *See* Note 5, *supra*.

239 F.R.D. 572, 582–584 (D.S.D. 2006) (disclosure of the contents of a conversation with a school principal and an attorney, by the principal to parents of that school, did not waive protection because the principal and parents had a common legal interest in resolving the busing issue affecting the school). That Kennedy Hodges and Augustine would communicate regarding these efforts by Defendants is hardly surprising. Clearly, the communications of a law firm regarding responses to motions to compel is work product that should be protected from discovery.

Moreover, the communications are really attorney to attorney rather than attorney to Dr. Augustine. As Attorney Randy Benham has indicated, he was contemplating bringing these actions on behalf of plaintiffs himself. Clearly, the communications of one attorney to another regarding the potential prosecution of cases should be protected from the target of the litigation.

### D. Defendants have Made no Showing of "Substantial Need" or "Undue Hardship" and Have Not Met the Burden of Establishing Very Rare and Extraordinary Circumstance

Protection from disclosure under the work product doctrine cannot be defeated absent a showing of substantial need or undue hardship by the discovering party. *Lumber*, 168 F.R.D. at 644; *Petersen*, 967 F.2 at 1189. Opinion work product, which is at issue here, enjoys nearly "absolute protection against disclosure, making it discoverable in only very rare and extraordinary circumstances." *Baker*, 209 F.3d at 1054; *In re Murphy*, 560 F.2d at 336. To overcome the protection afforded opinion work product, "Defendants bear the heavy burden of establishing a rare and extraordinary circumstance." *Chopper, Estate of, ex. Rel. Chopper v. R.J. Reynolds Tobacco Co.*, 195 F.R.D. 648, 652 (N.D. Iowa 2000);

*see also Baker*, 209 F.3d at 1053–54; *Pittman*, 129 F.3d at 988; *Murphy*, 560 F.2d at 336. "Opinion work product is virtually absolutely immune from discovery." *Bieter Co. v. Blomquist*, 156 F.R.D. 173, 179 (D. Minn. 1994) (Alsop, J.); *see also In re Grand Jury Proceedings*, 473 F.2d 840, 848 (8th Cir. 1973).

Defendants have made no showing of substantial need or hardship to suggest that they are otherwise entitled to these protected documents, nor have they suggested that the information sought is not obtainable by other means.[15] Defendants have also made no showing of extraordinary circumstances that would defeat the protection for opinion work product, and therefore fail to meet the "heavy burden" to demonstrate such. The only result is that these documents should be withheld from production. Assuming not all the communications were "opinion" work product, Defendants still have made no showing whatsoever they are entitled to the documents that constitute ordinary work product. Accordingly, *all* the documents at issue are protected from discovery.

### E. Communications and Other Documents Sought by Defendants are Not Relevant

For documents or communications to be discoverable, they must be "relevant to any party's claim or defense and proportional to the needs of the case, considering . . . the importance of the discovery in resolving the issues . . . ." Fed. R. Civ. P. 26(b)(1). The party resisting discovery typically has the burden to establish the lack of relevance.

---

[15] Defendants will take the deposition of Dr. Augustine and will have ample opportunity to discover any facts that pertain to his work, his company, or his opinions. The protection Kennedy Hodges is seeking is from the Defendant discovering Kennedy Hodges' mental impressions, legal strategies, etc. that are contained in the documents in the privilege log.

12

*Peterson v. Seagate U.S. LLC*, 2009 WL 3430150 at *1 (D. Minn. Oct. 19, 2009) (Boylan, M. J.) (citing *St. Paul Reinsurance Co., Ltd. v. Commercial Financial Corp.*, 198 F.R.D. 508, 511 (N.D. Iowa 2000)). However, a court can determine that a request is not relevant if "it is clear that the information sought has no bearing upon the subject matter of the action." *Mead Corp. v. Riverwood Natural Resources Corp.*, 145 F.R.D. 512, 522 (D. Minn. 1992) (McNulty, J.).

The protected information Defendants seek is simply not relevant to any claim or defense. As the privilege log shows, the withheld protected information does not pertain to the individual facts of any of the cases currently filed in the multidistrict litigation. These documents also have nothing to do with any factual information regarding Defendants. Augustine left the employment of Defendants' corporate precursor in 2002 and would have no relevant knowledge of Defendants' actions or decisions after that point. The protected documents on Augustine's privilege log date from 2013 to 2015, more than *ten years* after he left Defendants' employ. These documents are simply not relevant as to whether Defendants' Bair Hugger patient warming device is safe or not.

Defendants' allegations that Kennedy Hodges and Augustine are somehow "working together" to undermine Defendants' business, even if true, are also not relevant to this litigation. Tellingly, **these allegations are not included as one of the *fifty-one* affirmative defenses offered by Defendants** in their Master Answer filed in the Bair Hugger Forced Air Warming Devices Products Liability Litigation—the lack of inclusion of which strongly suggests that any documents relating to such alleged activity would lack

relevance.[16] In fact, these allegations appear to have originated in Defendants' Motion before the Court currently. Defendants' attempts to pursue protected documents with allegations that amount to nothing more than a sideshow severely undermines any argument that could be put forward to show relevance.

### F. Objection to Defendants' Motion as Defendants Refused to Meet and Confer Prior to Filing

In filing their Motion, Defendants failed to meet and confer as required under District of Minnesota Local Rule 7.1, which requires "a good-faith effort to resolve the issues raised by the motion." D. Minn. LR 7.1(a). After limited correspondence between counsel for Defendants and Randy Benham regarding the privilege log at issue, David Hodges was brought into the conversation because the privilege log "involves work product of the Kennedy Hodges firm."[17] On Tuesday, January 17, 2017, Mr. Hodges informed Defendants via a brief email that he would be out of the country for the remainder of the week, and proposed a meet and confer by telephone on Monday or Tuesday of the following week (January 23 or 24, 2017) when he returned—only four business days later. Instead of further correspondence to set up a meet and confer call, Defendants filed their motion on Thursday, January 19, 2017 without fulfilling the requirement of a good-faith effort to hold a meet and confer with Kennedy Hodges.

Regardless of what meet and confer actions may have occurred with Augustine, Defendants had reason to know that a meet and confer was necessary with Kennedy

---

[16] *See* Doc. 105, Defendants' Master Answer to Plaintiffs' Master Long Form Complaint and Jury Demand, pg. 22–34.
[17] *See* Ex. G, Email Correspondence Regarding Scheduling Meet and Confer.

Hodges, as the vast majority of items on the Privilege log pertain to documents withheld on the basis of protection by the work product doctrine. Defendants' failure to make a serious effort to meet and confer was improper, and the Court should deny Defendants' Motion due to their blatant refusal to meet and confer.

### III.     CONCLUSION

As demonstrated above, all documents at issue appearing on Augustine's privilege log are protected from production by the work product doctrine. Furthermore, disclosure of documents or information that constitute work product to Augustine is not sufficient to waive the protection afforded by the doctrine, as Augustine is a non-adversarial third party. Lastly, the documents sought by Defendants would not be relevant to the issues in this litigation. Therefore, Plaintiffs request that this Court deny Defendants' Motion to Compel.

Respectfully submitted,

KENNEDY HODGES, L.L.P.

By: /s/ David W. Hodges
David W. Hodges
dhodges@kennedyhodges.com
Gabriel A. Assaad
gassaad@kennedyhodges.com
4409 Montrose Blvd., Ste. 200
Houston, Texas 77006
Telephone: (713) 523-0001
Facsimile: (713) 523-1116

## **CERTIFICATE OF SERVICE**

    This is to certify that on January 26, 2017 a copy of the forgoing instrument was served on all parties via the Court's electronic filing system.

By: /s/ David W. Hodges
David W. Hodges

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

IN RE: Bair Hugger Forced Air Warming      MDL No. 2666 (JNE/FLN)
Products Liability Litigation

**This Document Relates to:**     **LOCAL RULE 7.1 CERTIFICATE**
**All Actions**     **OF COMPLIANCE**

_____

    I, David W. Hodges, certify that the Memorandum titled:

    KENNEDY HODGES, LLP'S RESPONSE TO DEFENDANTS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS ON AUGUSTINE'S PRIVILEGE LOG

complies with Local Rule 7.1(F). I further certify that, in preparation of the above document, I:

Used the following word processing program and version: Microsoft Word 2013 and that this word processing program has been applied specifically to include all text, including headings, footnotes, and quotations in the following work count. I further certify that the above document contains the following number of words: 4052.

    Respectfully submitted,

Dated: January 26, 2017

    KENNEDY HODGES, L.L.P.

    By: /s/ David W. Hodges
    David W. Hodges
    dhodges@kennedyhodges.com
    Gabriel A. Assaad
    gassaad@kennedyhodges.com
    4409 Montrose Blvd., Ste. 200
    Houston, Texas 77006
    Telephone: (713) 523-0001
    Facsimile: (713) 523-1116