UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TOMMY WALTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. |
| | ) | 4:13-cv-01164 |
| 3M COMPANY; ARIZANT | ) | |
| HEALTHCARE, INC.; AND | ) | |
| ROBERT PRESTERA | ) | |
| | ) | |
| Defendants. | ) | |

PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION
TO COMPEL PLAINTIFF'S RESPONSES TO DISCOVERY

COMES NOW, Plaintiff Tommy Walton, and files this Response to Defendants' Motion to Compel Plaintiff's Responses to Discovery (Doc. 103). Defendants' Motion should be denied because the only responsive communications are protected by the attorney-client privilege.

I.

Defendants' Motion seeks all communications between Plaintiff's counsel and Dr. Scott Augustine.[1] Dr. Augustine is the original inventor of the 3M Bair Hugger warming blanket. Dr. Augustine left Defendants' employment in 2003. Shortly after leaving the company, Dr. Augustine began to publicize information regarding an infection risk

---

[1] Defendants' Motion also seeks information relating to the expected subject matter of Dr. Augustine's testimony. Plaintiff has supplemented his response to Interrogatory No. 11 to provide a full description. Accordingly, the only remaining issue in Defendants' Motion relates to communications.

1

**EXHIBIT F**

caused by the device he invented. As might be expected, 3M's response to Dr. Augustine's public criticism of the Bair Hugger was hostile. Moreover, in the intervening years, Dr. Augustine began to market a new alternative patient warming system, placing him in direct competition with one of the world's largest corporations. With the relationship between Dr. Augustine and 3M growing increasingly tense, the possibility of legal or regulatory retaliation increased. Dr. Augustine had already once been involved in litigation with his former employer, and he feared further legal disputes.

## II.

As such, on July 6, 2009, years before the instant litigation, Dr. Augustine retained Kennedy Hodges, LLP to represent his company, Augustine Biomedical + Design, LLC.[2] Kennedy Hodges is also one of the law firms representing Plaintiff in this matter. Accordingly, while there exist communications between Kennedy Hodges and Dr. Augustine, they were "made in confidence by a client to his attorney for the purpose of obtaining legal advice." *United States v. Pipkins*, 528 F.2d 559, 562 (5th Cir. 1976). Therefore, they are protected by the attorney-client privilege.

## III.

When this litigation began in 2013, Plaintiff's counsel anticipated designating Dr. Augustine as an unpaid consulting expert so they could discuss discovery matters with him. However, during the parties' negotiation of the Protective Order of Confidentiality, 3M did not consent to Dr. Augustine reviewing discovery materials since they contain 3M trade secrets. Thus, Plaintiff's counsel agreed to de-designate Dr. Augustine and

---

[2] *See* Exhibit 1, Affidavit of David Hodges.

2

stated they would not be talking to Dr. Augustine about the discovery to be produced in this case nor showing him any documents. Plaintiff's counsel repeated this assurance on the record.[3] Accordingly, there are no communications of any kind between Dr. Augustine and Plaintiff's counsel relating to the discovery record in this case or relating to the particular facts involving Mr. Walton's surgery and injury. Moreover, 3M is incorrect in stating that Dr. Augustine has been using information about this case provided by Plaintiff's counsel "in his campaign against the Bair Hugger."[4] It appears that Dr. Augustine's public statements regarding this lawsuit contain information he has independently secured from the Court's public file. Finally, Dr. Augustine's affidavit, submitted in response to 3M's Motion to Quash the deposition of Gary Maharaj, came about as the result of a phone call between Dr. Augustine and Plaintiff's counsel. That affidavit lists personal meetings Dr. Augustine had with Mr. Maharaj in 2008 and 2009. There have been no other non-privileged responsive communications.

## IV.

The attorney-client privilege is designed "to encourage clients to make full disclosure to their attorneys." *Fisher v. United States*, 425 U.S. 391, 403 (1976). "[T]he attorney-client privilege protects communications made in confidence by a client to his lawyer for the purpose of obtaining legal advice. The privilege also protects communications from a lawyer to the client." *Hodges, Grant & Kaufmann v. United States*, 768 F.2d 719, 720-21 (5th Cir.1985). "An attorney-client communication is also

---

[3] *See* Doc. 103, Ex. K.
[4] *See* Doc. 103, at p. 6

3

protected under the Sixth Amendment if it is intended to remain confidential and was made under such circumstances that it was reasonably expected and understood to be confidential." *United States v. Nelson*, 732 F.3d 504, 518 (5th Cir. 2013). All of these elements apply to communications made between Kennedy Hodges and Dr. Augustine, as the communications relate to legal advice and confidential client matters which should not be disclosed. Disclosure of the communications would also threaten the core trade secrets of Augustine Biomedical + Design, as well as the mental impressions of Kennedy Hodges in providing legal advice to the company. 3M cannot be allowed to intrude on these attorney-client communications, especially as the communications are related to a long existing dispute between Dr. Augustine and 3M.

## V.

Because the only responsive communications were made in connection with an attorney-client relationship pre-dating this lawsuit, they are protected by privilege and must not be disclosed. Therefore, Plaintiff prays this Court denies Defendants' Motion to Compel.

    Respectfully submitted,

    KENNEDY HODGES, LLP

    /s/ Gabriel A. Assaad
    David W. Hodges
    State Bar No. 00796765
    Federal Bar No. 20460
    dhodges@kennedyhodges.com
    Gabriel A. Assaad
    State Bar No. 2407189
    Federal Bar No. 1374492
    gassaad@kennedyhoges.com

4

            KENNEDY HODGES, LLP
            711 W. Alabama St.
            Houston, Texas 77006
            Telephone: (713) 523-0001
            Facsimile: (713) 523-1116

            and

FARRAR & BALL, LLP

Kyle Farrar
State Bar No. 24034828
kyle@fbtrial.com
Mark Bankston
State Bar No. 24071066
mark@fbtrial.com
1010 Lamar, Suite 1600
Houston, Texas 77002
Telephone: (713) 221-8300
Telecopier: (713) 221-8301

## **CERTIFICATE OF SERVICE**

  I hereby certify that a true and correct copy of the foregoing Motion was served via the ECF System for the Southern District of Texas on May 6, 2015.

            By: /s/ Gabriel A. Assaad
              Gabriel A. Assaad

5