```
                   UNITED STATES DISTRICT COURT
                     DISTRICT OF MINNESOTA

-----------------------------------------------------------
                            )
                            )  File No. 15-MD-2666
                            )         (JNE/FLN)
In Re: Bair Hugger Forced Air )
Warming Devices Products    )  Minneapolis, Minnesota
Liability Litigation        )  January 19, 2017
                            )  9:36 a.m.
                            )
                            )
-----------------------------------------------------------

              BEFORE THE HONORABLE JOAN N. ERICKSEN
                 UNITED STATES DISTRICT COURT JUDGE


                            and


                 THE HONORABLE FRANKLIN D. NOEL
                 UNITED STATES MAGISTRATE JUDGE


                            and


                THE HONORABLE WILLIAM H. LEARY, III
                     RAMSEY COUNTY JUDGE



                     (STATUS CONFERENCE)


APPEARANCES

  For the Plaintiffs:      Levin Papantonio, PA
  (Appearing By Phone)     BEN W. GORDON, JR., ESQ.
                           Suite 600
                           316 South Baylen Street
                           Pensacola, Florida 32502

                           Meshbesher & Spence
                           GENEVIEVE M. ZIMMERMAN, ESQ.
                           1616 Park Avenue
                           Minneapolis, Minnesota 55404



      Proceedings recorded by mechanical stenography;
transcript produced by computer.
```

```
 1    APPEARANCES (Cont.)

 2      For the Plaintiffs:      Ciresi Conlin, LLP
        (Appearing By Phone)     JAN M. CONLIN, ESQ.
 3                               Suite 4600
                                 225 South Sixth Street
 4                               Minneapolis, Minnesota 55402

 5                               Pritzker Hageman, PA
                                 DAVID J. SZERLAG, ESQ.
 6                               Suite 2950
                                 45 South Seventh Street
 7                               Minneapolis, Minnesota 55402

 8                               Andrews, Thornton, Higgins,
                                 Razmara, LLP
 9                               ANNE ANDREWS, ESQ.
                                 JOHN C. THORNTON, ESQ.
10                               LAUREN DAVIS, ESQ.
                                 Suite 110
11                               2 Corporate Park
                                 Irvine, California 92606
12
                                 Davis & Crump, PC
13                               MARTIN D. CRUMP, ESQ.
                                 ROBERT D. CAIN, JR., ESQ.
14                               WILLIAM STEVENSON, ESQ.
                                 2601 14th Street
15                               Gulfport, Mississippi 39501

16                               DeGaris & Rogers, LLC
                                 D. WAYNE ROGERS, JR., ESQ.
17                               Suite 1030
                                 2 North 20th Street
18                               Birmingham, Alabama 35203

19                               Goldenberg Law, PLLC
                                 NOAH C. LAURICELLA, ESQ.
20                               Suite 2150
                                 800 LaSalle Avenue
21                               Minneapolis, Minnesota 55402

22                               Beasley, Allen, Crow, Methvin,
                                 Portis & Miles, PC
23                               MEGAN ROBINSON, ESQ.
                                 218 Commerce Street
24                               Montgomery, Alabama 36104

25
```

```
 1     APPEARANCES (Cont.)

 2       For the Plaintiffs:        Bernstein Liebhard, LLP
         (Appearing By Phone)      DAE Y. LEE, ESQ.
 3                                  28th Floor
                                    10 East 40th Street
 4                                  New York, New York 10016

 5                                  Capretz & Associates
                                    DON K. LEDGARD, ESQ.
 6                                  Suite 2500
                                    5000 Birch Street
 7                                  Newport Beach, California 92660

 8                                  Gertler Law Firm
                                    MEYER H. GERTLER, ESQ.
 9                                  LEOLA ANDERSON, ESQ.
                                    Suite 1900
10                                  935 Gravier Street
                                    New Orleans, Louisiana 70043
11
                                    Goza & Honnold, LLC
12                                  KAITLYN S. NEUFELD, ESQ.
                                    Suite 200
13                                  11181 Overbrook Road
                                    Leawood, Kansas 66211
14
                                    Carr & Carr
15                                  PATRICK E. CARR, ESQ.
                                    4416 South Harvard Avenue
16                                  Tulsa, Oklahoma 74135

17                                  Fitzgerald Law Group
                                    KEVIN M. FITZGERALD, ESQ.
18                                  Suite 200
                                    120 Exchange Street
19                                  Portland, Maine 04101

20                                  Grossman & Moore, PLLC
                                    JENNIFER A. MOORE, ESQ.
21                                  EMILY A. DeVUONO, ESQ.
                                    Suite 1810
22                                  401 West Main Street
                                    Louisville, Kentucky 40202
23
                                    Lewis & Caplan
24                                  PETE LEWIS, ESQ.
                                    3631 Canal Street
25                                  New Orleans, Louisiana 70119
```

```
 1     APPEARANCES (Cont.)

 2        For the Plaintiffs:        Hollis Legal Solutions, PLLC
          (Appearing By Phone)       SCOTT B. HOLLIS, ESQ.
 3                                    Suite 101
                                      6814 Crumpler Boulevard
 4                                    Olive Branch, Mississippi 38654

 5                                    Houssiere, Durant & Houssiere
                                      RANDAL A. KAUFFMAN, ESQ.
 6                                    MONICA C. VAUGHAN, ESQ.
                                      Suite 800
 7                                    1990 Post Oak Boulevard
                                      Houston, Texas 77056
 8
                                      Hurley, McKenna & Mertz
 9                                    MOLLY L. CONDON, ESQ.
                                      Suite 1430
10                                    33 North Dearborn Street
                                      Chicago, Illinois 60602
11
                                      Johnson Becker, PLLC
12                                    ROLF FIEBIGER, ESQ.
                                      Suite 1800
13                                    444 Cedar Street
                                      St. Paul, Minnesota 55101
14
                                      Johnson, Johnson & Schaller
15                                    LESLIE W. O'LEARY, ESQ.
                                      Suite 1050
16                                    975 Oak Street
                                      Eugene, Oregon 97223
17
                                      KP Law
18                                    RAJESH KANURU, ESQ.
                                      Suite 2325
19                                    105 West Adams
                                      Chicago, Illinois 60602
20
                                      Law Offices of James S. Rogers
21                                    ELIZABETH J. McLAFFERTY, ESQ.
                                      Suite 500
22                                    1500 Fourth Avenue
                                      Seattle, Washington 98101
23
                                      Brian Loncar, PC
24                                    BRIAN LONCAR, ESQ.
                                      424 South Cesar Chavez Boulevard
25                                    Dallas, Texas 75201
```

```
 1    APPEARANCES (Cont.)

 2      For the Plaintiffs:        Lord & Associates Law Office
        (Appearing by Phone)      MELISSA M. HEINLEIN, ESQ.
 3                                 309 Clifton Avenue
                                   Minneapolis, Minnesota 55403
 4
                                   McEwen Law Firm, Ltd.
 5                                 GREGORY N. McEWEN, ESQ.
                                   5850 Blackshire Path
 6                                 Inver Grove Heights, Minnesota
                                   55076
 7
                                   Michael Hingle & Associates
 8                                 JULIE M. JOCHUM, ESQ.
                                   BRYAN A. PFLEEGER, ESQ.
 9                                 220 Gause Boulevard
                                   Slidell, Louisiana 70005
10
                                   Murray Law Firm
11                                 CAROLINE W. THOMAS, ESQ.
                                   Suite 2150
12                                 650 Poydras Street
                                   New Orleans, Louisiana 70130
13
                                   Nash & Franciskato Law Firm
14                                 BRIAN S. FRANCISKATO, ESQ.
                                   Suite 170
15                                 2300 Main Street
                                   Kansas City, Missouri 64108
16
                                   NEAL R. ELLIOTT, JR., ESQ.
17                                 P.O. Box 80136
                                   Baton Rouge, Louisiana 70898
18
                                   Paglialunga & Harris, PS
19                                 JAMES W. HUMANN, ESQ.
                                   Suite 500
20                                 4660 La Jolla Village Drive
                                   San Diego, California 92122
21
                                   Peterson & Associates, PC
22                                 BRIAN E. TADTMAN, ESQ.
                                   Suite 107
23                                 801 West 47th Street
                                   Kansas City, Missouri 64112
24

25
```

```
 1      APPEARANCES (Cont.)

 2        For the Plaintiffs:        Parker Waichman
          (Appearing By Phone)      MICHAEL WERNER, ESQ.
 3                                   6 Harbor Park Drive
                                     Port Washington, New York 11050
 4
                                     Pogust, Braslow & Millrood, LLC
 5                                   T. MATTHEW LECKMAN, ESQ.
                                     Suite 940
 6                                   161 Washington Street
                                     Conshohocken, Pennsylvania 19428
 7
                                     Raizner Slania, LLP
 8                                   JEFFREY L. RAIZNER, ESQ.
                                     2402 Dunlavy Street
 9                                   Houston, Texas 77006

10                                   Randall J. Trost, PC
                                     RANDALL J. TROST, ESQ.
11                                   Suite 1001
                                     801 Main Street
12                                   Lynchburg, Virginia 24504

13                                   Rieders, Travis, Humphrey,
                                     Waters & Dohrmann
14                                   CLIFFORD A. RIEDERS, ESQ.
                                     SASHA B. COFFINER, ESQ.
15                                   161 West Third Street
                                     Williamsport, Pennsylvania 17703
16
                                     Shelton Law Group
17                                   JOHN R. SHELTON, ESQ.
                                     Suite 215
18                                   9300 Shelbyville Road
                                     Louisville, Kentucky 40222
19
                                     Sidney P. Cominsky, LLC
20                                   SIDNEY P. COMINSKY, ESQ.
                                     Suite 1500
21                                   109 South Warren Street
                                     Syracuse, New York 13202
22
                                     Skikos, Crawford, Skikos &
23                                   Joseph, LLP
                                     MELISSA E. MIELKE, ESQ.
24                                   Suite 2830
                                     One Sansome Street
25                                   San Francisco, California 94104
```

```
1    APPEARANCES (Cont)

2       For the Plaintiffs:        Tate Law Group, LLC
        (Appearing By Phone)       MARK A. TATE, ESQ.
3                                  Suite 600
                                   2 East Bryan Street
4                                  Savannah, Georgia 31401

5                                  The Ruth Law Team
                                   STEVEN C. RUTH, ESQ.
6                                  AUSTIN J. GRINDER, ESQ.
                                   Suite 200
7                                  842 Raymond Avenue
                                   St. Paul, Minnesota 55114
8
                                   Zimmerman Reed, PLLP
9                                  JACQUELINE A. OLSON, ESQ.
                                   Suite 1100
10                                 80 South Eighth Street
                                   Minneapolis, Minnesota 55402
11
                                   Hare, Wynn, Newell & Newton
12                                 DONALD P. McKENNA, JR., ESQ.
                                   Suite 800
13                                 2025 Third Avenue North
                                   Birmingham, Alabama 35203
14
        For the Defendants:        Blackwell Burke, PA
15      (Appearing By Phone)       JERRY W. BLACKWELL, ESQ.
                                   BENJAMIN W. HULSE, ESQ.
16                                 MARY S. YOUNG, ESQ.
                                   Suite 2500
17                                 431 South Seventh Street
                                   Minneapolis, Minnesota 55415
18
                                   Faegre, Baker, Daniels, LLP
19                                 BRIDGET M. AHMANN, ESQ.
                                   Suite 2200
20                                 90 South Seventh Street
                                   Minneapolis, Minnesota 55402
21
        Court Reporter:            LORI A. SIMPSON, RMR-CRR
22                                 Suite 146
                                   316 North Robert Street
23                                 St. Paul, Minnesota 55101

24

25
```

**P R O C E E D I N G S**

**IN CHAMBERS**

1

2

3      JUDGE ERICKSEN:  First let's identify who we have

4   here.  We have a court reporter.  It's not Maria because

5   Maria is in -- she's on vacation.  We have Judge Noel and we

6   have Judge Leary.

7      I understand that on your side, in addition to the

8   people who are accustomed to participating by phone, we

9   have -- for the plaintiff we've got Mr. Gordon.  Are you

10  there?

11     MR. GORDON:  I am, Your Honor.

12     JUDGE ERICKSEN:  I thought I heard your voice.

13     And then Ms. Zimmerman, I thought I heard you

14  also.

15     MS. ZIMMERMAN:  Yes, Your Honor, I'm here.

16     JUDGE ERICKSEN:  Okay.  And Ms. Conlin?

17     MS. CONLIN:  Yes.

18     JUDGE ERICKSEN:  Anybody else on the plaintiffs'

19  side?

20     MR. SZERLAG:  David Szerlag, Your Honor.

21     JUDGE ERICKSEN:  Good morning.

22     MR. SZERLAG:  Good morning.

23     JUDGE ERICKSEN:  And then on the defendants' side

24  I know we have Mary Young.  I am going to start with you so

25  I don't forget, Mary Young.  Ms. Young, are you there?

```
 1                 MS. YOUNG:  I am, Your Honor.

 2                 JUDGE ERICKSEN:  And Mr. Blackwell?

 3                 MR. BLACKWELL:  I am.  Good morning, Your Honors.

 4                 JUDGE ERICKSEN:  Good morning.

 5                 Mr. Hulse?

 6                 MR. HULSE:  Yes.  Good morning.

 7                 JUDGE ERICKSEN:  Good morning.

 8                 And Ms. Ahmann?

 9                 MS. AHMANN:  Yes.  Good morning.

10                 JUDGE ERICKSEN:  All right.  Anybody else there on

11      the defendants' side?

12                 MR. BLACKWELL:  That's us, Your Honor.

13                 JUDGE ERICKSEN:  I don't know whose idea it was to

14      do this by phone, but it seems to be -- well, we'll see, but

15      it seems so far to be a pretty good idea.

16                 Was somebody else going to say something there?

17         (Pause)

18                 JUDGE ERICKSEN:  No.  Okay.

19                 Let's take a look, then, at the agenda.  Is there

20      anything on the pretrial orders or should we go to the

21      plaintiff fact sheets?

22                 MR. BLACKWELL:  For 3M, I think we can go to the

23      plaintiff fact sheets.

24                 COURT REPORTER:  If they could identify who they

25      are.  I don't know --
```

1          MR. GORDON:  Ben Gordon for plaintiffs.  We agree

2     with Mr. Blackwell.

3          JUDGE ERICKSEN:  Unless they say otherwise, when

4     it's just a question like this we'll be hearing from

5     Mr. Blackwell on the defendants' side and Mr. Gordon on the

6     plaintiffs' side.

7          MR. BLACKWELL:  Right.  And Judge Ericksen, there

8     is some discrete areas that within our team we have divvied

9     them up to speak to for the persons directly involved.  So

10    if we may, we would like to identify those persons so the

11    Court gets the best information.

12         JUDGE ERICKSEN:  Yes, and that's fine.  I'm just

13    telling Lori that unless it's someone other than you two, it

14    will be you two and you will identify when it is.

15         All right.  So the plaintiff fact sheets.

16         MR. HULSE:  Your Honor, this is Ben Hulse.  I can

17    speak to that.

18         JUDGE ERICKSEN:  All right.

19         MR. HULSE:  All right.  So to update you from

20    where we were at when we put in the report, so as of last

21    week at the time we put in the report there were about 70 to

22    75 cases that had overdue PSSs, that is, we had not received

23    any at all.  Some were two weeks overdue.  We've been

24    working with the plaintiffs to address that and the list is

25    now down to 27.

1    We do intend to proceed to seek relief on those

2    27.  We think there's been adequate opportunity and notice

3    now at that point to relevant counsel that they needed to

4    either get us a PSS or dismiss the case or let us know if

5    they need an extension and why.  These 27, we don't have any

6    of those things, so we do intend to proceed in the near term

7    to seek dismissal of those cases with prejudice.

8    JUDGE ERICKSEN:  Okay.  And Mr. Gordon, you'll --

9    MR. GORDON:  Your Honor --

10   JUDGE ERICKSEN:  Go ahead.

11   MR. GORDON:  Yes, Your Honor.  Thank you.  This is

12   Ben Gordon.

13   Briefly, I will agree with Mr. Hulse that

14   significant progress has been made just in the past week,

15   even 48 hours, with respect to the defense contention that

16   PSSs are deficient or overdue.

17   In fact, I think Mr. Hulse would concede that even

18   within the last hour I have notified them of a dispute with

19   respect to one of the remaining 27 in one of my cases where

20   they contend that it has not been served, the PSS.  We

21   believe it was served adequately on December 24th.

22   So my view on this globally, Your Honor, is that

23   we have made huge strides in the last week alone with

24   respect to what they believe is deficient and what we

25   believe is deficient and which cases need to be supplemented

1        and which need to be dismissed, and we're working diligently

2        to get that done.  I think Mr. Hulse would agree with that.

3                     Based on that, I think if the Court would give us

4        until the next status conference before any kind of punitive

5        action is considered with respect to potential orders to

6        show cause or even dismissals of cases, we can have this

7        either eliminated as an issue or refined down to the truly

8        few contested issues.

9                     JUDGE ERICKSEN:  Well, nothing has been --

10                    MR. HULSE:  If I may, Your Honor --

11                   JUDGE ERICKSEN:  Could I just say nothing has been

12       filed yet and so it would be premature for us, I think, to

13       say that there's some new deadline.  It sounds like you're

14       working diligently together and if there's a dismissible

15       case, everyone will agree to dismiss it.  If there is a

16       reason for the delay in the fact sheet, I imagine Mr. Hulse

17       will be understanding about that.  And if there are some

18       legitimate disputes, then there will be a motion filed.  But

19       without anything filed right now, I'm not inclined to set a

20       month-away target.

21                   MR. HULSE:  Thank you, Your Honor.  And we're not

22       proposing that.  Just wanted to let you know that we have

23       been working with the plaintiffs and that there's this

24       remaining group that there's been no satisfactory action on

25       to remedy, that it's overdue.  So we do intend to bring that

1    to the Court for action --

2              JUDGE ERICKSEN:  If necessary.

3              MR. HULSE:  If necessary, of course.

4              And separate -- there's separately the issue of

5    PSSs that have been received that have a core deficiency as

6    defined in PTO 14.  PTO 14 provides the process that we are

7    following.  About 75 percent of the PSSs that we've received

8    have one or more core deficiency.  I'm sure plaintiffs will

9    dispute some of those.  But anyway, we have a process we go

10   through.  The notices will start going out today and we'll

11   work through those, as provided by the Court's order.

12             JUDGE ERICKSEN:  Very well.

13             Now, on the bellwether selection plan, we're

14   fortunate that Judge Leary was able to come over and be with

15   us here.  So who wants to talk about the bellwether

16   selection plan, who wants to start that off?

17             MS. YOUNG:  Your Honor, this is Mary Young for the

18   defendants.

19             The first issue with respect to the bellwether

20   selection plan is the parties' joint request that we be

21   allowed a short extension of time until January 31st to put

22   in our 16 nominated cases, and that is just due to our joint

23   belief that it will take us a bit more time to get through

24   all of the PSSs.

25             So Your Honor has an idea, we have received -- of

1    the 150 randomly selected cases, we have received 115 PSSs

2    and two have not been received.  The remaining cases the

3    PSSs are not yet due because the bellwether pool included

4    cases filed up through December 19th and those PSSs will not

5    be due for 90 more days.  So we are working our way through

6    the group of 115 PSSs on each side to come up with our 16

7    nominated cases.

8         On January 9th the parties put in their joint

9    submission as to what a representative case may look like in

10   the consolidated action and agree that the nominated cases

11   should be either hip or knee procedures and that the kind of

12   random other procedures should not be selected, and that is

13   also before the Court.

14        And in addition, defendants proposed one category

15   and that is that it's our view that the cases should also

16   fall within a staph species bacteria.  And we have had an

17   opportunity to do some additional analysis on the 115

18   plaintiff fact sheets that have been received and believe,

19   based on that analysis of both the fact sheet and some

20   company medical records, that about 60 percent of those

21   cases fall within a hip and knee procedure and a staph

22   species bacteria.  So it's our view that those cases would

23   be most representative for the first bellwether selection.

24        So that is an issue that was teed up for the Court

25   on January 9th and we would request that the Court delineate

1    both of those categories today and give guidance to the

2    parties for a January 31st nomination date.

3            JUDGE ERICKSEN:  You're in agreement about the hip

4    and knee, so that's an easy one.  Mr. Gordon --

5            MR. GORDON:  Yes, Your Honor.

6            JUDGE ERICKSEN:  -- who on your side wants to talk

7    about this staph versus nonstaph infection?

8            MR. GORDON:  I'd be happy to step off the curb on

9    that, Your Honor, if I may.

10           JUDGE ERICKSEN:  Sure.  Look both ways.

11           MR. GORDON:  Yes, exactly, Your Honor.

12           First, obviously we agree with the extension to

13   January 31st.  I think that's appropriate.

14           I will say that with respect to the further

15   delineation of or stratification of cases along the lines

16   that Ms. Young suggests, Your Honor correctly points out

17   that we agree on the broadest variables in these cases,

18   which are hips, knees, and other types of devices or other

19   types of surgeries, and that those criteria apply broadly to

20   all of the cases under contention and under selection

21   consideration.

22           And to further stratify that based on a

23   controverted issue concerning a very complicated issue

24   relating to causation and other things I think misses the

25   mark with respect to a bellwether selection process.  I

1    think it limits the pool unnecessarily and artificially in a

2    way that simply gives us fewer cases to choose from.

3              The Court has already chosen to select from 150

4    cases.  The parties agree with the broad division of those

5    among these three areas: hip implants, knee implants, and

6    other.

7              The issue with respect to microbes is very complex

8    and, as I say, disputed because, for example, there are

9    many, many cases within this pool that have unknown microbe,

10   unknown pathogens at this point in time and may forever have

11   unknown pathogens.

12             It is not uncommon, Your Honor, and I think the

13   defense would concede this, for the medical personnel to

14   find a clear infection, they will see lots of neutrophils,

15   other cells that reflect infection, but when they do the

16   culture, they simply do not get a specific positive species

17   cultured out.  For some of these plaintiffs it will be

18   unclear whether they are staph or other species.

19             In addition, there are many cases in the mix

20   that -- again, the defense I think would agree -- have

21   multiple species.  In fact, I looked at two yesterday where

22   they have both enterococcus species and staph species that

23   contributed to their infection.  So what do we do with

24   those?

25             I think it presents a lot of expert issues and

1      factual issues that will simply confound the bellwether

2      process if we add that additional layer, Your Honor.

3              JUDGE ERICKSEN:  Well, we've got a couple

4      categories there, you've got staph and you've got unknowns.

5      And on the principle that the bellwether cases should

6      reflect the various categories of cases, I'm prepared to

7      give you an answer.  Let me just look to my colleagues here

8      and see if it's all right with them if I just go ahead and

9      rule here.

10             JUDGE LEARY:  (Nodding.)

11             MAGISTRATE JUDGE NOEL:  What's your answer?

12             JUDGE ERICKSEN:  Judge Noel is saying, well,

13     what's your answer.

14             We're not going to limit it to staph.  We won't

15     recognize the pathogen subcategory.  So we will go ahead

16     with the hip and knee restriction, but not the other.  And I

17     will, of course, grant the requested extension to

18     January 31st.

19             MR. GORDON:  Thank you, Your Honor.

20             MS. YOUNG:  Thank you, Your Honor.

21             JUDGE ERICKSEN:  Okay.

22             MS. YOUNG:  I think there is one additional issue

23     with respect to the nominations and that's related to the

24     inclusion of Ramsey County cases.

25             JUDGE ERICKSEN:  Right.  Judge Leary, did you

1    want --

2              JUDGE LEARY:  What did you want to say in that

3    regard?  And I have reviewed the e-mail that you sent

4    yesterday.  But is there anything you want to add?

5              MS. AHMANN:  This is Bridget Ahmann.  I think

6    we're just looking for some guidance as to what the

7    expectation is.  There's noted that each of the parties will

8    choose one to two cases, but we don't know where that falls

9    within the other bellwether workup or setting them for

10   trial.

11             The PSSs in Ramsey County will be due by the end

12   of the month and the parties to identify cases I think by

13   mid February, but I think that we're looking for a little

14   guidance as to where it goes beyond that.

15             JUDGE LEARY:  What do you mean by "where it goes"?

16   Are you trying to distinguish between the federally-filed

17   cases and the Minnesota-filed cases?

18             MS. AHMANN:  Right.  I mean, I think --

19             JUDGE LEARY:  I understood your question to be

20   whether or not -- given those bellwether cases, whether or

21   not any of them would be litigated in Ramsey County.  And

22   it's always been my understanding that at least one of those

23   cases would be litigated in Ramsey County.  Is that your

24   question?

25             MS. AHMANN:  Well, I mean, I think it is.  So if

1    we're going to -- the Court's order, I think, provides that

2    we agree to eight cases and then there is a workup of six

3    cases.  Are we saying that one of those cases is going to be

4    a Ramsey case workup for trial?

5                 JUDGE LEARY:  I would assume yes unless my

6    colleagues disagree.

7                 JUDGE ERICKSEN:  I do not disagree.  I figured

8    that there would be a Ramsey County workup.

9                 JUDGE LEARY:  And let me ask you this question in

10   that regard.  Is it helpful to the potential resolution of

11   these cases, given their bellwether designation, that you do

12   have one of the bellwether cases -- at least one of the

13   bellwether cases tried in Ramsey County?

14                MS. AHMANN:  Yeah, I don't know if it makes a

15   difference in terms of, you know, getting representative

16   cases on board.

17                JUDGE LEARY:  Okay.  Well, given that it doesn't

18   make a difference, then I would stand by what I said before.

19   At least one of those cases would be Ramsey County.

20                MR. GORDON:  Your Honor, from the plaintiffs'

21   standpoint, if you wish for me to respond?

22                JUDGE LEARY:  Go ahead, Mr. Gordon.

23                MR. GORDON:  Thank you, Judge Leary and Your

24   Honors.  You know, we read with interest the defendants'

25   submission with respect to this question.  In my re-reading

1    of the scheduling order and the bellwether paradigm, I don't

2    see anything that specifically addresses one way or the

3    other whether once we finalize the list of eight, we presume

4    agreed list of eight, one of those cases must be a Ramsey

5    County case, but I also am happy for the plaintiffs, I

6    believe, to report that we would be fine with that addition

7    or that requirement.  We don't think that it necessarily has

8    an impact, you know, one way or the other, but if the Court

9    would prefer that one of the cases selected of the six final

10   cases be a Ramsey County case, we're fine with that.

11            JUDGE ERICKSEN:  We're all nodding here.

12            JUDGE LEARY:  So this is Judge Leary.  I'm

13   agreeable to that and I would anticipate that one of those

14   cases that are designated be a Ramsey County case.  And if

15   you want to designate more than one, that's fine too.

16            JUDGE ERICKSEN:  But one of the six.

17            JUDGE LEARY:  One of the six.

18            JUDGE ERICKSEN:  If we're down to six, it will be

19   one of the six.

20            JUDGE LEARY:  Any other questions in that regard?

21       (Pause)

22            JUDGE LEARY:  I'm not hearing any.

23            JUDGE ERICKSEN:  Okay.  This is Judge Ericksen.

24   If you're not talking, could you make sure to push mute on

25   your speaker so that we don't hear side conversations and

 1    static.

 2             MR. GORDON:  Your Honor, if I might -- this is

 3    Mr. Gordon.  I might have one follow-up point that I imagine

 4    Ms. Ahmann might have questions or we might both be

 5    scratching our heads a little bit here in terms of how

 6    things play out and perhaps we can address it later, but

 7    with respect to the eight cases, if we agree on eight, I can

 8    imagine a scenario in which let's just say each side has

 9    selected one Ramsey County case and one or both of those

10    cases potentially could be stricken if each party had a

11    strike.  And so what I hear the Court saying is that if

12    there are only one or two cases among the eight, then it

13    would not be appropriate to use a strike to strike one of

14    those cases.

15             JUDGE ERICKSEN:  I don't think that's what we're

16    saying.  This is just the number that we're -- once

17    everything is said and done and we're down to the list after

18    strikes.

19             MR. GORDON:  And I suppose my question, Your

20    Honor, is that if --

21             JUDGE LEARY:  Mr. Gordon, if I understand your

22    question, is if one of the cases submitted is a Ramsey

23    County case and the other side strikes it, is that

24    appropriate or not; is that correct?

25             MR. GORDON:  Yes, Your Honor.  And will we then

22

```
1    have to pull up another case to replace that case?
2           JUDGE LEARY:  From my point of view, I think
3    that's a fair question and I think it's something that
4    perhaps the judges here need to discuss and perhaps discuss
5    privately.
6           MR. GORDON:  Thank you, Your Honor.
7           MR. BLACKWELL:  Judge Leary, it's Jerry Blackwell.
8    We are content to cross that bridge when we get there.
9    Obviously there will be some process of being able to strike
10   a Ramsey County case and to be able to replace it with
11   another Ramsey County case.  We're content to wait to hear
12   from Your Honors and to cross that bridge when we get there.
13          JUDGE LEARY:  From my point of view I think,
14   Mr. Blackwell, that's a reasonable way of looking at it.  It
15   will also allow the judges here an additional opportunity to
16   figure out where we want to go if we do have to come to that
17   point.
18          JUDGE ERICKSEN:  Okay.  Just give us a moment
19   here.  I'm going to put you on mute.  Don't go away, but
20   we're going to take a 30-second conversation and see if we
21   can give you an answer now on that.  Hold on one second.
22       (Judge Ericksen, Judge Leary, and Magistrate
23        Judge Noel confer off the record)
24          JUDGE ERICKSEN:  All right.  We're back.  Here's
25   the situation.  We agree that it makes sense to have a
```

1    bellwether trial in a Ramsey County case if possible.  And

2    so my thought is that if there are strikes such that we're

3    left without a Ramsey County case, then you'd pull another

4    one.

5              And the question that would be left potentially

6    for another day is if there's something about that process

7    that becomes really problematic and then, as with any other

8    unforeseen problem, we can cross that bridge.

9              But in terms of the planning, we're looking at

10   ending up with a Ramsey County case and if that means you

11   pick another one to replace a strike, then that's what it

12   means.

13             JUDGE LEARY:  This is Judge Leary.  I'm in

14   agreement with that.

15             MAGISTRATE JUDGE NOEL:  As am I.

16             JUDGE ERICKSEN:  And as is Judge Noel.

17             MR. GORDON:  Thank you, Your Honors.

18             MR. BLACKWELL:  Thank you.

19             JUDGE ERICKSEN:  Does that take the suspense out?

20             MR. GORDON:  For the time being.  We'll mount it

21   again later.

22             MR. BLACKWELL:  Agreed.

23             JUDGE ERICKSEN:  Okay.  And then the foreign

24   discovery is concluded, as I understand.  Is there anything

25   to discuss about that?

```
 1            MAGISTRATE JUDGE NOEL:  I was just going to say
 2     there was some kerfuffle at the last moment on the
 3     deposition of Dr. McGovern, as I recall, and I guess my only
 4     question -- this is Frank Noel.  My question is:  Are there
 5     any lingering issues or has that been resolved as a result
 6     of the last e-mails and telephone messages?
 7            MS. CONLIN:  It's been -- this is Jan Conlin.
 8     It's been resolved, Your Honor.
 9            MAGISTRATE JUDGE NOEL:  Thank you.
10            MR. BLACKWELL:  Thank you, Jan.  We concur.
11            MAGISTRATE JUDGE NOEL:  Okay.  Thank you.
12            JUDGE ERICKSEN:  All right.  And then there's some
13     action on the St. Louis cases that will proceed according to
14     the outline that is here in the joint agenda.  I don't think
15     there's anything we need to do about that right now.  Is
16     there?
17            MR. BLACKWELL:  Judge Ericksen, Mr. Hulse will
18     speak to this, but I think the Court should be aware of what
19     seems to be emerging in the city of St. Louis.
20            MR. HULSE:  I don't want to belabor this, Your
21     Honor, but basically that a plaintiffs' firm is trying to
22     start another MDL in St. Louis in the City of St. Louis
23     Court, split up the plaintiffs to avoid CAFA mass action
24     removal and then, you know, included one Minnesota defendant
25     in each case to defeat diversity.  So we've removed under
```

1   fraudulent joinder and lack of personal jurisdiction

2   arguments.  We've filed the tag-along.

3           Plaintiffs are objecting in the JPML to transfer,

4   so that will play out -- they've also sought remand.  So

5   that will be playing out in the Eastern District of Missouri

6   as well.  But depending on how things shake out, it may

7   be -- subject matter jurisdiction, personal jurisdiction

8   issues may well land before Your Honor.

9           JUDGE ERICKSEN:  But there's nothing here now?

10          MR. HULSE:  Not at this point.

11          MR. GORDON:  Your Honor, this is Ben Gordon.  I

12  would just say that while plaintiffs in the MDL don't have a

13  dog in this fight, so to speak, you know, just in terms of

14  Mr. Hulse's characterization, I would say that obviously I

15  think the plaintiffs' lawyers in Missouri have followed

16  whatever they believe are appropriate -- their prerogatives

17  under state law in Missouri and that process needs to play

18  itself out, you know, until and unless it's before this

19  Court, which it's not.

20          MAGISTRATE JUDGE NOEL:  Frank Noel here.  I think

21  you just answered the question I have, but just to be clear,

22  so the plaintiffs' lawyers who have filed these Missouri

23  actions do not have any plaintiffs who are in the MDL as we

24  speak?

25          MR. BLACKWELL:  For 3M, we don't know the answer

1    to that at this time.  We're sort of looking at each other

2    around the table here and, Judge Noel, we don't know the

3    answer to that yet.

4              MAGISTRATE JUDGE NOEL:  Mr. Gordon, do you know?

5              MR. GORDON:  I absolutely do not, Your Honor.  I

6    agree with Mr. Blackwell, none of us knows the answer to

7    that.  My assumption is that they do not have any cases in

8    the MDL, but I do not have an answer for you today.

9              MAGISTRATE JUDGE NOEL:  Okay.

10             JUDGE ERICKSEN:  Thank you.

11             MS. CONLIN:  This is Jan Conlin.  To be clear, I

12   don't want the Court left with some impression that there

13   is, you know, some acquiescence or blessing on our part on

14   what's going on.  I think Mr. Gordon stated it correctly,

15   which is folks are doing something down there and we're

16   not -- it's not part of anything that we're a part of.

17             MR. GORDON:  Correct, yes.

18             MAGISTRATE JUDGE NOEL:  And as I understand it,

19   it's simply two cases with multiple plaintiffs in each case;

20   is that correct?

21             MR. HULSE:  That's right, Your Honor.  They --

22             JUDGE LEARY:  Would you identify yourself, please.

23             MR. HULSE:  I'm sorry, Your Honor.  It's Ben

24   Hulse.  It's more than 100 plaintiffs collectively, but to

25   avoid mass action removal under CAFA, they split it into two

 1     groups of just over 50 and then divided their Minnesota

 2     defendants [sic] between the cases to defeat diversity.

 3                    MAGISTRATE JUDGE NOEL:   Okay.

 4                    MR. HULSE:   I mean the Minnesota plaintiffs.

 5                    MAGISTRATE JUDGE NOEL:   Thank you.

 6                    JUDGE ERICKSEN:   All right.   We'll step off that

 7     curb when we have to.

 8                    MR. GORDON:   We're all going to be using that

 9     expression.

10                    JUDGE ERICKSEN:   I love it.

11                    MR. GORDON:   In fairness, Your Honor, I borrowed

12     that from His Honor Judge Frank.

13                    JUDGE ERICKSEN:   The reason I like it is I might

14     have mentioned before the connection with this, but I lived

15     in England for two years and one of the things that has

16     forever been on my mind is which way to look when I step off

17     the curb because tourists are constantly getting run over

18     because they look the wrong way when they step off the curb

19     and then a double-decker bus creams them.

20                    And as a child I read a spy novel where somebody's

21     identity was given away as a spy because she looked to the

22     left rather than the right.   So that's part of why I like

23     that expression.

24                    Anyway, the other state court proceedings, I

25     didn't see any discussible issues there, but any -- am I

1   wrong about that?  And I am including the Canadian action in

2   that.

3            MR. BLACKWELL:  Your Honor, for 3M, we agree with

4   Your Honor, nothing there to add.

5            MR. GORDON:  Same for plaintiffs, Your Honor.

6            JUDGE ERICKSEN:  Okay.  And then on the discovery,

7   anything you want to bring up at this point?

8            MR. HULSE:  Yes, Your Honor.  It's Ben Hulse.  You

9   will be seeing or Judge Noel will be seeing another motion

10  with respect to Dr. Augustine's compliance with the

11  subpoenas and his prior order.  I think that's likely to go

12  on file today or tomorrow and I think we've reserved a

13  hearing spot for February 6th.  Another issue that we will

14  be addressing is noncompliance with the Court's order for

15  payment of fees and costs too, which are still outstanding.

16  So that's the status there.  We have continued

17  Dr. Augustine's deposition while we continue to pursue these

18  compliance issues.

19           MAGISTRATE JUDGE NOEL:  So the deposition won't --

20  so we had a date -- Frank Noel here.  We had a date earlier,

21  I thought, for issues relating to Dr. Augustine and then

22  that got moved.

23      (Magistrate Judge Noel and law clerk confer)

24           MAGISTRATE JUDGE NOEL:  Never mind.  Strike that.

25           MR. HULSE:  I think February 6th is the date that

 1    we have a hearing.

 2              MAGISTRATE JUDGE NOEL:  And so the deposition of

 3    Dr. Augustine will not occur until after whatever we rule on

 4    whatever motions you bring on that February 6th date; is

 5    that correct?

 6              MR. HULSE:  That's correct, Your Honor.

 7              MAGISTRATE JUDGE NOEL:  Okay.

 8              MR. HULSE:  Continuing on to the completion of the

 9    defendants' e-mail production, we have been working

10    expeditiously to complete that.  We've got nearly 90

11    reviewers who have been working nonstop to complete it.

12              The plaintiffs, we appreciate, were willing, after

13    we shared our plan with them to complete the rolling

14    production, were agreeable to continue the deadline to

15    complete that production to January 31st and we just ask the

16    Court's approval on that agreement.

17              JUDGE ERICKSEN:  So given.

18              MR. HULSE:  On depositions, Your Honors, what's

19    going on is laid out here in summary and I won't repeat it

20    and would just defer to anything that the plaintiffs'

21    counsel would like to add.

22              MR. GORDON:  This is Mr. Gordon, Your Honors.  I

23    would say I agree with Mr. Hulse, it's laid out here.

24    There's been additional work that continues, a deposition

25    yesterday.  We've been very cooperative in moving certain

1    depositions to accommodate the new discovery schedule.  I

2    think there are some additional discovery requests we will

3    be submitting with respect to third parties, very limited,

4    but those are not ripe.  And I agree with Mr. Hulse there's

5    nothing too controverted to dispute today.

6         JUDGE ERICKSEN:  Very well.  Any random thoughts,

7    Mr. Gordon, that you want to share?

8         (Laughter)

9         MR. GORDON:  Well, I enjoyed your anecdote about

10   the double-decker bus.  I will tell you that when my

11   daughter was five years old she was living in London or near

12   London in the Harrogate area and so I had an opportunity to

13   study abroad while in law school and for a semester I spent

14   time over there and had that exact incident you're

15   describing occur where I was holding her hand and she's five

16   years old and she stepped off the curb almost directly in

17   front of a red double-decker bus and all the people gasped.

18   It's a common occurrence.  Fortunately she was not smashed.

19        JUDGE ERICKSEN:  Yeah.  I think that the media

20   suppresses the numbers, at least there was talk of that when

21   I was over -- I taught trial practice there not too long ago

22   and it was still going on and I said, How come we never read

23   about this?  Why do you have to come over here to experience

24   it?  Of course everyone said it's because the tourist bureau

25   doesn't want people to know how many tourists get flattened

1  on the street.

2          Mr. Blackwell, any random thoughts on your part?

3          MR. BLACKWELL:  Your Honor, I've never had an

4  issue stepping off the curb in my life.

5     (Laughter)

6          JUDGE ERICKSEN:  You know, you always struck me as

7  a person who knows which way to look.

8     (Laughter)

9          MR. BLACKWELL:  Last random thought.  I just last

10  Saturday ordered eight more beehives to get ready for the

11  season.

12          JUDGE ERICKSEN:  Oh.

13          MR. BLACKWELL:  My final random thought, spring

14  will be here.

15          JUDGE ERICKSEN:  Wow.  I didn't even -- I must

16  have been out of the room when you revealed that you're a

17  beekeeper.

18          MR. BLACKWELL:  Yes, I do.  So there are 16 hives.

19  They are all ready.  I'm looking to get eight more for next

20  season.

21          JUDGE ERICKSEN:  Wow.

22          MS. CONLIN:  Mr. Blackwell, we're looking forward

23  to you sharing some of your honey with the rest of us.

24          MR. BLACKWELL:  I may not bring you honey, but

25  I'll bring you my sweetness.  Okay?

1          (Laughter)

2                  JUDGE ERICKSEN:  Well, okay.  Thanks, everybody.

3                  MR. BLACKWELL:  Thank you, Your Honor.

4                  JUDGE ERICKSEN:  It's been a pleasure.

5                  MR. GORDON:  Thank you very much, Your Honor.

6                  JUDGE ERICKSEN:  We'll meet again.  We're in

7      recess.

8          (Court adjourned at 10:10 a.m.)

9                              *      *      *

10

11

12

13          I, Lori A. Simpson, certify that the foregoing is a

14      correct transcript from the record of proceedings in the

15      above-entitled matter.

16

17                  Certified by:  *s/ Lori A. Simpson*

18                              Lori A. Simpson, RMR-CRR

19

20

21

22

23

24

25