UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

In re: BAIR HUGGER FORCED AIR　　　　MDL No 15-2666 (JNE/FLN)
WARMING DEVICES PRODUCTS
LIABILITY LITIGATION

AFFIDAVIT OF J. RANDALL BENHAM

This Document Relates to:
All Actions

1. My name is J. Randall Benham, and I am an attorney licensed to practice in Minnesota's state and federal courts. I am general counsel of Augustine Biomedical + Design LLC ("ABD"), and I perform a similar function for other business entities affiliated with ABD, including Augustine Temperature Management LLC and the other entities subject to Defendants' Motion to Compel. I also represent Dr. Scott Augustine, Chief Executive Officer of the various Augustine-related entities. The entities I represent shall be referred to hereafter as "Augustine."

2. The facts contained herein are within my personal knowledge (except when stated as being on information and belief) and are true and correct.

3. Over a period of months several years ago I considered the possibility of involving myself personally as an attorney representing persons injured by 3M's Bair Hugger patient warming--as an independent attorney, not as an employee of Augustine. My employment relationship with Augustine allows me to be involved with other

ventures so long as they are not adverse to Augustine or detract from the performance of my duties.

4. During this period, I performed a significant amount of legal research and analysis relating to product liability law and various procedural issues that might arise in such litigation. I did a substantial amount of research on Minnesota law and law within the 8th Circuit—statutes of limitation and the Discovery Rule, expert qualifications, award limitations...and several other legal topics. I shared some of my work product with Kennedy Hodges.

5. Ultimately, however, I decided not to become privately involved in litigation against Bair Hugger. In addition to my general lack of experience in personal-injury, I decided that the amount of time required would detract from my obligations to Augustine.

6. As best I recall, I first learned of Rosie Bartel through a "Google-push" news article that told the story of her activism and courage while dealing MRSA incurred during orthopedic implant surgery. I contacted her and offered to provide the research related to the risks of forced-air warming. She accepted.

7. Over time, I became friends with Rosie and her husband, David. We are approximately the same ages, and share similar religious faith and values. I did not urge Rosie to sue. Ultimately, however, she requested names of attorneys who might represent her.

8. I provided the information, including contact information for David Hodges. Rosie, however, chose not to engage Mr. Hodges, but selected a different attorney to represent her.

9. As best I recall, I have not made any other referrals to Kennedy Hodges or to any other law firm regarding potential litigation against Bair Hugger.

FURTHER AFFIANT SAYETH NOT

_____  1/31/17

J. Randall Benham