# EXHIBIT A: Defendants' Proposed Reply

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: BAIR HUGGER FORCED AIR WARMING DEVICES PRODUCTS LIABILITY LITIGATION | MDL No. 15-2666 (JNE/FLN) |
| This Document Relates To: All Actions | **REPLY TO KENNEDY HODGES, LLP'S SUBMISSION AND IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS ON AUGUSTINE'S PRIVILEGE LOG** |

Defendants submit this Reply in response to the Kennedy Hodges submission (ECF No. 197) and in support of Defendants' Motion to Compel Production of Documents on Augustine's Privilege Log. By failing to challenge Defendants' arguments concerning the non-privileged business relationship between Augustine and Kennedy Hodges, Kennedy Hodges confirms that Defendants' motion should be granted.

Kennedy Hodges first concedes that 15 of the documents on Augustine's December 2016 Privilege Log are not in fact entitled to any protection. Beyond that, Kennedy Hodges' response is most notable for what it does *not* say. It never challenges Defendants' argument that the Augustine-Kennedy Hodges relationship was a *business* relationship, rather than an attorney-client relationship. It does not argue that anything Augustine is withholding is protected by the attorney-client privilege. It does not assert that Augustine's role as a consultant justifies withholding any of the documents Augustine refuses to produce. And it never rebuts Defendants' point that Augustine's

privilege logs fail to satisfy the requirements of Rule 26.  Having interjected themselves into this discovery dispute between Defendants and Augustine, Kennedy Hodges has now forever and irrevocably waived any ability to argue otherwise.

Unable to rebut any of the Defendants' primary arguments, Kennedy Hodges resorts to a tactic with which Defendants are all too familiar—it has changed its story.  In opposition to Defendants' motion, Kennedy Hodges raises never-before-asserted bases for withholding documents on Augustine's privilege log, and even goes so far as to challenge this Court's prior rulings that the withheld documents are relevant.   The Court should reject these new arguments.

Their new argument that the communications are "opinion work product" fails because the work product was not "prepared **by or for** another **party** or its representative," as Rule 26(b)(3)(A) requires.  Kennedy Hodges has repeatedly denied that materials shared with Augustine were prepared for Tommy Walton, the plaintiff in the *Walton* case, and it fails to identify any other client for whom the material could have been prepared.  To the extent Kennedy Hodges means to suggest that these materials are work product prepared for Tommy Walton, it should be judicially estopped from doing so.  *Capella Univ., Inc. v. Executive Risk Specialty Ins. Co.*, No. 06-cv-607 (JMR/FLN), 2008 WL 4602087, at *4 (D. Minn. Oct. 14, 2008) ("Judicial estoppel is an equitable doctrine that prevents a party taking inconsistent positions in different judicial proceedings."), *aff'd on relevant grounds*, 617 F.3d 1040 (8th Cir. 2010).  Likewise, Kennedy Hodges' new argument that the documents are protected under a common-interest privilege fails because there can be no common interest without an underlying

attorney-client relationship or protected work product – which does not exist here. Nor does case law support extending the common interest privilege to what this is: a business enterprise between Kennedy Hodges and Augustine to foment litigation in order to advance Augustine's competitor product.

Kennedy Hodges argument that the logged materials are irrelevant also fails. This Court has already concluded in its orders on Defendants' motions to compel against Augustine that the communications between Kennedy Hodges and Augustine are relevant. That is the law of the case.

In sum, the Kennedy Hodges' response does not offer any evidence to support Augustine's assertions of privilege. Nor will any additional delay, or meeting-and-conferring (which Defendants have done for many months up until the day before they filed their motion), change the fact that Augustine has failed to satisfy his burden that the attorney-client and/or work product protections apply. This Court should grant Defendants' motion. If the Court harbors any doubt on whether any of the challenged materials are privileged, Defendants alternatively request that the Court review the withheld documents *in camera*.

## ARGUMENT

**I.  KENNEDY HODGES CONCEDES EACH OF DEFENDANTS' ARGUMENTS WHY THE CHALLENGED DOCUMENTS ARE NOT PRIVILEGED**

In their motion, Defendants set forth several different reasons why Augustine failed to meet his burden of proving that the attorney-client privilege or work product doctrine applied to prevent disclosure of the documents at issue. Kennedy Hodges'

3

response ignores these arguments and offers no evidence whatsoever to rebut the evidence Defendants have cited. Having had the opportunity to address these issues and having decided not to, Kennedy Hodges has forever waived any contrary arguments. *See Graham v. Rosemount, Inc.*, 40 F. Supp. 2d 1093, 1101 (D. Minn. 1999) (concluding that the plaintiff's decision to "decline[ ] to respond to defendants' arguments" means they were waived). This is true for each of the following four arguments raised by Defendants.

*First*, Kennedy Hodges offers no factual basis to rebut Defendants' argument that the withheld communications were made in connection with a business partnership with Augustine, rather than an attorney-client relationship. Indeed, Augustine has already admitted that it was a business relationship. ECF No. 185-1, Augustine Aff. ¶ 8. Kennedy Hodges asserts that there is a retainer agreement between itself and Augustine that establishes an attorney-client relationship, but it has neither produced that agreement nor attached it to its submission, even though it is not privileged. *See Diversified Indus., Inc. v. Meredith*, 572 F.2d 596, 603 (8th Cir. 1977) (communications that do not contain confidential information and only reveal the relationship between the parties, the purpose of which a law firm has been engaged, and the steps which the law firm intends to take in discharging its obligation to the client are not protected by the attorney-client privilege).[1] Kennedy Hodges' failure to support such a relationship with evidence simply confirms what Augustine has already admitted – that they have been engaged in a business enterprise to foment litigation, damage 3M's business, and advance Augustine's business.

---

[1] Augustine has located no retainer agreement in its own files. ECF 205 at 3.

4

That was their purpose, regardless of whether Augustine ultimately referred prospective clients to Kennedy Hodges.

*Second*, Kennedy Hodges offers nothing to backup Augustine's continued claim that many of the documents being withheld are attorney-client privileged. Nor does Kennedy Hodges dispute that any putative attorney-client relationship ended *years* before the 2013-2015 time frame at issue – and Kennedy Hodges would obviously know if they were Augustine's lawyers in that time period.

*Third*, Kennedy Hodges never argues that Augustine's role as a "consultant" justifies withholding any of the documents Augustine refused to produce. Kennedy Hodges instead characterizes Augustine interchangeably as a "non-retained" expert or a non-testifying expert (ECF No. at 3-5, 9); but it ***never*** claims that any particular documents on the privilege logs are protected as work product based upon that "consultant" relationship. Kennedy Hodges does not clearly state whether any such documents even exist, further undermining Augustine's assertion of privilege.

*Fourth*, Kennedy Hodges never disputes that Augustine's privilege log fails to meet the requirements of Rule 26. As described by Defendants in their moving papers, Augustine's logs lump the various claims of privilege together, preventing the Court and Defendants from knowing what privilege(s) he claims for any particular emails in the chain; it also uses vague and inconsistent descriptions between the various versions. ECF No. 197 at 9 (stating that "*[t]o the extent than any communications or other documents exist* from Dr. Augustine's role as a non-testifying expert consultant, those documents are protected from disclosure" (emphasis added).) That problem still has not been cured by

5

Augustine's revised logs. Kennedy Hodges and Augustine have had ample opportunity to provide Rule 26-compliant privilege logs, but they have simply chosen not to do so.[2] Their failure to even argue that the privilege logs comply with Rule 26 again confirms that the documents are not privileged and should have been produced.

The failure of Kennedy Hodges to dispute these four points results in a waiver of any argument to the contrary.

## II. KENNEDY HODGES HAS FAILED TO ESTABLISH THE BASIC REQUIREMENTS OF THE WORK-PRODUCT PRIVILEGE.

Never disputing Defendants' arguments, Kennedy Hodges instead asserts that some of the challenged documents are its own privileged "work product." Kennedy Hodges argues that the purported privilege over its "work product" extended to Augustine due to their alleged "common interest."

The fatal flaw with Kennedy Hodges' new theory is that it presupposes that Kennedy Hodges has an entitlement to work product protection in the first place. It does not – Kennedy Hodges has, by its own admissions, established that these materials are not privileged work product.

The burden of establishing work product is on the party asserting its protection. *See Triple Five of Minn., Inc. v. Simon*, 212 F.R.D. 523, 527 (D. Minn. 2002) ("The party asserting the attorney-client privilege or the work product doctrine bears the burden to provide a factual basis for its assertions."). The work product doctrine is set forth in Rule

---

[2] Defendants' counsel explained their specific expectations for the format of the log in two separate emails and a phone discussion with Augustine's counsel. Defendants did not, as Augustine claims, generically refer Augustine to Rule 26.

26(b)(3)(A) and generally shields from production "documents and tangible things that are prepared in anticipation of litigation or for trial ***by or for another party*** or its representative." Fed. R. Civ. P. 23(b)(3) (emphasis added).

There is no free-floating work product privilege for materials prepared by an attorney. Under the Rule, work product must be prepared "by or for [a] party or its representative." This means that work product cannot be established in a vacuum. It must be tied to a specific client and an actual or anticipated litigation for a specific client.[3] Here, Kennedy Hodges has already conceded that the document as to which they assert a work product privilege do not relate to a specific client or litigation. In *Walton*, the Court denied Defendants' motion to compel plaintiff Tommy Walton to produce communications with Augustine based on Kennedy Hodges' representation that it "had no contact or communications with Dr. Augustine relative to this case [that is, the *Walton* case]" aside from one phone call. Kennedy Hodges *prevailed* on 3M's motion to compel based on that representation. ECF No. 185-1, *Walton* Order. If Kennedy Hodges' lawyers now mean to suggest that the *Walton* court misunderstood (ECF No. 197 at 4), they should have said something to correct the *Walton* court at the time. Instead, they took the win and moved on.

---

[3] For this same reason, the purported "work product" that Mr. Benham shared with Kennedy Hodges is also not privileged and should be produced. In his affidavit filed on February 1, Mr. Benham explains that he prepared this "work product" as an "independent attorney, not as an employee of Augustine." ECF No. 206 ¶ 4. He did not prepare it on behalf of any client, but instead based on the "possibility" that he might represent a client in a lawsuit against Defendants in the future. This does not qualify as protected work product under the plain language of Rule 26(b)(3)(A).

7

To the extent Kennedy Hodges now means to suggest that it *did* provide work product prepared for Tommy Walton to Augustine, it should be judicially estopped from making that assertion.[4]  That position would be clearly inconsistent with the position it took with the *Walton* court, it prevailed before the *Walton* court as a result of that prior position, and Kennedy Hodges will impair Defendants' ability to take vital discovery if not estopped.  *See Capella Univ., Inc. v. Executive Risk Specialty Ins. Co.*, 617 F.3d 1040, 1051 (8th Cir. 2010) (setting forth elements of judicial estoppel).

Kennedy Hodges and Augustine likewise cannot rely on the common interest doctrine.  The common interest doctrine applies *only* if there is a privilege in the first place.  *See Transunion Intelligence LLC v. SearchAm. Inc.*, 11-1075 (PJS/FLN), 2013 WL 12145008 at *3 (D. Minn. Nov. 14, 2013) (Noel, J.) ("the common interest doctrine protects *already privileged information* when it is shared among two or more parties who are represented by counsel and share a common legal, factual or strategic interest;" "[a]ny document that was *already protected by a valid privilege* before it was shared remains protected under the common interest doctrine").  Documents that are created and arise out of the parties' common interests do not constitute work product where, as here, they do not otherwise meet the requirement that those documents be prepared "by or for another party or its representatives."  *Bartholomew v. Avalon Capital Group, Inc.*, 278 F.R.D.

---

[4] At one point in their submission, Kennedy Hodges asserts that the purported "work product" shared with Augustine was prepared "in the greater context of the product liability lawsuit." ECF 197 at 7.  But it never says what that "product liability lawsuit" was, or identify the client. Kennedy Hodges already has made clear that it was not work prepared for Tommy Walton. This deliberate ambiguity underscores that Kennedy Hodges has not carried its burden to establish work product protection.

8

441, 451 (D. Minn. 2011). Moreover, no legal authority (and Kennedy Hodges cites none) supports the idea that a common *business* relationship, which is what Kennedy Hodges and Augustine admittedly have here, is sufficient to sustain a "common interest" for purposes of work product protection.

### III. THIS COURT HAS ALREADY REJECTED KENNEDY HODGES' RELEVANCE OBJECTION AND SHOULD LIKEWISE REJECT THEIR COMPLAINTS ABOUT THE MEET-AND-CONFER PROCESS.

Finally, Kennedy Hodges contends in conclusory fashion that the documents at issue "are not relevant to the instant action." ECF No. 197, at 2, 12-13. This position is dead wrong and flies in the face of the Court's prior orders on Defendants' motions to compel, which have recognized that the discovery requests at issue seek relevant information. The relevance of the documents Defendants are seeking is no longer an issue that can be disputed.

Kennedy Hodges also claims that Defendants did not meet and confer enough before filing their motion. Defendants have met and conferred with Augustine, over and over, for many months, up until the filing of this motion. Kennedy Hodges likewise was included in the meet-and-confer correspondence running up to Defendants' filing, and as members of Plaintiffs' Executive Committee they were fully aware of Defendants' dispute with Augustine over its privilege logs for many months. Defendants' unsuccessful pre-filing efforts to get a straight response from Augustine and Kennedy Hodges as to the relief sought in Defendants' motion are set forth in their Meet and Confer Statement. ECF No. 186; *see also* ECF No. 198, Hodges Aff. Ex. F (meet-and-confer correspondence). In addition, Defendants shared their reasons for disagreement

9

with Kennedy Hodges' new arguments in an email exchange on February 2. Kennedy Hodges did not substantively respond. It is clear that yet more discussion and delay will not result in any change to Augustine's or Kennedy Hodges' positions. Nonetheless, if they unexpectedly change course before the February 7 hearing and agree to produce more of the documents that Defendants are challenging, Defendants are ready to meet and confer any time.

## **CONCLUSION**

For the reasons set for above, this Court should reject the arguments advanced by Kennedy Hodges for protection of the various documents on the privilege logs. The Court should grant Defendants' motion and order Augustine to produce (1) the 23 Kennedy-Hodges-related documents listed on his privilege log of August 17, 2016, as well as (2) the 84 Kennedy-Hodges-related documents listed on his privilege log of December 22, 2016. At a minimum, the Court should order an *in-camera* inspection so it can assess whether Augustine has properly withheld documents.

Dated: February 2, 2017						Respectfully submitted,

								s/Benjamin W. Hulse
								Jerry W. Blackwell
								MN Atty ID No. 0186867
								Benjamin W. Hulse
								MN Atty ID No. 0390952
								Mary S. Young
								MN Atty ID No. 0392781
								**Attorneys for Defendants 3M Company and Arizant Healthcare Inc.**
								BLACKWELL BURKE P.A.
								431 South Seventh Street, Suite 2500
								Minneapolis, MN 55415
								T: (612) 343-3200   F: (612) 343-3205
								blackwell@blackwellburke.com
								bhulse@blackwellburke.com
								myoung@blackwellburke.com

								Bridget M. Ahmann
								MN Atty ID No. 016611x
								**Attorneys for Defendants 3M Company and Arizant Healthcare Inc.**
								FAEGRE BAKER DANIELS LLP
								2200 Wells Fargo Center
								90 South Seventh Street
								Minneapolis, MN 55402
								T: (612) 766-7000   F: (612) 766-1600
								bridget.ahmann@faegrebd.com