## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: BAIR HUGGER FORCED AIR WARMING DEVICES PRODUCTS LIABILITY LITIGATION | MDL No. 15-2666 (JNE/FLN) |
| This Document Relates To: All Actions | **DEFENDANTS' REQUEST TO STRIKE PLAINTIFFS' SUBMISSION (ECF NO. 191) IN "RESPONSE" TO DEFENDANTS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS ON AUGUSTINE'S PRIVILEGE LOG** |

Defendants respectfully request that the Court exercise its inherent authority to police its docket and enforce the Local Rules by striking Document 191 and the accompanying electronic and under-seal filings. This document, which Plaintiffs have styled as "Plaintiffs' Response to Defendants' Motion to Compel Production of Documents on Augustine's Privilege Log," was filed without leave of the Court as required by Local Rule 7.1.  By Plaintiffs' own up-front admission, it has no relevance to the privilege and work-product issues raised by Defendants' motion.  Rather, it is Plaintiffs' *de facto* trial brief: a parade of false statements, innuendo, and egregious mischaracterizations of the evidence, all in the service of repeating attacks that Plaintiffs have copied from Scott Augustine and now dubiously claim to have come up with on their own. In support of this request to strike, Defendants further state as follows:

1. Plaintiffs' unauthorized submission plainly violates the Local Rules. Local Rule 7.1(i) provides that, except with the Court's prior permission, a party "must not file a memorandum of law except as expressly allowed under LR 7.1." Plaintiffs are not parties to Defendants' discovery disputes with Augustine and admit up front that they have no stake in those disputes. Doc. 191-1 at 1 ("Plaintiffs have no stake in the relief sought in Defendants' Motion, and have taken no position during this non-party discovery dispute."). Plaintiffs' submission is thus unauthorized, improper, and extraneous, and the Court should strike it. *See Shqeirat v. U.S. Airways Grp.,* 515 F. Supp. 2d 984, 1008-09 (D. Minn. 2007) (granting motion to strike letters "that amount to unsolicited supplemental memoranda of law" prohibited under Rule 7.1); *Am. Dairy Queen Corp. v. Blume*, 2013 WL 1748436, at *6 (D. Minn. Jan. 11, 2013) (granting motion to strike based, *inter alia*, on violation of Rule 7.1(i)'s bar on filing unsolicited memorandum of law without court's prior permission); *see also Ille v. Am. Family Mut. Ins.,* 2004 WL 741843, at *4 (D. Minn. 2004) (denying motion to strike as moot but noting "unsolicited memoranda of law are disallowed by Local Rule 7.1").

2. Likewise, the substance of Plaintiffs' submission has nothing to do with Defendants' motion. It never responds to any of the arguments in Defendants' motion against Augustine, offers no facts bearing on the issues in that motion, and neither urges nor opposes any relief. Instead, Plaintiffs' submission recites their closing argument on the merits of their claims against the 3M™ Bair Hugger™ patient warming system— what they call a "partial exposition of the evidence." For this reason as well, the Court should exercise its inherent power to police its docket and strike Plaintiffs' submission.

3. Plaintiffs are absolutely right to call their submission a "*partial* exposition of the evidence" – it partially quotes documents and deposition testimony in order to obscure the full facts. Defendants will respond comprehensively to Plaintiffs' falsehoods and mischaracterizations of the record in the appropriate procedural context, which this is not. In the interim, the Court should not take seriously Plaintiffs' attempted hit piece. To that end, Defendants point out just a few examples of Plaintiffs' "partial" exposition of the facts:

    a. Plaintiffs rely on the centerpiece of Augustine's campaign – the McGovern (2011) paper – to claim a "significant increase in deep joint infection" with forced-air compared to conductive warming. But at his deposition, Mark Albrecht, a co-author of the study and a central figure in Dr. Augustine's "publication factory," stated that the study "did not prove causation." (Ex. A, Albrecht Dep. at 279:6–280:9.) Albrecht also admitted that "when the Bair Hugger forced-air warming unit was used with the exact same antibiotic regimen and the exact same [anti-clotting medication] as the HotDog" there "was no difference in the rate of infection for those periods." (*Id.* at 283:6-21.) This bears repeating: for the study periods in which the prophylactic medications and other variables were properly controlled, there was *no difference* in the infection rate.

    b. Plaintiffs cite Bernards (2004) to claim that "Bair Huggers were harboring and incubating dangerous bacteria beyond the filter." This same paper featured prominently in Augustine's fear-mongering and discredited "Blowing Air Is Risky" brochure, which a German court ordered him to cease distributing. Plaintiffs, like

3

Augustine, fail to inform the Court that Bernards and his colleagues found the bacteria on dust caught *in* the filter – exactly where you would expect to find bacteria present in ambient air. They did not find the bacteria "beyond the filter" as Plaintiffs allege. The researchers also found the same bacteria in other devices (mechanical ventilators and continuous veno-venous hemofiltration machines), and therefore they did not and could not conclude that the bacteria caught in the Bair Hugger filter was "responsible for the outbreak" as Plaintiffs falsely assert. The authors merely theorized that filters becoming contaminated may "possibly serv[e] as a secondary source of transmission" and "dust may be relevant in the epidemiology of [the bacterium] *A. baumannii*."

    c. Plaintiffs try to suggest that Dr. Andrea Kurz, a pioneer in patient warming for more than three decades, has repudiated her life's work. But Plaintiffs are relying on *their own counsel's deposition question*, not Dr. Kurz' testimony, when they allege that "[i]n today's scientific standards, there is no reliable evidence that supports maintaining normothermia reduces the incidence of infection." Although plaintiffs' counsel got Dr. Kurz, a non-native English speaker, to initially agree with their argumentative statement near the end of a long day of testifying, she definitively corrected her testimony in response to a later question:

> Q. I want to make it clear. You're not saying -- or are you saying that you -- you – that the evidence today no longer supports the idea that act -- that maintenance of normothermia reduces the risk of surgical-site infections?
>
> [Objection omitted]
>
> A. I think, if I understand you correctly, I'm not saying that. I am saying that ***I still believe that maintenance of normothermia***

> *decreases infection risk*, but the effect size might be closer to 30-percent reduction or so, which in effect is *a humongous, enormously large effect size for any medical intervention*.

(Ex. B, Kurz Dep. at 200:25-201:12 (emphasis added).)  Dr. Kurz—who insists on warming all patients at the Cleveland Clinic, no matter the duration of the procedure—remains a passionate believer in the benefits of maintaining normal body temperature.  For plaintiffs to suggest otherwise is a smear against Dr. Kurz.  It beggars belief that Plaintiffs would make this assertion, knowing full well what Dr. Kurz actually testified.

Defendants will address the remainder of Plaintiffs' submission at the appropriate time, assuming Plaintiffs still are standing by it.  For now, the Court should enforce the local rules and strike it from the docket.

Dated: February 3, 2017　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　*s/*Benjamin W. Hulse
　　　　　　　　　　　　　　　　　　　　Jerry W. Blackwell
　　　　　　　　　　　　　　　　　　　　MN Atty ID No. 0186867
　　　　　　　　　　　　　　　　　　　　Benjamin W. Hulse
　　　　　　　　　　　　　　　　　　　　MN Atty ID No. 0390952
　　　　　　　　　　　　　　　　　　　　Mary S. Young
　　　　　　　　　　　　　　　　　　　　MN Atty ID No. 0392781
　　　　　　　　　　　　　　　　　　　　**Attorneys for Defendants 3M Company and Arizant Healthcare Inc.**
　　　　　　　　　　　　　　　　　　　　BLACKWELL BURKE P.A.
　　　　　　　　　　　　　　　　　　　　431 South Seventh Street, Suite 2500
　　　　　　　　　　　　　　　　　　　　Minneapolis, MN  55415
　　　　　　　　　　　　　　　　　　　　T: (612) 343-3200    F:  (612) 343-3205
　　　　　　　　　　　　　　　　　　　　blackwell@blackwellburke.com
　　　　　　　　　　　　　　　　　　　　bhulse@blackwellburke.com
　　　　　　　　　　　　　　　　　　　　myoung@blackwellburke.com

　　　　　　　　　　　　　　　　　　　　Bridget M. Ahmann
　　　　　　　　　　　　　　　　　　　　MN Atty ID No. 016611x
　　　　　　　　　　　　　　　　　　　　**Attorneys for Defendants 3M Company and Arizant Healthcare Inc.**
　　　　　　　　　　　　　　　　　　　　FAEGRE BAKER DANIELS LLP
　　　　　　　　　　　　　　　　　　　　2200 Wells Fargo Center
　　　　　　　　　　　　　　　　　　　　90 South Seventh Street
　　　　　　　　　　　　　　　　　　　　Minneapolis, MN 55402
　　　　　　　　　　　　　　　　　　　　T: (612) 766-7000    F: (612) 766-1600
　　　　　　　　　　　　　　　　　　　　bridget.ahmann@faegrebd.com