# Exhibit O



# BLACKWELL BURKE P.A.

**Deborah Lewis**
Direct Dial: 612-343-3228
E-Mail: dlewis@blackwellburke.com

**Via Email**
January 13, 2017

Gabriel Assaad
Kennedy Hodges LLP
4409 Montrose Blvd, Suite 200
Houston, TX 77006

Re: In re: Bair Hugger Forced Air Warming Devices Products Liability Litigation, MDL 2666 – Third-party Subpoena to VitaHEAT Medical, LLC

Dear Mr. Assaad:

This letter sets forth VitaHEAT Medical, LLC ("VitaHEAT") written objections to the Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action ("Subpoena") and Exhibit A, which you signed on or about December 30, 2016 in the above-referenced case. Without waving its objections below, VitaHEAT is currently undertaking a good faith, reasonable and diligent effort to determine what non-privileged documents, if any, may be responsive to the Subpoena, and whether *any* document production is warranted, reasonable and/or appropriate given that VitaHEAT is not a party to the lawsuit, and VitaHEAT's mobile patient warming device has no relevance to the claims or issues in this lawsuit.

General Objections to the Subpoena to Produce Documents and Exhibit A

1. VitaHEAT objects to the date and time of the document production – January 13, 2017 – because it fails to allow a reasonable time in which to respond and/or comply. Although the Subpoena was served on Friday, December 30, 2016, VitaHEAT did not receive a copy of the Subpoena until several days later, and is being asked to produce documents in 26 overly broad categories in less than two weeks from the notice. Because VitaHEAT is not a party to this lawsuit, had no prior knowledge of the relevant issues in the lawsuit until receipt of the Subpoena, and needs a reasonable amount of time to determine what non-privileged documents, if any, may be responsive to the Subpoena, and whether any document production is reasonable or warranted, January 13, 2017 is an unreasonable date in which to respond.

2. VitaHEAT objects to Exhibit A in its entirety because Plaintiffs have not made a threshold showing that all documents requested are material and relevant to any claim or issue in the case. In fact, Magistrate Noel has made clear in his November 23, 2016 Order that product design documents of a medical device not identified by any party, including Plaintiffs, as a reasonable, safer, alternative

Objection Letter to Plaintiffs' Subpoena to VitaHEAT Medical, LLC
Page 2

==design have no relevance in this case. For the same rationale articulated by Magistrate Noel, documents concerning VitaHEAT are not relevant in this case.==

3.   VitaHEAT objects to Exhibit A in its entirety because the Subpoena and Exhibit A are overly broad, oppressive, harassing, create an undue burden, hardship and expense on VitaHEAT, and are for the purpose to annoy VitaHEAT.

4.   VitaHEAT objects generally to the Definitions and Instructions listed in Exhibit A to the extent they are overly broad, vague and ambiguous, harassing, inconsistent with the Federal Rules of Civil Procedure and/or definitions from relevant federal statutes/regulations/guidance, inconsistent with the ordinary and customary meaning of such terms, are factually incorrect and unsupported by the appropriate scientific meaning, and are beyond the expectations and requirements of Federal Rules of Civil Procedure 26 and 34.

5.   VitaHEAT objects to the requests in Exhibit A to the extent such requests ask for documents protected from disclosure by the attorney-client privilege, attorney work product doctrine, protection of trade secrets, and confidential research, development or sensitive commercial information, other protected matters, and any other applicable privileges, exemptions or contractual confidentiality provisions.

6.   VitaHEAT objects to Exhibit A to the extent it asks for confidential information or documents of persons who are not parties to this action and/or who are protected from disclosure by the patient/physician privilege relationship and/or federal or state authority and regulatory law including, without limits, the Health Insurance Portability and Accountability Act of 1996 *et seq.*

Specific Objections to the Subpoena to Produce Documents and Exhibit A

7.   VitaHEAT objects to Request Nos. 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, and 12 concerning the design and testing of VitaHEAT UB3 patient warming system, articles and publications, and FDA regulatory submissions. All such requests are overly broad, vague and ambiguous, not limited to non-privileged and otherwise non-protected documents, unduly burdensome and oppressive, harassing, and ask for documents that are not relevant to any claim or issue in this lawsuit and are not proportional to the needs of this case. VitaHEAT further objects to these Requests because any alleged benefit gained from their production is not out-weighed by the undue burden, hardship and annoyance placed on VitaHEAT. VitaHEAT is a small company with a small administrative staff and no internal legal department. VitaHEAT also objects to these Requests to the extent they ask for documents that are equally accessible to Plaintiffs and are in the public domain (e.g. articles and publications and summary of 510k submission).

8.   VitaHEAT objects to Request Nos. 13, 14, 15, 16, 17 and 18 concerning the business relationship, agreements and communications between VitaHEAT and any defendant in this lawsuit. These Requests are overly broad, not limited in scope to the UB3 patient warming system, not limited to non-privileged and other non-protected documents, unduly burdensome and oppressive, harassing, annoying and ask for documents that are not relevant to any claim or issue in this lawsuit and are not proportional to the needs of this case.

9.   VitaHEAT objects to Request Nos. 19, 21 and 22 as overly broad, vague and ambiguous, unduly burdensome, and harassing both in terms of communications with the vast number of persons


BLACKWELL BURKE P.A.

Objection Letter to Plaintiffs' Subpoena to VitaHEAT Medical, LLC
Page 3

listed (e.g. "other professional working at a medical facility or within the health care industry" or "any other relevant agency or entity") as well as the request for such information about "any patient warming device". This Request is not limited to non-privileged and other non-protected documents, and is not relevant to any claim or issue in this lawsuit and not proportional to the needs of this case.

10. VitaHEAT also objects to Request No. 20 because it is overly broad and vague and ambiguous in the term "other marketing efforts". VitaHEAT further objects to this Request as overly broad and unduly burdensome in asking for advertisement or other marketing efforts to any "other professional working at a medical facility or within the health care industry". VitaHEAT objects to the extent the documents requested are equally accessible to Plaintiffs and are in the public domain. VitaHEAT objects because such documents are not relevant to any claim or issue in the case and are not proportional to the needs of this case.

11. Finally, VitaHEAT objects to Request Nos. 23, 24, 25 and 26 concerning information about and communications with VitaHEAT Board of Director members and/or communications between VitaHEAT employees and Defendants because such requests are overly broad, not limited in scope to a reasonably specific and relevant subject matter, unduly burdensome and harassing, not limited to non-privileged and other non-protected documents, invasive of personal and privacy issues, and ask for information that is not relevant to any claim or issue in the case and are not proportional to the needs of this case.

After your review of these objections, we invite Plaintiffs to meet and confer with us about Plaintiffs' burdensome and arduous subpoena requests. We will make ourselves available at a reasonable time during the week of January 16, 2017.

Respectfully,

Deborah Lewis
Counsel for VitaHEAT


cc: Plaintiffs' Co-lead Counsel


BLACKWELL BURKE p.a.