# Exhibit P

**Ciresi Conlin** LLP

**VIA ELECTRONIC MAIL**

January 20, 2017

Ms. Deborah Lewis
Blackwell Burke, PA
431 S. 7th Street, Ste. 2500
Minneapolis, MN 55415

Re: *In re Bair Hugger Forced Air Warming Devices Prod. Liability Litig.*

Dear Ms. Lewis:

I write in response to the January 19, 2017 meet and confer regarding VitaHEAT Medical, LLC's ("VitaHEAT") objections to the Subpoena to Produce Documents, Information, or Objects, which Plaintiffs served on VitaHEAT on December 30, 2016. As you made clear during the meeting, VitaHEAT does not dispute that 3M recently obtained exclusive rights to distribute a patient-warming device otherwise known as the VitaHEAT UB3 ("UB3"); nor does VitaHEAT dispute that the UB3 provides conductive warming therapy for use in all hospitals and surgical settings. Yet VitaHEAT globally objects to Plaintiffs' discovery requests regarding the design, safety, and efficacy of the UB3 on the ground that the device has no relevance whatsoever to Plaintiffs' claims in the above-captioned litigation.

In response to your objection, I represented that at this time Plaintiffs are relying on the UB3, among other conductive warming devices, as a safer alternative design to the Bair Hugger forced-air warming system at issue in this litigation. I also maintained that Plaintiffs would state as much to the Court. As discussed and in light of your position, Plaintiffs will seek clarification from the Court as to whether Judge Noel's November 23, 2016 Order, which VitaHEAT cites to support its objection to all discovery on the UB3, necessarily precludes such discovery.

Sincerely,

Jan M. Conlin

cc: Gabe A. Assaad
Ben W. Gordon
Genevieve M. Zimmerman

---

Jan M. Conlin
Partner

E: JMC@CiresiConlin.com
P: 612-361-8202

225 South 6th St.
Suite 4600
Minneapolis, MN 55402
612-361-8200
CiresiConlin.com