# Exhibit R



Mary S. Young
Direct Dial: 612-343-3214
E-Mail: myoung@blackwellburke.com

February 6, 2017

<u>Via e-mail only</u>

Genevieve M. Zimmerman
Meshbesher & Spence Ltd.
1616 Park Avenue South
Minneapolis, MN  55404

Jan M. Conlin
Michael A. Sacchet
Ciresi Conlin LLP
225 South Sixth Street, Suite 4600
Minneapolis, MN  55402

Ben W. Gordon
Levin Papantonio, P.A.
316 S. Baylen Street, Suite 600
Pensacola, FL  32502-5996S

RE:   *In re Bair Hugger Forced Air Warming Devices Products Liability Litigation*
MDL No. 15-2666-JNE-FLN

Dear Counsel:

We are in receipt of Plaintiffs' Notice of Rule 30(b)(6) Deposition to 3M ("Deposition Notice") and Exhibit A requesting 3M Company produce corporate representatives to testify regarding 18 separate topic areas. Set forth below are 3M's responses and objections to the Deposition Notice. 3M, where indicated below, will provide one or more corporate designees to testify at a date and time agreed to by the parties regarding information known or reasonably available to 3M.

To the extent 3M agrees to provide testimony, 3M does so without waiving the right to assert additional objections to this or any other deposition notice or to make appropriate objections during the deposition(s). 3M also does not waive its right to object to the use of the testimony in any subsequent proceeding in this or any other action.

3M generally objects as overly broad to those topic areas seeking information regarding 3M Bair Hugger products not identified by Plaintiffs as products that allegedly caused or contributed to

February 6, 2017
Page 2

their alleged injuries, and topic areas not limited to any specific or relevant time period. To the extent 3M provides testimony outside the relevant areas, 3M does not intend to waive any of its objections to the topic areas.

3M also generally objects to the topic areas to the extent they call for attorney work product or attorney-client privileged information, and/or any other applicable privilege.

3M's specific responses and objections to the Deposition Notice and Exhibit A are outlined below.

*No. 1: The filtration efficiency of the Bair Hugger 700 series, 500 series, and 200 series.*

Subject to and without waiving the foregoing general objections and specific objections below, 3M will produce a witness to testify relating to this topic area as to non-privileged information known or reasonably available to 3M regarding the filtration efficiency of the 3M Bair Hugger 700 series and 500 series products allegedly used in Plaintiffs' surgeries at issue in this litigation.

3M objects to this topic area as overly broad because it (i) seeks information about the 3M Bair Hugger 200 series models – products that are not at issue in this case; (ii) seeks information about 3M Bair Hugger 700 and 500 series models beyond those allegedly used in Plaintiffs' surgeries at issue in this litigation; and (iii) is not limited to the Bair Hugger models placed into service by 3M. Accordingly, the topic area seeks information that is not relevant to any party's claim or defense, and to provide such information would require unreasonable efforts and expense on behalf of 3M disproportionate to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1). 3M also objects to this topic area to the extent it calls for attorney work product and/or attorney-client privileged information.

*No. 2: The identity of the filter manufacturer for the Bair Hugger 700 series, 500 series, and 200 series, including the time period in which each such company manufactured the filter(s).*

Subject to and without waiving the foregoing general objections and specific objections below, 3M will produce a witness to testify relating to this topic area as to information known or reasonably available to 3M regarding the 3M Bair Hugger 700 series and 500 series products allegedly used in Plaintiffs' surgeries at issue in this litigation.

3M objects to this topic area as overly broad because it (i) seeks information about the 3M Bair Hugger 200 series models – products that are not at issue in this case; (ii) seeks information about 3M Bair Hugger 700 and 500 series models beyond those allegedly used in Plaintiffs' surgeries at issue in this litigation; and (iii) is not limited to the Bair Hugger models placed into service by 3M. Accordingly, the topic area seeks information that is not relevant to any party's claim or defense, and to provide such information would require unreasonable efforts and expense on behalf of 3M disproportionate to the needs of the case.

*No. 3: Decisions relating to filter design, filter mediums, and filter efficiency of the Bair Hugger 700 series, 500 series, and 200 series, including the safety validation for filter design decisions.*

2

February 6, 2017
Page 3

Subject to and without waiving the foregoing general objections and specific objections below, 3M will produce a witness to testify relating to this topic area as to non-privileged information known or reasonably available to 3M regarding the 3M Bair Hugger 700 series and 500 series products allegedly used in Plaintiffs' surgeries at issue in this litigation.

3M objects to this topic area as overly broad because it (i) seeks information about the 3M Bair Hugger 200 series models – products that are not at issue in this case; (ii) seeks information about 3M Bair Hugger 700 and 500 series models beyond those allegedly used in Plaintiffs' surgeries at issue in this litigation; and (iii) is not limited to the Bair Hugger models placed into service by 3M. Accordingly, the topic area seeks information that is not relevant to any party's claim or defense, and to provide such information would require unreasonable efforts and expense on behalf of 3M disproportionate to the needs of the case. 3M also objects to this topic area to the extent it calls for attorney work product and/or attorney-client privileged information.

*No. 4: Decisions relating to the labeling and warnings for the Bair Hugger 700 series, 500 series, and 200 series.*

Subject to and without waiving the foregoing general objections and specific objections below, 3M will produce a witness to testify relating to this topic area as to non-privileged information known or reasonably available to 3M regarding the 3M Bair Hugger 700 series and 500 series products allegedly used in Plaintiffs' surgeries at issue in this litigation.

3M objects to this topic area as overly broad because it (i) seeks information about the 3M Bair Hugger 200 series models – products that are not at issue in this case; (ii) seeks information about 3M Bair Hugger 700 and 500 series models beyond those allegedly used in Plaintiffs' surgeries at issue in this litigation; and (iii) is not limited to the Bair Hugger models placed into service by 3M. Accordingly, the topic area seeks information that is not relevant to any party's claim or defense, and to provide such information would require unreasonable efforts and expense on behalf of 3M disproportionate to the needs of the case. 3M also objects to this topic area to the extent it calls for attorney work product and/or attorney-client privileged information.

*No. 5: Justifications for design changes between Bair Hugger models.*

Subject to and without waiving the foregoing general objections and specific objections below, 3M will produce a witness to testify relating to this topic area, to the extent it is understood, as to information known or reasonably available to 3M regarding the 3M Bair Hugger 700 series and 500 series products allegedly used in the Plaintiffs' procedures at issue in this litigation.

3M objects to this topic area because the phrase "[j]ustifications for design changes" is vague and ambiguous. 3M further objects to this topic area as overly broad because it (i) seeks information about 3M Bair Hugger 700 and 500 series models beyond those allegedly used in Plaintiffs' surgeries at issue in this litigation; and (ii) is not limited to the Bair Hugger models placed into service by 3M. Accordingly, the topic area seeks information that is not relevant to

February 6, 2017
Page 4

any party's claim or defense, and to provide such information would require unreasonable efforts and expense on behalf of 3M disproportionate to the needs of the case.

*No. 6: Any internal testing performed by Defendants to evaluate the potential for the Bair Hugger patient-warming system or any component thereof to disrupt the sterile surgical field, disperse airborne particles and/or pathogens, harbor bacteria inside the device, and/or cause surgical site infections.*

Subject to and without waiving the foregoing general objections and specific objections below, 3M will produce a witness to testify relating to this topic area as to any non-privileged information known or reasonably available to 3M.

3M objects to this topic area to the extent it calls for attorney work product and/or attorney-client privileged information.

*No. 7: Defendants' knowledge and analysis of third-party testing regarding the potential of the Bair Hugger patient-warming system or any component thereof to disrupt the sterile surgical field, disperse airborne particles and/or pathogens, harbor bacteria inside the device, and/or cause surgical site infections.*

Subject to and without waiving the foregoing general objections and specific objections below, 3M will produce a witness to testify relating to this topic area as to non-privileged information known or reasonably available to 3M.

3M objects to this topic area to the extent it calls for attorney work product and/or attorney-client privileged information.

*No. 8: Data or research supporting the claim that Bair Hugger blankets act as an additional filter or otherwise reduce the potential for contamination in the operating room.*

Subject to and without waiving the foregoing general objections and specific objections below, 3M will produce a witness to testify relating to this topic area as to non-privileged information known or reasonably available to 3M.

3M objects to this topic area to the extent it calls for attorney work product and/or attorney-client privileged information.

*No. 9: Defendants' evaluation of the safety, effectiveness, and efficiency of the VitaHEAT patient-warming product.*

3M objects to this topic area and will not produce a witness. Specifically, 3M objects to this topic area to the extent it calls for attorney work product and/or attorney-client privileged information. 3M further objects because this topic seeks information that is not relevant to the claims and defenses in this MDL, and to provide such information would require unreasonable efforts and expense on behalf of 3M disproportionate to the needs of the case. The VitaHEAT

February 6, 2017
Page 5

UB3 system cannot be a "feasible safer alternative design" to the Bair Hugger system because it is a different product that employs an entirely different kind of warming technology: conductive warming. *See, e.g., Sassa v. Genentech Inc.*, 2012 WL 956192, at *7 (S.D. Tex. Mar. 19, 2012) (plaintiffs "cannot demonstrate the existence of a safer alternative design by pointing to a substantially different product, even when the other product has the same general purpose as the allegedly defective product"); *Burks v. Abbott Labs.*, Civil No. 08-3414 (JRT/JSM), 2010 WL 1576779, at *4 (D. Minn. Apr. 20, 2010) (noting that plaintiffs "appear to confuse the existence of an alternative 'design' with an alternative 'product'"). Responding further, 3M incorporates by reference its January 13, 2017 letter setting forth 3M Company's objections to the third-party subpoena issued by plaintiffs to VitaHEAT Medical, LLC.

*No. 10: The reasons for acquiring license rights to sell and/or distribute the VitaHEAT patient-warming product.*

3M objects to this topic area and will not produce a witness. Specifically, 3M objects to this topic area to the extent it calls for attorney work product and/or attorney-client privileged information. 3M also objects to this topic area to the extent it calls for proprietary, trade secret, or other commercially sensitive information that is not relevant to any party's claims or defenses. Further, this topic seeks information that is not relevant to the claims and defenses in this MDL, and to provide such information would require unreasonable efforts and expense on behalf of 3M disproportionate to the needs of the case because the VitaHEAT UB3 system cannot be a "feasible safer alternative design" to the Bair Hugger system because it is a different product that employs an entirely different kind of warming technology – conductive warming. *See, e.g., Sassa*, 2012 WL 956192, at *7; *Burks*, 2010 WL 1576779, at *4. Responding further, 3M incorporates by reference its January 13, 2017 letter setting forth 3M Company's objections to the third-party subpoena issued by plaintiffs to VitaHEAT Medical, LLC.

*No. 11: The purpose, activities, conclusions reached, and outcome of "Project Ducky."*

Subject to and without waiving the foregoing general objections and specific objections below, 3M will produce a witness to testify relating to this topic area as to non-privileged information known or reasonably available to 3M.

3M objects to this topic area as overly broad because it purports to request information related to all "activities." Accordingly, to provide such information would require unreasonable efforts and expense on behalf of 3M disproportionate to the needs of the case. 3M also objects to this topic area to the extent it calls for attorney work product and/or attorney-client privileged information.

*No. 12: The purpose, activities, conclusions reached, and outcome of "Project Volcano."*

Subject to and without waiving the foregoing general objections and specific objections below, 3M will produce a witness to testify relating to this topic area as to non-privileged information known or reasonably available to 3M.

5

3M objects to this topic area as overly broad because it purports to request information related to all "activities." Accordingly, to provide such information would require unreasonable efforts and expense on behalf of 3M disproportionate to the needs of the case. 3M also objects to this topic area to the extent it calls for attorney work product and/or attorney-client privileged information.

*No. 13: The purpose, activities, conclusions reached, and outcome of "Project BMW."*

3M objects to this topic area and will not produce a witness. Specifically, 3M objects to this topic area to the extent it calls for attorney work product and/or attorney-client privileged information. 3M also objects to this topic areas to the extent it calls for proprietary, trade secret, or other commercially-sensitive information that is not relevant to any party's claims or defenses. 3M further objects to this topic area as overly broad because it purports to request information related to all "activities." Finally, 3M incorporates by reference its January 13, 2017, letter setting forth 3M Company's objections to the third-party subpoena issued by plaintiffs to VitaHEAT Medical, LLC.

*No. 14: Information requested and responses provided during the due diligence period of 3M's acquisition of Arizant regarding the potential of the Bair Hugger patient-warming device to disrupt the surgical field, disperse particles and/or pathogens, harbor bacteria inside the device, and/or cause surgical site infections.*

Subject to and without waiving the foregoing general objections and specific objections below, 3M will produce a witness to testify relating to this topic area, to the extent there exists any non-privileged information known or reasonably available to 3M.

3M objects to this topic area because it assumes facts that have not been established. 3M also objects to this topic area to the extent it calls for attorney work product and/or attorney-client privileged information.

*No. 15: Negotiations regarding the price of 3M's acquisition of Arizant, including factors and circumstances considered by 3M in estimating the value of Arizant.*

3M objects to this topic area and will not produce a witness. Specifically, 3M objects to this topic area to the extent it calls for attorney work product and/or attorney-client privileged information. 3M also objects to this topic area to the extent it calls for proprietary, trade secret, or other commercially sensitive information that is not relevant to any party's claims or defenses, and to provide such information would require unreasonable efforts and expense on behalf of 3M disproportionate to the needs of the case.

*No. 16: Internal procedures and policies for validating the safety of a 3M medical product.*

Subject to and without waiving the foregoing general objections and specific objections below, 3M will produce a witness to testify relating to this topic as it would relate to the Bair Hugger patient warming system.

February 6, 2017
Page 7

3M objects to this topic area because the phrase "validating the safety of a 3M medical product" is vague and ambiguous. 3M further objects to this topic area as overly broad because it seeks information about procedures and policies for all 3M medical products, and is not limited to the products at issue in this case. Accordingly, the topic area seeks information that is not relevant to any party's claim or defense, and to provide such information would require unreasonable efforts and expense on behalf of 3M disproportionate to the needs of the case.

*No. 17: Defendants' compliance with medical device reporting (MDR) regulations with respect to the Bair Hugger patient-warming system and allegations of infection.*

Subject to and without waiving the foregoing general objections and specific objections below, 3M will produce a witness to testify relating to this topic area as to non-privileged information known or reasonably available to 3M.

3M objects to this topic area to the extent it calls for attorney work product and/or attorney-client privileged information.

*No. 18: Payments and agreements made any time after the commencement of the Walton lawsuit with persons possessing knowledge of relevant facts with respect to Bair Hugger litigation.*

3M objects to this topic area and will not produce a witness. Specifically, 3M objects to this topic area because the phrase "persons possessing knowledge of relevant facts" is vague and ambiguous. 3M further objects to this topic area as overly broad because it purports to request information related to "all persons possessing knowledge of relevant facts with respect to the Bair Hugger litigation," which would include, for example, compensation paid to current 3M employees. To provide such information would require unreasonable efforts and expense on behalf of 3M disproportionate to the needs of the case. Finally, 3M objects to this topic because Plaintiffs have already taken extensive deposition testimony from many witnesses on the subject of the litigation consulting agreements in *Walton* and *Johnson*, and seeking additional testimony on these agreements is cumulative and harassing.

We are available to meet and confer and look forward to hearing from you.

Sincerely,

*s/Mary S. Young*

Mary S. Young
MSY:ck