UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: BAIR HUGGER FORCED AIR WARMING PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates To: All Actions | MDL No. 15-2666<br>(JNE/FLN)<br><br>**DECLARATION OF JAN CONLIN IN SUPPORT OF PLAINTIFFS' MOTION TO OVERRULE VITAHEAT MEDICAL LLC's RELEVANCY OBJECTION TO SUBPOENA** |

Jan M. Conlin, being first duly sworn, deposes and declares:

1. I am one of the attorneys representing Plaintiffs in this multidistrict litigation.

2. On December 30, 2016, Plaintiffs subpoenaed VitaHEAT Medical, LLC ("VitaHEAT Medical") to produce documents under Federal Rule of Civil Procedure 45.

3. VitaHEAT Medical objected to the subpoena via letter on January 13, 2017.

4. Among other objections, VitaHEAT Medical asserted that its UB3 patient-warming device has no relevance to the claims or issues in this multidistrict litigation.

5. On behalf of Plaintiffs in this litigation, I met and conferred with VitaHEAT Medical's counsel, Ms. Deborah Lewis of Blackwell Burke, P.A., on January 19, 2017.

6. Although VitaHEAT Medical's counsel did not dispute that 3M obtained distribution rights to the UB3 or that the UB3 provides warming therapy in all surgical settings, VitHEAT Medical reiterated its objection that the UB3 is not relevant to this case.

7. In response to VitaHEAT Medical's objection, I represented that at this time Plaintiffs are relying on the UB3, among other conductive warming devices, as a safer alternative design to the Bair Hugger forced-air warming system at issue in this litigation.

1

8. I also maintained that Plaintiffs would work with VitaHEAT to narrow and/or clarify any overbroad and/or ambiguous discovery requests in Plaintiffs' subpoena.

9. VitaHEAT Medical's counsel and I nonetheless agreed that Plaintiffs would seek guidance from the Court as to the merits of VitaHEAT Medical's relevancy objection.

10. On January 20, 2017, I sent a letter to VitaHEAT Medical's counsel reiterating the main respective positions of the parties as expressed at the meet and confer.

11. VitaHEAT Medical's counsel responded on January 23, 2017, stating the letter did not accurately describe VitaHEAT Medical's objections to Plaintiffs' subpoena.

12. According to VitaHEAT Medical's counsel, the UB3 is not a safer alternative design to the Bair Hugger because the UB3 is an entirely different product.

13. I respectfully responded that VitaHEAT Medical's objection had been duly noted in Plaintiffs' January 19, 2017 letter regarding the respective positions of the parties.

14. Despite these two meet and confers, Plaintiffs and VitaHEAT Medical have been unable to resolve VitaHEAT Medical's relevancy objection to Plaintiffs' subpoena.

15. I therefore submit this signed and sworn declaration in support of Plaintiffs' Motion to Overrule VitaHEAT Medical's Relevancy Objection to the Subpoena.

Pursuant to 28 U.S.C. § 1746(2), I declare under penalty of perjury that the foregoing is true and correct. Executed on February 8th, 2016.

Jan M. Conlin (MN #0192697)
CIRESI CONLIN LLP
225 S. 6th Street, Suite 4600
Minneapolis, MN 55402
Phone: (612) 361-8202

2