UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

In re: BAIR HUGGER FORCED AIR　　　　　　　　　MDL No. 15-2666 (JNE/FLN)
WARMING DEVICES PRODUCTS
LIABILITY LITIGATION

**ORDER**

―――――――――――――――――――――――

Genevieve Zimmerman, Mike Sacchet, and Jan Conlin, for Plaintiffs.
Jerry Blackwell, Bridget Ahmann, and Mary Young for Defendants.
J. Randall Benham for Respondents Scott Augustine et al.
Gabriel Assaad and David Hodges, for Plaintiffs and Respondent Kennedy Hodges, LLP

―――――――――――――――――――――――

**THIS MATTER** came before the undersigned United States Magistrate Judge on February 7, 2017, on 3M and Arizant Healthcare, Inc.'s ("Arizant") motions to compel production of documents from Respondents Scott Augustine and his related entities ("Augustine") (ECF No. 182) and to strike Plaintiffs' response brief to the motion to compel (ECF No. 212). At the hearing, oral argument was made by Defendants and Respondents Augustine and Kennedy Hodges, LLP ("KH"). Defendants motion to strike Plaintiffs' response was **DENIED**. As set forth below more fully, Defendants' motion to compel remains **under advisement**. To the extent Defendants seek the alternative relief of *in camera* inspection, the motion is **GRANTED**.

On November 3, 2015, this Court ordered Augustine to fully comply with subpoenas served on him by 3M and Arizant (collectively "Defendants") in underlying actions surrounding the Bair Hugger Forced Air Warming Device ("Bair Hugger"). *Timothy Johnson v. 3M Company et al.*, No. 2-14-cv-02044 (D. Kan.), and *Tommy Walton v. 3M Company et al.*, No. 4:13-cv-01164 (S.D. Tex.); Order, ECF No. 45, Misc. No. 15-mc-64. Specifically, Augustine was ordered to appear for a deposition, to create a privilege log in accordance with Rule 26(b)(5) of the Federal Rules of Civil

Procedure, and to provide other responsive documents. ECF No. 45 at 8–9, Misc. No. 15-mc-64. On December 11, 2015, these cases were consolidated along with several others into a Multi-District Litigation ("MDL") and transferred to the District of Minnesota. Transfer Order, ECF No. 1. Discovery, therefore, started over and Augustine was served on June 7, 2016, with a subpoena that made 58 requests for discovery. Hines Decl. ¶ 2, ECF No. 132; Def.'s Ex. G, ECF No. 131. On November 23, 2016, this Court concluded that the privilege log produced by Augustine on August 17, 2016 which contained 23 entries, did not comply with Federal Rule of Civil Procedure 26, and ordered him to produce a sufficient privilege log. Order, ECF No. 148; *see* Ahman Aff. Ex. J, ECF No. 185. Augustine then produced a privilege log on December 22, 2016, which contained 115 entries. ECF No. 185, Ex. H. Augustine contends that these logs are identical but that the December privilege log merely contains more detail whereas Defendants contend that because documents on the August privilege log are not entered into the December privilege log, these logs are cumulative.[1]

The parties have sought judicial intervention over communications between Augustine and KH numerous times in both the prior underlying Bairhugger cases and since the consolidation of the cases into the MDL. *See* Hodges Aff. Exs. A–B, E, ECF No. 198; ECF No. 45, Misc. No. 15-mc-64; ECF No. 148. Augustine has asserted both attorney-client and work product privilege over these communications, KH contends that it is their work product, and Defendants argue that they are entitled to production of the communications because to the extent that KH may have had work

---

[1]
> Defendants identified the following entries from Augustine's August 2016 Privilege Log that were not contained in his December 2016 Privilege Log as follows: Entry 1: 2/1/13; Entry 3: 4/29/13; Entry 4: 4/30/13; Entry 5: 5/1/13; Entry 6: 5/15/13; Entry 10: 5/29/13; Entry 11: 5/31/13; Entry 19: 12/3/13; Entry 23: 2/9/15. Augustine contends that any error or omissions are inadvertent.

2

product privilege, it has been waived in sharing it with Augustine. *See generally* Defs.' Mem. in Supp. of Mot. to Compel, ECF No. 184; KH Resp. Mem., ECF No. 197; Augustine Resp. Mem., ECF No. 205. In an attempt to better understand the asserted privilege, the Court ordered Augustine to submit "a sworn statement identifying (1) the beginning and ending dates of any periods during which he claims an attorney-client or litigation consultant relationship with the Kennedy Hodges law firm and (2) the general nature of the representation or consultancy." ECF No. 148. In his affidavit, Augustine attested that "the attorney-client relationship between Augustine and Kennedy Hodges began in 2009," and has "never been formally terminated." ECF No. 185, Ex. A. He also attested that at some point, he became "a non-testifying expert."

KH submitted an executed July 6, 2009 engagement letter, confirming that some kind of attorney-client relationship existed between Augustine and KH. A copy of this engagement letter has now been provided to Defendants. In the Order denying Defendants' First Motion to Compel Production in *Tommy Walton v. 3M Company et al.*, the Texas U.S. District Court Judge explicitly noted that "Dr. Augustine is not a consulting or testifying expert for Plaintiff in this case." ECF No. 198, Ex. A at 2. Additionally, while "Dr. Scott Augustine" was listed as a potential expert in the *Walton* case in an October 1, 2014 letter, KH agreed to de-designate him after Defendants objected. *Id.*, Exs. D–E. Finally, in KH's own brief in *Walton*, KH argued that a motion to compel discovery responses should be denied because "the only responsive communications are protected by attorney-client privilege . . . there are no communications of any kind between Dr. Augustine and [KH] relating to the discovery of record in this case or relating to the particular facts involving [Walton]." *Id.*, Ex. F.

Defendants now move for Augustine "to produce (1) the 23 Kennedy-Hodges-related

3

documents listed on his privilege log of August 17, 2016, as well as (2) the 84 Kennedy-Hodges-related documents listed on his privilege log of December 22, 2016." Mot. to Compel, ECF No. 182. Augustine argues that work product privilege attaches to all of these documents. ECF No. 205; Benham Aff, ECF No. 206; ECF No. 185, Exs. H and J. Specifically, "Augustine felt an obligation both to identify the Kennedy Hodges work product and to avoid damaging the privilege—at least until Kennedy Hodges could become involved in protecting its own work product." ECF No. 205 at 6. KH has determined that documents 2, 6, 11, 12, 15, 20, 23, 27, 39, 40, 44, 45, 53, 78, and 81 on Augustine's December 2016 privilege log, are not work product and have produced these documents to Defendants. ECF No. 197 at 1n.1 (citing ECF No. 185, Ex. H). Defendants do not concede that there is an attorney-client privilege related to documents 85 through 115 on the December 2016 privilege log, but are not now seeking to compel their production.

Many, if not all, of the documents on the privilege logs, KH has identified as protected by the work product doctrine. When asked at the hearing on whose behalf the work was performed, counsel for KH said, the MDL Plaintiffs. Assuming the documents at issue were initially KH work product performed for the MDL Plaintiffs, the first question for this Court is whether Augustine and the MDL Plaintiffs have a common interest such that work product and the attorney-client communications can be shared between them without waiving the protection of either privilege. The Court concludes they do not.

> The Eighth Circuit has described the common-interest doctrine as follows:
>
> If two or more clients with a common interest in a litigated or non-litigated matter are represented by separate lawyers and they agree to exchange information concerning the matter, a communication of any such client that otherwise qualifies as privileged . . . that relates to the matter is privileged as against third persons. Any

4

>such client may invoke the privilege, unless it has been waived by the client who made the communication.

*In re Grand Jury Subpoena Duces Tecum*, 112 F.3d 910, 922 (8th Cir. 1997); *see also In re Regents of Univ. of Cal.*, 101 F.3d 1386, 1389 (Fed. Cir. 1996). It is well established that the party who claims the benefit of the privilege has the burden of establishing the right to invoke its protection. *S&S Forage & Equip. Co. v. Up North Plastics, Inc.*, No. , 1999 WL 34967061, at *4 (D. Minn. Oct. 25, 1999) (quoting *Hollins v. Powell*, 773 F.2d 191, 196 (8th Cir. 1985)). In order to demonstrate that documents and/or communications are protected by the common interest doctrine, it is Augustine's burden to show (1) that it had a common interest with the MDL Plaintiffs; (2) that the communications at issue were designed to further that interest; and (3) that the nature of the interest was legal, and not solely commercial. *In re Regents of Univ. of Cal.*, 101 F.3d at1389. Augustine has failed to meet its burden to establish a common interest between himself and the MDL Plaintiffs. Indeed, Augustine has repeatedly disclaimed any legal interest in the Bairhugger litigation.

However, the foregoing conclusions do not resolve the entire question of whether any of the documents on either privilege log must be produced. It does appear that in July 2009, an attorney-client relationship was established between Augustine and KH. The Court is not able to ascertain the extent of this relationship and whether the documents described in the privilege logs at issue fall within the ambit of privilege. Therefore, within seven (7) days of the date of this Order, Augustine must produce all 23 documents described in its August 2016 privilege log, and the documents at issue in its December 2016 privilege log, for *in camera* inspection. These documents should be produced in separate and identified batches so that the Court can consider the August privilege log requests and the December privilege log requests separately. To the extent that these documents overlap, the copies should still be produced in each respective batch. The documents de-designated as protected and already produced to Defendants—namely documents 2, 6, 11, 12, 15, 20, 23, 27,

39, 40, 44, 45, 53, 78, and 81 on Augustine's December 2016 privilege log—do not need to be produced for *in camera* inspection.

Based upon the foregoing, and all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendants' motion to strike Plaintiffs' response brief (ECF No. 212) is **DENIED** and Defendants' motion to compel (ECF No. 182) remains **under advisement**. To the extent Defendants seek the alternative relief of *in camera* inspection, the motion is **GRANTED**. Augustine must produce the 23 documents on its August 2016 privilege log and the contested documents on its December 2016 privilege log to the Court within seven (7) days of the date of this Order for *in camera* inspection as described above. To the extent the motion seeks Augustine to pay costs and attorneys' fees incurred in connection with bringing this motion, the motion is **DENIED**.

DATED: February 10, 2017                    *s/Franklin L. Noel*
                                            FRANKLIN L. NOEL
                                            United States Magistrate Judge