## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: BAIR HUGGER FORCED AIR WARMING DEVICES PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates To:<br>All Actions | MDL No. 15-2666 (JNE/FLN)<br><br>**DECLARATION OF DEBORAH E. LEWIS IN SUPPORT OF JOINT OPPOSITION OF NONPARTY VITAHEAT MEDICAL, LLC AND DEFENDANTS TO PLAINTIFFS' MOTION TO OVERRULE VITAHEAT'S RELEVANCE OBJECTION** |

I, DEBORAH E. LEWIS, do declare and state the following:

1. I am one of the attorneys representing non-party VitaHEAT Medical, LLC ("VitaHEAT") in its response and objections to a subpoena Plaintiffs served on VitaHEAT on December 30, 2016.

2. I submit this declaration in support of the Joint Opposition of Non-party VitaHEAT Medical, LLC and Defendants to Plaintiffs' Motion to Overrule VitaHEAT's Relevance Objection.

3. VitaHEAT's dated January 13, 2017 letter objecting to the subpoena identified numerous grounds for objection, including relevancy, undue burden, hardship and expense, and protection of trade secret and sensitive commercial information, among other things. *See* Pl. Mem. Ex. R.

4.	I spoke with Jan Conlin, Plaintiffs' counsel, on January 19, 2017, at which time Ms. Conlin advised that she did not want to discuss any issue other than VitaHEAT's relevance objection.

5.	After receiving Ms. Conlin's meet and confer letter dated January 20, 2017, I sent Ms. Conlin an email on January 23, 2017 stating that her letter did not accurately reflect the substance of our meet and confer discussion, including her refusal to discuss any of VitaHEAT's objections other than relevancy.  *See* Ex. 1.

6.	I did not agree, as Ms. Conlin asserts in her Declaration, to limit the issue presented to the Court to the issue of relevance.  I merely told her that I understood that was Plaintiffs' position.  *Id.*

7.	During a second meet and confer phone conference on January 23, 2017 at which time I expressed my concern that Ms. Conlin's letter did not accurately reflect our complete discussion, including her refusal to discuss burden and breadth objections VitaHEAT asserted, Ms. Conlin again made clear that she did not want to discuss on the call any objections other than relevancy.

8.	During the meet and confer on January 23, there was no agreement that VitaHEAT would limit its objections to relevance at any hearing on the subpoena.

9.	Also attached as Exhibit 2 to this Declaration is a true and correct copy of an opinion referenced in the Joint Opposition: the Ruling on the Motions for Summary Judgment Filed by Defendants American Optical Corporation and 3M Company, signed/initialed by Judge Jeff Weill, Sr., July 1, 2014, Cause No. 251-12-970, *Clanton v.*

*American Optical Corp & 3M Co., et al.,* in the Circuit Court of Hinds County, Mississippi, First Judicial District.

  Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on:  February 16, 2017         <u>s/ Deborah E. Lewis</u>
                       Deborah E. Lewis

3