# EXHIBIT 2

TO:      All Counsel
FROM:    Judge Jeff Weill, Sr. *[signature]* 7/1/14
DATE:    ~~June 30, 2014~~
RE:      *Clanton v. 3M Co., et al* Cause No. 251-12-970

## RULING ON THE MOTIONS FOR SUMMARY JUDGMENT FILED BY DEFENDANTS AMERICAN OPTICAL CORPORATION AND 3M COMPANY

This Court, having heard and considered the Motions for Summary Judgment filed by the Defendants American Optical Corp. and 3M Co., the Plaintiffs' Responses, Replies of the Defendants, the court-ordered supplements filed by the parties, the other submissions of the parties and oral arguments, the Court finds as fact and law the following:

1. The Plaintiff, Jerry L. Clanton, filed his Complaint against American Optical and 3M[1] on August 30, 2012, seeking damages for the Plaintiff's lung condition that he alleges was caused by exposure to respirable silica during the years of 1988-2003. Plaintiff's claims of design defect, negligence, and punitive damages remain against American Optical and 3M, which the Plaintiff claims arise from American Optical's defective respirator, the AO 1010 and/or 3M's defective respirator, the 3M 8710. American Optical and 3M have moved separately for summary judgment, essentially on the same grounds,[2] arguing that the Plaintiff's claims were filed beyond the applicable statute of limitations. American Optical and 3M further contend that summary judgment is proper, as the Plaintiff cannot prevail on the necessary elements of his design defect claim.

2. **Statute of Limitations**: The Court finds the Defendants' Motions for Summary Judgment concerning Plaintiff's failure to comply with the applicable statute of limitations to be not well taken. The applicable statute of limitations period is governed by Miss. Code Ann. §

---

[1] The Plaintiffs' claims, testimony thereon, and expert testimony usually involve products of both Defendants which have been represented to be virtually identical, so the Court addresses them both in the same ruling herein.

[2] The final defendant, Dependable Abrasives, filed a joinder in these motions. However, the Court's holdings herein apply only to American Optical and 3M. Dependable has its own motion for summary judgment, which will be addressed in a separate ruling.

1

15-1-49, and requires a complaint to be filed within three (3) years of the date on which the plaintiff "has discovered, or by reasonable diligence should have discovered, the injury." Miss. Code Ann. §15-1-49(2). The Mississippi Supreme Court has extensively considered the issue of latent injuries in this context. In *PPG Architectural Finishes, Inc. v. Lowery*, 909 So.2d 47 (2005), the court held the question to be answered is "whether [the Plaintiff's] own suspicions and actions thereon were enough to vest the right to a cause of action against [the Defendant]." *Id.* at 51. To be sure, the Court is not persuaded by the Plaintiff's argument *sub judice* that a diagnosis (here, silicosis) is required *every time* in order to trigger the statute of limitations. Instead, as the *Lowery* court also noted "some Plaintiffs may require access to medical records to discover the injury," other plaintiffs "might gain enough actual knowledge through personal observation or experience," and "some injuries may be indiscernible until a medical expert notifies the plaintiff of possible negligence." *Id.* (citations omitted). On this issue, the Defendants rely solely on the Plaintiff's deposition testimony that a Dr. Grafton told the Plaintiff approximately fifteen (15) years ago, more or less, that he had "scarring on his lungs." Clanton Depo. at 148. However, the Plaintiff specifies that no doctor ever explained why he had scars on his lungs. It is long held Mississippi jurisprudence that when considering a motion for summary judgment, the trial court must review the matters presented "in the light most favorable to the party against whom the motion has been made." *Brown v. Credit Center, Inc.*, 444 So.2d 358, 360 (Miss. 1983) (citing M.R.C.P. 56). Further, "[w]hen doubt exists whether there is a fact issue, the non-moving party gets its benefit." *Id.* Much ado has been made about this Plaintiff's history of pneumonia, arthritis, and many years of habitual cigarette smoking, including many years of smoking multiple packs per day, and other health issues. Clanton Depo. at 140-146. The Court finds, when viewing this issue in the light most favorable to the Plaintiff, the Plaintiff could have attributed the earlier

2

mention of "scarring on his lungs" by his general physician to his smoking and the effects thereof (which it may very well be attributable to), leaving the Plaintiff without any reason to suspect he had silicosis caused by allegedly defective respirators or that his "lung scarring" was caused by silica exposure. Finally, this Court finds the facts of this case on this issue to be distinguishable from the case relied upon by the Defendants, *Langston v. Pangborn Co.* The *Langston* record contained a wealth of medical proof beyond just a general physician report of "lung scarring." Accordingly, the Court finds that the Plaintiff's subject claims were not untimely, based on the argument presented by the Defendants thereon. The Motions for Summary Judgment are DENIED on this ground.

3. **Design Defect Issue**: As previously stated herein, the Plaintiff has three claims that remain pending against American Optical and 3M- design defect, negligence and punitive damages. Mississippi law is clear that these claims are governed solely by the Mississippi Products Liability Act ("MPLA"), and a general claim of negligence cannot survive apart from the MPLA claim, because it rests on the same allegations as the Plaintiff's product liability claims. See, e.g., *McSwain v. Sunrise Med., Inc.*, 689 F.Supp.2d 835, 845-46 (S.D.Miss. 2010). Accordingly, the case now rests on whether the Plaintiff can meet the elements of a claim pursuant to the MPLA. The Plaintiff claims that American Optical's single-use AO 1010 respirator was defectively designed, and likewise that the 3M single-use 8710 was defective on the same basis. Pursuant to Miss. Code Ann. § 11–1–63(f):

In any action alleging that a product is defective because of its design pursuant to paragraph (a)(i)3 of this section, the manufacturer or product seller shall not be liable if the claimant does not prove by the preponderance of the evidence that at the time the product left the control of the manufacturer or seller:

    (i)  The manufacturer or seller knew, or in light of reasonably available knowledge or in the exercise of reasonable care should have known, about the danger that caused the damage for which recovery is sought; and

    (ii)  The product failed to function as expected and there existed a feasible design alternative that would have to a reasonable probability prevented the harm. *A feasible design alternative is a design that would have to a reasonable probability prevented the harm without impairing the utility, usefulness, practicality or desirability of the product to users or consumers.*

*Id.* (Emphasis added.) "If an alternative design could have been practically adopted at the time of sale, and if the omission of such an alternative design rendered the product not reasonably safe, then a design is defective." *Williams v. Bennett,* 921 So.2d 1269, 1275 (Miss.2006).

4. American Optical and 3M both contend that the Plaintiff cannot provide any feasible alternative design, as the statute requires. Instead, the alternative Plaintiff's experts suggest is simply "get[ting] rid of" disposable class of single-use respirators, claiming "[t]hey never should have been approved in the first place." Plaintiff's expert Darrell Bevis Depo. at 105. Further, American Optical and 3M argue that even if an alternative feasible design has been presented, its effectiveness would not have accommodated Plaintiff's facial hair, which Plaintiff testified that he has had all of his life. Clanton Depo. at 206. The Plaintiff's expert, Darrell Bevis, gave sworn deposition testimony that "[f]acial hair can affect the seal [of the respirator]. In fact, it usually does."[3] Bevis Depo. at 85. In addition, Defendant 3M cites to

---

[3] There was argument presented at the June 30, 2014 hearing concerning the exact nature of the Plaintiff's facial hair and whether it qualifies as a beard, and the Plaintiff relied on a belatedly filed supplemental pleading containing a recent picture of the Plaintiff, which the Plaintiff filed less than two (2) hours prior to the scheduled hearing. Importantly, the Plaintiff's own expert did not distinguish a specific type of beard, and instead, testified that "facial hair" usually affects the seal, thereby undermining the respirator.

deposition testimony given by Darrell Bevis in separate litigation November, 2012, where Beavis stated "even a day's growth of beard on some people will negate the protection from—the maximum protection from a respirator." Exhibit 3 to 3M Motion for Summary Judgment, pg. 107. In May, 2014, Mr. Bevis completed an affidavit, which the Plaintiff attached as Exhibit 5 to his response to 3M's motion. In that affidavit, Mr. Bevis concedes that "facial hair can lower the maximum protection factor of these masks, but facial hair does not completely eliminate the protection afforded by a respirator." Plaintiff's Exhibit 5, pg. 1. In that same 2014 affidavit, Beavis concludes that "a feasible design alternative that could have provided sufficient protection to Mr. Clanton, even with facial hair, would have been an air purifying elastomeric half mask respirator with good, adjustable 4 point elastic straps which 3M and AO manufactured." *Id.* In Beavis' later deposition in this case, he confirms that his alternative suggested design, the elastomeric half mask respirator "is a tight fitting respirator" that is a "different product" than the subject respirators and they are configured differently. Beavis June 16, 2014 Depo. at 49-51.

5. The Court finds that the Motions for Summary Judgment should be GRANTED on this issue. The Court finds that there is no genuine issue of material fact concerning the design defect claims, and that the expert testimony provided by the Plaintiff's expert Mr. Bevis, is unreliable and incompatible with the requirements of the MPLA. The Court finds similar issues with the Plaintiff's expert Mr. Rose. Accordingly, the Motions for Summary Judgment are well-taken on this issue, and the Court finds that the Defendants American Optical and 3M are entitled to a judgment as a matter of law. In sum, the Plaintiffs' experts are only able to offer an entirely different product as an alternative design. Further, the experts cannot conclusively exclude the Plaintiff's facial hair as the cause of the alleged defects in the respirators. Pursuant to *3M v. Johnson*, 895 So.2d 151 (Miss. 2005), "the

5

plaintiffs here were thus required to prove that at the time the ….disposable respirator[s] left [the Defendants'] control, there was a feasible alternative design available that would have prevented the harm without impairing the usefulness of the product." *Id.* The usefulness of the subject products is undisputed- the products' disposable single-use nature. The Plaintiffs' experts propose a non-disposable elastomeric alternative, which would inherently eliminate the disposable, convenient use provided by the subject respirators. Furthermore, the Plaintiff's facial hair prevents the Plaintiff from meeting his burden "that the defect [rather than the facial hair] rendered the product unreasonably dangerous." *Clark v. Brass Eagle, Inc.*, 866 So.2d 456, 461 (Miss. 2004).

6. The Motion for Summary Judgment is hereby granted based upon the analysis herein and upon the grounds asserted and legal authorities in support thereof cited by Defendants American Optical and 3M.

7. No ruling is necessary on the Defendant's Motion to Strike. While the Plaintiff certainly did file belated responses, and has continued to do so throughout this matter, the Court finds that even in considering those belated filings, and considering all facts in the light most favorable to the Plaintiff, summary judgment is proper.

NOTE: THE ATTORNEY FOR THE DEFENDANTS, AMERICAN OPTICAL AND 3M, SHOULD, WITHIN TWENTY DAYS, 1) SUBMIT TO THE COURT A PROPOSED OPINION/ORDER GRANTING SUMMARY JUDGMENT AND 2) A SEPARATE FINAL JUDGMENT OF DISMISSAL WITH PREJUDICE, WHICH INCORPORATES BY REFERENCE THE OPINION/ORDER AND ALSO INCLUDES RULE 54(b) LANGUAGE. THIS RULING IS FOR THE PARTIES AND SHOULD NOT BE AN EXHIBIT TO THE PROPOSED ORDER.