

Benjamin W. Hulse
Direct Dial: 612-343-3256
E-Mail: bhulse@blackwellburke.com

**VIA ECF**

February 27, 2017

The Honorable Franklin L. Noel
9W U.S. Courthouse
300 South Fourth Street
Minneapolis, MN  55415

Re:   *In re Bair Hugger Forced Air Warming Devices Products Liability Litigation*
      MDL No. 15-2666-JNE-FLN

Dear Judge Noel:

At today's hearing on Plaintiffs' motion to overrule VitaHEAT's relevance objection, Plaintiffs for the first time cited *Lauzon v. Senco Prods, Inc.*, 270 F.3d 681 (8th Cir. 2001). Plaintiffs argued that *Lauzon* supports their position and is "controlling." In fact, the case provides no support to Plaintiffs.

This is obvious from a brief review of the facts. In *Lauzon*, the plaintiff claimed that Senco's pneumatic nailer, the "SN2," was defectively designed and caused his injury. The plaintiff's expert blamed the injury on the SN's trigger mechanism, which the expert concluded allowed the SN2 to "double fire" when the user meant to fire only one nail. The plaintiffs' expert argued that the trigger used on another Senco nailer was safer because it required the user to repeatedly press the trigger to fire more than one nail. *Id.* at 689. The expert further argued that the design of the SN2 should have incorporated this safer trigger. There is no indication in *Lauzon* that Senco denied that this alternative trigger could have been incorporated into the SN2.

Thus, Lauzon is entirely different from this case. Here, Plaintiffs are not arguing for a similar kind of tweak to the design of 3M's Bair Hugger system. They are arguing that the design of the existing Bair Hugger system (despite its extraordinary record of safely warming patients for decades) should be thrown out and replaced with a fundamentally different kind of warming technology. As 3M and VitaHEAT explained in their brief, case authority overwhelmingly holds that this is not a legally viable alternative design theory.

Moreover, the issue on appeal in *Lauzon* was different. The district court had excluded the plaintiffs' expert under *Daubert* because his testimony was inconsistent with that of the plaintiff himself, who testified that no "double fire" occurred. *Id.* at 694. On appeal, the Eighth Circuit held that the plaintiffs' expert should not have been excluded, because his conclusion that a "double fire" occurred was consistent with another eyewitness's testimony. The Eighth Circuit

The Honorable Franklin L. Noel
February 27, 2017
Page 2

did not consider whether the alternative trigger mechanism satisfied the legal requirements for a feasible safer alternative design.

Sincerely,

s/Benjamin W. Hulse

Benjamin W. Hulse
Counsel for Defendant 3M Company

BWH:ck

