UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

In re: BAIR HUGGER FORCED AIR　　　　　　　　MDL No. 15-2666 (JNE/FLN)
WARMING DEVICES PRODUCTS
LIABILITY LITIGATION

**ORDER**

_____

Genevieve Zimmerman, Michael Sacchet, and Jan Conlin, for Plaintiffs.
Jerry Blackwell, Bridget Ahmann, and Mary Young for Defendants.
J. Randall Benham for Respondents Scott Augustine et al.
Gabriel Assaad and David Hodges, for Plaintiffs and Respondent Kennedy Hodges, LLP.

_____

**THIS MATTER** came before the undersigned United States Magistrate Judge on February 7, 2017, on 3M and Arizant Healthcare, Inc.'s ("Arizant") motion to compel production of documents from Respondents Dr. Scott Augustine and his related entities ("Augustine") (ECF No. 182) and the Court's Order (ECF No. 231) demanding that Augustine "produce (1) the 23 Kennedy-Hodges-related documents listed on his privilege log of August 17, 2016, as well as (2) the 84 Kennedy-Hodges-related documents listed on his privilege log of December 22, 2016" for *in camera* inspection.[1] The documents de-designated as protected and already produced to Defendants—namely documents 2, 6, 11, 12, 15, 20, 23, 27, 39, 40, 44, 45, 53, 78, and 81, on Augustine's December 2016 privilege log—did not need to be provided to the Court. Order, ECF

---

[1] The Court was not provided a copy of the privilege logs by Augustine that were turned over to Defendants in August 2016 and December 2016. It also appears that when the privilege logs were initially produced to Defendants, the entries were not numbered. *See* Ahmann Aff. ¶¶ 9–10, ECF No. 185 ("For the Court's convenience, [3M has] inserted index numbers for each of the entries, which were not on the copies provided by Scott Augustine's counsel."). The Court adopts the numeric system provided in the privilege logs attached as Defendants' Exhibits H and J. *Id.*, Exs. H, J.

No. 231; *see* ECF No. 185-1, Ex. H. The Court adopts the facts and background as outlined in its previous Order. ECF No. 231. As set forth below more fully, Defendants' motion to compel is **GRANTED in part** and **DENIED in part** as follows.

A.    *In Camera* **Inspection**

In its previous Order, the Court concluded that based on a July 6, 2009 engagement letter, Augustine and the law firm Kennedy Hodges, LLP ("Kennedy Hodges") have some kind of attorney-client relationship. *Id.* at 5. Additionally, the Court found that Augustine and Plaintiffs involved in the consolidated Multi-District Litigation ("MDL") cases, do not have a common interest, given that Augustine has repeatedly disclaimed any legal interest in the MDL Bair Hugger litigation. *Id.* at 4–5.[2] Finally, the Court held that because Dr. Augustine is not a consulting or testifying expert, the privilege would not extend on this basis to communications made on behalf of MDL Plaintiffs by Kennedy Hodges to Augustine.

Pursuant to the Court's Order to produce the contested documents for *in camera* inspection, Augustine provided the Court with a series of documents. The productions were delineated by either "August Log" or "December Log," with no readily apparent correlation to the entries on the privilege logs and no indication of where one document ended and another began. The Court reviewed each document as received against the August (Exhibit J) and December (Exhibit H) privilege logs provided to it by Defendants in support of its motion to compel. *See* ECF No. 185-1, Exs. H, J. All of the documents produced *in camera* were reviewed for both attorney-client privilege as well as protection under the work product doctrine based on

---

[2]     Whether or not Augustine and Plaintiffs have a common interest, the question is not determinative here because the Court concludes after reviewing the documents *in camera* that the work product doctrine protects any documents that would otherwise be arguably

the designations on the August privilege log indicating that all documents were protected under both the doctrines and based on representations made by Augustine that the August and December privilege logs were identical. *See id.* While there is some overlap between the August and December privilege logs, it is clear to the Court that each log contains documents that are not on the other. *Id.* The Court also notes that many of the December privilege log entries do not assert attorney-client privilege. It was only with the benefit of the *in camera* review that the Court was able to evaluate each claim of privilege. Both privilege logs fall short of the level of specificity required by the Federal Rules of Civil Procedure and do not provide adequate information to allow for a meaningful assessment of the privilege claims for each entry. *See* Fed. R. Civ. P. 26(b)(5)(A)(ii); *compare with, e.g.*, *Bartholomew v. Avalon Capital Grp., Inc.*, 278 F.R.D. 441, 447 (D. Minn. 2011). Nonetheless the Court applied both doctrines in its review of all documents. Despite Augustine's deficiencies, the Court finds that the interests of justice require affording protection to the documents as set forth below.

As an initial matter, the Court notes a distinction between waiver of the attorney-client privilege and of work product. Disclosure to a third person waives the attorney-client privilege as the privilege has its basis in the confidential nature of the communication and ceases to exist if confidentiality is destroyed. *See* 8 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Fed. Prac. & Proc.* § 2024 (3d ed. 2010). Because the work product doctrine seeks to protect evidence from the knowledge of the opposing party, disclosure of the document to others who are not likely to disclose it to an opposing party or its counsel does not automatically result in waiver of the privilege. *Id.* In reviewing the documents *in camera*, the Court has applied this more

---

privileged and shared pursuant to the common interest doctrine.

nuanced distinction.

## B. Attorney-Client Privilege

"The attorney-client privilege extends only to confidential communications made for the purpose of facilitating the rendition of legal services to the client." *United States v. Horvath*, 731 F.2d 557, 561 (8th Cir. 1984). Its purpose is to encourage "full and frank communication between attorneys and their clients." *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981). However, because the attorney-client privilege obstructs the truth-finding process, it is construed narrowly and "protects only those disclosures—necessary to obtain legal advice—which might not have been made absent the privilege." *Fisher v. United States*, 425 U.S. 391, 403 (1976); *Diversified Indus., Inc. v. Meredith*, 572 F.2d 596, 602 (8th Cir. 1977) ("While the privilege, where it exists, is absolute, the adverse effect of its application on the disclosure of truth may be such that the privilege is strictly construed."). "A communication is not privileged simply because it is made by or to a person who happens to be a lawyer." *Diversified Indus., Inc. v. Meredith*, 572 F.2d 596, 602 (8th Cir. 1977) (citations omitted). It must be for the purpose of obtaining services or advice by the lawyer "in his capacity as a lawyer . . . ." *Id.* The scope of the attorney's representation of the client governs, and the communication must relate to "the matter for which the legal representation was sought." *In re Grand Jury Proceedings*, 402 F. Supp. 2d 1066, 1068 (D. Minn. 2005).

Augustine and Kennedy Hodges have an attorney-client relationship, but this relationship does not concern the MDL Bair Hugger litigation. Kennedy Hodges Opp'n Mem. 2–3 n.6, ECF No. 197; Augustine Aff. ¶ 5, ECF. No. 185-1 (averring that Augustine sought legal representation from Kennedy Hodges related to product liability litigation and claims under the Lanham act); Assaad Decl. Ex. F at 2, ECF. No. 198-6; ECF No. 231. Indeed, Augustine has

represented to the Court that Augustine *did not engage outside counsel* with regard to third-party discovery in this MDL or the *Walton* and *Johnson* cases. Augustine Aff. ¶ 3, ECF No. 139 ("We did not engage outside counsel to respond to 3M's discovery for one simple reason: we could not afford it."); Benham Aff. ¶ 3, ECF No. 141 ("[I]t was quickly determined that Augustine could not afford to engage outside counsel to locate, review and produce responsive documents."); *see also Johnson v. 3M Co., et al.*, No. 2-14-cv-02044 (D. Kan.); *Walton v. 3M Co., et al.*, No. 4:13-cv-01164 (S.D. Tex.); Order, ECF No. 45, No. 15-mc-64.[3]

Any communication between a Kennedy Hodges lawyer and Augustine regarding any Bair Hugger litigation third-party discovery is outside the scope of the attorney-client relationship as averred by both Augustine and Kennedy Hodges. Therefore, the Court concludes that none of the documents produced for *in camera* inspection are protected by the attorney-client privilege.

**C.    The Work Product Doctrine**

The work product doctrine is outlined in Rule 26(b)(3) of the Federal Rules of Civil Procedure:

> (A)    Documents and Tangible Things. Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent). But, subject to Rule 26(b)(4), those materials may be discovered if:
>
> (i)    they are otherwise discoverable under Rule 26(b)(1); and

---

[3] *See also* Benham Aff. ¶ 13, ECF No. 26, 15-mc-64 (declaring that "Plaintiff and his counsel 'have had no contact or communications with Dr. Augustine relative to [the *Walton*] case" except for one phone call, that "[t]here have been no such communications regarding Johnson at all," and that "[a]s regards to attorney-client communications unrelated to *Walton* or *Johnson*, to the best of [his] knowledge, there are no responsive communications to, from, or in the possession of Dr. Augustine").

5

        (ii)    the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means.

    (B)    Protection Against Disclosure. If the court orders discovery of those materials, it must protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation.

Fed. R. Civ. P. 26(b)(3)(A)–(B). The work product doctrine applies to documents prepared "in anticipation of litigation," in that "the document can be fairly said to have been prepared or obtained because of the prospect of litigation." *Simon v. G.D. Searle & Co.*, 816 F.2d 397, 401 (8th Cir. 1987) (citation omitted). The Eighth Circuit has divided work product into two categories: ordinary work product and opinion work product. Ordinary work product includes raw factual information, while opinion work product includes counsel's mental impressions, conclusions, opinions or legal theories. *Baker v. Gen. Motors Corp.*, 209 F.3d 1051, 1054 (8th Cir. 2000). Ordinary work product is not discoverable unless the party seeking discovery has a substantial need for the materials and the party cannot obtain the substantial equivalent of the materials by any other means. *Id.* Opinion work product, however, enjoys almost absolute immunity and is discoverable only in rare circumstances. *Id.*

    At the February 7, 2017 hearing, Kennedy Hodges and Augustine asserted that the disputed documents constituted Kennedy Hodges work product prepared in anticipation of litigation on behalf of the MDL Plaintiffs. *See also* Augustine Opp'n Mem. 2, ECF No. 205 ("In most [of the withheld documents,] the privilege—work product—belongs to Kennedy Hodges and must be defended by them."). The emails exchanged between Kennedy Hodges and Augustine that constitute documents prepared in anticipation of litigation and opinion work product and are, therefore, undiscoverable under the work product doctrine are: August privilege

6

log entry numbers 10–12, 14, 16–18, 21, and 22, *see* ECF No. 185-1, Ex. J, and December privilege log entry numbers 4, 8, 14, 18–19, 21–22, 24–26, 28, 30–31, 35, 36, 38, 42–43, 48–50, 52, 57–58, 60, 62–66, 69–71, 73, 77, 79–80, and 84, *see id.* Ex. H. These documents reflect Kennedy Hodges' thoughts, legal analysis, or strategies about its actual cases or specific cases that it was considering taking and litigation strategy with regard to third-party discovery.

In contrast, the Court rejects assertions by Augustine's counsel that some of the communications exchanged with Kennedy Hodges were his own work product based on his claim that he initially sought to independently represent potential MDL Plaintiffs. It is well established that the party claiming protection under the work product doctrine bears the burden of establishing that it exists. *See Hickman v. Taylor*, 329 U.S. 495, 512 (1947). The Court concludes after reviewing the documents that counsel for Augustine has not met his burden to show that any of the documents prepared on behalf of MDL Plaintiffs are entitled to protection as that attorney's own work product. However, those documents prepared by Augustine's counsel on behalf of Augustine regarding its discovery obligations are protected as work product.

Many documents produced for *in camera* inspection reflect Augustine's thoughts or suggested strategies about specific cases or potential cases and mental impressions about issues related to the MDL. The Court finds that none of these documents are entitled to work product protection on behalf of Augustine, because Augustine is not a party to this litigation. These materials are not protected by Rule 26(b)(3)(B) because they are not "theories *of a party's attorney or other representative* concerning the litigation." Fed. R. Civ. P. 26(b)(3)(B) (emphasis added). Further, given the Court's conclusion that Augustine is not a consultant or agent for Kennedy Hodges' clients in these cases, these materials are also not produced "by or for"

Kennedy Hodges' clients and are not entitled to protection under Rule 26(b)(3)(A). *See United States v. Nobles*, 422 U.S. 225, 238-39 (1975) (explaining that the rule covers "material prepared by agents for the attorney"). *But see Sprague v. Dir., Office of Workers' Comp. Programs, U.S. Dep't of Labor*, 688 F.2d 862, 868, 870 (1st Cir. 1982). These documents—which include August privilege log entry numbers 19–20, and 22, and all attachments, *see* ECF No. 185-1, Ex. J, and December privilege log entry numbers 3, 7, 10, 44, 51, 57, 59, 67, 76, and 80, *see id.* Ex. H—must be produced to Defendants.

There are five documents produced as August Log documents that do not appear to be on the August privilege log and are not protected by any privilege. These documents must be produced to Defendants to the extent that they are responsive to Defendants' discovery requests. There are also seven documents that were turned over to the Court for *in camera* inspection designated as December Log documents that do not appear to be on the December privilege log. They are not protected. To the extent that these seven documents are responsive to Defendants' discovery requests, they must also be produced.[4]

Finally, despite the fact that this matter is before the Court on privilege objections, not

---

[4] To help with identification, the August log documents are: (1) a copy of the *Walton* complaint; (2) a complaint with plaintiff "E.P.;" (3) an email chain between Hodges, Grewe, Benham, and Assaad ending June 28, 2013 at 11:03 a.m.; (4) a copy of the "Guide to Product Liability Litigation;" and (5) an email chain between Hodges, Grewe, Benham, and Assaad ending June 27, 2013 at 4:23 p.m. The December log documents are: (1) an email chain between Hodges and Benham ending March 29, 2013 at 11:09 a.m.; (2) an email chain between Assaad, Benham, Hodges, and Augustine ending February 9, 2015 at 4:29 p.m.; (3) an email chain between Assaad and Benham ending February 10, 2015 at 11:53 a.m.; (4) an email chain between Hodges and Benham ending March 3, 2014 at 2:31 p.m.; (5) an email chain between Hodges, Benham, Stevic, and Assaad ending March 18, 2013 at 5:00 p.m.; (6) an email chain between Assaad, Benham, Hodges, and Augustine ending February 9, 2015 at 2:59 p.m.; and (7) an email chain between Assaad, Benham, Hodges, and Augustine ending February 9, 2015 at 5:27 p.m.

relevancy objections, Kennedy Hodges devoted a section of its brief to the issue of relevancy. The Court concludes for purposes of this motion that these documents are relevant to Defendants' theories.

**D.      Solicitation Documents**

There are numerous communications between Augustine and Kennedy Hodges relating to an initiative by the two in 2013 to publicize the *Walton* case and to solicit other lawyers to bring similar cases. The documents appear to show that the two drafted a solicitation letter and a "litigation guide," a portion of which they distributed widely to attorneys who practice personal injury law, collating a large distribution list from a professional organization's membership list. It appears that their motivation in reaching out was to motivate other attorneys to bring related cases or to refer clients to Kennedy Hodges for its assessment of whether to bring a potential case. Specifically, these documents include August privilege log entry numbers 3–5, 8, 13, and 15, and all attachments, *see* ECF No. 185-1, Ex. J, and December privilege log entry numbers 32–34, 37, 46, and 54–55. *See id.* Ex. H.

Disclosure to a third party of a document otherwise protected as work product waives that protection if "it has substantially increased the opportunities for potential adversaries to obtain the information." Wright & Miller, *supra*, § 2024; *see also* Restatement (Third) of the Law Governing Lawyers § 91 (Am. Law Inst. 2000) ("Work-product protection is waived by disclosure to third parties if it occurs in circumstances in which there is a significant likelihood that an adversary in litigation will obtain the materials."); Christopher B. Mueller & Laird C. Kirkpatrick, *Federal Evidence* § 5:38 (3d ed. 2007) ("Work product is lost if the . . . attorney . . .

voluntarily discloses the underlying material under circumstances substantially increasing the possibility that an opposing party will obtain the information."). The work product doctrine, including its approach to waiver, "is to be applied in a commonsense manner in light of reason and experience as determined on a case-by-case basis." *Pittman v. Frazer*, 129 F.3d 983, 988 (8th Cir. 1997).

Assuming without deciding that these documents, some of which on their face purport to be work product, were prepared "in anticipation of litigation," the Court concludes that any work product protection has been waived. Even if Kennedy Hodges' role in drafting the solicitation email and truncated litigation guide makes those documents work product, that protection was waived when they intentionally[5] sent these documents out into the world knowing that they might end up in 3M's hands. By mass-emailing a professional group's membership list, Kennedy Hodges took the risk that one of those unknown recipients could share the documents with their adversary. Indeed, the communications between Kennedy Hodges and Augustine and the drafting history demonstrate that they were keenly aware that their actions would significantly increase the likelihood that 3M could get a copy of the litigation guide. In one telling email, a Kennedy Hodges attorney warned, "We must assume that 3M is going to get hold of this." Although language in the solicitation email advised recipients that, by responding to Kennedy Hodges' email, they were agreeing not to disclose the guide, this could not have ensured that the guide would stay out of 3M's hands.

Similarly, the mere addition of the words "attorney work product" cannot by itself bestow

---

[5] Kennedy Hodges' intentional disclosure of the guide is distinguishable from the inadvertent disclosure in *Gundacker v. Unisys Corp.*, 151 F.3d 842, 848 (8th Cir. 1998), or disclosure of only a factual excerpt of a report as in *Pittman*, 129 F.3d at 988.

work product protection, *see Ledgin v. Blue Cross & Blue Shield of Kansas City*, 166 F.R.D. 496, 499 (D. Kan. 1996), nor be expected to ensure confidentiality in circumstances like these. This is reinforced by the fact that Kennedy Hodges ultimately edited down the litigation guide that they would send to anyone who responded to the email, removing material that appeared more sensitive. Put differently, by intentionally disclosing the documents to a broad distribution list, knowing there was a significant chance that the documents could be shared with 3M, Kennedy Hodges waived any work product protection.

### E. Documents Not Turned Over for *In Camera* Inspection

The Court has not been able to identify documents that correspond to August privilege log entry number 9 and December privilege log entry numbers 1, 5, 9, and 13. *See* ECF No. 185-1, Exs. H, J. Augustine is ordered to provide these documents to the Court forthwith and to label each document with the corresponding exhibit and entry number to facilitate the Court in identifying the document as such. Alternatively, Augustine may de-designate these documents as protected and produce them to Defendants.

### F. Augustine Affidavit (ECF No. 242)

On February 16, 2017, Augustine's counsel contacted chambers to request permission to file an affidavit. While the Court was considering his request, Augustine filed the proposed affidavit. Benham Aff., ECF No. 242. Pursuant to Local Rule 7.1(i), this filing is stricken from the record.

### G. Order

Based upon the foregoing, and all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendants' motion to compel (ECF No. 182) is **GRANTED in part** and **DENIED in part** as follows:

    a. August privilege log entry numbers 10–12, 14, 16–18, 21, and 22, *see* ECF No. 185-1, Ex. J, and December privilege log entry numbers 4, 8, 14, 18–19, 21–22, 24–26, 28, 30–31, 35, 36, 38, 42–43, 48–50, 52, 57–58, 60, 62–66, 69–71, 73, 77, 79–80, and 84, *see id.* Ex. H, are protected under the work product doctrine. To the extent that Defendants' motion seeks these documents, it is **DENIED**.

    b. Augustine has not met its burden to prove that any documents produced for *in camera* inspection are protected by the attorney-client privilege as to Kennedy Hodge's representation of Augustine.

    c. Augustine has not met his burden to prove that any of the documents prepared on behalf of MDL Plaintiffs are entitled to protection as Augustine's or its counsel's own work product.

    d. The five documents that were turned over to the Court for *in camera* inspection that do not appear to be on the August privilege log, ECF No. 185-1, Ex. J, are not protected under any privilege. The seven documents that were turned over to the Court for *in camera* inspection that do not appear to be on the December privilege log, ECF No. 185-1, Ex. H, are also not protected under any privilege. These twelve documents must be produced to Defendants to the extent that they are responsive to Defendants' discovery requests.

    e. In all other respects, Defendants' motion is **GRANTED**. Augustine must produce, **WITHIN SEVEN (7) DAYS OF THE DATE OF THIS ORDER**, August privilege log entry numbers 1–8, 13, 15, 19–20, and 23, ECF No. 185-1, Ex. J, and December privilege log entry numbers 2, 3, 6–7, 10–12, 15–17, 20, 23, 27, 29, 32–34, 37, 39–41, 44–47, 51, 53–56, 59, 61, 67–68, 72, 74–76, 78, and 81–83. ECF No. 185-1, Ex. H. December privilege log entry numbers 2, 6, 11, 12, 15, 20, 23, 27, 39, 40, 44, 45, 53, 78, and 81 have already been produced to Defendants and need not be re-produced.

2. Augustine is ordered to produce **FORTHWITH TO THE COURT FOR *IN CAMERA* INSPECTION** and clearly identify those documents that correspond to August privilege log entry number 9 and December privilege log entry numbers 1, 5, 9, and 13, *see* ECF No. 185-1, Exs. H, J. Alternatively, Augustine may file a letter with the Court if these documents are de-designated and produced to Defendants.

3. The affidavit filed by Augustine's counsel at ECF No. 242, is stricken from the record pursuant to Local Rule 7.1(i).

DATED: March 7, 2017                              /s/ Joan N. Ericksen
                                                 JOAN N. ERICKSEN
                                                 United States District Judge


DATED: March 7, 2017                              s/Franklin L. Noel
                                                 FRANKLIN L. NOEL
                                                 United States Magistrate Judge