UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: BAIR HUGGER FORCED AIR WARMING DEVICES PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates To:<br>All Actions | MDL No. 15-2666 (JNE/FLN)<br><br>**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL AGAINST KENNEDY HODGES LLP** |

Defendants respectfully move this Court for an order to compel Kennedy Hodges LLP as follows:

(i) to confirm that there are no communications between it and Augustine other than those communications that have been produced to Defendants or are listed on Augustine's privilege logs; or, if it cannot so confirm,

(ii) to immediately produce such communications or, to the extent Kennedy Hodges asserts that a privilege applies, to produce a privilege log and provide such communications to the Court for *in camera* inspection.

Defendants should not have had to bring this motion, but they were forced to do so by Kennedy Hodges' repeated failure to answer Defendants' straightforward questions about the completeness of the privilege logs produced by Augustine.

When Defendants moved to compel Augustine to produce certain documents on its privilege logs – a motion this Court has now resolved (ECF No. 250) – they did so assuming that those privilege logs were a complete record of the (purportedly) attorney-client communications between Kennedy Hodges and Augustine. At the February 7,

2017 hearing, David Hodges told the Court that Kennedy Hodges had conducted its own review and evaluation of Augustine's logs:

> THE COURT: And have you or someone at -- a lawyer at Kennedy Hodges reviewed independently and made an independent legal determination that each of the documents on the privilege log is in fact privileged?
>
> MR. HODGES: The documents –
>
> THE COURT: Or the flip side of that is –
>
> MR. HODGES: Sure.
>
> THE COURT: -- are you just relying on Mr. Benham's work in that regard?
>
> MR. HODGES: No, Your Honor. We conducted our own review and determined that there were a number of these documents that we did not believe would be our work product and those documents have been produced to 3M.
>
> THE COURT: Okay.

Hulse Decl. A, Hrg. Tr. at 33:2–15.

It now appears, however, that Kennedy Hodges' own evaluation of the privilege that Augustine was asserting was based only on the documents that were *already on Augustine's privilege logs*. Following the hearing, Defendants asked Kennedy Hodges to confirm that Augustine's privilege logs included *all* communications in Kennedy Hodges' own possession. See Defendants' Meet and Confer Statement. Kennedy Hodges ultimately responded on February 28 that it too had only "assumed" that Augustine's privilege logs were complete. *Id.* Kennedy Hodges refused to say whether there were additional communications that were not on Augustine's privilege logs or whether it had ever conducted a search for such communications. *Id.* Defendants again

2

pressed the issue following this Court's March 7 ruling on their motion to compel, and Kennedy Hodges still will not answer. *Id.* ¶ 3.

This is indefensible. The entire premise of Augustine and Kennedy Hodges' assertion of the attorney-client privilege was that Kennedy Hodges *is Augustine's counsel*. If that were true, then Kennedy Hodges had an obligation to ensure that Augustine's privilege logs included **all** attorney-client privileged communications between them.[1] Kennedy Hodges likewise had an obligation to disclose to the Court if it knew – or had any reason to believe – that Augustine's privilege logs were incomplete.

The relief Defendants seek is further supported by Kennedy Hodges' ongoing obligation to respond to Defendants' written discovery. Earlier in the case, Defendants served written discovery on all Plaintiffs and their counsel, requesting that they identify and produce communications with Augustine. Plaintiffs answered that any responsive communications were protected by the attorney-client privilege or were privileged work product. Hulse Decl. Exs. B and C (responses to Interrogatory 8 and Document Request 25). On October 6, 2016, this Court advised all Plaintiffs' counsel to respond to those discovery requests, but made no ruling at the time on Plaintiffs' assertion of privilege. ECF No. 121. In light of this Court's March 7 Order overruling Augustine and Kennedy Hodges' assertion of the attorney-client privilege with respect to the challenged communications, Kennedy Hodges has an affirmative obligation to supplement its discovery responses to disclose and produce any additional communications over which

---

[1] Defendants are not suggesting here that Augustine intentionally omitted any communications from its privilege logs. But it can be the case, with the passage of time, that a client may delete a communication while its outside counsel retains a copy.

it likewise might have asserted the attorney-client privilege. Defendants respectfully request that they be ordered to do so immediately.

## **CONCLUSION**

Kennedy Hodges should not be permitted to stay mum about whether there are additional communications between it and Augustine that were never produced or put on Augustine's privilege logs. It had (and has) an affirmative obligation, whether as Augustine's purported counsel or in response to Defendants' written discovery, to ensure the completeness of those logs and to include communications that are in its own possession. It now has an affirmative obligation to produce any such documents or provide them to the Court for resolution of any remaining assertion of privilege.

Accordingly, Defendants respectfully request that this Court order Kennedy Hodges as follows:

(i) to confirm that there are no communications between it and Augustine other than those communications that have been produced to Defendants or are listed on Augustine's privilege logs; or, if it cannot so confirm,

(ii) to immediately produce such communications or, to the extent Kennedy Hodges asserts that a privilege applies, to produce a privilege log and provide such communications to the Court for *in camera* inspection.

Dated:  March 9, 2017

Respectfully submitted,

*s/*Benjamin W. Hulse

Jerry W. Blackwell (#186867)
Benjamin W. Hulse (#0390952)
Mary S. Young (#0392781)
**Attorneys for Defendants 3M Company and Arizant Healthcare Inc.**
BLACKWELL BURKE P.A.
431 South Seventh Street, Suite 2500
Minneapolis, MN  55415
T: (612) 343-3200     F:  (612) 343-3205
blackwell@blackwellburke.com
bhulse@blackwellburke.com
myoung@blackwellburke.com

Bridget M. Ahmann (#016611x)
**Attorney for Defendants 3M Company and Arizant Healthcare Inc.**
FAEGRE BAKER DANIELS LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
T: (612) 766-7000     F: (612) 766-1600
bridget.ahmann@faegrebd.com