# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| In re Bair Hugger Forced Air Warming Products Liability Litigation | MDL No.  15-2666 (JNE/FLN) |
| This Document Relates to All Actions | **PLAINTIFFS' RESPONSES TO DEFENDANTS' FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFFS** |

## INTRODUCTION

Plaintiffs have responded to these requests in the context of general discovery on causation and the Court's scheduling order.  Plaintiffs' good faith notwithstanding, many of these requests could be construed as requesting information from individual plaintiffs and their attorneys in a manner inconsistent with MDL practice.  Moreover, this Court, in keeping with usual MDL practice, has already considered and ordered Plaintiffs' Fact Sheets to be addressed and completed by Plaintiffs, following standard MDL practice where Plaintiff Fact Sheets typically take the place of other general written discovery.  As such, Plaintiffs will provide individual fact discovery, fact sheets and other specific-causation information consistent with the Court's scheduling order.

## OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION

## REQUEST NO. 1

Produce all Documents identified, referenced, used and/or relied upon in preparing Plaintiffs' Initial Disclosures re: General Causation.

**RESPONSE:**

Plaintiff asserts the work product privilege as this request specifically asks for what counsel relied upon in preparing Plaintiffs' Initial Disclosures, which necessarily implicates counsels' mental impressions in preparing those disclosures. Subject to the work product privilege, see all documents Defendants produced and the transcripts of depositions that were taken in *Walton v. 3M*, No. 4:13-cv-01164, pending in the United States District Court for the Southern District of Texas, and *Johnson v. 3M*, No. 2-14-cv-0204400-KHV-TJJ, pending in the United States District Court for the District of Kansas. Plaintiffs are gathering and will produce additional information responsive to this request, including literature, manuals, advertisements, articles, and the like.

**REQUEST NO. 2**

Produce all Documents and/or Communications identified, referenced, used and/or relied upon in preparing the allegations in the Master Complaint that relate to issues of general causation.

**RESPONSE:**

See Response to Request No. 1.

**REQUEST NO. 3**

Produce all Documents that relate to Your allegations that the Bair Hugger system was defectively manufactured or designed.

**RESPONSE:**

Plaintiff asserts the work product privilege as this request specifically asks for all documents counsel believes relate to Plaintiffs' claims, which necessarily implicates counsels' mental impressions. Subject to the work product privilege, see all documents defendants produced and the transcripts of depositions that were taken in *Walton v. 3M*, No. 4:13-cv-01164, pending in the United States District Court for the Southern District of Texas, and *Johnson v. 3M*, No. 2-14-cv-0204400-KHV-TJJ; , pending in the United States District Court for the District of Kansas. Plaintiffs are gathering and will produce additional information responsive to this request, including literature, manuals, advertisements, articles, and the like.

**REQUEST NO. 4**

Produce all Documents and/or Communications sent by You or Your attorneys or that You or Your attorneys received from any entity, including but not limited to the following, that

concern, refer or relate in any way to the Bair Hugger system, conductive warming, and/or forced air warming:

    a.   the Centers of Disease Control and Prevention

    b.   Center for Devices and Radiological Health of the U.S. Food and Drug Administration

    c.   U.S. Food and Drug Administration

    d.   Surgical Care Improvement Project (SCIP)

    e.   Royal College of Surgeons

    f.   United Kingdom Medicines and Healthcare Products Regulatory Agency (MHRA)

    g.   United States Department of Health and Human Services

    h.   ECRI Institutes

    i.   Health Canada

    j.   National Health System (NHS)

    k.   National Institute for Health and Care Excellence (NICE)

**RESPONSE:**

Plaintiffs object to the extent the request seeks information regarding all attorneys who represent any plaintiff in *In re Bair Hugger Forced Air Warming Products Liability Litig.*, MDL 15-2666, as over broad and unduly burdensome. Subject to that objection, no such communications exist from members of the Plaintiffs' Executive Committee.

**REQUEST NO. 5**

Produce all Documents and/or Communications relating to any MedWatch report, including but not limited to Form FDA 3500B, submitted to the U.S. Food and Drug Administration concerning the Bair Hugger system and/or Defendants.

**RESPONSE:**

Plaintiffs object to the extent the request seeks information regarding all attorneys who

represent any plaintiff in *In re Bair Hugger Forced Air Warming Products Liability Litig.*, MDL 15-2666, as over broad and unduly burdensome.  Subject to that objection, no such communications exist from members of the Plaintiffs' Executive Committee.

**REQUEST NO. 6**

Produce all Documents and Communications sent by You or Your attorneys to, or that You or Your attorneys received from, any United States or foreign governmental agency or division thereof, including but not limited to, the Centers of Disease Control and Prevention, that concern, refer, or relate in any way to surgical site infection data and surgical site infection rates.

**RESPONSE:**

Plaintiffs object to the extent the request seeks information regarding all attorneys who represent any plaintiff in *In re Bair Hugger Forced Air Warming Products Liability Litig.*, MDL 15-2666, as over broad and unduly burdensome.  Subject to that objection, no such communications exist from members of the Plaintiffs' Executive Committee.

**REQUEST NO. 7**

Produce all Documents relating to any conference (including any legal or medical conference), seminar, presentation, administrative hearing, or governmental hearing concerning whether the Bair Hugger system or forced air warming increases the risk of harm to patients.

**RESPONSE:**

Plaintiffs object and assert the attorney work product privilege to the extent the request seeks documents shared with counsel for individual plaintiffs with claims against Defendants related to injuries from the Bair Hugger device.  Subject thereto, the information sought is equally available to Defendants and is therefore unduly burdensome to Plaintiffs. Additionally, Plaintiffs are producing documents relating to presentations made in seminars to audiences including both plaintiff and defense attorneys.

**REQUEST NO. 8**

Produce all peer-reviewed studies, including, but not limited to, epidemiological studies, on which You and/or Your attorneys rely in support of Your claims that the Bair Hugger system is capable of causing surgical site infections following orthopedic surgeries or any other type of

4

surgery.

**RESPONSE:**

Plaintiffs object as the materials sought are protected by the attorney work product and consulting expert privilege. Plaintiffs further object as the request is premature. Subject to the foregoing objections, Plaintiffs will produce responsive materials when testifying experts are designated pursuant to the Court's scheduling order. Further, see materials to be produced in response to Request No. 1.

## REQUEST NO. 9

Produce all treatises, books, articles, reports, manuals or opinions which have been published in a professional, medical or scientific journal or other publication in the United States or any other country, upon which You base any of Your claims.

**RESPONSE:**

. See Response to Request No. 8.

## REQUEST NO. 10

Produce all Documents and/or Communications sent by You or Your attorneys to, or that You or Your attorneys received from, medical and scientific journals concerning the publication or possible publication of any research concerning surgical site infections and forced air warming devices.

**RESPONSE:**

Plaintiffs object to the extent the request seeks information regarding all attorneys who represent any plaintiff in *In re Bair Hugger Forced Air Warming Products Liability Litig.*, MDL 15-2666, as over broad and unduly burdensome. Subject to that objection, no such communications exist from members of Plaintiffs' Executive Committee.

## REQUEST NO. 11

Produce all inspection reports, examination reports, testing reports, test results and/or test protocols relating to any tests, analyses, studies, trials, or experiments that You, Your attorneys, or anyone acting on Your behalf has performed on or with the Bair Hugger system or any other

medical device used for patient warming.

**RESPONSE:**

Plaintiffs object as the materials sought are protected by the attorney work product and consulting expert privilege. Plaintiffs further object as the request is premature. Subject to the foregoing objections, Plaintiffs will produce responsive materials when testifying experts are designated pursuant to the Court's scheduling order.

**REQUEST NO. 12**

For all inspection reports, examination reports, testing reports, test results and/or test protocols responsive to Request No. 11: produce all underlying data and Documents reflecting related communications, funding, payments, materials supplies, design, conduct, and analysis.

**RESPONSE:**

See Response to Request No. 11.

**REQUEST NO. 13**

Produce all demonstrative Documents and materials including diagrams, pictorial representations, sketches, chronologies, animations, models, videotapes, photographs, recordings, if any, relating to Your allegations that the Bair Hugger system increases the risk of harm to patients.

**RESPONSE:**

Plaintiffs object as the materials sought are protected by the attorney work product and consulting expert privilege. Plaintiffs further object as the request is premature. Subject to the foregoing objections, Plaintiffs will produce responsive materials when testifying experts are designated pursuant to the Court's scheduling order.

**REQUEST NO. 14**

Produce all Documents, including Communications, that You contend constitute any admission of wrongdoing, proof of liability, or negligence by 3M Company or Arizant Healthcare.

**RESPONSE:**

Plaintiffs object to the request as premature as discovery is on-going. Subject to that objection, see Response to Request No. 1. See also all Litigation Consulting Agreements (LCAs) Defendants entered into with former employees, as well as all hearing transcripts and orders regarding the propriety of the LCAs issued by the Honorable Kenneth M. Hoyt in *Walton v. 3M*, No. 4:13-cv-01164, pending in the United States District Court for the Southern District of Texas, Houston Division.

## REQUEST NO. 15

Produce all Documents. and/or Communications to or from, any Health Care Provider or Health Care Facility with whom You or Your attorneys have consulted regarding the safety of the Bair Hugger system, including but not limited to correspondence, written statements, affidavits, brochures, medical literature and the like.

**RESPONSE:**

See Response to Request No. 11.

## REQUEST NO. 16

Produce all Documents and/or Communications sent to or received from any Health Care Provider or Health Care Facility regarding the Bair Hugger system, forced air warming and/or the Defendants including but not limited to correspondence, written statements, affidavits, brochures, medical literature and the like.

**RESPONSE:**

Plaintiffs object as the materials sought are protected by the attorney work product and consulting expert privileges. To the extent the request seeks medical records of individual plaintiffs, the request is overbroad and does not related to issues of general causation. Plaintiffs further object as the request is premature. Subject to the foregoing objections, Plaintiffs will produce responsive materials when testifying experts are designated pursuant to the Court's scheduling order.

## REQUEST NO. 17

Produce all Documents and/or Communications sent to or received from any Health Care Provider or Health Care Facility regarding forced air warming, including but not limited to

correspondence, written statements, affidavits, brochures, medical literature and the like.

**RESPONSE:**

See Response to Request No. 16.

**REQUEST NO. 18**

Produce all Documents and/or Communications to, and from, any Health Care Provider or Health Care Facility with whom You or Your attorneys have consulted who has criticized the Bair Hugger system.

**RESPONSE:**

Plaintiffs object as the materials sought are protected by the attorney work product and consulting expert privilege.

**REQUEST NO. 19**

Produce all Documents and/or Communications to, and from, any Health Care Provider or Health Care Facility with whom You or Your attorneys have consulted who has praised any aspect of the Bair Hugger system.

**RESPONSE:**

Plaintiffs object as the materials sought are protected by the attorney work product and consulting expert privilege.

**REQUEST NO. 20**

Produce all Documents and/or Communications to, and from, any Health Care Provider or Health Care Facility with whom You or Your attorneys have consulted who has criticized forced air warming.

**RESPONSE:**

Plaintiffs object as the materials sought are protected by the attorney work product and consulting expert privilege.

8

**REQUEST NO. 21**

Produce all Documents and/or Communications to, and from, any Health Care Provider or Health Care Facility with whom You or Your attorneys have consulted who has praised forced air warming.

**RESPONSE:**

Plaintiffs object as the materials sought are protected by the attorney work product and consulting expert privilege.

**REQUEST NO. 22**

Produce all Documents relating to complaints or concerns about the Bair Hugger system, including but not limited to Communications received from and sent to HotDog users, Health Care Providers, and Health Care Facilities.

**RESPONSE:**

Plaintiffs assert the attorney client, attorney work product, and consulting expert privileges; subject thereto, see documents produced in response to Request No. 1. No other non-privileged documents are responsive that are not equally available to Defendants.

**REQUEST NO. 23**

Produce all Documents and/or Communications that concern or relate to in any way, any alternative design, warning, manufacturing, distribution, or supply that You contend 3M Company or Arizant Healthcare could have adopted for the Bair Hugger system.

**RESPONSE:**

Plaintiffs object as the request is overbroad and the materials sought are protected by the attorney work product and consulting expert privileges. Plaintiffs further object as the request is premature. Subject to the foregoing objections, Plaintiffs will produce responsive materials when testifying experts are designated pursuant to the Court's scheduling order.

**REQUEST NO. 24**

Produce all Documents regarding forced air warming products, other than the Bair Hugger warming system, including but not limited to the Mistral forced air warming device.

**RESPONSE:**

Plaintiffs object as the request is overbroad and fails to identify the documents sought with reasonable particularity. Further, the information sought is equally available to defendants and therefore is unduly burdensome. Finally, "all documents regarding forced air warming products" is vague and overly broad.

**REQUEST NO. 25**

Produce all Documents relating or referring to any communication between You or Your attorneys and the following entities, and/or their owners, officers, employees, agents, affiliates or representatives, including but not limited to Dr. Scott Augustine:

   a.   Augustine Medical

   b.   Augustine Temperature Management

   c.   Augustine Team

   d.   Augustine Biomedical + Design

   e.   HotDog USA, LLC

   f.   HotDog International

**RESPONSE:**

Plaintiffs object to the extent the request seeks information regarding all attorneys who represent any plaintiff in *In re Bair Hugger Forced Air Warming Products Liability Litig.*, MDL 15-2666, as overbroad and unduly burdensome. Subject to those objections, Plaintiffs assert the attorney client and work product privileges. No non-privileged responsive documents exist.

**REQUEST NO. 26**

Produce all Documents sent to or received from the following individuals relating to the Bair Hugger Warming System, forced air warming, conductive warming, the HotDog, convective

warming, Defendants and/or the Bair Hugger litigation:

       a.  Mark Albrecht

       b.  Kiran Dasari

       c.  Robert Gauthier

       d.  Kumar Belani

       e.  Christopher Natscheim

       f.  Mark Litchy

       g.  Mike Reed

       h.  Paul McGovern

       i.  Andrew Legg

       j.  David Leaper

       k.  Andrew Hamer

       l.  Mark Harper

**RESPONSE:**

See Response to Request No. 4.

**REQUEST NO. 27**

Produce all Documents relating to any communications between You or Your attorneys and any person, including but not limited to current or former patients of any Healthcare Provider regarding the Bair Hugger warming system, forced air warming, the HotDog and/or SSIs.

**RESPONSE:**

Plaintiffs assert the attorney client, work product, and consulting expert privileges. Further, communications with testifying experts are specifically excluded from discovery by Fed. R. Civ. P. 26(b)(4)(C). Plaintiffs also object to the extent the request seeks information regarding all attorneys who represent any plaintiff in *In re Bair Hugger Forced Air Warming Products Liability Litig.*, MDL 15-2666, as overbroad and unduly burdensome. Subject to the privileges and objections, no such documents exist from

11

members of Plaintiffs' Executive Committee.

**REQUEST NO. 28**

Produce all Documents and/or Communications, written or recorded statements, reports or memoranda, and/or transcribed statements, reports, or memoranda from any person concerning any facts relating to Your allegations that the Bair Hugger system increases the risk of harm to patients, specifically including but not limited to, any statement provided by 3M Company or Arizant Healthcare or by any of their agents, representatives, employees, or former employees, pertaining to the facts underlying or allegations concerning general causation contained in the Master Complaint.

**RESPONSE:**

See Response to Request No. 3.

**REQUEST NO. 29**

Produce all Documents or materials, including but not limited to all written, recorded and/or transcribed statements, which record, evidence or reference any correspondence or communications between You and 3M Company or Arizant Healthcare regarding the Bair Hugger system or any allegation contained in the Master Complaint.

**RESPONSE:**

Plaintiffs object to the extent the request seeks communications between the attorneys to the litigations, as the information is equally available to Defendants. Plaintiff assert the work product privilege to the extent the request seeks counsel's internal memoranda regarding communications with Defendants. Plaintiffs further object to the extent the request seeks information regarding all attorneys who represent any plaintiff in *In re Bair Hugger Forced Air Warming Products Liability Litig.*, MDL 15-2666, as overbroad and unduly burdensome. Subject to the privileges and objections, no such documents exist from members of Plaintiffs' Executive Committee.

**REQUEST NO. 30**

Produce all Documents relating to the following individuals, including but not limited to

documents relating to their July 16, 2008 Affidavit Under Oath, the Bair Hugger warming system, forced air warming, filters, the HotDog, Defendants, the Bair Hugger warming system litigation, and/or any payment, gift, gratuity or compensation, whether contemplated, discussed, promised, provided, considered or exchanged between You or Your attorneys and the following individuals:

      a.  Keith Leland

      b.  Randy Arnold

      c.  Scott Entenman

      d.  Mark Albrecht

      e.  Andreas Diebel

**RESPONSE:**

Plaintiffs object to the extent the request seeks information regarding all attorneys who represent any plaintiff in *In re Bair Hugger Forced Air Warming Products Liability Litig.*, MDL 15-2666, as overbroad and unduly burdensome. Subject to the objections, no such documents exist from members of Plaintiffs' Executive Committee.

**REQUEST NO. 31**

Produce all Documents relating to the following videos, including but not limited to documents relating to test conditions, results, test protocols, all aspects of the ventilation system of the operating room or entity and its performance, equipment used, adjustments made to the devices, devices used, persons present, persons involved, data, photographs, video, footage and manuscripts:

      a.    "Forced-air Patient Warming Causes Vortex that Deposits Contaminants within Surgical Field"

      b.    "Airborne Contamination in the Operating Room"

      c.    "Forced-Air Warming Destroys Laminar Air-flow"

13

d.      Any  videos  posted  to  http://heat-rises.blogspot.com,  hotdogwarming.com,

orthopoedicinfectionadvisory.org, stopsurgicalinfections.org

**RESPONSE:**

Plaintiffs object as they have no responsive documents other than what is equally
available to Defendants in the public domain.

## REQUEST NO. 32

Produce  all  Documents,  including  documents  sent  to  or  received  from  any  person  or

entity, relating to Scott Augustine's service as a witness, possible role as a witness, disclosure as

a witness and/or subsequent removal as a witness in the Bair Hugger warming system litigation.

**RESPONSE:**

Plaintiffs assert the work product privilege.  Subject thereto, see all correspondence,
pleadings, and productions from the *Walton* and *Johnson* cases referenced in Response to
Request No. 1.

## REQUEST NO. 33

Produce  all  Documents  and/or  Communications,  including  correspondence  or  other

written records, provided by You or Your attorneys to any witness in this litigation.

**RESPONSE:**

Plaintiffs assert the consulting expert privilege.  Communications with testifying experts
are specifically excluded from discovery by Fed. R. Civ. P. 26(b)(4)(C).  Plaintiffs further
object to the extent the request seeks information regarding all attorneys who represent
any plaintiff in *In re Bair Hugger Forced Air Warming Products Liability Litig.*, MDL
15-2666, as overbroad and unduly burdensome.  Subject to the privileges and objections,
see exhibits to the deposition of Dr. Clyburn taken in the *Walton* matter.

## REQUEST NO. 34

Produce all Documents sent to or received from any consultant relating to the Bair

Hugger warming system, forced air warming, conductive warming, Defendants, performance

and/or testing of the HotDog.

**RESPONSE:**

Plaintiffs assert the consulting expert privilege. Further, communications with testifying experts are specifically excluded from discovery by Fed. R. Civ. P. 26(b)(4)(C).

**REQUEST NO. 35**

Produce all Documents and/or Communications furnished by You or Your attorneys or contained in the files of any witness who has advised You or Your attorneys, whether or not specially retained for this litigation or for trial, concerning any matter in the Master Complaint, including but not limited to correspondence, facsimiles, retainer and fee agreements, and any invoices for services rendered.

**RESPONSE:**

See Response to Request No. 34.

**REQUEST NO. 36**

Produce all Documents (including but not limited to any reports, graphs, studies, notes, photographs, slides, or any other written memoranda) either prepared by or contained in the files of any experts who are expected to testify at the time of trial or any expert consultant who is not expected to be called as a witness at the time of trial but whose work product forms the basis, either in whole or in part, of the opinions of an expert who will be called as a witness at trial.

**RESPONSE:**

Plaintiffs object to the extent the request seeks communications with testifying experts and draft reports, as that material is specifically excluded from discovery. Plaintiffs further object as the request is premature. Subject to the foregoing objections, Plaintiffs will produce responsive materials when testifying experts are designated pursuant to the Court's scheduling order.

**REQUEST NO. 37**

Produce all Documents that You intend to offer as an exhibit at any trial, hearing, or other in-court proceeding in this matter.

**RESPONSE:**

Plaintiffs will comply with the Court's schedule order regarding the exchange of any exhibits.

Dated: July 1, 2016

CIRESI CONLIN L.L.P.


/s/Michael V. Ciresi
Michael V. Ciresi (MN #0016949)
Jan M. Conlin (MN #0192697)
Ciresi Conlin LLP
225 S. 6th St., Suite 4600
Minneapolis, MN 55402
Phone: 612.361.8202
Email: MVC@CiresiConlin.com
          JMC@CiresiConlin.com

MESHBESHER & SPENCE LTD.

/s/ Genevieve M. Zimmerman
Anthony J. Nemo (MN #221351)
Genevieve M. Zimmerman (MN #330292)
1616 Park Avenue South
Minneapolis, MN 55404
Phone: (612) 339-9121
Fax: (612) 339-9188
Email: tnemo@meshbesher.com
          gzimmerman@meshbesher.com


LEVIN PAPANTONIO, P.A.

/s/ Ben W. Gordon, Jr.
Ben W. Gordon (FL # 882836) – *Pro Hac Vice*
J. Michael Papantonio (FL # 335924)
316 S. Baylen Street, Suite 600
Pensacola, FL 32502-5996
Phone: (850) 435-7090
Fax: (850) 436-6090
Email: bgordon@levinlaw.com


***Plaintiffs Co-Lead Counsel***

16