# EXHIBIT C

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re Bair Hugger Forced Air Warming Products Liability Litigation | MDL No. 15-2666 (JNE/FLN) |
| This Document Relates to All Actions | **PLAINTIFFS' RESPONSES TO DEFENDANTS' FIRST SET OF INTERROGATORIES TO PLAINTIFFS** |

## INTRODUCTION

Plaintiffs have responded to these interrogatories in the context of general discovery on causation and the Court's scheduling order. Plaintiffs' good faith notwithstanding, many of the interrogatories could be construed as requesting information from individual plaintiffs and their attorneys in a manner inconsistent with MDL practice. Moreover, this Court, in keeping with usual MDL practice, has already considered and ordered Plaintiffs' Fact Sheets to be addressed and completed by Plaintiffs, following standard MDL practice where Plaintiff Fact Sheets typically take the place of other general written discovery. As such, Plaintiffs will provide individual fact discovery, fact sheets and other specific-causation information consistent with the Court's scheduling order.

## OBJECTIONS AND RESPONSES TO INTERROGATORIES

### INTERROGATORY NO. 1

State all factual bases for your contention that the Bair Hugger system is capable of causing the injuries alleged by You.

### RESPONSE:

See Plaintiffs Master Long Form Complaint and documents produced in response to Defendants' Request for Production No. 1. Plaintiffs will further supplement with testifying expert materials when testifying experts are designated pursuant to the Court's

schedule order.

**INTERROGATORY NO. 2**

Identify with detail any scientific methodology that you contend can be employed to rule out all other possible causes of the injuries You allege other than the Bair Hugger system.

**RESPONSE:**

Plaintiffs object as the request is premature. Methodology is an issue for testifying experts. Accordingly, Plaintiffs will supplement with testifying expert materials when testifying experts are designated pursuant to the Court's schedule order.

**INTERROGATORY NO. 3**

Identify any and all communications with the U.S. Food and Drug Administration by You or Your attorneys concerning the Bair Hugger system and/or Defendants, including but not limited to any Freedom of Information Act (FOIA) requests and any MedWatch reports submitted by You or Your attorneys or anyone acting on Your behalf.

**RESPONSE:**

Plaintiffs object to the extent the request seeks information regarding all attorneys who represent any plaintiff in *In re Bair Hugger Forced Air Warming Products Liability Litig.*, MDL 15-2666, as over broad and unduly burdensome. Subject to that objection, please see FOIA requests attached.

**INTERROGATORY NO. 4**

Identify all peer-reviewed studies, including, but not limited to, epidemiological studies, on which You and/or Your attorneys rely in support of Your claims that the Bair Hugger system is capable of causing surgical site infections following orthopedic surgeries or any other type of surgery.

**RESPONSE:**

See Response to Interrogatory No. 1.

2

**INTERROGATORY NO. 5**

Identify all treatises, books, articles, reports, manuals or opinions which have been published in a professional, medical or scientific journal or other publication in the United States or any other country, upon which You base any of Your claims.

**RESPONSE:**

See Response to Interrogatory No. 1.

**INTERROGATORY NO. 6**

State whether any tests or inspections have been performed at any time to evaluate the condition or operation of any Bair Hugger system, and as to each such test or inspection, identify the person that performed the test or inspection, the date on which each test or inspection was performed, the nature of the tests or inspections performed (including specific models and serial numbers of the devices tested), the person from whom the devices tested or inspected were acquired, each report or document setting forth the results and findings of each test or inspection, and the fees and costs You incurred in connection with the tests or inspections.

**RESPONSE:**

Plaintiffs object as the information sought is protected by the attorney work product and consulting expert privileges. Plaintiffs further object as the interrogatory is premature. Subject to the foregoing objections, Plaintiffs will produce responsive non-privileged information when testifying experts are designated pursuant to the Court's scheduling order.

**INTERROGATORY NO. 7**

Identify any Health Care Provider or Health Care Facility with whom You or Your attorneys have communicated regarding the Bair Hugger system. For each such Health Care Provider or Health Facility: (i) identify the specific individual person or persons with whom You or Your attorneys communicated, (ii) state whether such Health Care Provider or Health Facility expressed the viewpoint to You or Your attorneys that the Bair Hugger system is capable of

3

causing infections generally, and (iii) state whether such Health Care Provider or Health Facility attributed the specific cause of any patient's infection to use of a Bair Hugger system.

**RESPONSE:**

See Response to Interrogatory No. 6.

**INTERROGATORY NO. 8**

Identify all communications, meetings, interactions, or agreements between You or Your attorneys and the following entities, and/or their owners, officers, employees, agents, affiliates or representatives, including but not limited to Dr. Scott Augustine:

a. Augustine Medical

b. Augustine Temperature Management

c. Augustine Biomedical + Design

d. HotDog USA, LLC

e. HotDog International

f. Stop Surgical Site Infections

g. Orthopedic Infection Advisory

**RESPONSE:**

Plaintiffs object to the extent the request seeks information regarding all attorneys who represent any plaintiff in *In re Bair Hugger Forced Air Warming Products Liability Litig.*, MDL 15-2666, as over broad and unduly burdensome. Subject to those objections, Plaintiffs assert the attorney client and work product privileges. No non-privileged, non-work product responsive documents exist.

**INTERROGATORY NO. 9**

If 3M Company, Arizant Healthcare, or any of their current or former employees have ever made any statement or communication that You contend constitutes an admission of fault, negligence, or responsibility for the claims alleged in the Master Complaint or that You contend could be construed in any way to support any of the allegations in the Complaint, identify in

4

detail each such statement or communication, who made the statement or communication, when and where it was made, what was said, and who was present for any such statement or communication, or to whom any such statement or communication was transmitted.

**RESPONSE:**

See Plaintiffs' Response to Request for Production No. 14.

**INTERROGATORY NO. 10**

Identify the component part(s) of the Bair Hugger system you contend is defective in design and/or manufacture, and specify, with sufficient detail, how such component part(s) is defective.

**RESPONSE:**

Plaintiffs object as the interrogatory is premature. Subject to the foregoing objection, Plaintiffs will produce responsive non-privileged information when testifying experts are designated pursuant to the Court's scheduling order. Further, see Plaintiffs' Master Long Form Complaint.

Responding further, Plaintiffs contend the Bair Hugger device is defective as a patient warming system, and that the entire unit and all its component parts are defective as an integrated forced air warming device, in that the system is unreasonably dangerous to patients because the system increases infection risk for some surgeries. While multiple component parts are defective, and these include the intake filter, hose, blower and blankets, they are defective as part of the overall Bair Hugger warming system, because these components, taken together, allow or cause harmful pathogens to enter into the sterile operating field and increase the risk of infection to the patient. In addition, but not by way of limitation, the housing unit to the Bair Hugger system is defective because it does not allow for the internal components to be sterilized. See also expert testimony to be taken in this case.

5

Dated: _____July 29, 2016_____

| | |
|---|---|
| CIRESI CONLIN L.L.P. | MESHBESHER & SPENCE LTD. |
| /s/Michael V. Ciresi<br>Michael V. Ciresi (MN #0016949)<br>Jan M. Conlin (MN #0192697)<br>Ciresi Conlin LLP<br>225 S. 6th St., Suite 4600<br>Minneapolis, MN 55402<br>Phone: 612.361.8202<br>Email: MVC@CiresiConlin.com<br>          JMC@CiresiConlin.com | /s/ Genevieve M. Zimmerman<br>Anthony J. Nemo (MN #221351)<br>Genevieve M. Zimmerman (MN #330292)<br>1616 Park Avenue South<br>Minneapolis, MN 55404<br>Phone: (612) 339-9121<br>Fax: (612) 339-9188<br>Email: tnemo@meshbesher.com<br>          gzimmerman@meshbesher.com |

LEVIN PAPANTONIO, P.A.

/s/ Ben W. Gordon, Jr.
Ben W. Gordon (FL # 882836) – *Pro Hac Vice*
J. Michael Papantonio (FL # 335924)
316 S. Baylen Street, Suite 600
Pensacola, FL 32502-5996
Phone: (850) 435-7090
Fax: (850) 436-6090
Email: bgordon@levinlaw.com


***Plaintiffs Co-Lead Counsel***



Anne Andrews
John C. Thornton
Sean T. Higgins
Lila Razmara
Lauren R. Davis
Tin Brian Nguyen

**ANDREWS THORNTON**
Attorneys at Law, A Law Corporation

2 Corporate Park, Suite 110
Irvine, California 92606
Tel: 949.748.1000 Fax: 949.315.3540
info@andrewsthornton.com

www.andrewsthornton.com
AndrewsThorntonBlog.com

  

June 28, 2016

**VIA U.S. PRIORITY MAIL**
O[9405 5118 9956 3231 9136 37]
Food and Drug Administration
Division of Freedom of Information
Office of the Executive Secretariat, OC
5630 Fishers Lane, Room 1035
Rockville, MD 20857

**RE: FOIA REQUESTS**

To Whom It May Concern:

Please find attached FOIA requests relating to the following devices:

1. Bair Hugger® Total Temperature Management® System – Model 505 Warming Unit (**K960167**)

2. Augustine Medical Bair Hugger Model 750 Total Temperature Management System (**K001149**)

3. Bair Hugger Temperature Management System (**K021473**)

4. Bair Hugger Temperature Management System (**K041686**)

5. Modification to Bair Hugger Temperature Management Systems (**K053645**)

6. Bair Paws Temperature Management System Model 850 (**K060865**)

Yours truly,

Lauren Davis, Esq.
ANDREWS & THORNTON



Anne Andrews
John C. Thornton
Sean T. Higgins
Lila Razmara
Lauren R. Davis
Tin Brian Nguyen

Attorneys at Law, A Law Corporation

2 Corporate Park, Suite 110
Irvine, California 92606
Tel: 949.748.1000 Fax: 949.315.3540
info@andrewsthornton.com

www.andrewsthornton.com

AndrewsThorntonBlog.com

 

June 28, 2016

**VIA U.S. PRIORITY MAIL**

Food and Drug Administration
Division of Freedom of Information
Office of the Executive Secretariat, OC
5630 Fishers Lane, Room 1035
Rockville, MD 20857

**RE: FOIA REQUEST: Bair Hugger® Total Temperature Management® System – Model 505 Warming Unit (K960167)**

To Whom It May Concern:

This is a formal request for information pursuant to the Freedom of Information Act of 1996. The following is requested:

1. All documents referring to or embodying the materials submitted to the FDA by Augustine Medical, Inc. for the purpose of obtaining 510(k) approval of the System Thermal Regulating 74 DWG, Patient Warming System, called the Bair Hugger® Total Temperature Management® System – Model 505 Warming Unit (**K960167**).

Of course, this office is happy to pay any fees incurred in fulfilling this request. If you have any questions or concerns, please do not hesitate to contact our office.

Yours truly,

Lauren Davis, Esq.
ANDREWS & THORNTON



Anne Andrews
John C. Thornton
Sean T. Higgins
Lila Razmara
Lauren R. Davis
Tin Brian Nguyen

Attorneys at Law, A Law Corporation

2 Corporate Park, Suite 110
Irvine, California 92606
Tel: 949.748.1000 Fax: 949.315.3540
info@andrewsthornton.com

www.andrewsthornton.com

AndrewsThorntonBlog.com

 

June 28, 2016

**VIA U.S. PRIORITY MAIL**

Food and Drug Administration
Division of Freedom of Information
Office of the Executive Secretariat, OC
5630 Fishers Lane, Room 1035
Rockville, MD 20857

**RE: FOIA REQUEST: Augustine Medical Bair Hugger Model 750 Total Temperature Management System (K001149)**

To Whom It May Concern:

This is a formal request for information pursuant to the Freedom of Information Act of 1996. The following is requested:

1. All documents referring to or embodying the materials submitted to the FDA by Augustine Medical, Inc. for the purpose of obtaining 510(k) approval of the Augustine Medical Bair Hugger Model 750 Total Temperature Management System (**K001149**).

Of course, this office is happy to pay any fees incurred in fulfilling this request. If you have any questions or concerns, please do not hesitate to contact our office.

Yours truly,

Lauren Davis, Esq.
ANDREWS & THORNTON



# ANDREWS THORNTON

**Attorneys at Law, A Law Corporation**

Anne Andrews
John C. Thornton
Sean T. Higgins
Lila Razmara
Lauren R. Davis
Tin Brian Nguyen

2 Corporate Park, Suite 110
Irvine, California 92606
Tel: 949.748.1000 Fax: 949.315.3540
info@andrewsthornton.com

www.andrewsthornton.com

AndrewsThorntonBlog.com

 

June 28, 2016

**VIA U.S. PRIORITY MAIL**

Food and Drug Administration
Division of Freedom of Information
Office of the Executive Secretariat, OC
5630 Fishers Lane, Room 1035
Rockville, MD 20857

**RE: FOIA REQUEST: Bair Hugger Temperature Management System (K021473)**

To Whom It May Concern:

This is a formal request for information pursuant to the Freedom of Information Act of 1996. The following is requested:

1. All documents referring to or embodying the materials submitted to the FDA by Augustine Medical, Inc. for the purpose of obtaining 510(k) approval of the Bair Hugger Temperature Management System (**K021473**).

Of course, this office is happy to pay any fees incurred in fulfilling this request. If you have any questions or concerns, please do not hesitate to contact our office.

Yours truly,

Lauren Davis, Esq.
ANDREWS & THORNTON



Anne Andrews
John C. Thornton
Sean T. Higgins
Lila Razmara
Lauren R. Davis
Tin Brian Nguyen

Attorneys at Law, A Law Corporation

2 Corporate Park, Suite 110
Irvine, California 92606
Tel: 949.748.1000 Fax: 949.315.3540
info@andrewsthornton.com

www.andrewsthornton.com

AndrewsThorntonBlog.com



June 28, 2016

**VIA U.S. PRIORITY MAIL**

Food and Drug Administration
Division of Freedom of Information
Office of the Executive Secretariat, OC
5630 Fishers Lane, Room 1035
Rockville, MD 20857

**RE: FOIA REQUEST: Bair Hugger Temperature Management System (K041686)**

To Whom It May Concern:

This is a formal request for information pursuant to the Freedom of Information Act of 1996. The following is requested:

1. All documents referring to or embodying the materials submitted to the FDA by Arizant Healthcare, Inc. for the purpose of obtaining 510(k) approval of the Bair Hugger Temperature Management System (**K041686**).

Of course, this office is happy to pay any fees incurred in fulfilling this request. If you have any questions or concerns, please do not hesitate to contact our office.

Yours truly,

Lauren Davis, Esq.
ANDREWS & THORNTON



Anne Andrews
John C. Thornton
Sean T. Higgins
Lila Razmara
Lauren R. Davis
Tin Brian Nguyen

Attorneys at Law, A Law Corporation

2 Corporate Park, Suite 110
Irvine, California 92606
Tel: 949.748.1000 Fax: 949.315.3540
info@andrewsthornton.com

www.andrewsthornton.com

AndrewsThorntonBlog.com

 

June 28, 2016

**VIA U.S. PRIORITY MAIL**

Food and Drug Administration
Division of Freedom of Information
Office of the Executive Secretariat, OC
5630 Fishers Lane, Room 1035
Rockville, MD 20857

**RE: FOIA REQUEST: Modification to Bair Hugger Temperature Management Systems (K053645)**

To Whom It May Concern:

This is a formal request for information pursuant to the Freedom of Information Act of 1996. The following is requested:

1. All documents referring to or embodying the materials submitted to the FDA by Arizant Healthcare, Inc. for the purpose of obtaining 510(k) approval of the Modification to Bair Hugger Temperature Management Systems (**K053645**).

Of course, this office is happy to pay any fees incurred in fulfilling this request. If you have any questions or concerns, please do not hesitate to contact our office.

Yours truly,

Lauren Davis, Esq.
ANDREWS & THORNTON



Anne Andrews
John C. Thornton
Sean T. Higgins
Lila Razmara
Lauren R. Davis
Tin Brian Nguyen

Attorneys at Law, A Law Corporation

2 Corporate Park, Suite 110
Irvine, California 92606
Tel: 949.748.1000 Fax: 949.315.3540
info@andrewsthornton.com

www.andrewsthornton.com

AndrewsThorntonBlog.com

 

June 28, 2016

**VIA U.S. PRIORITY MAIL**

Food and Drug Administration
Division of Freedom of Information
Office of the Executive Secretariat, OC
5630 Fishers Lane, Room 1035
Rockville, MD 20857

**RE: FOIA REQUEST: Bair Paws Temperature Management System Model 850 (K060865)**

To Whom It May Concern:

This is a formal request for information pursuant to the Freedom of Information Act of 1996. The following is requested:

1. All documents referring to or embodying the materials submitted to the FDA by Arizant Healthcare, Inc. for the purpose of obtaining 510(k) approval of the Bair Paws Temperature Management System Model 850 (**K060865**).

Of course, this office is happy to pay any fees incurred in fulfilling this request. If you have any questions or concerns, please do not hesitate to contact our office.

Yours truly,

Lauren Davis, Esq.
ANDREWS & THORNTON



| | | |
|---|---|---|
| Anne Andrews<br>John C. Thornton<br>Sean T. Higgins<br>Lila Razmara<br>Lauren R. Davis<br>Tin Brian Nguyen | Attorneys at Law, A Law Corporation<br><br>2 Corporate Park, Suite 110<br>Irvine, California 92606<br>Tel: 949.748.1000 Fax: 949.315.3540<br>info@andrewsthornton.com | www.andrewsthornton.com<br><br>AndrewsThorntonBlog.com<br> |

July 29, 2016

**VIA U.S. PRIORITY MAIL**

Food and Drug Administration
Division of Freedom of Information
Office of the Executive Secretariat, OC
5630 Fishers Lane, Room 1035
Rockville, MD 20857

**RE: FOIA REQUEST**

To Whom It May Concern:

This is a formal request for information pursuant to the Freedom of Information Act of 1996. The following is requested:

1. All documents referring to or embodying reports of all patient infections and/or device contamination associated with the use of heater-cooler devices entered into the medical device reports (MDR) database between January 1, 2010 and February 29, 2016.[1]

Of course, this office is happy to pay any fees incurred in fulfilling this request. If you have any questions or concerns, please do not hesitate to contact our office.

Yours truly,

Lauren Davis, Esq.
ANDREWS & THORNTON

---

[1] These 180 MDRs were reviewed and analyzed by the FDA in its Executive Summary: *Nontuberculous Mycobacterium (NTM) Infections Associated with Heater-Cooler Devices (HCD) during Cardiothoracic Surgery* (June 2016).