UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: BAIR HUGGER FORCED AIR WARMING DEVICES PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates To:<br>All Actions | MDL No. 15-2666 (JNE/FLN)<br><br>**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR PROTECTIVE ORDER CONCERNING PLAINTIFFS' SUBPOENAS TO THIRD-PARTY MANUFACTURERS OF PATIENT WARMING DEVICES** |

On February 17, 2017, just one month before the cutoff for general causation fact discovery, Plaintiffs issued broad subpoenas to five third-party manufacturers of patient warming devices: Stryker, Gaymar, Cincinnati Sub-Zero, Medline, and MTRE. *See* Hulse Decl. Exs. 1-5 (Plaintiffs' subpoenas). Like Plaintiffs' earlier subpoena to VitaHEAT, these subpoenas demand a broad range of documents relating to design, testing, and marketing, as well as communications with regulators and scientific researchers. Defendants now move for a protective order (i) barring Plaintiffs from pursuing discovery of these third parties with respect to conductive patient warming devices, and (ii) imposing threshold conditions and limitations on any discovery concerning convective warming devices.[1]

---

[1] Even though Plaintiffs' subpoenas do not seek discovery directly from 3M, 3M has its "own right to reasonable discovery and efficient disposition of the case." *Shukh v. Seagate Tech., LLC*, 295 F.R.D. 228, 236 (D. Minn. 2013). Plaintiffs' expansive requests, near the end of general causation fact discovery, are an attempt to expand discovery to new topics and several other products (or features of products) that have no relevance to the parties'

## BACKGROUND AND ARGUMENT

Some of the patient warming devices sold by the third-party subpoena targets, including the Blanketrol III (Cincinnati Sub-Zero), PerfecTemp (Medline Industries), Medi-Therm (Stryker/Gaymar), and Allon (MTRE), employ *conductive* warming technology. Declaration of Al Van Duren ¶¶ 3, 5-9. Thus, for the same reasons stated in the Court's March 6, 2017 order sustaining third party VitaHEAT's relevance objection, these devices are irrelevant and Plaintiffs' discovery should be barred. ECF 249 at 3 ("Plaintiffs cannot render a different product relevant to this litigation by asserting that the inherent technology utilized is safer").

To the extent Plaintiffs seek discovery concerning *convective* patient warming devices sold by any of these companies (*e.g.*, Stryker's Mistral Air and Cincinnati Sub-Zero's WarmAir products), Plaintiffs have not – despite several requests from Defendants – articulated a basis for the relevance of these devices. *See* Meet-and-Confer Statement. In their communications with Defendants, Plaintiffs have failed to demonstrate, as they must, that any of these devices contains a component that Plaintiffs allege could be added to the 3M™ Bair Hugger™ system to make it (in Plaintiffs' view) "safer." *See* ECF 249 at 3 n.2; *see also Tersigni v. Wyeth*, 817 F.3d 364, 368 (1st Cir. 2016) (holding that the plaintiff must show "the product in question could have been more safely designed, not that a different product was somehow safer"). Unless and until Plaintiffs meet that

---

claims and defenses. This will increase 3M's cost to defend itself with no benefit to the litigation.

2

relevance standard, this Court should bar them from continuing to pursue discovery relating to convective warming devices sold by any of these companies. *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1992) (holding that a proponent of the discovery must make a "threshold showing of relevance . . . before parties are required to open wide the doors of discovery," so as to limit "fishing expeditions in discovery").

If Plaintiffs are ultimately able to make this threshold showing, then this Court should limit discovery to those specific components of the convective warming devices that Plaintiffs demonstrate could be incorporated into the Bair Hugger system. Otherwise, the parties' resources will be wasted, and these third-party companies unduly burdened, with irrelevant discovery.

## CONCLUSION

For the foregoing reasons, Defendants request that the Court enter a protective order (i) barring Plaintiffs from pursuing discovery from the third-party manufacturers to the extent that discovery concerns conductive patient warming devices; and (ii) barring Plaintiffs from pursuing discovery concerning any convective warming devices unless and until Plaintiffs demonstrate that some component of those devices could be incorporated into the 3M Bair Hugger system. If Plaintiffs are ultimately able to make that showing, discovery should be strictly limited to those specific components that the Court determines to be relevant.

Dated: March 10, 2017

Respectfully submitted,

<u>s/Benjamin W. Hulse</u>
Jerry W. Blackwell (#186867)
Benjamin W. Hulse (#0390952)
Mary S. Young (#0392781)
**Attorneys for Defendants 3M Company and Arizant Healthcare Inc.**
BLACKWELL BURKE P.A.
431 South Seventh Street, Suite 2500
Minneapolis, MN 55415
T: (612) 343-3200   F: (612) 343-3205
blackwell@blackwellburke.com
bhulse@blackwellburke.com
myoung@blackwellburke.com


Bridget M. Ahmann (#016611x)
**Attorney for Defendants 3M Company and Arizant Healthcare Inc.**
FAEGRE BAKER DANIELS LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
T: (612) 766-7000   F: (612) 766-1600
bridget.ahmann@faegrebd.com

4