# EXHIBIT G



**BLACKWELL BURKE** P.A.

Benjamin W. Hulse
Direct Dial: 612-343-3256
E-Mail: bhulse@blackwellburke.com

March 7, 2017

<u>Via E-mail</u>

Gabriel Assaad
Kennedy Hodges LLP
4409 Montrose Blvd, Suite 200
Houston, TX 77006

Re: *In re Bair Hugger Forced Air Warming Devices Products Liability Litigation*, MDL 2666
Plaintiffs' Subpoenas to Third Party Manufacturers of Patient Warming Devices

Dear Gabe:

In light of the Court's ruling today sustaining VitaHEAT's relevance objection (see enclosure), please confirm by the end of today that Plaintiffs will withdraw the pending subpoenas to Cincinnati Sub-Zero, Medline Industries, Stryker Corporation, Gaymar Industries, and MTRE Advanced Technologies. Plaintiffs have not articulated any legally viable basis for the relevance of these subpoenas.

Furthermore, you have not informed us of any discussions you have had with any of these third-party manufacturers or copied us on any correspondence. If this is not rectified immediately, we will bring it to the Court's attention.

Respectfully,

*Ben Hulse*

Benjamin W. Hulse
Counsel for 3M Company

cc: Plaintiffs' Co-lead Counsel (by email)
    Cincinnati Sub-Zero (by FedEx)
    Medline Industries (by FedEx)
    Stryker Corporation (by FedEx)
    Gaymar Industries (by FedEx)
    MTRE Advanced Technologies (by FedEx)

Enclosure

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

In re: BAIR HUGGER FORCED AIR
WARMING DEVICES PRODUCTS
LIABILITY LITIGATION

MDL No. 15-2666 (JNE/FLN)

**ORDER**

Genevieve Zimmerman and Michael Sacchet for Plaintiffs.
Ben Hulse and Deborah Lewis for Defendants and Respondent VitaHEAT Medical, LLC.

**THIS MATTER** came before the undersigned United States Magistrate Judge on February 27, 2017, on Plaintiffs' motion to overrule third party VitaHEAT Medical, LLC's ("VitaHEAT") relevancy objection to Plaintiffs' December 30, 2016 subpoena (ECF No. 218). For the reasons set forth below, the motion is **DENIED** and VitaHEAT's objection is **SUSTAINED**.

VitaHEAT manufactures the UB3 system ("UB3"), a patient-warming device that uses "conductive heat [to] warm patients without circulating air." Sacchet Decl. Ex. B, ECF No. 221; Van Duren Decl. ¶ 5, ECF No. 238. In its Premarket Notification ("510(k)") submission filed with the Food and Drug Administration, VitaHEAT asserts that the UB3, "is considered to be substantially equivalent to the predicate device HotDog Patient Warming Mattress System ("HotDog") by Augustine Biomedical & Design LLC." ECF No. 221, Ex. Q at 5. "On August 31, 2016, 3M reached an agreement with VitaHEAT to serve as the exclusive distributor of the UB3 system in the United States." Defs.' Opp'n Mem. 5, ECF No. 236.

Plaintiffs served a subpoena on VitaHEAT on December 30, 2016, seeking twenty-six categories of documents under Federal Rule of Civil Procedure 45. ECF No. 221, Ex. N; ECF No. 222 ¶ 2. Plaintiffs now contend that the UB3, among other conductive warming devices, is a safer

alternative design to the Bair Hugger Forced Air Warming Device ("Bair Hugger") at issue in this litigation. Conlin Decl. ¶ 7, ECF No. 222.

Despite seeking similar discovery for similar reasoning from Respondents Scott Augustine and his related entities ("Augustine"), Defendants now contend that convective warming devices cannot be considered an "alternative design" because such devices are entirely different products, not alternative designs of its allegedly unsafe Bair Hugger product.[1]

VitaHEAT asserts that "its UB3 patient warming device has no relevance to the claims or issues in this multidistrict litigation," ECF No. 222 ¶ 4, because the UB3 system is a substantially different product. *See generally* ECF No. 236. VitaHEAT and Defendants jointly contend that the "UB3 system and the Bair Hugger . . . [use] fundamentally different types of technology. The UB3 system employs conductive warming (i.e., heat transferred by direct contact such as an electric heating pad), whereas the Bair Hugger system employs convective warming (i.e., heat transferred by movement of warm air)." *Id.* at 2. The Court agrees and concludes that because a conductive patient warming device and a convective patient warming device are substantially different products, the UB3 is not a reasonable, safer, alternative to the Bair Hugger, and discovery into its product design is not relevant to this case.

In *Burks v. Abbott Laboratories*, the plaintiffs alleged that liquid infant formula was a safer alternative design to powdered infant formula. Civil No. 08-3414 (JRT/JSM), 2010 WL 1576779,

---

[1] This Court previously denied Defendants' motion to compel HotDog related discovery, because, at the time, Plaintiffs had not asserted that the HotDog convective warming device was a safer alternative design to the Bair Hugger product that is the subject of these cases. *See* Order 3, ECF No. 148 (holding that because the HotDog is not asserted to be a reasonable, safer, alternative to the Bair Hugger Forced Air Warming Device, discovery into its product design is not relevant to this case).

at *4 (D. Minn. Apr. 20, 2010). The Court observed that, "liquid infant formula is a different product entirely than powdered infant formula, with unique qualities and advantages or disadvantages." *Id.* Plaintiffs in this case seek to assert that forced-air warming devices are defective, and cause surgical site infections. Like the *Burks* plaintiffs, Plaintiffs here allege there is a safer alternative. *See* ECF No. 222 ¶ 7. Also like the *Burks* plaintiffs, the safer alternative to which they point is not an alternative design, but an entirely different product. *Id.* The Bair Hugger system could not be modified to become a conductive patient warming device.[2] Indeed, Plaintiffs' contention is that one technology is superior to the technology inherent to the Bair Hugger system. *See Caterpillar, Inc. v. Shears*, 911 S.W.2d 379, 385 (Tex. 1995) ("A motorcycle could be made safer by adding two additional wheels and a cab, but then it is no longer a motorcycle."). Although "Parties may obtain discovery regarding any nonprivileged matter that is *relevant* to any party's claim or defense . . .," Fed. R. Civ. P. 26(b)(1) (emphasis added), Plaintiffs cannot render a different product relevant to this litigation by asserting that the inherent technology utilized is safer.

Based on the foregoing, and all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that VitaHEAT's relevancy objection is **SUSTAINED** and Plaintiffs' motion to overrule the relevancy objection (ECF No. 218) is **DENIED.**

---

[2] A conductive patient warming device with the addition of a HEPA filter, for example, could be relevant if so contended by Plaintiffs. *But see* Van Duren Decl. ¶ 6, ECF No. 238 ("The difference between a convective patient warming system and a conductive patient warming system is the difference between a heat transfer by air movement and heat transfer by direct surface-to-surface contact. Accordingly, conductive direct surface-to-surface heat transfer cannot be re-engineered and incorporated into convective air-to-surface heat transfer.").

DATED: March 6, 2017                                  *s/Franklin L. Noel*
                                                      FRANKLIN L. NOEL
                                                      United States Magistrate Judge