

## Ciresi Conlin LLP

**VIA ECF**

March 13, 2017

The Honorable Franklin J. Noel
9W U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415

Re:   *In re Bair Hugger Forced-Air Warming Prods. Liab. Litig.*
      MDL No. 15-2666-JNE-FLN

Dear Judge Noel:



Jan M. Conlin
Founding Partner

E:  JMC@CiresiConlin.com
P:  612-361-8202

225 South 6th St.
Suite 4600
Minneapolis, MN 55402
612-361-8200
CiresiConlin.com

On March 6, 2017, the Court denied Plaintiffs' motion to overrule VitaHEAT Medical, LLC's ("VitaHEAT") relevancy objection to Plaintiffs' subpoena. In its Order, the Court relied on VitaHEAT and Defendants' joint representation that the "UB3 system and the Bair Hugger . . . [use] fundamentally different types of technology." In re Bair Hugger Forced-Air Warming Prods. Liab. Litig., MDL No. 15-2666 (JNE/FLN), Dkt. No. 249, at *2 (D. Minn. Mar. 6, 2017). Based on that fact, and that fact alone, the Court concluded that VitaHEAT's UB3 device is not an alternative design to the Bair Hugger "because a conductive patient warming device and a convective patient warming device are substantially different products." Id.

Four days after the Order, Defendants filed a motion for a protective order concerning the Rule 45 subpoenas Plaintiffs served on five other third-party manufacturers of patient warming devices. Dkt. No. 258. Citing the March 6 Order, Defendants not only move to bar Plaintiffs from pursuing discovery from third-party manufacturers of conductive warming devices, but they move to prohibit discovery from third-party manufacturers of convective warming devices unless and until Plaintiffs prove that some component of those devices could be incorporated into the Bair Hugger. See id. at *1. The motion is set to be heard on March 27 before Your Honor. See Dkt. No. 259.

Plaintiffs now seek leave to file a motion for reconsideration of the March 6 Order in tandem with their forthcoming opposition to Defendants' motion for a protective order. Compelling circumstances support Plaintiffs' request. See D. Minn. L.R. 7.1(j); see also IBEW Local 98 Pension Fund v. Best Buy Co., No. 11-CV-429 (DWF/FLN), 2013 WL 6728965, at *2 (D. Minn. Dec. 19, 2013) ("Pursuant to Local Rule 7.1(j), a party must show 'compelling circumstances' to obtain permission to file a motion to reconsider.").

March 13, 2017
Page 2

Although the ultimate determination of whether conductive devices constitute a safer alternative design to convective devices should be reserved for summary judgment if not trial, the time is ripe to reconsider the March 6 Order. E.g., Burks v. Abbott Labs., 2010 WL 1576779, at *4 (D. Minn. Apr. 20, 2010) ("Given that defendants' distinguishing facts fall outside the four concerns of the [complaint], . . . this issue may be more appropriately resolved at summary judgment."); Kimball v. R. J. Reynolds Tobacco Co., 2006 WL 1148506, at *3 (W.D. Wash. Apr. 26. 2006) (joining most courts in concluding that "the jury must decide" whether a product is an alternative design). Just like their opposition to Plaintiffs' motion to overrule VitaHEAT's relevancy objection, Defendants predicate their motion for a protective order on the alleged fact that conductive devices use an entirely different technology than convective devices. See Dkt. No. 260. The Court must thus revisit the same fact-intensive inquiry as to whether conductive warming devices such as the PerfecTemp (Medline), MediTherm (Gaymar), and Allon (MTRE) constitute alternative designs to the Bair Hugger. Cf. Kokocinski v. Collins, 2015 WL 5736165, at *1 n.2 (D. Minn. Sept. 30, 2015) (reconsidering order because defendant raised similar claims in opposing plaintiff's motion).

Reconsideration of the March 6 Order is especially warranted given "newly discovered evidence." Edeh v. Equifax Info. Servs., LLC, No. 12-CV-1301 (JNE/FLN), 2013 WL 1173920, at *1 (D. Minn. Mar. 20, 2013). One day after the Court signed its Order sustaining VitaHEAT's relevancy objection to Plaintiffs' subpoena, Plaintiffs deposed Mr. Albert Van Duren pursuant to Federal Rule of Civil Procedure 30(b)(6). Without hesitation, Mr. Van Duren admitted that "███████████████████████████████████████████." Ex. A at 134:25-135:5 (emphasis added). He went on to explain, lest any doubt remained, that the Bair Hugger ███████████████████████████████████. Id. at 141:10-20. While the device ███████████████████████████████████████████████████████████████████████' Id. at 161:2-162:8 (emphasis added).

Mr. Van Duren's deposition testimony vitiates the declaration he filed in support of Defendants' opposition to Plaintiffs' motion to overrule VitaHEAT's relevancy objection. See Dkt. No. 238. Notwithstanding his lack of foundation, Mr. Van Duren averred in his declaration that the "Bair Hugger Patient Warming System is a convective warming system," making no mention of the newly discovered fact that the Bair Hugger ███████████████████████████. Id. at *2. Moreover, in stark contrast to his deposition testimony that the Bair Hugger ███████████ ███████████████████, Mr. Van Duren's declaration falsely states that the "UB3's conductive warming technology cannot be incorporated into the Bair Hugger system." Id. at *3. Because Defendants' opposition to Plaintiffs' motion to overrule VitaHEAT's relevancy objection hinged on these misrepresentations, the Court unknowingly erred in concluding at this very early stage of the litigation that "a conductive patient warming device and a convective patient warming device are substantially different products." Dkt. No. 249 at *2. After all, the FDA has already found that the Bair Hugger, HotDog, and UB3 are all "substantially equivalent" products.

For these reasons, among other factual and legal issues not discussed herein, Plaintiffs seek leave to file a motion for reconsideration of the March 6 Order in tandem with their forthcoming opposition to Defendants' motion for a protective order. Plaintiffs respectfully request timely disposition of this matter in the event they must object to the March 6 Order pursuant to L.R. 72.2.

Sincerely,

/s/ Jan M. Conlin