

Benjamin W. Hulse
Direct Dial: 612-343-3256
E-Mail: bhulse@blackwellburke.com

March 14, 2017

<u>**Via ECF**</u>

The Honorable Franklin L. Noel
Magistrate Judge, United States District Court
9W U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415

Re:   *In re Bair Hugger Forced Air Warming Devices Products Liability Litigation*
       MDL No. 15-2666-JNE-FLN

Dear Judge Noel:

Plaintiffs have requested leave to revisit the Court's March 6, 2017 order sustaining VitaHEAT Medical's ("VitaHEAT") objection to Plaintiffs' December 30, 2016 subpoena ("Subpoena") to VitaHEAT based on purported "newly discovered evidence." Put simply, Plaintiffs' "new evidence" provides no support whatsoever to their position or any reason for the Court to reconsider its order. Plaintiffs' request should be denied.

In its order, this Court properly concluded, consistent with the record and the overwhelming case law, that "because a conductive patient warming device and a convective patient warming device are substantially different products, the UB3 is not a reasonable, safer, alternative to the Bair Hugger, and discovery into its product design is not relevant to this case."

In their attempt to persuade this Court to reconsider its ruling, Plaintiffs grossly mischaracterize the deposition testimony of Mr. Al Van Duren in his March 7 deposition. As the cited portions of his testimony make clear, Mr. Van Duren was responding to questions about the basic distinction between heat transfer via convection versus heat transfer via conduction:

>   Q.   You used the term "convective." What do you mean by "convective?"
>
>   A.   It's a mode of heat transfer that requires a fluid to transfer the energy from one source to another, from a source to a target.
>
>   Q.   Okay. And you also mentioned conductive, and that is --

3M's Opposition to Plaintiffs' Request for Leave to Seek Reconsideration of VitaHEAT Order
March 14, 2017
Page 2

> A. That's the transfer of energy by direct contact between two surfaces of a different temperature.
>
> Q. You agree with me that the Bair Hugger does transfer some energy by direct contact; correct?
>
> A. Very little.
>
> Q. But it does transfer by direct contact. Yes?
>
> A. Yes.

(Pl. Ex. A, Van Duren Dep. at 134:9-24.) This is a straightforward explanation of the physics of conductive and convective heat transfer. With any forced air warming device, there can be a tiny amount of conductive heat transfer when the warm blanket surface – solely warmed by the warmed air movement into the blanket – comes into direct contact with skin (provided the skin is cooler than the blanket surface). Similarly, with conductive blankets or mattresses, there can be a tiny amount of convective heat transfer if there are areas where the blanket is not in direct contact with the skin and the blanket heats the air in between its surface and the skin.

In convective devices like the Bair Hugger system, however, convective transfer accounts for the vast and overwhelming majority of heat transfer, is the intended method of heat transfer, and any conductive transfer that occurs is trivial and incidental. There is no heat generation from the blanket itself. Conversely, in conductive systems like the VitaHEAT UB3 system, conduction accounts for the vast majority of heat transfer, is the intended method of heat transfer, and any convective transfer that occurs is trivial and incidental.

Mr. Van Duren's explanation of the basic physics of heat transfer is in no way, shape, or form contrary to his declaration and does not change the fact that a conductive device is substantially (indeed, fundamentally) different from a convective device. Plaintiffs still have not, and cannot, demonstrated how the VitaHEAT UB3's conductive patient warming technology could be incorporated into 3M's Bair Hugger system without turning the Bair Hugger system into a fundamentally different device than it is today.

In sum, there is no "new evidence" that could support this Court reversing course and instead concluding that the VitaHEAT UB3 is not a substantially different device. Plaintiffs' request to leave to move for reconsideration should be denied.

Respectfully,

s/ Benjamin W. Hulse

Counsel for Defendant 3M Company

