UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

| | |
|---|---|
| IN RE: Bair Hugger Forced Air Warming Products Liability Litigation | MDL No. 2666 (JNE/FLN) |
| This Document Relates to: All Actions | **KENNEDY HODGES, LLP'S RESPONSE TO DEFENDANTS' MOTION TO COMPEL AGAINST KENNEDY HODGES, LLP** |

_____

Kennedy Hodges, LLP files this Response to Defendants' Motion to Compel Against Kennedy Hodges ("Motion"). Defendants' Motion should be denied because the documents at issue (1) are protected as communications with a consulting non-testifying expert; (2) are protected by the work product doctrine; and (3) are not relevant to the instant action.[1] For the following reasons, Defendants' Motion should be denied.

## I.      BACKGROUND

Defendants moved to compel Kennedy Hodges to confirm that there are no communications between it and Augustine other than those that have already been produced or listed on Augustine's privilege logs or, alternatively, to produce such communications or to produce a privilege log and provide such communications to the Court for *in camera* inspection.

_____

[1] After reviewing all communications between Kennedy Hodges and Augustine, Kennedy Hodges has reached a determination that an email creating a consulting non-testifying expert agreement with Hot Dog USA/Augustine Temperature Management LLC is not protected or privileged. Accordingly, the email constituting the expert consulting agreement has already been produced to Defendants. *See* Ex. "A," Email Regarding Non-Testifying Expert Consulting agreement.

Despite Defendants' affirmative representations in their Motion, Kennedy Hodges was under no obligation to review Augustine's privilege log for completeness, as it was not the target of Defendants' previous Motion to Compel.[2] Regardless, Kennedy Hodges has conducted a review and identified eleven (11) additional documents constituting communications with Augustine that were not included on Augustine's August 2016 or December 2016 privilege logs.  One of those documents, constituting an email chain from January 29, 2013 that memorializes the consulting non-testifying expert agreement between Kennedy Hodges and Hot Dog USA and Augustine Temperature Management LLC, has already been produced to Defendants and is attached to this Response as Exhibit A. For the remaining ten (10) documents, Kennedy Hodges has put together a privilege log, which has also been distributed to Defendants.

It is important to note that the exact relief that Defendants now seek has been addressed by three different federal judges in two different proceedings and resolved against Defendants.[3] In fact, United States Magistrate Judge Teresa J. James with the District of Kansas specifically suggested that Defendants should "seek the information requested directly from Dr. Augustine." *See* Ex. C, at 3. This is exactly what Defendants have done with their previous Motion to Compel, and the Court has issued an order

---

[2] Defendants cite no case law or other legal authority for this position. *See* Doc. 253, at 3.

[3] This issue was addressed and resolved in both the *Walton* and *Johnson* matters, prior to the transfer of both of those cases to MDL No. 2666. *See* Ex. "B," Order Denying Defendants' First Motion to Compel Production (*Walton v. 3M Company et al.*, 13-cv-01164, Doc. 120); Ex. "C," Order Denying Defendants' Second Motion to Compel Production and a Privilege Log (*Walton v. 3M Company et al.*, 13-cv-01164, Doc. 176); Ex. "D," Order Memorializing Rulings from Telephone Discovery Status Conference (*Johnson v. 3M et al.*, 14-cv-02044, Doc. 98).

directing Augustine, a third-party, to turn over specific documents. This should be the end of the issue—yet Defendants persist.

As stated above, this Court has already made a ruling on the privileged nature of communications between Kennedy Hodges and Augustine. *See* ECF Doc. 250 at 12 (partially granting and partially denying Defendants' motion to compel) ("Prior Order"). Specifically, this Court has found that a substantial number of communications between Kennedy Hodges and Augustine are protected work product prepared in anticipation of litigation on behalf of the MDL Plaintiffs. *Id*. at 6. This protection extends to the communications between Kennedy Hodges and Augustine that Defendants seek to discover with the present Motion. The mental impressions, opinions, etc. of Kennedy Hodges attorneys are protected by the attorney work product doctrine, even if disclosed to a non-adversarial third party. Therefore, the Court should deny Defendant's motion to the extent that the documents are protected by the attorney work product doctrine

Conversely, the Court's Prior Order overruling the assertion of attorney client privilege with respect to Kennedy Hodges's legal representation of Augustine has no bearing on the consulting expert agreement that Augustine entered into with Kennedy Hodges on January 29, 2013.  As discussed in more detail below, Augustine entered into a consulting non-testifying expert agreement with Kennedy Hodges on that date and served in that role for approximately two years. Therefore, the Court should also deny Defendant's motion as it pertains to any documents or communications occurring after January 29, 2013 and until the consulting expert relationship ended, because such communications are protected by Rule 26 pertaining to consulting non-testifying experts.

3

## II.    ARGUMENT

### A. The Expert Consulting Agreement Between Kennedy Hodges and Augustine Protects Certain Documents and Communications from Discovery.

The Federal Rules of Civil Procedure explicitly curtail discovery directed at non-testifying experts who are consulted either in anticipation of litigation or to prepare for trial. Fed. R. Civ. P. 26(b)(4)(D). This prohibition on discovery directed at non-testifying experts can only be defeated by "showing exceptional circumstances under which it is impracticable for the party to obtain facts or opinions on the same subject by other means." Fed. R. Civ. P. 26(b)(4)(D)(ii). The Eighth Circuit's protections of non-testifying experts are wide-reaching, extending even to the identity of such experts. *Cox v. Piper, Jaffray & Hopwood, Inc.*, 848 F.2d 842, 845-846 (8th Cir. 1988). The Eighth Circuit has also held that Rule 26 clearly prohibits the discovery of facts known or opinions held by informally consulted, non-testifying experts. *Id.* at 845; *see also Ager v. Jane C. Stormont Hosp. and Training Center for Nurses*, 622 F.2d 496, 501 (10th Cir. 1980). Further, any "collateral information concerning an expert who is retained but not expected to be called . . . is not discoverable except upon a showing of exceptional circumstances as set forth in Rule 26." *Cox*, 848 F.2d at 845.

The extent of Dr. Augustine's consulting with Kennedy Hodges was as a non-testifying expert who, beginning on January 29, 2013, assisted Kennedy Hodges with scientific information and analysis in anticipation of the original *Walton* litigation. *See* Ex. A. Once the *Walton* litigation was moving forward, Plaintiff in that litigation named Dr. Augustine as a *potential* expert in a preliminary letter sent to counsel for Defendants on

4

October 1, 2014, along with some 24 other possible experts.[4] As soon as Defendants took issue with his involvement in early 2015 and sought a protective order to prevent Dr. Augustine and other individuals affiliated with other patient warming device companies from having access to confidential documents in that litigation, Kennedy Hodges complied and removed Dr. Augustine from consideration as a possible expert. Dr. Augustine's role as a consulting non-testifying expert ceased at that time, and no confidential information or documents were provided to him.

For approximately two years, Augustine served in the role of a consulting non-testifying expert for Kennedy Hodges. Rule 26 specifically protects Augustine from being a target of discovery for documents and information from this time-period. Further, Defendants have not attempted to make any showing of exceptional circumstances under Rule 26 that would otherwise render this discovery permissible. Accordingly, documents and communications that exist from Dr. Augustine's role as a non-testifying expert consultant from January 29, 2013 forward should be protected from disclosure.

## B. Communications and Documents both Prior to and After Kennedy Hodges and Augustine's Consulting Agreement are Protected by the Work Product Doctrine.

The work product doctrine is meant to "protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation." Fed. R. Civ. P. 26(b)(3). This protection cannot be

---

[4] Ex. "E," Letter to Counsel Identifying Possible Experts. The letter explicitly states that the experts listed were only being considered and was sent to allow Defendants "the opportunity to object per the protective order" in place in *Walton*. *Id.* at 2.

defeated absent a showing of *substantial* need or *undue hardship* by the discovering party. *Lumber v. PPG Industries, Inc.*, 168 F.R.D. 641, 644 (D. Minn. 1996) (Erickson, M. J.); *see also Petersen v. Douglas County Bank & Trust Co.*, 967 F.2d 1186, 1189 (8th Cir. 1992).  As noted herein, Defendants have utterly failed in this regard.

The Eighth Circuit recognizes two different levels of work product—ordinary work product and opinion work product. *Baker v. Gen. Motors Corp.*, 209 F.3d 1051, 1054 (8th Cir. 2000). Ordinary work product includes rough notes and documents that contain factual content, and is "discoverable only if the party seeking discovery has a substantial need for the information and cannot obtain it by other means." *Id.*; *see also* Fed. R. Civ. P. 26(b)(3)(A). Opinion work product, on the other hand, consists of an attorney's conclusions, mental impressions, opinions, or legal theories. *Baker*, 209 F.3d at 1054. Opinion work product "enjoys **almost absolute protection** against disclosure, making it discoverable **in only very rare and extraordinary circumstances**." *Id.*; *see also In re Murphy*, 560 F.2d 326, 336 (8th Cir. 1977) (emphasis added).

The work product protections at issue were not waived by communications with Augustine. Protections for the disclosure of work product to a third party are stronger than protection for the attorney-client privilege if such communications are disclosed to a third party in a similar manner. *United States v. American Tel. and Tel. Co.*, 642 F.2d 1285, 1299 (D.C. Cir. 1980). Disclosure of documents that constitute work product to **a non-adversarial third party** typically does not waive the protection afforded by the work product doctrine. *See Peralta v. Cendant Corp.*, 190 F.R.D. 38, 42 (D. Conn. 1999) (communications constituting "conclusions, opinions, or legal theories" to third party

6

protected from discovery by opposing counsel under Rule 26); *Construction Industry Svcs. Corp. v. Hanover Ins. Co.*, 206 F.R.D. 43, 49 (E.D.N.Y. 2001) (disclosure of opinion work product "to third parties does not, in and of itself, constitute a waiver of the [doctrine]"); *Ayers Oil Co. v. American Business Brokers, Inc.*, 09-CV-02DDN, 2009 WL 4725297, at *3 (E.D. Mo. Dec. 2, 2009) (disclosure of work product by client to third party did not waive protection under work product doctrine); *Morales v. United States*,  No. 94 Civ. 4865(JSR), 1997 WL 223080, at *1 (S.D.N.Y. May 5, 1997) (no waiver by disclosure of conversation to third party). The work product doctrine will protect opinion work product that has been disclosed to third parties, "unless disclosure is inconsistent with maintaining secrecy from possible adversaries." *Stix Prods., Inc. v. United Merchs. & Mfrs.*, 47 F.R.D. 334, 338 (S.D.N.Y. 1969).  Disclosure of any work product documents or information to Augustine was not inconsistent with this principle.

This Court's Prior Order partially denying Defendants' motion to compel communications protected by the work product doctrine applies equally to the present motion. *See* ECF Doc. 250 at 6, 12. The documents exchanged between Kennedy Hodges and Augustine are opinion work product, in that many of these documents and email communications consist of the opinions and legal theories of attorneys from Kennedy Hodges in the greater context of the products liability lawsuit.  Kennedy Hodges' decision to disclose these documents to a non-adverse third-party in no way compromises the protection afforded by the work product doctrine to the documents consisting of opinion work product at issue.

**C. Defendants have Made no Showing of "Substantial Need" or "Undue Hardship" and Have Not Met the Burden of Establishing Very Rare and Extraordinary Circumstance**

Protection from disclosure under the work product doctrine cannot be defeated absent a showing of substantial need or undue hardship by the discovering party. *Lumber*, 168 F.R.D. at 644; *Petersen*, 967 F.2 at 1189. Opinion work product, which is at issue here, enjoys nearly "absolute protection against disclosure, making it discoverable in only very rare and extraordinary circumstances." *Baker*, 209 F.3d at 1054; *In re Murphy*, 560 F.2d at 336. To overcome the protection afforded opinion work product, "Defendants bear the heavy burden of establishing a rare and extraordinary circumstance." *Chopper, Estate of, ex. Rel. Chopper v. R.J. Reynolds Tobacco Co.*, 195 F.R.D. 648, 652 (N.D. Iowa 2000); *see also Baker*, 209 F.3d at 1053–54; *Pittman*, 129 F.3d at 988; *Murphy*, 560 F.2d at 336. "Opinion work product is virtually absolutely immune from discovery." *Bieter Co. v. Blomquist*, 156 F.R.D. 173, 179 (D. Minn. 1994) (Alsop, J.); *see also In re Grand Jury Proceedings*, 473 F.2d 840, 848 (8th Cir. 1973).

Defendants have made no showing of substantial need or hardship to suggest that they are otherwise entitled to these protected documents, nor have they suggested that the information sought is not obtainable by other means.[5] Defendants have also made no showing of extraordinary circumstances that would defeat the protection for opinion work product, and have therefore failed to meet the "heavy burden" to demonstrate such. The only result is that these documents should be withheld from production. Assuming not all

---

[5] Defendants will take the deposition of Dr. Augustine and will have ample opportunity to discover any facts that pertain to his work, his company, or his opinions.

the communications were "opinion" work product, Defendants still have made no showing whatsoever that they are entitled to the documents that constitute ordinary work product. Accordingly, *all* the documents at issue should be protected from discovery.

## D. Communications and Other Documents Sought by Defendants are Not Relevant

For documents or communications to be discoverable, they must be "relevant to any party's claim or defense and proportional to the needs of the case, considering . . . the importance of the discovery in resolving the issues . . . ." Fed. R. Civ. P. 26(b)(1). The party resisting discovery typically has the burden to establish the lack of relevance. *Peterson v. Seagate U.S. LLC*, 2009 WL 3430150 at *1 (D. Minn. Oct. 19, 2009) (Boylan, M. J.) (citing *St. Paul Reinsurance Co., Ltd. v. Commercial Financial Corp.*, 198 F.R.D. 508, 511 (N.D. Iowa 2000)). However, a court can determine that a request is not relevant if "it is clear that the information sought has no bearing upon the subject matter of the action." *Mead Corp. v. Riverwood Natural Resources Corp.*, 145 F.R.D. 512, 522 (D. Minn. 1992) (McNulty, J.).

Defendants have sought documents from Augustine directly and now seek documents from Kennedy Hodges to advance the notion that Kennedy Hodges and Augustine are somehow "working together" to undermine Defendants' business. Even if these allegations are true, they are not relevant to this litigation. As mentioned previously in Kennedy Hodges' response to the Defendants' previous Motion to Compel directed at Augustine, these allegations do not appear in Defendants' Master Answer filed in the Bair

Hugger Forced Air Warming Devices Products Liability Litigation.[6] Instead, these allegations appear to have originated in Defendants' previous Motion to Compel. Defendants' attempts to pursue protected documents under this new premise, and outside any affirmative defense or other theory plead in their Master Answer, severely undermines any argument that could be put forward to show relevance.

### E.  Motion for Protective Order

To the extent that any documents of which the Court orders production relating to the present Motion or the previous Motion to Compel directed at Augustine, and pursuant to Federal Rules of Civil Procedure 26(b)(4)(D), Kennedy Hodges seeks a protective order barring the production of any documents that were produced on or after January 29, 2013 and during the timeframe that Augustine served as a consulting non-testifying expert.

### CONCLUSION

As indicated above, all documents or information produced on or after January 29, 2013 and during Augustine's role as a non-testifying expert are protected from disclosure under Rule 26. Further, communications at issue between Kennedy Hodges and Augustine are protected from production by the work product doctrine. Disclosure of those documents or the information that constitute work product to Augustine is not sufficient to waive the protection afforded by the doctrine, as Augustine is a non-adversarial third party. Finally, the documents sought by Defendants would not be relevant to the issues in this

---

[6] *See* Doc. 105, Defendants' Master Answer to Plaintiffs' Master Long Form Complaint and Jury Demand, pg. 22–34.

litigation.   Therefore, Kennedy Hodges respectfully requests that this Court deny

Defendants' Motion to Compel and grant its Motion for Protective Order.

Respectfully submitted,

KENNEDY HODGES, L.L.P.

By: /s/ David W. Hodges
David W. Hodges
dhodges@kennedyhodges.com
Gabriel A. Assaad
gassaad@kennedyhodges.com
4409 Montrose Blvd., Ste. 200
Houston, Texas 77006
Telephone: (713) 523-0001
Facsimile: (713) 523-1116

## CERTIFICATE OF SERVICE

This is to certify that on March 16, 2017 a copy of the forgoing instrument was served on all parties via the Court's electronic filing system.

By: /s/ David W. Hodges
David W. Hodges