UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| TIMOTHY JOHNSON, | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 14-cv-2044-KHV-TJJ |
| | ) |
| | ) |
| 3M COMPANY and | ) |
| ARIZANT HEALTHCARE, INC., | ) |
| | ) |
| Defendants. | ) |

## ORDER MEMORIALIZING RULINGS
## FROM TELEPHONE DISCOVERY STATUS CONFERENCE

On October 13, 2015, the Court held a telephone Discovery Status Conference. Plaintiff appeared through counsel, Gabriel A. Assaad and David W. Hodges. Defendants appeared through counsel, Christiana C. Jacxsens and Evan C. Holden. The Court made the following rulings at the conference:

1. Plaintiff's Motion for Stay Pending MDL Ruling (ECF No. 89) is DENIED. In deciding whether to grant a stay based on the pendency of a motion to transfer by the the Judicial Panel on Multidistrict Litigation ("JPML"), courts typically consider the following three factors: "(1) potential prejudice to the nonmoving party if the case is stayed; (2) hardship and inequity to the moving party if the action is not stayed; and (3) judicial economy, i.e. whether judicial resources would be saved."[1] The decision to grant or deny a temporary stay of proceedings pending a ruling by the JPML on a motion to transfer lies within the court's discretion.[2]

---

[1] *Asmann v. Dairy Farmers of Am., Inc.,* No. 12-1060-KHV, 2012 WL 1136865, at *2 (D. Kan. Apr. 4, 2012).

[2] *Id.*

# EXHIBIT D

The Court has considered the three factors cited above and finds that they do not weigh in favor of staying this case pending a ruling on the motion for transfer currently pending before the JPML. Weighing heavily in the Court's consideration is the length of time the parties have been litigating this case (nearly 21 months). This case was filed January 31, 2014 and is more than a year older than nearly all the other Bair Hugger® forced air warmer cases that the various plaintiffs are seeking to transfer to the MDL for coordinated or consolidated pretrial proceedings. The Court further finds that the status of discovery in this case warrants denial of the motion to stay. This case is well into discovery and a significant amount of discovery has been completed. Many witnesses have been deposed and the parties have produced tens of thousands of pages of documents. The current December 31, 2015[3] deadline for the close of fact discovery is barely more than two month away. Plaintiff's deadline to serve his expert disclosures was October 15, 2015. Further, counsel indicate that the earliest possible hearing date for the MDL motion before the JPML is December 3, 2015. Thus, the Court finds it very possible the JPML will not rule on the motion for transfer until after fact discovery has closed in this case. A stay, even if only a few months, will further delay the completion of fact discovery in this case, which the Court finds would not be moot if this case is one of the cases transferred to the MDL for coordinated or consolidated proceedings.

2. Defendants' Motion to Compel Plaintiff's Responses to Discovery (ECF No. 74) is DENIED as untimely under D. Kan. Rule 37.1(b), which requires that all motions to compel discovery be filed within 30 days of the default or service of the response that is the subject of the motion. Defendants filed the instant motion to compel discovery on August 20, 2015, approximately 12 months after Plaintiff served his objections and responses to Defendants'

---

[3] *See* Third Amended Scheduling Order (ECF No. 64).

2

Requests for Production and 10 months after Plaintiff served his objections and answers to Defendant Arizant's interrogatories. Defendants sought no extension of the deadline for filing a motion to compel discovery and have not otherwise provided a sufficient explanation why they waited so long to file their motion. Even if the motion was not found to be untimely, the Court would deny the motion as Defendants can seek the information requested directly from Dr. Augustine (subject to any valid attorney-client privilege or work product objection asserted).

3. Plaintiff's Motion Challenging Defendants' Designation of Documents as Confidential (ECF No. 77) is GRANTED. At the telephone conference, the Court inquired whether Defendants had removed any confidentiality designations after the court in the *Walton*[4] case ordered them to review and re-evaluate their confidentiality designations on a similar motion. Defendants' counsel advised that after the *Walton* order Defendants removed some confidential designations for published articles that were originally designated based on a "family" confidentiality designation. Defendants' counsel further advised that the "vast majority" of the documents at issue in Plaintiff's motion before this Court are the same as in the *Walton* motion. Plaintiff has also identified in his motion a number of documents Defendants designated as "confidential" that appear to be publicly available and not confidential. Based upon the large number of documents (over 75,000) produced and high percentage of them Defendants designated as confidential in this case, along with Defendants' removal of some of their confidentiality designations as a result of the *Walton* court's order, the Court concludes that Plaintiff's motion should be granted. Similar to what the Southern District of Texas ordered in the *Walton* case, Defendants are ordered, by **November 16, 2015**, to review their confidentiality designations in this case on a page-by-page basis and make any warranted adjustments to their

---

[4] *Walton v. 3M, et al.*, S.D. Tex. Case No. H-13-1164.

confidentiality designations.  Defendants shall further confer with Plaintiff regarding a process for identification and any re-numbering of documents de-designated.  After Defendants complete their review, if warranted, Plaintiff can then file a motion challenging any particular confidentiality designations in accordance with the Protective Order in this case.  Any motion challenging confidentiality designations will be set for an expedited briefing schedule.

4.      With regard to Plaintiff's request for Defendants to produce a corporate representative for deposition to testify on Defendants' process for locating responsive discovery (referenced by the parties at the discovery conference as a "discovery on discovery" deposition), Plaintiff shall first confer with Defendants on this issue, including considering whether Plaintiff's concerns can be addressed by an affidavit from Defendants' corporate representative detailing Defendants' document production process.  If the matter remains unresolved after conferring, Plaintiff may file a motion requesting a Rule 30(b)(6) deposition on this topic.  The Court will set an expedited briefing scheduling on any such motion.

5.      The Court sets another telephone Discovery Status Conference on **December 22, 2015 at 1:30 PM (cdt)** to address any fully-briefed discovery motions or any other scheduling or discovery issues. No later than **December 21, 2015**, the parties shall file a Supplemental Joint Notice updating the status of the witness depositions.  Participating counsel must dial (913) 735-2279 to join the conference call. The conference line will open 5 minutes prior to the scheduled time.

IT IS SO ORDERED.

Dated in Kansas City, Kansas, on this 16th day of October 2015.

*s/ Teresa J. James*
Teresa J. James
United States Magistrate Judge

4