Ethan York
Legal Counsel, Litigation

350 North Orleans Street
Suite 650 S
Chicago, Illinois 60654
t: 312-809-3592  f: 312- 233-2328
ethan.york@stryker.com



March 3, 2017

**VIA EMAIL**

Mr. Gabriel Assaad
Kennedy Hodges LLP
4409 Montrose Blvd, Ste 200
Houston, TX 77006

Re: *In re Bair Hugger Forced Air Warming Devices Prods. Liability Litigation* MDL 2666; Subpoenas Directed to Stryker Corp. and Gaymar Industries, Inc.

Dear Mr. Assaad,

I am in recent of portions of subpoenas served on Stryker Corporation and Gaymar Industries, Inc. in the above-referenced MDL. Stryker acquired Gaymar in 2010. The subpoenas are dated February 17, 2017 but were served last week on February 23, 2017. The return date for the subpoenas is March 3, 2017.

Stryker and Gaymar have several issues with the subpoenas. First, service of the subpoenas is not effective. I reference above that I am in receipt of "portions" of the subpoenas because they are missing pages. Therefore, if you intend to further pursue the documents sought in these subpoenas, please re-serve each subpoena in its entirety.

Even if the subpoenas were complete, Stryker and Gaymar object to the subpoenas. Each subpoena purports to demand a large number of categories of documents (twenty-one to Stryker and eleven to Gaymar) that are unreasonably broad in scope. Demanding production of these scopes of documents with a return date of just over a week is unreasonable.

Moreover, Stryker and Gaymar object to the scope of these subpoenas independent of the problems with the time set for responding to the subpoenas. The scope of the subpoenas is overly broad and burdensome. As you know, Stryker and Gaymar are third parties to your litigation and their products are not relevant to the claims in the pending MDL. Therefore, it does not appear that the extremely broad requests are appropriately tailored to justify the burden and disclosure of non-relevant and proprietary information sought by the subpoenas.

We are also in receipt of a February 22, 2017 letter to you from 3M's counsel objecting to these subpoenas, as well as evidently similar subpoenas served on other third-party manufacturers. I understand from that letter that these subpoenas may be challenged by 3M. I obviously will need to understand any applicable court orders that may impact these subpoenas.

**EXHIBIT A**

    I welcome the opportunity to discuss this matter with you.  As an initial matter, however, I wanted to convey the problems with the service of the subpoenas.  If you do re-serve the subpoenas (or decide to stand on the prior attempt at service), Stryker and Gaymar reserve all their rights as to challenging the subpoenas with the issuing court.

    Thank you very much.

                                                         Kind Regards,

                                                         Ethan York