UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

In re: BAIR HUGGER FORCED AIR                     MDL No. 15-2666 (JNE/FLN)
WARMING DEVICES PRODUCTS
LIABILITY LITIGATION

**ORDER**

_____

Genevieve Zimmerman, Michael Sacchet, and Kyle Farrar, for Plaintiffs.
Gabriel Assaad and David Hodges, for Plaintiffs and Respondent Kennedy Hodges, LLP.
Ben Hulse for Defendants.

_____

**THIS MATTER** came before the undersigned United States Magistrate Judge on March 27, 2017, on 3M and Arizant Healthcare, Inc.'s ("Arizant") motions to compel production of documents from Respondent Kennedy Hodges, LLP ("Kennedy Hodges") (ECF No. 251) and for a protective order (ECF No. 258). As set forth below, Defendants' motion to compel is **GRANTED**, and its motion for a protective order is **GRANTED in part** and **DENIED in part**.

**A.      Motion to Compel (ECF No. 251)**

On November 3, 2015, this Court ordered Dr. Scott Augustine and his related entities ("Augustine") to fully comply with subpoenas served on him by 3M and Arizant (collectively "Defendants") in underlying actions surrounding the Bair Hugger Forced Air Warming Device ("Bair Hugger"). *Timothy Johnson v. 3M Company et al.*, No. 2-14-cv-02044 (D. Kan.), and *Tommy Walton v. 3M Company et al.*, No. 4:13-cv-01164 (S.D. Tex.); Order, ECF No. 45, Misc. No. 15-mc-64. On December 11, 2015, these cases were consolidated along with several others into a Multi-District Litigation ("MDL") and transferred to the District of Minnesota. Transfer Order, ECF No. 1. Discovery, therefore, started over and Augustine was served on June 7, 2016, with a subpoena

that made 58 requests for discovery. Hines Decl. ¶ 2, ECF No. 132; Def.'s Ex. G, ECF No. 131. On November 23, 2016, this Court concluded that a privilege log produced by Augustine in response to Defendants' discovery requests on August 17, 2016, containing 23 entries, did not comply with Federal Rule of Civil Procedure 26, and ordered it to produce a sufficient privilege log. Order, ECF No. 148; *see* Ahman Aff. Ex. J, ECF No. 185. Augustine then produced another privilege log on December 22, 2016, which contained 115 entries. ECF No. 185, Ex. H. On February 10, 2017, the Court ordered that Augustine produce the 23 documents on its August 2016 privilege log and 84 contested documents on its December 2016 privilege log to the Court for *in camera* inspection. Order, ECF No. 231. The Court reviewed each document as received, against copies of the privilege logs provided by Defendants' in Exhibits H and J in support of its motion to compel, for both attorney-client privilege as well as protection under the work product doctrine based on Augustine's representations. Order, ECF No. 250; ECF No. 185, Exs. H, J.

The Court concluded that Augustine and Kennedy Hodges have an attorney-client relationship, but this relationship does not concern the MDL Bair Hugger litigation. ECF No. 250 at 4–5. The Court also concluded that those documents and communications prepared in anticipation of litigation on behalf of the MDL Plaintiffs, constituted Kennedy Hodges work product, but that Augustine had not met its burden to prove that any documents are protected as Augustine work product. *Id.* at 5–8 ("because Augustine is not a party to this litigation . . . [t]hese materials are not protected by Rule 26(b)(3)(B) because they are not theories of a party's attorney or other representative concerning the litigation. Fed. R. Civ. P. 26(b)(3)(B) (emphasis added)"). There were also a number of documents produced by Augustine for *in camera* inspection that were on neither of the previously produced privilege logs. ECF No. 250; ECF No. 185, Exs. H, J. Those responsive non-privileged documents were ordered to be produced to Defendants. ECF No. 250.

After Defendants reviewed the documents, they identified references to additional documents that were not produced and were not included on either privilege log. Mem. in Supp. of Mot. to Compel 3, ECF No. 253. Kennedy Hodges confirmed that it had not ensured the accuracy of Augustine's privilege logs and has now identified another 11 documents that had not previously been included on Augustine's privilege logs nor produced in discovery. Opp'n Mem. 2–3, ECF No. 272. One of these documents has been produced to Defendants and the other 10 have been provided in a privilege log.[1] As clarified at the hearing, Defendants now move to compel: (1) a sworn statement confirming that there are no other outstanding communications between Kennedy Hodges and Augustine; and (2) for those outstanding documents asserted to be protected by privilege, to be produced to the Court for *in camera* inspection. *See* Mot. to Compel, ECF No. 251.

Defendants served discovery requests on Kennedy Hodges, requesting all communications, meetings, interactions, agreements, and documents relating or referring to any communication between Kennedy Hodges and Augustine. Hulse Decl. Exs. B–C, ECF No. 255. Kennedy Hodges, represented in its responses that there were no existing responsive non-privileged documents. *Id.* Ex. B at 10, Ex. C at 4. However, Kennedy Hodges, has now identified at least one such document that is non-privileged and responsive, which it produced to Defendants. ECF No. 272, Ex. A.

Kennedy Hodges must confirm, after a complete and thorough search, that any outstanding communications between it and Augustine, have either been produced or included on its privilege

---

[1] The document produced is an email memorializing some kind of a consulting relationship with Augustine. ECF No. 272, Ex. A. The Court concludes that given Kennedy Hodges' and Augustine's numerous representations to this and other Courts, this newly discovered document does not require the Court to revisit its conclusions made in its previous Order. Hodges Aff. Exs. A, E–F ("Dr. Augustine is not a consulting or testifying expert for Plaintiff in this case."), ECF No. 198; Benham Aff. ¶ 13, ECF No. 26, 15-mc-64; ECF No. 250.

log that has been produced to Defendants. Any document that is not privileged must be produced to Defendants. Any document that is asserted to be privileged must be included on a privilege log and produced to the Court for *in camera* inspection. Kennedy Hodges is instructed to complete all of this within fourteen (14) days of the date of this Order.

**B.      Motion for Protective Order (ECF No. 258)**

In its March 6, 2017 Order, the Court concluded that because a conductive patient warming device and a convective patient warming device are substantially different products, discovery into the product design of a convective patient warming device is not relevant to this case as a reasonable, safer, alternative design for the Bair Hugger conductive warming system. Order, ECF No. 249 (relying on *Burks v. Abbott Laboratories*, Civil No. 08-3414 (JRT/JSM), 2010 WL 1576779, at *4 (D. Minn. Apr. 20, 2010); *see also* Van Duren Decl. ¶ 6, ECF No. 263 ("convective warming technology is completely different from conductive warming technology"). This Court also previously denied Defendants' motion to compel discovery into the product design of a convective warming system manufactured by Augustine. *See* Order 3, ECF No. 148 (holding that because the HotDog is not asserted to be a reasonable, safer, alternative design, discovery into its product design is not relevant to this case).

On February 17, 2017, Plaintiffs served five third-party subpoenas regarding six patient warming systems, with answers due before the close of discovery. Hulse Decl. Exs. 1–5, ECF No. 262. These six devices are known as the (1) Mistral-Air, (2)WarmAir, (3) Blanketrol III, (4) PerfecTemp, (5) Medi-Therm, and (6) Allon. *Id.* Plaintiffs admit that:

> Two of these patient-warming systems (Mistral-Air1 and WarmAir) utilize a blower design to transfer heat to the blanket, providing conductive, radiant, and convective heat to the patient. Four of these patient-warming systems (Blanketrol III, PerfecTemp, Medi-Therm, and Allon) utilize an electrical design to transfer heat to the blanket, providing conductive and radiant heat to the patient.

Opp'n Mem. 2, ECF No. 285. The Mistral-Air, manufactured by Stryker, and the WarmAir patient warming system, manufactured by Cincinnati Sub Zero, are "marketed as a safer alternative to the Bair Hugger." *Id.* at 3–4. "The Blanketrol III, PerfecTemp, Medi-Therm, and Allon patient warming systems employ *conductive* warming . . . [which] warms the patient primarily by the transfer of heat through direct surface-to-surface contact." ECF No. 263 ¶ 5. Defendants now move for a protective order "barring Plaintiffs from pursuing discovery . . . concern[ing] conductive patient warming devices; and . . . any convective warming devices . . . until Plaintiffs demonstrate that some component of those devices could be incorporated into the 3M Bair Hugger system." Mot. for Prot. Order, ECF No. 258.

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, a party "may move for a protective order in the court where the action is pending." Fed. R. Civ. P. 26(c)(1). "The explicit mention of 'a party' in the rule has been interpreted to provide standing for a party to contest discovery sought from third-parties." *Underwood v. Riverview of Ann Arbor*, No. 08–CV–11024, 2008 WL 5235992, at * 2 (E.D. Mich. Dec. 15, 2008); *see also Fleet Bus. Credit Corp. v. Hill City Oil Co.*, No. 01–2417, 2002 WL 1483879, at *2 (W.D. Tenn. June 26, 2002) ("Many district courts have acknowledged [Rule 26(c) ] allows a party to file a motion for protective order on behalf of a non-party."). "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). "[A] showing of irrelevancy of proposed discovery can satisfy the 'good cause' requirement of Rule 26(c)." *Smith v. Dowson*, 158 F.R.D. 138, 140 (D. Minn. 1994). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ." Fed. R. Civ. P. 26(b)(1). "The movant bears the burden of demonstrating the necessity of a protective order." *Shukh v. Seagate Tech., LLC*, 295 F.R.D. 228, 237 (D. Minn. 2013) (citing *Gen. Dynamics Corp.*

*v. Selb Mfg. Co.*, 481 F.2d 1204, 1212 (8th Cir. 1973)).

Defendants have met their burden to show that they are entitled to a protective order to the extent that Plaintiffs have subpoenaed discovery related to the Blanketrol III, PerfecTemp, Medi-Therm, and Allon, conductive patient warming devices. The Court has already concluded that conductive patient warming devices are not relevant to this case. ECF No. 249.

Defendants have not shown good cause, however, to the extent that they seek to bar Plaintiffs from obtaining discovery related to Stryker's Mistral-Air and Cincinnati Sub Zero's WarmAir systems. Plaintiffs contend that these products employ convective warming technology and may be safer, reasonable alternatives. ECF No. 285. Discovery into these products are at the core of Plaintiffs' case. *See* Defs.' Opp'n Mem. 37, ECF No. 130 ("if Plaintiffs eventually identify the [product] as a supposed reasonable safer alternative product to the Bair Hugger system, then this discovery will be at the core of case.").

**C.     Order**

Based on the foregoing, and all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendants' motion to compel (ECF No. 251) is **GRANTED**. Within fourteen (14) days of the date of this Order, Kennedy Hodges, LLP must:

    a. File a sworn statement confirming that after a complete and thorough search, any outstanding communications between it and Augustine, have either been produced or included on its privilege log that has been produced to Defendants.

    b. Any outstanding communication between Kennedy Hodges, LLP and Augustine that is not privileged must be produced to Defendants. Any document that is asserted to be privileged must be included on a privilege log and produced to the Court for *in camera* inspection.

2. Defendants' motion for a protective order (ECF No. 258) is **GRANTED** to the

extent that it seeks to bar Plaintiffs from seeking discovery related to the Blanketrol III, PerfecTemp, Medi-Therm, and Allon conductive patient warming systems, and **DENIED** to the extent it seeks to bar Plaintiffs from seeking discovery related to the Mistral-Air and WarmAir convective patient warming systems.


DATED: March 31, 2017                              *s/Franklin L. Noel*
                                                   FRANKLIN L. NOEL
                                                   United States Magistrate Judge