CASE 0:15-md-02666-JNE-DTS Doc. 297 Filed 04/06/17 Page 1 of 3
Case MDL No. 2666 Document 199 Filed 04/04/17 Page 1 of 3

# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

IN RE: BAIR HUGGER FORCED AIR
WARMING DEVICES PRODUCTS
LIABILITY LITIGATION                                                   MDL No. 2666

## TRANSFER ORDER

**Before the Panel:** Plaintiffs in the two Eastern District of Missouri actions listed on the attached Schedule A (*Jennings* and *Weisbrod*) separately move under Panel Rule 7.1 to vacate our order conditionally transferring the actions to the District of Minnesota for inclusion in MDL No. 2666. Defendants 3M Company and Arizant Healthcare, Inc., oppose the motions.

In support of their motions to vacate, the *Jennings* and *Weisbrod* plaintiffs principally argue that their actions were improperly removed, and their motions for remand to state court are pending. The Panel often has held that jurisdictional issues do not present an impediment to transfer, as plaintiffs can present their arguments regarding those issues to the transferee judge.[1] *See, e.g., In re: Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347-48 (J.P.M.L. 2001).

After considering the argument of counsel, we find that the *Jennings* and *Weisbrod* actions involve common questions of fact with actions transferred to MDL No. 2666, and that transfer will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The actions in the MDL share factual questions arising from allegations that post-surgery use of a Bair Hugger forced air warming system causes serious infections due to the introduction of contaminants into open wounds. *See In re: Bair Hugger Forced Air Warming Devices Prods. Liab. Litig.*, 148 F. Supp. 3d 1383, 1385 (J.P.M.L. 2015). The *Jennings* and *Weisbrod* plaintiffs do not dispute that their actions implicate those same questions.[2]

---

[1]  Moreover, under Panel Rule 2.1(d), the pendency of a conditional transfer order does not limit the pretrial jurisdiction of the court in which the subject action is pending. Between the date a remand motion is filed and the date that transfer of the action to the MDL is finalized, a court generally has adequate time to rule on a remand motion if it chooses to do so.

[2]  *See Jennings* Pls.' Mem. Br. in Supp. of Mot. to Vacate, at 11 (ECF No. 177-1) ("Plaintiffs all suffered similar injuries in the form [of] infections as a result of the same wrongful conduct and tortuous acts by Defendants, including, but not limited to, Defendants' design, manufacture and sale of the Bair Hugger, Defendants' negligence in the design and manufacture of the Bair Hugger, Defendants' failure to conduct adequate safety and efficacy studies, Defendant' distribution of inadequate and misleading marketing materials and literature to physicians and patients, and the lack of adequate warnings provided to physicians and patients."); *Weisbrod* Pls.' Mem. Br. in Supp. of Mot. to Vacate, at 11 (ECF No. 178)

-2-

IT IS THEREFORE ORDERED that the *Jennings* and *Weisbrod* actions are transferred to the District of Minnesota, and, with the consent of that court, assigned to the Honorable Joan N. Ericksen for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

*Sarah Vance*

Sarah S. Vance
Chair

| | |
|---|---|
| Marjorie O. Rendell | Charles R. Breyer |
| Lewis A. Kaplan | Ellen Segal Huvelle |
| R. David Proctor | Catherine D. Perry |

IN RE: BAIR HUGGER FORCED AIR
WARMING DEVICES PRODUCTS
LIABILITY LITIGATION                               MDL No. 2666

## SCHEDULE A

<u>Eastern District of Missouri</u>

JENNINGS, ET AL. v. 3M COMPANY, ET AL., C.A. No. 4:17-00012   17-1076 JNE/FLN
WEISBROD, ET AL. v. 3M COMPANY, ET AL., C.A. No. 4:17-00023   17-1077 JNE/FLN