UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

In re: BAIR HUGGER FORCED AIR    MDL No. 15-2666 (JNE/FLN)
WARMING DEVICES PRODUCTS
LIABILITY LITIGATION

**ORDER**

———————————————————————

Genevieve Zimmerman, Michael Sacchet, and Kyle Farrar, for Plaintiffs.
Gabriel Assaad and David Hodges, for Plaintiffs and Respondent Kennedy Hodges, LLP.
Ben Hulse for Defendants.

———————————————————————

**THIS MATTER** came before the undersigned United States Magistrate Judge on March 27, 2017, on Defendants 3M and Arizant Healthcare, Inc.'s ("Arizant") motions to compel production of documents from Respondent Kennedy Hodges, LLP ("Kennedy Hodges") (ECF No. 251), and the Court's March 31, 2017 Order (ECF No. 293). As set forth below, Defendants' motion to compel is **GRANTED in part** and **DENIED in part**.

On November 3, 2015, this Court ordered Dr. Scott Augustine and his related entities ("Augustine") to fully comply with subpoenas served on him by 3M and Arizant (collectively "Defendants") in underlying actions surrounding the Bair Hugger Forced Air Warming Device ("Bair Hugger"). *Timothy Johnson v. 3M Company et al.*, No. 2-14-cv-02044 (D. Kan.), and *Tommy Walton v. 3M Company et al.*, No. 4:13-cv-01164 (S.D. Tex.); Order, ECF No. 45, Misc. No. 15-mc-64. On December 11, 2015, these cases were consolidated along with several others into a Multi-District Litigation ("MDL") and transferred to the District of Minnesota. Transfer Order, ECF No. 1. Discovery, therefore, started over and Augustine was served on June 7, 2016, with a subpoena that made fifty-eight requests for discovery. Hines Decl. ¶ 2, ECF No. 132; Def.'s Ex. G, ECF No.

131. On November 23, 2016, this Court concluded that a privilege log produced by Augustine in response to Defendants' discovery requests on August 17, 2016, containing twenty-three entries, did not comply with Federal Rule of Civil Procedure 26, and ordered it to produce a sufficient privilege log. Order, ECF No. 148; *see* Ahman Aff. Ex. J, ECF No. 185. Augustine then produced another privilege log on December 22, 2016, which contained one-hundred-fifteen entries. ECF No. 185, Ex. H. On February 10, 2017, the Court ordered that Augustine produce the twenty-three documents on its August 2016 privilege log and eighty-four contested documents on its December 2016 privilege log to the Court for *in camera* inspection. Order, ECF No. 231. The Court reviewed each document as received, against copies of the privilege logs provided by Defendants' in Exhibits H and J in support of its motion to compel, for both attorney-client privilege as well as protection under the work product doctrine based on Augustine's representations. Order, ECF No. 250; ECF No. 185, Exs. H, J.

The Court concluded that Augustine and Kennedy Hodges have an attorney-client relationship, but this relationship does not concern the MDL Bair Hugger litigation. ECF No. 250 at 4–5. The Court also concluded that those documents and communications prepared in anticipation of litigation on behalf of the MDL Plaintiffs, constituted Kennedy Hodges work product, but that Augustine had not met its burden to prove that any documents are protected as Augustine work product. *Id.* at 5–8 ("because Augustine is not a party to this litigation . . . [t]hese materials are not protected by Rule 26(b)(3)(B) because they are not theories of a party's attorney or other representative concerning the litigation. Fed. R. Civ. P. 26(b)(3)(B) (emphasis added)"). There were also a number of documents produced by Augustine for *in camera* inspection that were on neither of the previously produced privilege logs. ECF No. 250; ECF No. 185, Exs. H, J. Those responsive non-privileged documents were ordered to be produced to Defendants. ECF No. 250.

After Defendants reviewed the documents, they identified references to additional documents that were not produced and were not included on either privilege log. Mem. in Supp. of Mot. to Compel 3, ECF No. 253. Defendants then served discovery requests on Kennedy Hodges, requesting all communications, meetings, interactions, agreements, and documents relating or referring to any communication between Kennedy Hodges and Augustine. Hulse Decl. Exs. B–C, ECF No. 255. Kennedy Hodges confirmed that it had not ensured the accuracy of Augustine's privilege logs and has now identified another eleven documents that had not previously been included on Augustine's privilege logs nor produced in discovery. Opp'n Mem. 2–3, ECF No. 272. One of these documents has been produced to Defendants and the other ten have been provided in a privilege log. On March 31, 2017, the Court ordered Kennedy Hodges to produce for *in camera* inspection—and include on a privilege log to be produced to Defendants'—any outstanding communication between Kennedy Hodges and Augustine.[1] *See* Order, ECF No. 293. On April 13, 2017, Kennedy Hodges complied with the Court's Order and produced a privilege log and ten email strings between it and Augustine it asserts to be protected as attorney work product.

The Court agrees that all of the email strings identified on the privilege log by document date, constitute Kennedy Hodges work product. These email exchanges between Kennedy Hodges and Augustine constitute work product of Kennedy Hodges lawyers on behalf of their clients, which was prepared in anticipation of the litigation that has become this MDL. The documents are undiscoverable. *See Baker v. Gen. Motors Corp.*, 209 F.3d 1051, 1054 (8th Cir. 2000).

---

[1] The Court also ordered Kennedy Hodges to file a sworn statement confirming that it has completed a thorough search, and has either produced or included on a privilege log the entire universe of outstanding documents or communication it had with Augustine.

Based on the foregoing, and all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendants' motion to compel (ECF No. 251) is **DENIED**.


DATED: May 2, 2017                              *s/Franklin L. Noel*
                                                FRANKLIN L. NOEL
                                                United States Magistrate Judge