# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| In re Bair Hugger Forced Air Warming Products Liability Litigation<br><br>This Document Relates To:<br>All Actions | MDL No. 15-2666 (JNE/FLN)<br><br>**MEMORANDUM IN SUPPORT OF 3M COMPANY'S MOTION TO REMOVE "CONFIDENTIAL" DESIGNATION FROM DOCUMENTS PRODUCED BY RIDGEVIEW MEDICAL CENTER**<br><br>**(FILED UNDER SEAL)** |

## INTRODUCTION

Defendant 3M Company requests that this Court order the removal of the "Confidential" designation from documents recently produced by Ridgeview Medical Center ("Ridgeview"), so that 3M may correct false and misleading public statements made by Dr. Scott Augustine and Plaintiffs' counsel concerning the hospital's purported reduction in infection rates when it switched from the 3M™ Bair Hugger™ patient warming system to Augustine's HotDog system. These documents prove that the public statements made by Augustine and Plaintiffs' counsel regarding Ridgeview's infection rates are incomplete and untrue.[1] Moreover, the information contained in these documents has already been made the subject of a newspaper article, YouTube videos, papers submitted by Augustine for publication, and a litigation guide aimed at recruiting potential plaintiffs and attorneys to file lawsuits against 3M.

---

[1] The documents that are the subject of 3M's motion are described in the addendum attached to the Declaration of Benjamin W. Hulse ("Hulse Decl.") as Exhibit A.

Given the way in which this information has already been publicized by Augustine and Plaintiffs' counsel, the Ridgeview documents do not qualify for confidential treatment under the Protective Order or Rule 26(c) of the Federal Rules of Civil Procedure. Indeed, to the extent the documents could otherwise be considered confidential, such confidentiality was waived by Ridgeview when it (1) cooperated with Augustine in issuing public statements regarding their relationship and Ridgeview's infection rates, and (2) did not previously seek to prevent the public dissemination of such information by Augustine and others. It also would be contrary to the public interest to prohibit 3M from correcting the false and damaging impressions that Augustine has worked to create. Accordingly, 3M requests that the "confidential" designation be lifted and that 3M be permitted to use the Ridgeview documents for any business or legal purpose it deems appropriate.[2]

## ARGUMENT

**I.   Augustine Has Used Ridgeview Information to Publicly Create the False Impression that the Bair Hugger System Increases Infection Risk.**

Plaintiffs' claims in this litigation can be traced directly back to Augustine. Since 2007, Augustine has engaged in an aggressive and unorthodox effort to drive sales of his own device by improperly attempting to undermine the Bair Hugger patient warming system. Augustine falsely claims that the use of forced-air warming may increase airborne

---

[2] In response to 3M's meet-and-confer efforts, Ridgeview has agreed to de-designate a handful of the documents it produced, which represent communications between the *Star Tribune* and Ridgeview representatives. Ridgeview's agreement to remove the "confidential" classification from these documents is appropriate, considering that the information contained therein was shared with the press, but it is not enough. The remaining documents contain information that has been equally publicized and, as set forth further herein, should be treated accordingly.

2

contamination in operating rooms, and that this contamination presents an increased risk of infection. These allegations are knowingly deceptive and driven by a personal and competitive agenda.

Through discovery, 3M has received documents confirming that this litigation was the brainchild of Augustine all along. In an email to two of the attorneys representing Plaintiffs in this matter, Augustine's counsel wrote:



Email from J. Randall Benham to David Hodges, Gabriel Assaad, and Scott Augustine, Apr. 25, 2013 (ellipsis in original, emphasis added) (Ex. B to Hulse Decl.).



3



(Ex. C to Hulse Decl.).

*See id.*

The Ridgeview data has also been referenced as "anecdotal evidence" in publicly available YouTube videos uploaded by "HDPatient Warming" (Dr. Augustine's HotDog patient warming system). *See* Airborne Contamination in the Operating Room, https://www.youtube/com/watch?v=31jz3P3eHDU at 7:02-7:47 (uploaded February 24, 2011) ("Ridgeview Medical Center, near Minneapolis, the Number 1 ranked hospital for overall patient care in Minnesota, switched from forced-air to air-free conductive fabric warming three years ago. . . . After abandoning forced air, their infection rate dropped to 0.29 percent for the last two years combined, an 81% reduction.") and https://www.youtube.com/watch?y=BKF12rINa9g (uploaded May 16, 2011) (same).

The Ridgeview documents confirm, however, that the representations made by Augustine and Plaintiffs' counsel are false and misleading:



- *See* Hulse Decl., Ex. D.

- *See id.*

4

103479952\V-1



- ███████████████████████████████████████████████████████████
███████████████████████████████████████████████ *See* Hulse Decl., Ex. E.

████████████████████████████████ (Hulse Decl., Ex. F).  Augustine included the Ridgeview data in a paper that he submitted – and that he says was accepted – for publication, thus reflecting continued efforts to further publicize this data.  *See* Augustine Dep. at 320:19-322:19 (Hulse Decl., Ex. G).

## II. The Ridgeview Documents Cannot be Considered "Confidential Information" Because Their Contents Have Already Been Made Public.

In order to qualify for confidential treatment under the Protective Order and Rule 26(c), the information and documents to be protected must fall into one of the following categories:  (1) trade secret information, (2) proprietary confidential information or commercially or competitively sensitive information, (3) non-public marketing information, (4) non-public detailed sales and financial data, (5) customer lists, (6) non-public technical information, or (7) other non-public information of competitive, financial, or commercial significance comparable to the foregoing categories.  *See* Protective Order, Doc. No. 39 at ¶ 2; *see also* Fed. R. Civ. P. 26(c).  Importantly – but not surprisingly –

103479952\V-1

***information that has been disclosed or otherwise made available to the public <u>will not</u> be afforded confidential treatment***. *See* Protective Order at ¶ 2 ("Information or documents that are available to the public may not be designated as Confidential Information."). The burden is on the party seeking protection to show that the foregoing requirements are met, and "[e]ach party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that, in good faith, qualifies under the appropriate standards." *See id.* at ¶¶ 4-9 ("The party asserting that the material is Confidential shall have the burden of proving that the information in question is within the scope of protection afforded by Fed. R. Civ. P. 26(c).").

Here, the documents at issue either explicitly or implicitly contain or refer to information already disclosed to the public through the Augustine litigation guide, the YouTube videos referencing Ridgeview's infection rates, the *Star Tribune* article, and/or other publicity generated by Augustine that includes the Ridgeview data. Thus, even if certain information could otherwise be fairly treated as confidential, the fact that the information has already been made publicly available by Augustine and Plaintiffs' counsel necessarily precludes confidential treatment now.[3] *See, e.g., In re Chrysler Motors Corp. Overnight Evaluation Program Litig.*, 860 F.2d 844 (8th Cir. 1988) (work product confidentiality waived where information was disclosed to third party, even where

---

[3] 3M recognizes that certain of the infection data at issue may often – and appropriately – be considered confidential. In this case, however, the infection data has been publicized by Augustine and made part of his continued efforts to create false and misleading impressions about the safety of the Bair Hugger system. Because the information has already been disclosed and used publicly, however, the confidentiality that may otherwise be appropriate is not applicable here.

6

information was ultimately used by parties and for purposes other than what was intended at the time of initial disclosure). Ridgeview waived the confidentiality of these documents by cooperating with Augustine in using the data to promote his own agenda, and not seeking to prevent Augustine from disseminating the information publicly, in newspaper articles, the litigation guide, public presentations, and an article submitted by Augustine for publication.

The public interest also favors lifting the designation. Augustine and Plaintiffs' counsel have represented to the public that Ridgeview experienced drastically reduced infection rates when it switched from the Bair Hugger warming system to the HotDog, and have used such representations as a basis on which to recruit additional plaintiffs and encourage litigation against 3M. ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

Regardless, neither Plaintiffs nor Augustine should be permitted to benefit – or mislead the public – by telling half-truths about Ridgeview and its experience with the Bair Hugger system. 3M, therefore, should not be prevented from using the information and documents now provided by Ridgeview to set the record straight.

## CONCLUSION

For all of the foregoing reasons, 3M respectfully requests that the "confidential" designation be lifted from documents produced by Ridgeview in response to 3M's subpoena.

7

Dated: May 3, 2017                                   Respectfully submitted,

                s/ Benjamin W. Hulse
Jerry W. Blackwell (MN #186867)
Mary S. Young (MN #0392781)
Benjamin W. Hulse (MN #0390952)
BLACKWELL BURKE P.A.
431 South Seventh Street
Suite 2500
Minneapolis, MN 55415
Phone: (612) 343-3256
Fax: (612) 343-3205
Email: blackwell@blackwellburke.com
   myoung@blackwellburke.com
   bhulse@blackwellburke.com

Bridget M. Ahmann (MN #016611x)
FAEGRE BAKER DANIELS LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
Phone: (612) 766-7000
Email: bridget.ahmann@faegrebd.com

**Counsel for Defendants 3M Company and Arizant Healthcare, Inc.**

103479952\V-1