UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: BAIR HUGGER FORCED AIR WARMING DEVICES PRODUCTS LIABILITY LITIGATION | MDL No 15-2666 (JNE/FLN) |
| This Document Relates to: All Actions | MEMORANDUM IN OPPOSITION TO 3M MOTION TO REMOVE CONFIDENTIAL DESIGNATION |

_____

Dr. Scott Augustine and the related Augustine entities offer this Memorandum in Opposition to the Motion by 3M Company to remove the Confidentiality designation from documents produced by third-party Ridgeview Medical Center ("Ridgeview") …and in support of Ridgeview's efforts to maintain the privacy of its business records.

Ridgeview may argue that it has the right to maintain the privacy of its business records. That argument is powerful, and it should prevail without the need of additional arguments from anyone else, including Augustine. There is, however, an additional argument as set forth below.

<u>Augustine Argument</u>

3M does not even *pretend* that its demand to remove Ridgeview's confidentiality designations relates to the Bair Hugger MDL. There is not the slightest suggestion that the confidentiality designation somehow impairs 3M's ability to defend itself in the MDL.

Instead, 3M alleges as follows:

- " These documents prove that the public statements made by Augustine and Plaintiffs' counsel regarding Ridgeview's infection rates are incomplete and untrue."

- "It would be contrary to the public interest to prohibit 3M from correcting the false and damaging impression that Augustine has worked to create."

- "Augustine falsely claims that the use of forced-air warming may increase airborne contamination in operating rooms, and that this contamination presents an increased risk of infection."
- "The allegations are knowingly deceptive and driven by a personal and competitive agenda."

Clearly, 3M wants to use the MDL to conduct discovery in a case that it has not filed: a product defamation or unfair competition action against Augustine. This is an abuse of discovery—a misuse of the power granted by the Federal Rules to defendants to obtain documents and information from third parties. This power is intended to allow the accused to properly defend themselves. It is a shield—not a sword to be used against the very third parties that are compelled to produce the documents and information.

If 3M believes that Augustine has violated the Lanham Act or committed product defamation, its recourse is obvious: it can sue. In that situation, however, Augustine could bring counterclaims and discovery would be mutual. Augustine could investigate why 3M ignored peer-reviewed research, rejected opportunities to halt the internal contamination of its blowers, switched concerned customers from Bair Hugger to Vita-Heat, threatened clinical researchers and journals, etc. Augustine could see the information that 3M has revealed to Plaintiffs—but that is now hidden behind black stripes of redaction.

Such mutual discovery would be fair; it is not fair, however, for 3M to use the MDL as a pretext for conducting discovery against Augustine while Augustine must sit idle.

As revealed in the Affidavit of J. Randall Benham, 3M's attorneys' have brought similar pressure on Augustine to remove confidentiality designations. Mr. Benham asked for assurances that the documents and information would be used solely in 3M's defense. The request was refused—making 3M's real purpose quite clear. 3M want the blessing of this Court to use third-party

discovery—not to defend itself—but to damage the third party from which the discovery was demanded.

Augustine, requests, therefore, that the Court maintain the confidentiality of Ridgeview's business information and prohibit 3M from using the Federal Court discovery process for an illegitimate purpose.

Respectfully submitted,

s/ J. Randall Benham

J. Randall Benham
MN Bar No. 0154726
6581 City West Parkway
Eden Prairie, MN 55127

**CERTIFICATE OF SERVICE**

This is to certify that on May 11, 2017 a copy of the forgoing instrument was served on all parties via the Court's electronic filing system.

By: /s/ J. Randall Benham