UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

In re: BAIR HUGGER FORCED AIR WARMING DEVICES PRODUCTS LIABILITY LITIGATION

MDL No 15-2666 (JNE/FLN)

AFFIDAVIT OF J. RANDALL BENHAM RE: RIDGEVIEW MEDICAL CENTER CONFIDENTIALITY DESIGNATIONS

This Document Relates to:
All Actions

---

1. My name is J. Randall Benham, and I am an attorney licensed to practice in Minnesota's state and federal courts. I am general counsel of Augustine Biomedical + Design LLC ("ABD"), and I perform a similar function for other business entities affiliated with ABD, including Augustine Temperature Management LLC. I also represent Dr. Scott Augustine, Chief Executive Officer of the various Augustine-related entities. The entities I represent shall be referred to hereafter as "Augustine."

2. The facts contained herein are within my personal knowledge (except when stated as being on information and belief) and are true and correct.

3. I offer this Affidavit in opposition to 3M's effort to remove the confidentiality designation from documents produced by Ridgeview Medical Center—and in support of Ridgeview's efforts to maintain the privacy of its business records.

4. Augustine has similarly been pressured by 3M's counsel to remove confidential designations from its business records that were produced to 3M in this MDL. My

communications with 3M attorney Micah Hines, however, reveal the true purpose behind 3M's efforts.

5. By email dated April 19, 2017, I wrote to Ms Hines as follows:

> Ms Hines,
>
> Thank you for providing the documents. The volume is a bit overwhelming, but I will begin the process of reviewing them today.
>
> My primary concern is that any documents that I de-designate will somehow be used by 3M outside the litigation to compete with my client. Avoiding this, I believe, is one of the purposes of the Protective Order—and the very fact that 3M wants to use the documents in this manner is a reason to maintain the confidential designation.
>
> If you will assure me (and represent to the Court) that 3M/Arizant will not use the documents in sales or marketing materials to compete with HotDog patient warming, I can be more liberal in any de-designations.
>
> If you will not, I can only assume that 3M intends to use the discovery process of the Bair Hugger MDL for what I believe to be an illegitimate purpose.
>
> Randy
>
> J. Randall Benham
>
> General Counsel
> Augustine Temperature Management LLC
> 6581 City West Parkway
> Eden Prairie, MN  55344

6. Ms Hines responded on April 20, 2017 as follows:

> **Subject:** RE: Confidentiality challenges
>
> Mr. Benham,
>
> Under the protective order, the effect of a confidentiality designation is that document can only be used in the litigation and not publicly disclosed. What you are asking us to agree to would, in effect, be blanket confidentiality. We're not willing to agree to that. The criteria for confidentiality are listed in the Protective Order and the Special Protective Order. If you believe in good faith that one or more of the criteria is satisfied, then you can designate as confidential. That's your judgment to make.
>
> Best,
> Micah

7. In other words, Ms Hines could not represent that 3M would not use the documents obtained through third-party discovery in an effort to damage my client...because that is exactly how 3M intends to use them.

FURTHER AFFIANT SAYETH NOT

*[signature]* 5/10/17

J. Randall Benham