UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: BAIR HUGGER FORCED AIR WARMING DEVICES PRODUCTS LIABILITY LITIGATION | MDL No 15-2666 (JNE/FLN) |
| This Document Relates to: All Actions | MEMORANDUM IN OPPOSITION TO 3M'S MOTION FOR ADDITIONAL DEPOSITIONS |

_____

Dr. Scott Augustine and the related Augustine entities offer this Memorandum in Opposition to the Motion by 3M Company for additional time to take depositions beyond that ordered by the Court and agreed to by the parties.

3M has requested additional time for the deposition of Dr. Augustine (presumably the four hours suggested by 3M's counsel by email) and an extension of discovery to take the depositions of J. Randall Benham and Brent Augustine. The two issues are slightly different, and Augustine comments on each are set forth below.

<u>Continuation of Augustine Deposition</u>

Both the Federal Rules and a specific order of this Court have specified that Dr. Augustine's deposition could be taken for one seven-hour day. 3M has not offered the Court any legitimate reason to alter those rules. In its arguments to the Court, 3M again blames Dr. Augustine for the existence of the MDL—a fairly ridiculous assertion given that dozens of law firms have filed almost 2,000 federal cases and class-action litigation is proceeding in Canada. Moreover, the argument is irrelevant, as is 3M's complaint that it did not like Dr. Augustine's answers to some of its deposition questions. Even more significantly, 3M's counsel wasted much of the seven hours already spent in deposition. As noted in the Affidavit of J. Randall Benham, 3M's counsel, Corey Gordon, spent much of the day

having Dr. Augustine confirm Mr. Gordon's reading skills. An analysis of the deposition transcript revealed that on *eighty-nine* (89) separate occasions, Mr. Gordon read extensively to Dr. Augustine from documents and simply asked: "Have I read that correctly." A typical recitation by Mr. Gordon appears in the Affidavit.

To be blunt, Mr. Gordon did not use his time well. It was almost as if he was intentionally wasting time—confident that the Court would grant him whatever additional time he desired.

Augustine asks, therefore, that the Court deny 3M's request for additional time in which to depose Dr. Augustine. If the Court is inclined to grant such request, however, Augustine asks that the time be severely limited—even the four hours suggested by Mr. Gordon is excessive. Moreover, Augustine asks that the topics in the deposition be limited to subjects not covered by the prior deposition and documents only recently provided to 3M.

## Extension of Discovery

Discovery schedules are determined by the Court in consultation with the parties. Augustine is not a party to this litigation and, as a result, is unsure that it has standing to put forth arguments in the matter. Nevertheless, Augustine would like to offer information that might be useful to the Court in making its determination.

As set forth in Mr. Benham's Affidavit, 3M's counsel correctly represents that depositions were noticed for Brent Augustine and J. Randall Benham on March 20, 2017—the last day of discovery. They neglected to mention, however, that Dr. Augustine's deposition was taken by agreement of the parties on March 31, eleven days after discovery had closed. The parties apparently negotiated this brief additional period in which depositions could be taken.

Although Mr. Augustine and Mr. Benham were not available on March 20, they were available the entire week beginning March 27—the period during which the parties had apparently agreed that discovery could continue. 3M's counsel made no attempt to schedule the depositions during this

week.

   Rather than attempting to complete its work in the time allotted by the Court and the courtesy extension agreed to by opposing counsel, 3M chose to bring this motion.

                  Respectfully submitted,

                   s/ J. Randall Benham

                   J. Randall Benham
                   MN Bar No. 0154726
                   6581 City West Parkway
                   Eden Prairie, MN 55127

**CERTIFICATE OF SERVICE**

This is to certify that on May 11, 2017 a copy of the forgoing instrument was served on all parties via the Court's electronic filing system.

By: /s/ J. Randall Benham

3