UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: BAIR HUGGER FORCED AIR WARMING DEVICES PRODUCTS LIABILITY LITIGATION | MDL No 15-2666 (JNE/FLN) |
| | AFFIDAVIT OF J. RANDALL BENHAM RE: 3M MOTION FOR ADDITIONAL DEPOSITIONS |
| This Document Relates to: All Actions | |

1. My name is J. Randall Benham, and I am an attorney licensed to practice in Minnesota's state and federal courts. I am general counsel of Augustine Biomedical + Design LLC ("ABD"), and I perform a similar function for other business entities affiliated with ABD, including Augustine Temperature Management LLC. I also represent Dr. Scott Augustine, Chief Executive Officer of the various Augustine-related entities. The entities I represent shall be referred to hereafter as "Augustine."

2. The facts contained herein are within my personal knowledge (except when stated as being on information and belief) and are true and correct.

3. I offer this Affidavit in opposition to 3M's motion to continue the deposition of Dr. Scott Augustine and to provide the Court information regarding 3M's request to take additional depositions after the close of discovery.

4. 3M alleges that its counsel used "best efforts" to complete the deposition of Dr. Augustine within the allotted 7 hours; in fact, the opposite is true.

5. 3M's counsel, Corey Gordon, spent much of the day having Dr. Augustine confirm Mr. Gordon's reading skills. My analysis of the deposition transcript revealed that on *eighty-nine* (89) separate occasions, Mr. Gordon read extensively to Dr. Augustine from documents and simply asked: "Have I read that correctly?"

6. An example of such an exchange appears in the deposition as follows:

> Q. Okay. Going back to Exhibit 8, the -- this ABD research report says as seen in the results a minimal level of airborne microbial contamination was detected all of which was recorded during the first sample this suggests, one, the possibility of a contamination bolus being injected upon unit start up and two a likelihood that emitted concentration levels may be time variant, however, based upon the low number of CFUs detected in both the OR ventilation and convective warming unit samples it appears that we may be either outside of or on the edge of detection limits for the RCS bio test impacter based upon microbial concentrations and particle size. Did I read that correctly?
>
> MR. BENHAM: Counsel, I don't think anyone knew where you were reading from.
>
> MR. GORDON: I'm sorry.
>
> Q. I'll try it again. Very top of the page. As seen in the results a minimal level of microbial contamination was detected all of which was recorded during the first sample this suggests the possibility of a contamination bolus being injected upon unit start up and a likelihood that emitted contamination levels may be time variant however based upon the low number of CFUs detected in both the OR ventilation and convective warming units samples it appears that we may be either outside of or on the edge of the detection limits for the RCS bio test impacter based upon microbial concentrations and particle size. Did I read that part correctly?
>
> A. Yes.
>
> Q. And then if you jump down under the -- on the same page under Anderson N 6 impact results it says for the second round of sampling Anderson N 6 impacter was employed the Anderson N 6 impacter has a much smaller D 50 capture rate of 0.65 microns XXV meaning all particles larger than 0.65 microns should be captured with reasonable efficiency on the growth medium; is that correct? Did I read that correctly?
>
> A. Correct.

7. In almost every one of these eighty-nine exercises, Dr. Augustine confirmed Mr. Gordon's reading proficiency. To say the least, however, Mr. Gordon did not use his time well. It was almost as if he was intentionally wasting time—confident that the Court would grant him whatever additional time he desired.

8. By email dated May 3, 2017 to Plaintiffs" counsel and to J. Randall Benham, Mr. Gordon requested an additional four hours in which to depose Dr. Augustine.

9. 3M's counsel correctly represents that depositions were noticed for Brent Augustine and J. Randall Benham on March 20, 2017—the last day of discovery. They neglected to mention, however, that Dr. Augustine's deposition was taken by agreement of the parties on March 31, eleven days after discovery had closed. The parties apparently negotiated this brief additional period in which depositions could be taken.

10. Although Mr. Augustine and Mr. Benham were not available on March 20, they were available the entire week beginning March 27—the period during which the parties had apparently agreed that discovery could continue. 3M's counsel made no attempt to schedule the depositions during this week.

FURTHER AFFIANT SAYETH NOT

*/s/ J. Randall Benham*  5/10/17

J. Randall Benham

3