UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re Bair Hugger Forced Air Warming Products Liability Litigation | MDL No. 15-2666 (JNE/FLN) |
| This Document Relates to All Actions | **PLAINTIFFS' RESPONSE TO DEFENDANT 3M COMPANY'S MOTION FOR LEAVE TO TAKE ADDITIONAL DEPOSITIONS AND TO CONTINUE THE DEPOSITION OF DR. SCOTT AUGUSTINE** |

## INTRODUCTION

More than a month after the close of fact discovery, Defendant 3M Company moves to "continue" the deposition of Dr. Scott Augustine, which 3M initially noticed for October 27, 2016, but rescheduled to occur on the very last day of discovery. 3M now seeks four more hours of testimony on top of the seven hours of testimony Dr. Augustine already provided despite the fact that Plaintiffs deposed every key witness, including 3M's Chief Medical Officer, Arizant's Chief Executive Officer, and Arizant's Director of Research and Design, within the seven-hour limit of the Federal Rules of Civil Procedure. Plaintiffs even completed the deposition of 3M's Corporate Representative in less time than the amount 3M requests to depose Dr. Augustine, a non-party witness who has no role in this multidistrict litigation. 3M also moves to depose two other non-party witnesses – J. Randall Benham and Brent Augustine – even though both individuals were named in documents that were produced to 3M in December 2016 and neither individual has anything to do with the scientific fact that the Bair Hugger increases the risk of infection in orthopedic patients.

1

**ARGUMENT**

Although 3M admits these witnesses are not parties to this multidistrict litigation, it contends that Dr. Augustine "is at the center of this litigation." While the former assertion is true, the latter is not. Dr. Augustine provided background information to Kennedy Hodges LLP in the Walton and Johnson litigation, but he has had no "substantive involvement in this MDL." Sacchet Decl., Ex. A (Dep. of Dr. Augustine at 330:10-331:2).

Undeterred, 3M asserts that Dr. Augustine "manufactured science" relating to the Bair Hugger and then fed that "'science' to lawyers in an effort to generate interest in suing 3M." Def.'s Mem. at *1. 3M searched in vain for evidence of "manufactured science" during Dr. Augustine's deposition; seven hours later, however, it left empty-handed.

At the center of 3M's defense is the false prophecy that Dr. Augustine "biased" studies reporting the risks of Bair Hugger warming, including the statistically significant 3.8 risk ratio reported in the McGovern study. To the contrary, all the studies have been published in scientific journals only after rigorous peer-review by independent experts. See Dkt. No. 311 at 24–29 (compiling studies documenting safety risks). The McGovern study, for example, was published in the Journal of Bone and Joint Surgery, an official publication specifically dedicated to the improvement of "orthopedic surgery." See The Journal of Bone and Joint Surgery, available at http://www.bjj.boneandjoint.org.uk/content/about-us (last visited May 11, 2017). Dr. Paul McGovern (Orthopedic Surgeon at the National Health Service Foundation Trust) also confirmed that he "did not receive any compensation from Augustine . . . with respect to conducting the study." Sacchet Decl., Ex. B (Dep. of Dr. McGovern at 356:9–23). Nor were other authors of the McGovern study, including

2

Professor Christopher Nachtsheim (Chair of Operations Management in the Carlson School of Management at the University of Minnesota) and Dr. Kumar Belani (Head of Anesthesiology at the University of Minnesota), influenced by Dr. Augustine. See id., Ex. C (Dep. of Professor Nachtsheim at 362:5–24); id., Ex. D (Dep. of Dr. Belani at 16:6–21).

While 3M attempts to undercut scientific criticism of the Bair Hugger by impugning the integrity of these authors, Dr. Augustine's testimony proves just the opposite. Plaintiffs' counsel asked Dr. Augustine whether 3M had ever "threaten[ed] authors of various studies." See Sacchet Decl., Ex. A (Dep. of Dr. Augustine at 327:22-328:4). Dr. Augustine replied that 3M had not only threatened numerous authors with "legal action if they followed through and published studies," but the company had "pressured" another author to "withdraw" her description of the Bair Hugger as a "reservoir of infection." See id. at 328:5–25. This testimony shows that 3M engaged in the very conduct it falsely attributes to both Plaintiffs' counsel and Dr. Augustine; not to mention the hypocrisy of 3M's position in touting purportedly favorable studies funded by Dr. Augustine while simultaneously attacking his alleged role in unfavorable studies regarding the Bair Hugger.

Given its inability to dispute the great weight of scientific evidence demonstrating that the Bair Hugger increases the risk of infection, 3M sets up and knocks down a straw man in attacking Dr. Augustine and the employees of his company. 3M's attempt to muddle the inquiry of whether the Bair Hugger increases the risk of infection should not distract the Court from determining whether to grant the "unusual" relief 3M belatedly seeks. See, e.g., E.E.O.C. v. Prod. Fabricators Inc., 285 F.R.D. 418, 422 (D. Minn. 2012) ("[E]ven Defendants acknowledge that such additional deposition is disfavored [and] 'unusual.'").

3

To the extent 3M contends it "did not have enough time to cover other important issues" regarding Dr. Augustine, 3M cannot wind back the clock. Def.'s Mem. at *2. Good cause does not exist where, as here, a party fails to ask questions it could have asked at the deposition. Prod. Fabricators, 285 F.R.D. at 422–23; Jensen v. Astrazeneca LP, 2004 WL 2066837, at *3 (D. Minn. Aug. 30, 2004) (upholding Judge Noel's order denying further deposition as party provided "no detail showing that such documents and claims were not previously known" and "could not have been incorporated" into the deposition); Cardenas v. Prudential Ins. Co., 2003 WL 21302960, at *1 (D. Minn. May 16, 2003) (affirming Judge Noel's order denying motion to depose non-party witness beyond seven-hour maximum).[1]

Nor does good cause exist to seek out new information from J. Randall Benham and Brent Augustine. Land O' Lakes, Inc. v. Employers Mut. Liab. Ins. Co., 846 F. Supp. 2d 1007, 1017 (D. Minn. 2012) (discovery of "helpful" but "new information . . . does not qualify as 'good cause'"). 3M's decision to "wait and see" whether Dr. Augustine could answer questions and then "look to Brent Augustine and/or Benham to have its questions answered," see Def.'s Mem. at *6, shows nothing more than tactical failure, cf. Shukh v. Seagate Tech. LLC, 2013 WL 53835, at *5 (D. Minn. Jan. 3, 2013) (stating that "the 'wait and see' approach is a tactical decision"); Marmo v. Tyson Fresh Meats, Inc., 457 F.3d 748, 759 (8th Cir. 2006) ("tactical decision[s]" do not provide "good cause"). Regardless

---

[1] Contrary to its representation, 3M did not "move[] expeditiously" during Dr. Augustine's deposition. Cf. Def.'s Mem. at *2. Much of the deposition was taken up by 3M's counsel repeatedly reading documents into the record and asking Dr. Augustine whether counsel had done so correctly. E.g., Sacchet Decl., Ex. E (Dep. of Dr. Augustine at 317:3-320:25).

4

of the witness, 3M has not provided any indication that its failure to learn information "cannot be blamed on inadequate time management." Jensen, 2004 WL 2066837, at *3.

None of the authority cited in 3M's motion holds otherwise. See Def.'s Mem. at *3. In the first case, the United States Court of Federal Claims allowed additional testimony simply because the initial deposition occurred in an entirely separate proceeding involving entirely distinct legal claims. See Indep. Park Apartments v. United States, 59 Fed. Cl. 765, 770 (2004). In the second (and only other) case cited in 3M's papers, the United States District Court for the District of Columbia granted the plaintiff's request to re-depose two witnesses because the defendant did not oppose the request. See Judicial Watch, Inc. v. U.S. Dep't of Commerce, 34 F. Supp. 2d 47, 54–55 (D.D.C. 1998). These foreign cases do not justify the "unusual" relief 3M seeks. See, e.g., Prod. Fabricators, 285 F.R.D. at 422.

3M therefore lacks cause, much less good cause, to depose Dr. Augustine beyond the time allowed under Rule 30. The same applies to 3M's request to depose J. Randall Benham and Brent Augustine months after the discovery deadline.[2] None of these non-party witnesses are involved in this multidistrict litigation or were authors of any article demonstrating that the Bair Hugger increases the risk of infection in orthopedic patients. See, e.g., KRI Inv. Ltd. P'ship v. Country Mut. Ins. Co., 2013 WL 12143086, at *2 (D. Minn. Mar. 22, 2013) (denying motion to depose non-party after deadline because "[t]here

---

[2] 3M emphasizes that it noticed these depositions "to take place on March 20, 2017 (the last day of the discovery period)." Def.'s Mem. at *6. Entirely absent from 3M's motion is any mention that it served the notice upon Plaintiffs' counsel three days before the deadline. See Sacchet Decl., Ex. F. Also absent from 3M's motion is when (or perhaps whether) it effectuated service of the subpoenas on the non-party witnesses. See generally Def.'s Mem.

5

has been no showing that it is necessary to have the deposition"). To the extent the Court allows 3M to "continue" the deposition of Dr. Augustine or to depose J. Randall Benham and Brent Augustine, Plaintiffs request equal time to "continue" the deposition of Mr. Van Duren (3M's Corporate Representative) and to depose Mr. Albrecht (non-party author).

## CONCLUSION

After a year of discovery wherein Plaintiffs completed over 20 depositions within the seven-hour maximum, 3M has not shown good cause to depose Dr. Augustine for longer than those witnesses. Nor does good cause exist to depose J. Randall Benham and Brent Augustine long after the discovery deadline. If the Court allows 3M to depose any of these witnesses, Plaintiffs request equal time to depose Mr. Albrecht and Mr. Van Duren.

Respectfully submitted,

Dated: May 11, 2017

| | |
|---|---|
| CIRESI CONLIN L.L.P. | MESHBESHER & SPENCE LTD. |
| /s/ Michael V. Ciresi<br>Michael V. Ciresi (MN #0016949)<br>Jan M. Conlin (MN #0192697)<br>Michael A. Sacchet (MN #0395817)<br>225 South 6th Street, Suite 4600<br>Minneapolis, MN 55402<br>Phone: (612) 361-8200 | /s/ Genevieve M. Zimmerman<br>Genevieve M. Zimmerman (MN #330292)<br>1616 Park Avenue South<br>Minneapolis, MN 55404<br>Phone: (612) 339-9121 |

LEVIN PAPANTONIO, P.A.

/s/ Ben W. Gordon, Jr.
Ben W. Gordon (FL #882836)
J. Michael Papantonio (FL #335924)
316 South Baylen Street, Suite 600
Pensacola, FL 32502-5996
Phone: (850) 435-7090

*Co-Lead Counsel for Plaintiffs*