# EXHIBIT A

Page 1

1          UNITED STATES DISTRICT COURT
              DISTRICT OF MINNESOTA
2    ------------------------------------------------
3    In Re:
4    Bair Hugger Forced Air Warming
     Products Liability Litigation
5
     This Document Relates To:
6
     All Actions                    MDL No.
7                                   15-2666 (JNE/FLN)
8    ------------------------------------------------
9
                VIDEOTAPED DEPOSITION
10
                          OF
11
              SCOTT D. AUGUSTINE, M.D.
12
              Minneapolis, Minnesota
13
              Friday, March 31, 2017
14
15   ------------------------------------------------
16
17
18
19
20
21
22
23
24   Reported by:
     Amy L. Larson, RPR
25   Job No. 121237

```
                                                            Page 2
 1                         AUGUSTINE
 2   APPEARANCES:
 3       ON BEHALF OF 3M:
 4       COREY GORDON, ESQUIRE
         PETER GOSS, ESQUIRE
 5       MICAH HINES, ESQUIRE
         BLACKWELL BURKE
 6       431 South Seventh Street
         Minneapolis, MN 55415
 7
 8
 9
10       FOR AUGUSTINE BIOMEDICAL + DESIGN/DEPONENT:
11       AUGUSTINE BIOMEDICAL + DESIGN
         J. RANDALL BENHAM, ESQUIRE
12       6581 City West Parkway
         Eden Prairie, MN 55344
13
14
         FOR THE PLAINTIFF:
15
         GABRIEL ASSAAD, ESQUIRE
16       KENNEDY HODGES
         4409 Montrose Boulevard
17       Houston, TX 77006
18
         GENEVIEVE ZIMMERMAN, ESQUIRE
19       MESHBESHER & SPENCE
         1616 Park Avenue South
20       Minneapolis, MN 55404
21
         JAN CONLIN, ESQUIRE
22       MICHAEL SACCHET, ESQUIRE
         CIRESI CONLIN
23       225 South Sixth Street
         Minneapolis, MN 55402
24
25
```

```
                                                          Page 3
 1                          AUGUSTINE
 2    APPEARANCES:  (Cont'd.)
 3        FOR THE PLAINTIFF:
 4        BEN GORDON, ESQUIRE
          LEVIN, PAPANTONIO, THOMAS, MITCHELL
 5        RAFFERTY & PROCTOR
          316 S. Baylen Street
 6        Pensacola, FL 32502
 7
 8
 9        ALSO PRESENT:   Janell Pepper, 3M
                          Stefan Sigurdson, Videographer
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

```
                                                          Page 327
 1                        AUGUSTINE
 2      Dr. Augustine.  But we have additional
 3      questions and understand that ultimately this
 4      will be resolved by the court.  But I'm
 5      assuming is what you're saying is you're not
 6      going to allow me any further questions.
 7              MR. BENHAM:  My understanding is
 8      you get seven hours, there was an order
 9      saying you got seven hours, so I don't have
10      any instructions from the court other than to
11      give you seven hours, which I just did.
12              MR. COREY GORDON:  Understood.
13              MS. CONLIN:  Just a couple
14      clean-up questions, Dr. Augustine.
15
16                       EXAMINATION
17  BY MS. CONLIN:
18  Q.  We've never met before; is that right?
19  A.  That's correct.
20  Q.  And have we ever spoken before?
21  A.  I don't believe so.
22  Q.  And Mr. Gordon was just talking with you
23      about this last exhibit, Exhibit 7, and this
24      reference to Arizant also threatened the
25      investigators involved with this later --
```

```
                      AUGUSTINE
```

      this latest study. What did -- what did you mean by the fact that you thought 3M was threatening authors of various studies?

A.  I don't remember all the details, but I know that they were threatening the guys in the UK, I believe, with legal action if they followed through and published studies.

Q.  Okay. And do you recall earlier today when you were talking about the med -- Mr. Gordon was asking about the MedWatch report and the reference to Dr. Suzanne Beavers calling them reservoirs of infection?

A.  Yes.

Q.  I want you to assume that 3M contacted Dr. Beavers and pressured her to withdraw the statement on reservoirs of infection, would that be similar to what you're talking about in connection with these UK authors?

          MR. COREY GORDON: Object to the form of the question, assumes facts not in evidence.

          THE WITNESS: It is similar. And I actually heard that that's what they did back at that time.

1              AUGUSTINE
2         MR. COREY GORDON:  Move to strike.
3  BY MS. CONLIN:
4  Q. And then also I just want to clear up,
5      Mr. Gordon was asking you some questions
6      about the MRD or MDR, the submission to the
7      FDA?
8  A. Yes.
9  Q. That wasn't done at the direction or
10     instruction of any plaintiffs' lawyers,
11     correct, Doctor?
12        MR. COREY GORDON:  Objection;
13     leading.
14        THE WITNESS:  No, that was my
15     idea.
16        MS. CONLIN:  Okay.
17 BY MS. CONLIN:
18 Q. And nobody asked you to do that on behalf of
19     any plaintiffs?
20        MR. COREY GORDON:  Same objection.
21        THE WITNESS:  No.
22        MS. CONLIN:  Okay.
23 BY MS. CONLIN:
24 Q. And in connection with the questions
25     Mr. Gordon was asking you about work by

Page 330

1     AUGUSTINE
2     Kennedy Hodges, that was involved in the
3     Walton and Johnson cases, correct?
4              MR. COREY GORDON:  Same
5     objections.
6              THE WITNESS:  Could you ask that
7     again?
8              MS. CONLIN:  Sure.
9  BY MS. CONLIN:
10 Q.  In connection with the questions that
11    Mr. Gordon was asking you about regarding
12    some assistance, scientific assistance that
13    you gave to the Kennedy Hodges firm, that was
14    in connection with the cases down in Texas,
15    correct?
16 A.  That's correct.
17             MR. COREY GORDON:  Objection;
18    leading, also lack of foundation, assumes
19    facts not in evidence.
20 BY MS. CONLIN:
21 Q.  And, in fact, you don't have any substantive
22    involvement in this MDL that's placed in
23    Minnesota, isn't that right, Doctor?
24             MR. COREY GORDON:  Object to the
25    form --

1  AUGUSTINE
2  THE WITNESS: That's correct.
3  MR. COREY GORDON: -- leading.
4  MS. CONLIN: No further questions.
5  MR. BENHAM: And we do not waive
6  reading and signing. And I guess we get to
7  designate confidentiality after we get a
8  transcript and some reasonable time passes,
9  but I would request that things be kept
10 confidential until we have the opportunity to
11 do that. And you're nodding of the head
12 means yes, correct? Yes?
13 MS. CONLIN: Yeah, that's your
14 right.
15 MR. BENHAM: Thank you.
16 THE VIDEOGRAPHER: We're going off
17 the record. The time is 5:49 p.m.
18 (Whereupon, the foregoing
19 deposition concluded at 5:49 p.m.)
20
21
22
23
24
25