UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re Bair Hugger Forced Air Warming Products Liability Litigation | MDL No. 15-2666 (JNE/FLN) |
| This Document Relates To: All Actions | MEMORANDUM IN OPPOSITION TO 3M COMPANY'S MOTION TO REMOVE "CONFIDENTIAL" DESIGNATION FROM DOCUMENTS PRODUCED BY RIDGEVIEW MEDICAL CENTER<br><br>(FILED UNDER SEAL) |

## INTRODUCTION

3M Company seeks to de-designate 50 documents previously designated as "Confidential" by Ridgeview Medical Center (RMC) in response to a subpoena served by 3M Company upon RMC. RMC seeks to uphold its previous designation of these documents as "Confidential" and seeks for this Court to deny 3M Company's motion in its entirety as RMC correctly labeled these previously produced documents as "Confidential" in accordance with Pretrial Order No. 7 and Federal Rules of Civil Procedure 26(c).

## FACTS

3M Company served RMC with a subpoena which is dated December 28, 2016. (See Exhibit B attached to the Affidavit of Kelly C. Dohm in Opposition to 3M Company's Motion to De-Designate). RMC and counsel for 3M Company discussed the overbroad scope of the subpoena and 3M Company agreed to limit RMC's responses in accordance with mutually agreeable terms. Id. at Exhibit C. RMC produced responsive documents and responses to the subpoena on February 17, 2017. Id. at Exhibit D. The number of

documents produced by RMC exceeded 900 documents. Id. RMC labeled the majority of its produced documents as "Confidential" pursuant to the agreement of the parties of this litigation proceeding to allow RMC to designate "Confidential" document in accordance with provision 17 of Pretrial Order No. 7. Id. at Exhibit C.

After production of these documents, Ms. Micah Hines, one of 3M Company's counsel, contacted Ms. Kelly C. Dohm, counsel for RMC, and requested that RMC de-designate voluntarily certain documents previously marked by RMC as "Confidential." RMC did agree to de-designate a handful of documents, but did insist that the remaining documents remain marked as "Confidential". Id. at Exhibit E. RMC refused to voluntarily agree to de-designate the other documents identified by 3M Company. Id.

RMC takes various steps to protect its business documents, and other documents containing protected health information, from public disclosure. (See Affidavit of Julie Hauser, paragraphs 3-5 and Exhibits A-P). RMC considers all of the documents requested by 3M Company to be de-designated as confidential business documents. Id. at paragraphs 21-30.

At no time did RMC ever consent or agree to allow Scott Augustine, or any of the entities owned in whole or in part by him disclose infection rate information belonging to RMC through news releases, publication, or otherwise. Id. at 31. RMC never did participate in a study regarding infection rates with Scott Augustine or any entity owned in whole or in part by him including, but not limited to, Temperature Management or Augustine BioMedical Design. Id. at 32.

RMC has many, many policies and procedures in place to protect its confidential data from disclosure. Many of these policies are attached to the Affidavit of Julie Hauser as Exhibits A-P. RMC is a complicated entity which includes various wholly owned entities as well as other forms of business relationships. Id. at Exhibit A. The policies speak for themselves, but confidential data protection is specifically addressed not only throughout the various policies, but also in the Employee Handbook of RMC. Id. at Exhibit O.

Document bate stamped RMC 000039 is an internal chart prepared as a business internal document by RMC. It is kept on its server by limited administrative employees and is not subject to public disclosure, despite 3M Company's allegations to the contrary. Id. at paragraph 22. RMC considers this information to be kept in the regular course of its business. The document is retained on RMC's computer system which has several password protection levels. Id. at E-I.

Documents bate stamped RMC 000300, RMC 00050-00055, RMC 00057-00062, and RMC 00064-00073 are all documents between RMC and Augustine Temperature Management that are protected confidential business records of RMC that RMC does not have the permission of Augustine Temperature Management to disclose, and that RMC has kept in a confidential format at the administrative and/or management level within the RMC organization. Id. at paragraph 23. RMC maintains these documents on its electronic computer system with limited access by certain administrative department employees; said documents are only accessible through appropriate passwords on its electronic computer

3

system. RMC does not allow the public or other employees within RMC to have access to its executive and administrative level employee computer systems. Id. at Exhibits E-I.

RMC considers its vendor information with all vendors, including Augustine BioMedical Design and Temperature Management to be private and confidential business information. RMC does not disclose to the public its vendor information, business contracts that it enters into with third parties, or other information concerning the running and operation of RMC. Third parties that enter into contracts with RMC expect their contractual relationships with RMC to not be subject to public disclosure. Id. at paragraph 24.

Documents bate stamped RMC 00064-00071 contain a Mutual Confidentiality and Non-Disclosure Agreement entered into between RMC and Augustine BioMedical Design. The very nature of this agreement is to protect documents from public disclosure between these two entities. This agreement evidences that both RMC as well as Augustine BioMedical Design take steps to protect their confidential business information from public disclosure. Id. at paragraph 25.

Documents bate stamped RMC 00072-00073 involve business documents in draft form prepared by RMC by an individual employed within the organization in an administrative capacity. These documents have not been disclosed to the public and are notes made within the RMC organization in the regular course of its business operations. RMC restricts access to these documents that are kept on its computer system from employees within its organization through its password protected system. Id. at paragraph 26.

4

Documents bate stamped RMC 000179, 00093-00095, 000102-000105, and 000173-000176 are internal e-mail communications within RMC, and external e-mail communications between RMC and Scott Augustine, Brent Augustine, and Randy Benham on behalf of Augustine BioMedical Design. RMC prohibits access from the public to its internal e-mail communications within RMC and also prohibits public access to its external e-mail communications with third parties, including its vendors. Id. at paragraph 27. RMC protects from public disclosure its internal and external e-mail communications through various levels of password protections in place on RMC's computer system. RMC considers its e-mail system both within the organization, and as communicated with outside third parties, to be confidential business communications and data. Id. at Exhibits E-I.

Documents bate stamped RMC 000025 and RMC 000184-000185 are documents prepared by RMC in the ordinary course of its business operations that are restricted to the public from disclosure through the keeping of these documents on RMC's electronic computer system. They are draft documents that upon information and belief, have not been made the subject of public disclosure by RMC or any third party. Id. at paragraph 28.

Documents bate stamped RMC 000127-000129 are e-mail communications with an outside vendor, Brent Augustine, that RMC considers to be protected confidential business information. These documents are kept on RMC's electronic e-mail computer system and are password protected documents contained on administrative employees' e-mail systems as well as on third party's vendor's e-mail systems. Id. at paragraph 29 and Exhibits E-I.

Documents bate stamped RMC 0002-0009 are documents prepared for RMC by Mark Albrecht, a third-party vendor. RMC considers these documents to be confidential business information that if made public, would leave RMC at a competitive disadvantage. Id. at paragraph 30 and see Exhibits E-I.

## ARGUMENT

I. **3M Company's Motion To De-Designate Must Be Denied Because The Documents Requested By 3M Company To Be De-Designated Are Confidential Business Documents Maintained By RMC Within The Meaning Of Pretrial Order No. 7.**

RMC, through its Declarations of Julie Hauser and Kelly C. Dohm, sustains its burden of proving that the documents classified as "Confidential" fall within the protections afforded by Pretrial Order No. 7.

Pretrial Order No. 7 provides the following definition of Confidential Information as used in this Order:

> "Confidential Information" is defined as information that the producing party designates in good faith has been previously maintained in a confidential manner and should be protected from disclosure and use outside the litigation because its disclosure and use is restricted by statute or could potentially cause harm to the interests of disclosing party or nonparties.
>
> Any non-public discovery material....that contains, reflects, or reveals: a) trade secret information; b) proprietary confidential information such as research or development

information, or commercially or competitively sensitive information that would more likely than not cause competitive harm to the business operations of the producing party including, but not limited to: i) business/strategic plans; ii) sales, cost, and price information, including sales/financial projections; (iii) non-public marketing information; (iv) non-public detailed sales and financial data; (v) customer lists; (vi) non-public technical information; or (vii) other non-public information of competitive, financial, or commercial significance comparable to the items listed in this subparagraph; or (c) confidential, non-public personal information concerning individuals, including but not limited to, confidential health information.

RMC demonstrates through its Declaration of Julie Hauser that RMC does maintain within its business organization the requested de-designated documents in a confidential manner not subject to public disclosure, contrary to 3M Company's assertions otherwise. RMC considers the sought to be de-designated documents as "Confidential" as the documents contain non-public information of competitive, financial, or commercial significance, infection rates which is confidential business non-public data, non-public marketing information, and business information, among other forms of confidential information.

3M Company fails to produce any evidence that the requested documents to be de-designated have in fact been subject to public disclosure. The alleged argument that Augustine has used information allegedly concerning RMC to publicly create the false impression that the Bair Hugger System increases infection risk does not demonstrate that the very specific documents requested to be de-designated have been subject to any public disclosure by RMC. To the contrary, 3M Company fails to produce any evidence that this is the case. Augustine's deposition testimony does not demonstrate that this was the case. In fact, it clarifies that the alleged data was not subject to public disclosure as the information was never published. Although Augustine does refer to one publication that may be published soon, he does not provide any specifics as to what would be in that publication and 3M Company has not provided the alleged publication. The fact that Augustine made certain representations allegedly regarding RMC infection rates, whether or not Augustine made true or accurate representations, does not mean that RMC waived any of its rights to keep its business information protected from public disclosure as RMC never gave any permission for Augustine to publicize any of its infection rates.

RMC has not had the opportunity to review other confidentially designated information by Augustine that has been redacted throughout 3M Company's motion papers in support of 3M Company's motion to de-designate RMC's documents. RMC cannot comment on documents and redacted lines in a Memorandum which it has an inability to review; notwithstanding, RMC is unaware of any public disclosure of any of the specific documents requested by 3M Company to be de-designated.

8

3M Company fails to produce a single e-mail communication or other document from RMC evidencing that it agreed to allow Augustine or any other third party to disclose its confidentially kept business information. RMC has demonstrated that it does keep the requested de-designated documents confidential within its business and that it did not allow Augustine or any other third party access to or rights to disclose its confidential business information, contrary to 3M Company's assertions otherwise.

The documents themselves sought to be de-designated have not been waived to be held in a confidential format by RMC. 3M Company is off the mark completely in making the argument that RMC somehow waived its right to maintain its e-mails and other business information maintained on its computer system in a confidential format. The entirety of RMC's business operations are held by RMC to be confidential in nature, including its relationship with Augustine, or any other third party that does business with RMC. The case cited by 3M Company for the alleged waiver proposition is distinguishable and is not analogous in any way to the facts before the Court for this motion.

In the case of In re Chrysler Motors Corp. Overnight Evaluation Program Litig., 860 F.2d 844 (8th Cir. 1988), work product confidentiality was waived by an attorney. An argument has not been made in this case that any of the information requested to be de-designated is the subject of attorney work product that somehow has been waived because of attorney work product disclosure. Nothing more need be said about this case as the case is not on point and should not be considered by the Court in deciding this motion.

3M Company does not seek de-designation of all of RMC's previously designated "Confidential" documents, but rather only a select few documents that it wishes to use as

a sword and to its own competitive advantage outside of these litigation proceedings and potentially against RMC and other parties to these litigation proceedings. 3M Company should not be rewarded for seeking to abuse the discovery process involving third parties to harm RMC and other adverse parties to these litigation proceedings. Such an order by this Court would be abusive, prejudicial, and substantially harm RMC as well as other parties to these litigation proceedings.

3M Company already has the documents in its possession at issue produced by RMC in response to its subpoena in a "Confidential" designated format. No harm will come to 3M Company if the documents are not by this Court de-designated. There is not a need in the present litigation proceeding to allow public disclosure of RMC's confidential business information. 3M Company fails to demonstrate how it would be prejudiced in its defense if the documents were to remain designated as "Confidential" as it already possesses the documents. RMC, on the other hand, will be irreparably harmed by this Court if its business documents that it keeps in a confidential manner are subject to public disclosure.

From a public policy argument, how could any business effectively and confidently run its business if it knew that at any moment its business operations could be subject to public disclosure by a court of law without the business' permission or control? If confidential business information is not protected from public disclosure from a cooperative third party in a litigation proceeding, our country's court system will suffer; third parties to any and all litigation proceedings would oppose production of any business documents that could ever be subpoenaed. It would become impossible to require

cooperation of third parties if courts do not uphold the confidential nature of produced documents cooperatively by third parties through protective orders.

In this case, RMC cooperated to its fullest extent by working with 3M Company's counsel to limit its production of subpoenaed documents instead of immediately proceeding to district court to move for a protective order. RMC and its counsel were patient with 3M Company and its counsel in producing responsive documents and responded as quickly as possible to 3M Company's requests for subpoenaed documents. RMC should not be punished by this Court by cooperating previously with 3M Company to produce in a "Confidential" designed format responsive documents to 3M Company's subpoena. RMC requests this Court to uphold its lawful right under Pretrial Order No. 7 to maintain the designation of its confidential business information as "Confidential."

**II.  3M Company's Motion To De-Designate Must Be Denied Because The Documents Requested By 3M Company To Be De-Designated Are Confidential Business Documents Maintained By RMC Within The Meaning Of The Federal Rules Of Civil Procedure.**

RMC requests this Court to maintain the "Confidential" designation on the documents requested by 3M Company to be de-designated as Fed. R. Civ. P. 26(c) allows a court for "good cause" to issue an order to protect a third party from having to disclose publicly its confidential business information. RMC, through its Declarations of Ms. Julie Hauser and Ms. Kelly C. Dohm, sustains its burden of proving that the documents sought by 3M Company to be de-designated should remain classified as "Confidential" pursuant to the Federal Rules of Civil Procedure.

Rule 26(c)(1) of the Federal Rules of Civil Procedure provides the following:

11

> A party or any person form whom discovery is sought may move for a protective order in the court where the action is pending- or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken. The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: (G) requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way..."

Fed. R. Civ. P. 26(c)(1).

A party seeking protection afforded under Rule 26 must provide specific facts demonstrating that protection of information is necessary. Krueger v. Ameriprise Fin. Inc., 2014 U.S. Dist. LEXIS 180788 (D. Minn. 2014). Courts may conduct an in-camera review to determine the confidential nature of alleged protected documents from disclosure. Id. at 26. An individual's disclosure of another party's confidential business information without its permission gives rise to potential claims of misappropriation and other torts or potential statutory violations, such as HIPAA. Cherne Indus. V. Grounds & Assocs., 278

N.W.2d 81 (Minn. 1979) (public disclosure, without permission, of a party's confidential business information could support a claim under Minnesota's Trade Secrets Act, breach of contract, or other torts).

To the extent that information was disclosed by Augustine without RMC's permission to do so, this Court should not punish RMC for potential unauthorized disclosure by Augustine of its confidential business information. RMC is unable to understand the full nature of any alleged unauthorized disclosure by Augustine as RMC has not been provided with all documents that were redacted and removed from production to RMC at the time of 3M Company's service of the motion papers upon RMC. RMC requests that this Court uphold its "Confidential" designation of all documents at issue in this motion for de-designation as RMC has sustained its burden of proving that the specific documents at issue are confidentially maintained by RMC through its privacy and confidential policies, training, and through other efforts by RMC to protect its confidential business information from public disclosure.

## CONCLUSION

For all of the foregoing reasons, RMC requests that the "Confidential" designation remain on the documents produced by RMC in response to 3M Company's subpoena and that 3M Company's motion to remove the "Confidential" designation of RMC's documents be denied in its entirety.

Date: May 11, 2017							By:	/s/ Kelly C. Dohm
										Kelly C. Dohm (#0254046)
										MELCHERT HUBERT SJODIN, PLLP
										121 West Main Street, Suite 200
										Waconia, MN  55387
										Phone: (952) 442-7700
										Fax: (952) 442-6166
										Email: kdohm@mhslaw.com

14