## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

In re Bair Hugger Forced Air Warming
Products Liability Litigation

This Document Relates To:
All Actions

MDL No. 15-2666 (JNE/FLN)

**MEMORANDUM IN OPPOSITION
TO 3M COMPANY'S MOTION TO
REMOVE "CONFIDENTIAL"
DESIGNATION FROM
DOCUMENTS PRODUCED BY
RIDGEVIEW MEDICAL CENTER**

**(FILED UNDER SEAL)**

## INTRODUCTION

3M Company seeks to de-designate ▮ documents previously designated as "Confidential" by Ridgeview Medical Center (RMC) in response to a subpoena served by 3M Company upon RMC. RMC seeks to uphold its previous designation of these documents as "Confidential" and seeks for this Court to deny 3M Company's motion in its entirety as RMC correctly labeled these previously produced documents as "Confidential" in accordance with Pretrial Order No. 7 and Federal Rules of Civil Procedure 26(c).

## FACTS

3M Company served RMC with a subpoena which is dated December 28, 2016. (See Exhibit B attached to the Affidavit of Kelly C. Dohm in Opposition to 3M Company's Motion to De-Designate). RMC and counsel for 3M Company discussed the overbroad scope of the subpoena and 3M Company agreed to limit RMC's responses in accordance with mutually agreeable terms. Id. at Exhibit C. RMC produced responsive documents and responses to the subpoena on February 17, 2017. Id. at Exhibit D. The number of

documents produced by RMC exceeded ███ documents.  Id.  RMC labeled the majority of its produced documents as "Confidential" pursuant to the agreement of the parties of this litigation proceeding to allow RMC to designate "Confidential" document in accordance with provision 17 of Pretrial Order No. 7.  Id. at Exhibit C.

After production of these documents, Ms. Micah Hines, one of 3M Company's counsel, contacted Ms. Kelly C. Dohm, counsel for RMC, and requested that RMC de-designate voluntarily certain documents previously marked by RMC as "Confidential." RMC did agree to de-designate a handful of documents, but did insist that the remaining documents remain marked as "Confidential".  Id. at Exhibit E.  RMC refused to voluntarily agree to de-designate the other documents identified by 3M Company.  Id.











## ARGUMENT

I.  **3M Company's Motion To De-Designate Must Be Denied Because The Documents Requested By 3M Company To Be De-Designated Are Confidential Business Documents Maintained By RMC Within The Meaning Of Pretrial Order No. 7.**

RMC, through its Declarations of Julie Hauser and Kelly C. Dohm, sustains its burden of proving that the documents classified as "Confidential" fall within the protections afforded by Pretrial Order No. 7.

Pretrial Order No. 7 provides the following definition of Confidential Information as used in this Order:

> "Confidential Information" is defined as information that the producing party designates in good faith has been previously maintained in a confidential manner and should be protected from disclosure and use outside the litigation because its disclosure and use is restricted by statute or could potentially cause harm to the interests of disclosing party or nonparties.
>
> Any non-public discovery material….that contains, reflects, or reveals: a) trade secret information; b) proprietary confidential information such as research or development

information, or commercially or competitively sensitive information that would more likely than not cause competitive harm to the business operations of the producing party including, but not limited to: i) business/strategic plans; ii) sales, cost, and price information, including sales/financial projections; (iii) non-public marketing information; (iv) non-public detailed sales and financial data; (v) customer lists; (vi) non-public technical information; or (vii) other non-public information of competitive, financial, or commercial significance comparable to the items listed in this subparagraph; or (c) confidential, non-public personal information concerning individuals, including but not limited to, confidential health information.



    3M Company fails to produce any evidence that the requested documents to be de-designated have in fact been subject to public disclosure.



    RMC has not had the opportunity to review other confidentially designated information by Augustine that has been redacted throughout 3M Company's motion papers in support of 3M Company's motion to de-designate RMC's documents.  RMC cannot comment on documents and redacted lines in a Memorandum which it has an inability to review; notwithstanding, RMC is unaware of any public disclosure of any of the specific documents requested by 3M Company to be de-designated.



In the case of <u>In re Chrysler Motors Corp. Overnight Evaluation Program Litig.</u>, 860 F.2d 844 (8th Cir. 1988), work product confidentiality was waived by an attorney. An argument has not been made in this case that any of the information requested to be de-designated is the subject of attorney work product that somehow has been waived because of attorney work product disclosure. Nothing more need be said about this case as the case is not on point and should not be considered by the Court in deciding this motion.

3M Company does not seek de-designation of all of RMC's previously designated "Confidential" documents, but rather only a select few documents that it wishes to use as

9

a sword and to its own competitive advantage outside of these litigation proceedings and potentially against RMC and other parties to these litigation proceedings. 3M Company should not be rewarded for seeking to abuse the discovery process involving third parties to harm RMC and other adverse parties to these litigation proceedings. Such an order by this Court would be abusive, prejudicial, and substantially harm RMC as well as other parties to these litigation proceedings.

3M Company already has the documents in its possession at issue produced by RMC in response to its subpoena in a "Confidential" designated format. No harm will come to 3M Company if the documents are not by this Court de-designated. There is not a need in the present litigation proceeding to allow public disclosure of RMC's confidential business information. 3M Company fails to demonstrate how it would be prejudiced in its defense if the documents were to remain designated as "Confidential" as it already possesses the documents. RMC, on the other hand, will be irreparably harmed by this Court if its business documents that it keeps in a confidential manner are subject to public disclosure.

From a public policy argument, how could any business effectively and confidently run its business if it knew that at any moment its business operations could be subject to public disclosure by a court of law without the business' permission or control? If confidential business information is not protected from public disclosure from a cooperative third party in a litigation proceeding, our country's court system will suffer; third parties to any and all litigation proceedings would oppose production of any business documents that could ever be subpoenaed. It would become impossible to require

cooperation of third parties if courts do not uphold the confidential nature of produced documents cooperatively by third parties through protective orders.

In this case, RMC cooperated to its fullest extent by working with 3M Company's counsel to limit its production of subpoenaed documents instead of immediately proceeding to district court to move for a protective order. RMC and its counsel were patient with 3M Company and its counsel in producing responsive documents and responded as quickly as possible to 3M Company's requests for subpoenaed documents. RMC should not be punished by this Court by cooperating previously with 3M Company to produce in a "Confidential" designed format responsive documents to 3M Company's subpoena. RMC requests this Court to uphold its lawful right under Pretrial Order No. 7 to maintain the designation of its confidential business information as "Confidential."

II.     **3M Company's Motion To De-Designate Must Be Denied Because The Documents Requested By 3M Company To Be De-Designated Are Confidential Business Documents Maintained By RMC Within The Meaning Of The Federal Rules Of Civil Procedure.**

RMC requests this Court to maintain the "Confidential" designation on the documents requested by 3M Company to be de-designated as Fed. R. Civ. P. 26(c) allows a court for "good cause" to issue an order to protect a third party from having to disclose publicly its confidential business information. RMC, through its Declarations of Ms. Julie Hauser and Ms. Kelly C. Dohm, sustains its burden of proving that the documents sought by 3M Company to be de-designated should remain classified as "Confidential" pursuant to the Federal Rules of Civil Procedure.

Rule 26(c)(1) of the Federal Rules of Civil Procedure provides the following:

A party or any person form whom discovery is sought may move for a protective order in the court where the action is pending- or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken. The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: (G) requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way…"

Fed. R. Civ. P. 26(c)(1).

A party seeking protection afforded under Rule 26 must provide specific facts demonstrating that protection of information is necessary. Krueger v. Ameriprise Fin. Inc., 2014 U.S. Dist. LEXIS 180788 (D. Minn. 2014). Courts may conduct an in-camera review to determine the confidential nature of alleged protected documents from disclosure. Id. at 26. An individual's disclosure of another party's confidential business information without its permission gives rise to potential claims of misappropriation and other torts or potential statutory violations, such as HIPAA. Cherne Indus. V. Grounds & Assocs., 278

12

N.W.2d 81 (Minn. 1979) (public disclosure, without permission, of a party's confidential business information could support a claim under Minnesota's Trade Secrets Act, breach of contract, or other torts).



## CONCLUSION

For all of the foregoing reasons, RMC requests that the "Confidential" designation remain on the documents produced by RMC in response to 3M Company's subpoena and that 3M Company's motion to remove the "Confidential" designation of RMC's documents be denied in its entirety.

13

Date:   May 11, 2017

By:     /s/ Kelly C. Dohm
       Kelly C. Dohm (#0254046)
       MELCHERT HUBERT SJODIN, PLLP
       121 West Main Street, Suite 200
       Waconia, MN  55387
       Phone: (952) 442-7700
       Fax: (952) 442-6166
       Email: kdohm@mhslaw.com