Exhibit B

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Minnesota

IN RE: Bair Hugger Forced Air Warming Products
_____
*Plaintiff*
v.
_____
*Defendant*

)
)
)
)
)
)
)

Civil Action No.    MDL No. 2666

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:        Ridgeview Medical Center, 560 S. Maple Street, Suite 200, Waconia, MN 55387

*(Name of person to whom this subpoena is directed)*

☑ *Production:* YOU ARE COMMANDED to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibits A - E

| Place: Blackwell Burke P.A., 431 South Seventh Street, Suite 2500, Minneapolis, MN 55415 | Date and Time: 12/28/2016 5:00 pm |
|---|---|

☐ *Inspection of Premises:* YOU ARE COMMANDED to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    12/14/2016

CLERK OF COURT

OR

_____
*Signature of Clerk or Deputy Clerk*

_____
*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* 3M Company and Arizant Healthcare Inc. , who issues or requests this subpoena, are:

Benjamin W. Hulse, 431 South Seventh Street, Suite 2500, Minneapolis, MN 55415, 612-343-3200

Notice to the person who issues or requests this subpoena
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. MDL No. 2666

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____           _____
                                          *Server's signature*

                                _____
                                          *Printed name and title*

                                _____
                                          *Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## REQUESTS

1.   All Documents relating to any presentations funded, sponsored, given or supported by You and/or Scott Augustine concerning the Bair Hugger warming system, forced air warming, the Bair Hugger warming system litigation, deep joint infection reports from Ridgeview Medical Center in Waconia, MN, the Defendants and/or the HotDog Patient Warming System.

2.   All Documents relating to any studies, research, or pre-study preparation that was funded, sponsored, given or supported by You, and/or Scott Augustine, and/or Augustine Biomedical and Design, LLC ("ABD") concerning the Bair Hugger warming system, forced air warming, the Bair Hugger warming system litigation, deep joint infection reports from Ridgeview Medical Center in Waconia, the Defendants and/or the HotDog Patient Warming System.

3.   All Documents relating to any studies, research, investigations, testing or analysis conducted in collaboration with Mark Albrecht, ABD, or Scott Augustine, or Kumar G. Belani concerning the Bair Hugger warming system, forced air warming, the Bair Hugger warming system litigation, deep joint infection reports from Ridgeview Medical Center in Waconia, the Defendants and/or the HotDog Patient Warming System.

4.   All Documents relating to regulations, investigations, compliance, or seeking or gaining approval including but not limited to any Institutional Review Board approval, for any studies, testing, analysis or data collection conducted with respect to the Bair Hugger warming system, deep joint infection rates, Ridgeview Medical Center surgery site infections, and/or the HotDog Patient Warming System.

5.   All Documents, Communication and Correspondence relating to any Healthcare Entity or Healthcare Provider (including but not limited to Communications and Correspondence You sent to and/or received from any Healthcare Entity or Healthcare Provider) which concern the HotDog Patient Warming System, Bair Hugger warming system, forced air warming, the Bair Hugger warming system litigation and/or the Defendants.

6.   All Documents, Communication and Correspondence relating to any Healthcare Entity or Healthcare Provider (including but not limited to Communication and Correspondence You sent to and/or received from any Healthcare Entity or Healthcare Provider) which concern Scott Augustine, HotDog USA, LLC, HotDog International, LLC, Augustine Temperature Management, Augustine BioMedical and Design, LLC and Augustine Biomedical.

7.   All Documents sent to or received from any Consultant or third party relating to the Bair Hugger warming system, forced air warming, the Bair Hugger warming system litigation, the Defendants or performance and/or testing of the Bair Hugger warming system or its components, including but not limited to the intake filter.

8.     All Documents sent to or received from any Consultant or third party relating to the HotDog Patient Warming System, conductive warming, and/or performance or testing of the HotDog Patient Warming System.

9.     All Documents You have sent to and/or received from any newspaper, blog, internet domain, media outlet, media entity, social media outlet (including Twitter, Facebook and Instagram) or social media entity concerning the Bair Hugger warming system, forced air warming, HotDog Patient Warming System, conductive warming, and/or the Bair Hugger warming system litigation.

10.    All past and present email distribution lists, and/or email addresses for any Person or entity to whom You and/or anyone acting on Your behalf or at Your direction sent any Documents (including emails) concerning the Bair Hugger warming system, forced air warming, the Bair Hugger warming system litigation, the Defendants, the HotDog Patient Warming System and/or surgical site infections.

11.    All Communication, Correspondence and other Documents relating to any journal, publication or pre-publication draft, or manuscript (including but not limited to Communication and Correspondence You sent to and/or received from any journal or publication) which concern the Bair Hugger warming system, forced air warming, the Bair Hugger warming system litigation and/or the Defendants.

12.    All Documents relating to and/or reflecting discussions between You and any Person (including any entity) concerning the Bair Hugger warming system, forced air warming, the Bair Hugger warming system litigation, surgical site infections, and/or Defendants.

13.    All Documents You have sent to and/or received from any Person (including any entity) relating to any Plaintiff.

14.    All Documents You have sent to and/or received from any Plaintiff's attorney.

15.    All Documents You have sent to and/or received from any Person (including any entity) or have searched for relating to any Plaintiff's expert.

16.    All Documents You have sent to and/or received from any Person or entity relating to the possibility of litigation, actual litigation or any litigation, lawsuit, proceeding or other action concerning the Bair Hugger warming system and/or forced air warming.

17.    All Documents relating to any engagement letters, retainer agreements, retention agreements or other agreements, consulting fees, expense reimbursement, compensation paid between (i) You and (ii) Dr. Scott Augustine, Brent Augustine, Ryan Augustine, HotDog USA, LLC, HotDog International, LLC, Augustine Temperature Management, Augustine Team LLC, Stop Surgical Infections, Orthopedic Infection Advisory, OrthopedicInfectionAdvisory.org Augustine BioMedical and Design, LLC and/or Augustine Biomedical.

18.    All Documents involving, discussing or relating to the design, change in design, and/or alternative design of the Bair Hugger warming system.

19.    All Documents, Communication and Correspondence You created, prepared, reviewed, edited, sent, and/or received relating to any alleged defects, problems or risks concerning the Bair Hugger warming system and/or forced air warming.

20.    All Documents relating to complaints concerning the Bair Hugger warming system, including but not limited to, correspondence and communications received from and sent by You to Bair Hugger warming system users (past and present), HotDog Patient Warming System users (past and present), Healthcare Providers, Healthcare Entities, patients, and/or any other Persons.

21.    All Documents concerning Your relationship, contractual or otherwise, with the following individuals:

      a.   Mike Reed
      b.   Christopher Nachtsheim
      c.   Paul D. McGovern
      d.   Mark Albrecht
      e.   Mark Litchy
      f.   Robert Gauthier
      g.   Scott Augustine

22.    All Documents related to videos and/or video footage that You participated in, funded, sponsored, financially support, control and/or consulted on, whether or not they were completed and/or posted, relating to the Bair Hugger warming system, forced air warming, the Bair Hugger warming system litigation, Defendants, the HotDog Patient Warming System, or any other patient warming device.

23.    All documents relating to any relationship between You and any Person (including any entity) involved in the sale, lease, market analysis, marketing, advertising, promotion and/or distribution of the HotDog Patient Warming System that reference, relate to or concern the Bair Hugger warming system, forced air warming, the Bair Hugger warming system litigation and/or the Defendants including, but not limited to contracts and communications between You and any Person (including any entity), and any invoices for services rendered.

24.    All Documents relating to any Person, Healthcare Entity or Healthcare Provider's use, possible use, decision not to use, and/or decision to stop using the Bair Hugger warming system.

25.    All Documents relating to any Person, Healthcare Entity or Healthcare Provider's use, possible use, decision not to use, and/or decision to stop using the HotDog Patient Warming System.

26.    All Documents evidencing any Person (including any entity) that uses the HotDog Patient Warming System now or has used the HotDog Patient Warming System in the past, including information concerning the years that each Person has used the HotDog Patient Warming System.

27.    All Documents relating to any claim that the HotDog Patient Warming System is superior to, more effective than, equally as effective as, less risky and/or safer than the Bair Hugger warming system and/or forced air warming.

28.    All Documents concerning any actual or potential infection risk associated with or caused by the re-use of conductive warming blankets.

29.    All Documents relating to March 1, 2012 Agreement Governing Promissory Notes attached as Exhibit E, including but not limited to correspondence between you and the signatories of Exhibit E.

30.    All Documents relating to the Blowing Air is Risky ("B.A.I.R.") campaign, including but not limited to tests conducted, test results, underlying or supporting data, photographs or videos, Communications to third parties, internal Communications, brochures and/or publications.

31.    All Documents relating to the Heat Rises/Hot Air Rising campaign, including but not limited to tests conducted, test results, underlying or supporting data, photographs or videos, Communications to third parties, internal Communications, brochures and/or publications. Your response should include, but not be limited to, Documents posted on and/or related to http://heat-rises.blogspot.com/.

32.    All Documents, Communication or Correspondence relating to the 2010 Medwatch report to FDA regarding the Bair Hugger warming system.

33.    All Documents, Communication or Correspondence relating to the intake filters used in and filtration concepts for the Bair Hugger warming system.

34.    All Documents, Communication and Correspondence between and among You and the other authors of the Barnett et al. study concerning funding for the study, design of the study, and results of the study.

35.    All Documents, Communication and Correspondence between You and (i) Scott Augustine, Brent Augustine, Ryan Augustine, HotDog USA, LLC, HotDog International, LLC, Augustine Temperature Management, Augustine Team LLC, Stop Surgical Infections, Orthopedic Infection Advisory, OrthopedicInfectionAdvisory.org Augustine BioMedical and Design, LLC and/or Augustine Biomedical concerning the funding for and results of the Belani et al. study, Albrecht et al. study, McGovern et al. study, and the Barnett et al. study.

36.    All pre-publication drafts and manuscripts of the in-progress Barnett et al. study.

37. All Documents, Communication and Correspondence between and among You and the other authors of the Barnett et al. study concerning funding for the study, design of the study, and results of the study.

38. All Documents concerning the model and serial numbers for the patient warming devices used in the Barnett et al. study.

39. All Documents sent to and/or received from any forced air warming system manufacturer about the alleged actual or potential hazards and/or safety risks of forced air warming and/or the Bair Hugger warming system.

40. All Documents sent to and/or received from the following individuals relating to the Bair Hugger warming system, forced air warming, conductive warming, the HotDog Patient Warming System, Defendants and/or the Bair Hugger litigation:

    a. Mark Albrecht
    b. Kiran Dasari
    c. Robert Gauthier
    d. Mark Litchy
    e. Christopher Nachtscheim
    f. Mike Reed
    g. Paul D. McGovern
    h. Andrew Legg
    i. David Leaper
    j. Andrew Hamer
    k. Mark Harper
    l. Keith Leland
    m. Randy Arnold
    n. Scott Entenman
    o. Mark Albrecht
    p. Andreas Deibel
    q. Any other Person who authored, sponsored and/or published a study concerning the Bair Hugger warming system, forced air warming, a forced air warming device or product and/or the HotDog Patient Warming System

41. All Documents, Communication and Correspondence relating to the following:

    a. Any published study, unpublished study, test, testing performed, trial, experiment, research and/or data analysis You participated in, commissioned, performed, conducted, sponsored, authorized, directed and/or for which You provided any funding, support, personnel or materials concerning the Bair Hugger warming system, forced air warming, deep joint infection rates, and/or any forced air warming device and/or product.

    b. Any other study, test, testing performed, trial, experiment, research and/or data analysis concerning the Bair Hugger warming system, deep joint infection rates, forced air warming, and/or any forced air warming device and/or product.

9

    c.   Any other study, test, testing performed, trial, experiment and/or data analysis concerning the HotDog Patient Warming System and/or any conductive warming device and/or product.

    d.   Any other study, test, testing performed, trial, experiment, data gathered and/or data analysis concerning rates or numbers of deep joint infections in surgery rooms, operating rooms, and/or at Ridgeview Medical Center.

    e.   All Documents relating to any changes in surgical procedures or surgery site conditions, environment and/or protocol during the time of any study, test, testing performed, trial, experiment, data gathered and/or data analysis concerning rates or numbers of deep joint infections in surgery rooms, operating rooms, and/or at Ridgeview Medical Center.

42.      All Documents relating to any calculations, suggested and/or made, to determine any effect on the operating room environment from use of the Bair Hugger warming system, forced air warming, any forced air warming device or product, and/or the HotDog Patient Warming System.

43.      All Documents relating to any research, experiments, or tests conducted by You, on Your behalf and/or at Your direction, concerning potential contamination of the airflow paths of Bair Hugger warming system, the creation of convection currents in the operating room, and/or any other alleged safety risk or concern relating to the Bair Hugger warming system.

# EXHIBIT A

## EXHIBIT A

## DEFINITIONS

1.  "Stop Surgical Infections" means Stop Surgical Infections and StopSurgicalInfections.org. These terms and the terms Hot Dog USA, LLC, Hot Dog International, LLC, Augustine Temperature Management LLC, Augustine Team LLC, Augustine BioMedical and Design, LLC, Augustine Biomedical LLC, Orthopedic Infection Advisory and OrthopedicInfectionAdvisory.org include without limitation all predecessor companies, parent companies, subsidiary companies, joint venture partners, and/or affiliate companies of the identified entities, and each of their owners, members, managing members, divisions, employees, agents, officers, directors, representatives, consultants, affiliates, partners, servants, accountants, attorneys and/or any person or entity authorized to act on their behalf, including any person or entity who served in any such capacity at any time.

2.  "You" and "Your" refers to and means Ridgeview Medical Center, and includes without limitation your accountants, attorneys, any person or entity authorized to act on your behalf, and any person or entity who acts or has acted at your direction, including any person or entity who served in any such capacity at any time. "You" and "Your" shall also mean and refer to any "Company" you own, lead or manage, including without limitation the Company's predecessor companies, parent companies, subsidiary companies, joint venture partners, and/or affiliate companies, and each of their owners, members, managing members, divisions, employees, agents, officers, directors, representatives, consultants, affiliates, partners, servants, accountants, attorneys and/or any person or entity authorized to act on their behalf, including any person or entity who served in any such capacity at any time.

3.  "Company" shall mean but shall not be limited to any limited liability company, joint venture, entity, corporation, association, sole proprietorship, trust and/or estate, including without limitation the Company's predecessor companies, parent companies, subsidiary companies, joint venture partners, and/or affiliate companies, and each of their owners, members, managing members, divisions, employees, agents, officers, directors, representatives, consultants, affiliates, partners, servants, accountants, attorneys and/or any person or entity authorized to act on their behalf, including any person or entity who served in any such capacity at any time..

4.  "Person" means any and all natural persons or any business, legal or government entity/entities or association(s) including without limitation all individuals, sole proprietorships, associations, companies, partnerships, joint ventures, corporations, trusts, estates, municipal corporations, government agencies and any unit of government.

5.  "3M Company" means and refers to 3M Company and each of its divisions, employees, agents, officers, directors, representatives, consultants, affiliates, partners, servants, accountants, attorneys and/or anyone authorized to act on their behalf, including any person who served in any such capacity at any time.

1

6.  "Arizant Healthcare" means and refers to Arizant Healthcare Inc. and Arizant, Inc., and any employees, agents, officers, directors, representatives, consultants, affiliates, partners, servants, accountants, attorneys and/or any person or entity authorized to act on their behalf, including any person or entity who served in any such capacity at any time.

7.  "Defendants" means "3M Company" and/or "Arizant Healthcare" as defined in these Definitions.

8.  "Plaintiff" means every person who has filed a personal injury and/or any other lawsuit, administrative action or other action against 3M Company and/or Arizant Healthcare arising out of or relating to the Bair Hugger warming system, and includes but is not limited to any person or entity authorized to act on the Plaintiff's behalf, such as his/her/their attorney(s). A list of known Plaintiffs as of the date of this subpoena is attached hereto as Exhibit B. Your response should include, but not be limited to documents relating to any Plaintiff identified in Exhibit B.

9.  "Plaintiff's attorney" means any attorney and/or law firm who is representing or has previously represented any "Plaintiff" who has filed a personal injury and/or any other lawsuit or other action against 3M Company and/or Arizant Healthcare arising out of or relating to the Bair Hugger warming system. A list of Plaintiff's law firms who have filed personal injury actions against Defendants relating to the Bair Hugger warming system as of the date of this subpoena is attached hereto as Exhibit C. Your response should include, but not be limited to documents relating to Plaintiff's law firms identified in Exhibit C.

10. "Plaintiff's expert" means every expert who has been consulted and/or retained by any "Plaintiff" or "Plaintiff's attorney," (as defined in these Definitions) whether or not the expert has been disclosed and/or will testify at trial. A list of disclosed Plaintiff's experts as of the date of this subpoena is attached hereto as Exhibit D. Your response should include, but not be limited to documents relating to Plaintiff's experts identified in Exhibit D.

11. "Communication" means, and includes but is not limited to, "Correspondence" (as defined in these Definitions) and all direct or indirect transmissions of information by any means, written, oral or otherwise.

12. "Correspondence" means, and includes but is not limited to, all letters, notes, e-mails, blogs, text messages, Facebook messages, messages, social media posts, tweets, Twitter content, memoranda, press releases or other written, typewritten, printed or reproduced material.

13. "Document" as used in these Definitions means and includes, but is not limited to, all written, printed, typed, photostatic, photographed, recorded, telecopied, photocopied, electronic or graphic materials/matter of any kind, however produced or reproduced, whether sent, received or neither, and whether comprised of letters, words, numbers, pictures, sounds or symbols or any combination thereof. Without limiting the generality of the foregoing, the terms "Document" includes without limitation all copies and drafts of

2

any book, pamphlet, binder, periodical, study, article, letter, email, text message, blog, post, memorandum, telegram, telex, report, envelope, intraoffice or interoffice communication, corporate record, record, analysis, account, film, video, handwritten or other note, working paper, transcription, draft, account, ledger, chart, paper, survey, index, tape, disc, photograph, picture, computer printout, computer program and/or data file, microfilm, microfiche, correspondence, mailer, ledger card, business card, diary, calendar, address and/or telephone record, drawing, chart, press release, manuscript, manual, script and/or other data compilation. The term "other data compilation" includes information stored in, or accessible through, computer or other information retrieval systems, whether or not in hard copy form, together with instructions and all other materials necessary to use or interpret such data compilation. If more than one copy of any document exists, and if as a result of handwritten additions and notations, or for any other reason, the copies are not identical, each non-identical copy is a separate document and should be separately produced. "Document" includes all originals, copies, drafts, and both sides of any document(s).

14. "Related to" and "relating to" means directly or indirectly embodying, mentioning, describing, pertaining to, referring to, consisting of, "concerning" (as defined in these Requests), being connected with or reflecting upon a stated subject matter.

15. "Concerning" or "concern" means "related to," "relating to," (as defined in these Requests), containing, evidencing, regarding, referring to, pertaining to, connected with, commenting on, responding to, showing, describing, analyzing, reflecting, or constituting.

16. "Bair Hugger warming system" is used to refer to and means, as broadly as possible, whether in the singular or plural, all models of the 3M™ Bair Hugger™ patient warming system and any components and/or parts which may be used with those devices (including but not limited to temperature management units, heaters, filters, hoses, blowers and blankets) and any predecessor, successor, or final or non-final derivation of those devices.

17. "Consultant" means any person who has provided you advice and/or with whom you have conferred, discussed and/or communicated with concerning advice on any topic, whether informally or formally, and whether or not you retained the person.

18. "HotDog Patient Warming System" is used to refer to and means, as broadly as possible, whether in the singular or plural, all models of the HotDog® Patient Warming System and any components and/or parts which may be used with those devices (including but not limited to controllers, blankets, mattresses and accessories) and any predecessor, successor, or final or non-final derivation of those devices.

19. "Health Care Provider" means, and includes but is not limited to, any doctor, physician, physician's assistant, surgeon, nurse practitioner, nurse, any person providing rehabilitation services, chiropractor, audiologist, holistic or homeopathic healer, therapist, or other practitioner of the medical arts, as well as any person providing facilities for the delivery of such services.

20.     "Health Care Entity" means, and includes but is not limited to, any hospital, clinic, facility, or place at which a Health Care Provider (as defined in these Requests) provides any service.

21.     The "Bair Hugger warming system litigation" shall mean and include any lawsuit alleging personal injury that has been filed against 3M and/or Arizant Healthcare relating to the Bair Hugger warming system. See the list of Plaintiffs attached as Exhibit B. Your response should include, but not be limited to documents relating to Bair Hugger warming system litigation and Plaintiffs identified in Exhibit B.

22.     "And" means "and/or" and "or" means "and/or." The plural of any word used herein includes the singular and the singular includes the plural. The masculine gender of any word used here includes the feminine. The past tense of a verb used herein includes the present tense, and the present tense includes the past tense.

23.     "Belani K., et al. study" means and refers to the study described in Belani, K., et al. Patient warming excess heat: The effects on orthopedic operating room ventilation performance. *Anesth Analg.* 2013;117(2):406-11.

24.     "Albrecht et al. study" means and refers to the study described in Albrecht, M., et al. Forced-air warming blowers: An evaluation of filtration adequacy and airborne contamination emissions in the operating room. *Am J Infect Control* 2011;39:321-28.

25.     "McGovern et al. study" means and refers to the study described in McGovern, P., et al. Forced-air warming and ultra-clean ventilation do not mix. *J Bone and Joint Surg-Br.* 2011;93(11):1537-44.

26.     "Barnett et al. study" means and refers to any study or potential study regarding rates of deep joint infections from Ridgeview Medical Center in Waconia, MN.

# EXHIBIT B

## EXHIBIT B

**Plaintiffs who have filed cases in** *IN RE: Bair Hugger Forced Air Warming Products Liability Litigation,* **MDL No. 2666:**

Abbott, Karen

Abrams, Glenn for Estate of Patricia Abrams

Acosta, Jeffery and Virgis

Acosta, Shannon and Heriberto

Adair, William

Adams, Bryan & Kristina

Adams, Cacilie

Ailes, James R.

Aites, Glenn

Aldridge, Rickey

Alford, Brenda

Allan, Sam

Allen, Andrew

Altieri, Kelly

Anaya, Douglas

Anderson, Calvin

Anderson, Clarice

Anderson, Gerald and Wright Anderson, Sandra

Anderson, Jack

Anderson, Janice

Anderson, Samuel

Andras, Robert

Andrews, Nancy

Arcotta, Karen

Armstrong, Raymond and Gloria

Arnette, Kay

Arthur, Stephen

Asbury, Dianne and Milton

Atchetee, Evon and Linda

Atkinson, Jacqueline D.

Autry Jr., Leroy

Ayala, Oscar and Felisa

Ayotte, Robert

Bagdon, Bonnie

Bagwell, Richard

Bailey, Rosemary

Baker, Bruce

Baker, Jeffrey

Baldwin, Laurine and Gerald

Barbee Jr., George

Barbee, Nancy and Ronald

Barfield, Claudette

Barnes, Nora

Barnett, Shirley

Barrett, Wanda

Bartel, Rosemary

Bartholomew, Robert

Bartis, Edward R.

Bass, Nathaniel

Baswell, Michael

Batkins, Carl

Beadnell, Novella

Beasley, Melanie

Beck, George

Belcher, Jerry

Bellande, Louis E. and Bonnie L.

Bellerose, William and Susan

Bellman, Debra

Bell-Young, Elisea

Bender, Paul D.

Bennett, Carl W. and Anna L.

Bentley, Ronald A.

Benz, Robert E.

"Berry, Peggy

"

Bias, Henry

Bishop, Michael and Linda

Bizub, Margaret

Black, Kevin

Blacklock, Laura

Blackman, Larry and Teri

Blackwell, Margaret and Ronald

Blanchard, Kevin

Blanks, Elijah Jr.

Bloom, Stanley

Blowe, Maple

Blume, Gerald and Nell

Boehmer, Gail F. and Robert O.

Bolton, Larry

Bond, Dana

Bono, Augustus

Bookman, Calvin

Boos, Roger

Borroughs, Susan

Bortz, Donna

Boughton, Phillip and June

Bourque, David and Sheryl M.

Bovarnick, Edward

Bovell, Gola

Bowling, Belinda

Bowman, Lori and Joey

Boyd, Johnny

Brahnam, Marilyn

Braithwaite, Mark, for Estate of James Braithwaite

Branham, Francis

Brannon, Edward

"Bray, Arlene

"

Briffa, Gerald and Moul, Rebecca

Britt, Donald and Sharon

Brockington, Senia

Brookins, Sammie L. and Deloris T.

Brooks, James Edward, as Administrator of the Estate of Michael T. Leachman

Brooks, Victoria C.

Brown, Bonnie

Brown, Nathaniel and Shwanda

Brown, Wilbur

Brumback, Lois

Brunner, Elmer

Brunson, Lucille

Bryant, Sharon

Bryson, Jerry W.

Buckner, James and Ella

Buford, Pearlena

Bullington, David

Burkett, Loretta, an individual, and on behalf of the Estate of Kenneth Burkett

Burks, Nancy

Burleson, Willie

Burnett, Barbara

Burney, Glen D.

Burroughs, Charles and Susan

Burton, Kevin

Busby, Jeffery

Bush, Jerry and Berry

Bustamante, Robert

Buster, Valerie G.

Butler, Gail and Robert

Buttacavoli, Joanne

Butts, Linda

Byrd, Timothy J. and Sherry

Cagle, Sallie E.

Callahan, Steven

Campbell, Alice

Campbell, Anita

Campbell, William

Cantu, Donna

Canup, Lois

Cardiel, Marlo

Carmichael, Harley

Carmichael, Wilbert

Carruthers, James and Lanette

Carter, Eugene

Carter, Kimberlee

Carver, Virginia

Castagnaro, Anthony

Castro, Odilie

Cata, Samuel

Cato-Perry, Maurene

Caywood, Greg

Chaix, Judith

Chambers, Curtis and Alice

Charap, Richard

Chautin, Dianna

Chavers, Darryl

Chenoweth, Mark

Chervenak, Joseph

Childers, Ruth

Christ Jr., William

Christian, Charles

Ciappa, Peter and Tanya

Cirelli, Joseph A.

Clark, Ada

Clark, Betty

Clark, Patricia

Clemons, Daniel and Cynthia

Clontz, James and Aleta

Cloud, Mona

Coburn, Cindy

Cockrell, Geneva C.

Coleman, Diane

Coley, Arnold

Collins, Jeffrey

Collins, Kristina H.

Colon, Glenn

Colon, Wayne

Colson, Greg

Connell, Shelby

Conner, Mary

Contreras, Victor

Cooke, William H. Jr.

Cooley, Terry

Cottrill, Kimberly J.

Couce, Jesus

Cowall, Frank

Cowsen, Lucille

Cox, Herbert W.

Crady, Patricia

Crawford, Tracy

Crawley, Walter

Critari, Donald

Crochet, Bernard, J.

Cunningham, Natasha

Currey, Judy

D'Alessandro, Paulette and Joseph

Dalhover, Steve

Dalton, Judith

Dandrea, Mario and Sarah

Daniel, Priya

Daniels, Erline

Daniels, Jr., Hartwell

Davidson, Debra S.

Davis, Charles W.

Davis, Cheryl

Davis, Deborah

Davis, Frank & Vanda

Davis, Gerold

Davis, Leonard

Davis, Lolethia

Davis, Patricia

Davis, Ruby

Davis, Shirrel

Davis, Terrell

Deal, Bobbie Jean and Joe Noel

Deardurff, Annette and Stephen

DeBlassio, Christopher

Delago, Luciano

DeLeon, Lino and Diana

Deller, Michael T.

Denman, Marsha

DePriest, Leroy

Desimone, Sandra

Dethlefson Jr., John

Devers, Judy

Devor, David

Dew, Linney II

Dewys, John and Sandra

Dickens, Jerry

Dielentheis, Sue

Dinkins, Alice

Dixon, Ethel J.

Dominguez, George and Georgiana

Donaho, Donald

Donaldson, Glenna

Donau, Carla

Donley, Donald

Dorsey, Shalanda H.

Doty, James E.

Dove, Edward

Drake, Armelia

Driessen, Adrianus

Drumright, Loretta

Duck, Sarah

Ducote, Maxine

Dudley, Audrey

Dukes, Carlo

Dumesic, Keith

Duncan, William and Debbie

Dunn, Mary C.

Duquette, Edward

Duval, Karlene

Duvernay, Peter

Dylla, Gary and Patricia

Dyson, Carl

Eaton, Edward

Edwards, Bernard

Edwards, Donna

Eiselt, Kathleen

Elder, Howard Joseph Jr.

Elliott, Stephen and Judith

Eney, Robin and Michael

Enskat, Kim

Epps, Sharon D.

Esquibel, Frederick

Estrada, Robert L.

Evans, Deborah

Farias, Janie R.

Fergeson, Leonard

Ferguson, John

Ferrante, Barbara

Fields, James

Fields, Penny

Finch, Eric

Fine, Philip

Fisher, Carey A.

Fisher, Catherine

Flannagin, Rose M.

Fling, Richard and Santangelo, Mary

Florence, Raymond

Flowers, Chanelle and Hardison, Ricky

Fontenot, Winward J. and Mary

Foriska, Emil G. and Lynn L.

Forney, Martin

Forster, Peter and Colleen

Forsythe, John

Foster, Bruce and Nancy

Fountain, Janice

Foxx, Sherry

Foxx, Yvonne

Fraley, Wilma

Frame, Terry E.

Francis, Charles Burt as Executor of the Estate of Janet Francis

Franks II, Charles

Free, Diane

Funaro, Michael and Patricia

Furgason, Gary

Gaboni, Sr., David

Gallegos, Robert

Gallegos, Suzanne

Garcia, Kecia and Gilbert

Garner, Stephen D. and Luanne

Garofolo, Laurel

Garraux, Jared H.

Garro, Linda

Gates, Daniel

Geer, Bonnie

Geer, Christopher & Jacqueline

George, Anna

Giangola, Robert

Gifford, John

Giles, Steven L. and Pamela J.

Gillespie, Thomas

Gilmor, Michael

Gilmore, Joy

Glass, Melanie Joy, Individually and as Administrator of the Estate of Shirley Smith, Deceased

Glover, Tira, individually and on behalf of Broussard, Iona

Glowacki, Janet

Goble, Charlene, Individually and on behalf of Charlie Groce

Godby, John

Goerlich, Carolyn

Goldberg, Brad J.

Goldfon, Ronald and Nancy

Gomez, Michael

Goodson, Loretta

Goosby, Sheryl

Gorham, Michael

Grabski, Dennis

Graham, Larry and Johnnie

Grandison, Pamela

Gray, Angela

Gray, Richard F.

Green, Irma

Green, Jeffrey and Sandra

Gribben, Allan R. and Helen B.

Griego, Manuel

Griffith, Daisy

Griffith, Robert

Grigsby, Lois A. and Bill

Grimmett, Joseph

Grubbs, Pauletta and Ray

Grudzinski, Maurice L.

Grushesky, Constance

Guinter, Anita

Gunn, Carolyn A. and William

Guy, Thomas

Hadden, William

Hager, Barbara

Haines, Gregory and Valerie

Haining, Shelly

Hakel, Robert J.

Halicek, George

Hall, Charles

Hall, Claudia and Walter

Hall, Julius and Dee

Hall, Kerrey

Hall, Stephen

Hamby, Janice A.

Hamel, Kim

Hamilton, Rebecca

Hardin, Annie F. & William C

Harding, Thomas

Hardison, James

Hardy, Shirley

Harkleroad, David, Individually and on Behalf of the Estate of Sandra Harkleroad

Harmon, Joann

Harper Hill, Donna

Harper, Melvin

Harper, Ruth

Harrell, Trey

Harris, Winston

Hart, Patrick

Hartzel, Rex

Harvey, Jeffrey

Harvey, Robert

Harvey, Wilburta

Hatch, Richard

Haycraft, Kay

Hayden, Bradley

Heath, Lawrence

Hebert, Paul

Heffernan, James D.

Heil, Betty

Hein, Janet R.

Heinsen, Leon

Heiser, Brian and June

Hellard, Richard

Helmer, Chester F.

Helmick, Aaron F.

Helton, William J. and Rita

Hendee, Michael

Henke, Leo and Sandra

Henkel, Henry

Herman, John F.

Hernandez, Francisco E.

Hettich, Richard

Hewitt, Susan

Hibbs, Mary

Hicks, Cora

Hicks, James

Higginson, Betty

Hillman, Elizabeth J.

Hittson, Deborah and Ronnie Earl

Hodges, Evelyn

Hoesley, John

Hogue, Christopher

Holden, Timothy and Pamela

Holder, Latrice

Hollins, Peter

Hollman, Theresa

Holznagel, Jeffrey and Joyce

Hood, James

Hood, Terry and Dana

Hoodless Jr., John

Hougen, Tracey

Houston, Sandra  (Mickey Seigfried included in same complaint)

Hovey, Verl

Howard, Judith

Howard, Mattie and James

Howell, Tamela

Hrbek, David and Loretta

Hudgins, Marcella

Humphrey, Jeffeory & Judy

Hunter, Ruth

Hurd, Mark E.

Hursey, David

Hurst, Vivian and Barry

Hutchinson, Drena

Hylander, Loretta and Royce

Ibsen, Stacy

Ile, Kathleeen

Irby, Gloria

Irons, Dorothy

Irving, Michele

Isom, Edward A.

Iverson, Fred

Izor, Tammy T., as Administrator of the Estate of Stephen Izor

Jachowski, Ronald and Sally

Jackson, Andrew

Jackson, Carol

Jacobs, Cheryl

James, Lorraine

Jarvis-Neuhaus, Consuela

Jeffers, Ronald

Jenkins, Vincent

Jensen, Danny J.

Jindrich, James

Johnson, Carol

Johnson, Debby

Johnson, Hannah

Johnson, James P.

Johnson, Jeanne

Johnson, Jennings M. and Stephanie H.

Johnson, John E. and Betty

Johnson, Kenneth

Johnson, Mark

Johnson, Nora

Johnson, Timothy

Johnson, William

Jones, Tammy

Jones, Thomasine

Jones, Timothy

Jones, Travis

Jordon, Leslie and Kurtz, Margaret

Kaelin, Donald

Kaelin, Norma

Kahl, Wanda

Kamke, Julie

Kampf, Murray and Carol

Karczewski, Wayne

Karres, James

Keahey, Raymond and Rhonda

Keeth, Diane

Keith, James

Kellie, Jacquelyn

Kelsoe, Ronnie L.

Kent, Michael

Kenvin, Amanda, Individually and as Personal Representative of the Estate of Wilma R. Grady

Kiar, Wesley

Killensworth, Betty

King, Tonya and Edgar

King, Walter H. Jr.

Kitchens, Selena

Klosinsky, Dawn

Knuteson, Jeffrey

Kogut, Raymond R.

Kohout, Richard

Kohrer, John

Koonce, Billy Sr.

Koontz, Roland

Koster, Barbara

Kostera, Mary

Kriner, Floyd

Kuhns, Dolores O. & Richard I. III

Kunath, James C.

Laden, Michelle

Lake, Murray

Lake, Steven John and Bambi Jeanne

Lambdin, James

Lambert, Margie D. and Charles A.

Lance, Viola

Landers, Shirley

Lane, Margaret

Lantz, Wanda

Lappi, Frank

Lasater, Timothy and Jeanne

Laveron, Barbara

Lawson, Rose

Lay, Maynard

Leatherman, Steven H.

Leblanc, John A.

Lee, Edmond

Lee, James

Lee, Ralph and Emily

Lee, Richard

Leech, Kenneth

LeMaire, Rick, Sr.

Lenard, Samuel

Lentini, William E.

Lentz, Margaret

Leroux, Larry

Lesch, Patricia and Harald

Lewis, Oscar

Lewis, Raymond and Tonjia

Lewis, Robert

Lewis-Mosqueda, Mary

Libby, Barbara

Libron, Janith P.

Lichlyter, William

Linscott, Cledia

Little, Veronica

Littrell, Larry

Livingston, Debra

Lockhart Love, Willie

Logan, Michelle

Loman, Lindell

London, Johnny, Individually and on behalf of Aaron London, Deceased

Lorditch, George

Louvier, Christie

Lowe, Carol

Lown-Peters, Jacline

Lowry, Matthew Scott

Lucas, George

Lukenbach, Robin

Lupo, Kenneth

Luttrall, Jeanne C.

Lynn Jr., Sheridan

Mabone, Argentras

Maccarrone, Ralph

Madden, Curtis

Mady, Keith, statutory representative for and on behalf of the statutory beneficiaries of dededent Walter Mady

Magee, Althea

Mahan, Kevan C.

Mahfouz, Joseph

Mahone, Allen III

Mahoney, Francis and Laurie

Mains, Kenneth

Malady, Alice

Malloy, Conrad

Malone, Carolyn

Mani, Providence

Mann, Emma

Manning, Billie and Shirley

Manzi, Robert and Karen

Marlowe, Steven

Marousek, Gary

Marriott, James E.

Marsilio, Joseph

Martin, Cynthia

Martin, David and Darlene

Martin, Timothy

Martinez, Robert

Mathey, Dean

Matijevic, Maria

Matlock, Sandra

Mattel, Georgette

Matthews, Bonnie and John T.

Mattson, Bertha

Maxfield, Rickey

Mayes, Sara

Mayne, Judy

Maynes, Frank

Mayo, Georgina

McCain-Champagne, Tammy

McCambridge, Dave

McCann, Steven

McClure, Wanda

McCormick, William

McDougald, Tony

McGill, Linda

McGlothlin, Debbie and David

McGuire, John and DeLong, Beverly

McKenney, Patsy

McKevitt, William and Tatigian, Linda K.

McLane, Cheryl

McLaughlin, Beverly

McMillan, Mollie

McMullen, Robert

McReynolds, Rebecca L.

Meade, Claude and Roberta

Medley, Belinda

Mercurio, Joseph and Engermann, Rise

Messner-Katzer, Tamara

Meyer, Jill

Milam, Jeffie

Miller, Bruce

Miller, Carol

Miller, Edeltraud, Individually and as Personal Representative of the Estate of Karl Miller, Deceased

Miller, Ladonna K., as Independent Executor of the Estate of Paul Miller, Jr.

Miller, Lelea

Miller, Sharon

Miller, Thomas and Janet

Milton, Bonnie

Minghetti, Claudette

Miniard, Debra

Mitchell, Robert

Mitchell, Warren

Moak, Mary

Moment, Keran M.

Monsour, Joseph and Patricia

Montanye, Wayne Sr.

Monyek, Arlyne

Mooney, Michael T. Darlene R.

Moore, Buford

Moore, Curtis K. Jr. and Christal

Moore, Dennis

Moore, Eula F.

Morgan, Claude D. and Deborah

Morgan, Larry and Marie Elaine

Morgan, Tyrone and Taurus

Morgan, Wayne

Moriarty, Bryan

Morris, Gregory

Morris, Nicholas J.

Morris, Robert B. and Sheryl Ann

Morrison, Roberta Marlene

Morse, Nancy

Moses, Anieta A.

Moses, Freddie & Arthur

Mouri, Gary D.

Mueller, Gary

Mullins, Steven

Murphy, Vincent and Janet

Myers, Jennifer

Nadeau, Lise

Naylor, Brenda

Nelson, Donald Jr.

Nelson, Gary

Nelson, Robert

Neofes, John

New, Mary E.

Newcomb, Jerline

Newlun, Phyllis

Noe, Gary

Norman, David

Norris, Carol and Ken

Norris, LaNathan

Northcutt, Carol and Robert

Norton, Danny

Norton, Raymond

Norton, Timothy S.

Nottingham, Gerald

Novak, Daniel

Obregon, Judith

Offord, Teresa and Richard

O'Grady, John E. Jr.

Ojielo, Tressie M.

Olds, Eddie

Olson, Thomas E.

Opperman, Margaret

Orias, Deborah

Orrson, Thomas

Orsini, John and Jo-Ellen

Osterman, Clifford

Oswald, Steven

Overko, Maureen

Overton, Jerry and Maria

Pack, Holly

Parker, John P.

Parker, Ronnie

Parks, Estil

Parman, Margaret

Partlow, Pearlie

Pashano, Jesse

Pastor, Leslie

Payton, Jimmy

Pazienza-Castaldo, Lucille and Castaldo, Patrick

Pease, Allen

Pechon, Louis Jr.

Perkins, Bonnie Fay

Perry, Bobby and Candice

Perry, Gloria

Perry, Lola

Person, Junior & Joann

Peterson, Eric and Irene

Peterson, Melvin

Petitta, John

Pettersen, Raymond

Petty, Beatrice C.

Petty, Ronald

Peyton, Lee Edward

Phaunef, Amanda L. and Adam A.

Phillips, Cindy and Charles

Phillips, Lawanda

Phillips, Phyllis

Phillips, Robert S.

Phillips, Susan

Pickard, Patricia A.

Pierce, Patrick

Pilgrim, James, S.

Pillsbury, Richard and Chyrl

Piscoya, Robert and Ruth

Pitman, Timothy

Plumley, Spencer

Porter, Hubert

Prater, Leonett Brown and Eric

Prevo, Marcella

Priest, Mary

Prince, Sharon

Prince, William

Printup, Carmen

Profit, Major

Pugh, Debra

Pyles, Richard

Quarto, Debra

Quinlan, Gerald

Quinones, John

Racine, Leslie J.

Raines, Pamela

Ramagos, James

Randall, Mary E.

Rape, Addie

Read, Edward R. and Casey

Redford, Melissa

Reding, Thomas

Redman, Dennis

Rednour, Easter

Reed, Tawas

Reese, Patricia

Reft, Travis

Remice, James

Renicker, Betty

Rhodes, Wanda

Rhoton, James

Rhymes, Gary

Rich, Jimmy Lee and Lori

Rich, Pennie

Richardson, Susuanna

Ricker, Russell and Victoria Lynn Flynt

Riggan, Ronald and Carol

Riley, Kathleen

Rinehart, Edward and Kari

Rivera, Juan D.

Rivers, Minnie

Robbins, Jennie

Robertson, Cynthia

Robertson, Justine

Robertson, Wanda

Robinson, Anne

Robinson, Frankie

"Robinson, Ival, Trustee for the Heirs of

Linda Robinson, Deceased"

Robinson, Max

Rochelle, Lorraine

Rodriguez, Albert, individually and as Interim Trustee for the Estate of Anna Rodriguez

Rodriguez, Frances

Rodriguez, Linda and Artemio

Roe, Jacquelyn

Rojas, Margaret

Rolison, Carolyn

Rollins, James E.

Roman III, Ramon

Rome, Patricia

Romero, Veronica

Rosten, Peter

Roth, Naomi

Ruff, Henry and Polly S.

Ruffin, Vernie

Rumery, Dean

Rupard, Patsy

Russell, Gilbert

Russell, Robert and Beverly

Ryan, Marilyn

Rygaard Jr., Martin and Carol

Salinas, Antonio

Saltel, David

Sanders, Bonnie

Sanders, Ruby

Sandoval, Albert

Sargent, Larry

Schackmann, Renny

Scheibe, William

Schenkel, Mary Jo

Schier, Guenter

Schlueter, Jill and Robert

Schmidt, Barbara

Schutte, Rebecca A.

Schwartz, Bruce and Ilene

Schweim, Marvin & Mary

Scibisz, Deborah

Scott, James

Scott, Robin

Scribling, Jeff

Scruggs, Jimmy

Sehnert, Scott

Seidl, Cynthia

Seigfried, Mickey (Sandra Houston included in same complaint)

Seitter, Calvin

Sharman, Steven and Ella

Sheheen, Debra S.

Shelton, Britt

Shelton, Jennie

Shorter, William

Showers, John

Siddens, Richard L.

Sidney-Ross, Cozet

Silva, David

Simpson, Douglas

Simpson, Wilma

Singleton, Virginia

Singsaas, Ronnie and Margaret

Siteman, Robert

Skaar, Kurtis & Debbie

Smith, Curtis

Smith, Denita

Smith, Donald

Smith, Jack R.

Smith, James E.

Smith, Richard

Smith, Tommy

Snider, Janice

Snow, Sharon C.

Soens, Donald

Solak, Maryanne

Sollers, Jerrold

Sorrels, Mary Lou and Earl L. III

Sowell, Jeffrey B.

Sparrow, Duane and Trudy

Spiker, Peggy

Spillman, Harold

Squires, Elizabeth

Stanley, Kathy

Stanley, Marcie Jean and Terry

Starnes, Phyllis

Statkus, Candy and Larry

Stephan, Thomas

Stephenson, Elizabeth A. and Ronald L.

Stephenson, Kim

Stevens, Gary

Stevens, Paula

Stewart, Albert and Lorne

Stewart, Jasmine

Stinemates, Robert

Stinson, James

Stinson, Mary L.

Stitt, Steven

Stockard, Linda

Stone, James

Storckman, Lee

Story, Hershell

Stradley, Gregory

Strike, Harry

Stubstad, Michelle

Stutz, Carl Sr.

Sullivan, Bonnie and Keith A. Sr.

Sullivan, Deborah

Sullivan, Faith

Surface, Andrea L.

Surgeon, Ronald

Sutter, Francis

Suveg, Cheryl

Sweet, Victor and Barbara

Swiecicki, Bruce

Talbert, Cletus

Tate, Evelyn

Taylor, Brian and Dana

Taylor, Cindy

Taylor, Larry

Taylor, Patricia and Donald

Taylor, Richard

Taylor, Timothy A.

Tedesco, William and Maria

Tehauno, Garon

Templet, Roy

Templeton, Betty

Templeton, Jack

Tennison, Loyce

Terry, Gary

Thames, Gregory

Thayer, Judith

Thomas, Bobby

Thomas, Bryan

Thomas, Charles

Thomas, Darryle

Thomas, Marlene

Thomas, Randall

Thomas-Smith, Vivian

Thomasson, Janice

Thompson, James

Thompson, Mary

Thornburg, Logan M.

Thurman, Carolyn

Tinker, Bobbie

Toczek, Denise

Toler, Luna

Torok, Terry R.

Torres, Ronald and Carolyn

Trainer, Paul I.

Trice, Roma

Trujillo, Ramona

Tucker, Everlene

Tunnell, Mary

Turk, Robin

Turner, Dawn

Turner, Doyal

Ulmer, Mark, et al.

Upton, Patrick

Van Wart, Louis and Marjory

Vann, Sandra

Vasaturo, Margaret

Velazquez, Deborah

Vernal, Larraine S.

Vinson, Melvin

Waddell, Leonard Ralph

Wagner, Carla J.

Wainner, George Elic

Walker, Gennel

Walker, Kevin

Walker, Paul M.

Wallace, Joe

Walters, Betty

Walton, Tommy

Ward, Charles

Ward, Kimberly

Warman, David and Judith

Warner, Donnie R.

Warner, Lois

Warner, Su B.

Washam, Patricia

Waters, Jacquline

Watson Sr., Rex

Watson, Deborah L.

Weatherholtz, Anna

Weimer, Margaret

Weimer, Rose

Weinhold, Michelle and James

Weiss, Judith

Welch, Judith

West, Kathleen

West, Sammie

Westenhofer, Robert

Westmoreland, Roxanne

Whatman, Barbara L. and Lawrence

Wheeler, Heather

Whiddon, Mary

White, Alma

White, Lisa

White, Rodney

White, Roxsann

White, Sharon

Whiting, Carla

Whitley, Michael

Whitlock, Robert

Whitlow, Jerry B.

Wiech, James E.

Wilburn, Steven A.

Wilcox, James

Wilder, Carrie and Roger

Williams, Beatrice

Williams, Evelyn

Williams, Michael

Williams, Raymond

Williams, Rosie and Mickey

Williams, Samuel W. Jr.

Wilson, Lisa A.

Wilson, Thomas P. and Darlene S.

Winebrenner, Larry

Wingler, Tam L.

Wingrove, Theodore

Winter, Nancy

Wireman, Bonnie and Clayton

Wohl, Mary Kate

Wolfe, Patsy

Wood, Daniel

Woodyear, Mary A., Individually and Olivia W. Elliot and Maria W. Bowen, Individually, and as Executrixes of the Succession of Edgar C. Woodyear, Jr.

Works, Twilla

Wright, Andrew

Wright, Larry

Wyant, Michael

Yender, Sheila

Young, Craig

Young, Larry

Youngerman, Mettie and Bartlett, Linda

Zahn, Janet

Zaledonis, Ronald

Zambriski, Susan

Zeigler, Glynn Jr.

Zenner, Allen

Zimmer, Ben

Zivanovich, Eric

Zurawski, Richard

*Plaintiffs who have filed cases in the District Court of Minnesota for Ramsey County:*

Ayotte, Robert          62-cv-15-7356

Baker, Jeffrey          62-cv-15-5982

Barbee, Jr., George     62-cv-16-304

Blacklock, Laura        62-cv-16-1446

Brown, Wilbur           62-cv-16-172

Brunson, Lucille        62-cv-16-174

Castagnaro, Anthony 62-cv-15-6796

Caywood, Greg           62-cv-16-1448

Christian, Charles      62-cv-15-7671

Crady, Patricia         62-cv-15-7304

Denman, Marsha           62-cv-15-6486

Duquette, Edward        62-cv-15-7364

Duvernay, Peter         62-cv-15-7363

Enskat, Kim             62-cv-15-7362

Gaboni, Sr., David      62-cv-15-6265

Gallegos, Robert        62-cv-15-6312

Hettich, Richard        62-cv-16-274

Johnson, Nora           62-cv-16-177

Jones, Thomasine        62-cv-15-7670

Keith, James            62-cv-16-293

Lewis, Oscar            62-cv-16-180

Olson, Thomas E.        62-cv-16-161

Pitman, Timothy         62-cv-15-7127

Racine, Leslie          62-cv-16-4289

Reding, Thomas          62-cv-15-6848

Roman III, Ramon        62-cv-16-182

Rome, Patricia          62-cv-16-547

Schweim, Marvin and Mary   62-cv-16-3236

Sehnert, Scott          62-cv-15-4748

Shelton, Jennie         62-cv-16-1452

Singsaas, Ronnie and Margaret  62-cv-16-3555

Smith, Curtis           62-cv-16-308

Stevens, Paula          62-cv-16-2181

Stockard, Linda         62-cv-16-277

Story, Hershell         62-cv-15-5906

Tennison, Loyce         62-cv-16-283

Thames, Gregory         62-cv-16-309

Thomas-Smith, Vivian    62-cv-16-67

Tunnell, Mary           62-cv-16-1696

Turner, Dawn            62-cv-15-6267

Walker, Kevin           62-cv-16-1777

Watson Sr., Rex         62-cv-16-284

White, Lisa             62-cv-16-4812

Wiech, James            62-cv-15-6935

Wohl, Mary Kate        62-cv-15-6477

*Plaintiffs who have filed cased in various states:*

Acosta, Shannon and Heriberto (Missoula County, Montana, Case No.: DV-16-769)

Jennings, Hollis (St. Louis Circuit Court, Missouri, Case No.: 1622-CC11444)

Lawson, Rose (Montgomery County, Texas, Case No.: 15-10-10631)

Petitta, John (Hidalgo County, Texas, Case No.: C-5130-16-A)

Rodriguez, Linda and Artemio (Lake County, Illinois, Case No.:15-L-930)

# EXHIBIT C

## EXHIBIT C

*Plaintiff's Law Firms:*

Andrews & Thornton
Attorney Brian White & Associates, P.C.
Bachus & Schanker, LLC
Beasley, Allen, Crow, Methvin, Portis & Miles, P.C.
Bernstein Liebhard LLP
Brent Coon and Associates
Brian Keith Jackson
Brown & Crouppen, P.C.
Capretz & Associates
Carlson Lynch Sweet & Kilpela, LLP
Carr & Carr Attorneys
Childers, Schlueter & Smith, LLC
Coburn & Greenbaum, PLLC
Ciresi Conlin L.L.P.
Davis & Crump, P.C.
DeGaris Law Group, LLC
DeSanto Morgan & Taylor
Dewsnup, King & Olsen
English, Lucas, Priest & Owsley, LLP
Farr, Farr, Emerich, Hackett, Carr & Holmes, P.A.
Farrar & Ball, LLP
Goldenberglaw, PLLC
Goldenberg Heller Antognoli & Rowland, P.C.
Goza & Honnold, LLC
Grey and White Law Firm
Grossman & Moore
Grynkewich Law Offices
Gustafson Gluek PLLC
Hamilton Law Firm P.C.
Hare, Wynn, Newell & Newton, LLP
Hausfeld, LLP
Hollis Legal Solutions, PLLC
Holton Law Firm, PLLC
Hopkins Law Firm
Houssiere, Durant & Houssiere, LLP
Hurley McKenna & Mertz
John J. Hopkins & Associates, P.C.
Johnson Becker, PLLC
Johnson Johnson & Schaller PC
Jones Ward PLC
Kelley Bernheim Dolinsky, LLC
Kennedy Hodges, LLP

Kershaw, Cook & Talley, PC
Kirtland & Packard LLP
KP Law, LLC
Lamothe Law Firm, LLC
Langdon & Emison
Law Offices of James S. Rogers
Law Offices of Peter G. Angelos, P.C.
Law Offices of Richard Serpe, P.C.
Law offices of S. Samuel Griffin
Law Offices of Todd N. Hendrickson
Law Offices of Tony Seaton, PLLC
Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, P.A.
Lewis & Caplan
Lockridge Grindal Nauen PLLP
Loncar & Associates
Lord & Associates Law Office
Martzell Bickford & Centola
McEwen Law Firm LTD.
McGartland Law Firm, PLLC
McSweeney/Langevin LLC
Meshbesher & Spence, Ltd.
Michael Hingle & Associates
Morgan & Morgan
Murray Law Firm
Neal Elliott, Jr.
Oliver Law Group P.C.
O'Mara Law Group
Paglialunga & Harris PS
Parker Waichman LLP
Paul Byrd Law Firm, PLLC
Pendley, Baudin & Coffin, LLP
Peterson & Associates, P.A.
Piscitelli Law Firm
Pittman Dutton & Hellums PC
Pogust, Braslow & Millrood, LLC
Pritzerk Olsen, PA
Raizner Slania LLP
Randall J. Trost, P.C.
Richardson, Patrick, Westbrook & Brickman, LLC
Rieders, Travis, Humphrey Waters & Dohrmann
Riley & Jackson
Robert Wright
Rossbach Law, P.C.
Schlichter, Bogard & Denton, LLP
Sexton & Shelor
Schneider, Schneider & Schneider

Shelton Law Group
Showard Law Firm, P.C.
Sidney P. Cominsky, LLC
Skikos Crawford Skikos & Joseph
Summit Law, LLP
Tate Law Group, LLC
The Chiozza Law Firm
Thering & Associates, PLLC
The Lanier Law Firm, PLLC
The Law Offices of Brian Timothy Meyers
The Law Offices of Travis R. Walker, P.A.
The Miller Firm, LLC
The Olinde Firm LLC
The Ruth Law Team
The Whitehead Law Firm, LLC
Torhoerman Law, LLC
Tully Law Firm
Verhine & Verhine
Whitfield Bryson & Mason LLP
Zimmerman Reed, LLP

# EXHIBIT D

## EXHIBIT D

*Plaintiffs' Experts:*

David Covall, M.D.
UMBRA Global, LLC,
Global Solutions for Life & Health Sciences
13010 Morris Road
Alpharetta, GA 30004

William Jarvis, M.D.
Jason and Jarvis Associates
135 Dune Lane
Hilton Head Island, SC 29928

Scott Reynolds, P.E.
Scott Reynolds, BSEE,
Rensselaer Polytechnic Institute
110 8th St.
Troy, NY 12180

Yadin David, Ed. D., P.E., C.C.E., F.A.I.M.B.E., F.A.C.C.E.
Biomedical Engineering Consultants, L.L.C.
1111 Hermann Drive, Suite 12B
Houston, TX 77004

Kenneth R. Diller, Sc. D., P.E.
Diller Engineering Consulting, LLC
1092 FM 3000
Elgin, TX 78621

Paul Jeffrey Edelson, MD
Medical Officer
Centers for Disease Control and Prevention
Division of Global Migration and Quarantine
USPHS Quarantine Section
JFK International Airport
Terminal 4, Room 219.016
Jamaica, NY 11430

Michael D. Freeman, M.D., Ph.D, M.P.H., D.C.
425 NW 10th Avenue, Suite 306
Portland, OR 97209

David W. Hodges
Kennedy Hodges LLP
711 W. Alabama St.
Houston, TX 77006

Galvin B. Kennedy
Kennedy Hodges LLP
711 W. Alabama St.
Houston, TX 77006

Franklin B. Segal, M.D.
Surgical Specialists, ASC
3882 Paradise Bay Drive
Gulf Breeze, FL 32563

Scott Augustine, M.D.

# EXHIBIT E

## Agreement Governing Promissory Notes

The undersigned is an addendum to the promissory notes dated September 27, 2007 and August 10, 2010, between Mark Albrecht ("Mr. Albrecht") and Augustine Biomedical and Design LLC, ("ABD").

1. Mr. Albrecht has completed the schooling paid for by both contracts in question and said schooling has been fully paid for by ABD.

2. Mr. Albrecht has essentially fulfilled the requirement of maintaining his employment with ABD for the required two years of the first contract (albeit half time while he was in school). Therefore the first contract may be considered to have been paid back in full.

3. Mr. Albrecht has not fulfilled any of the employment requirements in order to earn-out the second contract. Therefore Mr. Albrecht owes $21,211 to ABD for the cost of his masters degree program.

4. Mr. Albrecht wishes to resign from his employment at ABD effective immediately.

5. In lieu of repayment as per the contract, Mr. Albrecht agrees to earn-out the $21,211 owed to ABD by completing the successful publication of all of the following research projects in a timely fashion:

   a.) The article by Belani et al currently being reviewed by *Anesthesia and Analgesia*.

   b.) The article by Reed et al currently being reviewed by the *AANA Journal*.

   c.) The article by Barnett et al that reports the deep joint infection data from Ridgeview Hospital in Waconia, MN. The data needs to be compiled and analyzed, the paper written and submitted and then shepherded through the peer review process to publication.

6. Should Mr. Albrecht choose to stop this work before the studies noted above (a-c) are published in the identified journals or other mutually acceptable, peer reviewed medical journals, Mr. Albrecht agrees to pay ABD the entire $21,211 currently owed within 60 days of determining to stop his work on the studies.

Mark Albrecht

Scott Augustine MD for ABD

3/1/12
Date

3/1/12
Date