# Exhibit D



**Kelly C. Dohm, Esq.**

Direct Dial:
(952) 442-7724

Email Address:
kdohm@mhslaw.com

MELCHERT • HUBERT • SJODIN
*A Professional Limited Liability Partnership*
ATTORNEYS AT LAW

121 West Main Street, Suite 200
Waconia, Minnesota 55387
Telephone (952) 442-7700
Facsimile (952) 442-6166

*Branch Offices*
Chaska, Minnesota
Hutchinson, Minnesota

www.mhslaw.com

February 17, 2017

Benjamin W. Hulse
Micah M. Hines
Blackwell Burke P.A.
431 South Seventh Street, Suite 2500
Minneapolis, MN 55415

Re:  In Re: Bair hugger Forced Air Warming Devices Products liability litigation
     MDL No. 15-2666(JNE/FLN)

Dear Mr. Hulse and Ms. Hines:

Subject to Pretrial Order No. 7, enclosed and served upon you please find Ridgeview Medical Center's Responses to Subpoena Requests Nos. 1-43, a disk containing Document Responses RMC000001-RMC000902, and an invoice for Ridgeview Medical Center's time spent retrieving the response documents enclosed.

Please note that the following bate stamped documents have been intentionally omitted from production based on non-responsiveness:

- RMS000357 - RMS000366;
- RMS000373 - RMS000386;
- RMS000391 - RMS000402;
- RMS000419 - RMS000422;
- RMS000460 - RMS000492;
- RMS000495;
- RMS000502 - RMS000507;
- RMS000526 - RMS000533;
- RMS000536 - RMS000544;
- RMS000570 - RMS000603;
- RMS000641 - RMS000642;
- RMS000692 - RMS000823; and
- RMS000826 - RMS000832.

MELCHERT • HUBERT • SJODIN, PLLP

Benjamin W. Hulse
Micah M. Hines
February 17, 2017
Page 2

Thank you.

Very truly yours,

*Kelly C. Dohm*

Kelly C. Dohm

KCD/lmm
Enclosures

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: BAIR HUGGER FORCED AIR WARMING DEVICES PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to All Actions | MDL No. 15-2666(JNE/FLN)<br><br>RIDGEVIEW MEDICAL CENTER'S RESPONSES TO SUBPOENA REQUESTS |

TO: 3M COMPANY AND ARIZANT HEALTHCARE, INC. AND THEIR ATTORNEYS BENJAMIN W. HULSE AND MICAH M. HINES BLACKWELL BURKE P.A, 431 SOUTH SEVENTH STREET, SUITE 2500, MINNEAPOLIS, MN 55415.

Ridgeview Medical Center ("RMC") makes the following Responses to Defendants' Subpoena dated December 14, 2016 pursuant to Rule 45 of the Federal Rules of Civil Procedure and subject to the Pretrial Order No. 7. RMC agrees to produce responsive documents based upon its understanding that its production of documents are protected under Pretrial Order No. 7. To the extent that the responsive documents are not protected under Pretrial Order No. 7, RMC requires that all responsive documents labeled as Confidential under Pretrial Order No. 7 be immediately returned to it.

## GENERAL OBJECTIONS

1) RMC objects to Defendants' Subpoenaed Document Requests to the extent that any of them calls for responsive information that is protected by the attorney-client privilege, work product doctrine or other privileges. RMC has construed these discovery requests as not seeking information regarding communications between RMC and its attorney relating to any such matters, or any work product documents generated in anticipation of those matters.

2) RMC objects to Defendants' Document Requests to the extent that they call for the disclosure of confidential and proprietary information and trade secrets. Any such information is being provided subject to only the stipulated and agreed upon and/or court ordered confidentiality stipulation and protective order in this matter, Pretrial Order No. 7, and the production of such information is not intended to waive any claim of confidentiality of such information. RMC also objects to Defendants' Document Requests to the extent that they seek disclosure of information that would violate the privacy rights of others, confidentiality agreements between RMC and others, the confidentiality of settlement discussions or agreements with others, or court orders restricting the disclosure of confidential information, trade secrets or proprietary information. RMC has construed these requests to not seek information which is Protected Health Information ("PHI") and has redacted or omitted from its production any PHI based upon its communications with the Defendants and based upon the protections afforded to RMC's patients under both federal and state law.

3) RMC objects to Defendants' Document Requests as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent that they seek information beyond the scope of discovery permitted under the Federal Rules of Civil Procedure.

4) RMC's search for information and documentation in connection with Defendants' Document Requests was conducted with the necessary degree of diligence to locate responsive information and documents. Nevertheless, RMC reserves the right to

revise, correct, add to, supplement, or clarify any of their responses to Defendants' Document Requests pursuant to the Federal Rules of Civil Procedure.

5) RMC objects to the Instructions and Definitions of Defendants' Document Requests to the extent that the definitions and instructions contained therein attempt to impose any requirements beyond those required by the Federal Rules of Civil Procedure. Accordingly, RMC's responses shall be limited to the requirements of the Federal Rules of Civil Procedure.

6) RMC objects to each Document Request to the extent such discovery is unduly broad and RMC is unable to respond to the discovery without undue burden and expense. RMC has not produced responsive documents which predate 45 days from today's date that have been deleted pursuant to RMC's electronic document destruction policies based upon undue burden and expense. To the extent that responsive documents prior to this date were located or stored elsewhere electronically or in hard copy, said documents are being produced pursuant to the protections afforded by Pretrial Order No. 7.

7) RMC objects to Defendants' Document Requests on the grounds that they are overly broad, vague, or ambiguous.

Without waiving the foregoing objections, RMC responds as follows:

### RESPONSES

1. All Documents relating to any presentations funded, sponsored, given or supported by You and/or Scott Augustine concerning the Bair Hugger warming system, forced air warming, the Bair Hugger warming system litigation, deep joint infection reports from Ridgeview Medical Center in Waconia, MN, the Defendants and/or the HotDog Patient Warming System.

3

**RESPONSE:** RMC incorporates the above General Objections. Without waiving said objections, see documents bate stamped 25; 32; 184-197.

2. All Documents relating to any studies, research, or pre-study preparation that was funded, sponsored, given or supported by You, and/or Scott Augustine, and/or Augustine Biomedical and Design, LLC ("ABD") concerning the Bair Hugger warming system, forced air warming, the Bair Hugger warming system litigation, deep joint infection reports from Ridgeview Medical Center in Waconia, the Defendants and/or the HotDog Patient Warming System.

   **RESPONSE:** RMC incorporates the above General Objections. Without waiving said objections, none.

3. All Documents relating to any studies, research, investigations, testing or analysis conducted in collaboration with Mark Albrecht, ABD, or Scott Augustine, or Kumar G. Belani concerning the Bair Hugger warming system, forced air warming, the Bair Hugger warming system litigation, deep joint infection reports from Ridgeview Medical Center in Waconia, the Defendants and/or the HotDog Patient Warming System.

   **RESPONSE:** RMC incorporates the above General Objections. Without waiving said objections, see documents bate stamped 29-86; 146-153; 171-172.

4. All Documents relating to regulations, investigations, compliance, or seeking or gaining approval including but not limited to any Institutional Review Board approval, for any studies, testing, analysis or data collection conducted with respect to the Bair Hugger warming system, deep joint infection rates, Ridgeview Medical Center surgery site infections, and/or the HotDog Patient Warming System.

   **RESPONSE:** RMC incorporates the above General Objections. Without waiving said objections, none.

5. All Documents, Communication and Correspondence relating to any Healthcare Entity or Healthcare Provider (including but not limited to Communications and Correspondence You sent to and/or received from any Healthcare Entity or Healthcare Provider) which concern the HotDog Patient Warming System, Bair Hugger warming system, forced air warming, the Bair Hugger warming system litigation and/or the Defendants.

4

**RESPONSE:** RMC incorporates the above General Objections. Without waiving said objections, see documents bate stamped 1-305; 367-371; 455-460; 493-494; 496-500; 512-525; 534-535; 545-5551; 563-569; 604-640; 643-691; 824-825; 833-902.

6. All Documents, Communication and Correspondence relating to any Healthcare Entity or Healthcare Provider (including but not limited to Communication and Correspondence You sent to and/or received from any Healthcare Entity or Healthcare Provider) which concern Scott Augustine, HotDog USA, LLC, HotDog International, LLC, Augustine Temperature Management, Augustine BioMedical and Design, LLC and Augustine Biomedical.

    **RESPONSE:** RMC incorporates the above General Objections. Without waiving said objections, see documents bate stamped 1-305; 335-336; 372-460; 496-500; 508-525; 534-585; 604-640; 643-691; 824-825; 833-902.

7. All Documents sent to or received from any Consultant or third party relating to the Bair Hugger warming system, forced air warming, the Bair Hugger warming system litigation, the Defendants or performance and/or testing of the Bair Hugger warming system or its components, including but not limited to the intake filter.

    **RESPONSE:** RMC incorporates the above General Objections. Without waiving said objections, see documents bate stamped 188-247.

8. All Documents sent to or received from any Consultant or third party relating to the HotDog Patient Warming System, conductive warming, and/or performance or testing of the HotDog Patient Warming System.

    **RESPONSE:** RMC incorporates the above General Objections. Without waiving said objections, none.

9. All Documents You have sent to and/or received from any newspaper, blog, internet domain, media outlet, media entity, social media outlet (including Twitter, Facebook and Instagram) or social media entity concerning the Bair Hugger warming system, forced air warming, HotDog Patient Warming System, conductive warming, and/or the Bair Hugger warming system litigation.

    **RESPONSE:** RMC incorporates the above General Objections. Without waiving said objections, see documents bate stamped 26-28; 87-91; 162-166; 173-176; 182-183.

10. All past and present email distribution lists, and/or email addresses for any Person or entity to whom You and/or anyone acting on Your behalf or at Your direction sent any

5

Documents (including emails) concerning the Bair Hugger warming system, forced air warming, the Bair Hugger warming system litigation, the Defendants, the HotDog Patient Warming System and/or surgical site infections.

**RESPONSE:** RMC incorporates the above General Objections. Without waiving said objections, none.

11. All Communication, Correspondence and other Documents relating to any journal, publication or pre-publication draft, or manuscript (including but not limited to Communication and Correspondence You sent to and/or received from any journal or publication) which concern the Bair Hugger warming system, forced air warming, the Bair Hugger warming system litigation and/or the Defendants.

    **RESPONSE:** RMC incorporates the above General Objections. Without waiving said objections, see documents bate stamped 92-138.

12. All Documents relating to and/or reflecting discussions between You and any Person (including any entity) concerning the Bair Hugger warming system, forced air warming, the Bair Hugger warming system litigation, surgical site infections, and/or Defendants.

    **RESPONSE:** RMC incorporates the above General Objections. Without waiving said objections, see documents bate stamped 154-183.

13. All Documents You have sent to and/or received from any Person (including any entity) relating to any Plaintiff.

    **RESPONSE:** RMC incorporates the above General Objections. Without waiving said objections, none.

14. All Documents You have sent to and/or received from any Plaintiff's attorney.

    **RESPONSE:** RMC incorporates the above General Objections. Without waiving said objections, none.

15. All Documents You have sent to and/or received from any Person (including any entity) or have searched for relating to any Plaintiff's expert.

    **RESPONSE:** RMC incorporates the above General Objections. Without waiving said objections, none.

16. All Documents You have sent to and/or received from any Person or entity relating to the possibility of litigation, actual litigation or any litigation, lawsuit, proceeding

or other action concerning the Bair Hugger warming system and/or forced air warming.

**RESPONSE:** RMC incorporates the above General Objections. Without waiving said objections, none.

17. All Documents relating to any engagement letters, retainer agreements, retention agreements or other agreements, consulting fees, expense reimbursement, compensation paid between (i) You and (ii) Dr. Scott Augustine, Brent Augustine, Ryan Augustine, HotDog USA, LLC, HotDog International, LLC, Augustine Temperature Management, Augustine Team LLC, Stop Surgical Infections, Orthopedic Infection Advisory, OrthopedicInfectionAdvisory.org Augustine BioMedical and Design, LLC and/or Augustine Biomedical.

**RESPONSE:** RMC incorporates the above General Objections. Without waiving said objections, see documents bate stamped 10-24; 33-86; 139-145; 154-161; 167-170; 248-254; 260-261; 292; 298-300; 545-557; 604-640; 645-690; 840-890.

18. All Documents involving, discussing or relating to the design, change in design, and/or alternative design of the Bair Hugger warming system.

**RESPONSE:** RMC incorporates the above General Objections. Without waiving said objections, none.

19. All Documents, Communication and Correspondence You created, prepared, reviewed, edited, sent, and/or received relating to any alleged defects, problems or risks concerning the Bair Hugger warming system and/or forced air warming.

**RESPONSE:** RMC incorporates the above General Objections. Without waiving said objections, none.

20. All Documents relating to complaints concerning the Bair Hugger warming system, including but not limited to, correspondence and communications received from and sent by You to Bair Hugger warming system users (past and present), HotDog Patient Warming System users (past and present), Healthcare Providers, Healthcare Entities, patients, and/or any other Persons.

**RESPONSE:** RMC incorporates the above General Objections. Without waiving said objections, see documents bate stamped 304-305.

21. All Documents concerning Your relationship, contractual or otherwise, with the following individuals:

7

a. Mike Reed
b. Christopher Nachtsheim
c. Paul D. McGovern
d. Mark Albrecht
e. Mark Litchy
f. Robert Gauthier
g. Scott Augustine

**RESPONSE:** RMC incorporates the above General Objections. Without waiving said objections, see produced documents and the burden of deriving or ascertaining the designation is substantially the same for the Defendants as it is for RMC.

22. All Documents related to videos and/or video footage that You participated in, funded, sponsored, financially support, control and/or consulted on, whether or not they were completed and/or posted, relating to the Bair Hugger warming system, forced air warming, the Bair Hugger warming system litigation, Defendants, the HotDog Patient Warming System, or any other patient warming device.

    **RESPONSE:** RMC incorporates the above General Objections. Without waiving said objections, see documents bate stamped 891-902.

23. All documents relating to any relationship between You and any Person (including any entity) involved in the sale, lease, market analysis, marketing, advertising, promotion and/or distribution of the HotDog Patient Warming System that reference, relate to or concern the Bair Hugger warming system, forced air warming, the Bair Hugger warming system litigation and/or the Defendants including, but not limited to contracts and communications between You and any Person (including any entity), and any invoices for services rendered.

    **RESPONSE:** RMC incorporates the above General Objections. Without waiving said objections, see documents bate stamped 188-247; 455-460.

24. All Documents relating to any Person, Healthcare Entity or Healthcare Provider's use, possible use, decision not to use, and/or decision to stop using the Bair Hugger warming system.

    **RESPONSE:** RMC incorporates the above General Objections. Without waiving said objections, see documents bate stamped 335-356; 455-460; 493-494; 534-535; 545-546; 563-569; 604-640; 645-690; 824-825; 833-835; 840.

25. All Documents relating to any Person, Healthcare Entity or Healthcare Provider's use, possible use, decision not to use, and/or decision to stop using the HotDog Patient Warming System.

**RESPONSE:** RMC incorporates the above General Objections. Without waiving said objections, see documents bate stamped 188-247; 255-259; 262-291; 293-298; 301-305; 455-460; 496-500; 508-511; 563-569; 604-640; 643-644; 645-691; 882-890.

26. All Documents evidencing any Person (including any entity) that uses the HotDog Patient Warming System now or has used the HotDog Patient Warming System in the past, including information concerning the years that each Person has used the HotDog Patient Warming System.

    **RESPONSE:** RMC incorporates the above General Objections. Without waiving said objections, see all produced bate stamped documents.

27. All Documents relating to any claim that the HotDog Patient Warming System is superior to, more effective than, equally as effective as, less risky and/or safer than the Bair Hugger warming system and/or forced air warming.

    **RESPONSE:** RMC incorporates the above General Objections. Without waiving said objections, see documents bate stamped 512-525; 604-640; 645-690.

28. All Documents concerning any actual or potential infection risk associated with or caused by the re-use of conductive warming blankets.

    **RESPONSE:** RMC incorporates the above General Objections. Without waiving said objections, see documents bate stamped 2-9; 306-334.

29. All Documents relating to March 1, 2012 Agreement Governing Promissory Notes attached as Exhibit E, including but not limited to correspondence between you and the signatories of Exhibit E.

    **RESPONSE:** RMC incorporates the above General Objections. Without waiving said objections, none.

30. All Documents relating to the Blowing Air is Risky ("B.A.I.R.") campaign, including but not limited to tests conducted, test results, underlying or supporting data, photographs or videos, Communications to third parties, internal Communications, brochures and/or publications.

    **RESPONSE:** RMC incorporates the above General Objections. Without waiving said objections, none.

31. All Documents relating to the Heat Rises/Hot Air Rising campaign, including but not limited to tests conducted, test results, underlying or supporting data, photographs or videos, Communications to third parties, internal Communications, brochures and/or publications. Your response should include, but not be limited to, Documents posted on and/or related to http://heat-rises.blogspot.com/.

    **RESPONSE:** RMC incorporates the above General Objections. Without waiving said objections, none.

32. All Documents, Communication or Correspondence relating to the 2010 Medwatch report to FDA regarding the Bair Hugger warming system.

    **RESPONSE:** RMC incorporates the above General Objections. Without waiving said objections, none.

33. All Documents, Communication or Correspondence relating to the intake filters used in and filtration concepts for the Bair Hugger warming system.

    **RESPONSE:** RMC incorporates the above General Objections. Without waiving said objections, none.

34. All Documents, Communication and Correspondence between and among You and the other authors of the Barnett et al. study concerning funding for the study, design of the study, and results of the study.

    **RESPONSE:** RMC incorporates the above General Objections. Without waiving said objections, none.

35. All Documents, Communication and Correspondence between You and (i) Scott Augustine, Brent Augustine, Ryan Augustine, HotDog USA, LLC, HotDog International, LLC, Augustine Temperature Management, Augustine Team LLC, Stop Surgical Infections, Orthopedic Infection Advisory, OrthopedicInfectionAdvisory.org Augustine BioMedical and Design, LLC and/or Augustine Biomedical concerning the funding for and results of the Belani et al. study, Albrecht et al. study, McGovern et al. study, and the Barnett et al. study.

    **RESPONSE:** RMC incorporates the above General Objections. Without waiving said objections, see document bate stamped 292.

36. All pre-publication drafts and manuscripts of the in-progress Barnett et al. study.

    **RESPONSE:** RMC incorporates the above General Objections. Without waiving said objections, none.

37. All Documents, Communication and Correspondence between and among You and the other authors of the Barnett et al. study concerning funding for the study, design of the study, and results of the study.

    **RESPONSE:** RMC incorporates the above General Objections. Without waiving said objections, none.

38. All Documents concerning the model and serial numbers for the patient warming devices used in the Barnett et al. study.

    **RESPONSE:** RMC incorporates the above General Objections. Without waiving said objections, none.

39. All Documents sent to and/or received from any forced air warming system manufacturer about the alleged actual or potential hazards and/or safety risks of forced air warming and/or the Bair Hugger warming system.

    **RESPONSE:** RMC incorporates the above General Objections. Without waiving said objections, none.

40. All Documents sent to and/or received from the following individuals relating to the Bair Hugger warming system, forced air warming, conductive warming, the HotDog Patient Warming System, Defendants and/or the Bair Hugger litigation:

    a. Mark Albrecht
    b. Kiran Dasari
    c. Robert Gauthier
    d. Mark Litchy
    e. Christopher Nachtscheim
    f. Mike Reed
    g. Paul D. McGovern
    h. Andrew Legg
    i. David Leaper
    j. Andrew Hamer
    k. Mark Harper
    l. Keith Leland
    m. Randy Arnold
    n. Scott Entenman
    o. Mark Albrecht
    p. Andreas Deibel

    q. Any other Person who authored, sponsored and/or published a study concerning the Bair Hugger warming system, forced air warming, a forced air warming device or product and/or the HotDog Patient Warming System

**RESPONSE:** RMC incorporates the above General Objections. Without waiving said objections, see produced documents and the burden of ascertaining or deriving the designation is substantially the same for the Defendants as it is for RMC.

41. All Documents, Communication and Correspondence relating to the following:

    a. Any published study, unpublished study, test, testing performed, trial, experiment, research and/or data analysis You participated in, commissioned, performed, conducted, sponsored, authorized, directed and/or for which You provided any funding, support, personnel or materials concerning the Bair Hugger warming system, forced air warming, deep joint infection rates, and/or any forced air warming device and/or product.

    b. Any other study, test, testing performed, trial, experiment, research and/or data analysis concerning the Bair Hugger warming system, deep joint infection rates, forced air warming, and/or any forced air warming device and/or product.

    c. Any other study, test, testing performed, trial, experiment and/or data analysis concerning the HotDog Patient Warming System and/or any conductive warming device and/or product.

    d. Any other study, test, testing performed, trial, experiment, data gathered and/or data analysis concerning rates or numbers of deep joint infections in surgery rooms, operating rooms, and/or at Ridgeview Medical Center.

    e. All Documents relating to any changes in surgical procedures or surgery site conditions, environment and/or protocol during the time of any study, test, testing performed, trial, experiment, data gathered and/or data analysis concerning rates or numbers of deep joint infections in surgery rooms, operating rooms, and/or at Ridgeview Medical Center.

**RESPONSE:** RMC incorporates the above General Objections. Without waiving said objections, see documents bate stamped 2-9.

42. All Documents relating to any calculations, suggested and/or made, to determine any effect on the operating room environment from use of the Bair Hugger warming system, forced air warming, any forced air warming device or product, and/or the HotDog Patient Warming System.

**RESPONSE:** RMC incorporates the above General Objections. Without waiving said objections, none.

43. All Documents relating to any research, experiments, or tests conducted by You, on Your behalf and/or at Your direction, concerning potential contamination of the airflow paths of Bair Hugger warming system, the creation of convection currents in the operating room, and/or any other alleged safety risk or concern relating to the Bair Hugger warming system.

    **RESPONSE:** RMC incorporates the above General Objections. Without waiving said objections, none.

MELCHERT HUBERT SJODIN, PLLP

Dated: February 17, 2017

By: _____
Kelly C. Dohm (#0254046)
Attorney for Ridgeview Medical Center
121 West Main Street, Suite 200
Waconia Minnesota 55387
Telephone: (952) 442-7724
kdohm@mhslaw.com

13