# Exhibit C

## Kelly Dohm

| | |
|---|---|
| **From:** | Kelly Dohm |
| **Sent:** | Wednesday, January 25, 2017 5:07 PM |
| **To:** | 'mhines@blackwellburke.com' |
| **Cc:** | Mike Melchert |
| **Subject:** | Ridgeview Medical Center subpoena |

Micah, it was a pleasure speaking with you yesterday regarding the subpoena served upon Ridgeview Medical Center. As Mike Melchert and I indicated to you yesterday, we represent Ridgeview Medical Center as it relates to responding to the subpoena. We did have a chance to meet with a representative of Ridgeview today, Ms. Julie Hauser. She has done some preliminary legwork on figuring out who may have documents responsive to the subpoena. There are several individuals that need to be involved in the gathering of responsive documents as well as the IT department of Ridgeview. As you are aware, Ridgeview is a very large organization and it will take my client time and expense to respond to the subpoena. As I stated in my voicemail message to you, Ridgeview is seeking an extension until the end of February in which to produce responsive documents. Before we produce any responsive documents, we will need to agree to the compensation that will be paid to Ridgeview in responding as well as have a protective order in place.

We believe that on Tuesday we can get to you an estimation of the expense on Ridgeview's behalf that we would be seeking for your client to agree to pay to Ridgeview. Right now, I do not have a clear idea as to what the cost estimation would be.

Could you please e-mail me back as soon as possible that your client agrees to provide Ridgeview an extension until the end of February to produce responsive documents to the subpoena? Thank you in advance for your professional courtesy.

Best regards,

**Kelly C. Dohm**
Partner
Melchert Hubert Sjodin, PLLP

**Minnesota State Bar Association**
**Certified ▲ Specialist**
**Labor and Employment Law**


**MELCHERT • HUBERT • SJODIN**
Attorneys at Law
www.mhslaw.com

(952) 442-7724 (Direct)

(952) 442-6166 (Fax)

kdohm@mhslaw.com

121 West Main Street; Suite 200, Waconia, MN 55387

This email may contain confidential information. If you are not the intended recipient, please delete this email and notify me. Thank you.

## Kelly Dohm

**From:**          Kelly Dohm
**Sent:**          Thursday, January 26, 2017 10:44 AM
**To:**            'mhines@blackwellburke.com'
**Subject:**       Ridgeview Medical Center subpoena

**Importance:**          High

Micah, I left you a voicemail message yesterday and also e-mailed you.  I left for you another voicemail message this morning and also left a voicemail message for your assistant, Cindy.  I need for you to write me back granting Ridgeview Medical Center an extension until the end of February in which to produce responsive documents to the subpoena this morning, or at the latest by the end of the day.  If I do not hear back from you today, I will need to discuss with my client bringing a motion to quash the subpoena.  I do not want to have to go to the expense of bringing the motion on my client's behalf as it seems to me it would be much simpler if you simply granted the extension in writing to me on your client's behalf.

Please communicate with me as soon as possible regarding this request for an extension.  Thank you in advance for your professional courtesy in this regard.  My client is working hard to start gathering responsive documents, but it will take some time and involves several individuals.  There are many, many documents to gather.  As I indicated to you yesterday as well, we will need to discuss reimbursement to Ridgeview for its expenses in responding to the subpoena as well as appropriate language in a protective order.

Thank you again in advance for your anticipated cooperation and immediate attention to this matter.

**Kelly C. Dohm**
Partner
Melchert Hubert Sjodin, PLLP

**Minnesota State Bar Association**
**Certified ▲ Specialist**
**Labor and Employment Law**

**MHS**
MELCHERT • HUBERT • SJODIN
Attorneys at Law
www.mhslaw.com

(952) 442-7724 (Direct)

(952) 442-6166 (Fax)

kdohm@mhslaw.com

121 West Main Street; Suite 200, Waconia, MN 55387

This email may contain confidential information.  If you are not the intended recipient, please delete this email and notify me.  Thank you.

## Kelly Dohm

**From:** Micah Hines <mhines@blackwellburke.com>
**Sent:** Thursday, January 26, 2017 2:21 PM
**To:** Kelly Dohm
**Subject:** Re: Ridgeview Medical Center subpoena

Kelly,

I tried to call you today but couldn't reach you. I called Mike and he informed me you will call me back.

We will grant a limited extension. Would you please give me a call to discuss this?

Thanks,
Micah
443-690-5982

On Jan 26, 2017, at 11:44 AM, Kelly Dohm <kdohm@mhslaw.com> wrote:

> Micah, I left you a voicemail message yesterday and also e-mailed you.  I left for you another voicemail message this morning and also left a voicemail message for your assistant, Cindy.  I need for you to write me back granting Ridgeview Medical Center an extension until the end of February in which to produce responsive documents to the subpoena this morning, or at the latest by the end of the day.  If I do not hear back from you today, I will need to discuss with my client bringing a motion to quash the subpoena.  I do not want to have to go to the expense of bringing the motion on my client's behalf as it seems to me it would be much simpler if you simply granted the extension in writing to me on your client's behalf.
>
> Please communicate with me as soon as possible regarding this request for an extension.  Thank you in advance for your professional courtesy in this regard.  My client is working hard to start gathering responsive documents, but it will take some time and involves several individuals.  There are many, many documents to gather.  As I indicated to you yesterday as well, we will need to discuss reimbursement to Ridgeview for its expenses in responding to the subpoena as well as appropriate language in a protective order.
>
> Thank you again in advance for your anticipated cooperation and immediate attention to this matter.
>
> **Kelly C. Dohm**            <image002.png>
> Partner                          Attorneys at Law
> Melchert Hubert Sjodin, PLLP     www.mhslaw.com
>
> <image001.jpg>
>
> (952) 442-7724 (Direct)
>
> (952) 442-6166 (Fax)
>
> kdohm@mhslaw.com
>
> 121 West Main Street; Suite 200, Waconia, MN 55387
>
> This email may contain confidential information.  If you are not the intended recipient, please delete this email and notify me.  Thank you.

1

## Kelly Dohm

**From:**            Kelly Dohm
**Sent:**            Thursday, January 26, 2017 5:23 PM
**To:**              'mhines@blackwellburke.com'

Micah, thank you for speaking to me this afternoon.  My client is needing to understand from you the scope that your clients are looking for as far as Ridgeview's production of PHI.  As I understand from speaking to my client, PHI may be found in the following below categories of documents and data:

1. Possible PHI regarding the listing of the plaintiffs that is attached to the subpoena if in fact they were ever treated at Ridgeview.  Right now, a search has not yet been done to determine if any PHI may exist at Ridgeview regarding any of the plaintiffs.
2. Possible PHI as it may relate to any study that may have occurred as referenced in the document requests.  Right now, we have not confirmed that a study was even done.  If one was done, there could be PHI as it may relate to any study.
3. Ridgeview patients in general that may have used the devices at issue in the litigation.  This would be an enormous undertaking if your clients are seeking PHI from my client as it relates to the devices used at Ridgeview for its general patient population.

Please confirm back in writing to me if you are seeking any or all of the above categories of PHI.  This will help Ridgeview determine the costs associated with responding to the subpoena as well as a workable timeframe in which to gather responsive data.  Depending upon what categories of PHI your clients are seeking, Ridgeview may or may not be able to gather all responsive data by February 17th.  Please help us to understand the scope of PHI so that we can assess a reasonable response timeframe.

My client is willing to narrow the timeframe to the year 2010 forward.  Let me know if this time limitation is acceptable.

I reviewed no. 7 on the docket.  It is not an applicable protective order.  Let me know if you would like to propose a protective order.  If not, I can put one together for your clients' consideration.  My client will not be agreeable to producing any documents without an applicable protective order in place.

I look forward to speaking to you at 2:00 p.m. tomorrow afternoon.

Best regards,

**Kelly C. Dohm**
Partner
Melchert Hubert Sjodin, PLLP

Minnesota State Bar Association
Certified ▲ Specialist
Labor and Employment Law



Attorneys at Law
www.mhslaw.com

(952) 442-7724 (Direct)

(952) 442-6166 (Fax)

kdohm@mhslaw.com

121 West Main Street; Suite 200, Waconia, MN 55387

## Kelly Dohm

| | |
|---|---|
| **From:** | Kelly Dohm |
| **Sent:** | Friday, January 27, 2017 10:03 AM |
| **To:** | 'mhines@blackwellburke.com' |
| **Attachments:** | doc04810420170127100142.pdf |

Micah, in anticipation of our telephone conference at 2:00 p.m. today, I wanted to discuss with you the attached Protective Order which is Pretrial Order #7. As I indicated in my correspondence to you yesterday, I do not believe that it is an applicable order under which Ridgeview Medical Center would be able to designate documents as Confidential because of provision 17 of the order. There is simply not the applicable timing, as far as I am aware, to be able to have Ridgeview Medical Center brought under this Order due to the following language in this particular provision:

**17.     Protections Extended to Third Parties.** The Parties may agree to extend the provisions of this Protective Order to Confidential Information produced in this case by third parties, if timely requested by the third party and if no objection or motion is served or filed by a party within 30 days of the request.

At this point, we have not yet made a request to be subject to the protections of the Protective Order. My understanding from reading this is that Ridgeview would need to do that and then allow a time period of 30 days to pass after which we could then produce documents and designate them as Confidential under the Protective Order. Let me know if you disagree.

**Kelly C. Dohm**
Partner
Melchert Hubert Sjodin, PLLP

**Minnesota State Bar Association**
Certified ▲ Specialist
**Labor and Employment Law**



Attorneys at Law
www.mhslaw.com

(952) 442-7724 (Direct)

(952) 442-6166 (Fax)

kdohm@mhslaw.com

121 West Main Street; Suite 200, Waconia, MN 55387

This email may contain confidential information. If you are not the intended recipient, please delete this email and notify me. Thank you.

## Kelly Dohm

**From:** Kelly Dohm
**Sent:** Tuesday, January 31, 2017 1:13 PM
**To:** 'mhines@blackwellburke.com'

Micah, I hope all is well with you and that you had a nice weekend.  I was out of the office yesterday in meetings, but am back in the office today.  I wanted to touch base with you regarding the cost and expense issue.  The cost and expense will in large part depend upon the key word searching and the categorization of what is found to be responsive to the document requests themselves.  At this point, my client cannot provide a clear cost estimation as it is not certain what the results will obtain and what amount of work will be required to designate the responsive documents to the individualized document requests.  It would be helpful for my client to have an understanding as to whether or not your clients are willing to reimburse my client for any of its time and expense.  I do not have a clear understanding from you yet as to whether or not your clients will agree to contribute at all.  Could you please get back to me with an answer to this question?

Also, could you please send to me the key word searches that you believe are a priority for my client to conduct in its search?  We have begun searching, but would appreciate guidance from you as to the search terms themselves.

I look forward to hearing back from you.

Best regards,

**Kelly C. Dohm**
Partner
Melchert Hubert Sjodin, PLLP

**Minnesota State Bar Association**
**Certified ▲ Specialist**
**Labor and Employment Law**



Attorneys at Law
www.mhslaw.com

(952) 442-7724 (Direct)

(952) 442-6166 (Fax)

kdohm@mhslaw.com

121 West Main Street; Suite 200, Waconia, MN 55387

This email may contain confidential information.  If you are not the intended recipient, please delete this email and notify me.  Thank you.

## Kelly Dohm

| | |
|---|---|
| **From:** | Micah Hines <mhines@blackwellburke.com> |
| **Sent:** | Tuesday, January 31, 2017 2:10 PM |
| **To:** | Kelly Dohm |
| **Subject:** | Ridgeview subpoena |

Hi Kelly,

Thanks for your email and I also hope you had a nice weekend. I will share your client's request about costs with my client and will follow up with you. Hopefully the scope of the subpoena and focus areas sections below provide the information you are seeking regarding keywords.

I am also writing this email as a follow up and to confirm details of our conversation on Friday, January 27.

Scope of the subpoena:
We are not seeking PHI for all of the Plaintiffs listed in Exhibit B to the subpoena, or for Ridgeview patients in general who have used Bair Hugger and/or Hot Dog devices.  It is possible that some responsive documents will contain PHI, but the PHI itself is not what we're looking for.  Rather, we are primarily seeking documents concerning Ridgeview's relationship with Dr. Augustine and his companies, however far back that may go; documents that relate to the infection rate reduction analysis and steps discussed in the December 3, 2011 Star Tribune article "This Medical Device Rivalry is Getting a Bit Heated"; and documents that relate to any infection reduction efforts at Ridgeview Medical Center (regardless of whether they relate to Augustine or his companies).

Focus areas:
As we discussed, the first subjects of your search should be informed by your client's knowledge of what documents exist or are likely to exist, as well as the likelihood of retrieving responsive information. However, as noted above, we would like you to prioritize documents that reference Dr. Augustine or anyone at his companies; documents concerning any infection rate comparisons between Bair Hugger and Hot Dog; and infection reduction steps taken at Ridgeview Medical Center such as those referenced in the 2011 Star Tribune article.

Production deadline:
Thank you for agreeing to provide a rolling production. Our updated deadline for completion compliance is  February 17, but we are hopeful that you will provide us documents as soon as you can find them.  We are under a tight schedule that has already been continued once and is not likely to move again.

Protective Order:
You informed me that you will recommend that your client agree to be bound by MDL 2666 Protective Order No. 7. As we discussed, once you obtain that approval, please send me an email indicating  your intent to be bound by MDL 2666 Protective Order 7. I will then send an email to plaintiffs' co-lead counsel informing them of your intent and inquiring whether they have any objection. I will provide you a copy of their response.

As noted above, I'll follow up with you concerning your client's request for costs. If you need any more information or have any other questions, please do not hesitate to contact me.

Thanks,
Micah

**Micah Hines**
Blackwell Burke P.A.

1

431 South Seventh Street, Suite 2500
Minneapolis, MN  55415
Direct (612) 343-3284
Fax (612) 343-3205
mhines@blackwellburke.com
http://www.blackwellburke.com

**This message and any attachments may contain information that is privileged, confidential, and exempt from disclosure under applicable law. If you are not the intended recipient or are not authorized to receive for the recipient, you are hereby notified that dissemination, distribution or copying of this message and any attachments is strictly prohibited. If you have received this message in error, please immediately advise the sender by reply e-mail and delete the message and any attachments. Thank you.**

**From:** Kelly Dohm [mailto:kdohm@mhslaw.com]
**Sent:** Tuesday, January 31, 2017 2:14 PM
**To:** Micah Hines <mhines@blackwellburke.com>
**Subject:**

Micah, I hope all is well with you and that you had a nice weekend.  I was out of the office yesterday in meetings, but am back in the office today.  I wanted to touch base with you regarding the cost and expense issue.  The cost and expense will in large part depend upon the key word searching and the categorization of what is found to be responsive to the document requests themselves.  At this point, my client cannot provide a clear cost estimation as it is not certain what the results will obtain and what amount of work will be required to designate the responsive documents to the individualized document requests.  It would be helpful for my client to have an understanding as to whether or not your clients are willing to reimburse my client for any of its time and expense.  I do not have a clear understanding from you yet as to whether or not your clients will agree to contribute at all.  Could you please get back to me with an answer to this question?

Also, could you please send to me the key word searches that you believe are a priority for my client to conduct in its search?  We have begun searching, but would appreciate guidance from you as to the search terms themselves.

I look forward to hearing back from you.

Best regards,

**Kelly C. Dohm**
Partner
Melchert Hubert Sjodin, PLLP

**Minnesota State Bar Association**
**Certified ▲ Specialist**
**Labor and Employment Law**

(952) 442-7724 (Direct)

(952) 442-6166 (Fax)

kdohm@mhslaw.com

121 West Main Street; Suite 200, Waconia, MN 55387

MHS
MELCHERT • HUBERT • SJODIN
Attorneys at Law
www.mhslaw.com

This email may contain confidential information.  If you are not the intended recipient, please delete this email and notify me.  Thank you.

## Kelly Dohm

| | |
|---|---|
| **From:** | Micah Hines <mhines@blackwellburke.com> |
| **Sent:** | Friday, February 03, 2017 10:22 AM |
| **To:** | Kelly Dohm |
| **Cc:** | Peter Goss; Deborah E. Lewis |
| **Subject:** | Re: Ridgeview subpoena |

Hi Kelly,

I shared your request for costs with my client. We understand that you don't yet have specifics and a clear estimate of costs, but to evaluate your request, we need some information on the categories/type of reimbursement your client is seeking and a rough estimate of costs.

I also submitted your request to have the provisions of the protective order extended to Ridgeview Medical Center, pursuant to paragraph 17,  to co-lead Plaintiffs' counsel. I will let you know as soon as I hear back from them.

Could you let us know when your client plans to start producing documents?

Lastly, as I mentioned recently, I will be on vacation starting next Monday, February 6 and will not be returning to the office until Monday, February 13. In my absence, please contact my colleagues Deborah Lewis and Pete Goss, who are cc'd here.

Thanks,
Micah

On Jan 31, 2017, at 5:01 PM, Kelly Dohm <kdohm@mhslaw.com> wrote:

> Micah, I have spoken with my client and obtained approval for RMC to be bound by the protective order referenced below.  Please communicate with plaintiffs' co-lead counsel as you indicate below.  Thank you.
>
>
> **Kelly C. Dohm**          <image004.png>
> Partner                 Attorneys at Law
> Melchert Hubert Sjodin, PLLP   www.mhslaw.com
> <image003.jpg>
>
> (952) 442-7724 (Direct)
>
> (952) 442-6166 (Fax)
>
> kdohm@mhslaw.com
>
> 121 West Main Street; Suite 200, Waconia, MN 55387
>
> This email may contain confidential information.  If you are not the intended recipient, please delete this email and notify me.  Thank you.

**From:** Micah Hines [mailto:mhines@blackwellburke.com]
**Sent:** Tuesday, January 31, 2017 2:10 PM

**To:** Kelly Dohm <kdohm@mhslaw.com>
**Subject:** Ridgeview subpoena

Hi Kelly,

Thanks for your email and I also hope you had a nice weekend. I will share your client's request about costs with my client and will follow up with you. Hopefully the scope of the subpoena and focus areas sections below provide the information you are seeking regarding keywords.

I am also writing this email as a follow up and to confirm details of our conversation on Friday, January 27.

Scope of the subpoena:
We are not seeking PHI for all of the Plaintiffs listed in Exhibit B to the subpoena, or for Ridgeview patients in general who have used Bair Hugger and/or Hot Dog devices.  It is possible that some responsive documents will contain PHI, but the PHI itself is not what we're looking for.  Rather, we are primarily seeking documents concerning Ridgeview's relationship with Dr. Augustine and his companies, however far back that may go; documents that relate to the infection rate reduction analysis and steps discussed in the December 3, 2011 Star Tribune article "This Medical Device Rivalry is Getting a Bit Heated"; and documents that relate to any infection reduction efforts at Ridgeview Medical Center (regardless of whether they relate to Augustine or his companies).

Focus areas:
As we discussed, the first subjects of your search should be informed by your client's knowledge of what documents exist or are likely to exist, as well as the likelihood of retrieving responsive information. However, as noted above, we would like you to prioritize documents that reference Dr. Augustine or anyone at his companies; documents concerning any infection rate comparisons between Bair Hugger and Hot Dog; and infection reduction steps taken at Ridgeview Medical Center such as those referenced in the 2011 Star Tribune article.

Production deadline:
Thank you for agreeing to provide a rolling production. Our updated deadline for completion compliance is  February 17, but we are hopeful that you will provide us documents as soon as you can find them.  We are under a tight schedule that has already been continued once and is not likely to move again.

Protective Order:
You informed me that you will recommend that your client agree to be bound by MDL 2666 Protective Order No. 7. As we discussed, once you obtain that approval, please send me an email indicating  your intent to be bound by MDL 2666 Protective Order 7. I will then send an email to plaintiffs' co-lead counsel informing them of your intent and inquiring whether they have any objection. I will provide you a copy of their response.

As noted above, I'll follow up with you concerning your client's request for costs. If you need any more information or have any other questions, please do not hesitate to contact me.

Thanks,
Micah


**Micah Hines**
Blackwell Burke P.A.
431 South Seventh Street, Suite 2500

Minneapolis, MN  55415
Direct (612) 343-3284
Fax (612) 343-3205
mhines@blackwellburke.com
http://www.blackwellburke.com

**This message and any attachments may contain information that is privileged, confidential, and exempt from disclosure under applicable law. If you are not the intended recipient or are not authorized to receive for the recipient, you are hereby notified that dissemination, distribution or copying of this message and any attachments is strictly prohibited. If you have received this message in error, please immediately advise the sender by reply e-mail and delete the message and any attachments. Thank you.**

**From:** Kelly Dohm [mailto:kdohm@mhslaw.com]
**Sent:** Tuesday, January 31, 2017 2:14 PM
**To:** Micah Hines <mhines@blackwellburke.com>
**Subject:**

Micah, I hope all is well with you and that you had a nice weekend.  I was out of the office yesterday in meetings, but am back in the office today.  I wanted to touch base with you regarding the cost and expense issue.  The cost and expense will in large part depend upon the key word searching and the categorization of what is found to be responsive to the document requests themselves.  At this point, my client cannot provide a clear cost estimation as it is not certain what the results will obtain and what amount of work will be required to designate the responsive documents to the individualized document requests.  It would be helpful for my client to have an understanding as to whether or not your clients are willing to reimburse my client for any of its time and expense.  I do not have a clear understanding from you yet as to whether or not your clients will agree to contribute at all.  Could you please get back to me with an answer to this question?

Also, could you please send to me the key word searches that you believe are a priority for my client to conduct in its search?  We have begun searching, but would appreciate guidance from you as to the search terms themselves.

I look forward to hearing back from you.

Best regards,

**Kelly C. Dohm**                         <image004.png>
Partner                                   Attorneys at Law
Melchert Hubert Sjodin, PLLP              www.mhslaw.com

<image005.jpg>

(952) 442-7724 (Direct)

(952) 442-6166 (Fax)

kdohm@mhslaw.com

121 West Main Street; Suite 200, Waconia, MN 55387

This email may contain confidential information.  If you are not the intended recipient, please delete this email and notify me.  Thank you.

## Kelly Dohm

| | |
|---|---|
| **From:** | Kelly Dohm |
| **Sent:** | Monday, February 06, 2017 9:46 AM |
| **To:** | 'Micah Hines' |

Micah, I have had a chance to further communicate with my client regarding the production of responsive documents to the subpoena.  We have learned the following as it relates to the burden and expense of producing responsive documents:

- My client with its current technology in place is conducting a comprehensive search for documents from January 1, 2013, through the present date without specifically searching in medical records or searching for PHI itself.
- Prior to January 1, 2013, any responsive data would be on tapes which are not readily retrievable or searchable.  My client has spent time addressing these issues with its IT department and unfortunately, there is not any manner in which any responsive data would be able to be retrieved either quickly to meet your time constraints or cost effectively.  My client would need to consider hiring an outside entity if it were going to try to retrieve any data prior to January 1, 2013, and the IT department has indicated that going through the tapes to search for responsive data could take up to a year and would be extremely expensive.

At this time, my client is conducting its search as of January 1, 2013, forward.  I would be happy to discuss this issue with you on the phone, but my understanding is that this is where things are at as far as retrieving responsive documents to the subpoena.

Let me know as soon as you receive confirmation from the opposing counsel that my client can be added to the protective order already in place so that we understand that we will have the protections afforded by that order in producing responsive documents.  Thank you.

Best regards,

**Kelly C. Dohm**
Partner
Melchert Hubert Sjodin, PLLP

**Minnesota State Bar Association**
Certified ▲ Specialist
**Labor and Employment Law**

MHS
MELCHERT • HUBERT • SJODIN
Attorneys at Law
www.mhslaw.com

(952) 442-7724 (Direct)

(952) 442-6166 (Fax)

kdohm@mhslaw.com

121 West Main Street; Suite 200, Waconia, MN 55387

This email may contain confidential information.  If you are not the intended recipient, please delete this email and notify me.  Thank you.

1

## Kelly Dohm

**From:** Kelly Dohm
**Sent:** Tuesday, February 14, 2017 3:58 PM
**To:** 'Micah Hines'
**Subject:** Ridgeview Medical Center subpoena

Micah, I hope all is going well for you.  My client is in the process of gathering documents and started doing so last week.  My client anticipates having the gathered documents to me early next week at which time I will then review the documents and prepare them for production.  I have yet to hear from you as it relates to Ridgeview being made part of the protective order already in place in the litigation matter.  Have you had a chance to receive a response back yet from the Plaintiffs' attorney?  If this issue cannot be resolved with a mutual agreement between the parties in the action, I will need to address it with the Magistrate Judge.  My client will not be in a position to provide any responsive documents until we know that we can provide them under the protective order and mark them as confidential, etc., as set forth in the protective order.

I look forward to hearing back from you.  Thank you in advance.

Best regards,

**Kelly C. Dohm**
Partner
Melchert Hubert Sjodin, PLLP

Minnesota State Bar Association
Certified ▲ Specialist
Labor and Employment Law


Attorneys at Law
www.mhslaw.com

(952) 442-7724 (Direct)

(952) 442-6166 (Fax)

kdohm@mhslaw.com

121 West Main Street; Suite 200, Waconia, MN 55387

This email may contain confidential information.  If you are not the intended recipient, please delete this email and notify me.  Thank you.

**Kelly Dohm**

| | |
|---|---|
| **From:** | Micah Hines <mhines@blackwellburke.com> |
| **Sent:** | Wednesday, February 15, 2017 7:50 PM |
| **To:** | Kelly Dohm |
| **Subject:** | RE: Ridgeview Medical Center subpoena |
| **Attachments:** | RE: Ridgeview Medical Center's request regarding MDL 2666 Pretrial Order No. 7 (Protective Order) |

Hi Kelly,

I hope this email also finds you well. Attached please find an email I received from Plaintiffs' counsel yesterday evening regarding the protective order. As I noted previously, we aren't requesting PHI and to the extent there is any in the documents, it can be redacted.

As explained in my January 31 email, we set a production deadline of February 17 because we are under a tight discovery schedule and need the documents as soon as possible. Sorry to press on this but in light of the discovery schedule and because we haven't yet received any documents, we aren't presently in a position to extend the deadline.

This email also responds to your February 6 email which discusses producing documents from January 1, 2013 forward (as I explained via email and during one of our phone calls, I was out of the office the week of February 6). Because the subpoena requests documents regarding Ridgeview's infection rate reduction analysis and steps discussed in the December 3, 2011 Star Tribune article, it seems unlikely that searching documents from January 1, 2013 forward would capture all responsive information. Although we ask that you produce what you have right away, we aren't in a position to agree to the time limitation.

I think that a telephone call to discuss these issues would be helpful. Would you please let me know your availability for tomorrow?

Thank you,
Micah

**Micah Hines**
Blackwell Burke P.A.
431 South Seventh Street, Suite 2500
Minneapolis, MN  55415
Direct (612) 343-3284
Fax (612) 343-3205
mhines@blackwellburke.com
http://www.blackwellburke.com

**This message and any attachments may contain information that is privileged, confidential, and exempt from disclosure under applicable law. If you are not the intended recipient or are not authorized to receive for the recipient, you are hereby notified that dissemination, distribution or copying of this message and any attachments is strictly prohibited. If you have received this message in error, please immediately advise the sender by reply e-mail and delete the message and any attachments. Thank you.**

**From:** Kelly Dohm [mailto:kdohm@mhslaw.com]
**Sent:** Tuesday, February 14, 2017 4:58 PM
**To:** Micah Hines <mhines@blackwellburke.com>
**Subject:** Ridgeview Medical Center subpoena

Micah, I hope all is going well for you.  My client is in the process of gathering documents and started doing so last week.  My client anticipates having the gathered documents to me early next week at which time I will then review the documents and prepare them for production.  I have yet to hear from you as it relates to Ridgeview being made part of the protective order already in place in the litigation matter.  Have you had a chance to receive a response back yet from the Plaintiffs' attorney?  If this issue cannot be resolved with a mutual agreement between the parties in the action, I will need to address it with the Magistrate Judge.  My client will not be in a position to provide any responsive documents until we know that we can provide them under the protective order and mark them as confidential, etc., as set forth in the protective order.

I look forward to hearing back from you.  Thank you in advance.

Best regards,

**Kelly C. Dohm**
Partner
Melchert Hubert Sjodin, PLLP

Minnesota State Bar Association
Certified ▲ Specialist
Labor and Employment Law



Attorneys at Law
www.mhslaw.com

(952) 442-7724 (Direct)

(952) 442-6166 (Fax)

kdohm@mhslaw.com

121 West Main Street; Suite 200, Waconia, MN 55387

This email may contain confidential information.  If you are not the intended recipient, please delete this email and notify me.  Thank you.

## Kelly Dohm

| | |
|---|---|
| **From:** | Kelly Dohm |
| **Sent:** | Thursday, February 16, 2017 9:30 AM |
| **To:** | 'Micah Hines' |
| **Subject:** | FW: Ridgeview Medical Center's request regarding MDL 2666 Pretrial Order No. 7 (Protective Order) |

Micah, in reviewing the below, opposing counsel is not agreeing to allow Ridgeview to be a part of the protective order without limitations.  Her language below does not provide my client with the assurances that it needs to produce documents as Confidential under the Protective Order in accordance with paragraph 17.  Could you connect with her again?  We would like to see a signed stipulation by yourself and Genevieve allowing Ridgeview the protections unequivocally afforded by the Protective Order.

**Kelly C. Dohm**
Partner
Melchert Hubert Sjodin, PLLP

Minnesota State Bar Association
Certified ▲ Specialist
Labor and Employment Law

(952) 442-7724 (Direct)

(952) 442-6166 (Fax)

kdohm@mhslaw.com

121 West Main Street; Suite 200, Waconia, MN 55387

This email may contain confidential information.  If you are not the intended recipient, please delete this email and notify me.  Thank you.

**MHS**
MELCHERT • HUBERT • SJODIN
Attorneys at Law
www.mhslaw.com

---

**From:** Genevieve Zimmerman [mailto:gzimmerman@meshbesher.com]
**Sent:** Tuesday, February 14, 2017 5:03 PM
**To:** Micah Hines <mhines@blackwellburke.com>; Michael V. Ciresi <MVC@ciresiconlin.com>; Jan M. Conlin <JMC@ciresiconlin.com>; Ben Gordon <bgordon@levinlaw.com>
**Cc:** Ben Hulse <BHulse@blackwellburke.com>; Peter Goss <pgoss@blackwellburke.com>; Mary Young <myoung@blackwellburke.com>
**Subject:** RE: Ridgeview Medical Center's request regarding MDL 2666 Pretrial Order No. 7 (Protective Order)

Counsel,

I'm not sure we responded to your request.  We will agree to extend the provisions of the Protective Order to Ridgeview, at least on a preliminary basis, pursuant to paragraph 17.  We reserve all rights and waive none with respect to information produced in response to your subpoena, and whether it is properly designated as "Confidential Information".

Please let us know if you have questions.

Genevieve M. Zimmerman
Meshbesher & Spence, LTD.
612-339-9121 (Office)
651-208-8357 (Cell)
612-339-9188 (Fax)

**From:** Micah Hines [mailto:mhines@blackwellburke.com]
**Sent:** Wednesday, February 01, 2017 12:36 PM
**To:** Genevieve Zimmerman; Michael V. Ciresi; Jan M. Conlin; Ben Gordon
**Cc:** Ben Hulse; Peter Goss; Mary Young
**Subject:** Ridgeview Medical Center's request regarding MDL 2666 Pretrial Order No. 7 (Protective Order)

Counsel,

Ridgeview Medical Center has asked to be extended the provisions of the Protective Order pursuant to paragraph 17.

Would you please confirm your consent?

Thank you,
Micah

 BLACKWELL BURKE P.A.

431 South 7th Street
Suite 2500
Minneapolis, MN 55415

**Micah Hines**
**Blackwell Burke P.A.**

612.343.3284 Direct
612.343.3205 Fax

mhines@blackwellburke.com

**This message and any attachments may contain information that is privileged, confidential, and exempt from disclosure under applicable law. If you are not the intended recipient or are not authorized to receive for the recipient, you are hereby notified that dissemination, distribution or copying of this message and any attachments is strictly prohibited. If you have received this message in error, please immediately advise the sender by reply e-mail and delete the message and any attachments. Thank you.**

## Kelly Dohm

| | |
|---|---|
| **From:** | Kelly Dohm |
| **Sent:** | Wednesday, March 01, 2017 12:54 PM |
| **To:** | 'Micah Hines' |
| **Cc:** | Peter Goss; Ben Hulse |
| **Subject:** | RE: Ridgeview Medical Center's request regarding MDL 2666 Pretrial Order No. 7 (Protective Order) |

Micah, thank you for your below.  You do have Ridgeview's permission to send a copy of the documents to the opposing counsel as they have consented to allow Ridgeview to be protected under the order.  My understanding regarding the invoice is that a check was already on its way based upon previous correspondence.

**Kelly C. Dohm**
Partner
Melchert Hubert Sjodin, PLLP

Minnesota State Bar Association
Certified ▲ Specialist
Labor and Employment Law

Attorneys at Law
www.mhslaw.com

(952) 442-7724 (Direct)

(952) 442-6166 (Fax)

kdohm@mhslaw.com

121 West Main Street; Suite 200, Waconia, MN 55387

This email may contain confidential information.  If you are not the intended recipient, please delete this email and notify me.  Thank you.



**From:** Micah Hines [mailto:mhines@blackwellburke.com]
**Sent:** Wednesday, March 01, 2017 12:24 PM
**To:** Kelly Dohm <kdohm@mhslaw.com>
**Cc:** Peter Goss <pgoss@blackwellburke.com>; Ben Hulse <BHulse@blackwellburke.com>
**Subject:** Ridgeview Medical Center's request regarding MDL 2666 Pretrial Order No. 7 (Protective Order)

Hi Kelly,

We received the CD you sent and are reviewing your documents. We will follow up on your invoice and request for payment next week.

On Monday, we received the email below from Plaintiffs' counsel. Because they have consented to extend the protective order to Ridgeview, we intend to produce a copy of the documents to them. If you have any concerns, please let me know by close of business today.

Thank you,
Micah

**Micah Hines**
Blackwell Burke P.A.
431 South Seventh Street, Suite 2500
Minneapolis, MN  55415
Direct (612) 343-3284
Fax (612) 343-3205
mhines@blackwellburke.com
http://www.blackwellburke.com

**This message and any attachments may contain information that is privileged, confidential, and exempt from disclosure under applicable law. If you are not the intended recipient or are not authorized to receive for the recipient, you are hereby notified that dissemination, distribution or copying of this message and any attachments is strictly prohibited. If you have received this message in error, please immediately advise the sender by reply e-mail and delete the message and any attachments. Thank you.**

---

**From:** Genevieve Zimmerman [mailto:gzimmerman@meshbesher.com]
**Sent:** Monday, February 27, 2017 10:46 AM
**To:** Micah Hines <mhines@blackwellburke.com>; Michael V. Ciresi <MVC@ciresiconlin.com>; Jan M. Conlin <JMC@ciresiconlin.com>; Ben Gordon <bgordon@levinlaw.com>
**Cc:** Ben Hulse <BHulse@blackwellburke.com>; Peter Goss <pgoss@blackwellburke.com>; Mary Young <myoung@blackwellburke.com>
**Subject:** RE: Ridgeview Medical Center's request regarding MDL 2666 Pretrial Order No. 7 (Protective Order)

We will agree to your request to extend the protective order to Ridgeview.


Genevieve M. Zimmerman
Meshbesher & Spence, LTD.
612-339-9121 (Office)
651-208-8357 (Cell)
612-339-9188 (Fax)

---

**From:** Micah Hines [mailto:mhines@blackwellburke.com]
**Sent:** Friday, February 24, 2017 5:08 PM
**To:** Genevieve Zimmerman; Michael V. Ciresi; Jan M. Conlin; Ben Gordon
**Cc:** Ben Hulse; Peter Goss; Mary Young
**Subject:** RE: Ridgeview Medical Center's request regarding MDL 2666 Pretrial Order No. 7 (Protective Order)

Counsel,

Ridgeview has produced documents and we still haven't received your response to my email below. Do you agree or not agree to extending the protective order to Ridgeview?

Best,
Micah

**Micah Hines**
Blackwell Burke P.A.
431 South Seventh Street, Suite 2500
Minneapolis, MN  55415
Direct (612) 343-3284
Fax (612) 343-3205
mhines@blackwellburke.com
http://www.blackwellburke.com

**This message and any attachments may contain information that is privileged, confidential, and exempt from disclosure under applicable law. If you are not the intended recipient or are not authorized to receive for the recipient, you are hereby notified that dissemination, distribution or copying of this message and any attachments is strictly prohibited. If you have received this message in error, please immediately advise the sender by reply e-mail and delete the message and any attachments. Thank you.**

**From:** Micah Hines
**Sent:** Thursday, February 16, 2017 1:23 PM
**To:** 'Genevieve Zimmerman' <gzimmerman@meshbesher.com>; Michael V. Ciresi <MVC@ciresiconlin.com>; Jan M. Conlin <JMC@ciresiconlin.com>; Ben Gordon <bgordon@levinlaw.com>
**Cc:** Ben Hulse <bhulse@blackwellburke.com>; Peter Goss <pgoss@blackwellburke.com>; Mary Young <myoung@blackwellburke.com>
**Subject:** RE: Ridgeview Medical Center's request regarding MDL 2666 Pretrial Order No. 7 (Protective Order)

Counsel,

As I explained previously, Ridgeview has asked to be extended the provisions of paragraph 17 of the protective order. You need to either agree or not agree to extending the protective order to Ridgeview.  The order does not contain an option to extend only on a "preliminary basis."

Best,
Micah

**Micah Hines**
Blackwell Burke P.A.
431 South Seventh Street, Suite 2500
Minneapolis, MN  55415
Direct (612) 343-3284
Fax (612) 343-3205
mhines@blackwellburke.com
http://www.blackwellburke.com

**This message and any attachments may contain information that is privileged, confidential, and exempt from disclosure under applicable law. If you are not the intended recipient or are not authorized to receive for the recipient, you are hereby notified that dissemination, distribution or copying of this message and any attachments is strictly prohibited. If you have received this message in error, please immediately advise the sender by reply e-mail and delete the message and any attachments. Thank you.**

**From:** Genevieve Zimmerman [mailto:gzimmerman@meshbesher.com]
**Sent:** Tuesday, February 14, 2017 6:03 PM
**To:** Micah Hines <mhines@blackwellburke.com>; Michael V. Ciresi <MVC@ciresiconlin.com>; Jan M. Conlin <JMC@ciresiconlin.com>; Ben Gordon <bgordon@levinlaw.com>
**Cc:** Ben Hulse <BHulse@blackwellburke.com>; Peter Goss <pgoss@blackwellburke.com>; Mary Young <myoung@blackwellburke.com>
**Subject:** RE: Ridgeview Medical Center's request regarding MDL 2666 Pretrial Order No. 7 (Protective Order)

Counsel,

I'm not sure we responded to your request.  We will agree to extend the provisions of the Protective Order to Ridgeview, at least on a preliminary basis, pursuant to paragraph 17.  We reserve all rights and waive none with respect to information produced in response to your subpoena, and whether it is properly designated as "Confidential Information".

Please let us know if you have questions.

Genevieve M. Zimmerman
Meshbesher & Spence, LTD.
612-339-9121 (Office)
651-208-8357 (Cell)
612-339-9188 (Fax)

**From:** Micah Hines [mailto:mhines@blackwellburke.com]
**Sent:** Wednesday, February 01, 2017 12:36 PM
**To:** Genevieve Zimmerman; Michael V. Ciresi; Jan M. Conlin; Ben Gordon
**Cc:** Ben Hulse; Peter Goss; Mary Young
**Subject:** Ridgeview Medical Center's request regarding MDL 2666 Pretrial Order No. 7 (Protective Order)

Counsel,

Ridgeview Medical Center has asked to be extended the provisions of the Protective Order pursuant to paragraph 17.

Would you please confirm your consent?

Thank you,
Micah



**Micah Hines**
**Blackwell Burke P.A.**

431 South 7th Street
Suite 2500
Minneapolis, MN 55415

612.343.3284 Direct
612.343.3205 Fax

mhines@blackwellburke.com

**This message and any attachments may contain information that is privileged, confidential, and exempt from disclosure under applicable law. If you are not the intended recipient or are not authorized to receive for the recipient, you are hereby notified that dissemination, distribution or copying of this message and any attachments is strictly prohibited. If you have received this message in error, please immediately advise the sender by reply e-mail and delete the message and any attachments. Thank you.**