MICHAEL C. SNYDER
MARK D. STREED
DANIEL C. GUERRERO
JEFFERY P. OISTAD
ANTHONY J. NEMO
KONSTANDINOS NICKLOW
PAMELA J. SPAULDING
ANDREW L. DAVICK
GENEVIEVE M. ZIMMERMAN
JOSH TUCHSCHERER

LAW OFFICES
# MESHBESHER & SPENCE, LTD.
1616 PARK AVENUE
MINNEAPOLIS, MINNESOTA 55404
**(612) 339-9121**
FAX (612) 339-9188
www.meshbesher.com
**REPLY TO MINNEAPOLIS OFFICE**

ZACHARY C. BAUER
JAMES B. SHEEHY
LINDSEY A. CARPENTER
RACHEL N. SIMPSON
ASHLEIGH E. RASO
ERIC PALMER

OF COUNSEL
RONALD I. MESHBESHER
KENNETH MESHBESHER
REID RISCHMILLER
RALPH PALMER

May 24, 2017

*Via CM/ECF and E-Mail*

Honorable Joan N. Ericksen
United States District Court
12W U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415

Honorable William H. Leary III
Ramsey County Juvenile &
Family Justice Center
25 E. 7th Street
St. Paul, MN 55102

Honorable Franklin D. Noel
United States District Court
9W U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415

> *Re:* **MDL 2666:** *In re: Bair Hugger Forced Air Warming Products Liability Litigation*, **and**
> *In Re: 3M Bair Hugger Litigation (Ramsey County Master File No. 62-CV-15-6432)*

Dear Judge Ericksen, Judge Leary, and Judge Noel,

    Pursuant to the Court's instructions on May 19, 2017, Plaintiffs hereby submit this letter brief in reply to Defendants' May 18th letter brief arguing two of Plaintiffs' nominations should be eliminated from bellwether consideration.

1. **Jeffrey Knuteson (D.Minn. 16-cv-01088)**
   **Plaintiff's Counsel: Lockridge, Grindal Nauen P.L.L.P.**

With respect to Defense counsel's allegations that Mr. Knuteson's recent cancer diagnosis and treatment were somehow concocted with a nefarious purpose to "game" the bellwether process, Plaintiffs deny any such motivation or purpose. Plaintiffs were advised at the close of business on May 4, 2017 that the Lockridge, Grindal, Nauen firm had just learned their client had recently been diagnosed with cancer. The Lockridge firm advised that Mr. Knuteson began a course of chemotherapy and radiation in April, and

that the treatment was expected to continue for at least eight weeks. The Lockridge, Grindal, Nauen firm is well known to the undersigned counsel, and as officers of the court located here in the District of Minnesota, Plaintiffs accepted the letter from a fellow member of the bar. We advised Defense counsel of this recently discovered health issue, and offered to have Defendants substitute in a new nomination in place of Mr. Knuteson, given the likely demands imposed on any bellwether candidate to participate in the vigorous prosecution of a trial in this MDL. Rather than nominate another potential case, Defendants chose to cast dispersions on a firm well known to this Court.

2. **Gerardus Vandermeade (D.Minn. 16-cv-4221)**
   **Plaintiff's Counsel: Levin, Papantonio, Thomas, Mitchell, Rafftery & Proctor, P.A.**

Plaintiffs nominated Mr. Vandermeade as a representative plaintiff who should be considered as part of the final eight bellwether nominations. Mr. Vandermeade was a 76 year old Florida resident who developed a staph aureus infection approximately three weeks after his total hip replacement surgery in 2013. Indeed, Mr. Vandermeade meets several of the metrics Defendants suggest would make *Mr. Knuteson's* case representative for bellwether purposes, namely that both involve a hip surgeries, both involve staph aureus bacteria, and both involve male plaintiffs over age 60.

Rather than point to some fact about Mr. Vandermeade's case that makes him specifically unrepresentative, Defendants allege the medical records were too expensive. At no point did Defendants attempt to subpoena the records, nor did they contact Plaintiffs with a request for assistance in obtaining the records at a reduced cost. When Defendants first raised the issue of wanting additional records the afternoon of May 16th, the Levin Papantonio firm promptly forwarded the records by email at 10:19 a.m. on May 19th, and uploaded the records to the portal as well. The 6/6/13 anesthesia record confirms "active warming – forced air" was used during his surgery. To the extent Defendants would like additional information on Mr. Vandermeade, the Court's Amended Scheduling Order contemplates significant case specific discovery on bellwether candidates be completed between June 2nd and October 1st.

Finally, Plaintiffs respectfully request the Court deny Defendants' request to modify the Amended Scheduling Order to grant Defendants an additional strike from the list of eight.

Please do not hesitate to contact us with any questions.

Respectfully submitted,

Meshbesher & Spence LTD.

*/s/ Genevieve Zimmerman*

Genevieve M. Zimmerman


GMZ/

cc: All counsel of record (via CM/ECF)
Jerry W. Blackwell, Esq. (via email & CM/ECF)
Bridget Ahmann, Esq. (via email & CM/ECF)
Ben Hulse, Esq. (via email & CM/ECF)
Jan M. Conlin Esq. (via email & CM/ECF)
Ben W. Gordon, Esq. (via email & CM/ECF)