

Jerry W. Blackwell
Direct Dial: 612-343-3232
E-Mail: blackwell@blackwellburke.com

**VIA ELECTRONIC CASE FILING**

May 24, 2017

The Honorable Joan N. Ericksen
United States District Court Judge
United States District Court, District of Minnesota
300 South Fourth Street, Suite 12W
Minneapolis, MN  55415

Re:   *In re Bair Hugger Forced Air Warming Products Liability Litigation*
      MDL No. 15-2666-JNE-FLN

Dear Judge Ericksen:

Plaintiffs challenge Jeffrey Knuteson and Jeffrey Collins as representative cases for Bellwether trials.  Both choices are appropriate because each plaintiff presents a fact pattern that is representative of the overall group of plaintiffs in this litigation, namely, surgical site/periprosthetic infections following hip or knee procedures allegedly involving perioperative use of the Bair Hugger patient warming system and resulting in additional medical procedures to clean and/or remove the implants.  Plaintiffs' arguments to the contrary are nothing more than veiled attempts to strike those cases presenting clear alternative causes.  However, as the Court will recall, Defendants advised from Day 1 in this litigation that causation would be the focal point of each case.  Alternative cause will be a necessary and central part of each and every case.

Bellwether cases, if they are to be meaningful to the parties, must be representative of the docket.  As described below, Plaintiffs' challenges to the Knuteson and Collins cases do not relate to actual representativeness, but rather to the strength of the cases from the Plaintiffs' perspective.

    1.    Plaintiff Jeffrey Knuteson

Defendants have already addressed Plaintiffs' challenge with respect to Mr. Knuteson's current health (letter of Jerry Blackwell, dated May 18, 2017), and will not repeat their position here.  Plaintiffs further claim that Mr. Knuteson is not representative because he was diagnosed with an infection following wound dehiscence.  ["Dehiscence" is a wound complication in which the wound ruptures along the surgical incision.] Plaintiffs do not claim that the dehiscence "caused" the joint infection, leaving at best a dangling "factoid" detached from any good explanation for why it should impact Bellwether selection.

May 24, 2017
Page 2

There is nothing unrepresentative about a wound dehiscence, a post-surgical development that is hardly uncommon.  A dehiscence is not a cause of an infection – the quintessential question here – and is at best an after-the-fact complication of an already infected wound and/or another pathway for bacteria to enter the body. Every wound will have some form of sequela for every single Plaintiff. Plaintiffs find no support for their position in the Plaintiff Fact Sheets they cite either, relying on data nowhere to be found in those Plaintiff Fact Sheets. They claim the fact sheets show that 3.5% of all cases involve an infection following wound dehiscence when the fact sheets have no specific questions identifying wound dehiscence at all, let alone any support for a 3.5% figure. ***In fact, ironically, Mr. Knuteson's own Plaintiff Fact Sheet makes no reference whatsoever to "dehiscence."*** [See attached Exhibit A.]   If Plaintiffs contend Mr. Knuteson's surgical site infection was caused by a dehiscence and not the Bair Hugger blanket, they should dismiss the case.  The case otherwise is as representative as any other based upon best available information.

2. Plaintiff Jeffrey Collins

Plaintiffs' challenge to Mr. Collins rests upon the fact that he had an additional procedure (arthroscopy to remove scar tissue) between his total knee replacement and his diagnosis of infection in that knee.  Yet, again, there is no evidence to show that this is an aberration that makes his case non-representative.  People who need joint replacements will often times have many problems requiring additional procedures on their joints.  Indeed, Mr. Collins has a history of procedures, including arthroscopy, on the subject knee prior to his total knee replacement.  Plaintiffs present no evidence to demonstrate that the majority of other plaintiffs have no intervening procedures between the joint replacement surgery and the eventual diagnosis of a joint infection or that this is distinction that should make any difference.  In fact, one of plaintiffs' other Bellwether choices, Mr. Gareis, had an additional procedure (injection) between his total hip replacement and the date of his alleged infection.  Mr. Collin's subsequent procedure does not make his case non-representative.

Respectfully submitted,

/s/Jerry W. Blackwell
Jerry W. Blackwell (MN #186867)
Mary S. Young (MN #0392781)
Benjamin W. Hulse (MN #0390952)
BLACKWELL BURKE P.A.
431 South Seventh Street
Suite 2500
Minneapolis, MN  55415
Phone: (612) 343-3256
Fax: (612) 343-3205
Email:  blackwell@blackwellburke.com
          myoung@blackwellburke.com
          bhulse@blackwellburke.com

Bridget M. Ahmann (MN #016611x)
M. Joseph Winebrenner (MN #0387889)
FAEGRE BAKER DANIELS LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
(612) 766-7000
Email:  bridget.ahmann@faegrebd.com
          joe.winebrenner@faegrebd.com

**Counsel for Defendants 3M Company and Arizant Healthcare, Inc.**

