UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

In re: BAIR HUGGER FORCED AIR       MDL No. 15-2666 (JNE/FLN)
WARMING DEVICES PRODUCTS
LIABILITY LITIGATION

**ORDER**

_____

Genevieve Zimmerman, Michael Sacchet, Jan Conlin, Gabriel Assaad,
Behram Parekh, and Kyle Farrar for Plaintiffs.
Jerry Blackwell, Ben Hulse, Bridget Ahmann, Monica Davies, Corey Gordon for Defendants.
J. Randall Benham For Respondent Scott Augustine *et al*.
Kelly Dohm for Respondent Ridgeview Medical Center.

_____

**THIS MATTER** came before the undersigned United States Magistrate Judge on May 18, 2017, on Defendants' motion to remove "confidential" designation from documents produced by Ridgeview Medical Center ("RMC") (ECF No. 393). As an initial matter, counsel for Dr. Scott Augustine and his related entities' ("Augustine") request to file a Memorandum and supporting Affidavit in response to Defendants' motion, *see* Ltr., ECF No. 432-3; Opp'n Mem., ECF No. 432, is **GRANTED**. However, counsel's request to make oral argument during the May 18, 2017, hearing, was **DENIED**. For the reasons that follow, Defendants' motion to remove "confidential" designation is **GRANTED**.

RMC produced over nine-hundred documents in response to Defendants' December 28, 2016, subpoena which included forty-three categories of documents requested. Dohm Aff. Exs. B, D, ECF No. 480; Dohm Opp'n Mem. 2, ECF No. 444. RMC ensured that the protective order governing this MDL ("PTO No. 7") governed any and all productions before responding to the subpoena. *See* PTO No. 7, ECF No. 39. Pursuant to PTO No. 7, "Designated Confidential

Information must be used or disclosed solely for purposes of prosecuting or defending this lawsuit, including any appeals, or any other related legal proceeding brought by one of the parties to this litigation." *Id.* ¶ 7(a). The protective order defines "Confidential Information" as: "information that the producing party designates in good faith has been previously maintained in a confidential manner and should be protected from disclosure and use outside the litigation because its disclosure and use is restricted by statute or could potentially cause harm to the interests of disclosing party or nonparties." *Id.* ¶ 2. PTO No. 7 then lists several categories of information on documents that might meet this definition, including: (1) trade secret information, (2) proprietary confidential information or commercially or competitively sensitive information, (3) non-public marketing information, (4) non-public detailed sales and financial data, (5) customer lists, (6) nonpublic technical information, or (7) other non-public information of competitive, financial, or commercial significance comparable to the foregoing categories. *Id.*; *see also* Defs.' Mem. in Supp. of Mot. 5, ECF No. 395.

PTO No. 7 explicitly states, however, that "[i]nformation or documents that are available to the public may not be designated as Confidential Information." PTO No. 7 ¶ 2. Defendants now seek to de-designate a subset of fifty documents contending that they have "already [been] disclosed to the public through the Augustine litigation guide, the YouTube videos referencing Ridgeview's infection rates, the Star Tribune article, and/or other publicity." ECF No. 395 at 6. RMC opposes the motion maintaining that even if some of the contested documents had been disclosed to Augustine, any public disclosure then made by Augustine was not done with RMC's consent or approval. *See generally* RMC Opp'n Mem., ECF No. 444.

Under PTO No. 7, "[t]he party asserting that the material is Confidential shall have the

burden of proving that the information in question is within the scope of protection afforded by Fed. R. Civ. P. 26(c)." PTO No. 7 ¶¶ 2, 9. Within the context of PTO No. 7, RMC has the burden to establish that each document it has designated as confidential, (1) "has been previously maintained in a confidential manner and [2] should be protected from disclosure and use outside the litigation because its disclosure and use is restricted by statute or could potentially cause harm to [its] interests." *Id.* ¶ 2. The Court has carefully reviewed RMC's and Defendants' competing summary charts describing the documents at issue, and concludes that RMC has failed to meet its burden to show that the documents in question are confidential information subject to the protective order in this case. *See* ECF No. 480, Ex. A; Hulse Decl. Ex. A, ECF No. 397.

At the hearing, counsel for RMC acknowledged that at least some of the documents at issue had been disclosed to Augustine and that RMC never specifically directed Augustine to maintain the confidentiality of the information. As to those documents that RMC acknowledges have been shared with Augustine, RMC has failed to meet its burden under PTO No. 7 because those documents, "were not previously maintained in a confidential manner." *See* PTO No. 7 ¶ 2. As to information that Augustine in turn disclosed to the public, PTO No. 7 expressly prohibits such information from being designated as confidential. *See id.* While RMC argues that it never approved or consented to Augustine's public disclosure of its information, this argument misses the point. Regardless of how the information became available to the public, PTO No. 7 expressly prohibits such information from being designated as confidential. *Id.*

As to those documents that may not have been disclosed to Augustine or to the public, RMC has failed to establish how disclosure or use outside of this litigation could potentially

cause harm to its interests.[1] Indeed, RMC's summary chart describing the documents at issue, merely reiterate the standard prescribed by PTO No. 7 without making any kind of individualized showing or contention explaining how disclosure of a particular document could cause harm to any of RMC's interests. *See* ECF No. 480, Ex. A.

Based on the foregoing, and all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendants' motion to remove "confidential" designation from documents produced by RMC (ECF No. 393) is **GRANTED**.

DATED: May 25, 2017                                _s/Franklin L. Noel____
                                                   FRANKLIN L. NOEL
                                                   United States Magistrate Judge

---

[1] There is no suggestion in the motion papers that the use of any of the information in the fifty documents in dispute is "restricted by statute." PTO No. 7 ¶ 2.