UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: BAIR HUGGER FORCED AIR WARMING
DEVICES PRODUCTS LIABILITY LITIGATION  MDL No. 2666

TRANSFER ORDER

**Before the Panel:**[*] Plaintiff in the Eastern District of New York action listed on the attached Schedule A (*Smalls*) moves under Panel Rule 7.1 to vacate our order conditionally transferring the action to the District of Minnesota for inclusion in MDL No. 2666. Defendants 3M Company (3M) and Arizant Healthcare, Inc. (Arizant) oppose the motion.

After considering the argument of counsel, we find that the *Smalls* action involves common questions of fact with actions transferred to MDL No. 2666, and that transfer will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The actions in the MDL share factual questions arising from allegations that post-surgery use of a Bair FAW causes serious infections due to the introduction of contaminants into open wounds. *See In re: Bair Hugger Forced Air Warming Devices Prods. Liab. Litig.*, 148 F. Supp. 3d 1383, 1385 (J.P.M.L. 2015). The *Smalls* plaintiff does not dispute that his action implicates those same questions.[1]

In opposing transfer, the *Smalls* plaintiff argues that this action and an earlier-filed Federal Tort Claims Act (FTCA) medical malpractice action, also brought by him in the Eastern District of New York, have been consolidated, and involve the same events, the same witnesses, and the same medical providers in the Department of Veterans Affairs, as well as "collaboration" among the defendants in both actions. This argument is not convincing. According to plaintiff himself, the consolidation of this action with the FTCA action did not create a single action. The FTCA action, in which plaintiff does not sue either 3M or Arizant, has a separate file number and individual docket, and both cases remain open in the Eastern District of New York. The operative complaint in the FTCA action contains no mention of 3M, Arizant, or the use of a Bair Hugger Forced Air Warming Device (Bair FAW). Although plaintiff is seeking to amend his complaint in the FTCA action to add Bair FAW-related allegations (largely concerning the government defendants' purported failure to inform plaintiff of the use of a Bair FAW in connection with plaintiff's surgeries,

---

[*] Judge Lewis A. Kaplan took no part in the decision of this matter.

[1] *See Smalls* Compl. ¶ 4 ("The Bair Hugger device caused contaminants to be introduced into plaintiff's open surgical wound, which resulted in infections, damaged his muscle tissue and nerves, and required repeated surgical procedures, approximately eight to date, causing additional injuries, damages and disability to the plaintiff.").

-2-

and those defendants' knowledge of the device's purported defects), he is not seeking to add either 3M or Arizant as a defendant, and the government defendants have opposed the proposed amendment. Even assuming amendment is allowed, the relatedness of the two actions does nothing to negate the relatedness of this action to the MDL.

Plaintiff's contention that having his case tried in the transferee district would cause him undue hardship is unavailing, as Section 1407 transfer is for pretrial purposes only. The case will be remanded to the Eastern District of New York at or before the conclusion of pretrial proceedings. *See* 28 U.S.C. § 1407(a). Plaintiff's argument that transfer would violate the "unanimity rule" fails, because that rule does not apply to the issue of Section 1407 transfer. *See Bailey v. Janssen Pharmaceutica, Inc.*, 536 F.3d 1202, 1207 (11th Cir. 2008) ("The unanimity rule requires that all defendants consent to and join a notice of removal in order for it to be effective.").

IT IS THEREFORE ORDERED that the *Smalls* action is transferred to the District of Minnesota, and, with the consent of that court, assigned to the Honorable Joan N. Ericksen for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

*Sarah Vance*
Sarah S. Vance
Chair

Marjorie O. Rendell  Charles R. Breyer
Ellen Segal Huvelle  R. David Proctor
Catherine D. Perry

**IN RE: BAIR HUGGER FORCED AIR WARMING
DEVICES PRODUCTS LIABILITY LITIGATION**  MDL No. 2666

## SCHEDULE A

<u>Eastern District of New York</u>

SMALLS v. 3M COMPANY, ET AL., C.A. No. 1:17-01100