UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: Bair Hugger Forced Air Warming Products Liability Litigation | MDL No. 2666 (JNE/FLN) |
| This Document Relates to All Actions | **JOINT MOTION REGARDING CONTINUED SEALING** |

Documents have been filed under temporary seal in connection with the following motion:

| | |
|---|---|
| *Plaintiffs Motion for Leave to Amend the Master Long Form and Master Short Form Complaints to Include Claims for Punitive Damages* | *(Doc. No. 307)* |

Pursuant to LR 5.6, the parties submit this Joint Motion Regarding Continued Sealing.

| DKT. NO. | DESCRIPTION OF DOCUMENT | MARK "X" IN APPLICABLE COLUMN | | | NONPARTY THAT DESIGNATED DOC. CONFIDENTIAL (IF ANY) | REASON WHY DOCUMENT SHOULD REMAIN SEALED OR BE UNSEALED[i] |
|---|---|---|---|---|---|---|
| | | Parties Agree Doc. Should Remain Sealed | Parties Agree Doc. Should Be Unsealed | Parties Disagree | | |
| 308 | Plaintiffs' Exhibit 1 – Proposed Second Amended Master Long Form Complaint including Punitive Damages | | | X | Not Applicable. | **Plaintiffs' position**. Plaintiffs respectfully submit all of the documents should be unsealed in light of the public interest in knowing the facts surrounding Defendants willful conduct.<br><br>**Defendants' position**. Plaintiffs' proposed Amended Master Long Form Complaint references the content of internal, non-public documents that were designated Confidential by Defendants under the Protective Order, PTO 7 (ECF No. 39). Defendants propose that the proposed Complaint remain under seal unless Plaintiffs' motion is granted. Defendants do not oppose filing of a redacted version of the proposed Complaint that redacts information that remains under seal. |
| 311 | Sealed Memorandum in Support of Motion to Amend Master Long Form and Master Short Form Complaints to | | | X | Not Applicable. | |

|   | | | | | | |
|---|---|---|---|---|---|---|
|   | Include Punitive Damages Claim | | | | | |
| 316 | Plaintiffs' Exhibit A – Report of Yadin David | | | X | Not Applicable. | **Plaintiffs' position**. Plaintiffs respectfully submit all of the documents should be unsealed in light of the public interest in knowing the facts surrounding Defendants willful conduct.<br><br>**Defendants' position**. The redacted portions of Dr. David's report refer heavily to Defendants' internal documents that were designated as Confidential under PTO 7 because they contained nonpublic technical information, including reports and discussion of testing, that is of competitive significance. Defendants have no objection to unredacting pages 1-14 of Dr. David's report. |
| 317 | Plaintiffs' Exhibit E – Report of Jonathan Samet | | X | | Not Applicable. | |
| 319 | Plaintiffs' Exhibit 1 – 3MBH00047858 | | X | | Not Applicable. | |
| 321 | Plaintiffs' Exhibit 2 – 3MBH00047382 | | X | | Not Applicable. | |
| 322 | Plaintiffs' Exhibit 3 – Deposition of Gary Maharaj | | X | | Not Applicable. | |
| 323 | Plaintiffs' Exhibit 5 – Deposition of Corporate Representative Al Van Duren | | X | | Not Applicable. | |
| 324 | Plaintiffs' Exhibit 6 – Deposition of Teri Woodwick Sides | | X | | Not Applicable. | |

| | | | | | | |
|---|---|---|---|---|---|---|
| 325 | Plaintiffs' Exhibit 7 – Deposition of David Westlin | | X | | Not Applicable. | |
| 326 | Plaintiffs' Exhibit 8 – Deposition of Karl Zgoda | | X | | Not Applicable. | |
| 327 | Plaintiffs' Exhibit 10 – 3MBH00022373 | | X | | Not Applicable. | |
| 328 | Plaintiffs' Exhibit 11 – 3MBH01735812 | | X | | Not Applicable. | |
| 329 | Plaintiffs' Exhibit 12 – 3MBH01031246 | | | X | Not Applicable. | **Plaintiffs' position**. Plaintiffs respectfully submit all of the documents should be unsealed in light of the public interest in knowing the facts surrounding Defendants willful conduct.<br><br>**Defendants' position**. This document should remain under seal. This document is notes of an internal Arizant meeting to discuss regulatory issues relating to the Bair Paws and Polar Air products. Neither product is at issue in this litigation. Defendants designated this document as Confidential under PTO 7 because it contains nonpublic technical information of competitive significance to Defendants. |
| 330 | Plaintiffs' Exhibit 13 – 3MBH00048067 | | X | | Not Applicable. | |
| 331 | Plaintiffs' Exhibit 14 – 3MBH00132832 | | X | | Not Applicable. | |
| 332 | Plaintiffs' Exhibit 15 – 3MBH00126140 | | X | | Not Applicable. | |
| 333 | Plaintiffs' Exhibit 16 – | | X | | Not Applicable. | |

| | Deposition of Dr. Daniel Sessler | | | | | |
|---|---|---|---|---|---|---|
| 334 | Plaintiffs' Exhibit 18 – 3MBH00024633 | | X | | Not Applicable. | |
| 335 | Plaintiffs' Exhibit 19 – 3MBH00024678 | | X | | Not Applicable. | |
| 336 | Plaintiffs' Exhibit 20 – 3MBH00008941 | | X | | Not Applicable. | |
| 337 | Plaintiffs' Exhibit 21 – 3MBH0022625 | | | X | Not Applicable. | **Plaintiffs' position**. Plaintiffs respectfully submit all of the documents should be unsealed in light of the public interest in knowing the facts surrounding Defendants willful conduct.<br><br>**Defendants' position**. This document is an internal Arizant presentation summarizing "brainstorming" of ideas for potential design changes to the Bair Hugger system. Defendants designated this document as Confidential under PTO 7 because it contains nonpublic technical information of competitive significance to Defendants. Public disclosure could cause competitive harm to 3M by providing competitors with internal technical information and considerations. |
| 338 | Plaintiffs' Exhibit 22 – 3MBH00022877 | | X | | Not Applicable. | |
| 339 | Plaintiffs' Exhibit 23 – 3MBH00025006 | | X | | Not Applicable. | |
| 340 | Plaintiffs' Exhibit 24 – | | | X | Not Applicable. | **Plaintiffs' position**. Plaintiffs |

| | | | | | | |
|---|---|---|---|---|---|---|
| | 3MBH01617179 | | | | | respectfully submit all of the documents should be unsealed in light of the public interest in knowing the facts surrounding Defendants willful conduct.<br><br>**Defendants' position**. This document is an internal 3N document reflecting internal scientific and technical discussions. Defendants designated this document as Confidential under PTO 7 because it contains nonpublic technical and planning information of competitive significance to Defendants. |
| 341 | Plaintiffs' Exhibit 25 – Deposition of Mark Scott | | X | | Not Applicable. | |
| 342 | Plaintiffs' Exhibit 26 – 3MBH0054396 | | | X | Not Applicable. | **Plaintiffs' position**. Plaintiffs respectfully submit all of the documents should be unsealed in light of the public interest in knowing the facts surrounding Defendants willful conduct.<br><br>**Defendants' position**. This document should remain under seal. This document is an internal 3M email chain discussing ideas for design changes to the Bair Hugger system. Defendants designated this document as Confidential under PTO 7 because it contains nonpublic |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | | technical information of competitive significance to Defendants. Public disclosure could cause competitive harm to 3M by providing competitors with internal technical information and considerations. |
| 343 | Plaintiffs' Exhibit 27 – 3MBH00630074 | | | X | Not Applicable. | **Plaintiffs' position**. Plaintiffs respectfully submit all of the documents should be unsealed in light of the public interest in knowing the facts surrounding Defendants willful conduct.<br><br>**Defendants' position**. This document should remain under seal. This document is an internal 3M presentation summarizing engineers' "ideation" (that is, brainstorming) of ideas for potential design changes to the Bair Hugger system. Defendants designated this document as Confidential under PTO 7 because it contains nonpublic technical information of competitive significance to Defendants. Public disclosure could cause competitive harm to 3M by providing competitors with internal technical information and considerations. |
| 344 | Plaintiffs' Exhibit 28 – 3MBH01922062 | | | X | Not Applicable. | **Plaintiffs' position**. Plaintiffs respectfully submit all of the documents should be unsealed in light of the public interest in knowing the facts surrounding Defendants willful conduct. |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | | | | | | | **Defendants' position**. This document should remain under seal. This exchange between 3M engineers and an engineer at 3rd party Pentair was designed as Confidential under PTO 7 because there is a Confidentiality Agreement between 3M and Pentair that prohibits 3M from disclosing the type of information contained in this document. |
| 345 | Plaintiffs' Exhibit 31 – 3MBH00031537 | | | X | | Not Applicable. | **Plaintiffs' position**. Plaintiffs respectfully submit all of the documents should be unsealed in light of the public interest in knowing the facts surrounding Defendants willful conduct.<br><br>**Defendants' position**. This document should remain under seal. This document is an internal Arizant strategic planning document. Defendants designated this document as Confidential under PTO 7 because it contains strategic planning information of competitive significance. |
| 346 | Plaintiffs' Exhibit 32 – Deposition of Troy Bergstrom | | X | | | Not Applicable. | |
| 347 | Plaintiffs' Exhibit 40 – 3MBH00001336 | | | X | | Not Applicable. | **Plaintiffs' position**. Plaintiffs respectfully submit all of the documents should be unsealed in light of the public interest in knowing the facts surrounding Defendants |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | | willful conduct.<br><br>**Defendants' position.** This document should remain under seal. This document is an internal draft of talking points for Arizant sales representatives from 2010. It was labeled "Confidential—Not for external distribution" at the time. It is not a final version whose content may have been publicly disclosed. Defendants designated this document as Confidential under PTO 7 because it contains strategic planning information of competitive significance. |
| 348 | Plaintiffs' Exhibit 41 – 3MBH01223897 | | X | | Not Applicable. | |
| 349 | Plaintiffs' Exhibit 42 – Moretti study | | X | | Not Applicable. | |
| 350 | Plaintiffs' Exhibit 43 – 3MBH00044027 | | X | | Not Applicable. | |
| 351 | Plaintiffs' Exhibit 44 – 3MBH00580475 | | X | | Not Applicable. | |
| 352 | Plaintiffs' Exhibit 45 – 3MBH00050770 | | X | | Not Applicable. | |
| 353 | Plaintiffs' Exhibit 46 – 3MBH00044027 | | X | | Not Applicable. | |
| 354 | Plaintiffs' Exhibit 47 – 3MBH00024733 | | X | | Not Applicable. | |
| 355 | Plaintiffs' Exhibit 48 – 3MBH00001557 | | X | | Not Applicable. | |
| 356 | Plaintiffs' Exhibit 49 – 3MBH00050756 | | X | | Not Applicable. | |

| | | | | | | |
|---|---|---|---|---|---|---|
| 357 | Plaintiffs' Exhibit 50 – 3MBH01223923 | | X | | Not Applicable. | |
| 358 | Plaintiffs' Exhibit 51 – 3MBH00024809 | | X | | Not Applicable. | |
| 360 | Plaintiffs' Exhibit 52 – 3MBH01224622 | | X | | Not Applicable. | |
| 361 | Plaintiffs' Exhibit 53 – 3MBH00130429 | | X | | Not Applicable. | |
| 362 | Plaintiffs' Exhibit 54 – 3MBH00083780 | | X | | Not Applicable. | |
| 363 | Plaintiffs' Exhibit 55 – 3MBH01211442 | | X | | Not Applicable. | |
| 364 | Plaintiffs' Exhibit 56 – Deposition of Dr Paul McGovern | | X | | Not Applicable. | |
| 365 | Plaintiffs' Exhibit 57 – 3MBH00051040 | | X | | Not Applicable. | |
| 366 | Plaintiffs' Exhibit 58 – Deposition of John Rock | | X | | Not Applicable. | |
| 367 | Plaintiffs' Exhibit 59 – 3MBH00051252 | | X | | Not Applicable. | |
| 368 | Plaintiffs' Exhibit 60 – 3MBH00575107 | | X | | Not Applicable. | |
| 369 | Plaintiffs' Exhibit 61 – 3MBH00575251 | | X | | Not Applicable. | |
| 370 | Plaintiffs' Exhibit 62 – 3MBH00132501 | | X | | Not Applicable. | |
| 371 | Plaintiffs' Exhibit 63 – 3MBH01619270 | | X | | Not Applicable. | |
| 372 | Plaintiffs' Exhibit 64 – 3MBH0055876 | | X | | Not Applicable. | |
| 373 | Plaintiffs' Exhibit 65 – 3MBH00134035 | | X | | Not Applicable. | |
| 374 | Plaintiffs' Exhibit 66 – | | X | | Not Applicable. | |

| | | | | | | |
|---|---|---|---|---|---|---|
| | 3MBH00107719 | | | | | |
| 375 | Plaintiffs' Exhibit 67 – 3MBH01330587 | | X | | Not Applicable. | |
| 376 | Plaintiffs' Exhibit 68 – Deposition of Dr. Michelle Hulse-Stevens | | X | | Not Applicable. | |
| 377 | Plaintiffs' Exhibit 69 – 3MBH00053467 | | | X | Not Applicable. | **Plaintiffs' position**. Plaintiffs respectfully submit all of the documents should be unsealed in light of the public interest in knowing the facts surrounding Defendants willful conduct. With respect to this document in particular, Defendants understandably don't want the public to learn about their "War Games" meeting and tactics to continue to suppress facts. There is nothing akin to a trade secret reflected in this document and given the public interest in these proceedings, plaintiffs respectfully submit this document should be unsealed.<br><br>**Defendants' position.** This document should remain under seal. This document reflects notes of 3M employees from a strategic planning discussion. Defendants designated this document as Confidential under PTO 7 because it contains strategic planning information of competitive significance. |
| 378 | Plaintiffs' Exhibit 70 – Deposition of Jana Stender | | X | | Not Applicable. | |

| | | | | | | |
|---|---|---|---|---|---|---|
| 379 | Plaintiffs' Exhibit 71 – 3MBH00024680 | | X | | Not Applicable. | |
| 380 | Plaintiffs' Exhibit 72 – 3MBH00002792 | | X | | Not Applicable. | |
| 381 | Plaintiffs' Exhibit 73 – 3MBH0125823 | | X | | Not Applicable. | |
| 382 | Plaintiffs' Exhibit 74 – 3MBH00005744 | | | X | Not Applicable. | **Plaintiffs' position**. Plaintiffs respectfully submit all of the documents should be unsealed in light of the public interest in knowing the facts surrounding Defendants willful conduct.<br><br>**Defendants' position.** This document should remain under seal. This is an internal Arizant strategic planning document. Defendants designated this document as Confidential under PTO 7 because it contains strategic planning information of competitive significance. |
| 383 | Plaintiffs' Exhibit 75 – 3MBH00042660 | | X | | Not Applicable. | |
| 384 | Plaintiffs' Exhibit 76 – 3MBH00108244 | | X | | Not Applicable. | |
| 385 | Plaintiffs' Exhibit 77 – 3MBH00544754 | | | X | Not Applicable. | **Plaintiffs' position**. Plaintiffs respectfully submit all of the documents should be unsealed in light of the public interest in knowing the facts surrounding Defendants willful conduct.<br><br>**Defendants' position.** This document should remain under seal. |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | | This document, entitled "Competitive Outline_v1.pptx," reflects internal correspondence among 3M employees relating to strategic planning. Defendants designated this document as Confidential under PTO 7 because it contains strategic planning information of competitive significance. |
| 386 | Plaintiffs' Exhibit 78 – 3MBH02237658 | | X | | Not Applicable. | |
| 387 | Plaintiffs' Exhibit 79 – 3MBH00050932 | | X | | Not Applicable. | |
| 439 | Defendants' Exhibit 16 – test report prepared by BIOTEST Laboratories (3MBH00761308-309) | | X | | Not Applicable. | |
| 440 | Defendants' Exhibit 17 - test report prepared by BIOTEST Laboratories (3MBH00761310-311) | | X | | Not Applicable. | |
| 441 | Defendants' Exhibit 20 – Patient Warming Formal Test Report dated August 25, 2016 | | | X | Not Applicable. | **Plaintiffs' position.** Plaintiffs respectfully submit all of the documents should be unsealed in light of the public interest in knowing the facts surrounding Defendants willful conduct.<br><br>**Defendants' position.** This document should remain under seal. This is an internal 3M testing report. Defendants designated this document as Confidential under PTO 7 because it contains nonpublic |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | | technical information of competitive significance to Defendants.  Public disclosure could cause competitive harm to 3M by providing competitors with internal technical information and considerations. |
| 442 | Defendants' Exhibit 24 – Document entitled "Ion Armour Thoughts." | | X | | Not Applicable. | |

Dated:  June 1, 2017                                  Respectfully submitted,

| | |
|---|---|
| Jerry W. Blackwell (MN #186867)<br>Benjamin W. Hulse (MN #0390952)<br>Mary S. Young (MN #0392781)<br>BLACKWELL BURKE P.A.<br>431 South Seventh Street<br>Suite 2500<br>Minneapolis, MN  55415<br>Phone: (612) 343-3256<br>Fax: (612) 343-3205<br>Email:   blackwell@blackwellburke.com<br>            myoung@blackwellburke.com<br>            bhulse@blackwellburke.com<br><br>Bridget M. Ahmann (MN #016611x)<br>FAEGRE BAKER DANIELS LLP<br>2200 Wells Fargo Center<br>90 South Seventh Street<br>Minneapolis, MN 55402<br>(612) 766-7000<br>Email:   bridget.ahmann@faegrebd.com<br><br>**Counsel for Defendants 3M Company and Arizant Healthcare, Inc.** | Michael V. Ciresi (MN #0016949)<br>Jan M. Conlin (MN #0192697)<br>CIRESI CONLIN LLP<br>225 S. 6th St., Suite 4600<br>Minneapolis, MN 55402<br>Phone: 612.361.8202<br>Email:   MVC@CiresiConlin.com<br>            JMC@CiresiConlin.com<br><br>Ben W. Gordon, Jr. (*Pro Hac Vice*)<br>LEVIN, PAPANTONIO, THOMAS, MITCHELL,<br>RAFFERTY & PROCTOR, P.A.<br>316 South Baylen Street, Suite 600<br>Pensacola, FL 32502-5996<br>Phone: (850) 435-7091<br>Fax: (850) 435-7020<br>Email:   bgordon@levinlaw.com<br><br>Genevieve M. Zimmerman (MN #330292)<br>MESHBESHER & SPENCE, LTD.<br>1616 Park Avenue South<br>Minneapolis, MN 55404<br>Phone: (612) 339-9121<br>Fax: (612) 339-9188<br>Email:   gzimmerman@meshbesher.com<br>**Co-Lead Counsel for Plaintiffs** |

---

i This explanation should be very brief.  For example:

1. contains information designated as confidential by a nonparty
2. contains information designated as confidential under a non-disclosure agreement between plaintiff and nonparty
3. contains information designated as confidential under a protective order issued in this case [Docket No. 39]
4. discovery materials filed in connection with a motion under Fed R. Civ. P. 37
5. reveals trade secrets of defendant
6. reveals proprietary business methods of plaintiff
7. confidential financial records
8. confidential medical records
9. contains termination information regarding former employees of defendant
10. reveals information regarding a minor
11. contains information ordered sealed by the court on DATE [Docket No. XX]