UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re Bair Hugger Forced Air Warming Products Liability Litigation | MDL No. 15-2666 (JNE/FLN) |
| This Document Relates To: All Actions | **MEMORANDUM IN SUPPORT OF 3M's MOTION TO REMOVE "CONFIDENTIAL" DESIGNATION FROM DOCUMENTS PRODUCED BY AUGUSTINE**<br><br>**(PUBLICLY FILED REDACTED VERSION)** |

## INTRODUCTION

Since 2007, Dr. Scott Augustine ("Augustine") has engaged in a deliberate and calculated strategy designed to further his own business and financial interests by publicly disparaging the 3M™ Bair Hugger™ patient warming system. Directly and through his many affiliated entities, he has published websites, posted videos, contributed to newspaper articles, written to regulators, and created a national campaign to recruit potential plaintiffs in litigation against 3M and the Bair Hugger system. Augustine has taken his crusade public at every opportunity.

Now that he has been required to produce the documents related to his public efforts disparaging the Bair Hugger system, Augustine claims the documents are somehow "confidential" and cannot be used outside the context of this litigation. Augustine cannot have it both ways. He has not articulated any basis on which the documents should be deemed confidential – he certainly has not treated them as such. On their face, the

documents do not satisfy the requirements for confidential treatment set forth in the Protective Order and Rule 26(c) of the Federal Rules of Civil Procedure.

At bottom, the extent to which Augustine has already made this information available to the public – and actively encouraged public disclosure – belies any expectation of or entitlement to confidentiality. The documents contain information that 3M can use to refute the false and misleading statements that have been made in the public record and to regulatory agencies. It would be contrary to the public interest to prohibit 3M from correcting the damaging – and false – impressions that Augustine has sought to create. Accordingly, 3M requests that the "confidential" designation be lifted from the documents identified on Exhibit A to the Declaration of Monica L. Davies ("Davies Decl."), and that 3M be permitted to use these documents for any business or legal purpose it deems appropriate.[1]

### BACKGROUND

The documents produced by Augustine, described in more detail in Exhibit A to the Davies Decl., include the following: █████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

---

[1] For purposes of this motion, 3M is seeking de-designation of Augustine's documents only. 3M will bring a similar motion, if necessary, to address Augustine's deposition testimony after his deposition is concluded.

2

 *See* Davies Decl., Ex. A.

Although these documents cover a variety of topics, the common thread among them is that their information has been deliberately and strategically publicized by Augustine when it serves his purposes. Augustine now seeks to protect these documents as confidential, but is unable to articulate any good faith basis to do so. Indeed, his explanation for why he refuses to lift the confidential designation is his belief that 3M might use his documents or testimony outside the context of this litigation. In other words, Augustine will only agree to lift the "confidential" designation if 3M agrees to treat his documents and testimony as confidential nonetheless. Leaving aside the hypocrisy underlying his position, his fear that that this information may finally be publicly aired is not a sufficient basis on which to invoke the protections of confidential treatment. Augustine has repeatedly publicized his false claims about the Bair Hugger system. Having put the story out there, Augustine should not be permitted to close the book now.

**A.    Augustine Concocted the Bair Hugger Litigation as a Competitive Business Strategy.**

Augustine was the original inventor and developer of the Bair Hugger warming blanket. After being forced to leave the company, Augustine developed a new patient warming device with a different design – the "HotDog" – which works much like an electric blanket and warms patients through direct skin contact instead of with warm air. Augustine tried to convince Defendants to buy his new product, claiming that the Bair Hugger system had suddenly become dangerous. *See* Davies Decl., Ex. B. Indeed, Augustine offered to "sell [Defendants] the solution" to his imagined "contamination problem" and declared he had "no doubt that HotDog conductive fabric warming will ultimately replace FAW." *See id.*

When Augustine's efforts to extort Defendants failed,



4



*Id.*, Ex. C.

(Davies Decl., Ex. D).

He has also repeated his claims in an "Executive Summary" accompanying a private placement

memorandum (through which he is soliciting investment in his HotDog system), suggesting that forced-air warming is at its "tipping point" and likely to be removed from the market. *See* Davies Decl., Ex. E at 2-3.

**B.   Augustine is Behind Many of the Studies he Claims as Support for His (and Plaintiffs') Theories.**

Several of the documents at issue in this motion relate to studies sponsored and designed by Augustine in an (unsuccessful) effort to support his theory that the Bair Hugger system blows contaminated air into surgical wounds. These documents include including photos and other data underlying videos he produced and made publicly available via YouTube. *See* Ex. A. Augustine acknowledges that he has spoken at many conferences and written many articles for public consumption, in which he describes (1) particles he claims to have counted coming out of the Bair Hugger, and (2) bacteria allegedly scraped from inside of the Bair Hugger. ██████████████████████████

████████████████████████████████████████████████

████████████████████████████████ In other words, he has repeatedly publicized data he believes helpful to his anti-Bair Hugger campaign, but wants to hide the information that undermines his claims.

████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

6



His plan failed. No regulator has ever suggested that the Bair Hugger presents any increased risk of surgical site infections, nor required adverse event reports to be filed. Most recently, there are documents relating to the email blast initiated by Augustine (or Augustine-controlled entities) in early 2017. These were sent to 3M customers and potential customers across the United States falsely claiming that the Bair Hugger system was being recalled and encouraging them to use Augustine's HotDog product instead. *See* Davies Decl., Ex. F. These documents obviously cannot be confidential, when they were publicly sent to countless 3M customers and potential customers throughout the United States. The above examples underscore how misguided Augustine's "confidential" designations really are.

## ARGUMENT

In order to qualify for confidential treatment under the Protective Order and Rule 26(c), the information and documents to be protected must fall into one of the following

7

categories: (1) trade secret information; (2) proprietary confidential information or commercially or competitively sensitive information; (3) non-public marketing information; (4) non-public detailed sales and financial data; (5) customer lists; (6) non-pubic technical information; or (7) other non-public information of competitive, financial, or commercial significance comparable to the foregoing categories. *See* Protective Order, Doc. No. 39 at ¶ 2; Fed. R. Civ. P. 26(c). Information that has been disclosed or otherwise made available to the public will not be afforded confidential treatment. *See id.*; *see also* Order, ECF No. 500 at 2 (granting motion to de-designate "confidential" documents that had been made available to the public). The burden is on the party seeking protection to show that these requirements are met, and "[e]ach party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that, in good faith, qualifies under the appropriate standards." *See id.* at ¶¶ 4, 9 ("The party asserting that the material is Confidential shall have the burden of proving that the information in question is within the scope of protection afforded by Fed. R. Civ. P. 26(c)."); Order, ECF No. 500 at 3 (the party seeking protection has the burden of showing, as to each document, that it "has been previously maintained in a confidential manner" and "should be protected from disclosure and use outside the litigation because its disclosure and use is restricted by statute or could potentially cause harm to [its] interests").

Here, Augustine fails to articulate any good faith basis for the "confidential" designation placed on the documents produced to Defendants. His concern that 3M might use the documents or information outside of the context of this litigation does not justify

8

the confidential designation. The documents at issue do not fall into any category described in the Protective Order or Rule 26(c), and the "confidential" designation should not be permitted to stand.

Moreover, all of these documents either explicitly or implicitly refer to information already disclosed to the public through Augustine's litigation guide, his YouTube videos and public presentations, and other publicity he has generated (and attempted to generate) regarding his misguided theories about the Bair Hugger system.

The level to which this information has already been made available to third parties and/or the public is reason alone to lift the "confidential" designation. *See* Protective Order at ¶ 2 ("Information or documents that are available to the public may not be designated as Confidential Information."); s*ee also In re Chrysler Motors Corp. Overnight Evaluation Program Litig.*, 860 F.2d 844 (8th Cir. 1988) (work product confidentiality waived where information was disclosed to third party, even where information was ultimately used by parties and for purposes other than what was intended at the time of initial disclosure).

Finally, the public interest favors lifting the designation. Augustine has falsely represented to the public that the use of forced-air warming may increase airborne contamination in operating rooms and the risk of infection. He has gone so far as to publish papers – or attempt to publish papers – under the names of other authors, in an effort to have the articles taken more seriously. In other words, Augustine is happy to have the substance of the articles made public, but wants to hide the fact that he wrote them.

Plaintiffs' counsel may attempt to disavow any involvement with Augustine (though it would be difficult for Kennedy Hodges) but they cannot deny that their case is based on

the same "facts" and theories that Augustine has made it his mission to create and pursue. Neither Augustine nor Plaintiffs should be permitted to continue to mislead the public with half-truths about the Bair Hugger system or the imagined benefits of using Augustine's HotDog product.

## CONCLUSION

For all of the foregoing reasons, Defendants respectfully request that the "confidential" designation be lifted from the Augustine Documents.

Dated: June 5, 2017

Respectfully submitted,

/s/ Monica L. Davies
Jerry W. Blackwell (MN #186867)
Benjamin W. Hulse (MN #0390952)
Monica L. Davies (MN #0315023)
BLACKWELL BURKE P.A.
431 South Seventh Street
Suite 2500
Minneapolis, MN 55415
Phone: (612) 343-3256
Fax: (612) 343-3205
Email: blackwell@blackwellburke.com
bhulse@blackwellburke.com
mdavies@blackwellburke.com

Bridget M. Ahmann (MN #016611x)
FAEGRE BAKER DANIELS LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
Phone: (612) 766-7000
Email: bridget.ahmann@faegrebd.com

**Counsel for Defendants 3M Company And Arizant Healthcare, Inc.**