UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

In re: BAIR HUGGER FORCED AIR WARMING DEVICES PRODUCTS LIABILITY LITIGATION

MDL No. 15-2666 (JNE/FLN)

This Document Relates To:
Hager, 0:16-cv-00136-JNE-FLN
Weimer, 0:16-cv-00621-JNE-FLN
Fraley, 0:16-cv-02755-JNE-FLN
Alford, 0:16-cv-02757-JNE-FLN
Wilburn, 0:16-cv-02772-JNE-FLN
Johnson, 0:16-cv-02803-JNE-FLN
Garro, 0:16-cv-02874-JNE-FLN
Toler, 0:16-cv-02896-JNE-FLN
DePriest, 0:16-cv-03383-JNE-FLN
Barrett, 0:16-cv-03553-JNE-FLN
Fling, 0:16-cv-03781-JNE-FLN

### REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO COMPLY WITH PRETRIAL ORDER NO. 14

Defendants brought this motion to dismiss pursuant to the Court's Pretrial Order No. 14 ("PTO 14") after the plaintiffs below failed to serve Defendants with the required Plaintiff Fact Sheet ("PFS"), and plaintiffs' cases were placed on the Court's agenda for two sequential status conferences:

| Case Number | Plaintiff | Case Filed | PFS Due | Firm Name |
| --- | --- | --- | --- | --- |
| 0:16-cv-00136-JNE-FLN | Hager | 1/21/2016 | 12/26/2016 | Meshbesher & Spence, Ltd. |
| 0:16-cv-00621-JNE-FLN | Weimer | 3/10/2016 | 1/27/2017 (by agreement) | Lockridge, Grindal, Nauen, PLLP |

| | | | | |
|---|---|---|---|---|
| 0:16-cv-02755-JNE-FLN | Fraley | 8/16/2016 | 12/26/2016 | Bernstein Liebhard, LLP |
| 0:16-cv-02757-JNE-FLN | Alford | 8/16/2016 | 12/26/2016 | Bernstein Liebhard, LLP |
| 0:16-cv-02772-JNE-FLN | Wilburn | 8/18/2016 | 12/26/2016 | Bernstein Liebhard, LLP |
| 0:16-cv-02803-JNE-FLN | Johnson | 8/19/2016 | 12/26/2016 | Bachus & Schanker, LLC |
| 0:16-cv-02874-JNE-FLN | Garro | 8/25/2016 | 12/26/2016 | Bernstein Liebhard, LLP |
| 0:16-cv-02896-JNE-FLN | Toler | 8/26/2016 | 12/26/2016 | Bachus & Schanker, LLC |
| 0:16-cv-03383-JNE-FLN | DePriest | 10/6/2016 | 1/4/2017 | Bernstein Liebhard, LLP |
| 0:16-cv-03553-JNE-FLN | Barrett | 10/18/2016 | 1/16/2017 | Gustafson Gluek PLLC |
| 0:16-cv-03781-JNE-FLN | Fling | 10/31/2016 | 1/29/2017 | Bachus & Schanker, LLC |

Plaintiffs Hager (16-cv-00136), Weimer (16-cv-02755), Johnson (16-cv-02874), Toler (16-cv-03383), Barrett (16-cv-03781), and Fling (16-cv-03553) have filed no response to Defendants' motion to dismiss. Accordingly, the Court should grant Defendants' motion to dismiss these plaintiffs as unopposed.[1]

---

[1] Plaintiffs Johnson and Weimer served PFSs on May 11, 2017 and June 1, 2017, respectively – after Defendants filed their motions to dismiss, and six months and four months after their respective deadlines. No excuse has been provided for this extreme delay (indeed, Defendants had even granted a one-month extension to Weimer, to no avail), and the Court should not countenance the flouting of PTO 14. Otherwise what incentive would any plaintiff have to comply?

2

In addition, stipulations of dismissal have now been filed for Plaintiffs Alford (16-cv-02772) and Garro (16-cv-02896), so those cases are no longer at issue in this motion.

The only plaintiffs opposed Defendants' motion are Fraley (16-cv-02757), Wilburn (16-cv-02803), and DePriest (16-cv-03553). Their counsel outlines his failed efforts over the course of several months to procure a PFS from these clients, and then requests a nearly four (4) month extension within which to comply with PTO 14 (or alternatively, dismissal without prejudice for these cases). Those difficulties were never raised with Defendants' counsel, and in any event, they are no excuse. These plaintiffs chose to sue Defendants, and in so doing, they accepted the obligations imposed upon them by PTO 14 and the Court's rules. Dismissal of these cases with prejudice is the appropriate course. If the Court grants more time to these plaintiffs, then it will remove any incentive for *any* plaintiff to comply with PTO 14 until the Defendants have listed their case twice and filed a motion to dismiss. This would be deeply unfair not only to Defendants but also to those plaintiffs who have complied with PTO 14's deadlines.

The Court's authority to dismiss these cases with prejudice is beyond question. A court may dismiss an action with prejudice under Rule 41(b) if a plaintiff "fails to prosecute or to comply with [the Federal Rules] or a court order." Fed. R. Civ. P. 41(b). Under Rule 41(b), bad faith is not required to warrant dismissal. *Williams v. U.S. Bank Nat. Ass'n*, No. 12-cv-1247 (DSD/JJK), 2013 WL 4050749, at *1–2 (D. Minn. Aug. 9, 2013), *citing Doe v. Cassel*, 403 F.3d 986, 990 (8th Cir. 2005) (*per curiam*). Rather, a party must only have "acted intentionally as opposed to accidentally or involuntarily." *Id.* A party's failure to follow a court order despite "a warning from the district court that [she] is skating on the

3

thin ice of dismissal" is evidence of intentionality. *Id. (citing Rodgers v. Curators of Univ. of Mo.*, 135 F.3d 1216, 1221 (8th Cir. 1998)).

These plaintiffs were undoubtedly warned. The deadlines and requirements of PTO 14 were clear and posted on the Court's website. PTO 14 states that, should a case appear on the agenda for two sequential status conferences, "Defendants may make a motion for dismissal for failure to comply with this Court's Pretrial Order as to the allegedly delinquent party." PTO 14, ¶ 8. These plaintiffs were twice listed on sequential status conference agendas. Accordingly, under Rule 41(b) the Court should dismiss these plaintiffs' cases with prejudice.

For these reasons, Defendants respectfully request that the Court dismiss with prejudice the following cases: Hager (16-cv-00136), Weimer (16-cv-02755), Johnson (16-cv-02874), Toler (16-cv-03383), Barrett (16-cv-03781), Fling (16-cv-03553), Fraley (16-cv-02757), Wilburn (16-cv-02803), and DePriest (16-cv-03553).

5

Dated: June 9, 2017	Respectfully submitted,

<u>s/ Benjamin W. Hulse</u>
Jerry W. Blackwell (MN #186867)
Benjamin W. Hulse (MN #0390952)
BLACKWELL BURKE P.A.
431 South Seventh Street
Suite 2500
Minneapolis, MN 55415
Phone: (612) 343-3256
Fax: (612) 343-3205
Email: blackwell@blackwellburke.com
bhulse@blackwellburke.com

Bridget M. Ahmann (MN #016611x)
FAEGRE BAKER DANIELS LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
Phone: (612) 766-7000
Email: bridget.ahmann@faegrebd.com

**Counsel for Defendants 3M Company and Arizant Healthcare, Inc.**