UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: BAIR HUGGER FORCED AIR WARMING DEVICES PRODUCTS LIABILITY LITIGATION | MDL No 15-2666 (JNE/FLN) |
| This Document Relates to: All Actions | MEMORANDUM IN OPPOSITION TO 3M MOTION TO REMOVE CONFIDENTIAL DESIGNATION FROM DOCUMENTS PRODUCED BY AUGUSTINE |

_____

Third parties Dr. Scott Augustine and the Augustine entities (jointly "Augustine") offer this Memorandum in Opposition to the Motion by 3M Company to remove the Confidentiality designation from documents produced by Augustine in response to 3M's discovery.

## Introduction

Once again, 3M is calling on the Court to support 3M's marketing efforts. Under the guise of "the public interest" 3M wants the Court to strip all protection from the confidential emails, business records and R&D reports of 3M's most significant competitor in the field of patient warming. 3M's sudden burst of public spirit is a sham: if allowed, 3M will use the documents to defame and denigrate Dr. Augustine and HotDog patient warming.

Using innuendo, half-truths and selective quotations, 3M will continue the campaign that attorneys Blackwell Burke, acting more as a marketing arm of 3M than as a law firm, began with its "truthaboutbairhugger.com" blog site. Headlines there include:

> **"Don't believe Augustine's latest lies…"**
>
> **"Scott Augustine Strikes Again with False Claims"**
>
> **"…Augustine admits role in manufacturing lawsuits…."**

The Federal Rules allow third-party discovery so that the parties may obtain evidence regarding litigation before the Court—*not* so that a party may obtain documents that it hopes will damage a competitor. As the Court has noted in hearings, it has an obligation to protect third parties that become involved in the battles between the parties. Despite 3M's attempts to characterize the facts otherwise, Augustine is not a party…and it requests the Court's protection from 3M's attempted abuse of the discovery process.

## Background

The Augustine documents that 3M wants to disseminate publicly fall into five categories and appear in order in 3M's Exhibit A:

1. Emails with Kennedy Hodges and the abridged Guide. (Pages 1-14, through 8/25/15)
2. Communications with the FDA. (Pages 14-15, through 3/13/12)
3. Photos and videos from Augustine research (Pages 15-16)
4. Augustine R&D reports (Pages 16-17)
5. Email campaign messages (Page 17)

Augustine is willing to de-designate No. 5—the email campaign messages. Had 3M inquired about this designation specifically, Augustine would have been willing to de-designate without involvement of the Court.

## Standard

The obligation of the Court to protect third parties from being damaged by the discovery process is reflected in the Protective Order issued on April 29, 2016. The information that may be protected from disclosure, the Order states, is that which "could potentially cause harm to the interests of disclosing party or nonparties."

Specifically, Confidential Information includes:

> commercially or competitively sensitive information that would more likely than not **cause competitive harm to the business operations of the producing party**

2

> including, but not limited to: (i) business/strategic plans; (ii) sales, cost, and price information, including sales/financial projections; (iii) non-public marketing information; (iv) non-public detailed sales and financial data; (v) customer lists; (vi) **non-public technical information**; or (vii) **other non- public information of competitive, financial, or commercial significance comparable to the items listed** in this subparagraph…."
> (emphasis added)

The only information specifically excluded from such designation is "[i]nformation or documents that are available to the public…."

## Application of the Standard

Other than the email campaign messages (which Augustine has de-designated), none of the documents on 3M's Exhibit A are available to the public, so none are specifically excluded from being Confidential Information.

1. <u>Emails with Kennedy Hodges and the abridged Guide</u>--

Items in the first category definitely include "non- public information of competitive, financial, or commercial significance."   The mere fact that the communications are between Augustine and a third party does not make them public or deprive them of confidential status.

Prohibiting third-party communications from protection would be illogical. In order to function, businesses must share internal technical, strategic and transactional information—but they *choose* with whom to share such information, and they choose from whom the information should be kept secret.  No business would reasonably expect the Court to order that its communications with third parties be published to the world – especially if its major competitor is allowed to shape the message.

Augustine provided the abridged Guide to Kennedy Hodges.  It obviously contains information of competitive and commercial significance. Although Kennedy Hodges shared the document further, that fact does not exclude the document from protection:  the abridged Guide is not "available to the public."  Kennedy Hodges selected with whom to share the information. It was not published

3

indiscriminatorily; it cannot be found by a Google search.

2. Communications with the FDA—

For a medical device manufacturer, almost nothing is more important –or more potentially commercially and competitively sensitive—than its communications with the FDA. Any manufacturer would love to exploit any inconsistencies (actual or manufactured) that it could glean from its competitors' communications with their most important regulator. While it may be that 3M can obtain these communications through a Freedom of Information Act request, the decision of what to make public and what to keep confidential should remain with the FDA and not be usurped by the Court.

3. Photos and videos from Augustine research—

As required by the Court, Augustine has produced to its most significant (and most competitively vicious) competitor hundreds of photos and videos relating to Augustine's investigation of the thermodynamics of forced-air warming in a simulated operating theater. 3M arguably needed these photos and videos to defend itself in this litigation—but that does not mean that 3M should be allowed to use the photos and videos in its marketing campaign <u>against Augustine</u>. Augustine paid for and built the simulated operating theater; Augustine employees conducted the experiments; Augustine video and audio equipment was used in the filming of the experiments by Augustine employees. 3M should not be allowed to usurp the benefits of this expense and labor.

3M has other competitors. Could anyone imagine that a Court would order Ecolab or Johnson & Johnson to turn their research over to 3M so that 3M could twist it into marketing campaigns against those businesses? Obviously not—and precisely the same logic should be applied here.

4. Augustine R&D reports—

The same logic applies as to No. 3: Augustine paid its employees or outside consultants to perform R&D. Those persons produced reports. 3M succeeded in convincing the Court that it needed

4

those reports to defend itself in this litigation—but that does not mean that 3M should be able to use the reports to attack Augustine. To repeat: Augustine is not a party to the underlying litigation. Despite 3M's ridiculous characterization of Dr. Scott Augustine as the "master manipulator" behind the 2,000+ lawsuits filed in this MDL, Augustine is simply a competitor over which 3M wants to gain an advantage.

This power to obtain discovery from third parties is intended to allow an accused to properly defend itself. It is a shield—not a sword to be used against the very third parties that are compelled to produce the documents and information. 3M is attempting to abuse this power. The Court should not allow itself to be used in this manner.

### Conclusion

The Augustine documents that 3M wants to make public are <u>exactly</u> the sort of documents that the Protective Order was designed to protect. 3M makes no secret of the fact that it intends to use the documents to "**cause competitive harm to the business operations of the producing party.**"

Although 3M's brief makes its intentions perfectly clear, ever more evidence can be found in the language that 3M presumably insisted be included in the Protective Order. 3M retained the right to appeal to the Court before 3M's Confidential Information was shown to anyone "involved in the design, manufacture, or distribution of forced-air patient warming products or Augustine Biomedical & Design's HotDog Patient Warming System…."

One might reasonably ask: If 3M is concerned about its Confidential Information being revealed to Augustine—presumably because of competitive concerns—how can 3M justify asking the Court to allow it to use Augustine Confidential Information for clearly competitive purposes? 3M may argue that it was more selective in its designations than Augustine—but the mere fact that 3M wants to use Augustine's Confidential Information for 3M's marketing confirms the validity of Augustine's designations.

3M wants to cause competitive harm: what other purpose could it possible have?

Augustine asks the Court to deny 3M's motion to remove Augustine's emails, documents, research reports, photos and videos from the protection of the April 29, 2016 Order.

        Respectfully submitted,

        s/ J. Randall Benham

        J. Randall Benham
        MN Bar No. 0154726
        6581 City West Parkway
        Eden Prairie, MN 55127

**CERTIFICATE OF SERVICE**

This is to certify that on June 12, 2017 a copy of the forgoing instrument was served on all parties via the Court's electronic filing system.

By: /s/ J. Randall Benham