## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: BAIR HUGGER FORCED AIR WARMING DEVICES PRODUCTS LIABILITY LITIGATION<br><br><br>This Document Relates to:<br>Weimer, 0:16-CV-00621-JNE-FLN | MDL NO. 15-2666 (JNE/FLN) |

## PLAINTIFF'S MEMORANDUM IN
## OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

Plaintiff Margaret Weimer ("Plaintiff") submits this Memorandum in Opposition to Defendants' Motion to Dismiss.

## INTRODUCTION

Defendants seek to dismiss Ms. Weimer's case with prejudice because of a delay in the submission of her Plaintiff Fact Sheet (PFS). Plaintiff acknowledges that her PFS was untimely; however, it has been submitted and any known deficiencies cured. Ms. Weimer's case is not part of the Bellwether pool and there are no outstanding discovery obligations in Ms. Weimer's case. As set forth in greater detail below, Ms. Weimer initially had multiple claims on file (with separate law firms) and it took several months to resolve this issue. Unfortunately, there was no meet and confer between Ms. Weimer's counsel and counsel for 3M after the initial exchange in January 2017. There were, however, exchanges with Liaison Counsel, which Plaintiff understood to be sufficient under the circumstances. There is no evidence of intentional disregard of this Court's Orders or appreciable prejudice to Defendants by the delay. Defendants fail to

517144.3

demonstrate a legitimate basis for the extraordinary remedy sought by their motion.

Plaintiff respectfully requests that this Court deny Defendants' Motion in its entirety.

## I.    FACTS

1. The undersigned commenced Ms. Weimer's claim on March 10, 2016.

2. On March 28, 2016, Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor P.A. filed a claim on behalf of Ms. Weimer in this MDL.[1]

3. On March 29, 2016, the undersigned received notification of a potential dual representation issue.

4. On March 31, 2016, the undersigned contacted Ms. Weimer regarding the potential dual representation issue.  Unfortunately, this created a substantial amount of confusion for Ms. Weimer who was 78 years old at that time.

5. During the next several months, the undersigned attempted to communicate with Ms. Weimer regarding her case obligations; however, Ms. Weimer did not respond.

6. Pursuant to PTO 14, Ms. Weimer's PFS was due on or about December 27, 2016.  The undersigned attempted to reach Ms. Weimer on multiple occasions regarding the PFS obligation.

7. On January 18, 2017, Defendants filed a Motion for an Order to Show Cause why Ms. Weimer's case should not be dismissed.

8. On January 18, 2017, the undersigned contacted Defendants regarding Ms. Weimer's outstanding PFS and the surrounding circumstances.  *See* Exhibit A.

9. Counsel for 3M agreed to extend the PFS deadline to January 27, 2017. *See* Exhibit B.

---

[1] *See* Margaret Weimer v. 3M Company, Case Number 0:16-cv-00796.

10. The undersigned continued their attempts to reach Ms. Weimer regarding the outstanding PFS. Indeed, the undersigned's firm reached out to Ms. Weimer on 13 occasions (via telephone and correspondence) between December and March. *See* Affidavit of Rosa Trembour. During this time, the undersigned also communicated with Ms. Weimer's other counsel, the Levin Papantino firm, regarding resolution of the dual representation issue. The dual representation issue was ultimately resolved and Levin Papantino filed a Stipulation of Dismissal of the later filed action (i.e., the duplicate action) on April 13, 2017.[2]

11. On April 14, 2017, Liaison Counsel contacted the undersigned regarding Ms. Weimer's outstanding PFS and indicated that defense counsel had reached out to their office regarding the status of the PFS. *See* Exhibit C.

12. On April 21, 2017, the undersigned provided Liaison Counsel with an update regarding the status of the outstanding PFS. *See* Exhibit C.

13. In April and May 2017, the undersigned communicated with Ms. Weimer on at least 6 more occasions regarding the PFS and worked diligently to comply with the outstanding discovery obligation and to update Liaison Counsel, which the undersigned understood was acting as the liaison between defense counsel and plaintiff on this issue. As such, the undersigned did not reach out directly to 3M's counsel on this issue, which may have been preferable given the current motion.

14. On May 10, 2017, Defendants filed a Motion to Dismiss numerous cases with outstanding Fact Sheets. Ms. Weimer's case was included in this motion because her PFS was outstanding. *See* Docket No. 424.

15. Plaintiff served her completed PFS via the Portal on June 1, 2017 and understood that this service corrected the deficiency at issue in the Motion to Dismiss. *See* Exhibit D. Notwithstanding, Plaintiff's case continued to appear on Defendants' June 5, 2017 list of cases for dismissal. Thus, in an effort to clarify this issue, the undersigned communicated with Defendants on June 7, 2017 to confirm that the Weimer fact sheet, and all outstanding deficiencies, had been cured. *See* Exhibit E. The undersigned received no response and, unfortunately, assumed that Ms. Weimer's case would be removed from the Motion to Dismiss. Notwithstanding, Defendants filed their Reply to the Motion to Dismiss on June 9, 2017. Docket No. 530.

---

[2] *See* Stipulation of Dismissal with Prejudice, Case Number 0:16-cv-00796, filed on April 13, 2017, Docket No. 302.

## II.    LEGAL STANDARD

"[D]ismissals with prejudice are drastic and extremely harsh sanctions." *Bergstrom v. Frascone*, 744 F.3d 571, 575 (8th Cir. 2014) (citing *Sterling v. United States*, 985 F.2d 411, 412 (8th Cir. 1993)).  Dismissal with prejudice "[s]hould be used only in cases of willful disobedience of a court order or continued or persistent failure to prosecute a complaint."  *Givens v. A.H. Robins Co., Inc.*, 751 F.2d 261, 263 (8th Cir. 1984).  To justify the extreme sanction of dismissal with prejudice, the Eight Circuit requires "[f]ar more egregious and willful conduct than presented here."  *Smith v. Gold Dust Casino*, 526 F.3d 402, 405 (8th Cir. 2008) (where plaintiff made sincere efforts to complete discovery and thus did not intend to delay the proceedings by failing to comply with discovery).  "[T]he ultimate sanction of dismissal with prejudice should only be used when lesser sanctions prove futile."  *Rodgers v. Curators of Univ. Of Mo.*, 135 F.3d 1216, 1222 (8th Cir. 1998) (citing *Herring v. Whitehall*, 804 F.2d 464, 468 (8th Cir. 1986)).

## III.    ARGUMENT

1. **Defendants have not suffered any undue prejudice as a result of the delay.**

Defendants have not been prejudiced by the delay in submitting Ms. Weimer's PFS.  Indeed, Defendant's Motion fails to articulate any appreciable burden or prejudice to Defendants that resulted from the extraordinary circumstances that surround Ms. Weimer's case and the attendant delay.  Ms. Weimer's case is not included in the Court's Bellwether Trial pool and the case is essentially stayed during the pendency of the

Bellwether cases – with the exception of the PFS obligation.  There is no trial date set for Ms. Weimer's case and no case specific discovery obligations (again, other than the PFS).  Thus, there is no additional or undue burden or prejudice with respect to expert reports, completion of case specific depositions, trial preparation etc. as it pertains to Ms. Weimer's claim.

### 2.   Plaintiff Did Not Intentionally Disregard PTO 14.

There is no evidence to suggest that Ms. Weimer intentionally disregarded this Court's Order and/or that there was willful intent to circumvent PTO 14.  To the contrary, the undersigned contacted Plaintiff on at least 19 occasions in an effort to comply with PTO 14 and resolve the outstanding PFS issue.  *See* Trembour affidavit.  Additionally, as noted above, the dual representation issue, particularly when combined with Ms. Weimer's age, significantly contributed to the confusion and attendant delay.  The undersigned acknowledges and fully appreciates the obligations of PTO 14 and recognizes that counsel should have filed a formal response to Defendants' May 10, 2017 Motion to Dismiss.  However, based on the communications with Liaison Counsel in which we advised that the PFS was forthcoming, there was an assumption that submission of the PFS would ultimately obviate the need for a response to the Motion.  In hindsight, it appears this was incorrect.  The undersigned even reached out to defense counsel on June 7th in an effort to confirm that this matter had been fully addressed.  Unfortunately, Defendants did not respond to the undersigned and chose to simply file a Reply brief.

In support of their Motion, Defendants rely on *Rodgers v. Curators of Univ. Of Mo.*, 135 F.3d 1216, 1220 (8th Cir. 1998).  This reliance is, however, misplaced.  In *Rodgers*, the Court affirmed the district court's dismissal with prejudice, finding that appellant "willfully delayed his litigation against appellees."  *Id*. at 1221.  In *Rodgers*, unlike the present case, the appellant deliberately violated the court's orders over the course of a two-year time period, failed to appear for his court-ordered deposition, and changed counsel four times during the course of the litigation.  *Id*.

Here, there are no facts to suggest that Ms. Weimer intentionally avoided her PTO 14 responsibilities.   Ms. Weimer is 79 years old, and she previously expressed confusion regarding her representation.  As soon as the confusion resolved in April of this year, Ms. Weimer worked with counsel to fulfill her obligations as a plaintiff in this litigation. Counsel is now in regular contact with Ms. Weimer and she understands that her timely responses are necessary to continuing forward in this litigation.

## IV.     CONCLUSION

Plaintiff respectfully requests that the Defendants' Motion to Dismiss be denied.

Dated:  June 14, 2017                    **LOCKRIDGE GRINDAL NAUEN, P.L.L.P.**

By: s/   Yvonne M. Flaherty
Yvonne M. Flaherty, #267600
Rosa S. Trembour, #0398225
100 Washington Ave S, Suite 2200
Minneapolis, MN 55401
(612) 339-6900
ymflaherty@locklaw.com
rstrembour@locklaw.com

*Attorneys for Plaintiff*