UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: BAIR HUGGER FORCED AIR WARMING DEVICES PRODUCTS LIABILITY LITIGATION | MDL No. 15-2666 (JNE/FLN) |

**ORDER**

———————————————————————

Monica Davies for Defendants.
J. Randall Benham for Respondent Scott Augustine *et al*.
Genevieve Zimmerman for Plaintiffs.

———————————————————————

**THIS MATTER** came before the undersigned United States Magistrate Judge on June 19, 2017, on Defendants' motion to remove "confidential" designation from documents produced by Respondents Scott Augustine and his related entities ("Augustine") (ECF No. 517). For the reasons that follow, Defendants' motion to remove "confidential" designation is **GRANTED**.

On January 5, 2017, the parties and Augustine entered into a special Protective Order. *See* PTO No. 17, ECF No. 178. Pursuant to this Order:

> "Augustine Competitively Sensitive Information" is defined as information that Augustine avers in good faith has been previously maintained in a confidential manner and should receive enhanced protection from disclosure *and use beyond the protections available under Pretrial Order No. 7* because its disclosure and use is highly likely to cause competitive harm to Augustine. For purposes of this Order, Augustine will limit its designation of "Augustine Competitively Sensitive Information" to the following categories of non-public information or documents: (i) lists of HotDog customers; (ii) trade show leads; and (iii) internal reports about HotDog product trials at customer hospitals. Augustine reserves its right to request amendment of this order to add additional categories of documents that may be designated. Information or documents that are available to the public may not be designated as Augustine Competitively Sensitive Information. . . . Paragraphs 8, 9, 10, 11, 12, 13, 14, 15, 16, and 18 of Pretrial Order No. 7 all apply to Augustine Competitively Sensitive Information and are incorporated by reference.

PTO No. 17 ¶¶ 2, 7. All other categories of documents were contemplated by the parties to be subject to the protections of Pretrial Order No. 7. *See id*.; *see also* Augustine Opp'n Mem. 5, ECF No. 531 ("Augustine asks the Court to deny 3M's motion to remove Augustine's emails, documents, research reports, photos and videos from the protection of the April 29, 2016 Order."). That is to say, Augustine contemplated itself to be bound by Pretrial Order No. 7.

Pretrial Order No. 7 provides that "Designated Confidential Information must be used or disclosed solely for purposes of prosecuting or defending this lawsuit, including any appeals, or any other related legal proceeding brought by one of the parties to this litigation." PTO No. 7, ECF No. 39 ¶ 7(a). The protective order defines "Confidential Information" as: "information that the producing party designates in good faith has been previously maintained in a confidential manner and should be protected from disclosure and use outside the litigation because its disclosure and use is restricted by statute[1] or could potentially cause harm to the interests of disclosing party or nonparties." *Id.* ¶ 2. PTO No. 7 then lists several categories of documents that might meet this definition, including: (1) trade secret information, (2) proprietary confidential information or commercially or competitively sensitive information, (3) non-public marketing information, (4) non-public detailed sales and financial data, (5) customer lists, (6) nonpublic technical information, or (7) other non-public information of competitive, financial, or commercial significance comparable to the foregoing categories. *Id.*

Both PTO No. 7 and 17 explicitly state that the information deemed confidential must, in good faith, satisfy the enumerated categories, and that "[i]nformation or documents that are available to the public may not be designated as Confidential Information." PTO No. 7 ¶ 2, PTO

No. 17 ¶ 7. Under PTO No. 7, "[t]he party asserting that the material is Confidential shall have the burden of proving that the information in question is within the scope of protection afforded by Fed. R. Civ. P. 26(c)." PTO No. 7 ¶¶ 2, 9; *see also* PTO No. 17 ¶ 7 (incorporating by reference PTO No. 7 ¶ 9). Within the context of PTO No. 7, Augustine has the burden to establish that each document it has designated as confidential: "[1] has been previously maintained in a confidential manner and [2] should be protected from disclosure and use outside the litigation because its disclosure and use is restricted by statute or could potentially cause harm to [its] interests." *Id.* ¶ 2. The Court is bound by its own Orders and the Federal Rules of Civil Procedure.

    In yet another chapter in Defendants' and Augustine's use of the federal courts to engage in a public relations battle against one another, Defendants now seek to de-designate a subset of documents produced by Augustine and designated confidential, contending that: (1) the documents do not satisfy the requirements of Rule 26(c) or the Protective Order, and (2) their content has already been publicized to a great extent. Mot. to De-designate, ECF No. 517. Specifically, Defendants assert that the documents listed in Exhibit A to Monica Davies' Declaration includes: (1) the litigation guide prepared by Augustine, and communications between him and others (including Plaintiffs' counsel) regarding its preparation, editing, and dissemination; (2) communications regarding the status of early Bair Hugger litigation and how to publicize it; (3) negative publicity regarding the Bair Hugger generated and/or encouraged by Augustine, including public presentations regarding his criticisms of the Bair Hugger system and videos made publicly available via YouTube; (4) communications between Augustine and the

---

[1] Neither party contends that any of the disputed documents are restricted by statute.

3

FDA regarding Augustine's misleading statements about the Bair Hugger system and his competing HotDog product; (5) data underlying studies relied upon by Augustine and Plaintiffs to support their claims that the Bair Hugger causes surgical site infections; and (6) documents pertaining to the email blast initiated by Augustine in early 2017 falsely claiming that the Bair Hugger system is facing a recall. Defs.' Mem. in Supp. of Mot. to De-designate, ECF No. 519; Davies Decl. Ex. A, ECF No. 521 (cataloging all of the documents in dispute). As Defendants challenge the confidential designations made by Augustine, contending that the documents at issue either do not fall into a protected category or have been made available to the public, *see generally* ECF Nos. 517, 519, 521 at Ex. A, it is Augustine's burden to prove that "the information in question is within the scope of protection afforded by Fed. R. Civ. P. 26(c)." PTO No. 7 ¶ 9; PTO No. 17 ¶ 7. [2]

Augustine opposes the motion maintaining that Defendants are merely attempting to cause it competitive harm.[3] *See generally* ECF No. 531. Counsel for Augustine acknowledged at the hearing that outside of its six page opposition memorandum, it has provided neither an affidavit nor evidence to support the confidentiality designations of the documents at issue. Other than reiterating to the Court that it would be illogical to de-designate these documents, Augustine has offered no evidence that the documents fall within the listed protected categories of either of the Protective Orders, or that these documents have been maintained as confidential. ECF No.

---

[2] Augustine admits that those documents it refers to as 'the email campaign messages' should be de-designated as confidential. *See* ECF No. 531 at 2.

[3] Defendants conceded at the hearing that the only reason they seek to de-designate these documents is so they can use them in its public relations campaign against Dr. Augustine and his related entities. Counsel disclaimed any adverse impact on its ability to defend itself in the litigation from the confidential designation.

531; PTO Nos. 7, 17. Because Augustine has failed to meet its burden to show that the documents in question are confidential information subject to the protective order in this case, Defendants' motion must be granted. *See* ECF No. 521, Ex. A; *see also* PTO Nos. 7, 17.[4]

Based on the foregoing, and all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendants' motion to remove "confidential" designation from documents produced by Augustine (ECF No. 517) is **GRANTED**.

DATED: June 26, 2017

*s/Franklin L. Noel*
FRANKLIN L. NOEL
United States Magistrate Judge

---

[4] The Court finds the conduct of both Dr. Augustine and Defendants in using documents disclosed in discovery for their respective commercial and public relations purposes unseemly and unbecoming. But in deciding issues presented to it, the Court is bound to apply the law to the facts presented. As Dr. Augustine and his related entities have failed to meet their burden to establish that the documents in question are entitled to remain designated as confidential, Defendants' motion must be granted.