UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

In re: BAIR HUGGER FORCED AIR                          MDL No. 15-2666 (JNE/FLN)
WARMING DEVICES PRODUCTS
LIABILITY LITIGATION

**ORDER**

_____

Genevieve Zimmerman, Michael Sacchet, Jan Conlin, Gabriel Assaad,
Behram Parekh, and Kyle Farrar for Plaintiffs.
Jerry Blackwell, Ben Hulse, Bridget Ahmann, Monica Davies, Corey Gordon for Defendants.

_____

**THIS MATTER** came before the undersigned United States Magistrate Judge on May 18, 2017, on Plaintiffs' motion for leave to amend their Complaints to add a claim for punitive damages against Defendants 3M and Arizant Healthcare, Inc. (collectively "Defendants") (ECF No. 307). For the reasons set forth below, Plaintiffs' motion **remains under advisement** pending further briefing.

**A.   Introduction**

On December 11, 2015, product liability actions surrounding the Bair Hugger Forced Air Warming Device ("Bair Hugger") pending in Districts all over the country, were consolidated into a Multi-District Litigation ("MDL") and transferred to the District of Minnesota. Transfer Order, ECF No. 1. Plaintiffs filed a Master Long Form Complaint and a Master Short Form Complaint alleging that the Bair Hugger "dramatically increase[s] the risk of infection for patients undergoing lengthy surgeries, especially hip and knee replacement surgeries." PTO 8, ECF No. 46, Exs. A and B.

Plaintiffs now seek to amend the Master Long Form and Master Short Form Complaints to add claims for punitive damages to each respective Complaint in the consolidated MDL. Mot. to

Amend, ECF No. 307; Pls.' Mem. in Supp. of Mot. to Amend, ECF No. 311. Plaintiffs' motion assumes that Minnesota's statute regarding punitive damages governs amendment of all of the Complaints. *Id.*; Minn Stat. §§ 549.191, .20. Defendants oppose the motion, contending that Plaintiffs' have failed to articulate or establish that they are entitled to allege punitive damages under the substantive law of the various states represented in the 1,950 active federal cases consolidated in the MDL. Defs.' Opp'n Mem. 3, 5, ECF No. 436.

In light of the United States Supreme Court's decision in *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 406 (2010), it is unclear to this Magistrate Judge what rule of law governs the pending motion. Is it the Federal Rule of Civil Procedure 15 standard that, "the Court should freely give leave when justice so requires?" Fed. R. Civ. P. 15. Is it the Minnesota punitive damages statute, requiring a *prima facie* showing of the evidence necessary to prevail on a punitive damages claim at trial? Minn Stat. §§ 549.191, .20; *see also* ECF No. 311. Is it the law of the various states represented in the nearly 2,000 individual cases consolidated into this MDL? *See generally* ECF No. 436. Or, is it something else altogether? For the reasons set forth below, the Court orders counsel to file supplemental memoranda, not to exceed ten pages, explaining how the Supreme Court's decision in *Shady Grove* impacts the question posed by Plaintiffs' motion to amend. ECF No. 307.

**B.**     ***Erie* and its Progeny**

The United States Supreme Court has held that the principles of federalism prohibit Congress from "declar[ing] substantive rules of common law applicable in a state." *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). "Except in matters governed by the Federal Constitution or by Acts of Congress, the law to be applied in any [diversity] case is the law of the State." *Id.* at 78. As noted in Justice Reed's concurring opinion in *Erie*, however, "[t]he line between

procedural and substantive law is hazy, but no one doubts federal power over procedure." *Id.* at 92 (Reed, J., concurring in part).

Pursuant to the Rules Enabling Act, "The Supreme Court of the United States [has] the power to prescribe, by general rules, for the district courts of the United States and for the courts of the District of Columbia, the . . . procedure in civil actions at law. Said rules shall neither abridge, enlarge, nor modify the substantive rights of any litigant." *Sibbach v. Wilson & Co.*, 312 U.S. 1, 7–8, (1941) (internal citations omitted). In *Guaranty Trust Co. v. York*, the Court clarified that *Erie* ensures "that, in all cases where a federal court is exercising jurisdiction solely because of the diversity of citizenship of the parties, the outcome of the litigation in the federal court should be substantially the same, so far as legal rules determine the outcome of a litigation, as it would be if tried in a State court." *Guaranty Trust Co. v. York*, 326 U.S. 99, 109 (1945). In *Hanna v. Plumer*, the Court again clarified, that Rule 4(d)(1) of the Federal Rules of Civil Procedure, relating to service of process, "is valid and controls," even though it conflicts with a state law, which if followed would result in an entirely different outcome. *Hanna v. Plumer*, 380 U.S. 460, 474 (1965); *see also Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996) (internal citations omitted) ("Except in matters governed by the Federal Constitution or by Acts of Congress, the law to be applied in any case is the law of the State."). The evolution of *Erie* and its progeny have come to be known as the *Erie* Doctrine, and require a federal court sitting in diversity jurisdiction to apply state substantive law and federal procedural law.

Minnesota's punitive damages law acts as a gatekeeping statute, prohibiting a plaintiff from seeking punitive damages in his or her initial complaint. *See* Minn. Stat. § 549.191. Instead, after an opportunity for discovery, a plaintiff may move to amend the pleadings to claim punitive damages, and must "show[] the factual basis for the [punitive damages] claim" by submitting

3

"one or more affidavits." *Id.* Both parties agreed at the hearing that the Minnesota punitive damages statute regulates procedure. Several diversity decisions in this District have addressed the intersection of the *Erie* Doctrine and Minnesota's punitive damages statute. *See e.g.*, *In re Baycol Prod. Litig.*, 218 F.R.D. 197 (D. Minn. 2003); *In re Mirapex Prod. Liab. Litig.*, No. CV 06-1206 JMR/FLN, 2007 WL 9636345, at *1 (D. Minn. Nov. 27, 2007); *In re Levaquin Prods. Liab. Litig.* (*Levaquin II*), No. 08-cv-5743 (JRT), 2010 WL 4867588, at *2 (D. Minn. Nov. 23, 2010); *Healey v. I-Flow, LLC*, 853 F. Supp. 2d 868 (D. Minn. 2012). None, however, have addressed that question in light of the United States Supreme Court's decision in *Shady Grove*. *See* 559 U.S. 393.

**C.**     ***Shady Grove***

In *Shady Grove*, the United States Supreme Court held, in a fragmented 4:1:4, decision that Federal Rule of Civil Procedure 23 permitted the maintenance of a class action in federal court where a conflicting New York state statute would have prohibited it. *Id.* at 398 (Scalia, J., opinion). The first question presented was whether Rule 23 and the New York statute addressed the same subject matter. *Id.* Writing for a five-justice majority that included Justice Stevens, Justice Scalia held that they did. *Id.* at 402 (Scalia, J., opinion). Rejecting a construction of Rule 23 that would have avoided a conflict between the Federal Rule and that state statute, Scalia wrote, "[w]e cannot contort its text, even to avert a collision with state law that might render it invalid." *Id.* at 406 (Scalia, J., opinion) (citing *Walker v. Armco Steel Corp.*, 446 U.S. 740, 750 n.9 (1980)).

The second question was whether Rule 23 is valid under the Rules Enabling Act. *Id.* at 404. There Justice Scalia and Justice Stevens had slightly different answers, but agreed that Rule 23 is valid under the Rules Enabling Act. *See id.* at 406–07 (Scalia, J., plurality opinion), 423

(Stevens, J., concurring). In deciding whether there is a conflict between the Federal Rule and a state statute, Justice Scalia focused on the procedural nature of the Federal Rule. *See id.* If a federal rule "really regulates procedure," Scalia wrote, "it is authorized by [the Rules Enabling Act] and is valid in all jurisdictions, with respect to all claims, regardless of its incidental effect upon state-created rights." *Id.* at 410. Justice Stevens, on the other hand, focused on the procedural nature of the state law that conflicts with the Federal Rule, he reasoned that, "there are some state procedural rules that federal courts must apply in diversity cases because they function as a part of the State's definition of substantive rights and remedies." *Id.* at 417 (Stevens, J., concurring). A state procedural rule is not preempted, according to Justice Stevens' concurrence, so long as it is "so bound up with," or "sufficiently intertwined with," a substantive state-law right or remedy "that it defines the scope of that substantive right or remedy." *Id.* Ultimately, Stevens agreed with Justice Scalia's four-member plurality that Rule 23 must be followed because, in conformity with the Rules Enabling Act, it does not "abridge, enlarge, or modify any substantive [state] right [or remedy]." *Id.* at 417–18, 423 (Stevens, J., concurring) (quoting 28 U.S.C. § 2072(b)).

Post-*Shady Grove*, a district court sitting in diversity jurisdiction, must first decide if there is a Federal Rule of Civil Procedure that "answers the question in dispute," *Id.* at 393 (Scalia, J., plurality opinion), or is "sufficiently broad to control the issue before the court." *Id.* at 421 (Stevens, J., concurring). If so, the Federal Rule of Civil Procedure must apply, unless, in violation of the Rules Enabling Act, the Federal Rule does not "really regulate[ ] procedure," *id.* at 410 (Scalia, J., plurality opinion), or would "abridge, enlarge or modify any substantive right." *Id.* at 417–18 (Stevens, J., concurring) (quoting 28 U.S.C. § 2072(b)).

D.   **Application of *Shady Grove* to Plaintiffs' Motion to Amend**

Although not always in agreement as to the reasoning, the Judges and Magistrate Judges of this Court have consistently applied the Minnesota punitive damage statute in diversity cases where state law supplies the rule of decision. *See e.g., In re Baycol Prod. Litig.*, 218 F.R.D. at 197; *In re Mirapex Prod. Liab. Litig.*, 2007 WL 9636345, at *1; *Levaquin II*, 2010 WL 4867588, at *2; *Healey,* 853 F. Supp. 2d at 868. In none of these cases, however, did the Judges of this Court address the Supreme Court's holding in *Shady Grove*.

Rule 15 of the Federal Rules of Civil Procedure governs the amendment of pleadings in federal actions. *See* Fed. R. Civ. P. 15. The Rule provides that a party may amend its pleading once as a matter of course within 21 days of service, otherwise only with either the opposing party's written consent or with leave of the court. The Rule expressly provides that, "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Although courts liberally construe this rule, there is no absolute right to amend. *See Ferguson v. Cape Girardeau Cnty.*, 88 F.3d 647, 650–51 (8th Cir. 1996). However, only limited circumstances justify a district court's refusal to grant leave to amend pleadings, such as "undue delay, bad faith on the part of the moving party, futility of the amendment or unfair prejudice to the opposing party." *Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987).

As more than 21 days have passed since Defendants served their Answer, if the issue at hand is governed by Federal Rule 15, Plaintiffs' require written consent of the opposing party or leave of Court in order to amend their Master Long Form and Short Form Complaint to allege a claim for punitive damages. *See* Fed. R. Civ. P. 15. If, on the other hand, the issue is governed by the Minnesota statute for amending punitive damages, Plaintiffs' are required to first make a *prima facie* showing of evidence of entitlement to such damages before being permitted to amend their Complaints. *See* Minn. Stat. § 549.191.

*Shady Grove* provided much needed clarity to the Supreme Court's *Erie* jurisprudence, but leaves unanswered a few questions in the context of the instant motion. First, does Rule 15 conflict with Minnesota's punitive damages statute? Five Justices, including Stevens, agreed that the text of a federal rule cannot be contorted even to avert a collision with state law that might render it invalid. 559 U.S. at 410 (Scalia, J., opinion). Stevens joined Scalia's opinion on the question of whether there was a conflict between Rule 23 and the New York statute. *Id.* at 402 (Scalia, J., opinion). In his own words, Stevens said Rule 23 was, "sufficiently broad to control the issue before the court." *Id.* at 421 (Stevens, J., concurring). *See also Hanna*, 380 U.S. at 472; Kevin M. Clermont, *The Repressible Myth of Shady Grove*, 86 Notre Dame L. Rev. 987, 1038 (2011) ("a state statute regulating the pleading of punitive damages should not apply in federal court."). It appears to this Magistrate Judge at first look that *Shady Grove* might compel the conclusion that there is a conflict between Rule 15 and the Minnesota statute. The Court, however, invites the parties in their supplemental memoranda to address that question.

Second, which *Shady Grove* opinion is this Court required to apply? "When a fragmented Court decides a case and no single rationale explaining the result enjoys the assent of five Justices, the holding of the Court may be viewed as that position taken by those Members who concurred in the judgments on the narrowest grounds." *Marks v. United States*, 430 U.S. 188, 193 (1977) (internal citations omitted). In light of the fragmented decision in *Shady Grove*, what is its ultimate holding?

Third, is Rule 15 valid under the Rules Enabling Act? Put differently, under Justice Scalia's analysis, does it "really regulate[ ] procedure[?]" *See id.* at 410 (Scalia, J., plurality opinion). Or under Justice Stevens' analysis, does Rule 15, "abridge, enlarge or modify any substantive right" or remedy, in violation of the Rules Enabling Act? *See id.* at 417–18 (Stevens,

7

J., concurring) (quoting 28 U.S.C. § 2072(b)).

After answering the foregoing questions, the parties are free to suggest any alternative analysis of how, if at all, *Shady Grove* interacts with the question currently before the Court, whether Plaintiffs may amend their Complaints to allege a claim for punitive damages.

**F.    Order**

Based upon all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that the parties submit simultaneous supplemental memoranda, not to exceed ten pages, addressing the question of whether and to what extent the Supreme Court's holding in *Shady Grove* impacts the analysis of whether to permit Plaintiffs to amend their Complaints to allege a claim for punitive damages in these consolidated cases. Parties must make their submissions no later than July 17, 2017.

DATED: July 5, 2017                              *s/Franklin L. Noel*
                                                 FRANKLIN L. NOEL
                                                 United States Magistrate Judge