UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: BAIR HUGGER FORCED AIR WARMING DEVICES PRODUCTS LIABILITY LITIGATION | MDL No. 15-2666 (JNE/FLN) |

This Document Relates To:

Spaich, 0:16-cv-04360-JNE-FLN
Manzanares, 0:16-cv-04381-JNE-FLN
Harkleroad, 0:16-cv-01986-JNE-FLN
Hurst, 0:16-cv-02083-JNE-FLN
Bryson, 0:16-cv-02936-JNE-FLN
Kaelin, 0:16-cv-03058-JNE-FLN

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO COMPLY WITH PRETRIAL ORDER NO. 14**

Pursuant to the Court's Pretrial Order No. 14 ("PTO 14"), entered September 27, 2016, Defendants 3M Company and Arizant Healthcare Inc. (collectively, "Defendants") respectfully move the Court to dismiss the following Plaintiffs' cases for failure to comply with PTO 14:

| Case Number | Title | Firm Name |
|---|---|---|
| 0:16-cv-04360-JNE-FLN | Spaich v. 3M Company | McGlynn, Glissoin & Mouton |
| 0:16-cv-04381-JNE-FLN | Manzanares v. 3M Company | Bernstein Liebhard LLP |
| 0:16-cv-01986-JNE-FLN | Harkleroad v. 3M Company et al. | Kennedy Hodges, L.L.P. |
| 0:16-cv-02083-JNE-FLN | Hurst et al v. 3M Company et al. | Kennedy Hodges, L.L.P. |
| 0:16-cv-02936-JNE-FLN | Bryson v. 3M Company | Pendley, Baudin & Coffin L.L.P. |
| 0:16-cv-03058-JNE-FLN | Kaelin v. 3M Company et al. | Kennedy Hodges, L.L.P. |

As set forth below, Plaintiffs Spaich and Manzanares failed to serve a Plaintiff Fact Sheet ("PFS") as required under PTO 14, ¶ 2 and, to date, remain delinquent. Additionally, Plaintiffs Harkleroad, Hurst, Bryson, and Kaelin each served a PFS, but the PFSs contain core deficiencies (as defined by PTO 14) that remain uncured. Defendants placed the above cases on the agenda for two sequential Court status conferences. Dismissal of these cases with prejudice is therefore appropriate under PTO 14, ¶ 8.

## ARGUMENT

The Court's Pretrial Order No. 14, entered September 27, 2016, sets forth the protocol for the form and service of the PFS, signed medical authorization, and supporting documents in cases filed in and transferred to this proceeding. Under PTO 14, a plaintiff whose case was pending on the date of the order was required to serve a completed and signed PFS, medical authorization, and supporting documents within 90 days of the date of the order. PTO 14, ¶ 2. For a plaintiff whose case was transferred after the date of the order, the due date for service of these same documents is 90 days after the filing of the plaintiff's complaint or completion of the transfer to this proceeding, whichever is later. *Id.* All PFSs must be verified by the individual plaintiff under oath. *See* PTO 14, ¶ 3.

Once a PFS has been served, defendants have four (4) weeks from receipt within which to notify plaintiff's counsel of any core deficiencies to the PFS, "defined as a lack of response to all questions in Section I, Section II, and Section III; Section IV, questions 1, 3, 7, 8, 9, 10; Section V, questions 5, 6, and 7; Section VI, questions 1, 3, 6, 7, 8, and 9;

Section VII, questions 1 and 2; Section 8, question 2; Section IX, questions 1, 3, and 4; or lack of signed medical authorizations." PTO 14, ¶ 4.

If defendants timely serve a letter outlining the deficiencies to the PFS, plaintiff's counsel is required to respond in writing within three (3) weeks of the date of service by: "(1) curing the alleged deficiencies; (2) disputing the alleged deficiencies and setting forth reasons the PFS is not deficient; or (3) explaining why the alleged deficiencies cannot be timely cured." PTO 14, ¶ 6.

Cases where there are disputes concerning PFS deficiencies requiring the Court's attention may be placed on the Court's status conference agenda. PTO 14, ¶ 7.  Should a case appear on the agenda for two (2) sequential status conferences, "Defendants may make a motion for dismissal for failure to comply with this Court's Pretrial Order as to the allegedly delinquent party." PTO 14, ¶ 8.

In this motion, Defendants are seeking dismissal of the following two (2) cases where plaintiffs failed to serve the PFS as required by PTO 14 and, to date, remain delinquent:

| Case Number | Plaintiff | Date Filed | PFS Due Date | Firm Name |
|---|---|---|---|---|
| 0:16-cv-04360-JNE-FLN | Spaich | 12/27/2016 | 3/27/2017 | McGlynn, Glissoin & Mouton |
| 0:16-cv-04381-JNE-FLN | Manzanares | 12/28/2016 | 3/28/2017 | Bernstein Liebhard LLP |

Defendants placed the above cases on the agenda for two sequential Court status conferences – the first on April 14, 2017 and the second on June 8, 2017.[1] Consistent with the Court's order entered June 16, 2017 [Dkt. No. 577] dismissing with prejudice several plaintiffs' cases for failure to serve PFSs, the *Spaich* and *Manzanares* cases should be dismissed with prejudice under PTO 14, ¶ 8.

Additionally, Defendants are seeking dismissal of the following four (4) cases where defendants received PFSs from plaintiffs, but the PFSs contain core deficiencies that remain uncured:

| **Plaintiff/Case Number** | **Date Deficiency Letter Sent[2]** | **Uncured PFS Core Deficiencies[3]** | **Firm Name** |
|---|---|---|---|
| Harkleroad 0:16-cv-01986-JNE-FLN | 1/20/2017 | **Section II (Personal Information)** Part 1: Name and SSN provided, but no response to other names used, current address, length of time at present address, and persons living with plaintiff at time of events at issue. Part 2: No response to driver's license number and state of issue. Part 3: Date of birth provided but not place of birth. Part 7: No response to residences for the last 10 years. Part 8: No response to name/birth year of any children. | Kennedy Hodges, L.L.P. |

---

[1] *See* Declaration of Benjamin W. Hulse ("Hulse Decl."), Exs. A and B (4/14/2017 and June 9, 2017 emails from B. Hulse to Court attaching Joint Agenda and Status Report and Defendants' PFS Lists 1 and 2).

[2] *See* Hulse Decl., Ex. C (Deficiency Letters Dated 1/20/2017 for Plaintiffs Harkleroad, Hurst, Bryson, and Kaelin).

[3] *See* Hulse Decl., Ex. D (Plaintiff Facts Sheets for Plaintiffs Harkleroad, Hurst, Bryson, and Kaelin).

|  |  | Part 9: No response to educational background.<br>Part 10: No response to employers for last 10 years.<br><br>**Section III (Surgery Information)**<br>Part 3: Hospital name, surgery date/location/ physician and type of surgery provided, but no response to reason for surgery, height/weight and medical conditions at time of surgery, infections prior to surgery, persons with whom plaintiff discussed risks of surgery, and cause of infection.<br>Part 4: No response to statements from anyone that the Bair Hugger system caused infection/injury.<br>Part 5: No response to knowledge of any non-privileged tests or inspections of a Bair Hugger device.<br><br>**Section IV (General Medical Information)**<br>No response to any question.<br><br>**Section V (Insurance/Claim Information)**<br>No response to any question.<br><br>**Section VI (Current Claim Information)**<br>No response to any question.<br><br>**Section VII (Economic Damages)**<br>No response to any question.<br><br>**Section VIII (Persons With Knowledge)**<br>No response to any question.<br><br>**Section IX (Loss of Consortium)**<br>No response to any question. |  |

5

| | | | |
|---|---|---|---|
| | | **Medical Authorization**: Not provided.<br>**Verification:** Not provided. | |
| Hurst<br>0:16-cv-02083-JNE-FLN | 1/20/2017 | **Section II (Personal Information)**<br>Part 1: Name, SSN, and address provided, but no response to other names used, length at present address, and persons living with plaintiff at time of events at issue.<br>Part 2: No response to driver's license number and state of issue.<br>Part 3: Date of birth provided but not place of birth.<br>Part 7: No response to residences for the last 10 years.<br>Part 8: No response to name/birth year of any children.<br>Part 9: No response to educational background.<br>Part 10: No response to employers for last 10 years.<br><br>**Section III (Surgery Information)**<br>Part 3: Hospital name, surgery date/location/ physician, type of surgery, and reason for surgery provided, but no response to height/weight and medical conditions at time of surgery, infections prior to surgery, persons with whom plaintiff discussed risks of surgery, and cause of infection.<br>Part 4: No response to statements from anyone that the Bair Hugger system caused infection/injury.<br>Part 5: No response to knowledge of any non-privileged tests or inspections of a Bair Hugger device.<br><br>**Section IV (General Medical Information)** | Kennedy Hodges, L.L.P. |

6

| | | | | |
|---|---|---|---|---|
| | | Part 4: Healthcare facilities for last 7 years provided.  No response to remaining questions.<br><br>**Section V (Insurance/Claim Information)**<br>No response to any question.<br><br>**Section VI (Current Claim Information)**<br>No response to any question.<br><br>**Section VII (Economic Damages)**<br>No response to any question.<br><br>**Section VIII (Persons With Knowledge)**<br>No response to any question.<br><br>**Section IX (Loss of Consortium)**<br>No response to any question.<br><br>**Medical Authorization**: Not provided.<br>**Verification:** Not provided. | |
| Bryson<br>0:16-cv-02936-JNE-FLN | 1/20/2017 | **Section II (Personal Information)**<br>Part 3: Date of birth provided but not place of birth.<br><br>**Section IV (General Medical Information)**<br>Part 7: No response to pharmacies and drugstores dispensing medication for last 5 years.<br>Part 8: No response to dental procedures 6 months before and after surgery.<br>Part 9: Answered "yes" to use of tobacco but no response to type of tobacco and amount used per day.<br><br>**Section V (Insurance/Claim Information)** | Pendley, Baudin & Coffin L.L.P. |

7

| | | | |
|---|---|---|---|
| | | Part 4: Responded "yes" to filing a social security disability claim/disability claim with a private insurer in 2002 that was not denied, but no response to nature of disability. All remaining questions answered.<br><br>**Section VI (Current Claim Information)**<br>Part 1: Responded "yes" to suffering injury related to Bair Hugger system and provided date first became aware of injury, but no response to current symptoms/treatment, description of activities limited since time of injury, and other physical harm suffered.<br>Part 3: Responded "yes" to suffering emotional/physiological injuries, but did not provide date of onset.<br><br>**Section VIII (Persons With Knowledge)**<br>Part 1: Persons with knowledge provided.<br>Part 2: No response to verbal/written statement about the facts/circumstances relating to this lawsuit.<br><br>**Medical Authorization:** Provided.<br>**Verification:** Not provided. | |
| Kaelin<br>0:16-cv-03058-JNE-FLN | 1/20/2017 | **Section II (Personal Information)**<br>Part 1: Name, SSN, and address provided, but no response to other names used, current address, length at present address, and persons living with plaintiff at time of events at issue.<br>Part 2: No response to driver's license number and state of issue.<br>Part 3: Date of birth provided but not place of birth. | Kennedy Hodges, L.L.P. |

8

| | | |
|---|---|---|
| | | Part 7: No response to residences for the last 10 years.<br>Part 8: No response to name/birth year of any children.<br>Part 9: No response to educational background.<br>Part 10: No response to employers for last 10 years.<br><br>**Section III (Surgery Information)**<br>Part 3: Hospital name, surgery date/location/ physician and type of surgery provided, but no response to reason for surgery, height/weight and medical conditions at time of surgery, infections prior to surgery, persons with whom plaintiff discussed risks of surgery, and cause of infection.<br>Part 4: No response to statements from anyone that the Bair Hugger system caused infection/injury.<br>Part 5: No response to knowledge of any non-privileged tests or inspections of a Bair Hugger device.<br><br>**Section IV (General Medical Information)**<br>Part 4: Healthcare facilities for last 7 years provided.  No response to remaining questions.<br><br>**Section V (Insurance/Claim Information)**<br>No response to any question.<br><br>**Section VI (Current Claim Information)**<br>No response to any question.<br><br>**Section VII (Economic Damages)**<br>No response to any question. | |

9

|  |  | **Section VIII (Persons With Knowledge)**<br>No response to any question.<br><br>**Section IX (Loss of Consortium)**<br>No response to any question.<br><br>**Medical Authorization**: Not provided.<br>**Verification:** Not provided. |  |
|---|---|---|---|

To comply with PTO 14, these plaintiffs were required to respond to defendants' deficiency letters by either curing or disputing the deficiencies, or explaining why the deficiencies could not be cured. Plaintiffs failed to respond in any manner, and the numerous core deficiencies described above remain uncured. Defendants placed the above cases on the agenda for the Court's March 2017 status conference,[4] and sequential Court status conference agendas on April 14, 2017 and June 8, 2017.[5] Accordingly, dismissal of these cases with prejudice is the appropriate course under PTO 14, ¶ 8.

Plaintiffs may argue in their response brief that they should be entitled to an extension within which to serve the PFSs, or cure the deficiencies noted by defendants in the deficiency letters, because of difficulties procuring information from their clients, or for some other reason. But whatever difficulties plaintiffs' counsel encountered, they were never raised with defendants' counsel, and in any event they are no excuse. These plaintiffs chose to sue defendants, and in so doing, they accepted the obligations imposed upon them

---

[4] *See* Hulse Decl., Ex. E (3/10/2017 email from M. Young to Court attaching Joint Agenda and Status Report).
[5] *See* Hulse Decl., Exs. A and B.

by PTO 14 and the Court's rules. If the Court were to grant more time to these plaintiffs to serve a PFS or cure any deficiencies, then it will remove any incentive for *any* plaintiff to comply with PTO 14 until the defendants have listed their case twice and filed a motion to dismiss. This would be deeply unfair not only to defendants but also to those plaintiffs who have complied with PTO 14's deadlines.

The Court's authority to dismiss these cases with prejudice is beyond question, and indeed was exercised by the Court recently in its order entered June 16, 2017 [Dkt. No. 577] dismissing with prejudice multiple plaintiffs' cases for failure to comply with PTO 14. A court may dismiss an action with prejudice under Rule 41(b) if a plaintiff "fails to prosecute or to comply with [the Federal Rules] or a court order." Fed. R. Civ. P. 41(b). Under Rule 41(b), bad faith is not required to warrant dismissal. *Williams v. U.S. Bank Nat. Ass'n*, No. 12-cv-1247 (DSD/JJK), 2013 WL 4050749, at *1–2 (D. Minn. Aug. 9, 2013), *citing Doe v. Cassel*, 403 F.3d 986, 990 (8th Cir. 2005) (*per curiam*). Rather, a party must only have "acted intentionally as opposed to accidentally or involuntarily." *Id.* A party's failure to follow a court order despite "a warning from the district court that [she] is skating on the thin ice of dismissal" is evidence of intentionality. *Id. (citing Rodgers v. Curators of Univ. of Mo.*, 135 F.3d 1216, 1221 (8th Cir. 1998)).

These plaintiffs were undoubtedly warned. The deadlines and requirements of PTO 14 were clear and posted on the Court's website. PTO 14 states that, should a case appear on the agenda for two sequential status conferences, "Defendants may make a motion for dismissal for failure to comply with this Court's Pretrial Order as to the allegedly delinquent party." PTO 14, ¶ 8. Plaintiffs Spaich and Manzanares were twice listed on

11

sequential status conference agendas, and Plaintiffs Harkleroad, Hurst, Bryson, and Kaelin were listed three times. Accordingly, under Rule 41(b) the Court should dismiss these plaintiffs' cases with prejudice.

For these reasons, defendants respectfully request that the Court dismiss with prejudice the following cases: Spaich (16-cv-04360), Manzanares (16-cv-04381), Harkleroad (16-cv-01986), Hurst (16-cv-02083), Bryson (16-cv-02936), and Kaelin (16-cv-03058).

Dated: July 6, 2017                                                  Respectfully submitted,

s/ Benjamin W. Hulse
Jerry W. Blackwell (MN #186867)
Benjamin W. Hulse (MN #0390952)
Mary S. Young (MN #0392781)
BLACKWELL BURKE P.A.
431 South Seventh Street
Suite 2500
Minneapolis, MN 55415
Phone: (612) 343-3256
Fax: (612) 343-3205
Email: blackwell@blackwellburke.com
       bhulse@blackwellburke.com
       myoung@blackwellburke.com

Bridget M. Ahmann (MN #016611x)
FAEGRE BAKER DANIELS LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
Phone: (612) 766-7000
Email: bridget.ahmann@faegrebd.com

**Counsel for Defendants 3M Company and Arizant Healthcare Inc.**