# EXHIBIT A

**From:** Mary Young
**Sent:** Friday, March 10, 2017 6:29 PM
**To:** joanericksen_chambers@mnd.uscourts.gov; noel_chambers@mnd.uscourts.gov
**Cc:** Jerry Blackwell; Ben Hulse; Ahmann, Bridget M.; Winebrenner, M. Joseph;
gzimmerman@meshbesher.com; bgordon@levinlaw.com; MVC@ciresiconlin.com; JMC@CiresiConlin.com
**Subject:** Joint Agenda and Status Report (MDL No. 15-2666 (JNE/FLN))

Dear Judge Ericksen and Magistrate Judge Noel,

Consistent with this Court's February 9, 2016 Pretrial Order No. 3, the parties submit this Joint Agenda
and Status Conference Report in preparation for the status conference scheduled for Thursday, March
16 at 9:30 a.m.  Also attached are Defendants' three lists related to the PFSs, as discussed in Section 2.
of the Joint Agenda.

Sincerely,
Mary Young

Mary S. Young
Blackwell Burke P.A.
431 South Seventh Street, Suite 2500
Minneapolis, MN  55415
Direct (612) 343-3214
Fax (612) 343-3205

This message and any attachments may contain information that is privileged, confidential, and exempt from disclosure under applicable
law. If you are not the intended recipient or are not authorized to receive for the recipient, you are hereby notified that dissemination,
distribution or copying of this message and any attachments is strictly prohibited. If you have received this message in error, please
immediately advise the sender by reply e-mail and delete the message and any attachments. Thank you.

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: Bair Hugger Forced Air Warming Products Liability Litigation | MDL No. 2666 (JNE/FLN) |
| This Document Relates to All Actions | **Joint Agenda and Report for March 16, 2017 Status Conference** |

Pursuant to Pretrial Order #3, undersigned Counsel submit this Joint Agenda and Status Conference Report for the March 16, 2017, 9:30 a.m. Status Conference:

**1. Pretrial Orders**

No new pretrial orders have issued since the February Status Conference.

**2. Plaintiff Fact Sheets ("PFSs")**

On September 27, 2016, the Court entered PTO #14: Plaintiff Fact Sheet and Service Protocol. For all cases on file in MDL 2666 on September 27, 2016, a completed PFS was due no later than December 26, 2016.

PTO #14 prescribes a process for Defendants to notify a Plaintiff of any alleged core deficiencies in that Plaintiff's PFS, and then for the Plaintiff to respond by curing the deficiencies, disputing them, or explaining why they cannot be timely cured. Once this meet-and-confer process has occurred, Defendants may put any unresolved dispute on the court conference agenda. PTO #14 provides that if the case appears on the agenda for

two sequential court conferences without resolution, Defendants may file (and the Plaintiff may oppose) a motion for dismissal of the case.

In this month's agenda (submitted by Defendants along with this Joint Agenda), Defendants are listing cases in three categories: (1) those where Defendants sent a deficiency notice and contend that one or more core deficiencies were not cured by the Plaintiff's response; (2) those where Defendants issued a deficiency notice and contend the time for the Plaintiff to respond has now elapsed; and (3) those where Defendants maintain the PFS is significantly overdue and no extension has been granted by Defendants. Defendants provided versions of these three lists to Plaintiffs on March 7, and since then the parties have worked, successfully in many instances, to resolve disputes concerning which cases should be on the lists. These lists represent Defendants' understanding of the status of the various PFSs as of the close of business on March 9. The Court should not take these lists to imply that Plaintiffs agree that any case should be listed, or that Plaintiffs agree that any listed PFS is in fact deficient.

With respect to those cases on Defendants' list (1), the parties presently anticipate that, through further meet-and-confers, many disputes will be resolved, and a significant number of cases will not be re-listed on the next month's agenda. For those cases that may remain for the following court conference, Defendants anticipate they may file motions to dismiss, and Plaintiffs anticipate they may oppose any such motions. With respect to Defendants' lists (2) and (3), Defendants state that they may seek earlier dismissal based on their view that these cases are fundamentally out of compliance with the requirements of PTO #14. In addition, the parties have some basic areas of

2

disagreement concerning the requirements of the PFS form.  The parties will continue to attempt to resolve these disputes, but may seek the Court's involvement if they are unable to do so.

### 3.  Bellwether Selection Plan

PTO #17 details the bellwether trial selection process.  On January 9, the parties submitted their joint and also separate proposals, of the relevant characteristics and categories to be considered in assessing whether a case is representative of the range of cases in this action.  At the January Status Conference, the Court determined that the initial bellwether cases shall be selected from the following categories:  (1) cases where the plaintiff underwent a total hip implant procedure; and (2) cases where the plaintiff underwent a total knee implant procedure.

On January 5, 2016 the Court randomly selected 150 cases from the bellwether pool that includes case filed in, removed to, or transferred to this MDL on or before December 19, 2016.  On February 2, 2017, the parties each submitted their list of 16 nominated bellwether cases to the Court, but did not share their respective lists with one another due to Defendants' concern that there remained outstanding and unresolved *Lexecon* issues.  On February 7, 2016, the Court provided guidance to the parties on how to resolve Defendants' assertions concerning *Lexecon* issues.   The parties further discussed the issue with the Court at the February 16, 2017 Status Conference, following which Plaintiffs provided information to Defendants detailing, for each Plaintiff in the Court's random-selection group, whether the Plaintiff (i) agreed to waive *Lexecon*, (ii) refused to agree to waive *Lexecon*, or (iii) failed to respond to the request regarding the

3

*Lexecon* waiver. As a result of the information provided, Defendants have determined that it is necessary to nominate two replacement cases to complete their list of 16 nominated bellwether cases. Defendants are working to select these two remaining cases from those already in the Court's random-selection group that have executed *Lexecon* waivers, and anticipate disclosing replacement cases no later than March 14. In the event Defendants believe it necessary for the Court to add additional cases to the random-selection group, as contemplated in the Court's February 7, 2017, email to the parties, Defendants will make that request by March 14, 2017. The parties will submit a comprehensive list of the Bellwether Nominations to the Court as soon as it is complete. Defendants have started collecting medical records for the Plaintiffs in the Bellwether Nominated Cases. The parties have also discussed and will continue to negotiate as to the limited case specific (including third-party) discovery on the bellwether pool of cases contemplated by the Pretrial Order No. 17, paragraph 12(e).

### 4. Update on number and status of cases transferred into the MDL

As of Friday, March 3, 2017, there were 1,580 active federal Bair Hugger cases pending in this MDL. Not all of these filed cases have been served on Defendants.

### <u>Update on cases filed in the City of St. Louis, Missouri</u>

Two cases are pending transfer to this MDL from the Eastern District of Missouri, *Jennings, et al. v. 3M & Arizant Healthcare, Inc.*, 4:17-cv-0012 (Autrey, J.), and *Weisbrod et al. v. 3M and Arizant Healthcare, Inc.*, 4:17-cv-0023 (Hamilton, J.). *Jennings* and *Weisbrod* were both removed by 3M from the City of St. Louis, Missouri state court. *Jennings* joins the Bair Hugger claims of 52 plaintiffs, only one of whom is

4

from Minnesota. *Weisbrod* joins the Bair Hugger claims of 58 plaintiffs, only three of whom are from Minnesota. Defendants removed alleging improper joinder of the non-Missouri plaintiffs, including the plaintiffs from Minnesota. Defendants contemporaneously filed motions to dismiss for lack of personal jurisdiction over the non-Missouri Plaintiffs pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, or in the alternative, to sever the multi-plaintiff lawsuit for improper joinder under Rules 20 and 21, along with motions to stay in the E.D. Mo. so that the pending motion to dismiss or to sever can be decided by this Court. Plaintiffs in both cases, represented by The Simon Law Firm, P.C., have moved to remand to state court. On January 6, Defendants filed a Notice of Potential Tag-Along Actions with the JPML for the two matters. On January 10, the JPML entered its conditional transfer order. On February 1, 2016 the *Jennings* and *Weisbrod* plaintiffs filed with a motion to vacate the JPML's Conditional Transfer Order. Defendants filed their response on February 22. A Motion Hearing without oral argument has been scheduled for March 30, 2017. On February 7, the *Jennings* court granted 3M's motion to stay all proceedings pending transfer of the case to the MDL. The *Weisbrod* court has not yet acted on 3M's motion to stay.

In addition, on February 28, 2017, 3M was served in *Galbreath, et al. v. 3M & Arizant,* another matter filed in the City of St. Louis. Like *Jennings* and *Weisbrod*, this case was filed by the The Simon Law Firm. *Galbreath* joins the Bair Hugger claims of 76 plaintiffs. 3M intends to remove *Galbreath* to the Eastern District of Missouri on the same bases that it removed *Jennings and Weisbrod* and seek transfer to the MDL.

### 5.  Overview of related state court proceedings

There are 48 cases pending before Judge Leary in Ramsey County.  Judge Leary has indicated that he intends to coordinate the Ramsey County cases with this MDL. On February 16, 2017, a status conference was conducted concurrently with the MDL conference.

This Court has ordered that the Ramsey County cases are to be included within the bellwether selection process.  On December 29, 2016, the Ramsey County Court entered a PFS order for Ramsey Cases.  For all Ramsey cases pending as of the date of the Order, a completed PFS was due no later than January 31, 2017. On February 13, 2017 the parties each designated 2 Ramsey County cases (as set out in paragraph 12.c. of PTO #17) as nominated bellwether cases.  Plaintiffs have dismissed some cases after meeting-and-conferring with defendants regarding overdue plaintiff fact sheets.  Defendants may seek relief from Judge Leary in the coming weeks if any remain overdue without an agreed extension.

In addition to the new St. Louis case mentioned above, there are currently six other state court cases pending outside of Ramsey County, Minnesota:

☐ *Rodriguez v. 3M Co., Arizant Healthcare, Advocate Health and Hospitals Corporation, and Medtronic Sofamor Danek U.S.A., Inc.,* pending in the Circuit Court of the Nineteenth Judicial Circuit, Lake County, Illinois, Case No. 15-L-930, before the Honorable Thomas J. Schippers.  Plaintiffs are represented by DeSanto Morgan & Taylor.  The *Rodriguez* case was filed on December 31, 2015 and 3M and Arizant were served on January 14, 2016.  At the November 30, 2016

case management conference, the Court tentatively set a trial date of March 5, 2018 with the aim of trailing the first MDL bellwether trial. A case management conference was held on February 20, 2017. Defendants intend to seek a further continuance of the trial date in light of the adjustment to the MDL bellwether trial date. The next status conference is scheduled for April 20, 2017.

☐ *Lawson v. 3M Co., Arizant Healthcare, Inc., CHCA Conroe L.P., Conroe Hospital Corporation, Conroe Regional Medical Center, and Haissam Elzaim, M.D.*, pending in the 284th Judicial District Court, Montgomery County, Texas, before the Honorable Cara Wood. Plaintiffs are represented by the Hopkins Law Firm. The *Lawson* case was filed on October 7, 2015. 3M was served on October 28, 2015 and Arizant was served on November 13, 2015. A status conference is set for November 19, 2017, at which time a trial date will be set. The *Lawson* judge selected the November 2017 date in order to see whether the first MDL bellwether case had proceeded to trial as had been scheduled. The deposition of one of the plaintiffs and the defendant treating physician occurred in September 2016. The deposition of Aubrey Ray Lawson was taken on February 21, 2017. The deposition of plaintiffs' expert has been scheduled for March 21, 2017.

☐ *Acosta v. 3M and Arizant Healthcare, Inc.,* pending in the Fourth Judicial District Court, Missoula County, Montana, Case No. DV-16-769, Dept. No. 4, Plaintiffs are represented by the Rossbach Law Firm. The *Acosta* case was filed on September 9, 2016. 3M and Arizant still have not been served.

☐ *Petitta v. Ray R. Trey Fulp III et al.,* pending in the District Court of Hidalgo County, Texas. Plaintiff is represented by the Garcia & Martinez Law Firm. The *Petitta* case was filed on November 14, 2016. This case was duplicative (same plaintiff, same allegations against 3M) of a case previously filed in the MDL (Case No. 16-cv-03878). 3M was served on November 18, 2016. Plaintiffs' counsel has advised 3M that the state court action will proceed. Defendants responded to the complaint on January 20, 2016. The parties have served written discovery on each other, and 3M served its objections and responses on March 6.

☐ *Bythwood v. 3M, Arizant et al.,* pending in the Circuit Court of Jefferson County, Alabama. Plaintiff is represented by Frank O. Hanson, Jr. The *Bythwood* case was filed on February 15, 2017. 3M and Arizant were served on February 23, 2017.

**6. Overview of Canadian Action**

On June 22, 2016, Defendants were served with a Canadian putative class action, *Driessen v. 3M Canada Company, 3M Company, and Arizant Healthcare Inc.*, filed in Ontario Superior Court of Justice, Court File No. 16-69039. Plaintiff *Driessen* seeks to represent a putative class of "[a]ll persons residing in Canada who had the 3M Bair Hugger Forced-Air Warming Device used on them during surgery." (*Driessen* Cplt. at ¶ 4.) Plaintiff *Driessen* is represented by Jeff Orenstein and Andrea Grass of the Consumer Law Group Professional Corporation in Ottawa, Ontario. Defendants have retained Canadian counsel, Tim Buckley and Kate Crawford of Borden Ladner Gervais. On August 8, 2016, Defendants filed their Notice of Intent to Defend. On October 24,

8

2016 the plaintiff's counsel requested a judge assignment and case conference.  There has been no additional case activity since the time of the last Joint Status Report.

7. **Additional pretrial orders (including, but not limited to, rules and procedures, preservation order, and protective order of confidentiality)**

There are no additional pretrial orders pending and the parties do not request entry of any additional pretrial orders at this time.

8. **Status of Discovery**

The fact discovery deadline on the issue of general causation is March 20, 2017. *See* PTO #17, para. 10.   The only remaining, outstanding matters are Defendants' responses to Plaintiffs' interrogatories and requests to admit, served on February 20, 2017 (due March 22), and Dr. Augustine's deposition, which Defendants continued in light of the Court's March 7 ruling on the production of documents relating to Dr. Augustine's privilege logs.   The parties are working to reschedule the deposition of Dr. Augustine between now and the end of March.   The parties agree to a limited extension of the March 20 general causation fact discovery deadline to allow for completion of the following two activities by March 31, 2017: (i) Dr. Augustine's deposition; and (ii) Defendants' responses and objections to Plaintiffs' interrogatories and requests to admit. Plaintiffs agree that Defendants have until March 31 to respond to Plaintiffs' pending written discovery.  Plaintiffs further agree not to serve any additional written discovery on the issue of general causation on 3M, or to notice any other 3M depositions to occur after March 20.

On March 9, Defendants filed a motion to compel against Kennedy Hodges LLP concerning Kennedy Hodges' communications with Dr. Augustine. That motion is set to be heard by Judge Noel on March 27 at 9 a.m.

**Third-Party Subpoenas to Manufacturers of Patient Warming Products.** On March 7, the Court denied Plaintiffs' motion to overrule the relevance objection of third-party VitaHEAT Medical, LLC. Plaintiffs have served subpoenas on five other companies that manufacture patient warming devices: Stryker, Gaymar, Cincinnati Sub-Zero, Medline, and MTRE. On February 22, Defendants sent a letter to Plaintiffs' counsel asserting relevance objections. Certain of the third parties have also made objections. On March 7, following the Court's VitaHEAT ruling, Defendants renewed their objection. Plaintiffs informed Defendants that they do not intend to withdraw any of the subpoenas. Defendants filed a motion for protective order concerning the subpoenas on March 10. The motion is set to be heard by Judge Noel on March 27 at 9 a.m. Plaintiffs are currently contemplating seeking the Court's reconsideration of the VitaHEAT discovery ruling on a number of bases, including newly-obtained factual evidence in the case.

**Deposition update.** Plaintiffs have requested depositions of current or former employees and/or consultants of the Defendants, which have been completed or scheduled as follows:

- Gary Hansen, completed November 2;
- John Rock, completed November 4;
- Al Van Duren, completed November 7;

10

- Troy Bergstrom, completed November 18;

- Caroline Johnson, completed November 30;

- Teri Woodwick-Sides, completed December 8;

- Jana Stender, completed December 9;

- David Westlin, completed December 16;

- Dr. Michelle Hulse-Stevens, completed December 19;

- Dr. Daniel Sessler, completed January 11;

- Dr. Andrea Kurz, completed January 12;

- Gary Maharaj, completed January 18;

- Jay Issa, completed February 8;

- Karl Zgoda, completed February 24;

- Ryan Barrows, completed February 28;

- Mark Scott, completed March 2;

- Hamid Ziaimehr, completed March 3;

- Rule 30(b)(6) Deposition of 3M, first part, completed March 7;

- Winston Tan, completed March 10;

- Bob Buehler, noticed for March 17.

- Rule 30(b)(6) Deposition of 3M, second part, noticed for March 17.

In addition to the UK study author depositions that have been completed, Defendants have conducted the following U.S. study author depositions:

- Dr. Kumar Belani, completed September 7;

- Mark Litchy, completed September 28;

- Dr. Robert Gauthier, day 1 completed October 4 and day 2 completed December 15;

- Defendants deposed Mark Albrecht on October 7 and November 12. Plaintiffs plan to notice Mr. Albrecht's deposition as well (if they do so, Defendants may also seek additional time with Mr. Albrecht to complete their examination); and

- Christopher Nachtsheim, completed November 29.

As noted above, the parties are working to reschedule the deposition of Dr. Augustine to occur on or before March 31, 2017.

Dated: March 10, 2017                    Respectfully submitted,

Jerry W. Blackwell (MN #186867)
Mary S. Young (MN #0392781)
Benjamin W. Hulse (MN #0390952)
BLACKWELL BURKE P.A.
431 South Seventh Street
Suite 2500
Minneapolis, MN 55415
Phone: (612) 343-3256
Fax: (612) 343-3205
Email: blackwell@blackwellburke.com
        myoung@blackwellburke.com
        bhulse@blackwellburke.com

Bridget M. Ahmann (MN #016611x)
M. Joseph Winebrenner (MN #0387889)
FAEGRE BAKER DANIELS LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
(612) 766-7000
Email: bridget.ahmann@faegrebd.com
        joe.winebrenner@faegrebd.com

**Counsel for Defendants 3M Company
and Arizant Healthcare, Inc.**

Michael V. Ciresi (MN #0016949)
Jan M. Conlin (MN #0192697)
CIRESI CONLIN LLP
225 S. 6th St., Suite 4600
Minneapolis, MN 55402
Phone: 612.361.8202
Email: MVC@CiresiConlin.com
        JMC@CiresiConlin.com

Ben W. Gordon, Jr. (*Pro Hac Vice*)
LEVIN, PAPANTONIO, THOMAS,
MITCHELL, RAFFERTY & PROCTOR, P.A.
316 South Baylen Street, Suite 600
Pensacola, FL 32502-5996
Phone: (850) 435-7091
Fax: (850) 435-7020
Email: bgordon@levinlaw.com

Genevieve M. Zimmerman (MN #330292)
MESHBESHER & SPENCE, LTD.
1616 Park Avenue South
Minneapolis, MN 55404
Phone: (612) 339-9121
Fax: (612) 339-9188
Email: gzimmerman@meshbesher.com

**Co-Lead Counsel for Plaintiffs**

**Defendants' PFS List 1:  Overdue Plaintiff Fact Sheets**
(Updated March 9, 2017)

| Case Number | Title | Date Filed | PFS Due Date | Comment | List of 150* | Firm Name |
|---|---|---|---|---|---|---|
| 0:15-cv-03900-JNE-FLN | Wright v. 3M Company et al | 10/20/2015 | 12/26/2016 | | | Meshbesher & Spence, Ltd. |
| 0:16-cv-00136-JNE-FLN | Hager v. 3M Company | 1/21/2016 | 12/26/2016 | | | Meshbesher & Spence, Ltd. |
| 0:16-cv-00529-JNE-FLN | Yender v. 3M Company | 3/2/2016 | 12/26/2016 | Improper DWOP** | | Law Offices of Brian Timothy Meyers |
| 0:16-cv-00621-JNE-FLN | Weimer v. 3M Company | 3/10/2016 | 1/27/2017 (by agreed extension) | | | Lockridge, Grindal Nauen P.L.L.P. |
| 0:16-cv-00799-JNE-FLN | Stribling v. 3M Company | 3/28/2016 | 12/26/2016 | Improper DWOP | | Levin, Papantonio, Thomas, Mitchell, Rafferty &, Proctor P.A. |
| 0:16-cv-02299-JNE-FLN | Redman et al v. 3M Company et al | 7/1/2016 | 12/26/2016 | | | Goza & Honnold, LLC |
| 0:16-cv-02335-JNE-FLN | Colter v. 3M Company et al | 7/6/2016 | 12/26/2016 | Improper DWOP | | Meshbesher & Spence, Ltd. |
| 0:16-cv-02655-JNE-FLN | Black v. 3M Company et al | 8/5/2016 | 12/26/2016 | | | Goza & Honnold, LLC |
| 0:16-cv-02755-JNE-FLN | Fraley v. 3M Company et al | 8/16/2016 | 12/26/2016 | | | Bernstein Liebhard LLP |
| 0:16-cv-02757-JNE-FLN | Alford v. 3M Company et al | 8/16/2016 | 12/26/2016 | Improper DWOP | | Bernstein Liebhard LLP |
| 0:16-cv-02772-JNE-FLN | Wilburn v. 3M Company et al | 8/18/2016 | 12/26/2016 | | | Bernstein Liebhard LLP |
| 0:16-cv-02803-JNE-FLN | Johnson v. 3M Company et al | 8/19/2016 | 12/26/2016 | | | Bachus & Schanker, LLC |
| 0:16-cv-02874-JNE-FLN | Garro v. 3M Company et al | 8/25/2016 | 12/26/2016 | | | Bernstein Liebhard LLP |
| 0:16-cv-02879-JNE-FLN | Thompson v. 3M Company et al | 8/25/2016 | 12/26/2016 | | | Bernstein Liebhard LLP |
| 0:16-cv-02896-JNE-FLN | Toler et al v. 3M Company et al | 8/26/2016 | 12/26/2016 | | | Bachus & Schanker, LLC |
| 0:16-cv-03383-JNE-FLN | DePriest v. 3M Company et al | 10/6/2016 | 1/4/2017 | | Yes | Bernstein Liebhard LLP |
| 0:16-cv-03431-JNE-FLN | Freeman v. 3M Company et al | 10/11/2016 | 1/9/2017 | Improper DWOP | | Shelton Law Group |
| 0:16-cv-03553-JNE-FLN | Barrett v. 3M Company et al | 10/18/2016 | 1/16/2017 | | | Gustafson Gluek PLLC |
| 0:16-cv-03635-JNE-FLN | Pierce v. 3M Company et al | 10/26/2016 | 1/24/2017 | Improper DWOP | | Shelton Law Group |
| 0:16-cv-03708-JNE-FLN | Goodson v. 3M Company et al | 10/27/2016 | 1/25/2017 | | | Goza & Honnold, LLC |
| 0:16-cv-03781-JNE-FLN | Fling et al v. 3M Company et al | 10/31/2016 | 1/29/2017 | | | Bachus & Schanker, LLC |
| 0:16-cv-03783-JNE-FLN | White v. 3M Company | 10/31/2016 | 1/29/2017 | | | Goza & Honnold, LLC |

**Defendants' PFS List 1:  Overdue Plaintiff Fact Sheets**
(Updated March 9, 2017)

| | | | | | | |
|---|---|---|---|---|---|---|
| 0:16-cv-03784-JNE-FLN | Stewart et al v. 3M Company et al | 10/31/2016 | 1/29/2017 | | | Goza & Honnold, LLC |
| 0:16-cv-03903-JNE-FLN | Youngerman et al v. 3M Company et al | 11/15/2016 | 2/13/2017 | | Yes | Meshbesher & Spence, Ltd. |
| 0:16-cv-03934-JNE-FLN | Hougen v. 3M Company et al | 11/17/2016 | 2/15/2017 | | | The Miller Firm, LLC |
| 0:16-cv-04072-JNE-FLN | Burney v. 3M Company et al | 12/2/2016 | 3/2/2017 | | | Zimmerman Reed, LLP |

* Court's pool of 150 cases for bellwether nominations


** "Improper DWOP" indicates that Plaintiff filed a notice of voluntary dismissal without prejudice after Defendants had answered the Master Complaint.  Defendants contend that these dismissals are ineffective under Rule 41(a), and that PFSs therefore remain due. Defendants are willing to enter into stipulations of dismissal with prejudice for these cases.

**Defendants' PFS List 2:  Plaintiffs Who Have Not Responded to Defendants' Deficiency Notices**
(Updated March 9, 2017)

| Case Number | Title | Deficiency Notice Sent | Response Due Date | List of 150* | Firm Name |
|---|---|---|---|---|---|
| 0:16-cv-00026-JNE-FLN | Norton v. 3M Company | 1/19/2017 | 2/9/2017 | | The Law offices of Travis R. Walker, P.A. |
| 0:16-cv-00214-JNE-FLN | Taylor v. 3M Company | 1/20/2017 | 2/10/2017 | | Kennedy Hodges, LLP |
| 0:16-cv-00476-JNE-FLN | Livingston v. 3M Company | 1/20/2017 | 2/10/2017 | | Meshbesher & Spence, Ltd. |
| 0:16-cv-00784-JNE-FLN | Young v. 3M Company et al | 1/20/2017 | 2/10/2017 | | Kanuru Law Group |
| 0:16-cv-00826-JNE-FLN | Starnes v. 3M Company et al | 1/20/2017 | 2/10/2017 | Yes | Kirtland & Packard LLP |
| 0:16-cv-00839-JNE-FLN | Smith v. 3M Company | 2/3/2017 | 2/24/2017 | | Goza & Honnold, LLC |
| 0:16-cv-01930-JNE-FLN | Heil v. 3M Company et al | 1/20/2017 | 2/10/2017 | Yes | Kirtland & Packard LLP |
| 0:16-cv-01957-JNE-FLN | Byrd et al v. 3M Company et al | 1/19/2017 | 2/9/2017 | | Kennedy Hodges, L.L.P. |
| 0:16-cv-01986-JNE-FLN | Harkleroad v. 3M Company et al | 1/19/2017 | 2/9/2017 | Yes | Kennedy Hodges, L.L.P. |
| 0:16-cv-02083-JNE-FLN | Hurst et al v. 3M Company et al | 1/19/2017 | 2/9/2017 | | Kennedy Hodges, L.L.P. |
| 0:16-cv-02268-JNE-FLN | Griffith v. 3M Company et al | 1/19/2017 | 2/9/2017 | | Kennedy Hodges, L.L.P. |
| 0:16-cv-02801-JNE-FLN | Hardison v. 3M Company et al | 1/23/2017 | 2/13/2017 | | Bachus & Schanker, LLC |
| 0:16-cv-02810-JNE-FLN | Sullivan et al v. 3M Company et al | 1/23/2017 | 2/13/2017 | Yes | Bachus & Schanker, LLC |
| 0:16-cv-02880-JNE-FLN | Brunner v. 3M Company et al | 1/19/2017 | 2/9/2017 | | Bernstein Liebhard LLP |
| 0:16-cv-02888-JNE-FLN | Taylor et al v. 3M Company et al | 1/20/2017 | 2/10/2017 | | Meshbesher & Spence, Ltd |
| 0:16-cv-02889-JNE-FLN | Surface v. 3M Company et al | 1/19/2017 | 2/9/2017 | Yes | Bernstein Liebhard LLP |
| 0:16-cv-02936-JNE-FLN | Bryson v. 3M Company | 1/19/2017 | 2/9/2017 | | Pendley, Baudin & Coffin LLP |
| 0:16-cv-03058-JNE-FLN | Kaelin v. 3M Company et al | 1/19/2017 | 2/9/2017 | | Kennedy Hodges, L.L.P. |
| 0:16-cv-04038-JNE-FLN | Bell-Young v. 3M Company et al | 1/23/2017 | 2/13/2017 | | Kirtland & Packard LLP |

* Court's pool of 150 cases
for bellwether nominations

# EXHIBIT B

**From:** Ben Hulse
**Sent:** Friday, June 09, 2017 4:56 PM
**To:** 3M Bair Hugger <3MBH@blackwellburke.com>
**Subject:** FW: Joint Agenda and Status Report (MDL No. 15-2666 (JNE/FLN))


**From:** Ben Hulse
**Sent:** Friday, June 09, 2017 4:55 PM
**To:** JoanEricksen_Chambers@mnd.uscourts.gov; 'Noel_Chambers@mnd.uscourts.gov'
<Noel_Chambers@mnd.uscourts.gov>; 'Leary, William (Judge)' <William.Leary@courts.state.mn.us>
**Cc:** Jerry Blackwell <blackwell@blackwellburke.com>; Ahmann, Bridget M.
<Bridget.Ahmann@FaegreBD.com>; gzimmerman@meshbesher.com; bgordon@levinlaw.com;
MVC@ciresiconlin.com; JMC@CiresiConlin.com
**Subject:** Joint Agenda and Status Report (MDL No. 15-2666 (JNE/FLN))

Dear Judge Ericksen and Magistrate Judge Noel,

In accordance with Pretrial Order No. 3, the parties submit this Joint Agenda and Status Conference
Report in preparation for the status conference scheduled for Thursday, June 15, at 9:30 a.m. Also
attached are Defendants' three lists related to the PFSs, as discussed in Section 2 of the Joint Agenda.

We have copied Judge Leary here as well.

Sincerely,
Ben Hulse

Benjamin W. Hulse
Blackwell Burke P.A.
431 South Seventh Street, Suite 2500
Minneapolis, MN 55415
Direct (612) 343-3256
Fax (612) 343-3205

This message and any attachments may contain information that is privileged, confidential, and exempt from disclosure under applicable
law. If you are not the intended recipient or are not authorized to receive for the recipient, you are hereby notified that dissemination,
distribution or copying of this message and any attachments is strictly prohibited. If you have received this message in error, please
immediately advise the sender by reply e-mail and delete the message and any attachments. Thank you.

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| In re: Bair Hugger Forced Air Warming Products Liability Litigation | MDL No. 2666 (JNE/FLN) |

| | |
|---|---|
| This Document Relates to All Actions | **Joint Agenda and Report for June 15, 2017 Status Conference** |

---

Pursuant to Pretrial Order #3, undersigned Counsel submit this Joint Agenda and Status Conference Report for the June 15, 2017, 9:30 a.m. Status Conference:

**1. Pretrial Orders**

On May 30, 2017, the Court entered Pretrial Order No. 19, determining the composition of the bellwether trial pool.   Following the parties' exercise of their strikes, the composition of the pool is now as follows:

- Gareis, 16cv4187 (JNE/FLN)

- Kamke, 16cv1225 (JNE/FLN)

- Knuteson, 16cv1088 (JNE/FLN)

- Nugier, 16cv4246 (JNE/FLN)

- Skaar, 16cv2969 (JNE/FLN)

- Walker, Ramsey County Case No. 62-cv-16-1257

The parties request the Court's guidance on how these cases will be sequenced for trial.

### 2.  Plaintiff Fact Sheets ("PFSs")

PTO #14 prescribes a process for Defendants to notify a Plaintiff of any alleged core deficiencies in that Plaintiff's PFS, and then for the Plaintiff to respond by curing the deficiencies, disputing them, or explaining why they cannot be timely cured.  Once this meet-and-confer process has occurred, Defendants may put any unresolved dispute on the court conference agenda.  PTO #14 provides that if the case appears on the agenda for two sequential court conferences without resolution, Defendants may file (and the Plaintiff may oppose) a motion for dismissal of the case.

For this month's agenda, Defendants have again listed cases in three categories: (1) those where Defendants maintain the PFS is significantly overdue and no extension has been granted by Defendants; (2) those where Defendants issued a deficiency notice and contend the time for the Plaintiff to respond has now elapsed; and (3) those where Defendants sent at least two deficiency notices and contend that one or more core deficiencies were not timely cured by the Plaintiff's response.  These lists represent Defendants' understanding of the status of the various PFSs as of the close of business on June 8. The Court should not view Defendants' lists to imply that Plaintiffs agree that any case should be listed, or that Plaintiffs agree that any listed PFS is in fact deficient.

Defendants' motion to dismiss a set of cases in category (1) is set to be heard at the June 15 status conference.

**Plaintiffs' further statement**.   Plaintiffs continue to work diligently to cure deficiencies and the parties have made significant strides on almost a daily basis to reduce the number of issues the Court may need to address.  Plaintiffs also continue to maintain

that a significant number of deficiency claims by Defendant relate solely to the issue of Defendant's claim that certain plaintiffs need to "re-verify" their answers to a PFS that has undergone supplementation. Specifically, as one example, of the 72 cases of deficiency claims asserted for Levin Papantonio cases, 51 relate solely to the issue of "re-verification." As to any cases where Defendant seeks dismissal of cases in which deficiency claims have now been cured, Plaintiffs will be prepared to argue against such dismissals at the Status Conference.

### 3.  Update on number and status of cases transferred into the MDL

As of Friday, June 2, 2017, there were 1,950 active federal Bair Hugger cases pending in this MDL.  Not all filed cases have been served on Defendants.

#### Update on cases filed in the City of St. Louis, Missouri

Four cases collectively brought by The Simon Law Firm on behalf of more than 200 plaintiffs were filed in the City of St. Louis, Missouri, and removed to federal court by the Defendants.  Three of those cases have been transferred to the MDL: *Jennings*, No. 17-cv-1076; *Weisbrod*, No. 17-cv-1077; and *Galbreath*, No. 17-cv-1093.  Brown & Crouppen has now appeared for plaintiffs in these cases.  In the three transferred cases, Plaintiffs and Defendants are working together towards dismissal of the non-diverse Plaintiffs.  In addition, Defendants request that the Court sever the remaining Plaintiffs in these cases into individual cases; if required, Defendants will file a formal motion.

The JPML has issued a conditional transfer order in the fourth case, *Washington*, which was also removed to federal court by Defendants.  Plaintiffs have moved to vacate

the CTO, and Defendants have opposed Plaintiffs' motion. It is anticipated that the JPML will consider Plaintiffs' motion to vacate at its next session on July 27, 2017.

### 4.  Overview of related state court proceedings

There are 51 filed cases pending before Judge Leary in Ramsey County. One of these (*Walker*) has been designated as a bellwether. There are two cases in Ramsey County where a plaintiff fact sheet was due and has not been served. On June 5, 2017, Plaintiffs' counsel filed a motion to withdraw in one of these cases (*Hettich*, No. 62-cv-16-274). Defendants plan to file a motion to dismiss the other case (*Stockard*, No. 62-cv-16-277).

Judge Leary concurrently heard Plaintiffs' Motion for Leave to Amend to Allege Punitive Damages with Judge Noel on May 18, 2017, and has taken the motion under advisement with respect to the Ramsey County cases. Per Judge Leary's request, the parties submitted proposed findings of fact and conclusions of law on June 1, 2017. Copies were provided to Judge Noel.

There are currently six other state court cases pending outside of Ramsey County, Minnesota:

☐ *Rodriguez v. 3M Co., Arizant Healthcare, Advocate Health and Hospitals Corporation, and Medtronic Sofamor Danek U.S.A., Inc.,* pending in the Circuit Court of the Nineteenth Judicial Circuit, Lake County, Illinois, Case No. 15-L-930, before the Honorable Thomas J. Schippers. Plaintiffs are represented by DeSanto Morgan & Taylor. The *Rodriguez* case was filed on December 31, 2015. Trial has been set for July 30, 2018. To date, only written discovery has occurred. The next status conference is scheduled for August 2, 2017.

4

- *Lawson v. 3M Co., Arizant Healthcare, Inc., CHCA Conroe L.P., Conroe Hospital Corporation, Conroe Regional Medical Center, and Haissam Elzaim, M.D.*, pending in the 284th Judicial District Court, Montgomery County, Texas, before the Honorable Cara Wood. Plaintiffs are represented by the Houssiere Durant Houssiere Law Firm. The *Lawson* case was filed on October 7, 2015. 3M was served on October 28, 2015 and Arizant was served on November 13, 2015. A status conference is set for November 19, 2017, at which time a trial date will be set. The deposition of one of the plaintiffs and the defendant treating physician occurred in September 2016. The deposition of Aubrey Ray Lawson was taken on February 21, 2017. Plaintiffs' expert was deposed March 21, 2017.

- *Acosta v. 3M and Arizant Healthcare, Inc.,* pending in the Fourth Judicial District Court, Missoula County, Montana, Case No. DV-16-769, Dept. No. 4, Plaintiffs are represented by the Rossbach Law Firm. The *Acosta* case was filed on September 9, 2016. 3M and Arizant have not been served.

- *Petitta v. Ray R. Trey Fulp III et al.,* pending in the District Court of Hidalgo County, Texas. Plaintiff is represented by the Garcia & Martinez Law Firm. The *Petitta* case was filed on November 14, 2016. Only written discovery has occurred.

- *Bythwood v. 3M, Arizant et al.,* pending in the Circuit Court of Jefferson County, Alabama. Plaintiff is represented by Frank O. Hanson, Jr. The *Bythwood* case was filed on February 15, 2017. On April 7, 2017, the Court issued an order allowing

fact discovery to commence and scheduling the next status conference for October 12, 2017.

### 5.  Overview of Canadian Action

On June 22, 2016, Defendants were served with a Canadian putative class action, *Driessen v. 3M Canada Company, 3M Company, and Arizant Healthcare Inc.*, filed in Ontario Superior Court of Justice, Court File No. 16-69039.  Plaintiff *Driessen* seeks to represent a putative class of "[a]ll persons residing in Canada who had the 3M Bair Hugger Forced-Air Warming Device used on them during surgery."  (*Driessen* Cplt. at ¶ 4.)  Plaintiff *Driessen* is represented by Jeff Orenstein and Andrea Grass of the Consumer Law Group Professional Corporation in Ottawa, Ontario.  Defendants have retained Canadian counsel, Tim Buckley and Kate Crawford of Borden Ladner Gervais.  On August 8, 2016, Defendants filed their Notice of Intent to Defend.  On October 24, 2016, the plaintiff's counsel requested a judge assignment and case conference.  There has been no additional case activity since the April 2017 Joint Status Report.

### 6.  Additional pretrial orders (including, but not limited to, rules and procedures, preservation order, and protective order of confidentiality)

There are no additional pretrial orders pending.

Plaintiffs and Defendants have a dispute concerning the current expert discovery schedule, as well as the initial bellwether trial date, currently February 5, 2018.

**Plaintiffs' further statement**.  The present initial bellwether trial date is the day after the Super Bowl in Minneapolis, creating practical problems of beginning the trial on that date, given travel-associated obstacles and the dearth of available temporary lodging

during that time period. Plaintiffs maintain that, given the recent disclosure by Defendants of 13 expert witnesses—virtually double the number of experts disclosed by Plaintiffs—a short extension of time to complete expert depositions beyond the current deadline of August 2, 2017 is in order. Such a brief extension would not prejudice either side, but would provide both Plaintiffs and Defendants necessary time to schedule and complete this higher-than-anticipated volume of expert witness depositions. Plaintiffs would further suggest that a short extension of the initial bellwether trial date is in order to accommodate the Super Bowl. Plaintiffs respectfully suggest that a 45-day extension to the entire schedule would allow for both of these issues to be accommodated. Plaintiffs further note that they intend to disclose bellwether case-specific experts before the close of bellwether discovery on October 2.

**Defendants' further statement**. Defendants oppose Plaintiffs' proposal, though Defendants request that the Court supplement the existing schedule to set a hearing date for Defendants' anticipated *Daubert* motions and motion for summary judgment on general causation. In addition, Defendants intend to disclose bellwether case-specific experts before the close of bellwether discovery on October 2, 2017. Defendants request the Court's confirmation that PTO 17's November 1, 2017 deadline for bellwether-case-specific dispositive motions is also the deadline for *Daubert* challenges to bellwether-case-specific expert disclosures, and further request that a hearing date be set for case-specific summary judgment and *Daubert motions*.

### 7. Status of Discovery

**General causation experts.** Defendants disclosed their general causation expert reports on June 2, 2017. The depositions of all of Plaintiffs' general causation experts have been set, and the first deposition (Michael Buck) was taken on June 7. Defendants have offered dates for the depositions of their experts. General causation expert discovery is to be concluded by August 2.

**Plaintiffs' further statement.** The current deposition proposal offered by Defendants requires double and even triple tracking of depositions – back and forth across the country and even into Canada twice – in order to complete all expert by the August 2 deadline in PTO 17.

The suggested schedule currently is as follows:

| Expert Name | Party Proffering | Location | Date |
|---|---|---|---|
| M. Buck | Plaintiffs | Minneapolis | June 7 (Completed) |
| D. Koenigshofer | Plaintiffs | Chapel Hill, NC | June 13 |
| S. Elghobashi | Plaintiffs | Newport Beach, CA | June 15[1] |
| J. Ho | Defendants | Calgary | June 28 |
| S. Lampotang | Defendants | Gainesville, FL | June 28 |
| A. Hannenberg | Defendants | Wellesley, MA | July 7 |
| T. Ulatowski | Defendants | Virginia | July 7 |
| T. Kuehn | Defendants | Minneapolis | July 10 |
| J. Samet | Plaintiffs | Newport Beach, CA | July 11 |
| M. Keen | Defendants | Toronto | July 14 |
| G. Settles | Defendants | State College, PA | July 18 |
| Y. David | Plaintiffs | Houston, TX | July 18 |

---

[1] This date remains under discussion between the parties.

| T. Holford | Defendants | New Haven, CT | July 18 |
| A. Hughes | Defendants | Maryland | July 20 |
| J. Borak | Defendants | New Haven, CT | July 20 |
| M. Stonnington | Plaintiffs | Biloxi, MS | July 21 |
| J. Abraham | Defendants | Minneapolis | July 21 |
| W. Jarvis | Plaintiffs | San Francisco | July 25 |
| M. Mont | Defendants | Cleveland, OH | July 28 |
| R. Wenzel | Defendants | Richmond, VA | August 1 |

As noted above, however, Plaintiffs herewith advise the Court that they believe additional time will be required to complete the depositions of all thirteen (13) of the Defendants' experts disclosed on June 2. Plaintiffs respectfully suggest the additional time will be required for at least two reasons. First, as raised in Mr. Ciresi's letter to the Court dated June 6, 2017, Plaintiffs have some concerns about how to handle their right to rebuttal of Defendants expert reports first produced on June 3 and want to ensure that Plaintiffs' experts will be allowed to rebut Defendants' experts both at deposition and trial, even though such rebuttal opinions may not be contained in their original expert reports. Plaintiffs suggest that if there is any possibility that Plaintiffs may not be allowed to do so, the best procedure is to allow Plaintiffs' experts to file supplemental or rebuttal reports, if necessary, to preserve Plaintiffs' ability to present a rebuttal case. Second, PTO 17 mandates *Daubert* motions and other dispositive motions on general causation may be filed no later than August 15, 2017. Given the present schedule for expert depositions, wherein 10 experts are set to be deposed in the second half of July, the August 15th deadline is extraordinarily burdensome and unrealistic.

9

**Defendants' further statement.**   At the April status conference, the Court addressed and rejected Plaintiffs' request for sur-rebuttal expert reports, as explained in Mr. Blackwell's June 8 letter to the Court.   Sur-rebuttal is not contemplated by either PTO 17 or Rule 26.  In addition, there is sufficient time to complete expert depositions and file *Daubert* motions without altering the schedule. Conducting multiple depositions on the same day should be no obstacle given the number of lawyers on both sides.  In any event, Defendants will work with their experts to address any insurmountable conflicts in Plaintiffs' schedules, within the confines of the August 2 deadline.  If Plaintiffs want PTO 17 modified, then they should file a motion demonstrating good cause for such modifications.

**Bellwether discovery.**   Bellwether discovery commenced on June 2, 2017. The parties' initial disclosures for the bellwethers are due on June 15.  Both parties have served written discovery.  Plaintiffs have issued subpoenas to surgeons and anesthesiologists with proposed deposition dates in early August.  Defendants will issue additional subpoenas to other health care providers and/or hospital personnel and will notice the depositions of Plaintiffs and family members, all to occur before the bellwether discovery cutoff of October 2.

**Continued general causation discovery.**   On May 24, 2017, the Court granted leave to Defendants to take the continued deposition of Dr. Augustine and take the depositions of J. Randall Benham and Brent Augustine.  Defendants have requested dates in late June and July for those depositions to proceed.

Plaintiffs continue to negotiate with third parties Stryker and Cincinnati SubZero concerning their responses to Plaintiffs' subpoenas.

**Other.**

Defendants have filed a motion to remove the confidential designations of certain documents produced by Dr. Augustine and his related entities. That motion is scheduled to be heard by Judge Noel on June 19, 2017, at 10:30 a.m.

Plaintiffs are filing a motion to compel on June 12, seeking *in camera* review of documents withheld based on claims of attorney-client and work product privileges. A hearing on said motion will be heard by Judge Noel on June 26. Defendants are presently unaware of which specific documents Plaintiffs intend to challenge in their motion, or the number of documents, and therefore reserve their right to seek additional time to respond and a different hearing date if appropriate.

Dated:  June 7, 2017                    Respectfully submitted,

Jerry W. Blackwell (MN #186867)
Benjamin W. Hulse (MN #0390952)
BLACKWELL BURKE P.A.
431 South Seventh Street
Suite 2500
Minneapolis, MN  55415
Phone: (612) 343-3256
Fax: (612) 343-3205
Email:  blackwell@blackwellburke.com
        myoung@blackwellburke.com
        bhulse@blackwellburke.com

Bridget M. Ahmann (MN #016611x)
FAEGRE BAKER DANIELS LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
(612) 766-7000
Email: bridget.ahmann@faegrebd.com

**Counsel for Defendants 3M Company
and Arizant Healthcare, Inc.**

Michael V. Ciresi (MN #0016949)
Jan M. Conlin (MN #0192697)
CIRESI CONLIN LLP
225 S. 6th St., Suite 4600
Minneapolis, MN 55402
Phone: 612.361.8202
Email:  MVC@CiresiConlin.com
        JMC@CiresiConlin.com

Ben W. Gordon, Jr. (*Pro hac Vice*)
LEVIN, PAPANTONIO, THOMAS,
MITCHELL, RAFFERTY & PROCTOR, P.A.
316 South Baylen Street, Suite 600
Pensacola, FL 32502-5996
Phone: (850) 435-7091
Fax: (850) 435-7020
Email:  bgordon@levinlaw.com

Genevieve M. Zimmerman (MN #330292)
MESHBESHER & SPENCE, LTD.
1616 Park Avenue South
Minneapolis, MN 55404
Phone: (612) 339-9121
Fax: (612) 339-9188
Email:  gzimmerman@meshbesher.com

**Co-Lead Counsel for Plaintiffs**

**Defendants' PFS List 1:  Overdue Plaintiff Fact Sheets**
(As of June 8, 2017)

| Case Number | Title | Date Filed | PFS Due Date | Comments | Prior Listing | Firm Name |
|---|---|---|---|---|---|---|
| 0:16-cv-02803-JNE-FLN | Johnson v. 3M Company et al | 8/19/2016 | 12/26/2016 | Subject to Defendants' Motion to Dismiss filed on 5.10.17 (D.E. 424) | 3/13/17; 4/14/17 | Bachus & Schanker, LLC |
| 0:16-cv-02896-JNE-FLN | Toler et al v. 3M Company et al | 8/26/2016 | 12/26/2016 | Subject to Defendants' Motion to Dismiss filed on 5.10.17 (D.E. 424) | 3/13/17; 4/14/17 | Bachus & Schanker, LLC |
| 0:16-cv-02755-JNE-FLN | Fraley v. 3M Company et al | 8/16/2016 | 12/26/2016 | Subject to Defendants' Motion to Dismiss filed on 5.10.17 (D.E. 424) | 3/13/17; 4/14/17 | Bernstein Liebhard LLP |
| 0:16-cv-02772-JNE-FLN | Wilburn v. 3M Company et al | 8/18/2016 | 12/26/2016 | Subject to Defendants' Motion to Dismiss filed on 5.10.17 (D.E. 424) | 3/13/17; 4/14/17 | Bernstein Liebhard LLP |
| 0:16-cv-00136-JNE-FLN | Hager v. 3M Company | 1/21/2016 | 12/26/2016 | Subject to Defendants' Motion to Dismiss filed on 5.10.17 (D.E. 424) | 3/13/17; 4/14/17 | Meshbesher & Spence, Ltd. |
| 0:16-cv-03383-JNE-FLN | DePriest v. 3M Company et al | 10/6/2016 | 1/4/2017 | Subject to Defendants' Motion to Dismiss filed on 5.10.17 (D.E. 424) | 3/13/17; 4/14/17 | Bernstein Liebhard LLP |
| 0:16-cv-03553-JNE-FLN | Barrett v. 3M Company et al | 10/18/2016 | 1/16/2017 | Subject to Defendants' Motion to Dismiss filed on 5.10.17 (D.E. 424) | 3/13/17; 4/14/17 | Gustafson Gluek PLLC |
| 0:16-cv-00621-JNE-FLN | Weimer v. 3M Company | 3/10/2016 | 1/27/2017 | Subject to Defendants' Motion to Dismiss filed on 5.10.17 (D.E. 424) | 3/13/17; 4/14/17 | Lockridge, Grindal Nauen P.L.L.P. |
| 0:16-cv-03781-JNE-FLN | Fling et al v. 3M Company et al | 10/31/2016 | 1/29/2017 | Subject to Defendants' Motion to Dismiss filed on 5.10.17 (D.E. 424) | 3/13/17; 4/14/17 | Bachus & Schanker, LLC |
| 0:16-cv-04360-JNE-FLN | Spaich et al v. 3M Company et al | 12/27/2016 | 3/27/2017 | | 4/14/2017 | McGlynn, Glissoin & Mouton |
| 0:16-cv-04381-JNE-FLN | Manzanares v. 3M Company et al | 12/28/2016 | 3/28/2017 | | 4/14/2017 | Bernstein Liebhard LLP |
| 0:17-cv-00188-JNE-FLN | Stouffer v. 3M Company et al | 1/20/2017 | 4/20/2017 | | | Bernstein Liebhard LLP |
| 0:16-cv-04353-JNE-FLN | Butkus v. 3M Company et al | 12/27/2016 | 4/21/2017 | Extension granted to 4/21/17 but no PFS received | | McGlynn, Glisson and Mouton |
| 0:17-cv-00299-JNE-FLN | Raymond v. 3M Company Inc et al | 1/30/2017 | 4/30/2017 | | | Bernstein Liebhard LLP |
| 0:17-cv-00305-JNE-FLN | Whightsel et al v. 3M Company et al | 1/31/2017 | 5/1/2017 | | | Piscitelli Law Firm |
| 0:17-cv-00331-JNE-FLN | Terrell, Sr. et al v. 3M Company et al | 2/1/2017 | 5/2/2017 | | | Pendley, Baudin & Coffin, L.L.P. |

**Defendants' PFS List 1:  Overdue Plaintiff Fact Sheets**
(As of June 8, 2017)

| | | | | | | |
|---|---|---|---|---|---|---|
| 0:17-cv-00350-JNE-FLN | Sanders v. 3M Company et al | 2/2/2017 | 5/3/2017 | | | The Miller Firm, LLC |
| 0:17-cv-00386-JNE-FLN | Gartner et al v. 3M Company et al | 2/3/2017 | 5/4/2017 | | | Bachus & Schanker, LLC |
| 0:17-cv-00413-JNE-FLN | Swank et al v. 3M Company et al | 2/7/2017 | 5/8/2017 | | | Pendley, Baudin & Coffin, L.L.P. |
| 0:17-cv-00434-JNE-FLN | Reid v. 3M Company et al | 2/9/2017 | 5/10/2017 | | | Goza & Honnold, LLC |
| 0:16-cv-04369-JNE-FLN | Daniels Jr. v. 3M Company et al | 12/28/2016 | 5/13/2017 | Extension granted to 5/13/17 but no PFS received | | Pendley, Baudin & Coffin L.L.P. |
| 0:17-cv-00408-JNE-FLN | Rudolph v. 3M Company et al | 2/7/2017 | 5/15/2017 | | | Brous Law LLC |
| 0:17-cv-00553-JNE-FLN | Mixon et al v. 3M Company et al | 2/22/2017 | 5/23/2017 | | | Houssiere Durant Houssiere, LLP |
| 0:17-cv-00554-JNE-FLN | Bernardino et al v. 3M Company et al | 2/23/2017 | 5/24/2017 | | | Skikos Crawford Skikos & Joseph |
| 0:17-cv-00597-JNE-FLN | Perez v. 3M Company et al | 2/27/2017 | 5/28/2017 | | | Bernstein Liebhard LLP |
| 0:17-cv-00598-JNE-FLN | Zeabart v. 3M Company et al | 2/27/2017 | 5/28/2017 | | | Bernstein Liebhard LLP |
| 0:17-cv-00609-JNE-FLN | Reece et al v. 3M Company et al | 2/27/2017 | 5/28/2017 | | | Hare, Wynn, Newell & Newton |

Yellow highlighting indicates that the case was previously listed per PTO 14 (D.E. 270)
Pink highlighting indicates that the case was previously listed on the Court's agenda twice and a Defense Motion to Dismiss filed on 5.10.17 (D.E. 424) is pending

**Defendants' PFS List 2:  Plaintiffs Who Have Not Responded to Defendants' Deficiency Notices**
(Updated June 8, 2017)

| Case Number | Title | 1st Deficiency Notice Sent | Response Due Date | Prior Listing | Firm Name |
|---|---|---|---|---|---|
| 0:16-cv-02936-JNE-FLN | Bryson v. 3M Company | 1/19/2017 | 2/9/2017 | 3/13/17; 4/14/17 | Pendley, Baudin & Coffin L.L.P. |
| 0:16-cv-01986-JNE-FLN | Harkleroad v. 3M Company et al | 1/19/2017 | 2/9/2017 | 3/13/17; 4/14/17 | Kennedy Hodges, L.L.P. |
| 0:16-cv-02083-JNE-FLN | Hurst et al v. 3M Company et al | 1/19/2017 | 2/9/2017 | 3/13/17; 4/14/17 | Kennedy Hodges, L.L.P. |
| 0:16-cv-03058-JNE-FLN | Kaelin v. 3M Company et al | 1/19/2017 | 2/9/2017 | 3/13/17; 4/14/17 | Kennedy Hodges, L.L.P. |
| 0:16-cv-02888-JNE-FLN | Taylor et al v. 3M Company et al | 1/20/2017 | 2/10/2017 | 3/13/17; 4/14/17 | Meshbesher & Spence, Ltd |
| 0:16-cv-00784-JNE-FLN | Young v. 3M Company et al | 1/20/2017 | 2/10/2017 | 3/13/17; 4/14/17 | Kanuru Law Group |
| 0:16-cv-04153-JNE-FLN | Janowicz v. 3M Company et al | 4/10/2017 | 5/1/2017 | | Houssiere Durant Houssiere, LLP |
| 0:16-cv-04289-JNE-FLN | Allen v. 3M Company et al | 4/18/2017 | 5/9/2017 | | Kirtland & Packard LLP |
| 0:16-cv-04288-JNE-FLN | Johnson v. 3M Company et al | 4/18/2017 | 5/9/2017 | | Kirtland & Packard LLP |
| 0:16-cv-04290-JNE-FLN | Kauanui v. 3M Company et al | 4/18/2017 | 5/9/2017 | | Kirtland & Packard LLP |
| 0:16-cv-04287-JNE-FLN | Grabbatin v. 3M Company et al | 4/20/2017 | 5/11/2017 | | Kirtland & Packard LLP |
| 0:16-cv-02299-JNE-FLN | Redman et al v. 3M Company et al | 4/24/2017 | 5/15/2017 | | Goza & Honnold, LLC |
| 0:16-cv-04418-JNE-FLN | Burks v. 3M Company et al | 4/24/2017 | 5/15/2017 | | Goza & Honnold, LLC |
| 0:16-cv-04412-JNE-FLN | Gill v. 3M Company et al | 4/24/2017 | 5/15/2017 | | Goza & Honnold, LLC |
| 0:16-cv-04359-JNE-FLN | Dipietro et al v. 3M Company et al | 5/3/2017 | 5/24/2017 | | McGlynn, Glisson and Mouton |

| Case Number | Title | 2d Deficiency notice Sent | Response Due Date | Prior Listing | Firm Name |
|---|---|---|---|---|---|
| 0:15-cv-03329-JNE-FLN | Libby v. 3M Company et al | 3/8/2017 | 3/29/2017 | 4/14/2017 | Levin, Papantonio, Thomas, Mitchell, Rafferty, Proctor P.A. |
| 0:16-cv-02723-JNE-FLN | Tucker v. 3M Company | 3/23/2017 | 4/13/2017 | | Goza & Honnold, LLC |
| 0:16-cv-00826-JNE-FLN | Starnes v. 3M Company et al | 5/8/2017 | 5/29/2017 | | Kirtland & Packard LLP |

**Defendants' PFS List 2:  Plaintiffs Who Have Not Responded to Defendants' Deficiency Notices**
(Updated June 8, 2017)

| Case Number | Title | 3d Deficiency Notice Sent | Response Due Date | Prior Listing | Firm Name |
|---|---|---|---|---|---|
| 0:16-cv-02284-JNE-FLN | Brumback v. 3M Company et al | 3/28/2017 | 4/18/2017 | | Kirtland & Packard LLP |
| 0:16-cv-00250-JNE-FLN | Critari v. 3M Company | 4/4/2017 | 4/25/2017 | | Meshbesher & Spence, Ltd. |
| 0:15-cv-03951-JNE-FLN | Hernandez v. 3M Company et al | 4/12/2017 | 5/3/2017 | | The Law offices of Travis R. Walker, P.A. |
| 0:16-cv-01970-JNE-FLN | Harding v. 3M Company et al | 4/12/2017 | 5/3/2017 | | Kennedy Hodges, L.L.P. |
| 0:16-cv-02394-JNE-FLN | Murphy et al v. 3M Company et al | 4/17/2017 | 5/8/2017 | | Meshbesher & Spence, Ltd. |
| 0:16-cv-00846-JNE-FLN | Scott v. 3M Company | 4/18/2017 | 5/9/2017 | | The Law Offices of Travis R Walker |
| 0:16-cv-01829-JNE-FLN | Blowe v. 3M Company, et al | 4/19/2017 | 5/10/2017 | | Kennedy Hodges, L.L.P. |
| 0:16-cv-03037-JNE-FLN | Lupo v. 3M Company et al | 4/19/2017 | 5/10/2017 | | Kennedy Hodges, L.L.P. |
| 0:16-cv-02481-JNE-FLN | Magee v. 3M Company et al | 4/19/2017 | 5/10/2017 | | Kennedy Hodges, L.L.P. |
| 0:16-cv-02156-JNE-FLN | Busby v. 3M Company et al | 4/19/2017 | 5/10/2017 | | Kennedy Hodges, L.L.P. |
| 0:16-cv-02626-JNE-FLN | Buttacavoli v. 3M Company et al | 4/19/2017 | 5/10/2017 | | Kennedy Hodges, L.L.P. |
| 0:16-cv-02661-JNE-FLN | Davis v. 3M Company et al | 4/19/2017 | 5/10/2017 | | Kennedy Hodges, L.L.P. |
| 0:16-cv-01906-JNE-FLN | Gunn et al v. 3M Company et al | 4/19/2017 | 5/10/2017 | | Kennedy Hodges, L.L.P. |
| 0:16-cv-01338-JNE-FLN | Hartzel v. 3M Company | 4/19/2017 | 5/10/2017 | | Kennedy Hodges, L.L.P. |
| 0:16-cv-02428-JNE-FLN | King v. 3M Company et al | 4/19/2017 | 5/10/2017 | | Kennedy Hodges, L.L.P. |
| 0:16-cv-01847-JNE-FLN | Rivers v. 3M Company et al | 4/19/2017 | 5/10/2017 | | Kennedy Hodges, L.L.P. |
| 0:16-cv-02374-JNE-FLN | Upton v. 3M Company et al | 4/19/2017 | 5/10/2017 | | Kennedy Hodges, LLP |
| 0:16-cv-01774-JNE-FLN | Zenner v. 3M Company | 4/19/2017 | 5/10/2017 | | Kennedy Hodges, L.L.P. |
| 0:16-cv-01886-JNE-FLN | Schlueter v 3M Company et al | 4/24/2017 | 5/15/2017 | | Goldenberg Heller & Antognoli, P.C. |
| 0:16-cv-00990-JNE-FLN | Stinson v. 3M Company | 5/1/2017 | 5/22/2017 | | Meshbesher & Spence, Ltd. |
| 0:16-cv-02605-JNE-FLN | Forney v. 3M Company et al | 5/1/2017 | 5/22/2017 | | Meshbesher & Spence, Ltd. |

**Defendants' PFS List 2:  Plaintiffs Who Have Not Responded to Defendants' Deficiency Notices**
(Updated June 8, 2017)

| 0:16-cv-02787-JNE-FLN | Hood et al v. 3M Company et al | 5/3/2017 | 5/24/2017 | | Meshbesher & Spence, Ltd. |
|---|---|---|---|---|---|

Yellow highlighting indicates that the case was previously listed on one or two status conference agendas per PTO 14

# EXHIBIT C



**BLACKWELL BURKE** P.A.

Benjamin W. Hulse
Direct Dial: 612-343-3256
E-Mail: bhulse@blackwellburke.com

January 20, 2017

**VIA EMAIL AND U.S. MAIL**

David Hodges
Kennedy Hodges, L.L.P.
4409 Montrose Blvd, Ste 200
Houston, TX, 77006
mtg@kennedyhodges.com

Re:     *In re Bair Hugger Forced Air Warming Devices Products Liability Litigation*
        MDL No. 2666 – Deficiencies in Plaintiff Fact Sheet for Individual Case
        *Harkleroad v. 3M Company et al*, Case No.: 0:16-cv-01986-JNE-FLN

Dear Counsel:

We are in receipt of the Plaintiff Fact Sheet (PFS) for the above-captioned matter.  The PFS has core deficiencies, as set forth in the enclosed report.

Paragraph 4 of Pretrial Order No. 14 defines core deficiencies as "a lack of response to all questions in Section I, Section II, and Section III; Section IV, questions 1, 3, 7, 8, 9, 10; Section V, questions 5, 6, and 7; Section VI, questions 1, 3, 6, 7, 8, and 9; Section VII, questions 1 and 2; Section 8, question 2; Section IX, questions 1, 3, and 4, or lack of signed medical authorizations."  Paragraph 3 further requires a signed verification.

In addition, the instructions on the PFS form prohibit leaving spaces blank and provide as follows: "If a question is not applicable to you, please state 'Not Applicable' or 'N/A.'"  In our review, many deficiencies resulted from a plaintiff leaving one or more spaces blank.

Pursuant to paragraph 6 of PTO 14, within 3 weeks of the date of this letter, you must respond in writing by either (1) curing the deficiencies; (2) disputing the deficiencies and setting forth the reasons the PFS is not deficient; or (3) explaining why the deficiencies cannot be timely cured.

Sincerely,

s/ Benjamin W. Hulse

Benjamin W. Hulse

cc: Plaintiffs' Co-Lead Counsel

Enclosure

| description | doc_id |
|---|---|
| Title "Harkleroad_Sandra_16-cv-1986_01_Harkleroad_Sandra_16-cv-1986" | Harkleroad_Sandra_16-cv-1986_01_Harkleroad_Sandra_16-cv-1986 |

PLAINTIFFS' LAST NAME - Harkleroad

PLAINTIFFS' FIRST NAME - Sandra

CASE NO. - 16-cv-1986_01

I.03.B - PLAINTIFFS' COUNSEL'S FIRM - Kennedy Hodges

I.03.E - PLAINTIFFS' COUNSEL'S EMAIL - mtg@kennedyhodges.com

SECTION I (CASE INFORMATION) -

SECTION II (PERSONAL INFORMATION) - Incomplete

SECTION II - INCOMPLETE QUESTIONS - 01, 02, 03, 05, 06, 08, 09, 10

SECTION III   (SURGERY INFORMATION) - Incomplete

SECTION III - INCOMPLETE QUESTIONS - 03, 04, 05

SECTION IV - 1 (VITAL STATISTICS) - Incomplete

SECTION IV - 10   (DRUG/ALCOHOL) - Incomplete

SECTION IV - 3 (HEALTHCARE PROVIDERS) - Incomplete

SECTION IV - 7   (PHARMACIES/DRUGSTORES) - Incomplete

SECTION IV - 8   (DENTAL PROCEDURES) - Incomplete

SECTION IV - 9   (TOBACCO) - Incomplete

SECTION IX - 1   (CONSORTIUM NAME ETC.) -

SECTION IX - 3   (RESIDENCES) -

SECTION IX - 4   (MARRIED) -

SECTION V - 5   (DISABILITY CLAIMS) - Incomplete

SECTION V - 6   (LAWSUITS) - Incomplete

SECTION V - 7   (BANKRUPTCY) - Incomplete

SECTION VI - 1   (PHYSICAL INJURY) - Incomplete

SECTION VI - 3   (EMOTIONAL DISTRESS) - Incomplete

SECTION VI - 6   (WARNINGS) - Incomplete

SECTION VI - 7   (3M/ARIZANT COMMUNICATIONS) - Incomplete

SECTION VI - 8   (3M/ARIZANT WARRANTY) - Incomplete

SECTION VI - 9   (AUGUSTINE) - Incomplete

SECTION VII - 1   (LOST PAST WAGES) - Incomplete

SECTION VII - 2   (LOST FUTURE WAGES) - Incomplete

SECTION VIII - 2   (VERBAL/WRITTEN STATEMENT) - Incomplete

X.01 - SIGNED AUTHORIZATION - Incomplete

X.02.D - DOCUMENTS - SIGNED VERIFICATION - Incomplete



BLACKWELL BURKE P.A.

Benjamin W. Hulse
Direct Dial: 612-343-3256
E-Mail: bhulse@blackwellburke.com

January 20, 2017

**VIA EMAIL AND U.S. MAIL**

David Hodges
Kennedy Hodges, L.L.P.
4409 Montrose Blvd, Ste 200
Houston, TX, 77006
mtg@kennedyhodges.com

> Re:   *In re Bair Hugger Forced Air Warming Devices Products Liability Litigation*
> MDL No. 2666 – Deficiencies in Plaintiff Fact Sheet for Individual Case
> *Hurst et al v. 3M Company et al,* Case No.: 0:16-cv-02083-JNE-FLN

Dear Counsel:

We are in receipt of the Plaintiff Fact Sheet (PFS) for the above-captioned matter.  The PFS has core deficiencies, as set forth in the enclosed report.

Paragraph 4 of Pretrial Order No. 14 defines core deficiencies as "a lack of response to all questions in Section I, Section II, and Section III; Section IV, questions 1, 3, 7, 8, 9, 10; Section V, questions 5, 6, and 7; Section VI, questions 1, 3, 6, 7, 8, and 9; Section VII, questions 1 and 2; Section 8, question 2; Section IX, questions 1, 3, and 4, or lack of signed medical authorizations."  Paragraph 3 further requires a signed verification.

In addition, the instructions on the PFS form prohibit leaving spaces blank and provide as follows: "If a question is not applicable to you, please state 'Not Applicable' or 'N/A.'"  In our review, many deficiencies resulted from a plaintiff leaving one or more spaces blank.

Pursuant to paragraph 6 of PTO 14, within 3 weeks of the date of this letter, you must respond in writing by either (1) curing the deficiencies; (2) disputing the deficiencies and setting forth the reasons the PFS is not deficient; or (3) explaining why the deficiencies cannot be timely cured.

Sincerely,

s/ Benjamin W. Hulse

Benjamin W. Hulse

cc: Plaintiffs' Co-Lead Counsel

Enclosure

| description | doc_id |
|---|---|
| Title "Hurst_Vivan_16-cv-2083_01_Hurst_Vivan_16-cv-2083" | Hurst_Vivan_16-cv-2083_01_Hurst_Vivan_16-cv-2083 |

PLAINTIFFS' LAST NAME - Hurst
PLAINTIFFS' FIRST NAME - Vivian
CASE NO. - 16-cv-2083_01
I.03.B - PLAINTIFFS' COUNSEL'S FIRM - Kennedy Hodges, LLP
I.03.E - PLAINTIFFS' COUNSEL'S EMAIL - mtg@kennedyhodges.com
SECTION I (CASE INFORMATION) -
SECTION II (PERSONAL INFORMATION) - Incomplete
SECTION II - INCOMPLETE QUESTIONS - 02, 03, 05, 09, 10
SECTION III   (SURGERY INFORMATION) - Incomplete
SECTION III - INCOMPLETE QUESTIONS - 01, 03, 04, 05
SECTION IV - 1 (VITAL STATISTICS) - Incomplete
SECTION IV - 10   (DRUG/ALCOHOL) - Incomplete
SECTION IV - 3 (HEALTHCARE PROVIDERS) - Incomplete
SECTION IV - 7   (PHARMACIES/DRUGSTORES) - Incomplete
SECTION IV - 8   (DENTAL PROCEDURES) - Incomplete
SECTION IV - 9   (TOBACCO) - Incomplete
SECTION IX - 1   (CONSORTIUM NAME ETC.) -
SECTION IX - 3   (RESIDENCES) -
SECTION IX - 4   (MARRIED) -
SECTION V - 5   (DISABILITY CLAIMS) - Incomplete
SECTION V - 6   (LAWSUITS) - Incomplete
SECTION V - 7   (BANKRUPTCY) - Incomplete
SECTION VI - 1   (PHYSICAL INJURY) - Incomplete
SECTION VI - 3   (EMOTIONAL DISTRESS) - Incomplete
SECTION VI - 6   (WARNINGS) - Incomplete
SECTION VI - 7   (3M/ARIZANT COMMUNICATIONS) - Incomplete
SECTION VI - 8   (3M/ARIZANT WARRANTY) - Incomplete
SECTION VI - 9   (AUGUSTINE) - Incomplete
SECTION VII - 1   (LOST PAST WAGES) - Incomplete
SECTION VII - 2   (LOST FUTURE WAGES) - Incomplete
SECTION VIII - 2   (VERBAL/WRITTEN STATEMENT) - Incomplete
X.01 - SIGNED AUTHORIZATION - Incomplete
X.02.D - DOCUMENTS - SIGNED VERIFICATION - Incomplete



Benjamin W. Hulse
Direct Dial:  612-343-3256
E-Mail:  bhulse@blackwellburke.com

January 20, 2017

**VIA EMAIL AND U.S. MAIL**

Christopher Coffin
Pendley, Baudin & Coffin LLP
1515 Poydras Street, Suite 1400
New Orleans, LA, 70112
sshirey@pbclawfirm.com

> Re:  *In re Bair Hugger Forced Air Warming Devices Products Liability Litigation*
> MDL No. 2666 – Deficiencies in Plaintiff Fact Sheet for Individual Case
> *Bryson v. 3M Company*, Case No.: 0:16-cv-02936-JNE-FLN

Dear Counsel:

We are in receipt of the Plaintiff Fact Sheet (PFS) for the above-captioned matter.  The PFS has core deficiencies, as set forth in the enclosed report.

Paragraph 4 of Pretrial Order No. 14 defines core deficiencies as "a lack of response to all questions in Section I, Section II, and Section III; Section IV, questions 1, 3, 7, 8, 9, 10; Section V, questions 5, 6, and 7; Section VI, questions 1, 3, 6, 7, 8, and 9; Section VII, questions 1 and 2; Section 8, question 2; Section IX, questions 1, 3, and 4, or lack of signed medical authorizations."  Paragraph 3 further requires a signed verification.

In addition, the instructions on the PFS form prohibit leaving spaces blank and provide as follows: "If a question is not applicable to you, please state 'Not Applicable' or 'N/A.'"  In our review, many deficiencies resulted from a plaintiff leaving one or more spaces blank.

Pursuant to paragraph 6 of PTO 14, within 3 weeks of the date of this letter, you must respond in writing by either (1) curing the deficiencies; (2) disputing the deficiencies and setting forth the reasons the PFS is not deficient; or (3) explaining why the deficiencies cannot be timely cured.

Sincerely,

s/ Benjamin W. Hulse

Benjamin W. Hulse

cc: Plaintiffs' Co-Lead Counsel

Enclosure

| description | doc_id |
|---|---|
| Title "Bryson_Jerry_016-cv-02936_1_01_Bryson_Jerry_016-cv-02936_1" | Bryson_Jerry_016-cv-02936_1_01_Bryson_Jerry_016-cv-02936_1 |

PLAINTIFFS' LAST NAME - Bryson

PLAINTIFFS' FIRST NAME - Jerry W.

CASE NO. - 016-cv-02936_01_01

I.03.B - PLAINTIFFS' COUNSEL'S FIRM - Pendley Baudin

I.03.E - PLAINTIFFS' COUNSEL'S EMAIL - sshirey@pbclawfirm.com

SECTION I (CASE INFORMATION) -

SECTION II (PERSONAL INFORMATION) - Incomplete

SECTION II - INCOMPLETE QUESTIONS - 03

SECTION III   (SURGERY INFORMATION) -

SECTION IV - 1 (VITAL STATISTICS) -

SECTION IV - 10   (DRUG/ALCOHOL) -

SECTION IV - 3 (HEALTHCARE PROVIDERS) - Incomplete

SECTION IV - 7   (PHARMACIES/DRUGSTORES) - Incomplete

SECTION IV - 8   (DENTAL PROCEDURES) - Incomplete

SECTION IV - 9   (TOBACCO) - Incomplete

SECTION IX - 1   (CONSORTIUM NAME ETC.) -

SECTION IX - 3   (RESIDENCES) -

SECTION IX - 4   (MARRIED) -

SECTION V - 5   (DISABILITY CLAIMS) - Incomplete

SECTION V - 6   (LAWSUITS) -

SECTION V - 7   (BANKRUPTCY) -

SECTION VI - 1   (PHYSICAL INJURY) - Incomplete

SECTION VI - 3   (EMOTIONAL DISTRESS) - Incomplete

SECTION VI - 6   (WARNINGS) -

SECTION VI - 7   (3M/ARIZANT COMMUNICATIONS) -

SECTION VI - 8   (3M/ARIZANT WARRANTY) -

SECTION VI - 9   (AUGUSTINE) -

SECTION VII - 1   (LOST PAST WAGES) -

SECTION VII - 2   (LOST FUTURE WAGES) -

SECTION VIII - 2   (VERBAL/WRITTEN STATEMENT) - Incomplete

X.01 - SIGNED AUTHORIZATION -

X.02.D - DOCUMENTS - SIGNED VERIFICATION - Incomplete

Reports - Core Deficiencies



Benjamin W. Hulse
Direct Dial: 612-343-3256
E-Mail: bhulse@blackwellburke.com

January 20, 2017

**VIA EMAIL AND U.S. MAIL**

David Hodges
Kennedy Hodges, L.L.P.
4409 Montrose Blvd, Ste 200
Houston, TX, 77006
mtg@kennedyhodges.com

> Re:   *In re Bair Hugger Forced Air Warming Devices Products Liability Litigation*
>       MDL No. 2666 – Deficiencies in Plaintiff Fact Sheet for Individual Case
>       *Kaelin v. 3M Company et al*, Case No.: 0:16-cv-03058-JNE-FLN

Dear Counsel:

We are in receipt of the Plaintiff Fact Sheet (PFS) for the above-captioned matter. The PFS has core deficiencies, as set forth in the enclosed report.

Paragraph 4 of Pretrial Order No. 14 defines core deficiencies as "a lack of response to all questions in Section I, Section II, and Section III; Section IV, questions 1, 3, 7, 8, 9, 10; Section V, questions 5, 6, and 7; Section VI, questions 1, 3, 6, 7, 8, and 9; Section VII, questions 1 and 2; Section 8, question 2; Section IX, questions 1, 3, and 4, or lack of signed medical authorizations." Paragraph 3 further requires a signed verification.

In addition, the instructions on the PFS form prohibit leaving spaces blank and provide as follows: "If a question is not applicable to you, please state 'Not Applicable' or 'N/A.'" In our review, many deficiencies resulted from a plaintiff leaving one or more spaces blank.

Pursuant to paragraph 6 of PTO 14, within 3 weeks of the date of this letter, you must respond in writing by either (1) curing the deficiencies; (2) disputing the deficiencies and setting forth the reasons the PFS is not deficient; or (3) explaining why the deficiencies cannot be timely cured.

Sincerely,

s/ Benjamin W. Hulse

Benjamin W. Hulse

cc: Plaintiffs' Co-Lead Counsel

Enclosure

description

doc_id

Title "Kaelin_Donald_16-cv-3058_01_Kaelin_Donald_16-cv-3058"

Kaelin_Donald_16-cv-
3058_01_Kaelin_Donal
d_16-cv-3058

PLAINTIFFS' LAST NAME - Kaelin
PLAINTIFFS' FIRST NAME - Donald
CASE NO. - 16-cv-3058_01
I.03.B - PLAINTIFFS' COUNSEL'S FIRM - Kennedy Hodges
I.03.E - PLAINTIFFS' COUNSEL'S EMAIL - mtg@kennedyhodges.com
SECTION I (CASE INFORMATION) -
SECTION II (PERSONAL INFORMATION) - Incomplete
SECTION II - INCOMPLETE QUESTIONS - 01, 02, 06, 08, 09, 10
SECTION III   (SURGERY INFORMATION) - Incomplete
SECTION III - INCOMPLETE QUESTIONS - 01, 03, 04, 05
SECTION IV - 1 (VITAL STATISTICS) - Incomplete
SECTION IV - 10   (DRUG/ALCOHOL) - Incomplete
SECTION IV - 3 (HEALTHCARE PROVIDERS) - Incomplete
SECTION IV - 7   (PHARMACIES/DRUGSTORES) - Incomplete
SECTION IV - 8   (DENTAL PROCEDURES) - Incomplete
SECTION IV - 9   (TOBACCO) - Incomplete
SECTION IX - 1   (CONSORTIUM NAME ETC.) -
SECTION IX - 3   (RESIDENCES) -
SECTION IX - 4   (MARRIED) -
SECTION V - 5   (DISABILITY CLAIMS) - Incomplete
SECTION V - 6   (LAWSUITS) - Incomplete
SECTION V - 7   (BANKRUPTCY) - Incomplete
SECTION VI - 1   (PHYSICAL INJURY) - Incomplete
SECTION VI - 3   (EMOTIONAL DISTRESS) - Incomplete
SECTION VI - 6   (WARNINGS) - Incomplete
SECTION VI - 7   (3M/ARIZANT COMMUNICATIONS) - Incomplete
SECTION VI - 8   (3M/ARIZANT WARRANTY) - Incomplete
SECTION VI - 9   (AUGUSTINE) - Incomplete
SECTION VII - 1   (LOST PAST WAGES) - Incomplete
SECTION VII - 2   (LOST FUTURE WAGES) - Incomplete
SECTION VIII - 2   (VERBAL/WRITTEN STATEMENT) - Incomplete
X.01 - SIGNED AUTHORIZATION - Incomplete
X.02.D - DOCUMENTS - SIGNED VERIFICATION - Incomplete

# EXHIBIT E

**From:** Mary Young
**Sent:** Friday, March 10, 2017 6:29 PM
**To:** joanericksen_chambers@mnd.uscourts.gov; noel_chambers@mnd.uscourts.gov
**Cc:** Jerry Blackwell; Ben Hulse; Ahmann, Bridget M.; Winebrenner, M. Joseph; gzimmerman@meshbesher.com; bgordon@levinlaw.com; MVC@ciresiconlin.com; JMC@CiresiConlin.com
**Subject:** Joint Agenda and Status Report (MDL No. 15-2666 (JNE/FLN))

Dear Judge Ericksen and Magistrate Judge Noel,

Consistent with this Court's February 9, 2016 Pretrial Order No. 3, the parties submit this Joint Agenda and Status Conference Report in preparation for the status conference scheduled for Thursday, March 16 at 9:30 a.m.  Also attached are Defendants' three lists related to the PFSs, as discussed in Section 2. of the Joint Agenda.

Sincerely,
Mary Young

Mary S. Young
Blackwell Burke P.A.
431 South Seventh Street, Suite 2500
Minneapolis, MN  55415
Direct (612) 343-3214
Fax (612) 343-3205

This message and any attachments may contain information that is privileged, confidential, and exempt from disclosure under applicable law. If you are not the intended recipient or are not authorized to receive for the recipient, you are hereby notified that dissemination, distribution or copying of this message and any attachments is strictly prohibited. If you have received this message in error, please immediately advise the sender by reply e-mail and delete the message and any attachments. Thank you.

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

In re: Bair Hugger Forced Air Warming
Products Liability Litigation

MDL No. 2666
(JNE/FLN)

This Document Relates to All Actions

**Joint Agenda and Report for
March 16, 2017 Status Conference**

Pursuant to Pretrial Order #3, undersigned Counsel submit this Joint Agenda and Status Conference Report for the March 16, 2017, 9:30 a.m. Status Conference:

**1. Pretrial Orders**

No new pretrial orders have issued since the February Status Conference.

**2. Plaintiff Fact Sheets ("PFSs")**

On September 27, 2016, the Court entered PTO #14: Plaintiff Fact Sheet and Service Protocol. For all cases on file in MDL 2666 on September 27, 2016, a completed PFS was due no later than December 26, 2016.

PTO #14 prescribes a process for Defendants to notify a Plaintiff of any alleged core deficiencies in that Plaintiff's PFS, and then for the Plaintiff to respond by curing the deficiencies, disputing them, or explaining why they cannot be timely cured. Once this meet-and-confer process has occurred, Defendants may put any unresolved dispute on the court conference agenda. PTO #14 provides that if the case appears on the agenda for

two sequential court conferences without resolution, Defendants may file (and the Plaintiff may oppose) a motion for dismissal of the case.

In this month's agenda (submitted by Defendants along with this Joint Agenda), Defendants are listing cases in three categories: (1) those where Defendants sent a deficiency notice and contend that one or more core deficiencies were not cured by the Plaintiff's response; (2) those where Defendants issued a deficiency notice and contend the time for the Plaintiff to respond has now elapsed; and (3) those where Defendants maintain the PFS is significantly overdue and no extension has been granted by Defendants. Defendants provided versions of these three lists to Plaintiffs on March 7, and since then the parties have worked, successfully in many instances, to resolve disputes concerning which cases should be on the lists. These lists represent Defendants' understanding of the status of the various PFSs as of the close of business on March 9. The Court should not take these lists to imply that Plaintiffs agree that any case should be listed, or that Plaintiffs agree that any listed PFS is in fact deficient.

With respect to those cases on Defendants' list (1), the parties presently anticipate that, through further meet-and-confers, many disputes will be resolved, and a significant number of cases will not be re-listed on the next month's agenda. For those cases that may remain for the following court conference, Defendants anticipate they may file motions to dismiss, and Plaintiffs anticipate they may oppose any such motions. With respect to Defendants' lists (2) and (3), Defendants state that they may seek earlier dismissal based on their view that these cases are fundamentally out of compliance with the requirements of PTO #14. In addition, the parties have some basic areas of

2

disagreement concerning the requirements of the PFS form.  The parties will continue to attempt to resolve these disputes, but may seek the Court's involvement if they are unable to do so.

### 3.  Bellwether Selection Plan

PTO #17 details the bellwether trial selection process.  On January 9, the parties submitted their joint and also separate proposals, of the relevant characteristics and categories to be considered in assessing whether a case is representative of the range of cases in this action.  At the January Status Conference, the Court determined that the initial bellwether cases shall be selected from the following categories:  (1) cases where the plaintiff underwent a total hip implant procedure; and (2) cases where the plaintiff underwent a total knee implant procedure.

On January 5, 2016 the Court randomly selected 150 cases from the bellwether pool that includes case filed in, removed to, or transferred to this MDL on or before December 19, 2016.  On February 2, 2017, the parties each submitted their list of 16 nominated bellwether cases to the Court, but did not share their respective lists with one another due to Defendants' concern that there remained outstanding and unresolved *Lexecon* issues.  On February 7, 2016, the Court provided guidance to the parties on how to resolve Defendants' assertions concerning *Lexecon* issues.  The parties further discussed the issue with the Court at the February 16, 2017 Status Conference, following which Plaintiffs provided information to Defendants detailing, for each Plaintiff in the Court's random-selection group, whether the Plaintiff (i) agreed to waive *Lexecon*, (ii) refused to agree to waive *Lexecon*, or (iii) failed to respond to the request regarding the

*Lexecon* waiver.  As a result of the information provided, Defendants have determined that it is necessary to nominate two replacement cases to complete their list of 16 nominated bellwether cases.  Defendants are working to select these two remaining cases from those already in the Court's random-selection group that have executed *Lexecon* waivers, and anticipate disclosing replacement cases no later than March 14.  In the event Defendants believe it necessary for the Court to add additional cases to the random-selection group, as contemplated in the Court's February 7, 2017, email to the parties, Defendants will make that request by March 14, 2017.  The parties will submit a comprehensive list of the Bellwether Nominations to the Court as soon as it is complete.  Defendants have started collecting medical records for the Plaintiffs in the Bellwether Nominated Cases.  The parties have also discussed and will continue to negotiate as to the limited case specific (including third-party) discovery on the bellwether pool of cases contemplated by the Pretrial Order No. 17, paragraph 12(e).

### 4.  Update on number and status of cases transferred into the MDL

As of Friday, March 3, 2017, there were 1,580 active federal Bair Hugger cases pending in this MDL.  Not all of these filed cases have been served on Defendants.

### Update on cases filed in the City of St. Louis, Missouri

Two cases are pending transfer to this MDL from the Eastern District of Missouri, *Jennings, et al. v. 3M & Arizant Healthcare, Inc.*, 4:17-cv-0012 (Autrey, J.), and *Weisbrod et al. v. 3M and Arizant Healthcare, Inc.*, 4:17-cv-0023 (Hamilton, J.). *Jennings* and *Weisbrod* were both removed by 3M from the City of St. Louis, Missouri state court.  *Jennings* joins the Bair Hugger claims of 52 plaintiffs, only one of whom is

4

CASE 0:15-md-02666-JNE-DTS   Doc. 593-1   Filed 07/06/17   Page 53 of 64

from Minnesota. *Weisbrod* joins the Bair Hugger claims of 58 plaintiffs, only three of whom are from Minnesota. Defendants removed alleging improper joinder of the non-Missouri plaintiffs, including the plaintiffs from Minnesota. Defendants contemporaneously filed motions to dismiss for lack of personal jurisdiction over the non-Missouri Plaintiffs pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, or in the alternative, to sever the multi-plaintiff lawsuit for improper joinder under Rules 20 and 21, along with motions to stay in the E.D. Mo. so that the pending motion to dismiss or to sever can be decided by this Court. Plaintiffs in both cases, represented by The Simon Law Firm, P.C., have moved to remand to state court. On January 6, Defendants filed a Notice of Potential Tag-Along Actions with the JPML for the two matters. On January 10, the JPML entered its conditional transfer order. On February 1, 2016 the *Jennings* and *Weisbrod* plaintiffs filed with a motion to vacate the JPML's Conditional Transfer Order. Defendants filed their response on February 22. A Motion Hearing without oral argument has been scheduled for March 30, 2017. On February 7, the *Jennings* court granted 3M's motion to stay all proceedings pending transfer of the case to the MDL. The *Weisbrod* court has not yet acted on 3M's motion to stay.

In addition, on February 28, 2017, 3M was served in *Galbreath, et al. v. 3M & Arizant,* another matter filed in the City of St. Louis. Like *Jennings* and *Weisbrod*, this case was filed by the The Simon Law Firm. *Galbreath* joins the Bair Hugger claims of 76 plaintiffs. 3M intends to remove *Galbreath* to the Eastern District of Missouri on the same bases that it removed *Jennings and Weisbrod* and seek transfer to the MDL.

### 5.  Overview of related state court proceedings

There are 48 cases pending before Judge Leary in Ramsey County.  Judge Leary has indicated that he intends to coordinate the Ramsey County cases with this MDL.  On February 16, 2017, a status conference was conducted concurrently with the MDL conference.

This Court has ordered that the Ramsey County cases are to be included within the bellwether selection process.  On December 29, 2016, the Ramsey County Court entered a PFS order for Ramsey Cases.  For all Ramsey cases pending as of the date of the Order, a completed PFS was due no later than January 31, 2017. On February 13, 2017 the parties each designated 2 Ramsey County cases (as set out in paragraph 12.c. of PTO #17) as nominated bellwether cases.  Plaintiffs have dismissed some cases after meeting-and-conferring with defendants regarding overdue plaintiff fact sheets.  Defendants may seek relief from Judge Leary in the coming weeks if any remain overdue without an agreed extension.

In addition to the new St. Louis case mentioned above, there are currently six other state court cases pending outside of Ramsey County, Minnesota:

☐ *Rodriguez v. 3M Co., Arizant Healthcare, Advocate Health and Hospitals Corporation, and Medtronic Sofamor Danek U.S.A., Inc.,* pending in the Circuit Court of the Nineteenth Judicial Circuit, Lake County, Illinois, Case No. 15-L-930, before the Honorable Thomas J. Schippers.  Plaintiffs are represented by DeSanto Morgan & Taylor.  The *Rodriguez* case was filed on December 31, 2015 and 3M and Arizant were served on January 14, 2016.  At the November 30, 2016

case management conference, the Court tentatively set a trial date of March 5, 2018 with the aim of trailing the first MDL bellwether trial. A case management conference was held on February 20, 2017. Defendants intend to seek a further continuance of the trial date in light of the adjustment to the MDL bellwether trial date. The next status conference is scheduled for April 20, 2017.

☐ *Lawson v. 3M Co., Arizant Healthcare, Inc., CHCA Conroe L.P., Conroe Hospital Corporation, Conroe Regional Medical Center, and Haissam Elzaim, M.D.*, pending in the 284th Judicial District Court, Montgomery County, Texas, before the Honorable Cara Wood. Plaintiffs are represented by the Hopkins Law Firm. The *Lawson* case was filed on October 7, 2015. 3M was served on October 28, 2015 and Arizant was served on November 13, 2015. A status conference is set for November 19, 2017, at which time a trial date will be set. The *Lawson* judge selected the November 2017 date in order to see whether the first MDL bellwether case had proceeded to trial as had been scheduled. The deposition of one of the plaintiffs and the defendant treating physician occurred in September 2016. The deposition of Aubrey Ray Lawson was taken on February 21, 2017. The deposition of plaintiffs' expert has been scheduled for March 21, 2017.

☐ *Acosta v. 3M and Arizant Healthcare, Inc.,* pending in the Fourth Judicial District Court, Missoula County, Montana, Case No. DV-16-769, Dept. No. 4, Plaintiffs are represented by the Rossbach Law Firm. The *Acosta* case was filed on September 9, 2016. 3M and Arizant still have not been served.

☐ *Petitta v. Ray R. Trey Fulp III et al.,* pending in the District Court of Hidalgo
County, Texas. Plaintiff is represented by the Garcia & Martinez Law Firm. The
*Petitta* case was filed on November 14, 2016. This case was duplicative (same
plaintiff, same allegations against 3M) of a case previously filed in the MDL (Case
No. 16-cv-03878). 3M was served on November 18, 2016. Plaintiffs' counsel has
advised 3M that the state court action will proceed. Defendants responded to the
complaint on January 20, 2016. The parties have served written discovery on each
other, and 3M served its objections and responses on March 6.

☐ *Bythwood v. 3M, Arizant et al.,* pending in the Circuit Court of Jefferson County,
Alabama. Plaintiff is represented by Frank O. Hanson, Jr. The *Bythwood* case
was filed on February 15, 2017. 3M and Arizant were served on February 23,
2017.

### 6. Overview of Canadian Action

On June 22, 2016, Defendants were served with a Canadian putative class action,
*Driessen v. 3M Canada Company, 3M Company, and Arizant Healthcare Inc.*, filed in
Ontario Superior Court of Justice, Court File No. 16-69039. Plaintiff *Driessen* seeks to
represent a putative class of "[a]ll persons residing in Canada who had the 3M Bair
Hugger Forced-Air Warming Device used on them during surgery." (*Driessen* Cplt. at
¶ 4.) Plaintiff *Driessen* is represented by Jeff Orenstein and Andrea Grass of the
Consumer Law Group Professional Corporation in Ottawa, Ontario. Defendants have
retained Canadian counsel, Tim Buckley and Kate Crawford of Borden Ladner Gervais.
On August 8, 2016, Defendants filed their Notice of Intent to Defend. On October 24,

2016 the plaintiff's counsel requested a judge assignment and case conference. There has been no additional case activity since the time of the last Joint Status Report.

    **7.**    **Additional pretrial orders (including, but not limited to, rules and procedures, preservation order, and protective order of confidentiality)**

There are no additional pretrial orders pending and the parties do not request entry of any additional pretrial orders at this time.

    **8.  Status of Discovery**

The fact discovery deadline on the issue of general causation is March 20, 2017. *See* PTO #17, para. 10. The only remaining, outstanding matters are Defendants' responses to Plaintiffs' interrogatories and requests to admit, served on February 20, 2017 (due March 22), and Dr. Augustine's deposition, which Defendants continued in light of the Court's March 7 ruling on the production of documents relating to Dr. Augustine's privilege logs. The parties are working to reschedule the deposition of Dr. Augustine between now and the end of March. The parties agree to a limited extension of the March 20 general causation fact discovery deadline to allow for completion of the following two activities by March 31, 2017: (i) Dr. Augustine's deposition; and (ii) Defendants' responses and objections to Plaintiffs' interrogatories and requests to admit. Plaintiffs agree that Defendants have until March 31 to respond to Plaintiffs' pending written discovery. Plaintiffs further agree not to serve any additional written discovery on the issue of general causation on 3M, or to notice any other 3M depositions to occur after March 20.

On March 9, Defendants filed a motion to compel against Kennedy Hodges LLP concerning Kennedy Hodges' communications with Dr. Augustine. That motion is set to be heard by Judge Noel on March 27 at 9 a.m.

**Third-Party Subpoenas to Manufacturers of Patient Warming Products.** On March 7, the Court denied Plaintiffs' motion to overrule the relevance objection of third-party VitaHEAT Medical, LLC. Plaintiffs have served subpoenas on five other companies that manufacture patient warming devices: Stryker, Gaymar, Cincinnati Sub-Zero, Medline, and MTRE. On February 22, Defendants sent a letter to Plaintiffs' counsel asserting relevance objections. Certain of the third parties have also made objections. On March 7, following the Court's VitaHEAT ruling, Defendants renewed their objection. Plaintiffs informed Defendants that they do not intend to withdraw any of the subpoenas. Defendants filed a motion for protective order concerning the subpoenas on March 10. The motion is set to be heard by Judge Noel on March 27 at 9 a.m. Plaintiffs are currently contemplating seeking the Court's reconsideration of the VitaHEAT discovery ruling on a number of bases, including newly-obtained factual evidence in the case.

**Deposition update.** Plaintiffs have requested depositions of current or former employees and/or consultants of the Defendants, which have been completed or scheduled as follows:

- Gary Hansen, completed November 2;

- John Rock, completed November 4;

- Al Van Duren, completed November 7;

10

- Troy Bergstrom, completed November 18;

- Caroline Johnson, completed November 30;

- Teri Woodwick-Sides, completed December 8;

- Jana Stender, completed December 9;

- David Westlin, completed December 16;

- Dr. Michelle Hulse-Stevens, completed December 19;

- Dr. Daniel Sessler, completed January 11;

- Dr. Andrea Kurz, completed January 12;

- Gary Maharaj, completed January 18;

- Jay Issa, completed February 8;

- Karl Zgoda, completed February 24;

- Ryan Barrows, completed February 28;

- Mark Scott, completed March 2;

- Hamid Ziaimehr, completed March 3;

- Rule 30(b)(6) Deposition of 3M, first part, completed March 7;

- Winston Tan, completed March 10;

- Bob Buehler, noticed for March 17.

- Rule 30(b)(6) Deposition of 3M, second part, noticed for March 17.

In addition to the UK study author depositions that have been completed, Defendants have conducted the following U.S. study author depositions:

- Dr. Kumar Belani, completed September 7;

- Mark Litchy, completed September 28;

- Dr. Robert Gauthier, day 1 completed October 4 and day 2 completed December 15;

- Defendants deposed Mark Albrecht on October 7 and November 12. Plaintiffs plan to notice Mr. Albrecht's deposition as well (if they do so, Defendants may also seek additional time with Mr. Albrecht to complete their examination); and

- Christopher Nachtsheim, completed November 29.

As noted above, the parties are working to reschedule the deposition of Dr. Augustine to occur on or before March 31, 2017.

Dated: March 10, 2017                              Respectfully submitted,

Jerry W. Blackwell (MN #186867)
Mary S. Young (MN #0392781)
Benjamin W. Hulse (MN #0390952)
BLACKWELL BURKE P.A.
431 South Seventh Street
Suite 2500
Minneapolis, MN  55415
Phone: (612) 343-3256
Fax: (612) 343-3205
Email:  blackwell@blackwellburke.com
        myoung@blackwellburke.com
        bhulse@blackwellburke.com

Bridget M. Ahmann (MN #016611x)
M. Joseph Winebrenner (MN #0387889)
FAEGRE BAKER DANIELS LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
(612) 766-7000
Email:  bridget.ahmann@faegrebd.com
        joe.winebrenner@faegrebd.com

**Counsel for Defendants 3M Company
and Arizant Healthcare, Inc.**

Michael V. Ciresi (MN #0016949)
Jan M. Conlin (MN #0192697)
CIRESI CONLIN LLP
225 S. 6th St., Suite 4600
Minneapolis, MN 55402
Phone: 612.361.8202
Email:  MVC@CiresiConlin.com
        JMC@CiresiConlin.com

Ben W. Gordon, Jr. (*Pro Hac Vice*)
LEVIN, PAPANTONIO, THOMAS,
MITCHELL, RAFFERTY & PROCTOR, P.A.
316 South Baylen Street, Suite 600
Pensacola, FL 32502-5996
Phone: (850) 435-7091
Fax: (850) 435-7020
Email:  bgordon@levinlaw.com

Genevieve M. Zimmerman (MN #330292)
MESHBESHER & SPENCE, LTD.
1616 Park Avenue South
Minneapolis, MN 55404
Phone: (612) 339-9121
Fax: (612) 339-9188
Email:  gzimmerman@meshbesher.com

**Co-Lead Counsel for Plaintiffs**

**Defendants' PFS List 1:  Overdue Plaintiff Fact Sheets**
(Updated March 9, 2017)

| Case Number | Title | Date Filed | PFS Due Date | Comment | List of 150* | Firm Name |
|---|---|---|---|---|---|---|
| 0:15-cv-03900-JNE-FLN | Wright v. 3M Company et al | 10/20/2015 | 12/26/2016 | | | Meshbesher & Spence, Ltd. |
| 0:16-cv-00136-JNE-FLN | Hager v. 3M Company | 1/21/2016 | 12/26/2016 | | | Meshbesher & Spence, Ltd. |
| 0:16-cv-00529-JNE-FLN | Yender v. 3M Company | 3/2/2016 | 12/26/2016 | Improper DWOP** | | Law Offices of Brian Timothy Meyers |
| 0:16-cv-00621-JNE-FLN | Weimer v. 3M Company | 3/10/2016 | 1/27/2017 (by agreed extension) | | | Lockridge, Grindal Nauen P.L.L.P. |
| 0:16-cv-00799-JNE-FLN | Stribling v. 3M Company | 3/28/2016 | 12/26/2016 | Improper DWOP | | Levin, Papantonio, Thomas, Mitchell, Rafferty &, Proctor P.A. |
| 0:16-cv-02299-JNE-FLN | Redman et al v. 3M Company et al | 7/1/2016 | 12/26/2016 | | | Goza & Honnold, LLC |
| 0:16-cv-02335-JNE-FLN | Colter v. 3M Company et al | 7/6/2016 | 12/26/2016 | Improper DWOP | | Meshbesher & Spence, Ltd. |
| 0:16-cv-02655-JNE-FLN | Black v. 3M Company et al | 8/5/2016 | 12/26/2016 | | | Goza & Honnold, LLC |
| 0:16-cv-02755-JNE-FLN | Fraley v. 3M Company et al | 8/16/2016 | 12/26/2016 | | | Bernstein Liebhard LLP |
| 0:16-cv-02757-JNE-FLN | Alford v. 3M Company et al | 8/16/2016 | 12/26/2016 | Improper DWOP | | Bernstein Liebhard LLP |
| 0:16-cv-02772-JNE-FLN | Wilburn v. 3M Company et al | 8/18/2016 | 12/26/2016 | | | Bernstein Liebhard LLP |
| 0:16-cv-02803-JNE-FLN | Johnson v. 3M Company et al | 8/19/2016 | 12/26/2016 | | | Bachus & Schanker, LLC |
| 0:16-cv-02874-JNE-FLN | Garro v. 3M Company et al | 8/25/2016 | 12/26/2016 | | | Bernstein Liebhard LLP |
| 0:16-cv-02879-JNE-FLN | Thompson v. 3M Company et al | 8/25/2016 | 12/26/2016 | | | Bernstein Liebhard LLP |
| 0:16-cv-02896-JNE-FLN | Toler et al v. 3M Company et al | 8/26/2016 | 12/26/2016 | | | Bachus & Schanker, LLC |
| 0:16-cv-03383-JNE-FLN | DePriest v. 3M Company et al | 10/6/2016 | 1/4/2017 | | Yes | Bernstein Liebhard LLP |
| 0:16-cv-03431-JNE-FLN | Freeman v. 3M Company et al | 10/11/2016 | 1/9/2017 | Improper DWOP | | Shelton Law Group |
| 0:16-cv-03553-JNE-FLN | Barrett v. 3M Company et al | 10/18/2016 | 1/16/2017 | | | Gustafson Gluek PLLC |
| 0:16-cv-03635-JNE-FLN | Pierce v. 3M Company et al | 10/26/2016 | 1/24/2017 | Improper DWOP | | Shelton Law Group |
| 0:16-cv-03708-JNE-FLN | Goodson v. 3M Company et al | 10/27/2016 | 1/25/2017 | | | Goza & Honnold, LLC |
| 0:16-cv-03781-JNE-FLN | Fling et al v. 3M Company et al | 10/31/2016 | 1/29/2017 | | | Bachus & Schanker, LLC |
| 0:16-cv-03783-JNE-FLN | White v. 3M Company | 10/31/2016 | 1/29/2017 | | | Goza & Honnold, LLC |

**Defendants' PFS List 1:  Overdue Plaintiff Fact Sheets**
(Updated March 9, 2017)

| | | | | | | |
|---|---|---|---|---|---|---|
| 0:16-cv-03784-JNE-FLN | Stewart et al v. 3M Company et al | 10/31/2016 | 1/29/2017 | | | Goza & Honnold, LLC |
| 0:16-cv-03903-JNE-FLN | Youngerman et al v. 3M Company et al | 11/15/2016 | 2/13/2017 | | Yes | Meshbesher & Spence, Ltd. |
| 0:16-cv-03934-JNE-FLN | Hougen v. 3M Company et al | 11/17/2016 | 2/15/2017 | | | The Miller Firm, LLC |
| 0:16-cv-04072-JNE-FLN | Burney v. 3M Company et al | 12/2/2016 | 3/2/2017 | | | Zimmerman Reed, LLP |

* Court's pool of 150 cases for bellwether nominations


** "Improper DWOP" indicates that Plaintiff filed a notice of voluntary dismissal without prejudice after Defendants had answered the Master Complaint.  Defendants contend that these dismissals are ineffective under Rule 41(a), and that PFSs therefore remain due. Defendants are willing to enter into stipulations of dismissal with prejudice for these cases.

**Defendants' PFS List 2:  Plaintiffs Who Have Not Responded to Defendants' Deficiency Notices**
(Updated March 9, 2017)

| Case Number | Title | Deficiency Notice Sent | Response Due Date | List of 150* | Firm Name |
|---|---|---|---|---|---|
| 0:16-cv-00026-JNE-FLN | Norton v. 3M Company | 1/19/2017 | 2/9/2017 | | The Law offices of Travis R. Walker, P.A. |
| 0:16-cv-00214-JNE-FLN | Taylor v. 3M Company | 1/20/2017 | 2/10/2017 | | Kennedy Hodges, LLP |
| 0:16-cv-00476-JNE-FLN | Livingston v. 3M Company | 1/20/2017 | 2/10/2017 | | Meshbesher & Spence, Ltd. |
| 0:16-cv-00784-JNE-FLN | Young v. 3M Company et al | 1/20/2017 | 2/10/2017 | | Kanuru Law Group |
| 0:16-cv-00826-JNE-FLN | Starnes v. 3M Company et al | 1/20/2017 | 2/10/2017 | Yes | Kirtland & Packard LLP |
| 0:16-cv-00839-JNE-FLN | Smith v. 3M Company | 2/3/2017 | 2/24/2017 | | Goza & Honnold, LLC |
| 0:16-cv-01930-JNE-FLN | Heil v. 3M Company et al | 1/20/2017 | 2/10/2017 | Yes | Kirtland & Packard LLP |
| 0:16-cv-01957-JNE-FLN | Byrd et al v. 3M Company et al | 1/19/2017 | 2/9/2017 | | Kennedy Hodges, L.L.P. |
| 0:16-cv-01986-JNE-FLN | Harkleroad v. 3M Company et al | 1/19/2017 | 2/9/2017 | Yes | Kennedy Hodges, L.L.P. |
| 0:16-cv-02083-JNE-FLN | Hurst et al v. 3M Company et al | 1/19/2017 | 2/9/2017 | | Kennedy Hodges, L.L.P. |
| 0:16-cv-02268-JNE-FLN | Griffith v. 3M Company et al | 1/19/2017 | 2/9/2017 | | Kennedy Hodges, L.L.P. |
| 0:16-cv-02801-JNE-FLN | Hardison v. 3M Company et al | 1/23/2017 | 2/13/2017 | | Bachus & Schanker, LLC |
| 0:16-cv-02810-JNE-FLN | Sullivan et al v. 3M Company et al | 1/23/2017 | 2/13/2017 | Yes | Bachus & Schanker, LLC |
| 0:16-cv-02880-JNE-FLN | Brunner v. 3M Company et al | 1/19/2017 | 2/9/2017 | | Bernstein Liebhard LLP |
| 0:16-cv-02888-JNE-FLN | Taylor et al v. 3M Company et al | 1/20/2017 | 2/10/2017 | | Meshbesher & Spence, Ltd |
| 0:16-cv-02889-JNE-FLN | Surface v. 3M Company et al | 1/19/2017 | 2/9/2017 | Yes | Bernstein Liebhard LLP |
| 0:16-cv-02936-JNE-FLN | Bryson v. 3M Company | 1/19/2017 | 2/9/2017 | | Pendley, Baudin & Coffin LLP |
| 0:16-cv-03058-JNE-FLN | Kaelin v. 3M Company et al | 1/19/2017 | 2/9/2017 | | Kennedy Hodges, L.L.P. |
| 0:16-cv-04038-JNE-FLN | Bell-Young v. 3M Company et al | 1/23/2017 | 2/13/2017 | | Kirtland & Packard LLP |

* Court's pool of 150 cases
for bellwether nominations