UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

In re: BAIR HUGGER FORCED AIR　　　　　　　　MDL No. 15-2666 (JNE/FLN)
WARMING DEVICES PRODUCTS
LIABILITY LITIGATION

**ORDER**

---

Genevieve Zimmerman and Mark Bankston for Plaintiffs.
Jerry Blackwell and Ben Hulse for Defendants.

---

**THIS MATTER** came before the undersigned United States Magistrate Judge on July 17, 2017, on Plaintiffs' motion seeking *in camera* review of documents withheld under claims of privilege (ECF No. 532). For the reasons set forth below, Plaintiffs' motion is **GRANTED in part** and **DENIED in part**.

First, Plaintiffs contend that approximately 100 documents claimed by Defendants as work product and approximately 300 documents claimed as attorney-client communications, do not fall within the ambit of the respective privilege asserted. Pls.' Mem. in Supp. of Mot. for *in camera* Review 3, ECF No. 533. The parties agreed at the hearing that Defendants' Exhibits A and B best identify those documents where Plaintiffs seek to challenge claims of either work product or attorney-client privilege. Hulse Decl. Exs. A–B, ECF No. 601. Courts may conduct *in camera* review of withheld documents to determine the validity of a privilege or work product claim. *See Kerr v. United States District Court for the District of California*, 426 U.S. 394, 405 (1976). To the extent that Plaintiffs seek *in camera* review of those documents described in Defendants' Exhibits A and B, the motion is granted. Within seven (7) days of the date of this Order, Defendants must produce all documents described in Defendants' Exhibits A and B, in the order as they appear on

the log, for *in camera* review.

Plaintiffs additionally seek *in camera* review of documents described in Plaintiffs' Exhibit 3. Plaintiffs contend that the attorney-client privilege no longer attaches to those documents because a reasonable person could believe that an *in camera* review of the documents described in Exhibit 3, could reveal evidence establishing evidence of a crime or fraud. ECF No. 533 at 13–14 (citing *Triple Five of Minnesota, Inc. v. Simon*, 213 F.R.D. 324, 326 (D. Minn. 2002); *United States v. Zolin*, 491 U.S. 554, 572 (1989)); *see also* Zimmerman Decl. Ex. 3, ECF No. 569. Communications between a client and its lawyer lose their privileged character if the legal advice is sought to commit a crime or to perpetuate a fraud. *See United States v. Williams*, 720 F.3d 674 (8th Cir. 2013). After reviewing the evidence in support of Plaintiffs' motion, the Court concludes that Plaintiffs have not met their burden of showing that the crime-fraud exception to the attorney-client privilege might apply in this consolidated Multi-District Litigation. Therefore, to the extent that Plaintiffs' seek *in camera* review of those documents described in Plaintiffs' Exhibit 3, the motion is denied.

Based upon the foregoing, and all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. To the extent that Plaintiffs seek *in camera* review of those documents described in Defendants' Exhibits A and B (ECF No. 532), the motion is **GRANTED**. Within seven (7) days of the date of this Order, Defendants must produce all documents described in Defendants' Exhibits A and B to the Court for *in camera* review. *See supra*. The submission must be made in two distinct batches identified as Defendants' Exhibit A and Defendants' Exhibit B and that the documents be organized in the order as they appear on each respective log. Any document that has already been turned over to Plaintiffs, need not be included in those materials provided for *in camera* review. Any additional documents Defendants seek to submit to aid the Court in making its privilege determinations must be clearly demarcated and appended to specific log entries to which they relate.

2. To the extent that Plaintiffs seek *in camera* review of those documents described in Plaintiffs' Exhibit 3 (ECF No. 532), the motion is **DENIED**.

DATED: July 19, 2017            *s/Franklin L. Noel*
                                                         FRANKLIN L. NOEL
                                                         United States Magistrate Judge