# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

In re: BAIR HUGGER FORCED AIR
WARMING DEVICES PRODUCTS
LIABILITY LITIGATION

MDL No 15-2666 (JNE/FLN)

This Document Relates to:
All Actions

MEMORANDUM IN OPPOSITION
TO 3M'S MOTION FOR ADDITIONAL
DISCOVERY

_____

Dr. Scott Augustine and the related Augustine entities offer this Memorandum in Opposition to

the Motion by 3M Company to re-open general discovery and extend the time of Dr. Augustine's

deposition.

<u>Re-Opening of General Discovery</u>

As explained in the Affidavit of Dr. Augustine, 3M's actual goals in re-opening general

discovery are largely unrelated to this litigation.  3M's actual goals are as follows:

<u>To harass HotDog warming customers</u> -- 3M's abuse of Ridgeview Medical Center is a perfect

example.  Because of its involvement with HotDog warming, Ridgeview was forced to incur the

expense of outside counsel…and ultimately had its confidential documents published on the Internet

by 3M and its counsel.   3M now asks consent of the Court to go after other hospitals that have

cooperated with Augustine.

<u>To discourage future research</u> – If 3M is allowed to use the power of the Federal Court to

compel discovery from—and the depositions of—any hospital that investigates the risks of forced-air

warming, little research will be undertaken.

<u>To intimidate Dr. Augustine</u> -- Dr. Augustine has made clear his intention to protect surgical

patients from the risks of Bair Hugger, the device that he invented.  3M wants to silence him—to make

the consequences so unpleasant, expensive and time-consuming that he will eventually just be quiet. Although the chance of 3M succeeding in this goal is small, it should not be facilitated by the Court.

The fact that 3M has long possessed a draft copy of the article that appeared in *Orthopedic Reviews* as well as the underlying data underscores this point.  If 3M really wanted to take discovery on this issue, it had plenty of time to do so.

Additional Deposition Time

At the last hearing regarding 3M's request for additional time for Dr. Augustine's deposition, the Court advised 3M's counsel to argue for all the time they needed…because there would be no more.  Nothing has changed since that date.

3M's counsel chose not to inquire deeply into the research reflected in the *Orthopedic Reviews* article, but instead wasted time reading to Dr. Augustine from numerous –generally uncontested— documents.  Dr. Augustine declined to answer only one question:  the identity of the publication in which the research would be published.  Presumably 3M's curiosity on that point has been satisfied by the actual publication.

There is nothing to be asked now that could not have been asked previously.

 Augustine asks, therefore, that the Court deny 3M's request to re-open general discovery and for additional time in which to depose Dr. Augustine.

Respectfully submitted,

s/ J. Randall Benham

J. Randall Benham
MN Bar No. 0154726
6581 City West Parkway
Eden Prairie, MN 55127

**CERTIFICATE OF SERVICE**

This is to certify that on July 31, 2017 a copy of the forgoing instrument was served on all parties via the Court's electronic filing system.

By: /s/ J. Randall Benham