UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re Bair Hugger Forced Air Warming Products Liability Litigation | MDL No. 15-2666 (JNE/FLN) |
| This Document Relates to All Actions | **PLAINTIFFS' OBJECTIONS TO THE RULING OF THE MAGISTRATE JUDGE ON PLAINTIFFS' MOTION FOR *IN CAMERA* REVIEW** |

Pursuant to Local Rule 72.2(a)(3), Plaintiffs respectfully file this objection to the July 19, 2017 ruling of the Magistrate Judge (Doc. No. 621) regarding Plaintiffs' motion seeking *in camera* review of two categories of documents withheld under claims of privilege (Doc. No. 532). The Magistrate Judge properly granted *in camera* review for the first category of documents sought by Plaintiffs (i.e. documents Defendants concede are relevant, but which were withheld from production based on claims of attorney-client and/or work product protection), but denied *in camera* review for the second category – documents Plaintiffs requested be reviewed and evaluated *in camera* to determine whether these documents lose their privileged character pursuant to the crime-fraud exception.

Plaintiffs requested an *in camera* review of documents withheld by 3M in discovery which relate to conduct with non-party fact witnesses.[1] Plaintiffs' Requests for Production sought documents created after the start of Bair Hugger litigation relating to

---

[1] *See* Doc. 532, Exhibit 3, Plaintiffs' Challenges for the Crime-Fraud Exception.

1

These discovery requests came in the wake of a ███████████████████████████

███████████████████████████  ███████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████[2] In response, Defendants recognized the documents are relevant and responsive to Plaintiffs' discovery requests, but asserted privilege over hundreds of communications ███████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████████████. As such, Plaintiffs sought *in camera* review of these documents.

Magistrate Judge Noel ruled that "Plaintiffs have not met their burden of showing that the crime-fraud exception to the attorney-client privilege might apply in this consolidated Multi-District Litigation." (ECF 621, p. 2). The Magistrate Judge's ruling was clearly erroneous and contrary to law, and therefore Plaintiffs respectfully file this Objection to the Order pursuant to Local Rule 72.2(a)(3).

## LEGAL STANDARD

### A.   Legal Standard for Review of Magistrate's Order.

Within fourteen days after being served with a copy of a magistrate's order, a party may serve and file objections to the order. LR 72.2(a)(3). The district judge "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." LR 72.2(a)(3); s*ee also* 28 U.S.C. § 636(b)(1). This

---

[2] *See Walton v. 3M, et al.*, Southern District of Texas No. 4:13-cv-01164, Doc. 193, 17-22.

objection is being filed within fourteen days after being served with a copy of the magistrate's order, and is accordingly, timely.

    **B.    Legal Standard for *In Camera* Review of Documents for the Crime-Fraud Exception.**

When reviewing documents for the crime-fraud exception, a "district court's finding of probable cause satisfies the evidentiary showing necessary to compel *production* of privileged documents and testimony." *In re Grand Jury Proceedings, G.S., F.S.*, 609 F.3d 909, 913 (8th Cir.2010)(emphasis added). ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

However, here Plaintiffs declined to request a wholesale *production* of these documents to Plaintiffs. Rather, Plaintiffs' Motion requested these documents be provided to the Court for an *in camera* review. There is a "lower standard of proof necessary to justify a district court's initial *in camera* review," because that inspection is a lesser intrusion into the privilege than full public disclosure. *Id.* at n. 2. Under this standard, an *in camera* review is appropriate even upon a showing of less than probable cause: when "<u>a reasonable person could believe in good faith that an *in camera* review could reveal evidence</u> establishing that the crime-fraud exception applies." *Triple Five of Minnesota, Inc. v. Simon*, 213 F.R.D. 324, 326 (D. Minn. 2002)(emphasis added). Plaintiffs respectfully submit we have articulated the reasonable, good faith belief that an

---

[3] *See Walton v. 3M, et al.*, Southern District of Texas No. 4:13-cv-01164, Doc. 193, at p. 17; 22.

*in camera* review could reveal evidence implicating the crime-fraud exception as outlined in *Triple Five of Minnesota*, and accordingly, object to the order denying that *in camera* review.

## ARGUMENT

Plaintiffs' Motion described a pattern of conduct ▉





. In the Order denying *in camera* review of ███████████ Magistrate Judge Noel simply stated the Plaintiffs did not meet their burden. Plaintiffs respectfully disagree, and therefore, in this objection will address each element of the burden for *in camera* review for the crime-fraud exception. First, Plaintiffs will show that a reasonable person could believe that criminal or fraudulent activity might have occurred. Second, Plaintiffs will show that a reasonable person could believe that communications might be related to prohibited

---

[9] *Id.*
[10] *Id.*, at p. 2; 17-22.
[11] *Id.*, at p. 21.
[12] *Id.*, at p. 22.
[13] *Id.*

conduct. Finally, Plaintiffs will show that the documents sought are relevant and subject to discovery in this Multi-District proceeding.

### A. The record supports a reasonable belief that a crime or fraud could have occurred.

The Order was clearly erroneous to the extent that it relies on a finding that Plaintiffs did not meet the burden of establishing a reasonable belief that a crime or fraud could have occurred. Improper conduct with a witness and attempts to influence testimony may cause otherwise privileged documents or communications to lose their privileged character; this is the crime-fraud exception. Evidence falls within the crime-fraud exception when it concerns "allegations of corruptly influencing and attempting to influence testimony of a witness." *United States v. Ruhbayan,* 406 F.3d 292, 296 (4th Cir. 2005). This includes allegations involving the federal anti-bribery statute. *See, e.g., Chevron Corp. v. Donziger,* 2013 WL 1087236, at *30 (S.D.N.Y. 2013) (applying crime fraud exception to allegations involving 18 U.S.C. 201); *U.S. v. Matsa*, 540 Fed.Appx. 520, 526 (6th Cir. 2013) (applying crime fraud exception to witness tampering allegations); *Harrington v. Woods*, 2014 WL 3846117, at *6 (E.D. Mich. 2014) (crime fraud exception applied to evidence "regarding the allegations of witness tampering and bribery."). This district has likewise recognized that the crime fraud exception applies to evidence relating to witness tampering and other "misleading conduct toward a witness." *Ellenberg v. Tuffy's Div. of Starkist Foods, Inc.,* No. CIV. 4-84-883, 1985 WL 1559, at *6 (D. Minn. June 5, 1985).

In their Motion seeking *in camera* review, Plaintiffs offered █████████ ███████████████████████████████████████ █ ███████████ █████████████████████████████████████████████████ ███████████████████████████████████████████████████████████ Rather, Plaintiffs requested the documents be produced to the Court for *in camera* review. In connection with our Motion, Plaintiffs did not ask the Magistrate Judge in this MDL to ████████████████████████████████, but only to find that ██████████████ ████████████ satisfied a threshold showing that a reasonable person *could* believe that a crime *could* have occurred. *See Triple Five of Minnesota, Inc.*, 213 F.R.D. at 326. ███████████████████████████████████████████████████████████ ██████████████████████████████.[15] ████████████████████████ ███████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████

---

███████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████

███████████████████████ Plaintiffs are reasonable in relying on ██████████████ ██████████ The Order denying *in camera* review of ███████████████ is clearly erroneous and contrary to law if it purports to find that a reasonable person could not rely ██████████████████ to support a good faith belief that an *in camera* review could reveal evidence establishing the crime-fraud exception applies █████████████.

### B. The record supports a reasonable belief that the withheld documents could be in furtherance of or in relation to a crime of fraud.

A communication is subject to the exception if it was made "in furtherance of or in relation to the fraudulent activity." *Pritchard-Keang Nam Corp. v. Jaworski*, 751 F.2d 277, 283 (8th Cir. 1984). The Order was clearly erroneous and contrary to law to the extent that it found that Plaintiff did not meet the burden of establishing that the challenged documents could be related to or in furtherance of a fraudulent activity. Exhibit 3 to Plaintiffs' Motion for *In Camera* Review listed 264 communications which are responsive to Plaintiffs' requests, but withheld by 3M on the basis of privilege. Some of these communications are with the witnesses, while others are communications among counsel. The descriptions, subject lines, dates, and recipients confirm that the communications were related to t███████████████████████████████████ █████████████

In determining whether a communication relates to a crime or fraud, the exception is not limited to documents relating to a client's fraud or crime, █████████████

8

███████████████████████████ [18] Plaintiffs are seeking *in camera* review of materials that are, in the words of the D.C. Circuit, "the fruit of impermissible legal conduct" — ███ ███████████████████████████████████████████ *Moody v. IRS*, 654 F.2d 795, 800 (D.C. Cir. 1981). In *Moody* the court explained that the crime-fraud exception applies ██████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

████████████████████ *Id.*

As stated by the 11th Circuit, "disclosure is clearly an appropriate remedy when the evidence sought was generated ████████████████████████." *Parrott v. Wilson*, 707 F.2d 1262, 1272, n. 20 (11th Cir. 1983), *cert. denied*, 464 U.S. 936, 104 S.Ct. 344, 78 L.Ed.2d 311 (1983). ████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

---

[18] ████████████████████████████████████████████
██████████████████████████████████████████████



■. The Magistrate Judge erred by holding that Plaintiffs' belief was not reasonable.

    **C.**    **The challenged documents are relevant and subject to discovery in the Multi-District proceedings.**

███████████ Plaintiffs request be produced for *in camera* review by the Court are unquestionably relevant and closely related to the cases pending before this Court. There is no authority supporting a different evidentiary burden in the MDL, and there is no requirement in the crime-fraud exception that documents subject to *in camera* review must originate in the instant proceeding. *See, e.g., Kramer v. Ford Motor*

---

[19] *See Walton v. 3M, et al.*, Southern District of Texas No. 4:13-cv-01164, Doc. 193, at p. 21.
[20] *Id.* at p. 22.
[21] *Id.*

*Company*, 2016 WL 7163084, at *4 (D.Minn. 2016) (reviewing document from prior products liability suit for the crime-fraud exception).

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

████████████████████ ████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

████████████████████

───────────────────────

██████████████████████████████████████████
220-228, confirming a verbal understanding).

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████[23].

## CONCLUSION

████████████████████████████ along with testimony provided during this MDL, provided the threshold showing for an *in camera* review ██████████████████████████████████████████████████ Plaintiffs respectfully object to the Order, and request the Court enter an order mandating ████████ be provided to the Court for *in camera* review pursuant to the crime-fraud exception.

Respectfully submitted,

Dated: August 2, 2017

/s/ Genevieve Zimmerman

Michael V. Ciresi (MN #0016949)   Genevieve M. Zimmerman (MN #330292)

---

[23] *See* Plaintiffs' Memorandum, ECF 533, Exhibit 15, Transcript of Proceedings in *Walton*, p. 7-8.

Jan M. Conlin (MN #0192697)  
CIRESI CONLIN LLP  
225 S. 6th St., Suite 4600  
Minneapolis, MN 55402  
Phone: 612.361.8202  
Email:  MVC@CiresiConlin.com  
    JMC@CiresiConlin.com  

Ben W. Gordon, Jr. (*Pro Hac Vice*)  
LEVIN, PAPANTONIO, THOMAS, MITCHELL, RAFFERTY & PROCTOR, P.A.  
316 South Baylen Street, Suite 600  
Pensacola, FL 32502-5996  
Phone: (850) 435-7091  
Fax: (850) 435-7020  
Email: bgordon@levinlaw.com  

MESHBESHER & SPENCE, LTD.  
1616 Park Avenue South  
Minneapolis, MN 55404  
Phone: (612) 339-9121  
Fax: (612) 339-9188  
Email:  gzimmerman@meshbesher.com  

**Co-Lead Counsel for Plaintiffs**