## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: BAIR HUGGER FORCED AIR WARMING DEVICES PRODUCTS LIABILITY LITIGATION | MDL No. 15-2666 (JNE/FLN) |

### <u>MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO COMPLY WITH PRETRIAL ORDER NO. 14</u>

Pursuant to the Court's Pretrial Order No. 14 ("PTO 14"), entered September 27, 2016, Defendants 3M Company and Arizant Healthcare, Inc. (collectively, "Defendants") respectfully move the Court to dismiss the following plaintiffs' cases for failure to comply with PTO 14:

| Case Number | Plaintiff | Firm Name |
|---|---|---|
| 0:16-cv-02750-JNE-FLN | Brannon | Levin, Papantonio, Thomas, Mitchell, Rafferty, Proctor P.A. |
| 0:16-cv-04418-JNE-FLN | Burks | Goza & Honnold, LLC |
| 0:16-cv-02156-JNE-FLN | Busby | Kennedy Hodges, L.L.P. |
| 0:16-cv-04353-JNE-FLN | Butkus | McGlynn, Glisson & Mouton |
| 0:16-cv-02626-JNE-FLN | Buttacavoli | Kennedy Hodges, L.L.P. |
| 0:16-cv-02661-JNE-FLN | Davis | Kennedy Hodges, L.L.P. |
| 0:16-cv-04412-JNE-FLN | Gill | Goza & Honnold, LLC |
| 0:16-cv-01338-JNE-FLN | Hartzel | Kennedy Hodges, L.L.P. |
| 0:16-cv-02787-JNE-FLN | Hood | Meshbesher & Spence, Ltd. |
| 0:16-cv-02481-JNE-FLN | Magee | Kennedy Hodges, L.L.P. |
| 0:16-cv-02711-JNE-FLN | Miller | Levin, Papantonio, Thomas, Mitchell, Rafferty, Proctor P.A. |
| 0:16-cv-02395-JNE-FLN | Nadeau | Levin, Papantonio, Thomas, Mitchell, Rafferty, Proctor P.A. |
| 0:16-cv-01834-JNE-FLN | Newcomb | Levin, Papantonio, Thomas, Mitchell, Rafferty, Proctor P.A. |
| 0:16-cv-02959-JNE-FLN | Novak | Levin, Papantonio, Thomas, Mitchell, Rafferty, Proctor P.A. |

| 0:17-cv-00597-JNE-FLN | Perez | McGlynn, Glissoin & Mouton |
|---|---|---|
| 0:16-cv-02212-JNE-FLN | Pettersen | Levin, Papantonio, Thomas, Mitchell, Rafferty, Proctor P.A. |
| 0:17-cv-00299-JNE-FLN | Raymond | Bernstein Liebhard LLP |
| 0:16-cv-01847-JNE-FLN | Rivers | Kennedy Hodges, L.L.P. |
| 0:17-cv-00350-JNE-FLN | Sanders | The Miller Firm, LLC |
| 0:16-cv-00826-JNE-FLN | Starnes | Kirtland & Packard LLP |
| 0:17-cv-00188-JNE-FLN | Stouffer | Bernstein Liebhard LLP |
| 0:16-cv-02374-JNE-FLN | Upton | Kennedy Hodges, LLP |

As set forth below, there are three (3) categories of cases where plaintiffs have failed to serve a Plaintiff Fact Sheet ("PFS") compliant with the requirements set forth by the Court in PTO 14: (a) cases where no PFS has been served by plaintiff; (b) cases where plaintiff served a PFS with core deficiencies, and failed to cure them or otherwise respond to Defendants' original deficiency letter; and (c) cases where plaintiff served a PFS with core deficiencies, and failed to cure them after Defendants' third deficiency letter. Defendants placed the above cases on the agenda for two sequential Court status conferences, and dismissal with prejudice is therefore appropriate under PTO 14, ¶ 8.

## **ARGUMENT**

The Court's Pretrial Order No. 14, entered September 27, 2016, sets forth the protocol for the form and service of the PFS, signed medical authorization, and supporting documents in cases filed in and transferred to this proceeding.  Under PTO 14, a plaintiff whose case was pending on the date of the order was required to serve a completed and signed PFS, medical authorization, and supporting documents within 90 days of the date of the order. PTO 14, ¶ 2.  For a plaintiff whose case was transferred after the date of the order, the due date for service of these same documents is 90 days after the filing of the

2

plaintiff's complaint or completion of the transfer to this proceeding, whichever is later. *Id*. All PFSs must be verified by the individual plaintiff under oath. *See* PTO 14, ¶ 3.

Once a PFS has been served, defendants have four (4) weeks from receipt within which to notify plaintiff's counsel of any core deficiencies to the PFS, "defined as a lack of response to all questions in Section I, Section II, and Section III; Section IV, questions 1, 3, 7, 8, 9, 10; Section V, questions 5, 6, and 7; Section VI, questions 1, 3, 6, 7, 8, and 9; Section VII, questions 1 and 2; Section 8, question 2; Section IX, questions 1, 3, and 4; or lack of signed medical authorizations." PTO 14, ¶ 4.

If defendants timely serve a letter outlining the deficiencies to the PFS, plaintiff's counsel is required to respond in writing within three (3) weeks of the date of service by: "(1) curing the alleged deficiencies; (2) disputing the alleged deficiencies and setting forth reasons the PFS is not deficient; or (3) explaining why the alleged deficiencies cannot be timely cured." PTO 14, ¶ 6.

Cases where there are disputes concerning PFS deficiencies requiring the Court's attention may be placed on the Court's status conference agenda. PTO 14, ¶ 7. Should a case appear on the agenda for two (2) sequential status conferences, "Defendants may make a motion for dismissal for failure to comply with this Court's Pretrial Order as to the allegedly delinquent party." PTO 14, ¶ 8.

### A. Cases Where No PFS Has Been Served

In this motion, Defendants are seeking dismissal of the following five (5) cases where plaintiffs failed to serve the PFS as required by PTO 14 and, to date, remain delinquent:

| Case Number | Plaintiff | Date Filed | PFS Due Date | Firm Name |
|---|---|---|---|---|
| 0:16-cv-04353-JNE-FLN | Butkus | 12/27/2016 | 4/21/2017[1] | McGlynn, Glissoin & Mouton |
| 0:17-cv-00597-JNE-FLN | Perez | 2/27/2017 | 5/28/2017 | McGlynn, Glissoin & Mouton |
| 0:17-cv-00299-JNE-FLN | Raymond | 1/30/2017 | 4/30/2017 | Bernstein Liebhard LLP |
| 0:17-cv-00350-JNE-FLN | Sanders | 2/02/2017 | 5/03/2017 | The Miller Firm, LLC |
| 0:17-cv-00188-JNE-FLN | Stouffer | 1/20/2017 | 4/20/2017 | Bernstein Liebhard LLP |

**B. Cases Where a PFS Was Served with Core Deficiencies, and Plaintiff Failed to Cure or Otherwise Respond to Defendants' Original Deficiency Letter**

Additionally, Defendants are seeking dismissal of the following 11 cases where: (1) plaintiffs each submitted a PFS that contained core deficiencies, (2) Defendants notified plaintiffs of the core deficiencies,[2] and (3) plaintiffs failed to cure or otherwise respond to the Defendants' original deficiency letters:

| Case Number | Plaintiff | Deficiency Letter Sent | Firm Name |
|---|---|---|---|
| 0:16-cv-04418-JNE-FLN | Burks | 4/24/2017 | Goza & Honnold, LLC |
| 0:16-cv-02156-JNE-FLN | Busby | 4/19/2017 | Kennedy Hodges, L.L.P. |
| 0:16-cv-02626-JNE-FLN | Buttacavoli | 4/19/2017 | Kennedy Hodges, L.L.P. |
| 0:16-cv-02661-JNE-FLN | Davis | 4/19/2017 | Kennedy Hodges, L.L.P. |
| 0:16-cv-04412-JNE-FLN | Gill | 4/24/2017 | Goza & Honnold, LLC |
| 0:16-cv-01338-JNE-FLN | Hartzel | 4/19/2017 | Kennedy Hodges, L.L.P. |
| 0:16-cv-02787-JNE-FLN | Hood | 5/3/2017 | Meshbesher & Spence, Ltd. |
| 0:16-cv-02481-JNE-FLN | Magee | 4/19/2017 | Kennedy Hodges, L.L.P. |
| 0:16-cv-01847-JNE-FLN | Rivers | 4/19/2017 | Kennedy Hodges, L.L.P. |

---

[1] Following a request from plaintiff's counsel, Defendants' extended the PFS due date to April 21, 2017.

[2] *See* Declaration of Benjamin W. Hulse ("Hulse Decl."), Ex. A (Deficiency Letters Sent to Plaintiffs Listed in Part B).

| 0:16-cv-00826-JNE-FLN | Starnes | 5/8/2017 | Kirtland & Packard LLP |
| 0:16-cv-02374-JNE-FLN | Upton | 4/19/2017 | Kennedy Hodges, LLP |

To comply with PTO 14, each plaintiff was required to respond to Defendants' deficiency letter by either curing or disputing the deficiencies, or explaining why the deficiencies could not be cured. *See* PTO 14, ¶ 6. Plaintiffs above failed to respond to Defendants' deficiency letters, and numerous core deficiencies remain uncured. *See attached* Addendum 1 (outlining PFS core deficiencies for each plaintiff in Part B).

### C. Cases Where a PFS Was Served with Core Deficiencies, and Plaintiff Failed to Cure Following Defendants' Third Deficiency Letter

Lastly, Defendants are seeking dismissal of the following six (6) cases where: (1) plaintiffs each served an original PFS, (2) Defendants notified plaintiffs of the core deficiencies on three (3) separate occasions, and (3) plaintiffs failed to cure the core deficiencies identified in Defendants' third (and final) deficiency letters:[3]

| Case Number | Plaintiff | Third Deficiency Letter Sent | Firm Name |
|---|---|---|---|
| 0:16-cv-02750-JNE-FLN | Brannon | 4/10/2017 | Levin, Papantonio, Thomas, Mitchell, Rafferty, Proctor P.A. |
| 0:16-cv-02711-JNE-FLN | Miller | 4/4/2017 | Levin, Papantonio, Thomas, Mitchell, Rafferty, Proctor P.A. |
| 0:16-cv-02395-JNE-FLN | Nadeau | 4/4/2017 | Levin, Papantonio, Thomas, Mitchell, Rafferty, Proctor P.A. |
| 0:16-cv-01834-JNE-FLN | Newcomb | 4/4/2017 | Levin, Papantonio, Thomas, Mitchell, Rafferty, Proctor P.A. |
| 0:16-cv-02959-JNE-FLN | Novak | 4/4/2017 | Levin, Papantonio, Thomas, Mitchell, Rafferty, Proctor P.A. |
| 0:16-cv-02212-JNE-FLN | Pettersen | 4/4/2017 | Levin, Papantonio, Thomas, Mitchell, Rafferty, Proctor P.A. |

---

[3] *See* Hulse Decl., Ex. B (Third Deficiency Letters Sent to Plaintiffs Listed in Part C).

Defendants' sent each plaintiff above three (3) deficiency letters providing notice of the outstanding core deficiencies in his or her PFS, and to date the core deficiencies have not be cured. *See attached* Addendum 2 (outlining uncured core deficiencies remaining for each plaintiff in Part C). Plaintiffs' counsel's only explanation in response to Defendants' deficiency letters has been that the "[d]eficiencies cannot be cured at this time as we have been unable to contact client. . . ." *See* Hulse Decl., Ex. F (correspondence from Plaintiffs' counsel in response to Defendants' deficiency letters). Implicit in this correspondence, however, is Plaintiffs' counsel's recognition that core deficiencies remain uncured for these plaintiffs. Now that several months have passed since the Defendants' third deficiency letters were sent, it is appropriate to seek dismissal of these cases.

## D. All Cases Were on the Agenda for Two (2) Sequential Status Conferences and Dismissal With Prejudice is Appropriate

Defendants placed before the Court the cases set forth above in Parts A, B, and C, for two sequential Court status conferences – the first on June 9, 2017 and the second on July 14, 2017.[4] In addition, the cases in Part C above were listed on the agenda for the Court's April 2017 status conference.[5] Consistent with the Court's orders entered June 16,

---

[4] *See* Declaration of Benjamin W. Hulse ("Hulse Decl."), Ex. C (June 9, 2017 email from B. Hulse to Court attaching Joint Agenda and Status Report and Defendants' June PFS Lists 1, 2, and 3) and Ex. D (July 14, 2017 email from B. Hulse to Court attaching Defendants' July PFS Lists 1, 2, and 3). The July 2017 status conference was cancelled by the Court. Defendants respectfully request that the July lists submitted by Defendants be "deemed 'addressed to the Court' notwithstanding the fact that there will be no in-court conference this month," as the Court has previously ordered. *See* Order (July 11, 2017) [Dkt. No. 613].

[5] *See* Hulse Decl., Ex. E (April 14, 2017 email from B. Hulse to Court attaching Joint Agenda and Status Report and Defendants' April PFS Lists 1, 2, and 3).

2017 [Dkt. No. 577] and July 24, 2017 [Dkt. No. 622] dismissing with prejudice several plaintiffs' cases for failure to comply with PTO 14, the above cases should be dismissed with prejudice under PTO 14, ¶ 8.

### E.  Plaintiffs Should Not Be Granted an Extension of Time

Plaintiffs may argue in their response brief that they should be entitled to an extension within which to serve the PFSs, or cure the deficiencies noted by defendants in the deficiency letters, because of difficulties procuring information from their clients, or for some other reason.  But whatever difficulties plaintiffs' counsel encountered, they were never raised with defendants' counsel, and in any event they are no excuse.  These plaintiffs chose to sue defendants, and in so doing, they accepted the obligations imposed upon them by PTO 14 and the Court's rules.  If the Court were to grant more time to these plaintiffs to serve a PFS or cure any deficiencies, then it will remove any incentive for *any* plaintiff to comply with PTO 14 until the defendants have listed their case twice and filed a motion to dismiss.  This would be deeply unfair not only to defendants but also to those plaintiffs who have complied with PTO 14's deadlines.

The Court's authority to dismiss these cases with prejudice is beyond question, and indeed was exercised by the Court recently in its orders entered June 16, 2017 [Dkt. No. 577] and July 24, 2017 [Dkt. 622] dismissing with prejudice multiple plaintiffs' cases for failure to comply with PTO 14.  A court may dismiss an action with prejudice under Rule 41(b) if a plaintiff "fails to prosecute or to comply with [the Federal Rules] or a court order." Fed. R. Civ. P. 41(b).  Under Rule 41(b), bad faith is not required to warrant dismissal.  *Williams v. U.S. Bank Nat. Ass'n*, No. 12-cv-1247 (DSD/JJK), 2013 WL

4050749, at *1–2 (D. Minn. Aug. 9, 2013), *citing  Doe v. Cassel*, 403 F.3d 986, 990 (8th Cir. 2005) (*per curiam*).  Rather, a party must only have "acted intentionally as opposed to accidentally or involuntarily." *Id.*  A party's failure to follow a court order despite "a warning from the district court that [she] is skating on the thin ice of dismissal" is evidence of intentionality.  *Id. (citing Rodgers v. Curators of Univ. of Mo.*, 135 F.3d 1216, 1221 (8th Cir. 1998)).

These plaintiffs were undoubtedly warned.  The deadlines and requirements of PTO 14 were clear and posted on the Court's website.  PTO 14 states that, should a case appear on the agenda for two sequential status conferences, "Defendants may make a motion for dismissal for failure to comply with this Court's Pretrial Order as to the allegedly delinquent party." PTO 14, ¶ 8.   All of the cases identified above in Parts A and B were listed on two sequential status conference agendas, and the cases identified in Part C above were listed three times.  Accordingly, under Rule 41(b) the Court should dismiss these plaintiffs' cases with prejudice.

<u>**CONCLUSION**</u>

For the foregoing reasons, Defendants respectfully request that the Court dismiss with prejudice the following cases:

| Case Number | Plaintiff | Firm Name |
| --- | --- | --- |
| 0:16-cv-02750-JNE-FLN | Brannon | Levin, Papantonio, Thomas, Mitchell, Rafferty, Proctor P.A. |
| 0:16-cv-04418-JNE-FLN | Burks | Goza & Honnold, LLC |
| 0:16-cv-02156-JNE-FLN | Busby | Kennedy Hodges, L.L.P. |
| 0:16-cv-04353-JNE-FLN | Butkus | McGlynn, Glissoin & Mouton |
| 0:16-cv-02626-JNE-FLN | Buttacavoli | Kennedy Hodges, L.L.P. |
| 0:16-cv-02661-JNE-FLN | Davis | Kennedy Hodges, L.L.P. |

| 0:16-cv-04412-JNE-FLN | Gill | Goza & Honnold, LLC |
|---|---|---|
| 0:16-cv-01338-JNE-FLN | Hartzel | Kennedy Hodges, L.L.P. |
| 0:16-cv-02787-JNE-FLN | Hood | Meshbesher & Spence, Ltd. |
| 0:16-cv-02481-JNE-FLN | Magee | Kennedy Hodges, L.L.P. |
| 0:16-cv-02711-JNE-FLN | Miller | Levin, Papantonio, Thomas, Mitchell, Rafferty, Proctor P.A. |
| 0:16-cv-02395-JNE-FLN | Nadeau | Levin, Papantonio, Thomas, Mitchell, Rafferty, Proctor P.A. |
| 0:16-cv-01834-JNE-FLN | Newcomb | Levin, Papantonio, Thomas, Mitchell, Rafferty, Proctor P.A. |
| 0:16-cv-02959-JNE-FLN | Novak | Levin, Papantonio, Thomas, Mitchell, Rafferty, Proctor P.A. |
| 0:17-cv-00597-JNE-FLN | Perez | McGlynn, Glissoin & Mouton |
| 0:16-cv-02212-JNE-FLN | Pettersen | Levin, Papantonio, Thomas, Mitchell, Rafferty, Proctor P.A. |
| 0:17-cv-00299-JNE-FLN | Raymond | Bernstein Liebhard LLP |
| 0:16-cv-01847-JNE-FLN | Rivers | Kennedy Hodges, L.L.P. |
| 0:17-cv-00350-JNE-FLN | Sanders | The Miller Firm, LLC |
| 0:16-cv-00826-JNE-FLN | Starnes | Kirtland & Packard LLP |
| 0:17-cv-00188-JNE-FLN | Stouffer | Bernstein Liebhard LLP |
| 0:16-cv-02374-JNE-FLN | Upton | Kennedy Hodges, LLP |

Dated: August 3, 2017

Respectfully submitted,

s/ Benjamin W. Hulse

Jerry W. Blackwell (MN #186867)
Mary S. Young (MN #0392781)
Benjamin W. Hulse (MN #0390952)
BLACKWELL BURKE P.A.
431 South Seventh Street
Suite 2500
Minneapolis, MN 55415
Phone: (612) 343-3256
Fax: (612) 343-3205
Email: blackwell@blackwellburke.com
       myoung@blackwellburke.com
       bhulse@blackwellburke.com

Bridget M. Ahmann (MN #016611x)
FAEGRE BAKER DANIELS LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
Phone: (612) 766-7000
Email: bridget.ahmann@faegrebd.com

**Counsel for Defendants 3M Company
and Arizant Healthcare, Inc.**

**Addendum 1**

**Uncured PFS Core Deficiencies for Cases Listed in Part B**

| Plaintiff/Case Number | Deficiency Letter Sent | Uncured PFS Core Deficiencies | Firm Name |
|---|---|---|---|
| Burks, Marilyn 0:16-cv-04418 | 4/24/2017 | **Section II (Personal Information)** Part 1: Name, SSN, address, and length of time at present address provided, but no response to other names used and persons living with plaintiff at time of events at issue. Part 2: No response to driver's license number and state of issue. Part 3: Date of birth provided but not place of birth. Part 9: No response to educational background. Part 10: No response to employers for last 10 years. **Section III (Surgery Information)** Part 3: No response to height/weight at time of surgery, all other information provided. **Section IV (General Medical Information)** Part 1: No response to current height/weight. Part 7: No response to pharmacies used. Part 9: No response to use of tobacco. Part 10: No response to use of drugs/alcohol. **Section V (Insurance/Claim Information)** Part 5: No response to prior disability claims. Part 6: No response to prior lawsuits. Part 7: No response to prior bankruptcies. | Goza & Honnold, LLC |

| | | | |
|---|---|---|---|
| | | **Section VI (Current Claim Information)**<br>Part 1: No response to having suffered physical/bodily injury related to use of Bair Hugger.<br>Part 3: No response to damages related to emotional distress/physiological injuries.<br>Part 9: No response to contacts with Augustine Temperature Management.<br><br>**Section IX (Loss of Consortium)**<br>No response to any question.<br><br>**Medical Authorization**: Not provided.<br>**Verification:** Not provided. | |
| Busby, Jeffrey<br>0:16-cv-02156 | 4/19/2017 | **Section II (Personal Information)**<br>Part 3: Date of birth provided but not place of birth (other than "N/A").<br>Part 6: No response to residences for the last 10 years (other than "N/A").<br><br>**Section IV (General Medical Information)**<br>Part 1: No response to current height/weight (other than "N/A").<br>Part 3: No response to healthcare providers last seven (7) years (other than "N/A").<br><br>**Section VI (Current Claim Information)**<br>Part 1: Responded to having suffered physical/bodily injury related to use of Bair Hugger, and description of injury. No response to remaining questions in Part 1 (other than "N/A").<br><br>**Medical Authorization**: Not provided.<br>**Verification:** Not provided. | Kennedy Hodges, L.L.P. |
| Buttacavoli, Joanne<br>0:16-cv-02626 | 4/19/2017 | **Section II (Personal Information)**<br>Part 1: Name, SSN, address, but no response to length of time at present | Kennedy Hodges, L.L.P. |

| | | | |
|---|---|---|---|
| | | address, other names used, and persons living with plaintiff at time of events at issue (other than "N/A").<br>Part 6: No response to residences for the last 10 years (other than "N/A").<br><br>**Section IV (General Medical Information)**<br>Part 1: No response to current height/weight (other than "N/A").<br>Part 3: No response to healthcare providers last seven (7) years (other than "N/A").<br><br>**Section VI (Current Claim Information)**<br>Part 1: Responded to having suffered physical/bodily injury related to use of Bair Hugger, and description of injury. No response to remaining questions in Part 1 (other than "N/A").<br><br>**Medical Authorization**: Not provided.<br>**Verification:** Not provided. | |
| Davis, Lolethia<br>0:16-cv-02661 | 4/19/2017 | **Section II (Personal Information)**<br>Part 3: Date of birth provided but not place of birth (other than "N/A").<br>Part 6: No response to residences for the last 10 years.<br>Part 8: No response to name/birth year of any children.<br>Part 9: No response to educational background.<br>Part 10: No response to employers for last 10 years.<br>Part 11: No response to prior military service.<br>Part 13: No response to prior felony or dishonest act/false statement convictions.<br><br>**Section III (Surgery Information)** | Kennedy Hodges, L.L.P. |

| | | Part 4: No response to statements from anyone that the Bair Hugger system caused infection/injury.<br>Part 5: No response to knowledge of any non-privileged tests or inspections of a Bair Hugger device.<br><br>**<u>Section IV (General Medical Information)</u>**<br>No response to any question (other than "N/A" to Parts 1 through 8).<br><br>**<u>Section V (Insurance/Claim Information)</u>**<br>No response to any question.<br><br>**<u>Section VI (Current Claim Information)</u>**<br>No response to any question (other than "N/A to Part 9).<br><br>**<u>Section VII (Economic Damages)</u>**<br>No response to any question.<br><br>**<u>Section VIII (Persons With Knowledge)</u>**<br>No response to any question.<br><br>**<u>Section IX (Loss of Consortium)</u>**<br>No response to any question.<br><br>**Medical Authorization**: Not provided.<br>**Verification:** Not provided. | |
| Gill, Larry<br>0:16-cv-04412 | 4/24/2017 | **<u>Section II (Personal Information)</u>**<br>Part 2: No response to driver's license number and state of issue.<br>Part 3: Date of birth provided but not place of birth.<br>Part 9: No response to educational background.<br>Part 10: No response to employers for last 10 years.<br>Part 11: No response to prior military service. | Goza &<br>Honnold,<br>LLC |

Part 12: No response to rejection for military service due to medical/physical conditions.
Part 13: No response to prior felony or dishonest act/false statement convictions.
Part 14: No response to website visits regarding patient warming systems.
Part 15: No response to internet postings regarding patient warming systems/injuries.

**Section III (Surgery Information)**
Part 3: No response to height/weight and medical conditions at time of surgery, all other questions answered.

**Section IV (General Medical Information)**
Part 1: No response to current height/weight.
Part 7: No response to pharmacies used.
Part 8: No response to prior dental visits.
Part 9: No response to use of tobacco.
Part 10: No response to use of drugs/alcohol.

**Section V (Insurance/Claim Information)**
Part 5: No response to prior disability claims.
Part 6: No response to prior lawsuits.
Part 7: No response to prior bankruptcies.

**Section VI (Current Claim Information)**
Part 1: No response to having suffered physical/bodily injury related to use of Bair Hugger.
Part 3: No response to damages related to emotional distress/physiological injuries.
Part 6: No response regarding Bair Hugger warnings.

| | | | |
|---|---|---|---|
| | | Part 7: No response regarding 3M/Arizant communications regarding surgery/Bair Hugger.<br>Part 8: No response regarding 3M/Arizant communication regarding Bair Hugger warranty.<br>Part 9: No response to contacts with Augustine Temperature Management.<br><br>**Section VIII (Persons With Knowledge)**<br>No response to any question<br><br>**Section IX (Loss of Consortium)**<br>No response to any question.<br><br>**Medical Authorization**: Not provided.<br>**Verification:** Not provided. | |
| Hartzel, Rex<br>0:16-cv-01338 | 4/19/2017 | **Section II (Personal Information)**<br>Part 1: Name, SSN, and address provided, but no response to length of time at present address, other names used, and persons living with plaintiff at time of events at issue.<br>Part 2: No response to driver's license number and state of issue.<br>Part 3: Date of birth provided but not place of birth.<br>Part 6: No response to residences for the last 10 years.<br>Part 8: No response to name/birth year of any children.<br>Part 9: No response to educational background.<br>Part 10: No response to employers for last 10 years.<br>Part 11: No response to prior military service.<br><br><br><br>**Section III (Surgery Information)** | Kennedy Hodges, L.L.P. |

| | | Part 4: No response to statements from anyone that the Bair Hugger system caused infection/injury. Part 5: No response to knowledge of any non-privileged tests or inspections of a Bair Hugger device.<br><br>**Section IV (General Medical Information)**<br>No response to any core question.<br><br>**Section V (Insurance/Claim Information)**<br>Part 5: No response to prior disability claims.<br>Part 6: No response to prior lawsuits.<br>Part 7: No response to prior bankruptcies.<br><br>**Section VI (Current Claim Information)**<br>Part 1: Responded to having suffered physical/bodily injury related to use of Bair Hugger, and description of injury. No response to remaining questions in Part 1.<br><br>**Section VII (Economic Damages)**<br>No response to any question.<br><br>**Section VIII (Persons With Knowledge)**<br>No response to any question.<br><br>**Section IX (Loss of Consortium)**<br>No response to any question.<br><br>**Medical Authorization**: Not provided.<br>**Verification:** Not provided. | |
| Hood, Terry 0:16-cv-02787 | 5/03/2017 | Response to all Sections. **Verification:** Not provided. | Meshbesher & Spence, Ltd. |

| Magee, Althea 0:16-cv-02481 | 4/19/2017 | **Section II (Personal Information)** Part 2: No response to driver's license number and state of issue (other than "unknown"). Part 3: Date of birth provided but not place of birth (other than "unknown"). Part 6: Residence address provided but no start/end date. Part 8: Name of child provided but not year of birth. <br><br> **Section III (Surgery Information)** Part 3: Hospital name, surgery date/location, type of surgery, and infections prior to surgery provided, but no response to height/weight and medical conditions at time of surgery, persons with whom plaintiff discussed risks of surgery, and cause of infection (other than "unknown"). <br><br> **Section IV (General Medical Information)** No response to any question (other than "unknown" to Parts 1 through 8). <br><br> **Section IX (Loss of Consortium)** No response to any question (other than "unknown"). <br><br> **Medical Authorization**: Not provided. **Verification:** Not provided. | Kennedy Hodges, L.L.P. |
| Rivers, Minnie 0:16-cv-01847 | 4/19/2017 | **Section II (Personal Information)** Part 2: No response to driver's license number and state of issue (other than "unknown"). Part 3: Date of birth provided but not place of birth (other than "unknown"). Part 6: No response to residences for the last 10 years (other than "unknown"). Part 8: Name of child provided but not year of birth. | Kennedy Hodges, L.L.P. |

| | | Part 9: No response to educational background (other than "unknown"). Part 10: No response to employers for last 10 years (other than "unknown").<br><br>**Section III (Surgery Information)**<br>Part 3: Hospital name, surgery date/location/surgeon, and type of surgery provided, but no response to reason for surgery, height/weight and medical conditions at time of surgery, infections prior to surgery, persons with whom plaintiff discussed risks of surgery, and cause of infection (other than "unknown").<br><br>**Section IV (General Medical Information)**<br>Part 1: No response to current height/weight (other than "unknown").<br>Part 3: No response to healthcare providers last seven (7) years (other than "unknown").<br>Part 7: No response to pharmacies used (other than "unknown").<br>Part 8: No response to prior dental visits (other than "unknown").<br><br>**Medical Authorization**: Not provided.<br>**Verification:** Not provided. | |
|---|---|---|---|
| Starnes, Phyllis 0:16-cv-00826 | 5/08/2017 | **Section II (Personal Information)**<br>Part 1: No response to length of time at present address, all other questions answered.<br>Part 2: No response to driver's license number and state of issue (other than "will supplement").<br>Part 6: No response to residences for the last 10 years (other than "N/A").<br><br>**Section III (Surgery Information)**<br>Part 1: Responded to whether Bair Hugger used during surgery, but no response to | Kirtland & Packard, LLC |

| | | other questions (other than "will supplement").<br>Part 3: Hospital name, surgery date/location/surgeon, type of surgery, and persons with whom plaintiff discussed risks of surgery provided, but no response to reason for surgery, height/weight and medical conditions at time of surgery, infections prior to surgery, and cause of infection (other than "will supplement").<br><br>**Section VI (Current Claim Information)**<br>Part 1: Responded to having suffered physical/bodily injury related to use of Bair Hugger, and description of injury. No response to remaining questions other than "[w]ill supplement".<br>Part 3: Responded to having suffered emotional distress/physiological injuries related to use of Bair Hugger.  No description of injuries or date of onset provided.<br><br>**Section VII (Economic Damages)**<br>Part 2:  Responded to claim for loss of future wages/income, but no response to amount and calculation of lost future wages/income.<br><br>**Section IX (Loss of Consortium)**<br>Part 1:  No SSN provided.<br>Part 3: Residences for last five (5) years not provided (other than "N/A").<br>Part 4: Place of marriage provided, but not when married.<br><br>**Medical Authorization**: Provided.<br>**Verification:** Not provided. | |
| Upton, Patrick<br>0:16-cv-02374 | 4/19/2017 | **Section II (Personal Information)**<br>Part 1: Name, SSN, and address provided, but no response to length of time at present address, other names used, and | Kennedy Hodges, L.L.P. |

persons living with plaintiff at time of events at issue (other than "unknown").
Part 2: No response to driver's license number and state of issue (other than "unknown").
Part 3: Date of birth provided, but not place of birth (other than "unknown").
Part 6: No response to residences for the last 10 years (other than "unknown").
Part 7: Name of spouse provided, but no other information.
Part 8: Name of child provided but not year of birth.
Part 9: No response to educational background (other than "unknown").
Part 10: No response to employers for last 10 years (other than "unknown").

**Section III (Surgery Information)**
Part 3: Hospital name, surgery date/location/surgeon, and type of surgery provided, but no response to reason for surgery, height/weight and medical conditions at time of surgery, infections prior to surgery, persons with whom plaintiff discussed risks of surgery, and cause of infection (other than "unknown").

**Section IV (General Medical Information)**
Part 1: No response to current height/weight (other than "unknown").
Part 3: No response to healthcare providers last seven (7) years (other than "unknown").
Part 7: No response to pharmacies used (other than "unknown").

**Section VI (Current Claim Information)**

| | | Part 9: No response to contacts with Augustine Temperature Management (other than "unknown").<br><br>**Medical Authorization**: Not provided.<br>**Verification:** Not provided. | |
|---|---|---|---|

**Addendum 2**

**Uncured PFS Core Deficiencies for Cases Listed in Part C**

| Plaintiff/Case Number | Third Deficiency Letter Sent | Uncured PFS Core Deficiencies | Firm Name |
|---|---|---|---|
| Brannon, Edward 0:16-cv-02750 | 4/10/2017 | **Section II (Personal Information)** Part 1: Name, address, and other names used provided, but no response to SSN, length of time at present address, and persons living with plaintiff at time of events at issue. Part 2: No response to driver's license number and state of issue. Part 3: Date of birth provided but not place of birth. Part 6: No response to residences for the last 10 years. Part 7: No response to marriage/spouse questions. Part 8: No response to having children. Part 9: No response to educational background. Part 10: No response to employers for last 10 years. Part 11: No response to prior military service. Part 12: No response to rejection for military service due to medical/physical conditions. Part 13: No response to prior felony or dishonest act/false statement convictions. Part 14: No response to website visits regarding patient warming systems. Part 16: No response to having documents referring to health/well-being. | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA |

| | | | |
|---|---|---|---|
| | | **Section IV (General Medical Information)**<br>Part 1: No response to current height/weight.<br>Part 7: No response to pharmacies used.<br>Part 8: No response to prior dental visits.<br>Part 9: No response to use of tobacco.<br>Part 10: No response to use of drugs/alcohol.<br><br>**Section V (Insurance/Claim Information)**<br>No response to any question.<br><br>**Section VI (Current Claim Information)**<br>Part 1: Responded to having suffered physical/bodily injury related to use of Bair Hugger, and description of injury. No response to remaining questions.<br>Part 3: No response to damages related to emotional distress/physiological injuries.<br><br>**Section VII (Economic Damages)**<br>Part 1: Responded to claim for loss of past wages/income, but no response to amount of lost past wages/income or total earned income for three (3) years prior to injury.<br>Part 2: No response to claim for loss of future wages/income.<br><br>**Section IX (Loss of Consortium)**<br>No response to any question.<br><br>**Medical Authorization**: Not provided.<br>**Verification:** Not provided. | |
| Miller, Thomas<br>0:16-cv-02711 | 4/04/2017 | **Section II (Personal Information)**<br>Part 1: Name, current address and SSN provided, but no response to other names used, length of time at present address, and persons living with plaintiff at time of | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA |

events at issue (other than "unknown at this time").

Part 2: No response to driver's license number and state of issue (other than "unknown at this time").

Part 3: Date of birth provided but not place of birth (other than "unknown at this time").

Part 6: No response to length of time at residence.

Part 8: No response to having children (other than "unknown at this time").

Part 9: No response to educational background (other than "unknown at this time").

Part 10: No response to employers for last 10 years (other than "unknown at this time").

Part 11: No response to prior military service.

Part 12: No response to rejection for military service due to medical/physical conditions.

Part 13: No response to prior felony or dishonest act/false statement convictions.

Part 14: No response to website visits regarding patient warming systems.

Part 16: No response to having documents referring to health/well-being.

**<u>Section III (Surgery Information)</u>**
Part 3: Hospital name, surgery date/location/ physician, type of surgery, reason for surgery, and height/weight at time of surgery provided, but no response to medical conditions at time of surgery, infections prior to surgery, persons with whom plaintiff discussed risks of surgery, and cause of infection (other than "unknown at this time").

**Section IV (General Medical Information)**

Part 1: No response to current height/weight (other than "unknown at this time").

Part 7: No response to pharmacies used (responded [u]nknown at this time").

Part 8: No response to prior dental visits (other than "unknown at this time").

Part 9: No response to use of tobacco.

Part 10: No response to use of drugs/alcohol.

**Section V (Insurance/Claim Information)**

Part 5: No response to prior disability claims.

Part 6: No response to prior lawsuits.

Part 7: No response to prior bankruptcies.

**Section VI (Current Claim Information)**

Part 1: Responded to having suffered physical/bodily injury related to use of Bair Hugger, and description of injury. No response to remaining questions (other than "unknown at this time").

Part 3: No response to damages related to emotional distress/physiological injuries.

Part 6: No response.

Part 7: No response.

Part 8: No response.

Part 9: No response.

**Section VII (Economic Damages)**

Part 1:  No response to claim for loss of past wages/income.

Part 2:  No response to claim for loss of future wages/income.

**Section VIII (Persons With Knowledge)**

Part 2: No response.

| | | | |
|---|---|---|---|
| | | **Section IX (Loss of Consortium)**<br>No response to any question.<br><br>**Medical Authorization**: Not provided.<br>**Verification:** Not provided. | |
| Nadeau, Lise<br>0:16-cv-02395 | 4/04/2017 | **Section II (Personal Information)**<br>Part 1: Name and current address provided, but no response to SSN, other names used, length of time at present address, and persons living with plaintiff at time of events at issue (other than "unknown at this time").<br>Part 2: No response to driver's license number and state of issue (other than "unknown at this time").<br>Part 3: Date of birth provided but not place of birth (other than "unknown at this time").<br>Part 6: No response to length of time at residence.<br>Part 8: No response to having children (other than "unknown at this time").<br>Part 9: No response to educational background (other than "unknown at this time").<br>Part 10: No response to employers for last 10 years (other than "unknown at this time").<br>Part 11: No response to prior military service.<br>Part 12: No response to rejection for military service due to medical/physical conditions.<br>Part 13: No response to prior felony or dishonest act/false statement convictions.<br>Part 14: No response to website visits regarding patient warming systems.<br>Part 15: No response to internet postings regarding patient warming systems/injuries.<br>Part 16: No response to having documents referring to health/well-being. | Levin,<br>Papantonio,<br>Thomas,<br>Mitchell,<br>Rafferty &<br>Proctor, PA |

**Section III (Surgery Information)**
Part 3: Hospital name, surgery date/location/ physician and type of surgery provided, but no response to reason for surgery, height/weight at time of surgery, medical conditions at time of surgery, infections prior to surgery, persons with whom plaintiff discussed risks of surgery, and cause of infection (other than "unknown at this time").

**Section IV (General Medical Information)**
Part 1: No response to current height/weight (other than "unknown at this time").
Part 7: No response to pharmacies used (other than "unknown at this time").
Part 8: No response to prior dental visits (other than "unknown at this time").
Part 9: No response to use of tobacco.
Part 10: No response to use of drugs/alcohol.

**Section V (Insurance/Claim Information)**
Part 5: No response to prior disability claims.
Part 6: No response to prior lawsuits.
Part 7: No response to prior bankruptcies.

**Section VI (Current Claim Information)**
Part 1: Responded to having suffered physical/bodily injury related to use of Bair Hugger, and description of injury. No response to remaining questions (other than "unknown at this time").
Part 3: No response to damages related to emotional distress/physiological injuries.
Part 6: No response.
Part 7: No response.
Part 8: No response.

| | | | |
|---|---|---|---|
| | | Part 9: No response.<br><br>**Section VII (Economic Damages)**<br>Part 1:  No response to claim for loss of past wages/income.<br>Part 2:  No response to claim for loss of future wages/income.<br><br>**Section VIII (Persons With Knowledge)**<br>Part 2: No response.<br><br>**Section IX (Loss of Consortium)**<br>No response to any question.<br><br>**Medical Authorization**: Not provided.<br>**Verification:** Not provided. | |
| Newcomb, Jerline 0:16-cv-01834 | 4/04/2017 | **Section II (Personal Information)**<br>Part 1: Name, current address and SSN provided, but no response to other names used, length of time at present address, and persons living with plaintiff at time of events at issue (other than "unknown at this time").<br>Part 2: No response to driver's license number and state of issue (other than "unknown at this time").<br>Part 3: Date of birth provided but not place of birth (other than "unknown at this time").<br>Part 6: No response to length of time at residence.<br>Part 8: No response to having children (other than "unknown at this time").<br>Part 9: No response to educational background (other than "unknown at this time").<br>Part 10: No response to employers for last 10 years (other than "unknown at this time").<br>Part 11: No response to prior military service. | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA |

|  |  | Part 12: No response to rejection for military service due to medical/physical conditions. Part 13: No response to prior felony or dishonest act/false statement convictions.<br><br>**Section IV (General Medical Information)**<br>Part 1: Response to current height, but no response to current weight (other than "unknown at this time"). Part 7: No response to pharmacies used (other than "unknown at this time"). Part 8: No response to prior dental visits (other than "unknown at this time"). Part 9: No response to use of tobacco. Part 10: No response to use of drugs/alcohol.<br><br>**Section V (Insurance/Claim Information)**<br>Part 5: No response to prior disability claims. Part 6: No response to prior lawsuits. Part 7: No response to prior bankruptcies.<br><br>**Section VI (Current Claim Information)**<br>Part 1: Responded to having suffered physical/bodily injury related to use of Bair Hugger, and description of injury. No response to remaining questions (other than "unknown at this time"). Part 3: No response to damages related to emotional distress/physiological injuries. Part 6: No response. Part 7: No response. Part 8: No response. Part 9: No response (other than "unknown at this time").<br><br>**Section VII (Economic Damages)** |  |

| | | | |
|---|---|---|---|
| | | Part 1:  Responded to claim for loss of past wages/income, but no response to amount of lost past wages/income or total earned income for three (3) years prior to injury.<br>Part 2:  No response to claim for loss of future wages/income.<br><br>**Section VIII (Persons With Knowledge)**<br>Part 2: No response.<br><br>**Section IX (Loss of Consortium)**<br>No response to any question.<br><br>**Medical Authorization**: Not provided.<br>**Verification:** Not provided. | |
| Novak, Daniel<br>0:16-cv-02959 | 4/04/2017 | **Section II (Personal Information)**<br>Part 1: Name and current address provided, but no response to SSN, other names used, length of time at present address, and persons living with plaintiff at time of events at issue (other than "unknown at this time").<br>Part 2: No response to driver's license number and state of issue (other than "unknown at this time").<br>Part 3: Date of birth provided but not place of birth (other than "unknown at this time").<br>Part 6: No response to length of time at residence.<br>Part 8: No response to having children (other than "unknown at this time").<br>Part 9: No response to educational background (other than "unknown at this time").<br>Part 10: No response to employers for last 10 years (other than "unknown at this time").<br>Part 11: No response to prior military service. | Levin,<br>Papantonio,<br>Thomas,<br>Mitchell,<br>Rafferty &<br>Proctor, PA |

Part 12: No response to rejection for military service due to medical/physical conditions.

Part 13: No response to prior felony or dishonest act/false statement convictions.

**<u>Section III (Surgery Information)</u>**

Part 3: Hospital name, surgery date and location provided, but no response to name of surgeon, type of surgery provided, reason for surgery, height/weight at time of surgery, medical conditions at time of surgery, infections prior to surgery, persons with whom plaintiff discussed risks of surgery, and cause of infection (other than "unknown at this time").

**<u>Section IV (General Medical Information)</u>**

Part 1: No response to current height/weight (other than "unknown at this time").

Part 7: No response to pharmacies used (other than "unknown at this time").

Part 8: No response to prior dental visits (other than "unknown at this time").

Part 9: No response to use of tobacco.

Part 10: No response to use of drugs/alcohol.

**<u>Section V (Insurance/Claim Information)</u>**

Part 5: No response to prior disability claims.

Part 6: No response to prior lawsuits.

Part 7: No response to prior bankruptcies.

**<u>Section VI (Current Claim Information)</u>**

Part 1: Responded to having suffered physical/bodily injury related to use of Bair Hugger, and description of injury.

| | | | |
|---|---|---|---|
| | | No response to remaining questions (other than "unknown at this time").<br>Part 3: No response to damages related to emotional distress/physiological injuries.<br><br>**Section VII (Economic Damages)**<br>Part 1:  No response to claim for loss of past wages/income.<br>Part 2:  No response to claim for loss of future wages/income.<br><br>**Section VIII (Persons With Knowledge)**<br>Part 2: No response.<br><br>**Section IX (Loss of Consortium)**<br>No response to any question.<br><br>**Medical Authorization**: Not provided.<br>**Verification:** Not provided. | |
| Pettersen, Raymond<br>0:16-cv-02212 | 4/04/2017 | **Section II (Personal Information)**<br>Part 1: Name, current address and SSN provided, but no response to other names used, length of time at present address, and persons living with plaintiff at time of events at issue (other than "unknown at this time").<br>Part 2: No response to driver's license number and state of issue (other than "unknown at this time").<br>Part 3: Date of birth provided but not place of birth (other than "unknown at this time").<br>Part 6: No response to length of time at residence.<br>Part 8: No response to having children (other than "unknown at this time").<br>Part 9: No response to educational background (other than "unknown at this time").<br>Part 10: No response to employers for last 10 years (responded "N/A").<br>Part 11: No response to prior military service. | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA |

Part 12: No response to rejection for military service due to medical/physical conditions.
Part 13: No response to prior felony or dishonest act/false statement convictions.

**Section IV (General Medical Information)**
Part 1: Response to current height, but no response to current weight (other than "unknown at this time").
Part 7: No response to pharmacies used (other than "unknown at this time").
Part 8: No response to prior dental visits (other than "unknown at this time").
Part 9: No response to use of tobacco.
Part 10: No response to use of drugs/alcohol.

**Section V (Insurance/Claim Information)**
Part 5: No response to prior disability claims.
Part 6: No response to prior lawsuits.
Part 7: No response to prior bankruptcies.

**Section VI (Current Claim Information)**
Part 1: Responded to having suffered physical/bodily injury related to use of Bair Hugger, and description of injury.
No response to remaining questions (other than "unknown at this time").
Part 3: No response to damages related to emotional distress/physiological injuries.

**Section VII (Economic Damages)**
Part 1:  No response to claim for loss of past wages/income.
Part 2:  No response to claim for loss of future wages/income.

| | | **Medical Authorization**: Not provided.<br>**Verification:** Provided. | |
| --- | --- | --- | --- |