UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

In re: BAIR HUGGER FORCED AIR                 MDL No. 15-2666 (JNE/FLN)
WARMING DEVICES PRODUCTS
LIABILITY LITIGATION

**ORDER**

---

Genevieve Zimmerman and Mark Bankston for Plaintiffs.
Jerry Blackwell and Ben Hulse for Defendants.

---

**THIS MATTER** came before the undersigned United States Magistrate Judge on July 17, 2017, on Plaintiffs' motion seeking *in camera* review of documents withheld by Defendants 3M and Arizant Healthcare, Inc. (collectively "Defendants") under claims of privilege (ECF No. 532) in the underlying actions surrounding the Bair Hugger Forced Air Warming Device ("Bair Hugger"). consolidated into a Multi-District Litigation ("MDL") and transferred to the District of Minnesota. Transfer Order, ECF No. 1.

On July 19, 2017, the Court ordered Defendants to produce for *in camera* review approximately 400 documents claimed by Defendants as either work product or attorney-client communications. Order, ECF No. 621. Plaintiffs challenge that these documents are protected by the privilege asserted. Pls.' Mem. in Supp. of Mot. for *in camera* Review 3, ECF No. 533. Defendants submitted these documents as well as appended additional supporting documents that they believe are necessary to assist the Court in making its privilege determinations. The Court reviewed each document received against Defendants' Exhibits A and B as the parties agreed at the

hearing that these charts best identify those documents Plaintiffs seek to challenge.[1] *See* Hulse Decl. Exs. A–B, ECF No. 601. Of the approximately 400 documents, the Court concludes that most are privileged, but finds that some categories, as discussed below, must be produced.

**I.      Work Product**

The Court first considers only those documents claimed on Defendants' Exhibits A and B as solely protected by the work product doctrine. The work product doctrine is outlined in Rule 26(b)(3) of the Federal Rules of Civil Procedure:

> (A) Documents and Tangible Things. Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent). But, subject to Rule 26(b)(4), those materials may be discovered if:
>
> > (I) they are otherwise discoverable under Rule 26(b)(1); and
> >
> > (ii) the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means.
>
> (B) Protection Against Disclosure. If the court orders discovery of those materials, it must protect against disclosure of the mental impressions,

---

[1] Defendants' Exhibits A and B were created in response and to identify mistakes made in Plaintiffs' Exhibits 1 and 2, which were submitted in support of Plaintiffs' motion to catalog all of those documents that Defendants claim as work product and attorney-client communications. Zimmerman Decl. Exs. 1, 2, ECF No. 569. Therefore, Defendants' Exhibit A primarily consist of those documents that are claimed as work product protected and Defendants' Exhibit B primarily consists of those documents that are claimed as privileged attorney-client communications. Defs.' Exs. A, B, ECF No. 601. However, there are a handful of documents on Defendants' Exhibit A that are claimed as either dual privileged or attorney-client communications and a handful of documents on Defendants' Exhibit B that are claimed as either dual privileged or protected as work product. *See id.* Pursuant to the parties agreement, the Court maintains the organization of Defendants' Exhibits A and B in reviewing the documents and making its privilege determinations. *See id.*

>conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation.

Fed. R. Civ. P. 26(b)(3)(A)–(B). The work product doctrine applies to documents prepared "in anticipation of litigation," in that "the document can be fairly said to have been prepared or obtained because of the prospect of litigation." *Simon v. G.D. Searle & Co.*, 816 F.2d 397, 401 (8th Cir. 1987) (citation omitted). The Eighth Circuit has divided work product into two categories: ordinary work product and opinion work product. Ordinary work product includes raw factual information, while opinion work product includes counsel's mental impressions, conclusions, opinions or legal theories. *See Baker v. Gen. Motors Corp.*, 209 F.3d 1051, 1054 (8th Cir. 2000). Ordinary work product is not discoverable unless the party seeking discovery has a substantial need for the materials and the party cannot obtain the substantial equivalent of the materials by any other means. *See id.* Opinion work product, however, enjoys almost absolute immunity and is discoverable only in rare circumstances. *See id.* It is well established that the party claiming protection under the work product doctrine bears the burden of establishing that the doctrine applies in the specific circumstances at issue. *See Hickman v. Taylor*, 329 U.S. 495, 512 (1947).

The Court concludes after reviewing approximately 100 challenged documents, as well as the appended supporting documents, that the bulk of the documents are protected by the work product doctrine. However, there are three categories of documents that are not entitled to work product protection, because they either constitute ordinary work product for which Plaintiffs have a substantial need and cannot obtain by other means, or were not prepared in anticipation of litigation. *See Hickman*, 329 U.S. at 512. These documents must be produced to Plaintiffs.

The first category are requests for testing and testing data and materials. Addressed here are only those documents in this category which Defendants contend are protected by the work product

3

doctrine.[2] While the Court concludes that this category of documents constitutes ordinary work product, it is not protected from discovery because Plaintiffs have a substantial need for the materials and cannot obtain the substantial equivalent of the materials by any other means. *See Baker*, 209 F.3d at 1054. The issue in this litigation is whether use of the Bair Hugger increases the risk of surgical site infections. *See* PTO 8, ECF No. 46, Exs. A and B. Assuming without deciding that some litigation was pending at the time the challenged documents requesting testing or performing testing were created, any testing performed on the Bair Hugger is material and relevant to the issue in this case, and Plaintiffs have a substantial need for these materials. Additionally, because these materials are exclusively in the possession of Defendants, Plaintiffs have no other way of obtaining this material other than through discovery. The Court has previously rejected any objection to Defendants' discovery requests involving testing and data on which Plaintiffs' claims in this MDL have relied. Therefore, Defendants must produce 3MPRIV00001125–28 and 3MPRIV00002632–35, as they are ordinary work product for which Plaintiffs have shown they have a substantial need, and cannot obtain the substantial equivalent by other means. *See Baker*, 209 F.3d at 1054.

The second category of information includes drafts and preparation discussions related to the publication of media statements. It cannot be said that these conversations are protected by the work product doctrine because these documents were motivated by releasing information to the public and to the press, and cannot be "fairly said to have been prepared or obtained because of the prospect of litigation." *Simon*, 816 F.2d at 401. These documents include 3MPRIV00003905 and

---

[2] Many of these documents are claimed as dual privileged as both attorney work product and privileged attorney-client communications and will be discussed in Part III below, addressing those documents claimed as dually privileged.

3MPRIV00045179–89.

The third category of documents include miscellaneous materials not prepared by counsel and not prepared in anticipation of litigation.[3] These include an email and attachment sending a presentation given at a symposium, 3MPRIV00022789–808, and those email conversations with the subject line "Sandbox" related to internal discussions about Dr. Scott Augustine and his related entities that are not legal in nature, 3MPRIV00045206–221.

The Court concludes that the remaining documents constitute either opinion or ordinary work product and are not discoverable.[4]

## II.     Attorney-Client Communications

The Court next considers those documents claimed on Defendants' Exhibits A and B as

---

[3]

The Court also struggled with determining privilege for 3MPRIV00001238–40 which appears to be an April 19 letter and handwritten addendum from Dr. Scott Augustine, that Defendants claim is protected by the work product doctrine. The document also has track change comment bubbles on Augustine's letter, but the content of those bubbles was not produced to the Court. To the extent that Defendants claim that the letter and addendum is protected by privilege, the Court disagrees. To the extent that Defendants claim that the track changes and additions are protected by the work product doctrine, it is impossible for this Court to make that determination with the information provided. Additionally, while there are many communications discussing a response to a letter from Augustine that the Court has concluded are protected by the work product doctrine or attorney-client communication, these protected communications appear to predate April 19. Therefore, the Court is not even sure what this document is or why it would be privileged. As it is well established that the party claiming protection under the work product doctrine bears the burden of establishing that it exists, *see Hickman*, 329 U.S. at 512, this document must be produced as Defendants have failed to meet their burden.

[4]

This includes the document labeled 3MPRIV00002744–2752, identified on Defendants' Exhibit B (which generally describes those documents protected as attorney-client communications), that Defendants claim, and the Court concludes, is protected by the work product doctrine.

5

being protected only by the attorney-client privilege. "The attorney-client privilege extends only to confidential communications made for the purpose of facilitating the rendition of legal services to the client." *United States v. Horvath*, 731 F.2d 557, 561 (8th Cir. 1984). Its purpose is to encourage "full and frank communication between attorneys and their clients." *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981). However, because the attorney-client privilege obstructs the truth-finding process, it is construed narrowly and "protects only those disclosures—necessary to obtain legal advice—which might not have been made absent the privilege." *Fisher v. United States*, 425 U.S. 391, 403 (1976). "While the privilege, where it exists, is absolute, the adverse effect of its application on the disclosure of truth may be such that the privilege is strictly construed." *Diversified Indus., Inc. v. Meredith*, 572 F.2d 596, 602 (8th Cir. 1977. "A communication is not privileged simply because it is made by or to a person who happens to be a lawyer." *Id.* at 602 (internal citations omitted). The communication must be for the purpose of obtaining services or advice by the lawyer "in his capacity as a lawyer . . . ." *Id.* The scope of the attorney's representation of the client governs, and the communication must relate to "the matter for which the legal representation was sought." *In re Grand Jury Proceedings*, 402 F. Supp. 2d 1066, 1068 (D. Minn. 2005).

After reviewing 300 challenged documents as well as supporting documents produced by Defendants for *in camera* review against Defendants' Exhibit B, the Court concludes that the majority of the documents are protected as attorney-client communications. There are two categories of documents, however, that do not constitute communications made to counsel for the purposes of obtaining legal advice.

The first category of documents include requests for testing and testing data: 3MPRIV00018150–54; 3MPRIV00021546–50; 3MPRIV00021558–59; 3MPRIV00022033–48; 3MPRIV00027120–42; 3MPRIV00027168–29295; 3MPRIV00029403–25; 3MPRIV00030254–62;

3MPRIV00030271–90; and 3MPRIV00030292–99 (current range). ECF No. 601, Ex. B.

The second category of documents concerns communications involving either business advice and administration, or marketing materials, press statements, and presentations: 3MPRIV00003777–80; 3MPRIV00016690–94; 3MPRIV00016808–85; 3MPRIV00017115–41; 3MPRIV00017621–23; 3MPRIV00017636–59; 3MPRIV00018304–10; 3MPRIV00018361; 3MPRIV00018366–69; 3MPRIV00018847; 3MPRIV00019586[5]; 3MPRIV00019987–90; 3MPRIV00021193–99; 3MPRIV00021213–17; 3MPRIV00021396–97; 3MPRIV00022022–29; 3MPRIV00022049–63; 3MPRIV00022770; 3MPRIV00024663; 3MPRIV00025727; 3MPRIV00026425, 27 (emails are privileged, attachments are not); 3MPRIV00029762–65; 3MPRIV00029883–86; 3MPRIV00030785–97; 3MPRIV00031224–26; 3MPRIV00031423–25; 3MPRIV00031437–80; 3MPRIV00034429–41; 3MPRIV00034453–54; 3MPRIV00034716–25; 3MPRIV00043415–27; 3MPRIV00044040–46; 3MPRIV00045200; 3MPRIV00045205; 3MPRIV00045734–37; 3MPRIV00047986–89; and 3MPRIV00029296–395 (corrected range). ECF No. 601, Ex. B.

The foregoing documents do not appear to be communications made for the purpose of securing or rendering legal advice or services. *See Horvath*, 731 F.2d at 561. Instead, they appear to be made for the purpose of responding to a competitor, and to assist in making non-legal decisions related to marketing, business administration, or the preparation of publications and other presentations. *Diversified Indus., Inc. v. Meredith*, 572 F.2d at 602 ("A communication is not privileged simply because it is made by or to a person who happens to be a lawyer."). As to these documents enumerated above, the Court concludes that Defendants have failed to meet their burden

---

[5] Defendants' Exhibit B identifies this document as 3MPRIV00019586–98. However, only 3MPRIV00019586 was provided to the Court for a privilege determination.

to show that they were created for the purpose of facilitating the rendition of legal services. *See id.* These documents are, therefore, not protected from discovery as attorney-client communications. All of the other documents on Defendants' Exhibit B, are not discoverable as they do consist of privileged attorney-client communications.

Additionally, Defendants assert that documents on Defendants' Exhibit A, 3MPRIV00002134–37, regarding the discussion of a statement related to HEPA, constitute attorney-client communications. ECF No. 601, Ex. A. Because these communications do not involve communications for the purpose of obtaining legal advice, the Court disagrees. These documents are discoverable and must be produced.

## III.    Dual Privilege

Finally, Defendants contend that many documents on Defendants' Exhibits A and B are protected by both attorney-client privilege and the work product doctrine. The Court agrees that all of the dual-privilege documents on Defendants' Exhibit A are protected with the exception of only those documents at 3MPRIV00021560–878, 3MPRIV00029944–79, 3MPRIV00029982–30011, 3MPRIV00030013–26, 3MPRIV00030092–131, 3MPRIV00030451–70, 3MPRIV00030578–656, 3MPRIV00030710–772, and 3MPRIV00043569–75. ECF No. 601, Ex. A. These documents include requests for testing or testing data and materials that are discoverable by Plaintiffs and are not protected by privilege.  As concluded above, the Court finds that these documents constitute ordinary work product that Plaintiffs have both a substantial need for in this case and cannot obtain the substantial equivalent by other means. *See supra; see also Baker*, 209 F.3d at 1054. While Defendants additionally assert that these documents are protected attorney-client communications, they have failed to meet their burden to show that these documents were created with the purpose of facilitating the rendition of legal services. *See Horvath*, 731 F.2d at 561. Instead, it appears that

the challenged documents are requests for testing, testing memorandums, and raw data, that was sought to compete with competitors or in order to facilitate business decisions related to marketing. Defendants assert that these materials are research and development files reflecting testing at the direction of counsel on a forced air warming product. While the data may have been used at some point to request or render legal advice, the Court concludes that these materials do not constitute attorney-client communications made for the purpose of rendering legal services. Because the Court concludes that these documents are discoverable ordinary work product and are not protected attorney-client communications, Defendants must produce these documents.

Additionally, the Court concludes that 3MPRIV00021895–96 on Defendants' Ex. B, for which both attorney-client communication and work product privileges are claimed, are protected under both privileges. These documents constitute both attorney-client communications and attorney work product as they involve a communication for the purpose of seeking legal advice from counsel and were prepared in anticipation of litigation.

All of the other documents not explicitly described above for which dual privilege is claimed, are not discoverable as the Court concludes that they are protected by either the attorney-client privilege, work product, or both.

**IV.    Order**

Based upon the foregoing, and all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that those documents not specifically identified below are protected by the privilege asserted and are not discoverable by Plaintiffs. However, the following documents must be produced to Plaintiffs as they are not protected by the work product doctrine nor do they constitute attorney-client communications made for the purposes of obtaining legal advice:

9

1. Defendants must produce the following documents identified on Defendants' Exhibit A, ECF No. 601: 3MPRIV00001125–28; 3MPRIV00002632–35; 3MPRIV00021560–878; 3MPRIV00029944–79; 3MPRIV00029982–30011; 3MPRIV00030013–26; 3MPRIV00030092–131; 3MPRIV00030451–70; 3MPRIV00030578–656; 3MPRIV00030710–772; 3MPRIV00043569–75; 3MPRIV00003905; 3MPRIV00045179–89; 3MPRIV00002134–37; 3MPRIV00022789–808; and 3MPRIV00045206–221. Defendants must also produce 3MPRIV00001238–40 as they have failed to meet their burden to establish that this document is protected work product.

2. Defendants must produce the following documents identified on Defendants' Exhibit B, ECF No. 601: 3MPRIV00003777–80; 3MPRIV00016690–94; 3MPRIV00016808–85; 3MPRIV00017115–41; 3MPRIV00017621–23; 3MPRIV00017636–59; 3MPRIV00018150–54; 3MPRIV00018304–10; 3MPRIV00018361; 3MPRIV00018366–69; 3MPRIV00018847; 3MPRIV00019586; 3MPRIV00019987–90; 3MPRIV00021193–99; 3MPRIV00021213–17; 3MPRIV00021396–97; 3MPRIV00021546–50; 3MPRIV00021558–59; 3MPRIV00022022–29; 3MPRIV00022033–63; 3MPRIV00022770; 3MPRIV00024663; 3MPRIV00025727; 3MPRIV00026425, 27 (emails are privileged, attachment is not); 3MPRIV00027120–42; 3MPRIV00027168–29295; 3MPRIV00029403–25; 3MPRIV00029762–65; 3MPRIV00029883–86; 3MPRIV00030254–62; 3MPRIV00030271–90; 3MPRIV00030785–97; 3MPRIV00031224–26; 3MPRIV00031423–25; 3MPRIV00031437–80; 3MPRIV00034429–41; 3MPRIV00034453–54; 3MPRIV00034716–25; 3MPRIV00043415–27; 3MPRIV00044040–46; 3MPRIV00045200; 3MPRIV00045205; 3MPRIV00045734–37; 3MPRIV00047986–89; 3MPRIV00029296–395 (corrected range); and 3MPRIV00030292–99 (current range).

DATED: August 9, 2017                                       *s/Franklin L. Noel*
                                                            FRANKLIN L. NOEL
                                                            United States Magistrate Judge