UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

In re: BAIR HUGGER FORCED AIR
WARMING DEVICES PRODUCTS
LIABILITY LITIGATION

MDL No. 15-2666(JNE/FLN)

This Document Relates to:
Butkus, 0:16-cv-04353-JNE-FLN

---

## MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO COMPLY WITH PRETRIAL ORDER NO. 14

Plaintiff, John Butkus (hereinafter "Mr. Butkus") submits this Memorandum in Opposition to Defendants' Motion to Dismiss.

## INTRODUCTION

3M Company and Arizant Healthcare, Inc. ("defendants") ask this Court to dismiss Mr. Butkus' case, with prejudice, because as of August 3, 2017 no Plaintiff Fact Sheet ("PFS") had been served pursuant to Pretrial Order No. 14 ("PTO 14"). Though counsel acknowledges Mr. Butkus' PFS was not served prior to August 3, 2017; the PFS has since been served with all currently available information. Further, as explained more fully below; Mr. Butkus has undergone several life altering difficulties since his claim was filed which have made responding to the PFS extraordinarily difficult. Neither counsel nor Mr. Butkus have intentionally disregarded PTO 14, and the defendants cannot show they are prejudiced by the delay in filing Mr. Butkus' PFS.

## FACTS

Mr. Butkus' claim herein was filed December 27, 2016. On December 29, 2016 counsel mailed Mr. Butkus the PFS to fill out and return. On January 5, 2017, a reminder

letter was mailed out to Mr. Butkus, along with a medical records authorization form for him to execute and return. Having not received Mr. Butkus' PFS sheet, counsel sent Mr. Butkus another letter with another copy of the PFS for him to fill out and return on February 3, 2017. Counsel attempted to contact Mr. Butkus several times by phone to no avail.

On March 31, 2017 counsel requested an extension to file Mr. Butkus' PFS, to attempt to get in touch with the client. A one week extension was granted the same day by defense counsel. On the same date, counsel sent a fourth letter, via certified mail, to Mr. Butkus explaining the immediate need for his PFS. The letter was returned to counsel's office unclaimed. **(Exhibit 1)**

On or about April 6, 2017 counsel spoke with Mr. Butkus over the phone. Mr. Bukus related that his wife was recently diagnosed with secondary progressive multiple sclerosis and a rapid health decline. He also reported that he had lost his job, was in deleterious financial circumstances involving a potential foreclosure on his home, and he requested additional time to answer his PFS.

On April 6, 2017 counsel relayed Mr. Butkus' unfortunate circumstances to defense counsel via email, and requested an additional two (2) week extension to file his PFS. Defense counsel granted an extension to April 21, 2017. **(Exhibit 2)**

Having not received Mr. Butkus' PFS, on June 7, 2017 counsel sent a fifth letter, via certified mail, to Mr. Butkus explaining that a Motion to Dismiss his claim was imminent if we did not file his PFS. This same date, counsel emailed defense counsel and explained that Mr. Butkus wife had been moved to an LTAC facility and Mr. Butkus had been unavailable to complete his PFS. **(Exhibit 3)** USPS tracking history shows counsel's letter to Mr. Butkus

2

was delivered on June 24, 2017. **(Exhibit 4)** Additional numerous attempts were made to contact Mr. Butkus by phone and voice messages were left with no response.

On July 13, 2017 counsel sent a sixth letter, via certified mail, to Mr. Butkus explaining that his claim would soon be dismissed if he did not return his PFS. Another copy of the PFS was enclosed. USPS tracking history indicates the letter was never claimed. **(Exhibit 5)**

To date, counsel has not received the completed PFS from Mr. Butkus, nor has counsel been able to contact Mr. Butkus by phone. On Friday, August 11, 2017 counsel served Mr. Butkus' PFS with the information available to them at this time. The same date, counsel advised defense counsel of service of Mr. Butkus' PFS.

## LAW AND ARGUMENT

"Dismissals with prejudice are drastic and extremely harsh sanctions." *Bergstrom v. Frascone*, **744 F. 3d 571 (8ᵗʰ Cir. 2014)** *citing Sterling v. United States*, **985 F2d 411, 412 (8ᵗʰ Cir. 1993).** Such dismissals "should be used only in cases of willful disobedience of a court order or continued or persistent failure to prosecute a complaint." *Givens v. A.H. Robins Co., Inc.*, **751 F. 2d 261, 263 (8ᵗʰ Cir. 1984).** Dismissals with prejudice "should only be used when lesser sanctions prove futile." *Rogers v. Curators of Univ. Of Mo.*, **135 F. 3d 1216, 1222 (8ᵗʰ Cir. 1998)** *citing Herring v. Whitehall*, **804 F. 2d 464, 468 (8ᵗʰ Cir. 1986).**

Defendants have stated the plaintffs should not be granted an extension within which to file and/or cure their PFS deficiencies because the plaintiffs' "difficulties" were not raised with defense counsel. But, as outlined above, plaintiff's counsel has maintained consistent communication with defense counsel regarding Mr. Butkus' personal and financial

difficulties. Furthermore, defendants have argued an extension would "remove any incentive for any plaintiff to comply with PTO 14."

Mr. Butkus is not willfully or intentionally disobeying PTO 14. Mr. Butkus' is suffering extreme and life changing difficulties which have simply prevented him from providing all of the detailed information required by PTO 14 at this time. Unfortunately, for Mr. Butkus, the defendants' "warnings" did not cure his wife's secondary progressive multiple sclerosis or afford Mr. Butkus the ability to prevent foreclosure on his home due to losing his employment. Therefore, granting an extension in this case would not remove Mr. Butkus' incentive to comply with PTO 14, because Mr. Butkus is not willfully or intentionally disobeying PTO 14, as required by **Williams v. U.S. Bank Nat. Ass'n** No. 12-cv-1247 (DSD/JJK), 2013 WL4050749, at *1–2 (D. Minn. Aug. 9, 2013) **citing Doe v. Cassel,** 403 F. 3d 986, 990 (8th Cir. 2005) **(per curiam)**.

Notwithstanding that Mr. Butkus has not willfully or intentionally disobeyed PTO 14, granting Mr. Butkus an extension of time to cure PFS deficiencies does not prejudice the defendants because Mr. Butkus is not a Bellwether plaintiff, nor is there any trial date set or discovery obligations outstanding in his case. Because the Bellwether trials are in no way contingent upon Mr. Butkus' case, granting him an extension of time does not prevent the current litigation from proceeding as planned.

Mr. Butkus has never indicated his intention to abandon his claim and he has not willfully or intentionally disobeyed PTO 14. Rather, Mr. Butkus' has suffered extreme personal and financial difficulties which have delayed his ability to provide all of the details required by PTO 14. Granting Mr. Butkus an extension of time in which to cure his PFS

deficiencies will not prejudice the defendants, because Mr. Butkus' case is not a Bellwether case set for trial or with any current outstanding discovery obligations (aside from the PFS). Therefore, the plaintiffs respectfully request this Honorable Court deny the defendants' Motion to Dismiss Mr. Butkus' case with prejudice and grant Mr. Butkus an additional three months to cure the deficiencies in his PFS.

**Dated: August 14, 2017**

**McGLYNN, GLISSON & MOUTON**

By:    */s/Benjamin P. Mouton*
        **BENJAMIN P. MOUTON #20305**
        **DANIEL J. MCGLYNN #17051**
        340 Florida Street (70801)
        P.O. Box 1909
        Baton Rouge, LA  70821
        Telephone: (225) 344-3555
        Facsimile: (225) 344-3666