# EXHIBIT E

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re Bair Hugger Forced Air Warming Products Liability Litigation | MDL No. 15-2666 (JNE/FLN) |
| This Document Relates to All Actions | **DEFENDANTS' SUPPLEMENTAL AND AMENDED ANSWERS AND OBJECTIONS TO PLAINTIFFS' SECOND INTERROGATORIES** |

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendants 3M Company and Arizant Healthcare Inc. (together, "Defendants") set forth below their supplemental and amended answers and objections to Plaintiffs' Second Interrogatories to Defendants 3M Company and Arizant Healthcare Inc., incorrectly entitled "Plaintiffs' First Interrogatories."

### ANSWERS AND SPECIFIC OBJECTIONS TO INTERROGATORIES

1. Please identify each and every individual who may have relevant knowledge or information concerning the claims or defenses in this case. Please include the name, titles, positions or roles, departments, and dates of employment in those titles, positions or roles, as applicable.

**ANSWER**: Defendants incorporate their answers and specific objections to Plaintiffs' First Interrogatories, Interrogatory No. 1. In addition to those current or former employees of 3M or Arizant previously identified, Defendants identify Suzanne Danielson, Regulatory and Quality Director at 3M Company. Responsive information concerning Ms. Danielson's employment with 3M can be found in the transcript of her Rule 30(b)(6) deposition taken by Plaintiffs on March 17, 2017. Defendants further identify Plaintiffs, their family members, their

16. Please state whether you have retained or contracted, informally or formally, any former employee of Defendants for the purpose of providing testimony in litigation related to the Bair Hugger. If your answer is "yes", please state the name, last position held with Defendants, dates of employment, date retained by Defendants, the amount of compensation agreed to pay him/her, and the amount of compensation actually paid. To the extent such agreements did or do exist, please produce copies of documents referring, relating, and/or reflecting these retentions?

**AMENDED ANSWER**: Defendants deny that they or their current counsel have retained any former employee "for the purpose of providing testimony" in the Bair Hugger litigation. As Plaintiffs are aware, certain former employees were retained by Defendants' prior counsel under terms specified in litigation consulting agreements. Defendants have produced the litigation consulting agreements entered into by 3M's former counsel and former 3M employees, as well as non-privileged documents relating to the litigation consulting agreements and records of monies paid pursuant to such agreements. Pursuant to Rule 33(d), the information requested concerning the dates of those agreements and amounts paid can be derived from the documents that have been produced. Defendants and their counsel have not entered into any other litigation consulting agreements with former 3M employees. To the extent Plaintiffs mean to seek additional information in this interrogatory, Defendants object to the interrogatory as vague and ambiguous.

17. Describe in full detail the nature and exact relationship between yourself and each Co-Defendant, at all times relevant hereto. Please attach to your answers to these Interrogatories a copy of all documentation or records pertaining to these relationships?

**ANSWER**: Arizant was a wholly owned subsidiary of 3M Company or one of its wholly owned subsidiaries. Arizant was entirely dissolved in December 2014. Defendants object to this Interrogatory to the extent it improperly requests production of documents.

## VERIFICATION

I, Matthew J. Ginter, am Treasurer and Vice President, Investor Relations, for 3M Company. I am authorized to verify the information contained in the foregoing Supplemental and Amended Answers and Objections to Plaintiffs' Second Interrogatories (incorrectly entitled "Plaintiffs' First Interrogatories") to Defendants 3M Company and Arizant Healthcare Inc. The information contained in the Supplemental and Amended Answers is based on facts compiled from legal counsel, employees, and business records. Although I do not have personal knowledge of all of the information set forth in the Supplemental and Amended Answers, such information is true and correct upon my information and belief and reasonable efforts to obtain the information. On that basis, I affirm that the Supplemental and Amended Answers are hereby verified on behalf of 3M Company and Arizant Healthcare Inc.

The undersigned certifies, under penalty of perjury pursuant to 28 U.S.C. § 1746, that the statements set forth herein are true and correct.

Executed on __May 25th__, 2017.

_____
Matthew J. Ginter