IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE: BAIR HUGGER FORCED AIR WARMING DEVICE PRODUCTS LIABILITY LITIGATION | MDL No. 15-md-02666 (JNE/FLN) |

**This Document Relates to:**
Raymond Pettersen, 0:16-cv-02212-JNE-FLN

_____

### MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO COMPLY WITH PRETRIAL ORDER NO. 14

Plaintiff, Raymond Pettersen (hereinafter "Mr. Pettersen") submits this Memorandum in Opposition to Defendants' Motion to Dismiss.

### INTRODUCTION

3M Company and Arizant Healthcare, Inc. ("defendants") ask this Court to dismiss Mr. Pettersen's case, with prejudice, because as of August 3, 2017 no Plaintiff Fact Sheet ("PFS") had been served pursuant to Pretrial Order No. 14 ("PTO 14").  Counsel acknowledges that Mr. Pettersen's PFS was not served prior to August 3, 2017, and as further explanation would state the following.  Mr. Pettersen has undergone several life altering difficulties since his claim was filed, which have made responding to the PFS extraordinarily difficult. Neither counsel nor Mr. Pettersen has intentionally disregarded PTO 14, and the defendants cannot show they are prejudiced by the delay in filing Mr. Pettersen's PFS.

**FACTS**

Mr. Pettersen's claim herein was filed on June 28, 2016. On November 3, 2016, counsel sent the PFS to Mr. Pettersen for his review and completion. At this time, Mr. Pettersen was going through pain treatment and rehabilitation for chronic pain syndrome, infection, and osteolyisis at the West Marion Community Hospital. On November 29, 2016, a PFS reminder letter was sent to Mr. Pettersen, which was responded to a few days later. Mr. Pettersen stated that he was admitted to the hospital in early November for infection and chronic pain syndrome and was not able to finish the PFS (**Exhibit 1**). Counsel learned that on December 5, 2016, Mr. Pettersen was again admitted to the hospital and after numerous attempts counsel was unable to speak with Mr. Pettersen. Counsel decided to move forward with submitting his PFS, on or about December 22, 2016, from the information counsel obtained from previously speaking with Mr. Pettersen and the medical records counsel recovered on Mr. Pettersen's behalf.

Counsel continued to try and contact Mr. Pettersen in the weeks following his PFS submission. (**Exhibit 2 and Exhibit 3**) On January 1, 2017, counsel received notice of a core deficiency and responded with the following:

> "…Deficiencies cannot be cured at this time as we have not been able to contact client, but will continue to make a diligent effort to do so."

Numerous attempts to contact Mr. Pettersen, including two letters and three voice messages, in order to ascertain Mr. Pettersen's current health condition and the status of the PFS. On March 8, 2017 and again on April 3, 2017, counsel received a core deficiency and counsel responded the same way as before. At this point, many phone

calls and many letters were sent to Mr. Pettersen informing him of the urgency of the PFS, including the following statement in multiple letters **(Exhibit 4)**:

> "…Failure to meet this deadline could result in your case being dismissed. …"

On July 20, 2017, client returned our call, stating that he has been in the hospital the past couple of months and recently returned home with hospice assistance. He continued to state that he would try his best to return the PFS. Counsel continues to maintain contact with him and following his state of health. To date, counsel has not received Mr. Pettersen's completed PFS sheet or the defendant's medical authorization page.

**ARGUMENT**

Notwithstanding that Mr. Pettersen has not willfully or intentionally disobeyed PTO 14, granting Mr. Pettersen an extension of time to cure the PFS deficiencies does not prejudice the defendants because Mr. Pettersen is not a Bellwether plaintiff, nor is there any trial date set or discovery obligations outstanding in his case. Because the Bellwether trials are in no way contingent upon Mr. Pettersen's case, granting him an extension of time does not prevent the current litigation from proceeding as planned.

Mr. Pettersen has never indicated his intention to abandon his claim and he has not willfully or intentionally disobeyed PTO 14. Rather, Mr. Pettersen has suffered extreme personal difficulties which have delayed his ability to provide all of the details required by PTO 14. Granting Mr. Pettersen an extension of time in which to submit his PFS and cure his PFS deficiencies will not prejudice the defendants, because Mr. Pettersen's case is not a Bellwether case set for trial or with any current outstanding discovery obligations

(aside from the PFS). Therefore, the plaintiffs respectfully request this Honorable Court deny the defendants' Motion to Dismiss Mr. Pettersen's case with prejudice and grant Mr. Pettersen an additional three months to cure the deficiencies in his PFS.

Dated:  August 16, 2017

                        Respectfully submitted,

                        **LEVIN, PAPANTONIO, THOMAS, MITCHELL, RAFFERTY & PROCTOR, P.A.**

                        /s/ Daniel A. Nigh_____
                        Daniel A. Nigh (FL # 030905)
                        316 S. Baylen Street, Suite 600
                        Pensacola, FL 32502-5996
                        Phone:  (850) 435-7000
                        Email:  dnigh@levinlaw.com
                        **ATTORNEYS FOR PLAINTIFF**