**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| In re Bair Hugger Forced Air Warming Products Liability Litigation | MDL No. 15-2666 (JNE/FLN) |
| This Document Relates To: All Actions | **MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR DISCLOSURE OF COUNSEL'S COMMUNICATIONS WITH TREATING PHYSICIANS** |

Plaintiffs have taken the position that they are entitled to unfettered access to treating physicians who are likely to be fact witnesses in these proceedings, while Defendants should be precluded from contacting them without Plaintiffs' permission. Plaintiffs' position is not only inconsistent with this Court's recent analysis of *Shady Grove*, but is also inequitable.

Plaintiffs' counsel has a documented record of using their exclusive access to Plaintiffs' treaters to "educate" the treaters with documents helpful to Plaintiffs' theory of the case. Indeed, David Hodges sent an email to Augustine's counsel requesting guidance as to the best material to provide: "[w]e are starting depos of treaters in the Walton case. ***I want to educate them on the literature that is helpful to us***." *See* Declaration of Monica L. Davies ("Davies Decl."), Ex. A (emphasis added). Plaintiffs should not be permitted to abuse the process in this manner. Defendants are entitled to know what documents have been provided to treaters by Plaintiffs' counsel, when they were provided, and to whom. Defendants thus respectfully request that the Court order Plaintiffs to disclose that information.

## ARGUMENT

Plaintiffs contend that Defendants should be precluded from having any *ex parte* contact with their treating physicians, under the guise of Minn. Stat. § 595.02, subd. 5. Defendants disagree with Plaintiffs' position regarding the application and scope of Minn. Stat. § 595.02 in these proceedings. Under this Court's recent analysis of *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 406 (2010), Defendants submit that the procedural elements of the statute should be interpreted as conflicting with the fair and equal access to discovery contemplated by Rule 26 of the Federal Rules of Civil Procedure, and that Rule 26 must therefore apply. This is consistent with the interpretation of similar statutes in other MDL proceedings. *See In re Zimmer NexGen Knee Implant Prods. Liab. Litig.*, 890 F. Supp. 2d 896, 903 (N.D. Ill. 2012) (addressing the applicability of a state law prohibition on ex parte communications with physicians under *Shady Grove* and concluding that such a prohibition is not a "rule of decision" that federal courts must apply but, rather, governs discovery practice only).

There can be no dispute that Plaintiffs waived any physician-patient privilege by putting their medical condition at issue. As such, they are not entitled to restrict Defendants' access to treating physicians who are likely to be fact witnesses in these proceedings. *See id.* at 907 ("Absent a privilege no party is entitled to restrict any opponent's access to a witness, however partial or important to him, by insisting on some notion of allegiance . . . .") (quoting *Doe v. Eli Lilly & Co.*, 99 F.R.D. 126, 128 (D.D.C. 1983). "[I]t would be inequitable to issue an order that 'allows one side unfettered and

unsupervised access to important witnesses, yet prohibits such contact for the other side.'" *In re Zimmer*, 890 F. Supp. 2d at 907.

Defendants do not seek unrestricted access to treating physicians[1] but, instead, ask only that Plaintiffs be required to disclose (1) what treaters Plaintiffs' counsel has contacted, (2) when those contacts occurred, and (3) what documents Plaintiffs' counsel gave them. Plaintiffs have already shown their propensity toward contacting treating physicians with the intent of providing them with literature that supports their theories of liability (i.e., literature provided by Scott Augustine). *See* Davies Decl., Ex. A (email from David Hodges to Augustine's counsel Randy Benham requesting guidance on how to "educate" treaters: "[w]e are starting depos of treaters in the Walton case. ***I want to educate them on the literature that is helpful to us***. Can you give me your opinion about which ones you guys think are the best to send them in light of the cross examination that will follow?") (emphasis added). At the very least, Defendants are entitled to know what "literature" and/or other documents have been provided.

---

[1] Per the Court's guidance at the August 17, 2017 Status Conference, Defendants understand that there is no prohibition against contacting treaters for purposes of scheduling. As described above, Defendants also believe that the Court's *Shady Grove* analysis would preclude application of the Minnesota statute and allow for *ex parte* contacts. In an effort to compromise, however, Defendants are limiting their request to disclosure of communications and documents shared by Plaintiffs' counsel with treaters (as described herein), to rectify the inequitable positions of the parties and allow for a fairer process in dealing with treating physicians.

3

## **CONCLUSION**

Under this Court's analysis of *Shady Grove*, Defendants are entitled to equal access to treating physicians who are likely to be called as fact witnesses in these proceedings. Defendants are nevertheless willing to forego any discussion of a particular patient's medical history (or claims in this litigation) – outside the context of written discovery or depositions – provided that Plaintiffs disclose what treaters they have communicated with, when those communications occurred, and what documents or other information they shared with those treaters. Such a result provides adequate protection of Plaintiffs' interests, while preventing them from gaining an unfair advantage by engaging in unilateral discussions with potential fact witnesses and "educating" them regarding Plaintiffs' theory of liability. Defendants thus respectfully request that their motion be granted.

Dated:  August 22, 2017	Respectfully submitted,

*s/Monica L. Davies*
Jerry W. Blackwell
MN Atty ID No. 0186867
Benjamin W. Hulse
MN Atty ID No. 0390952
Monica L. Davies
MN Atty ID No. 0315023
**Attorneys for Defendants 3M Company and Arizant Healthcare Inc.**
BLACKWELL BURKE P.A.
431 South Seventh Street, Suite 2500
Minneapolis, MN  55415
T: (612) 343-3200  F:  (612) 343-3205
blackwell@blackwellburke.com
bhulse@blackwellburke.com
mdavies@blackwellburke.com

Bridget M. Ahmann
MN Atty ID No. 016611x
**Attorney for Defendants 3M Company and Arizant Healthcare Inc.**
FAEGRE BAKER DANIELS LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
T: (612) 766-7000  F: (612) 766-1600
bridget.ahmann@faegrebd.com