# EXHIBIT 2

# MITCHELL ‖ WILLIAMS

Scott D. Provencher
Direct Dial: 501-688-8852
Fax: 501-918-7852
E-mail: sprovencher@mwlaw.com

425 West Capitol Avenue, Suite 1800
Little Rock, Arkansas 72201-3525
Telephone: 501-688-8800
Fax: 501-688-8807

August 16, 2017

**_VIA E-MAIL ONLY_**
Ms. Barbara Kehoe
VA Offices of Chief Counsel
140 Fountain Pkwy N Suite 520
St. Petersburg, FL 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

      Re: ***John and Trisha Nugier v. 3M Company, et al.,***
           U.S.D.C. Minn., MDL No. 15-2666 (JNE/FLN)

Dear Ms. Kehoe:

      We represent Defendants, 3M Company and Arizant Healthcare Inc., in the above-captioned matter. This litigation involves a total knee arthroplasty performed upon Plaintiff, John Nugier, on March 7, 2012, at the Miami VA Medical Center and subsequent medical care, including a two-stage revision, at that facility related to a prosthetic joint infection. Plaintiff's claims against 3M relate to its patient warming system ("Bair Hugger™") used in the surgery. Plaintiff does not present any claims against the Miami VA Medical Center or any of its related healthcare providers. Likewise, Defendants do not assert that any action on the part of the Miami VA Medical Center or any of its healthcare providers was a cause of Plaintiff's claimed injuries.

      Please find attached Defendants' Notice of Video-Taped Deposition of Paola N. Lichtenberger, MD, and Subpoena Duces Tecum. We are writing pursuant to 5 U.S.C. §301 and 38 C.F.R. § 14.800, et. al ("Touhy Regulations") to request the in-person deposition of Dr. Lichtenberger. We are enclosing for your review a HIPAA-compliant medical authorization related to the Miami VA Healthcare System.

      Dr. Lichtenberger is an infectious-disease specialist who was an attending infectious-disease consultant during Plaintiff's hospitalization at the Miami VA Medical Center that commenced on July 23, 2012. Dr. Lichtenberger was the attending physician for the initial infectious-disease consult performed on July 27, 2012, at which time the diagnosis of prosthetic joint infection was made and a plan of treatment commenced. Her role in the care and treatment of Plaintiff, and any knowledge she may possess concerning the Bair Hugger patient warming system that is at the center of this lawsuit, is critical to a full and fair presentation of the issues in this case:

- Dr. Lichtenberger has personal knowledge of Plaintiff's medical history, care, and treatment.

Ms. Barbara Kehoe
August 16, 2017
Page 2

- She has personal knowledge of the prosthetic joint infection, the specific organisms involved in the prosthetic joint infection and their common causes and presentation, and treatment of same.

- She also has specialized knowledge of the benefits and risks associated with total knee arthroplasty, including the possibility of infection, which were discussed with Plaintiff prior to his March 7, 2012 surgical procedure.

In reviewing the Touhy Regulations, and specifically the considerations of §14.804, we are agreeable to flexibility in the date and start time of Dr. Lichtenberger deposition, even after business hours if necessary. We understand her time is important in the care of our veterans and do not believe her deposition would be an undue burden under the considerations of subsections (a) and (d). Dr. Lichtenberger's factual testimony pursuant to a lawful subpoena is appropriate under subsections (e) and (m). Her deposition will not cause the government to favor or endorse the position of either party in this litigation under subsections (i) and (j). Finally, the demand is sufficiently specific to be answered as addressed in subsection (n).

Thank you for your consideration of this request. If you have questions or need additional information, please do not hesitate to ask. We look forward to hearing from you regarding the position of the Miami VA Medical Center on this request.

Very truly yours,

MITCHELL, WILLIAMS, SELIG,
GATES & WOODYARD, P.L.L.C.

By /s/ Scott D. Provencher

SDP:cr
Enclosures