# EXHIBIT 4



**U.S. Department of Veterans Affairs**
**Office of General Counsel**

Office of Chief Counsel (02FT)
Southeast District – South
140 Fountain Parkway, Suite 520
St. Petersburg, FL 33716

August 24, 2017

Sent via email: CReedy@mwlaw.com; sprovencher@mwlaw.com
Scott D. Provencher
425 West Capitol Avenue, Suite 1800
Little Rock, Arkansas 722201-3525

Re:   Subpoena for Deposition, Duces Tecum
      In re Bair Hugger Forced Air Warming Products Liability Litigation
      USDC Minn., MDL No. 15-2666 (JNE/FLN)

Dear Mr. Provencher:

The United States Department of Veterans Affairs (VA) hereby requests that your office voluntarily withdraw its subpoenas for the testimony and documentation submission of the VA records custodian. Subpoenas signed by an attorney do not have jurisdiction to compel VA employees present for deposition or testimony. The VA is not a party to this litigation. It is recommended you request the pertinent records via the Freedom of Information Act in lieu of employee testimony.

VA regulations restrict disclosure of official information by Department of Veterans Affairs employees. Part 14 of 38 CFR provides:

> VA personnel shall not, in response to a request or demand for testimony or production of records in legal proceedings, **comment or testify** or produce records without the prior written approval of the responsible official designated in §14.807(b). VA personnel may only testify concerning or comment upon official VA information, subjects or activities, or produce records, that were specified in writing, submitted to and properly approved by the responsible VA official.  38 CFR §14.806

This prohibition against disclosure applies even if the information has been subpoenaed/ordered. The required VA approval has not been obtained. Accordingly, VA regulations prohibit production of the **subject records** or **testimony** concerning them.

The United States Supreme Court has specifically recognized the authority of a federal agency to restrict the testimony of its subordinates. *United States ex rel Touhy v. Ragen*, 430 U.S. 462, 71 S.Ct. 416, 95 L.Ed. 417 (1951). In *Touhy*, the Supreme Court held that a United States Department of Justice employee could not be held in contempt for his refusal to obey a subpoena duces tecum when his refusal was at the direction of the Attorney General.

*Touhy* followed settled federal law. See *Boske v. Comingore,* 177 U.S. 459, 20 S.Ct. 701, 44 L.Ed. 846 (1900).

The procedures and rules governing the production of VA records in private litigation are published at 38 C.F.R. Part 14. At Section 14.803, those regulations expressly prohibit the production of VA records without prior written approval of a VA responsible official. Section 14.807 requires and authorizes the VA District Counsel to determine whether a VA is required to comply with a demand or request in such litigation by applying the factors appearing in Section 14.804. That authority has been delegated to me.

In reviewing the factors in Section 14.804, we believe that compliance with the subpoena would require spending the time and money of the United States for private purposes and would unjustifiability divert VA personnel from their official duties. The providers requested for deposition are essential to ongoing care of veterans in a timely manner. The subpoena demand is unduly burdensome. Section 14.808 prohibits VA personnel from providing opinion or expert testimony concerning official VA subjects; the providers named constitute speculative opinion concerning a VA subject and therefore would be prohibited. Pursuant to the procedure and our authority in § 14.807, at this time, it is our determination that the VA employees and records you have subpoenaed are not authorized by this office or required to comply with the demand.

With the information submitted thus far, our review of the factors in Section 14.804 indicates that compliance with the request would violate the Privacy Act, 5 USC 552a. Moreover, since the regulations cited above clearly apply in this instant case, the VA's waiver of these regulations and compliance with the demand could result in the appearance that the VA is favoring one litigant over the other.

Based on the foregoing, we conclude that compliance with this request is not required because the demand does not satisfy the requirements in 38 C.F.R. Part 14. Please take action to withdraw the subpoena in writing, so that it will not be necessary to request that the U.S. Attorney quash it.

In addition, pursuant to 5 USC §552(a), 38 USC §5701 and if applicable, 38 USC §7332, the above-captioned veteran's records may not be disclosed without either consent from the veteran or an appropriate court order. Records subject to regulation under 38 USC §5705, which includes medical quality assurance programs, are also confidential and not subject to release. For information in regard to an appropriate court order, please refer to 38 USC §§5701(b)(2) and (b)(5), §38 USC 5705 and 38 CFR 1.511.

Thank you for your courtesy and cooperation in this matter.

For the District Counsel,

*Barbara Kehoe*

Barbara Kehoe, Esq.
Staff Attorney

cc:
Paul Russo, Director, Miami VA Healthcare System
Vincent Degennaro, MD, Chief of Staff, Miami VA Healthcare System
Wendy Jacobus, Esq, Assistant US Attorney, Miami