## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

In re: BAIR HUGGER FORCED AIR
WARMING DEVICES PRODUCTS
LIABILITY LITIGATION

MDL No. 15-2666 (JNE/FLN)

This Document Relates To:
Case Nos.:
16-cv-514 *(Chavers v. 3M Co., et al.)*
16-cv-625 *(Van Wart v. 3M Co., et al.)*
16-cv-821 *(Stewart v. 3M Co., et al.)*
16-cv-1774 *(Zenner v. 3M Co., et al.)*
16-cv-2055 *(Redford v. 3M Co., et al.)*
16-cv-2213 *(Chenoweth v. 3M Co., et al.)*
16-cv-2428 *(King v. 3M Co., et al.)*
16-cv-2957 *(Zivanovich v. 3M Co., et al.)*
16-cv-3062 *(Moses v. 3M Co., et al.)*
16-cv-4288 *(Johnson v. 3M Co., et al.)*
16-cv-4290 *(Kauanui v. 3M Co., et al.)*
17-cv-435 *(Warren v. 3M Co., et al.)*
17-cv-767 *(Garger v. 3M Co., et al.)*
17-cv-829 *(White v. 3M Co., et al.)*
17-cv-971 *(Lee v. 3M Co., et al.)*
17-cv-977 *(Saldana v. 3M Co., et al.)*
17-cv-984 *(West v. 3M Co., et al.)*
17-cv-1027 *(Warren v. 3M Co., et al.)*

## <u>MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO COMPLY WITH PRETRIAL ORDER NO. 14</u>

Pursuant to the Court's Pretrial Order No. 14 ("PTO 14"), entered September 27, 2016, Defendants 3M Company and Arizant Healthcare, Inc. (collectively, "Defendants") respectfully move the Court to dismiss the following plaintiffs' cases for failure to comply with PTO 14:

| Case Number | Plaintiff | Firm Name |
|---|---|---|
| 0:16-cv-00514-JNE-FLN | Chavers | Goza & Honnold, LLC |
| 0:16-cv-02213-JNE-FLN | Chenoweth | Levin, Papantonio, Thomas, Mitchell, Rafferty, Proctor P.A. |
| 0:17-cv-00767-JNE-FLN | Garger | Langdon & Emison |
| 0:16-cv-04288-JNE-FLN | Johnson, Anita | Kirtland & Packard LLP |
| 0:16-cv-04290-JNE-FLN | Kauanui | Kirtland & Packard LLP |
| 0:16-cv-02428-JNE-FLN | King, Jr. | Kennedy Hodges, LLP |
| 0:17-cv-00971-JNE-FLN | Lee | Bailey Peavy Bailey Cowan Heckaman PLLC |
| 0:16-cv-03062-JNE-FLN | Moses | DeGaris & Rogers |
| 0:16-cv-02055-JNE-FLN | Redford | Levin, Papantonio, Thomas, Mitchell, Rafferty, Proctor P.A. |
| 0:17-cv-00977-JNE-FLN | Saldana | Bailey Peavy Bailey Cowan Heckaman PLLC |
| 0:16-cv-00821-JNE-FLN | Stewart | Levin, Papantonio, Thomas, Mitchell, Rafferty, Proctor P.A. |
| 0:16-cv-00625-JNE-FLN | Van Wart | Grynkewich Law Offices |
| 0:17-cv-00435-JNE-FLN | Warren | Kennedy Hodges, LLP |
| 0:17-cv-01027-JNE-FLN | Warren | Bernstein Liebhard LLP |
| 0:17-cv-00984-JNE-FLN | West | Bailey Peavy Bailey Cowan Heckaman PLLC |
| 0:17-cv-00829-JNE-FLN | White | Bachus & Schanker, LLC |
| 0:16-cv-01774-JNE-FLN | Zenner | Kennedy Hodges, LLP |
| 0:16-cv-02957-JNE-FLN | Zivanovich | Levin, Papantonio, Thomas, Mitchell, Rafferty, Proctor P.A. |

As set forth below, there are three (3) categories of cases where plaintiffs have failed to serve a Plaintiff Fact Sheet ("PFS") compliant with the requirements set forth by the Court in PTO 14: (a) cases where no PFS has been served by plaintiff; (b) cases where plaintiff served a PFS with core deficiencies, and failed to cure them or otherwise respond to Defendants' original deficiency letter; and (c) cases where plaintiff served a PFS with core deficiencies, and failed to cure them after Defendants' third deficiency letter. Defendants

2

placed the above cases on the agenda for two sequential Court status conferences, and dismissal with prejudice is therefore appropriate under PTO 14, ¶ 8.

## ARGUMENT

The Court's Pretrial Order No. 14, entered September 27, 2016, sets forth the protocol for the form and service of the PFS, signed medical authorization, and supporting documents in cases filed in and transferred to this proceeding. Under PTO 14, a plaintiff whose case was pending on the date of the order was required to serve a completed and signed PFS, medical authorization, and supporting documents within 90 days of the date of the order. PTO 14, ¶ 2. For a plaintiff whose case was transferred after the date of the order, the due date for service of these same documents is 90 days after the filing of the plaintiff's complaint or completion of the transfer to this proceeding, whichever is later. *Id.* All PFSs must be verified by the individual plaintiff under oath. *See* PTO 14, ¶ 3.

Once a PFS has been served, defendants have four (4) weeks from receipt within which to notify plaintiff's counsel of any core deficiencies to the PFS, "defined as a lack of response to all questions in Section I, Section II, and Section III; Section IV, questions 1, 3, 7, 8, 9, 10; Section V, questions 5, 6, and 7; Section VI, questions 1, 3, 6, 7, 8, and 9; Section VII, questions 1 and 2; Section 8, question 2; Section IX, questions 1, 3, and 4; or lack of signed medical authorizations." PTO 14, ¶ 4.

If defendants timely serve a letter outlining the deficiencies to the PFS, plaintiff's counsel is required to respond in writing within three (3) weeks of the date of service by: "(1) curing the alleged deficiencies; (2) disputing the alleged deficiencies and setting forth

reasons the PFS is not deficient; or (3) explaining why the alleged deficiencies cannot be timely cured." PTO 14, ¶ 6.

Cases where there are disputes concerning PFS deficiencies requiring the Court's attention may be placed on the Court's status conference agenda. PTO 14, ¶ 7.  Should a case appear on the agenda for two (2) sequential status conferences, "Defendants may make a motion for dismissal for failure to comply with this Court's Pretrial Order as to the allegedly delinquent party." PTO 14, ¶ 8.

**A. Cases Where No PFS Has Been Served**

In this motion, Defendants are seeking dismissal of the following six (6) cases where plaintiffs failed to serve the PFS as required by PTO 14 and, to date, remain delinquent:

| Case Number | Plaintiff | Date Filed | PFS Due Date | Firm Name |
|---|---|---|---|---|
| 0:17-cv-00767-JNE-FLN | Garger | 3/13/2017 | 6/11/2017 | Langdon & Emison |
| 0:17-cv-00971-JNE-FLN | Lee | 3/30/2017 | 6/28/2017 | Bailey Peavy Bailey Cowan Heckaman PLLC |
| 0:17-cv-00977-JNE-FLN | Saldana | 3/30/2017 | 6/28/2017 | Bailey Peavy Bailey Cowan Heckaman PLLC |
| 0:17-cv-01027-JNE-FLN | Warren | 4/03/2017 | 7/02/2017 | Bernstein Liebhard LLP |
| 0:17-cv-00984-JNE-FLN | West | 3/30/2017 | 6/28/2017 | Bailey Peavy Bailey Cowan Heckaman PLLC |
| 0:17-cv-00829-JNE-FLN | White | 3/20/2017 | 6/18/2017 | Bachus & Schanker, LLC |

**B. Cases Where a PFS Was Served with Core Deficiencies, and Plaintiff Failed to Cure or Otherwise Respond to Defendants' Original Deficiency Letter**

Additionally, Defendants are seeking dismissal of the following three (3) cases where: (1) plaintiffs each submitted a PFS that contained core deficiencies, (2) Defendants notified plaintiffs of the core deficiencies,[1] and (3) plaintiffs failed to cure or otherwise respond to the Defendants' original deficiency letters:

| Case Number | Plaintiff | Deficiency Letter Sent | Firm Name |
|---|---|---|---|
| 0:16-cv-04288-JNE-FLN | Johnson, Anita | 4/18/2017 | Kirtland & Packard LLP |
| 0:16-cv-04290-JNE-FLN | Kauanui | 4/18/2017 | Kirtland & Packard LLP |
| 0:17-cv-00435-JNE-FLN | Warren, Debbie | 5/31/2017 | Kennedy Hodges, LLP |

To comply with PTO 14, each plaintiff was required to respond to Defendants' deficiency letter by either curing or disputing the deficiencies, or explaining why the deficiencies could not be cured. *See* PTO 14, ¶ 6. Plaintiffs above failed to respond to Defendants' deficiency letters, and numerous core deficiencies remain uncured. *See* Addendum 1 (outlining PFS core deficiencies for each plaintiff in Part B).

**C. Cases Where a PFS Was Served with Core Deficiencies, and Plaintiff Failed to Cure Following Defendants' Third Deficiency Letter**

Lastly, Defendants are seeking dismissal of the following nine (9) cases where: (1) plaintiffs each served an original PFS, (2) Defendants notified plaintiffs of the core

---

[1]*See* Declaration of Benjamin W. Hulse ("Hulse Decl."), Ex. A (Deficiency Letters Sent to Plaintiffs Listed in Part B).

deficiencies on three (3) separate occasions, and (3) plaintiffs failed to cure the core deficiencies identified in Defendants' third (and final) deficiency letters:[2]

| Case Number | Plaintiff | Third Deficiency Letter Sent | Firm Name |
|---|---|---|---|
| 0:16-cv-00514-JNE-FLN | Chavers | 4/20/2017 | Goza & Honnold, LLC |
| 0:16-cv-02213-JNE-FLN | Chenoweth | 4/20/2017 | Levin, Papantonio, Thomas, Mitchell, Rafferty, Proctor P.A. |
| 0:16-cv-02428-JNE-FLN | King, Jr. | 4/19/2017 | Kennedy Hodges, LLP |
| 0:16-cv-03062-JNE-FLN | Moses | 4/24/2017 | DeGaris & Rogers |
| 0:16-cv-02055-JNE-FLN | Redford | 4/24/2017 | Levin, Papantonio, Thomas, Mitchell, Rafferty, Proctor P.A. |
| 0:16-cv-00821-JNE-FLN | Stewart | 4/24/2017 | Levin, Papantonio, Thomas, Mitchell, Rafferty, Proctor P.A. |
| 0:16-cv-00625-JNE-FLN | Van Wart | 4/10/2017 | Grynkewich Law Offices |
| 0:16-cv-01774-JNE-FLN | Zenner | 4/19/2017 | Kennedy Hodges, LLP |
| 0:16-cv-02957-JNE-FLN | Zivanovich | 4/24/2017 | Levin, Papantonio, Thomas, Mitchell, Rafferty, Proctor P.A. |

Defendants' sent each plaintiff above three (3) deficiency letters providing notice of the outstanding core deficiencies in his or her PFS, and to date the core deficiencies have not be cured. *See* Addendum (outlining uncured core deficiencies remaining for each plaintiff in Part C). No explanation or response was provided by plaintiffs' counsel in response to Defendants' third deficiency letters, apart from plaintiff's counsel in *Redford* (16-cv-2055) who explained on May 12, 2017 that the "[d]eficiencies cannot be cured at this time as we have been unable to contact client. . . ." *See* Hulse Decl., Ex. C (correspondence from Plaintiff's counsel in response to Defendants' deficiency letters).[3]

---

[2]*See* Hulse Decl., Ex. B (Third Deficiency Letters Sent to Plaintiffs Listed in Part C).
[3]*See* Hulse Decl., Ex. C (May 12, 2017 and June 29, 2017 letters from Plaintiff's counsel to B. Hulse). After providing this explanation, counsel for Redford submitted an updated

However, as the Court previously ruled in the *Spaich* (16-cv-4360) and *Perez* (17-cv-597) matters, unsuccessful efforts by counsel to obtain her client's cooperation does not excuse compliance with PTO 14. *See*, 15-md-2666 Dkt. No. 622, at 2 (*Spaich*); and Dkt. No. 692, at 5 (*Perez*).  Now that several months have passed since plaintiffs were served with the Defendants' third deficiency letters, it is appropriate to seek dismissal of these cases.

### D.  All Cases Were on the Agenda for Two (2) Sequential Status Conferences

Defendants placed before the Court the cases set forth above in Parts A, B, and C, for two sequential Court status conferences – the first on July 14, 2017 and the second on August 11, 2017.[4]  Many of the cases were listed for three (3) sequential Court status conferences, with the cases in Part C, and the *Johnson* (16-cv-4288) and *Kauanui* (16-cv-4290) cases in Part B, all having been included in the agenda for the Court's June 2017 status conference.[5]  Consistent with the Court's recent orders dismissing with prejudice several plaintiffs' cases for failure to comply with PTO 14, the above cases are ripe for dismissal with prejudice under PTO 14, ¶ 8.

---

verification page executed by his client on June 29, 2017. *Id.*  Inexplicably, however, no additional information was submitted by plaintiff curing the numerous other deficiencies in the PFS.

[4] *See* Declaration of Benjamin W. Hulse ("Hulse Decl."), Ex. D (July 14, 2017 email from B. Hulse to Court attaching Defendants' July PFS Lists 1, 2, and 3) and Ex. E (August 11, 2017 email from B. Hulse to Court attaching Defendants' August PFS Lists 1, 2, and 3). The July 2017 status conference was cancelled by the Court.  Defendants respectfully request that the July lists submitted by Defendants be "deemed 'addressed to the Court' notwithstanding the fact that there will be no in-court conference this month," as the Court has previously ordered.  *See* Order, 15-md-2666 Dkt. No. 613.

[5] *See* Hulse Decl., Ex. F (June 9, 2017 email from B. Hulse to Court attaching Joint Agenda and Status Report and Defendants' June PFS Lists 1, 2, and 3).

### E.  The Court Should Dismiss Plaintiffs' Cases With Prejudice

The Court's authority to dismiss these cases with prejudice is beyond question, and indeed was exercised by the Court recently in its orders entered June 16, 2017 [Dkt. No. 577], July 24, 2017 [Dkt. No. 622], and August 25, 2017 [Dkt. No. 692] (dismissing with prejudice multiple plaintiffs' cases for failure to comply with PTO 14).  In its most recent order, the Court made clear that "[e]ven if a mere failure to respond, noncompliance with a court order can 'constitute[] a pattern of intentional delay meriting dismissal with prejudice' under Rule 41(b)." *See* Order, 15-md-2666 Dkt. No. 692, at 2 (cite omitted). The Court further explained that PTO 14 required plaintiffs to respond to requests for information in the PFS in lieu of discovery, provided plaintiffs with the opportunity to cure any deficiencies, and "warned expressly of dismissal" should plaintiffs fail to comply. *Id*. at 3.  Plaintiffs also were warned through the Court's prior orders dismissing with prejudice cases for failure to comply with PTO 14.  *Id.*  Accordingly, "if PTO 14's opportunity to cure has run, a plaintiff's continued noncompliance is a pattern of intentional delay" warranting dismissal with prejudice. *Id.*

Plaintiffs identified above have failed to comply with  PTO 14 by either failing to submit the required PFS (Part A cases), providing no response to Defendants' deficiency letters (Part B cases), or failing to cure deficiencies after service of Defendants' third deficiency letter (Part C cases).  Because all of the cases identified above in Parts A, B, and C were listed on at least two sequential status conference agendas, "the opportunity to cure has run." Accordingly, dismissal of these cases with prejudice is proper and appropriate.

8

**CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court dismiss with prejudice the following cases:

| Case Number | Plaintiff | Firm Name |
|---|---|---|
| 0:16-cv-00514-JNE-FLN | Chavers | Goza & Honnold, LLC |
| 0:16-cv-02213-JNE-FLN | Chenoweth | Levin, Papantonio, Thomas, Mitchell, Rafferty, Proctor P.A. |
| 0:17-cv-00767-JNE-FLN | Garger | Langdon & Emison |
| 0:16-cv-04288-JNE-FLN | Johnson, Anita | Kirtland & Packard LLP |
| 0:16-cv-04290-JNE-FLN | Kauanui | Kirtland & Packard LLP |
| 0:16-cv-02428-JNE-FLN | King, Jr. | Kennedy Hodges, LLP |
| 0:17-cv-00971-JNE-FLN | Lee | Bailey Peavy Bailey Cowan Heckaman PLLC |
| 0:16-cv-03062-JNE-FLN | Moses | DeGaris & Rogers |
| 0:16-cv-02055-JNE-FLN | Redford | Levin, Papantonio, Thomas, Mitchell, Rafferty, Proctor P.A. |
| 0:17-cv-00977-JNE-FLN | Saldana | Bailey Peavy Bailey Cowan Heckaman PLLC |
| 0:16-cv-00821-JNE-FLN | Stewart | Levin, Papantonio, Thomas, Mitchell, Rafferty, Proctor P.A. |
| 0:16-cv-00625-JNE-FLN | Van Wart | Grynkewich Law Offices |
| 0:17-cv-00435-JNE-FLN | Warren | Kennedy Hodges, LLP |
| 0:17-cv-01027-JNE-FLN | Warren | Bernstein Liebhard LLP |
| 0:17-cv-00984-JNE-FLN | West | Bailey Peavy Bailey Cowan Heckaman PLLC |
| 0:17-cv-00829-JNE-FLN | White | Bachus & Schanker, LLC |
| 0:16-cv-01774-JNE-FLN | Zenner | Kennedy Hodges, LLP |
| 0:16-cv-02957-JNE-FLN | Zivanovich | Levin, Papantonio, Thomas, Mitchell, Rafferty, Proctor P.A. |

Dated: September 7, 2017                    Respectfully submitted,


                                            s/ Benjamin W. Hulse
                                            Jerry W. Blackwell (MN #186867)
                                            Mary S. Young (MN #0392781)
                                            Benjamin W. Hulse (MN #0390952)
                                            BLACKWELL BURKE P.A.
                                            431 South Seventh Street
                                            Suite 2500
                                            Minneapolis, MN 55415
                                            Phone: (612) 343-3256
                                            Fax: (612) 343-3205
                                            Email: blackwell@blackwellburke.com
                                                   myoung@blackwellburke.com
                                                   bhulse@blackwellburke.com

                                            Bridget M. Ahmann (MN #016611x)
                                            FAEGRE BAKER DANIELS LLP
                                            2200 Wells Fargo Center
                                            90 South Seventh Street
                                            Minneapolis, MN 55402
                                            Phone: (612) 766-7000
                                            Email: bridget.ahmann@faegrebd.com

                                            *Counsel for Defendants 3M Company
                                            and Arizant Healthcare Inc.*

**Addendum 1**

**Uncured PFS Core Deficiencies for Cases Listed in Part B**

| Plaintiff/Case Number | Deficiency Letter Sent | Uncured PFS Core Deficiencies | Firm Name |
|---|---|---|---|
| Johnson, Anita 0:16-cv-04288 | 4/17/2017 | **Section II (Personal Information)** Part 2: Driver's license state of issue provided but not license number. Part 9: No response to educational background (other than "Will supplement"). Part 10: No response to employers for last 10 years (other than "Will supplement"). <br><br>**Section IV (General Medical Information)** Part 3: Refers to Part 2 (primary care physician) but does not provide start and end dates when visited, nor the reason(s) for seeing that provider. Part 7: No response to pharmacies used (other than "Will supplement"). <br><br>**Section VI (Current Claim Information)** Part 3: Response to damages related to emotional distress/physiological injuries was "worsened knee pain and activities" and no date of onset provided. | Kirtland & Packard, LLP |
| Kauanui, Emery 0:16-cv-04290 | 4/17/2017 | **Section II (Personal Information)** Part 2: No response to driver's license information (other than "will supplement"). Part 9: No response to educational background (other than "Will supplement"). Part 10: No response to employers for last 10 years (other than "Will supplement"). | Kirtland & Packard, LLP |

| | | | **Section IV (General Medical Information)** Part 3: Refers to Part 2 (primary care physician) but does not provide start and end dates when visited, nor the reason(s) for seeing that provider. Part 7: No response to pharmacies used (other than "Will supplement"). | |
|---|---|---|---|---|
| Warren, Debbie 0:16-cv-00435 | 5/29/2017 | | **Section II (Personal Information)** Part 1: Name, address, and SSN provided, but no response to other names used, length of time at present address, and persons living with plaintiff at time of events at issue. Part 2: No response to driver's license number and state of issue. Part 3: Date of birth provided but not place of birth. Part 6: No response to residences for the last 10 years. Part 8: No response to having children. Part 9: No response to educational background. Part 10: No response to employers for last 10 years. Part 11: No response to prior military service. Part 12: No response to rejection for military service due to medical/physical conditions. Part 13: No response to prior felony or dishonest act/false statement convictions. Part 14: No response to website visits regarding patient warming systems. Part 15: No response to internet postings regarding patient warming systems/ injuries. Part 16: No response to having documents referring to health/well-being. | Kennedy Hodges, LLP |

|  |  | **Section IV (General Medical Information)**<br>Part 1: No response to current height/weight.<br>Part 3: No response to healthcare providers seven (7) years prior to surgery.<br>Part 7: No response to pharmacies used.<br>Part 8: No response to prior dental visits.<br>Part 9: No response to use of tobacco.<br>Part 10: No response to use of drugs/alcohol.<br><br>**Section V (Insurance/Claim Information)**<br>No response to any question.<br><br>**Section VI (Current Claim Information)**<br>No response to any question.<br><br>**Section VII (Economic Damages)**<br>No response to any question.<br><br>**Medical Authorization**: Not provided.<br>**Verification:** Not provided. |  |

**Addendum 2**

**Uncured PFS Core Deficiencies for Cases Listed in Part C**

| Plaintiff/Case Number | Third Deficiency Letter Sent | Uncured PFS Core Deficiencies | Firm Name |
|---|---|---|---|
| Chavers, Darryl 0:16-cv-00514 | 4/20/2017 | **Section II (Personal Information)** Part 6: No response to residences for the last 10 years. Part 8: No response to having children. Part 10: No response to employers for last 10 years. <br><br> **Section III (Surgery Information)[1]** Part 3: Hospital name, surgery location/ physician, type of surgery, and reason for surgery provided, but no response to surgery date, height/weight at time of surgery, medical conditions at time of surgery, infections prior to surgery, persons with whom plaintiff discussed risks of surgery, and cause of infection. <br><br> **Section IV (General Medical Information)** Part 3: No response to healthcare providers seven (7) years prior to surgery. Part 7: No response to pharmacies used. Part 8: No response to prior dental visits. <br><br> **Section V (Insurance/Claim Information)** No response to any question. <br><br> **Section VI (Current Claim Information)** | Goza & Honnold, LLC |

---

[1]Although there are numerous obvious deficiencies to this PFS, Defendants' deficiency letter inadvertently identified only Sections III and IX as incomplete.

| | | Part 9: No response to contacts with Augustine.<br><br>**Section VIII (Persons With Knowledge)**<br>Part 2: No response.<br><br>**Section IX (Loss of Consortium)**<br>No response to any question.<br><br>**Medical Authorization**: Not provided.<br>**Verification:** Not provided. | |
|---|---|---|---|
| Chenoweth, Mark<br>0:16-cv-02213 | 4/20/2017 | **Verification:** No verification provided for amended PFS. | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA |
| King, Jr., Walter<br>0:16-cv-02428 | 4/19/2017 | **Section II (Personal Information)**<br>Part 2: No response to driver's license number and state of issue.<br>Part 3: Date of birth provided but not place of birth.<br>Part 6: No response to length of time at residence.<br>Part 8: Child identified but no year of birth provided.<br>Part 9: No response to educational background.<br>Part 10: No response to employers for last 10 years.<br><br>**Section III (Surgery Information)**<br>Part 3: Hospital name, surgery date/location/ physician, type of surgery, reason for surgery, and cause of infection provided, but no response (other than "N/A") to height/weight at time of surgery, medical conditions at time of surgery, infections prior to surgery, and persons with whom plaintiff discussed risks of surgery. | Kennedy Hodges, LLP |

**Section IV (General Medical Information)**

Part 1: No response to current height/weight.

Part 3: No response to healthcare providers seven (7) years prior to surgery.

Part 7: No response to pharmacies used.

Part 8: No response to prior dental visits.

Part 9: No response to use of tobacco.

Part 10: No response to use of drugs/alcohol.

**Section V (Insurance/Claim Information)**

Part 5: No response to prior disability claims.

Part 6: No response to prior lawsuits.

Part 7: No response to prior bankruptcies.

**Section VI (Current Claim Information)**

Part 1: Responded "Yes" to having suffered physical/bodily injury related to use of Bair Hugger, and described injury. No response to remaining questions.

Part 3: No response to damages related to emotional distress/physiological injuries.

Part 6: No response.

Part 7: No response.

Part 8: No response.

**Section VII (Economic Damages)**

Part 1: No response to claim for loss of past wages/income.

Part 2: No response to claim for loss of future wages/income.

**Section VIII (Persons With Knowledge)**

No response to any question.

**Section IX (Loss of Consortium)**

No response to any question.

| | | | |
|---|---|---|---|
| | | **Medical Authorization**: Not provided. **Verification:** Not provided. | |
| Moses, Aneita 0:16-cv-03062 | 4/24/2017 | **Section III (Surgery Information)** Part 3: Hospital name, surgery date/location/ physician, type of surgery, and reason for surgery provided, but no response to height/weight at time of surgery, medical conditions at time of surgery, infections prior to surgery, persons with whom plaintiff discussed risks of surgery, and cause of infection. | DeGaris & Rogers |
| Redford, Melissa 0:16-cv-02055 | 4/24/2017 | **Section II (Personal Information)** Part 1: Name and current address provided, but no response to SSN and no response (other than "Unknown at this time") to other names used, length of time at present address, and persons living with plaintiff at time of events at issue. Part 2: No response to driver's license number and state of issue (other than "Unknown at this time; Discovery is ongoing"). Part 3: Date of birth provided but not place of birth (other than "Unknown at this time; Discovery is ongoing"). Part 6: No response to length of time at residence (other than "Unknown at this time; Discovery is ongoing"). Part 8: No response to having children (other than "unknown at this time"). Part 9: No response to educational background (other than "Unknown at this time; Discovery is ongoing"). Part 10: No response to employers for last 10 years (other than "Unknown at this time; Discovery is ongoing"). Part 11: No response to prior military service. Part 12: No response to rejection for military service due to medical/physical conditions. | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA |

Part 13: No response to prior felony or dishonest act/false statement convictions.
Part 14: No response to visiting website regarding use/risks/benefits of patient warming systems.
Part 15: No response to internet postings about defendants, patient warming systems or alleged injuries.
Part 16: No response to journals, notes, or correspondence referring to health or surgery.

**<u>Section IV (General Medical Information)</u>**
Part 1: No response to current height/ weight (other than "Unknown at this time; Discovery is still ongoing").
Part 7: No response to pharmacies used (other than "Unknown at this time; Discovery is ongoing").
Part 8: No response to prior dental visits (other than "Unknown at this time; Discovery is ongoing").
Part 9: No response to use of tobacco.
Part 10: No response to use of drugs/alcohol.

**<u>Section V (Insurance/Claim Information)</u>**
Part 5: No response to prior disability claims.
Part 6: No response to prior lawsuits.
Part 7: No response to prior bankruptcies.

**<u>Section VI (Current Claim Information)</u>**
Part 1: Responded to having suffered physical/bodily injury related to use of Bair Hugger, but no response to remaining questions (other than "Unknown at this time; Discovery is still ongoing").

| | | Part 3: No response to damages related to emotional distress/physiological injuries.<br>Part 6: No response.<br>Part 7: No response.<br>Part 8: No response.<br>Part 9: No response.<br><br>**Section VII (Economic Damages)**<br>Part 1:  No response to claim for loss of past wages/income.<br>Part 2:  No response to claim for loss of future wages/income.<br><br>**Section VIII (Persons With Knowledge)**<br>Part 2: No response.<br><br>**Section IX (Loss of Consortium)**<br>No response to any question.<br><br>**Medical Authorization**: Not provided.<br>**Verification:** Not provided. | |
| Stewart, Jasmine<br>0:16-cv-00821 | 4/24/2017 | **Section II (Personal Information)**<br>Part 1: Name, current address, and SSN provided, but no response (other than "Unknown at this time") to other names used, length of time at present address, and persons living with plaintiff at time of events at issue.<br>Part 2: No response to driver's license number and state of issue (other than "Unknown at this time; Discovery is ongoing").<br>Part 3: Date of birth provided but not place of birth (other than "Unknown at this time; Discovery is ongoing").<br>Part 8: No response to having children (other than "unknown at this time").<br>Part 9: No response to educational background (other than "Unknown at this time; Discovery is ongoing").<br>Part 10: No response to employers for last 10 years (other than "Unknown at this time; Discovery is ongoing"). | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA |

Part 11: No response to prior military service.
Part 12: No response to rejection for military service due to medical/physical conditions.
Part 13: No response to prior felony or dishonest act/false statement convictions.
Part 14: No response to visiting website regarding use/risks/benefits of patient warming systems.
Part 15: No response to internet postings about defendants, patient warming systems or alleged injuries.
Part 16: No response to journals, notes, or correspondence referring to health or surgery.

**Section IV (General Medical Information)**
Part 1: No response to current height/ weight (other than "Unknown at this time; Discovery is ongoing").
Part 7: No response to pharmacies used (other than "Unknown at this time; Discovery is ongoing").
Part 8: No response to prior dental visits (other than "Unknown at this time; Discovery is ongoing").
Part 9: No response to use of tobacco.
Part 10: No response to use of drugs/alcohol.

**Section V (Insurance/Claim Information)**
Part 5: No response to prior disability claims.
Part 6: No response to prior lawsuits.
Part 7: No response to prior bankruptcies.

**Section VI (Current Claim Information)**
Part 1: Responded to having suffered physical/bodily injury related to use of

| | | Bair Hugger, but no response to remaining questions (other than "Unknown at this time; Discovery is ongoing").<br>Part 3: No response to damages related to emotional distress/physiological injuries.<br>Part 6: No response.<br>Part 7: No response.<br>Part 8: No response.<br>Part 9: No response.<br><br>**Section VII (Economic Damages)**<br>Part 1:  No response to claim for loss of past wages/income.<br>Part 2:  No response to claim for loss of future wages/income.<br><br>**Section VIII (Persons With Knowledge)**<br>Part 2: No response.<br><br>**Section IX (Loss of Consortium)**<br>No response to any question.<br><br>**Medical Authorization**: Not provided.<br>**Verification:** Not provided. | |
|---|---|---|---|
| Van Wart, Louis<br>0:16-cv-00625 | 4/10/2017 | **Section III (Surgery Information)**<br>Part 3: Hospital name, surgery date/location/ physician, type of surgery, and reason for surgery provided, but no response to height/weight at time of surgery, medical conditions at time of surgery, infections prior to surgery, persons with whom plaintiff discussed risks of surgery, and cause of infection. | Grynkewich Law Offices |
| Zenner, Allen<br>0:16-cv-01774 | 4/19/2017 | **Section II (Personal Information)**<br>Part 1: Name, current address, and SSN provided, but no response (other than "unknown") to other names used, length of time at present address, and persons living with plaintiff at time of events at issue. | Kennedy Hodges, LLP |

|  |  | Part 2: No response to driver's license number and state of issue (other than "unknown").<br>Part 3: Date of birth provided but not place of birth (other than "unknown").<br>Part 6: No response to length of time at residence (other than "unknown").<br>Part 8: Child identified but no year of birth provided (other than "unknown").<br>Part 9: No response to educational background (other than "unknown").<br>Part 10: No response to employers for last 10 years (other than "unknown").<br><br>**Section III (Surgery Information)**<br>Part 3: Hospital name, surgery date/location/physician, and type of surgery provided, but no response (other than "unknown") to reason for surgery, height/weight at time of surgery, medical conditions at time of surgery, infections prior to surgery, persons with whom plaintiff discussed risks of surgery, and cause of infection.<br><br>**Section IV (General Medical Information)**<br>Part 1: No response to current height/weight (other than "unknown").<br>Part 3: No response to healthcare providers seven (7) years prior to surgery (other than "unknown").<br>Part 7: No response to pharmacies used (other than "unknown").<br>Part 8: No response to prior dental visits (other than "unknown").<br><br>**Section VI (Current Claim Information)**<br>Part 1: Responded "Yes" to having suffered physical/bodily injury related to use of Bair Hugger.  No response to |  |
| --- | --- | --- | --- |

| | | remaining questions (other than "unknown"). | |
|---|---|---|---|
| | | **Section VII (Economic Damages)**<br>Part 1:  No response to claim for loss of past wages/income.<br>Part 2:  No response to claim for loss of future wages/income.<br><br>**Section VIII (Persons With Knowledge)**<br>No response to any question.<br><br>**Section IX (Loss of Consortium)**<br>No response to any question.<br><br>**Medical Authorization**: Not provided.<br>**Verification:** Not provided. | |
| Zivanovich, Eric<br>0:16-cv-02957 | 4/24/2017 | **Section IV (General Medical Information)**<br>Part 7: No response to pharmacies used.<br>Part 8: No response to prior dental visits.<br>Part 9: No response to use of tobacco.<br><br>**Section V (Insurance/Claim Information)**<br>Part 5: No response to prior disability claims.<br>Part 6: No response to prior lawsuits.<br>Part 7: No response to prior bankruptcies.<br><br>**Section VI (Current Claim Information)**<br>Part 1: No response to having suffered physical/bodily injury related to use of Bair Hugger.<br>Part 3: No response to damages related to emotional distress/physiological injuries.<br>Part 6: No response.<br>Part 7: No response.<br>Part 8: No response.<br>Part 9: No response. | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA |

|  |  | **Section VII (Economic Damages)**<br>Part 1:  No response to claim for loss of past wages/income.<br>Part 2:  No response to claim for loss of future wages/income.<br><br>**Section VIII (Persons With Knowledge)**<br>Part 2: No response.<br><br>**Section IX (Loss of Consortium)**<br>No response to any question.<br><br>**Medical Authorization**: Not provided (submitted form unsigned with no information provided).<br>**Verification:** Provided. |  |