UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: BAIR HUGGER FORCED AIR WARMING DEVICES PRODUCTS LIABILITY LITIGATION | MDL No. 15-2666 (JNE/FLN)  ORDER |

This Document Relates to All Actions.

On September 1, 2017, the Court filed a Sealed Memorandum [15-md-2666 Dkt. No. 713] and allowed the parties to propose redactions [15-md-2666 Dkt. No. 714]. Defendants 3M Company and Arizant Healthcare Inc. proposed several; Plaintiffs proposed none. Having considered these proposals, the Court files the attached, redacted version of the Sealed Memorandum. Docket No. 713 shall remain under seal.

IT IS SO ORDERED.

Dated: September 12, 2017

s/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

In re: BAIR HUGGER FORCED AIR　　　　　　MDL No. 15-2666 (JNE/FLN)
WARMING DEVICES PRODUCTS
LIABILITY LITIGATION

　　　　　　　　　　　　　　　　　　　　　MEMORANDUM
　　　　　　　　　　　　　　　　　　　　　(FILED UNDER SEAL)

This Document Relates to All Actions.

---

　　　Plaintiffs have sued Minnesota-based Defendants 3M Company and its wholly-owned subsidiary Arizant Healthcare Inc., alleging tortious design and marketing of a medical device under state law. Plaintiffs' cases have been consolidated as a multidistrict litigation ("MDL") in the District of Minnesota. Transfer Order, Case No. 15-md-2666 Dkt. No. 1, at 2 (J.P.M.L. Dec. 11, 2015); see 28 U.S.C. § 1407.

　　　On July 19, 2017, the Honorable Franklin L. Noel, United States Magistrate Judge, denied Plaintiffs' request that, *in camera*, the Court review documents ("Documents") that Plaintiffs allege could reveal crime-fraud evidence. *See* Mag's Order, Case No. 15-md-2666 Dkt. No. 621, at 2. Although the parties agree that the documents were produced within an attorney-client relationship, Plaintiffs object that the crime-fraud exception applies. Pls' Obj'ns, Case No. 15-md-2666 Dkt. No. 634. To show that these documents are thus not privileged, Plaintiffs rely "alone" on a memorandum opinion ("Memorandum") from a preconsolidation transferor court. *Id.* at 3 ("[The transferor court's] finding alone is sufficient to compel *production*. . . .") (citing Mem., 13-cv-1164 Dkt. No. 193, at 17 (S.D. Tex. Oct. 29, 2015)).

▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ Mem. 17.

The Court affirms the Magistrate Judge's denial for two reasons. First, the Court defers to the transferor court's "suspen[sion]" of any order based on its Memorandum "pending further review." *Id.* at 1. The transferor court can issue that order, if there is one, on remand without the Court's interference. *See* 18 U.S.C. § 1407 ("Each action so transferred [to the Court] shall be remanded by the panel at or before the conclusion of such pretrial proceedings to the district from which it was transferred. . . ."). And second, even if the Court applies the Memorandum's findings, the Documents are privileged. The Memorandum neither finds nor shows that the Documents were "written to encourage the alleged falsification." *See Levin v. C.O.M.B. Co.*, 469 N.W.2d 512, 515 (Minn. Ct. App. 1991) (affirming document suppression because requesting party failed to make showing that counsel wrote it to encourage a crime).

## I. The Court must decide this objection.

Because Plaintiffs have timely objected to the Magistrate Judge's denial of *in camera* review, the Court must review that denial for clear or legal error. Fed. R. Civ. P. 72(a). A party must object to a magistrate's order within fourteen days after service of that order. *Id.* The Magistrate Judge denied *in camera* review on July 19, 2017. Mag's Order, Case No. 15-md-2666 Dkt. No. 621, at 3. Fourteen days later on August 2, 2017, Plaintiffs objected. Pls' Obj'ns, Case No. 15-md-2666 Dkt. No. 634, at 12. Defendants opposed. Defs' Resp., Case No. 15-md-2666 Dkt. No. 669.

## II. The Court defers to the transferor court's decision to, until remand, suspend any orders flowing from its Memorandum.

Plaintiffs' objection is overruled so that the transferor court may, upon remand, "assess[] sanctions" or issue orders based on its Memorandum. *See* 28 U.S.C. § 1407 (requiring remand to the transferor court before trial). Because remand is possible, parties are not "immunized upon consolidation" against the consequences of their misconduct before a transferor court. *See* Pls' Obj'ns 12. The Memorandum here is a "suspend[ed]" order "pending further review." Mem., 13-cv-1164 Dkt. No. 193, at 1. The transferor court describes this further review as substantive, being something more than "consideration of the method and means of assessment" of sanctions. *Id.* Because the transferor court heard live testimony and has a greater familiarity with the dispute about Defendants' promises to pay third-party fact witnesses, the Court allows the transferor court to fashion a remedy on remand. The Court will not preempt the transferor court's work.

## III. The Memorandum does not show that the Documents are discoverable under Minnesota's crime-fraud exception to attorney-client privilege.

Even if the Court uses the Memorandum's findings, the Documents are privileged. To pierce the attorney-client privilege here, the Plaintiffs must show that the Documents "w[ere] written to encourage the alleged falsification." *Levin v. C.O.M.B. Co.*, 469 N.W.2d 512, 515 (Minn. Ct. App. 1991). Plaintiffs have not done so.

### A. Minnesota privileges apply to the Documents because Minnesota is the forum state and has the most significant relationship to the Documents.

State, not federal, privilege applies to evidence used, as here, to prove state-law torts brought into federal court only under diversity jurisdiction. Fed. R. Evid. 501. The

Court thus does not consider Plaintiffs' attempts to reach the Documents using the federal crime-fraud exception. *E.g.*, Pls' Obj'ns 6.

To determine which state's crime-fraud exception applies, the Court must first analyze state choice-of-law principles. When used in federal court, choice-of-law principles are substantive state law. *See Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941). An MDL transferee court must use the substantive law, including the choice-of-law principles, of the states where the MDL's member actions would have been filed but for transfer. *McCord v. Minnesota Mut. Life Ins. Co.*, 138 F. Supp. 2d 1180, 1186-87 (D. Minn. 2001). This MDL includes actions from every state. Mag's Order on Punitive Damages, Case No. 15-md-2666 Dkt. No. 629, at 10. As the MDL transferee, the Court must use a choice-of-law principle consistent with every state's principle.

As to the crime-fraud exception, a state's choice-of-law principle depends on whether the state considers privilege procedural or substantive. *See In re Yasmin & Yaz (Drospirenone) Mktg., Sales Practices & Prod. Liab. Litig.*, No. 3:09-MD-02100-DRH, 2011 WL 1375011, at *8 (S.D. Ill. Apr. 12, 2011) (surveying choice-of-law principles for privilege across all U.S. jurisdictions), *adopted in Wahl v. Gen. Elec. Co.*, 786 F.3d 491, 496 (6th Cir. 2015). Even if the formulation of a state's choice-of-law principle differs or if a state is internally inconsistent, individual state courts are consistent with the procedural-substantive consideration. Some states consider privileges procedural and thus choose or would choose the current forum state's privileges. *See* Restatement (First) of Conflict of Laws §§ 596-597 (1934). This view reflects the policy that courts are best-

4

equipped to apply their home rules as to discovery. Most states though consider privileges substantive. These states choose or would choose the privileges of the state having the most significant relationship to the requested document because that choice reflects the expectations of the parties to that document. *Cf.* Restatement (Second) of Conflict of Laws § 139 (1971). This view reflects the policy that confidentiality should not turn on the accident of forum. *Accord* Fed. R. Evid. 501. The Court need not decide which choice-of-law principle to use because both have the same result here.

Using either choice-of-law principle, Minnesota privilege applies. Minnesota is the current forum state. Transfer Order, Case No. 15-md-2666 Dkt. No. 1, at 2 (J.P.M.L. Dec. 11, 2015). Minnesota also is the state having the most significant relationship to the Documents. The Documents were prepared by a Minnesota entity for another Minnesota entity's benefit and were communicated between those Minnesota entities. Minnesota privilege thus applies.

### B. The crime-fraud exception does not apply because Plaintiffs proffer evidence of witness corruption, not evidence that Defendants' then-counsel encouraged that crime by writing the Documents.

In relying on the Memorandum, Plaintiffs fail to show that the crime-fraud exception applies to the Documents. And in objecting, Plaintiffs rely only on the Memorandum. *See* Pls' Obj'ns, Case No. 15-md-2666 Dkt. No. 634, at 7 (█████ ████████████████████████████████████████████████ ████████████████████████████████████████) The Court thus limits its inquiry to whether the Memorandum includes enough to show that the crime-fraud exception applies to the Documents.

██████████████████████████████████████████████

██████████████████████████████████████ See Mem., 13-cv-1164 Dkt.

No. 193, at 17. Unlike crimes, ethical violations cannot justify the crime-fraud exception. *Levin*, 469 N.W.2d at 515 n.3 (holding that, though "troubled by the 'scorched earth' strategy outlined in the [requested document]," "evidentiary privileges exist apart from ethical considerations"). The Court thus rejects Plaintiffs' argument about ethical violations as contrary to Minnesota law. *See* Pls' Obj'ns 9-10 (citing federal cases that apply crime-fraud to "attorney's misconduct," "unprofessional or unethical behavior," or even "ethically questionable behavior").

The crime-fraud exception only applies to documents "written to encourage the alleged falsification" or crime. *See Levin*, 469 N.W.2d at 515. In *Levin*, the Minnesota Court of Appeals affirmed the suppression of a document written by defendant's counsel. *Id.* at 517. The requesting party there sought a document under two crime-fraud theories. *Id.* at 515. Because the Memorandum here finds that only Defendants' then-counsel (and not Defendants themselves) violated a criminal statute, the only relevant theory here is the one about counsel's alleged conduct. *Compare* Mem., 13-cv-1164 Dkt. No. 193, at 17, *with id.* The *Levin* court held that attorney-client privilege was not pierced by "[m]ere allegations of [counsel's] wrongdoing" when no showing was made that counsel wrote the document "to encourage the alleged" crime. *Levin*, 469 N.W.2d at 515; *accord Triple Five of Minnesota, Inc. v. Simon*, No. CIV.99-1894 PAM/JGL, 2002 WL 1303025, at *2 (D. Minn. June 6, 2002) (affirming magistrate's order because "the documents should be produced if they were evidence of a scheme to defraud and not merely

evidence of the fraud itself"). Although the document in *Levin* contained counsel's advice to "manufacture favorable evidence," 469 N.W.2d. at 514 (quoting that document), that advice was only "the standard advice to create a paper trail" and thus not encouragement to commit a crime. *Id.* at 514-15. The crime-fraud exception thus did not apply. *Id.* at 516.



7



Because Plaintiffs make no showing that Defendants' then-counsel wrote the documents to encourage a crime, the Court thus does not reach the issue of how much the requesting party must show to entitle it to *in camera* review for crime-fraud.

Denying *in camera* review "reflects an appropriate balancing of benefits and detrimental effects" of piercing attorney-client privilege. *See Levin*, 469 N.W.2d at 517-

18. Although relevant to bias, these Documents are cumulative to other evidence that Plaintiffs already have. Plaintiffs have redeposed the witnesses about the payments and have served interrogatories. Pls' Obj'ns 11. Plaintiffs have the records of payments made to those witnesses. Defs' Resp., Case No. 15-md-2666 Dkt. No. 669, at 5. If the witnesses gave inconsistent testimony or got paid by Defendants, Plaintiffs already know. The Documents' marginal probative value justifies neither expending the Court's resources on *in camera* review nor "chilling . . . frank communication between lawyers and clients." *See Levin*, 469 N.W.2d at 516.

**Conclusion**

The Court finds no clear or legal error in the Magistrate Judge's ruling that "Plaintiffs have not met their burden of showing that the crime-fraud exception to the attorney-client privilege might apply." *See* Mag. Order 2.

The Court will issue a consistent separate order.

Dated: September 1, 2017

s/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge