IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

IN RE: BAIR HUGGER FORCED AIR          MDL No.: 15-md-02666 (JNE/FLN)
WARMING PRODUCT LIABILITY
LITIGATION

This Document Relates To:

DEBBIE WARREN,
                                       Civil Action No.: 17-CV-00435-JNE-FLN
        Plaintiff,
_____

### PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS

NOW COMES Plaintiff, Debbie Warren, identified in Defendants' Motion to Dismiss for Failure to Comply with Pretrial Order No. 14 [Dkt. 715], and by and through undersigned counsel submits this, her Response to Defendants' Motion to Dismiss, and would respectfully show the Court the following:

1. In June of 2015, Ms. Debbie Warren contacted undersigned counsel regarding an infection and subsequent treatment that she experienced due to the use of a Bair Hugger patient warming device during an orthopedic surgery.

2. Counsel worked to obtain medical records and billing records to move forward with the case. Those records indicate that a Bair Hugger device was used during the original surgery.

3. On February 9, 2017, counsel filed the current action to comply with what was identified as the applicable statute of limitations deadline for the relevant claim.

4.  Initial efforts to have Ms. Warren complete the Plaintiff Fact Sheet were complicated by her not answering phone calls, returning voice messages, or responding to contact letters.

5.  Phone calls by Kennedy Hodges staff on the following dates went unanswered, and were not returned:

- February 22, 2017

- March 6, 2017

- March 20, 2017

- March 28, 2017

- April 4, 2017

- April 11, 2017

- April 18, 2017

- April 27, 2017

- May 4, 2017

- May 31, 2017

- June 8, 2017

- June 14, 2017

- June 19, 2017

- June 20, 2017

6.  Additionally, letters were sent to Ms. Warren on the following dates:

- March 6, 2017

- March 20, 2017

- April 11, 2017

- May 31, 2017

7. Ms. Warren finally contacted Counsel's office on June 21, 2017 in response to the voice message and assured Counsel she would complete the Plaintiff Fact Sheet.

8. Over the next month, Counsel attempted, with some cooperation of Ms. Warren, to complete the Plaintiff Fact Sheet.  On June 29, 2017 Ms. Warren stated she would be sending the Plaintiff Fact Sheet the following week. On July 11, 2017, Ms. Warren informed Counsel that she was unable to send the Plaintiff Fact Sheet at that time due to her moving and becoming ill.

9. While counsel has diligently continued to make efforts in July, August, and September of 2017 to contact Ms. Warren, counsel has not been successful.

10. As a result, counsel has not been able to obtain the necessary information to complete the Plaintiff Fact Sheet for this claim.

Accordingly, undersigned counsel requests that the current action not be dismissed with prejudice and that Ms. Warren be given an additional 90 days to contact counsel to provide the necessary information to cure any alleged deficiencies with the Plaintiff Fact Sheet and continue the case.

Dated: September 14, 2017

KENNEDY HODGES, LLP

By: /s/ David W. Hodges
David W. Hodges
dhodges@kennedyhodges.com
Gabriel A. Assaad
gassaad@kennedyhodges.com
4409 Montrose Blvd. Ste 200
Houston, TX 77006
Telephone: (713) 523-0001
Facsimile: (713) 523-1116

ATTORNEYS FOR PLAINTIFF


## CERTIFICATE OF SERVICE

This is to certify that on September 14, 2017 a copy of the forgoing instrument was served on all parties via the Court's electronic filing system.

By: /s/ David W. Hodges
David W. Hodges

4