IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

| | |
|---|---|
| IN RE: BAIR HUGGER FORCED AIR WARMING PRODUCT LIABILITY LITIGATION | MDL No.: 15-md-02666 (JNE/FLN) |
| This Document Relates To: | |
| WALTER H. KING, JR.,       Plaintiff, | Civil Action No.: 16-CV-02428-JNE-FLN |

_____

## **PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS**

NOW COMES Plaintiff, Dr. Walter H. King, Jr., identified in Defendants' Motion to Dismiss for Failure to Comply with Pretrial Order No. 14 [Dkt. 715], and by and through undersigned counsel submits this, his Response to Defendants' Motion to Dismiss, and would respectively show the Court the following:

1. In July of 2015, Dr. Walter H. King, Jr. contacted undersigned counsel regarding an infection and subsequent treatment that he experienced due to the use of a Bair Hugger patient warming device during an orthopedic surgery.

2. Counsel worked to obtain medical records and billing records to move forward with the case. Those records indicate that a Bair Hugger device was used during the original surgery.

3. On July 15, 2016, counsel filed the current action to comply with what was identified as the applicable statute of limitations deadline for the relevant claim.

4. A durable general power of attorney was produced by Dr. King that indicated that his son, Mr. Walter H. King III, held power of attorney over Dr. King.

5. The Plaintiff Fact Sheet was originally sent to the client on November 8, 2016.

6. Over the next month, several attempts were made by Counsel to contact the client for the purpose of going over the Plaintiff Fact Sheet, including phone calls on the following dates:

    - November 16, 2016
    - November 18, 2016
    - November 22, 2016
    - November 30, 2016
    - December 2, 2016
    - December 5, 2016

7. Mr. Walter H. King III called Counsel on December 5, 2016 with information that Dr. King had been in the hospital for an extended period of time and was currently undergoing rehabilitation. Mr. King III provided some limited information during this call, but did not know specific answers to accurately complete the Plaintiff Fact Sheet without consulting with Dr. King.

8. Following this phone conversation with Mr. King III, Counsel made further attempts to obtain information in order to complete the Plaintiff Fact Sheet, including phone calls by Kennedy Hodges staff on the following dates:

    - December 8, 2016

- December 9, 2016
- December 12, 2016
- December 13, 2016
- December 14, 2016
- December 16, 2016
- January 30, 2017
- February 9, 2017
- February 15, 2017
- February 23, 2017
- February 24, 2017

9. Additionally, letters were sent to Dr. King on the following dates:

    - December 21, 2016
    - January 24, 2017
    - February 23, 2017

10. Dr. King left a message with Counsel on February 28, 2017 and requested that a new Plaintiff Fact Sheet be sent to his address.

11. Following this phone call from Dr. King, Counsel made further attempts to obtain information in order to complete the Plaintiff Fact Sheet, including phone calls by Kennedy Hodges staff on the following dates:

    - February 28, 2017
    - March 8, 2017

12. Additionally, letters were sent to Dr. King on the following dates:

    - March 20, 2017
    - May 10, 2017

13. On May 15, 2017, Dr. King called requesting that another Plaintiff Fact Sheet be sent to his address. Dr. King was unable to discuss the Plaintiff Fact Sheet over the phone at the time. Counsel sent a new Plaintiff Fact Sheet to Dr. King via Priority Mail that same day.

14. After the new Plaintiff Fact Sheet was sent, Counsel made further attempts to obtain information in order to complete the Plaintiff Fact Sheet, including phone calls by Kennedy Hodges staff on the following dates:

    - May 23, 2017
    - May 30, 2017
    - June 6, 2017
    - June 13, 2017

15. On June 20, 2017, Counsel spoke with Mr. King III, who reported that Dr. King was back in the hospital. Mr. King III acknowledged that the Plaintiff Fact Sheet was received and stated that he would work with his father, Dr. King, to provide the required information after he left the hospital.

16. After this phone conversation with Mr. King III, Counsel made further attempts to obtain information in order to complete the Plaintiff Fact Sheet, including phone calls by Kennedy Hodges staff on the following dates:

- June 27, 2017
- July 5, 2017
- July 12, 2017
- August 3, 2017
- August 14, 2017

17. Additionally, a letter was sent to Dr. King on September 6, 2017.

18. On September 13, 2017, while investigating this matter further, Counsel discovered an obituary published on the Times Free Press for Chattanooga, Tennessee website indicating that Mr. King III had passed away at the age of 52 on July 31, 2017, about one month after he had reported to Counsel that Dr. King himself was in the hospital.[1] The obituary notes that Mr. King III was survived by his father, Dr. King, who is the injured party in this litigation.

19. As Mr. King III was the power of attorney holder over Dr. King, it will be necessary for some other individual to assume power of attorney over Dr. King. This will likely cause a delay in efforts to obtain the required information and submit a revised Plaintiff Fact Sheet.

20. As a result of the sequence above, Counsel has not been able to obtain the necessary information to complete the Plaintiff Fact Sheet for this claim.

It is clear from the history presented here that Dr. King has not only undergone frequent hospitalizations that have kept him away from his home over the last nine months,

---

[1] *See* Exhibit A, Obituary for Walter King III.

rendering him unreachable by phone and mail, but that he has also recently suffered through the untimely loss of his son, who was the power of attorney holder over Dr. King.

Accordingly, undersigned Counsel requests that the current action not be dismissed with prejudice as Defendants seek, and would instead ask that the Court grant a ninety (90) day extension in order to allow time for Dr. King's power of attorney status to be resolved and for Counsel to obtain the information necessary to cure any alleged deficiencies with the Plaintiff Fact Sheet and continue the case.

Dated: September 14, 2017    KENNEDY HODGES, LLP

By: /s/ David W. Hodges
David W. Hodges
dhodges@kennedyhodges.com
Gabriel A. Assaad
gassaad@kennedyhodges.com
4409 Montrose Blvd. Ste 200
Houston, TX 77006
Telephone: (713) 523-0001
Facsimile: (713) 523-1116

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

This is to certify that on September 14, 2017 a copy of the forgoing instrument was served on all parties via the Court's electronic filing system.

By: /s/ David W. Hodges
David W. Hodges