# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

In re: BAIR HUGGER FORCED AIR WARMING
DEVICES PRODUCTS LIABILITY LITIGATION
This Document Relates To:
All Actions

MDL No. 15-2666 (JNE/FLN)
[Proposed]
PRETRIAL ORDER NO. :
PLAINTIFF FACT SHEET

Plaintiff: Eric Zivanovich

This Plaintiff Fact Sheet must be completed pursuant to the Pretrial Order by each plaintiff or their personal representative. Section IX must be completed by loss of consortium plaintiffs.

In completing this Fact Sheet, you are under oath and must provide information that is true and correct to the best of your knowledge. Please answer every question, and do not leave any blanks throughout this Fact Sheet. If you cannot recall all of the details requested, please provide as much information as you can. If a question is not applicable to you, please state "Not Applicable" or "N/A." If any information you need to complete this Fact Sheet is in the possession of your attorney or other representative, please consult with that attorney or representative so that you can fully and accurately respond to the questions. If you do not have room in the space provided to complete your answer, please attach as many sheets of paper as necessary to fully answer the questions. You are obligated to supplement your responses if you learn that they are incomplete or incorrect in any material respect. No answer requires any waiver of privilege.

As used herein, the term "communication" and/or "correspondence" shall mean and refer to any oral, written or electronic transmission of information, including, without limitation, meetings, discussions, conversations, telephone calls, memoranda, letters, e-mails, text messages, conferences, or seminars or any other exchange of information.

As used herein, the term "identify" or "identity" with respect to persons, means to give, to the extent known, the person's full name, their present or last known addresses and phone numbers.

As used herein, the term "person" means natural person, as well as corporate and/or governmental entity.

As used herein, "your attorney" refers to the attorneys that represent you individually in this lawsuit.

As used herein, the terms "Relating to," "relate to," "referring to," "refer to," "reflecting," "reflect," "concerning," or "concern" shall mean evidencing, regarding, concerning, discussing, embodying, describing, summarizing, containing, constituting, showing, mentioning, reflecting, pertaining to, dealing with, relating to, referring to in any way or manner, or in any way logically or factually, connecting with the matter described in that paragraph of these demands, including documents attached to or used in the preparation of or concerning the preparation of the documents.

## NOTE TO PEOPLE IN A REPRESENTATIVE CAPACITY

If you are completing this form in a representative capacity, only the information in Section I asks for information about you, individually. Throughout the rest of the Plaintiff Fact Sheet, the questions seek information about the person who you claim was injured, or on whose behalf you bring this lawsuit. Other than in Section I, when a question asks for information about "you" or the "plaintiff," please provide information about the person you claim was injured or on whose behalf you have brought this lawsuit.

I. <u>CASE INFORMATION</u>

1. Name of person completing this form :  Eric Zivanovich

2. State the following for the civil action which you filed :
   a. Current case caption :   Eric Zivanovich vs. 3M Company
   b. Current case number :   0:16-cv-02957

3. State the name, address, telephone and facsimile numbers, and e-mail address of the principal attorney representing you :
   a. Name :  Daniel A. Nigh
   b. Firm :  Levin, Papantonio, Thomas, Mitchell, Rafferty, Proctor P.A.
   c. Address :   316 South Baylen St. Suite 400, Pensacola, Florida 32502
   d. Telephone :  (850)435-7000   Fax :   (850)435-7020
   e. E-mail :  dnigh@levinlaw.com

4. If you are completing this questionnaire in a representative capacity (*e.g.*, on behalf of an estate, or incapacitated or deceased person), please state the following information about yourself :
   a. Name :  N/A
   b. Any other names (*e.g.*, maiden name or alias) you have used or by which you have been known and the dates you used those names :
   c. Your Address :
   d. Individual or estate you are representing, and in what capacity you are representing the individual or estate :
   e. If you were appointed as a representative by a court, state the court :
   f. Date of Appointment :
   g. State your relationship with the represented person claimed to be injured :
   h. If you represent a decedent's estate, state the date and the address of the place of death :

## II. PERSONAL INFORMATION (re Person claiming injuries)

1. State the following regarding your personal information :

    a. First Name :  Eric

    Middle Name :  L.

    Last Name :  Zivanovich

    b. Any other names (*e.g.*, maiden name or alias) you have used or by which you have been known and the dates when you used those names :

    n/a

    c. Social Security Number :  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

    d. Address :  747 Pine Street, Steelton, PA 17113

    e. State how long you have lived at your present address :  11 years

    f. Identify all persons who lived with you at the time of the events alleged in the Complaint, and their relationship to you :  Connie Zivanovich - mother

2. Driver's license number and state issuing license :  18325235 and PA

3. Date and place of birth :  01/03/1959  Harrisburg, PA

4. Sex :  Male

5. If you have Medicare, please state your HICN number (if known) :  N/A

6. Identify each address at which you have resided during the last ten (10) years, and list the approximate years when you started and stopped living at each one :

| Address | Date of Residence Start | Date of Residence End |
|---|---|---|
| 747 Pine Street, Steelton, PA 17113 | 00/00/2005 | 00/00/0000 |

7. Are you currently, or have you ever been, married?

    No

8. For each of your children, please state their name and year of birth :

| Children Name | Year of Birth |
|---|---|
| N/A | |

9. Identify the following information for each school, college, university, vocational school, or other educational institution you have attended beginning with high school :

| Name of School | City and State | Dates of attendance Start | Dates of attendance End | Degree Awarded | Major or Primary Field |
|---|---|---|---|---|---|

| Harrisburg High School | Harrisburg, PA | 00/00/1974 | 00/00/1978 | Diploma | n/a |

10. For your current employer (if you are not currently employed, your last employer) and each employer for the last ten (10) years, state the following to the extent you can recall :

| Name and Address of Employer | Approx. Dates of Employment Start | Approx. Dates of Employment End | Occupation/Job Title | Reason for Leaving |
|---|---|---|---|---|
| D&H Distribution and 2525 N 7th | 00/00/2003 | 00/00/0000 | Assistant | n/a |

11. Have you ever served in any branch of the military?
    No

12. Have you ever been rejected from military service for any reason relating to your medical or physical condition?
    No

13. Have you been convicted of a felony or a crime involving a dishonest act or false statement in the last ten (10) years?
    No

14. Do you recall ever visiting a website, blog, etc., regarding the use of patient warming systems during surgery, or any risks or benefits to patient warming in general or by device type?  If so, identify the website, blog, etc., you visited and the location of any copy of the information you reviewed if it still exists:
    No

15. Do you recall ever posting or writing anywhere on the internet in a public forum about Defendants, any patient warming system or device, or the injuries you allege were caused by Defendants' product, including but not limited to, posting on a personal website, blog, Facebook account, Linked In account, or other social media?
    No

16. Do you have any drawings, journals, slides, diaries, notes, letters, or emails which refer to your health or well being relating to your surgery, alleged injury, and your life after your alleged injury?
    No

III.   SURGERY INFORMATION

To the extent responsive information to the questions below is available in medical records in your possession or in the possession of your attorneys, please produce such records.

1. Do you have information that a Bair Hugger™ Patient Warming System ("Bair Hugger system") was used during the surgery allegedly connected to the infection at issue?
   Yes
   If "yes," please describe that information? Intra-operative nursing notes indicate that a Forced Air Warming device was in use during my surgery which caused infection.
   When did you first discover this information?   I do not recall but reserve my right to refresh my memory.
   How did you learn this? Reviewing medical documents of my surgeries.
   Provide the Serial or Model Number of the device used : Unknown at this time; Discovery is ongoing.
   Where is this product now? Unknown at this time; Discovery is ongoing.

2. Other than based upon information from a consulting expert, do you have information as to whether the operating room (where the surgery at which you claim you were injured was performed) utilized a laminar air flow system at the time of your surgery?
   Do not know.

3. State the following information related to the surgery or surgeries at which you claim you were injured by a Bair Hugger system (answer separately for each surgery at issue) :

   **Surgery Details : 1**
   **Hospital Name :**
   Harrisburg Hospital
   **Date of surgery :**
   09/17/2014
   **Location of surgery :**
   111 S. Front St., Harrisburg, PA 17101
   **Identify the physician performing the surgery :**
   Dr. Raymond Dahl
   **Type of surgery :**
   Right Total Hip Arthroplasty
   **Reason for surgery :**
   Degenerative Joint Disease
   **Your height and weight at the time of surgery :**
   5'10; 194 lbs.
   **List all medical conditions or diagnoses (for example, high blood pressure or diabetes) that you had at the time you went into surgery :**

Hypertension; Depression; Anxiety; Hyperlipidemia; Osteoarthritis. These are all the conditions that I can recall at this time.

**Identify any infections you had, if any, during the 6 months before you had surgery :**

None that I am aware of.

**Identify all persons with whom you had discussions about the risks of surgery, and describe the risks discussed :**

I discussed the typical risks of having Right Total Hip Arthroplasty surgery with surgeon and the hospital staff.

**Identify the type of microbe, bacterium, virus, or organism, you allege caused the infection that is the subject of this lawsuit (if known) and the basis for your knowledge if not subject to privilege :**

Unknown at this time; Discovery is still ongoing.

4. Has anyone, excluding any retained medical or scientific expert or your attorneys, expressed the opinion or otherwise told you that the Bair Hugger system caused the infection or injury that is the basis for this lawsuit?
   No

5. Are you aware of any non-privileged tests or inspections that have been conducted of the Bair Hugger system allegedly used at your surgery, or of any other Bair Hugger device?
   No

## IV. GENERAL MEDICAL INFORMATION

1. Identify the following vital statistics :

   Current (last) height :  5'10"

   Current (last) weight :  200 pounds

2. Identify the name and address of your current (last) family and/or primary care physician :

| Family Name | Address | Primary care Physician |
|---|---|---|
| Dr. Joseph Demario | 6 Market Plaza WayMechanicsburg, PA 17055 | Dr. Joseph Demario |

3. Identify all healthcare providers with whom you have consulted or treated beginning seven (7) years before the surgery at which you claim you were injured by a Bair Hugger system through the present, and for each provider, state the following information :

| Doctor or Healthcare Provider's Name | Specialty | Address | Years of Visits Start | Years of Visits End | Reasons for Seeing this Provider |
|---|---|---|---|---|---|
| Dr. Joseph Demario | Internal | 6 Market Plaza WayMechanicsburg, PA 17055 | 00/00/2005 | 00/00/0000 | Primary care |
| Dr. Raymond Dahl | Orthopedic Surgeon | 3399 E. Trindle RoadCamp Hill, PA 17011 | 00/00/2012 | 00/00/0000 | Joint repair |

4. For each hospital, clinic, surgery center, healthcare facility, physical therapy or rehabilitation center where you have received medical treatment (in-patient, out-patient, urgent care or emergency room) from the time seven (7) years before the surgery at which you claim you were injured by a Bair Hugger system to the present, state the following information :

| Name | Address and Telephone Number | Admission Start Date | Admission End Date | Reason for Admission |
|---|---|---|---|---|
| Harrisburg Hospital | 111 S Front St Harrisburg, PA 17101(717) 782-3131 | 00/00/2014 | 00/00/0000 | Surgical, rehab, and emergency needs. |

5. List all of the medications (prescription and over the counter) you currently take.

| Medication | Dose/ Frequency of Use | Physician Ordering | Purpose |
|---|---|---|---|
| Valsarta | 80mg | | |

6. For each prescription medication you have taken at least once a month over the course of four months or more at any time during the last seven (7) years prior to the surgery, other than the ones above, identify the following information :

7. Identify the following for each pharmacy, drugstore, or other facility or supplier (including, but not limited to, mail order pharmacies) that has dispensed medication to you in the past five (5) years :

8. Identify all dental procedures you had beginning 6 months prior to and continuing through 6 months after the surgery during which you claim you were injured by the Bair Hugger system. For each procedure, provide the following information :

9. Have you ever used tobacco in any form from the time five (5) years before the surgery at which you claim you were injured by the Bair Hugger system to present?
If "yes," check the answer and state the following :
Type(s) of tobacco used :
Date on which you began using tobacco :
Date on which you ceased using tobacco (if current user, state N/A) :
Amount of tobacco used :           per day for years.
Other description of tobacco use :

10. For the time period starting one (1) year before the surgery at which you claim you were injured by the Bair Hugger system to the present, have you been treated as an in-patient or out-patient for drug or alcohol abuse or addiction?
If "yes," please provide the name of the facility and approximate dates of treatment

## V. INSURANCE AND OTHER CLAIM INFORMATION

1. Identify any person, insurance company (including any Medicare Advantage Organization), or other entity, including Medicare or Medicaid, that provided medical coverage to you (either directly or through a group, including any employer) or paid medical bills on your behalf at any time, beginning five (5) years before your alleged injuries through the present.

2. Have you ever filed a worker's compensation claim in the last ten (10) years?
   If "yes," please state :
   The approximate year of the claim :
   Your employer :
   Nature of disability :

3. Have you ever been out of work for more than thirty (30) days in any one or more of the last ten (10) years, for any reasons related to your health excluding maternity leave?
   If "yes," please state :
   The approximate date(s) you were out of work :
   The reason(s) you were out of work :

4. Have you ever filed social security disability claims (SSI or SSD) or filed a disability claim with a private insurer?
   If "yes," please state :
   Approximate year of the claim :
   Nature of disability :
   Was the claim denied?

5. Have you ever filed a lawsuit or made a claim, other than the present lawsuit, relating to any bodily injury in the last ten (10) years?
   If "yes," please state:
   Approximate date the lawsuit or claim was filed or made :
   Court/State where the lawsuit was filed :
   Name of the Defendant, if known :
   Brief description of the claims asserted :

6. Have you ever filed for bankruptcy subsequent to the date of the surgery in which you claim you were injured by the Bair Hugger system?
   If "yes," state when and in what court, and how the case was resolved.

VI.   CURRENT CLAIM INFORMATION

1. Do you allege that you suffered physical and/or bodily injury related to use of a Bair Hugger system?
   If "yes" : describe each bodily injury :

   State the approximate date on which you first became aware of the injury(ies) (regardless of whether you associated the injury with the use of a Bair Hugger system) :

   If you are currently experiencing any symptoms related to an alleged injury that you attribute to use of a Bair Hugger system, describe your symptoms and any treatment you are currently receiving :

   Describe any activities that you can no longer perform, or cannot perform as well, since the time you allege you were injured :

   Describe any other physical harm or consequences you suffered as a result :

2. Do you allege that use of a Bair Hugger system worsened or aggravated a previously existing injury or condition?
   If "yes," describe the previously existing injury or condition, the approximate date of onset of the previously existing injury or condition, and any treatment for and resolution of the injury or condition :

3. Do you claim damages related to emotional distress or psychological injuries as a result of use of a Bair Hugger system?
   If "yes," describe the emotional distress or psychological injuries and the approximate date of onset :

4. If you are claiming damages related to emotional distress, provide the following information for any psychiatrist, psychologist, or any other mental healthcare professional who has ever treated you, or who you are currently seeing, for any alleged emotional distress or psychological injuries described in the previous question :

5. Have you read or seen any written, televised, or internet-based advertising or labeling material related to a Bair Hugger system other than in consultation with your attorney?
   If "yes," state which written, televised, or internet-based advertising or labeling materials you read or saw and when you reviewed those materials :

6. In connection with the surgery at which you claim you were injured, were you given any oral or written information or warnings concerning the Bair Hugger system?
If "yes," state the following :
When these were given :
A description of the information or warnings :
Identify each person or entity from whom you recall receiving the information or warnings listed above :
If you recall, list any questions you asked, and the answers they gave, regarding the information or warnings listed above :

7. Have you or has anyone acting on your behalf (other than your attorney) had any communications with any Arizant or 3M representative regarding your surgery with and/or claim of injuries from use of a Bair Hugger system?
If "yes," provide the approximate date(s), type (email, phone, letter, etc.), persons involved, if known, and general substance of the communication :

8. Did any representative of Arizant or 3M ever tell you that you got a warranty related to the Bair HuggerTM Patient Warming System or otherwise represent to you the expected performance of the Bair Hugger system ?
If "yes," state the following:  provide the approximate date(s), type of communication (email, phone, letter, etc.,), persons involved, if known, and general substance of the representation.

9. Please describe any communications, correspondence, or interactions between You and any representative of Augustine Temperature Management, including but not limited to Dr. Scott Augustine.

VII. ECONOMIC DAMAGES

1. Are you making a claim for loss of past wages or income?
   If "yes," state the following :
   Approximate time you lost from work :
   Approximate income you claim you lost :
   State your approximate total earned income (including any salary, bonus, and benefits) for each year, beginning three years prior to the injury you allege is related to the use of a Bair Hugger system through the present :

2. Are you making a claim for loss of future wages, income, or earning capacity?
   If "yes," state the following :
   Approximate amount of lost future wages or income you are claiming :  $
   Basis for calculation of lost future wages or income :

3. Have you paid out-of-pocket medical expenses that are related to any condition that you allege was caused by a defect in aBair Hugger system?
   If "yes," state the approximate total amount of out-of-pocket medical expenses incurred :
   $

4. For any expenses claimed above, have they been reimbursed or reduced by any third party?
   If "yes," identify who reimbursed or reduced these expenses :

5. To your knowledge, has your insurer, or any other entity or person (including the government or a governmental agency or program), paid or incurred any medical expenses related to any condition that you allege was caused by the Bair Hugger system?
   If "yes," identify the name and approximate dates during which your insurer, or other entity or person, paid or incurred any such medical expenses.

6. Provide a statement of the nature and approximate amount of any other economic damages you claim in this lawsuit :

## VIII. PERSONS WITH KNOWLEDGE

1. Identify each person (other than your healthcare providers or attorneys) who possesses important information about the facts of your lawsuit, including your injuries and current medical conditions, to the extent not already listed :

2. Has anyone (other than your healthcare providers or attorneys) provided you with a verbal or written statement about the facts or circumstances relating to this lawsuit, including the use of patient warming systems or the conduct or representations of Defendants?
If "yes," please identify the person, state when they gave you this statement and summarize its contents :

IX. LOSS OF CONSORTIUM PLAINTIFFS

1. State the following :
   a. Your name :
   b. Any other names (*e.g.*, maiden name or alias) you have used or by which you have been known and the dates you used those names :
   c. Your Social Security Number :
   d. Your address :
   e. State how long you have lived at your present address :

2. Sex : Female

3. Identify each address at which you have resided during the last five (5) years, and list when you started and stopped living at each one :

4. Are you currently, or have you ever been, married to the primary plaintiff in this action?
   If "yes," please state when and where you were married, how long you were married, and when and how the marriage ended (if it did) :

5. Do you have any children with the primary plaintiff?
   If "yes," please identify their names and years of birth :

6. Describe separately and in detail each and every loss of care, services, companionship, counsel, advice, assistance, comfort, consortium, or any similar loss you are claiming :

X. DOCUMENTATION

**Authorizations** : Please sign and attach to this Fact Sheet the authorizations for release of records appended hereto.

**Documents within your possession** : if you have any of the following materials in your possession, please attach a copy to this Fact Sheet.

All diagnostic tests and test results, including original films or video of ultra sounds, MRIs, x-rays, CT scans, etc., taken during the time from ten (10) years before the surgery at which you allege you were injured by use of a 3M™ Bair Hugger™ Patient Warming System to the present.

Copies of all documents from physicians, healthcare providers, or others related to the surgery at which you claim you were injured, any patient warming system, or your recovery from surgery.

Any documents that reflect, show or establish the use of a Bair Hugger system during the surgery at which you claim you were injured.

All documents related to, concerning, or constituting product use instructions, product warnings, package inserts, warranties, guarantees, or other materials provided to you that relate to the Bair Hugger system.

All non-privileged statements obtained from or given by any person having knowledge of facts relevant to your specific case.

All documents relating to the surgery at which you claim you were injured, including, but not limited to medical records, medical bills, prescriptions, diaries, notes, rehabilitation instructions, etc., whether made by you or any other person or entity.

All documents regarding the health risks or hazards associated with or possibly arising from surgery, which you received or generated in connection with or at any time before the surgery at which you claim you were injured.

All documents in your possession that you believe were provided to you by any Defendant (unless they first were given to you by your attorney), related to the claims in your case.

All documents and things in your possession that relate to any Defendant and were in your possession before the surgery at which you claim you were injured, related to the claims in your case.

If you claim to have suffered a loss of earnings, or lost earnings capacity, your federal tax returns and W-2s for each year, beginning three years prior to the injury you allege is related to the use of a Bair Hugger system through the present.

If you claim any loss from medical expenses, copies of all bills from any physician, hospital, pharmacy, or other healthcare provider.

Decedent's death certificate (if applicable).