



Benjamin W. Hulse
Direct Dial: 612-343-3256
E-Mail: bhulse@blackwellburke.com

April 24, 2017

**VIA EMAIL AND U.S. MAIL**
Daniel A. Nigh
Levin, Papantonio, Thomas, Mitchell, Rafferty, & Proctor, P.A.
316 South Baylen St. Suite 400
Pensacola, Florida 32502
dnigh@levinlaw.com

    Re:   *In re Bair Hugger Forced Air Warming Devices Products Liability Litigation*
           MDL No. 2666 – Deficiencies in Amended Plaintiff Fact Sheet
           *Zivanovich v. 3M Company* Case No.: 0:16-cv-02957-JNE-FLN

Dear Counsel:

We are in receipt of the second amended Plaintiff Fact Sheet (PFS) for the above-captioned matter. The second amended PFS still has core deficiencies, as set forth in the enclosed report.

Paragraph 4 of Pretrial Order No. 14 defines core deficiencies as "a lack of response to all questions in Section I, Section II, and Section III; Section IV, questions 1, 3, 7, 8, 9, 10; Section V, questions 5, 6, and 7; Section VI, questions 1, 3, 6, 7, 8, and 9; Section VII, questions 1 and 2; Section 8, question 2; Section IX, questions 1, 3, and 4, or lack of signed medical authorizations." Paragraph 3 further requires a signed verification.

In addition, the instructions on the PFS form prohibit leaving spaces blank and provide as follows: "If a question is not applicable to you, please state 'Not Applicable' or 'N/A.'" In our review, many deficiencies resulted from a plaintiff leaving one or more spaces blank.

Pursuant to paragraph 6 of PTO 14, within 3 weeks of the date of this letter, you must respond in writing by either (1) curing the deficiencies (by serving a further revised, verified PFS through Plaintiffs' portal); (2) disputing the deficiencies and setting forth the reasons the PFS is not deficient; or (3) explaining why the deficiencies cannot be timely cured. When serving a revised, PFS through Plaintiff's portal, you do not need to resubmit documents that were previously served with the original and/or any amended PFS. An updated verification is required, however, to be served along with the amended PFS.

Sincerely,

s/ Benjamin W. Hulse

Benjamin W. Hulse

cc: Plaintiffs' Co-Lead Counsel
Enclosure

Title "Zivanovich_Eric_16-cv-02957_01_Zivanovich_Eric-_Final_Draft_PFS"    Zivanovich_Eric_16-cv-02957_01_Zivanovich_Eric-_Final_Draft_PFS

PLAINTIFFS' LAST NAME - Zivanovich
PLAINTIFFS' FIRST NAME - Eric
CASE NO. - 16-cv-02957_01
SECTION I (CASE INFORMATION) -
SECTION II (PERSONAL INFORMATION) –
SECTION II - INCOMPLETE QUESTIONS -
SECTION III  (SURGERY INFORMATION) -
SECTION III - INCOMPLETE QUESTIONS -
SECTION IV - 1 (VITAL STATISTICS) -
SECTION IV - 10  (DRUG/ALCOHOL) -
SECTION IV - 3 (HEALTHCARE PROVIDERS) -
SECTION IV - 7  (PHARMACIES/DRUGSTORES) - Incomplete
SECTION IV - 8  (DENTAL PROCEDURES) - Incomplete
SECTION IV - 9  (TOBACCO) - Incomplete
SECTION IX - 1  (CONSORTIUM NAME ETC.) -
SECTION IX - 3  (RESIDENCES) -
SECTION IX - 4  (MARRIED) -
SECTION V - 5  (DISABILITY CLAIMS) - Incomplete
SECTION V - 6  (LAWSUITS) - Incomplete
SECTION V - 7  (BANKRUPTCY) - Incomplete
SECTION VI - 1  (PHYSICAL INJURY) - Incomplete
SECTION VI - 3  (EMOTIONAL DISTRESS) - Incomplete
SECTION VI - 6  (WARNINGS) -
SECTION VI - 7  (3M/ARIZANT COMMUNICATIONS) -
SECTION VI - 8  (3M/ARIZANT WARRANTY) -
SECTION VI - 9  (AUGUSTINE) -
SECTION VII - 1  (LOST PAST WAGES) - Incomplete
SECTION VII - 2  (LOST FUTURE WAGES) - Incomplete
SECTION VIII - 2  (VERBAL/WRITTEN STATEMENT) -
X.01 - SIGNED AUTHORIZATION -
X.02.D - DOCUMENTS - SIGNED VERIFICATION - Incomplete
X.02.D.1 - DOCUMENTS - SIGNED VERIFICATION (NON-PFS RESPONSE) - Incomplete
I.03.B - PLAINTIFFS' COUNSEL'S FIRM - Levin Papantonio
I.03.E - PLAINTIFFS' COUNSEL'S EMAIL - dnigh@levinlaw.com