| | |
|---|---|
| In re: BAIR HUGGER FORCED AIR WARMING DEVICES PRODUCTS LIABILITY LITIGATION | MDL No. 15-2666 (JNE/FLN) |

**ORDER**

_____

David Fuller, for the United States.
Bridget Ahmann and Deborah Lewis, for Defendants.
Genevieve Zimmerman, for Plaintiffs.

_____

**THIS MATTER** came before the undersigned United States Magistrate Judge on September 18, 2017, on Defendants' motion to compel (ECF No. 701), and the United States' motion to quash subpoenas (ECF No. 724).[1] For the reasons set forth below, Defendants' motion is **DENIED**, and the United States' motion is **GRANTED**.

**A.   Background**

In 2012, Plaintiff John Nugier underwent a total knee arthroplasty and two subsequent correction surgeries at the Miami Veterans Administration ("VA"). *See* ECF No. 703 at 1. Nugier alleges that a Bair Hugger system was used during his surgery and caused a surgical site infection. *See id.* Nugier's claim regarding the Bair Hugger device is one of the nearly 4,000 cases pending before the Court in this multi-district litigation.[2]

On August 16, 2017, and August 21, 2017, Defendants served the VA with subpoenas seeking documents relating to Nugier's surgeries, the depositions of Nugier's treating physicians, Dr. Henry Bernstein and Dr. Paola Lichtenberger, and the deposition of the VA's corporate designee pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure on eleven noticed

---

[1] Plaintiffs participated in the oral argument, but did not join either motion before the Court.

[2] A more complete case background can be found in the Court's previous Orders. *See, e.g.*, Order, ECF No. 589.

topics. *See id.* at 2–5; *see also* ECF No. 704, Ex. 3. On August 18, 2017, and August 21, 2017, VA counsel, Barbara Kehoe, reviewed the subpoenas and informed Defendants that depositions of VA employees were rarely granted, but the VA would be amenable to answering written questions on Dr. Bernstein's and Dr. Lichtenberger's behalf in lieu of testimony. *See* ECF No. 725 at 4–5; s*ee also* ECF No. 726 at 3. As to the documents, Kehoe stated that a more appropriate method to seek that discovery would be through a Freedom of Information Act request. *See* ECF No. 726 at 2.

The parties attempted to resolve the discovery dispute, but were unable to reach an agreement, particularly with regard to the deposition form and length. At the hearing, the VA agreed to respond to written questions with follow-up and to provide three hours of telephonic depositions divided between three witnesses at one hour apiece. However, Defendants have maintained that they strongly prefer in-person testimony. *See* ECF No. 726 at 2. Defendants anticipate each medical deposition would take at least four hours, and estimate that the 30(b)(6) deposition could take longer. *See id.*

On August 24, 2017, Kehoe informed Defendants that the VA would not produce material responsive to their subpoenas. *See* ECF No. 704, Ex. 4. Kehoe represented that the VA had considered Defendants' request in light of the relevant regulatory factors outlined at 38 C.F.R. § 14.804, the *Touhy* factors, and determined that compliance with their subpoenas would "require . . . spending the time and money of the United States for private purposes" and "would unjustifiably divert VA personnel from their official duties." *Id.* In addition, Kehoe stated that compliance would be unduly burdensome, and disclosure would: (1) violate several statutes governing VA confidentiality policy, including 5 U.S.C. § 552(a); (2) "result in the appearance

that the VA is favoring one litigant over the other[;]" and (3) violate VA regulations on providing opinion or expert testimony concerning official VA subjects. *Id.*

Defendants now move to compel the VA's compliance with their subpoenas. *See generally* ECF No. 703. Specifically, Defendants request responsive documents "by the end of September and . . . witnesses for deposition before the fact discovery cutoff of October 16[, 2017]." ECF No. 703 at 12. Conversely, the United States now moves to quash Defendants' subpoenas. *See generally* ECF No. 725. At the hearing, the parties stated that they had exchanged multiple offers, including that morning, regarding Defendants' discovery request. To that end, the Court directed the parties to meet-and-confer in an attempt to resolve the instant discovery dispute without judicial intervention. On September 21, 2017, the parties notified the Court that they were unable to break the impasse and reach an agreement. Accordingly, the Court now issues this Order.

**B.   Legal Standard**

The Court reviews the VA's decision to not produce material responsive to Defendants' subpoenas under the standards set forth by the Administrative Procedures Act ("APA"), 5 U.S.C. § 706. *See Elnashar v. Speedway SuperAmerica, LLC*, Civil No. 02-4133 (JNE/JSM), (D. Minn. Sept. 7, 2004 (ECF No. 84 at 15, *aff'd* ECF No. 92)). Under the APA, "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702. A reviewing court shall set aside agency action found to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; . . . in excess of statutory jurisdiction, authority, or limitations, or short of statutory right; . . . [or] without observance of procedure required by law . . . ." 5 U.S.C. § 706. The statutory ambit of this standard of review is "narrow . . . and the court

is not permitted to substitute its judgment for that of the agency." *United States v. Massey*, 380 F.3d 437, 440 (8th Cir. 2004) (citing *Sierra Club v. Davies,* 955 F.2d 1188, 1192–93 (8th Cir. 1992)).[3] Rather, under this standard, "the court must consider whether the decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment." *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 416 (1971); *see also Marsh v. Oregon Natural Res. Council*, 490 U.S. 360, 378 (1989).

Under the federal housekeeping statute, 5 U.S.C. § 301, a federal agency may adopt procedures—known as *Touhy* regulations—for responding to requests for testimony or documents. *See also United States ex rel. Touhy v. Reagen et al.*, 340 U.S. 462 (1951). The VA's *Touhy* regulations, codified at 38 C.F.R. § 14.800 *et seq.*, provide that the VA may produce testimony or records "only as authorized by the agency" when the VA is not a party and does not have a direct or substantial interest in the case. In determining whether to authorize testimony, the VA's *Touhy* regulations provide that the determining official will "consider the effect . . . which testifying . . . will have on the ability of the agency or VA personnel to perform their official duties." 38 C.F.R. § 14.803(a). In addition, the VA's *Touhy* regulations incorporate the following factors in deciding whether to authorize VA personnel to testify:

(a) The need to avoid spending the time and money of the United States for private purposes and to conserve the time of VA personnel for conducting their official duties concerning servicing the Nation's veteran population;

---

[3] The majority of courts have applied the APA in reviewing an agency's denial of a discovery request, but some have opted to apply the Federal Rules of Civil Procedure. While the Eighth Circuit has not addressed the issue, the Court adopts the majority position and applies the APA as the standard of review, primarily because the Government may not be subject to judicial proceedings unless it has expressly waived its sovereign immunity. The APA provides a waiver; the Federal Rules of Civil Procedure do not. *See generally EPA v. Gen. Elec.*, 197 F.3d 592 (2d Cir. 1999).

4

(b) How the testimony or production of records would assist VA in performing its statutory duties;

(c) Whether the disclosure of the records or presentation of testimony is necessary to prevent the perpetration of fraud or other injustice in the matter in question;

(d) Whether the demand or request is unduly burdensome or otherwise inappropriate under the applicable court or administrative rules;

(e) Whether the testimony or production of records, including release in camera, is appropriate or necessary under the rules of procedure governing the case or matter in which the demand or request arose, or under the relevant substantive law concerning privilege;

(f) Whether the testimony or production of records would violate a statute, executive order, regulation or directive. . . .;

(g) Whether the testimony or production of records, except when in camera and necessary to assert a claim of privilege, would reveal information properly classified pursuant to applicable statutes or Executive Orders;

(h) Whether the testimony would interfere with ongoing law enforcement proceedings, compromise constitutional rights, compromise national security interests, hamper VA or private health care research activities, reveal sensitive patient or beneficiary information, interfere with patient care, disclose trade secrets or similarly confidential commercial or financial information or otherwise be inappropriate under the circumstances.

(i) Whether such release or testimony reasonably could be expected to result in the appearance of VA or the Federal government favoring one litigant over another;

(j) Whether such release or testimony reasonably could be expected to result in the appearance of VA or the Federal government endorsing or supporting a position advocated by a party to the proceeding;

(k) The need to prevent the public's possible misconstruction of variances between personal opinions of VA personnel and VA or Federal policy.

(l) The need to minimize VA's possible involvement in issues unrelated to its mission;

(m) Whether the demand or request is within the authority of the party making it;

(n) Whether the demand or request is sufficiently specific to be answered;

5

(o) Other matters or concerns presented for consideration in making the decision.

38 C.F.R. § 14.804.

**C.     Analysis**

At the hearing, Defendants, relying on *Rhoads v. United States Department of Veterans Affairs*, 242 F. Supp. 3d 985 (E.D. Cal. Mar. 16, 2017), argued that the VA's outright denial of their request is arbitrary and capricious. Defendants' reliance on *Rhoads* is misplaced. *Rhoads*, an out of district and circuit opinion, does not stand for the improvident proposition that an agency's "outright" denial of a discovery request is necessarily arbitrary and capricious under the APA. Applying Ninth Circuit law, the analysis in *Rhoads* focused on the movant's need for, and the inaccessibility of, the requested discovery, and the sufficiency of the VA's application and analysis of the *Touhy* factors. 242 F. Supp. at 993–996.

Here, the VA's decision to not produce responsive documents or deponents to Defendants' August 16, 2017, and August 21, 2017, subpoenas was neither arbitrary, capricious, an abuse of discretion, nor otherwise contrary to law. The VA considered Defendants' request and provided a sufficient explanation for its denial. *Inter alia*, the VA applied the relevant *Touhy* factors and concluded that Defendants' request was: unduly burdensome (a relevant regulatory factor); would negatively impact VA personnel in performing their duties (a relevant regulatory factor); would cost the VA time and money attendant to a private matter (a relevant regulatory factor); and could reasonably be expected to result in the appearance of the VA favoring one litigant over another (a relevant regulatory factor). The VA also noted that compliance with Defendants' request would violate a statute, specifically the VA's confidentiality statute, 5 U.S.C. § 552(a). In addition, here, unlike *Rhoads*, the VA is willing to provide a modicum of the requested discovery, but simply not on Defendants' broader terms.

Under the APA, a court cannot supplant the agency's judgment, provided the agency's determination is neither arbitrary, capricious, an abuse of discretion, contrary to constitutional right, nor without observance of procedure required by law. Here, the VA observed the procedure required by law, the relevant *Touhy* factors, 38 C.F.R. § 14.804, and properly weighed Defendants' request in light of that procedure. Finding no *clear error* in the VA's application of the *Touhy* factors and concomitant decision to not produce responsive material to Defendants' subpoenas, its action must be affirmed. *See Citizens to Preserve Overton Park, Inc.*, 401 U.S. at 416 (emphasis added).

**D.     Order**

Based upon all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendants' motion to compel (ECF No. 701) is **DENIED** and the United States' motion to quash subpoenas (ECF No. 724) is **GRANTED**.

`DATED: September 22, 2017                             *s/Franklin L. Noel*
                                                      FRANKLIN L. NOEL
                                                      United States Magistrate Judge