UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: BAIR HUGGER FORCED AIR WARMING DEVICES PRODUCTS LIABILITY LITIGATION | MDL No. 15-2666 (JNE/FLN) |
| | **ORDER** |

This Document Relates To:
Case Nos.:   16-cv-514 (*Chavers v. 3M Co., et al.*)
16-cv-625 (*Van Wart, et al. v. 3M Co., et al.*)
16-cv-821 (*Stewart v. 3M Co., et al.*)
16-cv-2055 (*Redford v. 3M Co., et al.*)
16-cv-2213 (*Chenoweth v. 3M Co., et al.*)
16-cv-2428 (*King, Jr. v. 3M Co., et al.*)
16-cv-2957 (*Zivanovich v. 3M Co., et al.*)
16-cv-3062 (*Moses v. 3M Co., et al.*)
16-cv-4288 (*Johnson v. 3M Co., et al.*)
16-cv-4290 (*Kauanui v. 3M Co., et al.*)
17-cv-435 (*Debbie Warren v. 3M Co., et al.*)
17-cv-971 (*Lee v. 3M Co., et al.*)
17-cv-977 (*Saldana v. 3M Co., et al.*)
17-cv-984 (*West v. 3M Co., et al.*)
17-cv-1027 (*Michael Warren v. 3M Co., et al.*)

---

Defendants 3M Company and Arizant Healthcare Inc. moved to dismiss eighteen actions, including the fifteen listed above, for Plaintiffs' failure to comply with a court order, Pretrial Order No. 14 ("PTO 14"). Mot. to Dismiss ("Motion"), 15-md-2666 Dkt. No. 715. Defendants withdrew the Motion for Darryl Chavers (16-cv-514), Mark Chenoweth (16-cv-2213), Anita Johnson (16-cv-4288), Walter H. King, Jr. (16-cv-2428), Anieta A. Moses (16-cv-3062), Jasmine Stewart (16-cv-821), Michael Warren (17-cv-1027) and Eric Zivanovich (16-cv-2957). Hulse Ltr., 15-md-2666 Dkt. No. 853. Plaintiffs John & Alice Garger (17-cv-767 Dkt. No. 10), Ronald & Myra White (17-cv-829 Dkt. No 6), and Allen Zenner (16-cv-1774 Dkt. No. 7) stipulated to dismiss their claims with prejudice. The remaining seven Plaintiffs did not oppose. The Court held a hearing on the Motion on September 21, 2017 and decided the Motion on the record. The Court now memorializes its rulings and provides more reasoning.

**Dismissal with prejudice as to remaining seven cases**

The Court **GRANTED** the Motion for the remaining seven cases. The Court may dismiss an action with prejudice "[i]f the plaintiff fails to prosecute or to comply with a court order." Fed. R. Civ. P. 41(b). Even for failures to respond, noncompliance with a court order can "constitute[] a pattern of intentional delay meriting dismissal with prejudice" under Rule 41(b). *First Gen. Res. Co. v. Elton Leather Corp.*, 958 F.2d 204, 206 (8th Cir. 1992) (affirming dismissal under R. 41(b) when plaintiffs failed to respond to a discovery request and the follow-up court order, because the trial court gave them an opportunity to cure and an express warning about dismissal). By PTO 14, the Court here ordered Plaintiffs to respond to a request for information in lieu of discovery. *See* PTO ¶¶ 2-4 (requiring PFS service, verification and "core" facts). The Court provided an opportunity to cure. *Id.* ¶¶ 6-8 (providing that dismissal can happen only after a three-week long meet-and-confer process and then "two sequential court conferences" each one month apart). And the Court warned expressly of dismissal. *Id.* ¶ 8 (warning that "Defendants may make a motion for dismissal for failure to comply with this Court's Pretrial Order as to the allegedly delinquent party"). Besides, when Defendants moved to dismiss the Plaintiffs here, the Court had already ruled on two earlier motions to dismiss as to other plaintiffs failing to comply with PTO 14. Order, 15-md-2666 Dkt. No. 622 (July 24, 2017); Order, 15-md-2666 Dkt. No. 577 (June 16, 2017). Thus, if PTO 14's opportunity to cure has run, a plaintiff's continued noncompliance is a pattern of intentional delay for which the Court may dismiss her action with prejudice under Rule 41(b).

The Court need not consider lesser sanctions if, as here, "plaintiffs are preventing the defendants from completing discovery." *First Gen.*, 958 F.2d at 206. Even if the Court were to consider the proffered lesser sanction of dismissal without prejudice, Plaintiffs must explain why this lesser sanction would be effective given that prior warnings had failed. *See id.* at 206

2

(affirming dismissal with prejudice because "the district court already found lesser sanctions ineffective").  These failed prior warnings include those built into PTO 14 and the prior dismissal orders as to other plaintiffs, described above.  Plaintiffs here did not explain why lesser sanctions would work when prior warnings had failed.  *See, e.g.*, Debbie Warren's Resp., 15-md-2666 Dkt. No. 837.  Dismissal with prejudice was thus the appropriate sanction.

PTO 14 provides for service of PFSs in lieu of interrogatories.  *Cf.*  Fed. R. Civ. P. 33.  By completing PFSs, Plaintiffs disclose facts material to their claims that would otherwise be disclosed in traditional discovery.  To allow the Court to manage this MDL and to allow the parties to fairly negotiate settlement or advance to trial, Plaintiffs must disclose these facts on the schedule that they negotiated and submitted to the Court for adoption.  *See Manual for Complex Litigation* § 22.83 (4th ed. 2004) (recommending that, with the parties' guidance, courts create tools other than interrogatories to "prevent multiple requests for the same information").

Defendants argued that Plaintiffs had either not served PFSs, *see* PTO 14 ¶ 2 (requiring service), or if they had served, served unverified and deficient PFSs, *see id.* ¶ 3 (requiring verification under oath); *id.* ¶ 4 (listing "core deficiencies" in responses that justify dismissal).  Defendants cited defects in PFS responses about core facts such as medical condition (PFS section IV, parts 1, 7, 8 and 10), insurance coverage (PFS section V, all parts) and alleged economic damages (PFS section VII, parts 1-2).  Defendants had timely notified Plaintiffs of these defects.  *See* PTO 14 ¶ 6.  Because Plaintiffs had failed to resolve these defects despite notice and appearing on the status-conference agenda for two sequential conferences (June 9, 2017 and July 14, 2017), Defendants had validly moved to dismiss.  *See id.* ¶ 8.

**A.  For Plaintiffs Emery Kauanui (16-cv-4290), Guadalupe Lee (17-cv-971), Melissa Redford (16-cv-2055), Norma Saldana (17-cv-977), Louis & Marjory Van Wart (16-cv-625), Jane West (17-cv-984), neither Plaintiff nor Plaintiff's counsel responded to the Motion.**

The Court **DISMISSED** these six actions *with prejudice* under Rule 41(b) for Plaintiffs' failure to comply with PTO 14 and to prosecute their cases.

**B. Plaintiff Debbie Warren (17-cv-435) did not oppose the Motion.**

For Plaintiff Debbie Warren, her counsel submitted a log of attempts to solicit her help in prosecuting her case.  Debbie Warren's Resp. ¶¶ 8-9, 15-md-2666 Dkt. No. 837.  This submission did not oppose the Motion because it neither disputed Defendants' contentions nor excused Plaintiff's noncompliance with PTO 14.  *Compare* Order 2, 15-md-2666 Dkt. No. 622 (deeming log of "unsuccessful attempts to enlist the client's cooperation" non-opposition), *with id.* ¶ 9 ("While counsel has diligently continued to make efforts in July, August, and September of 2017 to contact Ms. Warren, counsel has not been successful.").  Still, counsel requested a ninety-day extension.  Debbie Warren's Resp. 3.  The Court rejected this request because Debbie Warren's excuse of her moving and becoming ill was undocumented.  *See id.* ¶ 8.  The Court thus **DISMISSED** Debbie Warren's action *with prejudice* under Rule 41(b) for Plaintiffs' failure to prosecute and failure to comply with PTO 14.

Therefore, based on the files, records, and proceedings herein, IT WAS ORDERED THAT:

1. Defendants 3M Company and Arizant Healthcare Inc.'s Motion to Dismiss for Failure to Comply with Pretrial Order No. 14 ("Motion") [Dkt. No. 715] was GRANTED IN PART and DENIED IN PART as stated below.

2. The Motion was DENIED as moot as to 16-cv-514 (*Chavers v. 3M Co., et al.*), 16-cv-821 (*Stewart v. 3M Co., et al.*), 16-cv-2213 (*Chenoweth v. 3M Co., et al.*), 16-cv-2428 (*King, Jr. v. 3M Co., et al.*), 16-cv-2957 (*Zivanovich v. 3M Co., et al.*), 16-cv-3062 (*Moses v. 3M Co., et al.*), 16-cv-4288 (*Johnson v. 3M Co., et al.*) and 17-cv-1027 (*Michael Warren v. 3M Co., et al.*).

3. The following cases were DISMISSED WITH PREJUDICE: Nos. 16-cv-625 (*Van Wart, et al. v. 3M Co., et al.*), 16-cv-2055 (*Redford v. 3M Co., et al.*), 16-cv-4290 (*Kauanui v. 3M Co., et al.*),17-cv-435 (*Debbie Warren v. 3M Co., et al.*), 17-cv-971 (*Lee v. 3M Co., et al.*), 17-cv-977 (*Saldana v. 3M Co., et al.*) and 17-cv-984 (*West v. 3M Co., et al.*).

Dated: September 26, 2017

 s/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge