UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: BAIR HUGGER FORCED AIR WARMING DEVICES PRODUCTS LIABILITY LITIGATION | MDL No. 15-2666 (JNE/FLN) |

This Document Relates to:

*Houseman v. 3M Co.,* No. 17-cv-2615

**DEFENDANTS' COMBINED (1) RESPONSE TO MOTION TO WITHDRAW AND (2) MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

Defendants do not oppose Plaintiff's counsel's motion to withdraw. But Plaintiff's counsel's motion makes clear that there is no subject matter jurisdiction over this case and that it should be dismissed with prejudice pursuant to Rule 12(b)(1).

Plaintiff's counsel's motion reveals that, at the time the Complaint was filed in MDL No. 15-2666, the named plaintiff, Barbara Houseman, had been deceased *for over five months*. Commencing a suit in the name of a deceased plaintiff is a legal nullity, and therefore there is no plaintiff with Article III standing, and no case or controversy that could support this Court's subject matter jurisdiction. The problems cannot be cured by substituting a personal representative. Substitution is not allowed under Rule 25 when a case was improperly filed on behalf of a deceased person in the first place.

**BACKGROUND**

On July 7, 2017, the Plaintiff's First Amended Master Short Form Complaint (Case No. 17-cv-2615) ("Complaint") was filed in MDL No. 16-2666 ("MDL"). *See* Dkt. No. 1.

The Complaint identifies "Barbara Houseman" individually as the plaintiff – no other party was named as plaintiff either individually or in a representative capacity. *Id.* No indication is given on the Complaint that she had been deceased for five months. This appears to be part of a broader issue in the MDL, where some plaintiffs' counsel are acting on behalf of deceased plaintiffs without appointment of a legal representative.[1]

Plaintiff's attorneys, Brown & Crouppen, P.C., filed a motion to withdraw as counsel of record without substitution on October 2, 2017 ("Motion to Withdraw"). *See* Dkt. No. 6. In the Motion to Withdraw, counsel for Plaintiff admitted that Ms. Houseman died on February 3, 2017. *Id*. Therefore, based on counsel's admission, Plaintiff had been deceased over five months when this action was commenced in her name.

As set forth below, a deceased person cannot commence an action, and any action filed in the name of a deceased person is a legal nullity. Amending the complaint to substitute a personal representative for a deceased plaintiff is not permitted under Rule 25.

**A. Commencing a Suit in the Name of a Deceased Person Is a Nullity.**

To have the capacity to bring a lawsuit, a party must have a legal existence. *Adelsberger v. U.S.*, 58 Fed. Cl. 616 (Fed. Cl. 2003); s*ee also In re Bard IVC Filters Prod.*

---

[1] The Court addressed this issue during the August 17, 2017 case status conference, expressing concern that plaintiffs' counsel (Kennedy Hodges, L.L.P.) in the Minnie Rivers (16-cv-1847) and Patrick Upton (16-cv-2374) actions had submitted PFSs knowing each plaintiff was deceased. *See* Court's Order dated August 25, 2017 (MDL Dkt. No. 692). The Court initially dismissed *Rivers* and *Upton* for a different reason – the PFSs had core deficiencies which remained uncured -- but stayed the order for two weeks to allow counsel the opportunity to argue against dismissal, and answer how they had the authority to serve the PFSs after Plaintiffs' death. *Id*. Plaintiffs provided no such authority, and the cases were dismissed with prejudice. *See* Court's Order dated September 5, 2017 (Dkt. No. 8, No. 16-cv-1847).

*Liab. Litig.*, No. 2641, 2016 WL 3055112, at *1 (D. Ariz. May 31, 2016) ("[o]nly a real party in interest has the capacity to bring a lawsuit"). "A person who dies prior to filing suit is not a legal entity" and an action filed in the name of a deceased party is a nullity. *Adelsberger*, 58 Fed. Cl. at 618 ("[t]he question presented is whether an action can be initiated in the name of a deceased person. We think the answer is plainly, 'no.'"); *see also In re Asbestos Products Liability Litigation (No. VI),* 311 F.R.D. 152, 155 (E.D. Pa. 2015) (deceased plaintiffs had no legal existence when complaints were filed; their suits are nullities with no legal effect); *Banakus v. United Aircraft Corp.*, 290 F. Supp. 259, 260 (S.D.N.Y. 1968) (suit is a nullity where plaintiff, unbeknownst to counsel, died the same day – possibly less than an hour before – the complaint was filed). Indeed, under Ohio law, the state of Ms. Houseman's residence prior to her death, a deceased individual cannot be a party to a lawsuit. *See Levering v. Riverside Methodist Hosp.*, 441 N.E.2d 290, 292 (Ohio Ct. App. 1981) (irrelevant whether the deceased party is the defendant or plaintiff, a "dead person cannot be a party").

In addition, a lawsuit filed in the name of a deceased individual is a nullity over which the court has no jurisdiction. *In re Engle Cases I*, No. 3:09-CV-10000-J-32, 2013 WL 8115442, at *2 (M.D. Fla. Jan. 22, 2013) (*citing Noble v. Corkin,* 717 A.2d 301, 302–03 (Conn. Super. Ct. 1998) ("[A] dead person is a nonexistent entity and cannot be a party to a suit.... Such proceedings are void *ab initio* and do not invoke the jurisdiction of the court."). Here, the Complaint was filed in Ms. Houseman's name, in her individual capacity, even though she had been dead for over five (5) months. The Complaint is therefore a nullity, creating a jurisdictional defect which requires dismissal with prejudice.

3

### B. Amending the Complaint to Substitute a Personal Representative is Not Permissible

Rule 25(a)(1) of the Federal Rules of Civil Procedure states that "[i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party." Fed. R. Civ. P. 25(a)(1). By its plain language, Rule 25 allows substitution for a deceased party only when the individual was properly a party to the suit before his or her death. *Mizukami v. Buras*, 419 F.2d 1319, 1320 (5th Cir. 1969). The complaint may not be amended nor may plaintiffs be substituted. *In re Asbestos Prods. Liab. Litig. (No. VI)*, 311 F.R.D. at 155; *see also Banakus,* 290 F. Supp. at 260 (suit filed by a deceased individual "must be treated as a nullity and it cannot be given life by substituting parties and amending the complaint"); *In re Engle Cases*, 2013 WL 8115442, at *4 (suits brought by deceased parties are nullities and "no substitution or amendment can save these claims").

As discussed above, this lawsuit is a legal nullity. Accordingly, it is not permissible for the Complaint to be amended to substitute the personal representative of Ms. Houseman's estate, should such a representative exist now or be named in the future.

### CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court dismiss this case with prejudice pursuant to Rule 12(b)(1). Defendants further request that they be awarded their fees and costs in bringing this motion, because there is no excuse for this case having been filed five months after the plaintiff died, and for the Short Form Complaint to represent that she was still living.

Dated: October 10, 2017

Respectfully submitted,

s/Benjamin W. Hulse
Jerry W. Blackwell (MN #186867)
Benjamin W. Hulse (MN #0390952)
Mary S. Young (MN #0392781)
BLACKWELL BURKE P.A.
431 South Seventh Street
Suite 2500
Minneapolis, MN 55415
Phone: (612) 343-3256
Fax: (612) 343-3205
Email: blackwell@blackwellburke.com
myoung@blackwellburke.com
bhulse@blackwellburke.com

Bridget M. Ahmann (MN #016611x)
FAEGRE BAKER DANIELS LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
Phone: (612) 766-7000
Email: bridget.ahmann@faegrebd.com

***Counsel for Defendants 3M Company and Arizant Healthcare Inc.***