UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

In re: BAIR HUGGER FORCED AIR WARMING DEVICES PRODUCTS LIABILITY LITIGATION

MDL No. 15-2666 (JNE/FLN)

_____

This Document Relates To:
*All Cases*

**PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO EXCLUDE THE TESTIMONY OF ANTONIA HUGHES, RN, PHD UNDER FED. R. EVID. 702-703**

## I.  INTRODUCTION

In its response, Defendants offer no reason Antonia Hughes, RN, Ph.D. should be permitted to provide expert testimony. In an effort to salvage her report, Defendants attempt to label her strictly as a "rebuttal" expert witness.[1] This effort at revival fails because Nurse Hughes reviewed only one of Plaintiffs' expert witness reports and admitted at deposition that she was not rebutting this expert's testimony.[2] Defendants otherwise offered no support for why Hughes' testimony is reliable under Rule 702 and *Daubert*. Accordingly, for the reasons stated herein and in Plaintiffs' opening brief, the Court should exclude Nurse Hughes from testifying as an expert witness because her opinion that operating rooms are not completely sterile (an undisputed fact in the case) is neither instructive nor helpful to the jury.

---

[1] All of Defendants' proffered experts are rebuttal witnesses given the timing of the disclosures under this Court's scheduling order.
[2] Ex. B (Hughes Dep. at 177:5-178:2.)

## II. ARGUMENT

### A. Nurse Hughes Is Not Rebutting Key Premises of Plaintiffs' Case.

In its effort to salvage her opinion, Defendants argue that Hughes' testimony is relevant and reliable because she is rebutting testimony from Plaintiffs' experts that the Bair Hugger system is the most likely source of bacteria causing surgical infections. Setting aside for the moment the fact that Hughes is unqualified to opine on issues touching upon infectious disease or the cause or spread of infectious pathogens, Hughes' report and testimony make no attempt to address the role of the Bair Hugger in causing bacteria-laden particles to travel to the surgical site.

"'The function of rebuttal testimony is to explain, repel, counteract or disprove evidence of the adverse party. . . . As such, rebuttal evidence may be used to challenge the evidence or theory of an opponent—and not to establish a case-in-chief'" *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 759 (8th Cir. 2006) (internal citations omitted). Hughes' expert report neither explains, repels, counteracts nor disproves Plaintiffs' evidence; and, therefore, it cannot be properly denominated as rebuttal testimony.

The only opinion offered by Hughes is that the operating room is not sterile.[3] However, this simple assertion cannot transform her testimony into proper rebuttal evidence inasmuch as the lack of sterility of the operating room is uncontroverted. Moreover, Nurse Hughes and her counsel admitted at deposition that she was not providing an expert opinion on the safety or efficacy of the Bair Hugger device itself.[4] This candid admission forecloses Hughes from offering rebuttal testimony in this case.

---

[3] Ex. A (Hughes Rpt. at 6); Ex. B (Hughes Dep. at 115:12-116:21, 123:19-124:24.)
[4] Ex. B (Hughes Dep. at 168:25-169:16.)

Additionally, Hughes reviewed only one of the expert witness reports that Defendants argue she is rebutting. In its brief, Defendants argue that Hughes will be rebutting the reports of Koenigshofer, David, Stonnington, and Samet. However, Hughes only ever reviewed Dr. Stonnington's expert report.[5] On top of that, contrary to Defendants' argument, Hughes admitted at her deposition that she was not rebutting Dr. Stonnington's expert opinions.[6] In fact, at her deposition, she could not even remember what his report said.[7]

Further, Nurse Hughes admitted at her deposition that she has no knowledge about the specific testimony Defendants assert she is rebutting.[8] Defendants claim "Ms. Hughes' opinion that the operating room air is not sterile rebuts Koenigshofer's statement in his report that there is a 'waterfall of sterile air' from an operating room's ventilation system." (Def. Opp. at 8.) However, when asked if she knew if air from the ventilation system in the operating room was sterile, she admitted that she believes that it is not sterile, but does not actually know if the air coming out of the ventilation system is sterile or not.[9] Ms. Hughes is not qualified by education, training, or experience to offer opinions on the HVAC system or the airflow in an operating room. Accordingly, any such testimony or opinions must be excluded.

In making its argument that Hughes is a rebuttal expert, Defendants admit in its brief that she has no independent theories and conclusions. (Def. Opp. at 6.) Because she

---

[5] Ex. A (Hughes Rpt. at 1); Ex. B (Hughes Dep. at 35:1-37:16; 165:6-14.)
[6] Ex. B (Hughes Dep. at 173:24-174:1, 177:22-178:2.)
[7] Ex. B (Hughes Dep. at 173:18-23.)
[8] Ex. B (Hughes Dep. at 173:24-174:1, 177:22-178:2.)
[9] Ex. B (Hughes Dep. at 184:7-186:4.)

3

is not truly rebutting any specific testimony in this case, but merely proffered to talk about the "flow of a patient" to and from the operating room based on her personal experience, Hughes' testimony is irrelevant and unreliable and cannot be properly called rebuttal.[10]

The cases cited by Defendants support Plaintiffs' argument that Hughes' testimony should be excluded. In *Aviva Sports, Inc. v. Fingerhut Direct Marketing, Inc.*, 829 F. Supp.2d 802, 834 (D.Minn. 2011), the court allowed an expert report without independent theories and conclusions only because the expert was "critically evaluating" the procedures, results and conclusions in the opposing expert's report. Here, Hughes has read only a single one of Plaintiffs' expert reports.[11] She has done none of the critique and analysis required of a proper rebuttal expert and her testimony is, therefore, inadmissible under the rationale in *Aviva*. Nurse Hughes' testimony is not proper rebuttal and she should be excluded from testifying.

### B. Hughes' Testimony Does Not Assist the Trier of Fact.

Defendants argue that Hughes' testimony would assist the trier of fact because general procedures and equipment in the operating room are not common knowledge. (Def. Opp. at 6-7.) In doing so, Defendant attempts to defend Hughes' report (without citation) as providing opinions that are not actually present in the report. (Def. Opp. at 10.) For instance, contrary to Defendants' implications, Hughes has provided no expert testimony about the source of infections in operating rooms.[12] Hughes has not offered

---

[10] Ex. B (Hughes Dep. at 89:25-90;7).
[11] Ex. A (Hughes Rpt. at 1); Ex. B (Hughes Dep. at 35:1-37:1416; 165:6-14).
[12] Ex. A (Hughes Rpt. at 6); Ex. B (Hughes Dep. at 32:19-22; 112:16-21, 114:10-115:6, 180:6-18.)

4

this testimony because she is admittedly not qualified to do so. *See* Pls. Mem. at 2-4.

As explained in detail in Plaintiffs' opening Memorandum, Hughes' testimony does not assist the trier of fact and is unnecessarily duplicative. Defendants' response demonstrates that the testimony offered by Hughes—a general description of the operating room and an opinion that the operating room is not 100% sterile--can be presented at trial through the other experts in the case on direct and cross examination. *See* Fed. R. Evid. 403; *see also, Tran v. Toyota Motor Corp.,* 420 F.3d 1310, 1315 (11th Cir.2005) (noting that part of trial court's broad authority over trial management is the power to exclude cumulative testimony); *Laurent v. Ashcroft,* 359 F.3d 59, 63 (1st Cir.2004) (noting that "[c]ommon sense suggests that trial judges must be accorded considerable leeway in cutting off cumulative or redundant testimony, and the case law so holds."); *Leefe v. Air Logistics, *1050 Inc.,* 876 F.2d 409, 411 (5th Cir.1989) ("It is within the power of the district court to exclude testimony that is repetitious and cumulative of testimony already before the court.").

The cases cited by Defendants in support of its argument that Hughes' testimony will assist the trier of fact are easily distinguishable. In *Mancheria v. Kirkwood Fitness and Racquetball Clubs, Inc.*, 2010 WL 1114927, at **3-4, the Supreme Court of Delaware dismissed the case, in part, because the expert's opinion was conclusory. In addition, the cases Defendants cite relating to nurses offering testimony are distinguishable  because they all involve experts who were offering testimony about disputed issues in the case, not  testimony on uncontroverted issues that will already be presented in the case through other experts.

5

Thus, because Hughes offers nothing of a critical or disputed nature that is not already addressed by other experts, her testimony is cumulative, would not be helpful to the jury. Accordingly, Ms. Hughes' testimony should be excluded and she should be prohibited from serving as an expert witness.

### III.  CONCLUSION

For the reasons stated above and in the initial Plaintiff's Memorandum to Exclude her testimony, Plaintiffs ask the Court to Exclude the Testimony of Antonia Hughes, RN, BSN, MA, CNOR.

Dated:  October 17, 2017

Respectfully submitted,

s/Genevieve M. Zimmerman
Genevieve M. Zimmerman (MN #330292)
MESHBESHER & SPENCE, LTD.
1616 Park Avenue South
Minneapolis, MN 55404
Phone: (612) 339-9121
Fax: (612) 339-9188
Email: gzimmerman@meshbesher.com

Ben W. Gordon, Jr. (*Pro Hac Vice*)
LEVIN, PAPANTONIO, THOMAS,
MITCHELL, RAFFERTY &
PROCTOR, P.A.
316 South Baylen Street, Suite 600
Pensacola, FL 32502-5996
Phone: (850) 435-7091
Fax: (850) 435-7020
Email: bgordon@levinlaw.com

Jan M. Conlin (MN #0192697)
CIRESI CONLIN LLP
225 S. 6th St., Suite 4600
Minneapolis, MN 55402
Phone: 612.361.8202
Email: MVC@CiresiConlin.com
JMC@CiresiConlin.com

*Co-Lead Counsel For Plaintiffs*