UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: Bair Hugger Forced Air Warming Products Liability Litigation | MDL No. 2666 (JNE/FLN) |
| This Document Relates to All Actions | **JOINT MOTION REGARDING CONTINUED SEALING** |

Documents have been filed under temporary seal in connection with the following motion:

*Defendants' Motion to Exclude Plaintiffs' General Causation Medical Experts*     *(Doc. No. 745)*

Pursuant to LR 5.6, the parties submit this Joint Motion Regarding Continued Sealing.

| DKT. NO. | DESCRIPTION OF DOCUMENT | MARK "X" IN APPLICABLE COLUMN | | | NONPARTY THAT DESIGNATED DOC. CONFIDENTIAL (IF ANY) | REASON WHY DOCUMENT SHOULD REMAIN SEALED OR BE UNSEALED[i] |
|---|---|---|---|---|---|---|
| | | Parties Agree Doc. Should Remain Sealed | Parties Agree Doc. Should Be Unsealed | Parties Disagree | | |
| 879 | Memorandum in Opposition to Defendants' Motion to Exclude Plaintiffs' General Causation Medical Experts | | | X | Not Applicable. | Plaintiffs' position. The Plaintiffs respectfully maintain there is a strong public interest afforded by both the First Amendment and common law in accessing court proceedings and records. See, e.g., Ass. Press v. District Court, 705 F.2d 1143, 1145 (9th Cir. 1983); NBC Subsidiary (KNBC-TV), Inc., v. Superior Court, 980 P.2d 337, 358 (Cal. 1999); Mokhiber v. Davis, 537 A.2d 1100, 1107 n.4 (D.C. 1988). As the party attempting to seek restrictions on public right of access to court proceedings, Defendants bear the burden of showing good cause support access restrictions. See Pansy v. Borough of Stroudsburg, 23 F.3d 772, 785-86 (3d Cir. 1994) (noting good cause requires showing disclosure will cause a clearly defined and serious injury, which must be demonstrated with specificity)(quotations omitted). One of the relevant factors in considering |

| | | |
|---|---|---|
| whether to deny public access is whether confidentiality is being sought over information important to public health and safety. *See Glenmede Trust Co., v. Thompson*, 56 F.3d 476, 483 (3d Cir. 1995).<br><br>Defendants made no attempt to seal the proceedings, and have failed to demonstrate with specificity any clearly defined and serious injury that satisfies good cause requirement for sealing the Court proceedings and files. As the Defendants are aware, the press was present and taking notes throughout the duration of the three-day hearing.<br><br>Defendants' position. Plaintiffs' brief should be redacted in accordance with Defendants' requests to maintain sealing of exhibits, as set forth below. Specifically, those portions of the brief that quote or paraphrase PX18, PX20, PX48, PX62, PX68, PX75, PX76, PX78, and PX80 should be redacted. | Not Applicable. | **Plaintiffs' position.** Plaintiffs maintain their position with respect to presumed public access to these documents. The fact of Defendants' |
| | X | |
| | | |
| | | |
| 881 | Plaintiffs' Exhibit (PX) 18 (3MBH01330587–92) | |

| | | | | | | |
|---|---|---|---|---|---|---|
| 882 | Plaintiffs' Exhibit (PX) 19 (3MBH00130429–32) | | | X | Not Applicable. | was raised during oral argument at the hearing on this matter. See Trans. --:--<br><br>Defendants' position. This document should remain under seal; or at a minimum, the top email (from Mark Morken to Scott Waite on 7/10/15 at 10:32 p.m.) should be redacted. The top email among 3M personnel concerns the company's internal decisionmaking on research. Defendants designated this document as Confidential under PTO 7 because it contains strategic planning information of competitive significance. |
| 883 | Plaintiffs' Exhibit (PX) 20 (3MBH01300839–40) | | | X | Not Applicable. | Plaintiffs' position: The Plaintiffs respectfully submit the public interest in accessing this document is significant. The internal email was sent as the parties were working to schedule depositions of Dr. Harper and other admittedly prominent researchers in the UK in connection with this very litigation, and details Defendants' admission ▮▮▮▮▮ which is information very important issues of public health and safety. |

| | | | | | |
|---|---|---|---|---|---|
| 884 | Plaintiffs' Exhibit (PX) 31 (3MBH01944765) | | X | | Not Applicable. | |
| 885 | Plaintiffs' Exhibit (PX) 37 (3MBH00050932–33) | | X | | Not Applicable. | |
| 886 | Plaintiffs' Exhibit (PX) 42: Excerpts of 3/7/17 deposition of Albert P. Van Duren | | X | | Not Applicable. | |
| 887 | Plaintiffs' Exhibit (PX) 48 (3MBH00001336) | | | X | Not Applicable. | Plaintiffs' position. The Plaintiffs respectfully submit the public interest in accessing this document is significant. The internal document contains an admission from executive Mr. Al Van Duren (who was also the 3M corporate designee for the 30(b)(6) deposition taken during this MDL. |

Defendants' position. This document should remain under seal; or at a minimum, the email from Christine Bongards to Mark Morken and others dated 7/22/16 should be redacted. This is an email among 3M personnel concerns the company's internal deliberations on proposed research. Defendants designated this document as Confidential under PTO 7 because it contains internal planning information of competitive significance.

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | | This admission is information very important to issues of public health and safety.<br><br>Defendants' position. This document should remain under seal. The Court previously ordered that this document should remain under seal when it was filed at Doc. No. 347. (See Order, Doc. No. 854.) This document is an internal draft of talking points for Arizant sales representatives from 2010. It was labeled "Confidential—Not for external distribution" at the time. It is not a final version whose content may have been publicly disclosed. Defendants designated this document as Confidential under PTO 7 because it contains strategic planning information of competitive significance. | |
| 889 | Plaintiffs' Exhibit (PX) 58 (3MBH01534469–71) | | X | | Not Applicable. | |
| 890 | Plaintiffs' Exhibit (PX) 61 (3MBH00051588) | | X | | Not Applicable. | |

| | | | | | |
|---|---|---|---|---|---|
| 891 | Plaintiffs' Exhibit (PX) 62 (3MBH00544754–55) | | | X | Not Applicable. | Plaintiffs' position. The Plaintiffs respectfully submit the public interest in accessing this document is significant. The internal email ▬▬▬ which is information very important issues of public health and safety.<br><br>Defendants' position. This document should remain under seal. *The Court previously ordered that this document should remain under seal when it was filed at Doc. No. 385. (See Order, Doc. No. 854.) The document, entitled "Competitive Outline_v1.pptx," reflects internal correspondence among 3M employees relating to strategic planning. Defendants designated this document as Confidential under PTO 7 because it contains strategic planning information of competitive significance.* |
| 892 | Plaintiffs' Exhibit (PX) 63 (3MBH00555977–78) | | X | | Not Applicable. | |
| 893 | Plaintiffs' Exhibit (PX) 65 (3MBH00048067–85) | | X | | Not Applicable. | |
| 895 | Plaintiffs' Exhibit (PX) 68 (3MBH00554405–06) | | | X | Not Applicable. | Plaintiffs' position. The Plaintiffs respectfully submit the public interest in accessing this document is |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | significant. The internal email ▓▓▓▓▓▓ These admissions are contrary to Defendants' public positions today, and is information very important issues of public health and safety. Defendants' position. This document should remain under seal. The document, entitled "The Recrudescence of Obloquy," reflects internal correspondence among 3M employees relating to (i) preparing a response to false statements by Dr. Scott Augustine and (ii) ideas for possible future product development. Defendants designated this document as Confidential under PTO 7 because it contains strategic planning information of competitive significance. | | |
| 897 | Plaintiffs' Exhibit (PX) 72 (3MBH01976220–22) | | | X | | Not Applicable. |
| 899 | Plaintiffs' Exhibit (PX) 74 (3MBH01485746–47) | | | X | | Not Applicable. |

| 900 | Plaintiffs' Exhibit (PX) 75 (3MBH00556461–70) | | | X | Not Applicable. | Plaintiffs' position. The Plaintiffs respectfully submit the public interest in accessing this document is significant. ████████████ | Defendants' position. This document should remain under seal. It is a spreadsheet that contains records of communications with 3M customers and potential customers concerning the Bair Hugger system and includes 3M sales representatives' notations concerning their strategies for these accounts. Several of the communications arise directly from competitor Scott Augustine's attempts to get the customers to switch from the Bair Hugger to the HotDog. Disclosure of this internal strategizing regarding customers is likely to cause competitive harm to |

| | | | | | |
|---|---|---|---|---|---|
| 901 | Plaintiffs' Exhibit (PX) 76 (3MBH01332558) | | | | 3M if publicly disclosed. Defendants designated the content of this document as Confidential under PTO 7 because it contains strategic planning information of competitive significance. |
| | Not Applicable. | X | | | Plaintiffs' position. The Plaintiffs respectfully submit the public interest in accessing this document is significant. ▮▮▮▮▮▮▮▮▮ and is information very important issues of public health and safety.<br><br>Defendants' position. This document should remain under seal. This is an internal 3M communication between sales personnel concerning sales strategy relating to a specific customer. Disclosure of this internal sales strategizing is likely to cause competitive harm to 3M if publicly disclosed. Defendants designated the content of this document as Confidential under PTO 7 because it contains strategic planning |

| | | | | | | |
|---|---|---|---|---|---|---|
| 902 | Plaintiffs' Exhibit (PX) 77 (3MBH00144055) | | X | | Not Applicable. | information of competitive significance. |
| 903 | Plaintiffs' Exhibit (PX) 78 (3MBH01260231–32) | | | X | Not Applicable. | Plaintiffs' position. The internal email ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ These admissions are contrary to Defendants' public positions today, and is information very important issues of public health and safety.<br><br>Defendants' position. This document should remain under seal. This is an internal 3M communication between sales personnel concerning sales strategy relating to a specific customer. Disclosure of this internal sales strategizing is likely to cause competitive harm to 3M if publicly disclosed. Defendants designated the content of this document as Confidential under PTO 7 because it contains strategic planning information of competitive significance. |

| | | | | | |
|---|---|---|---|---|---|
| 904 | Plaintiffs' Exhibit (PX) 79 (3MBH00799540) | | X | | Not Applicable. |
| 905 | Plaintiffs' Exhibit (PX) 80 (3MBH01975262–65) | | | X | Not Applicable. | **Plaintiffs' position.** The Plaintiffs respectfully submit the public interest in accessing this document is significant. The Plaintiffs respectfully submit the public interest in accessing this (already redacted) document is significant. The email was sent outside the company, and directs the recipient to a website then owned and operated by the Blackwell Burke firm (now registered to 3M directly). The document contains information very important issues of public health and safety.<br><br>**Defendants' position.** This document should remain under seal. This is an internal 3M communication among sales personnel concerning discussions with the representatives of the government of South Korea concerning reimbursement for patient warming blankets. Disclosure of this internal sales strategizing is likely to cause competitive harm to 3M if publicly disclosed. Defendants designated the content of this document as Confidential under PTO 7 because it contains strategic planning information of competitive significance. |

Dated: November 7, 2017            Respectfully submitted,

s/Benjamin W. Hulse                s/Genevieve M. Zimmerman
Jerry W. Blackwell (MN #186867)    Genevieve M. Zimmerman (MN #330292)
Benjamin W. Hulse (MN #0390952)    MESHBESHER & SPENCE, LTD.
Mary S. Young (MN #0392781)        1616 Park Avenue South
BLACKWELL BURKE P.A.               Minneapolis, MN 55404
431 South Seventh Street           Phone: (612) 339-9121
Suite 2500                         Fax: (612) 339-9188
Minneapolis, MN  55415             Email:   gzimmerman@meshbesher.com
Phone: (612) 343-3256
Fax: (612) 343-3205                Michael V. Ciresi (MN #0016949)
Email: blackwell@blackwellburke.com   Jan M. Conlin (MN #0192697)
       myoung@blackwellburke.com   CIRESI CONLIN LLP
       bhulse@blackwellburke.com   225 S. 6th St., Suite 4600
                                   Minneapolis, MN 55402
Bridget M. Ahmann (MN #016611x)    Phone: 612.361.8202
FAEGRE BAKER DANIELS LLP           Email:   MVC@CiresiConlin.com
2200 Wells Fargo Center                     JMC@CiresiConlin.com
90 South Seventh Street
Minneapolis, MN 55402              Ben W. Gordon, Jr. (*Pro Hac Vice*)
(612) 766-7000                     LEVIN, PAPANTONIO, THOMAS, MITCHELL,
Email:   bridget.ahmann@faegrebd.com   RAFFERTY & PROCTOR, P.A.
                                   316 South Baylen Street, Suite 600
**Counsel for Defendants 3M Company and**   Pensacola, FL 32502-5996
**Arizant Healthcare, Inc.**       Phone: (850) 435-7091
                                   Fax: (850) 435-7020
                                   Email:   bgordon@levinlaw.com

                                   **Co-Lead Counsel for Plaintiffs**

[i] This explanation should be very brief. For example:

1. contains information designated as confidential by a nonparty
2. contains information designated as confidential under a non-disclosure agreement between plaintiff and nonparty
3. contains information designated as confidential under a protective order issued in this case [MDL 2666 Docket No. 39]
4. discovery materials filed in connection with a motion under Fed R. Civ. P. 37
5. reveals trade secrets of defendant
6. reveals proprietary business methods of plaintiff
7. confidential financial records
8. confidential medical records
9. contains termination information regarding former employees of defendant
10. reveals information regarding a minor
11. contains information ordered sealed by the court on DATE [Docket No. XX]