UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

In re: Bair Hugger Forced Air Warming
Products Liability Litigation

MDL No. 2666
(JNE/FLN)

This Document Relates to All Actions

**JOINT MOTION REGARDING
CONTINUED SEALING**

Documents have been filed under temporary seal in connection with the following motion:

*Defendants' Motion for Summary Judgment With Respect to
General Causation*

*(Doc.
No. 759)*

Pursuant to LR 5.6, the parties submit this Joint Motion Regarding Continued Sealing.

| DKT. NO. | DESCRIPTION OF DOCUMENT | MARK "X" IN APPLICABLE COLUMN | | | NONPARTY THAT DESIGNATED DOC. CONFIDENTIAL (IF ANY) | REASON WHY DOCUMENT SHOULD REMAIN SEALED OR BE UNSEALED[i] |
| | | Parties Agree Doc. Should Remain Sealed | Parties Agree Doc. Should Be Unsealed | Parties Disagree | | |
| 935 | Plaintiffs' Response Opposing Defendants' Motion for Summary Judgment | | | X | Not Applicable. | **Plaintiffs' position.** The Plaintiffs respectfully maintain there is a strong public interest afforded by both the First Amendment and common law in accessing court proceedings and records. *See, e.g., Ass. Press v. District Court,* 705 F.2d 1143, 1145 (9th Cir. 1983); *NBC Subsidiary (KNBC-TV), Inc., v. Superior Court,* 980 P.2d 337, 358 (Cal. 1999); *Mokhiber v. Davis,* 537 A.2d 1100, 1107 n.4 (D.C. 1988). As the party attempting to seek restrictions on public right of access to court proceedings, Defendants bear the burden of showing good cause support access restrictions. *See Pansy v. Borough of Stroudsburg,* 23 F.3d 772, 785-86 (3d Cir. 1994)(noting good cause requires showing disclosure will cause a clearly defined and serious injury, which must be demonstrated with specificity)(quotations omitted). One of the relevant factors in considering |

| 937 | Exhibit 2 to the Declaration of Genevieve M. Zimmerman in Support of Plaintiffs' Response Opposing Defendants' Motion for Summary Judgment ("Zimmerman Decl.") (3MBH00982867-85) | | | | X | Not Applicable. | whether to deny public access is whether confidentiality is being sought over information important to public health and safety. *See Glenmede Trust Co., v. Thompson*, 56 F.3d 476, 483 (3d Cir. 1995). Defendants made no attempt to seal the proceedings, and have failed to demonstrate with specificity any clearly defined and serious injury that satisfies good cause requirement for sealing the Court proceedings and files. As the Defendants are aware, the press was present and taking notes throughout the duration of the three-day hearing.<br><br>**Defendants' position.** Plaintiffs' brief should be redacted in accordance with Defendants' requests to maintain sealing of exhibits, as set forth below. Specifically, those portions of the brief that quote or paraphrase Exhibits 2, 3, 17, 22, 24, 26, 34 and 35 should be redacted. |
|---|---|---|---|---|---|---|---|

**Plaintiffs' position.** There is a strong public interest in disclosure of this document, which reflects

| 938 | Exhibit 3 to the Zimmerman Decl. (3MBH00001389-90) | | | | Not Applicable. | X | | [redacted]. The document was read aloud and displayed on multiple occasions during the three day hearing, in an open courtroom with the press and public in attendance. This document contains information significantly important to public health and safety, and plaintiffs respectfully submit it should be unsealed.<br><br>**Defendants' position.** This draft protocol relates to a clinical trial that was never performed. Public disclosure is likely to cause competitive harm to 3M by revealing relationships with clinics and competitive positioning of pre-warming product. | **Plaintiffs' position.** The Plaintiffs respectfully submit the public interest in accessing this document is significant. The internal document contains a [redacted] Al Van Duren (who was also the 3M corporate designee for the 30(b)(6) deposition taken during this MDL |

This admission is information very important to issues of public health and safety.

**Defendants' position.** This document should remain under seal. ***The Court previously ordered that this document should remain under seal when it was filed at Doc. No. 347. (See Order, Doc. No. 854.)*** This document is an internal draft of talking points for Arizant sales representatives from 2010. It was labeled "Confidential"—Not for external distribution" at the time. It is not a final version whose content may have been publicly disclosed. Defendants designated this document as Confidential under PTO 7 because it contains strategic planning information of competitive significance.

| 948 | Exhibit 17 to Zimmerman Decl. (30(b)(6) deposition of Albert Van Duren), redacted portions | | | Not Applicable. | |
|---|---|---|---|---|---|
| | Redactions on pp. 53-57 | | X | Not Applicable. | |
| | Redactions on pp. 59-61 | | X | Not Applicable. | |
| | Redactions on pp. 69-74 | | X | Not Applicable. | |
| | Redactions on pp. 80-84 | | X | Not Applicable. | |
| | Redactions on pp. 87-90 | | X | Not Applicable. | |
| | Redactions on pp. 93-94 | X | | Not Applicable. | **Plaintiffs' position.** Same position as outlined above: plaintiffs respectfully submit the motion papers and supporting documents are a matter of significant public interest, were argued and quoted from in open court, and should be publicly accessible. Defendants' ongoing attempt to paint all safety questions and/or studies as nefarious and tainted by Augustine should be rejected. **Defendants' position.** Testimony concerns internal strategy to deal with customer perceptions influenced by Augustine campaign. These internal deliberations are |

| | | | | Not Applicable | Position |
|---|---|---|---|---|---|
| Redactions on p. 96 | | | X | Not Applicable. | **Plaintiffs' position.** Same position as outlined above: plaintiffs respectfully submit the motion papers and supporting documents are a matter of significant public interest, were argued and quoted from in open court, and should be publicly accessible. Defendants' ongoing attempt to paint all safety questions and/or studies as nefarious and tainted by Augustine should be rejected. **Defendants' position.** Testimony concerns internal strategy to deal with customer perceptions influenced by Augustine campaign. These internal deliberations are likely to cause competitive harm to 3M if publicly disclosed. |
| Redactions on pp. 98-100 | | | X | Not Applicable. | **Plaintiffs' position.** Same position as outlined above: plaintiffs respectfully submit the motion papers and supporting documents are a matter of significant public interest, were argued and quoted from in open court, and should be publicly accessible. Defendants' ongoing attempt to paint all safety questions and/or studies as |

| | | | | nefarious and tainted by Augustine should be rejected.<br><br>**Defendants' position.** Testimony concerns internal strategy to deal with customer perceptions influenced by Augustine campaign. These internal deliberations are likely to cause competitive harm to 3M if publicly disclosed. |
|---|---|---|---|---|
| Redactions on pp. 129-31 | | X | | Not Applicable. |
| Redactions on p. 136 | | X | | Not Applicable. |
| Redactions on pp. 138-144 | | X | | Not Applicable. |
| Redactions on p. 153 | | X | | Not Applicable. |
| Redactions on pp. 186-198 | | X | | Not Applicable. |
| Redactions on pp. 223-224 | | X | | Not Applicable. |
| Redactions on pp. 225-228 | | X | | Not Applicable. |
| Redactions on p. 245 | | | X | Not Applicable. — **Plaintiffs' position.** Same position as outlined above: plaintiffs respectfully submit the motion papers and supporting documents are a matter of significant public interest, were argued and quoted from in open court, and should be |

| | | | | | |
|---|---|---|---|---|---|
| Redactions on pp. 255-56 | | X | | Not Applicable. | publicly accessible. Defendants' ongoing attempt to paint all safety questions and/or studies as nefarious and tainted by Augustine should be rejected.<br><br>**Defendants' position.** Testimony concerns internal strategy to deal with customer perceptions influenced by Augustine campaign. These internal deliberations are likely to cause competitive harm to 3M if publicly disclosed. |
| Redactions on pp. 275-77 | | X | | | |
| Redactions on pp. 277-283 | | X | | Not Applicable. | |
| Redactions on p. 309 | | | X | Not Applicable. | **Plaintiffs' position.** Same position as outlined above: plaintiffs respectfully submit the motion papers and supporting documents are a matter of significant public interest, were argued and quoted from in open court, and should be publicly accessible. Defendants' ongoing attempt to paint all safety questions and/or studies as nefarious and tainted by Augustine should be rejected.<br><br>**Defendants' position.** Testimony concerns internal strategy to deal |

|  |  |  |  |  |  |  |
|---|---|---|---|---|---|---|
| | Redactions on pp. 318-322 | | X | Not Applicable. | with customer perceptions influenced by Augustine campaign. These internal deliberations are likely to cause competitive harm to 3M if publicly disclosed.<br><br>**Plaintiffs' position.** Same position as outlined above: plaintiffs respectfully submit the motion papers and supporting documents are a matter of significant public interest, were argued and quoted from in open court, and should be publicly accessible.<br><br>**Defendants' position.** Testimony concerns design and development of next-generation Bair Hugger warming system that is not at issue in this case. Public disclosure is likely to cause competitive harm to 3M. |
| 939 | Exhibit 21 to the Zimmerman Decl. (3MBH01485746-47) | X | | Not Applicable. | |
| 940 | Exhibit 22 to the Zimmerman Decl. (3MBH0055461-70) | | X | Not Applicable. | **Plaintiffs' position.** The Plaintiffs respectfully submit the public interest in accessing this document is significant. ███████████ |

| 941 | Exhibit 23 to the Zimmerman Decl. (3MBH00144055) | | X | | Not Applicable. | and is information very important issues of public health and safety.<br><br>**Defendants' position.** This document should remain under seal. It is a spreadsheet that contains records of communications with 3M customers and potential customers concerning the Bair Hugger system and includes 3M sales representatives' notations concerning their strategies for these accounts. Several of the communications arise directly from competitor Scott Augustine's attempts to get the customers to switch from the Bair Hugger to the HotDog. Disclosure of this internal strategizing regarding customers is likely to cause competitive harm to 3M if publicly disclosed. Defendants designated the content of this document as Confidential under PTO 7 because it contains strategic planning information of competitive significance. |

| 943 | Exhibit 24 to the Zimmerman Decl. (3MBH01260231-32) | | | | X | Not Applicable. | **Plaintiffs' position.** The internal email acknowledges ████████ These admissions are contrary to Defendants' public positions today, and is information very important issues of public health and safety.<br><br>**Defendants' position.** This document should remain under seal. This is an internal 3M communication between sales personnel concerning sales strategy relating to a specific customer. Disclosure of this internal sales strategizing is likely to cause competitive harm to 3M if publicly disclosed. Defendants designated the content of this document as Confidential under PTO 7 because it contains strategic planning information of competitive significance. |
| 942 | Exhibit 26 to the Zimmerman Decl. (3MBH01975262-65) | | | | X | Not Applicable. | **Plaintiffs' position.** Plaintiffs respectfully submit the motion papers and supporting documents are a matter of significant public interest, were argued and quoted |

| 944 | Exhibit 34 to the Zimmerman Decl. (3MBH01617179-81) | | X | Not Applicable. | **Defendants' position.** This document should remain under seal. This is an internal 3M communication among sales personnel concerning discussions with the representatives of the government of South Korea concerning reimbursement for patient warming blankets. Disclosure of this internal sales strategizing is likely to cause competitive harm to 3M if publicly disclosed. Defendants designated the content of this document as Confidential under PTO 7 because it contains strategic planning information of competitive significance. | **Plaintiffs' position.** Same position as outlined above: plaintiffs respectfully submit the motion papers and supporting documents are a matter of significant public interest, were argued and quoted from in open court, and should be publicly accessible. |

from in open court, and should be publicly accessible. Because these documents address issues of health and public safety, Plaintiffs respectfully submit they should be unsealed.

| | |
|---|---|
| [REDACTED] Each of these touch on important issues of health and public safety, and Plaintiffs therefore respectfully submit this document should be unsealed. | **Defendants' position.** This document should remain under seal. ***The Court previously ordered that this document should remain under seal when it was filed at Doc. No. 340. (See Order, Doc. No. 854.)*** This document is an internal 3M document reflecting internal scientific and technical discussions. Defendants designated this document as Confidential under PTO 7 because it contains nonpublic technical and planning information of competitive significance to Defendants. |
| | |
| | |
| | |
| | |
| | |

| 945 | Exhibit 35 to the Zimmerman Decl. (3MBH00053467-72) | | | X | Not Applicable. | **Plaintiffs' position.** Plaintiffs respectfully submit this document touches on knowledge of the inadequate state of study on Bair Hugger safety. Because this knowledge goes to issues of health and public safety, Plaintiffs respectfully submit it should be unsealed.<br><br>**Defendants' position.** This document should remain under seal. *The Court previously ordered that this document should remain under seal when it was filed at Doc. No. 377. (See Order, Doc. No. 854.)* This document reflects notes of 3M employees from a strategic planning discussion. Defendants designated this document as Confidential under PTO 7 because it contains strategic planning information of competitive significance. |

Dated:  November 7, 2017

Respectfully submitted,

s/ Benjamin W. Hulse
Jerry W. Blackwell (MN #186867)
Benjamin W. Hulse (MN #0390952)
Mary S. Young (MN #0392781)
BLACKWELL BURKE P.A.
431 South Seventh Street
Suite 2500
Minneapolis, MN  55415
Phone: (612) 343-3256
Fax: (612) 343-3205
Email:  blackwell@blackwellburke.com
myoung@blackwellburke.com
bhulse@blackwellburke.com

Bridget M. Ahmann (MN #016611x)
FAEGRE BAKER DANIELS LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
(612) 766-7000
Email:  bridget.ahmann@faegrebd.com

**Counsel for Defendants 3M Company and Arizant Healthcare, Inc.**

s/ Genevieve M. Zimmerman
Michael V. Ciresi (MN #0016949)
Jan M. Conlin (MN #0192697)
CIRESI CONLIN LLP
225 S. 6th St., Suite 4600
Minneapolis, MN 55402
Phone: 612.361.8202
Email:   MVC@CiresiConlin.com
JMC@CiresiConlin.com

Ben W. Gordon, Jr. (*Pro Hac Vice*)
LEVIN, PAPANTONIO, THOMAS, MITCHELL,
RAFFERTY & PROCTOR, P.A.
316 South Baylen Street, Suite 600
Pensacola, FL 32502-5996
Phone: (850) 435-7091
Fax: (850) 435-7020
Email:   bgordon@levinlaw.com

Genevieve M. Zimmerman (MN #330292)
MESHBESHER & SPENCE, LTD.
1616 Park Avenue South
Minneapolis, MN 55404
Phone: (612) 339-9121
Fax: (612) 339-9188
Email:   gzimmerman@meshbesher.com
**Co-Lead Counsel for Plaintiffs**

---

i This explanation should be very brief.  For example:

1.  contains information designated as confidential by a nonparty
2.  contains information designated as confidential under a non-disclosure agreement between plaintiff and nonparty
3.  contains information designated as confidential under a protective order issued in this case [MDL 2666 Docket No. 39]
4.  discovery materials filed in connection with a motion under Fed R. Civ. P. 37
5.  reveals trade secrets of defendant
6.  reveals proprietary business methods of plaintiff
7.  confidential financial records
8.  confidential medical records
9.  contains termination information regarding former employees of defendant
10. reveals information regarding a minor
11. contains information ordered sealed by the court on DATE [Docket No. XX]