UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: Bair Hugger Forced Air Warming Products Liability Litigation | MDL No. 2666 (JNE/FLN) |
| This Document Relates to All Actions | **JOINT MOTION REGARDING CONTINUED SEALING** |

Documents have been filed under temporary seal in connection with the following motions:

| | |
|---|---|
| *Defendants' Motion to Exclude Plaintiffs' Expert Dr. Yadin David* | *(Doc. No. 758)* |
| *Plaintiffs' Motion to Exclude Defendants' Expert Timothy Ulatowski* | *(Doc. No. 755)* |

Pursuant to LR 5.6, the parties submit this Joint Motion Regarding Continued Sealing.

1

| DKT. NO. | DESCRIPTION OF DOCUMENT | MARK "X" IN APPLICABLE COLUMN | | | NONPARTY THAT DESIGNATED DOC. CONFIDENTIAL (IF ANY) | REASON WHY DOCUMENT SHOULD REMAIN SEALED OR BE UNSEALED[i] |
|---|---|---|---|---|---|---|
| | | **Parties Agree Doc. Should Remain Sealed** | **Parties Agree Doc. Should Be Unsealed** | **Parties Disagree** | | |
| 866 | Plaintiffs' Response to Defendants' Motion to Exclude Plaintiffs' Expert Dr. Yadin David<br><br>(Sealed version at Dkt. No. 866, redacted version at Dkt. No. 867) | | | X | Not Applicable. | **Plaintiffs' position**. The Plaintiffs respectfully maintain there is a strong public interest afforded by both the First Amendment and common law in accessing court proceedings and records. *See, e.g., Ass. Press v. District Court*, 705 F.2d 1143, 1145 (9th Cir. 1983); *NBC Subsidiary (KNBC-TV), Inc., v. Superior Court*, 980 P.2d 337, 358 (Cal. 1999); *Mokhiber v. Davis*, 537 A.2d 1100, 1107 n.4 (D.C. 1988). As the party attempting to seek restrictions on public right of access to court proceedings, Defendants bear the burden of showing good cause support access restrictions. *See Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 785-86 (3d Cir. 1994)(noting good cause requires showing disclosure will cause a clearly |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | | defined and serious injury, which must be demonstrated with specificity)(quotations omitted). One of the relevant factors in considering whether to deny public access is whether confidentiality is being sought over information important to public health and safety. *See Glenmede Trust Co., v. Thompson*, 56 F.3d 476, 483 (3d Cir. 1995).<br><br>Defendants made no attempt to seal the proceedings, and have failed to demonstrate with specificity any clearly defined and serious injury that satisfies good cause requirement for sealing the Court proceedings and files. As the Defendants are aware, the press was present and taking notes throughout the duration of the three-day hearing.<br><br>**Defendants' position**. Plaintiffs' brief should be remain redacted in accordance with the form in which the brief was filed at Dkt. No. 867.  The information redacted from this Dkt. No. 867 relates to citations to Dr. David's |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | | report discussing and/or depicting internal testing or research and development efforts by Defendants, and appears on pages 30-31, 36-38 of Dkt. No. 867. This information would likely cause competitive harm if released publicly. ***The Court previously ordered that this same information should remain under seal when it was filed as part of Dr. Yadin David's Report at Dkt. No. 316. (See Order, Doc. No. 854.)*** |
| 868 | Plaintiffs' Exhibit (PX) 1 (Expert Report of Dr. Yadin David) (Sealed version at Dkt. No. 868, redacted version at Dkt. No. 869) | | | X | Not Applicable. | **Plaintiffs' position**. The Plaintiffs respectfully maintain there is a strong public interest afforded by both the First Amendment and common law in accessing court proceedings and records. *See, e.g., Ass. Press v. District Court*, 705 F.2d 1143, 1145 (9th Cir. 1983); *NBC Subsidiary (KNBC-TV), Inc., v. Superior Court*, 980 P.2d 337, 358 (Cal. 1999); *Mokhiber v. Davis*, 537 A.2d 1100, 1107 n.4 (D.C. 1988). As the party attempting to seek restrictions on public right of access to court proceedings, Defendants bear the burden of showing good cause support |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | | access restrictions. *See Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 785-86 (3d Cir. 1994)(noting good cause requires showing disclosure will cause a clearly defined and serious injury, which must be demonstrated with specificity)(quotations omitted). One of the relevant factors in considering whether to deny public access is whether confidentiality is being sought over information important to public health and safety. *See Glenmede Trust Co., v. Thompson*, 56 F.3d 476, 483 (3d Cir. 1995).<br><br>Defendants made no attempt to seal the proceedings, and have failed to demonstrate with specificity any clearly defined and serious injury that satisfies good cause requirement for sealing the Court proceedings and files. As the Defendants are aware, the press was present and taking notes throughout the duration of the three-day hearing.<br><br>**Defendants' position**. Dr. David's expert report should remain redacted in accordance |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | | with the form in which it was failed at Dkt. No. 869. ***The Court previously ordered that the unredacted version of this document should remain under seal when it was filed at Doc. No. 316. (See Order, Doc. No. 854.)*** Dr. David's report contains discussions and/or depictions of internal testing, research, and development of Defendants. This information would likely cause competitive harm if released publicly. |
| 756 | Plaintiffs' Memorandum in Support of Motion to Exclude Defendants' Expert Timothy Ulatowski<br><br>(Sealed version at Dkt. No. 756, redacted version at Dkt. No. 757) | | X | | Not Applicable. | |
| 761 | Plaintiffs' Exhibit (PX) 1 (Excerpts of Deposition of Timothy Ulatowski)<br><br>(Sealed version at Dkt. No. 761, redacted version at Dkt. No. 764) | | x | | Not Applicable. | |

6

| 767 | Plaintiffs' Exhibit (PX) 2 (Expert Report of Timothy Ulatowski) | | x | | Not Applicable. | |
|---|---|---|---|---|---|---|
| 769 | Plaintiffs' Exhibit (PX) 3 (Substantial Equivalence Decision Making Documentation) | | x | | Not Applicable. | |
| 771 | Plaintiffs' Exhibit (PX) 4 (4/30/1998 FDA Letter to S. Augustine) | | X | | Not Applicable. | |
| 772 | Plaintiffs' Exhibit (PX) 5 (8/16/2010 Arizant Letter to FDA) | | X | | Not Applicable. | |
| 973 | Plaintiffs' Reply in Support of Their Motion to Exclude Defendants' Expert Timothy Ulatowski

(Sealed version at Dkt. No. 973, redacted version at Dkt. No. 974) | | x | | Not Applicable. | |

Dated:  November 7, 2017                                    Respectfully submitted,

| | |
|---|---|
| s/Bridget M. Ahmann | s/Genevieve M. Zimmerman |
| Bridget M. Ahmann (MN #016611x) | Genevieve M. Zimmerman (MN #330292) |
| M. Joseph Winebrenner (MN #0387889) | MESHBESHER & SPENCE, LTD. |
| FAEGRE BAKER DANIELS LLP | 1616 Park Avenue South |
| 2200 Wells Fargo Center | Minneapolis, MN 55404 |
| 90 South Seventh Street | T: (612) 339-9121     F: (612) 339-9188 |
| Minneapolis, MN 55402 | Email:  gzimmerman@meshbesher.com |
| T: (612) 766-7000     F: (612) 766-1600 | |
| Email: bridget.ahmann@faegrebd.com | Michael V. Ciresi (MN #0016949) |
|            joe.winebrenner@faegrebd.com | Jan M. Conlin (MN #0192697) |
| | CIRESI CONLIN LLP |
| Jerry W. Blackwell (MN #186867) | 225 S. 6th St., Suite 4600 |
| Benjamin W. Hulse (MN #0390952) | Minneapolis, MN 55402 |
| Mary S. Young (MN #0392781) | T: (612) 361.8202 |
| BLACKWELL BURKE P.A. | Email:  MVC@CiresiConlin.com |
| 431 South Seventh Street |            JMC@CiresiConlin.com |
| Suite 2500 | |
| Minneapolis, MN  55415 | Ben W. Gordon, Jr. (*Pro Hac Vice*) |
| T: (612) 343-3200     F: (612) 343-3205 | LEVIN, PAPANTONIO, THOMAS, MITCHELL, |
| Email:  blackwell@blackwellburke.com | RAFFERTY & PROCTOR, P.A. |
|            myoung@blackwellburke.com | 316 South Baylen Street, Suite 600 |
|            bhulse@blackwellburke.com | Pensacola, FL 32502-5996 |
| | T: (850) 435-7091     F: (850) 435-7020 |
| **Counsel for Defendants 3M Company and Arizant Healthcare, Inc.** | Email: bgordon@levinlaw.com |
| | **Co-Lead Counsel for Plaintiffs** |

US.115015294

---

[i] This explanation should be very brief.  For example:

1. contains information designated as confidential by a nonparty
2. contains information designated as confidential under a non-disclosure agreement between plaintiff and nonparty
3. contains information designated as confidential under a protective order issued in this case [MDL 2666 Docket No. 39]
4. discovery materials filed in connection with a motion under Fed R. Civ. P. 37
5. reveals trade secrets of defendant
6. reveals proprietary business methods of plaintiff
7. confidential financial records
8. confidential medical records
9. contains termination information regarding former employees of defendant
10. reveals information regarding a minor
11. contains information ordered sealed by the court on DATE [Docket No. XX]