UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: Bair Hugger Forced Air Warming Products Liability Litigation | MDL No. 2666 (JNE/FLN) |
| This Document Relates to All Actions | **JOINT MOTION REGARDING CONTINUED SEALING** |

Documents have been filed under temporary seal in connection with the following motions:

| | |
|---|---|
| *Defendants' Motion to Exclude the Opinions and Testimony of Plaintiffs' Engineering Experts Daniel Koenigshofer, Michael Buck, Said Elghobashi, and Yadin David* | *(Doc. No. 794)* |

Pursuant to LR 5.6, the parties submit this Joint Motion Regarding Continued Sealing.

| DKT. NO. | DESCRIPTION OF DOCUMENT | MARK "X" IN APPLICABLE COLUMN | | | NONPARTY THAT DESIGNATED DOC. CONFIDENTIAL (IF ANY) | REASON WHY DOCUMENT SHOULD REMAIN SEALED OR BE UNSEALED |
|---|---|---|---|---|---|---|
| | | Parties Agree Doc. Should Remain Sealed | Parties Agree Doc. Should Be Unsealed | Parties Disagree | | |
| 915 | PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO EXCLUDE PLAINTIFFS' ENGINEERING EXPERTS<br><br>Redaction on P. 6 concerning safety verification testing of Model 750<br><br>Redaction on P. 47 regarding change to filter media in Model 505 | | | X | Not Applicable. | **Plaintiffs' position.** The Plaintiffs respectfully maintain there is a strong public interest afforded by both the First Amendment and common law in accessing court proceedings and records. *See, e.g., Ass. Press v. District Court*, 705 F.2d 1143, 1145 (9th Cir. 1983); *NBC Subsidiary (KNBC-TV), Inc., v. Superior Court*, 980 P.2d 337, 358 (Cal. 1999); *Mokhiber v. Davis*, 537 A.2d 1100, 1107 n.4 (D.C. 1988). As the party attempting to seek restrictions on public right of access to court proceedings, Defendants bear the burden of showing good cause support access restrictions. *See Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 785-86 (3d Cir. 1994)(noting good cause requires showing disclosure will cause a clearly defined and serious injury, which must be demonstrated with specificity)(quotations omitted). One of the relevant factors in considering whether to deny public access is whether confidentiality is being sought over information important to public health |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| | and safety. *See Glenmede Trust Co., v. Thompson*, 56 F.3d 476, 483 (3d Cir. 1995). Defendants made no attempt to seal the proceedings, and have failed to demonstrate with specificity any clearly defined and serious injury that satisfies good cause requirement for sealing the Court proceedings and files. As the Defendants are aware, the press was present and taking notes throughout the duration of the three-day hearing. **Defendants' position.** These redactions should remain in place. The references reflect internal deliberations that are likely to cause competitive harm to 3M if publicly disclosed. The information was designated Confidential by Defendants pursuant to the Protective Order. | | | | | | | | |
| 924 | Exhibit 2 to Declaration of Genevieve Zimmerman, Excerpts from 30(b)(6) deposition of Albert Van Duren | | | | | | | |
| | Redactions on pp. 53-57 | | | | X | | Not Applicable. | |
| | Redactions on pp. 59-61 | | | | X | | Not Applicable. | |
| | Redactions on pp. 69-74 | | | | X | | Not Applicable. | |

| | | | | |
|---|---|---|---|---|
| Redactions on pp. 80-84 | | X | | Not Applicable. |
| Redactions on pp. 87-90 | | X | | Not Applicable. |
| Redactions on pp. 93-94 | | | X | Not Applicable. **Plaintiffs' position.** Same position as outlined above: plaintiffs respectfully submit the motion papers and supporting documents are a matter of significant public interest, were argued and quoted from in open court, and should be publicly accessible. Defendants' ongoing attempt to paint all safety questions and/or studies as nefarious and tainted by Augustine should be rejected. **Defendants' position.** These redactions should remain in place. The testimony concerns internal strategy to deal with customer perceptions influenced by Augustine campaign. These internal deliberations are likely to cause competitive harm to 3M if publicly disclosed. |
| Redactions on p. 96 | | | X | Not Applicable. **Plaintiffs' position.** Same position as outlined above: plaintiffs respectfully submit the motion papers and supporting documents are a matter of significant public interest, were argued and quoted from in open court, and should be publicly accessible. Defendants' ongoing attempt to paint all safety questions and/or studies as |

| | | | | |
|---|---|---|---|---|
| | | | | nefarious and tainted by Augustine should be rejected.<br><br>**Defendants' position.** These redactions should remain in place. The testimony concerns internal strategy to deal with customer perceptions influenced by Augustine campaign. These internal deliberations are likely to cause competitive harm to 3M if publicly disclosed. |
| Redactions on pp. 98-100 | X | | | Not Applicable. **Plaintiffs' position.** Same position as outlined above: plaintiffs respectfully submit the motion papers and supporting documents are a matter of significant public interest, were argued and quoted from in open court, and should be publicly accessible. Defendants' ongoing attempt to paint all safety questions and/or studies as nefarious and tainted by Augustine should be rejected.<br><br>**Defendants' position.** These redactions should remain in place. The testimony concerns internal strategy to deal with customer perceptions influenced by Augustine campaign. These internal deliberations are likely to cause competitive harm to 3M if publicly disclosed. |
| Redactions on pp. 129-31 | | X | | Not Applicable. |

| | | | |
|---|---|---|---|
| Redactions on p. 136 | | X | Not Applicable. |
| Redactions on pp. 138-144 | | X | Not Applicable. |
| Redactions on p. 153 | | X | Not Applicable. |
| Redactions on pp. 186-198 | | X | Not Applicable. |
| Redactions on pp. 223-224 | | X | Not Applicable. |
| Redactions on pp. 225-228 | | X | Not Applicable. |
| Redactions on p. 245 | | X | Not Applicable. |
| | | | **Plaintiffs' position**. Same position as outlined above: plaintiffs respectfully submit the motion papers and supporting documents are a matter of significant public interest, were argued and quoted from in open court, and should be publicly accessible. Defendants' ongoing attempt to paint all safety questions and/or studies as nefarious and tainted by Augustine should be rejected.<br><br>**Defendants' position**. These redactions should remain in place. The testimony concerns internal strategy to deal with customer perceptions influenced by Augustine campaign. These internal deliberations are likely to cause competitive harm to 3M if publicly disclosed. |

| | | | | | | |
|---|---|---|---|---|---|---|
| Redactions on pp. 255-56 | | X | | | Not Applicable. | |
| Redactions on pp. 275-77 | | X | | | | |
| Redactions on pp. 277-283 | | X | | | Not Applicable. | |
| Redactions on p. 309 | | | | X | Not Applicable. | **Plaintiffs' position.** Same position as outlined above: plaintiffs respectfully submit the motion papers and supporting documents are a matter of significant public interest, were argued and quoted from in open court, and should be publicly accessible. Defendants' ongoing attempt to paint all safety questions and/or studies as nefarious and tainted by Augustine should be rejected. **Defendants' position.** These redactions should remain in place. The testimony concerns internal strategy to deal with customer perceptions influenced by Augustine campaign. These internal deliberations are likely to cause competitive harm to 3M if publicly disclosed. |

| | | | | |
|---|---|---|---|---|
| Redactions on pp. 318-322 | | | X | Not Applicable. | **Plaintiffs' position**. Same position as outlined above: plaintiffs respectfully submit the motion papers and supporting documents are a matter of significant public interest, were argued and quoted from in open court, and should be publicly accessible. Defendants' ongoing attempt to paint all safety questions and/or studies as nefarious and tainted by Augustine should be rejected.<br><br>**Defendants' position**. These redactions should remain in place. The testimony concerns design and development of next-generation Bair Hugger warming system that is not at issue in this case. Public disclosure is likely to cause competitive harm to 3M. |

| 916 | Exhibit 3 to Declaration of Genevieve Zimmerman, draft clinical trial protocol | | | X | Not Applicable. | **Plaintiffs' position.** There is a strong public interest in disclosure of this document, which reflects ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. The document was read aloud and displayed on multiple occasions during the three day hearing, in an open courtroom with the press and public in attendance. This document contains information significantly important to public health and safety, and plaintiffs respectfully submit it should be unsealed. **Defendants' position.** This document should remain under seal. This draft protocol relates to a clinical trial that was never performed. Public disclosure is likely to cause competitive harm to 3M by revealing relationships with clinics and competitive positioning of pre-warming product. |

| | | | | | |
|---|---|---|---|---|---|
| 918 | Exhibit 29 to Declaration of Genevieve Zimmerman, internal testing of upper body blanket temperature | | | X | Not Applicable. | **Plaintiffs' position.** This document contains the "Standard Temperature testing" done by Arizant in 2010 which was the ultimate source for the 106ºF air temperature used for both Dr. Abraham and Dr. Elghobashi's CFD tests. Nothing about the temperature testing risks competitive harm or disadvantage to Defendants.<br><br>**Defendants' position.** This document should remain under seal. This internal test document includes test results that may cause competitive harm to 3M if publicly disclosed. |
| 925 | Exhibit 30 to Declaration of Genevieve Zimmerman, expert report of Yadin David | | | X | Not Applicable. | **Plaintiffs' position.** The Plaintiffs respectfully maintain there is a strong public interest afforded by both the First Amendment and common law in accessing court proceedings and records. |

| | |
|---|---|
| *See, e.g., Ass. Press v. District Court*, 705 F.2d 1143, 1145 (9th Cir. 1983); *NBC Subsidiary (KNBC-TV), Inc., v. Superior Court*, 980 P.2d 337, 358 (Cal. 1999); *Mokhiber v. Davis*, 537 A.2d 1100, 1107 n.4 (D.C. 1988). As the party attempting to seek restrictions on public right of access to court proceedings, Defendants bear the burden of showing good cause support access restrictions. *See Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 785-86 (3d Cir. 1994)(noting good cause requires showing disclosure will cause a clearly defined and serious injury, which must be demonstrated with specificity)(quotations omitted). One of the relevant factors in considering whether to deny public access is whether confidentiality is being sought over information important to public health and safety. *See Glenmede Trust Co., v. Thompson*, 56 F.3d 476, 483 (3d Cir. 1995). | Defendants made no attempt to seal the proceedings, and have failed to demonstrate with specificity any clearly defined and serious injury that satisfies good cause requirement for sealing the Court proceedings and files. As the Defendants are aware, the press was present and taking notes throughout the duration of the three-day hearing. |
| | **Defendants' position.** The Court has |

| | | | | | previously Ordered that Dr. David's report should remain under seal per Order of September 19, 2017 (Dkt. No. 854). |
|---|---|---|---|---|---|
| 929 | Exhibit 44 to Declaration of Genevieve Zimmerman, deposition of Karl Zgoda | | | | |
| | Redactions to pp. 19-20 | | X | Not Applicable. | |
| | Redactions to pp. 22-26 | | X | Not Applicable. | |
| | Redactions to pp. 31-32 | | X | Not Applicable. | |
| | Redactions to pp. 42-43 | | X | Not Applicable. | |
| | Redactions to p. 45 | | X | Not Applicable. | |
| | Redactions to p. 47 | | X | Not Applicable. | |
| | Redactions to pp. 49-50 | | X | Not Applicable. | |
| | Redactions to p. 51 | | X | Not Applicable. | |
| | Redactions to pp. 52-54 | | X | Not Applicable. | |
| | Redactions to pp. 54-65 | | X | Not Applicable. | |
| | Redactions to pp. 66-71 | | X | Not Applicable. | |
| | Redactions to pp. 75-78 | | X | Not Applicable. | |
| | Redactions to pp. 80-81 | | X | Not Applicable. | |

| | | | | | |
|---|---|---|---|---|---|
| Redactions to pp. 84-88 | | | X | Not Applicable. | **Plaintiffs' position**. Same position as outlined above: plaintiffs respectfully submit the motion papers and supporting documents are a matter of significant public interest, were argued and quoted from in open court, and should be publicly accessible. Defendants' ongoing attempt to paint all safety questions and/or studies as nefarious and tainted by Augustine should be rejected. The testimony in question deals with addressing customer concerns over filtration, including on the distal end of the hose and/or HEPA.  **Defendants' position**. These redactions should remain in place. The testimony concerns internal strategy to deal with customer perceptions influenced by Augustine campaign. These internal deliberations are likely to cause competitive harm to 3M if publicly disclosed. |
| Redactions to pp. 89-98 | | X | | Not Applicable. | |
| Redactions to p. 100 | | X | | Not Applicable. | |
| Redactions to pp. 102-114 | | X | | Not Applicable. | |
| Redactions to pp. 116-117 | | X | | Not Applicable. | |
| Redactions to pp. 128-135 | | X | | Not Applicable. | |

| | | | | | |
|---|---|---|---|---|---|
| Redactions to pp. 142-145 | | | X | Not Applicable. | **Plaintiffs' position**. Same position as outlined above: plaintiffs respectfully submit the motion papers and supporting documents are a matter of significant public interest, were argued and quoted from in open court, and should be publicly accessible. Defendants' ongoing attempt to paint all safety questions and/or studies as nefarious and tainted by Augustine should be rejected. The testimony in question has to do with filtration and the management of bacteria in the Bair Hugger.<br><br>**Defendants' position**. These redactions should remain in place. The testimony concerns internal strategy to deal with customer perceptions influenced by Augustine campaign. These internal deliberations are likely to cause competitive harm to 3M if publicly disclosed. |
| Redactions to pp. 146-148 | | X | | Not Applicable. | |
| Redactions to pp. 153-174 | | | X | Not Applicable. | **Plaintiffs' position**. Same position as outlined above: plaintiffs respectfully submit the motion papers and supporting documents are a matter of significant public interest, were argued and quoted from in open court, and should be publicly accessible. Defendants' ongoing attempt to paint all safety questions and/or studies as |

| | | | | |
|---|---|---|---|---|
| | | | | nefarious and tainted by Augustine should be rejected. The testimony in question has to do with filtration efficiency and addressing bacteria in the Bair Hugger units.<br><br>**Defendants' position**. These redactions should remain in place.  The testimony concerns internal strategy to deal with customer perceptions influenced by Augustine campaign.  These internal deliberations are likely to cause competitive harm to 3M if publicly disclosed. |
| Redactions to pp. 175-177 | | X | | Not Applicable. |
| Redactions to pp. 183-187 | | | X | Not Applicable.<br><br>**Plaintiffs' position**.  Same position as outlined above: plaintiffs respectfully submit the motion papers and supporting documents are a matter of significant public interest, were argued and quoted from in open court, and should be publicly accessible.  Defendants' ongoing attempt to paint all safety questions and/or studies as nefarious and tainted by Augustine should be rejected. The testimony in question here relates to consideration of an anti-microbial coating on the inside of the Bair Hugger hose, not to Augustine.<br><br>**Defendants' position**. These redactions should remain in place.  The testimony concerns internal strategy to deal with |

| | | | | |
|---|---|---|---|---|
| | | | | customer perceptions influenced by Augustine campaign. These internal deliberations are likely to cause competitive harm to 3M if publicly disclosed. |
| Redactions to pp. 188-195 | | X | | Not Applicable. |
| Redactions to pp. 195-196 | | | X | **Plaintiffs' position**. Same position as outlined above: plaintiffs respectfully submit the motion papers and supporting documents are a matter of significant public interest, were argued and quoted from in open court, and should be publicly accessible. Defendants' ongoing attempt to paint all safety questions and/or studies as nefarious and tainted by Augustine should be rejected. The line of testimony in question relates to Project Ducky, not to Augustine.<br><br>**Defendants' position**. These redactions should remain in place. The testimony concerns internal strategy to deal with customer perceptions influenced by Augustine campaign. These internal deliberations are likely to cause competitive harm to 3M if publicly disclosed. |
| Redactions to pp. 198-204 | | X | | Not Applicable. |
| 919 | Exhibit 45 to Declaration of Genevieve Zimmerman, | X | | Not Applicable. |

| | | | | | | |
|---|---|---|---|---|---|---|
| 921 | 510(K) submission for Bair Hugger Patient Warming System | | | | | |
| | Exhibit 47 to Declaration of Genevieve Zimmerman, internal email chain regarding ECRI inquiry and response to Augustine allegations and Albrecht papers | | | X | Not Applicable. | **Plaintiffs' position.** The Plaintiffs respectfully submit the public interest in accessing this document is significant. The internal email acknowledges Defendants' desire and intention to ▇▇▇▇▇ which is information very important issues of public health and safety.<br><br>**Defendants' position.** This document should remain under seal. ***The Court previously ordered that this document should remain under seal when it was filed at Doc. No. 385. (See Order, Doc. No. 854.)*** The document, entitled "Competitive Outline_v1.pptx," reflects internal correspondence among 3M employees relating to strategic planning. Defendants designated this document as Confidential under PTO 7 because it contains strategic planning information of competitive significance. |

Dated:  November 7, 2017                          Respectfully submitted,

| | |
|---|---|
| s/*Benjamin W. Hulse* | s/*Genevieve M. Zimmerman* |
| Jerry W. Blackwell (MN #186867) | Genevieve M. Zimmerman (MN #330292) |
| Benjamin W. Hulse (MN #0390952) | MESHBESHER & SPENCE, LTD. |
| Mary S. Young (MN #0392781) | 1616 Park Avenue South |
| BLACKWELL BURKE P.A. | Minneapolis, MN 55404 |
| 431 South Seventh Street | Phone: (612) 339-9121 |
| Suite 2500 | Fax: (612) 339-9188 |
| Minneapolis, MN  55415 | Email:   gzimmerman@meshbesher.com |
| Phone: (612) 343-3256 | |
| Fax: (612) 343-3205 | Michael V. Ciresi (MN #0016949) |
| Email:   blackwell@blackwellburke.com | Jan M. Conlin (MN #0192697) |
|            myoung@blackwellburke.com | CIRESI CONLIN LLP |
|            bhulse@blackwellburke.com | 225 S. 6th St., Suite 4600 |
| | Minneapolis, MN 55402 |
| Bridget M. Ahmann (MN #016611x) | Phone: 612.361.8202 |
| FAEGRE BAKER DANIELS LLP | Email:   MVC@CiresiConlin.com |
| 2200 Wells Fargo Center |            JMC@CiresiConlin.com |
| 90 South Seventh Street | |
| Minneapolis, MN 55402 | Ben W. Gordon, Jr. (*Pro Hac Vice*) |
| (612) 766-7000 | LEVIN, PAPANTONIO, THOMAS, MITCHELL, |
| Email:   bridget.ahmann@faegrebd.com | RAFFERTY & PROCTOR, P.A. |
| | 316 South Baylen Street, Suite 600 |
| **Counsel for Defendants 3M Company and Arizant Healthcare, Inc.** | Pensacola, FL 32502-5996 |
| | Phone: (850) 435-7091 |
| | Fax: (850) 435-7020 |
| | Email:   bgordon@levinlaw.com |
| | |
| | **Co-Lead Counsel for Plaintiffs** |