# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA

## TELECONFERENCE
CHAMBERS 9W - Minneapolis

### COURT MINUTES

IN RE: Bair Hugger Forced Air Warming Devices
Product Liability Litigation

Case Number: 15-md-2666 JNE/FLN

| | |
|---|---|
| Date: | November 28, 2017 |
| Court Reporter: | n/a |
| Time Commenced: | 3:45 p.m. |
| Time Concluded: | 4:10 p.m. |
| Time in Court: | 25  Minutes |

**Teleconference before Franklin L. Noel, United States Magistrate Judge, at Minneapolis, Minnesota.**

APPEARANCES:

For Plaintiff:        Ben Gordon; Genevieve Zimmerman; Michael Sacchet; Gabriel Assaad

For Defendant:        Corey Gordon; Scott Provencher; Bridget Ahmann; Monica Davis

For Third Party Providence Hospital:        Katherine Sasser

Plaintiff requested that the court hold a telephone conference as it stated there was an urgent matter pending in the above reference case:

Plaintiff served subpoenas on two employees of Providence Hospital, LLC, to be deposed tomorrow, November 29, 2017 in South Carolina. Counsel for the parties have traveled to Columbia, South Carolina and are present there for the depositions.  The two witnesses are also present in Columbia, South Carolina.  Yesterday, Plaintiff received notice from Providence Hospital that it will not provide the requested deponents.  Counsel for Providence Hospital said the hospital has voluntarily produced documents (without waiving objections) but contends that the subpoenas for the deponents were deficient in a number of ways.

The court stated that the depositions relate to the litigation of Mr. Gareis, whose case is scheduled to be a bellwether trial. The court observed that as counsel and witnesses are in South Carolina, the depositions ought to go forward as scheduled.

The court made clear that it was not ruling on a motion, but was simply making the common sense observation (in an effort to assist the parties to informally resolve this dispute) that as the witnesses and counsel are all in South Carolina, it would make sense to complete the depositions.  If the witnesses fail to appear for their depositions because they are confident that they have not been properly served, that the *subpoenae* are somehow deficient, or that they otherwise are not obligated to appear for their deposition, Plaintiff will need to make a motion to compel. If the deponents fail to appear and the court ultimately finds that they were obligated to appear, and the court grants a motion to compel, the court will impose on the deponents the travel costs incurred by both plaintiffs and defendants' counsel in traveling to and from South Carolina.

  *s/Franklin L. Noel*  
U. S. Magistrate Judge