UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

In re: BAIR HUGGER FORCED AIR
WARMING DEVICES PRODUCTS
LIABILITY LITIGATION

MDL No. 15-2666 (JNE/FLN)

This Document Relates to:
Case Nos.:
17-cv-286 *(Charles v. 3M Co., et al.)*
17-cv-1441 *(Morgan v. 3M Co., et al.)*
17-cv-2395 *(Hecht v. 3M Co., et al.)*

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO COMPLY WITH PRETRIAL ORDER NO. 14

Pursuant to the Court's Pretrial Order No. 14 ("PTO 14"), entered September 27, 2016, Defendants 3M Company and Arizant Healthcare, Inc. (collectively, "Defendants") respectfully move the Court to dismiss the following plaintiffs' cases for failure to comply with PTO 14:

| Case Number | Plaintiff | Firm Name |
|---|---|---|
| 0:17-cv-00286-JNE-FLN | Charles | Law Offices of Travis Walker |
| 0:16-cv-01441-JNE-FLN | Morgan | Bernstein Liebhard LLP |
| 0:16-cv-02395-JNE-FLN | Hecht | Kirtland & Packard LLP |

As set forth below, there are two (2) categories of cases where plaintiffs have failed to serve a Plaintiff Fact Sheet ("PFS") compliant with the requirements set forth by the Court in PTO 14: (a) cases where no PFS has been served by plaintiff; (b) cases where plaintiff served a PFS with core deficiencies, and failed to cure them or otherwise respond to Defendants' second deficiency letter. Defendants placed the above cases on the agenda for

two sequential Court status conferences, and dismissal with prejudice is therefore appropriate under PTO 14, ¶ 8.

## ARGUMENT

The Court's Pretrial Order No. 14, entered September 27, 2016, sets forth the protocol for the form and service of the PFS, signed medical authorization, and supporting documents in cases filed in and transferred to this proceeding. Under PTO 14, a plaintiff whose case was pending on the date of the order was required to serve a completed and signed PFS, medical authorization, and supporting documents within 90 days of the date of the order. PTO 14, ¶ 2. For a plaintiff whose case was transferred after the date of the order, the due date for service of these same documents is 90 days after the filing of the plaintiff's complaint or completion of the transfer to this proceeding, whichever is later. *Id.* All PFSs must be verified by the individual plaintiff under oath. *See* PTO 14, ¶ 3.

Once a PFS has been served, defendants have four (4) weeks from receipt within which to notify plaintiff's counsel of any core deficiencies to the PFS, "defined as a lack of response to all questions in Section I, Section II, and Section III; Section IV, questions 1, 3, 7, 8, 9, 10; Section V, questions 5, 6, and 7; Section VI, questions 1, 3, 6, 7, 8, and 9; Section VII, questions 1 and 2; Section 8, question 2; Section IX, questions 1, 3, and 4; or lack of signed medical authorizations." PTO 14, ¶ 4.

If defendants timely serve a letter outlining the deficiencies to the PFS, plaintiff's counsel is required to respond in writing within three (3) weeks of the date of service by: "(1) curing the alleged deficiencies; (2) disputing the alleged deficiencies and setting forth

reasons the PFS is not deficient; or (3) explaining why the alleged deficiencies cannot be timely cured." PTO 14, ¶ 6.

Cases where there are disputes concerning PFS deficiencies requiring the Court's attention may be placed on the Court's status conference agenda. PTO 14, ¶ 7. Should a case appear on the agenda for two (2) sequential status conferences, "Defendants may make a motion for dismissal for failure to comply with this Court's Pretrial Order as to the allegedly delinquent party." PTO 14, ¶ 8.

### A. Cases Where No PFS Has Been Served

In this motion, Defendants seek dismissal of the following two (2) cases where plaintiffs failed to serve the PFS as required by PTO 14 and, to date, remain delinquent:

| Case Number | Plaintiff | Date Filed | PFS Due Date | Firm Name |
|---|---|---|---|---|
| 0:16-cv-01441-JNE-FLN | Morgan | 5/01/2017 | 7/30/2017 | Bernstein Liebhard LLP |
| 0:16-cv-02395-JNE-FLN | Hecht | 6/29/2017 | 9/27/2017 | Kirtland & Packard LLP |

### B. Case Where a PFS Was Served with Core Deficiencies, and Plaintiff Failed to Cure or Otherwise Respond to Defendants' Second Deficiency Letter

Additionally, Defendants are seeking dismissal of the following case where: (1) plaintiff submitted an original PFS that contained core deficiencies, (2) Defendants notified plaintiff of the core deficiencies on two (2) occasions,[1] and (3) plaintiff failed to cure or otherwise respond to the Defendants' second deficiency letter:

---

[1] *See* Declaration of Benjamin W. Hulse ("Hulse Decl."), Ex. A (Second Deficiency Letter Sent to Plaintiff Listed in Part B).

3

| Case Number | Plaintiff | Second Deficiency Letter Sent | Firm Name |
|---|---|---|---|
| 0:17-cv-00286-JNE-FLN | Charles | 8/14/2017 | Law Offices of Travis Walker |

To comply with PTO 14, plaintiff was required to respond to Defendants' deficiency letter by either curing or disputing the deficiencies, or explaining why the deficiencies could not be cured. *See* PTO 14, ¶ 6.  Plaintiff above failed to respond to Defendants' second deficiency letter, and core deficiencies remain uncured. Those uncured PFS core deficiencies include -- **Section II (Personal Information), Part 8**: No response to having children; **Section III (Surgery Information), Part 3**: Hospital name, surgery date, location, physician, type of surgery, and reason for surgery provided, but no response to height/weight at time of surgery, medical conditions at time of surgery, infections prior to surgery, persons with whom plaintiff discussed risks of surgery, and cause of infection; **Section IV (General Medical Information), Part 8**: No response to prior dental visits; and **Section VII (Economic Damages), Part 1**: No response to claim for loss of past wages/income.

**C. All Cases Were on the Agenda for Two (2) Sequential Status Conferences**

Defendants placed before the Court the cases set forth above in Parts A and B for two sequential Court status conferences – the first on October 13, 2017 and the second on November 14, 2017.[2]  Some of the cases were listed on the agenda for additional status

---

[2] *See* Declaration of Benjamin W. Hulse ("Hulse Decl."), Ex. B (October 13, 2017 email from B. Hulse to Court attaching Defendants' October PFS Lists 1, 2, and 3) and Ex. C (November 14, 2017 email from B. Hulse to Court attaching Defendants' November PFS Lists 1, 2, and 3).  The October and November 2017 status conferences were cancelled by

4

conferences, the Morgan case (17-cv-1441) was included on the August and September 2017 lists, and the Charles (17-cv-286) case was included on the September 2017 list. Consistent with the Court's recent orders dismissing with prejudice several plaintiffs' cases for failure to comply with PTO 14, the above cases are ripe for dismissal with prejudice under PTO 14, ¶ 8.

### D. The Court Should Dismiss Plaintiffs' Cases With Prejudice

The Court's authority to dismiss these cases with prejudice is beyond question, and indeed was exercised by the Court recently in its orders entered June 16, 2017 [Dkt. No. 577], July 24, 2017 [Dkt. No. 622], August 25, 2017 [Dkt. No. 692], and September 27, 2017 [Dkt. No. 862] (dismissing with prejudice multiple plaintiffs' cases for failure to comply with PTO 14). In its most recent order, the Court made clear that "[e]ven for failures to respond, noncompliance with a court order can 'constitute[] a pattern of intentional delay meriting dismissal with prejudice' under Rule 41(b)." *See* Order, MDL 15-2666 [Dkt. No. 862], at 2 (cite omitted). The Court further explained that PTO 14 required plaintiffs to respond to requests for information in the PFS in lieu of discovery, provided plaintiffs with the opportunity to cure any deficiencies, and "warned expressly of dismissal" should plaintiffs fail to comply. *Id*. Plaintiffs also were warned through the Court's prior orders dismissing with prejudice cases for failure to comply with PTO 14.

---

the Court. In doing so, however, the Court ordered that the PFS disputes submitted by Defendants will be "deemed 'addressed to the Court,'" notwithstanding the fact no in-court conference was to be held in October and November. *See* Order, MDL No. 15-2666 (Oct. 17, 2017) [Dkt. No. 959], and Text-Only Order, MDL No. 15-2666 (Nov. 15, 2017) [Dkt. No. 1014].

*Id.* Accordingly, "if PTO 14's opportunity to cure has run, a plaintiff's continued noncompliance is a pattern of intentional delay" warranting dismissal with prejudice. *Id.*

Plaintiffs identified above have failed to comply with PTO 14 by either failing to submit the required PFS (Part A cases) or providing no response to Defendants' second deficiency letter (Part B case). Because all of the cases identified above in Parts A and B were listed on at least two sequential status conference agendas, "the opportunity to cure has run." Accordingly, dismissal of these cases with prejudice is proper and appropriate.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court dismiss with prejudice the following cases:

| Case Number | Plaintiff | Firm Name |
|---|---|---|
| 0:17-cv-00286-JNE-FLN | Charles | Law Offices of Travis Walker |
| 0:16-cv-01441-JNE-FLN | Morgan | Bernstein Liebhard LLP |
| 0:16-cv-02395-JNE-FLN | Hecht | Kirtland & Packard LLP |

Dated: December 7, 2017                                   Respectfully submitted,

                                                          s/ Benjamin W. Hulse
                                                          Jerry W. Blackwell (MN #186867)
                                                          Mary S. Young (MN #0392781)
                                                          Benjamin W. Hulse (MN #0390952)
                                                          BLACKWELL BURKE P.A.
                                                          431 South Seventh Street
                                                          Suite 2500
                                                          Minneapolis, MN 55415
                                                          Phone: (612) 343-3256
                                                          Fax: (612) 343-3205
                                                          Email: blackwell@blackwellburke.com
                                                                    myoung@blackwellburke.com
                                                                    bhulse@blackwellburke.com

Bridget M. Ahmann (MN #016611x)
FAEGRE BAKER DANIELS LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
Phone: (612) 766-7000
Email: bridget.ahmann@faegrebd.com

*Counsel for Defendants 3M Company and Arizant Healthcare, Inc.*