UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: BAIR HUGGER FORCED AIR WARMING DEVICES PRODUCTS LIABILITY LITIGATION | MDL No. 15-2666 (JNE/FLN) |
| | **AMENDED ORDER** |
| This Document Relates To: Case Nos.: 17-cv-286 (*Charles v. 3M Co., et al.*) 17-cv-1441 (*Morgan v. 3M Co., et al.*) 17-cv-2395 (*Hecht v. 3M Co., et al.*) | |

Defendants 3M Company and Arizant Healthcare Inc. move to dismiss the above three cases for Plaintiffs' failure to comply with a court order, Pretrial Order No. 14 ("PTO 14," Dkt. No. 117). Motion, 15-md-2666 Dkt. No. 1018. Plaintiffs Kimberly Charles (17-cv-286) and Rhonda Morgan (17-cv-1441) do not oppose the Motion. As reasoned below, the Court **GRANTS** the Motion as to Charles and Morgan.

At the December 21, 2017 Status Conference, Defendants withdrew the Motion as to Theodore Hecht (17-cv-2395) and did not oppose Hecht's request that the Court set aside the December 19, 2017 Judgment (17-cv-2395 Dkt. No. 8) against him and reinstate his case. The Court **SET ASIDE** that Judgment and reinstated his case on the record and memorializes that ruling here.

**I. Dismissal with prejudice is proper when a plaintiff has failed PTO 14 because that court order includes months' worth of opportunities to cure noncompliance and express notice of dismissal risk for failing to do so.**

The Court may dismiss a case with prejudice when "the plaintiff fails to prosecute or to comply with a court order." Fed. R. Civ. P. 41(b). Even if silent, noncompliance with a court order can "constitute[] a pattern of intentional delay meriting dismissal with prejudice" under Rule 41(b). *First Gen. Res. Co. v. Elton Leather Corp.*, 958 F.2d 204,

206 (8th Cir. 1992).  If a plaintiff has failed to respond to a discovery request and the follow-up court order, and the court has given her an opportunity to cure noncompliance and express notice about her dismissal risk for failing to do so, the court may dismiss her case with prejudice.  *Id.*

PTO 14 has built-in opportunities to cure noncompliance, and it expressly notifies plaintiffs about their dismissal risk for failing to do so.  So, when those opportunities to cure have run, a plaintiff's continued noncompliance is a pattern of intentional delay for which the Court may dismiss her case with prejudice under Rule 41(b).  Recall that, in PTO 14, the Court ordered Plaintiffs to respond to a request for information in lieu of discovery.  *See* PTO 14 ¶¶ 1-4 (requiring service of a "Plaintiff Fact Sheet" or "PFS" for each Plaintiff, verification under oath of those PFSs, and PFS completeness as to "core" facts); *cf.* Fed. R. Civ. P. 33 (providing for discovery by interrogatories).  PTO 14 includes opportunities to cure.  *Id.* ¶¶ 6-8 (providing that dismissal can happen only after a meet-and-confer and then "two sequential court conferences" each one month apart).  And PTO 14 expressly warns of dismissal.  *Id.* ¶¶ 4, 8 (requiring Defendants to send deficiency letters and emails and then warning that "Defendants may make a motion for dismissal for failure to comply with this Court's Pretrial Order as to the allegedly delinquent party").  Besides, when Defendants moved to dismiss the Plaintiffs here, the Court had already warned Plaintiffs' counsel and other plaintiffs in this MDL about dismissal in rulings on two earlier motions to dismiss for failing PTO 14.  *See* Order, 15-md-2666 Dkt. No. 622 (July 24, 2017); Order, 15-md-2666 Dkt. No. 577 (June 16, 2017).

Under PTO 14, Plaintiffs must disclose facts material to their claims that would

2

otherwise be disclosed in traditional discovery.  To allow the Court to manage this MDL and to allow the parties to fairly negotiate settlement or to advance to trial, Plaintiffs must disclose these facts on the schedule that, in agreement with Defendants, they submitted to the Court for adoption.  These policies are advanced only by enforcing PTO 14's terms.

As to the lesser sanction of dismissal without prejudice, Plaintiffs must explain why it would be effective given that prior warnings have failed.  *See First Gen.*, 958 F.2d at 206 (affirming dismissal with prejudice because "the district court already found lesser sanctions ineffective").  These failed prior warnings include those built into PTO 14 and the prior dismissal orders as to other plaintiffs.

## II.  The Court DISMISSES Plaintiffs Kimberly Charles (17-cv-286) and Rhonda Morgan (17-cv-1441) with prejudice for failing PTO 14.

Defendants have validly moved to dismiss the above Plaintiffs.  Plaintiffs have either not served PFSs, *see* PTO 14 ¶ 2 (requiring service), or served deficient PFSs, *see id.* ¶ 4 (listing "core deficiencies" that justify dismissal).  Defendants have timely notified Plaintiffs of these defects.  *See id.* ¶ 6.  Because Plaintiffs have failed to cure these defects despite notice and appearing on the status-conference agenda for two sequential months (October 17, 2017 [Dkt. No. 959] and November 15, 2017 [Dkt. No. 1014]), dismissal is proper.  *See* PTO 14 ¶ 8.

### A.  For Plaintiff Kimberly Charles (17-cv-286), neither Plaintiff nor Plaintiff's counsel responds to the Motion.

The Court **DISMISSES** this case *with prejudice* under Rule 41(b) for Charles's failure to comply with PTO 14 and to prosecute her case.

### B.  Plaintiff Rhonda Morgan (17-cv-1441) does not oppose the Motion.

For Plaintiff Rhonda Morgan, her counsel submitted a log of failed attempts to

3

contact her.  Morgan's Resp. 2, 15-md-2666 Dkt. No. 1025.  This submission does not oppose the Motion because it neither disputes Defendants' contentions nor excuses Plaintiff's noncompliance with PTO 14.  *Compare* Order 2, 15-md-2666 Dkt. No. 622 (deeming log of "unsuccessful attempts to enlist the client's cooperation" non-opposition), *with* Morgan's Resp. 2 ("The undersigned counsel attempted to reach Plaintiff numerous times including . . . May 9, 2017. . . .").  Still, counsel requests a 120-day extension or dismissal with prejudice.  Morgan's Resp. 2-3.  The Court rejects these requests because Morgan's noncompliance is unexcused.  *Id.* at 1 (admitting that "the undersigned counsel is without any knowledge of circumstances that may preclude Plaintiff from responding to the counsel's contact attempts").  And, counsel does not explain why an extension or a lesser sanction would facilitate PTO 14 compliance given that prior warnings have failed.  The Court thus **DISMISSES** Morgan's case *with prejudice* under Rule 41(b) for her failure to prosecute and failure to comply with PTO 14.

Therefore, based on the files, records, and proceedings herein, IT IS ORDERED THAT:

1. Defendants 3M Company and Arizant Healthcare Inc.'s Motion to Dismiss for Failure to Comply with Pretrial Order No. 14 ("Motion") [Dkt. No. 1018] is GRANTED IN PART and DENIED IN PART as below.

2. The Motion is DENIED as moot as to 17-cv-2395 (*Hecht v. 3M Co., et al.*).

3. The December 19, 2017 Judgment against Theodore Hecht (17-cv-2395 Dkt. No. 8) is SET ASIDE.

4. The following cases are DISMISSED WITH PREJUDICE: Nos. 17-cv-286 (*Charles v. 3M Co., et al.*) and 17-cv-1441 (*Morgan v. 3M Co., et al.*).

Dated: December 21, 2017

    s/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge