**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

In re: BAIR HUGGER FORCED AIR WARMING DEVICES PRODUCTS LIABILITY LITIGATION

MDL No. 15-2666 (JNE/FLN)

This Document Relates to:
Case Nos.:
17-cv-00343 *(Grooms v. 3M Co., et al.)*
17-cv-00640 *(Johnson v. 3M Co., et al.)*
17-cv-00711 *(Garcia v. 3M Co., et al.)*
17-cv-00988 *(Gruetzmacher v. 3M Co., et al.)*
17-cv-01017 *(Guzman v. 3M Co., et al.)*
17-cv-01027 *(Warren v. 3M Co., et al.)*
17-cv-01082 *(Petrakis v. 3M Co., et al.)*
17-cv-01879 *(Sellers v. 3M Co., et al.)*
17-cv-02738 *(Allen v. 3M Co., et al.)*
17-cv-02747 *(Graves v. 3M Co., et al.)*
17-cv-02755 *(Morris v. 3M Co., et al.)*
17-cv-02763 *(Maxheimer v. 3M Co., et al.)*
17-cv-02881 *(Prince v. 3M Co., et al.)*
17-cv-02892 *(Saylor v. 3M Co., et al.)*
17-cv-03038 *(Schapansky v. 3M Co., et al.)*

---

# MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO COMPLY WITH PRETRIAL ORDER NO. 14

Pursuant to the Court's Pretrial Order No. 14 ("PTO 14"), entered September 27, 2016, Defendants 3M Company and Arizant Healthcare, Inc. (collectively, "Defendants") respectfully move the Court to dismiss the following plaintiffs' cases for failure to comply with PTO 14:

| Case Number | Plaintiff | Firm Name |
|---|---|---|
| 0:17-cv-00343-JNE-FLN | Grooms | Levin, Papantonio, Thomas, Mitchell, Rafferty, Proctor P.A. |
| 0:17-cv-00640-JNE-FLN | Johnson | Brown & Crouppen, P.C. |

| | | |
|---|---|---|
| 0:17-cv-00711-JNE-FLN | Garcia | Levin, Papantonio, Thomas, Mitchell, Rafferty, Proctor P.A. |
| 0:17-cv-00988-JNE-FLN | Gruetzmacher | Levin, Papantonio, Thomas, Mitchell, Rafferty, Proctor P.A. |
| 0:17-cv-01017-JNE-FLN | Guzman | Levin, Papantonio, Thomas, Mitchell, Rafferty, Proctor P.A. |
| 0:17-cv-01027-JNE-FLN | Warren | Bernstein Liebhard L.L.P. |
| 0:17-cv-01082-JNE-FLN | Petrakis | Kennedy Hodges, L.L.P. |
| 0:17-cv-01879-JNE-FLN | Sellers | Kennedy Hodges, L.L.P. |
| 0:17-cv-02738-JNE-FLN | Allen | The Olinde Firm, L.L.C. |
| 0:17-cv-02747-JNE-FLN | Graves | The Olinde Firm, L.L.C. |
| 0:17-cv-02755-JNE-FLN | Morris | Kennedy Hodges, L.L.P. |
| 0:17-cv-02763-JNE-FLN | Maxheimer | Kennedy Hodges, L.L.P. |
| 0:17-cv-02881-JNE-FLN | Prince | Bernstein Liebhard L.L.P. |
| 0:17-cv-02892-JNE-FLN | Saylor | The Olinde Firm, L.L.C. |
| 0:17-cv-03038-JNE-FLN | Schapansky | Kennedy Hodges, L.L.P. |

As set forth below, there are three (3) categories of cases where plaintiffs have failed to serve a Plaintiff Fact Sheet ("PFS") compliant with the requirements set forth by the Court in PTO 14: (a) cases where no PFS has been served by plaintiff; (b) cases where plaintiff served a PFS with core deficiencies, and failed to cure them or otherwise respond to Defendants' first or second deficiency letter; and (c) cases where plaintiff served a PFS with core deficiencies, and failed to cure them after Defendants' third deficiency letter. Defendants placed the above cases on the agenda for two sequential Court status conferences, and dismissal with prejudice is therefore appropriate under PTO 14, ¶ 8.

## ARGUMENT

The Court's Pretrial Order No. 14, entered September 27, 2016, sets forth the protocol for the form and service of the PFS, signed medical authorization, and supporting documents in cases filed in and transferred to this proceeding. Under PTO 14, a plaintiff

whose case was pending on the date of the order was required to serve a completed and signed PFS, medical authorization, and supporting documents within 90 days of the date of the order. PTO 14, ¶ 2. For a plaintiff whose case was transferred after the date of the order, the due date for service of these same documents is 90 days after the filing of the plaintiff's complaint or completion of the transfer to this proceeding, whichever is later. *Id*. All PFSs must be verified by the individual plaintiff under oath. *See* PTO 14, ¶ 3.

Once a PFS has been served, defendants have four (4) weeks from receipt within which to notify plaintiff's counsel of any core deficiencies to the PFS, "defined as a lack of response to all questions in Section I, Section II, and Section III; Section IV, questions 1, 3, 7, 8, 9, 10; Section V, questions 5, 6, and 7; Section VI, questions 1, 3, 6, 7, 8, and 9; Section VII, questions 1 and 2; Section 8, question 2; Section IX, questions 1, 3, and 4; or lack of signed medical authorizations." PTO 14, ¶ 4.

If defendants timely serve a letter outlining the deficiencies to the PFS, plaintiff's counsel is required to respond in writing within three (3) weeks of the date of service by: "(1) curing the alleged deficiencies; (2) disputing the alleged deficiencies and setting forth reasons the PFS is not deficient; or (3) explaining why the alleged deficiencies cannot be timely cured." PTO 14, ¶ 6.

Cases where there are disputes concerning PFS deficiencies requiring the Court's attention may be placed on the Court's status conference agenda. PTO 14, ¶ 7. Should a case appear on the agenda for two (2) sequential status conferences, "Defendants may make a motion for dismissal for failure to comply with this Court's Pretrial Order as to the allegedly delinquent party." PTO 14, ¶ 8.

**A. Cases Where No PFS Has Been Served**

In this motion, Defendants seek dismissal of the following seven (7) cases where plaintiffs failed to serve the PFS as required by PTO 14 and, to date, remain delinquent:

| Case Number | Plaintiff | Date Filed | PFS Due Date | Firm Name |
|---|---|---|---|---|
| 0:17-cv-02738-JNE-FLN | Allen | 7/11/2017 | 10/09/2017 | The Olinde Firm, L.L.C. |
| 0:17-cv-02747-JNE-FLN | Graves | 7/11/2017 | 10/09/2017 | The Olinde Firm, L.L.C. |
| 0:17-cv-02755-JNE-FLN | Morris | 7/11/2017 | 10/09/2017 | Kennedy Hodges, L.L.P. |
| 0:17-cv-02763-JNE-FLN | Maxheimer | 7/11/2017 | 10/09/2017 | Kennedy Hodges, L.L.P. |
| 0:17-cv-02881-JNE-FLN | Prince | 7/13/2017 | 10/11/2017 | Bernstein Liebhard L.L.P. |
| 0:17-cv-02892-JNE-FLN | Saylor | 7/14/2017 | 10/12/2017 | The Olinde Firm, L.L.C. |
| 0:17-cv-03038-JNE-FLN | Schapansky | 7/18/2017 | 10/16/2017 | Kennedy Hodges, L.L.P. |

**B. Cases Where a PFS Was Served with Core Deficiencies, and Plaintiff Failed to Cure or Otherwise Respond to Defendants' Deficiency Letter**

Additionally, Defendants are seeking dismissal of the following four (4) cases where: (1) plaintiffs each submitted a PFS that contained core deficiencies, (2) Defendants notified plaintiffs of the core deficiencies,[1] and (3) plaintiffs failed to cure or otherwise respond to the Defendants' first and/or second deficiency letter:

[1] *See* Declaration of Benjamin W. Hulse ("Hulse Decl."), Ex. A (Deficiency Letters Sent to Plaintiffs Listed in Part B).

| Case Number | Plaintiff | Deficiency Letter Sent | Firm Name |
|---|---|---|---|
| 0:17-cv-01027-JNE-FLN | Warren | 10/12/2017 | Bernstein Liebhard L.L.P. |
| 0:17-cv-01082-JNE-FLN | Petrakis | 9/18/2017 | Kennedy Hodges, L.L.P. |
| 0:17-cv-01879-JNE-FLN | Sellers | 9/28/2017 | Kennedy Hodges, L.L.P. |
| 0:17-cv-02099-JNE-FLN | Osborne | 10/12/2017 | Kennedy Hodges, L.L.P. |

To comply with PTO 14, each plaintiff was required to respond to Defendants' deficiency letter by either curing or disputing the deficiencies, or explaining why the deficiencies could not be cured. *See* PTO 14, ¶ 6. Plaintiffs above failed to respond to Defendants' deficiency letters, and numerous core deficiencies remain uncured. *See attached* Addendum 1 (outlining PFS core deficiencies for each plaintiff in Part B).

**C. Cases Where a PFS Was Served with Core Deficiencies, and Plaintiff Failed to Cure Following Defendants' Third Deficiency Letter**

Lastly, Defendants are seeking dismissal of the following five (5) cases where: (1) plaintiffs each served an original PFS, (2) Defendants notified plaintiffs of the core deficiencies on three (3) separate occasions, and (3) plaintiffs failed to cure the core deficiencies identified in Defendants' third (and final) deficiency letters:[2]

| Case Number | Plaintiff | Third Deficiency Letter Sent | Firm Name |
|---|---|---|---|
| 0:17-cv-00343-JNE-FLN | Grooms | 8/24/2017 | Levin, Papantonio, Thomas, Mitchell, Rafferty, Proctor P.A. |
| 0:17-cv-00640-JNE-FLN | Johnson | 10/3/2017 | Brown & Crouppen, P.C. |

[2] *See* Hulse Decl., Ex. B (Third Deficiency Letters Sent to Plaintiffs Listed in Part C).

| | | | |
|---|---|---|---|
| 0:17-cv-00711-JNE-FLN | Garcia | 10/16/2017 | Levin, Papantonio, Thomas, Mitchell, Rafferty, Proctor P.A. |
| 0:17-cv-00988-JNE-FLN | Gruetzmacher | 10/16/2017 | Levin, Papantonio, Thomas, Mitchell, Rafferty, Proctor P.A. |
| 0:17-cv-01017-JNE-FLN | Guzman | 10/16/2017 | Levin, Papantonio, Thomas, Mitchell, Rafferty, Proctor P.A. |

Defendants' sent each plaintiff above three (3) deficiency letters providing notice of the outstanding core deficiencies in his or her PFS, and to date the core deficiencies have not be cured. *See attached* Addendum 2 (outlining uncured core deficiencies remaining for each plaintiff in Part C). Plaintiffs' counsel's only explanation in response to Defendants' deficiency letters has been that the "[d]eficiencies cannot be cured at this time as we have been unable to contact client. . . ." *See* Hulse Decl., Ex. E (correspondence from Plaintiffs' counsel in response to Defendants' deficiency letters).[3] Implicit in this correspondence, however, is Plaintiffs' counsel's recognition that core deficiencies remain uncured for these plaintiffs. Now that several months have passed since the Defendants' third deficiency letters were sent, it is appropriate to seek dismissal of these cases.

**D. All Cases Were on the Agenda for Two (2) Sequential Status Conferences**

Defendants placed before the Court the cases set forth above in Parts A, B, and C, for two sequential Court status conferences – the first on November 14, 2017 and the

[3] No explanation has been provided by Plaintiff's counsel in Johnson (17-cv-640).

second on December 18, 2017.[4] Consistent with the Court's recent orders dismissing with prejudice several plaintiffs' cases for failure to comply with PTO 14, the above cases are ripe for dismissal with prejudice under PTO 14, ¶ 8.

**E. The Court Should Dismiss Plaintiffs' Cases With Prejudice**

The Court's authority to dismiss these cases with prejudice is beyond question, and indeed was exercised by the Court recently in its orders entered June 16, 2017 [Dkt. No. 577], July 24, 2017 [Dkt. No. 622], August 25, 2017 [Dkt. No. 692], September 27, 2017 [Dkt. No. 862], and December 18, 2017 [Dkt. No. 1026] (dismissing with prejudice multiple plaintiffs' cases for failure to comply with PTO 14). In a recent order, the Court made clear that "[e]ven for failures to respond, noncompliance with a court order can 'constitute[] a pattern of intentional delay meriting dismissal with prejudice' under Rule 41(b)." *See* Order, MDL 15-2666 [Dkt. No. 862], at 2 (cite omitted). The Court further explained that PTO 14 required plaintiffs to respond to requests for information in the PFS in lieu of discovery, provided plaintiffs with the opportunity to cure any deficiencies, and "warned expressly of dismissal" should plaintiffs fail to comply. *Id*. Plaintiffs also were warned through the Court's prior orders dismissing with prejudice cases for failure to comply with PTO 14. *Id.* Accordingly, "if PTO 14's opportunity to cure has run, a

[4] *See* Declaration of Benjamin W. Hulse ("Hulse Decl."), Ex. C (November 14, 2017 email from B. Hulse to Court attaching Defendants' November PFS Lists 1, 2, and 3) and Ex. D (December 18, 2017 email from B. Hulse to Court attaching Defendants' December PFS Lists 1, 2, and 3). The November 2017 status conference was cancelled by the Court. In doing so, however, the Court ordered that the PFS disputes submitted by Defendants will be "deemed 'addressed to the Court,'" notwithstanding the fact no in-court conference was to be held in November. *See* Text-Only Order, MDL No. 15-2666 (Nov. 15, 2017) [Dkt. No. 1014].

plaintiff's continued noncompliance is a pattern of intentional delay" warranting dismissal with prejudice. *Id.*

Plaintiffs identified above have failed to comply with PTO 14 by either failing to submit the required PFS (Part A cases), providing no response to Defendants' deficiency letters (Part B cases), or failing to cure deficiencies after service of Defendants' third deficiency letter (Part C cases). Because all of the cases identified above in Parts A, B, and C were listed on at least two sequential status conference agendas, "the opportunity to cure has run." Accordingly, dismissal of these cases with prejudice is proper and appropriate.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court dismiss with prejudice the following cases:

| Case Number | Plaintiff | Firm Name |
|---|---|---|
| 0:17-cv-00343-JNE-FLN | Grooms | Levin, Papantonio, Thomas, Mitchell, Rafferty, Proctor P.A. |
| 0:17-cv-00640-JNE-FLN | Johnson | Brown & Crouppen, P.C. |
| 0:17-cv-00711-JNE-FLN | Garcia | Levin, Papantonio, Thomas, Mitchell, Rafferty, Proctor P.A. |
| 0:17-cv-00988-JNE-FLN | Gruetzmacher | Levin, Papantonio, Thomas, Mitchell, Rafferty, Proctor P.A. |
| 0:17-cv-01017-JNE-FLN | Guzman | Levin, Papantonio, Thomas, Mitchell, Rafferty, Proctor P.A. |
| 0:17-cv-01027-JNE-FLN | Warren | Bernstein Liebhard L.L.P. |
| 0:17-cv-01082-JNE-FLN | Petrakis | Kennedy Hodges, L.L.P. |
| 0:17-cv-01879-JNE-FLN | Sellers | Kennedy Hodges, L.L.P. |
| 0:17-cv-02738-JNE-FLN | Allen | The Olinde Firm, L.L.C. |
| 0:17-cv-02747-JNE-FLN | Graves | The Olinde Firm, L.L.C. |
| 0:17-cv-02755-JNE-FLN | Morris | Kennedy Hodges, L.L.P. |
| 0:17-cv-02763-JNE-FLN | Maxheimer | Kennedy Hodges, L.L.P. |

| | | |
|---|---|---|
| 0:17-cv-02881-JNE-FLN | Prince | Bernstein Liebhard L.L.P. |
| 0:17-cv-02892-JNE-FLN | Saylor | The Olinde Firm, L.L.C. |
| 0:17-cv-03038-JNE-FLN | Schapansky | Kennedy Hodges, L.L.P. |

Dated: January 4, 2018

Respectfully submitted,

s/ Benjamin W. Hulse

Jerry W. Blackwell (MN #186867)
Mary S. Young (MN #0392781)
Benjamin W. Hulse (MN #0390952)
BLACKWELL BURKE P.A.
431 South Seventh Street
Suite 2500
Minneapolis, MN 55415
Phone: (612) 343-3256
Fax: (612) 343-3205
Email: blackwell@blackwellburke.com
myoung@blackwellburke.com
bhulse@blackwellburke.com

Bridget M. Ahmann (MN #016611x)
FAEGRE BAKER DANIELS LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
Phone: (612) 766-7000
Email: bridget.ahmann@faegrebd.com

***Counsel for Defendants 3M Company and Arizant Healthcare, Inc.***

**Addendum 1**

**Uncured PFS Core Deficiencies for Cases Listed in Part B**

| Plaintiff/Case Number | Deficiency Letter Sent | Uncured PFS Core Deficiencies | Firm Name |
|---|---|---|---|
| Warren, Michael 0:17-cv-01027 | 10/12/2017 | **Section II (Personal Information)**<br>Part 10: No response to employers for last 10 years.<br><br>**Section IV (General Medical Information)**<br>Part 8: No response to prior dental visits. | Bernstein Liebhard, L.L.P. |
| Petrakis, Gus 0:17-cv-01082 | 9/18/2017 | **Section II (Personal Information)**<br>Part 1: Name, other names used, address, and SSN provided, but no response to length of time at present address and persons living with plaintiff at time of events at issue.<br>Part 2: No response to driver's license number and state of issue.<br>Part 3: Date of birth provided but not place of birth.<br>Part 6: No response to date of residence start.<br>Part 8: Name of child provided, but not year of birth.<br>Part 9: No response to educational background.<br>Part 10: No response to employers for last 10 years.<br>Part 11: No response to prior military service.<br>Part 12: No response to rejection for military service due to medical/physical conditions. | Kennedy Hodges, L.L.P. |

| | | | |
|---|---|---|---|
| | | **Section IV (General Medical Information)**<br>Part 1: No response to current height/weight.<br>Part 7: No response to pharmacies used.<br>Part 8: No response to prior dental visits.<br><br>**Section V (Insurance/Claim Information)**<br>No response to any question.<br><br>**Section VI (Current Claim Information)**<br>Part 1: No response to having suffered physical/bodily injury related to use of Bair Hugger.<br>Part 3: No response to damages related to emotional distress/physiological injuries.<br><br>**Section VIII (Persons With Knowledge)**<br>Part 2: No response to persons (other than healthcare providers or attorneys) who provided facts/circumstances relating this lawsuit.<br><br>**Medical Authorization**: Not provided.<br>**Verification:** Not provided. | |
| Sellers, William 0:17-cv-01879 | 9/28/2017 | **Section II (Personal Information)**<br>Part 1: Name, other names used, address, and SSN provided, but no response to length of time at present address and persons living with plaintiff at time of events at issue.<br>Part 2: No response to driver's license number and state of issue.<br>Part 3: Date of birth provided but not place of birth.<br>Part 6: No response to residences for the last 10 years.<br>Part 8: No response to having children. | Kennedy Hodges, L.L.P. |

| | | | |
|---|---|---|---|
| | | Part 9: No response to educational background.<br>Part 10: No response to employers for last 10 years.<br>Part 11: No response to prior military service.<br>Part 12: No response to rejection for military service due to medical/physical conditions.<br><br>**<u>Section IV (General Medical Information)</u>**<br>Part 1: No response to current or last height/weight.<br>Part 7: No response to pharmacies used.<br>Part 8: No response to prior dental visits.<br>Part 9: No response to use of tobacco.<br>Part 10: No response to use of drugs/alcohol.<br><br>**<u>Section V (Insurance/Claim Information)</u>**<br>Part 5: No response to prior disability claims.<br>Part 6: No response to prior lawsuits.<br>Part 7: No response to prior bankruptcies.<br><br>**<u>Section VI (Current Claim Information)</u>**<br>Part 1: Responded "Yes" to having suffered physical/bodily injury related to use of Bair Hugger, and described injury as "Infection and additional surgery," but no response to any other question.<br>Part 3: No response to damages related to emotional distress/physiological injuries.<br><br>**<u>Section VII (Economic Damages)</u>**<br>Part 1: No response to claim for loss of past wages/income. | |

| | | | |
|---|---|---|---|
| | | Part 2: No response to claim for loss of future wages/income.<br><br>**Section VIII (Persons With Knowledge)**<br>Part 2: No response to persons providing facts/circumstances relating this lawsuit.<br><br>**Medical Authorization**: Not provided.<br>**Verification:** Not provided. | |
| Osborne, William 0:17-cv-02099 | 10/12/2017 | **Section II (Personal Information)**<br>Part 1: Name, other names used, address, and SSN provided, but no response to length of time at present address and persons living with plaintiff at time of events at issue.<br>Part 2: No response to driver's license number and state of issue.<br>Part 3: Date of birth provided but not place of birth.<br>Part 6: No response to residences for the last 10 years.<br>Part 8: No response to having children.<br>Part 9: No response to educational background.<br>Part 10: No response to employers for last 10 years.<br>Part 11: No response to prior military service.<br>Part 12: No response to rejection for military service due to medical/physical conditions.<br><br>**Section III (Surgery Information)**<br>Part 3: Hospital name, surgery date/location/ physician, type of surgery, reason for surgery, infections prior to surgery, persons with whom plaintiff discussed risks of surgery, and cause of infection provided, but no response to height/weight at time of surgery and medical conditions at time of surgery. | Kennedy Hodges, L.L.P. |

| | | | |
|---|---|---|---|
| | | **Section IV (General Medical Information)**<br>Part 1: No response to current or last height/weight.<br>Part 3: No response to healthcare providers seven (7) years prior to surgery.<br>Part 7: No response to pharmacies used.<br>Part 8: No response to prior dental visits.<br>Part 9: No response to use of tobacco.<br>Part 10: No response to use of drugs/alcohol.<br><br>**Section V (Insurance/Claim Information)**<br>Part 5: No response to prior disability claims.<br>Part 6: No response to prior lawsuits.<br>Part 7: No response to prior bankruptcies.<br><br>**Section VI (Current Claim Information)**<br>Part 1: No response to having suffered physical/bodily injury related to use of Bair Hugger.<br>Part 3: No response to damages related to emotional distress/physiological injuries.<br>Part 6: No response regarding Bair Hugger warnings.<br>Part 7: No response regarding 3M/Arizant communications regarding surgery/Bair Hugger.<br>Part 8: No response regarding 3M/Arizant communication regarding Bair Hugger warranty.<br>Part 9: No response to contacts with Augustine Temperature Management. | |

| | | | |
|---|---|---|---|
| | | **Section VII (Economic Damages)**<br>Part 1: No response to claim for loss of past wages/income.<br>Part 2: No response to claim for loss of future wages/income.<br><br>**Section VIII (Persons With Knowledge)**<br>Part 2: No response to persons providing facts/circumstances relating this lawsuit.<br><br>**Section IX (Loss of Consortium)**<br>No response to any question<br><br>**Medical Authorization**: Not provided.<br>**Verification:** Not provided. | |

**Addendum 2**

**Uncured PFS Core Deficiencies for Cases Listed in Part C**

| Plaintiff/Case Number | Third Deficiency Letter Sent | Uncured PFS Core Deficiencies | Firm Name |
|---|---|---|---|
| Grooms, Noble<br>0:17-cv-00343 | 8/24/2017 | **Section II (Personal Information)**<br>Part 1: Name and current address provided, but no response (other than "Unknown at this time; Discovery is ongoing") to other names used, SSN, length of time at present address, and persons living with plaintiff at time of events at issue.<br>Part 2: No response to driver's license number and state of issue (other than "Unknown at this time; Discovery is ongoing").<br>Part 3: Date of birth provided but not place of birth (other than "Unknown at this time; Discovery is ongoing").<br>Part 8: No response to having children (other than "unknown at this time").<br>Part 9: No response to educational background (other than "Unknown at this time; Discovery is ongoing").<br>Part 10: No response to employers for last 10 years (other than "Unknown at this time; Discovery is ongoing").<br><br>**Section III (Surgery Information)**<br>Part 3: Hospital name, surgery date/location, height/weight at time of surgery, medical conditions/infections at time of surgery, and cause of infection provided, but no response to surgery physician, type/reason for surgery, and persons with whom plaintiff discussed risks of surgery. | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA |

| | | | |
|---|---|---|---|
| | | **<u>Section IV (General Medical Information)</u>**<br>Part 3: No response to healthcare providers seven (7) years prior to surgery (other than "Unknown at this time; Discovery is ongoing").<br>Part 7: No response to pharmacies used (other than "Unknown at this time; Discovery is ongoing").<br><br>**<u>Section VI (Current Claim Information)</u>**<br>Part 1: No response to having suffered physical/bodily injury related to use of Bair Hugger.<br>Part 3: No response to damages related to emotional distress/physiological injuries.<br>Part 6: No response regarding Bair Hugger warnings.<br>Part 7: No response regarding 3M/Arizant communications regarding surgery/Bair Hugger.<br>Part 8: No response regarding 3M/Arizant communication regarding Bair Hugger warranty.<br><br>**Medical Authorization**: Not provided.<br>**Verification:** Not provided. | |
| Johnson, Caroline 0:17-cv-00640 | 10/03/2017 | **<u>Section III (Surgery Information)</u>**<br>Part 3: No response to any question (hospital name, surgery date/location/ physician, type of surgery, reason for surgery, height/weight at time of surgery, medical conditions at time of surgery, infections prior to surgery, persons with whom plaintiff discussed risks of surgery, cause of infection), other than "Under investigation, will provide supplemental information once in Plaintiff's possession." | Brown & Crouppen, PC |

| | | | |
|---|---|---|---|
| Garcia, Gilbert 0:16-cv-00711 | 10/12/2017 | **Section II (Personal Information)**<br>Part 1: Name and current address provided, but no response (other than "Unknown at this time, Discovery is ongoing") to other names used, SSN, length of time at present address, and persons living with plaintiff at time of events at issue.<br>Part 2: No response to driver's license number and state of issue (other than "Unknown at this time; Discovery is ongoing").<br>Part 3: Date of birth provided but not place of birth (other than "Unknown at this time; Discovery is ongoing").<br>Part 8: No response to having children (other than "unknown at this time").<br>Part 9: No response to educational background (other than "Unknown at this time; Discovery is ongoing").<br>Part 10: No response to employers for last 10 years (other than "Unknown at this time; Discovery is ongoing").<br><br>**Section III (Surgery Information)**<br>Part 4: No response to being told Bair Hugger caused infection/injury.<br>Part 5: No response to being aware of non-privileged tests/inspections of Bair Hugger.<br><br>**Section IV (General Medical Information)**<br>Part 1: No response to current height/ weight (other than "Unknown at this time; Discovery is ongoing").<br>Part 7: No response to pharmacies used (other than "Unknown at this time; Discovery is ongoing").<br>Part 8: No response to prior dental visits (other than "Unknown at this time; Discovery is ongoing").<br>Part 9: No response to use of tobacco. | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA |

| | | | |
|---|---|---|---|
| | | Part 10: No response to use of drugs/alcohol.<br><br>**<u>Section VI (Current Claim Information)</u>**<br>Part 1: Responded to having suffered physical/bodily injury related to use of Bair Hugger, and date first became aware of injuries, but no response to remaining questions (other than “Unknown at this time; Discovery is ongoing”).<br><br>**<u>Section VIII (Persons With Knowledge)</u>**<br>Part 2: No response to persons providing facts/circumstances relating this lawsuit.<br><br>**Medical Authorization**: Not provided.<br>**Verification:** Not provided. | |
| Gruetzmacher, Laura 0:16-cv-00998 | 10/12/2017 | **<u>Section II (Personal Information)</u>**<br>Part 1: Name, current address, and SSN provided, but no response (other than “Unknown at this time”) to other names used, length of time at present address, and persons living with plaintiff at time of events at issue.<br>Part 2: No response to driver’s license number and state of issue (other than “Unknown at this time; Discovery is ongoing”).<br>Part 3: Date of birth provided but not place of birth (other than “Unknown at this time; Discovery is ongoing”).<br>Part 7: No response to name/address of each spouse (other than “Unknown at this time; Discovery is ongoing”).<br>Part 8: Children identified, but not years of birth.<br>Part 9: No response to educational background (other than “Unknown at this time; Discovery is ongoing”). | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA |

| | | | |
|---|---|---|---|
| | | **<u>Section IV (General Medical Information)</u>**<br>Part 7: No response to pharmacies used (other than "Unknown at this time; Discovery is ongoing").<br><br>**<u>Section VI (Current Claim Information)</u>**<br>Part 1: Responded to having suffered physical/bodily injury related to use of Bair Hugger, but no response to remaining questions (other than "Unknown at this time; Discovery is ongoing").<br><br>**<u>Section VII (Economic Damages)</u>**<br>Part 2: No response to claim for loss of future wages/income.<br><br>**Medical Authorization**: Not provided.<br>**Verification:** Not provided. | |
| Guzman, Maria<br>0:16-cv-01017 | 10/12/2017 | **<u>Section II (Personal Information)</u>**<br>Part 1: Name, current address, and SSN provided, but no response (other than "Unknown at this time") to other names used, length of time at present address, and persons living with plaintiff at time of events at issue.<br>Part 2: No response to driver's license number and state of issue (other than "Unknown at this time; Discovery is ongoing").<br>Part 3: Date of birth provided but not place of birth (other than "Unknown at this time; Discovery is ongoing").<br>Part 6: Part 6: No response to residences for the last 10 years.<br>Part 9: No response to educational background (other than "Unknown at this time; Discovery is ongoing").<br>Part 10: No response to employers for last 10 years (other than "Unknown at this time; Discovery is ongoing"). | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA |

| | | | |
|---|---|---|---|
| | | **<u>Section VI (Current Claim Information)</u>**<br>Part 1: Responded to having suffered physical/bodily injury related to use of Bair Hugger, but no response to remaining questions (other than “Unknown at this time; Discovery is ongoing”).<br><br>**Medical Authorization**: Not provided.<br>**Verification:** Not provided. | |