**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

| | |
|---|---|
| In re Bair Hugger Forced Air Warming Products Liability Litigation<br><br>This Document Relates To:<br>All Actions | MDL No. 15-2666 (JNE/FLN)<br><br>**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL THIRD PARTY DR. SCOTT AUGUSTINE TO PRODUCE DOCUMENTS IN RESPONSE TO SUBPOENAS** |

Earlier this year, the Court granted leave to Defendants to continue the deposition of Scott Augustine and to take depositions of Brent Augustine and Randall Benham, two other employees of Dr. Augustine's business(es).  Since then, the parties have been focused on other aspects of the litigation:  expert discovery, *Daubert* and summary judgment motions with respect to general causation, and bellwether case-specific discovery. Defendants now intend to proceed with the Augustine witness depositions, but wish to tie up two "loose ends" on document discovery before proceeding.

As this Court is aware from earlier motion practice and its consideration of Defendants' privilege challenges, Augustine incited this litigation by, among other things, "preparing a detailed guide to suing 3M/Bair Hugger," recruiting the law firm of Kennedy Hodges to sign on as the author, and distributing the guide to Plaintiffs' lawyers across the country. *See* Dkt. No. 250, 265.  One version of the guide was produced pursuant to this Court's order.  There are at least two related categories of documents within the scope of the Court's prior orders that Augustine has continued to withhold, however: (1) additional versions of the litigation guide prepared by Augustine and provided to Kennedy Hodges,

and (2) emails sent to and from a Gmail account established by Augustine's counsel to receive and respond to inquiries regarding the litigation guide.  These documents are relevant, as determined by the Court's prior orders, and they cannot be privileged under the Court's prior orders.

Defendants request that Augustine be ordered to produce any additional versions of the litigation guide, as well as emails sent to and from the Gmail account established for purposes of receiving and responding to inquiries regarding the guide.

## BACKGROUND

**A.    The Litigation Guide**

Augustine and Kennedy Hodges have both acknowledged that at least two versions of the litigation guide exist – the "full" version and an "abridged" version.  Both have indicated they believe only the abridged version was sent to third parties and, as such, Augustine suggests that only the abridged version need be produced.  *See* Declaration of Monica L. Davies ("Davies Decl."), Ex. 1 at 3 (to the "best of [Augustine's] knowledge," the full guide was not sent to anyone).  Augustine's claim, however, is inconsistent with and contradicted by the documents he has already produced.

For example, in a July 2013 email to Kennedy Hodges, Augustine's counsel referred to one attorney to whom the "abridged guide" was sent, and two others who received "the guide."  *See* Davies Decl., Ex. 2.  This is consistent with other emails between Augustine's counsel and Kennedy Hodges, in which they expressed their intent to send the abridged guide to potential plaintiffs' attorneys as a "teaser" and to subsequently provide the full guide to attorneys who asked for it.  Davies Decl., Ex. 3 at 2.  A form letter prepared by

Augustine's counsel for Mr. Hodges' signature reads "[i]f, after reading these materials, you decide to pursue these cases by advertising for clients on your website or elsewhere, please let me know and I will provide the balance of the information in the Guide." Davies Decl., Ex. 4 at 2. Similarly, an Augustine employee stated in a separate email that the abridged guide would be sent the following day, which would include a notation in the index that, for pages 29-46, "such items are available in the full guide."[1] Davies Decl., Ex. 3 at 2.

**B.     <u>The Gmail Account</u>**

The documents Augustine has produced thus far confirm that he (through counsel) established a Gmail account to which replies and inquiries in response to the litigation guide could be directed. No emails sent to or from this account were included in Augustine's production, however, despite being clearly encompassed by Defendants' long-standing discovery requests and this Court's orders.

When asked to produce the emails, Augustine claimed that the account did not belong to him and that he could not access it. *See* Davies Decl., Ex. 1 at 4. Kennedy Hodges similarly denied accessing the account. *See id.* at 2. Throughout the parties' meet-and-confer efforts, Augustine has continued to deny that he has any such emails or access to the Gmail account. The documents Augustine has already produced, however, suggest otherwise:

---

[1] That notation does not appear in the version produced to Defendants. Thus, although Augustine has indicated that he produced the abridged litigation guide, it is not entirely clear which version was produced.

> ***If you have been following the Gmail activity, you know that the number of responses is around 30.*** Three of them have asked specific questions that should be answered by you. ***I will forward each of them to you*** in separate emails with my comments.

Davies Decl., Ex. 5 (July 2013 email from Randy Benham to Kennedy Hodges) (emphasis added). The emails exist, both Benham (on behalf of Augustine) and Kennedy Hodges apparently had the ability to track them, and Benham (on Augustine's behalf) had the ability to both read and forward them. For Augustine to now deny having access to the account strains credulity.

## **ARGUMENT**

Defendants are not looking to restart their discovery battles with Augustine, but rather to enforce Augustine's compliance with the Court's prior orders. Defendants' efforts to meet and confer regarding these documents have been unsuccessful; no party acknowledges having possession of the documents, but no party has been able to confirm they do not exist. Indeed, documents exchanged between Augustine, his counsel, and Plaintiffs' counsel Kennedy Hodges confirm the opposite.

Motions to compel non-party production based on a Rule 45 subpoena are subject to the standards of Rule 26. *Shukh v. Seagate Tech., LLC*, 295 F.R.D. 228, 236 (D. Minn. 2013). "[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer or respond." Fed. R. Civ. P. 37(a)(4). That is the case here.

Augustine has failed to fully comply with his discovery obligations, as well as the orders of this Court, by failing to produce all versions of the litigation guide and emails from the Gmail account associated with it. He acknowledges that more than one version

4

of the litigation guide exists, and his belief that only one version was distributed is contradicted by his own documents. Similarly, his claims that the Gmail account cannot be accessed are not credible, particularly in light of the evidence confirming that emails sent to and from that account were being read and tracked, and that either Augustine's counsel or Kennedy Hodges were responding to those inquiries.

These documents are important for purposes of closing the loop on outstanding Augustine-related discovery, and evaluating/preparing for continued depositions of Augustine and/or those acting on his behalf. This Court has already determined that the documents at issue are not privileged, and Augustine has failed to articulate any other basis on which they may be properly withheld. *See* Order, Mar. 7, 2017 (Dkt. #250) at 10-11. Augustine should thus be compelled to produce the documents or, in the event they no longer exist, be required to explain and certify the timing and circumstances surrounding their destruction.

## **CONCLUSON**

For all of the foregoing reasons, Defendants respectfully request that the Court enter an order compelling Augustine to produce (1) all versions of the litigation guide, and (2) all emails sent to or from the Gmail account discussed above. To the extent that Augustine claims such emails do not exist, he should be required to explain and certify the timing and circumstances surrounding their destruction. To the extent Augustine claims he no longer has access to the Gmail account, he should be required to explain and certify the timing and circumstances in which his access was removed or the account deactivated.
5

Dated: January 12, 2018　　　　　　　　　Respectfully submitted,

/s/Monica L. Davies
Jerry W. Blackwell (MN #186867)
Mary S. Young (MN #0392781)
Benjamin W. Hulse (MN #0390952)
Monica L. Davies (MN #0315023)
BLACKWELL BURKE P.A.
431 South Seventh Street, Suite 2500
Minneapolis, MN 55415
Phone: (612) 343-3256
Fax: (612) 343-3205
Email: blackwell@blackwellburke.com
　　　　myoung@blackwellburke.com
　　　　bhulse@blackwellburke.com
　　　　mdavies@blackwellburke.com


Bridget M. Ahmann (MN #016611x)
FAEGRE BAKER DANIELS LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
Phone: (612) 766-7000
Email: bridget.ahmann@faegrebd.com

**Counsel for Defendants 3M Company
And Arizant Healthcare Inc.**