# EXHIBIT 1

**Monica L. Davies**

| | |
|---|---|
| **From:** | Micah Hines |
| **Sent:** | Monday, May 01, 2017 2:46 PM |
| **To:** | 3M Bair Hugger |
| **Subject:** | Hodges' response to request for info on secret gmail account and litigation guide |

Begin forwarded message:

> **From:** David Hodges <dhodges@kennedyhodges.com>
> **Date:** May 1, 2017 at 3:36:53 PM EDT
> **To:** Micah Hines <mhines@blackwellburke.com>, Randy Benham <rbenham@augbiomed.com>
> **Cc:** Jerry Blackwell <blackwell@blackwellburke.com>, Genevieve Zimmerman <gzimmerman@meshbesher.com>, "Michael V. Ciresi" <MVC@ciresiconlin.com>, "Jan Conlin" <JMC@ciresiconlin.com>, Ben Gordon <bgordon@levinlaw.com>, Ben Hulse <BHulse@blackwellburke.com>, Mary Young <myoung@blackwellburke.com>, "Gabriel Assaad" <gassaad@kennedyhodges.com>
> **Subject: RE: Production-1--CONFIDENTIAL DESIGNATIONS...and other issues**
>
> Ms. Hines:
>
> As you know, fact discovery in this case has ended and I believe your requests go beyond the scope of your prior discovery requests.  Moreover, my law firm was never subpoenaed.  Still, as a professional courtesy, I will try and answer what I can.  See below.
>
> **From:** Micah Hines [mailto:mhines@blackwellburke.com]
> **Sent:** Thursday, April 27, 2017 1:19 PM
> **To:** Randy Benham <rbenham@augbiomed.com>; David Hodges <dhodges@kennedyhodges.com>
> **Cc:** Jerry Blackwell <blackwell@blackwellburke.com>; Genevieve Zimmerman <gzimmerman@meshbesher.com>; Michael V. Ciresi <MVC@ciresiconlin.com>; Jan Conlin <JMC@ciresiconlin.com>; Ben Gordon <bgordon@levinlaw.com>; Ben Hulse <BHulse@blackwellburke.com>; Mary Young <myoung@blackwellburke.com>
> **Subject:** RE: Production-1--CONFIDENTIAL DESIGNATIONS...and other issues
>
> Mr. Benham and Mr. Hodges,
>
> After Mr. Benham's response, a few questions remain. We'd appreciate a response from both of you to the following:
>
> - Please confirm all versions of the guide that exist, what they are titled, and whether they include exhibits. Your emails suggest that there are multiple versions of the guide, including but not limited to an abridged guide, a guide and a final guide.  I am not aware of multiple versions of the guide other than an abridged and unabridged guide.
> - Please confirm that all versions of the guide are reflected on your privilege logs and were shown to Judge Noel in camera. Please point us to any applicable privilege log entries.  As far as I know this is correct.
> - Please confirm which versions of the guide were distributed to Plaintiff's attorneys or other individuals, and please specify to whom were they distributed. The "Wall email" states that the

abridged guide was sent to Calvin Warriner and that Kerr/Goldberg received the guide.  I think only the abridged guide was emailed to attorneys.

Mr.
Hodges,

Mr. Benham urged us to speak with you about your work product claims related to the guide. Please confirm whether you also contend that Kennedy Hodges only waived work product over the abridged guide and that Judges Noel and Ericksen concluded that other versions of the guide are work product.  A reading of the order makes this clear. In addition, please let us know whether you control/controlled or have/had access to the gmail account.  I do not.  Lastly, please confirm that any emails from the gmail account have been produced, or that they are reflected on your privilege logs and were shown to Judge Noel in camera. I have no way of knowing this as I don't think I accessed that account.

Mr. Benham,
Your statement that your client does not possess the gmail emails and has no access to the gmail account is unclear as the emails suggest that you had access. Did you or your client at any point have access to the gmail account mentioned below and if so, when? Please also explain why your client doesn't have those documents and why your client no longer has access to the account.

We would appreciate a response by Monday at noon.

Thank you,
Micah

**Micah Hines**
Blackwell Burke P.A.
431 South Seventh Street, Suite 2500
Minneapolis, MN  55415
Direct (612) 343-3284
Fax (612) 343-3205
mhines@blackwellburke.com
http://www.blackwellburke.com

**This message and any attachments may contain information that is privileged, confidential, and exempt from disclosure under applicable law. If you are not the intended recipient or are not authorized to receive for the recipient, you are hereby notified that dissemination, distribution or copying of this message and any attachments is strictly prohibited. If you have received this message in error, please immediately advise the sender by reply e-mail and delete the message and any attachments. Thank you.**

**From:** Randy Benham [mailto:rbenham@augbiomed.com]
**Sent:** Friday, April 21, 2017 4:48 PM
**To:** Micah Hines <mhines@blackwellburke.com>
**Cc:** David Hodges <dhodges@kennedyhodges.com>; Jerry Blackwell <blackwell@blackwellburke.com>; Genevieve Zimmerman <gzimmerman@meshbesher.com>; Michael V. Ciresi <MVC@ciresiconlin.com>; Jan Conlin <JMC@ciresiconlin.com>; Ben Gordon <bgordon@levinlaw.com>; Ben Hulse <BHulse@blackwellburke.com>; Mary Young <myoung@blackwellburke.com>
**Subject:** Re: Production-1--CONFIDENTIAL DESIGNATIONS...and other issues

My responses are in red below.

Randy

J. Randall Benham

General Counsel
Augustine Temperature Management LLC
6581 City West Parkway
Eden Prairie, MN  55344

---

**From:** Micah Hines <mhines@blackwellburke.com>
**Date:** Tuesday, April 18, 2017 at 5:13 PM
**To:** Randy Benham <rbenham@augbiomed.com>
**Cc:** David Hodges <dhodges@kennedyhodges.com>, Jerry Blackwell <blackwell@blackwellburke.com>, Genevieve Zimmerman <gzimmerman@meshbesher.com>, "Michael V. Ciresi" <MVC@ciresiconlin.com>, Jan Conlin <JMC@ciresiconlin.com>, Ben Gordon <bgordon@levinlaw.com>, Ben Hulse <BHulse@blackwellburke.com>, Mary Young <myoung@blackwellburke.com>
**Subject:** RE: Production-1--CONFIDENTIAL DESIGNATIONS...and other issues

Mr. Benham,

Thank you for your email below. This email summarizes our outstanding requests:

- Please produce all drafts and versions of the guide, including exhibits and any NDA or confidentiality agreements related to the guide. These documents are responsive to Request 11.
  - We are not seeking documents that Judges Noel and Ericksen concluded are attorney work product. Please explain the basis for your statement that the final version of the guide with exhibits is outside the scope of the order and remains protected as Kennedy Hodges work product. Per your suggestion, I've cc'd Mr. Hodges.

As I understand Judge Noel's Order, Kennedy Hodges waived work-product protection regarding the version of the guide (the abridged version that I have already produced) that was sent to other attorneys.  To the best of my knowledge, the version of the guide that you are demanding was not sent to anyone;  the work-product privilege, therefore, was not waived.

Obviously, I want to abide by Judge Noel's Order and to avoid taking the time from my normal duties to respond to another motion to compel. If you disagree with the position I am taking, perhaps the matter could be resolved less formally with a telephone conference with Judge Noel.  Such a call, of course, would need to involve Kennedy Hodges.

- Please produce or confirm that you have produced the following documents, which are responsive to Request 11:
  - All emails from the gmail account (see no. 8 below, and "Hodges letter" email attached). You stated that the gmail account is not an Augustine account, but it clear from the attached emails that you have had access to that account. Please produce the emails requested.
  - The gmail activity, 30 responses and emails to/from Kennedy Hodges with your comments (see no. 26 below, and the "New article" email attached). We have been unable to locate these in your production so ask that you please let us know when they were produced and direct us to their location.
  - The Davis response, the Wall response, the Volletsen response, emails to Calvin Warriner (including the one where he was sent the abridged Guide), any emails to/from Warriner and SearcyDenny, emails to/from Kerr/Goldberg (including the one where she was sent the Guide) and emails to/from Mark Delphin (see No. 26 below and the "Wall email" attached). We have been unable to locate these in your

production so ask that you please let us know when they were produced and direct us to their location.

My client does not possess these documents and has no access to the account from which these documents were sent.

- Lastly, Dr. Augustine testified that he submitted a study involving Ridgeview Medical Center for publication, and that it has been accepted for publication. Please confirm that you produced all documents relating to the study and all submissions to the journal (as those documents are responsive to several requests, including Request 48).

The study and the data underlying the study were produced.

To date, I have not looked for communications with the journal because I believe that all such communications would have occurred after the date your discovery was served. I do not believe that our obligation to share confidential proprietary information with our major competitor is never-ending.  If I am incorrect, please cite authorities.

We'd appreciate a response by the end of the week.

Thank you,
Micah

**Micah Hines**
Blackwell Burke P.A.
431 South Seventh Street, Suite 2500
Minneapolis, MN  55415
Direct (612) 343-3284
Fax (612) 343-3205
mhines@blackwellburke.com
http://www.blackwellburke.com

**This message and any attachments may contain information that is privileged, confidential, and exempt from disclosure under applicable law. If you are not the intended recipient or are not authorized to receive for the recipient, you are hereby notified that dissemination, distribution or copying of this message and any attachments is strictly prohibited. If you have received this message in error, please immediately advise the sender by reply e-mail and delete the message and any attachments. Thank you.**

**From:** Randy Benham [mailto:rbenham@augbiomed.com]
**Sent:** Wednesday, April 05, 2017 5:05 PM
**To:** Micah Hines <mhines@blackwellburke.com>; Ben Hulse <BHulse@blackwellburke.com>
**Cc:** David Hodges <dhodges@kennedyhodges.com>; Jerry Blackwell <blackwell@blackwellburke.com>; Genevieve Zimmerman <gzimmerman@meshbesher.com>; Michael V. Ciresi <MVC@ciresiconlin.com>; Jan Conlin <JMC@ciresiconlin.com>; Ben Gordon <bgordon@levinlaw.com>
**Subject:** Re: Production-1--CONFIDENTIAL DESIGNATIONS...and other issues

 Ms Hines,

In response to your email of 3/29/17, I have interspersed my comments—in red-- among the various demands made in your email of 3/15/17.  Please see those comments below.

Your 3/29/17 email also alleges that I have failed to produce fully in response to your March 8, 2017 subpoena. I believe that I responded fully within the scope of discovery established by Judge Noel regarding such marketing communications.   If you believe that I am incorrect, please inform me as to what other documents you believe to be responsive— with citations to Orders by Judge Noel establishing that such discovery is appropriate,

Randy

J. Randall Benham

General Counsel
Augustine Temperature Management LLC
6581 City West Parkway
Eden Prairie, MN  55344

**From:** Micah Hines <mhines@blackwellburke.com>
**Date:** Wednesday, March 15, 2017 at 10:04 PM
**To:** Randy Benham <rbenham@augbiomed.com>
**Cc:** David Hodges <dhodges@kennedyhodges.com>, Jerry Blackwell <blackwell@blackwellburke.com>, Ben Hulse <BHulse@blackwellburke.com>, Genevieve Zimmerman <gzimmerman@meshbesher.com>
**Subject:** Privilege Log Production: Request for Additional Documents

Mr. Benham,

We've reviewed your production. Several emails reference attachments which have not been produced, and several emails reference documents which have not been produced. We are not seeking privileged documents, but request that you produce all of the non-privileged documents requested below by this Friday, March 17 at 5:00 pm. If you contend that any are privileged, please let us know. The requests below are categorized by document.

**Production -1:**

1. 6-27-13
An email within this document, dated June 28, 2013 9:40 am says "I have attached the guide with a different logo and included the following comment in the index for pages 29-46."

Please produce the guide referenced in the email above.

RB: I believe that this document has already been produced.

2. FW: Depositions (second attachment to your email)
A February 10, 2015 11:41 am email within this document states that you have "attached a summary of the various misrepresentations made by Arizant;" a February 9, 2015 5:23 pm email states "I sent some comments earlier, but I will try to elaborate;" and a February 9 2015 12:11 pm email says "I'll prepare comments about questions for these fellows."

Please produce the attachments referenced in the above emails, including the summary and comments referenced in the emails above.

RB:  None of the email content located inside this email steam has been found outside of this email stream.

3. KH guide
Please produce all drafts, communications concerning the guide, as well as the final version of the guide with exhibits.

RB:  I believe that I have produced all that Judge Noel has ordered that I produce.  Specifically, he ruled that  Kennedy Hodges had waived work-product protection regarding the document that was emailed to other attorneys.   I believe that the "final version of the guide with exhibits" is outside the scope of Judge Noel's order and remains protected as Kennedy Hodges work product. I urge you to discuss this matter with Kennedy Hodges.

I also do not believe that the document itself is responsive to any of your discovery demands, except to the extent that it was attached to a communication with Kennedy Hodges—in which case in it protected as Kennedy Hodges work product as described above. Nevertheless,  I have not located any such communication. Please let me know if you believe  that I am incorrect in this analysis.

4. Re: Guide (abridged)
A June 27, 2013 4:01 pm email within this document states, "please find attached a PDF of the abridged guide which will be sent out tomorrow unless you see something which needs to be changed before it can be sent;" a June 27,2013 1:45 pm email states, "[h]ere is the guide'" and a June 28, 2013 9:40 am email states, "I have attached the Guide…"

Please produce the attachments referenced in the emails, including the abridged guide and the guide.

RB:  I believe that this document has already been produced.

5. RE: Timing
A March 18,2013 6:00 pm email within this document states "we will give you a copy of the press release. LS -please send it to Randy with a cc to GAA and me." A March 13, 2013 12:52 pm email says "you might consider the attached as a starting point."

Please produce the press release and the attachment(s) referenced in the emails above.

RB:  The March 13, 2013 12:52 pm email has not been found outside of this email stream.   No email from LS has been located.

**Production-2:**

6. Re: Guide (third attachment)
An April 25, 2013 12:22 pm email within this document states,"[o]ur staff is preparing a list of the email addresses of AAJ members who do this work, and we may do an email blast." The document titled Guide (fourth attachment) also references a list of AAJ members.

Please produce the documents referenced in the documents and emails above, including but not limited to, the list of email addresses of AAJ members, email addresses of AAJ members, and any email blasts or draft blasts that were sent.

RB: Any emails from Augustine to attorneys have already been produced. I do not believe that mere mention of a document in another document produced during discovery automatically requires that the first document be produced as well. I also do not believe the documents you demand are encompassed by any request for production to which the Court has ordered my client to respond. If I am incorrect, please advise as to which request would apply.

7. RE: Guide (6th attachment)
A May 14, 2013 3:50 pm email within this document states," [t]he guide that we propose sending to interested Pl. attorneys is attached. There are also 26 exhibits that would appear as PDFs in a zip file…. Lawyers will need to respond to the email requesting the guide. I'll create a form letter for your approval to send in response --along with the Guide." A May 15, 2013 4:50 pm email mentions a "confidentiality agreement."

Please produce all documents referenced in the emails above, including but not limited to the guide, 26 exhibits, form letter, and confidentiality agreement.

RB: The May 14, 2013 3:50 pm email has not been found outside of this email stream; therefore, I am unable to identify and produce whatever was attached to that email. I do not believe that mere mention of a document in another document produced during discovery automatically requires that the first document be produced as well. I also do not believe the documents you demand are encompassed by any request for production to which the Court has ordered my client to respond. If I am incorrect, please advise as to which request would apply.


8. RE: Hodges letter
A May 21, 2013 5:42 pm email within this document states, "I revised the cover letter. Here is the latest draft." Other emails within the document reference a gmail account.

Please produce all documents referenced in the emails above, including the cover letter and all communications to/from and/or contained in the gmail account.

RB: The May 21, 2013 5:42 pm email has not been found outside of this email stream; therefore, I am unable to identify and produce whatever was attached to that email. I do not believe that mere mention of a document in another document produced during discovery automatically requires that the first document be produced as well.

Any emails from Augustine to attorneys have already been produced. The gmail account referenced is not an Augustine account.

9. RE: Guide (ninth attachment)
A June 7, 2013 12:49 pm email states, "The email change looks good." A June 7, 2013 12:05 pm email says, "I have attached a portion of the Bair Hugger Warming and Peri-prosthetic Infections in Joint Replacement Surgery: A guide to Product Liability Litigation guide. " A June 7, 2014 11:23 am email says "[w]e have a quite a few names and email addresses from the AAJ website. We want to start contacting them early next week. This [sic] who respond would receive the abridged guide and a brief note from you…"

Please produce the email change, guide, names, addresses, notes and communications referenced in the emails above.

RB:  The various emails contained within the email stream have not been located except within the stream.  Any attachments such emails may contain, therefore, are not available.

I do not believe that mere mention of a document in another document produced during discovery automatically requires that the first document be produced as well.  I also do not believe the documents you demand are encompassed by any request for production to which the Court has ordered my client to respond.  If I am incorrect, please advise as to which request would apply.

10. RE: 3M product Alleged to Cause Surgical Infections.
Several of the emails within this document reference PowerPoint slides and slides.

Please produce the slides and/or PowerPoint slides referenced in the emails.

RB:  If Augustine communicated with Mr. Davis and those communications have been located, I believe that those communications and any attachments have already been produced.

I do not believe that mere mention of a document in another document produced during discovery automatically requires that the first document be produced as well.  I also do not believe the documents you demand are encompassed by any request for production to which the Court has ordered my client to respond.  If I am incorrect, please advise as to which request would apply.

**Production -3**

11. ***SPAM*** RE: RE: Research for review by potential experts.
A May 20, 2014 12:10 pm email within this document states, "I hope what I have attached is helpful. The document entitled 'Summary' is an overview of all the research."

Please produce the documents referenced as being attached to the above email, including but not limited to the 'Summary'.

RB: The May 20, 2014 12:10 pm email has not been found outside of the email stream; any attachment to that email, therefore, is not available.

All documents related to research have already been produced.

12. (20kb)
The document contains scrambled letters and symbols and cannot be read.

Please produce the document.

RB:  I cannot determine to which document you are referring.  My computer does not show a document entitled (or containing) 20kb.  Perhaps it is the document I already sent you.  If not, please identify the document more precisely, I will will send another copy.

13. 8.pdf
This document contains an email from benhamlaw@gmail.com.

Please confirm you've searched and produced emails from this account.

RB:  Yes, I did.

14. RE: 30-second video
Please produce the video and any video footage.

RB:  I do not believe that mere mention of a document in another document produced during discovery automatically requires that the first document be produced as well.  I also do not believe the documents you demand are encompassed by any request for production to which the Court has ordered my client to respond.  If I am incorrect, please advise as to which request would apply.

15. (11KB)
The document contains scrambled letters and symbols and cannot be read.

Please produce the document.

RB:  I cannot determine to which document you are referring.  My computer does not show a document entitled (or containing) 11kb.  Perhaps it is the document I already sent you.  If not, please identify the document more precisely, I will will send another copy.

16. Fwd: Hepa
An August 19, 2015 4:21 pm email within this document says I originally found this on the internet and a 4:21 pm email says "This one is from the FDA -what does it show?" An August 19, 2015 5:22:21 PM email references " attachments." An August 19, 2015 3:27 pm email says, "in the meantime, here is a scan."

Please produce all of the documents referenced in the emails above, including but not limited to the attachments and scan referenced in the email.

RB: The email contained within the email stream has not been located except within the stream.  Any attachment such email may contain, therefore, is not available.

I do not believe that mere mention of a document in another document produced during discovery automatically requires that the first document be produced as well.  I also do not believe the documents you demand are encompassed by any request for production to which the Court has ordered my client to respond.  If I am incorrect, please advise as to which request would apply.

17. Re: 3M Product Alleged to Cause Surgical Infections.
Please produce the documents, including but not limited to the PowerPoint slides and slides referenced in the emails.

 RB:  If Augustine communicated with Mr. Davis and those communications have been located, I believe that those communications and any attachments have already been produced.

I do not believe that mere mention of a document in another document produced during discovery automatically requires that the first document be produced as well.   I also do not believe the documents you demand are encompassed by any request for production to which the Court has ordered my client to respond.   If I am incorrect, please advise as to which request would apply.

18. RE: Attorney response No. 6--The end.
A June 9,2014 2:36 pm email within the document says "David, this is the only response that seems a bit negative. "

Please produce any and all responses, including the one referenced in the email above.

RB:  The response referenced in the email appears to be part of the email chain.

I do not believe that mere mention of a document in another document produced during discovery automatically requires that the first document be produced as well.   I also do not believe the documents you demand are encompassed by any request for production to which the Court has ordered my client to respond.   If I am incorrect, please advise as to which request would apply.

To the extent that Augustine communicated with other attorneys, I believe those communications and any attachments have already been produced.

**Production- 4 (Final)**

19. RE: Guide (abridged)
Please produce all documents and attachments referenced in the document.

RB:  The abridged Guide has already been produced.

 I do not believe that mere mention of a document in another document produced during discovery automatically requires that the first document be produced as well.   I also do not believe the documents you demand are encompassed by any request for production to which the Court has ordered my client to respond.   If I am incorrect, please advise as to which request would apply.

20. RE: New article
A July 2, 2013 email within this document states, "I have attached a pre-publication galley of a new article." It also states, [i]f you have been following the Gmail activity, you know that the number of responses is around 30. Three of them have asked specific questions that should be answered by you.   I will forward each of them to you in separate emails with my comments."

Please produce all of the documents referenced in the emails above, including but not limited to the pre-publication galley, all gmail activity referenced above, the around 30 responses and other communications received/sent to those individuals, and the emails forwarding the communications to David Hodges and Gabriel Assad.

RB:  The various emails contained within the email stream have not been located except within the stream.  Any attachments such emails may contain, therefore, are not available.

I do not believe that mere mention of a document in another document produced during discovery automatically requires that the first document be produced as well.   I also do not believe the documents you demand are encompassed by any request for production to which the Court has ordered my client to respond.   If I am incorrect, please advise as to which request would app

 All communications with Kennedy Hodges have already been produced as required by the Court.

21. RE: Guide (abridged) -DWH edits
A June 28, 2013 9:40 am email within the document says, " I have attached the Guide with a different logo and included the following comment in the index for pages 29-46." A June 27 2013 4:01 pm email says "[p]lease find attached a PDF of the abridged guide which will be sent out tomorrow unless you see something which needs to be changed before it can be sent." A June 27, 2013 1:45 pm email says "[h]ere is the guide."

Please produce all documents referenced in the emails above, including but not limited to the attached PDF of the abridged guide, the guide with a different logo, and the guide.

RB:      The abridged Guide has already been produced.

I do not believe that mere mention of a document in another document produced during discovery automatically requires that the first document be produced as well.   I also do not believe the documents you demand are encompassed by any request for production to which the Court has ordered my client to respond.   If I am incorrect, please advise as to which request would apply.

22. RE: Hodges letter
A May 22,2013 email within the document states that an  "...NDA could be added to the initial email..."

Please produce all documents referenced in the emails, including but not limited to the NDA.

 RB:  I do not believe that mere mention of a document in another document produced during discovery automatically requires that the first document be produced as well.   I also do not believe the documents you demand are encompassed by any request for production to which the Court has ordered my client to respond.   If I am incorrect, please advise as to which request would apply.

23. RE: Treater depos
A September 12, 2014 10:14 am email within the document states, "we are starting depos or treaters in the Walton case. I want to educate them on the literature that is helpful to us. Can you give me your opinion about which ones you guys think are the best to send them in light of the cross-examination that will follow? " A September 12, 2014 email states 9/12/14 at 11:44 states, "[s]ure. I am out of the office today, but I will handle this on Monday."

Please produce all documents referenced in these emails, including but not limited to the response sent or intended to be sent on Monday.

RB:   All communications with Kennedy Hodges have already been produced as required by the Court.

I do not believe that mere mention of a document in another document produced during discovery automatically requires that the first document be produced as well.   I also do not believe the documents you demand are encompassed by any request for

production to which the Court has ordered my client to respond.   If I am incorrect, please advise as to which request would apply.

Nevertheless, all scientific literature responsive to discovery requests has already been produced.

24. RE: Open issues
A July 3, 2013 1:59 pm email within this document states, "[s]hall I just respond to  Samuel Davis or to all?" and discusses a video and webinar.

Please produce all documents referenced in the above email, including but not limited to all responses to Samuel Davis and all, and all documents relating to the video and webinar.

RB:  If Augustine communicated with Mr. Davis and those communications have been located, I believe that those communications and any attachments have already been produced.

I do not believe that mere mention of a document in another document produced during discovery automatically requires that the first document be produced as well.   I also do not believe the documents you demand are encompassed by any request for production to which the Court has ordered my client to respond.   If I am incorrect, please advise as to which request would apply.

25. Re: Samuel Davis
Please produce all communications with Samuel Davis and any other emails or communications from individuals who communicated through the same medium.

RB:   If Augustine communicated with Mr. Davis and those communications have been located, I believe that those communications and any attachments have already been produced.   Please explain the meaning of "any other emails or communications from individuals who communicated through the same medium."

26. FW: Wall email
A July 10, 2013 2:00 pm email within this document contains four numbered paragraphs.

Please produce all documents referenced in the paragraphs, including but not limited to the Davis response and all related documents and communications; the Wall response and all related documents and communications; the Volletsen response and all related documents, including emails/documents reflecting Hodges' edits; the abridged guide and communication sent to Calvin Warriner  and all related documents; all communications with Warriner and Searcy and all related documents; and Kerr/Goldberg communications, including but not limited to those with Deborah Kerr and Mark Delphin, and all related documents.

RB:   If Augustine communicated with these persons and those communications have been located, I believe that those communications and any attachments have already been produced.  The abridged guide has already been produced.

27. RE: Walton v 3M (34kb)

An email dated May 7, 2014 2:30 pm within this document says "I have attached a timeline of what Arizant/3M knew and when and how" and "an email from Bob Buehler assuring customers that BH is safe and Arizant a responses to the research."

Please produce all documents referenced in the above email, including but not limited to the timeline and the email from Bob Buehler.

RB: The May 7, 2014 2:30 pm email contained within the email stream has not been located except within the stream.  Any attachments such email may contain, therefore, are not available.

The only other documents referenced are the hyperlinks contained in the email.

28. Sikka study
The email states, "[s]end me info."

Please produce all documents concerning the Sikka study and all documents and information referenced in the above email.

RB:  I do not believe that mere mention of a document in another document produced during discovery automatically requires that the first document be produced as well.   I also do not believe the documents you demand are encompassed by any request for production to which the Court has ordered my client to respond.   If I am incorrect, please advise as to which request would apply.

29. Walton v 3M
An April 23, 2014 email within this document states, "do you have a final copy of the Bair Hugger Guidebook, the Guide to Product Liability Litigation book? If so, could you send me a copy."

Please produce all documents referenced in the email above, including but not limited to the Bair Hugger Guidebook, the Guide to Product Liability Litigation.

 RB:   I do not believe that mere mention of a document in another document produced during discovery automatically requires that the first document be produced as well.   I also do not believe the documents you demand are encompassed by any request for production to which the Court has ordered my client to respond.   If I am incorrect, please advise as to which request would apply.

Moreover, I do not believe that it is covered by Judge Noel's Order because it is not the document regarding which Kennedy Hodges waived work-product protection by mailing it to various attorneys.  I urge you to discuss this matter with Kennedy Hodges.


Thank you,
Micah



**Micah Hines**
**Blackwell Burke P.A.**

431 South 7th Street
Suite 2500
Minneapolis, MN 55415

612.343.3284 Direct
612.343.3205 Fax

mhines@blackwellburke.com

This message and any attachments may contain information that is privileged, confidential, and exempt from disclosure under applicable law. If you are not the intended recipient or are not authorized to receive for the recipient, you are hereby notified that dissemination, distribution or copying of this message and any attachments is strictly prohibited. If you have received this message in error, please immediately advise the sender by reply e-mail and delete the message and any attachments. Thank you.

**From:** Micah Hines <mhines@blackwellburke.com>
**Date:** Wednesday, March 29, 2017 at 5:17 PM
**To:** Randy Benham <rbenham@augbiomed.com>, Ben Hulse <BHulse@blackwellburke.com>
**Cc:** David Hodges <dhodges@kennedyhodges.com>, Jerry Blackwell <blackwell@blackwellburke.com>, Genevieve Zimmerman <gzimmerman@meshbesher.com>, "Michael V. Ciresi" <MVC@ciresiconlin.com>, Jan Conlin <JMC@ciresiconlin.com>, Ben Gordon <bgordon@levinlaw.com>
**Subject:** RE: Production-1--CONFIDENTIAL DESIGNATIONS...and other issues

Mr. Benham,

We have been unable to locate documents 13 and 68 on your December log, which Judge Noel ordered you to produce. Please either produce those documents immediately or direct us to them. We also write regarding your response to Defendants' March 8 subpoena, as well as your March 17 communication (below).

**Defendants' March 8 subpoena:** The subpoena requests "[a]ll communications drafted, created and/or sent by You, any person or entity You sponsor/sponsored, and/or any person who acts/acted on Your behalf or at Your direction, from December 20, 2016 through the date of this subpoena, which concern, mention or reference a silent recall and/or a recall by 3M Company." Your production of three template emails concerning the silent recall is not a complete response to this request. In addition, you did not object to the subpoena, and as you are aware, the time for any objection has passed. We ask that you please produce all responsive communications by April 5 at 5:00 pm.

**The documents requested via email on March 15 (attached) and your March 17 communication**: On March 17, you asked us to tell you whether the documents we requested on March 15 fall within the scope of the requests with which the court has ordered you to comply.

As you are aware, Defendants requested all communications with Kennedy Hodges, all documents you have sent to or received from any Plaintiff's attorney, all documents relating to any Plaintiff's attorney, and all documents you have sent to or received from any person or entity relating to litigation concerning the Bair Hugger system (see April 6, 2015 subpoena request 2; see June 7, 2016 subpoena requests 24, 25 and 28). A majority, if not all of the documents we requested on March 15 (see attached), fall within these requests.

On November 4, 2015, Judge Noel ordered you to either produce all communications with Kennedy Hodges or include them on a privilege log. Following the order, you represented, via email, on your privilege logs and during meet and confers, that there weren't any communications with Kennedy Hodges other than those on your privilege logs. Based on your representations, we didn't know that the documents existed (and therefore we did not ask the court, as part of our motion to compel, to order you to produce them). We only recently learned about the existence of these documents after reviewing other documents the court ordered you to produce. On November 23, 2016, Judge Noel also required that you place any withheld documents on a privilege log.

From our review, it does not appear that the documents we are requesting are on any of your privilege logs. Based on Defendants subpoenas, your prior representations, and Judge Noel's orders, we are asking that you produce these documents no later than April 5 at 5:00 pm. Lastly, although a majority, if not all of the documents, are responsive to the above referenced requests, other documents requested below are responsive to several other of the June 7 subpoena requests, including 11, 15, 31 and 52 a and b.

Thank you,
Micah

**Micah Hines**
Blackwell Burke P.A.
431 South Seventh Street, Suite 2500
Minneapolis, MN  55415
Direct (612) 343-3284
Fax (612) 343-3205
mhines@blackwellburke.com
http://www.blackwellburke.com

**This message and any attachments may contain information that is privileged, confidential, and exempt from disclosure under applicable law. If you are not the intended recipient or are not authorized to receive for the recipient, you are hereby notified that dissemination, distribution or copying of this message and any attachments is strictly prohibited. If you have received this message in error, please immediately advise the sender by reply e-mail and delete the message and any attachments. Thank you.**

**From:** Randy Benham [mailto:rbenham@augbiomed.com]
**Sent:** Friday, March 17, 2017 5:18 PM
**To:** Ben Hulse <BHulse@blackwellburke.com>
**Cc:** David Hodges <dhodges@kennedyhodges.com>; Jerry Blackwell <blackwell@blackwellburke.com>; Micah Hines <mhines@blackwellburke.com>
**Subject:** Re: Production-1--CONFIDENTIAL DESIGNATIONS...and other issues

The various emails from you and Ms Hines this week have raised numerous issues.  I will attempt to respond to them here.

The Confidentiality designation— I re-read pages 10-11 of the March 7 Order, as you suggested, but I fail to see how it applies.  Moreover, I cannot see how the designation disadvantages 3M in any way—unless 3M wants no restrictions on its use of the information whatsoever, including using it to somehow gain a competitive advantage over my client.  I do not believe that the Court will allow using discovery taken from a non-party to gain a competitive advantage over that party.

On the other hand, if the designation actually creates some disadvantage for 3M in the instant litigation, please let me know.  I will reconsider the designation in light of any such facts.

The process of identifying documents— Actually, I do not understand your concern.  The fact that I identified additional documents and produced them to the Court should increase, not decrease, your confidence in my efforts. In a recent email to Ms Hines I specified in great detail the efforts that I made to locate documents.  The same level of effort—and searches of the same logical sources-- was made to locate communications with Kennedy Hodges.

Please note that I am not refusing to answer your questions; I just believe that I have already answered them.

Various issues raised by Ms Hines—

The two documents that did not come across intelligibly are attached.  Of course, I also produced hard copies of these documents to you.

Benhamlaw@gmail.com was searched.

Ms Hines demanded numerous documents that were mentioned in the documents that I produced.   As ordered by the Court, I produced every document that was attached to any email that was produced.  To the best of my knowledge, I have also produced every document that the Court ordered my client to produce.

If any of the groups of  documents demanded by Ms Hines fall within the scope of one of the Requests with which the Court has ordered me to comply, please tell me which group and which Request.  Although I expect that I would already have produced any such document, I will look again.

As for groups of documents that do not fall within the scope of one of the Requests with which the Court has ordered me to comply, I do not understand your legal basis for making such a demand.  Please explain.

As I mentioned to Ms Hines some time ago, I will be traveling and outside of the United States for the next several days.  I do not expect to review or respond to email until Monday, March 27. Of course, I will be unavailable to accept any service on behalf of my clients during this period.

I look forward to resolving these issues upon my return.

Randy

J. Randall Benham

General Counsel
Augustine Temperature Management LLC

6581 City West Parkway
Eden Prairie, MN  55344


**From:** Ben Hulse <BHulse@blackwellburke.com>
**Date:** Friday, March 17, 2017 at 7:47 AM
**To:** Randy Benham <rbenham@augbiomed.com>
**Cc:** Genevieve Zimmerman <gzimmerman@meshbesher.com>, David Hodges
<dhodges@kennedyhodges.com>, Jerry Blackwell <blackwell@blackwellburke.com>, Micah Hines
<mhines@blackwellburke.com>
**Subject:** RE: Production-1--CONFIDENTIAL DESIGNATIONS

Thank you Randy.  We do not understand your basis for designating the rest of the documents as
Confidential under the Protective Order.   The language of the Court's March 7 order (see, for example,
page 10-11) should preclude such a designation.

This email constitutes a request for change of designation pursuant to Paragraph 9 of the Protective
Order.  If the change is not agreed to, we will bring the issue to the Court.  Thank you.


Regards,
Ben


Benjamin W. Hulse
Blackwell Burke P.A.
431 South Seventh Street, Suite 2500
Minneapolis, MN  55415
Direct (612) 343-3256
Fax (612) 343-3205

This message and any attachments may contain information that is privileged, confidential, and exempt from disclosure under applicable
law. If you are not the intended recipient or are not authorized to receive for the recipient, you are hereby notified that dissemination,
distribution or copying of this message and any attachments is strictly prohibited. If you have received this message in error, please
immediately advise the sender by reply e-mail and delete the message and any attachments. Thank you.

**From:** Randy Benham [mailto:rbenham@augbiomed.com]
**Sent:** Thursday, March 16, 2017 3:35 PM
**To:** Ben Hulse
**Cc:** Genevieve Zimmerman; David Hodges; Jerry Blackwell; Micah Hines
**Subject:** Re: Production-1--CONFIDENTIAL DESIGNATIONS

Ben,

I have determined that the Confidential designation need not be applied to the following
documents that I produced to you this week.  All others should be marked Confidential.

**Group 1—**

2-10-15  11:53
2-9-15  4:29

2-9-15  5:27
2-9-15  2:59
3-29-13  10:09
Walton Petition

**Group 2—**

4-8-13   1:17

**Group 3—**

10-19-15  10:35
8-19-15  12:08
8-19-15  5:22
9-14-15  3;40
6-16-15  9:33
2-8-15  10:09
9-23-15  3:33
9-18-15  1:33
7-29-13  12:00
11-3-15 3:33
10-11-13  11:13
10-30-15  2:55
6-12-14  10:24
3-29-13  9:29

**GROUP 4–**

12-28-15  10:06
10-21-15  11:08
3-29-13  10:09
4-20–15  10:08
4-8-13  1:17
2-11-15  10:24
4-23-15  8:15

This task and my others duties have not allowed me to address the issues raised in your other email and that of Ms Hines.  I will respond to them tomorrow.

Randy

J. Randall Benham

General Counsel
Augustine Temperature Management LLC
6581 City West Parkway
Eden Prairie, MN  55344

---

**From:** Ben Hulse <BHulse@blackwellburke.com>
**Date:** Wednesday, March 15, 2017 at 7:33 AM
**To:** Randy Benham <rbenham@augbiomed.com>
**Cc:** Genevieve Zimmerman <gzimmerman@meshbesher.com>, David Hodges

<dhodges@kennedyhodges.com>, Jerry Blackwell <blackwell@blackwellburke.com>, Micah Hines
<mhines@blackwellburke.com>
**Subject:** RE: Production-1

Randy,

Could you respond to my second point below concerning confidentiality?  We're not seeing any
documents in your production that qualify for confidential status under the regular protective order,
much less the special protective order.  Will you let me know if you are still asserting confidentiality over
any of them today, the type of confidentiality you are asserting (regular Confidential or Augustine
Elevated) and the basis for that assertion?  If you still are asserting confidentiality, we will go to Judge
Noel promptly for resolution.

Thanks much.

Regards,
Ben

Benjamin W. Hulse
Blackwell Burke P.A.
431 South Seventh Street, Suite 2500
Minneapolis, MN  55415
Direct (612) 343-3256
Fax (612) 343-3205

This message and any attachments may contain information that is privileged, confidential, and exempt from disclosure under applicable
law. If you are not the intended recipient or are not authorized to receive for the recipient, you are hereby notified that dissemination,
distribution or copying of this message and any attachments is strictly prohibited. If you have received this message in error, please
immediately advise the sender by reply e-mail and delete the message and any attachments. Thank you.

**From:** Ben Hulse
**Sent:** Tuesday, March 14, 2017 3:28 PM
**To:** 'Randy Benham'
**Cc:** Genevieve Zimmerman; David Hodges; Jerry Blackwell; Micah Hines
**Subject:** RE: Production-1

Randy,

A few initial things.

First, while we appreciate electronic copies, we will need you to provide hard copies of exactly what you
provided to the Court (that is, copies of the documents the Court ordered produce), in exactly the same
form.   Otherwise it is difficult for us to confirm that we are looking at the same thing that the Court was
looking at.   This is not a large number of documents, so we expect these could be copied and delivered
to us by tomorrow.
Second, while we are just receiving these documents and have not yet reviewed them, it is difficult for
us to contemplate how they could qualify as for "Augustine Elevated" protection under the special
protective order.  The special protective order that we negotiated limitsed that designation to the
following categories of non-public information or documents: (i) lists of HotDog customers; (ii) trade
show leads; and (iii) internal reports about HotDog product trials at customer hospitals.  If you wanted
that protection extended to any other types of documents, you needed to apply to the Court.  If you
have specific documents that qualify for ordinary "Confidential" protection under the regular protective
order, please let us know that by tomorrow.

While we prefer not to take either of these issues to the Court, we will if they are not addressed promptly.  Thanks much.

Regards,
Ben


Benjamin W. Hulse
Blackwell Burke P.A.
431 South Seventh Street, Suite 2500
Minneapolis, MN  55415
Direct (612) 343-3256
Fax (612) 343-3205

This message and any attachments may contain information that is privileged, confidential, and exempt from disclosure under applicable law. If you are not the intended recipient or are not authorized to receive for the recipient, you are hereby notified that dissemination, distribution or copying of this message and any attachments is strictly prohibited. If you have received this message in error, please immediately advise the sender by reply e-mail and delete the message and any attachments. Thank you.

**From:** Randy Benham [mailto:rbenham@augbiomed.com]
**Sent:** Tuesday, March 14, 2017 3:07 PM
**To:** Micah Hines; Ben Hulse
**Cc:** Genevieve Zimmerman; David Hodges
**Subject:** Production-1

Ms Hines and other counsel,

This is the first of a series of emails that will contain the documents that my client was instructed to produce on this day by Judge Noel's March 7 Order.  I am breaking them into segments to avoid "bounce-back."  I expect that three or four emails will be sufficient.

A preliminary note:  Footnote 4 on page 8 of the Order instructs my client to produce various documents to the extent that they are responsive to discovery requests.  All but one of those documents are included in this email.

The document described as "a complaint with plaintiff 'EP'" is not included because I have been unable to locate any document that fits this description.  I have reviewed every document produced *in-camera* to the Court, and no complaint with the initials "EP" (or any other initials, for that matter) is among them. I have reviewed all of the MDL filings, and so far as I can tell, there is no plaintiff with the initials "EP." I have searched my computer as thoroughly as I know how.

The Court required that I produce hard copies, so I suppose it is possible that an extraneous document was somehow included in the massive printing job.  I simply don't know.

Fortunately, the Court has a copy of this document, and I have no objection to you obtaining a copy directly from the Court.  Please let me know if I should make this request to the Court or if you would prefer to handle it yourself.

Each of the documents produced, in this email and all others sent today, are designated as "CONFIDENTIAL-AUGUSTINE ELEVATED."   As I have no ability to print this designation on the documents, I request that the litigants do so.

Randy

J. Randall Benham

General Counsel
Augustine Temperature Management LLC
6581 City West Parkway
Eden Prairie, MN  55344

# EXHIBIT 2

## Monica L. Davies

| | |
|---|---|
| **From:** | Randy Benham <rbenham@augbiomed.com> |
| **Sent:** | Saturday, March 11, 2017 7:50 PM |
| **To:** | Randy Benham |
| **Subject:** | FW: Wall email |

---

**From:** "David W. Hodges" <DHodges@kennedyhodges.com>
**Date:** Thursday, July 11, 2013 at 11:29 AM
**To:** Randy Benham <rbenham@augbiomed.com>
**Cc:** Gabriel Assaad <GAssaad@kennedyhodges.com>, Dan Grewe <dgrewe@augbiomed.com>, Scott Augustine <saugustine@augbiomed.com>
**Subject:** RE: Wall email

I have reached out via telephone to Davis, Warriner, Kerr and Delphin.  I left messages for each.  Gabe will not be at AAJ either.

---

**From:** J Randall Benham [mailto:rbenham@augbiomed.com]
**Sent:** Wednesday, July 10, 2013 2:00 PM
**To:** David W. Hodges
**Cc:** Gabriel Assaad; Dan Grewe; Scott Augustine
**Subject:** Re: Wall email

David,

I think I have now caught up after the holiday break.

1.  The Davis response, explaining that you would not be at the AAJ, went out before the Fourth.  Given hisrole in the Ortho Implant Lit Group, however, it might be worth further communications with him. Samuel.Davis@dsslaw.com<mailto:Samuel.Davis@dsslaw.com>  or tel:201-907-5000Is Gabe going to the AAJ?
2.  The Wall response went out this morning.
3.  The Volletsen response went out this morning, edited as you requested.
4.  Calvin Warriner was sent the abridged Guide.  Warriner and SearcyDenny are such heavy hitters, however, that it might be worth reaching out to them with a call or a follow-up email from you.   Warriner is co-chair of the AAJ¹s Stryker Rejuvenate and ABG II Hip Implant Litigation Group.

    ccw@searcylaw.com     ph: 800.388.3905

5.  Kerr/Goldberg has received the Guide, but Deborah Kerr has asked for time this week to speak with you by phone.
    (602) 808-6750  ldkerr@1800theeagle.com

6.  Mark Delphin has also asked to speak directly with you. See below:

Dave, plz let me have your tel # so that I can call you to discuss this.This looks like it could be a game changer.

Mark A. Delphin
Delphin Law Offices, APLC
626 Broad Street
Lake Charles, LA 70601
(337)439-3939 office

1

(337)439-4504 fax
markdelphin@delphinlaw.com


_Randy

# EXHIBIT 3

**Monica L. Davies**

| | |
|---|---|
| **From:** | David W. Hodges <DHodges@kennedyhodges.com> |
| **Sent:** | Friday, June 28, 2013 11:04 AM |
| **To:** | Dan Grewe; 'J Randall Benham' |
| **Cc:** | Gabriel Assaad |
| **Subject:** | RE: Guide (abridged) - DWH edits |

Thanks for the heads up.  I just went to www.kennedyhodges.com and the press center took me to the right page.  Which website were you on when you found this?

**From:** Dan Grewe [mailto:dgrewe@augbiomed.com]
**Sent:** Friday, June 28, 2013 10:48 AM
**To:** David W. Hodges; 'J Randall Benham'
**Cc:** Gabriel Assaad
**Subject:** RE: Guide (abridged) - DWH edits

Thanks.  They'll be sent out now.

By the way, the link on your website to the press release no longer goes to the press release but rather to the representative cases page. Hopefully that can be fixed as that is a popular link for people to click on.

Have a great weekend.

Dan


**DAN GREWE**
**AUGUSTINE TEMPERATURE MANAGEMENT**
6581 City West Parkway
Eden Prairie, MN  55344
952-465-3506
952-465-3501 Fax
dgrewe@augbiomed.com


**From:** David W. Hodges [mailto:DHodges@kennedyhodges.com]
**Sent:** Friday, June 28, 2013 10:48 AM
**To:** Dan Grewe; 'J Randall Benham'
**Cc:** Gabriel Assaad
**Subject:** RE: Guide (abridged) - DWH edits

Looks good.  Thanks!!!

**From:** Dan Grewe [mailto:dgrewe@augbiomed.com]
**Sent:** Friday, June 28, 2013 9:40 AM
**To:** David W. Hodges; 'J Randall Benham'
**Cc:** Gabriel Assaad
**Subject:** RE: Guide (abridged) - DWH edits

Hello David,

1

I have attached the Guide with a different logo and included the following comment in the index for pages 29-46:

------------------------**Items below are available in the full Guide**--------------

Please confirm this will work for you, as we will be sending them out today.

Thank you,

Dan

**DAN GREWE**
**AUGUSTINE TEMPERATURE MANAGEMENT**
6581 City West Parkway
Eden Prairie, MN  55344
952-465-3506
952-465-3501 Fax
dgrewe@augbiomed.com

---

**From:** David W. Hodges [mailto:DHodges@kennedyhodges.com]
**Sent:** Thursday, June 27, 2013 4:37 PM
**To:** Dan Grewe; 'J Randall Benham'
**Cc:** Gabriel Assaad
**Subject:** RE: Guide (abridged) - DWH edits

I just think we'll start getting emails from people claiming that the rest of it didn't come through.  We probably have a version of the logo around here if you need it.  Just let me know.

---

**From:** Dan Grewe [mailto:dgrewe@augbiomed.com]
**Sent:** Thursday, June 27, 2013 4:21 PM
**To:** David W. Hodges; 'J Randall Benham'
**Cc:** Gabriel Assaad
**Subject:** RE: Guide (abridged) - DWH edits

Hello David,

My understanding from Randy is that because it is an abridged version those are being left on to serve as a teaser for what other information they can receive in the full version.

I see what you mean about the logo.  I'll use a different version of the logo.


Thanks,  Dan

**DAN GREWE**
**AUGUSTINE TEMPERATURE MANAGEMENT**
6581 City West Parkway
Eden Prairie, MN  55344
952-465-3506
952-465-3501 Fax
dgrewe@augbiomed.com

**From:** David W. Hodges [mailto:DHodges@kennedyhodges.com]
**Sent:** Thursday, June 27, 2013 4:23 PM
**To:** Dan Grewe; 'J Randall Benham'
**Cc:** Gabriel Assaad
**Subject:** RE: Guide (abridged) - DWH edits

I think the table of contents needs to be revised.  It refers to pages that aren't there.  Are we attaching any documents?

Also, the left side of the logo looks off.

Thanks!

---

**From:** Dan Grewe [mailto:dgrewe@augbiomed.com]
**Sent:** Thursday, June 27, 2013 4:01 PM
**To:** 'J Randall Benham'; David W. Hodges
**Cc:** Gabriel Assaad
**Subject:** RE: Guide (abridged) - DWH edits

Hello David,

Please find attached a pdf of the abridged guide which will be sent out tomorrow unless you see something which needs to be changed before it can be sent.

Thanks,

Dan


**DAN GREWE**
**AUGUSTINE TEMPERATURE MANAGEMENT**
6581 City West Parkway
Eden Prairie, MN  55344
952-465-3506
952-465-3501 Fax
dgrewe@augbiomed.com

---

**From:** J Randall Benham [mailto:rbenham@augbiomed.com]
**Sent:** Thursday, June 27, 2013 3:33 PM
**To:** David W. Hodges
**Cc:** Gabriel Assaad; Dan Grewe
**Subject:** Re: Guide (abridged) - DWH edits
**Importance:** High

David,

I reviewed your changes, and I have no additional comments.   It looks great.  I have asked my colleague Dan Grewe (whose expertise in these things is greater than mine) to add page numbers, check for proper page breaks, etc...and to send a PDF back to you.

The replies will go out tomorrow with the emails that we have discussed.

Thanks,

Randy

On 6/27/13 1:45 PM, "David W. Hodges" <DHodges@kennedyhodges.com> wrote:

Here is the guide.  I think that we used two different programs, so you will want to go page by page to insure compatibility.

Page numbers did not show up on my copy.  So, please make sure they show up on yours and the table of contents is correct.  I could have done this myself, but I was afraid it may change for you.

3

I suggest that we send this out as a pdf so that it can't be changed.  Can you send me the final version in pdf to review before it goes out?

BTW – I couldn't see the picture at the top of the page on the cover.  What is it?

You did a good job on this.  You will find that my changes are minor.

Thanks!!!!!!!!!!

# EXHIBIT 4

**Monica L. Davies**

| | |
|---|---|
| **From:** | David W. Hodges <dhodges@kennedyhodges.com> |
| **Sent:** | Friday, June 07, 2013 1:19 PM |
| **To:** | J Randall Benham; Gabriel Assaad |
| **Cc:** | Scott Augustine; Brent Augustine |
| **Subject:** | RE: Guide |

Ok.

---

**From:** J Randall Benham [mailto:rbenham@augbiomed.com]
**Sent:** Friday, June 07, 2013 1:18 PM
**To:** David W. Hodges; Gabriel Assaad
**Cc:** Scott Augustine; Brent Augustine
**Subject:** Re: Guide

Ok, we'll go with your plan.  Just so the lawyers who respond quickly don't think we are never going to respond back, perhaps there should be an interim "we'll-get-this-to-you-in-a-few-days"  email.

Randy

On 6/7/13 12:51 PM, "David W. Hodges" <dhodges@kennedyhodges.com> wrote:

Yes, I can tell!  I really need to make the changes myself.  It's not that you didn't do a good job, but if it's from me, I want it to have my edits.  I don't think it will change anything if someone has to wait a few days to get the guide.  Please believe me that there is a method behind my madness.

**From:** J Randall Benham [mailto:rbenham@augbiomed.com]
**Sent:** Friday, June 07, 2013 12:49 PM
**To:** David W. Hodges; Gabriel Assaad
**Cc:** Scott Augustine; Brent Augustine
**Subject:** Re: Guide

The email change looks good.  Thanks.

Getting started on the emails will be great.  Given that we have cut the Guide by 50% and that most of it is explanation of the science,  do we really need to wait a week and a half to send it?  Or— if you can tell me type of edits that you want (active voice to passive, etc) I can make them for you.

We are chomping at the bit here...as you can probably tell.

Randy

On 6/7/13 12:05 PM, "David W. Hodges" <dhodges@kennedyhodges.com> wrote:
I would change my email as follows:

Thanks for responding to my email.  I have attached a portion of **Bair Hugger Warming and Peri-prosthetic Infections in Joint Replacement Surgery:  A guide to Product Liability Litigation.**

I encourage you to review the Abstract and the various scientific analyses.  The evidence is really quite overwhelming that pathogens are carried to the surgical site by the convection currents created by Bair Hugger heaters.

If, after reading these materials, you decide to pursue these cases by advertising for clients on your website or

1

elsewhere, please let me know, and I will provide the balance of the information in the Guide.  I welcome the opportunity to work on these cases with you and/or pay you a referral fee if you refer the case to me.


DH


BTW – I don't have time to edit the guide today.  So, I propose that we send out the initial email the middle of next week and then we can follow up with the guide when I get back.  What do you think?


**From:** J Randall Benham [mailto:rbenham@augbiomed.com]
**Sent:** Friday, June 07, 2013 11:23 AM
**To:** David W. Hodges; Gabriel Assaad
**Cc:** Scott Augustine; Brent Augustine
**Subject:** Guide
David and Gabe,

I have revised the email to indicate that the Walton case is in a very early stage and that the Guide is a work in progress. (Changes are in red.) You offer to send the scientific portion of the Guide.  The document you provide would also include your cover letter, the abstract and the index page—indicating that a great deal more information is available.

My hope is this will both encourage the attorneys to begin educating themselves and initiate a dialogue with you.  The information provided will whet their appetites for more.

As you know, our goal is to get this information to as many PI attorneys as possible as quickly as possible.   We understand, however,  the benefit of KH taking a leadership position in these cases.  That could happen in two ways (as I see it):

1. KH could complete much of the Walton case and have valuable experience to share with other attorneys.  This, however, would take many months, and we can't wait that long to engage other attorneys.
2. KH can parley that portion of the Guide that is withheld (witness information, the Sessler analysis, facts regarding 3M's bad behavior) into relationships with other firms.  This makes sense to us—although it needs to happen fairly quickly.  Again, we don't want to wait months to share this information with others.


 We have a quite a few names and email addresses from the AAJ website.  We want to start contacting them early next week.   This who respond would receive the abridged Guide and a brief note from you, perhaps something like:

                    .

Thanks for responding to my email.  I have attached a portion of **Bair Hugger Warming and Peri-prosthetic Infections in Joint Replacement Surgery:  A guide to Product Liability Litigation.**

I encourage you to review the Abstract and the various scientific analyses.  The evidence is really quite overwhelming that pathogens are carried to the surgical site by the convection currents created by Bair Hugger heaters.

If, after reading these materials, you decide to pursue these cases by advertising for clients on your website or elsewhere, please let me know, and I will provide the balance of the information in the Guide.


DH


Randy

# EXHIBIT 5

**Monica L. Davies**

| | |
|---|---|
| **From:** | David W. Hodges <DHodges@kennedyhodges.com> |
| **Sent:** | Tuesday, July 02, 2013 12:44 PM |
| **To:** | J Randall Benham; Dan Grewe |
| **Cc:** | Gabriel Assaad |
| **Subject:** | RE: New article |

OK – thanks!!!

---

**From:** J Randall Benham [mailto:rbenham@augbiomed.com]
**Sent:** Tuesday, July 02, 2013 12:03 PM
**To:** David W. Hodges; Dan Grewe
**Cc:** Gabriel Assaad
**Subject:** New article


David and Gabe,

I have attached a pre-publication galley of a new article that will publish in the August issue of *AANA Journal*.  Interestingly, one of the authors, Oliver Kimburger, is associated with Outcomes Research, the group that Daniel Sessler heads.

The focus of the article is the contamination inside the BH blowers.  96% of the blowers tested were spewing internally generated contaminants— that is, the pathogens had incubated *inside* the blower.

Perhaps you can get your hands on the blower that was used in Walton's case.   Even better, perhaps 3M has removed it from use.


If you have been following the Gmail activity, you know that the number of responses is around 30.  Three of them have asked specific questions that should be answered by you.   I will forward each of them to you in separate emails with my comments.

Enjoy the Fourth....


Randy