UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

In re: BAIR HUGGER FORCED AIR WARMING DEVICES PRODUCTS LIABILITY LITIGATION

MDL No 15-2666 (JNE/FLN)

AFFIDAVIT OF J. RANDALL BENHAM

This Document Relates to:
All Actions

1. My name is J. Randall Benham, and I am an employee of Augustine Temperature Management LLC ("ATM"). I am an attorney licensed to practice in Minnesota's state and federal courts. I am general counsel of ATM, and I perform a similar function for other business entities affiliated with ABD, including Augustine Biomedical + Design LLC and the other entities subject to Defendants' Motion to Compel. I also represent Dr. Scott Augustine, Chief Executive Officer of the various Augustine-related entities. The entities I represent shall be referred to hereafter as "Augustine."

2. The facts contained herein are within my personal knowledge (except when stated as being on information and belief) and are true and correct.

3. I have reviewed the Affidavit of Dan Grewe submitted to the Court. The facts stated therein are consistent with my knowledge of the matters discussed.

4. To the best of my knowledge, only Mr. Grewe among Augustine employees had access to the email account owned by Kennedy Hodges. I am confident that I never accessed

the account. I never knew or attempted to use the password associated with the account.

5. It my understanding that this Court determined that all privileges (attorney-client, work product, etc.) had been waived regarding the document disseminated to various personal injury law firms. The document that was disseminated was a subset of a larger document, and so was sometimes referred to as the "Abridged Guide." This document has been produced to Defendants as required by the Court.

6. To the best of my knowledge, the larger document was never seen by anyone other than my clients and Kennedy Hodges. Only the Abridged Guide was disseminated to the various personal injury law firms. As a result—as I understand it—only the Abridged Guide is subject to the Court's Order.

7. I explained to Defense counsel my clients' understanding of the Order on numerous occasions. I repeatedly offered to confirm (or disaffirm) this reading of the Order by an informal communication with the Court, thereby avoiding this Motion to Compel. By email dated April 21, 2017, I communicated to Defense counsel as follows:

> "As I understand Judge Noel's Order, Kennedy Hodges waived work-product protection regarding the version of the guide (the abridged version that I have already produced) that was sent to other attorneys. To the best of my knowledge, the version of the guide that you are demanding was not sent to anyone; the work-product privilege, therefore, was not waived.
>
> "Obviously, I want to abide by Judge Noel's Order and to avoid taking the time from my normal duties to respond to another motion to compel. If you disagree with the position I am taking, perhaps the matter could be resolved less formally with a telephone conference with Judge Noel. Such a call, of course, would need to involve Kennedy Hodges."

I received no response.

8. Defense counsel ignored the issue for nine months, then again demanded that I produce the larger document that had not been disseminated. I again encouraged informal resolution in the following email dated January 8, 2018:

"2. <u>The Unabridged Guide</u>— My clients' position is as follows:

"Judge Noel ruled that privilege was waived for the document that was distributed to various personal-injury law firms. The only such document that was distributed, however, was the Abridged Guide. The Unabridged Guide, to my knowledge, has never been seen by anyone other than my clients and their attorneys. As a result, privilege has not been waived on the Unabridged Guide, and Judge Noel did not order that it be produced.

"My clients want to comply fully with Judge Noel's Order— and it is possible that my understanding of Judge Noel's intention is incorrect. Discerning Judge Noel's intention, however, does not require a motion to compel: simply write a letter to the Court requesting clarification. If Judge Noel indicates that his Order includes the Unabridged Guide, my clients will produce it promptly.

"If you choose this path, please include the preceding two paragraphs in your letter to the Court as a statement of my clients' position in this matter."

9. Instead of receiving a response to my email, I was informed of the scheduling of this Motion—on a day that Defense counsel knew I would be traveling.

FURTHER AFFIANT SAYETH NOT

_____
J. Randall Benham
Date: 1/18/18