UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: BAIR HUGGER FORCED AIR WARMING DEVICES PRODUCTS LIABILITY LITIGATION | MDL No 15-2666 (JNE/FLN) |
| This Document Relates to: All Actions | MEMORANDUM IN OPPOSITION TO 3M'S MOTION TO COMPEL |

_____

Dr. Scott Augustine and the related Augustine entities ("Augustine") offer this Memorandum in Opposition to the Motion to Compel filed by 3M Company.

3M is not legitimately conducting discovery; 3M is using the discovery process to harass a competitor. How else can one explain the following:

1. 3M demands emails that are impossible for Augustine to produce;

2. 3M demands documents clearly outside the scope of the Court's prior Order—and regarding which Augustine's counsel offered to resolve with a phone call to the Court <u>more than 9 months ago;</u>

3. 3M has allowed 8 months to pass without making any attempt to schedule the post-discovery depositions that it told the Court had to be taken urgently—<u>and that the Court granted on May 18, 2017.</u>

Although Augustine would appreciate relief from the never-ending threat of depositions, that issue is not formally before the Court. The two discovery issues are discussed separately below.

<u>Kennedy Hodges email account</u>

Augustine does not dispute that during a period in 2013 employee Dan Grewe had access to an email account owned by Kennedy Hodges and that he communicated with others on behalf of --

and with the permission of -- David Hodges. The account, however, belonged to Kennedy Hodges, not to Mr. Grewe or to Augustine.

As stated in Mr. Grewe's Affidavit, he has no copies of the communications and no access to the email account. 3M's irritation regarding these facts does not change them.

### The "Full" Guide

As stated in the Affidavit of J. Randall Benham, it is Augustine's understanding that this Court ordered production of the document that was disseminated to various law firms, all privilege having been waived by such dissemination. Logically, the waiver--and the Court's Order--would apply only to the document that was so disseminated, not to different documents that were not disseminated.

Such is the position that Augustine has taken in response to demands by 3M that the "full," un-disseminated guide be produced. At that time, but apparently not now, 3M argued that the Order was broad enough to include the un-disseminated documents. Wanting to avoid this Motion, and trying to be considerate of the Court's time, Augustine's counsel twice offered to resolve the matter informally.

By email dated April 21, 2017, Mr. Benham communicated to 3M's counsel as follows:

> "**As I understand Judge Noel's Order, Kennedy Hodges waived work-product protection regarding the version of the guide (the abridged version that I have already produced) that was sent to other attorneys. To the best of my knowledge, the version of the guide that you are demanding was not sent to anyone; the work-product privilege, therefore, was not waived.**
>
> **"Obviously, I want to abide by Judge Noel's Order and to avoid taking the time from my normal duties to respond to another motion to compel. If you disagree with the position I am taking, perhaps the matter could be resolved less formally with a telephone conference with Judge Noel. Such a call, of course, would need to involve Kennedy Hodges."**

3M's counsel did not respond…and was silent on the issue for 9 months.

When 3M's counsel raised the issue again in January 2018, Mr. Benham tried again for

informal resolution in the following email dated January 8, 2018:

> **"2. The Unabridged Guide—** My clients' position is as follows:
>
> **"Judge Noel ruled that privilege was waived for the document that was distributed to various personal-injury law firms. The only such document that was distributed, however, was the Abridged Guide. The Unabridged Guide, to my knowledge, has never been seen by anyone other than my clients and their attorneys. As a result, privilege has not been waived on the Unabridged Guide, and Judge Noel did not order that it be produced.**
>
> **"My clients want to comply fully with Judge Noel's Order— and it is possible that my understanding of Judge Noel's intention is incorrect. Discerning Judge Noel's intention, however, does not require a motion to compel: simply write a letter to the Court requesting clarification. If Judge Noel indicates that his Order includes the Unabridged Guide, my clients will produce it promptly.**
>
> **"If you choose this path, please include the preceding two paragraphs in your letter to the Court as a statement of my clients' position in this matter."**

Rather than responding, 3M scheduled this Motion.

3M's argument, however, appears to have changed. Rather than arguing that the Court's Order encompassed the un-disseminated documents, 3M now argues that the documents *must have been disseminated.*

This is fantasy. There is no evidence to support 3M's assertion. The mere fact that 3M wishes it to be true does not make it so.

Augustine has complied with the Court's Order as the Order was reasonably interpreted. If Augustine's interpretation is incorrect, it will comply with the Court's clarification.

3M's motion, however, should be denied.

Respectfully submitted,

s/ J. Randall Benham

J. Randall Benham
MN Bar No. 0154726
6581 City West Parkway
Eden Prairie, MN 55127

**CERTIFICATE OF SERVICE**

This is to certify that on January 18, 2018 a copy of the forgoing instrument was served on all parties via the Court's electronic filing system.

By: /s/ J. Randall Benham