UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

In re: BAIR HUGGER FORCED AIR　　　　　　　MDL No. 15-2666 (JNE/FLN)
WARMING DEVICES PRODUCTS
LIABILITY LITIGATION

**ORDER**

―――――――――――――――――――――――――――

Genevieve Zimmerman, for Plaintiffs.
Ben Hulse and Monica Davies, for Defendants.
J. Randall Benham, for Respondent Scott Augustine, *et al*.

―――――――――――――――――――――――――――

**THIS MATTER** came before the undersigned United States Magistrate Judge on January 26, 2018, on Defendants' motion to compel Dr. Scott Augustine to produce documents (ECF No. 1048). For the reasons set forth below, Defendants' motion to compel (ECF No. 1048) is **GRANTED**.

**A.    Background[1]**

On January 19, 2017, after serving third-party subpoenas under Rule 45, Defendants moved to compel production of assorted documents identified in Respondent Dr. Scott Augustine's privilege log. *See generally* ECF No. 182. After an *in camera* review of the documents identified in Respondent's privilege log, this Court issued an Order on March 7, 2017, concluding, *inter alia*, that the communications identified in the privilege log shared between Respondent and the Law Firm of Kennedy Hodges , LLC ("Kennedy Hodges") relating to a 2013 initiative to publicize the *Walton* case were not entitled to work product protection. *See* ECF No. 250 at 10. Specifically, this

---

1    A more complete case background is available in this Court's previous Orders and Report and Recommendations. *See, e.g.*, ECF No. 629.

Court concluded that the solicitation documents including a letter and litigation guide, distributed to personal injury law attorneys, were not entitled to work product protection and must be produced. *See id.* at 9–10.

During the hearing, the parties agreed that two versions of the litigation guide exist; an abridged version and a longer version. The parties also agreed at the hearing that the abridged version had been produced pursuant to this Court's March 7, 2017, Order. In the instant motion to compel, Defendants request that Respondent produce the longer version of the litigation guide. *See* ECF No. 1050 at 2–3. Respondent argues that by producing the abridged version, he has satisfied his obligations under this Court's March 7, 2017, Order. *See* ECF No.1058 at 2.

In addition, Defendants move to compel all emails from a Gmail account that Respondent allegedly operated, or had access to, in which the litigation guide and other solicitation materials were sent from, and inquiries were responded to. *See* ECF No. 1050 at 3. Respondent claims that at all times Kennedy Hodges owned the Gmail account, and that Respondent is unable to produce documents or copies of any emails sent to or from the account. *See* ECF No. 1058 at 1–2. Respondent admits that his employee, Dan Grewe, accessed the email account in 2013, but asserts that Grewe can no longer access the email account. *See id.* at 2; *see also* ECF No. 1057 at 2.

**B.     Legal Standard**

Motions to compel non-party production based on a Rule 45 subpoena are subject to the standards of Rule 26 of the Federal Rules of Civil Procedure. *See Shukh v. Seagate Tech., LLC*, 295 F.R.D. 228, 236 (D. Minn. 2013). "[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer[,] or respond." Fed. R. Civ. P. 37(a)(4). Rule 45(a) of the Federal Rules of Civil Procedure requires that the non-party from whom the discovery is sought

must have possession, custody, or control of the requested item. The scope of discovery through a Rule 45 subpoena is the same as Rule 34 of the Federal Rules of Civil Procedure, which includes a similar possession, custody, or control provision. *See* Fed. R. Civ. P. 45(a) advisory committee's note (1970). "[U]nder Rule 34, control does not require that the party have legal ownership or actual physical possession of the documents at issue; rather, documents are considered to be under a party's control when that party has the right, authority, or practical ability, to obtain the documents . . . ." *Prokosch v. Catalina Lighting, Inc.*, 193 F.R.D 633, 636 (D. Minn. 2000).

**C.     Analysis**

As to the litigation guide, the parties agree that an abridged version and a longer version exists, and that only the abridged version was produced. During the hearing, counsel for Respondent represented that he believed both versions of the litigation guide were submitted to the Court for *in camera* review in early 2017. As a result, the dispute here hinges on whether this Court's March 7, 2017, Order, issued after reviewing both versions *in camera*, encompassed both, the abridged and longer, versions of the litigation guide.

This Court concludes that its March 7, 2017, Order encompassed both versions of the litigation guide. The March 7, 2017, Order emphasized not only a truncated version of the litigation guide, but those communications regarding solicitation materials shared between Respondent and Kennedy Hodges calculated to publicize the *Walton* case. *See* ECF No. 250 at 10. All versions of the litigation guide fall within the ambit of solicitation documents. Accordingly, Respondent is ordered to produce a copy of the longer, previously unproduced, version of the litigation guide.

As to the email account, although Respondent claims not to own the account, the fact that his employee, Grewe, had the practical ability to access it demonstrates that Respondent exercised

control over the email account. Indeed, that Respondent does not own the disputed account is not a paramount consideration in whether he controlled it. *See Prokosch*, at 193 F.R.D at 636. In addition, this Court notes that although the disputed email account appears to have been a Kennedy Hodges related Gmail account, Kennedy Hodges denies the present ability to access the account, and it is not certain whether Kennedy Hodges previously accessed the account or was able to previously access the account. *See* ECF No. 1051, Ex. 1 at 2. In effect, the fact that the email account exists is undisputed, but both Kennedy Hodges and Respondent disclaim any capacity to access it. As it stands, the only party who admits an ability to at some point in time access the account is Respondent's employee, Grewe, and Grewe, at some point, knew the email account's password. Respondent is ordered to direct his employee Grewe to produce all emails sent from the disputed Gmail account. If Respondent, through Grewe, is required to reset the password in order to access the email account, Respondent is ordered to take all necessary steps to do so, including, but not limited to, contacting Kennedy Hodges in an effort to reset the password.

Based on the foregoing, and all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendants' motion to compel Dr. Scott Augustine to produce documents (ECF No. 1048) is **GRANTED**.


DATED: January 30, 2018                              *s/Franklin L. Noel*
                                                     FRANKLIN L. NOEL
                                                     United States Magistrate Judge