UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE: Bair Hugger Forced Air Warming Products Liability Litigation | MDL No. 15-2666 (JNE/FLN) |
| THIS DOCUMENT RELATES TO:<br><br>Carol Miller (0:17-cv-03823-JNE-FLN) | |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

COMES NOW Plaintiff for the above-captioned action to hereby opposes the motion to dismiss of Defendants 3M Company and Arizant Healthcare, Inc. ("Defendants" collectively). The motion to dismiss and accompanying brief in support are Docs. 1068 and 1070 ("Motion" collectively).

Defendants have asked the Court to dismiss this action with prejudice for failure to comply with the Court's Pretrial Order No. 14 ("PTO 14"), which requires a plaintiff to serve a completed and signed Plaintiff Fact Sheet ("PFS"), medical authorization, and supporting documents.

**PLAINTIFF'S ACTION SHOULD NOT BE DISMISSED WITH PREJUDICE**

Plaintiff has yet to return the documents set forth by this Court's PTO 14. Plaintiff is aware of the obligations regarding completing and serving PFS, medical authorization, and supporting documents, pursuant to PTO 14. However, to be precise, the undersigned counsel is without any knowledge of circumstances that may preclude Plaintiff from responding to the counsel's contact attempts and efforts or completing the Court mandated PFS and medical authorization. The undersigned counsel attempted to reach Plaintiff

numerous times including but not limited to the following:

- September 5, 2017 – Mailed PFS and medical authorization;
- September 21, 2017 – Mailed a PFS follow-up letter;
- October 24, 2017 – Left a voicemail and sent an email;
- November 16, 2017 – Left a voicemail;
- December 12, 2017 – Left a voicemail;
- January 12, 2018 – Sent a letter re: PFS and her obligations set forth in PTO 14;
- January 25, 2018 – Searched for any alternative contact information, left a voicemail, and sent an email;
- February 1, 2018 – Left a voicemail advising Plaintiff that Defendants moved to dismiss her case with prejudice for failure to comply with PTO 14;

In light of the foregoing, the undersigned counsel respectfully seeks a 120-day extension on PTO 14. Nevertheless, if the Court deems dismissal of Plaintiff's action to be proper, then they should be dismissed without prejudice granting an opportunity for Plaintiff to reinstate her action.

DATED:  February 7, 2018                    Respectfully submitted,

                                                     **BERNSTEIN LIEBHARD LLP**

                                                     By:  /s/ Daniel C. Burke
                                                     Daniel C. Burke
                                                     10 E. 40th Street
                                                   New York, NY    10016
                                                   Telephone:    (212) 779-1414
                                                   Facsimile: (212) 779-3218
                                                   Email: dburke@bernlieb.com
                                                   Email: dlee@bernlieb.com

                                                   *Attorneys for Plaintiff*