IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

IN RE: BAIR HUGGER FORCED AIR            MDL No.: 15-md-02666 (JNE/FLN)
WARMING PRODUCT LIABILITY
LITIGATION

This Document Relates To:

ROBERT MCLAUGHLIN,

                                        Civil Action No.:  17-CV-03233-JNE-FLN

        Plaintiff,
_____

### DECLARATION OF DONALD C. GREEN II IN SUPPORT OF
### PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS

I, Donald C. Green II, declare as follows:

1. I am an attorney at Kennedy Hodges, LLP and Counsel for Plaintiff Robert McLaughlin in the above-captioned matter.

2. I submit this affidavit in opposition to Defendants' Motion to Dismiss for Failure to Comply with Pretrial Order No. 14 [Dkt. 1068] filed on February 1, 2018.

3. Mr. McLaughlin contacted Kennedy Hodges, LLP in July of 2015 regarding injuries that were allegedly caused by the Bair Hugger patient warming device.

4. Medical records and billing records pertaining to Mr. McLaughlin's treatment were obtained by Kennedy Hodges through its third party medical records retrieval company. Those records indicate use of a Bair Hugger device during his original orthopedic surgery.

5. This case was filed on July 22, 2017 to comply with the statute of limitations deadline.

6. Numerous phone calls were placed to Mr. Rashad by staff at Kennedy Hodges in an attempt to reach him and obtain information to complete the Plaintiff Fact Sheet. These calls were placed between August 2017 and February 2018, prior to and continuing after the original deadline for submission of the Plaintiff Fact Sheet.

7. Additionally, several letters have been sent to Mr. McLaughlin since his case was filed, requesting that he contact our office to complete the Plaintiff Fact Sheet.

8. On December 20, 2017, Mr. McLaughlin did answer a phone call placed by a staff member from Kennedy Hodges. During this call, he stated that he had been experiencing ongoing medical issues as the reason for delay. Mr. McLaughlin did not identify the severity or nature of these medical issues at this time.

9. Mr. McLaughlin also stated during that phone call that he would contact Kennedy Hodges at the beginning of the next month, January 2018, to discuss the Plaintiff Fact Sheet.

10. Based on information and belief, Mr. McLaughlin has not made any attempt after December 20, 2017 to contact Kennedy Hodges in response to these phone calls and letters, for the purpose of providing the information necessary to complete the Plaintiff Fact Sheet.

11. As we have been unable to obtain the additional information necessary to complete the Plaintiff Fact Sheet for this claim, we have not been able to cure the alleged

deficiencies pertaining to the Plaintiff Fact Sheet that has been submitted for this

case.

Pursuant to 28 U.S.C. § 1746(2), I declare under penalty of perjury that the foregoing

is true and correct.

February 8, 2018                                      /s/ Donald C. Green II
                                                      Donald C. Green II