IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

| | |
|---|---|
| IN RE: BAIR HUGGER FORCED AIR WARMING PRODUCT LIABILITY LITIGATION | MDL No.: 15-md-02666 (JNE/FLN) |

This Document Relates To:

JAMES BUTLER,

                                  Civil Action No.: 17-CV-04177-JNE-FLN

    Plaintiff,
_____

## **PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS**

NOW COMES Plaintiff, James Butler, identified in Defendants' Motion to Dismiss for Failure to Comply with Pretrial Order No. 14 [Dkt. 1068], and by and through undersigned counsel submits this, his Response to Defendants' Motion to Dismiss, and would respectively show the Court the following:

1. In September of 2015, Mr. James Butler contacted undersigned counsel regarding an infection and subsequent treatment that he experienced due to the use of a Bair Hugger patient warming device during an orthopedic surgery.

2. Counsel worked to obtain medical records and billing records to move forward with the case. Those records indicated that a Bair Hugger device was used during the original surgery.

3. On September 7, 2017, counsel filed the current action to comply with what was identified as the applicable statute of limitations deadline for the relevant claim.

4. A letter containing the Plaintiff Fact Sheet was sent to the last known address on file for Mr. Butler on September 8, 2017, the day after the complaint was filed.

5. On September 20, 2017, staff at Kennedy Hodges received a phone call from a Ms. Natalie Davenport, who represented that she was the niece of Mr. Butler. She informed counsel that Mr. Butler had passed and stated that she would talk to the family about moving forward with probate.

6. A Suggestion of Death regarding the passing of Mr. Butler has recently been filed with the Court in compliance with PTO 23. [17-cv-04177, Dkt. 6].

7. On October 4, 2017, counsel received a phone call from an Attorney Robert Schroth regarding potential probate of the estate of Mr. Butler. Attorney Schroth stated that he was trying to obtain basic information regarding the claim that had been filed but did not represent the family at the time of the call.

8. Attempts continued to contact Ms. Davenport. Phone calls placed by Kennedy Hodges staff to her went unanswered on the following dates: October 17, 2017, November 30, 2017, December 6, 2017, and December 14, 2017.

9. Written correspondence requesting that Ms. Davenport contact Kennedy Hodges was sent on October 17, 2017 and December 14, 2017.

10. Additionally, counsel placed a call to Attorney Schroth on February 8, 2018 to confirm whether the family of Mr. Butler had retained Attorney Schroth's services for the purposes of initiating probate. Attorney Schroth communicated that he had not been retained.

11. While counsel has diligently continued efforts to obtain the necessary information and authority to move forward from Ms. Davenport for several months, those efforts have not been successful to date.

12. As a result, counsel has not been able to provide information for or obtain the necessary permission and authorization from a representative of the estate to complete and submit a Plaintiff Fact Sheet for this claim.

Accordingly, undersigned counsel request that the current action not be dismissed with prejudice and that Ms. Davenport or any other potential representative of Mr. Butler's estate be given an additional sixty (60) days to contact counsel in order to provide the necessary information for and permission and authorization to complete and submit a Plaintiff Fact Sheet for this claim.

Dated: February 8, 2018                KENNEDY HODGES, LLP

By: /s/ David W. Hodges
David W. Hodges
dhodges@kennedyhodges.com
Gabriel A. Assaad
gassaad@kennedyhodges.com
4409 Montrose Blvd. Ste 200
Houston, TX 77006
Telephone: (713) 523-0001
Facsimile: (713) 523-1116

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

This is to certify that on February 8, 2018 a copy of the forgoing instrument was served on all parties via the Court's electronic filing system.

By: /s/ David W. Hodges
David W. Hodges
