IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

| | |
|---|---|
| IN RE: BAIR HUGGER FORCED AIR WARMING PRODUCT LIABILITY LITIGATION | MDL No.: 15-md-02666 (JNE/FLN) |
| This Document Relates To: | |
| JAMES A. BUTLER, | Civil Action No.:  17-CV-04177-JNE-FLN |
| Plaintiff, | |

_____

### DECLARATION OF DONALD C. GREEN II IN SUPPORT OF PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS

I, Donald C. Green II, declare as follows:

1. I am an attorney at Kennedy Hodges, LLP and Counsel for Plaintiff James A. Butler in the above-captioned matter.

2. I submit this affidavit in opposition to Defendants' Motion to Dismiss for Failure to Comply with Pretrial Order No. 14 [Dkt. 1068] filed on February 1, 2018.

3. Mr. Butler contacted Kennedy Hodges, LLP in September of 2015 regarding injuries that were allegedly caused by the Bair Hugger patient warming device.

4. Medical records and billing records pertaining to Mr. Butler's treatment were obtained by Kennedy Hodges through its third party medical records retrieval company. Those records indicate use of a Bair Hugger device during his original orthopedic surgery.

5. This case was filed on September 7, 2017 to comply with the statute of limitations deadline.

6. On September 20, 2017, we were informed by a Ms. Natalie Davenport, who represented that she was the niece of Mr. Butler, that he had passed away sometime prior. We were not aware of Mr. Butler's passing until this phone call.

7. Attorney Robert Schroth from Benicia, California contacted me on October 4, 2017 stating that he had spoken to Ms. Davenport regarding the potential probate of Mr. Butler's estate. Attorney Schroth made it clear that he had not been retained by the family at the time of the phone call, and only sought basic information about the type of claim so as to better understand the type of documentation that would be required from a California probate court to allow Mr. Butler's products liability claim to move forward. No privileged or confidential information was discussed during this conversation.

8. After a period of a few weeks, on October 17, 2017, another phone call was made to Ms. Davenport in an effort to obtain an update on the probate of Mr. Butler's estate. This call went unanswered. Additional calls to Ms. Davenport through December 2017 likewise went unanswered.

9. Additionally, letters were sent to Ms. Davenport between October and December of 2017 requesting that she contact our office to provide an update on the probate process and the naming of a representative for the estate.

10. Based on information and belief, Ms. Davenport has not made any attempt since the initial phone call on September 20, 2017 to contact Kennedy Hodges in response to these phone calls and letters.

11. On February 8, 2018, I placed a phone call to Attorney Schroth for the purpose of determining whether he had ultimately been retained by the family of Mr. Butler to handle the probate of Mr. Butler's estate. Attorney Schroth stated that he had not been retained.

12. As we have been unable to obtain the additional information necessary to complete the Plaintiff Fact Sheet for this claim or obtain the necessary permission and authorization from a representative of the estate to complete and submit said Plaintiff Fact Sheet, no Plaintiff Fact Sheet has been submitted for this case to date.

Pursuant to 28 U.S.C. § 1746(2), I declare under penalty of perjury that the foregoing is true and correct.

February 8, 2018                    /s/ Donald C. Green II
                                    Donald C. Green II