IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

| | |
|---|---|
| IN RE: BAIR HUGGER FORCED AIR WARMING PRODUCT LIABILITY LITIGATION | MDL No.: 15-md-02666 (JNE/FLN) |
| This Document Relates To: | |
| MARY TAYLOR, | Civil Action No.: 17-CV-02319-JNE-FLN |
| Plaintiff, | |

_____

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS**

NOW COMES Plaintiff, Mary Taylor, identified in Defendants' Motion to Dismiss for Failure to Comply with Pretrial Order No. 14 [Dkt. 1068], and by and through undersigned counsel submits this, her Response to Defendants' Motion to Dismiss, and would respectively show the Court the following:

1. In June of 2015, Ms. Mary Taylor contacted undersigned counsel regarding an infection and subsequent treatment that she experienced due to the use of a Bair Hugger patient warming device during an orthopedic surgery.

2. Counsel worked to obtain medical records and billing records to move forward with the case. Those records indicated that a Bair Hugger device was used during the original surgery.

3. On June 28, 2017, counsel filed the current action to comply with what was identified as the applicable statute of limitations deadline for the relevant claim.

4. Phone calls by Kennedy Hodges staff to Ms. Taylor and her daughter, Ms. Erika Taylor, who was listed as an alternate contact, went unanswered on the following dates: July 7, 2017, July 17, 2017, July 27, 2017, August 17, 2017, September 13, 2017, September 14, 2017, October 11, 2017, October 18, 2017, October 26, 2017, and November 14, 2017.

5. Additionally, written correspondence requesting that Ms. Taylor contact Kennedy Hodges was sent on the following dates: June 28, 2017, August 17, 2017, September 7, 2017, September 14, 2017, and October 26, 2017.

6. On November 17, 2017, staff at Kennedy Hodges was finally able to get in contact with Ms. Erika Taylor, who informed staff that Ms. Taylor, the injured party, had passed in April 2017. Ms. Erika Taylor stated that she would contact a probate attorney to see what needed to be done to move forward with probating her mother's estate.

7. A Suggestion of Death regarding the passing of Ms. Mary Taylor has recently been filed with the Court in compliance with PTO 23. [17-cv-02319, Dkt. 6].

8. Attempts continued to contact Ms. Erika Taylor after being informed of her mother's death. Phone calls placed by Kennedy Hodges staff to her went unanswered on the following dates: December 13, 2017, December 20, 2017, and February 6, 2018.

9. Written correspondence requesting that Ms. Erika Taylor contact Kennedy Hodges was sent on November 17, 2017 and February 6, 2018.

10. While counsel has diligently continued efforts to obtain the necessary information and authority to move forward from Ms. Erika Taylor for several months, those efforts have not been successful to date.

11. As a result, counsel has not been able to provide information for or obtain the necessary permission and authorization from a representative of the estate to complete and submit an amended Plaintiff Fact Sheet for this claim.

Accordingly, undersigned counsel request that the current action not be dismissed with prejudice and that Ms. Erika Taylor or any other potential representative of Ms. Taylor's estate be given an additional sixty (60) days to contact counsel in order to provide the necessary information for and permission and authorization to complete and submit an amended Plaintiff Fact Sheet for this claim.

Dated: February 8, 2018   KENNEDY HODGES, LLP

By: /s/ David W. Hodges
David W. Hodges
dhodges@kennedyhodges.com
Gabriel A. Assaad
gassaad@kennedyhodges.com
4409 Montrose Blvd. Ste 200
Houston, TX 77006
Telephone: (713) 523-0001
Facsimile: (713) 523-1116

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

This is to certify that on February 8, 2018 a copy of the forgoing instrument was served on all parties via the Court's electronic filing system.

By: /s/ David W. Hodges
David W. Hodges
