UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: Bair Hugger Forced Air Warming Products Liability Litigation | MDL No. 2666 (JNE/FLN) |
| This Document Relates to All Actions | **PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION TO COMPEL DEFENDANTS' TO PRODUCE DOCUMENTS SUPPORTING ANY CHALLENGES TO PLAINTIFFS PROOF OF USE OF BAIR HUGGER USE FOR BELLWETHER REPOPULATION** |

Plaintiffs file this Motion to Compel Documents Relevant to Defendants' Asserted Challenges to Plaintiffs' Proof of Use of Bair Hugger Use in for Bellwether Repopulation Cases, and show the Court as follows:

### I. PRETRIAL ORDER NO. 24 REQUIRES DEFENDANTS TO PRODUCE DOCUMENTS RELEVANT TO PROOF OF PRODUCT CHALLENGES

A review of PTO No. 24 reveals a process whereby Plaintiffs were to confirm use of the Bair Hugger on the 100 candidates randomly selected by the Court for repopulation of the bellwether pool and provide proof of such use to Defendants by February 9th. In response, PTO No. 24 required 3M to do two things by February 16th: raise any challenges Defendants may have to Plaintiffs' offers of proof, and produce "any relevant documents Defendants have" to any challenges Defendants intend to make concerning use of the Bair Hugger Forced Air Warming System by February 16th. Defendants raised challenges as to either representativeness or proof of

product on 61 of 100 cases randomly selected by the Court, and produced two spreadsheets confirming internal data on placement of the warming devices at relevant hospitals, and sales of disposable Bair Hugger blankets at the relevant hospitals in the 12 months prior to the surgery in question. No other documents were produced by Defendants.

### A. DEFENDANTS CHALLENGES TO PROOF OF PRODUCT LACK MERIT

A cursory review of Defendants' objections reveals the challenges are clearly unwarranted. Defendants' own spreadsheet confirms Bair Hugger warming units were placed at hospitals in all but perhaps four of the 100 cases in question.

Despite that, Defendants objected to proof of product on well in excess of half of the cases randomly selected by the Court. Defendants' objections can be summarized as follows:

> Objections irrelevant to product use;
>
> Objections when the addresses of facilities did not 100% match 3M's internal address listing;
>
> Objections that facility names were not "exact;"
>
> Objections to not having *multiple* documents showing proof of use (even though the facility was using Bair Hugger); and
>
> Lack of "specific" references to Bair Hugger (even though the Defendants' own records confirm the facility was using Bair Hugger).

The following are some examples of cases where Defendants have challenged Plaintiffs' proof of product:

- *Anderson v. 3M Co., et. al.*, 17-cv-01928 – Proof of product challenged despite the fact that anesthesia records have "Hugger" checked off; intraoperative records have "Bair Hugger Warmer" listed; and 3M's spreadsheets show both placement of devices and sale of blankets;

- *Arnold v. 3M Co., et. al.*, 17-cv-00459 – Proof of product challenged despite the fact that anesthesia records have "Bair Hugger" checked off, with "UB" (for the Bair Hugger upper-body blanket) written in margins; and 3M's spreadsheets show both placement of devices and sale of blankets;

- *Deardruff v. 3M Co., et. al.*, 16-cv-02457 – Proof of product challenged despite the fact that anesthesia records have "Bair Hugger" checked off; and 3M's spreadsheets show both placement of devices and sale of blankets;

- *Gee v. 3M Co., et. al.*, 17-cv-04299 – Proof of product challenged despite the fact that intraoperative records indicate Bair Hugger with "Upper" written in (for Bair Hugger upper body blanket); and 3M's spreadsheets show both placement of devices and sale of blankets;

- *Glaze v. 3M Co., et. al.*, 17-cv-02574 – Proof of product challenged despite the fact that anesthesia report has "Y" circled for Bair Hugger; and 3M's spreadsheets show both placement of devices and sale of blankets;

- *Griffin v. 3M Co., et. al.*, 17-cv-01286 – Proof of product challenged despite the fact that intraoperative record indicates use of Bair Hugger, identified as a Model 505; 3M claims a number provided is a serial number, but it is not identified as such in the records; and 3M's spreadsheets show placement of devices and sale of blankets;

- *Mayve v. 3M Co., et. al.*, 15-cv-04265 – Proof of product challenged despite the fact that "Bair Hugger" circled on anesthesia records, with "upper" written in margin (Bair Hugger upper body blanket); and 3M's spreadsheets show placement of devices and sale of blankets; there is a supposed discrepancy on date of surgery indicated in the complaint;

- *Potter v. 3M Co., et. al.*, 17-cv-01945 – Proof of product challenged despite the fact that anesthesia records have "Bair Hugger" and "Upper" checked off (Bair Hugger upper body blanket); and 3M's spreadsheets show both placement of devices and sale of blankets;

- *Ramirez v. 3M Co., et. al.*, 17-cv-01078 – Proof of product challenged despite the fact that anesthesia records have "Bair Hugger" checked off; and 3M's spreadsheets show placement of devices and sale of blankets;

- *Regennitter v. 3M Co., et. al.*, 17-cv-01872 – Proof of product challenged despite the fact that anesthesia records have "Bair Hugger" written in; and 3M's spreadsheets show placement of devices and sale of blankets;

- *Schakel v. 3M Co., et. al.*, 17-cv-03738 – Proof of product challenged despite the fact that "Bair" is written in on perioperative report; 3M claims a number provided is a serial number, but it is not identified as such in the records; and 3M's spreadsheets show both placement of devices and sale of blankets;

- *Sturdivant v. 3M Co., et. al.*, 17-cv-03434 – Proof of product challenged despite the fact that anesthesia form has Bair Hugger information entered; and 3M's spreadsheets show placement of both devices and sale of blankets;

- *Taylor v. 3M Co., et. al.*, 16-cv-00214 – Proof of product challenged despite the fact that perioperative records indicate use of Bair Hugger device with Bair Hugger upper body blanket; and 3M disputes the serial number provided and states that there are no matches in terms of information on placement of devices and blanket sales;

- *Trice v. 3M Co., et. al.*, 16-cv-02123 – Proof of product challenged despite the fact that anesthesia report has "Bair Hugger" checked off along with "upper" on anesthesia records; and 3M's spreadsheets show both placement of devices and sale of blankets; and

- *Washington v. 3M Co., et. al.*, 17-cv-03763 – Proof of product challenged despite the fact that anesthesia records indicate that a "Bair Hugger" device was used; 3M claims number provided is a serial number, but it is not identified as such in the records; and 3M's spreadsheets show both placement of devices and sale of blankets.

Defendants' other objections split hairs over whether their own internal records show sales of blankets vs. warming units. For example, in *Beene v. 3M Co., et. al.*, 3M's records show the sale of blankets, but not the placement of warming units. Conversely, in *Edwards v. 3M Co., et. al.*, 3M's records show the placement of warming units, but not the sale of blankets in the 12

months prior to the surgery. However, in both instances the medical records indicate Bair Hugger and/or forced air warming use.

## II. THE COURT SHOULD STRIKE DEFENDANTS' OBJECTIONS AND ORDER DEFENDANTS TO PRODUCE DOCUMENTS RELATED TO PRODUCT PLACEMENT FOR ANY FACILITY WHERE DEFENDANT RAISED A PRODUCT CHALLENGE

In spite of the PTO 24, Defendants have produced only two spreadsheets related to product placement; no other relevant and responsive documents have been produced in connection with the challenges. Plaintiffs need the documents, as ordered by the Court, in order to properly respond to Defendants' challenges.

Because Defendants failed to comply with PTO No. 24, the Court should strike Defendants objections. Further, Plaintiffs request that the Court order Defendants to comply with PTO No. 24 and produce documents relevant to any and all proof of product challenges Defendants have asserted.

Dated: February 20, 2018

Respectfully submitted,

CIRESI CONLIN L.L.P.

MESHBESHER & SPENCE LTD.

/s/ Michael V. Ciresi
Michael V. Ciresi (MN #0016949)
Jan M. Conlin (MN#0192697)
Ciresi Conlin LLP
225 S. 6th St., Suite 4600
Minneapolis, MN 55402
Phone: (612) 361-8202
Email: MVC@Ciresi Conlin.com
JMC@CiresiConlin.com

/s/ Genevieve M. Zimmerman
Genevieve M. Zimmerman (MN #330292)
1616 Park Avenue South
Minneapolis, MN 44404
Phone: (612) 339-9121
Fax: (612) 339-9188
Email: Gzimmerman@meshbesher.com

/s/ Ben W. Gordon, Jr. (Pro hac Vice)
Ben W. Gordon, Jr. (FL Bar # 882836)
Levin, Papantonio, Thomas, Mitchell, Rafferty, & Proctor, P.A.
316 S. Baylen Street, Suite 400
Pensacola, FL 32502
Phone: 850-435-7091
Email: bgordon@levinlaw.com

**Plaintiffs' Co-Lead Counsel**