**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

In re: BAIR HUGGER FORCED AIR
WARMING DEVICES PRODUCTS
LIABILITY LITIGATION

MDL No. 15-2666 (JNE/FLN)

This Document Relates to:
Case Nos.:
17-cv-01978 *(Strain v. 3M Co., et al.)*
17-cv-02372 *(Hufford v. 3M Co., et al.)*
17-cv-02581 *(Key v. 3M Co., et al.)*
17-cv-02919 *(Campbell v. 3M Co., et al.)*
17-cv-02949 *(Jelks v. 3M Co., et al)*
17-cv-03311 *(McDaniel v. 3M Co., et al.)*
17-cv-03445 *(Quinan v. 3M Co., et al.)*
17-cv-03547 *(Sundquist v. 3M Co., et al.)*
17-cv-03666 *(Gallo v. 3M Co., et al.)*
17-cv-03721 *(Ramirez v. 3M Co., et al.)*
17-cv-03809 *(Miller v. 3M Co., et al.)*
17-cv-03834 *(Thornton v. 3M Co., et al.)*
17-cv-04293 *(Mason v. 3M Co., et al.)*
17-cv-04431 *(Slaughter v. 3M Co., et al.)*
17-cv-04500 *(Hammel-Fogleboch v. 3M Co.,
et al.)*
17-cv-04515 *(Horn v. 3M Co., et al.)*
17-cv-04519 *(Williams v. 3M Co., et al.)*

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO
DISMISS FOR FAILURE TO COMPLY WITH PRETRIAL ORDER NO. 14**

Pursuant to the Court's Pretrial Order No. 14 ("PTO 14"), entered September 27,

2016, Defendants 3M Company and Arizant Healthcare, Inc. (collectively, "Defendants")

respectfully move the Court to dismiss the following plaintiffs' cases for failure to comply

with PTO 14:

| Case Number | Plaintiff | Firm Name |
| --- | --- | --- |
| 0:17-cv-01978-JNE-FLN | Strain | Kennedy Hodges, L.L.P. |
| 0:17-cv-02372-JNE-FLN | Hufford | Gustafson Gluek, P.L.L.P. |
| 0:17-cv-02581-JNE-FLN | Key | Kennedy Hodges, L.L.P. |
| 0:17-cv-02919-JNE-FLN | Campbell | Brown & Crouppen, P.C. |
| 0:17-cv-02949-JNE-FLN | Jelks | Brown & Crouppen, P.C. |
| 0:17-cv-03311-JNE-FLN | McDaniel | Kennedy Hodges, L.L.P. |
| 0:17-cv-03445-JNE-FLN | Quinan | Kennedy Hodges, L.L.P. |
| 0:17-cv-03547-JNE-FLN | Sundquist | Kennedy Hodges, L.L.P. |
| 0:17-cv-03666-JNE-FLN | Gallo | Kennedy Hodges, L.L.P. |
| 0:17-cv-03721-JNE-FLN | Ramirez | Kennedy Hodges, L.L.P. |
| 0:17-cv-03809-JNE-FLN | Miller | Kennedy Hodges, L.L.P. |
| 0:17-cv-03834-JNE-FLN | Thornton | Kennedy Hodges, L.L.P. |
| 0:17-cv-04293-JNE-FLN | Mason | Davis & Crump, P.C. |
| 0:17-cv-04431-JNE-FLN | Slaughter | Kirtland & Packard, L.L.P. |
| 0:17-cv-04500-JNE-FLN | Hammel-Fogleboch | Kennedy Hodges, L.L.P. |
| 0:17-cv-04515-JNE-FLN | Horn | Bernstein Liebhard, L.L.P. |
| 0:17-cv-04519-JNE-FLN | Williams | Bernstein Liebhard, L.L.P. |

As set forth below, there are three (3) categories of cases where plaintiffs have failed to serve a Plaintiff Fact Sheet ("PFS") compliant with the requirements set forth by the Court in PTO 14: (a) cases where no PFS has been served by plaintiff; (b) cases where plaintiff served a PFS with core deficiencies, and failed to cure them or otherwise respond to Defendants' first or second deficiency letter; and (c) cases where plaintiff served a PFS with core deficiencies, and failed to cure them after Defendants' third deficiency letter. Defendants placed the above cases on the agenda for two sequential Court status conferences, and dismissal with prejudice is therefore appropriate under PTO 14, ¶ 8.

## **ARGUMENT**

The Court's Pretrial Order No. 14, entered September 27, 2016, sets forth the protocol for the form and service of the PFS, signed medical authorization, and supporting

documents in cases filed in and transferred to this proceeding.  Under PTO 14, a plaintiff whose case was pending on the date of the order was required to serve a completed and signed PFS, medical authorization, and supporting documents within 90 days of the date of the order. PTO 14, ¶ 2.  For a plaintiff whose case was transferred after the date of the order, the due date for service of these same documents is 90 days after the filing of the plaintiff's complaint or completion of the transfer to this proceeding, whichever is later. *Id*.  All PFSs must be verified by the individual plaintiff under oath. *See* PTO 14, ¶ 3.

Once a PFS has been served, defendants have four (4) weeks from receipt within which to notify plaintiff's counsel of any core deficiencies to the PFS, "defined as a lack of response to all questions in Section I, Section II, and Section III; Section IV, questions 1, 3, 7, 8, 9, 10; Section V, questions 5, 6, and 7; Section VI, questions 1, 3, 6, 7, 8, and 9; Section VII, questions 1 and 2; Section 8, question 2; Section IX, questions 1, 3, and 4; or lack of signed medical authorizations." PTO 14, ¶ 4.

If defendants timely serve a letter outlining the deficiencies to the PFS, plaintiff's counsel is required to respond in writing within three (3) weeks of the date of service by: "(1) curing the alleged deficiencies; (2) disputing the alleged deficiencies and setting forth reasons the PFS is not deficient; or (3) explaining why the alleged deficiencies cannot be timely cured." PTO 14, ¶ 6.

Cases where there are disputes concerning PFS deficiencies requiring the Court's attention may be placed on the Court's status conference agenda. PTO 14, ¶ 7.  Should a case appear on the agenda for two (2) sequential status conferences, "Defendants may make

a motion for dismissal for failure to comply with this Court's Pretrial Order as to the allegedly delinquent party." PTO 14, ¶ 8.

### A. Cases Where No PFS Has Been Served

In this motion, Defendants seek dismissal of the following five (5) cases where plaintiffs failed to serve the PFS as required by PTO 14 and, to date, remain delinquent:

| Case Number | Plaintiff | Date Filed | PFS Due Date | Firm Name |
|---|---|---|---|---|
| 0:17-cv-04293-JNE-FLN | Mason | 9/18/2017 | 12/17/2017 | Davis & Crump, P.C. |
| 0:17-cv-04431-JNE-FLN | Slaughter | 9/27/2017 | 12/26/2017 | Kirtland & Packard, L.L.P. |
| 0:17-cv-04500-JNE-FLN | Hammel-Fogleboch | 9/29/2017 | 12/28/2017 | Kennedy Hodges, L.L.P. |
| 0:17-cv-04515-JNE-FLN | Horn | 10/3/2017 | 1/01/2018 | Bernstein Liebhard, L.L.P. |
| 0:17-cv-04519-JNE-FLN | Williams | 10/3/2017 | 1/01/2018 | Bernstein Liebhard, L.L.P. |

### B. Cases Where a PFS Was Served with Core Deficiencies, and Plaintiff Failed to Cure or Otherwise Respond to Defendants' Deficiency Letter

Additionally, Defendants are seeking dismissal of the following ten (10) cases where: (1) plaintiffs each submitted a PFS that contained core deficiencies, (2) Defendants notified plaintiffs of the core deficiencies,[1] and (3) plaintiffs failed to cure or otherwise respond to the Defendants' first and/or second deficiency letter:

---

[1] *See* Declaration of Benjamin W. Hulse ("Hulse Decl."), Ex. A (Deficiency Letters Sent to Plaintiffs Listed in Part B).

| Case Number | Plaintiff | Deficiency Letter Sent | Firm Name |
|---|---|---|---|
| 0:17-cv-01978-JNE-FLN | Strain | 11/27/2017 | Kennedy Hodges, L.L.P. |
| 0:17-cv-02372-JNE-FLN | Hufford | 12/06/2017 | Gustafson Gluek, P.L.L.P. |
| 0:17-cv-02581-JNE-FLN | Key | 12/18/2017 | Kennedy Hodges, L.L.P. |
| 0:17-cv-03311-JNE-FLN | McDaniel | 11/21/2017 | Kennedy Hodges, L.L.P. |
| 0:17-cv-03445-JNE-FLN | Quinan | 11/21/2017 | Kennedy Hodges, L.L.P. |
| 0:17-cv-03547-JNE-FLN | Sundquist | 11/29/2017 | Kennedy Hodges, L.L.P. |
| 0:17-cv-03666-JNE-FLN | Gallo | 12/05/2017 | Kennedy Hodges, L.L.P. |
| 0:17-cv-03721-JNE-FLN | Ramirez | 12/05/2017 | Kennedy Hodges, L.L.P. |
| 0:17-cv-03809-JNE-FLN | Miller | 12/12/2017 | Kennedy Hodges, L.L.P. |
| 0:17-cv-03834-JNE-FLN | Thornton | 12/13/2017 | Kennedy Hodges, L.L.P. |

To comply with PTO 14, each plaintiff was required to respond to Defendants' deficiency letter by either curing or disputing the deficiencies, or explaining why the deficiencies could not be cured. *See* PTO 14, ¶ 6. Plaintiffs above failed to respond to Defendants' deficiency letters, and numerous core deficiencies remain uncured. *See attached* Addendum 1 (outlining PFS core deficiencies for each plaintiff in Part B).

### C.  Cases Where a PFS Was Served with Core Deficiencies, and Plaintiff Failed to Cure Following Defendants' Third Deficiency Letter

Lastly, Defendants are seeking dismissal of the following two (2) cases where: (1) plaintiffs each served an original PFS, (2) Defendants notified plaintiffs of the core deficiencies on three (3) separate occasions, and (3) plaintiffs failed to cure the core deficiencies identified in Defendants' third (and final) deficiency letters: [2]

---

[2]*See* Hulse Decl., Ex. B (Third Deficiency Letters Sent to Plaintiffs Listed in Part C).

| Case Number | Plaintiff | Third Deficiency Letter Sent | Firm Name |
|---|---|---|---|
| 0:17-cv-02919-JNE-FLN | Campbell | 12/11/2017 | Brown & Crouppen, P.C. |
| 0:17-cv-02949-JNE-FLN | Jelks | 12/11/2017 | Brown & Crouppen, P.C. |

Defendants' sent each plaintiff above three (3) deficiency letters providing notice of the outstanding core deficiencies in his or her PFS, and to date the core deficiencies have not be cured. *See attached* Addendum 2 (outlining uncured core deficiencies remaining for each plaintiff in Part C). No explanation has been provided to Defendants why the deficiencies could not be cured. Now that several months have passed since the Defendants' third deficiency letters were sent, it is appropriate to seek dismissal of these cases.

### D. All Cases Were on the Agenda for Two (2) Sequential Status Conferences

Defendants placed before the Court the cases set forth above in Parts A, B, and C, for two sequential Court status conferences – the first on January 18, 2018, and the second on February 15, 2018.[3] Consistent with the Court's recent orders dismissing with prejudice several plaintiffs' cases for failure to comply with PTO 14, the above cases are ripe for dismissal with prejudice under PTO 14, ¶ 8.

---

[3] *See* Declaration of Benjamin W. Hulse ("Hulse Decl."), Ex. C (January 12, 2018 email from B. Hulse to Court attaching Defendants' January PFS Lists 1, 2, and 3) and Ex. D (February 9, 2018 email from M. Young to Court attaching Defendants' February PFS Lists 1, 2, and 3).

6

### E.  The Court Should Dismiss Plaintiffs' Cases With Prejudice

The Court's authority to dismiss these cases with prejudice is beyond question, and indeed was exercised by the Court recently in its orders entered June 16, 2017 [Dkt. No. 577], July 24, 2017 [Dkt. No. 622], August 25, 2017 [Dkt. No. 692], September 27, 2017 [Dkt. No. 862], December 18, 2017 [Dkt. No. 1026], January 19, 2018 [Dkt. No. 1060], and February 15, 2018 [Dkt. No. 1100] (dismissing with prejudice multiple plaintiffs' cases for failure to comply with PTO 14).  In a recent order, the Court made clear that "[e]ven for failures to respond, noncompliance with a court order can 'constitute[] a pattern of intentional delay meriting dismissal with prejudice' under Rule 41(b)." *See* Order, MDL 15-2666 [Dkt. No. 862], at 2 (cite omitted).  The Court further explained that PTO 14 required plaintiffs to respond to requests for information in the PFS in lieu of discovery, provided plaintiffs with the opportunity to cure any deficiencies, and "warned expressly of dismissal" should plaintiffs fail to comply. *Id*.  Plaintiffs also were warned through the Court's prior orders dismissing with prejudice cases for failure to comply with PTO 14. *Id.*  Accordingly, "if PTO 14's opportunity to cure has run, a plaintiff's continued noncompliance is a pattern of intentional delay" warranting dismissal with prejudice. *Id.*

Plaintiffs identified above have failed to comply with PTO 14 by either failing to submit the required PFS (Part A cases), providing no response to Defendants' deficiency letters (Part B cases), or failing to cure deficiencies after service of Defendants' third deficiency letter (Part C cases).  Because all of the cases identified above in Parts A, B, and C were listed on at least two sequential status conference agendas, "the opportunity to

cure has run." Accordingly, dismissal of these cases with prejudice is proper and appropriate.

## <u>CONCLUSION</u>

For the foregoing reasons, Defendants respectfully request that the Court dismiss with prejudice the following cases:

| Case Number | Plaintiff | Firm Name |
|---|---|---|
| 0:17-cv-01978-JNE-FLN | Strain | Kennedy Hodges, L.L.P. |
| 0:17-cv-02372-JNE-FLN | Hufford | Gustafson Gluek, P.L.L.P. |
| 0:17-cv-02581-JNE-FLN | Key | Kennedy Hodges, L.L.P. |
| 0:17-cv-02919-JNE-FLN | Campbell | Brown & Crouppen, P.C. |
| 0:17-cv-02949-JNE-FLN | Jelks | Brown & Crouppen, P.C. |
| 0:17-cv-03311-JNE-FLN | McDaniel | Kennedy Hodges, L.L.P. |
| 0:17-cv-03445-JNE-FLN | Quinan | Kennedy Hodges, L.L.P. |
| 0:17-cv-03547-JNE-FLN | Sundquist | Kennedy Hodges, L.L.P. |
| 0:17-cv-03666-JNE-FLN | Gallo | Kennedy Hodges, L.L.P. |
| 0:17-cv-03721-JNE-FLN | Ramirez | Kennedy Hodges, L.L.P. |
| 0:17-cv-03809-JNE-FLN | Miller | Kennedy Hodges, L.L.P. |
| 0:17-cv-03834-JNE-FLN | Thornton | Kennedy Hodges, L.L.P. |
| 0:17-cv-04293-JNE-FLN | Mason | Davis & Crump, P.C. |
| 0:17-cv-04431-JNE-FLN | Slaughter | Kirtland & Packard, L.L.P. |
| 0:17-cv-04500-JNE-FLN | Hammel-Fogleboch | Kennedy Hodges, L.L.P. |
| 0:17-cv-04515-JNE-FLN | Horn | Bernstein Liebhard, L.L.P. |
| 0:17-cv-04519-JNE-FLN | Williams | Bernstein Liebhard, L.L.P. |

Dated: March 1, 2018

Respectfully submitted,

*s/Benjamin W. Hulse*

Jerry W. Blackwell (MN #186867)
Benjamin W. Hulse (MN #0390952)
Mary S. Young (MN #0392781)
BLACKWELL BURKE P.A.
431 South Seventh Street, Suite 2500
Minneapolis, MN 55415
Phone: (612) 343-3200
Fax: (612) 343-3205
Email: blackwell@blackwellburke.com
         bhulse@blackwellburke.com
         myoung@blackwellburke.com

Bridget M. Ahmann (MN #016611x)
FAEGRE BAKER DANIELS LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
Phone: (612) 766-7000
Email: bridget.ahmann@faegrebd.com

**Counsel for Defendants 3M Company and Arizant Healthcare Inc.**

**Addendum 1**

**Uncured PFS Core Deficiencies for Cases Listed in Part B**

| Plaintiff/Case Number | Deficiency Letter Sent | Uncured PFS Core Deficiencies | Firm Name |
|---|---|---|---|
| Strain 0:17-cv-01978 | 11/27/2017 | **Section II (Personal Information)** Part 1: Name, address, and SSN provided, but no response to length of time at present address, and persons living with plaintiff at time of events at issue. Part 2: No response to driver's license number and state of issue. Part 3: Date of birth provided but not place of birth. Part 6: No response to residences for the last 10 years. Part 8: No response to having children. Part 9: No response to educational background. Part 10: No response to employers for last 10 years. Part 11: No response to prior military service. Part 12: No response to rejection for military service due to medical/physical conditions. Part 13: No response to prior felony or dishonest act/false statement convictions.<br><br>**Section IV (General Medical Information)** Part 1: No response to current or last height/weight. Part 3: No response to healthcare providers seven (7) years prior to surgery. Part 7: No response to pharmacies used. Part 8: No response to prior dental visits. | Kennedy Hodges, L.L.P. |

| | | Part 10: No response to use of drugs/alcohol. **Section V (Insurance/Claim Information)** Part 5: No response to prior disability claims. Part 6: No response to prior lawsuits. Part 7: No response to prior bankruptcies. **Section VI (Current Claim Information)** Part 1: Responded "Yes" to having suffered physical/bodily injury related to use of Bair Hugger, and provided date first became aware of the injuries, but provided no response to the remaining questions. Part 3: No response to damages related to emotional distress/physiological injuries. **Section VII (Economic Damages)** Part 1:  No response to claim for loss of past wages/income. Part 2:  No response to claim for loss of future wages/income. **Medical Authorization**: Not provided. **Verification:** Not provided. | |
|---|---|---|---|
| Hufford 0:17-cv-02372 | 12/06/2017 | **Section V (Insurance/Claim Information)** Part 6: No response to prior lawsuits. **Section IX (Loss of Consortium)** No response to SSN. **Verification:** Updated verification not provided. | Gustafson Gluek, P.L.L.C. |

| Key 0:17-cv-02581 | 12/18/2017 | **Section II (Personal Information)** Part 2: No response to driver's license number and state of issue. Part 7: Spouse's date of birth and date marriage began not provided. Part 8: No response to having children. Part 9: No response to educational background. Part 10: No response to employers for last 10 years. **Section IV (General Medical Information)** Part 7: No response to pharmacies used. Part 8: No response to prior dental visits. Part 9: No response to use of tobacco. Part 10: No response to use of drugs/alcohol. **Section V (Insurance/Claim Information)** Part 5: No response to prior disability claims. Part 6: No response to prior lawsuits. Part 7: No response to prior bankruptcies. **Section VI (Current Claim Information)** Part 1: No response to having suffered physical/bodily injury related to use of Bair Hugger. Part 3: No response to damages related to emotional distress/physiological injuries. **Section VII (Economic Damages)** Part 1:  No response to claim for loss of past wages/income. Part 2:  No response to claim for loss of future wages/income. | Kennedy Hodges, L.L.P. |

| | | | |
|---|---|---|---|
| | | **Section VIII (Persons With Knowledge)**<br>Part 2: No response to persons providing facts/circumstances relating this lawsuit.<br><br>**Medical Authorization**: Not provided.<br>**Verification:** Not provided. | |
| McDaniel<br>0:17-cv-03311 | 11/21/2017 | **Section II (Personal Information)**<br>Part 1: Name, address, and SSN provided, but no response to other names used, length of time at present address, and persons living with plaintiff at time of events at issue.<br>Part 2: No response to driver's license number and state of issue.<br>Part 3: Date of birth provided but not place of birth.<br>Part 6: No response to residences for the last 10 years.<br>Part 8: No response to having children.<br>Part 9: No response to educational background.<br>Part 10: No response to employers for last 10 years.<br>Part 11: No response to prior military service.<br>Part 12: No response to rejection for military service due to medical/physical conditions.<br>Part 13: No response to prior felony or dishonest act/false statement convictions.<br>Part 14: No response to website visits regarding patient warming systems.<br>Part 15: No response to internet postings regarding patient warming systems/ injuries.<br>Part 16: No response to having documents referring to health/well-being.<br><br>**Section III (Surgery Information)** | Kennedy Hodges, L.L.P. |

Part 3: Hospital name, surgery date/location/type of surgery, reason for surgery, and infections prior to surgery provided, but no response to physician performing surgery, reason for surgery, height/weight at time of surgery, medical conditions at time of surgery, persons with whom plaintiff discussed risks of surgery, and cause of infection.

**<u>Section IV (General Medical Information)</u>**
Part 1: No response to current or last height/weight.
Part 3: No response to healthcare providers seven (7) years prior to surgery.
Part 7: No response to pharmacies used.
Part 8: No response to prior dental visits.
Part 9: No response to use of tobacco.
Part 10: No response to use of drugs/alcohol.

**<u>Section V (Insurance/Claim Information)</u>**
Part 5: No response to prior disability claims.
Part 6: No response to prior lawsuits.
Part 7: No response to prior bankruptcies.

**<u>Section VI (Current Claim Information)</u>**
Part 1: No response to having suffered physical/bodily injury related to use of Bair Hugger.
Part 3: No response to damages related to emotional distress/physiological injuries.
Part 6: No response regarding Bair Hugger warnings.

| | | | |
|---|---|---|---|
| | | Part 7: No response regarding 3M/Arizant communications regarding surgery/Bair Hugger. Part 8: No response regarding 3M/Arizant communication regarding Bair Hugger warranty. Part 9: No response to contacts with Augustine Temperature Management.<br><br>**Section VII (Economic Damages)** Part 1:  No response to claim for loss of past wages/income. Part 2:  No response to claim for loss of future wages/income.<br><br>**Section VIII (Persons With Knowledge)** Part 2: No response to persons providing facts/circumstances relating this lawsuit.<br><br>**Section IX (Loss of Consortium)** No response to any question<br><br>**Medical Authorization**: Not provided. **Verification:** Not provided. | |
| Quinan 0:17-cv-03445 | 11/21/2017 | **Section II (Personal Information)** Part 1: Name, address, and SSN provided, but no response to other names used, length of time at present address, and persons living with plaintiff at time of events at issue. Part 2: No response to driver's license number and state of issue. Part 3: Date of birth provided but not place of birth. Part 6: No response to residences for the last 10 years. Part 8: No response to having children. Part 9: No response to educational background. Part 10: No response to employers for last 10 years. | Kennedy Hodges, L.L.P. |

Part 11: No response to prior military service.
Part 12: No response to rejection for military service due to medical/physical conditions.
Part 13: No response to prior felony or dishonest act/false statement convictions.
Part 14: No response to website visits regarding patient warming systems.
Part 15: No response to internet postings regarding patient warming systems/ injuries.
Part 16: No response to having documents referring to health/well-being.

**Section III (Surgery Information)**
Part 3: No response to height/weight at time of surgery.

**Section IV (General Medical Information)**
Part 1: No response to current or last height/weight.
Part 3: No response to healthcare providers seven (7) years prior to surgery.
Part 7: No response to pharmacies used.
Part 8: No response to prior dental visits.
Part 9: No response to use of tobacco.
Part 10: No response to use of drugs/alcohol.

**Section V (Insurance/Claim Information)**
Part 5: No response to prior disability claims.
Part 6: No response to prior lawsuits.
Part 7: No response to prior bankruptcies.

| | | | |
|---|---|---|---|
| | | **Section VI (Current Claim Information)**<br>Part 1: No response to having suffered physical/bodily injury related to use of Bair Hugger.<br>Part 3: No response to damages related to emotional distress/physiological injuries.<br>Part 6: No response regarding Bair Hugger warnings.<br>Part 7: No response regarding 3M/Arizant communications regarding surgery/Bair Hugger.<br>Part 8: No response regarding 3M/Arizant communication regarding Bair Hugger warranty.<br>Part 9: No response to contacts with Augustine Temperature Management.<br><br>**Section VII (Economic Damages)**<br>Part 1:  No response to claim for loss of past wages/income.<br>Part 2:  No response to claim for loss of future wages/income.<br><br>**Section VIII (Persons With Knowledge)**<br>Part 2: No response to persons providing facts/circumstances relating this lawsuit.<br><br>**Section IX (Loss of Consortium)**<br>No response to any question<br><br>**Medical Authorization**: Not provided.<br>**Verification:** Not provided. | |
| Sundquist<br>0:17-cv-03547 | 11/29/2017 | **Section II (Personal Information)**<br>Part 1: Name, address, and SSN provided, but no response to other names used, length of time at present address, and persons living with plaintiff at time of events at issue.<br>Part 2: No response to driver's license number and state of issue. | Kennedy Hodges, L.L.P. |

|  |  | Part 3: Date of birth provided but not place of birth. Part 6: No response to residences for the last 10 years. Part 8: No response to having children. Part 9: No response to educational background. Part 10: No response to employers for last 10 years. Part 11: No response to prior military service. Part 12: No response to rejection for military service due to medical/physical conditions. Part 13: No response to prior felony or dishonest act/false statement convictions. Part 14: No response to website visits regarding patient warming systems. Part 15: No response to internet postings regarding patient warming systems/injuries. Part 16: No response to having documents referring to health/well-being.<br><br>**Section III (Surgery Information)** Part 3: No response to height/weight at time of surgery.<br><br>**Section IV (General Medical Information)** Part 1: No response to current or last height/weight. Part 3: No response to healthcare providers seven (7) years prior to surgery. Part 7: No response to pharmacies used. Part 8: No response to prior dental visits. Part 9: No response to use of tobacco. Part 10: No response to use of drugs/alcohol. |  |

**Section V (Insurance/Claim Information)**
Part 5: No response to prior disability claims.
Part 6: No response to prior lawsuits.
Part 7: No response to prior bankruptcies.

**Section VI (Current Claim Information)**
Part 1: No response to having suffered physical/bodily injury related to use of Bair Hugger.
Part 3: No response to damages related to emotional distress/physiological injuries.
Part 6: No response regarding Bair Hugger warnings.
Part 7: No response regarding 3M/Arizant communications regarding surgery/Bair Hugger.
Part 8: No response regarding 3M/Arizant communication regarding Bair Hugger warranty.
Part 9: No response to contacts with Augustine Temperature Management.

**Section VII (Economic Damages)**
Part 1:  No response to claim for loss of past wages/income.
Part 2:  No response to claim for loss of future wages/income.

**Section VIII (Persons With Knowledge)**
Part 2: No response to persons providing facts/circumstances relating this lawsuit.

**Section IX (Loss of Consortium)**
No response to any question

**Medical Authorization**: Not provided.

| | | **Verification:** Not provided. | |
|---|---|---|---|
| Gallo<br>0:17-cv-03666 | 12/05/2017 | **Section II (Personal Information)**<br>Part 2: No response to driver's license number and state of issue.<br>Part 8: No response to having children.<br>Part 9: No response to educational background.<br>Part 10: No response to employers for last 10 years.<br>Part 11: No response to prior military service.<br>Part 12: No response to rejection for military service due to medical/physical conditions.<br>Part 13: No response to prior felony or dishonest act/false statement convictions.<br><br>**Section IV (General Medical Information)**<br>Part 7: No response to pharmacies used.<br>Part 8: No response to prior dental visits.<br>Part 9: No response to use of tobacco.<br>Part 10: No response to use of drugs/alcohol.<br><br>**Section V (Insurance/Claim Information)**<br>Part 5: No response to prior disability claims.<br>Part 6: No response to prior lawsuits.<br>Part 7: No response to prior bankruptcies.<br><br>**Section VI (Current Claim Information)**<br>Part 1: Responded "Yes" to having suffered physical/bodily injury related to use of Bair Hugger, and provided date first became aware of the injuries, but | Kennedy Hodges, L.L.P. |

| | | | |
|---|---|---|---|
| | | provided no response to the remaining questions.<br>Part 3: No response to damages related to emotional distress/physiological injuries.<br><br>**<u>Section VII (Economic Damages)</u>**<br>Part 1:  No response to claim for loss of past wages/income.<br>Part 2:  No response to claim for loss of future wages/income.<br><br>**<u>Section VIII (Persons With Knowledge)</u>**<br>Part 2: No response to persons providing facts/circumstances relating this lawsuit.<br><br>**<u>Section IX (Loss of Consortium)</u>**<br>No response to any question other than Part 2.<br><br>**Medical Authorization**: Not provided.<br>**Verification:** Not provided. | |
| Ramirez<br>0:17-cv-03721 | 12/05/2017 | **<u>Section II (Personal Information)</u>**<br>Part 1: Name, address, and SSN provided, but no response to other names used, length of time at present address, and persons living with plaintiff at time of events at issue.<br>Part 2: No response to driver's license number and state of issue.<br>Part 3: Date of birth provided but not place of birth.<br>Part 6: No response to residences for the last 10 years.<br>Part 8: No response to having children.<br>Part 9: No response to educational background.<br>Part 10: No response to employers for last 10 years.<br>Part 11: No response to prior military service. | Kennedy Hodges, L.L.P. |

Part 12: No response to rejection for military service due to medical/physical conditions.
Part 13: No response to prior felony or dishonest act/false statement convictions.
Part 14: No response to website visits regarding patient warming systems.
Part 15: No response to internet postings regarding patient warming systems/ injuries.
Part 16: No response to having documents referring to health/well-being.

**Section III (Surgery Information)**
Part 3: Height at time of surgery not provided.

**Section IV (General Medical Information)**
Part 1: No response to current or last height/weight.
Part 7: No response to pharmacies used.
Part 8: No response to prior dental visits.
Part 9: No response to use of tobacco.
Part 10: No response to use of drugs/alcohol.

**Section V (Insurance/Claim Information)**
Part 5: No response to prior disability claims.
Part 6: No response to prior lawsuits.
Part 7: No response to prior bankruptcies.

**Section VI (Current Claim Information)**
Part 1: No response to having suffered physical/bodily injury related to use of Bair Hugger.

| | | Part 3: No response to damages related to emotional distress/physiological injuries.<br>Part 6: No response regarding Bair Hugger warnings.<br>Part 7: No response regarding 3M/Arizant communications regarding surgery/Bair Hugger.<br>Part 8: No response regarding 3M/Arizant communication regarding Bair Hugger warranty.<br>Part 9: No response to contacts with Augustine Temperature Management.<br><br>**Section VII (Economic Damages)**<br>Part 1:  No response to claim for loss of past wages/income.<br>Part 2:  No response to claim for loss of future wages/income.<br><br>**Section VIII (Persons With Knowledge)**<br>Part 2: No response to persons providing facts/circumstances relating this lawsuit.<br><br>**Section IX (Loss of Consortium)**<br>No response to any question.<br><br>**Medical Authorization**: Not provided.<br>**Verification:** Not provided. | |
| Miller<br>0:17-cv-03809 | 12/12/2017 | **Section II (Personal Information)**<br>Part 1: Name, address, and SSN provided, but no response to other names used, length of time at present address, and persons living with plaintiff at time of events at issue.<br>Part 2: No response to driver's license number and state of issue.<br>Part 3: Date of birth provided but not place of birth.<br>Part 6: No response to residences for the last 10 years.<br>Part 8: No response to having children. | Kennedy Hodges, L.L.P. |

| | | | |
|---|---|---|---|
| | | Part 9: No response to educational background.<br>Part 10: No response to employers for last 10 years.<br>Part 11: No response to prior military service.<br>Part 12: No response to rejection for military service due to medical/physical conditions.<br>Part 13: No response to prior felony or dishonest act/false statement convictions.<br>Part 14: No response to website visits regarding patient warming systems.<br>Part 15: No response to internet postings regarding patient warming systems/ injuries.<br>Part 16: No response to having documents referring to health/well-being.<br><br>**Section III (Surgery Information)**<br>Part 3: Height/weight at time of surgery not provided.<br><br>**Section IV (General Medical Information)**<br>Part 7: No response to pharmacies used.<br>Part 8: No response to prior dental visits.<br>Part 9: No response to use of tobacco.<br>Part 10: No response to use of drugs/alcohol.<br><br>**Section V (Insurance/Claim Information)**<br>Part 5: No response to prior disability claims.<br>Part 6: No response to prior lawsuits.<br>Part 7: No response to prior bankruptcies. | |

| | | **Section VI (Current Claim Information)**<br>Part 1: No response to having suffered physical/bodily injury related to use of Bair Hugger.<br>Part 3: No response to damages related to emotional distress/physiological injuries.<br>Part 6: No response regarding Bair Hugger warnings.<br>Part 7: No response regarding 3M/Arizant communications regarding surgery/Bair Hugger.<br>Part 8: No response regarding 3M/Arizant communication regarding Bair Hugger warranty.<br>Part 9: No response to contacts with Augustine Temperature Management.<br><br>**Section VII (Economic Damages)**<br>Part 1:  No response to claim for loss of past wages/income.<br>Part 2:  No response to claim for loss of future wages/income.<br><br>**Section VIII (Persons With Knowledge)**<br>Part 2: No response to persons providing facts/circumstances relating this lawsuit.<br><br>**Section IX (Loss of Consortium)**<br>No response to any question<br><br>**Medical Authorization**: Not provided.<br>**Verification:** Not provided. | |
| Thornton<br>0:17-cv-03834 | 12/13/2017 | **Section III (Surgery Information)**<br>Part 3: No response to date of surgery, physician performing surgery, height/weight at time of surgery, medical conditions at time of surgery, persons with whom plaintiff discussed risks of surgery, and cause of infection. | Kennedy Hodges, L.L.P. |

| | | **Section IV (General Medical Information)**<br>Part 3: No response to healthcare providers seven (7) years prior to surgery.<br><br>**Section VI (Current Claim Information)**<br>Part 1: No response to date first became aware of injury(ies). | |
|---|---|---|---|

**Addendum 2**

**Uncured PFS Core Deficiencies for Cases Listed in Part C**

| Plaintiff/Case Number | Third Deficiency Letter Sent | Uncured PFS Core Deficiencies | Firm Name |
|---|---|---|---|
| Campbell 0:17-cv-02919 | 1/17/2018 | **Section II (Personal Information)** Part 7: No dates provided, only "00/00/0000." Part 8: No dates provided, only "00/00/0000." Part 9: No dates provided, only "00/00/0000." Part 10: No address provided for plaintiff's employer. | Brown & Crouppen, P.C. |
| Jelks 0:17-cv-02949 | 1/17/2018 | **Section V (Insurance/Claim Information)** Part 4: Responded "Yes" to having filed social security disability claims (SSI or SSD) or a disability claim with a private insurer, but response to "Approximate year of the claim" and "Nature of disability" was "Under investigation, when responsive information comes into plaintiff's possession they will supplement this answer." **Section VII (Economic Damages)** Part 2: Responded "Yes" to making a claim for loss of future wages, income, or earning capacity, but response to "Approximate amount of lost future wages or income you are claiming" was "Information not available." | Brown & Crouppen, P.C. |