UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE: BAIR HUGGER FORCED AIR WARMING DEVICES PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to: All Actions | MDL No. 15-2666<br>(JNE/FLN)<br><br>**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION SEEKING *IN CAMERA* REVIEW OF TEN DOCUMENTS WITHHELD UNDER CLAIMS OF PRIVILEGE** |

## INTRODUCTION

Plaintiffs challenge Defendants' designations of ten documents withheld on grounds of work product and attorney-client privilege.[1] Plaintiffs seek *in camera* review of these documents because they appear to involve Defendants' internal testing of Bair Hugger blankets utilizing Computational Fluid Dynamics ("CFD") analysis[2] and therefore, would fall into the same category of testing related documents that this Court found were not protected from disclosure. (Doc. 645, pp. 3-4, 6-7). Therefore, Plaintiffs request the Court order Defendants to produce all ten challenged documents listed on

---

[1] *See* Exhibit A for a listing of the challenged documents that were identified on three of Defendants' Privilege Logs: March 2, 2017, March 7, 2017, and March 31 2017.

[2] Defendants' counsel has represented that only one of the challenged documents, i.e., 3MPRIV00071047-51 relates to CFD testing. Yet, given that the remaining documents contain substantially similar descriptions to 3MPRIV00071047-51 and involve the same 3M employees who prepared a report of their findings from CFD analysis and experimental assessments of Bair Hugger blankets which Defendants' expert relies on in forming his opinions on heat transfer and airflow in operating rooms, Plaintiffs maintain that *in camera* review of all the challenged documents is merited.

Exhibit A for *in camera* review in order for the Court to determine whether they are likewise discoverable.

**ARGUMENT**

**A. Background relevant to the basis for Plaintiffs' challenges.**

The subject of this Motion concerns whether Defendants improperly withheld from disclosure ten documents involving 3M's Mechanical Engineer, Andrew Chen, who conducted Computational Fluid Dynamics ("CFD") testing, experiments, and analysis on certain Bair Hugger blankets and blowers that are at issue in this MDL. *See* Exhibit A. Chen was instrumental in conducting this testing. Ultimately, Chen, along with his 3M colleagues, Dave Eaton, Engineering Specialist, and James Endle documented their findings in an extensive 17-page Report dated October 15, 2015. (Hereinafter "Chen's Report").

The basis for challenging these documents stems from the deposition testimony of Defendants' expert on CFD and air flow in operating rooms, John Abraham, Ph.D. Dr. Abraham testified that the opinions he intends to offer in this case were partially based on the results of the Experimental Assessment of the Bair Hugger Blanket Model 5220 and Bair Hugger Blower Model 750 conducted by Chen, Eaton, and Endle as documented in Chen's Report.[3] *See* Exhibit B John Abraham, Ph.D. Depo. 8/11/2017 ("Abraham

---

[3] Notably, Chen's Report was not separately produced as part of 3M's document production, although it was responsive to Plaintiffs' Request for Production of Documents. The Report was only recently produced initially from the files of 3M's consulting expert, Jennifer Wager (Wagner0000013), who assisted Dr. Abraham in his

Depo.") at p. 303, ll. 8-24 "This is the document which confirmed my understanding of the boundary condition for the Bair Hugger. So I would say it confirmed my boundary conditions.").[4] Notably, all the challenged documents (with the exception of one) are dated within a few days of Chen's Report and are described on Defendants' Privilege Logs as involving the safety of Bair Hugger forced air warming devices. Therefore, it appears that these documents may relate to the CFD testing and analysis that is the subject of Chen's Report.  Assuming that is the case, then regardless of whether these documents were considered by Dr. Abraham in forming his opinions, the documents are not entitled to work product protection, nor do they constitute communications involving legal advice.

According to the descriptions on Defendants' privilege logs and information provided by Defendants' counsel, the following facts support Plaintiffs' request for *in camera* review of all challenged documents.

- Four of the challenged documents identify Andrew Chen as the author.  They all relate to the safety of forced air warming. Chen prepared three of these documents within just ten (10) days of his October 15, 2015 Report. (*See* 3MPRIV00057295–3MPRIV00057302 dated 10/6/2015); (3MPRIV00057307-3MPRIV00057309 dated 10/14/2015); 3MPRIV00057318-3MPRIV00057320 dated 10/14/2015). The fourth document, which Defendants acknowledge does relate to CFD testing, is dated within a month of Chen's Report (3MPRIV00071047-3MPRIV0007105 dated 9/23/2015).  *See* Exhibit A.

---

CFD analysis. (*See* Ex. B, Abraham Depo., 8/11/2017, pp. 44-45, 143, 303; Chen Report is Ex. 9 to Abraham Depo).

[4] When he was deposed regarding his case specific report in *Gareis v. 3M Co. et. al.*, Dr. Abraham testified the only boundary condition that changed for his CFD on the Model 505 was the mass flow rate. Plaintiffs are seeking *in camera* review of the withheld documents in preparation for trial in the *Gareis* matter, as well as with respect to the remainder of the MDL as a whole.

3

- As noted previously, during the meet and confer process, counsel for 3M represented that only one document involved CFD testing, viz., (3MPRIV00071047-3MPRIV00071051 dated 9/23/2015). The description of this document on the Privilege Log is substantially similar to the description of the other three (3) documents authored by Chen. Specifically, Defendants describe 3MPRIV00071047-3MPRIV00071051 as an "Email and attachments with confidential communications between client and legal counsel *reflecting scientific information provided to counsel* relevant to legal advice to be provided to client in anticipation of present litigation *over the safety of forced air warming*." (*Emphasis added*). Similarly, the other three documents authored by Chen that are dated within a few days of Chen's Report, are all described as communications from Chen "*reflecting information provided to counsel*" regarding "*the safety of forced air warming.*" *See* Exhibit A.

- The co-authors of Chen's Report, Dave Eaton, Engineering Specialist, and James Endle are also identified as recipients of the four documents authored by Chen. *See* Exhibit A.

- The other nine documents are all dated within a few days of Chen's October 15, 2015 Report. Notably, Dave Eaton and James Endle are also involved in every one of these communications and similar to the single document that Defendants acknowledge pertains to CFD testing (3MPRIV00071047-3MPRIV00071051), these documents also involve providing information to counsel regarding the "*safety of forced air warming.*" *See* Exhibit A.

For these reasons, and the additional reasons discussed herein, Plaintiffs maintain that an *in camera* review by the Court is warranted to determine whether Defendants have improperly asserted work product protection and privilege to these documents.

> **B. Documents involving Computational Fluid Dynamics ("CFD") and any other testing or analysis performed internally by 3M on Bair Hugger products at issue in this MDL are not protected from discovery as ordinary work product or as attorney-client communications.**

This Court previously addressed the same issue that is raised in this Motion - - whether documents involving 3M's internal testing on Bair Hugger products constitutes ordinary work product or are protected from disclosure as attorney-client privileged

4

communications. In an Order dated August 9, 2017, Judge Noel concluded that documents substantially similar to those at issue here were not protected from disclosure and so ordered their production. (Doc. 645, pp. 3,4,6,7). The Court stated:

> While the Court concludes that [requests for testing and testing data and materials] constitutes ordinary work product, it is not protected from discovery because Plaintiffs have a substantial need for the materials and cannot obtain the substantial equivalent of the materials by any other means. *See Baker,* 209 F.3d at 1054. The issue in this litigation is whether the use of the Bair Hugger increases the risk of surgical site infections. *See* PTO 8, ECF No. 46, Exs. A and B. Assuming without deciding that some litigation was pending at the time the challenged documents requesting testing or performing testing were created, any testing performed on the Bair Hugger is material and relevant to the issue in this case, and Plaintiffs have a substantial need for these materials. Additionally, because these materials are exclusively in the possession of Defendants, Plaintiffs have no other way of obtaining this material other than through discovery. . . . .Therefore, Defendants must product 3MPRIV00001125-28 and 3MPRIV0002632-35, as they are ordinary work product for which Plaintiffs have shown they have a substantial need, and cannot obtain the substantial equivalent by other means. *See Baker,* 209 F.3d at 1054.

(Doc. 645 at pp. 3-4).

The Court also rejected 3M's argument that the attorney-client privilege protected documents involving Bair Hugger testing from disclosure. After conducting an *in camera* review of such documents, the Court concluded that the documents did not involve communications made for the purpose of securing or rendering legal advice or services, and ordered their production. (Doc. 645, pp. 6-7).

Plaintiffs contend that all challenged documents listed on Exhibit A should be made available to the Court for *in camera* review to determine whether they fall within the scope of Judge Noel's Order governing the production of testing performed on Bair Hugger products. (Doc. 645). Documents that relate to scientific matters, including not

5

only test results and raw data, but also "*information provided to legal counsel relevant to legal advice to be rendered*" concerning *"the safety of forced air warming"* (as many of the challenged documents are described on Exhibit "A")*,* are not entitled to work product protection, nor are they privileged.  To the extent any of the challenged documents involving CFD analysis or other testing of Bair Hugger products or information related to such testing, such documents are not protected as ordinary work. Federal Rule of Civil Procedure 26(b)(3)(A)(ii) provides in pertinent part that ordinary work product is not discoverable unless:

> (ii) the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means.

Unquestionably, Plaintiffs have a substantial need for documents involving any type of testing conducted by Defendants on the Bair Hugger products at issue in this MDL. This fact is readily apparent, as Judge Noel already decided: "*any testing performed on the Bair Hugger is material and relevant to the issues in this case, and Plaintiffs have a substantial need for these materials.*" (*emphasis added*) (Doc. 645, p. 4). If this were not the case, then Defendants would otherwise have sole discretion in selecting which testing data and related information to produce to Plaintiffs. This would necessarily place Plaintiffs at a disadvantage in preparing for trial, given the possibility that Defendants could decide to disclose only testing data supportive of their claims, while omitting negative data.

Additionally, given that these documents are exclusively in Defendants' control, Plaintiffs are unable to obtain substantially equivalent information in preparing for trial.

Defendants' counsel asserted during the meet and confers that Plaintiffs can simply obtain equivalent data from CFD modeling performed by Plaintiffs' expert. However, this is absolutely incorrect. Obviously, Plaintiffs have no way to either validate or otherwise respond to information regarding undisclosed testing since Plaintiffs' counsel lacks knowledge of the nature of the testing performed, the methodology used and other information about the testing.

As previously noted, Defendants contend that the documents fall into two categories: (1) communications related to CFD analysis and (2) communications not related to CFD analysis. Regardless, Defendants assert that they are not required to produce either category of documents. While Plaintiffs do not question the veracity of Defendants' counsel, the parties have necessarily expressed differing views on the interpretation of many legal issues and documents in the past. Therefore, Plaintiffs respectfully submit that an *in camera* review of these documents is warranted for the following reasons: (1) documents involving any testing, including CFD analysis, performed by 3M of the Bair Hugger Forced Air Warming System, are highly relevant to the core issues in this MDL and Plaintiffs are unable to obtain the substantial equivalent of the materials by other means; (2) Defendants' refusal to either produce to Plaintiffs or voluntarily submit any of the documents to the Court for *in camera* review, including the single document that Defendants acknowledge relates to CFD analysis, appears to be contrary to the Court's Order (Doc. 645), suggesting that the information contained in such documents may not be supportive of Defendants' claims; (3) Plaintiffs are entitled to have full access to 3M's testing and related information (both negative and positive

information) so as to be placed on an even playing field with Defendants in preparing for trial, including the ability to effectively and fairly cross examine Defendants' witnesses about all testing involving Bair Hugger devices that is known to Defendants; and (4) considering the similarities in the challenged documents to Chen's Report, an *in camera* review is reasonable to assess whether the documents should be produced.

## CONCLUSION

For the foregoing reasons, Plaintiffs pray that this Court grant their Motion and order Defendants to produce the documents listed on Exhibit A to the Court for *in camera* review within 10 days from the date of the Court's Order.

Dated: March 2, 2018

Respectfully submitted,

| CIRESI CONLIN L.L.P. | MESHBESHER & SPENCE LTD. |
|---|---|
| /s/ Michael V. Ciresi_____ | /s/ Genevieve M. Zimmerman |
| Michael V. Ciresi (MN #0016949) | Genevieve M. Zimmerman (MN #330292) |
| Jan M. Conlin (MN #0192697) | 1616 Park Avenue South |
| Ciresi Conlin LLP | Minneapolis, MN 55404 |
| 225 S. 6th St., Suite 4600 | Phone: (612) 339-9121 |
| Minneapolis, MN 55402 | Fax: (612) 339-9188 |
| Phone: 612.361.8202 | Email: gzimmerman@meshbesher.com |
| Email: MVC@CiresiConlin.com | |
| JMC@CiresiConlin.com | |

LEVIN PAPANTONIO, P.A.

/s/ Ben W. Gordon, Jr.
Ben W. Gordon (FL # 882836) – Pro Hac Vice
J. Michael Papantonio (FL # 335924)
316 S. Baylen Street, Suite 600
Pensacola, FL 32502-5996
Phone: (850) 435-7090
Fax: (850) 436-6090
Email: bgordon@levinlaw.com

**Plaintiffs' Co-Lead Counsel**

SCHLICHTER, BOGARD & DENTON, LLP

/s/ Kristine K. Kraft
Kristine K. Kraft
100 South Fourth Street, Suite 1200
St. Louis, MO 63102
Phone: (314) 621-6115
Fax: (314) 621-1365
Email: kkraft@uselaws.com

**Plaintiffs' Steering Committee**