# EXHIBIT A

# SCHLICHTER BOGARD & DENTON, LLP

ATTORNEYS AT LAW

KRISTINE K. KRAFT
kkraft@uselaws.com

100 SOUTH FOURTH STREET, SUITE 1200
ST. LOUIS, MISSOURI 63102
(314) 621-6115
FAX (314) 621-1365
www.uselaws.com

Belleville, Illinois

October 3, 2017

Benjamin W. Hulse
Deborah Lewis
Blackwell Burke, PA
431 S. 7th Street, Ste. 2500
Minneapolis, MN 55415
bhulse@blackwellburke.com
dlewis@blackwellburke.com

Re:   Bair Hugger Forced Air Warming Devices Products Liability Litigation
      MDL No. 0:15-md-02666 JNE-FLN

Dear Counsel,

We disagree with 3M's position that the 13 documents described on Exhibit A involving Andrew Chen are protected from disclosure because they constitute privileged communications and work product. Notably, 12 of the 13 documents are dated on or near the date of Mr. Chen's October 15, 2015 Report involving an internal experimental assessment of the Model 750 Blower. This same Report was produced to Defendants' experts, Dr. Abraham and Jennifer Wagner. Dr. Abraham relied upon the document in preparing his opinions. Clearly, Mr. Chen's Report should have been produced directly by 3M and separate from the files of Dr. Abraham and Wagner, given that the Report is not work product since the testing was exclusively within 3M's control and Plaintiffs have no other available means to obtain the information. The documents described on Exhibit A appear to fall into the same category as Mr. Chen's Report and the internal CFD studies he conducted, and therefore, should be produced. The earliest dated document of September 23, 2015, is authored by Mr. Chen and described as "reflecting scientific information." There are also 10 additional documents involving Mr. Chen dated either on the date of Mr. Chen's October 15, 2015 Report or within days of the Report. It is reasonable to conclude that these documents involve the same CFD study discussed in Mr. Chen's Report or information related to other studies. Documents relating to scientific work do not involve seeking or providing legal advice and the inclusion of counsel on these communications does not shield the documents from production.

Communications that relate to CFD studies performed by Mr. Chen on products at issue, including any test results, fall squarely within the scope of Judge Noel's ruling on similar documents. In his Order entered on August 9, 2017 (Doc. 645) Judge Noel found that the internal testing and testing data are not entitled to work product protection because Plaintiffs cannot obtain substantially equivalent information from any other source. *Order at page 3.* In

1

# SCHLICHTER BOGARD & DENTON, LLP
**ATTORNEYS AT LAW**

requiring the production of these documents, Judge Noel reasoned that, "While the Court concludes that this category of documents constitutes ordinary work product, it is not protected from discovery because Plaintiffs have a substantial need for the materials and cannot obtain the substantial equivalent of the materials by any other means." *Order at page 4*. Moreover, Judge Noel was not convinced by 3M's arguments that the testing should be shielded from production since it was performed during the time period of the pending litigation. Instead, Judge Noel concluded that the timing of the testing made the results "material and relevant to the issues in this case." *Id.*

For these reasons, we request that you withdraw your claims of privilege and produce the documents. Pursuant to PTO No. 11, please respond within 14 days. Thank you.

Very truly yours,

*[signature]*

Kristine K. Kraft, Esq.

cc:  Genevieve M. Zimmerman, Esq. (*via email*)
     Mark Bankston, Esq. (*via email*)
     Behram V. Parekh, Esq. (*via email*)
     Noah Lauricella, Esq. (*via email*)
     Annesley H. DeGaris, Esq. (*via email*)
     D. Wayne Rogers, Esq. (*via email*)
     Gabriel Assaad, Esq. (*via email*)

# EXHIBIT B



**BLACKWELL BURKE** P.A.

Deborah Lewis
Direct Dial: 612-343-3228
E-Mail: dlewis@blackwellburke.com

**Via Email**
October 17, 2017

Kristine K. Kraft
Schlichter Bogard & Denton, LLP
100 South Fourth Street, Suite 1200
St. Louis, Missouri 63102

Re:   In re: Bair Hugger Forced Air Warming Devices Products Liability Litigation, MDL 2666 – Plaintiffs' October 3, 2017 Letter Challenging Defendants' Privilege Logs

Dear Ms. Kraft:

This letter responds to your October 3, 2017 letter ("Letter") in which you contend that documents listed on three of Defendants' Privilege Logs: March 2, 1017, March 07, 2017 and March 31, 2017 (Exhibit A, attached to your Letter) contain "communications that relate to CFD studies" and documents that "involve the same CFD study" you believe Andrew Chen conducted. It is clear from your Letter that documents involving CFD studies is your sole subject of inquiry.

As an initial matter, only one document listed in Exhibit A, 3MPRIV00071047–51, has anything to do with computational fluid dynamics. All other documents on Exhibit A do not involve computational fluid dynamics, and are not germane or relevant to your request to withdraw claims of privilege and to produce documents.

We stand by our attorney-client privilege and work product protection of 3MPRIV00071047-51. This email chain involves confidential communications between attorney, client, and consulting experts, and constitutes work product in that it was made in September 2015 in anticipation of pending litigation against the Bair Hugger system and made in preparation for trial. Fed. R. Civ. P. 26(b)(3). Plaintiffs have not articulated how they have a substantial need for such documents, nor have Plaintiffs explained an inability to secure the substantial equivalent of data from CFD modeling through alternate means without undue hardship. In fact, Plaintiffs not only have access to several Bair Hugger Model 750 systems 3M supplied, but Plaintiffs retained Elghobashi as an expert who, on behalf of Plaintiffs, performed and produced a CFD model using a Bair Hugger system. Plaintiffs rely on Elghobashi's CFD results in preparing their case. Thus, there is hardly a substantial need for documents you believe involve an internal CFD study when Plaintiffs have their own CFD data.

Plaintiffs misplace their reliance on Judge Noel's August 9, 2017 Order. Judge Noel's Order is not a broad sweeping, permissive edict that all testing on the Bair Hugger system is devoid of

Response to Plaintiffs' October 3, 2017 Letter Challenging Defendants' Privilege Logs
October 17, 2017
Page 2

protection and subject to production. That could not be the case since a finding of substantial need, plus a finding of undue hardship and an inability to obtain substantially equivalent information is based on specific facts. *See Baker v. General Motors Corp.*, 209 F.3d 1051, 1054-55 (8th Cir. 2000) (finding that plaintiffs did not demonstrate substantial need and undue hardship because they merely sought corroborative evidence to counter the testimony of an available witness).

Emails now requested that you believe involve a CFD study is nothing akin to the testing data Judge Noel ordered for production in his August 9 Order. The testing materials Plaintiffs requested and Judge Noel ordered for production involved testing performed on the Bair Hugger system more than a decade ago. Those are dissimilar facts to your current request.

As an additional matter, your Letter is untimely. Pursuant to PTO 17, fact discovery on general causation ended on March 20, 2017, nearly seven months ago. Furthermore, Plaintiffs filed a motion to compel the production of certain privileged documents on June 12, 2017, four months ago. You have not explained why the privileged documents you now challenge for production, which are listed on March 2017 privilege logs, could not have been challenged in June 2017. *See Portz v. St. Cloud State Univ.*, No. CV 16-1115 (JRT/LIB), 2017 WL 3332220, at *3 (D. Minn. Aug. 4, 2017) (citing *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 759 (8th Cir. 2006)) ("[W]hile diligence is the primary factor for assessing good cause, nothing limits the Court's 'broad discretion in establishing and enforcing the deadlines' in the scheduling order.")

For the above reasons, we do not agree that 3MPRIV00071047–51 should be produced.

Respectfully,

Deborah E. Lewis
Counsel for 3M Company

cc:  Genevieve Zimmerman
     Mark Bankston
     Behram V Parekh
     Noah Lauricella
     Annesley H. DeGaris
     D. Wayne Rogers
     Gabriel Assaad


BLACKWELL BURKE p.a.

# EXHIBIT C

## Hillary Grupe

| | |
|---|---|
| **From:** | Kristine Kraft |
| **Sent:** | Monday, February 19, 2018 1:27 PM |
| **To:** | Ben Hulse; Deborah E. Lewis |
| **Cc:** | Jerry Blackwell; Mary Young; wendy@pritzkerlaw.com; david@pritzkerlaw.com; bgordon@levinlaw.com; Genevieve Zimmerman (gzimmerman@meshbesher.com); Gabriel Assaad; Behram Parekh; Hillary Grupe; bgordon@levinlaw.com |
| **Subject:** | RE: Biar Hugger Litigation - - Challenge to 3M's Privilege Claims |

Dear Deborah and Ben:

This letter concerns the challenges we raised in October 2017 to 3M's claims that 13 documents involving Andrew Chen which were prepared near the time of his Report dated October 14, 2015 are protected from disclosure on grounds of attorney client privilege and/or work product privileges. We have not reached a resolution concerning these documents, which are identified on 3M's privilege logs dated March 2, 2017, March 7, 2017 and March 31, 2017. FN 1

Our challenges to these documents are substantially based on the anticipation that these documents relate directly or indirectly to CFD testing, studies, or communications involving these subjects and to the extent that these documents were provided to 3M's experts to review and/or rely upon in forming their opinions. While we appreciate your response acknowledging that of these 13 documents, there is a single document, 3MPRIV00071047-51, relating to CHD testing, we believe that given the few documents at issue, the most efficient way to be resolve this matter is for the parties to agree to a process involving the production of these documents to us for a "quick peek." The "quick peek" process would not result in 3M waiving their right to assert the document is privileged. If after reviewing the documents, we still believe there is a valid basis to challenge 3M's privilege designation, we can jointly submit the documents to Judge Noel for his review and determination.

We disagree with your position that we have untimely raised these issues. The Court did not impose a deadline for challenging 3M's privileged designations. Additionally, the basis of our objections to these 13 documents arises from information that we discovered after the close of discovery and during the deposition of Defendants' expert witness, Dr. Abraham. We have no concern that Judge Noel would find our challenges to be untimely and given the small number of documents at issue, we fully anticipate that Judge Noel would address this matter.

Finally, with respect to the 13 documents we have challenged that have been identified as "redacted", please produce the redacted versions of these documents to us by next Monday.

I look forward to hearing from you.

Please let us know whether you will agree to the "quick peek" process no later than Monday, February 26th. Otherwise, we will proceed with filing a motion with the Court, requesting Judge Noel to address the basis for our challenges.

**FN 1: The 13 documents at issue are described in my letter dated October 3, 2017, including Exhibit A thereto. Your response is dated October 17, 2017.

Kristine K. Kraft, Partner
**Schlichter, Bogard & Denton, LLP**

1

100 South Fourth Street, Suite 1200
St. Louis, MO 63102
314-621-6115     314-621-1365 (fax)
kkraft@uselaws.com
http://www.uselaws.com

Visit our Website

*This e-mail message is confidential, intended only for the named recipient(s) above and may contain information that is privileged, attorney work product or exempt from disclosure under applicable law. If you have received this message in error, or are not the named recipient(s), please immediately notify the sender at #314-621-6115 and delete this e-mail message from your computer. Thank you.*

---

**From:** Kristine Kraft
**Sent:** Tuesday, October 3, 2017 2:37 PM
**To:** 'Ben Hulse'; 'Deborah E. Lewis'
**Cc:** Jerry Blackwell; Mary Young; Kristine Kraft; wendy@pritzkerlaw.com; david@pritzkerlaw.com; bgordon@levinlaw.com; Genevieve Zimmerman (gzimmerman@meshbesher.com); 'Gabriel Assaad'; Behram Parekh
**Subject:** Biar Hugger Litigation - - Challenge to 3M's Privilege Claims


Dear Ben and Debra:

Please see the attached correspondence regarding documents involving Andrew Chen.

Kris

Kristine K. Kraft, Partner
**Schlichter, Bogard & Denton, LLP**
100 South Fourth Street, Suite 1200
St. Louis, MO 63102
314-621-6115     314-621-1365 (fax)
kkraft@uselaws.com
http://www.uselaws.com

Visit our Website

*This e-mail message is confidential, intended only for the named recipient(s) above and may contain information that is privileged, attorney work product or exempt from disclosure under applicable law. If you have received this message in error, or are not the named recipient(s), please immediately notify the sender at #314-621-6115 and delete this e-mail message from your computer. Thank you.*

2

# EXHIBIT D



**BLACKWELL BURKE** P.A.

Deborah Lewis
Direct Dial: 612-343-3228
E-Mail: dlewis@blackwellburke.com

**Via Email**
February 26, 2018

Kristine K. Kraft
Schlichter Bogard & Denton, LLP
100 South Fourth Street, Suite 1200
St. Louis, Missouri 63102

Re:   In re: Bair Hugger Forced Air Warming Devices Products Liability Litigation, MDL 2666 – Plaintiffs' February 19, 2018 Email Challenging 3M's Privilege Claims

Dear Ms. Kraft:

This letter responds to your February 19, 2018 email addressing Plaintiffs' prior October 3, 2017 letter challenging documents listed on three of Defendants' Privilege Logs: March 2, 1017, March 07, 2017 and March 31, 2017 concerning "communications that relate to CFD studies" and documents that "involve the same CFD study." As noted in our October 17, 2017 response letter, it was clear that documents involving CFD studies were your sole subject of inquiry. Your February 19 email, as well as Mr. Assaad's statement on February 22, 2017 during our meet and confer that "this is all about CFD," focus on the same subject of inquiry: a CFD study.

Your email further makes clear that your current challenge is "substantially based" on Plaintiffs' anticipated belief that the documents on your Exhibit A (attached to your October 3rd letter) may have been provided to 3M's experts for review and on which 3M's experts may have relied in forming opinions. Plaintiffs' belief in this regard is unfounded. No 3M expert has reviewed, and thus has not relied on, any documents contained on Exhibit A. That being the substantial basis of your current challenge, Defendants' response to Plaintiffs' unfounded belief should end your current inquiry.

As previously pointed out, only one document listed in Exhibit A, 3MPRIV00071047–51, has anything to do with computational fluid dynamics. Thus, all other documents on Exhibit A, including the documents with a "redacted" notation, are not germane or relevant to your current, revitalized request to produce documents concerning a CFD study.

We continue to stand by our attorney-client privilege and work product protection of 3MPRIV00071047-51. This email chain involves confidential communications between attorney, client, and consulting experts, and constitutes work product in that it was prepared at counsel's request in connection with pending litigation against 3M and made in anticipation of and in preparation for trial. Fed. R. Civ. P. 26(b)(3).

Response to Plaintiffs' February 19, 2018 Email Challenging 3M's Privilege Claims
February 26, 2018
Page 2

As noted before in our October 17 letter response, and re-asserted now, Plaintiffs have not explained how they have a substantial need for such documents. No defense expert has reviewed or relied on any documents listed on Exhibit A. Likewise, Plaintiffs have not explained an inability to secure the substantial equivalent of data from CFD modeling through alternate means without undue hardship. Not only has Plaintiffs' retained expert, S. Elghobashi, procured and produced two CFD models using a Bair Hugger system, Plaintiffs rely on Elghobashi's CFD results in preparing their case and on which they will undoubtedly rely at trial. Thus, there is hardly a substantial need for documents you believe involve an internal CFD study when Plaintiffs have their own data from two separate CFD tests from their expert witness. Moreover, Plaintiffs have already thoroughly discovered all of the elements contained in Dr. Abraham's CFDs for both the Model 750 and Model 505.

A finding of substantial need is not only based on specific facts but includes a finding of undue hardship and an inability to obtain substantially equivalent information. *See Baker v. General Motors Corp.*, 209 F.3d 1051, 1054-55 (8th Cir. 2000) (finding that plaintiffs did not demonstrate substantial need and undue hardship because they merely sought corroborative evidence to counter the testimony of an available witness). Plaintiffs counsel's explanation during the meet and confer – that 3M has an internal CFD study to which Plaintiffs do not have access – does not constitute substantial need and undue hardship.

Pursuant to PTO 17, fact discovery on general causation ended on March 20, 2017, eleven months ago. Plaintiffs chose not to raise these issues eight months ago, on June 12, 2017, in their motion to compel the production of certain privileged documents. You have not explained why the privileged documents you now challenge for production, which are listed on March 2017 privilege logs, could not have been challenged in June 2017. *See Portz v. St. Cloud State Univ.*, No. CV 16-1115 (JRT/LIB), 2017 WL 3332220, at *3 (D. Minn. Aug. 4, 2017) (citing *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 759 (8th Cir. 2006)) ("[W]hile diligence is the primary factor for assessing good cause, nothing limits the Court's 'broad discretion in establishing and enforcing the deadlines' in the scheduling order.")

For the above reasons, we do not agree that 3MPRIV00071047–51 should be produced.

Respectfully,

/s Deborah Lewis
Counsel for 3M Company

cc:   Genevieve Zimmerman
      Mark Bankston
      Behram V Parekh
      Noah Lauricella
      Annesley H. DeGaris
      D. Wayne Rogers
      Gabriel Assaad


BLACKWELL BURKE