UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: BAIR HUGGER FORCED AIR WARMING PRODUCTS LIABILITY LITIGATION | MDL No. 15-2666 (JNE/FLN) |
| This Document Relates To:<br>**All Actions** | **PLAINTIFFS' RESPONSE OBJECTING TO DEFENDANTS' MOTION TO FOR PROTECTIVE ORDER CONCERNING PLAINTIFFS' SUBPOENA TO W.J. MINKOWYCZ, PH.D.** |

## INTRODUCTION

Defendants' Motion for a Protective Order preventing Plaintiffs' from discovering information regarding the article both Defendants and their proffered expert, Dr. John Abraham, claim as peer-reviewed support of the safety of the Bair Hugger Forced-Air Warming system should be denied. Both Defendants claim in various marketing materials and online publications that Dr. Abraham's work supports the safety of the Bair Hugger product. Dr. Abraham claims, under oath, that his article is peer reviewed.[1] The known facts suggest otherwise. Defendants should be prevented from attempting to deny Plaintiffs' efforts to discover the true facts through subpoena issued to Dr. Minkowycz, the Editor in Chief of the JOURNAL and a colleague of Dr. Abraham.

---

[1] See Ex. 1 to Declaration of Genevieve M. Zimmerman (Abraham *Gareis* Depo., 98:22-23)

1

## FACTUAL BACKGROUND

Plaintiffs served two subpoenas on Dr. Abraham concerning documents related to his work on Bair Hugger issues, including but not limited to the work done as part of the litigation in this MDL. The first subpoena was served on June 7, 2017, in connection with the "general causation" phase of this case.[2] Select responsive documents were produced by Counsel for Defendants on June 21, 2017. Dr. Abraham testified at his deposition on July 17, 2017 that an article based on his general causation report was accepted for publication.[3] Documents related to his submission to the Journal were not produced in connection with the June 2017 subpoena.

Dr. Abraham's article was published in the JOURNAL OF NUMERICAL HEAT TRANSFER in August 2017.[4] The JOURNAL outlines that the Editor-in-Chief is to review submissions for potential suitability for publication in the journal.[5] Following that determination, the JOURNAL notes the peer review process includes a "'double-blind'" peer review by expert referees."[6]

In preparation for case specific expert discovery on the *Gareis* matter, Plaintiffs again served a subpoena on Dr. Abraham concerning documents related to his work on Bair Hugger issues, including but not limited to the work he's done

---

[2] See Ex. 2 ("General Cause Subpoena").
[3] See Ex. 1 (Abraham General Cause Depo. 35:24-36:18).
[4] Ex. 3 (Abraham article, JOURNAL OF NUMERICAL HEAT TRANSFER, AUG. 8, 2017).
[5] Ex. 4 (JOURNAL OF NUMERICAL HEAT TRANSFER, Instructions for Authors).
[6] *Id.*

as part of this MDL and on studies regarding forced air warming. Documents were due to be produced pursuant to the subpoena on January 22, 2018. Select responsive documents were produced by Counsel for Defendants on February 9, 2018. Included in this production were email and letter correspondence with the JOURNAL OF NUMERICAL HEAT TRANSFER regarding the publication of his article.

The acceptance letter from Dr. Minkowyz indicates that Dr. Abraham submitted his manuscript on May 4, 2017, and that Dr. Minkowyz accepted the manuscript for publication without review on May 31.[7] It is clear from the acceptance letter produced on February 9, 2018 that Dr. Abraham's article was not reviewed by any expert referees,[8] as required by the Journal.[9] Upon review of the documents produced pursuant to Plaintiffs subpoena, we became concerned despite representations in both the JOURNAL itself and on Defendants' marketing websites, that Dr. Abraham's article was never peer-reviewed.

Plaintiffs brought these concerns to Dr. Abraham's case-specific deposition on the *Gareis* matter on February 15, 2018.  Dr. Abraham testified that his article was peer-reviewed,[10] but also that he received no comments or edits by any expert referees prior to the publication of his article.[11] Plaintiffs' concerns that Dr.

---

[7] Ex. 5 (Letter from JOURNAL OF NUMERICAL HEAT TRANSFER re acceptance).
[8] Id.
[9] Ex. 4.
[10] Ex. 1 (Abraham *Gareis* Depo., 98:22-23)
[11] Ex. 1 (Abraham *Gareis* Depo., 287:7-15). Furthermore, the JOURNAL OF NUMERICAL HEAT TRANSFER notes a conflict of interest is presumed if the reviewer and the author have collaborated in the preceding three years. Ex. 7, p.1 (JOURNAL OF NUMERICAL HEAT TRANSFER publication rules). Dr. Minkowycz and

3

Abraham was misrepresenting the true nature of the peer-reviewed status of his article were not confirmed until during the deposition that day. Upon hearing Dr. Abraham's testimony, Plaintiffs' promptly issued a subpoena to Dr. Minkowycz, provided a copy of the third party subpoena to Defendants' counsel as required by the rules, and served the same upon Dr. Minkowycz at his office in Chicago later that day. To the extent the Court requires a demonstration of "extraordinary circumstances" justifying a third-party subpoena served after the close of general causation discovery, Plaintiffs respectfully submit the concerning testimony, under oath, from Dr. Abraham certainly rises to the level of extraordinary circumstances.

"Peer-review" is sacrosanct, and as the parties have each argued to the Court, the peer-review process goes to the heart of reliability considerations under the *Daubert* standard. Peer-review publications have been at the very center of this MDL from the beginning. The parties have deposed study authors in Minneapolis and across the country, and as the Court is aware, embarked upon three separate trips overseas requested by Defendants as well. Plaintiffs require documents and testimony from Dr. Minkowycz regarding the nature of the publication and the review involved. Absent testimony and evidence from Dr. Minkowycz, many of the facts Plaintiffs believe to be true are at risk of being excluded from trial as inadmissible hearsay.[12]

---

Dr. Abraham have collaborated on seven publications and three book chapters in the three years prior to the publication of the article at issue. (Ex. 6, Abraham CV, and Ex. 1, Abraham, *Gareis* Depo., (138:19-139:10; 123:25-124:4)).

[12] Dr. Minkowycz resides in Chicago, Illinois, outside this Court's jurisdiction.

Defendants' Motion for a Protective Order is an attempt to shield Dr. Abraham from impeachment or other negative repercussions associated with misrepresenting the nature of his article.[13]

## CONCLUSION

Plaintiffs respectfully submit their subpoena was both proper and timely, and pray this Court deny Defendants' motion to preclude discovery into the potential misrepresentation made by one of Defendants' expert witnesses, resulting in significant prejudice to Plaintiffs. Alternatively, as the Court is aware, there is ongoing discovery yet to be completed, and Plaintiffs hereby request leave of the Court to conduct this limited discovery on an issue critical to the expert testimony sought to be offered at trial in this MDL, including in the *Gareis* case commencing on May 14th.

Respectfully submitted,

Dated: March 5, 2018

---

[13] Simultaneously, Defendants attempt to malign Dr. Elghobashi's CFD and his publication in the internationally renowned, peer-reviewed Journal for Computational Methods in Biomedical Engineering. Plaintiffs will ignore for purposes of responding to this Motion for a Protective Order the baseless and defamatory accusations Defendants' raise suggesting Dr. Elghobashi and his co-authors' publication was lacking.

5

| CIRESI CONLIN L.L.P. | MESHBESHER & SPENCE LTD. |
|---|---|
| /s/Michael V. Ciresi<br>Michael V. Ciresi (MN #0016949)<br>Jan M. Conlin (MN #0192697)<br>Michael Sacchet (MN # 395817)<br>Ciresi Conlin LLP<br>225 S. 6th St., Suite 4600<br>Minneapolis, MN 55402<br>Phone: 612.361.8202<br>Email: MVC@CiresiConlin.com<br>          JMC@CiresiConlin.com<br>          MAS@ciresiconlin.com | /s/ Genevieve M. Zimmerman<br>Genevieve M. Zimmerman (MN #330292)<br>1616 Park Avenue South<br>Minneapolis, MN 55404<br>Phone: (612) 339-9121<br>Fax: (612) 339-9188<br>Email: gzimmerman@meshbesher.com |
| LEVIN PAPANTONIO, P.A. | KENNEDY HODGES, LLP |
| /s/ Ben W. Gordon, Jr.<br>Ben W. Gordon (FL # 882836) – *Pro Hac Vice*<br>J. Michael Papantonio (FL # 335924)<br>316 S. Baylen Street, Suite 600<br>Pensacola, FL 32502-5996<br>Phone: (850) 435-7090<br>Fax: (850) 436-6090<br>Email: bgordon@levinlaw.com | Gabriel Assaad – *Pro Hac Vice*<br>David W. Hodges – *Pro Hac Vice*<br>711 W. Alabama Street<br>Houston, TX 77006<br>Phone: (713) 523-0001<br>Email: gassaad@kennedyhodges.com |
| *Plaintiffs' Co-Lead Counsel* | *Plaintiffs' Executive Committee* |