IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

IN RE: BAIR HUGGER FORCED AIR      MDL No.: 15-md-02666 (JNE/FLN)
WARMING PRODUCT LIABILITY
LITIGATION

This Document Relates To:

STEVEN GALLO, Individually and as
Administrator of the Estate of PAUL
GALLO, Deceased

                                            Civil Action No.: 17-CV-03666-JNE-FLN

    Plaintiff,
_____

## DECLARATION OF DONALD C. GREEN II IN SUPPORT OF PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS

I, Donald C. Green II, declare as follows:

1. I am an attorney at Kennedy Hodges, LLP and Counsel for Plaintiff in the above-captioned matter.

2. I submit this affidavit in opposition to Defendants' Motion to Dismiss for Failure to Comply with Pretrial Order No. 14 [Dkt. 1124] filed on March 1, 2018.

3. Mr. Paul Gallo contacted Kennedy Hodges, LLP in August of 2015 regarding injuries that were allegedly caused by the Bair Hugger patient warming device.

4. Medical records and billing records pertaining to Mr. Gallo's treatment were obtained by Kennedy Hodges through its third party medical records retrieval company. Those records indicated that a Bair Hugger device was used during his initial orthopedic surgery.

5. During the course of obtaining records and investigating the case, we learned that Mr. Paul Gallo had passed away on February 22, 2016.

6. This case was filed on August 10, 2017 to comply with the statute of limitations deadline. Mr. Steven Gallo, the son of Mr. Gallo, was identified as executor.

7. After the case was filed, phone calls were placed and letters were sent to Mr. Steven Gallo by staff at Kennedy Hodges in an attempt to reach him and obtain information to complete the Plaintiff Fact Sheet. These communication attempts were made between August 2017 and March 2018, prior to and continuing after the original deadline for submission of the Plaintiff Fact Sheet.

8. To date, Kennedy Hodges has not received a response to these phone calls and letters in order to provide the information necessary to complete the Plaintiff Fact Sheet.

9. As we have been unable to obtain the additional information necessary to complete the Plaintiff Fact Sheet for this claim, we have not been able to cure the alleged deficiencies pertaining to the Plaintiff Fact Sheet that has been submitted for this case.

Pursuant to 28 U.S.C. § 1746(2), I declare under penalty of perjury that the foregoing is true and correct.

March 8, 2018        /s/ Donald C. Green II
                     Donald C. Green II