IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

IN RE: BAIR HUGGER FORCED AIR          MDL No.: 15-md-02666 (JNE/FLN)
WARMING PRODUCT LIABILITY
LITIGATION

This Document Relates To:

MARY MILLER,

                                         Civil Action No.:  17-CV-03809-JNE-FLN

         Plaintiff,

_____

## PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS

NOW COMES Plaintiff, Mary Miller, identified in Defendants' Motion to Dismiss for Failure to Comply with Pretrial Order No. 14 [Dkt. 1124], and by and through undersigned counsel submits this, her Response to Defendants' Motion to Dismiss, and would respectfully show the Court the following:

1. In August of 2015, Ms. Mary Miller contacted undersigned counsel regarding an infection and subsequent treatment that she experienced due to the use of a Bair Hugger patient warming device during an orthopedic surgery.

2. Counsel worked to obtain medical records and billing records to move forward with the case. Those records indicated that a Bair Hugger device was used during the original surgery.

3. On August 17, 2017, counsel filed the current action to comply with what was identified as the applicable statute of limitations deadline for the relevant claim.

4. Initial efforts to have Ms. Miller complete the Plaintiff Fact Sheet were complicated by the inability to contact the client.

5. On September 6, 2017, counsel learned from Mr. Joseph Miller, Jr., Ms. Miller's son, that Ms. Miller had passed away in 2016.

6. A Suggestion of Death regarding the passing of Ms. Miller has recently been filed with the Court in compliance with PTO 23. [17-cv-03809, Dkt. 6].

7. Mr. Miller spoke with counsel on November 14, 2017 regarding the Plaintiff Fact Sheet. Mr. Miller was unable to provide all information necessary to complete the Plaintiff Fact Sheet at that time.

8. Further efforts to contact Mr. Miller to complete the Plaintiff Fact Sheet after that conversation have been complicated by the inability to contact Mr. Miller. Counsel for Plaintiff believe that additional time could allow them to contact Mr. Miller and complete the Plaintiff Fact Sheet.

9. While counsel has diligently continued their attempts to contact Mr. Miller for several months, those efforts have not been successful to date.

10. As a result, counsel has not been able to obtain the necessary information to complete the Plaintiff Fact Sheet for this claim.

Accordingly, undersigned counsel request that the current action not be dismissed with prejudice and that Mr. Miller be given an additional sixty (60) days to contact counsel in order to provide the necessary information to cure any alleged deficiencies with the Plaintiff Fact Sheet and to continue the case on behalf of his mother.

Dated: March 8, 2018      KENNEDY HODGES, LLP

By: /s/ David W. Hodges
David W. Hodges
dhodges@kennedyhodges.com
Gabriel A. Assaad
gassaad@kennedyhodges.com
4409 Montrose Blvd. Ste 200
Houston, TX 77006
Telephone: (713) 523-0001
Facsimile: (713) 523-1116

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

This is to certify that on March 8, 2018 a copy of the forgoing instrument was served on all parties via the Court's electronic filing system.

By: /s/ David W. Hodges
David W. Hodges