UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: BAIR HUGGER FORCED AIR WARMING DEVICES PRODUCTS LIABILITY LITIGATION | MDL No. 15-2666 (JNE/FLN) |
| | ORDER |

This Document Relates To:
Case Nos.: 17-cv-1978 (*Strain v. 3M Co.*)
          17-cv-2372 (*Hufford v. 3M Co.*)
          17-cv-2581 (*Key v. 3M Co.*)
          17-cv-2919 (*Campbell v. 3M Co.*)
          17-cv-3445 (*Quinan v. 3M Co.*)
          17-cv-3666 (*Gallo v. 3M Co.*)
          17-cv-3721 (*Ramirez v. 3M Co.*)
          17-cv-3834 (*Thornton v. 3M Co.*)
          17-cv-4431 (*Slaughter v. 3M Co.*)
          17-cv-4500 (*Hammel-Fogleboch v. 3M Co.*)
          17-cv-4515 (*Horn v. 3M Co.*)
          17-cv-4519 (*Williams v. 3M Co.*)

Defendants 3M Company and Arizant Healthcare, Inc., moved to dismiss seventeen member cases in the *Bair Hugger* MDL, including the above-captioned, for Plaintiffs' failure to comply with Pretrial Order No. 14 ("PTO 14," Dkt. No. 117). Mot., 15-md-2666 Dkt. No. 1124. Defendants withdrew their Motion as to Venice Jelks (17-cv-2949). 15-md-2666 Dkt. No. 1165. Plaintiffs Kenneth Mason (17-cv-4293), Michael McDaniel (17-cv-3311), Mary Miller (17-cv-3809) and Leroy Sundquist (17-cv-3547) stipulated, jointly with Defendants, to dismiss their cases without prejudice.

The Court now decides the Motion as to the twelve above-captioned Plaintiffs. Plaintiffs must complete and serve Plaintiff Fact Sheets in lieu of interrogatories. *See* Dismissal Order 1-2 (July 24, 2017), 15-md-2666 Dkt. No. 622. Because PTO 14 causes express warnings of dismissal and gives plaintiffs opportunities to cure noncompliance,

the Court may dismiss a case with prejudice if plaintiff has failed to comply with that Order despite those warnings and opportunities. Dismissal Order 1-3 (Dec. 21, 2017), 15-md-2666 Dkt. No. 1028; *see* Fed. R. Civ. P. 41(b) (allowing dismissal for failure to comply with court orders). The Court may also dismiss a case for plaintiff's failure to prosecute. Fed. R. Civ. P. 41(b). Defendants here have made an initial showing that the above-captioned Plaintiffs should be dismissed for failing to comply with PTO 14. 15-md-2666 Dkt. Nos. 1126-27. So, to resist dismissal, these Plaintiffs must oppose the Motion. *See* PTO 14 ¶ 8.

## I. The Motion is granted as to Plaintiff Gerald Campbell.

Plaintiff Gerald Campbell (17-cv-2919) does not respond to and so does not oppose the Motion. The Court thus **GRANTS** the Motion as to him and **DISMISSES** his case with prejudice for failing to comply with PTO 14 and failing to prosecute.

## II. The Motion is granted as to the seven Plaintiffs who have stopped communicating with counsel and have not disputed the Motion's merits.

For Plaintiffs Steven Gallo (17-cv-3666), Christine Hammel-Fogleboch (17-cv-4500), Warren Horn (17-cv-4515), William Quinan (17-cv-3445), Eva Ramirez (17-cv-3721), Michael Strain (17-cv-1978) and Janice Williams (17-cv-4519), counsel responds to the Motion but does not dispute that these seven Plaintiffs have failed to comply with PTO 14. To oppose the Motion, Plaintiffs must dispute its merits. *See* Dismissal Order 2 (July 24, 2017) (deeming counsel's log of "unsuccessful attempts to enlist [plaintiff's] cooperation" non-opposition), 15-md-2666 Dkt. No. 622. Plaintiffs' counsel instead explains that these seven Plaintiffs have stopped communicating with counsel:

| **Plaintiff** | **Case No.** | **Last Contact** | **15-md-2666 Dkt. No.** |
|---|---|---|---|
| Gallo | 17-cv-3666 | "several months" ago | 1146 ¶ 6 |

2

| | | | |
|---|---|---|---|
| Hammel-Fogleboch | 17-cv-4500 | "several months" ago | 1144 ¶ 6 |
| Horn | 17-cv-4515 | before Oct. 2017 | 1138, at 2 |
| Quinan | 17-cv-3445 | "several months" ago | 1149 ¶ 5 |
| Ramirez | 17-cv-3721 | "several months" ago | 1151 ¶ 5 |
| Strain | 17-cv-1978 | "several months" ago | 1153 ¶ 5 |
| Williams | 17-cv-4519 | before Oct. 2017 | 1138, at 2-3 |

This explanation does not go to the Motion's merits. So, these seven Plaintiffs have not opposed the Motion, as they had to. The Court thus **GRANTS** the Motion as to these seven Plaintiffs and **DISMISSES** their cases <u>with prejudice</u> for failing to comply with PTO 14 and failing to prosecute.

### III.  The Motion is granted as Plaintiff William K. Key.

Plaintiff William K. Key (17-cv-2581) does not dispute that he has failed to comply with PTO 14. Key Opp'n ¶¶ 9-10, 15-md-2666 Dkt. No. 1161. Instead, he asks for a sixty-day extension. *Id.* at 3. He asserts hardships that are supported, in the record, only by his counsel's declaration. *See* 15-md-2666 Dkt. No. 1162.

Key's request is denied. The Court does not extend deadlines for asserted hardship when that assertion is supported, in the record, only by counsel's declaration—as it is here. *See* Dismissal Order 3 (Feb. 15, 2018) (dismissing then-plaintiff McLaughlin despite asserted hardship), 15-md-2666 Dkt. No. 1100. *Compare* Green Decl. for McLaughlin ¶ 8 (Feb. 8, 2018) (declaring that plaintiff stated hardship), 15-md-2666 Dkt. No. 1089, *with Obit: Walter King*, Times Free Press (Aug. 6, 2017), http://www.timesfreepress.com/obits/2017/aug/06/walter-king/90310, 15-md-2666 Dkt. No. 839-1. Because Key has not otherwise resisted the Motion, the Court **GRANTS** the Motion as to him and **DISMISSES** his case <u>with prejudice</u> for failing to comply with PTO 14.

3

**IV. The Motion is denied without prejudice to renew as to Plaintiff Shirley Slaughter.**

Counsel for Plaintiff Shirley Slaughter suggested her death.  17-cv-4431 Dkt. No. 6.  To allow substitution under Pretrial Order No. 23, 15-md-2666 Dkt. No. 1039, the Motion as to Slaughter is **DENIED** without prejudice to renew.

**V. The Motion is denied without prejudice to renew as to the two Plaintiffs who have challenged its merits.**

Plaintiffs Shannon Hufford (17-cv-2372) and Ila Thornton (17-cv-3834) challenge the Motion's merits.  Defendants may reply to these challenges, described below, on a later motion to dismiss member cases in this MDL.  So, the Motion is **DENIED** without prejudice to renew as to these two Plaintiffs.

Hufford argues that his Plaintiff Fact Sheet only lacks information "ancillary to the primary claims."  Hufford Opp'n 1, 15-md-2666 Dkt. No. 1148.  Hufford's Plaintiff Fact Sheet must be complete as to "core" information.  PTO 14 ¶ 4 (defining "core" information).  Understanding that Hufford argues that the definition of "core" information is wrong or that his Plaintiff Fact Sheet omissions fall outside that definition, the Court allows Defendants a reply.

Thornton argues that she has served a compliant Plaintiff Fact Sheet.  *See* Thornton Opp'n ¶ 6, 15-md-2666 Dkt. No. 1163.  The Court allows Defendants a reply to contest her position.

4

Based on the files, records, and proceedings herein, IT IS SO ORDERED THAT:

1. Defendants 3M Company and Arizant Healthcare Inc.'s Motion to Dismiss for Failure to Comply with Pretrial Order No. 14 ("Motion") [Dkt. No. 1124] is GRANTED IN PART and DENIED IN PART as below.

2. The following nine cases are DISMISSED WITH PREJUDICE because the Motion is GRANTED as to them: 17-cv-1978 (*Strain v. 3M Co.*), 17-cv-2581 (*Key v. 3M Co.*), 17-cv-2919 (*Campbell v. 3M Co.*), 17-cv-3445 (*Quinan v. 3M Co.*), 17-cv-3666 (*Gallo v. 3M Co.*), 17-cv-3721 (*Ramirez v. 3M Co.*), 17-cv-4500 (*Hammel-Fogleboch v. 3M Co.*), 17-cv-4515 (*Horn v. 3M Co.*) and 17-cv-4519 (*Williams v. 3M Co.*).

3. The Motion is DENIED without prejudice to renew as to 17-cv-2372 (*Hufford v. 3M Co.*), 17-cv-3834 (*Thornton v. 3M Co.*) and 17-cv-4431 (*Slaughter v. 3M Co.*).

Dated: March 12, 2018        s/ Joan N. Ericksen
    JOAN N. ERICKSEN
    United States District Judge