UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

------------------------------------------------------------
                              )
                              )
  In Re: Bair Hugger Forced Air   )   File No. 15-MD-2666
  Warming Devices Products        )   (JNE/FLN)
  Liability Litigation            )
                              )
                              )   Wed., March 15, 2018
                              )   Minneapolis, Minnesota
                              )   Courtroom 12 West
                              )   9:40 A.M.
                              )
------------------------------------------------------------


**( STATUS CONFERENCE )**


BEFORE THE HONORABLE FRANKLIN L. NOEL
UNITED STATES MAGISTRATE JUDGE


**TIMOTHY J. WILLETTE, RDR, CRR, CRC**
Official Court Reporter - United States District Court
1005 U.S. Courthouse - 300 South Fourth Street
Minneapolis, Minnesota  55415
612.664.5108

**A P P E A R A N C E S:**

**For the Plaintiffs:**        **MESHBESHER & SPENCE, LTD.**
                              By:  GENEVIEVE M. ZIMMERMAN, ESQUIRE
                              1616 Park Avenue South
                              Minneapolis, Minnesota  55404

                              **CIRESI CONLIN, LLP**
                              By:  JAN M. CONLIN, ESQUIRE
                              225 South Sixth Street - Suite 4600
                              Minneapolis, Minnesota  55402

                              **KENNEDY HODGES, LLP**
                              By:  DAVID W. HODGES, ESQUIRE
                              711 West Alabama Street
                              Houston, Texas  77006

                              **LEVIN PAPANTONIO THOMAS MITCHELL**
                                  **RAFFERTY & PROCTOR, P.A.**
                              By:  BEN W. GORDON, JR., ESQUIRE
                              316 South Baylen Street
                              Pensacola, Florida  32502

                              **GoldenbergLaw, PLLC**
                              By:  NOAH C. LAURICELLA, ESQUIRE
                              800 Lasalle Avenue - Suite 2150
                              Minneapolis, Minnesota  55402


**For the Plaintiffs via telephone:**

                              **ANDREWS THORNTON HIGGINS RAZMARA, LLP**
                              By:  ANNE ANDREWS, ESQUIRE
                                   JOHN C. THORNTON, ESQUIRE
                                   LAUREN DAVIS, ESQUIRE
                                   LILA RAZMARA, ESQUIRE
                                   MARCO GALINDEZ
                                   TODD RUDOMETKIN
                              2 Corporate Park - Suite 110
                              Irvine, California  92606

                              **BAILEY PEAVY BAILEY COWAN**
                                  **HECKAMAN, PLLC**
                              By:  JUSTIN JENSON, ESQUIRE
                              The Lyric Centre
                              440 Louisiana Street - Suite 2100
                              Houston, Texas  77002

**For the Plaintiffs via telephone:**

```
                         BEASLEY ALLEN CROW METHVIN PORTIS
                            & MILES, P.C.
                         By:  MEGAN ROBINSON, ESQUIRE
                              MATTHEW W. MUNSON, ESQUIRE
                              RENEE LINDSEY
                         218 Commerce Street
                         Montgomery, Alabama  36104


                         BERNSTEIN LIEBHARD, LLP
                         By:  DAE Y. LEE, ESQUIRE
                         10 East 40th Street
                         New York, New York  10016


                         BROWN & CROUPPEN, P.C.
                         By:  ABBY CORDRAY
                         211 North Broadway - Suite 1600
                         St. Louis, Missouri  63102


                         CAPRETZ & ASSOCIATES
                         By:  DON K. LEDGARD, ESQUIRE
                         5000 Birch Street - Suite 4600
                         Newport Beach, California  92660


                         DAVIS & CRUMP, P.C.
                         By:  MARTIN D. CRUMP, ESQUIRE
                              ROBERT D. CAIN, JR., ESQUIRE
                         2601 - 14th Street
                         Gulfport, Mississippi  39507


                         FITZGERALD LAW GROUP, LLC
                         By:  KEVIN M. FITZGERALD, ESQUIRE
                         120 Exchange Street- Suite 200
                         Portland, Maine 04101


                         GERTLER LAW FIRM
                         By:  MEYER H. "MIKE" GERTLER, ESQUIRE
                              EVA NASTASI
                         935 Gravier Street - Suite 1900
                         New Orleans, Louisiana  70112
```

**For the Plaintiffs via telephone:**

**GOZA & HONNOLD, LLC**
By:  KIRK J. GOZA, ESQUIRE
     BRADLEY D. HONNOLD, ESQUIRE
     LISA R. JOYCE, ESQUIRE
     KAITLYN SYRING NEUFELD, ESQUIRE
     MATT LOWREY
11181 Overbrook Road - Suite 200
Leawood, Kansas  66211

**GROSSMAN & MOORE, PLLC**
By:  EMILY DeVUONO, ESQUIRE
     JENNIFER A. MOORE, ESQUIRE
     ASHTON R. SMITH, ESQUIRE
     ELIZABETH COULTER
One Riverfront Plaza
401 West Main Street - Suite 1810
Louisville, Kentucky  40202

**HAMILTON LAW FIRM, P.C.**
By:  MOLLY HAMILTON, ESQUIRE
     TERRI CHEEVER
12345 West University
Clive, Iowa  50325

**HARE WYNN NEWELL & NEWTON**
By:  DON McKENNA, ESQUIRE
     PEGGY LITTLE
     LYNNE REED
Massey Building
2025 Third Avenue North - Suite 800
Birmingham, Alabama  35203

**HOLLIS LEGAL SOLUTIONS, PLLC**
By:  SCOTT HOLLIS, ESQUIRE
6814 Crumpler Boulevard -  Suite 101
Olive Branch, Mississippi  38654

**HOUSSIERE DURANT HOUSSIERE, LLP**
By:  MONICA VAUGHAN, ESQUIRE
     RANDALL A. KAUFFMAN, ESQUIRE
     SHIRLEY STROM-BLANCHARD
1990 Post Oak Boulevard - Suite 800
Houston, Texas  77056

**For the Plaintiffs via telephone:**

JOHNSON JOHNSON LUCAS & MIDDLETON
By:  LESLIE O'LEARY, ESQUIRE
     BRENDA STEINLE
Citizens Building
975 Oak Street - Suite 1050
Eugene, Oregon  97401

LANGDON & EMISON
By:  BRETT A. EMISON, ESQUIRE
     RACHEL AHMANN
     LAUREN NIENDICK
     TRICIA CAMPBELL
911 Main Street
Lexington, Missouri  64067

LAW OFFICES OF JAMES S. ROGERS
By:  HEATHER M. COVER, ESQUIRE
     SUSAN CARPENTER
1500 Fourth Avenue - Suite 500
Seattle, Washington  98101

LAW OFFICE OF MICHAEL W. PATRICK
By:  MICHAEL W. PATRICK, ESQUIRE
100 Timberhill Place - Unit 127
Chapel Hill, North Carolina  27514

LAW OFFICES OF PETER ANGELOS, P.C.
By:  CRAIG M. SILVERMAN, ESQUIRE
     JAY D. MILLER, ESQUIRE
     THOMAS W. KEILTY, III, ESQUIRE
100 North Charles Street
Baltimore, Maryland  21201

LAW OFFICES OF TRAVIS R. WALKER, P.A.
By:  TRAVIS R. WALKER, ESQUIRE
     JULIE TREACY, ESQUIRE
     REBECKA STRUM
1235 S.E. Indian Street - Suite 101
Stuart, Florida  34997

LEWIS & CAPLAN, PLC
By:  PETE LEWIS, ESQUIRE
     SARAH DELAHOUSSAYE CALL
     AMY C. WEBSTER
3631 Canal Street
New Orleans, Louisiana  70119

**For the Plaintiffs via telephone:**

**LONCAR ASSOCIATES**
By:  WILLIAM HYMES, ESQUIRE
     JOHN L. COVENEY, ESQUIRE
424 South Cesar Chavez Boulevard
Dallas, Texas  75201

**LORD HEINLEIN**
By:  PRISCILLA LORD, ESQUIRE
     MELISSA HEINLEIN, ESQUIRE
309 Clifton Avenue South
Minneapolis, Minnesota  55403

**MARTIN, HARDING & MAZZOTTI, LLP**
By:  ROSEMARIE R. BOGDAN, ESQUIRE
     KRISTEN WINNER
1222 Troy-Schenectady Road
Post Office Box 15141
Albany, New York  12212-5141

**McEWEN LAW FIRM, LTD.**
By:  EMILY ROBINSON, ESQUIRE
5850 Blackshire Path
Inver Grove Heights, Minnesota  55076

**McSWEENEY / LANGEVIN**
By:  JONATHAN R. MENCEL, ESQUIRE
2116 Second Avenue South
Minneapolis, Minnesota  55404

**MESHBESHER & SPENCE, LTD.**
By:  HOLLY STERNQUIST
1616 Park Avenue
Minneapolis, Minnesota  55404

**MORGAN & MORGAN, P.A.**
By:  JOSEPH T. WAECHTER, ESQUIRE
     MICHAEL GOETZ, ESQUIRE
     HEATHER CULLEN
201 North Franklin Street - 7th Floor
Tampa, Florida  33602

**MORRIS LAW FIRM**
By:  JAMES A. MORRIS, JR., ESQUIRE
     SHANE E. GREENBERG, ESQUIRE
4111 West Alameda Avenue - Suite 611
Burbank, California  91505

**For the Plaintiffs via telephone:**

**MURRAY LAW FIRM**
By:  CAROLINE W. THOMAS, ESQUIRE
650 Poydras Street - Suite 2150
New Orleans, Louisiana  70130

NEAL R. ELLIOTT, JR., ESQUIRE
Post Office Box 80136
Baton Rouge, Louisiana  70898

**NEWMAN BRONSON & WALLIS**
By:  LAUREN E. BRONSON, ESQUIRE
     KERRY STOCHL
2300 West Port Plaza Drive
St. Louis, Missouri  63146

**PETERSON & ASSOCIATES, P.C.**
By:  BRIAN E. TADTMAN, ESQUIRE
Missouri's Country Club Plaza
801 West 47th Street - Suite 107
Kansas City, Missouri  64112

**RAIZNER SLANIA, LLP**
By:  JEFFREY L. RAIZNER, ESQUIRE
     RICA RINOSA
     ERIN STRACENER
2402 Dunlavy Street
Houston, Texas  77006

**RIEDERS TRAVIS HUMPHREY WATERS**
     **& DOHRMANN**
By:  DEBORAH BUENO
     MELISSA BARNUM
161 West Third Street
Williamsport, Pennsylvania  17701

**SKIKOS CRAWFORD SKIKOS & JOSEPH, LLP**
By:  MATTHEW SKIKOS, ESQUIRE
     JULIE TUCCI
     DARILYN SIMON
One Sansome Street - Suite 2830
San Francisco, California  94104

**THE RUTH LAW TEAM**
By:  STEVEN C. RUTH, ESQUIRE
     AUSTIN J. GRINDER, ESQUIRE
Lakes & Plains Building
842 Raymond Avenue - Suite 200
St. Paul, Minnesota  55114

**For the Plaintiffs via telephone:**

                     **THE WEBSTER LAW FIRM**
                     By:  CHELSIE KING GARZA, ESQUIRE
                     6200 Savoy Drive - Suite 150
                     Houston, Texas  77036

                     **ZELE HUBER**
                     By:  DEAN XENICK, ESQUIRE
                     4200 Military Trail - Suite 212
                     Jupiter, Florida  33458

               *     *     *     *

**For the Defendant 3M:**    **BLACKWELL BURKE, P.A.**
                     By:  JERRY W. BLACKWELL, ESQUIRE
                         MARY S. YOUNG, ESQUIRE
                     431 South Seventh Street - Suite 2500
                     Minneapolis, Minnesota  55402

                     **FAEGRE BAKER DANIELS, LLP**
                     By:  BRIDGET M. AHMANN, ESQUIRE
                     2200 Wells Fargo Center
                     90 South Seventh Street
                     Minneapolis, Minnesota  55402

1      (9:40 a.m.)

2                          **P R O C E E D I N G S**

3                           **IN OPEN COURT**

4          THE COURT:  Good morning.  Please be seated.

5          Let me first apologize for the delay.  That was my

6      fault.  I forgot to tell Tim that I'm here, not there, and

7      so my apologies for that.

8          We have everybody's appearance on the record,

9      Cathy took everything down.  I don't need to go through that

10     again, or not?

11         MR. BLACKWELL:  Probably --

12         THE COURT:  It's a small enough group.  Let's get

13     everybody's appearance again.

14         MS. ZIMMERMAN:  Genevieve Zimmerman for

15     Plaintiffs.

16         MS. CONLIN:  Jan Conlin for Plaintiffs.

17         MR. GORDON:  Good morning.  Ben Gordon,

18     Plaintiffs.

19         MR. BLACKWELL:  Good morning.  Jerry Blackwell

20     speaking for 3M.

21         MS. YOUNG:  Mary Young for Defendants.

22         MS. AHMANN:  Bridget Ahmann for Defendants.

23         THE COURT:  Okay.  And the record should reflect

24     we have two other plaintiffs' lawyers who have appeared,

25     Mr. Hodges and Mr. Lauricella.  Welcome.

```
1              And I'm sure you all remember the judge mentioned
2     at the last status conference she would not be here today,
3     so she's not, and so it's just me.  And we have everybody on
4     the phone.  Would somebody just unmute so that we know that
5     you are hearing us and just unmute and say, "Hi.  Here we
6     are."
7          (No response)
8              Can anybody hear us on the phone?
9          (No response)
10             Does anybody have a name of somebody that we know
11    is on the phone so I can call somebody out and call them?
12             MR. HODGES:  Judge, before we got started, it
13    sounded like a bunch of people getting hung up on right
14    before you came out, so -- it made that same sound when they
15    disconnect.
16             THE COURT:  Maybe they just got bored and left.
17             MR. GORDON:  I just got a text from a lawyer in
18    Florida who says they're on the line, Your Honor.
19             THE COURT:  Okay.  Then I'll take that as
20    sufficient evidence.
21             Okay.  So now I guess we should just start going
22    through the joint agenda.
23             The first item on the joint agenda is the pretrial
24    orders and case schedule, which is broken down into
25    information about Gareis, the first bellwether trial, and
```

1    then the repopulation of the bellwether pool.

2          So who wants to start?  Ms. Zimmerman?

3          MS. ZIMMERMAN:  Yes, Your Honor.  Thank you.  May

4    it please the Court.

5          I don't think that there's much to update the

6    Court on with respect to Gareis, at least in terms of the

7    scheduling order.  The dispositive motions have been filed

8    and responded to, replies will be forthcoming, and that is

9    scheduled for a hearing on April 12th, and, of course,

10   trial's set to start in May.

11         With respect to repopulating the bellwether pool,

12   we were before Your Honor on Monday with respect to some of

13   those issues.  Both parties submitted their 16 nominations

14   of representative cases for consideration in this next

15   round.  We heard back from the Court promptly the next day

16   identifying 12 of the 16 mutual nominations.

17         I do note that of the 16 that were nominated by

18   Defendants, two of them were in that group of three, so we

19   talked about this on Monday, that there were these blanket

20   sales.  There were three out of 70 available where the

21   defendants' records said no record of Bair Hugger sales had

22   been made in the 12 months prior to the surgery.  Defendants

23   nominated two of those cases and both of those are now on

24   the list of 12.

25         Now, it is my understanding from speaking with

1    counsel just before we started that they have withdrawn

2    challenges as to Plaintiffs' proof of use on at least four

3    of the cases.  Those are Arnold, Henderson, Partlow and

4    Ramirez.  And I think as I understand defense counsel's

5    position, it is their representation today that they are no

6    longer maintaining challenges to the proof of product that

7    Plaintiffs have offered on all 12 cases.

8              THE COURT:  Oh, okay, because I was going to say

9    my notes reflected that Ramirez and Henderson were the only

10   two that are on Judge Ericksen's list of 12 where there was

11   still a challenge, and now you're telling me that even those

12   two are gone?

13             MS. ZIMMERMAN:  That is my understanding.  We

14   received a letter from defense counsel just as we were

15   walking into court and we spoke briefly about it ahead of

16   time.

17             THE COURT:  Okay.  I will clarify that with them

18   momentarily.  Is there anything else you want to tell me

19   about the plaintiffs' -- because my question to you was

20   going to be:  In the position statements in the joint

21   agenda, you mention -- talking about this issue of the

22   challenge to Bair Hugger use, that it required resolution

23   before the March 20 deadline for striking the things, and I

24   was going to ask what relief you're looking for exactly.  Do

25   you want me to determine that there is adequate evidence of

1    Bair Hugger use, but if it's all moot, I guess I won't even

2    ask my question.

3              MS. ZIMMERMAN:  I think that based on the

4    representations of Ms. Young -- and I'm sure she'll correct

5    me if I'm wrong -- that they are no longer maintaining

6    challenges to Plaintiffs' proof of product, and if that's

7    true, then I think the issue is moot.

8              THE COURT:  Okay.  Anything else then with regard

9    to the first item in the agenda before I hear from

10   Defendants?

11             MS. ZIMMERMAN:  Not from the plaintiffs'

12   perspective, Your Honor.

13             THE COURT:  Okay.  Ms. Young?

14             MS. YOUNG:  Good morning, Your Honor.  Thank you.

15             Yes, as Ms. Zimmerman said, Defendants have

16   withdrawn our challenges at this time as to there were four

17   cases where there was still the challenge to product use,

18   and we've indicated to Plaintiffs that we will allow the

19   discovery to play out in those cases and take them at their

20   word that they have the adequate proof, and we'll be back

21   before the Court, I suppose, at some point if that does not

22   bear out.

23             THE COURT:  Okay.  So that means Ramirez and

24   Henderson, which are on the list of 12, are just like any

25   other case now on the list of 12, and sometime between now

1    and March 20th you will each exercise strikes and will end

2    up with a list of eight, correct?

3                MS. YOUNG:  Correct.  And, Your Honor, I believe

4    it was also -- Partlow and Arnold were two cases that

5    Plaintiffs nominated where we had challenged product use.

6                THE COURT:  Oh.

7                MS. YOUNG:  But in any event, they have all been

8    withdrawn at this point.

9                THE COURT:  Okay.  Thank you.

10               MS. YOUNG:  Thank you.

11               THE COURT:  So just not to put too fine a point on

12   it, with regard to the first item on the joint agenda,

13   there's nothing for the Court to do, is that correct?

14               MS. ZIMMERMAN:  I think that that's right, Your

15   Honor.

16               THE COURT:  Ms. Young.

17               MS. YOUNG:  With respect to the bellwether issue,

18   yes, that's correct, Your Honor.

19               THE COURT:  All right.  And that brings us then to

20   item number 2, which is the Plaintiffs' fact sheets.  As I

21   understand it, before leaving, Judge Ericksen entered an

22   order, docket entry number 1167, resolving the issues with

23   regard to the alleged failures in the plaintiffs' fact

24   sheets and that there are other lists provided for going

25   forward.  Then the next status conference, docket entry

1    1167, deals with the defendants' request to dismiss cases

2    that have been on the list for the requisite number of times

3    under the Pretrial Order Number 14.

4         Anything else anybody wants to tell me about the

5    plaintiffs' fact sheets?

6         Ms. Zimmerman.

7         MS. ZIMMERMAN:  Yes, Your Honor.  Judge Ericksen

8    did indeed enter an order with respect to the fact sheet

9    issue.  I believe that the order dated March 12th should be

10   docketed in each of the individual cases, but just for

11   purposes of the record, it's our understanding that the

12   Strain matter, which is 17-CV-1978, was dismissed; as was

13   Key, that is 17-CV-2581; also Campbell, that's 17-CV-2919,

14   just dismissed on the 12th of March; Quinan, Q-U-I-N-A-N,

15   which is 17-CV-3445; Gallo, which is 17-CV-3666; Ramirez,

16   17-CV-3721; Hamel-Fogleboch, which is 17-CV-4500; Horn,

17   which is 17-CV-4515; and Williams, 17-CV-4519.  Some of

18   these attorneys representing -- in fact, most of the

19   attorneys representing these folks did in fact file

20   responses.  Most indicated that their clients had been

21   unresponsive and the order dismissing those cases was filed

22   on the 12th.

23        There were three cases where Judge Ericksen denied

24   the motion for dismissal at this time, and that is Hufford,

25   17-CV-2372; Thornton, 17-CV-3834; and then Slaughter,

1    17-CV-4431.

2              And then there were I think five cases where there

3    was a joint stipulation to be dismissed that was also filed,

4    and that's all we've got --

5              THE COURT:  And just to be clear, the Ramirez that

6    you mentioned which is 17-3721, is different and unrelated

7    to the Ramirez which is 17-1078, which is on the list of

8    potential bellwethers.

9              MS. ZIMMERMAN:  That is my understanding, Your

10   Honor.  Yes, the Ramirez that's still on the list is

11   17-CV-1078.

12             THE COURT:  Okay.

13             MS. ZIMMERMAN:  So that one's still pending.

14             THE COURT:  Thank you.

15             MS. ZIMMERMAN:  Thank you.

16             THE COURT:  Anything else on this, Mr. Blackwell?

17             MR. BLACKWELL:  No, Your Honor.

18             THE COURT:  Okay.  And then the update on cases in

19   the MDL.  I've got 4,299.  Anything else I need to know

20   about that, Ms. Zimmerman?

21             MS. ZIMMERMAN:  Yes.  The Szerlag firm -- pardon

22   me -- the Pritzker firm informed me this morning that there

23   are a total of 4,571 complaints that have been filed as of

24   this morning, and the discrepancy between those two numbers

25   may be dismissals.  I'm not sure.

1          THE COURT:  Okay.  Anything with regard to the
2     number of cases, Mr. Blackwell?
3          MR. BLACKWELL:  Your Honor, no, beyond what
4     Ms. Zimmerman just said.
5          THE COURT:  Okay.  Anything I need to know about
6     state court proceedings?  I understand Judge Leary has
7     dismissed all of the Ramsey County cases, has denied the
8     request for reconsideration.
9          What's your deadline then for appealing all of
10    those, Ms. Zimmerman?
11         MS. ZIMMERMAN:  The notice of appeal, Your Honor,
12    is due on March 26th and then the briefing will be due I
13    believe within 30 days of that.
14         THE COURT:  Okay.
15         MS. ZIMMERMAN:  We're finalizing one issue with
16    respect to whether or not the transcript for the punitive
17    damages motion was officially entered in Ramsey County or
18    not, but that's a housekeeping matter we can get sorted out
19    and that will be timely done.
20         THE COURT:  Okay.  Anything else with respect to
21    the other non-Ramsey County cases?
22         MS. ZIMMERMAN:  No, Your Honor.
23         THE COURT:  Anything about the Canadian action?
24    I'm now on item number 5 of the joint agenda.
25         MS. ZIMMERMAN:  Nothing from Plaintiffs.

```
 1            MR. BLACKWELL:  No, Your Honor.

 2            THE COURT:  Item 6 on the agenda is additional

 3     pretrial orders.  There are no pending pretrial orders.

 4            Item 7 is the status of discovery.  We had the

 5     hearing on Monday relating to Dr. Minkowycz.  I believe I

 6     entered that order, correct, granting the protective order,

 7     Minkowycz is not going to be deposed?

 8            MS. ZIMMERMAN:  That's correct, you granted the

 9     defendants' motion, Your Honor.

10            THE COURT:  What about Dr. Augustine?  So we still

11     haven't finished with Augustine and Benham, Ms. Zimmerman?

12            MS. ZIMMERMAN:  No, Your Honor.  I believe we

13     received notices now with respect to those depositions.

14            THE COURT:  Would you use the podium, because I'm

15     not sure the folks on the phone are hearing you from the

16     microphone that's --

17            MS. ZIMMERMAN:  Usually people can hear my voice

18     all right, but glad to step up.

19        (Ms. Zimmerman approaches lectern)

20            MS. ZIMMERMAN:  We received notices for the

21     depositions finally of Dr. Scott Augustine, Mr. Randall

22     Benham, and Brent Augustine.  I believe that those are going

23     to go forward on March 29th.  I will say that the plaintiffs

24     have requested, as we indicated in the joint status report,

25     an opportunity to have an hour and a half with
```

1   Dr. Augustine, along with 15 minutes each for Mr. Benham and

2   Mr. Brent Augustine.  We were informed this week that

3   Mr. Augustine's counsel is going to decline to offer any

4   additional time beyond what the Court has already ordered.

5          As a refresher, when defense counsel asked for

6   leave of court to take this additional discovery, we

7   initially opposed and we said if the Court were to grant

8   Defendants' motion and allow the depositions to go forward,

9   we certainly would request opportunity to participate.  It

10  is our understanding at this point that Mr. Benham is going

11  to decline to allow that to happen and just wanted to put

12  that on the record at this point.

13         THE COURT:  Are you requesting anything from the

14  Court in that regard?

15         MS. ZIMMERMAN:  There's not a formal motion before

16  Your Honor, so just keeping you apprised.

17         THE COURT:  Okay.  Mr. Blackwell?

18         MR. BLACKWELL:  Your Honor, mindful of the --

19  Jerry Blackwell for 3M.  Mindful of the fact that there

20  isn't a motion before the Court, I just want to clarify one

21  thing.

22         When the matter of additional time for us to

23  complete Augustine was brought before this Court, Plaintiffs

24  did have a position, and it wasn't their position that they

25  were simply requesting an opportunity to participate.  Since

1    they're at the deposition, they obviously participate.

2         What they requested was additional time to take

3    depositions of Al Van Duren and of Mr. Albrecht, and it's

4    what they requested in oral argument, it's what they

5    requested in their moving papers, and it's what Your Honor

6    ruled on in the order, that that wouldn't be permitted.  So

7    that's formally what they asked for and there hasn't been

8    any formal request for any relief to take this additional

9    discovery out of time by Plaintiffs despite the Court having

10   invited it when we were here last month, as well as inviting

11   them to reach out to Benham to try to get more time, which

12   they had not done, so we did yesterday.  And so the response

13   of Mr. Benham was in response to our inquiry, not even the

14   Plaintiffs, so I just wanted to clarify that.

15        THE COURT:  Okay.  And are these three folks,

16   Benham, Brent Augustine and Scott Augustine, going to be

17   witnesses at trial or the depositions will just be useful if

18   somebody wants to use them?

19        MR. BLACKWELL:  No, Your Honor.  They all are kind

20   of very much fair game for telling the complete story and

21   putting into context the claims that are made against the

22   Bair Hugger.  They all three figure somewhat prominently in

23   it, so they're on our lineup.

24        THE COURT:  They're on your lineup of witnesses

25   for live testimony at Gareis.

```
1               MR. BLACKWELL:  Potentially, yes, Your Honor.

2               THE COURT:  Okay.  Thank you.

3               MR. BLACKWELL:  Thank you, Your Honor.

4               THE COURT:  Anything else on that issue,

5       Ms. Zimmerman?

6               MS. ZIMMERMAN:  Your Honor, to the extent that

7       Counsel has represented that we participated in the one

8       deposition that did go forward, we were there, but we

9       certainly don't represent Dr. Augustine, and I believe

10      Ms. Conlin had the opportunity to ask maybe one question

11      that said, "Have I ever contacted you?  Are you involved in

12      this MDL at all?"  And the answer was, "No," hasn't been

13      contacted, not involved in any way.  But to the extent that

14      Counsel represented we have in fact participated and had an

15      opportunity to depose these witnesses, that's not true.  I

16      don't know if these witnesses are going to be live at the

17      Gareis matter or not, so I guess we'll find that out.

18              THE COURT:  Do you have any intention of calling

19      them?

20              MS. ZIMMERMAN:  Well, I don't know.

21              THE COURT:  Okay.

22              MS. ZIMMERMAN:  We don't know what we don't know,

23      so we'll see.

24              THE COURT:  Okay.  Fair enough.

25              All right.  The last thing on the agenda is item
```

1    8, the status of various procedural matters.

2              MS. ZIMMERMAN:  Yes, Your Honor, and this has to

3    do with somewhat new rules about how under-seal documents

4    are processed in the district and how we best process those

5    moving forward.  And I think we're all still kind of getting

6    used to this process where we file things under seal and

7    then there's a joint motion about whether or not the exhibit

8    should continue to be under seal.  I believe that there are

9    a few motions pending before the Court.  Because we

10   sometimes get questions from the Clerk's Office about

11   under-seal status of documents, we thought that we would

12   inquire about anything that we might be able to do to

13   resolve the issue with respect to the sealed status of some

14   of these documents, many of which were used in open court

15   during the *Daubert* and summary judgment hearings.

16             THE COURT:  Are there -- so as I understand the

17   rule, you first file things under a temporary seal, which

18   the parties have the capacity to do.

19             MS. ZIMMERMAN:  Yes.

20             THE COURT:  And then you're required to file a

21   joint motion either to continue sealing or to unseal, and

22   that's when everybody gets to weigh in on what should happen

23   going forward.

24             MS. ZIMMERMAN:  That's correct.

25             THE COURT:  Has that second step happened with

1    respect to all of the ones you're talking about?

2              MS. ZIMMERMAN:  I believe so, Your Honor.

3              THE COURT:  And so I need to go through the docket

4    and identify which ones are outstanding, because those are

5    things that all fall to me under the theory of everything

6    rolling downhill.

7              (Laughter)

8              MS. ZIMMERMAN:  Well, I'm happy to be further

9    downhill and I can identify the docket numbers for Your

10   Honor if that would be helpful.

11             THE COURT:  Is that something you have on the tip

12   of your tongue right now?

13             MS. ZIMMERMAN:  I don't have it on the tip of my

14   tongue, but I can get it for you today.

15             THE COURT:  Okay.  Yeah, why don't you do that.

16             MS. ZIMMERMAN:  Sure.

17             THE COURT:  And just communicate with my chambers

18   through Chad the docket numbers of the ones we haven't ruled

19   on yet and we'll make a point to get right on them.

20             MS. ZIMMERMAN:  Fantastic.  Thank you, Your Honor.

21             THE COURT:  Thank you.

22             Anything else on that, Mr. Blackwell?

23             MR. BLACKWELL:  On that issue, no, Your Honor.

24             THE COURT:  Okay.  Is there any other issues to

25   come before the Court on this status conference beyond

1    what's in the joint agenda?

2            Mr. Blackwell, you seem to have something.

3            MR. BLACKWELL:  Yes, Your Honor.

4            There is one other issue and I raise this under

5    the heading of when we come to the Court to seek some

6    relief, at least the rejoinder won't be, "They didn't bring

7    this up at the status hearing," so I'm simply bringing it

8    up.

9            There's no formal request for relief by the Court

10   in any respect at this time, but just yesterday afternoon I

11   saw and we got a one-page declaration from Dr. Presnal,

12   which is a name that may not mean anything to Your Honor,

13   but --

14           THE COURT:  Dr. who?

15           MR. BLACKWELL:  Presnal, P-R-E-S-N-A-L.

16           THE COURT:  Okay.

17           MR. BLACKWELL:  He's the treating physician for

18   Mr. Gareis.  He had already been deposed, experts already

19   been disclosed, and then we get this one-pager that was sort

20   of slipped into the motion papers in response to our summary

21   judgment motion where -- well, I have a copy.  It's very

22   brief.  It's not even one page, Your Honor, if I could show

23   it to Your Honor.

24           (Document handed to the Court)

25           THE COURT:  It's docket entry number 59-10.  Have

1      I got that right?

2                   MR. BLACKWELL:  Yes, Your Honor, that's right.

3                   THE COURT:  Okay.  In case 16-4187, which is the

4      specific case number for Gareis?

5                   MR. BLACKWELL:  Yes, Your Honor.

6                   THE COURT:  Okay.

7                   MR. BLACKWELL:  And so I don't raise this to argue

8      anything about it at this point.  I just got notice of it

9      yesterday afternoon.  But I do note that this comes in well

10     after his deposition was taken, obviously reflects

11     discussions, communications, documents provided to him by

12     Plaintiffs' counsel, not for his care, treatment and not

13     related to his diagnosis, but rather for purposes of

14     litigation strategy and liability issues.

15                  And I noted that Dr. Presnal begins by saying he's

16     not an expert in the causation of infections and then goes

17     on to opine that the cause more likely than not of the

18     infection of Mr. Gareis was the Bair Hugger.  So he both

19     giveth and taketh away in it, in this fairly conclusory

20     one-page affidavit.

21                  So we're not sure what we're going to ask of the

22     Court with respect to it.  I'm sure we're going to be asking

23     something given the timing of this, given the fact

24     Plaintiffs had it for two weeks and didn't disclose it to

25     us, and we have no idea what documents were provided when he

1    says, "I have reviewed additional materials which were

2    produced in this case since my deposition."

3            We don't know.  We've had quite a few exchanges

4    with Your Honor about the nature of the exchanges with

5    treating physicians, and the Plaintiffs were so concerned

6    that we couldn't even call an administrative person for a

7    doctor to schedule a deposition because they were so

8    concerned about it.  And our worry all along with this

9    (indicating) sort of thing, that unrelated to the

10   plaintiffs' care, diagnosis and treatment they're working

11   with the treaters on issues of liability or litigation

12   strategy unilaterally.  We don't know about it, we're not

13   included in it, and then we get this sort of thing after

14   discovery is already done.

15           So we're going to be seeking something, and

16   underscore that I'm only raising this so that when the time

17   comes that we do, which will be very soon, there isn't the

18   claim that we were here at the status hearing and I didn't

19   say anything about it, so I just tee it up for Your Honor.

20           THE COURT:  Okay.  Ms. Zimmerman?

21           First of all, whose client is Mr. Gareis?

22           MS. ZIMMERMAN:  Mr. Gareis is the Kennedy Hodges

23   firm and it's in South Carolina.

24           To the extent again there's not a motion before

25   Your Honor and I think that things are being previewed at

1    this point, it's my understanding that Dr. Presnal, who's

2    the treating orthopedic surgeon, had some questions towards

3    the end of his deposition as that concluded about what the

4    case was about.  And he has submitted -- it's a declaration,

5    it's a piece of evidence, as there is I believe a learned

6    intermediary defense by the defendants.  So to the extent

7    that there is evidence now as part of the summary judgment

8    record about whether or not Dr. Presnal would have used this

9    particular product had he been provided the information,

10   he's indicated in his affidavit that he wouldn't have.

11          Now, he's not providing expert testimony in the

12   declaration, but it is a new piece of evidence which I

13   understand has been supplemented in the Gareis case-specific

14   discovery process.  He's not my client, so I'll have to

15   check with the Kennedy Hodges firm on that.

16          But to the extent that defense counsel has

17   represented something about the nature of communications

18   either with hospitals or with treating physicians, counsel

19   for 3M is certainly aware that they were in contact with

20   various hospitals on proof of product, talking with risk

21   managers and all that sort of thing.  So having a

22   conversation with the client's treating physician as we

23   prepare for trial is certainly not outside the bounds of

24   reasonable and it's not a violation of any of the court

25   orders entered by Your Honor or by Judge Ericksen, and we

```
 1    look forward to any motion that 3M may bring.

 2              THE COURT:  Well, consider the Court previewed.  I

 3    will communicate all of this to Judge Ericksen, and I'll

 4    look, as will she, for any relief anybody might be asking

 5    for, but as I understand it, no one is asking for anything

 6    at the moment.

 7              MS. ZIMMERMAN:  That's my understanding.

 8              MR. BLACKWELL:  That's correct for today, Your

 9    Honor.

10              THE COURT:  Okay.  All right.  Anything else for

11    the good of the order, as they say?  Plaintiffs?

12              MS. ZIMMERMAN:  No, Your Honor.

13              THE COURT:  Defendant?

14              MR. BLACKWELL:  No, Your Honor.

15              THE COURT:  Thank you all for coming, thank you

16    all for participating on the telephone, and we are in

17    recess.

18              (Proceedings concluded at 10:10 a.m.)

19                         *     *     *     *

20

21

22

23

24

25
```

**C E R T I F I C A T E**


I, **TIMOTHY J. WILLETTE**, Official Court Reporter

for the United States District Court, do hereby

certify that the foregoing pages are a true and

accurate transcription of my shorthand notes,

taken in the aforementioned matter, to the best

of my skill and ability.



*/s/ Timothy J. Willette*


**TIMOTHY J. WILLETTE, RDR, CRR, CRC**
Official Court Reporter - U.S. District Court
1005 United States Courthouse
300 South Fourth Street
Minneapolis, Minnesota  55415-2247
612.664.5108