## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

In re: BAIR HUGGER FORCED AIR
WARMING DEVICES PRODUCTS
LIABILITY LITIGATION

MDL No. 15-2666 (JNE/FLN)

This Document Relates to:
Case Nos.:
17-cv-00288 (*Bradford v. 3M Co., et al.*)
17-cv-01476 (*Behney v. 3M Co., et al.*)
17-cv-01554 (*Dorsey v. 3M Company*)
17-cv-01565 (*Little v. 3M Company*)
17-cv-01968 (*Jordan v. 3M Co., et al.*)
17-cv-02372 (*Hufford v. 3M Company*)
17-cv-02737 (*Witherspoon v. 3M Co., et al.*)
17-cv-02758 (*Jones v. 3M Co., et al.*)
17-cv-03543 (*Hughes v. 3M Co., et al.*)
17-cv-04068 (*Johnson v. 3M Co., et al.*)
17-cv-04637 (*Mackey v. 3M Co., et al.*)
17-cv-04642 (*Smith v. 3M Co., et al.*)
17-cv-04651(*Knight v. 3M Co., et al.*)
17-cv-04652 (*Leaf v. 3M Co., et al.*)
17-cv-04775 (*Reinhardt v. 3M Co., et al.*)
17-cv-04881 (*Potter v. 3M Co., et al.*)
17-cv-04885 (*McEvoy v. 3M Co., et al.*)
17-cv-04889 (*Thornton v. 3M Co., et al.*)

## <u>MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO COMPLY WITH PRETRIAL ORDER NO. 14</u>

Pursuant to the Court's Pretrial Order No. 14 ("PTO 14"), entered September 27,

2016, Defendants 3M Company and Arizant Healthcare, Inc. (collectively, "Defendants")

respectfully move the Court to dismiss the following plaintiffs' cases for failure to comply

with PTO 14:

| Case Number | Plaintiff | Firm Name |
|---|---|---|
| 0:17-cv-00288-JNE-FLN | Bradford | The Law Offices of Travis R. Walker, P.A. |
| 0:17-cv-01476-JNE-FLN | Behney | Kennedy Hodges, L.L.P. |
| 0:17-cv-01554-JNE-FLN | Dorsey | Levin, Papantonio, Thomas, Mitchell, Rafferty, Proctor P.A. |
| 0:17-cv-01565-JNE-FLN | Little | Levin, Papantonio, Thomas, Mitchell, Rafferty, Proctor P.A.. |
| 0:17-cv-01968-JNE-FLN | Jordan | Kennedy Hodges, L.L.P. |
| 0:17-cv-02372-JNE-FLN | Hufford | Gustafson Gluek, P.L.L.P. |
| 0:17-cv-02737-JNE-FLN | Witherspoon | Brown & Crouppen, P.C. |
| 0:17-cv-02758-JNE-FLN | Jones | Kennedy Hodges, L.L.P. |
| 0:17-cv-03543-JNE-FLN | Hughes | Kennedy Hodges, L.L.P. |
| 0:17-cv-04068-JNE-FLN | Johnson | Kennedy Hodges, L.L.P. |
| 0:17-cv-04637-JNE-FLN | Mackey | Bernstein Liebhard LLP |
| 0:17-cv-04642-JNE-FLN | Smith | The Miller Firm, LLC |
| 0:17-cv-04651-JNE-FLN | Knight | Kirtland & Packard LLP |
| 0:17-cv-04652-JNE-FLN | Leaf | Kirtland & Packard LLP |
| 0:17-cv-04775-JNE-FLN | Reinhardt | Bernstein Liebhard LLP |
| 0:17-cv-04881-JNE-FLN | Potter | Bernstein Liebhard LLP |
| 0:17-cv-04885-JNE-FLN | McEvoy | Bernstein Liebhard LLP |
| 0:17-cv-04889-JNE-FLN | Thornton | Bernstein Liebhard LLP |

As set forth below, there are three (3) categories of cases where plaintiffs have failed to serve a Plaintiff Fact Sheet ("PFS") compliant with the requirements set forth by the Court in PTO 14: (a) cases where no PFS has been served by plaintiff; (b) cases where plaintiff served a PFS with core deficiencies, and failed to cure them or otherwise respond to Defendants' first or second deficiency letter; and (c) cases where plaintiff served a PFS with core deficiencies, and failed to cure them after Defendants' third deficiency letter. Defendants placed the above cases on the agenda for two sequential Court status conferences, and dismissal with prejudice is therefore appropriate under PTO 14, ¶ 8.

## **ARGUMENT**

The Court's Pretrial Order No. 14, entered September 27, 2016, sets forth the protocol for the form and service of the PFS, signed medical authorization, and supporting documents in cases filed in and transferred to this proceeding.  Under PTO 14, a plaintiff whose case was pending on the date of the order was required to serve a completed and signed PFS, medical authorization, and supporting documents within 90 days of the date of the order. PTO 14, ¶ 2.  For a plaintiff whose case was transferred after the date of the order, the due date for service of these same documents is 90 days after the filing of the plaintiff's complaint or completion of the transfer to this proceeding, whichever is later. *Id*.  All PFSs must be verified by the individual plaintiff under oath. *See* PTO 14, ¶ 3.

Once a PFS has been served, defendants have four (4) weeks from receipt within which to notify plaintiff's counsel of any core deficiencies to the PFS, "defined as a lack of response to all questions in Section I, Section II, and Section III; Section IV, questions 1, 3, 7, 8, 9, 10; Section V, questions 5, 6, and 7; Section VI, questions 1, 3, 6, 7, 8, and 9; Section VII, questions 1 and 2; Section 8, question 2; Section IX, questions 1, 3, and 4; or lack of signed medical authorizations." PTO 14, ¶ 4.

If defendants timely serve a letter outlining the deficiencies to the PFS, plaintiff's counsel is required to respond in writing within three (3) weeks of the date of service by: "(1) curing the alleged deficiencies; (2) disputing the alleged deficiencies and setting forth reasons the PFS is not deficient; or (3) explaining why the alleged deficiencies cannot be timely cured." PTO 14, ¶ 6.

Cases where there are disputes concerning PFS deficiencies requiring the Court's attention may be placed on the Court's status conference agenda. PTO 14, ¶ 7.  Should a case appear on the agenda for two (2) sequential status conferences, "Defendants may make a motion for dismissal for failure to comply with this Court's Pretrial Order as to the allegedly delinquent party." PTO 14, ¶ 8.

### A.  Cases Where No PFS Has Been Served

In this motion, Defendants seek dismissal of the following eight (8) cases where plaintiffs failed to serve the PFS as required by PTO 14 and, to date, remain delinquent:

| Case Number | Plaintiff | Date Filed | PFS Due Date | Firm Name |
|---|---|---|---|---|
| 0:17-cv-04637-JNE-FLN | Mackey | 10/11/2018 | 1/09/2018 | Bernstein Liebhard LLP |
| 0:17-cv-04642-JNE-FLN | Smith | 10/11/2018 | 1/09/2018 | The Miller Firm, LLC |
| 0:17-cv-04651-JNE-FLN | Knight | 10/11/2018 | 1/09/2018 | Kirtland & Packard LLP |
| 0:17-cv-04652-JNE-FLN | Leaf | 10/11/2018 | 1/09/2018 | Kirtland & Packard LLP |
| 0:17-cv-04775-JNE-FLN | Reinhardt | 10/23/2017 | 1/21/2018 | Bernstein Liebhard LLP |
| 0:17-cv-04881-JNE-FLN | Potter | 10/26/2017 | 1/24/2018 | Bernstein Liebhard LLP |
| 0:17-cv-04885-JNE-FLN | McEvoy | 10/26/2017 | 1/24/2018 | Bernstein Liebhard LLP |
| 0:17-cv-04889-JNE-FLN | Thornton | 10/26/2017 | 1/24/2018 | Bernstein Liebhard LLP |

### B.  Cases Where a PFS Was Served with Core Deficiencies, and Plaintiff Failed to Cure or Otherwise Respond to Defendants' Deficiency Letter

Additionally, Defendants are seeking dismissal of the following five (5) cases where: (1) plaintiffs each submitted a PFS that contained core deficiencies, (2) Defendants

notified plaintiffs of the core deficiencies,[1] and (3) plaintiffs failed to cure or otherwise respond to the Defendants' first and/or second deficiency letter:

| Case Number | Plaintiff | Deficiency Letter Sent | Firm Name |
|---|---|---|---|
| 0:17-cv-01968-JNE-FLN | Jordan | 1/09/2018 | Kennedy Hodges, L.L.P. |
| 0:17-cv-02372-JNE-FLN | Hufford | 12/06/2017 | Gustafson Gluek, PLLC |
| 0:17-cv-02758-JNE-FLN | Jones | 12/27/2017 | Kennedy Hodges, L.L.P. |
| 0:17-cv-03543-JNE-FLN | Hughes | 1/16/2018 | Kennedy Hodges, L.L.P. |
| 0:17-cv-04068-JNE-FLN | Johnson | 12/27/2017 | Kennedy Hodges, L.L.P. |

To comply with PTO 14, each plaintiff was required to respond to Defendants' deficiency letter by either curing or disputing the deficiencies, or explaining why the deficiencies could not be cured. *See* PTO 14, ¶ 6.  Plaintiffs above failed to respond to Defendants' deficiency letters, and numerous core deficiencies remain uncured. *See attached* Addendum 1 (outlining PFS core deficiencies for each plaintiff in Part B).

### 1.  The Huffords' Claim Should be Dismissed as They Admit Their Failure to Comply with PTO 14

The Huffords' amended PFS was served in their case (0:17-cv-02372-JNE-FLN) on November 10, 2017, and the identified deficiencies have not been cured. In their response to the last motion to dismiss, the Huffords concede that the amended PFS contains core deficiencies, but claim the deficiencies are "ancillary to the primary claims." (*See* Dkt. No. 1148, 1.)  PTO 14 does not identify "ancillary" and "non-ancillary" core deficiencies.  (*See* PTO 14, ¶ 4.)  Rather, the parties to the MDL agreed to PTO 14 – including each PFS

---

[1]*See* Declaration of Benjamin W. Hulse ("Hulse Decl."), Ex. A (Deficiency letters sent to Plaintiffs listed in Part B).

question to be included as a core deficiency – and this Court entered PTO 14 accordingly. The Huffords now ask the Court to disregard PTO 14, and allow serial re-litigation of the PFS requirements. The Court should not entertain their request.

The Huffords specifically argue that Mr. Hufford's involvement or non-involvement in prior lawsuits in the last ten years is "ancillary." (*See* Dkt. No. 1148, 1.) The Huffords offer no basis for this conclusion, even though Mr. Hufford's involvement in prior lawsuits may be directly relevant to his claims or defenses in this case. If Defendants did not deem the information significant, they would not have negotiated its inclusion as a core deficiency in agreed PTO 14.[2]

At bottom, this is simply another case where the plaintiffs have become non-responsive without producing a compliant PFS. This Court has repeatedly rejected this justification. (*See* Dkt. No. 1167, 2-3 (dismissing seven cases for non-compliance with PTO 14 where counsel had lost contact with plaintiff).) It is evident that the Huffords recognized their obligation under PTO 14 from counsel's *fourteen* failed attempts *since October 30, 2017*, to get answers to these basic, straight-forward questions.[3] (*See* Dkt. No. 1148, 2-3.) The Huffords' *ex post facto* designation of the omitted responses as "ancillary" is nothing more than a last-ditch effort to avoid the known consequences of non-compliance. Their case should be dismissed.

---

[2] The Huffords also failed to complete question 1 in section IX of the amended PFS, which is also a core deficiency under PTO 14.

[3] Since the filing of their response, the Huffords still have not served an amended PFS or otherwise communicated with Defendants about curing the known core deficiencies.

**C.  Cases Where a PFS Was Served with Core Deficiencies, and Plaintiff Failed to Cure Following Defendants' Third Deficiency Letter**

Lastly, Defendants are seeking dismissal of the following five (5) cases where: (1) plaintiffs each served an original PFS, (2) Defendants notified plaintiffs of the core deficiencies on three (3) separate occasions, and (3) plaintiffs failed to cure the core deficiencies identified in Defendants' third (and final) deficiency letters: [4]

| Case Number | Plaintiff | Third Deficiency Letter Sent | Firm Name |
|---|---|---|---|
| 0:17-cv-00288-JNE-FLN | Bradford | 9/29/2017 | The Law Offices of Travis R. Walker, P.A. |
| 0:17-cv-01476-JNE-FLN | Behney | 12/07/2017 | Kennedy Hodges, L.L.P. |
| 0:17-cv-01554-JNE-FLN | Dorsey | 11/29/2017 | Levin, Papantonio, Thomas, Mitchell, Rafferty, Proctor P.A. |
| 0:17-cv-01565-JNE-FLN | Little | 11/29/2017 | Levin, Papantonio, Thomas, Mitchell, Rafferty, Proctor P.A. |
| 0:17-cv-02737-JNE-FLN | Witherspoon | 1/16/2018 | Brown & Crouppen, P.C. |

Defendants' sent each plaintiff above three (3) deficiency letters providing notice of the outstanding core deficiencies in his or her PFS, and to date the core deficiencies have not be cured.  *See attached* Addendum 2 (outlining uncured core deficiencies remaining for each plaintiff in Part C).  Plaintiffs' counsel's only explanation in response to Defendants' deficiency letters has been that the "[d]eficiencies cannot be cured at this time as we have been unable to contact client. . . ." *See* Hulse Decl., Ex. E (correspondence from

---

[4] *See* Hulse Decl., Ex. B (Third Deficiency Letters Sent to Plaintiffs Listed in Part C).

7

Plaintiffs' counsel in response to Defendants' deficiency letters).[5]   Implicit in this correspondence, however, is Plaintiffs' counsel's recognition that core deficiencies remain uncured for these plaintiffs.  Now that several months have passed since the Defendants' third deficiency letters were sent, it is appropriate to seek dismissal of these cases.

### D.  All Cases Were on the Agenda for Two (2) Sequential Status Conferences

Defendants placed before the Court the cases set forth above in Parts A, B, and C, for two sequential Court status conferences – the first on February 15, 2018, and the second on March 12, 2018.[6]  Consistent with the Court's recent orders dismissing with prejudice several plaintiffs' cases for failure to comply with PTO 14, the above cases are ripe for dismissal with prejudice under PTO 14, ¶ 8.

### E.  The Court Should Dismiss Plaintiffs' Cases with Prejudice

The Court's authority to dismiss these cases with prejudice is beyond question, and indeed was exercised by the Court recently in its orders entered June 16, 2017 [Dkt. No. 577], July 24, 2017 [Dkt. No. 622], August 25, 2017 [Dkt. No. 692], September 27, 2017 [Dkt. No. 862], December 18, 2017 [Dkt. No. 1026], January 19, 2018 [Dkt. No. 1060], February 15, 2018 [Dkt. No. 1100], March 12, 2018 [Dkt. No. 1167] (dismissing with prejudice multiple plaintiffs' cases for failure to comply with PTO 14).  In a recent order, the Court made clear that "[e]ven for failures to respond, noncompliance with a court order

---

[5] Plaintiffs' counsel in Bradford (17-cv-00288), Behney (17-cv-01476), and Witherspoon (17-cv-02737) submitted subsequent PFSs that remain non-complaint with PTO 14. *See* Addendum 2.

[6] *See* Declaration of Hulse Decl., Ex. C (February 9, 2018 email from M. Young to Court attaching Defendants' February PFS Lists 1, 2, and 3) and Ex. D (March 9, 2018 email from B. Hulse to Court attaching Defendants' March PFS Lists 1, 2, and 3).

can 'constitute[] a pattern of intentional delay meriting dismissal with prejudice' under Rule 41(b)." *See* Order, MDL 15-2666 [Dkt. No. 862], at 2 (cite omitted).  The Court further explained that PTO 14 required plaintiffs to respond to requests for information in the PFS in lieu of discovery, provided plaintiffs with the opportunity to cure any deficiencies, and "warned expressly of dismissal" should plaintiffs fail to comply. *Id*. Plaintiffs also were warned through the Court's prior orders dismissing with prejudice cases for failure to comply with PTO 14.  *Id.*  Accordingly, "if PTO 14's opportunity to cure has run, a plaintiff's continued noncompliance is a pattern of intentional delay" warranting dismissal with prejudice. *Id.*

Plaintiffs identified above have failed to comply with PTO 14 by either failing to submit the required PFS (Part A cases), providing no response to Defendants' deficiency letters (Part B cases), or failing to cure deficiencies after service of Defendants' third deficiency letter (Part C cases).  Because all of the cases identified above in Parts A, B, and C were listed on at least two sequential status conference agendas, "the opportunity to cure has run."  Accordingly, dismissal of these cases with prejudice is proper and appropriate.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court dismiss with prejudice the following cases:

| Case Number | Plaintiff | Firm Name |
|---|---|---|
| 0:17-cv-00288-JNE-FLN | Bradford | The Law Offices of Travis R. Walker, P.A. |
| 0:17-cv-01476-JNE-FLN | Behney | Kennedy Hodges, L.L.P. |

| 0:17-cv-01554-JNE-FLN | Dorsey | Levin, Papantonio, Thomas, Mitchell, Rafferty, Proctor P.A. |
|---|---|---|
| 0:17-cv-01565-JNE-FLN | Little | Levin, Papantonio, Thomas, Mitchell, Rafferty, Proctor P.A.. |
| 0:17-cv-01968-JNE-FLN | Jordan | Kennedy Hodges, L.L.P. |
| 0:17-cv-02372-JNE-FLN | Hufford | Gustafson Gluek, P.L.L.P. |
| 0:17-cv-02737-JNE-FLN | Witherspoon | Brown & Crouppen, P.C. |
| 0:17-cv-02758-JNE-FLN | Jones | Kennedy Hodges, L.L.P. |
| 0:17-cv-03543-JNE-FLN | Hughes | Kennedy Hodges, L.L.P. |
| 0:17-cv-04068-JNE-FLN | Johnson | Kennedy Hodges, L.L.P. |
| 0:17-cv-04637-JNE-FLN | Mackey | Bernstein Liebhard LLP |
| 0:17-cv-04642-JNE-FLN | Smith | The Miller Firm, LLC |
| 0:17-cv-04651-JNE-FLN | Knight | Kirtland & Packard LLP |
| 0:17-cv-04652-JNE-FLN | Leaf | Kirtland & Packard LLP |
| 0:17-cv-04775-JNE-FLN | Reinhardt | Bernstein Liebhard LLP |
| 0:17-cv-04881-JNE-FLN | Potter | Bernstein Liebhard LLP |
| 0:17-cv-04885-JNE-FLN | McEvoy | Bernstein Liebhard LLP |
| 0:17-cv-04889-JNE-FLN | Thornton | Bernstein Liebhard LLP |

Dated: April 5, 2018

Respectfully submitted,

*s/Benjamin W. Hulse*
Jerry W. Blackwell (MN #186867)
Benjamin W. Hulse (MN #0390952)
Mary S. Young (MN #0392781)
BLACKWELL BURKE P.A.
431 South Seventh Street, Suite 2500
Minneapolis, MN 55415
Phone: (612) 343-3200
Fax: (612) 343-3205
Email: blackwell@blackwellburke.com
bhulse@blackwellburke.com
myoung@blackwellburke.com

Bridget M. Ahmann (MN #016611x)
FAEGRE BAKER DANIELS LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
Phone: (612) 766-7000
Email: bridget.ahmann@faegrebd.com

***Counsel for Defendants 3M Company
and Arizant Healthcare Inc.***

**Addendum 1**

**Uncured PFS Core Deficiencies for Cases Listed in Part B**

| Plaintiff/Case Number | Deficiency Letter Sent | Uncured PFS Core Deficiencies | Firm Name |
|---|---|---|---|
| Jordan, Teresa 0:17-cv-01968 | 1/09/2018 | **Section II (Personal Information)** <br> Part 2: No response to driver's license number and state of issue. <br> Part 8: No response to having children. <br> Part 9: No response to educational background. <br> Part 10: No response to employers for last 10 years. <br><br> **Section IV (General Medical Information)** <br> Part 7: No response to pharmacies used. <br><br> **Section V (Insurance/Claim Information)** <br> Part 4: No response to prior disability claims. <br> Part 5: No response to prior lawsuits. <br><br> **Section VI (Current Claim Information)** <br> Part 1: Answered "No" to having suffered physical/bodily injury related to use of Bair Hugger. <br> Part 3: No response to damages related to emotional <br><br> **Medical Authorization:** Not provided. <br> **Verification:** Not provided | Kennedy Hodges, L.L.P. |
| Hufford, Shannon 0:17-cv-02372 | 12/06/2017 | **Section V (Insurance/Claim Information)** <br> Part 5: No response to prior lawsuits. <br><br> **Section IX (Loss of Consortium** | Gustafson Gluek, PLLC |

| | | Part 1: Did not provide spouse's social security number. | |
|---|---|---|---|
| Jones, Regina 0:17-cv-02758 | 12/27/2017 | **Section II (Personal Information)** Part 1: Name, address, SSN, and persons living with plaintiff at time of events at issue provided, but no response to other names used, and length of time at present address. Part 2: No response to driver's license number and state of issue. Part 6: No response to residences for the last 10 years. Part 7: Answered "yes" to being married, but did not provide spouse's date of birth or dates of marriage. Part 8: No response to having children. Part 9: No response to educational background. Part 10: No response to employers for last 10 years. Part 11: No response to prior military service. Part 12: No response to rejection for military service due to medical/physical conditions. Part 13: No response to convictions in the last 10 years  **Section IV (General Medical Information)** Part 7: No response to pharmacies used.  **Section V (Insurance/Claim Information)** Part 4: No response to prior disability claims. Part 5: No response to prior lawsuits. Part 6: No response to prior bankruptcies.  **Section VI (Current Claim Information)** | Kennedy Hodges, L.L.P. |

| | | Part 1: Responded "yes" to having suffered physical/bodily injury related to use of Bair Hugger, but no response to current symptoms, loss of activities, and other physical harm.<br>Part 3: No response to damages related to emotional distress/physiological injuries.<br><br>**Section VII (Economic Damages)**<br>Part 1:  No response to claim for loss of past wages/income.<br>Part 2:  No response to claim for loss of future wages/income.<br><br>**Section IX (Loss of Consortium)**<br>No response to any question<br><br>**Medical Authorization:** Not provided.<br>**Verification:** Not provided | |
|---|---|---|---|
| Hughes, James<br>0:17-cv-03543 | 1/16/2018 | **Section II (Personal Information)**<br>.Part 2: No response to driver's license number and state of issue.<br>Part 3: Date of birth provided but not place of birth.<br>Part 4: No response to sex.<br>Part 5: No response to Medicare HICN number.<br>Part 6: No response to residences for the last 10 years.<br>Part 7: Spouses name provided, but no response to spouse's DOB or dates of marriage.<br>Part 8: No response to having children.<br>Part 9: No response to educational background.<br>Part 10: No response to employers for last 10 years.<br>Part 11: No response to prior military service.<br>Part 12: No response to rejection for military service due to medical/physical conditions. | Kennedy Hodges, L.L.P. |

| | | Part 13: No response to convictions in the last 10 years<br><br>**Section IV (General Medical Information)**<br>Part 1: No response to current or last height/weight.<br>Part 3: No response to healthcare providers seven (7) years prior to surgery.<br>Part 7: No response to pharmacies used.<br>Part 8: No response to prior dental visits.<br>Part 9: No response to use of tobacco.<br>Part 10: No response to use of drugs/alcohol.<br><br>**Section V (Insurance/Claim Information)**<br>Part 4: No response to prior disability claims.<br>Part 5: No response to prior lawsuits.<br>Part 6: No response to prior bankruptcies.<br><br>**Section VI (Current Claim Information)**<br>Part 1: Part 1: Responded "yes" to having suffered physical/bodily injury related to use of Bair Hugger, but no response to current symptoms, loss of activities, and other physical harm.<br>Part 3: No response to damages related to emotional distress/physiological injuries.<br><br>**Section VII (Economic Damages)**<br>Part 1:  No response to claim for loss of past wages/income.<br>Part 2:  No response to claim for loss of future wages/income. | |

| | | | |
|---|---|---|---|
| | | **Section VIII (Persons With Knowledge)**<br>Part 2: No response to persons providing facts/circumstances relating this lawsuit.<br><br>**Medical Authorization:** Not provided.<br>**Verification:** Not provided | |
| Johnson, Barbara<br>0:17-cv-04068 | 12/27/2017 | **Section II (Personal Information)**<br>Part 1: Name, address, SSN, and persons living with plaintiff at time of events at issue, provided, but no response to other names used, and length of time at present address.<br>Part 2: No response to driver's license number and state of issue.<br>Part 6: No response to residences for the last 10 years.<br>Part 7: No response to being married.<br>Part 8: No response to having children.<br>Part 9: No response to educational background.<br>Part 10: No response to employers for last 10 years.<br>Part 11: No response to prior military service.<br>Part 12: No response to rejection for military service due to medical/physical conditions.<br>Part 13: No response to convictions in the last 10 years<br><br>**Section III (Surgery Information)**<br>Part 1: No response to evidence of Bair Hugger use.<br>Part 2: No response to use of laminar air flow system during surgery.<br>Part 3: Hospital name, surgery date/location/ physician, type of surgery, reason for surgery, infections prior to surgery, persons with whom plaintiff discussed risks of surgery, and cause of infection provided, but no response to | Kennedy Hodges, L.L.P. |

| | | | |
|---|---|---|---|
| | | height/weight at time of surgery and medical conditions at time of surgery.<br>Part 4: No response to opinions on causation.<br>Part 5: No response to tests or inspections of Bair Hugger.<br><br>**Section IV (General Medical Information)**<br>Part 1: No response to current or last height/weight.<br>Part 3: No response to healthcare providers seven (7) years prior to surgery.<br>Part 7: No response to pharmacies used.<br>Part 8: No response to prior dental visits.<br>Part 9: No response to use of tobacco.<br>Part 10: No response to use of drugs/alcohol.<br><br>**Section V (Insurance/Claim Information)**<br>Part 4: No response to prior disability claims.<br>Part 5: No response to prior lawsuits.<br>Part 6: No response to prior bankruptcies.<br><br>**Section VI (Current Claim Information)**<br>Part 1: No response to having suffered physical/bodily injury related to use of Bair Hugger.<br>Part 3: No response to damages related to emotional distress/physiological injuries.<br>Part 6: No response regarding Bair Hugger warnings.<br>Part 7: No response regarding 3M/Arizant communications regarding surgery/Bair Hugger. | |

| | | |
|---|---|---|
| | | Part 8: No response regarding 3M/Arizant communication regarding Bair Hugger warranty.<br>Part 9: No response to contacts with Augustine Temperature Management.<br><br>**<u>Section VII (Economic Damages)</u>**<br>Part 1:  No response to claim for loss of past wages/income.<br>Part 2:  No response to claim for loss of future wages/income.<br><br>**<u>Section VIII (Persons With Knowledge)</u>**<br>Part 2: No response to persons providing facts/circumstances relating this lawsuit.<br><br>**<u>Section IX (Loss of Consortium)</u>**<br>No response to any question<br><br>**Medical Authorization:** Not provided.<br>**Verification:** Not provided |

**Addendum 2**

**Uncured PFS Core Deficiencies for Cases Listed in Part C**

| Plaintiff/Case Number | Third Deficiency Letter Sent | Uncured PFS Core Deficiencies | Firm Name |
|---|---|---|---|
| Bradford, Linda 0:17-cv-00288 | 9/29/2017 | **Section II (Personal Information)** Part 9: No dates of attendance provided for educational institutions. Part 10: No address provided for past employer. **Section III (Surgery Information)** Part 1: Answered "no" for information that Bair Hugger was used for surgery. response to evidence of Bair Hugger use. Part 3: Hospital name, surgery date/location/ physician, type of surgery, reason for surgery, provided, but "N/A" for infections prior to surgery, persons with whom plaintiff discussed risks of surgery, cause of infection provided, height/weight at time of surgery, and medical conditions at time of surgery. **Section IV (General Medical Information)** Part 8: No response to prior dental visits. **Section VI (Current Claim Information)** Part 1: No response to having suffered physical/bodily injury related to use of Bair Hugger. Part 3: No date of onset provided for emotional distress/physiological injuries. **Medical Authorization:** Not provided. **Verification:** Signature cropped and pasted from prior verification. | The Law Offices of Travis R. Walker, P.A. |

| Behney, Virginia 0:17-cv-01476 | 12/07/2017 | **Section II (Personal Information)** Part 1: Name, other names used, address, persons living with plaintiff at time of events at issue, and SSN provided, but no response to length of time at present address. Part 2: "Unknown" to driver's license number and state of issue. Part 3: Date of birth provided but not place of birth. Part 6: Residence provided, but no dates of residency. Part 7: Spouse's name provided, but no response to dates of marriage. Part 8: No year of birth provided for one of the children. Part 9: No response to educational background. **Section V (Insurance/Claim Information)** Part 4: No response to prior disability claims. Part 5: No response to prior lawsuits. Part 6: No response to prior bankruptcies. **Section VI (Current Claim Information)** Part 1: Answered "yes" to having suffered physical/bodily injury related to use of Bair Hugger, but no response to current symptoms, lost activities, or other physical harm. Part 3: No response to damages related to emotional distress/physiological injuries. **Section VII (Economic Damages)** Part 1:  No response to claim for loss of past wages/income. Part 2:  No response to claim for loss of future wages/income. | Kennedy Hodges, L.L.P. |

| | | **Medical Authorization:** Not provided. **Verification:** Not provided | |
|---|---|---|---|
| Dorsey, Alma 0:17-cv-01554 | 11/29/2017 | **Section I (Case Information)** Part 1: "Unknown at this time" in response to person completing PFS. Part 4: "Unknown at this time" in response to information on representative completing PFS.<br><br>**Section II (Personal Information)** Part 1: Name, and address, provided, but no response to other names used, SSN, length of time at present address and persons living with plaintiff at time of events at issue. Part 2: "Unknown at this time" in response to driver's license number and state of issue. Part 3: Date of birth provided but not place of birth. Part 6: "Unknown at this time" in response to residences for the last 10 years. Part 7: "Unknown at this time" in response to spouse's information and dates of marriage. Part 8: No date of birth provided for child. Part 9: "Unknown at this time" in response to educational background. Part 10: "Unknown at this time" in response to employers for last 10 years.<br><br>**Section IV (General Medical Information)** Part 1: No response to current or last height/weight. Part 7: "Unknown at this time" in response to pharmacies used.<br><br>**Section VI (Current Claim Information)** | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA |

| | | | |
|---|---|---|---|
| | | Part 1: Answered "yes" to having suffered physical/bodily injury related to use of Bair Hugger, but "Unknown at this time" in response to current symptoms, lost activities, or other physical harm.<br><br>**Medical Authorization:** Not provided.<br>**Verification:** Not provided | |
| Little, Arlene 0:17-cv-01565 | 11/29/2017 | **Section II (Personal Information)**<br>Part 1: Name, address, and SSN provided, but "Unknown" in response to other names used, length of time at present address, and persons living with plaintiff at time of events at issue.<br>Part 2: "Unknown" in response to driver's license number and state of issue.<br>Part 3: Date of birth provided but not place of birth.<br>Part 6: No response to residences for the last 10 years.<br>Part 8: No response to having children.<br>Part 9: No response to educational background.<br>Part 10: No response to employers for last 10 years.<br>Part 11: No response to prior military service.<br>Part 12: No response to rejection for military service due to medical/physical conditions.<br>Part 13: No response to convictions in the last 10 years<br>Part 14: No response to visiting websites regarding patient warming systems.<br>Part 15: No response to internet postings concerning Defendants.<br>Part 16: No response to possession of drawings journals, slides, notes, letters or emails.<br><br>**Section III (Surgery Information)**<br>Part 1: No response to evidence of Bair Hugger use. | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA |

Part 2: No response to use of laminar air flow system during surgery.
Part 3: Hospital name, surgery date/location/ physician, type of surgery, reason for surgery, infections prior to surgery, persons with whom plaintiff discussed risks of surgery, and cause of infection provided, but no response to height/weight at time of surgery and medical conditions at time of surgery.
Part 4: No response to opinions on causation.
Part 5: No response to tests or inspections of Bair Hugger.

**Section IV (General Medical Information)**
Part 1: No response to current or last height/weight.
Part 3: No response to healthcare providers seven (7) years prior to surgery.
Part 7: No response to pharmacies used.
Part 8: No response to prior dental visits.
Part 9: No response to use of tobacco.
Part 10: No response to use of drugs/alcohol.

**Section V (Insurance/Claim Information)**
Part 4: No response to prior disability claims.
Part 5: No response to prior lawsuits.
Part 6: No response to prior bankruptcies.

**Section VI (Current Claim Information)**
Part 1: No response to having suffered physical/bodily injury related to use of Bair Hugger.
Part 3: No response to damages related to emotional distress/physiological injuries.
Part 6: No response regarding Bair Hugger warnings.

| | | | |
|---|---|---|---|
| | | Part 7: No response regarding 3M/Arizant communications regarding surgery/Bair Hugger.<br>Part 8: No response regarding 3M/Arizant communication regarding Bair Hugger warranty.<br>Part 9: No response to contacts with Augustine Temperature Management.<br><br>**Section VII (Economic Damages)**<br>Part 1:  No response to claim for loss of past wages/income.<br>Part 2:  No response to claim for loss of future wages/income.<br><br>**Section VIII (Persons With Knowledge)**<br>Part 2: No response to persons providing facts/circumstances relating this lawsuit.<br><br>**Section IX (Loss of Consortium)**<br>No response to any question | |
| Witherspoon, Richard<br>0:17-cv-02737 | 1/16/2018 | **Section II (Personal Information)**<br>Part 1: Name provided, but no response to other names used, address, SSN, length of time at present address and persons living with plaintiff at time of events at issue.<br>Part 2: No response to driver's license number and state of issue.<br>Part 3: Date of birth provided but not place of birth.<br>Part 4: No response to sex.<br>Part 5: No response to Medicare HICN number.<br>Part 6: No response to residences for the last 10 years.<br>Part 7: No response to being married.<br>Part 8: No response to having children.<br>Part 9: No response to educational background.<br>Part 10: No response to employers for last 10 years. | Brown & Crouppen, P.C. |

| | | |
|---|---|---|
| | | Part 11: No response to prior military service.<br>Part 12: No response to rejection for military service due to medical/physical conditions.<br>Part 13: No response to convictions in the last 10 years<br>Part 14: No response to visiting websites regarding patient warming systems.<br>Part 15: No response to internet postings concerning Defendants.<br>Part 16: No response to possession of drawings journals, slides, notes, letters or emails.<br><br>**Section III (Surgery Information)**<br>Part 1: No response to evidence of Bair Hugger use.<br>Part 3: Hospital name, surgery date/location/ physician, type of surgery, reason for surgery, infections prior to surgery, persons with whom plaintiff discussed risks of surgery, and cause of infection provided, but no response to height/weight at time of surgery and medical conditions at time of surgery.<br>Part 4: No response to opinions on causation.<br>Part 5: No response to tests or inspections of Bair Hugger.<br><br>**Section IV (General Medical Information)**<br>Part 1: No response to current or last height/weight.<br>Part 3: No response to healthcare providers seven (7) years prior to surgery.<br>Part 7: No response to pharmacies used.<br>Part 8: No response to prior dental visits.<br>Part 9: No response to use of tobacco.<br>Part 10: No response to use of drugs/alcohol. | |

| | | | |
|---|---|---|---|
| | | **Section V (Insurance/Claim Information)**<br>Part 4: No response to prior disability claims.<br>Part 5: No response to prior lawsuits.<br>Part 6: No response to prior bankruptcies.<br><br>**Section VI (Current Claim Information)**<br>Part 1: No response to having suffered physical/bodily injury related to use of Bair Hugger.<br>Part 3: No response to damages related to emotional distress/physiological injuries.<br>Part 6: No response regarding Bair Hugger warnings.<br>Part 7: No response regarding 3M/Arizant communications regarding surgery/Bair Hugger.<br>Part 8: No response regarding 3M/Arizant communication regarding Bair Hugger warranty.<br>Part 9: No response to contacts with Augustine Temperature Management.<br><br>**Section VII (Economic Damages)**<br>Part 1:  No response to claim for loss of past wages/income.<br>Part 2:  No response to claim for loss of future wages/income.<br><br>**Section VIII (Persons With Knowledge)**<br>Part 2: No response to persons providing facts/circumstances relating this lawsuit.<br><br>**Section IX (Loss of Consortium)**<br>No response to any question<br><br>**Medical Authorization:** Not provided.<br>**Verification:** Not provided | |