UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

In re: BAIR HUGGER FORCED AIR　　　　　　MDL No. 15-2666 (JNE/FLN)
WARMING DEVICES PRODUCTS
LIABILITY LITIGATION

**ORDER**

---

Kristine Kraft, for Plaintiffs.
Charmaine Harris, Deborah Lewis, and Peter Goss for Defendants.

---

**THIS MATTER** came before the undersigned United States Magistrate Judge on March 20, 2018, on the Court's Order (ECF No. 1178) requiring that Defendants produce to the Court, for *in camera* review, the documents identified in Defendants' privilege log (ECF No. 1132-1).

Defendants have not disclosed the documents identified in their privilege log because they argue this material is not discoverable under either the attorney-client privilege or the work product doctrine. *See generally* ECF No. 1169. Plaintiffs argue that the material identified in Defendants' privilege log must be produced. *See generally* ECF No. 1131. Specifically, Plaintiffs argue that the material is likely related to an October 15, 2015, report regarding Computational Fluid Dynamics ("CFD") generated by 3M Engineers, Andrew Chen and Dave Eaton, and that consistent with this Court's previous privilege Order, Bair Hugger testing is discoverable. *See* ECF No. 1131 at 2.

"Generally, it is well established under common law that confidential communications between an attorney and a client are privileged and not subject to disclosure absent consent of the client." *United States v. Horvath*, 731 F.2d 557, 562 (8th Cir 1984). "The attorney-client privilege extends only to confidential communications made for the purpose of facilitating the rendition of

legal services to the client." *Id.* (citing *In re Malone*, 655 F.2d 882, 886 (8th Cir.1981)).

    (A)    Documents and Tangible Things. Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent). But, subject to Rule 26(b)(4), those materials may be discovered if:

        (i)    they are otherwise discoverable under Rule 26(b)(1); and

        (ii)    the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means. . . .

Fed. R. Civ. P. 26(b)(3)(A).

After reviewing the documents in Defendants' privilege log, it appears to this Court that the majority of the documents disclosed for *in camera* review are client-lawyer communications regarding: (1) CFD testing; (2) Defendants' preparation of CFD demonstratives used in this litigation; (3) the logistics and other arrangements Defendants made to facilitate CFD dry run testing for this litigation; and (4) discussions of CFD test results. This material is not discoverable as it constitutes Defendants' communications with counsel exchanged for the purpose of "facilitating the rendition of legal services to the client." *Horvath*, 731 F.2d at 562.

To the extent that disclosed material contains sketches or other data, this Court concludes that this material is also not discoverable because it is protected work product. Here, any sketches or other data contained in Defendants' privilege log was prepared for CFD testing, analysis, and demonstrations used in this litigation. *See* Fed. R. Civ. P. 26(b)(3)(A). Moreover, Defendants have already disclosed to Plaintiffs Chen and Eaton's October 15, 2015, report, and Plaintiffs have conducted their own CFD testing. At this stage, Plaintiffs' have obtained a substantial equivalent of

any sketches or data identified in Defendants' privilege log. *See* Fed. R. Civ. P. 26(b)(3)(A).

Based upon the foregoing, and all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that those documents identified in Defendants' privilege log (ECF No. 1132-1) are protected by either the attorney-client privilege or the work product doctrine, and are exempt from discovery in this case.

DATED: April 6 2018

_____
FRANKLIN L. NOEL
United States Magistrate Judge