UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: BAIR HUGGER FORCED AIR WARMING DEVICES PRODUCTS LIABILITY LITIGATION | MDL No. 15-2666 (JNE/FLN) |
| This document relates to: | JUDGE: JOAN N. ERICKSEN<br>MAG. JUDGE: FRANKLIN L. NOEL |
| *Hufford v. 3M Company, et al.*<br>Case Action No. 17-cv-02372 | |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

**I.  Background**

3M Company and Arizant Healthcare, Inc. ("Defendants" collectively) have moved this Court for an order dismissing plaintiff Shannon Hufford's claims with prejudice for failure to comply with Pre-Trial Order ("PTO") 14. Docs. 1189 and 1191. Defendants' previous motion for dismissal was denied by this Court without prejudice. Doc. 1167.

Defendants' renewed motion should be denied for two reasons: (a) the preference for resolution of claims on the merits and (b) the failure of Defendant to show the information omitted is prejudicial to its case.

**II.  Argument**

    **a.  Dismissal on the Merits Is Judicially Preferred**

The courts of Minnesota, including this one, have a stated preference for resolving claims on the merits. *Select Comfort Corp. v. Kittaneh*, 161 F. Supp. 3d 724, 728 (D.

Minn. 2014) (citing *Chorosevic v. MetLife Choices*, 600 F.3d 934, 947 (8th Cir.2010)); *Anderson v. Rengachary*, 608 N.W.2d 843, 851 (Minn. 2000) (citing *Sorenson v. St. Paul Ramsey Med. Ctr.*, 457 N.W.2d 188, 193 (Minn.1990)). As applied to the case before the Court, Defendants' motion to dismiss should be denied. Defendants seek a procedural route to dispose of an otherwise meritorious claim. Plaintiff's case was not in the first or second bellwether pool, and there remains ample time for the parties to fully adjudicated, on the merits, the claims at issue.

The preference for adjudication on the merits is bolstered by Plaintiff's participation in the case. Plaintiff has provided medical records of all procedures at issue and served and cured alleged deficiencies in his PFS. Moreover, the structure and organization of the MDL means that the Defendant is not vigorously litigating each and every claim against it on the merits at this time. In fact, PFS deficiencies are often flagged when a party simply leaves a question blank rather than placing an "N/A" in the response line. The deficiency of response can be cured by an "N/A" even where such a response is nonsensical. For example, Defendants do not object to Plaintiff's answer for Section IV question 9, where Hufford indicates that he was a smoker, but under date he began using he replied "N/A." All of which is to suggest, that the Defendants' argument that this information is significant and necessary falls flat, and the interest of justice require that the motion be denied.

### b. The Supplied Information Is Sufficient

At issue are two pieces of information, first, the Plaintiffs participation in prior litigation, and second, the social security number of the Plaintiff's wife. First, in their

renewed motion Defendants suggest that Mr. Hufford's "involvement in prior lawsuits may be directly relevant to his claims or defenses in this case." Defendants fail to identify even a single way that the information may be relevant. Moreover, the information they seek is generally publicly available. A cursory search of PACER as well as the Arkansas court's case information search shows that the only cases Mr. Hufford is involved in are related to the Bair Hugger litigation (Williams Decl. Ex. A)[1], as well as, a divorce proceeding from the mid-90s (Williams Decl. Ex. B)[2]—the Huffords appear to have reconciled, as the case was dismissed.

Second, Defendants identify the failure to provide the social security number of his wife, Jennifer S. Hufford. Plaintiff renews his argument that this information is not core as it pertains to his complaint. The complaint filed by Mr. Hufford on June 29, 2017, lists only himself as plaintiff, and does not make a claim for loss of consortium (Williams Decl. Ex. C). Plaintiff, in an attempt to fully complete his PFS, inadvertently included information on his wife, despite not asserting a claim for loss of consortium. It would be a perversion of justice for his complaint to be dismissed for not providing full information on a question that he did not need to answer.

Plaintiff has attempted to provide Defendants with all required information. The information that is deficient is ancillary to the primary claim or not required to be

---

[1] Two additional cases arise under a search for Shannon Hufford. Neither Shannon Shawn Hufford nor Shannon Gale Hufford are the plaintiff in this matter.
[2] Similarly, there is a case involving the divorce of Shannon Gale Hufford from Greg Hufford, who is not the plaintiff in this case. Mr. Hufford has resided at the same address in Arkansas for the last 11 years.

submitted—e.g. the social security number of Mr. Hufford's wife. As noted above, Plaintiff has filed a PFS, and corrected prior deficiencies. The deficiencies at issue, while part of the core case information, as defined by PTO 14, are not so central as to prejudice Defendants in the prosecution of this case. Given the completeness of the PFS, and the general preference for disposing of cases on the merits, Plaintiff believes that the motion should be denied. Nevertheless, if the Court deems dismissal of Plaintiff's actions to be proper, then the undersigned counsel, respectfully, requests that the case be dismissed without prejudice granting an opportunity for Plaintiff to reinstate their actions.

Dated: April 12, 2018

Respectfully submitted,

/s/ Amanda M. Williams
Amanda M. Williams (MN #0341691)
Eric S. Taubel (MN # 0392491)
GUSTAFSON GLUEK PLLC
120 South Sixth Street, Suite 2600
Minneapolis, MN 55402
Phone: (612) 333-8844
Fax: (612) 339-6622
E-mail: awilliams@gustafsongluek.com
etaubel@gustafsongluek.com

**COUNSEL FOR PLAINTIFF**