UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: BAIR HUGGER FORCED AIR WARMING DEVICES PRODUCTS LIABILITY LITIGATION | MDL No. 15-2666 (JNE/FLN) |
| This Document Relates to:<br>**ALL ACTIONS** | **MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR FURTHER CONSIDERATION OF ORDER ON JOINT MOTION REGARDING CONTINUED SEALING** |

In its Order of March 23, 2018, the Court determined that several exhibits associated with Defendants' motion for summary judgment with respect to general causation should remain under seal. These documents include various internal documents regarding strategic planning (Dkt. 938), customer communications and sales strategy (Dkt. 940, 943), non-public technical planning discussions (Dkt. 944), and documents relating to the design and development of Bair Hugger products not at issue in this litigation (Dkt. 948 at 318-22). Among the documents unsealed by the Court's Order, however, is an internal draft of a protocol created by Arizant employee Al Van Duren in 2007 for a study relating to the Arizant Bair Paws device—a study that never came to fruition. (Dkt. 937).

Like the documents maintained under seal by the Court, this draft document reflects internal scientific and technical planning, and reveals competitive strategy by disclosing relationships between Arizant and its customers and competitive positioning of a product not at issue in these proceedings. The document discusses Arizant's understanding that certain potential customers, for various reasons, might not wish to employ intraoperative

warming and that they might be interested in pre-warming with the Bair Paws gown as a potential alternative. Specifically, with regard to the purported "contraindication" for use of intraoperative warming in orthopedic cases, it mentions an "*unwillingness* to use forced air systems in ultra-clean surgeries *such as* orthopedic cases. ECF 937, p. 3. There is no discussion of a "contraindication" for use of the Bair Hugger system in orthopedics. The Bair Hugger system has never been contraindicated for use in *any* type of surgery, nor is there any legitimate evidence to support such a contraindication.[1]

Read in its entirety, rather than in the cut-and-paste manner Plaintiffs have used it in their summary judgment briefing and at the hearing,[2] the document plainly does not reflect any "admission" about the safety of the Bair Hugger system. Nor does it represent scientific data that would support prewarming with the Bair Paws system as an alternative to intraoperative warming in orthopedic surgeries.

Defendants respectfully request that the Court reconsider that portion of its Order unsealing Dkt. 937, on the grounds that it deserves confidential treatment for the same reasons as the remaining documents maintained under seal. It is a draft document reflecting competitive and scientific information, and pertains to a different product that is not the

---

[1] There is a warning about the potential for burns when the Bair Hugger system is used in procedures where tissue perfusion is compromised, such as in aortic cross-clamping. *See id.* This is not a "contraindication," however.

[2] Although Plaintiffs displayed a selected portion of the document at the October 2017 hearing on Defendants' motion for summary judgment, the document was never displayed in its entirety. The fact that Plaintiffs chose to display an excerpt of Defendants' confidential document does not preclude the Court from maintaining the document under seal. (*See*, *e.g.*, Dkt. 1182 at 2 (maintaining seal over Dkt. 948 at 98-100 which Plaintiffs claim was argued from in open court).)

subject of Plaintiff's claims.  Moreover, in light of the Court's Order on Defendants' case-specific motion for summary judgment, dismissing all but Plaintiff's claim for strict liability claim for design defect, the document is not relevant.  Defendants are concurrently filing a motion *in limine* to that effect.

Defendants understand that the document is likely be unsealed if it is admitted into evidence at trial.  Unless and until that happens, however, the document should be treated as confidential and maintained under seal to protect Defendants from competitive harm.

Dated:  April 19, 2018               Respectfully submitted,

*s/Monica L. Davies*
Jerry W. Blackwell (MN #186867)
Monica L. Davies (MN #0315023)
Benjamin W. Hulse (MN #0390952)
Mary S. Young (MN #0392781)
BLACKWELL BURKE P.A.
431 South Seventh Street, Suite 2500
Minneapolis, MN 55415
Phone: (612) 343-3248
Fax: (612) 343-3205
Email: blackwell@blackwellburke.com
       mdavies@blackwellburke.com
       bhulse@blackwellburke.com
       myoung@blackwellburke.com

Bridget M. Ahmann (MN #016611x)
FAEGRE BAKER DANIELS LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
Phone: (612) 766-7000
Fax: (612) 766-1600
Email: bridget.ahmann@faegrebd.com

**Counsel for Defendants 3M Company and Arizant Healthcare Inc.**