UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

In re: BAIR HUGGER FORCED AIR            MDL No. 15-2666 (JNE/FLN)
WARMING DEVICES PRODUCTS
LIABILITY LITIGATION

                                         ORDER
This Document Relates To:
Case Nos.:   17-cv-288 (*Bradford v. 3M Co.*)
             17-cv-1476 (*Behney v. 3M Co.*)
             17-cv-1554 (*Dorsey v. 3M Co.*)
             17-cv-1565 (*Little v. 3M Co.*)
             17-cv-1968 (*Jordan v. 3M Co.*)
             17-cv-2737 (*Witherspoon v. 3M Co.*)
             17-cv-2758 (*Jones v. 3M Co.*)
             17-cv-3543 (*Hughes v. 3M Co.*)
             17-cv-4068 (*Johnson v. 3M Co.*)
             17-cv-4637 (*Mackey v. 3M Co.*)
             17-cv-4642 (*Smith v. 3M Co.*)
             17-cv-4651 (*Knight v. 3M Co.*)
             17-cv-4652 (*Leaf v. 3M Co.*)
             17-cv-4775 (*Reinhardt v. 3M Co.*)

Defendants 3M Company and Arizant Healthcare, Inc., moved to dismiss eighteen

member cases in the *Bair Hugger* MDL, including the above-captioned, for Plaintiffs'

failure to comply with Pretrial Order No. 14 ("PTO 14," MDL Dkt. No. 117). Mot.,

MDL Dkt. No. 1189. Defendants withdrew their Motion as to Mark McEvoy (17-cv-

4885), Shannon Hufford (17-cv-2372), Karen Potter (17-cv-4881) and Mildred L.

Thornton (17-cv-4889). MDL Dkt. Nos. 1214, 1234.

The Court now decides the Motion as to the fourteen above-captioned Plaintiffs.

Plaintiffs must complete and serve Plaintiff Fact Sheets in lieu of interrogatories. *See*

Dismissal Order 1-2 (July 24, 2017), MDL Dkt. No. 622. Because PTO 14 triggers

express warnings of dismissal and gives plaintiffs opportunities to cure noncompliance,

the Court may dismiss a case with prejudice if plaintiff has failed to comply with that Order despite those warnings and opportunities. Dismissal Order 1-3 (Dec. 21, 2017), MDL Dkt. No. 1028; *see* Fed. R. Civ. P. 41(b) (allowing dismissal for failure to comply with court orders). The Court may also dismiss a case for plaintiff's failure to prosecute. Fed. R. Civ. P. 41(b). Defendants here have made an initial showing that the above-captioned Plaintiffs should be dismissed for failing to comply with PTO 14. MDL Dkt. Nos. 1126-27. So, to resist dismissal, these Plaintiffs must oppose the Motion. *See* PTO 14 ¶ 8.

**I. The Motion is granted as to the five Plaintiffs who did not respond to it.**

Plaintiffs Alma Dorsey (17-cv-1554), Kyle Knight (17-cv-4651), Loretta Leaf (17-cv-4652), Arlene Little (17-cv-1565) and Richard Witherspoon (17-cv-2737) did not respond to and so do not oppose the Motion. The Court thus **GRANTS** the Motion as to these five Plaintiffs and **DISMISSES** their cases <u>with prejudice</u> for failing to comply with PTO 14 and failing to prosecute.

**II. The Motion is granted as to the eight Plaintiffs who have stopped communicating with counsel and have not disputed the Motion's merits.**

For Plaintiffs Virginia Behney (17-cv-1476), James B. Hughes (17-cv-3543), Barbara S. Johnson (17-cv-4068), Regina Jones (17-cv-2758), Teresa Jordan (17-cv-1968), Carolyn Mackey (17-cv-4637), Rhonda Reinhardt (17-cv-4775) and Diana & Brian Smith (17-cv-4642), counsel responds to the Motion but does not dispute that these eight Plaintiffs have failed to comply with PTO 14. To oppose the Motion, Plaintiffs must dispute its merits. *See* Dismissal Order 2 (July 24, 2017) (deeming counsel's log of "unsuccessful attempts to enlist [plaintiff's] cooperation" non-opposition), MDL Dkt.

No. 622.  Plaintiffs' counsel instead explains that these eight Plaintiffs have stopped communicating with counsel:

| Plaintiff | Case No. | Last Contact | MDL Dkt. No. |
|-----------|----------|--------------|--------------|
| Behney | 17-cv-1476 | "several months" ago | 1216 ¶ 5 |
| Hughes | 17-cv-3543 | "several months" ago | 1212 ¶ 5 |
| Johnson | 17-cv-4068 | "several months" ago | 1208 ¶ 5 |
| Jones | 17-cv-2758 | "several months" ago | 1210 ¶ 5 |
| Jordan | 17-cv-1968 | "several months" ago | 1205 ¶ 5 |
| Mackey | 17-cv-4637 | December 7, 2017 | 1199, at 2 |
| Reinhardt | 17-cv-4775 | before December 7, 2017 | 1197, at 2 |
| Smith | 17-cv-4642 | November 21, 2017 | 1201, at 2 |

This explanation does not go to the Motion's merits.  So, these eight Plaintiffs have not opposed the Motion, as they had to.  The Court thus **GRANTS** the Motion as to these eight Plaintiffs and **DISMISSES** their cases <u>with prejudice</u> for failing to comply with PTO 14 and failing to prosecute.

**III.  The Motion is denied without prejudice to renew as to Plaintiff Linda C. Bradford.**

Plaintiff Linda C. Bradford (17-cv-288) says she served Defendants with a completed Plaintiff Fact Sheet on April 6, 2018.  17-cv-288 Dkt. No. 6.  To allow Defendants to assess this Plaintiff Fact Sheet for completeness, the Court **DENIES** the Motion as to Bradford without prejudice to renew.

Based on the files, records, and proceedings herein, IT IS SO ORDERED THAT:

1.  Defendants 3M Company and Arizant Healthcare Inc.'s Motion to Dismiss for Failure to Comply with Pretrial Order No. 14 ("Motion") [Dkt. No. 1189] is GRANTED.

2.  The following fourteen cases are DISMISSED WITH PREJUDICE because the Motion is GRANTED as to them:  17-cv-1476 (*Behney v. 3M Co.*), 17-cv-1554 (*Dorsey v. 3M Co.*), 17-cv-1565 (*Little v. 3M Co.*), 17-cv-1968 (*Jordan v. 3M Co.*), 17-cv-2737 (*Witherspoon v. 3M Co.*), 17-cv-2758 (*Jones v. 3M Co.*), 17-cv-3543 (*Hughes v. 3M Co.*), 17-cv-4068 (*Johnson v. 3M Co.*), 17-cv-4637

(*Mackey v. 3M Co.*), 17-cv-4642 (*Smith v. 3M Co.*), 17-cv-4651 (*Knight v. 3M Co.*), 17-cv-4652 (*Leaf v. 3M Co.*) and 17-cv-4775 (*Reinhardt v. 3M Co.*).

3.  The Motion is DENIED without prejudice to renew as to 17-cv-288 (*Bradford v. 3M Co.*).

Dated: May 1, 2018                                      s/ Joan N. Ericksen
                                                JOAN N. ERICKSEN
                                                United States District Judge