## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

In re: BAIR HUGGER FORCED AIR
WARMING DEVICES PRODUCTS
LIABILITY LITIGATION

This Document Relates to:
Case Nos.:
17-cv-01494 *(Six v. 3M Co., et al.)*
17-cv-02114 *(Harms v. 3M Co., et al.)*
17-cv-02534 *(Duran v. 3M Co., et al.)*
17-cv-03496 *(Aker v. 3M Co., et al.)*
17-cv-03747 *(Jackson v. 3M Co., et al.)*
17-cv-03848 *(Boughner v. 3M Co., et al.)*
17-cv-04537 *(Echard v. 3M Co., et al.)*
17-cv-04623 *(Guobadia v. 3M Co., et al.)*

MDL No. 15-2666 (JNE/FLN)

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO COMPLY WITH PRETRIAL ORDER NO. 14

Pursuant to the Court's Pretrial Order No. 14 ("PTO 14"), entered September 27, 2016, Defendants 3M Company and Arizant Healthcare, Inc. (collectively, "Defendants") respectfully move the Court to dismiss the following plaintiffs' cases for failure to comply with PTO 14:

| Case Number | Plaintiff | Firm Name |
|---|---|---|
| 0:17-cv-01494-JNE-FLN | Six | Todd Hendrickson, P.C. |
| 0:17-cv-02114-JNE-FLN | Harms | Kennedy Hodges, L.L.P. |
| 0:17-cv-02534-JNE-FLN | Duran | Kennedy Hodges, L.L.P. |
| 0:17-cv-03496-JNE-FLN | Aker | McGlynn, Glisson & Mouton |
| 0:17-cv-03747-JNE-FLN | Jackson | Schlichter, Bogard & Denton, LLP |
| 0:17-cv-03848-JNE-FLN | Boughner | Kennedy Hodges, L.L.P. |
| 0:17-cv-04537-JNE-FLN | Echard | Gustafson Gluek, P.L.L.P. |
| 0:17-cv-04623-JNE-FLN | Guobadia | The Webster Law Firm |

As set forth below, there are two (2) categories of cases where plaintiffs have failed to serve a Plaintiff Fact Sheet ("PFS") compliant with the requirements set forth by the Court in PTO 14: (a) cases where plaintiff served a PFS with core deficiencies, and failed to cure them or otherwise respond to Defendants' first or second deficiency letter; and (b) a case where the plaintiff served a PFS with core deficiencies, and failed to cure them after Defendants' third deficiency letter.  Defendants placed the above cases on the agenda for two sequential Court status conferences, and dismissal with prejudice is therefore appropriate under PTO 14, ¶ 8.

## ARGUMENT

The Court's Pretrial Order No. 14, entered September 27, 2016, sets forth the protocol for the form and service of the PFS, signed medical authorization, and supporting documents in cases filed in and transferred to this proceeding.  Under PTO 14, a plaintiff whose case was pending on the date of the order was required to serve a completed and signed PFS, medical authorization, and supporting documents within 90 days of the date of the order.  (PTO 14, ¶ 2.)  For a plaintiff whose case was transferred after the date of the order, the due date for service of these same documents is 90 days after the filing of the plaintiff's complaint or completion of the transfer to this proceeding, whichever is later. *Id*.  All PFSs must be verified by the individual plaintiff under oath.  (*See* PTO 14, ¶ 3.)

Once a PFS has been served, defendants have four (4) weeks from receipt within which to notify plaintiff's counsel of any core deficiencies to the PFS, "defined as a lack of response to all questions in Section I, Section II, and Section III; Section IV, questions 1, 3, 7, 8, 9, 10; Section V, questions 5, 6, and 7; Section VI, questions 1, 3, 6, 7, 8, and 9;

Section VII, questions 1 and 2; Section 8, question 2; Section IX, questions 1, 3, and 4; or lack of signed medical authorizations." (PTO 14, ¶ 4.)

If defendants timely serve a letter outlining the deficiencies to the PFS, plaintiff's counsel is required to respond in writing within three (3) weeks of the date of service by: "(1) curing the alleged deficiencies; (2) disputing the alleged deficiencies and setting forth reasons the PFS is not deficient; or (3) explaining why the alleged deficiencies cannot be timely cured." (PTO 14, ¶ 6.)

Cases where there are disputes concerning PFS deficiencies requiring the Court's attention may be placed on the Court's status conference agenda. (PTO 14, ¶ 7.) Should a case appear on the agenda for two (2) sequential status conferences, "Defendants may make a motion for dismissal for failure to comply with this Court's Pretrial Order as to the allegedly delinquent party." (PTO 14, ¶ 8.)

### A. Cases Where a PFS Was Served with Core Deficiencies, and Plaintiff Failed to Cure or Otherwise Respond to Defendants' Deficiency Letter

Defendants are seeking dismissal of the following seven (7) cases where: (1) plaintiffs each submitted a PFS that contained core deficiencies, (2) Defendants notified plaintiffs of the core deficiencies,[1] and (3) plaintiffs failed to cure or otherwise respond to the Defendants' first and/or second deficiency letter:

---

[1] *See* Declaration of Benjamin W. Hulse ("Hulse Decl."), Ex. A (Deficiency letters sent to Plaintiffs listed in Part A).

| Case Number | Plaintiff | Deficiency Letter Sent | Firm Name |
|---|---|---|---|
| 0:17-cv-02114-JNE-FLN | Harms | 1/17/2018 | Kennedy Hodges, L.L.P. |
| 0:17-cv-02534-JNE-FLN | Duran | 2/05/2018 | Kennedy Hodges, L.L.P. |
| 0:17-cv-03496-JNE-FLN | Aker | 1/11/2018 | McGlynn, Glisson & Mouton |
| 0:17-cv-03747-JNE-FLN | Jackson | 1/30/2018 | Schlichter, Bogard & Denton, LLP |
| 0:17-cv-03848-JNE-FLN | Boughner | 2/05/2018 | Kennedy Hodges, L.L.P. |
| 0:17-cv-04537-JNE-FLN | Echard | 1/30/2018 | Gustafson Gluek, P.L.L.P. |
| 0:17-cv-04623-JNE-FLN | Guobadia | 2/05/2018 | The Webster Law Firm |

To comply with PTO 14, each plaintiff was required to respond to Defendants' deficiency letter by either curing or disputing the deficiencies, or explaining why the deficiencies could not be cured.  (*See* PTO 14, ¶ 6.)  Plaintiffs above failed to respond to Defendants' deficiency letters, and numerous core deficiencies remain uncured. *See attached* Addendum 1 (outlining PFS core deficiencies for each plaintiff in Part A).

**B. Cases Where a PFS Was Served with Core Deficiencies, and Plaintiff Failed to Cure Following Defendants' Third Deficiency Letter**

Defendants are also seeking dismissal of the following case where: (1) the plaintiff served an original PFS, (2) Defendants notified the plaintiff of the core deficiencies on three separate occasions, and (3) the plaintiff failed to cure the core deficiencies identified in Defendants' third (and final) deficiency letter: [2]

---

[2]*See* Hulse Decl., Ex. B (Third Deficiency Letter sent to Plaintiff listed in Part B).

| Case Number | Plaintiff | Third Deficiency Letter Sent | Firm Name |
|---|---|---|---|
| 0:17-cv-01494-JNE-FLN | Six | 2/02/2018 | Todd Hendrickson, P.C. |

Defendants sent the plaintiff above three (3) deficiency letters providing notice of the outstanding core deficiencies in his or her PFS, and to date the core deficiencies have not be cured.  *See attached* Addendum 2 (outlining uncured core deficiencies remaining for each plaintiff in Part B).

**C. All Cases Were on the Agenda for Two (2) Sequential Status Conferences**

Defendants placed before the Court the cases set forth above in Parts A, and B for two sequential Court status conferences – the first on March 15, 2018, and the second on April 19, 2018.[3]   Consistent with the Court's recent orders dismissing with prejudice several plaintiffs' cases for failure to comply with PTO 14, the above cases are ripe for dismissal with prejudice under PTO 14, ¶ 8.

**D. The Court Should Dismiss Plaintiffs' Cases with Prejudice**

The Court's authority to dismiss these cases with prejudice is beyond question, and indeed was exercised by the Court recently in its orders entered June 16, 2017 (Dkt. No. 577), July 24, 2017 (Dkt. No. 622), August 25, 2017 (Dkt. No. 692), September 27, 2017

---

[3] *See* Hulse Decl., Ex. C (March 9, 2018 email from B. Hulse to Court attaching Defendants' March PFS Lists 1, 2, and 3) and Ex. D (April 13, 2018 email from B. Hulse to Court attaching Defendants' April PFS Lists 1, 2, and 3).  Although the April 19th status conference was cancelled, Defendants still placed the cases set forth above in Parts A, and B before the Court as required under PTO 14, ¶ 8.  *See* Hulse Decl., Ex. D.

(Dkt. No. 862), December 18, 2017 (Dkt. No. 1026), January 19, 2018 (Dkt. No. 1060), February 15, 2018 (Dkt. No. 1100), March 12, 2018 (Dkt. No. 1167) (dismissing with prejudice multiple plaintiffs' cases for failure to comply with PTO 14).  The Court has made clear that "[e]ven for failures to respond, noncompliance with a court order can 'constitute[] a pattern of intentional delay meriting dismissal with prejudice' under Rule 41(b)." (*See* Order, MDL 15-2666, Dkt. No. 862, at 2 (internal citation omitted).)  The Court further explained that PTO 14 required plaintiffs to respond to requests for information in the PFS in lieu of discovery, provided plaintiffs with the opportunity to cure any deficiencies, and "warned expressly of dismissal" should plaintiffs fail to comply.  (*Id.*)  Plaintiffs also were warned through the Court's prior orders dismissing with prejudice cases for failure to comply with PTO 14.  (*Id.*)  Accordingly, "if PTO 14's opportunity to cure has run, a plaintiff's continued noncompliance is a pattern of intentional delay" warranting dismissal with prejudice.  (*Id.*)

Plaintiffs identified above have failed to comply with PTO 14 by either providing no response to Defendants' deficiency letters (Part A cases), or failing to cure deficiencies after service of Defendants' third deficiency letter (Part B cases).  Because all of the cases identified above in Parts A and B were listed on at least two sequential status conference agendas, "the opportunity to cure has run." Accordingly, dismissal of these cases with prejudice is proper and appropriate.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court dismiss with prejudice the following cases:

| Case Number | Plaintiff | Firm Name |
|---|---|---|
| 0:17-cv-01494-JNE-FLN | Six | Todd Hendrickson, P.C. |
| 0:17-cv-02114-JNE-FLN | Harms | Kennedy Hodges, L.L.P. |
| 0:17-cv-02534-JNE-FLN | Duran | Kennedy Hodges, L.L.P. |
| 0:17-cv-03496-JNE-FLN | Aker | McGlynn, Glisson & Mouton |
| 0:17-cv-03747-JNE-FLN | Jackson | Schlichter, Bogard & Denton, LLP |
| 0:17-cv-03848-JNE-FLN | Boughner | Kennedy Hodges, L.L.P. |
| 0:17-cv-04537-JNE-FLN | Echard | Gustafson Gluek, P.L.L.P. |
| 0:17-cv-04623-JNE-FLN | Guobadia | The Webster Law Firm |

Dated: May 3, 2018

Respectfully submitted,

*s/Benjamin W. Hulse*

Jerry W. Blackwell (MN #186867)
Benjamin W. Hulse (MN #0390952)
Mary S. Young (MN #0392781)
BLACKWELL BURKE P.A.
431 South Seventh Street, Suite 2500
Minneapolis, MN 55415
Phone: (612) 343-3200
Fax: (612) 343-3205
Email: blackwell@blackwellburke.com
       bhulse@blackwellburke.com
       myoung@blackwellburke.com

Bridget M. Ahmann (MN #016611x)
FAEGRE BAKER DANIELS LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
Phone: (612) 766-7000
Email: bridget.ahmann@faegrebd.com

**Counsel for Defendants 3M Company and Arizant Healthcare Inc.**

**Addendum 1**

**Uncured PFS Core Deficiencies for Cases Listed in Part A**

| Plaintiff/Case Number | Deficiency Letter Sent | Uncured PFS Core Deficiencies | Firm Name |
|---|---|---|---|
| Harms, Bobby 0:17-cv-02114 | 1/17/2018 | **Section II (Personal Information)** Part 1: Name, other names used, address, persons living with plaintiff at time of events at issue, and SSN provided, but no response to length of time at present address. Part 2: No response to driver's license number and state of issue. Part 3: Date of birth provided but not place of birth. Part 6: No response to residences for the last 10 years. Part 8: No response to having children. Part 9: No response to educational background. Part 10: No response to employers for last 10 years. Part 11: No response to prior military service. Part 12: No response to rejection for military service due to medical/physical conditions. Part 13: No response to convictions in the last 10 years Part 14: No response to visiting websites regarding patient warming systems. Part 15: No response to internet postings concerning Defendants. Part 16: No response to possession of drawings journals, slides, notes, letters or emails. <br><br>**Section III (Surgery Information)** Part 3: Hospital name, surgery date/location/ physician, type of surgery, reason for surgery, infections prior to | Kennedy Hodges, L.L.P. |

surgery, persons with whom plaintiff discussed risks of surgery, medical conditions at time of surgery, and cause of infection provided, but no response to height/weight at time of surgery.

**<u>Section IV (General Medical Information)</u>**
Part 1: No response to current or last height/weight.
Part 7: No response to pharmacies used.
Part 8: No response to prior dental visits.
Part 9: No response to use of tobacco.
Part 10: No response to use of drugs/alcohol.

**<u>Section V (Insurance/Claim Information)</u>**
Part 4: No response to prior disability claims.

**<u>Section VI (Current Claim Information)</u>**
Part 1: No response to having suffered physical/bodily injury related to use of Bair Hugger.
Part 3: No response to damages related to emotional distress/physiological injuries.

**<u>Section VII (Economic Damages)</u>**
Part 1:  No response to claim for loss of past wages/income.
Part 2:  No response to claim for loss of future wages/income.

**<u>Section VIII (Persons With Knowledge)</u>**
Part 2: No response to persons providing facts/circumstances relating this lawsuit.

**<u>Section IX (Loss of Consortium)</u>**

| | | | |
|---|---|---|---|
| | | No response to any question<br><br>**Medical Authorization:** Not provided.<br>**Verification:** Not provided | |
| Duran, Connie<br>0:17-cv-02534 | 2/05/2018 | **Section II (Personal Information)**<br>Part 1: Name, other names used, address, persons living with plaintiff at time of events at issue, and SSN provided, but no response to length of time at present address.<br>Part 2: No response to driver's license number and state of issue.<br>Part 6: Address for residences for the last 10 years provided, but no response to start/end dates of residency.<br>Part 8: Identified children but did not provide years of birth.<br>Part 9: No response to educational background.<br>Part 10: No response to employers for last 10 years.<br><br>**Section IV (General Medical Information)**<br>Part 1: Provided current or last height, but no response to weight.<br>Part 7: No response to pharmacies used.<br>Part 8: No response to prior dental visits.<br><br>**Section VIII (Persons With Knowledge)**<br>Part 2: No response to persons providing facts/circumstances relating this lawsuit.<br><br>**Medical Authorization:** Not provided.<br>**Verification:** Not provided | Kennedy Hodges, L.L.P. |
| Aker, Mary<br>0:17-cv-03496 | 1/11/2018 | **Section II (Personal Information)**<br>Part 1: Name, address, and SSN provided, but no response to other names used, length of time at present | McGlynn, Glisson & Mouton |

| | | | |
|---|---|---|---|
| | | address and persons living with plaintiff at time of events at issue.<br>Part 2: No response to driver's license number and state of issue.<br>Part 3: Date of birth provided but not place of birth.<br>Part 5: No response to Medicare HICN number.<br>Part 6: No response to residences for the last 10 years.<br>Part 8: No response to having children.<br>Part 9: No response to educational background.<br>Part 10: No response to employers for last 10 years.<br>Part 11: No response to prior military service.<br>Part 12: No response to rejection for military service due to medical/physical conditions.<br>Part 13: No response to convictions in the last 10 years<br><br>**Section III (Surgery Information)**<br>Part 3: Hospital name, surgery date/location/ physician, type of surgery, reason for surgery, persons with whom plaintiff discussed risks of surgery, and cause of infection provided, but no response to height/weight at time of surgery, infections prior to surgery, persons with whom plaintiff discussed risks of surgery, and medical conditions at time of surgery.<br><br>**Section IV (General Medical Information)**<br>Part 1: No response to current or last height/weight.<br>Part 3: No response to healthcare providers seven (7) years prior to surgery.<br>Part 7: No response to pharmacies used. | |

| | | Part 8: No response to prior dental visits.<br>Part 9: No response to use of tobacco.<br>Part 10: No response to use of drugs/alcohol.<br><br>**Section V (Insurance/Claim Information)**<br>Part 4: No response to prior disability claims.<br>Part 5: No response to prior lawsuits.<br>Part 6: No response to prior bankruptcies.<br><br>**Section VI (Current Claim Information)**<br>Part 1: No response to having suffered physical/bodily injury related to use of Bair Hugger.<br>Part 3: No response to damages related to emotional distress/physiological injuries.<br><br>**Section VII (Economic Damages)**<br>Part 1:  No response to claim for loss of past wages/income.<br>Part 2:  No response to claim for loss of future wages/income.<br><br>**Section VIII (Persons With Knowledge)**<br>Part 2: No response to persons providing facts/circumstances relating this lawsuit.<br><br>**Section IX (Loss of Consortium)**<br>No response to any question<br><br>**Medical Authorization:** Not provided.<br>**Verification:** Not provided | |
| Jackson, Deloise<br>0:17-cv-03747 | 1/30/2018 | **Section II (Personal Information)**<br>Part 1: Name, address, and SSN provided, but no response to other names used, length of time at present | Schlichter, Bogard & Denton, LLP |

| | | | |
|---|---|---|---|
| | | address and persons living with plaintiff at time of events at issue.<br>Part 2: Driver's license number provided, but no state of issue.<br>Part 7: Indicates she was married but did not provide spouse's information or dates of marriage.<br>Part 8: Indicates having children, but does not provide years of birth.<br><br>**<u>Section VI (Current Claim Information)</u>**<br>Part 1: Physical injury and date of onset provided, but responded "Will Supplement" to current symptoms, lost activities, and other physical harm. physical/bodily injury related to use of Bair Hugger.<br><br>**Medical Authorization:** Not provided.<br>**Verification:** Not provided | |
| Boughner, Roland<br>0:17-cv-03848 | 2/05/2018 | **<u>Section II (Personal Information)</u>**<br>Part 2: No response to driver's license number and state of issue.<br>Part 8: No response to having children.<br>Part 9: No response to educational background.<br>Part 10: No response to employers for last 10 years.<br><br>**<u>Section III (Surgery Information)</u>**<br>Part 1: No response to evidence of Bair Hugger use.<br>Part 2: No response to use of laminar air flow system during surgery.<br>Part 3: Hospital name, surgery date/location/ physician, type of surgery, reason for surgery, infections prior to surgery, persons with whom plaintiff discussed risks of surgery, medical conditions at time of surgery, and cause of infection provided, but responded | Kennedy Hodges, L.L.P. |

| | | | |
|---|---|---|---|
| | | "unknown" to height/weight at time of surgery.<br><br>**Medical Authorization:** Signature cropped from another document.<br>**Verification:** Signature cropped from another document. | |
| Echard, Audrey<br>0:17-cv-04537 | 1/30/2018 | **Section II (Personal Information)**<br>Part 1: Name, other names used, address, and SSN provided, but no response to length of time at present address, and persons living with plaintiff at time of events at issue.<br>Part 2: No response to driver's license number and state of issue.<br>Part 3: Date of birth provided but not place of birth.<br>Part 5: No response to Medicare HICN number.<br>Part 6: Provides residences, but no response to dates of residency.<br>Part 7: Indicates married, but does not provide spouse's information or dates of marriage.<br>Part 8: No response to having children.<br>Part 9: No response to educational background.<br>Part 10: No response to employers for last 10 years.<br><br>**Section III (Surgery Information)**<br>Part 1: No response to evidence of Bair Hugger use.<br>Part 2: No response to use of laminar air flow system during surgery.<br>Part 3: Hospital name, surgery date/location/ physician, type of surgery, reason for surgery, and weight at time of surgery provided, but no response to height at time of surgery, infections prior to surgery, persons with whom plaintiff discussed risks of surgery, | Gustafson<br>Gluek,<br>P.L.L.P. |

|  |  | cause of infection, and medical conditions at time of surgery.<br>Part 4: No response to opinions on causation.<br>Part 5: No response to tests or inspections of Bair Hugger.<br><br>**Section IV (General Medical Information)**<br>Part 1: No response to current or last height/weight.<br>Part 7: No response to pharmacies used.<br>Part 8: No response to prior dental visits.<br>Part 9: No response to use of tobacco.<br>Part 10: No response to use of drugs/alcohol.<br><br>**Section V (Insurance/Claim Information)**<br>Part 4: No response to prior disability claims.<br>Part 5: No response to prior lawsuits.<br>Part 6: No response to prior bankruptcies.<br><br>**Section VI (Current Claim Information)**<br>Part 1: Indicates physical injury and provides date she became aware, but no response to current symptoms, lost activities, and other physical harm.<br>Part 3: No response to damages related to emotional distress/physiological injuries.<br>Part 6: No response regarding Bair Hugger warnings.<br>Part 7: No response regarding 3M/Arizant communications regarding surgery/Bair Hugger.<br>Part 8: No response regarding 3M/Arizant communication regarding Bair Hugger warranty. |  |

| | | Part 9: No response to contacts with Augustine Temperature Management.<br><br>**Section VII (Economic Damages)**<br>Part 1:  No response to claim for loss of past wages/income.<br>Part 2:  No response to claim for loss of future wages/income.<br><br>**Section VIII (Persons With Knowledge)**<br>Part 2: No response to persons providing facts/circumstances relating this lawsuit.<br><br>**Section IX (Loss of Consortium)**<br>Part 1: Name, other names used, and address provided, but no response to length of time at present address and SSN.<br>Part 3: Provides residences, but no response to dates of residency.<br>Part 4: Indicates married, but does not provide dates, duration or information on termination of marriage.<br><br>**Medical Authorization:** Not provided.<br>**Verification:** Not provided | |
|---|---|---|---|
| Guobadia, Maxine 0:17-cv-04623 | 2/05/2018 | **Section II (Personal Information)**<br>Part 7: Indicates married, and provides dates of marriage, but no birthdate provided for spouse. No response to being married.<br>Part 10: No address provided employers for last 10 years.<br>Part 13: Answered "yes" to convictions, but no date of conviction provided, and description of underlying conduct is "nothing dishonest but illegal"<br><br>**Section III (Surgery Information)**<br>Part 1: Indicates Bair Hugger is connected to infection, but responded "can't recall" for when information was | The Webster Law Firm |

| | | | |
|---|---|---|---|
| | | discovered and "unknown" for how plaintiff learned of Bair Hugger use.<br><br>**<u>Section IV (General Medical Information)</u>**<br>Part 7: Pharmacies provided, but no response to dates of use and phone number (for 1 of 2) is not provided.<br><br>**<u>Section VI (Current Claim Information)</u>**<br>Part 1: Indicates physical/bodily injury related to use of Bair Hugger but answered "can't recall" for approximated date of discovery.<br><br>**Medical Authorization:** Not provided.<br>**Verification:** Not provided | |

**Addendum 2**

**Uncured PFS Core Deficiencies for Case Listed in Part B**

| Plaintiff/Case Number | Third Deficiency Letter Sent | Uncured PFS Core Deficiencies | Firm Name |
|---|---|---|---|
| Six, John 0:17-cv-01494 | 2/02/2018 | **Section II (Personal Information)** Part 10: No address provided for employers for the last 10 years. **Section III (Surgery Information)** Part 1: Stated that evidence of Bair Hugger use was found in anesthesiology records, but responded "attorney discovered it" to question as to when the information was discovered. **Section VI (Current Claim Information)** Part 3: No date of onset provided for emotional distress/physiological injuries. **Verification:** Signature on verification page is cropped and pasted from a prior verification. | Todd Hendrickson, P.C. |