UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

In re: BAIR HUGGER FORCED AIR          MDL No. 15-2666 (JNE/FLN)
WARMING DEVICES PRODUCTS
LIABILITY LITIGATION

**ORDER**

---

Monica Davies and Bridget Ahmann, for Defendants.

---

**THIS MATTER** came before the undersigned United States Magistrate Judge on Defendants' motion for further consideration of sealing (ECF No. 1223). In the instant motion, Defendants request that the Court further consider its March 23, 2018, Order, which sealed a number of docket entries and unsealed a number of docket entries, including sealing docket entry 937. *See* Order, ECF No. 1182. Plaintiffs have not responded to the instant motion, and the time to do so has now passed. *See* L. R. D. Minn. 5.6(3); 7.1(b).

Defendants request "that the Court reconsider that portion of its Order unsealing Dkt. 937, on the grounds that it deserves confidential treatment for the same reasons as the remaining documents maintained under seal." ECF No. 1224 at 2. Defendants maintain that docket entry 937 "reflects internal scientific and technical planning, and reveals competitive strategy by disclosing relationships between Arizant and its customers and competitive positioning of a product not at issue in these proceedings." *Id.* at 1. Defendants also argue that "in light of the Court's Order on Defendants' case specific motion for summary judgment, dismissing all but Plaintiff's claim for strict liability claim for design defect, [docket entry 937] is not relevant." *Id.* at 3.

After reviewing Defendants' request, the Court disagrees and will publically maintain docket

entry 937. Under Local Rule 5.6, the Court must begin its further consideration of its sealing Order with the presumption that the public has a qualified right of access to material filed on the docket in this litigation, including docket entry 937. The Court then next considers whether Defendants' need for confidentiality over docket entry 937 outweighs the public's right of access. *See* L. R. D. Minn. 5.6 advisory committee's note (2017). Whether docket entry 937 is relevant is not controlling. Indeed, relevancy is not at all a factor listed in Local Rule 5.6. In addition, that docket entry 937 contains an unpublished report is not controlling; the document is part of the docket in this litigation, and as such, the public has a qualified right to view it.

As to docket entry 937's substance, assuming without deciding that it relates to Defendants' competitive strategy, that strategy is not facially obvious from the document. Docket entry 937 does not disclose product placement information, market share analysis, marketing priority, Defendants' competitive position in the market place, or readily identify Defendants' customer data or tendencies. Docket entry 937 is simply an unpublished paper examining the potential benefits of using the Bair Paws device. The paper falls well short of making specific, confidential findings regarding the Bair Hugger device. On balance, Defendants' need to maintain docket entry 937 under seal is outweighed by the public's *right* of access. *See id.*

Based upon all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendants' motion for further consideration of sealing (ECF No. 1223) is **DENIED**. Docket entry 937, identified in the motion for reconsideration, will be unsealed.

DATED: May 2, 2018

FRANKLIN L. NOEL
United States Magistrate Judge

2