UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

In re: BAIR HUGGER FORCED AIR
WARMING DEVICES PRODUCTS
LIABILITY LITIGATION

MDL No. 15-2666 (JNE/FLN)

**ORDER**

_____

Michael Ciresi, Ben Gordon, and Genevieve Zimmerman, for Plaintiffs.
Monica Davies and Bridget Ahmann, for Defendants.
_____

**THIS MATTER** came before the undersigned United States Magistrate Judge on Plaintiffs'

motion for further consideration of order on joint motion regarding continued sealing (ECF No.

1227). In the instant motion, Plaintiffs request that the Court further consider its March 23, 2018,

Order, which permanently unsealed and sealed and redacted a number of docket entries, including

sealing or redacting docket entries 879, 881, 883, 887, 891, 895, 900, 901, 903, 905, 780, 803, 789,

935, 938, 940, 942, 943, 944, 945, 948, 866, 868, 915, 924, 918, 925, 929, and 921. *See* Order, ECF

No. 1182; *see also* ECF No. 1229, Ex. C.

**A.     Background**

Plaintiffs request that the Court further consider its March 23, 2018, Order, sealing or

redacting docket entries 879, 881, 883, 887, 891, 895, 900, 901, 903, 905, 780, 803, 789, 935, 938,

940, 942, 943, 944, 945, 948, 866, 868, 915, 924, 918, 925, 929, and 921, because these docket

entries "do not meet the requirements of being deemed confidential under the Protective Order

entered in this case[,]" ECF No. 1227, and the "public interest supports unsealing" these docket

entries. ECF No. 1228. Central to Plaintiffs' argument is that there is a "particularly strong" right

of public access regarding material filed in connection with dispositive motion practice. *Id.* at 8.

Plaintiffs also argue that Defendants waived any confidentiality associated with these docket entries because they used the documents in open court "during the respective [motion hearings] for which each was filed . . . ." *Id.* at 10.

Defendants oppose Plaintiffs' request. *See generally* ECF No. 1235. They argue that these docket entries are appropriately maintained under permanent seal pursuant to Local Rule 5.6, *see id.* at 6, and "Plaintiffs' motion is a thinly veiled attempt to put into the public domain – on the eve of the *Gareis* trial – out-of-context documents that are highly unlikely to be admitted into evidence at trial." *Id.* at 1. Defendants also assert that they would suffer competitive harm if these docket entries were unsealed because the sealed material is commercially sensitive and confidential, identifying customer related reports, communications, and other assorted consumer and market data and analysis. *See id.* at 5.

**B.     Legal Standard**

Under Local Rule 5.6, the Court must begin its further consideration of its March 23, 2018, sealing Order, with the presumption that the public has a qualified right of access to material filed on the docket in this litigation. The Court next considers whether Defendants' need for confidentiality over these docket entries outweighs the public's qualified right of access. *See* L. R. D. Minn. 5.6 advisory committee's note (2017). As the Advisory Committee Note to Local Rule 5.6 observes, Local Rule 5.6 is designed to reduce the amount of information filed under seal. The Advisory Committee Note goes on to explain that the over sealing of documents is due to confusion over the difference between protective orders and sealing orders; "[e]ven if such information is covered by a protective order, that information should not be kept under seal unless a judge determines that a party or non-party's need for confidentiality outweighs the public's right of

access." L. R. D. Minn. 5.6 advisory committee's note (2017). Therefore, under Local Rule 5.6, the question of whether the contested docket entries should be maintained under seal turns not on the terms of the Protective Order issued in this litigation, but on the need to protect the confidentiality of the filings balanced against the public's qualified right of access. *See id.*

In addition to Local Rule 5.6, the Eighth Circuit has repeatedly emphasized that the common law right of access to judicial records is fundamental to ensuring the public's confidence and trust in the judiciary. *See Webster Groves Sch. Dist. v. Pulitzer Pub. Co.*, 898 F.2d 1371, 1376 (8th Cir. 1990); *see also Nixon v. Warner Commc'ns*, 435 U.S. 589, 597 (1978)). "'This [common law] right of access bolsters public confidence in the judicial system by allowing citizens to evaluate the reasonableness and fairness of judicial proceedings and 'to keep a watchful eye on the workings of public agencies.'"*Krueger v. Ameriprise Fin., Inc.*, CIV. No. 11-2781 (SRN/JSM), 2014 WL 12597948, at *8 (D. Minn. Oct. 14, 2014) (quoting *IDT Corp. v. eBay*, 709 F.3d 1220, 1222 (8th Cir. 2013)). "It also provides a measure of accountability to the public at large, which pays for the courts." *IDT*, 709 F.3d at 1222.

However, like Local Rule 5.6, the presumptive common law right of public access is not absolute, and a district court retains supervision over its docket and judicial records, with the power to weigh the parties' competing interests in determining whether material should be maintained under seal. *See id.* A district court "must consider the degree to which sealing a judicial record would interfere with the interests served by the common-law right of access and balance that interference against the salutary interests served by maintaining confidentiality of the information sought to be sealed." *Id.* at 1223. A decision to seal judicial material is reviewed under an abuse of discretion standard, which acknowledges the district court's role in weighing the relevant facts and

circumstances of the particular case. *See id.* at 1224. "When the common law right of access to judicial records is implicated . . . deference [is given] to the trial court rather than taking the approach of some circuits and recognizing a 'strong presumption' favoring access." *Webster Groves*, 898 F.2d at 1376 (quoting *United States v. Webbe*, 791 F.2d 103, 106 (8th Cir. 1986)); *see, e.g.*, *United States v. McDougal*, 103 F.3d 651, 657 (8th Cir. 1996) (noting that although "there is a common law presumption in favor of public access to judicial records . . . [the Eighth Circuit has] specifically rejected the *strong* presumption standard adopted by some circuits.") (emphasis in original), *cert. denied sub nom*, *Citizens United v. United States*, 522 U.S. 809 (1997)); *Kruszka v. Novartis Pharm. Corp.*, 28 F. Supp. 3d 920, 942 (D. Minn. 2014) (reasoning that "the Eighth Circuit does not recognize the strong presumption favoring access adopted by some circuits and thus the Court must weigh the competing interests of the parties in determining whether to unseal court records . . . [and t]he interest in protecting a company's internal information can warrant sealing of records.") (internal citation omitted).

**C.    Analysis**

After once again reviewing docket entries 879, 881, 883, 887, 891, 895, 900, 901, 903, 905, 780, 803, 789, 935, 938, 940, 942, 943, 944, 945, 948, 866, 868, 915, 924, 918, 925, 929, and 921, the Court affirms its March 23, 2018, Order. First, several of these docket entries contain identical content that was subject to a previous permanent sealing Order, issued over no objection. *See* Order, ECF No. 854. Plaintiffs argue that the Court should now apply a more exacting standard to these docket entries than it previously applied in its March 23, 2018, sealing Order, because the "right to public access is further heightened when the ruling from the court for which the document is relied upon is dispositive or merits-based." ECF No. 1228 at 5–6. The Court disagrees.

Neither Local Rule 5.6 nor, *Skky, LLC, v Facebook*, 191 F. Supp. 3d 977 (D. Minn. 2016), the case Plaintiffs proffer, mandate a different or higher showing to maintain permanent sealing over material related to dispositive, as opposed to non-dispositive, motion practice. Rather, *Skky LLC*, consistent with Eighth Circuit precedent, instructs a reviewing court that when weighing the public's presumptive right of access, its balancing "must be governed by the role of the material at issue in the [court's] exercise of Article III judicial power and resultant value of such information to those monitoring the federal courts[,]" because "[e]ven when the 'weight of the presumption of public access is low[,]'" i.e., the material "does not implicate the district court's exercise of judicial power, it must nonetheless be overcome by some 'countervailing reason.'" 191 F. Supp. 3d at 980 (quoting *IDT*, 709 F.3d at 1224). Here, although the public's presumptive right of access to the disputed docket entries is not low, Defendants have overcome that presumption by demonstrating a compelling countervailing reason: that the material in these docket entries is related to their internal reporting, testing, analysis, and customer data and communications addressing the Bair Hugger device's strategic market placement and positioning. In addition, the Court notes that several of the contested docket entries contain Defendants' customer manifests and lists, various market analysis, and expected customer tendencies and reaction to this litigation and its potential market impact. This information is highly sensitive, commercially competitive material to which Defendants' need to maintain confidentiality over outweighs the public's right of access. *See* L. R. D. Minn. 5.6; *see, e.g.*, *Krueger*, 2014 WL 12597948, at *8 (finding that "the interest in protecting a company's internal information" may justify sealing).

Moreover, Plaintiffs reliance on *In re Guidant Corp. Implantable Defibrillators Products Liability Litigation*, 245 F.R.D. 632, 634 (D. Minn. 2007), is also unpersuasive. In that case,

although the Court concluded that "any trade secret status [the disputed] document may have had was destroyed when [they were] used in open court during the motion hearing[,]" the question presented here is not the loss of trade secret status, but whether the contested docket entries are sufficiently commercially sensitive that, Defendants' interest here– the need for confidentiality and the concomitant avoidance of competitive harm suffered attendant to the public exposure of this material – outweigh the public's presumptive right of access. *See* L. R. D. Minn. 5.6; *see also IDT*, 709 F.3d at 1223. The Court finds no support for the proposition that it must unseal documents "used" during a motion hearing without first engaging in the requisite balancing of the public and Defendants' respective interests contemplated by Local Rule 5.6 and Eighth Circuit precedent. Again applying that balance here, Defendants' need  for confidentiality over the contested docket entries is greater than the public's corresponding right of access. *See* L. R. D. Minn. 5.6 advisory committee's note (2017). As stated *supra*, the material contained in the contested docket entries contain various reporting, testing, analysis, and customer communications and data  regarding the Bair Hugger device, and contains Defendants' customer information, manifests and lists, various market analysis, and expected customer tendencies.

In addition, Plaintiffs fail to show how the contested docket entries were used aside from obliquely stating that they were "discussed" at the various case-related hearings.  As it stands, the Court finds no support under Local Rule 5.6 or Eighth Circuit precedent that because commercially sensitive material is "discussed" in court, that a party's need to maintain sealing over it is automatically lower than the public's presumptive right of access. Accordingly, because Defendants have shown that the disputed docket entries here 879, 881, 883, 887, 891, 895, 900, 901, 903, 905, 780, 803, 789, 935, 938, 940, 942, 943, 944, 945, 948, 866, 868, 915, 924, 918, 925, 929, and 921,

contain commercially sensitive and confidential material in which competitive damage or loss could potentially flow from public exposure thereof, Plaintiffs' motion for further consideration of the Court's March 23, 2018, Order, must be denied.

Based upon all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiffs' motion for further consideration of sealing (ECF No. 1227) is **DENIED**. Docket entries 879, 881, 883, 887, 891, 895, 900, 901, 903, 905, 780, 803, 789, 935, 938, 940, 942, 943, 944, 945, 948, 866, 868, 915, 924, 918, 925, 929, and 921, identified in the motion for further consideration, will remain sealed or redacted in conformity with the Court's March 23, 2018, Order. *See* ECF No. 854.

DATED: May 8, 2018                                  _s/Franklin L. Noel_____
                                                    FRANKLIN L. NOEL
                                                    United States Magistrate Judge