UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: BAIR HUGGER FORCED AIR WARMING DEVICES PRODUCTS LIABILITY LITIGATION | MDL No. 15-2666 (JNE/FLN) |
| | ORDER |
| This Document Relates To: Case Nos.:  17-cv-2534 (*Duran v. 3M Co.*) 17-cv-3496 (*Aker v. 3M Co.*) 17-cv-3747 (*Jackson v. 3M Co.*) 17-cv-3848 (*Boughner v. 3M Co.*) 17-cv-4537 (*Echard v. 3M Co.*) 17-cv-4623 (*Guobadia v. 3M Co.*) | |

Defendants 3M Company and Arizant Healthcare, Inc., moved to dismiss eight member cases in the *Bair Hugger* MDL, including the above-captioned, for Plaintiffs' failure to comply with Pretrial Order No. 14 ("PTO 14," MDL Dkt. No. 117). Mot., MDL Dkt. No. 1239. Plaintiff Bobby Harms stipulated to dismissal with prejudice. 17-cv-2114 Dkt. No. 6. Defendants have withdrawn their Motion as to Plaintiff John T. Six (17-cv-1494). MDL Dkt. No. 1255.

The Court now decides the Motion as to the six above-captioned Plaintiffs. Plaintiffs must complete and serve Plaintiff Fact Sheets in lieu of interrogatories. *See* Dismissal Order 1-2 (July 24, 2017), MDL Dkt. No. 622. Because PTO 14 triggers express warnings of dismissal and gives plaintiffs opportunities to cure noncompliance, the Court may dismiss a case with prejudice if plaintiff has failed to comply with that Order despite those warnings and opportunities. Dismissal Order 1-3 (Dec. 21, 2017), MDL Dkt. No. 1028; *see* Fed. R. Civ. P. 41(b) (allowing dismissal for failure to comply with court orders). The Court may also dismiss a case for plaintiff's failure to prosecute.

Fed. R. Civ. P. 41(b).  Defendants here have made an initial showing that the above-captioned Plaintiffs should be dismissed for failing to comply with PTO 14.  MDL Dkt. Nos. 1126-27.  So, to resist dismissal, these six Plaintiffs must oppose the Motion.  *See* PTO 14 ¶ 8.

**I.  The Motion is granted as to the three Plaintiffs who did not respond to it.**
     Plaintiffs Mary Catherine Aker (17-cv-3496), Maxine Guobadia (17-cv-4623) and Deloise Jackson (17-cv-3747) did not respond to and so do not oppose the Motion.  The Court thus **GRANTS** the Motion as to these three Plaintiffs and **DISMISSES** their cases with prejudice for failing to comply with PTO 14 and failing to prosecute.

**II.  The Motion is granted as to the three Plaintiffs who have stopped communicating with counsel and have not disputed the Motion's merits.**
     For Plaintiffs Roland Boughner (17-cv-3848), Connie Duran (17-cv-2534) and Audrey & Harry Echard (17-cv-4537), counsel responds to the Motion but does not dispute that these three Plaintiffs have failed to comply with PTO 14.  To oppose the Motion, Plaintiffs must dispute its merits.  *See* Dismissal Order 2 (July 24, 2017) (deeming counsel's log of "unsuccessful attempts to enlist [plaintiff's] cooperation" non-opposition), MDL Dkt. No. 622.  Plaintiffs' counsel instead explains that these three Plaintiffs have stopped communicating with counsel:

| **Plaintiff** | **Case No.** | **Last Contact** | **MDL Dkt. No.** |
|---|---|---|---|
| Boughner | 17-cv-3848 | "several months" ago | 1249 ¶ 5 |
| Duran | 17-cv-2534 | "several months" ago | 1251 ¶ 5 |
| Echard | 17-cv-4537 | before Dec. 2017 | 1248 |

This explanation does not go to the Motion's merits.  So, these three Plaintiffs have not opposed the Motion, as they had to.  The Court thus **GRANTS** the Motion as to these three Plaintiffs and **DISMISSES** their cases with prejudice for failing to comply with

2

PTO 14 and failing to prosecute.

Based on the files, records, and proceedings herein, IT IS SO ORDERED THAT:

1. Defendants 3M Company and Arizant Healthcare Inc.'s Motion to Dismiss for Failure to Comply with Pretrial Order No. 14 ("Motion") [Dkt. No. 1239] is GRANTED.

2. The following six cases are DISMISSED WITH PREJUDICE: 17-cv-2534 (*Duran v. 3M Co.*), 17-cv-3496 (*Aker v. 3M Co.*), 17-cv-3747 (*Jackson v. 3M Co.*), 17-cv-3848 (*Boughner v. 3M Co.*), 17-cv-4537 (*Echard v. 3M Co.*) and 17-cv-4623 (*Guobadia v. 3M Co.*).

Dated: May 22, 2018

s/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge