UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: Bair Hugger Forced Air Warming Devices Products Liability Litigation | MDL No. 15-2666 (JNE/FLN) |
| This Document Relates to: All Cases | **MEMORANDUM IN SUPPORT OF DEFENDANTS' OBJECTION TO MARCH 23, 2018 AND MAY 3, 2018 ORDERS REGARDING UNSEALING OF DRAFT PREWARMING REPORT** |

Defendants respectfully object to Magistrate Judge Noel's Orders of March 23, 2018 (Dkt. No. 1182) and May 3, 2018 (Dkt. No. 1245), pursuant to Local Rules 5.6 and 72.2(a), insofar as they call for a draft study protocol relating to the Bair Paws device (the "Draft Prewarming Document") to be unsealed and made available to the public. The document (Dkt. No. 937) reflects internal scientific and technical planning, and reveals competitive strategy by disclosing customer relationships and competitive positioning of a product not at issue in these proceedings. Defendants recognize that the applicable standard of review is a deferential one. *See* L.R. 72.2(a) (directing that the district judge "set aside any part of the order that is clearly erroneous or is contrary law"). The circumstances here are unique, however, in light of the ongoing Gareis trial (and preparation for additional bellwether trials) and the risk of unfairness in these trials due to adverse publicity. *See Schedin v. Ortho-McNeil-Janssen Pharms., Inc.*, No. 08-5743 (JRT), 2011 WL 1831597, at *1-2 (D. Minn. May 12, 2011) (relevant factors that inform the decision of whether documents should be sealed include "minimiz[ing] the danger of an unfair trial by adverse publicity") (internal citation omitted).

In the course of the *Gareis* trial, this Court sustained Defendants' objections when Plaintiffs attempted to move this document and other versions of it into evidence, and the document has not formed the basis for the Court's prior rulings on significant motions. Thus, there is no compelling reason why the public should have access to the document, as it has played no role in the adjudicative process. Moreover, Defendants are likely to be subjected to a significant degree of competitive harm if the document is made public. Like clockwork, Dr. Scott Augustine routinely blasts emails to his list of thousands of doctors and hospitals whenever documents are unsealed in this case. Accordingly, Defendants respectfully request that Magistrate Judge Noel's March 23, 2018 and May 3, 2018 Orders be reversed to the extent they call for the Draft Prewarming Report to be unsealed.

## ARGUMENT

### A. The Document is Not Subject to the Public's Qualified Right of Access Because it Has Not Played Any Significant Role in the Adjudicative Process.

"[N]ot all documents filed by parties are 'judicial records'; instead, only those documents that are *relevant to and integrally involved in the resolution* of the merits of a case are judicial records to which the presumption of public access attaches." *Krueger v. Ameriprise Financial, Inc.*, No. 11-2781 (SRN/JSM), 2014 WL 12597948, at *9 (D. Minn. Oct. 14, 2014) (emphasis added); *see also In re Application for an Order Pursuant to 18 U.S.C. Section 2703(D)*, 707 F.3d 283, 290 (4th Cir. 2013) ("[D]ocuments filed with the court are 'judicial records' if they play a role in the adjudicative process, or adjudicate substantive rights."); *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995) ("[T]he item filed must be relevant to the performance of the judicial function and useful in the

judicial process in order for it to be designated a judicial document."), *rev'd in part on other grounds by United States v. Amodeo*, 71 F.3d 1044 (2d Cir. 1995); *United States v. El-Sayegh*, 131 F.3d 158, 163 (D.C. Cir. 1997) ("[W]hat makes a document a judicial record and subjects it to the common law right of access is the role it plays in the adjudicatory process."). In other words, it is only those documents that "play a relevant and useful role in the adjudication process" to which the right of public access attaches. *In re Policy Management Systems Corp. v. Ernst & Young*, 67 F.3d 296 (table), 1995 WL 541623, at *3-4 (4th Cir. Sept. 13, 1995).

The Draft Prewarming Report does not fit these criteria. Although Plaintiffs have repeatedly referred to the document as evidence of Defendants' purported knowledge of risk, it simply does not stand for what Plaintiffs claim. Read in its entirety, rather than in the cut-and-paste manner in which Plaintiffs have used it in the past, it neither reflects any "admission" by Defendants nor any scientific data that would support Plaintiffs' claim that the Bair Hugger system is somehow defective. Perhaps it is not surprising then, that the Draft Prewarming Report has not been cited or relied upon in connection with any of this Court's rulings, whether on general or case-specific *Daubert* or dispositive motions. And in the ongoing *Gareis* trial, it has been excluded as evidence and thus will have no bearing on the jury's deliberations or verdict. (*See Gareis v. 3M Co.*, No. 16-4187, Trial Tr. at 112:8-13 (sustaining objection to Plaintiff's attempt to introduce the Draft Prewarming Report as evidence).) Accordingly, the Draft Prewarming Report cannot be said to have played any relevant or meaningful role in the adjudicative process. There is no basis on

3

which even a qualified right of access should attach, therefore, and thus no basis on which the document should be unsealed.

B. **Even Assuming a Qualified Right of Public Access Exists, it is Outweighed by Defendants' Interests in Maintaining the Confidentiality of the Draft Prewarming Report.**

For the reasons set forth above, the Draft Prewarming Report is not appropriately considered a "judicial document" and, thus, there is no basis on which it should be subject to a qualified right of public access. Even assuming such a right exists, however, it is outweighed by Defendants' interests in maintaining the confidentiality of the document.

The Draft Prewarming Report is a draft of a protocol created by Arizant employee Al Van Duren for a possible study relating to the Arizant Bair Paws device – a study that never came to fruition. (*See* ECF No. 937.) Like other documents maintained under seal, the Draft Prewarming Report reflects internal scientific and technical planning regarding a potential study involving a product not at issue in these proceedings. The document also reflects customer identities and communications, and reflects competitive strategy regarding placement and marketing of the Bair Paws device.

Moreover, Defendants face a very real threat of competitive harm if the Draft Prewarming Report is unsealed, which is not obviated by the fact that the document was created several years ago. Dr. Scott Augustine has engaged in an ongoing campaign to publicly disparage 3M and the Bair Hugger system. Indeed, Augustine has taken every opportunity to publicly spread misinformation to 3M's customers and potential customers. He even went so far as to initiate an email blast claiming that 3M faces upwards of $20 billion in damages – "most of it from punitive damages" – despite the fact that Plaintiffs'

4

motion to add a claim for punitive damages was denied shortly thereafter. The only thing preventing him from using confidential documents to further misinform healthcare providers about Defendants and the Bair Hugger system is the protection afforded by this Court and the maintenance of confidential documents under seal. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) (recognizing that "access has been denied where court files might have become a vehicle for improper purposes," and that the court has power "to insure that its records are not used to gratify private spite or promote public scandal" or "as sources of business information that might harm a litigant's competitive standing") (internal citations omitted).

As set forth above, there is little – if any – public interest in the Draft Prewarming Report, as it has not played any meaningful role in the adjudicative processes of this Court or the jury that will be called upon to render a verdict in the *Gareis* matter. Conversely, Defendants have a strong interest in maintaining the confidentiality of a document that has already been taken out of context, and that will surely be the subject of a new misinformation campaign if Augustine is given the opportunity. Under these circumstances, Defendants' interests in maintaining the confidentiality of the Draft Prewarming Report outweigh any qualified right of public access that may otherwise exist.

## **CONCLUSION**

For all of the foregoing reasons, Defendants respectfully request that Magistrate Judge Noel's March 23, 2018 (Dkt. No. 1182) and May 3, 2018 (Dkt. No. 1245) Orders be reversed to the extent they require that the Draft Prewarming Report (Dkt. No. 937) be unsealed. Because the document has not played any meaningful role in the adjudicative

5

process, it is not appropriately considered to be a "judicial document" to which a qualified right of public access applies. Moreover, even assuming a right of public access was applicable, it is outweighed by Defendants' interests in maintaining the confidentiality of the document.

Dated: May 24, 2018                                    Respectfully submitted,

                                                             *s/Monica L. Davies*
Jerry W. Blackwell (MN #186867)
Benjamin W. Hulse (MN #0390952)
Mary S. Young (MN #0392781)
Monica L. Davies (MN #0315023)
BLACKWELL BURKE P.A.
431 South Seventh Street, Suite 2500
Minneapolis, MN 55415
Phone: (612) 343-3200
Fax: (612) 343-3205
Email: blackwell@blackwellburke.com
       bhulse@blackwellburke.com
       myoung@blackwellburke.com
       mdavies@blackwellburke.com

Bridget M. Ahmann (MN #016611x)
FAEGRE BAKER DANIELS LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
Phone: (612) 766-7000
Email: bridget.ahmann@faegrebd.com

***Counsel for Defendants 3M Company and Arizant Healthcare Inc.***

6