## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

In re: BAIR HUGGER FORCED AIR WARMING DEVICES PRODUCTS LIABILITY LITIGATION

MDL No. 15-2666 (JNE/FLN)

This Document Relates to:
Case Nos.:
17-cv-02638 *(Reinker v. 3M Co., et al.)*
17-cv-02901 *(Moore v. 3M Co., et al.)*
17-cv-03049 *(Finney v. 3M Co., et al.)*
17-cv-03255 *(Holmes v. 3M Co., et al.)*
17-cv-03662 *(Guyton v. 3M Co., et al.)*
17-cv-04429 *(Holcomb v. 3M Co., et al.)*
17-cv-04805 *(Beck v. 3M Co., et al.)*
17-cv-04825 *(Duckworth v. 3M Co., et al.)*
17-cv-04896 *(Pew v. 3M Co., et al.)*
17-cv-04880 *(Scott v. 3M Co., et al.)*
17-cv-04892 *(Thyrion v. 3M Co., et al.)*
17-cv-04984 *(Cheney v. 3M Co., et al.)*
17-cv-05199 *(Spry v. 3M Co., et al.)*
17-cv-05202 *(Reed v. 3M Co., et al.)*
17-cv-05302 *(Kelley v. 3M Co., et al.)*
17-cv-05375 *(Lewis v. 3M Co., et al.)*
17-cv-05469 *(Minnigan-Judd v. 3M Co., et al.)*

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO COMPLY WITH PRETRIAL ORDER NO. 14

Pursuant to the Court's Pretrial Order No. 14 ("PTO 14"), entered September 27, 2016, Defendants 3M Company and Arizant Healthcare, Inc. (collectively, "Defendants") respectfully move the Court to dismiss the following plaintiffs' cases for failure to comply with PTO 14:

| Case Number | Plaintiff | Firm Name |
|---|---|---|
| 0:17-cv-02638-JNE-FLN | Reinker | Kennedy Hodges, L.L.P. |
| 0:17-cv-02901-JNE-FLN | Moore | Kennedy Hodges, L.L.P. |
| 0:17-cv-03049-JNE-FLN | Finney | Brown & Crouppen, P.C. |
| 0:17-cv-03255-JNE-FLN | Holmes | Brown & Crouppen, P.C. |
| 0:17-cv-03662-JNE-FLN | Guyton | Brown & Crouppen, P.C. |
| 0:17-cv-04429-JNE-FLN | Holcomb | DeGaris & Rogers, LLC |
| 0:17-cv-04805-JNE-FLN | Beck | Brown & Crouppen, P.C. |
| 0:17-cv-04825-JNE-FLN | Duckworth | Brown & Crouppen, P.C. |
| 0:17-cv-04896-JNE-FLN | Pew | Kirtland & Packard LLP |
| 0:17-cv-04880-JNE-FLN | Scott | Brown & Crouppen, P.C. |
| 0:17-cv-04892-JNE-FLN | Thyrion | Brown & Crouppen, P.C. |
| 0:17-cv-04984-JNE-FLN | Cheney | Kirtland & Packard LLP |
| 0:17-cv-05199-JNE-FLN | Spry | Pendley, Baudin & Coffin L.L.P. |
| 0:17-cv-05202-JNE-FLN | Reed | Pendley, Baudin & Coffin L.L.P. |
| 0:17-cv-05302-JNE-FLN | Kelley | Kirtland & Packard LLP |
| 0:17-cv-05375-JNE-FLN | Lewis | Davis & Crump, P.C. |
| 0:17-cv-05469-JNE-FLN | Minnigan-Judd | The Law Offices of Travis R. Walker, P.A. |

As set forth below, there are three (3) categories of cases where plaintiffs have failed to serve a Plaintiff Fact Sheet ("PFS") compliant with the requirements set forth by the Court in PTO 14: (a) cases where no PFS has been served by plaintiff; (b) cases where plaintiff served a PFS with core deficiencies, and failed to cure them or otherwise respond to Defendants' first or second deficiency letter; and (c) cases where plaintiff served a PFS with core deficiencies, and failed to cure them after Defendants' third deficiency letter.

Defendants placed the above cases on the agenda for two sequential Court status conferences, and dismissal with prejudice is therefore appropriate under PTO 14, ¶ 8.

## ARGUMENT

The Court's Pretrial Order No. 14, entered September 27, 2016, sets forth the protocol for the form and service of the PFS, signed medical authorization, and supporting documents in cases filed in and transferred to this proceeding. Under PTO 14, a plaintiff whose case was pending on the date of the order was required to serve a completed and signed PFS, medical authorization, and supporting documents within 90 days of the date of the order. PTO 14, ¶ 2. For a plaintiff whose case was transferred after the date of the order, the due date for service of these same documents is 90 days after the filing of the plaintiff's complaint or completion of the transfer to this proceeding, whichever is later. *Id.* All PFSs must be verified by the individual plaintiff under oath. *See* PTO 14, ¶ 3.

Once a PFS has been served, defendants have four (4) weeks from receipt within which to notify plaintiff's counsel of any core deficiencies to the PFS, "defined as a lack of response to all questions in Section I, Section II, and Section III; Section IV, questions 1, 3, 7, 8, 9, 10; Section V, questions 5, 6, and 7; Section VI, questions 1, 3, 6, 7, 8, and 9; Section VII, questions 1 and 2; Section 8, question 2; Section IX, questions 1, 3, and 4; or lack of signed medical authorizations." PTO 14, ¶ 4.

If defendants timely serve a letter outlining the deficiencies to the PFS, plaintiff's counsel is required to respond in writing within three (3) weeks of the date of service by: "(1) curing the alleged deficiencies; (2) disputing the alleged deficiencies and setting forth

reasons the PFS is not deficient; or (3) explaining why the alleged deficiencies cannot be timely cured." PTO 14, ¶ 6.

Cases where there are disputes concerning PFS deficiencies requiring the Court's attention may be placed on the Court's status conference agenda. PTO 14, ¶ 7. Should a case appear on the agenda for two (2) sequential status conferences, "Defendants may make a motion for dismissal for failure to comply with this Court's Pretrial Order as to the allegedly delinquent party." PTO 14, ¶ 8.

**A. Cases Where No PFS Has Been Served**

In this motion, Defendants seek dismissal of the following three (3) cases where plaintiffs failed to serve the PFS as required by PTO 14 and, to date, remain delinquent:

| Case Number | Plaintiff | Date Filed | PFS Due Date | Firm Name |
|---|---|---|---|---|
| 0:17-cv-05302-JNE-FLN | Kelley | 11/30/2017 | 3/07/2018 | Kirtland & Packard LLP |
| 0:17-cv-05375-JNE-FLN | Lewis | 12/07/2017 | 3/15/2018 | Davis & Crump, P.C. |
| 0:17-cv-05469-JNE-FLN | Minnigan-Judd | 12/18/2017 | 3/18/2018 | The Law Offices of Travis R. Walker, P.A. |

**B. Cases Where a PFS Was Served with Core Deficiencies, and Plaintiff Failed to Cure or Otherwise Respond to Defendants' Deficiency Letter**

Additionally, Defendants are seeking dismissal of the following five (5) cases where: (1) plaintiffs each submitted a PFS that contained core deficiencies, (2) Defendants

notified plaintiffs of the core deficiencies,[1] and (3) plaintiffs failed to cure or otherwise respond to the Defendants' first and/or second deficiency letter:

| Case Number | Plaintiff | Deficiency Letter Sent | Firm Name |
|---|---|---|---|
| 0:17-cv-04429-JNE-FLN | Holcomb | 2/07/2018 | DeGaris & Rogers, LLC |
| 0:17-cv-04896-JNE-FLN | Pew | 3/13/2018 | Gustafson Gluek, PLLC |
| 0:17-cv-04984-JNE-FLN | Cheney | 3/12/2018 | Kirtland & Packard LLP |
| 0:17-cv-05199-JNE-FLN | Spry | 3/15/2018 | Pendley, Baudin & Coffin L.L.P. |
| 0:17-cv-05202-JNE-FLN | Reed | 3/19/2018 | Pendley, Baudin & Coffin L.L.P. |

To comply with PTO 14, each plaintiff was required to respond to Defendants' deficiency letter by either curing or disputing the deficiencies, or explaining why the deficiencies could not be cured. *See* PTO 14, ¶ 6.  Plaintiffs above failed to respond to Defendants' deficiency letters, and numerous core deficiencies remain uncured. *See attached* Addendum 1 (outlining PFS core deficiencies for each plaintiff in Part B).

### C. Cases Where a PFS Was Served with Core Deficiencies, and Plaintiff Failed to Cure Following Defendants' Third Deficiency Letter

Lastly, Defendants are seeking dismissal of the following nine (9) cases where: (1) plaintiffs each served an original PFS, (2) Defendants notified plaintiffs of the core deficiencies on three (3) separate occasions, and (3) plaintiffs failed to cure the core deficiencies identified in Defendants' third (and final) deficiency letters: [2]

---

[1]*See* Declaration of Benjamin W. Hulse ("Hulse Decl."), Ex. A (Deficiency letters sent to Plaintiffs listed in Part B).

[2]*See* Hulse Decl., Ex. B (Third Deficiency Letters Sent to Plaintiffs Listed in Part C).

| Case Number | Plaintiff | Third Deficiency Letter Sent | Firm Name |
|---|---|---|---|
| 0:17-cv-02638-JNE-FLN | Reinker | 2/06/2018 | Kennedy Hodges, L.L.P. |
| 0:17-cv-02901-JNE-FLN | Moore | 2/14/2018 | Kennedy Hodges, L.L.P. |
| 0:17-cv-03049-JNE-FLN | Finney | 2/14/2018 | Brown & Crouppen, P.C. |
| 0:17-cv-03255-JNE-FLN | Holmes | 2/21/2018 | Brown & Crouppen, P.C. |
| 0:17-cv-03662-JNE-FLN | Guyton | 2/21/2018 | Brown & Crouppen, P.C. |
| 0:17-cv-04805-JNE-FLN | Beck | 2/28/2018 | Brown & Crouppen, P.C. |
| 0:17-cv-04825-JNE-FLN | Duckworth | 2/20/2018 | Brown & Crouppen, P.C. |
| 0:17-cv-04880-JNE-FLN | Scott | 2/28/2018 | Brown & Crouppen, P.C. |
| 0:17-cv-04892-JNE-FLN | Thyrion | 3/07/2018 | Brown & Crouppen, P.C. |

Defendants' sent each plaintiff above three (3) deficiency letters providing notice of the outstanding core deficiencies in his or her PFS, and to date the core deficiencies have not be cured. *See attached* Addendum 2. Now that several months have passed since the Defendants' third deficiency letters were sent, it is appropriate to seek dismissal of these cases.

**D. All Cases Were on the Agenda for Two (2) Sequential Status Conferences**

Defendants placed before the Court the cases set forth above in Parts A, B, and C, for two sequential Court status conferences – the first on April 19, 2018, and the second on May 17, 2018.[3]  Consistent with the Court's recent orders dismissing with prejudice

---

[3] *See* Declaration of Hulse Decl., Ex. C (April 13, 2018 email from B. Hulse to Court attaching Defendants' April PFS Lists 1, 2, and 3) and Ex. D (May 12, 2018 email from B. Hulse to Court attaching Defendants' May PFS Lists 1, 2, and 3).  Although the status conferences were cancelled in April and May, the Court has previously deemed these PFS

several plaintiffs' cases for failure to comply with PTO 14, the above cases are ripe for dismissal with prejudice under PTO 14, ¶ 8.

### E.  The Court Should Dismiss Plaintiffs' Cases with Prejudice

The Court's authority to dismiss these cases with prejudice is beyond question, and indeed was exercised by the Court recently in its orders entered August 25, 2017 [Dkt. No. 692], September 27, 2017 [Dkt. No. 862], December 18, 2017 [Dkt. No. 1026], January 19, 2018 [Dkt. No. 1060], February 15, 2018 [Dkt. No. 1100], March 12, 2018 [Dkt. No. 1167], May 1, 2018 [Dkt. No. 1237], and May 22, 2018 [Dkt. No. 1257] (dismissing with prejudice multiple plaintiffs' cases for failure to comply with PTO 14).  The Court has made clear that "[e]ven for failures to respond, noncompliance with a court order can 'constitute[] a pattern of intentional delay meriting dismissal with prejudice' under Rule 41(b)." *See* Order, [Dkt. No. 862], at 2 (cite omitted).  The Court further explained that PTO 14 required plaintiffs to respond to requests for information in the PFS in lieu of discovery, provided plaintiffs with the opportunity to cure any deficiencies, and "warned expressly of dismissal" should plaintiffs fail to comply. *Id*.  Plaintiffs also were warned through the Court's prior orders dismissing with prejudice cases for failure to comply with PTO 14.  *Id*.  Accordingly, "if PTO 14's opportunity to cure has run, a plaintiff's continued noncompliance is a pattern of intentional delay" warranting dismissal with prejudice. *Id*.

Plaintiffs identified above have failed to comply with PTO 14 by either failing to submit the required PFS (Part A cases), providing no response to Defendants' deficiency

_____

disputes "addressed to the Court and on the court conference agenda under [PTO 14.]" Dkt. No. 1222.

letters (Part B cases), or failing to cure deficiencies after service of Defendants' third deficiency letter (Part C cases).  Because all of the cases identified above in Parts A, B, and C were listed on at least two sequential status conference agendas, "the opportunity to cure has run."  Accordingly, dismissal of these cases with prejudice is proper and appropriate.

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court dismiss with prejudice the following cases:

| Case Number | Plaintiff | Firm Name |
|---|---|---|
| 0:17-cv-02638-JNE-FLN | Reinker | Kennedy Hodges, L.L.P. |
| 0:17-cv-02901-JNE-FLN | Moore | Kennedy Hodges, L.L.P. |
| 0:17-cv-03049-JNE-FLN | Finney | Brown & Crouppen, P.C. |
| 0:17-cv-03255-JNE-FLN | Holmes | Brown & Crouppen, P.C. |
| 0:17-cv-03662-JNE-FLN | Guyton | Brown & Crouppen, P.C. |
| 0:17-cv-04429-JNE-FLN | Holcomb | DeGaris & Rogers, LLC |
| 0:17-cv-04805-JNE-FLN | Beck | Brown & Crouppen, P.C. |
| 0:17-cv-04825-JNE-FLN | Duckworth | Brown & Crouppen, P.C. |
| 0:17-cv-04896-JNE-FLN | Pew | Kirtland & Packard LLP |
| 0:17-cv-04880-JNE-FLN | Scott | Brown & Crouppen, P.C. |
| 0:17-cv-04892-JNE-FLN | Thyrion | Brown & Crouppen, P.C. |
| 0:17-cv-04984-JNE-FLN | Cheney | Kirtland & Packard LLP |
| 0:17-cv-05199-JNE-FLN | Spry | Pendley, Baudin & Coffin L.L.P. |
| 0:17-cv-05202-JNE-FLN | Reed | Pendley, Baudin & Coffin L.L.P. |
| 0:17-cv-05302-JNE-FLN | Kelley | Kirtland & Packard LLP |
| 0:17-cv-05375-JNE-FLN | Lewis | Davis & Crump, P.C. |

| 0:17-cv-05469-JNE-FLN | Minnigan-Judd | The Law Offices of Travis R. Walker, P.A. |

Dated: June 7, 2018

Respectfully submitted,

*s/Benjamin W. Hulse*

Jerry W. Blackwell (MN #186867)
Benjamin W. Hulse (MN #0390952)
Mary S. Young (MN #0392781)
BLACKWELL BURKE P.A.
431 South Seventh Street, Suite 2500
Minneapolis, MN 55415
Phone: (612) 343-3200
Fax: (612) 343-3205
Email: blackwell@blackwellburke.com
        bhulse@blackwellburke.com
        myoung@blackwellburke.com


Bridget M. Ahmann (MN #016611x)
FAEGRE BAKER DANIELS LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
Phone: (612) 766-7000
Email: bridget.ahmann@faegrebd.com

**Counsel for Defendants 3M Company and Arizant Healthcare Inc.**

**Addendum 1**

**Uncured PFS Core Deficiencies for Cases Listed in Part B**

| Plaintiff/Case Number | Deficiency Letter Sent | Uncured PFS Core Deficiencies | Firm Name |
|---|---|---|---|
| Holcomb, April 0:17-cv-04429 | 2/07/2018 | **Sec. I (Case Information)** Part 4: No response provided to any questions regarding person completing this form in representative capacity.<br><br>**Sec. II (Personal Information)** Part 1: Name, address, and SSN provided, but no response to other names used, length of time at present address and persons living with plaintiff at time of events at issue. Part 2: No response to driver's license number and state of issue. Part 5: No response to Medicare HICN number. Part 6: Address of prior residences for the last 10 years provided, but no response to dates of residence. Part 8: Children identified, but no years of birth provided. Part 9: No response to educational background. Part 10: No response to employers for last 10 years. Part 11: No response to prior military service. Part 12: No response to rejection for military service due to medical/physical conditions. Part 13: No response to convictions in the last 10 years<br><br>**Sec. IV (Gen. Med. Information)** Part 3: Identified a single healthcare providers for the last seven (7) years | DeGaris & Rogers, LLC |

| | | prior to surgery, but did not identify the address or years of visits.<br>Part 7: No response to pharmacies used.<br>Part 8: No response to prior dental visits.<br>Part 9: No response to use of tobacco.<br><br>**Sec. V (Insurance/Claim Information)**<br>Part 4: Indicated prior disability claim, but did not provide the year the claim was filed.<br>Part 5: No response to prior lawsuits.<br>Part 6: No response to prior bankruptcies.<br><br>**Sec. VI (Current Claim Information)**<br>Part 1: Alleges that she suffered bodily injury from the Bair Hugger system, and provides approximate date and current symptoms of injury, but no response to description of injury, lost activities, or other physical harm.<br>Part 3: No response to damages related to emotional distress/physiological injuries.<br><br>**Sec. IX (Loss of Consortium)**<br>No response to any question<br><br>**Medical Authorization:** Not provided.<br>**Verification:** Not provided | |
|---|---|---|---|
| Pew, Richard<br>0:17-cv-04896 | 3/13/2018 | **Sec. II (Personal Information)**<br>Part 2: No response to driver's license number and state of issue.<br>Part 6: Responded "N/A" to residences for the last 10 years.<br>Part 15: No response to internet postings concerning Defendants.<br><br>**Sec. IV (Gen. Med. Information)**<br>Part 7: Pharmacies identified, but no telephone numbers provided. | Gustafson Gluek, PLLC |

| | | | |
|---|---|---|---|
| Cheney, Jay<br>0:17-cv-04984 | 3/12/2018 | **Sec. II (Personal Information)**<br>Part 2: No response to driver's license number and state of issue.<br>Part 6: Responded "N/A" to residences for the last 10 years. | Kirtland & Packard LLP |
| Spry, John<br>0:17-cv-05199 | 3/15/2018 | **Sec. III (Surgery Information)**<br>Part 1: For how did you learn that the Bair Hugger system was used in your surgery, answered: "Confidential attorney client contact."<br><br>**Sec. VI (Current Claim Information)**<br>Part 3: Indicates damages related to emotional distress/physiological injuries, but does not provide date of onset.<br><br>**Sec. VII (Economic Damages)**<br>Part 1:  Indicates lost income, but does not provide an approximate amount for lost income.<br>Part 2:  Indicates loss of future income, but does not provide approximate amount or basis for calculation of lost future income. | Pendley, Baudin & Coffin L.L.P. |
| Reed, Tommy<br>0:17-cv-05202 | 3/19/2018 | **Sec. III (Surgery Information)**<br>Part 1: For how did you learn that the Bair Hugger system was used in your surgery, answered: "Confidential attorney client contact."<br><br>**Sec. VII (Economic Damages)**<br>Part 1:  Indicates lost income, but does not provide an approximate amount for lost income.<br>Part 2:  Indicates loss of future income, but does not provide approximate amount or basis for calculation of lost future income. | Pendley, Baudin & Coffin L.L.P. |

**Addendum 2**

**Uncured PFS Core Deficiencies for Cases Listed in Part C**

| Plaintiff/Case Number | Third Deficiency Letter Sent | Uncured PFS Core Deficiencies | Firm Name |
|---|---|---|---|
| Reinker, Susan 0:17-cv-02638 | 2/06/2018 | **Section II (Personal Information)** Part 2: No response to driver's license number and state of issue. Part 3: Date of birth provided but not place of birth. Part 6: Provided residences for the last 10 years, but did not provide dates of residency. Part 8: No response to having children. Part 9: No response to educational background. Part 10: No response to employers for last 10 years. **Section IV (General Medical Information)** Part 1: No response to current or last height/weight. Part 7: No response to pharmacies used. Part 8: No response to prior dental visits. Part 9: Indicates cigarette use, but no response for date use began or other description of tobacco use. **Section V (Insurance/Claim Information)** Part 4: No response to prior disability claims. Part 5: No response to prior lawsuits. Part 6: No response to prior bankruptcies. **Section VI (Current Claim Information)** | Kennedy Hodges, L.L.P. |

| | | | |
|---|---|---|---|
| | | Part 1: No response to having suffered physical/bodily injury related to use of Bair Hugger.<br>Part 3: No response to damages related to emotional distress/physiological injuries.<br>Part 6: No response regarding Bair Hugger warnings.<br>Part 7: No response regarding 3M/Arizant communications regarding surgery/Bair Hugger.<br>Part 8: No response regarding 3M/Arizant communication regarding Bair Hugger warranty.<br>Part 9: No response to contacts with Augustine Temperature Management.<br><br>**Section VII (Economic Damages)**<br>Part 1:  No response to claim for loss of past wages/income.<br>Part 2:  No response to claim for loss of future wages/income.<br><br>**Section VIII (Persons With Knowledge)**<br>Part 2: No response to persons providing facts/circumstances relating this lawsuit.<br><br>**Section IX (Loss of Consortium)**<br>No response to any question<br><br>**Medical Authorization:** Not provided.<br>**Verification:** Not provided | |
| Moore, Michael<br>0:17-cv-02901 | 2/14/2018 | **Section II (Personal Information)**<br>Part 1: Name, other names used, address, and SSN provided, but no response to length of time at present address and persons living with plaintiff at time of events at issue.<br>Part 2: No response to driver's license number and state of issue.<br>Part 3: Date of birth provided but not place of birth. | Kennedy Hodges, L.L.P. |

| | | |
|---|---|---|
| | | Part 5: No response to Medicare HICN number.<br>Part 6: Provided residences for the last 10 years, but did not provide dates of residency.<br>Part 7: Indicates marriage, but does not provide name of spouse or dates of marriage.<br>Part 8: No response to having children.<br>Part 9: No response to educational background.<br>Part 10: No response to employers for last 10 years.<br>Part 11: No response to prior military service.<br>Part 12: No response to rejection for military service due to medical/physical conditions.<br>Part 13: No response to convictions in the last 10 years<br><br>**Section IV (General Medical Information)**<br>Part 1: No response to current or last height/weight.<br>Part 7: No response to pharmacies used.<br>Part 8: No response to prior dental visits.<br>Part 9: Indicates cigarette use, but no response number of packs per day.<br>Part 10: No response to treatment for drugs/alcohol.<br><br>**Section V (Insurance/Claim Information)**<br>Part 4: No response to prior disability claims.<br>Part 5: No response to prior lawsuits.<br>Part 6: No response to prior bankruptcies.<br><br>**Section VI (Current Claim Information)** | |

| | | | |
|---|---|---|---|
| | | Part 1: No response to having suffered physical/bodily injury related to use of Bair Hugger.<br>Part 3: No response to damages related to emotional distress/physiological injuries.<br><br>**Section VII (Economic Damages)**<br>Part 1:  No response to claim for loss of past wages/income.<br>Part 2:  No response to claim for loss of future wages/income.<br><br>**Section VIII (Persons With Knowledge)**<br>Part 2: No response to persons providing facts/circumstances relating this lawsuit.<br><br>**Section IX (Loss of Consortium)**<br>No response to any question<br><br>**Medical Authorization:** Not provided.<br>**Verification:** Not provided | |
| Finney, Gwendolyn 0:17-cv-03049 | 2/14/2018 | **Section I (Case Information)**<br>Part 1: No response to person completing form.<br>Part 4: No response to any section regarding information of representative completing this form.<br><br>**Section II (Personal Information)**<br>Part 1: Name provided, but no response to other names used, address, and SSN length of time at present address and persons living with plaintiff at time of events at issue.<br>Part 2: No response to driver's license number and state of issue.<br>Part 3: Date of birth provided but not place of birth.<br>Part 5: No response to Medicare HICN number.<br>Part 6: No response to residences for the last 10 years. | Brown & Crouppen, P.C. |

| | | | |
|---|---|---|---|
| | | Part 8: No response to having children.<br>Part 9: No response to educational background.<br>Part 10: No response to employers for last 10 years.<br>Part 11: No response to prior military service.<br>Part 12: No response to rejection for military service due to medical/physical conditions.<br>Part 13: No response to convictions in the last 10 years<br>Part 14: No response to visiting websites regarding patient warming systems.<br>Part 15: No response to internet postings concerning Defendants.<br>Part 16: No response to possession of drawings journals, slides, notes, letters or emails.<br><br>**Section III (Surgery Information)**<br>Part 1: No response to evidence of Bair Hugger use.<br>Part 3: No response to any section related to injury-related surgery.<br>Part 4: No response to opinions on causation.<br>Part 5: No response to tests or inspections of Bair Hugger.<br><br>**Section IV (General Medical Information)**<br>Part 1: No response to current or last height/weight.<br>Part 3: No response to healthcare providers seven (7) years prior to surgery.<br>Part 7: No response to pharmacies used.<br>Part 8: No response to prior dental visits.<br>Part 9: No response to use of tobacco.<br>Part 10: No response to treatment for drugs/alcohol. | |

| | | | |
|---|---|---|---|
| | | **Section V (Insurance/Claim Information)**<br>Part 4: No response to prior disability claims.<br>Part 5: No response to prior lawsuits.<br>Part 6: No response to prior bankruptcies.<br><br>**Section VI (Current Claim Information)**<br>Part 1: No response to having suffered physical/bodily injury related to use of Bair Hugger.<br>Part 3: No response to damages related to emotional distress/physiological injuries.<br>Part 6: No response regarding Bair Hugger warnings.<br>Part 7: No response regarding 3M/Arizant communications regarding surgery/Bair Hugger.<br>Part 8: No response regarding 3M/Arizant communication regarding Bair Hugger warranty.<br>Part 9: No response to contacts with Augustine Temperature Management.<br><br>**Section VII (Economic Damages)**<br>Part 1:  No response to claim for loss of past wages/income.<br>Part 2:  No response to claim for loss of future wages/income.<br><br>**Section VIII (Persons With Knowledge)**<br>Part 2: No response to persons providing facts/circumstances relating this lawsuit.<br><br>**Section IX (Loss of Consortium)**<br>No response to any question<br><br>**Medical Authorization:** Not provided.<br>**Verification:** Not provided | |

| Holmes, Peter 0:17-cv-03255 | 2/21/2018 | **Section I (Case Information)** Part 1: No response to person completing form. Part 4: No response to any section regarding information of representative completing this form. **Section II (Personal Information)** Part 1: Name provided, but no response to other names used, address, and SSN length of time at present address and persons living with plaintiff at time of events at issue. Part 2: No response to driver's license number and state of issue. Part 3: Date of birth provided but not place of birth. Part 5: No response to Medicare HICN number. Part 6: No response to residences for the last 10 years. Part 8: No response to having children. Part 9: No response to educational background. Part 10: No response to employers for last 10 years. **Section III (Surgery Information)** Part 1: No response to evidence of Bair Hugger use. Part 3: No response to any section related to injury-related surgery. Part 4: No response to opinions on causation. Part 5: No response to tests or inspections of Bair Hugger. **Section IV (General Medical Information)** Part 1: No response to current or last height/weight. Part 3: No response to healthcare providers seven (7) years prior to surgery. | Brown & Crouppen, P.C. |

| | | | |
|---|---|---|---|
| | | Part 7: No response to pharmacies used.<br>Part 8: No response to prior dental visits.<br>Part 9: No response to use of tobacco.<br>Part 10: No response to treatment for drugs/alcohol.<br><br>**Section V (Insurance/Claim Information)**<br>Part 4: No response to prior disability claims.<br>Part 5: No response to prior lawsuits.<br>Part 6: No response to prior bankruptcies.<br><br>**Section VI (Current Claim Information)**<br>Part 1: No response to having suffered physical/bodily injury related to use of Bair Hugger.<br>Part 3: No response to damages related to emotional distress/physiological injuries.<br>Part 6: No response regarding Bair Hugger warnings.<br>Part 7: No response regarding 3M/Arizant communications regarding surgery/Bair Hugger.<br>Part 8: No response regarding 3M/Arizant communication regarding Bair Hugger warranty.<br>Part 9: No response to contacts with Augustine Temperature Management.<br><br>**Section VII (Economic Damages)**<br>Part 1:  No response to claim for loss of past wages/income.<br>Part 2:  No response to claim for loss of future wages/income.<br><br>**Section VIII (Persons With Knowledge)**<br>Part 2: No response to persons providing facts/circumstances relating this lawsuit.<br><br>**Section IX (Loss of Consortium)** | |

| | | | |
|---|---|---|---|
| | | No response to any question<br><br>**Medical Authorization:** Not provided.<br>**Verification:** Not provided | |
| Guyton, Sharida<br>0:17-cv-03662 | 2/21/2018 | **Section II (Personal Information)**<br>Part 10: Employer identified, but no address provided.<br><br>**Section III (Surgery Information)**<br>Part 1: Claims Bair Hugger system was used for surgery based on review of attorney records, but responded "information not available" for when this information was discovered.<br><br>**Section IV (General Medical Information)**<br>Part 7: Identified pharmacies used, but did not provide telephone numbers for the pharmacies.<br><br>**Verification:** Photocopy of old verification re-dated. | Brown & Crouppen, P.C. |
| Beck, Louis<br>0:17-cv-04805 | 2/28/2018 | **Section III (Surgery Information)**<br>Part 1: Claims Bair Hugger system was used for surgery based on review of attorney records, but responded "information not available" for when this information was discovered.<br>Part 3: Hospital name, surgery date/location/ physician, type of surgery, reason for surgery, infections prior to surgery, persons with whom plaintiff discussed risks of surgery, height/weight at time of surgery, and cause of infection provided, but responded "N/A" to medical conditions at time of surgery.<br><br>**Section IV (General Medical Information)**<br>Part 9: Indicates cigarette use, but responded "N/A" to date that use began. | Brown & Crouppen, P.C. |

| | | | |
|---|---|---|---|
| | | **Section VII (Economic Damages)** <br> Part 1: Making claim for past lost wages, but answered "Unknown" to approximate time lost from work. | |
| Duckworth, Laura <br> 0:17-cv-04825 | 2/20/2018 | **Section II (Personal Information)** <br> Part 6: Only provided residences for 3 of the last 10 years. <br> Part 9: Answered "Do not recall" for the name of school in educational background, and did not provide end date of attendance. <br><br> **Section III (Surgery Information)** <br> Part 1: Claims Bair Hugger system was used for surgery based on review of attorney records, but responded "information not available" for when this information was discovered. <br><br> **Section IV (General Medical Information)** <br> Part 7: Identified pharmacies used, but did not provide telephone numbers for several of the pharmacies. <br><br> **Verification:** Photocopy of old verification re-dated. | Brown & Crouppen, P.C. |
| Scott, Sheree <br> 0:17-cv-04880 | 2/28/2018 | **Section I (Case Information)** <br> Part 4: No response to any section regarding information of representative completing this form. <br><br> **Section II (Personal Information)** <br> Part 1: Name provided, but no response to other names used, address, and SSN length of time at present address and persons living with plaintiff at time of events at issue. <br> Part 2: No response to driver's license number and state of issue. <br> Part 3: Date of birth provided but not place of birth. | Brown & Crouppen, P.C. |

Part 5: No response to Medicare HICN number.
Part 6: No response to residences for the last 10 years.
Part 8: No response to having children.
Part 9: No response to educational background.
Part 10: No response to employers for last 10 years.
Part 11: No response to prior military service.
Part 12: No response to rejection for military service due to medical/physical conditions.
Part 13: No response to convictions in the last 10 years
Part 14: No response to visiting websites regarding patient warming systems.
Part 15: No response to internet postings concerning Defendants.
Part 16: No response to possession of drawings journals, slides, notes, letters or emails.

**Section III (Surgery Information)**
Part 1: No response to evidence of Bair Hugger use.
Part 3: No response to any section related to injury-related surgery.
Part 4: No response to opinions on causation.
Part 5: No response to tests or inspections of Bair Hugger.

**Section IV (General Medical Information)**
Part 1: No response to current or last height/weight.
Part 3: No response to healthcare providers seven (7) years prior to surgery.
Part 7: No response to pharmacies used.
Part 8: No response to prior dental visits.
Part 9: No response to use of tobacco.

Part 10: No response to treatment for drugs/alcohol.

**Section V (Insurance/Claim Information)**
Part 4: No response to prior disability claims.
Part 5: No response to prior lawsuits.
Part 6: No response to prior bankruptcies.

**Section VI (Current Claim Information)**
Part 1: No response to having suffered physical/bodily injury related to use of Bair Hugger.
Part 3: No response to damages related to emotional distress/physiological injuries.
Part 6: No response regarding Bair Hugger warnings.
Part 7: No response regarding 3M/Arizant communications regarding surgery/Bair Hugger.
Part 8: No response regarding 3M/Arizant communication regarding Bair Hugger warranty.
Part 9: No response to contacts with Augustine Temperature Management.

**Section VII (Economic Damages)**
Part 1:  No response to claim for loss of past wages/income.
Part 2:  No response to claim for loss of future wages/income.

**Section VIII (Persons With Knowledge)**
Part 2: No response to persons providing facts/circumstances relating this lawsuit.

**Section IX (Loss of Consortium)**
No response to any question

**Medical Authorization:** Not provided.

| | | **Verification:** Not provided | |
|---|---|---|---|
| Thyrion, Leslie 0:17-cv-04892 | 3/07/2018 | **Section III (Surgery Information)** Part 1: Claims Bair Hugger system was used for surgery based on review of attorney records, but responded "information not available" for when this information was discovered.<br><br>**Section V (Insurance/Claim Information)** Part 5: Indicates a prior lawsuit, but for date of filing, state where claim is filed, and name of defendant, responded "N/A - Unknown if it has been filed yet" | Brown & Crouppen, P.C. |