UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: BAIR HUGGER FORCED AIR WARMING DEVICES PRODUCTS LIABILITY LITIGATION | MDL No. 15-2666 (JNE/FLN) |
| This Document Relates to Case Nos.:<br>16-cv-02518 *(Hylander v. 3M Co., et al.)*<br>17-cv-02156 *(Downs v. 3M Co., et al.)*<br>17-cv-02451 *(Brack v. 3M Co., et al.)*<br>17-cv-02509 *(Church v. 3M Co., et al.)*<br>17-cv-02533 *(Flynn v. 3M Co., et al.)*<br>17-cv-02647 *(Holmes v. 3M Co., et al.)*<br>17-cv-02809 *(Wolfson v. 3M Co., et al.)*<br>17-cv-03383 *(Stringer v. 3M Co., et al.)*<br>17-cv-03502 *(Pledger v. 3M Co., et al.)*<br>17-cv-03953 *(Wolf v. 3M Co., et al.)* | |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION

Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(h)(3), Defendants 3M Company ("3M") and Arizant Healthcare Inc. ("Arizant") (collectively, "Defendants") respectfully move the Court to dismiss the following plaintiffs' cases for lack of subject-matter jurisdiction:

| Case Number | Plaintiff(s) | Firm Name |
|---|---|---|
| 0:16-cv-02518-JNE-FLN | Hylander* | The Olinde Firm, LLC |
| 0:17-cv-02156-JNE-FLN | Downs | Kennedy Hodges, L.L.P. |
| 0:17-cv-02451-JNE-FLN | Brack | Kennedy Hodges, L.L.P. |
| 0:17-cv-02509-JNE-FLN | Church | Kennedy Hodges, L.L.P. |
| 0:17-cv-02533-JNE-FLN | Flynn | Kennedy Hodges, L.L.P. |
| 0:17-cv-02647-JNE-FLN | Holmes | Kennedy Hodges, L.L.P. |

| | | |
|---|---|---|
| 0:17-cv-02809-JNE-FLN | Wolfson | Kennedy Hodges, L.L.P. |
| 0:17-cv-03383-JNE-FLN | Stringer | Kennedy Hodges, L.L.P. |
| 0:17-cv-03502-JNE-FLN | Pledger | Kennedy Hodges, L.L.P. |
| 0:17-cv-03953-JNE-FLN | Wolf | Kennedy Hodges, L.L.P. |

*Indicates loss-of-consortium plaintiff

## FACTUAL BACKGROUND

The above-referenced plaintiffs (individually, "Plaintiff," collectively, "Plaintiffs") died before the filing of their respective complaints. The table below shows the date of filing, and the date of death for each Plaintiff:

| Case Number | Plaintiff(s) | Date of Filing | Date of Death[1] |
|---|---|---|---|
| 0:16-cv-02518-JNE-FLN | Hylander | 7/26/2016 | 4/03/2016 |
| 0:17-cv-02156-JNE-FLN | Downs | 6/21/2017 | 4/14/2017 |
| 0:17-cv-02451-JNE-FLN | Brack | 7/03/2017 | 10/03/2016 |
| 0:17-cv-02509-JNE-FLN | Church | 7/05/2017 | 5/08/2017 |
| 0:17-cv-02533-JNE-FLN | Flynn | 7/05/2017 | 3/26/2016 |
| 0:17-cv-02618-JNE-FLN | Holmes | 7/08/2017 | 1/08/2017 |
| 0:17-cv-02809-JNE-FLN | Wolfson | 7/12/2017 | 10/21/2016 |
| 0:17-cv-03383-JNE-FLN | Stringer | 7/27/2017 | 2/7/2017 |
| 0:17-cv-03502-JNE-FLN | Pledger | 8/02/2017 | 2/09/2017 |
| 0:17-cv-03953-JNE-FLN | Wolf | 8/25/2017 | 6/25/2017 |

---

[1] The date of death for each Plaintiff is taken from the suggestion of death filed in the corresponding case. (*See* 16-cv-02518, Dkt. No. 6; 17-cv-02156, Dkt. No. 6; 17-cv-02451, Dkt. No. 6; 17-cv-02509, Dkt. No. 6; 17-cv-02533, Dkt. No. 6; 17-cv-02618, Dkt. No. 6; 17-cv-02809, Dkt. No. 6; 17-cv-03383, Dkt. No. 6; 17-cv-03502. Dkt. No. 6; 17-cv-03953, Dkt. No. 6.)

**LAW AND ARGUMENT**

A party can challenge a court's subject-matter jurisdiction at any time before final judgment is entered. *Eckerberg v. Inter-State Studio & Publ'g Co.*, 860 F.3d 1079, 1084 (8th Cir. 2017). When the Court's jurisdiction is contested, "the plaintiff has the burden of establishing jurisdiction by competent proof and by a preponderance of the evidence." *Id.* (citing *Russell v. New Amsterdam Cas. Co.*, 325 F.2d 996, 998 (8th Cir. 1964)).

While the Plaintiffs have filed suggestions of death in each of these cases, they cannot comply with the requirements of PTO 23 or Rule 25.[2] *See Campbell v. Travelers Ins.,* No. CIV. A. 06-9068, 2008 WL 145048, at *1 (E.D. La. Jan. 14, 2008) ("[Rule 25] is inapplicable when the deceased party predeceased the initiation of the litigation."). Where a plaintiff is deceased at the time an action is commenced, "that action must be treated as a nullity and it cannot be given life by substituting parties and amending the complaint. An action cannot be brought by a deceased." *Banakus v. United Aircraft Corp.*, 290 F. Supp. 259, 260 (S.D.N.Y. 1968); *see also Adelsberger v. United States,* 58 Fed. Cl. 616, 618 (2003) ("The question presented is whether an action can be initiated in the name of a deceased person. We think the answer is plainly, 'no.' . . . a party must have a legal existence as a prerequisite to having the capacity to sue or be sued."); *In re Asbestos Prod. Liab. Litig. (No. VI)*, 311 F.R.D. 152, 156 (E.D. Pa. 2015) (citing cases).

Consistent with this authority, the Court has previously dismissed cases where the plaintiffs died before the filing of their complaints. (*See, e.g.,* Order, 15-md-02666, Dkt.

---

[2] Plaintiff in *Hylander* (16-cv-02518) also failed to timely file the suggestion of death under PTO 23. (*See* PTO 23(A); 16-cv-02518, Dkt. No. 6.)

No. 1100 at 4.)  In dismissing those matters, the Court concluded, "[t]he Court *must* dismiss these . . . cases for lack of subject-matter jurisdiction. . . .  A dead person cannot invoke federal jurisdiction as a plaintiff."  *Id.*  (emphasis added).  There is no dispute that the Plaintiffs were deceased when their complaints were filed.  The Court is without jurisdiction, and the cases must be dismissed.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court dismiss the following cases for lack of subject-matter jurisdiction:

| Case Number | Plaintiff(s) | Firm Name |
|---|---|---|
| 0:16-cv-02518-JNE-FLN | Hylander* | The Olinde Firm, LLC |
| 0:17-cv-02156-JNE-FLN | Downs | Kennedy Hodges, L.L.P. |
| 0:17-cv-02451-JNE-FLN | Brack | Kennedy Hodges, L.L.P. |
| 0:17-cv-02509-JNE-FLN | Church | Kennedy Hodges, L.L.P. |
| 0:17-cv-02533-JNE-FLN | Flynn | Kennedy Hodges, L.L.P. |
| 0:17-cv-02647-JNE-FLN | Holmes | Kennedy Hodges, L.L.P. |
| 0:17-cv-02809-JNE-FLN | Wolfson | Kennedy Hodges, L.L.P. |
| 0:17-cv-03383-JNE-FLN | Stringer | Kennedy Hodges, L.L.P. |
| 0:17-cv-03502-JNE-FLN | Pledger | Kennedy Hodges, L.L.P. |
| 0:17-cv-03953-JNE-FLN | Wolf | Kennedy Hodges, L.L.P. |

Dated: June 13, 2018                                   Respectfully submitted,

*s/Benjamin W. Hulse*
Jerry W. Blackwell (MN #186867)
Benjamin W. Hulse (MN #0390952)
Mary S. Young (MN #0392781)
BLACKWELL BURKE P.A.
431 South Seventh Street, Suite 2500
Minneapolis, MN 55415
Phone: (612) 343-3200
Fax: (612) 343-3205
Email: blackwell@blackwellburke.com
          bhulse@blackwellburke.com
          myoung@blackwellburke.com

Bridget M. Ahmann (MN #016611x)
FAEGRE BAKER DANIELS LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
Phone: (612) 766-7000
Email: bridget.ahmann@faegrebd.com

***Counsel for Defendants 3M Company and Arizant Healthcare Inc.***

5