UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

In re: BAIR HUGGER FORCED AIR
WARMING DEVICES PRODUCTS
LIABILITY LITIGATION

MDL No. 15-2666 (JNE/FLN)

ORDER

This Document Relates To: all cases.

Before the Court is a dispute as to whether certain documents filed pursuant to

Local Rule 5.6 should be sealed or unsealed.  On March 23, 2018, the Magistrate Judge

ordered, ECF No. 1182, the unsealing of an exhibit about the Bair Paws, ECF No. 937.

The Bair Paws is a product that Defendants sell.  The Magistrate Judge also ordered, ECF

No. 1182, the continued sealing of an assortment of Defendants' internal documents, *see*

ECF No. 1229, Ex. C (listing docket entries for these internal documents).

The parties then moved for further consideration of the Magistrate Judge's March

23 order.  *See* D. Minn. LR 5.6(d)(3).  On May 2, 2018, the Magistrate Judge denied

Defendants' motion to further consider the unsealing of the Bair Paws exhibit.  ECF No.

1245.  On May 8, 2018, the Magistrate Judge denied Plaintiffs' motion to further

consider the continued sealing of Defendants' internal documents.  ECF No. 1247.

In accordance with Local Rule 5.6(d)(4), Plaintiffs now object, ECF No. 1259, to

the continued sealing of Defendants' internal documents and Defendants object, ECF No.

1258, to the unsealing of the Bair Paws exhibit.

Local Rule 72.2 governs this Court's review of orders by Magistrate Judges under Local Rule 5.6.  In conducting the review, the Court must reverse legal or clear error but "may also reconsider on . . . [its] own any matter decided."  D. Minn. LR 72.2(a)(3).  As set forth below, the Court affirms the order sealing Defendants' internal documents and reverses the order unsealing the Bair Paws exhibit.

The common-law "right of access is not absolute" and "requires a weighing of competing interests."  *Webster Groves Sch. Dist. v. Pulitzer Pub. Co.*, 898 F.2d 1371, 1376, 1378 (8th Cir. 1990) (affirming sealing).  No presumption strongly favors access under the common law.  *Compare id.*, *with in re Neal*, 461 F.3d 1048, 1054 (8th Cir. 2006) (reviewing heightened sealing standard under bankruptcy statute).  Further, in deciding whether to seal documents, "[e]very court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes."  *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598, 611-12 (1978) (directing affirmance of "District Court's decision not to release" documents).  In particular, "courts have refused to permit their files to serve as . . . sources of business information that might harm a litigant's competitive standing."  *Id.* (citations omitted).

Upon its own review of the record, the Court finds no clear or legal error in the order continuing to seal Defendants' internal documents.  The "material in these docket entries is related to the internal reporting, testing, analysis, and consumer data and communications addressing the Bair Hugger device's strategic market placement and positioning."  ECF No. 1247 at 5.  "[S]everal of the contested docket entries contain

Defendants' customer manifests and lists, various market analysis, and expected customer tendencies and reaction to this litigation and its potential market impact." *Id.* As the Magistrate Judge found, the public interest in access is weak relative to Defendants' interest in protecting their competitively sensitive information.  The order sealing Defendants' internal documents, ECF No. 1247, is thus AFFIRMED and Plaintiffs' objection, ECF No. 1259, is OVERRULED.

But the Court concludes that the Bair Paws exhibit should also be sealed.  The Bair Paws exhibit is the technical background to a proposal for a scientific study about the Bair Paws device.  The competing interests favor sealing.

The public's interest in this exhibit is minimal, as the exhibit came "within [the] court's purview solely to [e]nsure [its] irrelevance."  *IDT Corp. v. eBay*, 709 F.3d 1220, 1223 (8th Cir. 2013).  Although Plaintiffs allege that the Bair Paws is an alternative to the Bair Hugger, the Court ruled the Bair Paws exhibit irrelevant, at least as to the first bellwether trial.  *See* 16-cv-4187, ECF No. 304.  The exhibit is about the Bair Paws, not the Bair Hugger.  *See* ECF No. 1245 at 2 (explaining that Bair Paws exhibit "is simply an unpublished paper examining the . . . Bair Paws device" and that it "falls well short of . . . findings regarding the Bair Hugger").  Still, Plaintiffs argue that the public has a scientific interest in unsealing the Bair Paws exhibit, because restricting "public access . . . may prevent scientific research and effective precautions by the medical community." ECF No. 1268 at 2.  But the Bair Paws exhibit only summarizes the results of other published research.  Those publications are available elsewhere.  Sealing therefore carries no risk of obstructing medical developments.

Defendants' interests in confidentiality outweigh this weak public interest. Confidentiality attaches to scientific proposals such as the Bair Paws exhibit, which "reflects internal scientific and technical planning" and "competitive strategy." ECF No. 1258 at 1, 4. Unsealing risks potential harm to Defendants' "competitive standing," as the information could be used for an "improper purpose." *See Nixon*, 535 U.S. at 598.

The order unsealing the Bair Paws exhibit, ECF No. 1245, is therefore REVERSED and Defendants' objection, ECF No. 1258, is SUSTAINED.

IT IS SO ORDERED.

Dated: June 18, 2018

 s/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge

4