## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

In re: BAIR HUGGER FORCED AIR
WARMING DEVICES PRODUCTS
LIABILITY LITIGATION

MDL No. 2666 (JNE/FLN)

This Document Relates to:

ALL ACTIONS

**Joint Agenda and Report for
June 21, 2018 Status Conference**

---

Pursuant to Pretrial Order #3, undersigned Counsel submit this Joint Agenda and
Status Report for the June 21, 2018 Status Conference:

### 1. Pretrial Orders and Case Schedule

***Lexecon Waivers***:  As the Court is aware, the second bellwether-selection pool
from which the eight cases that comprise the "Bellwether Second" were selected
consisted of 99 cases.  To be considered for bellwether status, Plaintiffs were required to
decide whether to waive their right to trial in their home courts.  Ultimately, 70 of the 99
plaintiffs waived their venue rights under *Lexecon* and agreed to trial before this Court.
Three of the 70 plaintiffs were later dismissed.

Following the *Gareis* verdict, 62 of the 67 waivers were retracted, including all
eight bellwether selections.  Plaintiffs' position is that the *Lexecon* waivers were invalid
for lack of consideration, and that the Court's choice-of-law and other rulings in *Gareis*
"resulted in a material difference in the posture of the case."  Plaintiffs are concerned
about statements made in chambers after the *Gareis* closings in which the Court indicated
in the next trial perhaps all the documents and the Augustine issues would come into

evidence.  Defendants disagree with Plaintiffs' characterization of the Court's comments in chambers.

Defendants submit that Plaintiffs' retraction of their Lexecon waivers is invalid and have filed an objection in that regard.  Defendants' position is that if Plaintiffs are permitted to unilaterally revoke their *Lexecon* waivers, it will be virtually impossible for any bellwether pool to be populated.  Defendants' view is that to the extent a particular bellwether plaintiff no longer wishes to proceed with trial in Minnesota, then his or her claims should be dismissed with prejudice. Plaintiffs will submit briefing responsive to Defendants' objection.

**2.  Plaintiff Fact Sheets ("PFSs")**

Defendants have moved to dismiss an additional set of cases based on alleged PFS deficiencies.  That motion is noticed to be heard by the Court at the June 21 status conference.  Defendants have also, as in prior months, addressed lists of PFS disputes to the Court as provided by PTO No. 14.  Plaintiffs do not concede that cases included on these lists are in fact deficient.

**3.  Update on number and status of cases transferred into the MDL**

As of June 8, 2018, there were 4,564 active federal Bair Hugger cases pending in this MDL.  Not all filed cases have been served on Defendants.

**4.  Overview of related state court proceedings**

On January 8, 2018, Judge Leary granted the Defendants' Motions to Exclude Plaintiffs' General Causation Medical Experts and granted the Defendants' Motion for

Summary Judgment with Respect to General Causation.   Judgment was entered in the cases pending in Ramsey County on January 26, 2018.   On January 31, Judge Leary denied Plaintiffs' letter request for reconsideration.[1]   Plaintiffs' appeal is pending. Plaintiffs' (Appellants') opening brief was filed April 27, 2018; Defendants' (Respondents') response is due June 27 per an extension granted by the Court of Appeals.

There are currently five other state court cases pending outside of Ramsey County, Minnesota:

*Rodriguez v. 3M Co., Arizant Healthcare, Advocate Health and Hospitals Corporation, and Medtronic Sofamor Danek U.S.A., Inc.*, pending in the Circuit Court of the Nineteenth Judicial Circuit, Lake County, Illinois, Case No. 15-L-930, before the Honorable Thomas J. Schippers.   Plaintiffs dismissed the claims against 3M and Arizant with prejudice on May 23, 2018.

*Acosta v. 3M and Arizant Healthcare, Inc.*, pending in the Fourth Judicial District Court, Missoula County, Montana, Case No. DV-16-769, Dept. No. 4, Plaintiffs are represented by the Rossbach Law Firm. The Acosta case was filed on September 9, 2016. 3M and Arizant have not been served.

*Petitta v. Ray R. Trey Fulp III et al.*, pending in the District Court of Hidalgo County, Texas.  Plaintiff is represented by the Garcia & Martinez Law Firm.  *Petitta* was filed on November 14, 2016.    Only written discovery has occurred.   The hospital defendant settled. The remaining co-defendant, the Plaintiff's orthopedic surgeon treating

---

[1] Judge Leary has since announced his retirement, effective early July, 2018.

physician, filed an interlocutory appeal after the Court denied his motion to dismiss. Discovery is automatically stayed pending disposition of the interlocutory appeal.

*Bythwood v. 3M, Arizant et al.,* pending in the Circuit Court of Jefferson County, Alabama.   Plaintiff is represented by Frank O. Hanson, Jr.   *Bythwood* was filed on February 15, 2017.   On April 7, 2017, the Court issued an order allowing fact discovery to commence.  The Court held a status conference on October 12, 2017, setting a fact discovery deadline of October 11, 2018 and scheduling a status conference for October 12, 2018, at which time the Court will set a   trial   date   and   deadlines   for dispositive   motions and expert disclosures/depositions.

*Wilson v. Stryker Corp., et al.*, pending in the District Court of Comanche County, Oklahoma.  Plaintiff is represented by Daniel M. Delluomo.   *Wilson* was filed on December 6, 2017.  Plaintiff has agreed to sever the claims against 3M and Arizant for removal to federal court and transfer to the MDL.  A stipulation for dismissal without prejudice will be filed shortly, and the parties will begin the process of having the Bair Hugger claims transferred to the MDL.

### 5. Overview of Canadian action

On June 22, 2016, Defendants were served with a Canadian putative class action, *Driessen v. 3M Canada Company, 3M Company, and Arizant Healthcare Inc.*, filed in Ontario Superior Court of Justice, Court File No. 16-69039.  Plaintiff Driessen seeks to represent a putative class of "[a]ll persons residing in Canada who had the 3M Bair Hugger Forced-Air Warming Device used on them during surgery."  (Driessen Cplt. ¶ 4.)

Plaintiff Driessen is represented by Jeff Orenstein and Andrea Grass of the Consumer Law Group Professional Corporation in Ottawa, Ontario. Defendants have retained Canadian counsel, Tim Buckley and Kate Crawford of Borden Ladner Gervais. On August 8, 2016, Defendants filed their Notice of Intent to Defend. There has been no recent case activity.

> **6.     Additional pretrial orders (including, but not limited to, rules and procedures, preservation order, and protective order of confidentiality)**

There are no pending pretrial orders.

**7. Status of Discovery**

***Bellwether Second***: Case-specific written discovery has been served by the parties in all 8 cases included in the current bellwether pool. Responses and objections have been served and the parties are working to resolve deficiencies identified by Defendants. Defendants are also collecting and reviewing medical records in all cases. There have been unexpected difficulties, however, in obtaining medical records and scheduling plaintiff and treating physician depositions for the two joint picks (*Axline* and *Hives*). Defendants anticipate that the discovery deadline will need to be adjusted for the parties to obtain reasonably complete discovery in time for the December 3 trial.

***Axline***: Defendants noticed depositions for Plaintiff and her spouse for June 21 and 22, but Plaintiffs advised those dates would not work. Plaintiffs have proposed alternative dates near the current close of discovery on July 16, which Defendants believe is unreasonably late, given the need to depose Plaintiff's treating physicians within the

same timeframe.  Plaintiffs have also indicated that Ms. Axline's orthopedic surgeon, Dr. Lombardi, is not available until July 17, the day after discovery closes.  Defendants are in the process of scheduling the depositions of Plaintiff's primary care providers, and the CRNA, anesthesiologist and surgeon involved in Plaintiff's surgery.  Defendants have approached counsel for Mt. Carmel Hospital, where Plaintiff's surgery took place, to arrange a site visit, but the Hospital has not yet agreed to allow one to take place.

*Hives*:   Defendants have noticed the deposition of Dr. Galang (implanting surgeon) for June 22. Dr. Galang is scheduled to travel to California from Guam for purposes of this deposition. On June 14, 2017, Defendants notified counsel for Dr. Galang that Defendants may cancel Dr. Galang's deposition. Plaintiffs object to not having been included on these conversations, and to cancellation of this deposition without consulting Plaintiffs.  Defendants' position is that there are records requests outstanding from a number of Ms. Hives's providers and that Dr. Galang's deposition should be delayed until the records are complete.  Counsel for San Joaquin General Hospital, where Ms. Hives's surgery was performed, has copied Plaintiffs' counsel on all email communications.

Defendants also noticed the depositions of Plaintiff and her spouse for June 26 and 27.  Defendants are in the process of arranging for the depositions of Dr. Davis (explant/revision surgeon) and the anesthesiologist involved in Plaintiff's surgery.  A site visit has been scheduled for Saturday, June 23 at 4 p.m.  Several of Ms. Hives's medical

providers have not yet produced medical records, despite Defendants' attempts to obtain them.

### 8.  Status of Post-Trial Motions in Gareis

Plaintiffs will bring a Motion for a New Trial. Plaintiffs' confirmed with the Court that Plaintiffs' are to follow Judge Ericksen's practice pointers and have all documents ready for filing prior to calling to secure a hearing date for the motion, rather than follow the Local Rules in Minnesota, where a hearing date would be secured first and then a briefing schedule set by the Court. The deadline for filing motion papers and supporting documents is June 27, 2018.

Dated:  June 15, 2018

Respectfully submitted:

Michael V. Ciresi (MN #0016949)
Jan M. Conlin (MN #0192697)
CIRESI CONLIN LLP
225 S. 6th St., Suite 4600
Minneapolis, MN 55402
Phone: 612.361.8202
Email: MVC@CiresiConlin.com
JMC@CiresiConlin.com

Ben W. Gordon, Jr. (*pro hac vice*)
LEVIN, PAPANTONIO, THOMAS,
MITCHELL, RAFFERTY & PROCTOR,
P.A.
316 South Baylen Street, Suite 600
Pensacola, FL 32502-5996
Phone: (850) 435-7091
Fax: (850) 435-7020
Email: bgordon@levinlaw.com

Genevieve M. Zimmerman (MN #330292)
MESHBESHER & SPENCE, LTD.
1616 Park Avenue South
Minneapolis, MN 55404
Phone: (612) 339-9121
Fax: (612) 339-9188
Email: gzimmerman@meshbesher.com

**Co-Lead Counsel for Plaintiffs**

Jerry W. Blackwell (MN #0186867)
Benjamin W. Hulse (MN #0390952)
Mary S. Young (MN #0392781)
BLACKWELL BURKE P.A.
431 South Seventh Street, Suite 2500
Minneapolis, MN  55415
Phone: (612) 343-3200
Fax:  (612) 343-3205
Email: blackwell@blackwellburke.com
           bhulse@blackwellburke.com
           myoung@blackwellburke.com

Bridget M. Ahmann (MN # 016611x)
FAEGRE BAKER DANIELS LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
Phone: (612) 766-7000
Fax: (612) 766-1600
Email: bridget.ahmann@faegrebd.com

**Counsel for Defendants 3M Company
and Arizant Healthcare Inc.**