IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

| | |
|---|---|
| IN RE: BAIR HUGGER FORCED AIR WARMING PRODUCT LIABILITY LITIGATION | MDL No.: 15-md-02666 (JNE/FLN) |

This Document Relates To:
17-cv-02156 (*Downs v. 3MCo., et al.*)
17-cv-02451 (*Brack v. 3M Co., et al.*)
17-cv-02509 (*Church v. 3M Co., et al.*)
17-cv-02533 (*Flynn v. 3M Co., et al.*)
17-cv-02647 (*Holmes v. 3M Co., et al.*)
17-cv-02809 *(Wolfson v. 3M Co. et al.)*
17-cv-03383 (*Stringer v. 3M Co., et al.*)
17-cv-03502 (*Pledger v. 3M Co., et al.*)
17-cv-03953 (*Wolf v. 3M Co., et al.*)
_____

## PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO DISMISS

NOW COMES Plaintiffs, identified in Defendants' Motion to Dismiss for Lack of Jurisdiction [Dkt. 1283], and by and through undersigned counsel submits this, Response to Defendants' Motion to Dismiss, and would respectively show the Court the following:

1. The above referenced Plaintiffs contacted undersigned counsel regarding an infection and subsequent treatment experienced due to the use of a Bair Hugger patient warming device during an orthopedic surgery.

2. Counsel worked to obtain medical records and billing records to move forward with the case. Those records indicated that a Bair Hugger device was used during the original surgery.

3. The current actions were filed to comply with what was identified as the applicable statute of limitations deadline for the relevant claims.

4. Counsel did not learn until after the intial filing that Plaintiff died prior to the filing of the lawsuit.

5. While Counsel acknowledges that the Court does not have subject-matter jurisdiction, Counsel requests that the case be dismissed <u>without prejudice</u>, so that the appropriate party may pursue the suit should they wish to proceed.

6. This Court has previously dismissed cases in this litigation where the Plaintiff died prior to the filing of the lawsuit without prejudice. [*See* Dkt. 1100] This Court noted, that when "a case originally filed in federal court does not belong there" because of lack of subject-matter jurisdiction, "generally the appropriate remedy is to dismiss without prejudice." *Wallace v. ConAgra Foods, inc.*, 747 F.3d 1025, 1033 (8th Cir. 2014).

Accordingly, undersigned counsel request that the above referenced Plaintiffs' cause of action be dismissed without prejudice.

Dated: June 20, 2018                     KENNEDY HODGES, LLP

By: /s/ David W. Hodges
David W. Hodges
dhodges@kennedyhodges.com
Gabriel A. Assaad
gassaad@kennedyhodges.com
4409 Montrose Blvd. Ste 200
Houston, TX 77006
Telephone: (713) 523-0001
Facsimile: (713) 523-1116

ATTORNEYS FOR PLAINTIFFS