UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

In re: BAIR HUGGER FORCED AIR            MDL No. 15-2666 (JNE/FLN)
WARMING DEVICES PRODUCTS
LIABILITY LITIGATION
                                          ORDER

This Document Relates To:
Case Nos.:  17-cv-2156 (*Downs v. 3M Co.*)
            17-cv-2451 (*Brack v. 3M Co.*)
            17-cv-2509 (*Church v. 3M Co.*)
            17-cv-2533 (*Flynn v. 3M Co.*)
            17-cv-2638 (*Reinker v. 3M Co.*)
            17-cv-2647 (*Garland Holmes v. 3M Co.*)
            17-cv-2809 (*Wolfson v. 3M Co.*)
            17-cv-2901 (*Moore v. 3M Co.*)
            17-cv-3049 (*Finney v. 3M Co.*)
            17-cv-3255 (*Peter & Jequita Holmes v. 3M Co.*)
            17-cv-3383 (*Stringer v. 3M Co.*)
            17-cv-3502 (*Pledger v. 3M Co.*)
            17-cv-3662 (*Guyton v. 3M Co.*)
            17-cv-3953 (*Wolf v. 3M Co.*)
            17-cv-4429 (*Holcomb v. 3M Co.*)
            17-cv-4805 (*Beck v. 3M Co.*)
            17-cv-4825 (*Duckworth v. 3M Co.*)
            17-cv-4880 (*Scott v. 3M Co.*)
            17-cv-4892 (*Thyrion v. 3M Co.*)
            17-cv-4896 (*Pew v. 3M Co.*)
            17-cv-4984 (*Cheney v. 3M Co.*)
            17-cv-5302 (*Kelley v. 3M Co.*)
            17-cv-5469 (*Minnigan-Judd v. 3M Co.*)

Defendants 3M Company and Arizant Healthcare, Inc., moved to dismiss twenty-seven member cases in the *Bair Hugger* MDL, including the above-captioned.  For seventeen cases, Defendants assert Plaintiffs' failure to comply with Pretrial Order No. 14 ("PTO 14," MDL Dkt. No. 117).  Mot., MDL Dkt. No. 1272.  For the other ten, Defendants assert lack of subject-matter jurisdiction.  MDL Dkt. No. 1283.  Defendants have withdrawn their Motion as to Plaintiff Ronnie Lewis (17-cv-5375).  MDL Dkt. No.

1288. Defendants have also withdrawn their Motion as to Plaintiffs Tommy & Belinda Reed (17-cv-5202) and John & Betty Spry (17-cv-5199). MDL Dkt. No. 1296. The Court now decides the Motions as to the twenty-three above-captioned cases. The Court will decide the Motion as to joint Plaintiff Loretta & Royce Hylander (16-cv-2518) later. *See* MDL Dkt. No. 1284.

**I. Defendants' Motion [MDL Dkt. No. 1272] to dismiss under Pretrial Order No. 14 is granted in part and denied in part.**

Plaintiffs must complete and serve Plaintiff Fact Sheets in lieu of interrogatories. *See* Dismissal Order 1-2 (July 24, 2017), MDL Dkt. No. 622. Because PTO 14 triggers express warnings of dismissal and gives plaintiffs opportunities to cure noncompliance, the Court may dismiss a case with prejudice if plaintiff has failed to comply with that Order despite those warnings and opportunities. Dismissal Order 1-3 (Dec. 21, 2017), MDL Dkt. No. 1028; *see* Fed. R. Civ. P. 41(b) (allowing dismissal for failure to comply with court orders). The Court may also dismiss a case for failure to prosecute. Fed. R. Civ. P. 41(b). Defendants here have made an initial showing that fourteen of the above-captioned cases should be dismissed under PTO 14. *See* MDL Dkt. Nos. 1274-1275. So, to resist dismissal, the Plaintiffs must oppose the Motion. *See* PTO 14 ¶ 8.

**A. The Motion is granted as to the twelve Plaintiffs or Joint Plaintiffs who did not respond to it.**

Plaintiffs Louis Beck (17-cv-4805), Jay Cheney (17-cv-4984), Laura Duckworth (17-cv-4825), Gwendolyn Finney (17-cv-3049), Sharida Guyton (17-cv-3662), April Holcomb (17-cv-4429), Peter & Jequita Holmes (17-cv-3255), Charles Kelley (17-cv-5302), Stephanie Minnigan-Judd (17-cv-5469), Richard Pew (17-cv-4896), Sheree Scott (17-cv-4880), and Leslie Thyrion (17-cv-4892) did not respond to and so do not oppose

the Motion.  The Court thus **GRANTS** the Motion as to these twelve cases and **DISMISSES** them with prejudice under PTO 14 and for failing to prosecute.

> **B.  The Motion is granted as to Plaintiff Susan Reinker, who has stopped communicating with counsel and has not disputed the Motion's merits.**

For Plaintiff Susan Reinker (17-cv-2638), counsel responds to the Motion but does not dispute that Reinker has failed to comply with PTO 14.  To oppose the Motion, Reinker must dispute its merits.  *See* Dismissal Order 2 (July 24, 2017) (deeming counsel's log of "unsuccessful attempts to enlist [plaintiff's] cooperation" non-opposition), MDL Dkt. No. 622.  Her counsel instead explains that she last communicated with him in 2015.  MDL Dkt. No. 1289 ¶ 1.  This explanation does not go to the Motion's merits.  So, Reinker has not opposed the Motion, as she had to.  The Court thus **GRANTS** the Motion as to her and **DISMISSES** her case with prejudice under PTO 14 and for failure to prosecute.

> **C.  The Motion is denied without prejudice to renew as to Plaintiff Michael Moore.**

Counsel for Plaintiff Michael Moore (17-cv-2901) suggests Moore's death.  MDL Dkt. No. 1291 ¶ 5.  To allow substitution under Pretrial Order No. 23, MDL Dkt. No. 1039, which was ordered on Defendants' request, Defendants' Motion as to Moore is **DENIED** without prejudice to renew.  *See, e.g.*, Order on Defs.' Mar. 2018 Mot. 4 (denying Defs.' Mot. as to Pl. Shirley Slaughter), MDL Dkt. No. 1167.

**II.  Defendants' Motion [MDL Dkt. No. 1283] to dismiss for lack of subject-matter jurisdiction is granted as to nine Plaintiffs who died before Complaints were filed in those Plaintiffs' name.**

For Plaintiffs Charlene Brack (17-cv-2451), William Church (17-cv-2509), Mark Downs (17-cv-2156), Jeffrey T. Flynn (17-cv-2533), Garland Holmes (17-cv-2647),

3

Porter Pledger (17-cv-3502), Debra Stringer (17-cv-3383), Jerri Wolf (17-cv-3953) and Marje Wolfson (17-cv-2809), someone sued in their name after they had died:

| **Plaintiff** | **Case No.** | **Died** | **Complaint** |
| --- | --- | --- | --- |
| Brack | 17-cv-2451 | Oct. 2016 | July 2017 |
| Church | 17-cv-2509 | May 2017 | July 2017 |
| Downs | 17-cv-2156 | Apr. 2017 | June 2017 |
| Flynn | 17-cv-2533 | Mar. 2016 | July 2017 |
| Holmes, Garland | 17-cv-2647 | Jan. 2017 | July 2017 |
| Pledger | 17-cv-3502 | Feb. 2017 | Aug. 2017 |
| Stringer | 17-cv-3383 | Feb. 2017 | July 2017 |
| Wolf | 17-cv-3953 | June 2017 | Aug. 2017 |
| Wolfson | 17-cv-2809 | Oct. 2016 | July 2017 |

The dead cannot invoke federal jurisdiction. The Court thus must dismiss these nine cases for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(h)(3). When "a case originally filed in federal court does not belong there" because of a lack of subject-matter jurisdiction, "generally the appropriate remedy is to dismiss without prejudice." *Wallace v. ConAgra Foods, Inc.*, 747 F.3d 1025, 1033 (8th Cir. 2014). And so, the Court **DISMISSES** these nine cases without prejudice.

IT IS SO ORDERED.

Dated: June 20, 2018        s/ Joan N. Ericksen
                                                                                      JOAN N. ERICKSEN
                                                                                      United States District Judge