## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: BAIR HUGGER FORCED AIR WARMING DEVICES PRODUCTS LIABILITY LITIGATION | MDL No. 15-2666 (JNE/FLN) |
| This Document Relates To: All Actions | **DECLARATION OF MONICA L. DAVIES IN SUPPORT OF DEFENDANTS' MOTION FOR PROTECTIVE ORDER CONCERNING PLAINTIFFS' JUNE 2018 SUBPOENAS TO W.J. MINKOWYCZ, Ph.D. AND UNIVERSITY OF ST. THOMAS** |

Under 28 U.S.C. § 1746, I, Monica L. Davies, hereby declare as follows:

1.      I am an attorney at the law firm of Blackwell Burke P.A., and one of the attorneys representing 3M Company ("3M") and Arizant Healthcare Inc. ("Arizant") (collectively, "Defendants") in this litigation. I submit this declaration in support of Defendants' Motion For Protective Order Concerning Plaintiffs' June 2018 Subpoenas to W.J. Minkowycz, Ph.D. and University of St. Thomas.  Unless otherwise stated, the facts set forth herein are based upon my personal knowledge, information, and belief.

2.      Attached as Exhibit 1 is a true and correct copy of Plaintiffs' June 20, 2018 Subpoena directed to W.J. Minkowycz, Ph.D.

3.      Attached as Exhibit 2 is a true and correct copy of Plaintiffs' June 20, 2018 Subpoena directed to the University of St. Thomas, together with "Exhibit A" to the Subpoena.

4.      Attached as Exhibit 3 is a true and correct copy of excerpts from Volumes IX and X of the trial transcript in *Gareis v. 3M Co., et al.,* No. 16-cv-4187.

5.      Attached as Exhibit 4 is a true and correct copy of excerpts from the March 12, 2018 motion hearing on Defendants' Motion for Protective Order Concerning Plaintiffs' Subpoena to W.J. Minkowycz, Ph. D.

6.      Attached as Exhibit 5 is a true and correct copy of excerpts from the February 10, 2018 Deposition of Said Elghobashi, Ph.D.

7.      I declare under penalty of perjury that the foregoing is true and correct.

Executed in Minneapolis, Minnesota, this 25th day of June, 2018.


*s/Monica L. Davies*
Monica L. Davies

# EXHIBIT 1

AO 88A (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### District of Minnesota

| | | |
|---|---|---|
| Nancy Axline v. 3M Co. et al.,17-cv-0511, and Laura Hives v. 3M Co. et al., 17-cv-1696 | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   17-cv-0511; 17-cv-1696 |
| | ) | |
| 3M Company and Arizant Healthcare, Inc. | ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                                        W.J. Minkowycz, Ph.D.

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: 225 West Wacker Drive, #1515 Chicago, IL 60606 | Date and Time: 07/20/2018 9:00 am |
|---|---|

The deposition will be recorded by this method:   Video & Stenographic

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: Any and all documents and communications related to the article "Comprehensive Review and Study of the Bouyant Air Flow Within Positive-Pressure Hospital Operating Rooms", ISSN 1040-7782 (Print) 1521-0634 (Online)

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    06/20/2018

CLERK OF COURT

OR

_____                          _____
*Signature of Clerk or Deputy Clerk*                               *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    Plaintiffs
_____ , who issues or requests this subpoena, are:

Genevieve Zimmerman, Meshbesher & Spence, Ltd., 1616 Park Ave South, Minneapolis, MN 55404 (612) 339-9121

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.   17-cv-0511; 17-cv-1696

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

&#9633;  I served the subpoena by delivering a copy to the named individual as follows: _____

_____  on *(date)* _____ ; or

&#9633;  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____          _____
                                              *Server's signature*

                                       _____
                                              *Printed name and title*

                                       _____
                                              *Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT 2

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
District of Minnesota

| | |
|---|---|
| Nancy Axline v. 3M Co. et al.,17-cv-0511, and Laura Hives v. 3M Co. et al., 17-cv-1696 <br> *Plaintiff* <br> v. <br> 3M Company and Arizant Healthcare, Inc. <br> *Defendant* | ) ) ) ) ) ) ) <br> Civil Action No.  17-cv-0511; 17-cv-1696 |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:        University of St. Thomas
            2115 Summit Avenue, St. Paul, MN 55105
            *(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
    See Exhibit A

| Place: Meshbesher & Spence, Ltd. <br>       1616 Park Avenue South, Minneapolis, MN 55404 | Date and Time: <br> 07/05/2018 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

    The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    06/20/2018

        *CLERK OF COURT*
                                                OR   _____
_____                      *Attorney's signature*
    *Signature of Clerk or Deputy Clerk*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*        Plaintiff
_____ , who issues or requests this subpoena, are:

Genevieve Zimmerman, Meshbesher & Spence, Ltd., 1616 Park Ave South, Minneapolis, MN 55404 (612) 339-9121

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 17-cv-0511; 17-cv-1696

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ ___0.00___ .

I declare under penalty of perjury that this information is true.

Date: _____                 _____
                                              *Server's signature*

                                        _____
                                              *Printed name and title*

                                        _____
                                              *Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
   (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
   (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
   (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
   (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**EXHIBIT A**

**DEFINITIONS AND INSTRUCTIONS**

1.      As used herein, the terms "you" and "your" refer to **St. Thomas University**, and "defendant" shall mean **3M Company and/or Arizant Healthcare, Inc.**, and all attorneys, agents, and other natural persons or business or legal entities acting or purporting to act for or on behalf of **3M Company and/or Arizant Healthcare, Inc.**, whether authorized to do so or not.

2.      As used herein, the term "documents" shall mean all writings of every kind, source, and authorship, both originals and all non-identical copies thereof, in your possession, custody, or control, or known by you to exist, irrespective of whether the writing is one intended for or transmitted internally by you, or intended for or transmitted to any other person or entity, including without limitation any government agency, department, administrative, or private entity or person.  The term shall include handwritten, typewritten, printed, photocopied, photographic, or recorded matter.  It shall include communications in words, symbols, pictures, sound recordings, films, tapes, and information stored in or accessible through computer or other information storage or retrieval systems, together with the codes and/or programming instructions and other materials necessary to understand and use such systems.  For purposes of illustration and not limitation, the term shall include: affidavits; agendas; agreements; analyses; announcements; bills, statements, and other records of obligations and expenditures; books; brochures; bulletins; calendars; canceled checks, vouchers, receipts and other records of payments; charts or drawings; check registers; checkbooks; circulars; collateral files and contents; contracts; corporate bylaws; corporate charters; correspondence; credit files and contents; deeds of trust; deposit slips; diaries or drafts; files; guaranty agreements; instructions; invoices; ledgers, journals, balance sheets, profit and loss statements, and other sources of financial data; letters; logs, notes, or memoranda of telephonic or face-to-face conversations; manuals; memoranda of all kinds to and from any persons, agencies, or entities; minutes; minute books; notes; notices; parts lists; papers; press releases; printed matter (including books, articles, speeches, and newspaper clippings); purchase orders; records; records of administrative, technical, and financial actions taken or recommended; reports; safety deposit boxes and contents and records of entry; schedules; security agreements; specifications; statements of bank accounts; statements or interviews; stock transfer ledgers; technical and engineering reports, evaluations, advice, recommendations, commentaries, conclusions, studies, test plans, manuals, procedures, data, reports, results, and conclusions; summaries, notes, and other records and recordings of any conferences, meetings, visits, statements, interviews or telephone conversations; telegrams; teletypes and other communications sent or received; transcripts of testimony; UCC instruments; work papers; and all other writings which relate to, discuss, consider, or otherwise refer to the subject matter of the particular discovery requested.

3.      A document is deemed to be in your possession, custody, or control if you either have physical possession of the item or have a right to possession of the item that is equal or superior to the person who has physical control of the item.

4.      "Person" or "persons" means any natural persons, firms, partnerships, associations, joint ventures, corporations, and any other form of business organization or

1

arrangement, as well as governmental or quasi-governmental agencies. If other than a natural person, include all natural persons associated with such entity.

5.      Any and all data or information which is in electronic or magnetic form should be produced in a reasonable manner.

6.      "Injury" as used herein refers to the injury sustained by any person with a claim alleging an injury caused by the Bair Hugger device.

7.      "Incident in question" as used herein refers to the surgery of any person with a claim alleging an injury caused by the Bair Hugger device.

8.      "Communications" and "communications" means any and all inquiries, discussions, conferences, conversations, negotiations, agreements, meetings, interviews, telephone conversations, letter correspondence, notes, telegrams, facsimiles, electronic mail (email), memoranda, documents, writings, or other forms of communications, including but not limited to both oral and written communications.

9.      As used herein, the term "Bair Hugger" means any forced-air warming system manufactured, sold, loaned, rented, leased, distributed, or marketed by any Defendant in this action.

10.     As used herein, the term "forced-air warming system" or "FAW" refers to the Bair Hugger system and all other convective warming systems that warm patients in approximately the following manner:

a) ambient air is drawn into a container, device, or machine where it is heated;
b) the heated air is expelled from the container, device, or machine through a hose into an inflatable blanket; and
c) the heated air is further expelled through openings in the blanket onto or near a patient


## USE OF DEFINITIONS

The use of any particular gender in the plural or singular number of the words defined under paragraph "1", "Definitions" is intended to include the appropriate gender or number as the text of any particular request for production of documents may require.

## TIME PERIOD

Unless specifically stated in a request for production of documents, all information herein requested is for the entire time period from January 1, 2015, through the date of production of documents requested herein.

**DOCUMENTS TO BE PRODUCED**

1.   All communications, including emails, between any St. Thomas University employee and 3M Corporation relating to the Computational Fluid Dynamics research of the Bair Hugger/FAW system in an operating room.

2.   All communications, including emails, between any St. Thomas University employee and 3M Corporation's attorneys, including but not limited to, Blackwell Burke, PA, Greenburg Traurig, LLP, and Fagre Baker Daniels, LLP relating to the Computational Fluid Dynamics research of the Bair Hugger/FAW system in an operating room.

3.   All communications, including emails, between any St. Thomas University student and 3M Corporation relating to the Computational Fluid Dynamics research of the Bair Hugger/FAW system in an operating room.

4.   All communications, including emails, between any St. Thomas University student and 3M Corporation's attorneys, including but not limited to, Blackwell Burke, PA, Greenburg Traurig, LLP, and Fagre Baker Daniels, LLP relating to the Computational Fluid Dynamics research of the Bair Hugger/FAW system in an operating room.

5.   All communications, including emails, between Dr. John Abraham and 3M Corporation relating to the Computational Fluid Dynamics research of the Bair Hugger/FAW system in an operating room.

6.   All communications, including emails, between Dr. John Abraham and 3M Corporation's attorneys, including but not limited to, Blackwell Burke, PA, Greenburg Traurig, LLP, and Fagre Baker Daniels, LLP relating to the Computational Fluid Dynamics research of the Bair Hugger/FAW system in an operating room.

7.   All communications, including emails, between Dr. John Abraham and Jennifer Wagner relating to the Computational Fluid Dynamics research of the Bair Hugger/FAW system in an operating room.

8.   All communications, including emails, between Brian Plourde and 3M Corporation relating to the Computational Fluid Dynamics research of the Bair Hugger/FAW system in an operating room.

9.   All communications, including emails, between Brian Plourde and 3M Corporation's attorneys, including but not limited to, Blackwell Burke, PA, Greenburg Traurig, LLP, and Fagre Baker Daniels, LLP relating to the Computational Fluid Dynamics research of the Bair Hugger/FAW system in an operating room.

10.   All communications, including emails, between Lauren Vallez and 3M Corporation relating to the Computational Fluid Dynamics research of the Bair Hugger/FAW system in an operating room.

11.   All communications, including emails, between Lauren Vallez and 3M Corporation's

attorneys, including but not limited to, Blackwell Burke, PA, Greenburg Traurig, LLP, and Fagre Baker Daniels, LLP relating to the Computational Fluid Dynamics research of the Bair Hugger/FAW system in an operating room.

12.   All communications, including emails, between John Abraham, Lauren Vallez, and/or Brian Plourde relating to the Computational Fluid Dynamics research of the Bair Hugger/FAW system in an operating room.

13.   All documents relating to the Computational Fluid Dynamics research of the Bair Hugger/FAW system in an operating room funded by 3M corporation.

14.   All documents relating to the published paper, "Comprehensive review and study of the buoyant air flow within positive-pressure hospital operating rooms" funded by 3M Corporation.

15.   All documents relating to the funds received by you relating to the Computational Fluid Dynamics research of the Bair Hugger/FAW system in an operating room funded by 3M corporation.

# EXHIBIT 3

```
 1                    UNITED STATES DISTRICT COURT

 2                      DISTRICT OF MINNESOTA

 3       -----------------------------------------------------------
                                     )
 4                                   )
         Louis Gareis and Lillian    )   VOLUME IX
 5       Gareis,                     )
                          Plaintiff, )   File No. 16-CV-4187
 6         v.                        )   (JNE/FLN)
                                     )
 7       3M Company and Arizant      )   May 25, 2018
         Healthcare, Inc.,           )   Minneapolis, Minnesota
 8                                   )   Courtroom 12W
                          Defendant. )   9:32 a.m.
 9                                   )
                                     )
10       -----------------------------------------------------------

11            BEFORE THE HONORABLE JOAN N. ERICKSEN
                UNITED STATES DISTRICT COURT JUDGE
12
                    (JURY TRIAL - VOLUME IX)
13
         APPEARANCES
14
         FOR THE PLAINTIFFS:
15                                   MESHBESHER & SPENCE
                                     Genevieve M. Zimmerman
16                                   1616 Park Avenue
                                     Minneapolis, MN  55404
17
                                     CIRESI CONLIN
18                                   Michael Ciresi
                                     Jan Conlin
19                                   225 South 6th Street
                                     Suite 4600
20                                   Minneapolis, MN

21                                   KASTER LYNCH FARRAR & BALL, LLP
                                     Kyle Farrar
22                                   1010 Lamar, Suite 1600
                                     Houston, TX  77002
23
                                     KENNEDY HODGES, LLP
24                                   Gabriel Assaad
                                     4409 Montrose Blvd
25                                   Suite 200
                                     Houston, TX 77006
```

1563

```
 1
        FOR THE DEFENDANTS 3M:        BLACKWELL BURKE P.A.
 2                                    Jerry Blackwell
                                      Ben Hulse
 3                                    Mary Young
                                      Corey Gordon
 4                                    Peter Goss
                                      431 South Seventh Street
 5                                    Suite 2500
                                      Minneapolis, MN  55415
 6
                                      MITCHELL WILLIAMS
 7                                    Lyn Pruitt
                                      425 West Capitol Avenue
 8                                    Suite 1800
                                      Little Rock, AR  72201
 9

10      COURT REPORTERS:              MARIA V. WEINBECK, RMR-FCRR
                                      RENEE A. ROGGE, RMR-CRR
11                                    1005 U.S. Courthouse
                                      300 South Fourth Street
12                                    Minneapolis, Minnesota 55415

13

14
                        Proceedings recorded by mechanical
15      stenography; transcript produced by computer.

16

17

18

19

20

21

22

23

24

25
```

1704

ABRAHAM - DIRECT

1   then the editor makes a decision.

2   Q.  Now, coming back to the article that you did based upon

3   the CFD you did for this case, was that a peer-reviewed

4   article?

5   A.  Yes.

6           MR. ASSAAD:  Objection, Your Honor.  Could we

7   approach?

8           THE COURT:  All right.

9               (Side-bar discussion.)

10          MR. ASSAAD:  This court order from Judge Noel that

11  this was not a peer-reviewed article, and I want the right

12  to that statement be corrected or the right to bring it out

13  on cross-examination.

14          THE COURT:  Is this something that -- who issued

15  this?  Noel.  And was there an appeal of this?

16          MR. ASSAAD:  No, Your Honor.

17          THE COURT:  Okay.

18               (Reading the document.)

19          THE COURT:  Is this an order for -- this is a

20  protective order?  Is this your -- you are pointing to this

21  statement about what's --

22          MR. ASSAAD:  I point to the backside where 3M made

23  a statement that it is not peer reviewed.

24          THE COURT:  Just a second.

25          MR. ASSAAD:  When we came here to his deposition,

```
 1    review is when the author and the reviewer know each other,

 2    so this would have been open editor review.

 3    Q.  And I think you told us this, but he's the editor of

 4    this journal, isn't he?

 5    A.  He's the editor in chief.

 6    Q.  Did you have anything to do with whether he chose to

 7    peer review this himself or whether he chose to send it out

 8    to independent reviewers?

 9    A.  I did not.

10    Q.  Did you ever talk to him about it at all?

11    A.  I did not.

12    Q.  And no communications to tell him either to send it out

13    to others or not to do so?

14    A.  No.

15    Q.  And if your article had never been published at all,

16    peer reviewed at all, would it have any impact on the

17    opinions that you've reached in this case?

18    A.  It would not.

19    Q.  So let's go to another subject and talk about the

20    YouTube video that the jurors have heard something about

21    from Dr. Elghobashi that is attributed to you.  And so you

22    were here when Dr. Elghobashi talked about a certain CFD

23    video that was seen on YouTube?

24    A.  Yes, I was.

25    Q.  Now, a video was made in order to correspond to the CFD
```

# EXHIBIT 4

1
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF MINNESOTA
2

3       ------------------------------------------------------------
                                      )
        In Re: Bair Hugger Forced Air )  File No. 15-MD-2666
4       Warming Devices Products      )          (JNE/FLN)
        Liability Litigation          )
5                                     )
                                      )  Minneapolis, Minnesota
6                                     )  March 12, 2018
                                      )  10:37 a.m.
7                                     )
                                      )  **DIGITAL RECORDING**
8                                     )
        ------------------------------------------------------------
9

10               BEFORE THE HONORABLE FRANKLIN L. NOEL
              UNITED STATES DISTRICT COURT MAGISTRATE JUDGE
                          **(MOTION HEARING)**
11

12      APPEARANCES
          For the Plaintiffs:        MESHBESHER & SPENCE
                                     Genevieve M. Zimmerman, ESQ.
13                                   1616 Park Avenue
                                     Minneapolis, MN 55404
14
          For the Defendant:         BLACKWELL BURKE P.A.
15                                   Mary S. Young, ESQ.
                                     Benjamin Hulse, ESQ.
16                                   Peter J. Goss, ESQ.
                                     431 South Seventh Street
17                                   Suite 2500
                                     Minneapolis, MN 55415
18
          Court Reporter:            STACI A. HEICHERT
19                                   RDR, CRR, CRC
                                     1005 U.S. Courthouse
20                                   300 South Fourth Street
                                     Minneapolis, Minnesota 55415
21

22          Proceedings recorded by mechanical stenography;
        transcript produced by computer.
23

24

25

1    case specific discovery closed in December.  So our position

2    is that this subpoena was served out of time and that

3    plaintiffs ought to have first moved for leave to seek --

4              THE COURT:  Is it clear or is it my understanding,

5    then, that what you're telling me the state of the record is

6    that this article was described as being peer-reviewed when

7    it wasn't?

8              MR. GOSS:  I think that's plaintiffs' position,

9    although --

10             THE COURT:  What's your position?

11             MR. GOSS:  Well, our position is that it was

12   reviewed by the editor in chief.  So in that sense, it was

13   peer reviewed.

14             THE COURT:  Okay.  But everybody agrees -- I guess

15   that's the question.

16             MR. GOSS:  Right.

17             THE COURT:  All of it is spin or interpretation.

18   You're -- but it -- everybody agrees the facts are it was

19   submitted for publication, the editor in chief reviewed it,

20   the editor in chief accepted it, and there were no other

21   comments from other people skilled in the art?

22             MR. GOSS:  That's right, Your Honor.  That's

23   absolutely right.

24             THE COURT:  There's no dispute about any of those

25   facts ?

1    information on Dr. Elghobashi's article which wasn't

2    published until after the Gareis discovery period closed.

3    We're concerned, I asked Dr. Elghobashi about the conflict

4    of interest disclosure in his article which says the authors

5    have no conflicts to disclose.  In his view, there was no

6    conflict.  Our position is that, well, if we're going to

7    reopen discovery, we would like to know from the journal

8    whether they would consider funding from plaintiffs' counsel

9    to be a potential conflict given the litigation.  So we

10   think all of this is too late, but if we're going to reopen

11   discovery, then defendants will likewise move for leave to

12   pursue discovery on Dr. Elghobashi's article.

13            THE COURT:  Okay.  Ms. Zimmerman.

14            MS. ZIMMERMAN:  Yes, thank you, Your Honor.  I

15   think that Your Honor has understood the salient facts at

16   issue here.

17            THE COURT:  So I guess then my ultimate question

18   is, why do we need to go to Chicago to depose this guy?

19   Everybody agrees there -- nobody else reviewed this article

20   but the editor in chief, period, end of sentence.  Why do we

21   need to -- - what more do you need?  The record is clear,

22   that's what you want it to show, right?

23            MS. ZIMMERMAN:  Your Honor, I think that's correct

24   .  We did need to know because during his deposition,

25   Dr. Abraham testified under oath that this was a peer

1    peer-reviewed publication.

2            Now, plaintiffs submitted subpoena to Dr. Abraham

3    that mirrored really the subpoenas defendants served on our

4    experts last spring in the general causation phase.  It

5    would have contemplated production of these documents back

6    then, but these were not produced to us in advance of his

7    deposition in July.  We did finally get them this February

8    just before his deposition, and that's where we said oh,

9    something doesn't seem quite right here, and that's the

10   reason that we asked the questions and we served the

11   subpoena.

12           We do think that there's a departure from the

13   peer-reviewed standards in the journal, and we do think that

14   that will be appropriate cross-examination.  But we think

15   that we need more information about exactly what happened

16   here and what's been represented, because this paper is not

17   disclaimed by the journal, it is not being subjected to the

18   peer-review process that they typically hold themselves to.

19   And the person who is going to have the information about

20   that are essentially twofold, Dr. Abraham, the corresponding

21   author, and Dr. Minkowycz, the editor in chief who decided

22   on his own to publish this article.

23           Now, I can tell the Court Dr. Minkowycz called me

24   because he received the subpoena.  He told me on the phone

25   that he doesn't have a lawyer on this, that he doesn't know

# EXHIBIT 5

1          UNITED STATES DISTRICT COURT

2              DISTRICT OF MINNESOTA

3

4

5   In Re Bair Hugger Forced        )

6   Air Warming Products Liability  )

7   Litigation                      )

8   --------------------------------)

9

10  LOUIS C. GAREIS

11             PLAINTIFF

12  VERSUS                    16-CV-4187

13

14  3M CO., ET AL.

15             DEFENDANTS

    _____

16

17          VIDEOTAPED DEPOSITION

18      SAID ELGHOBASHI, M.Sc., Ph.D., D.Sc.

19             Irvine, California

20         Saturday, February 10, 2018

21

22

23  Reported by:

24  JENNY S. BOOKER, CSR NO. 9237, RPR, CLR

25  JOB NO. 137518

1       Do you see where it says "Author

2  Guidelines" about halfway down the page?

3       A.   Oh, yes.

4       Q.   Okay.  Does this look like what you would

5  have reviewed prior to the submission of the article

6  to the journal?

7       A.   Yes.

8       Q.   Okay.  Under "Author Guidelines," it says

9  "Manuscript Submission."  And the second paragraph

10 says:  "Authors are requested to disclose any

11 conflict of interest, and these must be declared

12 during manuscript submission."

13      A.   Correct.

14      Q.   Okay.  Do you know what information, if

15 any, Dr. Apte provided to the journal regarding any

16 conflict of interest related to this article?

17      A.   No.

18      Q.   And then if you will turn to Page 34 of the

19 article.

20      Do you see where it says "Conflict of

21 Interest"?

22      A.   Right.  Yes.

23      Q.   Okay.  And it says:  "Authors have no

24 conflicts of interest to declare."

25      A.   Correct.