

Benjamin W. Hulse<br>
Direct Dial:  612-343-3256<br>
E-Mail:  bhulse@blackwellburke.com

June 25, 2018

The Honorable Franklin L. Noel
Magistrate Judge, United States District Court
District of Minnesota
9W U.S. Courthouse
300 South Fourth Street
Minneapolis, MN  55415

RE:   *In re Bair Hugger Forced Air Warming Devices Products Liability Litigation:*
        *Axline v. 3M Company* – Court File No. 17-cv-00511
        *Hives v. 3M Company* – Court File No. 17-cv-01696
        *Partlow v. 3M Company* – Court File No. 16-cv-2144

Dear Judge Noel:

Defendants write to request an informal telephone conference with Your Honor to discuss the discovery schedule in the *Axline* and *Hives* cases.  These are the next two bellwether cases in line for trial, with one to be designated for trial on December 3.

Defendants would also like to discuss a dispute concerning Plaintiffs' unilateral modification of the Court-approved medical records release authorization in *Partlow*, another of the bellwether cases.  Defendants believe that an informal conference may help avoid the need for formal motion practice on these issues.

**Case schedule in *Axline* and *Hives*.**  Fact discovery cuts off on July 16.  Defendants believe that the discovery schedule in these two cases needs to be adjusted due to difficulties in obtaining complete medical records and in scheduling treater depositions.  Defendants initiated requests to the Plaintiffs' medical providers in these cases as soon as they were designated as bellwethers.  Despite diligent efforts and extensive follow-up with the providers, Defendants still await the production of some key records that are needed before treater depositions can be completed.  Unfortunately, after securing a date in California for the deposition of Ms. Hives's surgeon, Dr. Carmelino Galang, Defendants were unable to proceed due to several providers' failure to produce complete records.  As a result, that deposition will now have to proceed in Guam, where Dr. Galang currently resides.  Under the circumstances it is virtually inconceivable that Dr. Galang's deposition could take place before the July 16 deadline.

Moreover, the surgeon in *Axline* is not available for deposition until July 17, the day after the fact discovery cutoff.  It is likely that the surgeon's testimony will result in identification of other hospital personnel for deposition.

The Honorable Franklin L. Noel
June 25, 2018
Page 2

Defendants believe that fact discovery in both cases can be completed with four additional weeks. Defendants proposed a schedule to Plaintiffs that would add this additional time without moving the trial date, but Plaintiffs have rejected any schedule adjustment without pushing back the trial date. (Defendants' proposed schedule – in the form of the joint stipulation that they proposed to Plaintiffs – is attached.) Defendants believe the December 3 trial date can be maintained, even with the proposed schedule adjustment. If that does not prove workable, a modification of the trial date can be addressed at the point it becomes necessary. Your Honor's guidance on this issue would be helpful.

**Plaintiffs' alteration of medical records authorization in *Partlow*.** Per the scheduling order, the parties are collecting medical records and written discovery in the other six cases designated as bellwethers. After delaying for a month in producing a signed records release authorization, Plaintiffs unilaterally altered the medical records authorization in *Partlow* to prohibit release of behavior and mental health records. Ms. Partlow has not dropped damages for emotional distress, and therefore her mental health treatment remains highly relevant.

We are hopeful that the Court's guidance can help the parties resolve these issues without the need for motion practice.

Sincerely,

s/Benjamin W. Hulse

Benjamin W. Hulse

Enclosure

BWH:ck



UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: BAIR HUGGER FORCED AIR WARMING DEVICES PRODUCTS LIABILITY LITIGATION | MDL No. 2666 (JNE/FLN) |
| This Document Relates to:<br><br>ALL ACTIONS | **[PROPOSED] STIPULATED MODIFICATION TO SCHEDULING ORDER FOR THE BELLWETHERS SECOND [PRETRIAL ORDER NO. 25]** |

The Court entered Pretrial Order No. 25 on April 4, 2018, setting forth the schedule for the Bellwethers Second. Since that time, the parties have been diligently pursuing discovery. There have been unexpected difficulties, however, in obtaining medical records and scheduling plaintiff and treating physician depositions for the two joint nominees (*Axline* and *Hives*). The parties are thus in agreement that good cause exists to modify the schedule for the Bellwethers Second, and respectfully request that Pretrial Order No. 25 be modified as follows:

1. Case-specific fact discovery opens on April 4, 2018

    a. The Bellwethers Second are these cases:

    Joint Nominees
    17-cv-511 (*Nancy Axline v. 3M Co.*)
    17-cv-1696 (*Laura Hives v. 3M Co.*)

    Plaintiffs' Nominees
    16-cv-2144 (*Pearlie Partlow v. 3M Co.*)
    16-cv-4159 (*Ada Trombley v. 3M Co.*)
    17-cv-459 (*Terry Arnold v. 3M Co.*)

>           Defendants' Nominees
>               17-cv-1078 (*Julio Ramirez v. 3M Co.*)
>               17-cv-3056 (*Ruth Goodpaster v. 3M Co.*)
>               17-cv-3068 (*David Henderson v. 3M Co.*)

    b.    For Joint Nominees, case-specific fact discovery closes on August 15, 2018.

    c.    For Plaintiffs' and Defendants' Nominees, case-specific fact discovery closes on September 10, 2018. As to these Nominees, depositions may not be taken unless the parties agree or the Court grants leave to do so.

    d.    For treater depositions, each side may use half of the total time set aside for a deposition. Neither party may use the other's unused time.

2.    By April 13, 2018, the parties must tell the Court the sequence of their nominated cases. Defendants will select cases 3, 6 and 7; Plaintiffs will select cases 4, 5 and 8.

3.    For case-specific issues in the Bellwethers Second, the parties must make initial disclosures under Rule 26(a)(1) by April 17, 2018.

4.    For expert testimony about specific causation in the Joint Nominees,

    a.    Initial expert reports and disclosures of the identity of expert witnesses under Rule 26(a)(2) must be exchanged on August 15, 2018.

    b.    Rebuttal expert reports and disclosures of the identify of rebuttal expert witnesses must be exchanged by September 10, 2018.

    c.    Depositions of expert witnesses must be completed by October 8, 2018.

   d. If an expert witness has testified about general causation, a party depositing that expert witness may not explore general causation unless as incidental to a specific causation inquiry.

 5. For case-specific Daubert and dispositive motions in the Joint Nominees,

   a. Case-specific Daubert dispositive motions must be filed by October 15, 2018.

   b. Responses to case-specific Daubert and dispositive motions must be filed by November 5, 2018.

   c. Reply briefs in support of case-specific Daubert and dispositive motions must be filed by November 19, 2018.

   d. Case-specific Daubert and dispositive motions will be heard on November 26, 2018.

 6. A Joint Nominee must be trial-ready on December 3, 2018.  By September 17, 2018, the parties must propose:

   a. Which Joint Nominee will be trial-ready on December 3, and

   b. When the other Joint Nominee will be trial-ready.

**IT IS SO ORDERED.**

Dated: _____

                   HON. JOAN N. ERICKSEN
                   United States District Judge
                   District of Minnesota