# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE: Bair Hugger Forced Air Warming Products Liability Litigation | MDL No. 15-2666 (JNE/FLN) |
| This Document Relates to:<br><br>*Loretta Hylander and Royce Hylander v. 3M Company, et al;* Case No. 16-cv-02518 | |

### PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

MAY IT PLEASE THE COURT:

### FACTS

On April 3, 2016 Loretta Hylander died. *See Death Certificate attached as exhibit "one".* On June 28, 2016 Royce Hylander, husband of Loretta Hylander, became the court appointed executor of her estate. *See order appointing Royce Hylander as executor attached as exhibit "two".* On July 26, 2016, a short form complaint in the subject MDL was filed incorrectly naming Loretta Hylander as a plaintiff suing on her own behalf and her husband Royce Hylander suing on his behalf for injuries sustained by Loretta Hylander after undergoing orthopedic surgery where the Bair Hugger, manufactured by defendants, allegedly was used during said operation. Counsel filed the suit due to the short statute of limitations in Kentucky to prevent the running of the statute and was unaware that Ms. Hylander had passed away. On

March 14, 2018, counsel for defendant emailed undersigned counsel regarding dismissal of the case for lack of subject matter jurisdiction due to the death of Ms. Hylander.  On May 1, 2018, Plaintiffs filed a Suggestion of Death.  On June 26, 2018, Plaintiffs moved to substitute Royce Hylander as succession representative in place of the incorrectly named Lois Hylander.  Defendants then promptly moved to dismiss this action for lack of subject matter jurisdiction.  This reply follows.

## LAW AND ARGUMENT

While Fed. R. Civ. P. 17 (a) contemplates the dismissal of a plaintiff's claim who is not the real party in interest, the last sentence of the Rule provides plaintiffs with a safe harbor "when an honest mistake has been made in choosing the party in whose name the action is to be filed*."  Fed. R. 17 (a) Advisory Committee Notes to 1966 amendment.  See also IHP Indus., Inc. v. PermAlert, ESP, 178 F.R.D. 486-487.*  No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest. *Fed R. P. 17 (a)*.  In addition the Rule provides that the ratification, joinder or substitution of the real party in interest shall have the same effect as if the action had been commended in the name of the real party in interest.  Clearly, Fed R. P. 17 (a) is intended to prevent the loss of substantial rights by allowing the correction of the Plaintiff's identity. A defect in the real party status may be cured by allowing substitution of the real party in interest for the misnamed plaintiff.  *See Underwriters at Interest on Cover Note  JHB92M10582079 v. Nautronix, Ltd., 79 F.3d 480, 484 (5th Cir. 1996), holding that if substitution were necessary to correct the real party in interest defect then the  trial court's decision to permit the amendment would not only be correct but it would  have been required by Rule 17.*
What distinguishes this case from other cases dismissed by the Court is that Royce Hylander was a named Plaintiff in the original action and at that time had court authority and legal capacity to bring the claim as executor of Loretta Hylander's estate.  Moreover, defendants did

not raise this issue with Plaintiffs' counsel for more than a year and a half after the suit was filed.  Defendants' delay in not raising the issue of Ms. Hylander being incorrectly named at an earlier junction should operate as a waiver to challenge it now that the statute of limitations may have run. As such, dismissal at this time could extinguish Plaintiffs' cause of action as any re-filing could be time barred by Kentucky's one- year statute of limitations.

Clearly, in seeking dismissal, defendants are attempting to place form over substance and were well aware of the fact that Royce Hylander desired to bring the cause of action as he was a named Plaintiff in the original complaint.  If dismissal were granted even without prejudice, Plaintiff might be deprived of substantial rights due to an honest mistake in pleading where there is no undue prejudice. The proper course of action would be simply to reform the complaint to reflect Mr. Hylander bringing suit in a representative capacity for Ms. Hylander which he had authority to do when the action was initiated.

Respectfully submitted,

Dated: June 26, 2018    By: __s/*Alfred A Olinde, Jr.*_____
    Alfred A. Olinde, Jr., La. Bar # 20061
    **THE OLINDE FIRM, LLC**
    400 Poydras Street, Suite 1980
    New Orleans, Louisiana  70130
    Telephone:  (504) 587-1440
    Facsimile:  (504) 587-1577
    Email: folinde@olindefirm.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 26, 2018 a copy of the above and foregoing *Plaintiff's Opposition to Defendants' Motion to Dismiss* has been served on all parties or their attorneys via Minnesota ECF filing system, which will send notice of electronic filing in accordance with the procedures established in MDL 15-2666.

                                                /s/ *Alfred A Olinde, Jr.*