## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

In re: BAIR HUGGER FORCED AIR
WARMING DEVICES PRODUCTS
LIABILITY LITIGATION

This Document Relates to:
Case Nos.:
17-cv-02524 *(Koors v. 3M Co., et al.)*
17-cv-03014 *(Jenkins v. 3M Co., et al.)*
17-cv-03022 *(Hoyos v. 3M Co., et al.)*
17-cv-03305 *(Brainerd v. 3M Co., et al.)*
17-cv-03464 *(Witt v. 3M Co., et al.)*
17-cv-03616 *(Hoerbert v. 3M Co., et al.)*
17-cv-03899 *(Pimentel v. 3M Co., et al.)*
17-cv-04041 *(Gibson v. 3M Co., et al.)*
17-cv-04169 *(Hurley v. 3M Co., et al.)*
17-cv-04285 *(Nickell v. 3M Co., et al.)*
17-cv-04467 *(Adams v. 3M Co., et al.)*
17-cv-04476 *(Holstine v. 3M Co., et al.)*
17-cv-04872 *(Grimsley v. 3M Co., et al.)*
17-cv-05323 *(Richey v. 3M Co., et al.)*
17-cv-05581 *(Berzsenyi v. 3M Co., et al.)*
17-cv-05589 *(Bardwell v. 3M Co., et al.)*
18-cv-00078 *(Gottfried v. 3M Co., et al.)*
18-cv-00080 *(Harris v. 3M Co., et al.)*
18-cv-00154 *(Coleman v. 3M Co., et al.)*
18-cv-00184 *(Proffit v. 3M Co., et al.)*
18-cv-00207 *(Guenther v. 3M Co., et al.)*
18-cv-00257 *(Patrick v. 3M Co., et al.)*
18-cv-00263 *(Robinson v. 3M Co., et al.)*
18-cv-00275 *(Owens v. 3M Co., et al.)*

MDL No. 15-2666 (JNE/FLN)

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO COMPLY WITH PRETRIAL ORDER NO. 14

Pursuant to the Court's Pretrial Order No. 14 ("PTO 14"), entered September 27,

2016, Defendants 3M Company and Arizant Healthcare, Inc. (collectively, "Defendants")

respectfully move the Court to dismiss the following plaintiffs' cases for failure to comply with PTO 14:

| Case Number | Plaintiff | Firm Name |
| --- | --- | --- |
| 0:17-cv-02524-JNE-FLN | Koors | Kennedy Hodges, L.L.P. |
| 0:17-cv-03014-JNE-FLN | Jenkins | Kennedy Hodges, L.L.P. |
| 0:17-cv-03022-JNE-FLN | Hoyos | Brown & Crouppen, P.C. |
| 0:17-cv-03305-JNE-FLN | Brainerd | Brown & Crouppen, P.C. |
| 0:17-cv-03464-JNE-FLN | Witt | Kennedy Hodges, L.L.P. |
| 0:17-cv-03616-JNE-FLN | Hoerbert | Johnson Becker, PLLC |
| 0:17-cv-03899-JNE-FLN | Pimentel | The Olinde Firm, LLC |
| 0:17-cv-04041-JNE-FLN | Gibson | Brown & Crouppen, P.C. |
| 0:17-cv-04169-JNE-FLN | Hurley | The Olinde Firm, LLC |
| 0:17-cv-04285-JNE-FLN | Nickell | Gustafson Gluek PLLC |
| 0:17-cv-04467-JNE-FLN | Adams | Gustafson Gluek PLLC |
| 0:17-cv-04476-JNE-FLN | Holstine | Bernstein Liebhard LLP |
| 0:17-cv-04872-JNE-FLN | Grimsley[1] | Bernstein Liebhard LLP |
| 0:17-cv-05323-JNE-FLN | Richey | Kennedy Hodges, L.L.P. |
| 0:17-cv-05581-JNE-FLN | Berzsenyi | Law Offices of Charles H. Johnson, P.A. |
| 0:17-cv-05589-JNE-FLN | Bardwell | Law Offices of Charles H. Johnson, P.A. |
| 0:18-cv-00078-JNE-FLN | Gottfried | Davis & Crump, P.C. |
| 0:18-cv-00080-JNE-FLN | Harris | Davis & Crump, P.C. |
| 0:18-cv-00154-JNE-FLN | Coleman | Davis & Crump, P.C. |
| 0:18-cv-00184-JNE-FLN | Proffit | Davis & Crump, P.C. |
| 0:18-cv-00207-JNE-FLN | Guenther | Bernstein Liebhard LLP |

---

[1] By separate motion, Defendants have concurrently moved to dismiss this matter for failure to comply with PTO 23 and FRCP 25(a).

| 0:18-cv-00257-JNE-FLN | Patrick | The Law Offices of Travis R. Walker, P.A. |
| 0:18-cv-00263-JNE-FLN | Robinson | The Law Offices of Travis R. Walker, P.A. |
| 0:17-cv-00275-JNE-FLN | Owens | Bernstein Liebhard LLP |

As set forth below, there are three (3) categories of cases where plaintiffs have failed to serve a Plaintiff Fact Sheet ("PFS") compliant with the requirements set forth by the Court in PTO 14: (a) cases where no PFS has been served by plaintiff; (b) cases where plaintiff served a PFS with core deficiencies, and failed to cure them or otherwise respond to Defendants' first or second deficiency letter; and (c) cases where plaintiff served a PFS with core deficiencies, and failed to cure them after Defendants' third deficiency letter. Defendants placed the above cases on the agenda for two sequential Court status conferences, and dismissal with prejudice is therefore appropriate under PTO 14, ¶ 8.

## ARGUMENT

The Court's Pretrial Order No. 14, entered September 27, 2016, sets forth the protocol for the form and service of the PFS, signed medical authorization, and supporting documents in cases filed in and transferred to this proceeding. Under PTO 14, a plaintiff whose case was pending on the date of the order was required to serve a completed and signed PFS, medical authorization, and supporting documents within 90 days of the date of the order. PTO 14, ¶ 2. For a plaintiff whose case was transferred after the date of the order, the due date for service of these same documents is 90 days after the filing of the plaintiff's complaint or completion of the transfer to this proceeding, whichever is later. *Id.* All PFSs must be verified by the individual plaintiff under oath. *See* PTO 14, ¶ 3.

Once a PFS has been served, defendants have four (4) weeks from receipt within which to notify plaintiff's counsel of any core deficiencies to the PFS, "defined as a lack of response to all questions in Section I, Section II, and Section III; Section IV, questions 1, 3, 7, 8, 9, 10; Section V, questions 5, 6, and 7; Section VI, questions 1, 3, 6, 7, 8, and 9; Section VII, questions 1 and 2; Section 8, question 2; Section IX, questions 1, 3, and 4; or lack of signed medical authorizations." PTO 14, ¶ 4.

If defendants timely serve a letter outlining the deficiencies to the PFS, plaintiff's counsel is required to respond in writing within three (3) weeks of the date of service by: "(1) curing the alleged deficiencies; (2) disputing the alleged deficiencies and setting forth reasons the PFS is not deficient; or (3) explaining why the alleged deficiencies cannot be timely cured." PTO 14, ¶ 6.

Cases where there are disputes concerning PFS deficiencies requiring the Court's attention may be placed on the Court's status conference agenda. PTO 14, ¶ 7. Should a case appear on the agenda for two (2) sequential status conferences, "Defendants may make a motion for dismissal for failure to comply with this Court's Pretrial Order as to the allegedly delinquent party." PTO 14, ¶ 8.

## A. Cases Where No PFS Has Been Served

In this motion, Defendants seek dismissal of the following twelve (11) cases where plaintiffs failed to serve the PFS as required by PTO 14 and, to date, remain delinquent:

| Case Number | Plaintiff | Date Filed | PFS Due Date | Firm Name |
|---|---|---|---|---|
| 0:17-cv-04872-JNE-FLN | Grimsley | 10/26/2017 | 1/24/2018 | Bernstein Liebhard LLP |

| 0:17-cv-05581-JNE-FLN | Berzsenyi | 12/29/2017 | 3/29/2018 | Law Offices of Charles H. Johnson, P.A. |
| 0:17-cv-05589-JNE-FLN | Bardwell | 12/29/2017 | 3/29/2018 | Law Offices of Charles H. Johnson, P.A. |
| 0:18-cv-00078-JNE-FLN | Gottfried | 1/11/2018 | 4/11/2018 | Davis & Crump, P.C. |
| 0:18-cv-00080-JNE-FLN | Harris | 1/11/2018 | 4/11/2018 | Davis & Crump, P.C. |
| 0:18-cv-00154-JNE-FLN | Coleman | 1/22/2018 | 4/22/2018 | Davis & Crump, P.C. |
| 0:18-cv-00184-JNE-FLN | Proffit | 1/23/2018 | 4/23/2018 | Davis & Crump, P.C. |
| 0:18-cv-00207-JNE-FLN | Guenther | 1/25/2018 | 4/25/2018 | Bernstein Liebhard LLP |
| 0:18-cv-00257-JNE-FLN | Patrick | 1/29/2018 | 4/29/2018 | The Law Offices of Travis R. Walker, P.A. |
| 0:18-cv-00263-JNE-FLN | Robinson | 1/29/2018 | 4/29/2018 | The Law Offices of Travis R. Walker, P.A. |
| 0:17-cv-00275-JNE-FLN | Owens | 1/30/2018 | 4/30/2018 | Bernstein Liebhard LLP |

### B. Cases Where a PFS Was Served with Core Deficiencies, and Plaintiff Failed to Cure or Otherwise Respond to Defendants' Deficiency Letter

Additionally, Defendants are seeking dismissal of the following twelve (12) cases where: (1) plaintiffs each submitted a PFS that contained core deficiencies, (2) Defendants notified plaintiffs of the core deficiencies,[2] and (3) plaintiffs failed to cure or otherwise respond to the Defendants' first and/or second deficiency letter:

---

[2] *See* Declaration of Benjamin W. Hulse ("Hulse Decl."), Ex. A (Deficiency letters sent to Plaintiffs listed in Part B).

5

| Case Number | Plaintiff | Deficiency Letter Sent | Firm Name |
|---|---|---|---|
| 0:17-cv-02524-JNE-FLN | Koors | 2/08/2018 | Kennedy Hodges, L.L.P. |
| 0:17-cv-03014-JNE-FLN | Jenkins | 12/29/2017 | Kennedy Hodges, L.L.P. |
| 0:17-cv-03022-JNE-FLN | Hoyos | 2/14/2018 | Brown & Crouppen, P.C. |
| 0:17-cv-03464-JNE-FLN | Witt | 4/05/2018 | Kennedy Hodges, L.L.P. |
| 0:17-cv-03616-JNE-FLN | Hoerbert | 2/22/2018 | Johnson Becker, PLLC |
| 0:17-cv-03899-JNE-FLN | Pimentel | 2/28/2018 | The Olinde Firm, LLC |
| 0:17-cv-04169-JNE-FLN | Hurley | 4/02/2018 | The Olinde Firm, LLC |
| 0:17-cv-04285-JNE-FLN | Nickell | 1/11/2018 | Gustafson Gluek PLLC |
| 0:17-cv-04467-JNE-FLN | Adams | 4/02/2018 | Gustafson Gluek PLLC |
| 0:17-cv-04476-JNE-FLN | Holstine | 3/29/2018 | Bernstein Liebhard LLP |
| 0:17-cv-05323-JNE-FLN | Richey | 4/16/2018 | Kennedy Hodges, L.L.P. |

To comply with PTO 14, each plaintiff was required to respond to Defendants' deficiency letter by either curing or disputing the deficiencies, or explaining why the deficiencies could not be cured. *See* PTO 14, ¶ 6. Plaintiffs above failed to respond to Defendants' deficiency letters, and numerous core deficiencies remain uncured. *See attached* Addendum 1 (outlining PFS core deficiencies for each plaintiff in Part B).

**C. Cases Where a PFS Was Served with Core Deficiencies, and Plaintiff Failed to Cure Following Defendants' Third Deficiency Letter**

Lastly, Defendants are seeking dismissal of the following two (2) cases where: (1) plaintiffs each served an original PFS, (2) Defendants notified plaintiffs of the core

deficiencies on three separate occasions, and (3) plaintiffs failed to cure the core deficiencies identified in Defendants' third (and final) deficiency letters: [3]

| Case Number | Plaintiff | Third Deficiency Letter Sent | Firm Name |
|---|---|---|---|
| 0:17-cv-03305-JNE-FLN | Brainerd | 2/26/2018 | Brown & Crouppen, P.C. |
| 0:17-cv-04041-JNE-FLN | Gibson | 4/02/2018 | Brown & Crouppen, P.C. |

Defendants' sent each plaintiff above three (3) deficiency letters providing notice of the outstanding core deficiencies in his or her PFS, and to date the core deficiencies have not be cured. *See attached* Addendum 2. Now that several months have passed since the Defendants' third deficiency letters were sent, it is appropriate to seek dismissal of these cases.

### D. All Cases Were on the Agenda for Two (2) Sequential Status Conferences

Defendants placed before the Court the cases set forth above in Parts A, B, and C, for two sequential Court status conferences – the first on May 17, 2018, and the second on June 21, 2018.[4] Consistent with the Court's recent orders dismissing with prejudice several plaintiffs' cases for failure to comply with PTO 14, the above cases are ripe for dismissal with prejudice under PTO 14, ¶ 8.

---

[3]*See* Hulse Decl., Ex. B (Third Deficiency Letters Sent to Plaintiffs Listed in Part C).
[4] *See* Declaration of Hulse Decl., Ex. C (May 12, 2018 email from B. Hulse to Court attaching Defendants' May PFS Lists 1, 2, and 3) and Ex. D (June 15, 2018 email from P. Goss to Court attaching Defendants' June PFS Lists 1, 2, and 3). Although the status conferences were cancelled in May and June, the Court has previously deemed these PFS disputes "addressed to the Court and on the court conference agenda under [PTO 14.]" *See* Dkt. No. 1222.

### E.  The Court Should Dismiss Plaintiffs' Cases with Prejudice

The Court's authority to dismiss these cases with prejudice is beyond question, and indeed was exercised by the Court recently in its orders entered September 27, 2017 [Dkt. No. 862], December 18, 2017 [Dkt. No. 1026], January 19, 2018 [Dkt. No. 1060], February 15, 2018 [Dkt. No. 1100], March 12, 2018 [Dkt. No. 1167], May 1, 2018 [Dkt. No. 1237], May 22, 2018 [Dkt. No. 1257], and June 20, 2018 [Dkt. No. 1298] (dismissing with prejudice multiple plaintiffs' cases for failure to comply with PTO 14).  The Court has made clear that "[e]ven for failures to respond, noncompliance with a court order can 'constitute[] a pattern of intentional delay meriting dismissal with prejudice' under Rule 41(b)." *See* Order, (Dkt. No. 862), at 2 (internal citation omitted).  The Court further explained that PTO 14 required plaintiffs to respond to requests for information in the PFS in lieu of discovery, provided plaintiffs with the opportunity to cure any deficiencies, and "warned expressly of dismissal" should plaintiffs fail to comply.  *Id.*  Plaintiffs also were warned through the Court's prior orders dismissing with prejudice cases for failure to comply with PTO 14.  *Id.*  Accordingly, "if PTO 14's opportunity to cure has run, a plaintiff's continued noncompliance is a pattern of intentional delay" warranting dismissal with prejudice.  *Id.*

Plaintiffs identified above have failed to comply with PTO 14 by either failing to submit the required PFS (Part A cases), providing no response to Defendants' deficiency letters (Part B cases), or failing to cure deficiencies after service of Defendants' third deficiency letter (Part C cases).  Because all of the cases identified above in Parts A, B, and C were listed on at least two sequential status conference agendas, "the opportunity to

8

cure has run." Accordingly, dismissal of these cases with prejudice is proper and appropriate.

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court dismiss with prejudice the following cases:

| Case Number | Plaintiff | Firm Name |
|---|---|---|
| 0:17-cv-02524-JNE-FLN | Koors | Kennedy Hodges, L.L.P. |
| 0:17-cv-03014-JNE-FLN | Jenkins | Kennedy Hodges, L.L.P. |
| 0:17-cv-03022-JNE-FLN | Hoyos | Brown & Crouppen, P.C. |
| 0:17-cv-03305-JNE-FLN | Brainerd | Brown & Crouppen, P.C. |
| 0:17-cv-03464-JNE-FLN | Witt | Kennedy Hodges, L.L.P. |
| 0:17-cv-03616-JNE-FLN | Hoerbert | Johnson Becker, PLLC |
| 0:17-cv-03899-JNE-FLN | Pimentel | The Olinde Firm, LLC |
| 0:17-cv-04041-JNE-FLN | Gibson | Brown & Crouppen, P.C. |
| 0:17-cv-04169-JNE-FLN | Hurley | The Olinde Firm, LLC |
| 0:17-cv-04285-JNE-FLN | Nickell | Gustafson Gluek PLLC |
| 0:17-cv-04467-JNE-FLN | Adams | Gustafson Gluek PLLC |
| 0:17-cv-04476-JNE-FLN | Holstine | Bernstein Liebhard LLP |
| 0:17-cv-04872-JNE-FLN | Grimsley | Bernstein Liebhard LLP |
| 0:17-cv-05323-JNE-FLN | Richey | Kennedy Hodges, L.L.P. |
| 0:17-cv-05581-JNE-FLN | Berzsenyi | Law Offices of Charles H. Johnson, P.A. |
| 0:17-cv-05589-JNE-FLN | Bardwell | Law Offices of Charles H. Johnson, P.A. |
| 0:18-cv-00078-JNE-FLN | Gottfried | Davis & Crump, P.C. |
| 0:18-cv-00080-JNE-FLN | Harris | Davis & Crump, P.C. |
| 0:18-cv-00154-JNE-FLN | Coleman | Davis & Crump, P.C. |
| 0:18-cv-00184-JNE-FLN | Proffit | Davis & Crump, P.C. |

| 0:18-cv-00207-JNE-FLN | Guenther | Bernstein Liebhard LLP |
| 0:18-cv-00257-JNE-FLN | Patrick | The Law Offices of Travis R. Walker, P.A. |
| 0:18-cv-00263-JNE-FLN | Robinson | The Law Offices of Travis R. Walker, P.A. |
| 0:17-cv-00275-JNE-FLN | Owens | Bernstein Liebhard LLP |

Dated: July 3, 2018

Respectfully submitted,

s/Benjamin W. Hulse
Jerry W. Blackwell (MN #186867)
Benjamin W. Hulse (MN #0390952)
Mary S. Young (MN #0392781)
BLACKWELL BURKE P.A.
431 South Seventh Street, Suite 2500
Minneapolis, MN 55415
Phone: (612) 343-3200
Fax: (612) 343-3205
Email: blackwell@blackwellburke.com
        bhulse@blackwellburke.com
        myoung@blackwellburke.com


Bridget M. Ahmann (MN #016611x)
FAEGRE BAKER DANIELS LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
Phone: (612) 766-7000
Email: bridget.ahmann@faegrebd.com

**Counsel for Defendants 3M Company and Arizant Healthcare Inc.**

**Addendum 1**

**Uncured PFS Core Deficiencies for Cases Listed in Part B**

| Plaintiff/Case Number | Deficiency Letter Sent | Uncured PFS Core Deficiencies | Firm Name |
|---|---|---|---|
| Koors, Audrey 0:17-cv-02524 | 2/08/2018 | **Section II (Personal Information)**<br>Part 2: No response to driver's license number and state of issue.<br>Part 8: No response to having children.<br>Part 9: No response to educational background.<br>Part 10: No response to employers for last 10 years.<br>Part 11: No response to prior military service.<br>Part 12: No response to rejection for military service due to medical/physical conditions.<br>Part 13: No response to convictions in the last 10 years<br><br>**Section IV (General Medical Information)**<br>Part 1: No response to current or last height/weight.<br>Part 7: No response to pharmacies used.<br>Part 8: No response to prior dental visits.<br><br>**Section V (Insurance/Claim Information)**<br>Part 4: No response to prior disability claims.<br><br>**Section VI (Current Claim Information)**<br>Part 1: Indicates bodily injury, but no response to approximate date of awareness of injury, current symptoms, lost activities, or other physical harm. p | Kennedy Hodges, L.L.P. |

| | | Part 3: No response to damages related to emotional distress/psychological injuries. **Section IX (Loss of Consortium)** No response to any question **Medical Authorization:** Not provided. **Verification:** Not provided | |
|---|---|---|---|
| Jenkins, Barbara 0:17-cv-03014 | 12/29/2017 | **Section I (Case Information)** Part 4: Provides name, address, relationship with represented person, and date of death for decedent, but does not respond to capacity of representation, or other names used. **Section II (Personal Information)** Part 1: Name, address, length of time at present address, and SSN provided, but no response to and persons living with plaintiff at time of events at issue, and other names used. Part 6: Responded "N/A claimant is deceased," even though claimant has only been deceased for two years. Part 8: No response to having children. Part 9: No response to educational background. Part 10: No response to employers for last 10 years. Part 11: No response to prior military service. Part 12: No response to rejection for military service due to medical/physical conditions. Part 13: No response to convictions in the last 10 years Part 14: No response to visiting websites regarding patient warming systems. Part 15: No response to internet postings concerning Defendants. | Kennedy Hodges, L.L.P. |

Part 16: No response to possession of drawings journals, slides, notes, letters or emails.

**Section III (Surgery Information)**
Part 3: Hospital name, surgery date/location/ physician, type of surgery, reason for surgery, infections prior to surgery, persons with whom plaintiff discussed risks of surgery, and cause of infection provided, but no response to height/weight at time of surgery and medical conditions at time of surgery.

**Section IV (General Medical Information)**
Part 1: Responded "N/A; Claimant is deceased" to current or last height/weight.
Part 7: No response to pharmacies used.
Part 8: No response to prior dental visits.
Part 9: No response to use of tobacco.
Part 10: No response to treatment for drugs/alcohol.

**Section VI (Current Claim Information)**
Part 3: No response to damages related to emotional distress/psychological injuries.

**Section VII (Economic Damages)**
Part 1:  No response to claim for loss of past wages/income.
Part 2:  No response to claim for loss of future wages/income.

**Section VIII (Persons With Knowledge)**
Part 2: No response to persons providing facts/circumstances relating this lawsuit.

| | | | |
|---|---|---|---|
| | | **Section IX (Loss of Consortium)**<br>No response to any question<br><br>**Medical Authorization:** Not provided.<br>**Verification:** Not provided | |
| Hoyos, Teresa<br>0:17-cv-03022 | 2/14/2018 | **Section I (Case Information)**<br>Part 1: No response to person filling out this form.<br>Part 4: No response to any question regarding representative.<br><br>**Section II (Personal Information)**<br>Part 1: Name provided, but no response to length of time at present address, other names used, address, SSN and persons living with plaintiff at time of events at issue.<br>Part 2: No response to driver's license number and state of issue.<br>Part 3: No response to date and place of birth.<br>Part 5: No response to Medicare HICN number.<br>Part 6: No response to residences for the last 10 years.<br>Part 8: No response to having children.<br>Part 9: No response to educational background.<br>Part 10: No response to employers for last 10 years.<br>Part 11: No response to prior military service.<br>Part 12: No response to rejection for military service due to medical/physical conditions.<br>Part 13: No response to convictions in the last 10 years<br>Part 14: No response to visiting websites regarding patient warming systems.<br>Part 15: No response to internet postings concerning Defendants. | Brown &<br>Crouppen,<br>P.C. |

| | | |
|---|---|---|
| | | Part 16: No response to possession of drawings journals, slides, notes, letters or emails.<br><br>**<u>Section III (Surgery Information)</u>**<br>Part 1: No response to evidence of Bair Hugger use.<br>Part 3: No response to any question regarding surgery information.<br>Part 4: No response to opinions on causation.<br>Part 5: No response to tests or inspections of Bair Hugger.<br><br>**<u>Section IV (General Medical Information)</u>**<br>Part 1: No response to current or last height/weight.<br>Part 3: No response to healthcare providers seven (7) years prior to surgery.<br>Part 7: No response to pharmacies used.<br>Part 8: No response to prior dental visits.<br>Part 9: No response to use of tobacco.<br>Part 10: No response to treatment for drugs/alcohol.<br><br>**<u>Section V (Insurance/Claim Information)</u>**<br>Part 4: No response to prior disability claims.<br>Part 5: No response to prior lawsuits.<br>Part 6: No response to prior bankruptcies.<br><br>**<u>Section VI (Current Claim Information)</u>**<br>Part 1: No response to having suffered physical/bodily injury related to use of Bair Hugger. | |

| | | Part 3: No response to damages related to emotional distress/psychological injuries.<br>Part 6: No response regarding Bair Hugger warnings.<br>Part 7: No response regarding 3M/Arizant communications regarding surgery/Bair Hugger.<br>Part 8: No response regarding 3M/Arizant communication regarding Bair Hugger warranty.<br>Part 9: No response to contacts with Augustine Temperature Management.<br><br>**Section VII (Economic Damages)**<br>Part 1:  No response to claim for loss of past wages/income.<br>Part 2:  No response to claim for loss of future wages/income.<br><br>**Section VIII (Persons With Knowledge)**<br>Part 2: No response to persons providing facts/circumstances relating this lawsuit.<br><br>**Section IX (Loss of Consortium)**<br>No response to any question<br><br>**Medical Authorization:** Not provided.<br>**Verification:** Not provided | |
| Witt, Alan<br>0:17-cv-03464 | 4/05/2018 | **Section II (Personal Information)**<br>Part 1: Name, address, and SSN provided, but no response to length of time at present address, other names used, and persons living with plaintiff at time of events at issue.<br>Part 2: No response to driver's license number and state of issue.<br>Part 3: Date of birth provided but not place of birth.<br>Part 6: Address provided, but no response to dates of residence for the last 10 years. | Kennedy Hodges, L.L.P. |

| | | |
|---|---|---|
| | | Part 8: No response to having children.<br>Part 9: No response to educational background.<br>Part 10: No response to employers for last 10 years.<br>Part 11: No response to prior military service.<br>Part 12: No response to rejection for military service due to medical/physical conditions.<br>Part 13: No response to convictions in the last 10 years<br>Part 14: No response to visiting websites regarding patient warming systems.<br>Part 15: No response to internet postings concerning Defendants.<br>Part 16: No response to possession of drawings journals, slides, notes, letters or emails.<br><br>**Section IV (General Medical Information)**<br>Part 1: No response to current or last height/weight.<br>Part 7: No response to pharmacies used.<br>Part 8: No response to prior dental visits.<br>Part 9: No response to use of tobacco.<br>Part 10: No response to treatment for drugs/alcohol.<br><br>**Section V (Insurance/Claim Information)**<br>Part 4: No response to prior disability claims.<br>Part 5: No response to prior lawsuits.<br>Part 6: No response to prior bankruptcies.<br><br>**Section VI (Current Claim Information)** | |

| | | Part 1: No response to having suffered physical/bodily injury related to use of Bair Hugger.<br>Part 3: No response to damages related to emotional distress/psychological injuries.<br>Part 6: No response regarding Bair Hugger warnings.<br>Part 7: No response regarding 3M/Arizant communications regarding surgery/Bair Hugger.<br>Part 8: No response regarding 3M/Arizant communication regarding Bair Hugger warranty.<br>Part 9: No response to contacts with Augustine Temperature Management.<br><br>**Section VII (Economic Damages)**<br>Part 1:  No response to claim for loss of past wages/income.<br>Part 2:  No response to claim for loss of future wages/income.<br><br>**Section VIII (Persons With Knowledge)**<br>Part 2: No response to persons providing facts/circumstances relating this lawsuit.<br><br>**Section IX (Loss of Consortium)**<br>No response to any question<br><br>**Medical Authorization:** Not provided.<br>**Verification:** Not provided | |
|---|---|---|---|
| Hoerbert, Darlene<br>0:17-cv-03616 | 2/22/2018 | **Section III (Surgery Information)**<br>Part 1: Responded "When my attorney reviewed my medical records" for when the information of Bair Hugger use was first discovered.<br><br>**Section IV (General Medical Information)**<br>Part 7: Identified pharmacies used, but did not provide phone numbers. | Johnson Becker, PLLC |

| | | | | |
|---|---|---|---|---|
| | | **Section VI (Current Claim Information)**<br>Part 1: Indicates having suffered physical/bodily injury related to use of Bair Hugger, and date of injury, but no response to current symptoms, lost activities, and other physical harm.<br>Part 3: No response to damages related to emotional distress/psychological injuries.<br><br>**Verification:** Invalid supplemental verification provided. Plaintiffs' counsel appears to have whited-out the date on a photocopy of the original verification and added a new date. New verification is required when information in a PFS is amended. | |
| Pimentel, Carlos<br>0:17-cv-03899 | 2/28/2018 | **Section II (Personal Information)**<br>Part 8: Children identified, but no response to dates of birth for several children.<br>Part 9: Schools identified, but no response provided for dates of attendance.<br>Part 10: No address provided for employer. No employer identified for the last ten years.<br><br>**Section IV (General Medical Information)**<br>Part 7: Identified pharmacy used, but did not provide address, telephone number, or dates of use.<br><br>**Section VI (Current Claim Information)**<br>Part 3: Indicates damages related to emotional distress/psychological injuries, but does not provide date of onset. | The Olinde Firm, LLC |

| | | | |
|---|---|---|---|
| | | **Verification:** Invalid supplemental verification provided. Plaintiff re-used an old verification. New verification is required when information in a PFS is amended. | |
| Hurley, Jonathan 0:17-cv-04169 | 4/02/2018 | **Section I (Case Information)** Part 4: No response to any question regarding representative completing form.<br><br>**Section II (Personal Information)** Part 1: Name, length of time at present address, persons living with plaintiff at time of events at issue, address, and SSN provided, but no response to other names used.<br>Part 10: Identified employers for last 10 years, but did not provide employers' addresses.<br>Part 11: No response to prior military service.<br>Part 12: No response to rejection for military service due to medical/physical conditions.<br>Part 13: No response to convictions in the last 10 years<br>Part 14: No response to visiting websites regarding patient warming systems.<br>Part 15: No response to internet postings concerning Defendants.<br>Part 16: No response to possession of drawings journals, slides, notes, letters or emails.<br><br>**Section III (Surgery Information)** Part 1: Indicated information of Bair Hugger use, but responded "after watching TV ad" for when the information was discovered.<br><br>**Section IV (General Medical Information)** | The Olinde Firm, LLC |

| | | Part 7: Provided pharmacies used, but did not provide phone numbers or addresses for pharmacies.<br><br>**Section VI (Current Claim Information)**<br>Part 3: Indicates damages related to emotional distress/psychological injuries, but did not provide date of onset.<br><br>**Section IX (Loss of Consortium)**<br>No response to any question<br><br>**Verification:**  Invalid supplemental verification provided. Plaintiff re-used an old verification. New verification is required when information in a PFS is amended. | |
|---|---|---|---|
| Nickell, Vernon<br>0:17-cv-04285 | 1/11/2018 | **Section II (Personal Information)**<br>Part 9: No response to educational background.<br><br>**Section III (Surgery Information)**<br>Part 3: Hospital name, surgery date/location/ physician, type of surgery, reason for surgery, infections prior to surgery, persons with whom plaintiff discussed risks of surgery, medical conditions at time of surgery, and cause of infection provided, but responded "N/A" to height/weight at time of surgery.<br><br>**Section IV (General Medical Information)**<br>Part 1: Responded "N/A – deceased" to current or last height/weight.<br>Part 7: No response to pharmacies used.<br><br>**Section VI (Current Claim Information)** | Gustafson<br>Gluek<br>PLLC |

| | | Part 1: No response to having suffered physical/bodily injury related to use of Bair Hugger.<br>Part 3: Indicates damages related to emotional distress/psychological injuries, but does not provide date of onset.<br><br>**Section VIII (Persons With Knowledge)**<br>Part 2: No response to persons providing facts/circumstances relating this lawsuit. | |
|---|---|---|---|
| Adams, Artis<br>0:17-cv-04467 | 4/02/2018 | **Section III (Surgery Information)**<br>Part 1: Indicates evidence of Bair Hugger use, but no response to type of information or the date the information was discovered.<br>Part 3: Hospital name, surgery date/location, type of surgery, infections prior to surgery, persons with whom plaintiff discussed risks of surgery, cause of infection provided, and medical conditions at time of surgery, but no response to reason for surgery, and physician, and responded "N/A" for height/weight at time of surgery, and type of microbe/infection. | Gustafson Gluek PLLC |
| Holstine, Rachel<br>0:17-cv-04476 | 3/29/2018 | **Section II (Personal Information)**<br>Part 7: Indicates prior marriages and identifies spouses, but does not provide spouses' DOBs.<br><br>**Section VI (Current Claim Information)**<br>Part 1: Indicates having suffered physical/bodily injury related to use of Bair Hugger, but responded "Plaintiff does not recall" to date on which Plaintiff became aware of injuries<br>Part 3: Indicates damages related to emotional distress/psychological | Bernstein Liebhard LLP |

| | | injuries, but does not provide date of onset.<br><br>**Verification:**  Invalid supplemental verification provided. Plaintiffs' counsel appears to have whited-out the date on a photocopy of the original verification and added a new date. New verification is required when information in a PFS is amended. | |
|---|---|---|---|
| Richey, Priscilla<br>0:17-cv-05323 | 4/16/2018 | **Section II (Personal Information)**<br>Part 1: Name, address, and SSN provided, but no response to length of time at present address, other names used, and persons living with plaintiff at time of events at issue.<br>Part 2: No response to driver's license number and state of issue.<br>Part 3: Date of birth provided but not place of birth.<br>Part 5: No response to Medicare HICN number.<br>Part 6: No response to residences for the last 10 years.<br>Part 8: No response to having children.<br>Part 9: No response to educational background.<br>Part 10: No response to employers for last 10 years.<br>Part 11: No response to prior military service.<br>Part 12: No response to rejection for military service due to medical/physical conditions.<br>Part 13: No response to convictions in the last 10 years<br>Part 14: No response to visiting websites regarding patient warming systems.<br>Part 15: No response to internet postings concerning Defendants.<br>Part 16: No response to possession of drawings journals, slides, notes, letters or emails. | Kennedy Hodges, L.L.P. |

**Section III (Surgery Information)**
Part 3: Hospital name, surgery date/location/ physician, type of surgery, reason for surgery, infections prior to surgery, persons with whom plaintiff discussed risks of surgery, medical conditions at time of surgery, and cause of infection provided, but no response to height/weight at time of surgery.

**Section IV (General Medical Information)**
Part 1: No response to current or last height/weight.
Part 7: No response to pharmacies used.
Part 8: No response to prior dental visits.
Part 9: No response to use of tobacco.
Part 10: No response to treatment for drugs/alcohol.

**Section V (Insurance/Claim Information)**
Part 4: No response to prior disability claims.
Part 5: No response to prior lawsuits.
Part 6: No response to prior bankruptcies.

**Section VI (Current Claim Information)**
Part 6: No response regarding Bair Hugger warnings.
Part 7: No response regarding 3M/Arizant communications regarding surgery/Bair Hugger.
Part 8: No response regarding 3M/Arizant communication regarding Bair Hugger warranty.

**Section VII (Economic Damages)**

| | | |
|---|---|---|
| | | Part 1:  No response to claim for loss of past wages/income.<br>Part 2:  No response to claim for loss of future wages/income.<br><br>**<u>Section VIII (Persons With Knowledge)</u>**<br>Part 2: No response to persons providing facts/circumstances relating this lawsuit.<br><br>**<u>Section IX (Loss of Consortium)</u>**<br>No response to any question<br><br>**Medical Authorization:** Not provided.<br>**Verification:** Not provided |

**Addendum 2**

**Uncured PFS Core Deficiencies for Cases Listed in Part C**

| Plaintiff/Case Number | Third Deficiency Letter Sent | Uncured PFS Core Deficiencies | Firm Name |
|---|---|---|---|
| Brainerd, Jeremiah 0:17-cv-03305 | 2/26/2018 | **Section II (Personal Information)** Part 1: Name, other names used, address, and SSN provided, but responded "Under Investigation, when responsive information comes into Plaintiff's possession he will supplement this answer" to length of time at present address and persons living with plaintiff at time of events at issue. Part 2: Responded "Under Investigation, when responsive information comes into Plaintiff's possession he will supplement this answer" for driver's license information. Part 3: Date of birth provided but not place of birth. Part 4: No response to sex. Part 5: No response to Medicare HICN number. Part 6: Identified a single residence for the last 10 years, but did not provide start date of residence. Part 7: Indicated marriage and provided spouse name and DOB, but did not provide dates of marriage. Part 8: Responded "Under Investigation, when responsive information comes into Plaintiff's possession he will supplement this answer" for having children. Part 11: No response to prior military service.<br><br>**Section IV (General Medical Information)** | Brown & Crouppen, P.C. |

Part 1: No response to current or last height/weight.

Part 3: Responded "Under Investigation, when responsive information comes into Plaintiff's possession he will supplement this answer" for healthcare providers seven (7) years prior to surgery.

Part 7: Responded "Under Investigation, when responsive information comes into Plaintiff's possession he will supplement this answer" for pharmacies used.

Part 8: Responded "Under Investigation, when responsive information comes into Plaintiff's possession he will supplement this answer" for dental visits.

Part 9: No response to use of tobacco.

Part 10: No response to treatment for drugs/alcohol.

**Section V (Insurance/Claim Information)**

Part 4: Indicated prior disability claim and date and nature of claim, but did not respond to whether the claim was denied.

Part 6: Indicated a prior bankruptcy filing from 2000, but did not identify the court or indicate how the claim was resolved.

**Section VI (Current Claim Information)**

Part 1: Indicates having suffered physical/bodily injury related to use of Bair Hugger, but responded "Under Investigation, when responsive information comes into Plaintiff's possession he will supplement this answer" for description of injury, current symptoms, and other physical harm.

Part 3: No response to damages related to emotional distress/psychological injuries.

Part 6: No response regarding Bair Hugger warnings.

|  |  | Part 7: No response regarding 3M/Arizant communications regarding surgery/Bair Hugger.<br>Part 8: No response regarding 3M/Arizant communication regarding Bair Hugger warranty.<br>Part 9: Responded "Under Investigation, when responsive information comes into Plaintiff's possession he will supplement this answer" for contacts with Augustine Temperature Management.<br><br>**Section VII (Economic Damages)**<br>Part 1:  No response to claim for loss of past wages/income.<br>Part 2:  No response to claim for loss of future wages/income.<br><br>**Section VIII (Persons With Knowledge)**<br>Part 2: No response to persons providing facts/circumstances relating this lawsuit.<br><br>**Section IX (Loss of Consortium)**<br>Part 1: Part 1: Name, and address provided, but no response to SSN, and responded "Under Investigation, when responsive information comes into Plaintiff's possession he will supplement this answer" for other names used, length of time at present address and persons living with Plaintiff at time of events at issue.<br>Part 3: Identified a single residence for the last 10 years, but did not provide dates of residence.<br>Part 4: Indicates still married to Plaintiff, but does not provide a time or place of marriage.<br><br>**Medical Authorization:** Not provided.<br>**Verification:** Not provided |  |

| Gibson, Lisa Karen 0:17-cv-04041 | 4/02/2018 | **Section I (Case Information)**<br>Part 1: No response to person completing the PFS.<br>Part 4: No response to any question regarding the representative.<br><br>**Section II (Personal Information)**<br>Part 1: Name provided, but no response to other names used, address, SSN, length of time at present address and persons living with plaintiff at time of events at issue.<br>Part 2: No response to driver's license number and state of issue.<br>Part 3: No response to date or place of birth.<br>Part 5: No response to Medicare HICN number.<br>Part 6: No response to residences for the last 10 years.<br>Part 8: No response to having children.<br>Part 9: No response to educational background.<br>Part 10: No response to employers for last 10 years.<br>Part 11: No response to prior military service.<br>Part 12: No response to rejection for military service due to medical/physical conditions.<br>Part 13: No response to convictions in the last 10 years<br>Part 14: No response to visiting websites regarding patient warming systems.<br>Part 15: No response to internet postings concerning Defendants.<br>Part 16: No response to possession of drawings journals, slides, notes, letters or emails.<br><br>**Section III (Surgery Information)**<br>Part 1: No response to evidence of Bair Hugger use. | Brown & Crouppen, P.C. |

| | | |
|---|---|---|
| | | Part 2: No response to use of laminar air flow system during surgery.<br>Part 3: No response to any question regarding surgery information.<br>Part 4: No response to opinions on causation.<br>Part 5: No response to tests or inspections of Bair Hugger.<br><br>**Section IV (General Medical Information)**<br>Part 1: No response to current or last height/weight.<br>Part 3: No response to healthcare providers seven (7) years prior to surgery.<br>Part 7: No response to pharmacies used.<br>Part 8: No response to prior dental visits.<br>Part 9: No response to use of tobacco.<br>Part 10: No response to treatment for drugs/alcohol.<br><br>**Section V (Insurance/Claim Information)**<br>Part 4: No response to prior disability claims.<br>Part 5: No response to prior lawsuits.<br>Part 6: No response to prior bankruptcies.<br><br>**Section VI (Current Claim Information)**<br>Part 1: No response to having suffered physical/bodily injury related to use of Bair Hugger.<br>Part 3: No response to damages related to emotional distress/psychological injuries.<br>Part 6: No response regarding Bair Hugger warnings.<br>Part 7: No response regarding 3M/Arizant communications regarding surgery/Bair Hugger.<br>Part 8: No response regarding 3M/Arizant communication regarding Bair Hugger warranty. | |

| | | | |
|---|---|---|---|
| | | Part 9: No response to contacts with Augustine Temperature Management.<br><br>**Section VII (Economic Damages)**<br>Part 1:  No response to claim for loss of past wages/income.<br>Part 2:  No response to claim for loss of future wages/income.<br><br>**Section VIII (Persons With Knowledge)**<br>Part 2: No response to persons providing facts/circumstances relating this lawsuit.<br><br>**Section IX (Loss of Consortium)**<br>No response to any question<br><br>**Medical Authorization:** Not provided.<br>**Verification:** Not provided | |