UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: Bair Hugger Forced Air Warming Products Liability Litigation<br><br>This Document Relates To:<br><br>*Bellande*, 16-cv-02700-JNE-FLN<br>*Colon*, 16-cv-00985-JNE-FLN<br>*Perkins*, 17-cv-01049-JNE-FLN<br>*Nickell*, 17-cv-4285-JNE-FLN<br>*Grimsley*, 17-cv-04872-JNE-FLN<br>*Andrews*, 17-cv-03276-JNE-FLN | MDL No. 15-2666 (JNE/FLN)<br><br>**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS CASES FOR FAILURE TO COMPLY WITH PRETRIAL ORDER NO. 23 AND/OR FED. R. CIV. P. 25(a)** |

Pursuant to Pretrial Order No. 23 ("PTO 23") and Fed. R. Civ. P. 25(a), Defendants 3M Company and Arizant Healthcare Inc. (collectively, "Defendants") move to dismiss all or part of the following cases with prejudice:

| Case Number | Title | Firm Name |
|---|---|---|
| 16-cv-02700-JNE-FLN | *Bellande et al. v. 3M Co., et al.* | Kennedy Hodges, LLP |
| 16-cv-00985-JNE-FLN | *Colon v. 3M Co., et al.* | Michael Hingle & Associates LLC |
| 17-cv-01049-JNE-FLN | *Perkins v. 3M Co., et al.* | Pendley, Baudin & Coffin, LLP |
| 17-cv-4285-JNE-FLN | *Nickell et al. v. 3M Co., et al.* | Gustafson Gluek PLLC |
| 17-cv-04872-JNE-FLN | *Grimsley v. 3M Co., et al.* | Bernstein Liebhard LLP |
| 17-cv-03276-JNE-FLN | *Andrews v. 3M Co., et al.* | Brown and Crouppen, PC |

Specifically, Defendants move to dismiss the complaints of *Colon*, *Perkins*, *Grimsley*, and *Andrews* in their entirety with prejudice, and move to dismiss the deceased plaintiffs only

with prejudice in the multi-plaintiff cases *Bellande* and *Nickell*.  Plaintiffs in each of these cases failed to comply with the deadlines established by Pretrial Order No. 23 and/or Federal Rule of Civil Procedure 25, and Defendants therefore are entitled to seek dismissal of that plaintiff.  *See* PTO 23(E) ("Plaintiff's failure to comply with provisions A, B or C of this Order will entitle Defendants to request a dismissal of plaintiff's action with prejudice in accordance with Fed. R. Civ. P. 25(a)").

## ARGUMENT

PTO 23 sets forth the procedure for filing suggestions of death and motions for substitution for plaintiffs who die while their actions are pending in the MDL.  Paragraph A of PTO 23 provides that a suggestion of death must be filed within ninety (90) days of (i) the entry of PTO 23 on January 8, 2018, or (ii) the plaintiff's death, whichever is later.  *See* PTO 23(A).  In addition, Federal Rule of Civil Procedure 25(a) and paragraph (B) of PTO 23 require a proposed substitute plaintiff to move for substitution within ninety (90) days of the filing of a suggestion of death.

### A.   Case Where a Suggestion of Death Was Not Timely Filed.

In the case below, a suggestion of death was not filed within the time prescribed by PTO 23(A):

| Plaintiff | Case Number | Date of Death | Suggestion of Death Due/Filed | Motion to Substitute Due | Comments |
|---|---|---|---|---|---|
| **Colon, Wayne** | 16-cv-00985 | 4/20/2017 | Due 4/9/2018. Filed 7/3/2018. | N/A | Plaintiff's counsel notified Defendants of the death by email but no suggestion of death was filed until |

|  |  |  |  | almost three months after the due date. Ex. A. |
|---|---|---|---|---|

Under PTO 23, the filing of a suggestion of death within 90 days is mandatory. *See* PTO 23(A). Plaintiff has not sought an extension, much less made a showing of good cause to warrant an extension. As such, dismissal with prejudice is appropriate. *See* PTO 23(E); *Kaubisch v. Weber*, 408 F.3d 540, 542 (8th Cir. 2005) (affirming dismissal of case where motion to substitute was filed approximately two months late).

### B.  Cases Where the Proposed Substitute Plaintiffs Failed to File a Timely Motion for Substitution.

Additionally, in each of the three cases listed in the table below, suggestions of death were filed, but the proposed substitute plaintiff failed to file a compliant motion for substitution within 90 days as required by PTO 23(b) and Fed. R. Civ. P. 25(a):

| Plaintiff | Case Number | Date of Death | Suggestion of Death Filed | Motion to Substitute Due |
|---|---|---|---|---|
| **Perkins, Rosetta** | 17-cv-01049 | 5/9/2017 | 11/13/17 | 2/11/2018 |
| **Grimsley, Daniel** | 17-cv-04872 | 12/19/2017 | 1/22/18 | 4/22/2018 |
| **Andrews, Larry** | 17-cv-03276 | 7/25/2017 | 7/25/17 | The proposed substitute plaintiff was ordered to show cause by 6/10/2018 for why his motion to substitute should not be denied, but failed to file any response. Order, ECF No. 15. |

3

Under PTO 23 and the Federal Rules of Civil Procedure, the filing of a compliant motion to substitute within 90 days of filing a suggestion of death is mandatory. Fed. R. Civ. P. 25(a); PTO 23(B); *see also Kaubisch*, 408 F.3d at 542. These cases should therefore be dismissed with prejudice for failing to comply with Fed. R. Civ. P. 25(a) and PTO 23(B).

### C.  Multi-Plaintiff Cases: Claims of the Deceased Plaintiff Should Be Dismissed.

Defendants further move to dismiss the deceased plaintiffs in two other cases. Each of these cases has two plaintiffs: the plaintiff who allegedly suffered an infection after the use of the Bair Hugger system in his surgery, and the injured party's spouse who claims loss of consortium.

| **Plaintiff** | **Case Number** | **Date of Death** | **Suggestion of Death Due/Filed** | **Motion to Substitute Due** | **Comments** |
|---|---|---|---|---|---|
| **Bellande, Louis and Bonnie L.** | 16-cv-02700 | 12/22/2017 | Due 4/9/18 but not filed until 6/15/18. | N/A | Plaintiff's counsel assert that they learned about the death on 4/17/2018, but provide no explanation for the delay in learning about the death or the subsequent delay in filing a suggestion of death. *Suggestion of Death*, ECF 6. |
| **Nickell, Vernon and Linda** | 17-cv-4285 | 6/30/2016 | Filed on 1/8/2018. | Was due on 4/9/2018. | No Motion to Substitute received. |

4

The claims of Plaintiff Louis Bellande should be dismissed with prejudice based on the failure to file a timely suggestion of death, as required by PTO 23(A). The claims of Plaintiff Vernon Nickell likewise should be dismissed with prejudice for failure to file a timely motion to substitute as required by PTO 23(B). Some case law from these plaintiffs' home states, California and Illinois, suggests that the surviving spouses' loss-of-consortium claims are not derivative and may proceed independently. *See Rosencrans v. Dover Images, Ltd.*, 192 Cal. App. 4th 1072, 1089, (2011); *Kubian v. Alexian Bros. Med. Ctr.*, 272 Ill. App. 3d 246, 253 (1995). Accordingly, at this time Defendants move to dismiss only the claims of Mr. Bellande and Mr. Nickell, and not the claim of their co-plaintiff spouses. Defendants reserve their right to seek dismissal of the surviving spouses' loss-of-consortium claims in a future motion.

Dated: July 3, 2018                    Respectfully submitted,

 /s/ Benjamin W. Hulse
Jerry W. Blackwell (MN #186867)
Benjamin W. Hulse (MN #0390952)
Mary S. Young (MN #0392781)
BLACKWELL BURKE P.A.
431 South Seventh Street, Suite 2500
Minneapolis, MN 55415
Phone: (612) 343-3248
Fax: (612) 343-3205
Email: blackwell@blackwellburke.com
       bhulse@blackwellburke.com
       myoung@blackwellburke.com

Bridget M. Ahmann (MN #016611x)
FAEGRE BAKER DANIELS LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
Phone: (612) 766-7000
Fax: (612) 766-1600
Email: bridget.ahmann@faegrebd.com

**Counsel for Defendants 3M Company and Arizant Healthcare Inc.**