UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: BAIR HUGGER FORCED AIR WARMING DEVICES PRODUCTS LIABILITY LITIGATION | MDL No. 15-2666 (JNE/FLN) |
| This Document Relates to Case Nos.: 16-cv-02518 *(Hylander v. 3M Co., et al.)* | |

## DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION

There is no dispute that Mrs. Hylander was deceased at the time her complaint was filed. Her claims should therefore be dismissed for lack of subject-matter jurisdiction, because "[a] dead person cannot invoke federal jurisdiction as a plaintiff." (Order, 15-md-02666, Dkt. No. 1100 at 4 (dismissing three cases in the MDL for lack of subject-matter jurisdiction where, as here, the Plaintiff died before the complaint was filed); *see also* (Order, 15-md-02666, Dkt. No. 1298 at 4) (dismissing the nine other cases subject to Defendants' instant motion because "the dead cannot invoke federal jurisdiction."); Order, 17-cv-02615, Dkt. No. 25 at 3 (noting that a dead person cannot invoke federal jurisdiction). Nothing in Plaintiffs' Response supports a different outcome in this case.

### BACKGROUND

Mrs. Hylander died on April 2, 2016. (*See* Pls.' Memo. in Opp., 15-md-02666, Dkt. No. 1306 at 1.) Although Mr. Hylander participated in probate proceedings and was appointed executor of Mrs. Hylander's estate, he apparently did not communicate with his counsel in the nearly four months between Mrs. Hylander's death and the filing of the

Complaint. (*See id.*) Plaintiffs' counsel filed a complaint for personal injury for Mrs. Hylander in her individual capacity on July 26, 2016 ("Complaint"). (*See id.*) After the Complaint was filed, Plaintiffs' counsel served the original PFS in this matter on March 2, 2017. The PFS disclosed the date of Mrs. Hylander's death, and was accompanied by a verification executed by Royce Hylander. (*See* Hulse Decl., Ex. A.) Mr. Hylander executed the PFS *only* in his individual capacity as the loss-of-consortium Plaintiff, and not as a representative of Mrs. Hylander's estate – even though Mrs. Hylander was already deceased at that time, and the date of Mrs. Hylander's death was brought to the attention of Mr. Hylander's counsel at least a month before the PFS was served on Defendants. (*See id.*) Nonetheless, Plaintiffs never attempted to file a proper Complaint, or to address the jurisdictional concern. Mr. Hylander did not even acknowledge the jurisdictional issue in his Motion to Substitute Party Plaintiff, filed almost three months after the issue was raised by Defendants' counsel, and more than sixteen months after Plaintiffs' counsel obtained the date of Mrs. Hylander's death. (*See* Pls.' Motion to Substitute, 16-cv-2518, Dkt. No. 7.); Hulse Decl., Ex. A.) But subject-matter jurisdiction over a litigant's claim is not optional, and his request should be denied.

## ARGUMENT

Plaintiffs' primary argument, is that Rule 17(a)'s "safe harbor" allows Mr. Hylander to be substituted as a real party in interest for Mrs. Hylander. (*See* Pls.' Memo. in Opp., 15-md-02666, Dkt. No. 1306 at 2.) Plaintiffs cite Rule 17(a)(3) and a 1966 advisory committee note discussing the same, but do not cite a single case where the Rule has been interpreted to permit substitution for a plaintiff who was deceased when the original
2

complaint was filed. (*See id.*) Plaintiffs' argument has already been repeatedly rejected by federal courts. *See, e.g.*, *In re Asbestos Prod. Liab. Litig. (No. VI)*, 311 F.R.D. 152, 155 (E.D. Pa. 2015) (refusing to allow substitution for a plaintiff the died before litigation commenced, noting, "the problem with Plaintiffs' arguments regarding Rule 17 . . . is that they focus on capacity to sue rather than the threshold question of legal existence."); *Banakus v. United Aircraft Corp.*, 290 F. Supp. 259, 260 (S.D.N.Y. 1968) (observing that "a party must have legal existence as a prerequisite to having the capacity to sue" and holding that "[an action by a deceased plaintiff] must be treated as a nullity and it cannot be given life by substituting parties and amending the complaint.").

Plaintiffs fail to acknowledge the distinction between a plaintiff who is merely improper, and a plaintiff who does not have legal existence. For this reason, the cases relied on by Plaintiffs are inapplicable here. For example, Plaintiffs point to *IHP Indus., Inc. v. PermAlert, ESP*, where the court allowed time for the proper party to be substituted, after concluding that the Plaintiff had assigned away its right to sue. 178 F.R.D. 483, 486 (S.D. Miss. 1997). But there was never any question whether IHP Industries had legal existence when the suit was commenced, so the court never confronted the question at issue in this case. *See generally, id.* Unlike this case, *IHP Indus., Inc.* fell within the purview of Rule 17. By contrast, the Supreme Court of Mississippi, considering its identical Rule 17(a) in a situation like Mr. Hylander's, joined federal courts in concluding:

> The rule provides that "[e]very action shall be prosecuted in name of the real party in interest," and that "[n]o action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection . . . for substitution[ ] of the real party in interest...." . . . The rule thus takes for granted or presumes that a valid

3

"action" exists. . . . But, as we have already discussed, no "action" exists where the original complaint is filed by a dead person. Such complaints are null and void from the outset. In short, without a live person initiating suit, there can be no action; and without an action, substitution cannot be had under Rule 17(a).

*Garlock Sealing Techs., LLC v. Pittman*, No. 2008-IA-01572-SCT, 2010 WL 4009151, at *5 (Miss. Oct. 14, 2010).

Mr. Hylander's contention that his loss-of-consortium claim changes the analysis is also incorrect.[1] In attempting to distinguish this case from the nine others already dismissed pursuant to Defendants' Motion, Plaintiff observes, "Royce Hylander was a named Plaintiff in the original action and at that time had legal authority and legal capacity to bring the claim as executor of Lorretta Hylander's estate." (Dkt. No. 1306 at 2.) Mr. Hylander offers no legal support for his contention, and there is no language in Federal Rules 17 or 25 to suggest that Mr. Hylander's co-plaintiff-status affects the outcome. *See* Fed. R. Civ. P. 17 and 25. Once again, Mr. Hylander's Response ignores the fundamental jurisdictional failure: the *only* pending claim for Mrs. Hylander's alleged injury was filed on behalf of the then-deceased Mrs. Hylander. Whatever Mr. Hylander could have done, he *did not* bring a survival action on behalf of Mrs. Hylander's estate. Instead, he brought an action for loss of consortium in his personal capacity. A proper party *could have* filed a survival action in the other similarly situated MDL cases this Court has already dismissed, but that did not obviate the need for subject-matter jurisdiction over those claims either.

---

[1] Under Kentucky law, a spouse's claim for loss of consortium is a separate cause of action from the underlying claim for personal injury. *See Martin v. Ohio Cty. Hosp. Corp.,* 295 S.W.3d 104, 108–09 (Ky. 2009). Defendants acknowledge that Mr. Hylander can continue to pursue his loss of consortium claims.

4

(*See* 15-md-02666, Dkt. No. 1100 at 4; 15-md-02666, Dkt. No. 1298 at 4; 17-cv-02615, Dkt. No. 25.)  Mr. Hylander's co-plaintiff-status is a distinction of no legal significance. *See Banakus,* 290 F. Supp. at 260 (filing by a deceased plaintiff "cannot be given life by substituting parties and amending the complaint"); *see also Campbell v. Travelers Ins.*, No. CIV. A. 06-9068, 2008 WL 145048, at *1 (E.D. La. Jan. 14, 2008) (Rule 25 is inapplicable in cases where a plaintiff died before the action was filed).

Finally, Plaintiff incorrectly argues that Defendants have waived their right to seek dismissal.  (*See* Dkt. No. 1306 at 3.)  The defective Complaint implicates subject-matter jurisdiction, and subject-matter jurisdiction can be raised at any time.  *See Eckerberg v. Inter-State Studio & Publ'g Co.*, 860 F.3d 1079, 1084 (8th Cir. 2017); *see also* Fed. R. Civ. P. 12(h)(3).  Moreover, "subject-matter jurisdiction . . . can never be forfeited or waived." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006).

Even if waiver was possible (and the law is unequivocal that it is not), Defendants' are not responsible for making sure that a plaintiff is still living at the time the complaint is filed in her name – that responsibility falls squarely on Plaintiffs' counsel.  *See* Fed. R. Civ. P. 11(b).  Defendants only discovered the issue by reviewing information provided by Mr. Hylander and his counsel.  (*See* Hulse Decl., Ex. B.)  Yet, after Defendants contacted them, Plaintiffs *still* waited seven more weeks to file a suggestion of death, substantially missing the court-imposed deadline under PTO 23.  (PTO 23(E), Dkt. No. 1039 *contra* Pls.' Suggestion of Death, 16-cv-02518, Dkt. No. 6.)

In sum, the Court has correctly and consistently acknowledged that it lacks subject-matter jurisdiction over the claims of plaintiffs who died before their cases were filed. (*See*

5

15-md-02666, Dkt. No. 1100 at 4; 15-md-02666, Dkt. No. 1298 at 4; 17-cv-02615, Dkt. No. 25.)  As in those cases, Mrs. Hylander's claims are a nullity and should be dismissed.

## CONCLUSION

For the foregoing reasons, and for those reasons set forth in Defendants' Motion to Dismiss and supporting Memorandum of Law, Defendants respectfully request that the Court dismiss Mrs. Hylander's claims for lack of subject-matter jurisdiction.

Dated: July 10, 2018                                Respectfully submitted,


                                                              *s/Benjamin W. Hulse*
Jerry W. Blackwell (MN #186867)
Benjamin W. Hulse (MN #0390952)
Mary S. Young (MN #0392781)
BLACKWELL BURKE P.A.
431 South Seventh Street, Suite 2500
Minneapolis, MN 55415
Phone: (612) 343-3200
Fax: (612) 343-3205
Email: blackwell@blackwellburke.com
       bhulse@blackwellburke.com
       myoung@blackwellburke.com

Bridget M. Ahmann (MN #016611x)
FAEGRE BAKER DANIELS LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
Phone: (612) 766-7000
Email: bridget.ahmann@faegrebd.com

***Counsel for Defendants 3M Company and Arizant Healthcare Inc.***