IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

| | |
|---|---|
| IN RE: BAIR HUGGER FORCED AIR WARMING PRODUCT LIABILITY LITIGATION | MDL No.: 15-md-02666 (JNE/FLN) |
| This Document Relates To: | |
| LOUIS E. BELLANDE and BONNIE L. BELLANDE, | Civil Action No.: 16-CV-02700-JNE-FLN |
| Plaintiff, | |

_____

## PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO DISMISS

NOW COME Plaintiffs, Louis E. Bellande and Bonnie L. Bellande, identified in Defendants' Motion to Dismiss for Failure to Comply with Pretrial Order No. 23 [Dkt. 1324], and by and through undersigned counsel submits this, their Response to Defendants' Motion to Dismiss Plaintiff Louis Bellande's cause of action, and would respectively show the Court the following:

### BACKGROUND

Plaintiffs contacted undersigned counsel in August of 2015, regarding an infection and subsequent treatment that Mr. Bellande experienced due to the use of a Bair Hugger patient warming device during an orthopedic surgery. Counsel worked to obtain medical records and billing records to move forward with the case. Those records indicated that a Bair Hugger device was used during the original surgery.

On August 10, 2016, counsel filed the current action to comply with what was identified as the applicable statute of limitations deadline for the relevant claim. Plaintiff completed the Plaintiff Fact Sheet on February 6, 2017.

On April 17, 2018, Counsel was informed that Plaintiff Louis Bellande passed away on December 22, 2017. Counsel learned of Mr. Bellande's passing *after* the 90-day deadline mandated by Pretrial Order No. 23. As a result, it would have been impossible to comply with that deadline. Plaintiff filed the Suggestion of Death on June 15, 2018, in good faith and within a reasonable time after learning of Mr. Bellande's death.

## **ARGUMENT**

Defendants argue that the suggestion of death was not filed within the time prescribed by Pretrial Order 23(A), and therefore Mr. Bellande's claims should be dismissed with prejudice. Plaintiffs' Counsel did not learn of Mr. Bellande's death until *after* the required 90-day deadline. There is no way Counsel would have been able to file the suggestion of death in a timely manner. For the Court to dismiss Mr. Bellande's estate's claims with prejudice would be an unduly harsh result given the exceptional circumstances.

Plaintiffs' noncompliance with the Pretrial Order 23(A) was not willful or in bad faith, and a dismissal with prejudice would be extreme. A dismissal with prejudice "should be used only in cases of willful disobedience of a court order or where a litigant exhibits a pattern of intentional delay." *Hunt v. City of Minneapolis*, 203 F. 3d 524, 527 (8th Cir. 2000); *see also Hutchins v. A.G. Edwards & Sons, Inc.*., 116F.3d 1256, 1260; *Mann v. Lewis*, 108 F.3d 145, 147 (8th Cir. 1997) (quoting *Givens v. A.H. Robins Co.*, 751 F.2d 261, 263 (8th Cir. 1984)). In *Givens v. A.H. Robins Co.*, the court reversed a dismissal with prejudice where the litigants

only transgression was failure to comply with a discovery deadline. *Givens*, 751 F.2d 264, 264 (8th Cir. 1984). The court reasoned that dismissal with prejudice was disproportionate to this act of noncompliance. *Id*.

Here, Plaintiffs' only transgression is that the suggestion of death was not filed 90-days from the date of client's death, even though Counsel was not aware of Mr. Bellande's death until more than 90-days after his death. Plaintiffs' actions do not constitute as willful disobedience. Total extinction of Mr. Bellande's cause of action would be disproportionate to this unintentional act of noncompliance with Pretrial Order 23.

Further, "an action should be dismissed with prejudice 'only after balancing the policy of giving the plaintiff [his or her] day in court against [the] policies of preventing undue delay, avoiding court congestion, and preserving respect for court procedures." *Omaha Indian Tribe v. Tract I-Blackbird Bend Area*, 933 F.2d 1462, 1468 (8th Cir.) (*quoting Garrison v. International Paper Co.*, 714 F.2d 757, 760 (8th Cir. 1983)); *see also Moore v. St. Louis Music Supply Co., Inc.*, 539 F.2d 1191, 1193 (8th Cir. 1976); *Navarro v. Chief of Police, Des Moines, Iowa*, 523 F.2d 214, 217 (8th Cir. 1975). Here, there is no undue delay and absolutely no prejudice to Defendants, since the Plaintiff Fact Sheet had already been submitted and there was no continuing activity in the case at this time. Therefore, a dismissal with prejudice would be an abuse of discretion.

Additionally, cases filed in a multidistrict litigation differ from standard litigation because discovery for the individual claim is, as a practical matter, stayed once the Plaintiff Fact Sheet is complete. Plaintiffs completed the Plaintiff Fact Sheet on February 6, 2017. Counsel did not have any reason to specifically contact Plaintiffs. Further, Plaintiff Bonnie

Bellande and other grieving family members are not responsible for being aware of the 90-day deadline imposed by Pretrial Order 23. Under these circumstances, it cannot be said that Plaintiffs willfully refused to comply with this Court's order.

## CONCLUSION

For the foregoing reasons, undersigned counsel respectfully request that the Mr. Bellande's claims not be dismissed with prejudice pursuant to Pretrial Order 23.

Dated: July 10, 2018	KENNEDY HODGES, LLP

By: /s/ David W. Hodges
David W. Hodges
dhodges@kennedyhodges.com
Gabriel A. Assaad
gassaad@kennedyhodges.com
4409 Montrose Blvd. Ste 200
Houston, TX 77006
Telephone: (713) 523-0001
Facsimile: (713) 523-1116

ATTORNEYS FOR PLAINTIFF