## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE: Bair Hugger Forced Air Warming Products Liability Litigation | MDL No. 15-2666 (JNE/FLN) |
| THIS DOCUMENT RELATES TO:<br><br>Grimsley (0:17-cv-04872-JNE-FLN) | |

### PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

COMES NOW Plaintiff for the above-captioned action to hereby opposes the motion to dismiss of Defendants 3M Company and Arizant Healthcare, Inc. ("Defendants" collectively). The motion to dismiss and accompanying brief in support are Docs. 1317 and 1323 ("Motion" collectively).

Defendants have asked the Court to dismiss this action with prejudice for failure to comply with the Court's Pretrial Order No. 14 ("PTO 14"), which requires a plaintiff to serve a completed and signed Plaintiff Fact Sheet ("PFS"), medical authorization, and supporting documents. Defendants, through a separate motion, have asked the Court to dismiss this action with prejudice for failure to comply with the Court's Pretrial Order No. 23 ("PTO 23), which requires a plaintiff to file a motion for substitution of the party.

### PLAINTIFF'S ACTION SHOULD NOT BE DISMISSED WITH PREJUDICE

Plaintiff has yet to return the documents set forth by this Court's PTO 14 and PTO 23. Plaintiff is aware of the obligations regarding completing and serving PFS, medical authorization, and supporting documents, pursuant to PTO 14. Plaintiff is aware of the obligations regarding providing proof that Plaintiff is the proper party, pursuant to PTO 23.

However, to be precise, the undersigned counsel is without any knowledge of circumstances that may preclude Plaintiff from responding to the counsel's contact attempts and efforts. The undersigned counsel attempted to reach Plaintiff numerous times including but not limited to the following:

- November 29, 2017 – Mailed PFS and medical authorization;

- December 7, 2017 – Left a voicemail re: PFS;

- January 18, 2018 – Left a voicemail re: PFS;

- January 22, 2018 – Mrs. Grimsley contacted the undersigned counsel's office and informed that Mr. Grimsley passed away on December 19, 2017. Mrs. Grimsley wished to move forward with the case and would take the necessary steps to complete probate of her husband's estate and provide the information needed for the PFS;

- January 25, 2018 – Left a voicemail and sent an email re: PFS;

- February 21, 2018 – Sent an email re: PFS;

- March 2, 2018 – Sent a letter re: PFS;

- March 20, 2018 – Left a voicemail;

- March 22, 2018 – Mrs. Grimsley informed the undersigned counsel's office that she will return PFS;

- April 27, 2018 – Left a voicemail;

- May 10, 2018 – Left a voicemail;

- May 20, 2018 – Sent an email;

- June 14, 2018 – Sent an email;

- June 19, 2018 – Searched for any alternative contact information;

- July 5, 2018 – Left a voicemail advising Mrs. Grimsley that Defendants moved to dismiss her case with prejudice.

In light of the foregoing, the undersigned counsel respectfully seeks a 120-day extension. Nevertheless, if the Court deems dismissal of Plaintiff's action to be proper, then they should be dismissed without prejudice granting an opportunity for Plaintiff to reinstate her action.

DATED: July 10, 2018                    Respectfully submitted,

**BERNSTEIN LIEBHARD LLP**

By: /s/ Daniel C. Burke

Daniel C. Burke
10 E. 40th Street
New York, NY 10016
Telephone: (212) 779-1414
Facsimile: (212) 779-3218
Email: dburke@bernlieb.com
Email: dlee@bernlieb.com

*Attorneys for Plaintiff*