# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE: Bair Hugger Forced Air Warming Products Liability Litigation | MDL No. 15-2666 (JNE/FLN) |
| This Document Relates to:<br><br>**PLAINTIFF,**<br><br>*JONATHAN HURLEY v. 3M Company, et al;* Case No. 17-cv-04169 | |

## PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS

NOW COMES Plaintiff, Jonathan Hurley, identified in Defendants' Motion to Dismiss for Failure to Comply with Pretrial Order No. 14 [Dkt. 1317], and by and through undersigned counsel submits this, his Response to Defendants' Motion to Dismiss, and would respectively show the Court the following:

1. In November of 2015, Jonathan Hurley contacted undersigned counsel regarding an infection and subsequent treatment that he experienced due to the use of a Bair Hugger patient warming device during an orthopedic surgery.

2. Counsel worked to obtain medical records and billing records to move forward with the case. Those records indicated that a Bair Hugger device was used during the original surgery.

3. On September 7th 2017, counsel filed the current action to comply with what was identified as the applicable statute of limitations deadline for the relevant claim.

4. On November 30, 2017, Plaintiff served his fact sheet upon Defendants.

5. On December 28, 2017, Defendants sent counsel for Plaintiff a deficiency letter stating certain sections of the fact sheet were "incomplete".

6. On January 18, 2018, Plaintiff amended his Fact Sheet and sent notice to defense counsel by way of correspondence via email and U.S. mail that the fact sheet had been amended to satisfy Defendants' concerns.

7. On February, 14, 2018, Defendants sent the exact same letter to Plaintiff's counsel, again stating that certain sections of the fact sheet were "incomplete".

8. On March 7, 2018, Counsel amended Mr. Hurley's Plaintiff Fact Sheet, and sent

notice to defense counsel by way of correspondence via email and U.S. mail that the fact sheet had been amended to satisfy Defendants' concerns.

9.   On April 2, 2018, Counsel for defendants again sent correspondence alleging that certain sections of the fact sheet were "incomplete".

10.   In seeking dismissal, Defendants for the first time, specifically complain about several categories (instead of just citing "incomplete"), as follows:

*Section 1, part 4, which reads, in pertinent part:  If you are completing this questionnaire in a representative capacity….."*

Defendants assert that Plaintiff did not respond.

*Plaintiff's Response:  It is clear from Section 1 part 1 that Mr. Hurley completed the form himself; therefore, part 4 is not applicable.  The question only calls for a response "if you are completing the questionnaire in a "representative capacity".*

**Section 2. "Personal Information"**

*Defendants assert numerous sections are unanswered or not completely answered.*

*Plaintiff's Response:*

*The information is substantially complete and some of defendant's assertions are simply incorrect.  With respect to employer addresses and other finely detailed information, Plaintiff cannot answer because he is on a work assignment in Thailand and does not have access to the information in his current location.  We will hopefully be able to provide that information when he returns to New York within the next 30 days.*

***Furthermore, many of the claimed deficiencies in this part simply are inaccurately stated by the defendants.  For example, defendants claim that Plaintiff did not respond to questions regarding military service in part section 11 when in fact all of these questions have been answered.  Plaintiff served in the Air Force doing two and one-half tours of duty during the Vietnam war (1969-1972).  Similarly, valid responses are given for parts 12-16 where defendants claim no response is given.***

**Section 3.  Surgery Information**

*Defendants take issue with one question in part 1 regarding when Plaintiff learned that his injury may have been caused by the Bair Hugger.*

*Plaintiff's Response:*

*Plaintiff answered the question "After a TV ad".  Plaintiff will be happy to supplement and give defendants a date but this is the first time defendants were specific about their objection to this response.*

**Section 4.  General Medical Information:**

*Defendants want phone numbers and addresses for pharmacies used*

*Plaintiff's response:  Plaintiff did provide the address of the pharmacy he used from 1998*

to December of 2015 but did not provide the telephone number.  Plaintiff believes that answer is substantially complete but we will endeavor to cure this section when he returns from Thailand.

### Section 6. Current Claim information

Defendants agree that Plaintiff answered question 3 but omitted the date of onset.

Plaintiff's response:  Plaintiff answered in this section that he became aware of his injuries in February of 2013 and therefore the answer is substantially complete.

### Section 9. Loss of Consortium

Defendants claim there is no response to any question.

Plaintiff's response:  This is inaccurate.  Plaintiff responded "N/A".  Plaintiff stands by this response.

### Verification:

Defendants want an updated Verification.

Plaintiff's response:  Plaintiff's will attempt to have an updated verification completed when Mr. Hurley returns from Thailand.

11.  Plaintiff concludes by stating that he has substantially completed the fact sheet and attempted to cure alleged deficiencies by defendants on 2 occasions.  Many of the alleged deficiencies are simply inaccurate where Plaintiff has completely responded and that, Plaintiff has been living in Thailand for the past 3 years which has been a logistical challenge to cure deficiencies calling for specific details not at his disposal in a foreign country.

12.  Plaintiff will be returning from Thailand for one-month in about 30 days.

13.  For the foregoing reasons, Plaintiff requests that Defendant's Motion to Dismiss be denied and that Plaintiff be deemed to have substantially completed the fact sheet.  In the alternative, Plaintiff should be given 90 days additional time due to the foregoing reasons to cure any remaining "deficiencies".

Respectfully submitted,

Dated: July 11, 2018          By:  __s/*Alfred A Olinde, Jr.*_____
                                   Alfred A. Olinde, Jr., La. Bar # 20061
                                   **THE OLINDE FIRM, LLC**
                                   400 Poydras Street, Suite 1980
                                   New Orleans, Louisiana  70130
                                   Telephone:  (504) 587-1440
                                   Facsimile:  (504) 587-1577
                                   Email: folinde@olindefirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on July 11, 2018 a copy of the above and foregoing *Plaintiff's Response to Defendants' Motion to Dismiss* has been served on all parties or their attorneys via Minnesota ECF filing system, which will send notice of electronic filing in accordance with the procedures established in MDL 15-2666.



/s/ *Alfred A Olinde, Jr.*