UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE: Bair Hugger Forced Air Warming Products Liability Litigation | MDL No. 15-2666 (JNE/FLN) |
| This Document Relates to:<br><br>**PLAINTIFF,**<br><br>*CARLOS PIMENTEL v. 3M Company, et al;* Case No. 17-cv-03899 | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

      NOW COMES Plaintiff, Carlos Pimentel, identified in Defendants' Motion to Dismiss for Failure to Comply with Pretrial Order No. 14 [Dkt. 1317], and by and through undersigned counsel submits this, his Response to Defendants' Motion to Dismiss, and would respectively show the Court the following:

1. In October of 2015, Plaintiff Carlos Pimentel contacted undersigned counsel regarding an infection and subsequent treatment that he experienced due to the use of a Bair Hugger patient warming device during an orthopedic surgery.
2. Counsel worked to obtain medical records and billing records to move forward with the case. Those records indicated that a Bair Hugger device was used during the original surgery.
3. On August 23, 2017, counsel filed the current action to comply with what was identified as the applicable statute of limitations deadline for the relevant claim.
4. On December 14, 2017, Plaintiff served his fact sheet upon Defendants.
5. On January 11, 2018, Defendants sent counsel for Plaintiff a deficiency letter stating certain sections of the fact sheet were "incomplete".
6. On January 31st 2018, Plaintiff amended his Fact Sheet and sent notice to defense counsel by way of correspondence via email and U.S. mail that the fact sheet had been amended to satisfy Defendants' concerns.
7. February 28, 2018, Defendants sent the exact same letter to Plaintiff's counsel, again, stating that certain sections of the fact sheet were "incomplete".

8. On March 7, 2018, Counsel amended Mr. Hurley's Plaintiff Fact Sheet, and sent notice to defense counsel by way of correspondence via email and U.S. mail that the fact sheet had been amended to satisfy Defendants' concerns.

9. On April 2, 2018, Counsel for defendants again sent correspondence alleging that certain sections of the fact sheet were "incomplete".

10. Efforts to have Mr. Pimentel complete the Plaintiff Fact Sheet have been complicated by the inability to contact the client. Counsel sent correspondence on April 4th 2018 asking Plaintiff to contact the office.

11. On May 4, 2018, Mr. Pimentel called the office; however, subsequent attempts to reach him telephonically have been unsuccessful.

12. Mr. Pimentel has substantially completed the fact sheet and is nearly 80 years old. The deficiencies cited relate to addresses and phone numbers for pharmacies and dates of birth of his children.

13. On July 9, 2018, Counsel for Plaintiff sent Mr. Pimentel correspondence again requesting that he contact the office.

14. Plaintiff's counsel believes what few deficiencies exist can be cured within the next 90 days.

15. For the foregoing reasons, Plaintiff requests that Defendant's Motion to Dismiss be denied and that Plaintiff be deemed to have substantially completed the fact sheet. In the alternative, Plaintiff should be given 90 days additional time due to the foregoing reasons to cure any remaining "deficiencies".

Respectfully submitted,

Dated: July 11, 2018

By: __s/*Alfred A Olinde, Jr.*_____
Alfred A. Olinde, Jr., La. Bar # 20061
**THE OLINDE FIRM, LLC**
400 Poydras Street, Suite 1980
New Orleans, Louisiana  70130
Telephone:  (504) 587-1440
Facsimile:  (504) 587-1577
Email: folinde@olindefirm.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 11, 2018 a copy of the above and foregoing *Plaintiff's Response to Defendants' Motion to Dismiss* has been served on all parties or their attorneys via Minnesota ECF filing system, which will send notice of electronic filing in accordance with the procedures established in MDL 15-2666.

/s/ *Alfred A Olinde, Jr.*