UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: Bair Hugger Forced Air Warming Products Liability Litigation | MDL No. 15-2666 (JNE/FLN) |
| This Document Relates To: *Lister,* 17-cv-4336-JNE-FLN *Rich et al.,* 16-cv-2631-JNE-FLN *Richey*, 17-cv-5323-JNE-FLN *Smith et al.*, 17-cv-2889-JNE-FLN *Steele*, 17-cv-1262-JNE-FLN | **MEMORANDUM IN SUPPORT OF DEFENDANTS' SECOND MOTION TO DISMISS CASES FOR FAILURE TO COMPLY WITH PRETRIAL ORDER NO. 23 AND/OR FED. R. CIV. P. 25(a)** |

Pursuant to Pretrial Order No. 23 ("PTO 23") and Fed. R. Civ. P. 25(a), Defendants 3M Company and Arizant Healthcare Inc. (collectively, "Defendants") move to dismiss all or part of the following cases with prejudice:

| Case Number | Title | Firm Name |
|---|---|---|
| 17-cv-4336-JNE-FLN | *Lister v. 3M Co., et al.* | Kennedy Hodges, LLP |
| 16-cv-2631-JNE-FLN | *Rich et al. v. 3M Co., et al.* | Newman Bronson & Wallis |
| 17-cv-5323-JNE-FLN | *Richey v. 3M Co., et al.* | Kennedy Hodges, LLP |
| 17-cv-2889-JNE-FLN | *Smith et al. v. 3M Co., et al.* | Brown and Crouppen, PC |
| 17-cv-1262-JNE-FLN | *Steele v. 3M Co., et al.* | The Olinde Firm, LLC |

Specifically, Defendants move to dismiss the complaints of *Lister*, *Rich*, *Richey*, and *Steele* in their entirety with prejudice, and move to dismiss only the deceased plaintiff with prejudice in the multi-plaintiff case *Smith*. Plaintiffs in each of these cases failed to comply with the deadlines established by Pretrial Order No. 23 and/or Federal Rule of Civil Procedure 25, and Defendants therefore are entitled to seek dismissal of that plaintiff. *See* PTO 23(E) ("Plaintiff's failure to comply with provisions A, B or C of this Order will

entitle Defendants to request a dismissal of plaintiff's action with prejudice in accordance with Fed. R. Civ. P. 25(a)").

## ARGUMENT

PTO 23 sets forth the procedure for filing suggestions of death and motions for substitution for plaintiffs who die while their actions are pending in the MDL. Paragraph A of PTO 23 provides that a suggestion of death must be filed within ninety (90) days of (i) the entry of PTO 23 on January 8, 2018, or (ii) the plaintiff's death, whichever is later. *See* PTO 23(A). In addition, Federal Rule of Civil Procedure 25(a) and paragraph (B) of PTO 23 require a proposed substitute plaintiff to move for substitution within ninety (90) days of the filing of a suggestion of death.

### A. Cases Where a Suggestion of Death Was Not Timely Filed.

In the cases below, a suggestion of death was not filed within the time prescribed by PTO 23(A):

| Plaintiff | Case Number | Date of Death | Suggestion of Death Due/Filed | Comments |
|---|---|---|---|---|
| **Steele, James** | 17-cv-1262 | 1/23/2018 | Due 4/23/2018. Filed 5/9/2018. | Filed 16 days late. |
| **Richey, Priscilla** | 17-cv-5323 | 3/30/2018 | Due 6/30/2018. Filed 7/3/2018. | Filed 3 days late. |
| **Smith, John W. and Janet C.** | 17-cv-2889 | 3/3/2018 | Due 6/3/2018. Filed 6/25/2018. | Filed 22 days late. Defendants move to dismiss plaintiff John Smith only. |

Under PTO 23, the filing of a suggestion of death within 90 days is mandatory. *See* PTO 23(A). The Plaintiffs above have not sought an extension, much less made a showing of good cause to warrant an extension. *See* PTO 23(E); *Kaubisch v. Weber*, 408 F.3d 540, 542 (8th Cir. 2005) (affirming dismissal of case where motion to substitute was filed late without a valid excuse). As such, dismissal with prejudice of the entire action is appropriate for *Steele* and *Richey*.

Defendants move only to dismiss the deceased plaintiff in *Smith*. *Smith* has two plaintiffs: John Smith, who allegedly suffered an infection after the use of the Bair Hugger system in his surgery, and his spouse, Janet Smith, who claims loss of consortium. Some case law from Plaintiff Smith's home state, Illinois, suggests that the surviving spouse's loss-of-consortium claim is not derivative and may proceed independently. *See Brown v. Metzger,* 455 N.E.2d 834, 836 (Ill. 1983). Accordingly, at this time Defendants move to dismiss only the claims of John Smith with prejudice, and not the claim of Janet Smith. Defendants reserve their right to seek dismissal of the surviving spouse's loss-of-consortium claims in a future motion.

### B. Cases Where the Proposed Substitute Plaintiffs Failed to File a Timely Motion for Substitution.

Additionally, in the case below, a suggestion of death was filed, but the proposed substitute plaintiff failed to file a motion for substitution within 90 days as required by PTO 23(b) and Fed. R. Civ. P. 25(a):

| Plaintiff(s) | Case Number | Date of Death | Suggestion of Death Filed | Motion to Substitute Due |
|---|---|---|---|---|
| **Lister, Ray** | 17-cv-4336 | 1/20/2018 | 4/6/2018 | Due 7/5/2018.<br><br>No motion has been filed. |
| **Rich, Jimmy Lee and Lori** | 16-cv-02631 | 1/6/2018 | 4/3/2018 | Due 7/2/2018.<br><br>No motion to substitute has been filed. |

Under PTO 23 and the Federal Rules of Civil Procedure, the filing of a motion to substitute within 90 days of filing a suggestion of death is mandatory. Fed. R. Civ. P. 25(a); PTO 23(B); *see also Kaubisch*, 408 F.3d at 542. Because these Plaintiffs have failed to file any motions to this effect, their cases should be dismissed with prejudice for failing to comply with Fed. R. Civ. P. 25(a) and PTO 23(B).

In addition, Plaintiff Jimmy Rich's spouse's claim for loss of consortium should be dismissed with prejudice. In Plaintiff Rich's home state, New Jersey, loss of consortium is a derivative claim that does not survive dismissal of the main plaintiff's cause of action. *Reiff v. Convergent Techs.*, 957 F. Supp. 573, 584 (D.N.J. 1997) ("Because this Court has granted defendants summary judgment on each of Mrs. Reiff's claims, Mr. Reiff, as her husband, has no foundation from which to derive a loss of consortium claim."). Thus, the entire Complaint for Plaintiffs Jimmy and Lori Rich should be dismissed with prejudice.[1]

---

[1] Conceding that the case cannot proceed, Plaintiffs have filed a Rule 41(a)(2) motion to dismiss *Rich* without prejudice. However, PTO 23 entitles Defendants to a dismissal *with* prejudice. PTO 23(E) ("Plaintiff's failure to comply with provisions A, B or C of this

4

Dated: July 12, 2018　　　　　　　　　　Respectfully submitted,


　　　　　　　　　　　　　　　　　　 /s/ Benjamin W. Hulse
　　　　　　　　　　　　　　　　　Jerry W. Blackwell (MN #186867)
　　　　　　　　　　　　　　　　　Benjamin W. Hulse (MN #0390952)
　　　　　　　　　　　　　　　　　Mary S. Young (MN #0392781)
　　　　　　　　　　　　　　　　　BLACKWELL BURKE P.A.
　　　　　　　　　　　　　　　　　431 South Seventh Street, Suite 2500
　　　　　　　　　　　　　　　　　Minneapolis, MN 55415
　　　　　　　　　　　　　　　　　Phone: (612) 343-3248
　　　　　　　　　　　　　　　　　Fax: (612) 343-3205
　　　　　　　　　　　　　　　　　Email: blackwell@blackwellburke.com
　　　　　　　　　　　　　　　　　　　　　bhulse@blackwellburke.com
　　　　　　　　　　　　　　　　　　　　　myoung@blackwellburke.com

　　　　　　　　　　　　　　　　　Bridget M. Ahmann (MN #016611x)
　　　　　　　　　　　　　　　　　FAEGRE BAKER DANIELS LLP
　　　　　　　　　　　　　　　　　2200 Wells Fargo Center
　　　　　　　　　　　　　　　　　90 South Seventh Street
　　　　　　　　　　　　　　　　　Minneapolis, MN 55402
　　　　　　　　　　　　　　　　　Phone: (612) 766-7000
　　　　　　　　　　　　　　　　　Fax: (612) 766-1600
　　　　　　　　　　　　　　　　　Email: bridget.ahmann@faegrebd.com


　　　　　　　　　　　　　　　　　**Counsel for Defendants 3M Company**
　　　　　　　　　　　　　　　　　**and Arizant Healthcare Inc.**

---

Order will entitle Defendants to request a dismissal of plaintiff's action with prejudice in accordance with Fed. R. Civ. P. 25(a).").