IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

IN RE: BAIR HUGGER FORCED AIR          MDL No.: 15-md-02666 (JNE/FLN)
WARMING PRODUCT LIABILITY
LITIGATION

This Document Relates To:

PRISCILLA RICHEY,

                                                  Civil Action No.: 17-CV-05323-JNE-FLN

            Plaintiff,
_____

### PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO DISMISS

NOW COMES Plaintiff Priscilla Richey, by and through undersigned counsel, and files this Response to Defendants' Motion to Dismiss for Failure to Comply with Pretrial Order No. 23 [Dkt. 1356]. Plaintiff respectfully requests for this Court to deny Defendants motion for the following reasons:

### BACKGROUND

In April of 2018, Counsel for the Plaintiff learned that Plaintiff had recently passed away. Based on information obtained, Counsel believed that Plaintiff died on April 6, 2018 and Plaintiff's Suggestion of Death was due on July 5, 2018, 90 days from the date of death. On July 3, 2018 Plaintiff's counsel performed an obituary search online and discovered that the actual date of death was March 30, 2018. Plaintiff's Counsel immediately filed a Suggestion of Death on July 3, 2018. Plaintiff respectfully request the Court to deny Defendants' Motion to Dismiss for the 3-day tardiness of filing a suggestion of death in that

there is no prejudice to the Defendants and a dismissal of the decedent's claims would be extreme.

## **ARGUMENT**

Plaintiff's Counsel did not learn of Plaintiff's actual date of death until 3 days after the required 90-day deadline. For the Court to dismiss Plaintiff's claims with prejudice would be an unduly harsh result given the circumstances.

A dismissal with prejudice "is a drastic sanction that should be exercised sparingly." *Pardee v. Stock*, 712 F.2d 1290, 1292 (8th Cir.1983). Plaintiff's noncompliance with Pretrial Order 23(A) was not willful or in bad faith, and a dismissal with prejudice would be extreme. A dismissal with prejudice "should be used only in cases of willful disobedience of a court order or where a litigant exhibits a pattern of intentional delay." *Hunt v. City of Minneapolis*, 203 F. 3d 524, 527 (8th Cir. 2000); *see also Hutchins v. A.G. Edwards & Sons, Inc.*., 116F.3d 1256, 1260; *Mann v. Lewis*, 108 F.3d 145, 147 (8th Cir. 1997) (quoting *Givens v. A.H. Robins Co.*, 751 F.2d 261, 263 (8th Cir. 1984)). In *Givens v. A.H. Robins Co.*, the court reversed a dismissal with prejudice where the litigants only transgression was failure to comply with a discovery deadline. *Givens*, 751 F.2d 264, 264 (8th Cir. 1984). The court reasoned that dismissal with prejudice was disproportionate to this act of noncompliance. *Id.*

Here, Plaintiff's only transgression is that the suggestion of death was filed 93-days from the date of client's death, only 3 days after the 90-day time period mandated by Pretrial Order 23. Plaintiff's actions do not constitute as willful disobedience. Total extinction of Plaintiff's cause of action would be disproportionate to this unintentional act of noncompliance with Pretrial Order 23.

2

Further, "an action should be dismissed with prejudice 'only after balancing the policy of giving the plaintiff [his or her] day in court against [the] policies of preventing undue delay, avoiding court congestion, and preserving respect for court procedures." *Omaha Indian Tribe v. Tract I-Blackbird Bend Area*, 933 F.2d 1462, 1468 (8th Cir.) (*quoting Garrison v. International Paper Co.*, 714 F.2d 757, 760 (8th Cir. 1983)); *see also Moore v. St. Louis Music Supply Co., Inc.*, 539 F.2d 1191, 1193 (8th Cir. 1976); *Navarro v. Chief of Police, Des Moines, Iowa*, 523 F.2d 214,217 (8th Cir. 1975).

Plaintiff has not caused an undue delay and there is absolutely no prejudice to Defendants with the suggestion of death being filed 3 days late. There is no delay or prejudice because unlike standard litigation, this case differs because it is filed in the MDL. Since this case is not a bellwether selection, there are no discovery deadlines which would have been delayed by filing the suggestion of death 3 days late. Under these circumstances, it cannot be said that Plaintiff willfully refused to comply with this Court's order. A dismissal with prejudice for filing a suggestion of death 3-days late would be a harsh consequence, and forever deny Plaintiff's day in court.

## **CONCLUSION**

For the foregoing reasons, undersigned counsel respectfully requests that the Plaintiff's claims not be dismissed with prejudice pursuant to Pretrial Order 23.

Dated: July 19, 2018                     KENNEDY HODGES, LLP

                                     By: /s/ David W. Hodges
                                     David W. Hodges
                                     dhodges@kennedyhodges.com
                                     Gabriel A. Assaad
                                     gassaad@kennedyhodges.com
                                     4409 Montrose Blvd. Ste 200
                                     Houston, TX 77006
                                     Telephone: (713) 523-0001
                                     Facsimile: (713) 523-1116

                                     ATTORNEYS FOR PLAINTIFF