IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

| | |
|---|---|
| IN RE: BAIR HUGGER FORCED AIR WARMING PRODUCT LIABILITY LITIGATION | MDL No.: 15-md-02666 (JNE/FLN) |
| This Document Relates To: | |
| RAY LISTER, | |
| | Civil Action No.: 17-CV-04336-JNE-FLN |
| Plaintiff, | |

_____

### PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO DISMISS

NOW COMES Plaintiff Ray Lister, by and through undersigned counsel, and files this Response to Defendants' Motion to Dismiss for Failure to Comply with Pretrial Order No. 23 [Dkt. 1356]. Plaintiff respectfully requests for the Court to deny Defendants motion for the following reasons:

### BACKGROUND

Plaintiff passed away on January 20, 2018. Plaintiff filed a Suggestion of Death on April 6, 2018. Since January 30, 2018, Plaintiff's Counsel has made attempts to contact Mr. Lister's heirs to obtain the information necessary to substitute Plaintiff and proceed with his case. Plaintiff respectfully requests the Court deny Defendants motion to dismiss with prejudice for the failure to file a motion for substitution in that there is no prejudice to the Defendants and a dismissal of the decedents claims would be extreme.

## ARGUMENT

Since learning of Plaintiff's death, Counsel has taken the necessary steps to determine and contact Plaintiff's heirs to proceed with his case. Counsel has not been successful establishing contact with Plaintiff's heirs. However, Counsel is optimistic the heirs will eventually be contacted and able to comply with Pretrial Order 23. For the Court to dismiss Plaintiff's claims with prejudice would be an unduly harsh result given the circumstances.

A dismissal with prejudice "is a drastic sanction that should be exercised sparingly." *Pardee v. Stock*, 712 F.2d 1290, 1292 (8th Cir.1983). Plaintiff's noncompliance with the Pretrial Order 23(A) was not willful or in bad faith, and a dismissal with prejudice would be extreme. A dismissal with prejudice "should be used only in cases of willful disobedience of a court order or where a litigant exhibits a pattern of intentional delay." *Hunt v. City of Minneapolis*, 203 F. 3d 524, 527 (8th Cir. 2000); *see also Hutchins v. A.G. Edwards & Sons, Inc.*, 116F.3d 1256, 1260; *Mann v. Lewis*, 108 F.3d 145, 147 (8th Cir. 1997) (quoting *Givens v. A.H. Robins Co.*, 751 F.2d 261, 263 (8th Cir. 1984)). In *Givens v. A.H. Robins Co.*, the court reversed a dismissal with prejudice where the litigants only transgression was failure to comply with a discovery deadline. *Givens*, 751 F.2d 264, 264 (8th Cir. 1984). The court reasoned that dismissal with prejudice was disproportionate to this act of noncompliance. *Id.*

Further, "an action should be dismissed with prejudice 'only after balancing the policy of giving the plaintiff [his or her] day in court against [the] policies of preventing undue delay, avoiding court congestion, and preserving respect for court procedures." *Omaha Indian Tribe v. Tract I-Blackbird Bend Area*, 933 F.2d 1462, 1468 (8th Cir.) (*quoting Garrison v. International Paper Co.*, 714 F.2d 757, 760 (8th Cir. 1983)); *see also Moore v. St. Louis*

*Music Supply Co., Inc.*, 539 F.2d 1191, 1193 (8th Cir. 1976); *Navarro v. Chief of Police, Des Moines, Iowa*, 523 F.2d 214, 217 (8th Cir. 1975).

Plaintiff has not caused an undue delay and there is absolutely no prejudice to Defendants. There is no delay or prejudice because unlike standard litigation, this case differs because it is filed in the MDL. This case is not a bellwether selection, and there are no discovery deadlines which would have been delayed by not have a new party substituted at this time. Plaintiff's heirs are likely not aware that Plaintiff has a suit pending in federal court. Therefore, Plaintiff's Counsel requests additional time to take all measures to contact Plaintiff's heirs to determine how to proceed with his case. Total extinction of Plaintiff's cause of action would be disproportionate for noncompliance with Pretrial Order 23. A dismissal with prejudice would be a harsh consequence and forever deny Plaintiff's day in court.

## **CONCLUSION**

For the foregoing reasons, undersigned counsel respectfully requests that the Plaintiff's claims not be dismissed with prejudice pursuant to Pretrial Order 23 and an additional ninety (90) days be given for Counsel to contact Plaintiff's heirs to determine how to proceed with this matter and provide the necessary information to file a Motion for Substitution of Plaintiff.

Dated: July 19, 2018										K<small>ENNEDY</small> H<small>ODGES</small>, LLP

By: /s/ David W. Hodges
David W. Hodges
dhodges@kennedyhodges.com
Gabriel A. Assaad
gassaad@kennedyhodges.com
4409 Montrose Blvd. Ste 200
Houston, TX 77006
Telephone: (713) 523-0001
Facsimile: (713) 523-1116

A<small>TTORNEYS FOR</small> P<small>LAINTIFF</small>