UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: BAIR HUGGER FORCED AIR WARMING DEVICES PRODUCTS LIABILITY LITIGATION | MDL No. 15-2666 (JNE/DTS) |
| | ORDER |

This Document Relates To:
Case Nos.:  17-cv-02524 (*Koors v. 3M Co., et al.*)
17-cv-03014 (*Jenkins v. 3M Co., et al.*)
17-cv-03022 (*Hoyos v. 3M Co., et al.*)
17-cv-03305 (*Brainerd v. 3M Co., et al.*)
17-cv-03464 (*Witt v. 3M Co., et al.*)
17-cv-03616 (*Hoerbert v. 3M Co., et al.*)
17-cv-03899 (*Pimentel v. 3M Co., et al.*)
17-cv-04041 (*Gibson v. 3M Co., et al.*)
17-cv-04169 (*Hurley v. 3M Co., et al.*)
17-cv-04285 (*Nickell v. 3M Co., et al.*)
17-cv-04467 (*Adams v. 3M Co., et al.*)
17-cv-04476 (*Holstine v. 3M Co., et al.*)
17-cv-04872 (*Grimsley v. 3M Co., et al.*)
17-cv-05323 (*Richey v. 3M Co., et al.*)
17-cv-05581 (*Berzsenyi v. 3M Co., et al.*)
17-cv-05589 (*Bardwell v. 3M Co., et al.*)
18-cv-00078 (*Gottfried v. 3M Co., et al.*)
18-cv-00080 (*Harris v. 3M Co., et al.*)
18-cv-00154 (*Coleman v. 3M Co., et al.*)
18-cv-00184 (*Proffit v. 3M Co., et al.*)
18-cv-00207 (*Guenther v. 3M Co., et al.*)
18-cv-00257 (*Patrick v. 3M Co., et al.*)
18-cv-00263 (*Robinson v. 3M Co., et al.*)
18-cv-00275 (*Owens v. 3M Co., et al.*)

---

Defendants 3M Company and Arizant Healthcare, Inc. ("Defendants") moved to dismiss the above-captioned member cases in the *Bair Hugger* MDL for failure to comply with Pretrial Order No. 14 ("PTO 14"), MDL ECF No. 117. Mot. to Dismiss, MDL ECF No. 1316.

Defendants later withdrew the motion as to nine member cases: 17-cv-04476 (*Holstine v. 3M Co., et al.*), 18-cv-00078 (*Gottfried v. 3M Co., et al.*), 18-cv-00080

(*Harris v. 3M Co., et al.*), 18-cv-00154 (*Coleman v. 3M Co., et al.*), 18-cv-00184 (*Proffit v. 3M Co., et al.*), 17-cv-03616 (*Hoerbert v. 3M Co., et al.*), 18-cv-00207 (*Guenther v. 3M Co., et al.*), 18-cv-00275 (*Owens v. 3M Co., et al.*), and 17-cv-04169 (*Hurley v. 3M Co., et al.*). Plaintiff Audrey Koors (17-cv-02524) stipulated to dismissal with prejudice. ECF No. 6. The Court reserves decision as to 17-cv-4285 (*Nickell v. 3M Co., et al.*) and 18-cv-00263 (*Robinson v. 3M Co., et al.*), which the Court will hear at the status conference next month. For the reasons below, Defendants' motion to dismiss as to the remaining cases is granted in part and denied in part.

## BACKGROUND

PTO 14 requires a plaintiff to complete and serve a Plaintiff Fact Sheet ("PFS") in lieu of interrogatories. MDL ECF No. 117. PFSs are typical in MDLs and help to streamline discovery. But PFSs are only helpful if all parties follow the procedures governing PFSs. It is therefore important and fair to enforce the bright-light procedures on PFSs in PTO 14.

Under PTO 14, plaintiffs must complete and serve a verified PFS within 90 days of the filing of their complaint or short-form complaint, or the transfer of their case to this MDL proceeding, whichever is later. *Id.* ¶ 2. The PFS must contain no core deficiencies, as defined in PTO 14. *Id.* ¶ 4. If a plaintiff fails to serve a verified PFS with no core deficiencies, PTO 14 directs Defendants to send notice of the alleged failure to the plaintiff. *Id.* ¶¶ 4–5. The plaintiff then has three weeks to respond. *Id.* ¶ 6. If the alleged failure remains unresolved following this meet-and-confer process, Defendants may place the case on the court conference agenda. *Id.* ¶ 7. Defendants may then move

for dismissal for failure to comply with PTO 14 if the case appears on the court conference agenda for two successive court conferences without resolution. *Id.* ¶ 8. In short, PTO 14 affords multiple chances to cure noncompliance and warns plaintiffs that noncompliance may result in dismissal.

Defendants now allege that they have complied with the foregoing requirements, that Plaintiffs' cases have appeared on two successive court conference agendas, and that Plaintiffs have either served no PFS or served a PFS with uncured core deficiencies. Accordingly, Defendants request dismissal for failure to comply with PTO 14.

## LEGAL STANDARD

The Court may dismiss a case when a plaintiff fails to prosecute or comply with a court order. Fed. R. Civ. P. 41(b). Such dismissal may be with prejudice when "the plaintiff has engaged in a pattern of intentional delay." *First Gen. Res. Co. v. Elton Leather Corp.*, 958 F.2d 204, 206 (8th Cir. 1992). This pattern exists where a plaintiff fails to comply with a court order despite multiple opportunities for compliance and the Court's warning that noncompliance may result in dismissal. *Id.* Failure to comply with PTO 14 thus warrants dismissal with prejudice, as PTO 14 affords multiple opportunities for compliance and warns of dismissal.

## DISCUSSION

I. Plaintiffs who did not respond to the motion.

The following Plaintiffs declined to oppose the motion to dismiss: Teresa Hoyos (17-cv-03022), Jeremiah and Jennifer Brainerd (17-cv-03305), Lisa Gibson (17-cv-04041), Robert Berzsenyi (17-cv-05581), Doris Bardwell (17-cv-05589), and Marvin

3

Patrick (18-cv-00257). The Court grants the motion as to these Plaintiffs and dismisses them with prejudice for failure to prosecute and failure to comply with PTO 14. *See* Fed. R. Civ. P. 41(b).

II.     Plaintiffs who have not responded to counsels' attempts to complete a PFS.

Plaintiffs Barbara Jenkins (17-cv-03014) and Alan Witt (17-cv-03464) do not dispute that they failed to comply with PTO 14. Instead, counsel for these Plaintiffs filed a response (1) detailing failed attempts to enlist Plaintiffs' cooperation in completing a PFS and (2) requesting additional time to contact Plaintiffs to complete the PFS. MDL ECF Nos. 1332, 1336. These Plaintiffs thus do not oppose Defendants' motion to dismiss. *See* Dismissal Order 2, MDL ECF No. 622 (concluding that Plaintiffs failed to oppose Defendants' motion to dismiss for noncompliance with PTO 14 when counsel for Plaintiffs simply filed responses chronicling "unsuccessful attempts to enlist [Plaintiffs'] cooperation").

Counsel for Plaintiff Daniel Grimsley (17-cv-04872) filed a response stating that Mr. Grimsley passed away in December of 2017 before completing the PFS. Counsel explained that Mr. Grimsley's wife intends to proceed with the case, but counsel has been unable to enlist her cooperation in moving for substitution and in completing the PFS. MDL ECF No. 1339.

PTO 14 warned Plaintiffs that noncompliance would result in dismissal. PTO 14 also gave Plaintiffs multiple chances to cure noncompliance. Plaintiffs did not. The Court therefore dismisses Plaintiffs Jenkins and Witt with prejudice, and Plaintiff

Grimsley without prejudice, for failure to comply with PTO 14 and for failure to prosecute under Rule 41(b).

III.     The motion is denied as to Plaintiffs Adams, Pimentel, and Richey.

Plaintiff Artis Adams (17-cv-04467) filed a response explaining that he has filed two prior PFSs, but he concedes that they "lack[] information deemed to be 'core.'" MDL ECF No. 1351. He asserts that the complexity of his medical history has made it difficult to gather the information needed to complete the PFS. *Id.* He requests a 90-day extension to cure deficiencies. The Court grants a 60-day extension and, on that basis, denies the motion without prejudice as to Plaintiff Adams.

Counsel for Plaintiff Carlos Pimentel (17-cv-03899) filed a response chronicling prior attempts to cure PFS deficiencies: Plaintiff Pimentel filed a PFS, Defendants alleged deficiencies, Plaintiff Pimentel filed an amended PFS, and Defendants again alleged deficiencies. MDL ECF No. 1347. Counsel has since been unable to contact Plaintiff Pimentel to complete the PFS and requests a 90-day extension to do so. The Court grants this 90-day extension and denies the motion without prejudice as to Plaintiff Pimentel.

Counsel for Plaintiff Priscilla Richey (17-cv-05323) filed a response indicating that Plaintiff Richey has passed away. Counsel requests additional time to "contact the appropriate heir" "to determine how to proceed" and provide a completed PFS. MDL ECF No. 1330. To allow additional time, the Court denies the motion without prejudice as to Plaintiff Richey.

5

## **CONCLUSION**

Based on the files, records, and proceedings herein, IT IS ORDERED THAT:

1. Defendants' Motion to Dismiss for Failure to Comply with Pretrial Order No. 14 ("the Motion") [ECF No. 1316] is GRANTED IN PART and DENIED IN PART as stated below.

2. The following cases are DISMISSED WITH PREJUDICE: 17-cv-03022 (*Hoyos v. 3M Co., et al.*), 17-cv-03305 (*Brainerd v. 3M Co., et al.*), 17-cv-04041 (*Gibson v. 3M Co., et al.*), 17-cv-05581 (*Berzsenyi v. 3M Co., et al.*), 17-cv-05589 (*Bardwell v. 3M Co., et al.*), 18-cv-00257 (*Patrick v. 3M Co., et al.*), 17-cv-03014 (*Jenkins v. 3M Co., et al.*), and 17-cv-03464 (*Witt v. 3M Co., et al.*).

3. 17-cv-04872 (*Grimsley v. 3M Co., et al.*) is DISMISSED WITHOUT PREJUDICE.

4. Consistent with the above opinion, the Motion is DENIED WITHOUT PREJUDICE as to the following cases: 17-cv-04467 (*Adams v. 3M Co., et al.*), 17-cv-03899 (*Pimentel v. 3M Co., et al.*), and 17-cv-05323 (*Richey v. 3M Co., et al.*).

Dated: July 23, 2018

s/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge
