UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: Bair Hugger Forced Air Warming Products Liability Litigation | MDL No. 15-2666 (JNE/FLN) |
| This Document Relates To: *Bellande*, 16-cv-02700-JNE-FLN | **DEFENDANTS' REPLY TO PLAINTIFF BELLANDE'S OPPOSITION TO 1ST MOTION TO DISMISS CASES FOR FAILURE TO COMPLY WITH PRETRIAL ORDER NO. 23 AND/OR FED. R. CIV. P. 25(a)** |

Plaintiff Louis Bellande died on December 22, 2017. Under the clear terms of Pretrial Order No. 23, the suggestion of his death was required to be filed by April 8, 2018. *See* PTO 23(A). In their response to Defendants' motion to dismiss, Mr. Bellande's counsel respond that they were informed of Mr. Bellande's death on April 17, 2018. Even after learning of Mr. Bellande's death, they did not file a suggestion of death until almost 2 months later, on June 15, 2018. Because PTO 23's requirements were not satisfied, Mr. Bellande's complaint should be dismissed with prejudice. *See* PTO 23(E) ("Plaintiff's failure to comply with provisions A, B or C of this Order will entitle Defendants to request a dismissal of a plaintiff's action with prejudice in accordance with Fed. R. Civ. P. 25(a)").

## ARGUMENT

Plaintiffs argue that their failure to comply with PTO 23 should be excused because they were not aware of Mr. Bellande's death until more than 90 days after his death, and

1

so could not file a timely suggestion of death. The argument misses the point of PTO 23, which requires a suggestion of death to be filed 90 days from a plaintiff's death, not from the time counsel become aware of the death. This distinction was made and endorsed by the Court at the status conference in December 2017, where Plaintiffs argued that a 30-day deadline (the initial deadline proposed by Defendants) for a suggestion of death was unreasonably short:

> MR. HULSE: Here's a thought about that, and I'm sympathetic to that. My suggestion would be to make it 60 days instead of 30. And here's the reason why I still think it should be based on the death and not the notice. If we weren't in an MDL, then the plaintiffs' counsel would be in more regular contact with their clients. Here, because we're in an MDL, if we don't require plaintiffs' counsel to be checking in from time to time, we're just going to end up in the same situation where they're not in contact for a year with their clients, and we really haven't fixed the problem. So we'd be fine with 60 days instead of 30. That gives a window for plaintiffs' counsel to check in bimonthly with their clients, which seems like a reasonable expectation to us.
>
> THE COURT: *There are ways to monitor*.
> . . .
>
> THE COURT: All right. It will be 90 days from the date of death. Plaintiffs' counsel files a suggestion of death following which the Rule 25 procedures kick in.
>
> MS. ZIMMERMAN: Thank you, Your Honor.

12/21/17 Status Conf. Tr. at 38:22-40:16 (emphasis added).

The 90-day time allowance for suggestions for death was a middle-ground: it provided significantly more time for filing suggestions of death than had been proposed by Defendants, while also obligating Plaintiffs' counsel to monitor case files and communicate with their clients. The consequences for not doing so were clear: if the

PTO 23 deadlines were not met, the case would be dismissed with prejudice. In this case, Plaintiff has not provided any good cause to excuse the missed deadlines.

Plaintiffs further argue that Mr. Bellande's claims should not be dismissed because their "unintentional act of noncompliance with Pretrial Order 23" does not constitute willful disobedience or bad faith. Nowhere in PTO 23 does the Court state that dismissal will be the consequence only for willful disobedience. The purpose of the Order is to facilitate an efficient MDL process with fair but firm deadlines. Plaintiffs cite several cases declining to dismiss where a plaintiff has missed a deadline; however, all of the cases have a fundamental difference—they lack a clear court order, like PTO 23, where the penalty for noncompliance is dismissal.[1]

Indeed, where there is a case management order specifying that dismissal with prejudice is the consequence for noncompliance, courts follow through and enforce those orders. *See, e.g.*, *Wallace v. Novartis Pharms. Corp.*, 984 F. Supp. 2d 377, 383 (M.D. Pa. 2013) (dismissing claim with prejudice where a motion to substitute was not filed within 90 days of suggestion of death, and the case management order expressly authorized the defendant to move to dismiss with prejudice); see also *McDaniel v. Novartis Pharms.*

---

[1] Plaintiffs cite *Hunt v. City of Minneapolis*, 203 F. 3d 524, 527 (8th Cir. 2000); *Hutchins v. A.G. Edwards &Sons, Inc.*, 116 F.3d 1256, 1260; *Mann v. Lewis*, 108 F.3d 145, 147 (8th Cir. 1997) (*quoting Givens v. A.H. Robins Co.*, 751 F.2d 261, 263 (8th Cir. 1984)). In both *Hunt* and *Hutchins*, the 8th Cir. upheld the district court's dismissal of claims for failure to obey court orders, reasoning that a district court has the power to dismiss a litigant's cause of action when the litigant fails to comply with the court's orders, *see* Fed.R.Civ.P. 41(b). In all three cases, including *Mann*, there were no court orders that specifically called for dismissal with prejudice for failure to comply, which distinguishes them from the current case.

3

*Corp.*, 2012 WL 32608, at *4 (W.D. Ark. 2012) (dismissal with prejudice was appropriate for violation of case management order on substitution procedures). Plaintiff has omitted relevant caselaw in favor of less applicable cases to prove their point.

Plaintiffs further argue that there is no prejudice to Defendants. Plaintiffs cite to cases stating that a decision to dismiss a case with prejudice should be a balance between giving Plaintiff his or her day in court, preventing undue delay, and respecting court procedures. This Court conducted this exact balancing act when it issued PTO 23.

At bottom, if Plaintiffs are excused from satisfying the requirements of PTO 23, we will be right back where we were before PTO 23 was entered. Plaintiffs' counsel will have no obligation to maintain regular contact with their clients, and to file suggestions of death and substitutions when they please. Defendants and the Court will not know which plaintiffs are alive and which are deceased. This type of situation would never be countenanced in an individual case, and it should not be countenanced merely because these cases are consolidated in an MDL. *See Kaubisch v. Weber*, 408 F.3d 540, 542 (8th Cir. 2005) (affirming dismissal of case where motion to substitute was filed approximately two months late, even though plaintiff had an explanation).

## CONCLUSION

For these reasons, plaintiff Louis Bellande's claims should be dismissed with prejudice as provided by PTO 23(E).

Dated: July 24, 2018                Respectfully submitted,

 /s/ Benjamin W. Hulse
Jerry W. Blackwell (MN #186867)
Benjamin W. Hulse (MN #0390952)
Mary S. Young (MN #0392781)
BLACKWELL BURKE P.A.
431 South Seventh Street, Suite 2500
Minneapolis, MN 55415
Phone: (612) 343-3248
Fax: (612) 343-3205
Email: blackwell@blackwellburke.com
      bhulse@blackwellburke.com
      myoung@blackwellburke.com

Bridget M. Ahmann (MN #016611x)
FAEGRE BAKER DANIELS LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
Phone: (612) 766-7000
Fax: (612) 766-1600
Email: bridget.ahmann@faegrebd.com

**Counsel for Defendants 3M Company and Arizant Healthcare Inc.**