UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: BAIR HUGGER FORCED AIR WARMING DEVICES PRODUCTS LIABILITY LITIGATION | MDL No. 15-2666 (JNE/DTS) ORDER |
| This Document Relates To: Case Nos.:  17-cv-1078 (*Julio Ramirez v. 3M Co.*) 17-cv-3056 (*Ruth Goodpaster v. 3M Co.*) 17-cv-3068 (*David Henderson v. 3M Co.*) 16-cv-2144 (*Pearlie Partlow v. 3M Co.*) 16-cv-4159 (*Ada Trombley v. 3M Co.*) 17-cv-459 (*Terry Arnold v. 3M Co.*) 17-cv-511 (*Nancy Axline v. 3M Co.*) | |

The Judicial Panel on Multidistrict Litigation transfers cases "involving one or more common questions of fact" to a transferee court "for coordinated or consolidated pretrial proceedings." 28 U.S.C. § 1407. Unless the MDL transferee court terminates a transferred case, every case transferred "shall be remanded by the panel at or before the conclusion of such pretrial proceedings." *Id.* The MDL transferee court, therefore, cannot preside over the trial of a case that would otherwise be remanded to a different district under § 1407. *In re DePuy Orthopaedics, Inc.*, 870 F.3d 345, 348 (5th Cir. 2017). But the MDL transferee court "can try a case where venue is improper if the parties waive their objections." *Id.* These are called "Lexecon waivers." *Id.*; *see Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26 (1998).

The above-captioned Plaintiffs filed Lexecon waivers consenting to trial in the District of Minnesota. MDL ECF No. 1113. This allowed Plaintiffs to become potential second bellwethers for this MDL. After the verdict in the first bellwether trial of this MDL, Plaintiffs tried to retract their Lexecon waivers. Defendants 3M Company and Arizant Healthcare, Inc. ("Defendants") objected. MDL ECF No. 1282. For the reasons below, the Court finds that Plaintiffs' Lexecon waiver retractions are invalid.

## LEGAL STANDARD

Few courts have addressed the validity of retractions of Lexecon waivers. But every court to do so agrees that a party may retract a Lexecon waiver only for "good cause." *See, e.g.*, *In re Zimmer Durom Hip Cup Prods. Liab. Litig.*, MDL No. 2158, 2015 WL 5164772, at *3 (D.N.J. Sept. 1, 2015) (stating that "the retraction of [a Lexecon] waiver requires a showing of good cause"); *In re Fosamax Prods. Liab. Litig.*, 06MD1789, 2011 WL 1584584, at *2 (S.D.N.Y. Apr. 27, 2011) (permitting retraction of Lexecon waiver "only upon a 'showing of good cause such as fraud, collusion, mistake or duress, or [where] the agreement is unconscionable or contrary to public policy, or the text of the agreement suggests an ambiguity indicating that the words did not fully and accurately represent the parties' agreement'" (citation omitted)); *In re Fosamax Prods. Liab. Litig.*, 815 F. Supp. 2d 649, 653 (S.D.N.Y. 2011) (same).[1]

---

[1] At the Status Conference before the Court on July 19, 2018, Plaintiffs argued that *In re DePuy Orthopaedics, Inc.*, 870 F.3d 345 (5th Cir. 2017) supports the retraction of their Lexecon waivers. But in *In re DePuy Orthopaedics*, the Fifth Circuit held that the district court abused its discretion in finding the existence of Lexecon waivers. *Id.* at 348 (stating that a "majority holds . . . that so-called *Lexecon* objections were not waived and that the district court abused its discretion in finding waiver"). The court said nothing about grounds for retracting existing Lexecon waivers. *In re DePuy Orthopaedics* is thus irrelevant.

2

## DISCUSSION

Plaintiffs in the following cases cite no reason for the retraction of their Lexecon waivers: 17-cv-1078 (*Julio Ramirez v. 3M Co.*), ECF No. 10; 17-cv-3056 (*Ruth Goodpaster v. 3M Co.*), ECF No. 11; 17-cv-3068 (*David Henderson v. 3M Co.*), ECF No. 10.  Their retractions are therefore invalid as unsupported by good cause.

The remaining Plaintiffs all provide identical reasons for retraction.  First, they cite "the Court's ruling in the *Gareis* matter choosing the law of a plaintiff's state of residence rather than Minnesota law as the substantive law to be applied to plaintiff's claims, amongst other ruling."  16-cv-2144 (*Pearlie Partlow v. 3M Co.*), ECF No. 9; 16-cv-4159 (*Ada Trombley v. 3M Co.*), ECF No. 10; 17-cv-459 (*Terry Arnold v. 3M Co.*), ECF No. 10; 17-cv-511 (*Nancy Axline v. 3M Co.*), ECF No. 12.  Plaintiffs allege that these rulings have "collectively resulted in a material difference in the posture of the case" and, on that basis, Plaintiffs seek to retract their Lexecon waivers.  *Id.*  Second, Plaintiffs declare that the "waiver[s were] made without consideration."  *Id.*  Third, Plaintiffs claim that, although included in the bellwether pool, their cases have "not been selected as . . . trial pick[s] and no additional motion practice or depositions have occurred to move the case[s] forward."  *Id.*  Fourth, Plaintiffs assert that "Defendants have never affirmatively waived *Lexecon*."  *Id.*

This is not enough.  As to the first reason, Plaintiffs mention no grounds for reasonably expecting a contrary choice-of-law ruling, making it unclear why Plaintiffs believe that the choice-of-law ruling caused a "material difference" in the case.  And it is

unclear what "other rulings" caused a "material difference in the posture of the case." This uncertainty prevents the Court from finding good cause for retraction. Regardless, it is unlikely that a "material difference in the posture of the case" even amounts to "good cause" for retraction. If it did, any MDL party who disliked a court's rulings could simply issue a Lexecon retraction and undo months of work performed in reliance on the Lexecon waiver. The prospect of these unilateral retractions would undermine the bellwether trial process.

Second, Plaintiffs cite no authority for their claim that a lack of consideration justifies retraction of a Lexecon waiver. At any rate, consideration clearly exists— Plaintiffs waived venue objections in exchange for moving to the front of the line to try their cases. Again, no good cause exists for retraction.

Third, Plaintiffs seem to argue that retraction would not unduly inconvenience the parties and the Court. This is wrong. The *Bair Hugger* MDL has progressed for the past few months in reliance on Plaintiffs' Lexecon waivers. Changing course now would waste the resources expended in advancing the current list of Bellwethers and would delay the more than 4,500 cases in this MDL by many months.

Fourth, Plaintiffs again cite no authority for their contention that Defendants' failure to file a Lexecon waiver justifies the retraction of Plaintiffs' Lexecon waivers. At the Status Conference on July 19, 2018, Defendants argued that it is unclear whether Defendants must file a Lexecon waiver given that Defendants reside in Minnesota, but if a Lexecon waiver is required, Defendants agreement to try the bellwether cases in Minnesota constitutes a Lexecon waiver. The Court agrees.

Accordingly, the Court finds that the above-captioned Plaintiffs failed to provide good cause to retract their Lexecon waivers.  The attempted retractions are invalid.

**IT IS SO ORDERED.**

Dated: July 25, 2018

                                                    s/ Joan N. Ericksen
                                                    JOAN N. ERICKSEN
                                                    United States District Judge