# EXHIBIT 1

# VERIFICATION

Pursuant to 28 U.S.C. § 1746, I declare under the penalty of perjury that all of the information provided in this Fact Sheet is true and correct to the best of my knowledge.

John Dethlefsen Jr.
Print Name

*[signature]*
Signature

03-13-2017
Date

# EXHIBIT 2

K.  If you claim any loss from medical expenses, copies of all bills from any physician, hospital, pharmacy, or other healthcare provider.

L.  Decedent's death certificate (if applicable).

## VERIFICATION

Pursuant to 28 U.S.C. § 1746, I declare under the penalty of perjury that all of the information provided in this Fact Sheet is true and correct to the best of my knowledge.

_Charlene Gobble_
Print Name

_2/20/17_
Signature

_Charlene Gobble_
Date

_____
Print Name
(Loss of Consortium Plaintiff)

_____
Signature

_____
Date

-22-

# EXHIBIT 3

K.  If you claim any loss from medical expenses, copies of all bills from any physician, hospital, pharmacy, or other healthcare provider.

L.  Decedent's death certificate (if applicable).

## **VERIFICATION**

Pursuant to 28 U.S.C. § 1746, I declare under the penalty of perjury that all of the information provided in this Fact Sheet is true and correct to the best of my knowledge.

_CHARLES CARL TORO_
Print Name

_[signature]_
Signature

_16 JUN 2017_
Date

_ROSEMARIE FERNANDEZ TORO_
Print Name
(Loss of Consortium Plaintiff)

_[signature]_
Signature

_6/16/17_
Date

# EXHIBIT 4

K. If you claim any loss from medical expenses, copies of all bills from any physician, hospital, pharmacy, or other healthcare provider.

L. Decedent's death certificate (if applicable).

## VERIFICATION

Pursuant to 28 U.S.C. § 1746, I declare under the penalty of perjury that all of the information provided in this Fact Sheet is true and correct to the best of my knowledge.

RICHARD R. NUGENT SR.
Print Name

*[signature]*
Signature

_____
Date

_____
Print Name
(Loss of Consortium Plaintiff)

_____
Signature

_____
Date

# EXHIBIT 5



# BLACKWELL BURKE P.A.

Benjamin W. Hulse
Direct Dial: 612-343-3256
E-Mail: bhulse@blackwellburke.com

June 22, 2018

**VIA EMAIL AND U.S. MAIL**
Daniel A. Nigh
Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, P.A
316 South Baylen St. Suite 400
Pensacola, Florida 32502
dnigh@levinlaw.com

    Re:    *In re Bair Hugger Forced Air Warming Devices Products Liability Litigation*
             MDL No. 2666 – Deficiencies in Amended Plaintiff Fact Sheet
             *Ewing v. 3M Company et al* Case No.: 0:17-cv-04967-JNE-FLN

Dear Counsel:

We are in receipt of the amended Plaintiff Fact Sheet (PFS) for the above-captioned matter. The PFS still has core deficiencies, as set forth in the enclosed report.

Paragraph 4 of Pretrial Order No. 14 defines core deficiencies as "a lack of response to all questions in Section I, Section II, and Section III; Section IV, questions 1, 3, 7, 8, 9, 10; Section V, questions 5, 6, and 7; Section VI, questions 1, 3, 6, 7, 8, and 9; Section VII, questions 1 and 2; Section 8, question 2; Section IX, questions 1, 3, and 4, or lack of signed medical authorizations." Paragraph 3 further requires a signed verification.

In addition, the instructions on the PFS form prohibit leaving spaces blank and provide as follows: "If a question is not applicable to you, please state 'Not Applicable' or 'N/A.'" In our review, many deficiencies resulted from a plaintiff leaving one or more spaces blank.

Pursuant to paragraph 6 of PTO 14, within 3 weeks of the date of this letter, you must respond in writing by either (1) curing the deficiencies (by serving a further revised, verified PFS through Plaintiffs' portal); (2) disputing the deficiencies and setting forth the reasons the PFS is not deficient; or (3) explaining why the deficiencies cannot be timely cured. When serving a revised, verified PFS through Plaintiff's portal, you do not need to resubmit documents that were previously served with the original PFS. This is the final deficiency notice for this matter.

Sincerely,

s/ Benjamin W. Hulse

Benjamin W. Hulse

cc: Plaintiffs' Co-Lead Counsel
Enclosure

| Plaintiffs' Last Name | Ewing |
|---|---|
| Plaintiffs' First Name | Kelly |
| Case No. | 0:17-cv-04967 |
| Section I (Case Information) | |
| Section I - Incomplete Questions | |
| Section II (Personal Information) | Incomplete |
| Section II - Incomplete Questions | 10 |
| Section III (Surgery Information) | Incomplete |
| Section III - Incomplete Questions | 01, 02 |
| Section IV - 1 (Vital Statistics) | |
| Section IV - 3 (Healthcare Providers) | |
| Section IV - 7 (Pharmacies/Drugstores) | Incomplete |
| Section IV - 8 (Dental Procedures) | |
| Section IV - 9 (Tobacco) | |
| Section IV - 10 (Drug/Alcohol) | |
| Section V - 4 (Disability Claims) | |
| Section V - 5 (Lawsuits) | |
| Section V - 6 (Bankruptcy) | |
| Section VI - 1 (Physical Injury) | |
| Section VI - 3 (Emotional Distress) | Incomplete |
| Section VI - 6 (Warnings) | |
| Section VI - 7 (3M/Arizant Communications) | |
| Section VI - 8 (3M/Arizant Warranty) | |
| Section VI - 9 (Augustine) | |
| Section VII - 1 (Lost Past Wages) | |
| Section VII - 2 (Lost Future Wages) | |
| Section VIII - 2 (Verbal/Written Statement) | |
| Section IX - 1 (Consortium Name etc.) | |
| Section IX - 3 (Residences) | |
| Section IX - 4 (Married) | |
| X.01 - Signed Authorization | |
| X.02.d - Documents - Signed Verification | |
| I.03.b - Plaintiffs' Counsel's Firm | Levin, Papantonio, Thomas, Mitchell, Rafferty, Proctor P.A. |
| I.03.e - Plaintiffs' Counsel's Email | dnigh@levinlaw.com |



| KIMBERLY LAMBERT ADAMS | RACHAEL R. GILMER | MIKE PAPANTONIO | OF COUNSEL: |
| BRIAN H. BARR | FREDRIC G. LEVIN | CHRISTOPHER G. PAULOS | LAURA S. DUNNING |
| MICHAEL C. BIXBY | MARTIN H. LEVIN | EMMIE J. PAULOS | *(LICENSED ONLY IN ALABAMA)* |
| M. ROBERT BLANCHARD | ROBERT M. LOEHR | A. RENEE PRESTON | BEN W. GORDON, JR. |
| BRANDON L. BOGLE | STEPHEN A. LUONGO | ROBERT E. PRICE | ARCHIE C. LAMB, JR. |
| W. TROY BOUK | M. JUSTIN LUSKO | MARK J. PROCTOR | PAGE A. POERSCHKE |
| WESLEY A. BOWDEN | NEIL E. McWILLIAMS, JR. | TROY A. RAFFERTY | *(LICENSED ONLY IN ALABAMA)* |
| VIRGINIA M. BUCHANAN | CLAY MITCHELL | MATTHEW D. SCHULTZ | CHRISTOPHER V. TISI |
| WILLIAM F. CASH III | PETER J. MOUGEY | W. CAMERON STEPHENSON | *(LICENSED IN WASHINGTON, D.C.* |
| JEFF GADDY | DANIEL A. NIGH | THOMAS A. TAYLOR | *AND MARYLAND)* |
| REBECCA D. GILLILAND | TIMOTHY M. O'BRIEN | LEO A. THOMAS | |
| *(LICENSED ONLY IN ALABAMA)* | | BRETT VIGODSKY | LEFFERTS L. MABIE, JR. (1925-1996) |
| | | | D.L. MIDDLEBROOKS (1926-1997) |
| | | | DAVID H. LEVIN (1928-2002) |
| | | | STANLEY B. LEVIN (1938-2009) |

June 27, 2018

RECEIVED
JUL 0 2 2018
BY: CK

**VIA REGULAR MAIL AND E-MAIL**

Benjamin W. Hulse
Blackwell Burke P.A
431 South Seventh Street.
Suite 2500
Minneapolis, MN 55415
bhulse@blackwellburke.com

  Re: *In re Bair Hugger Forced Air Warming Devices Products Liability Litigation*
     MDL No. 2666 – Deficiencies in Plaintiff Fact Sheet for Individual Case
     *Kelly Ewing v. 3M Company*, Case No.: 0:17-cv-04967-JNE-FLN

Dear Counsel:

  Pursuant to paragraph 6 of PTO 14, please see the attached documentation to cure deficiencies for the above captioned matter.

          Sincerely,

          Daniel A. Nigh

DAN/aw

Enclosure

Response to Deficiencies

*Kelly Ewing v. 3M Company*, Case No.: 0:17-cv-04967-JNE-FLN

**Pursuant to paragraph 4 of PTO 14, "Within four (4) weeks of receipt of a PFS, Defendants shall notify the individual Plaintiff's counsel of any core deficiencies…"**

**Plaintiff submitted her signed PFS electronically via the portal on December 15, 2017. With regards to PTO 14, plaintiff objects to this deficiency as it has been 194 days since she has submitted her PFS.**

# EXHIBIT 6

```
 1                     UNITED STATES DISTRICT COURT
                          DISTRICT OF MINNESOTA
 2
     ----------------------------------------------------------
 3                                      )
        In Re: Bair Hugger Forced Air   )  File No. 15-MD-2666
 4      Warming Devices Products        )         (JNE/FLN)
        Liability Litigation            )
 5                                      )
                                        )  Minneapolis, Minnesota
 6                                      )  March 12, 2018
                                        )  10:37 a.m.
 7                                      )
                                        )  DIGITAL RECORDING
 8                                      )
     ----------------------------------------------------------
 9
                  BEFORE THE HONORABLE FRANKLIN L. NOEL
10           UNITED STATES DISTRICT COURT MAGISTRATE JUDGE
                            (MOTION HEARING)
11
     APPEARANCES
12     For the Plaintiffs:          MESHBESHER & SPENCE
                                    Genevieve M. Zimmerman, ESQ.
13                                  1616 Park Avenue
                                    Minneapolis, MN 55404
14
       For the Defendant:           BLACKWELL BURKE P.A.
15                                  Mary S. Young, ESQ.
                                    Benjamin Hulse, ESQ.
16                                  Peter J. Goss, ESQ.
                                    431 South Seventh Street
17                                  Suite 2500
                                    Minneapolis, MN 55415
18
       Court Reporter:              STACI A. HEICHERT
19                                  RDR, CRR, CRC
                                    1005 U.S. Courthouse
20                                  300 South Fourth Street
                                    Minneapolis, Minnesota 55415
21

22         Proceedings recorded by mechanical stenography;
       transcript produced by computer.
23

24

25


                     STACI A. HEICHERT, RDR, CRR, CRC
                              (612) 664-5105
```

1    B-A-E-R, on the medical record, and the challenge is
2    essentially there's unspecific Bair Hugger confirmation.  So
3    not that there isn't a check mark but it doesn't say Bair
4    Hugger, but from what we can see, it was misspelled.
5            THE COURT:  But as I understand it, part of the
6    defendant's objections here are that the plaintiff is
7    supposed to do more than look to see that there's a check
8    mark that says Bair Hugger was used, that you're supposed to
9    have some evidence before they even have to go back and
10   produce evidence to show that the Bair Hugger was or wasn't
11   used in the particular case, and they're saying that you've
12   not done that, you've just come up with another check the
13   box thing.
14           MS. ZIMMERMAN:  Well, respectfully, Your Honor, I
15   think that, from the plaintiffs' perspective, in vetting a
16   case prior to filing it for Rule 11 purposes, once a
17   plaintiff -- or the plaintiffs' attorney sees on the medical
18   record that a Bair Hugger box is checked, between that
19   medical record confirmation and also what we know about the
20   merit -- the Bair Hugger market share , we certainly think
21   that there has been a due diligence that supports that Bair
22   Hugger was used in the particular surgery.
23           So, for example, if Mr. Anderson were my client
24   and I saw Bair Hugger checked on his anesthesia record
25   B-A-E-R, I would think that was a Bair Hugger use.  The fact

1               MS. ZIMMERMAN:  Yes, Your Honor.  I understand
2    that to be defendant's position.  I think that that imposes
3    a burden on the plaintiffs that is not imposed by the
4    Federal Rules of Civil Procedure.  The plaintiffs have a
5    good faith when they see that the record is indeed checked.
6    There's certainly people that are going above and beyond
7    that whenever they can to get an affidavit or declaration
8    either from the risk manager or a facilities manager or
9    sometimes the treating physicians, but these cases have been
10   going on, and the treatment, in many instances, are -- is
11   many years ago.  Some of the hospitals just don't have the
12   time or the staff or the willingness to submit to legal, you
13   know, form filling out, at this point, and/or the people
14   just aren't there anymore.  I mean, the case we're getting
15   ready to try, that surgery was, you know, almost eight years
16   ago now; it was in 2010.  So the issue is that going back to
17   figure out what was actually used in the kind of way that I
18   think the defendants are contemplating or hearing the Court
19   to require to resolve any and all ambiguity is really
20   imposing a burden above and beyond the burden that the
21   plaintiffs accept.
22              THE COURT:  But it's the burden that is
23   established by our experience with this case, right?  I
24   mean, clearly you've -- you can't sue somebody and hold them
25   liable for something they had nothing to do with.  So if it

1   was an ABC machine that was used, not a Bair Hugger.
2              MS. ZIMMERMAN:  Absolutely.
3              THE COURT:  3M is not responsible for that.
4              MS. ZIMMERMAN:  Absolutely.
5              THE COURT:  And you can't sue them for it and you
6   can't haul them into court and make them go to trial.
7              MS. ZIMMERMAN:  Absolutely, Your Honor.
8   Plaintiffs agree.  But I think that the issue, though, is
9   that the way that the proof of product issue has been
10  painted in this court is different than what we believe the
11  facts really reflect of the six bellwether nominations that
12  we started to work up.  There was only one where there was a
13  real proof of product issue and that was the Scar case that
14  nobody knew until we got to a deposition.  So and given the
15  timeframe that's outlined in Pre-trial Order 24, we
16  can't -- we don't believe that the Court assumed that the
17  parties were going to go depose every one of the treating
18  facilities to figure out and resolve any and all ambiguity.
19  That just wouldn't have been feasible.
20             THE COURT:  No, but I do think what the Court
21  anticipated that the plaintiffs' lawyers, and it's the whole
22  panoply of lawyers, not just and your committee but whoever
23  has got these cases, was going to do more than just look at
24  the record that you already got and see if there's a
25  checkbox, that you're going to do something to ascertain