UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: Bair Hugger Forced Air Warming Products Liability Litigation<br><br>This Document Relates To:<br><br>*Bellande et al.*, 16-cv-02700-JNE-FLN<br>*Colon*, 16-cv-00985-JNE-FLN<br>*Perkins*, 17-cv-01049-JNE-FLN<br>*Nickell et al.*, 17-cv-4285-JNE-FLN<br>*Grimsley*, 17-cv-04872-JNE-FLN<br>*Andrews*, 17-cv-03276-JNE-FLN<br>*Lister*, 17-cv-4336-JNE-FLN<br>*Rich et al.*, 16-cv-02631-JNE-FLN<br>*Richey*, 17- cv-5323-JNE-FLN<br>*Smith et al.*, 17- cv-2889-JNE-FLN<br>*Steele*, 17-cv-1262-JNE-FLN | MDL No. 15-2666 (JNE/FLN)<br><br>**DEFENDANTS' COMBINED REPLY IN SUPPORT OF THEIR 1ST AND 2ND MOTIONS TO DISMISS CASES FOR FAILURE TO COMPLY WITH PRETRIAL ORDER NO. 23 AND/OR FED. R. CIV. P. 25(a)** |

The cases brought by plaintiffs Colon, Perkins, Andrews, Lister, Rich, Richey and Smith should be dismissed with prejudice as provided by Pretrial Order 23(E). No opposition to Defendants' motion has been filed by counsel for Colon, Andrews, and Rich and their cases remain noncompliant with PTO 23. Counsel for Perkins, Lister, Richey and Smith have filed opposition briefs, but they do not establish good cause for this Court to exonerate their cases from PTO 23.[1]

---

[1] The other cases subject to Defendants' two motions are not addressed here. Plaintiffs Nickell and Grimsley have been dismissed pursuant to stipulation and the Court's order, respectively. *See* 17-cv-4285, ECF No. 10 and 17-4872, ECF No. 9. Defendants filed a separate reply brief addressing plaintiff Bellande. Defendants have agreed to withdraw their motion as to plaintiff Steele.

# ARGUMENT

### A.  Plaintiffs Colon, Andrews and Rich Have Not Opposed Defendants' Motion and Should Therefore Be Dismissed.

Defendants moved to dismiss plaintiffs Wayne Colon and Larry Andrews in their first motion to dismiss. Both plaintiffs' oppositions briefs were due on July 24, 2018. Neither plaintiff filed any opposition. This Court gave Mr. Andrews' proposed substitute plaintiff, his daughter Summer Price, until June 10, 2018 to be designated Andrews' representative and to be substituted pursuant to Federal Rule of Civil Procedure 25(a)(1), but she failed to file any response. Order, ECF No. 15. Because the Court did not have any indication that the Georgia probate court had appointed Price as Andrews' representative, on July 11, 2018, this Court denied Mr. Andrews' motion to substitute. Order, ECF No. 16. Accordingly, the case cannot proceed further.

In their second motion, Defendants moved to dismiss plaintiff Jimmy Lee Rich and his spouse because no motion to substitute has been filed within the 90-day deadline. No opposition has been filed. Instead, counsel for the Riches moved to dismiss their case without prejudice. Dismissal should be granted, but it should be *with* prejudice as provided by PTO 23(E). Furthermore, Ms. Rich's claim for loss of consortium is derivative and cannot survive the dismissal of Mr. Rich's claim.[2] *See Teschner v. Physicians Radiology*, 761 S.W.2d 665, 667 (Mo. Ct. App. 1988) (". . .plaintiff's right to recover for loss of consortium of his spouse is derivative only. . .").

---

[2] In their Memorandum, Defendants incorrectly identified the Riches' home as New Jersey.

2

### B. The Responses Filed by Counsel for Perkins, Lister, Richey and Smith Do Not Justify Preserving Their Claims.

Counsel for plaintiff Rosetta Perkins filed a "Response to Order to Show Cause" [sic] in response to Defendants' motion to dismiss. 17-cv-01049, ECF No. 9. They state that they have reach out to two of Ms. Perkins' heirs, that one has indicated that she is no longer interested in pursuing this claim, and the other has not maintained contact with counsel. They further state that they will notify the Court if they "learn of any affirmative actions taken by any potential heir to establish the proper legal recourse necessary to continue this action, during the pendency of this Rule to Show Cause Order." Holding substitution in indefinite abeyance, as they request, would violate the requirements Rule 25 and PTO 23. The case should be dismissed.

Counsel for plaintiffs Smith[3] and Richey do not deny that they violated PTO 23's requirements but argue that they did not learn about the plaintiff's passing until after the deadline to file a suggestion of death had passed. This does not excuse the violation. PTO 23 provides a clear, simple rule: it requires a suggestion of death to be filed 90 days from a plaintiff's death, not from the time counsel become aware of the death. This distinction was made and endorsed by the Court at the status conference in December 2017, where Plaintiffs argued that a 30-day deadline (the initial deadline proposed by Defendants) for a suggestion of death was unreasonably short:

---

[3] Defendants previously misidentified the Smiths' home state, which is actually New Jersey. Loss of consortium claims are derivative in New Jersey. *See Reiff v. Convergent Techs.*, 957 F. Supp. 573, 584 (D.N.J. 1997) ("Because this Court has granted defendant's summary judgment on each of Mrs. Reiff's claims, Mr. Reiff, as her husband, has no foundation from which to derive a loss of consortium claim.").

3

>    MR. HULSE: Here's a thought about that, and I'm sympathetic to that. My suggestion would be to make it 60 days instead of 30. And here's the reason why I still think it should be based on the death and not the notice. If we weren't in an MDL, then the plaintiffs' counsel would be in more regular contact with their clients. Here, because we're in an MDL, if we don't require plaintiffs' counsel to be checking in from time to time, we're just going to end up in the same situation where they're not in contact for a year with their clients, and we really haven't fixed the problem. So we'd be fine with 60 days instead of 30. That gives a window for plaintiffs' counsel to check in bimonthly with their clients, which seems like a reasonable expectation to us.
>
>    THE COURT: *There are ways to monitor*.
>    . . .
>
>    THE COURT:  All right.  It will be 90 days from the date of death.  Plaintiffs' counsel files a suggestion of death following which the Rule 25 procedures kick in.
>
>    MS. ZIMMERMAN:  Thank you, Your Honor.

12/21/17 Status Conf. Tr. at 38:22-40:16 (emphasis added). The 90-day time allowance for suggestions for death was a middle-ground: it provided significantly more time for filing suggestions of death than had been proposed by Defendants, while also obligating plaintiffs' families and counsel to stay in communication with each other.  The consequences for not doing so were clear: if the PTO 23 deadlines were not met, the case would be dismissed with prejudice.

Similarly, counsel for plaintiff Lister argue that their noncompliance with PTO 23(A) was "not willful or in bad faith," but PTO 23 does not make willful disobedience or bad faith a precondition for dismissal.  The cases they cite lack an equivalent to PTO 23 – an order where the express consequence of noncompliance is dismissal with prejudice.  Where there is a case management order specifying that dismissal with prejudice is the consequence for noncompliance, courts follow through and enforce those orders.  *See, e.g.,*

4

*Wallace v. Novartis Pharms. Corp.*, 984 F. Supp. 2d 377, 383 (M.D. Pa. 2013) (dismissing claim with prejudice where a motion to substitute was not filed within 90 days of suggestion of death, and the case management order expressly authorized the defendant to move to dismiss with prejudice); *see also McDaniel v. Novartis Pharms. Corp.*, 2012 WL 32608, at *4 (W.D. Ark. 2012) (dismissal with prejudice was appropriate for violation of case management order on substitution procedures).

Lister's counsel further argue that there is no prejudice to Defendants in permitting late motions to substitute, and that the purported lack of prejudice should be balanced against the severity of the violation. This Court already conducted this balancing when it issued PTO 23. If Plaintiffs are excused from satisfying the requirements of PTO 23, they will be able to file suggestions of death and substitutions when they please, imposing an unwarranted administrative burden on the Court and Defendants. This type of situation would never be countenanced in an individual case, and it should not be countenanced merely because these cases are consolidated in an MDL. *See Kaubisch v. Weber*, 408 F.3d 540, 542 (8th Cir. 2005) (affirming dismissal of case where motion to substitute was filed approximately two months late, even though plaintiff had an explanation).

## CONCLUSION

The claims of plaintiffs Colon, Perkins, Andrews, Lister, Rich, Richey and Smith should be dismissed with prejudice as provided by PTO 23(E).

Dated: July 31, 2018			Respectfully submitted,


  /s/ Benjamin W. Hulse
Jerry W. Blackwell (MN #186867)
Benjamin W. Hulse (MN #0390952)
Mary S. Young (MN #0392781)
BLACKWELL BURKE P.A.
431 South Seventh Street, Suite 2500
Minneapolis, MN 55415
Phone: (612) 343-3248
Fax: (612) 343-3205
Email: blackwell@blackwellburke.com
       bhulse@blackwellburke.com
       myoung@blackwellburke.com

Bridget M. Ahmann (MN #016611x)
FAEGRE BAKER DANIELS LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
Phone: (612) 766-7000
Fax: (612) 766-1600
Email: bridget.ahmann@faegrebd.com

**Counsel for Defendants 3M Company and Arizant Healthcare Inc.**

6