# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

In re: BAIR HUGGER FORCED AIR
WARMING DEVICES PRODUCTS
LIABILITY LITIGATION

MDL No. 15-2666 (JNE/DTS)

This Document Relates to:
Case Nos.:
17-cv-02925 *(Zimmerman v. 3M Co., et al.)*
17-cv-03252 *(Gorbett v. 3M Co., et al.)*
17-cv-03501 *(Smith v. 3M Co., et al.)*
17-cv-03554 *(Cyr v. 3M Co., et al.)*
17-cv-03563 *(Opperman v. 3M Co., et al.)*
17-cv-03573 *(Parker v. 3M Co., et al.)*
17-cv-03696 *(Hickman v. 3M Co., et al.)*
17-cv-03718 *(Seymore v. 3M Co., et al.)*
17-cv-03952 *(Pratt v. 3M Co., et al.)*
17-cv-04009 *(Rude v. 3M Co., et al.)*
17-cv-04257 *(Coggins v. 3M Co., et al.)*
17-cv-04327 *(Robertson v. 3M Co., et al.)*
17-cv-04328 *(Robertson v. 3M Co., et al.)*
17-cv-04385 *(Erdman v. 3M Co., et al.)*
17-cv-04433 *(Greene v. 3M Company)*
17-cv-04470 *(Ingram v. 3M Co., et al.)*
17-cv-04517 *(Henderson v. 3M Co., et al.)*
17-cv-04654 *(Keith v. 3M Co., et al.)*
17-cv-04677 *(Resendez v. 3M Co., et al.)*
17-cv-04752 *(Hyer v. 3M Co., et al.)*
17-cv-04777 *(Pine v. 3M Co., et al.)*
17-cv-04778 *(Brown v. 3M Co., et al.)*
17-cv-04779 *(Key v. 3M Co., et al.)*
17-cv-04845 *(Murray v. 3M Co., et al.)*
17-cv-04881 *(Potter v. 3M Co., et al.)*
17-cv-04885 *(McEvoy v. 3M Co., et al.)*
17-cv-04889 *(Thornton v. 3M Co., et al.)*
17-cv-04891 *(Edwards v. 3M Co., et al.)*
17-cv-05123 *(Robinson-Bessicks v. 3M Co., et al.)*
17-cv-05261 *(Hardy v. 3M Co., et al.)*
17-cv-05270 *(Johnston v. 3M Co., et al.)*
17-cv-05277 *(Billings v. 3M Co., et al.)*

17-cv-05323 *(Richey v. 3M Co., et al.)*
\17-cv-05370 *(Taplin v. 3M Co., et al.)*
17-cv-05371 *(Bresnock v. 3M Co., et al.)*
17-cv-05472 *(Jones v. 3M Co., et al.)*
18-cv-00045 *(Swales v. 3M Co., et al.)*
18-cv-00437 *(McCullough v. 3M Co., et al.)*
18-cv-00444 *(Garrison v. 3M Co., et al.)*
18-cv-00527 *(Morgan v. 3M Co., et al.)*
18-cv-00609 *(Larrison v. 3M Co., et al.)*
18-cv-00617 *(Hayes v. 3M Co., et al.)*
18-cv-00641 *(Rhew v. 3M Co., et al.)*

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' THIRTEENTH MOTION TO DISMISS FOR FAILURE TO COMPLY WITH PRETRIAL ORDER NO. 14

Pursuant to the Court's Pretrial Order No. 14 ("PTO 14"), entered September 27, 2016, Defendants 3M Company and Arizant Healthcare Inc. (collectively, "Defendants") respectfully move the Court to dismiss the following plaintiffs' cases for failure to comply with PTO 14:

| Case Number | Plaintiff | Firm Name |
|---|---|---|
| 0:17-cv-02925-JNE-DTS | Zimmerman | The Olinde Firm, LLC |
| 0:17-cv-03252-JNE-DTS | Gorbett | Bernstein Liebhard LLP |
| 0:17-cv-03501-JNE-DTS | Smith | Kennedy Hodges, L.L.P. |
| 0:17-cv-03554-JNE-DTS | Cyr | DeGaris & Rogers, LLC |
| 0:17-cv-03563-JNE-DTS | Opperman | Kennedy Hodges, L.L.P. |
| 0:17-cv-03573-JNE-DTS | Parker | Bernstein Liebhard LLP |
| 0:17-cv-03696-JNE-DTS | Hickman | Kennedy Hodges, L.L.P. |
| 0:17-cv-03718-JNE-DTS | Seymore | Kennedy Hodges, L.L.P. |
| 0:17-cv-03952-JNE-DTS | Pratt | Brent Coon & Associates |
| 0:17-cv-04009-JNE-DTS | Rude | Bernstein Liebhard LLP |
| 0:17-cv-04257-JNE-DTS | Coggins | Kennedy Hodges, L.L.P. |

| | | |
|---|---|---|
| 0:17-cv-04327-JNE-DTS | Robertson | Randall J. Trost, P.C. |
| 0:17-cv-04328-JNE-DTS | Robertson[1] | Randall J. Trost, P.C. |
| 0:17-cv-04385-JNE-DTS | Erdman | Brown & Crouppen, P.C. |
| 0:17-cv-04433-JNE-DTS | Greene | Levin, Papantonio, Thomas, Mitchell, Rafferty, Proctor P.A. |
| 0:17-cv-04470-JNE-DTS | Ingram | Bernstein Liebhard LLP |
| 0:17-cv-04517-JNE-DTS | Henderson | Bernstein Liebhard LLP |
| 0:17-cv-04654-JNE-DTS | Keith | Brown & Crouppen, P.C. |
| 0:17-cv-04677-JNE-DTS | Resendez | Brown & Crouppen, P.C. |
| 0:17-cv-04752-JNE-DTS | Hyer | Gustafson Gluek PLLC |
| 0:17-cv-04777-JNE-DTS | Pine | Bernstein Liebhard LLP |
| 0:17-cv-04778-JNE-DTS | Brown | Bernstein Liebhard LLP |
| 0:17-cv-04779-JNE-DTS | Key | Kennedy Hodges, L.L.P. |
| 0:17-cv-04845-JNE-DTS | Murray | Kirtland & Packard, LLP |
| 0:17-cv-04881-JNE-DTS | Potter | Bernstein Liebhard LLP |
| 0:17-cv-04885-JNE-DTS | McEvoy | Bernstein Liebhard LLP |
| 0:17-cv-04889-JNE-DTS | Thornton | Bernstein Liebhard LLP |
| 0:17-cv-04891-JNE-DTS | Edwards | Bernstein Liebhard LLP |
| 0:17-cv-05123-JNE-DTS | Robinson-Bessicks | Kirtland & Packard, LLP |
| 0:17-cv-05261-JNE-DTS | Hardy | Bernstein Liebhard LLP |
| 0:17-cv-05270-JNE-DTS | Johnston | Bernstein Liebhard LLP |
| 0:17-cv-05277-JNE-DTS | Billings | Bernstein Liebhard LLP |
| 0:17-cv-05323-JNE-DTS | Richey[2] | Kennedy Hodges, L.L.P. |

[1] Mr. Robertson has filed two consecutive cases against Defendants. The duplicative filing has been raised with Mr. Robertson's counsel several times beginning on October 16, 2017, but has not been addressed to date. Because Mr. Robertson has failed to comply with PTO 14 in both matters, dismissal is appropriate. However, in the event the present motion is denied as to both cases, Defendants would ask that the Court have them consolidated. *See* Fed. R. Civ. P. 42(a)(2).

[2] Defendants previously sought dismissal of this matter for failure to comply with PTO 14, and the Court denied the Motion without prejudice. *See* Dkt. No. 1376. Because Plaintiff

| 0:17-cv-05370-JNE-DTS | Taplin | Bernstein Liebhard LLP |
| 0:17-cv-05371-JNE-DTS | Bresnock | Bernstein Liebhard LLP |
| 0:17-cv-05472-JNE-DTS | Jones | Johnson Becker, PLLC |
| 0:18-cv-00045-JNE-DTS | Swales | Bernstein Liebhard LLP |
| 0:18-cv-00437-JNE-DTS | McCullough | Davis & Crump, P.C. |
| 0:18-cv-00444-JNE-DTS | Garrison | Davis & Crump, P.C. |
| 0:18-cv-00527-JNE-DTS | Morgan | Davis & Crump, P.C. |
| 0:18-cv-00609-JNE-DTS | Larrison | Davis & Crump, P.C. |
| 0:18-cv-00617-JNE-DTS | Hayes | Schlichter, Bogard & Denton, LLP |
| 0:18-cv-00641-JNE-DTS | Rhew | Morris Law Firm |

As set forth below, there are three (3) categories of cases where plaintiffs have failed to serve a Plaintiff Fact Sheet ("PFS") compliant with the requirements set forth by the Court in PTO 14: (a) cases where no PFS has been served by plaintiff; (b) cases where plaintiff served a PFS with core deficiencies, and failed to cure them or otherwise respond to Defendants' first or second deficiency letter; and (c) cases where plaintiff served a PFS with core deficiencies, and failed to cure them after Defendants' third deficiency letter. Defendants placed the above cases on the agenda for two sequential Court status conferences, and dismissal with prejudice is therefore appropriate under PTO 14, ¶ 8.

## **ARGUMENT**

The Court's Pretrial Order No. 14, entered September 27, 2016, sets forth the protocol for the form and service of the PFS, signed medical authorization, and supporting

---

still has not cured the deficiencies, Defendants renew their request for dismissal as part of this Motion.

4

documents in cases filed in and transferred to this proceeding.  Under PTO 14, a plaintiff whose case was pending on the date of the order was required to serve a completed and signed PFS, medical authorization, and supporting documents within 90 days of the date of the order. PTO 14, ¶ 2.  For a plaintiff whose case was transferred after the date of the order, the due date for service of these same documents is 90 days after the filing of the plaintiff's complaint or completion of the transfer to this proceeding, whichever is later. *Id*.  All PFSs must be verified by the individual plaintiff under oath.  *See* PTO 14, ¶ 3.

Once a PFS has been served, defendants have four (4) weeks from receipt within which to notify plaintiff's counsel of any core deficiencies to the PFS, "defined as a lack of response to all questions in Section I, Section II, and Section III; Section IV, questions 1, 3, 7, 8, 9, 10; Section V, questions 5, 6, and 7; Section VI, questions 1, 3, 6, 7, 8, and 9; Section VII, questions 1 and 2; Section 8, question 2; Section IX, questions 1, 3, and 4; or lack of signed medical authorizations."  PTO 14, ¶ 4.

If defendants timely serve a letter outlining the deficiencies to the PFS, plaintiff's counsel is required to respond in writing within three (3) weeks of the date of service by: "(1) curing the alleged deficiencies; (2) disputing the alleged deficiencies and setting forth reasons the PFS is not deficient; or (3) explaining why the alleged deficiencies cannot be timely cured."  PTO 14, ¶ 6.

Cases where there are disputes concerning PFS deficiencies requiring the Court's attention may be placed on the Court's status conference agenda.  PTO 14, ¶ 7.  Should a case appear on the agenda for two (2) sequential status conferences, "Defendants may make

a motion for dismissal for failure to comply with this Court's Pretrial Order as to the allegedly delinquent party." PTO 14, ¶ 8.

### A. Cases Where No PFS Has Been Served

In this motion, Defendants seek dismissal of the following six (6) cases where plaintiffs failed to serve the PFS as required by PTO 14 and, to date, remain delinquent:

| Case Number | Plaintiff | Date Filed | PFS Due Date | Firm Name |
|---|---|---|---|---|
| 0:18-cv-00437-JNE-DTS | McCullough | 2/14/2018 | 5/15/2018 | Davis & Crump, P.C. |
| 0:18-cv-00444-JNE-DTS | Garrison | 2/15/2018 | 5/16/2018 | Davis & Crump, P.C. |
| 0:18-cv-00527-JNE-DTS | Morgan | 2/23/2018 | 5/24/2018 | Davis & Crump, P.C. |
| 0:18-cv-00609-JNE-DTS | Larrison | 3/02/2018 | 5/31/2018 | Davis & Crump, P.C. |
| 0:18-cv-00617-JNE-DTS | Hayes | 3/02/2018 | 5/31/2018 | Schlichter, Bogard & Denton, LLP |
| 0:18-cv-00641-JNE-DTS | Rhew | 3/07/2018 | 6/05/2018 | Morris Law Firm |

### B. Cases Where a PFS Was Served with Core Deficiencies, and Plaintiff Failed to Cure or Otherwise Respond to Defendants' Deficiency Letter

Additionally, Defendants are seeking dismissal of the following twenty-four (24) cases where: (1) plaintiffs each submitted a PFS that contained core deficiencies, (2) Defendants notified plaintiffs of the core deficiencies,[3] and (3) plaintiffs failed to cure or otherwise respond to the Defendants' first and/or second deficiency letter:

------

[3] *See* Declaration of Benjamin W. Hulse ("Hulse Decl."), Ex. A (Deficiency letters sent to Plaintiffs listed in Part B).

| Case Number | Plaintiff | Deficiency Letter Sent | Firm Name |
|---|---|---|---|
| 0:17-cv-03252-JNE-DTS | Gorbett | 5/07/2018 | Bernstein Liebhard LLP |
| 0:17-cv-03573-JNE-DTS | Parker | 5/07/2018 | Bernstein Liebhard LLP |
| 0:17-cv-03696-JNE-DTS | Hickman | 4/27/2018 | Kennedy Hodges, L.L.P. |
| 0:17-cv-04009-JNE-DTS | Rude | 5/07/2018 | Bernstein Liebhard LLP |
| 0:17-cv-04257-JNE-DTS | Coggins | 4/27/2018 | Kennedy Hodges, L.L.P. |
| 0:17-cv-04470-JNE-DTS | Ingram | 5/07/2018 | Bernstein Liebhard LLP |
| 0:17-cv-04517-JNE-DTS | Henderson | 5/07/2018 | Bernstein Liebhard LLP |
| 0:17-cv-04752-JNE-DTS | Hyer | 5/04/2018 | Gustafson Gluek PLLC |
| 0:17-cv-04777-JNE-DTS | Pine | 5/07/2018 | Bernstein Liebhard LLP |
| 0:17-cv-04778-JNE-DTS | Brown | 4/17/2018 | Bernstein Liebhard LLP |
| 0:17-cv-04779-JNE-DTS | Key | 4/27/2018 | Kennedy Hodges, L.L.P. |
| 0:17-cv-04881-JNE-DTS | Potter | 5/07/2018 | Bernstein Liebhard LLP |
| 0:17-cv-04885-JNE-DTS | McEvoy | 5/07/2018 | Bernstein Liebhard LLP |
| 0:17-cv-04889-JNE-DTS | Thornton | 5/07/2018 | Bernstein Liebhard LLP |
| 0:17-cv-04891-JNE-DTS | Edwards | 4/17/2018 | Bernstein Liebhard LLP |
| 0:17-cv-05123-JNE-DTS | Robinson-Bessicks | 5/10/2018 | Kirtland & Packard, LLP |
| 0:17-cv-05261-JNE-DTS | Hardy | 4/17/2018 | Bernstein Liebhard LLP |
| 0:17-cv-05270-JNE-DTS | Johnston | 4/17/2018 | Bernstein Liebhard LLP |
| 0:17-cv-05277-JNE-DTS | Billings | 4/17/2018 | Bernstein Liebhard LLP |
| 0:17-cv-05323-JNE-DTS | Richey | 4/16/2018 | Kennedy Hodges, L.L.P. |
| 0:17-cv-05370-JNE-DTS | Taplin | 5/07/2018 | Bernstein Liebhard LLP |
| 0:17-cv-05371-JNE-DTS | Bresnock | 5/07/2018 | Bernstein Liebhard LLP |
| 0:17-cv-05472-JNE-DTS | Jones | 5/17/2018 | Johnson Becker, PLLC |
| 0:18-cv-00045-JNE-DTS | Swales | 5/07/2018 | Bernstein Liebhard LLP |

To comply with PTO 14, each plaintiff was required to respond to Defendants' deficiency letter by either curing or disputing the deficiencies, or explaining why the deficiencies could not be cured. *See* PTO 14, ¶ 6. Plaintiffs above failed to respond to Defendants' deficiency letters, and numerous core deficiencies remain uncured. *See attached* Addendum 1 (outlining PFS core deficiencies for each plaintiff in Part B).

### C. Cases Where a PFS Was Served with Core Deficiencies, and Plaintiff Failed to Cure Following Defendants' Third Deficiency Letter

Lastly, Defendants are seeking dismissal of the following thirteen (13) cases where: (1) plaintiffs each served an original PFS, (2) Defendants notified plaintiffs of the core deficiencies on three separate occasions, and (3) plaintiffs failed to cure the core deficiencies identified in Defendants' third (and final) deficiency letters:[4]

| Case Number | Plaintiff | Third Deficiency Letter Sent | Firm Name |
|---|---|---|---|
| 0:17-cv-02925-JNE-DTS | Zimmerman | 4/24/2018 | The Olinde Firm, LLC |
| 0:17-cv-03501-JNE-DTS | Smith | 5/02/2018 | Kennedy Hodges, L.L.P. |
| 0:17-cv-03554-JNE-DTS | Cyr | 4/11/2018 | DeGaris & Rogers, LLC |
| 0:17-cv-03563-JNE-DTS | Opperman | 5/02/2018 | Kennedy Hodges, L.L.P. |
| 0:17-cv-03718-JNE-DTS | Seymore | 4/27/2018 | Kennedy Hodges, L.L.P. |
| 0:17-cv-03952-JNE-DTS | Pratt | 4/25/2018 | Brent Coon & Associates |
| 0:17-cv-04327-JNE-DTS | Robertson | 4/24/2018 | Randall J. Trost, P.C. |
| 0:17-cv-04328-JNE-DTS | Robertson | 4/24/2018 | Randall J. Trost, P.C. |
| 0:17-cv-04385-JNE-DTS | Erdman | 4/18/2018 | Brown & Crouppen, P.C. |

---

[4]*See* Hulse Decl., Ex. B (Third Deficiency Letters Sent to Plaintiffs Listed in Part C).

| 0:17-cv-04433-JNE-DTS | Greene | 4/25/2018 | Levin, Papantonio, Thomas, Mitchell, Rafferty, Proctor P.A. |
|---|---|---|---|
| 0:17-cv-04654-JNE-DTS | Keith | 5/09/2018 | Brown & Crouppen, P.C. |
| 0:17-cv-04677-JNE-DTS | Resendez | 5/09/2018 | Brown & Crouppen, P.C. |
| 0:17-cv-04845-JNE-DTS | Murray | 5/17/2018 | Kirtland & Packard, LLP |

Defendants sent each plaintiff above three (3) deficiency letters providing notice of the outstanding core deficiencies in his or her PFS, and to date the core deficiencies have not be cured.  *See attached* Addendum 2 (outlining uncured core deficiencies remaining for each plaintiff in Part C).  Now that several months have passed since the Defendants' third deficiency letters were sent, it is appropriate to seek dismissal of these cases.

### D.  All Cases Were on the Agenda for Two (2) Sequential Status Conferences

Defendants placed before the Court the cases set forth above in Parts A, B, and C, for two sequential Court status conferences – the first on June 21, 2018, and the second on July 19, 2018.[5]  Consistent with the Court's recent orders dismissing with prejudice several plaintiffs' cases for failure to comply with PTO 14, the above cases are ripe for dismissal with prejudice under PTO 14, ¶ 8.

### E.  The Court Should Dismiss Plaintiffs' Cases with Prejudice

The Court's authority to dismiss these cases with prejudice is beyond question, and indeed was exercised by the Court recently in its orders entered December 18, 2017 [Dkt.

---

[5] *See* Hulse Decl., Ex. C (June 15, 2018 email from P. Goss to Court attaching Defendants' June PFS Lists 1, 2, and 3) and Ex. D (July 13, 2018 email from M. Young to Court attaching Defendants' July PFS Lists 1, 2, and 3).  Although the status conference was cancelled in June, the Court has previously deemed these PFS disputes "addressed to the Court and on the court conference agenda under [PTO 14.]"  *See* Dkt. No. 1222.

No. 1026], January 19, 2018 [Dkt. No. 1060], February 15, 2018 [Dkt. No. 1100], March 12, 2018 [Dkt. No. 1167], May 1, 2018 [Dkt. No. 1237], May 22, 2018 [Dkt. No. 1257], June 20, 2018 [Dkt. No. 1298], and July 24, 2018 [Dkt. No. 1376] (dismissing with prejudice multiple plaintiffs' cases for failure to comply with PTO 14).  The Court has made clear that "[e]ven for failures to respond, noncompliance with a court order can 'constitute[] a pattern of intentional delay meriting dismissal with prejudice' under Rule 41(b)."  *See* Order, (Dkt. No. 862), at 2 (internal citation omitted).  The Court further explained that PTO 14 required plaintiffs to respond to requests for information in the PFS in lieu of discovery, provided plaintiffs with the opportunity to cure any deficiencies, and "warned expressly of dismissal" should plaintiffs fail to comply.  *Id.*  Plaintiffs also were warned through the Court's prior orders dismissing with prejudice cases for failure to comply with PTO 14.  *Id.*  Accordingly, "if PTO 14's opportunity to cure has run, a plaintiff's continued noncompliance is a pattern of intentional delay" warranting dismissal with prejudice.  *Id.*

Plaintiffs identified above have failed to comply with PTO 14 by either failing to submit the required PFS (Part A cases), providing no response to Defendants' deficiency letters (Part B cases), or failing to cure deficiencies after service of Defendants' third deficiency letter (Part C cases).  Because all the cases identified above in Parts A, B, and C were listed on at least two sequential status conference agendas, "the opportunity to cure has run."  Accordingly, dismissal of these cases with prejudice is proper and appropriate.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court dismiss with prejudice the following cases:

| Case Number | Plaintiff | Firm Name |
|---|---|---|
| 0:17-cv-02925-JNE-DTS | Zimmerman | The Olinde Firm, LLC |
| 0:17-cv-03252-JNE-DTS | Gorbett | Bernstein Liebhard LLP |
| 0:17-cv-03501-JNE-DTS | Smith | Kennedy Hodges, L.L.P. |
| 0:17-cv-03554-JNE-DTS | Cyr | DeGaris & Rogers, LLC |
| 0:17-cv-03563-JNE-DTS | Opperman | Kennedy Hodges, L.L.P. |
| 0:17-cv-03573-JNE-DTS | Parker | Bernstein Liebhard LLP |
| 0:17-cv-03696-JNE-DTS | Hickman | Kennedy Hodges, L.L.P. |
| 0:17-cv-03718-JNE-DTS | Seymore | Kennedy Hodges, L.L.P. |
| 0:17-cv-03952-JNE-DTS | Pratt | Brent Coon & Associates |
| 0:17-cv-04009-JNE-DTS | Rude | Bernstein Liebhard LLP |
| 0:17-cv-04257-JNE-DTS | Coggins | Kennedy Hodges, L.L.P. |
| 0:17-cv-04327-JNE-DTS | Robertson | Randall J. Trost, P.C. |
| 0:17-cv-04328-JNE-DTS | Robertson | Randall J. Trost, P.C. |
| 0:17-cv-04385-JNE-DTS | Erdman | Brown & Crouppen, P.C. |
| 0:17-cv-04433-JNE-DTS | Greene | Levin, Papantonio, Thomas, Mitchell, Rafferty, Proctor P.A. |
| 0:17-cv-04470-JNE-DTS | Ingram | Bernstein Liebhard LLP |
| 0:17-cv-04517-JNE-DTS | Henderson | Bernstein Liebhard LLP |
| 0:17-cv-04654-JNE-DTS | Keith | Brown & Crouppen, P.C. |
| 0:17-cv-04677-JNE-DTS | Resendez | Brown & Crouppen, P.C. |
| 0:17-cv-04752-JNE-DTS | Hyer | Gustafson Gluek PLLC |
| 0:17-cv-04777-JNE-DTS | Pine | Bernstein Liebhard LLP |
| 0:17-cv-04778-JNE-DTS | Brown | Bernstein Liebhard LLP |
| 0:17-cv-04779-JNE-DTS | Key | Kennedy Hodges, L.L.P. |

| | | |
|---|---|---|
| 0:17-cv-04845-JNE-DTS | Murray | Kirtland & Packard, LLP |
| 0:17-cv-04881-JNE-DTS | Potter | Bernstein Liebhard LLP |
| 0:17-cv-04885-JNE-DTS | McEvoy | Bernstein Liebhard LLP |
| 0:17-cv-04889-JNE-DTS | Thornton | Bernstein Liebhard LLP |
| 0:17-cv-04891-JNE-DTS | Edwards | Bernstein Liebhard LLP |
| 0:17-cv-05123-JNE-DTS | Robinson-Bessicks | Kirtland & Packard, LLP |
| 0:17-cv-05261-JNE-DTS | Hardy | Bernstein Liebhard LLP |
| 0:17-cv-05270-JNE-DTS | Johnston | Bernstein Liebhard LLP |
| 0:17-cv-05277-JNE-DTS | Billings | Bernstein Liebhard LLP |
| 0:17-cv-05323-JNE-DTS | Richey | Kennedy Hodges, L.L.P. |
| 0:17-cv-05370-JNE-DTS | Taplin | Bernstein Liebhard LLP |
| 0:17-cv-05371-JNE-DTS | Bresnock | Bernstein Liebhard LLP |
| 0:17-cv-05472-JNE-DTS | Jones | Johnson Becker, PLLC |
| 0:18-cv-00045-JNE-DTS | Swales | Bernstein Liebhard LLP |
| 0:18-cv-00437-JNE-DTS | McCullough | Davis & Crump, P.C. |
| 0:18-cv-00444-JNE-DTS | Garrison | Davis & Crump, P.C. |
| 0:18-cv-00527-JNE-DTS | Morgan | Davis & Crump, P.C. |
| 0:18-cv-00609-JNE-DTS | Larrison | Davis & Crump, P.C. |
| 0:18-cv-00617-JNE-DTS | Hayes | Schlichter, Bogard & Denton, LLP |
| 0:18-cv-00641-JNE-DTS | Rhew | Morris Law Firm |

Dated: August 2, 2018                    Respectfully submitted,


                                         *s/Benjamin W. Hulse*
                                         Jerry W. Blackwell (MN #186867)
                                         Benjamin W. Hulse (MN #0390952)
                                         Mary S. Young (MN #0392781)
                                         BLACKWELL BURKE P.A.
                                         431 South Seventh Street, Suite 2500
                                         Minneapolis, MN 55415
                                         Phone: (612) 343-3200
                                         Fax: (612) 343-3205
                                         Email: blackwell@blackwellburke.com
                                                bhulse@blackwellburke.com
                                                myoung@blackwellburke.com


                                         Bridget M. Ahmann (MN #016611x)
                                         FAEGRE BAKER DANIELS LLP
                                         2200 Wells Fargo Center
                                         90 South Seventh Street
                                         Minneapolis, MN 55402
                                         Phone: (612) 766-7000
                                         Email: bridget.ahmann@faegrebd.com

                                         ***Counsel for Defendants 3M Company
                                         and Arizant Healthcare Inc.***

**Addendum 1**

**Uncured PFS Core Deficiencies for Cases Listed in Part B**

| Plaintiff/Case Number | Deficiency Letter Sent | Uncured PFS Core Deficiencies | Firm Name |
|---|---|---|---|
| Gorbett, Jamie 0:17-cv-03252 | 5/07/2018 | **Section V (Insurance/Claim Information)** Part 6: Indicates prior bankruptcy in 2012 but does not provide the court information or how the case was resolved.<br><br>**Section VI (Current Claim Information)** Part 1: Indicates prior injury related to Bair Hugger, and provides current symptoms, and other harm, but does not provide a date when Plaintiff first became aware of injuries (responds only "Plaintiff does not recall") Part 3: Indicates emotional distress but does not provide a date of onset. | Bernstein Liebhard LLP |
| Parker, Lloyd 0:17-cv-03573 | 5/07/2018 | **Section II (Personal Information)** Part 14: Indicates visiting websites regarding patient warming systems, but does not provide information regarding the websites visited (responds only "Plaintiff does not recall")<br><br>**Section IV (General Medical Information)** Part 7: Lists pharmacies used but does not provide phone numbers for a pharmacy.<br><br>**Section VI (Current Claim Information)** Part 1: Indicates prior injury related to Bair Hugger, and provides current symptoms, and other harm, but does not | Bernstein Liebhard LLP |

| | | | |
|---|---|---|---|
| | | provide a date when Plaintiff first became aware of injuries (responds only "Plaintiff noticed after surgery") | |
| Hickman, Alan 0:17-cv-03696 | 4/27/2018 | **Section II (Personal Information)**<br>Part 2: No response to driver's license number and state of issue.<br>Part 3: Date of birth provided but not place of birth.<br>Part 8: No response to having children.<br>Part 9: No response to educational background.<br>Part 10: No response to employers for last 10 years.<br>Part 11: No response to prior military service.<br>Part 12: No response to rejection for military service due to medical/physical conditions.<br>Part 13: No response to convictions in the last 10 years<br><br>**Section IV (General Medical Information)**<br>Part 1: Provides last height, but no response to last weight.<br>Part 7: No response to pharmacies used.<br>Part 9: No response to use of tobacco.<br>Part 10: No response to treatment for drugs/alcohol.<br><br>**Section V (Insurance/Claim Information)**<br>Part 4: No response to prior disability claims.<br>Part 5: No response to prior lawsuits.<br>Part 6: No response to prior bankruptcies.<br><br>**Section VI (Current Claim Information)**<br>Part 1: Indicates having suffered physical/bodily injury related to use of Bair Hugger, but does no response to | Kennedy Hodges, L.L.P. |

| | | current symptoms, lost activities, or other physical injury.<br>Part 3: No response to damages related to emotional distress/psychological injuries.<br><br>**Section VII (Economic Damages)**<br>Part 1:  No response to claim for loss of past wages/income.<br>Part 2:  No response to claim for loss of future wages/income.<br><br>**Section VIII (Persons With Knowledge)**<br>Part 2: No response to persons providing facts/circumstances relating this lawsuit.<br><br>**Medical Authorization:** Not provided.<br>**Verification:** Not provided | |
|---|---|---|---|
| Rude, Lynas<br>0:17-cv-04009 | 5/07/2018 | **Section VI (Current Claim Information)**<br>Part 1: Indicates prior injury related to Bair Hugger, and provides current symptoms, and other harm, but does not provide a date when Plaintiff first became aware of injuries (responds only "Plaintiff does not recall") | Bernstein Liebhard LLP |
| Coggins, Mark<br>0:17-cv-04257 | 4/27/2018 | **Section II (Personal Information)**<br>Part 1: Name, other names used, address, persons living with plaintiff at time of events at issue, and SSN provided, but no response to length of time at present address.<br>Part 2: No response to driver's license number and state of issue.<br>Part 3: Date of birth provided but not place of birth.<br>Part 4: No response to sex.<br>Part 5: No response to Medicare HICN number | Kennedy Hodges, L.L.P. |

| | | | |
|---|---|---|---|
| | | Part 6: Residence addresses for the last 10 years provided, but no response to dates of residence<br>Part 8: No response to having children.<br>Part 9: No response to educational background.<br><br>**Section IV (General Medical Information)**<br>Part 7: No response to pharmacies used.<br>Part 8: No response to prior dental visits.<br>Part 9: No response to use of tobacco.<br>Part 10: No response to treatment for drugs/alcohol.<br><br>**Section V (Insurance/Claim Information)**<br>Part 4: No response to prior disability claims.<br>Part 5: No response to prior lawsuits.<br>Part 6: No response to prior bankruptcies.<br><br>**Section VI (Current Claim Information)**<br>Part 3: No response to damages related to emotional distress/psychological injuries.<br><br>**Section VII (Economic Damages)**<br>Part 1:  No response to claim for loss of past wages/income.<br>Part 2:  No response to claim for loss of future wages/income.<br><br>**Medical Authorization:** Not provided.<br>**Verification:** Not provided | |
| Ingram, Virginia<br>0:17-cv-04169 | 5/07/2018 | **Section III (Surgery Information)**<br>Part 1: Indicates having information that the Bair Hugger system was used based on medical records, but does not provide a date on which the information was | Bernstein Liebhard LLP |

| | | discovered by Plaintiff (responds only "Plaintiff does not recall")<br><br>**Section VI (Current Claim Information)**<br>Part 1: Indicates prior injury related to Bair Hugger, and provides current symptoms, and other harm, but does not provide a date when Plaintiff first became aware of injuries (responds only "Plaintiff does not recall") | |
|---|---|---|---|
| Henderson, Stephanie<br>0:17-cv-04517 | 5/07/2018 | **Section II (Personal Information)**<br>Part 7: Provides names of spouses and dates of marriage, but does not provide DOB for several spouses.<br><br>**Section IV (General Medical Information)**<br>Part 8: Indicates prior dental visits, but does not provide date(s) of procedures.<br><br>**Section VI (Current Claim Information)**<br>Part 1: Indicates prior injury related to Bair Hugger, and provides current symptoms, and other harm, but does not provide a date when Plaintiff first became aware of injuries (responds only "Plaintiff does not recall")<br>Part 3: Indicates damages related to emotional distress/psychological injuries, but does not provide date of onset.<br><br>**Verification:** Invalid supplemental verification provided. Plaintiff re-used an old verification and added a new date. New verification is required when information in a PFS is amended. | Bernstein Liebhard LLP |
| Hyer, David<br>0:17-cv-04752 | 5/04/2018 | **Section II (Personal Information)** | Gustafson Gluek PLLC |

| | | | |
|---|---|---|---|
| | | Part 11: Indicates prior military service, and branch of service, but no response for dates of service. | |

**Section III (Surgery Information)**
Part 3: Hospital name, surgery date/location/ physician, type of surgery, reason for surgery, infections prior to surgery, persons with whom plaintiff discussed risks of surgery, height/weight at time of surgery, and medical conditions at time of surgery provided, but responded "N/A" to cause of infection.

**Section V (Insurance/Claim Information)**
Part 4: Indicates a prior disability claim, but responded "N/A" to date of claim and nature of disability.
Part 5: Indicates prior lawsuits, but responded "N/A" to date of lawsuit, court where suit was filed, and name of defendant.

| | | | |
|---|---|---|---|
| Pine, Randy 0:17-cv-04777 | 5/07/2018 | **Section II (Personal Information)**<br>Part 1: Name, other names used, address, and SSN provided, persons living with plaintiff at time of events at issue, but responded only "3 ½" without any unit of time to length of time at present address and.<br>Part 6: Provided residences only for the last 4 years instead of 10.<br>Part 10: Provided employers for last 10 years, but did not provide employer's address.<br><br>**Section III (Surgery Information)**<br>Part 1: Indicates having information that the Bair Hugger system was used based on medical records, but does not provide a date on which the information was | Bernstein Liebhard LLP |

| | | | |
|---|---|---|---|
| | | discovered by Plaintiff (responds only "Plaintiff does not recall")<br><br>**Section VI (Current Claim Information)**<br>Part 1: Indicates prior injury related to Bair Hugger, and provides current symptoms, and other harm, but does not provide a date when Plaintiff first became aware of injuries (responds only "Plaintiff does not recall")<br>Part 3: Indicates damages related to emotional distress/psychological injuries, but does not provide date of onset.<br><br>**Section IX (Loss of Consortium)**<br>Part 4: Indicates marriage to primary plaintiff and dates of marriage, but does not state where they were married. | |
| Brown, Ina<br>0:17-cv-04778 | 4/17/2018 | **Section III (Surgery Information)**<br>Part 1: Indicates having information that the Bair Hugger system was used based on medical records, but does not provide a date on which the information was discovered by Plaintiff (responds only "Plaintiff does not recall")<br>Part 3: Hospital name, surgery date/location/ physician, medical conditions at time of surgery, type of surgery, reason for surgery, infections prior to surgery, and cause of infection provided, but did not provide height/weight at time of surgery and persons with whom plaintiff discussed risks of surgery (responds only "Plaintiff does not recall")<br><br>**Section IV (General Medical Information)**<br>Part 8: Indicates prior dental visits, but no response to dates of procedures. | Bernstein<br>Liebhard<br>LLP |

| | | | |
|---|---|---|---|
| | | **Section VI (Current Claim Information)** Part 1: Indicates prior injury related to Bair Hugger, and provides current symptoms, and other harm, but does not provide a date when Plaintiff first became aware of injuries (responds only "Plaintiff does not recall") Part 3: Indicates damages related to emotional distress/psychological injuries, but does not provide date of onset. **Section IX (Loss of Consortium)** Part 4: Indicates marriage to primary plaintiff and dates of marriage, but does not state where they were married. | |
| Key, Nancy 0:17-cv-04779 | | **Section II (Personal Information)** Part 1: Name, address, persons living with plaintiff at time of events at issue, and SSN provided, but no response to other names used, and length of time at present address. Part 2: No response to driver's license number and state of issue. Part 3: Date of birth provided but not place of birth. Part 5: No response to Medicare HICN number. Part 6: No response to residences for the last 10 years. Part 8: No response to having children. Part 9: No response to educational background. Part 10: No response to employers for last 10 years. Part 11: No response to prior military service. Part 12: No response to rejection for military service due to medical/physical conditions. | Kennedy Hodges, L.L.P. |

| | | |
|---|---|---|
| | | **Section IV (General Medical Information)**<br>Part 1: No response to current or last height/weight.<br>Part 7: No response to pharmacies used.<br>Part 8: No response to prior dental visits.<br>Part 9: No response to use of tobacco.<br>Part 10: No response to treatment for drugs/alcohol.<br><br>**Section V (Insurance/Claim Information)**<br>Part 4: No response to prior disability claims.<br>Part 5: No response to prior lawsuits.<br>Part 6: No response to prior bankruptcies.<br><br>**Section VI (Current Claim Information)**<br>Part 1: Indicates having suffered physical/bodily injury related to use of Bair Hugger, and provides date of discovery of injury, current symptoms, and loss activities, but no response to other harm.<br><br>**Section VII (Economic Damages)**<br>Part 1:  No response to claim for loss of past wages/income.<br>Part 2:  No response to claim for loss of future wages/income.<br><br>**Section VIII (Persons With Knowledge)**<br>Part 2: No response to persons providing facts/circumstances relating this lawsuit.<br><br>**Medical Authorization:** Not provided.<br>**Verification:** Not provided | |

| Potter, Karen 0:17-04881 | 5/07/2018 | **Section II (Personal Information)**<br>Part 2: Driver's license number provided, and but no state of issue.<br>Part 3: Date of birth provided but not place of birth.<br><br>**Section III (Surgery Information)**<br>Part 1: Indicates having information that the Bair Hugger system was used based on medical records, but does not provide a date on which the information was discovered by Plaintiff (responds only "Plaintiff does not recall")<br><br>**Section VI (Current Claim Information)**<br>Part 1: Indicates prior injury related to Bair Hugger, and provides current symptoms, and lost activities, but does not respond to other harm, and does not provide a date when Plaintiff first became aware of injuries (responds only "Plaintiff does not recall")<br><br>**Section VII (Economic Damages)**<br>Part 1:  Indicates a claim for loss of past wages/income, but does not provide past income (responds only "Plaintiff does not recall") | Bernstein Liebhard LLP |
| McEvoy, Mark 0:17-cv-04885 | 5/07/2018 | **Section III (Surgery Information)**<br>Part 1: Indicates having information that the Bair Hugger system was used based on medical records, but does not provide a date on which the information was discovered by Plaintiff (responds only "Plaintiff does not recall")<br><br>**Section VI (Current Claim Information)**<br>Part 1: Indicates prior injury related to Bair Hugger, and provides current symptoms, and lost activities, but does not respond to other harm, and does not | Bernstein Liebhard LLP |

| | | | |
|---|---|---|---|
| | | provide a date when Plaintiff first became aware of injuries (responds only "Plaintiff does not recall") | |
| Thornton, Mildred 0:17-cv-04889 | 5/07/2018 | **Section III (Surgery Information)** Part 1: Indicates having information that the Bair Hugger system was used based on medical records, but does not provide a date on which the information was discovered by Plaintiff (responds only "Plaintiff does not recall") <br><br> **Section IV (General Medical Information)** Part 7: Provides pharmacies used, but does not provide telephone numbers. Part 8: Does not provide prior dental visits (responds only "Plaintiff does not recall"). <br><br> **Section VI (Current Claim Information)** Part 1: Indicates prior injury related to Bair Hugger, and provides current symptoms, and lost activities, but does not respond to other harm, and does not provide a date when Plaintiff first became aware of injuries (responds only "Plaintiff does not recall") | |
| Edwards, Renate 0:17-cv-04891 | 4/17/2018 | **Section II (Personal Information)** Part 15: Indicates internet postings concerning Defendants, but does not indicate when or what sites were used (Plaintiff responds only "Social Networking Services"). <br><br> **Section III (Surgery Information)** Part 3: Hospital name, surgery date/location/ physician, type of surgery, reason for surgery provided, height/weight at time of surgery and medical conditions at time of surgery, but no response to infections prior to | Bernstein Liebhard LLP |

| | | surgery, persons with whom plaintiff discussed risks of surgery, and cause of infection. <br><br> **<u>Section IV (General Medical Information)</u>** <br> Part 7: Provides pharmacies used, but does not provide phone number for a pharmacy and no response to dates of use for pharmacies. <br><br> **<u>Section VI (Current Claim Information)</u>** <br> Part 1: Indicates prior injury related to Bair Hugger, and provides current symptoms, other harm, and lost activities, but does not provide a date when Plaintiff first became aware of injuries (responds only "Plaintiff does not recall") <br> Part 3: Indicates damages related to emotional distress/psychological injuries, but does not provide date of onset. | |
|---|---|---|---|
| Robinson-Bessicks <br> 0:17-cv-05123 | 5/10/2018 | **<u>Section II (Personal Information)</u>** <br> Part 2: No response to driver's license number and state of issue. <br> Part 3: Date of birth provided but not place of birth. <br> Part 7: Indicates prior marriage, but does not provide spouse's DOB. <br> Part 9: No response to educational background. <br> Part 10: No response to employers for last 10 years. <br><br> **<u>Section IV (General Medical Information)</u>** <br> Part 7: Provides pharmacies used, but does not provide phone number for a pharmacy. <br> Part 8: No response to prior dental visits. | Kirtland & Packard, LLP |

| | | | |
|---|---|---|---|
| | | **Section VIII (Persons With Knowledge)**<br>Part 2: No response to persons providing facts/circumstances relating this lawsuit.<br><br>**Medical Authorization:** Not provided.<br>**Verification:** Not provided | |
| Hardy, Alan<br>0:17-cv-05261 | 4/17/2018 | **Section II (Personal Information)**<br>Part 15: Indicates internet postings concerning Defendants, but does not indicate when or what sites were used (Plaintiff responds only "Social Networking Services").<br><br>**Section III (Surgery Information)**<br>Part 1: Indicates having information that the Bair Hugger system was used based on medical records, but does not provide a date on which the information was discovered by Plaintiff (responds only "Plaintiff does not recall")<br><br>**Section VI (Current Claim Information)**<br>Part 1: Indicates prior injury related to Bair Hugger, and provides current symptoms, and other harm, but does not provide a date when Plaintiff first became aware of injuries (responds only "Plaintiff does not recall")<br>Part 3: Indicates damages related to emotional distress/psychological injuries, but does not provide date of onset. | Bernstein Liebhard LLP |
| Johnston, Todd<br>0:17-cv-05270 | 4/17/2018 | **Section III (Surgery Information)**<br>Part 1: Indicates having information that the Bair Hugger system was used based on medical records, but does not provide a date on which the information was discovered by Plaintiff (responds only "Plaintiff does not recall") | Bernstein Liebhard LLP |

| | | | |
|---|---|---|---|
| | | **Section VI (Current Claim Information)**<br>Part 1: Indicates prior injury related to Bair Hugger, and provides current symptoms, and other harm, but does not provide a date when Plaintiff first became aware of injuries (responds only "Plaintiff does not recall") | |
| Billings, Willard<br>0:17-cv-05277 | 4/17/2018 | **Section II (Personal Information)**<br>Part 2: Driver's license number provided, but no state of issue.<br>Part 8: Children's names provided, but no DOB for one child.<br><br>**Section III (Surgery Information)**<br>Part 1: Indicates having information that the Bair Hugger system was used based on medical records, but does not provide a date on which the information was discovered by Plaintiff (responds only "Plaintiff does not recall")<br>Part 3: Hospital name, surgery date/location, type of surgery, reason for surgery, infections prior to surgery, persons with whom plaintiff discussed risks of surgery, cause of infection, height/weight at time of surgery and medical conditions at time of surgery provided, but no response to physician performing surgery.<br><br>**Section IV (General Medical Information)**<br>Part 3: Provided healthcare providers for seven (7) years prior to surgery, but no response to dates of treatment for any provider.<br><br>**Section VI (Current Claim Information)**<br>Part 1: Indicates prior injury related to Bair Hugger, and provides current | Bernstein Liebhard LLP |

| | | | |
|---|---|---|---|
| | | symptoms, other harm, and lost activities, but does not provide a date when Plaintiff first became aware of injuries (responds only "Plaintiff does not recall")<br>Part 3: Indicates damages related to emotional distress/psychological injuries, but does not provide date of onset. | |
| Richey, Priscilla<br>0:17-cv-05323 | 4/16/2018 | **Section II (Personal Information)**<br>Part 1: Name, address, and SSN provided, but no response to length of time at present address, other names used, and persons living with plaintiff at time of events at issue.<br>Part 2: No response to driver's license number and state of issue.<br>Part 3: Date of birth provided but not place of birth.<br>Part 5: No response to Medicare HICN number.<br>Part 6: No response to residences for the last 10 years.<br>Part 8: No response to having children.<br>Part 9: No response to educational background.<br>Part 10: No response to employers for last 10 years.<br>Part 11: No response to prior military service.<br>Part 12: No response to rejection for military service due to medical/physical conditions.<br>Part 13: No response to convictions in the last 10 years<br>Part 14: No response to visiting websites regarding patient warming systems.<br>Part 15: No response to internet postings concerning Defendants.<br>Part 16: No response to possession of drawings journals, slides, notes, letters or emails. | Kennedy Hodges, L.L.P. |

**Section III (Surgery Information)**
Part 3: Hospital name, surgery date/location/ physician, type of surgery, reason for surgery, infections prior to surgery, persons with whom plaintiff discussed risks of surgery, medical conditions at time of surgery, and cause of infection provided, but no response to height/weight at time of surgery.

**Section IV (General Medical Information)**
Part 1: No response to current or last height/weight.
Part 7: No response to pharmacies used.
Part 8: No response to prior dental visits.
Part 9: No response to use of tobacco.
Part 10: No response to treatment for drugs/alcohol.

**Section V (Insurance/Claim Information)**
Part 4: No response to prior disability claims.
Part 5: No response to prior lawsuits.
Part 6: No response to prior bankruptcies.

**Section VI (Current Claim Information)**
Part 6: No response regarding Bair Hugger warnings.
Part 7: No response regarding 3M/Arizant communications regarding surgery/Bair Hugger.
Part 8: No response regarding 3M/Arizant communication regarding Bair Hugger warranty.

**Section VII (Economic Damages)**
Part 1:  No response to claim for loss of past wages/income.

| | | | |
|---|---|---|---|
| | | Part 2:  No response to claim for loss of future wages/income.<br><br>**Section VIII (Persons With Knowledge)**<br>Part 2: No response to persons providing facts/circumstances relating this lawsuit.<br><br>**Section IX (Loss of Consortium)**<br>No response to any question<br><br>**Medical Authorization:** Not provided.<br>**Verification:** Not provided | |
| Taplin, Janice<br>0:17-cv-05370 | 5/07/2018 | **Section II (Personal Information)**<br>Part 3: Date of birth provided but not place of birth.<br>Part 10: Provided employers for last 10 years, but did not provide addresses, and no response to dates of employment or reason for leaving.<br><br>**Section III (Surgery Information)**<br>Part 1: Indicates having information that the Bair Hugger system was used based on medical records, but does not provide a date on which the information was discovered by Plaintiff (responds only "Plaintiff does not recall")<br><br>**Section IV (General Medical Information)**<br>Part 7: Pharmacy provided, but no phone number for pharmacy provided.<br>Part 8: No response to prior dental visits.<br><br>**Section V (Insurance/Claim Information)**<br>Part 4: No response to prior disability claims.<br>Part 5: No response to prior lawsuits.<br>Part 6: No response to prior bankruptcies. | Bernstein Liebhard LLP |

| | | | |
|---|---|---|---|
| | | **Section VI (Current Claim Information)**<br>Part 1: Indicates prior injury related to Bair Hugger, and provides current symptoms, and lost activities, but does not respond to other harm, and does not provide a date when Plaintiff first became aware of injuries (responds only "Plaintiff does not recall") | |
| Bresnock, Anne<br>0:17-cv-5370 | 5/07/2018 | **Section II (Personal Information)**<br>Part 2: No response to driver's license number and state of issue.<br>Part 10: Provided employers for last 10 years, but no response for addresses occupation title, and reason for leaving for certain entries.<br>Part 15: Indicates internet postings concerning Defendants, but does not indicate when or what sites were used (Plaintiff responds only "Social Networking Services").<br><br>**Section III (Surgery Information)**<br>Part 1: Indicates having information that the Bair Hugger system was used based on medical records, but does not provide a date on which the information was discovered by Plaintiff (responds only "Plaintiff does not recall")<br><br>**Section VI (Current Claim Information)**<br>Part 1: Indicates prior injury related to Bair Hugger, and provides current symptoms, and lost activities, but does not respond to other harm, and does not provide a date when Plaintiff first became aware of injuries (responds only "Plaintiff does not recall")<br><br>**Section VII (Economic Damages)** | Bernstein<br>Liebhard<br>LLP |

| | | | |
|---|---|---|---|
| | | Part 1:  Indicates claim for loss of past wages/income, but does not provide approximate time lost, approximate income lost, or past income amounts (responds only "Plaintiff does not recall" for each)<br><br>Part 2:  Indicates claim for loss of future wages/income, but does not provide approximate amount lost or basis for calculation (responds only "Plaintiff does not recall" for each). | |
| Jones, Denise<br>0:17-cv-05472 | 5/17/2018 | **Section II (Personal Information)**<br>Part 10: Provided employers for last 10 years, but did not provide employer's address.<br><br>**Section III (Surgery Information)**<br>Part 1: Indicates having information that the Bair Hugger system was used based on medical records, but does not provide a date on which the information was discovered by Plaintiff (responds only "When my attorney reviewed my medical records")<br><br>**Section IV (General Medical Information)**<br>Part 7: Pharmacies provided, but no phone numbers for any pharmacy provided.<br><br>**Section VI (Current Claim Information)**<br>Part 3: Indicates damages related to emotional distress/psychological injuries, but no date of onset provided.<br><br>**Verification:** Invalid verification provided. Plaintiff did not date verification. | Johnson Becker, PLLC |

| Swales, Bertha 0:18-cv-00045 | 5/07/2018 | **Section III (Surgery Information)** Part 1: Indicates having information that the Bair Hugger system was used based on medical records, but does not provide a date on which the information was discovered by Plaintiff (responds only "Plaintiff does not recall") Part 3: Hospital name, surgery date/location/ physician, type of surgery, reason for surgery, height/weight at time of surgery and medical conditions at time of surgery, and cause of infection provided, but no response to infections prior to surgery, and persons with whom plaintiff discussed risks of surgery. **Section V (Insurance/Claim Information)** Part 4: Indicates prior disability claim, and provides year and nature of claim, but no response to whether the claim was denied. **Section VI (Current Claim Information)** Part 1: Indicates prior injury related to Bair Hugger, and provides current symptoms, and lost activities, but does not respond to other harm, and does not provide a date when Plaintiff first became aware of injuries (responds only "Plaintiff does not recall") **Section VII (Economic Damages)** Part 1:  Indicates claim for loss of past wages/income, but responded "Not Applicable" for wages from 3 years prior to claim to present. | Bernstein Liebhard LLP |

**Addendum 2**

**Uncured PFS Core Deficiencies for Cases Listed in Part C**

| Plaintiff/Case Number | Third Deficiency Letter Sent | Uncured PFS Core Deficiencies | Firm Name |
|---|---|---|---|
| Zimmerman, Burl 0:17-cv-02925 | 4/24/2018 | **Section I (Case Information)**<br>Part 4: Included address, but no other information for representative completing form.<br><br>**Section II (Personal Information)**<br>Part 1: Name, address, length of time at present address and persons living with plaintiff at time of events at issue, and SSN provided, but no response to other names used.<br>Part 11: Provides branches of military but does not provide dates of service for Navy (responds only "3 years - not sure of dates")<br><br>**Verification:** Invalid supplemental verification provided. Plaintiff re-used an old verification. New verification is required when information in a PFS is amended. | The Olinde Firm, LLC |
| Smith, Carla 0:17-cv-03501 | 5/02/2018 | **Section II (Personal Information)**<br>Part 1: Name, address, and SSN provided, but no dates for other names used, and no response to length of time at present address and persons living with plaintiff at time of events at issue.<br>Part 2: No response to driver's license number and state of issue.<br>Part 3: Date of birth provided but not place of birth.<br>Part 4: No response to sex.<br>Part 5: No response to Medicare HICN number. | Kennedy Hodges, L.L.P. |

| | | |
|---|---|---|
| | | Part 6: Address of residences for the last 10 years provided, but no response to dates of residence.<br>Part 7: Indicates being married, but no response to spouse's DOB, dates of marriage, or how marriage ended.<br>Part 8: No response to having children.<br>Part 9: No response to educational background.<br>Part 10: No response to employers for last 10 years.<br>Part 11: No response to prior military service.<br>Part 12: No response to rejection for military service due to medical/physical conditions.<br>Part 13: No response to convictions in the last 10 years<br>Part 14: No response to visiting websites regarding patient warming systems.<br>Part 15: No response to internet postings concerning Defendants.<br>Part 16: No response to possession of drawings journals, slides, notes, letters or emails.<br><br>**Section IV (General Medical Information)**<br>Part 1: No response to current or last height/weight.<br>Part 7: No response to pharmacies used.<br>Part 8: No response to prior dental visits.<br><br>**Section V (Insurance/Claim Information)**<br>Part 4: No response to prior disability claims.<br>Part 5: No response to prior lawsuits.<br>Part 6: No response to prior bankruptcies.<br><br>**Section VI (Current Claim Information)** | |

| | | | |
|---|---|---|---|
| | | Part 1: Indicates having suffered physical/bodily injury related to use of Bair Hugger, but no response for current symptoms, lost activities, or other harm. Part 3: Indicates damages related to emotional distress/psychological injuries, but no response to description of those injuries or date of onset. Part 6: No response regarding Bair Hugger warnings. Part 9: No response to contacts with Augustine Temperature Management. **Section VII (Economic Damages)** Part 1:  No response to claim for loss of past wages/income. Part 2:  No response to claim for loss of future wages/income. **Section VIII (Persons With Knowledge)** Part 2: No response to persons providing facts/circumstances relating this lawsuit. **Section IX (Loss of Consortium)** No response to any question **Medical Authorization:** Not provided. **Verification:** Not provided | |
| Cyr, Kevin 0:17-cv-03554 | 4/11/2018 | **Section II (Personal Information)** Part 7: Indicates being married, and provides dates of marriage, but no response to DOB for spouse. **Section III (Surgery Information)** Part 1: Indicates evidence of Bair Hugger use, but does not provide date when information was discovered (responds only, "When my attorney obtained my medical records"). **Verification:** Invalid supplemental verification provided. Plaintiff re-used an | DeGaris & Rogers, LLC |

| | | old verification. New verification is required when information in a PFS is amended. | |
|---|---|---|---|
| Opperman, Charlene 0:17-cv-03563 | 5/02/2018 | **Section II (Personal Information)** Part 2: No response to driver's license number and state of issue. Part 6: Only identifies residences for the last 7 years (rather than 10). Part 7: Indicates being married, but no response to spouse's DOB, dates of marriage, or how marriage ended. Part 8: Identifies a child, but does not provide a DOB. Part 9: No response to educational background. Part 10: No response to employers for last 10 years. Part 11: No response to prior military service. Part 12: No response to rejection for military service due to medical/physical conditions. Part 13: No response to convictions in the last 10 years Part 14: No response to visiting websites regarding patient warming systems. Part 15: No response to internet postings concerning Defendants. Part 16: No response to possession of drawings journals, slides, notes, letters or emails. **Section IV (General Medical Information)** Part 1: No response to current or last height/weight. Part 7: Identifies pharmacies used, but no response to dates of use. Part 8: No response to prior dental visits. **Section V (Insurance/Claim Information)** | Kennedy Hodges, L.L.P. |

| | | Part 4: No response to prior disability claims.<br>Part 5: No response to prior lawsuits.<br>Part 6: No response to prior bankruptcies.<br><br>**Section VI (Current Claim Information)**<br>Part 1: No response to having suffered physical/bodily injury related to use of Bair Hugger.<br>Part 3: No response to damages related to emotional distress/psychological injuries.<br>Part 6: No response regarding Bair Hugger warnings.<br>Part 7: No response regarding 3M/Arizant communications regarding surgery/Bair Hugger.<br>Part 8: No response regarding 3M/Arizant communication regarding Bair Hugger warranty.<br>Part 9: No response to contacts with Augustine Temperature Management.<br><br>**Section VII (Economic Damages)**<br>Part 1:  No response to claim for loss of past wages/income.<br>Part 2:  No response to claim for loss of future wages/income.<br><br>**Section VIII (Persons With Knowledge)**<br>Part 2: No response to persons providing facts/circumstances relating this lawsuit.<br><br>**Section IX (Loss of Consortium)**<br>No response to any question<br><br>**Medical Authorization:** Not provided.<br>**Verification:** Not provided | |
| Seymore, Mary<br>0:17-cv-03718 | 4/27/2018 | **Section II (Personal Information)**<br>Part 1: Name, address, and SSN provided, but no response to other names used, length of time at present address and | Kennedy Hodges, L.L.P. |

persons living with plaintiff at time of events at issue.
Part 2: No response to driver's license number and state of issue.
Part 3: Date of birth provided but not place of birth.
Part 6: Address for residences for the last 10 years provided, but no response to dates of residence.
Part 8: Identifies a child, but no response to DOB.
Part 9: No response to educational background.
Part 10: No response to employers for last 10 years.

**Section IV (General Medical Information)**
Part 1: No response to current or last height/weight.
Part 7: No response to pharmacies used.
Part 8: No response to prior dental visits.
Part 9: Indicates use of cigarettes, but no response to dates of use, date of cessation, amount used, and other tobacco use.

**Section V (Insurance/Claim Information)**
Part 4: No response to prior disability claims.
Part 5: No response to prior lawsuits.
Part 6: No response to prior bankruptcies.

**Section VI (Current Claim Information)**
Part 1: Indicates having suffered physical/bodily injury related to use of Bair Hugger, but no response to description of injury, date injury was discovered, current symptoms, lost activities, or other harm
Part 3: No response to damages related to emotional distress/psychological injuries.

| | | Part 6: No response regarding Bair Hugger warnings. Part 7: No response regarding 3M/Arizant communications regarding surgery/Bair Hugger. Part 8: No response regarding 3M/Arizant communication regarding Bair Hugger warranty. Part 9: No response to contacts with Augustine Temperature Management.<br><br>**Section VII (Economic Damages)** Part 1: No response to claim for loss of past wages/income. Part 2: No response to claim for loss of future wages/income.<br><br>**Section VIII (Persons With Knowledge)** Part 2: No response to persons providing facts/circumstances relating this lawsuit.<br><br>**Medical Authorization:** Not provided. **Verification:** Not provided | |
|---|---|---|---|
| Pratt, Debra 0:17-cv-03952 | 4/25/2018 | **Verification:** Invalid supplemental verification provided. Plaintiff re-used an old verification that had been re-dated. New verification is required when information in a PFS is amended. | Brent Coon & Associates |
| Robertson, Jeffrey 0:17-cv-04327 | 4/24/2018 | **Verification:** Invalid supplemental verification provided. Plaintiff re-used an old verification that was re-dated. New verification is required when information in a PFS is amended. | Randall J. Trost, P.C. |
| Robertson, Jeffrey 0:17-cv-04328 | 4/24/2018 | **Verification:** Invalid supplemental verification provided. Plaintiff re-used an old verification that was re-dated. New verification is required when information in a PFS is amended. | Randall J. Trost, P.C. |
| Erdman, Elmer 0:17-cv-04385 | 4/18/2018 | **Section I (Case Information)** Part 1: No response to person completing this form. | Brown & Crouppen, P.C. |

Part 4: No response to any question regarding personal representative.

**Section II (Personal Information)**
Part 1: Name provided, but no response to length of time at present address, other names used, address, SSN, and persons living with plaintiff at time of events at issue.
Part 2: No response to driver's license number and state of issue.
Part 3: No response to date or place of birth.
Part 4: No response to sex.
Part 5: No response to Medicare HICN number.
Part 6: No response to residences for the last 10 years.
Part 7: No response to being married.
Part 8: No response to having children.
Part 9: No response to educational background.
Part 10: No response to employers for last 10 years.
Part 11: No response to prior military service.
Part 12: No response to rejection for military service due to medical/physical conditions.
Part 13: No response to convictions in the last 10 years
Part 14: No response to visiting websites regarding patient warming systems.
Part 15: No response to internet postings concerning Defendants.
Part 16: No response to possession of drawings journals, slides, notes, letters or emails.

**Section III (Surgery Information)**
Part 1: No response to evidence of Bair Hugger use.

| | | |
|---|---|---|
| | | Part 2: No response to use of laminar air flow system during surgery.<br>Part 3: Hospital name, surgery date/location/ physician, type of surgery, reason for surgery, infections prior to surgery, persons with whom plaintiff discussed risks of surgery, and cause of infection provided, but no response to height/weight at time of surgery and medical conditions at time of surgery.<br>Part 4: No response to opinions on causation.<br>Part 5: No response to tests or inspections of Bair Hugger.<br><br>**Section IV (General Medical Information)**<br>Part 1: No response to current or last height/weight.<br>Part 3: No response to healthcare providers seven (7) years prior to surgery.<br>Part 7: No response to pharmacies used.<br>Part 8: No response to prior dental visits.<br>Part 9: No response to use of tobacco.<br>Part 10: No response to treatment for drugs/alcohol.<br><br>**Section V (Insurance/Claim Information)**<br>Part 4: No response to prior disability claims.<br>Part 5: No response to prior lawsuits.<br>Part 6: No response to prior bankruptcies.<br><br>**Section VI (Current Claim Information)**<br>Part 1: No response to having suffered physical/bodily injury related to use of Bair Hugger.<br>Part 3: No response to damages related to emotional distress/psychological injuries.<br>Part 6: No response regarding Bair Hugger warnings. | |

| | | Part 7: No response regarding 3M/Arizant communications regarding surgery/Bair Hugger.<br>Part 8: No response regarding 3M/Arizant communication regarding Bair Hugger warranty.<br>Part 9: No response to contacts with Augustine Temperature Management.<br><br>**Section VII (Economic Damages)**<br>Part 1:  No response to claim for loss of past wages/income.<br>Part 2:  No response to claim for loss of future wages/income.<br><br>**Section VIII (Persons With Knowledge)**<br>Part 2: No response to persons providing facts/circumstances relating this lawsuit.<br><br>**Section IX (Loss of Consortium)**<br>No response to any question<br><br>**Medical Authorization:** Not provided.<br>**Verification:** Not provided | |
|---|---|---|---|
| Greene, James<br>0:17-cv-04433 | 4/25/2018 | **Section I (Case Information)**<br>Part 1: No response for person completing this form.<br><br>**Section II (Personal Information)**<br>Part 1: Name, and address provided, but no response to other names used, SSN, length of time at present address and persons living with plaintiff at time of events at issue.<br>Part 2: No response to driver's license number and state of issue.<br>Part 3: Date of birth provided but not place of birth.<br>Part 5: No response to Medicare HICN number.<br>Part 6: Address provided, but no response to dates of residence for the last 10 years. | Levin, Papantonio, Thomas, Mitchell, Rafferty, Proctor P.A. |

Part 8: No response to having children.
Part 9: No response to educational background.
Part 10: No response to employers for last 10 years.
Part 11: No response to prior military service.
Part 12: No response to rejection for military service due to medical/physical conditions.
Part 13: No response to convictions in the last 10 years
Part 14: No response to visiting websites regarding patient warming systems.
Part 15: No response to internet postings concerning Defendants.
Part 16: No response to possession of drawings journals, slides, notes, letters or emails.

**Section III (Surgery Information)**
Part 1: Indicates evidence of Bair Hugger use, but does not provide the date that the information was discovered (plaintiff states only "I do not recall but reserve my right to refresh my memory").
Part 2: No response to use of laminar air flow system during surgery.
Part 4: No response to opinions on causation.
Part 5: No response to tests or inspections of Bair Hugger.

**Section IV (General Medical Information)**
Part 3: Provides healthcare providers seven (7) years prior to surgery, but no response to dates of visits.
Part 7: No response to pharmacies used.

**Section V (Insurance/Claim Information)**

| | | Part 4: No response to prior disability claims.<br>Part 5: No response to prior lawsuits.<br>Part 6: No response to prior bankruptcies.<br><br>**Section VI (Current Claim Information)**<br>Part 1: No response to having suffered physical/bodily injury related to use of Bair Hugger.<br>Part 3: No response to damages related to emotional distress/psychological injuries.<br>Part 6: No response regarding Bair Hugger warnings.<br>Part 7: No response regarding 3M/Arizant communications regarding surgery/Bair Hugger.<br>Part 8: No response regarding 3M/Arizant communication regarding Bair Hugger warranty.<br>Part 9: No response to contacts with Augustine Temperature Management.<br><br>**Section VII (Economic Damages)**<br>Part 1:  No response to claim for loss of past wages/income.<br>Part 2:  No response to claim for loss of future wages/income.<br><br>**Section VIII (Persons With Knowledge)**<br>Part 2: No response to persons providing facts/circumstances relating this lawsuit.<br><br>**Section IX (Loss of Consortium)**<br>No response to any question<br><br>**Medical Authorization:** Not provided.<br>**Verification:** Not provided | |
| Keith, Kody<br>0:17-cv-04654 | 5/09/2018 | **Section III (Surgery Information)**<br>Part 1: Indicates evidence of Bair Hugger use, but does not provide description of information (plaintiff responded "Records | Brown & Crouppen, P.C. |

| | | responsive to this request have been subpoenaed and will be provided when they are received"), and when information was discovered (plaintiff responded "Information not available"). | |
|---|---|---|---|
| Resendez, Esperanza 0:17-cv-4677 | 5/09/2018 | **<u>Section III (Surgery Information)</u>** Part 1: Indicates evidence of Bair Hugger use, but does not provide description of information (plaintiff responded "Information from Hospital"), and when information was discovered (plaintiff responded "pending information from subpoena to hospital"). <br><br> **Verification:** Invalid supplemental verification provided. Plaintiff re-used an old verification that was re-dated. New verification is required when information in a PFS is amended. | Brown & Crouppen, P.C. |
| Murray, Dan 0:17-cv-04845 | 5/17/2018 | **Verification:** Invalid supplemental verification provided. Plaintiff re-used an old verification that was re-dated. New verification is required when information in a PFS is amended. | Kirtland & Packard, LLP |