# EXHIBIT A



Benjamin W. Hulse
Direct Dial: 612-343-3256
E-Mail: bhulse@blackwellburke.com

May 7, 2018

**VIA EMAIL AND U.S. MAIL**
Daniel Christopher Burke
Bernstein Liebhard LLP
10 East 40th Street
New York, NY 10016
dburke@bernlieb.com

> Re:   *In re Bair Hugger Forced Air Warming Devices Products Liability Litigation*
> MDL No. 2666 – Deficiencies in Amended Plaintiff Fact Sheet
> *Gorbett, Jamie v. 3M Company et al*  Case No.:0:17-cv-03252-JNE-FLN

Dear Counsel:

We are in receipt of the second amended Plaintiff Fact Sheet (PFS) for the above-captioned matter. The second amended PFS still has core deficiencies, as set forth in the enclosed report.

Paragraph 4 of Pretrial Order No. 14 defines core deficiencies as "a lack of response to all questions in Section I, Section II, and Section III; Section IV, questions 1, 3, 7, 8, 9, 10; Section V, questions 5, 6, and 7; Section VI, questions 1, 3, 6, 7, 8, and 9; Section VII, questions 1 and 2; Section 8, question 2; Section IX, questions 1, 3, and 4, or lack of signed medical authorizations." Paragraph 3 further requires a signed verification.

In addition, the instructions on the PFS form prohibit leaving spaces blank and provide as follows: "If a question is not applicable to you, please state 'Not Applicable' or 'N/A.'" In our review, many deficiencies resulted from a plaintiff leaving one or more spaces blank.

Pursuant to paragraph 6 of PTO 14, within 3 weeks of the date of this letter, you must respond in writing by either (1) curing the deficiencies (by serving a further revised, verified PFS through Plaintiffs' portal); (2) disputing the deficiencies and setting forth the reasons the PFS is not deficient; or (3) explaining why the deficiencies cannot be timely cured. When serving a revised, PFS through Plaintiff's portal, you do not need to resubmit documents that were previously served with the original and/or any amended PFS. An updated verification is required, however, to be served along with the amended PFS.

Sincerely,

s/ Benjamin W. Hulse

Benjamin W. Hulse

cc: Plaintiffs' Co-Lead Counsel
Enclosure

| | |
|---|---|
| Plaintiffs' Last Name | Gorbett |
| Plaintiffs' First Name | Jamie |
| Case No. | 0:17-cv-03252-JNE-FLN |
| Section I (Case Information) | |
| Section I - Incomplete Questions | |
| Section II (Personal Information) | |
| Section II - Incomplete Questions | |
| Section III (Surgery Information) | |
| Section III - Incomplete Questions | |
| Section IV - 1 (Vital Statistics) | |
| Section IV - 3 (Healthcare Providers) | |
| Section IV - 7 (Pharmacies/Drugstores) | |
| Section IV - 8 (Dental Procedures) | |
| Section IV 9 (Tobacco) | |
| Section IV - 10 (Drug/Alcohol) | |
| Section IX - 1 (Consortium Name etc.) | |
| Section IX - 3 (Residences) | |
| Section IX - 4 (Married) | |
| Section V - 5 (Disability Claims) | |
| Section V - 6 (Lawsuits) | |
| Section V - 7 (Bankruptcy) | |
| Section VI - 1 (Physical Injury) | Incomplete |
| Section VI - 3 (Emotional Distress) | |
| Section VI - 6 (Warnings) | |
| Section VI - 7 (3M/Arizant Communications) | |
| Section VI - 8 (3M/Arizant Warranty) | |
| Section VI - 9 (Augustine) | |
| Section VII - 1 (Lost Past Wages) | |
| Section VII - 2 (Lost Future Wages) | |
| Section VIII - 2 (Verbal/Written Statement) | |
| X.01 - Signed Authorization | |
| X.02.d - Documents - Signed Verification | |
| I.03.b - Plaintiffs' Counsel's Firm | Bernstein Liebhard LLP |
| I.03.e - Plaintiffs' Counsel's Email | dburke@bernlieb.com dlee@bernlieb.com |



BLACKWELL
BURKE P.A.

Benjamin W. Hulse
Direct Dial: 612-343-3256
E-Mail: bhulse@blackwellburke.com

May 7, 2018

**VIA EMAIL AND U.S. MAIL**
Daniel C. Burke
Bernstein Liebhard LLP
10 E. 40th Street
New York, NY 10016
dburke@bernlieb.com

Re:    *In re Bair Hugger Forced Air Warming Devices Products Liability Litigation*
       MDL No. 2666 – Deficiencies in Amended Plaintiff Fact Sheet
       *Parker, Lloyd v. 3M Company et al*  Case No.:0:17-cv-03573-JNE-FLN

Dear Counsel:

We are in receipt of the second amended Plaintiff Fact Sheet (PFS) for the above-captioned matter. The second amended PFS still has core deficiencies, as set forth in the enclosed report.

Paragraph 4 of Pretrial Order No. 14 defines core deficiencies as "a lack of response to all questions in Section I, Section II, and Section III; Section IV, questions 1, 3, 7, 8, 9, 10; Section V, questions 5, 6, and 7; Section VI, questions 1, 3, 6, 7, 8, and 9; Section VII, questions 1 and 2; Section 8, question 2; Section IX, questions 1, 3, and 4, or lack of signed medical authorizations." Paragraph 3 further requires a signed verification.

In addition, the instructions on the PFS form prohibit leaving spaces blank and provide as follows: "If a question is not applicable to you, please state 'Not Applicable' or 'N/A.'"  In our review, many deficiencies resulted from a plaintiff leaving one or more spaces blank.

Pursuant to paragraph 6 of PTO 14, within 3 weeks of the date of this letter, you must respond in writing by either (1) curing the deficiencies (by serving a further revised, verified PFS through Plaintiffs' portal); (2) disputing the deficiencies and setting forth the reasons the PFS is not deficient; or (3) explaining why the deficiencies cannot be timely cured.  When serving a revised, PFS through Plaintiff's portal, you do not need to resubmit documents that were previously served with the original and/or any amended PFS.  An updated verification is required, however, to be served along with the amended PFS.

Sincerely,

s/ Benjamin W. Hulse

Benjamin W. Hulse

cc: Plaintiffs' Co-Lead Counsel
Enclosure

| | |
|---|---|
| **Plaintiffs' Last Name** | Parker |
| **Plaintiffs' First Name** | Lloyd |
| **Case No.** | 0:17-cv-03573 |
| **Section I (Case Information)** | |
| **Section I - Incomplete Questions** | |
| **Section II (Personal Information)** | Incomplete |
| **Section II - Incomplete Questions** | 7, 14 |
| **Section III (Surgery Information)** | |
| **Section III - Incomplete Questions** | |
| **Section IV - 1 (Vital Statistics)** | |
| **Section IV - 3 (Healthcare Providers)** | Incomplete |
| **Section IV - 7 (Pharmacies/Drugstores)** | Incomplete |
| **Section IV - 8 (Dental Procedures)** | |
| **Section IV - 9 (Tobacco)** | |
| **Section IV - 10 (Drug/Alcohol)** | |
| **Section IX - 1 (Consortium Name etc.)** | |
| **Section IX - 3 (Residences)** | |
| **Section IX - 4 (Married)** | |
| **Section V - 5 (Disability Claims)** | |
| **Section V - 6 (Lawsuits)** | |
| **Section V - 7 (Bankruptcy)** | |
| **Section VI - 1 (Physical Injury)** | Incomplete |
| **Section VI - 3 (Emotional Distress)** | |
| **Section VI - 6 (Warnings)** | |
| **Section VI - 7 (3M/Arizant Communications)** | |
| **Section VI - 8 (3M/Arizant Warranty)** | |
| **Section VI - 9 (Augustine)** | |
| **Section VII - 1 (Lost Past Wages)** | |
| **Section VII - 2 (Lost Future Wages)** | |
| **Section VIII - 2 (Verbal/Written Statement)** | |
| **X.01 - Signed Authorization** | |
| **X.02.d - Documents - Signed Verification** | |
| **I.03.b - Plaintiffs' Counsel's Firm** | Bernstein Liebhard LLP |
| **I.03.e - Plaintiffs' Counsel's Email** | dburke@bernlieb.com<br>dlee@bernlieb.com |

 **BLACKWELL BURKE** P.A.

Benjamin W. Hulse
Direct Dial: 612-343-3256
E-Mail: bhulse@blackwellburke.com

April 27, 2018

**VIA EMAIL AND U.S. MAIL**
David W. Hodges
Kennedy Hodges, L.L.P.
4409 Montrose Blvd, Ste 200
Houston, TX, 77006
mtg.kennedyhodges.com

Re: *In re Bair Hugger Forced Air Warming Devices Products Liability Litigation*
MDL No. 2666 – Deficiencies in Amended Plaintiff Fact Sheet
*Hickman, Alan v. 3M Company et al*  Case No.:0:17-cv-03696-JNE-FLN

Dear Counsel:

We are in receipt of the second amended Plaintiff Fact Sheet (PFS) for the above-captioned matter. The second amended PFS still has core deficiencies, as set forth in the enclosed report.

Paragraph 4 of Pretrial Order No. 14 defines core deficiencies as "a lack of response to all questions in Section I, Section II, and Section III; Section IV, questions 1, 3, 7, 8, 9, 10; Section V, questions 5, 6, and 7; Section VI, questions 1, 3, 6, 7, 8, and 9; Section VII, questions 1 and 2; Section 8, question 2; Section IX, questions 1, 3, and 4, or lack of signed medical authorizations." Paragraph 3 further requires a signed verification.

In addition, the instructions on the PFS form prohibit leaving spaces blank and provide as follows: "If a question is not applicable to you, please state 'Not Applicable' or 'N/A.'" In our review, many deficiencies resulted from a plaintiff leaving one or more spaces blank.

Pursuant to paragraph 6 of PTO 14, within 3 weeks of the date of this letter, you must respond in writing by either (1) curing the deficiencies (by serving a further revised, verified PFS through Plaintiffs' portal); (2) disputing the deficiencies and setting forth the reasons the PFS is not deficient; or (3) explaining why the deficiencies cannot be timely cured. When serving a revised, PFS through Plaintiff's portal, you do not need to resubmit documents that were previously served with the original and/or any amended PFS. An updated verification is required, however, to be served along with the amended PFS.

Sincerely,

s/ Benjamin W. Hulse

Benjamin W. Hulse

cc: Plaintiffs' Co-Lead Counsel
Enclosure

Title "Hickman_Alan_17-cv-3696_1_Hickman_Alan_17-cv-3696_1"                     Hickman_Alan_17-cv-
                                                                                3696_1_Hickman_Alan
                                                                                   _17-cv-3696_1

PLAINTIFFS' LAST NAME - Hickman
PLAINTIFFS' FIRST NAME - Alan
CASE NO. - 17-cv-3696
SECTION I (CASE INFORMATION) -
SECTION II (PERSONAL INFORMATION) - Incomplete
SECTION II - INCOMPLETE QUESTIONS - 02, 03, 08, 09, 10, 11, 12, 13
SECTION III   (SURGERY INFORMATION) -
SECTION IV - 1 (VITAL STATISTICS) - Incomplete
SECTION IV - 10   (DRUG/ALCOHOL) - Incomplete
SECTION IV - 3 (HEALTHCARE PROVIDERS) -
SECTION IV - 7   (PHARMACIES/DRUGSTORES) - Incomplete
SECTION IV - 8   (DENTAL PROCEDURES) -
SECTION IV - 9   (TOBACCO) - Incomplete
SECTION IX - 1   (CONSORTIUM NAME ETC.) -
SECTION IX - 3   (RESIDENCES) -
SECTION IX - 4   (MARRIED) -
SECTION V - 5   (DISABILITY CLAIMS) - Incomplete
SECTION V - 6   (LAWSUITS) - Incomplete
SECTION V - 7   (BANKRUPTCY) - Incomplete
SECTION VI - 1   (PHYSICAL INJURY) - Incomplete
SECTION VI - 3   (EMOTIONAL DISTRESS) - Incomplete
SECTION VI - 6   (WARNINGS) -
SECTION VI - 7   (3M/ARIZANT COMMUNICATIONS) -
SECTION VI - 8   (3M/ARIZANT WARRANTY) -
SECTION VI - 9   (AUGUSTINE) -
SECTION VII - 1   (LOST PAST WAGES) - Incomplete
SECTION VII - 2   (LOST FUTURE WAGES) - Incomplete
SECTION VIII - 2   (VERBAL/WRITTEN STATEMENT) - Incomplete
X.01 - SIGNED AUTHORIZATION - Incomplete
X.02.D - DOCUMENTS - SIGNED VERIFICATION - Incomplete
I.03.B - PLAINTIFFS' COUNSEL'S FIRM - Kennedy Hodges
I.03.E - PLAINTIFFS' COUNSEL'S EMAIL - mtg@kennedyhodges.com



Benjamin W. Hulse
Direct Dial: 612-343-3256
E-Mail: bhulse@blackwellburke.com

May 7, 2018

**VIA EMAIL AND U.S. MAIL**
Daniel C. Burke
Bernstein Liebhard LLP
10 E. 40th Street
New York, NY 10016
dburke@bernlieb.com

> Re:  *In re Bair Hugger Forced Air Warming Devices Products Liability Litigation*
>       MDL No. 2666 – Deficiencies in Amended Plaintiff Fact Sheet
>       *Rude, Lynas v. 3M Company et al*  Case No.:0:17-cv-04009-JNE-FLN

Dear Counsel:

We are in receipt of the second amended Plaintiff Fact Sheet (PFS) for the above-captioned matter. The second amended PFS still has core deficiencies, as set forth in the enclosed report.

Paragraph 4 of Pretrial Order No. 14 defines core deficiencies as "a lack of response to all questions in Section I, Section II, and Section III; Section IV, questions 1, 3, 7, 8, 9, 10; Section V, questions 5, 6, and 7; Section VI, questions 1, 3, 6, 7, 8, and 9; Section VII, questions 1 and 2; Section 8, question 2; Section IX, questions 1, 3, and 4, or lack of signed medical authorizations." Paragraph 3 further requires a signed verification.

In addition, the instructions on the PFS form prohibit leaving spaces blank and provide as follows: "If a question is not applicable to you, please state 'Not Applicable' or 'N/A.'" In our review, many deficiencies resulted from a plaintiff leaving one or more spaces blank.

Pursuant to paragraph 6 of PTO 14, within 3 weeks of the date of this letter, you must respond in writing by either (1) curing the deficiencies (by serving a further revised, verified PFS through Plaintiffs' portal); (2) disputing the deficiencies and setting forth the reasons the PFS is not deficient; or (3) explaining why the deficiencies cannot be timely cured. When serving a revised, PFS through Plaintiff's portal, you do not need to resubmit documents that were previously served with the original and/or any amended PFS. An updated verification is required, however, to be served along with the amended PFS.

Sincerely,

s/ Benjamin W. Hulse

Benjamin W. Hulse

cc: Plaintiffs' Co-Lead Counsel
Enclosure

| | |
|---|---|
| **Plaintiffs' Last Name** | Rude |
| **Plaintiffs' First Name** | Lynas |
| **Case No.** | 0:17-cv-04009-JNE-FLN |
| **Section I (Case Information)** | |
| **Section I - Incomplete Questions** | |
| **Section II (Personal Information)** | Incomplete |
| **Section II - Incomplete Questions** | 7 |
| **Section III (Surgery Information)** | |
| **Section III - Incomplete Questions** | |
| **Section IV - 1 (Vital Statistics)** | |
| **Section IV - 3 (Healthcare Providers)** | Incomplete |
| **Section IV - 7 (Pharmacies/Drugstores)** | |
| **Section IV - 8 (Dental Procedures)** | |
| **Section IV - 9 (Tobacco)** | |
| **Section IV - 10 (Drug/Alcohol)** | |
| **Section IX - 1 (Consortium Name etc.)** | |
| **Section IX - 3 (Residences)** | |
| **Section IX - 4 (Married)** | |
| **Section V - 5 (Disability Claims)** | |
| **Section V - 6 (Lawsuits)** | |
| **Section V - 7 (Bankruptcy)** | |
| **Section VI - 1 (Physical Injury)** | |
| **Section VI - 3 (Emotional Distress)** | |
| **Section VI - 6 (Warnings)** | |
| **Section VI - 7 (3M/Arizant Communications)** | |
| **Section VI - 8 (3M/Arizant Warranty)** | |
| **Section VI - 9 (Augustine)** | |
| **Section VII - 1 (Lost Past Wages)** | |
| **Section VII - 2 (Lost Future Wages)** | |
| **Section VIII - 2 (Verbal/Written Statement)** | |
| **X.01 - Signed Authorization** | |
| **X.02.d - Documents - Signed Verification** | |
| **I.03.b - Plaintiffs' Counsel's Firm** | Bernstein Liebhard LLP |
| **I.03.e - Plaintiffs' Counsel's Email** | dburke@bernlieb.com dlee@bernlieb.com |



BLACKWELL
BURKE P.A.

Benjamin W. Hulse
Direct Dial: 612-343-3256
E-Mail: bhulse@blackwellburke.com

April 27, 2018

**VIA EMAIL AND U.S. MAIL**
David W. Hodges
Kennedy Hodges, LLP
4409 Montrose Blvd, Ste 200
Houston, TX, 77006
mtg.kennedyhodges.com

> Re:   *In re Bair Hugger Forced Air Warming Devices Products Liability Litigation*
>       MDL No. 2666 – Deficiencies in Amended Plaintiff Fact Sheet
>       *Coggins, Mark v. 3M Company et al* Case No.: 0:17-cv-04257-JNE-FLN

Dear Counsel:

We are in receipt of the amended Plaintiff Fact Sheet (PFS) for the above-captioned matter. The PFS still has core deficiencies, as set forth in the enclosed report.

Paragraph 4 of Pretrial Order No. 14 defines core deficiencies as "a lack of response to all questions in Section I, Section II, and Section III; Section IV, questions 1, 3, 7, 8, 9, 10; Section V, questions 5, 6, and 7; Section VI, questions 1, 3, 6, 7, 8, and 9; Section VII, questions 1 and 2; Section 8, question 2; Section IX, questions 1, 3, and 4, or lack of signed medical authorizations." Paragraph 3 further requires a signed verification.

In addition, the instructions on the PFS form prohibit leaving spaces blank and provide as follows: "If a question is not applicable to you, please state 'Not Applicable' or 'N/A.'" In our review, many deficiencies resulted from a plaintiff leaving one or more spaces blank.

Pursuant to paragraph 6 of PTO 14, within 3 weeks of the date of this letter, you must respond in writing by either (1) curing the deficiencies (by serving a further revised, verified PFS through Plaintiffs' portal); (2) disputing the deficiencies and setting forth the reasons the PFS is not deficient; or (3) explaining why the deficiencies cannot be timely cured. When serving a revised, verified PFS through Plaintiff's portal, you do not need to resubmit documents that were previously served with the original PFS.

Sincerely,

s/ Benjamin W. Hulse

Benjamin W. Hulse

cc: Plaintiffs' Co-Lead Counsel

Title "Coggins_Mark_17-cv-4257_1_Coggins_Mark_17-cv-4257_1"

Coggins_Mark_17-cv-
4257_1_Coggins_Mark
_17-cv-4257_1

PLAINTIFFS' LAST NAME - Coggins
PLAINTIFFS' FIRST NAME - Mark H.
CASE NO. - 17-cv-4257
SECTION I (CASE INFORMATION) -
SECTION II (PERSONAL INFORMATION) - Incomplete
SECTION II - INCOMPLETE QUESTIONS - 01, 02, 03, 05, 06, 08, 09
SECTION III  (SURGERY INFORMATION) -
SECTION IV - 1 (VITAL STATISTICS) -
SECTION IV - 10  (DRUG/ALCOHOL) - Incomplete
SECTION IV - 3 (HEALTHCARE PROVIDERS) -
SECTION IV - 7  (PHARMACIES/DRUGSTORES) - Incomplete
SECTION IV - 8  (DENTAL PROCEDURES) - Incomplete
SECTION IV - 9 (TOBACCO) - Incomplete
SECTION IX - 1  (CONSORTIUM NAME ETC.) -
SECTION IX - 3  (RESIDENCES) -
SECTION IX - 4  (MARRIED) -
SECTION V - 5  (DISABILITY CLAIMS) - Incomplete
SECTION V - 6  (LAWSUITS) - Incomplete
SECTION V - 7  (BANKRUPTCY) - Incomplete
SECTION VI - 1  (PHYSICAL INJURY) -
SECTION VI - 3  (EMOTIONAL DISTRESS) - Incomplete
SECTION VI - 6  (WARNINGS) -
SECTION VI - 7  (3M/ARIZANT COMMUNICATIONS) -
SECTION VI - 8  (3M/ARIZANT WARRANTY) -
SECTION VI - 9  (AUGUSTINE) -
SECTION VII - 1  (LOST PAST WAGES) - Incomplete
SECTION VII - 2  (LOST FUTURE WAGES) - Incomplete
SECTION VIII - 2  (VERBAL/WRITTEN STATEMENT) -
X.01 - SIGNED AUTHORIZATION - Incomplete
X.02.D - DOCUMENTS - SIGNED VERIFICATION - Incomplete
I.03.B - PLAINTIFFS' COUNSEL'S FIRM - Kennedy Hodges
I.03.E - PLAINTIFFS' COUNSEL'S EMAIL - mtg@kennedyhodges.com



Benjamin W. Hulse
Direct Dial: 612-343-3256
E-Mail: bhulse@blackwellburke.com

May 7, 2018

**VIA EMAIL AND U.S. MAIL**
Daniel C. Burke
Bernstein Liebhard LLP
10 E. 40th Street
New York, NY 10016
dburke@bernlieb.com

   Re: *In re Bair Hugger Forced Air Warming Devices Products Liability Litigation*
     MDL No. 2666 – Deficiencies in Amended Plaintiff Fact Sheet
     *Ingram, Virginia v. 3M Company et al* Case No.: 0:17-cv-04470-JNE-FLN

Dear Counsel:

We are in receipt of the amended Plaintiff Fact Sheet (PFS) for the above-captioned matter. The PFS still has core deficiencies, as set forth in the enclosed report.

Paragraph 4 of Pretrial Order No. 14 defines core deficiencies as "a lack of response to all questions in Section I, Section II, and Section III; Section IV, questions 1, 3, 7, 8, 9, 10; Section V, questions 5, 6, and 7; Section VI, questions 1, 3, 6, 7, 8, and 9; Section VII, questions 1 and 2; Section 8, question 2; Section IX, questions 1, 3, and 4, or lack of signed medical authorizations." Paragraph 3 further requires a signed verification.

In addition, the instructions on the PFS form prohibit leaving spaces blank and provide as follows: "If a question is not applicable to you, please state 'Not Applicable' or 'N/A.'" In our review, many deficiencies resulted from a plaintiff leaving one or more spaces blank.

Pursuant to paragraph 6 of PTO 14, within 3 weeks of the date of this letter, you must respond in writing by either (1) curing the deficiencies (by serving a further revised, verified PFS through Plaintiffs' portal); (2) disputing the deficiencies and setting forth the reasons the PFS is not deficient; or (3) explaining why the deficiencies cannot be timely cured. When serving a revised, verified PFS through Plaintiff's portal, you do not need to resubmit documents that were previously served with the original PFS.

Sincerely,

s/ Benjamin W. Hulse

Benjamin W. Hulse

cc: Plaintiffs' Co-Lead Counsel

| | |
|---|---|
| Plaintiffs' Last Name | Ingram |
| Plaintiffs' First Name | Virginia |
| Case No. | 0:17-cv-04470 |
| Section I (Case Information) | |
| Section I - Incomplete Questions | |
| Section II (Personal Information) | |
| Section II - Incomplete Questions | |
| Section III (Surgery Information) | Incomplete |
| Section III - Incomplete Questions | 1 |
| Section IV - 1 (Vital Statistics) | |
| Section IV - 3 (Healthcare Providers) | |
| Section IV - 7 (Pharmacies/Drugstores) | |
| Section IV - 8 (Dental Procedures) | |
| Section IV - 9 (Tobacco) | |
| Section IV - 10 (Drug/Alcohol) | |
| Section IX - 1 (Consortium Name etc.) | |
| Section IX - 3 (Residences) | |
| Section IX - 4 (Married) | |
| Section V - 5 (Disability Claims) | |
| Section V - 6 (Lawsuits) | |
| Section V - 7 (Bankruptcy) | |
| Section VI - 1 (Physical Injury) | Incomplete |
| Section VI - 3 (Emotional Distress) | |
| Section VI - 6 (Warnings) | |
| Section VI - 7 (3M/Arizant Communications) | |
| Section VI - 8 (3M/Arizant Warranty) | |
| Section VI - 9 (Augustine) | |
| Section VII - 1 (Lost Past Wages) | |
| Section VII - 2 (Lost Future Wages) | |
| Section VIII - 2 (Verbal/Written Statement) | |
| X.01 - Signed Authorization | |
| X.02.d - Documents - Signed Verification | |
| I.03.b - Plaintiffs' Counsel's Firm | |
| I.03.e - Plaintiffs' Counsel's Email | Bernstein Liebhard |



**BLACKWELL BURKE**P.A.

Benjamin W. Hulse
Direct Dial: 612-343-3256
E-Mail: bhulse@blackwellburke.com

May 7, 2018

**VIA EMAIL AND U.S. MAIL**
Daniel Christopher Burke
Bernstein Liebhard LLP
10 E. 40th Street
New York, NY 10016
dburke@bernlieb.com

        Re:    *In re Bair Hugger Forced Air Warming Devices Products Liability Litigation*
              MDL No. 2666 – Deficiencies in Amended Plaintiff Fact Sheet
              *Henderson, Stephanie v. 3M Company et al* Case No.: 0:17-cv-04517-JNE-FLN

Dear Counsel:

We are in receipt of the amended Plaintiff Fact Sheet (PFS) for the above-captioned matter. The PFS still has core deficiencies, as set forth in the enclosed report.

Paragraph 4 of Pretrial Order No. 14 defines core deficiencies as "a lack of response to all questions in Section I, Section II, and Section III; Section IV, questions 1, 3, 7, 8, 9, 10; Section V, questions 5, 6, and 7; Section VI, questions 1, 3, 6, 7, 8, and 9; Section VII, questions 1 and 2; Section 8, question 2; Section IX, questions 1, 3, and 4, or lack of signed medical authorizations." Paragraph 3 further requires a signed verification.

In addition, the instructions on the PFS form prohibit leaving spaces blank and provide as follows: "If a question is not applicable to you, please state 'Not Applicable' or 'N/A.'" In our review, many deficiencies resulted from a plaintiff leaving one or more spaces blank.

Pursuant to paragraph 6 of PTO 14, within 3 weeks of the date of this letter, you must respond in writing by either (1) curing the deficiencies (by serving a further revised, verified PFS through Plaintiffs' portal); (2) disputing the deficiencies and setting forth the reasons the PFS is not deficient; or (3) explaining why the deficiencies cannot be timely cured. When serving a revised, verified PFS through Plaintiff's portal, you do not need to resubmit documents that were previously served with the original PFS.

Sincerely,

s/ Benjamin W. Hulse

Benjamin W. Hulse

cc: Plaintiffs' Co-Lead Counsel

| | |
|---|---|
| **Plaintiffs' Last Name** | Henderson |
| **Plaintiffs' First Name** | Stephanie |
| **Case No.** | 0:17-cv-04517-JNE-FLN |
| **Section I (Case Information)** | Complete |
| **Section I - Incomplete Questions** | |
| **Section II (Personal Information)** | Incomplete |
| **Section II - Incomplete Questions** | 01<br>10 |
| **Section III (Surgery Information)** | |
| **Section III - Incomplete Questions** | 01 |
| **Section IV - 1 (Vital Statistics)** | |
| **Section IV - 3 (Healthcare Providers)** | Incomplete |
| **Section IV - 7 (Pharmacies/Drugstores)** | |
| **Section IV - 8 (Dental Procedures)** | Incomplete |
| **Section IV - 9 (Tobacco)** | |
| **Section IV - 10 (Drug/Alcohol)** | |
| **Section IX - 1 (Consortium Name etc.)** | |
| **Section IX - 3 (Residences)** | |
| **Section IX - 4 (Married)** | |
| **Section V - 5 (Disability Claims)** | |
| **Section V - 6 (Lawsuits)** | |
| **Section V - 7 (Bankruptcy)** | |
| **Section VI - 1 (Physical Injury)** | Incomplete |
| **Section VI - 3 (Emotional Distress)** | Incomplete |
| **Section VI - 6 (Warnings)** | |
| **Section VI - 7 (3M/Arizant Communications)** | |
| **Section VI - 8 (3M/Arizant Warranty)** | |
| **Section VI - 9 (Augustine)** | |
| **Section VII - 1 (Lost Past Wages)** | Incomplete |
| **Section VII - 2 (Lost Future Wages)** | |
| **Section VIII - 2 (Verbal/Written Statement)** | |
| **X.01 - Signed Authorization** | |
| **X.02.d - Documents - Signed Verification** | Incomplete |
| **I.03.b - Plaintiffs' Counsel's Firm** | Bernstein Liebhard |
| **I.03.e - Plaintiffs' Counsel's Email** | dburke@bernlieb.com<br>dlee@bernlieb.com |



Benjamin W. Hulse
Direct Dial: 612-343-3256
E-Mail: bhulse@blackwellburke.com

May 3, 2018

**VIA EMAIL AND U.S. MAIL**
Amanda M. Williams
Gustafson Gluek PLLC
120 South Sixth Street, Suite 2600
Minneapolis, MN 55402
awilliams@gustafsongluek.com

   Re: *In re Bair Hugger Forced Air Warming Devices Products Liability Litigation*
     MDL No. 2666 – Deficiencies in Amended Plaintiff Fact Sheet
     *Hyer, David v. 3M Company et al* Case No.: 0:17-cv-04752-JNE-FLN

Dear Counsel:

We are in receipt of the amended Plaintiff Fact Sheet (PFS) for the above-captioned matter. The PFS still has core deficiencies, as set forth in the enclosed report.

Paragraph 4 of Pretrial Order No. 14 defines core deficiencies as "a lack of response to all questions in Section I, Section II, and Section III; Section IV, questions 1, 3, 7, 8, 9, 10; Section V, questions 5, 6, and 7; Section VI, questions 1, 3, 6, 7, 8, and 9; Section VII, questions 1 and 2; Section 8, question 2; Section IX, questions 1, 3, and 4, or lack of signed medical authorizations." Paragraph 3 further requires a signed verification.

In addition, the instructions on the PFS form prohibit leaving spaces blank and provide as follows: "If a question is not applicable to you, please state 'Not Applicable' or 'N/A.'" In our review, many deficiencies resulted from a plaintiff leaving one or more spaces blank.

Pursuant to paragraph 6 of PTO 14, within 3 weeks of the date of this letter, you must respond in writing by either (1) curing the deficiencies (by serving a further revised, verified PFS through Plaintiffs' portal); (2) disputing the deficiencies and setting forth the reasons the PFS is not deficient; or (3) explaining why the deficiencies cannot be timely cured. When serving a revised, verified PFS through Plaintiff's portal, you do not need to resubmit documents that were previously served with the original PFS.

Sincerely,

s/ Benjamin W. Hulse

Benjamin W. Hulse

cc: Plaintiffs' Co-Lead Counsel

Title "Hyer_David_17-cv-04752_1_Hyer_David_17-cv-04752_1"

Hyer_David_17-cv-
04752_1_Hyer_David_1
7-cv-04752_1

PLAINTIFFS' LAST NAME - Hyer
PLAINTIFFS' FIRST NAME - David
CASE NO. - 17-cv-04752
SECTION I (CASE INFORMATION) -
SECTION II (PERSONAL INFORMATION) -
SECTION III  (SURGERY INFORMATION) -
SECTION IV - 1 (VITAL STATISTICS) -
SECTION IV - 10 (DRUG/ALCOHOL) -
SECTION IV - 3 (HEALTHCARE PROVIDERS) -
SECTION IV - 7 (PHARMACIES/DRUGSTORES) -
SECTION IV - 8 (DENTAL PROCEDURES) -
SECTION IV - 9 (TOBACCO) - Incomplete
SECTION IX - 1  (CONSORTIUM NAME ETC.) -
SECTION IX - 3 (RESIDENCES) -
SECTION IX - 4 (MARRIED) -
SECTION V - 5 (DISABILITY CLAIMS) - Incomplete
SECTION V - 6 (LAWSUITS) - Incomplete
SECTION V - 7 (BANKRUPTCY) -
SECTION VI - 1 (PHYSICAL INJURY) -
SECTION VI - 3 (EMOTIONAL DISTRESS) - Incomplete
SECTION VI - 6 (WARNINGS) -
SECTION VI - 7 (3M/ARIZANT COMMUNICATIONS) -
SECTION VI - 8 (3M/ARIZANT WARRANTY) -
SECTION VI - 9 (AUGUSTINE) -
SECTION VII - 1 (LOST PAST WAGES) -
SECTION VII - 2 (LOST FUTURE WAGES) -
SECTION VIII - 2 (VERBAL/WRITTEN STATEMENT) -
X.01 - SIGNED AUTHORIZATION -
X.02.D - DOCUMENTS - SIGNED VERIFICATION -
I.03.B - PLAINTIFFS' COUNSEL'S FIRM - Gustafson Gluek PLLC
I.03.E - PLAINTIFFS' COUNSEL'S EMAIL - awilliams@gustafsongluek.com



Benjamin W. Hulse
Direct Dial: 612-343-3256
E-Mail: bhulse@blackwellburke.com

May 7, 2018

**VIA EMAIL AND U.S. MAIL**
Daniel C. Burke
Bernstein Liebhard LLP
10 E. 40th Street
New York, NY 10016
dburke@bernlieb.com

> Re:    *In re Bair Hugger Forced Air Warming Devices Products Liability Litigation*
> MDL No. 2666 – Deficiencies in Amended Plaintiff Fact Sheet
> *Pine, Randy v. 3M Company et al.* Case No.: 0:17-cv-04777-JNE-FLN

Dear Counsel:

We are in receipt of the amended Plaintiff Fact Sheet (PFS) for the above-captioned matter. The PFS still has core deficiencies, as set forth in the enclosed report.

Paragraph 4 of Pretrial Order No. 14 defines core deficiencies as "a lack of response to all questions in Section I, Section II, and Section III; Section IV, questions 1, 3, 7, 8, 9, 10; Section V, questions 5, 6, and 7; Section VI, questions 1, 3, 6, 7, 8, and 9; Section VII, questions 1 and 2; Section 8, question 2; Section IX, questions 1, 3, and 4, or lack of signed medical authorizations." Paragraph 3 further requires a signed verification.

In addition, the instructions on the PFS form prohibit leaving spaces blank and provide as follows: "If a question is not applicable to you, please state 'Not Applicable' or 'N/A.'" In our review, many deficiencies resulted from a plaintiff leaving one or more spaces blank.

Pursuant to paragraph 6 of PTO 14, within 3 weeks of the date of this letter, you must respond in writing by either (1) curing the deficiencies (by serving a further revised, verified PFS through Plaintiffs' portal); (2) disputing the deficiencies and setting forth the reasons the PFS is not deficient; or (3) explaining why the deficiencies cannot be timely cured. When serving a revised, verified PFS through Plaintiff's portal, you do not need to resubmit documents that were previously served with the original PFS.

Sincerely,

s/ Benjamin W. Hulse

Benjamin W. Hulse

cc: Plaintiffs' Co-Lead Counsel

| | |
|---|---|
| Plaintiffs' Last Name | Pine |
| Plaintiffs' First Name | Randy |
| Case No. | 0:17-cv-04777 |
| Section I (Case Information) | |
| Section I - Incomplete Questions | |
| Section II (Personal Information) | Incomplete |
| Section II - Incomplete Questions | 06, 07, 10 |
| Section III (Surgery Information) | Incomplete |
| Section III - Incomplete Questions | 1 |
| Section IV - 1 (Vital Statistics) | |
| Section IV - 3 (Healthcare Providers) | |
| Section IV - 7 (Pharmacies/Drugstores) | |
| Section IV - 8 (Dental Procedures) | |
| Section IV - 9 (Tobacco) | |
| Section IV - 10 (Drug/Alcohol) | |
| Section IX - 1 (Consortium Name etc.) | |
| Section IX - 3 (Residences) | |
| Section IX - 4 (Married) | Incomplete |
| Section V - 5 (Disability Claims) | |
| Section V - 6 (Lawsuits) | |
| Section V - 7 (Bankruptcy) | |
| Section VI - 1 (Physical Injury) | Incomplete |
| Section VI - 3 (Emotional Distress) | Incomplete |
| Section VI - 6 (Warnings) | |
| Section VI - 7 (3M/Arizant Communications) | |
| Section VI - 8 (3M/Arizant Warranty) | |
| Section VI - 9 (Augustine) | |
| Section VII - 1 (Lost Past Wages) | |
| Section VII - 2 (Lost Future Wages) | |
| Section VIII - 2 (Verbal/Written Statement) | |
| X.01 - Signed Authorization | |
| X.02.d - Documents - Signed Verification | Incomplete |
| I.03.b - Plaintiffs' Counsel's Firm | Bernstein Liebhard |
| I.03.e - Plaintiffs' Counsel's Email | dburke@bernlieb.com dlee@bernlieb.com |



BLACKWELL
BURKE P.A.

Benjamin W. Hulse
Direct Dial: 612-343-3256
E-Mail: bhulse@blackwellburke.com

April 17, 2018

**VIA EMAIL AND U.S. MAIL**
Daniel C. Burke
Bernstein Liebhard LLP
10 E. 40th Street
New York, NY 10016
dburke@bernlieb.com

> Re:   *In re Bair Hugger Forced Air Warming Devices Products Liability Litigation*
>        MDL No. 2666 – Deficiencies in Plaintiff Fact Sheet for Individual Case
>        *Brown, Ina v. 3M Company et al.* Case No.: 0:17-cv-04778-JNE-FLN

Dear Counsel:

We are in receipt of the Plaintiff Fact Sheet (PFS) for the above-captioned matter. The PFS has core deficiencies, as set forth in the enclosed report.

Paragraph 4 of Pretrial Order No. 14 defines core deficiencies as "a lack of response to all questions in Section I, Section II, and Section III; Section IV, questions 1, 3, 7, 8, 9, 10; Section V, questions 5, 6, and 7; Section VI, questions 1, 3, 6, 7, 8, and 9; Section VII, questions 1 and 2; Section 8, question 2; Section IX, questions 1, 3, and 4, or lack of signed medical authorizations." Paragraph 3 further requires a signed verification.

In addition, the instructions on the PFS form prohibit leaving spaces blank and provide as follows: "If a question is not applicable to you, please state 'Not Applicable' or 'N/A.'" In our review, many deficiencies resulted from a plaintiff leaving one or more spaces blank.

Pursuant to paragraph 6 of PTO 14, within 3 weeks of the date of this letter, you must respond in writing by either (1) curing the deficiencies (by serving a revised, verified PFS through Plaintiffs' portal); (2) disputing the deficiencies and setting forth the reasons the PFS is not deficient; or (3) explaining why the deficiencies cannot be timely cured. When serving a revised, verified PFS through Plaintiff's portal, you do not need to resubmit documents that were previously served with the original PFS.

Sincerely,

s/ Benjamin W. Hulse

Benjamin W. Hulse

cc: Plaintiffs' Co-Lead Counsel
Enclosure

Title "Brown_Ina _CaseNo017-cv-04778_1_Brown_Ina _CaseNo017-cv-04778_1"

Brown_Ina
_CaseNo017-cv-
04778_1_Brown_Ina
_CaseNo017-cv-
04778_1

PLAINTIFFS' LAST NAME - Brown
PLAINTIFFS' FIRST NAME - Ina
CASE NO. - 0:17-cv-04778
SECTION I (CASE INFORMATION) -
SECTION II (PERSONAL INFORMATION) -
SECTION III   (SURGERY INFORMATION) - Incomplete
SECTION III - INCOMPLETE QUESTIONS - 01, 03
SECTION IV - 1 (VITAL STATISTICS) -
SECTION IV - 10   (DRUG/ALCOHOL) -
SECTION IV - 3 (HEALTHCARE PROVIDERS) -
SECTION IV - 7   (PHARMACIES/DRUGSTORES) -
SECTION IV - 8   (DENTAL PROCEDURES) - Incomplete
SECTION IV - 9   (TOBACCO) -
SECTION IX - 1   (CONSORTIUM NAME ETC.) -
SECTION IX - 3   (RESIDENCES) - Incomplete
SECTION IX - 4   (MARRIED) - Incomplete
SECTION V - 5   (DISABILITY CLAIMS) -
SECTION V - 6   (LAWSUITS) -
SECTION V - 7   (BANKRUPTCY) -
SECTION VI - 1   (PHYSICAL INJURY) - Incomplete
SECTION VI - 3   (EMOTIONAL DISTRESS) - Incomplete
SECTION VI - 6   (WARNINGS) -
SECTION VI - 7   (3M/ARIZANT COMMUNICATIONS) -
SECTION VI - 8   (3M/ARIZANT WARRANTY) -
SECTION VI - 9   (AUGUSTINE) -
SECTION VII - 1   (LOST PAST WAGES) -
SECTION VII - 2   (LOST FUTURE WAGES) -
SECTION VIII - 2   (VERBAL/WRITTEN STATEMENT) -
I.03.B - PLAINTIFFS' COUNSEL'S FIRM - Bernstein Liebhard
I.03.E - PLAINTIFFS' COUNSEL'S EMAIL - dburke@bernlieb.com, dlee@bernlieb.com



# BLACKWELL
# BURKE P.A.

Benjamin W. Hulse
Direct Dial: 612-343-3256
E-Mail: bhulse@blackwellburke.com

April 27, 2018

**VIA EMAIL AND U.S. MAIL**
David W. Hodges
Kennedy Hodges, L.L.P.
4409 Montrose Blvd, Ste 200
Houston, TX, 77006
mtg.kennedyhodges.com

      *Re:*   *In re Bair Hugger Forced Air Warming Devices Products Liability Litigation*
                MDL No. 2666 – Deficiencies in Amended Plaintiff Fact Sheet
                *Key, Nancy v. 3M Company et al* Case No.: 0:17-cv-04779-JNE-FLN

Dear Counsel:

We are in receipt of the amended Plaintiff Fact Sheet (PFS) for the above-captioned matter. The PFS still has core deficiencies, as set forth in the enclosed report.

Paragraph 4 of Pretrial Order No. 14 defines core deficiencies as "a lack of response to all questions in Section I, Section II, and Section III; Section IV, questions 1, 3, 7, 8, 9, 10; Section V, questions 5, 6, and 7; Section VI, questions 1, 3, 6, 7, 8, and 9; Section VII, questions 1 and 2; Section 8, question 2; Section IX, questions 1, 3, and 4, or lack of signed medical authorizations." Paragraph 3 further requires a signed verification.

In addition, the instructions on the PFS form prohibit leaving spaces blank and provide as follows: "If a question is not applicable to you, please state 'Not Applicable' or 'N/A.'" In our review, many deficiencies resulted from a plaintiff leaving one or more spaces blank.

Pursuant to paragraph 6 of PTO 14, within 3 weeks of the date of this letter, you must respond in writing by either (1) curing the deficiencies (by serving a further revised, verified PFS through Plaintiffs' portal); (2) disputing the deficiencies and setting forth the reasons the PFS is not deficient; or (3) explaining why the deficiencies cannot be timely cured. When serving a revised, verified PFS through Plaintiff's portal, you do not need to resubmit documents that were previously served with the original PFS.

Sincerely,

s/ Benjamin W. Hulse

Benjamin W. Hulse

cc: Plaintiffs' Co-Lead Counsel

Title "Key_Nancy_17-cv-4779_1_Key_Nancy_17-cv-4779_1"                    Key_Nancy_17-cv-
                                                                         4779_1_Key_Nancy_17-
                                                                         cv-4779_1

PLAINTIFFS' LAST NAME - Key
PLAINTIFFS' FIRST NAME - Nancy
CASE NO. - 17-cv-4779
SECTION I (CASE INFORMATION) -
SECTION II (PERSONAL INFORMATION) - Incomplete
SECTION II - INCOMPLETE QUESTIONS - 01, 02, 03, 05, 06, 07, 08, 09, 10, 11, 12
SECTION III   (SURGERY INFORMATION) -
SECTION IV - 1 (VITAL STATISTICS) - Incomplete
SECTION IV - 10   (DRUG/ALCOHOL) - Incomplete
SECTION IV - 3 (HEALTHCARE PROVIDERS) -
SECTION IV - 7   (PHARMACIES/DRUGSTORES) - Incomplete
SECTION IV - 8   (DENTAL PROCEDURES) - Incomplete
SECTION IV - 9   (TOBACCO) - Incomplete
SECTION IX - 1   (CONSORTIUM NAME ETC.) -
SECTION IX - 3   (RESIDENCES) -
SECTION IX - 4   (MARRIED) -
SECTION V - 5   (DISABILITY CLAIMS) - Incomplete
SECTION V - 6   (LAWSUITS) - Incomplete
SECTION V - 7   (BANKRUPTCY) - Incomplete
SECTION VI - 1   (PHYSICAL INJURY) - Incomplete
SECTION VI - 3   (EMOTIONAL DISTRESS) -
SECTION VI - 6   (WARNINGS) -
SECTION VI - 7   (3M/ARIZANT COMMUNICATIONS) -
SECTION VI - 8   (3M/ARIZANT WARRANTY) -
SECTION VI - 9   (AUGUSTINE) -
SECTION VII - 1   (LOST PAST WAGES) - Incomplete
SECTION VII - 2   (LOST FUTURE WAGES) - Incomplete
SECTION VIII - 2   (VERBAL/WRITTEN STATEMENT) - Incomplete
X.01 - SIGNED AUTHORIZATION - Incomplete
X.02.D - DOCUMENTS - SIGNED VERIFICATION - Incomplete
I.03.B - PLAINTIFFS' COUNSEL'S FIRM - Kennedy Hodges
I.03.E - PLAINTIFFS' COUNSEL'S EMAIL - mtg@kennedyhodges.com



BB | BLACKWELL
     BURKE P.A.

Benjamin W. Hulse
Direct Dial: 612-343-3256
E-Mail: bhulse@blackwellburke.com

May 7, 2018

**VIA EMAIL AND U.S. MAIL**
Daniel C. Burke
Bernstein Liebhard LLP
10 E. 40th Street
New York, NY 10016
dburke@bernlieb.com

Re:   *In re Bair Hugger Forced Air Warming Devices Products Liability Litigation*
      MDL No. 2666 – Deficiencies in Plaintiff Fact Sheet for Individual Case
      *Potter, Karen v. 3M Company et al* Case No.: 0:17-cv-04881-JNE-FLN

Dear Counsel:

We are in receipt of the Plaintiff Fact Sheet (PFS) for the above-captioned matter.  The PFS has core deficiencies, as set forth in the enclosed report.

Paragraph 4 of Pretrial Order No. 14 defines core deficiencies as "a lack of response to all questions in Section I, Section II, and Section III; Section IV, questions 1, 3, 7, 8, 9, 10; Section V, questions 5, 6, and 7; Section VI, questions 1, 3, 6, 7, 8, and 9; Section VII, questions 1 and 2; Section 8, question 2; Section IX, questions 1, 3, and 4, or lack of signed medical authorizations."  Paragraph 3 further requires a signed verification.

In addition, the instructions on the PFS form prohibit leaving spaces blank and provide as follows: "If a question is not applicable to you, please state 'Not Applicable' or 'N/A.'"  In our review, many deficiencies resulted from a plaintiff leaving one or more spaces blank.

Pursuant to paragraph 6 of PTO 14, within 3 weeks of the date of this letter, you must respond in writing by either (1) curing the deficiencies (by serving a revised, verified PFS through Plaintiffs' portal); (2) disputing the deficiencies and setting forth the reasons the PFS is not deficient; or (3) explaining why the deficiencies cannot be timely cured.  When serving a revised, verified PFS through Plaintiff's portal, you do not need to resubmit documents that were previously served with the original PFS.

Sincerely,

s/ Benjamin W. Hulse

Benjamin W. Hulse

cc: Plaintiffs' Co-Lead Counsel
Enclosure

| | |
|---|---|
| Plaintiffs' Last Name | Potter |
| Plaintiffs' First Name | Karen |
| Case No. | 17-cv-04881 |
| Section I (Case Information) | |
| Section I - Incomplete Questions | |
| Section II (Personal Information) | Incomplete |
| Section II - Incomplete Questions | 2 |
| Section III (Surgery Information) | Incomplete |
| Section III - Incomplete Questions | 1 |
| Section IV - 1 (Vital Statistics) | |
| Section IV - 3 (Healthcare Providers) | |
| Section IV - 7 (Pharmacies/Drugstores) | |
| Section IV - 8 (Dental Procedures) | |
| Section IV - 9 (Tobacco) | |
| Section IV - 10 (Drug/Alcohol) | |
| Section IX - 1 (Consortium Name etc.) | |
| Section IX - 3 (Residences) | |
| Section IX - 4 (Married) | |
| Section V - 5 (Disability Claims) | |
| Section V - 6 (Lawsuits) | |
| Section V - 7 (Bankruptcy) | |
| Section VI - 1 (Physical Injury) | Incomplete |
| Section VI - 3 (Emotional Distress) | |
| Section VI - 6 (Warnings) | |
| Section VI - 7 (3M/Arizant Communications) | |
| Section VI - 8 (3M/Arizant Warranty) | |
| Section VI - 9 (Augustine) | |
| Section VII - 1 (Lost Past Wages) | Incomplete |
| Section VII - 2 (Lost Future Wages) | |
| Section VIII - 2 (Verbal/Written Statement) | |
| X.01 - Signed Authorization | |
| X.02.d - Documents - Signed Verification | |
| I.03.b - Plaintiffs' Counsel's Firm | Bernstein Liebhard LLP |
| I.03.e - Plaintiffs' Counsel's Email | dburke@bernlieb.com dlee@bernlieb.com |



**BLACKWELL BURKE** P.A.

Benjamin W. Hulse
Direct Dial: 612-343-3256
E-Mail: bhulse@blackwellburke.com

May 7, 2018

**VIA EMAIL AND U.S. MAIL**
Daniel C. Burke
Bernstein Liebhard LLP
10 E. 40th Street
New York, NY 10016
dburke@bernlieb.com

>       Re:     *In re Bair Hugger Forced Air Warming Devices Products Liability Litigation*
>               MDL No. 2666 – Deficiencies in Plaintiff Fact Sheet for Individual Case
>               *McEvoy, Mark v. 3M Company et al* Case No.: 0:17-cv-04885-JNE-FLN

Dear Counsel:

We are in receipt of the Plaintiff Fact Sheet (PFS) for the above-captioned matter. The PFS has core deficiencies, as set forth in the enclosed report.

Paragraph 4 of Pretrial Order No. 14 defines core deficiencies as "a lack of response to all questions in Section I, Section II, and Section III; Section IV, questions 1, 3, 7, 8, 9, 10; Section V, questions 5, 6, and 7; Section VI, questions 1, 3, 6, 7, 8, and 9; Section VII, questions 1 and 2; Section 8, question 2; Section IX, questions 1, 3, and 4, or lack of signed medical authorizations." Paragraph 3 further requires a signed verification.

In addition, the instructions on the PFS form prohibit leaving spaces blank and provide as follows: "If a question is not applicable to you, please state 'Not Applicable' or 'N/A.'" In our review, many deficiencies resulted from a plaintiff leaving one or more spaces blank.

Pursuant to paragraph 6 of PTO 14, within 3 weeks of the date of this letter, you must respond in writing by either (1) curing the deficiencies (by serving a revised, verified PFS through Plaintiffs' portal); (2) disputing the deficiencies and setting forth the reasons the PFS is not deficient; or (3) explaining why the deficiencies cannot be timely cured. When serving a revised, verified PFS through Plaintiff's portal, you do not need to resubmit documents that were previously served with the original PFS.

Sincerely,

s/ Benjamin W. Hulse

Benjamin W. Hulse

cc: Plaintiffs' Co-Lead Counsel
Enclosure

---

| | |
|---|---|
| Plaintiffs' Last Name | McEvoy |
| Plaintiffs' First Name | Mark |
| Case No. | 17-cv-04885 |
| Section I (Case Information) | |
| Section I - Incomplete Questions | |
| Section II (Personal Information) | |
| Section II - Incomplete Questions | |
| Section III (Surgery Information) | Incomplete |
| Section III - Incomplete Questions | 1 |
| Section IV - 1 (Vital Statistics) | |
| Section IV - 3 (Healthcare Providers) | Incomplete |
| Section IV - 7 (Pharmacies/Drugstores) | Incomplete |
| Section IV - 8 (Dental Procedures) | |
| Section IV - 9 (Tobacco) | |
| Section IV - 10 (Drug/Alcohol) | |
| Section IX - 1 (Consortium Name etc.) | |
| Section IX - 3 (Residences) | |
| Section IX - 4 (Married) | |
| Section V - 5 (Disability Claims) | |
| Section V - 6 (Lawsuits) | |
| Section V - 7 (Bankruptcy) | |
| Section VI - 1 (Physical Injury) | Incomplete |
| Section VI - 3 (Emotional Distress) | |
| Section VI - 6 (Warnings) | |
| Section VI - 7 (3M/Arizant Communications) | |
| Section VI - 8 (3M/Arizant Warranty) | |
| Section VI - 9 (Augustine) | |
| Section VII - 1 (Lost Past Wages) | |
| Section VII - 2 (Lost Future Wages) | |
| Section VIII - 2 (Verbal/Written Statement) | |
| X.01 - Signed Authorization | |
| X.02.d - Documents - Signed Verification | Incomplete |
| I.03.b - Plaintiffs' Counsel's Firm | Bernstein Liebhard LLP |
| I.03.e - Plaintiffs' Counsel's Email | dburke@bernlieb.com dlee@bernlieb.com |


BLACKWELL
BURKE P.A.

Benjamin W. Hulse
Direct Dial: 612-343-3256
E-Mail: bhulse@blackwellburke.com

May 7, 2018

**VIA EMAIL AND U.S. MAIL**
Daniel C. Burke
Bernstein Liebhard LLP
10 E. 40th Street
New York, NY 10016
dburke@bernlieb.com

Re:   *In re Bair Hugger Forced Air Warming Devices Products Liability Litigation*
MDL No. 2666 – Deficiencies in Plaintiff Fact Sheet for Individual Case
*Thornton, Mildred v. 3M Company et al* Case No.: 0:17-cv-04889-JNE-FLN

Dear Counsel:

We are in receipt of the Plaintiff Fact Sheet (PFS) for the above-captioned matter.  The PFS has core deficiencies, as set forth in the enclosed report.

Paragraph 4 of Pretrial Order No. 14 defines core deficiencies as "a lack of response to all questions in Section I, Section II, and Section III; Section IV, questions 1, 3, 7, 8, 9, 10; Section V, questions 5, 6, and 7; Section VI, questions 1, 3, 6, 7, 8, and 9; Section VII, questions 1 and 2; Section 8, question 2; Section IX, questions 1, 3, and 4, or lack of signed medical authorizations."  Paragraph 3 further requires a signed verification.

In addition, the instructions on the PFS form prohibit leaving spaces blank and provide as follows: "If a question is not applicable to you, please state 'Not Applicable' or 'N/A.'"  In our review, many deficiencies resulted from a plaintiff leaving one or more spaces blank.

Pursuant to paragraph 6 of PTO 14, within 3 weeks of the date of this letter, you must respond in writing by either (1) curing the deficiencies (by serving a revised, verified PFS through Plaintiffs' portal); (2) disputing the deficiencies and setting forth the reasons the PFS is not deficient; or (3) explaining why the deficiencies cannot be timely cured.  When serving a revised, verified PFS through Plaintiff's portal, you do not need to resubmit documents that were previously served with the original PFS.

Sincerely,

s/ Benjamin W. Hulse

Benjamin W. Hulse

cc: Plaintiffs' Co-Lead Counsel
Enclosure

| | |
|---|---|
| Plaintiffs' Last Name | Thornton |
| Plaintiffs' First Name | Mildred |
| Case No. | 17-cv-04889 |
| Section I (Case Information) | |
| Section I - Incomplete Questions | |
| Section II (Personal Information) | |
| Section II - Incomplete Questions | |
| Section III (Surgery Information) | |
| Section III - Incomplete Questions | |
| Section IV - 1 (Vital Statistics) | |
| Section IV - 3 (Healthcare Providers) | |
| Section IV - 7 (Pharmacies/Drugstores) | Incomplete |
| Section IV - 8 (Dental Procedures) | |
| Section IV - 9 (Tobacco) | |
| Section IV - 10 (Drug/Alcohol) | |
| Section IX - 1 (Consortium Name etc.) | |
| Section IX - 3 (Residences) | |
| Section IX - 4 (Married) | |
| Section V - 5 (Disability Claims) | |
| Section V - 6 (Lawsuits) | |
| Section V - 7 (Bankruptcy) | |
| Section VI - 1 (Physical Injury) | Incomplete |
| Section VI - 3 (Emotional Distress) | |
| Section VI - 6 (Warnings) | |
| Section VI - 7 (3M/Arizant Communications) | |
| Section VI - 8 (3M/Arizant Warranty) | |
| Section VI - 9 (Augustine) | |
| Section VII - 1 (Lost Past Wages) | |
| Section VII - 2 (Lost Future Wages) | |
| Section VIII - 2 (Verbal/Written Statement) | |
| X.01 - Signed Authorization | |
| X.02.d - Documents - Signed Verification | |
| I.03.b - Plaintiffs' Counsel's Firm | |
| I.03.e - Plaintiffs' Counsel's Email | Bernstein Liebhard LLP |



BLACKWELL
BURKE P.A.

Benjamin W. Hulse
Direct Dial: 612-343-3256
E-Mail: bhulse@blackwellburke.com

April 17, 2018

**VIA EMAIL AND U.S. MAIL**
Daniel C. Burke
Bernstein Liebhard LLP
10 E. 40th Street
New York, NY 10016
dburke@bernlieb.com

Re:   *In re Bair Hugger Forced Air Warming Devices Products Liability Litigation*
      MDL No. 2666 – Deficiencies in Plaintiff Fact Sheet for Individual Case
      *Edwards, Renate v. 3M Company et al* Case No.: 0:17-cv-04891-JNE-FLN

Dear Counsel:

We are in receipt of the Plaintiff Fact Sheet (PFS) for the above-captioned matter. The PFS has core deficiencies, as set forth in the enclosed report.

Paragraph 4 of Pretrial Order No. 14 defines core deficiencies as "a lack of response to all questions in Section I, Section II, and Section III; Section IV, questions 1, 3, 7, 8, 9, 10; Section V, questions 5, 6, and 7; Section VI, questions 1, 3, 6, 7, 8, and 9; Section VII, questions 1 and 2; Section 8, question 2; Section IX, questions 1, 3, and 4, or lack of signed medical authorizations." Paragraph 3 further requires a signed verification.

In addition, the instructions on the PFS form prohibit leaving spaces blank and provide as follows: "If a question is not applicable to you, please state 'Not Applicable' or 'N/A.'" In our review, many deficiencies resulted from a plaintiff leaving one or more spaces blank.

Pursuant to paragraph 6 of PTO 14, within 3 weeks of the date of this letter, you must respond in writing by either (1) curing the deficiencies (by serving a revised, verified PFS through Plaintiffs' portal); (2) disputing the deficiencies and setting forth the reasons the PFS is not deficient; or (3) explaining why the deficiencies cannot be timely cured. When serving a revised, verified PFS through Plaintiff's portal, you do not need to resubmit documents that were previously served with the original PFS.

Sincerely,

s/ Benjamin W. Hulse

Benjamin W. Hulse

cc: Plaintiffs' Co-Lead Counsel
Enclosure

Title "Edwards _Renate _17-CV-04891_1_Edwards _Renate _17-CV-04891_1"

Edwards _Renate _17-CV-04891_1_Edwards _Renate _17-CV-04891_1

PLAINTIFFS' LAST NAME - Edwards
PLAINTIFFS' FIRST NAME - Renate
CASE NO. - 17-CV-04891
SECTION I (CASE INFORMATION) -
SECTION II (PERSONAL INFORMATION) -
SECTION III (SURGERY INFORMATION) - Incomplete
SECTION III - INCOMPLETE QUESTIONS - 03
SECTION IV - 1 (VITAL STATISTICS) -
SECTION IV - 10 (DRUG/ALCOHOL) -
SECTION IV - 3 (HEALTHCARE PROVIDERS) – Incomplete
SECTION IV - 7 (PHARMACIES/DRUGSTORES) – Incomplete
SECTION IV - 8 (DENTAL PROCEDURES) -
SECTION IV - 9 (TOBACCO) -
SECTION IX - 1 (CONSORTIUM NAME ETC.) -
SECTION IX - 3 (RESIDENCES) -
SECTION IX - 4 (MARRIED) -
SECTION V - 5 (DISABILITY CLAIMS) -
SECTION V - 6 (LAWSUITS) -
SECTION V - 7 (BANKRUPTCY) -
SECTION VI - 1 (PHYSICAL INJURY) - Incomplete
SECTION VI - 3 (EMOTIONAL DISTRESS) - Incomplete
SECTION VI - 6 (WARNINGS) -
SECTION VI - 7 (3M/ARIZANT COMMUNICATIONS) -
SECTION VI - 8 (3M/ARIZANT WARRANTY) -
SECTION VI - 9 (AUGUSTINE) -
SECTION VII - 1 (LOST PAST WAGES) -
SECTION VII - 2 (LOST FUTURE WAGES) -
SECTION VIII - 2 (VERBAL/WRITTEN STATEMENT) -
X.01 - SIGNED AUTHORIZATION -
X.02.D - DOCUMENTS - SIGNED VERIFICATION -
I.03.B - PLAINTIFFS' COUNSEL'S FIRM - Bernstein Liebhard
I.03.E - PLAINTIFFS' COUNSEL'S EMAIL - dburke@bernllieb.com, dlee@bernllieb.com



# BLACKWELL BURKE P.A.

Benjamin W. Hulse
Direct Dial: 612-343-3256
E-Mail: bhulse@blackwellburke.com

May 10, 2018

**VIA EMAIL AND U.S. MAIL**
Behram Parekh
Kirtland and Packard LLP
1638 South Pacific Coast Highway
Redondo Beach, CA 90277
bvp@kirtlandpackard.com

> Re:   *In re Bair Hugger Forced Air Warming Devices Products Liability Litigation*
> MDL No. 2666 – Deficiencies in Plaintiff Fact Sheet for Individual Case
> *Robinson-Bessicks, Alberta v. 3M Company et al* Case No.: 0:17-cv-05123-JNE-FLN

Dear Counsel:

We are in receipt of the Plaintiff Fact Sheet (PFS) for the above-captioned matter. The PFS has core deficiencies, as set forth in the enclosed report.

Paragraph 4 of Pretrial Order No. 14 defines core deficiencies as "a lack of response to all questions in Section I, Section II, and Section III; Section IV, questions 1, 3, 7, 8, 9, 10; Section V, questions 5, 6, and 7; Section VI, questions 1, 3, 6, 7, 8, and 9; Section VII, questions 1 and 2; Section 8, question 2; Section IX, questions 1, 3, and 4, or lack of signed medical authorizations." Paragraph 3 further requires a signed verification.

In addition, the instructions on the PFS form prohibit leaving spaces blank and provide as follows: "If a question is not applicable to you, please state 'Not Applicable' or 'N/A.'" In our review, many deficiencies resulted from a plaintiff leaving one or more spaces blank.

Pursuant to paragraph 6 of PTO 14, within 3 weeks of the date of this letter, you must respond in writing by either (1) curing the deficiencies (by serving a revised, verified PFS through Plaintiffs' portal); (2) disputing the deficiencies and setting forth the reasons the PFS is not deficient; or (3) explaining why the deficiencies cannot be timely cured. When serving a revised, verified PFS through Plaintiff's portal, you do not need to resubmit documents that were previously served with the original PFS.

Sincerely,

s/ Benjamin W. Hulse

Benjamin W. Hulse

cc: Plaintiffs' Co-Lead Counsel

| | |
|---|---|
| Plaintiffs' Last Name | Robinson- Bessicks |
| Plaintiffs' First Name | Alberta |
| Case No. | not identified |
| Section I (Case Information) | Incomplete |
| Section I - Incomplete Questions | 2 |
| Section II (Personal Information) | Incomplete |
| Section II - Incomplete Questions | 01<br>02<br>03<br>07<br>09 |
| Section III (Surgery Information) | |
| Section III - Incomplete Questions | |
| Section IV - 1 (Vital Statistics) | |
| Section IV - 3 (Healthcare Providers) | |
| Section IV - 7 (Pharmacies/Drugstores) | |
| Section IV - 8 (Dental Procedures) | |
| Section IV - 9 (Tobacco) | |
| Section IV - 10 (Drug/Alcohol) | |
| Section IX - 1 (Consortium Name etc.) | |
| Section IX - 3 (Residences) | |
| Section IX - 4 (Married) | |
| Section V - 5 (Disability Claims) | |
| Section V - 6 (Lawsuits) | |
| Section V - 7 (Bankruptcy) | |
| Section VI - 1 (Physical Injury) | |
| Section VI - 3 (Emotional Distress) | |
| Section VI - 6 (Warnings) | |
| Section VI - 7 (3M/Arizant Communications) | |
| Section VI - 8 (3M/Arizant Warranty) | |
| Section VI - 9 (Augustine) | |
| Section VII - 1 (Lost Past Wages) | |
| Section VII - 2 (Lost Future Wages) | |
| Section VIII - 2 (Verbal/Written Statement) | Incomplete |
| X.01 - Signed Authorization | Incomplete |
| X.02.d - Documents - Signed Verification | Incomplete |
| I.03.b - Plaintiffs' Counsel's Firm | |
| I.03.e - Plaintiffs' Counsel's Email | Kirtland Packard |



# BLACKWELL BURKE P.A.

Benjamin W. Hulse
Direct Dial: 612-343-3256
E-Mail: bhulse@blackwellburke.com

April 17, 2018

**VIA EMAIL AND U.S. MAIL**
Daniel C. Burke
Bernstein Liebhard LLP
10 E. 40th Street
New York, NY 10016
dburke@bernlieb.com

Re:   *In re Bair Hugger Forced Air Warming Devices Products Liability Litigation*
MDL No. 2666 -- Deficiencies in Plaintiff Fact Sheet for Individual Case
*Hardy, Alan  v. 3M Company et al* Case No.: 0:17-cv-05261-JNE-FLN

Dear Counsel:

We are in receipt of the Plaintiff Fact Sheet (PFS) for the above-captioned matter.  The PFS has core deficiencies, as set forth in the enclosed report.

Paragraph 4 of Pretrial Order No. 14 defines core deficiencies as "a lack of response to all questions in Section I, Section II, and Section III; Section IV, questions 1, 3, 7, 8, 9, 10; Section V, questions 5, 6, and 7; Section VI, questions 1, 3, 6, 7, 8, and 9; Section VII, questions 1 and 2; Section 8, question 2; Section IX, questions 1, 3, and 4, or lack of signed medical authorizations."  Paragraph 3 further requires a signed verification.

In addition, the instructions on the PFS form prohibit leaving spaces blank and provide as follows: "If a question is not applicable to you, please state 'Not Applicable' or 'N/A.'"  In our review, many deficiencies resulted from a plaintiff leaving one or more spaces blank.

Pursuant to paragraph 6 of PTO 14, within 3 weeks of the date of this letter, you must respond in writing by either (1) curing the deficiencies (by serving a revised, verified PFS through Plaintiffs' portal); (2) disputing the deficiencies and setting forth the reasons the PFS is not deficient; or (3) explaining why the deficiencies cannot be timely cured.  When serving a revised, verified PFS through Plaintiff's portal, you do not need to resubmit documents that were previously served with the original PFS.

Sincerely,

s/ Benjamin W. Hulse

Benjamin W. Hulse

cc: Plaintiffs' Co-Lead Counsel
Enclosure

Title "Hardy_Alan_017-cv-05261-JNE-FLN_1_Hardy_Alan_017-cv-05261-JNE-FLN_1"

Hardy_Alan_017-cv-05261-JNE-FLN_1_Hardy_Alan_017-cv-05261-JNE-FLN_1

PLAINTIFFS' LAST NAME - Hardy
PLAINTIFFS' FIRST NAME - Alan
CASE NO. - 0:17-cv-05261-JNE-FLN
SECTION I (CASE INFORMATION) -
SECTION II (PERSONAL INFORMATION) -
SECTION III   (SURGERY INFORMATION) - Incomplete
SECTION III - INCOMPLETE QUESTIONS - 01
SECTION IV - 1 (VITAL STATISTICS) -
SECTION IV - 10   (DRUG/ALCOHOL) -
SECTION IV - 3 (HEALTHCARE PROVIDERS) -
SECTION IV - 7   (PHARMACIES/DRUGSTORES) -
SECTION IV - 8   (DENTAL PROCEDURES) -
SECTION IV - 9   (TOBACCO) -
SECTION IX - 1   (CONSORTIUM NAME ETC.) -
SECTION IX - 3   (RESIDENCES) -
SECTION IX - 4   (MARRIED) -
SECTION V - 5   (DISABILITY CLAIMS) -
SECTION V - 6   (LAWSUITS) -
SECTION V - 7   (BANKRUPTCY) -
SECTION VI - 1   (PHYSICAL INJURY) - Incomplete
SECTION VI - 3   (EMOTIONAL DISTRESS) - Incomplete
SECTION VI - 6   (WARNINGS) -
SECTION VI - 7   (3M/ARIZANT COMMUNICATIONS) -
SECTION VI - 8   (3M/ARIZANT WARRANTY) -
SECTION VI - 9   (AUGUSTINE) -
SECTION VII - 1   (LOST PAST WAGES) -
SECTION VII - 2   (LOST FUTURE WAGES) -
SECTION VIII - 2   (VERBAL/WRITTEN STATEMENT) -
X.01 - SIGNED AUTHORIZATION -
X.02.D - DOCUMENTS - SIGNED VERIFICATION -
I.03.B - PLAINTIFFS' COUNSEL'S FIRM - Bernstein Liebhard
I.03.E - PLAINTIFFS' COUNSEL'S EMAIL - dburke@bernlieb.com, dlee@bernlieb.com


**BLACKWELL BURKE** P.A.

Benjamin W. Hulse
Direct Dial: 612-343-3256
E-Mail: bhulse@blackwellburke.com

April 17, 2018

**VIA EMAIL AND U.S. MAIL**
Daniel C. Burke
Bernstein Liebhard LLP
10 E. 40th Street
New York, NY 10016
dburke@bernlieb.com

> Re:   *In re Bair Hugger Forced Air Warming Devices Products Liability Litigation*
> MDL No. 2666 – Deficiencies in Plaintiff Fact Sheet for Individual Case
> *Johnston, Todd v. 3M Company et al* Case No.: 0:17-cv-05270-JNE-FLN

Dear Counsel:

We are in receipt of the Plaintiff Fact Sheet (PFS) for the above-captioned matter. The PFS has core deficiencies, as set forth in the enclosed report.

Paragraph 4 of Pretrial Order No. 14 defines core deficiencies as "a lack of response to all questions in Section I, Section II, and Section III; Section IV, questions 1, 3, 7, 8, 9, 10; Section V, questions 5, 6, and 7; Section VI, questions 1, 3, 6, 7, 8, and 9; Section VII, questions 1 and 2; Section 8, question 2; Section IX, questions 1, 3, and 4, or lack of signed medical authorizations." Paragraph 3 further requires a signed verification.

In addition, the instructions on the PFS form prohibit leaving spaces blank and provide as follows: "If a question is not applicable to you, please state 'Not Applicable' or 'N/A.'" In our review, many deficiencies resulted from a plaintiff leaving one or more spaces blank.

Pursuant to paragraph 6 of PTO 14, within 3 weeks of the date of this letter, you must respond in writing by either (1) curing the deficiencies (by serving a revised, verified PFS through Plaintiffs' portal); (2) disputing the deficiencies and setting forth the reasons the PFS is not deficient; or (3) explaining why the deficiencies cannot be timely cured. When serving a revised, verified PFS through Plaintiff's portal, you do not need to resubmit documents that were previously served with the original PFS.

Sincerely,

s/ Benjamin W. Hulse

Benjamin W. Hulse

cc: Plaintiffs' Co-Lead Counsel
Enclosure

Title "Johnston_Todd_017-cv-05270_1_Johnston_Todd_017-cv-05270_1"

Johnston_Todd_017-
cv-
05270_1_Johnston_To
dd_017-cv-05270_1

PLAINTIFFS' LAST NAME - Johnston
PLAINTIFFS' FIRST NAME - Todd
CASE NO. - 0:17-cv-05270
SECTION I (CASE INFORMATION) -
SECTION II (PERSONAL INFORMATION) - Incomplete
SECTION II – INCOMPLETE QUESTIONS- 7
SECTION III (SURGERY INFORMATION) – Incomplete
SECTION III - INCOMPLETE QUESTIONS- 1
SECTION IV - 1 (VITAL STATISTICS) -
SECTION IV - 10 (DRUG/ALCOHOL) -
SECTION IV - 3 (HEALTHCARE PROVIDERS) -
SECTION IV - 7 (PHARMACIES/DRUGSTORES) -
SECTION IV - 8 (DENTAL PROCEDURES) -
SECTION IV - 9 (TOBACCO) -
SECTION IX - 1 (CONSORTIUM NAME ETC.) -
SECTION IX - 3 (RESIDENCES) -
SECTION IX - 4 (MARRIED) -
SECTION V - 5 (DISABILITY CLAIMS) -
SECTION V - 6 (LAWSUITS) -
SECTION V - 7 (BANKRUPTCY) -
SECTION VI - 1 (PHYSICAL INJURY) - Incomplete
SECTION VI - 3 (EMOTIONAL DISTRESS) -
SECTION VI - 6 (WARNINGS) -
SECTION VI - 7 (3M/ARIZANT COMMUNICATIONS) -
SECTION VI - 8 (3M/ARIZANT WARRANTY) -
SECTION VI - 9 (AUGUSTINE) -
SECTION VII - 1 (LOST PAST WAGES) -
SECTION VII - 2 (LOST FUTURE WAGES) -
SECTION VIII - 2 (VERBAL/WRITTEN STATEMENT) -
X.01 - SIGNED AUTHORIZATION -
X.02.D - DOCUMENTS - SIGNED VERIFICATION -
I.03.B - PLAINTIFFS' COUNSEL'S FIRM - Bernstein Liebhard
I.03.E - PLAINTIFFS' COUNSEL'S EMAIL - dburke@bernlieb.com, dlee@bernlieb.com



## BLACKWELL BURKE P.A.

Benjamin W. Hulse
Direct Dial: 612-343-3256
E-Mail: bhulse@blackwellburke.com

April 17, 2018

**VIA EMAIL AND U.S. MAIL**
Daniel C. Burke
Bernstein Liebhard LLP
10 E. 40th Street
New York, NY 10016
dburke@bernlieb.com

Re:     *In re Bair Hugger Forced Air Warming Devices Products Liability Litigation*
MDL No. 2666 – Deficiencies in Plaintiff Fact Sheet for Individual Case
*Billings, Willard v. 3M Company et al* Case No.: 0:17-cv-05277-JNE-FLN

Dear Counsel:

We are in receipt of the Plaintiff Fact Sheet (PFS) for the above-captioned matter. The PFS has core deficiencies, as set forth in the enclosed report.

Paragraph 4 of Pretrial Order No. 14 defines core deficiencies as "a lack of response to all questions in Section I, Section II, and Section III; Section IV, questions 1, 3, 7, 8, 9, 10; Section V, questions 5, 6, and 7; Section VI, questions 1, 3, 6, 7, 8, and 9; Section VII, questions 1 and 2; Section 8, question 2; Section IX, questions 1, 3, and 4, or lack of signed medical authorizations." Paragraph 3 further requires a signed verification.

In addition, the instructions on the PFS form prohibit leaving spaces blank and provide as follows: "If a question is not applicable to you, please state 'Not Applicable' or 'N/A.'" In our review, many deficiencies resulted from a plaintiff leaving one or more spaces blank.

Pursuant to paragraph 6 of PTO 14, within 3 weeks of the date of this letter, you must respond in writing by either (1) curing the deficiencies (by serving a revised, verified PFS through Plaintiffs' portal); (2) disputing the deficiencies and setting forth the reasons the PFS is not deficient; or (3) explaining why the deficiencies cannot be timely cured. When serving a revised, verified PFS through Plaintiff's portal, you do not need to resubmit documents that were previously served with the original PFS.

Sincerely,

s/ Benjamin W. Hulse

Benjamin W. Hulse

cc: Plaintiffs' Co-Lead Counsel
Enclosure

---

431 South Seventh Street, Suite 2500     Minneapolis, MN 55415     Main 612.343.3200     Fax 612.343.3205
www.blackwellburke.com

Title "Billings_Willard_17-cv-05277_1_Billings_Williard_17-cv-05277_1"

Billings_Williard_17-cv-05277_1_Billings_Willi ard_17-cv-05277_1

PLAINTIFFS' LAST NAME - Billings
PLAINTIFFS' FIRST NAME - Willard
CASE NO. - 17-cv-05277
SECTION I (CASE INFORMATION) -
SECTION II (PERSONAL INFORMATION) - Incomplete
SECTION II - INCOMPLETE QUESTIONS - 02, 05, 07, 08, 09
SECTION III  (SURGERY INFORMATION) - Incomplete
SECTION III - INCOMPLETE QUESTIONS - 03
SECTION IV - 1 (VITAL STATISTICS) -
SECTION IV - 10  (DRUG/ALCOHOL) -
SECTION IV - 3 (HEALTHCARE PROVIDERS) – Incomplete
SECTION IV - 7  (PHARMACIES/DRUGSTORES) -
SECTION IV - 8  (DENTAL PROCEDURES) -
SECTION IV - 9  (TOBACCO) -
SECTION IX - 1  (CONSORTIUM NAME ETC.) -
SECTION IX - 3  (RESIDENCES) -
SECTION IX - 4  (MARRIED) -
SECTION V - 5  (DISABILITY CLAIMS) -
SECTION V - 6  (LAWSUITS) -
SECTION V - 7  (BANKRUPTCY) -
SECTION VI - 1  (PHYSICAL INJURY) - Incomplete
SECTION VI - 3  (EMOTIONAL DISTRESS) - Incomplete
SECTION VI - 6  (WARNINGS) -
SECTION VI - 7  (3M/ARIZANT COMMUNICATIONS) -
SECTION VI - 8  (3M/ARIZANT WARRANTY) -
SECTION VI - 9  (AUGUSTINE) -
SECTION VII - 1  (LOST PAST WAGES) -
SECTION VII - 2  (LOST FUTURE WAGES) -
SECTION VIII - 2  (VERBAL/WRITTEN STATEMENT) -
X.01 - SIGNED AUTHORIZATION -
X.02.D - DOCUMENTS - SIGNED VERIFICATION -
I.03.B - PLAINTIFFS' COUNSEL'S FIRM - Bernstein Liebhard
I.03.E - PLAINTIFFS' COUNSEL'S EMAIL - dburke@bernlieb.com, dlee@bernlieb.com


**BLACKWELL BURKE** P.A.

Benjamin W. Hulse
Direct Dial: 612-343-3256
E-Mail: bhulse@blackwellburke.com

April 16, 2018

**VIA EMAIL AND U.S. MAIL**
David W. Hodges
Kennedy Hodges, L.L.P.
4409 Montrose Blvd, Ste 200
Houston, TX, 77006
mtg.kennedyhodges.com

Re:   *In re Bair Hugger Forced Air Warming Devices Products Liability Litigation*
MDL No. 2666 – Deficiencies in Plaintiff Fact Sheet for Individual Case
*Richey, Priscilla v. 3M Company et al* Case No.: 0:17-cv-05323-JNE-FLN

Dear Counsel:

We are in receipt of the Plaintiff Fact Sheet (PFS) for the above-captioned matter.  The PFS has core deficiencies, as set forth in the enclosed report.

Paragraph 4 of Pretrial Order No. 14 defines core deficiencies as "a lack of response to all questions in Section I, Section II, and Section III; Section IV, questions 1, 3, 7, 8, 9, 10; Section V, questions 5, 6, and 7; Section VI, questions 1, 3, 6, 7, 8, and 9; Section VII, questions 1 and 2; Section 8, question 2; Section IX, questions 1, 3, and 4, or lack of signed medical authorizations."  Paragraph 3 further requires a signed verification.

In addition, the instructions on the PFS form prohibit leaving spaces blank and provide as follows: "If a question is not applicable to you, please state 'Not Applicable' or 'N/A.'"  In our review, many deficiencies resulted from a plaintiff leaving one or more spaces blank.

Pursuant to paragraph 6 of PTO 14, within 3 weeks of the date of this letter, you must respond in writing by either (1) curing the deficiencies (by serving a revised, verified PFS through Plaintiffs' portal); (2) disputing the deficiencies and setting forth the reasons the PFS is not deficient; or (3) explaining why the deficiencies cannot be timely cured.  When serving a revised, verified PFS through Plaintiff's portal, you do not need to resubmit documents that were previously served with the original PFS.

Sincerely,

s/ Benjamin W. Hulse

Benjamin W. Hulse

cc: Plaintiffs' Co-Lead Counsel
Enclosure

Title "Richey_Priscilla_17-cv-5323_1_Richey_Priscilla_17-cv-5323_1"

Richey_Priscilla_17-
cv-
5323_1_Richey_Priscill
a_17-cv-5323_1

PLAINTIFFS' LAST NAME - Richey
PLAINTIFFS' FIRST NAME - Priscilla
CASE NO. - 17-cv-5323
SECTION I (CASE INFORMATION) -
SECTION II (PERSONAL INFORMATION) - Incomplete
SECTION II - INCOMPLETE QUESTIONS - 01, 02, 03, 06, 08, 09, 10, 11, 12, 13, 14, 15, 16
SECTION III   (SURGERY INFORMATION) - Incomplete
SECTION III - INCOMPLETE QUESTIONS - 03
SECTION IV - 1 (VITAL STATISTICS) - Incomplete
SECTION IV - 10   (DRUG/ALCOHOL) - Incomplete
SECTION IV - 3 (HEALTHCARE PROVIDERS) - Incomplete
SECTION IV - 7   (PHARMACIES/DRUGSTORES) - Incomplete
SECTION IV - 8   (DENTAL PROCEDURES) - Incomplete
SECTION IV - 9   (TOBACCO) - Incomplete
SECTION IX - 1   (CONSORTIUM NAME ETC.) - Incomplete
SECTION IX - 3   (RESIDENCES) - Incomplete
SECTION IX - 4   (MARRIED) - Incomplete
SECTION V - 5   (DISABILITY CLAIMS) - Incomplete
SECTION V - 6   (LAWSUITS) - Incomplete
SECTION V - 7   (BANKRUPTCY) - Incomplete
SECTION VI - 1   (PHYSICAL INJURY) -
SECTION VI - 1.01 (PHYSICAL INJURY) - Yes
SECTION VI - 3   (EMOTIONAL DISTRESS) -
SECTION VI - 6   (WARNINGS) - Incomplete
SECTION VI - 7   (3M/ARIZANT COMMUNICATIONS) - Incomplete
SECTION VI - 8   (3M/ARIZANT WARRANTY) - Incomplete
SECTION VI - 9   (AUGUSTINE) - Incomplete
SECTION VII - 1   (LOST PAST WAGES) - Incomplete
SECTION VII - 2   (LOST FUTURE WAGES) - Incomplete
SECTION VIII - 2   (VERBAL/WRITTEN STATEMENT) -
X.01 - SIGNED AUTHORIZATION - Incomplete
X.02.D - DOCUMENTS - SIGNED VERIFICATION - Incomplete
I.03.B - PLAINTIFFS' COUNSEL'S FIRM - Kennedy Hodges
I.03.E - PLAINTIFFS' COUNSEL'S EMAIL - mtg@kennedyhodges.com



BLACKWELL
BURKE P.A.

Benjamin W. Hulse
Direct Dial: 612-343-3256
E-Mail: bhulse@blackwellburke.com

May 7, 2018

**VIA EMAIL AND U.S. MAIL**
Daniel C. Burke
Bernstein Liebhard LLP
10 E. 40th Street
New York, NY 10016
dburke@bernlieb.com

   Re:  *In re Bair Hugger Forced Air Warming Devices Products Liability Litigation*
     MDL No. 2666 – Deficiencies in Plaintiff Fact Sheet for Individual Case
     *Taplin, Janice v. 3M Company et al* Case No.: 0:17-cv-05370-JNE-FLN

Dear Counsel:

We are in receipt of the Plaintiff Fact Sheet (PFS) for the above-captioned matter.  The PFS has core deficiencies, as set forth in the enclosed report.

Paragraph 4 of Pretrial Order No. 14 defines core deficiencies as "a lack of response to all questions in Section I, Section II, and Section III; Section IV, questions 1, 3, 7, 8, 9, 10; Section V, questions 5, 6, and 7; Section VI, questions 1, 3, 6, 7, 8, and 9; Section VII, questions 1 and 2; Section 8, question 2; Section IX, questions 1, 3, and 4, or lack of signed medical authorizations."  Paragraph 3 further requires a signed verification.

In addition, the instructions on the PFS form prohibit leaving spaces blank and provide as follows: "If a question is not applicable to you, please state 'Not Applicable' or 'N/A.'"  In our review, many deficiencies resulted from a plaintiff leaving one or more spaces blank.

Pursuant to paragraph 6 of PTO 14, within 3 weeks of the date of this letter, you must respond in writing by either (1) curing the deficiencies (by serving a revised, verified PFS through Plaintiffs' portal); (2) disputing the deficiencies and setting forth the reasons the PFS is not deficient; or (3) explaining why the deficiencies cannot be timely cured.  When serving a revised, verified PFS through Plaintiff's portal, you do not need to resubmit documents that were previously served with the original PFS.

Sincerely,

s/ Benjamin W. Hulse

Benjamin W. Hulse

cc: Plaintiffs' Co-Lead Counsel
Enclosure

---

| | |
|---|---|
| Plaintiffs' Last Name | Taplin |
| Plaintiffs' First Name | Janice |
| Case No. | 0:17-cv-05370 |
| Section I (Case Information) | |
| Section I - Incomplete Questions | |
| Section II (Personal Information) | Incomplete |
| Section II - Incomplete Questions | 03 |
| | 09 |
| | 10 |
| Section III (Surgery Information) | Incomplete |
| Section III - Incomplete Questions | 1 |
| Section IV - 1 (Vital Statistics) | |
| Section IV - 3 (Healthcare Providers) | |
| Section IV - 7 (Pharmacies/Drugstores) | |
| Section IV - 8 (Dental Procedures) | Incomplete |
| Section IV - 9 (Tobacco) | |
| Section IV - 10 (Drug/Alcohol) | |
| Section IX - 1 (Consortium Name etc.) | |
| Section IX - 3 (Residences) | |
| Section IX - 4 (Married) | |
| Section V - 5 (Disability Claims) | |
| Section V - 6 (Lawsuits) | |
| Section V - 7 (Bankruptcy) | |
| Section VI - 1 (Physical Injury) | Incomplete |
| Section VI - 3 (Emotional Distress) | |
| Section VI - 6 (Warnings) | |
| Section VI - 7 (3M/Arizant Communications) | |
| Section VI - 8 (3M/Arizant Warranty) | |
| Section VI - 9 (Augustine) | |
| Section VII - 1 (Lost Past Wages) | |
| Section VII - 2 (Lost Future Wages) | |
| Section VIII - 2 (Verbal/Written Statement) | |
| X.01 - Signed Authorization | |
| X.02.d - Documents - Signed Verification | |
| I.03.b - Plaintiffs' Counsel's Firm | |
| I.03.e - Plaintiffs' Counsel's Email | Bernstein Liebhard LLP |



BLACKWELL
BURKE P.A.

Benjamin W. Hulse
Direct Dial: 612-343-3256
E-Mail: bhulse@blackwellburke.com

May 7, 2018

**VIA EMAIL AND U.S. MAIL**
Daniel C. Burke
Bernstein Liebhard LLP
10 E. 40th Street
New York, NY 10016
dburke@bernlieb.com

    Re:    *In re Bair Hugger Forced Air Warming Devices Products Liability Litigation*
          MDL No. 2666 – Deficiencies in Plaintiff Fact Sheet for Individual Case
          *Bresnock, Anne v. 3M Company et al* Case No.: 0:17-cv-05371-JNE-FLN

Dear Counsel:

We are in receipt of the Plaintiff Fact Sheet (PFS) for the above-captioned matter. The PFS has core deficiencies, as set forth in the enclosed report.

Paragraph 4 of Pretrial Order No. 14 defines core deficiencies as "a lack of response to all questions in Section I, Section II, and Section III; Section IV, questions 1, 3, 7, 8, 9, 10; Section V, questions 5, 6, and 7; Section VI, questions 1, 3, 6, 7, 8, and 9; Section VII, questions 1 and 2; Section 8, question 2; Section IX, questions 1, 3, and 4, or lack of signed medical authorizations." Paragraph 3 further requires a signed verification.

In addition, the instructions on the PFS form prohibit leaving spaces blank and provide as follows: "If a question is not applicable to you, please state 'Not Applicable' or 'N/A.'" In our review, many deficiencies resulted from a plaintiff leaving one or more spaces blank.

Pursuant to paragraph 6 of PTO 14, within 3 weeks of the date of this letter, you must respond in writing by either (1) curing the deficiencies (by serving a revised, verified PFS through Plaintiffs' portal); (2) disputing the deficiencies and setting forth the reasons the PFS is not deficient; or (3) explaining why the deficiencies cannot be timely cured. When serving a revised, verified PFS through Plaintiff's portal, you do not need to resubmit documents that were previously served with the original PFS.

Sincerely,

s/ Benjamin W. Hulse

Benjamin W. Hulse

cc: Plaintiffs' Co-Lead Counsel
Enclosure

| | |
|---|---|
| **Plaintiffs' Last Name** | Bresnock |
| **Plaintiffs' First Name** | Anne |
| **Case No.** | 0:17-cv-05371 |
| **Section I (Case Information)** | |
| **Section I - Incomplete Questions** | |
| **Section II (Personal Information)** | Incomplete |
| **Section II - Incomplete Questions** | 02, 06 <br> 10 |
| **Section III (Surgery Information)** | Incomplete |
| **Section III - Incomplete Questions** | 01 |
| **Section IV - 1 (Vital Statistics)** | |
| **Section IV - 3 (Healthcare Providers)** | Incomplete |
| **Section IV - 7 (Pharmacies/Drugstores)** | |
| **Section IV - 8 (Dental Procedures)** | |
| **Section IV - 9 (Tobacco)** | |
| **Section IV - 10 (Drug/Alcohol)** | |
| **Section IX - 1 (Consortium Name etc.)** | |
| **Section IX - 3 (Residences)** | |
| **Section IX - 4 (Married)** | |
| **Section V - 5 (Disability Claims)** | |
| **Section V - 6 (Lawsuits)** | |
| **Section V - 7 (Bankruptcy)** | |
| **Section VI - 1 (Physical Injury)** | Incomplete |
| **Section VI - 3 (Emotional Distress)** | |
| **Section VI - 6 (Warnings)** | |
| **Section VI - 7 (3M/Arizant Communications)** | |
| **Section VI - 8 (3M/Arizant Warranty)** | |
| **Section VI - 9 (Augustine)** | |
| **Section VII - 1 (Lost Past Wages)** | Incomplete |
| **Section VII - 2 (Lost Future Wages)** | Incomplete |
| **Section VIII - 2 (Verbal/Written Statement)** | |
| **X.01 - Signed Authorization** | |
| **X.02.d - Documents - Signed Verification** | |
| **I.03.b - Plaintiffs' Counsel's Firm** | Bernstein Liebhard LLP |
| **I.03.e - Plaintiffs' Counsel's Email** | dlee@bernlieb.com |



Benjamin W. Hulse
Direct Dial: 612-343-3256
E-Mail: bhulse@blackwellburke.com

May 17, 2018

**VIA EMAIL AND U.S. MAIL**
Rolf T. Fiebiger
Johnson Becker, PLLC
444 Cedar St., Suite 1800
St. Paul, MN 55101
rfiebiger@johnsonbecker.com

> Re:   *In re Bair Hugger Forced Air Warming Devices Products Liability Litigation*
> MDL No. 2666 – Deficiencies in Plaintiff Fact Sheet for Individual Case
> *Jones, Denise v. 3M Company et al* Case No.: 0:17-cv-05472-JNE-FLN

Dear Counsel:

We are in receipt of the Plaintiff Fact Sheet (PFS) for the above-captioned matter. The PFS has core deficiencies, as set forth in the enclosed report.

Paragraph 4 of Pretrial Order No. 14 defines core deficiencies as "a lack of response to all questions in Section I, Section II, and Section III; Section IV, questions 1, 3, 7, 8, 9, 10; Section V, questions 5, 6, and 7; Section VI, questions 1, 3, 6, 7, 8, and 9; Section VII, questions 1 and 2; Section 8, question 2; Section IX, questions 1, 3, and 4, or lack of signed medical authorizations." Paragraph 3 further requires a signed verification.

In addition, the instructions on the PFS form prohibit leaving spaces blank and provide as follows: "If a question is not applicable to you, please state 'Not Applicable' or 'N/A.'" In our review, many deficiencies resulted from a plaintiff leaving one or more spaces blank.

Pursuant to paragraph 6 of PTO 14, within 3 weeks of the date of this letter, you must respond in writing by either (1) curing the deficiencies (by serving a revised, verified PFS through Plaintiffs' portal); (2) disputing the deficiencies and setting forth the reasons the PFS is not deficient; or (3) explaining why the deficiencies cannot be timely cured. When serving a revised, verified PFS through Plaintiff's portal, you do not need to resubmit documents that were previously served with the original PFS.

Sincerely,

s/ Benjamin W. Hulse

Benjamin W. Hulse

cc: Plaintiffs' Co-Lead Counsel
Enclosure

| | |
|---|---|
| **Plaintiffs' Last Name** | Jones |
| **Plaintiffs' First Name** | Denise |
| **Case No.** | 0:17-cv-05472 |
| **Section I (Case Information)** | |
| **Section I - Incomplete Questions** | |
| **Section II (Personal Information)** | |
| **Section II - Incomplete Questions** | |
| **Section III (Surgery Information)** | Incomplete |
| **Section III - Incomplete Questions** | 1 |
| **Section IV - 1 (Vital Statistics)** | |
| **Section IV - 3 (Healthcare Providers)** | Incomplete |
| **Section IV - 7 (Pharmacies/Drugstores)** | Incomplete |
| **Section IV - 8 (Dental Procedures)** | |
| **Section IV - 9 (Tobacco)** | |
| **Section IV - 10 (Drug/Alcohol)** | |
| **Section IX - 1 (Consortium Name etc.)** | |
| **Section IX - 3 (Residences)** | |
| **Section IX - 4 (Married)** | |
| **Section V - 5 (Disability Claims)** | |
| **Section V - 6 (Lawsuits)** | Incomplete |
| **Section V - 7 (Bankruptcy)** | |
| **Section VI - 1 (Physical Injury)** | |
| **Section VI - 3 (Emotional Distress)** | |
| **Section VI - 6 (Warnings)** | |
| **Section VI - 7 (3M/Arizant Communications)** | |
| **Section VI - 8 (3M/Arizant Warranty)** | |
| **Section VI - 9 (Augustine)** | |
| **Section VII - 1 (Lost Past Wages)** | |
| **Section VII - 2 (Lost Future Wages)** | |
| **Section VIII - 2 (Verbal/Written Statement)** | |
| **X.01 - Signed Authorization** | |
| **X.02.d - Documents - Signed Verification** | Incomplete |
| **I.03.b - Plaintiffs' Counsel's Firm** | Johnson Becker, PLLC |
| **I.03.e - Plaintiffs' Counsel's Email** | lgorshe@johnsonbecker.com |



**BLACKWELL BURKE** P.A.

Benjamin W. Hulse
Direct Dial: 612-343-3256
E-Mail: bhulse@blackwellburke.com

May 7, 2018

**VIA EMAIL AND U.S. MAIL**
Daniel C. Burke
Bernstein Liebhard LLP
10 E. 40th Street
New York, NY 10016
dburke@bernlieb.com

     Re:    *In re Bair Hugger Forced Air Warming Devices Products Liability Litigation*
             MDL No. 2666 – Deficiencies in Plaintiff Fact Sheet for Individual Case
             *Swales, Bertha  v. 3M Company et al* Case No.: 0:18-cv-00045-JNE-FLN

Dear Counsel:

We are in receipt of the Plaintiff Fact Sheet (PFS) for the above-captioned matter.  The PFS has core deficiencies, as set forth in the enclosed report.

Paragraph 4 of Pretrial Order No. 14 defines core deficiencies as "a lack of response to all questions in Section I, Section II, and Section III; Section IV, questions 1, 3, 7, 8, 9, 10; Section V, questions 5, 6, and 7; Section VI, questions 1, 3, 6, 7, 8, and 9; Section VII, questions 1 and 2; Section 8, question 2; Section IX, questions 1, 3, and 4, or lack of signed medical authorizations."  Paragraph 3 further requires a signed verification.

In addition, the instructions on the PFS form prohibit leaving spaces blank and provide as follows: "If a question is not applicable to you, please state 'Not Applicable' or 'N/A.'"  In our review, many deficiencies resulted from a plaintiff leaving one or more spaces blank.

Pursuant to paragraph 6 of PTO 14, within 3 weeks of the date of this letter, you must respond in writing by either (1) curing the deficiencies (by serving a revised, verified PFS through Plaintiffs' portal); (2) disputing the deficiencies and setting forth the reasons the PFS is not deficient; or (3) explaining why the deficiencies cannot be timely cured.  When serving a revised, verified PFS through Plaintiff's portal, you do not need to resubmit documents that were previously served with the original PFS.

Sincerely,

s/ Benjamin W. Hulse

Benjamin W. Hulse

cc: Plaintiffs' Co-Lead Counsel
Enclosure

| | |
|---|---|
| **Plaintiffs' Last Name** | Swales |
| **Plaintiffs' First Name** | Bertha |
| **Case No.** | 18-cv-0045 |
| **Section I (Case Information)** | |
| **Section I - Incomplete Questions** | |
| **Section II (Personal Information)** | |
| **Section II - Incomplete Questions** | |
| **Section III (Surgery Information)** | Incomplete |
| **Section III - Incomplete Questions** | 01, 03 |
| **Section IV - 1 (Vital Statistics)** | |
| **Section IV - 3 (Healthcare Providers)** | |
| **Section IV - 7 (Pharmacies/Drugstores)** | |
| **Section IV - 8 (Dental Procedures)** | |
| **Section IV - 9 (Tobacco)** | |
| **Section IV - 10 (Drug/Alcohol)** | |
| **Section IX - 1 (Consortium Name etc.)** | |
| **Section IX - 3 (Residences)** | |
| **Section IX - 4 (Married)** | |
| **Section V - 5 (Disability Claims)** | Incomplete |
| **Section V - 6 (Lawsuits)** | |
| **Section V - 7 (Bankruptcy)** | |
| **Section VI - 1 (Physical Injury)** | Incomplete |
| **Section VI - 3 (Emotional Distress)** | |
| **Section VI - 6 (Warnings)** | |
| **Section VI - 7 (3M/Arizant Communications)** | |
| **Section VI - 8 (3M/Arizant Warranty)** | |
| **Section VI - 9 (Augustine)** | |
| **Section VII - 1 (Lost Past Wages)** | Incomplete |
| **Section VII - 2 (Lost Future Wages)** | |
| **Section VIII - 2 (Verbal/Written Statement)** | |
| **X.01 - Signed Authorization** | |
| **X.02.d - Documents - Signed Verification** | |
| **I.03.b - Plaintiffs' Counsel's Firm** | Bernstein Liebhard LLP |
| **I.03.e - Plaintiffs' Counsel's Email** | dburke@bernlieb.com<br>dlee@bernlieb.com |

# EXHIBIT B



BLACKWELL
BURKE P.A.

Benjamin W. Hulse
Direct Dial: 612-343-3256
E-Mail: bhulse@blackwellburke.com

April 24, 2018

**VIA EMAIL AND U.S. MAIL**
Wesley G. Barr
The Olinde Firm, LLC
400 Poydras Street Suite 1980
New Orleans, LA 70130
wbarr@olindefirm.com

Re:     *In re Bair Hugger Forced Air Warming Devices Products Liability Litigation*
        MDL No. 2666 – Deficiencies in Amended Plaintiff Fact Sheet
        *Zimmerman, Burl v. 3M Company et al*  Case No.:0:17-cv-02925-JNE-FLN

Dear Counsel:

We are in receipt of the second amended Plaintiff Fact Sheet (PFS) for the above-captioned matter. The second amended PFS still has core deficiencies, as set forth in the enclosed report.

Paragraph 4 of Pretrial Order No. 14 defines core deficiencies as "a lack of response to all questions in Section I, Section II, and Section III; Section IV, questions 1, 3, 7, 8, 9, 10; Section V, questions 5, 6, and 7; Section VI, questions 1, 3, 6, 7, 8, and 9; Section VII, questions 1 and 2; Section 8, question 2; Section IX, questions 1, 3, and 4, or lack of signed medical authorizations." Paragraph 3 further requires a signed verification.

In addition, the instructions on the PFS form prohibit leaving spaces blank and provide as follows: "If a question is not applicable to you, please state 'Not Applicable' or 'N/A.'"  In our review, many deficiencies resulted from a plaintiff leaving one or more spaces blank.

Pursuant to paragraph 6 of PTO 14, within 3 weeks of the date of this letter, you must respond in writing by either (1) curing the deficiencies (by serving a further revised, verified PFS through Plaintiffs' portal); (2) disputing the deficiencies and setting forth the reasons the PFS is not deficient; or (3) explaining why the deficiencies cannot be timely cured.  When serving a revised, PFS through Plaintiff's portal, you do not need to resubmit documents that were previously served with the original and/or any amended PFS.  An updated verification is required, however, to be served along with the amended PFS.

Sincerely,

s/ Benjamin W. Hulse

Benjamin W. Hulse

cc: Plaintiffs' Co-Lead Counsel
Enclosure

Title "Zimmerman_Burl_017-cv-02925_1_Zimmerman_Burl_017-cv-02925_1"

Zimmerman_Burl_017
-cv-
02925_1_Zimmerman_
Burl_017-cv-02925_1

PLAINTIFFS' LAST NAME - Zimmerman
PLAINTIFFS' FIRST NAME - Burl
CASE NO. - 0:17-cv-02925
SECTION I (CASE INFORMATION) -
SECTION II (PERSONAL INFORMATION) -
SECTION III   (SURGERY INFORMATION) -Incomplete
SECTION III   - INCOMPLETE QUESTIONS - 1
SECTION IV - 1 (VITAL STATISTICS) -
SECTION IV - 10   (DRUG/ALCOHOL) -
SECTION IV - 3 (HEALTHCARE PROVIDERS) -
SECTION IV - 7   (PHARMACIES/DRUGSTORES) -Incomplete
SECTION IV - 8   (DENTAL PROCEDURES) -
SECTION IV - 9   (TOBACCO) -
SECTION IX - 1   (CONSORTIUM NAME ETC.) -
SECTION IX - 3   (RESIDENCES) -
SECTION IX - 4   (MARRIED) -
SECTION V - 5   (DISABILITY CLAIMS) -
SECTION V - 6   (LAWSUITS) -
SECTION V - 7   (BANKRUPTCY) -
SECTION VI - 1   (PHYSICAL INJURY) -
SECTION VI - 3   (EMOTIONAL DISTRESS) -
SECTION VI - 6   (WARNINGS) -
SECTION VI - 7   (3M/ARIZANT COMMUNICATIONS) -
SECTION VI - 8   (3M/ARIZANT WARRANTY) -
SECTION VI - 9   (AUGUSTINE) -
SECTION VII - 1   (LOST PAST WAGES) -
SECTION VII - 2   (LOST FUTURE WAGES) -
SECTION VIII - 2   (VERBAL/WRITTEN STATEMENT) -
X.01 - SIGNED AUTHORIZATION -
X.02.D - DOCUMENTS - SIGNED VERIFICATION -
I.03.B - PLAINTIFFS' COUNSEL'S FIRM - Olinde Firm
I.03.E - PLAINTIFFS' COUNSEL'S EMAIL - wbarr@olindefirm.com



**BLACKWELL BURKE** P.A.

Benjamin W. Hulse
Direct Dial: 612-343-3256
E-Mail: bhulse@blackwellburke.com

May 2, 2018

**VIA EMAIL AND U.S. MAIL**
David W. Hodges
Kennedy Hodges, L.L.P.
4409 Montrose Blvd, Ste 200
Houston, TX, 77006
mtg@kennedyhodges.com

> Re:   *In re Bair Hugger Forced Air Warming Devices Products Liability Litigation*
>        MDL No. 2666 – Deficiencies in Amended Plaintiff Fact Sheet
>        *Smith, Carla v. 3M Company et al*  Case No.:0:17-cv-03501-JNE-FLN

Dear Counsel:

We are in receipt of the second amended Plaintiff Fact Sheet (PFS) for the above-captioned matter. The second amended PFS still has core deficiencies, as set forth in the enclosed report.

Paragraph 4 of Pretrial Order No. 14 defines core deficiencies as "a lack of response to all questions in Section I, Section II, and Section III; Section IV, questions 1, 3, 7, 8, 9, 10; Section V, questions 5, 6, and 7; Section VI, questions 1, 3, 6, 7, 8, and 9; Section VII, questions 1 and 2; Section 8, question 2; Section IX, questions 1, 3, and 4, or lack of signed medical authorizations." Paragraph 3 further requires a signed verification.

In addition, the instructions on the PFS form prohibit leaving spaces blank and provide as follows: "If a question is not applicable to you, please state 'Not Applicable' or 'N/A.'" In our review, many deficiencies resulted from a plaintiff leaving one or more spaces blank.

Pursuant to paragraph 6 of PTO 14, within 3 weeks of the date of this letter, you must respond in writing by either (1) curing the deficiencies (by serving a further revised, verified PFS through Plaintiffs' portal); (2) disputing the deficiencies and setting forth the reasons the PFS is not deficient; or (3) explaining why the deficiencies cannot be timely cured. When serving a revised, PFS through Plaintiff's portal, you do not need to resubmit documents that were previously served with the original and/or any amended PFS. An updated verification is required, however, to be served along with the amended PFS.

Sincerely,

s/ Benjamin W. Hulse

Benjamin W. Hulse

cc: Plaintiffs' Co-Lead Counsel
Enclosure

Title "Smith_Carla_17-cv-3501_1_Smith_Carla_17-cv-3501_1"                                   Smith_Carla_17-cv-
3501_1_Smith_Carla_1
7-cv-3501_1

PLAINTIFFS' LAST NAME - Smith
PLAINTIFFS' FIRST NAME - Carla
CASE NO. - 17-cv-3501
SECTION I (CASE INFORMATION) -
SECTION II (PERSONAL INFORMATION) - Incomplete
SECTION II - INCOMPLETE QUESTIONS - 01, 02, 03, 05, 06, 07, 08, 09, 10, 11, 12, 13, 14, 15, 16
SECTION III   (SURGERY INFORMATION) -
SECTION IV - 1 (VITAL STATISTICS) - Incomplete
SECTION IV - 10   (DRUG/ALCOHOL) -
SECTION IV - 3 (HEALTHCARE PROVIDERS) -
SECTION IV - 7  (PHARMACIES/DRUGSTORES) - Incomplete
SECTION IV - 8  (DENTAL PROCEDURES) - Incomplete
SECTION IV - 9  (TOBACCO) -
SECTION IX - 1   (CONSORTIUM NAME ETC.) - Incomplete
SECTION IX - 3  (RESIDENCES) - Incomplete
SECTION IX - 4   (MARRIED) - Incomplete
SECTION V - 5  (DISABILITY CLAIMS) - Incomplete
SECTION V - 6  (LAWSUITS) - Incomplete
SECTION V - 7  (BANKRUPTCY) - Incomplete
SECTION VI - 1   (PHYSICAL INJURY) - Incomplete
SECTION VI - 3  (EMOTIONAL DISTRESS) - Incomplete
SECTION VI - 6   (WARNINGS) - Incomplete
SECTION VI - 7  (3M/ARIZANT COMMUNICATIONS) - Incomplete
SECTION VI - 8  (3M/ARIZANT WARRANTY) - Incomplete
SECTION VI - 9  (AUGUSTINE) - Incomplete
SECTION VII - 1   (LOST PAST WAGES) - Incomplete
SECTION VII - 2  (LOST FUTURE WAGES) - Incomplete
SECTION VIII - 2   (VERBAL/WRITTEN STATEMENT) - Incomplete
X.01 - SIGNED AUTHORIZATION - Incomplete
X.02.D - DOCUMENTS - SIGNED VERIFICATION - Incomplete
I.03.B - PLAINTIFFS' COUNSEL'S FIRM - Kennedy Hodges
I.03.E - PLAINTIFFS' COUNSEL'S EMAIL - mtg@kennedyhodges.com



BLACKWELL
BURKE p.a.

Benjamin W. Hulse
Direct Dial: 612-343-3256
E-Mail: bhulse@blackwellburke.com

April 11, 2018

**VIA EMAIL AND U.S. MAIL**
Annesley H DeGaris
DeGaris & Rogers, LLC
Two North Twentieth Street, Suite 1030
Birmingham, AL 35203
adegaris@degarislaw.com

> Re:   *In re Bair Hugger Forced Air Warming Devices Products Liability Litigation*
>        MDL No. 2666 – Deficiencies in Amended Plaintiff Fact Sheet
>        *Cyr, Kevin v. 3M Company et al*  Case No.:0:17-cv-03554-JNE-FLN

Dear Counsel:

We are in receipt of the second amended Plaintiff Fact Sheet (PFS) for the above-captioned matter. The second amended PFS still has core deficiencies, as set forth in the enclosed report.

Paragraph 4 of Pretrial Order No. 14 defines core deficiencies as "a lack of response to all questions in Section I, Section II, and Section III; Section IV, questions 1, 3, 7, 8, 9, 10; Section V, questions 5, 6, and 7; Section VI, questions 1, 3, 6, 7, 8, and 9; Section VII, questions 1 and 2; Section 8, question 2; Section IX, questions 1, 3, and 4, or lack of signed medical authorizations." Paragraph 3 further requires a signed verification.

In addition, the instructions on the PFS form prohibit leaving spaces blank and provide as follows: "If a question is not applicable to you, please state 'Not Applicable' or 'N/A.'"  In our review, many deficiencies resulted from a plaintiff leaving one or more spaces blank.

Pursuant to paragraph 6 of PTO 14, within 3 weeks of the date of this letter, you must respond in writing by either (1) curing the deficiencies (by serving a further revised, verified PFS through Plaintiffs' portal); (2) disputing the deficiencies and setting forth the reasons the PFS is not deficient; or (3) explaining why the deficiencies cannot be timely cured.  When serving a revised, PFS through Plaintiff's portal, you do not need to resubmit documents that were previously served with the original and/or any amended PFS.  An updated verification is required, however, to be served along with the amended PFS.

Sincerely,

s/ Benjamin W. Hulse

Benjamin W. Hulse

cc: Plaintiffs' Co-Lead Counsel
Enclosure

Title "Cyr_Kevin_017-cv-03554_1_Cyr_Kevin_017-cv-03554_1"

PLAINTIFFS' LAST NAME - Cyr
PLAINTIFFS' FIRST NAME - Kevin J.
CASE NO. - 0:17-cv-03554
SECTION I (CASE INFORMATION) -
SECTION II (PERSONAL INFORMATION) -
SECTION III   (SURGERY INFORMATION) -
SECTION IV - 1 (VITAL STATISTICS) -
SECTION IV - 10   (DRUG/ALCOHOL) -
SECTION IV - 3 (HEALTHCARE PROVIDERS) -
SECTION IV - 7   (PHARMACIES/DRUGSTORES) -
SECTION IV - 8   (DENTAL PROCEDURES) -
SECTION IV - 9   (TOBACCO) -
SECTION IX - 1   (CONSORTIUM NAME ETC.) -
SECTION IX - 3   (RESIDENCES) -
SECTION IX - 4   (MARRIED) -
SECTION V - 5   (DISABILITY CLAIMS) -
SECTION V - 6   (LAWSUITS) -
SECTION V - 7   (BANKRUPTCY) -
SECTION VI - 1   (PHYSICAL INJURY) -
SECTION VI - 3   (EMOTIONAL DISTRESS) -
SECTION VI - 6   (WARNINGS) -
SECTION VI - 7   (3M/ARIZANT COMMUNICATIONS) -
SECTION VI - 8   (3M/ARIZANT WARRANTY) -
SECTION VI - 9   (AUGUSTINE) -
SECTION VII - 1   (LOST PAST WAGES) -
SECTION VII - 2   (LOST FUTURE WAGES) -
SECTION VIII - 2   (VERBAL/WRITTEN STATEMENT) -
X.01 - SIGNED AUTHORIZATION -
X.02.D - DOCUMENTS - SIGNED VERIFICATION - Incomplete
I.03.B - PLAINTIFFS' COUNSEL'S FIRM - DeGaris & Rogers, LLC
I.03.E - PLAINTIFFS' COUNSEL'S EMAIL - adegaris@degarislaw.com



**BLACKWELL BURKE** P.A.

Benjamin W. Hulse
Direct Dial: 612-343-3256
E-Mail: bhulse@blackwellburke.com

May 2, 2018

**VIA EMAIL AND U.S. MAIL**
David W. Hodges
Kennedy Hodges, L.L.P.
4409 Montrose Blvd, Ste 200
Houston, TX, 77006
mtg@kennedyhodges.com

Re:    *In re Bair Hugger Forced Air Warming Devices Products Liability Litigation*
       MDL No. 2666 – Deficiencies in Amended Plaintiff Fact Sheet
       *Opperman, Charlene v. 3M Company et al*  Case No.:0:17-cv-03563-JNE-FLN

Dear Counsel:

We are in receipt of the second amended Plaintiff Fact Sheet (PFS) for the above-captioned matter. The second amended PFS still has core deficiencies, as set forth in the enclosed report.

Paragraph 4 of Pretrial Order No. 14 defines core deficiencies as "a lack of response to all questions in Section I, Section II, and Section III; Section IV, questions 1, 3, 7, 8, 9, 10; Section V, questions 5, 6, and 7; Section VI, questions 1, 3, 6, 7, 8, and 9; Section VII, questions 1 and 2; Section 8, question 2; Section IX, questions 1, 3, and 4, or lack of signed medical authorizations." Paragraph 3 further requires a signed verification.

In addition, the instructions on the PFS form prohibit leaving spaces blank and provide as follows: "If a question is not applicable to you, please state 'Not Applicable' or 'N/A.'" In our review, many deficiencies resulted from a plaintiff leaving one or more spaces blank.

Pursuant to paragraph 6 of PTO 14, within 3 weeks of the date of this letter, you must respond in writing by either (1) curing the deficiencies (by serving a further revised, verified PFS through Plaintiffs' portal); (2) disputing the deficiencies and setting forth the reasons the PFS is not deficient; or (3) explaining why the deficiencies cannot be timely cured. When serving a revised, PFS through Plaintiff's portal, you do not need to resubmit documents that were previously served with the original and/or any amended PFS. An updated verification is required, however, to be served along with the amended PFS.

Sincerely,

s/ Benjamin W. Hulse

Benjamin W. Hulse

cc: Plaintiffs' Co-Lead Counsel
Enclosure

Title "Opperman_Charlene_17-cv-3563_1_Opperman_Charlene_17-cv-3563_1"

Opperman_Charlene_<br>
17-cv-<br>
3563_1_Opperman_Ch<br>
arlene_17-cv-3563_1

PLAINTIFFS' LAST NAME - Opperman
PLAINTIFFS' FIRST NAME - Charlene
CASE NO. - 17-cv-3563
SECTION I (CASE INFORMATION) -
SECTION II (PERSONAL INFORMATION) - Incomplete
SECTION II - INCOMPLETE QUESTIONS - 02, 06, 07, 08, 09, 10, 11, 12, 13, 14, 15, 16
SECTION III  (SURGERY INFORMATION) -
SECTION IV - 1 (VITAL STATISTICS) - Incomplete
SECTION IV - 10  (DRUG/ALCOHOL) -
SECTION IV - 3 (HEALTHCARE PROVIDERS) -
SECTION IV - 7  (PHARMACIES/DRUGSTORES) - Incomplete
SECTION IV - 8  (DENTAL PROCEDURES) - Incomplete
SECTION IV - 9  (TOBACCO) -
SECTION IX - 1  (CONSORTIUM NAME ETC.) - Incomplete
SECTION IX - 3  (RESIDENCES) - Incomplete
SECTION IX - 4  (MARRIED) - Incomplete
SECTION V - 5  (DISABILITY CLAIMS) - Incomplete
SECTION V - 6  (LAWSUITS) - Incomplete
SECTION V - 7  (BANKRUPTCY) - Incomplete
SECTION VI - 1  (PHYSICAL INJURY) - Incomplete
SECTION VI - 3  (EMOTIONAL DISTRESS) - Incomplete
SECTION VI - 6  (WARNINGS) - Incomplete
SECTION VI - 7  (3M/ARIZANT COMMUNICATIONS) - Incomplete
SECTION VI - 8  (3M/ARIZANT WARRANTY) - Incomplete
SECTION VI - 9  (AUGUSTINE) - Incomplete
SECTION VII - 1  (LOST PAST WAGES) - Incomplete
SECTION VII - 2  (LOST FUTURE WAGES) - Incomplete
SECTION VIII - 2  (VERBAL/WRITTEN STATEMENT) - Incomplete
X.01 - SIGNED AUTHORIZATION - Incomplete
X.02.D - DOCUMENTS - SIGNED VERIFICATION - Incomplete
I.03.B - PLAINTIFFS' COUNSEL'S FIRM - Kennedy Hodges
I.03.E - PLAINTIFFS' COUNSEL'S EMAIL - mtg@kennedyhodges.com



Benjamin W. Hulse
Direct Dial: 612-343-3256
E-Mail: bhulse@blackwellburke.com

April 27, 2018

**VIA EMAIL AND U.S. MAIL**
David W. Hodges
Kennedy Hodges, L.L.P.
4409 Montrose Blvd, Ste 200
Houston, TX, 77006
mtg.kennedyhodges.com

> Re:  *In re Bair Hugger Forced Air Warming Devices Products Liability Litigation*
> MDL No. 2666 – Deficiencies in Amended Plaintiff Fact Sheet
> *Seymore, Mary v. 3M Company et al*  Case No.:0:17-cv-03718-JNE-FLN

Dear Counsel:

We are in receipt of the second amended Plaintiff Fact Sheet (PFS) for the above-captioned matter. The second amended PFS still has core deficiencies, as set forth in the enclosed report.

Paragraph 4 of Pretrial Order No. 14 defines core deficiencies as "a lack of response to all questions in Section I, Section II, and Section III; Section IV, questions 1, 3, 7, 8, 9, 10; Section V, questions 5, 6, and 7; Section VI, questions 1, 3, 6, 7, 8, and 9; Section VII, questions 1 and 2; Section 8, question 2; Section IX, questions 1, 3, and 4, or lack of signed medical authorizations." Paragraph 3 further requires a signed verification.

In addition, the instructions on the PFS form prohibit leaving spaces blank and provide as follows: "If a question is not applicable to you, please state 'Not Applicable' or 'N/A.'" In our review, many deficiencies resulted from a plaintiff leaving one or more spaces blank.

Pursuant to paragraph 6 of PTO 14, within 3 weeks of the date of this letter, you must respond in writing by either (1) curing the deficiencies (by serving a further revised, verified PFS through Plaintiffs' portal); (2) disputing the deficiencies and setting forth the reasons the PFS is not deficient; or (3) explaining why the deficiencies cannot be timely cured. When serving a revised, PFS through Plaintiff's portal, you do not need to resubmit documents that were previously served with the original and/or any amended PFS. An updated verification is required, however, to be served along with the amended PFS.

Sincerely,

s/ Benjamin W. Hulse

Benjamin W. Hulse

cc: Plaintiffs' Co-Lead Counsel
Enclosure

Title "Seymore_Mary_17-cv-3718_1_Seymore_Mary_17-cv-3718_1"

Seymore_Mary_17-cv-
3718_1_Seymore_Mary
_17-cv-3718_1

PLAINTIFFS' LAST NAME - Seymore
PLAINTIFFS' FIRST NAME - Mary
CASE NO. - 17-cv-3718
SECTION I (CASE INFORMATION) -
SECTION II (PERSONAL INFORMATION) - Incomplete
SECTION II - INCOMPLETE QUESTIONS - 01, 02, 03, 06, 08, 09, 10
SECTION III   (SURGERY INFORMATION) -
SECTION IV - 1 (VITAL STATISTICS) - Incomplete
SECTION IV - 10   (DRUG/ALCOHOL) -
SECTION IV - 3 (HEALTHCARE PROVIDERS) -
SECTION IV - 7   (PHARMACIES/DRUGSTORES) - Incomplete
SECTION IV - 8   (DENTAL PROCEDURES) - Incomplete
SECTION IV - 9   (TOBACCO) - Incomplete
SECTION IX - 1   (CONSORTIUM NAME ETC.) - Incomplete
SECTION IX - 3   (RESIDENCES) - Incomplete
SECTION IX - 4   (MARRIED) - Incomplete
SECTION V - 5   (DISABILITY CLAIMS) - Incomplete
SECTION V - 6   (LAWSUITS) - Incomplete
SECTION V - 7   (BANKRUPTCY) - Incomplete
SECTION VI - 1   (PHYSICAL INJURY) - Incomplete
SECTION VI - 3   (EMOTIONAL DISTRESS) - Incomplete
SECTION VI - 6   (WARNINGS) - Incomplete
SECTION VI - 7   (3M/ARIZANT COMMUNICATIONS) - Incomplete
SECTION VI - 8   (3M/ARIZANT WARRANTY) - Incomplete
SECTION VI - 9   (AUGUSTINE) - Incomplete
SECTION VII - 1   (LOST PAST WAGES) - Incomplete
SECTION VII - 2   (LOST FUTURE WAGES) - Incomplete
SECTION VIII - 2   (VERBAL/WRITTEN STATEMENT) - Incomplete
X.01 - SIGNED AUTHORIZATION - Incomplete
X.02.D - DOCUMENTS - SIGNED VERIFICATION - Incomplete
I.03.B - PLAINTIFFS' COUNSEL'S FIRM - Kennedy Hodges, L.L.P.
I.03.E - PLAINTIFFS' COUNSEL'S EMAIL - mtg@kennedyhodges.com



BLACKWELL
BURKE P.A.

Benjamin W. Hulse
Direct Dial: 612-343-3256
E-Mail: bhulse@blackwellburke.com

April 25, 2018

<u>**VIA EMAIL AND U.S. MAIL**</u>
James Morris
Brent Coon & Associates
300 Fannin, Ste 200
Houston, Texas 77002
jmorris@jamlawyers.com

      *Re:*     *In re Bair Hugger Forced Air Warming Devices Products Liability Litigation*
             MDL No. 2666 – Deficiencies in Amended Plaintiff Fact Sheet
             *Pratt, Debra et al v. 3M Company et al* Case No.:0:17-cv-03952-JNE-FLN

Dear Counsel:

We are in receipt of the second amended Plaintiff Fact Sheet (PFS) for the above-captioned matter. The second amended PFS still has core deficiencies, as set forth in the enclosed report.

Paragraph 4 of Pretrial Order No. 14 defines core deficiencies as "a lack of response to all questions in Section I, Section II, and Section III; Section IV, questions 1, 3, 7, 8, 9, 10; Section V, questions 5, 6, and 7; Section VI, questions 1, 3, 6, 7, 8, and 9; Section VII, questions 1 and 2; Section 8, question 2; Section IX, questions 1, 3, and 4, or lack of signed medical authorizations." Paragraph 3 further requires a signed verification.

In addition, the instructions on the PFS form prohibit leaving spaces blank and provide as follows: "If a question is not applicable to you, please state 'Not Applicable' or 'N/A.'" In our review, many deficiencies resulted from a plaintiff leaving one or more spaces blank.

Pursuant to paragraph 6 of PTO 14, within 3 weeks of the date of this letter, you must respond in writing by either (1) curing the deficiencies (by serving a further revised, verified PFS through Plaintiffs' portal); (2) disputing the deficiencies and setting forth the reasons the PFS is not deficient; or (3) explaining why the deficiencies cannot be timely cured. When serving a revised, PFS through Plaintiff's portal, you do not need to resubmit documents that were previously served with the original and/or any amended PFS. An updated verification is required, however, to be served along with the amended PFS.

Sincerely,

s/ Benjamin W. Hulse

Benjamin W. Hulse

cc: Plaintiffs' Co-Lead Counsel
Enclosure

Title "Pratt_Debra_017-cv-03952_1_Pratt_Debra_017-cv-03952_1"

PLAINTIFFS' LAST NAME - Pratt
PLAINTIFFS' FIRST NAME - Debra
CASE NO. - 0:17-cv-03952
SECTION I (CASE INFORMATION) - Incomplete
SECTION I - INCOMPLETE QUESTIONS - 04
SECTION II (PERSONAL INFORMATION) -
SECTION III (SURGERY INFORMATION) -
SECTION IV - 1 (VITAL STATISTICS) -
SECTION IV - 10 (DRUG/ALCOHOL) -
SECTION IV - 3 (HEALTHCARE PROVIDERS) -
SECTION IV - 7 (PHARMACIES/DRUGSTORES) - Incomplete
SECTION IV - 8 (DENTAL PROCEDURES) -
SECTION IV - 9 (TOBACCO) -
SECTION IX - 1 (CONSORTIUM NAME ETC.) -
SECTION IX - 3 (RESIDENCES) -
SECTION IX - 4 (MARRIED) -
SECTION V - 5 (DISABILITY CLAIMS) -
SECTION V - 6 (LAWSUITS) -
SECTION V - 7 (BANKRUPTCY) -
SECTION VI - 1 (PHYSICAL INJURY) - Incomplete
SECTION VI - 3 (EMOTIONAL DISTRESS) - Incomplete
SECTION VI - 6 (WARNINGS) -
SECTION VI - 7 (3M/ARIZANT COMMUNICATIONS) -
SECTION VI - 8 (3M/ARIZANT WARRANTY) -
SECTION VI - 9 (AUGUSTINE) -
SECTION VII - 1 (LOST PAST WAGES) -
SECTION VII - 2 (LOST FUTURE WAGES) -
SECTION VIII - 2 (VERBAL/WRITTEN STATEMENT) -
X.01 - SIGNED AUTHORIZATION - Incomplete
X.02.D - DOCUMENTS - SIGNED VERIFICATION -
I.03.B - PLAINTIFFS' COUNSEL'S FIRM - Brent Coon & Associates
I.03.E - PLAINTIFFS' COUNSEL'S EMAIL - jmorris@jamlawyers.com



BLACKWELL
BURKE P.A.

Benjamin W. Hulse
Direct Dial: 612-343-3256
E-Mail: bhulse@blackwellburke.com

April 24, 2018

**VIA EMAIL AND U.S. MAIL**
Randall John Trost
Randall J. Trost, P.C.
801 Main Street, 10th Floor
Lynchburg, Virginia 24504
rttrost@trostlaw.com

> Re:  *In re Bair Hugger Forced Air Warming Devices Products Liability Litigation*
> MDL No. 2666 – Deficiencies in Amended Plaintiff Fact Sheet
> *Robertson, Jeffrey  v. 3M Company et al*  Case No.:0:17-cv-04327-JNE-FLN

Dear Counsel:

We are in receipt of the second amended Plaintiff Fact Sheet (PFS) for the above-captioned matter. The second amended PFS still has core deficiencies, as set forth in the enclosed report.

Paragraph 4 of Pretrial Order No. 14 defines core deficiencies as "a lack of response to all questions in Section I, Section II, and Section III; Section IV, questions 1, 3, 7, 8, 9, 10; Section V, questions 5, 6, and 7; Section VI, questions 1, 3, 6, 7, 8, and 9; Section VII, questions 1 and 2; Section 8, question 2; Section IX, questions 1, 3, and 4, or lack of signed medical authorizations." Paragraph 3 further requires a signed verification.

In addition, the instructions on the PFS form prohibit leaving spaces blank and provide as follows: "If a question is not applicable to you, please state 'Not Applicable' or 'N/A.'" In our review, many deficiencies resulted from a plaintiff leaving one or more spaces blank.

Pursuant to paragraph 6 of PTO 14, within 3 weeks of the date of this letter, you must respond in writing by either (1) curing the deficiencies (by serving a further revised, verified PFS through Plaintiffs' portal); (2) disputing the deficiencies and setting forth the reasons the PFS is not deficient; or (3) explaining why the deficiencies cannot be timely cured. When serving a revised, PFS through Plaintiff's portal, you do not need to resubmit documents that were previously served with the original and/or any amended PFS. An updated verification is required, however, to be served along with the amended PFS.

Sincerely,

s/ Benjamin W. Hulse

Benjamin W. Hulse

cc: Plaintiffs' Co-Lead Counsel
Enclosure

Title "Robertson_Jeffrey_017-cv-04327_1_Robertson_Jeffrey_017-cv-04327_1"

Robertson_Jeffrey_01
7-cv-
04327_1_Robertson_J
effrey_017-cv-04327_1

PLAINTIFFS' LAST NAME - Robertson
PLAINTIFFS' FIRST NAME - Jeffrey
CASE NO. - 0:17-cv-04327
SECTION I (CASE INFORMATION) -
SECTION II (PERSONAL INFORMATION) -
SECTION III   (SURGERY INFORMATION) - Incomplete
SECTION III - INCOMPLETE QUESTIONS - 03
SECTION IV - 1 (VITAL STATISTICS) -
SECTION IV - 10   (DRUG/ALCOHOL) -
SECTION IV - 3 (HEALTHCARE PROVIDERS) -
SECTION IV - 7   (PHARMACIES/DRUGSTORES) -
SECTION IV - 8   (DENTAL PROCEDURES) -
SECTION IV - 9   (TOBACCO) -
SECTION IX - 1   (CONSORTIUM NAME ETC.) - Incomplete
SECTION IX - 3   (RESIDENCES) - Incomplete
SECTION IX - 4   (MARRIED) - Incomplete
SECTION V - 5   (DISABILITY CLAIMS) -
SECTION V - 6   (LAWSUITS) -
SECTION V - 7   (BANKRUPTCY) -
SECTION VI - 1   (PHYSICAL INJURY) -
SECTION VI - 3   (EMOTIONAL DISTRESS) - Incomplete
SECTION VI - 6   (WARNINGS) -
SECTION VI - 7   (3M/ARIZANT COMMUNICATIONS) -
SECTION VI - 8   (3M/ARIZANT WARRANTY) -
SECTION VI - 9   (AUGUSTINE) -
SECTION VII - 1   (LOST PAST WAGES) -
SECTION VII - 2   (LOST FUTURE WAGES) -
SECTION VIII - 2   (VERBAL/WRITTEN STATEMENT) -
X.01 - SIGNED AUTHORIZATION -
X.02.D - DOCUMENTS - SIGNED VERIFICATION -
I.03.B - PLAINTIFFS' COUNSEL'S FIRM - Randall J. Trost, P.C.
I.03.E - PLAINTIFFS' COUNSEL'S EMAIL - rttrost@trostlaw.com



BLACKWELL
BURKE P.A.

Benjamin W. Hulse
Direct Dial: 612-343-3256
E-Mail: bhulse@blackwellburke.com

April 24, 2018

**VIA EMAIL AND U.S. MAIL**
Randall John Trost
Randall J. Trost, P.C.
801 Main Street, 10th Floor
Lynchburg, Virginia 24504
rttrost@trostlaw.com

Re:   *In re Bair Hugger Forced Air Warming Devices Products Liability Litigation*
      MDL No. 2666 – Deficiencies in Amended Plaintiff Fact Sheet
      *Robertson, Jeffrey  v. 3M Company et al*  Case No.:0:17-cv-04328-JNE-FLN

Dear Counsel:

We are in receipt of the second amended Plaintiff Fact Sheet (PFS) for the above-captioned matter. The second amended PFS still has core deficiencies, as set forth in the enclosed report.

Paragraph 4 of Pretrial Order No. 14 defines core deficiencies as "a lack of response to all questions in Section I, Section II, and Section III; Section IV, questions 1, 3, 7, 8, 9, 10; Section V, questions 5, 6, and 7; Section VI, questions 1, 3, 6, 7, 8, and 9; Section VII, questions 1 and 2; Section 8, question 2; Section IX, questions 1, 3, and 4, or lack of signed medical authorizations." Paragraph 3 further requires a signed verification.

In addition, the instructions on the PFS form prohibit leaving spaces blank and provide as follows: "If a question is not applicable to you, please state 'Not Applicable' or 'N/A.'" In our review, many deficiencies resulted from a plaintiff leaving one or more spaces blank.

Pursuant to paragraph 6 of PTO 14, within 3 weeks of the date of this letter, you must respond in writing by either (1) curing the deficiencies (by serving a further revised, verified PFS through Plaintiffs' portal); (2) disputing the deficiencies and setting forth the reasons the PFS is not deficient; or (3) explaining why the deficiencies cannot be timely cured. When serving a revised, PFS through Plaintiff's portal, you do not need to resubmit documents that were previously served with the original and/or any amended PFS. An updated verification is required, however, to be served along with the amended PFS.

Sincerely,

s/ Benjamin W. Hulse

Benjamin W. Hulse

cc: Plaintiffs' Co-Lead Counsel
Enclosure

Title "Robertson_Jeffrey_017-cv-04328_1_Robertson_Jeffrey_017-cv-04328_1"

Robertson_Jeffrey_01
7-cv-
04328_1_Robertson_J
effrey_017-cv-04328_1

PLAINTIFFS' LAST NAME - Robertson
PLAINTIFFS' FIRST NAME - Jeffrey
CASE NO. - 0:17-cv-04328
SECTION I (CASE INFORMATION) -
SECTION II (PERSONAL INFORMATION) -
SECTION III   (SURGERY INFORMATION) - Incomplete
SECTION III - INCOMPLETE QUESTIONS - 03
SECTION IV - 1 (VITAL STATISTICS) -
SECTION IV - 10   (DRUG/ALCOHOL) -
SECTION IV - 3 (HEALTHCARE PROVIDERS) -
SECTION IV - 7   (PHARMACIES/DRUGSTORES) -
SECTION IV - 8   (DENTAL PROCEDURES) -
SECTION IV - 9   (TOBACCO) -
SECTION IX - 1   (CONSORTIUM NAME ETC.) - Incomplete
SECTION IX - 3   (RESIDENCES) - Incomplete
SECTION IX - 4   (MARRIED) - Incomplete
SECTION V - 5   (DISABILITY CLAIMS) -
SECTION V - 6   (LAWSUITS) -
SECTION V - 7   (BANKRUPTCY) -
SECTION VI - 1   (PHYSICAL INJURY) -
SECTION VI - 3   (EMOTIONAL DISTRESS) - Incomplete
SECTION VI - 6   (WARNINGS) -
SECTION VI - 7   (3M/ARIZANT COMMUNICATIONS) -
SECTION VI - 8   (3M/ARIZANT WARRANTY) -
SECTION VI - 9   (AUGUSTINE) -
SECTION VII - 1   (LOST PAST WAGES) -
SECTION VII - 2   (LOST FUTURE WAGES) -
SECTION VIII - 2   (VERBAL/WRITTEN STATEMENT) -
X.01 - SIGNED AUTHORIZATION -
X.02.D - DOCUMENTS - SIGNED VERIFICATION -
I.03.B - PLAINTIFFS' COUNSEL'S FIRM - Randall J. Trost, P.C.
I.03.E - PLAINTIFFS' COUNSEL'S EMAIL - rltrost@trostlaw.com



**BLACKWELL BURKE** P.A.

Benjamin W. Hulse
Direct Dial: 612-343-3256
E-Mail: bhulse@blackwellburke.com

April 18, 2018

**VIA EMAIL AND U.S. MAIL**
Seth Webb
Brown & Crouppen, PC
211 N. Broadway, Suite 1600
St. Louis, MO 63102
sethw@getbc.com

> Re:    *In re Bair Hugger Forced Air Warming Devices Products Liability Litigation*
> MDL No. 2666 – Deficiencies in Amended Plaintiff Fact Sheet
> *Erdman, Elmer v. 3M Company et al*  Case No.:0:17-cv-04385-JNE-FLN

Dear Counsel:

We are in receipt of the second amended Plaintiff Fact Sheet (PFS) for the above-captioned matter. The second amended PFS still has core deficiencies, as set forth in the enclosed report.

Paragraph 4 of Pretrial Order No. 14 defines core deficiencies as "a lack of response to all questions in Section I, Section II, and Section III; Section IV, questions 1, 3, 7, 8, 9, 10; Section V, questions 5, 6, and 7; Section VI, questions 1, 3, 6, 7, 8, and 9; Section VII, questions 1 and 2; Section 8, question 2; Section IX, questions 1, 3, and 4, or lack of signed medical authorizations." Paragraph 3 further requires a signed verification.

In addition, the instructions on the PFS form prohibit leaving spaces blank and provide as follows: "If a question is not applicable to you, please state 'Not Applicable' or 'N/A.'" In our review, many deficiencies resulted from a plaintiff leaving one or more spaces blank.

Pursuant to paragraph 6 of PTO 14, within 3 weeks of the date of this letter, you must respond in writing by either (1) curing the deficiencies (by serving a further revised, verified PFS through Plaintiffs' portal); (2) disputing the deficiencies and setting forth the reasons the PFS is not deficient; or (3) explaining why the deficiencies cannot be timely cured. When serving a revised, PFS through Plaintiff's portal, you do not need to resubmit documents that were previously served with the original and/or any amended PFS. An updated verification is required, however, to be served along with the amended PFS.

Sincerely,

s/ Benjamin W. Hulse

Benjamin W. Hulse

cc: Plaintiffs' Co-Lead Counsel
Enclosure

Title "Erdman_Elmer_017-cv-4385_1_Erdman_Elmer_017-cv-4385_1"

Erdman_Elmer_017-cv-4385_1_Erdman_Elmer_017-cv-4385_1

PLAINTIFFS' LAST NAME - Erdman
PLAINTIFFS' FIRST NAME - Elmer
CASE NO. - 0:17-cv-4385
SECTION I (CASE INFORMATION) - Incomplete
SECTION I - INCOMPLETE QUESTIONS - 01, 04
SECTION II (PERSONAL INFORMATION) - Incomplete
SECTION II - INCOMPLETE QUESTIONS - 01, 02, 03, 05, 06, 08, 09, 10, 11, 12, 13, 14, 15, 16
SECTION III   (SURGERY INFORMATION) - Incomplete
SECTION III - INCOMPLETE QUESTIONS - 01, 02, 03, 04, 05
SECTION IV - 1 (VITAL STATISTICS) - Incomplete
SECTION IV - 10   (DRUG/ALCOHOL) - Incomplete
SECTION IV - 3 (HEALTHCARE PROVIDERS) - Incomplete
SECTION IV - 7   (PHARMACIES/DRUGSTORES) - Incomplete
SECTION IV - 8   (DENTAL PROCEDURES) - Incomplete
SECTION IV - 9   (TOBACCO) - Incomplete
SECTION IX - 1   (CONSORTIUM NAME ETC.) - Incomplete
SECTION IX - 3   (RESIDENCES) - Incomplete
SECTION IX - 4   (MARRIED) - Incomplete
SECTION V - 5   (DISABILITY CLAIMS) - Incomplete
SECTION V - 6   (LAWSUITS) - Incomplete
SECTION V - 7   (BANKRUPTCY) - Incomplete
SECTION VI - 1   (PHYSICAL INJURY) - Incomplete
SECTION VI - 3   (EMOTIONAL DISTRESS) - Incomplete
SECTION VI - 6   (WARNINGS) - Incomplete
SECTION VI - 7   (3M/ARIZANT COMMUNICATIONS) - Incomplete
SECTION VI - 8   (3M/ARIZANT WARRANTY) - Incomplete
SECTION VI - 9   (AUGUSTINE) - Incomplete
SECTION VII - 1   (LOST PAST WAGES) - Incomplete
SECTION VII - 2   (LOST FUTURE WAGES) - Incomplete
SECTION VIII - 2   (VERBAL/WRITTEN STATEMENT) - Incomplete
X.01 - SIGNED AUTHORIZATION - Incomplete
X.02.D - DOCUMENTS - SIGNED VERIFICATION - Incomplete
I.03.B - PLAINTIFFS' COUNSEL'S FIRM - Brown & Crouppen
I.03.E - PLAINTIFFS' COUNSEL'S EMAIL - sethw@getbc.com



**BLACKWELL BURKE** P.A.

April 25, 2018

Benjamin W. Hulse
Direct Dial: 612-343-3256
E-Mail: bhulse@blackwellburke.com

<u>VIA EMAIL AND U.S. MAIL</u>
Daniel A. Nigh
Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, P.A
316 South Baylen St. Suite 400
Pensacola, Florida 32502
dnigh@levinlaw.com

  Re: *In re Bair Hugger Forced Air Warming Devices Products Liability Litigation*
    MDL No. 2666 – Deficiencies in Amended Plaintiff Fact Sheet
    *Greene, James v. 3M Company* Case No.:0:17-cv-04433-JNE-FLN

Dear Counsel:

We are in receipt of the second amended Plaintiff Fact Sheet (PFS) for the above-captioned matter. The second amended PFS still has core deficiencies, as set forth in the enclosed report.

Paragraph 4 of Pretrial Order No. 14 defines core deficiencies as "a lack of response to all questions in Section I, Section II, and Section III; Section IV, questions 1, 3, 7, 8, 9, 10; Section V, questions 5, 6, and 7; Section VI, questions 1, 3, 6, 7, 8, and 9; Section VII, questions 1 and 2; Section 8, question 2; Section IX, questions 1, 3, and 4, or lack of signed medical authorizations." Paragraph 3 further requires a signed verification.

In addition, the instructions on the PFS form prohibit leaving spaces blank and provide as follows: "If a question is not applicable to you, please state 'Not Applicable' or 'N/A.'" In our review, many deficiencies resulted from a plaintiff leaving one or more spaces blank.

Pursuant to paragraph 6 of PTO 14, within 3 weeks of the date of this letter, you must respond in writing by either (1) curing the deficiencies (by serving a further revised, verified PFS through Plaintiffs' portal); (2) disputing the deficiencies and setting forth the reasons the PFS is not deficient; or (3) explaining why the deficiencies cannot be timely cured. When serving a revised, PFS through Plaintiff's portal, you do not need to resubmit documents that were previously served with the original and/or any amended PFS. An updated verification is required, however, to be served along with the amended PFS.

Sincerely,

s/ Benjamin W. Hulse

Benjamin W. Hulse

cc: Plaintiffs' Co-Lead Counsel
Enclosure

Title "Greene_James_017-cv-04433_1_Greene_James_017-cv-04433_1"                    Greene_James_017-
                                                                                                cv-
                                                                                  04433_1_Greene_Jame
                                                                                    s_017-cv-04433_1

PLAINTIFFS' LAST NAME - Greene
PLAINTIFFS' FIRST NAME - James
CASE NO. - 0:17-cv-04433
SECTION I (CASE INFORMATION) - Incomplete
SECTION I - INCOMPLETE QUESTIONS - 01
SECTION II (PERSONAL INFORMATION) - Incomplete
SECTION II - INCOMPLETE QUESTIONS - 01, 02, 03, 05, 06, 08, 09, 10, 11, 12, 13, 14, 15, 16
SECTION III   (SURGERY INFORMATION) - Incomplete
SECTION III - INCOMPLETE QUESTIONS - 01, 03, 04, 05
SECTION IV - 1 (VITAL STATISTICS) -
SECTION IV - 10   (DRUG/ALCOHOL) -
SECTION IV - 3 (HEALTHCARE PROVIDERS) - Incomplete
SECTION IV - 7   (PHARMACIES/DRUGSTORES) - Incomplete
SECTION IV - 8   (DENTAL PROCEDURES) -
SECTION IV - 9   (TOBACCO) -
SECTION IX - 1   (CONSORTIUM NAME ETC.) - Incomplete
SECTION IX - 3   (RESIDENCES) - Incomplete
SECTION IX - 4   (MARRIED) - Incomplete
SECTION V - 5   (DISABILITY CLAIMS) - Incomplete
SECTION V - 6   (LAWSUITS) - Incomplete
SECTION V - 7   (BANKRUPTCY) - Incomplete
SECTION VI - 1   (PHYSICAL INJURY) - Incomplete
SECTION VI - 3   (EMOTIONAL DISTRESS) - Incomplete
SECTION VI - 6   (WARNINGS) - Incomplete
SECTION VI - 7   (3M/ARIZANT COMMUNICATIONS) - Incomplete
SECTION VI - 8   (3M/ARIZANT WARRANTY) - Incomplete
SECTION VI - 9   (AUGUSTINE) - Incomplete
SECTION VII - 1   (LOST PAST WAGES) - Incomplete
SECTION VII - 2   (LOST FUTURE WAGES) - Incomplete
SECTION VIII - 2   (VERBAL/WRITTEN STATEMENT) - Incomplete
X.01 - SIGNED AUTHORIZATION - Incomplete
X.02.D - DOCUMENTS - SIGNED VERIFICATION - Incomplete
I.03.B - PLAINTIFFS' COUNSEL'S FIRM - Levin, Papantonio
I.03.E - PLAINTIFFS' COUNSEL'S EMAIL - dnigh@levinlaw.com



**BLACKWELL BURKE** P.A.

Benjamin W. Hulse
Direct Dial: 612-343-3256
E-Mail: bhulse@blackwellburke.com

May 9, 2018

**VIA EMAIL AND U.S. MAIL**
Seth Webb
Brown and Crouppen, P.C.
211 N. Broadway, Suite 1600
St. Louis, MO 63102
sethw@getbc.com

     Re:   *In re Bair Hugger Forced Air Warming Devices Products Liability Litigation*
           MDL No. 2666 – Deficiencies in Amended Plaintiff Fact Sheet
           *Keith, Kody v. 3M Company et al* Case No.:0:17-cv-04654-JNE-FLN

Dear Counsel:

We are in receipt of the second amended Plaintiff Fact Sheet (PFS) for the above-captioned matter. The second amended PFS still has core deficiencies, as set forth in the enclosed report.

Paragraph 4 of Pretrial Order No. 14 defines core deficiencies as "a lack of response to all questions in Section I, Section II, and Section III; Section IV, questions 1, 3, 7, 8, 9, 10; Section V, questions 5, 6, and 7; Section VI, questions 1, 3, 6, 7, 8, and 9; Section VII, questions 1 and 2; Section 8, question 2; Section IX, questions 1, 3, and 4, or lack of signed medical authorizations." Paragraph 3 further requires a signed verification.

In addition, the instructions on the PFS form prohibit leaving spaces blank and provide as follows: "If a question is not applicable to you, please state 'Not Applicable' or 'N/A.'" In our review, many deficiencies resulted from a plaintiff leaving one or more spaces blank.

Pursuant to paragraph 6 of PTO 14, within 3 weeks of the date of this letter, you must respond in writing by either (1) curing the deficiencies (by serving a further revised, verified PFS through Plaintiffs' portal); (2) disputing the deficiencies and setting forth the reasons the PFS is not deficient; or (3) explaining why the deficiencies cannot be timely cured. When serving a revised, PFS through Plaintiff's portal, you do not need to resubmit documents that were previously served with the original and/or any amended PFS. An updated verification is required, however, to be served along with the amended PFS.

Sincerely,

s/ Benjamin W. Hulse

Benjamin W. Hulse

cc: Plaintiffs' Co-Lead Counsel
Enclosure

| | |
|---|---|
| **Plaintiffs' Last Name** | Keith |
| **Plaintiffs' First Name** | Kody |
| **Case No.** | 0:17-cv-4654 |
| **Section I (Case Information)** | |
| **Section I - Incomplete Questions** | |
| **Section II (Personal Information)** | |
| **Section II - Incomplete Questions** | |
| **Section III (Surgery Information)** | Incomplete |
| **Section III - Incomplete Questions** | 1 |
| **Section IV - 1 (Vital Statistics)** | |
| **Section IV - 3 (Healthcare Providers)** | |
| **Section IV - 7 (Pharmacies/Drugstores)** | |
| **Section IV - 8 (Dental Procedures)** | |
| **Section IV - 9 (Tobacco)** | |
| **Section IV - 10 (Drug/Alcohol)** | |
| **Section IX - 1 (Consortium Name etc.)** | |
| **Section IX - 3 (Residences)** | |
| **Section IX - 4 (Married)** | |
| **Section V - 5 (Disability Claims)** | |
| **Section V - 6 (Lawsuits)** | |
| **Section V - 7 (Bankruptcy)** | |
| **Section VI - 1 (Physical Injury)** | |
| **Section VI - 3 (Emotional Distress)** | |
| **Section VI - 6 (Warnings)** | |
| **Section VI - 7 (3M/Arizant Communications)** | |
| **Section VI - 8 (3M/Arizant Warranty)** | |
| **Section VI - 9 (Augustine)** | |
| **Section VII - 1 (Lost Past Wages)** | Incomplete |
| **Section VII - 2 (Lost Future Wages)** | |
| **Section VIII - 2 (Verbal/Written Statement)** | |
| **X.01 - Signed Authorization** | |
| **X.02.d - Documents - Signed Verification** | |
| **I.03.b - Plaintiffs' Counsel's Firm** | Brown &amp; Crouppen |
| **I.03.e - Plaintiffs' Counsel's Email** | sethw@getbc.com |



BLACKWELL
BURKE P.A.

Benjamin W. Hulse
Direct Dial: 612-343-3256
E-Mail: bhulse@blackwellburke.com

May 9, 2018

**VIA EMAIL AND U.S. MAIL**
Seth Webb
Brown and Crouppen, P.C.
211 N. Broadway, Suite 1600
St. Louis, MO 63102
sethw@getbc.com

> Re:   *In re Bair Hugger Forced Air Warming Devices Products Liability Litigation*
> MDL No. 2666 – Deficiencies in Amended Plaintiff Fact Sheet
> *Resendez, Esperanza v. 3M Company et al*  Case No.:0:17-cv-04677-JNE-FLN

Dear Counsel:

We are in receipt of the second amended Plaintiff Fact Sheet (PFS) for the above-captioned matter. The second amended PFS still has core deficiencies, as set forth in the enclosed report.

Paragraph 4 of Pretrial Order No. 14 defines core deficiencies as "a lack of response to all questions in Section I, Section II, and Section III; Section IV, questions 1, 3, 7, 8, 9, 10; Section V, questions 5, 6, and 7; Section VI, questions 1, 3, 6, 7, 8, and 9; Section VII, questions 1 and 2; Section 8, question 2; Section IX, questions 1, 3, and 4, or lack of signed medical authorizations." Paragraph 3 further requires a signed verification.

In addition, the instructions on the PFS form prohibit leaving spaces blank and provide as follows: "If a question is not applicable to you, please state 'Not Applicable' or 'N/A.'" In our review, many deficiencies resulted from a plaintiff leaving one or more spaces blank.

Pursuant to paragraph 6 of PTO 14, within 3 weeks of the date of this letter, you must respond in writing by either (1) curing the deficiencies (by serving a further revised, verified PFS through Plaintiffs' portal); (2) disputing the deficiencies and setting forth the reasons the PFS is not deficient; or (3) explaining why the deficiencies cannot be timely cured. When serving a revised, PFS through Plaintiff's portal, you do not need to resubmit documents that were previously served with the original and/or any amended PFS. An updated verification is required, however, to be served along with the amended PFS.

Sincerely,

s/ Benjamin W. Hulse

Benjamin W. Hulse

cc: Plaintiffs' Co-Lead Counsel
Enclosure

| | |
|---|---|
| Plaintiffs' Last Name | Resendez |
| Plaintiffs' First Name | Esperanza |
| Case No. | 0:17-cv-4677 |
| Section I (Case Information) | |
| Section I - Incomplete Questions | |
| Section II (Personal Information) | |
| Section II - Incomplete Questions | |
| Section III (Surgery Information) | Incomplete |
| Section III - Incomplete Questions | 1 |
| Section IV - 1 (Vital Statistics) | |
| Section IV - 3 (Healthcare Providers) | |
| Section IV - 7 (Pharmacies/Drugstores) | |
| Section IV - 8 (Dental Procedures) | |
| Section IV - 9 (Tobacco) | |
| Section IV - 10 (Drug/Alcohol) | |
| Section IX - 1 (Consortium Name etc.) | |
| Section IX - 3 (Residences) | |
| Section IX - 4 (Married) | |
| Section V - 5 (Disability Claims) | |
| Section V - 6 (Lawsuits) | |
| Section V - 7 (Bankruptcy) | |
| Section VI - 1 (Physical Injury) | |
| Section VI - 3 (Emotional Distress) | |
| Section VI - 6 (Warnings) | |
| Section VI - 7 (3M/Arizant Communications) | |
| Section VI - 8 (3M/Arizant Warranty) | |
| Section VI - 9 (Augustine) | |
| Section VII - 1 (Lost Past Wages) | |
| Section VII - 2 (Lost Future Wages) | |
| Section VIII - 2 (Verbal/Written Statement) | |
| X.01 - Signed Authorization | |
| X.02.d - Documents - Signed Verification | |
| I.03.b - Plaintiffs' Counsel's Firm | Brown &amp; Crouppen |
| I.03.e - Plaintiffs' Counsel's Email | sethw@getbc.com |



# BLACKWELL BURKE P.A.

Benjamin W. Hulse
Direct Dial: 612-343-3256
E-Mail: bhulse@blackwellburke.com

May 17, 2018

**VIA EMAIL AND U.S. MAIL**
Behram Parekh
Kirtland and Packard LLP
1638 South Pacific Coast Highway
Redondo Beach, CA 90277
bvp@kirtlandpackard.com

> Re:   *In re Bair Hugger Forced Air Warming Devices Products Liability Litigation*
> MDL No. 2666 – Deficiencies in Amended Plaintiff Fact Sheet
> *Murray, Dan  v. 3M Company et al*  Case No.:0:17-cv-04845-JNE-FLN

Dear Counsel:

We are in receipt of the second amended Plaintiff Fact Sheet (PFS) for the above-captioned matter. The second amended PFS still has core deficiencies, as set forth in the enclosed report.

Paragraph 4 of Pretrial Order No. 14 defines core deficiencies as "a lack of response to all questions in Section I, Section II, and Section III; Section IV, questions 1, 3, 7, 8, 9, 10; Section V, questions 5, 6, and 7; Section VI, questions 1, 3, 6, 7, 8, and 9; Section VII, questions 1 and 2; Section 8, question 2; Section IX, questions 1, 3, and 4, or lack of signed medical authorizations." Paragraph 3 further requires a signed verification.

In addition, the instructions on the PFS form prohibit leaving spaces blank and provide as follows: "If a question is not applicable to you, please state 'Not Applicable' or 'N/A.'" In our review, many deficiencies resulted from a plaintiff leaving one or more spaces blank.

Pursuant to paragraph 6 of PTO 14, within 3 weeks of the date of this letter, you must respond in writing by either (1) curing the deficiencies (by serving a further revised, verified PFS through Plaintiffs' portal); (2) disputing the deficiencies and setting forth the reasons the PFS is not deficient; or (3) explaining why the deficiencies cannot be timely cured. When serving a revised, PFS through Plaintiff's portal, you do not need to resubmit documents that were previously served with the original and/or any amended PFS. An updated verification is required, however, to be served along with the amended PFS.

Sincerely,

s/ Benjamin W. Hulse

Benjamin W. Hulse

cc: Plaintiffs' Co-Lead Counsel
Enclosure

| | |
|---|---|
| **Plaintiffs' Last Name** | Murray |
| **Plaintiffs' First Name** | Danny |
| **Case No.** | 0:17-cv-04845-JNE-FLN |
| **Section I (Case Information)** | |
| **Section I - Incomplete Questions** | |
| **Section II (Personal Information)** | Incomplete |
| **Section II - Incomplete Questions** | 03, 10 |
| **Section III (Surgery Information)** | |
| **Section III - Incomplete Questions** | |
| **Section IV - 1 (Vital Statistics)** | |
| **Section IV - 3 (Healthcare Providers)** | |
| **Section IV - 7 (Pharmacies/Drugstores)** | |
| **Section IV - 8 (Dental Procedures)** | |
| **Section IV - 9 (Tobacco)** | |
| **Section IV - 10 (Drug/Alcohol)** | |
| **Section IX - 1 (Consortium Name etc.)** | |
| **Section IX - 3 (Residences)** | |
| **Section IX - 4 (Married)** | |
| **Section V - 5 (Disability Claims)** | |
| **Section V - 6 (Lawsuits)** | |
| **Section V - 7 (Bankruptcy)** | |
| **Section VI - 1 (Physical Injury)** | |
| **Section VI - 3 (Emotional Distress)** | |
| **Section VI - 6 (Warnings)** | |
| **Section VI - 7 (3M/Arizant Communications)** | |
| **Section VI - 8 (3M/Arizant Warranty)** | |
| **Section VI - 9 (Augustine)** | |
| **Section VII - 1 (Lost Past Wages)** | Incomplete |
| **Section VII - 2 (Lost Future Wages)** | |
| **Section VIII - 2 (Verbal/Written Statement)** | |
| **X.01 - Signed Authorization** | |
| **X.02.d - Documents - Signed Verification** | |
| **I.03.b - Plaintiffs' Counsel's Firm** | Kirtland Packard |
| **I.03.e - Plaintiffs' Counsel's Email** | bvp@kirtlandpackard.com |

# EXHIBIT C

**Sent:** Friday, June 15, 2018 4:36 PM
**To:** 'JoanEricksen_Chambers@mnd.uscourts.gov'; 'Noel_Chambers@mnd.uscourts.gov'
**Cc:** Genevieve Zimmerman - Meshbesher & Spence (gzimmerman@meshbesher.com); 'Kyle Farrar';
Gabriel Assaad (gassaad@kennedyhodges.com); Jan Conlin (JMC@ciresiconlin.com); Ben Gordon
(bgordon@levinlaw.com); Jerry Blackwell; Lyn Pruitt; Mary Young; Ben Hulse; Monica L. Davies; David
Szerlag; Ahmann, Bridget M. (Bridget.Ahmann@FaegreBD.com)
**Subject:** Joint Agenda and Status Report for June 21 Status Conference (MDL No. 15-2666 (JNE/FLN))

Dear Judge Ericksen and Judge Noel,

In accordance with Pretrial Order No. 3, the parties submit this Joint Agenda and Status Conference
Report in preparation for the status conference scheduled for Thursday, June 21, at 9:30
a.m.  Defendants' three lists related to the Plaintiff Fact Sheets, as discussed in Section 2 of the Joint
Agenda, are also attached to this email.

Best regards and have a great weekend.

Peter Goss



**Peter Goss**

Phone: 612.343.3283 | Fax: 612.343.3205
**www.blackwellburke.com**

   

**431 South 7th Street, Suite 2500 ● Minneapolis ● MN ● 55415**

This message and any attachments may contain information that is privileged, confidential, and exempt from
disclosure under applicable law. If you are not the intended recipient or are not authorized to receive for the
recipient, you are hereby notified that dissemination, distribution or copying of this message and any attachments is
strictly prohibited. If you have received this message in error, please immediately advise the sender by reply e-mail
and delete the message and any attachments. Thank you.

**Defendants' PFS List 1:  Overdue Plaintiff Fact Sheets**
(Updated June 15, 2018)

| Case Number | Title | Date Filed | Due Date | Prior Listing | Firm Name |
|---|---|---|---|---|---|
| 0:17-cv-05302-JNE-FLN | Kelley, Charles  v. 3M Company et al | 11/30/2017 | 2/28/2018 | 4/10/2018 5/11/2018 | Kirtland & Packard LLP |
| 0:17-cv-05469-JNE-FLN | Minnigan-Judd, Stephanie v. 3M Company et al | 12/18/2017 | 3/18/2018 | 4/10/2018 5/11/2018 | The Law offices of Travis R. Walker, P.A. |
| 0:17-cv-04872-JNE-FLN | Grimsley, Daniel v. 3M Company et al. | 10/26/2017 | 1/24/2018 | 5/11/2018 | Bernstein Liebhard LLP |
| 0:17-cv-05581-JNE-FLN | Berzsenyi, Robert  v. 3M Company et al | 12/29/2017 | 3/29/2018 | 5/11/2018 | Law Offices of Charles H Johnson, PA |
| 0:17-cv-05589-JNE-FLN | Bardwell, Doris v. 3M Company et al | 12/29/2017 | 3/29/2018 | 5/11/2018 | Law Offices of Charles H Johnson, PA |
| 0:18-cv-00078-JNE-FLN | Gottfried, Arthur v. 3M Company et al | 1/11/2018 | 4/11/2018 | 5/11/2018 | Davis & Crump, P.C. |
| 0:18-cv-00080-JNE-FLN | Harris, Jimmie Don v. 3M Company et al | 1/11/2018 | 4/11/2018 | 5/11/2018 | Davis & Crump, P.C. |
| 0:18-cv-00093-JNE-FLN | Ashley, Ruth  v. 3M Company et al | 1/12/2018 | 4/12/2018 | 5/11/2018 | Bernstein Liebhard LLP |
| 0:18-cv-00151-JNE-FLN | Russell, Janice  v. 3M Company et al | 1/22/2018 | 4/22/2018 | 5/11/2018 | Bernstein Liebhard LLP |
| 0:18-cv-00154-JNE-FLN | Coleman, James v. 3M Company et al | 1/22/2018 | 4/22/2018 | 5/11/2018 | Davis & Crump, P.C. |
| 0:18-cv-00184-JNE-FLN | Proffit, Connie  v. 3M Company et al | 1/23/2018 | 4/23/2018 | 5/11/2018 | Davis & Crump, P.C. |
| 0:18-cv-00205-JNE-FLN | Shulz, Shelley v. 3M Company et al | 1/25/2018 | 4/25/2018 | 5/11/2018 | Bernstein Liebhard LLP |
| 0:18-cv-00207-JNE-FLN | Guenther, Gary  v 3M Company et al | 1/25/2018 | 4/25/2018 | 5/11/2018 | Bernstein Liebhard LLP |
| 0:18-cv-00220-JNE-FLN | Brasher, Michael v. 3M Company et al | 1/25/2018 | 4/25/2018 | 5/11/2018 | Bernstein Liebhard LLP |
| 0:18-cv-00257-JNE-FLN | Patrick, Marvin v. 3M Company et al | 1/29/2018 | 4/29/2018 | 5/11/2018 | The Law offices of Travis R. Walker, P.A. |
| 0:18-cv-00263-JNE-FLN | Robinson, Michael v. 3M Company et al | 1/29/2018 | 4/29/2018 | 5/11/2018 | The Law offices of Travis R. Walker, P.A. |
| 0:18-cv-00265-JNE-FLN | Sawyer, William v. 3M Company et al | 1/29/2018 | 4/29/2018 | 5/11/2018 | Davis & Crump, P.C. |
| 0:18-cv-00274-JNE-FLN | Malone, Brenda v. 3M Company et al | 1/30/2018 | 4/30/2018 | 5/11/2018 | Bernstein Liebhard LLP |
| 0:18-cv-00275-JNE-FLN | Owens, Janis v. 3M Company et al | 1/30/2018 | 4/30/2018 | 5/11/2018 | Bernstein Liebhard LLP |
| 0:18-cv-00348-JNE-FLN | Smith, Dorothy v. 3M Company et al | 2/7/2018 | 5/8/2018 | | The Miller Firm, LLC |
| 0:18-cv-00354-JNE-FLN | McDermott, Kevin  et al v. 3M Company et al | 2/8/2018 | 5/9/2018 | | Parker Waichman LLP |
| 0:18-cv-00437-JNE-FLN | McCullough, Angie  v. 3M Company et al | 2/14/2018 | 5/15/2018 | | Davis & Crump, P.C. |
| 0:18-cv-00444-JNE-FLN | Garrison, Steven v. 3M Company et al | 2/15/2018 | 5/16/2018 | | Davis & Crump, P.C. |
| 0:18-cv-00527-JNE-FLN | Morgan, Evelyn v. 3M Company et al | 2/23/2018 | 5/24/2018 | | Davis & Crump, P.C. |
| 0:18-cv-00529-JNE-FLN | Logsdon, Wanda v. 3M Company et al | 2/23/2018 | 5/24/2018 | | Davis & Crump, P.C. |
| 0:18-cv-00606-JNE-FLN | Jones, Karen Marie v. 3M Company et al | 3/2/2018 | 5/31/2018 | | Davis & Crump, P.C. |
| 0:18-cv-00609-JNE-FLN | Larrison, Terry v. 3M Company et al | 3/2/2018 | 5/31/2018 | | Davis & Crump, P.C. |

Yellow highlighting indicates that the case was previously listed per PTO 14 (Dkt. No. 270).
Pink highlighting indicates that the case is subject to Defendants' Pending Motion to Dismiss.

**Defendants' PFS List 1:  Overdue Plaintiff Fact Sheets**
(Updated June 15, 2018)

| Case Number | Title | Date Filed | Due Date | Prior Listing | Firm Name |
|---|---|---|---|---|---|
| 0:18-cv-00617-JNE-FLN | Hayes, Carol v. 3M Company et al | 3/2/2018 | 5/31/2018 | | Schlichter Bogard & Denton, LLP |
| 0:18-cv-00641-JNE-FLN | Rhew, Barbara  v. 3M Company et al | 3/7/2018 | 6/5/2018 | | Morris Law Firm |
| 0:18-cv-00681-JNE-FLN | Ferrer, Gladys  v. 3M Company et al | 3/9/2018 | 6/7/2018 | | Morris Law Firm |

Yellow highlighting indicates that the case was previously listed per PTO 14 (Dkt. No. 270).
Pink highlighting indicates that the case is subject to Defendants' Pending Motion to Dismiss.

**Defendants' PFS List 2:  Plaintiffs Who Have Not Responded to Defendants' Deficiency Notices**
(Updated June 15, 2018)

| Case Number | Title | 1st Deficiency Notice Sent | Response Due Date | Prior Listing | Firm Name |
|---|---|---|---|---|---|
| 0:17-cv-04429-JNE-FLN | Holcomb, April v. 3M Company et al | 12/26/2017 | 2/28/2018 | 4/10/2018 05/11/2018 | DeGaris & Rogers, LLC |
| 0:17-cv-04896-JNE-FLN | Pew, Richard v. 3M Company et al | 1/24/2018 | 4/3/2018 | 4/10/2018 05/11/2018 | Kirtland & Packard LLP |
| 0:17-cv-04984-JNE-FLN | Cheney, Jay v. 3M Company et al | 1/30/2018 | 4/2/2018 | 4/10/2018 05/11/2018 | Kirtland & Packard LLP |
| 0:17-cv-05199-JNE-FLN | Spry, John et al v. 3M Company et al | 2/19/2018 | 4/5/2018 | 4/10/2018 05/11/2018 | Pendley, Baudin & Coffin L.L.P. |
| 0:17-cv-05202-JNE-FLN | Reed, Tommy et al v. 3M Company et al | 3/19/2018 | 4/9/2018 | 4/10/2018 05/11/2018 | Pendley, Baudin & Coffin L.L.P. |
| 0:17-cv-04285-JNE-FLN | Nickell, Vernon et al v. 3M Company et al | 1/11/2018 | 4/8/2018 | 5/11/2018 | Gustafson Gluek PLLC |
| 0:17-cv-05083-JNE-FLN | Meredith, Benjamin v. 3M Company et al | 4/12/2018 | 5/3/2018 | 5/11/2018 | DeGaris & Rogers, LLC |
| 0:17-cv-05200-JNE-FLN | Picuri, David v. 3M Company et al | 3/22/2018 | 4/12/2018 | 5/11/2018 | Pendley, Baudin & Coffin L.L.P. |
| 0:17-cv-05323-JNE-FLN | Richey, Priscilla v. 3M Company et al | 4/16/2018 | 5/7/2018 | 5/11/2018 | Kennedy Hodges, L.L.P. |
| 0:17-cv-04778-JNE-FLN | Brown, Ina v. 3M Company et al. | 4/17/2018 | 5/8/2018 | | Bernstein Liebhard LLP |
| 0:17-cv-04881-JNE-FLN | Potter, Karen v. 3M Company et al | 5/7/2018 | 5/28/2018 | | Bernstein Liebhard LLP |
| 0:17-cv-04885-JNE-FLN | McEvoy, Mark v. 3M Company et al | 5/7/2018 | 5/28/2018 | | Bernstein Liebhard LLP |
| 0:17-cv-04889-JNE-FLN | Thornton, Mildred v. 3M Company et al | 5/7/2018 | 5/28/2018 | | Bernstein Liebhard LLP |
| 0:17-cv-04891-JNE-FLN | Edwards, Renate v. 3M Company et al | 4/17/2018 | 5/8/2018 | | Bernstein Liebhard LLP |
| 0:17-cv-05123-JNE-FLN | Robinson-Bessicks, Alberta v. 3M Company et al | 5/10/2018 | 5/31/2018 | | Kirtland and Packard LLP |
| 0:17-cv-05261-JNE-FLN | Hardy, Alan v. 3M Company et al | 4/17/2018 | 5/8/2018 | | Bernstein Liebhard LLP |
| 0:17-cv-05270-JNE-FLN | Johnston, Todd v. 3M Company et al | 4/17/2018 | 5/8/2018 | | Bernstein Liebhard LLP |
| 0:17-cv-05277-JNE-FLN | Billings, Willard v. 3M Company et al | 4/17/2018 | 5/8/2018 | | Bernstein Liebhard LLP |
| 0:17-cv-05345-JNE-FLN | Lacy, John v. 3M Company et al | 5/8/2018 | 5/29/2018 | | Davis & Crump, P.C. |

Yellow highlighting indicates that the case was previously listed per PTO 14 (Dkt. No. 270).
Pink highlighting indicates that the case is subject to Defendants' Pending Motion to Dismiss.

**Defendants' PFS List 2:  Plaintiffs Who Have Not Responded to Defendants' Deficiency Notices**
(Updated June 15, 2018)

| | | | | | |
|---|---|---|---|---|---|
| 0:17-cv-05370-JNE-FLN | Taplin, Janice v. 3M Company et al | 5/7/2018 | 5/28/2018 | | Bernstein Liebhard LLP |
| 0:17-cv-05371-JNE-FLN | Bresnock, Anne v. 3M Company et al | 5/7/2018 | 5/28/2018 | | Bernstein Liebhard LLP |
| 0:17-cv-05385-JNE-FLN | Jackson, Janice v. 3M Company et al | 5/7/2018 | 5/28/2018 | | Davis & Crump, P.C. |
| 0:17-cv-05466-JNE-FLN | Adams, Laurel v. 3M Company et al | 5/7/2018 | 5/28/2018 | | Davis & Crump, P.C. |
| 0:17-cv-05472-JNE-FLN | Jones, Denise v. 3M Company et al | 5/17/2018 | 6/7/2018 | | Johnson Becker, PLLC |
| 0:18-cv-00045-JNE-FLN | Swales, Bertha v. 3M Company et al | 5/7/2018 | 5/28/2018 | | Bernstein Liebhard LLP |
| 0:18-cv-00064-JNE-FLN | Garvin, Leah v. 3M Company et al | 5/17/2018 | 6/7/2018 | | Johnson Becker, PLLC |

| Case Number | Title | 2nd Deficiency Notice Sent | Response Due Date | Prior Listing | Firm Name |
|---|---|---|---|---|---|
| 0:17-cv-02524-JNE-FLN | Koors, Audrey v. 3M Company et al | 2/8/2018 | 03/01/2018 | 5/11/2018 | Kennedy Hodges, L.L.P. |
| 0:17-cv-03014-JNE-FLN | Jenkins obo Gwendolyn Jensen v. 3M Company et al | 12/29/2017 | 1/19/2018 | 5/11/2018 | Kennedy Hodges, L.L.P. |
| 0:17-cv-03616-JNE-FLN | Hoerbert, Darlene v. 3M Company et al | 2/21/2018 | 03/14/2018 | 5/11/2018 | Johnson Becker, PLLC |
| 0:17-cv-03629-JNE-FLN | Ciccone, Louis v. 3M Company et al | 1/17/2018 | 02/07/2018 | 5/11/2018 | Kennedy Hodges, L.L.P. |
| 0:17-cv-03899-JNE-FLN | Pimentel, Carlos v. 3M Company et al | 2/28/2017 | 03/21/2018 | 5/11/2018 | The Olinde Firm, LLC |
| 0:17-cv-03912-JNE-FLN | Kellett, Jackson v. 3M Company et al | 4/16/2018 | 5/7/2018 | 5/11/2018 | Kennedy Hodges, L.L.P. |
| 0:17-cv-04467-JNE-FLN | Adams, Artis v. 3M Company et al | 4/2/2018 | 4/23/2018 | 5/11/2018 | Gustafson Gluek PLLC |
| 0:17-cv-04476-JNE-FLN | Holstine, Rachel v. 3M Company et al | 3/29/2018 | 4/19/2018 | 5/11/2018 | Bernstein Liebhard LLP |
| 0:17-cv-04257-JNE-FLN | Coggins, Mark v. 3M Company et al | 4/27/2018 | 05/18/2018 | | Kennedy Hodges, LLP |
| 0:17-cv-04470-JNE-FLN | Ingram, Virginia v. 3M Company et al | 5/7/2018 | 05/28/2018 | | Bernstein Liebhard LLP |
| 0:17-cv-04517-JNE-FLN | Henderson, Stephanie v. 3M Company et al | 5/7/2018 | 05/28/2018 | | Bernstein Liebhard LLP |

Yellow highlighting indicates that the case was previously listed per PTO 14 (Dkt. No. 270).
Pink highlighting indicates that the case is subject to Defendants' Pending Motion to Dismiss.

**Defendants' PFS List 2:  Plaintiffs Who Have Not Responded to Defendants' Deficiency Notices**
(Updated June 15, 2018)

| Case Number | Title | 3rd Deficiency Notice Sent | Response Due Date | Prior Listing | Firm Name |
|---|---|---|---|---|---|
| 0:17-cv-04672-JNE-FLN | Bassett, Carey v. 3M Company et al | 3/28/2018 | 4/18/2018 | | Schlichter Bogard & Denton, LLP |
| 0:17-cv-04752-JNE-FLN | Hyer, David v. 3M Company et al | 5/4/2018 | 05/25/2018 | | Gustafson Gluek PLLC |
| 0:17-cv-04777-JNE-FLN | Pine, Randy v. 3M Company et al. | 5/7/2018 | 5/28/2018 | | Bernstein Liebhard LLP |
| 0:17-cv-04779-JNE-FLN | Key, Nancy  v. 3M Company et al | 4/27/2018 | 5/18/2018 | | Kennedy Hodges, L.L.P. |
| 0:17-cv-05231-JNE-FLN | Williams, Catherine  v. 3M Company et al | 5/8/2018 | 05/29/2018 | | Davis & Crump, P.C. |
| Case Number | Title | 3rd Deficiency Notice Sent | Response Due Date | Prior Listing | Firm Name |
| 0:17-cv-03022-JNE-FLN | Hoyos, Teresa v. 3M Company et al | 2/14/2018 | 3/7/2018 | 5/11/2018 04/10/2018 | Brown and Crouppen, P.C |
| 0:17-cv-03464-JNE-FLN | Witt, Alan v. 3M Company et al | 4/5/2018 | 4/26/2018 | 5/11/2018 | Kennedy Hodges, L.L.P. |
| 0:17-cv-04169-JNE-FLN | Hurley, Jonathan v. 3M Company et al | 4/2/2018 | 4/23/2018 | 5/11/2018 | The Olinde Firm, LLC |
| 0:17-cv-03252-JNE-FLN | Gorbett, Jamie v. 3M Company et al | 5/7/2018 | 5/18/2018 | | Bernstein Liebhard LLP |
| 0:17-cv-03573-JNE-FLN | Parker, Lloyd v. 3M Company et al | 5/7/2018 | 5/18/2018 | | Bernstein Liebhard LLP |
| 0:17-cv-03696-JNE-FLN | Hickman, Alan v. 3M Company et al | 4/27/2018 | 5/18/2018 | | Kennedy Hodges, L.L.P. |
| 0:17-cv-03851-JNE-FLN | Colby, Mary  v. 3M Company et al | 5/3/2018 | 5/18/2018 | | Kennedy Hodges, L.L.P. |
| 0:17-cv-04009-JNE-FLN | Rude, Lynas v. 3M Company et al | 5/7/2018 | 5/18/2018 | | Bernstein Liebhard LLP |
| 0:17-cv-04502-JNE-FLN | Parker, Iris v. 3M Company et al | 5/4/2018 | 5/18/2018 | | Andrews Thornton Higgins Razmara, LLP |
| 0:17-cv-04678-JNE-FLN | Bacon, Robert,et al v. 3M Company et al | 5/17/2018 | 5/18/2018 | | Schlichter Bogard & Denton, LLP |

Yellow highlighting indicates that the case was previously listed per PTO 14 (Dkt. No. 270).
Pink highlighting indicates that the case is subject to Defendants' Pending Motion to Dismiss.

**Defendants' PFS List 3:  Core Deficiencies Remained Following Notice and Response**
(Updated June 15, 2018)

| Case Number | Title | 3rd Deficiency Sent | Prior Listing | Firm Name |
|---|---|---|---|---|
| 0:17-cv-02638-JNE-FLN | Reinker, Susan v. 3M Company et al | 2/6/2018 | 4/10/2018 05/11/2018 | Kennedy Hodges, L.L.P. |
| 0:17-cv-02901-JNE-FLN | Moore, Michael v. 3M Company et al | 2/14/2018 | 4/10/2018 05/11/2018 | Kennedy Hodges, L.L.P. |
| 0:17-cv-03049-JNE-FLN | Finney, Gwendolyn v. 3M Company et al | 2/14/2018 | 4/10/2018 05/11/2018 | Brown and Crouppen, P.C |
| 0:17-cv-03255-JNE-FLN | Holmes, Peter et al v. 3M Company et al | 2/21/2018 | 4/10/2018 05/11/2018 | Brown and Crouppen, P.C |
| 0:17-cv-03662-JNE-FLN | Guyton, Sharida v. 3M Company et al | 2/21/2018 | 4/10/2018 05/11/2018 | Brown and Crouppen, P.C |
| 0:17-cv-04805-JNE-FLN | Beck, Louis v. 3M Company et al | 2/28/2017 | 4/10/2018 05/11/2018 | Brown and Crouppen, P.C |
| 0:17-cv-04825-JNE-FLN | Duckworth, Laura v. 3M Company et al | 2/20/2018 | 4/10/2018 05/11/2018 | Brown and Crouppen, P.C |
| 0:17-cv-04880-JNE-FLN | Scott, Sheree  v. 3M Company et al | 2/28/2017 | 4/10/2018 05/11/2018 | Brown and Crouppen, P.C |
| 0:17-cv-04892-JNE-FLN | Thyrion, Leslie v. 3M Company et al | 3/7/2018 | 4/10/2018 05/11/2018 | Brown and Crouppen, P.C |
| 0:17-cv-03305-JNE-FLN | Brainerd, Jeremiah et al v. 3M Company et al | 2/26/2018 | 4/10/2018 05/11/2018 | Brown and Crouppen, P.C. |
| 0:17-cv-03414-JNE-FLN | Towsley, Joe  v. 3M Company et al | 4/11/2018 | 5/11/2011 | Sexton & Shelor |
| 0:17-cv-04041-JNE-FLN | Gibson, Lisa Karen v. 3M Company et al | 4/2/2018 | 5/11/2011 | Brown and Crouppen, P.C. |
| 0:17-cv-04334-JNE-FLN | Zeppetella, Steven et al v. 3M Company et al | 4/9/2018 | 5/11/2011 | Gustafson Gluek PLLC |
| 0:17-cv-04402-JNE-FLN | Weiss, Adam v. 3M Company et al | 4/9/2018 | 5/11/2011 | Jones Ward PLC |
| 0:16-cv-00787-JNE-FLN | Abrams v. 3M Company et al | 4/19/2017 | | Thering & Associates, PLLC |
| 0:16-cv-03618-JNE-FLN | Messner-Katzer v. 3M Company et al | 5/16/2017 | | Capretz & Associates |
| 0:17-cv-02925-JNE-FLN | Zimmerman, Burl v. 3M Company et al | 4/24/2018 | | The Olinde Firm, LLC |
| 0:17-cv-03413-JNE-FLN | Williams, Wanda v. 3M Company, et al | 4/12/2018 | | Sexton & Shelor |
| 0:17-cv-03501-JNE-FLN | Smith, Carla v. 3M Company et al | 5/2/2018 | | Kennedy Hodges, L.L.P. |

Yellow highlighting indicates that the case was previously listed per PTO 14 (Dkt. No. 270).
Pink highlighting indicates that the case is subject to Defendants' Pending Motion to Dismiss.

**Defendants' PFS List 3:  Core Deficiencies Remained Following Notice and Response**
(Updated June 15, 2018)

| Case Number | Title | 3rd Deficiency Sent | Prior Listing | Firm Name |
|---|---|---|---|---|
| 0:17-cv-03541-JNE-FLN | Chille, Annette v. 3M Company et al | 4/24/2018 | | Kennedy Hodges, L.L.P. |
| 0:17-cv-03554-JNE-FLN | Cyr, Kevin v. 3M Company et al | 4/11/2018 | | DeGaris & Rogers, LLC |
| 0:17-cv-03563-JNE-FLN | Opperman, Charlene v. 3M Company et al | 5/2/2018 | | Kennedy Hodges, L.L.P. |
| 0:17-cv-03718-JNE-FLN | Seymore, Mary v. 3M Company et al | 4/27/2018 | | Kennedy Hodges, L.L.P. |
| 0:17-cv-03952-JNE-FLN | Pratt, Debra  et al v. 3M Company et al | 4/25/2018 | | Brent Coon & Associates |
| 0:17-cv-03963-JNE-FLN | Jones, Rose v. 3M Company et al | 5/21/2018 | | Kennedy Hodges, L.L.P. |
| 0:17-cv-04298-JNE-FLN | Colby, Charles Gilbert v. 3M Company et al | 5/17/2018 | | Charles Gilbert Colby  pro se |
| 0:17-cv-04327-JNE-FLN | Robertson, Jeffrey v. 3M Company et al | 4/24/2018 | | Randall J. Trost, P.C. |
| 0:17-cv-04328-JNE-FLN | Robertson, Jeffrey v. 3M Company et al | 4/24/2018 | | Randall J. Trost, P.C. |
| 0:17-cv-04331-JNE-FLN | Israel, Marc  v. 3M Company et al | 4/25/2018 | | Schlichter, Bogard & Denton, LLP |
| 0:17-cv-04385-JNE-FLN | Erdman, Elmer v. 3M Company et al | 4/18/2018 | | Brown & Crouppen, PC |
| 0:17-cv-04389-JNE-FLN | Miller, Amanda  v. 3M Company et al | 5/10/2018 | | Jones Ward PLC |
| 0:17-cv-04400-JNE-FLN | Duckworth, Timothy v. 3M Company et al | 5/8/2018 | | Jones Ward PLC |
| 0:17-cv-04433-JNE-FLN | Greene, James v. 3M Company | 4/25/2018 | | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, P.A |
| 0:17-cv-04518-JNE-FLN | Robertson, Douglas v. 3M Company et al | 4/25/2018 | | Meshbesher & Spence, LTD |
| 0:17-cv-04609-JNE-FLN | Holden, Dianna  v. 3M Company et al | 5/2/2018 | | The Webster Law Firm |
| 0:17-cv-04612-JNE-FLN | Giroir, Shirley et al v. 3M Company et al | 5/2/2018 | | The Webster Law Firm |
| Case Number | Title | 3rd Deficiency Sent | Prior Listing | Firm Name |

Yellow highlighting indicates that the case was previously listed per PTO 14 (Dkt. No. 270).
Pink highlighting indicates that the case is subject to Defendants' Pending Motion to Dismiss.

**Defendants' PFS List 3:  Core Deficiencies Remained Following Notice and Response**
(Updated June 15, 2018)

| | | | | |
|---|---|---|---|---|
| 0:17-cv-04631-JNE-FLN | Lewis, Donald  v. 3M Company et al | 5/2/2018 | | The Webster Law Firm |
| 0:17-cv-04639-JNE-FLN | Guess, Carl  v. 3M Company et al | 5/7/2018 | | The Webster Law Firm |
| 0:17-cv-04654-JNE-FLN | Keith, Kody  v. 3M Company et al | 5/9/2018 | | Brown and Crouppen, P.C. |
| 0:17-cv-04677-JNE-FLN | Resendez, Esperanza v. 3M Company et al | 5/9/2018 | | Brown and Crouppen, P.C. |
| 0:17-cv-04845-JNE-FLN | Murray, Dan  v. 3M Company et al | 5/17/2018 | | Kirtland and Packard LLP |
| 0:17-cv-04859-JNE-FLN | Bradford, Darryl  v. 3M Company et al | 4/25/2018 | | The Miller Firm, LLC |

Yellow highlighting indicates that the case was previously listed per PTO 14 (Dkt. No. 270).
Pink highlighting indicates that the case is subject to Defendants' Pending Motion to Dismiss.

# EXHIBIT D

**From:** Mary Young
**Sent:** Friday, July 13, 2018 5:39 PM
**To:** JoanEricksen_Chambers@mnd.uscourts.gov; Noel_Chambers@mnd.uscourts.gov; schultz_chambers@mnd.uscourts.gov
**Cc:** Genevieve Zimmerman - Meshbesher & Spence (gzimmerman@meshbesher.com) <gzimmerman@meshbesher.com>; Kyle Farrar <kyle@fbtrial.com>; Gabriel Assaad (gassaad@kennedyhodges.com) <gassaad@kennedyhodges.com>; Jan Conlin (JMC@ciresiconlin.com) <JMC@ciresiconlin.com>; Ben Gordon (bgordon@levinlaw.com) <bgordon@levinlaw.com>; Jerry Blackwell <blackwell@blackwellburke.com>; Lyn Pruitt <LPruitt@mwlaw.com>; Ben Hulse <BHulse@blackwellburke.com>; David Szerlag <david@pritzkerlaw.com>; Bridget Ahmann <Bridget.Ahmann@FaegreBD.com>
**Subject:** Defendants' Proposed Agenda and Status Report for July 19 Status Conference (MDL No. 15-2666 (JNE/FLN))

Your Honors,

In accordance with Pretrial Order No. 3, Defendants submit the attached Proposed Agenda and Status Conference Report in preparation for the status conference scheduled for Thursday, July 19. Defendants provided the proposed agenda to Plaintiffs' counsel before noon today in an attempt to reach agreement on a joint submission. We have not yet received any substantive response, and so are now submitting this on behalf of Defendants given today's deadline. Defendants' three lists related to the Plaintiff Fact Sheets, as discussed in Section 2 of the Joint Agenda, are also attached to this email.

Sincerely,
Mary Young

**Mary S. Young**

**Blackwell Burke P.A.**
431 South Seventh Street, Suite 2500
Minneapolis, MN  55415
Direct (612) 343-3214
Fax (612) 343-3205

This message and any attachments may contain information that is privileged, confidential, and exempt from disclosure under applicable law. If you are not the intended recipient or are not authorized to receive for the recipient, you are hereby notified that dissemination, distribution or copying of this message and any attachments is strictly prohibited. If you have received this message in error, please immediately advise the sender by reply e-mail and delete the message and any attachments. Thank you.

**Defendants' PFS List 1:  Overdue Plaintiff Fact Sheets**
(Updated July 13, 2018)

| Case Number | Title | Date Filed | Due Date | Prior Listing | Firm Name |
|---|---|---|---|---|---|
| 0:17-cv-04872-JNE-FLN | Grimsley, Daniel v. 3M Company et al. | 10/26/2017 | 1/24/2018 | 5/11/2018 6/15/2018 | Bernstein Liebhard LLP |
| 0:17-cv-05581-JNE-FLN | Berzsenyi, Robert  v. 3M Company et al | 12/29/2017 | 3/29/2018 | 5/11/2018 6/15/2018 | Law Offices of Charles H Johnson, PA |
| 0:17-cv-05589-JNE-FLN | Bardwell, Doris v. 3M Company et al | 12/29/2017 | 3/29/2018 | 5/11/2018 6/15/2018 | Law Offices of Charles H Johnson, PA |
| 0:18-cv-00257-JNE-FLN | Patrick, Marvin v. 3M Company et al | 1/29/2018 | 4/29/2018 | 5/11/2018 6/15/2018 | The Law offices of Travis R. Walker, P.A. |
| 0:18-cv-00263-JNE-FLN | Robinson, Michael v. 3M Company et al | 1/29/2018 | 4/29/2018 | 5/11/2018 6/15/2018 | The Law offices of Travis R. Walker, P.A. |
| 0:18-cv-00437-JNE-FLN | McCullough, Angie  v. 3M Company et al | 2/14/2018 | 5/15/2018 | 6/15/2018 | Davis & Crump, P.C. |
| 0:18-cv-00444-JNE-FLN | Garrison, Steven v. 3M Company et al | 2/15/2018 | 5/16/2018 | 6/15/2018 | Davis & Crump, P.C. |
| 0:18-cv-00527-JNE-FLN | Morgan, Evelyn v. 3M Company et al | 2/23/2018 | 5/24/2018 | 6/15/2018 | Davis & Crump, P.C. |
| 0:18-cv-00529-JNE-FLN | Logsdon, Wanda v. 3M Company et al | 2/23/2018 | 5/24/2018 | 6/15/2018 | Davis & Crump, P.C. |
| 0:18-cv-00609-JNE-FLN | Larrison, Terry v. 3M Company et al | 3/2/2018 | 5/31/2018 | 6/15/2018 | Davis & Crump, P.C. |
| 0:18-cv-00617-JNE-FLN | Hayes, Carol v. 3M Company et al | 3/2/2018 | 5/31/2018 | 6/15/2018 | Schlichter Bogard & Denton, LLP |
| 0:18-cv-00641-JNE-FLN | Rhew, Barbara  v. 3M Company et al | 3/7/2018 | 6/5/2018 | 6/15/2018 | Morris Law Firm |
| 0:18-cv-00572-JNE-FLN | Gauthier, Kim v. 3M Company et al | 3/1/2018 | 5/30/2018 | | Schlichter, Bogard & Denton, LLP |
| 0:18-cv-00705-JNE-FLN | Stoinski, Joyce v. 3M Company et al | 3/14/2018 | 6/12/2018 | | Davis & Crump, P.C. |
| 0:18-cv-00708-JNE-FLN | Fairfax, Betty v. 3M Company et al | 3/14/2018 | 6/12/2018 | | DeGaris & Rogers, LLC |
| 0:18-cv-00724-JNE-FLN | Burr, Cody v. 3M Company et al | 3/15/2018 | 6/13/2018 | | Morris Law Firm |
| 0:18-cv-00741-JNE-FLN | Crumiel, Phyllip et al v. 3M Company et al | 3/19/2018 | 6/17/2018 | | Schlichter, Bogard & Denton, LLP |
| 0:18-cv-00757-JNE-FLN | Homsher, Larry v. 3M Company et al | 3/20/2018 | 6/18/2018 | | Bernstein Liebhard LLP |
| 0:18-cv-00758-JNE-FLN | Butler, Frances Eloise v. 3M Company et al | 3/20/2018 | 6/18/2018 | | Fears Nachawati, PLLC |
| 0:18-cv-00802-JNE-FLN | Brown, Charles v. 3M Company et al | 3/23/2018 | 6/21/2018 | | The Olinde Firm, LLC |
| 0:18-cv-00805-JNE-FLN | Archie, Yvonne et al v. 3M Company et al | 3/23/2018 | 6/21/2018 | | The Webster Law Firm |
| 0:18-cv-00839-JNE-FLN | Pavia, Johnny et al v. 3M Company et al | 3/26/2018 | 6/24/2018 | | Fears Nachawati, PLLC |
| 0:18-cv-00840-JNE-FLN | Stidham, Robert et al v. 3M Company et al | 3/26/2018 | 6/24/2018 | | Fears Nachawati, PLLC |
| 0:18-cv-00842-JNE-FLN | Wiggins, Francis v. 3M Company et al | 3/26/2018 | 6/24/2018 | | Fears Nachawati, PLLC |

Yellow highlighting indicates that the case was previously listed per PTO 14 (Dkt. No. 270).
Pink highlighting indicates that the case is subject to Defendants' Pending Motion to Dismiss.

**Defendants' PFS List 1:  Overdue Plaintiff Fact Sheets**
(Updated July 13, 2018)

| Case Number | Title | Date Filed | Due Date | Prior Listing | Firm Name |
|---|---|---|---|---|---|
| 0:18-cv-00855-JNE-FLN | Short, Vincent v. 3M Company et al | 3/27/2018 | 6/25/2018 | | The Law offices of Travis R. Walker, P.A. |
| 0:18-cv-00856-JNE-FLN | Negron, Angel v. 3M Company et al | 3/27/2018 | 6/25/2018 | | The Law offices of Travis R. Walker, P.A. |
| 0:18-cv-00883-JNE-FLN | McAlister, Mary v. 3M Company et al | 3/29/2018 | 6/27/2018 | | Schlichter Bogard & Denton, LLP |
| 0:18-cv-00900-JNE-FLN | Ingram, Charles v. 3M Company et al | 3/30/2018 | 6/28/2018 | | Davis & Crump, P.C. |
| 0:18-cv-00904-JNE-FLN | Bauer, Kimberly v. 3M Company et al | 3/30/2018 | 6/28/2018 | | Davis & Crump, P.C. |
| 0:18-cv-00916-JNE-FLN | Foltz, Donald v. 3M Company et al | 4/2/2018 | 7/1/2018 | | Hare, Wynn, Newell & Newton, LLP |
| 0:18-cv-00929-JNE-FLN | Tillia, Jeffrey v. 3M Company et al | 4/3/2018 | 7/2/2018 | | DeGaris & Rogers, LLC |
| 0:18-cv-00930-JNE-FLN | Schram, Stoney v. 3M Company et al | 4/3/2018 | 7/2/2018 | | Kirtland & Packard LLP |
| 0:18-cv-00940-JNE-FLN | Russell, Robin et al v. 3M Company et al | 4/5/2018 | 7/4/2018 | | Meshbesher & Spence |
| 0:18-cv-00944-JNE-FLN | Kotowski, Joseph  et al v. 3M Company et al | 4/5/2018 | 7/4/2018 | | Meshbesher & Spence |
| 0:18-cv-00950-JNE-FLN | Nix, Joseph v. 3M Company et al | 4/6/2018 | 7/5/2018 | | Davis & Crump, P.C. |
| 0:18-cv-00955-JNE-FLN | Gordon, James v. 3M Company et al | 4/6/2018 | 7/5/2018 | | Davis & Crump, P.C. |
| 0:18-cv-00957-JNE-FLN | Muhammad, Hadiyah M. v. 3M Company et al | 4/6/2018 | 7/5/2018 | | Schlichter, Bogard & Denton, LLP |

Yellow highlighting indicates that the case was previously listed per PTO 14 (Dkt. No. 270).
Pink highlighting indicates that the case is subject to Defendants' Pending Motion to Dismiss.

**Defendants' PFS List 2:  Plaintiffs Who Have Not Responded to Defendants' Deficiency Notices**
(Updated July 13, 2018)

| Case Number | Title | 1st Deficiency Notice Sent | Response Due Date | Prior Listing | Firm Name |
|---|---|---|---|---|---|
| 0:17-cv-04285-JNE-FLN | Nickell, Vernon et al v. 3M Company et al | 1/11/2018 | 2/1/2018 | 5/11/2018 6/15/2018 | Gustafson Gluek PLLC |
| 0:17-cv-05323-JNE-FLN | Richey, Priscilla v. 3M Company et al | 4/16/2018 | 5/7/2018 | 5/11/2018 6/15/2018 | Kennedy Hodges, L.L.P. |
| 0:17-cv-04778-JNE-FLN | Brown, Ina v. 3M Company et al. | 4/17/2018 | 5/8/2018 | 6/15/2018 | Bernstein Liebhard LLP |
| 0:17-cv-04881-JNE-FLN | Potter, Karen v. 3M Company et al | 5/7/2018 | 5/28/2018 | 6/15/2018 | Bernstein Liebhard LLP |
| 0:17-cv-04885-JNE-FLN | McEvoy, Mark v. 3M Company et al | 5/7/2018 | 5/28/2018 | 6/15/2018 | Bernstein Liebhard LLP |
| 0:17-cv-04889-JNE-FLN | Thornton, Mildred  v. 3M Company et al | 5/7/2018 | 5/28/2018 | 6/15/2018 | Bernstein Liebhard LLP |
| 0:17-cv-04891-JNE-FLN | Edwards, Renate v. 3M Company et al | 4/17/2018 | 5/8/2018 | 6/15/2018 | Bernstein Liebhard LLP |
| 0:17-cv-05123-JNE-FLN | Robinson-Bessicks, Alberta v. 3M Company et al | 5/10/2018 | 5/31/2018 | 6/15/2018 | Kirtland and Packard LLP |
| 0:17-cv-05261-JNE-FLN | Hardy, Alan  v. 3M Company et al | 4/17/2018 | 5/8/2018 | 6/15/2018 | Bernstein Liebhard LLP |
| 0:17-cv-05270-JNE-FLN | Johnston, Todd v. 3M Company et al | 4/17/2018 | 5/8/2018 | 6/15/2018 | Bernstein Liebhard LLP |
| 0:17-cv-05277-JNE-FLN | Billings, Willard v. 3M Company et al | 4/17/2018 | 5/8/2018 | 6/15/2018 | Bernstein Liebhard LLP |
| 0:17-cv-05345-JNE-FLN | Lacy, John v. 3M Company et al | 5/8/2018 | 5/29/2018 | 6/15/2018 | Davis & Crump, P.C. |
| 0:17-cv-05370-JNE-FLN | Taplin, Janice v. 3M Company et al | 5/7/2018 | 5/28/2018 | 6/15/2018 | Bernstein Liebhard LLP |
| 0:17-cv-05371-JNE-FLN | Bresnock, Anne v. 3M Company et al | 5/7/2018 | 5/28/2018 | 6/15/2018 | Bernstein Liebhard LLP |
| 0:17-cv-05385-JNE-FLN | Jackson, Janice v. 3M Company et al | 5/7/2018 | 5/28/2018 | 6/15/2018 | Davis & Crump, P.C. |
| 0:17-cv-05466-JNE-FLN | Adams, Laurel v. 3M Company et al | 5/7/2018 | 5/28/2018 | 6/15/2018 | Davis & Crump, P.C. |
| 0:17-cv-05472-JNE-FLN | Jones, Denise v. 3M Company et al | 5/17/2018 | 6/7/2018 | 6/15/2018 | Johnson Becker, PLLC |
| 0:18-cv-00045-JNE-FLN | Swales, Bertha v. 3M Company et al | 5/7/2018 | 5/28/2018 | 6/15/2018 | Bernstein Liebhard LLP |

Yellow highlighting indicates that the case was previously listed per PTO 14 (Dkt. No. 270).
Pink highlighting indicates that the case is subject to Defendants' Pending Motion to Dismiss.

**Defendants' PFS List 2:  Plaintiffs Who Have Not Responded to Defendants' Deficiency Notices**
(Updated July 13, 2018)

| Case Number | Title | 2nd Deficiency Notice Sent | Response Due Date | Prior Listing | Firm Name |
|---|---|---|---|---|---|
| 0:18-cv-00064-JNE-FLN | Garvin, Leah v. 3M Company et al | 5/17/2018 | 6/7/2018 | 6/15/2018 | Johnson Becker, PLLC |
| 0:17-cv-05477-JNE-FLN | Shepard, Andrew v. 3M Company et al | 5/24/2018 | 6/14/2018 | | Johnson Becker, PLLC |
| 0:17-cv-05550-JNE-FLN | Bishop, Alma v. 3M Company et al | 6/8/2018 | 6/29/2018 | | Davis & Crump, P.C. |
| 0:18-cv-00063-JNE-FLN | Morgan, Zachary v. 3M Company et al | 5/29/2018 | 6/19/2018 | | Johnson Becker, PLLC |
| 0:18-cv-00067-JNE-FLN | Carlson, Glenn v. 3M Company et al | 5/24/2018 | 6/14/2018 | | Johnson Becker, PLLC |
| 0:18-cv-00139-JNE-FLN | Stedman, Robert v. 3M Company et al | 5/24/2018 | 6/14/2018 | | Johnson Becker, PLLC |
| 0:18-cv-00166-JNE-FLN | Davis, Thomas v. 3M Company et al | 5/29/2018 | 6/19/2018 | | Johnson Becker, PLLC |
| 0:18-cv-00249-JNE-FLN | Glasscock, Elizabeth v. 3M Company et al | 6/11/2018 | 7/2/2018 | | DeGaris & Rogers, LLC |
| 0:18-cv-00451-JNE-FLN | Gregg, Cynthia v. 3M Company et al | 6/14/2018 | 7/5/2018 | | Gustafson Gluek PLLC |
| 0:18-cv-00460-JNE-FLN | Kilmer, David v. 3M Company et al | 6/11/2018 | 7/2/2018 | | Kennedy Hodges, L.L.P. |
| 0:18-cv-00558-JNE-FLN | Kopytek, Joseph v. 3M Company et al | 6/11/2018 | 7/2/2018 | | Brown & Crouppen, PC |
| 0:18-cv-01041-JNE-FLN | Jiru, Peter v. 3M Company et al | 6/11/2018 | 7/2/2018 | | Kirtland & Packard LLP |
| Case Number | Title | 2nd Deficiency Notice Sent | Response Due Date | Prior Listing | Firm Name |
| 0:17-cv-03014-JNE-FLN | Jenkins obo Gwendolyn Jensen v. 3M Company et al | 12/29/2017 | 1/19/2018 | 5/11/2018 6/15/2018 | Kennedy Hodges, L.L.P. |
| 0:17-cv-03616-JNE-FLN | Hoerbert, Darlene v. 3M Company et al | 2/21/2018 | 03/14/2018 | 5/11/2018 6/15/2018 | Johnson Becker, PLLC |
| 0:17-cv-03899-JNE-FLN | Pimentel, Carlos v. 3M Company et al | 2/28/2017 | 03/21/2018 | 5/11/2018 6/15/2018 | The Olinde Firm, LLC |
| 0:17-cv-04467-JNE-FLN | Adams, Artis v. 3M Company et al | 4/2/2018 | 4/23/2018 | 5/11/2018 6/15/2018 | Gustafson Gluek PLLC |
| 0:17-cv-04257-JNE-FLN | Coggins, Mark v. 3M Company et al | 4/27/2018 | 05/18/2018 | 6/15/2018 | Kennedy Hodges, LLP |
| 0:17-cv-04470-JNE-FLN | Ingram, Virginia v. 3M Company et al | 5/7/2018 | 05/28/2018 | 6/15/2018 | Bernstein Liebhard LLP |

Yellow highlighting indicates that the case was previously listed per PTO 14 (Dkt. No. 270).
Pink highlighting indicates that the case is subject to Defendants' Pending Motion to Dismiss.

**Defendants' PFS List 2:  Plaintiffs Who Have Not Responded to Defendants' Deficiency Notices**
(Updated July 13, 2018)

| Case Number | Title | 3rd Deficiency Notice Sent | Response Due Date | Prior Listing | Firm Name |
|---|---|---|---|---|---|
| 0:17-cv-04517-JNE-FLN | Henderson, Stephanie v. 3M Company et al | 5/7/2018 | 05/28/2018 | 6/15/2018 | Bernstein Liebhard LLP |
| 0:17-cv-04752-JNE-FLN | Hyer, David v. 3M Company et al | 5/4/2018 | 05/25/2018 | 6/15/2018 | Gustafson Gluek PLLC |
| 0:17-cv-04777-JNE-FLN | Pine, Randy v. 3M Company et al. | 5/7/2018 | 5/28/2018 | 6/15/2018 | Bernstein Liebhard LLP |
| 0:17-cv-04779-JNE-FLN | Key, Nancy v. 3M Company et al | 4/27/2018 | 5/18/2018 | 6/15/2018 | Kennedy Hodges, L.L.P. |
| 0:17-cv-04302-JNE-FLN | Tilley, William v. 3M Company et al | 6/6/2018 | 6/27/2017 | | The Olinde Firm, LLC |
| 0:17-cv-04375-JNE-FLN | Baker, David v. 3M Company et al | 5/29/2018 | 6/19/2018 | | Bernstein Liebhard LLP |
| 0:17-cv-04512-JNE-FLN | Cunningham, Mary v. 3M Company et al | 5/29/2018 | 6/19/2018 | | Bernstein Liebhard LLP |
| 0:17-cv-04857-JNE-FLN | Murphy, Bennie v 3M et al | 5/29/2018 | 6/19/2018 | | Bernstein Liebhard LLP |
| 0:17-cv-04877-JNE-FLN | McDonald, Ethel v 3M et al | 5/29/2018 | 6/19/2018 | | Bernstein Liebhard LLP |
| 0:17-cv-05358-JNE-FLN | Breedlove, Danny et al v. 3M Company et al | 6/11/2018 | 7/2/2018 | | Schlichter Bogard & Denton, LLP |
| 0:18-cv-00032-JNE-FLN | DeArman, Lori v. 3M Company et al | 6/6/2018 | 6/27/2017 | | Kirtland & Packard LLP |
| 0:18-cv-00167-JNE-FLN | Shoaf et al v. 3M Company et al | 6/4/2018 | 6/25/2018 | | The Miller Firm, LLC |
| **Case Number** | **Title** | **3rd Deficiency Notice Sent** | **Response Due Date** | **Prior Listing** | **Firm Name** |
| 0:17-cv-03022-JNE-FLN | Hoyos, Teresa v. 3M Company et al | 2/14/2018 | 3/7/2018 | 4/10/2018 5/11/2018 6/15/2018 | Brown and Crouppen, P.C |
| 0:17-cv-03464-JNE-FLN | Witt, Alan v. 3M Company et al | 4/5/2018 | 4/26/2018 | 5/11/2018 6/15/2018 | Kennedy Hodges, L.L.P. |
| 0:17-cv-04169-JNE-FLN | Hurley, Jonathan v. 3M Company et al | 4/2/2018 | 4/23/2018 | 5/11/2018 6/15/2018 | The Olinde Firm, LLC |
| 0:17-cv-03252-JNE-FLN | Gorbett, Jamie v. 3M Company et al | 5/7/2018 | 5/18/2018 | 6/15/2018 | Bernstein Liebhard LLP |
| 0:17-cv-03573-JNE-FLN | Parker, Lloyd v. 3M Company et al | 5/4/2018 | 5/18/2018 | 6/15/2018 | Andrews Thornton Higgins Razmara, LLP |
| 0:17-cv-03696-JNE-FLN | Hickman, Alan v. 3M Company et al | 4/27/2018 | 5/18/2018 | 6/15/2018 | Kennedy Hodges, L.L.P. |
| 0:17-cv-03851-JNE-FLN | Colby, Mary v. 3M Company et al | 5/3/2018 | 5/18/2018 | 6/15/2018 | Kennedy Hodges, L.L.P. |

Yellow highlighting indicates that the case was previously listed per PTO 14 (Dkt. No. 270).
Pink highlighting indicates that the case is subject to Defendants' Pending Motion to Dismiss.

**Defendants' PFS List 2:  Plaintiffs Who Have Not Responded to Defendants' Deficiency Notices**
(Updated July 13, 2018)

| | | | | | |
|---|---|---|---|---|---|
| 0:17-cv-04009-JNE-FLN | Rude, Lynas v. 3M Company et al | 5/7/2018 | 5/18/2018 | 6/15/2018 | Bernstein Liebhard LLP |
| 0:17-cv-04695-JNE-FLN | Heatherley, Charlotte  v. 3M Company et al | 6/6/2018 | 6/27/2018 | | Schlichter Bogard & Denton, LLP |
| 0:17-cv-04703-JNE-FLN | Betts, Marilyn v. 3M Company et al | 6/11/2018 | 7/2/2018 | | Peterson & Associates, P.C. |

Yellow highlighting indicates that the case was previously listed per PTO 14 (Dkt. No. 270).
Pink highlighting indicates that the case is subject to Defendants' Pending Motion to Dismiss.

**Defendants' PFS List 3:  Core Deficiencies Remained Following Notice and Response**
(Updated July 13, 2018)

| Case Number | Title | Final Deficiency Sent | Prior Listing | Firm Name |
|---|---|---|---|---|
| 0:17-cv-03305-JNE-FLN | Brainerd, Jeremiah et al v. 3M Company et al | 2/26/2018 | 4/10/2018 5/11/2018 6/15/2018 | Brown and Crouppen, P.C. |
| 0:17-cv-04041-JNE-FLN | Gibson, Lisa Karen v. 3M Company et al | 4/2/2018 | 5/11/2018 6/15/2018 | Brown and Crouppen, P.C. |
| 0:17-cv-02925-JNE-FLN | Zimmerman, Burl v. 3M Company et al | 4/24/2018 | 6/15/2018 | The Olinde Firm, LLC |
| 0:17-cv-03413-JNE-FLN | Williams, Wanda v. 3M Company, et al | 4/12/2018 | 6/15/2018 | Sexton & Shelor |
| 0:17-cv-03501-JNE-FLN | Smith, Carla v. 3M Company et al | 5/2/2018 | 6/15/2018 | Kennedy Hodges, L.L.P. |
| 0:17-cv-03541-JNE-FLN | Chille, Annette v. 3M Company et al | 4/24/2018 | 6/15/2018 | Kennedy Hodges, L.L.P. |
| 0:17-cv-03554-JNE-FLN | Cyr, Kevin v. 3M Company et al | 4/11/2018 | 6/15/2018 | DeGaris & Rogers, LLC |
| 0:17-cv-03563-JNE-FLN | Opperman, Charlene v. 3M Company et al | 5/2/2018 | 6/15/2018 | Kennedy Hodges, L.L.P. |
| 0:17-cv-03718-JNE-FLN | Seymore, Mary v. 3M Company et al | 4/27/2018 | 6/15/2018 | Kennedy Hodges, L.L.P. |
| 0:17-cv-03952-JNE-FLN | Pratt, Debra  et al v. 3M Company et al | 4/25/2018 | 6/15/2018 | Brent Coon & Associates |
| 0:17-cv-04327-JNE-FLN | Robertson, Jeffrey v. 3M Company et al | 4/24/2018 | 6/15/2018 | Randall J. Trost, P.C. |
| 0:17-cv-04328-JNE-FLN | Robertson, Jeffrey v. 3M Company et al | 4/24/2018 | 6/15/2018 | Randall J. Trost, P.C. |
| 0:17-cv-04385-JNE-FLN | Erdman, Elmer v. 3M Company et al | 4/18/2018 | 6/15/2018 | Brown & Crouppen, PC |
| 0:17-cv-04389-JNE-FLN | Miller, Amanda  v. 3M Company et al | 5/10/2018 | 6/15/2018 | Jones Ward PLC |
| 0:17-cv-04400-JNE-FLN | Duckworth, Timothy v. 3M Company et al | 5/8/2018 | 6/15/2018 | Jones Ward PLC |
| 0:17-cv-04433-JNE-FLN | Greene, James v. 3M Company | 4/25/2018 | 6/15/2018 | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, P.A |
| 0:17-cv-04518-JNE-FLN | Robertson, Douglas v. 3M Company et al | 4/25/2018 | 6/15/2018 | Meshbesher & Spence, LTD |

Yellow highlighting indicates that the case was previously listed per PTO 14 (Dkt. No. 270).
Pink highlighting indicates that the case is subject to Defendants' Pending Motion to Dismiss.

**Defendants' PFS List 3:  Core Deficiencies Remained Following Notice and Response**
(Updated July 13, 2018)

| Case Number | Title | Final Deficiency Sent | Prior Listing | Firm Name |
|---|---|---|---|---|
| 0:17-cv-04609-JNE-FLN | Holden, Dianna  v. 3M Company et al | 5/2/2018 | 6/15/2018 | The Webster Law Firm |
| 0:17-cv-04612-JNE-FLN | Giroir, Shirley et al v. 3M Company et al | 5/2/2018 | 6/15/2018 | The Webster Law Firm |
| 0:17-cv-04631-JNE-FLN | Lewis, Donald  v. 3M Company et al | 5/2/2018 | 6/15/2018 | The Webster Law Firm |
| 0:17-cv-04639-JNE-FLN | Guess, Carl  v. 3M Company et al | 5/7/2018 | 6/15/2018 | The Webster Law Firm |
| 0:17-cv-04654-JNE-FLN | Keith, Kody  v. 3M Company et al | 5/9/2018 | 6/15/2018 | Brown and Crouppen, P.C. |
| 0:17-cv-04677-JNE-FLN | Resendez, Esperanza v. 3M Company et al | 5/9/2018 | 6/15/2018 | Brown and Crouppen, P.C. |
| 0:17-cv-04845-JNE-FLN | Murray, Dan  v. 3M Company et al | 5/17/2018 | 6/15/2018 | Kirtland and Packard LLP |
| 0:16-cv-00787-JNE-FLN | Abrams v. 3M Company et al | 4/19/2017 | | Thering & Associates, PLLC |
| 0:17-cv-03824-JNE-FLN | Henry, Lawrence v. 3M Company et al | 5/30/2018 | | Kennedy Hodges, L.L.P. |
| 0:17-cv-04333-JNE-FLN | Carney, Robert et al v. 3M Company et al | 5/29/2018 | | Gustafson Gluek PLLC |
| 0:17-cv-04708-JNE-FLN | Rhone, Tareya v. 3M Company et al | 6/4/2018 | | Hare, Wynn, Newell & Newton |
| 0:17-cv-04729-JNE-FLN | Benford, Walter v. 3M Company et al | 5/21/2018 | | GoldenbergLaw, PLLC |
| 0:17-cv-04800-JNE-FLN | Waters, Christopher v. 3M Company et al | 5/29/2018 | | Peterson & Associates, P.C. |
| 0:17-cv-04859-JNE-FLN | Bradford, Darryl  v. 3M Company et al | 4/25/2018 | | The Miller Firm, LLC |
| 0:17-cv-04917-JNE-FLN | Brandon, Katherine v. 3M Company et al | 5/24/2018 | | GoldenbergLaw, PLLC |
| 0:17-cv-04951-JNE-FLN | Wennerstrum, Mary v. 3M Company et al | 4/5/2018 06/14/2018 | | Peterson & Associates, P.C. |
| 0:17-cv-05052-JNE-FLN | Hanks, Julie v. 3M Company et al | 6/6/2018 | | Brown and Crouppen, P.C. |
| 0:17-cv-05066-JNE-FLN | Isabell, Blonita v. 3M Company et al | 6/11/2018 | | GoldenbergLaw, PLLC |

Yellow highlighting indicates that the case was previously listed per PTO 14 (Dkt. No. 270).
Pink highlighting indicates that the case is subject to Defendants' Pending Motion to Dismiss.

**Defendants' PFS List 3:  Core Deficiencies Remained Following Notice and Response**
(Updated July 13, 2018)

| Case Number | Title | Final Deficiency Sent | Prior Listing | Firm Name |
|---|---|---|---|---|
| 0:17-cv-05074-JNE-FLN | Riley, Diane v. 3M Company et al | 6/13/2018 | | GoldenbergLaw, PLLC |
| 0:17-cv-05075-JNE-FLN | Ventura, Nicholas v. 3M Company et al | 6/13/2018 | | GoldenbergLaw, PLLC |
| 0:17-cv-05087-JNE-FLN | Morgan, Travis v. 3M Company et al | 6/11/2018 | | GoldenbergLaw, PLLC |
| 0:17-cv-05109-JNE-FLN | Terry, Lola v. 3M Company et al | 6/13/2018 | | GoldenbergLaw, PLLC |
| 0:17-cv-05387-JNE-FLN | Wakefield, Lori v. 3M Company et al | 6/13/2018 | | Meshbesher & Spence, LTD. |
| 0:17-cv-05427-JNE-FLN | Payne, Margaret v. 3M Company et al | 5/31/2018 | | Hare, Wynn, Newell & Newton |
| 0:18-cv-00022-JNE-FLN | Klante, Randall  v. 3M Company et al | 6/8/2018 | | Kirtland & Packard LLP |
| 0:18-cv-00240-JNE-FLN | Dixon, Michael v. 3M Company | 6/4/2018 | | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, P.A |
| 0:18-cv-00678-JNE-FLN | Tawes, George v. 3M Company | 6/6/2018 | | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, P.A |
| 0:18-cv-00424-JNE-FLN | Harris, Lola  v. 3M Company et al | 6/13/2018 | | Kirtland & Packard LLP |

Yellow highlighting indicates that the case was previously listed per PTO 14 (Dkt. No. 270).
Pink highlighting indicates that the case is subject to Defendants' Pending Motion to Dismiss.