```
 1                    UNITED STATES DISTRICT COURT

 2                      DISTRICT OF MINNESOTA

 3     ------------------------------------------------------------
                                      )
 4                                    )
        In Re: Bair Hugger Forced Air )  File No. 15-MD-2666
 5      Warming Devices Products      )  (JNE/FLN)
        Liability Litigation          )
 6                                    )  July 19, 2018
                                      )  Minneapolis, Minnesota
 7                                    )  Courtroom 12W
                                      )  9:45 a.m.
 8                                    )
                                      )
 9     ------------------------------------------------------------

10              BEFORE THE HONORABLE JOAN N. ERICKSEN
                  UNITED STATES DISTRICT COURT JUDGE
11
                  THE HONORABLE FRANKLIN L. NOEL
12                UNITED STATES MAGISTRATE JUDGE

13
                  THE HONORABLE DAVID T. SCHULTZ
14                UNITED STATES MAGISTRATE JUDGE

15                    (STATUS CONFERENCE)

16     APPEARANCES

17     FOR THE PLAINTIFFS:
                                  MESHBESHER & SPENCE
18                                Genevieve M. Zimmerman
                                  1616 Park Avenue
19                                Minneapolis, MN  55404

20                                CIRESI CONLIN
                                  Jan Conlin
21                                225 South 6th Street
                                  Suite 4600
22                                Minneapolis, MN

23                                KENNEDY HODGES, LLP
                                  Gabriel Assaad
24                                4409 Montrose Blvd
                                  Suite 200
25                                Houston, TX 77006
```

```
 1      FOR THE PLAINTIFFS:
                                KENNEDY HODGES, LLP
 2                              David W. Hodges
                                711 W. Alabama Street
 3                              Houston, TX 77006

 4                              KASTER LYNCH FARRAR & BALL, LLP
                                Kyle Farrar
 5                              1001 Fannin St. #2300
                                Houston, TX  77002
 6
        FOR THE PLAINTIFFS APPEARING BY PHONE:
 7
                                LEVIN PAPANTONIO
 8                              Ben W. Gordon, Jr.
                                316 S. Baylen Street
 9                              Suite 600
                                Pensacola, FL 32502
10

11                             MESHBESHER & SPENCE
                                Holly Sternquist
12                              Ashleigh E. Raso
                                1616 Park Avenue
13                              Minneapolis, MN  55404

14                             PETERSON & ASSOCIATES, P.C.
                                Brian Emerson Tadtman
15                              801 W. 47th Street, Suite 107
                                Kansas City, MO  64112
16
                                BERNSTEIN LIEBHARD LLP
17                              Dae Lee
                                10 East 40th Street
18                              New York, NY  10016

19                             THE OLINDE FIRM, LLC
                                Alfred Olinde
20                              Wesley G. Barr
                                400 Poydras Street
21                              Suite 1980
                                New Orleans, LA  70130
22
                                MORGAN & MORGAN, PA
23                              Heather Cullen
                                Michael S. Goetz
24                              Joseph T. Waechter
                                201 N. Franklin St 7th Floor
25                              Tampa, FL  33602
        Telephone Appearances cont'd next page:
```

```
 1      FOR THE PLAINTIFFS APPEARING BY PHONE:
                                 RAIZNER SLANIA, LLP
 2                               Amy Hargis
                                 Erin Stracerner
 3                               Kristen Gorombol
                                 2402 Dunlavy Street
 4                               Houston, TX  77006

 5                               LONCAR & ASSOCIATES
                                 William Hymes
 6                               John L. Coveney
                                 424 S. Cesar Chavez Blvd
 7                               Dallas, TX  75201

 8                               CAPRETZ & ASSOCIATES
                                 Don K. Ledgard
 9                               5000 Birch St, Suite 2500
                                 Newport Beach, ca  92660
10
                                 MICHAEL HINGLE & ASSOCIATES
11                               Colleen Euper
                                 Bryan Pfleeger
12                               220 Gause Blvd
                                 Slidell, LA  70005
13
                                 HOUSSIERE DURANT & HOUSSIERE
14                               Randall A. Kauffman
                                 Monica Vaughan
15                               Shirley Strom-Blanchard
                                 1990 Post Oak Blvd Suite 800
16                               Houston, TX  77056

17                               DAVIS & CRUMP, PC
                                 Robert Cain, Jr.
18                               2601 Fourteenth Street
                                 Gulfport, MS 39507
19
                                 SKIKOS CRAWFORD SKIKOS&
20                                   JOSEPH, LLP
                                 Darilyn Simon
21                               Julie Tucci
                                 One Sansome Street, Suite 2830
22                               San Francisco, CA  94104

23                               THE RUTH TEAM
                                 Austin Grinder
24                               Steven C. Ruth
                                 842 Ramond Avenue
25                               Suite 200
                                 Saint Paul, MN  33733-5157
```

```
 1     FOR THE PLAINTIFFS APPEARING BY PHONE:

 2                              TATE LAW GROUP, LLC
                               Wendy Kell
 3                             2 East Bryan Street, Suite 600
                               Savannah, GA  31328
 4
                               LAW OFFICE OF TRAVIS R. WALKER
 5                             Julie Treacy
                               1235 SE Indian Street
 6                             Suite 101
                               Stuart, FL  34997
 7
                               LAW OFFICES OF JAMES S. ROGERS
 8                             Heather Cover
                               1500 4th Avenue #500
 9                             Seattle, WA  98101

10                             ANDREWS & THORNTON
                               Anne Andrews
11                             John Thornton
                               Lauren Davis
12                             2 Corporate Park, Suite 110
                               Irvine, CA 92606
13
                               JOHNSON BECKER PLLC
14                             Lisa Groshe
                               444 Cedar Street
15                             Suite 1800
                               Saint Paul, MN  55101
16
                               LORD & ASSOCIATES
17                             Melissa Marie Heinlein
                               Priscilla Lord
18                             309 Clifton Avenue
                               Minneapolis, MN 55403
19
                               MURRAY LAW FIRM
20                             Caroline Whitney Thomas
                               650 Poydras Street
21                             Suite 2150
                               New Orleans, LA  70130
22
                               BROWN & CROUPPEN, PC
23                             Abby Cordray
                               Seth Webb
24                             Vanessa Mixco
                               211 North Broadway, Suite 1600
25                             St. Louis, MO  63102
       Telephone Appearances cont'd next page:
```

1     FOR THE PLAINTIFFS APPEARING BY PHONE:

2                                     BEASLEY ALLEN
                                      Renee Lindsey
3                                     218 Commerce Street
                                      Montgomery, AL  36104
4
                                      BROUS LAW
5                                     Carrie Mulholland Brous
                                      3965 West 83rd St., #115
6                                     Prairie Village, KS  66208

7                                     HOLLIS LEGAL SOLUTIONS, PLLC
                                      Scott Hollis
8                                     6814 Crumpler Boulevard,
                                      Suite 101
9                                     Olive Branch, MS  38654

10                                    PARKER WAICHMAN, LLP
                                      Giselle Grant
11                                    Michael S. Werner
                                      59 Maiden Lane
12                                    6th Floor
                                      New York, NY  10038
13
                                      RANDALL J. TROST, P.C.
14                                    Carrie Hancock
                                      801 Main Street
15                                    Lynchburg, VA  24504

16                                    THE MILLER FIRM, LLC
                                      Tayjes M. Shah
17                                    The Sherman Building
                                      108 Railroad Avenue
18                                    Orange, VA  22960

19                                    WALTERS LAW FIRM, LLC
                                      Lon Walters
20                                    23A East 3rd St
                                      Kansas City, MO  64106
21
                                      FITZGERALD LAW GROUP, LLC
22                                    Kevin Fitzgerald
                                      120 Exchange Street
23                                    Suite 200
                                      Portland, ME  04101
24
                     Telephone Appearances Cont'd Next Page:
25

```
 1      FOR THE PLAINTIFFS APPEARING BY PHONE:

 2                              LANGDON & EMISON
                                Lauren Niendick
 3                              911 Main Street
                                Lexington, MO  64067
 4
                                LEWIS & CAPLAN
 5                              Amy Webster
                                Sarah Delahoussaye Call
 6                              Pete Lewis
                                3631 Canal Street
 7                              New Orleans, LA  70119

 8                              THE RUTH TEAM
                                Steven C. Ruth
 9                              Austin Grinder
                                842 Ramond Avenue
10                              Suite 200
                                Saint Paul, MN  33733-5157
11
                                BAILEY PEAVY BAILEY COWAN
12                              HECKAMAN, PLLC
                                Justin Jenson
13                              The Lyric Centre
                                440 Louisiana Street
14                              Suite 2100
                                Houston, TX  77002
15
                                THE WEBSTER LAW FIRM
16                              Chelsie Garza
                                Jason Webster
17                              6200 Savoy Suite 150
                                Houston, TX  77036
18
                                ALBERT BROOKS FRIEDMAN LTD
19                              Albert B. Friedman
                                Kelly Lopez
20                              161 N. Clark Street
                                Suite 2575
21                              Chicago, IL  60601

22                              GOZA & HONNOLD, LLC
                                Lisa Joyce
23                              Kirk Goza
                                Bradley Honnold
24                              11181 Overbrook Road, Suite 200
                                Leawood, KS  66211
25
        FOR THE PLAINTIFFS APPEARING BY PHONE:
```

```
 1                              MARTIN HARDING & MAZZOTI, LLP
                                Rosemarie Bogdan
 2                              Kristen Winner
                                1222 Troy-Schenectady Road
 3                              P.O. Box 15141
                                Albany, NY  12212-5141
 4
                                JUSTINIAN & ASSOCIATES PLLC
 5                              Amber Pang Parra
                                6228 Bandera Road
 6                              San Antonio, TX  78238

 7                              SHELTON LAW GROUP
                                Rob Shelton
 8                              9300 Shelbyville Road
                                Suite 215
 9                              Louisville, KY  40222

10                              SHOWARD LAW FIRM PC
                                Elizabeth Whitley
11                              Sarah J. Showard
                                Elizabeth Whitley
12                              4703 E Camp Lowell Drive
                                Suite 253
13                              Tucson, AZ  85712

14                              BACHUS & SCHANKER, LLC
                                Alexandra Franklin
15                              Allison Brown
                                Darin Schanker
16                              J. Kyle Bachus
                                Krysta Hand
17                              Kyle Bachus
                                J. Christopher Elliott
18                              Noelle Collins
                                1899 Wynkoop Street, Suite 700
19                              Denver, CO  80202

20                              CHAPPELL SMITH & ARDEN, P.A.
                                Graham L. Newman
21                              Mark Chappell
                                15150 Calhoun Street
22                              Columbia, South Carolina 29201

23                              COLLING GILBERG WRIGHT & CARTER
                                Linda Ann Thomas
24                              Melvin B. Wright
                                The Florida Firm
25                              801 N. Orange Avenue, Suite 830
                                Orlando, FL  32801
```

```
 1      FOR THE PLAINTIFFS APPEARING BY PHONE:

 2                              PRITZKER HAGEMAN, P.A.
                                David J. Szerlag
 3                              Wendy Thayer
                                45 South 7th Street, #2950
 4                              Minneapolis, MN  55402-1652

 5                              JOHNSON BECKER, PLLC
                                Lisa Groshe
 6                              33 South 6th Street
                                Suite 4530
 7                              Minneapolis, MN  55402

 8                              JOHNSON JOHNSON LUCAS &
                                MIDDLETON
 9                              Leslie O'Leary
                                Brenda Steinle
10                              975 Oak Street, Suite 1050
                                Eugene, OR  97401
11
                                DEGARIS LAW GROUP, LLC
12                              Annesley DeGaris
                                Wayne Rogers, Jr.
13                              3179 Green Valley Road 235
                                Birmingham, AL  35243
14
                                GINGRAS CATES & LUEBKE
15                              Heath P. Straka
                                Scott Thompson
16                              8150 Excelsior Drive
                                Madison, WI  53717
17
                                MORRIS LAW FIRM
18                              Jim Morris
                                Shane Greenberg
19                              Alec Smith
                                Lorena Ruiz
20                              4111 W. Alameda Avenue
                                Suite 611
21                              Burbank, CA  91505

22                              THE AHEARNE LAW FIRM, PLLC
                                Allan J. Ahearne
23                              Jessica Pauley
                                24 Main Street
24                              Warwick, NY  10990

25
        FOR THE PLAINTIFFS APPEARING BY PHONE:
```

```
 1                                      MCSWEENEY LANGEVIN
                                        Jonathan Mencel
 2                                      2116 Second Avenue South
                                        Minneapolis, MN  55404
 3
                                        GOLDENBERG LAW, PLLC
 4                                      Noah Lauricella
                                        800 LaSalle Avenue
 5                                      Suite 2150
                                        Minneapolis, MN  55402
 6
                                        THE WHITEHEAD LAW FIRM
 7                                      C. Mark Whitehead III
                                        Anna Higgins
 8                                      Petroleum Tower, Suite 303
                                        3639 Ambassador Caffery Pkwy
 9                                      Lafayette, LA  70503

10                                      THE REARDON LAW FIRM, PC
                                        John Nazzara
11                                      160 Hempstead Street
                                        New London, CT  06320
12
                                        LAW OFFICE OF MICHAEL PATRICK
13                                      Michael W. Patrick
                                        100 Timberhill Place, Suite 127
14                                      PO. Box 16848
                                        Chapel Hill, NC  27516
15
         FOR THE DEFENDANTS:            BLACKWELL BURKE P.A.
16                                      Jerry Blackwell
                                        Ben Hulse
17                                      Mary Young
                                        431 South Seventh Street
18                                      Suite 2500
                                        Minneapolis, MN  55415
19
                                        FAEGRE BAKER DANIELS
20                                      Bridget M. Ahmann
                                        90 South Seventh Street
21                                      Suite 2200
                                        Minneapolis, MN  55402
22
         COURT REPORTER:               Maria V. Weinbeck, RMR, FCRR
23                                      U.S. Courthouse
                                        300 South Fourth Street
24                                      Suite 1005
                                        Minneapolis, MN  55415
25             Proceedings recorded by mechanical stenography;
         transcript produced by computer.
```

```
 1                   P R O C E E D I N G S

 2                         (2:09 p.m.)

 3              THE COURT:  Good afternoon, everybody.  Please be

 4      seated.  In honor of Judge Noel's impending retirement, he's

 5      going to take the lead here today.

 6              MAGISTRATE JUDGE NOEL:  I've been promoted to the

 7      center seat.

 8              THE COURT:  Only on the promise that you're going

 9      to retire.

10              MAGISTRATE JUDGE NOEL:  And as many of you or

11      maybe all of you know, my successor in this role as

12      magistrate judge assigned to this MDL is going to be

13      Magistrate Judge David Schultz, who is also joining us

14      today.  I believe we have everybody's appearance on the

15      record already, correct?  Yes?  Then with that, we have an

16      agenda.  Let's just go straight to it.

17              MR. BLACKWELL:  Your Honors, if I may, I did have

18      a guest or two.

19              THE COURT:  Who are you?

20              MR. BLACKWELL:  I'm just Jerry.  We're in a

21      Movember in July, Your Honor.

22              MAGISTRATE JUDGE NOEL:  Mr. Blackwell.

23              MR. BLACKWELL:  Yes, Your Honors.  I had just a

24      couple of guests I wanted to introduce to the Court.

25              MAGISTRATE JUDGE NOEL:  Okay.
```

1          MR. BLACKWELL:  One of whom is going into the

2     eleventh grade at the Blake High School.  We thought we

3     would start early to see if we could persuade him to come to

4     our firm, and that is Mr. Aaryan Gulati back here.  He's

5     devoted to being a lawyer.

6          MAGISTRATE JUDGE NOEL:  Welcome.

7          MR. BLACKWELL:  And then our associate

8     extraordinaire who hasn't been able to come to one of these

9     conferences next to him is Vinita Banthia.

10          MS. BANTHIA:  Nice to meet you, Your Honors.

11          MAGISTRATE JUDGE NOEL:  Welcome.

12          MR. BLACKWELL:  And you may remember siting

13     through the trial, Haley Schaffer, who was our

14     representative from 3M, our inhouse counsel, Haley Schaffer.

15     So thank you, Your Honors.

16          MAGISTRATE JUDGE NOEL:  Okay, welcome all.

17          THE COURT:  Anybody over there?

18          MAGISTRATE JUDGE NOEL:  Any guests for the

19     plaintiffs?

20          MS. ZIMMERMAN:  No, Your Honors.  We have the

21     standard cast of characters here, and we're happy to be back

22     before the Court.

23          MAGISTRATE JUDGE NOEL:  All right then.  Let's

24     move on to the agenda.  The first is the pretrial orders and

25     case schedule.  Does anybody want to address that issue?

1    Hives?

2              MS. ZIMMERMAN:  I'll step off the curb.  May it

3    please the Court.

4              MAGISTRATE JUDGE NOEL:  Ms. Zimmerman.

5              MS. ZIMMERMAN:  Genevieve Zimmerman, as I haven't

6    had the opportunity to appear before you, Your Honor, for

7    plaintiffs.

8              With respect to the two cases that were mutually

9    nominated by plaintiffs and defendants for consideration in

10   the second round of bellwether cases for trial later this

11   year, we have the *Hives* case and the *Axline* case.  The

12   attorneys for Ms. Hives dismissed the case with prejudice on

13   July 7th based on some new information found in that case

14   and that leaves us then with the *Axline* case.  Lawyers for

15   Ms. Axline are not present in the courtroom today, but we

16   have been working cooperatively with them.

17             Unfortunately, there was to be a deposition of the

18   treating orthopod just I think 36 hours ago or so.  All the

19   attorneys showed up and Dr. Lombardi had a family emergency

20   and had to cancel, and so we're in the process of working

21   with his office.  He is not voluntarily participating with

22   either side, and we're hoping to have that rescheduled,

23   though at this point it's my understanding we are really

24   looking somewhere past the eighth or ninth of August as the

25   last that I heard from Ms. Ahmann I believe.  So we're still

1    a couple of weeks out.  And at this point, we fear that that

2    may well require some sort of a modification of the

3    scheduling order unfortunately.  So as it currently sits --

4              MAGISTRATE JUDGE NOEL:  Do we know what happened,

5    first of all, where is this deposition supposed to occur?

6              MS. ZIMMERMAN:  So it's supposed to happen in

7    Columbus, Ohio, Your Honor.  And Mr. Hodges was there as was

8    Ms. Ahmann and Mr. Corey Gordon for defendants, and also

9    then the plaintiffs' lawyer Brett Emison was present, a

10   court reporter, everybody was ready to go, and I gather that

11   there was some sort of a medical emergency in his family,

12   Dr. Lombardi's family, and so he had to leave.  Although, I

13   was not present.  That's my basic understanding of what

14   happened.

15             MS. AHMANN:  Yes.

16             MS. ZIMMERMAN:  So he was not able to reschedule

17   for the following morning, and Ms. Ahmann has I think mostly

18   been contacting his office about getting reset notices -- or

19   maybe I'm in the middle of two people.

20             MS. AHMANN:  Actually not, but --

21             MS. ZIMMERMAN:  Okay.

22             MAGISTRATE JUDGE NOEL:  Well, I guess the question

23   I have is in light of the followup you had, which was he's

24   not cooperating with anybody, is this going to require some

25   kind of court intervention?  Is he not going to show up

1    because he doesn't want to be deposed?  Or was this some

2    legitimate emergency that just was a fluke, and he'll be

3    there the next time?

4              MS. ZIMMERMAN:  We certainly would expect it.  The

5    plaintiffs would expect that he would agree to produce

6    himself pursuant to the notice.  He certainly, you know,

7    he's provided the fee schedule to the plaintiffs.  We

8    arrived with a check, you know, and it was a significant

9    check for him.  And I think that he's $5,000 for two hours

10   of testimony or something like that, so he's not

11   volunteering his time.  But it is my understanding he will

12   cooperate, but we don't have control over this witness at

13   all.

14             MAGISTRATE JUDGE NOEL:  And there's no date yet

15   set?

16             MS. ZIMMERMAN:  There is not.  My understanding is

17   that his first availability or mutual availability may be

18   the eighth of August and that's the last I have heard anyone

19   talking about that.  Is that right?

20             MS. AHMANN:  We were just told August, and we said

21   the week of the sixth would be flexible.

22             MS. ZIMMERMAN:  Okay.  Well, we'll continue to

23   work on that.  So right now as the scheduling order sits,

24   the discovery cut-off is August first, and we have a pretty

25   compressed schedule to try and get things ready for

1    December.  Plaintiffs' expert reports will be due on

2    August 15th, and if Dr. Lombardi, the main treating orthopod

3    is not deposed until the week of the sixth or the eighth or

4    whatever this ends up being, we just foresee a situation

5    where plaintiffs' experts may need a little bit of extra

6    time to get the reports polished up and concluded.  So it's

7    such that we have the treating physicians' opinions.

8              MAGISTRATE NOEL:  Just be aware it's my

9    understanding that Judge Ericksen would be very loathe to

10   move the trial date, so --

11             MS. ZIMMERMAN:  Thank you for that.

12             MAGISTRATE JUDGE NOEL:  -- if there's going to be

13   changes to the schedule at all, it will have to be

14   compressed within that time frame.

15             MS. ZIMMERMAN:  Thank you, Your Honor.  We

16   understood that from previous telephone conferences with

17   Your Honor.

18             THE COURT:  Correct.

19             MS. ZIMMERMAN:  And so that is where we're at with

20   respect to those particular cases.

21             MAGISTRATE JUDGE NOEL:  Do we know what happened

22   to the Hives case?  I mean we went through a whole sort of

23   thing about identifying bellwethers that are going to be

24   real bellwethers and now to have one of them be dismissed

25   with prejudice kind of messes with the thing.

1          MS. ZIMMERMAN:  Yes, Your Honors.

2          MAGISTRATE JUDGE NOEL:  Do we know what happened?

3          MS. ZIMMERMAN:  So I note as a general rule what

4  happened when we were on the phone with Your Honors about it

5  was a telephone conference about accessing the doctor and

6  the doctor was going to fly in from Guam, we also found out

7  that the defendants had requested many records that we and

8  plaintiffs' counsel who represent Ms. Hives had not seen

9  before.  And it's my understanding there were approximately

10  10,000 pages of records from a different kind of tertiary

11  care facilities afterwards, and there was some concern about

12  whether or not she was going to be able to go forward, and

13  so she ultimately decided to dismiss her case.

14          MAGISTRATE JUDGE NOEL:  All right.

15          MS. ZIMMERMAN:  So then the other issue that is

16  covered, I guess, with respect to agenda item number 1,

17  really has to do with moving forward with the bellwether

18  cases and trials in this court.  And I don't know if we want

19  to take that up now.

20          MAGISTRATE JUDGE NOEL:  Yes, let's go right to

21  that because it's my understanding that the plaintiffs, as I

22  understand the record, the plaintiffs have filed something

23  called retraction of *Lexecon* waivers in essence, and the

24  defendants have filed some memoranda opposing the

25  retraction.  And it was my understanding that plaintiffs

1    were going to be filing something, and we haven't seen

2    anything.  Is there anything else you want the Court to know

3    about?

4              MS. ZIMMERMAN:  Yes, Your Honors.  So with respect

5    to trying an additional case in this court, the plaintiffs

6    believe that pursuant to both 1404 and 1407 that the case

7    would actually need to be transferred back to this court

8    formally in order for the Court to retain jurisdiction.  And

9    prior to if and when that motion is brought, it is

10   Ms. Axline's position that she is going to oppose that

11   motion to transfer the case here.

12             The case law that we would refer the Court to and

13   we would refer defense counsel to most recently was in the

14   Fifth Circuit in the *Depuy* MDL pending before Judge

15   Kinkeade.  The Fifth Circuit considered *Depuy* in that case a

16   defendant's motion to retract *Lexecon* waivers.  There is a

17   Fifth Circuit opinion dated August 31st of 2017.  And the

18   Fifth Circuit ultimately said that indeed that *Depuy*, while

19   they waived their rights with respect to a few preliminary

20   trials, it was not an indefinite waiver, and because in that

21   instance the defendant was arguing that they did not agree,

22   their brief says that they did not agree to waive *Lexecon*

23   for a prejudicial multi-district trial and, therefore, went

24   up to the Fifth Circuit, and the Fifth Circuit agreed and

25   said that they could in fact retract their *Lexecon* waivers.

1          So with respect to that particular issue, we think

2     that full briefing on the issue to the extent that

3     defendants are going to make a motion under 1404 and 1407 to

4     have the case transferred to be tried here, that there

5     should be full briefing and argument on the issue.

6          MAGISTRATE JUDGE NOEL:  Why do you think that

7     there has to be a formal motion by defendants as opposed to

8     there already is your waiver in the record and, therefore,

9     the case is here?

10         MS. ZIMMERMAN:  Well, Your Honor, because the

11    waiver was unilateral, and the only waiver that was

12    submitted was by the plaintiffs.  The defendants have never

13    waived *Lexecon* with respect to trying the cases in the home

14    states of the plaintiffs, which is typically what's done.

15         Now that the plaintiffs, and I'm just going to if

16    I can speak candidly, plaintiffs from across the country

17    have reviewed transcripts and orders that have come out of

18    the particular trial that we just had, and they would prefer

19    to have, if the law from the home jurisdiction is going to

20    apply, which it seems it may, then the plaintiffs want to

21    have judges from those home jurisdictions also make

22    determinations about corporate conduct and admissibility of

23    that kind of document, those documents, and that kind of

24    conduct made in different jurisdictions.

25         So given that the waiver was made unilaterally by

1     plaintiffs, it was never met with a waiver from defendants,

2     and these are usually mutual waivers on both sides.  The

3     plaintiffs feel that this was a unilateral waiver, and they

4     have validly retracted.

5           THE COURT:  And what then would be the purpose of

6     even continuing the MDL?  What's the MDL purpose at this

7     point then?

8           MS. ZIMMERMAN:  Well, Your Honor, I think that

9     that brings up one of the issues that the plaintiffs would

10    like to discuss, and that is when is the appropriate time

11    for remand of these cases?  Because and, again, quoting back

12    to the Fifth Circuit case in the *Depuy* matter, it talks

13    about how bellwether trials are meant to produce a

14    sufficient number of representative verdicts and settlements

15    to enable the parties and the Court to determine the nature

16    and strength of the claims and whether they can be fairly

17    developed and litigated on a group basis and also what range

18    of values the cases may have, if the resolution is to be

19    attempted on a group basis.

20          It's our understanding at this point based on

21    orders of the Court and based on responses from defendants

22    with respect to discovery requests, that discovery is closed

23    at this point on general causation issues.  And assuming

24    that that is correct pursuant to 1407, transferred actions

25    shall be remanded at the conclusion at or before the

1    conclusion of such pretrial proceedings, so this is

2    mandatory language under the statute.  We think that it's

3    time for the parties to confer amongst ourselves and with

4    the Court's guidance about what an appropriate remand

5    schedule may look like.

6              From the plaintiff's perspective to begin with,

7    certainly Walton and Johnson should be the first cases that

8    were remanded.  I think the Court is aware those were the

9    two cases that were filed and litigated prior to the

10   creation of this MDL.  Defendants took the position in front

11   of the JPML that those two cases should not be included as

12   part of the transfer to this MDL because the discovery had

13   already been done, and they were already ready for trial.

14             So it certainly seems to the plaintiffs that given

15   the defendant's position has been these cases are already

16   ready for trial.  These particular plaintiffs have waited

17   several years, despite much discovery done, that they should

18   be remanded back to Texas and Kansas to be tried.  And that

19   from there, we should work on developing a plan to remand

20   waves of additional cases for trial assuming that there's

21   not going to be a resolution on the global matter.

22             MAGISTRATE JUDGE NOEL:  Okay.  Thank you.

23   Mr. Blackwell?

24             MR. BLACKWELL:  Your Honor, we'll start with

25   Mr. Hulse.

1          MAGISTRATE JUDGE NOEL:  Okay.  Mr. Hulse?

2          MR. HULSE:  Good afternoon, Your Honors.  We've

3    said our peace in our briefing on the retraction of *Lexecon*

4    waivers, and I'm not going to belabor that.  I would like to

5    speak to the *Depuy* case out of the Fifth Circuit.  Of

6    course, the Court can review the case for yourselves.

7          MAGISTRATE JUDGE NOEL:  I could if I have a

8    citation.

9          MR. HULSE:  I'm not sure I have it handy, Your

10   Honor.

11         MAGISTRATE JUDGE NOEL:  Hold on, let me interrupt

12   you.  Ms. Zimmerman, do you have a cite?

13         MS. ZIMMERMAN:  Sure, if I may approach.  The

14   *Depuy* case out of the Fifth Circuit was 17-10812.  The

15   document in question was dated August 31st of '17.  And the

16   Fifth Circuit document number is 00514139512.  I apologize

17   for the long citation there.  We can look and see if we've

18   got a Westlaw cite as well.

19         MAGISTRATE JUDGE NOEL:  But there's no thing like

20   blank F.3d blank?

21         MS. ZIMMERMAN:  I'll look and see if I can find

22   something more concrete.

23         MR. HULSE:  There may not be at this point given

24   it's relatively new, and there's actually another pending

25   appeal.  That was a mandamus, and the writ was actually

1    denied in that case based on the availability of posttrial

2    appeal from one of the bellwether cases.

3              So there was another appeal that also relates to

4    the *Lexecon* issue that was argued last month.  It's sort of

5    a clash of the titans with Ken Starr arguing for the

6    plaintiffs and Paul Clements for the defense.  Interesting

7    case, but the issue there was --

8              MAGISTRATE JUDGE NOEL:  Counsel doesn't at all

9    compare to what we have here.

10              MR. HULSE:  Well, thank you, Your Honor.  I'm sure

11    we all agree.

12              So anyway the issue there was whether the

13    defendants who were on -- it's Johnson Johnson --

14    nonresident in the Northern District of Texas, unlike us who

15    3M is a resident here in the District of Minnesota.  Venue

16    is proper here.  Personal jurisdiction is proper here for

17    3M.  The nonresident defendant, the question that was

18    presented was whether they had in fact waived *Lexecon* before

19    the bellwether cases went to trial.  Johnson and Johnson's

20    position was that it never waived *Lexecon* and it turned on a

21    Q and A with a special master in the case and whether the

22    Johnson and Johnson in response to a question from the

23    special master had waived *Lexecon*.

24              The Fifth Circuit in denying the writ of mandamus

25    said, and part of the debate is whether it's dicta or not

1    dicta, is that there was never a waiver of *Lexecon* in the

2    first place.  So we don't read that case as being about

3    retraction of waivers.  It's about whether there was a

4    waiver in the first place.

5            In our case, there's no question that the

6    plaintiffs waived.  We also waived *Lexecon* for the

7    bellwether cases by agreeing that those cases could be

8    considered to be bellwethers.  And of course this is our

9    home jurisdiction too, so there really isn't any question

10   about whether venue and personal jurisdiction are proper

11   here for the defendants, so it's questionable whether a

12   *Lexecon* waiver was even required.

13           Beyond that, I'll just say briefly that the case

14   law such as it is, and there's not much of it, I agree.  All

15   says that there has to be a showing of good cause to retract

16   a *Lexecon* waiver and that's things like fraud, duress,

17   mistake.  But what plaintiffs have pointed to is not a valid

18   mistake.  Basically, they're unhappy with the result of the

19   Gareis trial.  They're unhappy with some of the evidentiary

20   rulings in that case, but that is not a mistake.  Nor was it

21   a mistake for them to purportedly believe that Minnesota law

22   was going to apply to all the cases in this MDL given that

23   choice of law has been a litigated issue going back to

24   punitive damages.  Many MDLs, in fact, virtually every MDL

25   has applied the law of the state of the injury, so it was

1    completely foreseeable to them that law of the state of the

2    injury was going to apply to their cases.

3           So there's no mistake, there's no fraud, there's

4    no duress.  These were valid waivers.   The bell can't be

5    unrung, and so our position is those retractions are

6    invalid, and those cases remain ineligible to be tried in

7    this court.

8           MAGISTRATE JUDGE NOEL:  What exactly, refresh my

9    recollection, is *Lexecon*?  Is it just a venue provision?  Or

10   is it somehow jurisdictional or what does the Court say the

11   right is?

12          MR. HULSE:  Well, it's -- that's a matter of some

13   debate, but it's I think generally speaking it's both.  And

14   in the Fifth Circuit, it's been addressed actually as an

15   issue of personal jurisdiction too over the defendant, so

16   that when you waive *Lexecon*, you are waiving objection to

17   personal jurisdiction and also waiving objection to venue.

18          Mr. Blackwell is reminding me too that there's

19   actually a very sizable group of cases in this MDL, probably

20   about a quarter of them where the cases were either directly

21   filed here before the PTO5, the direct file order went in,

22   so they were filed with full complaint in the District of

23   Minnesota, about 200 of those cases.  And then under PTO5,

24   in plaintiffs' short form complaints, they were to designate

25   what the remand court was.  And we just did a sample, and

1    it's our estimate that somewhere between a thousand and

2    1500 cases in the MDL designated the District of Minnesota

3    as the remand court.

4           The *Partlow* case, which is one of our current

5    bellwethers is one of those cases, but there are a lot of

6    them.  So even if plaintiffs' position were correct that the

7    retractions are valid, we still have an enormous pool of

8    cases to be tried here that will remain here for the

9    duration even if post-remand.

10          MAGISTRATE JUDGE NOEL:  The last line is a case in

11   which they contend there's been a retraction?

12          MR. HULSE:  They did file a retraction, *Axline*,

13   they filed them actually in all of the current eight

14   bellwethers including the one where they've designated the

15   District of Minnesota as the remand court.

16          The one other thing, with the Court's permission,

17   that I would add is in the transfer or the JPML's transfer

18   order, these cases were transferred to and the MDL was

19   created for pretrial proceedings, not simply for the purpose

20   of discovery on common factual issues.  And it is, I don't

21   need to belabor this, but that means what it says that even

22   if cases are ultimately remanded for trial, it's routine for

23   MDL courts to take them through discovery.

24          MDL courts frequently resolve summary judgment

25   motions in the cases before remand, and frequently issue

1     evidentiary or cross cutting evidentiary orders, orders

2     essentially on motions in limine that then get carried back

3     post-remand.

4          So the idea that at this point as we did general

5     cause discovery that we would then go and bust up the MDL

6     and send 5,000 cases across the country to conduct

7     discovery, is that's not -- we can't believe that that's

8     what the JPML intended or is it consistent with the statute.

9          THE COURT:  One of the things that generally

10    happens at least in my experience with MDLs is in light of

11    the bellwether trial system after one or more such trials,

12    there's then some kind of a triage and settlement thing put

13    into place.  Have the defendants made any overtures to any

14    plaintiff about settling any of these case s?

15         MR. HULSE:  Well, I think this may be the point

16    where I hand it over to Mr. Blackwell.

17         MAGISTRATE JUDGE NOEL:  Above your pay grade?

18         MR. HULSE:  I know the answer, but there's other

19    things to talk about that I think he'll address.

20         MR. BLACKWELL:  Yes, Your Honor, the answer I

21    probably will say in Spanish, it's a no, and we haven't had

22    those yet.  We've got, as the Court well knows, in excess of

23    4,000 cases, and they need to do some work to clean those up

24    before we can even put them in the buckets and tranches to

25    talk about them.  There are cases there where they're not

1    product ID that we wouldn't do anything on.  There are cases

2    there with extraordinarily long latencies.  There are cases

3    there that don't involve Bair Hugger Models 505 or 750.

4    There are cases there that don't involve orthopedic injuries

5    even that are all in that pool.

6            So before, and at least our hope is we've had a

7    bellwether, we've had that now.  And the parties in

8    conjunction with the Court think they could stand to do

9    some, erect some sort of screens on the cases to clean up

10   the pool, so that we are talking about what would then be

11   good cases and not have so much question there about cases

12   that either that perhaps don't belong, and it may be

13   premature yet after one bellwether.  I'm certain should the

14   Court inquire as to what we're still learning for each side

15   from Gareis, it would probably be the difference between

16   everything for the defense and not much from the plaintiffs,

17   even as to an issue as basic as causation.  I don't know

18   that we would agree from a single bellwether.

19           But our thinking is just as a threshold before we

20   can start talking about what it would look like to resolve

21   the whole pool of cases, we'd first want to do some things

22   to clean that up to make sure that the only proper cases are

23   in it and that we have a better sense for of the four to

24   five thousand which of those really belong, so we haven't

25   done that yet.

1          MAGISTRATE JUDGE NOEL:  Okay.  Ms. Zimmerman, you

2     want to address the settlement question?

3          MS. ZIMMERMAN:  Yes, Your Honor.  The plaintiffs

4     are in agreement, and at this point there haven't been any

5     kind of discussions along those lines.  And I think that

6     that is typically what is intended through the MDL process

7     that either there's going to be trials that lend themselves

8     toward settlement or we have efficiencies gained through

9     common discovery and common motions and then those decisions

10     ultimately follow the cases back to their home jurisdictions

11     where they're ultimately tried.

12          I can tell you I'm involved in the transvaginal

13     mesh litigation.  I think there are seven or eight MDLs all

14     consolidated all before Judge Goodwin in West Virginia.

15     He's remanding waves of 800, about one wave of 800 per month

16     right now because there's about a 100,000 cases before him.

17     That litigation has been going on since 2011.

18          But when remand is appropriate or necessary really

19     depends on what kind of discovery is going to be conducted.

20     And at this point, we aren't going to be able to do

21     discovery on a number of general causation issues based on

22     Court Orders and responses from defendants.  And there's, at

23     this point, very few plaintiffs who have current waivers of

24     *Lexecon* going forward for these cases.

25          I would say with respect to Mr. Hulse's point

1    about whether or not choice of law has really been

2    established and whether or not there could have been a

3    mistake on the plaintiffs' end throughout the course of this

4    litigation, Minnesota law was absolutely applied by this

5    Court with respect to the punitive damages at that stage of

6    the motion, which is, you know, a year and a half ago now.

7    But Minnesota law was applied, and the parties when they

8    were executing their *Lexecon* waivers assumed Minnesota law

9    would apply, and that was a reasonable assumption for the

10   plaintiffs across the country to make particularly given

11   that this was a product where the genesis is here in

12   Minnesota, where all the marketing happened here in

13   Minnesota, all the tortious conduct happened here in

14   Minnesota.  And so it was reasonable for those plaintiffs in

15   executing *Lexecon* waivers to think that Minnesota law would

16   be applied to Minnesota defendants.  That's not been the

17   case.  And given that, the overwhelming reach on, and I have

18   quite a bit since the trial, plaintiffs just say, well,

19   given that development, which is significant, that they want

20   to have their cases tried in their home jurisdictions, and

21   they're not going to agree to come up here and have their

22   case tried.

23           You know, I think that at the end of the day, they

24   want to make sure that warnings and conduct and negligence

25   are claims that they can bring on behalf of their plaintiffs

 1      given the facts and the documents we know here, and those

 2      were not part of the trial in Gareis.  And so the plaintiffs

 3      that have reviewed the transcripts, the plaintiffs that, you

 4      know, from Minnesota and from across the country who came to

 5      sit and watch some or all of the trial in Gareis can't

 6      recommend to their client that they come and have their

 7      cases tried here.  So that's really where we're at right

 8      now.

 9              But Minnesota law is something that these

10      plaintiffs thought that they would have applied and was not

11      applied.  And Judge Noel, to your question, I found on my

12      computer.  It's titled *In Re Depuy* Orthopedics Incorporated,

13      and the number that the Fifth Circuit gave it was number

14      17-10812, Fifth Circuit 2017.  It's a strange number, so

15      maybe it --

16              THE COURT:  2017?

17              MS. ZIMMERMAN:  It doesn't seem right to me

18      either.  I don't know if it's just that it's new or because

19      it was initially a mandamus.  But the other issue in that

20      case though was that jurisdiction was a problem for *Depuy*

21      because it was not a company that was, I mean, I believe

22      that their principle place of business and their home state

23      of incorporation is New Jersey.  But, you know, obviously,

24      we don't have that here where 3M is a home state here in

25      Minnesota.

1          So then the issue is not so much about initial

2     personal jurisdiction over the defendants, but that doesn't

3     change the venue issue with respect to where should the case

4     properly be tried?  And so those two issues were both

5     simultaneously considered by the Fifth Circuit with respect

6     to that *Lexecon* retraction issue, and so it was a little bit

7     more complicated in some respects for the defendants there

8     because the personal jurisdiction issue was different than

9     what we have here.

10          MAGISTRATE JUDGE NOEL:  Going back to my question

11     about settlement approach, has the plaintiffs' committee

12     talked about some of the things that Mr. Blackwell raised,

13     which is what kind of categories the cases should be put in

14     for various purposes for making some kind of settlement

15     demands and then maybe getting a settlement conversation

16     moving forward?

17          MS. ZIMMERMAN:  Well, I certainly think that

18     that's an excellent question, Your Honor, and it's one that

19     I would hope that the parties could entertain

20     collaboratively.  I think that, you know, setting aside

21     Gareis, I think that the lawyers that have been involved in

22     litigating these cases understand the issues with respect to

23     medicine, with respect to latency, and probably we'd have

24     some disagreement about, you know, how long is too long

25     after a surgery to have an infection?

1          I suspect, you know, Mr. Blackwell might say two

2     weeks, and, you know, we might point to the international

3     consensus and say two years, but, you know, that's kind of

4     an issue of what is the duration of time?

5          I think it's certainly possible that if we sat

6     down and that we'd be willing to do so, that we could come

7     up with some creative ways to kind of really better

8     understand the universe of cases.  But the focus of the

9     parties thus far has been on trying the case and getting the

10    other cases worked up and not towards resolution, and we

11    certainly welcome the Court's advice or suggestions in how

12    we might move it that way.

13         MAGISTRATE JUDGE NOEL:  Okay.  Well, with regard

14    to this *Lexecon* issue, I think the Court will take it under

15    advisement and issue a ruling shortly.  We will direct our

16    law clerks to be sure to communicate with counsel to make

17    sure we can get a copy of what it is they're talking about

18    with regard to this *Depuy* case.  I don't even know how to

19    spell *Depuy*, so.

20         All right.  Then marching through the agenda, the

21    next issue is the plaintiffs' fact sheets.  Is there

22    anything anybody wants to tell us about that beyond what we

23    have?  It's my understanding the Court has a fair amount of

24    information.  Mr. Hulse, is this something you want to

25    address?

 1              MR. HULSE:  All I wanted to point out, Your Honor,

 2     we've briefed it.  Some oppositions have been filed.  We did

 3     file, I think, at least three letters since the filing of

 4     our motion to dismiss indicating that we were able to reach

 5     a resolution and withdraw our motions as to several of

 6     these, and I just wanted to note that for the record and

 7     make sure that the Court has seen that.  But otherwise we

 8     stand on our papers.

 9              MAGISTRATE JUDGE NOEL:  And which are, do you have

10     them on the tip of your tongue there or on a piece of paper

11     which ones you are withdrawing the motion?

12              MR. HULSE:  Yes, I can do it.  So I'll just go

13     through the case names and numbers.  They are Gottfried,

14     Number 18-0078.

15              MAGISTRATE JUDGE NOEL:  All right.

16              MR. HULSE:  Harris, 18-0080.

17              MAGISTRATE JUDGE NOEL:  Actually, maybe I can

18     short circuit it.  Let me tell you what I've got, and you

19     tell me if I'm missing anything.

20              MR. HULSE:  All right.

21              MAGISTRATE JUDGE NOEL:  So I've got Gottfried,

22     Holstine, Harris, Coleman, Proffit, Guenther, Owens, Hurley,

23     and Ciccone.

24              MR. HULSE:  The last one, Your Honor is,

25     Hoerbert, H-O-E-R-B-E-R-T, and that we withdrew the motion

 1    on that one I think just yesterday, and that was 17-3616.

 2              MAGISTRATE JUDGE NOEL:  Okay, I got it.  Thank

 3    you.  And then we have no response by plaintiffs as to

 4    Hoyos, Brainerd, Koors, Gibson, Berzsenyi, Bardwell, Patrick

 5    and Robinson.  Is that what you have?

 6              MR. HULSE:  Yes, Your Honor.  And Koors was

 7    actually dismissed.  So you don't have to worry about that

 8    one.

 9              MAGISTRATE JUDGE NOEL:  Okay.  Dismissed by

10    plaintiff?

11              MR. HULSE:  Correct.

12              MAGISTRATE JUDGE NOEL:  And then there is seven

13    where there are responses.  Is there anything else you want

14    to tell me about any of those seven?

15              MR. HULSE:  Your Honors, I would just say that

16    they all fall into categories that prior cases have.

17    Typically, they say we weren't able to reach the plaintiff

18    for some period of time.  Please give us more time.  And in

19    the past, the Court has dismissed those cases.

20              MAGISTRATE JUDGE NOEL:  Okay.  Thank you.

21              MR. HULSE:  Thank you.

22              MAGISTRATE JUDGE NOEL:  Ms. Zimmerman, am I

23    correct then with respect to those last ones?  Hoyos,

24    Brainerd, Gibson, Berzsenyi, Bardwell, Patrick and Robinson,

25    there is no response?

 1          MS. ZIMMERMAN:  That is my understanding as well,

 2     Your Honor.

 3          MAGISTRATE JUDGE NOEL:  And then the seven as to

 4     which there are responses, is there anything else you want

 5     to tell us other than what's in the papers?

 6          MS. ZIMMERMAN:  I don't speak on behalf of all the

 7     plaintiffs.  There may be one or two counsel that are on the

 8     phone or in the gallery right now that may want to address

 9     the Court, but I don't have anything beyond what has been

10     submitted on the papers for those particular cases.

11          MAGISTRATE JUDGE NOEL:  Let me just state the

12     names of those seven then and see if anybody wants to speak.

13     There is Jenkins, 17-3014.  Whit, 17-3464.  Adams --

14          THE COURT:  She's going to unmute it so I can hear

15     if there is anybody.

16          MAGISTRATE JUDGE NOEL:  Okay.  So let me start

17     over again.  Thank you.  Jenkins, 17-3014, is there anybody

18     who wants to speak on Jenkins?  Hearing none.

19          Whit, 17-3464.  Is someone speaking?

20          MS. TREACY:  Oh, yes.  Sorry, Your Honor.  Hi, my

21     name is attorney Julie Treacy.  I'm calling from the law

22     offices of Travis Walker in Florida, and I did want to speak

23     on behalf of one of the plaintiffs that you mentioned.

24          MAGISTRATE JUDGE NOEL:  Which one is that?

25          MS. TREACY:  That would be Robinson, Your Honor.

1          MAGISTRATE JUDGE NOEL:  But you haven't filed a

2     response, is that correct?

3          MS. TREACY:  Yes, we have, Your Honor.  Actually,

4     we have filed a response, and we also filed an updated

5     response recently, just recently.

6          MAGISTRATE JUDGE NOEL:  Recently, like since we've

7     taken the bench?  Or recently since like yesterday?

8          MS. TREACY:  Since just earlier this week, Your

9     Honor.

10          MAGISTRATE JUDGE NOEL:  Okay.

11          MS. ZIMMERMAN:  Perhaps we can continue that one

12     for a month if there has been a response.  I haven't seen

13     it, but.

14          MR. HULSE:  Nor have we seen that response, Your

15     Honor.

16          MAGISTRATE JUDGE NOEL:  Apparently, nobody

17     including the Court has seen that response.  Why don't we

18     take the suggestion --

19          MS. TREACY:  It was served on the portal, and we

20     did send an e-mail out to opposing counsel advising that we

21     had attempted to cure and reserved the PFS, but we are happy

22     to do it again.

23          THE COURT:  Make sure it's the right number.  Is

24     that 18 --

25          MAGISTRATE JUDGE NOEL:  The docket number is

 1    18CV263, is that your case?

 2              MS. TREACY:  One moment, let me double check.  I

 3    need the case number.  One moment, Your Honor, I'm going to

 4    pull it up on the portal itself.

 5              MR. HULSE:  I think there may be, Your Honors,

 6    plaintiffs' counsel may be referring to serving a PFS rather

 7    than filing --

 8              MAGISTRATE JUDGE NOEL:  A response to the motion.

 9              MR. HULSE:  Yes.  We're not aware of a curative

10    PFS either.

11              THE COURT:  It sounds like she's looking.

12              MS. TREACY:  I'm having a hard time hearing.  I'm

13    sorry.

14              MAGISTRATE JUDGE NOEL:  What Mr. Hulse said is

15    that he thinks there may be some confusion as to whether you

16    have filed an curative plaintiff fact sheet as opposed to a

17    response to the motion to dismiss.  Have you filed both of

18    those things?

19              MS. TREACY:  Oh, no, I apologize, Your Honor.  We

20    filed a -- or we served a curative PFS.  We did not file a

21    response to the motion to dismiss.  I apologize for the

22    confusion.

23              MAGISTRATE JUDGE NOEL:  Okay.

24              THE COURT:  Did she find the case number yet?

25              MAGISTRATE JUDGE NOEL:  Are we correct on the case

1    number 18-263?

2             MS. TREACY:  I'm sorry, I'm still looking.  For

3    whatever reason it's not --

4             MS. ZIMMERMAN:  Perhaps rather than spend the

5    Court's time on it --

6             MAGISTRATE JUDGE NOEL:  Well, let's do this, in

7    light of this, let's put this on for next month.  Any

8    objection to that, Mr. Hulse?

9             MR. HULSE:  Your Honor, I would suggest that it

10   seems readily verifiable whether a PFS was in fact, a

11   curative PFS was provided.  I'm sure we could determine that

12   today or tomorrow within 24 hours, and I would suggest that

13   if one has not been provided, that the case should be

14   dismissed.

15            MAGISTRATE JUDGE NOEL:  All right.  I'm going to

16   say let's put this on for next month because it's not my

17   problem.

18            (Laughter.)

19            MS. TREACY:  Thank you, Your Honor.

20            MS. ZIMMERMAN:  In time for your retirement.

21            MAGISTRATE JUDGE NOEL:  In the meantime, I'm sure

22   within the next 30 days, the parties can figure out whether

23   there is or isn't a plaintiff fact sheet for Mr. or

24   Ms. Robinson.

25            MS. ZIMMERMAN:  Yes, Your Honor.

 1                 MS. TREACY:  Yes, Your Honor.  Thank you.

 2                 MAGISTRATE JUDGE NOEL:  All right.  So then the

 3      next case that we do have a response on is Adams, 17-4467.

 4      Anybody want to speak to Mr. or Ms. Adams?  Okay, hearing

 5      none.

 6                 There is then Grimsley, 17-4872.  Anybody wish to

 7      speak on Mr. or Ms. Grimsley's case?  Hearing none.  That

 8      takes us to Richey, 17-5323.

 9                 MR. HODGES:  Your Honor, I'd like to be heard on

10      that one.

11                 THE COURT:  Okay.  Mr. Hodges?

12                 MR. HODGES:  David Hodges appearing on behalf of

13      Priscilla Richey.  Judge, I think this one is a little bit

14      different from some of the others where people have been --

15      we've lost track of them, haven't got a response.  In this

16      case we spoke to the client in March of this year and then

17      she died apparently in April.  We would request 90 days to

18      get ahold of the heirs and figure out whether or not they

19      want to proceed with the case.

20                 MAGISTRATE JUDGE NOEL:  This isn't the one that

21      has the date of death missing?

22                 THE COURT:  No, that's the next one.

23                 MAGISTRATE JUDGE NOEL:  So you're asking for

24      90 days to comply with pretrial order number 23 about

25      substituting parties?

1            MR. HODGES:  Yes, Your Honor.

2            MAGISTRATE JUDGE NOEL:  Mr. Hulse?

3            MR. HULSE:  So, Your Honor, actually I would agree

4      that Richey should fall into a different category.  When

5      we've got a plaintiff who has passed away, that puts it

6      under PTO23.  It's something that we didn't realize when we

7      filed this motion.

8            We separately filed a motion to dismiss under

9      PTO23 under paragraph E, which provides for this which is

10     that when an untimely, when a suggestion of death is not

11     timely filed, that case should be dismissed with prejudice.

12     So that motion is out there.  Plaintiffs, I'm not sure if

13     they've responded to it yet, but what I would suggest is we

14     take care of this case through the PTO23 process rather than

15     this motion, rather than the PTO-14.

16            MAGISTRATE JUDGE NOEL:  And just to make sure I'm

17     clear, your motion under pretrial order number 23 is that

18     all of this should have happened before June 28th?

19            MR. HULSE:  That's -- I don't remember the date

20     precisely, but a suggestion of death was not filed within

21     90 days of death as is required by PTO23.  And if you are

22     going to modify that, there has to be a showing of good

23     cause and so forth, and there never was a motion to extend

24     that deadline on suggestion of death.

25            MR. HODGES:  I think it was three days late, Your

 1    Honor.

 2                    MAGISTRATE JUDGE NOEL:  Okay.  We'll take that

 3    under advisement.  Thank you, Mr. Hodges.

 4                    The next is Nickell, 17-4285.  Anybody wish to

 5    speak to that?  Hearing none --

 6                    MR. OLINDE:  I'm sorry, Your Honor, what's the

 7    name?

 8                    MAGISTRATE JUDGE NOEL:  Nickell, the name is N as

 9    in Nancy, I as in Ignat, C as in Charlie, K as in king, E as

10    in Edgar, L as in Larry, L as in Larry.

11                    MR. OLINDE:  No.

12                    MAGISTRATE JUDGE NOEL:  Not your's?

13                    MR. OLINDE:  No, Your Honor.

14                    MAGISTRATE JUDGE NOEL:  Who is speaking on the

15    phone?

16                    MR. OLINDE:  I'm sorry, it's Fred Olinde.  I have

17    Carlos Pimentel.  And my name is Olinde, O-l-i-n-d-e.

18                    MAGISTRATE JUDGE NOEL:  Thank you.  And then we

19    have Pimentel, anybody wish to speak?

20                    MR. OLINDE:  Yes, Your Honor.  It's Mr. Olinde

21    again, O-l-i-n-d-e, and I represent Mr. Pimentel.

22                    MAGISTRATE JUDGE NOEL:  And you wish to speak to

23    the motion to dismiss?

24                    MR. OLINDE:  Yes, Your Honor.  We filed an

25    opposition.  We had attempted to cure deficiencies twice

1   before.  There are only a couple of petitions, he's on this

2   sheet.  One was an employer's address, and he worked for the

3   U.S. Navy for 20 years.  We were speaking to him in May and

4   for whatever reason we haven't been able to contact him, but

5   it's only been two months.  And I would like 90 days to try

6   to get in touch with Mr. Pimentel, who is 80 years old, to

7   try to just cure these last couple of deficiencies.  It's a

8   substantially complete fact sheet.  That's all I wish to

9   say.

10          MAGISTRATE JUDGE NOEL:  Okay.  All right.  Thank

11  you.  Here's what we're going to do with regard to these

12  motions to dismiss:

13          With regard to Jenkins, 17-3014, that motion will

14  be granted.  With regard to Witt, 17-3464, that motion will

15  be granted.  With regard to Adams, 17-4467, the Court will

16  grant an additional 60, not 90, an additional 60 days to

17  cure the deficiencies in the plaintiffs' fact sheet.  With

18  regard to Grimsley, 17-4872, that case will be dismissed

19  without prejudice.  With regard to Richey, 17-5323, that

20  motion to dismiss is denied.  With regard to Nickell, it's

21  my understanding that there's a hearing set on that

22  regarding the motion to dismiss under rule or under pretrial

23  order number 23.

24          THE COURT:  August 16th.

25          MAGISTRATE JUDGE NOEL:  We'll just leave that as

1    scheduled.  It's a hearing, as I understand it, before Judge

2    Ericksen on August 16th.  So there was nobody on the phone

3    who represent -- do you know, Ms. Zimmerman, who represents

4    the Nickell case?

5              MS. ZIMMERMAN:  I do not, Your Honor.

6              MAGISTRATE JUDGE NOEL:  Mr. Hulse, have you had

7    communication with a particular lawyer for the Nickell?

8              MS. ZIMMERMAN:  Actually, I do, Your Honor.  My

9    records, and I believe Mr. Hulse's records show that that

10   plaintiff is represented by the Gustafson Gluek firm here in

11   Minneapolis.

12             MAGISTRATE JUDGE NOEL:  Is there anybody here from

13   Gustafson Gluek?

14             MS. ZIMMERMAN:  I don't see anybody.

15             MAGISTRATE JUDGE NOEL:  I guess the problem, the

16   issue is we don't know what day the plaintiff died, correct?

17   And that's the genesis of the motion to dismiss?

18             MR. HULSE:  I think the motion to dismiss does

19   specify the date of death, which was indicated in the

20   suggestion of death.  Nickell is its own animal because we

21   move the PTO23 motion has to do with Mr. Nickell, but there

22   is also a non derivative, free standing consortium claim by

23   the spouse.  The spouse is still not in compliance with the

24   PFS requirement, and so what we're seeking here is to

25   dismiss Mrs. Nickell's claim and then address Mr. Nickell's

 1    claim through the PTO23 motion.

 2            MAGISTRATE JUDGE NOEL:  Okay.  We missed that.

 3    Thank you for that clarification.  In any event, we'll leave

 4    the hearing on for August 16th.  You can argue about it

 5    then.

 6            And with regard to Pimentel, that's 17-3899, the

 7    request for an additional 90 days to comply with the

 8    plaintiffs' fact sheet requirement will be granted, so the

 9    lawyer that was speaking get on it and get that done.

10            MR. OLINDE:  Thank you, Your Honor, I will.

11            MAGISTRATE JUDGE NOEL:  All right.  So that was

12    Item Number 2 on the agenda, correct, plaintiff fact sheets?

13    And that brings us to Item 3, which is an update on the

14    number of status of cases in the MDL.

15            Anything, Ms. Zimmerman, you want to add?  I've

16    got the 4,641 number.

17            MS. ZIMMERMAN:  Yes, Your Honor.  I have an

18    updated number from yesterday afternoon, and I believe it's

19    5,033.

20            MAGISTRATE JUDGE NOEL:  5,033?

21            MS. ZIMMERMAN:  Yes.

22            MAGISTRATE JUDGE NOEL:  Does that comport with

23    your understanding, Mr. Blackwell?

24            MR. BLACKWELL:  Ms. Young, does that comport with

25    your understanding?

1           MS. YOUNG:  I do think that is more than what we

2     understand.  Wouldn't have been a difference in the last

3     week, in any event, but we can compare those numbers.

4           MS. ZIMMERMAN:  I'm happy to do that.  The e-mail

5     I got from the Pritzker Hageman firm, who are our liaison

6     counsel last night, 5,033 as of yesterday at 12:49.

7           MAGISTRATE JUDGE NOEL:  Okay.  Ms. Young, you and

8     Ms. Zimmerman will talk and make sure that you're all on the

9     same sheet and that cases aren't falling through cracks

10    somewhere.

11          MS. YOUNG:  We will.  Thank you.

12          MAGISTRATE JUDGE NOEL:  All right, thank you.

13          Anything we need to know about State Court

14    proceedings, Ms. Zimmerman?

15          MS. ZIMMERMAN:  Your Honor, the appeal, the

16    response, and the reply are all in.  We are waiting for the

17    Minnesota Court of Appeals to set oral argument and that's

18    where we're at right now.

19          MAGISTRATE JUDGE NOEL:  Okay.  Anything else on

20    that one?  Mr. Blackwell?

21          MR. BLACKWELL:  Nothing further, Your Honor.

22          MAGISTRATE JUDGE NOEL:  And then there's the

23    Canadian action still just up there in Canada north of the

24    border?

25          MS. ZIMMERMAN:  I believe that's correct, Your

1    Honor.

2              MAGISTRATE JUDGE NOEL:  Okay.  There are no

3    pending pretrial orders that need to be addressed, correct?

4              MS. ZIMMERMAN:  Correct, Your Honor.

5              MR. BLACKWELL:  Agreed, Your Honor.

6              MAGISTRATE JUDGE NOEL:  And that brings us to the

7    status of discovery on the second bellwether, which in light

8    of the dismissal of *Hives* leaves *Axline* as the only other

9    bellwether that has been nominated by both parties, correct?

10             MS. ZIMMERMAN:  Yes, Your Honor, that's correct.

11             MR. BLACKWELL:  That's correct.

12             THE COURT:  Is there anything we need to address

13   with regard to getting ready for *Axline* other than ruling on

14   this business we talked about earlier regarding the *Lexecon*

15   waiver?

16             MS. ZIMMERMAN:  If I could briefly as Your Honor

17   just referenced the *Lexecon* issue, to the extent that in

18   light of the discussion today, we'd like to have a formal

19   briefing on that, if that would be helpful to the Court.

20   And then, obviously, there's the issue with respect to

21   Dr. Lombardi's deposition that was supposed to happen on

22   Monday night I think it is or Tuesday night, and we have a

23   number of both hospital inspections and depositions

24   happening in Ohio next week.

25             MS. AHMANN:  I have nothing to add other than we

1    will have to find out when Dr. Lombardi is available, and we

2    will talk with the plaintiffs' counsel about when that can

3    happen and what -- I would imagine the only extension would

4    need to be relative to that.

5              MAGISTRATE JUDGE NOEL:  Let me go through some of

6    the items that are listed here in the agenda itself.  Did

7    the deposition of Dr. Wynn occur as planned?

8              MS. AHMANN:  Yes.

9              MAGISTRATE JUDGE NOEL:  And the deposition of

10   Dr. Smith occurred?

11             MS. AHMANN:  Yep, and the plaintiffs' depositions

12   went forward.

13             MAGISTRATE JUDGE NOEL:  And her's, plaintiff and

14   spouse?

15             MS. AHMANN:  Yep.

16             MAGISTRATE JUDGE NOEL:  And so then there's

17   Lombardi.  What about the anesthesiologist Dr. Narcelles,

18   that is next week?

19             MS. AHMANN:  Next Monday, and we will be doing an

20   inspection also of the hospital OR.

21             MAGISTRATE JUDGE NOEL:  At that same time?

22             MS. AHMANN:  That evening.

23             MAGISTRATE NOEL:  Okay.  Well, I will leave it to

24   the lawyers to figure out what to do about Mr. Lombardi,

25   Dr. Lombardi, and report as soon as you have an update.  As

1    I said earlier, I think the goal is that the December 3rd

2    trial date will not change.  The Court will be issuing a

3    ruling regarding the *Lexecon* waiver.  I think we have

4    everything we need with the *Depuy* case that counsel for the

5    plaintiff has identified together with the briefing from the

6    defendants, I believe the Court is going to be prepared or

7    in a position to make a ruling regarding that issue shortly.

8         MS. AHMANN:  And I would anticipate that we will

9    know when Dr. Lombardi is available shortly too.

10        MAGISTRATE JUDGE NOEL:  Okay.  The last item is

11   post-trial motions in Gareis.  And as I understand it,

12   there's a scheduling order in place and there's a brief due

13   today, yesterday.  Did that get filed?

14        MR. HULSE:  We filed our brief, yes, and I should

15   mention there was also a bill of costs submitted too.

16        MAGISTRATE JUDGE NOEL:  Okay.  Anything else for

17   the good of the order, Ms. Zimmerman?

18        MS. ZIMMERMAN:  We don't have at this point, and I

19   don't know if the Court would take oral argument on the

20   motion for a new trial.  We don't have a date set at this

21   point and had been told to just set it as to be determined,

22   so we'll wait for the Court's instruction with that.  And

23   then we have also filed an objection to bill of costs, so

24   perhaps that will come up next month.

25        MAGISTRATE JUDGE NOEL:  Okay.  Ms. Conlin or any

1    of the other plaintiffs' lawyers have anything?

2              MS. CONLIN:  No, Your Honor, but in light of your

3    impending retirement, we, on behalf I'm sure of all the

4    lawyers here, we thank you for your service, longstanding

5    service to the citizens and companies in Minnesota.

6              MAGISTRATE JUDGE NOEL:  Thank you very much.  And

7    thank you all for your great work on this case.  It's been a

8    fascinating experience, and I thank Judge Ericksen for

9    allowing me to participate as she has, and this has been a

10   good experience for me.  So thank you.

11             MS. ZIMMERMAN:  Thank you, Judge.  Anybody else?

12             MR. FARRAR:   Nothing, Your Honor.

13             MR. ASSAAD:  No, Your Honor.

14             MAGISTRATE JUDGE NOEL:  Okay.  Anything else for

15   the defendant, Mr. Blackwell?

16             MR. BLACKWELL:  Nothing further from the

17   defendants, Your Honor.  And thank you as well.

18             MAGISTRATE JUDGE NOEL:  Okay.  Thank you all very

19   much.  We are in recess.

20                      (Court adjourned at 3:02 p.m.)

21                    *      *      *      *

22

23

24

25

1          **REPORTER'S CERTIFICATE**

2                  I, Maria V. Weinbeck, certify that the foregoing is

3       a correct transcript from the record of proceedings in the

4       above-entitled matter.

5                       Certified by:  *s/ Maria V. Weinbeck*

6                                      Maria V. Weinbeck, RMR-FCRR

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25