UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE: Bair Hugger Forced Air Warming Products Liability Litigation | MDL No. 15-2666 (JNE/FLN) |
| This Document Relates to:<br><br>**PLAINTIFF,**<br><br>*RICHARD CHARAP v. 3M Company, et al;* Case No. 16-cv-00271 | |

**PLAINTIFF'S SUPPLEMENTAL RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

   NOW COMES Plaintiff, Richard Charap, identified in Defendants' Motion to Dismiss for Lack of Product Identification or Product Related Injury [Dkt. 1380], and by and through undersigned counsel submits this, his Response to Defendants' Motion to Dismiss, and would respectively show the Court the following:

1. Plaintiff incorporates by reference the master opposition filed by the PSC in connection with [Dkt. 1380].
2. In September of 2015, Plaintiff Richard Charap contacted undersigned counsel regarding an infection and subsequent treatment that he experienced due to the use of a Bair Hugger patient warming device during an orthopedic surgery.
3. On February 4, 2016, counsel filed the current action to comply with what was identified as the applicable statute of limitations deadline for the relevant claim.
4. Counsel worked to obtain medical records and billing records to move forward with the case. Those records, received January 28, 2016, reveal that a "gown flex patient warming standard" device was used during the original surgery of February 5, 2013.
5. Plaintiff's counsel ordered the H&P as well as anesthesia records on October 28, 2016. The hospital to date, despite numerous requests, has not completely produced the records where information concerning the Bair Hugger is generally found.
6. In March of 2018, Plaintiff's counsel sent a letter with attached Affidavit specifically requesting that the hospital sign an Affidavit attesting to the fact that the "gown flex patient

warming standard" in its billing records refers to the Bair Hugger, to which there has been no response.

7. Mr. Charap has had numerous revision surgeries (Oct 2013, April 2014, Aug 2014 subsequent to the index surgery of February of 2015 and may have to undergo an amputation of his leg.

8. All of Mr. Charap's surgeries were performed at NYU Hospitals Center.

9. Prior to filing suit, Mr. Charap inquired of the hospital whether or not they used the Bair Hugger during his surgeries.  He was told that "we've always used the Bair Hugger".

10.  Be that as it may, Mr. Charap has no first- hand knowledge of whether the Bair Hugger was used during the February 5, 2013 surgery and Plaintiff's counsel despite best efforts has been unable to compel the hospital to provide specific proof of same.

11. Due to the pending MDL, Plaintiff is unable at this time to compel NYU to produce absolute proof of use of the Bair Hugger.

12. Due to the foregoing, Plaintiff requests that defendant's Motion be Denied until such time that Plaintiff has had adequate time to conduct case specific discovery and compel the hospital to produce product identification information that it has refused to produce voluntarily.

Respectfully submitted,

Dated: August 6, 2018

By: __s/*Alfred A Olinde, Jr.*_____
Alfred A. Olinde, Jr., La. Bar # 20061
**THE OLINDE FIRM, LLC**
400 Poydras Street, Suite 1980
New Orleans, Louisiana  70130
Telephone:  (504) 587-1440
Facsimile:  (504) 587-1577
Email: folinde@olindefirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on August 6, 2018 a copy of the above and foregoing *Plaintiff's Response to Defendants' Motion to Dismiss* has been served on all parties or their attorneys via Minnesota ECF filing system, which will send notice of electronic filing in accordance with the procedures established in MDL 15-2666.

_____/s/ *Alfred A Olinde, Jr.*_____