UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE: Bair Hugger Forced Air Warming Products Liability Litigation | MDL No. 15-2666 (JNE/FLN) |
| This Document Relates to:<br><br>**PLAINTIFF,**<br><br>*RICHARD CHARAP v. 3M Company, et al;* Case No. 16-CV-00271 | |

### DECLARATION OF ALFRED A. OLINDE, JR. IN SUPPORT OF PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS

I, Alfred A. Olinde, Jr, declare as follows:

1. I am an attorney at The Olinde Firm, LLC and Counsel for Richard Charap in the above-captioned matter.

2. I submit this affidavit in opposition to Defendants' Motion to Dismiss for Failure to Comply with Pretrial Order No. 14 [Dkt. 1380] filed on July 27, 2018.

3. In September of 2015, Plaintiff Richard Charap contacted undersigned counsel regarding an infection and subsequent treatment that he experienced due to the use of a Bair Hugger patient warming device during an orthopedic surgery.

4. On February 4, 2016, counsel filed the current action to comply with what was identified as the applicable statute of limitations deadline for the relevant claim.

5. Counsel worked to obtain medical records and billing records to move forward with the case. Those records, received January 28, 2016, reveal that a "gown flex patient warming standard" device was used during the original surgery of February 5, 2013.

6. Plaintiff's counsel attaches as exhibit 1 a copy of the billing record at NYU Hospitals.

7. Plaintiff's counsel attaches as exhibit 2 a copy of the records request wherein the the H&P as well as anesthesia records were requested on October 28, 2016.

8. The hospital to date, despite numerous requests, has not completely produced the records where information concerning the Bair Hugger is generally found.

9. Plaintiff's counsel attaches as exhibit 3 documentation of difficulty receiving

records from the hospital.

10. In March of 2018, Plaintiff's counsel sent a letter with attached Affidavit specifically requesting that the hospital sign an Affidavit attesting to the fact that the "gown flex patient warming standard" in its billing records refers to the Bair Hugger, to which there has been no response.

11. Counsel attaches as exhibit 4 a letter and affidavit to NYU hospitals demanding that they disclose use of the Bair Hugger.

12. There has been no response by the hospital despite follow up calls.

13. Mr. Charap has had numerous revision surgeries (Oct 2013, April 2014, Aug 2014 subsequent to the index surgery of February of 2015 and may have to undergo an amputation of his leg.

14. All of Mr. Charap's surgeries were performed at NYU Hospitals Center.

15. Mr. Charap will testify that prior to filing suit he inquired of the hospital whether or not they used the Bair Hugger during his surgeries. He was told that "we've always used the Bair Hugger".

16. Be that as it may, Mr. Charap has no first- hand knowledge of whether the Bair Hugger was used during the February 5, 2013 surgery which is why he answered "no" to the question at issue in this Motion.

17. Plaintiff's counsel despite best efforts has been unable to compel the hospital to provide specific proof of same.

18. Due to the pending MDL, Plaintiff is unable at this time to compel NYU to produce absolute proof of use of the Bair Hugger until Plaintiff is permitted to do case specific discovery.

Pursuant to 28 U.S.C. (insert section) 1746(2), I declare under penalty of perjury that the foregoing is true and correct.

Dated: August 6, 2018          \_\_s/*Alfred A Olinde, Jr.*_____
                               Alfred A. Olinde, Jr.