UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE: Bair Hugger Forced Air Warming Products Liability Litigation | MDL No. 15-2666 (JNE/FLN) |
| This Document Relates to:<br><br>**PLAINTIFF,**<br><br>*WILLIAM MCCORMICK v. 3M Company, et al;* Case No. 16-cv-00360 | |

**PLAINTIFF'S SUPPLEMENTAL RESPONSE IN OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS**

    NOW COMES Plaintiff, William McCormick, identified in Defendants' Motion to Dismiss for Lack of Product Identification or Product Related Injury [Dkt. 1380], and by and through undersigned counsel submits this, his Response to Defendants' Motion to Dismiss, and would respectively show the Court the following:

1. Plaintiff incorporates by reference the master opposition filed by the PSC in connection with [Dkt. 1380].
2. In August of 2015, Plaintiff William McCormick contacted undersigned counsel regarding an infection and subsequent treatment that he experienced due to the use of a Bair Hugger patient warming device during an orthopedic surgery.
3. On February 12, 2016, counsel filed the current action to comply with what was identified as the applicable statute of limitations deadline for the relevant claim.
4. Counsel worked to obtain medical records and billing records to move forward with the case. Those records, received January 19, 2016, reveal that a "warming blanket" device was used during the original surgery of February 18, 2014.
5. Plaintiff's counsel ordered the itemized billing statement as well as anesthesia records on February 12, 2016. The hospital to date, despite numerous requests, has not completely produced the records where information concerning the Bair Hugger is generally found.
6. On March 9, 2018, Plaintiff's counsel sent a letter with attached Affidavit specifically requesting that the hospital sign an Affidavit attesting to the fact that the "warming blanket"

in its billing records refers to the Bair Hugger, to which there has been no response.

7. On March 16, 2018, the hospital inappropriately responded by producing records that do not shed any light on use of the "Bair Hugger".

8. Despite best efforts, Plaintiff has not been able to gain cooperation of the hospital to prove or disprove Bair Hugger use.

9. Due to the foregoing, Plaintiff requests that defendant's Motion be Denied until such time that Plaintiff has had adequate time to conduct case specific discovery and compel the hospital to produce product identification information that it has refused to produce voluntarily.

Respectfully submitted,

Dated: August 6, 2018

By: __s/*Alfred A Olinde, Jr.*__
Alfred A. Olinde, Jr., La. Bar # 20061
**THE OLINDE FIRM, LLC**
400 Poydras Street, Suite 1980
New Orleans, Louisiana 70130
Telephone: (504) 587-1440
Facsimile: (504) 587-1577
Email: folinde@olindefirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on August 6, 2018 a copy of the above and foregoing *Plaintiff's Response to Defendants' Motion to Dismiss* has been served on all parties or their attorneys via Minnesota ECF filing system, which will send notice of electronic filing in accordance with the procedures established in MDL 15-2666.

_____/s/ *Alfred A Olinde, Jr.*_____