# UNITED STATES DISTRICT COURT

# DISTRICT OF MINNESOTA

| | |
|---|---|
| **In re: BAIR HUGGER FORCED AIR WARMING DEVICES PRODUCTS LIABILITY LITIGATION** | **MDL No. 15-2666 (JNE/DTS)** |
| **This Document Relates to:** **Case Nos.:** 15-cv-04044 *(Campbell v. 3M Company)* 15-cv-04211 *(Little v. 3M Co., et al.)* 15-cv-04244 *(Seitter v. 3M Co., et al.)* 15-cv-04571 *(Atchetee v. 3M Co., et al.)* 16-cv-00242 *(Dethlefson, Jr. v. 3M Company)* 16-cv-00271 *(Charap v. 3M Company)* 16-cv-00360 *(McCormick v. 3M Company)* 16-cv-00384 *(Roth v. 3M Co., et al.)* 16-cv-00515 *(Klosinski v. 3M Company)* 16-cv-00516 *(Simpson v. 3M Company)* 16-cv-00517 *(Ryan v. 3M Company)* 16-cv-00518 *(Thompson v. 3M Company)* 16-cv-00836 *(Pease v. 3M Company)* 16-cv-00839 *(Smith, Donald v. 3M Company)* 16-cv-00837 *(Burleson v. 3M Company)* 16-cv-00838 *(Plumley v. 3M Company)* 16-cv-00541 *(Goldberg v. 3M Co., et al.)* 16-cv-00545 *(Andras v. 3M Co., et al.)* 16-cv-00546 *(Franks, II v. 3M Co., et al.)* 16-cv-01232 *(Morris v. 3M Company)* 16-cv-01257 *(Harvey v. 3M Company)* 16-cv-01259 *(Lance v. 3M Company)* 16-cv-01858 *(Stitt v. 3M Company)* 16-cv-01888 *(Woodyear, et al. v. 3M Co., et al.)* 16-cv-01895 *(Eney v. 3M Co., et al.)* 16-cv-02000 *(McMillan v. 3M Co., et al.)* 16-cv-02005 *(Siddens v. 3M Company)* 16-cv-02033 *(Anaya v. 3M Co., et al.)* | **PLAINTIFFS' RESPONSE OPPOSING DEFENDANTS' MOTION FOR ENTRY OF AN ORDER TO SHOW CAUSE WHY CASES SHOULD NOT BE DISMISSED FOR LACK OF PRODUCT IDENTIFICATION OR PRODUCT-RELATED INJURY** |

16-cv-02042 *(Asbury v. 3M Co., et al.)*
16-cv-02048 *(Cooke, Jr. v. 3M Co., et al.)*
16-cv-02292 *(Davis v. 3M Co., et al.)*
16-cv-02298 *(Dandrea v. 3M Co., et al.)*
16-cv-02299 *(Redman v. 3M Co., et al.)*
16-cv-02338 *(Duval v. 3M Co., et al.)*
16-cv-02500 *(Pastor v. 3M Co., et al.)*
16-cv-02503 *(West v. 3M Co., et al.)*
16-cv-02516 *(Wilson v. 3M Co., et al.)*
16-cv-02543 *(Mains v. 3M Co., et al.)*
16-cv-02546 *(Walker v. 3M Co., et al.)*
16-cv-02584 *(Butler v. 3M Co., et al.)*
16-cv-02591 *(Hebert v. 3M Co., et al.)*
16-cv-02593 *(Marriott v. 3M Co., et al.)*
16-cv-02657 *(Waters v. 3M Co., et al.)*
16-cv-02658 *(Goble v. 3M Co., et al.)*
16-cv-02729 *(Orias v. 3M Company)*
16-cv-02812 *(Hall v. 3M Co., et al.)*
16-cv-02814 *(Grudzinski v. 3M Co., et al.)*
16-cv-02917 *(Stinemates v. 3M Co., et al.)*
16-cv-02951 *(O'Grady, Jr. v. 3M Co., et al.)*
16-cv-02953 *(Morgan, Jr. v. 3M Co., et al.)*
16-cv-02998 *(Ferrante v. 3M Co., et al.)*
16-cv-03109 *(Hrbek v. 3M Co., et al.)*
16-cv-03110 *(Dickens v. 3M Co., et al.)*
16-cv-03165 *(Gallegos v. 3M Co., et al.)*
16-cv-03301 *(Fountain v. 3M Co., et al.)*
16-cv-03317 *(Hollins v. 3M Co., et al.)*
16-cv-03357 *(Batkins v. 3M Co., et al.)*
16-cv-03708 *(Goodson v. 3M Co., et al.)*
16-cv-03783 *(White v. 3M Co., et al.)*
16-cv-03784 *(Stewart v. 3M Co., et al.)*
16-cv-03934 *(Hougen v. 3M Co., et al.)*
16-cv-03989 *(Malady v. 3M Company)*
16-cv-03993 *(Johnson, Mark v. 3M Company)*

16-cv-04053 *(Hellard v. 3M Co.,et al.)*
16-cv-04056 *(Rhodes v. 3M Co., et al.)*
16-cv-04151 *(Leonard v. 3M Company)*
16-cv-04169 *(McFarland v. 3M Company)*
16-cv-04182 *(Myers, C. Thomas v. 3M Company)*
16-cv-04206 *(Palmer v. 3M Company)*
16-cv-04211 *(Miller, Terri v. 3M Company)*
16-cv-04212 *(Scrittorale v. 3M Company)*
16-cv-04213 *(Fisher v. 3M Company)*
16-cv-04218 *(Polasko v. 3M Company)*
16-cv-04223 *(Mann v. 3M Company)*
16-cv-04283 *(Myers, Frank v. 3M Company)*
16-cv-04391 *(Reed v. 3M Company)*
16-cv-04410 *(Williams, Gloria v. 3M Co., et al.)*
16-cv-04411 *(Thomas v. 3M Co., et al.)*
16-cv-04414 *(Munoz v. 3M Co., et al.)*
16-cv-04415 *(Smith-Barbour v. 3M Co., et al.)*
16-cv-04416 *(Lewis v. 3M Co., et al.)*
16-cv-04417 *(Coleman v. 3M Co., et al.)*
16-cv-04420 *(Holliday v. 3M Co., et al.)*
16-cv-04421 *(Winfield v. 3M Co., et al.)*
16-cv-04422 *(McGalliard v. 3M Co., et al.)*
17-cv-00052 *(Marshall v. 3M Company)*
17-cv-00225 *(Cooper, et al. v. 3M Co., et al.)*
17-cv-00264 *(Williams, Millard v. 3M Company)*
17-cv-00321 *(McDonald v. 3M Company)*
17-cv-00349 *(Baxter v. 3M Co., et al.)*
17-cv-00434 *(Reid v. 3M Co., et al.)*
17-cv-00448 *(Gibson v. 3M Co., et al.)*
17-cv-00458 *(Adams v. 3M Company)*
17-cv-00584 *(Lang v. 3M Company)*
17-cv-00588 *(Laguna v. 3M Co., et al.)*
17-cv-00612 *(Christopher v. 3M Co., et al.)*
17-cv-00712 *(Owens v. 3M Company)*
17-cv-00753 *(Matthews v. 3M Company)*
17-cv-00999 *(Lindsey v. 3M Company)*
17-cv-01005 *(Taneff v. 3M Company)*
17-cv-01007 *(Litchfield v. 3M Company)*
17-cv-01012 *(Hales v. 3M Company)*
17-cv-01125 *(Mack, Elizabeth v. 3M Company)*

17-cv-01211 *(Charles Torio v. 3M Co., et al.)*
17-cv-01216 *(Hamed v. 3M Company)*
17-cv-01217 *(Lane v. 3M Company)*
17-cv-01221 *(Locke v. 3M Company)*
17-cv-01222 *(Payton v. 3M Company)*
17-cv-01242 *(Hightower v. 3M Company)*
17-cv-01249 *(Prilo v. 3M Company)*
17-cv-01251 *(Whitehead v. 3M Company)*
17-cv-01281 *(Hinthorne v. 3M Company)*
17-cv-01282 *(Hagaman v. 3M Company)*
17-cv-01284 *(Hasler v. 3M Company)*
17-cv-01291 *(Henson v. 3M Company)*
17-cv-01292 *(Luttrell v. 3M Company)*
17-cv-01294 *(Arrington v. 3M Company)*
17-cv-01306 *(McCumbers v. 3M Company)*
17-cv-01317 *(O'Conner v. 3M Company)*
17-cv-01329 *(Hutson v. 3M Company)*
17-cv-01334 *(Roszak v. 3M Company)*
17-cv-01338 *(Padmore v. 3M Company)*
17-cv-01341 *(High v. 3M Company)*
17-cv-01342 *(Buczko v. 3M Company)*
17-cv-01343 *(Sinnett v. 3M Company)*
17-cv-01345 *(Pickelsimer v. 3M Company)*
17-cv-01346 *(Peshut v. 3M Company)*
17-cv-01413 *(Jordan v. 3M Co., et al.)*
17-cv-01460 *(Surlow v. 3M Co., et al.)*
17-cv-01481 *(Lillard v. 3M Co., et al.)*
17-cv-01522 *(McDaniel v. 3M Company)*
17-cv-01524 *(Hunter v. 3M Co., et al.)*
17-cv-01537 *(Leineke v. 3M Company)*
17-cv-01538 *(Logan v. 3M Company)*
17-cv-01553 *(Kirkland v. 3M Company)*
17-cv-01562 *(McGilton v. 3M Company)*
17-cv-01567 *(Manley v. 3M Company)*
17-cv-01666 *(Moten v. 3M Company)*
17-cv-01683 *(Voytko v. 3M Co., et al.)*

17-cv-01838 *(Hammonds v. 3M Company)*
17-cv-01961 *(O'Hearn v. 3M Company)*
17-cv-01977 *(Moore v. 3M Co., et al.)*
17-cv-02157 *(Goss v. 3M Co., et al.)*
17-cv-02199 *(Pirraglio v. 3M Company)*
17-cv-02221 *(James v. 3M Company)*
17-cv-02225 *(Kennedy v. 3M Company)*
17-cv-02226 *(McGee v. 3M Company)*
17-cv-02229 *(Karasti v. 3M Company)*
17-cv-02281 *(Escobedo v. 3M Co., et al.)*
17-cv-02283 *(Smith, Alberta v. 3M Co., et al.)* 17-cv-02347 *(Lukens v. 3M Company)*
17-cv-02426 *(Johnson, V, J. Edwards, et al. v.3M Company)*
17-cv-02450 *(Knapke v. 3M Co., et al.)*
17-cv-02453 *(Hughes v. 3M Co., et al.)*
17-cv-02455 *(Nugent v. 3M Co., et al.)*
17-cv-02538 *(Valentine v. 3M Co., et al.)*
17-cv-02601 *(Mason v. 3M Company)*
17-cv-02756 *(Brock v. 3M Co., et al.)*
17-cv-03259 *(Folmer v. 3M Co., et al.)*
17-cv-03607 *(Evans v. 3M Co., et al.)*
17-cv-03997 *(Keith v. 3M Co., et al.)*
17-cv-04054 *(Miller, Lelea v. 3M Co., et al.)*
17-cv-04510 *(Gunner v. 3M Co., et al.)*
17-cv-04607 *(Collins v. 3M Co., et al.)*
17-cv-04814 *(Stevens v. 3M Company)*
17-cv-04859 *(Bradford v. 3M Co., et al.)*
17-cv-04860 *(Mack, Raymond v. 3M Co., et* al.)
17-cv-04967 *(Ewing v. 3M Company)*
18-cv-00023 *(Angell v. 3M Co., et al.)*
18-cv-00104 *(Blevins v. 3M Co., et al.)*
18-cv-00120 *(Upchurch v. 3M Co., et al.)*
18-cv-00167 *(Shoaf v. 3M Co., et al.)*
18-cv-00347 *(Watson v. 3M Co., et al.)*
18-cv-00469 *(Hodges v. 3M Company)*
18-cv-01128 *(Jackson v. 3M Company)*

## INTRODUCTION

For the reasons set forth herein below, Plaintiffs maintain that Defendant's Motion seeking a Show Cause Order should be denied. As an initial matter, Defendants Motion should have been filed in individual case files -- not the Master Docket. Additionally, Defendants failed to comply with L.R. 7.1.

Defendants filed a omnibus non-dispositive motion seeking a Show Cause Order from this Court on approximately 170 cases. The Motion was filed in the MDL Master Docket rather than in individual case files.  The Motion is based on two issues, (1) that some plaintiff's in answering the PFS provided no evidence of Bair Hugger use; and (2) that a much smaller group indicated that they had *not* been injured by Bair Hugger.  Prior to filing the Motion Defendants sought to meet its obligation under L.R.. 7.1 by emailing Plaintiff's Liaison Counsel and demanding that counsel share a draft motion and then gather responses from individual counsel as to whether plaintiff's counsel would dismiss cases with prejudice.  Defendants then attempted to impose a six (6) day time limit within which responses must be provided to them.   Plaintiff's maintain Defendants' motion is procedurally and substantively deficient for at least two reasons, first, the Motion should have been filed in individual case files and second, Defendants have failed to meet their obligations for meet and confer under L.R. 7.1, as Defendant's Motion could ultimately be dispositive on individual cases and, therefore, defendants had an obligation to contact each plaintiff counsel to meet and confer on each individual case.

## DISCUSSION

The filing of Defendant's Motion to Show Cause was erroneously filed in the MDL Master Docket.  Currently MDL 02666 has over 5000 pending cases.  While Defendant's Motion addresses approximately 170 cases on two common issues, there are myriad reasons that PFS's

6

were completed in a certain fashion. The Motion failed to address all or even most of the cases on the docket and contemplates individual responses in individual cases with varying assertions and different factual scenarios, thus it was improper to file it in the Master Docket.

Second, prior to filing this motion in the Master Docket, Defendants failed to provide notice to individual plaintiff counsel, which is their obligation under L.R. 7.1. As indicated above Defendants did email a draft copy of the Motion to Plaintiffs Liaison Counsel on July 19th. Plaintiff's aver that the email was insufficient as it addressed liaison counsel and not individual counsel and therefore did not fulfill the meet and confer requirement.

Next, to address the lack of use or injury from the Bair Hugger, a "NO" answer on the PFS does not necessarily mean no use or injury from product. There are a number of cases identified in which the PFS answer was clearly a typographical error, as Plaintiffs have, in fact, demonstrated through medical documentation either proof of use and/or injury. First, to address the smaller group identified as "Group 2" by defendants, all except the *Folmer* case have provided Defendants with evidence of injury and should not have been included in the motion. *Folmer* is a case where a Motion to Substitute is currently pending and counsel has been endeavoring to obtain the necessary documents, but unable to do so until such time as the substitution motion is resolved. The *D'Andrea's* PFS was amended in 2017. The remaining cases in Group 2 indicated no injury due to clerical errors in data entries, and it is Plaintiffs' understanding that Defendants have been served with amended, completed PFS' that correct these errors. As such, Defendants' Motion attempts to elevate form over substance, as they are on notice that the previous answer was inaccurate, rendering a motion for an order to show cause entirely without merit.

As to the "Group 1" cases, Defendants myopic view that the PFS is a black or white issue has proven to be false. Since the Motion, many counsel affected by this Motion have contacted both Plaintiff leadership and the Defendants. The answer "NO" to Bair Hugger use was the result of many different interpretations of the PFS question, and varied depending on who was actually responding to the question. Many counsel felt that the answer required personal knowledge of the plaintiff and, for that reason, answered in the negative despite the fact that counsel may have actually been aware that Bair Hugger and/or FAW use had been confirmed. Others have faulted improper data entry or glitches with the portal system. Still others felt "NO" was the correct answer when the records produced indicated FAW or warming blankets had been used but no positive product identification was available when the PFS was due. These discrepancies are precisely the reason that L.R. 7.1 was adopted: to eliminate the drain on judicial resources before the parties attempt to resolve potential misunderstandings. Defendants had an obligation to address individual counsel in these cases pursuant to L.R., yet failed to discharge their obligation in a reasonable manner.

It is Plaintiffs understanding that many individual Plaintiffs' counsel have in fact reached out to Defendants in an attempt to correct the record, whether through discussion, or by amending the PFS and providing records that had been previously produced but apparently not reviewed by Defendants prior to filing of the Motion at issue.

## CONCLUSION

Plaintiffs respectfully request that this Court deny Defendants Motion to Show Cause.

Alternatively, should the Court be inclined to grant Defendants'' Motion, the Plaintiffs respectfully request an opportunity for full briefing on the issue pursuant to the FRCP and L.R.s on dispositive motions.

| | |
|---|---|
| Date: August 6, 2018 | Respectfully submitted,<br><br>/s/ David J. Szerlag_____<br>David J. Szerlag (MN # 034476X)<br>Pritzker Hageman, PA<br>45 S 7th Street, Suite 2950<br>Minneapolis, MN 55402<br>Phone: 612-338-0202<br>Fax: 612-338-0104<br>David@pritzkerlaw.com |
| CIRESI CONLIN L.L.P.<br><br>/s/Michael V. Ciresi<br>Michael V. Ciresi (MN #0016949)<br>Jan M. Conlin (MN #0192697)<br>Michael Sacchet (MN # 395817)<br>Ciresi Conlin LLP<br>225 S. 6th St., Suite 4600<br>Minneapolis, MN 55402<br>Phone: 612.361.8202<br>Email: MVC@CiresiConlin.com<br>JMC@CiresiConlin.com<br>MAS@ciresiconlin.com | MESHBESHER & SPENCE LTD.<br><br>/s/ Genevieve M. Zimmerman<br>Genevieve M. Zimmerman (MN #330292)<br>1616 Park Avenue South<br>Minneapolis, MN 55404<br>Phone: (612) 339-9121<br>Fax: (612) 339-9188<br>gzimmerman@meshbesher.com |
| LEVIN PAPANTONIO, P.A.<br><br>/s/ Ben W. Gordon, Jr.<br>Ben W. Gordon (FL # 882836) - *Pro Hac Vice*<br>J. Michael Papantonio (FL # 335924)<br>316 S. Baylen Street, Suite 600<br>Pensacola, FL 32502-5996<br>Phone: (850) 435-7090<br>Fax: (850) 436-6090<br>Email: bgordon@levinlaw.com | |