IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

| | |
|---|---|
| IN RE: BAIR HUGGER FORCED AIR WARMING PRODUCT LIABILITY LITIGATION | MDL No.: 15-md-02666 (JNE/FLN) |
| This Document Relates To: | |
| PRISCILLA RICHEY, | Civil Action No.: 17-CV-05323-JNE-DTS |
| Plaintiff, | |

_____

### PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS

NOW COMES Plaintiff, Priscilla Richey, identified in Defendants' Motion to Dismiss for Failure to Comply with Pretrial Order No. 14 [Dkt. 1387], and by and through undersigned counsel submits this, her Response to Defendants' Motion to Dismiss, and would respectively show the Court the following:

### FACTS

In November 2015, Ms. Priscilla Richey contacted undersigned counsel regarding an infection and subsequent treatment that she experienced due to the use of a Bair Hugger patient warming device during an orthopedic surgery. Counsel worked to obtain medical records and billing records to move forward with the case. Those records indicated that a Bair Hugger device was used during the original surgery. On December 1, 2017, counsel filed the current action to comply with what was identified as the applicable statute of limitations deadline for the relevant claim.

Efforts to work with Ms. Richey to complete the Plaintiff Fact Sheet were interrupted by the untimely passing of Ms. Richey. During counsel's last conversation with Ms. Richey on March 18, 2018, she stated that she would complete the Plaintiff Fact Sheet and return it to counsel. However, counsel was informed in early April by Ms. Richey's daughter-in-law that Ms. Richey had passed away. The Plaintiff Fact Sheet was never completed.

## ARGUMENT

This particular case was also listed on both Defendants' previous Motion to Dismiss for Failure to Comply with PTO 14 [Dkt. 1317] (filed on July 5, 2018) and Defendants' Second Motion to Dismiss for Failure to Comply with PTO 23 [Dkt. 1354] (filed on July 12, 2018). The latter motion [Dkt. 1354] is still under advisement by the Court.[1] Plaintiff would respectfully request that the Court not consider dismissal under Defendants' current Motion until a ruling is issued on the prior Motion to Dismiss under PTO 23.

Further, on July 24, 2018 this Court issued an Order regarding Defendants' Motion to Dismiss under PTO 14 [Dkt. 1317] denying that motion as to the *Richey* case without prejudice.[2] The Court stated that the motion would be denied "to allow additional time" to resolve the probate issues surrounding Ms. Richey's untimely death and to provide a completed Plaintiff Fact Sheet.[3] Plaintiff had asked for a ninety-day extension to resolve these issues in her Response [Dkt. 1368]. The language of the Order does not contradict this request

---

[1] *See* Dkt. 1394, Hearing Transcript from Status Conference held on July 19, 2018, pg. 40–41.
[2] *See* Dkt. 1376, Order regarding Motion to Dismiss under PTO 14, pg. 5.
[3] *See id.*

or otherwise limit the extension of time to less than the ninety days which Plaintiff requested in her Response.

At an absolute minimum, the "additional time" provided by the Court to Plaintiff to resolve these issues is surely more than the ten days which passed between this Court issuing its Order on July 24, 2018 and Defendants' filing another Motion to Dismiss on August 2, 2018 naming the *Richey* case. Counsel is doing everything they can to ensure the probate process moves along and to obtain the information necessary for the Plaintiff Fact Sheet, but the probate process in particular takes time to complete. Under the circumstances, Plaintiff requires far more than just ten days to comply. In that sense, Defendants' immediate relisting of this case on a motion to dismiss goes against the spirit of the Court's Order in allowing Plaintiff additional time to make a meaningful and serious effort to comply with the pertinent PTOs.

## **CONCLUSION**

Accordingly, counsel request that Defendants' Motion to Dismiss be denied as to Plaintiff, so that Plaintiff can utilize the additional time allowed by the Court's prior Order to cure any alleged deficiencies with the Plaintiff Fact Sheet and to continue the case.

Dated: August 9, 2018                    KENNEDY HODGES, LLP

By: /s/ David W. Hodges
David W. Hodges
dhodges@kennedyhodges.com
Gabriel A. Assaad
gassaad@kennedyhodges.com
4409 Montrose Blvd. Ste 200
Houston, TX 77006
Telephone: (713) 523-0001
Facsimile: (713) 523-1116

ATTORNEYS FOR PLAINTIFF