IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

IN RE: BAIR HUGGER FORCED AIR          MDL No.: 15-md-02666 (JNE/FLN)
WARMING PRODUCT LIABILITY
LITIGATION

This Document Relates To:

PRISCILLA RICHEY,

                                 Civil Action No.:  17-CV-05323-JNE-DTS

        Plaintiff,
_____

### DECLARATION OF DONALD C. GREEN II IN SUPPORT OF PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS

I, Donald C. Green II, declare as follows:

1.  I am an attorney at Kennedy Hodges, LLP and Counsel for Plaintiff Priscilla Richey in the above-captioned matter.

2.  I submit this affidavit in opposition to Defendants' Motion to Dismiss for Failure to Comply with Pretrial Order No. 14 [Dkt. 1387] filed on August 2, 2018.

3.  Ms. Richey contacted Kennedy Hodges, LLP in November of 2015 regarding injuries that were allegedly caused by the Bair Hugger patient warming device.

4.  Medical records and billing records pertaining to Ms. Richey's treatment were obtained by Kennedy Hodges through its third-party medical records retrieval company. Those records indicated that a Bair Hugger device was used during her initial orthopedic surgery.

5.  This case was filed on December 1, 2017 to comply with a possible statute of limitations deadline identified by counsel.

6.  Phone calls were placed and letters were sent to Ms. Richey by staff at Kennedy Hodges in an attempt to reach her and obtain information to complete the Plaintiff Fact Sheet. These initial communication attempts were made between December 2017 and February 2018, prior to the original deadline for submission of the Plaintiff Fact Sheet.

7.  On February 15, 2018, staff at Kennedy Hodges spoke with Ms. Richey over the phone, who stated that she had just been released from the hospital after an extended stay to treat pancreatitis.

8.  During further conversations with the client on February 26, 2018 and March 8, 2018, Ms. Richey provided some additional information for the Plaintiff Fact Sheet and reiterated her intent to provide the additional information to submit a completed Plaintiff Fact Sheet and to sign the necessary documents.

9.  Counsel was informed in April 2018 that Ms. Richey had very recently passed away.

10. Counsel is in the process of communicating with Mr. Robert Richey, Ms. Richey's son, regarding the probate process and to obtain the information necessary for the Plaintiff Fact Sheet.

11. As we have been unable to obtain the additional information necessary to complete the Plaintiff Fact Sheet, we have thus far been unable to cure the alleged

deficiencies pertaining to the Plaintiff Fact Sheet which has been submitted for this case.

Pursuant to 28 U.S.C. § 1746(2), I declare under penalty of perjury that the foregoing is true and correct.

August 9, 2018                              /s/Donald C. Green II
                                           Donald C. Green II