**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| IN RE: BAIR HUGGER FORCED AIR WARMING DEVICES PRODUCTS LIABILITY LITIGATION | MDL No. 15-2666 (JNE/FLN) |
| THIS DOCUMENT RELATES TO:<br><br>Lynas Rude (0:17-cv-04009-JNE-DTS)<br>Randy Pine (0:17-cv-04777-JNE-DTS)<br>Ina Brown (0:17-cv-04778-JNE-DTS)<br>Karen Potter (0:17-cv-04881-JNE-DTS)<br>Mark McEvoy (0:17-cv-04885-JNE-DTS)<br>Alan Hardy (0:17-cv-05261-JNE-DTS)<br>Janice Taplin (0:17-cv-05370-JNE-DTS)<br>Anne Bresnock (0:17-cv-05371-JNE-DTS)<br>Bertha Swales (0:18-cv-00045-JNE-DTS) | |

## PLAINTIFFS' RESPONSES TO DEFENDANTS' MOTION TO DISMISS

NOW COME Plaintiffs, in the above-captioned matters, identified in Defendants'

Motion to Dismiss for Failure to Comply with Pretrial Order No. 14 [Dkt. 1387], and by

and through the undersigned counsel submit this, Responses to Defendants' Motion to

Dismiss, along with the Declaration of Daniel C. Burke, Esq. and would respectively

show the Court the following:

**LYNAS RUDE**

1.  Plaintiff Lynas Rude alleges that she developed a serious infection and was forced to undergo treatment of the same as a result of the use of a Bair Hugger Forced Air Warming Blanket during orthopedic surgery.

2.  Lynas Rude's Plaintiff's Fact Sheet ("PFS") was served upon Defendants on December 18, 2007.

3.  On January 16, 2018, Defendants sent counsel for Plaintiff a deficiency letter stating certain sections of the PFS were "incomplete."

4.  On February 20, 2018, amended PFS was served upon Defendants.

5.  On March 19, 2018, Defendants sent the exact same letter to Plaintiff's counsel, again stating that certain sections of the PFS were "incomplete."

6.  On April 8, 2018, amended PFS was served upon Defendants.

7.  On May 7, 2018, Defendants sent another deficiency letter stating certain sections of the PFS were "incomplete."  In their letter, Defendants, for the first time, raised that another set of sections of the PFS were "incomplete" as well.

8.  On August 2, 2018, amended PFS was served upon Defendants.

9.  In seeking dismissal, Defendants, for the first time, specifically complain about another section being deficient, as follows:

    ***Section VI (Current Claim Information) Part 1***

    *Defendants assert that Plaintiff did not respond.*

    *Plaintiff's response:*

*Plaintiff answered the question "Plaintiff does not recall."  Plaintiff stands by this response.*

10.    This section was not raised in any of the Defendants' deficiency letters.

**RANDY PINE**

1.    Plaintiff Randy Pine alleges that he developed a serious infection and was forced to undergo treatment of the same as a result of the use of a Bair Hugger Forced Air Warming Blanket during orthopedic surgery.

2.    Randy Pine's Plaintiff's Fact Sheet ("PFS") was served upon Defendants on February 12, 2018.

3.    On March 12, 2018, Defendants sent counsel for Plaintiff a deficiency letter stating certain sections of the PFS were "incomplete."

4.    On April 8, 2018, amended PFS was served upon Defendants.

5.    On May 7, 2018, Defendants sent another deficiency letter stating that additional sections, which were not raised in their previous deficiency letter, of the PFS were "incomplete."

6.    On August 7, 2018, amended PFS was served upon Defendants.

7.    In seeking dismissal, Defendants for the first time, specifically complain about several categories (instead of just citing "incomplete"), as follows:

*Section II (Personal Information) Parts 1*

*Defendants assert that this section was not completely answered because Plaintiff responded only "3 ½" without any unit of time.*

*Plaintiff's  response:*

*Defendants' assertion is inaccurate.  Plaintiff responded "3 ½ years."*

***Section II (Personal Information) Part 6***

*Defendants assert that this section was not completely answered.*

*Plaintiff's response:*

*Plaintiff does not recall where he has resided during the last ten (10) years*

*besides the address given in his amended PFS.*

*Plaintiff will attempt to supplement this section.*

***Section III (Surgery Information) Part 1***

*Defendants assert that this section was not completely answered.*

*Plaintiff's response:*

*Plaintiff answered the question "Plaintiff does not recall."  Plaintiff stands by*

*this response.*

***Section VI (Current Claim Information) Part 1***

*Defendants assert that this section was not completely answered.*

*Plaintiff's response:*

*Plaintiff answered the question "Plaintiff does not recall."  Plaintiff stands by*

*this response.*

***Section VI (Current Claim Information) Part 3***

*Defendants assert that this section was not completely answered.*

*Plaintiff's response:*

*Plaintiff does not recall the date of onset of "depression."*

*Section IX (Loss of Consortium) Part 4*

*Defendants assert that this section was not completely answered because Plaintiff did not provide where he was married.*

*Plaintiff's response:*

*Plaintiff will attempt to supplement this section.*

## INA BROWN

1. Plaintiff Ina Brown alleges that she developed a serious infection and was forced to undergo treatment of the same as a result of the use of a Bair Hugger Forced Air Warming Blanket during orthopedic surgery.

2. Ina Brown's Plaintiff's Fact Sheet ("PFS") was served upon Defendants on March 21, 2018.

3. On April 17, 2018, Defendants sent counsel for Plaintiff a deficiency letter stating certain sections of the PFS were "incomplete."

4. On August 7, 2018, amended PFS was served upon Defendants.

5. In seeking dismissal, Defendants for the first time, specifically complain about several categories (instead of just citing "incomplete"), as follows:

   *Section III (Surgery Information) Part 1*

   *Defendants assert that this section was not completely answered.*

   *Plaintiff's response:*

   *Plaintiff answered the question "Plaintiff does not recall." Plaintiff stands by this response.*

*Section III (Surgery Information) Part 3*

*Defendants assert that this section was not completely answered.*

*Plaintiff answered the question "Plaintiff does not recall."  Plaintiff stands by this response.*

*Section IV (General Medical Information) Part 8*

*Defendants assert that this section was not completely answered.*

*Plaintiff provided information pertaining to this section and answered that she does not recall the date of procedure.  Plaintiff believes that the answer is substantially complete.*

*Section VI (Current Claim Information) Part 1*

*Defendants assert that this section was not completely answered.*

*Plaintiff's response:*

*Plaintiff answered the question "Plaintiff does not recall."  Plaintiff stands by this response.*

*Section VI (Current Claim Information) Part 3*

*Defendants assert that this section was not completely answered.*

*Plaintiff's response:*

*Plaintiff answered Section VI Part 4, which answers Section VI Part 3.*

*Nonetheless, Plaintiff will attempt to supplement this section.*

*Section IX (Loss of Consortium)*

*Defendants assert that this section was not completely answered because Plaintiff did not provide where she was married.*

*Plaintiff's response:*

*Plaintiff will attempt to supplement this section.*

## KAREN POTTER

1. Plaintiff Karen Potter alleges that she developed a serious infection and was forced to undergo treatment of the same as a result of the use of a Bair Hugger Forced Air Warming Blanket during orthopedic surgery.

2. Karen Potter's Plaintiff's Fact Sheet ("PFS") was served upon Defendants on April 10, 2018.

3. On May 7, 2018, Defendants sent counsel for Plaintiff a deficiency letter stating certain sections of the PFS were "incomplete."

4. On July 10, 2018, Defendants sent another deficiency letter stating that additional section, which was not raised in their previous deficiency letter, of the PFS was "incomplete."

5. On August 7, 2018, amended PFS was served upon Defendants.

6. In seeking dismissal, Defendants for the first time, specifically complain about several categories (instead of just citing "incomplete"), as follows:

   *Section II (Personal Information) Part 2*

   *Defendants assert that this section was not completely answered because Plaintiff did not provide the state that issued Plaintiff's driver's license.*

   *Plaintiff's response:*

*Defendants' assertion is inaccurate.  Plaintiff provided the state that issued*

*Plaintiff's driver's license.*

***Section II (Personal Information) Part 3***

*Defendants assert that this section was not completely answered because*

*Plaintiff did not provide the place of birth.  It is important to note that this issue*

*was not raised in Defendants' deficiency letters.*

*Plaintiff's response:*

*Defendants' assertion is inaccurate.  Plaintiff provided the place of birth.*

***Section III (Surgery Information) Part 1***

*Defendants assert that this section was not completely answered.*

*Plaintiff's response:*

*Plaintiff answered the question "Plaintiff does not recall."  Plaintiff stands by*

*this response.*

***Section VI (Current Claim Information) Part 1***

*Defendants assert that this section was not completely answered.*

*Plaintiff's response:*

*Plaintiff answered the question "Plaintiff does not recall."  Plaintiff stands by*

*this response.*

***Section VII (Economic Damages) Part 1***

*Defendants assert that this section was not completely answered.*

*Plaintiff's response:*

*Plaintiff answered the question "Plaintiff does not recall."  Plaintiff will attempt to gather information pertaining to her past income and will supplement this section.*

## MARK MCEVOY

1.  Plaintiff Mark McEvoy alleges that he developed a serious infection and was forced to undergo treatment of the same as a result of the use of a Bair Hugger Forced Air Warming Blanket during orthopedic surgery.

2.  Mark McEvoy's Plaintiff's Fact Sheet ("PFS") was served upon Defendants on April 8, 2018.

3.  On May 7, 2018, Defendants sent counsel for Plaintiff a deficiency letter stating certain sections of the PFS were "incomplete."

4.  On August 7, 2018, amended PFS was served upon Defendants.

5.  In seeking dismissal, Defendants for the first time, specifically complain about several categories (instead of just citing "incomplete"), as follows:

*Section III (Surgery Information) Part 1*

*Defendants assert that this section was not completely answered.*

*Plaintiff's response:*

*Plaintiff answered the question "Plaintiff does not recall."  Plaintiff stands by this response.*

*Section IV (General Medical Information) Part 7*

*Defendants assert that this section was not completely answered because*

*Plaintiff did not provide telephone numbers of the pharmacies.*

*Plaintiff's response:*

*Defendants' assertion is inaccurate.  Plaintiff provided telephone numbers of the*

*pharmacies.*

***Section IV (General Medical Information) Part 8***

*Defendants assert that this section was not completely answered.  It is important*

*to note that this issue was not raised in Defendants' deficiency letter.*

*Plaintiff's response:*

*Defendants' assertion is inaccurate.  Plaintiff provided information pertaining to*

*dental procedures.*

***Section VI (Current Claim Information) Part 1***

*Defendants assert that this section was not completely answered.*

*Plaintiff's response:*

*Plaintiff answered the question "Plaintiff does not recall."  Plaintiff stands by*

*this response.*

## ALAN HARDY

1. Plaintiff Alan Hardy alleges that he developed a serious infection and was forced to undergo treatment of the same as a result of the use of a Bair Hugger Forced Air Warming Blanket during orthopedic surgery.

2.   Alan Hardy's Plaintiff's Fact Sheet ("PFS") was served upon Defendants on March 21, 2018.

3.   On April 17, 2018, Defendants sent counsel for Plaintiff a deficiency letter stating certain sections of the PFS were "incomplete."

4.   On August 7, 2018, an amended PFS was served upon Defendants.

5.   In seeking dismissal, Defendants for the first time, specifically complain about several categories (instead of just citing "incomplete"), as follows:

*Section II (Personal Information) Part 15*

*Defendants assert that this section was not completely answered. It is important to note that this issue was not raised in Defendants' deficiency letter.*

*Plaintiff's response:*

*Defendants' assertion is inaccurate because Plaintiff's response was "No."*

*Section III (Surgery Information) Part 1*

*Defendants assert that this section was not completely answered.*

*Plaintiff's response:*

*Plaintiff answered the question "Plaintiff does not recall." Plaintiff stands by this response.*

*Section VI (Current Claim Information) Part 1*

*Defendants assert that this section was not completely answered.*

*Plaintiff's response:*

*Plaintiff answered the question "Plaintiff does not recall." Plaintiff stands by this response.*

*Section VI (Current Claim Information) Part 3*

*Defendants assert that this section was not completely answered.*

*Plaintiff's response:*

*Plaintiff answered Section VI Part 4, which answers Section VI Part 3.*

*Nonetheless, Plaintiff will attempt to supplement this section.*

## JANICE TAPLIN

1.  Plaintiff Janice Taplin alleges that she developed a serious infection and was forced to undergo treatment of the same as a result of the use of a Bair Hugger Forced Air Warming Blanket during orthopedic surgery.

2.  Janice Taplin's Plaintiff's Fact Sheet ("PFS") was served upon Defendants on April 8, 2018.

3.  On May 7, 2018, Defendants sent counsel for Plaintiff a deficiency letter stating certain sections of the PFS were "incomplete."

4.  On August 7, 2018, an amended PFS was served upon Defendants.

5.  In seeking dismissal, Defendants for the first time, specifically complain about several categories (instead of just citing "incomplete"), as follows:

    *Section II (Personal Information) Part 3*

    *Defendants assert that this section was not completely answered because Plaintiff did not provide the place of birth.*

    *Plaintiff's response:*

    *Plaintiff will attempt to supplement this section.*

### Section II (Personal Information) Part 10

Defendants assert that this section was not completely answered.

Plaintiff's response:

Plaintiff will attempt to supplement this section.

### Section III (Surgery Information) Part 1

Defendants assert that this section was not completely answered.

Plaintiff's response:

Plaintiff answered the question "Plaintiff does not recall."  Plaintiff stands by

this response.

### Section IV (General Medical Information) Part 7

Defendants assert that this section was not completely answered.  It is important

to note that this issue was not raised in Defendants' deficiency letter.

Plaintiff's response:

Plaintiff will attempt to supplement this section.

### Section IV (General Medical Information) Part 8

Defendants assert that this section was not completely answered.

Plaintiff answered the question "Plaintiff does not recall."  Nonetheless,

Plaintiff will attempt to supplement this section.

### Section V (Insurance/Claim Information) Part 4

Defendants assert that Plaintiff did not respond.

Plaintiff's response:

Defendants' assertion is inaccurate.  Plaintiff provided answers to this section.

*Section V (Insurance/Claim Information) Part 5*

*Defendants assert that Plaintiff did not respond.*

*Plaintiff's response:*

*Defendants' assertion is inaccurate.  Plaintiff provided answers to this section.*

*Section V (Insurance/Claim Information) Part 6*

*Defendants assert that Plaintiff did not respond.*

*Plaintiff's response:*

*Defendants' assertion is inaccurate.  Plaintiff provided answers to this section.*

*Section VI (Current Claim Information) Part 1.*

*Defendants assert that this section was not completely answered.*

*Plaintiff's response:*

*Plaintiff answered the question "Plaintiff does not recall."  Plaintiff stands by this response.*

## ANNE BRESNOCK

1. Plaintiff Anne Bresnock alleges that she developed a serious infection and was forced to undergo treatment of the same as a result of the use of a Bair Hugger Forced Air Warming Blanket during orthopedic surgery.

2. Anne Bresnock's Plaintiff's Fact Sheet ("PFS") was served upon Defendants on April 8, 2018.

3. On May 7, 2018, Defendants sent counsel for Plaintiff a deficiency letter stating certain sections of the PFS were "incomplete."

4.   On August 7, 2018, an amended PFS was served upon Defendants.

5.   In seeking dismissal, Defendants for the first time, specifically complain about

     several categories (instead of just citing "incomplete"), as follows:

*Section II (Personal Information) Part 2*

*Defendants assert that Plaintiff did not respond.*

*Plaintiff's response:*

*Defendants' assertion is inaccurate.  Plaintiff provided answers to this section.*

*Section II (Personal Information) Part 10*

*Defendants assert that Plaintiff did not respond.*

*Plaintiff's response:*

*Defendants' assertion is inaccurate.  Plaintiff provided answers to this section.*

*Section II (Personal Information) Part 15*

*Defendants assert that this section was not completely answered.  It is important*

*to note that this issue was not raised in Defendants' deficiency letter.*

*Plaintiff's response:*

*Plaintiff will attempt to supplement this section.*

*Section III (Surgery Information) Part 1*

*Defendants assert that this section was not completely answered.*

*Plaintiff's response:*

*Plaintiff answered the question "Plaintiff does not recall."  Plaintiff stands by*

*this response.*

*Section VI (Current Claim Information) Part 1*

*Defendants assert that this section was not completely answered.*

*Plaintiff's response:*

*Plaintiff answered the question "Plaintiff does not recall."  Plaintiff stands by this response.*

***Section VII (Economic Damages) Part 1***

*Defendants assert that this section was not completely answered.*

*Plaintiff's response:*

*Plaintiff answered that "Plaintiff is gathering the requested information."*

*Nonetheless, Plaintiff will attempt to supplement this section.*

***Section VII (Economic Damages) Part 2***

*Defendants assert that this section was not completely answered.*

*Plaintiff's response:*

*Plaintiff will attempt to supplement this section.*

## <u>BERTHA SWALES</u>

1.   Plaintiff Bertha Swales alleges that she developed a serious infection and was forced to undergo treatment of the same as a result of the use of a Bair Hugger Forced Air Warming Blanket during orthopedic surgery.

2.   Bertha Swales' Plaintiff's Fact Sheet ("PFS") was served upon Defendants on April 8, 2018.

3.   On May 7, 2018, Defendants sent counsel for Plaintiff a deficiency letter stating certain sections of the PFS were "incomplete."

4.    On August 7, 2018, an amended PFS was served upon Defendants.

5.    In seeking dismissal, Defendants for the first time, specifically complain about
      several categories (instead of just citing "incomplete"), as follows:

*Section III (Surgery Information) Part 1*

*Defendants assert that this section was not completely answered.*

*Plaintiff's response:*

*Plaintiff answered the question "Plaintiff does not recall."  Plaintiff stands by
this response.*

*Section III (Surgery Information) Part 3*

*Defendants assert that this section was not completely answered.*

*Plaintiff's response:*

*Defendants' assertion is inaccurate.  Plaintiff provided answers to this section.*

*Section V (Insurance/Claim Information) Part 4*

*Defendants assert that this section was not completely answered.*

*Plaintiff's response:*

*Plaintiff will attempt to supplement this section.*

*Section VI (Current Claim Information) Part 1*

*Defendants assert that this section was not completely answered.*

*Plaintiff's response:*

*Plaintiff answered the question "Plaintiff does not recall."  Plaintiff stands by
this response.*

*Section VII (Economic Damages)*

*Defendants assert that this section was not completely answered.*

*Plaintiff's response:*

*Plaintiff answered that "Plaintiff is gathering the requested information."*

*Nonetheless, Plaintiff will attempt to supplement this section.*

Plaintiffs conclude by stating that they have substantially completed the PFS and attempted to cure all alleged deficiencies by Defendants on numerous occasions. Many of the deficiencies are simply inaccurate where Plaintiffs have completely responded to the best of their ability and recollection.

For the foregoing reasons, Plaintiffs request that Defendants' Motion to Dismiss be denied and that Plaintiffs be deemed to have substantially completed the fact sheet. In the alternative, Plaintiffs should be given 90 days additional time due to the foregoing reasons to cure any remaining "deficiencies".

DATED: August 9, 2018                    Respectfully submitted,

**BERNSTEIN LIEBHARD LLP**

By: /s/ Daniel C. Burke
Daniel C. Burke
10 E. 40th Street
New York, NY 10016
Telephone: (212) 779-1414
Facsimile: (212) 779-3218
Email: dburke@bernlieb.com
Email: dlee@bernlieb.com

*Attorneys for Plaintiff*