UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

In re: BAIR HUGGER FORCED AIR　　　　　　MDL No. 15-2666 (JNE/DTS)
WARMING DEVICES PRODUCTS
LIABILITY LITIGATION

　　　　　　　　　　　　　　　　　　　　　　　ORDER

This Document Relates To:
Case Nos.:　17-cv-02925 (*Zimmerman v. 3M Co., et al.*)
　　　　　　17-cv-03252 (*Gorbett v. 3M Co., et al.*)
　　　　　　17-cv-03501 (*Smith v. 3M Co., et al.*)
　　　　　　17-cv-03554 (*Cyr v. 3M Co., et al.*)
　　　　　　17-cv-03563 (*Opperman v. 3M Co., et al.*)
　　　　　　17-cv-03573 (*Parker v. 3M Co., et al.*)
　　　　　　17-cv-03696 (*Hickman v. 3M Co., et al.*)
　　　　　　17-cv-03718 (*Seymore v. 3M Co., et al.*)
　　　　　　17-cv-03952 (*Pratt v. 3M Co., et al.*)
　　　　　　17-cv-04009 (*Rude v. 3M Co., et al.*)
　　　　　　17-cv-04257 (*Coggins v. 3M Co., et al.*)
　　　　　　17-cv-04327 (*Robertson v. 3M Co., et al.*)
　　　　　　17-cv-04328 (*Robertson v. 3M Co., et al.*)
　　　　　　17-cv-04385 (*Erdman v. 3M Co., et al.*)
　　　　　　17-cv-04433 (*Greene v. 3M Company*)
　　　　　　17-cv-04470 (*Ingram v. 3M Co., et al.*)
　　　　　　17-cv-04517 (*Henderson v. 3M Co., et al.*)
　　　　　　17-cv-04654 (*Keith v. 3M Co., et al.*)
　　　　　　17-cv-04677 (*Resendez v. 3M Co., et al.*)
　　　　　　17-cv-04752 (*Hyer v. 3M Co., et al.*)
　　　　　　17-cv-04777 (*Pine v. 3M Co., et al.*)
　　　　　　17-cv-04778 (*Brown v. 3M Co., et al.*)
　　　　　　17-cv-04779 (*Key v. 3M Co., et al.*)
　　　　　　17-cv-04845 (*Murray v. 3M Co., et al.*)
　　　　　　17-cv-04881 (*Potter v. 3M Co., et al.*)
　　　　　　17-cv-04885 (*McEvoy v. 3M Co., et al.*)
　　　　　　17-cv-04889 (*Thornton v. 3M Co., et al.*)
　　　　　　17-cv-04891 (*Edwards v. 3M Co., et al.*)
　　　　　　17-cv-05123 (*Robinson-Bessicks v. 3M Co., et al.*)
　　　　　　17-cv-05261 (*Hardy v. 3M Co., et al.*)
　　　　　　17-cv-05270 (*Johnston v. 3M Co., et al.*)
　　　　　　17-cv-05277 (*Billings v. 3M Co., et al.*)
　　　　　　17-cv-05323 (*Richey v. 3M Co., et al.*)
　　　　　　17-cv-05370 (*Taplin v. 3M Co., et al.*)
　　　　　　17-cv-05371 (*Bresnock v. 3M Co., et al.*)

17-cv-05472 (*Jones v. 3M Co., et al.*)
18-cv-00045 (*Swales v. 3M Co., et al.*)
18-cv-00437 (*McCullough v. 3M Co., et al.*)
18-cv-00444 (*Garrison v. 3M Co., et al.*)
18-cv-00527 (*Morgan v. 3M Co., et al.*)
18-cv-00609 (*Larrison v. 3M Co., et al.*)
18-cv-00617 (*Hayes v. 3M Co., et al.*)
18-cv-00641 (*Rhew v. 3M Co., et al.*)

Defendants 3M Company and Arizant Healthcare, Inc. ("Defendants") moved to dismiss the above-captioned member cases in the *Bair Hugger* MDL for failure to comply with Pretrial Order No. 14 ("PTO 14"), MDL ECF No. 117. Mot. to Dismiss, MDL ECF No. 1387.

Defendants later withdrew the motion as to the following cases: *Zimmerman* (17-02925), *Gorbett* (17-03252), *Cyr* (17-03554), *Parker* (17-03573), *Pratt* (17-03952), *Rude* (17-04009), *Robertson* (17-04327), *Robertson* (17-04328), *Ingram* (17-04470), *Henderson* (17-04517), *Hyer* (17-04752), *Murray* (17-04845), *Thornton* (17-04889), *Edwards* (17-04891), *Johnston* (17-05270), *Billings* (17-05277), *Jones* (17-05472), *McCullough* (18-00437), *Garrison* (18-00444), *Morgan* (18-00527), *Larrison* (18-00609), and *Hayes* (18-00617). MDL ECF No. 1427. The parties in *Smith* (17-03501) and *Coggins* (17-04257) stipulated to dismissal. The Court reserves decision as to *Richey* (17-05323), which the Court will hear at the Status Conference next month.

The Court grants Plaintiffs in the following cases two weeks from the August 16, 2018 Status Conference to cure noncompliance with PTO 14: *Pine* (17-04777), *Brown* (17-04778), *Potter* (17-04881), *McEvoy* (17-04885), *Hardy* (17-05261), *Taplin* (17-05370), *Bresnock* (17-05371), and *Swales* (18-00045). If Plaintiffs fail to comply with

PTO 14 by August 31, 2018, and Defendants again move to dismiss these Plaintiffs for noncompliance with PTO 14, the Court will grant the motion and dismiss these Plaintiffs with prejudice.

Defendants' motion to dismiss as to the remaining cases is granted.

## BACKGROUND

PTO 14 requires a plaintiff to complete and serve a Plaintiff Fact Sheet ("PFS") in lieu of interrogatories.  MDL ECF No. 117.  PFSs are typical in MDLs and help to streamline discovery.  But PFSs are only helpful if all parties follow the procedures governing PFSs.  It is therefore important and fair to enforce the bright-light procedures on PFSs in PTO 14.

Under PTO 14, plaintiffs must complete and serve a verified PFS within 90 days of the filing of their complaint or short-form complaint, or the transfer of their case to this MDL proceeding, whichever is later.  *Id.* ¶ 2.  The PFS must contain no core deficiencies, as defined in PTO 14.  *Id.* ¶ 4.  If a plaintiff fails to serve a verified PFS with no core deficiencies, PTO 14 directs Defendants to send notice of the alleged failure to the plaintiff.  *Id.* ¶¶ 4–5.  The plaintiff then has three weeks to respond.  *Id.* ¶ 6.  If the alleged failure remains unresolved following this meet-and-confer process, Defendants may place the case on the court conference agenda.  *Id.* ¶ 7.  Defendants may then move for dismissal for failure to comply with PTO 14 if the case appears on the court conference agenda for two successive court conferences without resolution.  *Id.* ¶ 8.  In short, PTO 14 affords multiple chances to cure noncompliance and warns plaintiffs that noncompliance may result in dismissal.

Defendants now allege that they have complied with the foregoing requirements, that Plaintiffs' cases have appeared on two successive court conference agendas, and that Plaintiffs have failed to serve a completed PFS. Accordingly, Defendants request dismissal for failure to comply with PTO 14.

## LEGAL STANDARD

The Court may dismiss a case when a plaintiff fails to prosecute or comply with a court order. Fed. R. Civ. P. 41(b). Such dismissal may be with prejudice when "the plaintiff has engaged in a pattern of intentional delay." *First Gen. Res. Co. v. Elton Leather Corp.*, 958 F.2d 204, 206 (8th Cir. 1992). This pattern exists where a plaintiff fails to comply with a court order despite multiple opportunities for compliance and the Court's warning that noncompliance may result in dismissal. *Id.* Failure to comply with PTO 14 thus warrants dismissal with prejudice, as PTO 14 affords multiple opportunities for compliance and warns of dismissal.

## DISCUSSION

Plaintiffs in the following cases declined to oppose the motion to dismiss: *Erdman* (17-04385), *Greene* (17-04433), *Keith* (17-04654), *Resendez* (17-04677), *Robinson-Bessicks* (17-05123), and *Rhew* (18-00641). The Court grants the motion as to these Plaintiffs and dismisses them with prejudice for failure to prosecute and failure to comply with PTO 14. *See* Fed. R. Civ. P. 41(b).

Plaintiffs in the following cases do not dispute that they failed to comply with PTO 14: *Hickman* (17-03696), *Key* (17-04779), *Opperman* (17-03563), and *Seymore* (17-03718). Instead, counsel in these cases filed a response (1) detailing failed attempts to

4

enlist Plaintiffs' cooperation in completing a PFS and (2) requesting additional time to contact Plaintiffs to complete the PFS.  These Plaintiffs thus do not oppose Defendants' motion to dismiss.  *See* Dismissal Order 2, MDL ECF No. 622 (concluding that Plaintiffs failed to oppose Defendants' motion to dismiss for noncompliance with PTO 14 when counsel for Plaintiffs simply filed responses chronicling "unsuccessful attempts to enlist [Plaintiffs'] cooperation").

PTO 14 warned Plaintiffs that noncompliance would result in dismissal.  PTO 14 also gave Plaintiffs multiple chances to cure noncompliance.  Plaintiffs did not.  The Court therefore dismisses *Hickman* (17-03696), *Key* (17-04779), *Opperman* (17-03563), and *Seymore* (17-03718) with prejudice for failure to comply with PTO 14 and for failure to prosecute under Rule 41(b).

## CONCLUSION

Based on the files, records, and proceedings herein, IT IS ORDERED THAT:

1. Defendants' Motion to Dismiss for Failure to Comply with Pretrial Order No. 14 [MDL ECF No. 1387] is GRANTED as stated below.

2. The following cases are DISMISSED WITH PREJUDICE: 17-cv-03696 (*Hickman v. 3M Co., et al.*), 17-cv-04779 (*Key v. 3M Co., et al.*), 17-cv-03563 (*Opperman v. 3M Co., et al.*), 17-cv-03718 (*Seymore v. 3M Co., et al.*), 17-cv-04385 (*Erdman v. 3M Co., et al.*), 17-cv-04433 (*Greene v. 3M Company*), 17-cv-04654 (*Keith v. 3M Co., et al.*), 17-cv-04677 (*Resendez v. 3M Co., et al.*), 17-cv-05123 (*Robinson-Bessicks v. 3M Co., et al.*), and 18-cv-00641 (*Rhew v. 3M Co., et al.*).

Dated: August 20, 2018

s/ Joan N. Ericksen  
JOAN N. ERICKSEN  
United States District Judge
