IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

| | |
|---|---|
| IN RE: BAIR HUGGER FORCED AIR WARMING PRODUCT LIABILITY LITIGATION | MDL No.: 15-md-02666 (JNE/FLN) |
| This Document Relates To: | |
| LOUIS E. BELLANDE and BONNIE L. BELLANDE,  Plaintiff, | Civil Action No.: 16-CV-02700-JNE-FLN |

_____

## PLAINTIFFS' SUPPLEMENT TO THEIR RESPONSE TO DEFENDANTS' MOTION TO DISMISS

NOW COME Plaintiffs, Louis E. Bellande and Bonnie L. Bellande, identified in Defendants' Motion to Dismiss for Failure to Comply with Pretrial Order No. 23 [Dkt. 1323], and by and through undersigned counsel submits this, their Supplement to their Response to Defendants' Motion to Dismiss Plaintiff Louis Bellande's cause of action, and would respectively show the Court the following:

### FACTS

As ordered by the Court on August 16, 2018, Plaintiffs hereby file this supplemental briefing. Plaintiffs contacted undersigned counsel in August of 2015, regarding an infection and subsequent treatment that Mr. Bellande experienced due to the use of a Bair Hugger patient warming device during an orthopedic surgery.[1] Counsel worked to obtain medical

---

[1] See Declaration in Support of Plaintiffs' Supplement to Their Response to Defendants' Motion to Dismiss at paragraph #3.

records and billing records to move forward with the case. Those records indicated that a Bair Hugger device was used during the original surgery.[2]

On **August 10, 2016**, counsel filed the current action to comply with what was identified as the applicable statute of limitations deadline for the relevant claim.[3] Plaintiffs completed the Plaintiff Fact Sheet on **February 6, 2017**.[4] After completion of the Plaintiff Fact Sheet, there was no further information Counsel needed from Plaintiffs and there had been absolutely no activity in the individual case.[5] Since this case is not a bellwether selection there were no further discovery deadlines.[6] There were no new developments in Plaintiffs' case and no deadline-driven need to contact the Plaintiffs. As an effort to stay in contact with all firm clients, Kennedy Hodges circulates a monthly newsletter to clients providing, *inter alia*, case updates with the encouragement to call with questions.[7]

Plaintiff Louis Bellande died on **December 22, 2017**. Only weeks later, on **January 26, 2018**, staff at Kennedy Hodges placed a phone call to client, and there was no answer or returned phone call.[8] At that time, Counsel was still unaware of client's passing. Counsel's office placed another call to the client on **April 17, 2018**, and it was then that Counsel was informed that Plaintiff Louis Bellande died on December 22, 2017.[9] Counsel learned of Mr. Bellande's passing 116 days after his death.[10] As a result, **it was impossible to comply with**

---

[2] *Id*. at paragraph #4.
[3] *Id*. at paragraph #5.
[4] *Id*. at paragraph #6.
[5] *Id*. at paragraph #7.
[6] *Id*. at paragraph #8.
[7] *Id*. at paragraph #11.
[8] *Id*. at paragraph #9.
[9] *Id*. at paragraph #10.
[10] *Id*. at paragraph #12.

**the 90-day deadline mandated by Pretrial Order No. 23**. Under these circumstances, it cannot be said that Plaintiffs willfully refused to comply with this Court's order. For the Court to dismiss Mr. Bellande's estate's claims with prejudice would be an unduly harsh result given the situation. To be clear: Plaintiffs' counsel attempted to contact the deceased only weeks after Mr. Bellande's death. The absence of a return phone call is not an indication that someone has died and given that he was married, one would hope that a return call would have come from the wife if she recognized the phone number. However, given the number of "spam" phone calls people receive, it is reasonable that Mrs. Bellande may not have recognized the number and did not know that she needed to return the phone call to tell counsel that Mr. Bellande had died.

## ARGUMENT

A dismissal with prejudice "is a drastic sanction that should be exercised sparingly." *Pardee v. Stock*, 712 F.2d 1290, 1292 (8th Cir.1983). A case should be dismissed with prejudice "only after balancing the policy of giving the plaintiff [his or her] day in court against [the] policies of preventing undue delay, avoiding court congestion, and preserving respect for court procedures." *Omaha Indian Tribe, Treaty of 1854 with U.S. v. Tract I-Blackbird Bend Area*, 933 F.2d 1462, 1468 (8th Cir. 1991) (*quoting Garrison v. International Paper Co.*, 714 F.2d 757, 760 (8th Cir. 1983)); *see also Moore v. St. Louis Music Supply Co., Inc.*, 539 F.2d 1191, 1193 (8th Cir. 1976); *Navarro v. Chief of Police, Des Moines, Iowa*, 523 F.2d 214,217 (8th Cir. 1975). "This balancing process "'focuses in the main upon the degree of egregious conduct which prompted the order of dismissal and to a lesser extent upon the adverse impact of such conduct upon both the defendant and the administration of justice in

3

the District Court.'" *Brown v. Frey*, 806 F.2d 801, 804 (8th Cir.1986) (quoting *Moore*, 539 F.2d at 1193).

Another consideration should be "whether the party whose action was dismissed willfully refused to comply with court orders." *Omaha Indian Tribe*, 933 F.2d at 1468. The court in the Guidant MDL agreed that dismissing a case with prejudice is "an extreme sanction [that] should be used **only in cases of willful disobedience of a court order or continued or persistent failure to prosecute a complaint**." *In re Guidant Corp. Implantable Defibrillators Prod. Liab. Litig.*, No. CV 07-1557 (DWF/AJB), 2011 WL 13202174, at *1 (D. Minn. Sept. 28, 2011)(emphasis added); *See also Smith v. Gold Dust Casino*, 526 F.3d 402, 405 (8th Cir. 2008).

In this case, it is clear that Plaintiffs did not willfully refuse to comply with court orders. Because Counsel did not learn of Mr. Bellande's passing until **after 90 days** from his death, there was no conscious or intentional failure to act. Plaintiffs' failure to comply with the 90-day deadline imposed by PTO 23 does not rise to such a level of egregious conduct that warrants dismissal of Mr. Bellande's claims. Further, because discovery for this individual claim is essentially complete, Plaintiffs have not failed to prosecute the complaint and caused no undue delay or prejudice to Defendants. A dismissal with prejudice would be unjust and forever deny Plaintiff's day in court.

Further, a dismissal with prejudice of Mr. Bellande's claims is a violation of due process rights. The purpose of due process is to ensure procedural safeguards for plaintiffs. A violation of procedural due process is "a deprivation of life, liberty, or property without sufficient process." *Hughes v. City of Cedar Rapids*, 840 F.3d 987, 994 (8th Cir. 2016). Due

process generally requires consideration of three factors: "First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through procedures used, and the probative value, if any of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

Mr. Bellande's estate's interests are at stake and will forever be affected by such dismissal. If this case is dismissed with prejudice, Plaintiff will not be given a full and fair opportunity to litigate the estate's claims. Because discovery in this case is stayed there are no delays, court congestion, or violation of court procedures; thus, there are no administrative burdens to the Court. A dismissal with prejudice would be an erroneous deprivation of Plaintiff's rights without sufficient process. Moreover, Defendants have suffered absolutely no prejudice whatsoever due to the late filed suggestion of death. Given the absence of prejudice and the severe sanction of dismissal, the Court should retain this case on the Court's docket. Additionally, the Plaintiffs' Steering Committee anticipates that it will be filing a motion to amend PTO 23 given the fact that it has become unworkable as applied. Plaintiffs respectfully request that the Court consider this fact and give them the relief requested.

## **CONCLUSION**

For the reasons set forth herein, together with the reasons provided in Plaintiffs' Response to Defendants' Motion to Dismiss, an order dismissing Louis Bellande's claims is unduly harsh and unjust. Plaintiffs respectfully request that the Court exercise its discretion

and deny Defendants' Motion to Dismiss Mr. Bellande's claims with prejudice pursuant to Pretrial Order 23.

Dated: August 23, 2018

                                                KENNEDY HODGES, LLP

                                                By: /s/ David W. Hodges
                                                David W. Hodges
                                                dhodges@kennedyhodges.com
                                                Gabriel A. Assaad
                                                gassaad@kennedyhodges.com
                                                4409 Montrose Blvd. Ste 200
                                                Houston, TX 77006
                                                Telephone: (713) 523-0001
                                                Facsimile: (713) 523-1116

                                                ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

     This is to certify that on August 23, 2018 a copy of the forgoing instrument was served on all parties via the Court's electronic filing system.

                                                By: /s/ David W. Hodges
                                                    David W. Hodges