UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

In re: BAIR HUGGER FORCED AIR　　　　　　MDL No. 15-2666 (JNE/DTS)
WARMING DEVICES PRODUCTS
LIABILITY LITIGATION
　　　　　　　　　　　　　　　　　　　　　　　ORDER
This Document Relates To:
Case Nos.:　16-cv-02700 (*Bellande et al. v. 3M Co., et al.*)
　　　　　　16-cv-00985 (*Colon v. 3M Co., et al.*)
　　　　　　17-cv-01049 (*Perkins v. 3M Co., et al.*)
　　　　　　17-cv-04285 (*Nickell et al. v. 3M Co., et al.*)
　　　　　　17-cv-04872 (*Grimsley v. 3M Co., et al.*)
　　　　　　17-cv-03276 (*Andrews v. 3M Co., et al.*)

---

Defendants 3M Company and Arizant Healthcare, Inc. ("Defendants") move to dismiss the above-captioned member cases in the *Bair Hugger* MDL for failure to comply with Pretrial Order No. 23 ("PTO 23"), MDL ECF No. 1039, and Federal Rule of Civil Procedure 25. Mot. to Dismiss, MDL ECF No. 1323.

Defendants move to dismiss the entire complaint in the following cases: 16-cv-00985 (*Colon v. 3M Co., et al.*), 17-cv-01049 (*Perkins v. 3M Co., et al.*), 17-cv-04872 (*Grimsley v. 3M Co., et al.*), and 17-cv-03276 (*Andrews v. 3M Co., et al.*). Defendants move to dismiss the deceased Plaintiffs only in the multi-plaintiff cases of 16-cv-02700 (*Bellande et al. v. 3M Co., et al.*) and 17-cv-4285 (*Nickell et al. v. 3M Co., et al.*). The Court dismissed 17-cv-04872 (*Grimsley v. 3M Co., et al.*) last month for failure to comply with Pretrial Order No. 14, MDL ECF No. 1376, and the parties have since stipulated to a dismissal without prejudice of 17-cv-4285 (*Nickell et al. v. 3M Co., et al.*). That leaves only *Colon* (16-cv-00985), *Perkins* (17-cv-01049), *Andrews* (17-cv-03276),

1

and *Bellande* (16-cv-02700). As to these cases, Defendants' motion to dismiss is granted in part.

## BACKGROUND

Federal Rule of Civil Procedure 25 states that, following the death of a plaintiff, a "motion for substitution may be made by any party or by the decedent's successor or representative." PTO 23 expands on the procedures for substitution. MDL ECF No. 1039. It provides directives on the filing and content of both the motion for substitution and a "suggestion of death." It warns that noncompliance with these directives "will entitle Defendants to request a dismissal of plaintiff's action with prejudice in accordance with Fed. R. Civ. P. 25(a)." *Id.*

In relevant part, PTO 23 requires plaintiff's counsel to file a suggestion of death within 90 days of either the entry of PTO 23 (January 8, 2018) or the death of the plaintiff, whichever is later. The suggestion of death must identify "the plaintiff and describe[] the time, date, and circumstances of the plaintiff's death." *Id.* PTO 23 and Rule 25 both then require counsel to move for substitution within 90 days of the filing of the suggestion of death. If no motion for substitution is filed within this 90-day period, the Court must dismiss the deceased plaintiff's action. *See* Fed. R. Civ. P. 25(a).

But if a motion for substitution is filed, PTO 23 provides that it must (1) identify the proposed substitute, (2) explain why the proposed substitute is a proper party, and (3) explain why the death of the named plaintiff did not extinguish the claim under the applicable state laws.

## LEGAL STANDARD

As stated above, if no motion for substitution is filed within 90 days of the filing of the suggestion of death, the Court must dismiss the deceased plaintiff's action. *See* Fed. R. Civ. P. 25(a). Likewise, if a plaintiff fails to prosecute or comply with the other directives of PTO 23, the Court may dismiss the plaintiff's case. Fed. R. Civ. P. 41(b). Such dismissal may be with prejudice "in cases of willful disobedience of a court order or where a litigant exhibits a pattern of intentional delay." *Hunt v. City of Minneapolis*, 203 F.3d 524, 527 (8th Cir. 2000). This does not require a "finding that the [plaintiff] acted in bad faith, but requires 'only that he acted intentionally as opposed to accidentally or involuntarily.'" *Id.* (citation omitted).

## DISCUSSION

Plaintiff Colon (16-cv-00985) passed away on April 20, 2017. The 90-day deadline for filing the suggestion of death expired on April 9, 2018. Counsel filed an untimely suggestion of death on July 2, 2018. MDL ECF No. 1313. Defendants now move to dismiss for this failure to follow PTO 23. Counsel for Plaintiff Colon filed no response. Plaintiff Colon thus failed to comply with PTO 23 and offers no excuse for noncompliance, despite the warning in PTO 23 that noncompliance would result in dismissal. The Court therefore dismisses this action with prejudice for failure to comply with PTO 23 and for failure to prosecute under Rule 41(b).

Plaintiff Perkins (17-cv-01049) passed away on May 9, 2017. Counsel filed a timely suggestion of death on November 13, 2017.[1] ECF No. 7. Under PTO 23 and Rule 25, the motion to substitute was due by February 12, 2018. No such motion has been filed. For this failure, Defendants now move to dismiss Plaintiff Perkins. Counsel for Plaintiff Perkins filed a response to defendants' motion indicating that Plaintiff Perkins' daughter expressed interest in seeking substitution. ECF No. 9. But counsel has been unable to reach her. The Court dismisses this action with prejudice for failure to file a motion to substitute within 90 days of the suggestion of death, as required under PTO 23 and Rule 25(a).

Plaintiff Andrews (17-cv-03276) passed away on July 25, 2017. Counsel filed a timely suggestion of death on November 16, 2017, ECF No. 6, and a timely motion for substitution of Plaintiff Andrews' daughter on February 14, 2018, ECF No. 7. Defendants opposed the motion, arguing that Plaintiff Andrews' daughter had "not demonstrated that she is the 'proper party' to be substituted, as required by Fed. R. Civ. P. 25(a) and Pretrial Order No. 23." ECF No. 8. After a hearing on the motion, Magistrate Judge Noel agreed with Defendants, but granted Plaintiff Andrews' daughter additional time to demonstrate that she is a proper party for substitution. ECF No. 14. She filed nothing, and Magistrate Judge Noel then denied the motion for substitution. ECF No. 16. Defendants now seek dismissal for failure to "file a compliant motion for

---

[1] The Court issued PTO 23 on January 8, 2018. So the date of filing the suggestion of death here did not violate any then-established deadline.

substitution within 90 days as required by PTO 23 and Fed. R. Civ. P. 25(a)." MDL ECF No. 1324.  Counsel for Plaintiff Andrews filed no response.

In light of these events, the Court finds that Plaintiff Andrews failed to file a motion to substitute in accordance with PTO 23 and Rule 25.  He offers no excuse for noncompliance, despite the warning that noncompliance would result in dismissal.  And so the Court dismisses this action with prejudice for failure to comply with PTO 23, failure to comply with Rule 25, and failure to prosecute under Rule 41(b).

Plaintiff Bellande (16-cv-02700) passed away on December 22, 2017.  Under PTO 23, the suggestion of death was due by April 9, 2018.  Counsel learned of Plaintiff Bellande's passing on April 17, 2018 and waited roughly two months to file an untimely suggestion of death on June 15, 2018.  ECF No. 6.  Defendants now move to dismiss Plaintiff Bellande for failure to comply with PTO 23's 90-day deadline for filing the suggestion of death.  MDL ECF No. 1324.

Counsel for Plaintiff Bellande oppose Defendants' motion.  MDL ECF No. 1338.  Counsel argue that, because they learned of Plaintiff Bellande's "passing *after* the 90-day deadline mandated by Pretrial Order No. 23," "it would have been impossible to comply with that deadline." *Id.*  Counsel insist that they filed the suggestion of death two months later "in good faith and within a reasonable time." *Id.*  As a result, counsel claim that dismissal with prejudice is unwarranted.

PTO 23 exists to ensure that counsel maintain sufficient contact with Plaintiffs to allow the Court and Defendants to know whether or not Plaintiffs are alive.  PTO 23 made clear that dismissal with prejudice would follow from the failure to maintain

5

sufficient contact.  The 90-day deadline in PTO 23 for filing a suggestion of death represents a compromise between the preferences of Plaintiffs and Defendants.  At the August 16, 2018 Status Conference, the Court granted counsel one week from the date of the hearing to show why, as counsel argues, it was impossible to comply with PTO 23 and maintain sufficient contact to learn of Plaintiff Bellande's passing earlier.  If counsel fails to establish this impossibility, Defendants may, on or after September 20, 2018, move to dismiss Plaintiff Bellande with prejudice.

### **CONCLUSION**

Based on the files, records, and proceedings herein, IT IS ORDERED THAT:

1. Defendants' Motion to Dismiss for Failure to Comply with Pretrial Order No. 23 and Federal Rule of Civil Procedure 25 [MDL ECF No. 1323] is GRANTED IN PART.

2. The following cases are DISMISSED WITH PREJUDICE: 16-cv-00985 (*Colon v. 3M Co., et al.*), 17-cv-01049 (*Perkins v. 3M Co., et al.),* and 17-cv-03276 (*Andrews v. 3M Co., et al.*)

Dated: August 23, 2018

s/ Joan N. Ericksen<br>
JOAN N. ERICKSEN<br>
United States District Judge