# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

In re: BAIR HUGGER FORCED AIR
WARMING DEVICES PRODUCTS
LIABILITY LITIGATION

MDL No. 15-2666 (JNE/DTS)

This Document Relates to:
Case Nos.:
16-cv-02298 *(D'Andrea v. 3M Co., et al.)*
17-cv-03573 *(Parker v. 3M Co., et al.)*
17-cv-04375*(Baker v. 3M Co., et al.)*
17-cv-04512 *(Cunningham v. 3M Co., et al.)*
17-cv-04517 *(Henderson v. 3M Co., et al.)*
17-cv-04857 *(Murphy v. 3M Co., et al.)*
17-cv-04877 *(McDonald v. 3M Co., et al.)*
17-cv-04881 *(Potter v. 3M Co., et al.)*
17-cv-04891 *(Edwards v. 3M Co., et al.)*
17-cv-05052 *(Hanks v. 3M Co., et al.)*
17-cv-05087 *(Morgan v. 3M Co., et al.)*
17-cv-05270 *(Johnston v. 3M Co., et al.)*
17-cv-05277 *(Billings v. 3M Co., et al.)*
17-cv-05323 *(Richey v. 3M Co., et al.)*
17-cv-05370 *(Taplin v. 3M Co., et al.)*
17-cv-05371 *(Bresnock v. 3M Co., et al.)*
17-cv-05477 *(Shepard v. 3M Co., et al.)*
18-cv-00045 *(Swales v. 3M Co., et al.)*
18-cv-00167 *(Shoaf v. 3M Co., et al.)*
18-cv-00240 *(Dixon v. 3M Company)*
18-cv-00424 *(Harris v. 3M Co., et al.)*
18-cv-00460 *(Kilmer v. 3M Co., et al.)*
18-cv-00572 *(Gauthier v. 3M Co., et al.)*
18-cv-00678 *(Tawes v. 3M Company)*
18-cv-00757 *(Homsher v. 3M Co., et al.)*
18-cv-00758 *(Butler v. 3M Co., et al.)*
18-cv-00802 *(Brown v. 3M Co., et al.)*
18-cv-00805 *(Archie v. 3M Co., et al.)*
18-cv-00839 *(Pavia v. 3M Co., et al.)*
18-cv-00840 *(Stidham v. 3M Co., et al.)*
18-cv-00842 *(Wiggins v. 3M Co., et al.)*
18-cv-00855 *(Short v. 3M Co., et al.)*
18-cv-00856 *(Negron v. 3M Co., et al.)*

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' FOURTEENTH
MOTION TO DISMISS FOR FAILURE TO COMPLY WITH
PRETRIAL ORDER NO. 14**

Pursuant to the Court's Pretrial Order No. 14 ("PTO 14"), entered September 27,

2016, Defendants 3M Company and Arizant Healthcare Inc. (collectively, "Defendants")

respectfully move the Court to dismiss the following plaintiffs' cases for failure to comply

with PTO 14:

| Case Number | Plaintiff | Firm Name |
|---|---|---|
| 0:16-cv-02298-JNE-DTS | D'Andrea | Levin, Papantonio, Thomas, Mitchell, Rafferty, Proctor P.A. |
| 0:17-cv-03573-JNE-DTS | Parker | Bernstein Liebhard LLP |
| 0:17-cv-04375-JNE-DTS | Baker | Bernstein Liebhard LLP |
| 0:17-cv-04512-JNE-DTS | Cunningham | Bernstein Liebhard LLP |
| 0:17-cv-04517-JNE-DTS | Henderson | Bernstein Liebhard LLP |
| 0:17-cv-04857-JNE-DTS | Murphy | Bernstein Liebhard LLP |
| 0:17-cv-04877-JNE-DTS | McDonald | Bernstein Liebhard LLP |
| 0:17-cv-04881-JNE-DTS | Potter | Bernstein Liebhard LLP |
| 0:17-cv-04891-JNE-DTS | Edwards | Bernstein Liebhard LLP |
| 0:17-cv-05052-JNE-DTS | Hanks | Brown & Crouppen, P.C. |
| 0:17-cv-05087-JNE-DTS | Morgan | GoldenbergLaw, PLLC |
| 0:17-cv-05270-JNE-DTS | Johnston | Bernstein Liebhard LLP |
| 0:17-cv-05277-JNE-DTS | Billings | Bernstein Liebhard LLP |
| 0:17-cv-05323-JNE-DTS | Richey | Kennedy Hodges, L.L.P. |
| 0:17-cv-05370-JNE-DTS | Taplin | Bernstein Liebhard LLP |
| 0:17-cv-05371-JNE-DTS | Bresnock | Bernstein Liebhard LLP |
| 0:17-cv-05477-JNE-DTS | Shepard | Johnson Becker, PLLC |
| 0:18-cv-00045-JNE-DTS | Swales | Bernstein Liebhard LLP |

| | | |
|---|---|---|
| 0:18-cv-00167-JNE-DTS | Shoaf | The Miller Firm, LLC |
| 0:18-cv-00240-JNE-DTS | Dixon | Levin, Papantonio, Thomas, Mitchell, Rafferty, Proctor P.A. |
| 0:18-cv-00424-JNE-DTS | Harris | Kirtland & Packard, LLP |
| 0:18-cv-00460-JNE-DTS | Kilmer | Kennedy Hodges, L.L.P. |
| 0:18-cv-00572-JNE-DTS | Gauthier | Schlichter, Bogard & Denton, LLP |
| 0:18-cv-00678-JNE-DTS | Tawes | Levin, Papantonio, Thomas, Mitchell, Rafferty, Proctor P.A. |
| 0:18-cv-00757-JNE-DTS | Homsher | Bernstein Liebhard LLP |
| 0:18-cv-00758-JNE-DTS | Butler | Fears Nachawati, PLLC |
| 0:18-cv-00802-JNE-DTS | Brown | The Olinde Firm, LLC |
| 0:18-cv-00805-JNE-DTS | Archie | The Webster Law Firm |
| 0:18-cv-00839-JNE-DTS | Pavia | Fears Nachawati, PLLC |
| 0:18-cv-00840-JNE-DTS | Stidham | Fears Nachawati, PLLC |
| 0:18-cv-00842-JNE-DTS | Wiggins | Fears Nachawati, PLLC |
| 0:18-cv-00855-JNE-DTS | Short | The Law Offices of Travis R. Walker, P.A. |
| 0:18-cv-00856-JNE-DTS | Negron | The Law Offices of Travis R. Walker, P.A. |

As set forth below, there are three (3) categories of cases where plaintiffs have failed to serve a Plaintiff Fact Sheet ("PFS") compliant with the requirements set forth by the Court in PTO 14: (a) cases where no PFS has been served by plaintiff; (b) cases where plaintiff served a PFS with core deficiencies, and failed to cure them or otherwise respond to Defendants' first or second deficiency letter; and (c) cases where plaintiff served a PFS with core deficiencies, and failed to cure them after Defendants' final deficiency letter. Defendants placed the above cases on the agenda for two sequential Court status conferences, and dismissal with prejudice is therefore appropriate under PTO 14, ¶ 8.

## ARGUMENT

The Court's Pretrial Order No. 14, entered September 27, 2016, sets forth the protocol for the form and service of the PFS, signed medical authorization, and supporting documents in cases filed in and transferred to this proceeding.  Under PTO 14, a plaintiff whose case was pending on the date of the order was required to serve a completed and signed PFS, medical authorization, and supporting documents within 90 days of the date of the order. PTO 14, ¶ 2.  For a plaintiff whose case was transferred after the date of the order, the due date for service of these same documents is 90 days after the filing of the plaintiff's complaint or completion of the transfer to this proceeding, whichever is later. *Id*.  All PFSs must be verified by the individual plaintiff under oath.  *See* PTO 14, ¶ 3.

Once a PFS has been served, defendants have four (4) weeks from receipt within which to notify plaintiff's counsel of any core deficiencies to the PFS, "defined as a lack of response to all questions in Section I, Section II, and Section III; Section IV, questions 1, 3, 7, 8, 9, 10; Section V, questions 5, 6, and 7; Section VI, questions 1, 3, 6, 7, 8, and 9; Section VII, questions 1 and 2; Section 8, question 2; Section IX, questions 1, 3, and 4; or lack of signed medical authorizations."  PTO 14, ¶ 4.

If defendants timely serve a letter outlining the deficiencies to the PFS, plaintiff's counsel is required to respond in writing within three (3) weeks of the date of service by: "(1) curing the alleged deficiencies; (2) disputing the alleged deficiencies and setting forth reasons the PFS is not deficient; or (3) explaining why the alleged deficiencies cannot be timely cured."  PTO 14, ¶ 6.

Cases where there are disputes concerning PFS deficiencies requiring the Court's attention may be placed on the Court's status conference agenda. PTO 14, ¶ 7. Should a case appear on the agenda for two (2) sequential status conferences, "Defendants may make a motion for dismissal for failure to comply with this Court's Pretrial Order as to the allegedly delinquent party." PTO 14, ¶ 8.

### A. Cases Where No PFS Has Been Served

In this motion, Defendants seek dismissal of the following ten (10) cases where plaintiffs failed to serve the PFS as required by PTO 14 and, to date, remain delinquent:

| Case Number | Plaintiff | Date Filed | PFS Due Date | Firm Name |
|---|---|---|---|---|
| 0:18-cv-00572-JNE-DTS | Gauthier | 3/01/2018 | 5/31/2018 | Schlichter, Bogard & Denton, LLP |
| 0:18-cv-00757-JNE-DTS | Homsher | 3/20/2018 | 6/18/2018 | Bernstein Liebhard LLP |
| 0:18-cv-00758-JNE-DTS | Butler | 3/20/2018 | 6/18/2018 | Fears Nachawati, PLLC |
| 0:18-cv-00802-JNE-DTS | Brown | 3/23/2018 | 6/21/2018 | The Olinde Firm, LLC |
| 0:18-cv-00805-JNE-DTS | Archie | 3/23/2018 | 6/21/2018 | The Webster Law Firm |
| 0:18-cv-00839-JNE-DTS | Pavia | 3/26/2018 | 6/24/2018 | Fears Nachawati, PLLC |
| 0:18-cv-00840-JNE-DTS | Stidham | 3/26/2018 | 6/24/2018 | Fears Nachawati, PLLC |
| 0:18-cv-00842-JNE-DTS | Wiggins | 3/26/2018 | 6/24/2018 | Fears Nachawati, PLLC |
| 0:18-cv-00855-JNE-DTS | Short | 3/27/2018 | 6/25/2018 | The Law Offices of Travis R. Walker, P.A. |

| 0:18-cv-00856-JNE-DTS | Negron | 3/27/2018 | 6/25/2018 | The Law Offices of Travis R. Walker, P.A. |

**B.  Cases Where a PFS Was Served with Core Deficiencies, and Plaintiff Failed to Cure or Otherwise Respond to Defendants' Deficiency Letter**

Additionally, Defendants are seeking dismissal of the following sixteen (16) cases where: (1) plaintiffs each submitted a PFS that contained core deficiencies, (2) Defendants notified plaintiffs of the core deficiencies,[1] and (3) plaintiffs failed to cure or otherwise respond to the Defendants' first and/or second deficiency letter: [2, 3]

| Case Number | Plaintiff | Deficiency Letter Sent | Firm Name |
|---|---|---|---|
| 0:17-cv-04375-JNE-DTS | Baker | 5/29/2018 | Bernstein Liebhard LLP |
| 0:17-cv-04512-JNE-DTS | Cunningham | 5/29/2018 | Bernstein Liebhard LLP |
| 0:17-cv-04517-JNE-DTS | Henderson[#] | 5/07/2018 | Bernstein Liebhard LLP |

---

[1]*See* Declaration of Benjamin W. Hulse ("Hulse Decl."), Ex. A (Deficiency letters sent to Plaintiffs listed in Part B).

[2] An asterisk next to a plaintiff's name indicates that the Court gave the plaintiff until August 31, 2018 to cure the core deficiencies identified in Defendants' prior Motion to Dismiss for Failure to Comply with PTO 14.  *See* Order, Dkt. No. 1431.  The Court expressly warned that if these cases were not cured by the 31st, "the Court will grant the motion to dismiss these Plaintiffs with prejudice."  *Id.* at 3.  Because each of these plaintiffs failed to timely cure the core deficiencies, their cases are ripe for dismissal.  *See Id*; *see also* Addendum 1 (outlining remaining core deficiencies in the most-recent PFS as of the August 31st deadline).

[3] An octothorpe next to a plaintiff's name indicates that plaintiff's counsel agreed to cure specifically-identified core deficiencies before the filing of the instant Motion.  *See* Hulse Decl., Ex. B (August 8 and 9, 2018 emails between the parties setting forth the agreement). In exchange for this agreement, Defendants withdrew their prior Motion to Dismiss for Failure to Comply with PTO 14 as to these cases.  *Id.*  Because each of these plaintiffs failed to cure the core deficiencies, their cases are ripe for dismissal.  *See id*; *see also* PTO 14, ¶ 8.

6

| 0:17-cv-04857-JNE-DTS | Murphy | 5/29/2018 | Bernstein Liebhard LLP |
| 0:17-cv-04877-JNE-DTS | McDonald | 5/29/2018 | Bernstein Liebhard LLP |
| 0:17-cv-04881-JNE-DTS | Potter* | 5/07/2018 | Bernstein Liebhard LLP |
| 0:17-cv-04891-JNE-DTS | Edwards[#] | 4/17/2018 | Bernstein Liebhard LLP |
| 0:17-cv-05270-JNE-DTS | Johnston[#] | 4/17/2018 | Bernstein Liebhard LLP |
| 0:17-cv-05277-JNE-DTS | Billings[#] | 4/17/2018 | Bernstein Liebhard LLP |
| 0:17-cv-05323-JNE-DTS | Richey[4] | 4/16/2018 | Kennedy Hodges, L.L.P. |
| 0:17-cv-05370-JNE-DTS | Taplin* | 5/07/2018 | Bernstein Liebhard LLP |
| 0:17-cv-05371-JNE-DTS | Bresnock* | 5/07/2018 | Bernstein Liebhard LLP |
| 0:17-cv-05477-JNE-DTS | Shepard | 5/24/2018 | Johnson Becker, PLLC |
| 0:18-cv-00045-JNE-DTS | Swales* | 5/07/2018 | Bernstein Liebhard LLP |
| 0:18-cv-00167-JNE-DTS | Shoaf | 6/4/2018 | The Miller Firm, LLC |
| 0:18-cv-00460-JNE-DTS | Kilmer | 6/11/2018 | Kennedy Hodges, L.L.P. |

To comply with PTO 14, each plaintiff was required to respond to Defendants' deficiency letter by either curing or disputing the deficiencies, or explaining why the deficiencies could not be cured. *See* PTO 14, ¶ 6. Plaintiffs above failed to respond to Defendants' deficiency letters, and numerous core deficiencies remain uncured. *See attached* Addendum 1 (outlining PFS core deficiencies for each plaintiff in Part B).

---

[4] Defendants moved for dismissal of this matter in their previous two Motions to Dismiss for Failure to Comply with PTO 14. The Court reserved decision on this matter until the September status conference. *See* Dkt. No. 1431. Because Plaintiff has still failed to cure the core deficiencies, this case is now ripe for dismissal.

### C.  Cases Where a PFS Was Served with Core Deficiencies, and Plaintiff Failed to Cure Following Defendants' Final Deficiency Letter

Lastly, Defendants are seeking dismissal of the following seven (7) cases where plaintiffs were served a final deficiency notice in response to a PFS or amended PFS and failed to cure the core deficiencies identified in Defendants' final deficiency letters.[5]

| Case Number | Plaintiff | Third Deficiency Letter Sent | Firm Name |
|---|---|---|---|
| 0:16-cv-02298-JNE-DTS | D'Andrea[6] | 7/10/2018 | Levin, Papantonio, Thomas, Mitchell, Rafferty, Proctor P.A. |
| 0:17-cv-03573-JNE-DTS | Parker[#] | 5/07/2018 | Bernstein Liebhard LLP |
| 0:17-cv-05052-JNE-DTS | Hanks | 6/06/2018 | Brown & Crouppen, P.C. |
| 0:17-cv-05087-JNE-DTS | Morgan | 6/11/2018 | GoldenbergLaw, PLLC |
| 0:18-cv-00240-JNE-DTS | Dixon | 6/04/2018 | Levin, Papantonio, Thomas, Mitchell, Rafferty, Proctor P.A. |
| 0:18-cv-00424-JNE-DTS | Harris | 6/12/2018 | Kirtland & Packard, LLP |
| 0:18-cv-00678-JNE-DTS | Tawes | 6/06/2018 | Levin, Papantonio, Thomas, Mitchell, Rafferty, Proctor P.A. |

Defendants sent each plaintiff above a final deficiency letter providing notice of the outstanding core deficiencies in his or her PFS, and to date the core deficiencies have not

---

[5]*See* Hulse Decl., Ex. C (Final Deficiency Letters Sent to Plaintiffs Listed in Part C).

[6] Plaintiff's counsel objected that Defendants' amended deficiency notice for this matter was untimely, but did not challenge Defendants' assertion that the PFS contained core deficiencies.  Plaintiff has had ample opportunity to address these deficiencies after responding the the deficiency notice, as Defendants have since placed this case on the Court's agenda for two consecutive months.  *See* Sec. D, *infra.*

be cured.  *See attached* Addendum 2 (outlining uncured core deficiencies remaining for each plaintiff in Part C).  Now that several months have passed since the Defendants' final deficiency letters were sent, it is appropriate to seek dismissal of these cases.

### D.  All Cases Were on the Agenda for Two (2) Sequential Status Conferences

Defendants placed before the Court the cases set forth above in Parts A, B, and C, for two sequential Court status conferences – the first on July 19, 2018, and the second on August 16, 2018.[7]  Consistent with the Court's recent orders dismissing with prejudice several plaintiffs' cases for failure to comply with PTO 14, the above cases are ripe for dismissal with prejudice under PTO 14, ¶ 8.

### E.  The Court Should Dismiss Plaintiffs' Cases with Prejudice

The Court's authority to dismiss these cases with prejudice is beyond question, and indeed was exercised by the Court recently in its orders entered January 19, 2018 [Dkt. No. 1060], February 15, 2018 [Dkt. No. 1100], March 12, 2018 [Dkt. No. 1167], May 1, 2018 [Dkt. No. 1237], May 22, 2018 [Dkt. No. 1257], June 20, 2018 [Dkt. No. 1298], July 24, 2018 [Dkt. No. 1376], and August 20, 2018 [Dkt. No. 1431] (dismissing with prejudice multiple plaintiffs' cases for failure to comply with PTO 14).  The Court has made clear that "[e]ven for failures to respond, noncompliance with a court order can 'constitute[] a pattern of intentional delay meriting dismissal with prejudice' under Rule 41(b)."  *See* Order, (Dkt. No. 862), at 2 (internal citation omitted).  The Court further explained that

---

[7] *See* Hulse Decl., Ex. D (July 13, 2018 email from M. Young to Court attaching Defendants' July PFS Lists 1, 2, and 3) and Ex. E (August 10, 2018 email from M. Young to Court attaching Defendants' August PFS Lists 1, 2, and 3).

PTO 14 required plaintiffs to respond to requests for information in the PFS in lieu of discovery, provided plaintiffs with the opportunity to cure any deficiencies, and "warned expressly of dismissal" should plaintiffs fail to comply. *Id.* Plaintiffs also were warned through the Court's prior orders dismissing with prejudice cases for failure to comply with PTO 14. *Id.* Accordingly, "if PTO 14's opportunity to cure has run, a plaintiff's continued noncompliance is a pattern of intentional delay" warranting dismissal with prejudice. *Id.*

Plaintiffs identified above have failed to comply with PTO 14 by either failing to submit the required PFS (Part A cases), providing no response to Defendants' deficiency letters (Part B cases), or failing to cure deficiencies after service of Defendants' final deficiency letter (Part C cases). Because all the cases identified above in Parts A, B, and C were listed on at least two sequential status conference agendas, "the opportunity to cure has run." Accordingly, dismissal of these cases with prejudice is proper and appropriate.

## <u>CONCLUSION</u>

For the foregoing reasons, Defendants respectfully request that the Court dismiss with prejudice the following cases:

| Case Number | Plaintiff | Firm Name |
|---|---|---|
| 0:16-cv-02298-JNE-DTS | D'Andrea | Levin, Papantonio, Thomas, Mitchell, Rafferty, Proctor P.A. |
| 0:17-cv-03573-JNE-DTS | Parker | Bernstein Liebhard LLP |
| 0:17-cv-04375-JNE-DTS | Baker | Bernstein Liebhard LLP |
| 0:17-cv-04512-JNE-DTS | Cunningham | Bernstein Liebhard LLP |
| 0:17-cv-04517-JNE-DTS | Henderson | Bernstein Liebhard LLP |
| 0:17-cv-04857-JNE-DTS | Murphy | Bernstein Liebhard LLP |
| 0:17-cv-04877-JNE-DTS | McDonald | Bernstein Liebhard LLP |

| 0:17-cv-04881-JNE-DTS | Potter | Bernstein Liebhard LLP |
|---|---|---|
| 0:17-cv-04891-JNE-DTS | Edwards | Bernstein Liebhard LLP |
| 0:17-cv-05052-JNE-DTS | Hanks | Brown & Crouppen, P.C. |
| 0:17-cv-05087-JNE-DTS | Morgan | GoldenbergLaw, PLLC |
| 0:17-cv-05270-JNE-DTS | Johnston | Bernstein Liebhard LLP |
| 0:17-cv-05277-JNE-DTS | Billings | Bernstein Liebhard LLP |
| 0:17-cv-05323-JNE-DTS | Richey | Kennedy Hodges, L.L.P. |
| 0:17-cv-05370-JNE-DTS | Taplin | Bernstein Liebhard LLP |
| 0:17-cv-05371-JNE-DTS | Bresnock | Bernstein Liebhard LLP |
| 0:17-cv-05477-JNE-DTS | Shepard | Johnson Becker, PLLC |
| 0:18-cv-00045-JNE-DTS | Swales | Bernstein Liebhard LLP |
| 0:18-cv-00167-JNE-DTS | Shoaf | The Miller Firm, LLC |
| 0:18-cv-00240-JNE-DTS | Dixon | Levin, Papantonio, Thomas, Mitchell, Rafferty, Proctor P.A. |
| 0:18-cv-00424-JNE-DTS | Harris | Kirtland & Packard, LLP |
| 0:18-cv-00460-JNE-DTS | Kilmer | Kennedy Hodges, L.L.P. |
| 0:18-cv-00572-JNE-DTS | Gauthier | Schlichter, Bogard & Denton, LLP |
| 0:18-cv-00678-JNE-DTS | Tawes | Levin, Papantonio, Thomas, Mitchell, Rafferty, Proctor P.A. |
| 0:18-cv-00757-JNE-DTS | Homsher | Bernstein Liebhard LLP |
| 0:18-cv-00758-JNE-DTS | Butler | Fears Nachawati, PLLC |
| 0:18-cv-00802-JNE-DTS | Brown | The Olinde Firm, LLC |
| 0:18-cv-00805-JNE-DTS | Archie | The Webster Law Firm |
| 0:18-cv-00839-JNE-DTS | Pavia | Fears Nachawati, PLLC |
| 0:18-cv-00840-JNE-DTS | Stidham | Fears Nachawati, PLLC |
| 0:18-cv-00842-JNE-DTS | Wiggins | Fears Nachawati, PLLC |
| 0:18-cv-00855-JNE-DTS | Short | The Law Offices of Travis R. Walker, P.A. |
| 0:18-cv-00856-JNE-DTS | Negron | The Law Offices of Travis R. Walker, P.A. |

Dated: September 6, 2018

Respectfully submitted,

*s/Benjamin W. Hulse*
Jerry W. Blackwell (MN #186867)
Benjamin W. Hulse (MN #0390952)
Mary S. Young (MN #0392781)
BLACKWELL BURKE P.A.
431 South Seventh Street, Suite 2500
Minneapolis, MN 55415
Phone: (612) 343-3200
Fax: (612) 343-3205
Email: blackwell@blackwellburke.com
         bhulse@blackwellburke.com
         myoung@blackwellburke.com


Bridget M. Ahmann (MN #016611x)
FAEGRE BAKER DANIELS LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
Phone: (612) 766-7000
Email: bridget.ahmann@faegrebd.com

***Counsel for Defendants 3M Company
and Arizant Healthcare Inc.***

12

**Addendum 1**

**Uncured PFS Core Deficiencies for Cases Listed in Part B**

| Plaintiff/Case Number | Deficiency Letter Sent | Uncured PFS Core Deficiencies | Firm Name |
|---|---|---|---|
| Baker, David 0:17-cv-04375 | 5/29/2018 | **Section IV (General Medical Information)** Part 8: No response to prior dental visits. Part 9: Indicates tobacco use but responds "varies" to years smoking. **Section VI (Current Claim Information)** Part 1: Indicates having suffered physical/bodily injury related to use of Bair Hugger, but responds "Plaintiff does not recall" to date learned of injury. | Bernstein Liebhard LLP |
| Cunningham, Mary 0:17-cv-04512 | 5/29/2018 | **Section II (Personal Information)** Part 2: Driver's license number provided, but no response to state of issue. **Section III (Surgery Information)** Part 1: Indicates Bair Hugger use, but responds "Plaintiff does not recall" to date of discovery of information. **Section V (Insurance/Claim Information)** Part 4: Indicates prior disability claim, but no response to whether claim was denied. **Section VI (Current Claim Information)** Part 1: Indicates having suffered physical/bodily injury related to use of | Bernstein Liebhard LLP |

| | | Bair Hugger, but responds "Plaintiff does not recall" to date learned of injury. | |
|---|---|---|---|
| Henderson, Stephanie 0:17-cv-04517 | 5/07/2018 | **Section II (Personal Information)** Part 10: Provides employer for last ten years, but does not indicate an address for employer or a date when she stopped working.<br><br>**Section VI (Current Claim Information)** Part 3: Indicates damages related to emotional distress/psychological injuries, but does not provide date of onset.<br><br>**Section VII (Economic Damages)** Part 1:  Indicates a claim for lost past wages but responds "11/23/2009" to time lost from work and states "Plaintiff is continuing to gather the requested information" for approximate income lost. | Bernstein Liebhard LLP |
| Murphy, Bennie 0:17-cv-04857 | 5/29/2018 | **Section III (Surgery Information)** Part 1: Indicates having information that the Bair Hugger system was used based on medical records, but does not provide a date on which the information was discovered by Plaintiff (responds only "Plaintiff does not recall")<br><br>**Section IV (General Medical Information)** Part 3: Provides healthcare providers seven (7) years prior to surgery, but does not provide a start date of treatment for all providers.<br><br>**Section VI (Current Claim Information)** Part 1: Indicates having suffered physical/bodily injury related to use of | Bernstein Liebhard LLP |

| | | Bair Hugger, but responds "Plaintiff does not recall" to date learned of injury.<br><br>**Section VII (Economic Damages)**<br>Part 1:  Indicates a claim for loss of past wages/income, but states "Plaintiff does not recall" for amount of loss and amount of earned income beginning 3 years prior to injury.<br>Part 2:  Indicates a claim for loss of future wages/income but does not provide amount of claimed loss . | |
|---|---|---|---|
| McDonald, Ethel<br>0:17-cv-04877 | 5/29/2018 | **Section IV (General Medical Information)**<br>Part 7: Provides pharmacies used, but does not provide pharmacy phone numbers.<br><br>**Section VI (Current Claim Information)**<br>Part 1: Indicates having suffered physical/bodily injury related to use of Bair Hugger, but responds "Plaintiff does not recall" to date learned of injury. | Bernstein<br>Liebhard<br>LLP |
| Potter, Karen<br>0:17-04881 | 5/07/2018 | **Section VI (Current Claim Information)**<br>Part 1: Indicates prior injury related to Bair Hugger, and provides current symptoms, and lost activities, but does not respond to other harm. | Bernstein<br>Liebhard<br>LLP |
| Edwards, Renate<br>0:17-cv-04891 | 4/17/2018 | **Section IV (General Medical Information)**<br>Part 7: Provides pharmacies used, but does not provide dates of use for pharmacies.<br><br>**Section VI (Current Claim Information)**<br>Part 3: Indicates damages related to emotional distress/psychological | Bernstein<br>Liebhard<br>LLP |

| | | | |
|---|---|---|---|
| | | injuries, but does not provide date of onset. | |
| Johnston, Todd<br>0:17-cv-05270 | 4/17/2018 | **Section III (Surgery Information)**<br>Part 1: Indicates having information that the Bair Hugger system was used based on medical records, but does not provide a date on which the information was discovered by Plaintiff (responds only "Plaintiff does not recall") | Bernstein Liebhard LLP |
| Billings, Willard<br>0:17-cv-05277 | 4/17/2018 | **Section III (Surgery Information)**<br>Part 1: Indicates having information that the Bair Hugger system was used based on medical records, but does not provide a date on which the information was discovered by Plaintiff (responds only "Plaintiff does not recall")<br><br>**Section VI (Current Claim Information)**<br>Part 3: Indicates damages related to emotional distress/psychological injuries, but does not provide date of onset. | Bernstein Liebhard LLP |
| Richey, Priscilla<br>0:17-cv-05323 | 4/16/2018 | **Section II (Personal Information)**<br>Part 1: Name, address, and SSN provided, but no response to length of time at present address, other names used, and persons living with plaintiff at time of events at issue.<br>Part 2: No response to driver's license number and state of issue.<br>Part 3: Date of birth provided but not place of birth.<br>Part 5: No response to Medicare HICN number.<br>Part 6: No response to residences for the last 10 years.<br>Part 8: No response to having children.<br>Part 9: No response to educational background.<br>Part 10: No response to employers for last 10 years. | Kennedy Hodges, L.L.P. |

Part 11: No response to prior military service.
Part 12: No response to rejection for military service due to medical/physical conditions.
Part 13: No response to convictions in the last 10 years
Part 14: No response to visiting websites regarding patient warming systems.
Part 15: No response to internet postings concerning Defendants.
Part 16: No response to possession of drawings journals, slides, notes, letters or emails.

**Section III (Surgery Information)**
Part 3: Hospital name, surgery date/location/ physician, type of surgery, reason for surgery, infections prior to surgery, persons with whom plaintiff discussed risks of surgery, medical conditions at time of surgery, and cause of infection provided, but no response to height/weight at time of surgery.

**Section IV (General Medical Information)**
Part 1: No response to current or last height/weight.
Part 7: No response to pharmacies used.
Part 8: No response to prior dental visits.
Part 9: No response to use of tobacco.
Part 10: No response to treatment for drugs/alcohol.

**Section V (Insurance/Claim Information)**
Part 4: No response to prior disability claims.
Part 5: No response to prior lawsuits.
Part 6: No response to prior bankruptcies.

| | | | |
|---|---|---|---|
| | | **Section VI (Current Claim Information)**<br>Part 6: No response regarding Bair Hugger warnings.<br>Part 7: No response regarding 3M/Arizant communications regarding surgery/Bair Hugger.<br>Part 8: No response regarding 3M/Arizant communication regarding Bair Hugger warranty.<br><br>**Section VII (Economic Damages)**<br>Part 1:  No response to claim for loss of past wages/income.<br>Part 2:  No response to claim for loss of future wages/income.<br><br>**Section VIII (Persons With Knowledge)**<br>Part 2: No response to persons providing facts/circumstances relating this lawsuit.<br><br>**Section IX (Loss of Consortium)**<br>No response to any question<br><br>**Medical Authorization:** Not provided.<br>**Verification:** Not provided | |
| Taplin, Janice<br>0:17-cv-05370 | 5/07/2018 | **Section IV (General Medical Information)**<br>Part 8: Responds only "Plaintiff does not recall" to prior dental visits.<br><br>**Section VI (Current Claim Information)**<br>Part 1: Indicates prior injury related to Bair Hugger, and provides current symptoms, and lost activities, but does not respond to other harm. | Bernstein Liebhard LLP |
| Bresnock, Anne<br>0:17-cv-5371 | 5/07/2018 | **Section VII (Economic Damages)**<br>Part 2:  Indicates claim for loss of future wages/income, but states "Not | Bernstein Liebhard LLP |

| | | | |
|---|---|---|---|
| | | applicable" for approximate amount lost and offers no basis for calculation (responds by stating that Plaintiff *is not* seeking a claim for lost future wages, but may amend to add that claim in the future). | |
| Shepard, Andrew 0:17-cv-05477 | 5/24/2018 | **Section II (Personal Information)**<br>Part 5: No response to Medicare HICN number.<br>Part 8: No response to having children.<br>Part 10: Provides employers for last 10 years, but does not provide employer addresses.<br><br>**Section III (Surgery Information)**<br>Part 1: Indicates having information that the Bair Hugger system was used based on medical records, but does not provide a date on which the information was discovered by Plaintiff (responds only "when my attorneys went through my medical records")<br>Part 3: Hospital name, surgery date/location/ physician, type of surgery, reason for surgery, infections prior to surgery, persons with whom plaintiff discussed risks of surgery, and height/weight at time of surgery and medical conditions at time of surgery provided, but no response to type of microbe for one surgery.<br><br>**Section IV (General Medical Information)**<br>Part 7: Identifies pharmacies used, but no response to dates of use.<br>Part 8: No response to prior dental visits.<br><br>**Section VI (Current Claim Information)**<br>Part 3: Indicates damages related to emotional distress/psychological | Johnson Becker, PLLC |

| | | injuries, but does not provide date of onset.<br><br>**Section VII (Economic Damages)**<br>Part 1:  Indicates claim for loss of past wages/income, but does not response to amount of income lost, and only provides past income for a single year. | |
|---|---|---|---|
| Swales, Bertha<br>0:18-cv-00045 | 5/07/2018 | **Section VI (Current Claim Information)**<br>Part 1: Indicates prior injury related to Bair Hugger, and provides current symptoms, and lost activities, but does not respond to other harm. | Bernstein Liebhard LLP |
| Shoaf, Phillip<br>0:18-cv-00167 | 6/04/2018 | **Section II (Personal Information)**<br>Part 10: Provides employers for last 10 years, but does not provide full addresses for all employers.<br><br>**Section III (Surgery Information)**<br>Part 1: Indicates no evidence of Bair Hugger use.<br>Part 3: Hospital name, surgery date/location/ physician, type of surgery, reason for surgery, persons with whom plaintiff discussed risks of surgery, height/weight at time of surgery, and medical conditions at time of surgery provided, but responded "do not recall" to infections prior to surgery, and "no" to microbe causing infection.<br><br>**Section IV (General Medical Information)**<br>Part 3: Responded "N/A" to healthcare providers seven (7) years prior to surgery.<br>Part 9: Indicates use of tobacco but no response to Other description of tobacco use. | The Miller Firm, LLC |

| | | **Section VIII (Persons With Knowledge)**<br>Part 2: No response to persons providing facts/circumstances relating this lawsuit.<br><br>**Verification:**  Invalid verification provided. Plaintiff re-used verification from the original PFS. | |
|---|---|---|---|
| Kilmer, David<br>0:18-cv-00460 | 6/11/2018 | **Verification:**  Invalid verification provided. Plaintiff's verification was executed prior to the filing of the Plaintiff's complaint. | Kennedy Hodges, L.L.P. |

**Addendum 2**

**Uncured PFS Core Deficiencies for Cases Listed in Part C**

| Plaintiff/Case Number | Final Deficiency Letter Sent | Uncured PFS Core Deficiencies | Firm Name |
|---|---|---|---|
| D'Andrea, Mario 0:16-cv-02298 | 7/10/2018 | **Section II (Personal Information)** Part 7: Indicates being married, but no response for Spouse's DOB or date marriage began.<br><br>**Section III (Surgery Information)** Part 1: Indicates evidence of Bair Hugger use but responds only "unknown at this time" for when the information was discovered.<br><br>**Section IV (General Medical Information)** Part 7: Responds only "unknown at this time; discovery is ongoing" for pharmacies used. Part 8: No response to prior dental visits.<br><br>**Section V (Insurance/Claim Information)** Part 5: No response to prior lawsuits.<br><br>**Verification:** No supplemental verification provided for the amended PFS. | Levin, Papantonio, Thomas, Mitchell, Rafferty, Proctor P.A. |
| Parker, Lloyd 0:17-cv-03573 | 5/07/2018 | **Section II (Personal Information)** Part 14: Indicates visiting websites regarding patient warming systems, but does not provide information regarding the websites visited (responds only "Plaintiff does not recall") | Bernstein Liebhard LLP |

| Hanks, Julie 0:17-cv-05052 | 6/06/2018 | **Section I (Case Information)** Part 4: No response to any question regarding legal representative. **Section II (Personal Information)** Part 1: Name provided, but no response to other names used, address, SSN, length of time at present address and persons living with plaintiff at time of events at issue. Part 2: No response to driver's license number and state of issue. Part 3: No response to date or place of birth. Part 5: No response to Medicare HICN number. Part 6: No response to residences for the last 10 years. Part 8: No response to having children. Part 9: No response to educational background. Part 10: No response to employers for last 10 years. Part 11: No response to prior military service. Part 12: No response to rejection for military service due to medical/physical conditions. Part 13: No response to convictions in the last 10 years Part 14: No response to visiting websites regarding patient warming systems. Part 15: No response to internet postings concerning Defendants. Part 16: No response to possession of drawings journals, slides, notes, letters or emails. **Section III (Surgery Information)** Part 1: No response to evidence of Bair Hugger use. | Brown & Crouppen, P.C. |

| | | | |
|---|---|---|---|
| | | Part 2: No response to use of laminar air flow system during surgery.<br>Part 3: Hospital name, surgery date/location/ physician, type of surgery, reason for surgery, infections prior to surgery, persons with whom plaintiff discussed risks of surgery, and cause of infection provided, but no response to height/weight at time of surgery and medical conditions at time of surgery.<br>Part 4: No response to opinions on causation.<br>Part 5: No response to tests or inspections of Bair Hugger.<br><br>**Section IV (General Medical Information)**<br>Part 1: No response to current or last height/weight.<br>Part 3: No response to healthcare providers seven (7) years prior to surgery.<br>Part 7: No response to pharmacies used.<br>Part 8: No response to prior dental visits.<br>Part 9: No response to use of tobacco.<br>Part 10: No response to treatment for drugs/alcohol.<br><br>**Section V (Insurance/Claim Information)**<br>Part 4: No response to prior disability claims.<br>Part 5: No response to prior lawsuits.<br>Part 6: No response to prior bankruptcies.<br><br>**Section VI (Current Claim Information)** | |

| | | | |
|---|---|---|---|
| | | Part 1: No response to having suffered physical/bodily injury related to use of Bair Hugger.<br>Part 3: No response to damages related to emotional distress/psychological injuries.<br>Part 6: No response regarding Bair Hugger warnings.<br>Part 7: No response regarding 3M/Arizant communications regarding surgery/Bair Hugger.<br>Part 8: No response regarding 3M/Arizant communication regarding Bair Hugger warranty.<br>Part 9: No response to contacts with Augustine Temperature Management.<br><br>**Section VII (Economic Damages)**<br>Part 1:  No response to claim for loss of past wages/income.<br>Part 2:  No response to claim for loss of future wages/income.<br><br>**Section VIII (Persons With Knowledge)**<br>Part 2: No response to persons providing facts/circumstances relating this lawsuit.<br><br>**Section IX (Loss of Consortium)**<br>No response to any question<br><br>**Medical Authorization:** Not provided.<br>**Verification:** Not provided | |
| Morgan, Travis<br>0:17-cv-05087 | 6/11/2018 | **Section I (Case Information)**<br>Part 1: No response to person filling out form.<br>Part 4: No response to any question regarding representative information.<br><br>**Section II (Personal Information)** | GoldenbergLaw, PLLC |

Part 1: Name, address, length of time at present address and SSN provided, but no response to other names used, and persons living with plaintiff at time of events at issue.
Part 2: No response to driver's license number and state of issue.
Part 5: No response to Medicare HICN number.
Part 6: No response to residences for the last 10 years.
Part 7: Indicates being married, but no response to Spouse's DOB, dates of marriage, or how marriage ended.
Part 8: No response to having children.
Part 9: No response to educational background.
Part 10: No response to employers for last 10 years.
Part 11: Indicates prior military service, but no response to branches, dates of service, or medical discharge.
Part 12: No response to rejection for military service due to medical/physical conditions.
Part 13: No response to convictions in the last 10 years
Part 14: No response to visiting websites regarding patient warming systems.
Part 15: No response to internet postings concerning Defendants.
Part 16: No response to possession of drawings journals, slides, notes, letters or emails.

**Section III (Surgery Information)**
Part 3: Hospital name, surgery date/location/ physician, type of surgery, reason for surgery, and height/weight at time of surgery,  but no response to infections prior to

surgery, persons with whom plaintiff
discussed risks of surgery, cause of
infection provided, and medical
conditions at time of surgery.
Part 4: No response to opinions on
causation.
Part 5: No response to tests or
inspections of Bair Hugger.

**<u>Section IV (General Medical
Information)</u>**
Part 1: No response to current or last
height/weight.
Part 3: No response to healthcare
providers seven (7) years prior to
surgery.
Part 7: No response to pharmacies
used.
Part 8: No response to prior dental
visits.
Part 9: No response to use of tobacco.
Part 10: No response to treatment for
drugs/alcohol.

**<u>Section V (Insurance/Claim
Information)</u>**
Part 4: No response to prior disability
claims.
Part 5: No response to prior lawsuits.
Part 6: No response to prior
bankruptcies.

**<u>Section VI (Current Claim
Information)</u>**
Part 1: No response to having suffered
physical/bodily injury related to use of
Bair Hugger.
Part 3: No response to damages
related to emotional
distress/psychological injuries.
Part 6: No response regarding Bair
Hugger warnings.

| | | | |
|---|---|---|---|
| | | Part 7: No response regarding 3M/Arizant communications regarding surgery/Bair Hugger.<br>Part 8: No response regarding 3M/Arizant communication regarding Bair Hugger warranty.<br>Part 9: No response to contacts with Augustine Temperature Management.<br><br>**Section VII (Economic Damages)**<br>Part 1:  No response to claim for loss of past wages/income.<br>Part 2:  No response to claim for loss of future wages/income.<br><br>**Section VIII (Persons With Knowledge)**<br>Part 2: No response to persons providing facts/circumstances relating this lawsuit.<br><br>**Section IX (Loss of Consortium)**<br>No response to any question<br><br>**Medical Authorization:** Not provided.<br>**Verification:** Not provided | |
| Dixon, Michael<br>0:18-cv-00240 | 6/04/2018 | **Section III (Surgery Information)**<br>Part 1: Indicates evidence of Bair Hugger use, but responds "I do not recall but reserve my right to refresh my memory" for date that information was discovered. | Levin, Papantonio, Thomas, Mitchell, Rafferty, Proctor P.A. |
| Harris, Lola<br>0:18-cv-00424 | 6/12/2018 | **Verification:**  Invalid verification provided. Plaintiff re-used verification from prior PFS submission. | Kirtland & Packard, LLP |
| Tawes, George<br>0:18-cv-00678 | 6/06/2018 | **Section III (Surgery Information)**<br>Part 1: Indicates evidence of Bair Hugger use, but responds "I do not recall but reserve my right to refresh my memory" for date that information was discovered. | Levin, Papantonio, Thomas, Mitchell, Rafferty, Proctor P.A. |