UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: Bair Hugger Forced Air Warming Products Liability Litigation _____ This Document Relates To: *Williams,* 17-cv-0264-JNE-FLN *Kriner,* 16-cv-0169-JNE-FLN *Larrison*, 18-cv-0609-JNE-FLN *O'Conner*, 17-cv-1317-JNE-FLN | MDL No. 15-2666 (JNE/FLN) **MEMORANDUM IN SUPPORT OF DEFENDANTS' THIRD MOTION TO DISMISS FOR FAILURE TO COMPLY WITH PRETRIAL ORDER NO. 23 AND/OR FED. R. CIV. P. 25(a) AND 41(b)** |

Pursuant to Pretrial Order No. 23 ("PTO 23") and Fed. R. Civ. P. 25(a) and 41(b) Defendants 3M Company and Arizant Healthcare Inc. (collectively, "Defendants") move to dismiss all the following cases with prejudice:

| Case Number | Title | Firm Name |
|---|---|---|
| 17-cv-0264-JNE-FLN | *Williams v. 3M Co., et al.* | The Law Offices of Travis R. Walker, P.A. |
| 16-cv-0169-JNE-FLN | *Kriner v. 3M Co., et al.* | The Olinde Firm |
| 18-cv-0609-JNE-FLN | *Larrison v. 3M Co., et al.* | Davis & Crump, P.C. |
| 17-cv-1317-JNE-FLN | *O'Conner v. 3M Co., et al.* | Levin, Papantonio, Thomas, Mitchell, Rafferty, & Proctor, P.A. |

Plaintiffs in each of these cases failed to comply with the deadlines established by Pretrial Order No. 23 and failed to prosecute their claims under Federal Rule of Civil Procedure 41(b). Certain plaintiffs also failed to comply with Federal Rule of Civil Procedure 25, or (in the case of *Kriner*) failed to comply with the Magistrate Judge's order. Defendants

therefore are entitled to seek dismissal of these plaintiffs with prejudice, as confirmed in the Court's recent Order on Defendants' previous motion to dismiss for failure to comply with PTO 23.  *See* Order, ECF No. 1440 ("The Court therefore dismisses this action with prejudice for failure to comply with PTO 23 and for failure to prosecute under Rule 41(b)."); PTO 23(E) ("Plaintiff's failure to comply with provisions A, B or C of this Order will entitle Defendants to request a dismissal of plaintiff's action with prejudice in accordance with Fed. R. Civ. P. 25(a)").

## ARGUMENT

PTO 23 sets forth the procedure for filing suggestions of death and motions for substitution for plaintiffs who die while their actions are pending in the MDL.  Paragraph A of PTO 23 provides that a suggestion of death must be filed within ninety (90) days of (i) the entry of PTO 23 on January 8, 2018, or (ii) the plaintiff's death, whichever is later. *See* PTO 23(A).  In addition, Federal Rule of Civil Procedure 25(a) and paragraph (B) of PTO 23 require a proposed substitute plaintiff to move for substitution within ninety (90) days of the filing of a suggestion of death.  Furthermore, Federal Rule of Civil Procedure 41(b) provides for dismissal of a case where "plaintiff fails to prosecute or to comply with these rules or a court order. . ."

**A.    Cases Where a Suggestion of Death Was Not Timely Filed.**

In the cases below, a suggestion of death was not filed within the time prescribed by PTO 23(A):

| Plaintiff | Case Number | Date of Death | Suggestion of Death Due/Filed | Comments |
|---|---|---|---|---|
| O'Conner, Michael | 17-cv-1317 | 5/12/2018 | Due 8/10/2018. Filed 8/16/2018. | Filed 6 days late. |
| Larrison, Terry | 18-cv-0609 | 4/11/2018 | Due 7/10/2018. Filed 7/20/2018. | Filed 10 days late. |

Under PTO 23, the filing of a suggestion of death within 90 days is mandatory. *See* PTO 23(A). The Plaintiffs above have not sought an extension, much less made a showing of good cause to warrant an extension. *See* PTO 23(E); *Kaubisch v. Weber*, 408 F.3d 540, 542 (8th Cir. 2005) (affirming dismissal of case where motion to substitute was filed late without a valid excuse). As such, dismissal with prejudice is appropriate for *O'Conner* and *Larrison*.

At the August 16, 2018 hearing for the dismissal of similar cases where plaintiffs missed the deadlines to file suggestions of death, this Court reiterated that these deadlines are mandatory:

> THE COURT: Part of the purpose of issuing PTO 23 was to make sure that plaintiff kept in sufficient contact with counsel, that we had a reasonably accurate sense of who was alive and who was dead and what cases we had. If I remember correctly, there was a request by the defendants that the suggestion of death happen within 30 days. Plaintiffs said that's not really enough. It made sense to me, so we made it 90, but that was all the result of hearing and compromising. That's how we came up with the 90, was because it is not sufficient to sit back and wait to find out whether people have died, but that it does require keeping in contact with the plaintiffs to find out whether they are alive or dead.
> . . .
> THE COURT: And the compromise that was made was to have the 90-day filing. And so if the 90 day comes and goes and we say, well, never mind, then we are saying PTO 23 is –

> MR. HULSE: Advisory.
>
> THE COURT: That's not the word I was looking for. I was looking for like abrogated without briefing.

8/16/18 Status Conf. Tr. at 67:8-68:7 (emphasis added). Following the hearing, this Court issued an Order dismissing three cases with prejudice for failure to comply with PTO 23, including one case in which plaintiff filed a late suggestion of death. Order, ECF No. 1440; *see also* Fed. R. Civ. P. 41(b). Both *O'Conner* and *Larrison* should therefore be dismissed with prejudice.

### B. Cases Where the Proposed Substitute Plaintiffs Failed to File a Timely Motion for Substitution.

Additionally, in the two cases below, a suggestion of death was filed, but the proposed substitute plaintiffs failed to file a timely motion for substitution as required by PTO 23(b) and Fed. R. Civ. P. 25(a):

| Plaintiff | Case Number | Date of Death | Suggestion of Death Filed | Motion to Substitute Due |
|---|---|---|---|---|
| **Kriner, Floyd** | 16-v-00169 | 11/23/2016 | 3/22/2018 | Due 8/24/2018. No motion has been filed. |
| **Williams, Millard** | 17-cv-0264 | 2/7/2018 | 5/1/2018 | Due 7/30/2018. Motion filed 9/6/2018. |

On July 10, 2018, the Magistrate Judge allowed plaintiff Floyd Kriner additional time, until August 24, 2018, to file a motion to substitute. *Kriner,* ECF No. 16. To this

4

date, plaintiff has not filed a motion to substitute, and on August 20, 2018, plaintiff's counsel filed a letter informing the Court that they have not been able to get in contact with plaintiff's proposed substitute party. On September 6, 2018, counsel for plaintiff Millard Williams filed a non-compliant motion to substitute in response to Defendants' attempts to meet and confer on the issue. In their motion, counsel state that the deceased plaintiff's spouse, Leola Williams, is now the proper party to the instant action. There is no assertion or indication that she has been officially appointed a personal representative through an appropriate probate petition, as required by Arkansas law and therefore required by PTO 23. *See* Ark. Code § 28-40-107. Hence, in addition to being over a month late, Ms. Williams' motion is non-compliant with state law and PTO 23.

Under PTO 23 and the Federal Rules of Civil Procedure, the filing of a motion to substitute within 90 days of filing a suggestion of death, or within the time specified by the Court, is mandatory. Fed. R. Civ. P. 25(a); PTO 23(B); *see also Kaubisch*, 408 F.3d at 542. Because these Plaintiffs have failed to file a timely substitution motion, their cases should be dismissed with prejudice for failing to comply with Fed. R. Civ. P. 25(a) and PTO 23(B), and failure to prosecute under Fed. R. Civ. P. 41(b). *See* Order, ECF No. 1440.

Dated: September 6, 2018				Respectfully submitted,

/s/ Benjamin W. Hulse
Jerry W. Blackwell (MN #186867)
Benjamin W. Hulse (MN #0390952)
Mary S. Young (MN #0392781)
BLACKWELL BURKE P.A.
431 South Seventh Street, Suite 2500
Minneapolis, MN 55415
Phone: (612) 343-3248
Fax: (612) 343-3205
Email: blackwell@blackwellburke.com
		bhulse@blackwellburke.com
		myoung@blackwellburke.com

Bridget M. Ahmann (MN #016611x)
FAEGRE BAKER DANIELS LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
Phone: (612) 766-7000
Fax: (612) 766-1600
Email: bridget.ahmann@faegrebd.com

**Counsel for Defendants 3M Company and Arizant Healthcare Inc.**