## UNITED STATES DISTRICT COURT

## DISTRICT OF MINNESOTA

| | MDL No. 15-2666 (JNE/DTS) |
|---|---|
| In re: BAIR HUGGER FORCED AIR WARMING DEVICES PRODUCTS LIABILITY LITIGATION | |

This Document Relates To:

*Walton v. 3M Company et. al.*
(S.D.Tex. Civil Action No. 13-cv-01164)
(D.Minn Civil Action No. 15-cv-04364)

and

*Johnson v. 3M Company et. al.*
(D.Kan. Civil Action No. 14-cv-02044)
(D.Minn. Civil Action No. 15-cv-04362)

**PLAINTIFFS' MEMORANDUM IN
SUPPORT OF MOTION FOR
SUGGESTION OF REMAND**

## I.      INTRODUCTION

On or about December 11, 2015, the Judicial Panel on Multidistrict Litigation

("JPML") issued its initial Transfer Order establishing In re: Bair Hugger Forced Air

Warming Products Liability Litigation, MDL No. 15-2666 (JNE/FLN/DLS) ("MDL

2666") in this Court. In creating MDL 2666, the JPML transferred and consolidated cases

from federal districts across the country to the District of Minnesota as "centralization

will serve the convenience of the parties and witnesses and promote the just and efficient

conduct of this litigation."[1] The transfers were made for the purposes of coordinated or

consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. Since that time, pretrial

---

[1] Ex. A (JPML Transfer Order, 12/11/2015).

discovery and significant motion practice has taken place regarding the Bair Hugger forced-air warming system ("Bair Hugger") and evidence regarding the propensity of Bair Hugger to cause infections in orthopedic patients. Discovery with respect to certain "general causation" issues was conducted. A case was tried to verdict. Counsel for Walton and Johnson have met and conferred with counsel for Defendants[2] and now move this Court for a Suggestion of Remand Order.

## II.    Case History

Both Plaintiffs commenced their lawsuits long before this MDL was formed. Plaintiff Tommy Walton filed his case in Texas State Court in 2013. Defendants removed the case to federal court, where it was litigated under the able supervision of Judge Hoyt in the Southern District of Texas for two years before this MDL was created. Plaintiff Johnson was filed in the District of Kansas, where his case likewise proceeded a long way through discovery towards trial. Over Defendants' objection, both cases were transferred to be part of this MDL with the initial Transfer Order in December of 2015.

Each Plaintiff alleges that the Bair Hugger is defective in design, and fails to warn of known dangers, and that the Bair Hugger caused their deep joint infections and additional surgeries and other interventions required to treat those infections. In each Plaintiffs complaint, they brought negligence and products liability claims, along with claims based on state consumer protection statutes. Neither was part of the two groups of cases selected by this Court for bellwether consideration.

---

[2] The meet and confer occurred on August 9, 2018.

III.    **Suggestion of Remand**

The Court's discretion to suggest remand is centered upon a determination that the centralized pretrial proceedings under 28 U.S.C. § 1407 have been achieved. *In re: A.H. Robins Co., Inc., "Dalkon Shield" IUD Prod. Liability Lit.,* 453 F.Supp. 108, 110 (JPML 1978). While the power to remand to a transferor court lies exclusively within the province of the JPML, the JPML will consider remand upon the motion of any party, its own initiative, or the suggestion of the transferee District Court. JPML Rule 7.6(c) and (d). See also 28 U.S.C. § 1407(a). In considering the question of remand, the JPML has consistently given great weight to the transferee judge's determination, informed by being in the proverbial trenches, that remand of a particular action is appropriate. *See, e.g., In re: Managed Care Litig., 416 F.Supp.* 2d 1347, 1348-49 (JPML 2006). *See also In re: Brand Name Prescription Drugs Antitrust Lit.,* 264 F.Supp.2d 1372, 1376 (JPML 2003). "The transferee judge has a special vantage point with respect to the conduct of coordinated or consolidated pretrial proceedings under Section 1407, and [his or her] suggestion of remand to the Panel demonstrates that [he or she] perceives [his or her] role under Section 1407 to have ended." *In re: "Dalkon Shield" IUD Lit*., 453 F.Supp. at 110 (JPML 1978).

Case-specific issues that relate to specific state laws are "neither the purpose, nor the forte, of a court presiding over a multi-district litigation. A MDL seeks to promote judicial economy and litigant efficiency by allowing the transferee court to preside over matters common among all cases." *In re Testosterone Replacement Therapy Prods. Liab. Litig. Coordinated Pretrial Proceedings*, No. 14 C 1748, 2014 U.S. Dist. LEXIS 176877,

at *48-49 (N.D. Ill. Dec. 23, 2014). Similarly, Judge Miller in the *In re: Biomet* hip implant MDL recently denied, without prejudice, a motion for summary judgment presented by Defendants because resolving it would have required an examination of unique state laws in numerous jurisdictions outside Indiana. *In re Biomet M2a Magnum Hip Implant Prods. Liab. Litig. Mdl 2391*, No. 3:12-MD-2391, 2018 U.S. Dist. LEXIS 20758, at *6 (N.D. Ind. Feb. 8, 2018). Instead, Judge Miller adopted a plan for remand of multiple waves of cases (each wave in excess of 50 Biomet cases) from the MDL to the transferor courts across the country.

In the *In re: Bair Hugger MDL*, this Court has presided over certain discovery on issues touching on general causation. All of Plaintiffs experts passed *Daubert* challenges.[3] Summary Judgment on general causation matters was appropriately denied.[4] The Court has recently reconfirmed no additional discovery on issues touching on general causation issues will be permitted in the MDL.[5] What remains, then, is case specific work up and trial. That case specific work up will also turn on various choice-of-law principles, on state-specific substantive law as applied to the facts of an individual plaintiff's case in determining what evidence is admissible, relevant or otherwise available to that individual plaintiff. All of these factors suggest remand more broadly is nearly at hand.

The instant Motion, however, is brought with respect to the *Walton* and *Johnson* Plaintiffs, where Plaintiffs respectfully suggest remand is appropriate at this time.

---

[3] Doc. 1024.
[4] *Id.*
[5] *See, e,g.,* Doc. 1322; Doc. 1462 together with forthcoming transcript and Order from hearing on September 6, 2018 regarding Defendants' Rule 37 Motion (Doc. 1450).

Various depositions and other discovery was conducted in both *Walton* and *Johnson* prior to the formation of this MDL. Indeed, even after Defendants changed their position to support coordination and transfer of Bair Hugger cases to the District of Minnesota, Defendants argued *Walton* and *Johnson* should be treated differently, and not transferred to join the new MDL, as "two exceptions involving earlier filed actions on which a substantial amount of discovery has occurred."[6]   Defendants went on to argue:

> Two earlier-filed actions – *Walton v. 3M Company, et al.*, No. 4:13-cv-01164 (S.D.Tex.); and *Johnson v. 3M Company, et al.*, No. 2:14-cv-02044 (D.Kan.) have been pending since March 5, 2013 and January 31, 2014, respectively. Significant discovery has occurred in both cases. *Walton* is set for trial March 7, 2016; and *Johnson* is scheduled to be tried beginning October 17, 2016. For these cases, multidistrict litigation would bring no efficiencies. Because both cases are nearing trial, Defendants request that *Walton* and *Johnson* be allowed to remain in the courts in which they were originally brought, to proceed to final judgment there.[7]

To be sure, work remains to be done on *Walton* and *Johnson*, but given that no additional discovery will be permitted in the MDL, there are no additional efficiencies to be gained by keeping *Walton* and *Johnson* centralized in the MDL. As Judge Breyer noted in his questioning of counsel for 3M, the parties are able to make the argument to this Court to have these two more advanced cases sent back to the transferor courts from whence they originated.[8]

The governing statute makes clear that cases shall be remanded. 28 U.S.C. 1407 ("[e]ach action so transferred shall be remanded by the panel at or before the conclusion

---

[6] Ex. B (Doc. 76 to MDL No. 2666, 11/18/15).
[7] *Id.* at 3.
[8] Ex. C at 21:6-12 (Doc. 95 to MDL No. 2666, Transcript from JPML argument).

of such pretrial proceedings to the **district** from which it was transferred.) This Motion comes after nearly three years of litigation in this MDL. The request is not premature; the parties have completed permitted common discovery, and have complied with court orders. These two Plaintiffs filed their cases 4 and 5 years ago, have complied with discovery obligations in the transferor and transferee courts. Plaintiffs *Walton* and *Johnson* respectfully request this Court issue a suggestion of remand order so they can begin the process of returning to Texas and Kansas for trial.[9]

Respectfully submitted,

Dated: September 6, 2018

Michael V. Ciresi (MN #0016949
Jan M. Conlin (MN #0192697)
CIRESI CONLIN LLP
225 S. 6th St., Suite 4600
Minneapolis, MN 55402
Phone: 612.361.8202
Email:  MVC@CiresiConlin.com
       JMC@CiresiConlin.com

Genevieve M. Zimmerman (MN #330292)
MESHBESHER & SPENCE, LTD.
1616 Park Avenue South
Minneapolis, MN 55404
Phone: (612) 339-9121
Fax: (612) 339-9188
Email:  gzimmerman@meshbesher.com

Ben W. Gordon, Jr. (*Pro Hac Vice*)
LEVIN, PAPANTONIO, THOMAS,
MITCHELL, RAFFERTY &
PROCTOR, P.A.
316 South Baylen Street, Suite 600
Pensacola, FL 32502-5996
Phone: (850) 435-7091
Fax: (850) 435-7020
Email:  bgordon@levinlaw.com

Gabriel Assaad – *Pro Hac Vice*
David W. Hodges – *Pro Hac Vice*
KENNEDY HODGES, LLP
711 W. Alabama Street
Houston, TX 77006
Phone: (713) 523-0001
Email: gassaad@kennedyhodges.com

---

[9] With respect to Walton in particular, there are case specific issues held over by Judge Hoyt for additional proceedings and action upon remand. *See*, *e.g.*, Doc. 193 (SEALED)(Case No. 4:13-cv-01164)(Memorandum Opinion on Motion for Sanctions and Disqualification, 10/29/2015)

Kyle Farrar
Mark D. Bankston
FARRAR & BALL, LLP
1010 Lamar, Suite 1600
Houston, Texas 77002
713.221.8300 Telephone
713.221.8301 Fax
Email: kyle@fbtrial.com
        mark@fbtrial.com

***Counsel for Plaintiffs***