# EXHIBIT A

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: BAIR HUGGER FORCED AIR WARMING
DEVICES PRODUCTS LIABILITY LITIGATION                             MDL No. 2666

TRANSFER ORDER

**Before the Panel:**[*] Plaintiff in an action (*Lichlyter*) pending in the District of Minnesota moves under 28 U.S.C. § 1407 to centralize the fourteen actions listed on the attached Schedule A in that district, where nine of the actions already are pending. The other five actions are pending in the Northern District of Alabama (*Rhoton*), the Eastern District of Arkansas (*Edwards*), the District of Kansas (*Johnson*), the Northern District of Ohio (*Kent*), and the Southern District of Texas (*Walton*). The Panel has been informed of 51 additional related federal actions.[1]

All responding plaintiffs support centralization, but there is some disagreement regarding the choice of transferee district. The *Johnson* and *Walton* plaintiffs and plaintiffs in potential tag-along actions pending in the District of Minnesota (*Crawford*) and the Southern District of Mississippi (*Rhymes*) support selection of the District of Minnesota. The *Kent* plaintiff supports selection of the Northern District of Ohio. Plaintiffs in the potential tag-along actions (*Carter* and *Heffernan*) pending in the Central District of California support selection of that district. And plaintiffs in potential tag-along actions pending in the Eastern District of Louisiana (*Templet*), Middle District of Louisiana (*Cagle*), and District of Utah (*Wainner*) support selection of the Eastern District of Louisiana.[2]

Common defendants 3M Company (3M) and Arizant Healthcare, Inc. (Arizant) support centralization in the District of Minnesota, but ask that the *Johnson* and *Walton* actions be excluded from the MDL, on the grounds that they are far more advanced than the other twelve actions.

On the basis of the papers filed and the hearing session held, we find that these actions involve common questions of fact, and that centralization will serve the convenience of the parties

---

[*] Judge Marjorie O. Rendell and Judge Lewis A. Kaplan took no part in the decision of this matter.

[1] Those actions and any other related federal actions are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1, and 7.2.

[2] The *Kent, Carter, Heffernan, Cagle,* and *Wainner* plaintiffs support selection of the District of Minnesota, in the alternative.

-2-

and witnesses and promote the just and efficient conduct of this litigation. The actions share factual issues arising from allegations that plaintiffs developed serious infections during their orthopedic surgeries due to the introduction of contaminants into their open wounds as a result of the use of a Bair Hugger Forced Air Warming system (Bair FAW). Specifically, plaintiffs allege that the device is defective in at least two respects: (1) the device affects airflow in the operating room, causing bacteria from the operating room floor to be deposited into the surgical site; and (2) the internal airflow paths of the device's blower can become contaminated with pathogens that can then be expelled into the operating room. The actions thus present common issues concerning the development, manufacture, testing, regulatory approval process, and marketing of the Bair FAW. Centralization will eliminate duplicative discovery, prevent inconsistent pretrial rulings on *Daubert* and other issues, and conserve the resources of the parties, their counsel, and the judiciary.

We reject defendants' request to exclude the *Johnson* and *Walton* actions from the MDL. Although the two actions have been pending substantially longer than the other constituent actions, significant pretrial proceedings, including expert discovery, remain to be conducted. Including the actions in the MDL will benefit the litigation as a whole. And, to the extent that the somewhat more advanced status of the two actions warrants their expedited treatment, the transferee judge is free to handle them accordingly. *See, e.g., In re: TR Labs Patent Litig.*, 896 F. Supp. 2d 1337, 1338 (J.P.M.L. 2012) ("The transferee judge possesses broad discretion to formulate a pretrial program that accounts for any significant differences among the subject actions and ensures that duplicative activity is minimized or eliminated.").

We select the District of Minnesota as transferee district for this litigation. The 3M and Arizant defendants are headquartered in Minnesota, and many witnesses and relevant documents are likely to be found there. In addition, nine of the constituent actions are pending in that district, as are 35 tag-alongs. The Honorable Joan N. Ericksen, to whom we assign this litigation, is a veteran jurist with previous MDL experience, and we have no doubt that she will steer this MDL on a prudent course.

IT IS THEREFORE ORDERED that the actions listed on Schedule A and pending outside the District of Minnesota are transferred to the District of Minnesota, and, with the consent of that court, assigned to the Honorable Joan N. Ericksen for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Sarah S. Vance
Chair

Charles R. Breyer          Ellen Segal Huvelle
R. David Proctor           Catherine D. Perry

**IN RE: BAIR HUGGER FORCED AIR WARMING
DEVICES PRODUCTS LIABILITY LITIGATION**                    MDL No. 2666

## SCHEDULE A

Northern District of Alabama

RHOTON, ET AL. v. 3M COMPANY, ET AL., C.A. No. 2:15-01306

Eastern District of Arkansas

EDWARDS v. 3M COMPANY, ET AL., C.A. No. 4:15-00465

District of Kansas

JOHNSON v. 3M COMPANY, ET AL., C.A. No. 2:14-02044

District of Minnesota

LICHLYTER v. 3M COMPANY, ET AL., C.A. No. 0:15-03139
NAYLOR v. 3M COMPANY, ET AL., C.A. No. 0:15-03140
NOTTINGHAM v. 3M COMPANY, ET AL., C.A. No. 0:15-03141
SCHACKMANN v. 3M COMPANY, ET AL., C.A. No. 0:15-03142
REED v. 3M COMPANY, ET AL., C.A. No. 0:15-03143
GRUSHESKY v. 3M COMPANY, ET AL., C.A. No. 0:15-03328
LIBBY v. 3M COMPANY, ET AL., C.A. No. 0:15-03329
WILLIAMS v. 3M COMPANY, ET AL., C.A. No. 0:15-03331
ROSTEN v. 3M COMPANY, ET AL., C.A. No. 0:15-03338

Northern District of Ohio

KENT, ET AL. v. 3M COMPANY, ET AL., C.A. No. 1:15-01661

Southern District of Texas

WALTON v. 3M COMPANY, ET AL., C.A. No. 4:13-01164