# EXHIBIT B

BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION
_____

IN RE: BAIR HUGGER FORCED AIR          MDL No. 2666
WARMING PRODUCTS
LIABILITY LITIGATION

_____

**DEFENDANTS 3M COMPANY'S AND ARIZANT HEALTHCARE, INC.'S
SUPPLEMENTAL INFORMATION TO THE PANEL CONCERNING PLAINTIFF'S
MOTION FOR TRANSFER OF ACTIONS TO THE DISTRICT OF MINNESOTA**

On August 21, 2015, Plaintiff William Lichlyter moved to transfer all cases arising out of the use of the Bair Hugger Forced Air Warming system ("Bair Hugger") to the United States District Court for the District of Minnesota for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. Doc. 1-1. On September 14, 2015, Defendants 3M Company, Arizant Healthcare, Inc., and Robert Prestera filed a joint response opposing the MDL Motion. Doc. 17. Defendants 3M Company and Arizant Healthcare, Inc. ("Defendants") submit this supplemental memorandum to advise the Panel that they have changed their initial position and, with two exceptions involving earlier filed actions on which a substantial amount of discovery has occurred,[1] Defendants now support the transfer of all Bair Hugger cases involving claims of infection to the District of Minnesota for coordinated handling.[2]

The circumstances surrounding the Bair Hugger litigation have substantially changed since Defendants submitted their initial response to Plaintiff's motion. *See* MDL Dkt. 2666, no. 17, Sept. 14, 2015). At the time of that initial response, only 14 Bair Hugger cases were pending in federal courts nationwide; since that time, more cases have been filed. Defendants are now

---

[1] *See infra*, at 3.
[2] In a conversation with Clerk of the JPML Jeff Luthi, Mr. Luthi advised that this Supplemental Information was the appropriate means of advising the Panel of the change in Defendants' position on the MDL Motion.

defending 43 cases in 14 different federal district courts, plus an additional 12 cases in state courts. See list of cases attached as Exhibit A. Defendants continue to receive new filings.

Left on their own, these cases promise to raise repetitive issues of discovery, expert disclosure, and motion practice. Particularly with respect to overarching issues of science and medicine, Defendants recognize that handling these cases through an MDL would provide significant benefits to all parties through efficiency of discovery, mitigation of burdens on company witnesses and parties' experts, and consistency of procedural and substantive rulings. And although Defendants believe that individual issues would still predominate in the ultimate resolution of individual cases, as detailed in their original submission, Defendants recognize that a single court addressing these broad threshold issues will aid in the speedy resolution of the litigation as a whole, and indeed may eliminate the need to address individual plaintiff-specific issues at all.

To be clear, Defendants' change in position on the appropriateness of an MDL for these cases does not signal any change in Defendants' position on the merits of Plaintiff's claims. For 28 years, the Bair Hugger has been used in operating rooms around the globe as a safe and effective system for patient warming. As detailed in Defendants' initial response, use of the Bair Hugger does not increase contamination at the surgical site but actually *reduces* the risk of surgical site infections. The myriad infirmities in plaintiffs' theories of recovery that Defendants detailed in their original submission remain, and Defendants remain confident that the facts and the scientific and medical evidence will completely exonerate the Bair Hugger.

Nevertheless, given the recent surge in what Defendants view as groundless claims against the Bair Hugger, Defendants are now convinced that consolidation of this litigation in an MDL in Minnesota will provide the fastest and most efficient means of vindicating their product.

2

Although the formation of an MDL would still raise the spectre of intimidating medical providers into forgoing use of the Bair Hugger and thus risking patient health, Defendants have concluded that that risk can best be managed through the quick and efficient disposal of these spurious claims, and that an MDL will best speed that resolution. Defendants therefore urges the Court to grant Plaintiff's motion to transfer his and other cases asserting claims of infection based on the Bair Hugger to the district of Minnesota for coordinated proceedings pursuant to 28 U.S.C. § 1407.

As noted in Defendants' joint response, Doc. 17 at 2, 15, there are two exceptions to Defendants' agreement to a § 1407 transfer of the Bair Hugger cases. Two earlier-filed actions – *Walton v. 3M Company, et al.*, No. 4:13-cv-01164 (S.D. Tex.); and *Johnson v. 3M Company, et al.*, No. 2:14-cv-02044 (D. Kan.) have been pending since March 5, 2013 and January 31, 2014, respectively. Significant discovery has occurred in both cases. *Walton* is set for trial for March 7, 2016; and *Johnson* is scheduled to be tried beginning October 17, 2016. For these cases, multidistrict litigation would bring no efficiencies. Because both cases are nearing trial, Defendants request that *Walton* and *Johnson* be allowed to remain in the courts in which they were originally brought, to proceed to final judgment there.

Finally, Defendants note for the Panel's information two intervening developments that favor the selection of Minnesota and a Minnesota district judge to oversee an MDL docket in these proceedings:

- Apparently pursuant to the District of Minnesota's Order for Assignment of Cases, at ¶6,[3] the Honorable Joan Ericksen has already been assigned to handle all of the Bair Hugger claims pending in the District of Minnesota. Defendants are

---

[3] The Order for Assignment of Cases (D. Minn. Dec. 1, 2008) is attached as Exhibit B.

3

aware of no reason Judge Ericksen should not retain the Bair Hugger cases that she already oversees.

- Ten of the 12 Bair Hugger cases that plaintiffs have filed in state court have been filed in Ramsey County, Minnesota, and all of them have been assigned to a single Minnesota state court trial judge, the Honorable William Leary. *See In re: 3M Bair Hugger Litigation,* Order (Ramsey County, October 22, 2015) (attached as Exhibit C). This assignment, also in the Twin Cities, would permit easy coordination with an MDL in Minnesota overseen by Judge Ericksen.

For the reasons stated above, Defendants 3M Company and Arizant Healthcare, Inc. urge the Panel to transfer all Bair Hugger cases, except *Walton* and *Johnson,* to the District of Minnesota for coordinated handling.

Respectfully submitted,

By s/ W. Wayne Drinkwater, Jr.
W. Wayne Drinkwater, Jr.
Bradley Arant Boult Cummings LLP
One Jackson Place, Suite 400
188 E. Capitol Street
Jackson, MS 39201
Office: 601-592-9911
Direct Fax: 601-592-9951
Email: wdrinkwater@babc.com

*Attorney for 3M Company and Arizant Healthcare, Inc.*

4

**BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| IN RE: BAIR HUGGER FORCED AIR WARMING PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) MDL DOCKET No. 2666 |

**CERTIFICATE OF SERVICE**

I, hereby certify that on this 18th day of November, 2015, the original attached document was electronically filed with the Clerk of the Panel using the Judicial Panel on Multidistrict Litigation's CM/ECF system for filing. I further certify that copies of the above-referenced document were served on all parties who have filed a notice of appearance using the CM/ECF system.

    s/ W. Wayne Drinkwater, Jr.
    W. Wayne Drinkwater, Jr.
    wdrinkwater@babc.com
    Bradley Arant Boult Cummings LLP
    One Jackson Place
    188 East Capitol Street, Suite 400
    Jackson, MS 39215-1789
    Telephone: (601) 948-8000
    Facsimile: (601) 948-3000

    ***Attorney for 3M Company and
    Arizant Healthcare, Inc.***