IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

| | |
|---|---|
| IN RE: BAIR HUGGER FORCED AIR WARMING PRODUCT LIABILITY LITIGATION | MDL No.: 15-md-02666 (JNE/FLN) |
| This Document Relates To: | |
| DAVID KILMER, | |
| Plaintiff, | Civil Action No.: 18-CV-00460-JNE-DTS |

_____

### PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS

NOW COMES Plaintiff, David Kilmer, identified in Defendants' Motion to Dismiss for Failure to Comply with Pretrial Order No. 14 [Dkt. 1463], and by and through undersigned counsel submits this, his Response to Defendants' Motion to Dismiss, and would respectfully show the Court the following:

### FACTS

Prior to the filing of the present case, counsel had sent Mr. Kilmer a copy of the Plaintiff Fact Sheet ("PFS") to complete. Counsel had sent this PFS to ensure that Mr. Kilmer could provide the information necessary for the PFS so that it could be completed in a timely fashion once his case was filed. Mr. Kilmer answered the PFS in full and signed it on January 31, 2018. He then returned it via conventional mail to Kennedy Hodges, where it was received on February 14, 2018. Counsel filed the present case a few days later, on February 16, 2018.

The information from the completed PFS received from Mr. Kilmer was transferred into the Blade software system—utilized by all counsel in this litigation—sometime in April

or May, and the PFS was eventually submitted in compliance with Pretrial Order 14 ("PTO 14"). On June 11, 2018, counsel received a Deficiency Notice from Defendants indicating only that the signed verification was insufficient.[1] There were no other alleged deficiencies with the PFS claimed by the notice, meaning all necessary information for the PFS was provided. When counsel reached out to Defendants for clarification of the deficiency notice, the explanation provided by Defendants was that "the verification page was marked deficient because it was executed [on] 1/31/18—prior to the filing of the Complaint, and more than 5 months before the PFS was served."[2] Defendants refused to withdraw the Deficiency Notice, and the case was subsequently included on the present Motion to Dismiss.

## ARGUMENT

Pretrial Order 14 issued by this Court governs the PFS process for the Bair Hugger multidistrict litigation.[3] As part of the PFS procedure, a signed verification form is required to verify "[t]he information contained in [the] PFS."[4] PTO 14 only requires that the verification page be submitted with the PFS within 90 days of the filing of the complaint.[5] PTO 14 does not prohibit the information for the PFS being provided or the verification being signed prior to the filing of the complaint. It likewise does not establish any requirement on the date of the verification in relation to the date the PFS is submitted.

---

[1] *See* Exhibit A, Deficiency Notice for *Kilmer v. 3M Company et al.*, 18-cv-00460.
[2] *See* Exhibit B, Email from Hartman to Green dated July 10, 2018. Despite Defendants' representation, it was closer to four months from when the verification was signed and the PFS was submitted.
[3] *See* Dkt. 117, Pretrial Order No. 14: Plaintiff Fact Sheet and Service Protocol.
[4] *Id.* at 2.
[5] *Id.*

2

In this particular case, Plaintiff has complied entirely with PTO 14. A verification was submitted pursuant to PTO 14, as required. Furthermore, the date of that verification coincided with the date that the information required for the PFS was provided by the Plaintiff. This scenario is completely consistent with the requirements of both PTO 14 and conventional Interrogatories and Requests for Production under Rules 33 and 34 of the Federal Rules of Civil Procedure, which the streamlined PFS process is intended to replace.[6]

The fact that the verification form was signed before the case was filed is irrelevant. As PTO 14 explicitly states, the purpose of the verification is to verify "[t]he information contained in each PFS." Given that the PFS for this litigation is a standard form approved by the Court, the information and answers necessary to complete the PFS can be provided well before a case might be filed. That is precisely what happened here—the PFS was sent to Plaintiff prior to the case being filed to make sure that all the information could be obtained for the PFS, without running the risk of a deficiency notice being received and the case being subject to potential dismissal due to insufficient or late answers. The verification was signed and dated at the time that the information and answers—in the form of a copy of the PFS filled out by the Plaintiff—were provided, in compliance with PTO 14.

A further issue is the use of the Blade software system required for filling out and submitting a PFS for every case in this litigation. This is a system to which only counsel has access—the Plaintiff has no ability to electronically access their PFS in the Blade system. Therefore, for every case, counsel is required to enter information received from the plaintiff

---

[6] *Id.*

3

into Blade manually, prior to submitting a PFS. This information may be received in a variety of different ways, but by far the most common method is sending out a copy of the PFS to the plaintiff to have them fill out and return. At the time the copy of the PFS is filled out, the plaintiff will also sign the approved authorization and the verification form and return it along with the PFS. That is exactly what happened in this particular case. Any delay between the receipt of that information and submitting a PFS is attributable to the process of transferring the information into Blade and deciding as to when to submit the PFS to comply with the specific deadlines for the case.

    The bottom line is that counsel and Plaintiff were proactive in the PFS process and took every precaution to ensure that the PFS could be completed prior to filing the case and would not trigger a deficiency notice.  Despite counsel and Plaintiff's efforts, Defendants still issued a deficiency notice anyway on what amounts to a misreading of the requirements under PTO 14.   Still, in an abundance of caution, Plaintiff signed a new verification for the PFS, making this moot as to this particular case.  Regardless, the parties need guidance from the Court for future cases where this issue will surely arise again.

## **CONCLUSION**

    Accordingly, counsel request that Defendants' Motion to Dismiss be denied as to Plaintiff and that the Court consider the prior verification submitted by Plaintiff to be sufficient for the purposes of PTO 14. Alternatively, and if necessary, Plaintiff requests that this Court grant an extension of thirty (30) days to submit a new signed verification.

Dated: September 13, 2018                     KENNEDY HODGES, LLP

By: /s/ David W. Hodges
David W. Hodges
dhodges@kennedyhodges.com
Gabriel A. Assaad
gassaad@kennedyhodges.com
4409 Montrose Blvd. Ste 200
Houston, TX 77006
Telephone: (713) 523-0001
Facsimile: (713) 523-1116

ATTORNEYS FOR PLAINTIFF