IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

IN RE: BAIR HUGGER FORCED AIR      MDL No.: 15-md-02666 (JNE/FLN)
WARMING PRODUCT LIABILITY
LITIGATION

This Document Relates To:

PRISCILLA RICHEY,

                        Civil Action No.: 17-CV-05323-JNE-DTS

     Plaintiff,
_____

## PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS

NOW COMES Plaintiff, Priscilla Richey, identified in Defendants' Motion to Dismiss for Failure to Comply with Pretrial Order No. 14 [Dkt. 1463], and by and through undersigned counsel submits this, her Response to Defendants' Motion to Dismiss, and would respectively show the Court the following:

## FACTS

In November 2015, Ms. Priscilla Richey contacted undersigned counsel regarding an infection and subsequent treatment that she experienced due to the use of a Bair Hugger patient warming device during an orthopedic surgery. Counsel worked to obtain medical records and billing records to move forward with the case. Those records indicated that a Bair Hugger device was used during the original surgery. On December 1, 2017, counsel filed the current action to comply with what was identified as the applicable statute of limitations deadline for the relevant claim.

Efforts to work with Ms. Richey to complete the Plaintiff Fact Sheet were interrupted by the unfortunate passing of Ms. Richey. During counsel's last conversation with Ms. Richey on March 18, 2018, she stated that she would complete the Plaintiff Fact Sheet and return it to counsel. However, counsel was informed in early April by Ms. Richey's daughter-in-law that Ms. Richey had passed away. The Plaintiff Fact Sheet was never completed. Counsel is in the process of making efforts to contact Ms. Richey's son Robert Richey.

## ARGUMENT

This particular case was also listed on both Defendants' previous Motion to Dismiss for Failure to Comply with PTO 14 [Dkt. 1317] (filed on July 5, 2018) and Defendants' Second Motion to Dismiss for Failure to Comply with PTO 23 [Dkt. 1354] (filed on July 12, 2018). The motion [Dkt. 1354] is still under advisement by the Court.[1] At the July 19, 2018 Status Conference, Mr. Hulse stated, "what I would suggest is we take care of this case through PTO23 process rather than this motion, rather than the PTO-14."[2] Significantly, the Plaintiffs' Steering Committee anticipates that it will be filing a motion to amend PTO 23. Therefore, Plaintiff would respectfully request that the Court not consider dismissal under Defendants' current Motion pursuant to PTO 14 until a ruling is issued on the prior Motion to Dismiss under PTO 23.

Further, on July 24, 2018 this Court issued an Order regarding Defendants' Motion to Dismiss under PTO 14 [Dkt. 1317] denying that motion as to the *Richey* case without

---

[1] *See* Dkt. 1394, Hearing Transcript from Status Conference held on July 19, 2018, pg. 40–41.
[2] *See Id.* at pg. 40.

2

prejudice.[3] The Court stated that the motion would be denied "to allow additional time" to resolve the probate issues surrounding Ms. Richey's untimely death and to provide a completed Plaintiff Fact Sheet.[4] Plaintiff had asked for a ninety-day extension to resolve these issues in her Response [Dkt. 1368]. The language of the Order does not contradict this request or otherwise limit the extension of time to less than the ninety days which Plaintiff requested in her Response.

Defendants filed another Motion to Dismiss for Failure to Comply with Pretrial Order No. 14 [Dkt. 1387], just **ten days** after the Court issued its Order allowing an extension of time (filed on August 2, 2018). Counsel is doing everything they can to ensure the probate process moves along and to obtain the information necessary for the Plaintiff Fact Sheet, but the probate process takes time to complete. Under the circumstances, Plaintiff requires far more than just forty-four days to comply. In that sense, Defendants' immediate relisting of this case on a motion to dismiss once again goes against the spirit of the Court's Order in allowing Plaintiff additional time to make a meaningful and serious effort to comply with the pertinent PTOs.

## CONCLUSION

Accordingly, counsel request that Defendants' Motion to Dismiss be denied as to Plaintiff, so that Plaintiff can utilize the additional time allowed by the Court's prior Order to cure any alleged deficiencies with the Plaintiff Fact Sheet and to continue the case.

---

[3] *See* Dkt. 1376, Order regarding Motion to Dismiss under PTO 14, pg. 5.
[4] *See id.*

Dated: September 13, 2018        KENNEDY HODGES, LLP

By: /s/ David W. Hodges
David W. Hodges
dhodges@kennedyhodges.com
Gabriel A. Assaad
gassaad@kennedyhodges.com
4409 Montrose Blvd. Ste 200
Houston, TX 77006
Telephone: (713) 523-0001
Facsimile: (713) 523-1116

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

This is to certify that on September 13, 2018 a copy of the forgoing instrument was served on all parties via the Court's electronic filing system.

By: /s/ David W. Hodges
David W. Hodges