IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE: BAIR HUGGER FORCED AIR WARMING DEVICE PRODUCTS LIABILITY LITIGATION | MDL No. 15-md-02666 (JNE/DTS) |

**This Document Relates to:**
Michael Dixon, 0:18-cv-00240-JNE-DTS

## RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO COMPLY WITH PRETRIAL ORDER NO. 14

Plaintiff, Michael Dixon (hereinafter "Mr. Dixon") submits this Response in Opposition to Defendants' Motion to Dismiss.

## INTRODUCTION

3M Company and Arizant Healthcare, Inc. ("defendants") asked this Court to dismiss Mr. Dixon's case, with prejudice, because as of September 6, 2018, Plaintiff failed to cure core deficiencies following Defendants' final deficiency Letter. However, counsel asserts that this is not the case and that the PFS corresponding deficiencies were cured prior to defendants' Motion to Dismiss.

## FACTS

Counsel filed Mr. Dixon's complaint on January 26, 2018. Counsel submitted a completed PFS on March 26, 2018. On April 20, 2018, the defendants issued a deficiency on his PFS **(Exhibit A).** Plaintiff responded to the deficiency on May 10, 2018 with the following response **(Exhibit B):**

*Section II. 6. Client does not recall address prior to 2015. No further information is available. 10. Jimmy Gilley Drywall-White House, TN; 2005-2011; Drywall Installer; Had to stop working due to having hip surgery. Section III. 1. Surgical Care Improvement Project Data Reports indicate that a Bair Hugger warming device was used during my surgery which caused infection.; I do not recall but reserve my right to refresh my memory.; Reviewing medical documents of my surgeries.; Unknown at this time, Discovery is ongoing.; Unknown at this time, discovery is ongoing. 2. The answer to this question is "Do not Know". 3. Meharry General Hospital; 9/4/2013; 1818 Albion St., Nashville, TN 37208; Dr. Thomas Limbird; Left Total Hip Arthroplasty; Osteoarthritis; 5'10", 180 lbs.; Hepatitis C; COPD; Anxiety. These are all of the conditions I can recall at this time; None that I am aware of; I discussed the typical risks of Left Total Hip Arthroplasty surgery with my surgeon and the hospital staff; Unknown at this time; Discovery is ongoing."* Another deficiency was issued on June 4, 2018, claiming there were still core deficiencies **(Exhibit C)** and was responded to on June 13, 2018 with the following response **(Exhibit D)**:

*"Section III. #1. This question has already been answered via the Acorn PFS Portal. In the spirit of cooperating, Plaintiff asserts the following: Yes; Surgical Care Improvement Project Data reports indicate that a Bair Hugger warming unit was utilized during my surgery which caused infection; I do not recall but reserve my right to refresh my memory; Reviewing medical documents of my surgeries; Unknown at the time, Discover is ongoing; Unknown at this time, Discovery is ongoing."*

Defendants' then filed a Motion to Dismiss for failure to comply with Pretrial Order No. 14 where for the first time they state that they need to know the specific date that plaintiff's counsel became aware that a Bair Hugger was utilized during Mr. Dixon's initial surgery. Counsel attempted to meet and confer with defendants and informed defendant that plaintiff did not have prior personal knowledge of a Bair Hugger being used. Additionally, plaintiff's counsel provided the following date on which we received records indicating that a Bair Hugger was utilized.

"Michael Dixon—we received records confirming Bair Hugger usage on 4/28/2017"

Defendants then said plaintiff needed to provide the exact document in which Bair Hugger usage was shown, even though that was not pointed out in any prior deficiency notice. Counsel then provided the exact document indicating Bair Hugger usage to defendant **(Exhibit E)**. Defendants then stated that now, for the first time since January of 2017, they will no longer accept service of responses via email or U.S. mail and will not stand down from their Motion to Dismiss until an amended PFS is uploaded via the portal with a signed verification, even though Mr. Dixon has already provided 2 verification pages of deficiency responses. Plaintiff's counsel have always responded to deficiencies in writing via email and U.S. mail and have done so for over a hundred cases and now at this time, after filing a motion to dismiss, defendants counsel will no longer accept the response via email or U.S Mail. Plaintiff's counsel has continued to cooperate with Defendant's on curing deficiencies.

**ARGUMENT**

Mr. Dixon submitted his PFS and cured his deficiencies in a timely manner.. Therefore, the plaintiff respectfully requests this Honorable Court deny the defendants' Motion to Dismiss Mr. Dixon's case with prejudice.

Dated:  September 13, 2018

Respectfully submitted,

**LEVIN, PAPANTONIO, THOMAS, MITCHELL, RAFFERTY & PROCTOR, P.A.**

/s/ Daniel A. Nigh
Daniel A. Nigh (FL # 030905)
316 S. Baylen Street, Suite 600
Pensacola, FL 32502-5996
Phone:  (850) 435-7000
Email:  dnigh@levinlaw.com
**ATTORNEY FOR PLAINTIFF**