

KIMBERLY LAMBERT ADAMS
BRIAN H. BARR
MICHAEL C. BIXBY
M. ROBERT BLANCHARD
BRANDON L. BOGLE
W. TROY BOUK
WESLEY A. BOWDEN
VIRGINIA M. BUCHANAN
WILLIAM F. CASH III
JEFF GADDY
REBECCA D. GILLILAND
(LICENSED ONLY IN ALABAMA)

RACHAEL R. GILMER
FREDRIC G. LEVIN
MARTIN H. LEVIN
ROBERT M. LOEHR
STEPHEN A. LUONGO
M. JUSTIN LUSKO
CLAY MITCHELL
NEIL E. McWILLIAMS, JR.
PETER J. MOUGEY
DANIEL A. NIGH
TIMOTHY M. O'BRIEN

MIKE PAPANTONIO
CHRISTOPHER G. PAULOS
EMMIE J. PAULOS
A. RENEE PRESTON
RObERT E. PRICE
MARK J. PROCTOR
TROY A. RAFFERTY
MATTHEW D. SCHULTZ
W. CAMERON STEPHENSON
THOMAS A. TAYLOR
LEO A. THOMAS
BRETT VIGODSKY

CHRISTOPHER V. TISI
(LICENSED IN WASHINGTON, D.C.
AND MARYLAND)

LEFFERTS L. MABIE, JR. (1925-1996)
D.L. MIDDLEBROOKS (1926-1997)
DAVID H. LEVIN (1928-2002)
STANLEY B. LEVIN (1938-2009)

**LEVIN • PAPANTONIO
THOMAS • MITCHELL
RAFFERTY & PROCTOR • P.A.**
PROFESSIONAL CORPORATION          ATTORNEYS AT LAW



May 10, 2018

## VIA REGULAR MAIL AND EMAIL

Benjamin W. Hulse
Blackwell Burke P.A
431 South Seventh Street
Suite 2500
Minneapolis, MN 55415
bhulse@blackwellburke.com

> Re:   *In re Bair Hugger Forced Air Warming Devices Products Liability Litigation*
> MDL No. 2666 – Deficiencies in Plaintiff Fact Sheet for Individual Case
> *Michael Dixon v. 3M Company,* Case No. 0:18-cv-00240-JNE-FLN

Dear Counsel:

Pursuant to paragraph 6 of PTO 14, please see attached documentation to cure deficiencies for the above captioned case.

Sincerely,

Daniel A. Nigh

DAN/ec
Enclosure

Response to Deficiencies

*Michael Dixon v. 3M Company,* Case No. 0:18-cv-00240-JNE-FLN

| | |
|---|---|
| **Section II. 6.** | **Client does not recall address prior to 2015. No further information is available.** |
| **10.** | **Jimmy Gilley Drywall-White House, TN; 2005-2011; Drywall Installer; Had to stop working due to having hip surgery.** |
| **Section III. 1.** | **Surgical Care Improvement Project Data reports indicate that a Bair Hugger warming device was used during my surgery which caused infection.; I do not recall but reserve my right to refresh my memory.; Reviewing medical documents of my surgeries.; Unknown at this time, Discovery is ongoing.; Unknown at this time, discovery is ongoing.** |
| **2.** | **The answer to this question is "Do not Know".** |
| **3.** | **Meharry General Hospital; 9/4/2013; 1818 Albion St., Nashville, TN 37208; Dr. Thomas Limbird; Left Total Hip Arthroplasty; Osteoarthritis; 5'10", 180 lbs.; Hepatitis C; COPD; Anxiety. These are all of the conditions I can recall at this time; None that I am aware of; I discussed the typical risks of Left Total Hip Arthroplasty surgery with my surgeon and the hospital staff; Unknown at this time; Discovery is ongoing.** |

**Verification page**

**Medical Authorization**

**Attachment A to Pre-trial Order NO. 14**

**We are currently waiting on an update signed re-verification page from client and will submit once it is received.**

K.    If you claim any loss from medical expenses, copies of all bills from any physician, hospital, pharmacy, or other healthcare provider.

L.    Decedent's death certificate (if applicable).

## VERIFICATION

Pursuant to 28 U.S.C. § 1746, I declare under the penalty of perjury that all of the information provided in this Fact Sheet is true and correct to the best of my knowledge.

_Michael Dixon_
Print Name

_Michael R Dixon_
Signature

_2-20-18_
Date

_____
Print Name
(Loss of Consortium Plaintiff)

_____
Signature

_____
Date

# EXHIBIT B

<u>**LIMITED AUTHORIZATION TO DISCLOSE HEALTH INFORMATION**</u>

**(Pursuant to the Health Insurance Portability and Accountability Act "HIPAA" of 4/14/03)**

TO:
Patient Name:
DOB:
SSN:

      I, _____, hereby authorize you to release and furnish to:
Faegre Baker Daniels and/or its designee copies of the following information:

     \*    All medical records, including inpatient, outpatient, and emergency room treatment, all clinical charts, reports, documents, correspondence, test results, statements, questionnaires/histories, office and doctors' handwritten notes, and records received by other physicians, dated from _____ (seven years prior to the date of the subject surgery) to the present.

     \*    All autopsy, laboratory, histology, cytology, pathology, radiology, CT Scan, MRI, echocardiogram and cardiac catheterization reports, dated from _____ (seven years prior to the date of the subject surgery) to the present.

     \*    All radiology films, mammograms, myelograms, CT scans, photographs, bone scans, pathology/cytology/histology/autopsy/immunohistochemistry specimens, cardiac catheterization videos/CDs/films/reels, and echocardiogram videos, dated from _____ (seven years prior to the date of the subject surgery) to the present.

     \*    All pharmacy/prescription records, including NDC numbers and drug information handouts/monographs, dated from _____ (seven years prior to the date of the subject surgery) to the present.

     \*    All billing records including all statements, itemized bills, and insurance records, dated from _____ (seven years prior to the date of the subject surgery) to the present.

1.    **To my medical provider: this authorization is being forwarded by, or on behalf of, attorneys for the defendant for the purpose of litigation. You are not authorized to discuss any aspect of the above-named person's medical history, care, treatment, diagnosis, prognosis, information revealed by or in the medical records, or any other matter bearing on his or her medical or physical condition, unless you receive an additional authorization permitting such discussion. Subject to all applicable legal objections, this restriction does not apply to discussing my medical history, care, treatment, diagnosis, prognosis, information revealed by or in the medical records, or any other matter bearing on my medical or physical condition at a deposition or trial.**

2.  I understand that the information in my health record may include information relating to information about behavioral or mental health services and treatment for alcohol and drug abuse.

3.  I understand that I have the right to revoke this authorization at any time. I understand that if I revoke this authorization, I must do so in writing and present my written revocation to the health information management department. I understand the revocation will not apply to information that has already been released in response to this authorization. I understand the revocation will not apply to my insurance company when the law provides my insurer with the right to contest a claim under my policy. Unless otherwise revoked, this authorization will expire in one year.

4.  I understand that authorizing the disclosure of this health information is voluntary. I can refuse to sign this authorization. I need not sign this form in order to assure treatment. I understand I may inspect or copy the information to be used or disclosed as provided in C.F.R. 164.524. I understand that any disclosure of information carries with it the potential for an unauthorized re-disclosure and the information may not be protected by federal confidentiality rules. If I have questions about disclosure of my health information, I can contact the releaser indicate above.

5.  A notarized signature is not required. C.F.R. 164.508. A copy of this authorization may be used in place of an original.

Print Name: _Michael Dixon_____ (plaintiff/representative)

Signature: _Michael Dixon_____ Date: _2·22·18_

## Attachment A to Pretrial Order NO. 14 – Plaintiff Fact Sheet Supplement

Since the portal did not allow the full ability to address all questions, the following points need to be supplemented to the online plaintiff fact sheet form.

➤ Section II, question 16: If answer is "No", plaintiff asserts answer of "No" is incorrect and should be "I do not recall". However, the portal did not allow this to be entered.

➤ Section III, question 1: If Bair Hugger usage is unknown at this time, no is answered, however, it needs to be understood that discovery is still ongoing.

➤ Section VI, question 2: Plaintiff asserts that this request may call for medical information unknown to or beyond plaintiff's understanding; however, plaintiff still documents to the best of plaintiff ability in the questions thereafter.

➤ Section VI, question 6: Plaintiff asserts that plaintiff does not recall any oral or written information being provided concerning the Bair Hugger system prior to the surgery which caused infection. However, plaintiff reserves the right to refresh his or her recollection after reviewing documents. Furthermore, the answer of "No" is incorrect and should be "I do not recall". However, the portal did not allow this to be entered.

➤ Section VI, question 7 and question 8: Plaintiff asserts an answer of "I do not recall" and the answer of "No" is incorrect. The portal did not allow entering the answer of "I do not recall".

➤ Section VI, question 9: This question is not applicable to the plaintiff.

➤ Section VII, question 1: "Claim for time missed from work due to treatment relating to Bair Hugger. Specific amount has not been calculated. Discovery is ongoing." This is the correct answer to this question, but the portal did not allow this function.

➤ Section VIII, question 2: Plaintiff asserts an answer of "I do not recall" and the answer of "No" is incorrect. The portal did not allow entering the answer of "I do not recall".