




| | Benjamin W. Hulse |
|---|---|
| | Direct Dial: 612-343-3256 |
| | E-Mail: bhulse@blackwellburke.com |

June 6, 2018

**VIA EMAIL AND U.S. MAIL**
Daniel A. Nigh
Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, P.A
316 South Baylen St. Suite 400
Pensacola, Florida 32502
dnigh@levinlaw.com

      Re:    *In re Bair Hugger Forced Air Warming Devices Products Liability Litigation*
             MDL No. 2666 – Deficiencies in Plaintiff Fact Sheet for Individual Case
             *Tawes, George v. 3M Company* Case No.: 0:18-cv-00678-JNE-FLN

Dear Counsel:

We are in receipt of the Plaintiff Fact Sheet (PFS) for the above-captioned matter. The PFS has core deficiencies, as set forth in the enclosed report.

Paragraph 4 of Pretrial Order No. 14 defines core deficiencies as "a lack of response to all questions in Section I, Section II, and Section III; Section IV, questions 1, 3, 7, 8, 9, 10; Section V, questions 5, 6, and 7; Section VI, questions 1, 3, 6, 7, 8, and 9; Section VII, questions 1 and 2; Section 8, question 2; Section IX, questions 1, 3, and 4, or lack of signed medical authorizations." Paragraph 3 further requires a signed verification.

In addition, the instructions on the PFS form prohibit leaving spaces blank and provide as follows: "If a question is not applicable to you, please state 'Not Applicable' or 'N/A.'" In our review, many deficiencies resulted from a plaintiff leaving one or more spaces blank.

Pursuant to paragraph 6 of PTO 14, within 3 weeks of the date of this letter, you must respond in writing by either (1) curing the deficiencies (by serving a revised, verified PFS through Plaintiffs' portal); (2) disputing the deficiencies and setting forth the reasons the PFS is not deficient; or (3) explaining why the deficiencies cannot be timely cured. When serving a revised, verified PFS through Plaintiff's portal, you do not need to resubmit documents that were previously served with the original PFS. This is a final deficiency notice for this matter.

Sincerely,

s/ Benjamin W. Hulse

Benjamin W. Hulse

cc: Plaintiffs' Co-Lead Counsel
Enclosure

| | |
|---|---|
| Plaintiffs' Last Name | Tawes |
| Plaintiffs' First Name | George |
| Case No. | 0:18-cv-00678 |
| Section I (Case Information) | |
| Section I - Incomplete Questions | |
| Section II (Personal Information) | Incomplete |
| Section II - Incomplete Questions | 9 |
| Section III (Surgery Information) | Incomplete |
| Section III - Incomplete Questions | 1 |
| Section IV - 1 (Vital Statistics) | |
| Section IV - 3 (Healthcare Providers) | |
| Section IV - 7 (Pharmacies/Drugstores) | |
| Section IV - 8 (Dental Procedures) | |
| Section IV - 9 (Tobacco) | |
| Section IV - 10 (Drug/Alcohol) | |
| Section V - 4 (Disability Claims) | |
| Section V - 5 (Lawsuits) | |
| Section V - 6 (Bankruptcy) | |
| Section VI - 1 (Physical Injury) | |
| Section VI - 3 (Emotional Distress) | |
| Section VI - 6 (Warnings) | |
| Section VI - 7 (3M/Arizant Communications) | |
| Section VI - 8 (3M/Arizant Warranty) | |
| Section VI - 9 (Augustine) | |
| Section VII - 1 (Lost Past Wages) | |
| Section VII - 2 (Lost Future Wages) | |
| Section VIII - 2 (Verbal/Written Statement) | |
| Section IX - 1 (Consortium Name etc.) | |
| Section IX - 3 (Residences) | |
| Section IX - 4 (Married) | |
| X.01 - Signed Authorization | |
| X.02.d - Documents - Signed Verification | |
| I.03.b - Plaintiffs' Counsel's Firm | Levin, Papantonio |
| I.03.e - Plaintiffs' Counsel's Email | dnigh@levinlaw.com |