IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

**IN RE: BAIR HUGGER FORCED AIR WARMING DEVICE PRODUCTS LIABILITY LITIGATION**

**MDL No. 15-md-02666 (JNE/DTS)**

**This Document Relates to:**
Mario D'Andrea, 0:16-cv-02298-JNE-DTS

---

## MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO COMPLY WITH PRETRIAL ORDER NO. 14

Plaintiff, Mario D'Andrea (hereinafter "Mr. D'Andrea") submits this Memorandum in Opposition to Defendants' Motion to Dismiss.

## INTRODUCTION

3M Company and Arizant Healthcare, Inc. ("defendants") asked this Court to dismiss Mr. D'Andrea's case, with prejudice, because as of September 6, 2018, Plaintiff failed to cure core deficiencies following Defendants' final deficiency Letter. However, counsel asserts that this is not the case and that the PFS corresponding deficiencies were cured prior to defendants' Motion to Dismiss.

## FACTS

Counsel filed Mr. D'Andrea's complaint on July 1, 2016. Counsel submitted a partial PFS on December 21, 2016 via an electronic zip folder. On January 20, 2017, the defendants issued a deficiency on his PFS **(Exhibit A).** Plaintiff responded to the deficiency on February 8, 2017 with the following **(Exhibit B):**

*"Deficiencies canot be cured at this time as we hae not been able to contact client but will continue to make a diligent effort to do so."*

Another deficiency was issued on March 8, 2017 **(Exhibit C)** and responded to on March 24, 2017 with the following **(Exhibit D)**:

*"Plaintiff Fact Sheet was submitted on Elijah portal on 3/22/2017 to cure deficiency."*

A third deficiency was issued on April 17, 2017 **(Exhibit E)**. Plaintiff responded to the deficiency on May 5, 2017 with the following **(Exhibit F):**

*"Plaintiff Fact Sheet was submitted on Elijah portal on 3/22/2017 to cure deficiency."*

On November 27, 2017 Plaintiff sent a supplemental response **(Exhibit G).** Defendants' then issued a fourth deficiency on July 10, 2018, which was 440 days after the last deficiency response, stating there were core deficiencies **(Exhibit H).** Plaintiff responded to the deficiency on July 19, 2018 with the following **(Exhibit I):**

*"Pursuant to paragraph 4 of PTO 14, "Within four (4) weeks of receipt of a PFS, Defendant's shall notify the individual Plaintiff's counsel of any core deficiencies…"*

*Plaintiff's counsel responded to previous deficiency on May 5, 2017, which was 440 days ago. With regards to PTO 14, this deficiency notice is overdue. However, in the spirit of cooperating, Plaintiff responds as follows:*

*Section II.   #2.   The Plaintiff does not have a driver's license.*

*#5   The Plaintiff does not have Medicare.*

*#6   Plaintiff does not recall his address from 2007-January 2014.*

*#7     Margaret Dandrea (Deceased); 7/20/1953; 1996-4/27/2016; Death of Spouse*

*#8     Sarah Dandrea: 9/23/1991*

*Gino Dandrea: 8/12/1992*

*#9     Wilson Jr. High School; Detroit, Michigan; 1962-1969; N/A; N/A*

*#10    Downtown Mobile; Auto Mechanic; Does not recall the exact years he was employed but stopped working in 1992.*

*Section III. #1.    These questions are unclear whether they are seeking plaintiff's independent knowledge or whether attorney has information to answer these questions. The instruction in bold before these questions is to produce responsive information that is in the possession of the plaintiff or plaintiff's attorney. In the spirit of cooperation, plaintiff's attorney responds to answer question 1 as "yes" and provides the specifics regarding proof that a Bair Hugger system was utilized: a. In the medical billing records, a Bair Hugger warming unit was shown to have been utilized. b. Plaintiff's attorney discovered this information. C. Unknown at this time; Discovery is ongoing. D. Unknown at this time; Discovery is ongoing.*

*Section IV. #1 5' 3", 197 lbs*

*#7 Central Drug Store-2434 Georgetown Rd., Cleveland, TN 37311; 2000-Present*

*#8 N/A*

*Re-Verification Page"*

Defendants' then filed a Motion to Dismiss for failure to comply with Pretrial Order No. 14 where for the first time they state that they need to know the specific date that plaintiff's counsel became aware that a Bair Hugger was utilized during Mr. D'Andrea's initial surgery. Defendants also listed a deficiency on their Motion to Dismiss that was not previously mentioned in the four prior deficiencies, being Section 5, Number 5. Counsel, attempted to meet and confer with defendants and informed defendant that plaintiff did not have prior personal knowledge of a Bair Hugger being used. Additionally, plaintiff's counsel provided the following date on which we received records indicating that a Bair Hugger was utilized and the information regarding Section 5.

"Mario D'Andrea—we received records confirming Bair Hugger usage on 11/30/2017. He also has no prior lawsuits"

Defendants then said plaintiff needed to provide the exact document in which Bair Hugger usage was shown, even though that was not pointed out in any prior deficiency notice. Counsel then provided the exact document indicating Bair Hugger usage to defendant (**Exhibit J**). Defendants then stated that now, for the first time since January of 2017, they will no longer accept service of responses via email or U.S. mail and will not stand down from their Motion to Dismiss until an amended PFS is uploaded via the portal with a signed verification, even though Mr. D'Andrea has already provided previous verification pages of deficiency responses. Plaintiff's counsel have always responded to deficiencies in writing via email and U.S. mail and have done so for over a hundred cases and now at this time, after filing a motion to dismiss, defendants counsel will no longer

accept the response via email or U.S Mail. Plaintiff's counsel has continued to cooperate with Defendant's on curing deficiencies.

**ARGUMENT**

Mr. D'Andrea submitted his PFS and cured his deficiencies in a timely manner. Therefore, the plaintiff respectfully requests this Honorable Court deny the defendants' Motion to Dismiss Mr. D'Andrea's case with prejudice.

Dated:  September 13, 2018

Respectfully submitted,

**LEVIN, PAPANTONIO, THOMAS, MITCHELL, RAFFERTY & PROCTOR, P.A.**

/s/ Daniel A. Nigh_____
Daniel A. Nigh (FL # 030905)
316 S. Baylen Street, Suite 600
Pensacola, FL 32502-5996
Phone:  (850) 435-7000
Email:  dnigh@levinlaw.com
**ATTORNEY FOR PLAINTIFF**