## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE: BAIR HUGGER FORCED AIR WARMING DEVICES PRODUCTS LIABILITY LITIGATION | MDL No. 15-md-2666(JNE/FLN) |
| This document relates to: | |
| LOUIS E. BELLANDE and BONNIE L. BELLANDE, | |
| Plaintiffs, | |
| vs. | Civil Action No. 16-cv-02700 |
| 3M COMPANY, A Delaware Corporation, and ARIZANT HEALTHCARE, INC., a Delaware Corporation, | |
| Defendants. | |

_____

## MOTION FOR SUBSTITUTION OF PARTY

NOW COMES Plaintiffs Louis E. Bellande and Bonnie L. Bellande, by and through undersigned counsel, and submit this Motion for Substitution of Party and would respectfully show the Court the following:

### INTRODUCTION

Plaintiff Louis E. Bellande passed away on December 22, 2017. Bonnie L. Bellande, in her intended capacity as Administrator of the Estate of Louis E. Bellande, seeks to be

named as a substituted Plaintiff pursuant to Illinois state law.[1] Mrs. Bellande was the spouse of Plaintiff Louis E. Bellande, and is already named as an individual plaintiff in this matter. Additionally, Mrs. Bellande has completed a Small Estate Affidavit pursuant to Illinois law.[2]

## ARGUMENT

Illinois state law specifies that the spouse is entitled to preference in obtaining Letters Testamentary on behalf of a decedent's estate.[3] Ms. Bellande is currently moving forward with probate proceedings in Dupage County, Illinois to be named the personal representative of Louis E. Bellande's estate. Upon a determination that Mrs. Bellande can serve as the personal representative of the estate from the probate court, Mrs. Bellande will be considered a "proper party" to the suit and may rightfully be substituted. As Mr. Bellande's widow and the recipient of certain property owned by Mr. Bellande through a Small Estate Affidavit, there is no reason to expect that Mrs. Bellande would be denied appointment.

Likewise, Mrs. Bellande would be a proper party under Rule 25(a) of the Federal Rules of Civil Procedure once her status as administrator is established. A motion for substitution of parties under Rule 25(c) falls within the discretion of the District Court. *ELCA Enterprises, Inc. v. Sisco Equipt. Rental & Sales, Inc.*, 53 F.3d 186, 190 (8th Cir. 1995). The purpose of Rule 25(c) is to allow litigation to continue unabated when an

---

[1] *See* 735 ILL. COMP. STAT. ANN. 5/2-1008.
[2] *See* Exhibit A, Small Estate Affidavit.
[3] *See* 755 ILL. COMP. STAT. ANN. 5/9-3.

interest in a lawsuit changes hands. *Id.* A "proper party" for substitution under Rule 25(c) when the original Plaintiff is deceased is the decedent's legal representative. *In re Baycol Products Litig.,* 616 F.3d 778, 783 (8th Cir. 2010). Thus, when Mrs. Bellande is named personal representative by the probate court, she may rightfully continue Mr. Bellande's claim.

## **CONCLUSION**

Once Mrs. Bellande's legal capacity as the administrator of the estate of her husband, Louis E. Bellande, is established, she would be considered a proper party to be substituted under Rule 25(a). Accordingly, Plaintiffs request that this Court grant the motion to substitute party.

In the alternative, Plaintiffs respectfully request that the Court grant an extension of ninety (90) days to allow for time for any probate proceedings to conclude. Upon conclusion of any such probate proceedings and issuance of the appropriate order from the probate court, Mrs. Bellande will be able to demonstrate legal capacity to pursue this action under both Illinois and federal law.

Respectfully submitted,

KENNEDY HODGES, LLP
By: /s/ David W. Hodges
David W. Hodges
dhodges@kennedyhodges.com
Gabriel A. Assaad
gassaad@kennedyhodges.com
4409 Montrose Blvd. Ste 200
Houston, TX 77006
Telephone: (713) 523-0001
Facsimile: (713) 523-1116

ATTORNEYS FOR PLAINTIFFS

5

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 13, 2018, a copy of the foregoing Motion for Substitution of Plaintiff was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ David W. Hodges
David W. Hodges