

KIMBERLY LAMBERT ADAMS
BRIAN H. BARR
MICHAEL C. BIXBY
M. ROBERT BLANCHARD
BRANDON L. BOGLE
W. TROY BOUK
WESLEY A. BOWDEN
VIRGINIA M. BUCHANAN
WILLIAM F. CASH III
JEFF GADDY
REBECCA D. GILLILAND
(LICENSED ONLY IN ALABAMA)

RACHAEL R. GILMER
FREDRIC G. LEVIN
MARTIN H. LEVIN
ROBERT M. LOEHR
STEPHEN A. LUONGO
M. JUSTIN LUSKO
NEIL E. McWILLIAMS, JR.
CLAY MITCHELL
PETER J. MOUGEY
DANIEL A. NIGH
TIMOTHY M. O'BRIEN

MIKE PAPANTONIO
CHRISTOPHER G. PAULOS
EMMIE J. PAULOS
A. RENEE PRESTON
ROBERT E. PRICE
MARK J. PROCTOR
TROY A. RAFFERTY
MATTHEW D. SCHULTZ
W. CAMERON STEPHENSON
THOMAS A. TAYLOR
LEO A. THOMAS
BRETT VIGODSKY



(LICENSED IN WASHINGTON, D.C. AND MARYLAND)

LEFFERTS L. MABIE, JR. (1925-1996)
D.L. MIDDLEBROOKS (1926-1997)
DAVID H. LEVIN (1928-2002)
STANLEY B. LEVIN (1938-2009)

July 19, 2018

**VIA REGULAR MAIL AND EMAIL**

Benjamin W. Hulse
Blackwell Burke P.A
431 South Seventh Street
Suite 2500
Minneapolis, MN 55415
bhulse@blackwellburke.com

    Re:    *In re Bair Hugger Forced Air Warming Devices Products Liability Litigation*
MDL No. 2666 – Deficiencies in Plaintiff Fact Sheet for Individual Case
*Mario D'andrea v. 3M Company*, Case No. 0:16-cv-02298-JNE-FLN

Dear Counsel:

    Pursuant to paragraph 6 of PTO 14, please see attached documentation to cure deficiencies for the above captioned case.

                               Sincerely,

                               Daniel A. Nigh

DAN/ec
Enclosure

Response to Deficiencies

*Mario Dandrea v. 3M Company,* Case No. 0:16-cv-02298-JNE-FLN

**Pursuant to paragraph 4 of PTO 14, "Within four (4) weeks of receipt of a PFS, Defendant's shall notify the individual Plaintiff's counsel of any core deficiencies..."**

Plaintiff's counsel responded to previous deficiency on May 5, 2017, which was 440 days ago. With regards to PTO 14, this deficiency notice is overdue. However, in the spirit of cooperating, Plaintiff responds as follows:

| | | |
|---|---|---|
| Section II. | #2. | The Plaintiff does not have a driver's license. |
| | #5 | The Plaintiff does not have Medicare. |
| | #6 | Plaintiff does not recall his address from 2007-January 2014. |
| | #7 | Margaret Dandrea (Deceased); 7/20/1953; 1996-4/27/2016; Death of Spouse |
| | #8 | Sarah Dandrea: 9/23/1991<br>Gino Dandrea: 8/12/1992 |
| | #9 | Wilson Jr. High School; Detroit, Michigan; 1962-1969; N/A; N/A |
| | #10 | Downtown Mobile; Auto Mechanic; Does not recall the exact years he was employed but stopped working in 1992. |
| Section III. | #1. | These questions are unclear whether they are seeking plaintiff's independent knowledge or whether attorney has information to answer these questions. The instruction in bold before these questions is to produce responsive information that is in the possession of the plaintiff or plaintiff's attorney. In the spirit of cooperation, plaintiff's attorney responds to answer question 1 as "yes" and provides the specifics regarding proof that a Bair Hugger system was utilized: a. In the medical billing records, a Bair Hugger warming unit was shown to have been utilized. b. Plaintiff's attorney discovered this information. |

        c. Unknown at this time; Discovery is ongoing. d. Unknown at this time; Discovery is ongoing.

**Section IV.**

    #1.    5'3"; 197 lbs.
#7    Central Drug Store-2434 Georgetown Rd., Cleveland, TN 37311; 2000-present
#8    N/A

**Re-verification Page**

Pursuant to cure the defendant's deficiency and abide by Pre Trial Order 14, I declare that the given response(s) are true.

**REVERIFICATION**

MARIO G. DANDREA
Print Name

*Mario Dandrea*
Signature

July 16th 200-18  7-16-218
Date