# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: Bair Hugger Forced Air Warming Products Liability Litigation | MDL No. 15-2666 (JNE/FLN) |
| This Document Relates To: | **DEFENDANTS' OPPOSITION TO MOTION TO SUBSTITUTE PARTIES** |
| *Bonnie L. Bellande*, 16-cv-02700-JNE-FLN | |

The Court should deny Bonnie L. Bellande's motion for substitution because it does not establish that she is a proper party for substitution under Federal Rule of Civil Procedure 25(a). Substitution should also be denied because the suggestion of death was filed outside the 90-day deadline set by Pretrial Order No. 23 ("PTO 23"). Ms. Bellande and her counsel have failed to prove it was impossible to file a timely suggestion of death, as the Court required them to do in its recent order. MDL 2666, ECF No. 1440, Order.

## ARGUMENT

### I.  THE MOTION TO SUBSTITUTE DOES NOT ESTABLISH THAT MS. BELLANDE IS A PROPER PARTY UNDER RULE 25(a).

Ms. Bellande's motion acknowledges that she has not been appointed the personal representative of Mr. Bellande and therefore is not yet a proper party for substitution under Rule 25. She states that "Bonnie L. Bellande, in her *intended* capacity as Administrator of the Estate of Louis E. Bellande, seeks to be named as a substituted Plaintiff pursuant to Illinois state law" and that Mrs. Bellande "*would be* a proper party under Rule 25(a) of the Federal Rules of Civil Procedure *once* her status as administrator is established." MDL

2666, ECF No. 1505 at 2 (emphasis added). Because she is not a proper party today, her motion must be denied.

Furthermore, PTO 23(C)(2) requires that "[i]f applicable state law requires the opening of an estate and the appointment of a personal representative to pursue the claims of a deceased plaintiff, plaintiff's counsel shall initiate or cause to be initiated proceedings to open an estate and/or obtain the appointment of a personal representative for plaintiff within ninety days of the plaintiff's death. . . ." Although Ms. Bellande states her intention to be appointed as Mr. Bellande's "administrator," there is no proof that Ms. Bellande has in fact petitioned an Illinois court for that appointment. Moreover, only a special representative, not an administrator, may pursue a survival action under Illinois law. ILL. COMP. STAT. ANN. § 5/13-209(a)(2) (providing that a court may appoint a special representative for the deceased on the verified motion of a party entitled to participate in the deceased's estate). The purpose of Ms. Bellande's small estate affidavit was to allow for transfer of assets *without opening an estate*. 755 ILL. COMP. STAT. ANN. 5/25-1. It is not part of the required process for appointment as personal representative.

### II. THE SUGGESTION OF DEATH WAS FILED LATE AND IT WAS NOT IMPOSSIBLE TO DISCOVER THE PLAINTIFF'S DEATH.

Under PTO 23, a suggestion of death must be filed within 90 days of entry of the Order, or the death of the plaintiff, whichever is later. PTO 23(A). Plaintiff Louis E. Bellande passed away on December 22, 2017, making his suggestion of death due on April 8, 2018. Plaintiff's counsel failed to file a timely suggestion of death for Mr. Bellande. Accordingly, on July 24, 2018, Defendants moved to dismiss the case per PTO 23(E)

("Plaintiff's failure to comply with provisions A, B or C of this Order will entitle Defendants to request a dismissal of a plaintiff's action with prejudice in accordance with Fed. R. Civ. P. 25(a)"). ECF No. 1377. In their response to Defendants' motion to dismiss, Mr. Bellande's counsel stated that they were informed of Mr. Bellande's death on April 17, 2018. But even after learning of Mr. Bellande's death, they did not file a suggestion of death until almost 2 months later, on June 15, 2018.

On August 16, 2018, the Court ordered counsel for plaintiffs "to show why, as counsel argues, it was impossible to comply with PTO 23 and maintain sufficient contact to learn of Plaintiff Bellande's passing earlier. If counsel fails to establish this impossibility, Defendants may, on or after September 20, 2018, move to dismiss Plaintiff Bellande with prejudice." MDL 2666, ECF No. 1440, Order.

In their supplemental response, Mr. Bellande's counsel aver that they called their client on January 26, 2018, and did not get an answer. MDL 2666, ECF No. 1432, at 2. Counsel's next phone call to their client was nearly three months later, on April 17, 2018, when they purportedly learned about Mr. Bellande's death. *Id.* These facts do not, however, establish that it was impossible to maintain sufficient contact to learn of Plaintiff Bellande's passing earlier. His counsel fail to offer any explanation for their nearly three-month delay in reaching out to the Bellandes after their unsuccessful phone call in January.

For these additional reasons, Ms. Bellande's motion to substitute should be denied.

Dated: September 20, 2018  Respectfully submitted,

 /s/ Benjamin W. Hulse
Jerry W. Blackwell (MN #186867)
Benjamin W. Hulse (MN #0390952)
Mary S. Young (MN #0392781)
BLACKWELL BURKE P.A.
431 South Seventh Street, Suite 2500
Minneapolis, MN 55415
Phone: (612) 343-3248
Fax: (612) 343-3205
Email: blackwell@blackwellburke.com
      bhulse@blackwellburke.com
      myoung@blackwellburke.com

Bridget M. Ahmann (MN #016611x)
FAEGRE BAKER DANIELS LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
Phone: (612) 766-7000
Fax: (612) 766-1600
Email: bridget.ahmann@faegrebd.com

**Counsel for Defendants 3M Company and Arizant Healthcare Inc.**