UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE: BAIR HUGGER FORCED AIR WARMING DEVICES PRODUCTS LIABILITY LITIGATION | MDL No. 15-md-2666(JNE/DTS) |
| This document relates to: | |
| LOUIS E. BELLANDE and BONNIE L. BELLANDE,<br><br>      Plaintiffs, | Civil Action No. 16-cv-02700 |

## PLAINTIFFS' REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR SUBSTITUION OF PARTY

NOW COMES Plaintiffs Louis E. Bellande and Bonnie L. Bellande, by and through undersigned counsel, and submit their Reply to Defendants' Response to Plaintiffs' Motion for Substitution of Party and would respectfully show the Court the following.

### ARGUMENT

### I.   Bonnie Bellande is a Proper Party Under Rule 25(a)

Defendants' claim in their Response that Ms. Bellande is not a proper party under Rule 25(a) because she is now in the process of obtaining appointment to represent Mr. Bellande's estate in the proper capacity necessary to pursue a lawsuit on behalf of the estate. Although Ms. Bellande has not been appointed as of yet, she is in the process of obtaining the proper appointment. Ms. Bellande has represented to counsel that she has engaged the services of a probate attorney with Pluymert, MacDonald, Hargrove & Lee,

LTD in the Chicago, Illinois metropolitan area to assist with the probate proceeding necessary to obtain the proper appointment to continue this case.

Further, given her status as the widow of Mr. Bellande and the recipient of property under the Small Estate Affidavit issued soon after Mr. Bellande's death,[1] there is no reason whatsoever to expect that she will not be suitable for appointment to represent Mr. Bellande's estate in the pending litigation. Ms. Bellande is also already a party to this lawsuit in her own right, as she was named in the short form complaint as a Plaintiff to pursue her own claims, including a loss of consortium claim. As a result, counsel for Plaintiffs does not expect there to be any issue with appointment of Ms. Bellande to the proper role.

## II.    Late Filing of Suggestion of Death is Irrelevant to the Subject Motion

Although the timing of the filing of the Suggestion of Death is wholly irrelevant to Plaintiffs' pending motion—aside from determining the proper timeframe under Pretrial Order No. 23 to file the Motion to Substitute Party[2]—Defendants nevertheless take the opportunity to "beat a dead horse" in their response regarding the timing of the Suggestion of Death.[3] The issue regarding the filing of the Suggestion of Death has been fully briefed and is currently before the Court. Defendants referencing it in their response to the present Motion is redundant at best, and at worst is an improper supplement to their current briefing

---

[1] *See* Dkt. 1505, Plaintiffs' Motion to Substitute Party, Exhibit A.
[2] The Suggestion of Death for this case was filed on June 15, 2018. Dkt. 7, 16-cv-02700. Plaintiffs' Motion to Substitute Party was filed within 90 days, on September 13, 2018. Dkt. 1505. Plaintiffs' Motion to Substitute was timely pursuant to both PTO 23 *and* FRCP Rule 25.
[3] Dkt. 1524, Defendants' Opposition to Motion to Substitute Parties, Section II.

on the subject beyond that allowed under the Federal Rules of Civil Procedure or the District of Minnesota Local Rules without an Order from the Court permitting such supplemental briefing.[4] Plaintiffs therefore request that the Court disregard that portion of Defendants' response pertaining to the Suggestion of Death.

Plaintiffs also remind the Court that the Plaintiff Executive Committee filed a Motion to Amend Pretrial Order No. 23 on September 19, 2018.[5] One of the primary purposes is the amendment of PTO 23 to do away with the 90-day deadline to file the Suggestion of Death for a given case, for the reasons outlined in further detail in that motion. Accordingly, Plaintiffs request that the Court refrain from ruling against the instant Motion—or any other pending motion regarding this case—on the basis that the Suggestion of Death was untimely until the pending Motion to Amend PTO 23 is ruled upon.

## **CONCLUSION**

Ms. Bonne L. Bellande is the widow of Plaintiff Louis E. Bellande and is already a party to this lawsuit in her own right. There is nothing to suggest that she would not be appointed as representative of Mr. Bellande's estate. Regardless, once Ms. Bellande's legal capacity as Mr. Bellande's personal representative is unequivocally established through the probate process, she would be considered a proper party to be substituted under Rule 25(a). Accordingly, Plaintiffs request that this Court grant the motion to substitute party.

---

[4] *See* D. Minn. L. R. 7.1(g); *see, e.g., Lagermeier v. Boston Scientific Corp.*, 2011 WL 4549175, *3 (D. Minn. Sept. 29, 2011).
[5] *See* Dkt. 1517, Plaintiffs' Motion to Amend Pretrial Order No. 23.

3

In the alternative, Plaintiff respectfully requests that the Court grant an extension of ninety (90) days to allow for time for any probate proceedings to conclude. Upon conclusion of any such probate proceedings and issuance of the appropriate order from the probate court, Ms. Bellande will demonstrate legal capacity to pursue this action under Illinois and Federal law.

Dated: September 25, 2018

                                            KENNEDY HODGES, LLP

                                            By: /s/ David W. Hodges
                                            David W. Hodges
                                            dhodges@kennedyhodges.com
                                            Gabriel A. Assaad
                                            gassaad@kennedyhodges.com
                                            4409 Montrose Blvd. Ste 200
                                            Houston, TX 77006
                                            Telephone: (713) 523-0001
                                            Facsimile: (713) 523-1116

                                            ATTORNEYS FOR PLAINTIFFS