**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

In re: BAIR HUGGER FORCED AIR                MDL No. 15-2666 (JNE/DTS)
WARMING DEVICES PRODUCTS
LIABILITY LITIGATION

This Document Relates to:
Case Nos.:
17-cv-01701 *(Wright v. 3M Company)*
17-cv-02426 *(Johnson v. 3M Company)*
17-cv-02901 *(Moore v. 3M Co., et al.)*
17-cv-04754 *(Weaver v. 3M Co., et al.)*
17-cv-04967 *(Ewing v. 3M Company)*
17-cv-04881 *(Potter v. 3M Co., et al.)*
17-cv-04891 *(Edwards v. 3M Co., et al.)*
17-cv-05052 *(Hanks v. 3M Co., et al.)*
17-cv-05270 *(Johnston v. 3M Co., et al.)*
17-cv-05277 *(Billings v. 3M Co., et al.)*
17-cv-05327 *(Lykes-Traver v. 3M Company)*
17-cv-05371 *(Bresnock v. 3M Co., et al.)*
17-cv-05426 *(Meyers v. 3M Company)*
18-cv-00045 *(Swales v. 3M Co., et al.)*
18-cv-00146 *(Goodrum v. 3M Co., et al.)*
18-cv-00167 *(Shoaf v. 3M Co., et al.)*
18-cv-00262 *(Brabham v. 3M Co., et al.)*
18-cv-00575 *(Ballasso v. 3M Co., et al.)*
18-cv-00628 *(Boyle v. 3M Co., et al.)*
18-cv-00660 *(Doyle v. 3M Co., et al.)*
18-cv-00665 *(Hughes v. 3M Co., et al.)*
18-cv-00676 *(Bunk v. 3M Company)*
18-cv-00690 *(Dupont v. 3M Company)*
18-cv-00758 *(Butler v. 3M Co., et al.)*
18-cv-00802 *(Brown v. 3M Co., et al.)*
18-cv-00839 *(Pavia v. 3M Co., et al.)*
18-cv-00840 *(Stidham v. 3M Co., et al.)*
18-cv-00842 *(Wiggins v. 3M Co., et al.)*
18-cv-00856 *(Negron v. 3M Co., et al.)*
18-cv-00881 *(Willimon v. 3M Co., et al.)*
18-cv-01009 *(Woelfel v. 3M Co., et al.)*
18-cv-01137 *(Chapman v. 3M Company)*
18-cv-01154 *(Lombardo v. 3M Company)*
18-cv-01175 *(Collins v. 3M Co., et al.)*

18-cv-01283 *(Winegar v. 3M Co., et al.)*
18-cv-01345 *(Lane v. 3M Co., et al.)*

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' FIFTEENTH MOTION TO DISMISS FOR FAILURE TO COMPLY WITH PRETRIAL ORDER NO. 14

This Motion supersedes Defendants' Fourteenth Motion to Dismiss for Failure to Comply with Pretrial Order No. 14 (Dkt. No. 1463), and Defendants are now only seeking dismissal of the cases that have been included in Defendants' Fifteen Motion to Dismiss for Failure to Comply with Pretrial Order No. 14.

Pursuant to the Court's Pretrial Order No. 14 ("PTO 14"), entered September 27, 2016, Defendants 3M Company and Arizant Healthcare Inc. (collectively, "Defendants") respectfully move the Court to dismiss the following plaintiffs' cases for failure to comply with PTO 14:

| Case Number | Plaintiff | Firm Name |
|---|---|---|
| 0:17-cv-01701-JNE-DTS | Wright | Levin, Papantonio, Thomas, Mitchell, Rafferty, & Proctor, P.A. |
| 0:17-cv-02426-JNE-DTS | Johnson | Levin, Papantonio, Thomas, Mitchell, Rafferty, & Proctor, P.A. |
| 0:17-cv-02901-JNE-DTS | Moore | Kennedy Hodges, L.L.P. |
| 0:17-cv-04754-JNE-DTS | Weaver | Kennedy Hodges, L.L.P. |
| 0:17-cv-04881-JNE-DTS | Potter | Bernstein Liebhard LLP |
| 0:17-cv-04891-JNE-DTS | Edwards | Bernstein Liebhard LLP |
| 0:17-cv-04967-JNE-DTS | Ewing | Levin, Papantonio, Thomas, Mitchell, Rafferty, & Proctor, P.A. |

| | | |
|---|---|---|
| 0:17-cv-05052-JNE-DTS | Hanks | Brown & Crouppen, P.C. |
| 0:17-cv-05270-JNE-DTS | Johnston | Bernstein Liebhard LLP |
| 0:17-cv-05277-JNE-DTS | Billings | Bernstein Liebhard LLP |
| 0:17-cv-05327-JNE-DTS | Lykes-Traver | Levin, Papantonio, Thomas, Mitchell, Rafferty, & Proctor, P.A. |
| 0:17-cv-05371-JNE-DTS | Bresnock | Bernstein Liebhard LLP |
| 0:17-cv-05426-JNE-DTS | Meyers | Levin, Papantonio, Thomas, Mitchell, Rafferty, & Proctor, P.A. |
| 0:18-cv-00045-JNE-DTS | Swales | Bernstein Liebhard LLP |
| 0:18-cv-00146-JNE-DTS | Goodrum | GoldenbergLaw, PLLC |
| 0:18-cv-00167-JNE-DTS | Shoaf | The Miller Firm, LLC |
| 0:18-cv-00262-JNE-DTS | Brabham | The Law Offices of Travis R. Walker, P.A. |
| 0:18-cv-00575-JNE-DTS | Ballasso | Gustafson Gluek PLLC |
| 0:18-cv-00628-JNE-DTS | Boyle | Langdon & Emison |
| 0:18-cv-00660-JNE-DTS | Doyle | Kennedy Hodges, L.L.P. |
| 0:18-cv-00665-JNE-DTS | Hughes | Bachus & Schanker LLC |
| 0:18-cv-00676-JNE-DTS | Bunk | Levin, Papantonio, Thomas, Mitchell, Rafferty, & Proctor, P.A. |
| 0:18-cv-00690-JNE-DTS | Dupont | Levin, Papantonio, Thomas, Mitchell, Rafferty, & Proctor, P.A. |
| 0:18-cv-00758-JNE-DTS | Butler | Fears Nachawati, PLLC |
| 0:18-cv-00802-JNE-DTS | Brown | The Olinde Firm, LLC |
| 0:18-cv-00839-JNE-DTS | Pavia | Fears Nachawati, PLLC |
| 0:18-cv-00840-JNE-DTS | Stidham | Fears Nachawati, PLLC |
| 0:18-cv-00842-JNE-DTS | Wiggins | Fears Nachawati, PLLC |
| 0:18-cv-00856-JNE-DTS | Negron | The Law Offices of Travis R. Walker, P.A. |
| 0:18-cv-00881-JNE-DTS | Willimon | Pendley, Baudin & Coffin, LLP |

| 0:18-cv-01009-JNE-DTS | Woelfel | Brown Chiari, LLP |
|---|---|---|
| 0:18-cv-01137-JNE-DTS | Chapman | Levin, Papantonio, Thomas, Mitchell, Rafferty, & Proctor, P.A. |
| 0:18-cv-01154-JNE-DTS | Lombardo | Levin, Papantonio, Thomas, Mitchell, Rafferty, & Proctor, P.A. |
| 0:18-cv-01175-JNE-DTS | Collins | Bernstein Liebhard LLP |
| 0:18-cv-01283-JNE-DTS | Winegar | Bernstein Liebhard LLP |
| 0:18-cv-01345-JNE-DTS | Lane | Meshbesher & Spence |

As set forth below, there are three (3) categories of cases where plaintiffs have failed to serve a Plaintiff Fact Sheet ("PFS") compliant with the requirements set forth by the Court in PTO 14: (a) cases where no PFS has been served by plaintiff; (b) cases where plaintiff served a PFS with core deficiencies, and failed to cure them or otherwise respond to Defendants' first or second deficiency letter; and (c) cases where plaintiff served a PFS with core deficiencies, and failed to cure them after Defendants' final deficiency letter. Defendants placed the above cases on the agenda for two sequential Court status conferences, and dismissal with prejudice is therefore appropriate under PTO 14, ¶ 8.

## **ARGUMENT**

The Court's Pretrial Order No. 14, entered September 27, 2016, sets forth the protocol for the form and service of the PFS, signed medical authorization, and supporting documents in cases filed in and transferred to this proceeding. Under PTO 14, a plaintiff whose case was pending on the date of the order was required to serve a completed and signed PFS, medical authorization, and supporting documents within 90 days of the date of the order. PTO 14, ¶ 2. For a plaintiff whose case was transferred after the date of the

order, the due date for service of these same documents is 90 days after the filing of the plaintiff's complaint or completion of the transfer to this proceeding, whichever is later. *Id*. All PFSs must be verified by the individual plaintiff under oath. *See* PTO 14, ¶ 3.

Once a PFS has been served, defendants have four (4) weeks from receipt within which to notify plaintiff's counsel of any core deficiencies to the PFS, "defined as a lack of response to all questions in Section I, Section II, and Section III; Section IV, questions 1, 3, 7, 8, 9, 10; Section V, questions 5, 6, and 7; Section VI, questions 1, 3, 6, 7, 8, and 9; Section VII, questions 1 and 2; Section 8, question 2; Section IX, questions 1, 3, and 4; or lack of signed medical authorizations." PTO 14, ¶ 4.

If defendants timely serve a letter outlining the deficiencies to the PFS, plaintiff's counsel is required to respond in writing within three (3) weeks of the date of service by: "(1) curing the alleged deficiencies; (2) disputing the alleged deficiencies and setting forth reasons the PFS is not deficient; or (3) explaining why the alleged deficiencies cannot be timely cured." PTO 14, ¶ 6.

Cases where there are disputes concerning PFS deficiencies requiring the Court's attention may be placed on the Court's status conference agenda. PTO 14, ¶ 7. Should a case appear on the agenda for two (2) sequential status conferences, "Defendants may make a motion for dismissal for failure to comply with this Court's Pretrial Order as to the allegedly delinquent party." PTO 14, ¶ 8.

## A. Cases Where No PFS Has Been Served

In this motion, Defendants seek dismissal of the following nine (9) cases where plaintiffs failed to serve the PFS as required by PTO 14 and, to date, remain delinquent:

| Case Number | Plaintiff | Date Filed | PFS Due Date | Firm Name |
|---|---|---|---|---|
| 0:18-cv-00758-JNE-DTS | Butler | 3/20/2018 | 6/18/2018 | Fears Nachawati, PLLC |
| 0:18-cv-00802-JNE-DTS | Brown | 3/23/2018 | 6/21/2018 | The Olinde Firm, LLC |
| 0:18-cv-00839-JNE-DTS | Pavia | 3/26/2018 | 6/24/2018 | Fears Nachawati, PLLC |
| 0:18-cv-00840-JNE-DTS | Stidham | 3/26/2018 | 6/24/2018 | Fears Nachawati, PLLC |
| 0:18-cv-00842-JNE-DTS | Wiggins | 3/26/2018 | 6/24/2018 | Fears Nachawati, PLLC |
| 0:18-cv-00856-JNE-DTS | Negron | 3/27/2018 | 6/25/2018 | The Law Offices of Travis R. Walker, P.A. |
| 0:18-cv-01009-JNE-DTS | Woelfel | 4/25/2018 | 7/24/2018 | Brown Chiari, LLP |
| 0:18-cv-01175-JNE-DTS | Collins | 4/30/2018 | 7/29/2018 | Bernstein Liebhard LLP |
| 0:18-cv-01283-JNE-DTS | Winegar | 5/08/18 | 8/06/2018 | Bernstein Liebhard LLP |

**B. Cases Where a PFS Was Served with Core Deficiencies, and Plaintiff Failed to Cure or Otherwise Respond to Defendants' Deficiency Letter**

Additionally, Defendants are seeking dismissal of the following ten (10) cases where: (1) plaintiffs each submitted a PFS that contained core deficiencies, (2) Defendants

notified plaintiffs of the core deficiencies,[1] and (3) plaintiffs failed to cure or otherwise

respond to the Defendants' first and/or second deficiency letter:[2, 3]

| Case Number | Plaintiff | Deficiency Letter Sent | Firm Name |
|---|---|---|---|
| 0:17-cv-04754-JNE-DTS | Weaver | 6/19/2018 | Kennedy Hodges, L.L.P. |
| 0:17-cv-04881-JNE-DTS | Potter* | 5/07/2018 | Bernstein Liebhard LLP |
| 0:17-cv-04891-JNE-DTS | Edwards# | 4/17/2018 | Bernstein Liebhard LLP |
| 0:17-cv-05270-JNE-DTS | Johnston# | 4/17/2018 | Bernstein Liebhard LLP |
| 0:17-cv-05277-JNE-DTS | Billings# | 4/17/2018 | Bernstein Liebhard LLP |
| 0:17-cv-05371-JNE-DTS | Bresnock* | 5/07/2018 | Bernstein Liebhard LLP |
| 0:18-cv-00045-JNE-DTS | Swales* | 5/07/2018 | Bernstein Liebhard LLP |
| 0:18-cv-00167-JNE-DTS | Shoaf | 6/04/2018 | The Miller Firm, LLC |
| 0:18-cv-00575-JNE-DTS | Ballasso | 6/27/2018 | Gustafson Gluek PLLC |

---

[1] *See* Declaration of Benjamin W. Hulse ("Hulse Decl."), Ex. A (Deficiency letters sent to Plaintiffs listed in Part B).

[2] An asterisk next to a plaintiff's name indicates that the Court gave the plaintiff until August 31, 2018 to cure the core deficiencies identified in Defendants' prior Motion to Dismiss for Failure to Comply with PTO 14. *See* Order, Dkt. No. 1431. The Court expressly warned that if these cases were not cured by the 31st, "the Court will grant the motion to dismiss these Plaintiffs with prejudice." *Id.* at 3. Because each of these plaintiffs failed to timely cure the core deficiencies, their cases are ripe for dismissal. *See Id*; *see also* Addendum 1 (outlining remaining core deficiencies in the most-recent PFS as of the August 31st deadline).

[3] An octothorpe next to a plaintiff's name indicates that plaintiff's counsel agreed to cure specifically-identified core deficiencies before the filing of Defendants' Fourteenth Motion to Dismiss for Failure to Comply with PTO 14. *See* Hulse Decl., Ex. B (August 8 and 9, 2018 emails between the parties setting forth the agreement). In exchange for this agreement, Defendants withdrew their Thirteenth Motion to Dismiss for Failure to Comply with PTO 14 as to these cases. *Id.* Because each of these plaintiffs failed to cure the core deficiencies, their cases are ripe for dismissal. *See id*; *see also* PTO 14, ¶ 8; Addendum 1 (outlining remaining core deficiencies as of the date of filing of Defendants' Fourteenth Motion to Dismiss for Failure to Comply with PTO 14).

| 0:18-cv-00660-JNE-DTS | Doyle | 7/11/2018 | Kennedy Hodges, L.L.P. |

To comply with PTO 14, each plaintiff was required to respond to Defendants' deficiency letter by either curing or disputing the deficiencies, or explaining why the deficiencies could not be cured. *See* PTO 14, ¶ 6. Plaintiffs above failed to respond to Defendants' deficiency letters, and numerous core deficiencies remain uncured. *See attached* Addendum 1 (outlining PFS core deficiencies for each plaintiff in Part B).

### C. Cases Where a PFS Was Served with Core Deficiencies, and Plaintiff Failed to Cure Following Defendants' Final Deficiency Letter

Lastly, Defendants are seeking dismissal of the following seventeen (17) cases where plaintiffs were served a final deficiency notice in response to a PFS or amended PFS and failed to cure the core deficiencies identified in Defendants' final deficiency letters.[4]

| Case Number | Plaintiff | Third Deficiency Letter Sent | Firm Name |
|---|---|---|---|
| 0:17-cv-01701-JNE-DTS | Wright[5] | 6/22/2018 | Levin, Papantonio, Thomas, Mitchell, Rafferty, & Proctor, P.A. |
| 0:17-cv-02426-JNE-DTS | Johnson | 6/22/2018 | Levin, Papantonio, Thomas, Mitchell, Rafferty, & Proctor, P.A. |
| 0:17-cv-02901-JNE-DTS | Moore | 2/14/2018 | Kennedy Hodges, L.L.P. |

---

[4]*See* Hulse Decl., Ex. C (Final Deficiency Letters Sent to Plaintiffs Listed in Part C).

[5] Plaintiffs have objected to the deficiency notices in *Wright* (17-cv-1701), *Johnson* (17-2426), and *Chapman* (18-cv-1137). However, Plaintiffs have not disputed the underlying deficiencies contained in these notices.

| | | | |
|---|---|---|---|
| 0:17-cv-04967-JNE-DTS | Ewing | 6/22/2018 | Levin, Papantonio, Thomas, Mitchell, Rafferty, & Proctor, P.A. |
| 0:17-cv-05052-JNE-DTS | Hanks | 6/06/2018 | Brown & Crouppen, P.C. |
| 0:17-cv-05327-JNE-DTS | Lykes-Traver | 6/18/2018g | Levin, Papantonio, Thomas, Mitchell, Rafferty, & Proctor, P.A. |
| 0:17-cv-05426-JNE-DTS | Meyers | 6/10/2018 | Levin, Papantonio, Thomas, Mitchell, Rafferty, & Proctor, P.A. |
| 0:18-cv-00146-JNE-DTS | Goodrum | 7/05/2018 | GoldenbergLaw, PLLC |
| 0:18-cv-00262-JNE-DTS | Brabham | 6/18/2018 | The Law Offices of Travis R. Walker, P.A. |
| 0:18-cv-00628-JNE-DTS | Boyle | 7/02/2018 | Langdon & Emison |
| 0:18-cv-00665-JNE-DTS | Hughes | 7/05/2018 | Bachus & Schanker LLC |
| 0:18-cv-00676-JNE-DTS | Bunk | 7/05/2018 | Levin, Papantonio, Thomas, Mitchell, Rafferty, & Proctor, P.A. |
| 0:18-cv-00690-JNE-DTS | Dupont | 7/05/2018 | Levin, Papantonio, Thomas, Mitchell, Rafferty, & Proctor, P.A. |
| 0:18-cv-00881-JNE-DTS | Willimon | 7/24/2018 | Pendley, Baudin & Coffin, LLP |
| 0:18-cv-01137-JNE-DTS | Chapman | 6/11/2018 | Levin, Papantonio, Thomas, Mitchell, Rafferty, & Proctor, P.A. |
| 0:18-cv-01154-JNE-DTS | Lombardo | 7/03/2018 | Levin, Papantonio, Thomas, Mitchell, Rafferty, & Proctor, P.A. |
| 0:18-cv-01345-JNE-DTS | Lane | 7/23/2018 | Meshbesher & Spence |

Defendants sent each plaintiff above a final deficiency letter providing notice of the outstanding core deficiencies in his or her PFS, and to date the core deficiencies have not be cured. *See attached* Addendum 2 (outlining uncured core deficiencies remaining for

each plaintiff in Part C).  Now that several months have passed since the Defendants' final deficiency letters were sent, it is appropriate to seek dismissal of these cases.

### D.  All Cases Were on the Agenda for Two (2) Sequential Status Conferences

Defendants placed before the Court the cases set forth above in Parts A, B, and C, for two sequential Court status conferences – the first on August 16, 2018, and the second on September 17, 2018.[6]  Consistent with the Court's recent orders dismissing with prejudice several plaintiffs' cases for failure to comply with PTO 14, the above cases are ripe for dismissal with prejudice under PTO 14, ¶ 8.

### E.  The Court Should Dismiss Plaintiffs' Cases with Prejudice

The Court's authority to dismiss these cases with prejudice is beyond question, and indeed was exercised by the Court recently in its orders entered January 19, 2018 [Dkt. No. 1060], February 15, 2018 [Dkt. No. 1100], March 12, 2018 [Dkt. No. 1167], May 1, 2018 [Dkt. No. 1237], May 22, 2018 [Dkt. No. 1257], June 20, 2018 [Dkt. No. 1298], July 24, 2018 [Dkt. No. 1376], and August 20, 2018 [Dkt. No. 1431] (dismissing with prejudice multiple plaintiffs' cases for failure to comply with PTO 14).  The Court has made clear that "[e]ven for failures to respond, noncompliance with a court order can 'constitute[] a pattern of intentional delay meriting dismissal with prejudice' under Rule 41(b)."  *See* Order, (Dkt. No. 862), at 2 (internal citation omitted).  The Court further explained that PTO 14 required plaintiffs to respond to requests for information in the PFS in lieu of

---

[6] *See* Hulse Decl., Ex. D (August 10, 2018 email from M. Young to Court attaching Defendants' August PFS Lists 1, 2, and 3) and Ex. E (September 17, 2018 email from B. Hulse to Court attaching Defendants' September PFS Lists 1, 2, and 3).

discovery, provided plaintiffs with the opportunity to cure any deficiencies, and "warned expressly of dismissal" should plaintiffs fail to comply.  *Id*.  Plaintiffs also were warned through the Court's prior orders dismissing with prejudice cases for failure to comply with PTO 14.  *Id.*  Accordingly, "if PTO 14's opportunity to cure has run, a plaintiff's continued noncompliance is a pattern of intentional delay" warranting dismissal with prejudice.  *Id.*

Plaintiffs identified above have failed to comply with PTO 14 by either failing to submit the required PFS (Part A cases), providing no response to Defendants' deficiency letters (Part B cases), or failing to cure deficiencies after service of Defendants' final deficiency letter (Part C cases).  Because all the cases identified above in Parts A, B, and C were listed on at least two sequential status conference agendas, "the opportunity to cure has run."  Accordingly, dismissal of these cases with prejudice is proper and appropriate.

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court dismiss with prejudice the following cases:

| Case Number | Plaintiff | Firm Name |
|---|---|---|
| 0:17-cv-01701-JNE-DTS | Wright | Levin, Papantonio, Thomas, Mitchell, Rafferty, & Proctor, P.A. |
| 0:17-cv-02426-JNE-DTS | Johnson | Levin, Papantonio, Thomas, Mitchell, Rafferty, & Proctor, P.A. |
| 0:17-cv-02901-JNE-DTS | Moore | Kennedy Hodges, L.L.P. |
| 0:17-cv-04754-JNE-DTS | Weaver | Kennedy Hodges, L.L.P. |
| 0:17-cv-04881-JNE-DTS | Potter | Bernstein Liebhard LLP |
| 0:17-cv-04891-JNE-DTS | Edwards | Bernstein Liebhard LLP |

| 0:17-cv-04967-JNE-DTS | Ewing | Levin, Papantonio, Thomas, Mitchell, Rafferty, & Proctor, P.A. |
|---|---|---|
| 0:17-cv-05052-JNE-DTS | Hanks | Brown & Crouppen, P.C. |
| 0:17-cv-05270-JNE-DTS | Johnston | Bernstein Liebhard LLP |
| 0:17-cv-05277-JNE-DTS | Billings | Bernstein Liebhard LLP |
| 0:17-cv-05327-JNE-DTS | Lykes-Traver | Levin, Papantonio, Thomas, Mitchell, Rafferty, & Proctor, P.A. |
| 0:17-cv-05371-JNE-DTS | Bresnock | Bernstein Liebhard LLP |
| 0:17-cv-05426-JNE-DTS | Meyers | Levin, Papantonio, Thomas, Mitchell, Rafferty, & Proctor, P.A. |
| 0:18-cv-00045-JNE-DTS | Swales | Bernstein Liebhard LLP |
| 0:18-cv-00146-JNE-DTS | Goodrum | GoldenbergLaw, PLLC |
| 0:18-cv-00167-JNE-DTS | Shoaf | The Miller Firm, LLC |
| 0:18-cv-00262-JNE-DTS | Brabham | The Law Offices of Travis R. Walker, P.A. |
| 0:18-cv-00575-JNE-DTS | Ballasso | Gustafson Gluek PLLC |
| 0:18-cv-00628-JNE-DTS | Boyle | Langdon & Emison |
| 0:18-cv-00660-JNE-DTS | Doyle | Kennedy Hodges, L.L.P. |
| 0:18-cv-00665-JNE-DTS | Hughes | Bachus & Schanker LLC |
| 0:18-cv-00676-JNE-DTS | Bunk | Levin, Papantonio, Thomas, Mitchell, Rafferty, & Proctor, P.A. |
| 0:18-cv-00690-JNE-DTS | Dupont | Levin, Papantonio, Thomas, Mitchell, Rafferty, & Proctor, P.A. |
| 0:18-cv-00758-JNE-DTS | Butler | Fears Nachawati, PLLC |
| 0:18-cv-00802-JNE-DTS | Brown | The Olinde Firm, LLC |
| 0:18-cv-00839-JNE-DTS | Pavia | Fears Nachawati, PLLC |
| 0:18-cv-00840-JNE-DTS | Stidham | Fears Nachawati, PLLC |
| 0:18-cv-00842-JNE-DTS | Wiggins | Fears Nachawati, PLLC |

| 0:18-cv-00856-JNE-DTS | Negron | The Law Offices of Travis R. Walker, P.A. |
| 0:18-cv-00881-JNE-DTS | Willimon | Pendley, Baudin & Coffin, LLP |
| 0:18-cv-01009-JNE-DTS | Woelfel | Brown Chiari, LLP |
| 0:18-cv-01137-JNE-DTS | Chapman | Levin, Papantonio, Thomas, Mitchell, Rafferty, & Proctor, P.A. |
| 0:18-cv-01154-JNE-DTS | Lombardo | Levin, Papantonio, Thomas, Mitchell, Rafferty, & Proctor, P.A. |
| 0:18-cv-01175-JNE-DTS | Collins | Bernstein Liebhard LLP |
| 0:18-cv-01283-JNE-DTS | Winegar | Bernstein Liebhard LLP |
| 0:18-cv-01345-JNE-DTS | Lane | Meshbesher & Spence |

Dated: October 4, 2018

Respectfully submitted,

*s/Benjamin W. Hulse*
Jerry W. Blackwell (MN #186867)
Benjamin W. Hulse (MN #0390952)
Mary S. Young (MN #0392781)
BLACKWELL BURKE P.A.
431 South Seventh Street, Suite 2500
Minneapolis, MN 55415
Phone: (612) 343-3200
Fax: (612) 343-3205
Email: blackwell@blackwellburke.com
bhulse@blackwellburke.com
myoung@blackwellburke.com

Bridget M. Ahmann (MN #016611x)
FAEGRE BAKER DANIELS LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
Phone: (612) 766-7000
Email: bridget.ahmann@faegrebd.com

***Counsel for Defendants 3M Company and Arizant Healthcare Inc.***

**Addendum 1**

**Uncured PFS Core Deficiencies for Cases Listed in Part B**

| Plaintiff/Case Number | Deficiency Letter Sent | Uncured PFS Core Deficiencies | Firm Name |
|---|---|---|---|
| Weaver, Donna 0:17-cv-04754 | 6/19/2018 | **Section II (Personal Information)** Part 2: No response to driver's license number and state of issue. Part 5: No response to Medicare HICN number. Part 6: Provided a prior residence for the last 10 years, but did not provide dates of residence. Part 9: No response to educational background. Part 10: No response to employers for last 10 years. Part 11: No response to prior military service. Part 12: No response to rejection for military service due to medical/physical conditions. Part 13: No response to convictions in the last 10 years Part 14: No response to visiting websites regarding patient warming systems. Part 15: No response to internet postings concerning Defendants. Part 16: No response to possession of drawings journals, slides, notes, letters or emails. **Section IV (General Medical Information)** Part 1: No response to current or last height/weight. Part 7: No response to pharmacies used. Part 8: No response to prior dental visits. | Kennedy Hodges, L.L.P. |

| | | | |
|---|---|---|---|
| | | **Section V (Insurance/Claim Information)**<br>Part 4: No response to prior disability claims.<br>Part 5: No response to prior lawsuits.<br>Part 6: No response to prior bankruptcies.<br><br>**Section VI (Current Claim Information)**<br>Part 1: Indicates having suffered physical/bodily injury related to use of Bair Hugger and date she became aware of injury, but no response to other symptoms, missing activities, or other physical harm.<br>Part 3: No response to damages related to emotional distress/psychological injuries.<br>Part 6: No response regarding Bair Hugger warnings.<br>Part 9: No response to contacts with Augustine Temperature Management.<br><br>**Section VII (Economic Damages)**<br>Part 1:  No response to claim for loss of past wages/income.<br>Part 2:  No response to claim for loss of future wages/income.<br><br>**Section VIII (Persons With Knowledge)**<br>Part 2: No response to persons providing facts/circumstances relating this lawsuit.<br><br>**Medical Authorization:** Not provided.<br>**Verification:** Not provided | |
| Potter, Karen<br>0:17-04881 | 5/07/2018 | **Section VI (Current Claim Information)**<br>Part 1: Indicates prior injury related to Bair Hugger, and provides current symptoms, and lost activities, but does not respond to other harm. | Bernstein Liebhard LLP |

| Edwards, Renate 0:17-cv-04891 | 4/17/2018 | **Section IV (General Medical Information)** Part 7: Provides pharmacies used, but does not provide dates of use for pharmacies. **Section VI (Current Claim Information)** Part 3: Indicates damages related to emotional distress/psychological injuries, but does not provide date of onset. | Bernstein Liebhard LLP |
|---|---|---|---|
| Johnston, Todd 0:17-cv-05270 | 4/17/2018 | **Section III (Surgery Information)** Part 1: Indicates having information that the Bair Hugger system was used based on medical records, but does not provide a date on which the information was discovered by Plaintiff (responds only "Plaintiff does not recall") | Bernstein Liebhard LLP |
| Billings, Willard 0:17-cv-05277 | 4/17/2018 | **Section III (Surgery Information)** Part 1: Indicates having information that the Bair Hugger system was used based on medical records, but does not provide a date on which the information was discovered by Plaintiff (responds only "Plaintiff does not recall") **Section VI (Current Claim Information)** Part 3: Indicates damages related to emotional distress/psychological injuries, but does not provide date of onset. | Bernstein Liebhard LLP |
| Bresnock, Anne 0:17-cv-5371 | 5/07/2018 | **Section VII (Economic Damages)** Part 2: Indicates claim for loss of future wages/income, but states "Not applicable" for approximate amount lost and offers no basis for calculation (responds by stating that Plaintiff *is not* seeking a claim for lost future wages, but may amend to add that claim in the future). | Bernstein Liebhard LLP |

| Swales, Bertha 0:18-cv-00045 | 5/07/2018 | **Section VI (Current Claim Information)**<br>Part 1: Indicates prior injury related to Bair Hugger, and provides current symptoms, and lost activities, but does not respond to other harm. | Bernstein Liebhard LLP |
|---|---|---|---|
| Shoaf, Phillip 0:18-cv-00167 | 6/04/2018 | **Section II (Personal Information)**<br>Part 10: Provides employers for last 10 years, but does not provide full addresses for all employers.<br><br>**Section III (Surgery Information)**<br>Part 1: Indicates no evidence of Bair Hugger use.<br>Part 3: Hospital name, surgery date/location/ physician, type of surgery, reason for surgery, persons with whom plaintiff discussed risks of surgery, height/weight at time of surgery, and medical conditions at time of surgery provided, but responded "do not recall" to infections prior to surgery, and "no" to microbe causing infection.<br><br>**Section IV (General Medical Information)**<br>Part 3: Responded "N/A" to healthcare providers seven (7) years prior to surgery.<br>Part 9: Indicates use of tobacco but no response to Other description of tobacco use.<br><br>**Section VIII (Persons With Knowledge)**<br>Part 2: No response to persons providing facts/circumstances relating this lawsuit.<br><br>**Verification:** Invalid verification provided. Plaintiff re-used verification from the original PFS. | The Miller Firm, LLC |

| Ballasso, Marilyn 0:18-cv-00575 | 6/27/2018 | **Section II (Personal Information)** Part 1: Name, and SSN provided, but no response to other names used, address, length of time at present address and persons living with plaintiff at time of events at issue. Part 2: No response to driver's license number and state of issue. Part 3: Date of birth provided but not place of birth. Part 5: No response to Medicare HICN number. Part 6: Only provided one residence for the last 10 years and no start date of residency. Part 8: No response to having children. Part 9: No response to educational background. Part 10: No response to employers for last 10 years. Part 11: No response to prior military service. Part 12: No response to rejection for military service due to medical/physical conditions. Part 13: No response to convictions in the last 10 years Part 14: No response to visiting websites regarding patient warming systems. Part 15: No response to internet postings concerning Defendants. Part 16: No response to possession of drawings journals, slides, notes, letters or emails.  **Section III (Surgery Information)** Part 3: Hospital name, surgery date/location/ physician, type of surgery, reason for surgery, height/weight at time of surgery, and medical conditions at time of surgery provided, but no response to infections prior to surgery, | Gustafson Gluek PLLC |

| | | persons with whom plaintiff discussed risks of surgery, and cause of infection. Part 4: No response to opinions on causation. Part 5: No response to tests or inspections of Bair Hugger.

**Section IV (General Medical Information)**
Part 1: No response to current or last height/weight.
Part 7: Indicates pharmacies used, but no response to dates of use.
Part 8: No response to prior dental visits.
Part 9: No response to use of tobacco.
Part 10: No response to treatment for drugs/alcohol.

**Section V (Insurance/Claim Information)**
Part 4: No response to prior disability claims.
Part 5: No response to prior lawsuits.
Part 6: No response to prior bankruptcies.

**Section VI (Current Claim Information)**
Part 1: Indicates having suffered physical/bodily injury related to use of Bair Hugger, but no response to current symptoms, lost activities, or other physical harm.
Part 3: No response to damages related to emotional distress/psychological injuries.
Part 6: No response regarding Bair Hugger warnings.
Part 7: No response regarding 3M/Arizant communications regarding surgery/Bair Hugger. | |

| | | Part 8: No response regarding 3M/Arizant communication regarding Bair Hugger warranty. Part 9: No response to contacts with Augustine Temperature Management.<br><br>**Section VII (Economic Damages)**<br>Part 1: No response to claim for loss of past wages/income.<br>Part 2: No response to claim for loss of future wages/income.<br><br>**Section VIII (Persons With Knowledge)**<br>Part 2: No response to persons providing facts/circumstances relating this lawsuit.<br><br>**Section IX (Loss of Consortium)**<br>No response to any question<br><br>**Medical Authorization:** Not provided.<br>**Verification:** Not provided | |
|---|---|---|---|
| Doyle, Linda<br>0:18-cv-00660 | 7/11/2018 | **Section II (Personal Information)**<br>Part 1: Name, address, and SSN provided, but no response to other names used, length of time at present address and persons living with plaintiff at time of events at issue.<br>Part 2: No response to driver's license number and state of issue.<br>Part 3: Date of birth provided but not place of birth.<br>Part 5: No response to Medicare HICN number.<br>Part 6: No response to residences for the last 10 years.<br>Part 8: No response to having children.<br>Part 9: No response to educational background.<br>Part 10: No response to employers for last 10 years.<br>Part 11: No response to prior military service. | Kennedy Hodges, L.L.P. |

| | | | |
|---|---|---|---|
| | | Part 12: No response to rejection for military service due to medical/physical conditions.<br>Part 13: No response to convictions in the last 10 years<br>Part 14: No response to visiting websites regarding patient warming systems.<br>Part 15: No response to internet postings concerning Defendants.<br>Part 16: No response to possession of drawings journals, slides, notes, letters or emails.<br><br>**Section IV (General Medical Information)**<br>Part 1: No response to current or last height/weight.<br>Part 7: No response to pharmacies used.<br>Part 8: No response to prior dental visits.<br>Part 9: No response to use of tobacco.<br>Part 10: No response to treatment for drugs/alcohol.<br><br>**Section V (Insurance/Claim Information)**<br>Part 4: No response to prior disability claims.<br>Part 5: No response to prior lawsuits.<br>Part 6: No response to prior bankruptcies.<br><br>**Section VI (Current Claim Information)**<br>Part 1: No response to having suffered physical/bodily injury related to use of Bair Hugger.<br>Part 3: No response to damages related to emotional distress/psychological injuries.<br>Part 6: No response regarding Bair Hugger warnings. | |

| | | | |
|---|---|---|---|
| | | Part 7: No response regarding 3M/Arizant communications regarding surgery/Bair Hugger.<br>Part 8: No response regarding 3M/Arizant communication regarding Bair Hugger warranty.<br>Part 9: No response to contacts with Augustine Temperature Management.<br><br>**Section VII (Economic Damages)**<br>Part 1:  No response to claim for loss of past wages/income.<br>Part 2:  No response to claim for loss of future wages/income.<br><br>**Section VIII (Persons With Knowledge)**<br>Part 2: No response to persons providing facts/circumstances relating this lawsuit.<br><br>**Medical Authorization:** Not provided.<br>**Verification:** Not provided | |

**Addendum 2**

**Uncured PFS Core Deficiencies for Cases Listed in Part C**

| Plaintiff/Case Number | Final Deficiency Letter Sent | Uncured PFS Core Deficiencies | Firm Name |
|---|---|---|---|
| Wright, Michael 0:17-cv-01701 | 6/22/2018 | **Section III (Surgery Information)** Part 1: Indicates Bair Hugger system was used during surgery, but answers "unknown at this time; discovery is ongoing" for when Bair Hugger use was discovered.<br><br>**Section V (Insurance/Claim Information)** Part 6: No response to prior bankruptcies.<br><br>**Verification:** Not provided | Levin, Papantonio, Thomas, Mitchell, Rafferty, Proctor P.A. |
| Johnson, J. Edwards 0:17-cv-02426 | 6/22/2018 | **Section II (Personal Information)** Part 1: Name, and SSN provided, but responded "Unknown" for other names used, and "Unknown at this time" persons living with plaintiff at time of events at issue. Part 6: Provided a residence for the last 10 years, but does not indicate date residency began. Part 9: Responded "Unknown at this time" to educational background.<br><br>**Section III (Surgery Information)** Part 3: Hospital name, surgery date/location/ physician, type of surgery, reason for surgery, persons with whom plaintiff discussed risks of surgery, cause of infection, medical conditions at time of surgery, and height/weight at time of surgery, but | Levin, Papantonio, Thomas, Mitchell, Rafferty, Proctor P.A. |

| | | | |
|---|---|---|---|
| | | responded "Unknown at this time" to infections prior to surgery.<br><br>**Section IV (General Medical Information)**<br>Part 7: Responded "Unknown" to pharmacies used.<br>Part 8: Responded "Unknown" to prior dental visits.<br><br>**Verification:** Not provided | |
| Moore, Michael<br>0:17-cv-02901 | 2/14/2018 | **Section II (Personal Information)**<br>Part 1: Name, other names used, address, and SSN provided, but no response to length of time at present address and persons living with plaintiff at time of events at issue.<br>Part 2: No response to driver's license number and state of issue.<br>Part 3: Date of birth provided but not place of birth.<br>Part 5: No response to Medicare HICN number.<br>Part 6: Residence identified, but no response to dates of residency.<br>Part 14: No response to visiting websites regarding patient warming systems.<br>Part 15: No response to internet postings concerning Defendants.<br>Part 16: No response to possession of drawings journals, slides, notes, letters or emails.<br><br>**Section IV (General Medical Information)**<br>Part 1: No response to current or last height/weight.<br>Part 7: No response to pharmacies used.<br>Part 8: No response to prior dental visits. | Kennedy Hodges, L.L.P. |

| | | Part 10: No response to treatment for drugs/alcohol.<br><br>**Section V (Insurance/Claim Information)**<br>Part 4: No response to prior disability claims.<br>Part 5: No response to prior lawsuits.<br>Part 6: No response to prior bankruptcies.<br><br>**Section VI (Current Claim Information)**<br>Part 1: No response to having suffered physical/bodily injury related to use of Bair Hugger.<br>Part 3: No response to damages related to emotional distress/psychological injuries.<br><br>**Section VII (Economic Damages)**<br>Part 1:  No response to claim for loss of past wages/income.<br>Part 2:  No response to claim for loss of future wages/income.<br><br>**Section VIII (Persons With Knowledge)**<br>Part 2: No response to persons providing facts/circumstances relating this lawsuit.<br><br>**Section IX (Loss of Consortium)**<br>No response to any question<br><br>**Medical Authorization:** Not provided.<br>**Verification:** Not provided | |
| Ewing, Kelly<br>0:17-cv-04967 | 6/22/2018 | **Section IV (General Medical Information)**<br>Part 7: Indicates pharmacy used, but does not provide phone number. | Levin,<br>Papantonio,<br>Thomas,<br>Mitchell, |

| | | | |
|---|---|---|---|
| | | **Section VI (Current Claim Information)**<br>Part 3: Indicates damages related to emotional distress/psychological injuries, but does not provide date of onset. | Rafferty, Proctor P.A. |
| Hanks, Julie<br>0:17-cv-05052 | 6/06/2018 | **Section I (Case Information)**<br>Part 4: No response to any question regarding legal representative.<br><br>**Section II (Personal Information)**<br>Part 1: Name provided, but no response to other names used, address, SSN, length of time at present address and persons living with plaintiff at time of events at issue.<br>Part 2: No response to driver's license number and state of issue.<br>Part 3: No response to date or place of birth.<br>Part 5: No response to Medicare HICN number.<br>Part 6: No response to residences for the last 10 years.<br>Part 8: No response to having children.<br>Part 9: No response to educational background.<br>Part 10: No response to employers for last 10 years.<br>Part 11: No response to prior military service.<br>Part 12: No response to rejection for military service due to medical/physical conditions.<br>Part 13: No response to convictions in the last 10 years<br>Part 14: No response to visiting websites regarding patient warming systems.<br>Part 15: No response to internet postings concerning Defendants. | Brown & Crouppen, P.C. |

| | | | |
|---|---|---|---|
| | | Part 16: No response to possession of drawings journals, slides, notes, letters or emails.<br><br>**Section III (Surgery Information)**<br>Part 1: No response to evidence of Bair Hugger use.<br>Part 2: No response to use of laminar air flow system during surgery.<br>Part 3: Hospital name, surgery date/location/ physician, type of surgery, reason for surgery, infections prior to surgery, persons with whom plaintiff discussed risks of surgery, and cause of infection provided, but no response to height/weight at time of surgery and medical conditions at time of surgery.<br>Part 4: No response to opinions on causation.<br>Part 5: No response to tests or inspections of Bair Hugger.<br><br>**Section IV (General Medical Information)**<br>Part 1: No response to current or last height/weight.<br>Part 3: No response to healthcare providers seven (7) years prior to surgery.<br>Part 7: No response to pharmacies used.<br>Part 8: No response to prior dental visits.<br>Part 9: No response to use of tobacco.<br>Part 10: No response to treatment for drugs/alcohol.<br><br>**Section V (Insurance/Claim Information)**<br>Part 4: No response to prior disability claims.<br>Part 5: No response to prior lawsuits. | |

| | | | |
|---|---|---|---|
| | | Part 6: No response to prior bankruptcies.<br><br>**Section VI (Current Claim Information)**<br>Part 1: No response to having suffered physical/bodily injury related to use of Bair Hugger.<br>Part 3: No response to damages related to emotional distress/psychological injuries.<br>Part 6: No response regarding Bair Hugger warnings.<br>Part 7: No response regarding 3M/Arizant communications regarding surgery/Bair Hugger.<br>Part 8: No response regarding 3M/Arizant communication regarding Bair Hugger warranty.<br>Part 9: No response to contacts with Augustine Temperature Management.<br><br>**Section VII (Economic Damages)**<br>Part 1:  No response to claim for loss of past wages/income.<br>Part 2:  No response to claim for loss of future wages/income.<br><br>**Section VIII (Persons With Knowledge)**<br>Part 2: No response to persons providing facts/circumstances relating this lawsuit.<br><br>**Section IX (Loss of Consortium)**<br>No response to any question<br><br>**Medical Authorization:** Not provided.<br>**Verification:** Not provided | |
| Lykes-Tarver, Tracy<br>0:17-cv-05327 | 6/18/2018 | **Section II (Personal Information)**<br>Part 9: Responds "does not recall" to educational background. | Levin, Papantonio, Thomas, |

| | | Part 10: Responds "does not recall" to employers for last 10 years.<br><br>**Section III (Surgery Information)**<br>Part 1: Responds "Unknown at this time" to evidence of Bair Hugger use. | Mitchell, Rafferty, & Proctor, P.A. |
|---|---|---|---|
| Meyers, Leslie<br>0:17-cv-05426 | 6/10/2018 | **Section III (Surgery Information)**<br>Part 1: Indicates Bair Hugger system was used during surgery, but answers "unknown at this time; discovery is ongoing" for when Bair Hugger use was discovered.<br><br>**Section V (Insurance/Claim Information)**<br>Part 6: Indicates prior bankruptcy, but does no response to how case was resolved.<br><br>**Section VII (Economic Damages)**<br>Part 2:  Indicates claim for loss of future wages/income, but does not provide calculation for lost wages. | Levin, Papantonio, Thomas, Mitchell, Rafferty, & Proctor, P.A. |
| Goodrum, Vernon<br>0:18-cv-00146 | 7/05/2018 | **Section I (Case Information)**<br>Part 1: No response to person completing this form<br><br>**Section II (Personal Information)**<br>Part 1: Name, address, length of time at present address, and SSN provided, but no response to other names used, and persons living with plaintiff at time of events at issue.<br>Part 2: No response to driver's license number and state of issue.<br>Part 8: No response to having children.<br>Part 9: No response to educational background.<br>Part 10: Indicates an employer for last 10 years, but no response to dates of | GoldenbergLaw, PLLC |

| | | |
|---|---|---|
| | | employment, reason for leaving, or employer address.<br>Part 11: No response to prior military service.<br>Part 12: No response to rejection for military service due to medical/physical conditions.<br>Part 14: No response to visiting websites regarding patient warming systems.<br>Part 15: No response to internet postings concerning Defendants.<br>Part 16: No response to possession of drawings journals, slides, notes, letters or emails.<br><br>**Section III (Surgery Information)**<br>Part 3: Hospital name, surgery date/location/ physician, type of surgery, reason for surgery, persons with whom plaintiff discussed risks of surgery, cause of infection, height/weight at time of surgery and medical conditions at time of surgery provided, but no response to infections prior to surgery.<br><br>**Section IV (General Medical Information)**<br>Part 1: Provides last height, but not weight.<br>Part 7: No response to pharmacies used.<br>Part 8: No response to prior dental visits.<br>Part 9: Indicates use of tobacco, but no response to when tobacco use began.<br>Part 10: No response to treatment for drugs/alcohol.<br><br>**Section V (Insurance/Claim Information)** | |

| | | Part 4: No response to prior disability claims. Part 6: No response to prior bankruptcies. **Section VI (Current Claim Information)** Part 1: Indicates having suffered physical/bodily injury related to use of Bair Hugger, but no response to lost activities and other physical harm. Part 9: No response to contacts with Augustine Temperature Management. **Section VII (Economic Damages)** Part 1: No response to claim for loss of past wages/income. **Medical Authorization:** Not provided. **Verification:** Not provided | |
|---|---|---|---|
| Brabham, Earnest 0:18-cv-00262 | 6/18/2018 | **Section IV (General Medical Information)** Part 8: Indicates dental procedure, but does not provide a date of procedure or an address for the dentist. | The Law Offices of Travis R. Walker, P.A. |
| Boyle, Maureen 0:18-cv-00628 | 7/02/2018 | **Section V (Insurance/Claim Information)** Part 5: Indicates prior lawsuits but does not identify the court where the lawsuit was filed. | Langdon & Emison |
| Hughes, Wilbert 0:18-cv-00665 | 7/05/2018 | **Section VII (Economic Damages)** Part 2: Indicates claim for $40,000 loss of future wages/income, but provides no calculation as the basis for these damages. **Verification:** Improper verification – reused old verification. | Bachus & Schanker LLC |
| Bunk, Susan 0:18-cv-00676 | 7/05/2018 | **Section II (Personal Information)** | Levin, Papantonio, Thomas, |

| | | | |
|---|---|---|---|
| | | Part 10: Provides employers for last 10 years, but does not provide employer address.<br><br>**Section IV (General Medical Information)**<br>Part 7: Identifies pharmacies used, but does not provide phone number.<br><br>**Section VIII (Persons With Knowledge)**<br>Part 2: No response to persons providing facts/circumstances relating this lawsuit. | Mitchell, Rafferty, & Proctor, P.A. |
| Dupont, Roy<br>0:18-cv-00690 | 7/05/2018 | **Section II (Personal Information)**<br>Part 5: No response to Medicare HICN number.<br>Part 10: No response to employers for last 10 years.<br><br>**Section VIII (Persons With Knowledge)**<br>Part 2: No response to persons providing facts/circumstances relating this lawsuit. | Levin, Papantonio, Thomas, Mitchell, Rafferty, & Proctor, P.A. |
| Willimon, Brenda<br>0:18-cv-00881 | 7/24/2018 | **Section II (Personal Information)**<br>Part 10: Indicates employers for last 10 years, but does not provide address.<br><br>**Section IV (General Medical Information)**<br>Part 7: Indicates pharmacy used, but does not provide telephone number. | Pendley, Baudin & Coffin, LLP |
| Chapman, Joann<br>0:18-cv-01137 | 6/11/2018 | **Section II (Personal Information)**<br>Part 2: Provides driver's license number, but not state of issue.<br><br>**Section III (Surgery Information)**<br>Part 1: Indicates evidence of Bair Hugger use, but states "I do not recall | Levin, Papantonio, Thomas, Mitchell, Rafferty, & Proctor, P.A. |

| | | but reserve the right to refresh my recollection" for date of discovery.<br>**Section IX (Loss of Consortium)**<br>Part 1: Does not provide spouse's SSN. | |
|---|---|---|---|
| Lombardo, James<br>0:18-cv-01154 | 7/03/2018 | **Section VII (Economic Damages)**<br>Part 2:  Indicates claim for loss of future wages/income, but does not provide calculation for lost wages. | Levin, Papantonio, Thomas, Mitchell, Rafferty, & Proctor, P.A. |
| Lane, Tonya<br>0:17-cv-01345 | 7/23/2018 | **Section IV (General Medical Information)**<br>Part 7: Indicates pharmacy used, but does not provide phone number.<br><br>**Section VI (Current Claim Information)**<br>Part 3: Indicates damages related to emotional distress/psychological injuries, but no response to date of onset.<br><br>**Section VII (Economic Damages)**<br>Part 1:  Indicates claim for loss of past wages/income, but does not provide an amount or amount of wages for prior years beginning 3 years before injury.<br><br>**Verification:** Improper verification – re-dated a photocopy of an old verification. | Meshbesher & Spence |