# EXHIBIT A



**BLACKWELL BURKE** P.A.

Benjamin W. Hulse
Direct Dial: 612-343-3256
E-Mail: bhulse@blackwellburke.com

June 19, 2018

**VIA EMAIL AND U.S. MAIL**
David W. Hodges
Kennedy Hodges, L.L.P.
4409 Montrose Blvd, Ste 200
Houston, TX, 77006
mtg.kennedyhodges.com

> Re:  *In re Bair Hugger Forced Air Warming Devices Products Liability Litigation*
> MDL No. 2666 – Deficiencies in Amended Plaintiff Fact Sheet
> *Weaver, Donna v. 3M Company et al* Case No.: 0:17-cv-04754-JNE-FLN

Dear Counsel:

We are in receipt of the amended Plaintiff Fact Sheet (PFS) for the above-captioned matter.  The PFS still has core deficiencies, as set forth in the enclosed report.

Paragraph 4 of Pretrial Order No. 14 defines core deficiencies as "a lack of response to all questions in Section I, Section II, and Section III; Section IV, questions 1, 3, 7, 8, 9, 10; Section V, questions 5, 6, and 7; Section VI, questions 1, 3, 6, 7, 8, and 9; Section VII, questions 1 and 2; Section 8, question 2; Section IX, questions 1, 3, and 4, or lack of signed medical authorizations."  Paragraph 3 further requires a signed verification.

In addition, the instructions on the PFS form prohibit leaving spaces blank and provide as follows: "If a question is not applicable to you, please state 'Not Applicable' or 'N/A.'"  In our review, many deficiencies resulted from a plaintiff leaving one or more spaces blank.

Pursuant to paragraph 6 of PTO 14, within 3 weeks of the date of this letter, you must respond in writing by either (1) curing the deficiencies (by serving a further revised, verified PFS through Plaintiffs' portal); (2) disputing the deficiencies and setting forth the reasons the PFS is not deficient; or (3) explaining why the deficiencies cannot be timely cured.  When serving a revised, verified PFS through Plaintiff's portal, you do not need to resubmit documents that were previously served with the original PFS. This is the final deficiency notice for this matter.

Sincerely,

s/ Benjamin W. Hulse

Benjamin W. Hulse

cc: Plaintiffs' Co-Lead Counsel
Enclosure

| | |
|---|---|
| Plaintiffs' Last Name | Weaver |
| Plaintiffs' First Name | Donna |
| Case No. | 17-cv-4754 |
| Section I (Case Information) | |
| Section I - Incomplete Questions | |
| Section II (Personal Information) | Incomplete |
| Section II - Incomplete Questions | 02, 06, 09, 10, 11, 12, 13, 14, 15, 16 |
| Section III (Surgery Information) | |
| Section III - Incomplete Questions | |
| Section IV - 1 (Vital Statistics) | Incomplete |
| Section IV - 3 (Healthcare Providers) | |
| Section IV - 7 (Pharmacies/Drugstores) | Incomplete |
| Section IV - 8 (Dental Procedures) | Incomplete |
| Section IV - 9 (Tobacco) | |
| Section IV - 10 (Drug/Alcohol) | |
| Section V - 4 (Disability Claims) | Incomplete |
| Section V - 5 (Lawsuits) | Incomplete |
| Section V - 6 (Bankruptcy) | Incomplete |
| Section VI - 1 (Physical Injury) | Incomplete |
| Section VI - 3 (Emotional Distress) | Incomplete |
| Section VI - 6 (Warnings) | Incomplete |
| Section VI - 7 (3M/Arizant Communications) | |
| Section VI - 8 (3M/Arizant Warranty) | |
| Section VI - 9 (Augustine) | Incomplete |
| Section VII - 1 (Lost Past Wages) | Incomplete |
| Section VII - 2 (Lost Future Wages) | Incomplete |
| Section VIII - 2 (Verbal/Written Statement) | Incomplete |
| Section IX - 1 (Consortium Name etc.) | |
| Section IX - 3 (Residences) | |
| Section IX - 4 (Married) | |
| X.01 - Signed Authorization | Incomplete |
| X.02.d - Documents - Signed Verification | Incomplete |
| I.03.b - Plaintiffs' Counsel's Firm | Kennedy Hodges, L.L.P. |
| I.03.e - Plaintiffs' Counsel's Email | mtg@kennedyhodges.com |



BLACKWELL
BURKE P.A.

Benjamin W. Hulse
Direct Dial: 612-343-3256
E-Mail: bhulse@blackwellburke.com

May 7, 2018

**VIA EMAIL AND U.S. MAIL**
Daniel C. Burke
Bernstein Liebhard LLP
10 E. 40th Street
New York, NY 10016
dburke@bernlieb.com

Re:    *In re Bair Hugger Forced Air Warming Devices Products Liability Litigation*
MDL No. 2666 – Deficiencies in Plaintiff Fact Sheet for Individual Case
*Potter, Karen  v. 3M Company et al* Case No.: 0:17-cv-04881-JNE-FLN

Dear Counsel:

We are in receipt of the Plaintiff Fact Sheet (PFS) for the above-captioned matter. The PFS has core deficiencies, as set forth in the enclosed report.

Paragraph 4 of Pretrial Order No. 14 defines core deficiencies as "a lack of response to all questions in Section I, Section II, and Section III; Section IV, questions 1, 3, 7, 8, 9, 10; Section V, questions 5, 6, and 7; Section VI, questions 1, 3, 6, 7, 8, and 9; Section VII, questions 1 and 2; Section 8, question 2; Section IX, questions 1, 3, and 4, or lack of signed medical authorizations." Paragraph 3 further requires a signed verification.

In addition, the instructions on the PFS form prohibit leaving spaces blank and provide as follows: "If a question is not applicable to you, please state 'Not Applicable' or 'N/A.'" In our review, many deficiencies resulted from a plaintiff leaving one or more spaces blank.

Pursuant to paragraph 6 of PTO 14, within 3 weeks of the date of this letter, you must respond in writing by either (1) curing the deficiencies (by serving a revised, verified PFS through Plaintiffs' portal); (2) disputing the deficiencies and setting forth the reasons the PFS is not deficient; or (3) explaining why the deficiencies cannot be timely cured. When serving a revised, verified PFS through Plaintiff's portal, you do not need to resubmit documents that were previously served with the original PFS.

Sincerely,

s/ Benjamin W. Hulse

Benjamin W. Hulse

cc: Plaintiffs' Co-Lead Counsel
Enclosure

| | |
|---|---|
| Plaintiffs' Last Name | Potter |
| Plaintiffs' First Name | Karen |
| Case No. | 17-cv-04881 |
| Section I (Case Information) | |
| Section I - Incomplete Questions | |
| Section II (Personal Information) | Incomplete |
| Section II - Incomplete Questions | 2 |
| Section III (Surgery Information) | Incomplete |
| Section III - Incomplete Questions | 1 |
| Section IV - 1 (Vital Statistics) | |
| Section IV - 3 (Healthcare Providers) | |
| Section IV - 7 (Pharmacies/Drugstores) | |
| Section IV - 8 (Dental Procedures) | |
| Section IV - 9 (Tobacco) | |
| Section IV - 10 (Drug/Alcohol) | |
| Section IX - 1 (Consortium Name etc.) | |
| Section IX - 3 (Residences) | |
| Section IX - 4 (Married) | |
| Section V - 5 (Disability Claims) | |
| Section V - 6 (Lawsuits) | |
| Section V - 7 (Bankruptcy) | |
| Section VI - 1 (Physical Injury) | Incomplete |
| Section VI - 3 (Emotional Distress) | |
| Section VI - 6 (Warnings) | |
| Section VI - 7 (3M/Arizant Communications) | |
| Section VI - 8 (3M/Arizant Warranty) | |
| Section VI - 9 (Augustine) | |
| Section VII - 1 (Lost Past Wages) | Incomplete |
| Section VII - 2 (Lost Future Wages) | |
| Section VIII - 2 (Verbal/Written Statement) | |
| X.01 - Signed Authorization | |
| X.02.d - Documents - Signed Verification | |
| I.03.b - Plaintiffs' Counsel's Firm | Bernstein Liebhard LLP |
| I.03.e - Plaintiffs' Counsel's Email | dburke@bernlieb.com dlee@bernlieb.com |



**BLACKWELL BURKE** P.A.

Benjamin W. Hulse
Direct Dial: 612-343-3256
E-Mail: bhulse@blackwellburke.com

April 17, 2018

**VIA EMAIL AND U.S. MAIL**
Daniel C. Burke
Bernstein Liebhard LLP
10 E. 40th Street
New York, NY 10016
dburke@bernlieb.com

Re:   *In re Bair Hugger Forced Air Warming Devices Products Liability Litigation*
MDL No. 2666 – Deficiencies in Plaintiff Fact Sheet for Individual Case
*Edwards, Renate v. 3M Company et al* Case No.: 0:17-cv-04891-JNE-FLN

Dear Counsel:

We are in receipt of the Plaintiff Fact Sheet (PFS) for the above-captioned matter. The PFS has core deficiencies, as set forth in the enclosed report.

Paragraph 4 of Pretrial Order No. 14 defines core deficiencies as "a lack of response to all questions in Section I, Section II, and Section III; Section IV, questions 1, 3, 7, 8, 9, 10; Section V, questions 5, 6, and 7; Section VI, questions 1, 3, 6, 7, 8, and 9; Section VII, questions 1 and 2; Section 8, question 2; Section IX, questions 1, 3, and 4, or lack of signed medical authorizations." Paragraph 3 further requires a signed verification.

In addition, the instructions on the PFS form prohibit leaving spaces blank and provide as follows: "If a question is not applicable to you, please state 'Not Applicable' or 'N/A.'" In our review, many deficiencies resulted from a plaintiff leaving one or more spaces blank.

Pursuant to paragraph 6 of PTO 14, within 3 weeks of the date of this letter, you must respond in writing by either (1) curing the deficiencies (by serving a revised, verified PFS through Plaintiffs' portal); (2) disputing the deficiencies and setting forth the reasons the PFS is not deficient; or (3) explaining why the deficiencies cannot be timely cured. When serving a revised, verified PFS through Plaintiff's portal, you do not need to resubmit documents that were previously served with the original PFS.

Sincerely,

s/ Benjamin W. Hulse

Benjamin W. Hulse

cc: Plaintiffs' Co-Lead Counsel
Enclosure

Title "Edwards _Renate _17-CV-04891_1_Edwards _Renate _17-CV-04891_1"

Edwards _Renate _17-CV-04891_1_Edwards _Renate _17-CV-04891_1

PLAINTIFFS' LAST NAME - Edwards
PLAINTIFFS' FIRST NAME - Renate
CASE NO. - 17-CV-04891
SECTION I (CASE INFORMATION) -
SECTION II (PERSONAL INFORMATION) -
SECTION III  (SURGERY INFORMATION) - Incomplete
SECTION III - INCOMPLETE QUESTIONS - 03
SECTION IV - 1 (VITAL STATISTICS) -
SECTION IV - 10  (DRUG/ALCOHOL) -
SECTION IV - 3 (HEALTHCARE PROVIDERS) – Incomplete
SECTION IV - 7 (PHARMACIES/DRUGSTORES) – Incomplete
SECTION IV - 8 (DENTAL PROCEDURES) -
SECTION IV - 9 (TOBACCO) -
SECTION IX - 1 (CONSORTIUM NAME ETC.) -
SECTION IX - 3 (RESIDENCES) -
SECTION IX - 4 (MARRIED) -
SECTION V - 5 (DISABILITY CLAIMS) -
SECTION V - 6 (LAWSUITS) -
SECTION V - 7 (BANKRUPTCY) -
SECTION VI - 1 (PHYSICAL INJURY) - Incomplete
SECTION VI - 3 (EMOTIONAL DISTRESS) - Incomplete
SECTION VI - 6 (WARNINGS) -
SECTION VI - 7 (3M/ARIZANT COMMUNICATIONS) -
SECTION VI - 8 (3M/ARIZANT WARRANTY) -
SECTION VI - 9 (AUGUSTINE) -
SECTION VII - 1 (LOST PAST WAGES) -
SECTION VII - 2 (LOST FUTURE WAGES) -
SECTION VIII - 2 (VERBAL/WRITTEN STATEMENT) -
X.01 - SIGNED AUTHORIZATION -
X.02.D - DOCUMENTS - SIGNED VERIFICATION -
I.03.B - PLAINTIFFS' COUNSEL'S FIRM - Bernstein Liebhard
I.03.E - PLAINTIFFS' COUNSEL'S EMAIL - dburke@bernlieb.com, dlee@bernlieb.com



**BLACKWELL BURKE** P.A.

Benjamin W. Hulse
Direct Dial: 612-343-3256
E-Mail: bhulse@blackwellburke.com

April 17, 2018

**VIA EMAIL AND U.S. MAIL**
Daniel C. Burke
Bernstein Liebhard LLP
10 E. 40th Street
New York, NY 10016
dburke@bernlieb.com

Re: *In re Bair Hugger Forced Air Warming Devices Products Liability Litigation*
MDL No. 2666 – Deficiencies in Plaintiff Fact Sheet for Individual Case
*Johnston, Todd v. 3M Company et al* Case No.: 0:17-cv-05270-JNE-FLN

Dear Counsel:

We are in receipt of the Plaintiff Fact Sheet (PFS) for the above-captioned matter. The PFS has core deficiencies, as set forth in the enclosed report.

Paragraph 4 of Pretrial Order No. 14 defines core deficiencies as "a lack of response to all questions in Section I, Section II, and Section III; Section IV, questions 1, 3, 7, 8, 9, 10; Section V, questions 5, 6, and 7; Section VI, questions 1, 3, 6, 7, 8, and 9; Section VII, questions 1 and 2; Section 8, question 2; Section IX, questions 1, 3, and 4, or lack of signed medical authorizations." Paragraph 3 further requires a signed verification.

In addition, the instructions on the PFS form prohibit leaving spaces blank and provide as follows: "If a question is not applicable to you, please state 'Not Applicable' or 'N/A.'" In our review, many deficiencies resulted from a plaintiff leaving one or more spaces blank.

Pursuant to paragraph 6 of PTO 14, within 3 weeks of the date of this letter, you must respond in writing by either (1) curing the deficiencies (by serving a revised, verified PFS through Plaintiffs' portal); (2) disputing the deficiencies and setting forth the reasons the PFS is not deficient; or (3) explaining why the deficiencies cannot be timely cured. When serving a revised, verified PFS through Plaintiff's portal, you do not need to resubmit documents that were previously served with the original PFS.

Sincerely,

s/ Benjamin W. Hulse

Benjamin W. Hulse

cc: Plaintiffs' Co-Lead Counsel
Enclosure

Title "Johnston_Todd_017-cv-05270_1_Johnston_Todd_017-cv-05270_1"

Johnston_Todd_017-
cv-
05270_1_Johnston_To
dd_017-cv-05270_1

PLAINTIFFS' LAST NAME - Johnston
PLAINTIFFS' FIRST NAME - Todd
CASE NO. - 0:17-cv-05270
SECTION I (CASE INFORMATION) -
SECTION II (PERSONAL INFORMATION) - Incomplete
SECTION II – INCOMPLETE QUESTIONS- 7
SECTION III  (SURGERY INFORMATION) – Incomplete
SECTION III  - INCOMPLETE QUESTIONS- 1
SECTION IV - 1 (VITAL STATISTICS) -
SECTION IV - 10  (DRUG/ALCOHOL) -
SECTION IV - 3 (HEALTHCARE PROVIDERS) -
SECTION IV - 7 (PHARMACIES/DRUGSTORES) -
SECTION IV - 8 (DENTAL PROCEDURES) -
SECTION IV - 9 (TOBACCO) -
SECTION IX - 1  (CONSORTIUM NAME ETC.) -
SECTION IX - 3 (RESIDENCES) -
SECTION IX - 4 (MARRIED) -
SECTION V - 5  (DISABILITY CLAIMS) -
SECTION V - 6 (LAWSUITS) -
SECTION V - 7 (BANKRUPTCY) -
SECTION VI - 1 (PHYSICAL INJURY) - Incomplete
SECTION VI - 3 (EMOTIONAL DISTRESS) -
SECTION VI - 6 (WARNINGS) -
SECTION VI - 7 (3M/ARIZANT COMMUNICATIONS) -
SECTION VI - 8 (3M/ARIZANT WARRANTY) -
SECTION VI - 9 (AUGUSTINE) -
SECTION VII - 1 (LOST PAST WAGES) -
SECTION VII - 2 (LOST FUTURE WAGES) -
SECTION VIII - 2 (VERBAL/WRITTEN STATEMENT) -
X.01 - SIGNED AUTHORIZATION -
X.02.D - DOCUMENTS - SIGNED VERIFICATION -
I.03.B - PLAINTIFFS' COUNSEL'S FIRM - Bernstein Liebhard
I.03.E - PLAINTIFFS' COUNSEL'S EMAIL - dburke@bernlieb.com, dlee@bernlieb.com



**BLACKWELL BURKE** P.A.

Benjamin W. Hulse
Direct Dial: 612-343-3256
E-Mail: bhulse@blackwellburke.com

April 17, 2018

**VIA EMAIL AND U.S. MAIL**
Daniel C. Burke
Bernstein Liebhard LLP
10 E. 40th Street
New York, NY 10016
dburke@bernlieb.com

Re:   *In re Bair Hugger Forced Air Warming Devices Products Liability Litigation*
MDL No. 2666 – Deficiencies in Plaintiff Fact Sheet for Individual Case
*Billings, Willard v. 3M Company et al* Case No.: 0:17-cv-05277-JNE-FLN

Dear Counsel:

We are in receipt of the Plaintiff Fact Sheet (PFS) for the above-captioned matter.  The PFS has core deficiencies, as set forth in the enclosed report.

Paragraph 4 of Pretrial Order No. 14 defines core deficiencies as "a lack of response to all questions in Section I, Section II, and Section III; Section IV, questions 1, 3, 7, 8, 9, 10; Section V, questions 5, 6, and 7; Section VI, questions 1, 3, 6, 7, 8, and 9; Section VII, questions 1 and 2; Section 8, question 2; Section IX, questions 1, 3, and 4, or lack of signed medical authorizations."  Paragraph 3 further requires a signed verification.

In addition, the instructions on the PFS form prohibit leaving spaces blank and provide as follows: "If a question is not applicable to you, please state 'Not Applicable' or 'N/A.'"  In our review, many deficiencies resulted from a plaintiff leaving one or more spaces blank.

Pursuant to paragraph 6 of PTO 14, within 3 weeks of the date of this letter, you must respond in writing by either (1) curing the deficiencies (by serving a revised, verified PFS through Plaintiffs' portal); (2) disputing the deficiencies and setting forth the reasons the PFS is not deficient; or (3) explaining why the deficiencies cannot be timely cured.  When serving a revised, verified PFS through Plaintiff's portal, you do not need to resubmit documents that were previously served with the original PFS.

Sincerely,

s/ Benjamin W. Hulse

Benjamin W. Hulse

cc: Plaintiffs' Co-Lead Counsel
Enclosure

Title "Billings_Willard_17-cv-05277_1_Billings_Willard_17-cv-05277_1"

Billings_Willard_17-cv-05277_1_Billings_Williard_17-cv-05277_1

PLAINTIFFS' LAST NAME - Billings
PLAINTIFFS' FIRST NAME - Willard
CASE NO. - 17-cv-05277
SECTION I (CASE INFORMATION) -
SECTION II (PERSONAL INFORMATION) - Incomplete
SECTION II - INCOMPLETE QUESTIONS - 02, 05, 07, 08, 09
SECTION III  (SURGERY INFORMATION) - Incomplete
SECTION III - INCOMPLETE QUESTIONS - 03
SECTION IV - 1 (VITAL STATISTICS) -
SECTION IV - 10  (DRUG/ALCOHOL) -
SECTION IV - 3 (HEALTHCARE PROVIDERS) – Incomplete
SECTION IV - 7 (PHARMACIES/DRUGSTORES) -
SECTION IV - 8 (DENTAL PROCEDURES) -
SECTION IV - 9 (TOBACCO) -
SECTION IX - 1 (CONSORTIUM NAME ETC.) -
SECTION IX - 3 (RESIDENCES) -
SECTION IX - 4 (MARRIED) -
SECTION V - 5 (DISABILITY CLAIMS) -
SECTION V - 6 (LAWSUITS) -
SECTION V - 7 (BANKRUPTCY) -
SECTION VI - 1 (PHYSICAL INJURY) - Incomplete
SECTION VI - 3 (EMOTIONAL DISTRESS) - Incomplete
SECTION VI - 6 (WARNINGS) -
SECTION VI - 7 (3M/ARIZANT COMMUNICATIONS) -
SECTION VI - 8 (3M/ARIZANT WARRANTY) -
SECTION VI - 9 (AUGUSTINE) -
SECTION VII - 1 (LOST PAST WAGES) -
SECTION VII - 2 (LOST FUTURE WAGES) -
SECTION VIII - 2 (VERBAL/WRITTEN STATEMENT) -
X.01 - SIGNED AUTHORIZATION -
X.02.D - DOCUMENTS - SIGNED VERIFICATION -
I.03.B - PLAINTIFFS' COUNSEL'S FIRM - Bernstein Liebhard
I.03.E - PLAINTIFFS' COUNSEL'S EMAIL - dburke@bernlieb.com, dlee@bernlieb.com



**BLACKWELL BURKE** P.A.

Benjamin W. Hulse
Direct Dial: 612-343-3256
E-Mail: bhulse@blackwellburke.com

May 7, 2018

**VIA EMAIL AND U.S. MAIL**
Daniel C. Burke
Bernstein Liebhard LLP
10 E. 40th Street
New York, NY 10016
dburke@bernlieb.com

Re:     *In re Bair Hugger Forced Air Warming Devices Products Liability Litigation*
        MDL No. 2666 – Deficiencies in Plaintiff Fact Sheet for Individual Case
        *Bresnock, Anne v. 3M Company et al* Case No.: 0:17-cv-05371-JNE-FLN

Dear Counsel:

We are in receipt of the Plaintiff Fact Sheet (PFS) for the above-captioned matter. The PFS has core deficiencies, as set forth in the enclosed report.

Paragraph 4 of Pretrial Order No. 14 defines core deficiencies as "a lack of response to all questions in Section I, Section II, and Section III; Section IV, questions 1, 3, 7, 8, 9, 10; Section V, questions 5, 6, and 7; Section VI, questions 1, 3, 6, 7, 8, and 9; Section VII, questions 1 and 2; Section 8, question 2; Section IX, questions 1, 3, and 4, or lack of signed medical authorizations." Paragraph 3 further requires a signed verification.

In addition, the instructions on the PFS form prohibit leaving spaces blank and provide as follows: "If a question is not applicable to you, please state 'Not Applicable' or 'N/A.'" In our review, many deficiencies resulted from a plaintiff leaving one or more spaces blank.

Pursuant to paragraph 6 of PTO 14, within 3 weeks of the date of this letter, you must respond in writing by either (1) curing the deficiencies (by serving a revised, verified PFS through Plaintiffs' portal); (2) disputing the deficiencies and setting forth the reasons the PFS is not deficient; or (3) explaining why the deficiencies cannot be timely cured. When serving a revised, verified PFS through Plaintiff's portal, you do not need to resubmit documents that were previously served with the original PFS.

Sincerely,

s/ Benjamin W. Hulse

Benjamin W. Hulse

cc: Plaintiffs' Co-Lead Counsel
Enclosure

| | |
|---|---|
| Plaintiffs' Last Name | Bresnock |
| Plaintiffs' First Name | Anne |
| Case No. | 0:17-cv-05371 |
| Section I (Case Information) | |
| Section I - Incomplete Questions | |
| Section II (Personal Information) | Incomplete |
| Section II - Incomplete Questions | 02, 06 <br> 10 |
| Section III (Surgery Information) | Incomplete |
| Section III - Incomplete Questions | 01 |
| Section IV - 1 (Vital Statistics) | |
| Section IV - 3 (Healthcare Providers) | Incomplete |
| Section IV - 7 (Pharmacies/Drugstores) | |
| Section IV - 8 (Dental Procedures) | |
| Section IV - 9 (Tobacco) | |
| Section IV - 10 (Drug/Alcohol) | |
| Section IX - 1 (Consortium Name etc.) | |
| Section IX - 3 (Residences) | |
| Section IX - 4 (Married) | |
| Section V - 5 (Disability Claims) | |
| Section V - 6 (Lawsuits) | |
| Section V - 7 (Bankruptcy) | |
| Section VI - 1 (Physical Injury) | Incomplete |
| Section VI - 3 (Emotional Distress) | |
| Section VI - 6 (Warnings) | |
| Section VI - 7 (3M/Arizant Communications) | |
| Section VI - 8 (3M/Arizant Warranty) | |
| Section VI - 9 (Augustine) | |
| Section VII - 1 (Lost Past Wages) | Incomplete |
| Section VII - 2 (Lost Future Wages) | Incomplete |
| Section VIII - 2 (Verbal/Written Statement) | |
| X.01 - Signed Authorization | |
| X.02.d - Documents - Signed Verification | |
| I.03.b - Plaintiffs' Counsel's Firm | Bernstein Liebhard LLP |
| I.03.e - Plaintiffs' Counsel's Email | dlee@bernlieb.com |



Benjamin W. Hulse
Direct Dial: 612-343-3256
E-Mail: bhulse@blackwellburke.com

May 7, 2018

**VIA EMAIL AND U.S. MAIL**
Daniel C. Burke
Bernstein Liebhard LLP
10 E. 40th Street
New York, NY 10016
dburke@bernlieb.com

Re:   *In re Bair Hugger Forced Air Warming Devices Products Liability Litigation*
MDL No. 2666 – Deficiencies in Plaintiff Fact Sheet for Individual Case
*Swales, Bertha  v. 3M Company et al* Case No.: 0:18-cv-00045-JNE-FLN

Dear Counsel:

We are in receipt of the Plaintiff Fact Sheet (PFS) for the above-captioned matter.  The PFS has core deficiencies, as set forth in the enclosed report.

Paragraph 4 of Pretrial Order No. 14 defines core deficiencies as "a lack of response to all questions in Section I, Section II, and Section III; Section IV, questions 1, 3, 7, 8, 9, 10; Section V, questions 5, 6, and 7; Section VI, questions 1, 3, 6, 7, 8, and 9; Section VII, questions 1 and 2; Section 8, question 2; Section IX, questions 1, 3, and 4, or lack of signed medical authorizations."  Paragraph 3 further requires a signed verification.

In addition, the instructions on the PFS form prohibit leaving spaces blank and provide as follows: "If a question is not applicable to you, please state 'Not Applicable' or 'N/A.'"  In our review, many deficiencies resulted from a plaintiff leaving one or more spaces blank.

Pursuant to paragraph 6 of PTO 14, within 3 weeks of the date of this letter, you must respond in writing by either (1) curing the deficiencies (by serving a revised, verified PFS through Plaintiffs' portal); (2) disputing the deficiencies and setting forth the reasons the PFS is not deficient; or (3) explaining why the deficiencies cannot be timely cured.  When serving a revised, verified PFS through Plaintiff's portal, you do not need to resubmit documents that were previously served with the original PFS.

Sincerely,

s/ Benjamin W. Hulse

Benjamin W. Hulse

cc: Plaintiffs' Co-Lead Counsel
Enclosure

| | |
|---|---|
| Plaintiffs' Last Name | Swales |
| Plaintiffs' First Name | Bertha |
| Case No. | 18-cv-0045 |
| Section I (Case Information) | |
| Section I - Incomplete Questions | |
| Section II (Personal Information) | |
| Section II - Incomplete Questions | |
| Section III (Surgery Information) | Incomplete |
| Section III - Incomplete Questions | 01, 03 |
| Section IV - 1 (Vital Statistics) | |
| Section IV - 3 (Healthcare Providers) | |
| Section IV - 7 (Pharmacies/Drugstores) | |
| Section IV - 8 (Dental Procedures) | |
| Section IV - 9 (Tobacco) | |
| Section IV - 10 (Drug/Alcohol) | |
| Section IX - 1 (Consortium Name etc.) | |
| Section IX - 3 (Residences) | |
| Section IX - 4 (Married) | |
| Section V - 5 (Disability Claims) | Incomplete |
| Section V - 6 (Lawsuits) | |
| Section V - 7 (Bankruptcy) | |
| Section VI - 1 (Physical Injury) | Incomplete |
| Section VI - 3 (Emotional Distress) | |
| Section VI - 6 (Warnings) | |
| Section VI - 7 (3M/Arizant Communications) | |
| Section VI - 8 (3M/Arizant Warranty) | |
| Section VI - 9 (Augustine) | |
| Section VII - 1 (Lost Past Wages) | Incomplete |
| Section VII - 2 (Lost Future Wages) | |
| Section VIII - 2 (Verbal/Written Statement) | |
| X.01 - Signed Authorization | |
| X.02.d - Documents - Signed Verification | |
| I.03.b - Plaintiffs' Counsel's Firm | Bernstein Liebhard LLP |
| I.03.e - Plaintiffs' Counsel's Email | dburke@bernlieb.com dlee@bernlieb.com |

 **BLACKWELL**
**BURKE** P.A.

Benjamin W. Hulse
Direct Dial: 612-343-3256
E-Mail: bhulse@blackwellburke.com

June 4, 2018

**VIA EMAIL AND U.S. MAIL**
Tayjes Matthew Shah
The Miller Firm, LLC
108 Railroad Avenue
Orange, VA 22960
jtravers@millerfirmllc.com;
TShah@MillerFirmLLC.com

     Re:   *In re Bair Hugger Forced Air Warming Devices Products Liability Litigation*
             MDL No. 2666 – Deficiencies in Amended Plaintiff Fact Sheet
             *Shoaf et al v. 3M Company et al* Case No.: 0:18-cv-00167-JNE-FLN

Dear Counsel:

We are in receipt of the amended Plaintiff Fact Sheet (PFS) for the above-captioned matter. The PFS still has core deficiencies, as set forth in the enclosed report.

Paragraph 4 of Pretrial Order No. 14 defines core deficiencies as "a lack of response to all questions in Section I, Section II, and Section III; Section IV, questions 1, 3, 7, 8, 9, 10; Section V, questions 5, 6, and 7; Section VI, questions 1, 3, 6, 7, 8, and 9; Section VII, questions 1 and 2; Section 8, question 2; Section IX, questions 1, 3, and 4, or lack of signed medical authorizations." Paragraph 3 further requires a signed verification.

In addition, the instructions on the PFS form prohibit leaving spaces blank and provide as follows: "If a question is not applicable to you, please state 'Not Applicable' or 'N/A.'" In our review, many deficiencies resulted from a plaintiff leaving one or more spaces blank.

Pursuant to paragraph 6 of PTO 14, within 3 weeks of the date of this letter, you must respond in writing by either (1) curing the deficiencies (by serving a further revised, verified PFS through Plaintiffs' portal); (2) disputing the deficiencies and setting forth the reasons the PFS is not deficient; or (3) explaining why the deficiencies cannot be timely cured. When serving a revised, verified PFS through Plaintiff's portal, you do not need to resubmit documents that were previously served with the original PFS. This is the final deficiency notice for this matter.

Sincerely,

s/ Benjamin W. Hulse

Benjamin W. Hulse

| | |
|---|---|
| Plaintiffs' Last Name | Shoaf |
| Plaintiffs' First Name | Phillip |
| Case No. | 18-cv-00167-JNE-FLN |
| Section I (Case Information) | |
| Section I - Incomplete Questions | |
| Section II (Personal Information) | Incomplete |
| Section II - Incomplete Questions | 10 |
| Section III (Surgery Information) | |
| Section III - Incomplete Questions | |
| Section IV - 1 (Vital Statistics) | |
| Section IV - 3 (Healthcare Providers) | Incomplete |
| Section IV - 7 (Pharmacies/Drugstores) | |
| Section IV - 8 (Dental Procedures) | Incomplete |
| Section IV - 9 (Tobacco) | |
| Section IV - 10 (Drug/Alcohol) | |
| Section V - 4 (Disability Claims) | |
| Section V - 5 (Lawsuits) | |
| Section V - 6 (Bankruptcy) | |
| Section VI - 1 (Physical Injury) | |
| Section VI - 3 (Emotional Distress) | |
| Section VI - 6 (Warnings) | |
| Section VI - 7 (3M/Arizant Communications) | |
| Section VI - 8 (3M/Arizant Warranty) | |
| Section VI - 9 (Augustine) | |
| Section VII - 1 (Lost Past Wages) | |
| Section VII - 2 (Lost Future Wages) | |
| Section VIII - 2 (Verbal/Written Statement) | |
| Section IX - 1 (Consortium Name etc.) | |
| Section IX - 3 (Residences) | |
| Section IX - 4 (Married) | |
| X.01 - Signed Authorization | |
| X.02.d - Documents - Signed Verification | Incomplete |
| I.03.b - Plaintiffs' Counsel's Firm | Miller Firm |
| I.03.e - Plaintiffs' Counsel's Email | tshah@millerfirmllc.com |

**BLACKWELL BURKE** P.A.

Benjamin W. Hulse
Direct Dial: 612-343-3256
E-Mail: bhulse@blackwellburke.com

June 27, 2018

**VIA EMAIL AND U.S. MAIL**
Amanda M. Williams
Gustafson Gluek PLLC
120 South Sixth Street, Suite 2600
Minneapolis, MN 55402
awilliams@gustafsongluek.com

     Re:    *In re Bair Hugger Forced Air Warming Devices Products Liability Litigation*
           MDL No. 2666 – Deficiencies in Plaintiff Fact Sheet for Individual Case
           *Ballasso, Marilyn v. 3M Company et al* Case No.: 0:18-cv-00575-JNE-FLN

Dear Counsel:

We are in receipt of the Plaintiff Fact Sheet (PFS) for the above-captioned matter. The PFS has core deficiencies, as set forth in the enclosed report.

Paragraph 4 of Pretrial Order No. 14 defines core deficiencies as "a lack of response to all questions in Section I, Section II, and Section III; Section IV, questions 1, 3, 7, 8, 9, 10; Section V, questions 5, 6, and 7; Section VI, questions 1, 3, 6, 7, 8, and 9; Section VII, questions 1 and 2; Section 8, question 2; Section IX, questions 1, 3, and 4, or lack of signed medical authorizations." Paragraph 3 further requires a signed verification.

In addition, the instructions on the PFS form prohibit leaving spaces blank and provide as follows: "If a question is not applicable to you, please state 'Not Applicable' or 'N/A.'" In our review, many deficiencies resulted from a plaintiff leaving one or more spaces blank.

Pursuant to paragraph 6 of PTO 14, within 3 weeks of the date of this letter, you must respond in writing by either (1) curing the deficiencies (by serving a revised, verified PFS through Plaintiffs' portal); (2) disputing the deficiencies and setting forth the reasons the PFS is not deficient; or (3) explaining why the deficiencies cannot be timely cured. When serving a revised, verified PFS through Plaintiff's portal, you do not need to resubmit documents that were previously served with the original PFS. This is a final deficiency notice for this matter.

Sincerely,

s/ Benjamin W. Hulse

Benjamin W. Hulse

cc: Plaintiffs' Co-Lead Counsel
Enclosure

| | |
|---|---|
| Plaintiffs' Last Name | Ballasso |
| Plaintiffs' First Name | Marilyn |
| Case No. | 18-cv-00575 |
| Section I (Case Information) | |
| Section I - Incomplete Questions | |
| Section II (Personal Information) | Incomplete |
| Section II - Incomplete Questions | 01, 02, 03, 05, 06, 08, 09, 10, 11, 12, 13, 14, 15, 16 |
| Section III (Surgery Information) | |
| Section III - Incomplete Questions | 01 03 04 05 |
| Section IV - 1 (Vital Statistics) | |
| Section IV - 3 (Healthcare Providers) | Incomplete |
| Section IV - 7 (Pharmacies/Drugstores) | Incomplete |
| Section IV - 8 (Dental Procedures) | Incomplete |
| Section IV - 9 (Tobacco) | Incomplete |
| Section IV - 10 (Drug/Alcohol) | Incomplete |
| Section V - 4 (Disability Claims) | Incomplete |
| Section V - 5 (Lawsuits) | Incomplete |
| Section V - 6 (Bankruptcy) | Incomplete |
| Section VI - 1 (Physical Injury) | Incomplete |
| Section VI - 3 (Emotional Distress) | Incomplete |
| Section VI - 6 (Warnings) | Incomplete |
| Section VI - 7 (3M/Arizant Communications) | Incomplete |
| Section VI - 8 (3M/Arizant Warranty) | Incomplete |
| Section VI - 9 (Augustine) | Incomplete |
| Section VII - 1 (Lost Past Wages) | Incomplete |
| Section VII - 2 (Lost Future Wages) | Incomplete |
| Section VIII - 2 (Verbal/Written Statement) | Incomplete |
| Section IX - 1 (Consortium Name etc.) | |
| Section IX - 3 (Residences) | |
| Section IX - 4 (Married) | |
| X.01 - Signed Authorization | Incomplete |
| X.02.b - Documents - Signed Verification | |
| I.03.b - Plaintiffs' Counsel's Firm | Gustafson Gluek PLLC |
| I.03.e - Plaintiffs' Counsel's Email | awilliams@gustafsongluek.com |



BLACKWELL
BURKE P.A.

Benjamin W. Hulse
Direct Dial: 612-343-3256
E-Mail: bhulse@blackwellburke.com

July 11, 2018

**VIA EMAIL AND U.S. MAIL**
David W. Hodges
Kennedy Hodges, L.L.P.
4409 Montrose Blvd, Ste 200
Houston, TX, 77006
mtg@kennedyhodges.com

   *Re:* *In re Bair Hugger Forced Air Warming Devices Products Liability Litigation*
     MDL No. 2666 – Deficiencies in Plaintiff Fact Sheet for Individual Case
     *Doyle, Linda v. 3M Company et al* Case No.: 0:18-cv-00660-JNE-FLN

Dear Counsel:

We are in receipt of the Plaintiff Fact Sheet (PFS) for the above-captioned matter. The PFS has core deficiencies, as set forth in the enclosed report.

Paragraph 4 of Pretrial Order No. 14 defines core deficiencies as "a lack of response to all questions in Section I, Section II, and Section III; Section IV, questions 1, 3, 7, 8, 9, 10; Section V, questions 5, 6, and 7; Section VI, questions 1, 3, 6, 7, 8, and 9; Section VII, questions 1 and 2; Section 8, question 2; Section IX, questions 1, 3, and 4, or lack of signed medical authorizations." Paragraph 3 further requires a signed verification.

In addition, the instructions on the PFS form prohibit leaving spaces blank and provide as follows: "If a question is not applicable to you, please state 'Not Applicable' or 'N/A.'" In our review, many deficiencies resulted from a plaintiff leaving one or more spaces blank.

Pursuant to paragraph 6 of PTO 14, within 3 weeks of the date of this letter, you must respond in writing by either (1) curing the deficiencies (by serving a revised, verified PFS through Plaintiffs' portal); (2) disputing the deficiencies and setting forth the reasons the PFS is not deficient; or (3) explaining why the deficiencies cannot be timely cured. When serving a revised, verified PFS through Plaintiff's portal, you do not need to resubmit documents that were previously served with the original PFS. This is a final deficiency notice for this matter.

Sincerely,

s/ Benjamin W. Hulse

Benjamin W. Hulse

cc: Plaintiffs' Co-Lead Counsel
Enclosure

---

| | |
|---|---|
| Plaintiffs' Last Name | Doyle |
| Plaintiffs' First Name | Linda |
| Case No. | 18-cv-660 |
| Section I (Case Information) | |
| Section I - Incomplete Questions | |
| Section II (Personal Information) | Incomplete |
| Section II - Incomplete Questions | 01, 02, 03, 05, 06, 08, 09, 10, 11, 12, 13, 14, 15, 16 |
| Section III (Surgery Information) | |
| Section III - Incomplete Questions | |
| Section IV - 1 (Vital Statistics) | |
| Section IV - 3 (Healthcare Providers) | |
| Section IV - 7 (Pharmacies/Drugstores) | Incomplete |
| Section IV - 8 (Dental Procedures) | Incomplete |
| Section IV - 9 (Tobacco) | Incomplete |
| Section IV - 10 (Drug/Alcohol) | Incomplete |
| Section V - 4 (Disability Claims) | Incomplete |
| Section V - 5 (Lawsuits) | Incomplete |
| Section V - 6 (Bankruptcy) | Incomplete |
| Section VI - 1 (Physical Injury) | Incomplete |
| Section VI - 3 (Emotional Distress) | Incomplete |
| Section VI - 6 (Warnings) | Incomplete |
| Section VI - 7 (3M/Arizant Communications) | Incomplete |
| Section VI - 8 (3M/Arizant Warranty) | Incomplete |
| Section VI - 9 (Augustine) | Incomplete |
| Section VII - 1 (Lost Past Wages) | Incomplete |
| Section VII - 2 (Lost Future Wages) | Incomplete |
| Section VIII - 2 (Verbal/Written Statement) | Incomplete |
| Section IX - 1 (Consortium Name etc.) | Incomplete |
| Section IX - 3 (Residences) | Incomplete |
| Section IX - 4 (Married) | Incomplete |
| X.01 - Signed Authorization | Incomplete |
| X.02.d - Documents - Signed Verification | Incomplete |
| I.03.b - Plaintiffs' Counsel's Firm | Kennedy Hodges, L.L.P. |
| I.03.e - Plaintiffs' Counsel's Email | mtg@kennedyhodges.com |

# EXHIBIT B

| | |
|---|---|
| **From:** | Ted Hartman |
| **To:** | Dae Yeol Lee; Ben Hulse |
| **Cc:** | bgordon@levinlaw.com; David J. Szerlag (david@pritzkerlaw.com); Daniel C. Burke |
| **Subject:** | RE: MTD (PTO 14) |
| **Date:** | Thursday, August 09, 2018 10:07:00 AM |
| **Attachments:** | image002.png |

Confirmed.

Ted

## Ted D. Hartman

**Blackwell Burke P.A.**
431 South Seventh Street, Suite 2500
Minneapolis, MN  55415
Direct (612) 343-3234
Fax (612) 343-3205
*Licensed to practice in Minnesota, Illinois, and Nebraska.*

This message and any attachments may contain information that is privileged, confidential, and exempt from disclosure under applicable law. If you are not the intended recipient or are not authorized to receive for the recipient, you are hereby notified that dissemination, distribution or copying of this message and any attachments is strictly prohibited. If you have received this message in error, please immediately advise the sender by reply e-mail and delete the message and any attachments. Thank you.

**From:** Dae Yeol Lee <dlee@bernlieb.com>
**Sent:** Thursday, August 09, 2018 10:04 AM
**To:** Ted Hartman <thartman@blackwellburke.com>; Ben Hulse <bhulse@blackwellburke.com>
**Cc:** bgordon@levinlaw.com; David J. Szerlag (david@pritzkerlaw.com) <david@pritzkerlaw.com>;
Daniel C. Burke <dburke@bernlieb.com>
**Subject:** RE: MTD (PTO 14)

Ted:

We will agree to submit an amended PFSs with updated verifications for the following:

1. Billings
2. Edwards
3. Johnston
4. Parker
5. Henderson

Please confirm that you will withdraw the Motion on these.

Thanks,

Dae

**From:** Ted Hartman [mailto:thartman@blackwellburke.com]

**Sent:** Thursday, August 9, 2018 10:35 AM
**To:** Dae Yeol Lee; Ben Hulse
**Cc:** bgordon@levinlaw.com; David J. Szerlag (david@pritzkerlaw.com); Daniel C. Burke
**Subject:** RE: MTD (PTO 14)

Dae:

In my initial response I indicated the section number and question number next to each of the Plaintiffs. You can refer to the corresponding addenda in our Motion if you need further clarification on why these responses are deficient.  My reference to "proper supporting verifications" was just to clarify that the amended answers (that you would be agreeing to provide) will need to be accompanied by newly executed verifications.

Thank you,
Ted

## Ted D. Hartman

**Blackwell Burke P.A.**
431 South Seventh Street, Suite 2500
Minneapolis, MN  55415
Direct (612) 343-3234
Fax (612) 343-3205
*Licensed to practice in Minnesota, Illinois, and Nebraska.*

This message and any attachments may contain information that is privileged, confidential, and exempt from disclosure under applicable law. If you are not the intended recipient or are not authorized to receive for the recipient, you are hereby notified that dissemination, distribution or copying of this message and any attachments is strictly prohibited. If you have received this message in error, please immediately advise the sender by reply e-mail and delete the message and any attachments. Thank you.

**From:** Dae Yeol Lee <dlee@bernlieb.com>
**Sent:** Thursday, August 09, 2018 9:26 AM
**To:** Ted Hartman <thartman@blackwellburke.com>; Ben Hulse <bhulse@blackwellburke.com>
**Cc:** bgordon@levinlaw.com; David J. Szerlag (david@pritzkerlaw.com) <david@pritzkerlaw.com>;
Daniel C. Burke <dburke@bernlieb.com>
**Subject:** RE: MTD (PTO 14)

Hi Ted –

I would appreciate if you could please specify what's deficient in the following amended PFSs:

1. Billings
2. Edwards
3. Johnston
4. Parker
5. Henderson

Also, please clarify what you mean by "with proper supporting verifications" for the above-mentioned Plaintiffs?  Along with their amended PFSs in response to your deficiency notices, they

have provided their signed verification forms.

As for the Plaintiffs that you are not agreeing to drop the Motion, please specify if you are disputing certain portion of their amended PFSs or all answers responsive to your most recent deficiency notice.

Thank you,

Dae

---

**From:** Ted Hartman [mailto:thartman@blackwellburke.com]
**Sent:** Wednesday, August 8, 2018 5:43 PM
**To:** Dae Yeol Lee; Ben Hulse
**Cc:** bgordon@levinlaw.com; David J. Szerlag (david@pritzkerlaw.com); Daniel C. Burke
**Subject:** RE: MTD (PTO 14)

Good afternoon, Dae.

We have reviewed your PFSs in each of the cases identified. Below is Defendants' position on each:

1. Defendants will withdraw the Motion as to cases where the deficiencies are cured:

   *Ingram* (17-4470)

2. Defendants will withdraw the Motion as to the following cases, but will be sending amended deficiency notices:

   *Gorbett* (17-3252)
   *Thornton* (17-4889)
   -

3. If you confirm in writing that the remining deficiencies identified in these cases will be cured (with proper supporting verifications), Defendants will withdraw the Motion as to the following cases*:

   *Billings* (17-5277) [Sections III.1, and VI.3]
   *Edwards* (17-4891) [Sections III.3, IV.7, and VI.3]
   *Johnston* (17-52701) [Section III.1]
   *Parker* (17-3573) [Sections II.15, and VI.1]
   *Henderson* (17-4517) [Sections II.10, VI.3, and VII.1]

4. Defendants will not agree to drop the Motion as to the following cases:

   *Rude* (17-4009)
   *Pine* (17-4777)
   *Brown* (17-4778)
   *Potter* (17-4881)

*McEvoy* (17-4885)
*Hardy* (17-5261)
*Taplin* (17-5370)
*Bresnock* (17-5371)
*Swales* (18-45)

*\*Please notify me as to all cases in Group 3 that you will agree to cure. These cases will remain on Defendants' Deficiency Lists and Defendants will move to dismiss those cases that have not been cured prior to the filing of the next Motion to Dismiss for Failure to Comply with PTO 14.*

We will notify the Court.

Thank you,
Ted

## Ted D. Hartman

**Blackwell Burke P.A.**
431 South Seventh Street, Suite 2500
Minneapolis, MN  55415
Direct (612) 343-3234
Fax (612) 343-3205
*Licensed to practice in Minnesota, Illinois, and Nebraska.*

This message and any attachments may contain information that is privileged, confidential, and exempt from disclosure under applicable law. If you are not the intended recipient or are not authorized to receive for the recipient, you are hereby notified that dissemination, distribution or copying of this message and any attachments is strictly prohibited. If you have received this message in error, please immediately advise the sender by reply e-mail and delete the message and any attachments. Thank you.

**From:** Dae Yeol Lee <dlee@bernlieb.com>
**Sent:** Tuesday, August 07, 2018 4:28 PM
**To:** Ted Hartman <thartman@blackwellburke.com>; Ben Hulse <bhulse@blackwellburke.com>
**Cc:** bgordon@levinlaw.com; David J. Szerlag (david@pritzkerlaw.com) <david@pritzkerlaw.com>;
Daniel C. Burke <dburke@bernlieb.com>
**Subject:** Re: MTD (PTO 14)

Hi Ted/Ben —

We served PFS deficiency responses for all cases listed in your MTD, which was filed on 8/2.  These include the following:

1. Gorbett (17-cv-03252)
2. Parker (17-cv-03573)
3. Rude (17-cv-04009)
4. Ingram (17-cv-04470)
5. Henderson (17-cv-04517)
6. Pine (17-cv-04777)
7. Brown (17-cv-04778)

8.  Potter (17-cv-04881)
9.  McEvoy (17-cv-04885)
10. Thornton (17-cv-04889)
11. Edwards (17-cv-04891)
12. Hardy (17-cv-05261)
13. Johnston (17-cv-05270)
14. Billings (17-cv-05277)
15. Taplin (17-cv-05370)
16. Bresnock (17-cv-05371)
17. Swales (18-cv-00045)

Given our response deadline is fast approaching, I would appreciate it if you could review our responses and withdraw your motion on these.

Thank you,

Dae



Dae Yeol Lee
**Bernstein Liebhard LLP**
10 East 40th Street
New York, NY 10016
Direct: 212-951-2070
Main:  (212) 779-1414
Fax:    (212) 779-3218
dlee@bernlieb.com
www.bernlieb.com

This electronic message transmission contains ATTORNEY PRIVILEGED AND CONFIDENTIAL information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this communication is strictly prohibited. If you have received this communication in error, please erase all copies of the message and its attachments and notify sender immediately. Thank you.

# EXHIBIT C



BLACKWELL
BURKE P.A.

Benjamin W. Hulse
Direct Dial: 612-343-3256
E-Mail: bhulse@blackwellburke.com

June 22, 2018

**VIA EMAIL AND U.S. MAIL**
Daniel A. Nigh
Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, P.A
316 South Baylen St. Suite 400
Pensacola, Florida 32502
dnigh@levinlaw.com

> Re:   *In re Bair Hugger Forced Air Warming Devices Products Liability Litigation*
>        MDL No. 2666 – Deficiencies in Plaintiff Fact Sheet for Individual Case
>        *Wright v. 3M Company* Case No.: 0:17-cv-01701-JNE-FLN

Dear Counsel:

We are in receipt of the Plaintiff Fact Sheet (PFS) for the above-captioned matter.  The PFS has core deficiencies, as set forth in the enclosed report.

Paragraph 4 of Pretrial Order No. 14 defines core deficiencies as "a lack of response to all questions in Section I, Section II, and Section III; Section IV, questions 1, 3, 7, 8, 9, 10; Section V, questions 5, 6, and 7; Section VI, questions 1, 3, 6, 7, 8, and 9; Section VII, questions 1 and 2; Section 8, question 2; Section IX, questions 1, 3, and 4, or lack of signed medical authorizations."  Paragraph 3 further requires a signed verification.

In addition, the instructions on the PFS form prohibit leaving spaces blank and provide as follows: "If a question is not applicable to you, please state 'Not Applicable' or 'N/A.'"  In our review, many deficiencies resulted from a plaintiff leaving one or more spaces blank.

Pursuant to paragraph 6 of PTO 14, within 3 weeks of the date of this letter, you must respond in writing by either (1) curing the deficiencies (by serving a revised, verified PFS through Plaintiffs' portal); (2) disputing the deficiencies and setting forth the reasons the PFS is not deficient; or (3) explaining why the deficiencies cannot be timely cured.  When serving a revised, verified PFS through Plaintiff's portal, you do not need to resubmit documents that were previously served with the original PFS. This is a final deficiency notice for this matter.

Sincerely,

s/ Benjamin W. Hulse

Benjamin W. Hulse

cc: Plaintiffs' Co-Lead Counsel
Enclosure

---

431 South Seventh Street, Suite 2500    Minneapolis, MN 55415    Main 612.343.3200    Fax 612.343.3205
www.blackwellburke.com

| | |
|---|---|
| Plaintiffs' Last Name | Wright |
| Plaintiffs' First Name | Michael |
| Case No. | 0:17-cv-01701 |
| Section I (Case Information) | |
| Section I - Incomplete Questions | |
| Section II (Personal Information) | Incomplete |
| Section II - Incomplete Questions | 01, 02, 03, 05, 06, 08, 09, 10, 11, 12, 13, 14, 15, 16 |
| Section III (Surgery Information) | Incomplete |
| Section III - Incomplete Questions | 01, 02, 03, 04, 05 |
| Section IV - 1 (Vital Statistics) | Incomplete |
| Section IV - 3 (Healthcare Providers) | Incomplete |
| Section IV - 7 (Pharmacies/Drugstores) | Incomplete |
| Section IV - 8 (Dental Procedures) | Incomplete |
| Section IV - 9 (Tobacco) | Incomplete |
| Section IV - 10 (Drug/Alcohol) | Incomplete |
| Section V - 4 (Disability Claims) | Incomplete |
| Section V - 5 (Lawsuits) | Incomplete |
| Section V - 6 (Bankruptcy) | Incomplete |
| Section VI - 1 (Physical Injury) | Incomplete |
| Section VI - 3 (Emotional Distress) | Incomplete |
| Section VI - 6 (Warnings) | Incomplete |
| Section VI - 7 (3M/Arizant Communications) | Incomplete |
| Section VI - 8 (3M/Arizant Warranty) | Incomplete |
| Section VI - 9 (Augustine) | Incomplete |
| Section VII - 1 (Lost Past Wages) | Incomplete |
| Section VII - 2 (Lost Future Wages) | Incomplete |
| Section VIII - 2 (Verbal/Written Statement) | Incomplete |
| Section IX - 1 (Consortium Name etc.) | Incomplete |
| Section IX - 3 (Residences) | Incomplete |
| Section IX - 4 (Married) | Incomplete |
| X.01 - Signed Authorization | Incomplete |
| X.02.d - Documents - Signed Verification | Incomplete |
| I.03.b - Plaintiffs' Counsel's Firm | Levin, Papantonio, Thomas, Mitchell, Rafferty, Proctor P.A. |
| I.03.e - Plaintiffs' Counsel's Email | dnigh@levinlaw.com |



**BLACKWELL BURKE** P.A.

Benjamin W. Hulse
Direct Dial: 612-343-3256
E-Mail: bhulse@blackwellburke.com

June 22, 2018

**VIA EMAIL AND U.S. MAIL**
Daniel A. Nigh
Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, P.A
316 South Baylen St. Suite 400
Pensacola, Florida 32502
dnigh@levinlaw.com

Re:     *In re Bair Hugger Forced Air Warming Devices Products Liability Litigation*
        MDL No. 2666 – Deficiencies in Amended Plaintiff Fact Sheet
        *Johnson v. 3M Company et al* Case No.: 0:17-cv-02426-JNE-FLN

Dear Counsel:

We are in receipt of the amended Plaintiff Fact Sheet (PFS) for the above-captioned matter.  The PFS still has core deficiencies, as set forth in the enclosed report.

Paragraph 4 of Pretrial Order No. 14 defines core deficiencies as "a lack of response to all questions in Section I, Section II, and Section III; Section IV, questions 1, 3, 7, 8, 9, 10; Section V, questions 5, 6, and 7; Section VI, questions 1, 3, 6, 7, 8, and 9; Section VII, questions 1 and 2; Section 8, question 2; Section IX, questions 1, 3, and 4, or lack of signed medical authorizations." Paragraph 3 further requires a signed verification.

In addition, the instructions on the PFS form prohibit leaving spaces blank and provide as follows: "If a question is not applicable to you, please state 'Not Applicable' or 'N/A.'"  In our review, many deficiencies resulted from a plaintiff leaving one or more spaces blank.

Pursuant to paragraph 6 of PTO 14, within 3 weeks of the date of this letter, you must respond in writing by either (1) curing the deficiencies (by serving a further revised, verified PFS through Plaintiffs' portal); (2) disputing the deficiencies and setting forth the reasons the PFS is not deficient; or (3) explaining why the deficiencies cannot be timely cured.  When serving a revised, verified PFS through Plaintiff's portal, you do not need to resubmit documents that were previously served with the original PFS. This is the final deficiency notice for this matter.

Sincerely,

s/ Benjamin W. Hulse

Benjamin W. Hulse

cc: Plaintiffs' Co-Lead Counsel
Enclosure

| | |
|---|---|
| Plaintiffs' Last Name | Johnson |
| Plaintiffs' First Name | J. Edwards |
| Case No. | 0:17-cv-02426 |
| Section I (Case Information) | |
| Section I - Incomplete Questions | |
| Section II (Personal Information) | Incomplete |
| Section II - Incomplete Questions | 01, 06, 07, 09 |
| Section III (Surgery Information) | Incomplete |
| Section III - Incomplete Questions | 03 |
| Section IV - 1 (Vital Statistics) | |
| Section IV - 3 (Healthcare Providers) | |
| Section IV - 7 (Pharmacies/Drugstores) | Incomplete |
| Section IV - 8 (Dental Procedures) | Incomplete |
| Section IV - 9 (Tobacco) | |
| Section IV - 10 (Drug/Alcohol) | |
| Section V - 4 (Disability Claims) | |
| Section V - 5 (Lawsuits) | |
| Section V - 6 (Bankruptcy) | |
| Section VI - 1 (Physical Injury) | |
| Section VI - 3 (Emotional Distress) | |
| Section VI - 6 (Warnings) | |
| Section VI - 7 (3M/Arizant Communications) | |
| Section VI - 8 (3M/Arizant Warranty) | |
| Section VI - 9 (Augustine) | |
| Section VII - 1 (Lost Past Wages) | |
| Section VII - 2 (Lost Future Wages) | |
| Section VIII - 2 (Verbal/Written Statement) | |
| Section IX - 1 (Consortium Name etc.) | |
| Section IX - 3 (Residences) | |
| Section IX - 4 (Married) | |
| X.01 - Signed Authorization | |
| X.02.d - Documents - Signed Verification | |
| I.03.b - Plaintiffs' Counsel's Firm | Levin, Papantonio, Thomas, Mitchell, Rafferty, Proctor P.A. |
| I.03.e - Plaintiffs' Counsel's Email | dnigh@levinlaw.com |



BLACKWELL
BURKE P.A.

Benjamin W. Hulse
Direct Dial: 612-343-3256
E-Mail: bhulse@blackwellburke.com

February 14, 2018

**VIA EMAIL AND U.S. MAIL**
David W. Hodges
Kennedy Hodges, L.L.P.
4409 Montrose Blvd, Ste 200
Houston, TX, 77006
mtg@kennedyhodges.com

> Re:   *In re Bair Hugger Forced Air Warming Devices Products Liability Litigation*
> MDL No. 2666 – Deficiencies in Amended Plaintiff Fact Sheet
> *Moore v. 3M Company et al Case* No.:0:17-cv-02901-JNE-FLN

Dear Counsel:

We are in receipt of the second amended Plaintiff Fact Sheet (PFS) for the above-captioned matter. The second amended PFS still has core deficiencies, as set forth in the enclosed report.

Paragraph 4 of Pretrial Order No. 14 defines core deficiencies as "a lack of response to all questions in Section I, Section II, and Section III; Section IV, questions 1, 3, 7, 8, 9, 10; Section V, questions 5, 6, and 7; Section VI, questions 1, 3, 6, 7, 8, and 9; Section VII, questions 1 and 2; Section 8, question 2; Section IX, questions 1, 3, and 4, or lack of signed medical authorizations." Paragraph 3 further requires a signed verification.

In addition, the instructions on the PFS form prohibit leaving spaces blank and provide as follows: "If a question is not applicable to you, please state 'Not Applicable' or 'N/A.'" In our review, many deficiencies resulted from a plaintiff leaving one or more spaces blank.

Pursuant to paragraph 6 of PTO 14, within 3 weeks of the date of this letter, you must respond in writing by either (1) curing the deficiencies (by serving a further revised, verified PFS through Plaintiffs' portal); (2) disputing the deficiencies and setting forth the reasons the PFS is not deficient; or (3) explaining why the deficiencies cannot be timely cured. When serving a revised, PFS through Plaintiff's portal, you do not need to resubmit documents that were previously served with the original and/or any amended PFS. An updated verification is required, however, to be served along with the amended PFS.

Sincerely,

s/ Benjamin W. Hulse

Benjamin W. Hulse

cc: Plaintiffs' Co-Lead Counsel
Enclosure

Title "Moore_Mike_17-cv-2901_1_Moore_Mike_17-cv-2901_1"

Moore_Mike_17-cv-
2901_1_Moore_Mike_1
7-cv-2901_1

PLAINTIFFS' LAST NAME - Moore
PLAINTIFFS' FIRST NAME - Mike
CASE NO. - 17-cv-2901
SECTION I (CASE INFORMATION) -
SECTION II (PERSONAL INFORMATION) - Incomplete
SECTION II - INCOMPLETE QUESTIONS - 01, 02, 03, 05, 06
SECTION III   (SURGERY INFORMATION) -
SECTION IV - 1 (VITAL STATISTICS) - Incomplete
SECTION IV - 10   (DRUG/ALCOHOL) - Incomplete
SECTION IV - 3 (HEALTHCARE PROVIDERS) -
SECTION IV - 7   (PHARMACIES/DRUGSTORES) -
SECTION IV - 8   (DENTAL PROCEDURES) -
SECTION IV - 9   (TOBACCO) - Incomplete
SECTION IX - 1   (CONSORTIUM NAME ETC.) - Incomplete
SECTION IX - 3   (RESIDENCES) - Incomplete
SECTION IX - 4   (MARRIED) - Incomplete
SECTION V - 5   (DISABILITY CLAIMS) - Incomplete
SECTION V - 6   (LAWSUITS) - Incomplete
SECTION V - 7   (BANKRUPTCY) - Incomplete
SECTION VI - 1   (PHYSICAL INJURY) - Incomplete
SECTION VI - 3   (EMOTIONAL DISTRESS) - Incomplete
SECTION VI - 6   (WARNINGS) -
SECTION VI - 7   (3M/ARIZANT COMMUNICATIONS) -
SECTION VI - 8   (3M/ARIZANT WARRANTY) -
SECTION VI - 9   (AUGUSTINE) -
SECTION VII - 1   (LOST PAST WAGES) - Incomplete
SECTION VII - 2   (LOST FUTURE WAGES) - Incomplete
SECTION VIII - 2   (VERBAL/WRITTEN STATEMENT) - Incomplete
X.01 - SIGNED AUTHORIZATION - Incomplete
X.02.D - DOCUMENTS - SIGNED VERIFICATION - Incomplete
I.03.B - PLAINTIFFS' COUNSEL'S FIRM - Kennedy Hodges, L.L.P.
I.03.E - PLAINTIFFS' COUNSEL'S EMAIL - mtg@kennedyhodges.com



BLACKWELL
BURKE P.A.

Benjamin W. Hulse
Direct Dial: 612-343-3256
E-Mail: bhulse@blackwellburke.com

June 22, 2018

**VIA EMAIL AND U.S. MAIL**
Daniel A. Nigh
Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, P.A
316 South Baylen St. Suite 400
Pensacola, Florida 32502
dnigh@levinlaw.com

Re:     *In re Bair Hugger Forced Air Warming Devices Products Liability Litigation*
        MDL No. 2666 – Deficiencies in Amended Plaintiff Fact Sheet
        *Ewing v. 3M Company et al* Case No.: 0:17-cv-04967-JNE-FLN

Dear Counsel:

We are in receipt of the amended Plaintiff Fact Sheet (PFS) for the above-captioned matter.  The PFS still has core deficiencies, as set forth in the enclosed report.

Paragraph 4 of Pretrial Order No. 14 defines core deficiencies as "a lack of response to all questions in Section I, Section II, and Section III; Section IV, questions 1, 3, 7, 8, 9, 10; Section V, questions 5, 6, and 7; Section VI, questions 1, 3, 6, 7, 8, and 9; Section VII, questions 1 and 2; Section 8, question 2; Section IX, questions 1, 3, and 4, or lack of signed medical authorizations."  Paragraph 3 further requires a signed verification.

In addition, the instructions on the PFS form prohibit leaving spaces blank and provide as follows: "If a question is not applicable to you, please state 'Not Applicable' or 'N/A.'"  In our review, many deficiencies resulted from a plaintiff leaving one or more spaces blank.

Pursuant to paragraph 6 of PTO 14, within 3 weeks of the date of this letter, you must respond in writing by either (1) curing the deficiencies (by serving a further revised, verified PFS through Plaintiffs' portal); (2) disputing the deficiencies and setting forth the reasons the PFS is not deficient; or (3) explaining why the deficiencies cannot be timely cured.  When serving a revised, verified PFS through Plaintiff's portal, you do not need to resubmit documents that were previously served with the original PFS. This is the final deficiency notice for this matter.

Sincerely,

s/ Benjamin W. Hulse

Benjamin W. Hulse

cc: Plaintiffs' Co-Lead Counsel
Enclosure

| | |
|---|---|
| Plaintiffs' Last Name | Ewing |
| Plaintiffs' First Name | Kelly |
| Case No. | 0:17-cv-04967 |
| Section I (Case Information) | |
| Section I - Incomplete Questions | |
| Section II (Personal Information) | Incomplete |
| Section II - Incomplete Questions | 10 |
| Section III (Surgery Information) | Incomplete |
| Section III - Incomplete Questions | 01, 02 |
| Section IV - 1 (Vital Statistics) | |
| Section IV - 3 (Healthcare Providers) | |
| Section IV - 7 (Pharmacies/Drugstores) | Incomplete |
| Section IV - 8 (Dental Procedures) | |
| Section IV - 9 (Tobacco) | |
| Section IV - 10 (Drug/Alcohol) | |
| Section V - 4 (Disability Claims) | |
| Section V - 5 (Lawsuits) | |
| Section V - 6 (Bankruptcy) | |
| Section VI - 1 (Physical Injury) | |
| Section VI - 3 (Emotional Distress) | Incomplete |
| Section VI - 6 (Warnings) | |
| Section VI - 7 (3M/Arizant Communications) | |
| Section VI - 8 (3M/Arizant Warranty) | |
| Section VI - 9 (Augustine) | |
| Section VII - 1 (Lost Past Wages) | |
| Section VII - 2 (Lost Future Wages) | |
| Section VIII - 2 (Verbal/Written Statement) | |
| Section IX - 1 (Consortium Name etc.) | |
| Section IX - 3 (Residences) | |
| Section IX - 4 (Married) | |
| X.01 - Signed Authorization | |
| X.02.d - Documents - Signed Verification | |
| I.03.b - Plaintiffs' Counsel's Firm | Levin, Papantonio, Thomas, Mitchell, Rafferty, Proctor P.A. |
| I.03.e - Plaintiffs' Counsel's Email | dnigh@levinlaw.com |



Benjamin W. Hulse
Direct Dial: 612-343-3256
E-Mail: bhulse@blackwellburke.com

June 6, 2018

**VIA EMAIL AND U.S. MAIL**
Seth Webb
Brown and Crouppen, P.C.
211 N. Broadway, Suite 1600
St. Louis, MO 63102
sethw@getbc.com

    Re:   *In re Bair Hugger Forced Air Warming Devices Products Liability Litigation*
          MDL No. 2666 – Deficiencies in Amended Plaintiff Fact Sheet
          *Hanks, Julie v. 3M Company et al* Case No.: 0:17-cv-05052-JNE-FLN

Dear Counsel:

We are in receipt of the amended Plaintiff Fact Sheet (PFS) for the above-captioned matter. The PFS still has core deficiencies, as set forth in the enclosed report.

Paragraph 4 of Pretrial Order No. 14 defines core deficiencies as "a lack of response to all questions in Section I, Section II, and Section III; Section IV, questions 1, 3, 7, 8, 9, 10; Section V, questions 5, 6, and 7; Section VI, questions 1, 3, 6, 7, 8, and 9; Section VII, questions 1 and 2; Section 8, question 2; Section IX, questions 1, 3, and 4, or lack of signed medical authorizations." Paragraph 3 further requires a signed verification.

In addition, the instructions on the PFS form prohibit leaving spaces blank and provide as follows: "If a question is not applicable to you, please state 'Not Applicable' or 'N/A.'" In our review, many deficiencies resulted from a plaintiff leaving one or more spaces blank.

Pursuant to paragraph 6 of PTO 14, within 3 weeks of the date of this letter, you must respond in writing by either (1) curing the deficiencies (by serving a further revised, verified PFS through Plaintiffs' portal); (2) disputing the deficiencies and setting forth the reasons the PFS is not deficient; or (3) explaining why the deficiencies cannot be timely cured. When serving a revised, verified PFS through Plaintiff's portal, you do not need to resubmit documents that were previously served with the original PFS. This is the final deficiency notice for this matter.

Sincerely,

s/ Benjamin W. Hulse

Benjamin W. Hulse

cc: Plaintiffs' Co-Lead Counsel
Enclosure

| | |
|---|---|
| Plaintiffs' Last Name | Hanks |
| Plaintiffs' First Name | Julie |
| Case No. | 0:17-cv-5052 |
| Section I (Case Information) | Incomplete |
| Section I - Incomplete Questions | 4 |
| Section II (Personal Information) | Incomplete |
| Section II - Incomplete Questions | 01, 02, 03, 05, 06, 08, 09, 10, 11, 12, 13, 14, 15, 16 |
| Section III (Surgery Information) | Incomplete |
| Section III - Incomplete Questions | 01 02 03 04 05 |
| Section IV - 1 (Vital Statistics) | Incomplete |
| Section IV - 3 (Healthcare Providers) | Incomplete |
| Section IV - 7 (Pharmacies/Drugstores) | Incomplete |
| Section IV - 8 (Dental Procedures) | Incomplete |
| Section IV - 9 (Tobacco) | Incomplete |
| Section IV - 10 (Drug/Alcohol) | Incomplete |
| Section V - 4 (Disability Claims) | Incomplete |
| Section V - 5 (Lawsuits) | Incomplete |
| Section V - 6 (Bankruptcy) | Incomplete |
| Section VI - 1 (Physical Injury) | Incomplete |
| Section VI - 3 (Emotional Distress) | Incomplete |
| Section VI - 6 (Warnings) | Incomplete |
| Section VI - 7 (3M/Arizant Communications) | Incomplete |
| Section VI - 8 (3M/Arizant Warranty) | Incomplete |
| Section VI - 9 (Augustine) | Incomplete |
| Section VII - 1 (Lost Past Wages) | Incomplete |
| Section VII - 2 (Lost Future Wages) | Incomplete |
| Section VIII - 2 (Verbal/Written Statement) | Incomplete |
| Section IX - 1 (Consortium Name etc.) | Incomplete |
| Section IX - 3 (Residences) | Incomplete |
| Section IX - 4 (Married) | Incomplete |
| X.01 - Signed Authorization | Incomplete |
| X.02.d - Documents - Signed Verification | Incomplete |
| I.03.b - Plaintiffs' Counsel's Firm | Brown &; Crouppen |
| I.03.e - Plaintiffs' Counsel's Email | sethw@getbc.com |



Benjamin W. Hulse
Direct Dial: 612-343-3256
E-Mail: bhulse@blackwellburke.com

June 18, 2018

**VIA EMAIL AND U.S. MAIL**
Daniel A. Nigh
Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, P.A
316 South Baylen St. Suite 400
Pensacola, Florida 32502
dnigh@levinlaw.com

> Re:    *In re Bair Hugger Forced Air Warming Devices Products Liability Litigation*
> MDL No. 2666 – Deficiencies in Amended Plaintiff Fact Sheet
> *Lykes-Tarver, Tracy v. 3M Company* Case No.: 0:17-cv-05327-JNE-FLN

Dear Counsel:

We are in receipt of the amended Plaintiff Fact Sheet (PFS) for the above-captioned matter. The PFS still has core deficiencies, as set forth in the enclosed report.

Paragraph 4 of Pretrial Order No. 14 defines core deficiencies as "a lack of response to all questions in Section I, Section II, and Section III; Section IV, questions 1, 3, 7, 8, 9, 10; Section V, questions 5, 6, and 7; Section VI, questions 1, 3, 6, 7, 8, and 9; Section VII, questions 1 and 2; Section 8, question 2; Section IX, questions 1, 3, and 4, or lack of signed medical authorizations." Paragraph 3 further requires a signed verification.

In addition, the instructions on the PFS form prohibit leaving spaces blank and provide as follows: "If a question is not applicable to you, please state 'Not Applicable' or 'N/A.'" In our review, many deficiencies resulted from a plaintiff leaving one or more spaces blank.

Pursuant to paragraph 6 of PTO 14, within 3 weeks of the date of this letter, you must respond in writing by either (1) curing the deficiencies (by serving a further revised, verified PFS through Plaintiffs' portal); (2) disputing the deficiencies and setting forth the reasons the PFS is not deficient; or (3) explaining why the deficiencies cannot be timely cured. When serving a revised, verified PFS through Plaintiff's portal, you do not need to resubmit documents that were previously served with the original PFS. This is the final deficiency notice for this matter.

Sincerely,

s/ Benjamin W. Hulse

Benjamin W. Hulse

cc: Plaintiffs' Co-Lead Counsel
Enclosure

| | |
|---|---|
| Plaintiffs' Last Name | Lykes-Tarver |
| Plaintiffs' First Name | Willie |
| Case No. | 0:17-cv-05327 |
| Section I (Case Information) | |
| Section I - Incomplete Questions | |
| Section II (Personal Information) | Incomplete |
| Section II - Incomplete Questions | 07<br>09<br>10 |
| Section III (Surgery Information) | Incomplete |
| Section III - Incomplete Questions | 1 |
| Section IV - 1 (Vital Statistics) | |
| Section IV - 3 (Healthcare Providers) | |
| Section IV - 7 (Pharmacies/Drugstores) | |
| Section IV - 8 (Dental Procedures) | |
| Section IV - 9 (Tobacco) | |
| Section IV - 10 (Drug/Alcohol) | |
| Section V - 4 (Disability Claims) | |
| Section V - 5 (Lawsuits) | |
| Section V - 6 (Bankruptcy) | |
| Section VI - 1 (Physical Injury) | |
| Section VI - 3 (Emotional Distress) | |
| Section VI - 6 (Warnings) | |
| Section VI - 7 (3M/Arizant Communications) | |
| Section VI - 8 (3M/Arizant Warranty) | |
| Section VI - 9 (Augustine) | |
| Section VII - 1 (Lost Past Wages) | |
| Section VII - 2 (Lost Future Wages) | |
| Section VIII - 2 (Verbal/Written Statement) | |
| Section IX - 1 (Consortium Name etc.) | |
| Section IX - 3 (Residences) | |
| Section IX - 4 (Married) | |
| X.01 - Signed Authorization | |
| X.02.d - Documents - Signed Verification | |
| I.03.b - Plaintiffs' Counsel's Firm | Levin, Papantonio |
| I.03.e - Plaintiffs' Counsel's Email | dnigh@levinlaw.com |



**BLACKWELL BURKE** P.A.

Benjamin W. Hulse
Direct Dial: 612-343-3256
E-Mail: bhulse@blackwellburke.com

July 10, 2018

**VIA EMAIL AND U.S. MAIL**
Daniel A. Nigh
Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA
316 S Baylen St - Ste 600
Pensacola, FL 32502
dnigh@levinlaw.com

Re:   *In re Bair Hugger Forced Air Warming Devices Products Liability Litigation*
MDL No. 2666 – Deficiencies in Amended Plaintiff Fact Sheet
*Meyers, Leslie v. 3M Company* Case No.: 0:17-cv-05426-JNE-FLN

Dear Counsel:

We are in receipt of the amended Plaintiff Fact Sheet (PFS) for the above-captioned matter.  The PFS still has core deficiencies, as set forth in the enclosed report.

Paragraph 4 of Pretrial Order No. 14 defines core deficiencies as "a lack of response to all questions in Section I, Section II, and Section III; Section IV, questions 1, 3, 7, 8, 9, 10; Section V, questions 5, 6, and 7; Section VI, questions 1, 3, 6, 7, 8, and 9; Section VII, questions 1 and 2; Section 8, question 2; Section IX, questions 1, 3, and 4, or lack of signed medical authorizations."  Paragraph 3 further requires a signed verification.

In addition, the instructions on the PFS form prohibit leaving spaces blank and provide as follows: "If a question is not applicable to you, please state 'Not Applicable' or 'N/A.'"  In our review, many deficiencies resulted from a plaintiff leaving one or more spaces blank.

Pursuant to paragraph 6 of PTO 14, within 3 weeks of the date of this letter, you must respond in writing by either (1) curing the deficiencies (by serving a further revised, verified PFS through Plaintiffs' portal); (2) disputing the deficiencies and setting forth the reasons the PFS is not deficient; or (3) explaining why the deficiencies cannot be timely cured.  When serving a revised, verified PFS through Plaintiff's portal, you do not need to resubmit documents that were previously served with the original PFS. This is the final deficiency notice for this matter.

Sincerely,

s/ Benjamin W. Hulse

Benjamin W. Hulse

cc: Plaintiffs' Co-Lead Counsel
Enclosure

| | |
|---|---|
| **Plaintiffs' Last Name** | Meyers, Jr |
| **Plaintiffs' First Name** | Leslie |
| **Case No.** | 0:17-cv-05426 |
| **Section I (Case Information)** | |
| **Section I - Incomplete Questions** | |
| **Section II (Personal Information)** | |
| **Section II - Incomplete Questions** | |
| **Section III (Surgery Information)** | Incomplete |
| **Section III - Incomplete Questions** | 1 |
| **Section IV - 1 (Vital Statistics)** | |
| **Section IV - 3 (Healthcare Providers)** | |
| **Section IV - 7 (Pharmacies/Drugstores)** | |
| **Section IV - 8 (Dental Procedures)** | |
| **Section IV - 9 (Tobacco)** | |
| **Section IV - 10 (Drug/Alcohol)** | |
| **Section V - 4 (Disability Claims)** | |
| **Section V - 5 (Lawsuits)** | |
| **Section V - 6 (Bankruptcy)** | |
| **Section VI - 1 (Physical Injury)** | |
| **Section VI - 3 (Emotional Distress)** | |
| **Section VI - 6 (Warnings)** | |
| **Section VI - 7 (3M/Arizant Communications)** | |
| **Section VI - 8 (3M/Arizant Warranty)** | |
| **Section VI - 9 (Augustine)** | |
| **Section VII - 1 (Lost Past Wages)** | |
| **Section VII - 2 (Lost Future Wages)** | Incomplete |
| **Section VIII - 2 (Verbal/Written Statement)** | |
| **Section IX - 1 (Consortium Name etc.)** | |
| **Section IX - 3 (Residences)** | |
| **Section IX - 4 (Married)** | |
| **X.01 - Signed Authorization** | |
| **X.02.d - Documents - Signed Verification** | |
| **I.03.b - Plaintiffs' Counsel's Firm** | Levin, Papantonio |
| **I.03.e - Plaintiffs' Counsel's Email** | dnigh@levinlaw.com |



BLACKWELL
BURKE P.A.

Benjamin W. Hulse
Direct Dial: 612-343-3256
E-Mail: bhulse@blackwellburke.com

July 5, 2018

**VIA EMAIL AND U.S. MAIL**
Noah C. Lauricella
GoldenbergLaw, PLLC
800 LaSalle Avenue, Suite 2150
Minneapolis, MN 55402
nlauricella@goldenberglaw.com

  Re: *In re Bair Hugger Forced Air Warming Devices Products Liability Litigation*
    MDL No. 2666 – Deficiencies in Amended Plaintiff Fact Sheet
    *Goodrum, Vernon  v. 3M Company et al* Case No.: 0:18-cv-00146-JNE-FLN

Dear Counsel:

We are in receipt of the amended Plaintiff Fact Sheet (PFS) for the above-captioned matter.  The PFS still has core deficiencies, as set forth in the enclosed report.

Paragraph 4 of Pretrial Order No. 14 defines core deficiencies as "a lack of response to all questions in Section I, Section II, and Section III; Section IV, questions 1, 3, 7, 8, 9, 10; Section V, questions 5, 6, and 7; Section VI, questions 1, 3, 6, 7, 8, and 9; Section VII, questions 1 and 2; Section 8, question 2; Section IX, questions 1, 3, and 4, or lack of signed medical authorizations."  Paragraph 3 further requires a signed verification.

In addition, the instructions on the PFS form prohibit leaving spaces blank and provide as follows: "If a question is not applicable to you, please state 'Not Applicable' or 'N/A.'"  In our review, many deficiencies resulted from a plaintiff leaving one or more spaces blank.

Pursuant to paragraph 6 of PTO 14, within 3 weeks of the date of this letter, you must respond in writing by either (1) curing the deficiencies (by serving a further revised, verified PFS through Plaintiffs' portal); (2) disputing the deficiencies and setting forth the reasons the PFS is not deficient; or (3) explaining why the deficiencies cannot be timely cured.  When serving a revised, verified PFS through Plaintiff's portal, you do not need to resubmit documents that were previously served with the original PFS. This is the final deficiency notice for this matter.

Sincerely,

s/ Benjamin W. Hulse

Benjamin W. Hulse

cc: Plaintiffs' Co-Lead Counsel
Enclosure

431 South Seventh Street, Suite 2500  Minneapolis, MN 55415  Main 612.343.3200  Fax 612.343.3205
www.blackwellburke.com

| | |
|---|---|
| Plaintiffs' Last Name | Goodrum |
| Plaintiffs' First Name | Vernon |
| Case No. | 18-cv-00146 (JNE/FLN |
| Section I (Case Information) | Incomplete |
| Section I - Incomplete Questions | 1, 4 |
| Section II (Personal Information) | Incomplete |
| Section II - Incomplete Questions | 01, 02, 05, 06, 08, 09, 10, 11, 12, 13, 14, 15, 16 |
| Section III (Surgery Information) | Incomplete |
| Section III - Incomplete Questions | 01 02 03 04 05 |
| Section IV - 1 (Vital Statistics) | Incomplete |
| Section IV - 3 (Healthcare Providers) | Incomplete |
| Section IV - 7 (Pharmacies/Drugstores) | Incomplete |
| Section IV - 8 (Dental Procedures) | Incomplete |
| Section IV - 9 (Tobacco) | Incomplete |
| Section IV - 10 (Drug/Alcohol) | Incomplete |
| Section V - 4 (Disability Claims) | Incomplete |
| Section V - 5 (Lawsuits) | Incomplete |
| Section V - 6 (Bankruptcy) | Incomplete |
| Section VI - 1 (Physical Injury) | Incomplete |
| Section VI - 3 (Emotional Distress) | Incomplete |
| Section VI - 6 (Warnings) | Incomplete |
| Section VI - 7 (3M/Arizant Communications) | Incomplete |
| Section VI - 8 (3M/Arizant Warranty) | Incomplete |
| Section VI - 9 (Augustine) | Incomplete |
| Section VII - 1 (Lost Past Wages) | Incomplete |
| Section VII - 2 (Lost Future Wages) | Incomplete |
| Section VIII - 2 (Verbal/Written Statement) | Incomplete |
| Section IX - 1 (Consortium Name etc.) | |
| Section IX - 3 (Residences) | |
| Section IX - 4 (Married) | |
| X.01 - Signed Authorization | Incomplete |
| X.02.d - Documents - Signed Verification | Incomplete |
| I.03.b - Plaintiffs' Counsel's Firm | GoldenbergLaw, PLLC |
| I.03.e - Plaintiffs' Counsel's Email | nlauricella@goldenberglaw.com |



**BLACKWELL BURKE** P.A.

Benjamin W. Hulse
Direct Dial: 612-343-3256
E-Mail: bhulse@blackwellburke.com

June 18, 2018

**VIA EMAIL AND U.S. MAIL**
Travis R. Walker
The Law offices of Travis R. Walker, P.A.
1235 SE Indian Street, Suite 101
Stuart, Florida 34997
traviswalker@traviswalkerlaw.com

> Re:  *In re Bair Hugger Forced Air Warming Devices Products Liability Litigation*
> MDL No. 2666 – Deficiencies in Amended Plaintiff Fact Sheet
> *Brabham, Earnest  v. 3M Company et al* Case No.: 0:18-cv-00262-JNE-FLN

Dear Counsel:

We are in receipt of the amended Plaintiff Fact Sheet (PFS) for the above-captioned matter.  The PFS still has core deficiencies, as set forth in the enclosed report.

Paragraph 4 of Pretrial Order No. 14 defines core deficiencies as "a lack of response to all questions in Section I, Section II, and Section III; Section IV, questions 1, 3, 7, 8, 9, 10; Section V, questions 5, 6, and 7; Section VI, questions 1, 3, 6, 7, 8, and 9; Section VII, questions 1 and 2; Section 8, question 2; Section IX, questions 1, 3, and 4, or lack of signed medical authorizations."  Paragraph 3 further requires a signed verification.

In addition, the instructions on the PFS form prohibit leaving spaces blank and provide as follows: "If a question is not applicable to you, please state 'Not Applicable' or 'N/A.'"  In our review, many deficiencies resulted from a plaintiff leaving one or more spaces blank.

Pursuant to paragraph 6 of PTO 14, within 3 weeks of the date of this letter, you must respond in writing by either (1) curing the deficiencies (by serving a further revised, verified PFS through Plaintiffs' portal); (2) disputing the deficiencies and setting forth the reasons the PFS is not deficient; or (3) explaining why the deficiencies cannot be timely cured.  When serving a revised, verified PFS through Plaintiff's portal, you do not need to resubmit documents that were previously served with the original PFS. This is the final deficiency notice for this matter.

Sincerely,

s/ Benjamin W. Hulse

Benjamin W. Hulse

cc: Plaintiffs' Co-Lead Counsel
Enclosure

| | |
|---|---|
| Plaintiffs' Last Name | Brabham |
| Plaintiffs' First Name | Ernest |
| Case No. | 0:18-cv-00262 |
| Section I (Case Information) | |
| Section I - Incomplete Questions | |
| Section II (Personal Information) | Incomplete |
| Section II - Incomplete Questions | 2 |
| Section III (Surgery Information) | |
| Section III - Incomplete Questions | |
| Section IV - 1 (Vital Statistics) | |
| Section IV - 3 (Healthcare Providers) | Incomplete |
| Section IV - 7 (Pharmacies/Drugstores) | Incomplete |
| Section IV - 8 (Dental Procedures) | Incomplete |
| Section IV - 9 (Tobacco) | |
| Section IV - 10 (Drug/Alcohol) | Incomplete |
| Section V - 4 (Disability Claims) | |
| Section V - 5 (Lawsuits) | |
| Section V - 6 (Bankruptcy) | |
| Section VI - 1 (Physical Injury) | |
| Section VI - 3 (Emotional Distress) | Incomplete |
| Section VI - 6 (Warnings) | |
| Section VI - 7 (3M/Arizant Communications) | |
| Section VI - 8 (3M/Arizant Warranty) | |
| Section VI - 9 (Augustine) | |
| Section VII - 1 (Lost Past Wages) | |
| Section VII - 2 (Lost Future Wages) | |
| Section VIII - 2 (Verbal/Written Statement) | |
| Section IX - 1 (Consortium Name etc.) | |
| Section IX - 3 (Residences) | |
| Section IX - 4 (Married) | |
| X.01 - Signed Authorization | Incomplete |
| X.02.d - Documents - Signed Verification | Incomplete |
| I.03.b - Plaintiffs' Counsel's Firm | The Law Offices of Travis R Walker |
| I.03.e - Plaintiffs' Counsel's Email | TravisWalker@traviswalkerlaw.com |



**BLACKWELL BURKE** P.A.

Benjamin W. Hulse
Direct Dial: 612-343-3256
E-Mail: bhulse@blackwellburke.com

July 2, 2018

**VIA EMAIL AND U.S. MAIL**
Brett Emison
Langdon and Emison
911 Main Street, PO Box 220
Lexington, MO 64067
rachel@lelaw.com

   Re: *In re Bair Hugger Forced Air Warming Devices Products Liability Litigation*
     MDL No. 2666 – Deficiencies in Plaintiff Fact Sheet for Individual Case
     *Boyle, Maureen v. 3M Company et al* Case No.: 0:18-cv-00628-JNE-FLN

Dear Counsel:

We are in receipt of the Plaintiff Fact Sheet (PFS) for the above-captioned matter.  The PFS has core deficiencies, as set forth in the enclosed report.

Paragraph 4 of Pretrial Order No. 14 defines core deficiencies as "a lack of response to all questions in Section I, Section II, and Section III; Section IV, questions 1, 3, 7, 8, 9, 10; Section V, questions 5, 6, and 7; Section VI, questions 1, 3, 6, 7, 8, and 9; Section VII, questions 1 and 2; Section 8, question 2; Section IX, questions 1, 3, and 4, or lack of signed medical authorizations."  Paragraph 3 further requires a signed verification.

In addition, the instructions on the PFS form prohibit leaving spaces blank and provide as follows: "If a question is not applicable to you, please state 'Not Applicable' or 'N/A.'"  In our review, many deficiencies resulted from a plaintiff leaving one or more spaces blank.

Pursuant to paragraph 6 of PTO 14, within 3 weeks of the date of this letter, you must respond in writing by either (1) curing the deficiencies (by serving a revised, verified PFS through Plaintiffs' portal); (2) disputing the deficiencies and setting forth the reasons the PFS is not deficient; or (3) explaining why the deficiencies cannot be timely cured.  When serving a revised, verified PFS through Plaintiff's portal, you do not need to resubmit documents that were previously served with the original PFS. This is a final deficiency notice for this matter.

Sincerely,

s/ Benjamin W. Hulse

Benjamin W. Hulse

cc: Plaintiffs' Co-Lead Counsel
Enclosure

| | |
|---|---|
| Plaintiffs' Last Name | Boyle |
| Plaintiffs' First Name | Maureen |
| Case No. | 18-cv-00628 |
| Section I (Case Information) | |
| Section I - Incomplete Questions | |
| Section II (Personal Information) | |
| Section II - Incomplete Questions | |
| Section III (Surgery Information) | |
| Section III - Incomplete Questions | |
| Section IV - 1 (Vital Statistics) | |
| Section IV - 3 (Healthcare Providers) | |
| Section IV - 7 (Pharmacies/Drugstores) | |
| Section IV - 8 (Dental Procedures) | |
| Section IV - 9 (Tobacco) | |
| Section IV - 10 (Drug/Alcohol) | |
| Section V - 4 (Disability Claims) | |
| Section V - 5 (Lawsuits) | Incomplete |
| Section V - 6 (Bankruptcy) | |
| Section VI - 1 (Physical Injury) | |
| Section VI - 3 (Emotional Distress) | |
| Section VI - 6 (Warnings) | |
| Section VI - 7 (3M/Arizant Communications) | |
| Section VI - 8 (3M/Arizant Warranty) | |
| Section VI - 9 (Augustine) | |
| Section VII - 1 (Lost Past Wages) | |
| Section VII - 2 (Lost Future Wages) | |
| Section VIII - 2 (Verbal/Written Statement) | |
| Section IX - 1 (Consortium Name etc.) | |
| Section IX - 3 (Residences) | |
| Section IX - 4 (Married) | |
| X.01 - Signed Authorization | Incomplete |
| X.02.d - Documents - Signed Verification | Incomplete |
| I.03.b - Plaintiffs' Counsel's Firm | Langdon and Emison LLC |
| I.03.e - Plaintiffs' Counsel's Email | brett@lelaw.com rachel@lelaw.com |



**BLACKWELL BURKE** P.A.

Benjamin W. Hulse
Direct Dial: 612-343-3256
E-Mail: bhulse@blackwellburke.com

July 5, 2018

**VIA EMAIL AND U.S. MAIL**
John Christopher Elliot
Bachus & Schanker, LLC
1899 Wynkoop Street, Suite 700
Denver, CO 80202
celliott@coloradolaw.net

Re:    *In re Bair Hugger Forced Air Warming Devices Products Liability Litigation*
MDL No. 2666 – Deficiencies in Plaintiff Fact Sheet for Individual Case
*Hughes, Wilbert v. 3M Company et al* Case No.: 0:18-cv-00665-JNE-FLN

Dear Counsel:

We are in receipt of the Plaintiff Fact Sheet (PFS) for the above-captioned matter. The PFS has core deficiencies, as set forth in the enclosed report.

Paragraph 4 of Pretrial Order No. 14 defines core deficiencies as "a lack of response to all questions in Section I, Section II, and Section III; Section IV, questions 1, 3, 7, 8, 9, 10; Section V, questions 5, 6, and 7; Section VI, questions 1, 3, 6, 7, 8, and 9; Section VII, questions 1 and 2; Section 8, question 2; Section IX, questions 1, 3, and 4, or lack of signed medical authorizations." Paragraph 3 further requires a signed verification.

In addition, the instructions on the PFS form prohibit leaving spaces blank and provide as follows: "If a question is not applicable to you, please state 'Not Applicable' or 'N/A.'" In our review, many deficiencies resulted from a plaintiff leaving one or more spaces blank.

Pursuant to paragraph 6 of PTO 14, within 3 weeks of the date of this letter, you must respond in writing by either (1) curing the deficiencies (by serving a revised, verified PFS through Plaintiffs' portal); (2) disputing the deficiencies and setting forth the reasons the PFS is not deficient; or (3) explaining why the deficiencies cannot be timely cured. When serving a revised, verified PFS through Plaintiff's portal, you do not need to resubmit documents that were previously served with the original PFS. This is a final deficiency notice for this matter.

Sincerely,

s/ Benjamin W. Hulse

Benjamin W. Hulse

cc: Plaintiffs' Co-Lead Counsel
Enclosure

| | |
|---|---|
| Plaintiffs' Last Name | HUGHES |
| Plaintiffs' First Name | WILBERT |
| Case No. | 18-CV-00665-JNE-FLN |
| Section I (Case Information) | |
| Section I - Incomplete Questions | |
| Section II (Personal Information) | Incomplete |
| Section II - Incomplete Questions | 07<br>08<br>10 |
| Section III (Surgery Information) | Incomplete |
| Section III - Incomplete Questions | 1 |
| Section IV - 1 (Vital Statistics) | |
| Section IV - 3 (Healthcare Providers) | |
| Section IV - 7 (Pharmacies/Drugstores) | |
| Section IV - 8 (Dental Procedures) | |
| Section IV - 9 (Tobacco) | |
| Section IV - 10 (Drug/Alcohol) | |
| Section V - 4 (Disability Claims) | |
| Section V - 5 (Lawsuits) | |
| Section V - 6 (Bankruptcy) | |
| Section VI - 1 (Physical Injury) | Incomplete |
| Section VI - 3 (Emotional Distress) | Incomplete |
| Section VI - 6 (Warnings) | |
| Section VI - 7 (3M/Arizant Communications) | |
| Section VI - 8 (3M/Arizant Warranty) | |
| Section VI - 9 (Augustine) | |
| Section VII - 1 (Lost Past Wages) | Incomplete |
| Section VII - 2 (Lost Future Wages) | Incomplete |
| Section VIII - 2 (Verbal/Written Statement) | |
| Section IX - 1 (Consortium Name etc.) | |
| Section IX - 3 (Residences) | |
| Section IX - 4 (Married) | |
| X.01 - Signed Authorization | |
| X.02.d - Documents - Signed Verification | |
| I.03.b - Plaintiffs' Counsel's Firm | Bachus & Schanker, LLC |
| I.03.e - Plaintiffs' Counsel's Email | celliott@coloradolaw.net |



Benjamin W. Hulse
Direct Dial: 612-343-3256
E-Mail: bhulse@blackwellburke.com

July 5, 2018

**VIA EMAIL AND U.S. MAIL**
Daniel A. Nigh
Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, P.A
316 South Baylen St. Suite 400
Pensacola, Florida 32502
dnigh@levinlaw.com

> Re:   *In re Bair Hugger Forced Air Warming Devices Products Liability Litigation*
> MDL No. 2666 – Deficiencies in Plaintiff Fact Sheet for Individual Case
> *Bunk, Susan v. 3M Company* Case No.: 0:18-cv-00676-JNE-FLN

Dear Counsel:

We are in receipt of the Plaintiff Fact Sheet (PFS) for the above-captioned matter.  The PFS has core deficiencies, as set forth in the enclosed report.

Paragraph 4 of Pretrial Order No. 14 defines core deficiencies as "a lack of response to all questions in Section I, Section II, and Section III; Section IV, questions 1, 3, 7, 8, 9, 10; Section V, questions 5, 6, and 7; Section VI, questions 1, 3, 6, 7, 8, and 9; Section VII, questions 1 and 2; Section 8, question 2; Section IX, questions 1, 3, and 4, or lack of signed medical authorizations." Paragraph 3 further requires a signed verification.

In addition, the instructions on the PFS form prohibit leaving spaces blank and provide as follows: "If a question is not applicable to you, please state 'Not Applicable' or 'N/A.'"  In our review, many deficiencies resulted from a plaintiff leaving one or more spaces blank.

Pursuant to paragraph 6 of PTO 14, within 3 weeks of the date of this letter, you must respond in writing by either (1) curing the deficiencies (by serving a revised, verified PFS through Plaintiffs' portal); (2) disputing the deficiencies and setting forth the reasons the PFS is not deficient; or (3) explaining why the deficiencies cannot be timely cured.  When serving a revised, verified PFS through Plaintiff's portal, you do not need to resubmit documents that were previously served with the original PFS. This is a final deficiency notice for this matter.

Sincerely,

s/ Benjamin W. Hulse

Benjamin W. Hulse

cc: Plaintiffs' Co-Lead Counsel
Enclosure

| | |
|---|---|
| Plaintiffs' Last Name | Bunk |
| Plaintiffs' First Name | Susan |
| Case No. | 0:18-cv-00676 |
| Section I (Case Information) | Incomplete |
| Section I - Incomplete Questions | 4 |
| Section II (Personal Information) | Incomplete |
| Section II - Incomplete Questions | 01, 02, 03, 05, 06, 08, 09, 10, 11, 12, 13, 14, 15, 16 |
| Section III (Surgery Information) | Incomplete |
| Section III - Incomplete Questions | 01 04 05 |
| Section IV - 1 (Vital Statistics) | Incomplete |
| Section IV - 3 (Healthcare Providers) | Incomplete |
| Section IV - 7 (Pharmacies/Drugstores) | Incomplete |
| Section IV - 8 (Dental Procedures) | Incomplete |
| Section IV - 9 (Tobacco) | Incomplete |
| Section IV - 10 (Drug/Alcohol) | Incomplete |
| Section V - 4 (Disability Claims) | Incomplete |
| Section V - 5 (Lawsuits) | Incomplete |
| Section V - 6 (Bankruptcy) | Incomplete |
| Section VI - 1 (Physical Injury) | Incomplete |
| Section VI - 3 (Emotional Distress) | Incomplete |
| Section VI - 6 (Warnings) | Incomplete |
| Section VI - 7 (3M/Arizant Communications) | Incomplete |
| Section VI - 8 (3M/Arizant Warranty) | Incomplete |
| Section VI - 9 (Augustine) | Incomplete |
| Section VII - 1 (Lost Past Wages) | Incomplete |
| Section VII - 2 (Lost Future Wages) | Incomplete |
| Section VIII - 2 (Verbal/Written Statement) | Incomplete |
| Section IX - 1 (Consortium Name etc.) | Incomplete |
| Section IX - 3 (Residences) | Incomplete |
| Section IX - 4 (Married) | Incomplete |
| X.01 - Signed Authorization | Incomplete |
| X.02.d - Documents - Signed Verification | Incomplete |
| I.03.b - Plaintiffs' Counsel's Firm | Levin, Papantonio, Thomas, Mitchell, Rafferty, Proctor P.A. |
| I.03.e - Plaintiffs' Counsel's Email | dnigh@levinlaw.com |



BLACKWELL
BURKE P.A.

Benjamin W. Hulse
Direct Dial: 612-343-3256
E-Mail: bhulse@blackwellburke.com

July 5, 2018

**VIA EMAIL AND U.S. MAIL**
Daniel A. Nigh
Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, P.A
316 South Baylen St. Suite 400
Pensacola, Florida 32502
dnigh@levinlaw.com

Re: *In re Bair Hugger Forced Air Warming Devices Products Liability Litigation*
MDL No. 2666 – Deficiencies in Plaintiff Fact Sheet for Individual Case
*Dupont, Roy v. 3M Company* Case No.: 0:18-cv-00690-JNE-FLN

Dear Counsel:

We are in receipt of the Plaintiff Fact Sheet (PFS) for the above-captioned matter. The PFS has core deficiencies, as set forth in the enclosed report.

Paragraph 4 of Pretrial Order No. 14 defines core deficiencies as "a lack of response to all questions in Section I, Section II, and Section III; Section IV, questions 1, 3, 7, 8, 9, 10; Section V, questions 5, 6, and 7; Section VI, questions 1, 3, 6, 7, 8, and 9; Section VII, questions 1 and 2; Section 8, question 2; Section IX, questions 1, 3, and 4, or lack of signed medical authorizations." Paragraph 3 further requires a signed verification.

In addition, the instructions on the PFS form prohibit leaving spaces blank and provide as follows: "If a question is not applicable to you, please state 'Not Applicable' or 'N/A.'" In our review, many deficiencies resulted from a plaintiff leaving one or more spaces blank.

Pursuant to paragraph 6 of PTO 14, within 3 weeks of the date of this letter, you must respond in writing by either (1) curing the deficiencies (by serving a revised, verified PFS through Plaintiffs' portal); (2) disputing the deficiencies and setting forth the reasons the PFS is not deficient; or (3) explaining why the deficiencies cannot be timely cured. When serving a revised, verified PFS through Plaintiff's portal, you do not need to resubmit documents that were previously served with the original PFS. This is a final deficiency notice for this matter.

Sincerely,

s/ Benjamin W. Hulse

Benjamin W. Hulse

cc: Plaintiffs' Co-Lead Counsel
Enclosure

| | |
|---|---|
| Plaintiffs' Last Name | Dupont |
| Plaintiffs' First Name | Roy |
| Case No. | 0:18-cv-00690 |
| Section I (Case Information) | |
| Section I - Incomplete Questions | |
| Section II (Personal Information) | Incomplete |
| Section II - Incomplete Questions | 05<br>10 |
| Section III (Surgery Information) | Incomplete |
| Section III - Incomplete Questions | 1 |
| Section IV - 1 (Vital Statistics) | |
| Section IV - 3 (Healthcare Providers) | |
| Section IV - 7 (Pharmacies/Drugstores) | |
| Section IV - 8 (Dental Procedures) | |
| Section IV - 9 (Tobacco) | |
| Section IV - 10 (Drug/Alcohol) | |
| Section V - 4 (Disability Claims) | |
| Section V - 5 (Lawsuits) | |
| Section V - 6 (Bankruptcy) | |
| Section VI - 1 (Physical Injury) | |
| Section VI - 3 (Emotional Distress) | |
| Section VI - 6 (Warnings) | |
| Section VI - 7 (3M/Arizant Communications) | |
| Section VI - 8 (3M/Arizant Warranty) | |
| Section VI - 9 (Augustine) | |
| Section VII - 1 (Lost Past Wages) | |
| Section VII - 2 (Lost Future Wages) | |
| Section VIII - 2 (Verbal/Written Statement) | Incomplete |
| Section IX - 1 (Consortium Name etc.) | |
| Section IX - 3 (Residences) | |
| Section IX - 4 (Married) | |
| X.01 - Signed Authorization | Incomplete |
| X.02.d - Documents - Signed Verification | Incomplete |
| I.03.b - Plaintiffs' Counsel's Firm | Levin, Papantonio, Thomas, Mitchell, Rafferty, Proctor P.A. |
| I.03.e - Plaintiffs' Counsel's Email | dnigh@levinlaw.com |



**BLACKWELL BURKE** P.A.

Benjamin W. Hulse
Direct Dial: 612-343-3256
E-Mail: bhulse@blackwellburke.com

July 24, 2018

**VIA EMAIL AND U.S. MAIL**
Christopher Coffin
Pendley, Baudin & Coffin L.L.P.
24110 Eden St.P.O. Drawer 71
Plaquemine, LA 70765
ccoffin@pbclawfirm.com, nrockforte@pbclawfirm.com
jperez@pbclawfirm.com

   Re: *In re Bair Hugger Forced Air Warming Devices Products Liability Litigation*
     MDL No. 2666 – Deficiencies in Plaintiff Fact Sheet for Individual Case
     *Willimon, Brenda v. 3M Company et al* Case No.: 0:18-cv-00881-JNE-FLN

Dear Counsel:

We are in receipt of the Plaintiff Fact Sheet (PFS) for the above-captioned matter. The PFS has core deficiencies, as set forth in the enclosed report.

Paragraph 4 of Pretrial Order No. 14 defines core deficiencies as "a lack of response to all questions in Section I, Section II, and Section III; Section IV, questions 1, 3, 7, 8, 9, 10; Section V, questions 5, 6, and 7; Section VI, questions 1, 3, 6, 7, 8, and 9; Section VII, questions 1 and 2; Section 8, question 2; Section IX, questions 1, 3, and 4, or lack of signed medical authorizations." Paragraph 3 further requires a signed verification.

In addition, the instructions on the PFS form prohibit leaving spaces blank and provide as follows: "If a question is not applicable to you, please state 'Not Applicable' or 'N/A.'" In our review, many deficiencies resulted from a plaintiff leaving one or more spaces blank.

Pursuant to paragraph 6 of PTO 14, within 3 weeks of the date of this letter, you must respond in writing by either (1) curing the deficiencies (by serving a revised, verified PFS through Plaintiffs' portal); (2) disputing the deficiencies and setting forth the reasons the PFS is not deficient; or (3) explaining why the deficiencies cannot be timely cured. When serving a revised, verified PFS through Plaintiff's portal, you do not need to resubmit documents that were previously served with the original PFS. This is a final deficiency notice for this matter.

Sincerely,

s/ Benjamin W. Hulse

Benjamin W. Hulse

cc: Plaintiffs' Co-Lead Counsel

| | |
|---|---|
| **Plaintiffs' Last Name** | Willimon |
| **Plaintiffs' First Name** | Brenda D. |
| **Case No.** | MDL No. 15-2666 (JNE/FLN) |
| **Section I (Case Information)** | |
| **Section I - Incomplete Questions** | |
| **Section II (Personal Information)** | Incomplete |
| **Section II - Incomplete Questions** | 02<br>10 |
| **Section III (Surgery Information)** | Incomplete |
| **Section III - Incomplete Questions** | 1 |
| **Section IV - 1 (Vital Statistics)** | |
| **Section IV - 3 (Healthcare Providers)** | |
| **Section IV - 7 (Pharmacies/Drugstores)** | Incomplete |
| **Section IV - 8 (Dental Procedures)** | |
| **Section IV - 9 (Tobacco)** | |
| **Section IV - 10 (Drug/Alcohol)** | |
| **Section V - 4 (Disability Claims)** | |
| **Section V - 5 (Lawsuits)** | |
| **Section V - 6 (Bankruptcy)** | |
| **Section VI - 1 (Physical Injury)** | |
| **Section VI - 3 (Emotional Distress)** | |
| **Section VI - 6 (Warnings)** | |
| **Section VI - 7 (3M/Arizant Communications)** | |
| **Section VI - 8 (3M/Arizant Warranty)** | |
| **Section VI - 9 (Augustine)** | |
| **Section VII - 1 (Lost Past Wages)** | |
| **Section VII - 2 (Lost Future Wages)** | |
| **Section VIII - 2 (Verbal/Written Statement)** | |
| **Section IX - 1 (Consortium Name etc.)** | |
| **Section IX - 3 (Residences)** | |
| **Section IX - 4 (Married)** | |
| **X.01 - Signed Authorization** | Incomplete |
| **X.02.d - Documents - Signed Verification** | Incomplete |
| **I.03.b - Plaintiffs' Counsel's Firm** | Pendley, Baudin & Coffin LLP |
| **I.03.e - Plaintiffs' Counsel's Email** | sshirey@pbclawfirm.com |



**BLACKWELL BURKE** P.A.

Benjamin W. Hulse
Direct Dial: 612-343-3256
E-Mail: bhulse@blackwellburke.com

June 11, 2018

**VIA EMAIL AND U.S. MAIL**
Daniel A. Nigh
Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA
316 S Baylen St, Ste 600
Pensacola, FL 32502
dnigh@levinlaw.com

> Re:    *In re Bair Hugger Forced Air Warming Devices Products Liability Litigation*
> MDL No. 2666 – Deficiencies in Plaintiff Fact Sheet for Individual Case
> *Chapman, Joann v. 3M Company* Case No.: 0:18-cv-01137-JNE-FLN

Dear Counsel:

We are in receipt of the Plaintiff Fact Sheet (PFS) for the above-captioned matter. The PFS has core deficiencies, as set forth in the enclosed report.

Paragraph 4 of Pretrial Order No. 14 defines core deficiencies as "a lack of response to all questions in Section I, Section II, and Section III; Section IV, questions 1, 3, 7, 8, 9, 10; Section V, questions 5, 6, and 7; Section VI, questions 1, 3, 6, 7, 8, and 9; Section VII, questions 1 and 2; Section 8, question 2; Section IX, questions 1, 3, and 4, or lack of signed medical authorizations." Paragraph 3 further requires a signed verification.

In addition, the instructions on the PFS form prohibit leaving spaces blank and provide as follows: "If a question is not applicable to you, please state 'Not Applicable' or 'N/A.'" In our review, many deficiencies resulted from a plaintiff leaving one or more spaces blank.

Pursuant to paragraph 6 of PTO 14, within 3 weeks of the date of this letter, you must respond in writing by either (1) curing the deficiencies (by serving a revised, verified PFS through Plaintiffs' portal); (2) disputing the deficiencies and setting forth the reasons the PFS is not deficient; or (3) explaining why the deficiencies cannot be timely cured. When serving a revised, verified PFS through Plaintiff's portal, you do not need to resubmit documents that were previously served with the original PFS. This is a final deficiency notice for this matter.

Sincerely,

s/ Benjamin W. Hulse

Benjamin W. Hulse

cc: Plaintiffs' Co-Lead Counsel
Enclosure

| | |
|---|---|
| Plaintiffs' Last Name | Chapman |
| Plaintiffs' First Name | Joann |
| Case No. | 0:18-cv-01137 |
| Section I (Case Information) | |
| Section I - Incomplete Questions | |
| Section II (Personal Information) | Incomplete |
| Section II - Incomplete Questions | 2 |
| Section III (Surgery Information) | Incomplete |
| Section III - Incomplete Questions | 1 |
| Section IV - 1 (Vital Statistics) | |
| Section IV - 3 (Healthcare Providers) | |
| Section IV - 7 (Pharmacies/Drugstores) | |
| Section IV - 8 (Dental Procedures) | |
| Section IV - 9 (Tobacco) | |
| Section IV - 10 (Drug/Alcohol) | |
| Section V - 4 (Disability Claims) | |
| Section V - 5 (Lawsuits) | |
| Section V - 6 (Bankruptcy) | |
| Section VI - 1 (Physical Injury) | |
| Section VI - 3 (Emotional Distress) | |
| Section VI - 6 (Warnings) | |
| Section VI - 7 (3M/Arizant Communications) | |
| Section VI - 8 (3M/Arizant Warranty) | |
| Section VI - 9 (Augustine) | |
| Section VII - 1 (Lost Past Wages) | |
| Section VII - 2 (Lost Future Wages) | |
| Section VIII - 2 (Verbal/Written Statement) | |
| Section IX - 1 (Consortium Name etc.) | Incomplete |
| Section IX - 3 (Residences) | |
| Section IX - 4 (Married) | |
| X.01 - Signed Authorization | |
| X.02.d - Documents - Signed Verification | |
| I.03.b - Plaintiffs' Counsel's Firm | Levin, Papantonio, Thomas, Mitchell, Rafferty, Proctor P.A. |
| I.03.e - Plaintiffs' Counsel's Email | dnigh@levinlaw.com |



**BLACKWELL BURKE** P.A.

Benjamin W. Hulse
Direct Dial: 612-343-3256
E-Mail: bhulse@blackwellburke.com

July 3, 2018

**VIA EMAIL AND U.S. MAIL**
Daniel A. Nigh
Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA
316 S Baylen St, Ste 600
Pensacola, FL 32502
dnigh@levinlaw.com

Re: *In re Bair Hugger Forced Air Warming Devices Products Liability Litigation*
MDL No. 2666 – Deficiencies in Plaintiff Fact Sheet for Individual Case
*Lombardo, James v. 3M Company* Case No.: 0:18-cv-01154-JNE-FLN

Dear Counsel:

We are in receipt of the Plaintiff Fact Sheet (PFS) for the above-captioned matter. The PFS has core deficiencies, as set forth in the enclosed report.

Paragraph 4 of Pretrial Order No. 14 defines core deficiencies as "a lack of response to all questions in Section I, Section II, and Section III; Section IV, questions 1, 3, 7, 8, 9, 10; Section V, questions 5, 6, and 7; Section VI, questions 1, 3, 6, 7, 8, and 9; Section VII, questions 1 and 2; Section 8, question 2; Section IX, questions 1, 3, and 4, or lack of signed medical authorizations." Paragraph 3 further requires a signed verification.

In addition, the instructions on the PFS form prohibit leaving spaces blank and provide as follows: "If a question is not applicable to you, please state 'Not Applicable' or 'N/A.'" In our review, many deficiencies resulted from a plaintiff leaving one or more spaces blank.

Pursuant to paragraph 6 of PTO 14, within 3 weeks of the date of this letter, you must respond in writing by either (1) curing the deficiencies (by serving a revised, verified PFS through Plaintiffs' portal); (2) disputing the deficiencies and setting forth the reasons the PFS is not deficient; or (3) explaining why the deficiencies cannot be timely cured. When serving a revised, verified PFS through Plaintiff's portal, you do not need to resubmit documents that were previously served with the original PFS. This is a final deficiency notice for this matter.

Sincerely,

s/ Benjamin W. Hulse

Benjamin W. Hulse

cc: Plaintiffs' Co-Lead Counsel
Enclosure

| | |
|---|---|
| Plaintiffs' Last Name | Lombardo |
| Plaintiffs' First Name | James |
| Case No. | 0:18-cv-01154 |
| Section I (Case Information) | |
| Section I - Incomplete Questions | |
| Section II (Personal Information) | |
| Section II - Incomplete Questions | 7 |
| Section III (Surgery Information) | Incomplete |
| Section III - Incomplete Questions | 01<br>03 |
| Section IV - 1 (Vital Statistics) | |
| Section IV - 3 (Healthcare Providers) | |
| Section IV - 7 (Pharmacies/Drugstores) | |
| Section IV - 8 (Dental Procedures) | |
| Section IV - 9 (Tobacco) | |
| Section IV - 10 (Drug/Alcohol) | |
| Section V - 4 (Disability Claims) | |
| Section V - 5 (Lawsuits) | |
| Section V - 6 (Bankruptcy) | |
| Section VI - 1 (Physical Injury) | |
| Section VI - 3 (Emotional Distress) | |
| Section VI - 6 (Warnings) | |
| Section VI - 7 (3M/Arizant Communications) | |
| Section VI - 8 (3M/Arizant Warranty) | |
| Section VI - 9 (Augustine) | |
| Section VII - 1 (Lost Past Wages) | |
| Section VII - 2 (Lost Future Wages) | Incomplete |
| Section VIII - 2 (Verbal/Written Statement) | |
| Section IX - 1 (Consortium Name etc.) | |
| Section IX - 3 (Residences) | |
| Section IX - 4 (Married) | |
| X.01 - Signed Authorization | |
| X.02.d - Documents - Signed Verification | |
| I.03.b - Plaintiffs' Counsel's Firm | Levin, Papantonio, Thomas, Mitchell, Rafferty, Proctor P.A. |
| I.03.e - Plaintiffs' Counsel's Email | dnigh@levinlaw.com |



Benjamin W. Hulse
Direct Dial: 612-343-3256
E-Mail: bhulse@blackwellburke.com

July 23, 2018

**VIA EMAIL AND U.S. MAIL**
Genevieve M. Zimmerman
Meshbesher & Spence
1616 Park Avenue
Minneapolis, MN 55404
gzimmerman@meshbesher.com

Re:    *In re Bair Hugger Forced Air Warming Devices Products Liability Litigation*
       MDL No. 2666 – Deficiencies in Plaintiff Fact Sheet for Individual Case
       *Lane, Tonya v. 3M Company et al* Case No.: 0:18-cv-01345-JNE-FLN

Dear Counsel:

We are in receipt of the Plaintiff Fact Sheet (PFS) for the above-captioned matter.  The PFS has core deficiencies, as set forth in the enclosed report.

Paragraph 4 of Pretrial Order No. 14 defines core deficiencies as "a lack of response to all questions in Section I, Section II, and Section III; Section IV, questions 1, 3, 7, 8, 9, 10; Section V, questions 5, 6, and 7; Section VI, questions 1, 3, 6, 7, 8, and 9; Section VII, questions 1 and 2; Section 8, question 2; Section IX, questions 1, 3, and 4, or lack of signed medical authorizations."  Paragraph 3 further requires a signed verification.

In addition, the instructions on the PFS form prohibit leaving spaces blank and provide as follows: "If a question is not applicable to you, please state 'Not Applicable' or 'N/A.'"  In our review, many deficiencies resulted from a plaintiff leaving one or more spaces blank.

Pursuant to paragraph 6 of PTO 14, within 3 weeks of the date of this letter, you must respond in writing by either (1) curing the deficiencies (by serving a revised, verified PFS through Plaintiffs' portal); (2) disputing the deficiencies and setting forth the reasons the PFS is not deficient; or (3) explaining why the deficiencies cannot be timely cured.  When serving a revised, verified PFS through Plaintiff's portal, you do not need to resubmit documents that were previously served with the original PFS. This is a final deficiency notice for this matter.

Sincerely,

s/ Benjamin W. Hulse

Benjamin W. Hulse

cc: Plaintiffs' Co-Lead Counsel
Enclosure

| Plaintiffs' Last Name | Lane |
|---|---|
| Plaintiffs' First Name | Tonya |
| Case No. | 18-cv-01345 |
| Section I (Case Information) | Incomplete |
| Section I - Incomplete Questions | 4 |
| Section II (Personal Information) | Incomplete |
| Section II - Incomplete Questions | 10 |
| Section III (Surgery Information) | Incomplete |
| Section III - Incomplete Questions | 03 |
| Section IV - 1 (Vital Statistics) | |
| Section IV - 3 (Healthcare Providers) | |
| Section IV - 7 (Pharmacies/Drugstores) | Incomplete |
| Section IV - 8 (Dental Procedures) | |
| Section IV - 9 (Tobacco) | |
| Section IV - 10 (Drug/Alcohol) | |
| Section V - 4 (Disability Claims) | |
| Section V - 5 (Lawsuits) | |
| Section V - 6 (Bankruptcy) | |
| Section VI - 1 (Physical Injury) | Incomplete |
| Section VI - 3 (Emotional Distress) | Incomplete |
| Section VI - 6 (Warnings) | |
| Section VI - 7 (3M/Arizant Communications) | |
| Section VI - 8 (3M/Arizant Warranty) | |
| Section VI - 9 (Augustine) | |
| Section VII - 1 (Lost Past Wages) | Incomplete |
| Section VII - 2 (Lost Future Wages) | |
| Section VIII - 2 (Verbal/Written Statement) | |
| Section IX - 1 (Consortium Name etc.) | Incomplete |
| Section IX - 3 (Residences) | Incomplete |
| Section IX - 4 (Married) | Incomplete |
| X.01 - Signed Authorization | |
| X.02.d - Documents - Signed Verification | |
| I.03.b - Plaintiffs' Counsel's Firm | Meshbesher & Spence, Ltd. |
| I.03.e - Plaintiffs' Counsel's Email | araso@meshbesher.com |

# EXHIBIT D

**From:** Mary Young
**Sent:** Friday, August 10, 2018 4:48 PM
**To:** JoanEricksen_Chambers@mnd.uscourts.gov; schultz_chambers@mnd.uscourts.gov
**Cc:** Genevieve Zimmerman - Meshbesher & Spence (gzimmerman@meshbesher.com)
<gzimmerman@meshbesher.com>; Gabriel Assaad (gassaad@kennedyhodges.com)
<gassaad@kennedyhodges.com>; Jan Conlin (JMC@ciresiconlin.com) <JMC@ciresiconlin.com>; Ben
Gordon (bgordon@levinlaw.com) <bgordon@levinlaw.com>; Jerry Blackwell
<blackwell@blackwellburke.com>; Lyn Pruitt <LPruitt@mwlaw.com>; Ben Hulse
<bhulse@blackwellburke.com>; David Szerlag <david@pritzkerlaw.com>; Bridget Ahmann
<Bridget.Ahmann@FaegreBD.com>
**Subject:** MDL 2666 - Joint Agenda and Report for Aug. 16 Status Conference


Dear Judge Ericksen and Judge Schultz,

In accordance with Pretrial Order No. 3, attached is the parties' Joint Agenda and Report for the status
conference scheduled for Thursday, August 16.  Defendants' three lists related to the Plaintiff Fact
Sheets, as discussed in Section 2 of the Joint Agenda, are also attached to this email.


Sincerely,

Mary Young


**Mary S. Young**


**Blackwell Burke P.A.**
431 South Seventh Street, Suite 2500
Minneapolis, MN  55415
Direct (612) 343-3214
Fax (612) 343-3205

This message and any attachments may contain information that is privileged, confidential, and exempt from disclosure under applicable law. If you are
not the intended recipient or are not authorized to receive for the recipient, you are hereby notified that dissemination, distribution or copying of this
message and any attachments is strictly prohibited. If you have received this message in error, please immediately advise the sender by reply e-mail and
delete the message and any attachments. Thank you.

**Defendants' PFS List 1:  Overdue Plaintiff Fact Sheets**
(Updated August 10, 2018)

| Case Number | Title | Date Filed | Due Date | Prior Listing | Firm Name |
|---|---|---|---|---|---|
| 0:18-cv-00641-JNE-DTS | Rhew, Barbara  v. 3M Company, et al. | 3/7/2018 | 6/5/2018 | 6/15/2018 7/13/2018 | Morris Law Firm |
| 0:18-cv-00572-JNE-DTS | Gauthier, Kim v. 3M Company, et al. | 3/1/2018 | 5/31/2018 | 7/13/2018 | Schlichter, Bogard & Denton, LLP |
| 0:18-cv-00708-JNE-DTS | Fairfax, Betty v. 3M Company, et al. | 3/14/2018 | 6/12/2018 | 7/13/2018 | DeGaris & Rogers, LLC |
| 0:18-cv-00757-JNE-DTS | Homsher, Larry v. 3M Company, et al. | 3/20/2018 | 6/18/2018 | 7/13/2018 | Bernstein Liebhard LLP |
| 0:18-cv-00758-JNE-DTS | Butler, Frances Eloise v. 3M Company, et al. | 3/20/2018 | 6/18/2018 | 7/13/2018 | Fears Nachawati, PLLC |
| 0:18-cv-00802-JNE-DTS | Brown, Charles v. 3M Company, et al. | 3/23/2018 | 6/21/2018 | 7/13/2018 | The Olinde Firm, LLC |
| 0:18-cv-00805-JNE-DTS | Archie, Yvonne et al v. 3M Company, et al. | 3/23/2018 | 6/21/2018 | 7/13/2018 | The Webster Law Firm |
| 0:18-cv-00839-JNE-DTS | Pavia, Johnny et al v. 3M Company, et al. | 3/26/2018 | 6/24/2018 | 7/13/2018 | Fears Nachawati, PLLC |
| 0:18-cv-00840-JNE-DTS | Stidham, Robert et al v. 3M Company, et al. | 3/26/2018 | 6/24/2018 | 7/13/2018 | Fears Nachawati, PLLC |
| 0:18-cv-00842-JNE-DTS | Wiggins, Francis v. 3M Company, et al. | 3/26/2018 | 6/24/2018 | 7/13/2018 | Fears Nachawati, PLLC |
| 0:18-cv-00855-JNE-DTS | Short, Vincent v. 3M Company, et al. | 3/27/2018 | 6/25/2018 | 7/13/2018 | The Law offices of Travis R. Walker, P.A. |
| 0:18-cv-00856-JNE-DTS | Negron, Angel v. 3M Company, et al. | 3/27/2018 | 6/25/2018 | 7/13/2018 | The Law offices of Travis R. Walker, P.A. |
| 0:18-cv-00883-JNE-DTS | McAlister, Mary v. 3M Company, et al. | 3/29/2018 | 6/27/2018 | 7/13/2018 | Schlichter Bogard & Denton, LLP |
| 0:18-cv-00929-JNE-DTS | Tillia, Jeffrey v. 3M Company, et al. | 4/3/2018 | 7/2/2018 | 7/13/2018 | DeGaris & Rogers, LLC |
| 0:18-cv-00955-JNE-DTS | Gordon, James v. 3M Company, et al. | 4/6/2018 | 7/5/2018 | 7/13/2018 | Davis & Crump, P.C. |
| 0:16-cv-03859-JNE-DTS | Mahfouz Jr., Joseph  v. 3M Company, et al. | 11/8/2016 | 7/2/2018 | | Davis & Crump, P.C. |
| 0:17-cv-00088-JNE-DTS | Malinski v. 3M Company, et al. | 1/9/2017 | 12/1/2017 | | Gustafson Gluek PLLC |
| 0:17-cv-00688-JNE-DTS | Moore, Eric (Matthews, Linda) v. 3M Company, et al. | 3/6/2017 | 7/2/2018 | | Davis & Crump, P.C. |
| 0:18-cv-01002-JNE-DTS | Phillips, Virgil  v. 3M Company, et al. | 4/13/2018 | 7/12/2018 | | Davis & Crump, P.C. |
| 0:18-cv-01009-JNE-DTS | Woelfel, Rosemarie et al v. 3M Company, et al. | 4/25/2018 | 7/24/2018 | | Brown Chiari, LLP |
| 0:18-cv-01107-JNE-DTS | Churchill, Sandra et al v. 3M Company, et al. | 4/25/2018 | 7/24/2018 | | Meshbesher & Spence |
| 0:18-cv-01150-JNE-DTS | Stapleton, Bebe v. 3M Company, et al. | 4/27/2018 | 7/26/2018 | | Davis & Crump, P.C. |
| 0:18-cv-01161-JNE-DTS | LeBeau, Kimberly v. 3M Company, et al. | 4/27/2018 | 7/26/2018 | | Davis & Crump, P.C. |
| 0:18-cv-01175-JNE-DTS | Collins, Jean v. 3M Company, et al. | 4/30/2018 | 7/29/2018 | | Bernstein Liebhard LLP |
| 0:18-cv-01190-JNE-DTS | Mitchell, Randall v. 3M Company, et al. | 5/1/2018 | 7/30/2018 | | Farr, Farr, Emerich, Hackett, Carr & Holmes, P.A. |

Yellow highlighting indicates that the case was previously listed per PTO 14 (Dkt. No. 270).
Pink highlighting indicates that the case is subject to Defendants' Pending Motion to Dismiss.

**Defendants' PFS List 1:  Overdue Plaintiff Fact Sheets**
(Updated August 10, 2018)

| Case Number | Title | Date Filed | Due Date | Prior Listing | Firm Name |
|---|---|---|---|---|---|
| 0:18-cv-01223-JNE-DTS | Webber-Hartmann, Linda v. 3M Company, et al. | 5/2/2018 | 7/31/2018 | | Kirtland & Packard LLP |
| 0:18-cv-01263-JNE-DTS | Anctil, Fernand v. 3M Company, et al. | 5/7/2018 | 8/5/2018 | | Davis & Crump, P.C. |
| 0:18-cv-01279-JNE-DTS | Tinkham, Tracy v. 3M Company, et al. | 5/8/2018 | 8/6/2018 | | Kelley, Bernheim & Dolinsky LLC |
| 0:18-cv-01283-JNE-DTS | Winegar, Connie v. 3M Company, et al. | 5/8/2018 | 8/6/2018 | | Bernstein Liebhard LLP |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

Yellow highlighting indicates that the case was previously listed per PTO 14 (Dkt. No. 270).
Pink highlighting indicates that the case is subject to Defendants' Pending Motion to Dismiss.

**Defendants' PFS List 2:  Plaintiffs Who Have Not Responded to Defendants' Deficiency Notices**
(Updated August 10, 2018)

| Case Number | Title | 1st Deficiency Notice Sent | Response Due Date | Prior Listing | Firm Name |
|---|---|---|---|---|---|
| 0:17-cv-04778-JNE-DTS | Brown, Ina v. 3M Company, et al. | 4/17/2018 | 5/8/2018 | 6/15/2018 7/13/2018 | Bernstein Liebhard LLP |
| 0:17-cv-04881-JNE-DTS | Potter, Karen v. 3M Company, et al. | 7/10/2018 | 7/31/2018 | 6/15/2018 7/13/2018 | Bernstein Liebhard LLP |
| 0:17-cv-04885-JNE-DTS | McEvoy, Mark v. 3M Company, et al. | 5/7/2018 | 5/28/2018 | 6/15/2018 7/13/2018 | Bernstein Liebhard LLP |
| 0:17-cv-05123-JNE-DTS | Robinson-Bessicks, Alberta v. 3M Company, et al. | 5/10/2018 | 5/31/20180 | 6/15/2018 7/13/2018 | Kirtland and Packard LLP |
| 0:17-cv-05261-JNE-DTS | Hardy, Alan v. 3M Company, et al. | 4/17/2018 | 5/8/2018 | 6/15/2018 7/13/2018 | Bernstein Liebhard LLP |
| 0:17-cv-05370-JNE-DTS | Taplin, Janice v. 3M Company, et al. | 5/7/2018 | 5/28/2018 | 6/15/2018 7/13/2018 | Bernstein Liebhard LLP |
| 0:17-cv-05371-JNE-DTS | Bresnock, Anne v. 3M Company, et al. | 5/7/2018 | 5/28/2018 | 6/15/2018 7/13/2018 | Bernstein Liebhard LLP |
| 0:18-cv-00045-JNE-DTS | Swales, Bertha v. 3M Company, et al. | 5/7/2018 | 5/28/2018 | 6/15/2018 7/13/2018 | Bernstein Liebhard LLP |
| 0:17-cv-04891-JNE-DTS | Edwards, Renate v. 3M Company, et al. | 4/17/2018 | 5/8/2018 | 6/15/2018 7/13/2018 | Bernstein Liebhard LLP |
| 0:17-cv-05270-JNE-DTS | Johnston, Todd v. 3M Company, et al. | 4/17/2018 | 5/8/2018 | 6/15/2018 7/13/2018 | Bernstein Liebhard LLP |
| 0:17-cv-05277-JNE-DTS | Billings, Willard v. 3M Company, et al. | 4/17/2018 | 5/8/2018 | 6/15/2018 7/13/2018 | Bernstein Liebhard LLP |
| 0:17-cv-05477-JNE-DTS | Shepard, Andrew v. 3M Company, et al. | 5/24/2018 | 6/14/2018 | 7/13/2018 | Johnson Becker, PLLC |
| 0:17-cv-05550-JNE-DTS | Bishop, Alma v. 3M Company, et al. | 6/8/2018 | 6/29/2018 | 7/13/2018 | Davis & Crump, P.C. |
| 0:18-cv-00063-JNE-DTS | Morgan, Zachary v. 3M Company, et al. | 5/29/2018 | 6/19/2018 | 7/13/2018 | Johnson Becker, PLLC |
| 0:18-cv-00067-JNE-DTS | Carlson, Glenn v. 3M Company, et al. | 5/24/2018 | 6/14/2018 | 7/13/2018 | Johnson Becker, PLLC |
| 0:18-cv-00139-JNE-DTS | Stedman, Robert v. 3M Company, et al. | 5/24/2018 | 6/14/2018 | 7/13/2018 | Johnson Becker, PLLC |
| 0:18-cv-00166-JNE-DTS | Davis, Thomas v. 3M Company, et al. | 5/29/2018 | 6/19/2018 | 7/13/2018 | Johnson Becker, PLLC |
| 0:18-cv-00249-JNE-DTS | Glasscock, Elizabeth v. 3M Company, et al. | 6/11/2018 | 7/2/2018 | 7/13/2018 | DeGaris & Rogers, LLC |
| 0:18-cv-00451-JNE-DTS | Gregg, Cynthia v. 3M Company, et al. | 6/14/2018 | 7/5/2018 | 7/13/2018 | Gustafson Gluek PLLC |
| 0:18-cv-00460-JNE-DTS | Kilmer, David v. 3M Company, et al. | 6/11/2018 | 7/2/2018 | 7/13/2018 | Kennedy Hodges, L.L.P. |
| 0:17-cv-05584-JNE-DTS | Tribble, Mayetta v. 3M Company, et al. | 6/11/2018 | 7/2/2018 | | Lockridge Grindal Nauen PLLP |
| 0:18-cv-00076-JNE-DTS | Kurbis, Melanie v. 3M Company, et al. | 7/10/2018 | 7/31/2018 | | Davis & Crump, P.C. |
| 0:18-cv-00093-JNE-DTS | Ashley, Ruth v. 3M Company, et al. | 7/16/2018 | 8/6/2018 | | Bernstein Liebhard LLP |

Yellow highlighting indicates that the case was previously listed per PTO 14 (Dkt. No. 270).
Pink highlighting indicates that the case is subject to Defendants' Pending Motion to Dismiss.

**Defendants' PFS List 2: Plaintiffs Who Have Not Responded to Defendants' Deficiency Notices**
(Updated August 10, 2018)

| 0:18-cv-00151-JNE-DTS | Russell, Janice v. 3M Company, et al. | 7/16/2018 | 8/6/2018 | | Bernstein Liebhard LLP |
|---|---|---|---|---|---|
| 0:18-cv-00178-JNE-DTS | Paul, Rodney v. 3M Company, et al. | 7/10/2018 | 7/31/2018 | | Davis & Crump, P.C. |
| 0:18-cv-00205-JNE-DTS | Shulz, Shelley v. 3M Company, et al. | 7/16/2018 | 8/6/2018 | | Bernstein Liebhard LLP |
| 0:18-cv-00220-JNE-DTS | Brasher, Michael v. 3M Company, et al. | 7/16/2018 | 8/6/2018 | | Bernstein Liebhard LLP |
| 0:18-cv-00274-JNE-DTS | Malone, Brenda v. 3M Company, et al. | 7/16/2018 | 8/6/2018 | | Bernstein Liebhard LLP |
| 0:18-cv-00445-JNE-DTS | Haskell, Sandra v. 3M Company, et al. | 7/10/2018 | 7/31/2018 | | Davis & Crump, P.C. |
| 0:18-cv-00575-JNE-DTS | Ballasso, Marilyn v. 3M Company, et al. | 6/27/2018 | 7/18/2018 | | Gustafson Gluek PLLC |
| 0:18-cv-00660-JNE-DTS | Doyle, Linda v. 3M Company, et al. | 7/11/2018 | 8/1/2018 | | Kennedy Hodges, L.L.P. |
| 0:18-cv-00803-JNE-DTS | Farrell, Thomas v. 3M Company, et al. | 7/10/2018 | 7/31/2018 | | The Olinde Firm, LLC |
| 0:18-cv-00804-JNE-DTS | Maehle, Mark v. 3M Company, et al. | 7/10/2018 | 7/31/2018 | | The Olinde Firm, LLC |
| 0:18-cv-00814-JNE-FLN | Baldwin, Rose v. 3M Company et al | 7/16/2018 | 8/6/2018 | | The Miller Firm, LLC |
| 0:18-cv-00815-JNE-DTS | Moody, Kenneth v. 3M Company, et al. | 7/10/2018 | 7/31/2018 | | Davis & Crump, P.C. |
| 0:18-cv-00991-JNE-DTS | Hawkins, Loretta v. 3M Company, et al. | 7/17/2018 | 8/6/2018 | | DeGaris & Rogers, LLC |
| **Case Number** | **Title** | **2nd Deficiency Notice Sent** | **Response Due Date** | **Prior Listing** | **Firm Name** |
| 0:17-cv-04779-JNE-DTS | Key, Nancy v. 3M Company, et al. | 4/27/2018 | 5/18/2018 | 6/15/2018 7/13/2018 | Kennedy Hodges, L.L.P. |
| 0:17-cv-04777-JNE-DTS | Pine, Randy v. 3M Company, et al.. | 5/7/2018 | 5/28/2018 | 6/15/2018 7/13/2018 | Bernstein Liebhard LLP |
| 0:17-cv-04302-JNE-DTS | Tilley, William v. 3M Company, et al. | 6/6/2018 | 6/27/2018 | 7/13/2018 | The Olinde Firm, LLC |
| 0:17-cv-04375-JNE-DTS | Baker, David v. 3M Company, et al. | 5/29/2018 | 6/19/2018 | 7/13/2018 | Bernstein Liebhard LLP |
| 0:17-cv-04512-JNE-DTS | Cunningham, Mary v. 3M Company, et al. | 5/29/2018 | 6/19/2018 | 7/13/2018 | Bernstein Liebhard LLP |
| 0:17-cv-04517-JNE-DTS | Henderson, Stephanie v. 3M Company, et al. | 5/7/2018 | 5/28/2018 | 6/15/2018 7/13/2018 | Bernstein Liebhard LLP |
| 0:17-cv-04752-JNE-DTS | Hyer, David v. 3M Company, et al. | 5/4/2018 | 5/25/2018 | 6/15/2018 7/13/2018 | Gustafson Gluek PLLC |
| 0:17-cv-04877-JNE-DTS | McDonald, Ethel v 3M et al | 5/29/2018 | 6/19/2018 | 7/13/2018 | Bernstein Liebhard LLP |
| 0:17-cv-04857-JNE-DTS | Murphy, Bennie v 3M et al | 5/29/2018 | 6/19/2018 | 7/13/2018 | Bernstein Liebhard LLP |
| 0:18-cv-00167-JNE-DTS | Shoaf et al v. 3M Company, et al. | 6/4/2018 | 6/25/2018 | 7/13/2018 | The Miller Firm, LLC |

Yellow highlighting indicates that the case was previously listed per PTO 14 (Dkt. No. 270).
Pink highlighting indicates that the case is subject to Defendants' Pending Motion to Dismiss.

**Defendants' PFS List 2:  Plaintiffs Who Have Not Responded to Defendants' Deficiency Notices**
(Updated August 10, 2018)

| Case Number | Title | 3rd Deficiency Notice Sent | Response Due Date | Prior Listing | Firm Name |
|---|---|---|---|---|---|
| 0:17-cv-05199-JNE-DTS | Spry, John et al v. 3M Company, et al. | 7/5/2018 | 7/26/2018 | | Pendley, Baudin & Coffin L.L.P. |
| 0:17-cv-05202-JNE-DTS | Reed, Tommy et al v. 3M Company, et al. | 7/5/2018 | 7/26/2018 | | Pendley, Baudin & Coffin L.L.P. |
| 0:17-cv-05383-JNE-DTS | Long, Ross v. 3M Company, et al. | 7/10/2018 | 7/31/2018 | | Davis & Crump, P.C. |
| 0:17-cv-05435-JNE-DTS | Echols, Kevin v. 3M Company, et al. | 7/5/2018 | 7/26/2018 | | DeGaris & Rogers, LLC |
| 0:17-cv-05546-JNE-DTS | Richardson, Timothy v. 3M Company, et al. | 7/10/2018 | 7/31/2018 | | Davis & Crump, P.C. |
| Case Number | Title | 3rd Deficiency Notice Sent | Response Due Date | Prior Listing | Firm Name |
| 0:17-cv-03696-JNE-DTS | Hickman, Alan v. 3M Company, et al. | 4/27/2018 | 5/18/2018 | 6/15/2018 7/13/2018 | Kennedy Hodges, L.L.P. |
| 0:17-cv-04754-JNE-DTS | Weaver, Donna v. 3M Company, et al. | 6/19/2018 | 7/10/2018 | | Kennedy Hodges, L.L.P. |
| 0:17-cv-05271-JNE-DTS | Gilmore, Kenneth et al v. 3M Company, et al. | 6/18/2018 | 7/9/2018 | | The Webster Law Firm |

Yellow highlighting indicates that the case was previously listed per PTO 14 (Dkt. No. 270).
Pink highlighting indicates that the case is subject to Defendants' Pending Motion to Dismiss.

**Defendants' PFS List 3:  Core Deficiencies Remained Following Notice and Response**
(Updated August 10, 2018)

| Case Number | Title | Final Deficiency Sent | Prior Listing | Firm Name |
|---|---|---|---|---|
| 0:17-cv-03563-JNE-DTS | Opperman, Charlene v. 3M Company, et al. | 5/2/2018 | 6/15/2018 7/13/2018 | Kennedy Hodges, L.L.P. |
| 0:17-cv-03718-JNE-DTS | Seymore, Mary v. 3M Company, et al. | 4/27/2018 | 6/15/2018 7/13/2018 | Kennedy Hodges, L.L.P. |
| 0:17-cv-03952-JNE-DTS | Pratt, Debra  et al v. 3M Company, et al. | 4/25/2018 | 6/15/2018 7/13/2018 | Brent Coon & Associates |
| 0:17-cv-04009-JNE-DTS | Rude, Lynas v. 3M Company, et al. | 5/28/2018 | 6/15/2018 7/13/2018 | Bernstein Liebhard LLP |
| 0:17-cv-04385-JNE-DTS | Erdman, Elmer v. 3M Company, et al. | 4/18/2018 | 6/15/2018 7/13/2018 | Brown & Crouppen, PC |
| 0:17-cv-04433-JNE-DTS | Greene, James v. 3M Company | 4/25/2018 | 6/15/2018 7/13/2018 | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, P.A |
| 0:17-cv-04654-JNE-DTS | Keith, Kody  v. 3M Company, et al. | 5/9/2018 | 6/15/2018 7/13/2018 | Brown and Crouppen, P.C. |
| 0:17-cv-04677-JNE-DTS | Resendez, Esperanza v. 3M Company, et al. | 5/9/2018 | 6/15/2018 7/13/2018 | Brown and Crouppen, P.C. |
| 0:17-cv-04845-JNE-DTS | Murray, Dan  v. 3M Company, et al. | 5/17/2018 | 6/15/2018 7/13/2018 | Kirtland and Packard LLP |
| 0:16-cv-00787-JNE-DTS | Abrams v. 3M Company, et al. | 4/19/2017 | 7/13/2018 | Thering & Associates, PLLC |
| 0:16-cv-02298-JNE-DTS | D'andrea, Mario et al v. 3M Company, et al. | 4/19/2018 | 7/13/2018 | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA |
| 0:17-cv-03573-JNE-DTS | Parker, Lloyd v. 3M Company, et al. | 5/7/2018 | 6/15/2018 7/13/2018 | Bernstein Liebhard LLP |
| 0:17-cv-03824-JNE-DTS | Henry, Lawrence v. 3M Company, et al. | 5/30/2018 | 7/13/2018 | Kennedy Hodges, L.L.P. |
| 0:17-cv-04333-JNE-DTS | Carney, Robert et al v. 3M Company, et al. | 5/29/2018 | 7/13/2018 | Gustafson Gluek PLLC |
| 0:17-cv-04800-JNE-DTS | Waters, Christopher v. 3M Company, et al. | 5/29/2018 | 7/13/2018 | Peterson & Associates, P.C. |
| 0:17-cv-04859-JNE-DTS | Bradford, Darryl  v. 3M Company, et al. | 4/25/2018 | 7/13/2018 | The Miller Firm, LLC |
| 0:17-cv-05052-JNE-DTS | Hanks, Julie v. 3M Company, et al. | 6/6/2018 | 7/13/2018 | Brown and Crouppen, P.C. |
| 0:17-cv-05087-JNE-DTS | Morgan, Travis v. 3M Company, et al. | 6/11/2018 | 7/13/2018 | GoldenbergLaw, PLLC |
| 0:18-cv-00022-JNE-DTS | Klante, Randall  v. 3M Company, et al. | 6/8/2018 | 7/13/2018 | Kirtland & Packard LLP |
| 0:18-cv-00032-JNE-DTS | DeArman, Lori v. 3M Company, et al. | 6/6/2018 | 7/13/2018 | Kirtland & Packard LLP |
| 0:18-cv-00240-JNE-DTS | Dixon, Michael v. 3M Company | 6/4/2018 | 7/13/2018 | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, P.A |

Yellow highlighting indicates that the case was previously listed per PTO 14 (Dkt. No. 270).
Pink highlighting indicates that the case is subject to Defendants' Pending Motion to Dismiss.

**Defendants' PFS List 3:  Core Deficiencies Remained Following Notice and Response**
(Updated August 10, 2018)

| Case Number | Title | Final Deficiency Sent | Prior Listing | Firm Name |
|---|---|---|---|---|
| 0:18-cv-00424-JNE-DTS | Harris, Lola  v. 3M Company, et al. | 6/13/2018 | 7/13/2018 | Kirtland & Packard LLP |
| 0:18-cv-00678-JNE-DTS | Tawes, George v. 3M Company | 6/6/2018 | 7/13/2018 | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, P.A |
| 0:15-cv-03736-JNE-DTS | Printup ( Charlene Smiley) v. 3M Company, et al. | 6/28/2017 | | Gustafson Gluek PLLC |
| 0:17-cv-01701-JNE-DTS | Wright, Michael v. 3M Company | 6/22/2017 | | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, P.A |
| 0:17-cv-01703-JNE-DTS | Ussery, Bruce v. 3M Company | 6/22/2018 | | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA |
| 0:17-cv-02426-JNE-DTS | Johnson, Edwards et al v. 3M Company | 6/22/2018 | | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA |
| 0:17-cv-02901-JNE-DTS | Moore, Michael v. 3M Company, et al. | 2/14/2018 | | Kennedy Hodges, L.L.P. |
| 0:17-cv-03941-JNE-DTS | Martinez, Rodney  v. 3M Company, et al. | 7/5/2018 | | DeGaris & Rogers, LLC |
| 0:17-cv-04169-JNE-DTS | Hurley, Jonathan v. 3M Company, et al. | 4/2/2018 | | The Olinde Firm, LLC |
| 0:17-cv-04967-JNE-DTS | Ewing, Kelly v. 3M Company | 6/22/2018 | | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, P.A |
| 0:17-cv-05135-JNE-DTS | Carrell, Silas v. 3M Company, et al. | 7/2/2018 | | Kirtland and Packard LLP |
| 0:17-cv-05242-JNE-DTS | Farrenkopf, Barbara  v. 3M Company, et al. | 6/28/2018 | | GoldenbergLaw, PLLC |
| 0:17-cv-05327-JNE-DTS | Lykes-Tarver,Tracy v. 3M Company | 6/18/2018 | | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, P.A |
| 0:17-cv-05348-JNE-DTS | Wilmer, Roxanne  v. 3M Company, et al. | 7/2/2018 | | Schlichter Bogard & Denton, LLP |
| 0:17-cv-05424-JNE-DTS | Kent, Maude v. 3M Company | 7/10/2018 | | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA |
| 0:17-cv-05426-JNE-DTS | Meyers, Leslie v. 3M Company | 7/10/2018 | | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA |
| 0:17-cv-05541-JNE-DTS | Alessi, Ann Marie v. 3M Company, et al. | 6/6/2018 | | GoldenbergLaw, PLLC |
| 0:17-cv-05593-JNE-DTS | Blasczak, Mary  v. 3M Company, et al. | 6/13/2018 | | GoldenbergLaw, PLLC |

Yellow highlighting indicates that the case was previously listed per PTO 14 (Dkt. No. 270).
Pink highlighting indicates that the case is subject to Defendants' Pending Motion to Dismiss.

**Defendants' PFS List 3:  Core Deficiencies Remained Following Notice and Response**
(Updated August 10, 2018)

| Case Number | Title | Final Deficiency Sent | Prior Listing | Firm Name |
|---|---|---|---|---|
| 0:17-cv-05594-JNE-DTS | Booras, Richard  v. 3M Company, et al. | 6/11/2018 | | GoldenbergLaw, PLLC |
| 0:18-cv-00088-JNE-DTS | Christ, Ralph et al v. 3M Company, et al. | 6/25/2018 | | Murray Law Firm |
| 0:18-cv-00146-JNE-DTS | Goodrum, Vernon  v. 3M Company, et al. | 7/5/2018 | | GoldenbergLaw, PLLC |
| 0:18-cv-00231-JNE-DTS | Lambert, Vincent v. 3M Company, et al. | 7/10/2018 | | Swartz & Swartz, P.C. |
| 0:18-cv-00255-JNE-DTS | Zieschang, Roxanne  et al v. 3M Company, et al. | 6/29/2018 | | The Webster Law Firm |
| 0:18-cv-00262-JNE-DTS | Brabham, Earnest  v. 3M Company, et al. | 6/18/2018 | | The Law offices of Travis R. Walker, P.A. |
| 0:18-cv-00292-JNE-DTS | Matson, Charles v. 3M Company, et al. | 6/29/2018 | | Meshbesher & Spence |
| 0:18-cv-00397-JNE-DTS | Knight, Cecil  v. 3M Company, et al. | 6/4/2018 | | GoldenbergLaw, PLLC |
| 0:18-cv-00432-JNE-DTS | Falcetta, Edward v. 3M Company | 6/8/2018 | | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, P.A |
| 0:18-cv-00453-JNE-DTS | Johnson-Ryan, Mary  v. 3M Company, et al. | 6/13/2018 | | GoldenbergLaw, PLLC |
| 0:18-cv-00512-JNE-DTS | Flynn, Michael  v. 3M Company, et al. | 6/19/2018 | | GoldenbergLaw, PLLC |
| 0:18-cv-00562-JNE-DTS | Guzman, Rosemary v. 3M Company, et al. | 6/18/2018 | | Brown & Crouppen, PC |
| 0:18-cv-00593-JNE-DTS | Franklin, Kenneth v. 3M Company | 6/19/2018 | | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, P.A |
| 0:18-cv-00594-JNE-DTS | Roberts, Greta v. 3M Company | 7/2/2018 | | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, P.A |
| 0:18-cv-00595-JNE-DTS | Smith, Daun v. 3M Company | 7/5/2018 | | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, P.A |
| 0:18-cv-00599-JNE-DTS | White, Cynthia v. 3M Company | 7/10/2018 | | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, P.A |
| 0:18-cv-00600-JNE-DTS | Trude, Barbara v. 3M Company | 7/3/2018 | | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, P.A |
| 0:18-cv-00602-JNE-DTS | Lambright, Ottis  et al v. 3M Company, et al. | 6/27/2018 | | Murray Law Firm |
| 0:18-cv-00615-JNE-DTS | Warnberg, Ray v. 3M Company, et al. | 6/28/2018 | | Murray Law Firm |

Yellow highlighting indicates that the case was previously listed per PTO 14 (Dkt. No. 270).
Pink highlighting indicates that the case is subject to Defendants' Pending Motion to Dismiss.

**Defendants' PFS List 3: Core Deficiencies Remained Following Notice and Response**
(Updated August 10, 2018)

| Case Number | Title | Final Deficiency Sent | Prior Listing | Firm Name |
|---|---|---|---|---|
| 0:18-cv-00628-JNE-DTS | Boyle, Maureen v. 3M Company, et al. | 7/2/2018 | | Langdon and Emison |
| 0:18-cv-00655-JNE-DTS | Marlow, Homer et al v. 3M Company, et al. | 6/4/2018 | | Raizner Slania LLP |
| 0:18-cv-00665-JNE-DTS | Hughes, Wilbert v. 3M Company, et al. | 7/5/2018 | | Bachus & Schanker, LLC |
| 0:18-cv-00667-JNE-DTS | Boucher, Donald and Carol et al v. 3M Company, et al. | 7/5/2018 | | Bachus & Schanker, LLC |
| 0:18-cv-00668-JNE-DTS | Hartfield, Charles and Julie et al v. 3M Company, et al. | 7/5/2018 | | Bachus & Schanker, LLC |
| 0:18-cv-00669-JNE-DTS | Counard-Stowell, Sandra v. 3M Company | 7/3/2018 | | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, P.A |
| 0:18-cv-00670-JNE-DTS | Darwick, Robert v. 3M Company | 7/18/2018 | | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, P.A |
| 0:18-cv-00671-JNE-DTS | McAvoy, Karen v. 3M Company | 7/9/2018 | | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, P.A |
| 0:18-cv-00672-JNE-DTS | Prudhomme, Laura v. 3M Company | 7/2/2018 | | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, P.A |
| 0:18-cv-00673-JNE-DTS | Rudolph, Sheila v. 3M Company | 7/10/2018 | | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, P.A |
| 0:18-cv-00674-JNE-DTS | Welch, Leon v. 3M Company | 7/10/2018 | | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, P.A |
| 0:18-cv-00675-JNE-DTS | Wolf, Joyce v. 3M Company | 6/29/2018 | | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, P.A |
| 0:18-cv-00676-JNE-DTS | Bunk, Susan v. 3M Company | 7/5/2018 | | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, P.A |
| 0:18-cv-00688-JNE-DTS | Conrad, John v. 3M Company | 7/11/2018 | | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, P.A |
| 0:18-cv-00689-JNE-DTS | Alexander, Todd v. 3M Company | 7/16/2018 | | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, P.A |
| 0:18-cv-00690-JNE-DTS | Dupont, Roy v. 3M Company | 7/5/2018 | | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, P.A |

Yellow highlighting indicates that the case was previously listed per PTO 14 (Dkt. No. 270).
Pink highlighting indicates that the case is subject to Defendants' Pending Motion to Dismiss.

**Defendants' PFS List 3:  Core Deficiencies Remained Following Notice and Response**
(Updated August 10, 2018)

| Case Number | Title | Final Deficiency Sent | Prior Listing | Firm Name |
|---|---|---|---|---|
| 0:18-cv-00691-JNE-DTS | Hauser, Michael  v. 3M Company | 6/29/2018 | | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, P.A |
| 0:18-cv-00881-JNE-DTS | Willimon, Brenda v. 3M Company, et al. | 7/24/2018 | | Pendley, Baudin & Coffin L.L.P. |
| 0:18-cv-00884-JNE-DTS | Bosarge, Judy v. 3M Company | 7/10/2018 | | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA |
| 0:18-cv-00962-JNE-DTS | Snow, Lorraine v. 3M Company | 7/19/2018 | | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, P.A |
| 0:18-cv-00963-JNE-DTS | Wolfe, Stanley v. 3M Company | 7/5/2018 | | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, P.A |
| 0:18-cv-00965-JNE-DTS | Branch, Charles v. 3M Company | 7/10/2018 | | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, P.A |
| 0:18-cv-01096-JNE-DTS | Phillips, Virginia v. 3M Company | 7/16/2018 | | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA |
| 0:18-cv-01097-JNE-DTS | Ramondo, Joseph v. 3M Company | 7/18/2018 | | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA |
| 0:18-cv-01099-JNE-DTS | Reid, Patricia v. 3M Company | 7/18/2018 | | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA |
| 0:18-cv-01100-JNE-DTS | Richards, Linda v. 3M Company | 6/19/2018 | | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA |
| 0:18-cv-01101-JNE-DTS | Roshell, Doreen v. 3M Company | 6/19/2018 | | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA |
| 0:18-cv-01111-JNE-DTS | Turner, Carrie v. 3M Company | 6/19/2018 | | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA |
| 0:18-cv-01119-JNE-DTS | Scott, Margaret v. 3M Company | 7/18/2018 | | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA |
| 0:18-cv-01120-JNE-DTS | Sherman, Mary v. 3M Company | 6/19/2018 | | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA |
| 0:18-cv-01123-JNE-DTS | Twichell, Ben v. 3M Company | 6/19/2018 | | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA |

Yellow highlighting indicates that the case was previously listed per PTO 14 (Dkt. No. 270).
Pink highlighting indicates that the case is subject to Defendants' Pending Motion to Dismiss.

**Defendants' PFS List 3:  Core Deficiencies Remained Following Notice and Response**
(Updated August 10, 2018)

| Case Number | Title | Final Deficiency Sent | Prior Listing | Firm Name |
|---|---|---|---|---|
| 0:18-cv-01125-JNE-DTS | Dixon, Harold et al v. 3M Company | 6/19/2018 | | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA |
| 0:18-cv-01126-JNE-DTS | Watkins, Franscine  v. 3M Company | 6/19/2018 | | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA |
| 0:18-cv-01136-JNE-DTS | Boylan, Gerald Jr.v. 3M Company | 6/19/2018 | | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA |
| 0:18-cv-01137-JNE-DTS | Chapman, Joann v. 3M Company | 6/11/2018 | | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA |
| 0:18-cv-01139-JNE-DTS | Clark, Lasonia v. 3M Company | 6/8/2018 | | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA |
| 0:18-cv-01140-JNE-DTS | Berk, Judith v. 3M Company | 6/19/2018 | | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA |
| 0:18-cv-01148-JNE-DTS | Libbey, Letha v. 3M Company | 7/2/2018 | | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA |
| 0:18-cv-01154-JNE-DTS | Lombardo, James v. 3M Company | 7/3/2018 | | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA |
| 0:18-cv-01157-JNE-DTS | Mason, Walter Jr. v. 3M Company | 7/3/2018 | | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA |
| 0:18-cv-01158-JNE-DTS | Owens, Sandra v. 3M Company | 7/5/2018 | | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA |
| 0:18-cv-01170-JNE-DTS | Jasmund, Allen v. 3M Company | 6/19/2018 | | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA |
| 0:18-cv-01345-JNE-DTS | Lane, Tonya v. 3M Company, et al. | 7/23/2018 | | Meshbesher & Spence |

Yellow highlighting indicates that the case was previously listed per PTO 14 (Dkt. No. 270).
Pink highlighting indicates that the case is subject to Defendants' Pending Motion to Dismiss.

# EXHIBIT E

**From:** Ben Hulse
**Sent:** Monday, September 17, 2018 5:21 PM
**To:** JoanEricksen_Chambers@mnd.uscourts.gov; schultz_chambers@mnd.uscourts.gov
**Cc:** Genevieve Zimmerman - Meshbesher & Spence (gzimmerman@meshbesher.com)
<gzimmerman@meshbesher.com>; Gabriel Assaad (gassaad@kennedyhodges.com)
<gassaad@kennedyhodges.com>; Jan Conlin (JMC@ciresiconlin.com) <JMC@ciresiconlin.com>; Ben
Gordon (bgordon@levinlaw.com) <bgordon@levinlaw.com>; Jerry Blackwell
<blackwell@blackwellburke.com>; Lyn Pruitt <LPruitt@mwlaw.com>; David Szerlag
<david@pritzkerlaw.com>; Bridget Ahmann <Bridget.Ahmann@FaegreBD.com>; Mary Young
<myoung@blackwellburke.com>; Ben Gordon <bengordonlaw@aol.com>
**Subject:** RE: MDL 2666 - Joint Agenda and Report for Aug. 16 Status Conference

Dear Judge Ericksen and Judge Schultz,

In accordance with Pretrial Order No. 3, attached is the parties' Joint Agenda and Report for the status
conference scheduled for Thursday, September 20.  Defendants' three lists related to the Plaintiff Fact
Sheets, as discussed in Section 2 of the Joint Agenda, are also attached to this email.

Best regards,
Ben Hulse

Benjamin W. Hulse
Blackwell Burke P.A.
431 South Seventh Street, Suite 2500
Minneapolis, MN  55415
Direct (612) 343-3256
Fax (612) 343-3205

This message and any attachments may contain information that is privileged, confidential, and exempt from disclosure under
applicable law. If you are not the intended recipient or are not authorized to receive for the recipient, you are hereby notified
that dissemination, distribution or copying of this message and any attachments is strictly prohibited. If you have received this
message in error, please immediately advise the sender by reply e-mail and delete the message and any attachments. Thank
you.

**Defendants' PFS List 1:  Overdue Plaintiff Fact Sheets**
(Updated September 17, 2018)

| Case Number | Title | Date Filed | Due Date | Prior Listing | Firm Name |
|---|---|---|---|---|---|
| 0:18-cv-00572-JNE-DTS | Gauthier, Kim v. 3M Company, et al. | 3/1/2018 | 5/31/2018 | 7/13/2018 | Schlichter, Bogard & Denton, LLP |
| 0:18-cv-00757-JNE-DTS | Homsher, Larry v. 3M Company, et al. | 3/20/2018 | 6/18/2018 | 7/13/2018 8/10/2018 | Bernstein Liebhard LLP |
| 0:18-cv-00758-JNE-DTS | Butler, Frances Eloise v. 3M Company, et al. | 3/20/2018 | 6/18/2018 | 7/13/2018 8/10/2018 | Fears Nachawati, PLLC |
| 0:18-cv-00802-JNE-DTS | Brown, Charles v. 3M Company, et al. | 3/23/2018 | 6/21/2018 | 7/13/2018 8/10/2018 | The Olinde Firm, LLC |
| 0:18-cv-00839-JNE-DTS | Pavia, Johnny et al v. 3M Company, et al. | 3/26/2018 | 6/24/2018 | 7/13/2018 8/10/2018 | Fears Nachawati, PLLC |
| 0:18-cv-00840-JNE-DTS | Stidham, Robert et al v. 3M Company, et al. | 3/26/2018 | 6/24/2018 | 7/13/2018 8/10/2018 | Fears Nachawati, PLLC |
| 0:18-cv-00842-JNE-DTS | Wiggins, Francis v. 3M Company, et al. | 3/26/2018 | 6/24/2018 | 7/13/2018 8/10/2018 | Fears Nachawati, PLLC |
| 0:18-cv-00855-JNE-DTS | Short, Vincent v. 3M Company, et al. | 3/27/2018 | 6/25/2018 | 7/13/2018 8/10/2018 | The Law offices of Travis R. Walker, P.A. |
| 0:18-cv-00856-JNE-DTS | Negron, Angel v. 3M Company, et al. | 3/27/2018 | 6/25/2018 | 7/13/2018 8/10/2018 | The Law offices of Travis R. Walker, P.A. |
| 0:18-cv-01009-JNE-DTS | Woelfel, Rosemarie et al v. 3M Company, et al. | 4/25/2018 | 7/24/2018 | 8/10/2018 | Brown Chiari, LLP |
| 0:18-cv-01175-JNE-DTS | Collins, Jean v. 3M Company, et al. | 4/30/2018 | 7/29/2018 | 8/10/2018 | Bernstein Liebhard LLP |
| 0:18-cv-01263-JNE-DTS | Anctil, Fernand v. 3M Company, et al. | 5/7/2018 | 8/5/2018 | 8/10/2018 | Davis & Crump, P.C. |
| 0:18-cv-01283-JNE-DTS | Winegar, Connie v. 3M Company, et al. | 5/8/2018 | 8/6/2018 | 8/10/2018 | Bernstein Liebhard LLP |
| 0:18-cv-00080-JNE-DTS | Harris, Jimmie Don v. 3M Company et al | 1/11/2018 | 4/11/2018 | | Davis & Crump, P.C. |
| 0:18-cv-00264-JNE-DTS | Wega, Salvadore v. 3M Company et al | 1/29/2018 | 4/29/2018 | | The Law offices of Travis R. Walker, P.A. |
| 0:18-cv-00529-JNE-DTS | Logsdon, Wanda v. 3M Company et al | 2/23/2018 | 5/24/2018 | | Davis & Crump, P.C. |
| 0:18-cv-01308-JNE-DTS | Hasan, Hope v. 3M Company et al | 5/11/2018 | 8/9/2018 | | Davis & Crump, P.C. |
| 0:18-cv-01346-JNE-DTS | Blair, Catherine v. 3M Company et al | 5/16/2018 | 8/14/2018 | | Davis & Crump, P.C. |
| 0:18-cv-01353-JNE-DTS | Van Nieuwenhuiz, Richard v. 3M Company et al | 5/16/2018 | 8/14/2018 | | Davis & Crump, P.C. |
| 0:18-cv-01362-JNE-DTS | DeSimone, Sandra v. 3M Company et al | 5/17/2018 | 8/15/2018 | | Kennedy Hodges, LLP |
| 0:18-cv-01381-JNE-DTS | White, Edward v. 3M Company et al | 5/18/2018 | 8/16/2018 | | Davis & Crump, P.C. |
| 0:18-cv-01421-JNE-DTS | Ross, Marie v. 3M Company et al | 5/24/2018 | 8/22/2018 | | Farr, Farr, Emerich, Hackett, Carr & Holmes, P.A. |
| 0:18-cv-01435-JNE-DTS | Swatchick, Lou Todd et al v. 3M Company et al | 5/25/2018 | 8/23/2018 | | Meshbesher & Spence |
| 0:18-cv-01455-JNE-DTS | Matteo, Barbara v. 3M Company et al | 5/25/2018 | 8/23/2018 | | Morris Law Firm |
| 0:18-cv-01456-JNE-DTS | Manheim, Kathleen v. 3M Company et al | 5/25/2018 | 8/23/2018 | | Morris Law Firm |
| 0:18-cv-01497-JNE-DTS | Wallace, Jerry v. 3M Company et al | 5/30/2018 | 8/28/2018 | | McSweeny / Langevin LLC |

Yellow highlighting indicates that the case was previously listed per PTO 14 (Dkt. No. 270).
Pink highlighting indicates that the case is subject to Defendants' Pending Motion to Dismiss.

**Defendants' PFS List 1:  Overdue Plaintiff Fact Sheets**
(Updated September 17, 2018)

| Case Number | Title | Date Filed | Due Date | Prior Listing | Firm Name |
|---|---|---|---|---|---|
| 0:18-cv-01513-JNE-DTS | Thomas, Milton et al v. 3M Company et al | 5/31/2018 | 8/29/2018 | | The Webster Law Firm |
| 0:18-cv-01523-JNE-DTS | Butters, Kenneth v. 3M Company et al | 5/31/2018 | 8/29/2018 | | Kirtland & Packard LLP |
| 0:18-cv-01536-JNE-DTS | Myers, Lois v. 3M Company et al | 6/1/2018 | 8/30/2018 | | Davis & Crump, P.C. |
| 0:18-cv-01537-JNE-DTS | Cochran, Loretta  v. 3M Company et al | 6/4/2018 | 9/2/2018 | | Meshbesher & Spence |
| 0:18-cv-01542-JNE-DTS | Davis, Harry v. 3M Company et al | 6/4/2018 | 9/2/2018 | | Schlichter Bogard & Denton, LLP |
| 0:18-cv-01545-JNE-DTS | Friesen, Janice v. 3M Company et al | 6/4/2018 | 9/2/2018 | | Davis & Crump, P.C. |
| 0:18-cv-01575-JNE-DTS | Connors, Patricia v. 3M Company et al | 6/6/2018 | 9/4/2018 | | Meshbesher & Spence |
| 0:18-cv-01613-JNE-DTS | Dobeck, Donna v. 3M Company et al | 6/8/2018 | 9/6/2018 | | Kennedy Hodges, LLP |

Yellow highlighting indicates that the case was previously listed per PTO 14 (Dkt. No. 270).
Pink highlighting indicates that the case is subject to Defendants' Pending Motion to Dismiss.

**Defendants' PFS List 2:  Plaintiffs Who Have Not Responded to Defendants' Deficiency Notices**
(Updated September 17, 2018)

| Case Number | Title | 1st Deficiency Notice Sent | Response Due Date | Prior Listing | Firm Name |
|---|---|---|---|---|---|
| 0:17-cv-04881-JNE-DTS | Potter, Karen  v. 3M Company et al | 5/7/2018 | 5/28/2018 | 6/15/2018 7/13/2018 8/10/2018 | Bernstein Liebhard LLP |
| 0:17-cv-04891-JNE-DTS | Edwards, Renate v. 3M Company et al | 4/17/2018 | 5/8/2018 | 6/15/2018 7/13/2018 8/10/2018 | Bernstein Liebhard LLP |
| 0:17-cv-05270-JNE-DTS | Johnston, Todd v. 3M Company et al | 4/17/2018 | 5/8/2018 | 6/15/2018 7/13/2018 8/10/2018 | Bernstein Liebhard LLP |
| 0:17-cv-05277-JNE-DTS | Billings, Willard v. 3M Company et al | 4/17/2018 | 5/8/2018 | 6/15/2018 7/13/2018 8/10/2018 | Bernstein Liebhard LLP |
| 0:17-cv-05323-JNE-DTS | Richey, Priscilla  v. 3M Company, et al. | 4/16/2018 | 5/7/2018 | 6/15/2018 7/13/2018 8/10/2018 | Kennedy Hodges, L.L.P. |
| 0:17-cv-05370-JNE-DTS | Taplin, Janice v. 3M Company et al | 5/7/2018 | 5/28/2018 | 6/15/2018 7/13/2018 8/10/2018 | Bernstein Liebhard LLP |
| 0:17-cv-05371-JNE-DTS | Bresnock, Anne  v. 3M Company et al | 5/7/2018 | 5/28/2018 | 6/15/2018 7/13/2018 8/10/2018 | Bernstein Liebhard LLP |
| 0:18-cv-00045-JNE-DTS | Swales, Bertha  v. 3M Company et al | 5/7/2018 | 5/28/2018 | 6/15/2018 7/13/2018 8/10/2018 | Bernstein Liebhard LLP |
| 0:17-cv-05477-JNE-DTS | Shepard, Andrew  v. 3M Company, et al. | 5/24/2018 | 6/14/2018 | 7/13/2018 8/10/2018 | Johnson Becker, PLLC |
| 0:18-cv-00093-JNE-DTS | Ashley, Ruth  v. 3M Company, et al. | 7/16/2018 | 8/6/2018 | 8/10/2018 | Bernstein Liebhard LLP |
| 0:18-cv-00151-JNE-DTS | Russell, Janice  v. 3M Company, et al. | 7/16/2018 | 8/6/2018 | 8/10/2018 | Bernstein Liebhard LLP |
| 0:18-cv-00205-JNE-DTS | Shulz, Shelley v. 3M Company, et al. | 7/16/2018 | 8/6/2018 | 8/10/2018 | Bernstein Liebhard LLP |
| 0:18-cv-00220-JNE-DTS | Brasher, Michael  v. 3M Company, et al. | 7/16/2018 | 8/6/2018 | 8/10/2018 | Bernstein Liebhard LLP |
| 0:18-cv-00274-JNE-DTS | Malone, Brenda v. 3M Company, et al. | 7/16/2018 | 8/6/2018 | 8/10/2018 | Bernstein Liebhard LLP |
| 0:18-cv-00575-JNE-DTS | Ballasso, Marilyn v. 3M Company, et al. | 6/27/2018 | 7/18/2018 | 8/10/2018 | Gustafson Gluek PLLC |
| 0:18-cv-00660-JNE-DTS | Doyle, Linda v. 3M Company, et al. | 7/11/2018 | 8/1/2018 | 8/10/2018 | Kennedy Hodges, L.L.P. |
| 0:18-cv-00991-JNE-DTS | Hawkins, Loretta v. 3M Company, et al. | 7/17/2018 | 8/6/2018 | 8/10/2018 | DeGaris & Rogers, LLC |
| 0:17-cv-00712-JNE-DTS | Haladay, Jeffrey (OBO Harold Owens) v. 3M Company | 8/3/2018 | 8/24/2018 | | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA |
| 0:17-cv-02147-JNE-DTS | (Foote, Diane ) Sims v. 3M Company et al | 8/3/2018 | 8/24/2018 | | Kennedy Hodges, L.L.P. |

Yellow highlighting indicates that the case was previously listed per PTO 14 (Dkt. No. 270).
Pink highlighting indicates that the case is subject to Defendants' Pending Motion to Dismiss.

**Defendants' PFS List 2:  Plaintiffs Who Have Not Responded to Defendants' Deficiency Notices**
(Updated September 17, 2018)

| Case Number | Title | 2nd Deficiency Notice Sent | Response Due Date | Prior Listing | Firm Name |
|---|---|---|---|---|---|
| 0:18-cv-00207-JNE-DTS | Guenther, Gary  v 3M Company et al | 8/6/2018 | 8/27/2018 | | Bernstein Liebhard LLP |
| 0:18-cv-00275-JNE-DTS | Owens, Janis v. 3M Company et al | 7/31/2018 | 8/2/2018 | | Bernstein Liebhard LLP |
| 0:18-cv-00318-JNE-DTS | Amador, George v. 3M Company et al | 7/5/2018 | 7/26/2018 | | DeGaris & Rogers, LLC |
| 0:18-cv-00354-JNE-DTS | McDermott, Kevin  et al v. 3M Company et al | 7/18/2018 | 8/8/2018 | | Parker Waichman |
| 0:18-cv-00891-JNE-DTS | Winn, Robert  v. 3M Company et al | 7/24/2018 | 8/14/2018 | | Murray Law Firm |
| 0:18-cv-00916-JNE-DTS | Foltz, Donald v. 3M Company et al | 8/17/2018 | 9/7/2018 | | Hare, Wynn, Newell & Newton, LLP |
| 0:18-cv-00944-JNE-DTS | Kotowski, Joseph  et al v. 3M Company et al | 8/17/2018 | 9/7/2018 | | Meshbesher & Spence |
| **Case Number** | **Title** | **2nd Deficiency Notice Sent** | **Response Due Date** | **Prior Listing** | **Firm Name** |
| 0:17-cv-04375-JNE-DTS | Baker, David  v. 3M Company, et al. | 5/29/2018 | 6/19/2018 | 7/13/2018 8/10/2018 | Bernstein Liebhard LLP |
| 0:17-cv-04512-JNE-DTS | Cunningham, Mary  v. 3M Company, et al. | 5/29/2018 | 6/19/2018 | 7/13/2018 8/10/2018 | Bernstein Liebhard LLP |
| 0:17-cv-04517-JNE-DTS | Henderson, Stephanie v. 3M Company et al | 5/7/2018 | 5/28/2018 | 6/15/2018 7/13/2018 8/10/2018 | Bernstein Liebhard LLP |
| 0:17-cv-04857-JNE-DTS | Murphy, Bennie v 3M et al | 5/29/2018 | 6/19/2018 | 7/13/2018 8/10/2018 | Bernstein Liebhard LLP |
| 0:17-cv-04877-JNE-DTS | McDonald, Ethel v 3M Company et al | 5/29/2018 | 6/19/2018 | 7/13/2018 8/10/2018 | Bernstein Liebhard LLP |
| 0:18-cv-00167-JNE-DTS | Shoaf et al v. 3M Company, et al. | 6/4/2018 | 6/25/2018 | 7/13/2018 8/10/2018 | The Miller Firm, LLC |
| 0:17-cv-03549-JNE-DTS | Salinas, Juan v. 3M Company et al | 7/10/2018 | 7/31/2018 | | Kennedy Hodges, L.L.P. |
| 0:17-cv-05083-JNE-DTS | Meredith, Benjamin v. 3M Company et al | 7/17/2018 | 8/7/2018 | | DeGaris & Rogers, LLC |
| **Case Number** | **Title** | **3rd Deficiency Notice Sent** | **Response Due Date** | **Prior Listing** | **Firm Name** |
| 0:17-cv-04754-JNE-DTS | Weaver, Donna v. 3M Company, et al. | 6/19/2018 | 7/10/2018 | 8/10/2018 | Kennedy Hodges, L.L.P. |
| 0:17-cv-03912-JNE-DTS | Kellett, Jackson  v. 3M Company et al | 7/26/2018 | 8/16/2018 | | Kennedy Hodges, L.L.P. |

Yellow highlighting indicates that the case was previously listed per PTO 14 (Dkt. No. 270).
Pink highlighting indicates that the case is subject to Defendants' Pending Motion to Dismiss.

**Defendants' PFS List 3:  Core Deficiencies Remained Following Notice and Response**
(Updated September 17, 2018)

| Case Number | Title | Final Deficiency Sent | Prior Listing | Firm Name |
|---|---|---|---|---|
| 0:16-cv-02298-JNE-DTS | D'andrea, Mario et al v. 3M Company et al | 4/19/2017 7/10/2018 | 7/13/2018 8/10/2018 | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA |
| 0:17-cv-03573-JNE-DTS | Parker, Lloyd v. 3M Company et al | 5/7/2018 | 6/15/2018 7/13/2018 8/10/2018 | Bernstein Liebhard LLP |
| 0:17-cv-05052-JNE-DTS | Hanks, Julie v. 3M Company et al | 6/6/2018 | 7/13/2018 8/10/2018 | Brown and Crouppen, P.C. |
| 0:18-cv-00240-JNE-DTS | Dixon, Michael v. 3M Company | 6/4/2018 | 7/13/2018 8/10/2018 | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, P.A |
| 0:18-cv-00424-JNE-DTS | Harris, Lola  v. 3M Company et al | 6/13/2018 | 7/13/2018 8/10/2018 | Kirtland & Packard LLP |
| 0:15-cv-03736-JNE-DTS | Printup ( Charlene Smiley) v. 3M Company et al | 6/28/2017 | 8/10/2018 | Gustafson Gluek PLLC |
| 0:17-cv-01701-JNE-DTS | Wright, Michael v. 3M Company | 6/22/2017 | 8/10/2018 | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, P.A |
| 0:17-cv-01703-JNE-DTS | Ussery, Bruce v. 3M Company | 6/22/2018 | 8/10/2018 | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA |
| 0:17-cv-02426-JNE-DTS | Johnson, Edwards et al v. 3M Company | 6/22/2018 | 8/10/2018 | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA |
| 0:17-cv-02901-JNE-DTS | Moore, Michael v. 3M Company et al | 2/14/2018 | 8/10/2018 | Kennedy Hodges, L.L.P. |
| 0:17-cv-04009-JNE-DTS | Rude, Lynas v. 3M Company et al | 5/7/2018 8/17/2018 | 6/15/2018 7/13/2018 8/10/2018 | Bernstein Liebhard LLP |
| 0:17-cv-04845-JNE-DTS | Murray, Dan  v. 3M Company et al | 5/17/2018 | 6/15/2018 7/13/2018 8/10/2018 | Kirtland and Packard LLP |
| 0:17-cv-04967-JNE-DTS | Ewing, Kelly v. 3M Company | 6/22/2018 | 8/10/2018 | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, P.A |
| 0:17-cv-05327-JNE-DTS | Lykes-Tarver,Tracy v. 3M Company | 6/18/2018 | 8/10/2018 | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, P.A |
| 0:17-cv-05348-JNE-DTS | Wilmer, Roxanne  v. 3M Company et al | 7/2/2018 | 8/10/2018 | Schlichter Bogard & Denton, LLP |
| 0:17-cv-05424-JNE-DTS | Kent, Maude v. 3M Company | 7/10/2018 | 8/10/2018 | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA |

Yellow highlighting indicates that the case was previously listed per PTO 14 (Dkt. No. 270).
Pink highlighting indicates that the case is subject to Defendants' Pending Motion to Dismiss.

**Defendants' PFS List 3:  Core Deficiencies Remained Following Notice and Response**
(Updated September 17, 2018)

| Case Number | Title | Final Deficiency Sent | Prior Listing | Firm Name |
|---|---|---|---|---|
| 0:17-cv-05426-JNE-DTS | Meyers, Leslie v. 3M Company | 7/10/2018 | 8/10/2018 | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA |
| 0:18-cv-00088-JNE-DTS | Christ, Ralph et al v. 3M Company et al | 6/25/2018 | 8/10/2018 | Murray Law Firm |
| 0:18-cv-00146-JNE-DTS | Goodrum, Vernon  v. 3M Company et al | 7/5/2018 | 8/10/2018 | GoldenbergLaw, PLLC |
| 0:18-cv-00231-JNE-DTS | Lambert, Vincent v. 3M Company et al | 7/10/2018 | 8/10/2018 | Swartz & Swartz, P.C. |
| 0:18-cv-00262-JNE-DTS | Brabham, Earnest  v. 3M Company et al | 6/18/2018 | 8/10/2018 | The Law offices of Travis R. Walker, P.A. |
| 0:18-cv-00432-JNE-DTS | Falcetta, Edward v. 3M Company | 6/8/2018 | 8/10/2018 | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, P.A |
| 0:18-cv-00512-JNE-DTS | Flynn, Michael  v. 3M Company et al | 6/19/2018 | 8/10/2018 | GoldenbergLaw, PLLC |
| 0:18-cv-00593-JNE-DTS | Franklin, Kenneth v. 3M Company | 6/19/2018 | 8/10/2018 | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, P.A |
| 0:18-cv-00594-JNE-DTS | Roberts, Greta v. 3M Company | 7/2/2018 | 8/10/2018 | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, P.A |
| 0:18-cv-00599-JNE-DTS | White, Cynthia v. 3M Company | 7/10/2018 | 8/10/2018 | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, P.A |
| 0:18-cv-00600-JNE-DTS | Trude, Barbara v. 3M Company | 7/3/2018 | 8/10/2018 | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, P.A |
| 0:18-cv-00628-JNE-DTS | Boyle, Maureen  v. 3M Company et al | 7/2/2018 | 8/10/2018 | Langdon and Emison |
| 0:18-cv-00665-JNE-DTS | Hughes, Wilbert v. 3M Company et al | 7/5/2018 | 8/10/2018 | Bachus & Schanker, LLC |
| 0:18-cv-00669-JNE-DTS | Counard-Stowell, Sandra v. 3M Company | 7/3/2018 | 8/10/2018 | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, P.A |
| 0:18-cv-00670-JNE-DTS | Darwick, Robert  v. 3M Company | 7/18/2018 | 8/10/2018 | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, P.A |
| 0:18-cv-00671-JNE-DTS | McAvoy, Karen  v. 3M Company | 7/9/2018 | 8/10/2018 | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, P.A |
| 0:18-cv-00672-JNE-DTS | Prudhomme, Laura v. 3M Company | 7/2/2018 | 8/10/2018 | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, P.A |

Yellow highlighting indicates that the case was previously listed per PTO 14 (Dkt. No. 270).
Pink highlighting indicates that the case is subject to Defendants' Pending Motion to Dismiss.

**Defendants' PFS List 3:  Core Deficiencies Remained Following Notice and Response**
(Updated September 17, 2018)

| Case Number | Title | Final Deficiency Sent | Prior Listing | Firm Name |
|---|---|---|---|---|
| 0:18-cv-00673-JNE-DTS | Rudolph, Sheila  v. 3M Company | 7/10/2018 | 8/10/2018 | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, P.A |
| 0:18-cv-00674-JNE-DTS | Welch, Leon  v. 3M Company | 7/10/2018 | 8/10/2018 | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, P.A |
| 0:18-cv-00675-JNE-DTS | Wolf, Joyce v. 3M Company | 6/29/2018 | 8/10/2018 | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, P.A |
| 0:18-cv-00676-JNE-DTS | Bunk, Susan v. 3M Company | 7/5/2018 | 8/10/2018 | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, P.A |
| 0:18-cv-00678-JNE-DTS | Tawes, George v. 3M Company | 6/6/2018 | 7/13/2018 8/10/2018 | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, P.A |
| 0:18-cv-00688-JNE-DTS | Conrad, John v. 3M Company | 7/11/2018 | 8/10/2018 | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, P.A |
| 0:18-cv-00689-JNE-DTS | Alexander, Todd v. 3M Company | 7/16/2018 | 8/10/2018 | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, P.A |
| 0:18-cv-00690-JNE-DTS | Dupont, Roy v. 3M Company | 7/5/2018 | 8/10/2018 | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, P.A |
| 0:18-cv-00691-JNE-DTS | Hauser, Michael  v. 3M Company | 6/29/2018 | 8/10/2018 | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, P.A |
| 0:18-cv-00881-JNE-DTS | Willimon, Brenda v. 3M Company et al | 7/24/2018 | 8/10/2018 | Pendley, Baudin & Coffin L.L.P. |
| 0:18-cv-00884-JNE-DTS | Bosarge, Judy v. 3M Company | 7/10/2018 | 8/10/2018 | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA |
| 0:18-cv-00962-JNE-DTS | Snow, Lorraine v. 3M Company | 7/9/2018 | 8/10/2018 | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, P.A |
| 0:18-cv-00963-JNE-DTS | Wolfe, Stanley v. 3M Company | 7/5/2018 | 8/10/2018 | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, P.A |
| 0:18-cv-00965-JNE-DTS | Branch, Charles v. 3M Company | 7/10/2018 | 8/10/2018 | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, P.A |
| 0:18-cv-01096-JNE-DTS | Phillips, Virginia v. 3M Company | 7/9/2018 | 8/10/2018 | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA |

Yellow highlighting indicates that the case was previously listed per PTO 14 (Dkt. No. 270).
Pink highlighting indicates that the case is subject to Defendants' Pending Motion to Dismiss.

**Defendants' PFS List 3:  Core Deficiencies Remained Following Notice and Response**
(Updated September 17, 2018)

| Case Number | Title | Final Deficiency Sent | Prior Listing | Firm Name |
|---|---|---|---|---|
| 0:18-cv-01097-JNE-DTS | Ramondo, Joseph v. 3M Company | 7/9/2018 | 8/10/2018 | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA |
| 0:18-cv-01099-JNE-DTS | Reid, Patricia v. 3M Company | 7/9/2018 | 8/10/2018 | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA |
| 0:18-cv-01100-JNE-DTS | Richards, Linda v. 3M Company | 6/19/2018 | 8/10/2018 | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA |
| 0:18-cv-01101-JNE-DTS | Roshell, Doreen v. 3M Company | 6/19/2018 | 8/10/2018 | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA |
| 0:18-cv-01111-JNE-DTS | Turner, Carrie v. 3M Company | 6/19/2018 | 8/10/2018 | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA |
| 0:18-cv-01119-JNE-DTS | Scott, Margaret v. 3M Company | 7/9/2018 | | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA |
| 0:18-cv-01120-JNE-DTS | Sherman, Mary v. 3M Company | 6/19/2018 | 8/10/2018 | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA |
| 0:18-cv-01123-JNE-DTS | Twichell, Ben v. 3M Company | 6/19/2018 | 8/10/2018 | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA |
| 0:18-cv-01125-JNE-DTS | Dixon, Harold et al v. 3M Company | 6/19/2018 | 8/10/2018 | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA |
| 0:18-cv-01126-JNE-DTS | Watkins, Franscine v. 3M Company | 6/19/2018 | 8/10/2018 | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA |
| 0:18-cv-01136-JNE-DTS | Boylan, Gerald Jr.v. 3M Company | 6/19/2018 | 8/10/2018 | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA |
| 0:18-cv-01137-JNE-DTS | Chapman, Joann v. 3M Company | 6/11/2018 | 8/10/2018 | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA |
| 0:18-cv-01139-JNE-DTS | Clark, Lasonia v. 3M Company | 6/8/2018 | 8/10/2018 | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA |
| 0:18-cv-01140-JNE-DTS | Berk, Judith v. 3M Company | 6/19/2018 | 8/10/2018 | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA |
| 0:18-cv-01148-JNE-DTS | Libbey, Letha v. 3M Company | 7/2/2018 | 8/10/2018 | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA |

Yellow highlighting indicates that the case was previously listed per PTO 14 (Dkt. No. 270).
Pink highlighting indicates that the case is subject to Defendants' Pending Motion to Dismiss.

**Defendants' PFS List 3:  Core Deficiencies Remained Following Notice and Response**
(Updated September 17, 2018)

| Case Number | Title | Final Deficiency Sent | Prior Listing | Firm Name |
|---|---|---|---|---|
| 0:18-cv-01154-JNE-DTS | Lombardo, James v. 3M Company | 7/3/2018 | 8/10/2018 | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA |
| 0:18-cv-01157-JNE-DTS | Mason, Walter Jr. v. 3M Company | 7/3/2018 | 8/10/2018 | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA |
| 0:18-cv-01158-JNE-DTS | Owens, Sandra v. 3M Company | 7/5/2018 | 8/10/2018 | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA |
| 0:18-cv-01170-JNE-DTS | Jasmund, Allen v. 3M Company | 6/19/2018 | 8/10/2018 | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA |
| 0:18-cv-01345-JNE-DTS | Lane, Tonya v. 3M Company et al | 7/23/2018 | 8/10/2018 | Meshbesher & Spence |
| 0:17-cv-03252-JNE-DTS | Gorbett, Jamie v. 3M Company et al | 5/7/2018 | | Bernstein Liebhard LLP |
| 0:17-cv-04778-JNE-DTS | Brown, Ina v. 3M Company et al. | 4/17/2018 | | Bernstein Liebhard LLP |
| 0:17-cv-05047-JNE-DTS | Clark, Georgia v. 3M Company et al | 6/18/2018 | | Schlichter Bogard & Denton, LLP |
| 0:17-cv-05465-JNE-DTS | Brown, Cynthia v. 3M Company et al | 7/16/2018 | | GoldenbergLaw, PLLC |
| 0:18-cv-00076-JNE-DTS | Kurbis, Melanie v. 3M Company, et al. | 7/10/2018 | | Davis & Crump, P.C. |
| 0:18-cv-00159-JNE-DTS | Roberts, Solomon et al v. 3M Company et al | 6/18/2018 | | Morgan & Morgan Complex Litigation Group |
| 0:18-cv-00348-JNE-DTS | Smith, Dorothy v. 3M Company et al | 7/16/2018 | | The Miller Firm, LLC |
| 0:18-cv-00481-JNE-DTS | Brann, Stefan v. 3M Company et al | 7/9/2018 | | Lockridge, Grindal Nauen P.L.L.P. |
| 0:18-cv-00740-JNE-DTS | McKinney, Kimberly et al v. 3M Company et al | 7/16/2018 | | Schlichter Bogard & Denton, LLP |
| 0:18-cv-00808-JNE-DTS | Thomas-Jackson, Callie v. 3M Company et al | 7/17/2018 | | The Webster Law Firm |
| 0:18-cv-01102-JNE-DTS | Tate, Melvin v. 3M Company | 7/30/2018 | | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA |
| 0:18-cv-01103-JNE-DTS | Tedford, Louise v. 3M Company | 8/17/2018 | | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA |
| 0:18-cv-01113-JNE-DTS | Shade, Collette v. 3M Company | 7/30/2018 | | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA |
| 0:18-cv-01121-JNE-DTS | Stapley, William v. 3M Company | 8/16/2018 | | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA |

Yellow highlighting indicates that the case was previously listed per PTO 14 (Dkt. No. 270).
Pink highlighting indicates that the case is subject to Defendants' Pending Motion to Dismiss.

**Defendants' PFS List 3:  Core Deficiencies Remained Following Notice and Response**
(Updated September 17, 2018)

| Case Number | Title | Final Deficiency Sent | Prior Listing | Firm Name |
|---|---|---|---|---|
| 0:18-cv-01210-JNE-DTS | Johnston, Jean v. 3M Company | 7/24/2018 | | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA |
| 0:18-cv-01507-JNE-DTS | Finley, William III v. 3M Company | 7/24/2018 | | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA |
| 0:18-cv-01510-JNE-DTS | Butters, Kenneth v. 3M Company | 7/24/2018 | | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA |
| 0:18-cv-01517-JNE-DTS | Custer, Nettie v. 3M Company | 7/24/2018 | | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA |

Yellow highlighting indicates that the case was previously listed per PTO 14 (Dkt. No. 270).
Pink highlighting indicates that the case is subject to Defendants' Pending Motion to Dismiss.