**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA**

| | |
|---|---|
| IN RE: BAIR HUGGER FORCED AIR WARMING DEVICES PRODUCTS (JNE/DTS) LIABILITY LITIGATION | MDL No. 15-md-02666 |
| This document relates to: | |
| Maureen Boyle, | Civil Action No. 18-cv-00628 |
| Plaintiffs, | |
| vs. | |
| 3M COMPANY AND ARIZANT HEALTHCARE, INC., | |
| Defendants. | |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS**

COMES NOW, Plaintiff Maureen Boyle, appearing through undersigned counsel, who hereby files her Response to Motion to Dismiss filed by Defendants (Rec. Doc. 1538) set for hearing at the status conference scheduled for October 18, 2018. In response to the Motion to Dismiss for failure to comply with Pretrial Order No. 14, Plaintiff responds as follows:

1. On March 6, 2018, Plaintiff Maureen Boyle, through undersigned counsel, filed a Short Form Complaint in this MDL alleging infection and injuries caused by the Bair Hugger Forced Air Warming Blanket used during her knee replacement surgery.

2. At the time of filing, undersigned counsel was in contact with Plaintiff Maureen Boyle and provided her a Plaintiff Fact Sheet with instructions to complete the forms and return for submission to Defendants.

3. Plaintiff completed her Plaintiff Fact Sheet within the time required by PTO 14 and properly served it upon Defendants on June 4, 2018.

4. In the Fact Sheet, Plaintiff identified that she had a lawsuit 11 years before but indicated to us that she could not recall (a) whether it was actually filed; and (b) if filed, in what jurisdiction. Accordingly, Plaintiff indicated "unsure" for that response in the Fact Sheet. Even after completing the fact sheet, counsel for Ms. Boyle diligently attempted to obtain additional information but have been unsuccessful. The response in the fact sheet was and remains a truthful and complete answer.

5. Plaintiff's response of "unsure" as to the court in which her case was filed, if filed at all, was identified by Defendants as a deficiency. Doc. 1540 at 32. This is the only Fact Sheet deficiency alleged to be outstanding. *Id.* Plaintiff disagrees this constitutes a deficiency.

6. Regardless, staff and attorneys at Langdon & Emison attempted to contact Plaintiff via phone calls, texts, and letter in August and September 2018 to attempt to supplement this information on her Plaintiff Fact Sheet.

7. Langdon & Emison was unable to reach Plaintiff through these communication attempts and never received a response from Plaintiff to these phone calls, text messages, or letter.

8. The undersigned recently learned that Plaintiff passed away on September 6, 2018. The undersigned filed a Suggestion of Death on October 9, 2018.

Plaintiff's response to the PFS question at issue is not deficient. Defendant's motion to dismiss this case with prejudice over the particular alleged deficiency here regarding wholly irrelevant and ancillary information of an otherwise substantially and substantively complete response and Fact Sheet represents an abuse of the MDL litigation process. Undersigned counsel requests that the current action not be dismissed with prejudice and that Plaintiff be allowed the ninety days provided under PTO 23 to substitute parties, supplement the Plaintiff Fact Sheet as necessary, and continue the case.

Dated: October 11, 2018

Respectfully submitted,

 /s/ Brett A. Emison
Brett A. Emison
Patricia L. Campbell
Langdon & Emison, LLC
911 Main Street
Lexington, MO 64067
Ph: 660-259-6175
Tax: 660-259-4571
brett@lelaw.com
tricia@lelaw.com
*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I certify that on October 11, 2018, a copy of the foregoing response was filed electronically using the CM/ECF system and served to all counsel of record.

/s/ *Brett A. Emison*
Brett A. Emison