UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: BAIR HUGGER FORCED AIR WARMING DEVICES PRODUCTS LIABILITY LITIGATION<br><br>**This document relates to:**<br><br>***Ballasso v. 3M Company, et al.***<br>Case Action No. 17-cv-02372 | MDL No. 15-2666 (JNE/FLN)<br><br>JUDGE: JOAN N. ERICKSEN<br>MAG. JUDGE: FRANKLIN L. NOEL |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

### I. Background

3M Company and Arizant Healthcare, Inc. ("Defendants" collectively) have moved this Court for an order dismissing plaintiff Marilyn Ballasso's claims with prejudice for failure to comply with Pre-Trial Order ("PTO") 14. [Docs. 1538, 1539 and 1540]

Since the filing of that motion, Plaintiff Ballasso has filed an updated PFS. Counsel for Plaintiff informed Counsel for Defendants by email of the updated PFS on Monday, October 8, 2018. In that email Counsel for Plaintiff informed Defendants' Counsel that the PFS while updated was not complete, and specifically noted the inadvertent failure of Plaintiff to sign the authorization section of the PFS. Counsel for Plaintiffs informed counsel for Defendants that they intended to fully cure the PFS in short order.

**II.  Argument**

The courts of Minnesota, including this one, have a stated preference for resolving claims on the merits. *Select Comfort Corp. v. Kittaneh*, 161 F. Supp. 3d 724, 728 (D. Minn. 2014) (citing *Chorosevic v. MetLife Choices*, 600 F.3d 934, 947 (8th Cir.2010)); *Anderson v. Rengachary*, 608 N.W.2d 843, 851 (Minn. 2000) (citing *Sorenson v. St. Paul Ramsey Med. Ctr.*, 457 N.W.2d 188, 193 (Minn.1990)). As applied to the case before the Court, Defendants' motion to dismiss should be denied. Defendants seek a procedural route to dispose of an otherwise meritorious claim. Plaintiff's case was not in the first or second bellwether pool, and there remains ample time for the parties to fully adjudicated, on the merits, the claims at issue. Here, Ms. Ballasso is an 84 year old woman, who has attempted to comply with the requirements of this Court's order. She has made a good faith effort to complete the PFS, and while Defendants are entitled to object to certain portions of her PFS as deficient, outright dismissal would be inappropriate and inconsistent with the preference for adjudication on the merits.

Ordinarily undersigned counsel would seek an additional 30 days to cure the remaining identified deficiencies, however, Ms. Ballasso lives in Panama City, Florida. Panama City is on the panhandle of Florida and was one of the primary impact spots for hurricane Michael. We anticipate that the damage done by the hurricane will delay the ability of Plaintiff to communicate with undersigned counsel. As such, we would request an additional 60 days to cure the deficiencies in the PFS.

Dated:  October 11, 2018

Respectfully submitted,

 s/Amanda M. Williams
Amanda M. Williams (#341691)
Eric S. Taubel (#392491)
**GUSTAFSON GLUEK PLLC**
Canadian Pacific Plaza
120 South 6th Street, Suite 2600
Minneapolis, MN 55402
Telephone: (612) 333-8844
Facsimile: (612) 339-6622
E-mails: awilliams@gustafsongluek.com
etaubel@gustafsongluek.com

*Attorneys for Plaintiffs*