IN THE CIRCUIT COURT FOR THE SIXTEENTH JUDICIAL CIRCUIT
KANE COUNTY, ILLINOIS

Receipt of Will

6/15/2018

18-WI-000530

On this date the Last Will and Testament for Louis E Bellande was filed with the Circuit Court Clerk for Kane County.

Thomas M. Hartwell/drs
Clerk of the Circuit Court

WILL01

# WILL OF

# LOUIS E. BELLANDE

I, Louis E. Bellande, of Glen Ellyn, Illinois, make this my will and revoke all prior wills and codicils.

**FIRST:** My executor shall pay all expenses of my last illness and funeral, costs of administration including ancillary, costs of safeguarding and delivering legacies, and other proper charges against my estate (excluding debts secured by real property or life insurance). My executor shall also pay all estate and inheritance taxes assessed by reason of my death, except that the amount, if any, by which the estate and inheritance taxes shall be increased as a result of the inclusion of property in which I may have a qualifying income interest for life or over which I may have a power of appointment shall be paid by the person holding or receiving that property. Interest and penalties concerning any tax shall be paid and charged in the same manner as the tax. I waive for my estate all rights of apportionment or reimbursement for any payments made pursuant to this article. If, however, the cash and readily marketable assets in the principal of the residue of my estate are insufficient to make the foregoing payments in full, my executor shall certify the amount of the insufficiency to the then acting trustee under the trust agreement hereafter mentioned for payment.

My executor's selection of assets to be sold to make the foregoing payments or to satisfy any pecuniary legacies, and the tax effects thereof, shall not be subject to question by any beneficiary.

My executor shall make such elections and allocations under the tax laws as my executor deems advisable, without regard to the relative interests of the beneficiaries and

ellande & Sargis
Group, LLP
(312) 853-8701

1

18-530

without liability to any person. No adjustment shall be made between principal and income or in the relative interests of the beneficiaries to compensate for the effect of elections or allocations under the tax laws made by my executor or by the trustee under the trust agreement hereafter mentioned.

The balance of my estate which remains after the foregoing payments have been made or provided for shall be disposed of as hereinafter provided.

**SECOND:** My wife's name is Bonnie L. Bellande and she is hereinafter referred to as "my wife". I have two children now living, namely:

Peter L. Bellande and Rachel L. Erazo

**THIRD:**

A. If any of the jewelry formerly belonging to my first wife Linda, is then a part of my estate, that jewelry shall be distributed to my daughter, Rachel Erazo, if then living, otherwise to my son Peter L. Bellande. Most of that jewelry is contained in safe deposit box number _____ at US Bank located at 466 Main Street, Glen Ellyn, Illinois. All of my jewelry and clothing shall be distributed to my son, Peter L. Bellande, if then living, otherwise to my daughter, Rachel Erazo.

B. If an undivided one-third interest in any Carter County, Tennessee real property is then a part of my estate, and/or if the condominium commonly known as 1664D Valley Forge Court, Wheaton, IL 60187 (PIN 05-27-106-066) is then a part of my estate, any such parcels of real estate shall be distributed to my then living descendants, per stirpes, subject to postponement of possession as provided below.


Bellande & Sargis Group, LLP
(312) 853-8701

C.  I give the rest of my personal and household effects such as jewelry, clothing, automobiles, furniture, furnishings, silver, books and pictures, (but excluding money, either paper or coin) including policies of insurance thereon, to my wife if she survives me by thirty (30) days.

**FOURTH:**  All the residue of my estate, wherever situated, including lapsed legacies, but expressly excluding any property over which I may have power of appointment at my death, I give to the then acting trustee under the trust agreement executed by me and Bonnie L. Bellande on September 21, 2008, before the execution of this will, with myself and Bonnie L. Bellande as trustees, to be added to the trust estate held under that trust agreement as in effect at my death.

**FIFTH:**  I appoint my wife, Bonnie L. Bellande, executor of this will, to serve without providing security on any bond.  If Bonnie L. Bellande dies, resigns, fails to qualify, or is unable to act, I appoint Peter L. Bellande, my son, and Jessica Spizzirri, Bonnie's daughter, as co-executors in her place, to serve without providing security on any bond.  If Peter L. Bellande dies, resigns, fails to qualify, or is unable to act, I appoint Rachel L. Erazo, my daughter, co-executor in his place, to serve without providing security on any bond.  If Jessica Spizzirri dies, resigns, fails to qualify, or is unable to act, I appoint Kelli Cameron, Bonnie's other daughter, co-executor in her place, to serve without providing security on any bond.  If ever both of Louis' children or both of Bonnie's children die, resign, or become unable or cease to act, then the then acting co-executor shall become sole executor. The term "executor" shall mean the executor or executors from time-to-time qualified and acting.



3

I give my executor power to retain any property that I own at my death, and to invest in bonds, stocks, notes, bank deposits, shares of registered investment companies, or other property, and to retain or make any investment without liability, regardless of type, quality, marketability or any rule requiring diversification; to lease, borrow with or without security from any lender, sell or exchange all or any part of my estate, real or personal, for such prices and upon such terms as my executor deems proper; to compromise, contest, prosecute or abandon claims in favor of or against my estate; to distribute income and principal in cash or in kind, or partly in each, and to allocate or distribute undivided interests or different assets or disproportionate interests in assets (and no adjustment shall be made to compensate for a disproportionate allocation of unrealized gain for federal income tax purposes), and to value my estate in order to make allocation or distribution, and no action taken by my executor pursuant to this power shall be subject to question by any beneficiary; to determine in cases not covered by statute the allocation of receipts and disbursements between income and principal; to deal with the fiduciary of any trust or estate in which any beneficiary under the aforementioned trust agreement has an interest, though an executor hereunder is such fiduciary; to deal with a corporate executor hereunder individually or a parent or affiliate company; and to execute and deliver necessary instruments and give full receipts and discharges.  My executor shall have power to inspect and monitor businesses and real property (whether held directly or through a partnership, corporation, trust or other entity) for environmental conditions or possible violations of environmental laws; to remediate environmentally-damaged property or to take steps to prevent environmental damage in the future, even if no action by public or private parties is currently pending or threatened; to

4

abandon or refuse to accept property which may have environmental damage; my executor may expend estate funds to do the foregoing, and no action or failure to act by my executor pursuant to this power shall be subject to question by any beneficiary. The foregoing powers shall be exercised by my executor without authorization by any court and, as to property subject to administration outside the state of my domicile, only with the approval of my domiciliary executor. No bond or security shall be required of any executor wherever acting. If permitted by law and if not inconsistent with the best interests of the beneficiaries as determined by my executor, the administration of my estate shall be independent of the supervision of any court.

IN WITNESS WHEREOF I have signed this will, consisting of six pages, the following page included, and for the purpose of identification have placed my initials at the foot of each preceding page, this __21__ day of __September__, 2008.

_____
Louis E. Bellande

We certify that the above instrument was on the date thereof signed and declared by Louis E. Bellande as his will in our presence and that we, at his request and in his presence and in the presence of each other, have signed our names as witnesses thereto, believing Louis E. Bellande to be of sound mind and memory at the time of signing.

__Christopher D Andrews__ Residing at __430 E. Drake Ave.__
__Addison, IL 60101__

Bellande & Sargis Group, LLP
(312) 853-8701

5

_Pamela T. Semend_ Residing at 142 Barton Circle
Schaumburg, IL 60194

_Steve P Lund_ Residing at 142 BANTON CIRCLE
SCHAUMBURG, IL 60194

Lou\Bonnie\Estate\Pour-Over Will_Lou

A true copy of the original of this document is on file in my office
Attest: June 15, 20 18
Thomas M. Hartwell
Circuit Court Clerk, Kane County, Illinois
By: _Thomas M. Hartwell_
Deputy Clerk

ellande & Sargis Group, LLP
(312) 853-8701

6