UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

In re: BAIR HUGGER FORCED AIR　　　　　　MDL No. 15-2666 (JNE/DTS)
WARMING DEVICES PRODUCTS
LIABILITY LITIGATION
　　　　　　　　　　　　　　　　　　　　　ORDER

This Document Relates To:
Case Nos.: 17-cv-01701 (*Wright v. 3M Company*)
　　　　　　17-cv-02426 (*Johnson v. 3M Company*)
　　　　　　17-cv-02901 (*Moore v. 3M Co., et al.*)
　　　　　　17-cv-04754 (*Weaver v. 3M Co., et al.*)
　　　　　　17-cv-04967 (*Ewing v. 3M Company*)
　　　　　　17-cv-04881 (*Potter v. 3M Co., et al.*)
　　　　　　17-cv-04891 (*Edwards v. 3M Co., et al.*)
　　　　　　17-cv-05052 (*Hanks v. 3M Co., et al.*)
　　　　　　17-cv-05270 (*Johnston v. 3M Co., et al.*)
　　　　　　17-cv-05277 (*Billings v. 3M Co., et al.*)
　　　　　　17-cv-05327 (*Lykes-Traver v. 3M Company*)
　　　　　　17-cv-05371 (*Bresnock v. 3M Co., et al.*)
　　　　　　17-cv-05426 (*Meyers v. 3M Company*)
　　　　　　18-cv-00045 (*Swales v. 3M Co., et al.*)
　　　　　　18-cv-00146 (*Goodrum v. 3M Co., et al.*)
　　　　　　18-cv-00167 (*Shoaf v. 3M Co., et al.*)
　　　　　　18-cv-00262 (*Brabham v. 3M Co., et al.*)
　　　　　　18-cv-00575 (*Ballasso v. 3M Co., et al.*)
　　　　　　18-cv-00628 (*Boyle v. 3M Co., et al.*)
　　　　　　18-cv-00660 (*Doyle v. 3M Co., et al.*)
　　　　　　18-cv-00665 (*Hughes v. 3M Co., et al.*)
　　　　　　18-cv-00676 (*Bunk v. 3M Company*)
　　　　　　18-cv-00690 (*Dupont v. 3M Company*)
　　　　　　18-cv-00758 (*Butler v. 3M Co., et al.*)
　　　　　　18-cv-00802 (*Brown v. 3M Co., et al.*)
　　　　　　18-cv-00839 (*Pavia v. 3M Co., et al.*)
　　　　　　18-cv-00840 (*Stidham v. 3M Co., et al.*)
　　　　　　18-cv-00842 (*Wiggins v. 3M Co., et al.*)
　　　　　　18-cv-00856 (*Negron v. 3M Co., et al.*)
　　　　　　18-cv-00881 (*Willimon v. 3M Co., et al.*)
　　　　　　18-cv-01009 (*Woelfel v. 3M Co., et al.*)
　　　　　　18-cv-01137 (*Chapman v. 3M Company*)
　　　　　　18-cv-01154 (*Lombardo v. 3M Company*)
　　　　　　18-cv-01175 (*Collins v. 3M Co., et al.*)
　　　　　　18-cv-01283 (*Winegar v. 3M Co., et al.*)

18-cv-01345 (*Lane v. 3M Co., et al.*)

Defendants 3M Company and Arizant Healthcare, Inc. ("Defendants") moved to dismiss the above-captioned member cases in the *Bair Hugger* MDL for failure to comply with Pretrial Order No. 14 ("PTO 14"), MDL ECF No. 117.  Mot. to Dismiss, MDL ECF No. 1538.

The parties have since stipulated to a dismissal in 18-cv-00660 (*Doyle v. 3M Co., et al.*).  MDL ECF No. 1557.  Defendants filed a letter withdrawing the motion to dismiss as to the following cases: 17-cv-01701 (*Wright v. 3M Company*), 17-cv-04967 (*Ewing v. 3M Company*), 18-cv-00146 (*Goodrum v. 3M Co., et al.*), 18-cv-00575 (*Ballasso v. 3M Co., et al.*), 18-cv-00676 (*Bunk v. 3M Company*), 18-cv-00690 (*Dupont v. 3M Company*), 18-cv-00758 (*Butler v. 3M Co., et al.*), 18-cv-00839 (*Pavia v. 3M Co., et al.*), 18-cv-00856 (*Negron v. 3M Co., et al.*), 18-cv-00881 (*Willimon v. 3M Co., et al.*), 18-cv-01009 (*Woelfel v. 3M Co., et al.*), 18-cv-01137 (*Chapman v. 3M Company*), 18-cv-01154 (*Lombardo v. 3M Company*), 18-cv-01345 (*Lane v. 3M Co., et al.*), and 18-cv-00628 (*Boyle v. 3M Co., et al.*).  *Id.*  Defendants' motion is denied as to 18-cv-00045 (*Swales v. 3M Co., et al.*).  The Court grants the motion in part as to the remaining cases.

## **BACKGROUND**

PTO 14 requires a plaintiff to complete and serve a Plaintiff Fact Sheet ("PFS") in lieu of interrogatories.  MDL ECF No. 117.  PFSs are typical in MDLs and help to streamline discovery.  But PFSs are only helpful if all parties follow the procedures

governing PFSs.  It is therefore important and fair to enforce the bright-light procedures on PFSs in PTO 14.

Under PTO 14, plaintiffs must complete and serve a verified PFS within 90 days of the filing of their complaint or short-form complaint, or the transfer of their case to this MDL proceeding, whichever is later. *Id.* ¶ 2.  The PFS must contain no core deficiencies, as defined in PTO 14. *Id.* ¶ 4.  If a plaintiff fails to serve a verified PFS with no core deficiencies, PTO 14 directs Defendants to send notice of the alleged failure to the plaintiff. *Id.* ¶¶ 4–5.  The plaintiff then has three weeks to respond. *Id.* ¶ 6.  If the alleged failure remains unresolved following this meet-and-confer process, Defendants may place the case on the court conference agenda. *Id.* ¶ 7.  Defendants may then move for dismissal for failure to comply with PTO 14 if the case appears on the court conference agenda for two successive court conferences without resolution. *Id.* ¶ 8.  In short, PTO 14 affords multiple chances to cure noncompliance and warns plaintiffs that noncompliance may result in dismissal.

Defendants now allege that they have complied with the foregoing requirements, that Plaintiffs' cases have appeared on two successive court conference agendas, and that Plaintiffs have either served no PFS or served a PFS with uncured core deficiencies. Accordingly, Defendants request dismissal for failure to comply with PTO 14.

## **LEGAL STANDARD**

The Court may dismiss a case when a plaintiff fails to prosecute or comply with a court order.  Fed. R. Civ. P. 41(b).  Such dismissal may be with prejudice when "the plaintiff has engaged in a pattern of intentional delay."  *First Gen. Res. Co. v. Elton*

3

*Leather Corp.*, 958 F.2d 204, 206 (8th Cir. 1992). This pattern exists where a plaintiff fails to comply with a court order despite multiple opportunities for compliance and the Court's warning that noncompliance may result in dismissal. *Id.* Failure to comply with PTO 14 thus warrants dismissal with prejudice, as PTO 14 affords multiple opportunities for compliance and warns of dismissal.

## DISCUSSION

Plaintiffs in the following cases declined to oppose the motion to dismiss: 17-cv-02426 (*Johnson v. 3M Company*), 17-cv-05052 (*Hanks v. 3M Co., et al.*), 17-cv-05327 (*Lykes-Traver v. 3M Company*), 17-cv-05426 (*Meyers v. 3M Company*), 18-cv-00167 (*Shoaf v. 3M Co., et al.*), 18-cv-00262 (*Brabham v. 3M Co., et al.*), 18-cv-00665 (*Hughes v. 3M Co., et al.*), 18-cv-00802 (*Brown v. 3M Co., et al.*), 18-cv-00840 (*Stidham v. 3M Co., et al.*), and 18-cv-00842 (*Wiggins v. 3M Co., et al.*).[1] The Court grants the motion as to these Plaintiffs and dismisses them with prejudice for failure to prosecute and failure to comply with PTO 14. *See* Fed. R. Civ. P. 41(b).

Plaintiffs in 18-cv-01175 (*Collins v. 3M Co., et al.*), 18-cv-01283 (*Winegar v. 3M Co., et al.*), 17-cv-02901 (*Moore v. 3M Co., et al.*), and 17-cv-04754 (*Weaver v. 3M Co., et al.*) do not dispute that they failed to comply with PTO 14. Instead, counsel for these Plaintiffs filed a response detailing failed attempts to enlist Plaintiffs' cooperation in completing a PFS. MDL ECF Nos. 1550, 1552, 1545. These Plaintiffs thus do not oppose Defendants' motion to dismiss. *See* Dismissal Order 2, MDL ECF No. 622

---

[1] At the status conference on October 18, 2018, counsel for Plaintiff Brabham stated that an administrative error resulted in counsel accidentally filing no opposition to Defendants' motion to dismiss. The Court granted counsel until the end of the day to file an opposition. Counsel filed no opposition.

4

(concluding that Plaintiffs failed to oppose Defendants' motion to dismiss for noncompliance with PTO 14 when counsel for Plaintiffs simply filed responses chronicling "unsuccessful attempts to enlist [Plaintiffs'] cooperation").

PTO 14 warned Plaintiffs that noncompliance would result in dismissal.  PTO 14 also gave Plaintiffs multiple chances to cure noncompliance.  Plaintiffs Collins, Winegar, Moore, and Weaver did not.  The Court therefore dismisses these Plaintiffs with prejudice for failure to comply with PTO 14 and for failure to prosecute under Rule 41(b).

Lastly, as set forth at the status conference on October 18, 2018, Plaintiffs in 17-cv-05371 (*Bresnock v. 3M Co., et al.*) and 17-cv-04881 (*Potter v. 3M Co., et al.*) failed to properly execute verifications despite warnings and multiple opportunities to do so.  And so these cases are dismissed with prejudice.  Defendants also alleged at the status conference that Plaintiffs in 17-cv-04891 (*Edwards v. 3M Co., et al.*), 17-cv-05270 (*Johnston v. 3M Co., et al.*), and 17-cv-05277 (*Billings v. 3M Co., et al.*) likewise failed to properly execute verifications.  The Court granted these Plaintiffs 30 days to file a response to Defendants' allegations concerning the improper verifications.  If Defendants remain convinced that Plaintiffs Edwards, Johnston, and Billings executed improper verifications, Defendants may again move to dismiss these Plaintiffs for noncompliance with PTO 14.  The Court will then review the verifications and may dismiss Plaintiffs Edwards, Johnston, and Billings with prejudice.

## **CONCLUSION**

Based on the files, records, and proceedings herein, IT IS ORDERED THAT:

1. Defendants' Motion to Dismiss for Failure to Comply with Pretrial Order No. 14 [ECF No. 1538] is GRANTED IN PART as stated below.

2. The following cases are DISMISSED WITH PREJUDICE: 17-cv-02426 (*Johnson v. 3M Company*), 17-cv-05052 (*Hanks v. 3M Co., et al.*), 17-cv-05327 (*Lykes-Traver v. 3M Company*), 17-cv-05426 (*Meyers v. 3M Company*), 18-cv-00167 (*Shoaf v. 3M Co., et al.*), 18-cv-00262 (*Brabham v. 3M Co., et al.*), 18-cv-00665 (*Hughes v. 3M Co., et al.*), 18-cv-00802 (*Brown v. 3M Co., et al.*), 18-cv-00840 (*Stidham v. 3M Co., et al.*), 18-cv-00842 (*Wiggins v. 3M Co., et al.*), 18-cv-01175 (*Collins v. 3M Co., et al.*), 18-cv-01283 (*Winegar v. 3M Co., et al.*), 17-cv-02901 (*Moore v. 3M Co., et al.*), 17-cv-04754 (*Weaver v. 3M Co., et al.*), 17-cv-05371 (*Bresnock v. 3M Co., et al.*) and 17-cv-04881 (*Potter v. 3M Co., et al.*).

Dated: October 22, 2018

s/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge