UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

In re: BAIR HUGGER FORCED AIR WARMING DEVICES PRODUCTS LIABILITY LITIGATION

MDL No. 15-2666 (JNE/DTS)

ORDER

This Document Relates To:
Case Nos.: 17-cv-4336 (*Lister v. 3M Co., et al.*)
16-cv-2631 (*Rich et al. v. 3M Co., et al.*)
17-cv-5323 (*Richey v. 3M Co., et al.*)
17-cv-1262 (*Steele v. 3M Co., et al.*)
17-cv-0264 (*Williams v. 3M Co., et al.*)
16-cv-0169 (*Kriner v. 3M Co., et al.*)
18-cv-0609 (*Larrison v. 3M Co., et al.*)
17-cv-1317 (*O'Conner v. 3M Co., et al.*)
17-cv-2889 (*Smith et al. v. 3M Co., et al.*)
16-cv-2700 (*Bellande et al. v. 3M Co., et al.*)

Defendants 3M Company and Arizant Healthcare, Inc. ("Defendants") move to dismiss the above-captioned member cases in the *Bair Hugger* MDL for failure to comply with Pretrial Order No. 23 ("PTO 23"), MDL ECF No. 1039, and Federal Rule of Civil Procedure 25. MDL ECF Nos. 1323, 1354, 1469.

Defendants seek dismissal with prejudice of the entire complaint in the following cases: 17-cv-4336 (*Lister v. 3M Co., et al.*), 16-cv-2631 (*Rich et al. v. 3M Co., et al.*), 17-cv-5323 (*Richey v. 3M Co., et al.*), 17-cv-1262 (*Steele v. 3M Co., et al.*), 17-cv-0264 (*Williams v. 3M Co., et al.*), 16-cv-0169 (*Kriner v. 3M Co., et al.*), 18-cv-0609 (*Larrison v. 3M Co., et al.*), and 17-cv-1317 (*O'Conner v. 3M Co., et al.*). MDL ECF Nos. 1354, 1469. Defendants move to dismiss with prejudice the deceased Plaintiff only in the

1

multi-plaintiff cases of 17-cv-2889 (*Smith et al. v. 3M Co., et al.*) and 16-cv-02700 (*Bellande et al. v. 3M Co., et al.*). MDL ECF Nos. 1323, 1354. The parties stipulated to a dismissal without prejudice of 17-cv-1262 (*Steele v. 3M Co., et al.*) and a dismissal with prejudice of 18-cv-0609 (*Larrison v. 3M Co., et al.*). Defendants agreed to defer argument on 17-cv-2889 (*Smith et al. v. 3M Co., et al.*). This leaves *Lister*, *Rich*, *Richey*, *Bellande*, *Williams*, *Kriner*, and *O'Conner*.

## **BACKGROUND**

Federal Rule of Civil Procedure 25 states that, following the death of a plaintiff, a "motion for substitution may be made by any party or by the decedent's successor or representative." PTO 23 expands on the procedures for substitution. MDL ECF No. 1039. It provides directives on the filing and content of both the motion for substitution and a "suggestion of death." It warns that noncompliance with these directives "will entitle Defendants to request a dismissal of plaintiff's action with prejudice in accordance with Fed. R. Civ. P. 25(a)." *Id.*

In relevant part, PTO 23 requires plaintiff's counsel to file a suggestion of death within 90 days of either the entry of PTO 23 (January 8, 2018) or the death of the plaintiff, whichever is later. The suggestion of death must identify "the plaintiff and describe[] the time, date, and circumstances of the plaintiff's death." *Id.* PTO 23 and Rule 25 both then require counsel to move for substitution within 90 days of the filing of the suggestion of death. If no motion for substitution is filed within this 90-day period, the Court must dismiss the deceased plaintiff's action. *See* Fed. R. Civ. P. 25(a).

2

But if a motion for substitution is filed, PTO 23 provides that it must (1) identify the proposed substitute, (2) explain why the proposed substitute is a proper party, and (3) explain why the death of the named plaintiff did not extinguish the claim under the applicable state laws.

## LEGAL STANDARD

As stated above, if no motion for substitution is filed within 90 days of the filing of the suggestion of death, the Court must dismiss the deceased plaintiff's action. *See* Fed. R. Civ. P. 25(a). Likewise, if a plaintiff fails to prosecute or comply with the other directives of PTO 23, the Court may dismiss the plaintiff's case. Fed. R. Civ. P. 41(b). Such dismissal may be with prejudice "in cases of willful disobedience of a court order or where a litigant exhibits a pattern of intentional delay." *Hunt v. City of Minneapolis*, 203 F.3d 524, 527 (8th Cir. 2000). This does not require a "finding that the [plaintiff] acted in bad faith, but requires 'only that he acted intentionally as opposed to accidentally or involuntarily.'" *Id.* (citation omitted).

## DISCUSSION

As set forth below, the Court grants Defendants' motions to dismiss as to Plaintiffs Lister, Rich, Bellande, Kriner, and O'Conner. The Court denies Defendants' motions to dismiss as to Plaintiffs Richey and Williams.

1. <u>17-cv-4336 (*Lister v. 3M Co., et al.*)</u>

Plaintiff Lister passed away on January 20, 2018. Counsel for Plaintiff Lister filed a timely suggestion of death on April 6, 2018. ECF No. 6. Under PTO 23 and Rule 25, the motion to substitute was due by July 5, 2018. No such motion has been filed. For

3

this failure, Defendants move to dismiss Plaintiff Lister. The Court grants this motion and dismisses Plaintiff Lister with prejudice for failure to move for substitution within 90 days of filing the suggestion of death, as required under PTO 23 and Rule 25(a).

2. 16-cv-2631 (*Rich et al. v. 3M Co., et al.*)

Plaintiff Jimmy Rich claims injury from use of the Bair Hugger. Co-Plaintiff Lori Rich, spouse of Plaintiff Jimmy Rich, asserts a loss of consortium claim. ECF Nos. 1, 7. Plaintiff Jimmy Rich passed away on January 6, 2018. Counsel filed a timely suggestion of death on April 3, 2018. ECF No. 8. Under PTO 23 and Rule 25, the motion to substitute was due by July 2, 2018. No motion to substitute has been filed.

Defendants move to dismiss Plaintiff Jimmy Rich for failure to file the motion to substitute, as required by PTO 23 and Rule 25. Defendants also move to dismiss Plaintiff Lori Rich, as her loss of consortium claim is derivative under Missouri law and cannot survive without the claims of Plaintiff Jimmy Rich.[1] MDL ECF Nos. 1356, 1386.

The Court grants Defendants' motion as to Plaintiff Jimmy Rich and dismisses him with prejudice for failure to move for substitution within 90 days of filing the suggestion of death, as required under PTO 23 and Rule 25(a). Moreover, under Missouri law, a loss

---

[1] Defendants are correct that Missouri substantive law governs Plaintiffs' claims here. Plaintiffs reside in Missouri, the surgery and injury occurred in Missouri, and Plaintiffs indicated that they would have filed their claims in the United States District Court for the Eastern District of Missouri absent direct-filing. ECF No. 7. Under PTO 5, Missouri choice-of-law rules apply. MDL ECF No. 37. Missouri follows the Restatement (Second) of Conflict of Law. *Osborn v. Prime Tanning Corp.*, 09-06082-CV, 2011 WL 13291159, at *5 (W.D. Mo. Apr. 29, 2011). Section 146 of the Restatement provides that "the local law of the state where the injury occurred" typically "determines the rights and liabilities of the parties." The injury occurred in Missouri and thus Missouri substantive law applies.

4

of consortium claim is derivative. *Peters v. Wady Indus., Inc.*, 489 S.W.3d 784, 788 n.3 (Mo. 2016). Because the Court dismisses the claims of Plaintiff Jimmy Rich, Plaintiff Lori Rich cannot state her derivative claim. The Court thus dismisses Plaintiff Lori Rich with prejudice. *See* Rule 12(b)(6) (providing for dismissal for "failure to state a claim upon which relief can be granted").

3. 17-cv-5323 (*Richey v. 3M Co., et al.*)

Plaintiff Richey passed away on March 30, 2018. Under PTO 23, the suggestion of death was due by June 28, 2018. Counsel for Plaintiff Richey filed the suggestion of death on July 3, 2018. MDL ECF No. 1368. Counsel, however, mistakenly believed that Plaintiff Richey had passed away on April 6, 2018 and, by extension, the suggestion of death was due by July 5, 2018. *Id.* There has been no motion to substitute, which was due on October 1, 2018.

Defendants move to dismiss Plaintiff Richey for noncompliance with the 90-day deadline for filing a suggestion of death. MDL ECF No. 1356. Counsel for Plaintiff Richey asks the Court to excuse their accidental delay in filing the suggestion of death. The Court does so and denies Defendants' motion. However, counsel must move for substitution within 30 days of the status conference on October 18, 2018. If no motion to substitute is filed, Defendants may move for dismissal with prejudice of Plaintiff Richey, and the Court will grant the motion.

4. 16-cv-02700 (*Bellande et al. v. 3M Co., et al.*)

Plaintiff Louis Bellande passed away on December 22, 2017. Under PTO 23, the suggestion of death was due by April 9, 2018. Counsel for Plaintiff Bellande filed the

5

suggestion of death over two months late, on June 15, 2018. ECF No. 6. Defendants move to dismiss Plaintiff Louis Bellande for noncompliance with the 90-day deadline for filing a suggestion of death. MDL ECF No. 1323-24.

Counsel for Plaintiff Bellande argue that it was impossible to comply with the 90-day deadline in PTO 23. MDL ECF No. 1338, 1432. This impossibility, counsel insist, makes dismissal unwarranted. To prove impossibility, counsel provide the following chronology: (1) Plaintiff Bellande died on December 22, 2017, (2) counsel called Plaintiff Bellande on January 26, 2018 and received no answer, and (3) counsel called 81 days later, on April 17, 2018—after the 90-day deadline had expired—and learned of Plaintiff Bellande's passing. MDL ECF No. 1432 at 2. Counsel then waited two more months to file the suggestion of death on June 15, 2018. ECF No. 6. Counsel conclude that, because they learned of Plaintiff Bellande's "passing after the 90-day deadline mandated by [PTO 23]," "it would have been impossible to comply with that deadline." MDL ECF No. 1338.

Counsel is correct that impossibility will excuse noncompliance with the 90-day deadline in PTO 23. In fact, mere excusable neglect will excuse noncompliance. *See* Rule 6(b) (allowing courts to extend deadlines in the Federal Rules of Civil Procedure for good cause before the original deadline expires and, on motion, for excusable neglect after the deadline expires).

But counsel here fail to show either impossibility or excusable neglect. Counsel called Plaintiff Bellande once, failed to reach him, and waited almost three months to call again, despite apparent awareness of the 90-day deadline for filing a suggestion of death.

6

What is more, counsel cite no attempts to reach other contacts who could notify them of Plaintiff Bellande's passing. Without evidence of a reasonable and good faith process for ascertaining whether or not a client is alive, the Court cannot find that either excusable neglect or impossibility justify noncompliance with PTO 23. To the contrary, counsel's "willful disobedience of" PTO 23 is apparent from their cursory attempts to reach Plaintiff Bellande, as well as their roughly two month delay in filing the suggestion of death after learning of Plaintiff Bellande's passing. *Hunt*, 203 F.3d at 527 (explaining that a finding of "willful disobedience" does not require "finding that the [plaintiff] acted in bad faith, but requires 'only that he acted intentionally as opposed to accidentally or involuntarily'" (citation omitted)). The Court, therefore, dismisses Plaintiff Louis Bellande with prejudice for noncompliance with PTO 23's 90-day deadline for filing a suggestion of death.

5. 17-cv-0264 (*Williams v. 3M Co., et al.*)

Plaintiff Millard Williams passed away on February 7, 2018. Counsel filed a timely suggestion of death on May 1, 2018. ECF No. 6. Defendants now move to dismiss Plaintiff Williams for failing to file a timely motion to substitute. MDL ECF No. 1471.

At the status conference on October 18, 2018, counsel for Plaintiff Williams asked the Court to excuse the untimeliness of the motion to substitute. Counsel detailed diligent and good faith efforts to comply with the deadlines in PTO 23 and Rule 25. The motion to dismiss is therefore denied as to Plaintiff Williams.

6. 16-cv-0169 (*Kriner v. 3M Co., et al.*)

Plaintiff Floyd Kriner passed away on November 23, 2016. Counsel filed a timely suggestion of death on March 22, 2018. Counsel then moved to extend by 90 days the deadline for filing a motion to substitute, Defendants opposed the motion, and the Court granted a 45-day extension. ECF Nos. 10, 14, 16. No motion to substitute was filed and counsel for Plaintiff Kriner filed a letter explaining that counsel has "been unable to communicate with" the proposed substitute party. ECF No. 18.

Defendants move to dismiss Plaintiff Kriner for failing to file a motion to substitute within 90 days of filing the suggestion of death, as required by PTO 23 and Rule 25. MDL ECF No. 1471. Plaintiff Kriner declined to oppose the motion. The Court thus dismisses Plaintiff Kriner with prejudice under Rule 25.

7. 17-cv-1317 (*O'Conner v. 3M Co., et al.*)

Plaintiff Michael O'Conner passed away on May 12, 2018. Counsel for Plaintiff O'Conner filed an untimely suggestion of death. Defendants move for dismissal on this basis. Plaintiff O'Conner filed no response to Defendants' motion and the Court is unaware of any basis for excusing Plaintiff O'Conner's noncompliance with PTO 23. Accordingly, the Court dismisses Plaintiff O'Conner with prejudice.

**CONCLUSION**

Based on the files, records, and proceedings herein, IT IS ORDERED THAT:

1. Defendants' Motions to Dismiss for Failure to Comply with Pretrial Order No. 23 and Federal Rule of Civil Procedure 25 [MDL ECF Nos. 1354, 1469] are GRANTED IN PART.

2. The following cases are DISMISSED WITH PREJUDICE: 17-cv-4336 (*Lister v. 3M Co., et al.*), 16-cv-2631 (*Rich et al. v. 3M Co., et al.*), 16-cv-0169 (*Kriner v. 3M Co., et al.*), and 17-cv-1317 (*O'Conner v. 3M Co., et al.*).

3. Plaintiff Louis Bellande (16-cv-02700) is DISMISSED WITH PREJUDICE.

Dated: October 26, 2018

                                                          s/ Joan N. Ericksen
                                                          JOAN N. ERICKSEN
                                                          United States District Judge