UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

In re: BAIR HUGGER FORCED AIR WARMING DEVICES PRODUCTS LIABILITY LITIGATION

MDL No. 15-2666 (JNE/DTS)

This Document Relates to:
Case Nos.:
17-cv-03549 *(Salinas v. 3M Co., et al.)*
17-cv-04778 *(Brown v. 3M Co., et al.)*
17-cv-05047 *(Clark v. 3M Co., et al.)*
18-cv-00207 *(Guenther v. 3M Co., et al.)*
18-cv-00264 *(Wega v. 3M Co., et al.)*
18-cv-00275 *(Owens v. 3M Co., et al.)*
18-cv-00318 *(Amador v. 3M Co., et al.)*
18-cv-00348 *(Smith v. 3M Co., et al.)*
18-cv-00481 *(Brann v. 3M Co., et al.)*
18-cv-00891 *(Winn v. 3M Co., et al.)*
18-cv-01435 *(Swatchick v. 3M Co., et al.)*
18-cv-01455 *(Matteo v. 3M Co., et al.)*
18-cv-01456 *(Manheim v. 3M Co., et al.)*
18-cv-01542 *(Davis v. 3M Co., et al.)*

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' SIXTEENTH MOTION TO DISMISS FOR FAILURE TO COMPLY WITH PRETRIAL ORDER NO. 14**

Pursuant to the Court's Pretrial Order No. 14 ("PTO 14"), entered September 27, 2016, Defendants 3M Company and Arizant Healthcare Inc. (collectively, "Defendants") respectfully move the Court to dismiss the following plaintiffs' cases for failure to comply with PTO 14:

| Case Number | Plaintiff | Firm Name |
| --- | --- | --- |
| 0:17-cv-03549-JNE-DTS | Salinas | Kennedy Hodges, L.L.P. |
| 0:17-cv-04778-JNE-DTS | Brown | Bernstein Liebhard LLP |

| | | |
|---|---|---|
| 0:17-cv-05047-JNE-DTS | Clark | Schlichter Bogard & Denton, LLP |
| 0:18-cv-00207-JNE-DTS | Guenther | Bernstein Liebhard LLP |
| 0:18-cv-00264-JNE-DTS | Wega | The Law Offices of Travis R. Walker, P.A. |
| 0:18-cv-00275-JNE-DTS | Owens | Bernstein Liebhard LLP |
| 0:18-cv-00318-JNE-DTS | Amador | DeGaris & Rogers, LLC |
| 0:18-cv-00348-JNE-DTS | Smith | The Miller Firm, LLC |
| 0:18-cv-00481-JNE-DTS | Brann | Lockridge Grindal Nauen PLLP |
| 0:18-cv-00891-JNE-DTS | Winn | Murray Law Firm |
| 0:18-cv-01435-JNE-DTS | Swatchick | Meshbesher & Spence |
| 0:18-cv-01455-JNE-DTS | Matteo | Morris Law Firm |
| 0:18-cv-01456-JNE-DTS | Manheim | Morris Law Firm |
| 0:18-cv-01542-JNE-DTS | Davis | Schlichter Bogard & Denton, LLP |

As set forth below, there are three (3) categories of cases where plaintiffs have failed to serve a Plaintiff Fact Sheet ("PFS") compliant with the requirements set forth by the Court in PTO 14: (a) cases where no PFS has been served by plaintiff; (b) cases where plaintiff served a PFS with core deficiencies, and failed to cure them or otherwise respond to one of Defendants' deficiency letters; and (c) cases where plaintiff served a PFS with core deficiencies, and failed to cure them after Defendants' final deficiency letter. Defendants placed the above cases on the agenda for two sequential Court status conferences, and dismissal with prejudice is therefore appropriate under PTO 14, ¶ 8.

**ARGUMENT**

The Court's Pretrial Order No. 14, entered September 27, 2016, sets forth the protocol for the form and service of the PFS, signed medical authorization, and supporting

documents in cases filed in and transferred to this proceeding. Under PTO 14, a plaintiff whose case was pending on the date of the order was required to serve a completed and signed PFS, medical authorization, and supporting documents within 90 days of the date of the order. PTO 14, ¶ 2. For a plaintiff whose case was transferred after the date of the order, the due date for service of these same documents is 90 days after the filing of the plaintiff's complaint or completion of the transfer to this proceeding, whichever is later. *Id*. All PFSs must be verified by the individual plaintiff under oath. *See* PTO 14, ¶ 3.

Once a PFS has been served, defendants have four (4) weeks from receipt within which to notify plaintiff's counsel of any core deficiencies to the PFS, "defined as a lack of response to all questions in Section I, Section II, and Section III; Section IV, questions 1, 3, 7, 8, 9, 10; Section V, questions 5, 6, and 7; Section VI, questions 1, 3, 6, 7, 8, and 9; Section VII, questions 1 and 2; Section 8, question 2; Section IX, questions 1, 3, and 4; or lack of signed medical authorizations." PTO 14, ¶ 4.

If defendants timely serve a letter outlining the deficiencies to the PFS, plaintiff's counsel is required to respond in writing within three (3) weeks of the date of service by: "(1) curing the alleged deficiencies; (2) disputing the alleged deficiencies and setting forth reasons the PFS is not deficient; or (3) explaining why the alleged deficiencies cannot be timely cured." PTO 14, ¶ 6.

Cases where there are disputes concerning PFS deficiencies requiring the Court's attention may be placed on the Court's status conference agenda. PTO 14, ¶ 7. Should a case appear on the agenda for two (2) sequential status conferences, "Defendants may make

a motion for dismissal for failure to comply with this Court's Pretrial Order as to the allegedly delinquent party." PTO 14, ¶ 8.

### A. Cases Where No PFS Has Been Served

In this motion, Defendants seek dismissal of the following five (5) cases where plaintiffs failed to serve the PFS as required by PTO 14 and, to date, remain delinquent:

| Case Number | Plaintiff | Date Filed | PFS Due Date | Firm Name |
|---|---|---|---|---|
| 0:18-cv-00264-JNE-DTS | Wega | 1/29/2018 | 4/29/2018 | The Law Offices of Travis R. Walker, P.A. |
| 0:18-cv-01435-JNE-DTS | Swatchick | 5/25/2018 | 8/23/2018 | Meshbesher & Spence |
| 0:18-cv-01455-JNE-DTS | Matteo | 5/25/2018 | 8/23/2018 | Morris Law Firm |
| 0:18-cv-01456-JNE-DTS | Manheim | 5/25/2018 | 8/23/2018 | Morris Law Firm |
| 0:18-cv-01542-JNE-DTS | Davis | 6/04/2018 | 9/02/2018 | Schlichter Bogard & Denton, LLP |

### B. Cases Where a PFS Was Served with Core Deficiencies, and Plaintiff Failed to Cure or Otherwise Respond to Defendants' Deficiency Letter

Additionally, Defendants are seeking dismissal of the following five (5) cases where: (1) plaintiffs each submitted a PFS that contained core deficiencies, (2) Defendants notified plaintiffs of the core deficiencies,[1] and (3) plaintiffs failed to cure or otherwise respond to the Defendants' first and/or second deficiency letter:

| Case Number | Plaintiff | Deficiency Letter Sent | Firm Name |
|---|---|---|---|
| 0:17-cv-03549-JNE-DTS | Salinas | 7/10/2018 | Kennedy Hodges, L.L.P. |

[1] *See* Declaration of Benjamin W. Hulse ("Hulse Decl."), Ex. A (Deficiency letters sent to Plaintiffs listed in Part B).

| | | | |
|---|---|---|---|
| 0:18-cv-00207-JNE-DTS | Guenther | 8/06/2018 | Bernstein Liebhard LLP |
| 0:18-cv-00275-JNE-DTS | Owens | 7/31/2018 | Bernstein Liebhard LLP |
| 0:18-cv-00318-JNE-DTS | Amador | 7/05/2018 | Bernstein Liebhard LLP |
| 0:18-cv-00891-JNE-DTS | Winn | 7/24/2018 | Murray Law Firm |

To comply with PTO 14, each plaintiff was required to respond to Defendants' deficiency letter by either curing or disputing the deficiencies, or explaining why the deficiencies could not be cured. *See* PTO 14, ¶ 6. Plaintiffs above failed to respond to Defendants' deficiency letters, and numerous core deficiencies remain uncured. *See attached* Addendum 1 (outlining PFS core deficiencies for each plaintiff in Part B).

**C. Cases Where a PFS Was Served with Core Deficiencies, and Plaintiff Failed to Cure Following Defendants' Final Deficiency Letter**

Lastly, Defendants are seeking dismissal of the following four (4) cases where plaintiffs were served a final deficiency notice in response to a PFS or amended PFS and failed to cure the core deficiencies identified in Defendants' final deficiency letters.[2]

| Case Number | Plaintiff | Third Deficiency Letter Sent | Firm Name |
|---|---|---|---|
| 0:17-cv-04778-JNE-DTS | Brown | 4/17/2018 | Bernstein Liebhard LLP |
| 0:17-cv-05047-JNE-DTS | Clark | 6/18/2018 | Schlichter Bogard & Denton, LLP |
| 0:18-cv-00348-JNE-DTS | Smith | 7/16/2018 | The Miller Firm, LLC |
| 0:18-cv-00481-JNE-DTS | Brann | 7/09/2018 | Lockridge Grindal Nauen PLLP |

[2] *See* Hulse Decl., Ex. B (Final Deficiency Letters Sent to Plaintiffs Listed in Part C).

Defendants sent each plaintiff above a final deficiency letter providing notice of the outstanding core deficiencies in his or her PFS, and to date the core deficiencies have not be cured. *See attached* Addendum 2 (outlining uncured core deficiencies remaining for each plaintiff in Part C). Now that several months have passed since the Defendants' final deficiency letters were sent, it is appropriate to seek dismissal of these cases.

**D. All Cases Were on the Agenda for Two (2) Sequential Status Conferences**

Defendants placed before the Court the cases set forth above in Parts A, B, and C, for two sequential Court status conferences – the first on September 20, 2018, and the second on October 18, 2018.[3] Consistent with the Court's recent orders dismissing with prejudice several plaintiffs' cases for failure to comply with PTO 14, the above cases are ripe for dismissal with prejudice under PTO 14, ¶ 8.

**E. The Court Should Dismiss Plaintiffs' Cases with Prejudice**

The Court's authority to dismiss these cases with prejudice is beyond question, and indeed was exercised by the Court recently in its orders entered February 15, 2018 [Dkt. No. 1100], March 12, 2018 [Dkt. No. 1167], May 1, 2018 [Dkt. No. 1237], May 22, 2018 [Dkt. No. 1257], June 20, 2018 [Dkt. No. 1298], July 24, 2018 [Dkt. No. 1376], August 20, 2018 [Dkt. No. 1431], and October 23, 2018 [Dkt. No. 1564] (dismissing with prejudice multiple plaintiffs' cases for failure to comply with PTO 14). The Court has made clear that "[e]ven for failures to respond, noncompliance with a court order can 'constitute[] a

[3] *See* Hulse Decl., Ex. C (September 17, 2018 email from B. Hulse to Court attaching Defendants' September PFS Lists 1, 2, and 3) and Ex. D (October 12, 2018 email from B. Hulse to Court attaching Defendants' October PFS Lists 1, 2, and 3).

pattern of intentional delay meriting dismissal with prejudice' under Rule 41(b)." *See* Order (Dkt. No. 862) at 2 (internal citation omitted). The Court further explained that PTO 14 required plaintiffs to respond to requests for information in the PFS in lieu of discovery, provided plaintiffs with the opportunity to cure any deficiencies, and "warned expressly of dismissal" should plaintiffs fail to comply. *Id*. Plaintiffs were also warned through the Court's prior orders dismissing with prejudice cases for failure to comply with PTO 14. *Id.* Accordingly, "if PTO 14's opportunity to cure has run, a plaintiff's continued noncompliance is a pattern of intentional delay" warranting dismissal with prejudice. *Id.*

Plaintiffs identified above have failed to comply with PTO 14 by either failing to submit the required PFS (Part A cases), providing no response to Defendants' deficiency letters (Part B cases), or failing to cure deficiencies after service of Defendants' final deficiency letter (Part C cases). Because all the cases identified above in Parts A, B, and C were listed on at least two sequential status conference agendas, "the opportunity to cure has run." Accordingly, dismissal of these cases with prejudice is proper and appropriate.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court dismiss with prejudice the following cases:

| Case Number | Plaintiff | Firm Name |
|---|---|---|
| 0:17-cv-03549-JNE-DTS | Salinas | Kennedy Hodges, L.L.P. |
| 0:17-cv-04778-JNE-DTS | Brown | Bernstein Liebhard LLP |
| 0:17-cv-05047-JNE-DTS | Clark | Schlichter Bogard & Denton, LLP |
| 0:18-cv-00207-JNE-DTS | Guenther | Bernstein Liebhard LLP |

| | | |
|---|---|---|
| 0:18-cv-00264-JNE-DTS | Wega | The Law Offices of Travis R. Walker, P.A. |
| 0:18-cv-00275-JNE-DTS | Owens | Bernstein Liebhard LLP |
| 0:18-cv-00318-JNE-DTS | Amador | DeGaris & Rogers, LLC |
| 0:18-cv-00348-JNE-DTS | Smith | The Miller Firm, LLC |
| 0:18-cv-00481-JNE-DTS | Brann | Lockridge Grindal Nauen PLLP |
| 0:18-cv-00891-JNE-DTS | Winn | Murray Law Firm |
| 0:18-cv-01435-JNE-DTS | Swatchick | Meshbesher & Spence |
| 0:18-cv-01455-JNE-DTS | Matteo | Morris Law Firm |
| 0:18-cv-01456-JNE-DTS | Manheim | Morris Law Firm |
| 0:18-cv-01542-JNE-DTS | Davis | Schlichter Bogard & Denton, LLP |

Dated: November 1, 2018

Respectfully submitted,

*s/Benjamin W. Hulse*

Jerry W. Blackwell (MN #186867)
Benjamin W. Hulse (MN #0390952)
Mary S. Young (MN #0392781)
BLACKWELL BURKE P.A.
431 South Seventh Street, Suite 2500
Minneapolis, MN 55415
Phone: (612) 343-3200
Fax: (612) 343-3205
Email: blackwell@blackwellburke.com
bhulse@blackwellburke.com
myoung@blackwellburke.com

Bridget M. Ahmann (MN #016611x)
FAEGRE BAKER DANIELS LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
Phone: (612) 766-7000
Email: bridget.ahmann@faegrebd.com

***Counsel for Defendants 3M Company and Arizant Healthcare Inc.***

**Addendum 1**

**Uncured PFS Core Deficiencies for Cases Listed in Part B**

| Plaintiff/Case Number | Deficiency Letter Sent | Uncured PFS Core Deficiencies | Firm Name |
|---|---|---|---|
| Salinas, Juan<br>0:18-cv-03549 | 7/10/2018 | **Section II (Personal Information)**<br>Part 1: Name, other names used, address, and SSN provided, but no response to length of time at present address and persons living with plaintiff at time of events at issue.<br>Part 2: No response to driver's license number and state of issue.<br>Part 3: Date of birth provided but not place of birth.<br>Part 5: No response to Medicare HICN number.<br>Part 6: No response to residences for the last 10 years.<br>Part 8: Provides name of child but no response to year of birth.<br>Part 9: No response to educational background.<br>Part 10: No response to employers for last 10 years.<br>Part 11: No response to prior military service.<br>Part 12: No response to rejection for military service due to medical/physical conditions.<br>Part 13: No response to convictions in the last 10 years<br>Part 14: No response to visiting websites regarding patient warming systems.<br>Part 15: No response to internet postings concerning Defendants.<br>Part 16: No response to possession of drawings journals, slides, notes, letters or emails.<br><br>**Section III (Surgery Information)** | Kennedy Hodges, L.L.P. |

| | | | |
|---|---|---|---|
| | | Part 1: For description of information that Bair Hugger system during surgery states only "Medical Records Val Verde Regional Medical Center," but fails to identify particular medical records that purportedly evidence said use.<br><br>**<u>Section IV (General Medical Information)</u>**<br>Part 1: No response to current or last height/weight.<br>surgery.<br>Part 7: No response to pharmacies used.<br>Part 8: No response to prior dental visits.<br>Part 9: Indicates use of tobacco, but no response to dates of use, amount used, or other tobacco description.<br>Part 10: No response to treatment for drugs/alcohol.<br><br>**<u>Section V (Insurance/Claim Information)</u>**<br>Part 4: No response to prior disability claims.<br>Part 5: No response to prior lawsuits.<br>Part 6: No response to prior bankruptcies.<br><br>**<u>Section VI (Current Claim Information)</u>**<br>Part 1: No response to having suffered physical/bodily injury related to use of Bair Hugger.<br>Part 3: No response to damages related to emotional distress/psychological injuries.<br>Part 6: No response regarding Bair Hugger warnings.<br>Part 7: No response regarding 3M/Arizant communications regarding surgery/Bair Hugger. | |

| | | | |
|---|---|---|---|
| | | Part 8: No response regarding 3M/Arizant communication regarding Bair Hugger warranty.<br>Part 9: No response to contacts with Augustine Temperature Management.<br><br>**Section VII (Economic Damages)**<br>Part 1: No response to claim for loss of past wages/income.<br>Part 2: No response to claim for loss of future wages/income.<br><br>**Section VIII (Persons With Knowledge)**<br>Part 2: No response to persons providing facts/circumstances relating this lawsuit.<br><br>**Section IX (Loss of Consortium)**<br>No response to any question<br><br>**Medical Authorization:** Not provided.<br>**Verification:** Not provided | |
| Guenther, Gary<br>0:18-cv-00207 | 8/06/2018 | **Section III (Surgery Information)**<br>Part 1: For description of information that Bair Hugger system during surgery states only "Medical Records," and does not provide date of discovery, responds only "Plaintiff does not recall."<br><br>**Section IV (General Medical Information)**<br>Part 7: Provides pharmacies used, but does not provide pharmacy phone numbers.<br><br>**Section VI (Current Claim Information)**<br>Part 1: Indicates having suffered physical/bodily injury related to use of Bair Hugger, but does not provide date of discovery, responds only "Plaintiff does not recall." | Bernstein Liebhard LLP |

| | | | |
|---|---|---|---|
| Owens, Janis<br>0:18-cv-00275 | 7/31/2018 | **Section II (Personal Information)**<br>Part 2: No response to driver's license number.<br>Part 7: Indicates being married and identifies spouses, but no response to DOB and marriage dates for one spouse.<br>Part 11: Indicates prior military service, but does not provide complete dates of service.<br><br>**Section III (Surgery Information)**<br>Part 1: For description of information that Bair Hugger system during surgery states only "Medical Records," , and does not provide date of discovery, responds only "Plaintiff does not recall."<br>Part 3: Hospital name, surgery date/location/ physician, medical conditions at time of surgery, type of surgery, reason for surgery, infections prior to surgery, persons with whom plaintiff discussed risks of surgery, and cause of infection provided, but no response to height/weight at time of surgery.<br><br>**Section IV (General Medical Information)**<br>Part 1: Does not provide current or last height/weight, responds only "Plaintiff does not recall."<br>Part 7: Does not provide pharmacies used, responds only "Plaintiff does not recall."<br>Part 8: Does no provide prior dental visits, responds only "Plaintiff does not recall."<br><br>**Section VI (Current Claim Information)**<br>Part 1: Indicates having suffered physical/bodily injury related to use of Bair Hugger, but does not provide date | Bernstein Liebhard LLP |

| | | | |
|---|---|---|---|
| | | of discovery, responds only “Plaintiff does not recall.” | |
| Amador, George 0:18-cv-00318 | 7/05/2018 | **Section II (Personal Information)**<br>Part 1: Name, and SSN provided, but no response to other names used, address, length of time at present address and persons living with plaintiff at time of events at issue.<br>Part 2: No response to driver’s license number and state of issue.<br>Part 3: Date of birth provided but not place of birth.<br>Part 6: No response to residences for the last 10 years.<br>Part 8: No response to having children.<br>Part 9: No response to educational background.<br>Part 10: No response to employers for last 10 years.<br>Part 11: Indicates prior military service, but no response to dates of service or whether there was a medical discharge.<br>Part 12: No response to rejection for military service due to medical/physical conditions.<br>Part 13: No response to convictions in the last 10 years<br>Part 14: No response to visiting websites regarding patient warming systems.<br><br>**Section III (Surgery Information)**<br>Part 1: For description of information that Bair Hugger system during surgery states only “The medical records from Corpus Christi Medical Center.”<br><br>**Section IV (General Medical Information)**<br>Part 1: No response to current or last height/weight.<br>Part 3: No response to healthcare providers seven (7) years prior to surgery. | Bernstein Liebhard LLP |

| | | | |
|---|---|---|---|
| | | Part 7: No response to pharmacies used.<br>Part 8: No response to prior dental visits.<br>Part 9: No response to use of tobacco.<br>Part 10: No response to treatment for drugs/alcohol.<br><br>**Section V (Insurance/Claim Information)**<br>Part 4: No response to prior disability claims.<br>Part 5: No response to prior lawsuits.<br>Part 6: No response to prior bankruptcies.<br><br>**Section VI (Current Claim Information)**<br>Part 1: No response to having suffered physical/bodily injury related to use of Bair Hugger.<br>Part 3: No response to damages related to emotional distress/psychological injuries.<br>Part 6: No response regarding Bair Hugger warnings.<br>Part 7: No response regarding 3M/Arizant communications regarding surgery/Bair Hugger.<br>Part 8: No response regarding 3M/Arizant communication regarding Bair Hugger warranty.<br><br>**Section VII (Economic Damages)**<br>Part 1: No response to claim for loss of past wages/income.<br>Part 2: No response to claim for loss of future wages/income.<br><br>**Medical Authorization:** Not provided.<br>**Verification:** Not provided | |
| Winn, Robert Lee<br>0:18-cv-00891 | 7/24/2018 | **Section II (Personal Information)**<br>Part 1: Name, address, persons living with plaintiff at time of events at issue, | Murray Law Firm |

| | | | |
|---|---|---|---|
| | | and SSN provided, but no response other names used, and length of time at present address.<br>Part 3: Date of birth provided but not place of birth.<br>Part 5: No response to Medicare HICN number.<br>Part 6: Provides residences for the last 10 years, but no response to dates of residence.<br>Part 7: Indicates being married and identifies spouse, but no response to dates of marriage or spouse's DOB.<br>Part 8: No response to having children.<br>Part 9: No response to educational background.<br>Part 10: No response to employers for last 10 years.<br>Part 11: No response to prior military service.<br>Part 12: No response to rejection for military service due to medical/physical conditions.<br>Part 13: No response to convictions in the last 10 years<br>Part 14: No response to visiting websites regarding patient warming systems.<br>Part 15: No response to internet postings concerning Defendants.<br>Part 16: No response to possession of drawings journals, slides, notes, letters or emails.<br><br>**Section III (Surgery Information)**<br>Part 1: For description of information that Bair Hugger system during surgery states only "Medical Records," and does not provide date of discovery, responds only "After obtaining and reviewing medical records."<br>Part 3: Hospital name, surgery date/location/ physician, type of surgery, reason for surgery, height/weight at time | |

| | | | |
|---|---|---|---|
| | | of surgery, and medical conditions at time of surgery provided, but no response to infections prior to surgery, persons with whom plaintiff discussed risks of surgery, and cause of infection.<br>Part 4: No response to opinions on causation.<br><br>**<u>Section IV (General Medical Information)</u>**<br>Part 1: No response to current or last height/weight.<br>Part 3: Provides healthcare providers for seven (7) years prior to surgery, but no response to years of visits for several providers.<br>Part 8: No response to prior dental visits.<br>Part 10: No response to treatment for drugs/alcohol.<br><br>**<u>Section V (Insurance/Claim Information)</u>**<br>Part 4: No response to prior disability claims.<br>Part 5: No response to prior lawsuits.<br>Part 6: No response to prior bankruptcies.<br><br>**<u>Section VI (Current Claim Information)</u>**<br>Part 1: Indicates having suffered physical/bodily injury related to use of Bair Hugger, but no response to any other question.<br>Part 3: No response to damages related to emotional distress/psychological injuries.<br>Part 6: No response regarding Bair Hugger warnings.<br>Part 7: No response regarding 3M/Arizant communications regarding surgery/Bair Hugger. | |

| | | | |
|---|---|---|---|
| | | Part 8: No response regarding 3M/Arizant communication regarding Bair Hugger warranty.<br>Part 9: No response to contacts with Augustine Temperature Management.<br><br>**Section VII (Economic Damages)**<br>Part 1: No response to claim for loss of past wages/income.<br>Part 2: No response to claim for loss of future wages/income.<br><br>**Section VIII (Persons With Knowledge)**<br>Part 2: No response to persons providing facts/circumstances relating this lawsuit.<br><br>**Section IX (Loss of Consortium)**<br>No response to any question<br><br>**Medical Authorization:** Not provided.<br>**Verification:** Not provided | |

**Addendum 2**

**Uncured PFS Core Deficiencies for Cases Listed in Part C**

| Plaintiff/Case Number | Final Deficiency Letter Sent | Uncured PFS Core Deficiencies | Firm Name |
| --- | --- | --- | --- |
| Brown, Ina 0:17-cv-04778 | 4/17/2018 | **Section III (Surgery Information)**<br>Part 1: For description of information that Bair Hugger system during surgery states only "Medical Records," but fails to identify particular medical records that purportedly evidence said use.<br><br>**Verification:** Improper verification provided, re-dated copy of old verification page. | Bernstein Liebhard LLP |
| Clark, Georgia 0:17-cv-05047 | 2/14/2018 | **Section III (Surgery Information)**<br>Part 1 For description of information that Bair Hugger system during surgery states only "My medical records contain information consistent with Bair Hugger use," but fails to identify particular medical records that purportedly evidence said use. | Schlichter Bogard & Denton, LLP |
| Smith, Dorothy 0:18-cv-00348 | 7/16/2018 | **Section II (Personal Information)**<br>Part 1: Name, other names used, address, and SSN provided, but no response to length of time at present address and persons living with plaintiff at time of events at issue.<br><br>**Section III (Surgery Information)**<br>Part 1: Indicates there is no evidence of Bair Hugger use.<br>Part 3: Indicates "None" for microbe or bacterium causing infection.<br><br>**Section IV (General Medical Information)** | The Miller Firm, LLC |

| | | | |
|---|---|---|---|
| | | Part 7: Responds "Do not recall" for pharmacies used.<br><br>**<u>Section V (Insurance/Claim Information)</u>**<br>Part 4: Indicates prior disability claims, but responds "disable" for nature of claim.<br><br>**Verification:** Improper verification provided, used undated copy of prior verification. | |
| Brann, Stefan 0:18-cv-00481 | 7/09/2018 | **Verification:** Improper verification provided, re-used old verification page. | Lockridge Grindal Nauen PLLP |