UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

In re: BAIR HUGGER FORCED AIR
WARMING DEVICES PRODUCTS
LIABILITY LITIGATION

MDL No. 15-2666 (JNE/DTS)

ORDER

This Document Relates to All Cases

This matter is before the Court on Plaintiffs' objections to Magistrate Judge David T. Schultz's order granting Defendants' motion to exclude expert testimony on September 19, 2018. ECF No. 1522. For the following reasons, the Court overrules Plaintiffs' objections and affirms the magistrate judge's order.

## BACKGROUND

In a pretrial scheduling order, the Court bifurcated discovery for this multidistrict litigation ("MDL") into two timelines: one for general causation and one for bellwether case-specific facts. Pretrial Order No. 4 at 2, ECF No. 27. While these timelines have been modified several times, the bifurcation between common issues and case-specific issues remained. Pretrial Order No. 17 at 4, ECF No. 175. In the general causation phase, Plaintiffs and Defendants delved into a wide range of issues cutting across all cases, including alternative designs. For example, Plaintiffs issued an expert report during the general causation phase in which Dr. Yadin David discussed existing design alternatives to the Bair Hugger. Zimmerman Decl., Ex. A, ECF Nos. 315-316. In contrast, case-specific expert discovery was designed to address any issues unique to a

1

particular bellwether case.  Hulse Decl. Ex. B, Status Conf. Tr. 37-40, June 15, 2017, ECF No. 1437.  The classic example of a case-specific expert, which the parties and the Court previously identified, would be a treating physician offering his opinion as to the source of the plaintiff's infection.  *Id.* at 37-38.

During this time, the Court provided clear guidelines to the parties about the limits of general causation discovery.  The Court directed that all initial general causation expert reports were due by March 31, 2017, and any rebuttal reports were due by June 3, 2017.  Pretrial Order No. 17 at 4.  Additionally, the Court did not allow the parties to reply to expert rebuttals.  *Id.*; Hulse Decl. Ex. B, at 47-51.

As part of discovery in the *Axline* bellwether case, Plaintiffs served Defendants with two general expert reports in August 2018.  The first expert report, from Dr. Nathan Bushnell, exclusively critiqued the computational fluid dynamics ("CFD") model submitted by Dr. Abraham as part of Defendants' expert rebuttal during the general causation phase of discovery.  Hulse Decl. Ex. H, ECF No. 1437.  Dr. Bushnell's report does not discuss any modeling specific to the bellwether plaintiff or her operation.  The second expert report, from Dr. Yadin David, supplemented his initial report, issued during the general causation phase of discovery, with seven additional devices that he thought qualified as feasible and safer alternative designs.  Hulse Decl. Ex. G, ECF No. 1437.  All but one of the documents Dr. David cites in his supplemental report were available as of the date of his initial report.  The other document on which he relies was available by the date of his deposition.  *Id.*; ECF. No. 1522 at 3.

Defendants filed a motion to exclude Plaintiffs' new general causation expert reports under Federal Rule of Civil Procedure 37. ECF No. 1436. Defendants argued that the Court should strike these reports because Plaintiffs violated the Court's pretrial orders regarding general causation expert reports. *Id.* Plaintiffs opposed the motion. ECF No. 1452. After holding a hearing, the magistrate judge granted Defendants' motion. ECF. No. 1522. Then, Plaintiffs objected to the magistrate judge's order, arguing that the magistrate judge erred as a matter of fact and law in excluding Plaintiffs' experts' opinions. ECF No. 1544.

## STANDARD OF REVIEW

An order excluding expert testimony is nondispositive, and objections to magistrate judges' nondispositive orders are reviewed under a clearly erroneous or contrary to law standard. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); D. Minn. LR 7.1(b)(4)(A)(i), 72.2(a); *see also Benford v. City of Minneapolis*, No. CIV. 10-4539, 2012 WL 3763960, at *1 (D. Minn. Aug. 29, 2012)

Plaintiffs argue that this Court should review the order de novo because striking their expert reports has the impact of a dispositive order. *See* D. Minn. LR 72.2(b). However, Plaintiffs cite no authority that directs this Court to treat a motion to exclude expert testimony as dispositive. Accordingly, this Court reviews the magistrate judge's order to determine whether it was clearly erroneous or contrary to law.

## DISCUSSION

### I. Dr. Yadin David's Expert Report

Plaintiffs' objections that the magistrate judge erred in striking Dr. David's expert

3

are unavailing.

First, Plaintiffs argue that the magistrate judge's decision inappropriately limits each plaintiff to expert testimony that was disclosed during the general causation phase. Rather, Plaintiffs ask the Court to allow each plaintiff "a fulsome opportunity to present his or her case with respect to long known reasonable alternative designs and warnings" or risk denying due process. ECF No. 1544 at 5.

However, the Court already allowed Plaintiffs an opportunity to conduct discovery as to reasonable alternative designs. And Plaintiffs took advantage of this opportunity. Plaintiffs issued an expert report during the general causation phase in which Dr. David discussed existing potential design alternatives to the Bair Hugger. Plaintiffs now ask the Court for leave to rely on additional experts or supplemental reports to disclose generally applicable alternative designs in each case. But this proposed course of action would undermine the efficiency of the MDL and the purpose behind bifurcating discovery.

Plaintiffs also argue that Dr. David's supplemental report is substantially justified by changed circumstances. The magistrate judge rejected this argument. As the magistrate judge correctly explained, both Dr. David's supplemental alternative designs and the laws placing the burden on plaintiffs to establish the existence of a feasible alternative design existed at the time of Dr. David's initial report. ECF No. 1522 at 5. "Rule 26 provides 'no safe harbor' for a party's 'lack of diligence.'" *3M Innovative Properties Co. v. Dupont Dow Elastromers, LLC*, Civ. No. 03-3364, 2005 WL 6007042, at *4 (D. Minn. Aug. 29, 2005).

Additionally, Plaintiffs assert that Dr. David's supplemental report does not

4

disadvantage Defendants.  But the magistrate judge correctly concluded that Plaintiffs did not meet their burden to show that their belated disclosure of Dr. David's report is harmless.  *Cf. Transamerica Life Ins. Co. v. Lincoln Nat. Life Ins. Co.*, 592 F. Supp. 2d 1087, 1094 (N.D. Iowa 2008) (placing the burden "on the proponent of the late-disclosed evidence or information").  As the magistrate judge explained, Defendants would need to conduct new discovery and investigation into Dr. David's seven proposed feasible alternatives.  ECF No. 1552 at 5.  And although Defendants will no longer need to conduct this discovery "in the shadow of the looming *Axline* trial," *id.*, the Court concurs that reopening discovery would be costly.

Lastly, Plaintiffs contend that the magistrate judge's Rule 37 sanction of striking Dr. David's report is excessive.  Plaintiffs characterize the striking of Dr. David's report as tantamount to dismissal of certain claims because Dr. David's supplemental report provides significant evidence of alternative designs, which is necessary under the laws of many states.

Defendants respond that excluding Dr. David's report does not equate to a dismissal and the magistrate judge imposed an appropriate sanction.  The Court agrees.  Rule 37 allows the court to choose from a variety of sanctions, including, striking evidence, staying proceedings, and dismissing actions.  Fed. R. Civ. P. 37(b)(2)(A)(ii)-(vii).  When fashioning a remedy, the Court considers "the reason for noncompliance, the surprise and prejudice to the opposing party, the extent to which allowing the information or testimony would disrupt the order and efficiency of the trial, and the importance of the information or testimony."  *Wegener v. Johnson*, 527 F.3d 687, 692 (8th Cir. 2008).

5

Here, Plaintiffs seek to supplement Dr. David's report because they failed to provide evidence of all reasonable alternative designs during the general causation phase of discovery. But Dr. David's original report already provides evidence of alternative designs, which Plaintiffs presented to the jury during the *Gareis* trial, and reopening discovery would be costly and time consuming. Under these circumstances, the magistrate judge appropriately excluded Dr. David's expert report.

## II. Dr. Nathan Bushnell's Expert Report

For the following reasons, the Court overrules Plaintiffs' objections to the magistrate judge's order excluding Dr. Bushnell's expert report.

First, Plaintiffs argue that Dr. Bushnell's report is impeachment evidence, and thus the timing of the report can be excused. Plaintiffs cite to *Wegener* for the principle that an untimely sur-rebuttal is admissible as impeachment. However, the magistrate judge rejected this argument because the court in *Wegener* reiterates that rebuttal expert opinions must obey applicable scheduling orders. 527 F.3d at 690-91. The magistrate's reading of *Wegener* is not clearly erroneous.

Second, Plaintiffs argue that Dr. Bushnell's report is not a sur-rebuttal. However, Plaintiffs concede that Dr. Bushnell's report rebuts Dr. Abraham's earlier report. ECF No. 1544 at 9. The Court defined initial reports as the reports of the parties bearing the burden of proof and rebuttal reports as the reports of the parties who did not bear the burden of proof. Hulse Decl. Ex. A, Status Conf. Tr. 18, Sept. 8, 2016, ECF No. 1437. Because Dr. Bushnell's report responds to Defendants' rebuttal report, the magistrate judge correctly concluded that it is a sur-rebuttal.

Finally, Plaintiffs argue that the magistrate judge erred in applying Rule 37(b)(2)(A) to the Plaintiffs' anticipatory disclosure of rebuttal opinions because Rule 37(b)(2)(A) only applies where "an order to provide or permit discovery is disobeyed." ECF No. 1544 at 10. But Plaintiffs cite no case to support their narrow reading of Rule 37(b)(2)(A). A plain reading of Rule 37(b)(2)(A) supports the magistrate judge's order, which sanctions Plaintiffs for disobeying the Court's pretrial scheduling order. Rule 37(b)(2)(A) lists the possible sanctions a court may apply to a party "for not obeying a discovery order." Fed. R. Civ. P. 37(b)(2)(A). Therefore, the magistrate judge's reliance on Rule 37(b)(2)(A) is not misplaced.

Having reviewed the record, the Court cannot conclude that the magistrate judge's order is clearly erroneous or contrary to law. Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Plaintiffs' objections to the magistrate judge's order [ECF No. 1544] are DENIED.

2. The magistrate judge's order of September 19, 2018 [ECF No. 1522] is AFFIRMED.

Dated: November 6, 2018

    s/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge