UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: Bair Hugger Forced Air Warming Products Liability Litigation<br><br>This Document Relates To:<br><br>*Ducote*, 16-cv-3940-JNE- DTS<br>*Cole*, 17-cv-2166-JNE-DTS<br>*Ashby*, 17-cv-2554-JNE- DTS<br>*Trewhella*, 17-cv-3159-JNE-DTS<br>*Ciccone*, 17-cv-3629-JNE- DTS<br>*Chapman*, 17-cv-3850-JNE- DTS<br>*Spear*, 17-cv-4886-JNE- DTS<br>*Ward*, 17-cv-4893-JNE- DTS<br>*Jennings*, 18-cv-1485-JNE- DTS | MDL No. 15-2666 (JNE/FLN)<br><br>**MEMORANDUM IN SUPPORT OF DEFENDANTS' FOURTH MOTION TO DISMISS FOR FAILURE TO COMPLY WITH PRETRIAL ORDER NO. 23 AND/OR FED. R. CIV. P. 25(a) AND 41(b)** |

Pursuant to Pretrial Order No. 23 ("PTO 23") and Fed. R. Civ. P. 25(a) and 41(b) Defendants 3M Company and Arizant Healthcare Inc. (together, "Defendants") move to dismiss the following cases with prejudice:

| Case Number | Title | Firm Name |
|---|---|---|
| 16-cv-3940-JNE-DTS | *Ducote v. 3M Co., et al.* | Davis & Crump, P.C. |
| 17-cv-2166-JNE-DTS | *Cole v. 3M Co., et al.* | Levin, Papantonio, Thomas, Mitchell, Rafferty, Proctor P.A. |
| 17-cv-2554-JNE-DTS | *Ashby v. 3M Co., et al.* | Peterson & Associates |
| 17-cv-3159-JNE-DTS | *Trewhella v. 3M Co., et al.* | Brown & Crouppen |
| 17-cv-3629-JNE- DTS | *Ciccone v 3M Co., et al.* | Kennedy Hodges, L.L.P. |
| 17-cv-3850-JNE-DTS | *Chapman v. 3M Co., et al.* | Kennedy Hodges, L.L.P. |
| 17-cv-4886-JNE-DTS | *Spear v. 3M Co., et al.* | Brown & Crouppen |
| 17-cv-4893-JNE-DTS | *Ward v. 3M Co., et al.* | Brown & Crouppen |

| 18-cv-1485-JNE-DTS | *Jennings v. 3M Co., et al.* | Brown & Crouppen |
|---|---|---|

Plaintiffs in each of these nine cases failed to comply with the deadlines established by PTO 23 and failed to prosecute their claims under Federal Rule of Civil Procedure 41(b). In several cases, Plaintiffs also failed to comply with the substitution deadline of Federal Rule of Civil Procedure 25(a). Defendants therefore are entitled to seek dismissal of these plaintiffs with prejudice, as confirmed in the Court's recent Orders on Defendants' previous motions to dismiss for failure to comply with PTO 23. *See* Order, ECF No. 1440 ("The Court therefore dismisses this action with prejudice for failure to comply with PTO 23 and for failure to prosecute under Rule 41(b)."); PTO 23(E) ("Plaintiff's failure to comply with provisions A, B or C of this Order will entitle Defendants to request a dismissal of plaintiff's action with prejudice in accordance with Fed. R. Civ. P. 25(a)").

**ARGUMENT**

PTO 23 sets requirements for cases in which plaintiffs die while their actions are pending in the MDL. Paragraph A of PTO 23 requires a suggestion of death to be filed within ninety (90) days of (i) the entry of PTO 23 on January 8, 2018, or (ii) the plaintiff's death, whichever is later. *See* PTO 23(A). Paragraph (B) of PTO 23, as well as Fed. R. Civ. P. 25(a), require a proposed substitute plaintiff to move for substitution within 90 days of the filing of a suggestion of death. *See also Kaubisch v. Weber*, 408 F.3d 540, 542 (8th Cir. 2005) (affirming dismissal of case where motion to substitute was filed late without a valid excuse). In addition, Fed. R. Civ. P. 41(b) provides for dismissal of a case where "plaintiff fails to prosecute or to comply with these rules or a court order."

2

**A.     Cases Where a Suggestion of Death Was Not Filed or Was Filed Late.**

In the cases below, a suggestion of death was not filed within the time prescribed by PTO 23(A). For plaintiffs Ashby, Chapman, Ducote, and Cole, the deadline to file a suggestion of death has passed, but none has been filed. Defendants discovered that these plaintiffs are deceased by conducting an independent search of obituaries.[1] Hulse Decl. Exs. A-D. Plaintiff Jennings filed a suggestion of death, but it was nearly 6 months late.

| Plaintiff | Case Number | Date of Death | Suggestion of Death Due/Filed | Comments |
|---|---|---|---|---|
| **Ducote, Maxie Joseph Sr.** | 16-cv-3940 | 7/8/2017 Ex. A | Due 4/9/2018. Not filed. | Due nearly 7 months ago. |
| **Cole, Jeane** | 17-cv-2166 | 09/07/2017 Ex. B | Due 4/9/2018. Not filed. | Due nearly 7 months ago. |
| **Ashby, Ethel** | 17-cv-2554 | 7/6/2018 Ex. C | Due 10/4/2018. Not filed. | Due 1 month ago. |
| **Chapman, Kenneth A.** | 17-cv-3850 | 5/13/2018 Ex. D | Due 8/11/2018. Not filed. | Due nearly 3 months ago. |
| **Jennings, Ann** | 18-cv-1485 | 1/30/2018 | Due 4/30/2018. Filed 10/22/2018. | Filed nearly 6 months late. |

Plaintiffs have not demonstrated excusable neglect or impossibility for failure to comply with PTO23's deadline.  Order, ECF No. 1566 ("Without evidence of a reasonable and good faith process for ascertaining whether or not a client is alive, the Court cannot find that either excusable neglect or impossibility justify noncompliance with PTO 23.").

---

[1] PTO 23 was supposed to relieve Defendants of the burden of searching obituaries and Social Security death records for deceased plaintiffs.  However, Defendants' initial "spotcheck" search for the names of plaintiffs in online databases identified these cases. These findings suggest that some plaintiffs' firms still have not implemented a system to maintain contact with their clients.

3

This Court has dismissed other cases with prejudice where the suggestion of death was not filed by the deadline. *See* Order, ECF No. 1440; Order, ECF No. 1566. Here too, dismissal with prejudice is appropriate for all five cases listed above.

### B. Cases Where the Proposed Substitute Plaintiffs Failed to File a Timely Motion for Substitution.

In the additional four cases below, a suggestion of death was filed, but the proposed substitute plaintiffs failed to file a timely motion for substitution as required by PTO 23(b) and Fed. R. Civ. P. 25(a):

| Plaintiff | Case Number | Date of Death | Suggestion of Death Filed | Motion to Substitute Due |
|---|---|---|---|---|
| **Spear, Robert** | 17-cv-4886 | 3/26/2018 | 6/22/2018 | Due 9/20/2018. No motion filed. |
| **Trewhella, Edmund** | 17-cv-3159 | 3/27/2018 | 6/25/2018 | Due 9/23/2018. No motion filed. |
| **Ward, Earnest** | 17-cv-4893 | 4/25/2018 | 7/24/2018 | Due 10/22/2018. No motion filed. |
| **Ciccone, Louis** | 17-cv-3629 | 4/4/2018 | 7/2/2018 | Due 10/31/2018 (per extension). No motion filed. |

In *Ciccone*, Magistrate Judge Schultz granted an extension until October 31, 2018, for the proposed new plaintiff to file a substitution motion, but no motion was filed. *Ciccone*, ECF No. 15, Order. No request to extend the deadline to substitute in the other three cases, and Defendants are unaware of any good cause for an extension. Accordingly, these cases should be dismissed with prejudice for failing to comply with Fed. R. Civ. P. 25(a) and PTO 23(B), and failure to prosecute under Fed. R. Civ. P. 41(b).

Dated: November 8, 2018                    Respectfully submitted,

 /s/ Benjamin W. Hulse
Jerry W. Blackwell (MN #186867)
Benjamin W. Hulse (MN #0390952)
Mary S. Young (MN #0392781)
BLACKWELL BURKE P.A.
431 South Seventh Street, Suite 2500
Minneapolis, MN 55415
Phone: (612) 343-3248
Fax: (612) 343-3205
Email: blackwell@blackwellburke.com
      bhulse@blackwellburke.com
      myoung@blackwellburke.com

Bridget M. Ahmann (MN #016611x)
FAEGRE BAKER DANIELS LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
Phone: (612) 766-7000
Fax: (612) 766-1600
Email: bridget.ahmann@faegrebd.com

**Counsel for Defendants 3M Company and Arizant Healthcare Inc.**