IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

| | |
|---|---|
| IN RE: BAIR HUGGER FORCED AIR WARMING PRODUCT LIABILITY LITIGATION | MDL No.: 15-md-02666 (JNE/DTS) |
| This Document Relates To: | |
| KENNETH A. CHAPMAN,<br><br>    Plaintiff, | Civil Action No.: 17-cv-03850 |

_____

### PLAINTIFF'S RESPONSE TO DEFENDANTS' FOURTH MOTION TO DISMISS FOR FAILURE TO COMPLY WITH <u>PRETRIAL ORDER NO. 23</u>

NOW COMES Plaintiff, Kenneth A. Chapman, identified in Defendants' Fourth Motion to Dismiss for Failure to Comply with Pretrial Order No. 23 [Dkt. 1584], and by and through undersigned counsel submits this, his Response to Defendants' Motion to Dismiss, and would respectively show the Court the following:

### **FACTS**

In August 2015, Mr. Kenneth Chapman contacted undersigned counsel regarding an infection and subsequent treatment that he experienced due to the use of a Bair Hugger patient warming device during an orthopedic surgery. Counsel worked to obtain medical records and billing records to move forward with the case. Those records indicated that a Bair Hugger device was used during the original surgery. On August 21, 2017, counsel filed the current

action to comply with what was identified as the applicable statute of limitations deadline for the relevant claim.

After filing Plaintiff's case, counsel worked with Plaintiff to complete the Plaintiff Fact Sheet. A completed PFS with a signed verification and authorization was submitted to the Court on November 19, 2017. During the course of completing the PFS, Plaintiff gave every indication that he wanted to continue the case. Defendants never issued a Deficiency Notice regarding this PFS.

On October 29, 2018, counsel for Plaintiff received an email from Defendants stating that Plaintiff had passed away on May 13, 2018 and informing counsel that a Suggestion of Death was due 90 days after his death, pursuant to Pretrial Order No. 23. As the Suggestion of Death was not timely filed, Defendants stated that the case would be considered in a future Motion to Dismiss. Defendants did not specify in what manner they were notified of Plaintiff's death.

Counsel made immediate efforts to contact Plaintiff's next of kin after receiving this email from Defendants. Phone calls were placed to the numbers on file for Plaintiff, and a contact letter was sent to his home address. Counsel has not received a response from next of kin to date. Accordingly, Plaintiff's supposed death has never been confirmed by his relatives.

## **ARGUMENT**

Counsel for Plaintiff was not made aware of the death of Plaintiff until after the 90-day time period had expired. For the Court to dismiss Plaintiff's claims with prejudice would be an unduly harsh result given the circumstances.

**A.    Dismissal with Prejudice is a Drastic Measure in this Situation**

A dismissal with prejudice "is a drastic sanction that should be exercised sparingly." *Pardee v. Stock*, 712 F.2d 1290, 1292 (8th Cir.1983). Plaintiff's noncompliance with Pretrial Order 23(A) was not willful or in bad faith, and a dismissal with prejudice would be extreme. A dismissal with prejudice "should be used only in cases of willful disobedience of a court order or where a litigant exhibits a pattern of intentional delay." *Hunt v. City of Minneapolis*, 203 F. 3d 524, 527 (8th Cir. 2000); *see also Hutchins v. A.G. Edwards & Sons, Inc.*., 116F.3d 1256, 1260; *Mann v. Lewis*, 108 F.3d 145, 147 (8th Cir. 1997) (quoting *Givens v. A.H. Robins Co.*, 751 F.2d 261, 263 (8th Cir. 1984)). In *Givens v. A.H. Robins Co.*, the court reversed a dismissal with prejudice where the litigants only transgression was failure to comply with a discovery deadline. *Givens*, 751 F.2d 264, 264 (8th Cir. 1984). The court reasoned that dismissal with prejudice was disproportionate to this act of noncompliance. *Id*.

Here, Plaintiff's only transgression is that a suggestion of death was not filed within the 90-day time period, as counsel for Plaintiff was not aware that Plaintiff had passed away. Plaintiff's actions do not constitute a willful disobedience. Total extinction of Plaintiff's cause of action would be disproportionate to this unintentional act of noncompliance with Pretrial Order No. 23.

**B.    Policy Factors Disfavor Dismissal with Prejudice**

"[A]n action should be dismissed with prejudice 'only after balancing the policy of giving the plaintiff [his or her] day in court against [the] policies of preventing undue delay, avoiding court congestion, and preserving respect for court procedures." *Omaha Indian Tribe v. Tract I-Blackbird Bend Area*, 933 F.2d 1462, 1468 (8th Cir.) (*quoting Garrison v.*

3

*International Paper Co.*, 714 F.2d 757, 760 (8th Cir. 1983)); *see also Moore v. St. Louis Music Supply Co., Inc.*, 539 F.2d 1191, 1193 (8th Cir. 1976); *Navarro v. Chief of Police, Des Moines, Iowa*, 523 F.2d 214, 217 (8th Cir. 1975).

Plaintiff has not caused an undue delay and there is absolutely no prejudice to Defendants. There is no delay or prejudice because unlike standard litigation, this case differs because it is filed in the MDL. Since this case is not a bellwether selection, there are no discovery deadlines which would have been delayed by an untimely filing of the suggestion of death. The possible remand of this case will not occur for months, possibly longer, as several bellwether cases are still pending. Under these circumstances, it cannot be said that Plaintiff willfully refused to comply with this Court's order. A dismissal with prejudice would be a harsh consequence, and forever deny Plaintiff's day in court.

**C.     Motion to Amend Pretrial Order No. 23 is Still Pending Before the Court**

Plaintiff also notes that Plaintiff's Motion to Amend Pretrial Order No. 23 is still pending before the Court. [Dkt. 1517]. The relief sought by that pending Motion is an amendment to the 90-day deadline to file a Suggestion of Death, which is the exact issue involved with this case. Dismissal of this case for the reasons stated in Defendants' motion prior to a ruling on the pending Motion to Amend Pretrial Order No. 23 would be premature.

## CONCLUSION

Accordingly, undersigned counsel request that the current action not be dismissed with prejudice and that counsel be given an additional ninety (90) days to locate Plaintiff's next of kin in order to determine whether the probate process has begun and to provide the necessary

4

information to cure any alleged deficiencies with the Plaintiff Fact Sheet and to continue the case.

Dated: November 15, 2018                KENNEDY HODGES, LLP

By: /s/ David W. Hodges
David W. Hodges
dhodges@kennedyhodges.com
Gabriel A. Assaad
gassaad@kennedyhodges.com
4409 Montrose Blvd. Ste 200
Houston, TX 77006
Telephone: (713) 523-0001
Facsimile: (713) 523-1116

ATTORNEYS FOR PLAINTIFF