IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

| | |
|---|---|
| IN RE: BAIR HUGGER FORCED AIR WARMING PRODUCT LIABILITY LITIGATION | MDL No.: 15-md-02666 (JNE/DTS) |
| This Document Relates To: | |
| KENNETH A. CHAPMAN, <br><br> Plaintiff, | Civil Action No.: 17-cv-03850 |

_____

**DECLARATION OF DONALD C. GREEN II IN SUPPORT OF
PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS**

I, Donald C. Green II, declare as follows:

1. I am an attorney at Kennedy Hodges, LLP and Counsel for Plaintiff Kenneth Chapman in the above-captioned matter.

2. I submit this affidavit in opposition to Defendants' Motion to Dismiss for Failure to Comply with Pretrial Order No. 23 [Dkt. 1584] filed on November 8, 2018.

3. Mr. Chapman contacted Kennedy Hodges, LLP in August of 2015 regarding injuries that were allegedly caused by the Bair Hugger patient warming device.

4. Medical records and billing records pertaining to Mr. Chapman's treatment were obtained by Kennedy Hodges through its third-party medical records retrieval company. Those records indicated that a Bair Hugger device was used during his initial orthopedic surgery.

5. This case was filed on August 21, 2017 to comply with a possible statute of limitations deadline identified by counsel.

6. A completed PFS, with signed authorization and verification forms, was submitted to the Court on November 19, 2017. No deficiency notices were ever issued relating to this PFS.

7. On October 29, 2018, counsel received an email from Defendants stating that the Mr. Chapman had passed away on May 13, 2018. Counsel was not aware of Mr. Chapman's passing prior to receipt of this email.

8. Counsel sent out a contact letter and made attempts to call all numbers listed in the client file in order to reach next of kin.

9. To date, Kennedy Hodges has not received a response to these communication attempts and therefore has been unable to establish contact with Mr. Chapman's next of kin to determine how to proceed.

10. As these efforts to locate next of kin have not been successful to date, counsel has been unable to confirm whether next of kin would want to continue the case on behalf of Mr. Chapman and determine whether the probate process has been completed.

Pursuant to 28 U.S.C. § 1746(2), I declare under penalty of perjury that the foregoing is true and correct.

November 15, 2018                    /s/Donald C. Green II
                                     Donald C. Green II