IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

| | |
|---|---|
| IN RE: BAIR HUGGER FORCED AIR WARMING PRODUCT LIABILITY LITIGATION | MDL No.: 15-md-02666 (JNE/DTS) |
| This Document Relates To: | |
| LOUIS CICCONE, | |
| Plaintiff, | Civil Action No.: 17-cv-03629 |

_____

### PLAINTIFF'S RESPONSE TO DEFENDANTS' FOURTH MOTION TO DISMISS FOR FAILURE TO COMPLY WITH <u>PRETRIAL ORDER NO. 23</u>

NOW COMES Plaintiff, Louis Ciccone, identified in Defendants' Fourth Motion to Dismiss for Failure to Comply with Pretrial Order No. 23 [Dkt. 1584], and by and through undersigned counsel submits this, his Response to Defendants' Motion to Dismiss, and would respectively show the Court the following:

### **FACTS**

In August 2015, Mr. Louis Ciccone contacted undersigned counsel regarding an infection and subsequent treatment that he experienced due to the use of a Bair Hugger patient warming device during an orthopedic surgery. Counsel worked to obtain medical records and billing records to move forward with the case. Those records indicated that a Bair Hugger device was used during the original surgery. On August 8, 2017, counsel filed the current

action to comply with what was identified as the applicable statute of limitations deadline for the relevant claim.

After filing Plaintiff's case, counsel worked with Plaintiff to complete the Plaintiff Fact Sheet (PFS). A completed PFS with a signed verification and authorization was submitted on November 6, 2017, with a revised PFS submitted on December 20, 2017. During the course of completing the PFS, Plaintiff gave every indication that he wanted to continue the case.

On June 14, 2018, an online search by counsel revealed that Mr. Ciccone had passed away on April 4, 2018. Efforts were immediately made to locate and contact the next of kin identified in the obituary. On July 2, 2018, counsel filed a timely Suggestion of Death, as required pursuant to Pretrial Order 23. Since that time, ongoing efforts to contact Mr. Ciccone's next of kin have not been successful. The deadline to file a motion to substitute the party was due on September 30, 2018. This Court granted an extension of time up to October 31, 2018 to file a motion to substitute parties. [Dkt. 15]. Since the extension was granted, contact letters have been sent to the next of kin. Counsel has not received a response from next of kin to date. Therefore, counsel seeks an extension to allow for additional time to contact next of kin.

## **ARGUMENT**

Since learning of Plaintiff's death, Counsel has taken the necessary steps to determine and contact Plaintiff's next of kin to proceed with his case. Counsel has not been successful establishing contact with Plaintiff's next of kin. However, Counsel is optimistic the next of

kin will eventually be contacted and able to substitute a party. For the Court to dismiss Plaintiff's claims with prejudice would be an unduly harsh result given the circumstances.

### A. Dismissal with Prejudice is a Drastic Measure in this Situation

A dismissal with prejudice "is a drastic sanction that should be exercised sparingly." *Pardee v. Stock*, 712 F.2d 1290, 1292 (8th Cir.1983). Plaintiff's noncompliance with Pretrial Order 23(A) was not willful or in bad faith, and a dismissal with prejudice would be extreme. A dismissal with prejudice "should be used only in cases of willful disobedience of a court order or where a litigant exhibits a pattern of intentional delay." *Hunt v. City of Minneapolis*, 203 F. 3d 524, 527 (8th Cir. 2000); *see also Hutchins v. A.G. Edwards & Sons, Inc.*., 116F.3d 1256, 1260; *Mann v. Lewis*, 108 F.3d 145, 147 (8th Cir. 1997) (quoting *Givens v. A.H. Robins Co.*, 751 F.2d 261, 263 (8th Cir. 1984)). In *Givens v. A.H. Robins Co.*, the court reversed a dismissal with prejudice where the litigants only transgression was failure to comply with a discovery deadline. *Givens*, 751 F.2d 264, 264 (8th Cir. 1984). The court reasoned that dismissal with prejudice was disproportionate to this act of noncompliance. *Id*.

Here, Plaintiff's only transgression is that a substitution of parties has not been filed. Plaintiff's next of kin are likely not aware that Plaintiff has a suit pending in federal court. Plaintiff's actions do not constitute a willful disobedience. Total extinction of Plaintiff's cause of action would be disproportionate for noncompliance with Pretrial Order No. 23.

### B. Policy Factors Disfavor Dismissal with Prejudice

"[A]n action should be dismissed with prejudice 'only after balancing the policy of giving the plaintiff [his or her] day in court against [the] policies of preventing undue delay, avoiding court congestion, and preserving respect for court procedures." *Omaha Indian Tribe*

*v. Tract I-Blackbird Bend Area*, 933 F.2d 1462, 1468 (8th Cir.) (*quoting Garrison v. International Paper Co.*, 714 F.2d 757, 760 (8th Cir. 1983)); *see also Moore v. St. Louis Music Supply Co., Inc.*, 539 F.2d 1191, 1193 (8th Cir. 1976); *Navarro v. Chief of Police, Des Moines, Iowa*, 523 F.2d 214, 217 (8th Cir. 1975).

Plaintiff has not caused an undue delay and there is absolutely no prejudice to Defendants. There is no delay or prejudice because unlike standard litigation, this case differs because it is filed in the MDL. Since this case is not a bellwether selection, there are no discovery deadlines which would have been delayed by not having a new party substituted at this time. The possible remand of this case will not occur for months, possibly longer, as several bellwether cases are still pending. Under these circumstances, it cannot be said that Plaintiff willfully refused to comply with this Court's order. A dismissal with prejudice would be a harsh consequence, and forever deny Plaintiff's day in court.

## **CONCLUSION**

Accordingly, undersigned counsel request that the current action not be dismissed with prejudice and that counsel be given an additional ninety (90) days to locate Plaintiff's next of kin to determine how to proceed with this matter and provide the necessary information to file a Motion for Substitution of Plaintiff.

Dated: November 15, 2018             KENNEDY HODGES, LLP

By: /s/ David W. Hodges
David W. Hodges
dhodges@kennedyhodges.com
Gabriel A. Assaad
gassaad@kennedyhodges.com
4409 Montrose Blvd. Ste 200
Houston, TX 77006
Telephone: (713) 523-0001
Facsimile: (713) 523-1116

ATTORNEYS FOR PLAINTIFF