IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

| | |
|---|---|
| IN RE: BAIR HUGGER FORCED AIR WARMING PRODUCT LIABILITY LITIGATION | MDL No.: 15-md-02666 (JNE/DTS) |
| This Document Relates To: | |
| LOUIS CICCONE, | Civil Action No.: 17-cv-03629 |
| Plaintiff, | |

_____

**DECLARATION OF SAMANTHA RODRIGUEZ IN SUPPORT OF
PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS**

I, Samantha Rodriguez, declare as follows:

1. I am an attorney at Kennedy Hodges, LLP and Counsel for Plaintiff Louis Ciccone in the above-captioned matter.

2. I submit this declaration in opposition to Defendants' Motion to Dismiss for Failure to Comply with Pretrial Order No. 23 [Dkt. 1584] filed on November 8, 2018.

3. Mr. Ciccone contacted Kennedy Hodges, LLP in August of 2015 regarding injuries that were allegedly caused by the Bair Hugger patient warming device.

4. Medical records and billing records pertaining to Mr. Chapman's treatment were obtained by Kennedy Hodges through its third-party medical records retrieval company. Those records indicated that a Bair Hugger device was used during his initial orthopedic surgery.

5. This case was filed on August 8, 2017 to comply with a possible statute of limitations deadline identified by counsel.

6. A PFS, with signed authorization and verification forms, was submitted to the Court on November 6, 2017, and a revised completed PFS was submitted on December 20, 2017. No further deficiency notices were issued relating to this PFS.

7. On June 14, 2018, an obituary was located online which indicated that Mr. Ciccone passed away on April 4, 2018.

8. After learning Plaintiff passed away, attempts were made to locate his next of kin identified in the obituary. Contact letters have been sent to an address thought to be that of Mr. Ciccone's daughter.

9. A Suggestion of Death was timely filed on July 2, 2018.

10. A motion to substitute parties was due on September 30, 2018. This Court granted an extension to file the motion to substitute parties until October 31, 2018.

11. Further attempts to contact Mr. Ciccone's next of kin have not been successful to date.

12. As we have been unable to get in contact with any of Mr. Ciccone's next of kin, we are unable to provide an update on the status of any probate proceedings or identify who would be named as a representative of the estate.

Pursuant to 28 U.S.C. § 1746(2), I declare under penalty of perjury that the foregoing is true and correct.

November 15, 2018                    /s/Samantha Rodriguez
                                     Samantha Rodriguez