```
 1                   UNITED STATES DISTRICT COURT

 2                     DISTRICT OF MINNESOTA

 3      ------------------------------------------------------
                                      )
 4                                    )
        In Re: Bair Hugger Forced Air )   File No. 15-MD-2666
 5      Warming Devices Products      )   (JNE/FLN)
        Liability Litigation          )
 6                                    )   November 15, 2018
                                      )   Minneapolis, Minnesota
 7                                    )   Courtroom 12W
                                      )   9:51 a.m.
 8                                    )
                                      )
 9      ------------------------------------------------------

10            BEFORE THE HONORABLE JOAN N. ERICKSEN
              UNITED STATES DISTRICT COURT JUDGE
11
              And THE HONORABLE DAVID T. SCHULTZ
12            UNITED STATES MAGISTRATE JUDGE

13                    (STATUS CONFERENCE)

14      APPEARANCES

15      FOR THE PLAINTIFFS:
                              MESHBESHER & SPENCE
16                            Genevieve M. Zimmerman
                              1616 Park Avenue
17                            Minneapolis, MN  55404

18                            CIRESI CONLIN
                              Jan Conlin
19                            225 South 6th Street
                              Suite 4600
20                            Minneapolis, MN

21                            KENNEDY HODGES, LLP
                              Gabriel Assaad
22                            4409 Montrose Blvd
                              Suite 200
23                            Houston, TX 77006

24                            KASTER LYNCH FARRAR & BALL, LLP
                              Kyle Farrar
25                            1010 Lamar, Suite 1600
                              Houston, TX  77002
```

```
 1    FOR THE PLAINTIFFS:           PRITZKER HAGEMAN, P.A.
                                    David J. Szerlag
 2                                  45 South 7th Street, #2950
                                    Minneapolis, MN  55402-1652
 3
                                    LEVIN PAPANTONIO
 4                                  Ben Gordon
                                    316 S. Baylen Street
 5                                  Suite 600
                                    Pensacola, FL 32502
 6

 7    FOR THE PLAINTIFFS APPEARING BY PHONE:

 8                                  GOLDENBERG LAW, PLLC
                                    Noah Lauricella
 9                                  800 LaSalle Avenue
                                    Suite 2150
10                                  Minneapolis, MN  55402

11                                  PRITZKER HAGEMAN, P.A.
                                    Wendy Thayer
12                                  45 South 7th Street, #2950
                                    Minneapolis, MN  55402-1652
13
                                    MESHBESHER & SPENCE
14                                  Holly Sternquist
                                    Melanie Frenz
15                                  1616 Park Avenue
                                    Minneapolis, MN  55404
16
                                    PETERSON & ASSOCIATES, P.C.
17                                  Brian Emerson Tadtman
                                    801 W. 47th Street, Suite 107
18                                  Kansas City, MO  64112

19                                  THE OLINDE FIRM, LLC
                                    Alfred Olinde
20                                  400 Poydras Street
                                    Suite 1980
21                                  New Orleans, LA  70130

22                                  MORGAN & MORGAN, PA
                                    Heather Cullen
23                                  Michael S. Goetz
                                    Joseph T. Waechter
24                                  201 N. Franklin St 7th Floor
                                    Tampa, FL  33602
25
```

```
 1      FOR THE PLAINTIFFS APPEARING BY PHONE:

 2                                RAIZNER SLANIA, LLP
                                  Jeffrey Raizner
 3                                Rica Rinosa
                                  Erin Stracerner
 4                                Kristen Gorombol
                                  2402 Dunlavy Street
 5                                Houston, TX  77006

 6                                LONCAR & ASSOCIATES
                                  William Hymes
 7                                John L. Coveney
                                  424 S. Cesar Chavez Blvd
 8                                Dallas, TX  75201

 9                                CAPRETZ & ASSOCIATES
                                  Don K. Ledgard
10                                5000 Birch St, Suite 2500
                                  Newport Beach, ca  92660
11
                                  MICHAEL HINGLE & ASSOCIATES
12                                Michael Hingle
                                  Heidi Pellagrin
13                                Colleen Euper
                                  220 Gause Blvd
14                                Slidell, LA  70005

15                                HOUSSIERE DURANT & HOUSSIERE
                                  Randall A. Kauffman
16                                Monica Vaughan
                                  Shirley Strom-Blanchard
17                                1990 Post Oak Blvd Suite 800
                                  Houston, TX  77056
18
                                  DAVIS & CRUMP, PC
19                                Martin D. Crump
                                  Robert Cain, Jr.
20                                2601 Fourteenth Street
                                  Gulfport, MS 39507
21
                                  SKIKOS CRAWFORD SKIKOS&
22                                   JOSEPH, LLP
                                  Darilyn Simon
23                                Julie Tucci
                                  Matt Skikos
24                                One Sansome Street, Suite 2830
                                  San Francisco, CA  94104
25      Telephone Appearances cont'd next page:
```

```
 1      FOR THE PLAINTIFFS APPEARING BY PHONE:

 2                              THE RUTH TEAM
                                Austin Grinder
 3                              842 Ramond Avenue
                                Suite 200
 4                              Saint Paul, MN  33733-5157

 5                              LAW OFFICE OF TRAVIS R. WALKER
                                Travis R. Walker
 6                              1235 SE Indian Street
                                Suite 101
 7                              Stuart, FL  34997

 8                              ANDREWS & THORNTON
                                Anne Andrews
 9                              John Thornton
                                Lauren Davis
10                              2 Corporate Park, Suite 110
                                Irvine, CA 92606
11
                                LORD & ASSOCIATES
12                              Priscilla Lord
                                309 Clifton Avenue
13                              Minneapolis, MN 55403

14                              MURRAY LAW FIRM
                                Caroline White
15                              650 Poydras Street
                                Suite 2150
16                              New Orleans, LA  70130

17                              BROWN & CROUPPEN, PC
                                Liz Liberatore
18                              Seth S. Webb
                                Meghan Ellis
19                              211 North Broadway, Suite 1600
                                St. Louis, MO  63102
20
                                BEASLEY ALLEN
21                              Renee Lindsey
                                218 Commerce Street
22                              Montgomery, AL  36104

23                              HOLLIS LEGAL SOLUTIONS, PLLC
                                Natasha Ingram Hollis
24                              Scott Hollis
                                6814 Crumpler Boulevard,
25                              Suite 101
                                Olive Branch, MS  38654
```

```
 1      FOR THE PLAINTIFFS APPEARING BY PHONE:

 2                              PARKER WAICHMAN, LLP
                                Michael S. Werner
 3                              59 Maiden Lane
                                6th Floor
 4                              New York, NY  10038

 5                              FITZGERALD LAW GROUP, LLC
                                Kevin Fitzgerald
 6                              120 Exchange Street
                                Suite 200
 7                              Portland, ME  04101

 8                              LANGDON & EMISON
                                Lauren Niendick
 9                              911 Main Street
                                Lexington, MO  64067
10
                                LEWIS & CAPLAN
11                              Amy Webster
                                Rebecca Robinson
12                              3631 Canal Street
                                New Orleans, LA  70119
13

14                              THE WEBSTER LAW FIRM
                                Chelsie Garza
15                              6200 Savoy Suite 150
                                Houston, TX  77036
16
                                MARTIN HARDING & MAZZOTI, LLP
17                              Rosemarie Bogdan
                                1222 Troy-Schenectady Road
18                              P.O. Box 15141
                                Albany, NY  12212-5141
19
                                BACHUS & SCHANKER, LLC
20                              Alexandra Franklin
                                J. Christopher Elliott
21                              1899 Wynkoop Street, Suite 700
                                Denver, CO  80202
22
                                DEGARIS LAW GROUP, LLC
23                              Wayne Rogers, Jr.
                                3179 Green Valley Road 235
24                              Birmingham, AL  35243

25                      Telephone Appearances cont'd next page:
```

```
 1      FOR THE PLAINTIFFS APPEARING BY PHONE:

 2                                  MORRIS LAW FIRM
                                    Jim Morris
 3                                  Shane Greenberg
                                    Rochelle Burris
 4                                  411 W. Alameda Avenue
                                    Suite 611
 5                                  Burbank, CA  91505

 6                                  THE AHEARNE LAW FIRM, PLLC
                                    Allan J. Ahearne
 7                                  Jessica Pauley
                                    Abigail Spurney
 8                                  24 Main Street
                                    Warwick, NY  10990
 9

10                                  NEAL R. ELLIOTT, JR.
                                    P.O. Box 80136
11                                  Baton Rouge, LA  70898

12                                  HARE WYNN NEWELL & NEWTON
                                    Don McKenna
13                                  Peggy Little
                                    Lynne Reed
14                                  Massey Building
                                    2025 Third Avenue North
15                                  Suite 800
                                    Birmingham, AL  35203
16
                                    MCEWEN LAW FIRM, LTD
17                                  Emily Robinson
                                    Gregory N. McEwen
18                                  5850 Blackshire Path
                                    Inver Grove Heights, MN  55076
19
                                    THE MILLER FIRM, LLC
20                                  Tayjes M. Shah
                                    The Sherman Building
21                                  108 Railroad Avenue
                                    Orange, VA  22960
22
                                    BERNSTEIN LIEBHARD LLP
23                                  Morris Dweck
                                    10 East 40th Street
24                                  New York, NY  10016

25
```

                    Telephone Appearances cont'd next page:

```
 1      FOR THE PLAINTIFFS APPEARING BY PHONE:

 2                              KIRTLAND AND PACKARD LLP
                                Behram V. Parekh
 3                              2041 Rosecreans Avenue
                                Third Floor, Suite 300
 4                              El Segundo, CA  90245

 5                              GROSSMAN & MOORE, PLLC
                                Emily A. DeVuono
 6                              Jennifer Moore
                                Ashton R. Smith
 7                              Elizabeth Coulter
                                Kara Lane
 8                              401 W. Main Street
                                Suite 1810
 9                              Louisville, KY  40202

10                              JOHNSTON LAW GROUP PLLC
                                Joaquin Figueroa
11                              1472 White Oak Drive
                                Chaska, MN  55318
12
                                CARR & CARR ATTORNEYS
13                              Patrick E. Carr
                                4416 S. Harvard Avenue
14                              Tulsa, OK  74135

15                              CHAPPELL SMITH & ARDEN PA
                                Graham Newman
16                              2801 Devine Street
                                Suite 300
17                              Columbia, SC  29205

18
                                LAW OFFICES OF PETER ANGELOS,
19                              P.C.
                                Craig Silverman
20                              100 North Charles Street
                                Baltimore, MD  21201
21
                                CHARLES H. JOHNSON LAW
22                              Charles H. Johnson
                                2599 Mississippi Street
23                              New Brighton, MN  55112

24
                 Telephone Appearances cont'd next page:
25
```

```
 1      FOR THE PLAINTIFFS APPEARING BY PHONE:

 2                                  GOZA & HONNOLD, LLC
                                    Lisa Joyce
 3                                  11181 Overbrook Road, Suite 200
                                    Leawood, KS  66211
 4
                                    THE RUTH TEAM
 5                                  Austin Grinder
                                    842 Raymond Ave, Suite 200
 6                                  Saint Paul, MN  55114

 7                                  SWARTZ & SWARTZ, P.C.
                                    Nathan Connors
 8                                  10 Marshall Street
                                    Boston, MA 02108
 9
                                    SCHLICHTER BOGARD & DENTON LLP
10                                  Kristine K. Kraft
                                    Hilary Grupe
11                                  100 South 4th Street
                                    Saint Louis, MO  63102
12
                                    RICHARDSON PATRICK WESTBROOK
13                                  & BRICKMAN, LLC
                                    Dan Haltiwanger
14                                  P.O. Box 1368
                                    Barnwell, SC  29812
15
                                    RIEDERS TRAVIS HUMPHREY WATERS
16                                  & DOHRMANN
                                    Deborah Bueno
17                                  161 West Third Street
                                    Williamsport, PA  17701
18
        FOR THE DEFENDANTS:         BLACKWELL BURKE P.A.
19                                  Jerry Blackwell
                                    Ben Hulse
20                                  Mary Young
                                    431 South Seventh Street
21                                  Suite 2500
                                    Minneapolis, MN  55415
22

23      COURT REPORTER:             Maria V. Weinbeck, RMR, FCRR
                                    U.S. Courthouse
24                                  300 South Fourth Street, #1005
                                    Minneapolis, MN  55415
25              Proceedings recorded by mechanical stenography;
        transcript produced by computer.
```

```
 1                      P R O C E E D I N G S
 2                        (9:51 a.m.)
 3              THE COURT:  Please be seated.  Hello, everyone.
 4              COUNSEL (collective response):  Good morning.
 5              THE COURT:  Good morning.  Let me just check our
 6      phone here.
 7              UNIDENTIFIED SPEAKER ON PHONE:  Is there anything
 8      happening on this line?
 9              THE COURT:  I'm just asking someone on the phone
10      to say something, and I just heard you.  We're in session.
11      Were you all able to hear that?
12              UNIDENTIFIED SPEAKER ON PHONE:  Please repeat, is
13      there anything happening on this phone?
14              THE COURT:  This is Judge Ericksen.  I'm wondering
15      if anyone on the phone heard the call that we're in session?
16      Anybody hear us?  Okay.  Once again someone on the phone
17      would you say something please?  Would you please say 7, 8,
18      9?  All right.  I don't think they hear us, but that's very
19      strange because we heard them.
20              MS. ZIMMERMAN:  I just sent an e-mail to one of
21      the lawyers in my firm to see if they can hear and hopefully
22      they'll respond back.
23              THE COURT:  Lawyers on the phone, are you there?
24              MR. GORDON:  Your Honor, if I may, I just received
25      a text from someone --
```

```
 1              THE COURT:  Yes, hello, Mr. Gordon, how are you?

 2              MR. GORDON:  -- Ben Gordon, and they cannot hear

 3      you.

 4              THE COURT:  All right.  I'll ask somebody from the

 5      IT department to come up here.

 6              Well, if there was ever anything that you wanted

 7      to say without the other people hearing, this is your

 8      chance.

 9              MR. SZERLAG:  Your Honor, if I might, I can have

10      my assistant who handles the transactions at our end perhaps

11      ask everyone to hang up and dial in again.

12              THE COURT:  You're talking to the wrong person

13      about whether that would help.

14              MR. SZERLAG:  It's kind of a reboot.

15              THE CLERK:  They're coming up.

16              THE COURT:  Okay, they're coming up.  How about

17      since we're here, we look at the agenda, and see if there

18      are some things that we can harmlessly cover and then

19      summarize once the phone comes back online.

20              MR. BLACKWELL:  Judge Ericksen?

21              THE COURT:  Hello, Mr. Blackwell.

22              MR. BLACKWELL:  I'm sorry, turned out to be kind

23      of booming.

24              THE COURT:  That's because we turned up the all

25      the volumes in an effort to have them hear us.
```

1      MR. BLACKWELL:  Good morning.  One of the things

2    that we might be able to check off is the proposed amended

3    schedule for the second round of bellwethers.  I don't think

4    we have any disagreement around the schedule itself and that

5    is kind of Item Number 1.

6      THE COURT:  Okay.  I signed that order, but it's

7    just being held in Cathy's inbox until we had that

8    discussion here today.  I just wanted to -- all right.  So

9    it will be filed.  I signed it, and it will be filed

10   imminently.

11     MR. BLACKWELL:  Thank you, Your Honor.

12     THE COURT:  Well, how about an update -- well,

13   let's see hear.  Do you want to do an update on the State

14   Court and Canadian actions?  Since you stood up and

15   announced your presence.

16     MR. SZERLAG:  Good morning, Your Honor.  David

17   Szerlag.

18     THE COURT:  Good morning, Mr. Szerlag.

19     MR. SZERLAG:  I don't think I need the microphone

20   most times anyway.  But in any event, there are 4,982 cases,

21   active cases presently in the MDL.  As far as the state

22   cases are concerned, I haven't had any update on that.  I

23   have attempted to reach out to state counsel and,

24   unfortunately, I've had very little success with that.  So

25   perhaps defendants might have some more from their end in

1     regard to those particular cases.

2            THE COURT:  So that would be Acosta.

3            MR. SZERLAG:  Correct.

4            THE COURT:  And that's in Montana.  So the

5     Rossbach law firm is not speaking to you?

6            MR. SZERLAG:  You know, we leave messages.

7            THE COURT:  Okay.  Petitta, same thing, that's in

8     Hidalgo County, Texas.  Hospital defendants settled.

9            Bythwood is in Alabama.  Okay.  Mr. Blackwell,

10    does anybody on your team know anything on Acosta?

11           MR. BLACKWELL:  Mr. Hulse and Ms. Young might, and

12    so it looks like we do not, Your Honor.

13           THE COURT:  Okay.

14           MR. SZERLAG:  What I will do today, Your Honor, is

15    I'll attempt to reach out again.

16           THE COURT:  That's all right.  You've done what

17    you can.  What about Canada?

18           MR. SZERLAG:  I have quite honestly, Your Honor, I

19    have not made any attempt to get any information on that.

20    The last we heard, it was, you know, it's been stalled for,

21    you know, well over a year, almost two years, I believe.

22           THE COURT:  Okay.  All right.  Thank you very

23    much.  Now, we'll hold off.  Hello, thank you.

24           (Short recess for technical phone issues.)

25           MS. THAYER:  Hi, everyone.  There is an issue on

1    the Court's end, and they're trying to work on it.  So stay

2    on the phone.

3                    THE COURT:  Well, that was someone on the phone.

4    Would someone on the phone please say something?

5                    (No response.)

6                    THE COURT:  Who is counsel on the Smith case?

7                    MR. HULSE:  Mr. Webb from Brown & Croupon, who is

8    not present in the courtroom.

9                    THE COURT:  I'm talking now to counsel in Smith,

10   which is 17CV2889.  Would you let me know if you are able to

11   hear?

12                   MS. THAYER:  Good morning, Judge Ericksen.

13                   THE COURT:  Good morning.  Could you identify

14   yourself, please?

15                   MS. ZIMMERMAN:  I believe that is Ms. Thayer from

16   your office.  I sent her an email asking that she say, "Good

17   morning, Judge Ericksen," so we could figure out if this is

18   a one way.  But they can't hear you.

19                   MR. SZERLAG:  She just texted me.  She still

20   couldn't hear the Court.

21                   THE COURT:  Okay.  I'm just going to talk while

22   you keep doing that.  As I understand it, there is no longer

23   a motion seeking dismissal in Brown, which is 17-4778;

24   Guenther, 18-207; Amador, 18-318; Smith, 18-348; Brann,

25   18-481; and Manheim, 18-1456. Defendants, is that correct,

1    you are no longer seeking dismissal?

2              MR. HULSE:  That's correct, Your Honor.

3              THE COURT:  Thank you.  There is a stipulation to

4    dismiss with prejudice Salinas, 17-3549; Matteo, 18-1455;

5    and Clark, 17-5047, correct?

6              MR. HULSE:  That's correct, Your Honor.

7              THE COURT:  Someone on the plaintiffs' side; is

8    that correct?

9              MS. ZIMMERMAN:  That is consistent with our

10   records as well, Your Honor.

11             THE COURT:  Okay.  And so that leaves Wega,

12   Swatchick, Davis, Owens and Winn, and we'll wait to see.

13   Counsel in the courtroom on any of those five cases?

14             MS. ZIMMERMAN:  Yes, Your Honor.  I'm counsel for

15   Lou Todd Swatchick, and that is 18CV1435.

16             THE COURT:  Okay.

17             MS. ZIMMERMAN:  Despite our best repeated efforts,

18   she has not returned the plaintiffs' fact sheet, so we do

19   not oppose their motion.

20             THE COURT:  Okay.  So that motion is granted in

21   Swatchick v. 3M, 18CV1435 is dismissed with prejudice.

22             MR. SZERLAG:  Your Honor, I just have going

23   through my notes here and perhaps Mr. Hulse can enlighten us

24   here on Winn, I have that there was a response filed on

25   11-8.

```
 1                MR. HULSE:  That's correct.

 2                MR. SZERLAG:  Okay.  Are we still moving on that

 3      or?

 4                MR. HULSE:  Well, they didn't oppose the motion on

 5      the merits so, but without counsel on the phone, I don't

 6      know that we can proceed.

 7                MR. SZERLAG:  Okay.

 8                THE CLERK:  He thinks it's an AT&T problem.  He's

 9      going to look into it.

10                THE COURT:  Someone should send AT&T a bill.  This

11      is the difference between sending a bill and getting a bill

12      paid, right?

13                MR. BLACKWELL:  We know that difference too, Your

14      Honor.

15                THE COURT:  So Axline, we have counsel for Axline

16      here, right?

17                MS. ZIMMERMAN:  Yes, Your Honor.  We've noticed

18      appearance in Axline.

19                THE COURT:  And what's the issue there?  I guess

20      nothing right now.  There's going to be a motion?

21                MS. ZIMMERMAN:  Yes, Your Honor.  So the remaining

22      claims after the motion to amend, motion for leave to amend

23      the Complaint was denied, had to do with the Minnesota

24      Consumer Protection claims and that sort of thing.  Because

25      summary judgment on those issues will be appealed in the
```

1    Gareis matter, we had requested that we dismiss those claims

2    in Axline without prejudice pending essentially what the

3    Eighth Circuit does with the appeal on Gareis.

4          Defense counsel has indicated that they will

5    oppose a motion to dismiss without prejudice those remaining

6    claims.  So we're going to bring a formal motion to dismiss

7    those claims without prejudice.

8          THE COURT:  Okay.  Well, we really need the

9    lawyers, don't we, on the remaining matters, which are the

10   PFS related dismissals.

11         Okay, I'm just trying to think of how we can

12   productively use your time since you're all here, and you

13   all have important work to do.  We'll take a break while we

14   try to work out the telephone situation.  We'll try to --

15   what do you think, are we better off setting a time or --

16         MR. BLACKWELL:  Your Honor, maybe if we just check

17   back in ten minutes to see where we are.

18         THE COURT:  Okay.  I was just thinking that you

19   could have a conversation with Judge Schultz about the

20   bucketizing process, and you go ahead and use my chambers

21   for that.

22         MR. BLACKWELL:  Very good.

23         THE COURT:  So you don't have to do it in the

24   courtroom.

25         MR. BLACKWELL:  Very good, Your Honor.

1          THE COURT:  All right.  And we will aim for being

2    back in the courtroom -- well, I guess the people on the

3    phone can't hear me anyway, but if you could hear me, I will

4    say we'll try back at 10:30.

5          MR. SZERLAG:  We'll contact everyone again at

6    10:30.

7          THE COURT:  All right.  We're in recess and we'll

8    reconvene or you will back stage.

9                (Short recess at 10:12 a.m.)

10

11                      IN OPEN COURT

12                      (10:40 a.m.)

13          THE COURT:  Welcome back.  Please be seated.  Let

14    me try again with the callers, would someone on the phone

15    please let me know whether you can hear me?

16          UNIDENTIFIED COUNSEL:  Yes, Your Honor.

17          THE COURT:  All right.  Apologies for the

18    technical problem last time.  Apparently, the system needed

19    to be shut down and the hood needed to be slammed and the

20    tires needed to be kicked and that's all been done.

21          What you missed was we did an update on the State

22    Court matters.  We discussed the Canadian action.  We talked

23    about -- I guess that's really about it.

24          One case was dismissed and that's Swatchick v. 3M,

25    18CV1435.  Counsel on that matter was in court.

1      So one of the matters that we have on the agenda

2   for today involves the Smith case.  Smith v. 3M, and that is

3   17CV2889.  Is counsel for that -- plaintiffs' counsel for

4   that case on the line?

5      MR. WEBB:  Yes, Your Honor.  Seth Webb for

6   plaintiffs.

7      THE COURT:  And the court reporter is asking you

8   to repeat your name.

9      MR. WEBB:  Seth, S-E-T-H, Webb, WEBB.

10      THE COURT:  Thank you, Mr. Webb.  Mr. Hulse?

11      MR. HULSE:  Your Honor, we move to dismiss this

12   case under PTO 23 because the suggestion of death was filed

13   22 days late, beyond the 90 days provided for the filing of

14   the suggestion of death under that pretrial order.  This is

15   a case like the Bellande case involves -- has a living

16   spouse.  There's been no showing of impossibility or

17   excusable neglect in missing the Court's deadline.  So as

18   following the Court's prior decisions and guidance, we're

19   asking for this case to be dismissed with prejudice.

20      THE COURT:  In Bellande, how many days late was

21   the Bellande?  I can't remember.

22      MR. HULSE:  It was two months.  It was suggestion

23   of death, so that's later than this.

24      THE COURT:  There's another basis in this case,

25   the Smith case, on which you move to dismiss and that has to

1  do with the New Jersey code.

2       MR. HULSE:  Right.

3       THE COURT:  I did not see that there have been any

4  response from plaintiffs to that substantive objection.  If

5  the PTO 23 problem could be overcome or forgiven in this

6  case, then we run into that.  So I didn't see a response,

7  and you, Mr. Hulse, didn't see a response.

8       Mr. Webb, was there a response from the plaintiff

9  on the issue about the New Jersey, the application of the

10  New Jersey survivorship statute?

11       MR. WEBB:  Quite honestly, Your Honor, I was not

12  aware that argument had been made.  Ms. Smith has been

13  appointed administrator of the estate.  I don't know exactly

14  what that objection could be.

15       THE COURT:  What they put in their papers was that

16  that statute addresses wrongful death actions but not

17  survivorship actions and that it doesn't establish that the

18  appointment as administrator entitles Mrs. Smith to continue

19  the claims of Mr. Smith.  So that's the argument that I'm

20  wondering if there was ever a response to.

21       MR. WEBB:  I did not respond to it, and

22  admittedly, I'm probably not completely prepared to do so

23  today.  What I can tell you is what I believe to be the

24  case, which is that in New Jersey if you die intestate,

25  without a will, that the appropriate mechanism to administer

1    the estate is to be appointed administrator instead of a

2    personal representative.  A personal representative would

3    administer if the person had a will.  But that's, once

4    again, I'm not prepared to argue that today.

5              THE COURT:  But this was in the defendant's motion

6    papers.

7              MR. WEBB:  I'm sorry.  My understanding was the

8    objection was over PTO 23.

9              THE COURT:  But, well, not to put you overly on

10   the spot, but you must have had access to the defendant's

11   motion to dismiss.

12             MR. WEBB:  I do.

13             MR. HULSE:  Your Honor, for clarity sake, I think

14   we raised that argument in our opposition to the

15   substitution motion.  I may have raised it in the motion to

16   dismiss too, but I certainly know that we raised it in the

17   opposition to the motion to substitute.

18             MR. WEBB:  I'm looking at the dismissal right now,

19   and I don't see it.  That's my understanding of what we're

20   here for.

21             MR. HULSE:  So because what happened is in the --

22   so we moved to dismiss based on the late suggestion of

23   death.  Plaintiffs filed a motion to substitute.  We oppose

24   that based on, A, late suggestion of death; B, the fact that

25   the statute that they cited, and they're obligated to

```
 1    demonstrate, affirmatively demonstrate authorization under
 2    state law is clearly the wrongful death statute.  It's not a
 3    survivorship statute.
 4              THE COURT:  And there was never a response to
 5    that?
 6              MR. HULSE:  No response, Your Honor.
 7              THE COURT:  Mr. Webb, I'm going to forgive the
 8    late filing of the suggestion of death, and I'm going to
 9    overlook the fact that you didn't file any response to this
10    argument, and I'm going to give you one week to respond to
11    the defendant's argument that there's not proper
12    documentation of the New Jersey authorization for Mrs.
13    Smith to continue the claims of Mr. Smith.  So one week from
14    today we'll look for a response from that and then we'll
15    proceed --
16              MR. WEBB:  Thank you, Your Honor.
17              THE COURT:  -- according to what we got.
18              All right.  Thank you, Mr. Webb.  Thank you,
19    Mr. Hulse.
20              MR. HULSE:  Thank you, Your Honor.
21              THE COURT:  All right.  Wega v. 3M, 18CV00264.
22    Counsel on that case, are you on the line?
23              MR. WALKER:  Good morning, Your Honor.  Travis
24    Walker with the law firm of Travis Walker on behalf of the
25    plaintiff Mr. Wega.
```

1              THE COURT:  And that was Travis Walker, right?

2              MR. WALKER:  Yes, ma'am.  T-r-a-v-i-s W-a-l-k-e-r.

3              THE COURT:  Mr. Hulse?

4              MR. HULSE:  Yes, Your Honor.  So this is a case

5    where Mr. Walker, counsel for Wega, indicates that he has

6    not been able to have contact with his client in several

7    months.  We did receive the other day, nonetheless, a PFS

8    that is significantly incomplete, lacks a proper

9    authorization, does have a verification but one signed more

10   than three months ago by the plaintiff, so it's not a

11   contemporaneous one.  So we think it's clearly noncompliant

12   with the requirements of PTO 14, and the case should be

13   dismissed.

14             THE COURT:  Mr. Walker, any response?

15             MR. WALKER:  Yes, Your Honor.  As the docket will

16   show, Your Honor, we've had some difficulties getting in

17   contact with the client.  The motion to dismiss was filed by

18   Mr. Hulse on November 1st.  In an abundance of caution, our

19   office did file a motion for extension of time in response

20   to the motion to dismiss on November 9th, requesting 60 days

21   additional to get the PFS filed.  Subsequently, after

22   diligent efforts by my office, we were able to --

23             THE COURT:  Hold on, could you speak both louder

24   and slower?  We've got that there was a request for the 60

25   days additional to get the PFS filed.  That's the last thing

1        we were able to hear.

2                MR. WALKER:  I apologize, Your Honor.  I'll speak

3        more eloquently and a little slower.

4                THE COURT:  Not eloquently because that might

5        involve bigger words.

6                MR. WALKER:  Thank you, Your Honor.  So the motion

7        to dismiss was filed on November 1st.  We filed that

8        response motion for extension of time requesting 60

9        additional days to get the initial PFS filed.  Our office

10       after diligent efforts was able to obtain the PFS.  We did

11       file the PFS --

12               THE COURT:  You were or were not?

13               MR. WALKER:  We were.

14               THE COURT:  Okay.

15               MR. WALKER:  And so while I did reach out to

16       opposing counsel, I believe it was yesterday, requesting

17       removal of this matter from the docket because of the filing

18       of the PFS, we did receive a response in accordance with his

19       argument made today that he has concerns about the PFS.

20       But, Your Honor, respectfully that's the intent of PTO 14

21       once the plaintiff has filed the PFS, it is defense

22       counsel's responsibility to file the response and notice of

23       deficiency, and we're more than happy to be compliant with

24       that, Your Honor.

25               So, obviously, respectfully, we filed the PFS with

1    the authorization and respectfully request denial of the

2    motion to dismiss.

3              THE COURT:  Are you of the opinion that the PFS

4    that was filed, was it yesterday?

5              MR. WALKER:  My record says November 14th, Your

6    Honor.  So, yes, yesterday.

7              THE COURT:  Okay, so today is the 15th, so

8    yesterday.  And is it your position that that is complete

9    and accurate and satisfies all the requirements?

10             MR. WALKER:  We believe it's in compliance with

11   PTO 14.  We believe that there may be issues, of course,

12   that defense counsel may raise but we're more than happy to

13   go to the PTO 14 process to resolve those issues, Your

14   Honor.

15             THE COURT:  Let me just see if I can see a copy of

16   that PFS.  Mr. Hulse is looking --

17             MR. HULSE:  I don't believe I have that one with

18   me, Your Honor, but I can speak to the puzzle of this, which

19   is that we have a court filing from Mr. Walker that says he

20   hasn't had any contact with his client in months.  The PFS

21   that was submitted was, as we explained to him, radically

22   incomplete.  It had an authorization from a different

23   litigation that expired years ago, and it had a verification

24   that was signed by the plaintiffs months ago.

25             So what it appears to us is maybe they had the

1      client before they lost contact with him pre-sign a

2      verification and then they submitted the information that

3      they have.  That's at least how it appears to us.

4              But no matter what, it certainly doesn't -- it's

5      not complete.  I think we can all agree on that and that the

6      authorization provided was not for this litigation.

7              THE COURT:  I will take a look at the PFS that was

8      submitted and make a determination based on that.  The PFS

9      was due back at the end of April, right?

10             MR. HULSE:  Correct.

11             THE COURT:  The case was filed end of January?

12             MR. HULSE:  Correct, Your Honor.

13             THE COURT:  All right.  So from April until now

14     there's been more than enough time to get it squared away.

15     If it's all squared away and everything is fine now, that's

16     all well and good, but we're not going to continue the

17     process of trying to get this.  And if it is what you say,

18     Mr. Hulse, then that doesn't sound like it would be

19     adequate, but go ahead and submit a copy and we'll take a

20     look at it and make a ruling based on that.

21             MR. HULSE:  Will do so, Your Honor.

22             THE COURT:  And thank you, Mr. Walker.

23             The next case is Davis, 18CV1542.  Counsel for

24     Davis, are you here?

25             MS. KRAFT:  Kristine Kraft Schlichter, Bogard &

1    Denton, and I represent the plaintiff Harry Davis.

2              THE COURT:  And my records show that there was no

3    response filed on this.  Is that accurate?

4              MS. KRAFT:  That is correct, Your Honor, and the

5    reason we did not file a response is because we did submit a

6    PFS through the portal on November 5th, and I guess we

7    wrongfully assumed that it would be taken off the motion to

8    dismiss docket, but I will note that there are deficiencies

9    with the PFS that was submitted.  I can explain that to the

10   Court if you would like to hear it at this point.

11             THE COURT:  Mr. Hulse, did you receive the PFS?

12             MR. HULSE:  Yes, we did, Your Honor.  And the

13   reason we kept it on the motion is it did not include an

14   authorization or verification from the plaintiff.

15             MS. KRAFT:  Yes, that is correct, and our

16   understanding of the PTO was that by submitting the PFS,

17   then the time for deficiencies would, you know, begin to run

18   from that point.  And by way of background, this is an issue

19   with client communication.  We had regular communication

20   with this particular client through September, I think it's

21   September 2nd, yes.  The case was filed June 4th, and we had

22   regular communication with this -- no, I'm sorry -- the last

23   communication was September 17th.  That was the last

24   communication.

25             We were able to obtain all information to complete

1    the PFS except obtain the signature page from him to the PFS

2    and the authorization, and then there's two questions

3    related to marriage and dates of birth and children that we

4    were unable to finalize.

5         He last noted that he has health complications,

6    and we have tried diligently to continue reaching out to

7    him, family members, et cetera, in order to, you know,

8    obtain the final review based on the information provided to

9    us by the client and to obtain the authorizations and that

10   there's a history, and that's why we would request

11   additional time on behalf of the client to continue to make

12   contact or try to make contact with him or a family member

13   in order to get this finalized.  It's very, very close.

14        THE COURT:  So everything is all filled out and

15   good to go except for the verification page?

16        MS. KRAFT:  Yes.  Well, except those two

17   questions, because at the time we last communicated with

18   him, we just didn't know the dates of birth and the date of

19   a prior marriage and then that's when we just couldn't get

20   ahold of him after that and tried and tried.

21        THE COURT:  How long do you think it's going to

22   take you to get ahold of him and get it all completed?

23        MS. KRAFT:  Well, I will say I would appreciate

24   another 45 days.

25        THE COURT:  Too long, too long.

```
 1            MS. KRAFT:  Okay, Twenty days then.  We would like
 2       to continue to document the file.  We have not let up our
 3       efforts to continue --
 4            THE COURT:  All right, okay, 20 days.
 5            MS. KRAFT:  Thank you, Your Honor.  I appreciate
 6       it.
 7            THE COURT:  Owens v. 3M 18CV275.  Counsel for
 8       Owens, are you on the line?
 9            MR. DWECK:  Yes, Your Honor, this is Morris Dweck
10       appearing for plaintiff.
11            THE COURT:  Mr. Dweck?  All right, Mr. Hulse.
12            MR. HULSE:  Your Honor, actually Mr. Dweck sent us
13       an email yesterday indicating, he states, "We have every
14       intention in dismissing and letting our client know we
15       recommend dismissing."  This came out of the fact that we
16       pointed out to Mr. Dweck that the medical records that were
17       provided as substantiation of product ID indicate that the
18       Bair Hugger wasn't used during surgery.
19            THE COURT:  Oh, I see.  Okay.  Well, let me just
20       hear from Mr. Dweck because that might bring an end to this.
21            Mr. Dweck, is that correct?
22            MR. DWECK:  Yes, Your Honor.  We did submit the
23       PFS, but it does appear that it was not the Bair Hugger, so
24       we just want to confer with our client and get their
25       permission to dismiss and then we told counsel we'd be happy
```

 1    to dismiss it.

 2            THE COURT:  Okay.  Would you rather do that?  Or

 3    I'll dismiss it right now.

 4            MR. HULSE:  And that would be our --

 5            THE COURT:  And then you can communicate to your

 6    client that the judge did it, that the mean judge did it.

 7            MR. DWECK:  I mean we definitely prefer to, you

 8    know, have the client be aware of the issue first and get

 9    them on board.

10            THE COURT:  The case will be dismissed with

11    prejudice on November 20th.  So that gives you time, right?

12            MR. DWECK:  Yes, Your Honor.  We reached out by a

13    few different means already but hopefully by then we will be

14    able to get in contact with our client.

15            THE COURT:  Okay.  Thanks much.  And, finally, we

16    have Winn v. 3M, 18CV891.  Counsel for Winn, are you on the

17    line?

18            MS. WHITE:  Yes, Your Honor.  This is Caroline

19    White with the Murray law firm for plaintiff Robert Winn.

20            THE COURT:  Okay, Ms. White.  Mr. Hulse?

21            MR. HULSE:  This looks like many of the cases

22    we've seen before, the plaintiff's counsel have attempted to

23    contact their client but have been unable to, and so they're

24    not challenging our motion on the merits.

25            THE COURT:  Ms. White, is that correct?

1          MS. WHITE:  Yes, Your Honor.  We've had problems

2     getting in touch with Mr. Winn, and we just respectfully ask

3     that we either get extra time to try and contact him or

4     alternatively if you do decide to dismiss his case to

5     dismiss it without prejudice.

6          THE COURT:  What's the date that the case was

7     filed?

8          MR. HULSE:  I don't know, Your Honor.

9          MS. WHITE:  March 29th.

10          THE COURT:  March 29th?

11          MS. WHITE:  2018.

12          THE COURT:  Defendant's motion to dismiss with

13     prejudice is granted.  Thank you, Ms. White and Mr. Hulse.

14          MR. HULSE:  Thank you, Your Honor.

15          THE COURT:  All right.  And as we said before,

16     Brown, Guenther, Amador, Smith.  Smith is 18CV348; Brann and

17     Manheim, the defendant has withdrawn its motion.  And I have

18     that there has been a stipulation to dismissal with

19     prejudice in Salinas, 17-3549; Matteo, 18-1455; and Clark,

20     17-5047.  Anybody on the line have anything they want to say

21     or anything to the contrary?

22          All right.  Is there anything else for us to

23     discuss at this status conference?  I've looked through the

24     agenda.  Ms. Zimmerman?

25          MS. ZIMMERMAN:  Thank you, Your Honor.  Turning to

1    the page 4 status of discovery, the bellwether second round,

2    I did want to re-raise an issue with respect to the

3    remaining cases that are being worked up.  I think we

4    flagged this issue for the Court at the last status

5    conference as well.

6         So there are four cases remaining.  Goodpaster and

7    Trombley are two of them.  They are both Ohio cases, so we

8    have some of the same issues that we would have had in

9    Axline.  We have approached defense counsel to request that

10   they would stipulate to an Amended Complaint.  They have

11   declined to do so.  There are now motions seeking the

12   Courts's leave to amend to do the same stuff we did in

13   Axline.

14        I believe I know that the Goodpaster motion was

15   filed on Monday.  I think the Trombley case was filed this

16   week as well.  Is that true, Mr. Gordon?

17        MR. GORDON:  My understanding is it's been filed

18   or will be filed imminently, maybe today.

19        MS. ZIMMERMAN:  So that's the status of those.

20   And given that and in light of the Court's rulings on

21   Axline, the plaintiffs have suggested that it might be a

22   more efficient use of everybody's time on those cases if

23   we're waiting to hear a decision on the motion for leave to

24   amend, that taking on the cost for everybody involved of

25   traveling to Ohio and deposing these plaintiffs is maybe not

1    an efficient use of everybody's time.  Defendants have up to

2    this point insisted that we go forward with these

3    depositions.  We've gotten dates.  We will do that, but I

4    did want to flag that issue for the Court's awareness.

5              THE COURT:  Okay, flagged.

6              MS. ZIMMERMAN:  So flagged.

7              THE COURT:  Anything else?

8              MS. ZIMMERMAN:  I don't believe so, Your Honor.

9              MR. BLACKWELL:  Nothing further from us, Your

10   Honor.

11             THE COURT:  All right.  We are in recess.

12                  (Court adjourned at 11:04 a.m.)

13

14                *      *      *      *      *

15

16

17        I, Maria V. Weinbeck, certify that the foregoing is

18   a correct transcript from the record of proceedings in the

19   above-entitled matter.

20

21             Certified by:  *s/ Maria V. Weinbeck*

22                            Maria V. Weinbeck, RMR-FCRR

23

24

25