UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: BAIR HUGGER FORCED AIR WARMING DEVICES PRODUCTS LIABILITY LITIGATION | MDL No. 15-2666 (JNE/DTS) |
| | ORDER |
| This Document Relates to All Cases | |

      In accordance with Local Rule 7.1(j), Defendants have requested permission to file a motion for reconsideration of the Court's December 13, 2017 order denying Defendants' general causation *Daubert* and summary judgment motions. ECF No. 1428. Plaintiffs oppose the request. ECF No. 1429. In their letter, Defendants argue that new evidence undermines the scientific support proffered by Plaintiffs' medical experts in their general causation opinions. In particular, Defendants point to Dr. Elghobashi's trial testimony in *Gareis v. 3M Co. et al.* and a study published in June 2018, which addresses the impact of MSSA screenings.

      Under Local Rule 7.1(j), a party must show "compelling circumstances" to obtain permission from the court to move for reconsideration. D. Minn. L.R. 7.1(j). District courts have broad discretion in determining whether to permit a party to file a motion for reconsideration. *See Eckerson v. Blowers*, No. 07-984, 2008 WL 239556, at *1 (D. Minn. Jan. 29, 2008) (citing *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 413-14 (8th Cir. 1988)). "Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Hagerman*, 839

F.2d at 414 (quoting *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir.), *amended by* 835 F.2d 710 (7th Cir. 1987)).  A motion for reconsideration should not "be employed as a vehicle to introduce new evidence that could have been adduced during the pendency of the summary judgment motion" nor does it "serve as the occasion to tender new legal theories for the first time." *Id.*  Having fully considered the submissions of the parties, the Court concludes that Defendants have demonstrated compelling circumstances to justify a motion for reconsideration of the Court's December 13, 2017 order relating to the arguments above.  Accordingly, IT IS ORDERED THAT:

1. Defendants' letter request seeking permission to file a motion to reconsider [ECF No. 1428] is GRANTED.  Counsel will work together to establish a proposed briefing schedule and submit it to the Court in letter format via ECF by the next Status Conference on December 20, 2018.

Dated: November 19, 2018

 s/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge