UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: BAIR HUGGER FORCED AIR WARMING DEVICES PRODUCTS LIABILITY LITIGATION | MDL No. 15-2666 (JNE/DTS) |
| | ORDER |
| This Document Relates To: Case Nos.: 17-cv-03549 (*Salinas v. 3M Co., et al.*) 17-cv-04778 (*Brown v. 3M Co., et al.*) 17-cv-05047 (*Clark v. 3M Co., et al.*) 18-cv-00207 (*Guenther v. 3M Co., et al.*) 18-cv-00264 (*Wega v. 3M Co., et al.*) 18-cv-00275 (*Owens v. 3M Co., et al.*) 18-cv-00318 (*Amador v. 3M Co., et al.*) 18-cv-00348 (*Smith v. 3M Co., et al.*) 18-cv-00481 (*Brann v. 3M Co., et al.*) 18-cv-00891 (*Winn v. 3M Co., et al.*) 18-cv-01435 (*Swatchick v. 3M Co., et al.*) 18-cv-01455 (*Matteo v. 3M Co., et al.*) 18-cv-01456 (*Manheim v. 3M Co., et al.*) 18-cv-01542 (*Davis v. 3M Co., et al.*) | |

Defendants 3M Company and Arizant Healthcare, Inc. ("Defendants") moved to dismiss the above-captioned member cases in the *Bair Hugger* MDL for failure to comply with Pretrial Order No. 14 ("PTO 14"), MDL ECF No. 117. Mot. to Dismiss, MDL ECF No. 1572.

The parties have since stipulated to a dismissal in 17-cv-03549 (*Salinas v. 3M Co. et al.*), 18-cv-01455 (*Matteo v. 3M Co., et al.*), and 17-cv-05047 (*Clark v. 3M Co., et al.*). MDL ECF Nos. 1594, 1596. Defendants filed a letter withdrawing the motion to dismiss as to the following cases: 17-cv-04778 (*Brown v. 3M Co., et al.*), 18-cv-00207 (*Guenther v. 3M Co., et al.*), 18-cv-00318 (*Amador v. 3M Co., et al.*), 18-cv-00348 (*Smith v. 3M

*Co., et al.*), 18-cv-00481 (*Brann v. 3M Co., et al.*), and 18-cv-01456 (*Manheim v. 3M Co., et al.*). MDL ECF No. 1594.

The Court grants Plaintiff in 18-cv-01542 (*Davis v. 3M Co., et al.*) twenty days from the November 15, 2018 Status Conference to cure noncompliance with PTO 14 by submitting the Plaintiff's authorization and verification. If Plaintiff fails to comply with PTO 14 by December 5, 2018, and Defendants again move to dismiss this case for noncompliance with PTO 14, the Court will grant the motion and dismiss this case with prejudice.

The Court grants the motion in part as to the remaining cases.

## BACKGROUND

PTO 14 requires a plaintiff to complete and serve a Plaintiff Fact Sheet ("PFS") in lieu of interrogatories. MDL ECF No. 117. Under PTO 14, plaintiffs must complete and serve a verified PFS within 90 days of the filing of their complaint or short-form complaint, or the transfer of their case to this MDL proceeding, whichever is later. *Id.* ¶ 2. The PFS must contain no core deficiencies, as defined in PTO 14.[1] *Id.* ¶ 4.

PTO 14 affords multiple chances to cure noncompliance and warns plaintiffs that noncompliance may result in dismissal. Defendants must notify plaintiff's counsel of core deficiencies within four weeks of their receipt of the PFS. *Id*. The plaintiff then has

---

[1] Core deficiencies are defined as "a lack of response to all questions in Section I, Section II, and Section III; Section IV, questions 1, 3, 7, 8, 9, 10; Section V, question 5, 6, and 7; Section VI, questions 1, 3, 6, 7, 8, and 9; Section VII, questions 1 and 2; Section VIII, question 2; Section IX, questions 1, 3, and 4; or lack of signed medical authorizations. *Id*. ¶ 4.

three weeks to respond by: (1) curing the alleged deficiencies; (2) disputing the alleged deficiencies; or (3) explaining why the alleged deficiencies cannot be timely cured.  *Id*. ¶ 6.  Defendants may place cases involving core deficiency disputes on the Court's status conference agenda.  *Id*.  If the case appears on the court conference agenda for two successive court conferences without resolution, Defendants may then move for dismissal for failure to comply with PTO 14.  *Id*. ¶ 8.

Defendants now allege that they have complied with the foregoing requirements, that Plaintiffs' cases have appeared on two successive court conference agendas, and that Plaintiffs have either served no PFS or served a PFS with uncured core deficiencies.  Accordingly, Defendants request dismissal for failure to comply with PTO 14.

## LEGAL STANDARD

The Court may dismiss a case when a plaintiff fails to prosecute or comply with a court order.  Fed. R. Civ. P. 41(b).  Such dismissal may be with prejudice "in cases of willful disobedience of a court order or where a litigant exhibits a pattern of intentional delay."  *Hunt v. City of Minneapolis*, 203 F.3d 524, 527 (8th Cir. 2000).  Dismissal for "willful disobedience" does not require a "finding that the [plaintiff] acted in bad faith, but requires 'only that he acted intentionally as opposed to accidentally or involuntarily.'"  *Id.* (citation omitted).  A "pattern of intentional delay" exists where a plaintiff fails to comply with a court order despite multiple opportunities for compliance and the Court's warning that noncompliance may result in dismissal.  *First Gen. Res. Co. v. Elton Leather Corp.*, 958 F.2d 204, 206 (8th Cir. 1992).  PTO 14 affords multiple

opportunities for compliance and warns of dismissal, and thus, failure to comply with PTO 14 thus warrants dismissal with prejudice.

## DISCUSSION

Plaintiff declined to oppose the motion to dismiss in 18-cv-01435 (*Swatchick v. 3M Co., et al.*). The Court grants the motion as to this Plaintiff and dismisses the case with prejudice for failure to prosecute and failure to comply with PTO 14. *See* Fed. R. Civ. P. 41(b).

Plaintiffs in 18-cv-00275 (*Owens v. 3M Co., et al.*) and 18-cv-00264 (*Wega v. 3M Co., et al.*) submitted PFSs after Defendants filed their motion to dismiss. At the status conference on November 15, 2018, Defendants asserted that these PFSs still had core deficiencies. Owens did not dispute Defendants' claim, and thus, the Court grants the motion as to this Plaintiff and dismisses the case with prejudice for failure to prosecute and failure to comply with PTO 14 under Rule 41(b).

Wega contested the dismissal. After the status conference, Defendants submitted to the Court the Plaintiff's PFS and a summary of its core deficiencies, including lack of proper authorization. ECF No. 14. Although PTO 14 provided multiple chances to cure noncompliance, Wega failed to do so. The Court therefore dismisses this case with prejudice for failure to comply with PTO 14 and for failure to prosecute under Rule 41(b).

Plaintiff in 18-cv-00891 (*Winn v. 3M Co., et al.*) did not dispute his failure to comply with PTO 14. Instead, Plaintiff's counsel filed a response detailing failed attempts to enlist Plaintiffs' cooperation in completing a PFS. MDL ECF Nos. 1590,

4

1591.  This Court has previously concluded that such a response does not oppose Defendants' motion to dismiss on the merits.  *See* Dismissal Order 2, MDL ECF No. 622 (concluding that Plaintiffs failed to oppose Defendants' motion to dismiss for noncompliance with PTO 14 when counsel for Plaintiffs simply filed responses chronicling "unsuccessful attempts to enlist [Plaintiffs'] cooperation").  PTO 14 warned that noncompliance would result in dismissal, but Plaintiff failed to cure noncompliance.  The Court therefore dismisses this case with prejudice for failure to comply with PTO 14 and for failure to prosecute under Rule 41(b).

## CONCLUSION

Based on the files, records, and proceedings herein, IT IS ORDERED THAT:

1. Defendants' Sixteenth Motion to Dismiss for Failure to Comply with Pretrial Order No. 14 [ECF No. 1572] is GRANTED IN PART as stated below.

2. The following cases are DISMISSED WITH PREJUDICE: 18-cv-01435 (*Swatchick v. 3M Co., et al.*), 18-cv-00275 (*Owens v. 3M Co., et al.*), 18-cv-00264 (*Wega v. 3M Co., et al.*), and 18-cv-00891 (*Winn v. 3M Co., et al.*).

Dated: November 20, 2018

s/ Joan N. Ericksen<br>
JOAN N. ERICKSEN<br>
United States District Judge