UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: BAIR HUGGER FORCED AIR WARMING DEVICES PRODUCTS LIABILITY LITIGATION | MDL No. 15-2666 (JNE/DTS)  ORDER |
| This Document Relates to: *Hylander v. 3M Co., et al.*, Case No. 16-cv-2518 | |

This matter is before the Court on Defendants' motion to dismiss for lack of subject-matter jurisdiction filed on June 13, 2018. MDL ECF No. 1283. On June 20, 2018, the Court issued an order granting in part Defendants' motion and dismissing nine plaintiffs who died before complaints were filed in those plaintiffs' names. MDL ECF No. 1298. The Court delayed its ruling as to Plaintiffs Loretta and Royce Hylander, 16-cv-2518. *Id.* Subsequently, both parties filed motions addressing whether the Court lacks subject-matter jurisdiction over Mrs. Hylander's claims. MDL ECF Nos. 1306, 1334. For the following reasons, the Court grants the remaining part of Defendants' motion to dismiss.

Plaintiff Loretta Hylander died on April 3, 2016; yet, on July 26, 2016 Plaintiff filed a complaint that incorrectly named Mrs. Hylander as suing on her own behalf. The complaint also named her husband, Royce Hylander, as bringing a loss of consortium claim. On May 1, 2018, Plaintiff filed a suggestion of death. On June 26, 2018, Plaintiff moved to substitute Mr. Hylander as plaintiff in this action for his deceased wife.

1

Defendants moved to dismiss Mrs. Hylander's claims because the Court lacks subject-matter jurisdiction since she died before her complaint was filed. MDL ECF No. 1334. This Court has repeatedly held that the dead cannot invoke federal jurisdiction. *See* Order, MDL ECF No. 1100 at 4 (dismissing three cases for lack of subject-matter jurisdiction where the plaintiff died before the complaint was filed); Order, MDL ECF No. 1298 at 4 (dismissing nine cases where the plaintiff died before the complaint was filed).

Plaintiff contends that dismissal is unwarranted because Mr. Hylander was a named plaintiff in the original action and had court authority and legal capacity to bring Mrs. Hylander's claims as executor of her estate. MDL ECF No. 1306. For support, Plaintiff cites Federal Rule of Civil Procedure 17(a)(3), which provides safe harbor from dismissal "when an honest mistake has been made in choosing the party in whose name the action is to be filed." Fed. R. Civ. P. 17(a) advisory committee's note to 1966 amendment. To correct this error, Plaintiff asks this Court to grant the motion to substitute Mr. Hylander for his deceased wife.

Plaintiff's argument is unavailing, however, as it has already been rejected by federal courts. *See, e.g.*, *In re Asbestos Prod. Liab. Litig. (No. VI)*, 311 F.R.D. 152, 155 (E.D. Pa. 2015) (refusing to allow substitution for a plaintiff that died before litigation commenced, noting, "the problem with Plaintiffs' arguments regarding Rule 17 . . . is that they focus on capacity to sue rather than the threshold question of legal existence"); *Banakus v. United Aircraft Corp.*, 290 F. Supp. 259, 260 (S.D.N.Y. 1968) (holding that "[s]ince [Plaintiff] was dead when the action for personal injuries was commenced, that

action must be treated as a nullity and it cannot be given life by substituting parties and amending the complaint."). In short, although Rule 17(a)(3) provides safe harbor from dismissal where a valid action exists, it is inapplicable here where Mrs. Hylander lacked legal existence at the time of filing.

Moreover, even assuming that the Rule 17(a)(3) safe harbor applies where at least one plaintiff had legal existence at the time the complaint was filed, it only restrains the Court from dismissing an action until "a reasonable time has been allowed" for substitution. Fed. R. Civ. P. 17(a)(3). Here, Plaintiff's delay in substitution was unreasonable. Mrs. Hylander died on April 3, 2016. Plaintiff's counsel provides no explanation for the two-year long delay in filing the suggestion of death,[1] especially given the fact that Plaintiff acknowledged the date of Mrs. Hylander's death in a PFS served by Plaintiff's counsel on March 2, 2017. MDL ECF No. 1335, Hulse Decl., Ex. A. In an email to Plaintiff's counsel, Defendants objected to subject-matter jurisdiction on March 14, 2018 citing the date of Mrs. Hylander's death. *Id.*, Ex. B. Nonetheless, Plaintiff's counsel did not file a suggestion of death until May 1, 2018, and did not attempt to correct the jurisdictional issue until filing the motion to substitute on June 26, 2018.

Accordingly, the Court dismisses Mrs. Hylander's claims for lack of subject-matter jurisdiction.[2] "If the court determines at any time that it lacks subject-matter

---

[1] The Court's Pretrial Order No. 23 requires counsel to file a suggestion of death within 90 days of the death of the plaintiff. MDL ECF No. 1039.
[2] Under Kentucky law, a spouse's claim for loss of consortium is a separate cause of action from the underlying claim for personal injury. *See Martin v. Ohio Cty. Hosp.*

3

jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).  Generally, "the appropriate remedy is to dismiss without prejudice." *Wallace v. ConAgra Foods, Inc.*, 747 F.3d 1025, 1033 (8th Cir. 2014).  Since the Court dismisses Mrs. Hylander's claims for lack of subject-matter jurisdiction, the Court also denies as moot Plaintiff's motion to substitute Mr. Hylander for his deceased wife.  Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Defendants' Motion to Dismiss for Lack of Jurisdiction [MDL ECF No. 1283] is GRANTED IN PART.

2. For lack of subject-matter jurisdiction, Plaintiff Loretta Hylander's claims, Counts I-XII and XIV, are DISMISSED WITHOUT PREJUDICE.

3. Plaintiff's Motion to Substitute Party Plaintiff [ECF No. 7] is DENIED AS MOOT.

Dated: November 28, 2018

                                                      s/ Joan N. Ericksen
                                                      JOAN N. ERICKSEN
                                                      United States District Judge

---

*Corp.*, 295 S.W.3d 104, 108–09 (Ky. 2009).  Defendants acknowledged that Mr. Hylander can continue to pursue his loss of consortium claims.  MDL ECF No. 1334.