UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

In re: Bair Hugger Forced Air Warming
Products Liability Litigation

_____

This Document Relates To:

*Ducote*, 16-cv-3940-JNE-DTS
*Cole*, 17-cv-2166-JNE-DTS
*Ashby*, 17-cv-2554-JNE-DTS
*Trewhella*, 17-cv-3159-JNE-DTS
*Ciccone*, 17-cv-3629-JNE-DTS
*Chapman*, 17-cv-3850-JNE-DTS
*Spear*, 17-cv-4886-JNE-DTS
*Ward*, 17-cv-4893-JNE-DTS
*Jennings*, 18-cv-1485-JNE-DTS

MDL No. 15-2666 (JNE/DTS)

**DEFENDANTS' REPLY IN
SUPPORT OF THEIR 4TH MOTION
TO DISMISS CASES FOR FAILURE
TO COMPLY WITH PRETRIAL
ORDER NO. 23 AND/OR
FED. R. CIV. P. 25(a) AND 41(b)**

_____

In their Fourth Motion to Dismiss for Failure to Comply with Pretrial Order 23

and/or Fed. R. Civ, P. 25(a) and 41(b), Defendants moved to dismiss nine cases for failure

to file timely suggestions of death or motions to substitute. Plaintiffs' counsel have filed

oppositions in two of these cases: *Ciccone* and *Chapman*. They do not dispute that these

cases are not in compliance with Pretrial Order No. 23 and Rule 25(a), and they fail to

establish good cause to excuse the noncompliance. All nine cases, including *Ciccone* and

*Chapman*, should therefore be dismissed with prejudice.

**ARGUMENT**

I.      **OPTIMISM THAT HEIRS MAY SOMEDAY BE FOUND IS NOT ENOUGH
        TO EXCUSE NONCOMPLIANCE WITH PTO 23 AND RULE 25(a).**

PTO 23 and Rule 25 "both . . . require counsel to move for substitution within 90

days of the filing of the suggestion of death. If no motion for substitution is filed within

this 90-day period, the Court must dismiss the deceased plaintiff's action. *See* Fed. R. Civ. P. 25(a)." ECF No. 1566, Order at 2.

Ciccone's counsel state that they learned of his death by conducting an online search. They filed a suggestion of death on July 2, 2018, making his motion for substitution due on September 30, 2018. After that deadline passed, Ciccone's counsel moved this court for an extension of time to file a motion to substitute. Judge Schultz granted an extension until October 31, 2018, for the proposed new plaintiff to file a substitution motion. *Ciccone*, ECF No. 15, Order. To date, no motion has been filed. Ciccone's counsel state that "contact letters have been sent to the next of kin" but "efforts to contact Mr. Ciccone's next of kin have not been successful." They argue that a further extension should be granted because they are "optimistic the next of kin will *eventually* be contacted." MDL No. 1602 at 3 (emphasis added).

Under this Court's prior rulings, optimism is not enough to excuse the failure to file a timely substitution motion. This case is just like *Lister*, 17-cv-4336, where the deceased plaintiff was represented by the same law firm as Ciccone. No substitution motion was filed by the deadline and plaintiff's counsel argued a lack of prejudice to Defendants and requested more time. This Court dismissed the case with prejudice in its October 26, 2018 order.[1]  ECF No. 1566, Order at 3-4; *see also* ECF No. 1440, Order at 4 (dismissing *Perkins*, 17-cv-01049, with prejudice for the same reasons).

---

[1] More recently, Judge Schultz rejected Plaintiffs' lack-of-prejudice argument in denying a motion to substitute.  He noted that "a defendant facing thousands of similar lawsuits is prejudiced by not knowing which suits against it are 'live' actions, even if any single suit is a drop in the bucket." *Connell*, 16-cv-2351, ECF No. 30, Order at 2.

Granting another extension in *Ciccone* based on hope of future contact with the heirs, and nothing more, would be inconsistent with the Court's prior order and send the unfortunate message that the substitution deadline prescribed by PTO 23 and Rule 25(a) is not meaningful. For these reasons, *Ciccone* should be dismissed with prejudice under PTO 23 and Rule 25(a), and for failure to prosecute under Rule 41(b).

## II.     PLAINTIFFS' COUNSEL'S FAILURE TO CONTACT THEIR CLIENT

Based on a lack of confidence in some Plaintiffs' firms' compliance with PTO 23, Defendants have been conducting an independent search for death records. Defendants found an obituary for plaintiff Kenneth Chapman in the *Columbus Dispatch*, indicating that he passed away on May 13, 2018. The obituary matches the age and residence given in Chapman's plaintiff fact sheet, and was filed with Defendants' motion. ECF No. 1587, Ex. D. Another obituary on the website of the Diehl-Whittaker funeral home in Columbus leaves no doubt that it is the same Kenneth Chapman.[2] The full name (Kenneth Andrew Chapman) and birth date (March 4, 1963) in the obituary match the information in Chapman's PFS, as does the name of Chapman's daughter (Ciarra Christine Chapman).

Chapman's counsel oppose the motion to dismiss because, they say, they have been unable to confirm his death. ECF No. 1600 at 2 ("Plaintiff's supposed death has never been confirmed by his relatives."). They admit, however, that their attempts to contact Chapman and his next of kin have been unsuccessful. *Id.* They do not claim to have had any contact

---

[2] "Obituary: Kenneth Andrew Chapman," online at https://www.diehl-whittaker.com/obituaries/Kenneth-Andrew%20Chapman?obId=3089836#/celebrationWall.

with Chapman since May 13, the death date stated in the obituary. And they do not explain how there could be another Kenneth A. Chapman with the same birthdate and same daughter also residing in Columbus, Ohio.

The fact is that Chapman is deceased. Because the deadline for filing a suggestion of death under PTO 23 has passed (and even if a timely suggestion of death had been filed, the time to move to substitute would also now have passed), the case should be dismissed with prejudice both forth violation of PTO 23 and failure to prosecute under Rule 41(b).

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court dismiss with prejudice all nine cases, including *Ciccone* and *Chapman*.

Dated: November 29, 2018                    Respectfully submitted,


 s/ Benjamin W. Hulse
Jerry W. Blackwell (MN #186867)
Benjamin W. Hulse (MN #0390952)
Mary S. Young (MN #0392781)
BLACKWELL BURKE P.A.
431 South Seventh Street, Suite 2500
Minneapolis, MN 55415
Phone: (612) 343-3248
Fax: (612) 343-3205
Email: blackwell@blackwellburke.com
bhulse@blackwellburke.com
myoung@blackwellburke.com

**Counsel for Defendants 3M Company
and Arizant Healthcare Inc.**