UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: BAIR HUGGER FORCED AIR WARMING DEVICES PRODUCTS LIABILITY LITIGATION | MDL No. 15-2666 (JNE/DTS) |
| | ORDER |
| This Document Relates to All Actions | |

On January 8, 2018, the Court entered Pretrial Order No. 23 ("PTO 23"). MDL ECF No. 1039. Plaintiffs now move to amend PTO 23 and Defendants oppose the motion. MDL ECF Nos. 1517, 1533. As set forth below, the Court denies the motion.

PTO 23 and Federal Rule of Civil Procedure 25 provide directives on substitutions for deceased plaintiffs. PTO 23 requires counsel for a deceased plaintiff to file a suggestion of death within 90 days of either the entry of PTO 23 or the death of the plaintiff, whichever is later. Both Rule 25 and PTO 23 then require counsel for the deceased plaintiff to move for substitution within 90 days of filing the suggestion of death. Failure to follow these procedures may result in dismissal with prejudice.

Plaintiffs give three main reasons that the Court should eliminate the 90-day deadline in PTO 23 for filing the suggestion of death. The Court considers each in turn.

First, Plaintiffs argue that compliance with PTO 23 is sometimes impossible, particularly when a plaintiff relocates or experiences health issues that preclude contact with counsel. But the Court excuses noncompliance with PTO 23 when compliance is impossible. Indeed, the Court recently excused noncompliance when counsel for a

1

plaintiff "detailed diligent and good faith efforts to comply with the deadlines in PTO 23 and Rule 25." MDL ECF No. 1566 at 7; *see id.* at 5 (excusing late filing of suggestion of death due to counsel's "accidental delay"). The Court noted that "impossibility" and even "excusable neglect" will excuse noncompliance. *Id.* at 6-7. It is thus unnecessary to eliminate the 90-day deadline to protect plaintiffs who cannot follow it.

Second, Plaintiffs argue that the 90-day deadline violates Rule 25 and is "contrary to law." MDL ECF No. 1518 at 3-7 (citing cases discussing deadlines for filing a suggestion of death and a motion for substitution). But Plaintiffs cite no authority showing that PTO 23 violates any law. Nor is the Court aware of any.

Third, Plaintiffs argue that dismissal for noncompliance with the 90-day deadline requires "balancing the policy of giving the plaintiff [his or her] day in court against [the] policies of preventing undue delay, avoiding court congestion, and preserving respect for court procedures." MDL ECF No. 1518 (quoting *Omaha Indian Tribe v. Tract I-Blackbird Bend Area*, 933 F.2d 1462, 1468 (8th Cir. 1991)). Plaintiffs claim that balancing these factors renders dismissal under PTO 23 inappropriate.

The Court disagrees. The deadlines in PTO 23 obligate counsel to ascertain whether or not their clients are alive and, if necessary, move for substitution. This process prevents deceased plaintiffs from populating and inflating the MDL docket and allows the Court and Defendants to know the true size of the MDL. This ultimately prevents court congestion and undue delay in resolving the MDL. These benefits justify dismissing plaintiffs who willfully disobey PTO 23.

At any rate, the Court "possesses inherent power to manage its own affairs so as to achieve the orderly and expeditious disposition of cases." *Vallejo v. Amgen, Inc.*, 903 F.3d 733, 749 (8th Cir. 2018) (citation omitted).  The exercise of this inherent power to dismiss cases under PTO 23 is critical to managing an MDL with roughly 5,000 cases.

For the reasons above, Plaintiffs fail to offer a basis for eliminating the 90-day deadline in PTO 23.  Accordingly, IT IS ORDERED THAT:

1.  Plaintiffs' motion to amend PTO 23 [MDL ECF No. 1517] is DENIED.

Dated: December 4, 2018

s/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge
