# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

In re: BAIR HUGGER FORCED AIR
WARMING DEVICES PRODUCTS
LIABILITY LITIGATION

MDL No. 15-2666 (JNE/DTS)

This Document Relates to:
Case Nos.:
16-cv-00798 *(Barnes v. 3M Co.)*
16-cv-04161 *(Bond v. 3M Co.)*
17-cv-01703 *(Ussery v. 3M Co.)*
17-cv-03899 *(Pimentel v. 3M Co., et al.)*
17-cv-04467 *(Adams v. 3M Co., et al.)*
17-cv-04517 *(Henderson v. 3M Co., et al.)*
17-cv-04891 *(Edwards v. 3M Co., et al.)*
17-cv-05199 *(Spry v. 3M Co., et al.)*
17-cv-05200 *(Picuri v. 3M Co., et al.)*
17-cv-05202 *(Reed v. 3M Co., et al.)*
17-cv-05270 *(Johnston v. 3M Co., et al.)*
17-cv-05271 *(Gilmore v. 3M Co., et al.)*
17-cv-05277 *(Billings v. 3M Co., et al.)*
18-cv-00263 *(Robinson v. 3M Co., et al.)*
18-cv-00432 *(Falcetta v. 3M Co.)*
18-cv-00670 *(Darwick v. 3M Co.)*
18-cv-00674 *(Welch v. 3M Co.)*
18-cv-00675 *(Wolf v. 3M Co.)*
18-cv-00688 *(Conrad v. 3M Co.)*
18-cv-00691 *(Hauser v. 3M Co.)*
18-cv-00803 *(Farrell v. 3M Co., et al.)*
18-cv-00962 *(Snow v. 3M Co.)*
18-cv-00963 *(Wolfe v. 3M Co.)*
18-cv-00965 *(Branch v. 3M Co.)*
18-cv-01097 *(Ramondo v. 3M Co.)*
18-cv-01098 *(Rodliff v. 3M Co.)*
18-cv-01099 *(Reid v. 3M Co.)*
18-cv-01101 *(Roshell v. 3M Co.)*
18-cv-01113 *(Shade v. 3M Co.)*
18-cv-01119 *(Scott v. 3M Co.)*
18-cv-01122 *(Turnage v. 3M Co.)*
18-cv-01123 *(Twichell v. 3M Co.)*
18-cv-01124 *(Yost v. 3M Co.)*
18-cv-01171 *(Johnson v. 3M Co.)*
18-cv-01416 *(Carter v. 3M Co., et al.)*

18-cv-01505 *(Cerbins v. 3M Co.)*
18-cv-01515 *(Mitchell v. 3M Co.)*
18-cv-01517 *(Custer v. 3M Co.)*
18-cv-01738 *(McClain v. 3M Co., et al.)*

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' SEVENTEENTH MOTION TO DISMISS FOR FAILURE TO COMPLY WITH PRETRIAL ORDER NO. 14

Pursuant to the Court's Pretrial Order No. 14 ("PTO 14"), entered September 27, 2016, Defendants 3M Co. and Arizant Healthcare Inc. (collectively, "Defendants") respectfully move the Court to dismiss the following plaintiffs' cases for failure to comply with PTO 14:

| Case Number | Plaintiff | Firm Name |
|---|---|---|
| 0:16-cv-00798-JNE-DTS | Barnes | Levin, Papantonio, Thomas, Mitchell, Rafferty, & Proctor, P.A. |
| 0:16-cv-04161-JNE-DTS | Bond | Levin, Papantonio, Thomas, Mitchell, Rafferty, & Proctor, P.A. |
| 0:17-cv-01703-JNE-DTS | Ussery | Levin, Papantonio, Thomas, Mitchell, Rafferty, & Proctor, P.A. |
| 0:17-cv-03899-JNE-DTS | Pimentel | The Olinde Firm, LLC |
| 0:17-cv-04467-JNE-DTS | Adams | Gustafson Gluek PLLC |
| 0:17-cv-04517-JNE-DTS | Henderson | Bernstein Liebhard LLP |
| 0:17-cv-04891-JNE-DTS | Edwards | Bernstein Liebhard LLP |
| 0:17-cv-05199-JNE-DTS | Spry | Pendley, Baudin, & Coffin, L.L.P. |
| 0:17-cv-05200-JNE-DTS | Picuri | Pendley, Baudin, & Coffin, L.L.P. |
| 0:17-cv-05202-JNE-DTS | Reed | Pendley, Baudin, & Coffin, L.L.P. |
| 0:17-cv-05270-JNE-DTS | Johnston | Bernstein Liebhard LLP |
| 0:17-cv-05271-JNE-DTS | Gilmore | The Webster Law Firm |
| 0:17-cv-05277-JNE-DTS | Billings | Bernstein Liebhard LLP |

| 0:18-cv-00263-JNE-DTS | Robinson | The Law Offices of Travis R. Walker, P.A. |
|---|---|---|
| 0:18-cv-00432-JNE-DTS | Falcetta | Levin, Papantonio, Thomas, Mitchell, Rafferty, & Proctor, P.A. |
| 0:18-cv-00670-JNE-DTS | Darwick | Levin, Papantonio, Thomas, Mitchell, Rafferty, & Proctor, P.A. |
| 0:18-cv-00674-JNE-DTS | Welch | Levin, Papantonio, Thomas, Mitchell, Rafferty, & Proctor, P.A. |
| 0:18-cv-00675-JNE-DTS | Wolf | Levin, Papantonio, Thomas, Mitchell, Rafferty, & Proctor, P.A. |
| 0:18-cv-00688-JNE-DTS | Conrad | Levin, Papantonio, Thomas, Mitchell, Rafferty, & Proctor, P.A. |
| 0:18-cv-00691-JNE-DTS | Hauser | Levin, Papantonio, Thomas, Mitchell, Rafferty, & Proctor, P.A. |
| 0:18-cv-00803-JNE-DTS | Farrell | The Olinde Firm, LLC |
| 0:18-cv-00962-JNE-DTS | Snow | Levin, Papantonio, Thomas, Mitchell, Rafferty, & Proctor, P.A. |
| 0:18-cv-00963-JNE-DTS | Wolfe | Levin, Papantonio, Thomas, Mitchell, Rafferty, & Proctor, P.A. |
| 0:18-cv-00965-JNE-DTS | Branch | Levin, Papantonio, Thomas, Mitchell, Rafferty, & Proctor, P.A. |
| 0:18-cv-01097-JNE-DTS | Ramondo | Levin, Papantonio, Thomas, Mitchell, Rafferty, & Proctor, P.A. |
| 0:18-cv-01098-JNE-DTS | Rodliff | Levin, Papantonio, Thomas, Mitchell, Rafferty, & Proctor, P.A. |
| 0:18-cv-01099-JNE-DTS | Reid | Levin, Papantonio, Thomas, Mitchell, Rafferty, & Proctor, P.A. |
| 0:18-cv-01101-JNE-DTS | Roshell | Levin, Papantonio, Thomas, Mitchell, Rafferty, & Proctor, P.A. |
| 0:18-cv-01113-JNE-DTS | Shade | Levin, Papantonio, Thomas, Mitchell, Rafferty, & Proctor, P.A. |
| 0:18-cv-01119-JNE-DTS | Scott | Levin, Papantonio, Thomas, Mitchell, Rafferty, & Proctor, P.A. |

| 0:18-cv-01122-JNE-DTS | Turnage | Levin, Papantonio, Thomas, Mitchell, Rafferty, & Proctor, P.A. |
|---|---|---|
| 0:18-cv-01123-JNE-DTS | Twichell | Levin, Papantonio, Thomas, Mitchell, Rafferty, & Proctor, P.A. |
| 0:18-cv-01124-JNE-DTS | Yost | Levin, Papantonio, Thomas, Mitchell, Rafferty, & Proctor, P.A. |
| 0:18-cv-01171-JNE-DTS | Johnson | Levin, Papantonio, Thomas, Mitchell, Rafferty, & Proctor, P.A. |
| 0:18-cv-01416-JNE-DTS | Carter | The Olinde Firm, LLC |
| 0:18-cv-01505-JNE-DTS | Cerbins | Levin, Papantonio, Thomas, Mitchell, Rafferty, & Proctor, P.A. |
| 0:18-cv-01515-JNE-DTS | Mitchell | Levin, Papantonio, Thomas, Mitchell, Rafferty, & Proctor, P.A. |
| 0:18-cv-01517-JNE-DTS | Custer | Levin, Papantonio, Thomas, Mitchell, Rafferty, & Proctor, P.A. |
| 0:18-cv-01738-JNE-DTS | McClain | Bernstein Liebhard LLP |

As set forth below, there are three (3) categories of cases where plaintiffs have failed to serve a Plaintiff Fact Sheet ("PFS") compliant with the requirements set forth by the Court in PTO 14: (a) cases where no PFS has been served by plaintiff; (b) cases where plaintiff served a PFS with core deficiencies, and failed to cure them or otherwise respond to one of Defendants' deficiency letters; and (c) cases where plaintiff served a PFS with core deficiencies, and failed to cure them after Defendants' final deficiency letter.  Defendants placed the above cases on the agenda for two sequential Court status conferences, and dismissal with prejudice is therefore appropriate under PTO 14, ¶ 8.

## **ARGUMENT**

The Court's Pretrial Order No. 14, entered September 27, 2016, sets forth the protocol for the form and service of the PFS, signed medical authorization, and supporting

4

documents in cases filed in and transferred to this proceeding. Under PTO 14, a plaintiff whose case was pending on the date of the order was required to serve a completed and signed PFS, medical authorization, and supporting documents within 90 days of the date of the order. PTO 14, ¶ 2. For a plaintiff whose case was transferred after the date of the order, the due date for service of these same documents is 90 days after the filing of the plaintiff's complaint or completion of the transfer to this proceeding, whichever is later. *Id*. All PFSs must be verified by the individual plaintiff under oath. *See* PTO 14, ¶ 3.

Once a PFS has been served, defendants have four (4) weeks from receipt within which to notify plaintiff's counsel of any core deficiencies to the PFS, "defined as a lack of response to all questions in Section I, Section II, and Section III; Section IV, questions 1, 3, 7, 8, 9, 10; Section V, questions 5, 6, and 7; Section VI, questions 1, 3, 6, 7, 8, and 9; Section VII, questions 1 and 2; Section 8, question 2; Section IX, questions 1, 3, and 4; or lack of signed medical authorizations." PTO 14, ¶ 4.

If defendants timely serve a letter outlining the deficiencies to the PFS, plaintiff's counsel is required to respond in writing within three (3) weeks of the date of service by: "(1) curing the alleged deficiencies; (2) disputing the alleged deficiencies and setting forth reasons the PFS is not deficient; or (3) explaining why the alleged deficiencies cannot be timely cured." PTO 14, ¶ 6.

Cases where there are disputes concerning PFS deficiencies requiring the Court's attention may be placed on the Court's status conference agenda. PTO 14, ¶ 7. Should a case appear on the agenda for two (2) sequential status conferences, "Defendants may make

a motion for dismissal for failure to comply with this Court's Pretrial Order as to the allegedly delinquent party."  PTO 14, ¶ 8.

### A.  Cases Where No PFS Has Been Served

In this motion, Defendants seek dismissal of the following case where the plaintiff failed to serve the PFS as required by PTO 14 and, to date, remains delinquent:

| Case Number | Plaintiff | Date Filed | PFS Due Date | Firm Name |
|---|---|---|---|---|
| 0:18-cv-01738-JNE-DTS | McClain | 6/25/2018 | 9/23/2018 | Bernstein Liebhard LLP |

### B.  Cases Where a PFS Was Served with Core Deficiencies, and Plaintiff Failed to Cure or Otherwise Respond to Defendants' Deficiency Letter

Additionally, Defendants are seeking dismissal of the following three (3) cases where: (1) plaintiffs each submitted a PFS that contained core deficiencies, (2) Defendants notified plaintiffs of the core deficiencies,[1] and (3) plaintiffs failed to cure or otherwise respond to the Defendants' first and/or second deficiency letter:

| Case Number | Plaintiff | Deficiency Letter Sent | Firm Name |
|---|---|---|---|
| 0:17-cv-03899-JNE-DTS | Pimentel[2] | 2/28/2018 | The Olinde Firm, LLC |

---

[1] *See* Declaration of Benjamin W. Hulse ("Hulse Decl."), Ex. A (Deficiency letters sent to Plaintiffs listed in Part B).

[2] The Court previously granted Plaintiff in *Pimentel* (17-cv-03899) a 90-day extension to cure his deficient PFS.  *See* Dkt. No. 1376 at 5.  Plaintiff has not filed an amended PFS, and the time to do so has lapsed.  Dismissal is therefore appropriate.

| 0:17-cv-04467-JNE-DTS | Adams[3] | 8/06/2018 | Gustafson Gluek PLLC |
| 0:18-cv-01416-JNE-DTS | Carter | 7/31/2018 | The Olinde Firm, LLC |

To comply with PTO 14, each plaintiff was required to respond to Defendants' deficiency letter by either curing or disputing the deficiencies, or explaining why the deficiencies could not be cured. *See* PTO 14, ¶ 6. Plaintiffs above failed to respond to Defendants' deficiency letters, and numerous core deficiencies remain uncured. *See attached* Addendum 1 (outlining PFS core deficiencies for each plaintiff in Part B).

### C. Cases Where a PFS Was Served with Core Deficiencies, and Plaintiff Failed to Cure Following Defendants' Final Deficiency Letter

Lastly, Defendants are seeking dismissal of the following thirty-five (35) cases where plaintiffs were served a final deficiency notice in response to a PFS or amended PFS and failed to cure the core deficiencies identified in Defendants' final deficiency letters.[4]

| Case Number | Plaintiff | Final Deficiency Letter Sent | Firm Name |
|---|---|---|---|
| 0:16-cv-00798-JNE-DTS | Barnes | 8/03/2018 | Levin, Papantonio, Thomas, Mitchell, Rafferty, & Proctor, P.A. |
| 0:16-cv-04161-JNE-DTS | Bond | 8/03/2018 | Levin, Papantonio, Thomas, Mitchell, Rafferty, & Proctor, P.A. |

---

[3] The Court previously granted Plaintiff in *Adams* (17-cv-04467) a 60-day extension to cure her deficient PFS. *See* Dkt. No. 1376 at 5. Plaintiff has not filed an amended PFS, and the time to do so has lapsed. Dismissal is therefore appropriate.

[4] *See* Hulse Decl., Ex. B (Final Deficiency Letters Sent to Plaintiffs Listed in Part C).

| | | | |
|---|---|---|---|
| 0:17-cv-01703-JNE-DTS | Ussery | 6/22/2018 | Levin, Papantonio, Thomas, Mitchell, Rafferty, & Proctor, P.A. |
| 0:17-cv-04517-JNE-DTS | Henderson | 8/30/2018 | Bernstein Liebhard LLP |
| 0:17-cv-04891-JNE-DTS | Edwards | 4/17/2018 | Bernstein Liebhard LLP |
| 0:17-cv-05199-JNE-DTS | Spry | 7/05/2018 | Pendley, Baudin, & Coffin, L.L.P. |
| 0:17-cv-05200-JNE-DTS | Picuri | 7/24/2018 | Pendley, Baudin, & Coffin, L.L.P. |
| 0:17-cv-05202-JNE-DTS | Reed | 7/05/2018 | Pendley, Baudin, & Coffin, L.L.P. |
| 0:17-cv-05270-JNE-DTS | Johnston | 4/17/2018 | Bernstein Liebhard LLP |
| 0:17-cv-05271-JNE-DTS | Gilmore | 6/18/2018 | The Webster Law Firm |
| 0:17-cv-05277-JNE-DTS | Billings | 4/17/2018 | Bernstein Liebhard LLP |
| 0:18-cv-00263-JNE-DTS | Robinson | 8/15/2018 | The Law Offices of Travis R. Walker, P.A. |
| 0:18-cv-00432-JNE-DTS | Falcetta | 6/08/2018 | Levin, Papantonio, Thomas, Mitchell, Rafferty, & Proctor, P.A. |
| 0:18-cv-00670-JNE-DTS | Darwick | 7/18/2018 | Levin, Papantonio, Thomas, Mitchell, Rafferty, & Proctor, P.A. |
| 0:18-cv-00674-JNE-DTS | Welch | 7/10/2018 | Levin, Papantonio, Thomas, Mitchell, Rafferty, & Proctor, P.A. |
| 0:18-cv-00675-JNE-DTS | Wolf | 6/29/2018 | Levin, Papantonio, Thomas, Mitchell, Rafferty, & Proctor, P.A. |
| 0:18-cv-00688-JNE-DTS | Conrad | 7/11/2018 | Levin, Papantonio, Thomas, Mitchell, Rafferty, & Proctor, P.A. |
| 0:18-cv-00691-JNE-DTS | Hauser | 6/29/2018 | Levin, Papantonio, Thomas, Mitchell, Rafferty, & Proctor, P.A. |

| 0:18-cv-00803-JNE-DTS | Farrell | 7/10/2018 | The Olinde Firm, LLC |
|---|---|---|---|
| 0:18-cv-00962-JNE-DTS | Snow | 7/09/2018 | Levin, Papantonio, Thomas, Mitchell, Rafferty, & Proctor, P.A. |
| 0:18-cv-00963-JNE-DTS | Wolfe | 7/05/2018 | Levin, Papantonio, Thomas, Mitchell, Rafferty, & Proctor, P.A. |
| 0:18-cv-00965-JNE-DTS | Branch | 7/10/2018 | Levin, Papantonio, Thomas, Mitchell, Rafferty, & Proctor, P.A. |
| 0:18-cv-01097-JNE-DTS | Ramondo | 7/09/2018 | Levin, Papantonio, Thomas, Mitchell, Rafferty, & Proctor, P.A. |
| 0:18-cv-01098-JNE-DTS | Rodliff | 8/15/2018 | Levin, Papantonio, Thomas, Mitchell, Rafferty, & Proctor, P.A. |
| 0:18-cv-01099-JNE-DTS | Reid | 7/09/2018 | Levin, Papantonio, Thomas, Mitchell, Rafferty, & Proctor, P.A. |
| 0:18-cv-01101-JNE-DTS | Roshell | 6/19/2018 | Levin, Papantonio, Thomas, Mitchell, Rafferty, & Proctor, P.A. |
| 0:18-cv-01113-JNE-DTS | Shade | 7/30/2018 | Levin, Papantonio, Thomas, Mitchell, Rafferty, & Proctor, P.A. |
| 0:18-cv-01119-JNE-DTS | Scott | 7/09/2018 | Levin, Papantonio, Thomas, Mitchell, Rafferty, & Proctor, P.A. |
| 0:18-cv-01122-JNE-DTS | Turnage | 8/07/2018 | Levin, Papantonio, Thomas, Mitchell, Rafferty, & Proctor, P.A. |
| 0:18-cv-01123-JNE-DTS | Twichell | 6/19/2018 | Levin, Papantonio, Thomas, Mitchell, Rafferty, & Proctor, P.A. |

| 0:18-cv-01124-JNE-DTS | Yost | 7/30/2018 | Levin, Papantonio, Thomas, Mitchell, Rafferty, & Proctor, P.A. |
| 0:18-cv-01171-JNE-DTS | Johnson | 8/06/2018 | Levin, Papantonio, Thomas, Mitchell, Rafferty, & Proctor, P.A. |
| 0:18-cv-01505-JNE-DTS | Cerbins | 7/24/2018 | Levin, Papantonio, Thomas, Mitchell, Rafferty, & Proctor, P.A. |
| 0:18-cv-01515-JNE-DTS | Mitchell | 8/14/2018 | Levin, Papantonio, Thomas, Mitchell, Rafferty, & Proctor, P.A. |
| 0:18-cv-01517-JNE-DTS | Custer | 7/24/2018 | Levin, Papantonio, Thomas, Mitchell, Rafferty, & Proctor, P.A. |

Defendants sent each plaintiff above a final deficiency letter providing notice of the outstanding core deficiencies in his or her PFS, and to date the core deficiencies have not been cured. *See attached* Addendum 2 (outlining uncured core deficiencies remaining for each plaintiff in Part C). Now that several months have passed since the Defendants' final deficiency letters were sent, it is appropriate to seek dismissal of these cases.

## 1. Cases with Improper Re-Dated Verification Pages

Defendants previously moved to dismiss *Edwards* (17-cv-04891), *Johnston* (17-cv-05270), and *Billings* (17-cv-05277), in their Fifteenth Motion to Dismiss for Failure to Comply with Pretrial Order No. 14. *See* Dkt. No. 1538. Defendants argued at the October 18, 2018 status hearing, and demonstrated through subsequent letter submission, that the verification for each of these amended PFSs is an improper re-dated photocopy of a

10

previously submitted verification. *See* Dkt. No. 1563. Defendants filed copies of each verification at issue, along with copies of their original unaltered counterparts. *Id.*

In its October 23, 2018 Order, the Court gave these three plaintiffs thirty (30) days to respond to Defendants' contention that these verifications were improper photocopies. *See* Dkt. No. 1564 at 5. No response has been filed. In accordance with the October 23 Order, Defendants renew their request that the Court dismiss these cases with prejudice.

### 2. Cases Without Adequate Documentation of Product Use

Several of the cases in Part C remain deficient because the plaintiffs fail to identify evidence that a Bair Hugger system was used in their surgeries. The Plaintiffs bear the burden of establishing product use for each case in the MDL, regardless of whether the case has been designated as a bellwether. At the August 16 status conference, the Court gave "firm notice to the plaintiffs" that a lack of proof of product use was a "significant and serious deficienc[y] in the PFS," and advised the parties that such cases should "go through [PTO 14's] process . . ." *See* Hulse Decl., Ex. C (8/16/18 Hrg. Tr. at 59-60). The Court further instructed, "if you have got somebody who is told there is a PFS deficiency, they are told they have to tell whether there is a case, they still don't do it, then come to me in those cases." *Id.* at 62.

Following this direction from the Court, Defendants sent a letter to Plaintiffs' Liaison Counsel outlining recurring deficiencies in PFS Section III.1 (the section related to Bair Hugger usage), for dissemination to all plaintiffs' counsel of record. *See* Hulse Decl., Ex. D (11/6/18 letter from B. Hulse to D. Szerlag). The letter reiterates requirements

for Section III.1 that had previously been communicated to Plaintiffs' counsel on an individual basis. *See id.* The letter is in accord with Plaintiffs' own recent concession that they must provide adequate evidence of product usage pursuant to PTO 14. As Plaintiff's Co-Lead Counsel observed at the October status conference, "[P]retrial order number 14 really deals with these kinds of issues that continue to come up with respect to . . . product ID . . . because pretrial order 14, of course, sets forth how [Defendants] can challenge that." *See* Hulse Decl., Ex. E (10/18/18 Hrg. Tr. at 71). Following prior disagreement on these issues, both sides now are aligned. Each Plaintiff bears the burden of affirmatively establishing evidence of Bair Hugger usage, including, where applicable, the page number(s) of specific medical records which a plaintiff contends indicate evidence of Bair Hugger use.

Instead of fulfilling their mutually acknowledged PTO 14 obligations, most of the plaintiffs in Part C offer no reference, or only an ambiguous reference, to the medical records. By way of example, the following responses were given to the question "If 'yes,' describe that information [that shows a Bair Hugger system was used]?":

- "A warming device was shown to have been utilized during my surgery which caused infection." – *Falcetta* (18-cv-00432);

- "Medical records." – *Henderson* (17-cv-04517);

- "In the intra-operative notes, a warming device was shown to have been utilized" – *Rodliff* (18-cv-01098).[5]

---

[5] Several nearly-identical iterations of this ambiguous response have been submitted by other plaintiffs identified in Part C of the Motion. Most of these same plaintiffs also fail to disclose the date that this information was discovered, despite the Court's admonishing their counsel at the August status conference that he should "get those deficiencies

These references fail to apprise Defendants of the particular records that inform a plaintiff's subjective belief, verified under oath, that a Bair Hugger system was used during her surgery. This problem is exacerbated by the fact that the plaintiffs often misinterpret their medical records (in several instances plaintiffs have actually relied on medical records that demonstrate the Bair Hugger system *was not* used during their surgery). The Plaintiffs' nonexistent or inadequate description of these records does not comply with PTO 14, and the cases should be dismissed with prejudice.

### D.  All Cases Were on the Agenda for Two (2) Sequential Status Conferences

Defendants placed before the Court the cases set forth above in Parts A, B, and C, for two sequential Court status conferences – the first on September 20, 2018, and the second on October 18, 2018.[6]  Consistent with the Court's recent orders dismissing with prejudice several plaintiffs' cases for failure to comply with PTO 14, the above cases are ripe for dismissal with prejudice under PTO 14, ¶ 8.

### E.  The Court Should Dismiss Plaintiffs' Cases with Prejudice

The Court's authority to dismiss these cases with prejudice is beyond question, and indeed was exercised by the Court recently in its orders entered March 12, 2018 [Dkt. No. 1167], May 1, 2018 [Dkt. No. 1237], May 22, 2018 [Dkt. No. 1257], June 20, 2018 [Dkt.

---

definitely cured before the next pretrial conference." *See* Hulse Decl., Ex. C (8/16/18 Hrg Tr. at 58)

[6] *See* Hulse Decl., Ex. F (October 12, 2018 email from B. Hulse to Court attaching Defendants' October PFS Lists 1, 2, and 3) and Ex. G (November 9, 2018 email from B. Hulse to Court attaching Defendants' November PFS Lists 1, 2, and 3).

No. 1298], July 24, 2018 [Dkt. No. 1376], August 20, 2018 [Dkt. No. 1431], and October 23, 2018 [Dkt. No. 1564], and November 20, 2018 [Dkt. No. 1609] (dismissing with prejudice multiple plaintiffs' cases for failure to comply with PTO 14). The Court has made clear that "[e]ven for failures to respond, noncompliance with a court order can 'constitute[] a pattern of intentional delay meriting dismissal with prejudice' under Rule 41(b)." *See* Order (Dkt. No. 862) at 2 (internal citation omitted). The Court further explained that PTO 14 required plaintiffs to respond to requests for information in the PFS in lieu of discovery, provided plaintiffs with the opportunity to cure any deficiencies, and "warned expressly of dismissal" should plaintiffs fail to comply. *Id.* Plaintiffs were also warned through the Court's prior orders dismissing with prejudice cases for failure to comply with PTO 14. *Id.* Accordingly, "if PTO 14's opportunity to cure has run, a plaintiff's continued noncompliance is a pattern of intentional delay" warranting dismissal with prejudice. *Id.*

Plaintiffs identified above have failed to comply with PTO 14 by either failing to submit the required PFS (Part A cases), providing no response to Defendants' deficiency letters (Part B cases), or failing to cure deficiencies after service of Defendants' final deficiency letter (Part C cases). Because all the cases identified above in Parts A, B, and C were listed on at least two sequential status conference agendas, "the opportunity to cure has run." Accordingly, dismissal of these cases with prejudice is proper and appropriate.

## <u>CONCLUSION</u>

For the foregoing reasons, Defendants respectfully request that the Court dismiss the cases addressed in this Memorandum with prejudice.

Dated: December 6, 2018                    Respectfully submitted,


<u>*s/Benjamin W. Hulse*</u>
Jerry W. Blackwell (MN #186867)
Benjamin W. Hulse (MN #0390952)
Mary S. Young (MN #0392781)
BLACKWELL BURKE P.A.
431 South Seventh Street, Suite 2500
Minneapolis, MN 55415
Phone: (612) 343-3200
Fax: (612) 343-3205
Email: blackwell@blackwellburke.com
      bhulse@blackwellburke.com
      myoung@blackwellburke.com


Bridget M. Ahmann (MN #016611x)
FAEGRE BAKER DANIELS LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
Phone: (612) 766-7000
Email: bridget.ahmann@faegrebd.com

***Counsel for Defendants 3M Company
and Arizant Healthcare Inc.***

15

**Addendum 1**

**Uncured PFS Core Deficiencies for Cases Listed in Part B**

| Plaintiff/Case Number | Deficiency Letter Sent | Uncured PFS Core Deficiencies | Firm Name |
|---|---|---|---|
| Pimentel, Carlos 0:17-cv-03889 | 2/28/2018 | **Section II (Personal Information)** Part 6: Plaintiff only indicated residences for the last year, rather than 10 years as required. Part 8: Plaintiff indicates having children, but no response for years of birth. Part 9: Plaintiff provides high school, and colleges attended, but no response to dates of attendance or fields. **Section III (Surgery Information)** Part 1: Indicates Bair Hugger system was used during surgery, but fails to identify particular medical records that purportedly evidence said use, answering only "Bair Hugger documentation is found in medical records." **Section IV (General Medical Information)** Part 7: Indicates pharmacy used, but does not provide full address, and no response to dates of use or phone number. **Section VI (Current Claim Information)** Part 3: Indicates damages related to emotional distress/psychological injuries, but no response to date of onset. **Verification:** Plaintiff improperly re-used original verification. | The Olinde Firm, LLC |

| Adams, Artis 0:17-cv-04467 | 4/02/2018 | **Section II (Personal Information)** Part 6: Plaintiff only indicated residences for the last two years, rather than 10 years as required. **Section III (Surgery Information)** Part 1: No response to evidence of Bair Hugger use or date that this information was discovered. Part 3: Hospital name, surgery location, type of surgery, infections prior to surgery, medical conditions at time of surgery, and persons with whom plaintiff discussed risks of surgery provided, but no response to date of surgery, physician performing surgery, reason for surgery, and responded "N/A" to height/weight at time of surgery and cause of infection. | Gustafson Glueck PLLC |
|---|---|---|---|
| Carter, Gregory 0:18-cv-01416 | 9/10/2018 | **Section II (Personal Information)** Part 1: Name, other names used, address, persons living with plaintiff at time of events at issue, and SSN provided, but no response to length of time at present address. **Section III (Surgery Information)** Part 1: Indicates Bair Hugger system was used during surgery, but fails to identify particular medical records that purportedly evidence said use, answering only "Medical records obtained by attorneys." **Section IV (General Medical Information)** Part 3: Lists healthcare providers seven (7) years prior to surgery, but no response to specialty for one of the providers. Part 7: Provided pharmacies used, but no response to phone number for any pharmacy. | The Olinde Firm, LLC |

|  |  | **<u>Section IX (Loss of Consortium)</u>**<br>Part 1: Does not provide dates of use for prior names/aliases. |  |

**Addendum 2**

**Uncured PFS Core Deficiencies for Cases Listed in Part C**

| Plaintiff/Case Number | Final Deficiency Letter Sent | Uncured PFS Core Deficiencies | Firm Name |
|---|---|---|---|
| Barnes, Shirley 0:16-cv-00798 | 8/03/2018 | **Section II (Personal Information)** Part 10: No response to employers for last 10 years, states only "I do not recall the last job that he had." <br><br>**Section III (Surgery Information)** Part 1: Indicates Bair Hugger system was used during surgery, but fails to identify particular medical records that purportedly evidence said use, answering only "In the anesthesia records, a warming device was shown to have been utilized" and states "Plaintiff's attorney discovered this information" for date of discovery of this information. | Levin, Papantonio, Thomas, Mitchell, Rafferty, Proctor P.A. |
| Bond, Karen 0:16-cv-04161 | 8/03/2018 | **Section III (Surgery Information)** Part 1: Indicates Bair Hugger system was used during surgery, but fails to identify particular medical records that purportedly evidence said use, answering only "Operative report indicates that a Bair Hugger warming device was utilized." | Levin, Papantonio, Thomas, Mitchell, Rafferty, Proctor P.A. |
| Ussery, Bruce 0:17-cv-01703 | 6/22/2018 | **Section III (Surgery Information)** Part 1: Indicates Bair Hugger system was used during surgery, but fails to identify particular medical records that purportedly evidence said use, answering only "In the intra-operative nursing notes, a forced air warming device was show to have been utilized" and states "unknown at this | Levin, Papantonio, Thomas, Mitchell, Rafferty, Proctor P.A. |

| | | time; discovery is ongoing" for when Bair Hugger use was discovered. | |
|---|---|---|---|
| Henderson, Stephanie 0:17-cv-04517 | 8/39/2018 | **Section II (Personal Information)** Part 7: Indicates prior marriages, but does not provide dates of birth for several husbands.<br><br>**Section III (Surgery Information)** Part 1: Indicates Bair Hugger system was used during surgery, but fails to identify particular medical records that purportedly evidence said use, answering only "Medical Records."<br><br>**Section IV (General Medical Information)** Part 3: Provides healthcare providers seven (7) years prior to surgery, but states only "does not recall" for numerous providers' dates of service. | Bernstein Liebhard LLP |
| Edwards, Renate 0:17-cv-04891 | 4/17/2018 | **Verification:** Plaintiff provided an improper re-dated photocopy of a prior verification with the amended PFS submission. *See* Dkt. Nos. 1563 and 1564. | Bernstein Liebhard LLP |
| Spry, John 0:17-cv-05199 | 7/05/2018 | **Section III (Surgery Information)** Part 1: Indicates Bair Hugger system was used during surgery, but fails to identify particular medical records that purportedly evidence said use, answering only "Bair Hugger Warming Unit is listed under 'Procedure Equipment' in the Intra-operative record of medical records" | Pendley, Baudin, & Coffin, L.L.P. |
| Picuri, David 0:17-cv-05200 | 7/24/2018 | **Section III (Surgery Information)** Part 1: Indicates Bair Hugger system was used during surgery, but fails to identify particular medical records that purportedly evidence said use, answering only "Documents produced in discovery by defense show Bair | Pendley, Baudin, & Coffin, L.L.P. |

| | | Hugger was utilized at facility at which plaintiff underwent orthopedic surgery." | |
|---|---|---|---|
| Reed, Tommy<br>0:17-cv-05202 | 7/05/2018 | **Section II (Personal Information)**<br>Part 10: Provides employer for last 10 years, but no response to employer address.<br><br>**Section III (Surgery Information)**<br>Part 1: Indicates Bair Hugger system was used during surgery, but fails to identify particular medical records that purportedly evidence said use, answering only "Documents produced in discovery by defense show Bair Hugger was utilized at facility at which plaintiff underwent orthopedic surgery. Additionally, hospital records state 'Forced Air Warming Upper Body Blanket' was used during the surgery." | Pendley, Baudin, & Coffin, L.L.P. |
| Johnston, Todd<br>0:17-cv-05270 | 4/17/2018 | **Verification:** Plaintiff provided an improper re-dated photocopy of a prior verification with the amended PFS submission. *See* Dkt. Nos. 1563 and 1564. | Bernstein Liebhard LLP |
| Gilmore, Kenneth<br>0:17-cv-05271 | 6/18/2018 | **Section II (Personal Information)**<br>Part 6: Plaintiff only indicated residences for the last five years, rather than 10 years as required.<br><br>**Section III (Surgery Information)**<br>Part 1: Indicates Bair Hugger system was used during surgery, but fails to identify particular medical records that purportedly evidence said use, answering only "Documents produced in discovery by defense show Bair Hugger was utilized at facility at which plaintiff underwent orthopedic surgery. Additionally, hospital records state 'Forced Air Warming Upper | The Webster Law Firm |

| | | Body Blanket' was used during the surgery." | |
|---|---|---|---|
| Billings, Willard 0:17-cv-05277 | 4/17/2018 | **Verification:** Plaintiff provided an improper re-dated photocopy of a prior verification with the amended PFS submission. *See* Dkt. Nos. 1563 and 1564. | Bernstein Liebhard LLP |
| Robinson, Michael 0:18-cv-00263 | 8/15/2018 | **Section III (Surgery Information)** Part 3: Hospital name, surgery date/location/ physician, type of surgery, reason for surgery, medical conditions at time of surgery infections prior to surgery, and persons with whom plaintiff discussed risks of surgery provided, but responded "NA" to height/weight at time of surgery and cause of infection. **Section IV (General Medical Information)** Part 3: Provides healthcare providers seven (7) years prior to surgery, but no response to dates of service. | The Law Offices of Travis R. Walker, P.A. |
| Falcetta, Edward 0:18-cv-00432 | 6/08/2018 | **Section III (Surgery Information)** Part 1: Indicates Bair Hugger system was used during surgery, but fails to identify particular medical records that purportedly evidence said use, answering only "A warming device was shown to have been utilized during my surgery which caused infection" and states "I do not recall but reserve my right to refresh my memory" for date of discovery of this information. | Levin, Papantonio, Thomas, Mitchell, Rafferty, & Proctor, P.A. |
| Darwick, Robert 0:18-cv-00670 | 7/18/2018 | **Section III (Surgery Information)** Part 1: Indicates Bair Hugger system was used during surgery, but fails to identify particular medical records that purportedly evidence said use, answering only "In the anesthesia records, a warming device was shown | Levin, Papantonio, Thomas, Mitchell, Rafferty, & Proctor, P.A. |

| | | | |
|---|---|---|---|
| | | to have been utilized" and states "Plaintiff's attorney discovered this information" for date of discovery of this information. | |
| Welch, Leon 0:18-cv-00674 | 7/10/2018 | **Section III (Surgery Information)** Part 1: Indicates Bair Hugger system was used during surgery, but fails to identify particular medical records that purportedly evidence said use, answering only "In the operative report, a warming device was shown to have been utilized" and states "Plaintiff's attorney discovered this information" for date of discovery of this information. | Levin, Papantonio, Thomas, Mitchell, Rafferty, & Proctor, P.A. |
| Wolf, Joyce 0:18-cv-00675 | 6/29/2018 | **Section III (Surgery Information)** Part 1: Indicates Bair Hugger system was used during surgery, but fails to identify particular medical records that purportedly evidence said use, answering only "In the anesthesia records, a warming blanket was shown to have been utilized" and states "I do not recall but reserve my right to refresh my memory" for date of discovery of this information. | Levin, Papantonio, Thomas, Mitchell, Rafferty, & Proctor, P.A. |
| Conrad, John 0:18-cv-00688 | 7/11/2018 | **Section III (Surgery Information)** Part 1: Indicates Bair Hugger system was used during surgery, but fails to identify particular medical records that purportedly evidence said use, answering only "In the peri-operative nursing notes, a warming device was shown to have been utilized during my surgery which caused infection" and states "Plaintiff's attorney discovered this information" for date of discovery of this information. | Levin, Papantonio, Thomas, Mitchell, Rafferty, & Proctor, P.A. |
| Hauser, Michael 0:18-cv-00691 | 6/29/2018 | **Section III (Surgery Information)** Part 1: Indicates Bair Hugger system was used during surgery, but fails to identify particular medical records | Levin, Papantonio, Thomas, Mitchell, |

| | | | |
|---|---|---|---|
| | | that purportedly evidence said use, answering only "Patient Care Flow sheet indicates that a Bair Hugger warming device was utilized during my surgery that caused infection" and states "I do not recall but reserve my right to refresh my memory" for date of discovery of this information. | Rafferty, & Proctor, P.A. |
| Farrell, Thomas 0:18-cv-00803 | 7/10/2018 | **Section III (Surgery Information)** Part 1: Indicates Bair Hugger system was used during surgery, but fails to identify particular medical records that purportedly evidence said use, answering only "It's in my medical records." Part 3: Hospital name, surgery date/location/ physician, type of surgery, and reason for surgery provided, but no response to infections prior to surgery, persons with whom plaintiff discussed risks of surgery, cause of infection, height/weight at time of surgery, and medical conditions at time of surgery.<br><br>**Section IX (Loss of Consortium)** Part 1: No dates of use for prior names/aliases. | The Olinde Firm, LLC |
| Snow, Lorraine 0:18-cv-00962 | 7/09/2018 | **Section III (Surgery Information)** Part 1: Indicates Bair Hugger system was used during surgery, but fails to identify particular medical records that purportedly evidence said use, answering only "In the intra-operative nursing notes, a warming device was shown to have been utilized" and states "Plaintiff's attorney discovered this information" for date of discovery of this information. | Levin, Papantonio, Thomas, Mitchell, Rafferty, & Proctor, P.A. |
| Wolfe, Stanley 0:18-cv-00963 | 7/05/2018 | **Section III (Surgery Information)** Part 1: Indicates Bair Hugger system was used during surgery, but fails to | Levin, Papantonio, Thomas, |

| | | | |
|---|---|---|---|
| | | identify particular medical records that purportedly evidence said use, answering only "In the intra-operative nursing notes, a warming device was shown to have been utilized" and states "Plaintiff's attorney discovered this information" for date of discovery of this information. | Mitchell, Rafferty, & Proctor, P.A. |
| Branch, Charles 0:18-cv-00965 | 7/10/2018 | **Section III (Surgery Information)** Part 1: Indicates Bair Hugger system was used during surgery, but fails to identify particular medical records that purportedly evidence said use, answering only "In the peri-operative nursing notes, a warming device was shown to have been utilized" and states "Plaintiff's attorney discovered this information" for date of discovery of this information. | Levin, Papantonio, Thomas, Mitchell, Rafferty, & Proctor, P.A. |
| Ramondo, Joseph 0:18-cv-00962 | 7/09/2018 | **Section III (Surgery Information)** Part 1: Indicates Bair Hugger system was used during surgery, but fails to identify particular medical records that purportedly evidence said use, answering only "In the intra-operative nursing notes, a warming device was shown to have been utilized" and states "Plaintiff's attorney discovered this information" for date of discovery of this information. | Levin, Papantonio, Thomas, Mitchell, Rafferty, & Proctor, P.A. |
| Rodliff, Peter 0:18-cv-01098 | 8/15/2018 | **Section III (Surgery Information)** Part 1: Indicates Bair Hugger system was used during surgery, but fails to identify particular medical records that purportedly evidence said use, answering only "In the intra-operative notes, a warming device was shown to have been utilized" and states "Plaintiff's attorney discovered this information" for date of discovery of this information. | Levin, Papantonio, Thomas, Mitchell, Rafferty, & Proctor, P.A. |

| Reid, Patricia<br>0:18-cv-01099 | 7/09/2018 | **Section III (Surgery Information)**<br>Part 1: Indicates Bair Hugger system was used during surgery, but fails to identify particular medical records that purportedly evidence said use, answering only "In the intra-operative nursing notes, a warming device was shown to have been utilized" and states "Plaintiff's attorney discovered this information" for date of discovery of this information. | Levin, Papantonio, Thomas, Mitchell, Rafferty, & Proctor, P.A. |
|---|---|---|---|
| Roshell, Doreen<br>0:18-cv-01101 | 6/19/2018 | **Section III (Surgery Information)**<br>Part 1: Indicates Bair Hugger system was used during surgery, but fails to identify particular medical records that purportedly evidence said use, answering only "In the anesthesia records, the Bair Hugger device was shown to have been utilized" and states "I do not recall but reserve my right to refresh my memory" for date of discovery of this information. | Levin, Papantonio, Thomas, Mitchell, Rafferty, & Proctor, P.A. |
| Shade, Collette<br>0:18-cv-01113 | 7/30/2018 | **Section III (Surgery Information)**<br>Part 1: Indicates Bair Hugger system was used during surgery, but fails to identify particular medical records that purportedly evidence said use, answering only "In the intra-operative nursing notes, a warming device was shown to have been utilized" and states "Plaintiff's attorney discovered this information" for date of discovery of this information. | Levin, Papantonio, Thomas, Mitchell, Rafferty, & Proctor, P.A. |
| Scott, Margaret<br>0:18-cv-01119 | 7/09/2018 | **Section III (Surgery Information)**<br>Part 1: Indicates Bair Hugger system was used during surgery, but fails to identify particular medical records that purportedly evidence said use, answering only "In the intra-operative nursing notes, a warming device was shown to have been utilized" and states "Plaintiff's attorney discovered | Levin, Papantonio, Thomas, Mitchell, Rafferty, & Proctor, P.A. |

| | | this information" for date of discovery of this information. | |
|---|---|---|---|
| Turnage, Dalton 0:18-cv-01122 | 8/07/2018 | **Section VII (Economic Damages)** Part 2:  Plaintiff responded only "Unable to calculate" for approximate amount of claimed future wage loss. | Levin, Papantonio, Thomas, Mitchell, Rafferty, & Proctor, P.A. |
| Twichell, Ben 0:18-cv-01123 | 6/19/2018 | **Section III (Surgery Information)** Part 1: Indicates Bair Hugger system was used during surgery, but fails to identify particular medical records that purportedly evidence said use, answering only "In the intra-operative nursing notes, a warming device was shown to have been utilized" and states "I do not recall but reserve my right to refresh my memory" for date of discovery of this information. | Levin, Papantonio, Thomas, Mitchell, Rafferty, & Proctor, P.A. |
| Yost, Michael 0:18-cv-01124 | 7/30/2018 | **Section III (Surgery Information)** Part 1: Indicates Bair Hugger system was used during surgery, but fails to identify particular medical records that purportedly evidence said use, answering only "In the anesthesia report indicates a Bair Hugger device was utilized." | Levin, Papantonio, Thomas, Mitchell, Rafferty, & Proctor, P.A. |
| Johnson, Roger 0:18-cv-01171 | 8/06/2018 | **Section III (Surgery Information)** Part 1: Indicates Bair Hugger system was used during surgery, but fails to identify particular medical records that purportedly evidence said use, answering only "In the anesthesia report indicates a Bair Hugger device was utilized" and states "Plaintiff's attorney discovered this information" for date of discovery of this information. | Levin, Papantonio, Thomas, Mitchell, Rafferty, & Proctor, P.A. |
| Cerbins, Rosemary 0:18-cv-01505 | 7/24/2018 | **Section III (Surgery Information)** Part 1: Indicates Bair Hugger system was used during surgery, but fails to | Levin, Papantonio, Thomas, |

| | | identify particular medical records that purportedly evidence said use, answering only "In the anesthesia records, a  forced air warming device was shown to have been utilized" and states "Plaintiff's attorney discovered this information" for date of discovery of this information. | Mitchell, Rafferty, & Proctor, P.A. |
|---|---|---|---|
| Mitchell, James 0:18-cv-01515 | 8/14/2018 | **Section VII (Economic Damages)** Part 2:  Plaintiff responded only "Unable to calculate an exact amount" for approximate amount of claimed future wage loss. | Levin, Papantonio, Thomas, Mitchell, Rafferty, & Proctor, P.A. |
| Custer, Nettie 0:18-cv-01517 | 7/24/2018 | **Section II (Personal Information)** Part 7: No response to being married, states only "Plaintiff does not recall."<br><br>**Section III (Surgery Information)** Part 1: Indicates Bair Hugger system was used during surgery, but fails to identify particular medical records that purportedly evidence said use, answering only "In the anesthesia records, a warming device is shown to have been utilized" and states "Plaintiff's attorney discovered this information" for date of discovery of this information. | Levin, Papantonio, Thomas, Mitchell, Rafferty, & Proctor, P.A. |