# EXHIBIT A



BLACKWELL
BURKE P.A.

Benjamin W. Hulse
Direct Dial: 612-343-3256
E-Mail: bhulse@blackwellburke.com

February 28, 2018

**VIA EMAIL AND U.S. MAIL**
Wesley G. Barr
The Olinde Firm, LLC
400 Poydras Street Suite 1980
New Orleans, LA 70130
wbarr@olindefirm.com

Re:   *In re Bair Hugger Forced Air Warming Devices Products Liability Litigation*
      MDL No. 2666 – Deficiencies in Amended Plaintiff Fact Sheet
      *Pimentel, Carlos v. 3M Company et al* Case No.: 0:17-cv-03899-JNE-FLN

Dear Counsel:

We are in receipt of the amended Plaintiff Fact Sheet (PFS) for the above-captioned matter. The PFS still has core deficiencies, as set forth in the enclosed report.

Paragraph 4 of Pretrial Order No. 14 defines core deficiencies as "a lack of response to all questions in Section I, Section II, and Section III; Section IV, questions 1, 3, 7, 8, 9, 10; Section V, questions 5, 6, and 7; Section VI, questions 1, 3, 6, 7, 8, and 9; Section VII, questions 1 and 2; Section 8, question 2; Section IX, questions 1, 3, and 4, or lack of signed medical authorizations." Paragraph 3 further requires a signed verification.

In addition, the instructions on the PFS form prohibit leaving spaces blank and provide as follows: "If a question is not applicable to you, please state 'Not Applicable' or 'N/A.'" In our review, many deficiencies resulted from a plaintiff leaving one or more spaces blank.

Pursuant to paragraph 6 of PTO 14, within 3 weeks of the date of this letter, you must respond in writing by either (1) curing the deficiencies (by serving a further revised, verified PFS through Plaintiffs' portal); (2) disputing the deficiencies and setting forth the reasons the PFS is not deficient; or (3) explaining why the deficiencies cannot be timely cured. When serving a revised, verified PFS through Plaintiff's portal, you do not need to resubmit documents that were previously served with the original PFS.

Sincerely,

s/ Benjamin W. Hulse

Benjamin W. Hulse

cc: Plaintiffs' Co-Lead Counsel
Enclosure

Title "Pimentel_Carlos_017-cv-03899_1_Pimentel_Carlos_017-cv-03899_1"

**Pimentel_Carlos_017-cv-03899_1_Pimentel_Carlos_017-cv-03899_1**

PLAINTIFFS' LAST NAME - Pimentel
PLAINTIFFS' FIRST NAME - Carlos
CASE NO. - 0:17-cv-03899
SECTION I (CASE INFORMATION) -
SECTION II (PERSONAL INFORMATION) - Incomplete
SECTION II - INCOMPLETE QUESTIONS - 06, 09
SECTION III   (SURGERY INFORMATION) -
SECTION IV - 1 (VITAL STATISTICS) -
SECTION IV - 10   (DRUG/ALCOHOL) -
SECTION IV - 3 (HEALTHCARE PROVIDERS) -
SECTION IV - 7   (PHARMACIES/DRUGSTORES) - Incomplete
SECTION IV - 8   (DENTAL PROCEDURES) -
SECTION IV - 9   (TOBACCO) -
SECTION IX - 1   (CONSORTIUM NAME ETC.) -
SECTION IX - 3   (RESIDENCES) -
SECTION IX - 4   (MARRIED) -
SECTION V - 5   (DISABILITY CLAIMS) -
SECTION V - 6   (LAWSUITS) -
SECTION V - 7   (BANKRUPTCY) -
SECTION VI - 1   (PHYSICAL INJURY) -
SECTION VI - 3   (EMOTIONAL DISTRESS) -
SECTION VI - 6   (WARNINGS) -
SECTION VI - 7   (3M/ARIZANT COMMUNICATIONS) -
SECTION VI - 8   (3M/ARIZANT WARRANTY) -
SECTION VI - 9   (AUGUSTINE) -
SECTION VII - 1   (LOST PAST WAGES) -
SECTION VII - 2   (LOST FUTURE WAGES) -
SECTION VIII - 2   (VERBAL/WRITTEN STATEMENT) -
X.01 - SIGNED AUTHORIZATION -
X.02.D - DOCUMENTS - SIGNED VERIFICATION - Incomplete
I.03.B - PLAINTIFFS' COUNSEL'S FIRM - The Olinde Firm, LLC
I.03.E - PLAINTIFFS' COUNSEL'S EMAIL - wbarr@olindefirm.com



## BLACKWELL BURKE P.A.

Benjamin W. Hulse
Direct Dial: 612-343-3256
E-Mail: bhulse@blackwellburke.com

April 2, 2018

**VIA EMAIL AND U.S. MAIL**
Amanda M Williams
Gustafson Gluek PLLC
120 South Sixth Street, Suite 2600
Minneapolis, MN 55402
awilliams@gustafsongluek.com

> Re:   *In re Bair Hugger Forced Air Warming Devices Products Liability Litigation*
> MDL No. 2666 – Deficiencies in Amended Plaintiff Fact Sheet
> *Adams, Artis v. 3M Company et al* Case No.: 0:17-cv-04467-JNE-FLN

Dear Counsel:

We are in receipt of the amended Plaintiff Fact Sheet (PFS) for the above-captioned matter. The PFS still has core deficiencies, as set forth in the enclosed report.

Paragraph 4 of Pretrial Order No. 14 defines core deficiencies as "a lack of response to all questions in Section I, Section II, and Section III; Section IV, questions 1, 3, 7, 8, 9, 10; Section V, questions 5, 6, and 7; Section VI, questions 1, 3, 6, 7, 8, and 9; Section VII, questions 1 and 2; Section 8, question 2; Section IX, questions 1, 3, and 4, or lack of signed medical authorizations." Paragraph 3 further requires a signed verification.

In addition, the instructions on the PFS form prohibit leaving spaces blank and provide as follows: "If a question is not applicable to you, please state 'Not Applicable' or 'N/A.'" In our review, many deficiencies resulted from a plaintiff leaving one or more spaces blank.

Pursuant to paragraph 6 of PTO 14, within 3 weeks of the date of this letter, you must respond in writing by either (1) curing the deficiencies (by serving a further revised, verified PFS through Plaintiffs' portal); (2) disputing the deficiencies and setting forth the reasons the PFS is not deficient; or (3) explaining why the deficiencies cannot be timely cured. When serving a revised, verified PFS through Plaintiff's portal, you do not need to resubmit documents that were previously served with the original PFS.

Sincerely,

s/ Benjamin W. Hulse

Benjamin W. Hulse

cc: Plaintiffs' Co-Lead Counsel

---

431 South Seventh Street, Suite 2500    Minneapolis, MN 55415    Main 612.343.3200    Fax 612.343.3205
www.blackwellburke.com

Title "Adams_Artis _17-cv-04467_1_Adams_Artis _17-cv-04467_1"

Adams_Artis _17-cv-04467_1_Adams_Artis _17-cv-04467_1

PLAINTIFFS' LAST NAME - Adams
PLAINTIFFS' FIRST NAME - Artis
CASE NO. - 17-cv-04467
SECTION I (CASE INFORMATION) -
SECTION II (PERSONAL INFORMATION) - Incomplete
SECTION II - INCOMPLETE QUESTIONS - 06
SECTION III   (SURGERY INFORMATION) - Incomplete
SECTION III - INCOMPLETE QUESTIONS - 01, 03
SECTION IV - 1 (VITAL STATISTICS) -
SECTION IV - 10   (DRUG/ALCOHOL) -
SECTION IV - 3 (HEALTHCARE PROVIDERS) -
SECTION IV - 7   (PHARMACIES/DRUGSTORES) -
SECTION IV - 8   (DENTAL PROCEDURES) -
SECTION IV - 9   (TOBACCO) -
SECTION IX - 1   (CONSORTIUM NAME ETC.) -
SECTION IX - 3   (RESIDENCES) -
SECTION IX - 4   (MARRIED) -
SECTION V - 5   (DISABILITY CLAIMS) -
SECTION V - 6   (LAWSUITS) -
SECTION V - 7   (BANKRUPTCY) -
SECTION VI - 1   (PHYSICAL INJURY) -
SECTION VI - 3   (EMOTIONAL DISTRESS) -
SECTION VI - 6   (WARNINGS) -
SECTION VI - 7   (3M/ARIZANT COMMUNICATIONS) -
SECTION VI - 8   (3M/ARIZANT WARRANTY) -
SECTION VI - 9   (AUGUSTINE) -
SECTION VII - 1   (LOST PAST WAGES) -
SECTION VII - 2   (LOST FUTURE WAGES) -
SECTION VIII - 2   (VERBAL/WRITTEN STATEMENT) -
X.01 - SIGNED AUTHORIZATION -
X.02.D - DOCUMENTS - SIGNED VERIFICATION -
I.03.B - PLAINTIFFS' COUNSEL'S FIRM - Gustafson Gluek
I.03.E - PLAINTIFFS' COUNSEL'S EMAIL - awilliams@gustafsongluek.com



BLACKWELL
BURKE P.A.

Benjamin W. Hulse
Direct Dial: 612-343-3256
E-Mail: bhulse@blackwellburke.com

September 10, 2018

**VIA EMAIL AND U.S. MAIL**
Wesley G. Barr
The Olinde Firm, LLC
400 Poydras Street Suite 1980
New Orleans, LA 70130
wbarr@olindefirm.com
folinde@olindefirm.com

Re:   *In re Bair Hugger Forced Air Warming Devices Products Liability Litigation*
MDL No. 2666 – Deficiencies in Plaintiff Fact Sheet for Individual Case
*Carter, Gregory v. 3M Company et al* Case No.: 0:18-cv-01416-JNE-FLN

Dear Counsel:

We are in receipt of the Plaintiff Fact Sheet (PFS) for the above-captioned matter. The PFS has core deficiencies, as set forth in the enclosed report.

Paragraph 4 of Pretrial Order No. 14 defines core deficiencies as "a lack of response to all questions in Section I, Section II, and Section III; Section IV, questions 1, 3, 7, 8, 9, 10; Section V, questions 5, 6, and 7; Section VI, questions 1, 3, 6, 7, 8, and 9; Section VII, questions 1 and 2; Section 8, question 2; Section IX, questions 1, 3, and 4, or lack of signed medical authorizations." Paragraph 3 further requires a signed verification.

In addition, the instructions on the PFS form prohibit leaving spaces blank and provide as follows: "If a question is not applicable to you, please state 'Not Applicable' or 'N/A.'" In our review, many deficiencies resulted from a plaintiff leaving one or more spaces blank.

Pursuant to paragraph 6 of PTO 14, within 3 weeks of the date of this letter, you must respond in writing by either (1) curing the deficiencies (by serving a revised, verified PFS through Plaintiffs' portal); (2) disputing the deficiencies and setting forth the reasons the PFS is not deficient; or (3) explaining why the deficiencies cannot be timely cured. When serving a revised, verified PFS through Plaintiff's portal, you do not need to resubmit documents that were previously served with the original PFS. This is a final deficiency notice for this matter.

Sincerely,

s/ Benjamin W. Hulse

Benjamin W. Hulse

cc: Plaintiffs' Co-Lead Counsel

| | |
|---|---|
| **Plaintiffs' Last Name** | Carter |
| **Plaintiffs' First Name** | Gregory |
| **Case No.** | 0:18-cv-01416 |
| **Section I (Case Information)** | |
| **Section I - Incomplete Questions** | |
| **Section II (Personal Information)** | Incomplete |
| **Section II - Incomplete Questions** | 1 |
| **Section III (Surgery Information)** | Incomplete |
| **Section III - Incomplete Questions** | 1 |
| **Section IV - 1 (Vital Statistics)** | |
| **Section IV - 3 (Healthcare Providers)** | Incomplete |
| **Section IV - 7 (Pharmacies/Drugstores)** | Incomplete |
| **Section IV - 8 (Dental Procedures)** | |
| **Section IV - 9 (Tobacco)** | |
| **Section IV - 10 (Drug/Alcohol)** | |
| **Section V - 4 (Disability Claims)** | |
| **Section V - 5 (Lawsuits)** | |
| **Section V - 6 (Bankruptcy)** | |
| **Section VI - 1 (Physical Injury)** | |
| **Section VI - 3 (Emotional Distress)** | |
| **Section VI - 6 (Warnings)** | |
| **Section VI - 7 (3M/Arizant Communications)** | |
| **Section VI - 8 (3M/Arizant Warranty)** | |
| **Section VI - 9 (Augustine)** | |
| **Section VII - 1 (Lost Past Wages)** | |
| **Section VII - 2 (Lost Future Wages)** | |
| **Section VIII - 2 (Verbal/Written Statement)** | |
| **Section IX - 1 (Consortium Name etc.)** | Incomplete |
| **Section IX - 3 (Residences)** | |
| **Section IX - 4 (Married)** | |
| **X.01 - Signed Authorization** | |
| **X.02.d - Documents - Signed Verification** | Incomplete |
| **I.03.b - Plaintiffs' Counsel's Firm** | The Olinde Firm, LLC |
| **I.03.e - Plaintiffs' Counsel's Email** | folinde@olindefirm.com |

# EXHIBIT B


**BLACKWELL**
**BURKE** P.A.

Benjamin W. Hulse
Direct Dial: 612-343-3256
E-Mail: bhulse@blackwellburke.com

August 3, 2018

**VIA EMAIL AND U.S. MAIL**
Daniel A. Nigh
Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, P.A.
316 South Baylen St. Suite 400
Pensacola, Florida 32502
dnigh@levinlaw.com

> Re:    *In re Bair Hugger Forced Air Warming Devices Products Liability Litigation*
> MDL No. 2666 – Deficiencies in Amended Plaintiff Fact Sheet
> *(Kohout), Barnes, Shirley v. 3M Company* Case No.: 0:16-cv-00798-JNE-FLN

Dear Counsel:

We are in receipt of the amended Plaintiff Fact Sheet (PFS) for the above-captioned matter. The PFS still has core deficiencies, as set forth in the enclosed report.

Paragraph 4 of Pretrial Order No. 14 defines core deficiencies as "a lack of response to all questions in Section I, Section II, and Section III; Section IV, questions 1, 3, 7, 8, 9, 10; Section V, questions 5, 6, and 7; Section VI, questions 1, 3, 6, 7, 8, and 9; Section VII, questions 1 and 2; Section 8, question 2; Section IX, questions 1, 3, and 4, or lack of signed medical authorizations." Paragraph 3 further requires a signed verification.

In addition, the instructions on the PFS form prohibit leaving spaces blank and provide as follows: "If a question is not applicable to you, please state 'Not Applicable' or 'N/A.'" In our review, many deficiencies resulted from a plaintiff leaving one or more spaces blank.

Pursuant to paragraph 6 of PTO 14, within 3 weeks of the date of this letter, you must respond in writing by either (1) curing the deficiencies (by serving a further revised, verified PFS through Plaintiffs' portal); (2) disputing the deficiencies and setting forth the reasons the PFS is not deficient; or (3) explaining why the deficiencies cannot be timely cured. When serving a revised, verified PFS through Plaintiff's portal, you do not need to resubmit documents that were previously served with the original PFS. This is the final deficiency notice for this matter.

Sincerely,

s/ Benjamin W. Hulse

Benjamin W. Hulse

cc: Plaintiffs' Co-Lead Counsel
Enclosure

| | |
|---|---|
| Plaintiffs' Last Name | Kohout |
| Plaintiffs' First Name | Richard |
| Case No. | 0:16-cv-00798 |
| Section I (Case Information) | |
| Section I - Incomplete Questions | |
| Section II (Personal Information) | Incomplete |
| Section II - Incomplete Questions | 09, 10, |
| Section III (Surgery Information) | Incomplete |
| Section III - Incomplete Questions | 01 |
| Section IV - 1 (Vital Statistics) | |
| Section IV - 3 (Healthcare Providers) | |
| Section IV - 7 (Pharmacies/Drugstores) | |
| Section IV - 8 (Dental Procedures) | |
| Section IV - 9 (Tobacco) | |
| Section IV - 10 (Drug/Alcohol) | |
| Section V - 4 (Disability Claims) | |
| Section V - 5 (Lawsuits) | |
| Section V - 6 (Bankruptcy) | |
| Section VI - 1 (Physical Injury) | |
| Section VI - 3 (Emotional Distress) | |
| Section VI - 6 (Warnings) | |
| Section VI - 7 (3M/Arizant Communications) | |
| Section VI - 8 (3M/Arizant Warranty) | |
| Section VI - 9 (Augustine) | |
| Section VII - 1 (Lost Past Wages) | |
| Section VII - 2 (Lost Future Wages) | |
| Section VIII - 2 (Verbal/Written Statement) | |
| Section IX - 1 (Consortium Name etc.) | |
| Section IX - 3 (Residences) | |
| Section IX - 4 (Married) | |
| X.01 - Signed Authorization | |
| X.02.d - Documents - Signed Verification | |
| I.03.b - Plaintiffs' Counsel's Firm | Levin, Papantonio, Thomas, Mitchell, Rafferty, Proctor P.A. |
| I.03.e - Plaintiffs' Counsel's Email | dnigh@levinlaw.com |



**BLACKWELL BURKE** P.A.

Benjamin W. Hulse
Direct Dial: 612-343-3256
E-Mail: bhulse@blackwellburke.com

August 3, 2018

**VIA EMAIL AND U.S. MAIL**
Daniel A. Nigh
Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, P.A.
316 South Baylen St. Suite 400
Pensacola, Florida 32502
dnigh@levinlaw.com

> Re: *In re Bair Hugger Forced Air Warming Devices Products Liability Litigation*
> MDL No. 2666 – Deficiencies in Amended Plaintiff Fact Sheet
> *Bond, Karen (OBO Thomas Bond) v. 3M Company* Case No.: 0:16-cv-04161-JNE-FLN

Dear Counsel:

We are in receipt of the amended Plaintiff Fact Sheet (PFS) for the above-captioned matter. The PFS still has core deficiencies, as set forth in the enclosed report.

Paragraph 4 of Pretrial Order No. 14 defines core deficiencies as "a lack of response to all questions in Section I, Section II, and Section III; Section IV, questions 1, 3, 7, 8, 9, 10; Section V, questions 5, 6, and 7; Section VI, questions 1, 3, 6, 7, 8, and 9; Section VII, questions 1 and 2; Section 8, question 2; Section IX, questions 1, 3, and 4, or lack of signed medical authorizations." Paragraph 3 further requires a signed verification.

In addition, the instructions on the PFS form prohibit leaving spaces blank and provide as follows: "If a question is not applicable to you, please state 'Not Applicable' or 'N/A.'" In our review, many deficiencies resulted from a plaintiff leaving one or more spaces blank.

Pursuant to paragraph 6 of PTO 14, within 3 weeks of the date of this letter, you must respond in writing by either (1) curing the deficiencies (by serving a further revised, verified PFS through Plaintiffs' portal); (2) disputing the deficiencies and setting forth the reasons the PFS is not deficient; or (3) explaining why the deficiencies cannot be timely cured. When serving a revised, verified PFS through Plaintiff's portal, you do not need to resubmit documents that were previously served with the original PFS. This is the final deficiency notice for this matter.

Sincerely,

s/ Benjamin W. Hulse

Benjamin W. Hulse

cc: Plaintiffs' Co-Lead Counsel

| | |
|---|---|
| Plaintiffs' Last Name | Bond |
| Plaintiffs' First Name | Thomas |
| Case No. | 0:16-cv-04161 |
| Section I (Case Information) | |
| Section I - Incomplete Questions | |
| Section II (Personal Information) | Incomplete |
| Section II - Incomplete Questions | 08, 09, 10, 12, |
| Section III (Surgery Information) | Incomplete |
| Section III - Incomplete Questions | 01 |
| Section IV - 1 (Vital Statistics) | Incomplete |
| Section IV - 3 (Healthcare Providers) | |
| Section IV - 7 (Pharmacies/Drugstores) | |
| Section IV - 8 (Dental Procedures) | |
| Section IV - 9 (Tobacco) | |
| Section IV - 10 (Drug/Alcohol) | |
| Section V - 4 (Disability Claims) | |
| Section V - 5 (Lawsuits) | |
| Section V - 6 (Bankruptcy) | |
| Section VI - 1 (Physical Injury) | Incomplete |
| Section VI - 3 (Emotional Distress) | |
| Section VI - 6 (Warnings) | |
| Section VI - 7 (3M/Arizant Communications) | |
| Section VI - 8 (3M/Arizant Warranty) | |
| Section VI - 9 (Augustine) | Incomplete |
| Section VII - 1 (Lost Past Wages) | |
| Section VII - 2 (Lost Future Wages) | |
| Section VIII - 2 (Verbal/Written Statement) | |
| Section IX - 1 (Consortium Name etc.) | |
| Section IX - 3 (Residences) | |
| Section IX - 4 (Married) | |
| X.01 - Signed Authorization | |
| X.02.d - Documents - Signed Verification | |
| I.03.b - Plaintiffs' Counsel's Firm | Levin, Papantonio, Thomas, Mitchell, Rafferty, Proctor P.A. |
| I.03.e - Plaintiffs' Counsel's Email | dnigh@levinlaw.com |



Benjamin W. Hulse
Direct Dial: 612-343-3256
E-Mail: bhulse@blackwellburke.com

June 22, 2018

**VIA EMAIL AND U.S. MAIL**
Daniel A. Nigh
Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, P.A
316 South Baylen St. Suite 400
Pensacola, Florida 32502
dnigh@levinlaw.com

   Re: *In re Bair Hugger Forced Air Warming Devices Products Liability Litigation*
     MDL No. 2666 – Deficiencies in Amended Plaintiff Fact Sheet
     *Ussery v. 3M Company et al* Case No.: 0:17-cv-01703-JNE-FLN

Dear Counsel:

We are in receipt of the amended Plaintiff Fact Sheet (PFS) for the above-captioned matter. The PFS still has core deficiencies, as set forth in the enclosed report.

Paragraph 4 of Pretrial Order No. 14 defines core deficiencies as "a lack of response to all questions in Section I, Section II, and Section III; Section IV, questions 1, 3, 7, 8, 9, 10; Section V, questions 5, 6, and 7; Section VI, questions 1, 3, 6, 7, 8, and 9; Section VII, questions 1 and 2; Section 8, question 2; Section IX, questions 1, 3, and 4, or lack of signed medical authorizations." Paragraph 3 further requires a signed verification.

In addition, the instructions on the PFS form prohibit leaving spaces blank and provide as follows: "If a question is not applicable to you, please state 'Not Applicable' or 'N/A.'" In our review, many deficiencies resulted from a plaintiff leaving one or more spaces blank.

Pursuant to paragraph 6 of PTO 14, within 3 weeks of the date of this letter, you must respond in writing by either (1) curing the deficiencies (by serving a further revised, verified PFS through Plaintiffs' portal); (2) disputing the deficiencies and setting forth the reasons the PFS is not deficient; or (3) explaining why the deficiencies cannot be timely cured. When serving a revised, verified PFS through Plaintiff's portal, you do not need to resubmit documents that were previously served with the original PFS. This is the final deficiency notice for this matter.

Sincerely,

s/ Benjamin W. Hulse

Benjamin W. Hulse

cc: Plaintiffs' Co-Lead Counsel
Enclosure

| | |
|---|---|
| Plaintiffs' Last Name | Ussery |
| Plaintiffs' First Name | Bruce |
| Case No. | 0:17-cv-01703 |
| Section I (Case Information) | |
| Section I - Incomplete Questions | |
| Section II (Personal Information) | Incomplete |
| Section II - Incomplete Questions | 01, 02, 03, 05, 06, 08, 09, 10, 11, 12, 13, 14, 15, 16 |
| Section III (Surgery Information) | Incomplete |
| Section III - Incomplete Questions | 01, 02, 03, 04, 05 |
| Section IV - 1 (Vital Statistics) | Incomplete |
| Section IV - 3 (Healthcare Providers) | Incomplete |
| Section IV - 7 (Pharmacies/Drugstores) | Incomplete |
| Section IV - 8 (Dental Procedures) | Incomplete |
| Section IV - 9 (Tobacco) | Incomplete |
| Section IV - 10 (Drug/Alcohol) | Incomplete |
| Section V - 4 (Disability Claims) | Incomplete |
| Section V - 5 (Lawsuits) | Incomplete |
| Section V - 6 (Bankruptcy) | Incomplete |
| Section VI - 1 (Physical Injury) | Incomplete |
| Section VI - 3 (Emotional Distress) | Incomplete |
| Section VI - 6 (Warnings) | Incomplete |
| Section VI - 7 (3M/Arizant Communications) | Incomplete |
| Section VI - 8 (3M/Arizant Warranty) | Incomplete |
| Section VI - 9 (Augustine) | Incomplete |
| Section VII - 1 (Lost Past Wages) | Incomplete |
| Section VII - 2 (Lost Future Wages) | Incomplete |
| Section VIII - 2 (Verbal/Written Statement) | Incomplete |
| Section IX - 1 (Consortium Name etc.) | Incomplete |
| Section IX - 3 (Residences) | Incomplete |
| Section IX - 4 (Married) | Incomplete |
| X.01 - Signed Authorization | Incomplete |
| X.02.d - Documents - Signed Verification | Incomplete |
| I.03.b - Plaintiffs' Counsel's Firm | Levin, Papantonio, Thomas, Mitchell, Rafferty, Proctor P.A. |
| I.03.e - Plaintiffs' Counsel's Email | dnigh@levinlaw.com |



# BLACKWELL BURKE P.A.

Benjamin W. Hulse
Direct Dial: 612-343-3256
E-Mail: bhulse@blackwellburke.com

August 30, 2018

**VIA EMAIL AND U.S. MAIL**
Daniel Christopher Burke
Bernstein Liebhard LLP
10 E. 40th Street
New York, NY 10016
dburke@bernlieb.com

Re: *In re Bair Hugger Forced Air Warming Devices Products Liability Litigation*
MDL No. 2666 – Deficiencies in Amended Plaintiff Fact Sheet
*Henderson, Stephanie v. 3M Company et al* Case No.: 0:17-cv-04517-JNE-FLN

Dear Counsel:

We are in receipt of the amended Plaintiff Fact Sheet (PFS) for the above-captioned matter. The PFS still has core deficiencies, as set forth in the enclosed report.

Paragraph 4 of Pretrial Order No. 14 defines core deficiencies as "a lack of response to all questions in Section I, Section II, and Section III; Section IV, questions 1, 3, 7, 8, 9, 10; Section V, questions 5, 6, and 7; Section VI, questions 1, 3, 6, 7, 8, and 9; Section VII, questions 1 and 2; Section 8, question 2; Section IX, questions 1, 3, and 4, or lack of signed medical authorizations." Paragraph 3 further requires a signed verification.

In addition, the instructions on the PFS form prohibit leaving spaces blank and provide as follows: "If a question is not applicable to you, please state 'Not Applicable' or 'N/A.'" In our review, many deficiencies resulted from a plaintiff leaving one or more spaces blank.

Pursuant to paragraph 6 of PTO 14, within 3 weeks of the date of this letter, you must respond in writing by either (1) curing the deficiencies (by serving a further revised, verified PFS through Plaintiffs' portal); (2) disputing the deficiencies and setting forth the reasons the PFS is not deficient; or (3) explaining why the deficiencies cannot be timely cured. When serving a revised, verified PFS through Plaintiff's portal, you do not need to resubmit documents that were previously served with the original PFS. This is the final deficiency notice for this matter.

Sincerely,

s/ Benjamin W. Hulse

Benjamin W. Hulse

cc: Plaintiffs' Co-Lead Counsel
Enclosure

| | |
|---|---|
| **Plaintiffs' Last Name** | Henderson |
| **Plaintiffs' First Name** | Stephanie |
| **Case No.** | 0:17-cv-04517-JNE-FLN |
| **Section I (Case Information)** | |
| **Section I - Incomplete Questions** | |
| **Section II (Personal Information)** | Incomplete |
| **Section II - Incomplete Questions** | 01<br>05<br>07<br>10 |
| **Section III (Surgery Information)** | Incomplete |
| **Section III - Incomplete Questions** | 1 |
| **Section IV - 1 (Vital Statistics)** | |
| **Section IV - 3 (Healthcare Providers)** | Incomplete |
| **Section IV - 7 (Pharmacies/Drugstores)** | |
| **Section IV - 8 (Dental Procedures)** | Incomplete |
| **Section IV - 9 (Tobacco)** | |
| **Section IV - 10 (Drug/Alcohol)** | |
| **Section V - 4 (Disability Claims)** | |
| **Section V - 5 (Lawsuits)** | |
| **Section V - 6 (Bankruptcy)** | |
| **Section VI - 1 (Physical Injury)** | Incomplete |
| **Section VI - 3 (Emotional Distress)** | Incomplete |
| **Section VI - 6 (Warnings)** | |
| **Section VI - 7 (3M/Arizant Communications)** | |
| **Section VI - 8 (3M/Arizant Warranty)** | |
| **Section VI - 9 (Augustine)** | |
| **Section VII - 1 (Lost Past Wages)** | Incomplete |
| **Section VII - 2 (Lost Future Wages)** | |
| **Section VIII - 2 (Verbal/Written Statement)** | |
| **Section IX - 1 (Consortium Name etc.)** | |
| **Section IX - 3 (Residences)** | |
| **Section IX - 4 (Married)** | |
| **X.01 - Signed Authorization** | |
| **X.02.d - Documents - Signed Verification** | |
| **I.03.b - Plaintiffs' Counsel's Firm** | Bernstein Liebhard |
| **I.03.e - Plaintiffs' Counsel's Email** | dburke@bernlieb.com<br>dlee@bernlieb.com |



BLACKWELL
BURKE P.A.

Benjamin W. Hulse
Direct Dial: 612-343-3256
E-Mail: bhulse@blackwellburke.com

April 17, 2018

**VIA EMAIL AND U.S. MAIL**
Daniel C. Burke
Bernstein Liebhard LLP
10 E. 40th Street
New York, NY 10016
dburke@bernlieb.com

Re:     *In re Bair Hugger Forced Air Warming Devices Products Liability Litigation*
MDL No. 2666 – Deficiencies in Plaintiff Fact Sheet for Individual Case
*Edwards, Renate v. 3M Company et al* Case No.: 0:17-cv-04891-JNE-FLN

Dear Counsel:

We are in receipt of the Plaintiff Fact Sheet (PFS) for the above-captioned matter.  The PFS has core deficiencies, as set forth in the enclosed report.

Paragraph 4 of Pretrial Order No. 14 defines core deficiencies as "a lack of response to all questions in Section I, Section II, and Section III; Section IV, questions 1, 3, 7, 8, 9, 10; Section V, questions 5, 6, and 7; Section VI, questions 1, 3, 6, 7, 8, and 9; Section VII, questions 1 and 2; Section 8, question 2; Section IX, questions 1, 3, and 4, or lack of signed medical authorizations."  Paragraph 3 further requires a signed verification.

In addition, the instructions on the PFS form prohibit leaving spaces blank and provide as follows: "If a question is not applicable to you, please state 'Not Applicable' or 'N/A.'"  In our review, many deficiencies resulted from a plaintiff leaving one or more spaces blank.

Pursuant to paragraph 6 of PTO 14, within 3 weeks of the date of this letter, you must respond in writing by either (1) curing the deficiencies (by serving a revised, verified PFS through Plaintiffs' portal); (2) disputing the deficiencies and setting forth the reasons the PFS is not deficient; or (3) explaining why the deficiencies cannot be timely cured.  When serving a revised, verified PFS through Plaintiff's portal, you do not need to resubmit documents that were previously served with the original PFS.

Sincerely,

s/ Benjamin W. Hulse

Benjamin W. Hulse

cc: Plaintiffs' Co-Lead Counsel
Enclosure

Title "Edwards _Renate _17-CV-04891_1_Edwards _Renate _17-CV-04891_1"

Edwards _Renate _17-CV-04891_1_Edwards _Renate _17-CV-04891_1

PLAINTIFFS' LAST NAME - Edwards
PLAINTIFFS' FIRST NAME - Renate
CASE NO. - 17-CV-04891
SECTION I (CASE INFORMATION) -
SECTION II (PERSONAL INFORMATION) -
SECTION III  (SURGERY INFORMATION) - Incomplete
SECTION III - INCOMPLETE QUESTIONS - 03
SECTION IV - 1 (VITAL STATISTICS) -
SECTION IV - 10  (DRUG/ALCOHOL) -
SECTION IV - 3 (HEALTHCARE PROVIDERS) – Incomplete
SECTION IV - 7  (PHARMACIES/DRUGSTORES) – Incomplete
SECTION IV - 8  (DENTAL PROCEDURES) -
SECTION IV - 9 (TOBACCO) -
SECTION IX - 1  (CONSORTIUM NAME ETC.) -
SECTION IX - 3  (RESIDENCES) -
SECTION IX - 4  (MARRIED) -
SECTION V - 5  (DISABILITY CLAIMS) -
SECTION V - 6  (LAWSUITS) -
SECTION V - 7  (BANKRUPTCY) -
SECTION VI - 1  (PHYSICAL INJURY) - Incomplete
SECTION VI - 3  (EMOTIONAL DISTRESS) - Incomplete
SECTION VI - 6  (WARNINGS) -
SECTION VI - 7  (3M/ARIZANT COMMUNICATIONS) -
SECTION VI - 8  (3M/ARIZANT WARRANTY) -
SECTION VI - 9  (AUGUSTINE) -
SECTION VII - 1  (LOST PAST WAGES) -
SECTION VII - 2  (LOST FUTURE WAGES) -
SECTION VIII - 2  (VERBAL/WRITTEN STATEMENT) -
X.01 - SIGNED AUTHORIZATION -
X.02.D - DOCUMENTS - SIGNED VERIFICATION -
I.03.B - PLAINTIFFS' COUNSEL'S FIRM - Bernstein Liebhard
I.03.E - PLAINTIFFS' COUNSEL'S EMAIL - dburke@bernlieb.com, dlee@bernlieb.com



**BLACKWELL**
**BURKE** P.A.

Benjamin W. Hulse
Direct Dial: 612-343-3256
E-Mail: bhulse@blackwellburke.com

July 5, 2018

**VIA EMAIL AND U.S. MAIL**
Christopher Coffin
Pendley, Baudin & Coffin L.L.P.
24110 Eden St.P.O. Drawer 71
Plaquemine, LA 70765
ccoffin@pbclawfirm.com, nrockforte@pbclawfirm.com
jperez@pbclawfirm.com

   *Re:* *In re Bair Hugger Forced Air Warming Devices Products Liability Litigation*
     MDL No. 2666 – Deficiencies in Amended Plaintiff Fact Sheet
     *Spry, John et al v. 3M Company et al Case No.: 0:17-cv-05199-JNE-FLN*

Dear Counsel:

We are in receipt of the amended Plaintiff Fact Sheet (PFS) for the above-captioned matter. The PFS still has core deficiencies, as set forth in the enclosed report.

Paragraph 4 of Pretrial Order No. 14 defines core deficiencies as "a lack of response to all questions in Section I, Section II, and Section III; Section IV, questions 1, 3, 7, 8, 9, 10; Section V, questions 5, 6, and 7; Section VI, questions 1, 3, 6, 7, 8, and 9; Section VII, questions 1 and 2; Section 8, question 2; Section IX, questions 1, 3, and 4, or lack of signed medical authorizations." Paragraph 3 further requires a signed verification.

In addition, the instructions on the PFS form prohibit leaving spaces blank and provide as follows: "If a question is not applicable to you, please state 'Not Applicable' or 'N/A.'" In our review, many deficiencies resulted from a plaintiff leaving one or more spaces blank.

Pursuant to paragraph 6 of PTO 14, within 3 weeks of the date of this letter, you must respond in writing by either (1) curing the deficiencies (by serving a further revised, verified PFS through Plaintiffs' portal); (2) disputing the deficiencies and setting forth the reasons the PFS is not deficient; or (3) explaining why the deficiencies cannot be timely cured. When serving a revised, verified PFS through Plaintiff's portal, you do not need to resubmit documents that were previously served with the original PFS. This is the final deficiency notice for this matter.

Sincerely,

s/ Benjamin W. Hulse

Benjamin W. Hulse

cc: Plaintiffs' Co-Lead Counsel

---

431 South Seventh Street, Suite 2500 Minneapolis, MN 55415 Main 612.343.3200 Fax 612.343.3205
www.blackwellburke.com

| | |
|---|---|
| Plaintiffs' Last Name | Spry |
| Plaintiffs' First Name | John R |
| Case No. | 0:17-cv-05199 |
| Section I (Case Information) | |
| Section I - Incomplete Questions | |
| Section II (Personal Information) | |
| Section II - Incomplete Questions | |
| Section III (Surgery Information) | Incomplete |
| Section III - Incomplete Questions | 1 |
| Section IV - 1 (Vital Statistics) | |
| Section IV - 3 (Healthcare Providers) | |
| Section IV - 7 (Pharmacies/Drugstores) | |
| Section IV - 8 (Dental Procedures) | |
| Section IV - 9 (Tobacco) | |
| Section IV - 10 (Drug/Alcohol) | |
| Section V - 4 (Disability Claims) | |
| Section V - 5 (Lawsuits) | |
| Section V - 6 (Bankruptcy) | |
| Section VI - 1 (Physical Injury) | |
| Section VI - 3 (Emotional Distress) | |
| Section VI - 6 (Warnings) | |
| Section VI - 7 (3M/Arizant Communications) | |
| Section VI - 8 (3M/Arizant Warranty) | |
| Section VI - 9 (Augustine) | |
| Section VII - 1 (Lost Past Wages) | |
| Section VII - 2 (Lost Future Wages) | |
| Section VIII - 2 (Verbal/Written Statement) | |
| Section IX - 1 (Consortium Name etc.) | |
| Section IX - 3 (Residences) | |
| Section IX - 4 (Married) | |
| X.01 - Signed Authorization | |
| X.02.d - Documents - Signed Verification | Incomplete |
| I.03.b - Plaintiffs' Counsel's Firm | Pendley, Baudin & Coffin LLP |
| I.03.e - Plaintiffs' Counsel's Email | sshirey@pbclawfirm.com |



Benjamin W. Hulse
Direct Dial: 612-343-3256
E-Mail: bhulse@blackwellburke.com

July 24, 2018

**VIA EMAIL AND U.S. MAIL**
Christopher Coffin
Pendley, Baudin & Coffin L.L.P.
24110 Eden St.P.O. Drawer 71
Plaquemine, LA 70765
ccoffin@pbclawfirm.com, nrockforte@pbclawfirm.com
jperez@pbclawfirm.com

> Re:   *In re Bair Hugger Forced Air Warming Devices Products Liability Litigation*
> MDL No. 2666 – Deficiencies in Amended Plaintiff Fact Sheet
> *Picuri, David v. 3M Company et al* Case No.: 0:17-cv-05200-JNE-FLN

Dear Counsel:

We are in receipt of the amended Plaintiff Fact Sheet (PFS) for the above-captioned matter.  The PFS still has core deficiencies, as set forth in the enclosed report.

Paragraph 4 of Pretrial Order No. 14 defines core deficiencies as "a lack of response to all questions in Section I, Section II, and Section III; Section IV, questions 1, 3, 7, 8, 9, 10; Section V, questions 5, 6, and 7; Section VI, questions 1, 3, 6, 7, 8, and 9; Section VII, questions 1 and 2; Section 8, question 2; Section IX, questions 1, 3, and 4, or lack of signed medical authorizations."  Paragraph 3 further requires a signed verification.

In addition, the instructions on the PFS form prohibit leaving spaces blank and provide as follows: "If a question is not applicable to you, please state 'Not Applicable' or 'N/A.'"  In our review, many deficiencies resulted from a plaintiff leaving one or more spaces blank.

Pursuant to paragraph 6 of PTO 14, within 3 weeks of the date of this letter, you must respond in writing by either (1) curing the deficiencies (by serving a further revised, verified PFS through Plaintiffs' portal); (2) disputing the deficiencies and setting forth the reasons the PFS is not deficient; or (3) explaining why the deficiencies cannot be timely cured.  When serving a revised, verified PFS through Plaintiff's portal, you do not need to resubmit documents that were previously served with the original PFS. This is the final deficiency notice for this matter.

Sincerely,

s/ Benjamin W. Hulse

Benjamin W. Hulse

cc: Plaintiffs' Co-Lead Counsel

| | |
|---|---|
| Plaintiffs' Last Name | Picuri |
| Plaintiffs' First Name | David |
| Case No. | 0:17-cv-05200 |
| Section I (Case Information) | |
| Section I - Incomplete Questions | |
| Section II (Personal Information) | |
| Section II - Incomplete Questions | |
| Section III (Surgery Information) | Incomplete |
| Section III - Incomplete Questions | 1 |
| Section IV - 1 (Vital Statistics) | |
| Section IV - 3 (Healthcare Providers) | |
| Section IV - 7 (Pharmacies/Drugstores) | Incomplete |
| Section IV - 8 (Dental Procedures) | |
| Section IV - 9 (Tobacco) | |
| Section IV - 10 (Drug/Alcohol) | |
| Section V - 4 (Disability Claims) | |
| Section V - 5 (Lawsuits) | |
| Section V - 6 (Bankruptcy) | |
| Section VI - 1 (Physical Injury) | |
| Section VI - 3 (Emotional Distress) | |
| Section VI - 6 (Warnings) | |
| Section VI - 7 (3M/Arizant Communications) | |
| Section VI - 8 (3M/Arizant Warranty) | |
| Section VI - 9 (Augustine) | |
| Section VII - 1 (Lost Past Wages) | |
| Section VII - 2 (Lost Future Wages) | |
| Section VIII - 2 (Verbal/Written Statement) | |
| Section IX - 1 (Consortium Name etc.) | |
| Section IX - 3 (Residences) | |
| Section IX - 4 (Married) | |
| X.01 - Signed Authorization | |
| X.02.d - Documents - Signed Verification | |
| I.03.b - Plaintiffs' Counsel's Firm | Pendley, Baudin |
| I.03.e - Plaintiffs' Counsel's Email | sshirey@pbclawfirm.com |



BLACKWELL
BURKE P.A.

Benjamin W. Hulse
Direct Dial: 612-343-3256
E-Mail: bhulse@blackwellburke.com

July 5, 2018

**VIA EMAIL AND U.S. MAIL**
Christopher Coffin
Pendley, Baudin & Coffin L.L.P.
24110 Eden St.P.O. Drawer 71
Plaquemine, LA 70765
ccoffin@pbclawfirm.com, nrockforte@pbclawfirm.com
jperez@pbclawfirm.com

Re:   *In re Bair Hugger Forced Air Warming Devices Products Liability Litigation*
      MDL No. 2666 – Deficiencies in Amended Plaintiff Fact Sheet
      *Reed, Tommy  et al v. 3M Company et al* Case No.: 0:17-cv-05202-JNE-FLN

Dear Counsel:

We are in receipt of the amended Plaintiff Fact Sheet (PFS) for the above-captioned matter.  The PFS still has core deficiencies, as set forth in the enclosed report.

Paragraph 4 of Pretrial Order No. 14 defines core deficiencies as "a lack of response to all questions in Section I, Section II, and Section III; Section IV, questions 1, 3, 7, 8, 9, 10; Section V, questions 5, 6, and 7; Section VI, questions 1, 3, 6, 7, 8, and 9; Section VII, questions 1 and 2; Section 8, question 2; Section IX, questions 1, 3, and 4, or lack of signed medical authorizations."  Paragraph 3 further requires a signed verification.

In addition, the instructions on the PFS form prohibit leaving spaces blank and provide as follows: "If a question is not applicable to you, please state 'Not Applicable' or 'N/A.'"  In our review, many deficiencies resulted from a plaintiff leaving one or more spaces blank.

Pursuant to paragraph 6 of PTO 14, within 3 weeks of the date of this letter, you must respond in writing by either (1) curing the deficiencies (by serving a further revised, verified PFS through Plaintiffs' portal); (2) disputing the deficiencies and setting forth the reasons the PFS is not deficient; or (3) explaining why the deficiencies cannot be timely cured.  When serving a revised, verified PFS through Plaintiff's portal, you do not need to resubmit documents that were previously served with the original PFS. This is the final deficiency notice for this matter.

Sincerely,

s/ Benjamin W. Hulse

Benjamin W. Hulse

cc: Plaintiffs' Co-Lead Counsel

| | |
|---|---|
| Plaintiffs' Last Name | Reed |
| Plaintiffs' First Name | Tommy |
| Case No. | 0:17-cv-05202 |
| Section I (Case Information) | |
| Section I - Incomplete Questions | |
| Section II (Personal Information) | Incomplete |
| Section II - Incomplete Questions | 10 |
| Section III (Surgery Information) | Incomplete |
| Section III - Incomplete Questions | 1 |
| Section IV - 1 (Vital Statistics) | |
| Section IV - 3 (Healthcare Providers) | |
| Section IV - 7 (Pharmacies/Drugstores) | |
| Section IV - 8 (Dental Procedures) | |
| Section IV - 9 (Tobacco) | |
| Section IV - 10 (Drug/Alcohol) | |
| Section V - 4 (Disability Claims) | |
| Section V - 5 (Lawsuits) | |
| Section V - 6 (Bankruptcy) | |
| Section VI - 1 (Physical Injury) | |
| Section VI - 3 (Emotional Distress) | |
| Section VI - 6 (Warnings) | |
| Section VI - 7 (3M/Arizant Communications) | |
| Section VI - 8 (3M/Arizant Warranty) | |
| Section VI - 9 (Augustine) | |
| Section VII - 1 (Lost Past Wages) | |
| Section VII - 2 (Lost Future Wages) | |
| Section VIII - 2 (Verbal/Written Statement) | |
| Section IX - 1 (Consortium Name etc.) | |
| Section IX - 3 (Residences) | |
| Section IX - 4 (Married) | |
| X.01 - Signed Authorization | |
| X.02.d - Documents - Signed Verification | |
| I.03.b - Plaintiffs' Counsel's Firm | Pendley, Baudin & Coffin LLP |
| I.03.e - Plaintiffs' Counsel's Email | sshirey@pbclawfirm.com |


## BLACKWELL
## BURKE P.A.

Benjamin W. Hulse
Direct Dial: 612-343-3256
E-Mail: bhulse@blackwellburke.com

April 17, 2018

**VIA EMAIL AND U.S. MAIL**
Daniel C. Burke
Bernstein Liebhard LLP
10 E. 40th Street
New York, NY 10016
dburke@bernlieb.com

> Re:  *In re Bair Hugger Forced Air Warming Devices Products Liability Litigation*
> MDL No. 2666 – Deficiencies in Plaintiff Fact Sheet for Individual Case
> *Johnston, Todd v. 3M Company et al* Case No.: 0:17-cv-05270-JNE-FLN

Dear Counsel:

We are in receipt of the Plaintiff Fact Sheet (PFS) for the above-captioned matter.  The PFS has core deficiencies, as set forth in the enclosed report.

Paragraph 4 of Pretrial Order No. 14 defines core deficiencies as "a lack of response to all questions in Section I, Section II, and Section III; Section IV, questions 1, 3, 7, 8, 9, 10; Section V, questions 5, 6, and 7; Section VI, questions 1, 3, 6, 7, 8, and 9; Section VII, questions 1 and 2; Section 8, question 2; Section IX, questions 1, 3, and 4, or lack of signed medical authorizations."  Paragraph 3 further requires a signed verification.

In addition, the instructions on the PFS form prohibit leaving spaces blank and provide as follows: "If a question is not applicable to you, please state 'Not Applicable' or 'N/A.'"  In our review, many deficiencies resulted from a plaintiff leaving one or more spaces blank.

Pursuant to paragraph 6 of PTO 14, within 3 weeks of the date of this letter, you must respond in writing by either (1) curing the deficiencies (by serving a revised, verified PFS through Plaintiffs' portal); (2) disputing the deficiencies and setting forth the reasons the PFS is not deficient; or (3) explaining why the deficiencies cannot be timely cured.  When serving a revised, verified PFS through Plaintiff's portal, you do not need to resubmit documents that were previously served with the original PFS.

Sincerely,

s/ Benjamin W. Hulse

Benjamin W. Hulse

cc: Plaintiffs' Co-Lead Counsel
Enclosure

Title "Johnston_Todd_017-cv-05270_1_Johnston_Todd_017-cv-05270_1"                              Johnston_Todd_017-
cv-
05270_1_Johnston_To
dd_017-cv-05270_1

PLAINTIFFS' LAST NAME - Johnston
PLAINTIFFS' FIRST NAME - Todd
CASE NO. - 0:17-cv-05270
SECTION I (CASE INFORMATION) -
SECTION II (PERSONAL INFORMATION) - Incomplete
SECTION II – INCOMPLETE QUESTIONS- 7
SECTION III  (SURGERY INFORMATION) – Incomplete
SECTION III  - INCOMPLETE QUESTIONS- 1
SECTION IV - 1 (VITAL STATISTICS) -
SECTION IV - 10  (DRUG/ALCOHOL) -
SECTION IV - 3 (HEALTHCARE PROVIDERS) -
SECTION IV - 7 (PHARMACIES/DRUGSTORES) -
SECTION IV - 8 (DENTAL PROCEDURES) -
SECTION IV - 9 (TOBACCO) -
SECTION IX - 1  (CONSORTIUM NAME ETC.) -
SECTION IX - 3  (RESIDENCES) -
SECTION IX - 4  (MARRIED) -
SECTION V - 5  (DISABILITY CLAIMS) -
SECTION V - 6  (LAWSUITS) -
SECTION V - 7  (BANKRUPTCY) -
SECTION VI - 1  (PHYSICAL INJURY) - Incomplete
SECTION VI - 3  (EMOTIONAL DISTRESS) -
SECTION VI - 6  (WARNINGS) -
SECTION VI - 7  (3M/ARIZANT COMMUNICATIONS) -
SECTION VI - 8  (3M/ARIZANT WARRANTY) -
SECTION VI - 9  (AUGUSTINE) -
SECTION VII - 1  (LOST PAST WAGES) -
SECTION VII - 2  (LOST FUTURE WAGES) -
SECTION VIII - 2  (VERBAL/WRITTEN STATEMENT) -
X.01 - SIGNED AUTHORIZATION -
X.02.D - DOCUMENTS - SIGNED VERIFICATION -
I.03.B - PLAINTIFFS' COUNSEL'S FIRM - Bernstein Liebhard
I.03.E - PLAINTIFFS' COUNSEL'S EMAIL - dburke@bernlieb.com, dlee@bernlieb.com



**BLACKWELL BURKE** P.A.

Benjamin W. Hulse
Direct Dial: 612-343-3256
E-Mail: bhulse@blackwellburke.com

June 18, 2018

**VIA EMAIL AND U.S. MAIL**
Jason C. Webster
The Webster Law Firm
6200 Savoy Suite 150
Houston, TX 77036
filing@thewebsterlawfirm.com, lguerrero@thewebsterlawfirm.com
jwebster@thewebsterlawfirm.com

    *Re:*    *In re Bair Hugger Forced Air Warming Devices Products Liability Litigation*
          MDL No. 2666 – Deficiencies in Amended Plaintiff Fact Sheet
          *Gilmore, Kenneth et al v. 3M Company et al* Case No.: 0:17-cv-05271-JNE-FLN

Dear Counsel:

We are in receipt of the amended Plaintiff Fact Sheet (PFS) for the above-captioned matter. The PFS still has core deficiencies, as set forth in the enclosed report.

Paragraph 4 of Pretrial Order No. 14 defines core deficiencies as "a lack of response to all questions in Section I, Section II, and Section III; Section IV, questions 1, 3, 7, 8, 9, 10; Section V, questions 5, 6, and 7; Section VI, questions 1, 3, 6, 7, 8, and 9; Section VII, questions 1 and 2; Section 8, question 2; Section IX, questions 1, 3, and 4, or lack of signed medical authorizations." Paragraph 3 further requires a signed verification.

In addition, the instructions on the PFS form prohibit leaving spaces blank and provide as follows: "If a question is not applicable to you, please state 'Not Applicable' or 'N/A.'" In our review, many deficiencies resulted from a plaintiff leaving one or more spaces blank.

Pursuant to paragraph 6 of PTO 14, within 3 weeks of the date of this letter, you must respond in writing by either (1) curing the deficiencies (by serving a further revised, verified PFS through Plaintiffs' portal); (2) disputing the deficiencies and setting forth the reasons the PFS is not deficient; or (3) explaining why the deficiencies cannot be timely cured. When serving a revised, verified PFS through Plaintiff's portal, you do not need to resubmit documents that were previously served with the original PFS. This is the final deficiency notice for this matter.

Sincerely,

s/ Benjamin W. Hulse

Benjamin W. Hulse

cc: Plaintiffs' Co-Lead Counsel

| | |
|---|---|
| Plaintiffs' Last Name | Gilmore |
| Plaintiffs' First Name | Kenneth |
| Case No. | 0:17-cv-05271 |
| Section I (Case Information) | |
| Section I - Incomplete Questions | |
| Section II (Personal Information) | |
| Section II - Incomplete Questions | |
| Section III (Surgery Information) | Incomplete |
| Section III - Incomplete Questions | 01<br>03 |
| Section IV - 1 (Vital Statistics) | |
| Section IV - 3 (Healthcare Providers) | |
| Section IV - 7 (Pharmacies/Drugstores) | |
| Section IV - 8 (Dental Procedures) | |
| Section IV - 9 (Tobacco) | |
| Section IV - 10 (Drug/Alcohol) | |
| Section V - 4 (Disability Claims) | |
| Section V - 5 (Lawsuits) | |
| Section V - 6 (Bankruptcy) | |
| Section VI - 1 (Physical Injury) | |
| Section VI - 3 (Emotional Distress) | |
| Section VI - 6 (Warnings) | |
| Section VI - 7 (3M/Arizant Communications) | |
| Section VI - 8 (3M/Arizant Warranty) | |
| Section VI - 9 (Augustine) | |
| Section VII - 1 (Lost Past Wages) | |
| Section VII - 2 (Lost Future Wages) | |
| Section VIII - 2 (Verbal/Written Statement) | |
| Section IX - 1 (Consortium Name etc.) | |
| Section IX - 3 (Residences) | |
| Section IX - 4 (Married) | |
| X.01 - Signed Authorization | |
| X.02.d - Documents - Signed Verification | |
| I.03.b - Plaintiffs' Counsel's Firm | Webster Law |
| I.03.e - Plaintiffs' Counsel's Email | filing@thewebsterlawfirm.com |



# BLACKWELL BURKE P.A.

Benjamin W. Hulse
Direct Dial: 612-343-3256
E-Mail: bhulse@blackwellburke.com

April 17, 2018

**VIA EMAIL AND U.S. MAIL**
Daniel C. Burke
Bernstein Liebhard LLP
10 E. 40th Street
New York, NY 10016
dburke@bernlieb.com

Re:    *In re Bair Hugger Forced Air Warming Devices Products Liability Litigation*
       MDL No. 2666 – Deficiencies in Plaintiff Fact Sheet for Individual Case
       *Billings, Willard v. 3M Company et al* Case No.: 0:17-cv-05277-JNE-FLN

Dear Counsel:

We are in receipt of the Plaintiff Fact Sheet (PFS) for the above-captioned matter. The PFS has core deficiencies, as set forth in the enclosed report.

Paragraph 4 of Pretrial Order No. 14 defines core deficiencies as "a lack of response to all questions in Section I, Section II, and Section III; Section IV, questions 1, 3, 7, 8, 9, 10; Section V, questions 5, 6, and 7; Section VI, questions 1, 3, 6, 7, 8, and 9; Section VII, questions 1 and 2; Section 8, question 2; Section IX, questions 1, 3, and 4, or lack of signed medical authorizations." Paragraph 3 further requires a signed verification.

In addition, the instructions on the PFS form prohibit leaving spaces blank and provide as follows: "If a question is not applicable to you, please state 'Not Applicable' or 'N/A.'" In our review, many deficiencies resulted from a plaintiff leaving one or more spaces blank.

Pursuant to paragraph 6 of PTO 14, within 3 weeks of the date of this letter, you must respond in writing by either (1) curing the deficiencies (by serving a revised, verified PFS through Plaintiffs' portal); (2) disputing the deficiencies and setting forth the reasons the PFS is not deficient; or (3) explaining why the deficiencies cannot be timely cured. When serving a revised, verified PFS through Plaintiff's portal, you do not need to resubmit documents that were previously served with the original PFS.

Sincerely,

s/ Benjamin W. Hulse

Benjamin W. Hulse

cc: Plaintiffs' Co-Lead Counsel
Enclosure

Title "Billings_Willard_17-cv-05277_1_Billings_Willard_17-cv-05277_1"

PLAINTIFFS' LAST NAME - Billings
PLAINTIFFS' FIRST NAME - Willard
CASE NO. - 17-cv-05277
SECTION I (CASE INFORMATION) -
SECTION II (PERSONAL INFORMATION) - Incomplete
SECTION II - INCOMPLETE QUESTIONS - 02, 05, 07, 08, 09
SECTION III  (SURGERY INFORMATION) - Incomplete
SECTION III - INCOMPLETE QUESTIONS - 03
SECTION IV - 1 (VITAL STATISTICS) -
SECTION IV - 10 (DRUG/ALCOHOL) -
SECTION IV - 3 (HEALTHCARE PROVIDERS) – Incomplete
SECTION IV - 7 (PHARMACIES/DRUGSTORES) -
SECTION IV - 8 (DENTAL PROCEDURES) -
SECTION IV - 9 (TOBACCO) -
SECTION IX - 1 (CONSORTIUM NAME ETC.) -
SECTION IX - 3 (RESIDENCES) -
SECTION IX - 4 (MARRIED) -
SECTION V - 5 (DISABILITY CLAIMS) -
SECTION V - 6 (LAWSUITS) -
SECTION V - 7 (BANKRUPTCY) -
SECTION VI - 1 (PHYSICAL INJURY) - Incomplete
SECTION VI - 3 (EMOTIONAL DISTRESS) - Incomplete
SECTION VI - 6 (WARNINGS) -
SECTION VI - 7 (3M/ARIZANT COMMUNICATIONS) -
SECTION VI - 8 (3M/ARIZANT WARRANTY) -
SECTION VI - 9 (AUGUSTINE) -
SECTION VII - 1 (LOST PAST WAGES) -
SECTION VII - 2 (LOST FUTURE WAGES) -
SECTION VIII - 2 (VERBAL/WRITTEN STATEMENT) -
X.01 - SIGNED AUTHORIZATION -
X.02.D - DOCUMENTS - SIGNED VERIFICATION -
I.03.B - PLAINTIFFS' COUNSEL'S FIRM - Bernstein Liebhard
I.03.E - PLAINTIFFS' COUNSEL'S EMAIL - dburke@bernlieb.com, dlee@bernlieb.com



BLACKWELL
BURKE P.A.

Benjamin W. Hulse
Direct Dial: 612-343-3256
E-Mail: bhulse@blackwellburke.com

August 15, 2018

**VIA EMAIL AND U.S. MAIL**
Travis R. Walker
The Law offices of Travis R. Walker, P.A.
1235 SE Indian Street, Suite 101
Stuart, Florida 34997
traviswalker@traviswalkerlaw.com

    *Re:*    *In re Bair Hugger Forced Air Warming Devices Products Liability Litigation*
           MDL No. 2666 – Deficiencies in Plaintiff Fact Sheet for Individual Case
           *Robinson, Michael v. 3M Company et al* Case No.: 0:18-cv-00263-JNE-FLN

Dear Counsel:

We are in receipt of the Plaintiff Fact Sheet (PFS) for the above-captioned matter.  The PFS has core deficiencies, as set forth in the enclosed report.

Paragraph 4 of Pretrial Order No. 14 defines core deficiencies as "a lack of response to all questions in Section I, Section II, and Section III; Section IV, questions 1, 3, 7, 8, 9, 10; Section V, questions 5, 6, and 7; Section VI, questions 1, 3, 6, 7, 8, and 9; Section VII, questions 1 and 2; Section 8, question 2; Section IX, questions 1, 3, and 4, or lack of signed medical authorizations."  Paragraph 3 further requires a signed verification.

In addition, the instructions on the PFS form prohibit leaving spaces blank and provide as follows: "If a question is not applicable to you, please state 'Not Applicable' or 'N/A.'"  In our review, many deficiencies resulted from a plaintiff leaving one or more spaces blank.

Pursuant to paragraph 6 of PTO 14, within 3 weeks of the date of this letter, you must respond in writing by either (1) curing the deficiencies (by serving a revised, verified PFS through Plaintiffs' portal); (2) disputing the deficiencies and setting forth the reasons the PFS is not deficient; or (3) explaining why the deficiencies cannot be timely cured.  When serving a revised, verified PFS through Plaintiff's portal, you do not need to resubmit documents that were previously served with the original PFS. This is a final deficiency notice for this matter.

Sincerely,

s/ Benjamin W. Hulse

Benjamin W. Hulse

cc: Plaintiffs' Co-Lead Counsel
Enclosure

---

| | |
|---|---|
| Plaintiffs' Last Name | Robinson |
| Plaintiffs' First Name | Michael |
| Case No. | 0:18-cv-00263 |
| Section I (Case Information) | |
| Section I - Incomplete Questions | |
| Section II (Personal Information) | Incomplete |
| Section II - Incomplete Questions | 2 |
| Section III (Surgery Information) | Incomplete |
| Section III - Incomplete Questions | 3 |
| Section IV - 1 (Vital Statistics) | |
| Section IV - 3 (Healthcare Providers) | Incomplete |
| Section IV - 7 (Pharmacies/Drugstores) | |
| Section IV - 8 (Dental Procedures) | |
| Section IV - 9 (Tobacco) | |
| Section IV - 10 (Drug/Alcohol) | |
| Section V - 4 (Disability Claims) | |
| Section V - 5 (Lawsuits) | |
| Section V - 6 (Bankruptcy) | |
| Section VI - 1 (Physical Injury) | |
| Section VI - 3 (Emotional Distress) | |
| Section VI - 6 (Warnings) | |
| Section VI - 7 (3M/Arizant Communications) | |
| Section VI - 8 (3M/Arizant Warranty) | |
| Section VI - 9 (Augustine) | |
| Section VII - 1 (Lost Past Wages) | |
| Section VII - 2 (Lost Future Wages) | |
| Section VIII - 2 (Verbal/Written Statement) | |
| Section IX - 1 (Consortium Name etc.) | Incomplete |
| Section IX - 3 (Residences) | Incomplete |
| Section IX - 4 (Married) | Incomplete |
| X.01 - Signed Authorization | Incomplete |
| X.02.d - Documents - Signed Verification | |
| I.03.b - Plaintiffs' Counsel's Firm | The Law Offices of Travis R Walker |
| I.03.e - Plaintiffs' Counsel's Email | service@traviswalkerlaw.com |



BLACKWELL
BURKE P.A.

Benjamin W. Hulse
Direct Dial: 612-343-3256
E-Mail: bhulse@blackwellburke.com

June 8, 2018

**VIA EMAIL AND U.S. MAIL**
Daniel A. Nigh
Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, P.A
316 South Baylen St. Suite 400
Pensacola, Florida 32502
dnigh@levinlaw.com

   Re: *In re Bair Hugger Forced Air Warming Devices Products Liability Litigation*
     MDL No. 2666 – Deficiencies in Amended Plaintiff Fact Sheet
     *Falcetta, Edward v. 3M Company* Case No.: 0:18-cv-00432-JNE-FLN

Dear Counsel:

We are in receipt of the amended Plaintiff Fact Sheet (PFS) for the above-captioned matter. The PFS still has core deficiencies, as set forth in the enclosed report.

Paragraph 4 of Pretrial Order No. 14 defines core deficiencies as "a lack of response to all questions in Section I, Section II, and Section III; Section IV, questions 1, 3, 7, 8, 9, 10; Section V, questions 5, 6, and 7; Section VI, questions 1, 3, 6, 7, 8, and 9; Section VII, questions 1 and 2; Section 8, question 2; Section IX, questions 1, 3, and 4, or lack of signed medical authorizations." Paragraph 3 further requires a signed verification.

In addition, the instructions on the PFS form prohibit leaving spaces blank and provide as follows: "If a question is not applicable to you, please state 'Not Applicable' or 'N/A.'" In our review, many deficiencies resulted from a plaintiff leaving one or more spaces blank.

Pursuant to paragraph 6 of PTO 14, within 3 weeks of the date of this letter, you must respond in writing by either (1) curing the deficiencies (by serving a further revised, verified PFS through Plaintiffs' portal); (2) disputing the deficiencies and setting forth the reasons the PFS is not deficient; or (3) explaining why the deficiencies cannot be timely cured. When serving a revised, verified PFS through Plaintiff's portal, you do not need to resubmit documents that were previously served with the original PFS. This is the final deficiency notice for this matter.

Sincerely,

s/ Benjamin W. Hulse

Benjamin W. Hulse

cc: Plaintiffs' Co-Lead Counsel
Enclosure

| | |
|---|---|
| **Plaintiffs' Last Name** | Falcetta |
| **Plaintiffs' First Name** | Edward |
| **Case No.** | 0:18-cv-00432 |
| **Section I (Case Information)** | |
| **Section I - Incomplete Questions** | |
| **Section II (Personal Information)** | |
| **Section II - Incomplete Questions** | |
| **Section III (Surgery Information)** | Incomplete |
| **Section III - Incomplete Questions** | 1 |
| **Section IV - 1 (Vital Statistics)** | |
| **Section IV - 3 (Healthcare Providers)** | |
| **Section IV - 7 (Pharmacies/Drugstores)** | |
| **Section IV - 8 (Dental Procedures)** | |
| **Section IV - 9 (Tobacco)** | |
| **Section IV - 10 (Drug/Alcohol)** | |
| **Section V - 4 (Disability Claims)** | |
| **Section V - 5 (Lawsuits)** | |
| **Section V - 6 (Bankruptcy)** | |
| **Section VI - 1 (Physical Injury)** | |
| **Section VI - 3 (Emotional Distress)** | |
| **Section VI - 6 (Warnings)** | |
| **Section VI - 7 (3M/Arizant Communications)** | |
| **Section VI - 8 (3M/Arizant Warranty)** | |
| **Section VI - 9 (Augustine)** | |
| **Section VII - 1 (Lost Past Wages)** | |
| **Section VII - 2 (Lost Future Wages)** | |
| **Section VIII - 2 (Verbal/Written Statement)** | |
| **Section IX - 1 (Consortium Name etc.)** | |
| **Section IX - 3 (Residences)** | |
| **Section IX - 4 (Married)** | |
| **X.01 - Signed Authorization** | |
| **X.02.d - Documents - Signed Verification** | |
| **I.03.b - Plaintiffs' Counsel's Firm** | Levin, Papantonio, Thomas, Mitchell, Rafferty, Proctor P.A |
| **I.03.e - Plaintiffs' Counsel's Email** | dnigh@levinlaw.com |



BLACKWELL
BURKE P.A.

Benjamin W. Hulse
Direct Dial: 612-343-3256
E-Mail: bhulse@blackwellburke.com

July 18, 2018

**VIA EMAIL AND U.S. MAIL**
Daniel A. Nigh
Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, P.A
316 South Baylen St. Suite 400
Pensacola, Florida 32502
dnigh@levinlaw.com

> Re: *In re Bair Hugger Forced Air Warming Devices Products Liability Litigation*
> MDL No. 2666 – Deficiencies in Amended Plaintiff Fact Sheet
> *Darwick, Robert v. 3M Company* Case No.: 0:18-cv-00670-JNE-FLN

Dear Counsel:

We are in receipt of the amended Plaintiff Fact Sheet (PFS) for the above-captioned matter. The PFS still has core deficiencies, as set forth in the enclosed report.

Paragraph 4 of Pretrial Order No. 14 defines core deficiencies as "a lack of response to all questions in Section I, Section II, and Section III; Section IV, questions 1, 3, 7, 8, 9, 10; Section V, questions 5, 6, and 7; Section VI, questions 1, 3, 6, 7, 8, and 9; Section VII, questions 1 and 2; Section 8, question 2; Section IX, questions 1, 3, and 4, or lack of signed medical authorizations." Paragraph 3 further requires a signed verification.

In addition, the instructions on the PFS form prohibit leaving spaces blank and provide as follows: "If a question is not applicable to you, please state 'Not Applicable' or 'N/A.'" In our review, many deficiencies resulted from a plaintiff leaving one or more spaces blank.

Pursuant to paragraph 6 of PTO 14, within 3 weeks of the date of this letter, you must respond in writing by either (1) curing the deficiencies (by serving a further revised, verified PFS through Plaintiffs' portal); (2) disputing the deficiencies and setting forth the reasons the PFS is not deficient; or (3) explaining why the deficiencies cannot be timely cured. When serving a revised, verified PFS through Plaintiff's portal, you do not need to resubmit documents that were previously served with the original PFS. This is the final deficiency notice for this matter.

Sincerely,

s/ Benjamin W. Hulse

Benjamin W. Hulse

cc: Plaintiffs' Co-Lead Counsel
Enclosure

| | |
|---|---|
| **Plaintiffs' Last Name** | Darwick |
| **Plaintiffs' First Name** | Robert S. |
| **Case No.** | 0:18-cv-00670 |
| **Section I (Case Information)** | |
| **Section I - Incomplete Questions** | |
| **Section II (Personal Information)** | Incomplete |
| **Section II - Incomplete Questions** | 10 |
| **Section III (Surgery Information)** | Incomplete |
| **Section III - Incomplete Questions** | 1 |
| **Section IV - 1 (Vital Statistics)** | |
| **Section IV - 3 (Healthcare Providers)** | |
| **Section IV - 7 (Pharmacies/Drugstores)** | |
| **Section IV - 8 (Dental Procedures)** | |
| **Section IV - 9 (Tobacco)** | |
| **Section IV - 10 (Drug/Alcohol)** | |
| **Section V - 4 (Disability Claims)** | |
| **Section V - 5 (Lawsuits)** | |
| **Section V - 6 (Bankruptcy)** | |
| **Section VI - 1 (Physical Injury)** | |
| **Section VI - 3 (Emotional Distress)** | |
| **Section VI - 6 (Warnings)** | |
| **Section VI - 7 (3M/Arizant Communications)** | |
| **Section VI - 8 (3M/Arizant Warranty)** | |
| **Section VI - 9 (Augustine)** | |
| **Section VII - 1 (Lost Past Wages)** | |
| **Section VII - 2 (Lost Future Wages)** | |
| **Section VIII - 2 (Verbal/Written Statement)** | |
| **Section IX - 1 (Consortium Name etc.)** | |
| **Section IX - 3 (Residences)** | |
| **Section IX - 4 (Married)** | |
| **X.01 - Signed Authorization** | |
| **X.02.d - Documents - Signed Verification** | Incomplete |
| **I.03.b - Plaintiffs' Counsel's Firm** | Levin, Papantonio, Thomas, Mitchell, Rafferty, Proctor P.A. |
| **I.03.e - Plaintiffs' Counsel's Email** | dnigh@levinlaw.com |



BLACKWELL
BURKE P.A.

Benjamin W. Hulse
Direct Dial: 612-343-3256
E-Mail: bhulse@blackwellburke.com

July 10, 2018

**VIA EMAIL AND U.S. MAIL**
Daniel A. Nigh
Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, P.A
316 South Baylen St. Suite 400
Pensacola, Florida 32502
dnigh@levinlaw.com

> Re: *In re Bair Hugger Forced Air Warming Devices Products Liability Litigation*
> MDL No. 2666 – Deficiencies in Amended Plaintiff Fact Sheet
> *Welch, Leon v. 3M Company* Case No.: 0:18-cv-00674-JNE-FLN

Dear Counsel:

We are in receipt of the amended Plaintiff Fact Sheet (PFS) for the above-captioned matter. The PFS still has core deficiencies, as set forth in the enclosed report.

Paragraph 4 of Pretrial Order No. 14 defines core deficiencies as "a lack of response to all questions in Section I, Section II, and Section III; Section IV, questions 1, 3, 7, 8, 9, 10; Section V, questions 5, 6, and 7; Section VI, questions 1, 3, 6, 7, 8, and 9; Section VII, questions 1 and 2; Section 8, question 2; Section IX, questions 1, 3, and 4, or lack of signed medical authorizations." Paragraph 3 further requires a signed verification.

In addition, the instructions on the PFS form prohibit leaving spaces blank and provide as follows: "If a question is not applicable to you, please state 'Not Applicable' or 'N/A.'" In our review, many deficiencies resulted from a plaintiff leaving one or more spaces blank.

Pursuant to paragraph 6 of PTO 14, within 3 weeks of the date of this letter, you must respond in writing by either (1) curing the deficiencies (by serving a further revised, verified PFS through Plaintiffs' portal); (2) disputing the deficiencies and setting forth the reasons the PFS is not deficient; or (3) explaining why the deficiencies cannot be timely cured. When serving a revised, verified PFS through Plaintiff's portal, you do not need to resubmit documents that were previously served with the original PFS. This is the final deficiency notice for this matter.

Sincerely,

s/ Benjamin W. Hulse

Benjamin W. Hulse

cc: Plaintiffs' Co-Lead Counsel
Enclosure

| | |
|---|---|
| Plaintiffs' Last Name | Welch |
| Plaintiffs' First Name | Leon |
| Case No. | 0:18-cv-00674 |
| Section I (Case Information) | |
| Section I - Incomplete Questions | |
| Section II (Personal Information) | |
| Section II - Incomplete Questions | |
| Section III (Surgery Information) | Incomplete |
| Section III - Incomplete Questions | 1 |
| Section IV - 1 (Vital Statistics) | |
| Section IV - 3 (Healthcare Providers) | |
| Section IV - 7 (Pharmacies/Drugstores) | |
| Section IV - 8 (Dental Procedures) | |
| Section IV - 9 (Tobacco) | |
| Section IV - 10 (Drug/Alcohol) | |
| Section V - 4 (Disability Claims) | |
| Section V - 5 (Lawsuits) | |
| Section V - 6 (Bankruptcy) | |
| Section VI - 1 (Physical Injury) | |
| Section VI - 3 (Emotional Distress) | |
| Section VI - 6 (Warnings) | |
| Section VI - 7 (3M/Arizant Communications) | |
| Section VI - 8 (3M/Arizant Warranty) | |
| Section VI - 9 (Augustine) | |
| Section VII - 1 (Lost Past Wages) | |
| Section VII - 2 (Lost Future Wages) | |
| Section VIII - 2 (Verbal/Written Statement) | |
| Section IX - 1 (Consortium Name etc.) | |
| Section IX - 3 (Residences) | |
| Section IX - 4 (Married) | |
| X.01 - Signed Authorization | |
| X.02.d - Documents - Signed Verification | |
| I.03.b - Plaintiffs' Counsel's Firm | Levin, Papantonio |
| I.03.e - Plaintiffs' Counsel's Email | dnigh@levinlaw.com |



Benjamin W. Hulse
Direct Dial: 612-343-3256
E-Mail: bhulse@blackwellburke.com

June 29, 2018

**VIA EMAIL AND U.S. MAIL**
Daniel A. Nigh
Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, P.A
316 South Baylen St. Suite 400
Pensacola, Florida 32502
dnigh@levinlaw.com

> Re:  *In re Bair Hugger Forced Air Warming Devices Products Liability Litigation*
> MDL No. 2666 – Deficiencies in Amended Plaintiff Fact Sheet
> *Wolf, Joyce v. 3M Company* Case No.: 0:18-cv-00675-JNE-FLN

Dear Counsel:

We are in receipt of the amended Plaintiff Fact Sheet (PFS) for the above-captioned matter.  The PFS still has core deficiencies, as set forth in the enclosed report.

Paragraph 4 of Pretrial Order No. 14 defines core deficiencies as "a lack of response to all questions in Section I, Section II, and Section III; Section IV, questions 1, 3, 7, 8, 9, 10; Section V, questions 5, 6, and 7; Section VI, questions 1, 3, 6, 7, 8, and 9; Section VII, questions 1 and 2; Section 8, question 2; Section IX, questions 1, 3, and 4, or lack of signed medical authorizations."  Paragraph 3 further requires a signed verification.

In addition, the instructions on the PFS form prohibit leaving spaces blank and provide as follows: "If a question is not applicable to you, please state 'Not Applicable' or 'N/A.'"  In our review, many deficiencies resulted from a plaintiff leaving one or more spaces blank.

Pursuant to paragraph 6 of PTO 14, within 3 weeks of the date of this letter, you must respond in writing by either (1) curing the deficiencies (by serving a further revised, verified PFS through Plaintiffs' portal); (2) disputing the deficiencies and setting forth the reasons the PFS is not deficient; or (3) explaining why the deficiencies cannot be timely cured.  When serving a revised, verified PFS through Plaintiff's portal, you do not need to resubmit documents that were previously served with the original PFS. This is the final deficiency notice for this matter.

Sincerely,

s/ Benjamin W. Hulse

Benjamin W. Hulse

cc: Plaintiffs' Co-Lead Counsel
Enclosure

| | |
|---|---|
| Plaintiffs' Last Name | Wolf |
| Plaintiffs' First Name | Joyce |
| Case No. | 0:18-cv-00675 |
| Section I (Case Information) | |
| Section I - Incomplete Questions | |
| Section II (Personal Information) | |
| Section II - Incomplete Questions | |
| Section III (Surgery Information) | Incomplete |
| Section III - Incomplete Questions | 1 |
| Section IV - 1 (Vital Statistics) | |
| Section IV - 3 (Healthcare Providers) | |
| Section IV - 7 (Pharmacies/Drugstores) | |
| Section IV - 8 (Dental Procedures) | |
| Section IV - 9 (Tobacco) | |
| Section IV - 10 (Drug/Alcohol) | |
| Section V - 4 (Disability Claims) | |
| Section V - 5 (Lawsuits) | |
| Section V - 6 (Bankruptcy) | |
| Section VI - 1 (Physical Injury) | |
| Section VI - 3 (Emotional Distress) | |
| Section VI - 6 (Warnings) | |
| Section VI - 7 (3M/Arizant Communications) | |
| Section VI - 8 (3M/Arizant Warranty) | |
| Section VI - 9 (Augustine) | |
| Section VII - 1 (Lost Past Wages) | |
| Section VII - 2 (Lost Future Wages) | |
| Section VIII - 2 (Verbal/Written Statement) | |
| Section IX - 1 (Consortium Name etc.) | |
| Section IX - 3 (Residences) | |
| Section IX - 4 (Married) | |
| X.01 - Signed Authorization | |
| X.02.d - Documents - Signed Verification | |
| I.03.b - Plaintiffs' Counsel's Firm | Levin, Papantonio |
| I.03.e - Plaintiffs' Counsel's Email | dnigh@levinlaw.com |



**BLACKWELL BURKE** P.A.

Benjamin W. Hulse
Direct Dial: 612-343-3256
E-Mail: bhulse@blackwellburke.com

July 11, 2018

**VIA EMAIL AND U.S. MAIL**
Daniel A. Nigh
Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, P.A.
316 South Baylen St. Suite 400
Pensacola, Florida 32502
dnigh@levinlaw.com

> Re: *In re Bair Hugger Forced Air Warming Devices Products Liability Litigation*
> MDL No. 2666 – Deficiencies in Amended Plaintiff Fact Sheet
> *Conrad, John v. 3M Company* Case No.: 0:18-cv-00688-JNE-FLN

Dear Counsel:

We are in receipt of the amended Plaintiff Fact Sheet (PFS) for the above-captioned matter. The PFS still has core deficiencies, as set forth in the enclosed report.

Paragraph 4 of Pretrial Order No. 14 defines core deficiencies as "a lack of response to all questions in Section I, Section II, and Section III; Section IV, questions 1, 3, 7, 8, 9, 10; Section V, questions 5, 6, and 7; Section VI, questions 1, 3, 6, 7, 8, and 9; Section VII, questions 1 and 2; Section 8, question 2; Section IX, questions 1, 3, and 4, or lack of signed medical authorizations." Paragraph 3 further requires a signed verification.

In addition, the instructions on the PFS form prohibit leaving spaces blank and provide as follows: "If a question is not applicable to you, please state 'Not Applicable' or 'N/A.'" In our review, many deficiencies resulted from a plaintiff leaving one or more spaces blank.

Pursuant to paragraph 6 of PTO 14, within 3 weeks of the date of this letter, you must respond in writing by either (1) curing the deficiencies (by serving a further revised, verified PFS through Plaintiffs' portal); (2) disputing the deficiencies and setting forth the reasons the PFS is not deficient; or (3) explaining why the deficiencies cannot be timely cured. When serving a revised, verified PFS through Plaintiff's portal, you do not need to resubmit documents that were previously served with the original PFS. This is the final deficiency notice for this matter.

Sincerely,

s/ Benjamin W. Hulse

Benjamin W. Hulse

cc: Plaintiffs' Co-Lead Counsel
Enclosure

| | |
|---|---|
| **Plaintiffs' Last Name** | Conrad |
| **Plaintiffs' First Name** | John W. |
| **Case No.** | 0:18-cv-00688 |
| **Section I (Case Information)** | |
| **Section I - Incomplete Questions** | |
| **Section II (Personal Information)** | Incomplete |
| **Section II - Incomplete Questions** | 7 |
| **Section III (Surgery Information)** | Incomplete |
| **Section III - Incomplete Questions** | 1 |
| **Section IV - 1 (Vital Statistics)** | |
| **Section IV - 3 (Healthcare Providers)** | |
| **Section IV - 7 (Pharmacies/Drugstores)** | |
| **Section IV - 8 (Dental Procedures)** | |
| **Section IV - 9 (Tobacco)** | |
| **Section IV - 10 (Drug/Alcohol)** | |
| **Section V - 4 (Disability Claims)** | |
| **Section V - 5 (Lawsuits)** | |
| **Section V - 6 (Bankruptcy)** | |
| **Section VI - 1 (Physical Injury)** | |
| **Section VI - 3 (Emotional Distress)** | |
| **Section VI - 6 (Warnings)** | |
| **Section VI - 7 (3M/Arizant Communications)** | |
| **Section VI - 8 (3M/Arizant Warranty)** | |
| **Section VI - 9 (Augustine)** | |
| **Section VII - 1 (Lost Past Wages)** | |
| **Section VII - 2 (Lost Future Wages)** | |
| **Section VIII - 2 (Verbal/Written Statement)** | |
| **Section IX - 1 (Consortium Name etc.)** | |
| **Section IX - 3 (Residences)** | |
| **Section IX - 4 (Married)** | |
| **X.01 - Signed Authorization** | |
| **X.02.d - Documents - Signed Verification** | |
| **I.03.b - Plaintiffs' Counsel's Firm** | Levin, Papantonio, Thomas, Mitchell, Rafferty, Proctor P.A. |
| **I.03.e - Plaintiffs' Counsel's Email** | dnigh@levinlaw.com |



BENJAMIN W. HULSE
Direct Dial: 612-343-3256
E-Mail: bhulse@blackwellburke.com

June 29, 2018

**VIA EMAIL AND U.S. MAIL**
Daniel A. Nigh
Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, P.A
316 South Baylen St. Suite 400
Pensacola, Florida 32502
dnigh@levinlaw.com

> Re:   *In re Bair Hugger Forced Air Warming Devices Products Liability Litigation*
> MDL No. 2666 – Deficiencies in Amended Plaintiff Fact Sheet
> *Hauser, Michael  v. 3M Company* Case No.: 0:18-cv-00691-JNE-FLN

Dear Counsel:

We are in receipt of the amended Plaintiff Fact Sheet (PFS) for the above-captioned matter.  The PFS still has core deficiencies, as set forth in the enclosed report.

Paragraph 4 of Pretrial Order No. 14 defines core deficiencies as "a lack of response to all questions in Section I, Section II, and Section III; Section IV, questions 1, 3, 7, 8, 9, 10; Section V, questions 5, 6, and 7; Section VI, questions 1, 3, 6, 7, 8, and 9; Section VII, questions 1 and 2; Section 8, question 2; Section IX, questions 1, 3, and 4, or lack of signed medical authorizations."  Paragraph 3 further requires a signed verification.

In addition, the instructions on the PFS form prohibit leaving spaces blank and provide as follows: "If a question is not applicable to you, please state 'Not Applicable' or 'N/A.'"  In our review, many deficiencies resulted from a plaintiff leaving one or more spaces blank.

Pursuant to paragraph 6 of PTO 14, within 3 weeks of the date of this letter, you must respond in writing by either (1) curing the deficiencies (by serving a further revised, verified PFS through Plaintiffs' portal); (2) disputing the deficiencies and setting forth the reasons the PFS is not deficient; or (3) explaining why the deficiencies cannot be timely cured.  When serving a revised, verified PFS through Plaintiff's portal, you do not need to resubmit documents that were previously served with the original PFS. This is the final deficiency notice for this matter.

Sincerely,

s/ Benjamin W. Hulse

Benjamin W. Hulse

cc: Plaintiffs' Co-Lead Counsel
Enclosure

---

| | |
|---|---|
| Plaintiffs' Last Name | Hauser |
| Plaintiffs' First Name | Michael |
| Case No. | 0:18-cv-00691 |
| Section I (Case Information) | |
| Section I - Incomplete Questions | |
| Section II (Personal Information) | |
| Section II - Incomplete Questions | |
| Section III (Surgery Information) | Incomplete |
| Section III - Incomplete Questions | 1 |
| Section IV - 1 (Vital Statistics) | |
| Section IV - 3 (Healthcare Providers) | |
| Section IV - 7 (Pharmacies/Drugstores) | |
| Section IV - 8 (Dental Procedures) | |
| Section IV - 9 (Tobacco) | |
| Section IV - 10 (Drug/Alcohol) | |
| Section V - 4 (Disability Claims) | |
| Section V - 5 (Lawsuits) | |
| Section V - 6 (Bankruptcy) | |
| Section VI - 1 (Physical Injury) | |
| Section VI - 3 (Emotional Distress) | |
| Section VI - 6 (Warnings) | |
| Section VI - 7 (3M/Arizant Communications) | |
| Section VI - 8 (3M/Arizant Warranty) | |
| Section VI - 9 (Augustine) | |
| Section VII - 1 (Lost Past Wages) | |
| Section VII - 2 (Lost Future Wages) | |
| Section VIII - 2 (Verbal/Written Statement) | |
| Section IX - 1 (Consortium Name etc.) | |
| Section IX - 3 (Residences) | |
| Section IX - 4 (Married) | |
| X.01 - Signed Authorization | |
| X.02.d - Documents - Signed Verification | |
| I.03.b - Plaintiffs' Counsel's Firm | Levin, Papantonio, Thomas, Mitchell, Rafferty, Proctor P.A. |
| I.03.e - Plaintiffs' Counsel's Email | dnigh@levinlaw.com |



BLACKWELL
BURKE P.A.

Benjamin W. Hulse
Direct Dial: 612-343-3256
E-Mail: bhulse@blackwellburke.com

July 10, 2018

**VIA EMAIL AND U.S. MAIL**
Wesley G. Barr
The Olinde Firm, LLC
400 Poydras Street Suite 1980
New Orleans, LA 70130
wbarr@olindefirm.com

> Re:   *In re Bair Hugger Forced Air Warming Devices Products Liability Litigation*
> MDL No. 2666 – Deficiencies in Plaintiff Fact Sheet for Individual Case
> *Farrell, Thomas v. 3M Company et al* Case No.: 0:18-cv-00803-JNE-FLN

Dear Counsel:

We are in receipt of the Plaintiff Fact Sheet (PFS) for the above-captioned matter.  The PFS has core deficiencies, as set forth in the enclosed report.

Paragraph 4 of Pretrial Order No. 14 defines core deficiencies as "a lack of response to all questions in Section I, Section II, and Section III; Section IV, questions 1, 3, 7, 8, 9, 10; Section V, questions 5, 6, and 7; Section VI, questions 1, 3, 6, 7, 8, and 9; Section VII, questions 1 and 2; Section 8, question 2; Section IX, questions 1, 3, and 4, or lack of signed medical authorizations."  Paragraph 3 further requires a signed verification.

In addition, the instructions on the PFS form prohibit leaving spaces blank and provide as follows: "If a question is not applicable to you, please state 'Not Applicable' or 'N/A.'"  In our review, many deficiencies resulted from a plaintiff leaving one or more spaces blank.

Pursuant to paragraph 6 of PTO 14, within 3 weeks of the date of this letter, you must respond in writing by either (1) curing the deficiencies (by serving a revised, verified PFS through Plaintiffs' portal); (2) disputing the deficiencies and setting forth the reasons the PFS is not deficient; or (3) explaining why the deficiencies cannot be timely cured.  When serving a revised, verified PFS through Plaintiff's portal, you do not need to resubmit documents that were previously served with the original PFS. This is a final deficiency notice for this matter.

Sincerely,

s/ Benjamin W. Hulse

Benjamin W. Hulse

cc: Plaintiffs' Co-Lead Counsel
Enclosure

| | |
|---|---|
| **Plaintiffs' Last Name** | Farrell |
| **Plaintiffs' First Name** | Thomas |
| **Case No.** | 0:18-cv-00803 |
| **Section I (Case Information)** | Incomplete |
| **Section I - Incomplete Questions** | 4 |
| **Section II (Personal Information)** | Incomplete |
| **Section II - Incomplete Questions** | 5, 10 |
| **Section III (Surgery Information)** | Incomplete |
| **Section III - Incomplete Questions** | 01<br>03 |
| **Section IV - 1 (Vital Statistics)** | |
| **Section IV - 3 (Healthcare Providers)** | |
| **Section IV - 7 (Pharmacies/Drugstores)** | |
| **Section IV - 8 (Dental Procedures)** | Incomplete |
| **Section IV - 9 (Tobacco)** | |
| **Section IV - 10 (Drug/Alcohol)** | |
| **Section V - 4 (Disability Claims)** | |
| **Section V - 5 (Lawsuits)** | |
| **Section V - 6 (Bankruptcy)** | |
| **Section VI - 1 (Physical Injury)** | Incomplete |
| **Section VI - 3 (Emotional Distress)** | |
| **Section VI - 6 (Warnings)** | |
| **Section VI - 7 (3M/Arizant Communications)** | |
| **Section VI - 8 (3M/Arizant Warranty)** | |
| **Section VI - 9 (Augustine)** | Incomplete |
| **Section VII - 1 (Lost Past Wages)** | |
| **Section VII - 2 (Lost Future Wages)** | |
| **Section VIII - 2 (Verbal/Written Statement)** | |
| **Section IX - 1 (Consortium Name etc.)** | Incomplete |
| **Section IX - 3 (Residences)** | |
| **Section IX - 4 (Married)** | |
| **X.01 - Signed Authorization** | |
| **X.02.d - Documents - Signed Verification** | Incomplete |
| **I.03.b - Plaintiffs' Counsel's Firm** | The Olinde Firm, LLC |
| **I.03.e - Plaintiffs' Counsel's Email** | wbarr@olindefirm.com |



# BLACKWELL
# BURKE P.A.

Benjamin W. Hulse
Direct Dial: 612-343-3256
E-Mail: bhulse@blackwellburke.com

July 9, 2018

**VIA EMAIL AND U.S. MAIL**
Daniel A. Nigh
Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, P.A
316 South Baylen St. Suite 400
Pensacola, Florida 32502
dnigh@levinlaw.com

> Re:   *In re Bair Hugger Forced Air Warming Devices Products Liability Litigation*
>       MDL No. 2666 – Deficiencies in Plaintiff Fact Sheet for Individual Case
>       *Snow, Lorraine v. 3M Company* Case No.: 0:18-cv-00962-JNE-FLN

Dear Counsel:

We are in receipt of the Plaintiff Fact Sheet (PFS) for the above-captioned matter.  The PFS has core deficiencies, as set forth in the enclosed report.

Paragraph 4 of Pretrial Order No. 14 defines core deficiencies as "a lack of response to all questions in Section I, Section II, and Section III; Section IV, questions 1, 3, 7, 8, 9, 10; Section V, questions 5, 6, and 7; Section VI, questions 1, 3, 6, 7, 8, and 9; Section VII, questions 1 and 2; Section 8, question 2; Section IX, questions 1, 3, and 4, or lack of signed medical authorizations."  Paragraph 3 further requires a signed verification.

In addition, the instructions on the PFS form prohibit leaving spaces blank and provide as follows: "If a question is not applicable to you, please state 'Not Applicable' or 'N/A.'"  In our review, many deficiencies resulted from a plaintiff leaving one or more spaces blank.

Pursuant to paragraph 6 of PTO 14, within 3 weeks of the date of this letter, you must respond in writing by either (1) curing the deficiencies (by serving a revised, verified PFS through Plaintiffs' portal); (2) disputing the deficiencies and setting forth the reasons the PFS is not deficient; or (3) explaining why the deficiencies cannot be timely cured.  When serving a revised, verified PFS through Plaintiff's portal, you do not need to resubmit documents that were previously served with the original PFS. This is a final deficiency notice for this matter.

Sincerely,

s/ Benjamin W. Hulse

Benjamin W. Hulse

cc: Plaintiffs' Co-Lead Counsel
Enclosure

| | |
|---|---|
| Plaintiffs' Last Name | Snow |
| Plaintiffs' First Name | Lorraine |
| Case No. | 0:18-cv-00962 |
| Section I (Case Information) | |
| Section I - Incomplete Questions | |
| Section II (Personal Information) | |
| Section II - Incomplete Questions | |
| Section III (Surgery Information) | Incomplete |
| Section III - Incomplete Questions | 1 |
| Section IV - 1 (Vital Statistics) | |
| Section IV - 3 (Healthcare Providers) | |
| Section IV - 7 (Pharmacies/Drugstores) | |
| Section IV - 8 (Dental Procedures) | |
| Section IV - 9 (Tobacco) | |
| Section IV - 10 (Drug/Alcohol) | |
| Section V - 4 (Disability Claims) | |
| Section V - 5 (Lawsuits) | |
| Section V - 6 (Bankruptcy) | |
| Section VI - 1 (Physical Injury) | |
| Section VI - 3 (Emotional Distress) | |
| Section VI - 6 (Warnings) | |
| Section VI - 7 (3M/Arizant Communications) | |
| Section VI - 8 (3M/Arizant Warranty) | |
| Section VI - 9 (Augustine) | |
| Section VII - 1 (Lost Past Wages) | |
| Section VII - 2 (Lost Future Wages) | |
| Section VIII - 2 (Verbal/Written Statement) | |
| Section IX - 1 (Consortium Name etc.) | |
| Section IX - 3 (Residences) | |
| Section IX - 4 (Married) | |
| X.01 - Signed Authorization | |
| X.02.d - Documents - Signed Verification | |
| I.03.b - Plaintiffs' Counsel's Firm | Levin, Papantonio, Thomas, Mitchell, Rafferty, Proctor P.A. |
| I.03.e - Plaintiffs' Counsel's Email | dnigh@levinlaw.com |



**BLACKWELL**
**BURKE** P.A.

Benjamin W. Hulse
Direct Dial: 612-343-3256
E-Mail: bhulse@blackwellburke.com

July 5, 2018

**VIA EMAIL AND U.S. MAIL**
Daniel A. Nigh
Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, P.A
316 South Baylen St. Suite 400
Pensacola, Florida 32502
dnigh@levinlaw.com

      Re:    *In re Bair Hugger Forced Air Warming Devices Products Liability Litigation*
               MDL No. 2666 – Deficiencies in Amended Plaintiff Fact Sheet
               *Wolfe, Stanley v. 3M Company* Case No.: 0:18-cv-00963-JNE-FLN

Dear Counsel:

We are in receipt of the amended Plaintiff Fact Sheet (PFS) for the above-captioned matter.  The PFS still has core deficiencies, as set forth in the enclosed report.

Paragraph 4 of Pretrial Order No. 14 defines core deficiencies as "a lack of response to all questions in Section I, Section II, and Section III; Section IV, questions 1, 3, 7, 8, 9, 10; Section V, questions 5, 6, and 7; Section VI, questions 1, 3, 6, 7, 8, and 9; Section VII, questions 1 and 2; Section 8, question 2; Section IX, questions 1, 3, and 4, or lack of signed medical authorizations."  Paragraph 3 further requires a signed verification.

In addition, the instructions on the PFS form prohibit leaving spaces blank and provide as follows: "If a question is not applicable to you, please state 'Not Applicable' or 'N/A.'"  In our review, many deficiencies resulted from a plaintiff leaving one or more spaces blank.

Pursuant to paragraph 6 of PTO 14, within 3 weeks of the date of this letter, you must respond in writing by either (1) curing the deficiencies (by serving a further revised, verified PFS through Plaintiffs' portal); (2) disputing the deficiencies and setting forth the reasons the PFS is not deficient; or (3) explaining why the deficiencies cannot be timely cured.  When serving a revised, verified PFS through Plaintiff's portal, you do not need to resubmit documents that were previously served with the original PFS. This is the final deficiency notice for this matter.

Sincerely,

s/ Benjamin W. Hulse

Benjamin W. Hulse

cc: Plaintiffs' Co-Lead Counsel
Enclosure

| | |
|---|---|
| Plaintiffs' Last Name | Wolfe |
| Plaintiffs' First Name | Stanley |
| Case No. | 0:18-cv-00963 |
| Section I (Case Information) | |
| Section I - Incomplete Questions | |
| Section II (Personal Information) | |
| Section II - Incomplete Questions | |
| Section III (Surgery Information) | Incomplete |
| Section III - Incomplete Questions | 1 |
| Section IV - 1 (Vital Statistics) | |
| Section IV - 3 (Healthcare Providers) | |
| Section IV - 7 (Pharmacies/Drugstores) | |
| Section IV - 8 (Dental Procedures) | |
| Section IV - 9 (Tobacco) | |
| Section IV - 10 (Drug/Alcohol) | |
| Section V - 4 (Disability Claims) | |
| Section V - 5 (Lawsuits) | |
| Section V - 6 (Bankruptcy) | |
| Section VI - 1 (Physical Injury) | |
| Section VI - 3 (Emotional Distress) | |
| Section VI - 6 (Warnings) | |
| Section VI - 7 (3M/Arizant Communications) | |
| Section VI - 8 (3M/Arizant Warranty) | |
| Section VI - 9 (Augustine) | |
| Section VII - 1 (Lost Past Wages) | |
| Section VII - 2 (Lost Future Wages) | |
| Section VIII - 2 (Verbal/Written Statement) | |
| Section IX - 1 (Consortium Name etc.) | |
| Section IX - 3 (Residences) | |
| Section IX - 4 (Married) | |
| X.01 - Signed Authorization | |
| X.02.d - Documents - Signed Verification | |
| I.03.b - Plaintiffs' Counsel's Firm | Levin, Papantonio |
| I.03.e - Plaintiffs' Counsel's Email | dnigh@levinlaw.com |



**BLACKWELL**
**BURKE** P.A.

Benjamin W. Hulse
Direct Dial: 612-343-3256
E-Mail: bhulse@blackwellburke.com

July 10, 2018

**VIA EMAIL AND U.S. MAIL**
Daniel A. Nigh
Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, P.A
316 South Baylen St. Suite 400
Pensacola, Florida 32502
dnigh@levinlaw.com

> Re: *In re Bair Hugger Forced Air Warming Devices Products Liability Litigation*
> MDL No. 2666 – Deficiencies in Amended Plaintiff Fact Sheet
> *Branch, Charles v. 3M Company* Case No.: 0:18-cv-00965-JNE-FLN

Dear Counsel:

We are in receipt of the amended Plaintiff Fact Sheet (PFS) for the above-captioned matter. The PFS still has core deficiencies, as set forth in the enclosed report.

Paragraph 4 of Pretrial Order No. 14 defines core deficiencies as "a lack of response to all questions in Section I, Section II, and Section III; Section IV, questions 1, 3, 7, 8, 9, 10; Section V, questions 5, 6, and 7; Section VI, questions 1, 3, 6, 7, 8, and 9; Section VII, questions 1 and 2; Section 8, question 2; Section IX, questions 1, 3, and 4, or lack of signed medical authorizations." Paragraph 3 further requires a signed verification.

In addition, the instructions on the PFS form prohibit leaving spaces blank and provide as follows: "If a question is not applicable to you, please state 'Not Applicable' or 'N/A.'" In our review, many deficiencies resulted from a plaintiff leaving one or more spaces blank.

Pursuant to paragraph 6 of PTO 14, within 3 weeks of the date of this letter, you must respond in writing by either (1) curing the deficiencies (by serving a further revised, verified PFS through Plaintiffs' portal); (2) disputing the deficiencies and setting forth the reasons the PFS is not deficient; or (3) explaining why the deficiencies cannot be timely cured. When serving a revised, verified PFS through Plaintiff's portal, you do not need to resubmit documents that were previously served with the original PFS. This is the final deficiency notice for this matter.

Sincerely,

s/ Benjamin W. Hulse

Benjamin W. Hulse

cc: Plaintiffs' Co-Lead Counsel
Enclosure

| | |
|---|---|
| **Plaintiffs' Last Name** | Branch |
| **Plaintiffs' First Name** | Charles |
| **Case No.** | 0:18-cv-00965 |
| **Section I (Case Information)** | |
| **Section I - Incomplete Questions** | |
| **Section II (Personal Information)** | Incomplete |
| **Section II - Incomplete Questions** | 7 |
| **Section III (Surgery Information)** | Incomplete |
| **Section III - Incomplete Questions** | 01 |
| **Section IV - 1 (Vital Statistics)** | |
| **Section IV - 3 (Healthcare Providers)** | |
| **Section IV - 7 (Pharmacies/Drugstores)** | |
| **Section IV - 8 (Dental Procedures)** | |
| **Section IV - 9 (Tobacco)** | |
| **Section IV - 10 (Drug/Alcohol)** | |
| **Section V - 4 (Disability Claims)** | |
| **Section V - 5 (Lawsuits)** | |
| **Section V - 6 (Bankruptcy)** | |
| **Section VI - 1 (Physical Injury)** | |
| **Section VI - 3 (Emotional Distress)** | |
| **Section VI - 6 (Warnings)** | |
| **Section VI - 7 (3M/Arizant Communications)** | |
| **Section VI - 8 (3M/Arizant Warranty)** | |
| **Section VI - 9 (Augustine)** | |
| **Section VII - 1 (Lost Past Wages)** | |
| **Section VII - 2 (Lost Future Wages)** | |
| **Section VIII - 2 (Verbal/Written Statement)** | |
| **Section IX - 1 (Consortium Name etc.)** | |
| **Section IX - 3 (Residences)** | |
| **Section IX - 4 (Married)** | |
| **X.01 - Signed Authorization** | |
| **X.02.d - Documents - Signed Verification** | |
| **I.03.b - Plaintiffs' Counsel's Firm** | Levin, Papantonio, Thomas, Mitchell, Rafferty, Proctor P.A. |
| **I.03.e - Plaintiffs' Counsel's Email** | dnigh@levinlaw.com |



**BLACKWELL**
**BURKE** P.A.

Benjamin W. Hulse
Direct Dial: 612-343-3256
E-Mail: bhulse@blackwellburke.com

July 9, 2018

<u>**VIA EMAIL AND U.S. MAIL**</u>
Daniel A. Nigh
Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA
316 S Baylen St, Ste 600
Pensacola, FL 32502
dnigh@levinlaw.com

Re:    *In re Bair Hugger Forced Air Warming Devices Products Liability Litigation*
MDL No. 2666 – Deficiencies in Plaintiff Fact Sheet for Individual Case
*Ramondo, Joseph v. 3M Company* Case No.: 0:18-cv-01097-JNE-FLN

Dear Counsel:

We are in receipt of the Plaintiff Fact Sheet (PFS) for the above-captioned matter.  The PFS has core deficiencies, as set forth in the enclosed report.

Paragraph 4 of Pretrial Order No. 14 defines core deficiencies as "a lack of response to all questions in Section I, Section II, and Section III; Section IV, questions 1, 3, 7, 8, 9, 10; Section V, questions 5, 6, and 7; Section VI, questions 1, 3, 6, 7, 8, and 9; Section VII, questions 1 and 2; Section 8, question 2; Section IX, questions 1, 3, and 4, or lack of signed medical authorizations."  Paragraph 3 further requires a signed verification.

In addition, the instructions on the PFS form prohibit leaving spaces blank and provide as follows: "If a question is not applicable to you, please state 'Not Applicable' or 'N/A.'"  In our review, many deficiencies resulted from a plaintiff leaving one or more spaces blank.

Pursuant to paragraph 6 of PTO 14, within 3 weeks of the date of this letter, you must respond in writing by either (1) curing the deficiencies (by serving a revised, verified PFS through Plaintiffs' portal); (2) disputing the deficiencies and setting forth the reasons the PFS is not deficient; or (3) explaining why the deficiencies cannot be timely cured.  When serving a revised, verified PFS through Plaintiff's portal, you do not need to resubmit documents that were previously served with the original PFS. This is a final deficiency notice for this matter.

Sincerely,

s/ Benjamin W. Hulse

Benjamin W. Hulse

cc: Plaintiffs' Co-Lead Counsel
Enclosure

| | |
|---|---|
| Plaintiffs' Last Name | Ramondo |
| Plaintiffs' First Name | Joseph |
| Case No. | 0:18-cv-01097 |
| Section I (Case Information) | |
| Section I - Incomplete Questions | |
| Section II (Personal Information) | |
| Section II - Incomplete Questions | |
| Section III (Surgery Information) | Incomplete |
| Section III - Incomplete Questions | 1 |
| Section IV - 1 (Vital Statistics) | |
| Section IV - 3 (Healthcare Providers) | |
| Section IV - 7 (Pharmacies/Drugstores) | |
| Section IV - 8 (Dental Procedures) | |
| Section IV - 9 (Tobacco) | |
| Section IV - 10 (Drug/Alcohol) | |
| Section V - 4 (Disability Claims) | |
| Section V - 5 (Lawsuits) | |
| Section V - 6 (Bankruptcy) | |
| Section VI - 1 (Physical Injury) | |
| Section VI - 3 (Emotional Distress) | |
| Section VI - 6 (Warnings) | |
| Section VI - 7 (3M/Arizant Communications) | |
| Section VI - 8 (3M/Arizant Warranty) | |
| Section VI - 9 (Augustine) | |
| Section VII - 1 (Lost Past Wages) | |
| Section VII - 2 (Lost Future Wages) | |
| Section VIII - 2 (Verbal/Written Statement) | |
| Section IX - 1 (Consortium Name etc.) | |
| Section IX - 3 (Residences) | |
| Section IX - 4 (Married) | |
| X.01 - Signed Authorization | |
| X.02.d - Documents - Signed Verification | |
| I.03.b - Plaintiffs' Counsel's Firm | Levin, Papantonio, Thomas, Mitchell, Rafferty, Proctor P.A. |
| I.03.e - Plaintiffs' Counsel's Email | dnigh@levinlaw.com |

 **BLACKWELL BURKE** P.A.

Benjamin W. Hulse
Direct Dial: 612-343-3256
E-Mail: bhulse@blackwellburke.com

August 15, 2018

**VIA EMAIL AND U.S. MAIL**
Daniel A. Nigh
Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA
316 S Baylen St, Ste 600
Pensacola, FL 32502
dnigh@levinlaw.com

Re:    *In re Bair Hugger Forced Air Warming Devices Products Liability Litigation*
MDL No. 2666 – Deficiencies in Plaintiff Fact Sheet for Individual Case
*Rodliff, Peter v. 3M Company* Case No.: 0:18-cv-01098-JNE-FLN

Dear Counsel:

We are in receipt of the Plaintiff Fact Sheet (PFS) for the above-captioned matter.  The PFS has core deficiencies, as set forth in the enclosed report.

Paragraph 4 of Pretrial Order No. 14 defines core deficiencies as "a lack of response to all questions in Section I, Section II, and Section III; Section IV, questions 1, 3, 7, 8, 9, 10; Section V, questions 5, 6, and 7; Section VI, questions 1, 3, 6, 7, 8, and 9; Section VII, questions 1 and 2; Section 8, question 2; Section IX, questions 1, 3, and 4, or lack of signed medical authorizations."  Paragraph 3 further requires a signed verification.

In addition, the instructions on the PFS form prohibit leaving spaces blank and provide as follows: "If a question is not applicable to you, please state 'Not Applicable' or 'N/A.'"  In our review, many deficiencies resulted from a plaintiff leaving one or more spaces blank.

Pursuant to paragraph 6 of PTO 14, within 3 weeks of the date of this letter, you must respond in writing by either (1) curing the deficiencies (by serving a revised, verified PFS through Plaintiffs' portal); (2) disputing the deficiencies and setting forth the reasons the PFS is not deficient; or (3) explaining why the deficiencies cannot be timely cured.  When serving a revised, verified PFS through Plaintiff's portal, you do not need to resubmit documents that were previously served with the original PFS. This is a final deficiency notice for this matter.

Sincerely,

s/ Benjamin W. Hulse

Benjamin W. Hulse

cc: Plaintiffs' Co-Lead Counsel
Enclosure

| | |
|---|---|
| Plaintiffs' Last Name | Rodliff |
| Plaintiffs' First Name | Peter |
| Case No. | 0:18-cv-01098 |
| Section I (Case Information) | |
| Section I - Incomplete Questions | |
| Section II (Personal Information) | |
| Section II - Incomplete Questions | |
| Section III (Surgery Information) | Incomplete |
| Section III - Incomplete Questions | 01 |
| Section IV - 1 (Vital Statistics) | |
| Section IV - 3 (Healthcare Providers) | |
| Section IV - 7 (Pharmacies/Drugstores) | |
| Section IV - 8 (Dental Procedures) | |
| Section IV - 9 (Tobacco) | |
| Section IV - 10 (Drug/Alcohol) | |
| Section V - 4 (Disability Claims) | |
| Section V - 5 (Lawsuits) | |
| Section V - 6 (Bankruptcy) | |
| Section VI - 1 (Physical Injury) | |
| Section VI - 3 (Emotional Distress) | |
| Section VI - 6 (Warnings) | |
| Section VI - 7 (3M/Arizant Communications) | |
| Section VI - 8 (3M/Arizant Warranty) | |
| Section VI - 9 (Augustine) | |
| Section VII - 1 (Lost Past Wages) | Incomplete |
| Section VII - 2 (Lost Future Wages) | |
| Section VIII - 2 (Verbal/Written Statement) | |
| Section IX - 1 (Consortium Name etc.) | |
| Section IX - 3 (Residences) | |
| Section IX - 4 (Married) | |
| X.01 - Signed Authorization | Incomplete |
| X.02.d - Documents - Signed Verification | |
| I.03.b - Plaintiffs' Counsel's Firm | Levin, Papantonio, Thomas, Mitchell, Rafferty, Proctor P.A. |
| I.03.e - Plaintiffs' Counsel's Email | dnigh@levinlaw.com |



Benjamin W. Hulse
Direct Dial: 612-343-3256
E-Mail: bhulse@blackwellburke.com

July 9, 2018

**VIA EMAIL AND U.S. MAIL**
Daniel A. Nigh
Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA
316 S Baylen St, Ste 600
Pensacola, FL 32502
dnigh@levinlaw.com

Re:     *In re Bair Hugger Forced Air Warming Devices Products Liability Litigation*
MDL No. 2666 – Deficiencies in Plaintiff Fact Sheet for Individual Case
*Reid, Patricia v. 3M Company* Case No.: 0:18-cv-01099-JNE-FLN

Dear Counsel:

We are in receipt of the Plaintiff Fact Sheet (PFS) for the above-captioned matter.  The PFS has core deficiencies, as set forth in the enclosed report.

Paragraph 4 of Pretrial Order No. 14 defines core deficiencies as "a lack of response to all questions in Section I, Section II, and Section III; Section IV, questions 1, 3, 7, 8, 9, 10; Section V, questions 5, 6, and 7; Section VI, questions 1, 3, 6, 7, 8, and 9; Section VII, questions 1 and 2; Section 8, question 2; Section IX, questions 1, 3, and 4, or lack of signed medical authorizations."  Paragraph 3 further requires a signed verification.

In addition, the instructions on the PFS form prohibit leaving spaces blank and provide as follows: "If a question is not applicable to you, please state 'Not Applicable' or 'N/A.'"  In our review, many deficiencies resulted from a plaintiff leaving one or more spaces blank.

Pursuant to paragraph 6 of PTO 14, within 3 weeks of the date of this letter, you must respond in writing by either (1) curing the deficiencies (by serving a revised, verified PFS through Plaintiffs' portal); (2) disputing the deficiencies and setting forth the reasons the PFS is not deficient; or (3) explaining why the deficiencies cannot be timely cured.  When serving a revised, verified PFS through Plaintiff's portal, you do not need to resubmit documents that were previously served with the original PFS. This is a final deficiency notice for this matter.

Sincerely,

s/ Benjamin W. Hulse

Benjamin W. Hulse

cc: Plaintiffs' Co-Lead Counsel
Enclosure

| | |
|---|---|
| Plaintiffs' Last Name | Reid |
| Plaintiffs' First Name | Patricia |
| Case No. | 0:18-cv-01099 |
| Section I (Case Information) | |
| Section I - Incomplete Questions | |
| Section II (Personal Information) | Incomplete |
| Section II - Incomplete Questions | 6 |
| Section III (Surgery Information) | Incomplete |
| Section III - Incomplete Questions | 1 |
| Section IV - 1 (Vital Statistics) | |
| Section IV - 3 (Healthcare Providers) | |
| Section IV - 7 (Pharmacies/Drugstores) | |
| Section IV - 8 (Dental Procedures) | |
| Section IV - 9 (Tobacco) | |
| Section IV - 10 (Drug/Alcohol) | |
| Section V - 4 (Disability Claims) | |
| Section V - 5 (Lawsuits) | |
| Section V - 6 (Bankruptcy) | |
| Section VI - 1 (Physical Injury) | |
| Section VI - 3 (Emotional Distress) | |
| Section VI - 6 (Warnings) | |
| Section VI - 7 (3M/Arizant Communications) | |
| Section VI - 8 (3M/Arizant Warranty) | |
| Section VI - 9 (Augustine) | |
| Section VII - 1 (Lost Past Wages) | |
| Section VII - 2 (Lost Future Wages) | |
| Section VIII - 2 (Verbal/Written Statement) | |
| Section IX - 1 (Consortium Name etc.) | |
| Section IX - 3 (Residences) | |
| Section IX - 4 (Married) | |
| X.01 - Signed Authorization | |
| X.02.d - Documents - Signed Verification | |
| I.03.b - Plaintiffs' Counsel's Firm | Levin, Papantonio, Thomas, Mitchell, Rafferty, Proctor P.A. |
| I.03.e - Plaintiffs' Counsel's Email | dnigh@levinlaw.com |



BLACKWELL
BURKE P.A.

Benjamin W. Hulse
Direct Dial: 612-343-3256
E-Mail: bhulse@blackwellburke.com

June 19, 2018

**VIA EMAIL AND U.S. MAIL**
Daniel A. Nigh
Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA
316 S Baylen St, Ste 600
Pensacola, FL 32502
dnigh@levinlaw.com

Re:   *In re Bair Hugger Forced Air Warming Devices Products Liability Litigation*
MDL No. 2666 – Deficiencies in Plaintiff Fact Sheet for Individual Case
*Roshell, Doreen v. 3M Company* Case No.: 0:18-cv-01101-JNE-FLN

Dear Counsel:

We are in receipt of the Plaintiff Fact Sheet (PFS) for the above-captioned matter. The PFS has core deficiencies, as set forth in the enclosed report.

Paragraph 4 of Pretrial Order No. 14 defines core deficiencies as "a lack of response to all questions in Section I, Section II, and Section III; Section IV, questions 1, 3, 7, 8, 9, 10; Section V, questions 5, 6, and 7; Section VI, questions 1, 3, 6, 7, 8, and 9; Section VII, questions 1 and 2; Section 8, question 2; Section IX, questions 1, 3, and 4, or lack of signed medical authorizations." Paragraph 3 further requires a signed verification.

In addition, the instructions on the PFS form prohibit leaving spaces blank and provide as follows: "If a question is not applicable to you, please state 'Not Applicable' or 'N/A.'" In our review, many deficiencies resulted from a plaintiff leaving one or more spaces blank.

Pursuant to paragraph 6 of PTO 14, within 3 weeks of the date of this letter, you must respond in writing by either (1) curing the deficiencies (by serving a revised, verified PFS through Plaintiffs' portal); (2) disputing the deficiencies and setting forth the reasons the PFS is not deficient; or (3) explaining why the deficiencies cannot be timely cured. When serving a revised, verified PFS through Plaintiff's portal, you do not need to resubmit documents that were previously served with the original PFS. This is a final deficiency notice for this matter.

Sincerely,

s/ Benjamin W. Hulse

Benjamin W. Hulse

cc: Plaintiffs' Co-Lead Counsel
Enclosure

---

431 South Seventh Street, Suite 2500      Minneapolis, MN 55415      Main 612.343.3200      Fax 612.343.3205
www.blackwellburke.com

| | |
|---|---|
| **Plaintiffs' Last Name** | Roshell |
| **Plaintiffs' First Name** | Doreen |
| **Case No.** | 0:18-cv-01101 |
| **Section I (Case Information)** | |
| **Section I - Incomplete Questions** | |
| **Section II (Personal Information)** | Incomplete |
| **Section II - Incomplete Questions** | 7 |
| **Section III (Surgery Information)** | Incomplete |
| **Section III - Incomplete Questions** | 1 |
| **Section IV - 1 (Vital Statistics)** | |
| **Section IV - 3 (Healthcare Providers)** | |
| **Section IV - 7 (Pharmacies/Drugstores)** | |
| **Section IV - 8 (Dental Procedures)** | |
| **Section IV - 9 (Tobacco)** | |
| **Section IV - 10 (Drug/Alcohol)** | |
| **Section V - 4 (Disability Claims)** | |
| **Section V - 5 (Lawsuits)** | |
| **Section V - 6 (Bankruptcy)** | |
| **Section VI - 1 (Physical Injury)** | |
| **Section VI - 3 (Emotional Distress)** | |
| **Section VI - 6 (Warnings)** | |
| **Section VI - 7 (3M/Arizant Communications)** | |
| **Section VI - 8 (3M/Arizant Warranty)** | |
| **Section VI - 9 (Augustine)** | |
| **Section VII - 1 (Lost Past Wages)** | |
| **Section VII - 2 (Lost Future Wages)** | |
| **Section VIII - 2 (Verbal/Written Statement)** | |
| **Section IX - 1 (Consortium Name etc.)** | |
| **Section IX - 3 (Residences)** | |
| **Section IX - 4 (Married)** | |
| **X.01 - Signed Authorization** | |
| **X.02.d - Documents - Signed Verification** | |
| **I.03.b - Plaintiffs' Counsel's Firm** | Levin, Papantonio, Thomas, Mitchell, Rafferty, Proctor P.A. |
| **I.03.e - Plaintiffs' Counsel's Email** | dnigh@levinlaw.com |



**BLACKWELL BURKE** P.A.

Benjamin W. Hulse
Direct Dial: 612-343-3256
E-Mail: bhulse@blackwellburke.com

July 30, 2018

**VIA EMAIL AND U.S. MAIL**
Daniel A. Nigh
Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA
316 S Baylen St, Ste 600
Pensacola, FL 32502
dnigh@levinlaw.com

> Re: *In re Bair Hugger Forced Air Warming Devices Products Liability Litigation*
> MDL No. 2666 – Deficiencies in Plaintiff Fact Sheet for Individual Case
> *Shade, Collette v. 3M Company* Case No.: 0:18-cv-01113-JNE-FLN

Dear Counsel:

We are in receipt of the Plaintiff Fact Sheet (PFS) for the above-captioned matter. The PFS has core deficiencies, as set forth in the enclosed report.

Paragraph 4 of Pretrial Order No. 14 defines core deficiencies as "a lack of response to all questions in Section I, Section II, and Section III; Section IV, questions 1, 3, 7, 8, 9, 10; Section V, questions 5, 6, and 7; Section VI, questions 1, 3, 6, 7, 8, and 9; Section VII, questions 1 and 2; Section 8, question 2; Section IX, questions 1, 3, and 4, or lack of signed medical authorizations." Paragraph 3 further requires a signed verification.

In addition, the instructions on the PFS form prohibit leaving spaces blank and provide as follows: "If a question is not applicable to you, please state 'Not Applicable' or 'N/A.'" In our review, many deficiencies resulted from a plaintiff leaving one or more spaces blank.

Pursuant to paragraph 6 of PTO 14, within 3 weeks of the date of this letter, you must respond in writing by either (1) curing the deficiencies (by serving a revised, verified PFS through Plaintiffs' portal); (2) disputing the deficiencies and setting forth the reasons the PFS is not deficient; or (3) explaining why the deficiencies cannot be timely cured. When serving a revised, verified PFS through Plaintiff's portal, you do not need to resubmit documents that were previously served with the original PFS. This is a final deficiency notice for this matter.

Sincerely,

s/ Benjamin W. Hulse

Benjamin W. Hulse

cc: Plaintiffs' Co-Lead Counsel
Enclosure

| | |
|---|---|
| Plaintiffs' Last Name | Shade |
| Plaintiffs' First Name | Collette |
| Case No. | 0:18-cv-01113 |
| Section I (Case Information) | |
| Section I - Incomplete Questions | |
| Section II (Personal Information) | Incomplete |
| Section II - Incomplete Questions | 10 |
| Section III (Surgery Information) | Incomplete |
| Section III - Incomplete Questions | 1 |
| Section IV - 1 (Vital Statistics) | |
| Section IV - 3 (Healthcare Providers) | |
| Section IV - 7 (Pharmacies/Drugstores) | |
| Section IV - 8 (Dental Procedures) | |
| Section IV - 9 (Tobacco) | |
| Section IV - 10 (Drug/Alcohol) | |
| Section V - 4 (Disability Claims) | |
| Section V - 5 (Lawsuits) | |
| Section V - 6 (Bankruptcy) | |
| Section VI - 1 (Physical Injury) | |
| Section VI - 3 (Emotional Distress) | |
| Section VI - 6 (Warnings) | |
| Section VI - 7 (3M/Arizant Communications) | |
| Section VI - 8 (3M/Arizant Warranty) | |
| Section VI - 9 (Augustine) | |
| Section VII - 1 (Lost Past Wages) | |
| Section VII - 2 (Lost Future Wages) | |
| Section VIII - 2 (Verbal/Written Statement) | |
| Section IX - 1 (Consortium Name etc.) | |
| Section IX - 3 (Residences) | |
| Section IX - 4 (Married) | |
| X.01 - Signed Authorization | |
| X.02.d - Documents - Signed Verification | Incomplete |
| I.03.b - Plaintiffs' Counsel's Firm | Levin, Papantonio, Thomas, Mitchell, Rafferty, Proctor P.A. |
| I.03.e - Plaintiffs' Counsel's Email | dnigh@levinlaw.com |



# BLACKWELL BURKE P.A.

Benjamin W. Hulse
Direct Dial: 612-343-3256
E-Mail: bhulse@blackwellburke.com

July 9, 2018

**VIA EMAIL AND U.S. MAIL**
Daniel A. Nigh
Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA
316 S Baylen St, Ste 600
Pensacola, FL 32502
dnigh@levinlaw.com

> Re:    *In re Bair Hugger Forced Air Warming Devices Products Liability Litigation*
> MDL No. 2666 – Deficiencies in Plaintiff Fact Sheet for Individual Case
> *Scott, Margaret v. 3M Company* Case No.: 0:18-cv-01119-JNE-FLN

Dear Counsel:

We are in receipt of the Plaintiff Fact Sheet (PFS) for the above-captioned matter. The PFS has core deficiencies, as set forth in the enclosed report.

Paragraph 4 of Pretrial Order No. 14 defines core deficiencies as "a lack of response to all questions in Section I, Section II, and Section III; Section IV, questions 1, 3, 7, 8, 9, 10; Section V, questions 5, 6, and 7; Section VI, questions 1, 3, 6, 7, 8, and 9; Section VII, questions 1 and 2; Section 8, question 2; Section IX, questions 1, 3, and 4, or lack of signed medical authorizations." Paragraph 3 further requires a signed verification.

In addition, the instructions on the PFS form prohibit leaving spaces blank and provide as follows: "If a question is not applicable to you, please state 'Not Applicable' or 'N/A.'" In our review, many deficiencies resulted from a plaintiff leaving one or more spaces blank.

Pursuant to paragraph 6 of PTO 14, within 3 weeks of the date of this letter, you must respond in writing by either (1) curing the deficiencies (by serving a revised, verified PFS through Plaintiffs' portal); (2) disputing the deficiencies and setting forth the reasons the PFS is not deficient; or (3) explaining why the deficiencies cannot be timely cured. When serving a revised, verified PFS through Plaintiff's portal, you do not need to resubmit documents that were previously served with the original PFS. This is a final deficiency notice for this matter.

Sincerely,

s/ Benjamin W. Hulse

Benjamin W. Hulse

cc: Plaintiffs' Co-Lead Counsel
Enclosure

| | |
|---|---|
| Plaintiffs' Last Name | Scott |
| Plaintiffs' First Name | Margaret |
| Case No. | 0:18-cv-01119 |
| Section I (Case Information) | |
| Section I - Incomplete Questions | |
| Section II (Personal Information) | Incomplete |
| Section II - Incomplete Questions | 7 |
| Section III (Surgery Information) | Incomplete |
| Section III - Incomplete Questions | 1 |
| Section IV - 1 (Vital Statistics) | |
| Section IV - 3 (Healthcare Providers) | |
| Section IV - 7 (Pharmacies/Drugstores) | |
| Section IV - 8 (Dental Procedures) | |
| Section IV - 9 (Tobacco) | |
| Section IV - 10 (Drug/Alcohol) | |
| Section V - 4 (Disability Claims) | |
| Section V - 5 (Lawsuits) | |
| Section V - 6 (Bankruptcy) | |
| Section VI - 1 (Physical Injury) | |
| Section VI - 3 (Emotional Distress) | |
| Section VI - 6 (Warnings) | |
| Section VI - 7 (3M/Arizant Communications) | |
| Section VI - 8 (3M/Arizant Warranty) | |
| Section VI - 9 (Augustine) | |
| Section VII - 1 (Lost Past Wages) | |
| Section VII - 2 (Lost Future Wages) | |
| Section VIII - 2 (Verbal/Written Statement) | |
| Section IX - 1 (Consortium Name etc.) | |
| Section IX - 3 (Residences) | |
| Section IX - 4 (Married) | |
| X.01 - Signed Authorization | |
| X.02.d - Documents - Signed Verification | |
| I.03.b - Plaintiffs' Counsel's Firm | Levin, Papantonio, Thomas, Mitchell, Rafferty, Proctor P.A. |
| I.03.e - Plaintiffs' Counsel's Email | dnigh@levinlaw.com |



**BLACKWELL
BURKE** P.A.

Benjamin W. Hulse
Direct Dial: 612-343-3256
E-Mail: bhulse@blackwellburke.com

August 7, 2018

<u>VIA EMAIL AND U.S. MAIL</u>
Daniel A. Nigh
Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA
316 S Baylen St, Ste 600
Pensacola, FL 32502
dnigh@levinlaw.com

      Re:    *In re Bair Hugger Forced Air Warming Devices Products Liability Litigation*
               MDL No. 2666 – Deficiencies in Plaintiff Fact Sheet for Individual Case
               *Turnage, Dalton v. 3M Company* Case No.: 0:18-cv-01122-JNE-FLN

Dear Counsel:

We are in receipt of the Plaintiff Fact Sheet (PFS) for the above-captioned matter.  The PFS has core deficiencies, as set forth in the enclosed report.

Paragraph 4 of Pretrial Order No. 14 defines core deficiencies as "a lack of response to all questions in Section I, Section II, and Section III; Section IV, questions 1, 3, 7, 8, 9, 10; Section V, questions 5, 6, and 7; Section VI, questions 1, 3, 6, 7, 8, and 9; Section VII, questions 1 and 2; Section 8, question 2; Section IX, questions 1, 3, and 4, or lack of signed medical authorizations."  Paragraph 3 further requires a signed verification.

In addition, the instructions on the PFS form prohibit leaving spaces blank and provide as follows: "If a question is not applicable to you, please state 'Not Applicable' or 'N/A.'"  In our review, many deficiencies resulted from a plaintiff leaving one or more spaces blank.

Pursuant to paragraph 6 of PTO 14, within 3 weeks of the date of this letter, you must respond in writing by either (1) curing the deficiencies (by serving a revised, verified PFS through Plaintiffs' portal); (2) disputing the deficiencies and setting forth the reasons the PFS is not deficient; or (3) explaining why the deficiencies cannot be timely cured.  When serving a revised, verified PFS through Plaintiff's portal, you do not need to resubmit documents that were previously served with the original PFS. This is a final deficiency notice for this matter.

Sincerely,

s/ Benjamin W. Hulse

Benjamin W. Hulse

cc: Plaintiffs' Co-Lead Counsel
Enclosure

| | |
|---|---|
| Plaintiffs' Last Name | Turnage |
| Plaintiffs' First Name | Dalton |
| Case No. | 0:18-cv-01122 |
| Section I (Case Information) | |
| Section I - Incomplete Questions | |
| Section II (Personal Information) | |
| Section II - Incomplete Questions | |
| Section III (Surgery Information) | Incomplete |
| Section III - Incomplete Questions | 01 |
| Section IV - 1 (Vital Statistics) | |
| Section IV - 3 (Healthcare Providers) | |
| Section IV - 7 (Pharmacies/Drugstores) | |
| Section IV - 8 (Dental Procedures) | |
| Section IV - 9 (Tobacco) | |
| Section IV - 10 (Drug/Alcohol) | |
| Section V - 4 (Disability Claims) | |
| Section V - 5 (Lawsuits) | |
| Section V - 6 (Bankruptcy) | |
| Section VI - 1 (Physical Injury) | |
| Section VI - 3 (Emotional Distress) | |
| Section VI - 6 (Warnings) | |
| Section VI - 7 (3M/Arizant Communications) | |
| Section VI - 8 (3M/Arizant Warranty) | |
| Section VI - 9 (Augustine) | |
| Section VII - 1 (Lost Past Wages) | |
| Section VII - 2 (Lost Future Wages) | Incomplete |
| Section VIII - 2 (Verbal/Written Statement) | |
| Section IX - 1 (Consortium Name etc.) | |
| Section IX - 3 (Residences) | |
| Section IX - 4 (Married) | |
| X.01 - Signed Authorization | |
| X.02.d - Documents - Signed Verification | |
| I.03.b - Plaintiffs' Counsel's Firm | Levin, Papantonio, Thomas, Mitchell, Rafferty, Proctor P.A. |
| I.03.e - Plaintiffs' Counsel's Email | dnigh@levinlaw.com |



**BLACKWELL BURKE** P.A.

Benjamin W. Hulse
Direct Dial: 612-343-3256
E-Mail: bhulse@blackwellburke.com

June 19, 2018

**VIA EMAIL AND U.S. MAIL**
Daniel A. Nigh
Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA
316 S Baylen St, Ste 600
Pensacola, FL 32502
dnigh@levinlaw.com

> Re:  *In re Bair Hugger Forced Air Warming Devices Products Liability Litigation*
> MDL No. 2666 – Deficiencies in Plaintiff Fact Sheet for Individual Case
> *Twichell, Ben v. 3M Company* Case No.: 0:18-cv-01123-JNE-FLN

Dear Counsel:

We are in receipt of the Plaintiff Fact Sheet (PFS) for the above-captioned matter.  The PFS has core deficiencies, as set forth in the enclosed report.

Paragraph 4 of Pretrial Order No. 14 defines core deficiencies as "a lack of response to all questions in Section I, Section II, and Section III; Section IV, questions 1, 3, 7, 8, 9, 10; Section V, questions 5, 6, and 7; Section VI, questions 1, 3, 6, 7, 8, and 9; Section VII, questions 1 and 2; Section 8, question 2; Section IX, questions 1, 3, and 4, or lack of signed medical authorizations."  Paragraph 3 further requires a signed verification.

In addition, the instructions on the PFS form prohibit leaving spaces blank and provide as follows: "If a question is not applicable to you, please state 'Not Applicable' or 'N/A.'"  In our review, many deficiencies resulted from a plaintiff leaving one or more spaces blank.

Pursuant to paragraph 6 of PTO 14, within 3 weeks of the date of this letter, you must respond in writing by either (1) curing the deficiencies (by serving a revised, verified PFS through Plaintiffs' portal); (2) disputing the deficiencies and setting forth the reasons the PFS is not deficient; or (3) explaining why the deficiencies cannot be timely cured.  When serving a revised, verified PFS through Plaintiff's portal, you do not need to resubmit documents that were previously served with the original PFS. This is a final deficiency notice for this matter.

Sincerely,

s/ Benjamin W. Hulse

Benjamin W. Hulse

cc: Plaintiffs' Co-Lead Counsel
Enclosure

| | |
|---|---|
| **Plaintiffs' Last Name** | Twichell |
| **Plaintiffs' First Name** | Ben |
| **Case No.** | 0:18-cv-01123 |
| **Section I (Case Information)** | |
| **Section I - Incomplete Questions** | |
| **Section II (Personal Information)** | |
| **Section II - Incomplete Questions** | |
| **Section III (Surgery Information)** | Incomplete |
| **Section III - Incomplete Questions** | 01 03 |
| **Section IV - 1 (Vital Statistics)** | |
| **Section IV - 3 (Healthcare Providers)** | Incomplete |
| **Section IV - 7 (Pharmacies/Drugstores)** | Incomplete |
| **Section IV - 8 (Dental Procedures)** | Incomplete |
| **Section IV - 9 (Tobacco)** | |
| **Section IV - 10 (Drug/Alcohol)** | |
| **Section V - 4 (Disability Claims)** | |
| **Section V - 5 (Lawsuits)** | |
| **Section V - 6 (Bankruptcy)** | |
| **Section VI - 1 (Physical Injury)** | |
| **Section VI - 3 (Emotional Distress)** | |
| **Section VI - 6 (Warnings)** | |
| **Section VI - 7 (3M/Arizant Communications)** | |
| **Section VI - 8 (3M/Arizant Warranty)** | |
| **Section VI - 9 (Augustine)** | |
| **Section VII - 1 (Lost Past Wages)** | |
| **Section VII - 2 (Lost Future Wages)** | |
| **Section VIII - 2 (Verbal/Written Statement)** | |
| **Section IX - 1 (Consortium Name etc.)** | |
| **Section IX - 3 (Residences)** | |
| **Section IX - 4 (Married)** | |
| **X.01 - Signed Authorization** | |
| **X.02.d - Documents - Signed Verification** | |
| **I.03.b - Plaintiffs' Counsel's Firm** | Levin, Papantonio, Thomas, Mitchell, Rafferty, Proctor P.A. |
| **I.03.e - Plaintiffs' Counsel's Email** | dnigh@levinlaw.com |



BLACKWELL
BURKE P.A.

Benjamin W. Hulse
Direct Dial: 612-343-3256
E-Mail: bhulse@blackwellburke.com

July 30, 2018

**VIA EMAIL AND U.S. MAIL**
Daniel A. Nigh
Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA
316 S Baylen St, Ste 600
Pensacola, FL 32502
dnigh@levinlaw.com

      Re:    *In re Bair Hugger Forced Air Warming Devices Products Liability Litigation*
             MDL No. 2666 – Deficiencies in Plaintiff Fact Sheet for Individual Case
             *Yost, Michael v. 3M Company* Case No.: 0:18-cv-01124-JNE-FLN

Dear Counsel:

We are in receipt of the Plaintiff Fact Sheet (PFS) for the above-captioned matter. The PFS has core deficiencies, as set forth in the enclosed report.

Paragraph 4 of Pretrial Order No. 14 defines core deficiencies as "a lack of response to all questions in Section I, Section II, and Section III; Section IV, questions 1, 3, 7, 8, 9, 10; Section V, questions 5, 6, and 7; Section VI, questions 1, 3, 6, 7, 8, and 9; Section VII, questions 1 and 2; Section 8, question 2; Section IX, questions 1, 3, and 4, or lack of signed medical authorizations." Paragraph 3 further requires a signed verification.

In addition, the instructions on the PFS form prohibit leaving spaces blank and provide as follows: "If a question is not applicable to you, please state 'Not Applicable' or 'N/A.'" In our review, many deficiencies resulted from a plaintiff leaving one or more spaces blank.

Pursuant to paragraph 6 of PTO 14, within 3 weeks of the date of this letter, you must respond in writing by either (1) curing the deficiencies (by serving a revised, verified PFS through Plaintiffs' portal); (2) disputing the deficiencies and setting forth the reasons the PFS is not deficient; or (3) explaining why the deficiencies cannot be timely cured. When serving a revised, verified PFS through Plaintiff's portal, you do not need to resubmit documents that were previously served with the original PFS. This is a final deficiency notice for this matter.

Sincerely,

s/ Benjamin W. Hulse

Benjamin W. Hulse

cc: Plaintiffs' Co-Lead Counsel
Enclosure

| | |
|---|---|
| Plaintiffs' Last Name | Yost |
| Plaintiffs' First Name | Michael |
| Case No. | 0:18-cv-01124 |
| Section I (Case Information) | |
| Section I - Incomplete Questions | |
| Section II (Personal Information) | |
| Section II - Incomplete Questions | |
| Section III (Surgery Information) | Incomplete |
| Section III - Incomplete Questions | 1 |
| Section IV - 1 (Vital Statistics) | |
| Section IV - 3 (Healthcare Providers) | |
| Section IV - 7 (Pharmacies/Drugstores) | |
| Section IV - 8 (Dental Procedures) | |
| Section IV - 9 (Tobacco) | |
| Section IV - 10 (Drug/Alcohol) | |
| Section V - 4 (Disability Claims) | |
| Section V - 5 (Lawsuits) | |
| Section V - 6 (Bankruptcy) | |
| Section VI - 1 (Physical Injury) | |
| Section VI - 3 (Emotional Distress) | |
| Section VI - 6 (Warnings) | |
| Section VI - 7 (3M/Arizant Communications) | |
| Section VI - 8 (3M/Arizant Warranty) | |
| Section VI - 9 (Augustine) | |
| Section VII - 1 (Lost Past Wages) | |
| Section VII - 2 (Lost Future Wages) | |
| Section VIII - 2 (Verbal/Written Statement) | |
| Section IX - 1 (Consortium Name etc.) | |
| Section IX - 3 (Residences) | |
| Section IX - 4 (Married) | |
| X.01 - Signed Authorization | |
| X.02.d - Documents - Signed Verification | |
| I.03.b - Plaintiffs' Counsel's Firm | Levin, Papantonio, Thomas, Mitchell, Rafferty, Proctor P.A. |
| I.03.e - Plaintiffs' Counsel's Email | dnigh@levinlaw.com |



BLACKWELL
BURKE P.A.

Benjamin W. Hulse
Direct Dial: 612-343-3256
E-Mail: bhulse@blackwellburke.com

August 6, 2018

**VIA EMAIL AND U.S. MAIL**
Daniel A. Nigh
Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA
316 S Baylen St, Ste 600
Pensacola, FL 32502
dnigh@levinlaw.com

   *Re:* *In re Bair Hugger Forced Air Warming Devices Products Liability Litigation*
     MDL No. 2666 – Deficiencies in Plaintiff Fact Sheet for Individual Case
     *Johnson, Roger v. 3M Company* Case No.: 0:18-cv-01171-JNE-FLN

Dear Counsel:

We are in receipt of the Plaintiff Fact Sheet (PFS) for the above-captioned matter. The PFS has core deficiencies, as set forth in the enclosed report.

Paragraph 4 of Pretrial Order No. 14 defines core deficiencies as "a lack of response to all questions in Section I, Section II, and Section III; Section IV, questions 1, 3, 7, 8, 9, 10; Section V, questions 5, 6, and 7; Section VI, questions 1, 3, 6, 7, 8, and 9; Section VII, questions 1 and 2; Section 8, question 2; Section IX, questions 1, 3, and 4, or lack of signed medical authorizations." Paragraph 3 further requires a signed verification.

In addition, the instructions on the PFS form prohibit leaving spaces blank and provide as follows: "If a question is not applicable to you, please state 'Not Applicable' or 'N/A.'" In our review, many deficiencies resulted from a plaintiff leaving one or more spaces blank.

Pursuant to paragraph 6 of PTO 14, within 3 weeks of the date of this letter, you must respond in writing by either (1) curing the deficiencies (by serving a revised, verified PFS through Plaintiffs' portal); (2) disputing the deficiencies and setting forth the reasons the PFS is not deficient; or (3) explaining why the deficiencies cannot be timely cured. When serving a revised, verified PFS through Plaintiff's portal, you do not need to resubmit documents that were previously served with the original PFS. This is a final deficiency notice for this matter.

Sincerely,

s/ Benjamin W. Hulse

Benjamin W. Hulse

cc: Plaintiffs' Co-Lead Counsel
Enclosure

| | |
|---|---|
| **Plaintiffs' Last Name** | Johnson |
| **Plaintiffs' First Name** | Roger L. |
| **Case No.** | 0:18-cv-01171 |
| **Section I (Case Information)** | |
| **Section I - Incomplete Questions** | |
| **Section II (Personal Information)** | Incomplete |
| **Section II - Incomplete Questions** | 7 |
| **Section III (Surgery Information)** | Incomplete |
| **Section III - Incomplete Questions** | 01 |
| **Section IV - 1 (Vital Statistics)** | |
| **Section IV - 3 (Healthcare Providers)** | |
| **Section IV - 7 (Pharmacies/Drugstores)** | |
| **Section IV - 8 (Dental Procedures)** | |
| **Section IV - 9 (Tobacco)** | |
| **Section IV - 10 (Drug/Alcohol)** | |
| **Section V - 4 (Disability Claims)** | |
| **Section V - 5 (Lawsuits)** | |
| **Section V - 6 (Bankruptcy)** | |
| **Section VI - 1 (Physical Injury)** | |
| **Section VI - 3 (Emotional Distress)** | |
| **Section VI - 6 (Warnings)** | |
| **Section VI - 7 (3M/Arizant Communications)** | |
| **Section VI - 8 (3M/Arizant Warranty)** | |
| **Section VI - 9 (Augustine)** | |
| **Section VII - 1 (Lost Past Wages)** | |
| **Section VII - 2 (Lost Future Wages)** | |
| **Section VIII - 2 (Verbal/Written Statement)** | |
| **Section IX - 1 (Consortium Name etc.)** | |
| **Section IX - 3 (Residences)** | |
| **Section IX - 4 (Married)** | |
| **X.01 - Signed Authorization** | |
| **X.02.d - Documents - Signed Verification** | |
| **I.03.b - Plaintiffs' Counsel's Firm** | Levin, Papantonio, Thomas, Mitchell, Rafferty, Proctor P.A. |
| **I.03.e - Plaintiffs' Counsel's Email** | dnigh@levinlaw.com |



BLACKWELL BURKE P.A.

Benjamin W. Hulse
Direct Dial: 612-343-3256
E-Mail: bhulse@blackwellburke.com

July 24, 2018

**VIA EMAIL AND U.S. MAIL**
Daniel A. Nigh
Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA
316 S Baylen St. Ste 600
Pensacola, FL 32502
dnigh@levinlaw.com

> Re:   *In re Bair Hugger Forced Air Warming Devices Products Liability Litigation*
> MDL No. 2666 – Deficiencies in Plaintiff Fact Sheet for Individual Case
> *Cerbins, Rosemary v. 3M Company* Case No.: 0:18-cv-01505-JNE-FLN

Dear Counsel:

We are in receipt of the Plaintiff Fact Sheet (PFS) for the above-captioned matter. The PFS has core deficiencies, as set forth in the enclosed report.

Paragraph 4 of Pretrial Order No. 14 defines core deficiencies as "a lack of response to all questions in Section I, Section II, and Section III; Section IV, questions 1, 3, 7, 8, 9, 10; Section V, questions 5, 6, and 7; Section VI, questions 1, 3, 6, 7, 8, and 9; Section VII, questions 1 and 2; Section 8, question 2; Section IX, questions 1, 3, and 4, or lack of signed medical authorizations." Paragraph 3 further requires a signed verification.

In addition, the instructions on the PFS form prohibit leaving spaces blank and provide as follows: "If a question is not applicable to you, please state 'Not Applicable' or 'N/A.'" In our review, many deficiencies resulted from a plaintiff leaving one or more spaces blank.

Pursuant to paragraph 6 of PTO 14, within 3 weeks of the date of this letter, you must respond in writing by either (1) curing the deficiencies (by serving a revised, verified PFS through Plaintiffs' portal); (2) disputing the deficiencies and setting forth the reasons the PFS is not deficient; or (3) explaining why the deficiencies cannot be timely cured. When serving a revised, verified PFS through Plaintiff's portal, you do not need to resubmit documents that were previously served with the original PFS. This is a final deficiency notice for this matter.

Sincerely,

s/ Benjamin W. Hulse

Benjamin W. Hulse

cc: Plaintiffs' Co-Lead Counsel
Enclosure

| | |
|---|---|
| Plaintiffs' Last Name | Cerbins |
| Plaintiffs' First Name | Rosemary |
| Case No. | 0:18-cv-01505 |
| Section I (Case Information) | |
| Section I - Incomplete Questions | |
| Section II (Personal Information) | |
| Section II - Incomplete Questions | |
| Section III (Surgery Information) | Incomplete |
| Section III - Incomplete Questions | 1 |
| Section IV - 1 (Vital Statistics) | |
| Section IV - 3 (Healthcare Providers) | |
| Section IV - 7 (Pharmacies/Drugstores) | |
| Section IV - 8 (Dental Procedures) | |
| Section IV - 9 (Tobacco) | |
| Section IV - 10 (Drug/Alcohol) | |
| Section V - 4 (Disability Claims) | |
| Section V - 5 (Lawsuits) | |
| Section V - 6 (Bankruptcy) | |
| Section VI - 1 (Physical Injury) | |
| Section VI - 3 (Emotional Distress) | |
| Section VI - 6 (Warnings) | |
| Section VI - 7 (3M/Arizant Communications) | |
| Section VI - 8 (3M/Arizant Warranty) | |
| Section VI - 9 (Augustine) | |
| Section VII - 1 (Lost Past Wages) | |
| Section VII - 2 (Lost Future Wages) | |
| Section VIII - 2 (Verbal/Written Statement) | |
| Section IX - 1 (Consortium Name etc.) | |
| Section IX - 3 (Residences) | |
| Section IX - 4 (Married) | |
| X.01 - Signed Authorization | |
| X.02.d - Documents - Signed Verification | |
| I.03.b - Plaintiffs' Counsel's Firm | Levin, Papantonio, Thomas, Mitchell, Rafferty, Proctor P.A. |
| I.03.e - Plaintiffs' Counsel's Email | dnigh@levinlaw.com |



**BLACKWELL BURKE** P.A.

Benjamin W. Hulse
Direct Dial: 612-343-3256
E-Mail: bhulse@blackwellburke.com

August 14, 2018

**VIA EMAIL AND U.S. MAIL**
Daniel A. Nigh
Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA
316 S Baylen St - Ste 600
Pensacola, FL 32502
dnigh@levinlaw.com

> Re:   *In re Bair Hugger Forced Air Warming Devices Products Liability Litigation*
> MDL No. 2666 – Deficiencies in Plaintiff Fact Sheet for Individual Case
> *Mitchell, James v. 3M Company et al* Case No.: 0:18-cv-01515-JNE-FLN

Dear Counsel:

We are in receipt of the Plaintiff Fact Sheet (PFS) for the above-captioned matter. The PFS has core deficiencies, as set forth in the enclosed report.

Paragraph 4 of Pretrial Order No. 14 defines core deficiencies as "a lack of response to all questions in Section I, Section II, and Section III; Section IV, questions 1, 3, 7, 8, 9, 10; Section V, questions 5, 6, and 7; Section VI, questions 1, 3, 6, 7, 8, and 9; Section VII, questions 1 and 2; Section 8, question 2; Section IX, questions 1, 3, and 4, or lack of signed medical authorizations." Paragraph 3 further requires a signed verification.

In addition, the instructions on the PFS form prohibit leaving spaces blank and provide as follows: "If a question is not applicable to you, please state 'Not Applicable' or 'N/A.'" In our review, many deficiencies resulted from a plaintiff leaving one or more spaces blank.

Pursuant to paragraph 6 of PTO 14, within 3 weeks of the date of this letter, you must respond in writing by either (1) curing the deficiencies (by serving a revised, verified PFS through Plaintiffs' portal); (2) disputing the deficiencies and setting forth the reasons the PFS is not deficient; or (3) explaining why the deficiencies cannot be timely cured. When serving a revised, verified PFS through Plaintiff's portal, you do not need to resubmit documents that were previously served with the original PFS. This is a final deficiency notice for this matter.

Sincerely,

s/ Benjamin W. Hulse

Benjamin W. Hulse

cc: Plaintiffs' Co-Lead Counsel
Enclosure

| | |
|---|---|
| Plaintiffs' Last Name | Mitchell |
| Plaintiffs' First Name | James |
| Case No. | 0:18-cv-01515 |
| Section I (Case Information) | |
| Section I - Incomplete Questions | |
| Section II (Personal Information) | |
| Section II - Incomplete Questions | |
| Section III (Surgery Information) | Incomplete |
| Section III - Incomplete Questions | 1 |
| Section IV - 1 (Vital Statistics) | |
| Section IV - 3 (Healthcare Providers) | |
| Section IV - 7 (Pharmacies/Drugstores) | |
| Section IV - 8 (Dental Procedures) | |
| Section IV - 9 (Tobacco) | |
| Section IV - 10 (Drug/Alcohol) | |
| Section V - 4 (Disability Claims) | |
| Section V - 5 (Lawsuits) | |
| Section V - 6 (Bankruptcy) | |
| Section VI - 1 (Physical Injury) | Incomplete |
| Section VI - 3 (Emotional Distress) | |
| Section VI - 6 (Warnings) | |
| Section VI - 7 (3M/Arizant Communications) | |
| Section VI - 8 (3M/Arizant Warranty) | |
| Section VI - 9 (Augustine) | |
| Section VII - 1 (Lost Past Wages) | |
| Section VII - 2 (Lost Future Wages) | Incomplete |
| Section VIII - 2 (Verbal/Written Statement) | |
| Section IX - 1 (Consortium Name etc.) | |
| Section IX - 3 (Residences) | |
| Section IX - 4 (Married) | |
| X.01 - Signed Authorization | |
| X.02.d - Documents - Signed Verification | |
| I.03.b - Plaintiffs' Counsel's Firm | Levin, Papantonio, Thomas, Mitchell, Rafferty, Proctor P.A. |
| I.03.e - Plaintiffs' Counsel's Email | dnigh@levinlaw.com |



## BLACKWELL BURKE P.A.

Benjamin W. Hulse
Direct Dial: 612-343-3256
E-Mail: bhulse@blackwellburke.com

July 24, 2018

**VIA EMAIL AND U.S. MAIL**
Daniel A. Nigh
Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA
316 S Baylen St. Ste 600
Pensacola, FL 32502
dnigh@levinlaw.com

Re:   *In re Bair Hugger Forced Air Warming Devices Products Liability Litigation*
MDL No. 2666 – Deficiencies in Plaintiff Fact Sheet for Individual Case
*Custer, Nettie v. 3M Company* Case No.: 0:18-cv-01517-JNE-FLN

Dear Counsel:

We are in receipt of the Plaintiff Fact Sheet (PFS) for the above-captioned matter. The PFS has core deficiencies, as set forth in the enclosed report.

Paragraph 4 of Pretrial Order No. 14 defines core deficiencies as "a lack of response to all questions in Section I, Section II, and Section III; Section IV, questions 1, 3, 7, 8, 9, 10; Section V, questions 5, 6, and 7; Section VI, questions 1, 3, 6, 7, 8, and 9; Section VII, questions 1 and 2; Section 8, question 2; Section IX, questions 1, 3, and 4, or lack of signed medical authorizations." Paragraph 3 further requires a signed verification.

In addition, the instructions on the PFS form prohibit leaving spaces blank and provide as follows: "If a question is not applicable to you, please state 'Not Applicable' or 'N/A.'" In our review, many deficiencies resulted from a plaintiff leaving one or more spaces blank.

Pursuant to paragraph 6 of PTO 14, within 3 weeks of the date of this letter, you must respond in writing by either (1) curing the deficiencies (by serving a revised, verified PFS through Plaintiffs' portal); (2) disputing the deficiencies and setting forth the reasons the PFS is not deficient; or (3) explaining why the deficiencies cannot be timely cured. When serving a revised, verified PFS through Plaintiff's portal, you do not need to resubmit documents that were previously served with the original PFS. This is a final deficiency notice for this matter.

Sincerely,

s/ Benjamin W. Hulse

Benjamin W. Hulse

cc: Plaintiffs' Co-Lead Counsel
Enclosure

---

431 South Seventh Street, Suite 2500   Minneapolis, MN 55415   Main 612.343.3200   Fax 612.343.3205
www.blackwellburke.com

| | |
|---|---|
| **Plaintiffs' Last Name** | Custer |
| **Plaintiffs' First Name** | Nettie |
| **Case No.** | 0:18-cv-01517 |
| **Section I (Case Information)** | |
| **Section I - Incomplete Questions** | |
| **Section II (Personal Information)** | Incomplete |
| **Section II - Incomplete Questions** | 7 |
| **Section III (Surgery Information)** | Incomplete |
| **Section III - Incomplete Questions** | 1 |
| **Section IV - 1 (Vital Statistics)** | |
| **Section IV - 3 (Healthcare Providers)** | |
| **Section IV - 7 (Pharmacies/Drugstores)** | |
| **Section IV - 8 (Dental Procedures)** | |
| **Section IV - 9 (Tobacco)** | |
| **Section IV - 10 (Drug/Alcohol)** | |
| **Section V - 4 (Disability Claims)** | |
| **Section V - 5 (Lawsuits)** | |
| **Section V - 6 (Bankruptcy)** | |
| **Section VI - 1 (Physical Injury)** | |
| **Section VI - 3 (Emotional Distress)** | Incomplete |
| **Section VI - 6 (Warnings)** | |
| **Section VI - 7 (3M/Arizant Communications)** | |
| **Section VI - 8 (3M/Arizant Warranty)** | |
| **Section VI - 9 (Augustine)** | |
| **Section VII - 1 (Lost Past Wages)** | |
| **Section VII - 2 (Lost Future Wages)** | |
| **Section VIII - 2 (Verbal/Written Statement)** | |
| **Section IX - 1 (Consortium Name etc.)** | |
| **Section IX - 3 (Residences)** | |
| **Section IX - 4 (Married)** | |
| **X.01 - Signed Authorization** | |
| **X.02.d - Documents - Signed Verification** | |
| **I.03.b - Plaintiffs' Counsel's Firm** | Levin, Papantonio, Thomas, Mitchell, Rafferty, Proctor P.A. |
| **I.03.e - Plaintiffs' Counsel's Email** | dnigh@levinlaw.com |

# EXHIBIT C

```
 1                  UNITED STATES DISTRICT COURT

 2                     DISTRICT OF MINNESOTA

 3      -----------------------------------------------------------
                                    )
 4                                  )
        In Re:  Bair Hugger Forced Air  )  File No. 15-MD-2666
 5      Warming Devices Products     )  (JNE/DTS)
        Liability Litigation         )
 6                                  )  August 16, 2018
                                    )  Minneapolis, Minnesota
 7                                  )  Courtroom 12W
                                    )  9:50 a.m.
 8                                  )
                                    )
 9      -----------------------------------------------------------

10            BEFORE THE HONORABLE JOAN N. ERICKSEN
              UNITED STATES DISTRICT COURT JUDGE
11
              THE HONORABLE DAVID T. SCHULTZ
12            UNITED STATES MAGISTRATE JUDGE

13                     (STATUS CONFERENCE)

14      APPEARANCES

15      FOR THE PLAINTIFFS:          MESHBESHER & SPENCE LTD.
                                     Genevieve M. Zimmerman
16                                   1616 Park Avenue
                                     Minneapolis, MN  55404
17
                                     PRITZKER HAGEMAN
18                                   David Szerlag
                                     45 South Seventh Street
19                                   Plaza Seven Building, Ste. 2950
                                     Minneapolis, MN  55402
20
                                     CIRESI CONLIN LLP
21                                   Michael A. Sacchet
                                     225 South Sixth Street
22                                   Suite 4600
                                     Minneapolis, MN  55402
23
                                     KENNEDY HODGES LLP
24                                   David W. Hodges
                                     711 West Alabama Street
25                                   Houston, TX  77006
```

1        THE COURT:  Okay.  On these eight cases, Mr. Lee,
2    you have got two weeks to cure these deficiencies.
3        And when counsel is before Judge Schultz next or
4    whenever you are next in front of him, hammer this out.  And
5    if there's some amendment that needs to be made, I am not
6    seeing it right now, but if there is something, then we can
7    bring that up.
8        But, Mr. Lee, you have got two weeks to cure your
9    deficiencies.
10       Mr. Nigh, I'd get those deficiencies definitely
11   cured before the next pretrial conference so that we -- so
12   that when we -- if there's a motion on your 50 cases, we
13   have got all the information necessary and we can have a
14   meaningful conversation about them.
15       Ms. Zimmerman, is that --
16       MS. ZIMMERMAN:  That's fine.  Thank you, Your
17   Honor.
18       THE COURT:  Okay.  All right.  So that's how we
19   will take care of that.
20       Now, on the Rule 11 motion on the 169 cases.
21       MR. HULSE:  I'm going to call up my colleague Mary
22   Young at this point.
23       THE COURT:  Yes, Ms. Young.
24       My first problem with this motion has to do with
25   the timing and the safe harbor.  And I know that there are

1    exceptions to the safe harbor, but absent invocation of one

2    of those what I consider to be very extraordinary

3    exceptions, why is the failure to give the 21 days not

4    reason enough to deny this motion?

5            MS. YOUNG:  Well, Your Honor, the motion that's

6    before the court is not asking for any sanction.  It's

7    asking for the rule -- the order to show cause under Rule

8    11(c).  And at that point is when we would ask that a

9    sanction of dismissal with prejudice be entered for any case

10   where they have not come forward and amended the PFS to show

11   that the product was in fact used and had the right

12   evidentiary support for that contention.

13           THE COURT:  Fair enough.  But I think about let's

14   say I do that.  Then I have to go through all of these,

15   right?  I don't even have the PFSs.  I mean, I would just

16   have to take your word on what's in them.  So first I would

17   have to get the PFSs, because those aren't filed with the

18   court, so I don't know whether they are really deficient.  I

19   mean, I would have to get them and then individually docket

20   every one of the responses that comes in on the motion.  And

21   we have the PFS process that contrary to the discussion we

22   just had, which makes it look like -- I mean, we had a

23   little lump, bump in the road there, but basically we have a

24   process by which these many, many cases can be addressed

25   without individual attention from the court.  And so my

1    inclination is to consider this motion to be firm notice to

2    the plaintiffs who are listed in these 169 cases of

3    significant and serious deficiencies in the PFS, but to

4    allow those cases to go through that process that has

5    essentially been working pretty well and doesn't -- well,

6    it's been working pretty well.

7           Am I missing something?  I know you don't agree

8    with that approach, but am I missing some fundamental

9    component here?

10          MS. YOUNG:  Well, Your Honor, our view on this

11   question is that this goes to really a threshold issue --

12   it's been before the court on numerous occasions -- Are

13   these actual product liability cases that relate to the Bair

14   Hugger.  So it's not so much that there is a deficiency in

15   the response.  This really goes to a threshold issue of Is

16   there a claim.  And as we have seen in the history of this

17   litigation, there have been very serious issues with that.

18   We had two of five bellwether cases fall out after

19   significant resources.

20          You put in place a mechanism by which we would try

21   to get to product ID in the second pool, and it ended up we

22   negotiated with Judge Noel that we would just put those

23   issues to the side, but we do see that we are going to need

24   court intervention substantively because the parties

25   fundamentally disagree as to what it is.  It's required to

1      show proof of product use here.  And these are just really

2      the tip of the iceberg.  These are cases where the

3      plaintiffs in their own verified response have said we don't

4      have evidence the product was used.  And so our view was we

5      want to come to the court and have -- ask for the court's

6      guidance in how best to begin to address what we see as very

7      significant issues with the validity of many, many cases in

8      the docket.

9              THE COURT:  Here's the issue that I have with

10     considering an attorney sanction motion based on a PFS that

11     may have been answered only by the plaintiff him or herself.

12     I completely agree that we worked very hard on coming up

13     with a PFS process so that we can have -- we can separate

14     the wheat from the chaff.  And it's disheartening to the

15     court to learn that plaintiffs and their counsel in some

16     rare instances may not be cooperating with the spirit of

17     that and just have a plaintiff submit something and don't do

18     any individual research.  And I certainly understand where

19     Rule 11 would cross your mind in that situation.

20             I'm not going to entertain the -- I'm not going to

21     do what you want now, but I also am not going to continue,

22     if we have so far, countenancing a plaintiff's response that

23     we handed it to the plaintiff, the plaintiff didn't know

24     anything and so here we are and we are not going to do

25     anything more.

62

1            So the question is, Who is going to go through

2     each one of these cases and make sure they are a real case?

3     And on the order to show cause, that's got to be me.  And I

4     just think that's not -- doesn't have to be me.  I'm happy

5     to do it if it has to be, but it shouldn't have to be,

6     because here you say plaintiff says no.  I don't know what

7     the attorney says.  And I want the attorney to say it -- you

8     know, I want you and the attorneys, and this will be Ms.

9     Zimmerman and her crew, to work it out and figure out

10    whether there really is a case.  And then if you have got

11    somebody who is told there is a PFS deficiency, they are

12    told they have to tell whether there is a case, they still

13    don't do it, then come to me in those cases, but I hope we

14    don't have 165 plus or a hundred -- whatever it is, the

15    breakdown.  I hope we don't have 169 cases where that is the

16    case.

17            So I am going to put this on your list of things

18    to discuss before you come back to court before Judge

19    Schultz and hopefully work out some sort of a resolution;

20    and if not, then bring it to Judge Schultz's attention.

21    Okay?

22            MS. YOUNG:  Okay.  Thank you, Your Honor.

23            THE COURT:  Thank you.

24            Ms. Zimmerman, I didn't hear from you on that,

25    but --

# EXHIBIT D



**BLACKWELL BURKE** P.A.

Benjamin W. Hulse
Direct Dial: 612-343-3256
E-Mail: bhulse@blackwellburke.com

November 6, 2018

David J. Szerlag
Pritzker Hageman, P.A.
Suite 2950
45 South Seventh Street
300 South Fourth Street
Minneapolis, MN 55402

RE:   *In re Bair Hugger Forced Air Warming Devices Products Liability Litigation*
      MDL No. 15-2666-JNE-DTS

Dear Mr. Szerlag:

Please circulate this notice to all plaintiffs' counsel of record.

We write to set out 3M's expectations concerning the product-use questions in Section III.1 of the Plaintiff Fact Sheets. As this MDL has progressed, we have become increasingly concerned that many plaintiffs – perhaps hundreds – lack adequate evidence of Bair Hugger usage. Therefore, beginning with PFSs reviewed after August 16, 2018, we have been issuing deficiency notices in these circumstances:

- First, where a plaintiff responds "no" to whether he or she has information that the Bair Hugger system was used. 3M's position is that such cases should never have been filed in the first place, and should now be dismissed.

- Second, where a plaintiff fails to identify the specific medical records or document he or she relies upon as proof of Bair Hugger use. The plaintiff must provide sufficient detail for 3M to readily identify the documents relied upon without having to review hundreds or thousands of pages of records. (Of course, the documents should be provided along with the PFS.) The documents relied upon should be referenced by document name and page/Bates number if available.

    o Examples of deficient descriptions include: "Records," "Medical Records," "Surgical Records," "Records from 9/7/18 surgery," or "Records from St. Mary's."

David J. Szerlag
November 6, 2018
Page 2

- Examples of sufficient descriptions include: "Medical record Bates number JN007 included with St. Mary's records," "See medical records attached as 'BH Proof' stating 'BH upper,'" or "4/17/18 record from St. Mary's page number 22."

- Third, when a plaintiff fails to state the date Bair Hugger use was discovered, either by the plaintiff or counsel (whichever was first). As the Court has noted, this information is vital for the parties to determine whether the plaintiff has a viable, non-time-barred claim.

  - Examples of deficient responses include: "After surgery," "After review of medical records," or "After consulting with counsel."

  - Examples of proper responses include: "4/3/18," or if the precise date is not known, "early April 2018."

Going forward, when you receive a deficiency notice for Section III.1, please reference this letter.

Finally, 3M's position is that all plaintiffs have an obligation to supplement previously submitted PFSs to include the information described above, to the extent not previously provided. For those plaintiffs' firms who consent in writing, 3M will agree to the following:

- When a plaintiff supplements a PFS that was submitted before August 16, 2018, we will not insist on an updated verification if the supplement is solely made for specifically identifying the record(s) establishing product use. We <u>will</u> insist on an updated verification, however, when a plaintiff supplements Section III.1 to add any other information, such as the date Bair Hugger use was discovered.

- <u>Through November 30 only</u>, 3M will consent to dismissals <u>without prejudice</u> for cases where plaintiffs' counsel confirms in writing that they have been unable to identify the patient warming technology (if any) used in his or her surgery. We will not agree to a dismissal without prejudice, however, where medical records indicate the use of some other patient warming technology, such as the Augustine HotDog or Stryker Mistral. Those cases must be dismissed with prejudice. We also will not agree to tolling.

Sincerely,

Benjamin W. Hulse

BWH/ck



BLACKWELL BURKE P.A.

# EXHIBIT E

```
1                    UNITED STATES DISTRICT COURT

2                       DISTRICT OF MINNESOTA

3     ------------------------------------------------------------
                                    )
4                                   )
      In Re: Bair Hugger Forced Air )  File No. 15-MD-2666
5     Warming Devices Products      )  (JNE/FLN)
      Liability Litigation          )
6                                   )  October 18, 2018
                                    )  Minneapolis, Minnesota
7                                   )  Courtroom 12W
                                    )  9:45 a.m.
8                                   )
                                    )
9     ------------------------------------------------------------

10            BEFORE THE HONORABLE JOAN N. ERICKSEN
              UNITED STATES DISTRICT COURT JUDGE
11
              And THE HONORABLE DAVID T. SCHULTZ
12            UNITED STATES MAGISTRATE JUDGE

13                       (STATUS CONFERENCE)

14    APPEARANCES

15    FOR THE PLAINTIFFS:
                                MESHBESHER & SPENCE
16                              Genevieve M. Zimmerman
                                1616 Park Avenue
17                              Minneapolis, MN  55404

18                              CIRESI CONLIN
                                Jan Conlin
19                              225 South 6th Street
                                Suite 4600
20                              Minneapolis, MN

21                              KENNEDY HODGES, LLP
                                Gabriel Assaad
22                              4409 Montrose Blvd
                                Suite 200
23                              Houston, TX 77006

24                              KASTER LYNCH FARRAR & BALL, LLP
                                Kyle Farrar
25                              1010 Lamar, Suite 1600
                                Houston, TX  77002
```

 1    And the reason I thought that might be useful to Your Honor

 2    and talking with defense counsel, so there have been 216

 3    cases that have been filed in the last 90 days.  That's

 4    important because pretrial order number 14 really deals with

 5    these kinds of issues that continue to come up with respect

 6    to is there really a product ID issue, all of that, because

 7    pretrial order 14, of course, sets forth how they can

 8    challenge that.

 9         For all but those 216 cases, they've already had

10    the opportunity to look through the plaintiff fact sheet and

11    to the extent that there are any kind of deficiencies,

12    including with respect to product ID, there would already be

13    a motion brought to this Court to have it dismissed.

14         So to the extent that there are ongoing

15    representations that there are problems with a bloated

16    docket where there's not really proof of product, that's not

17    reflected in the kind of motions that have been brought to

18    the Court.

19         So because in pretrial order 14, any plaintiff has

20    I think it's 90 days to file a fact sheet, and then based on

21    that Order, the defendants then have four weeks to challenge

22    with respect to any kind of core deficiencies, one of which

23    is proof of product.

24         So to the extent that we are through that kind of

25    time period, we do know that there haven't been motions on

# EXHIBIT F

**From:** Ben Hulse
**Sent:** Friday, October 12, 2018 1:39 PM
**To:** 'JoanEricksen_Chambers@mnd.uscourts.gov' <JoanEricksen_Chambers@mnd.uscourts.gov>;
'schultz_chambers@mnd.uscourts.gov' <schultz_chambers@mnd.uscourts.gov>
**Cc:** 'Genevieve Zimmerman - Meshbesher & Spence (gzimmerman@meshbesher.com)'
<gzimmerman@meshbesher.com>; 'Gabriel Assaad (gassaad@kennedyhodges.com)'
<gassaad@kennedyhodges.com>; 'Jan Conlin (JMC@ciresiconlin.com)' <JMC@ciresiconlin.com>; 'Ben
Gordon (bgordon@levinlaw.com)' <bgordon@levinlaw.com>; Jerry Blackwell
<blackwell@blackwellburke.com>; Lyn Pruitt <LPruitt@mwlaw.com>; 'David Szerlag'
<david@pritzkerlaw.com>; Bridget Ahmann <Bridget.Ahmann@FaegreBD.com>; Mary Young
<myoung@blackwellburke.com>; David Hodges <dhodges@kennedyhodges.com>
**Subject:** Bair Hugger, MDL 2666 -- Joint Agenda and Report for October 15 Status Conference

Dear Judge Ericksen and Judge Schultz,

In accordance with Pretrial Order No. 3, attached is the parties' Joint Agenda and Report for the status
conference scheduled for Thursday, October 15.  Defendants' three lists related to the Plaintiff Fact
Sheets, as discussed in Section 2 of the Joint Agenda, are also attached to this email.

Best regards,
Ben Hulse

Benjamin W. Hulse
Blackwell Burke P.A.
431 South Seventh Street, Suite 2500
Minneapolis, MN  55415
Direct (612) 343-3256
Fax (612) 343-3205

This message and any attachments may contain information that is privileged, confidential, and exempt from disclosure under
applicable law. If you are not the intended recipient or are not authorized to receive for the recipient, you are hereby notified
that dissemination, distribution or copying of this message and any attachments is strictly prohibited. If you have received this
message in error, please immediately advise the sender by reply e-mail and delete the message and any attachments. Thank
you.

**Defendants' PFS List 1:  Overdue Plaintiff Fact Sheets**
(Updated October 12, 2018)

| Case Number | Title | Date Filed | Due Date | Prior Listing | Firm Name |
|---|---|---|---|---|---|
| 0:18-cv-00802-JNE-DTS | Brown, Charles v. 3M Company et al | 3/23/2018 | 6/21/2018 | 7/13/2018 8/10/2018 9/17/2018 | The Olinde Firm, LLC |
| 0:18-cv-00840-JNE-DTS | Stidham, Robert et al v. 3M Company et al | 3/26/2018 | 6/24/2018 | 7/13/2018 8/10/2018 9/17/2018 | Fears Nachawati, PLLC |
| 0:18-cv-00842-JNE-DTS | Wiggins, Francis v. 3M Company et al | 3/26/2018 | 6/24/2018 | 7/13/2018 8/10/2018 9/17/2018 | Fears Nachawati, PLLC |
| 0:18-cv-01175-JNE-DTS | Collins, Jean v. 3M Company et al | 4/30/2018 | 7/29/2018 | 8/10/2018 9/17/2018 | Bernstein Liebhard LLP |
| 0:18-cv-01283-JNE-DTS | Winegar, Connie v. 3M Company et al | 5/8/2018 | 8/6/2018 | 8/10/2018 9/17/2018 | Bernstein Liebhard LLP |
| 0:18-cv-00264-JNE-DTS | Wega, Salvadore v. 3M Company et al | 1/29/2018 | 4/29/2018 | 9/17/2018 | The Law offices of Travis R. Walker, P.A. |
| 0:18-cv-01362-JNE-DTS | DeSimone, Sandra v. 3M Company et al | 5/17/2018 | 8/15/2018 | 9/17/2018 | Kennedy Hodges, LLP |
| 0:18-cv-01435-JNE-DTS | Swatchick, Lou Todd et al v. 3M Company et al | 5/25/2018 | 8/23/2018 | 9/17/2018 | Meshbesher & Spence |
| 0:18-cv-01455-JNE-DTS | Matteo, Barbara v. 3M Company et al | 5/25/2018 | 8/23/2018 | 9/17/2018 | Morris Law Firm |
| 0:18-cv-01456-JNE-DTS | Manheim, Kathleen v. 3M Company et al | 5/25/2018 | 8/23/2018 | 9/17/2018 | Morris Law Firm |
| 0:18-cv-01542-JNE-DTS | Davis, Harry v. 3M Company et al | 6/4/2018 | 9/2/2018 | 9/17/2018 | Schlichter Bogard & Denton, LLP |
| 0:18-cv-01613-JNE-DTS | Dobeck, Donna v. 3M Company et al | 6/8/2018 | 9/6/2018 | 9/17/2018 | Kennedy Hodges, LLP |
| 0:18-cv-01646-JNE-DTS | Beulke, David v. 3M Company et al | 6/13/2018 | 9/11/2018 | | Davis & Crump, P.C. |
| 0:18-cv-01692-JNE-DTS | Shumpert, David et al v. 3M Company et al | 6/19/2018 | 9/17/2018 | | Meshbesher & Spence |
| 0:18-cv-01707-JNE-DTS | Spriggs, Connie v. 3M Company et al | 6/21/2018 | 9/19/2018 | | The Miller Firm, LLC |
| 0:18-cv-01708-JNE-DTS | Keller, Kenneth v. 3M Company et al | 6/21/2018 | 9/19/2018 | | The Miller Firm, LLC |
| 0:18-cv-01738-JNE-DTS | McClain, Allen  v. 3M Company et al | 6/25/2018 | 9/23/2018 | | Bernstein Liebhard LLP |
| 0:18-cv-01747-JNE-DTS | Hendrickson, Craig v. 3M Company et al | 6/26/2018 | 9/24/2018 | | Davis & Crump, P.C. |
| 0:18-cv-01828-JNE-DTS | Snyder, Robert v. 3M Company et al | 6/29/2018 | 9/27/2018 | | Kirtland & Packard LLP |
| 0:18-cv-01861-JNE-DTS | Barnett, Mark v. 3M Company et al | 7/3/2018 | 09/31/2018 | | Meshbesher & Spence |
| 0:18-cv-01870-JNE-DTS | Pasko, Dorothy v. 3M Company et al | 7/3/2018 | 09/31/2018 | | Davis & Crump, P.C. |
| 0:18-cv-01878-JNE-DTS | Spry, Geraldine v. 3M Company et al | 7/5/2018 | 10/3/2018 | | McEwen Law Firm, Ltd. |

Yellow highlighting indicates that the case was previously listed per PTO 14 (Dkt. No. 270).
Pink highlighting indicates that the case is subject to Defendants' Pending Motion to Dismiss.

**Defendants' PFS List 2: Plaintiffs Who Have Not Responded to Defendants' Deficiency Notices**
(Updated October 12, 2018)

| Case Number | Title | 1st Deficiency Notice Sent | Response Due Date | Prior Listing | Firm Name |
|---|---|---|---|---|---|
| 0:17-cv-04881-JNE-DTS | Potter, Karen v. 3M Company et al | 5/7/2018 07/10/2018 | 7/31/2018 | 8/10/2018 9/17/2018 | Bernstein Liebhard LLP |
| 0:17-cv-04891-JNE-DTS | Edwards, Renate v. 3M Company et al | 4/17/2018 | 5/8/2018 | 6/15/2018 7/13/2018 8/10/2018 9/17/2018 | Bernstein Liebhard LLP |
| 0:17-cv-05270-JNE-DTS | Johnston, Todd v. 3M Company et al | 4/17/2018 | 5/8/2018 | 6/15/2018 7/13/2018 8/10/2018 9/17/2018 | Bernstein Liebhard LLP |
| 0:17-cv-05277-JNE-DTS | Billings, Willard v. 3M Company et al | 4/17/2018 | 5/8/2018 | 6/15/2018 7/13/2018 8/10/2018 9/17/2018 | Bernstein Liebhard LLP |
| 0:18-cv-00045-JNE-DTS | Swales, Bertha v. 3M Company et al | 5/7/2018 07/10/2018 | 7/31/2018 | 8/10/2018 9/17/2018 | Bernstein Liebhard LLP |
| 0:18-cv-00207-JNE-DTS | Guenther, Gary v 3M Company et al | 8/6/2018 | 8/27/2018 | 9/17/2018 | Bernstein Liebhard LLP |
| 0:18-cv-00275-JNE-DTS | Owens, Janis v. 3M Company et al | 7/31/2018 | 8/21/2018 | 9/17/2018 | Bernstein Liebhard LLP |
| 0:18-cv-00318-JNE-DTS | Amador, George v. 3M Company et al | 7/5/2018 | 7/26/2018 | 9/17/2018 | DeGaris & Rogers, LLC |
| 0:18-cv-00575-JNE-DTS | Ballasso, Marilyn v. 3M Company et al | 6/27/2018 | 7/18/2018 | 8/10/2018 9/17/2018 | Gustafson Gluek PLLC |
| 0:18-cv-00891-JNE-DTS | Winn, Robert v. 3M Company et al | 7/24/2018 | 8/14/2018 | 9/17/2018 | Murray Law Firm |
| 0:17-cv-00088-JNE-DTS | Malinski, Michael v. 3M Company et al | bresno | 10/2/2018 | | Gustafson Gluek PLLC |
| 0:18-cv-00617-JNE-DTS | Hayes, Carol v. 3M Company et al | 9/4/2018 | 9/25/2018 | | Schlichter, Bogard & Denton, LLP |
| 0:18-cv-00998-JNE-DTS | Caison, John et al v. 3M Company et al | 8/22/2018 | 9/12/2018 | | Gustafson Gluek PLLC |
| 0:18-cv-01069-JNE-DTS | Grable, Richard v. 3M Company et al | 9/4/2018 | 9/25/2018 | | Meshbesher & Spence |
| 0:18-cv-01398-JNE-DTS | Albert, Roy v. 3M Company et al | 9/17/2018 | 10/8/2018 | | Gustafson Gluek PLLC |
| 0:18-cv-01416-JNE-DTS | Carter, Gregory v. 3M Company et al | 9/10/2018 | 10/1/2018 | | The Olinde Firm, LLC |
| **Case Number** | **Title** | **2nd Deficiency Notice Sent** | **Response Due Date** | **Prior Listing** | **Firm Name** |
| 0:17-cv-05371-JNE-DTS | Bresnock, Anne v. 3M Company et al | 9/4/2018 | 10/2/2018 | 6/15/2018 7/13/2018 8/10/2018 9/17/2018 | Bernstein Liebhard LLP |
| 0:18-cv-00167-JNE-DTS | Shoaf et al v. 3M Company, et al. | 6/4/2018 | 6/25/2018 | 7/13/2018 8/10/2018 9/17/2018 | The Miller Firm, LLC |

Yellow highlighting indicates that the case was previously listed per PTO 14 (Dkt. No. 270).
Pink highlighting indicates that the case is subject to Defendants' Pending Motion to Dismiss.

**Defendants' PFS List 2:  Plaintiffs Who Have Not Responded to Defendants' Deficiency Notices**
(Updated October 12, 2018)

| Case Number | Title | 3rd Deficiency Notice Sent | Response Due Date | Prior Listing | Firm Name |
|---|---|---|---|---|---|
| 0:17-cv-03549-JNE-DTS | Salinas, Juan v. 3M Company et al | 7/10/2018 | 7/31/2018 | 9/17/2018 | Kennedy Hodges, L.L.P. |
| 0:17-cv-05083-JNEDTS | Meredith, Benjamin v. 3M Company et al | 7/17/2018 | | 9/17/2018 | DeGaris & Rogers, LLC |
| 0:17-cv-03143-JNE-DTS | Keel, James v. 3M Company et al | 7/10/2018 | 7/31/2018 | | Kennedy Hodges, LLP |
| 0:17-cv-04467-JNE-DTS | Adams, Artis v. 3M Company et al | 4/2/2018 | 4/23/2018 | | Gustafson Gluek PLLC |
| 0:17-cv-04885-JNE-DTS | McEvoy, Mark v. 3M Company et al | 9/4/2018 | 9/25/2018 | | Bernstein Liebhard LLP |
| 0:17-cv-04889-JNE-DTS | Thornton, Mildred  v. 3M Company et al | 9/4/2018 | 9/25/2018 | | Bernstein Liebhard LLP |
| 0:17-cv-05261-JNE-DTS | Hardy, Alan  v. 3M Company et al | 9/4/2018 | 9/25/2018 | | Bernstein Liebhard LLP |
| 0:18-cv-00451-JNE-DTS | Gregg, Cynthia  v. 3M Company et al | 9/10/2018 | 10/1/2018 | | Gustafson Gluek PLLC |
| Case Number | Title | 3rd Deficiency Notice Sent | Response Due Date | Prior Listing | Firm Name |
| 0:17-cv-04754-JNE-DTS | Weaver, Donna v. 3M Company et al | 6/19/2018 | 7/10/2018 | 8/10/2018 9/14/2018 | Kennedy Hodges, L.L.P. |
| 0:17-cv-03259-JNE-DTS | Folmer, Gwendolyn v. 3M Company et al | 8/2/2018 | 8/23/2018 | | Kennedy Hodges, L.L.P. |
| 0:17-cv-04302-JNE-DTS | Tilley, William  v. 3M Company et al | 9/10/2018 | 10/1/2018 | | The Olinde Firm, LLC |
| 0:17-cv-04476-JNE-DTS | Holstine, Rachel  v. 3M Company et al | 9/12/2018 | 10/3/2018 | | Bernstein Liebhard LLP |
| 0:17-cv-04777-JNE-DTS | Pine, Randy v. 3M Company et al. | 9/4/2018 | 9/25/2018 | | Bernstein Liebhard LLP |

Yellow highlighting indicates that the case was previously listed per PTO 14 (Dkt. No. 270).
Pink highlighting indicates that the case is subject to Defendants' Pending Motion to Dismiss.

**Defendants' PFS List 3:  Core Deficiencies Remained Following Notice and Response**
(Updated October 12, 2018)

| Case Number | Title | Final Deficiency Sent | Prior Listing | Firm Name |
|---|---|---|---|---|
| 0:17-cv-01701-JNE-DTS | Wright, Michael v. 3M Company | 6/22/2017 | 8/10/2018 9/17/2018 | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, P.A |
| 0:17-cv-02426-JNE-DTS | Johnson, Edwards et al v. 3M Company | 6/22/2018 | 8/10/2018 9/17/2018 | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA |
| 0:17-cv-02901-JNE-DTS | Moore, Michael v. 3M Company et al | 2/14/2018 | 8/10/2018 9/17/2018 | Kennedy Hodges, L.L.P. |
| 0:17-cv-04967-JNE-DTS | Ewing, Kelly v. 3M Company | 6/22/2018 | 8/10/2018 9/17/2018 | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, P.A |
| 0:17-cv-05327-JNE-DTS | Lykes-Tarver,Tracy v. 3M Company | 6/18/2018 | 8/10/2018 9/17/2018 | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, P.A |
| 0:17-cv-05426-JNE-DTS | Meyers, Leslie v. 3M Company | 7/10/2018 | 8/10/2018 9/17/2018 | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA |
| 0:18-cv-00262-JNE-DTS | Brabham, Earnest  v. 3M Company et al | 6/18/2018 | 8/10/2018 9/17/2018 | The Law offices of Travis R. Walker, P.A. |
| 0:18-cv-00665-JNE-DTS | Hughes, Wilbert v. 3M Company et al | 7/5/2018 | 8/10/2018 9/17/2018 | Bachus & Schanker, LLC |
| 0:18-cv-00676-JNE-DTS | Bunk, Susan v. 3M Company | 7/5/2018 | 8/10/2018 9/17/2018 | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, P.A |
| 0:18-cv-00690-JNE-DTS | Dupont, Roy v. 3M Company | 7/5/2018 | 8/10/2018 9/17/2018 | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, P.A |
| 0:18-cv-01137-JNE-DTS | Chapman, Joann v. 3M Company | 6/11/2018 | 8/10/2018 9/17/2018 | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA |
| 0:18-cv-01154-JNE-DTS | Lombardo, James v. 3M Company | 7/3/2018 | 8/10/2018 9/17/2018 | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA |
| 0:18-cv-01345-JNE-DTS | Lane, Tonya v. 3M Company et al | 7/23/2018 | 8/10/2018 9/17/2018 | Meshbesher & Spence |
| 0:17-cv-01703-JNE-DTS | Ussery, Bruce v. 3M Company | 6/22/2018 | 8/10/2018 9/17/2018 | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA |
| 0:17-cv-04778-JNE-DTS | Brown, Ina v. 3M Company et al. | 4/17/2018 | 9/17/2018 | Bernstein Liebhard LLP |
| 0:17-cv-05047-JNE-DTS | Clark, Georgia v. 3M Company et al | 6/18/2018 | 9/17/2018 | Schlichter Bogard & Denton, LLP |
| Case Number | Title | Final Deficiency Sent | Prior Listing | Firm Name |

Yellow highlighting indicates that the case was previously listed per PTO 14 (Dkt. No. 270).
Pink highlighting indicates that the case is subject to Defendants' Pending Motion to Dismiss.

**Defendants' PFS List 3:  Core Deficiencies Remained Following Notice and Response**
(Updated October 12, 2018)

| | | | | |
|---|---|---|---|---|
| 0:17-cv-05348-JNE-DTS | Wilmer, Roxanne v. 3M Company et al | 7/2/2018 | 8/10/2018 9/17/2018 | Schlichter Bogard & Denton, LLP |
| 0:18-cv-00159-JNE-DTS | Roberts, Solomon et al v. 3M Company et al | 6/18/2018 | 9/17/2018 | Morgan & Morgan Complex Litigation Group |
| 0:18-cv-00348-JNE-DTS | Smith, Dorothy v. 3M Company et al | 7/16/2018 | 9/17/2018 | The Miller Firm, LLC |
| 0:18-cv-00432-JNE-DTS | Falcetta, Edward v. 3M Company | 6/8/2018 | 8/10/2018 9/17/2018 | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, P.A |
| 0:18-cv-00481-JNE-DTS | Brann, Stefan v. 3M Company et al | 7/9/2018 | 9/17/2018 | Lockridge, Grindal Nauen P.L.L.P. |
| 0:18-cv-00670-JNE-DTS | Darwick, Robert v. 3M Company | 7/18/2018 | 8/10/2018 9/17/2018 | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, P.A |
| 0:18-cv-00674-JNE-DTS | Welch, Leon v. 3M Company | 7/10/2018 | 8/10/2018 9/17/2018 | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, P.A |
| 0:18-cv-00675-JNE-DTS | Wolf, Joyce v. 3M Company | 6/29/2018 | 8/10/2018 9/17/2018 | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, P.A |
| 0:18-cv-00688-JNE-DTS | Conrad, John v. 3M Company | 7/11/2018 | 8/10/2018 9/17/2018 | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, P.A |
| 0:18-cv-00689-JNE-DTS | Alexander, Todd v. 3M Company | 7/16/2018 | 8/10/2018 9/17/2018 | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, P.A |
| 0:18-cv-00691-JNE-DTS | Hauser, Michael v. 3M Company | 6/29/2018 | 8/10/2018 9/17/2018 | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, P.A |
| 0:18-cv-00740-JNE-DTS | McKinney, Kimberly et al v. 3M Company et al | 7/16/2018 | 9/17/2018 | Schlichter Bogard & Denton, LLP |
| 0:18-cv-00884-JNE-DTS | Bosarge, Judy v. 3M Company | 7/10/2018 | 8/10/2018 9/17/2018 | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA |
| 0:18-cv-00962-JNE-DTS | Snow, Lorraine v. 3M Company | 7/9/2018 | 8/10/2018 9/17/2018 | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, P.A |
| 0:18-cv-00963-JNE-DTS | Wolfe, Stanley v. 3M Company | 7/5/2018 | 8/10/2018 9/17/2018 | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, P.A |
| 0:18-cv-00965-JNE-DTS | Branch, Charles v. 3M Company | 7/10/2018 | 8/10/2018 9/17/2018 | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, P.A |
| **Case Number** | **Title** | **Final Deficiency Sent** | **Prior Listing** | **Firm Name** |
| 0:18-cv-01096-JNE-DTS | Phillips, Virginia v. 3M Company | 7/9/2018 | 8/10/2018 9/17/2018 | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA |

Yellow highlighting indicates that the case was previously listed per PTO 14 (Dkt. No. 270).
Pink highlighting indicates that the case is subject to Defendants' Pending Motion to Dismiss.

**Defendants' PFS List 3:  Core Deficiencies Remained Following Notice and Response**
(Updated October 12, 2018)

| Case Number | Title | Final Deficiency Sent | Prior Listing | Firm Name |
|---|---|---|---|---|
| 0:18-cv-01097-JNE-DTS | Ramondo, Joseph v. 3M Company | 7/9/2018 | 8/10/2018 9/17/2018 | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA |
| 0:18-cv-01099-JNE-DTS | Reid, Patricia v. 3M Company | 7/9/2018 | 8/10/2018 9/17/2018 | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA |
| 0:18-cv-01101-JNE-DTS | Roshell, Doreen v. 3M Company | 6/19/2018 | 8/10/2018 9/17/2018 | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA |
| 0:18-cv-01102-JNE-DTS | Tate, Melvin v. 3M Company | 7/30/2018 | 9/17/2018 | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA |
| 0:18-cv-01113-JNE-DTS | Shade, Collette v. 3M Company | 7/30/2018 | 9/17/2018 | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA |
| 0:18-cv-01119-JNE-DTS | Scott, Margaret v. 3M Company | 7/9/2018 | 9/17/2018 | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA |
| 0:18-cv-01123-JNE-DTS | Twichell, Ben v. 3M Company | 6/19/2018 | 8/10/2018 9/17/2018 | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA |
| 0:18-cv-01139-JNE-DTS | Clark, Lasonia v. 3M Company | 6/8/2018 | 8/10/2018 9/17/2018 | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA |
| 0:18-cv-01510-JNE-DTS | Butters, Kenneth v. 3M Company | 7/24/2018 | 9/17/2018 | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA |
| 0:18-cv-01517-JNE-DTS | Custer, Nettie v. 3M Company | 7/24/2018 | 9/17/2018 | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA |
| 0:15-cv-04491-JNE-DTS | Morris, Lorraine (OBO Nicolas J. Morris) v. 3M Company et al | 8/3/2018 | | Hausfeld, LLP |
| 0:16-cv-00798-JNE-DTS | (Kohout), Barnes, Shirley v. 3M Company | 8/3/2018 | | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, P.A. |
| 0:16-cv-04161-JNE-DTS | Bond, Karen (OBO Thomas Bond) v. 3M Company | 8/3/2018 | | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, P.A. |
| 0:16-cv-04304-JNE-DTS | Reetz, Harvey and Renee et al v. 3M Company et al | 8/7/2018 | | Brown & Crouppen, PC |
| Case Number | Title | Final Deficiency Sent | Prior Listing | Firm Name |
| 0:17-cv-01942-JNE-DTS | McCrary, Lisa (OBO Alice McClain) v. 3M Company et al | 8/3/2018 | | Brown & Crouppen, PC |

Yellow highlighting indicates that the case was previously listed per PTO 14 (Dkt. No. 270).
Pink highlighting indicates that the case is subject to Defendants' Pending Motion to Dismiss.

**Defendants' PFS List 3:  Core Deficiencies Remained Following Notice and Response**
(Updated October 12, 2018)

| Case Number | Title | Final Deficiency Sent | Prior Listing | Firm Name |
|---|---|---|---|---|
| 0:17-cv-03593-JNE-DTS | Jordan H. Kohler  v. 3M Company et al | 7/31/2018 | | Pogust, Braslow & Millrood, LLC |
| 0:17-cv-04169-JNE-DTS | Hurley, Jonathan v. 3M Company et al | 4/2/2018 9/12/2018 | | The Olinde Firm, LLC |
| 0:17-cv-04517-JNE-DTS | Henderson, Stephanie  v. 3M Company et al | 8/30/2018 | | Bernstein Liebhard LLP |
| 0:17-cv-05199-JNE-DTS | Spry, John et al v. 3M Company et al | 7/5/2018 | | Pendley, Baudin & Coffin L.L.P. |
| 0:17-cv-05200-JNE-DTS | Picuri, David  v. 3M Company et al | 7/24/2018 | | Pendley, Baudin & Coffin L.L.P. |
| 0:17-cv-05202-JNE-DTS | Reed, Tommy  et al v. 3M Company et al | 7/5/2018 | | Pendley, Baudin & Coffin L.L.P. |
| 0:17-cv-05271-JNE-DTS | Gilmore, Kenneth et al v. 3M Company et al | 6/18/2018 | | The Webster Law Firm |
| 0:18-cv-00249-JNE-DTS | Glasscock, Elizabeth v. 3M Company et al | 6/11/2018 | | DeGaris & Rogers, LLC |
| 0:18-cv-00263-JNE-DTS | Robinson, Michael v. 3M Company et al | 8/15/2018 8/17/2018 9/12/2018 | | The Law offices of Travis R. Walker, P.A. |
| 0:18-cv-00760-JNE-DTS | Bazemore, Mary v. 3M Company et al | 8/2/2018 | | Meshbesher & Spence, LTD. |
| 0:18-cv-00803-JNE-DTS | Farrell, Thomas v. 3M Company et al | 7/10/2018 | | The Olinde Firm, LLC |
| 0:18-cv-00804-JNE-DTS | Maehle, Mark v. 3M Company et al | 7/10/2018 | | The Olinde Firm, LLC |
| 0:18-cv-00877-JNE-DTS | Keithley, Gary et al v. 3M Company et al | 7/23/2018 | | Murray Law Firm |
| 0:18-cv-00903-JNE-DTS | Hall, Barbara v. 3M Company et al | 8/2/2018 | | GoldenbergLaw, PLLC |
| 0:18-cv-01007-JNE-DTS | Sweezy, Richard v. 3M Company et al | 7/24/2018 | | Kennedy Hodges |
| 0:18-cv-01033-JNE-DTS | Chase, Raymond v. 3M Company et al | 8/16/2018 8/17/2018 | | The Miller Firm, LLC |
| 0:18-cv-01036-JNE-DTS | Workentine, Patricia et al v. 3M Company et al | 8/14/2018 | | Walters Law Firm, LLC |
| 0:18-cv-01078-JNE-DTS | Menefee, Arthur  v. 3M Company et al | 8/17/2018 | | Randall J. Trost, P.C. |
| 0:18-cv-01098-JNE-DTS | Rodliff, Peter v. 3M Company | 8/15/2018 | | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA |
| **Case Number** | **Title** | **Final Deficiency Sent** | **Prior Listing** | **Firm Name** |
| 0:18-cv-01110-JNE-DTS | Ryles, Patricia v. 3M Company | 7/30/2018 | | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA |
| 0:18-cv-01112-JNE-DTS | Willis ,Curtis v. 3M Company | 7/30/2018 | | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA |

Yellow highlighting indicates that the case was previously listed per PTO 14 (Dkt. No. 270).
Pink highlighting indicates that the case is subject to Defendants' Pending Motion to Dismiss.

**Defendants' PFS List 3:  Core Deficiencies Remained Following Notice and Response**
(Updated October 12, 2018)

| | | | | |
|---|---|---|---|---|
| 0:18-cv-01114-JNE-DTS | Smith, Ronald v. 3M Company | 8/7/2018 | | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA |
| 0:18-cv-01122-JNE-DTS | Turnage, Dalton v. 3M Company | 8/7/2018 | | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA |
| 0:18-cv-01124-JNE-DTS | Yost, Michael v. 3M Company | 7/30/2018 | | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA |
| 0:18-cv-01155-JNE-DTS | Mackenzie, Bonnie v. 3M Company | 8/6/2018 | | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA |
| 0:18-cv-01171-JNE-DTS | Johnson, Roger v. 3M Company | 8/6/2018 | | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA |
| 0:18-cv-01245-JNE-DTS | Pozyski, Mary et al v. 3M Company et al | 9/21/2018 | | Raizner Slania LLP |
| 0:18-cv-01505-JNE-DTS | Cerbins, Rosemary v. 3M Company | 7/24/2018 | | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA |
| 0:18-cv-01511-JNE-DTS | Hunt, Shirley v. 3M Company | 8/6/2018 | | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA |
| 0:18-cv-01515-JNE-DTS | Mitchell, James v. 3M Company | 8/14/2018 | | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA |
| 0:18-cv-01518-JNE-DTS | Kirk, Catherine v. 3M Company | 8/14/2018 | | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA |
| 0:18-cv-01521-JNE-DTS | Pennington, Tommy v. 3M Company | 8/7/2018 | | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA |
| 0:18-cv-01769-JNE-DTS | McCoy, Ethel  v. 3M Company | 8/14/2018 | | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA |

Yellow highlighting indicates that the case was previously listed per PTO 14 (Dkt. No. 270).
Pink highlighting indicates that the case is subject to Defendants' Pending Motion to Dismiss.

# EXHIBIT G

**From:** Ben Hulse
**Sent:** Friday, November 09, 2018 4:21 PM
**To:** JoanEricksen_Chambers@mnd.uscourts.gov; schultz_chambers@mnd.uscourts.gov
**Cc:** Genevieve Zimmerman - Meshbesher & Spence (gzimmerman@meshbesher.com)
<gzimmerman@meshbesher.com>; Gabriel Assaad (gassaad@kennedyhodges.com)
<gassaad@kennedyhodges.com>; Jan Conlin (JMC@ciresiconlin.com) <JMC@ciresiconlin.com>; Ben
Gordon (bgordon@levinlaw.com) <bgordon@levinlaw.com>; Jerry Blackwell
<blackwell@blackwellburke.com>; Lyn Pruitt <LPruitt@mwlaw.com>; David Szerlag
<david@pritzkerlaw.com>; Bridget Ahmann <Bridget.Ahmann@FaegreBD.com>; Mary Young
<myoung@blackwellburke.com>
**Subject:** RE: Bair Hugger, MDL 2666 -- Joint Agenda and Report for November 15 Status Conference

Dear Judge Ericksen and Judge Schultz,

In accordance with Pretrial Order No. 3, attached is the parties' Joint Agenda and Report for the status
conference scheduled for Thursday, November 15.  Defendants' three lists related to the Plaintiff Fact
Sheets, as discussed in Section 2 of the Joint Agenda, are also attached to this email.

Best regards,
Ben Hulse

Benjamin W. Hulse
Blackwell Burke P.A.
431 South Seventh Street, Suite 2500
Minneapolis, MN  55415
Direct (612) 343-3256
Fax (612) 343-3205

This message and any attachments may contain information that is privileged, confidential, and exempt from disclosure under
applicable law. If you are not the intended recipient or are not authorized to receive for the recipient, you are hereby notified
that dissemination, distribution or copying of this message and any attachments is strictly prohibited. If you have received this
message in error, please immediately advise the sender by reply e-mail and delete the message and any attachments. Thank
you.

**Defendants' PFS List 1:  Overdue Plaintiff Fact Sheets**
(Updated November 9, 2018)

| Case Number | Title | Date Filed | Due Date | Prior Listing | Firm Name |
|---|---|---|---|---|---|
| 0:18-cv-00264-JNE-DTS | Wega, Salvadore v. 3M Company et al | 1/29/2018 | 4/29/2018 | 9/17/2018 10/12/2018 | The Law offices of Travis R. Walker, P.A. |
| 0:18-cv-01435-JNE-DTS | Swatchick, Lou Todd et al v. 3M Company et al | 5/25/2018 | 8/23/2018 | 9/17/2018 10/12/2018 | Meshbesher & Spence |
| 0:18-cv-01455-JNE-DTS | Matteo, Barbara v. 3M Company et al | 5/25/2018 | 8/23/2018 | 9/17/2018 10/12/2018 | Morris Law Firm |
| 0:18-cv-01542-JNE-DTS | Davis, Harry v. 3M Company et al | 6/4/2018 | 9/2/2018 | 9/17/2018 10/12/2018 | Schlichter Bogard & Denton, LLP |
| 0:18-cv-01692-JNE-DTS | Shumpert, David et al v. 3M Company et al | 6/19/2018 | 9/17/2018 | 10/12/2018 | Meshbesher & Spence |
| 0:18-cv-01738-JNE-DTS | McClain, Allen  v. 3M Company et al | 6/25/2018 | 9/23/2018 | 10/12/2018 | Bernstein Liebhard LLP |
| 0:18-cv-01977-JNE-DTS | Corriher, Kimberlie  v. 3M Company et al | 7/13/2018 | 10/11/2018 | | Kennedy Hodges, LLP |
| 0:18-cv-02052-JNE-DTS | Mackenzie, Bonnie  v. 3M Company et al | 7/19/2018 | 10/17/2018 | | Kennedy Hodges, LLP |
| 0:18-cv-02067-JNE-DTS | Norton, Lloyd  v. 3M Company et al | 7/20/2018 | 10/18/2018 | | Meshbesher & Spence |
| 0:18-cv-02082-JNE-DTS | English, Alfred  v. 3M Company et al | 7/20/2018 | 10/18/2018 | | Kennedy Hodges, LLP |
| 0:18-cv-02087-JNE-DTS | Bellach, (Dimesa, Maria) v. 3M Company | 7/23/2018 | 10/21/2018 | | Napoli Bern Ripka Shkolnik LLP |
| 0:18-cv-02095-JNE-DTS | Jenkins, Carole  v. 3M Company et al | 7/23/2018 | 10/21/2018 | | Bachus & Schanker, LLC |
| 0:18-cv-02117-JNE-DTS | Banks, Annina  v. 3M Company et al | 7/24/2018 | 10/22/2018 | | The Miller Firm, LLC |
| 0:18-cv-02119-JNE-DTS | Markie, Patricia  et al v. 3M Company et al | 7/24/2018 | 10/22/2018 | | The Miller Firm, LLC |
| 0:18-cv-02121-JNE-DTS | Bruso, Marie  v. 3M Company et al | 7/24/2018 | 10/22/2018 | | The Miller Firm, LLC |
| 0:18-cv-02135-JNE-DTS | Black, Robert  v. 3M Company et al | 7/24/2018 | 10/22/2018 | | Kennedy Hodges, LLP |
| 0:18-cv-02329-JNE-DTS | Kujawski, Paul v. 3M Company et al | 8/9/2018 | 11/7/2018 | | Kennedy Hodges, LLP |
| 0:18-cv-02339-JNE-DTS | Ramsey, David Lee v. 3M Company et al | 8/9/2018 | 11/7/2018 | | Kirtland and Packard LLP |
| 0:18-cv-02341-JNE-DTS | Hoff, Amber v. 3M Company et al | 8/10/2018 | 11/8/2018 | | Kennedy Hodges, LLP |

Yellow highlighting indicates that the case was previously listed per PTO 14 (Dkt. No. 270).
Pink highlighting indicates that the case is subject to Defendants' Pending Motion to Dismiss.

**Defendants' PFS List 2:  Plaintiffs Who Have Not Responded to Defendants' Deficiency Notices**
(Updated November 9, 2018)

| Case Number | Title | 1st Deficiency Notice Sent | Response Due Date | Prior Listing | Firm Name |
|---|---|---|---|---|---|
| 0:18-cv-00275-JNE-DTS | Owens, Janis v. 3M Company et al | 7/31/2018 | 8/21/2018 | 9/17/2018 10/12/2018 | Bernstein Liebhard LLP |
| 0:18-cv-00891-JNE-DTS | Winn, Robert  v. 3M Company et al | 7/24/2018 | 8/14/2018 | 9/17/2018 10/12/2018 | Murray Law Firm |
| 0:18-cv-01069-JNE-DTS | Grable, Richard  v. 3M Company et al | 9/4/2018 | 9/25/2018 | 10/12/2018 | Meshbesher & Spence |
| 0:18-cv-01416-JNE-DTS | Carter, Gregory v. 3M Company et al | 9/10/2018 | 10/1/2018 | 10/12/2018 | The Olinde Firm, LLC |
| 0:18-cv-00572-JNE-DTS | Gauthier, Kim v. 3M Company et al | 10/15/2018 | 11/5/2018 | | Schlichter, Bogard & Denton, LLP |
| 0:18-cv-00757-JNE-DTS | Homsher, Larry v. 3M Company et al | 10/10/2018 | 10/31/2018 | | Bernstein Liebhard LLP |
| 0:18-cv-00929-JNE-DTS | Tillia, Jeffrey v. 3M Company et al | 9/26/2018 | 10/17/2018 | | DeGaris & Rogers, LLC |
| 0:18-cv-01223-JNE-DTS | Webber-Hartmann, Linda v. 3M Company et al | 10/8/2018 | 10/29/2018 | | Kirtland & Packard LLP |
| 0:18-cv-01254-JNE-DTS | Robbins, Robert v. 3M Company et al | 9/19/2018 | 10/10/2018 | | Kennedy Hodges, LLP |
| 0:18-cv-01320-JNE-DTS | Dickerson, Jean v. 3M Company et al | 9/25/2018 | 10/16/2018 | | Meshbesher & Spence |
| 0:18-cv-01412-JNE-DTS | Maher, Stephen v. 3M Company et al | 10/8/2018 | 10/29/2018 | | Kirtland & Packard LLP |
| 0:18-cv-01442-JNE-DTS | White, Rosemary v. 3M Company et al | 9/19/2018 | 10/10/2018 | | Brown & Crouppen, PC |
| 0:18-cv-01523-JNE-DTS | Butters, Kenneth v. 3M Company et al | 10/15/2018 | 11/5/2018 | | Kirtland & Packard LLP |
| 0:18-cv-01590-JNE-DTS | Sessoms, Ricky v. 3M Company et al | 10/2/2018 | 10/23/2018 | | Kennedy Hodges, LLP |
| 0:18-cv-01712-JNE-DTS | Sahr, Daryl v 3M Company et al | 10/15/2018 | 11/5/2018 | | Kennedy Hodges, LLP |
| 0:18-cv-01722-JNE-DTS | Woodard, George v. 3M Company et al | 10/1/2018 | 10/22/2018 | | Pendley, Baudin & Coffin L.L.P. |
| 0:18-cv-01724-JNE-DTS | Cooper, Roy et al v. 3M Company et al | 10/15/2018 | 11/5/2018 | | Pendley, Baudin & Coffin L.L.P. |
| 0:18-cv-01725-JNE-DTS | Heyward, Jacqueline v. 3M Company et al | 10/15/2018 | 11/5/2018 | | Kennedy Hodges, LLP |
| 0:18-cv-01753-JNE-DTS | McCloat, Kenneth v. 3M Company et al | 10/8/2018 | 10/29/2018 | | Kennedy Hodges, LLP |
| Case Number | Title | 2nd Deficiency Notice Sent | Response Due Date | Prior Listing | Firm Name |
| 0:17-cv-03143-JNE-DTS | Keel, James v. 3M Company et al | 7/10/2018 | 7/31/2018 | 10/12/2018 | Kennedy Hodges, LLP |
| 0:17-cv-03899-JNE-DTS | Pimentel, Carlos v. 3M Company et al | 2/28/2017 | 10/21/18* See ECF 1376 | 5/12/2018 6/15/18 | The Olinde Firm, LLC |
| 0:17-cv-04467-JNE-DTS | Adams, Artis v. 3M Company et al | 4/2/2018 | 4/23/2018 | 10/12/2018 | Gustafson Gluek PLLC |

Yellow highlighting indicates that the case was previously listed per PTO 14 (Dkt. No. 270).
Pink highlighting indicates that the case is subject to Defendants' Pending Motion to Dismiss.

**Defendants' PFS List 2:  Plaintiffs Who Have Not Responded to Defendants' Deficiency Notices**
(Updated November 9, 2018)

| Case Number | Title | 3rd Deficiency Notice Sent | Response Due Date | Prior Listing | Firm Name |
|---|---|---|---|---|---|
| 0:18-cv-00205-JNE-DTS | Shulz, Shelley v. 3M Company et al | 10/16/2018 | 11/6/2018 | | Bernstein Liebhard LLP |
| 0:18-cv-00220-JNE-DTS | Brasher, Michael  v. 3M Company et al | 10/15/2018 | 11/5/2018 | | Bernstein Liebhard LLP |
| 0:17-cv-04302-JNE-DTS | Tilley, William  v. 3M Company et al | 9/10/2018 | 10/1/2018 | 10/12/2018 | The Olinde Firm, LLC |
| 0:17-cv-03252-JNE-DTS | Gorbett, Jamie v. 3M Company et al | 10/10/2018 | 10/31/2018 | | Bernstein Liebhard LLP |
| 0:17-cv-03573-JNE-DTS | Parker, Lloyd v. 3M Company et al | 10/11/2018 | 10/31/2018 | | Bernstein Liebhard LLP |
| 0:17-cv-04009-JNE-DTS | Rude, Lynas v. 3M Company et al | 10/10/2018 | 10/31/2018 | | Bernstein Liebhard LLP |
| 0:17-cv-04375-JNE-DTS | Baker, David  v. 3M Company et al | 10/8/2018 | 10/29/2018 | | Bernstein Liebhard LLP |
| 0:17-cv-04857-JNE-DTS | Murphy, Bennie v 3M et al | 10/8/2018 | 10/29/2018 | | Bernstein Liebhard LLP |

Yellow highlighting indicates that the case was previously listed per PTO 14 (Dkt. No. 270).
Pink highlighting indicates that the case is subject to Defendants' Pending Motion to Dismiss.

**Defendants' PFS List 3:  Core Deficiencies Remained Following Notice and Response**
(Updated November 9, 2018)

| Case Number | Title | Final Deficiency Sent | Prior Listing | Firm Name |
|---|---|---|---|---|
| 0:17-cv-05047-JNE-DTS | Clark, Georgia v. 3M Company et al | 6/18/2018 | 9/17/2018 10/12/2018 | Schlichter Bogard & Denton, LLP |
| 0:16-cv-00798-JNE-DTS | (Kohout), Barnes, Shirley v. 3M Company | 8/3/2018 | 10/12/2018 | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, P.A. |
| 0:16-cv-04161-JNE-DTS | Bond, Karen (OBO Thomas Bond) v. 3M Company | 8/3/2018 | 10/12/2018 | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, P.A. |
| 0:17-cv-01703-JNE-DTS | Ussery, Bruce v. 3M Company | 6/22/2018 | 8/10/2018 9/17/2018 10/12/2018 | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA |
| 0:17-cv-03593-JNE-DTS | Jordan H. Kohler v. 3M Company et al | 7/31/2018 | 10/12/2018 | Pogust, Braslow & Millrood, LLC |
| 0:17-cv-04512-JNE-DTS | Cunningham, Mary v. 3M Company et al | 2/12/2018 | | Bernstein Liebhard LLP |
| 0:17-cv-04517-JNE-DTS | Henderson, Stephanie v. 3M Company et al | 8/30/2018 | 10/12/2018 | Bernstein Liebhard LLP |
| 0:17-cv-04891-JNE-DTS | Edwards, Renate v. 3M Company et al | 4/17/2018 | 6/15/2018 7/13/2018 8/10/2018 9/17/2018 | Bernstein Liebhard LLP |
| 0:17-cv-05199-JNE-DTS | Spry, John et al v. 3M Company et al | 7/5/2018 | 10/12/2018 | Pendley, Baudin & Coffin L.L.P. |
| 0:17-cv-05200-JNE-DTS | Picuri, David v. 3M Company et al | 7/24/2018 | 10/12/2018 | Pendley, Baudin & Coffin L.L.P. |
| 0:17-cv-05202-JNE-DTS | Reed, Tommy et al v. 3M Company et al | 7/5/2018 | 10/12/2018 | Pendley, Baudin & Coffin L.L.P. |
| 0:17-cv-05270-JNE-DTS | Johnston, Todd v. 3M Company et al | 4/17/2018 | 6/15/2018 7/13/2018 8/10/2018 9/17/2018 | Bernstein Liebhard LLP |
| 0:17-cv-05271-JNE-DTS | Gilmore, Kenneth et al v. 3M Company et al | 6/18/2018 | 10/12/2018 | The Webster Law Firm |
| 0:17-cv-05277-JNE-DTS | Billings, Willard v. 3M Company et al | 4/17/2018 | 6/15/2018 7/13/2018 8/10/2018 9/17/2018 | Bernstein Liebhard LLP |
| 0:18-cv-00263-JNE-DTS | Robinson, Michael v. 3M Company et al | 9/12/2018 | 10/12/2018 | The Law offices of Travis R. Walker, P.A. |
| 0:18-cv-00318-JNE-DTS | Amador, George v. 3M Company et al | | 9/17/2018 10/12/2018 | DeGaris & Rogers, LLC |
| 0:18-cv-00432-JNE-DTS | Falcetta, Edward v. 3M Company | 6/8/2018 | 8/10/2018 9/17/2018 10/12/2018 | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, P.A |

Yellow highlighting indicates that the case was previously listed per PTO 14 (Dkt. No. 270).
Pink highlighting indicates that the case is subject to Defendants' Pending Motion to Dismiss.

**Defendants' PFS List 3:  Core Deficiencies Remained Following Notice and Response**
(Updated November 9, 2018)

| Case Number | Title | Final Deficiency Sent | Prior Listing | Firm Name |
|---|---|---|---|---|
| 0:18-cv-00670-JNE-DTS | Darwick, Robert  v. 3M Company | 7/18/2018 | 8/10/2018 9/17/2018 10/12/2018 | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, P.A |
| 0:18-cv-00674-JNE-DTS | Welch, Leon  v. 3M Company | 7/10/2018 | 8/10/2018 9/17/2018 10/12/2018 | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, P.A |
| 0:18-cv-00675-JNE-DTS | Wolf, Joyce v. 3M Company | 6/29/2018 | 8/10/2018 9/17/2018 10/12/2018 | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, P.A |
| 0:18-cv-00688-JNE-DTS | Conrad, John v. 3M Company | 7/11/2018 | 8/10/2018 9/17/2018 10/12/2018 | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, P.A |
| 0:18-cv-00691-JNE-DTS | Hauser, Michael  v. 3M Company | 6/29/2018 | 8/10/2018 9/17/2018 10/12/2018 | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, P.A |
| 0:18-cv-00760-JNE-DTS | Bazemore, Mary v. 3M Company et al | 8/2/2018 | 10/12/2018 | Meshbesher & Spence, LTD. |
| 0:18-cv-00803-JNE-DTS | Farrell, Thomas v. 3M Company et al | 7/10/2018 | 10/12/2018 | The Olinde Firm, LLC |
| 0:18-cv-00804-JNE-DTS | Maehle, Mark v. 3M Company et al | 7/10/2018 | 10/12/2018 | The Olinde Firm, LLC |
| 0:18-cv-00884-JNE-DTS | Bosarge, Judy v. 3M Company | 7/10/2018 | 8/10/2018 9/17/2018 10/12/2018 | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA |
| 0:18-cv-00962-JNE-DTS | Snow, Lorraine v. 3M Company | 7/9/2018 | 8/10/2018 9/17/2018 10/12/2018 | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, P.A |
| 0:18-cv-00963-JNE-DTS | Wolfe, Stanley v. 3M Company | 7/5/2018 | 8/10/2018 9/17/2018 10/12/2018 | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, P.A |
| 0:18-cv-00965-JNE-DTS | Branch, Charles v. 3M Company | 7/10/2018 | 8/10/2018 9/17/2018 10/12/2018 | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, P.A |
| 0:18-cv-01007-JNE-DTS | Sweezy, Richard v. 3M Company et al | 7/24/2018 | 10/12/2018 | Kennedy Hodges |
| 0:18-cv-01097-JNE-DTS | Ramondo, Joseph v. 3M Company | 7/9/2018 | 8/10/2018 9/17/2018 10/12/2018 | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA |
| 0:18-cv-01098-JNE-DTS | Rodliff, Peter v. 3M Company | 8/15/2018 | 10/12/2018 | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA |
| 0:18-cv-01099-JNE-DTS | Reid, Patricia v. 3M Company | 7/9/2018 | 8/10/2018 9/17/2018 10/12/2018 | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA |

Yellow highlighting indicates that the case was previously listed per PTO 14 (Dkt. No. 270).
Pink highlighting indicates that the case is subject to Defendants' Pending Motion to Dismiss.

**Defendants' PFS List 3:  Core Deficiencies Remained Following Notice and Response**
(Updated November 9, 2018)

| Case Number | Title | Final Deficiency Sent | Prior Listing | Firm Name |
|---|---|---|---|---|
| 0:18-cv-01101-JNE-DTS | Roshell, Doreen v. 3M Company | 6/19/2018 | 8/10/2018 9/17/2018 10/12/2018 | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA |
| 0:18-cv-01110-JNE-DTS | Ryles, Patricia v. 3M Company | 7/30/2018 | 10/12/2018 | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA |
| 0:18-cv-01112-JNE-DTS | Willis ,Curtis v. 3M Company | 7/30/2018 | 10/12/2018 | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA |
| 0:18-cv-01113-JNE-DTS | Shade, Collette v. 3M Company | 7/30/2018 | 9/17/2018 10/12/2018 | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA |
| 0:18-cv-01119-JNE-DTS | Scott, Margaret v. 3M Company | 7/9/2018 | 9/17/2018 10/12/2018 | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA |
| 0:18-cv-01122-JNE-DTS | Turnage, Dalton v. 3M Company | 8/7/2018 | 10/12/2018 | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA |
| 0:18-cv-01123-JNE-DTS | Twichell, Ben v. 3M Company | 6/19/2018 | 8/10/2018 9/17/2018 10/12/2018 | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA |
| 0:18-cv-01124-JNE-DTS | Yost, Michael v. 3M Company | 7/30/2018 | 10/12/2018 | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA |
| 0:18-cv-01171-JNE-DTS | Johnson, Roger v. 3M Company | 8/6/2018 | 10/12/2018 | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA |
| 0:18-cv-01505-JNE-DTS | Cerbins, Rosemary v. 3M Company | 7/24/2018 | 10/12/2018 | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA |
| 0:18-cv-01515-JNE-DTS | Mitchell, James v. 3M Company | 8/14/2018 | 10/12/2018 | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA |
| 0:18-cv-01517-JNE-DTS | Custer, Nettie v. 3M Company | 7/24/2018 | 8/10/2018 9/17/2018 10/12/2018 | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA |
| 0:17-cv-00088-JNE-DTS | Malinski, Michael  v. 3M Company, et al | 11/7/2018 | | Gustafson Gluek PLLC |
| 0:17-cv-00712-JNE-DTS | Haladay, Jeffrey (OBO Harold Owens) v. 3M Company | 8/3/2018 | | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA |
| 0:17-cv-00712-JNE-DTS | Haladay, Jeffrey (OBO Harold Owens) v. 3M Company | 8/3/2018 | | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA |

Yellow highlighting indicates that the case was previously listed per PTO 14 (Dkt. No. 270).
Pink highlighting indicates that the case is subject to Defendants' Pending Motion to Dismiss.

**Defendants' PFS List 3:  Core Deficiencies Remained Following Notice and Response**
(Updated November 9, 2018)

| Case Number | Title | Final Deficiency Sent | Prior Listing | Firm Name |
|---|---|---|---|---|
| 0:17-cv-04845-JNE-DTS | Murray, Dan  v. 3M Company et al | 10/2/2018 | | Kirtland and Packard LLP |
| 0:18-cv-00093-JNE-DTS | Ashley, Ruth  v. 3M Company et al | 7/16/2018 | | Bernstein Liebhard LLP |
| 0:18-cv-00151-JNE-DTS | Russell, Janice  v. 3M Company et al | 7/16/2018 | | Bernstein Liebhard LLP |
| 0:18-cv-00274-JNE-DTS | Malone, Brenda  v. 3M Company et al | 7/16/2018 | | Bernstein Liebhard LLP |
| 0:18-cv-00354-JNE-DTS | McDermott, Kevin  et al v. 3M Company et al | 7/18/2018 | | Parker Waichman |
| 0:18-cv-00852-JNE-DTS | Villafranco, Leonard v. 3M Company et al | 8/7/2018 | | The Law offices of Travis R. Walker, P.A. |
| 0:18-cv-00959-JNE-DTS | Clavey, David  v. 3M Company et al | 8/31/2018 | | The Lanier Law Firm, PLLC |
| 0:18-cv-00980-JNE-DTS | Calo, Phillip et al v. 3M Company et al | 8/27/2018 | | Meshbesher & Spence |
| 0:18-cv-00991-JNE-DTS | Hawkins, Loretta v. 3M Company et al | 7/17/2018 | | DeGaris & Rogers, LLC |
| 0:18-cv-01103-JNE-DTS | Tedford, Louise  v. 3M Company | 8/17/2018 | | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA |
| 0:18-cv-01121-JNE-DTS | Stapley, William v. 3M Company | 8/16/2018 | | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA |
| 0:18-cv-01129-JNE-DTS | Parks, Sherry v. 3M Company et al | 8/30/2018 | | The Miller Firm, LLC |
| 0:18-cv-01130-JNE-DTS | Deloach, Marsha v. 3M Company et al | 8/30/2018 | | The Miller Firm, LLC |
| 0:18-cv-01167-JNE-DTS | Eans, James v. 3M Company | 8/24/2018 | | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA |
| 0:18-cv-01251-JNE-DTS | Monchinski, Michael v. 3M Company et al | 8/30/2018 | | GoldenbergLaw, PLLC |
| 0:18-cv-01272-JNE-DTS | McDermott,Donald v. 3M Company et al | 8/31/2018 | | The Webster Law Firm |
| 0:18-cv-01355-JNE-DTS | Watts, Raymond et al v. 3M Company et al | 9/11/2018 | | Langdon and Emison |
| 0:18-cv-01357-JNE-DTS | Goldstein, Jay v. 3M Company et al | 9/11/2018 | | Skikos Crawford Skikos & Joseph |
| 0:18-cv-01453-JNE-DTS | Barnes, Thomas v. 3M Company et al | 9/20/2018 | | Goldenberg Law, PLLC |
| 0:18-cv-01506-JNE-DTS | Easton, Elizabeth v. 3M Company | 9/10/2018 | | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA |

Yellow highlighting indicates that the case was previously listed per PTO 14 (Dkt. No. 270).
Pink highlighting indicates that the case is subject to Defendants' Pending Motion to Dismiss.

**Defendants' PFS List 3:  Core Deficiencies Remained Following Notice and Response**
(Updated November 9, 2018)

| Case Number | Title | Final Deficiency Sent | Prior Listing | Firm Name |
|---|---|---|---|---|
| 0:18-cv-01510-JNE-DTS | Butters, Kenneth v. 3M Company | 7/24/2018 | | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA |
| 0:18-cv-01579-JNE-DTS | Klanduch, Robert v. 3M Company et al | 10/2/2018 | | Jones Ward, PLC |

Yellow highlighting indicates that the case was previously listed per PTO 14 (Dkt. No. 270).
Pink highlighting indicates that the case is subject to Defendants' Pending Motion to Dismiss.