# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: Bair Hugger Forced Air Warming Products Liability Litigation<br><br>This Document Relates To:<br><br>*Connell*, 16-cv-2351-JNE-DTS<br>*Oeltjen*, 17-cv-3062-JNE-DTS<br>*Folmer*, 17-cv-3259-JNE-DTS<br>*Platine*, 17-cv-3476-JNE-DTS<br>*Crume*, 17-cv-3617-JNE-DTS<br>*Richey*, 17-cv-5323-JNE-DTS | MDL No. 15-2666 (JNE/DTS)<br><br>**MEMORANDUM IN SUPPORT OF DEFENDANTS' FIFTH MOTION TO DISMISS FOR FAILURE TO COMPLY WITH PRETRIAL ORDER NO. 23 AND/OR FED. R. CIV. P. 25(a) AND 41(b)** |

Pursuant to Pretrial Order No. 23 and Fed. R. Civ. P. 25(a) and 41(b) Defendants 3M Company and Arizant Healthcare Inc. (together, "Defendants") move to dismiss the following cases with prejudice:

| Case Number | Title | Firm Name |
|---|---|---|
| 16-cv-2351-JNE-DTS | *Connell v. 3M Co., et al.* | Kennedy Hodges, L.L.P. |
| 17-cv-3062-JNE-DTS | *Oeltjen v. 3M Co., et al.* | Kennedy Hodges, L.L.P. |
| 17-cv-3259-JNE-DTS | *Folmer v. 3M Co., et al.* | Kennedy Hodges, L.L.P. |
| 17-cv-3476-JNE-DTS | *Platine v. 3M Co.* | Levin, Papantonio, Thomas, Mitchell, Rafferty, Proctor P.A. |
| 17-cv-3617-JNE-DTS | *Crume v. 3M Co., et al.* | Kennedy Hodges, L.L.P. |
| 17-cv-5323-JNE-DTS | *Richey v. 3M Co., et al.* | Kennedy Hodges, L.L.P. |

The reasons for dismissal are straightforward. Plaintiffs in *Oeltjen, Platine*, and *Crume* failed to comply with the suggestion-of-death deadline established by PTO 23.

Substitution motions have been denied in *Connell* and *Folmer*. The Court granted an extension for the filing of a substitution motion in *Richey*, warning that failure to file the motion by the new deadline would result in dismissal with prejudice. No substitution motion has been filed.

## ARGUMENT

PTO 23 sets requirements for cases in which plaintiffs die while their actions are pending in the MDL. PTO 23 requires counsel for a deceased plaintiff to file a suggestion of death within 90 days of either the entry of PTO 23 or the death of the plaintiff, whichever is later. Both Rule 25 and PTO 23 then require counsel for the deceased plaintiff to move for substitution within 90 days of filing the suggestion of death. ECF No. 1614, Order Denying Plaintiffs' Motion to Amend PTO 23, at 1. In addition, Fed. R. Civ. P. 41(b) provides for dismissal of a case where "plaintiff fails to prosecute or to comply with these rules or a court order." ECF No. 1566, Order at 3.

In previous orders, the Court has confirmed that dismissal with prejudice is appropriate when a plaintiff fails to comply with PTO 23 without a valid excuse. *See, e.g.,* ECF No. 1440, Order at 3 ("The Court therefore dismisses this action with prejudice for failure to comply with PTO 23 and for failure to prosecute under Rule 41(b)."); ECF No. 1566, Order at 4 ("The Court grants this motion and dismisses Plaintiff Lister with prejudice for failure to move for substitution within 90 days of filing the suggestion of death, as required under PTO 23 and Rule 25(a).").

The Court has rejected Plaintiffs' contention that the requirements of PTO 23 are too strict and the penalties too harsh: "This process prevents deceased plaintiffs from

populating and inflating the MDL docket and allows the Court and Defendants to know the true size of the MDL. This ultimately prevents court congestion and undue delay in resolving the MDL. These benefits justify dismissing plaintiffs who willfully disobey PTO 23." ECF No. 1614, Order Denying Plaintiffs' Motion to Amend PTO 23, at 2.

### A. Cases Where a Suggestion of Death Has Not Been Filed.

In the three cases below, a suggestion of death was not filed within the deadline prescribed by PTO 23(A), and has still not been filed. Defendants discovered that these plaintiffs are deceased by conducting an independent online search of obituaries.[1]

| Plaintiff | Case Number | Date of Death | Suggestion of Death Due/Filed | Comments |
|---|---|---|---|---|
| Oeltjen, Charles | 17-cv-3062 | 12/8/17 Ex. A | Due 4/9/2018. None filed. | Due nearly 8 months ago. |
| Platine, Ralph | 17-cv-3476 | 1/30/2018 Ex. B | Due 4/30/2018. None filed. | Due over 7 months ago. |
| Crume, Benjamin | 17-cv-3617 | 10/18/2017 Ex. C | Due 4/9/2018. None filed. | Due nearly 8 months ago. |

Plaintiffs have not responded to Defendants' meet-and-confer correspondence and have not demonstrated that compliance was impossible or was the result of excusable neglect. Furthermore, despite a warning from the Court in October, it appears that counsel for Crume and Oeltjen still lack a reasonable and good faith process for ascertaining whether

---

[1] PTO 23 was supposed to relieve Defendants of the burden of searching obituaries and Social Security death records for deceased plaintiffs. *See e.g. Connell* ECF 30, Order ("a defendant facing thousands of similar lawsuits is prejudiced by not knowing which suits against it are "live" actions, even if any single suit is a drop in the bucket."). However, Defendants' ongoing "spotcheck" searching for the names of plaintiffs in online databases continues to identify more cases. These findings suggest that some plaintiffs' firms still have not implemented a system to maintain contact with their clients.

their clients are alive. ECF No. 1566, Order at 7 ("Without evidence of a reasonable and good faith process for ascertaining whether or not a client is alive, the Court cannot find that either excusable neglect or impossibility justify noncompliance with PTO 23.").

This Court has dismissed other cases with prejudice where the suggestion of death was not filed by the deadline. *See* ECF No. 1440, Order at 3; ECF No. 1566, Order at 7. Here too, dismissal with prejudice is appropriate for all three cases.

### B. Cases Where the Proposed Substitute Plaintiffs Failed to File a Timely Motion for Substitution or the Motion Was Denied.

In the three cases below, a suggestion of death was filed, but a valid substitution was not made in the time frame prescribed by PTO 23(b) and Fed. R. Civ. P. 25(a).

| Plaintiff | Case Number | Date of Death | Suggestion of Death Filed | Motion to Substitute Due |
|---|---|---|---|---|
| Folmer, Gwendolyn | 17-cv-3259 | 7/28/2017 | 4/6/2018 | Originally due 7/5/2018; extended to 10/1/2018. Motion to substitute denied. |
| Connell, Shelby | 17-cv-4886 | 2/19/2017 | 4/6/2018 | Originally due 7/5/2018; extended to 10/1/18. Motion to substitute denied. |
| Richey, Priscilla | 17-cv-5323 | 4/25/2018 | 7/3/2018 | Originally due on 10/1/2018; extended to 11/19/2018. No motion to substitute filed. |

.
In all three cases, the Court granted extensions to comply with the PTO 23's substitution deadline. In *Connell* and *Folmer*, the Court denied plaintiffs' motions to substitute. *Connell*, ECF No. 30, Order at 4 (noting plaintiff's counsel "lack of good faith dealing in this matter"); *Folmer*, ECF No. 20, Order at 1-2 (denying because the proposed substitute

4

plaintiff still had not been appointed representative of the estate). In *Richey*, the Court excused the belatedness of the suggestion of death, and granted an extension until November 19, 2018 to file a substitution motion. MDL No. 1566, Order at 5. The Court directed: "[C]ounsel [for Richey] must move for substitution within 30 days of the status conference on October 18, 2018. If no motion to substitute is filed, Defendants may move for dismissal with prejudice of Plaintiff Richey, and the Court will grant the motion."). *Id.* That deadline has now passed, and as of today no motion has been filed.

Rule 25(a) provides that if a timely substitution motion is not made, the action "must be dismissed." This rule likewise should apply where a substitution motion is made and then denied. Accordingly, these cases should be dismissed with prejudice pursuant to Fed. R. Civ. P. 25(a) and PTO 23(B).

Dated: December 6, 2018                           Respectfully submitted,

s/ Benjamin W. Hulse
Jerry W. Blackwell (MN #186867)
Benjamin W. Hulse (MN #0390952)
Mary S. Young (MN #0392781)
BLACKWELL BURKE P.A.
431 South Seventh Street, Suite 2500
Minneapolis, MN 55415
Phone: (612) 343-3248
Fax: (612) 343-3205
Email: blackwell@blackwellburke.com
           bhulse@blackwellburke.com
           myoung@blackwellburke.com

**Counsel for Defendants 3M Company and Arizant Healthcare Inc.**
