IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

| | |
|---|---|
| IN RE: BAIR HUGGER FORCED AIR WARMING PRODUCT LIABILITY LITIGATION | MDL No.: 15-md-02666 (JNE/DTS) |
| This Document Relates To: | |
| SHELBY CONNELL, | Civil Action No.: 16-cv-02351 |
| Plaintiff, | |

_____

### **PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS**

NOW COMES Plaintiff, Shelby Connell, identified in Defendants' Motion to Dismiss for Failure to Comply with Pretrial Order No. 23 [Dkt. 1621], and by and through undersigned counsel submits this, her Response to Defendants' Motion to Dismiss, and would respectively show the Court the following:

### **FACTS**

The history of this matter has been well-documented previously in filings in the individual case.[1] In short, Plaintiff's son, Dax Eaton, was named as the party to be substituted in the original Motion to Substitute, as he represented to counsel in April 2018 that he intended to be named as administrator and would take appropriate action to be appointed. However, after Mr. Eaton investigated the probate process, he reported to counsel in early October 2018 that a probate attorney by the name of Alfred J. Danner, of

---

[1] *See Connell v. 3M Company et al.*, 16-cv-02351, ECF Nos. 8, 21, 28, and 31.

Geneva, Alabama, had already been appointed as Administrator of Ms. Connell's estate. Prior to the filing of the original motion to substitute, which named Mr. Eaton as the party to be substituted for Plaintiff based on Mr. Eaton's representations, counsel was **not** aware that another individual had already been appointed as Administrator—and certainly did not know the identity of that individual.

Further, there was a delay in contact with Mr. Eaton due to the nature of the contact information provided being connected to Mr. Eaton's place of business—Mr. Eaton had changed jobs soon after contact with him had commenced in April 2018.[2] Counsel did not learn that the contact information was invalid to reach Mr. Eaton until August 30, 2018, when a former coworker informed counsel that he had changed jobs months prior. A new address was provided at this time, and counsel was able to reestablish contact soon after. Counsel remained persistent in their efforts to contact Mr. Eaton regarding the probate process in an ongoing attempt to move the substitution of parties along as expeditiously as possible.

Despite the fact that a qualified individual was duly appointed as a proper representative of Plaintiff's estate by the probate court in the State of Alabama with jurisdiction over the matter, Magistrate Judge Schultz issued an Order on November 27, 2018[3] denying both Plaintiff's Motion to Substitute Party and First Amended Motion to Substitute Party—which correctly named Attorney Danner, in his capacity as the Administrator of the Estate of Shelby Connell, as the party to be substituted in place of Plaintiff.

---

[2] *Connell*, ECF No. 28 at 2.
[3] *See generally Connell*, ECF No. 30.

After Magistrate Judge Schultz's Order was issued, Defendants aggressively pursued dismissal for failure to comply with Pretrial Order No. 23 ("PTO 23"), since the Motion to Substitute was denied.[4] The case was listed on Defendants' Motion to Dismiss for Failure to Comply with Pretrial Order No. 23[5] filed on December 6, 2018, just more than one week after the Magistrate Judge's Order was issued.

However, an Objection to the Magistrate Judge's Order pursuant to Local Rule 72.2 was timely filed on December 11, 2018,[6] arguing that counsel's actions have been in "good faith" and that any error in initially naming the proper party was due to "excusable neglect." This Objection is currently pending before the Court. If the Court overturns the Magistrate Judge's Order, then the previous First Amended Motion to Substitute will be granted and Attorney Danner will be substituted as the proper party, and any non-compliance with the requirements of PTO 23 would be cured.

Since the filling of the Objection, counsel has also obtained a declaration from Attorney Danner regarding this matter.[7] Attorney Danner has confirmed that he was not aware of the pending case at the time that he was appointed as Administrator in January 2018.[8] None of the documents which he reviewed pertaining to the estate mentioned the pending case against Defendants.[9] In fact, he was unaware of the case until being told about it by Mr. Eaton

---

[4] *See* Dkt. 1039 at 3.
[5] Dkt. 1621.
[6] *Connell*, ECF No. 31.
[7] *See* Exhibit A, Declaration of Attorney Alfred J. Danner.
[8] Ex. A, ¶ 4.
[9] Ex. A, ¶ 5.

3

on October 1, 2018.[10] This was also when he first learned the identity of Kennedy Hodges.[11] After learning of the case, he promptly contacted counsel and sent over the signed Letters of Administration indicating that he had been appointed.[12] It is apparent that Attorney Danner and counsel were not aware of each other's existence until being put in contact with each other by Mr. Eaton, who is a non-party to this action. As discussed in Plaintiff's Objection[13] and reiterated here, it cannot be said that Attorney Danner or counsel acted with a lack of "good faith" in resolving this issue.

## CONCLUSION

For the foregoing reasons, undersigned counsel respectfully requests that the Plaintiff's claims not be dismissed with prejudice pursuant to PTO 23 at this time, as the Objection to Magistrate Judge Schultz's ruling is still pending before the Court. Dismissal of this matter with prejudice prior to a ruling regarding that Objection would be premature, especially given that reversal of the Magistrate Judge's Order would effectively cure any alleged failure to comply with PTO 23 and would render dismissal with prejudice inappropriate. Therefore, Plaintiff would request that this case be removed from consideration for dismissal under Defendants' Motion to allow for an opportunity for the Court to review the record and make a ruling on Plaintiff's Objection.

---

[10] Ex. A, ¶ 7.
[11] Ex. A, ¶ 6.
[12] Ex. A, ¶ 8.
[13] *See generally Connell*, ECF No. 30.

Plaintiff also renews her request from Plaintiff's Objection for leave to allow for a two-week extension to re-file a Motion for Substitution of Party naming Attorney Danner, in his capacity as Administrator of the Estate of Shelby Connell, as the proper party.

Dated: December 13, 2018

KENNEDY HODGES, LLP

By: /s/ David W. Hodges
David W. Hodges
dhodges@kennedyhodges.com
Gabriel A. Assaad
gassaad@kennedyhodges.com
4409 Montrose Blvd. Ste 200
Houston, TX 77006
Telephone: (713) 523-0001
Facsimile: (713) 523-1116

ATTORNEYS FOR PLAINTIFF