UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE: Bair Hugger Forced Air Warming Products Liability Litigation | MDL No. 15-2666 (JNE/FLN) |
| This Document Relates to:<br><br>**PLAINTIFF,**<br><br>*CARLOS PIMENTEL v. 3M Company, et al;* Case No. 17-cv-03899 | |

## SECOND DECLARATION OF ALFRED A. OLINDE, JR. IN RESPONSE TO DEFENDANTS' MOTION TO DISMISS

I, Alfred A. Olinde, Jr, declare as follows:

1. I am an attorney at The Olinde Firm, LLC and Counsel for Carlos Pimentel in the above-captioned matter.

2. I submit this affidavit in opposition to Defendants' Motion to Dismiss for Failure to Comply with Pretrial Order No. 14 [Dkt. 1617] filed on December 6, 2018.

3. In October of 2015, Plaintiff Carlos Pimentel contacted undersigned counsel regarding an infection and subsequent treatment that he experienced due to the use of a Bair Hugger patient warming device during an orthopedic surgery.

4. Counsel worked to obtain medical records and billing records to move forward with the case. Those records indicated that a Bair Hugger device was used during the original surgery.

5. On August 23, 2017, counsel filed the current action to comply with what was identified as the applicable statute of limitations deadline for the relevant claim.

6. On December 14, 2017, Plaintiff served his fact sheet upon Defendants.

7. On January 11, 2018, Defendants sent counsel for Plaintiff a deficiency letter stating certain sections of the fact sheet were "incomplete".

8. On May 4, 2018, Mr. Pimentel called the office; however, subsequent attempts to reach him telephonically have been unsuccessful.

9. Mr. Pimentel has substantially completed the fact sheet and is nearly 80 years old. The deficiencies cited relate to addresses and phone numbers for pharmacies and

      dates of birth of his children.

10. On July 9, 2018, Counsel for Plaintiff sent Mr. Pimentel correspondence again requesting that he contact the office.

11. Emails were sent to Mr. Pimentel July 25, September 5 and November 6 of 2018 requesting that he contact my office.

12. A letter was sent to Mr. Pimentel December 6, 2018 informing him that his case was set to be dismissed.

13. Numerous telephone calls have been placed to the client and his son. No responses have been received.

14. Counsel has no explanation as to client's lack of response.

15. Affiant requests that the court find the fact sheet to be substantially complete or in the alternative to grant any relief available in the premises to Mr. Pimentel.

Pursuant to 28 U.S.C. (insert section) 1746(2), I declare under penalty of perjury that the foregoing is true and correct.

Dated: December 13, 2018            __s/*Alfred A Olinde, Jr.*__
                                                        Alfred A. Olinde, Jr.