IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

| | |
|---|---|
| IN RE: BAIR HUGGER FORCED AIR WARMING PRODUCT LIABILITY LITIGATION | MDL No.: 15-md-02666 (JNE/DTS) |
| This Document Relates To: | |
| DAVID OELTJEN, | |
| Plaintiff, | Civil Action No.: 17-cv-03062 |

_____

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS**

NOW COMES Plaintiff, David Oeltjen, identified in Defendants' Motion to Dismiss for Failure to Comply with Pretrial Order No. 23 [Dkt. 1621], and by and through undersigned counsel submits this, his Response to Defendants' Motion to Dismiss, and would respectively show the Court the following:

**FACTS**

In July of 2015, Mr. David Oeltjen contacted undersigned counsel regarding an infection and subsequent treatment that he experienced due to the use of a Bair Hugger patient warming device during an orthopedic surgery. Counsel worked to obtain medical records and billing records to move forward with the case. Those records indicated that a Bair Hugger device was used during the original surgery. On July 19, 2017, counsel filed the current action to comply with what was identified as the applicable statute of limitations deadline for the relevant claim.

Efforts were made to follow up with Plaintiff to obtain information for the Plaintiff Fact Sheet ("PFS") after the case was filed in August 2017 and continued for the next few months. A completed PFS was submitted on October 17, 2017. This PFS was never challenged by Defendants pursuant to Pretrial Order 14.[1]

Counsel was informed on December 3, 2018 that Plaintiff had passed away. Counsel was unaware of Plaintiff's passing until that date. Mr. Oeltjen, was only 57 years of age at the time of this passing—his death was not necessarily expected. Counsel made immediate efforts to contact Plaintiff's next of kin using the known contact information for Plaintiff, including the phone number on file and Plaintiff's last known home address, after being informed on his death. However, counsel has not received a response from these efforts in the ten days which have passed since they were informed of Plaintiff's death. Accordingly, counsel has made contact with Plaintiff's next of kin, and therefore is unable to determine whether Plaintiff's next of kin wish to move forward with this case.

## **CONCLUSION**

For the foregoing reasons, undersigned counsel respectfully requests that Plaintiff's claims not be dismissed with prejudice pursuant to Pretrial Order 23 and an additional sixty (60) days be given for counsel to successfully contact next of kin and determine how they wish to proceed.

---

[1] Defendants did not issue a deficiency notice regarding Plaintiff's PFS and therefore is presumed to have acquiesced to the submitted PFS as meeting the requirements of PTO 14. *See generally In Re: Bair Hugger Forced Air Warming Devices Products Liability Litigation*, 15-md-2666, ECF No. 117 (Pretrial Order No. 14 Regarding Plaintiff Fact Sheet and Service Protocol).

Dated: December 13, 2018               KENNEDY HODGES, LLP

                By: <u>/s/ David W. Hodges</u>
                David W. Hodges
                dhodges@kennedyhodges.com
                Gabriel A. Assaad
                gassaad@kennedyhodges.com
                4409 Montrose Blvd. Ste 200
                Houston, TX 77006
                Telephone: (713) 523-0001
                Facsimile: (713) 523-1116

                ATTORNEYS FOR PLAINTIFF