IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

| | |
|---|---|
| IN RE: BAIR HUGGER FORCED AIR WARMING PRODUCT LIABILITY LITIGATION | MDL No.: 15-md-02666 (JNE/DTS) |
| This Document Relates To: | |
| BENJAMIN CRUME, | Civil Action No.: 17-cv-03617 |
| Plaintiff, | |

_____

**DECLARATION OF DONALD C. GREEN II IN SUPPORT OF PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS**

I, Donald C. Green II, declare as follows:

1. I am an attorney at Kennedy Hodges, LLP and Counsel for Plaintiff Benjamin Crume in the above-captioned matter.

2. I submit this affidavit in opposition to Defendants' Motion to Dismiss for Failure to Comply with Pretrial Order No. 23 [Dkt. 1621] filed on December 6, 2018.

3. Mr. Crume contacted Kennedy Hodges, LLP in August of 2015 regarding injuries that were allegedly caused by the Bair Hugger patient warming device.

4. Medical records and billing records pertaining to Mr. Crume's treatment were obtained by Kennedy Hodges through its third-party medical records retrieval company. Those records indicated that a Bair Hugger device was used during his initial orthopedic surgery.

5. This case was filed on August 8, 2017 to comply with a possible statute of limitations deadline identified by counsel.

6. Numerous efforts were made to contact Mr. Crume to obtain information for the Plaintiff Fact Sheet after the case was filed in August 2017. These efforts were ultimately unsuccessful.

7. An initial PFS was submitted to the Court on November 6, 2017. After a deficiency notice was received, an amended PFS was submitted on December 20, 2017.

8. On December 3, 2018, counsel received an email from Defendants stating that Mr. Crume had passed away on October 18, 2017. Counsel was not aware of Mr. Crume's passing prior to receipt of this email.

9. Counsel sent out a contact letter to Mr. Crume's last known address and made attempts to call all numbers listed in the client file in order to reach next of kin. There was no alternate contact listed in counsel's file for Mr. Crume.

10. To date, Kennedy Hodges has not received a response to these communication attempts and therefore has been unable to even confirm whether there are any surviving next of kin, and if so, to establish contact with them to determine how to proceed.

11. As these efforts to locate next of kin have not been successful to date, counsel has been unable to confirm whether next of kin would want to continue the case on behalf of Mr. Crume or otherwise determine whether the probate process has been completed.

Pursuant to 28 U.S.C. § 1746(2), I declare under penalty of perjury that the foregoing is true and correct.

December 13, 2018                    /s/Donald C. Green II
                                      Donald C. Green II