IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

| | |
|---|---|
| IN RE: BAIR HUGGER FORCED AIR WARMING PRODUCT LIABILITY LITIGATION | MDL No.: 15-md-02666 (JNE/DTS) |
| This Document Relates To: | |
| GWENDOLYN FOLMER, | Civil Action No.: 17-cv-03259 |
| Plaintiff, | |

_____

**PLAINTIFF'S RESPONSE TO DEFENDANTS'
MOTION TO DISMISS AND PLAINTIFF'S MOTION FOR LEAVE
TO FILE FIRST AMENDED MOTION TO SUBSTITUTE PARTY**

NOW COMES Plaintiff, Gwendolyn Folmer, identified in Defendants' Motion to Dismiss for Failure to Comply with Pretrial Order No. 23 [Dkt. 1621], and by and through undersigned counsel submits this, her Response to Defendants' Motion to Dismiss, and Motion for Leave to File her First Amended Motion to Substitute Party, and would respectively show the Court the following:

### FACTS

In July of 2015, Ms. Gwendolyn Folmer contacted undersigned counsel regarding an infection and subsequent treatment that she experienced due to the use of a Bair Hugger patient warming device during an orthopedic surgery. Counsel worked to obtain medical records and billing records to move forward with the case. Those records indicated that a Bair Hugger device was used during the original surgery. On July 24, 2017, counsel filed the

current action to comply with what was identified as the applicable statute of limitations deadline for the relevant claim.

Counsel was informed in August 2017 by Ms. Folmer's brother, Donald Folmer, that Ms. Folmer had passed away. In January 2018, Mr. Folmer advised that he had contacted Ms. Folmer's daughter Faith Keaton, and in a subsequent conversation provided counsel with the contact information for Faith Keaton. Counsel made efforts to contact Ms. Keaton from January 2018 through May 2018 to determine how she would like to proceed with the case but did not receive a response. In July 2018, counsel was finally able to get a hold of Ms. Keaton, who stated that she would look into the probate process. Phone calls from early July through mid-August went unanswered, until counsel spoke with Ms. Keaton on August 16, 2018, who reiterated that she would do what needed to be done for probate.

This Court issued an order on August 15, 2018 giving an extension of forty-five (45) days to complete probate and allow for Keaton or any other individual to be appointed as representative of the estate. Counsel continued to keep apprised of Ms. Keaton efforts to go through the necessary process to be appointed representative of the estate, as she had represented to counsel.

On August 24, 2018, Ms. Folmer's eldest daughter, Tiffany Hudnall, contacted counsel and informed counsel that she had already had probate completed and was named as representative for a previous matter. In September 2018, counsel received probate documents that named Ms. Hudnall as executrix of the estate, but these documents were not signed by the probate judge and did not have a case number. Counsel for Plaintiff continued efforts to

obtain a signed copy of the relevant probate court order through September and October but did not have any success.

In early December 2018, counsel was able to obtain a copy of the Letters of Authority from the Probate Court of Athens County, Ohio. The Letters of Authority were entered on January 10, 2018 and signed by Judge Robert W. Stewart. The matter was assigned case number 20181007. These Letters of Authority name Tiffany Hudnall as the Administratrix of the Estate of Gwendolyn Folmer. These Letters are attached hereto as Exhibit A.

## RESPONSE

This Court has stated in recent orders that "excusable neglect" and "accidental delay" are sufficient to "excuse noncompliance" with Pretrial Order No. 23.[1] In the instant matter, the difficulty in obtaining a signed copy of the Letters of Authority certainly falls under both "accidental delay" and "excusable neglect." Counsel was persistent in their attempts to obtain signed copies of the Letters. Likewise, Ms. Hudnall had submitted documents which she reasonably believed to be sufficient to establish that she had been appointed as the personal representative. Upon finding out that the documents were not sufficient, counsel promptly continued efforts to follow up with Ms. Hudnall. These efforts eventually culminated in obtaining the signed Letters necessary to move forward with substituting a new party. Although there was delay in obtaining the Letters, this delay was purely accidental and was not engaged in by Plaintiff or counsel purposefully for any advantage.

---

[1] *See, e.g., In Re: Bair Hugger Forced Air Warming Devices Products Liability Litigation*, 15-md-2666, Dkt. 1614 at 2; Dkt. 1566 at 5, 7.

3

In its recent Order denying Plaintiffs' Motion to Amend PTO 23, this Court had stated that "plaintiffs who willfully disobey PTO 23" justifiably have their cases dismissed.[2] However, there is no "willful disobedience" of the requirements of PTO 23 in the instant matter. Counsel for Plaintiff did not willfully disobey the requirements of PTO 23, as counsel diligently continued efforts to contact first Ms. Keaton and then Ms. Hudnall to obtain the documents and information necessary to resolve this issue. There was no "willful disobedience" on the part of Ms. Hudnall, as she had submitted documents which she believed were those that established her legal status in relation to the estate and which counsel had requested. And, there was no "willful disobedience" on the part of Plaintiff herself, as she is deceased. Since Plaintiff did not "willfully disobey" the requirements of PTO 23, granting Defendant's motion and dismissing the instant case with prejudice would be a harsh result.

## MOTION FOR LEAVE TO FILE AMENDED MOTION

Plaintiff also respectfully moves this Court for leave to allow for a two-week extension to file a First Amended Motion for Substitution of Party naming Tiffany Hudnall, in her capacity as Administratrix of the Estate of Gwendolyn Folmer, as the proper party. Federal Rule of Civil Procedure 6(b)(1) permits a district court to extend the time for a party to act if failure to comply with a deadline was due to excusable neglect. Excusable neglect is an "elastic concept" that empowers courts to accept, "where appropriate, . . . late

---

[2] *See* Dkt. 1614 at 2.

filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993). The determination of whether neglect is excusable "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Id.* at 395. There are four factors considered by courts: "(1) possibility of prejudice to the opposing party; (2) length of delay and the possible impact of the delay on judicial proceedings; (3) the party's reasons for delay, including whether the delay was within the party's 'reasonable control'; and (4) whether the party acted in good faith." *Chorosevic v. MetLife Choices*, 600 F.3d 934, 946 (8th Cir. 2010).

In the present case, analysis of the four factors considered supports an extension for filing an amended Motion to Substitute Party by Plaintiff in light of the signed Letters of Authority only recently obtained. There is no prejudice to Defendants by granting an extension, as Plaintiff's case is one of several thousand which are part of the Bair Hugger MDL. One case is merely a drop in the bucket in the larger picture of the MDL itself. Plaintiff is cognizant of the fact that it is helpful to the Court to know which cases are "live"—but, now that signed Letters of Authority have been obtained, the instant matter is very much a live case as Ms. Hudnall had been duly appointed as Administratrix by the appropriate probate court back in January 2018. Ms. Hudnall has legal authority to be a proper party to be substituted in this matter.

Regarding length of delay, counsel for Plaintiff now seeks to file the Motion to Substitute Party after obtaining a signed copy of the Letters of Authority. This delay has had no bearing on the eventual resolution or remand of Plaintiff's case—either of which

would be the next checkpoint for all cases with a completed Plaintiff Fact Sheet, such as this case—as it remains pending as part of the MDL. This case is not on a list of cases to be remanded and is not part of any discussions regarding global settlement or any other resolution. It is literally sitting idle, waiting for other developments in the MDL before further action is taken. This extension will also not impact the current Court proceedings, as bellwether trials are still ongoing and remand or resolution of the group of cases which make up the MDL are many months, if not years, away.

Regarding the third factor, the reason for delay is outside of Plaintiff's "reasonable control", as counsel for Plaintiff remained diligent in attempting to obtain the necessary documents. Ms. Hudnall had provided documents which she believed to be sufficient to establish her legal status as representative of the estate. After counsel learned that these documents were not sufficient for the purposes of filing with a Motion to Substitute, they continued efforts to obtain a signed copy.

Lastly, Plaintiff is acting in good faith in that counsel for Plaintiff has been diligent in their efforts to obtain the necessary documents to move forward with filing a motion to substitute party. Counsel for Plaintiff has made a consistent effort to obtain that critical document over the last several months. Further, Ms. Hudnall acted in good faith in that she did provide documents which she reasonably believed to be sufficient to demonstrate her appointment as representative of the estate. Now that signed Letters of Authority have been obtained which show that Tiffany Hudnall was appointed as Administratrix of the Estate, it is appropriate to file a motion to substitute party. There was no intent to delay the proceedings in any manner or prejudice Defendants in any way.

## **CONCLUSION**

For the foregoing reasons, undersigned counsel respectfully requests that Plaintiff's claims not be dismissed with prejudice pursuant to Pretrial Order 23, as Plaintiff can now file a motion to substitute and meet the requirements of the PTO, if the Court grants leave to file such a motion.

Additionally, Plaintiff respectfully moves this Court for leave to allow for a two-week extension to file a First Amended Motion for Substitution of Party naming Tiffany Hudnall, in her capacity as Administratrix of the Estate of Gwendolyn Folmer, as the proper party. A copy of that First Amended Motion for Substitution of Party is attached hereto as Exhibit B.

Dated: December 13, 2018              KENNEDY HODGES, LLP

By: /s/ David W. Hodges
David W. Hodges
dhodges@kennedyhodges.com
Gabriel A. Assaad
gassaad@kennedyhodges.com
4409 Montrose Blvd. Ste 200
Houston, TX 77006
Telephone: (713) 523-0001
Facsimile: (713) 523-1116

ATTORNEYS FOR PLAINTIFF