IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

| | |
|---|---|
| IN RE: BAIR HUGGER FORCED AIR WARMING PRODUCT LIABILITY LITIGATION | MDL No.: 15-md-02666 (JNE/DTS) |
| This Document Relates To: | |
| GWENDOLYN FOLMER, | Civil Action No.: 17-cv-03259 |
| Plaintiff, | |

_____

### DECLARATION OF DONALD C. GREEN II IN SUPPORT OF PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS AND PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED MOTION TO SUBSTITUTE PARTY

I, Donald C. Green II, declare as follows:

1. I am an attorney at Kennedy Hodges, LLP and Counsel for Plaintiff Gwendolyn Folmer in the above-captioned matter.

2. I submit this affidavit in support of Plaintiff's Response to Defendants' Motion to Dismiss for Failure to Comply with Pretrial Order No. 23 [Dkt. 1621] filed on December 6, 2018.

3. Ms. Folmer contacted Kennedy Hodges, LLP in July of 2015 regarding injuries that were allegedly caused by the Bair Hugger patient warming device.

4. Medical records and billing records pertaining to Ms. Folmer's treatment were obtained by Kennedy Hodges through its third-party medical records retrieval

company. Those records indicated that a Bair Hugger device was used during her initial orthopedic surgery.

5. This case was filed on July 24, 2017 to comply with a possible statute of limitations deadline identified by counsel.

6. Numerous efforts were made to contact Ms. Folmer in August 2017. On August 23, 2017, staff at Kennedy Hodges received a phone call from Ms. Folmer's brother, Donald Folmer, who advised that Ms. Folmer had passed away on July 28, 2017.

7. Mr. Folmer subsequently provided counsel with contact information to Faith Keaton, a daughter of Ms. Folmer. Counsel made regular attempts to contact Ms. Keaton beginning in January 2018 but was not able to reach Ms. Keaton until early July 2018.

8. Counsel filed a timely Suggestion of Death pursuant to Pretrial Order No. 23 on April 6, 2018.

9. In early July 2018, counsel was able to reach Ms. Keaton. She stated over the phone that she would agree to serve as representative of the estate.

10. On July 5, 2018, Plaintiff timely filed her Motion for Substitution of Party, naming Faith Keaton as the party to be substituted based on her representations to counsel that she was working to be appointed as representative of the estate.

11. On August 24, 2018, counsel received a call from Tiffany Hudnall, the eldest daughter of Ms. Folmer, stating that she had previously been appointed as

representative of Ms. Folmer's Estate. She stated that she would send in a copy of the necessary probate documents the following week.

12. The probate documents were received from Ms. Hudnall on September 18, 2018. Upon review, these documents consisted of an application for probate and assorted other supporting documents but did not include a Letters of Authority document signed by the judge or containing a case number.

13. Counsel continued efforts to follow up with Tiffany Hudnall through September and October 2018 regarding obtaining signed copies of the Letters of Authority but were ultimately unable to obtain copies from her.

14. In early December 2018, counsel was able to obtain a copy of the Letters of Authority from the Probate Court of Athens County, Ohio. The Letters of Authority were entered on January 10, 2018 and signed by Judge Robert W. Stewart. The matter was assigned case number 20181007. A true and correct copy of the signed Letters of Authority is attached hereto as Exhibit A.

15. As counsel has obtained the signed Letters of Authority naming Tiffany Hudnall as the Administratrix of the Estate of Gwendolyn Folmer, an amended motion to substitute party can now be properly filed.

Pursuant to 28 U.S.C. § 1746(2), I declare under penalty of perjury that the foregoing is true and correct.

December 13, 2018          /s/Donald C. Green II
                           Donald C. Green II

3