

Jerry W. Blackwell
Direct Dial:  612-343-3232
E-Mail: blackwell@blackwellburke.com

**VIA ECF**

December 19, 2018

The Honorable Joan N. Ericksen
District Judge, District of Minnesota
United States District Court
12W U.S. Courthouse
300 South Fourth Street
Minneapolis, MN  55415

RE:   *In re Bair Hugger Forced Air Warming Devices Products Liability Litigation*, MDL 2666

Dear Judge Ericksen:

The Court's order of November 20 directs the parties to submit a proposed briefing schedule on Defendants' forthcoming motion for reconsideration. (Dkt. No. 1608.)  The parties have met and conferred and could not reach agreement.

Defendants propose the following schedule:

    January 10, 2019:    3M's motion for reconsideration
    January 31, 2019:    Plaintiffs' response
    February 14, 2019:   3M's reply

The briefing would be completed in time for the motion to be argued at the February 21, 2019 status conference, or whatever other date the Court may set. To the extent either side discloses an expert report, this schedule permits adequate time for a deposition to be taken.

Plaintiffs' counterproposal would require 3M to disclose all of its arguments and the bases therefore *before* filing its brief. This would be followed by an extended period of fact discovery (apparently including at least one deposition in the UK) and supplemental expert disclosures by both sides, which would then be followed by briefing. 3M believes that this proposal would result in unnecessary delay and unnecessary discovery.

Here is Plaintiffs' counterproposal I reference:

    Jan 18, 2019:    Written discovery regarding 3M's involvement, if any, in the new Reed study and potential depositions of authors and 3M personnel involved

---


The Honorable Joan N. Ericksen
December 19, 2018
Page 2

| | |
|---|---|
| Jan 25, 2019: | Defendant notifies Plaintiffs which, if any, experts it intends to challenge via a new *Daubert* motion |
| Feb 15, 2019: | Plaintiffs' supplemental reports are due |
| Feb 22, 2019 | Defendants' opening brief is due |
| March 15, 2019: | Plaintiffs' responsive briefs are due |

It makes more sense in our view for Plaintiffs to review 3M's brief and then, if they believe fact discovery is necessary, meet-and-confer with 3M and (if the parties do not agree), seek leave from the Court to take targeted discovery. This avoids "discovery in a vacuum" that may only prove to waste the time and resources of the Court and the parties.  It also avoids our other concern which is that Plaintiffs' proposal is meant to achieve the broad reopening, the beginning-again, of general causation discovery and supplementation of general causation expert reports. That is certainly not what 3M envisioned when it sought leave to file a reconsideration motion, and we doubt it is what the Court had in mind when it granted leave.

Finally, Judge Ericksen, I am noticing considerably more invective in various exchanges with Plaintiffs and I am raising the issue in this letter primarily as a vehicle to ask the parties to work together to put a stop to it.  I ended communications with Plaintiffs on this briefing scheduling because after the multiple email exchanges it took to get anything containing actual responsive dates, what I finally did receive came enveloped in off-putting invective ("we hope you are not being purposefully obtuse…").  It's just not helpful. We will be more mindful of our own contributions to any of this going forward, and we ask if Plaintiffs will join us and do the same.


Respectfully submitted,



/s/ Jerry W. Blackwell

cc:   Hon. David. T. Schultz
      Plaintiffs' Counsel of Record