UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

In re: BAIR HUGGER FORCED AIR　　　　MDL No. 15-2666 (JNE/DTS)
WARMING DEVICES PRODUCTS
LIABILITY LITIGATION

　　　　　　　　　　　　　　　　　　　　ORDER

This Document Relates To:
Case Nos.:
　　16-cv-00798 (*Barnes v. 3M Co.*)
　　16-cv-04161 (*Bond v. 3M Co.*)
　　17-cv-01703 (*Ussery v. 3M Co.*)
　　17-cv-03899 (*Pimentel v. 3M Co., et al.*)
　　17-cv-04467 (*Adams v. 3M Co., et al.*)
　　17-cv-04517 (*Henderson v. 3M Co., et al.*)
　　17-cv-04891 (*Edwards v. 3M Co., et al.*)
　　17-cv-05199 (*Spry v. 3M Co., et al.*)
　　17-cv-05200 (*Picuri v. 3M Co., et al.*)
　　17-cv-05202 (*Reed v. 3M Co., et al.*)
　　17-cv-05270 (*Johnston v. 3M Co., et al.*)
　　17-cv-05271 (*Gilmore v. 3M Co., et al.*)
　　17-cv-05277 (*Billings v. 3M Co., et al.*)
　　18-cv-00263 (*Robinson v. 3M Co., et al.*)
　　18-cv-00432 (*Falcetta v. 3M Co.*)
　　18-cv-00670 (*Darwick v. 3M Co.*)
　　18-cv-00674 (*Welch v. 3M Co.*)
　　18-cv-00675 (*Wolf v. 3M Co.*)
　　18-cv-00688 (*Conrad v. 3M Co.*)
　　18-cv-00691 (*Hauser v. 3M Co.*)
　　18-cv-00803 (*Farrell v. 3M Co., et al.*)
　　18-cv-00962 (*Snow v. 3M Co.*)
　　18-cv-00963 (*Wolfe v. 3M Co.*)
　　18-cv-00965 (*Branch v. 3M Co.*)
　　18-cv-01097 (*Ramondo v. 3M Co.*)
　　18-cv-01098 (*Rodliff v. 3M Co.*)
　　18-cv-01099 (*Reid v. 3M Co.*)
　　18-cv-01101 (*Roshell v. 3M Co.*)
　　18-cv-01113 (*Shade v. 3M Co.*)
　　18-cv-01119 (*Scott v. 3M Co.*)
　　18-cv-01122 (*Turnage v. 3M Co.*)
　　18-cv-01123 (*Twichell v. 3M Co.*)
　　18-cv-01124 (*Yost v. 3M Co.*)
　　18-cv-01171 (*Johnson v. 3M Co.*)

18-cv-01416 (*Carter v. 3M Co., et al.*)
18-cv-01505 (*Cerbins v. 3M Co.*)
18-cv-01515 (*Mitchell v. 3M Co.*)
18-cv-01517 (*Custer v. 3M Co.*)
18-cv-01738 (*McClain v. 3M Co., et al.*)

Defendants 3M Company and Arizant Healthcare, Inc. ("Defendants") moved to dismiss the above-captioned member cases in the *Bair Hugger* MDL for failure to comply with Pretrial Order No. 14 ("PTO 14"), MDL ECF No. 117. Defs.' Mot. to Dismiss, MDL ECF No. 1615.

The parties have since stipulated to a dismissal in 18-cv-01738 (*McClain v. 3M Co. et al.*). Defs.' Letter, MDL ECF No. 1649. Defendants also filed a letter withdrawing the motion to dismiss as to the following nineteen cases: 16-cv-04161 (*Bond v. 3M Co.*), 17-cv-04517 (*Henderson v. 3M Co., et al.*), 17-cv-05199 (*Spry v. 3M Co., et al.*), 17-cv-05200 (*Picuri v. 3M Co., et al.*), 17-cv-05202 (*Reed v. 3M Co., et al.*), and 17-cv-05271 (*Gilmore v. 3M Co., et al.*), 18-cv-00432 (*Falcetta v. 3M Co.*), 18-cv-00670 (*Darwick v. 3M Co.*), 18-cv-00675 (*Wolf v. 3M Co.*), 18-cv-00691 (*Hauser v. 3M Co.*), 18-cv-00803 (*Farrell v. 3M Co., et al.*), 18-cv-00963 (*Wolfe v. 3M Co.*), 18-cv-01098 (*Rodliff v. 3M Co.*), 18-cv-01122 (*Turnage v. 3M Co.*), 18-cv-01124 (*Yost v. 3M Co.*), 18-cv-01171 (*Johnson v. 3M Co.*), 18-cv-01416 (*Carter v. 3M Co., et al.*), 18-cv-01505 (*Cerbins v. 3M Co.*), and 18-cv-01515 (*Mitchell v. 3M Co.*). *Id.*

The Court grants Plaintiff Pimentel, 17-cv-03899 (*Pimentel v. 3M Co., et al.*), ninety days from the December 20, 2018 Status Conference to cure noncompliance with PTO 14 by submitting an amended Plaintiff Fact Sheet ("PFS"). If Plaintiff fails to

comply with PTO 14 by March 20, 2018, and Defendants again move to dismiss this case for noncompliance with PTO 14, the Court will grant the motion and dismiss this case with prejudice.

For the following reasons, the Court grants in part and denies in part Defendants' motion.

## BACKGROUND

PTO 14 requires a plaintiff to complete and serve a PFS in lieu of interrogatories. MDL ECF No. 117.  Under PTO 14, plaintiffs must complete and serve a verified PFS within ninety days of the filing of their complaint or short-form complaint, or the transfer of their case to this MDL proceeding, whichever is later.  *Id.* ¶ 2.  The PFS must contain no core deficiencies, as defined in PTO 14.[1]  *Id.* ¶ 4.

PTO 14 affords multiple chances to cure noncompliance and warns plaintiffs that noncompliance may result in dismissal.  Defendants must notify plaintiff's counsel of core deficiencies within four weeks of their receipt of the PFS.  *Id*.  The plaintiff then has three weeks to respond by: (1) curing the alleged deficiencies; (2) disputing the alleged deficiencies; or (3) explaining why the alleged deficiencies cannot be timely cured.  *Id*. ¶ 6.  Defendants may place cases involving core deficiency disputes on the Court's status conference agenda.  *Id*.  If the case appears on the court conference agenda for two

---

[1] Core deficiencies are defined as "a lack of response to all questions in Section I, Section II, and Section III; Section IV, questions 1, 3, 7, 8, 9, 10; Section V, question 5, 6, and 7; Section VI, questions 1, 3, 6, 7, 8, and 9; Section VII, questions 1 and 2; Section VIII, question 2; Section IX, questions 1, 3, and 4; or lack of signed medical authorizations."  *Id*. ¶ 4.

successive court conferences without resolution, Defendants may then move for dismissal for failure to comply with PTO 14.  *Id.* ¶ 8.

Defendants now allege that they have complied with the foregoing requirements, that Plaintiffs' cases have appeared on two successive court conference agendas, and that Plaintiffs have served a PFS with uncured core deficiencies.  Accordingly, Defendants request dismissal for failure to comply with PTO 14.

## LEGAL STANDARD

The Court may dismiss a case when a plaintiff fails to prosecute or comply with a court order.  Fed. R. Civ. P. 41(b).  Such dismissal may be with prejudice "in cases of willful disobedience of a court order or where a litigant exhibits a pattern of intentional delay."  *Hunt v. City of Minneapolis*, 203 F.3d 524, 527 (8th Cir. 2000).  Dismissal for "willful disobedience" does not require a "finding that the [plaintiff] acted in bad faith, but requires 'only that he acted intentionally as opposed to accidentally or involuntarily.'"  *Id.* (citation omitted).  A "pattern of intentional delay" exists where a plaintiff fails to comply with a court order despite multiple opportunities for compliance and the Court's warning that noncompliance may result in dismissal.  *First Gen. Res. Co. v. Elton Leather Corp.*, 958 F.2d 204, 206 (8th Cir. 1992).  PTO 14 affords multiple opportunities for compliance and warns of dismissal, and thus, failure to comply with PTO 14 thus warrants dismissal with prejudice.

## DISCUSSION

Plaintiffs did not oppose Defendants' motion to dismiss in thirteen cases: 16-cv-00798 (*Barnes v. 3M Co.*); 17-cv-01703 (*Ussery v. 3M Co.*); 18-cv-00674 (*Welch v. 3M

*Co.*); 18-cv-00688 (*Conrad v. 3M Co.*); 18-cv-00962 (*Snow v. 3M Co.*), 18-cv-00965 (*Branch v. 3M Co.*), 18-cv-01097 (*Ramondo v. 3M Co.*), 18-cv-01099 (*Reid v. 3M Co.*), 18-cv-01101 (*Roshell v. 3M Co.*), 18-cv-01113 (*Shade v. 3M Co.*), 18-cv-01119 (*Scott v. 3M Co.*), 18-cv-01123 (*Twichell v. 3M Co.*), and 18-cv-01517 (*Custer v. 3M Co.*).  The Court grants Defendants' motion as to these Plaintiffs and dismisses these cases with prejudice for failure to prosecute and failure to comply with PTO 14.  *See* Fed. R. Civ. P. 41(b).

Plaintiff Adams, 17-cv-04467 (*Adams v. 3M Co., et al.*), responded to Defendants' motion, explaining that "Plaintiff's failing health has made locating additional medical records and supplementing the PFS impossible."  Pl.'s Resp., MDL ECF No. 1633.  Plaintiff concluded that she did not have "a basis to oppose the motion."  *Id.*  Accordingly, the Court dismisses this case with prejudice for failure to comply with PTO 14.  *See* Fed. R. Civ. P. 41(b).

The Court denies Defendants' motion as to Plaintiff Robinson, 18-cv-00263 (*Robinson v. 3M Co., et al.*).  Plaintiff filed an amended PFS on the morning of the December 20, 2018 Status Conference and alleges that the PFS cures the deficiencies alleged by Defendants.  The Court asks Defendants to review the PFS.  If Plaintiff has failed to comply with PTO 14 and Defendants again move to dismiss this case for noncompliance with PTO 14, the Court will grant the motion and dismiss this case with prejudice.

Lastly, the Court denies Defendants' motion as to Plaintiffs Edwards, Johnston, and Billings, 17-cv-04891 (*Edwards v. 3M Co., et al.*), 17-cv-05270 (*Johnston v. 3M Co.,*

5

*et al.*), 17-cv-05277 (*Billings v. 3M Co., et al.*). In these cases, Defendants asserted that Plaintiffs had filed improper re-dated photocopies of previously submitted verifications. Defs.' Letter, MDL ECF No. 1563. The Court had given Plaintiffs thirty days to respond to this allegation. Order, MDL ECF No. 1564 at 5. Plaintiffs did not respond. But given that Plaintiffs are now represented by new counsel and Plaintiffs submitted updated verification forms, the Court declines to dismiss these cases at this time. If Plaintiffs have failed to comply with PTO 14 and Defendants again move to dismiss this case for noncompliance with PTO 14, the Court will grant the motion and dismiss these cases with prejudice.

## CONCLUSION

Based on the files, records, and proceedings herein, IT IS ORDERED THAT:

1. Defendants' Seventeenth Motion to Dismiss for Failure to Comply with Pretrial Order No. 14 [ECF No. 1615] is GRANTED IN PART and DENIED IN PART.

2. The following cases are DISMISSED WITH PREJUDICE: 16-cv-00798 (*Barnes v. 3M Co.*); 17-cv-01703 (*Ussery v. 3M Co.*); 18-cv-00674 (*Welch v. 3M Co.*); 18-cv-00688 (*Conrad v. 3M Co.*); 18-cv-00962 (*Snow v. 3M Co.*), 18-cv-00965 (*Branch v. 3M Co.*), 18-cv-01097 (*Ramondo v. 3M Co.*), 18-cv-01099 (*Reid v. 3M Co.*), 18-cv-01101 (*Roshell v. 3M Co.*), 18-cv-01113 (*Shade v. 3M Co.*), 18-cv-01119 (*Scott v. 3M Co.*), 18-cv-01123 (*Twichell v. 3M Co.*), 18-cv-01517 (*Custer v. 3M Co.*), and 17-cv-04467 (*Adams v. 3M Co., et al.*).

Dated: December 21, 2018

 s/ Joan N. Ericksen  
JOAN N. ERICKSEN  
United States District Judge