UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: BAIR HUGGER FORCED AIR WARMING DEVICES PRODUCTS LIABILITY LITIGATION | MDL No. 15-2666 (JNE/DTS) |
| | ORDER |
| This Document Relates To: Case Nos.: | |

      16-cv-3940 (*Ducote v. 3M Co., et al.*)
      17-cv-2166 (*Cole v. 3M Co., et al.*)
      17-cv-2554 (*Ashby v. 3M Co., et al.*)
      17-cv-3159 (*Trewhella v. 3M Co., et al.*)
      17-cv-3629 (*Ciccone v. 3M Co., et al.*)
      17-cv-3850 (*Chapman v. 3M Co., et al.*)
      17-cv-4886 (*Spear v. 3M Co., et al.*)
      17-cv-4893 (*Ward v. 3M Co., et al.*)
      18-cv-1485 (*Jennings v. 3M Co., et al.*)

Defendants 3M Company and Arizant Healthcare, Inc. ("Defendants") move to dismiss the above-captioned member cases in the *Bair Hugger* MDL for failure to comply with Pretrial Order No. 23 ("PTO 23"), MDL ECF No. 1039, and Federal Rule of Civil Procedure 25. Defs.' Mot. to Dismiss, MDL ECF No. 1584. The parties have since stipulated to a dismissal with prejudice in *Ducote v. 3M Co., et al.*, 16-cv-3940. *Ducote* ECF No. 7. Therefore, Defendants seek dismissal with prejudice of the following cases: *Cole v. 3M Co., et al.*, 17-cv-2166; *Ashby v. 3M Co., et al.*, 17-cv-2554; *Trewhella v. 3M Co., et al.*, 17-cv-3159; *Ciccone v 3M Co., et al.*, 17-cv-3629 ; *Chapman v. 3M Co., et al.*, 17-cv-3850; *Spear v. 3M Co., et al.*, 17-cv-4886; *Ward v. 3M Co., et al.*, 17-cv-4893; and *Jennings v. 3M Co., et al.*, 18-cv-1485. *Id.*

      The Court grants in part and denies in part Defendants' motion.

1

## BACKGROUND

Federal Rule of Civil Procedure 25 states that, following the death of a plaintiff, a "motion for substitution may be made by any party or by the decedent's successor or representative." PTO 23 expands on the procedures for substitution. MDL ECF No. 1039. It instructs plaintiffs as to the filing and content of both the motion for substitution and a "suggestion of death." *Id.* It warns that noncompliance with these directives "will entitle Defendants to request a dismissal of plaintiff's action with prejudice in accordance with Fed. R. Civ. P. 25(a)." *Id.*

In relevant part, PTO 23 requires plaintiff's counsel to file a suggestion of death within ninety days of the death of the plaintiff. The suggestion of death must identify "the plaintiff and describe[] the time, date, and circumstances of the plaintiff's death." *Id.* PTO 23 and Rule 25 both then require counsel to move for substitution within ninety days of the filing of the suggestion of death. A motion for substitution must (1) identify the proposed substitute, (2) explain why the proposed substitute is a proper party, and (3) explain why the death of the named plaintiff did not extinguish the claim under the applicable state laws.

Plaintiffs moved to eliminate the ninety-day deadline for filing the suggestion of death, arguing that compliance with PTO 23 is sometimes impossible where a plaintiff relocates or experiences health issues and fails to respond to counsel's communications. Pls.' Mot. to Amend, MDL ECF No. 1517. On December 4, 2018, this Court denied Plaintiffs' motion to amend PTO 23. Order, MDL ECF No. 1614. The Court acknowledged, however, that it "excuses noncompliance with PTO 23 when compliance

is impossible" or where plaintiff provides "detailed diligent and good faith efforts to comply with the deadlines in PTO 23." *Id.* at 1-2.

## LEGAL STANDARD

If a plaintiff fails to comply with PTO 23, the Court may dismiss the case. Fed. R. Civ. P. 41(b). Such dismissal may be with prejudice "in cases of willful disobedience of a court order or where a litigant exhibits a pattern of intentional delay." *Hunt v. City of Minneapolis*, 203 F.3d 524, 527 (8th Cir. 2000). This does not require a "finding that the [plaintiff] acted in bad faith but requires 'only that he acted intentionally as opposed to accidentally or involuntarily.'" *Id.* (citation omitted). The Court excuses noncompliance where Plaintiffs have demonstrated excusable neglect or impossibility to comply with PTO 23's deadline. Order, MDL ECF No. 1566 ("Without evidence of a reasonable and good faith process for ascertaining whether or not a client is alive, the Court cannot find that either excusable neglect or impossibility justify noncompliance with PTO 23.").

## DISCUSSION

The Court denies the motion as to *Chapman v. 3M Co., et al.*, 17-cv-3850. Although Defendants argue that they have attached evidence of Mr. Chapman's death to their motion, Plaintiff has requested additional time to confirm his death. The Court grants Plaintiff's counsel thirty days from the December 20, 2018 Status Conference to provide confirmation that Mr. Chapman is still alive. If Plaintiff's counsel fails to do so and Defendants again move to dismiss this case for noncompliance with PTO 23, the Court will grant the motion and dismiss this case with prejudice.

The Court grants Defendants' motion as to the remaining cases. First, Defendants argue that Plaintiffs Cole, Ashby, and Jennings have not filed a timely suggestion of death in *Cole v. 3M Co., et al.*, 17-cv-2166, *Ashby v. 3M Co., et al.*, 17-cv-2554, and *Jennings v. 3M Co., et al.*, 18-cv-1485. While conducting a search of obituaries, Defendants assert they discovered and notified Plaintiffs' counsel of the deaths of Plaintiffs Cole, Ashby, and Jennings. In *Cole* and *Ashby*, Plaintiffs have not yet filed a suggestion of death and the suggestion of death is late. Defs.' Mot. to Dismiss, MDL ECF No. 1586. In *Jennings*, Plaintiff filed a suggestion of death six months late. *Id.* In each case, Plaintiffs do not oppose Defendants' motion to dismiss. Since Plaintiffs have asserted neither excusable neglect nor impossibility, the Court grants Defendants' motion with respect to Plaintiffs Cole, Ashby, and Jennings and dismisses these cases for failure to file a timely suggestion of death as required by PTO 23.

Second, Defendants argue that Plaintiffs Trewhella, Spear, and Ward failed to move for substitution within ninety days of filing the suggestion of death in *Trewhella v. 3M Co., et al.*, 17-cv-3159, *Spear v. 3M Co., et al.*, 17-cv-4886, and *Ward v. 3M Co., et al.*, 17-cv-4893. Plaintiffs do not oppose Defendants' motion to dismiss. Accordingly, the Court grants Defendants' motion with respect to Plaintiffs Trewhella, Spear, and Ward and dismisses these cases for failure to file a timely motion for substitution as required by PTO 23 and Federal Rule of Civil Procedure 25(a).

Lastly, Defendants argue that Plaintiff Ciccone failed to file a timely motion for substitution in *Ciccone v. 3M Co., et al.*, 17-cv-3629. The Honorable David T. Schultz, United Stated Magistrate Judge, previously granted an extension to Plaintiff, which

required Plaintiff to substitute by October 31, 2018.  Plaintiff failed to do so, and now, Plaintiff's counsel asks the Court for another extension.  Pl.'s Resp., MDL ECF No. 1602.  Plaintiff's counsel asserts that contact letters were sent to Plaintiff's next of kin, but counsel has not yet received a response.  The Court, however, declines to grant Plaintiff another extension.  The Court dismissed *Lister v. 3M Co., et al.*, 17-cv-4336 under similar circumstances.  Order, MDL ECF No. 1566 at 3-4 (dismissing *Lister*); *see also* Pl.'s Resp. MDL ECF No. 1370 (requesting additional time to contact Plaintiff Lister's heirs).  Accordingly, the Court grants Defendants' motion and dismisses this case for failure to file a timely motion for substitution as required by PTO 23 and Federal Rule of Civil Procedure 25(a).

## CONCLUSION

Based on the files, records, and proceedings herein, IT IS ORDERED THAT:

1. Defendants' Fourth Motion to Dismiss for Failure to Comply with Pretrial Order No. 23 and Federal Rule of Civil Procedure 25 [MDL ECF No. 1584] is GRANTED IN PART and DENIED IN PART.

2. The following cases are DISMISSED WITH PREJUDICE: *Cole v. 3M Co., et al.*, 17-cv-2166; *Ashby v. 3M Co., et al.*, 17-cv-2554; *Jennings v. 3M Co., et al.*, 18-cv-1485; *Trewhella v. 3M Co., et al.*, 17-cv-3159; *Spear v. 3M Co., et al.*, 17-cv-4886; *Ward v. 3M Co., et al.*, 17-cv-4893; and *Ciccone v. 3M Co., et al.*, 17-cv-3629.

Dated: December 21, 2018

                                                                s/ Joan N. Ericksen
                                                              JOAN N. ERICKSEN
                                                              United States District Judge