UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: Bair Hugger Forced Air Warming Products Liability Litigation | MDL No. 15-2666 (JNE/DTS) |
| This Document Relates To:<br><br>*Connell*, 16-cv-2351-JNE-DTS<br>*Oeltjen*, 17-cv-3062-JNE-DTS<br>*Folmer*, 17-cv-3259-JNE-DTS<br>*Platine*, 17-cv-3476-JNE-DTS<br>*Crume*, 17-cv-3617-JNE-DTS<br>*Richey*, 17-cv-5323-JNE-DTS | **DEFENDANTS' REPLY IN SUPPORT OF THEIR 5TH MOTION TO DISMISS CASES FOR FAILURE TO COMPLY WITH PRETRIAL ORDER NO. 23 AND/OR FED. R. CIV. P. 25(a) AND 41(b)** |

In their Fifth Motion to Dismiss for Failure to Comply with Pretrial Order 23 and/or Fed. R. Civ, P. 25(a) and 41(b), Defendants moved to dismiss six cases for failure to file timely suggestions of death or motions to substitute. Defendants' motion to dismiss *Platine* has not been opposed. Plaintiffs' counsel have filed oppositions in the five other cases: *Connell, Oeltjen, Folmer, Crume, and Richey*. In each of these matters, counsel for plaintiffs accept that they are not in compliance with Pretrial Order No. 23 and Rule 25(a), and they fail to establish good cause to excuse their noncompliance. All six cases should therefore be dismissed with prejudice.

**ARGUMENT**

**I.  THE MERE POSSIBILITY THAT HEIRS MAY SOMEDAY BE CONTACTED IS NOT ENOUGH TO EXCUSE NONCOMPLIANCE WITH PTO 23 AND RULE 25(a).**

PTO 23 requires that counsel for plaintiffs file a suggestion of death within 90 days of a plaintiff's death, or within 90 days from the date of PTO 23, whichever is later. Furthermore, PTO 23 and Rule 25 "both then require counsel to move for substitution within 90 days of the filing of the suggestion of death. If either of these deadlines are missed, the Court must dismiss the deceased plaintiff's action." ECF No. 1566, Order; *see also* Fed. R. Civ. P. 25(a).

The suggestions of death for plaintiffs Crume and Oeltjen are 8 months overdue. Although counsel for these plaintiffs know that these plaintiffs are deceased, they still have not filed suggestions of death. Counsel for Richey filed a late suggestion of death on July 3, 2018 and got an extension from the Court to November 19, 2018 to file the motion to substitute. In its order, this Court noted that "[C]ounsel [for Richey] must move for substitution within 30 days of the status conference on October 18, 2018. If no motion to substitute is filed, Defendants may move for dismissal with prejudice of Plaintiff Richey, and the Court will grant the motion."). ECF No. 1566, Order at 5. To date, no motion to substitute has been filed and it is now over a month passed the extended deadline.

In their response to Defendants' motion, counsel for Crume, Oeltjen, and Richey admit they have not been able to initiate or maintain contact with the plaintiffs' next of kin. *See*, *e.g.*, *Oeltjen*, Dkt No. 1636 ("Accordingly, counsel has not been able to identify Plaintiff's next of kin or even determine if there are any surviving next of kin, and therefore

2

is unable to determine whether Plaintiff's next of kin wish to move forward with this case."); *Richey*, MDL Dkt. No. 1629 ("Counsel has made numerous efforts to contact Ms. Richey's son Robert Richey since April 2018 to determine how he would like to proceed with the case. While counsel has diligently continued their attempts to contact Plaintiff's only son, those efforts have not been successful to date."); *Crume*, MDL Dkt. No. 1639 ("Counsel made immediate efforts to contact Plaintiff's next of kin using the known contact information for Plaintiff, including the phone number on file and Plaintiff's last known home address, after being informed on his death. However, counsel has not received a response from these efforts in the ten days which have passed since they were informed of Plaintiff's death."). Nonetheless, they argue that they should be granted a 60-day further extension to try to contact plaintiffs' next of kin. They provide no basis for why they believe, after all this time, that the next of kin will be responsive; nor do they have indication that a next of kin would be interested in pursuing the deceased plaintiff's claims.

Under this Court's prior rulings, the possibility of eventually contacting plaintiff's next of kin is insufficient to excuse the failure to comply with PTO 23. *See* ECF No. 1566, Order at 3-4 (dismissing *Lister*, 17-cv-4366 on this basis); *see also* ECF No. 1654, Order at 4-5 ("Plaintiff's counsel asserts that contact letters were sent to Plaintiff's next of kin, but counsel has not yet received a response. The Court, however, declines to grant Plaintiff another extension."). Granting another extension in these cases based on hope of future contact with the heirs, and nothing more, would be inconsistent with the Court's prior orders and send the unfortunate message that the substitution deadline prescribed by

3

PTO23 and Rule 25(a) is not meaningful. For these reasons, *Crume*, *Oeltjen*, and *Richey* should be dismissed with prejudice.

## II. CASES WHERE THE MOTION TO SUBSTITUTE HAS ALREADY BEEN DENIED SHOULD BE DISMISSED WITH PREJUDICE.

The motions to substitute for Folmer and Connell were denied. *Connell*, ECF No. 30; *Folmer*, ECF No. 20. Accordingly, these cases should be dismissed pursuant to PTO 23 and Fed. R. Civ. P. 25(a).

Counsel for Folmer filed a non-compliant motion to substitute on July 5, 2018, indicating that Faith Keaton would be plaintiff's representative. When Folmer's counsel failed to establish that Keaton was the proper party to be substituted, Judge Schultz granted a 45-day extension to initiate probate proceedings and file a compliant motion to substitute. No new motion was filed by the October 1 deadline, and on November 29, Judge Schultz denied plaintiff's motion to substitute.

Folmer's counsel contend that they struggled to maintain contact with Keaton and they learned on August 24, 2018, that another of Ms. Folmer's heirs had gone through probate proceedings (though she was not able to provide any signed order of appointment). These were issues that clearly could have been raised with the Court five months ago, within the 45-day window allowed by Judge Schultz's order. They were not, and Judge Schultz appropriately denied the substitution motion. Folmer's counsel did not file any objection to the denial of her substitution motion, and that order is now final. The case should be dismissed with prejudice for noncompliance with PTO 23 and pursuant to Fed. R. Civ. P. 25(a).

Counsel for plaintiff Connell have filed an objection to the Magistrate Judge's order denying substitution. Defendants address that objection in a separate response. The Court should overrule the objection and dismiss the case.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court dismiss with prejudice all six cases.

Dated: December 21, 2018　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　 /s/ Benjamin W. Hulse
　　　　　　　　　　　　　　　　　　Jerry W. Blackwell (MN #186867)
　　　　　　　　　　　　　　　　　　Benjamin W. Hulse (MN #0390952)
　　　　　　　　　　　　　　　　　　Mary S. Young (MN #0392781)
　　　　　　　　　　　　　　　　　　BLACKWELL BURKE P.A.
　　　　　　　　　　　　　　　　　　431 South Seventh Street, Suite 2500
　　　　　　　　　　　　　　　　　　Minneapolis, MN 55415
　　　　　　　　　　　　　　　　　　Phone: (612) 343-3248
　　　　　　　　　　　　　　　　　　Fax: (612) 343-3205
　　　　　　　　　　　　　　　　　　Email: blackwell@blackwellburke.com
　　　　　　　　　　　　　　　　　　　　　　 bhulse@blackwellburke.com
　　　　　　　　　　　　　　　　　　　　　　 myoung@blackwellburke.com

　　　　　　　　　　　　　　　　　　Bridget M. Ahmann (MN #016611x)
　　　　　　　　　　　　　　　　　　FAEGRE BAKER DANIELS LLP
　　　　　　　　　　　　　　　　　　2200 Wells Fargo Center
　　　　　　　　　　　　　　　　　　90 South Seventh Street
　　　　　　　　　　　　　　　　　　Minneapolis, MN 55402
　　　　　　　　　　　　　　　　　　Phone: (612) 766-7000
　　　　　　　　　　　　　　　　　　Fax: (612) 766-1600
　　　　　　　　　　　　　　　　　　Email: bridget.ahmann@faegrebd.com

　　　　　　　　　　　　　　　　　　**Counsel for Defendants 3M Company and Arizant Healthcare Inc.**