# EXHIBIT 3



4409 Montrose Blvd., Ste. 200
Houston, TX 77006
TEL: 713-523-0001
TOLL FREE: 877-342-2020
FAX: 713-523-1116

HOUSTON | WASHINGTON, DC

November 20, 2018

*Via First Class Mail and Email*
Jerry W. Blackwell
Benjamin W. Hulse
Mary S. Young
BLACKWELL BURKE P.A.
431 South Seventh Street, Suite 2500
Minneapolis, Minnesota 55415

*Via First Class Mail and Email*
Bridget M. Ahmann
M. Joseph Winebrenner
FAEGRE BAKER DANIELS LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, Minnesota 55402

RE:  In re *Bair Hugger Forced Air Warming Devices Products Liability Litigation*
MDL No 15-2666 – *Partlow v. 3M Company et al*, Case No. 16-cv-02144-JNE-DTS

Dear Counsel:

Defendants served discovery responses for the bellwether case of *Partlow v. 3M Company et al.*, 16-cv-02144, on June 8, 2018. In the responses provided for several of those requests, Defendants stated that they would conduct a search of all produced documents and identify the documents which were found that pertain to Plaintiff's requests and provide a supplemental response. These included Plaintiff's Request for Production No. 11[1] and Interrogatory No. 25.[2]

However, in the more than five months since these discovery responses were served, Defendants have not made an attempt to identify these documents or otherwise supplement these responses. Accordingly, Plaintiff requests that Defendants identify any documents which were located during that search by providing Plaintiff with the Bates number and a brief description of how the document relates to Plaintiff's surgery and/or treatment.

Further, Defendants specifically stated that they would review the "custodial documents of the Arizant or 3M sales representative with responsibility for that health care facility" but did not identify those sales representatives assigned to Dale Medical Center—the location where Plaintiff's surgery was performed—during the relevant time period. If a search of the custodial files was part of 3M's protocol, then the identities of the sales representatives must be known by 3M. This information is unquestionably relevant and should be provided to Plaintiff.

---

[1] Plaintiff's Request for Production No. 11 states: "Produce all documents in your possession or control which relate to any health care facility which has ever treated the Plaintiff."
[2] Plaintiff's Interrogatory No. 25 states: "Identify all communications you or your counsel have had with any of Plaintiff's medical providers, including hospitals, doctors, or nurses."



Plaintiff therefore requests that Defendants identify any and all sales representatives who were responsible for providing sales support and service to Dale Medical Center on behalf of 3M or Arizant during the entire time period covered by Plaintiff's discovery requests.

Please provide the information requested above to Plaintiff by Tuesday, November 27, 2018.

Counsel for Plaintiff would also take this opportunity to remind Defendants of the letter of October 24, 2018 sent by MDL Plaintiffs regarding Defendants ongoing duty to supplement discovery responses. As stated in that letter, there have been only a handful of documents produced since December 2017. Undoubtedly many documents have been generated and/or identified in the last year that are responsive to Plaintiffs' discovery requests and which Defendants are obligated to produce.

Please let us know whether you wish to discuss this matter further.

Sincerely,

Gabriel A. Assaad

Cc:
Genevieve Zimmerman
Kyle Farrar