# EXHIBIT 5



4409 Montrose Blvd., Ste. 200
Houston, TX 77006
**TEL:** 713-523-0001
**TOLL FREE:** 877-342-2020
**FAX:** 713-523-1116

November 30, 2018

*Via Email*
Jerry W. Blackwell
Benjamin W. Hulse
Mary S. Young
BLACKWELL BURKE P.A.
431 South Seventh Street, Suite 2500
Minneapolis, Minnesota 55415

*Via Email*
Bridget M. Ahmann
M. Joseph Winebrenner
FAEGRE BAKER DANIELS LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, Minnesota 55402

RE: *In re Bair Hugger Forced Air Warming Devices Products Liability Litigation* MDL No 15-2666 – *Partlow v. 3M Company et al*, Case No. 16-cv-02144-JNE-DTS

Dear Counsel:

Regarding your letter concerning the *Partlow* matter dated November 28, 2018, we would like to clarify that the email from June 7, 2018 was not a "promise" that additional information would be provided or that additional documents would be produced. Rather, the email was intended to confirm that counsel was in the process of following up with Ms. Partlow and working with her in an attempt to address the alleged discovery deficiencies identified in Defendants' letter.

Upon review with Ms. Partlow the specific discovery requests identified in Defendants' letter, we determined that the previous responses were complete and that there was not any additional information or documents responsive to the requests. Therefore, since there was no additional documents or answers, we did not supplement the discovery responses.

The May 24, 2018 letter which originated from Bridget Ahmann's office also requested authorizations. Subsequent email correspondence with Bridget regarding the letter—which originated with the June 7, 2018 email you specifically referenced—focused only on the authorization forms which were required to be signed by Ms. Partlow. These **were sent** to Defendants on June 8, 2018.

There were no further discussions—or even mention—regarding any ongoing deficiencies with the discovery responses provided by Ms. Partlow until you referenced it in your letter, nearly six months after the fact. But again, this is a moot point, as there is nothing to provide to supplement Ms. Partlow's discovery responses.



In contrast, our letter October 24, 2018 reminding Defendants of their continuing obligation to supplement their discovery responses referenced several major developments and events which occurred since Defendants last produced documents in December 2017—nearly one year ago. Please let us know whether it is Defendants' position that there are no responsive documents required by FRCP Rule 26 supplementation or whether it is Defendants' position that documents exist, but they will not be produced.

Please let us know your position by the close of business on December 3, 2018. This letter fulfills our meet and confer obligations. We plan to file a motion to compel to supplement general cause and specific cause discovery as required by FRCP Rule 26, unless Defendants agree to supplement discovery per the rules.

Sincerely,

Gabriel A. Assaad

Cc:
Genevieve Zimmerman
Kyle Farrar