# EXHIBIT 6

 **BLACKWELL BURKE** P.A.

Benjamin W. Hulse
Direct Dial: 612-343-3256
E-Mail: bhulse@blackwellburke.com

November 28, 2018

**Via E-mail**
*(gassaad@kennedyhodges.com)*

Gabriel Assaad
Kennedy Hodges, LLP
711 W. Alabama Street
Houston, TX  77006

Re:   *In re Bair Hugger Forced Air Warming Products Liability Litigation*
      MDL No. 15-2666-JNE-DTS
      *Partlow v. 3M Company – Court File No. 16-cv-02144*

Dear Gabe:

This letter responds to your letter of November 20 and addresses related issues.

Ms. Partlow's Discovery Responses

On May 24, 2018, Defendants sent a discovery deficiency letter to you concerning Ms. Partlow's responses to interrogatories and document requests. On June 7, Donald Green emailed us that you were "currently working with Ms. Partlow to obtain additional information to supplement her discover [sic] responses and to address other possible issues as referenced in your letter from May 24. At this time, we expect to have more information and/or documents to you by the end of the week." We are unable to locate any further response from you, other than on the issue of authorizations, and Ms. Partlow has not served amended discovery responses. If we have somehow missed something, please let us know. Otherwise, we will need the long-overdue supplemental discovery responses and production no later than Dec. 1, given Ms. Partlow's impending deposition.

We will be sending a separate letter today concerning documentation of lost wages and medical expenses.

Defendants' Production and Identity of Sales Representative

With respect to Defendants' production, I draw your attention to the documents 3M has produced in this matter: Production 56 (uploaded July 2, 2018) and Production 69 (uploaded July 18, 2018). In addition, back in February, 3M produced warming unit placement data for Dale Medical Center,

Gabriel Assaad
November 28, 2018
Page 2

as well as blanket sales data for the year before the surgery. As this information and data reflect, Dale Medical is a small hospital and a small buyer of Bair Hugger blankets.

Medical records collected by 3M's counsel for this case have been made available to you through MRC. Beyond these medical records, 3M does not have documents relating specifically to Ms. Partlow's surgery, other than the pleadings and medical records.

3M's sales representative for Dale Medical at the time of Ms. Partlow's surgery in December 2011 was Christopher Howell. Mr. Howell had been an Arizant employee for several years and joined 3M at the time of the acquisition. In connection with this case, we have reviewed the emails of both Mr. Howell and Howell's supervisor, Stefanie Grace. After applying keywords to find documents relating to Dale Medical, 3M used the review protocols and criteria from the general causation discovery phase. Attorney review did not identify any relevant documents beyond some blanket sales data that simply confirms that Dale Medical purchased blankets in the year before Ms. Partlow's surgery. We did not find any communications between Mr. Howell, Ms. Grace, and Dale Medical relating to infection, airflow, filtration, or Augustine's allegations (the four issues you have highlighted in past discovery communications).

Communications with Ms. Partlow's Medical Providers

3M has reached out to Dale Medical and the offices of various providers for Ms. Partlow with varying degrees of success. To date, all communications have been oral and about scheduling. Please let us know by tomorrow whether the Rule 30(b)(6) deposition you noticed for Dec. 4 will proceed, and share any objections from the hospital.

Plaintiffs' October 24, 2018 Letter on "Supplementation"

With respect to Plaintiffs' October 24, 2018 letter, we note that general causation discovery is closed. The Federal Rules do not require the broad reopening of discovery that Plaintiffs apparently have in mind. For example, Rule 26(e)(1)(A) calls for supplementation only where a disclosure or response is incomplete or incorrect "in some *material* respect" and the additional information "has not otherwise been made known" to the other party. What is material to this litigation has been defined by the Court's many rulings on discovery and evidentiary issues. While 3M employees have sent emails and created documents since the close of general causation discovery, 3M is not aware of any way in which its present general-causation production is materially incomplete. Additional relevant studies have been published, but those have been identified through the parties' case-specific expert disclosures. To the best of our knowledge, the RIIiO Pilot Study, specifically mentioned in the October 24 letter, is still underway and no results have been reported. Information about the Pilot Study is also available online.

We also note that Plaintiffs themselves have not served any supplemental responses to 3M's general causation discovery. Moreover, 42 Plaintiffs' firms never answered our general causation interrogatories in the first place, and several firms (including, for example, Langdon & Emison)

BB | BLACKWELL
BURKE P.A.

Gabriel Assaad
November 28, 2018
Page 3

have never provided complete responses.  We suggest that Plaintiffs focus their efforts on bringing themselves into compliance with their own baseline discovery obligations.

Sincerely,

Benjamin W. Hulse
BWH:ck

BB | BLACKWELL
     | BURKE p.a.