1                    UNITED STATES DISTRICT COURT

2                       DISTRICT OF MINNESOTA

3    ------------------------------------------------------------
                                      )
4                                     )
     In Re: Bair Hugger Forced Air    )   File No. 15-MD-2666
5    Warming Devices Products         )   (JNE/FLN)
     Liability Litigation             )
6                                     )   December 20, 2018
                                      )   Minneapolis, Minnesota
7                                     )   Courtroom 12W
                                      )   9:44 a.m.
8                                     )
                                      )
9    ------------------------------------------------------------

10            BEFORE THE HONORABLE JOAN N. ERICKSEN
              UNITED STATES DISTRICT COURT JUDGE
11
              And THE HONORABLE DAVID T. SCHULTZ
12            UNITED STATES MAGISTRATE JUDGE

13                      **(STATUS CONFERENCE)**

14   APPEARANCES

15   FOR THE PLAINTIFFS:
                              MESHBESHER & SPENCE
16                            Genevieve M. Zimmerman
                              1616 Park Avenue
17                            Minneapolis, MN  55404

18                            CIRESI CONLIN
                              Jan Conlin
19                            Michael Sacchet
                              225 South 6th Street
20                            Suite 4600
                              Minneapolis, MN
21
                              KENNEDY HODGES, LLP
22                            Gabriel Assaad
                              David Hodges
23                            4409 Montrose Blvd
                              Suite 200
24                            Houston, TX 77006

25            (Appearances continued on next page:)

```
 1      FOR THE PLAINTIFFS:          KASTER LYNCH FARRAR & BALL, LLP
                                     Kyle Farrar
 2                                   1010 Lamar, Suite 1600
                                     Houston, TX  77002
 3
                                     PRITZKER HAGEMAN, P.A.
 4                                   David J. Szerlag
                                     45 South 7th Street, #2950
 5                                   Minneapolis, MN  55402-1652

 6                                   GOLDENBERG LAW, PLLC
                                     Noah Lauricella
 7                                   800 LaSalle Avenue
                                     Suite 2150
 8                                   Minneapolis, MN  55402

 9      FOR THE PLAINTIFFS APPEARING BY PHONE:

10                                   LEVIN PAPANTONIO
                                     Daniel Nigh
11                                   316 S. Baylen Street
                                     Suite 600
12                                   Pensacola, FL 32502

13                                   MESHBESHER & SPENCE
                                     Holly Sternquist
14                                   1616 Park Avenue
                                     Minneapolis, MN  55404
15
                                     PETERSON & ASSOCIATES, P.C.
16                                   Brian Emerson Tadtman
                                     801 W. 47th Street, Suite 107
17                                   Kansas City, MO  64112

18                                   THE OLINDE FIRM, LLC
                                     Alfred Olinde
19                                   400 Poydras Street
                                     Suite 1980
20                                   New Orleans, LA  70130

21                                   MORGAN & MORGAN, PA
                                     Heather Cullen
22                                   Michael S. Goetz
                                     Joseph T. Waechter
23                                   201 N. Franklin St 7th Floor
                                     Tampa, FL  33602
24

25      (Appearances continued on next page:)
```

```
 1     FOR THE PLAINTIFFS APPEARING BY PHONE:

 2                              RAIZNER SLANIA, LLP
                               Jeffrey Raizner
 3                             Rica Rinosa
                               Erin Stracerner
 4                             Kristen Gorombol
                               2402 Dunlavy Street
 5                             Houston, TX  77006

 6                             LONCAR & ASSOCIATES
                               William Hymes
 7                             John L. Coveney
                               424 S. Cesar Chavez Blvd
 8                             Dallas, TX  75201

 9                             CAPRETZ & ASSOCIATES
                               Don K. Ledgard
10                             5000 Birch St, Suite 2500
                               Newport Beach, ca  92660
11
                               MICHAEL HINGLE & ASSOCIATES
12                             Michael Hingle
                               Heidi Pellagrin
13                             Colleen Euper
                               220 Gause Blvd
14                             Slidell, LA  70005

15                             HOUSSIERE DURANT & HOUSSIERE
                               Randall A. Kauffman
16                             Monica Vaughan
                               Shirley Strom-Blanchard
17                             1990 Post Oak Blvd Suite 800
                               Houston, TX  77056
18
                               DAVIS & CRUMP, PC
19                             Martin D. Crump
                               Robert Cain, Jr.
20                             2601 Fourteenth Street
                               Gulfport, MS 39507
21
                               THE RUTH TEAM
22                             Austin Grinder
                               Steven Ruth
23                             Eric Roslansky
                               842 Ramond Avenue
24                             Suite 200
                               Saint Paul, MN  33733-5157
25
       (Appearances continued on next page:)
```

```
 1     FOR THE PLAINTIFFS APPEARING BY PHONE:

 2                                  LAW OFFICE OF TRAVIS R. WALKER
                                    Travis R. Walker
 3                                  1235 SE Indian Street
                                    Suite 101
 4                                  Stuart, FL  34997

 5                                  ANDREWS & THORNTON
                                    Anne Andrews
 6                                  John Thornton
                                    Lauren Davis
 7                                  2 Corporate Park, Suite 110
                                    Irvine, CA 92606
 8
                                    LORD & ASSOCIATES
 9                                  Priscilla Lord
                                    Melissa Heinlein
10                                  309 Clifton Avenue
                                    Minneapolis, MN 55403
11
                                    MURRAY LAW FIRM
12                                  Caroline W. Thomas
                                    650 Poydras Street
13                                  Suite 2150
                                    New Orleans, LA  70130
14
                                    BROWN & CROUPPEN, PC
15                                  Liz Liberatore
                                    Seth S. Webb
16                                  Meghan Ellis
                                    Abby Cordray
17                                  Vanessa Mixco
                                    211 North Broadway, Suite 1600
18                                  St. Louis, MO  63102

19                                  BEASLEY ALLEN
                                    Matthew Munson
20                                  218 Commerce Street
                                    Montgomery, AL  36104
21
                                    HOLLIS LEGAL SOLUTIONS, PLLC
22                                  Natasha Ingram Hollis
                                    6814 Crumpler Boulevard,
23                                  Suite 101
                                    Olive Branch, MS  38654
24

25     (Appearances continued on next page:)
```

```
 1      FOR THE PLAINTIFFS APPEARING BY PHONE:

 2                                    PARKER WAICHMAN, LLP
                                      Michael S. Werner
 3                                    Justyna Callanan
                                      Nicole Eisner
 4                                    Giselle Grant
                                      59 Maiden Lane
 5                                    6th Floor
                                      New York, NY  10038
 6
                                      LANGDON & EMISON
 7                                    Brett Emison
                                      Rachel Ahmann
 8                                    Tricia Campbell
                                      Lauren Niendick
 9                                    911 Main Street
                                      Lexington, MO  64067
10
                                      LEWIS & CAPLAN
11                                    Rebecca Robinson
                                      3631 Canal Street
12                                    New Orleans, LA  70119

13
                                      THE WEBSTER LAW FIRM
14                                    Chelsie Garza
                                      6200 Savoy Suite 150
15                                    Houston, TX  77036

16                                    MARTIN HARDING & MAZZOTI, LLP
                                      Rosemarie Bogdan
17                                    1222 Troy-Schenectady Road
                                      P.O. Box 15141
18                                    Albany, NY  12212-5141

19                                    BACHUS & SCHANKER, LLC
                                      Allison Brown
20                                    Darin Schanker
                                      J. Kyle Bachus
21                                    Krysta Hand
                                      Kyle Bachus
22                                    Alexandra Franklin
                                      J. Christopher Elliott
23                                    Noelle Collins
                                      1899 Wynkoop Street, Suite 700
24                                    Denver, CO  80202

25      (Appearances continued on next page:)
```

```
1      FOR THE PLAINTIFFS APPEARING BY PHONE:

2                              DEGARIS LAW GROUP, LLC
                               Annesley DeGaris
3                              Wayne Rogers, Jr.
                               3179 Green Valley Road 235
4                              Birmingham, AL  35243

5                              MORRIS LAW FIRM
                               Jim Morris
6                              Shane Greenberg
                               Rochelle Burris
7                              411 W. Alameda Avenue
                               Suite 611
8                              Burbank, CA  91505

9                              THE AHEARNE LAW FIRM, PLLC
                               Allan J. Ahearne
10                             Jessica Pauley
                               Abigail Spurney
11                             24 Main Street
                               Warwick, NY  10990

12

13                             NEAL R. ELLIOTT, JR.
                               P.O. Box 80136
14                             Baton Rouge, LA  70898

15                             HARE WYNN NEWELL & NEWTON
                               Don McKenna
16                             Peggy Little
                               Lynne Reed
17                             Massey Building
                               2025 Third Avenue North
18                             Suite 800
                               Birmingham, AL  35203

19

20                             MCEWEN LAW FIRM, LTD
                               Emily Robinson
                               Gregory N. McEwen
21                             5850 Blackshire Path
                               Inver Grove Heights, MN  55076

22

23                             BERNSTEIN LIEBHARD LLP
                               Morris Dweck
                               Michael Nunez
24                             10 East 40th Street
                               New York, NY  10016

25
       (Appearances continued on next page:)
```

```
 1      FOR THE PLAINTIFFS APPEARING BY PHONE:

 2                              KIRTLAND AND PACKARD LLP
                                Behram V. Parekh
 3                              2041 Rosecreans Avenue
                                Third Floor, Suite 300
 4                              El Segundo, CA  90245

 5                              GROSSMAN & MOORE, PLLC
                                Emily A. DeVuono
 6                              Jennifer Moore
                                Ashton R. Smith
 7                              Elizabeth Coulter
                                Kara Lane
 8                              401 W. Main Street
                                Suite 1810
 9                              Louisville, KY  40202

10                              CARR & CARR ATTORNEYS
                                Patrick E. Carr
11                              4416 S. Harvard Avenue
                                Tulsa, OK  74135
12
                                CHARLES H. JOHNSON LAW
13                              Charles H. Johnson
                                2599 Mississippi Street
14                              New Brighton, MN  55112

15                              RICHARDSON PATRICK WESTBROOK
                                & BRICKMAN, LLC
16                              Dan Haltiwanger
                                Missi Cruz
17                              P.O. Box 1368
                                Barnwell, SC  29812
18
                                COLLING GILBERG WRIGHT & CARTER
19                              Lia Ann Thomas
                                The Florida Firm
20                              801 N. Orange Avenue, Suite 830
                                Orlando, FL  32801
21
                                SHOWARD LAW FIRM PC
22                              Diana Ezra Robles
                                4703 E Camp Lowell Drive
23                              Suite 253
                                Tucson, AZ  85712
24

25      (Appearances continued on next page:)
```

```
 1     FOR THE PLAINTIFFS APPEARING BY PHONE:

 2                                LAW OFFICE OF MICHAEL PATRICK
                                   Michael W. Patrick
 3                                 100 Timberhill Place, Suite 127
                                   PO. Box 16848
 4                                 Chapel Hill, NC  27516

 5                                 BAILEY PEAVY BAILEY COWAN
                                   HECKAMAN, PLLC
 6                                 Justin Jenson
                                   Jennifer Martin
 7                                 K Camp Bailey
                                   Robert Cowan
 8                                 The Lyric Centre
                                   440 Louisiana Street
 9                                 Suite 2100
                                   Houston, TX  77002
10
                                   MCSWEENEY LANGEVIN
11                                 Jonathan Mencel
                                   2116 Second Avenue South
12                                 Minneapolis, MN  55404

13                                 PRITZKER HAGEMAN, P.A.
                                   Wendy Thayer
14                                 45 South 7th Street, #2950
                                   Minneapolis, MN  55402-1652
15
                                   SIDNEY P. COMINSKY, LLC
16                                 Sidney P. Cominsky
                                   Anna Poyurovksy
17                                 1500 State Tower Building
                                   Syracuse, NY  13202
18
                                   HAUSFELD LLP
19                                 Angel Dorsey
                                   Richard S. Lewis
20                                 1700 K St. NW, Suite 650
                                   Washington, DC 20006
21
                                   HURLEY MCKENNA & MERTZ
22                                 Michael Mertz
                                   33 North Dearborn Street
23                                 Suite 1430
                                   Chicago, IL  60602
24

25     (Appearances continued on next page:)
```

```
 1    FOR THE PLAINTIFFS APPEARING BY PHONE:

 2                              BRENT COON & ASSOCIATES
                               Jim A. Morris, Jr.
 3                              Matthew R. Willis
                               Miyoshi Rivers
 4                              215 Orleans Street
                               Beaumont, TX  77701
 5
                               GRAY & WHITE LAW
 6                              Cathy Jones
                               713 E. Market Street
 7                              Suite 200
                               Louisville, KY  40202
 8
                               KERSHAW COOK & TALLEY, PC
 9                              William A. Kershaw
                               401 Watt Avenue, Suite 1
10                              Sacramento, CA  95864

11
      FOR THE DEFENDANTS:       BLACKWELL BURKE P.A.
12                              Jerry Blackwell
                               Ben Hulse
13                              Mary Young
                               Ted Hartman
14                              431 South Seventh Street
                               Suite 2500
15                              Minneapolis, MN  55415

16
      COURT REPORTER:           Maria V. Weinbeck, RMR, FCRR
17                              U.S. Courthouse
                               300 South Fourth Street, #1005
18                              Minneapolis, MN  55415

19

20

21         Proceedings recorded by mechanical stenography;
      transcript produced by computer.
22

23

24                 *      *      *      *      *

25
```

```
 1                   P R O C E E D I N G S

 2                     (9:44 a.m.)

 3             THE COURT:  Good morning.  Please be seated.

 4   Welcome.

 5             Would someone on the phone please say something so

 6   we know that you can hear us?

 7             UNIDENTIFIED SPEAKER:  Good morning, Your Honor.

 8             THE COURT:  Good, thanks.  All right.  Now they're

 9   muted.  I suggest that we start right in marching through

10   the joint agenda.

11             On the bellwethers, might there be some benefit in

12   adding some cases?  I think we're getting down to kind of a

13   skimpy number again, so I suggest that you add at least a

14   couple more.

15             How about a review of the state cases?  Anybody

16   want to do that?

17             MS. ZIMMERMAN:  Good morning, Your Honor.

18   Genevieve Zimmerman.  There are, I think, two, well, so

19   Ramsey County cases are -- have been argued to the Court of

20   Appeals.  I think we'll have a decision by statute sometime

21   before I think like the ninth of February.

22             And then the other two State Court cases, there's

23   one in Hidalgo County, Texas.  That's the Petitta v.

24   Dr. Trey Fulp.  They had an interlocutory appeal about

25   whether or not the orthopedic surgeon could continue to be
```

1    in the case.  The hospital has actually settled out.  The

2    orthopedic surgeon took the case up to the Court of Appeals,

3    tried to reverse the motion to dismiss, lost, and that case

4    is now I think they had a hearing yesterday and they are

5    beginning to proceed with discovery.  So we've been in

6    contact with those attorneys.

7         And then there is this other case in Montana where

8    I don't believe there's much action happening at this point.

9         THE COURT:  And nothing to report from Canada?

10        MS. ZIMMERMAN:  We still haven't heard anything

11   new in Canada.

12        THE COURT:  Okay.

13        MS. ZIMMERMAN:  With respect to the discovery on

14   the two bellwethers that remain.

15        THE COURT:  Right.

16        MS. ZIMMERMAN:  There are two cases, Partlow and

17   Trombley.  Trombley, I believe we have a number of

18   depositions set in the first week of January, and there is a

19   motion pending before Your Honors with respect to a motion

20   for leave to amend, and this is the Ohio issue that has come

21   up on a couple of cases.

22        Partlow is another case, and I believe that that's

23   set for an argument later today on a motion for judgment on

24   the pleadings.  We did have a couple of depositions and a

25   hospital inspection on Monday this week.  Those went

1    forward, and the discovery deadlines are outlined in the

2    joint status report.

3            Fact discovery is set to close on January 11th.

4    Initial expert reports would be January 18th.  Rebuttal

5    reports on February 8th, and then the parties are to inform

6    the Court as to which case should be tried in May by

7    February 15th.  And I think that that is really --

8            THE COURT:  Other than our Rule 23 and Rule 14

9    march through.  Let's do that.

10           MS. ZIMMERMAN:  Okay.

11           MR. HULSE:  Your Honor, if we start with PTO-14,

12   I'd like to introduce our colleague Ted Hartman, who will be

13   taking over that argument today.

14           MR. HARTMAN:  Good morning, Your Honor.  Ted

15   Hartman on behalf of defendants.

16           THE COURT:  So you are.

17           MR. HARTMAN:  So there was a letter submitted on

18   behalf of the defendant yesterday regarding the cases that

19   have been withdrawn from the motion.  That's 19 cases and

20   then there was a case dismissed as well.

21           THE COURT:  Hold on.  Is that McClain?

22           MR. HARTMAN:  McClain was dismissed.  That's

23   correct.

24           THE COURT:  Okay.  And then the 19 that you're no

25   longer moving on are:

1          Bond, Henderson, Spry, Picuri, Reed, Gilmore,

2     Falcetta, Darwick, Wolf, Hauser, Farrell, Wolfe, Rodliff,

3     Turnage, Yost, Johnson, Carter, Cerbins and Mitchell.

4          MR. HARTMAN:  That's correct, Your Honor.

5          THE COURT:  All right.  So that's 19 in that

6     category and then the 19 remaining, correct?

7          MR. HARTMAN:  That's correct.  And then the next

8     category is the cases which no response has been filed.

9     There are 13 cases there from Levin Papantonio we've been in

10    communications with their counsel, and we understand that

11    those are unopposed.

12         And then there is also one case, Robinson from

13    Travis Walker, and there was a late PFS filed late last

14    night which we have reviewed and remains deficient, and so

15    we are still seeking dismissal of that matter, and that

16    should be all 14 of the cases where no response was filed.

17         THE COURT:  All right.  So is that Barnes, Ussery,

18    Welch, Conrad, that list?

19         MR. HARTMAN:  Yes, that is correct.

20         THE COURT:  So Barnes, Ussery, Robinson.  That's

21    the one who said "NA" to height and weight?

22         MR. HARTMAN:  Yes, as well as not providing the

23    dates or addresses for the medical providers, and also we

24    don't have medical records either.

25         THE COURT:  Okay, that has to qualify as a no

1    response, so Robinson is dismissed.

2              Welch, Conrad, Snow, Branch, Ramondo, Reid,

3    Roshell, Shade, Scott, Twichell and Custer are the ones you

4    are talking about?

5              MR. HARTMAN:  That's correct, Your Honor.

6              THE COURT:  Okay, Ms. Zimmerman, anything you want

7    to say about those cases?

8              MS. ZIMMERMAN:  No, Your Honor.

9              THE COURT:  All right.  So they're dismissed.

10             MR. HARTMAN:  Then, Your Honor, we have the five

11   cases remaining where there have been responses filed.  I

12   have two of those cases where the response didn't contest

13   the motion on the merits.  It just recited an inability to

14   communicate with the client.

15             THE COURT:  And would that be Pimentel and Adams?

16             MR. HARTMAN:  That's correct, Your Honor.

17             THE COURT:  So the Pimentel, he's the one who is

18   80, right?

19             MR. HARTMAN:  That's my understanding from the

20   response.

21             THE COURT:  We'll give you another 90 days.  It,

22   looked like he's 80 years old, and the deficiencies were

23   things that should be easily cured, so I know there already

24   was a 90-day extension, but we'll give them another 90 days.

25             MR. HARTMAN:  All right.

1          THE COURT:  Adams is dismissed.

2          MR. HARTMAN:  And then we have the last three

3    cases are all from the Bernstein Liebhard cases.  These were

4    carried over from two months ago when Your Honor gave them

5    30 days to respond to defense's contention that they had

6    whited out dates on prior verifications, and that's the same

7    issue for all three of those cases.  And in response, I

8    believe the -- well, there wasn't a response filed within

9    the 30 days after the motion was brought --

10          THE COURT:  I'm sorry, there was or wasn't?

11          MR. HARTMAN:  There was no response filed within

12   that 30 day period to the contention that these were

13   re-dated.  In responding to the motion to dismiss,

14   plaintiffs said that they had a policy of not re-dating

15   verifications which is at least not a consistent policy

16   based on Your Honor's rulings last two months ago, and said

17   that they were unable to find evidence in the file that

18   would give them knowledge or information as to whether these

19   were whited out.

20          And we had previously after the October status

21   conference, defendants had submitted copies for the Court by

22   a letter of those verifications that we contend are whited

23   out and re-dated.  But if Your Honor would like, we brought

24   copies as well today.

25          THE COURT:  Let's just see, Ms. Zimmerman, did you

1    have any response on this one?

2              MS. ZIMMERMAN:  I don't on these cases, Your

3    Honor, but I have received a message that there is someone

4    on the telephone that is wanting to address at least one of

5    the cases.  I'm not sure which.

6              THE COURT:  And they're unmuted, so whoever that

7    is should have the opportunity to speak up.

8              MS. ZIMMERMAN:  Thank you.

9              MR. WALKER:  Your Honor?

10             THE COURT:  Yes.

11             MR. WALKER:  Hi.  Good morning, Your Honor.  I

12   tried to interject previously.  This is Travis Walker here

13   on behalf of a previously called case Robinson.  I don't

14   know if we would like to address that now or if Your Honor

15   would prefer to finish what you're currently working on and

16   re-address Robinson, but I would like to be heard on

17   Robinson.

18             THE COURT:  Robinson, if I'm remembering, I don't

19   have it in front of me.  Robinson is the one who said "NA"

20   on the height and weight and everything?

21             MR. WALKER:  Yes, Your Honor.  And we just filed a

22   new PFS last night as well as before this hearing this

23   morning with correcting the deficiencies, Your Honor.  So

24   we're respectfully requesting a review of that the newly,

25   both the one filed last night as well as this morning.

1          THE COURT:  Did you file two?  One last night and

2     one this morning?  Or is it just the one?

3          MR. WALKER:  We filed two because the first one

4     that was filed last night did not include dates with it.

5     And we realized that this morning and then we completed it

6     accurately this morning.

7          THE COURT:  All right.  I'll not dismiss that.

8     We'll give the defendants another status conference to take

9     a look at what you just submitted.

10          MR. WALKER:  Thank you, Your Honor.

11          THE COURT:  Thanks -- was it Walker?  Thanks, Mr.

12     Walker.

13          MR. WALKER:  Yes, Your Honor.

14          MR. DWECK:  Your Honor?

15          THE COURT:  Yes?

16          MR. DWECK:  Attorney for plaintiffs Billings,

17     Edwards and --

18          THE COURT:  Johnston.

19          MR. DWECK:  I'm not sure if you wanted me to

20     interdict at this moment, Your Honor, or if there was more

21     to be said in the courtroom?

22          THE COURT:  Just a second.  We really can't hear

23     anything you said.  So would you start again with your name?

24          MR. DWECK:  Sure, Your Honor.  My name is Morris,

25     M-O-R-R-I-S, last name is Dweck, D as in David, W-E-C-K.

1              THE COURT:  Okay.  And you represent?

2              MR. DWECK:  Plaintiffs Billings, Edwards and

3     Johnston.

4              THE COURT:  Okay.  And were you on the line last

5     time when we discussed these cases?

6              MR. DWECK:  I was not, Your Honor.  I believe

7     Mr. Lee was on the line.  He's no longer with the firm, but

8     I mean he did brief me on the issue before he left.  It was

9     my understanding from the conversation with Mr. Lee that,

10    you know, that we should respond to defendants and speak to

11    them about the issue, not that I guess a formal response in

12    the form of a motion should be filed, but we did file a

13    response in response to the defense motion to dismiss.

14             THE COURT:  Mr. Hartman?

15             MR. HARTMAN:  Well, Your Honor, there was a

16    written order issued that clearly stated that there was a

17    response to be filed within 30 days if they contended that

18    these were not reused copies.  And during the hearing, the

19    Court also made clear in October that that was the

20    expectation.

21             And in fact in response to Ms. Zimmerman's

22    suggestion that they could just file new verifications to

23    resolve this, the Court did reject that at the time.  The

24    only reason these cases weren't addressed at that hearing is

25    because the Court didn't have an opportunity to review the

1    verification.

2            So the question about whether or not to cure that,

3    that ship had sailed in October, and the real question here

4    is just whether these were copies.  There's been no

5    substantive response to that contention.

6            THE COURT:  Mr. Dweck, anything?

7            MR. DWECK:  Yes, Your Honor.  So Mr. Lee was in

8    charge of the cases at the time.  So, unfortunately, I don't

9    have, you know, intimate knowledge.  But I did take a look

10   at the letters submitted by defense with all the copies and,

11   you know, while if I look at each one individually, you

12   know, I cannot tell that it's whited out.  And the 397, the

13   three dates on them do appear different.  It doesn't look

14   like one person filled in the dates.

15           You know, I can't say that -- I don't have any,

16   you know, knowledge whether or not someone in the office or

17   plaintiffs did do something to the verifications, but I do

18   know that these three cases multiple verifications were

19   submitted, you know, to cure the PFSs.  And I mean we didn't

20   submit new verifications in order to, you know, try to just

21   say that this issue doesn't matter, but just out of an

22   abundance of caution we thought it would be, you know, wise

23   to submit a new verification to Your Honor showing that the

24   clients were still involved in the case and were still

25   updating their PFSs to cure whatever deficiencies they

1    could.

2              THE COURT:  So there were fresh verifications

3    done?

4              MR. HARTMAN:  You could check with him, but I

5    believe he's referring to the whited out verifications as

6    being submitted.

7              MR. DWECK:  No, that's incorrect.  I'm stating

8    that within the past 30 days there were new verifications

9    submitted on all three of these cases.

10             MR. HARTMAN:  So in the last week or two weeks for

11   one of the cases, Your Honor, they obtained new

12   verifications from their client and said that they cured

13   these instead of responding directly to the allegation that

14   they were whited out.  Defendant's position consistent with

15   the Court's prior ruling and statements in Court was that

16   that was not sufficient, that these were supposed to be

17   cured in October, and that the only question was whether

18   they were cured at that time.

19             THE COURT:  Well, the problem is that that whiting

20   out might have been done by the lawyers not with the firm

21   anymore.  And now if there are actual verifications, I don't

22   want the plaintiffs to suffer as a result of whatever that

23   lawyer might have done.  I doubt very much that the clients

24   did the whiting out.

25             MR. HARTMAN:  And I think that's the probably the

 1    case, Your Honor, if we had to guess why that occurred.

 2              THE COURT:  Right.

 3              MR. HARTMAN:  The concern that the defense has is

 4    because they've made this misrepresentation or been

 5    nontransparent with the Court about this, they've been put

 6    in a better position than other attorneys and plaintiffs who

 7    came to the Court candidly and acknowledged that they hadn't

 8    complied, and their cases were dismissed because they didn't

 9    comply with the order and, you know, this has been --

10              THE COURT:  Right, okay, but I'm going to hold off

11    because of the lawyer problem.  It was one thing when we had

12    the lawyer who -- it was one thing when we had that lawyer,

13    but now we have a fresh lawyer, and we're going to give this

14    fellow, Mr. Dweck, a chance.

15              MR. HARTMAN:  Thank you, Your Honor.

16              THE COURT:  Okay.  So take a look at what was

17    submitted and take whatever action is required.

18              MR. HARTMAN:  Thank you, Your Honor.  And I think

19    that's it for PFSs then.

20              THE COURT:  Mr. Dweck, anything else?

21              MR. DWECK:  No, that's all, Your Honor.  Thank you

22    very much.

23              THE COURT:  Yep.  Okay, I'm putting the mute back

24    on now.

25              MR. HULSE:  PTO23, Your Honor.

1          THE COURT:  I looked down and then when I looked

2     up again, Mr. Hartman was gone, and Mr. Hulse had

3     miraculously taken his place.

4          MR. HULSE:  Quick change.

5          THE COURT:  All right.  I'm ready.

6          MR. HULSE:  This is our fourth PTO23 motion, Your

7     Honor.  It covers nine cases.  One of those cases Ducote,

8     16CV3940, was dismissed by stipulation.  That leaves eight.

9     No opposition was filed as to six of the remaining cases,

10    which I can list if Your Honor would like.

11         THE COURT:  So that would be Cole?

12         MR. HULSE:  Correct.

13         THE COURT:  Dismiss Ashby.

14         MR. HULSE:  Correct.

15         THE COURT:  Dismiss Jennings.

16         MR. HULSE:  Correct.

17         THE COURT:  Dismissed.  Spear?

18         MR. HULSE:  Yes, Your Honor.

19         THE COURT:  Dismissed.  Trewhella dismissed?

20         MR. HULSE:  Yes, Your Honor.

21         THE COURT:  And Ward?

22         MR. HULSE:  That covers it.

23         THE COURT:  Dismissed, okay.  Now Chapman?

24         MR. HULSE:  Yes, Chapman there's an opposition.

25    As we mentioned in our brief, we've been, due to doubts on

1     our part about some firm's compliance with PTO23, we've been

2     conducting our own review of obituaries for the plaintiffs,

3     and this is a case where we found an obituary for the

4     plaintiff, notified plaintiffs' counsel.  Plaintiffs'

5     counsel opposes on the basis that the obituary that we sent

6     is, they say they've been unable to confirm that the client

7     is dead with the client's next of kin.

8          In our reply, we cited yet another obituary that

9     matches on full name, including middle name, date of birth,

10    residence.  Daughter's got a rather unusual name too.  All

11    of this matches the PFS and still no suggestion of death has

12    been filed.  So this case, from our point of view, is

13    clearly far out of compliance with PTO23 and should be

14    dismissed with prejudice.

15          THE COURT:  Ms. Zimmerman?

16          MR. HODGES:  Your Honor, if I may be heard.

17          David Hodges here on behalf of Kenneth Chapman.

18    Your Honor, the only evidence in the record at this point is

19    unauthentic hearsay that the defendant has submitted.  It's

20    true we have not gotten confirmation.  This particular

21    individual has a twin.  It has a somewhat similar first

22    name.  I'm not saying that the twin is dead, but we don't

23    know for sure.  And so in our exercise of due diligence, we

24    have not filed the suggestion of death because we don't have

25    confirmation with the family.

1          There's been no death certificate that's been

2     filed by the defendants.  It's nothing but in their reply

3     they --

4          THE COURT:  All right.  Within 30 days get

5     something from your client saying he's alive or else it will

6     be dismissed.

7          MR. HODGES:  Okay.

8          MR. HULSE:  Your Honor, I would say one more word

9     on that case, but I'll move on if --

10         THE COURT:  No, he's got 30 days to prove he's

11    alive.

12         MR. HULSE:  All right, Your Honor.  Thank you.

13         THE COURT:  What about Ciccone?

14         MR. HULSE:  I'm assuming that it's Ciccone, like

15    Madonna, Your Honor, so.  The one that plaintiffs --

16         THE COURT:  Is that her last name?  Madonna, is

17    that her last name?

18         MR. HULSE:  Madonna Veronica Louise Ciccone.

19         THE COURT:  If you say so.

20         MR. HULSE:  And so, Your Honor, this is a case

21    suggestion of death was filed July 2nd.  The motion to

22    substitute was due September 30th.  The Court granted an

23    extension.  Judge Schultz granted an extension until

24    October 31st to file a motion to substitute.  No motion to

25    substitute has been filed, and plaintiffs' counsel indicates

 1    that efforts to contact the next of kin have been

 2    unsuccessful.  This case is just like the Lister case, which

 3    the Court dismissed with prejudice in its October 26th

 4    order.

 5              THE COURT:  Anybody want to say anything on the

 6    Ciccone case?

 7              MR. HODGES:  Your Honor, I'll just rest on my

 8    papers.

 9              THE COURT:  Okay.  Ciccone is dismissed.

10              MR. HULSE:  Thank you, Your Honor.

11              THE COURT:  Thank you.  Is there anything else

12    before we move to the Partlow motions?

13              MR. BLACKWELL:  Good morning.

14              THE COURT:  Good morning.

15              MR. BLACKWELL:  There is an Axline motion also.

16              THE COURT:  Right, Partlow and Axline.  Do you

17    want to do our Axline first?

18              MR. BLACKWELL:  Certainly, Your Honor.

19              THE COURT:  Sure.

20              MS. ZIMMERMAN:  Your Honor, we're happy to rest on

21    the papers on Axline as well.

22              THE COURT:  Okay.  Axline is going to be dismissed

23    with prejudice.  I do want to get to Partlow.  Mr. Hulse?

24              MR. HULSE:  Good morning, Your Honor.

25              THE COURT:  Good morning.

 1            MR. HULSE:  May I proceed?

 2            THE COURT:  Please.

 3            MR. HULSE:  So, Your Honor, the big issues in this

 4  12C motion are statute of limitations, which applies to the

 5  products liability counts and then the Minnesota Consumer

 6  Protection claims.

 7            So there's no dispute here that the products

 8  liability and unjust enrichment claims in this Complaint are

 9  subject to a two-year statute of limitations and that the

10  warranty claim under Alabama law is subject to a four year

11  statute of limitations.  There's also no dispute that

12  there's no discovery rule in Alabama.  So the only exception

13  that conceivably could then apply is fraudulent concealment

14  to toll the statute of limitations.

15            There was a series of decisions from the Alabama

16  Supreme Court in the early 1980's that have very, very

17  narrowly defined what constitutes fraudulent concealment,

18  And the interesting thing is they are pleading cases.  They

19  are cases where dismissal was based on the pleadings.  And

20  those cases are *Cazalas v. Johns-Manville*, 435 So. 2d.

21            THE COURT:  Just a second.  I just want to make

22  sure that's the case I read.  I think that's a familiar

23  sounding --

24            MR. HULSE:  This is the big case.

25            THE COURT:  Yes, I'm sure it is.  Is that the one

1    where they said that it wasn't concealment of the right to

2    bring a lawsuit?

3                MR. HULSE:  Right.  Exactly, Your Honor.

4                THE COURT:  Yes.

5                MR. HULSE:  Yep.  So it's basically the rule that

6    comes out of *Cazalas*, and then the other case is *Miller v.*

7    *Mobile County Board of Health*, which is actually a medical

8    device case, it's a Dalkon Shield case, is that the

9    plaintiffs do establish fraudulent concealment have to plead

10   and then prove "that the defendants concealed the cause of

11   action or injury and what prevented the plaintiff from

12   discovering the facts surrounding the injury."

13                What they have to show is that the defendant

14   affirmatively prevented the discovery of facts or

15   affirmatively prevented the discovery of the injury.

16                If I could just sort of talk about *Cazalas* for a

17   moment.  So in that case you've got the plaintiffs were a

18   group of shipyard workers, and they've alleged that the

19   manufacturers of asbestos products fraudulently concealed

20   their product liability causes of action because the

21   manufacturers knew about the risks of asbestos but failed to

22   put warnings on the packages, failed to disseminate the

23   warnings, and interestingly also breached a duty to tell the

24   local unions about the dangers of asbestos.  The idea of the

25   local unions would then have disseminated it to the workers.

1           And what the Supreme Court of Alabama said there

2     is those allegations could support a failure to warn theory,

3     but there is simply not fraudulent concealment.  What these

4     allegations don't give rise to is a conclusion that the

5     manufacturers of asbestos actually affirmatively prevented

6     the workers from discovering the dangers of asbestos or

7     somehow duped them into not bringing claims.  So, you know,

8     and I'd say that that's about as tight a restriction as

9     you'll find in case law anywhere on fraudulent concealment.

10          The twin case to that that came out right around

11    the same time is the *Miller v. Mobile County Board of Health*

12    case, 409 So.2d, page 420.  In that case the plaintiff

13    alleged both that her clinic and that the manufacturer of

14    Dalkon Shield had failed to warn her of the risks resulting

15    in a miscarriage.  And that claim was dismissed as time

16    barred and then affirmed by the Supreme Court of Alabama.

17          And in particular, the Supreme Court of Alabama

18    said that the Complaint had failed to allege what prevented

19    Mrs. Miller, that's the plaintiff, from discovering the

20    facts surrounding the injury.  Notably about that case is

21    there's no discussion of there being a special relationship

22    between a medical device manufacturer and a patient, a

23    person who uses the device.

24          One of the things that plaintiffs has contended is

25    that there's a fact issue as to whether there's a sort of a

1    fiduciary relationship between 3M, Arizant and Ms. Partlow.

2    And that's contrary to the *Miller* case.  It also finds no

3    support in Alabama law.

4         The one case they cite to support that special

5    relationship is a case that's based on an Alabama statute

6    that creates a fiduciary-type relationship between a

7    pharmacist and a client.  And they don't cite, and there

8    isn't any kind of statute like that for medical device

9    manufacturers.

10        So really our view here is that the allegations

11    that are in the Master Complaint, which is what the

12    plaintiff is relying on here can support, subject to other

13    arguments we may have, a failure-to-warn type theory, but

14    they simply do not meet the Alabama standard for fraudulent

15    concealment.

16        Another thing that plaintiffs have contends is

17    they say, well, this is an MDL.  We have short form

18    Complaints.  We used a short form Complaint here.  But case

19    law including some very recent case law that we've cited in

20    our reply brief makes very clear that just because you're in

21    an MDL doesn't mean that the requirements of Rule 8 or

22    Rule 9B drop away.  That if you need to for your claim to go

23    forward, you need to plead fraudulent concealment with

24    specificity.  You can't simply say, well, that's not part of

25    the template.  There are extra lines that are left on the

1 short form Complaint.  You can attach a page, but if you're

2 going to plead fraudulent concealment, you have to plead it

3 with specificity under 9B.

4    I'd add too that the plaintiffs here haven't asked

5 for leave to amend.  They haven't sought any amendment, and

6 we know from their PFS that Ms. Partlow had no

7 communications with 3M.  She didn't go to the 3M's website.

8 There's nothing that could possibly factually constitute a

9 fraudulent concealment that could be alleged in an Amended

10 Complaint.

11    So just a word on the Minnesota Unfairness

12 Statute.  The plaintiffs object to the application of

13 Alabama statute of limitations citing Minnesota's unfairness

14 statute, which, in undefined extreme circumstances would

15 allow the substitution of Minnesota's statute of

16 limitations.

17    In *Whitney v. Guys*, the Eighth Circuit case from

18 2012, the Eighth Circuit indicated that the statute should

19 rarely be employed and only except rather in extreme cases.

20 And the Court in that case, the Eighth Circuit in that case

21 found nothing unreasonable about a three-year statute of

22 limitations, and there's nothing in the logic of that

23 decision that would give a basis to conclude that a two or

24 four year statute of limitation as we have here would fall

25 into those extreme cases.

1          The plaintiffs also cite the decision in *Burks*

2     from Judge Tunheim, but in that case, Judge Tunheim

3     ultimately concluded that a one year statute of limitations

4     did not fall within the unfairness statute.  So we think

5     that argument fails as well.

6          That brings us briefly to the Tennessee claims,

7     which are Counts 4 and 9.  Plaintiffs in our meet and confer

8     had agreed to dismiss these claims.  They then changed

9     course in their opposition and asked the Court to construe

10    these claims as claims brought under Alabama's Implied

11    Warranty Law and Alabama's Deceptive Trade Practices Act.

12    That's the way to amend a claim is by a Motion to Amend.  If

13    we are construing Tennessee claims as Alabama claims, then

14    it would really eliminate Rule 15's requirements.

15         We also mentioned that, in any event, these claims

16    would still be time barred under Alabama law and also that

17    Partlow didn't satisfy the pre-suit notice requirement of an

18    Alabama Deceptive Trade Practices Act claim.

19         Finally, onto the Minnesota Consumer Protection

20    claims, the first problem here that we've highlighted is the

21    lack of public benefit.  It's well-established that claims

22    under the MCFA and UTPA and MFSAA must be brought to the

23    private attorney general statute.  They must be for private

24    benefit, and there is an ever growing amount of case law in

25    this district that finds that in cases like this where you

1    have individual claims brought for private damages, personal

2    injury and private damages that that doesn't satisfy the

3    public benefit exception.

4         The MFSAA, the false advertising statute,

5    according to case law in this district, doesn't apply to

6    advertising, that is heard by a non-Minnesota plaintiff or a

7    non-Minnesotan outside Minnesota.  The most recent case

8    standing for that is the *McAteer* decision from July 26,

9    2018, discussed in the briefs.

10        The MDTPA claim, Count 6, is a claim for damages.

11   The MDTPA well-established only allows injunctive relief.

12   No injunctive relief sought in this case.  That claim should

13   be dismissed as well.

14        And, finally, this brings us to the issue of the

15   application of Minnesota's Consumer Protection Statutes to a

16   non-Minnesota plaintiff injured outside Minnesota.  This is

17   an issue that we raised in the Axline case.  The Court noted

18   in denying it that the defendants had not cited case law on

19   this topic.  We were remiss in that, and now we've cited

20   case law.

21        So here there are a series and also ever growing

22   number of cases in this district that have concluded that

23   Minnesota's Consumer Protection Statutes do not apply to

24   non-Minnesotans injured outside Minnesota.  Again, the most

25   recent decision there is is the *McAteer* decision.  There the

1    plaintiff was not a Minnesota resident.  She bought these

2    wipes that she was suing on in California, and the Court

3    found that she lacked standing to bring a claim under

4    Minnesota's Consumer Protection Statutes, even though the

5    defendant was Target, a Minnesota company.

6         And so before that were the *Ferrari v. Best Buy*

7    case, the *Super Valu* data breach MDL, and the *Insulate SB* v.

8    *Advanced Finishing* case, all cited in our briefs, which all

9    stand for this same principle that we've articulated here.

10   Also, there is recognized in the case law including the

11   *Capitol Records* case from this district, quote, "there is a

12   general presumption that Minnesota statutes do not apply

13   extra territorially."

14        So the plaintiff cites two putative class actions

15   that sought certification of nationwide classes.  These

16   cases were *Khoday* and *Kinetic*.  And as we pointed out in the

17   reply brief, in *Khoday*, the defendant didn't even raise the

18   argument over whether the Minnesota statutes apply to

19   non-Minnesotans injured outside Minnesota.  And in *Kinetic*,

20   the Court expressly deferred consideration of that issue to

21   the class certification stage and then there was a

22   settlement before class cert.  And neither one of those

23   cases involve claims for personal injuries.  So I think I've

24   got through it all, Your Honor, and I'll stop there.

25        THE COURT:  All right.  Mr. Assaad.

1               MR. ASSAAD:  Good morning, Your Honor.

2               I'm going to be very brief, Your Honor.  I will

3      address the Minnesota Consumer Protection Statutes.  Defense

4      counsel is correct that many of the courts in this district

5      indicate that in federal court the Minnesota Consumer

6      Protection Statutes do not apply because of Article III

7      standing.  And if the Court does dismiss this case on

8      standing, I'd ask that it dismisses it because it would be

9      considered a 12(b)(1) motion that dismisses this case

10     without prejudice because it's not on the merits.

11              THE COURT:  What about the statute of limitations?

12              MR. ASSAAD:  Statute of limitations.  First, we do

13     dispute, as you saw in my briefing, the choice of law in

14     this case.  We believe that Minnesota law applies.  I went

15     through a -- I detailed the factors, and I could go through

16     them again if the Court would like me to, but the key thing

17     is unlike all of those other cases, every single act that

18     occurred in all of these cases occurred in Minnesota.  And

19     not only that, currently, the actual Bair Hugger machine is

20     not sold.  It is still owned by 3M and Arizant.  It is their

21     machine in Alabama.  They own it.  Everything, every single

22     negligent act all the marketing, all the design, all the

23     packaging, everything is done in Minnesota.

24              So if you look at the predictability issue first,

25     it's predictable that if you own a product, actually own it,

1     that Minnesota law will apply.  And 3M, a Minnesota company,

2     should predict that they would be brought into a Minnesota

3     court and that they be bound by the Minnesota laws for

4     product liability, and Minnesota law for statute of

5     limitations.

6          And there's a case right on point, which is the

7     *Mooney* case which I cited, in which it was an action where

8     it was a case that the Court -- sorry, that the Court

9     concluded that a Minnesota corporation under the choice of

10    law analysis said a Minnesota corporation that sells

11    products and every single act is done in Minnesota, that the

12    Minnesota choice of law would rule that the Minnesota law

13    applies.

14          THE COURT:  Would the case have been timely filed

15    under Minnesota statute of limitations?

16          MR. ASSAAD:  Yes, it would, Your Honor.  Yes, it

17    would, and that's another issue.  We'll get to the

18    fraudulent concealment, but this is not an issue that would

19    need to be decided because either through the Minnesota six

20    year statute of limitations or the fraudulent concealment,

21    the case will survive.

22          And if you look at all of the factors, the

23    maintenance of interstate and international order.  It's

24    neutral simplification of the judicial task is mutual, but

25    the advancement of a forum's governmental interest, Alabama

1    has absolutely no interest in 3M's products, 3M's

2    manufacturing, design or anything.  The interest here is for

3    Minnesota.  Minnesota law should be applied because they

4    have the greatest interest in this case.  This factor

5    definitely favors Minnesota law.  Not only is 3M a Minnesota

6    company, but it also effects its economy, its citizens, 3M's

7    employees.  Alabama has no interest.

8         And if you look at the *Fluck v. Jacobson Machine*

9    *Works* case, which is out of this district in 1999, this was

10   a Colorado resident that was injured by defective seed mixer

11   in Colorado, and this Court held that the Minnesota law

12   applied and the statute of repose in Colorado should not bar

13   plaintiff's private liability claims.

14        It is almost a similar issue, the statute of

15   repose and the statute of limitations.  And this Court said

16   basically that the advancement of the forum governmental's

17   interest, the courts of Minnesota, and the law of Minnesota

18   should apply to a Minnesota company that not only

19   manufactures and designs but in this case actually still

20   owns the product.  If this Court decides that Alabama law

21   applies and the two-year statute of limitations apply,

22   there's fraudulent concealment.

23        And I'm not going to go through all the facts.

24   However, if you look at the *Cazalas* case, I agree with

25   *Cazalas* says if there's a failure to warn, that is not

1    enough for fraudulent concealment.  We have more here.  This

2    is not a case of a failure to warn such as the *Cazalas* case

3    or the other case with asbestos, that we have asbestos.  3M

4    actively went out and made fraudulent representations of

5    their product:

6         Number one, they said the Bair Hugger does not

7    disrupt laminar flow.  That's an issue of fact.

8         Number two, they said that the Bair Hugger doesn't

9    put enough air compared to the air that's coming out of the

10   operating room and has no effect.  That's an issue of fact

11   in this case.  They say that this is safe for orthopedic

12   surgeries.  It's been tested for orthopedic surgeries.  They

13   went out across the country on a marketing campaign, which

14   this Court has seen documents, two million documents which,

15   by the way, all came out of the state of Minnesota.  No

16   documents were produced from the state of Alabama.  All

17   about the war games, you know, all of the marketing they did

18   to doctors, the Dear Doctor letters, their interaction with

19   the FDA.

20        They did something more.  They did not fail to

21   warn.  They went out and said this is not only not

22   dangerous, but it's safe.  And these allegations and these

23   were made to doctors and to hospitals.  That is more in this

24   case.  It's not just a failure to warn.  It is they actually

25   actively went out and promoted the product and said not only

1     is it not dangerous and these things don't happen, but it's

2     actually safe and that is the more.

3            And when it comes to, yes, Ms. Partlow did not

4     have any communications with 3M, but the Alabama Supreme

5     Court has made it very clear that the case law is very clear

6     that an allegation alleging suppression of a material fact,

7     a duty to disclose may be owed to a person with whom one has

8     not had a contractual relationship or other dealings.  And

9     this is the *Wyeth v. Weeks* case, 159 So.3d 649.

10           As defense counsel said, there is a statutory duty

11    for the pharmacy to have a fiduciary duty to the public or

12    to a person by statute.  We have the same thing here, Your

13    Honor.  3M has a federal statutory duty to notify the FDA

14    about any new issues or any warnings or anything that might

15    be relevant to the public.

16           We know back in 2005 that an internal document

17    said that orthopedics, that the Bair Hugger is

18    contraindicated for orthopedic surgery.  They never informed

19    the FDA or the public.  We also know that that same document

20    said increases airborne contamination.  They did not inform

21    the public.  There was a statutory duty.  There's a duty to

22    the doctors and to the health care community for 3M to

23    disclose this material fact.  I'm not saying whether or not

24    it's true or not.  That's an issue of fact for a jury to

25    decide, but it's a fact that's an issue that in light

 1    looking at the facts most favorable to the plaintiff, the

 2    Court has to take those facts as true.  And as a result,

 3    fraudulent concealment is an issue in this case and should

 4    be able to toll the statute of limitations.

 5           Also, Your Honor, I mean I have other issues with

 6    a learned intermediary and how it applies.  I'll rest on my

 7    papers, and I'll also rest on my papers on the other issues

 8    with respect to the public benefit and the damages.

 9           THE COURT:  Okay.  Thank you, Mr. Assaad.  Any

10    response?

11           MR. HULSE:  Unless Your Honor has any questions,

12    no.

13           THE COURT:  I think we've got it.  We'll take it

14    under advisement and issue an order in due course.

15           Ms. Zimmerman, anything else we need to discuss?

16    I understand that you'll be going down and having a party on

17    the ninth floor.

18           MS. ZIMMERMAN:  I was just re-reviewing the

19    agenda.  I think we've completed everything, Your Honor.

20           THE COURT:  Seemed like it.  Thanks very much.

21    Mr. Blackwell?

22           MR. BLACKWELL:  Your Honor, perhaps the only other

23    outstanding thing is simply to scheduling a motion for

24    reconsideration.

25           THE COURT:  Oh, right, right, thank you.  Here's

1     the schedule:

2             3M, January 24th.  Plaintiffs, February 21st.

3     Defendants reply March 14th.

4             MR. BLACKWELL:  Thank you, Your Honor.

5             THE COURT:  There's the schedule.

6             MS. ZIMMERMAN:  Thank you, Your Honor.  And from

7     the plaintiffs' perspective, we've asked I guess to know if

8     the motion is intended to be based on new evidence, and we

9     don't have an answer to that question yet.  But to the

10    extent that it is new evidence, we'd like to know what the

11    new evidence is so that we can address it properly, and I

12    expect that there will likely be a motion to conduct

13    discovery such that plaintiffs can respond to new evidence.

14            THE COURT:  We'll see what happens.  We'll see

15    what they submit.

16            All right.  Thank you very much.  We are in

17    recess.

18            (Court adjourned at 10:34 a.m.)

19                        *      *      *

20                     REPORTER'S CERTIFICATE

21         I, Maria V. Weinbeck, certify that the foregoing is

22    a correct transcript from the record of proceedings in the

23    above-entitled matter.

24         Certified by:  *s/ Maria V. Weinbeck*

25                        Maria V. Weinbeck, RMR-FCRR