

Benjamin W. Hulse
Direct Dial:  612-343-3256
E-Mail: bhulse@blackwellburke.com

January 22, 2019

<u>**VIA ECF**</u>

Magistrate Judge David T. Schultz
United States District Court
9E U.S. Courthouse
300 South Fourth Street
Minneapolis, MN  55415

RE:   *In re Bair Hugger Forced Air Warming Devices Products Liability Litigation*
         MDL No. 15-2666-JNE-DTS

Dear Judge Schultz:

After filing Defendants' Opposition to Plaintiffs' Motion to Compel last Thursday (Dkt. No. 1714), Defendants learned of an additional line of cases supporting denial of Plaintiffs' motion. These cases all support the proposition that the duty to supplement arises under Rule 26(e)(1)(A) only when a party becomes aware that its discovery responses were materially incomplete or incorrect *at the time they were served* (for example, a relevant document that existed at the time of the original document production was mistakenly not produced).

The Rule does not impose a duty to "refresh" or update a document production to address developments that occur after a discovery cutoff previously agreed to by the parties or ordered by the court. *See Adidas Am., Inc. v. TRB Acquisitions LLC*, No. 3:15-CV-2113-SI, 2018 WL 4849312, at *3 (D. Or. Oct. 5, 2018) (rejecting plaintiff's argument that Rule 26(e) required continuing rolling collection and production of documents, noting that Rule 26(e) should not be used to permit "ongoing discovery after the discovery cutoff date"); *Kingsway Fin. Servs., Inc. v. PricewaterhouseCoopers LLP,* No. 03 CIV. 5560 RMB HBP, 2006 WL 1295409, at *2 (S.D.N.Y. May 10, 2006) ("Subsequently created documents do not render a previously served document response incomplete as of the date of the response. . . ."); *Dongah Tire & Rubber Co. v. Glasforms, Inc.*, No. C 06-3359 JF (RS), 2008 WL 4786671, at *2 (N.D. Cal. Oct. 29, 2008) ("The duty to supplement under Rule 26(e)(1) is directed to documents generated during the relevant time frame previously not produced but subsequently discovered.

To say that the duty to supplement covers documents generated after that date would render meaningless any delineated time period for production."); *Hnot v. Willis Group Holdings Ltd.*, No. 01 Civ 6558 (GEL), 2006 WL 2381869, at *5 (S.D.N.Y. Aug. 17, 2006) ("Put differently, a complete and accurate set of computer data for the period ending December 31, 2001 is not

The Honorable David T. Schultz
January 22, 2019
Page 2

rendered incomplete or incorrect for purposes of Rule 26(e) simply by virtue of the fact that defendants also possess data pertaining to the entirely different time period beginning January 1, 2002."); *In re High Fructose Corn Syrup Antitrust Litig.*, Nos. MDL 1087, 95-1477, 2000 WL 33180835, at *2 (C.D. Ill. July 19, 2000) ("The Court is at a loss to understand how Gray can come to this Court and label its Motion as one for 'Supplemental Discovery' and argue that Class Defendants have a duty under Federal Rule of Civil Procedure 26(e) to provide additional or supplemental discovery when Gray stipulated with the Class Defendants over two and one half years ago that the cut-off date for data production was December 31, 1996."); *see also Promotional Mktg. Insights, Inc. v. Affiliated Computer Servs., Inc.,* No. CV 11-2795 (PJS/AJB), 2012 WL 13028115, at *4 (D. Minn. Sept. 19, 2012) (ordering the defendant only to supplement its production to include documents created between the filing of the lawsuit and the original document production, and rejecting plaintiff's "blanket request for supplementation of all responsive documents").

Sincerely,

*s/ Benjamin W. Hulse*

Benjamin W. Hulse

BWH/ck

