## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: Bair Hugger Forced Air Warming Devices Products Liability Litigation<br><br>This Document Relates to:<br>ALL CASES | MDL No. 15-2666 (JNE/DTS)<br><br>**MEMORANDUM IN SUPPORT OF DEFENDANTS' SECOND RULE 37 MOTION TO BAR PLAINTIFFS' GENERAL CAUSATION EXPERT OPINIONS** |

Flouting the Court's September 4, 2018 order, Plaintiffs have once again served the general causation expert report of Dr. Nathan Bushnell and the supplemental expert report of Dr. Yadin David, this time in connection with the *Trombley* bellwether case. *Compare* Hulse Decl. Ex. A, Bushnell Rpt. and Hulse Decl. Ex. B David Supp. Rpt. *with* Dkt. No. 1448 at Ex. H, Excluded Bushnell Rpt. and Dkt. No. 1448 at Ex. G, Excluded David. Supp. Rpt. In its September 4 order, the Court affirmed Judge Schultz's order striking these same reports, finding that they violated the Court's scheduling orders. Dkt. No. 1580, Order. Judge Schultz clearly warned Plaintiffs that merely putting a new case caption on the same reports would not cure their defects. Hulse Decl. Ex. C, 9/6/18 Mot. Hr'g Tr. at 34:3-8. Yet that is exactly what they have now done in *Trombley*. Plaintiffs have failed to offer any justification for violating the Court's order and have refused to rescind the reports.

The Court's prior order was unambiguous, and expressly applied to all cases in the MDL, including *Trombley*. Dkt. No. 1522, Order at 5. Yet, Plaintiffs now are requiring both the Court and Defendants to waste time re-litigating this issue again. Defendants therefore respectfully request that the Court strike these reports pursuant to Rules

16(f)(1)(C) and 37(b)(2)(a)(ii) for all cases in the MDL, and order Plaintiffs to reimburse Defendants' fees and costs incurred in bringing this motion.

## **ARGUMENT**

### **I. THE COURT SHOULD AGAIN STRIKE PLAINTIFFS' BELATED AND IMPROPER GENERAL CAUSATION REPORTS.**

In its prior order, the Court concluded that Dr. Bushnell's report was an improper sur-rebuttal report, in violation of the Court's scheduling orders prohibiting sur-rebuttals: "Because Dr. Bushnell's report responds to Defendants' rebuttal report, the magistrate judge correctly concluded that it is a sur-rebuttal." Dkt. No. 1580 at 6. The Court also barred David's supplemental report, because it was a general causation report that should have been served within the Court's deadline; the Court recognized that "this proposed course of action [to disclose new alternative designs in each case] would undermine the efficiency of the MDL and the purpose behind bifurcating discovery." *Id.* at 4. The Court rejected Plaintiffs' contention that its rulings in the *Gareis* bellwether case justified David's supplemental report: "Dr. David's alternative designs and the laws placing the burden on plaintiffs to establish the existence of a feasible alternative design existed at the time of Dr. David's initial report. Rule 26 provides no safe harbor for a party's lack of diligence." (*Id.* (internal citations omitted).)

In response to Defendants' inquiry, Plaintiffs have refused to explain their violation of the Court's prior order. Hulse Decl. Ex. D, 1/29/19 Email to Pls.' Counsel. Defendants can therefore only speculate as to the reason. There can be no doubt, however, that the Court's prior order applied to all cases in the MDL, including *Trombley*. Defendants'

2

motion was filed on the MDL docket and sought exclusion of the newly disclosed opinions "in any motion, hearing, or trial." Dkt. No. 1436 at 1, 16. In an order filed in the MDL and captioned as relating to "ALL CASES," Judge Schultz granted the motion and barred Plaintiffs from introducing these opinions "at trial or at any hearing." Dkt. No. 1522, Order at 5. The Court's order affirming the magistrate judge's order was likewise filed in the MDL and captioned: "This document relates to all cases." Dkt. No. 1580. The Court held it was not inappropriate to "limit[ ] *each* plaintiff to expert testimony that was disclosed during the general causation phase" because "the Court already allowed Plaintiffs an opportunity to conduct discovery as to reasonable alternative designs. And Plaintiffs took advantage of this opportunity." *Id.* at 4 (emphasis added). The Court also confirmed that the exclusion was not dependent on "looming deadlines" in the *Axline* case. *Id.* at 5.

Plaintiffs themselves repeatedly emphasized that the opinions offered in the reports were not case-specific, and made clear that Plaintiffs intended to rely on the belated opinions in future cases. *See, e.g.*, Dkt. No. 1452 at 12 n.18 ("Plaintiffs expressly reserve the right to call Dr. Bushnell at trial to impeach Dr. Abraham's testimony in Axline, *or at any other trial where Dr. Abraham may be called in the future*" (emphasis added)). Plaintiffs also (correctly) acknowledged the scope of the exclusion in their objection to Judge Schultz's order: "Defendants' motion to bar Plaintiffs' experts' reports and testimony was in essence a request that this Court . . . limit[] each plaintiff to only that expert testimony disclosed during the initial general causation phase. . ." Dkt. No. 1544 at 5.

3

Plaintiffs cannot argue that they misunderstood the scope of the Court's order. The language of the order is not difficult to understand. Moreover, Judge Schultz specifically warned Plaintiffs against doing what they have now done – attempting to transmute improper, belated general causation opinions into bellwether-case-specific reports simply by adding a case name to the caption.

> **Ms. Zimmerman:** So if we had changed the caption, if we had changed the caption and instead of saying for Dr. Bushnell, say that this is Axline specific, and say that he's going to offer the following as impeachment if he's called during Axline, would that be permitted?
>
> **The Court:** No, that wouldn't change it.

Hulse Decl. Ex. C at 34:3-8.

## II. THE COURT SHOULD SANCTION PLAINTIFFS AND AWARD DEFENDANTS' FEES INCURRED IN BRINGING THIS MOTION.

Defendants do not seek monetary sanctions lightly and have never sought them against Plaintiffs before in this MDL. In this case, they are warranted. Plaintiffs have ignored the Court's prior order. Their noncompliance with the Court's prior order lacks any justification, much less the "substantial justification" required to avoid sanctions for noncompliance under Fed. R. Civ. P. 16(f)(2). In its prior order, the Court concluded that allowing the improper Bushnell and David reports "would undermine the the efficiency of the MDL and the purpose behind bifurcating discovery." Dkt. No. 1580, Order at 4. Forcing Defendants to move to strike the same reports again and again in each bellwether case only further undermines the efficiency of the MDL, and wastes the Court's time.

Plainly, an order excluding these reports is not sufficient to deter the Plaintiffs from doing the same thing in future bellwethers. Where, as here, more is needed to ensure

4

compliance, courts routinely require reimbursement of fees and costs as a sanction. *See, e.g.*, *Schubert*, 459 F. App'x at 575 (8th Cir. 2012) (affirming award of $53,255.55 of fees and costs for conduct district court described as "violations of multiple orders, a pattern of conduct demonstrating willfulness, and prejudice to Defendants"); *Aly v. Hanzada for Imp. & Exp. Co., Ltd.*, No. 12-CV-6069-SJ-DGK, 2015 WL 12833353, at *3 (W.D. Mo. Dec. 30, 2015) (imposing a fine to deter future misconduct where defendant willfully flouted the court's discovery orders); *ADS Holdings, Inc. v. Fed. Ins. Co.*, No. 06-3715 (ADM/AJB), 2008 WL 2781157, at *1 (D. Minn. Mar. 28, 2008) (awarding reasonable fees and costs for failure to comply with the Court's preservation order); *Int'l Bhd. of Elec. Workers, AFL-CIO, Local Union No. 1 v. ACME Elec. Co.*, 652 F. Supp. 182, 185 (E.D. Mo. 1986) (award of attorney's fees "exceptionally appropriate" where attorney's misconduct forced plaintiffs to expend additional time and resources.)

## **CONCLUSION**

As it did in its prior order, the Court should again strike the improper reports of Dr. Bushnell and Dr. David and bar their opinions in any hearing or trial. Pursuant to Rule 16(f)(2), Defendants request that the Court also impose sanctions, and award Defendants their costs and fees incurred in connection with this motion.

Dated: February 1, 2019

Respectfully submitted,

*s/Benjamin W. Hulse*
Jerry W. Blackwell (MN #186867)
Benjamin W. Hulse (MN #0390952)
Mary S. Young (MN #0392781)
BLACKWELL BURKE P.A.
431 South Seventh Street, Suite 2500
Minneapolis, MN 55415
Phone: (612) 343-3200
Fax: (612) 343-3205
Email: blackwell@blackwellburke.com
       bhulse@blackwellburke.com
       myoung@blackwellburke.com

Bridget M. Ahmann (MN #016611x)
FAEGRE BAKER DANIELS LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
Phone: (612) 766-7000
Email: bridget.ahmann@faegrebd.com

Lyn Peeples Pruitt
MITCHELL WILLIAMS SELIG
  GATES & WOODYARD
425 West Capitol Avenue, Suite 1800
Little Rock, AR 72201-3525
Phone: (501) 688-8869
Fax: (501) 688-8807
Email: lpruitt@mwlaw.com

**Counsel for Defendants 3M Company and Arizant Healthcare Inc.**