# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: Bair Hugger Forced Air Warming Products Liability Litigation | MDL No. 15-2666 (JNE/DTS) |
| This Document Relates To: *Rhoton, et al.*, 15-cv-4360-JNE-DTS<br>*Heil*, 16-cv-1930-JNE-DTS<br>*Taylor*, 17-cv-0199-JNE-DTS<br>*Hylas*, 17-cv-0967-JNE-DTS<br>*Bucci*, 17-cv-1073-JNE-DTS<br>*Payton*, 17-cv-1222-JNE-DTS<br>*Prilo*, 17-cv-1249-JNE-DTS<br>*McKinney, et al.*, 17-cv-1503-JNE-DTS<br>*Caruso*, 17-cv-1985-JNE-DTS<br>*Hayes, et al.*, 17-cv-2572-JNE-DTS<br>*Luttrell*, 17-cv-2992-JNE-DTS<br>*Benson*, 17-cv-3304-JNE-DTS<br>*Barker*, 17-cv-3806-JNE-DTS<br>*Chapman*, 17-cv-3850-JNE-DTS<br>*Renfroe*, 17-cv-3914-JNE-DTS<br>*Ray*, 17-cv-4214-JNE-DTS<br>*Burch*, 17-cv-4288-JNE-DTS<br>*Capone*, 17-cv-5274-JNE-DTS<br>*Kappmeyer*, 18-cv-00515-JNE-DTS<br>*Syler*, 18-cv-0525-JNE-DTS<br>*Dollard*, 18-cv-0776-JNE-DTS<br>*Beard et al.*, 18-cv-0833-JNE-DTS<br>*Gohl*, 18-cv-1571-JNE-DTS<br>*Sahr*, 18-cv-1712-JNE-DTS<br>*Hiser*, 18-cv-2289-JNE-DTS | **MEMORANDUM IN SUPPORT OF DEFENDANTS' SIXTH MOTION TO DISMISS FOR FAILURE TO COMPLY WITH PRETRIAL ORDER NO. 23 AND/OR FED. R. CIV. P. 25(a) AND 41(b)** |

Pursuant to Pretrial Order No. 23 ("PTO 23") and Fed. R. Civ. P. 25(a) and 41(b) Defendants 3M Company and Arizant Healthcare Inc. (together, "Defendants") move to dismiss the following cases with prejudice:

| Case Number | Title | Firm Name |
| --- | --- | --- |
| 15-cv-4360-JNE-DTS | *Rhoton et al. v. 3M Co., et al.* | Pittman, Dutton & Hellums, P.C |
| 16-cv-1930-JNE-DTS | *Heil v. 3M Co., et al.* | Kirtland and Packard LLP |
| 17-cv-0199-JNE-DTS | *Taylor v. 3M Co., et al.* | Bernstein Liebhard LLP |
| 17-cv-0967-JNE-DTS | *Hylas v. 3M Co., et al.* | Bailey Peavy Bailey Cowan Heckaman, PLLC |
| 17-cv-1073-JNE-DTS | *Bucci v. 3M Co., et al.* | Schlichter Bogard & Denton, LLP |
| 17-cv-1222-JNE-DTS | *Payton v. 3M Co., et al.* | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA |
| 17-cv-1249-JNE-DTS | *Prilo v. 3M Co., et al.* | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA |
| 17-cv-1503-JNE-DTS | *McKinney et al. v. 3M Co., et al.* | Brown and Crouppen, P.C. |
| 17-cv-1985-JNE-DTS | *Caruso v. 3M Co., et al.* | Kennedy Hodges, LLP |
| 17-cv-2572-JNE-DTS | *Hayes et al. v. 3M Co., et al.* | Brown & Crouppen, P.C. |
| 17-cv-2992-JNE-DTS | *Luttrell v. 3M Co., et al.* | Kennedy Hodges, LLP |
| 17-cv-3304-JNE-DTS | *Benson v. 3M Co., et al.* | Brown & Crouppen, P.C. |
| 17-cv-3806-JNE-DTS | *Barker v. 3M Co., et al.* | Kennedy Hodges, LLP |
| 17-cv-3850-JNE-DTS | *Chapman v. 3M Co., et al.* | Kennedy Hodges, LLP |
| 17-cv-3914-JNE-DTS | *Renfroe v. 3M Co., et al.* | Kennedy Hodges, LLP |
| 17-cv-4214-JNE-DTS | *Ray v. 3M Co., et al.* | Kennedy Hodges, LLP |
| 17-cv-4288-JNE-DTS | *Burch v. 3M Co., et al.* | Loncar & Associates |
| 17-cv-5274-JNE-DTS | *Capone v. 3M Co., et al.* | Bernstein Liebhard LLP |
| 18-cv-0515-JNE-DTS | *Kappmeyer v. 3M Co., et al.* | Kirtland and Packard LLP |
| 18-cv-0525-JNE-DTS | *Syler v. 3M Co., et al.* | Kennedy Hodges, LLP |
| 18-cv-0776-JNE-DTS | *Dollard v. 3M Co., et al.* | Justinian & Associates PLLC |

| 18-cv-0833-JNE-DTS | *Beard et al. v. 3M Co., et al.* | Brown & Crouppen, P.C. |
| 18-cv-1571-JNE-DTS | *Gohl v. 3M Co., et al.* | Jones Ward PLC |
| 18-cv-1712-JNE-DTS | *Sahr v. 3M Co., et al.* | Kennedy Hodges, LLP |
| 18-cv-2289-JNE-DTS | *Hiser v. 3M Co., et al.* | Kennedy Hodges, LLP |

Plaintiffs in these cases failed to comply with the deadlines established by PTO 23 and failed to prosecute their claims under Federal Rule of Civil Procedure 41(b). Plaintiff in *Hiser* failed to meet the deadline to substitute a deceased plaintiff, as required by PTO 23(B) and Fed. R. Civ. P. 25(a). Plaintiffs in the remaining cases failed to comply with the suggestion-of-death deadline established by PTO 23(A). In *Hayes* and *Rhoton*, the loss-of-consortium claim can stand independently of the main plaintiff's claims under state law; therefore the primary plaintiff should be dismissed and the spouse's claim may continue. The other cases should be dismissed with prejudice in their entirety.

## ARGUMENT

PTO 23 sets out the necessary course of action for cases in which plaintiffs die while their actions are pending in the MDL. First, PTO 23 requires counsel for a deceased plaintiff to file a suggestion of death within 90 days of either the entry of PTO 23 or the death of the plaintiff, whichever is later. Both Rule 25 and PTO 23 then require counsel for the deceased plaintiff to move for substitution within 90 days of filing the suggestion of death. ECF No. 1614, Order Denying Pls' Mot. to Am. PTO 23, at 1. In addition, Fed. R. Civ. P. 41(b) provides for dismissal of cases where "plaintiff fails to prosecute or to comply with these rules or a court order." ECF No. 1566, Order at 3. The Court has dismissed cases with prejudice when plaintiffs have failed to comply with PTO 23 deadlines without

3

a valid excuse. *See, e.g.,* ECF No. 1440, Order at 3 ("The Court therefore dismisses this action with prejudice for failure to comply with PTO 23 and for failure to prosecute under Rule 41(b)."); ECF No. 1566, Order at 7 ("Without evidence of a reasonable and good faith process for ascertaining whether or not a client is alive, the Court cannot find that either excusable neglect or impossibility justify noncompliance with PTO 23.").

Nonetheless, Plaintiffs continue to miss deadlines set by PTO 23, even though the Court has repeatedly made clear that Plaintiffs' counsel are obligated to keep in regular contact with their clients to keep them apprised of the litigation and verify their continued capacity to litigate. The Court has also underscored that the deadlines in PTO 23 fulfill the vital function of ensuring that the MDL includes only viable cases: "This [PTO 23] process prevents deceased plaintiffs from populating and inflating the MDL docket and allows the Court and Defendants to know the true size of the MDL. This ultimately prevents court congestion and undue delay in resolving the MDL. These benefits justify dismissing plaintiffs who willfully disobey PTO 23." ECF No. 1614, Order Denying Plaintiffs' Motion to Amend PTO 23, at 2.

## I. CASE WHERE A PROPOSED SUBSTITUTE PLAINTIFF FAILED TO FILE A TIMELY MOTION FOR SUBSTITUTION: *HISER*.

In *Hiser*, No. 18-cv-2289, a suggestion of death was filed on November 1, 2018, but a motion to substitute was not filed by January 30, 2019, as required by PTO 23(b) and Fed. R. Civ. P. 25(a). Rule 25(a) provides that if a timely substitution motion is not made, the action "must be dismissed." This court has previously dismissed cases where a timely

motion to substitute did not follow the suggestion of death. *See* Order, MDL ECF No. 1566 at 3-4 ("The Court grants this motion and dismisses Plaintiff Lister with prejudice for failure to move for substitution within 90 days of filing the suggestion of death, as required under PTO 23 and Rule 25(a)")."

## II.     CASES WHERE A TIMELY SUGGESTION OF DEATH WAS NOT FILED.

In the 24 cases below, a suggestion of death was not filed within the deadline prescribed by PTO 23(A). For most of these cases, Defendants discovered that the plaintiffs are deceased by conducting an independent online search of obituaries. Defendants learned of plaintiff Brenda Gohl's death through her plaintiff fact sheet, which stated that she died on October 9, 2018.  Several plaintiffs filed suggestions of death weeks or months after they were due.

PTO 23 was supposed to relieve Defendants of the burden of searching obituaries and death records for deceased plaintiffs. *See e.g.*, *Connell*, ECF No. 30, Order ("a defendant facing thousands of similar lawsuits is prejudiced by not knowing which suits against it are "live" actions, even if any single suit is a drop in the bucket."). However, Defendants continue to expend significant time and resources to find deceased plaintiffs online, because Plaintiffs fail to keep in regular contact with their clients or search obituary records themselves.

| Plaintiff(s) | Case Number | Date of Death | Suggestion of Death Due/Filed | Comments |
|---|---|---|---|---|
| Rhoton, James and Sarah | 15-cv-4360 | 8/21/2018 Exhibit A | Due 11/19/2018 | None filed. |

| | | | | |
|---|---|---|---|---|
| Heil, Jean Betty | 16-cv-1930 | 7/3/2018 Exhibit B | Due 10/1/2018 | None filed. |
| Taylor, Patricia | 17-cv-0199 | 12/31/2017 Exhibit C | Due 4/9/2018. | None filed. |
| Hylas, Mark (OBO Maureen) | 17-cv-0967 | Mark Hylas died on 1/15/2018 Exhibit D | Due 4/15/2018 | None filed. |
| Bucci, Louis James | 17-cv-1073 | 8/15/2018 Exhibit E | Due 11/13/2018 | None filed. |
| Payton, Ruby | 17-cv-1222 | 2/5/2018 Exhibit F | Due 5/6/2018 | None filed. |
| Prilo, Leon | 17-cv-1249 | 2/20/2018 Exhibit G | Due 5/21/2018 | None filed. |
| McKinney, Jack & Arlene | 17-cv-1503 | 8/28/2018 Exhibit H | Due 11/26/2018 | None filed. |
| Caruso, Frank | 17-cv-1985 | 9/17/2018 Exhibit I | Due 12/16/2018 | None filed. |
| Hayes, Linda and Myron | 17-cv-2572 | 2/20/2018 | Due 5/21/2018 Filed 1/7/2019 | Over 7 months late. |
| Luttrell, Ricky | 17-cv-2992 | 4/10/2018 Exhibit J | Due 7/9/2018 | None filed. |
| Benson, Linda | 17-cv-3304 | 3/18/2018 | Due 6/16/2018 Filed 1/23/2019 | Over 7 months late. |
| Barker, Dennis | 17-cv-3806 | 9/14/2018 Exhibit K | Due 12/13/2018 | None filed. |
| Chapman, Kenneth | 17-cv-3850 | 5/13/2018 Exhibit L | Due 8/11/2018 | None filed. |
| Renfroe, Gayleen | 17-cv-3914 | 8/28/2018 Exhibit M | Due 11/26/2018 | None filed. |
| Ray, Tina | 17-cv-4214 | 3/7/2018 Exhibit N | Due 6/5/2018 | None filed. |
| Burch, Rena "Fern" | 17-cv-4288 | 5/14/2018 Exhibit O | Due 8/12/2018 | None filed. |
| Capone, Helen | 17-cv-5274 | 7/21/2018 Exhibit P | Due 10/19/2018 | None filed. |
| Kappmeyer, Mark | 18-cv-0515 | 11/2/2018 Exhibit Q | Due 1/31/2019 | None filed. |
| Syler, Jerry | 18-cv-0525 | 4/25/2018 | Due 7/24/2018 | None filed. |

|  |  |  |  |  |
|---|---|---|---|---|
|  |  | Exhibit R |  |  |
| Dollard, Brenda L. | 18-cv-0776 | 8/15/2018 | Due 11/13/2018 Filed 12/10/2018 | Nearly 1 month late. |
| Beard, Karen and John | 18-cv-0833 | 7/31/2018 Exhibit S | Due 10/29/2018 | None filed. |
| Gohl, Brenda | 18-cv-1571 | 10/9/2018 Exhibit T | Due 1/7/2019 Filed 2/6/2019 | 1 month late. |
| Sahr, Daryl | 18-cv-1712 | 4/20/2018 | Due 7/19/2018 Filed 12/4/2018 | Over 4 months late. |

In the course of the parties' meet-and-confer communications, Plaintiffs' counsel have not demonstrated that compliance with PTO 23's suggestion of death requirement was impossible or was the result of excusable neglect in any of these cases.

This Court has previously dismissed cases with prejudice where Plaintiffs failed to demonstrate excusable neglect or impossibility preventing them from complying with the suggestion of death deadline. *See* ECF No. 1566, Order at 7 ("Without evidence of a reasonable and good faith process for ascertaining whether or not a client is alive, the Court cannot find that either excusable neglect or impossibility justify noncompliance with PTO 23."); ECF No. 1654, Order at 5 ("Since Plaintiffs have asserted neither excusable neglect nor impossibility, the Court grants Defendants' motion with respect to Plaintiffs Cole, Ashby, and Jennings and dismisses these cases for failure to file a timely suggestion of death as required by PTO 23."); *see also* ECF No. 1440, Order at 3.

7

Defendants next address six cases involving special considerations.

### 1. *Chapman*

Defendants moved to dismiss *Chapman* on November 8, 2018 for failing to file a timely suggestion of death. Def. Mot. Dismiss, MDL ECF No. 1039. Counsel for plaintiff was granted until January 21, 2019 to "provide confirmation that Mr. Chapman is still alive"; otherwise "[i]f Plaintiff's counsel fails to do so and Defendants again move to dismiss this case for noncompliance with PTO 23, the Court will grant the motion and dismiss this case with prejudice." ECF. No. 1654, Order. That deadline has now passed. Counsel for Chapman has not filed any proof that Mr. Chapman is alive; nor have they filed a suggestion of death since the date of the Order.

### 2. *Hylas*

In *Hylas*, Mark Hylas originally filed a complaint on behalf of his deceased wife, Maureen. Mr. Hylas has now also passed away, leaving no living plaintiff. No timely suggestion of death was filed for Mr. Hylas.

### 3. **Consortium Cases: *Beard*, *Hayes*, *McKinney*, *Rhoton*.**

Four of the 24 cases, *Beard*, *Hayes*, *McKinney*, and *Rhoton*, involve spouses with a loss of consortium claim.

In Mississippi and West Virginia (the states of residence for *Beard* and *McKinney*, respectively), the loss of consortium cannot stand on its own. *See Dillon v. PiCo, Inc.*, 239 So. 3d 527, 536 (Miss. Ct. App. 2017) ("[I]f the underlying personal[-]injury claim is

disposed of, the loss[-]of[-]consortium claim cannot be maintained on its own.") (internal citation omitted); *Small v. Clawges*, 745 S.E.2d 192, 201 (W. Va. 2013) ("[T]he derivative claim for loss of consortium is a mere incident to a cause of action and not the subject of an action itself . . . As a consequence, a claim for loss of consortium must be tried together with the underlying personal injury claim, and, by failing to try a consortium claim with a spouse's personal injury claim, a party is estopped from bringing such a claim as a separate lawsuit." (internal quotation marks omitted)).  For these reasons, *Beard* and *McKinney* should be dismissed in their entirety with prejudice.

In Texas and Alabama (the *Hayes* and *Rhoton* states of residence, respectively), a loss of consortium claim may stand alone.  *See Whittlesey v. Miller*, 572 S.W.2d 665, 667 (Tex. 1978) ("[W]hile the deprived spouse's suit for loss of consortium is considered to be derivative of the impaired spouse's negligence action to the extent that the tortfeasor's liability to the impaired spouse must be established, the consortium action is, nevertheless, independent and apart from that of the impaired spouse's negligence action."); *Jenkins v. State Farm Mut. Auto. Ins. Co.*, 30 So. 3d 414 (Ala. Civ. App. 2008) ("Because the noninjured spouse's right to pursue recovery for loss of consortium is his or her independent right and a separate property right, the noninjured spouse is entitled to pursue an independent cause of action for loss of consortium on his or her own behalf."). Accordingly, the claims of Linda Hayes in *Hayes* and James Rhoton in *Rhoton* should be dismissed with prejudice, but the consortium claims of the spouses may continue.

Dated: February 7, 2018

Respectfully submitted,

s/ Benjamin W. Hulse
Jerry W. Blackwell (MN #186867)
Benjamin W. Hulse (MN #0390952)
Mary S. Young (MN #0392781)
BLACKWELL BURKE P.A.
431 South Seventh Street, Suite 2500
Minneapolis, MN 55415
Phone: (612) 343-3248
Fax: (612) 343-3205
Email: blackwell@blackwellburke.com
   bhulse@blackwellburke.com
   myoung@blackwellburke.com

**Counsel for Defendants 3M Company and Arizant Healthcare Inc.**