

Jerry W. Blackwell
Direct Dial: 612-343-3232
E-Mail: blackwell@blackwellburke.com

February 12, 2019

**VIA ECF AND EMAIL**

| | |
|---|---|
| The Honorable Joan N. Ericksen | The Honorable David T. Schultz |
| United States District Court | United States District Court |
| 12W U.S. Courthouse | 9E U.S. Courthouse |
| 300 South Fourth Street | 300 South Fourth Street |
| Minneapolis, MN 55415 | Minneapolis, MN 55415 |

*Re:*   *In re Bair Hugger Forced Air Warming Products Liability Litigation (MDL 2666)*

Dear Judge Ericksen and Judge Schultz:

I write on behalf of 3M to respond to Plaintiffs' letter of February 11.

We oppose Plaintiffs' request and we want to provide the Court with a context explaining why. 3M filed its motion for reconsideration on January 24, 2019. As forecast in 3M's August 14, 2018 letter requesting leave to file the motion, the motion relies on the testimony of Plaintiffs' own experts in the *Gareis* trial, the 2018 study co-authored by Dr. Reed (the "Jeans study"), and an evidentiary ruling by the Court. The motion also cites the new International Consensus statement, published in November 2018 after 3M submitted its letter requesting leave.

In discussing the Jeans study, the motion cites one numbered paragraph (Paragraph 21) from the expert report of Dr. Jonathan Borak in the *Axline* bellwether case, where he discusses that study. Dr. Borak's *Axline* report was served on Plaintiffs more than five months ago, on September 4, 2018. (Plaintiffs declined to take Dr. Borak's deposition at the time.) When Judge Schultz asked 3M's counsel last month, "Okay. So I just want to make sure of this. Is there anything that you will be submitting in support of that motion that has not been either previously produced or publicly available?" 3M's counsel truthfully answered "No."  (1/24/19 Hrg. Tr. at 21:9-13.) Plaintiffs' contention that Dr. Borak's report was a new expert disclosure that 3M somehow concealed from Plaintiffs and the Court is an unfounded and fairly egregious assertion.

Why do we say that?  We have had to navigate repeated attempts that seem to target the derailing of the reconsideration schedule. After the filing of the motion, Plaintiffs made but one request for additional discovery to 3M: the deposition of Dr. Borak concerning the discussion of the Jeans study in Paragraph 21 of his *Axline* report. Plaintiffs initially requested Dr. Borak's deposition for the first week of February. Soon after, on January 27, we offered February 5. Plaintiffs rejected this date out of hand and without explanation, proposing no alternative date. On January 29, we again offered Dr. Borak for deposition any day from February 12-15 to avoid any argument from

February 12, 2019
Page 2

Plaintiffs that they were denied discovery. Plaintiffs responded that they were "disappointed" and rejected the offer. Suddenly, a week later, Plaintiffs informed us that they would proceed with Dr. Borak's deposition on February 15. We are honoring that request. But this deposition on a single paragraph of Dr. Borak's report – which Plaintiffs could have taken as early as February 5 – cannot justify extending the briefing schedule.

In further support of their request for an extension, Plaintiffs assert that they need to take the deposition of one or more of the Jeans study authors. Plaintiffs never explain why these depositions are necessary. Indeed, their expert Dr. Jarvis has already addressed the Jeans study in his expert report served on January 25.

Moreover, the Jeans study authors (to the best of 3M's knowledge) reside in the United Kingdom. Their testimony therefore only can be secured voluntarily or through the Hague Convention. Plaintiffs give no indication that the study authors have agreed to appear voluntarily. Based on 3M's experience in deposing the McGovern study authors in 2016, with Plaintiffs along every step of the way, the process of securing a UK deposition through the Hague Convention and reaching agreement on logistics and ground rules will take many months. If Plaintiffs had been serious about these depositions, they would have filed a motion to reopen general causation discovery and a motion for issuance of a letter request for international assistance last November, when the Court granted leave to 3M to file its reconsideration motion. Instead, Plaintiffs now raise the prospect of this discovery through a letter request the week before their opposition brief is due. Their request is too late, it is unjustified and procedurally inappropriate, and it should be denied.

It is not hard to see the end goal to all of this. Plaintiffs are trying to push back the Court's resolution of 3M's motion for reconsideration for six months to a year while the *Gareis* appeal is heard by the Eighth Circuit. It might be better if they would come out and just say that, and file a formal motion to stay (yes, we would oppose), rather than sending 'less than forthcoming' letters to the Court and blaming 3M.

Finally, we raise again the issue of Plaintiffs' counsel's conduct and candor. Since the *Gareis* verdict, communications from certain members of Plaintiffs' leadership to 3M's counsel have been consistently marked by hostilities and invective on even straightforward matters. They flout the Court's orders, whether on maintaining the confidentiality of under-seal documents, re-serving expert reports that were struck by the Court, or endorsing unauthorized third-party subpoenas, and justify their conduct by telling 3M that the Court's orders are wrong. They file letters and pleadings with the Court repeatedly and gratuitously impugning 3M's counsel by name. We may be left with no way to address this other than formal motion practice in the end, but we would rather that we all find higher ground and the conduct just cease.

Respectfully submitted,

/s/ Jerry Blackwell

Jerry W. Blackwell

