IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

| | |
|---|---|
| IN RE: BAIR HUGGER FORCED AIR WARMING PRODUCT LIABILITY LITIGATION | MDL No.: 15-md-02666 (JNE/DTS) |
| This Document Relates To: | |
| RICKY LUTTRELL, | Civil Action No.: 17-cv-02992 |
| Plaintiff, | |

_____

**DECLARATION OF SAMANTHA RODRIGUEZ IN SUPPORT OF
PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS**

I, Samantha Rodriguez, declare as follows:

1. I am an attorney at Kennedy Hodges, LLP and Counsel for Plaintiff Ricky Luttrell in the above-captioned matter.

2. I submit this declaration in opposition to Defendants' Motion to Dismiss for Failure to Comply with Pretrial Order No. 23 [Dkt. 1740] filed on February 7, 2019.

3. Mr. Luttrell contacted Kennedy Hodges, LLP in July of 2015 regarding injuries that were allegedly caused by the Bair Hugger patient warming device.

4. Medical records and billing records pertaining to Mr. Luttrell's treatment were obtained by Kennedy Hodges through its third-party medical records retrieval company. Those records indicated that a Bair Hugger device was used during his initial orthopedic surgery.

5. This case was filed on July 17, 2017 to comply with a possible statute of limitations deadline identified by counsel.

6. A complete PFS was submitted to the Court on October 13, 2017. Defendants did not issue any further Deficiency Notices regarding this PFS.

7. Counsel for Plaintiff keeps its clients aware of developments in this and other litigation through its monthly email newsletter. Further, staff at Kennedy Hodges, LLP recommends that clients inform their family about any pending litigation and have a family member contact the firm in the event that the client is suffering from severe health issues or has passed away

8. On February 5, 2019, counsel received an email from Defendants stating that Mr. Luttrell had passed away on August 10, 2018. Counsel was not aware of Mr. Luttrell's passing prior to receipt of this email.

9. Counsel made immediate efforts to contact Plaintiff's next of kin after receiving this email from Defendants and spoke to Plaintiff's daughter-in-law.

10. Plaintiff's daughter-in-law informed Counsel that she and her husband were vaguely aware her father-in-law's case but did not know any details regarding the law firm representing Plaintiff, name of the defendant, or case number.

11. Plaintiff's daughter-in-law informed Counsel that she spoke with her husband who is the son of Plaintiff, and represented to Counsel that he will complete the appropriate probate paperwork to continue his father's case.

Pursuant to 28 U.S.C. § 1746(2), I declare under penalty of perjury that the foregoing is true and correct.

February 14, 2019                             /s/Samantha Rodriguez
                                              Samantha Rodriguez