IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

IN RE: BAIR HUGGER FORCED AIR      MDL No.: 15-md-02666 (JNE/DTS)
WARMING PRODUCT LIABILITY
LITIGATION

This Document Relates To:

TINA RAY,

                                Civil Action No.: 17-cv-04214

       Plaintiff,

_____

## PLAINTIFF'S RESPONSE TO DEFENDANTS' SIXTH MOTION TO DISMISS FOR FAILURE TO COMPLY WITH PRETRIAL ORDER NO. 23

NOW COMES Plaintiff, Tina Ray, identified in Defendants' Sixth Motion to Dismiss for Failure to Comply with Pretrial Order No. 23 [Dkt. 1740], and by and through undersigned counsel submits this, her Response to Defendants' Motion to Dismiss, and would respectfully show the Court the following:

### FACTS

In September 2015, Ms. Tina Ray contacted undersigned counsel regarding an infection and subsequent treatment that he experienced due to the use of a Bair Hugger patient warming device during an orthopedic surgery. Counsel worked to obtain medical records and billing records to move forward with the case. Those records indicated that a Bair Hugger device was used during the original surgery. On September 11, 2017, counsel filed the current action to comply with what was identified as the applicable statute of limitations deadline for the relevant claim.

After filing Plaintiff's case, counsel worked closely with Plaintiff to complete the Plaintiff Fact Sheet ("PFS"). A PFS was submitted to the Court on December 8, 2017. Defendants issued a deficiency notice on January 4, 2018, and Plaintiff submitted a completed amended PFS on January 30, 2018. During the course of completing the PFS, Plaintiff gave every indication that she wanted to continue the case. Defendants did not issue any further Deficiency Notices regarding this PFS.

Counsel for Plaintiff keeps its clients aware of developments in this and other litigation through its monthly email newsletter. Further, staff at Kennedy Hodges, LLP recommends that clients inform their family about any pending litigation and have a family member contact the firm in the event that the client is suffering from severe health issues or has passed away

On February 5, 2019, counsel for Plaintiff received an email from Defendants stating that Plaintiff had passed away on March 7, 2018 and informing counsel that a Suggestion of Death was due 90 days after her death, pursuant to Pretrial Order No. 23. As the Suggestion of Death was not timely filed, Defendants stated that the case would be considered in a future Motion to Dismiss.

Counsel made immediate efforts to contact Plaintiff's next of kin after receiving this email from Defendants. Phone calls were placed to Plaintiff's son and niece; however, counsel has not received a response from these efforts in the ten days which have passed since they were informed of Plaintiff's death.  Accordingly, Counsel has not made contact with Plaintiff's next of kin, and therefore is unable to determine whether Plaintiff's next of kin

wish to move forward with this case or otherwise determine whether the probate process has been completed.

## ARGUMENT

Counsel for Plaintiff was not made aware of the death of Plaintiff until after the 90-day time period had expired. For the Court to dismiss Plaintiff's claims with prejudice would be an unduly harsh result given the circumstances.

**A.    Dismissal with Prejudice is a Drastic Measure in this Situation**

A dismissal with prejudice "is a drastic sanction that should be exercised sparingly." *Pardee v. Stock*, 712 F.2d 1290, 1292 (8th Cir.1983). Plaintiff's noncompliance with Pretrial Order 23(A) was not willful or in bad faith, and a dismissal with prejudice would be extreme. A dismissal with prejudice "should be used only in cases of willful disobedience of a court order or where a litigant exhibits a pattern of intentional delay." *Hunt v. City of Minneapolis*, 203 F. 3d 524, 527 (8th Cir. 2000); *see also Hutchins v. A.G. Edwards & Sons, Inc.*., 116F.3d 1256, 1260; *Mann v. Lewis*, 108 F.3d 145, 147 (8th Cir. 1997) (quoting *Givens v. A.H. Robins Co.*, 751 F.2d 261, 263 (8th Cir. 1984)). In *Givens v. A.H. Robins Co.*, the court reversed a dismissal with prejudice where the litigants only transgression was failure to comply with a discovery deadline. *Givens*, 751 F.2d 264, 264 (8th Cir. 1984). The court reasoned that dismissal with prejudice was disproportionate to this act of noncompliance. *Id*.

Here, Plaintiff's only transgression is that a suggestion of death was not filed within the 90-day time period, as counsel for Plaintiff was not aware that Plaintiff had passed away. Plaintiff's actions do not constitute a willful disobedience. Total extinction of Plaintiff's cause

of action would be disproportionate to this unintentional act of noncompliance with Pretrial Order No. 23.

**B.    Policy Factors Disfavor Dismissal with Prejudice**

"[A]n action should be dismissed with prejudice 'only after balancing the policy of giving the plaintiff [his or her] day in court against [the] policies of preventing undue delay, avoiding court congestion, and preserving respect for court procedures." *Omaha Indian Tribe v. Tract I-Blackbird Bend Area*, 933 F.2d 1462, 1468 (8th Cir.) (*quoting Garrison v. International Paper Co.*, 714 F.2d 757, 760 (8th Cir. 1983)); *see also Moore v. St. Louis Music Supply Co., Inc.*, 539 F.2d 1191, 1193 (8th Cir. 1976); *Navarro v. Chief of Police, Des Moines, Iowa*, 523 F.2d 214,217 (8th Cir. 1975).

Plaintiff has not caused an undue delay and there is absolutely no prejudice to Defendants. There is no delay or prejudice because unlike standard litigation, this case differs because it is filed in the MDL. Since this case is not a bellwether selection, there are no discovery deadlines which would have been delayed by an untimely filing of the suggestion of death. The possible remand of this case will not occur for months, possibly longer, as several bellwether cases are still pending. Under these circumstances, it cannot be said that Plaintiff willfully refused to comply with this Court's order. A dismissal with prejudice would be a harsh consequence, and forever deny Plaintiff's day in court.

## CONCLUSION

For the foregoing reasons, undersigned counsel respectfully requests that Plaintiff's claims not be dismissed with prejudice pursuant to Pretrial Order 23 and an additional sixty

4

(60) days be given for counsel to successfully contact next of kin and determine how they

wish to proceed.

Dated: February 14, 2019                    KENNEDY HODGES, LLP

                                            By: /s/ David W. Hodges
                                            David W. Hodges
                                            dhodges@kennedyhodges.com
                                            Gabriel A. Assaad
                                            gassaad@kennedyhodges.com
                                            4409 Montrose Blvd. Ste 200
                                            Houston, TX 77006
                                            Telephone: (713) 523-0001
                                            Facsimile: (713) 523-1116

                                            ATTORNEYS FOR PLAINTIFF