IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

IN RE: BAIR HUGGER FORCED AIR          MDL No.: 15-md-02666 (JNE/DTS)
WARMING PRODUCT LIABILITY
LITIGATION

This Document Relates To:

GAYLEEN RENFROE,

                                                            Civil Action No.: 17-cv-03914

        Plaintiff,

_____

**DECLARATION OF SAMANTHA RODRIGUEZ IN SUPPORT OF
PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS**

I, Samantha Rodriguez, declare as follows:

1.  I am an attorney at Kennedy Hodges, LLP and Counsel for Plaintiff Gayleen
    Renfroe in the above-captioned matter.

2.  I submit this declaration in opposition to Defendants' Motion to Dismiss for
    Failure to Comply with Pretrial Order No. 23 [Dkt. 1740] filed on February 7,
    2019.

3.  Ms. Renfroe contacted Kennedy Hodges, LLP in August of 2015 regarding injuries
    that were allegedly caused by the Bair Hugger patient warming device.

4.  Medical records and billing records pertaining to Ms. Renfroe's treatment were
    obtained by Kennedy Hodges through its third-party medical records retrieval
    company. Those records indicated that a Bair Hugger device was used during her
    initial orthopedic surgery.

5.  This case was filed on August 23, 2017 to comply with a possible statute of limitations deadline identified by counsel.

6.  Plaintiff submitted a PFS on November 11, 2017. Defendants issued a deficiency notice on December 18, 2017, and Plaintiff submitted a completed amended PFS on December 19, 2017.

7.  Counsel for Plaintiff keeps its clients aware of developments in this and other litigation through its monthly email newsletter. Further, staff at Kennedy Hodges, LLP recommends that clients inform their family about any pending litigation and have a family member contact the firm in the event that the client is suffering from severe health issues or has passed away.

8.  On February 5, 2019, counsel received an email from Defendants stating that Ms. Renfroe had passed away on August 28, 2018. Counsel was not aware of Ms. Renfroe's passing prior to receipt of this email.

9.  Counsel made immediate efforts to contact Plaintiff's next of kin after receiving this email from Defendants and spoke to Plaintiff's spouse.

10. Plaintiff's spouse represented to Counsel that he had an interest in pursuing his wife's claim and would complete the appropriate probate paperwork.

Pursuant to 28 U.S.C. § 1746(2), I declare under penalty of perjury that the foregoing is true and correct.

February 14, 2019                    /s/Samantha Rodriguez
                                     Samantha Rodriguez