IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

| | |
|---|---|
| IN RE: BAIR HUGGER FORCED AIR WARMING PRODUCT LIABILITY LITIGATION | MDL No.: 15-md-02666 (JNE/DTS) |
| This Document Relates To: | |
| DENNIS BARKER, | |
| Plaintiff, | Civil Action No.: 17-cv-03806 |

_____

## PLAINTIFF'S RESPONSE TO DEFENDANTS' SIXTH MOTION TO DISMISS FOR FAILURE TO COMPLY WITH PRETRIAL ORDER NO. 23

NOW COMES Plaintiff, Dennis Barker, identified in Defendants' Sixth Motion to Dismiss for Failure to Comply with Pretrial Order No. 23 [Dkt. 1740], and by and through undersigned counsel submits this, his Response to Defendants' Motion to Dismiss, and would respectively show the Court the following:

## FACTS

In August 2015, Mr. Dennis Barker contacted undersigned counsel regarding an infection and subsequent treatment that he experienced due to the use of a Bair Hugger patient warming device during an orthopedic surgery. Counsel worked to obtain medical records and billing records to move forward with the case. Those records indicated that a Bair Hugger device was used during the original surgery. On August 17, 2017, counsel filed the current action to comply with what was identified as the applicable statute of limitations deadline for the relevant claim.

After filing Plaintiff's case, counsel worked closely with Plaintiff to complete the Plaintiff Fact Sheet ("PFS"). A PFS was submitted to the Court on November 15, 2017. Defendants issued a deficiency notice on December 13, 2018 for an incomplete verification. Plaintiff submitted an amended PFS on January 2, 2018. Defendants issued another deficiency for incomplete personal information, and Plaintiff submitted another amended PFS on February 20, 2018. On March 19, 2018, Defendants issued a deficiency notice for an incomplete verification, and Plaintiff submitted a signed verification on April 27, 2018. Counsel had been in close contact with Plaintiff. During the course of completing the PFS, Plaintiff gave every indication that he wanted to continue the case. Defendants did not issue any further Deficiency Notices regarding this PFS.

Counsel for Plaintiff keeps its clients aware of developments in this and other litigation through its monthly email newsletter. Further, staff at Kennedy Hodges, LLP recommends that clients inform their family about any pending litigation and have a family member contact the firm in the event that the client is suffering from severe health issues or has passed away.

On February 5, 2019, counsel for Plaintiff received an email from Defendants stating that Plaintiff had passed away on September 14, 2018 and informing counsel that a Suggestion of Death was due 90 days after his death, pursuant to Pretrial Order No. 23. As the Suggestion of Death was not timely filed, Defendants stated that the case would be considered in a future Motion to Dismiss.

Counsel made immediate efforts to contact Plaintiff's next of kin after receiving this email from Defendants. Phone calls were placed to Plaintiff's spouse. Plaintiff's spouse

2

informed Counsel that she was vaguely aware her husband had a pending lawsuit but did not know anything regarding the law firm representing her husband, details of the case, name of the defendant, or case number.[1] Plaintiff's wife has completed letters of testamentary and been appointed as the Independent Executrix of her husband's estate.[2] Plaintiff's spouse has expressed an interest to continue her husband's case.

## ARGUMENT

Counsel for Plaintiff was not made aware of the death of Plaintiff until after the 90-day time period had expired. For the Court to dismiss Plaintiff's claims with prejudice would be an unduly harsh result given the circumstances.

**A.    Dismissal with Prejudice is a Drastic Measure in this Situation**

A dismissal with prejudice "is a drastic sanction that should be exercised sparingly." *Pardee v. Stock*, 712 F.2d 1290, 1292 (8th Cir.1983). Plaintiff's noncompliance with Pretrial Order 23(A) was not willful or in bad faith, and a dismissal with prejudice would be extreme. A dismissal with prejudice "should be used only in cases of willful disobedience of a court order or where a litigant exhibits a pattern of intentional delay." *Hunt v. City of Minneapolis*, 203 F. 3d 524, 527 (8th Cir. 2000); *see also Hutchins v. A.G. Edwards & Sons, Inc..*, 116F.3d 1256, 1260; *Mann v. Lewis*, 108 F.3d 145, 147 (8th Cir. 1997) (quoting *Givens v. A.H. Robins Co.*, 751 F.2d 261, 263 (8th Cir. 1984)). In *Givens v. A.H. Robins Co.*, the court reversed a dismissal with prejudice where the litigants only transgression was failure to comply with a

---

[1] *See* Exhibit A, Leslie Barker's Declaration.
[2] *See* Exhibit B, Letters Testamentary.

3

discovery deadline. *Givens*, 751 F.2d 264, 264 (8th Cir. 1984). The court reasoned that dismissal with prejudice was disproportionate to this act of noncompliance. *Id*.

Here, Plaintiff's only transgression is that a suggestion of death was not filed within the 90-day time period, as counsel for Plaintiff was not aware that Plaintiff had passed away. Plaintiff's actions do not constitute a willful disobedience. Total extinction of Plaintiff's cause of action would be disproportionate to this unintentional act of noncompliance with Pretrial Order No. 23.

**B.      Policy Factors Disfavor Dismissal with Prejudice**

"[A]n action should be dismissed with prejudice 'only after balancing the policy of giving the plaintiff [his or her] day in court against [the] policies of preventing undue delay, avoiding court congestion, and preserving respect for court procedures." *Omaha Indian Tribe v. Tract I-Blackbird Bend Area*, 933 F.2d 1462, 1468 (8th Cir.) (*quoting Garrison v. International Paper Co.*, 714 F.2d 757, 760 (8th Cir. 1983)); *see also Moore v. St. Louis Music Supply Co., Inc.*, 539 F.2d 1191, 1193 (8th Cir. 1976); *Navarro v. Chief of Police, Des Moines, Iowa*, 523 F.2d 214, 217 (8th Cir. 1975).

Plaintiff has not caused an undue delay and there is absolutely no prejudice to Defendants. There is no delay or prejudice because unlike standard litigation, this case differs because it is filed in the MDL. Since this case is not a bellwether selection, there are no discovery deadlines which would have been delayed by an untimely filing of the suggestion of death. The possible remand of this case will not occur for months, possibly longer, as several bellwether cases are still pending. Under these circumstances, it cannot be said that Plaintiff willfully refused to comply with this Court's order.

Additionally, there is no undue delay as the time to file the motion for substitution of Plaintiff has not passed. Plaintiff passed away on September 14, 2018, causing the Suggestion of Death to be due on December 13, 2018, and the Motion for Substitution of Plaintiff due on March 13, 2019. Since Plaintiff's spouse has already completed the appropriate probate paperwork to continue this proceeding[3], Plaintiff is prepared to file the motion for substitution on or before March 13, 2019, and therefore still within the 180-day deadline consistent with PTO 23. In other words, there is still adequate time to have Ms. Barker—who has already been appointed Independent Executrix of the Estate—to be substituted as the proper party prior to the passing of that deadline. Therefore, there is absolutely no delay. A dismissal with prejudice would be a harsh consequence, and forever deny Plaintiff's day in court.

## CONCLUSION

Accordingly, undersigned counsel request that the current action not be dismissed with prejudice and that in the alternative, Plaintiff be granted leave to file a late suggestion of death so that Plaintiff may timely file a Motion for Substitution of Plaintiff pursuant to PTO 23 and Plaintiff's spouse may continue the proceeding.

---

[3] *See* Exhibit B.

Dated: February 14, 2019         KENNEDY HODGES, LLP

By: /s/ David W. Hodges
David W. Hodges
dhodges@kennedyhodges.com
Gabriel A. Assaad
gassaad@kennedyhodges.com
4409 Montrose Blvd. Ste 200
Houston, TX 77006
Telephone: (713) 523-0001
Facsimile: (713) 523-1116

ATTORNEYS FOR PLAINTIFF