IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

| | |
|---|---|
| IN RE: BAIR HUGGER FORCED AIR WARMING PRODUCT LIABILITY LITIGATION | MDL No.: 15-md-02666 (JNE/DTS) |
| This Document Relates To: FRANK CARUSO,     Plaintiff, | Civil Action No.: 17-cv-01985 |

_____

## PLAINTIFF'S RESPONSE TO DEFENDANTS' SIXTH MOTION TO DISMISS FOR FAILURE TO COMPLY WITH PRETRIAL ORDER NO. 23

NOW COMES Plaintiff, Frank Caruso, identified in Defendants' Sixth Motion to Dismiss for Failure to Comply with Pretrial Order No. 23 [Dkt. 1740], and by and through undersigned counsel submits this, his Response to Defendants' Motion to Dismiss, and would respectively show the Court the following:

## FACTS

In June 2015, Mr. Frank Caruso contacted undersigned counsel regarding an infection and subsequent treatment that he experienced due to the use of a Bair Hugger patient warming device during an orthopedic surgery. Counsel worked to obtain medical records and billing records to move forward with the case. Those records indicated that a Bair Hugger device was used during the original surgery. On June 9, 2017, counsel filed the current action to comply with what was identified as the applicable statute of limitations deadline for the relevant claim.

After filing Plaintiff's case, counsel worked with Plaintiff to complete the Plaintiff Fact Sheet. A completed PFS with a signed verification and authorization was submitted to the Court on September 7, 2017. During the course of completing the PFS, Plaintiff gave every indication that he wanted to continue the case. Defendants never issued a Deficiency Notice regarding this PFS.

On February 5, 2019, counsel for Plaintiff received an email from Defendants stating that Plaintiff had passed away on September 17, 2018 and informing counsel that a Suggestion of Death was due 90 days after his death, pursuant to Pretrial Order No. 23. As a Suggestion of Death was not timely filed, Defendants stated that the case would be considered in a future Motion to Dismiss. Defendants included a link to an obituary page but did not sufficiently authenticate the document, prove whether the content of the page had been validated to be true and correct, or explained how it does not qualify as hearsay.

Counsel made immediate efforts to contact Plaintiff after receiving this email from Defendants. Phone calls were placed to the numbers on file for Plaintiff, and a contact letter was sent to his home address. However, counsel has not received a response from Plaintiff or any family members to date. Accordingly, Plaintiff's supposed death has never been confirmed by his relatives.

## ARGUMENT

Even if Plaintiff has passed away, counsel for Plaintiff was not made aware of his death until after the 90-day time period had expired. For the Court to dismiss Plaintiff's claims with prejudice would be an unduly harsh result given the circumstances.

### A.     Dismissal with Prejudice is a Drastic Measure in this Situation

A dismissal with prejudice "is a drastic sanction that should be exercised sparingly." *Pardee v. Stock*, 712 F.2d 1290, 1292 (8th Cir.1983). Any potential noncompliance by Plaintiff with Pretrial Order 23(A) was not willful or in bad faith, and a dismissal with prejudice would be extreme. A dismissal with prejudice "should be used only in cases of willful disobedience of a court order or where a litigant exhibits a pattern of intentional delay." *Hunt v. City of Minneapolis*, 203 F. 3d 524, 527 (8th Cir. 2000); *see also Hutchins v. A.G. Edwards & Sons, Inc..*, 116F.3d 1256, 1260; *Mann v. Lewis*, 108 F.3d 145, 147 (8th Cir. 1997) (quoting *Givens v. A.H. Robins Co.*, 751 F.2d 261, 263 (8th Cir. 1984)). In *Givens v. A.H. Robins Co.*, the court reversed a dismissal with prejudice where the litigants only transgression was failure to comply with a discovery deadline. *Givens*, 751 F.2d 264, 264 (8th Cir. 1984). The court reasoned that dismissal with prejudice was disproportionate to this act of noncompliance. *Id*.

Here, Plaintiff's only possible transgression is that a suggestion of death was not filed within the 90-day time period after Plaintiff's alleged death, as counsel for Plaintiff was not aware that he had reportedly passed away. Plaintiff's actions do not constitute willful disobedience. The total extinction of Plaintiff's cause of action would be disproportionate to this unintentional act of noncompliance with Pretrial Order No. 23.

### B.     Policy Factors Disfavor Dismissal with Prejudice

"[A]n action should be dismissed with prejudice 'only after balancing the policy of giving the plaintiff [his or her] day in court against [the] policies of preventing undue delay, avoiding court congestion, and preserving respect for court procedures." *Omaha Indian Tribe*

*v. Tract I-Blackbird Bend Area*, 933 F.2d 1462, 1468 (8th Cir.) (*quoting Garrison v. International Paper Co.*, 714 F.2d 757, 760 (8th Cir. 1983)); *see also Moore v. St. Louis Music Supply Co., Inc.*, 539 F.2d 1191, 1193 (8th Cir. 1976); *Navarro v. Chief of Police, Des Moines, Iowa*, 523 F.2d 214, 217 (8th Cir. 1975).

Even if Plaintiff has passed away and a Suggestion of Death was not timely filed, as Defendants contend, Plaintiff has not caused an undue delay and there is absolutely no prejudice to Defendants. There is no delay or prejudice because unlike standard litigation, this case differs because it is filed in the MDL. Since this case is not a bellwether selection, there are no discovery deadlines which would have been delayed by an untimely filing of the suggestion of death. The possible remand of this case will not occur for months, possibly longer, as several bellwether cases are still pending. A dismissal with prejudice would be an excessively harsh consequence, and forever deny Plaintiff's day in court.

**C.  Plaintiff Objects to the Online Obituary Offered as it is Hearsay and Has Not Been Properly Authenticated**

Defendants have brought their Motion to Dismiss due to failure to timely file a Suggestion of Death based solely on an online obituary found on the internet. Defendants have not offered any additional documentation to demonstrate that the information contained in the obituary is accurate. In terms of authentication, this obituary does not fall under the public record category covered by Fed. R. Evid. R 901(b)(7). It also does not fall under the category of newspapers or other periodicals—specifically because it is online and not

printed—and is therefore ineligible to be self-authenticated under Rule 902(6).[1] Further, district courts have found that websites are generally not self-authenticated under Rule 902.[2] The declaration offered by Defendants to authenticate the obituary only identifies where the obituary was found. There is no personal knowledge possessed by the declarant regarding the alleged death of Mr. Caruso, only personal knowledge regarding the internet address where the obituary was found. As Defendants have failed to authenticate the only document on which they rely in establishing Mr. Caruso's death and pursuing dismissal under PTO 23, the Motion should be denied.

Further, the online obituary identified by Defendants constitutes hearsay and is inadmissible under Fed. R. Evid. Rule 801 because it is an out of court statement offered to prove the matter asserted—namely, that Mr. Caruso has passed away—where the declarant is unavailable. Whereas images and texts pulled from websites to show how the website appeared at a certain time are not considered statements and therefore not hearsay[3], electronic evidence which is offered to prove the matter asserted and does not fall within a conventional hearsay exception is hearsay.[4] In this instance, relying on an online obituary to prove that Mr. Caruso has passed is clearly hearsay.

---

[1] Defendants have provided only the online obituary of Mr. Caruso as posted by the Press of Atlantic City. While there is a printed newspaper by this same name, there is no indication that Mr. Caruso's obituary was actually published in the newspaper and Defendants have not offered any evidence that it was posted anywhere except online.

[2] *See Sun Protection Factory, Inc. v. Tender Corp.*, 2005 WL 2484710 (M.D. Fla. Oct. 7, 2005); *Ashworth v. Round Lake Beach Police Dep't.*, 2005 WL 1785314 (N.D. Ill. Jul. 21, 2005).

[3] *Telewizja Polska USA, Inc. v. Echostar Satellite Corporation*, 2-c-3293, 2004 WL 2367740 (N.D. Ill. Oct. 15, 2004).

[4] *Lorraine v. Markel American Ins. Co.*, 241 F.R.D. 534, 568 (D. Md. 2007).

## **CONCLUSION**

Accordingly, undersigned counsel request that the current action not be dismissed with prejudice and that counsel be given an additional ninety (90) days to contact Plaintiff and any other family members which may be located so as to determine whether Plaintiff has passed, and if so, determine if the probate process has been completed and whether Plaintiff's next of kin wish to move forward with the pending case.

Dated: February 14, 2019              KENNEDY HODGES, LLP

　　　　　　　　　　　　　　　　　　By: /s/ David W. Hodges
　　　　　　　　　　　　　　　　　　David W. Hodges
　　　　　　　　　　　　　　　　　　dhodges@kennedyhodges.com
　　　　　　　　　　　　　　　　　　Gabriel A. Assaad
　　　　　　　　　　　　　　　　　　gassaad@kennedyhodges.com
　　　　　　　　　　　　　　　　　　4409 Montrose Blvd. Ste 200
　　　　　　　　　　　　　　　　　　Houston, TX 77006
　　　　　　　　　　　　　　　　　　Telephone: (713) 523-0001
　　　　　　　　　　　　　　　　　　Facsimile: (713) 523-1116

　　　　　　　　　　　　　　　　　　ATTORNEYS FOR PLAINTIFF