IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

IN RE: BAIR HUGGER FORCED AIR       MDL No.: 15-md-02666 (JNE/DTS)
WARMING PRODUCT LIABILITY
LITIGATION

This Document Relates To:

JERRY SYLER,

                                     Civil Action No.: 18-cv-00525

      Plaintiff,

_____

**DECLARATION OF DONALD C. GREEN II IN SUPPORT OF**
**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS**

I, Donald C. Green II, declare as follows:

1. I am an attorney at Kennedy Hodges, LLP and Counsel for Plaintiff Jerry Syler in the above-captioned matter.

2. I submit this affidavit in opposition to Defendants' Motion to Dismiss for Failure to Comply with Pretrial Order No. 23 [Dkt. 1740] filed on February 7, 2019.

3. Mr. Syler contacted Kennedy Hodges, LLP in February of 2016 regarding injuries that were allegedly caused by the Bair Hugger patient warming device.

4. Medical records and billing records pertaining to Mr. Syler's treatment were obtained by Kennedy Hodges through its third-party medical records retrieval company. Those records indicated that a Bair Hugger device was used during his initial orthopedic surgery.

5. This case was filed on February 23, 2018 to comply with a possible statute of limitations deadline identified by counsel.

6. Counsel worked with Mr. Syler to complete the PFS. Counsel spoke with Mr. Syler on February 22, 2018 and again on March 14, 2018 and gathered information from him to complete the PFS. Signed verification and authorization forms, dated March 4, 2018, were also collected at this time.

7. A completed PFS, with signed authorization and verification forms, was submitted to the Court on May 22, 2018, at the deadline for submission. No deficiency notices were ever issued regarding this PFS.

8. On February 5, 2019, counsel received an email from Defendants stating that Mr. Syler had passed away on April 25, 2018. Counsel was not aware of Mr. Syler's passing prior to receipt of this email.

9. Counsel sent out a contact letter and made attempts to call all numbers listed in the client file in order to reach Mr. Syler or any next of kin.

10. To date, Kennedy Hodges has not received a response to these communication attempts and therefore has been unable to establish contact with Mr. Syler or any next of kin to determine how to proceed.

11. As these efforts to contact Mr. Syler or any next of kin have not been successful to date, counsel has been unable to confirm whether Mr. Syler has passed, and if so, whether next of kin would want to continue the case on behalf of Mr. Syler and determine whether the probate process has been completed.

Pursuant to 28 U.S.C. § 1746(2), I declare under penalty of perjury that the foregoing is true and correct.

February 14, 2019                          /s/Donald C. Green II
                                           Donald C. Green II