IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

IN RE: BAIR HUGGER FORCED AIR          MDL No.: 15-md-02666 (JNE/DTS)
WARMING PRODUCT LIABILITY
LITIGATION

This Document Relates To:

Brenda L. Dollard vs. 3M Company, et
al, Civ. No. 0:18-cv-00776 (JNE/FLN)

_____

**PLAINTIFF'S RESPONSE TO DEFENDANTS' SIXTH MOTION TO DISMISS
FOR FAILURE TO COMPLY WITH PRETRIAL ORDER NO. 23**

COMES NOW Plaintiff Brenda L. Dollard, identified in Defendants' Sixth Motion to

Dismiss for Failure to Comply with Pretrial Order No. 23 [Dkt. 1740], by and through

undersigned counsel, and submits this, her Response in Partial Opposition to

Defendants' Motion to Dismiss, and would respectively show the Court as follows:

**FACTUAL BACKGROUND**

Ms. Brenda L. Dollard retained undersigned counsel on May 9, 2016, to investigate

potential claims she may have regarding a deep joint infection and sequelae she

experienced after a total hip arthroplasty, where a Bair Hugger forced air warming device

was used.

Counsel experienced difficulty in obtaining Ms. Dollard's complete medical

records and information related to the device used and hip prosthetic implanted. Despite

several requests, the hospital provider refused to provide information, indicating that Ms.

1

Dollard would have to utilize the Court's subpoena power to obtain any additional information. Counsel explored various avenues for obtaining necessary information.

At the same time that Counsel was preparing Plaintiff's matter for filing, Counsel worked closed with Plaintiff to complete the Plaintiff Fact Sheet (PFS) to ensure that Plaintiff would be able to meet her discovery obligations upon filing of the Complaint.

Counsel and Plaintiff remained in contact through letters and telephone calls. However, after Plaintiff did not respond to letters and calls, Counsel did an internet search, looking for updated contact information. Counsel found what appeared to be an obituary for a person named "Brenda Louise Dollard" in November 2018. Counsel was not able to confirm that the obituary was for her client, Ms. Dollard, as the information found was extremely limited. Counsel's mail communications with Ms. Dollard were not returned as undeliverable and calls could still be placed to Ms. Dollard's telephone number. Counsel had no contact information for any family or friends. Ms. Dollard had indicated that she had been homebound since the complications from her joint surgery, and indicated that she had no one familiar with her condition, and no contact with family or friends. Counsel contacted the mortuary to see if she could obtain any information and/or pass information along to a family member. However, counsel was not able to get any information from the mortuary.

Counsel was unable to make contact with any family member or next of kin, nor was Counsel able to determine if an estate had been established. In an abundance of caution, Counsel filed the Notice of Suggestion of Death on December 12, 2018. To date,

2

Counsel has not received any communications from any family member of Ms. Dollard. Counsel has not made contact with Plaintiff's next of kin, and therefore is not able to whether the appropriate person or party in interest may wish to maintain this cause of action.

## ARGUMENT

Counsel for Plaintiff requests that the Court issue an order dismissing this matter without prejudice, in the interests of justice.

Plaintiff agrees that this Court has both the authority and power to dismiss a party's claims with or without prejudice. Plaintiff does not dispute the requirements of the case management orders entered by the Court and acknowledges the requirement that she obey the same. Moreover, Plaintiff acknowledges the inherence power of the Court to control it's own docket. In addition, the Eighth Circuit has recognized that "administering cases in multidistrict litigation is different from administering cases on a routine docket. " *Freeman v. Wyeth,* 764 F.3d 806 (8th Cir. 2014)(quoting *In Guidant Corp.,* 496 F.3d 863, 867 (8th Cir. 2007)). Thus, "to encourage efficiency, 'MDL courts must be given greater discretion to organize, coordinate and adjudicate its proceedings, including the dismissal of cases for failure to comply with its orders,'" *Id.*

In the instant matter, Plaintiff has not caused undue delay. The untimely filing of the suggestion of death occurred because counsel for Plaintiff has not been able to obtain confirmation of Plaintiff's death, and has not been able to locate or contact Plaintiff's next of kin. Counsel filed the Suggestion of death based upon locating an obituary on the internet after not receiving return telephone calls or responses to letters. Any violation of this Court's order was not willful, nor was it prejudicial. Defendants were notified of

Plaintiff's apparent death by Counsel.    Plaintiff had previously submitted  a PFS to satisfy her discovery obligations. This delay did not prejudice Defendants' ability to manage or investigate Plaintiff's claims.

A dismissal with prejudice "is a drastic sanction that should be exercised sparingly." *Pardee v. Stock,* 712 F.2d 1290, 1292 (8th Cir.1983). Any potential noncompliance by Plaintiff with Pretrial Order 23(A) was not willful or in bad faith, and a dismissal with prejudice would be extreme. A dismissal with prejudice "should be used only in cases of willful disobedience of a court order or where a litigant exhibits a pattern of intentional delay." *Hunt v. City of Minneapolis,* 203 F. 3d 524, 527 (8th Cir. 2000).

Counsel for Plaintiff does not oppose dismissal. Indeed, counsel for Plaintiff offered to stipulate to a dismissal without prejudice during the meet and confer communication. However, Counsel for Plaintiff requests that any dismissal be entered without prejudice, in the interests of justice, so that an appropriate person may pursue claims on behalf of Plaintiff's estate, should one be created. Dismissal without prejudice serves the interest of justice by protecting the interests of Plaintiff's estate, should one be created and strikes the appropriate balance between controlling the Court's docket and ensuring Plaintiff's access to justice.

Moreover, this protection is inherently limited by the operation of FED. R. CIV. P. 25(a). As such, any potential prejudice to Defendant is minimized. Alternatively, Counsel for Plaintiff requests that any dismissal with prejudice not enter until the time for potential substitution of parties under FED. R. CIV. P. 25(a) has elapsed.

Counsel for Plaintiff thus respectfully prays that this Court either enter an order dismissing her matter without prejudice, or, in the alternative, Plaintiff requests that any

dismissal with prejudice be held in abeyance until the time for potential substitution of parties under FED. R. CIV. P.  25(a) has elapsed.

 Dated this 14th day of February, 2019.

                                             Respectfully submitted,

                                              s/Amber M. Pang Parra
                                             AMBER M. PANG PARRA, ESQ.
                                             JUSTINIAN & ASSOCIATES PLLC
                                             6228 Bandera Road
                                             San Antonio, TX 78238
                                             Telephone: 855.452.5529
                                             Facsimile: 512.852.1980
                                             Email:ampp@justinian.com
                                             Texas Bar No. 24009224
                                             Hawaii Bar No. 7305
                                             ATTORNEYS FOR PLAINTIFF