UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: Bair Hugger Forced Air Warming Products Liability Litigation | MDL No.: 15-md-02666 (JNE/DTS) |
| This Document Relates To: | |
| BRENDA GOHL,<br><br>      Plaintiff, | Civil Action No.: 18-cv-1571 |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' SIXTH MOTION TO DISMISS FOR FAILURE TO COMPLY WITH PRETRIAL ORDER NO. 23**

Plaintiff, Brenda Gohl ("Plaintiff"), through counsel, respectfully submits her Response to Defendants' Sixth Motion to Dismiss for Failure to Comply with Pretrial Order No. 23 ("Defendants' Motion") (Dkt. 1740). In response, Plaintiff submits the following:

**FACTS**

On June 6, 2018, undersigned counsel filed the current action. 18-cv-1571, Dkt. 1. Counsel maintained contact with Plaintiff up to the time of filing of this action, and thereafter throughout the process of submitting Plaintiff's PFS in early September, 2018. Shortly thereafter, Plaintiff's phone number on file ceased to be in service, and Plaintiff's counsel sent at least one letter to Plaintiff's last known address to attempt to obtain a new phone number.

On October 3, 2018, Plaintiff received a Plaintiff Fact Sheet Deficiency Letter from Defendants. Unfortunately, Plaintiff died on October 9, 2018. Dkt. 1742 at p. 5. That same morning, upon hearing of Plaintiff's passing, Plaintiff's counsel mailed another letter to Plaintiff's last known address to obtain a new phone number for her next of kin. Upon hearing back from Plaintiff's daughter, Rashunda Clifton, Plaintiff's counsel worked diligently with Ms. Clifton to supplement Plaintiff's PFS, and on November 2, 2018, filed an Amended Plaintiff's Fact Sheet in this action. Therein, Plaintiff's counsel indicated that Plaintiff had died, and the Fact Sheet was completed by Ms. Clifton. *Id.* According to Defendants' Motion, "Defendants learned of plaintiff Brenda Gohl's death through her plaintiff fact sheet." Dkt. 1742 at p. 5.

On February 6, 2019, Plaintiff filed a Suggestion of Death Upon the Record Under Rule 25(a). Dkt 1738. According to Plaintiff's daughter, Plaintiff did not leave substantial money or property, and, to date, the decedents have not opened an Estate. Plaintiff's counsel waited in good faith to file a Suggestion of Death, in order to determine whether Plaintiff's decedents would continue to pursue this action, and have not filed a Motion to Substitute because no proper substitute party is yet in existence.

## ARGUMENT

**A.   PTO 23 Imposes An Obligation On Plaintiff That Is Neither Imposed Nor Authorized By The Federal Rules Of Civil Procedure**

Rule 25 of the Federal Rules of Civil Procedure governs the Substitution of Parties, stating that a motion for substitution of party may be made "by any party or by the decedent's successor or representative." Fed. R. Civ. P. 25 (a)(1). The motion must be

2

filed "within 90 days after service of a statement noting the death [of the party]." *Id.*; *see also Kaubisch v. Weber*, 408 F.3d 540, 542 (8th Cir. 2005). While notice of a party's death typically takes the form of a Suggestion of Death filed with the court, *id.* at 542–543, Rule 25 does not establish or otherwise impose a deadline for the filing of notice. The language of the Rule is permissive, and motions to substitute parties are typically "freely granted." *In re Baycol Products Litig.*, 616 F.3d 778, 783 (8th Cir. 2010).

Under the Federal Rules, the 90-day deadline to file a Motion to Substitute Party under Rule 25 may only be triggered by the filing of such notice. Fed. R. Civ. P. 25 (a)(1). *Younts v. Fremont Cty.*, 370 F.3d 748, 752 (8th Cir. 2004) (pursuant to Rule 25, plaintiff had 90 days from the date of Suggestion of Death to file a motion for substitution. Because a Suggestion of Death had not been filed, the 90-day limitations period had not begun to run) (citing *Grandbouche v. Lovell*, 913 F.2d 835, 836 (10th Cir. 1990) (per curiam) (holding the 90-day limitation time "is not triggered unless a formal suggestion of death is made on the record, regardless of whether the parties have knowledge of a party's death")). Courts have routinely held that a party should not be "under any time constraints to make a formal suggestion of death." *Hawes v. Johnson & Johnson*, 940 F. Supp. 697, 699 (D. N.J. 1996) (stating that 90-day period for filing a motion to substitute does not trigger absent the filing of a formal suggestion of death); *see also McKenna v. Pacific Rail Serv.*, 32 F.3d 820, 836 (3rd Cir. 1994) (stating that Rule 25 does not proscribe a time frame for filing a Suggestion of Death); *City of Colton v. American Promotional Events, Inc.*, 2014 WL 12740637, at *2 (C.D. Cal. Apr. 15, 2014) (same); *Lightfoot v. District of Columbia*, 629 F. Supp. 2d 16, 19 (D.C. 2009) (granting motion to substitute where more than six

3

years had passed from date of plaintiff's death); *Kaubisch v. Weber*, 408 F.3d 540, 543 (8th Cir. 2005) (allowing for late filing of motion to substitute for excusable neglect); *Jones v. Siegfried Const. Co., Inc.*, 105 F.R.D. 491, 491–492 (W.D.N.Y. 1984) (same).

The Third Circuit has explicitly stated that Rule 25 does not establish a deadline for filing a suggestion of death. *McKenna*, 32 F.3d at 836. In reviewing Rule 25 in the context of a motion to substitute filed at the time of trial, the court noted that "[n]othing in Rule 25 . . . sets forth a time frame for [filing a suggestion of death]." *Id.* The Third Circuit has also stated that "[i]n circumstances in which the deceased's counsel only recently learned of the death [of the party], failure to file a suggestion of death within a particular period of time does not constitute sufficient grounds for refusing [a motion to substitute party]." *Id.* Other courts agree, and at least one court has allowed the filing of a suggestion of death nearly six years after the party passed away. *Hawes v. Johnson & Johnson*, 940 F. Supp. 697, 699 (D. N.J. 1996); *City of Colton v. American Promotional Events, Inc.*, 2014 WL 12740637, at *2 (C.D. Cal. Apr. 15, 2014); *Lightfoot*, 629 F. Supp. 2d at 19.

The 90-day requirement for the filing of a Suggestion of Death under PTO 23 differs substantially from Rule 25 of the Federal Rules of Civil Procedure and is contrary to precedent in this and nearly every appellate circuit in the United States. Although Plaintiff addresses the policy considerations of PTO 23 and the reasons for her delay herein, she maintains that the constraints of PTO 23 are arbitrary, unduly burdensome, and impose an obligation on Plaintiff that is neither imposed nor authorized by the Federal Rules of Civil Procedure or binding Eight Circuit case law.

**B.     Plaintiff's Counsel Diligently Notified Defendants Of Plaintiff's Death, And The Purpose of PTO 23 Will Not Be Served By Dismissal Of Plaintiff's Case**

As Defendants' Motion notes, this Court entered PTO 23 for specific considerations:

> PTO 23 was supposed to relieve Defendants of the burden of searching obituaries and death records for deceased plaintiffs. *See e.g., Connell,* ECF No. 30, Order ("a defendant facing thousands of similar lawsuits is prejudiced by not knowing which suits against it are "live" actions, even if any single suit is a drop in the bucket."). However, Defendants continue to expend significant time and resources to find deceased plaintiffs online, because Plaintiffs fail to keep in regular contact with their clients or search obituary records themselves.

Dkt. 1742 at p. 5. Critically, however, Defendants' Motion differentiates the circumstances of Plaintiff's case from the other included actions. *See id.* ("Defendants learned of plaintiff Brenda Gohl's death through her plaintiff fact sheet, which stated that she died on October 9, 2018."). Here, Defendants were informed of Plaintiff's death *by Plaintiff's counsel*, as well as a likely substitute party, within one month of Plaintiff's death. And, despite the fact that no Estate has been created, Plaintiff's counsel filed a Suggestion of Death within 120 days of Plaintiff's death, and one day *before* Defendants filed the instant Motion to Dismiss. *See* Dkt. 1738.

Thus, Plaintiff's counsel acted diligently and in good faith both in maintaining contact with Plaintiff and notifying Defendants of Plaintiff's death. No policy justification, nor any of the Court's purposes in entering PTO 23 will be served by dismissal of Plaintiff's case. As in many other cases in this circuit applying Rule 25, "[n]either judicial economy nor the parties would be well served [by dismissal with prejudice]." *Hopson v. Kimbrell*,

5

No. 4:11-cv-608-DPM, 2013 U.S. Dist. LEXIS 86849, at *7 (E.D. Ark. June 20, 2013). In *Hopson*, finding that plaintiff's approximately two-month delay between the suggestion of death and petition to open the estate was not unreasonable, the court granted plaintiff's untimely motion to substitute, to "achieve[] equity and common sense, taking into account all the relevant circumstances." *Id.*, at *5, 7 (citing *Pioneer Investment Services v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 395 (1993); *Sugarbaker v. SSM Health Care*, 187 F.3d 853, 856 (8th Cir. 1999)).

Moreover, in this very MDL, this Court has made exceptions to the rigidities of PTO 23 in appropriate circumstances. *See In re Bair Hugger Forced Air Warming Devices Prods. Liab. Litig.*, No. 15-2666 (JNE/DTS), 2018 U.S. Dist. LEXIS 144732, at *9 (D. Minn. Aug. 23, 2018) (Magistrate Judge Noel agreed with Defendants' opposition to timely filed motion to substitute, arguing that plaintiff Andrews' daughter had not demonstrated that she was the "proper party" to be substituted, but granted plaintiff's daughter additional time to demonstrate that she was a proper party for substitution). The circumstances of Plaintiff's case described herein warrant an exception to the rigidities of PTO 23.

C.  **Dismissal with Prejudice Is Always A Drastic Measure, And Is Particularly Drastic In The Circumstances Of This Case**

A dismissal with prejudice "is a drastic sanction that should be exercised sparingly." *Pardee v. Stock*, 712 F.2d 1290, 1292 (8th Cir.1983). "[A]n action should be dismissed with prejudice 'only after balancing the policy of giving the plaintiff [his or her] day in court against [the] policies of preventing undue delay, avoiding court congestion, and preserving respect for court procedures." *Omaha Indian Tribe v. Tract I-Blackbird Bend*

*Area,* 933 F.2d 1462, 1468 (8th Cir.) (*quoting Garrison v. International Paper Co.*, 714 F.2d 757, 760 (8th Cir. 1983)); *see also Moore v. St. Louis Music Supply Co., Inc.*, 539 F.2d 1191, 1193 (8th Cir. 1976); *Navarro v. Chief of Police*, Des Moines, Iowa, 523 F.2d 214, 217 (8th Cir. 1975).

Indeed, in prior proceedings in this very MDL, this Court has noted that dismissal for failure to comply with PTO 23 "may be with prejudice" *only* "'in cases of willful disobedience of a court order or where a litigant exhibits a pattern of intentional delay.'" *In re Bair Hugger*, 2018 U.S. Dist. LEXIS 144732, at *7 (quoting *Hunt v. City of Minneapolis*, 203 F. 3d 524, 527 (8th Cir. 2000)); *see also Hutchins v. A.G. Edwards & Sons, Inc..*, 116 F.3d 1256, 1260; *Mann v. Lewis*, 108 F.3d 145, 147 (8th Cir. 1997) (*quoting Givens v. A.H. Robins Co.*, 751 F.2d 261, 263 (8th Cir. 1984)). Rather, dismissal with prejudice is inappropriate where a party shows excusable neglect for untimely filing a motion to substitute. The Eighth Circuit has "recognized that 'excusable neglect' includes 'late filings caused by inadvertence, mistake or carelessness.'" *Sugarbaker*, 187 F.3d at 856 (quoting *Johnson v. Dayton Elec. Mfg. Co.,* 140 F.3d 781, 784 (8th Cir. 1998); *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. Partnership,* 507 U.S. 380, 388 (1993)). In determining whether the party moving to substitute has acted with excusable neglect, the Court "must consider 'all relevant circumstances,'" including, particularly: (1) the possibility of prejudice to the party moving for dismissal; (2) the length of the delay by the party moving to substitute "and the possible impact of that delay on judicial proceedings;" (3) that party's reasons for delay, "including whether the delay was within its reasonable control;" and (4) whether that party "acted in good faith." *Id.*

7

Plaintiff's noncompliance with PTO 23 was neither willful nor in bad faith, and she has certainly not exhibited a pattern of intentional delay.  Indeed, Defendants were notified within a month of Plaintiff's death by Plaintiff's timely filing of a response to Defendants' PFS Deficiency Letter.  Plaintiff has not caused any delay in the proceedings and there is absolutely no prejudice to Defendants.  Dismissal with prejudice would be extreme in a case such as this, where Plaintiff's counsel has maintained communication with its client in good faith and in accordance with the Court's Orders, and cannot properly move to substitute the party until Plaintiff's decedents determine whether they will open an Estate.  Furthermore, because this case is not a bellwether selection, and Plaintiff has already submitted an Amended PFS, no discovery deadlines have been delayed by the minor delay in her counsel's filing of the Suggestion of Death – particularly because Plaintiff's counsel had already notified Defendants of Plaintiff's death.  Under these circumstances, a dismissal with prejudice would be an unduly harsh consequence, and forever deny Plaintiff's day in court.

**D.     Policy Favors Granting Either An Extension Of Time To Comply Or Dismissal Without Prejudice**

Dismissal without prejudice, or an extension of time to comply with the Court's Order may be granted in appropriate circumstances. *See Broberg v. United Mktg. Grp., LLC*, No. 15-2657 (JRT/SER), 2017 U.S. Dist. LEXIS 15891, at *3 (D. Minn. Feb. 3, 2017) (granting dismissal without prejudice where plaintiff's estate had not responded to counsel's efforts to communicate regarding suggestion of death or settlement); *see also Gutierrez v. Gunderson*, No. 04-2627, 2008 U.S. Dist. LEXIS 3487, 2008 WL 170009, at

\*2 (D. Minn. Jan. 16, 2008) (explaining that dismissal without prejudice may be appropriate where there are ambiguities or difficulties in communication with a decedent's successor or representative and there has been no adjudication on the merits); *In re Bair Hugger*, 2018 U.S. Dist. LEXIS 144732, at \*9 (granting plaintiff's successor additional time to demonstrate that she was a proper party for substitution).

In consideration of the circumstances described herein, Plaintiff's respectfully request that this Court grant either a dismissal without prejudice or an extension of time to file a Motion to Substitute, in order to determine whether Plaintiff's decedents will proceed with the creation of an Estate and properly substitute as a party to this action.

## CONCLUSION

For the foregoing reasons, undersigned counsel respectfully requests that Plaintiff's claims not be dismissed with prejudice pursuant to Pretrial Order 23 and an additional ninety (90) days be given for Plaintiff's decedents to complete the appropriate probate paperwork.

Dated:      February 19, 2019

Respectfully submitted,

**JONES WARD PLC**

*s/ Alex C. Davis*
Alex C. Davis
The Pointe
1205 E. Washington St., Suite 111
Louisville, KY 40206
P: (502) 882-6000
F: (502) 587-2007
alex@jonesward.com
*Counsel for Plaintiff Brenda Gohl*

9

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 19, 2019, a true and correct copy of the foregoing document was filed with the Court through the CM/ECF system, and will be sent electronically to all registered participants who have entered appearances in this case to receive Notice of Electronic Filing.

*s/Alex C. Davis*
*Counsel for Plaintiff*
