## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE: BAIR HUGGER FORCED AIR WARMING DEVICES PRODUCTS LIABILITY LITIGATION | MDL No. 15-2666 (JNE/DTS) |
| THIS DOCUMENT RELATES TO: 17-cv-05274 *(Capone v. 3M Co., et al.)* | |

### PLAINTIFF'S RESPONSE TO DEFENDANT'S SIXTH MOTION TO DISMISS FOR FAILURE TO COMPLY WITH PRETRIAL ORDER NO. 23 AND/OR FED. R. CIV. P. 25(A) AND 41(B)

NOW COMES Plaintiff, Helen Capone, identified in Defendants' Sixth Motion to Dismiss for Failure to Comply with Pretrial Order No. 23 [Dkt. 1740] and/or Fed. R. Civ. P. 25(a) and 41(b), by and through undersigned counsel, submits her Response to Defendants' Motion to Dismiss, and would respectively show the Court the following:

### FACTS

In January 2016, Mrs. Capone contacted undersigned counsel regarding an infection and subsequent treatment that she experienced due to the use of a Bair Hugger patient warming device during an orthopedic surgery. Counsel worked to obtain medical records and billing records to move forward with the case. Those records indicated that a Bair Hugger device was used during a revision surgery. On November 29, 2017, counsel filed the current action to comply with what was identified as the applicable statute of limitations deadline for the relevant claim.

After filing Plaintiff's case, counsel worked closely with Plaintiff to complete the Plaintiff Fact sheet ("PFS"). A complete PFS was submitted to the Court on February 26,

2018.  Defendants did not issue any further Deficiency Notices regarding this PFS. During the course of completing the PFS, Plaintiff gave every indication that she wanted to continue the case.

Counsel diligently keeps its clients aware of developments in this and other litigations.  Further, staff at Bernstein Liebhard LLP recommends that clients inform their family about any pending litigation and have a family member contact the firm in the event that the client suffers a severe health issue or passes away.

On February 5, 2019, counsel for Plaintiff received an email from Defendants stating that Plaintiff has passed away on July 21, 2018 and informed counsel that a Suggestion of Death was due 90 days after her death, pursuant to Pretrial Order No. 23. As the Suggestion of Death was not timely filed, Defendants stated that the case would be considered in a future Motion to Dismiss if a stipulation to dismiss with prejudice was not filed.

Counsel made immediate efforts to contact Plaintiff's next-of-kin after receiving this email from Defendants.  Counsel attempted to establish contact with Plaintiff's next-of-kin by placing phone calls and sending emails using the contact information Plaintiff provided.  As of the filing date of this response, counsel has not been successful in getting in touch with Plaintiff's next-of-kin.  However, the fact that Plaintiff's next-of-kin has not reached out to the counsel indicates that he or she may be inadvertently unaware of the current action.

## **ARGUMENT**

Counsel for Plaintiff was not made aware of the death of Plaintiff until the 90-day time period had expired.  For the Court to dismiss Plaintiff's claims with prejudice would be an unduly harsh result given the circumstances.

A.      **Dismissal with Prejudice is a Drastic Measure in this Situation**

A dismissal with prejudice "is a drastic sanction that should be exercised sparingly."  *Pardee v. Stock*, 712 F.2d 1290, 1292 (8th Cir. 1983).  Plaintiff's noncompliance with Pretrial Order 23(A) was not willful or in bad faith, and a dismissal with prejudice would be extreme.  A dismissal with prejudice "should be used only in cases of willful disobedience of a court order or where a litigant exhibits a pattern of intentional delay."  *Hunt v. City of Minneapolis*, 203 F.3d 524, 527 (8th Cir. 2000); *see Hutchins v. A.G. Edwards & Sons, Inc.*, 116 F3d 1256, 1260; *see also Mann v. Lewis*, 108 F.3d145, 147 (8th Cir. 1984).  In *Givens v. A.H. Robins Co.*, 751 F.2d 264 (8th Cir. 1984), the Eighth Circuit reversed a dismissal with prejudice where the litigant's only transgression was failure to comply with a discovery deadline.  *Givens*, 751 F.2d at 264. The court reasoned that dismissal with prejudice was disproportionate to this act of noncompliance.  *Id*.

Here, Plaintiff's only transgression is that a Suggestion of Death was not filed within the 90-day time period, as counsel for Plaintiff was not aware that Plaintiff had passed away.  Additionally, the fact that Plaintiff's next-of-kin has not reached out to the counsel indicates that he or she may be inadvertently unaware of the current action. Plaintiff's actions do not constitute a willful disobedience.  Total extinction of Plaintiff's

cause of action would be disproportionate to this unintentional act of noncompliance with Pretrial Order No. 23.

**B.     Policy Disfavors Dismissal with Prejudice**

"[A]n action should be dismissed with prejudice only after balancing the policy of giving the plaintiff [his or her] day in court against [the] policies of preventing undue delay, avoiding court congestion, and preserving respect for court procedures." *Omaha Indian Tribe v. Tract I-Blackbird Bend Area*, 933 F.2d 1462, 1468 (8th Cir. 1991) (internal quotations omitted); *see Moore v. St. Louis Music Supply Co., Inc.*, 539 F.2d 1191, 1193 (8th Cir. 1976); *see also Navarro v. Chief of Police, Des Moines, Iowa*, 523 F.2d 214, 217 (8th Cir. 1975).

Plaintiff has not caused an undue delay and there is absolutely no prejudice to Defendants, because unlike standard litigation, this case was filed in the MDL.  Since this case is not a Bellwether selection, there are no discovery deadlines which would have been delayed by an untimely filing of the Suggestion of Death.  The possible remand of this case will not occur for months, possibly even longer, as several Bellwether cases are still pending.  Under these circumstances, it cannot be said that Plaintiff willfully refused to comply with this Court's order.  A dismissal with prejudice would be a harsh consequence, and forever deny Plaintiff's day in court.

## CONCLUSION

For the foregoing reasons, undersigned counsel respectfully requests the Court to deny Defendant's Motion to Dismiss for Failure to Comply with Pretrial Order No. 23 and/or Fed. R. Civ. P. 25(a) and 41(b).  Furthermore, undersigned counsel respectfully

4

requests the Court to an additional sixty (60) days to grant Plaintiff's next-of-kin to re-establish contact with undersigned counsel and to complete the appropriate probate process.

DATED:  Feburary 21, 2019                    Respectfully submitted,
                                             **BERNSTEIN LIEBHARD LLP**
                                             By:  /s/ Daniel C. Burke
                                             _____

                                             Daniel C. Burke
                                             10 E. 40th Street
                                             New York, NY  10016
                                             Telephone:  (212) 779-1414
                                             Facsimile:  (212) 779-3218
                                             Email: dburke@bernlieb.com
                                             Email: dweck@bernlieb.com

                                             *Attorneys for Plaintiff*