UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE: Bair Hugger Forced Air Warming Products Liability Litigation | MDL No. 15-2666-JNE-DTS |
| This Document Relates to: *Rhoton, et al. v. 3M Co., et al.* (15-cv-4360-JNE-DTS) | |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' SIXTH MOTION TO DISMISS FOR FAILURE TO COMPLY WITH PRETRIAL ORDER NO. 23 AND/OR FED. R. CIV. P. 25(A) AND 41(B)**

Plaintiffs, James Rhoton and Sarah Rhoton, by and though undersigned counsel, respectfully submit their Response to Defendants' Sixth Motion to Dismiss for Failure to Comply with Pretrial Order No. 23 (Dkt. 1740) and/or Fed. R. Civ. P. 25(a) and 41(b), and would show the Court the following:

**FACTS**

On August 23, 2015, undersigned counsel filed the current action in the Northern District of Alabama on behalf of Plaintiff James Rhoton, who claims damages for personal injuries, and Plaintiff's Spouse, Sarah Rhoton, who claims damages for loss of consortium. On September 1, 2015, Defendants filed a motion to dismiss the complaint. On December 3, 2015, the Honorable William M. Acker, Jr. denied Defendants' motion to dismiss as to all counts, except two counts Plaintiffs voluntarily abandoned. On December 16, 2015, the Judicial Panel on Multidistrict Litigation transferred this case to this MDL for coordination and centralization.

Counsel worked closely with Plaintiffs to complete and respond to all required discovery requests. On November 10, 2016, Plaintiffs responded to Defendants' Interrogatories and Request for Production of Documents. On December 26, 2016, Plaintiffs submitted a complete Plaintiff Fact Sheet ("PFS") to Defendants. On January 20, 2017, Plaintiffs received a PFS Deficiency Letter from Defendants. On February 9, 2017, Plaintiffs submitted an amended PFS. On March 1, 2017, Plaintiffs received a second PFS Deficiency Letter from Defendants. On March 9, 2017, Plaintiffs submitted a second amended PFS. On April 3, 2017, Plaintiffs received a third PFS Deficiency Letter from Defendants. On April 10, 2017, counsel for Plaintiffs responded to this letter via email to Defense counsel. On February 6, 2019, the parties had a meet and confer, and Defense counsel confirmed that there are *no further outstanding PFS core deficiencies alleged*.

Counsel diligently keeps its clients aware of developments in this and other litigations. Further, staff at Pittman, Dutton & Hellums, P.C. recommends that clients inform their family about any pending litigation and have a family member contact the firm in the event that the client suffers from a severe health issue or passes away.

On February 5, 2019, counsel for Plaintiffs received an email from Defendants stating that Plaintiff James Rhoton passed away on August 21, 2018 and informed counsel that a Suggestion of Death was due 90 days after his death, pursuant to Pretrial Order No. 23. As the Suggestion of Death was not timely filed, Defendants stated that the case would be considered in a future Motion to Dismiss if a stipulation to dismiss with prejudice was not agreed to by close of business on February 6, 2019.

On February 5, 2019, counsel made immediate efforts to contact Plaintiff's Spouse after receiving notification from Defendants. On February 6, 2019, Plaintiffs' counsel called Defense counsel who confirmed there are no outstanding deficiencies from Plaintiffs and agreed Plaintiff's Spouse loss of consortium claim was not at issue and would remain even if the Court granted Defendants' motion to dismiss. Defense counsel declined to provide an extension to respond or file a Motion to Substitute and Plaintiffs' counsel declined to stipulate to a dismissal with prejudice.

On February 7, 2019, next-of-kin to Plaintiff's Spouse contacted counsel. Plaintiff's Spouse is in the process of probating Plaintiff's Last Will and Testament in the Probate Court of Blount County, Alabama, in order to be appointed Personal Representative of Plaintiff's Estate. However, there are some disputes surrounding Plaintiff's Will and it is being contested. A hearing for this will contest is now set for March 11, 2019. As such, a Personal Representative has yet to be appointed for Plaintiff in order to file the Motion to Substitute Parties.

On February 7, 2019, counsel filed a Suggestion of Death, pursuant to Pretrial Order No. 23. *See* ECF no. 31. Additionally, Plaintiffs' counsel spoke to Defense counsel and provided a brief update, and again requested additional time to file the Motion to Substitute as the Plaintiff's Spouse is attempting to open an Estate.

## ARGUMENT

**A.     A Personal Representative is Pending Appointment and the Purpose of Rule 25 and PTO 23 Will Not Be Served by Dismissal of Plaintiff's Case**

Plaintiffs have complied with all pretrial orders from this Court and have prosecuted their claims pursuant to Federal Rules of Civil Procedure 41(b). Defendants assertion to the contrary is incorrect and ill-founded. Defendants have not shown any prejudice with the delayed filing of the Suggestion of Death as no outstanding discovery is pending from Plaintiffs. All claimed deficiencies were cured by Plaintiffs over 1 year and 10 months ago. Additionally, Plaintiffs promptly addressed remedial efforts to comply with PTO 23. Despite the fact that no Estate has been opened, Plaintiffs' counsel filed a Suggestion of Death within 90 days of learning of Plaintiff's death, the same day Defendants filed the instant Motion to Dismiss. *See* ECF No. 31 and ECF No. 1738.

Plaintiffs' counsel acted diligently and in good faith both in maintaining contact with Plaintiffs, completing discovery, and acting immediately to remediate any deficiencies with PTO 23. No policy justification, nor any of the Court's purposes in entering PTO 23 will be served by dismissal of Plaintiff's case. As in many other cases in this circuit applying Rule 25, "[n]either judicial economy nor the parties would be well served [by dismissal with prejudice]." *Hopson v. Kimbrell*, No. 4:11-cv-608-DPM, 2013 U.S. Dist. LEXIS 86849, at *7 (E.D. Ark. June 20, 2013). In *Hopson*, finding that plaintiff's approximately two-month delay between the suggestion of death and petition to open the estate was not unreasonable, the court granted plaintiff's untimely motion to substitute, to "achieve[] equity and common sense, taking into account all the relevant circumstances." *Id.*, at *5, 7 (citing *Pioneer Investment Services v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 395 (1993); *Sugarbaker v. SSM Health Care*, 187 F.3d 853, 856 (8th Cir. 1999)).

Moreover, in this very MDL, this Court has made exceptions to the rigidities of PTO 23 in appropriate circumstances. *See In re Bair Hugger Forced Air Warming Devices Prods. Liab. Litig.*, No. 15-2666 (JNE/DTS), 2018 U.S. Dist. LEXIS 144732, at *9 (D.Minn. Aug. 23, 2018) (Magistrate Judge Noel agreed with Defendants' opposition to timely filed motion to substitute, arguing that plaintiff Andrews' daughter had not demonstrated that she was the "proper party" to be substituted, but granted plaintiff's daughter additional time to demonstrate that she was a proper party for substitution). The circumstances of Plaintiff's case described herein warrant an exception to the rigidities of PTO 23.

**B.     Dismissal with Prejudice Is Always A Drastic Measure and Would be Particularly Drastic in This Case**

A dismissal with prejudice "is a drastic sanction that should be exercised sparingly." *Pardee v. Stock*, 712 F.2d 1290, 1292 (8th Cir.1983). "[A]n action should be dismissed with prejudice 'only after balancing the policy of giving the plaintiff [his or her] day in court against [the] policies of preventing undue delay, avoiding court congestion, and preserving respect for court procedures." *Omaha Indian Tribe v. Tract I-Blackbird Bend Area,* 933 F.2d 1462, 1468 (8th Cir.) (*quoting Garrison v. International Paper Co.*, 714 F.2d 757, 760 (8th Cir. 1983)); *see also Moore v. St. Louis Music Supply Co., Inc.*, 539 F.2d 1191, 1193 (8th Cir. 1976); *Navarro v. Chief of Police*, Des Moines, Iowa, 523 F.2d 214, 217 (8th Cir. 1975).

Indeed, in prior proceedings in this very MDL, this Court has noted that dismissal for failure to comply with PTO 23 "may be with prejudice" *only* "'in cases of willful

disobedience of a court order or where a litigant exhibits a pattern of intentional delay.'" *In re Bair Hugger*, 2018 U.S. Dist. LEXIS 144732, at *7 (quoting *Hunt v. City of Minneapolis*, 203 F. 3d 524, 527 (8th Cir. 2000)); *see also Hutchins v. A.G. Edwards & Sons, Inc..*, 116F.3d 1256, 1260; *Mann v. Lewis*, 108 F.3d 145, 147 (8th Cir. 1997) (*quoting Givens v. A.H. Robins Co.*, 751 F.2d 261, 263 (8th Cir. 1984)). Rather, dismissal with prejudice is inappropriate where a party shows excusable neglect for untimely filing a motion to substitute. The Eighth Circuit has "recognized that 'excusable neglect' includes 'late filings caused by inadvertence, mistake or carelessness.'" *Sugarbaker*, 187 F.3d at 856 (quoting *Johnson v. Dayton Elec. Mfg. Co.,* 140 F.3d 781, 784 (8th Cir. 1998); *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. Partnership,* 507 U.S. 380, 388 (1993)). In determining whether the party moving to substitute has acted with excusable neglect, the Court "must consider 'all relevant circumstances,'" including, particularly: (1) the possibility of prejudice to the party moving for dismissal; (2) the length of the delay by the party moving to substitute "and the possible impact of that delay on judicial proceedings;" (3) that party's reasons for delay, "including whether the delay was within its reasonable control;" and (4) whether that party "acted in good faith." *Id.*

Plaintiffs noncompliance with PTO 23 was neither willful nor in bad faith, and they have certainly not exhibited a pattern of intentional delay. Plaintiffs have not caused any delay in the proceedings and there is absolutely no prejudice to Defendants. Dismissal with prejudice would be extreme in a case such as this, where Plaintiff's counsel has maintained communication with its client in good faith and in accordance with the Court's Orders and cannot properly move to substitute the party until an Estate is opened in the

6

Probate Court of Blount County, Alabama. Plaintiff's Spouse is in the process of opening an estate. Furthermore, because this case is not a bellwether selection, and Plaintiff has already submitted an Amended PFS, no discovery deadlines have been delayed by the minor delay in filing of the Suggestion of Death and Motion to Substitute. Under these circumstances, a dismissal with prejudice would be an unduly harsh consequence, and forever deny Plaintiff's day in court.

C.     **PTO 23 Imposes an Obligation on Plaintiff That Is Neither Imposed Nor Authorized By The Federal Rules Of Civil Procedure**

Rule 25 of the Federal Rules of Civil Procedure governs the Substitution of Parties, stating that a motion for substitution of party may be made "by any party or by the decedent's successor or representative." Fed. R. Civ. P. 25 (a)(1). The motion must be filed "within 90 days after service of a statement noting the death [of the party]." *Id.*; *see also Kaubisch v. Weber*, 408 F.3d 540, 542 (8th Cir. 2005). While notice of a party's death typically takes the form of a Suggestion of Death filed with the court, *id.* at 542–543, Rule 25 does not establish or otherwise impose a deadline for the filing of notice. The language of the Rule is permissive, and motions to substitute parties are typically "freely granted." *In re Baycol Products Litig.*, 616 F.3d 778, 783 (8th Cir. 2010).

Under the Federal Rules, the 90-day deadline to file a Motion to Substitute Party under Rule 25 may only be triggered by the filing of such notice. Fed. R. Civ. P. 25 (a)(1). *Younts v. Fremont Cty.*, 370 F.3d 748, 752 (8th Cir. 2004) (pursuant to Rule 25, plaintiff had 90 days from the date of Suggestion of Death to file a motion for substitution. Because a Suggestion of Death had not been filed, the 90-day limitations period had not begun to

run) (citing *Grandbouche v. Lovell*, 913 F.2d 835, 836 (10th Cir. 1990) (per curiam) (holding the 90-day limitation time "is not triggered unless a formal suggestion of death is made on the record, regardless of whether the parties have knowledge of a party's death")). Courts have routinely held that a party should not be "under any time constraints to make a formal suggestion of death." *Hawes v. Johnson & Johnson*, 940 F. Supp. 697, 699 (D. N.J. 1996) (stating that 90-day period for filing a motion to substitute does not trigger absent the filing of a formal suggestion of death); *see also McKenna v. Pacific Rail Serv.*, 32 F.3d 820, 836 (3rd Cir. 1994) (stating that Rule 25 does not proscribe a time frame for filing a Suggestion of Death); *City of Colton v. American Promotional Events, Inc.*, 2014 WL 12740637, at *2 (C.D. Cal. Apr. 15, 2014) (same); *Lightfoot v. District of Columbia*, 629 F. Supp. 2d 16, 19 (D.C. 2009) (granting motion to substitute where more than six years had passed from date of plaintiff's death); *Kaubisch v. Weber*, 408 F.3d 540, 543 (8th Cir. 2005) (allowing for late filing of motion to substitute for excusable neglect); *Jones v. Siegfried Const. Co., Inc.*, 105 F.R.D. 491, 491–492 (W.D.N.Y. 1984) (same).

The Third Circuit has explicitly stated that Rule 25 does not establish a deadline for filing a suggestion of death. *McKenna*, 32 F.3d at 836. In reviewing Rule 25 in the context of a motion to substitute filed at the time of trial, the court noted that "[n]othing in Rule 25. . . sets forth a time frame for [filing a suggestion of death]." *Id.* The Third Circuit has also stated that "[i]n circumstances in which the deceased's counsel only recently learned of the death [of the party], failure to file a suggestion of death within a particular period of time does not constitute sufficient grounds for refusing [a motion to substitute party]." *Id.* Other courts agree, and at least one court has allowed the filing of a suggestion of death

8

nearly six years after the party passed away. *Hawes v. Johnson & Johnson*, 940 F. Supp. 697, 699 (D. N.J. 1996); *City of Colton v. American Promotional Events, Inc.*, 2014 WL 12740637, at *2 (C.D. Cal. Apr. 15, 2014); *Lightfoot*, 629 F. Supp. 2d at 19.

The 90-day requirement for the filing of a Suggestion of Death under PTO 23 differs substantially from Rule 25 of the Federal Rules of Civil Procedure and is contrary to precedent in this and nearly every appellate circuit in the United States. Although Plaintiffs appreciates the policy considerations of PTO 23, they maintain that the constraints of PTO 23 are arbitrary, unduly burdensome, and impose an obligation on Plaintiffs that are neither imposed nor authorized by the Federal Rules of Civil Procedure or binding Eighth Circuit case law.

**D.     Policy Favors Granting Either an Extension of Time to Comply or Dismissal Without Prejudice**

Dismissal without prejudice, or an extension of time to comply with the Court's Order may be granted in appropriate circumstances. *See Broberg v. United Mktg. Grp., LLC*, No. 15-2657 (JRT/SER), 2017 U.S. Dist. LEXIS 15891, at *3 (D. Minn. Feb. 3, 2017) (granting dismissal without prejudice where plaintiff's estate had not responded to counsel's efforts to communicate regarding suggestion of death or settlement); *see also Gutierrez v. Gunderson*, No. 04-2627, 2008 U.S. Dist. LEXIS 3487, 2008 WL 170009, at*2 (D. Minn. Jan. 16, 2008) (explaining that dismissal without prejudice may be appropriate where there are ambiguities or difficulties in communication with a decedent's successor or representative and there has been no adjudication on the merits); *In re Bair*

9

*Hugger,* 2018 U.S. Dist. LEXIS 144732, at *9 (granting plaintiff's successor additional time to demonstrate that she was a proper party for substitution).

## CONCLUSION

In consideration of the circumstances described herein, Plaintiffs respectfully request that this Court deny Defendants motion to dismiss and provide a ninety (90) day extension of time to file a Motion to Substitute, which would allow Plaintiff's decedents time to determine the proper Personal Representative to substitute as a party to this action.

                                         Respectfully submitted,

                                        */s/ Jon Mann*
                                        Jonathan S. Mann
                                        **PITTMAN, DUTTON & HELLUMS, P.C.**
                                        2001 Park Place North, Suite 1100
                                        Birmingham, AL 35203
                                        Tel: (205) 322-8880
                                        Fax: (205) 328-2711
                                        Email: jonm@pittmandutton.com

                                        *Attorney for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this day, February 28, 2019, a true and correct copy of the foregoing was filed and served electronically via the CM/ECF system, which automatically sends a copy to all counsel of record.

*/s/ Jon Mann*
Jonathan S. Mann
