# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: Bair Hugger Forced Air Warming Products Liability Litigation  _____  This Document Relates To:  *Gates*, 16-cv-0400-JNE-DTS  *Dinkins*, 16-cv-1778-JNE-DTS  *Tate*, 16-cv-1846-JNE-DTS  *Lowe*, 16-cv-2304-JNE-DTS  *Strickland*, 16-cv-4355-JNE-DTS  *Beamon*, 17-cv-0141-JNE-DTS  *Gochanour*, 17-cv-2168-JNE-DTS  *McConnell*, 17-cv-3222-JNE-DTS  *Weeks*, 17-cv-4527-JNE-DTS  *Kazogles*, 19-cv-0017-JNE-DTS | MDL No. 15-2666 (JNE/DTS)  **MEMORANDUM IN SUPPORT OF DEFENDANTS' SEVENTH MOTION TO DISMISS FOR FAILURE TO COMPLY WITH PRETRIAL ORDER NO. 23 AND FED. R. CIV. P. 41(b) OR FOR LACK OF STANDING** |

Pursuant to Pretrial Order No. 23 ("PTO 23") and Fed. R. Civ. P. 41(b), Defendants 3M Company and Arizant Healthcare Inc. (together, "Defendants") move to dismiss the following cases with prejudice:

| Case Number | Title | Firm Name |
|---|---|---|
| 16-cv-0400-JNE-DTS | *Gates v. 3M Co., et al.* | Farr, Farr, Emerich, Hackett, Carr & Holmes, P.A. |
| 16-cv-1778-JNE-DTS | *Dinkins v. 3M Co., et al.* | Kirtland and Packard LLP |
| 16-cv-1846-JNE-DTS | *Tate v. 3M Co., et al.* | Kennedy Hodges, LLP |
| 16-cv-2304-JNE-DTS | *Lowe v. 3M Co., et al.* | Davis & Crump, PC |
| 16-cv-4355-JNE-DTS | *Strickland v. 3M Co., et al.* | McGlynn, Glisson & Mouton |
| 17-cv-0141-JNE-DTS | *Beamon v. 3M Co., et al.* | Goldenberg Law, PLLC |

| 17-cv-2168-JNE-DTS | *Gochanour v. 3M Co., et al.* | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, P.A. |
| 17-cv-3222-JNE-DTS | *McConnell v. 3M Co., et al.* | Brown and Crouppen, PC |
| 17-cv-4527-JNE-DTS | *Weeks v. 3M Co., et al.* | Schlichter, Bogard, Denton, LLP |

Plaintiffs in these cases failed to comply with the suggestion-of-death deadline established by PTO 23(A), and failed to prosecute their claims under Fed. R. Civ. P. 41(b). Defendants move to dismiss these cases with prejudice and in their entirety.

In addition, in *Kazogles*, 19-cv-0017, the primary plaintiff, Mr. Kazogles, died before his case was filed and his claims therefore should be dismissed without prejudice pursuant to Rule 12(b)(1) for lack of standing. Under the law of the Kazogles' home state, the loss-of-consortium claim can stand independently and may continue.

## ARGUMENT

### I. Plaintiffs with Late Suggestions of Death.

PTO 23 sets out the necessary course of action for cases in which plaintiffs die while their actions are pending in the MDL. PTO 23(A) requires counsel for a deceased plaintiff to file a suggestion of death within 90 days of either the entry of PTO 23 or the death of the plaintiff, whichever is later. PTO 23 then requires counsel for the deceased plaintiff to move for substitution within 90 days of filing the suggestion of death. ECF No. 1614, Order Denying Pls' Mot. to Am. PTO 23, at 1. In addition, Fed. R. Civ. P. 41(b) provides for dismissal of cases where "plaintiff fails to prosecute or to comply with these rules or a court order." ECF No. 1566, Order at 3. The Court has dismissed cases with prejudice when plaintiffs have failed to comply with PTO 23 deadlines without a valid excuse. *See, e.g.,*

ECF No. 1440, Order at 3 ("The Court therefore dismisses this action with prejudice for failure to comply with PTO 23 and for failure to prosecute under Rule 41(b)."); ECF No. 1566, Order at 7 ("Without evidence of a reasonable and good faith process for ascertaining whether or not a client is alive, the Court cannot find that either excusable neglect or impossibility justify noncompliance with PTO 23.").

Nonetheless, Plaintiffs continue to miss deadlines set by PTO 23, even though the Court has repeatedly made clear that Plaintiffs' counsel are obligated to keep in regular contact with their clients to keep them apprised of the litigation and verify their continued capacity to litigate. The Court has also underscored that the deadlines in PTO 23 fulfill the vital function of ensuring that the MDL includes only viable cases: "This [PTO 23] process prevents deceased plaintiffs from populating and inflating the MDL docket and allows the Court and Defendants to know the true size of the MDL. This ultimately prevents court congestion and undue delay in resolving the MDL. These benefits justify dismissing plaintiffs who willfully disobey PTO 23." ECF No. 1614, Order Denying Plaintiffs' Motion to Amend PTO 23, at 2.

In the cases below, a suggestion of death was not filed within the deadline prescribed by PTO 23(A). For most of these cases, Defendants discovered that the plaintiffs are deceased by conducting an independent online search of obituaries. Defendants learned of

plaintiff Mary Weeks's death when she filed a late suggestion of death without leave and without an explanation for its belatedness.

PTO 23 was supposed to relieve Defendants of the burden of searching obituaries and death records for deceased plaintiffs. *See e.g.*, *Connell*, ECF No. 30, Order ("a defendant facing thousands of similar lawsuits is prejudiced by not knowing which suits against it are "live" actions, even if any single suit is a drop in the bucket."). However, Defendants continue to expend significant time and resources to find deceased plaintiffs online, because Plaintiffs fail to keep in regular contact with their clients or search obituary records themselves.

| Plaintiff(s) | Case Number | Date of Death | Suggestion of Death Due/Filed | Comments |
|---|---|---|---|---|
| Gates, Danny | 16-cv-0400 | 3/16/2017 Exhibit A | Due 4/9/2018 | None filed. |
| Dinkins, Alice | 16-cv-1778 | 4/9/2018 Exhibit B | Due 7/8/2018 | None filed. |
| Tate, Evelyn | 16-cv-1846 | 7/12/2017 Exhibit C | Due 4/9/2018 | None filed. |
| Lowe, Carol | 16-cv-2304 | 8/1/2017 Exhibit D | Due 4/9/2018 | None filed. |
| Strickland, Cecelia | 16-cv-4355 | 9/8/2018 Exhibit E | Due 12/7/2018 | None filed. |
| Beamon, Rene A. | 17-cv-0141 | 10/3/2018 Exhibit F | Due 1/1/2019 | None filed. |
| Gochanour, Anna | 17-cv-2168 | 4/10/2018 Exhibit G | Due 7/9/2018 | None filed. |
| McConnell, Edna | 17-cv-3222 | 11/13/2018 Exhibit H | Due 2/11/2019 | None filed. |
| Weeks, Mary | 17-cv-4527 | 9/10/2017 | Due 4/9/2018 Filed 2/22/2019 | Over 10 months late. |

This Court has previously dismissed cases with prejudice where Plaintiffs failed to demonstrate excusable neglect or impossibility preventing them from complying with the suggestion of death deadline. *See* ECF No. 1566, Order at 7 ("Without evidence of a reasonable and good faith process for ascertaining whether or not a client is alive, the Court cannot find that either excusable neglect or impossibility justify noncompliance with PTO 23."); ECF No. 1654, Order at 5 ("Since Plaintiffs have asserted neither excusable neglect nor impossibility, the Court grants Defendants' motion with respect to Plaintiffs Cole, Ashby, and Jennings and dismisses these cases for failure to file a timely suggestion of death as required by PTO 23."); *see also* ECF No. 1440, Order at 3. In the course of the parties' meet-and-confer communications, Plaintiffs' counsel for the cases above have not demonstrated that compliance with PTO 23's suggestion of death requirement was impossible or was the result of excusable neglect in any of these cases. Hence, plaintiffs in the cases above should be dismissed with prejudice pursuant to PTO 23(A).

## II.     Plaintiff Kazogles Lacks Standing and His Claim Should Be Dismissed.

Stanley Kazogles, the primary plaintiff in *Kazogles*, 19-cv-0017, should be dismissed without prejudice for lack of standing. Mr. Kazolges' lawsuit was filed on January 4, 2019—two months after he died, according to the suggestion of death filed in his case on February 8. Because deceased plaintiffs lack standing to file lawsuits, his claims should be dismissed without prejudice. *See, e.g., Houseman* (17-cv-2615), Dkt No. 23; MDL Dkt. No. 692; *see also Banakus v. United Aircraft Corp.*, 290 F. Supp. 259, 260 (S.D.N.Y. 1968) (holding that an action filed by a deceased person "must be treated as a

nullity and it cannot be given life by substituting parties and amending the complaint."); *In Re: Engle Cases*, 767 F.3d 1082, 1110 (11th Cir. 2014) (affirming the district court's dismissal of several hundred cases filed on behalf of purportedly living, but actually deceased, smokers); *In Re: Aredia & Zometa Prods. Liab. Litig.*, No. 3–06–MD–1760, 2012 WL 2015791, at *1–2 (M.D. Tenn. June 5, 2012) (dismissing an action for want of subject matter jurisdiction where the plaintiff died one day before the complaint was filed).

In Massachusetts (the *Kazogles* state of residence), a loss of consortium claim may stand alone. *See Olsen v. Bell Tel. Labs., Inc.*, 388 Mass. 171, 176, 445 N.E.2d 609, 612 (1983) ("The claim for loss of consortium is independent of the claim of the injured spouse."). Accordingly, the claims of Stanley Kazogles should be dismissed without prejudice, and the consortium claim of his spouse may continue.

Dated: March 7, 2019                    Respectfully submitted,

                                        s/ Benjamin W. Hulse
                                        Jerry W. Blackwell (MN #186867)
                                        Benjamin W. Hulse (MN #0390952)
                                        Mary S. Young (MN #0392781)
                                        BLACKWELL BURKE P.A.
                                        431 South Seventh Street, Suite 2500
                                        Minneapolis, MN 55415
                                        Phone: (612) 343-3248
                                        Fax: (612) 343-3205
                                        Email: blackwell@blackwellburke.com
                                               bhulse@blackwellburke.com
                                               myoung@blackwellburke.com

                                        **Counsel for Defendants 3M Company and Arizant Healthcare Inc.**