UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| In re: Bair Hugger Forced Air Warming Products Liability Litigation <br> _____ <br><br> *Rhoton, et al.,* 15-cv-4360-JNE-DTS <br> *Heil*, 16-cv-1930-JNE-DTS <br> *Taylor*, 17-cv-0199-JNE-DTS <br> *Hylas*, 17-cv-0967-JNE-DTS <br> *Bucci*, 17-cv-1073-JNE-DTS <br> *Payton*, 17-cv-1222-JNE-DTS <br> *Prilo*, 17-cv-1249-JNE-DTS <br> *McKinney, et al.*, 17-cv-1503-JNE-DTS <br> *Caruso*, 17-cv-1985-JNE-DTS <br> *Hayes, et al.*, 17-cv-2572-JNE-DTS <br> *Luttrell*, 17-cv-2992-JNE-DTS <br> *Benson*, 17-cv-3304-JNE-DTS <br> *Barker*, 17-cv-3806-JNE-DTS <br> *Chapman*, 17-cv-3850-JNE-DTS <br> *Renfroe*, 17-cv-3914-JNE-DTS <br> *Ray*, 17-cv-4214-JNE-DTS <br> *Burch*, 17-cv-4288-JNE-DTS <br> *Capone*, 17-cv-5274-JNE-DTS <br> *Kappmeyer*, 18-cv-00515-JNE-DTS <br> *Syler*, 18-cv-0525-JNE-DTS <br> *Dollard*, 18-cv-0776-JNE-DTS <br> *Beard et al.*, 18-cv-0833-JNE-DTS <br> *Gohl*, 18-cv-1571-JNE-DTS <br> *Sahr*, 18-cv-1712-JNE-DTS <br> *Hiser*, 18-cv-2289-JNE-DTS | MDL No. 15-2666 (JNE/DTS) <br><br> **DEFENDANTS' REPLY IN SUPPORT OF THEIR SIXTH MOTION TO DISMISS CASES FOR FAILURE TO COMPLY WITH PRETRIAL ORDER NO. 23 AND/OR FED. R. CIV. P. 25(a) AND 41(b)** |

---

In their Sixth Motion to Dismiss for Failure to Comply with Pretrial Order 23 and/or Fed. R. Civ, P. 25(a) and 41(b), Defendants moved to dismiss twenty-five cases for failure to file timely suggestions of death or motions to substitute. Plaintiffs have not opposed Defendants' motion in six cases: *Heil*, *Payton*, *Prilo*, *McKinney*, *Chapman*, and *Kappmeyer*. Plaintiffs have filed oppositions in sixteen other cases: *Rhoton*, *Taylor*, *Hylas*, *Bucci*, *Caruso*, *Hayes*, *Capone*, *Luttrell*, *Benson*, *Barker*, *Renfroe*, *Ray*, *Burch*, *Syler*, *Dollard*, and *Gohl*.[1] In each of these matters, counsel for plaintiffs fail to establish good cause to excuse their noncompliance, either by a showing of impossibility or excusable neglect. Instead, they reassert challenges to PTO 23 that this Court has already rejected, or deny that obituaries are valid proof that their clients are dead (while offering no proof that they are living). These 22 cases should therefore be dismissed with prejudice.

The parties have stipulated to the dismissals of *Sahr* and *Beard*. Defendants agreed to withdraw their motion as to *Hiser*.

---

[1] Plaintiffs Bucci, Hayes, and Benson filed motions to substitute plaintiff after Defendants' motion to dismiss. *See, e.g.*, *Hayes*, Dkt. No. 9. Defendants opposed each of those motions individually in separate briefs. *See, e.g.*, *Hayes*, Dkt. No. 13. Plaintiffs Luttrell, Ray, Renfroe, and Barker filed motions for leave to file late suggestions of death. *See, e.g.*, *Luttrell* Dkt. No. 8. Defendants also opposed these motions. *See, e.g.*, *Luttrell* Dkt. No. 12.

## ARGUMENT

**I.   THE MERE POSSIBILITY THAT HEIRS MAY SOMEDAY BE CONTACTED IS NOT ENOUGH TO EXCUSE NONCOMPLIANCE WITH PTO 23 AND RULE 25(a).**

PTO 23 requires that counsel for plaintiffs file a suggestion of death within 90 days of a plaintiff's death, or within 90 days from the date of PTO 23, whichever is later. Furthermore, PTO 23 and Rule 25 "both then require counsel to move for substitution within 90 days of the filing of the suggestion of death. If either of these deadlines are missed, the Court must dismiss the deceased plaintiff's action." ECF No. 1566, Order; *see also* Fed. R. Civ. P. 25(a).

In *Caruso, Capone, Ray, Syler,* and *Dollard*, the suggestions of death are between one month to eight months overdue. In their response to Defendants' motion, counsel for plaintiffs state they have not been able to initiate or maintain contact with the plaintiffs' next of kin. *See*, *e.g.*, Dkt No. 1767 (*Syler*) ("Phone calls were placed to the numbers on file for Plaintiff, and a contact letter was sent to his home address. However, counsel has not received a response from Plaintiff or any family members to date. Accordingly, Plaintiff's supposed death has never been confirmed by his relatives."); Dkt. No. 1773 (*Ray*) ("As these efforts to locate next of kin have not been successful to date, counsel has been unable to confirm whether next of kin would want to continue the case on behalf of Ms. Ray or otherwise determine whether the probate process has been completed."). Counsel for plaintiff Dollard has been trying to contact plaintiff's next of kin since

November of 2018, with no success. Dkt. No. 1771 (*Dollard*) ("Counsel has not made contact with Plaintiff's next of kin, and therefore is not able to [know] whether the appropriate person or party in interest may wish to maintain this cause of action."). Nonetheless, plaintiffs argue that they should be granted an extension to try to contact plaintiffs' next of kin, or be excused for their late filing. They provide no basis for why they believe, after all this time, that the next of kin will be responsive; nor do they have any indication that the next of kin would be interested in pursuing the deceased plaintiff's claims.

Under this Court's prior rulings, the possibility of eventually contacting plaintiff's next of kin is insufficient to excuse the failure to comply with PTO 23. *See* Dkt. No. 1566, Order at 3-4 (dismissing *Lister*, 17-cv-4366 on this basis); *see also* Dkt. No. 1654, Order at 4-5 ("Plaintiff's counsel asserts that contact letters were sent to Plaintiff's next of kin, but counsel has not yet received a response. The Court, however, declines to grant Plaintiff another extension."). Granting more time in these cases based on hope of future contact with the heirs, would be inconsistent with the Court's prior orders and would send the unfortunate message that the deadlines prescribed by PTO 23 and Rule 25(a) are not meaningful.

In *Hylas*, *Rhoton Taylor*, *Luttrell*, *Renfroe*, and *Gohl*, although counsel have been able to reach plaintiff's next of kin, no estate has been opened for plaintiff, and no representative has been appointed to pursue plaintiff's action. Hence, not only are these

4

cases in violation of PTO 23, but the next of kin are not even in a position to pursue their substitutions. They have not acted diligently and in accordance with PTO 23 to maintain these claims.

For these reasons, *Caruso*, *Capone*, *Ray*, *Syler*, *Dollard*, *Hylas*, *Rhoton*, *Taylor*, *Luttrell*, *Renfroe*, and *Gohl* should be dismissed with prejudice.

## II. THIS COURT HAS ALREADY REJECTED PLAINTIFFS' CHALLENGE TO PTO 23'S DEADLINES.

### 1. PTO 23 Does Not Conflict with Fed. R. Civ. P. 25.

Some plaintiffs argue that PTO 23's deadlines violate Rule 25. For example, Counsel in *Rhoton* state that "[t]he Third Circuit has explicitly stated that Rule 25 does not establish a deadline for filing a suggestion of death," citing to *McKenna v. Pacific Rail Serv.*, 32 F.3d 820, 836 (3d Cir. 1994). *McKenna* is unlike this litigation, as there was no court order in that case agreed upon by the parties to establish a suggestion of death deadline. In fact, the *McKenna* court stated that "[d]ecisions on the motion for substitution are within the trial court's discretion," noting that Fed. R. Civ. P. 25(a) holds that "the court may order substitution." Furthermore, nothing in Rule 25 or any other federal rule prevents a court from imposing a suggestion of death deadline. Plaintiff cites to several cases that permit late suggestions of death, but none of the cases involve a pretrial court order laying out the procedure for handling deceased plaintiffs. As each case's facts and needs are different, court orders may supplement federal rules to meet specific case needs. As noted by the Court in its Order Denying Plaintiffs' Motion to Amend PTO 23, this Court

"possesses inherent power to manage its own affairs so as to achieve the orderly and expeditious disposition of cases." *Order*, Dkt No. 1614 at 3; *see also Vallejo v. Amgen, Inc.*, 903 F.3d 733, 749 (8th Cir. 2018).

Counsel for plaintiff Hylas argue that Rule 25(c) requires *Defendants* to serve the suggestion of death on to plaintiff's next-of-kin; and only when plaintiff's next of kin has been served, does the 90-day deadline for the motion to substitute begin to run. Dkt. No. 1825 (*Hylas*) ("Here, Defendants never attempted to serve Mr. Hylas's personal representative, Mark R. Hylas, the executor of Mr. Hylas's estate. Although defense counsel first notified Plaintiff's counsel of the Suggestion of Death on February 5, 2019, that is the earliest date from which the 90-day period to substitute a party might possibly have commenced."). Rule 25 does not require this, and PTO 23(A) expressly provides that "plaintiff's counsel shall file a 'Suggestion of Death' that identifies the plaintiff and describes the time, date, and circumstances of the plaintiff's death."

Several plaintiffs cite to cases holding that the 90-day clock for a motion to substitute under Rule 25 does not start running until a suggestion of death has been served. *Id.* at 4. This misses Defendants' argument. Nowhere have Defendants argued that the motion to substitute count-down should start before a suggestion of death is filed. The problem is that suggestions of death were filed late, in violation of PTO 23, or not filed at all.

### 2. Dismissal of Cases for Failure to Comply with PTO 23 Is Appropriate and Not Contrary to MDL Policy.

Counsel for several plaintiffs further argue that dismissal under PTO 23 is inappropriate since their actions "do not constitute willful disobedience or intentional delay," (Dkt. No. 1825 (*Hylas*)) and because "[p]laintiff's noncompliance with Pretrial Order 23(A) was not willful or in bad faith" (MDL ECF Nos. 1757, 1759, 1761, 1763 (*Luttrell*, *Ray*, *Renfroe*, *Barker*, respectively)). This Court has rejected this argument as well, noting that dismissal with prejudice "does not require a finding that the plaintiff acted in bad faith but requires only that he acted intentionally as opposed to accidentally or involuntarily." (internal quotations omitted). Order, Dkt. No. 1654. While the Court may excuse noncompliance with PTO 23 for excusable neglect or impossibility, "[w]ithout evidence of a reasonable and good faith process for ascertaining whether or not a client is alive, the Court cannot find that either excusable neglect or impossibility justify noncompliance with PTO 23." Order, Dkt. No. 1566. None of plaintiffs' counsel claim to have a system in place for keeping in regular contact with their clients or ascertaining whether they are alive. The reality is that many counsel continue to ignore their obligations to maintain contact with their clients under PTO 23. This is why Defendants are forced to continue to review online obituaries to determine which plaintiffs are living and which are deceased.

In addition, several Plaintiffs' counsel concede they failed to file suggestions of death even after learning about their clients' deaths. *See, e.g.*, Dkt. No. 1753 (plaintiff

7

Hayes died on February 20, 2018, and counsel learned of plaintiff's death on November 6, 2018, but did not file a suggestion of death until January 7, 2019); Dkt. No. 1751 (plaintiff Benson died on March 10, 2018, and counsel learned about plaintiff's death on January 4, 2019, but did not file a suggestion of death until January 23, 2019); Dkt. No. 1769 (plaintiff Burch died on May 14, 2018, counsel learned of death on December 4, 2018, but did not file a suggestion until February 14, 2019); Dkt. No. 1776 (plaintiff Gohl died on October 9, 2018, and counsel learned of the death a few days after, but did not file a suggestion of death until February 6, 2019).

Plaintiffs' next argument is that their failure to comply with PTO 23 has "not caused undue delay and there is absolutely no prejudice to Defendants, because . . . [these cases are] not Bellwether[s] . . . [and] there are no discovery deadlines which would have been delayed by an untimely filing of the Suggestion of Death." *See, e.g.*, Dkt. No. 1782 (*Taylor*). This Court has repeatedly rejected this argument. The Court has also underscored that the deadlines in PTO 23 fulfill the vital function of ensuring that the MDL includes only viable cases: "This [PTO 23] process prevents deceased plaintiffs from populating and inflating the MDL docket and allows the Court and Defendants to know the true size of the MDL. This ultimately prevents court congestion and undue delay in resolving the MDL. These benefits justify dismissing plaintiffs who willfully disobey PTO 23." Dkt. No. 1614, Order Denying Plaintiffs' Motion to Amend PTO 23, at 2. See also Dkt. No. 1440, Order at 5–6 ("PTO 23 exists to ensure that counsel maintain sufficient contact with

Plaintiffs to allow the Court and Defendants to know whether or not Plaintiffs are alive. PTO 23 made clear that dismissal with prejudice would follow from the failure to maintain sufficient contact. The 90-day deadline in PTO 23 for filing a suggestion of death represents a compromise between the preferences of Plaintiffs and Defendants.").

## III.   OBITUARIES ARE ACCEPTABLE PROOF OF PLAINTIFFS' DEATH.

Some plaintiffs' counsel object to the online obituaries of their clients found by Defendants as hearsay. MDL ECF No. 1765 (*Caruso*), MDL ECF No. 1767 (*Syler*). This is not a trial or a summary judgment proceeding. Defendants offer these obituaries to demonstrate that these plaintiffs are deceased and that PTO 23's requirements have not been met. For each plaintiff, Defendants matched the dates of birth, cities of birth and death, and family members' names with plaintiff's PFS to confirm that the correct plaintiff had been identified. It is now Plaintiffs' burden to demonstrate that their clients are living, which they have failed to do.

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court dismiss with prejudice all 22 remaining cases.

Dated: March 14, 2019                    Respectfully submitted,

                                            /s/ Benjamin W. Hulse
Jerry W. Blackwell (MN #186867)
Benjamin W. Hulse (MN #0390952)
Mary S. Young (MN #0392781)
BLACKWELL BURKE P.A.
431 South Seventh Street, Suite 2500
Minneapolis, MN 55415
Phone: (612) 343-3248
Fax: (612) 343-3205
Email: blackwell@blackwellburke.com
       bhulse@blackwellburke.com
       myoung@blackwellburke.com

**Counsel for Defendants 3M Company and Arizant Healthcare Inc.**