IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

| | |
|---|---|
| IN RE: BAIR HUGGER FORCED AIR WARMING PRODUCT LIABILITY LITIGATION | MDL No.: 15-md-02666 (JNE/DTS) |
| This Document Relates To: | |
| EVENLYN TATE, | |
| | Civil Action No.: 16-cv-01846 |
| Plaintiff, | |

_____

## PLAINTIFF'S RESPONSE TO DEFENDANTS' SIXTH MOTION TO DISMISS FOR FAILURE TO COMPLY WITH PRETRIAL ORDER NO. 23

NOW COMES Plaintiff, Evelyn Tate, identified in Defendants' Sixth Motion to Dismiss for Failure to Comply with Pretrial Order No. 23 [Dkt. 1836], and by and through undersigned counsel submits this, her Response to Defendants' Motion to Dismiss, and would respectively show the Court the following:

### FACTS

Ms. Evelyn Tate contacted undersigned counsel regarding an infection and subsequent treatment that he experienced due to the use of a Bair Hugger patient warming device during an orthopedic surgery. Counsel worked to obtain medical records and billing records to move forward with the case. Those records indicated that a Bair Hugger device was used during the original surgery. On June 3, 2016, counsel filed the current action to comply with what was identified as the applicable statute of limitations deadline for the relevant claim.

Efforts were made to follow up with Plaintiff to obtain information for the Plaintiff Fact Sheet ("PFS") after the case was filed in June 2016 and continued for the next few months. A PFS was submitted to the Court on December 24, 2016. Defendants issued a deficiency notice and Plaintiff submitted an amended PFS on February 9, 2017. Defendants issued another deficiency on March 1, 2017, and Plaintiff submitted another amended PFS on March 22, 2017. On April 17, 2017, Defendants issued another deficiency notice, and Plaintiff submitted a completed PFS on May 8, 2017. Counsel had been in close contact with Plaintiff. During the course of completing the PFS, Plaintiff gave every indication that she wanted to continue the case. Defendants did not issue any further Deficiency Notices regarding this PFS.

Counsel for Plaintiff keeps its clients aware of developments in this and other litigation through its monthly email newsletter. Further, staff at Kennedy Hodges, LLP recommends that clients inform their family about any pending litigation and have a family member contact the firm in the event that the client is suffering from severe health issues or has passed away.

On March 5, 2019, counsel for Plaintiff received an email from Defendants stating that Plaintiff had passed away informing counsel that a Suggestion of Death was due 90 days after her death, pursuant to Pretrial Order No. 23. As the Suggestion of Death was not timely filed, Defendants stated that the case would be considered in a future Motion to Dismiss.

Counsel made immediate efforts to contact Plaintiff's next of kin after receiving this email from Defendants. Phone calls were placed to Plaintiff's spouse. Plaintiff's spouse informed Counsel that he had an interest in pursuing his wife's claim and would complete the appropriate probate paperwork.

## ARGUMENT

Counsel for Plaintiff was not made aware of the death of Plaintiff until after the 90-day time period had expired. For the Court to dismiss Plaintiff's claims with prejudice would be an unduly harsh result given the circumstances.

**A.      Dismissal with Prejudice is a Drastic Measure in this Situation**

A dismissal with prejudice "is a drastic sanction that should be exercised sparingly." *Pardee v. Stock*, 712 F.2d 1290, 1292 (8th Cir.1983). Plaintiff's noncompliance with Pretrial Order 23(A) was not willful or in bad faith, and a dismissal with prejudice would be extreme. A dismissal with prejudice "should be used only in cases of willful disobedience of a court order or where a litigant exhibits a pattern of intentional delay." *Hunt v. City of Minneapolis*, 203 F. 3d 524, 527 (8th Cir. 2000); *see also Hutchins v. A.G. Edwards & Sons, Inc..*, 116F.3d 1256, 1260; *Mann v. Lewis*, 108 F.3d 145, 147 (8th Cir. 1997) (quoting *Givens v. A.H. Robins Co.*, 751 F.2d 261, 263 (8th Cir. 1984)). In *Givens v. A.H. Robins Co.*, the court reversed a dismissal with prejudice where the litigants only transgression was failure to comply with a discovery deadline. *Givens*, 751 F.2d 264, 264 (8th Cir. 1984). The court reasoned that dismissal with prejudice was disproportionate to this act of noncompliance. *Id*.

Here, Plaintiff's only transgression is that a suggestion of death was not filed within the 90-day time period, as counsel for Plaintiff was not aware that Plaintiff had passed away. Plaintiff's actions do not constitute a willful disobedience. Total extinction of Plaintiff's cause of action would be disproportionate to this unintentional act of noncompliance with Pretrial Order No. 23.

**B.     Policy Factors Disfavor Dismissal with Prejudice**

"[A]n action should be dismissed with prejudice 'only after balancing the policy of giving the plaintiff [his or her] day in court against [the] policies of preventing undue delay, avoiding court congestion, and preserving respect for court procedures." *Omaha Indian Tribe v. Tract I-Blackbird Bend Area*, 933 F.2d 1462, 1468 (8th Cir.) (*quoting Garrison v. International Paper Co.*, 714 F.2d 757, 760 (8th Cir. 1983)); *see also Moore v. St. Louis Music Supply Co., Inc.*, 539 F.2d 1191, 1193 (8th Cir. 1976); *Navarro v. Chief of Police, Des Moines, Iowa*, 523 F.2d 214, 217 (8th Cir. 1975).

Plaintiff has not caused an undue delay and there is absolutely no prejudice to Defendants. There is no delay or prejudice because unlike standard litigation, this case differs because it is filed in the MDL. Since this case is not a bellwether selection, there are no discovery deadlines which would have been delayed by an untimely filing of the suggestion of death. The possible remand of this case will not occur for months, possibly longer, as several bellwether cases are still pending. Under these circumstances, it cannot be said that Plaintiff willfully refused to comply with this Court's order. A dismissal with prejudice would be a harsh consequence, and forever deny Plaintiff's day in court.

## **CONCLUSION**

For the foregoing reasons, undersigned counsel respectfully requests that Plaintiff's claims not be dismissed with prejudice pursuant to Pretrial Order 23 and an additional ninety (90) days be given for Plaintiff's spouse to complete the appropriate probate paperwork.

Dated: March 14, 2019

KENNEDY HODGES, LLP

By: /s/ David W. Hodges
David W. Hodges
dhodges@kennedyhodges.com
Gabriel A. Assaad
gassaad@kennedyhodges.com
4409 Montrose Blvd. Ste 200
Houston, TX 77006
Telephone: (713) 523-0001
Facsimile: (713) 523-1116

ATTORNEYS FOR PLAINTIFF