IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

| | |
|---|---|
| IN RE: BAIR HUGGER FORCED AIR WARMING PRODUCT LIABILITY LITIGATION | MDL No.: 15-md-02666 (JNE/DTS) |
| This Document Relates To: | |
| EVELYN TATE, | Civil Action No.: 16-cv-01846 |
| Plaintiff, | |

_____

**DECLARATION OF SAMANTHA RODRIGUEZ IN SUPPORT OF
PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS**

I, Samantha Rodriguez, declare as follows:

1. I am an attorney at Kennedy Hodges, LLP and Counsel for Plaintiff Evelyn Tate in the above-captioned matter.

2. I submit this declaration in opposition to Defendants' Motion to Dismiss for Failure to Comply with Pretrial Order No. 23 [Dkt. 1836] filed on March 7, 2019.

3. Ms. Tate contacted Kennedy Hodges, LLP regarding injuries that were allegedly caused by the Bair Hugger patient warming device.

4. Medical records and billing records pertaining to Ms. Tate's treatment were obtained by Kennedy Hodges through its third-party medical records retrieval company. Those records indicated that a Bair Hugger device was used during her initial orthopedic surgery.

5. This case was filed on June 3, 2016 to comply with a possible statute of limitations deadline identified by counsel.

6. PFS was submitted to the Court on December 24, 2016. Defendants issued a deficiency notice and Plaintiff submitted an amended PFS on February 9, 2017. Defendants issued another deficiency on March 1, 2017, and Plaintiff submitted another amended PFS on March 22, 2017. On April 17, 2017, Defendants issued another deficiency notice, and Plaintiff submitted a completed PFS on May 8, 2017.

7. Counsel for Plaintiff keeps its clients aware of developments in this and other litigation through its monthly email newsletter. Further, staff at Kennedy Hodges, LLP recommends that clients inform their family about any pending litigation and have a family member contact the firm in the event that the client is suffering from severe health issues or has passed away.

8. On March 5, 2019, counsel received an email from Defendants stating that Ms. Tate had passed away. Counsel was not aware of Ms. Renfroe's passing prior to receipt of this email.

9. Counsel made immediate efforts to contact Plaintiff's next of kin after receiving this email from Defendants and spoke to Plaintiff's spouse.

10. Plaintiff's spouse represented to Counsel that he has an interest in pursuing his wife's claim and would complete the appropriate probate paperwork.

Pursuant to 28 U.S.C. § 1746(2), I declare under penalty of perjury that the foregoing is true and correct.

March 14, 2019                                    /s/Samantha Rodriguez
                                                               Samantha Rodriguez