## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE BAIR HUGGER FORCED AIR WARMING PRODUCTS LIABILITY LITIGATION | MDL No.: 15-md-02666 (JNE/FLN) |
| This Document Relates to All Actions. | |
| **Mary J. Weeks,** | Civil Action No.: 0:17-cv-04527 |
| **Plaintiff,** | |
| v. | **RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS** |
| **3M Company and Arizant Healthcare, Inc.,** | |
| **Defendants.** | |

Plaintiffs' noncompliance with the Pretrial Order 23(A) ("PTO 23") was not willful or in bad faith, and a dismissal with prejudice would be extreme. A dismissal with prejudice "should be used only in cases of willful disobedience of a court order or where a litigant exhibits a pattern of intentional delay." *Hunt v. City of Minneapolis*, 203 F. 3d 524, 527 (8th Cir. 2000); *see also Hutchins v. A.G. Edwards & Sons, Inc.*, 116F.3d 1256, 1260; *Mann v. Lewis*, 108 F.3d 145, 147 (8th Cir. 1997) (quoting *Givens v. A.H. Robins Co.*, 751 F.2d 261, 263 (8th Cir. 1984)). In *Givens v. A.H. Robins Co.*, the court reversed a dismissal with prejudice where the litigants' only transgression was failure to comply with a discovery deadline. *Givens*, 751 F.2d 264, 264 (8th Cir. 1984). The court reasoned that dismissal with prejudice was disproportionate to this act of noncompliance. *Id*.

1

Here, the only transgression is that the suggestion of death was not filed 90 days from the date of the client's death.  Dismissal with prejudice should only be granted after balancing the policy of giving the plaintiff [his or her] day in court against [the] policies of preventing undue delay, avoiding court congestion, and preserving respect for court procedures." *Omaha Indian Tribe v. Tract I-Blackbird Bend Area*, 933 F.2d 1462, 1468 (8th Cir.) (quoting *Garrison v. International Paper Co.*, 714 F.2d 757, 760 (8th Cir. 1983)).  There is no undue delay and absolutely no prejudice to Defendants since the Plaintiff Fact Sheet had already been submitted and there was no continuing activity in the case at this time.

### I.  Plaintiff's family and his counsel have made diligent and good faith effort to comply with PTO 23.

Defendants argue that the Plaintiff failed to file a suggestion of death within the time prescribed by PTO 23, and therefore Mary Weeks' claims should be dismissed with prejudice. Counsel made reasonable efforts to keep current with the status of Mary Weeks' well-being and to comply with PTO 23.  Among other things, Plaintiff's counsel did not learn of Mary Weeks' death until five months after she passed. However, Defendants have not suffered any prejudice associated with the filing of a suggestion of death after the 90-day period set forth in PTO 23.  For the Court to dismiss Mary Weeks' claims with prejudice would be an unduly harsh result given the circumstances.

### a. Counsel for Mary Weeks maintained consistent and regular contact with Mary Weeks, both before and after her passing.

Counsel for Mary Weeks maintained regular contact throughout the case, both before and after Mary Weeks' death.  In order to keep its clients apprised of the MDL

proceeding, Plaintiff's counsel sends regular letters to its clients which provide litigation status updates and ask that the client inform counsel of any changes to their medical condition or to their contact information. Since filing the Plaintiff Fact Sheet in January 2018, counsel sent Mary Weeks a total of five letters which all reiterated the need to inform counsel of any significant changes to the her health or contact information. Kraft decl. at ¶ 3.

Of particular significance is the letter from counsel sent to Mary Weeks on January 19, 2018. This letter followed the Court's issuance of PTO 23 on January 8 and stressed that it was extremely important that the client instruct their family to contact their retained counsel in the event that the client passes away:

> This means that should the unfortunate happen and you were to pass away, we would only have 90 days to substitute another person to stand in as your representative in the lawsuit. Otherwise, your lawsuit would be dismissed and your estate and/or heirs would not benefit from any potential settlement. **It is thus important that you inform your loved ones or a trusted contact that (1) you have a pending lawsuit and (2) they should promptly contact us should something happen to you.**

Kraft decl. at Ex. 1.

Focusing on the time period surrounding Mary Weeks' death on September 10, 2018, counsel sent two letters – one before and one after her passing. On June 28, 2018, counsel sent Mary Weeks a status update letter which updated the client on the *bellwether* procedure and explained how these proceedings affect the MDL. Kraft decl. at Ex. 2. In closing, the letter contained the following:

> If you have any questions, you can reach us toll free at 1-800-873-5297. As always, please also keep us updated as to any significant changes in your medical condition or contact information, including secondary contact information. Because of the complex nature of this products liability case, there is still a long road ahead of us. We appreciate your patience.

*Id*. (emphasis added).

Counsel also sent Mary Weeks a status update letter on November 30, 2018. Kraft decl. at Ex. 3. This letter came on the heels of the Court's October 26, 2018 Order in which the Court dismissed five cases due to noncompliance with PTO 23. ECF No. 1566. Wanting to avoid any potential non-compliance with PTO 23, counsel's letter again stressed the importance of contacting counsel in the event the client passes away and contained the following:

> If you have any questions, you can reach us toll free at 1-800-873-5297. As always, please keep us updated as to any significant changes in your medical condition or contact information, including secondary contact information. Also, please make sure your close family members and/or friends are aware that they must contact us promptly in the event you pass away before the conclusion of this litigation. As indicated in our January 2018 letter to you, Judge Ericksen has ordered that we file a Suggestion of Death within 90 days of your passing, otherwise your case will be dismissed and your heirs will not be able to proceed with your claim. Because of the complex nature of this products liability case, there is still a long road ahead of us. We appreciate your patience.

Kraft decl. at Ex. 3 (emphasis added).

Thus, counsel tried made diligent and reasonable attempts to repeatedly inform Mary Weeks and her family that it was of utmost importance that her family contact counsel if Mary dies. This is especially reasonable considering that Mary Weeks' case was not selected as a *bellwether* case and is thus in a holding pattern.

4

> b. <u>Mary Weeks' Heirs and Plaintiff's counsel diligently pursued proper substitution upon learning of the Mary Weeks' passing.</u>

Plaintiff's counsel acted swiftly and filed the suggestion of death within seventeen days of learning of her passing. Plaintiff's counsel learned of Mary Weeks' passing from her husband, Richard Weeks, when the attorney called the Weeks' home on February 5, 2019 to ensure that the injury and medical information was complete and up to date. Plaintiff's counsel immediately requested Mary Weeks' husband to send a copy of Mary's death certificate. Kraft Decl. at ¶ 5. After receiving a copy of the death certificate, counsel promptly filed a suggestion of death on February 22 and is currently working through probate in order to appoint a personal representative to be timely substituted in this case.[1] Case No. 0:17-cv-01073, ECF No. 8. Plaintiff and her counsel did not "willfully disobey PTO 23" such that dismissal is justified. Order denying Mtn. to Amend PTO 23 at 2, ECF No. 1614. Instead, Mary Weeks and her family inadvertently failed to inform retained counsel of her death; once counsel learned of her passing, they acted as promptly as possible to follow the procedures outlined in PTO 23.

## II. Permitting substitution at this time poses no risk of prejudice to Defendants and does not affect the Court's MDL management.

This Court relies on PTO 23's 90-day deadline to help manage the MDL proceeding by "prevent[ing] deceased plaintiffs from populating and inflating the MDL docket and allow[ing] the Court and Defendants to know the true size of the MDL."

---

[1] Defendants' Motion to Dismiss incorrectly lists Mary Weeks' date of death as September 10, 2017. Mary died on September 10, 2018, as listed on the suggestion of death. ECF No. 8. Thus, the suggestion of death filed on February 22, 2019 is 70 days late, not ten months late as Defendants list in their motion.

5

Order denying Mtn. to Amend PTO 23 at 2, ECF No. 1614.  Because of these docket concerns, the Court justified its inclusion of the deadline in order to dismiss plaintiffs who "willfully disobey PTO 23." *Id*.  None of these concerns are implicated here.

The instant case is one of thousands of Bair Hugger cases that were not selected as a *bellwether* case to be worked up and tried.  To date, this case has consisted of a complaint, an answer, and a completed Plaintiff Fact Sheet served on January 2, 2018.  In the thirteen months since the Plaintiff Fact Sheet was served, there has not been any other substantive discovery sought by the Defendants.  Mary Weeks' claims against Defendants stem from her use of the Bair Hugger product during her left total hip arthroplasty in 2010.  An inadvertent delay in filing her suggestion of death does not affect the size or management of the MDL – Mary Weeks' case would remain the same: a viable, pending non-*bellwether* case.

This case does not represent a plaintiff "willfully disobey[ing]" PTO 23 in an effort to deceive or delay the Court's management of the MDL.  Neither the Court nor the Defendants will be prejudiced by allowing substitution because this case will remain in a holding pattern along with the other non-*bellwether* cases.

### III. CONCLUSION

For the foregoing reasons, and in light of its pending motion to substitute party, Plaintiff asks that the Court DENY the instant Motion to Dismiss for failure to comply with PTO 23.

Dated: March 14, 2019					**SCHLICHTER, BOGARD & DENTON, LLP**

/s/ Kristine Kraft
Kristine K. Kraft, Esq.
100 South Fourth Street, Suite 1200
St. Louis, MO 63102
314-621-6115 (phone)
314-621-7151 (fax)
kkraft@uselaws.com

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Motion to Substitute Party was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all CM/ECF participants registered to receive service in this matter.

Dated: March 14, 2019                                   /s/ Kristine Kraft
                                                                         Kristine K. Kraft, Esq.