## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE:  BAIR HUGGER FORCED AIR WARMING PRODUCTS LIABILITY LITIGATION | Case No. 15-ml-02666 JNE-FLN MDL NO. 2666 |
| This Document Relates to:<br>• Bellach, Marie  18-cv-2087 | |

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

Plaintiff Maria Dimesa's (as representative of the estate of Marie Bellach, deceased) noncompliance with the Pretrial Order 14 ("PTO 14") was not willful or in bad faith, and a dismissal with prejudice would be extreme at this juncture.   This is particularly so given that Plaintiff Bellach's Plaintiff Fact Sheet was served on March 19, 2019.

A dismissal with prejudice "should be used only in cases of willful disobedience of a court order or where a litigant exhibits a pattern of intentional delay." *Hunt v. City of Minneapolis*, 203 F. 3d 524, 527 (8th Cir. 2000); *see also Hutchins v. A.G. Edwards & Sons, Inc.*, 116F.3d 1256, 1260; *Mann v. Lewis*, 108 F.3d 145, 147 (8th Cir. 1997) (*quoting Givens v. A.H. Robins Co.*, 751 F.2d 261, 263 (8th Cir. 1984)). In *Givens v. A.H. Robins Co.*, the court reversed a dismissal with prejudice where the litigants' only transgression was failure to comply with a discovery deadline. *Givens*, 751 F.2d 264, 264 (8th Cir. 1984). The court reasoned that dismissal with prejudice was disproportionate to this act of noncompliance. *Id.*

Here, the only issue was that Plaintiff was slightly delayed in the filing of her PFS. This was not intentional, but rather, was due to the death of her mother who possessed most of the relevant information.   Thus, Plaintiff was required to obtain the information requested, which she then did.

As noted above, as of March 19, 2019, Plaintiff has now filed and served a plaintiff fact sheet upon the defendant.   Therefore, the reason for the requested relief has become moot.   The defendants suffered no true prejudice, and there is no inkling of willful disobedience, intentional delay or bad faith, and certainly not to the extent where a dismissal with prejudice would be an appropriate remedy.

## CONCLUSION

For the foregoing reasons, Plaintiff asks that the Court DENY the instant Motion to Dismiss for failure to comply with PTO 23


Dated:  March 19, 2019

                              NAPOLI SHKOLNIK PLLC

                              By: /s/Nicholas Farnolo_____
                                    Nicholas Farnolo (NF 6598)
                                    400 Broadhollow Road
                                    Melville, New York 11747
                                    (212) 397-1000
                                    *Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

IN RE:  BAIR HUGGER FORCED AIR
WARMING PRODUCTS LIABILITY
LITIGATION

Case No. 15-ml-02666 JNE-FLN
MDL NO. 2666

This Document Relates to:
- Bellach, Marie  18-cv-2087

## L.R. 7.1 WORD COUNT COMPLIANCE CERTIFICATE

I, Nicholas R. Farnolo, certify that Plaintiff's Response in Opposition to Defendants' Motion to Dismiss complies with Local Rule 7.1(f) and 7.1(h).

I further certify that, in preparation of this Opposition, I used Microsoft Word and that this word processing program has been applied specifically to include all text, including headings, footnotes and quotations in the following word count.

I further certify that the above referenced Opposition contains 293 words, exclusive of the caption and signature block.

Dated:  March 19, 2019

NAPOLI SHKOLNIK PLLC

By: /s/Nicholas Farnolo
    Nicholas Farnolo (NF 6598)
    400 Broadhollow Road
    Melville, New York 11747
    (212) 397-1000
    *Attorneys for Plaintiff*