UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: BAIR HUGGER FORCED AIR WARMING DEVICES PRODUCTS LIABILITY LITIGATION | MDL No. 15-2666 (JNE/DTS) |
| | ORDER |
| This Document Relates To: Case Nos.: | |
| 16-cv-2351 (*Connell v. 3M Co., et al.*) 17-cv-3062 (*Oeltjen v. 3M Co., et al.*) 17-cv-3259 (*Folmer v. 3M Co., et al.*) 17-cv-3476 (*Platine v. 3M Co., et al.*) 17-cv-3617 (*Crume v. 3M Co., et al.*) 17-cv-5323 (*Richey v. 3M Co., et al.*) | |

Defendants 3M Company and Arizant Healthcare, Inc. ("Defendants") move to dismiss the above-captioned member cases in the *Bair Hugger* MDL for failure to comply with Pretrial Order No. 23 ("PTO 23"), MDL ECF No. 1039, and Federal Rule of Civil Procedure 25. Defs.' Mot. to Dismiss, MDL ECF No. 1621. The Court grants Defendants' motion.

**BACKGROUND**

Federal Rule of Civil Procedure 25 states that, following the death of a plaintiff, a "motion for substitution may be made by any party or by the decedent's successor or representative." PTO 23 expands on the procedures for substitution. MDL ECF No. 1039. It instructs plaintiffs as to the filing and content of both the motion for substitution and a "suggestion of death." *Id.* It warns that noncompliance with these directives "will entitle Defendants to request a dismissal of plaintiff's action with prejudice in accordance with Fed. R. Civ. P. 25(a)." *Id.*

1

In relevant part, PTO 23 requires plaintiff's counsel to file a suggestion of death within ninety days of the death of the plaintiff. The suggestion of death must identify "the plaintiff and describe[] the time, date, and circumstances of the plaintiff's death." *Id.* PTO 23 and Rule 25 both then require counsel to move for substitution within ninety days of the filing of the suggestion of death. A motion for substitution must (1) identify the proposed substitute, (2) explain why the proposed substitute is a proper party, and (3) explain why the death of the named plaintiff did not extinguish the claim under the applicable state laws.

Plaintiffs moved to eliminate the ninety-day deadline for filing the suggestion of death, arguing that compliance with PTO 23 is sometimes impossible where a plaintiff relocates or experiences health issues and fails to respond to counsel's communications. Pls.' Mot. to Amend, MDL ECF No. 1517. On December 4, 2018, this Court denied Plaintiffs' motion to amend PTO 23. Order, MDL ECF No. 1614. The Court acknowledged, however, that it "excuses noncompliance with PTO 23 when compliance is impossible" or where plaintiff provides "detailed diligent and good faith efforts to comply with the deadlines in PTO 23." *Id.* at 1-2.

## LEGAL STANDARD

If a plaintiff fails to prosecute or comply with PTO 23, the Court may dismiss the case. Fed. R. Civ. P. 41(b). Such dismissal may be with prejudice "in cases of willful disobedience of a court order or where a litigant exhibits a pattern of intentional delay." *Hunt v. City of Minneapolis*, 203 F.3d 524, 527 (8th Cir. 2000). This does not require a "finding that the [plaintiff] acted in bad faith but requires 'only that he acted intentionally

as opposed to accidentally or involuntarily.'" *Id.* (citation omitted).  However, the Court excuses noncompliance where plaintiffs have demonstrated excusable neglect or impossibility to comply with PTO 23's deadline.  Order, MDL ECF No. 1566 ("Without evidence of a reasonable and good faith process for ascertaining whether or not a client is alive, the Court cannot find that either excusable neglect or impossibility justify noncompliance with PTO 23.").

## DISCUSSION

First, Defendants argue that Plaintiffs Crume, Oeltjen, and Platine did not file a timely suggestion of death.  While conducting a search of obituaries, which are attached as exhibits to Defendant's motion, Defendants assert that they notified Plaintiffs' counsel of these plaintiffs' deaths.

In both *Crume* and *Oeltjen*, Plaintiff's counsel filed an untimely suggestion of death on December 13, 2018.  Additionally, in response to Defendants' motion to dismiss, Plaintiff's counsel requested sixty days to contact next of kin in order to file a motion for substitution.  Yet, a motion for substitution has not been filed in either case. PTO 23 and Rule 25 both require counsel to move for substitution within ninety days of the filing of the suggestion of death.  Thus, the Court grants Defendants' motion with respect to Plaintiffs Crume and Oeltjen and dismisses these cases for failure to file a timely motion for substitution as required by PTO 23 and Rule 25(a).

In *Platine*, Plaintiff has not filed a suggestion of death.  MDL ECF No. 1623. Furthermore, Plaintiff does not oppose Defendants' motion to dismiss.  The Court therefore dismisses this action with prejudice for failure to prosecute under Rule 41(b).

Next, Defendants argue that Plaintiffs Connell, Folmer, and Richey did not file a timely motion to substitute.

In *Connell*, Plaintiff filed a suggestion of death, but failed to file a timely motion to substitute. The Court granted an extension until October 1, 2018 so that Plaintiff's counsel could determine Connell's representative. *Connell*, 16-cv-2351, ECF No. 30. Plaintiff did not file anything further until October 17, 2018, and the Magistrate Judge denied Plaintiff's motion to substitute on November 27, 2018 due to "Plaintiff's lack of good faith dealing with this matter." *Id.* In response to Defendants' pending motion to dismiss, Plaintiff asks the Court to reverse the Magistrate Judge's and deny Defendants' motion. MDL ECF No. 1631. But because the Court affirmed the Magistrate Judge's order on December 27, 2018, the Court dismisses this matter with prejudice.

In *Folmer*, Plaintiff filed a suggestion of death, but failed to file a timely motion to substitute. The Court granted an extension until October 1, 2018 for the Plaintiff's next of kin to be appointed as representative of the estate. *Folmer*, 17-cv-3259, ECF No. 20. However, the Magistrate Judge denied Plaintiff's motion to substitute on November 29, 2018 when Plaintiff failed to file anything further with the Court. In response to Defendants' pending motion to dismiss, Plaintiff requests permission to file an amended motion for substitution. MDL ECF No. 1641. Plaintiff's counsel alleges that in early December 2018, they learned that Tiffany Hudnall was named as administratix of Plaintiff's estate. *Id.* at 3. If this was the case, Plaintiff's counsel should have objected to the Magistrate Judge's denial of her substitution motion. Plaintiff failed to do so, and that order is final. Furthermore, this lack of communication with the Court is precisely

4

why the Magistrate Judge denied Plaintiff's motion for substitution. *Folmer* ECF No. 20. Thus, the Court dismisses this matter with prejudice.

Finally, in *Richey*, Plaintiff filed a suggestion of death but did not file a motion to substitute, which was due on October 1, 2018. This Court granted Plaintiff an extension to move for substitution within 30 days of the status conference on October 18, 2018. The Court emphasized that if no motion to substitute was filed, Defendants may move for dismissal with prejudice and the Court will grant the motion. To date, no motion to substitute has been filed and the Court grants Defendants' motion as to Plaintiff Richey.

## CONCLUSION

Based on the files, records, and proceedings herein, IT IS ORDERED THAT:

1. Defendants' Fifth Motion to Dismiss for Failure to Comply with Pretrial Order No. 23 and Federal Rule of Civil Procedure 25 [MDL ECF No. 1621] is GRANTED.

2. The following cases are DISMISSED WITH PREJUDICE: *Connell v. 3M Co., et al.*, 16-cv-2351; *Crume v. 3M Co., et al.*, 17-cv-3617; *Folmer v. 3M Co., et al.*, 17-cv-3259; *Oeltjen v. 3M Co., et al.*, 17-cv-3062; *Platine v. 3M Co., et al.*, 17-cv-3476; and *Richey v. 3M Co., et al.*, 17-cv-5323.

Dated: March 20, 2019

                                                  s/ Joan N. Ericksen
                                                  JOAN N. ERICKSEN
                                                  United States District Judge