IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
_____

| | |
|---|---|
| IN RE: BAIR HUGGER FORCED AIR WARMING PRODUCT LIABILITY LITIGATION | MDL No.: 15-md-02666(JNE/DTS) |
| This Document Relates To: ROY COOPER & VALERIE, Plaintiff, | Civil Action No.: 18-cv-01724 |

_____

### PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS

NOW COMES Plaintiffs, Roy Cooper & Valerie Cooper, identified in Defendants' Motion to Dismiss for Failure to Comply with Pretrial Order No. 14 (Dkt.1829), and by and through undersigned counsel submits this, his Response to Defendants' Motion to Dismiss, and represents as follows:

### FACTS AND ARGUMENT

Plaintiffs contacted undersigned counsel regarding an infection and subsequent treatment that he experienced due to the use of a Bair Hugger Patient warming device during an orthopedic surgery. Counsel worked to obtain medical records and billing records to move forward with the case. On June 22, 2018 counsel filed the current action to comply with what was identified as the applicable statute of limitations deadline for the relevant claim. On September 19, 2018, Plaintiffs served their Plaintiff Fact Sheet on Defendants.

Counsel for Plaintiffs was advised of alleged deficiencies in the submitted Plaintiff Fact Sheet. Plaintiff and their counsel have repeatedly attempted to correct the deficiencies as is evidenced by the multiple PFS forms submitted. Despite multiple attempts, Defendants continued

to allege deficiencies. The primary deficiency raised by Defendants was limited to a question regarding Plaintiff's emotional damages response (Question VI(3)). Initially, in response to question VI(3) Plaintiff supplemented his response but failed to provide an approximate date of onset. An additional supplementation was made to provide the date of onset. The production of this information therefore cured the purported deficiency alleged in question VI(3). Although Plaintiffs has cured their alleged deficiencies, they remain on the Defendants Order to Show Cause list because due to a purported lack of an updated verification. However, Plaintiffs returned their signed and updated verification form today and the form has been sent to Defendants. As such, the purported lack of a properly updated verification form is now moot. In light of these circumstances, Plaintiff's claim should not be dismissed.

A dismissal with prejudice "should be used only in cases of willful disobedience of court order or where a litigant exhibits a pattern of intentional delay." *Hunt v. City* of Minneapolis, 203 F. 3d 524, 527 (8th Cir. 2000); *see also Hutchins v. A.G. Edwards & Sons, Inc.*, 116F.3d 1256, 1260; *Mann v. Lewis,* 108 F.3d 145, 147 (8th Cir. 1997) (quoting *Givens v. A.H. Robins Co.,* 751 F.2d 261, 263 (8th Cir. 1984)). In *Givens v. A.H. Robins Co.,* the court reversed a dismissal with prejudice where the litigants' only transgression was failure to comply with a discovery deadline. *Givens,* 751 F.2d 264, 264 (8th Cir. 1984). The court reasoned that dismissal with prejudice was disproportionate to this act of noncompliance. *Id*.

Given the nature of the deficiencies and Plaintiff's repeated good faith attempts to cure them, Plaintiffs requests this Court deny Defendants Motion to Dismiss with Prejudice. Plaintiff will suffer undue prejudice should their claim be dismissed as they have now cured all purported deficiencies.

**CONCLUSION**

Plaintiffs Roy Cooper and Valerie Cooper pray this Court deny Defendants Motion to Dismiss with Prejudice.

Dated: March 20, 2019

Respectfully submitted,

**PENDLEY, BAUDIN & COFFIN, L.L.P.**

/s/Christopher L. Coffin
Christopher L. Coffin (LA Bar # 27902)
Nicholas R. Rockforte (LA Bar # 31305)
Jessica A. Perez (LA Bar # 34024)
Pendley, Baudin & Coffin, L.L.P
1515 Poydras Street, Suite 1400
New Orleans, LA 70112
Telephone:     504-355-0086
Facsimile:     504-523-0699
ccoffin@pbclawfirm.com
nrockforte@pbclawfirm.com
jperez@pbclawfirm.com