UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: BAIR HUGGER FORCED AIR WARMING DEVICES PRODUCTS LIABILITY LITIGATION | MDL No. 15-2666 (JNE/DTS) |
| | ORDER |
| This Document Relates To: Case Nos.: | |

  16-cv-1930 (*Heil v. 3M Co., et al.*)
  17-cv-1222 (*Payton v. 3M Co., et al.*)
  17-cv-1249 (*Prilo v. 3M Co., et al.*)
  17-cv-1503 (*McKinney, et al., v. 3M Co., et al.*)
  17-cv-3850 (*Chapman v. 3M Co., et al.*)
  18-cv-0515 (*Kappmeyer v. 3M Co., et al.*)

  Defendants 3M Company and Arizant Healthcare, Inc. ("Defendants") move to dismiss the above-captioned member cases in the *Bair Hugger* MDL for failure to comply with Pretrial Order No. 23 ("PTO 23"), MDL ECF No. 1039, and Federal Rule of Civil Procedure 25. Defs.' Mot. to Dismiss, MDL ECF No. 1740. The Court grants Defendants' motion in part.

### BACKGROUND

  Federal Rule of Civil Procedure 25 states that, following the death of a plaintiff, a "motion for substitution may be made by any party or by the decedent's successor or representative." PTO 23 expands on the procedures for substitution. MDL ECF No. 1039. It instructs plaintiffs as to the filing and content of both the motion for substitution and a "suggestion of death." *Id.* It warns that noncompliance with these directives "will entitle Defendants to request a dismissal of plaintiff's action with prejudice in accordance with Fed. R. Civ. P. 25(a)." *Id.*

1

In relevant part, PTO 23 requires plaintiff's counsel to file a suggestion of death within ninety days of the death of the plaintiff. The suggestion of death must identify "the plaintiff and describe[] the time, date, and circumstances of the plaintiff's death." *Id.* PTO 23 and Rule 25 both then require counsel to move for substitution within ninety days of the filing of the suggestion of death. A motion for substitution must (1) identify the proposed substitute, (2) explain why the proposed substitute is a proper party, and (3) explain why the death of the named plaintiff did not extinguish the claim under the applicable state laws.

Plaintiffs moved to eliminate the ninety-day deadline for filing the suggestion of death, arguing that compliance with PTO 23 is sometimes impossible where a plaintiff relocates or experiences health issues and fails to respond to counsel's communications. Pls.' Mot. to Amend, MDL ECF No. 1517. On December 4, 2018, this Court denied Plaintiffs' motion to amend PTO 23. Order, MDL ECF No. 1614. The Court acknowledged, however, that it "excuses noncompliance with PTO 23 when compliance is impossible" or where plaintiff provides "detailed diligent and good faith efforts to comply with the deadlines in PTO 23." *Id.* at 1-2.

## LEGAL STANDARD

If a plaintiff fails to prosecute or comply with PTO 23, the Court may dismiss the case. Fed. R. Civ. P. 41(b). Such dismissal may be with prejudice "in cases of willful disobedience of a court order or where a litigant exhibits a pattern of intentional delay." *Hunt v. City of Minneapolis*, 203 F.3d 524, 527 (8th Cir. 2000). This does not require a "finding that the [plaintiff] acted in bad faith but requires 'only that he acted intentionally

as opposed to accidentally or involuntarily.'" *Id.* (citation omitted).  However, the Court excuses noncompliance where plaintiffs have demonstrated excusable neglect or impossibility to comply with PTO 23's deadline.  Order, MDL ECF No. 1566 ("Without evidence of a reasonable and good faith process for ascertaining whether or not a client is alive, the Court cannot find that either excusable neglect or impossibility justify noncompliance with PTO 23.").

## DISCUSSION

Defendants argue that Plaintiffs Heil, Payton, Prilo, McKinney,[1] Chapman,[2] and Kappmeyer did not file a timely suggestion of death.  While conducting a search of obituaries, which are attached as exhibits to Defendant's motion, Defendants assert that they notified Plaintiffs' counsel of these Plaintiffs' deaths.  In each case, Plaintiff's counsel has not filed a suggestion of death and does not oppose Defendants' motion to dismiss.  The Court therefore dismisses these actions with prejudice, under Rule 41(b), for failure to prosecute and comply with PTO 23.

## CONCLUSION

Based on the files, records, and proceedings herein, IT IS ORDERED THAT:

---

[1] This case involves a spouse with a loss of consortium claim but should be dismissed in its entirety.  In West Virginia, the state of residence for Jack and Arlene McKinney, the loss of consortium cannot stand on its own.  *Small v. Clawges*, 745 S.E.2d 192, 201 (W.Va. 2013) ("[T]he derivative claim for loss of consortium is a mere incident to a cause of action and not the subject of an action itself . . . ." (internal quotation mark omitted)).

[2] Defendants moved to dismiss *Chapman* on November 8, 2018 for failing to file a timely suggestion of death.  Defs. Mot. Dismiss, MDL ECF No. 1039.  Plaintiff's counsel was granted until January 21, 2019 to "provide confirmation that Mr. Chapman is still alive."  Order, MDL ECF. No. 1654.  That deadline has now passed.

1. Defendants' Sixth Motion to Dismiss for Failure to Comply with Pretrial Order No. 23 and Federal Rule of Civil Procedure 25 [MDL ECF No. 1740] is GRANTED IN PART.

2. The following cases are DISMISSED WITH PREJUDICE: *Heil v. 3M Co., et al.*, 16-cv-1930; *Payton v. 3M Co., et al.*, 17-cv-1222; *Prilo v. 3M Co., et al.*, 17-cv-1249; *McKinney et al., v. 3M Co., et al.*, 17-cv-1503; *Chapman v. 3M Co., et al.*, 17-cv-3850; and *Kappmeyer v. 3M Co., et al.*, 18-cv-0515.

Dated: March 20, 2019

 s/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge