UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: BAIR HUGGER FORCED AIR WARMING DEVICES PRODUCTS LIABILITY LITIGATION | MDL No. 15-2666 (JNE/DTS) |
| This Document Relates to: | |
| Rene Beamon, | Civil Action No.: 17-cv-00141 |
| Plaintiff. | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' SEVENTH MOTION TO DISMISS FOR FAILURE TO COMPLY WITH PRETRIAL ORDER NO. 23 AND FRCP 41(B)**

NOW COMES Plaintiff, Rene Beamon, identified in Defendants' Seventh Motion to Dismiss for Failure to Comply with Pretrial Order No. 23 and Fed. R. Civ. P. 41(B) [Dkt. 1836], and by and through undersigned counsel submits this, his Response to Defendants' Motion to Dismiss Plaintiff Rene Beamon's cause of action, and would respectively show the Court the following:

### BACKGROUND

Plaintiff contacted undersigned counsel in January of 2016 regarding an infection and subsequent treatment that Mr. Beamon experienced due to the use of a Bair Hugger patient warming device during a left total knee revision surgery in February 2010. Plaintiff's Counsel worked diligently to obtain medical records and billing records to move forward with the case, and those records indicated that a Bair Hugger device was used during Mr. Beamon's total knee revision surgery. Plaintiff's Counsel then filed the current

1

action on January 17, 2017 to comply with the applicable statute of limitations deadline for the relevant claim.  Plaintiff completed the required Plaintiff Fact Sheet on April 17, 2017.  During the course of completing the PFS, Plaintiff gave every indication that he wanted to continue pursuing the case.  Defendants never issued a Deficiency Notice regarding Mr. Beamon's PFS.

On March 5, 2019, counsel for Plaintiff received an email from Defendants stating that Plaintiff had passed away on October 3, 2018 and informing counsel that, pursuant to Pretrial Order No. 23, a Suggestion of Death was due 90 days after his death.  Plaintiff's Counsel was unaware of Mr. Beamon's passing until that date.  Mr. Beamon was only 55 years of age at the time of his death and lived alone.

As a Suggestion of Death was not timely filed, Defendants stated that the case would be considered in a future Motion to Dismiss unless Plaintiff's Counsel agreed to dismissal with prejudice by 5:00 PM the following day.  Plaintiff's Counsel responded to Defendants on March 6, 2019, explained that multiple attempts to contact Mr. Beamon's next of kin since learning of his passing had gone unanswered, and asked for the professional courtesy of additional time within which to continue such efforts in order to avoid potentially unnecessary motion practice.  Plaintiff's Counsel received no response from Defendants, and Defendants filed their Motion to Dismiss on March 7, 2019.  Plaintiff filed the Suggestion of Death on March 25, 2019 in good faith and within a reasonable time after learning of Mr. Beamon's death.

## ARGUMENT

Defendants argue that the suggestion of death was not filed within the time prescribed by Pretrial Order 23(A) and that Mr. Beamon's claims should therefore be dismissed with prejudice. Plaintiff's Counsel did not learn of Mr. Beamon's death until *after* the 90-day deadline established by PTO 23. There is no way Plaintiff's Counsel would have been able to file the suggestion of death in a timely manner. For the Court to dismiss Mr. Beamon's estate's claims with prejudice would be an unduly harsh result given the exceptional circumstances.

Plaintiff's noncompliance with Pretrial Order 23(A) was not willful or in bad faith, and a dismissal with prejudice would be extreme. A dismissal with prejudice "should be used only in cases of willful disobedience of a court order or where a litigant exhibits a pattern of intentional delay." *Hunt v. City of Minneapolis*, 203 F.3d 524, 527 (8th Cir. 2000); *see also Hutchins v. A.G. Edwards & Sons, Inc.*, 116 F.3d 1256, 1260 (8th Cir. 1997); *Mann v. Lewis*, 108 F.3d 145, 147 (8th Cir. 1997) (quoting *Givens v. A.H. Robins Co.*, 751 F.2d 261, 263 (8th Cir. 1984)). In *Givens*, the Court reversed a dismissal with prejudice where the litigants' only transgression was failure to comply with a discovery deadline. *Givens*, 751 F.2d at 264. The Court reasoned that dismissal with prejudice was disproportionate to this act of noncompliance. *Id.*

Here, Plaintiff's only transgression is that the suggestion of death was not filed within 90 days of the date of Mr. Beamon's death. That transgression only occurred because Plaintiff's Counsel was not aware of Mr. Beamon's death until more than 90 days after his passing. Plaintiff's actions do not constitute willful disobedience. Total extinction

3

of Mr. Beamon's cause of action would be disproportionate to this unintentional act of noncompliance with PTO 23.

Further, "an action should be dismissed with prejudice 'only after balancing the policy of giving the plaintiff [his or her] day in court against [the] policies of preventing undue delay, avoiding court congestion, and preserving respect for court procedures." *Omaha Indian Tribe v. Tract I-Blackbird Bend Area*, 933 F.2d 1462, 1468 (8th Cir. 1991) (quoting *Garrison v. International Paper Co.*, 714 F.2d 757, 760 (8th Cir. 1983)); *see also Moore v. St. Louis Music Supply Co., Inc.*, 539 F.2d 1191, 1193 (8th Cir. 1976); *Navarro v. Chief of Police, Des Moines, Iowa*, 523 F.2d 214, 217 (8th Cir. 1975). Here, there is no undue delay and absolutely no prejudice to Defendants, since the Plaintiff Fact Sheet had already been submitted and there was no continuing activity in the case at the time of Mr. Beamon's passing. Given that discovery for an individual claim filed in a multidistrict litigation is, for all intents and purposes, stayed once the Plaintiff Fact Sheet is complete, a dismissal with prejudice here would be an abuse of discretion. Plaintiff completed his Plaintiff Fact Sheet on April 17, 2017. Plaintiff's Counsel did not have any reason to specifically contact him after that date, although routine correspondence was still sent.

Further, it should be noted that Mr. Beamon's next of kin, his son Dominique, was incarcerated at the time of Plaintiff's passing. Dominique Beamon was not released from prison until 120 days after his father's death. Under these circumstances, it cannot be said that Plaintiff willfully refused to comply with this Court's order.

## **CONCLUSION**

For the foregoing reasons, undersigned counsel respectfully request that Mr. Beamon's claims not be dismissed with prejudice pursuant to Pretrial Order 23.

Dated: <u>March 28, 2019</u>                                    **GOLDENBERGLAW, PLLC**

                                                                  By: */s/ Noah C. Lauricella*
                                                                  Noah C. Lauricella (0397896)
                                                                  Stuart L. Goldenberg (158719)
                                                                  800 LaSalle Avenue, Suite 2150
                                                                  Minneapolis, MN 55402
                                                                  (612) 333-4662 (Phone)
                                                                  (612) 367-8107 (Fax)
                                                                  nlauricella@goldenberglaw.com
                                                                  slgoldenberg@goldenberglaw.com

                                                                  *ATTORNEYS FOR PLAINTIFF*