UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: BAIR HUGGER FORCED AIR WARMING DEVICES
PRODUCTS LIABILITY LITIGATION                                               MDL No. 2666


TRANSFER ORDER


**Before the Panel:** Plaintiff in the Western District of Missouri action listed on the attached Schedule A (*O'Haver*) moves under Panel Rule 7.1 to vacate our order conditionally transferring the action to the District of Minnesota for inclusion in MDL No. 2666. Defendants 3M Company and Arizant Healthcare Inc. oppose the motion.

In support of her motion to vacate, the *O'Haver* plaintiff argues that her action was improperly removed, and her motion for remand to state court is pending. The Panel often has held that jurisdictional issues do not present an impediment to transfer, as plaintiffs can present their arguments regarding those issues to the transferee judge.[1] *See, e.g., In re: Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347-48 (J.P.M.L. 2001).

After considering the argument of counsel, we find that the *O'Haver* action involves common questions of fact with actions transferred to MDL No. 2666, and that transfer will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The actions in the MDL share factual questions arising from allegations that post-surgery use of a Bair Hugger forced air warming system causes serious infections due to the introduction of contaminants into open wounds. *See In re: Bair Hugger Forced Air Warming Devices Prods. Liab. Litig.*, 148 F. Supp. 3d 1383, 1385 (J.P.M.L. 2015). The *O'Haver* plaintiff does not dispute that her action implicates those same questions.

---

[1] Moreover, under Panel Rule 2.1(d), the pendency of a conditional transfer order does not limit the pretrial jurisdiction of the court in which the subject action is pending. Between the date a remand motion is filed and the date that transfer of the action to the MDL is finalized, a court generally has adequate time to rule on a remand motion if it chooses to do so.

- 2 -

IT IS THEREFORE ORDERED that the *O'Haver* action is transferred to the District of Minnesota, and, with the consent of that court, assigned to the Honorable Joan N. Ericksen for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Sarah S. Vance
Chair

| | |
|---|---|
| Lewis A. Kaplan | Ellen Segal Huvelle |
| R. David Proctor | Catherine D. Perry |
| Karen K. Caldwell | Nathaniel M. Gorton |

IN RE: BAIR HUGGER FORCED AIR WARMING DEVICES
PRODUCTS LIABILITY LITIGATION               MDL No. 2666

## SCHEDULE A

<u>Western District of Missouri</u>

O'HAVER v. 3M COMPANY, ET AL., C.A. No. 4:19-00037