# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE: Bair Hugger Forced Air Warming Products Liability Litigation | MDL No. 15-2666 (JNE/FLN) |
| This Document Relates to All Actions.<br><br>**PLAINTIFF**<br><br>**CALVIN E. PERKINS**<br><br>**VS.**<br><br>**3M COMPANY AND ARIZANT HEALTHCARE, INC.** | **FIRST AMENDED MASTER SHORT FORM COMPLAINT AND JURY TRIAL DEMAND** |

1.      Plaintiff, Calvin E. Perkins, states and brings this civil action in MDL No. 15-2666, entitled *In Re: Bair Hugger Forced Air Warming Products Liability Litigation*. Plaintiff is filing this Short Form Complaint as permitted by Pretrial Order #8 of this Court.

## PARTIES, JURISDICTION AND VENUE

2.      Plaintiff, Calvin E. Perkins, is a resident and citizen of the State of Virginia and claims damages as set forth below.

3.      Plaintiff's Spouse, _____ is a resident and citizen of the State of _____, and claims damages as set forth below. *[Cross out Spousal Claim if not applicable.]*

4.      Jurisdiction is proper based upon diversity of Citizenship.

5.      Proper Venue: The District Court in which remand trial is proper and where this Complaint would have been filed absent the direct filing order by this Court is the

United States District Court for the Western District of Virginia – Danville Division.

6.      Plaintiff brings this action *[check the applicable designation]*:

   X       On behalf of himself;

_____      ~~In a representative capacity as the _____ of the _____ having been duly appointed as the _____ by the _____Court of _____. A copy of the Letters of Administration for a wrongful death claim is annexed hereto if such letters are required for the commencement of such a claim by the Probate, Surrogate or other appropriate court of the jurisdiction of the decedent.~~

*[Cross out if not applicable.]*

## FACTUAL ALLEGATIONS

7.      On or about April 4, 2013, Plaintiff underwent surgery during which the Bair Hugger Forced Air Warming system (hereinafter "Bair Hugger") was used during the course and scope of his left shoulder hemiarthroplasty at the University of Virginia Health System, 1215 Lee Street, Charlottesville, Virginia 22903, by Dr. David Kahler, M.D.

8.      Contaminants introduced into Plaintiff's open surgical wound as a direct and proximate result of use of the Bair Hugger during the subject surgery resulted in Plaintiff developing a periprosthetic joint infection ("PJI"), also known as a deep joint infection ("DJI").

9.      As a result of Plaintiff's infection caused by the Bair Hugger, Plaintiff has

undergone removal of prosthesis and placement of antibiotic spacer on February 18,

2015, and removal of antibiotic spacer and reverse total shoulder replacement on July 1,

2015, at University of Virginia Health System, 1215 Lee Street, Charlottesville, Virginia

22903, by Dr. Stephen Brockmeter, M.D. [*Cross out if not applicable.*]

## ALLEGATIONS AS TO INJURIES

10.    (a)  Plaintiff claims damages as a result of (check all that are applicable):

___X___          INJURY TO HIMSELF

_____          INJURY TO THE PERSON REPRESENTED

_____          WRONGFUL DEATH

_____          SURVIVORSHIP ACTION

___X___          ECONOMIC LOSS

~~(b)  Plaintiff's spouse claims damages as a result of (check all that are applicable):  [*Cross out if not applicable.*]~~

~~_____          LOSS OF SERVICES~~

~~_____          LOSS OF CONSORTIUM~~

11.    Defendants, by their actions or inactions, proximately caused the injuries to

Plaintiff(s).

## DEFENDANT-SPECIFIC ALLEGATIONS AND THEORIES OF RECOVERY

12.    The following claims and allegations are asserted by Plaintiff and are herein

adopted by reference (check all that are applicable):

___X___          FIRST CAUSE OF ACTION - NEGLIGENCE;

___X___          SECOND CAUSE OF ACTION - STRICT LIABILITY;

        X             FAILURE TO WARN

        X             DEFECTIVE DESIGN AND
                            MANUFACTURE

  X       THIRD CAUSE OF ACTION – BREACH OF EXPRESS
                WARRANTY;

  X       FOURTH CAUSE OF ACTION- BREACH OF IMPLIED
                WARRANTY OF MERCHANTABILITY LAW OF THE
                STATE OF VIRGINIA §8.2-314;

  X       FIFTH CAUSE OF ACTION- VIOLATION OF THE
                MINNESOTA PREVENTION OF CONSUMER FRAUD
                ACT;

  X       SIXTH CAUSE OF ACTION – VIOLATION OF THE
                MINNESOTA DECEPTIVE TRADE PRACTICES ACT;

  X       SEVENTH CAUSE OF ACTION- VIOLATION OF
                THE MINNESOTA UNLAWFUL TRADE PRACTICES
                ACT;

  X       EIGHTH CAUSE OF ACTION- VIOLATION OF THE
                MINNESOTA FALSE ADVERTISING ACT;

  X       NINTH CAUSE OF ACTION- CONSUMER FRAUD
                AND/OR UNFAIR AND DECEPTIVE TRADE
                PRACTICES UNDER LAW OF THE STATE OF
                VIRGINIA;

  X       TENTH CAUSE OF ACTION – NEGLIGENT
                MISREPRESENTATION;

  X       ELEVENTH CAUSE OF ACTION- FRAUDULENT
                MISREPRESENTATION;

  X       TWELFTH CAUSE OF ACTION – FRAUDULENT
                CONCEALMENT;

            THIRTEENTH CAUSE OF ACTION – LOSS OF
                CONSORTIUM; and

4

_____X_____                    FOURTEENTH CAUSE OF ACTION – UNJUST ENRICHMENT.

In addition to the above, Plaintiff asserts the following additional causes of action under applicable state law:

_____Violation of Virginia Consumer Protection Act  of 1977 § §59.1-196 et seq.

_____Breach of Implied Warranty of Fitness for a Particular Purpose Law of the State of Virginia §8.2-315

*[Cross out if not applicable.]*

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. For compensatory damages;

2. Pre-judgment and post-judgment interest;

3. Statutory damages and relief of the state whose laws will govern this action;

4. Costs and expenses of this litigation;

5. Reasonable attorneys' fees and costs as provided by law;

6. Equitable relief in the nature of disgorgement;

7. Restitution of remedy Defendants' unjust enrichment; and

8. All other relief as the Court deems necessary, just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff(s) hereby demand(s) a trial by jury as to all claims in Complaint so triable.

Dated:  April 3, 2019

Respectfully submitted,

**CALVIN E. PERKINS**


/s/ Randall T. Trost
Randall T. Trost (VA Bar No.: 45942)
Randall J. Trost, P.C.
801 Main Street, 10th Floor
Lynchburg, Virginia 24504
Telephone:  (434) 528-4222
Facsimile: (434) 847-0814
Email:  rttrost@trostlaw.com
***ATTORNEY FOR PLAINTIFF***

6