UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: Bair Hugger Forced Air Warming Products Liability Litigation | MDL No. 15-2666 (JNE/DTS) |
| *Gates*, 16-cv-4000-JNE-DTS<br>*Dinkins*, 16-cv-1778-JNE-DTS<br>*Tate*, 16-cv-1846-JNE-DTS<br>*Lowe*, 16-cv-2304-JNE-DTS<br>*Strickland*, 16-cv-4355-JNE-DTS<br>*Beamon*, 17-cv-0141-JNE-DTS<br>*Gochanour*, 17-cv-2168-JNE-DTS<br>*McConnell*, 17-cv-3222-JNE-DTS<br>*Weeks*, 17-cv-4527-JNE-DTS<br>*Kazogles*, 19-cv-0017-JNE-DTS | **DEFENDANTS' REPLY IN SUPPORT OF THEIR SEVENTH MOTION TO DISMISS CASES FOR FAILURE TO COMPLY WITH PRETRIAL ORDER NO. 23 AND FED. R. CIV. P. 41(B) OR FOR LACK OF STANDING** |

In their Seventh Motion to Dismiss for Failure to Comply with Pretrial Order 23 ("PTO 23") and Fed. R. Civ. P. 41(b), or For Lack of Standing, Defendants moved to dismiss ten cases for failure to file timely suggestions of death or for lack of standing. Plaintiffs have not opposed Defendants' motion in five case: *Gates*, *Dinkins*, *Strickland*, *Gochanour*, and *McConnell*. These cases should now be dismissed with prejudice. Since the motion was filed, the parties have also stipulated to the dismissal of *Lowe*, 16-cv-2304 (with prejudice) and *Kazogles et al.*, 19-cv-0017 (Mr. Kazogles dismissed without prejudice).

Plaintiffs have filed oppositions in three cases: *Weeks*, *Beamon*, and *Tate*. Dkt. No.1857 (*Weeks*), Dkt. No. 1873 (*Beamon*), Dkt. No. 1855 (*Tate*).[1] In their responses, counsel for plaintiffs simply state that their delay should be excused because they did not learn of plaintiff's death in time to comply with PTO 23's deadlines. They fail to provide good cause to excuse their noncompliance, either by showing impossibility or excusable neglect. Accordingly, Defendants respectfully request that the Court now dismiss these cases with prejudice as well.

## ARGUMENT

PTO 23 requires that counsel for plaintiffs file a suggestion of death within 90 days of a plaintiff's death, or within 90 days from the date of PTO 23, whichever is later. Furthermore, PTO 23 and Rule 25 "both then require counsel to move for substitution within 90 days of the filing of the suggestion of death. If either of these deadlines are missed, the Court must dismiss the deceased plaintiff's action." ECF No. 1566, Order; *see also* Fed. R. Civ. P. 25(a).

### I.  PLAINTIFFS' COUNSEL FAILED TO KEEP IN REGULAR CONTACT WITH THEIR CLIENTS AND VERIFY THEIR CAPACITY TO LITIGATE.

In their response to Defendants' motion, counsel for Plaintiffs all state that they were not able to file timely suggestions of death because they did not know of plaintiffs' death until after the PTO 23 deadline had passed. *See*, *e.g.*, Dkt No. 1873 (*Beamon*) ("On March 5, 2019, counsel for Plaintiff received an email from Defendants stating that

---

[1] On March 15, 2019—nearly two years after plaintiff Tate's death—counsel for Tate filed a motion for leave to file a late suggestion of death, which Defendants have responded to in a separate brief. *Tate*, 16-cv-1846-JNE-DTS, Dkt No. 12.

Plaintiff had passed away on October 3, 2018. . . . Counsel was unaware of Mr. Beamon's passing until that date."); Dkt. No. 1857 (*Weeks*) ("Plaintiff's counsel did not learn of Mary Weeks' death until five months after she passed."); Dkt. No. 1855 (*Tate*) ("On March 5, 2019, counsel for Plaintiff received an email from Defendants stating that Plaintiff had passed away").

In *Tate*, the suggestion of death is a year overdue and has still not been filed. Counsel for Tate contend that they "had been in close contact with Plaintiff but fail to provide dates of any instances or attempts of contact since mid-2017." (Dkt. 1855 at 2.) Moreover, they admit that Tate's wife is alive, yet fail to explain why she could not have notified Tate's counsel of his passing. (*Id.*)

In *Weeks*, the suggestion of death was filed over two months late. Counsel for Weeks state that five letters were sent to plaintiff beginning in January 2018, "which all reiterated the need to inform counsel of any significant changes to the [sic] her health or contact information." (Dkt. No. 1857 at 3.) However, counsel offer no explanation for why they did not follow up with a phone call when the letters went unanswered for over a year. Counsel for Weeks also acknowledge that they spoke to her husband, Richard Weeks, on February 5, 2019, but give no explanation for why Mr. Weeks (who presumably saw the letters) did not inform Plaintiff's counsel of his wife's death sooner.

In *Beamon*, the suggestion of death was filed three months late. Counsel for Beamon list a date in April 2017 as their last contact with plaintiff, and admit that they did not make subsequent efforts to determine plaintiff's status: "Plaintiff's Counsel did not have any reason to specifically contact him after that date, although routine correspondence was still

sent." Dkt. No. 1873. They provide no explanation of the nature or timing of the "routine correspondence." They further state that Mr. Beamon's son was incarcerated at the time of Plaintiff's passing, and "was not released from prison until 120 days after his father's death" (Dkt. 1873 at 4) but they fail to explain why the younger Beamon's incarceration prevented him from notifying counsel of his father's death. Nor do Beamon's counsel explain why they failed to follow up regularly with the elder Mr. Beamon or identify another, non-incarcerated family member as a contact.

In addition, in each of these cases, no estate has been opened for plaintiff, and no official representative has been appointed to pursue plaintiff's action. Hence, not only are these cases in violation of PTO 23, but the next of kin are not yet positioned to pursue their substitutions.

The Court has dismissed cases with prejudice when plaintiffs have failed to comply with PTO 23 deadlines without a valid excuse. See, e.g., ECF No. 1440, Order at 3 ("The Court therefore dismisses this action with prejudice for failure to comply with PTO 23 and for failure to prosecute under Rule 41(b)."); ECF No. 1566, Order at 7 ("Without evidence of a reasonable and good faith process for ascertaining whether or not a client is alive, the Court cannot find that either excusable neglect or impossibility justify noncompliance with PTO 23."). Because Plaintiffs have not acted diligently and in accordance with PTO 23 to maintain these claims, their actions should be dismissed with prejudice.

## II. DISMISSAL OF CASES FOR FAILURE TO COMPLY WITH PTO 23 IS APPROPRIATE AND NOT CONTRARY TO MDL POLICY.

Plaintiffs argue that dismissal with prejudice for failure to comply with PTO 23's deadlines violates policy. Plaintiffs argue that "[d]ismissal with prejudice should only be granted after balancing the policy of giving the plaintiff [his or her] day in court against [the] policies of preventing undue delay, avoiding court congestion, and preserving respect for court procedures," citing to *Omaha Indian Tribe v. Tract I-Blackbird Bend Area*, 933 F.2d 1462, 1468 (8th Cir.). ECF No. 1857 (*Weeks*). It is precisely these policy factors that the Court intended to address with PTO 23. The Court has repeatedly underscored that the deadlines in PTO 23 fulfill the vital function of ensuring that the MDL includes only viable cases: "This [PTO 23] process prevents deceased plaintiffs from populating and inflating the MDL docket and allows the Court and Defendants to know the true size of the MDL. This ultimately prevents court congestion and undue delay in resolving the MDL. These benefits justify dismissing plaintiffs who willfully disobey PTO 23." Dkt. No. 1614, Order Denying Plaintiffs' Motion to Amend PTO 23, at 2. *See also* Dkt. No. 1440, Order at 5–6 ("PTO 23 exists to ensure that counsel maintain sufficient contact with Plaintiffs to allow the Court and Defendants to know whether or not Plaintiffs are alive. PTO 23 made clear that dismissal with prejudice would follow from the failure to maintain sufficient contact. The 90-day deadline in PTO 23 for filing a suggestion of death represents a compromise between the preferences of Plaintiffs and Defendants.").

Counsel for Plaintiffs further argue that dismissal under PTO 23 is inappropriate since their actions do not constitute willful disobedience or intentional delay, and was not

5

in bad faith. This Court has rejected this argument as well, noting that dismissal with prejudice "does not require a finding that the plaintiff acted in bad faith but requires only that he acted intentionally as opposed to accidentally or involuntarily." Order, ECF. No. 1654. (internal quotations omitted).

While the Court may excuse noncompliance with PTO 23 for excusable neglect or impossibility, none of plaintiffs' counsel claim to have a system in place for keeping in regular contact with their clients or ascertaining whether they are alive. Each of these cases involves Plaintiffs' counsel failing to connect with their clients for over a year. Clearly, Plaintiffs have not provided "evidence of a reasonable and good faith process for ascertaining whether or not a client is alive" to allow the Court to find that "either excusable neglect or impossibility justify noncompliance with PTO 23." Order, ECF. No. 1654. The reality is that many counsel continue to ignore their obligations to maintain contact with their clients under PTO 23. This is why Defendants are forced to continue to review online obituaries to determine which plaintiffs are living and which are deceased.

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court dismiss with prejudice all eight remaining cases.

Dated: April 11, 2019										Respectfully submitted,

 /s/ Benjamin W. Hulse
Jerry W. Blackwell (MN #186867)
Benjamin W. Hulse (MN #0390952)
Mary S. Young (MN #0392781)
BLACKWELL BURKE P.A.
431 South Seventh Street, Suite 2500
Minneapolis, MN 55415
Phone: (612) 343-3248
Fax: (612) 343-3205
Email: blackwell@blackwellburke.com
bhulse@blackwellburke.com
myoung@blackwellburke.com