UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: Bair Hugger Forced Air Warming Products Liability Litigation  _____  This Document Relates To:  *Norton*, 16-cv-0026-JNE-DTS  *Brunner*, 16-cv-2880-JNE-DTS  *Wireman et al.*, 16-cv-3293-JNE-DTS  *Wollam*, 17-cv-0039-JNE-DTS  *Schilawski*, 17-cv-0352-JNE-DTS  *Miles et al.*, 17-cv-1235-JNE-DTS  *Martz*, 17-cv-1528-JNE-DTS  *Laws*, 17-cv-2518-JNE-DTS  *Trinder*, 17-cv-2874-JNE-DTS  *Fletcher*, 17-cv-3262-JNE-DTS  *Torbeck et al.*, 17-cv-4054-JNE-DTS  *Davis*, 18-cv-0166-JNE-DTS | MDL No. 15-2666 (JNE/DTS)  **MEMORANDUM IN SUPPORT OF DEFENDANTS' EIGHTH MOTION TO DISMISS FOR FAILURE TO COMPLY WITH PRETRIAL ORDER NO. 23, AND FED. R. CIV. P. 41(b), AND/OR 25(a)** |

Pursuant to Pretrial Order No. 23 ("PTO 23") and Fed. R. Civ. P. 25(a), and 41(b), Defendants 3M Company and Arizant Healthcare Inc. (together, "Defendants") move to dismiss the following cases with prejudice:

| Case Number | Title | Firm Name |
|---|---|---|
| 16-cv-0026-JNE-DTS | *Norton v. 3M Co., et al.* | The Law Office of Travis R. Walker |
| 16-cv-2880-JNE-DTS | *Brunner v. 3M Co., et al.* | Bernstein Liebhard LLP |
| 16-cv-3293-JNE-DTS | *Wireman et al. v. 3M Co., et al.* | The Moore Law Group |
| 17-cv-0039-JNE-DTS | *Wollam v. 3M Co., et al.* | Raizner Slania LLP |
| 17-cv-0352-JNE-DTS | *Schilawski v. 3M Co., et al.* | The Miller Firm, LLC |

| 17-cv-1235-JNE-DTS | *Miles et al. v. 3M Co., et al.* | Kelley, Bernheim & Dolinsky LLC |
| 17-cv-1528-JNE-DTS | *Martz v. 3M Co., et al.* | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA |
| 17-cv-2518-JNE-DTS | *Laws v. 3M Co., et al.* | The Olinde Firm, LLC |
| 17-cv-2874-JNE-DTS | *Trinder v. 3M Co., et al.* | Brown & Crouppen, PC |
| 17-cv-3262-JNE-DTS | *Fletcher v. 3M Co., et al.* | Kennedy Hodges, LLP |
| 17-cv-4054-JNE-DTS | *Torbeck et al. v. 3M Co., et al.* | Brown & Crouppen, PC |
| 18-cv-0166-JNE-DTS | *Davis v. 3M Co., et al.* | Johnson Becker, PLLC |

Plaintiffs in these cases failed to comply with the suggestion-of-death deadline established by PTO 23(A), and failed to prosecute their claims under Fed. R. Civ. P. 41(b). In *Torbeck*, *Wireman*, and *Miles* the loss-of-consortium claim can stand independently of the main plaintiff's claims under state laws; therefore the primary plaintiff should be dismissed and the spouse's claim may continue. Defendants move to dismiss the other cases with prejudice and in their entirety.

## ARGUMENT

PTO 23 sets out the necessary course of action for cases in which plaintiffs die while their actions are pending in the MDL. First, PTO 23 requires counsel for a deceased plaintiff to file a suggestion of death within 90 days of either the entry of PTO 23 or the death of the plaintiff, whichever is later. Both Rule 25 and PTO 23 then require counsel for the deceased plaintiff to move for substitution within 90 days of filing the suggestion of death, and comply with state probate laws within 90 days of a plaintiff's death. ECF No. 1614, Order Denying Pls' Mot. to Am. PTO 23, at 1. In addition, Fed. R. Civ. P. 41(b)

provides for dismissal of cases where "plaintiff fails to prosecute or to comply with these rules or a court order." ECF No. 1566, Order at 3. The Court has dismissed cases with prejudice when plaintiffs have failed to comply with PTO 23 deadlines without a valid excuse. *See, e.g.,* ECF No. 1440, Order at 3 ("The Court therefore dismisses this action with prejudice for failure to comply with PTO 23 and for failure to prosecute under Rule 41(b)."); ECF No. 1566, Order at 7 ("Without evidence of a reasonable and good faith process for ascertaining whether or not a client is alive, the Court cannot find that either excusable neglect or impossibility justify noncompliance with PTO 23.").

Nonetheless, Defendants continue to find numerous deceased plaintiffs that have missed PTO 23's deadlines due to their counsel's failure to keep in regular contact with their clients and verify their continued capacity to litigate. The Court underscored that the deadlines in PTO 23 fulfill the vital function of ensuring that the MDL includes only viable cases: "This [PTO 23] process prevents deceased plaintiffs from populating and inflating the MDL docket and allows the Court and Defendants to know the true size of the MDL. This ultimately prevents court congestion and undue delay in resolving the MDL. These benefits justify dismissing plaintiffs who willfully disobey PTO 23." ECF No. 1614, Order Denying Plaintiffs' Motion to Amend PTO 23, at 2.

In the cases below, a suggestion of death was not filed within the deadline prescribed by PTO 23(A). For most of these cases, Defendants discovered that the plaintiffs are

3

deceased by conducting an independent online search of obituaries. Plaintiffs Fletcher, and Davis filed late suggestion of death without leave and without explaining their belatedness.

| Plaintiff(s) | Case Number | Date of Death | Suggestion of Death Due/Filed | Comments |
|---|---|---|---|---|
| Norton, Danny J. | 16-cv-0026 | 3/2/2018 Exhibit A | Due 5/31/2018 Filed 4/10/2019 | Nearly 1 year late. |
| Brunner, Wayne Elmer | 16-cv-2880 | 3/7/2017 Exhibit B | Due 4/9/2018 | None filed. |
| Wireman, Bonnie and Clayton | 16-cv-3293 | 11/25/2018 Exhibit C | Due 2/23/2019 Filed 4/10/2019 | Over 1 month late. |
| Wollam, Kenneth | 17-cv-0039 | 9/11/2018 Exhibit D | Due 12/10/2018 | None filed. |
| Schilawski, Stephen | 17-cv-0352 | 3/12/2018 Exhibit E | Due 6/10/2018 | None filed. |
| Miles, Joseph and Delores | 17-cv-1235 | 12/21/2018 Exhibit F | Due 3/21/2019 | None filed. |
| Martz, James Daniel | 17-cv-1528 | 3/16/2018 Exhibit G | Due 6/14/2018 | None filed. |
| Laws, Larry | 17-cv-2518 | 8/16/2017 Exhibit H | Due 4/9/2018 | None filed. |
| Trinder, Howard | 17-cv-2874 | 8/13/2018 Exhibit I | Due 11/11/2018 | None filed. |
| Fletcher, Jimmy | 17-cv-3262 | 12/1/2018 | Due 3/1/2019 Filed 3/15/2019 | Two weeks late. |
| Torbeck, Marvin L. and Deborah Torbeck | 17-cv-4054 | 10/4/2017 Exhibit J | Due 4/9/2018 | None filed. |
| Davis, Thomas | 18-cv-0166 | 10/8/2018 | Due 1/6/2019 Filed 3/22/2019 | Over two months late. |

PTO 23 was supposed to relieve Defendants of the burden of searching obituaries and death records for deceased plaintiffs. *See e.g.*, *Connell*, ECF No. 30, Order ("a defendant facing thousands of similar lawsuits is prejudiced by not knowing which suits against it are "live" actions, even if any single suit is a drop in the bucket."). However,

4

Defendants continue to expend significant time and resources to find deceased plaintiffs online, because Plaintiffs fail to keep in regular contact with their clients or search obituary records themselves. This Court has previously dismissed cases with prejudice where Plaintiffs failed to demonstrate excusable neglect or impossibility preventing them from complying with the suggestion of death or substitution deadline. *See* ECF No. 1566, Order at 7 ("Without evidence of a reasonable and good faith process for ascertaining whether or not a client is alive, the Court cannot find that either excusable neglect or impossibility justify noncompliance with PTO 23."); ECF No. 1654, Order at 5 ("Since Plaintiffs have asserted neither excusable neglect nor impossibility, the Court grants Defendants' motion with respect to Plaintiffs Cole, Ashby, and Jennings and dismisses these cases for failure to file a timely suggestion of death as required by PTO 23."); ECF No. 1865, Order at 3 (dismissing *Crume* and *Oeltjen*, because "PTO 23 and Rule 25 both require counsel to move for substitution within ninety days of the filing of the suggestion of death."); *see also* ECF No. 1440, Order at 3; ECF No. 1869, Order at 2. In the course of the parties' meet-and-confer communications, Plaintiffs' counsel for the cases above have not demonstrated that noncompliance with PTO 23's suggestion of death or substitution deadlines was due to impossibility or excusable neglect in any of these cases. Hence, plaintiffs in the cases above should be dismissed with prejudice pursuant to PTO 23(A) and (C)(2).

In Illinois (the *Torbeck* state of residence) and Kentucky (the *Wireman* and *Miles* state of residence), a loss of consortium claim may stand alone even after the termination of the injured plaintiff's claims. *See Sharpenter v. Lynch*, 233 Ill. App. 3d 319, 325, 599

N.E.2d 464, 468 (1992) ("A loss of consortium action is not a derivative claim brought by a spouse as a representative of the injured spouse, but is an independent action."); *Martin v. Ohio Cty. Hosp. Corp.*, 295 S.W.3d 104, 109 (Ky. 2009) ("A loss of consortium action can continue even when the injured spouse or the estate has settled or otherwise been excluded from an action, because there is not a 'common and undivided interest' in the spouse's claim for loss of consortium and the underlying tort claim."). Accordingly, the claims of Marvin Torbeck, Bonnie Wireman, and Joseph Miles should be dismissed with prejudice, and the consortium claims of their spouses—Deborah Torbeck, Clayton Wireman, and Delores Miles—may continue. Defendants move to dismiss the other cases in their entirety.

Dated: April 11, 2019

Respectfully submitted,

s/ Benjamin W. Hulse
Jerry W. Blackwell (MN #186867)
Benjamin W. Hulse (MN #0390952)
Mary S. Young (MN #0392781)
BLACKWELL BURKE P.A.
431 South Seventh Street, Suite 2500
Minneapolis, MN 55415
Phone: (612) 343-3248
Fax: (612) 343-3205
Email: blackwell@blackwellburke.com
    bhulse@blackwellburke.com
    myoung@blackwellburke.com

**Counsel for Defendants 3M Company and Arizant Healthcare Inc.**