UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: BAIR HUGGER FORCED AIR WARMING DEVICES PRODUCTS LIABILITY LITIGATION | MDL No. 15-2666 (JNE/DTS) |
| | ORDER |

This Document Relates To:
Case Nos.:
    18-cv-00852 (Villafranco v. 3M Co., et al.)
    18-cv-01051 (Johnson, Alvin v. 3M Co.)
    18-cv-01103 (Tedford v. 3M Co.)
    18-cv-01167 (Eans v. 3M Co.)
    18-cv-01169 (Gregory v. 3M Co.)
    18-cv-01542 (Davis v. 3M Co., et al.)
    18-cv-02067 (Norton v. 3M Co., et al.)
    18-cv-02095 (Jenkins v. 3M Co., et al.)
    18-cv-02117 (Banks v. 3M Co., et al.)
    18-cv-02394 (Block v. 3M Co., et al.)

Defendants 3M Company and Arizant Healthcare, Inc. ("Defendants") moved to dismiss the above-captioned member cases in the *Bair Hugger* MDL for failure to comply with Pretrial Order No. 14 ("PTO 14"), MDL ECF No. 117. Defs.' Mot. to Dismiss, MDL ECF No. 1828. For the following reasons, the Court grants in part Defendants' motion.

## BACKGROUND

PTO 14 requires a plaintiff to complete and serve a PFS in lieu of interrogatories. MDL ECF No. 117. Under PTO 14, plaintiffs must complete and serve a verified PFS within ninety days of the filing of their complaint or short-form complaint, or the transfer

of their case to this MDL proceeding, whichever is later. *Id.* ¶ 2. The PFS must contain no core deficiencies, as defined in PTO 14.[1] *Id.* ¶ 4.

PTO 14 affords multiple chances to cure noncompliance and warns plaintiffs that noncompliance may result in dismissal. Defendants must notify plaintiff's counsel of core deficiencies within four weeks of their receipt of the PFS. *Id.* The plaintiff then has three weeks to respond by: (1) curing the alleged deficiencies; (2) disputing the alleged deficiencies; or (3) explaining why the alleged deficiencies cannot be timely cured. *Id.* ¶ 6. Defendants may place cases involving core deficiency disputes on the Court's status conference agenda. *Id.* If the case appears on the court conference agenda for two successive court conferences without resolution, Defendants may then move for dismissal for failure to comply with PTO 14. *Id.* ¶ 8.

Defendants now allege that they have complied with the foregoing requirements, that Plaintiffs' cases have appeared on two successive court conference agendas, and that Plaintiffs have failed to serve a PFS or served a PFS with uncured core deficiencies. Accordingly, Defendants request dismissal for failure to comply with PTO 14.

## LEGAL STANDARD

The Court may dismiss a case when a plaintiff fails to prosecute or comply with a court order. Fed. R. Civ. P. 41(b). Such dismissal may be with prejudice "in cases of

---

[1] Core deficiencies are defined as "a lack of response to all questions in Section I, Section II, and Section III; Section IV, questions 1, 3, 7, 8, 9, 10; Section V, question 5, 6, and 7; Section VI, questions 1, 3, 6, 7, 8, and 9; Section VII, questions 1 and 2; Section VIII, question 2; Section IX, questions 1, 3, and 4; or lack of signed medical authorizations." *Id.* ¶ 4.

2

willful disobedience of a court order or where a litigant exhibits a pattern of intentional delay." *Hunt v. City of Minneapolis*, 203 F.3d 524, 527 (8th Cir. 2000).  Dismissal for "willful disobedience" does not require a "finding that the [plaintiff] acted in bad faith, but requires 'only that he acted intentionally as opposed to accidentally or involuntarily.'"  *Id.* (citation omitted).  A "pattern of intentional delay" exists where a plaintiff fails to comply with a court order despite multiple opportunities for compliance and the Court's warning that noncompliance may result in dismissal.  *First Gen. Res. Co. v. Elton Leather Corp.*, 958 F.2d 204, 206 (8th Cir. 1992).  PTO 14 affords multiple opportunities for compliance and warns of dismissal, and thus, failure to comply with PTO 14 thus warrants dismissal with prejudice.

## DISCUSSION

Plaintiffs did not oppose Defendants' motion to dismiss in ten cases: 18-cv-00852 (*Villafranco v. 3M Co., et al.*); 18-cv-01051 (*Johnson, Alvin v. 3M Co.*); 18-cv-01103 (*Tedford v. 3M Co.*); 18-cv-01167 (*Eans v. 3M Co.*); 18-cv-01169 (*Gregory v. 3M Co.*); 18-cv-01542 (*Davis v. 3M Co., et al.*); 18-cv-02067 (*Norton v. 3M Co., et al.*); 18-cv-02095 (*Jenkins v. 3M Co., et al.*); 18-cv-02117 (*Banks v. 3M Co., et al.*); and 18-cv-02394 (*Block v. 3M Co., et al.*).

In *Banks v. 3M Co., et al.* and *Block v. 3M Co., et al.*, Defendants contend that Plaintiffs failed to serve the PFS as required by PTO 14, and to date, remain delinquent.

Defendants also allege that in eight cases,[2] Defendants sent Plaintiffs a final deficiency notice in response to a PFS or amended PFS and Plaintiff failed to cure the core deficiencies identified by Defendants.

The Court grants Defendants' motion as to these Plaintiffs and dismisses these cases with prejudice for failure to prosecute and failure to comply with PTO 14.  *See* Fed. R. Civ. P. 41(b).

## CONCLUSION

Based on the files, records, and proceedings herein, IT IS ORDERED THAT:

1. Defendants' Eighteenth Motion to Dismiss for Failure to Comply with Pretrial Order No. 14 [ECF No. 1828] is GRANTED IN PART.

2. The following cases are DISMISSED WITH PREJUDICE: 18-cv-00852 (*Villafranco v. 3M Co., et al.*); 18-cv-01051 (*Johnson, Alvin v. 3M Co.*); 18-cv-01103 (*Tedford v. 3M Co.*); 18-cv-01167 (*Eans v. 3M Co.*); 18-cv-01169 (*Gregory v. 3M Co.*); 18-cv-01542 (*Davis v. 3M Co., et al.*); 18-cv-02067 (*Norton v. 3M Co., et al.*); 18-cv-02095 (*Jenkins v. 3M Co., et al.*); 18-cv-02117 (*Banks v. 3M Co., et al.*); 18-cv-02394 (*Block v. 3M Co., et al.*).

Dated: April 18, 2019

                                            s/ Joan N. Ericksen
                                            JOAN N. ERICKSEN
                                            United States District Judge

---

[2] *Villafranco v. 3M Co., et al.*; *Johnson, Alvin v. 3M Co.*; *Tedford v. 3M Co.*; *Eans v. 3M Co.*; *Gregory v. 3M Co.*; *Davis v. 3M Co., et al.*; *Norton v. 3M Co., et al.*; and *Jenkins v. 3M Co., et al.*