UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE: BAIR HUGGER FORCED AIR WARMING DEVICES PRODUCTS LIABILITY LITIGATION | MDL No. 15-2666 (JNE/FLN) |

THIS DOCUMENT RELATES TO:

16-cv-2880-JNE-DTS *(Brunner v. 3M Co. et al.)*

**PLAINTIFF'S RESPONSE TO DEFENDANT'S EIGHTH MOTION TO DISMISS FOR FAILURE TO COMPLY WITH PRETRIAL ORDER NO. 23 AND FED. R. CIV. P. 41(B) AND/O 25(a)**

NOW COMES Plaintiff, Elmer Brunner, identified in Defendant's Eighth Motion to Dismiss for Failure to Comply with Pretrial Order No. 23 and/or Fed R. Civ. P. 25(a) and 41(b), by and through undersigned counsel, submits his response to Defendant's Motion to Dismiss and would respectively show the Court the following:

## FACTS

In February of 2016, Mr. Brunner contacted undersigned counsel regarding an infection and subsequent treatment he experienced due to the use of a Bair Hugger patient warming device during a total knee replacement surgery. Counsel worked to obtain the medical records and billing records necessary to move forward with the case. Those records indicated that a Bair Hugger device was used during the original surgery. On August 25, 2016, counsel filed the current action to comply with the applicable statute of limitations deadline for the relevant claim.

After the filing of Plaintiff's case, counsel worked closely with Plaintiff to complete the Plaintiff Fact Sheet (hereinafter "PFS") which was submitted on December 23, 2016. Defendants issued a Deficiency Notice on January 20, 2017. Undersigned counsel remained in contact with plaintiff and worked with plaintiff to cure the deficiency. On March 30, 2017, Plaintiff responded to Defendant's Deficiency Notice. During the course of completing the PFS, Plaintiff gave every indication that he desired to continue the case.

Counsel diligently and regularly keeps all of its clients aware of developments in this and other litigations. Further, the staff at Bernstein Liebhard LLP recommends that clients inform their family about any pending litigation and have a family member contact the firm in the unfortunate event that the client suffers from a severe health issue or passes away. Notwithstanding this recommendation, there are instances in which the family is not made aware of the pending litigation and have no reason to contact the undersigned firm. In these instances, the dismissal of a Plaintiff's case for failure to file a timely Suggestion of Death is a most severe penalty.

On April 9, 2019, counsel for Plaintiff received an e-mail from Defendants stating that Plaintiff passed on March 17, 2017. Defendants further informed counsel that a Suggestion of Death was due 90 days after Plaintiff's death or 90 days of the Pre-Trial Order No. 23, which ever was later. In this matter, the Suggestion of Death was due on April 9, 2019. As the Suggestion of Death was not timely filed, Defendants informed counsel that they would be moving forward with a Motion to Dismiss.

Counsel made immediate efforts to contact Plaintiff's next of kin after receiving notification from the Defendants. Counsel placed phone calls to Plaintiff's daughter, Nancy Young. Counsel further advised Ms. Young to apply to become the administrator of her father's estate in order to maintain this claim on his behalf. Ms. Young informed undersigned counsel that although communications have broken down between siblings, her brother Wayne C. Brunner may have already been appointed the administrator. Counsel immediately established contact with Wayne C. Brunner. Mr. Brunner, through local probate counsel, Leonard Peters, has submitted an Application to Probate Will and For Issuance of Letters Testamentary (hereinafter "Application") in Colorado County, Texas on April 24, 2019, attached hereto as **Exhibit A**. Moreover, contained within the Application is a copy of a plaintiff's will, which assigns Wayne C. Brunner as the executor of plaintiff's estate.   Therefore, this will not be a contested hearing and it is fully expected that Wayne C. Brunner will receive Letters Testamentary shortly.

## **ARGUMENT**

Counsel for Plaintiff was not made aware of the death of Plaintiff until the 90-day time period has expired. For the Court to dismiss Plaintiff's claims with prejudice would be an unduly harsh result given the circumstances.

**I.     Dismissal with Prejudice is a Drastic Measure in this Situation**

A dismissal with prejudice "is a drastic sanction that should be exercised sparingly." *Pardee v. Stock*, 712 F.2d 1290, 1292 (8th Cir. 1983). Plaintiff's

noncompliance with Pretrial Order 23(A) was not willful or in bad faith, and a dismissal with prejudice would be extreme. A dismissal with prejudice "should be used only in cases of willful disobedience of a court order or where a litigant exhibits a pattern of intentional delay." *Hunt v. City of Minneapolis*, 203 F.3d 524, 527 (8th Cir. 2000); *see Hutchins v. A.G. Edwards & Sons, Inc.*, 116 F3d 1256, 1260; *see also Mann v. Lewis*, 108 F.3d145, 147 (8th Cir. 1984). In *Givens v. A.H. Robins Co.*, 751 F.2d 264 (8th Cir. 1984), the Eighth Circuit reversed a dismissal with prejudice where the litigant's only transgression was failure to comply with a discovery deadline. *Givens*, 751 F.2d at 264. The court reasoned that dismissal with prejudice was disproportionate to this act of noncompliance. *Id.*

Here, Plaintiff's only transgression is that a Suggestion of Death was not filed within the 90-day time period following PreTrial Order No. 23, as counsel for Plaintiff was not aware that Plaintiff had passed away. Plaintiff's actions do not constitute a willful disobedience. Total extinction of Plaintiff's cause of action would be disproportionate to this unintentional act of noncompliance with Pretrial Order No. 23. Moreover, Plaintiff's son, Wayne C. Brunner has already filed an Application to receive Letters Testamentary so that he can maintain this claim on his father's behalf.

## II.    Policy Disfavors Dismissal with Prejudice

"[A]n action should be dismissed with prejudice only after balancing the policy of giving the plaintiff [his or her] day in court against [the] policies of preventing undue delay, avoiding court congestion, and preserving respect for court procedures." *Omaha Indian Tribe v. Tract I-Blackbird Bend Area*, 933 F.2d 1462, 1468 (8th Cir. 1991)

(internal quotations omitted); *see Moore v. St. Louis Music Supply Co., Inc.*, 539 F.2d 1191, 1193 (8th Cir. 1976); *see also Navarro v. Chief of Police, Des Moines, Iowa*, 523 F.2d 214, 217 (8th Cir. 1975).

Plaintiff has not caused an undue delay and there is absolutely no prejudice to Defendants, because unlike standard litigation, this case was filed in the MDL. Since this case is not a Bellwether selection, there are no discovery deadlines which would have been delayed by an untimely filing of the Suggestion of Death. The possible remand of this case will not occur for months, possibly even longer, as several Bellwether cases are still pending. Under these circumstances, it cannot be said that Plaintiff willfully refused to comply with this Court's order. A dismissal with prejudice would be a harsh consequence, and forever deny Plaintiff's day in court.

## CONCLUSION

For the foregoing reasons, undersigned counsel respectfully requests the Court to deny Defendant's Motion to Dismiss for Failure to Comply with Pretrial Order No. 23 and/or Fed. R. Civ. P. 25(a) and 41(b). Furthermore, undersigned counsel respectfully requests the Court to grant Plaintiff's son, Wayne C. Brunner, an additional sixty (60) days to complete the appropriate probate process.

Dated:   April 24, 2019

Respectfully Submitted,

BERNSTEIN LIEBHARD LLP

By: /s/ Daniel C. Burke
Daniel C. Burke
10 East 40th Street
New York, New York 10016
Telephone:  212-779-1414
Facsimile:   212-779-3218
Email: dburke@bernlieb.com

*Counsel for Plaintiffs*