# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: Bair Hugger Forced Air Warming Products Liability Litigation | MDL No. 15-2666 (JNE/DTS) |
| This Document Relates To:<br><br>*Wollam*, 17-cv-0039-JNE-DTS | **MEMORANDUM IN SUPPORT OF PLAINTIFF'S RESPONSE TO DEFENDANTS' EIGHTH MOTION TO DISMISS FOR FAILURE TO COMPLY WITH PRETRIAL ORDER NO. 23, AND FED. R. CIV. P. 41(b), AND/OR 25(a)** |

NOW COMES Plaintiff, Kenneth Wollam, identified in Defendants' Eighth Motion to Dismiss for Failure to Comply with Pretrial Order No. 23 [Dkt. 1880] and Fed. R. Civ. P. 41(b) and/or 25(a), by and through undersigned counsel, submits his Response to Defendants' Motion to Dismiss, and would respectively show the Court the following:

The undersigned law firm maintains reasonable processes to ascertain whether a client is alive and to confirm the firm's authority to prosecute the case.  Relevant to this matter, the undersigned law firm utilizes the following processes:  1) The firm provides periodic client updates by email through a database that identifies email failures, and then the firm investigates the cause of the email failure to determine if the email is still valid. 2) The firm requires its clients to designate an alternate contact or client representative to receive communications and updates.  3) The firm requires at the outset of a representation that the client inform a family member or contact of the pending litigation, so that the

family member or contact can advise the law firm if there is a change in the client's health or a death. 4) The firm conducts routine file audits to determine individual case status and complete any open tasks or action items.

On April 12, 2016, the undersigned were engaged to represent Kenneth Wollam. At the time he retained the undersigned, Mr. Wollam was 85 years old and resided in a nursing home. As part of its routine internal practices, the undersigned required its client to identify an alternate contact. The alternate contact was Stephen Wollam, son of Kenneth Wollam. Following a pre-suit investigation, this lawsuit was filed on January 5, 2017.

During the representation, Kenneth Wollam received routine client status updates, and Stephen Wollam maintained regular telephone contact with the undersigned for purposes of medical records evaluation, preparation of discovery obligations such as fact sheets, and routine case updates.

On April 9, 2019, counsel for Plaintiff received an email from Defendants stating that Plaintiff had passed away on September 11, 2018. Counsel made immediate efforts to contact Stephen Wollam after receiving this email from Defendants. On April 22, 2019, undersigned received a phone call from Vicki Forrider, daughter of Kenneth Wollam and sister of Stephen Wollam. On that date, the undersigned learned of the passing of Stephen Wollam on March 24, 2019. In addition, the attorney primarily handling the file has been on maternity leave since early February and will return on May 6, 2019.

Despite regular contact with Kenneth Wollam and his designated alternate contact, Stephen Wollam, counsel for Plaintiff was not aware of the death of Plaintiff

until the 90-day time period set forth under PTO 23 had expired. The lapse was unfortunate but explained by the following unique circumstances: the death of alternate client contact Stephen Wollam within six months of Kenneth Wollam's death and a temporary relaxation of the undersigned law firm's ordinary procedures to identify client status during maternity leave.

To date, the undersigned law firm has filed three suggestions of death in a timely manner and has had no other cases in this litigation dismissed due to a failure to comply with PTO 23. These circumstances, while again unfortunate, are non-replicating circumstances. The undersigned respectfully requests that the Eighth Motion to Dismiss be denied with respect to Kenneth Wollam's claims, and that Plaintiff be granted leave to file a motion to substitute within 90 days of the suggestion of death. During that time period, Ms. Forrider intends to obtain all necessary authority to prosecute this matter as a substitute party.

## **CONCLUSION**

For the foregoing reasons, undersigned counsel respectfully requests the Court to deny Defendants' Motion to Dismiss for Failure to Comply with Pretrial Order No. 23 and Fed. R. Civ. P. 41(b) and/or 25(a). Furthermore, undersigned counsel respectfully requests the Court to allow an additional ninety (90) days to grant Plaintiff's daughter, Vicki Forrider, sufficient time to file a motion to substitute party.

DATED: May 1, 2019

Respectfully submitted,

*/s/ Jeffrey L. Raizner*

Jeffrey L. Raizner
Texas Bar No. 00784806
Amy B. Hargis
Texas Bar No. 24078630
Raizner Slania LLP
2402 Dunlavy Street
Houston, Texas 77006
713.554.9099 (phone)
713.554.9098 (fax)
efile@raiznerlaw.com

*Attorneys for Plaintiff*