UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE: Bair Hugger Forced Air Warming Products Liability Litigation | MDL No. 15-2666 (JNE/FLN) |
| This Document Relates to:<br><br>**PLAINTIFF,**<br><br>*KENNETH WOLLAM v. 3M Company, et al;* Case No. 17-cv-00039 | |

**AFFIDAVIT OF JEFFREY L. RAIZNER IN OPPOSITION TO
DEFENDANTS' EIGHTH MOTION TO DISMISS**

I, Jeffrey L. Raizner, declare as follows:

1. I am an attorney at Raizner Slania, LLC and Counsel for Kenneth Wollam in the above-captioned matter.

2. I submit this affidavit in opposition to Defendants' Motion to Dismiss for Failure to Comply with Pretrial Order No. 23 [Dkt. 1880] filed on April 11, 2019.

3. Raizner Slania LLP maintains several processes to ascertain whether a client is alive, and to confirm the firm's authority to prosecute a case. The firm provides periodic client updates by email through a database that identifies email failures, and then the firm investigates the cause of the email failure to determine if the email is still valid. The firm requires its clients to designate an alternate contact or client representative to receive communications and updates. The firm also requires clients at the outset of a representation

to inform a family member or contact of the pending litigation, so that the family member or contact may inform the law firm if there is a change in the client's health or a death. The firm also conducts routine file audits to determine individual case status and complete any open tasks or action items.

4.      On April 12, 2016, Raizner Slania LLP was engaged to represent Kenneth Wollam. At the time he retained the undersigned, Mr. Wollam was 85 years old and resided in a nursing home.

5.      As part of its routine internal practices, Raizner Slania LLP required its client to identify an alternate contact. That alternate contact was Stephen Wollam, son of Kenneth Wollam.

6.      Following a comprehensive pre-suit investigation, this lawsuit was filed on January 5, 2017.

7.      During the representation, Kenneth Wollam received routine client status updates, and Stephen Wollam maintained regular telephone contact with the undersigned for purposes of medical records evaluation, preparation of discovery obligations such as fact sheets, and routine case updates.

8.      On April 9, 2019, counsel for Plaintiff received an email from Defendants stating that Plaintiff had passed away on September 11, 2018. Counsel made immediate efforts to contact Stephen Wollam after receiving this email from Defendants.

9.      On April 22, 2019, undersigned received a phone call from Vicki Forrider, daughter of Kenneth Wollam and sister of Stephen Wollam. On that date, the

undersigned learned of the passing of Stephen Wollam on March 24, 2019.

10.     The attorney primarily handling the file has been on maternity leave since early February and will return on May 6, 2019.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: May 1, 2019

_____
Jeffrey L. Raizner

Subscribed and sworn to before me this

___ day of ___May___, 2019.

_____
Notary Public

Jane N Munoz
Notary Public
State of Texas
My Comm. Exp. 11/17/2019
ID: 13044451-7