## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE: Bair Hugger Forced Air Warming Products Liability Litigation | MDL Docket No. 15-2666 (JNE/DTS)<br>Case No. 0:16-cv-03293-JNE-DTS |
| This Document Relates to:<br><br>**BONNIE WIREMAN**<br>and<br>**CLAYTON WIREMAN**<br><br>VS.<br><br>**3M COMPANY AND ARIZANT HEALTHCARE, INC.** | **PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS** |

Plaintiffs, by counsel, submit the following Response In Opposition to Defendants' Motion to Dismiss:

As a preliminary matter, Defendants' Motion to Dismiss is filed in violation of Local Rule 7.1(c), which requires Defendants' Motion to Dismiss be filed at least forty-one (41) days before the scheduled hearing date, and here, Defendants filed their Motion to Dismiss on April 11, 2019 [Dkt. 1880] with a Notice of Hearing set for May 16, 2019, only 36 days later [Dkt. 1881].

## INTRODUCTION

The Wiremans' case was timely filed over two and a half years ago. They diligently pursued their case, timely completed all discovery requirements as of December 2016, and have patiently awaited their day in court since then, as either a bellwether case or by remand to their home jurisdiction. Tragically, Ms. Wireman unexpectedly passed away on

November 25, 2018, in the middle of the holiday season, and just six months shy of the Wiremans' 51st wedding anniversary. While Mr. Wireman is, as expected, heartbroken and grieving the loss of his wife, he desires to proceed with this case on behalf of her estate. Mr. Wireman should not be punished with the drastic sanction of dismissal with prejudice because of a slight delay in filing that has caused no prejudice to defendants and has not impacted judicial proceedings whatsoever – the Wiremans' case is not part of a bellwether pool, satisfied all discovery obligations in 2016, and remand of their case is unlikely to occur for months as several bellwether cases are still pending. The drastic sanction of dismissal with prejudice would be extreme, unfair, and disproportionate to the inadvertent act of noncompliance with PTO 23. The substantive law of the Commonwealth of Kentucky governs this case and this Court, sitting in diversity jurisdiction, is obligated to apply the substantive law of Kentucky, which provides Mr. Wireman with the right to revive Ms. Wireman's case for up to one year after her date of death. A federal rule of procedure cannot supplant nor displace a party's rights under substantive state law. Thus, dismissal with prejudice would deny Mr. Wireman his substantive rights under the laws of the Commonwealth of Kentucky and is improper. Defendants' Motion to Dismiss should be denied.

### FACTUAL BACKGROUND & RELEVANT PROCEDURAL HISTORY

On September 29, 2015, Plaintiff Bonnie Wireman underwent total left hip arthroplasty in Paducah, Kentucky, during which the Bair Hugger Forced Air Warming System (hereinafter, "Bair Hugger") was used. (See Short Form Complaint (hereinafter, "Compl."), ¶ 7.) As a result of the use of the Bair Hugger, Plaintiff developed a severe

2

infection and required additional treatment. (Id., ¶¶ 8-9.) Plaintiffs filed this lawsuit on September 29, 2016, alleging fourteen causes of action, including Clayton Wireman's loss of consortium claim. (Id., ¶¶ 10-12.) On December 28, 2016, Plaintiffs timely served the Plaintiff Fact Sheet pursuant to PTOs 14, 16 and 23. Defendants did not issue any deficiency notices regarding the PFS. At that point, discovery in Ms. Wireman's individual case was complete. Her case has not been selected as part of a bellwether pool. (See PTO 15 [Dkt. 143] and PTO 24 [Dkt. 1061].)

While her case remained pending waiting for the next discovery pool or remand, Ms. Wireman unfortunately passed away in the middle of the holiday season on November 25, 2018. Her husband, Clayton Wireman, has understandably been grieving. On April 9, 2019, counsel for Defendants emailed informing Plaintiffs' counsel that Ms. Wireman had passed away. Subsequently, Plaintiffs' counsel confirmed her passing with Mr. Wireman. That same day, Plaintiffs' counsel emailed and telephoned to inform defense counsel that Plaintiffs' counsel would not stipulate to dismissal, had only just learned of Ms. Wireman's death and intended to file a Suggestion of Death and move to substitute Mr. Wireman as the proper party pursuant to FRCP 25. Plaintiffs' counsel requested that defendants stipulate to the substitution of the estate for Ms. Wireman as a party. Counsel for Defendants refused to work out a stipulation to substitute the Estate and instead stated they intended to move to dismiss on April 11, 2019, to "keep the May hearing date." (See Exhibit 4 – April 9-10, 2019 emails.) The next day, on April 10, 2019, Plaintiffs' counsel filed the Suggestion of Death. [Dkt. 11]. Defendants filed their Motion to Dismiss the following day. [Dkt. 1880].

3

As of the date of filing of this Response, Mr. Wireman is in the process of probating Ms. Wireman's estate and has not yet been appointed administrator of the estate.

**ARGUMENT**

"[D]ismissal with prejudice is an extreme sanction that should be used only in cases of willful disobedience of a court order or where a litigant exhibits a pattern of intentional delay." Bowen v. St. Paul Police Dep't., 2010 U.S. Dist. LEXIS 138169 (D. Minn. Dec. 9, 2010) (*citing* Hunt v. City of Minneapolis, 203 F.3d 524, 527 (8th Cir. 2000)). To impose such a sanction, the district court must find that a litigant acted deliberately, rather than accidentally. Hutchins v. A.G. Edwards & Sons, 116 F.3d 1256 (8th Cir. App. 1997). Plaintiffs respectfully submit that there are no facts to support a finding of deliberate or willful disobedience of a court order. Moreover, good cause exists to excuse the filing of the Suggestion of Death only 136 days after Ms. Wireman's date of death, and Kentucky substantive law, which applies in this action, not only permits Mr. Wireman's loss of consortium claim to proceed, but permits him to revive Ms. Wireman's claim within one year of her date of death. Accordingly, the extreme sanction of dismissal with prejudice is improper, not warranted under the circumstances of this case, and would result in the misapplication and inequitable administration of Kentucky law to the detriment of Plaintiffs.

### 1. Kentucky Substantive Law Governs This Case And Permits Ms. Wireman's Case To Be Revived For Up To One Year.

Kentucky substantive law governs this case.[1] *In re Bextra & Celebrex Mktg. Sales Practices & Prod. Liab. Litig.*, 244 F.R.D. 558 (N.D. Cal.2007) ("As a federal court sitting in diversity, this court must apply Kentucky's substantive law.") (*citing* Van Dusen v. Barrack, 376 U.S. 612, 639 (1964) ("Generally where the defendant in a diversity case obtains a transfer, the transferee district court must be obligated to apply the state law that would have applied had there not been a change of venue."). Kentucky law permits Mr. Wireman to revive Ms. Wireman's case after her death (KRS 411.140)[2] for up to one year. See KRS 395.278. FRCP 25(a), a federal rule of procedure, does not supplant state substantive law. Id. at 559 (*holding* the personal representatives' assertion that FRCP 25 conflicted with Kentucky law and that the federal law should apply was wrong because there is no conflict between FRCP 25 and Kentucky's revival statute) (internal citations omitted). Thus, while FRCP 25(a) governs the *procedure* for party substitution, it does not eliminate the rights of Plaintiffs under Kentucky substantive law, which allows Mr. Wireman to revive Ms. Wireman's case.

---

[1] Under Kentucky law, loss of consortium is an independent cause of action. Floyd v. Gray, 657 S.W.2d 936, 938 (Ky. 1983); Martin v. Ohio Cty. Hosp. Corp., 295 S.W.3d 104, 109 (Ky. 2009). Defendants have not moved to dismiss Mr. Wireman's loss of consortium claim. [Dkt. 1882].

[2] KRS 411.140 states "No right of action for personal injury or for injury to real or personal property shall cease or die with the person injuring or injured, except actions for slander, libel, criminal conversation, and so much of the action for malicious prosecution as is intended to recover for the personal injury. For any other injury an action may be brought or revived by the personal representative or agent against the personal representative, heir or devisee, in the same manner as causes of action founded on contract." See *In re Bextra & Celebrex Mktg. Sales Practices & Prod. Liab. Litig.*, 244 F.R.D. 558 (N.D. Cal.2007) ("As plaintiff O'Bryan's claims were for personal injuries, they may be revived by her personal representatives, the proposed substituted plaintiffs.") (applying Kentucky law).

The Supreme Court has instructed that courts sitting in diversity jurisdiction, such as this, should apply state law such that state law claims proceeding in federal court reach a result that is consistent with the applicable state court. Walker v. Armco Steel Corp., 446 U.S. 740, 753 (1980); Guaranty Trust Co. of New York v. York, 326 U.S. 99, 109 (1945) ("in all cases where a federal court is exercising jurisdiction solely because of the diversity of citizenship of the parties, the outcome of the litigation in federal court should be substantially the same. . . as it would be if tried in a state court"). FRCP 25(a) is not broad enough to directly conflict with the state statute, and the Wireman case should not be dismissed from federal court, when such would not be the case in Kentucky state court because of substantive Kentucky law. Such a result would be inconsistent with the policies underlying diversity jurisdiction and would result in an "inequitable administration of the law" as the Supreme Court has cautioned against. Stone at *11 (*citing* Walker v. Armco Steel Corp., 446 U.S. 740, 753 (1980)).

> **a. This Court, Sitting In Diversity Jurisdiction, Must Apply Kentucky Substantive Law Which Allows Mr. Wireman Until November 25, 2019 To Revive Ms. Wireman's Case.**

*In re Bextra* is instructive in an MDL setting such as this. In that case, plaintiff brought a personal injury action against defendants and died during the course of litigation. More than one year after the date of death, plaintiff's counsel moved to substitute the co-executors and personal representatives of plaintiff's estate as plaintiffs pursuant to FRCP 25(a). Defendants opposed the motion to substitute on the grounds that plaintiff's motion to substitute was barred because plaintiff's claims had been extinguished pursuant to Kentucky's statute of limitations for the revival of an action. Plaintiff's counsel argued the

6

substitution was timely, despite being filed 15 months after the plaintiff died, because it was made within 90 days of the suggestion of plaintiff's death on the record pursuant to FRCP 25(a)(1). Plaintiff's counsel further asserted that because FRCP 25 conflicted with Kentucky law, federal law should apply. The Court disagreed and explained there is no conflict between FRCP 25, a "purely procedural" rule of civil procedure, and the substantive law of Kentucky that governed the case and provided the plaintiff's right of revival. Id. at 558. Put another way: when considering only FRCP 25, the plaintiff's motion to substitute would have been timely, but because Kentucky law provides only a one-year statute of limitations for the revival of claims, the court found the motion untimely explaining the substantive law of Kentucky applies regardless of the procedural rules. Id. at 559.

The same is true here – the federal procedural rule cannot displace Kentucky substantive law – even though here, the Court has imposed a shorter window for filing the Suggestion of Death.[3] Nevertheless, no procedural rule can eliminate Mr. Wireman's right of revival under substantive Kentucky law. There is no question that the one-year right of revival pursuant to KRS 395.278 creates a substantive right. Stone v. Dean Dairy Holdings, LLC, 2018 Ky. App. LEXIS 307, *15 (Ky. App. Dec. 14, 2018) ("Again, we return to the fact that Kentucky courts have consistently highlighted that KRS 395.278 creates a substantive right to pursue an action where one did not previously exist at common law, rather than a simple procedural rule for notice. . ."); Hammons v. Tremco, Inc., 887 S.W.2d

---

[3] Younts v. Fremont County, 370 F.3d 748 (8th Cir. 2004) (the 90-day limitation time is not triggered until a formal suggestion of death is made on the record, regardless of whether the parties have knowledge of a party's death).

336, 338 (Ky. 1994) (KRS 395.278 operates as a statute of limitations); Snyder v. Snyder, 769 S.W.2d 70, 72 (Ky. App. 1989) (KRS 395.278 is a statute of limitation rather than a statute relating to pleading, practice or procedure, and the time limit within the statute is mandatory, not discretionary); Mitchell v. Money, 602 S.W.2d 687, 688 (Ky. App. 1980) ("Within this jurisdiction, it is a well-recognized rule of law that any statute relating to the revivor of an action is a statute of limitation, rather than a statute relating to pleading, practice, or procedure."); Daniel v. Fourth & Market, Inc., 445 S.W.2d 699, 701 (Ky. App. 1968) (KRS 395.278 is a statute of limitation and not a law relating to pleading, practice and procedure). Thus, Mr. Wireman has until November 25, 2019 to revive the Estate's action.

Both the Northern District of California applying Kentucky law in an MDL setting in *In re Bextra*, and the Kentucky Court of Appeals in Stone, explained the federal procedural rule governing the substitution of parties (FRCP 25(a)) does not conflict with nor displace the Kentucky revival statute. See Stone at *12 (*holding* KRS 395.278 and FRCP 25(a) do not conflict and thus any analysis pursuant to the Rules Enabling Act is unnecessary; the estate is required to file a motion pursuant to KRS 395.278 where it seeks to revive the claim) and *In re Bextra* at 559 ("As is explained above, however, Rule 25(a)(1) is procedural, it does not supplant the state substantive law.").

The Kentucky Court of Appeals in Stone further explained:

> A substantive comparison of KRS 395.278 and FRCP 25(a)(1) reveals that the provisions are not in conflict, and in fact are in harmony with one another. By its own terms, FRCP 25(a)(1) governs substitution of a deceased party "when the claim is not extinguished." **Therefore, it governs the substitution of a party only once the federal court has ascertained that**

8

> **the actual claim itself has not been extinguished but does not purport to establish the methods by which the court is to determine whether the claim has been extinguished.** Correspondingly, KRS 395.278 is equally silent regarding substitution, solely addressing the issue of the act of reviving the actual claim. **Moreover, the Federal Rules of Civil Procedure do not forbid a party from filing a revival motion in federal court. The rule and the statute can be read co-extensively – upon the death of a party, the personal representative has one year from the date of death to file a motion with the federal court pursuant to KRS 395.278 reviving the cause of action**.

Stone at *10-11 (internal citations omitted) (emphasis added).

Accordingly, were the Court to grant Defendants' motion and dismiss Ms. Wireman's case with prejudice, it would improperly supplant the state *substantive* law of Kentucky with a federal *procedural* rule, and effectively deny Plaintiffs' substantive rights under Kentucky law, which indisputably allow Ms. Wireman's case to be revived for up to one year after her death – through November 25, 2019.[4] As such, Defendants' motion to dismiss is improper and premature at best. Burnham v. Radiology Group of Paducah, P.S.C., 2010 Ky. App. LEXIS 44 (Ky. App. 2010) ("As stated in Hammons, revival of a case is mandatory, but the right to have the action dismissed can be lost by waiver, estoppel, or consent."); Hammons v. Tremco, Inc., 887 S.W.2d 336, 338 (Ky. 1994) ("Section 395.278 operates as a statute of limitations; therefore, the period set forth in the statute is **mandatory**.") (emphasis added). Indeed, the Eighth Circuit reversed the district court's denial of a motion for substitution where the district court failed to look to the state

---

[4] The Supreme Court has routinely held FRCP 25(a)(1) is purely procedural and whether or not the claim survives is based upon the substantive state law that governs the case. See Robertson v. Wegmann, 436 U.S. 584, 587 n.3 (1978) (FRCP 25(a)(1) "simply describes the manner in which parties are to be substituted in federal court once it is determined that the applicable substantive law allows the action to survive a party's death.") (internal citations omitted).

9

substantive law in an MDL case similar этой one. Torres v. Bayer Corp. (*In re Baycol Prods. Litig.*), 616 F.3d 778 (8th Cir. 2010) (*explaining* "in a diversity case, we look to state substantive law to determine whether the cause of action survives," and *holding* "On remand . . . [t]he district court must first look to California law to answer the substantive question. . .").

> 2. **Good Cause Exists to Permit Filing The Suggestion of Death 136 Days After The Date Of Death And There Are No Facts To Support The Requisite Finding Of Deliberate or Willful Indifference.**

Plaintiffs' case was timely filed **well over two and a half years ago**. All of Plaintiffs' discovery obligations were complete **well over two years ago**, as of December 28, 2016. Plaintiffs' case has not been selected as part of a bellwether pool. Thus, since December 28, 2016, Plaintiffs have waited – for either selection as part of a bellwether pool or remand to their home jurisdiction for trial.

Counsel for Plaintiffs utilize a system to maintain contact with all clients, specifically, one that ensures every client is contacted routinely, at least once every five to six months. (See Exhibit 2 – Declaration of Jennifer A. Moore.) Regardless of the status of the litigation, Plaintiffs' counsel ensures that all clients are never more than six (6) months without contact, whether it is a telephone call, email, letter, or other form of contact. If attempts at routine contact are unsuccessful, a follow-up letter is mailed within thirty (30) days. This method of systematic contact and follow-up is diligent, not a deliberate or willful violation of a court order such that dismissal with prejudice is warranted. See Givens v. A.H. Robins Co., 751 F.2d 261 (8th Cir. 1984) (*reversing* dismissal with prejudice where

the only violation was failing to comply with a discovery deadline because the sanction was disproportionate to the transgression).

This Court has previously explained that the purpose of PTO 23 is to ensure that counsel maintains sufficient contact with plaintiffs to allow the Court and Defendants to know whether or not plaintiffs are alive. *In re Bair Hugger Forced Air Warming Devices Prods. Liab. Litig.*, 2018 U.S. Dist. LEXIS 144732, *11 (2018). The Court previously explained, "[w]ithout evidence of a reasonable and good faith process for ascertaining whether or not a client is alive, the Court cannot find that either excusable neglect or impossibility justify noncompliance with PTO 23." [Dkt. 1566].

Here, Plaintiffs' counsel maintains a system of routine contact to ensure the Court and all parties know whether or not plaintiffs are still living over the course of prolonged litigation, and Plaintiff has put forth evidence of a reasonable and good faith process which allows consistent contact with clients.[5] Counsel's affidavit constitutes evidence of a reasonable and good faith process as required by PTO 23 and dismissal with prejudice in these circumstances would be disproportionate to this unintentional act of noncompliance and would be unduly harsh. An unintentional act of noncompliance that was cured just 46 days late does not constitute habitual, deliberate or willful disobedience of a court order. Jackson v. Schoemehl, 788 F.2d 1296 (8th Cir. 1986) ("Nevertheless, dismissal with prejudice is a severe sanction, and therefore should be turned to only in situations where the abuse complained of is in proportion to the drastic nature of the remedy." *Holding*

---

[5] The Declaration of Jennifer A. Moore In Support of Plaintiffs' Response to Defendants' Motion To Dismiss is attached as Exhibit 2.

11

dismissal was inappropriate where, "[t]here is no suggestion here of deliberate disobedience or intentional action to prevent resolution of this lawsuit.").

### a. The Slight Delay In Filing Is Excusable And All Four Factors The Court Must Consider Weigh In Favor Of Finding Excusable Neglect.

At minimum, the slight delay in filing constitutes excusable neglect, an "elastic concept that empowers courts to provide relief where a party's failure to meet a deadline is caused by inadvertence, mistake, or carelessness," and a determination which is "at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." Kurka v. Iowa County, 628 F.3d 953 (8th Cir. 2010). To determine whether conduct is excusable, courts must consider four factors: (i) the danger of prejudice to the non-moving party; (ii) the length of the delay and its potential impact on judicial proceedings; (iii) whether the movant acted in good faith; and (iv) the reason for the delay. Freeman v. Wyeth, 764 F.3d 806 (8th Cir. 2014). All four factors weigh in favor of finding excusable neglect in this case.

First, there is simply no prejudice to defendants here. The Wiremans' case was not part of a bellwether pool and timely met all court-ordered discovery obligations well over two years ago without a single deficiency identified by defendants. The case has been effectively stayed since meeting all discovery obligations in December 2016, and Plaintiffs have waited for over two years for either bellwether selection or remand. Conversely, the Wiremans will suffer disproportionate and unfair prejudice if the case is dismissed with prejudice. The Wiremans have maintained consistent contact with counsel at all times prior to Ms. Wireman's unexpected death during the holidays, and Mr. Wireman should not be


punished because he has been grieving the loss of his wife of 51 years. (See Exhibit 3 – Affidavit of Clayton Wireman.)

Second, the length of the delay, only 46 days past the due date, has no impact on judicial proceedings. A delay of less than two months in merely notifying the parties and the Court of Ms. Wireman's passing has no effect on the litigation, particularly here, where Mr. Wireman is still in the process of probating Ms. Wireman's estate and being appointed administrator. Moreover, there is no impact on judicial proceedings where Plaintiffs' case is not part of a bellwether pool and sits in wait until selected for bellwether or remand.[6] Conversely, should the Court dismiss Ms. Wireman's case with prejudice, the action on behalf of her estate may be revived and proceed in state court after Mr. Wireman is appointed administrator. Thus, dismissal would ultimately result in a waste of judicial resources as the case which has been pending in Minnesota for over two years may be revived in Kentucky state court.

Third, Plaintiffs' counsel acted in good faith upon learning of Ms. Wireman's death by immediately contacting Mr. Wireman, and both telephoning and emailing defense counsel upon reaching Mr. Wireman. Similarly, Plaintiffs' counsel's system of routine contact with clients is evidence of Plaintiffs' reasonable and good faith efforts to comply with PTO 23.

---

[6] It is also worth mentioning that Defendants' Motion to Dismiss asserts that the case should be dismissed to prevent parties from "inflating" the MDL docket with cases that are not viable. However, Mr. Wireman's loss of consortium claim is an independent cause of action that is viable, not subject to dismissal, and thus, not "inflating" the MDL. Defendant's assertion is incorrect and actually weighs in favor of allowing both the cause of action on behalf of Mr. Wireman and the Estate of Ms. Wireman to proceed together as initially filed.

Fourth, the reason for the delay is not willful disobedience. "Although we have indicated in past cases that the reason for a party's delay is a key consideration in determining whether that party's negligence is excusable, this principle does not provide carte blanche to a district court to disregard the other considerations that Pioneer Investment identified." Union Pac. R. Co. v. Progress Rail Servs. Corp., 256 F.3d 781, 783 (8th Cir. 2001) (*finding* excusable neglect where the party "committed a single, simple error" that "did not result from a mistake of law," nor "act[s] of negligen[ce] over a long period of time") *citing* Pioneer Inv. Servs. V. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380 (1993). Similarly, Plaintiffs' counsel maintained regular, routine communication with the Wiremans prior to Ms. Wireman's death and the slight delay in filing does not constitute negligence over a long period of time. Ms. Wireman passed away during the holiday season, and defendants' motion to dismiss come just four months and sixteen days after she died. Mr. Wireman should not be punished for grieving the loss of his wife rather than immediately contacting his lawyers. Plaintiffs' counsel instructs clients to call anytime there is a change in circumstance, but Mr. Wireman should not be punished for failing to call when counsel and the Wiremans have maintained consistent contact throughout the pendency and course of this litigation. (See Exhibit 4 – Affidavit of Clayton Wireman.)

The Eighth Circuit does not demand a heightened standard of excusable neglect such that the reason for delay equates to the movant providing actual evidence. Tate v. Rest. Techs., Inc., 2011 U.S. Dist. LEXIS 90364 (D. Minn. 2011). "That is, a standard where the movant must provide more than mere assertions and statements to establish excusable neglect," is not required in the Eighth Circuit. Id. at *16-17 (internal citations

omitted). In fact, when deciding whether a failure to act is the product of excusable neglect, courts make an equitable determination based upon all relevant circumstances surrounding that failure to act. Kaubisch v. Weber, 408 F.3d 540, 543 (8th Cir. 2005). In making this equitable determination, the Court is required to balance the aforementioned factors. Moore v. St. Louis Music Supply Co., 539 F.2d 1191 (8th Cir. 1976) ("This process of balancing focuses in the main upon the degree of egregious conduct which prompted the order of dismissal…").

Plaintiffs respectfully submit there has been no egregious conduct sufficient to warrant the harsh sanction of dismissal with prejudice. Further, the totality of the circumstances and all four factors the Court must consider weigh in favor of a finding of excusable neglect – counsel uses a system to maintain routine contact with clients; the declaration of counsel and the affidavit of Mr. Wireman establish same. Likewise, the slight delay in filing has prejudiced no party to this action and has not delayed judicial proceedings, particularly as this case met all discovery obligations well over two years ago and is not part of a bellwether pool. The Plaintiffs have patiently awaited their day in court for two and a half years and dismissal with prejudice would be an extreme, unwarranted, and unfair sanction disproportionate to the only slightly delayed filing.[7] Garrison v.

---

[7] Younts v. Fremont County, 370 F.3d 748 (8th Cir. 2004) (*explaining* where suggestion of death has not been filed, the 90-day limitations period may not have begun to run; *holding* the time limitation is not triggered without a formal suggestion of death made on the record, regardless of whether the parties have knowledge of the death) (internal citations omitted). See e.g., Davids v. N. Iowa Cmty. Sch. Dist., 2014 U.S. Dist. LEXIS 78603 (N.D. Iowa June 9, 2015) (*finding* the inadvertently missed deadline did not sink to the level of inexcusable neglect where there was no evidence of habitual missed deadlines and no prejudice would result to the parties). See e.g., *In re Cendant Corp. Prides Litig.*, 311 F.3d 298 (3d Cir. 2002) (*finding* delay of over four months excusable given the totality of the circumstances); Hawes v. Johnson & Johnson, 940 F. Supp. 697 (D.N.J. 1996) (following the death of one plaintiff, remaining plaintiffs were not under any time constraints to make a formal suggestion of death, as would trigger 90-day period for filing motion for substitution); McKenna v. Pacific Rail Serv., 32 F.3d 820 (3d Cir. 1994) *reh'g, en*

International Paper Co., 714 F.2d 757, 760 (8th Cir. 1983) ("Dismissal with prejudice is a harsh sanction which should be imposed only after balance the policy of giving the plaintiff her day in court against policies of preventing undue delay, avoiding court congestion, and preserving respect for court procedures."). See Lorin Corp. v. Goto & Co., 700 F.2d 1202, 1207 (8th Cir. 1983) (dismissal with prejudice "should not be imposed unless the default was willful or in bad faith").

## CONCLUSION

In sum, Defendants' Motion to Dismiss should be denied because no facts exist to support a finding of deliberate or willful disobedience, good causes exists to excuse the slight delay in filing the Suggestion of Death, Kentucky substantive law governs this action giving Mr. Wireman one year from the date of death to revive the suit, and a dismissal with prejudice would deny him this right and result in an inequitable administration of the law. Accordingly, Plaintiffs respectfully request the Court deny Defendants' Motion to Dismiss.

A Certificate of Word Count Compliance is attached as Exhibit 1 pursuant to Local Rule 7.1(f).

---

*banc, denied* (1994 U.S. App. LEXIS 27598) (3d Cir. Sept. 27, 1994) (*holding* the district court abused its discretion in dismissing the case based upon plaintiffs' counsel's lack of filing of a formal suggestion of death and formal motion for substitution within a particular period of time "when deceased's counsel only recently learned of death"); Tatterson v. Koppers Co., 104 F.R.D. 19, 39 (W.D. Pa. 1984) (*holding* counsel did not act in bad faith in failing to move for enlargement of 90-day period given delays in appointment of executor of the estate).[7]

Respectfully submitted,

/s/ Jennifer A. Moore
Jennifer A. Moore
Ashton Rose Smith
MOORE LAW GROUP, PLLC
1473 South 4th Street
Louisville, KY  40208
T: (502) 717-4080
F: (502) 717-4086
jennifer@moorelawgroup.com
ashton@moorelawgroup.com

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on May 2, 2019, I electronically filed the foregoing document with the Clerk of the U.S. District Court, District of Minnesota, using the CM/ECF system, which will send notification of such filing to all parties.

/s/ Jennifer A. Moore
Jennifer A. Moore
Ashton Rose Smith
MOORE LAW GROUP, PLLC
1473 South 4th Street
Louisville, KY  40208
T: (502) 717-4080
F: (502) 717-4086
jennifer@moorelawgroup.com
ashton@moorelawgroup.com