UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: Bair Hugger Forced Air Warming Products Liability Litigation | MDL No. 15-2666 (JNE/DTS) |
| *Norton*, 16-cv-0026-JNE-DTS<br>*Brunner*, 16-cv-2880-JNE-DTS<br>*Wireman et al.*, 16-cv-3293-JNE-DTS<br>*Wollam*, 17-cv-0039-JNE-DTS<br>*Schilawski*, 17-cv-0352-JNE-DTS<br>*Miles et al.*, 17-cv-1235-JNE-DTS<br>*Martz*, 17-cv-1528-JNE-DTS<br>*Laws*, 17-cv-2518-JNE-DTS<br>*Trinder*, 17-cv-2874-JNE-DTS<br>*Torbeck et al.*, 17-cv-4054-JNE-DTS<br>*Davis*, 18-cv-0166-JNE-DTS | **DEFENDANTS' REPLY IN SUPPORT OF THEIR EIGHTH MOTION TO DISMISS CASES FOR FAILURE TO COMPLY WITH PRETRIAL ORDER NO. 23, AND FED. R. CIV. P. 41(b), AND/OR 25(a)** |

In their Eighth Motion to Dismiss for Failure to Comply with Pretrial Order 23 ("PTO 23") and Fed. R. Civ. P. 41(b), and/or 25(a), Defendants moved to dismiss twelve plaintiffs' cases for failure to file timely suggestions of death. Plaintiffs have not opposed Defendants' motion in seven cases: *Norton*, *Schilawski*, *Miles*, *Martz*, *Laws*, *Trinder* and *Davis*.[1] These cases should now be dismissed with prejudice. Defendants initially also included *Fletcher*, 17-cv-03262 in the motion to dismiss, but have since withdrawn their motion as to that case. The parties have stipulated to the dismissal of *Torbeck*, 17-cv-4054.

---

[1] Plaintiffs Norton and Laws filed belated suggestions of death on April 10 and 15, respectively, after Defendants emailed their counsel to meet and confer on the motion to dismiss.

Plaintiffs have filed oppositions in three cases: *Brunner*, *Wireman.*, and *Wollam.* ECF Dkt. No. 1892 (*Brunner*), ECF Dkt. No. 1902 (*Wireman*), ECF Dkt. No. 1900 (*Wollam.*).[2] These oppositions fail to provide good cause to excuse their noncompliance, either by showing impossibility or excusable neglect. Accordingly, Defendants respectfully request that the Court now dismiss these cases with prejudice as well.

## ARGUMENT

PTO 23 requires that counsel for plaintiffs file a suggestion of death within 90 days of a plaintiff's death, or within 90 days from the date of PTO 23, whichever is later. Furthermore, PTO 23 and Rule 25 "both then require counsel to move for substitution within 90 days of the filing of the suggestion of death. If either of these deadlines are missed, the Court must dismiss the deceased plaintiff's action." ECF No. 1566, Order; *see also* Fed. R. Civ. P. 25(a).

### I. PLAINTIFFS' COUNSEL FAILED TO KEEP IN REGULAR CONTACT WITH THEIR CLIENTS AND VERIFY THEIR CAPACITY TO LITIGATE.

In their response to Defendants' motion, counsel for each plaintiff states that they were not able to file timely suggestions of death because they did not know of plaintiffs' death until after the PTO 23 deadline had passed. *See*, *e.g.*, ECF Dkt. No. 1892 (*Brunner*) ("Counsel for Plaintiff was not made aware of the death of Plaintiff until the 90-day time period has expired." (sic)); ECF Dkt. No. 1902-2 (*Wireman*) ("Plaintiffs' counsel did not learn of Ms. Wireman's passing until April 9, 2019, slightly more than 90 days after Ms.

---

[2] Plaintiffs Brunner, Wireman, and Wollam filed suggestions of death after Defendants informed counsel about their clients' death. See *Brunner,* Dkt. No. **7**; *Wireman*, Dkt No. 11; *Wollam*, Dkt No. 10.

Wireman's passing."); ECF Dkt. No. 1900 (*Wollam*) ("counsel for Plaintiff was not aware of the death of Plaintiff until the 90-day time period set forth under PTO 23 had expired").

In *Brunner*, the suggestion of death was due April 9, 2018 but not filed until April 24, 2019, making it over a year late.[3] Counsel for Brunner contend that they "diligently and regularly [keep] . . . clients aware of developments in this and other litigations." But they fail to provide dates of any instances or attempts of contact with Mr. Brunner or his kin since early-2017. (Dkt. 1892 at 2.) Moreover, counsel admit that they had Mr. Brunner's daughter's contact information, but do not explain why they failed to contact her for over a year. (*Id.*)

In *Wireman*, the suggestion of death was filed nearly two months late. Counsel for Wireman state they "utilize a system to maintain contact with all clients, specifically, one that ensures every client is contacted routinely, at least once every five to six months. . . . If attempts at routine contact are unsuccessful, a follow-up letter is mailed within thirty (30) days." (Dkt. No. 1902 at 11.) This timeline allows plaintiff's counsel to go up to seven months without contact with a client, which clearly does not ensure compliance with PTO 23's 90-day deadline. Furthermore, counsel for Wireman fail to provide dates of any instances or attempts of contact with plaintiff since 2016. Counsel for Wireman also acknowledge that Ms. Wireman's husband, who is also a party to the lawsuit, is still alive but did not inform Plaintiff's counsel of his wife's death in a timely manner. *Id.*

---

[3] In their response to Defendants' motion, counsel for Brunner incorrectly states that the suggestion of death was due on April 9, 2019. It actually was due a year earlier, on April 9, 2018.

3

In *Wollam*, the suggestion of death was filed four months late. Counsel for Wollam assert that "Kenneth Wollam received routine client status updates, and Stephen Wollam [plaintiff's son] maintained regular telephone contact [with counsel] . . . ."  (Dkt. No. 1900 at 2.)  However, they do not provide any details or specific instances of contact or attempted communication since January 2017. They further assert that the firm "maintains reasonable processes to ascertain whether a client is alive and . . . provides periodic client updates by email . . . [and] conducts routine file audits to determine individual case status . . . ." *Id.* Yet, they provide no specific timing or nature of the "reasonable processes," "periodic client updates," or "routine file audits." They further argue that the lapse in timing is "explained by the following unique circumstances: the death of alternate client contact Stephen Wollam within six months of Kenneth Wollam's death and a temporary relaxation of the undersigned law firm's ordinary procedures to identify client status during [an attorney's] maternity leave." Once Mr. Wollam's counsel were informed of his death by Defendants, they were able to connect with his daughter, Vicki Forrider, in just over a week. However, Mr. Wollam's counsel do not explain why they did not contact Ms. Forrider earlier when they stopped receiving communications from plaintiff or Steven Wollam. Nor do they explain why they failed to follow up regularly with the 85-year old Mr. Wollam, who they knew resided in a nursing home. (Dkt. No. 1900 at 3.)

In addition, in each of these cases, no estate has been opened for plaintiff, and no official representative has been appointed to pursue plaintiff's action. Hence, not only are these cases in violation of PTO 23, but the next of kin are not positioned to pursue their substitutions, as required by Fed. R. Civ. P. 25 and PTO 23(B).

The Court has dismissed cases with prejudice when plaintiffs have failed to comply with PTO 23 deadlines without a valid excuse. See, e.g., ECF No. 1440, Order at 3 ("The Court therefore dismisses this action with prejudice for failure to comply with PTO 23 and for failure to prosecute under Rule 41(b)."); ECF No. 1566, Order at 7 ("Without evidence of a reasonable and good faith process for ascertaining whether or not a client is alive, the Court cannot find that either excusable neglect or impossibility justify noncompliance with PTO 23."). Because Plaintiffs have not acted diligently and in accordance with PTO 23 to maintain these claims, their actions should be dismissed with prejudice.

## II.   DISMISSAL OF CASES FOR FAILURE TO COMPLY WITH PTO 23 IS APPROPRIATE AND CONSISTENT WITH THE COURT'S ORDERS.

Plaintiffs argue that dismissal with prejudice for failure to comply with PTO 23's deadlines is inappropriate. Plaintiffs argue that "an action should be dismissed with prejudice only after balancing the policy of giving the plaintiff [his or her] day in court against [the] policies of preventing undue delay, avoiding court congestion, and preserving respect for court procedures," citing to *Omaha Indian Tribe v. Tract I-Blackbird Bend Area*, 933 F.2d 1462, 1468 (8th Cir.). ECF No. 1892 (*Brunner*). But it is precisely these policy considerations that the Court intended to address with PTO 23. The Court has repeatedly underscored that the deadlines in PTO 23 fulfill the vital function of ensuring that the MDL includes only viable cases: "This [PTO 23] process prevents deceased plaintiffs from populating and inflating the MDL docket and allows the Court and Defendants to know the true size of the MDL. This ultimately prevents court congestion and undue delay in resolving the MDL. These benefits justify dismissing plaintiffs who

5

willfully disobey PTO 23." Dkt. No. 1614, Order Denying Plaintiffs' Motion to Amend PTO 23, at 2. *See also* Dkt. No. 1440, Order at 5–6 ("PTO 23 exists to ensure that counsel maintain sufficient contact with Plaintiffs to allow the Court and Defendants to know whether or not Plaintiffs are alive. PTO 23 made clear that dismissal with prejudice would follow from the failure to maintain sufficient contact. The 90-day deadline in PTO 23 for filing a suggestion of death represents a compromise between the preferences of Plaintiffs and Defendants.").

Counsel for Plaintiffs further argue that dismissal under PTO 23 is inappropriate since their actions do not constitute willful disobedience or intentional delay, and was not in bad faith. *See, e.g.*, ECF 1892 at 4 (*Brunner*). This Court has rejected this argument as well, noting that dismissal with prejudice "does not require a finding that the plaintiff acted in bad faith but requires only that he acted intentionally as opposed to accidentally or involuntarily." Order, ECF. No. 1654. (internal quotations omitted).

While the Court may excuse noncompliance with PTO 23 for excusable neglect or impossibility, Plaintiffs have not provided "evidence of a reasonable and good faith process for ascertaining whether or not a client is alive" to allow the Court to find that "either excusable neglect or impossibility justify noncompliance with PTO 23." Order, ECF. No. 1654. In each of these cases, counsel only learned of their clients' death from Defendants' own ongoing online searches and meet-and-confer emails. The reality is that many counsel continue to ignore their obligations to maintain contact with their clients under PTO 23, forcing Defendants to review online obituaries to determine which plaintiffs are living and which are deceased.

Finally, Wireman's counsel argues that this Court must apply Kentucky's substantive law, and that Kentucky law permits Mr. Wireman to revive Ms. Wireman's case after her death for up to one year (citing to KRS 395.278). Plaintiff argues that since Fed. R. Civ. P. 25(a) is not in direct conflict with the state statute, the federal procedural rule cannot displace Kentucky substantive law. This argument is irrelevant to Defendants' motion. Defendants moved to dismiss *Wireman* for violation of PTO 23's suggestion-of-death requirement, not Fed. R. Civ. P. 25. In addition, none of the cases cited in plaintiff's brief involved a court order establishing the deadline for filing suggestions of death, as the Court has done here. Because courts have wide discretion to enter pretrial orders, and PTO 23 is not in conflict with Kentucky state law, plaintiff's argument misses the mark. *Frazier v. Bickford*, No. 14-CV-3843 (WMW/TNL), 2016 WL 10952821, at *2 (D. Minn. Mar. 31, 2016) ("A scheduling order is an important tool in controlling litigation, it is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril. An untimely motion may be subject to dismissal on procedural grounds alone.") (internal quotation marks and citations omitted).

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court dismiss with prejudice all ten remaining cases.

Dated: May 15, 2019                             Respectfully submitted,

                                            /s/ Benjamin W. Hulse
Jerry W. Blackwell (MN #186867)
Benjamin W. Hulse (MN #0390952)
Mary S. Young (MN #0392781)
BLACKWELL BURKE P.A.
431 South Seventh Street, Suite 2500
Minneapolis, MN 55415
Phone: (612) 343-3248
Fax: (612) 343-3205
Email: blackwell@blackwellburke.com
       bhulse@blackwellburke.com
       myoung@blackwellburke.com