UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

**IN RE:** BAIR HUGGER FORCED AIR WARMING DEVICES PRODUCTS LIABILITY LITIGATION

MDL No.0:15-MD-02666-JNE-DTS

*Villafranco, Leonard,*
*Plaintiff,*
*v.*
*3M Company, a Delaware Corporation, and Arizant Healthcare, Inc.*
*Defendant.*

**THIS DOCUMENT RELATES TO:**
VILLAFRANCO, LEONARD
0:18-CV-00852-JNE-DTS

## MOTION FOR RELIEF FROM JUDGMENT OR ORDER

COMES NOW Plaintiff for the above-captioned action respectfully moves pursuant to Federal Rule of Civil Procedure 60(b) for relief from the Order entered in this matter on April 18, 2019 as Docket Entry 1888 (the "Order of Dismissal"), wherein Plaintiff was involuntarily dismissed from the proceedings.  As grounds for this motion, Plaintiff asserts the following:

On March 5, 2019, Defendants filed "Defendant's Eighteenth Motion to Dismiss for Failure to Comply with Pretrial Order No. 14" (Docket entry 1828).  The motion requested dismissal of Plaintiff in the above styled case for failure to comply with the Court's Pretrial Order No. 14 ("PTO 14").  This order requires Plaintiff to serve Defendant's counsel a

1

completed and signed Plaintiff Fact Sheet ('PFS") containing various medical records and authorizations to support the Plaintiff's claims.

Plaintiff submitted its initial PFS on July 12, 2018. On January 8, 2019, undersigned receive notice from Defense Counsel that the initial PFS contained core deficiencies, as defined in PTO 14. On January 15, 2019, Plaintiff provided Defendant with an amended PFS to cure the asserted deficiencies

Prior to the Entry of the Order of Dismissal, Plaintiff received no response or communication from Defendant' Counsel indicating the amended PFS was deficient. In fact, as discussed below, Defendant provided, and Plaintiff justifiably relied upon, information that the instant matter was not subject to dismissal.

Despite Defendant insinuating the instant matter was not subject to dismissal, the Order of Dismissal was entered by this court on April 18, 2019 for failure to comply with PTO 14.

Entry of the Order of Dismissal in this matter is erroneous. Per paragraph 8 of PTO 14, "If a case appears on the agenda for two sequential court conferences without resolution, Defendants may make a motion for dismissal for failure to comply with this Court's Pretrial Order as to the alleged party".

Cases on the agenda for court conferences are listed on documents entitled "Defendants' PFS List 1: Overdue Plaintiff Fact Sheets" and "Defendants' PFS List 3: Core Deficiencies Remained Following Notice and Response". (hereinafter, these documents are referred to as "the Deficiency Lists"). The Deficiency Lists are emailed to Plaintiff prior to any court conference.

After the filing of defendant's motion to dismiss, and prior to entry of the Order of

Dismissal, the instant matter was omitted from the Deficiency Lists dated April 9, 2019. A copy of the April 2019 Deficiency Lists is attached hereto as **Exhibit "A"**.

It is the course of dealing for a matter to remain on the Deficiency Lists, until that matter has been formally dismissed by Order of Court. In fact, Defense Counsel highlights all matters which are subject to a filed motion to dismiss on the Deficiency Lists.

All emails transmitting the Deficiency Lists to Plaintiff's counsel indicates that all matters subject to a pending motion to dismiss are highlighted in pink. See emails from Wendy Thayer dated March 12, 2019, April 15, 2019, and May 08, 2019 which are attached hereto as **Composite Exhibit "B"**.

These emails show a continuous course of dealing by Defense Counsel to not only provide matters which are subject to a pending motion to dismiss, but Defense Counsel would highlight the matters subject to immediate dismissal.

Despite the instant matter being open at that time, it was neither highlighted nor listed on the attached April 9 Deficiency Lists. (See **Exhibit "A" and Exhibit "B"**.) By omitting the instant matter from the attached Deficiency Lists, Defense Counsel clearly and unambiguously communicated to Plaintiff's Counsel that it was not subject to a pending motion to dismiss. Unfortunately, the opposite was true.

As a result of the omission of the instant matter from the April 9, 2019 Deficiency List, Plaintiff's counsel had a good-faith belief the amended PFS filed in the instant matter was not deficient. If a matter is open, and not listed as deficient, it logically follows that it is open and NOT deficient. If it is not deficient, it is not subject to dismissal.

Nonetheless, this logical conclusion was not followed by Defense Counsel as he proceeded to seek dismissal of this matter for deficiencies, while simultaneously removing

the matter from the active list of cases with deficiencies. Defense's actions are inconsistent and contrary to the notion of justice to resolve matters on their merits and not deceit.

If the Defense indicates to a Plaintiff its matter is not deficient by removing it from the cases deemed deficient, Defense should not be permitted to then request this honorable court to dismiss this matter on grounds of deficiency. To permit same, would allow dismissal by subterfuge rather than on merit.

Only after entry of the Order of Dismissal, did Ted Hartman, attorney for Defendant, advise the only reason the amended PFS was deficient was the inclusion of the erroneous signature page to the amended PFS.

The substitution for an obsolete signature on the amended PFS does not warrant dismissal. In a moment of excusable neglect, as provided in Fed. R. Civ. Pro. 60(b), staff for undersigned unintentionally, and without undersigned's knowledge, affixed the July 10, 2018 signature (which appeared on the initial PFS) when Mr. Villafranco supplied an updated signature dated January 10, 2019 on the amended PFS. A copy of the signature dated January 10, 2019 is attached hereto as **Exhibit "C"**, and the affidavit of Valerie Marshall (paralegal for undersigned) is attached hereto as **Exhibit "D"** attesting to receipt of the signature prior to submission of the amended PFS.

Furthermore, the deficiency for which Defendant relied upon in its request for dismissal is not a "Core Deficiency" as defined PTO 14 ¶4. Admittedly, the initial PFS submitted to defense counsel contained Core Deficiencies. However, the amended PFS did not, pursuant to PTO 14 ¶4.

Shortly after entry of the Order of Dismissal, undersigned was advised by defense counsel the PFS was deemed deficient for improper signature. Investigation was

undertaken to determine the cause of the erroneous signature and to discover the cause of the excusable neglect. Thereafter, this motion has been filed, which is done so in a reasonable time. See F. R. Civ. P. 60(c)(1).

Accordingly, Plaintiff should be granted relief from the Order of Dismissal. Excusable neglect can be found in premature deletion of the instant matter in the April 9 Deficiency List, the erroneous signature is not a core deficiency (PTO 14 ¶4), and even if the improper signature is deemed a core deficiency, its appearance on the amended PFS is due to excusable neglect. Finally, this motion is filed in good faith and in a timely manner.

## Prayer

**WHEREFORE**, Plaintiff, by and through undersigned counsel, respectfully requests this honorable court for an order granting relief from the Order of Dismissal vacating Plaintiff's dismissal from the instant matter.

**DATED**: May 29, 2019                  /s/Travis R. Walker
                                         Travis R. Walker (036693)
                                         1235 SE Indian Street, Suite 101
                                         Stuart, Florida 34997
                                         Tel: (772) 708-0952
                                         service@traviswalkerlaw.com
                                         traviswalker@traviswalkerlaw.com
                                         *Attorney for Plaintiff*