### UNITED STATES DISTRICT COURT
### DISTRICT OF MINNESOTA

**IN RE:** BAIR HUGGER FORCED AIR
WARMING DEVICES PRODUCTS
LIABILITY LITIGATION

MDL No.0:15-MD-02666-JNE-DTS

*Villafranco, Leonard,*
*Plaintiff,*
*v.*
*3M Company, a Delaware Corporation, and*
*Arizant Healthcare, Inc.*
*Defendant.*

**THIS DOCUMENT RELATES TO:**
VILLAFRANCO, LEONARD
0:18-CV-00852-JNE-DTS

### <u>MOTION FOR RELIEF FROM JUDGMENT OR ORDER</u>

COMES NOW Plaintiff for the above-captioned action respectfully moves pursuant to

Federal Rule of Civil Procedure 60(b) for relief from the Order entered in this matter on April 18,

2019 as Docket Entry 1888 (the "Order of Dismissal"), wherein Plaintiff was involuntarily

dismissed from the proceedings. As grounds for this motion, Plaintiff asserts the following:

On March 5, 2019, Defendants filed "Defendant's Eighteenth Motion to Dismiss for Failure

to Comply with Pretrial Order No. 14" (Docket entry 1828). The motion requested dismissal of

Plaintiff in the above styled case for failure to comply with the Court's Pretrial Order No. 14 ("PTO

14"). This order requires Plaintiff to serve Defendant's counsel a completed and signed Plaintiff

Fact Sheet ('PFS") containing various medical records and authorizations to support the Plaintiff's

claims.

Plaintiff submitted its initial PFS on July 12, 2018. On January 8, 2019, undersigned

1

receive notice from Defense Counsel that the initial PFS contained core deficiencies, as defined in PTO 14. On January 15, 2019, Plaintiff provided Defendant with an amended PFS to cure the asserted deficiencies

Prior to the Entry of the Order of Dismissal, Plaintiff received no response or communication from Defendant' Counsel indicating the amended PFS was deficient. In fact, as discussed below, Defendant provided, and Plaintiff justifiably relied upon, information that the instant matter was not subject to dismissal.

Despite Defendant insinuating the instant matter was not subject to dismissal, the Order of Dismissal was entered by this court on April 18, 2019 for failure to comply with PTO 14.

Entry of the Order of Dismissal in this matter is erroneous. Per paragraph 8 of PTO 14, "If a case appears on the agenda for two sequential court conferences without resolution, Defendants may make a motion for dismissal for failure to comply with this Court's Pretrial Order as to the alleged party".

Cases on the agenda for court conferences are listed on documents entitled "Defendants' PFS List 1: Overdue Plaintiff Fact Sheets" and "Defendants' PFS List 3: Core Deficiencies Remained Following Notice and Response". (hereinafter, these documents are referred to as "the Deficiency Lists"). The Deficiency Lists are emailed to Plaintiff prior to any court conference.

After the filing of defendant's motion to dismiss, and prior to entry of the Order of Dismissal, the instant matter was omitted from the Deficiency Lists dated April 9, 2019. A copy of the April 2019 Deficiency Lists is attached hereto as **Exhibit "A"**.

It is the course of dealing for a matter to remain on the Deficiency Lists, until that matter has been formally dismissed by Order of Court. In fact, Defense Counsel highlights all matters which are subject to a filed motion to dismiss on the Deficiency Lists.

2

All emails transmitting the Deficiency Lists to Plaintiff's counsel indicates that all matters subject to a pending motion to dismiss are highlighted in pink. See emails from Wendy Thayer dated March 12, 2019, April 15, 2019, and May 08, 2019 which are attached hereto as **Composite Exhibit "B"**.

These emails show a continuous course of dealing by Defense Counsel to not only provide matters which are subject to a pending motion to dismiss, but Defense Counsel would highlight the matters subject to immediate dismissal.

Despite the instant matter being open at that time, it was neither highlighted nor listed on the attached April 9 Deficiency Lists. (See **Exhibit "A" and Exhibit "B"**.) By omitting the instant matter from the attached Deficiency Lists, Defense Counsel clearly and unambiguously communicated to Plaintiff's Counsel that it was not subject to a pending motion to dismiss. Unfortunately, the opposite was true.

As a result of the omission of the instant matter from the April 9, 2019 Deficiency List, Plaintiff's counsel had a good-faith belief the amended PFS filed in the instant matter was not deficient. If a matter is open, and not listed as deficient, it logically follows that it is open and NOT deficient. If it is not deficient, it is not subject to dismissal.

Nonetheless, this logical conclusion was not followed by Defense Counsel as he proceeded to seek dismissal of this matter for deficiencies, while simultaneously removing the matter from the active list of cases with deficiencies. Defense's actions are inconsistent and contrary to the notion of justice to resolve matters on their merits and not deceit.

If the Defense indicates to a Plaintiff its matter is not deficient by removing it from the cases deemed deficient, Defense should not be permitted to then request this honorable court to dismiss this matter on grounds of deficiency. To permit same, would allow dismissal by subterfuge

rather than on merit.

Only after entry of the Order of Dismissal, did Ted Hartman, attorney for Defendant, advise the only reason the amended PFS was deficient was the inclusion of the erroneous signature page to the amended PFS.

The substitution for an obsolete signature on the amended PFS does not warrant dismissal. In a moment of excusable neglect, as provided in Fed. R. Civ. Pro. 60(b), staff for undersigned unintentionally, and without undersigned's knowledge, affixed the July 10, 2018 signature (which appeared on the initial PFS) when Mr. Villafranco supplied an updated signature dated January 10, 2019 on the amended PFS. A copy of the signature dated January 10, 2019 is attached hereto as **Exhibit "C"**, and the affidavit of Valerie Marshall (paralegal for undersigned) is attached hereto as **Exhibit "D"** attesting to receipt of the signature prior to submission of the amended PFS.

Furthermore, the deficiency for which Defendant relied upon in its request for dismissal is not a "Core Deficiency" as defined PTO 14 ¶4. Admittedly, the initial PFS submitted to defense counsel contained Core Deficiencies. However, the amended PFS did not, pursuant to PTO 14 ¶4.

Shortly after entry of the Order of Dismissal, undersigned was advised by defense counsel the PFS was deemed deficient for improper signature. Investigation was undertaken to determine the cause of the erroneous signature and to discover the cause of the excusable neglect. Thereafter, this motion has been filed, which is done so in a reasonable time. See F. R. Civ. P. 60(c)(1).

Accordingly, Plaintiff should be granted relief from the Order of Dismissal. Excusable neglect can be found in premature deletion of the instant matter in the April 9 Deficiency List, the erroneous signature is not a core deficiency (PTO 14 ¶4), and even if the improper signature is deemed a core deficiency, its appearance on the amended PFS is due to excusable neglect. Finally, this motion is filed in good faith and in a timely manner.

4

## **Prayer**

**WHEREFORE**, Plaintiff, by and through undersigned counsel, respectfully requests this honorable court for an order granting relief from the Order of Dismissal vacating Plaintiff's dismissal from the instant matter.

**DATED**: May 29, 2019

*/s/Travis R. Walker*
Travis R. Walker (036693)
1235 SE Indian Street, Suite 101
Stuart, Florida 34997
Tel: (772) 708-0952
service@traviswalkerlaw.com
traviswalker@traviswalkerlaw.com
*Attorney for Plaintiff*

Defendants' PFS List 1:  Overdue Plaintiff Fact Sheets
(Updated April 9, 2019)

| Case Number | Title | Date Filed | Due Date | Prior Listing | Firm Name |
|---|---|---|---|---|---|
| 0:18-cv-02394-JNE-DTS | Block, William v. 3M Company et al | 8/15/2018 | 11/13/2018 | 12/14/2018 1/11/2019 2/15/2019 3/15/2019 | Law Offices of Travis Walker, PA |



EXHIBIT

A.

Yellow highlighting indicates that the case was previously listed per PTO 14 (Dkt. No. 117).
Pink highlightig Indicates that the case is subject to Defendants' Pending Motion to Dismiss (Dkt. No. 1828).

Defendants' PFS List 3: Core Deficiencies Remained Following Notice and Response
(Updated April 9, 2019)

| Case Number | Title | Final Deficiency Sent | Prior Listing | Firm Name |
|---|---|---|---|---|
| 0:15-cv-03950-JNE-DTS | LeBlanc, John (Shirley Thibodeaux) v. 3M Company et | 10/8/2018 | 12/14/2018 1/11/2019 2/15/2019 3/15/2019 | Law Offices of Travis Walker, PA |
| 0:18-cv-00856-JNE-DTS | Negron, Angel v. 3M Company et al | 2/6/2019 | 3/15/2019 | The Law offices of Travis R. Walker, P.A. |

Yellow highlighting indicates that the case was previously listed per PTO 14 (Dkt. No. 117).
Pink highlightig Indicates that the case is subject to Defendants' Pending Motion to Dismiss (Dkt. No. 1828).

 Gmail

Valerie Marshall <valerietrwlaw@gmail.com>

---

## Bair Hugger PFS Issues
4 messages

---

**Wendy Thayer** <wendy@pritzkerlaw.com>                          Tue, Mar 12, 2019 at 5:51 PM
To: Travis Walker <travisrwalker@gmail.com>, "Travis R. Walker (traviswalker@traviswalkerlaw.com)"
<traviswalker@traviswalkerlaw.com>, Valerie Marshall <valerie@traviswalkerlaw.com>, Valerie Marshall
<valerietrwlaw@gmail.com>, "rebeckastrum@traviswalkerlaw.com" <rebeckastrum@traviswalkerlaw.com>,
"rebeckastrumtrwlaw@gmail.com" <rebeckastrumtrwlaw@gmail.com>

Counsel,

Your firm is listed on the attached spreadsheets for overdue PFS and persistent deficiencies. It is imperative that you cure the issues via the portal as soon as possible.  Once you have served/cured the PFS via the portal, please send an email to defense counsel, Ben Hulse at bhulse@blackwellburke.com and Ted Hartman at thartman@blackwellburke.com, informing them that you have cured the issues and copy us on the email. If you believe any cases listed should not be included on the spreadsheet please email Mr. Hulse as soon as possible.

Please note that if your case is highlighted in yellow this means it was previously listed on the spreadsheet. If your case is highlighted in pink this means your case is listed on Defendants' Pending Motion to Dismiss.

 Pritzker Hageman, P.A.
ATTORNEYS

*Wendy Thayer*

Paralegal

Pritzker Hageman, P.A.

PWC Plaza Building

Suite 2950

45 South Seventh Street

Minneapolis, MN 55402-1652

Direct: (612) 367-8339

Office: (612) 338-0202

Fax: (612) 338-0104

 EXHIBIT B.

Toll-Free: (888) 377-8900

Email: wendy@pritzkerlaw.com



**2 attachments**

Copy of 1 Bair Hugger MDL 2666 -- Overdue Plaintiff Fact Sheets (3.12.19).xlsx
12K

Copy of 3 Bair Hugger MDL 2666 -- Persistent Deficiencies (3.12.19).xlsx
13K

---

**Valerie Marshall** <valerie@traviswalkerlaw.com>         Thu, Mar 21, 2019 at 5:32 PM
To: Wendy Thayer <wendy@pritzkerlaw.com>, thartman@blackwellburke.com, Travis Walker <travisrwalker@gmail.com>

Good Afternoon,
The reported deficiency for Peebles, Lawrence has been cured and refiled through the BH Portal.
Thank you
[Quoted text hidden]
--

**Valerie Marshall**
**Paralegal**



**1235 SE Indian Street Ste. 101**
**Stuart, FL 34997**
**P: 772-708-0952**
**F: 772-673-3738**

**valerie@traviswalkerlaw.com**
**www.traviswalkerlaw.com**

Visit us on social media by clicking on the images below.



This e-mail contains legally privileged and confidential information intended only for the individual or entity named within the message. Should the intended recipient forward this message to another person or party, that action could constitute a waiver of the attorney/client privilege. If the reader of this message is not the intended recipient, you are hereby notified that any review, dissemination, distribution or copying of this communication is prohibited. If this communication was received in error, please notify me by reply e-mail and delete the original message.

---

**Wendy Thayer** <wendy@pritzkerlaw.com>         Thu, Mar 21, 2019 at 8:14 PM
To: Valerie Marshall <valerie@traviswalkerlaw.com>
Cc: "thartman@blackwellburke.com" <thartman@blackwellburke.com>, Travis Walker <travisrwalker@gmail.com>

Make sure to send defense counsel an email letting them know you cured it. Have a good evening.

Wendy

Sent from my iPhone

On Mar 21, 2019, at 4:34 PM, Valerie Marshall <valerie@travlswalkerlaw.com> wrote:

Good Afternoon,
The reported deficiency for Peebles, Lawrence has been cured and refiled through the BH
Portal.
Thank you

On Tue, Mar 12, 2019 at 5:51 PM Wendy Thayer <wendy@pritzkerlaw.com> wrote:

Counsel,

Your firm is listed on the attached spreadsheets for overdue PFS and persistent deficiencies. It is
imperative that you cure the issues via the portal as soon as possible.  Once you have served/cured the
PFS via the portal, please send an email to defense counsel, Ben Hulse at bhulse@blackwellburke.com
and Ted Hartman at thartman@blackwellburke.com, informing them that you have cured the issues and
copy us on the email. If you believe any cases listed should not be included on the spreadsheet please
email Mr. Hulse as soon as possible.

Please note that if your case is highlighted in yellow this means it was previously listed on the
spreadsheet. If your case is highlighted in pink this means your case is listed on Defendants' Pending
Motion to Dismiss.

<image001.png>

[Quoted text hidden]
[Quoted text hidden]



Pritzker Hageman, P.A.  **image001.png**
ATTORNEYS                 11K

---

**Valerie Marshall** <valerie@traviswalkerlaw.com>                    Tue, May 28, 2019 at 3:11 PM
To: scott@traviswalkerlaw.com

[Quoted text hidden]
[Quoted text hidden]

---

**2 attachments**

📄 **Copy of 1  Bair Hugger MDL 2666 -- Overdue Plaintiff Fact Sheets (3.12.19).xlsx**
    12K

📄 **Copy of 3  Bair Hugger MDL 2666 -- Persistent Deficiencies (3.12.19).xlsx**
    13K

 Gmail

**Valerie Marshall <valerietrwlaw@gmail.com>**

## Bair Hugger PFS Issues
7 messages

**Wendy Thayer** <wendy@pritzkerlaw.com>                                    Mon, Apr 15, 2019 at 2:03 PM
To: "Travis R. Walker (traviswalker@traviswalkerlaw.com)" <traviswalkerlaw.com>, Travis Walker
<travisrwalker@gmail.com>, Valerie Marshall <valerie@traviswalkerlaw.com>, Valerie Marshall <valerietrwlaw@gmail.com>,
"rebeckastrum@traviswalkerlaw.com" <rebeckastrum@traviswalkerlaw.com>, "rebeckastrumtrwlaw@gmail.com"
<rebeckastrumtrwlaw@gmail.com>

Counsel,

Your firm is listed on the attached spreadsheets for overdue PFS and persistent deficiencies. It is imperative that you cure
the issues via the portal as soon as possible. Once you have served/cured the PFS via the portal, please send an email
to defense counsel, Ben Hulse at bhulse@blackwellburke.com and Ted Hartman at thartman@blackwellburke.com,
informing them that you have cured the issues and copy us on the email. If you believe any cases listed should not be
included on the spreadsheet please email Mr. Hulse as soon as possible.

Please note that if your case is highlighted in yellow this means it was previously listed on the spreadsheet. If your case is
highlighted in pink this means your case is listed on Defendants' Pending Motion to Dismiss.

 Pritzker Hageman, P.A.
ATTORNEYS

*Wendy Thayer*

Paralegal

Pritzker Hageman, P.A.

PWC Plaza Building

Suite 2950

45 South Seventh Street

Minneapolis, MN 55402-1652

Direct: (612) 367-8339

Office: (612) 338-0202

Fax: (612) 338-0104

Toll-Free: (888) 377-8900

Email: wendy@pritzkerlaw.com



---

**2 attachments**

 **Copy of 1 Bair Hugger MDL 2666 -- Overdue Plaintiff Fact Sheets (4.9.19).xlsx**
12K

**Copy of 3 Bair Hugger MDL 2666 -- Persistent Deficiencies (4.9.19).xlsx**
14K

---

**Travis Walker** <traviswalker@traviswalkerlaw.com>                    Mon, Apr 15, 2019 at 2:29 PM
To: Valerie Marshall <valerie@traviswalkerlaw.com>, "masstorts@traviswalkerlaw.com" <masstorts@traviswalkerlaw.com>

Have we taken care of Leblanc and Negron?
[Quoted text hidden]
--

**Travis R. Walker, Esq.**
*Founder/Managing Attorney*



**1235 SE Indian Street Ste. 101**
**Stuart, FL 34997**
**P: 772-708-0952**
**F: 772-673-3738**

**traviswalker@traviswalkerlaw.com**
**www.traviswalkerlaw.com**

Visit us on social media by clicking on the images below.

This e-mail contains legally privileged and confidential information intended only for the individual or entity named within the message. Should the intended recipient forward this message to another person or party, that action could constitute a waiver of the attorney/client privilege. If the reader of this message is not the intended recipient, you are hereby notified that any review, dissemination, distribution or copying of this communication is prohibited. If this communication was received in error, please notify me by reply e-mail and delete the original message.

---

**2 attachments**

 **Copy of 1 Bair Hugger MDL 2666 -- Overdue Plaintiff Fact Sheets (4.9.19).xlsx**
12K

**Copy of 3 Bair Hugger MDL 2666 -- Persistent Deficiencies (4.9.19).xlsx**
14K

---

**Valerie Marshall** <valerie@traviswalkerlaw.com>                    Tue, Apr 16, 2019 at 4:13 PM
To: Wendy Thayer <wendy@pritzkerlaw.com>, thartman@blackwellburke.com
Bcc: Travis Walker <traviswalker@traviswalkerlaw.com>

Wendy and Ted ,
Good Afternoon,
We cured Negron and Leblanc in February, and advised of such.
We do not show any deficiency notices issued to us for 03/15/2019.

Please advise if we are missing something.
[Quoted text hidden]
--


**Valerie Marshall**
 **Paralegal**



**1235 SE Indian Street Ste. 101**
**Stuart, FL 34997**
**P: 772-708-0952**
**F: 772-673-3738**

**valerie@traviswalkerlaw.com**
[Quoted text hidden]

---

**Ted Hartman** <thartman@blackwellburke.com>                                    Wed, Apr 17, 2019 at 3:58 PM
To: Valerie Marshall <valerie@traviswalkerlaw.com>, Wendy Thayer <wendy@pritzkerlaw.com>
Cc: Ben Hulse <BHulse@blackwellburke.com>


Hello, Valerie.


The following deficiencies remain for the referenced PFSs:


*Negron* (18-856): **III.1** – Did not identify the specific medical records that evidence Bair Hugger use. The PFS also says "see attached," but no medical records have ever been provided for this plaintiff. I have attached the letter previously sent to Plaintiffs' Liaison Counsel outlining a complete response to question III.1; **IV.7** – Pharmacy phone number is not provided; **Verification:** A newly-executed verification is required each time an amended PFS is submitted.


*LeBlanc* (15-3950) – **III.1** – "Proof of use" documents relate to the wrong surgical procedures (procedure allegedly causing the infection occurred on 1/3/11). **VII.2** – Decedent is making a claim for lost future wages.


Please also note that Defendants are no longer sending multiple deficiency notices for recurring deficiencies. I have also attached the letter previously sent to Plaintiffs' Liaison Counsel outlining this policy for your reference.


Thank you,

Ted



**Ted D. Hartman**


**Blackwell Burke P.A.**
431 South Seventh Street, Suite 2500
Minneapolis, MN  55415

Direct (612) 343-3234
Fax (612) 343-3205

*Licensed to practice in Minnesota, Illinois, and Nebraska.*

This message and any attachments may contain information that is privileged, confidential, and exempt from disclosure under applicable law. If you are not the intended recipient or are not authorized to receive for the recipient, you are hereby notified that dissemination, distribution or copying of this message and any attachments is strictly prohibited. If you have received this message in error, please immediately advise the sender by reply e-mail and delete the message and any attachments. Thank you.

[Quoted text hidden]

**2 attachments**

📄 **Bair Hugger -- Hulse ltr to Szerlag re Plaintiff Fact Sheets and Product ID Issues (2018.11.06).pdf**
771K

📄 **2018.05.17 - BWH to Szerlag re change in PFS review procedure.pdf**
667K

---

**Interpleaders Team** <Interpleaders@traviswalkerlaw.com>        Mon, Apr 22, 2019 at 9:54 AM
To: Valerie Marshall <valerie@traviswalkerlaw.com>

--------- Forwarded message ---------
From: **Wendy Thayer** <wendy@pritzkerlaw.com>
Date: Mon, Apr 15, 2019 at 2:03 PM
Subject: Bair Hugger PFS Issues
To: Travis R. Walker (traviswalker@traviswalkerlaw.com) <traviswalker@traviswalkerlaw.com>, Travis Walker <travisrwalker@gmail.com>, Valerie Marshall <valerie@traviswalkerlaw.com>, Valerie Marshall <valerietrwlaw@gmail.com>, rebeckastrum@traviswalkerlaw.com <rebeckastrum@traviswalkerlaw.com>, rebeckastrumtrwlaw@gmail.com <rebeckastrumtrwlaw@gmail.com>

[Quoted text hidden]

--

**Interpleader Team**



**1235 SE Indian Street Ste. 101**
**Stuart, FL 34997**
**P: 772-708-0952**
**F: 772-673-3738**

**interpleaders@traviswalkerlaw.com**
[Quoted text hidden]

---

**2 attachments**

📊 **Copy of 1 Bair Hugger MDL 2666 -- Overdue Plaintiff Fact Sheets (4.9.19).xlsx**
12K

📊 **Copy of 3 Bair Hugger MDL 2666 -- Persistent Deficiencies (4.9.19).xlsx**



5/29/2019  CASE 0:15-md-02666-JNE-DTS Gmail - Bair Hugger PFS Issues Doc. 1912 Filed 05/30/19 Page 15 of 24

14K

---

**Valerie Marshall** <valerie@traviswalkerlaw.com>   Wed, May 15, 2019 at 11:42 AM
To: scott@traviswalkerlaw.com

Deficiency listings prior to.

--------- Forwarded message ---------
From: **Wendy Thayer** <wendy@pritzkerlaw.com>
Date: Mon, Apr 15, 2019 at 2:03 PM
Subject: Bair Hugger PFS Issues
To: Travis R. Walker (traviswalker@traviswalkerlaw.com) <traviswalker@traviswalkerlaw.com>, Travis Walker <travisrwalker@gmail.com>, Valerie Marshall <valerie@traviswalkerlaw.com>, Valerie Marshall <valerietrwlaw@gmail.com>, rebeckastrum@traviswalkerlaw.com <rebeckastrum@traviswalkerlaw.com>, rebeckastrumtrwlaw@gmail.com <rebeckastrumtrwlaw@gmail.com>

[Quoted text hidden]

--

**Valerie Marshall**
**Paralegal**



**1235 SE Indian Street Ste. 101**
**Stuart, FL 34997**
**P: 772-708-0952**
**F: 772-673-3738**

**valerie@traviswalkerlaw.com**
[Quoted text hidden]

**2 attachments**

 **Copy of 1  Bair Hugger MDL 2666 -- Overdue Plaintiff Fact Sheets (4.9.19).xlsx**
12K

**Copy of 3  Bair Hugger MDL 2666 -- Persistent Deficiencies (4.9.19).xlsx**
14K

---

**Valerie Marshall** <valerie@traviswalkerlaw.com>   Tue, May 28, 2019 at 3:12 PM
To: scott@traviswalkerlaw.com

Here you go

--------- Forwarded message ---------
From: **Wendy Thayer** <wendy@pritzkerlaw.com>
Date: Mon, Apr 15, 2019 at 2:03 PM
Subject: Bair Hugger PFS Issues
To: Travis R. Walker (traviswalker@traviswalkerlaw.com) <traviswalker@traviswalkerlaw.com>, Travis Walker <travisrwalker@gmail.com>, Valerie Marshall <valerie@traviswalkerlaw.com>, Valerie Marshall <valerietrwlaw@gmail.com>, rebeckastrum@traviswalkerlaw.com <rebeckastrum@traviswalkerlaw.com>, rebeckastrumtrwlaw@gmail.com <rebeckastrumtrwlaw@gmail.com>

[Quoted text hidden]

[Quoted text hidden]

---

**2 attachments**



**Copy of 1  Bair Hugger MDL 2666 -- Overdue Plaintiff Fact Sheets (4.9.19).xlsx**
12K

**Copy of 3  Bair Hugger MDL 2666 -- Persistent Deficiencies (4.9.19).xlsx**
14K

 Gmail

**Valerie Marshall <valerietrwlaw@gmail.com>**

---

## Bair Hugger PFS Issues
3 messages

---

**Wendy Thayer** <wendy@pritzkerlaw.com>                                Wed, May 8, 2019 at 4:01 PM
To: "Travis R. Walker (traviswalker@traviswalkerlaw.com)" <traviswalker@traviswalkerlaw.com>, Travis Walker
<travisrwalker@gmail.com>, Valerie Marshall <valerie@traviswalkerlaw.com>, Valerie Marshall <valerietrwlaw@gmail.com>,
"rebeckastrum@traviswalkerlaw.com" <rebeckastrum@traviswalkerlaw.com>, "rebeckastrumtrwlaw@gmail.com"
<rebeckastrumtrwlaw@gmail.com>

Counsel,

Your firm is listed on the attached spreadsheets for no response to PFS deficiency, and persistent deficiencies. It is
imperative that you cure the issues via the portal as soon as possible.  Once you have served/cured the PFS via the
portal, please send an email to defense counsel, Ben Hulse at bhulse@blackwellburke.com and Ted Hartman at
thartman@blackwellburke.com, informing them that you have cured the issues and copy us on the email. If you believe
any cases listed should not be included on the spreadsheet please email Mr. Hulse as soon as possible.

Please note that if your case is highlighted in yellow this means it was previously listed on the spreadsheet. If your case is
highlighted in pink this means your case is listed on Defendants' Pending Motion to Dismiss.

 Pritzker Hageman, P.A.
ATTORNEYS

*Wendy Thayer*

Paralegal

Pritzker Hageman, P.A.

PWC Plaza Building

Suite 2950

45 South Seventh Street

Minneapolis, MN 55402-1652

Direct: (612) 367-8339

Office: (612) 338-0202

Fax: (612) 338-0104

Toll-Free: (888) 377-8900

Email: wendy@pritzkerlaw.com

**2 attachments**

 **2 Bair Hugger MDL 2666 -- Def Notices Sent with No Response (5.7.19).xlsx**
14K

 **3 Bair Hugger MDL 2666 -- Persistent Deficiencies (5.7.19).xlsx**
13K

---

**Valerie Marshall** <valerie@traviswalkerlaw.com>          Tue, May 28, 2019 at 2:41 PM
To: scott@traviswalkerlaw.com, scotttrwlaw@gmail.com

Here are the copies of Deficiency notices so that you can see the actual colors.
[Quoted text hidden]

--

**Valerie Marshall**
**Paralegal**



**1235 SE Indian Street Ste. 101**
**Stuart, FL 34997**
**P: 772-708-0952**
**F: 772-673-3738**

**valerie@traviswalkerlaw.com**
**www.traviswalkerlaw.com**

Visit us on social media by clicking on the images below.



This e-mail contains legally privileged and confidential information intended only for the individual or entity named within the message. Should the intended recipient forward this message to another person or party, that action could constitute a waiver of the attorney/client privilege. If the reader of this message is not the intended recipient, you are hereby notified that any review, dissemination, distribution or copying of this communication is prohibited. If this communication was received in error, please notify me by reply e-mail and delete the original message.

**2 attachments**

 **2 Bair Hugger MDL 2666 -- Def Notices Sent with No Response (5.7.19).xlsx**
14K

 **3 Bair Hugger MDL 2666 -- Persistent Deficiencies (5.7.19).xlsx**
13K

---

**scott@traviswalkerlaw.com** <scott@traviswalkerlaw.com>          Tue, May 28, 2019 at 2:58 PM
To: Valerie Marshall <valerie@traviswalkerlaw.com>

Thanks,

But do you have the email where the April 9 deficiencies were sent to us.

**Scott Harlowe**

*Associate Attorney*

1235 SE Indian Street Ste. 101

Stuart, FL 34997

P: 772-708-0952

F: 772-673-3738

scott@traviswalkerlaw.com

www.traviswalkerlaw.com

This e-mail contains legally privileged and confidential information intended only for the individual or entity named within the message.  Should the intended recipient forward this message to another person or party, that action could constitute a waiver of the attorney/client privilege. If the reader of this message is not the intended recipient, you are hereby notified that any review, dissemination, distribution or copying of this communication is prohibited.  If this communication was received in error, please notify me by reply e-mail and delete the original message.

[Quoted text hidden]

K.    If you claim any loss from medical expenses, copies of all bills from any physician, hospital, pharmacy, or other healthcare provider.

L.    Decedent's death certificate (if applicable).

## VERIFICATION

Pursuant to 28 U.S.C. § 1746, I declare under the penalty of perjury that all of the information provided in this Fact Sheet is true and correct to the best of my knowledge.

*LEONARD S. VILLAFRANCO*
Print Name


Signature

*1/10/19*
Date

_____
Print Name
(Loss of Consortium Plaintiff)

_____
Signature

_____
Date

**EXHIBIT**
tabbies
**C.**

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

**IN RE:** BAIR HUGGER FORCED AIR
WARMING DEVICES PRODUCTS
LIABILITY LITIGATION

MDL No.0:15-MD-02666-JNE-DTS

*Villafranco, Leonard,*
*Plaintiff,*
*v.*
*3M Company, a Delaware Corporation, and*
*Arizant Healthcare, Inc.*
*Defendant.*

**THIS DOCUMENT RELATES TO:**
VILLAFRANCO, LEONARD
0:18-CV-00852-JNE-DTS

_____ /

### AFFIDAVIT OF VALERIE MARSHALL

I, Valerie Marshall, declare under penalty or perjury that the following are true and
accurate statements according to my recollection of events:

1. I am of the age of majority and of sound state of mind.

2. I have not been coerced into executing this affidavit and am doing so freely, voluntary
   and in the absence of any duress.

3. I am currently employed as a paralegal for the Law Offices of Travis R. Walker, P.A.,
   where I have been continuously employed from April 27, 2018 through the date of
   execution of this affidavit.

4. I am the paralegal assigned to the above style matter, and I have a solid working
   knowledge of all pertinent history, communications and filings in this matter.

Affidavit of Valerie Marshall, Page 1 of 2



EXHIBIT
**D.**

5. Pursuant to Pretrial Order Number 14 ("PTO 14") of the above styled manner, I submitted an initial Plaintiff Fact Sheet (the "Initial PFS") to Defendant's lead counsel.

6. Plaintiff signed the Initial PFS with a date of July 10, 2018.

7. On January 8, 2019, our firm received an email from Defense Counsel notifying us the Initial PFS contained "Core Deficiencies" as defined in PTO 14.

8. Upon receiving the notice of Core Deficiencies, our firm drafted an Amended Plaintiff Fact Sheet ("Amended PFS"), and submitted same to plaintiff for execution.

9. Prior to submitting the Amended PFS, Plaintiff reviewed same, confirmed its accuracy, and signed the Amended Plaintiff Fact Sheet with a signature date of January 10, 2019 and submitting the executed Amended PFS to our office.

10. On January 15, 2019, our office submitted the Amended PFS through the Bair Hugger portal for filing and notification of filing to defense counsel.

11. After submission of the Amended PFS, I was advised by Ted Hartman, Defendant's Counsel, that if the Core Deficiencies found in the Initial PFS were cured via the Amended PFS, the instant matter would not be subject to dismissal.

12. When I submitted the Amended PFS, I inadvertently attached the signature page of the Initial PFS (dated July 10, 2018), when the signature page of the Amended PFS (dated January 10, 2019) should have been attached.

13. At no time between submission of the Amended PFS and entry of the Order of Dismissal, dated April 18, 2019, was I notified the incorrect signature page had been attached to the Amended PFS.

14. I have reviewed the Plaintiff's signature page dated January 10, 2019, which is attached to this motion, and it is a true and accurate copy of the signature page attached to the executed Amended PFS I received from the Plaintiff

15. Prior to entry of the Order of Dismissal, we received two documents from Defense Counsel listing cases for which we are attorney of record and contain core deficiencies. ("April 9 Deficiencies Lists")

16. Prior to entry of the Order of Dismissal, the April 9 Deficiencies Lists were dated and received on April 15, 2019.

17. I have reviewed the April 9 Deficiencies Lists, which are attached as an exhibit to this motion, and each are true and accurate copy of the Deficiencies Lists I received from counsel for Defendant.

18. The Instant Matter was omitted from the April 9 Deficiencies Lists.

19. Since the instant matter was not on the April 9 Deficiencies Lists, I had a good-faith belief the instant matter no longer contained any deficiencies.

20. Any matter which is listed on a Defendant's pending and filed motion to dismiss is highlighted in pink on a Deficiency List, as evidenced by the emails from Wendy Thayer, paralegal for Defense Counsel, which are attached as an exhibit to the motion for relief.

21. Relying upon the instant matter's omission from the April 9 Deficiencies List, I had a good faith belief this matter was not subject to dismissal.

22. Relying upon the instant matter's omission from the April 9 Deficiencies List and my January 2019 communication with Mr. Hartman, I advised Mr. Travis Walker, my supervising attorney, the instant matter was no longer deemed deficient.

Affidavit of Valerie Marshall, Page **3 of 2**

23. After entry of the Order of Dismissal, Mr. Hartman advised the sole reason for seeking dismissal of the instant matter was the attachment of the erroneous signature page on the Amended PFS.

24. To the best of my knowledge, all defects found on the Initial PFS were cured through the Amended PFS.

25. To the best of my knowledge, the only reason for the instant matter to be dismissed was the accidental substitution of plaintiff's signature on the Amended PFS.

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on _____ day of May 2019.

Dated: 5/28/19 _____          _____
                                 Valerie Marshal

STATE OF FLORIDA              )
                             ) SS:
COUNTY OF MARTIN             )

Sworn to under penalty of perjury TO me on 29 day of May, by Valerie Marshall.

_____
NOTARY PUBLIC or DEPUTY CLERK

Kaitlyn J. Watts

[Print, type, or stamp commissioned name of notary or clerk.]
√ Personally known
_____ Produced identification
Type of identification produced _____

_____ Produced identification Type of identification produced _____

KAITLYN J. WATTS
Notary Public - State of Florida
Commission # GG 215497
My Comm. Expires May 8, 2022
Bonded through National Notary Assn.

Affidavit of Valerie Marshall, Page **4** of **2**