# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

In re: BAIR HUGGER FORCED AIR WARMING DEVICES PRODUCTS LIABILITY LITIGATION

MDL No. 15-2666 (JNE/DTS)

This Document Relates to:
Case Nos.:
16-cv-00521 *(Turner v. 3M Co.)*
17-cv-01195 *(Edmunds v. 3M Co., et al.)*
18-cv-00758 *(Butler v. 3M Co., et al.)*
18-cv-01007 *(Sweezy v. 3M Co., et al.)*
18-cv-01456 *(Manheim v. 3M Co., et al.)*
18-cv-01654 *(Terrell v. 3M Co., et al.)*
18-cv-01768 *(Lamb v. 3M Co.)*
18-cv-01832 *(McCray v. 3M Co.)*
18-cv-01833 *(Mussachia v. 3M Co.)*
18-cv-02014 *(Johnson v. 3M Co., et al.)*
18-cv-02042 *(Buddin v. 3M Co., et al.)*
18-cv-02082 *(English v. 3M Co., et al.)*
18-cv-02168 *(Krzeminski v. 3M Co., et al.)*
18-cv-02439 *(Peck v. 3M Co., et al.)*
18-cv-02469 *(Monroe v. 3M Co.)*
18-cv-02540 *(Ritzler v. 3M Co.)*
18-cv-02548 *(Jones, Terry v. 3M Co., et al.)*
18-cv-02740 *(Morgan v. 3M Co., et al.)*
18-cv-02861 *(Marshall v. 3M Co., et al.)*
18-cv-02914 *(Chiavaroli v. 3M Co. et al.)*
18-cv-02926 *(O'Donnell v. 3M Co., et al.)*
18-cv-02938 *(Albert, Jr. v. 3M Co., et al.)*
18-cv-03011 *(Jones, Tyrone v. 3M Co., et al.)*
18-cv-03322 *(Melancon, et al. v. 3M Co., et al.)*
18-cv-03323 *(Thompson v. 3M Co., et al.)*
18-cv-03328 *(Milioto v. 3M Co., et al.)*
18-cv-03329 *(McAlister v. 3M Co., et al.)*
18-cv-03330 *(Brown v. 3M Co., et al.)*
18-cv-03332 *(Drake v. 3M Co., et al.)*
18-cv-03368 *(Bowden v. 3M Co., et al.)*
19-cv-00011 *(Cruz v. 3M Co., et al.)*
19-cv-00020 *(Holmes v. 3M Co., et al.)*

<u>**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' NINETEENTH**</u>
<u>**MOTION TO DISMISS FOR FAILURE TO COMPLY WITH**</u>
<u>**PRETRIAL ORDER NO. 14**</u>

Pursuant to the Court's Pretrial Order No. 14 ("PTO 14"), entered September 27, 2016, Defendants 3M Co. and Arizant Healthcare Inc. (collectively, "Defendants") respectfully move the Court to dismiss the following plaintiffs' cases for failure to comply with PTO 14:

| Case Number | Plaintiff | Firm Name |
|---|---|---|
| 0:16-cv-00521-JNE-DTS | Turner | The Olinde Firm, LLC |
| 0:17-cv-01195-JNE-DTS | Edmunds | The Olinde Firm, LLC |
| 0:18-cv-00758-JNE-DTS | Butler | Fears Nachawati, PLLC |
| 0:18-cv-01007-JNE-DTS | Sweezy | Kennedy Hodges, LLP |
| 0:18-cv-01456-JNE-DTS | Manheim | Morris Law Firm |
| 0:18-cv-01654-JNE-DTS | Terrell | Morris Law Firm |
| 0:18-cv-01768-JNE-DTS | Lamb | Levin, Papantonio, Thomas, Mitchell, Rafferty, & Proctor, P.A. |
| 0:18-cv-01832-JNE-DTS | McCray | Levin, Papantonio, Thomas, Mitchell, Rafferty, & Proctor, P.A. |
| 0:18-cv-01833-JNE-DTS | Mussachia | Levin, Papantonio, Thomas, Mitchell, Rafferty, & Proctor, P.A. |
| 0:18-cv-02014-JNE-DTS | Johnson | Bernstein Liebhard LLP |
| 0:18-cv-02042-JNE-DTS | Buddin | DeGaris & Rogers, LLC |
| 0:18-cv-02082-JNE-DTS | English | Kennedy Hodges, LLP |
| 0:18-cv-02168-JNE-DTS | Krzeminski | Brown & Crouppen, PC |
| 0:18-cv-02439-JNE-DTS | Peck | DeGaris & Rogers, LLC |
| 0:18-cv-02469-JNE-DTS | Monroe | Levin, Papantonio, Thomas, Mitchell, Rafferty, & Proctor, P.A. |
| 0:18-cv-02540-JNE-DTS | Ritzler | Levin, Papantonio, Thomas, Mitchell, Rafferty, & Proctor, P.A. |

| | | |
|---|---|---|
| 0:18-cv-02548-JNE-DTS | Jones, Terry | DeGaris & Rogers, LLC |
| 0:18-cv-02740-JNE-DTS | Morgan | Kennedy Hodges, LLP |
| 0:18-cv-02861-JNE-DTS | Marshall | Kennedy Hodges, LLP |
| 0:18-cv-02914-JNE-DTS | Chiavaroli | Fears Nachawati, PLLC |
| 0:18-cv-02926-JNE-DTS | O'Donnell | GoldenbergLaw, PLLC |
| 0:18-cv-02938-JNE-DTS | Albert, Jr. | Kennedy Hodges, LLP |
| 0:18-cv-03011-JNE-DTS | Jones, Tyrone | The Miller Firm, LLC |
| 0:18-cv-03322-JNE-DTS | Melancon | Fears Nachawati, PLLC |
| 0:18-cv-03323-JNE-DTS | Thompson | Fears Nachawati, PLLC |
| 0:18-cv-03328-JNE-DTS | Milioto | Fears Nachawati, PLLC |
| 0:18-cv-03329-JNE-DTS | McCalister | Fears Nachawati, PLLC |
| 0:18-cv-03330-JNE-DTS | Brown | Fears Nachawati, PLLC |
| 0:18-cv-03332-JNE-DTS | Drake | Fears Nachawati, PLLC |
| 0:18-cv-03368-JNE-DTS | Bowden | Morris Law Firm |
| 0:19-cv-00011-JNE-DTS | Cruz | The Olinde Firm, LLC |
| 0:19-cv-00020-JNE-DTS | Holmes | Meshbesher & Spence, Ltd. |

As set forth below, there are three (3) categories of cases where plaintiffs have failed to serve a Plaintiff Fact Sheet ("PFS") compliant with the requirements set forth by the Court in PTO 14: (a) cases where no PFS has been served by plaintiff; (b) cases where plaintiff served a PFS with core deficiencies, and failed to cure them or otherwise respond to one of Defendants' deficiency letters; and (c) cases where plaintiff served a PFS with core deficiencies, and failed to cure them after Defendants' final deficiency letter. Defendants placed the above cases on the agenda for two sequential Court status conferences, and dismissal with prejudice is therefore appropriate under PTO 14, ¶ 8.

## ARGUMENT

The Court's Pretrial Order No. 14, entered September 27, 2016, sets forth the protocol for the form and service of the PFS, signed medical authorization, and supporting documents in cases filed in and transferred to this proceeding.  Under PTO 14, a plaintiff whose case was pending on the date of the order was required to serve a completed and signed PFS, medical authorization, and supporting documents within 90 days of the date of the order.  PTO 14, ¶ 2.  For a plaintiff whose case was transferred after the date of the order, the due date for service of these same documents is 90 days after the filing of the plaintiff's complaint or completion of the transfer to this proceeding, whichever is later. *Id*.  All PFSs must be verified by the individual plaintiff under oath.  *See* PTO 14, ¶ 3.

Once a PFS has been served, defendants have four (4) weeks from receipt within which to notify plaintiff's counsel of any core deficiencies to the PFS, "defined as a lack of response to all questions in Section I, Section II, and Section III; Section IV, questions 1, 3, 7, 8, 9, 10; Section V, questions 5, 6, and 7; Section VI, questions 1, 3, 6, 7, 8, and 9; Section VII, questions 1 and 2; Section 8, question 2; Section IX, questions 1, 3, and 4; or lack of signed medical authorizations."  PTO 14, ¶ 4.

If defendants timely serve a letter outlining the deficiencies to the PFS, plaintiff's counsel is required to respond in writing within three (3) weeks of the date of service by: "(1) curing the alleged deficiencies; (2) disputing the alleged deficiencies and setting forth reasons the PFS is not deficient; or (3) explaining why the alleged deficiencies cannot be timely cured."  PTO 14, ¶ 6.

Cases where there are disputes concerning PFS deficiencies requiring the Court's attention may be placed on the Court's status conference agenda.  PTO 14, ¶ 7.  Should a case appear on the agenda for two (2) sequential status conferences, "Defendants may make a motion for dismissal for failure to comply with this Court's Pretrial Order as to the allegedly delinquent party."  PTO 14, ¶ 8.

### A.  Cases Where No PFS Has Been Served

In this motion, Defendants seek dismissal of the following thirteen (13) cases where the plaintiff failed to serve the PFS as required by PTO 14 and, to date, remains delinquent:

| Case Number | Plaintiff | Date Filed | PFS Due Date | Firm Name |
|---|---|---|---|---|
| 0:17-cv-01195-JNE-DTS | Edmunds | 4/17/2017 | 12/10/2018 | The Olinde Firm, LLC |
| 0:18-cv-02082-JNE-DTS | English | 7/20/2018 | 10/18/2018 | Kennedy Hodges, LLP |
| 0:18-cv-02914-JNE-DTS | Chiavaroli | 10/11/2018 | 1/9/2019 | Fears Nachawati, PLLC |
| 0:18-cv-03011-JNE-DTS | Jones | 10/25/2018 | 1/23/2019 | The Miller Firm, LLC |
| 0:18-cv-03322-JNE-DTS | Melancon | 12/4/2018 | 3/4/2019 | Fears Nachawati, PLLC |
| 0:18-cv-03323-JNE-DTS | Thompson | 12/4/2018 | 3/4/2019 | Fears Nachawati, PLLC |
| 0:18-cv-03328-JNE-DTS | Milioto | 12/5/2018 | 3/5/2019 | Fears Nachawati, PLLC |
| 0:18-cv-03329-JNE-DTS | McCalister | 12/5/2018 | 3/5/2019 | Fears Nachawati, PLLC |
| 0:18-cv-03330-JNE-DTS | Brown | 12/5/2018 | 3/5/2019 | Fears Nachawati, PLLC |
| 0:18-cv-03332-JNE-DTS | Drake | 12/5/2018 | 3/5/2019 | Fears Nachawati, PLLC |

| 0:18-cv-03368-JNE-DTS | Bowden | 12/11/2018 | 3/11/2019 | Morris Law Firm |
| 0:19-cv-00011-JNE-DTS | Cruz | 1/3/2019 | 4/4/2019 | The Olinde Firm, LLC |
| 0:19-cv-00020-JNE-DTS | Holmes | 1/4/2019 | 4/5/2019 | Meshbesher & Spence, Ltd. |

**B. Cases Where a PFS Was Served with Core Deficiencies, and Plaintiff Failed to Cure or Otherwise Respond to Defendants' Deficiency Letter**

Additionally, Defendants are seeking dismissal of the following nine (9) cases where: (1) plaintiffs each submitted a PFS that contained core deficiencies, (2) Defendants notified plaintiffs of the core deficiencies,[1] and (3) plaintiffs failed to cure or otherwise respond to the Defendants' first and/or second deficiency letter:

| Case Number | Plaintiff | Deficiency Letter Sent | Firm Name |
|---|---|---|---|
| 0:16-cv-00521-JNE-DTS | Turner | 3/15/2019 | The Olinde Firm, LLC |
| 0:18-cv-00758-JNE-DTS | Butler | 12/21/2018 | Fears Nachawati, PLLC |
| 0:18-cv-01456-JNE-DTS | Manheim | 1/11/2019 | Morris Law Firm |
| 0:18-cv-02042-JNE-DTS | Buddin | 2/27/2019 | DeGaris & Rogers, LLC |
| 0:18-cv-02439-JNE-DTS | Peck | 2/26/2019 | DeGaris & Rogers, LLC |
| 0:18-cv-02548-JNE-DTS | Jones, Terry | 2/5/2019 | DeGaris & Rogers, LLC |
| 0:18-cv-02740-JNE-DTS | Morgan | 1/16/2019 | Kennedy Hodges, LLP |
| 0:18-cv-02861-JNE-DTS | Marshall | 1/31/2019 | Kennedy Hodges, LLP |
| 0:18-cv-02938-JNE-DTS | Albert, Jr. | 3/8/2019 | Kennedy Hodges, LLP |

---

[1] *See* Declaration of Benjamin W. Hulse ("Hulse Decl."), Ex. A (Deficiency letters sent to Plaintiffs listed in Part B).

To comply with PTO 14, each plaintiff was required to respond to Defendants' deficiency letter by either curing or disputing the deficiencies, or explaining why the deficiencies could not be cured.  *See* PTO 14, ¶ 6.  Plaintiffs above failed to respond to Defendants' deficiency letters, and numerous core deficiencies remain uncured.  *See attached* Addendum 1 (outlining PFS core deficiencies for each plaintiff in Part B).

### C.  Cases Where a PFS Was Served with Core Deficiencies, and Plaintiff Failed to Cure Following Defendants' Final Deficiency Letter

Lastly, Defendants are seeking dismissal of the following ten (10) cases where plaintiffs were served a final deficiency notice in response to a PFS or amended PFS and failed to cure the core deficiencies identified in Defendants' final deficiency letters.[2]

| Case Number | Plaintiff | Final Deficiency Letter Sent | Firm Name |
|---|---|---|---|
| 0:18-cv-01007-JNE-DTS | Sweezy | 7/24/2018 | Kennedy Hodges, LLP |
| 0:18-cv-01654-JNE-DTS | Terrell | 10/11/2018 | Morris Law Firm |
| 0:18-cv-01768-JNE-DTS | Lamb | 12/12/2018 | Levin, Papantonio, Thomas, Mitchell, Rafferty, & Proctor, P.A. |
| 0:18-cv-01832-JNE-DTS | McCray | 12/13/2018 | Levin, Papantonio, Thomas, Mitchell, Rafferty, & Proctor, P.A. |
| 0:18-cv-01833-JNE-DTS | Mussachia | 12/13/2018 | Levin, Papantonio, Thomas, Mitchell, Rafferty, & Proctor, P.A. |
| 0:18-cv-02014-JNE-DTS | Johnson | 12/3/2018 | Bernstein Liebhard LLP |
| 0:18-cv-02168-JNE-DTS | Krzeminski | 2/25/2019 | Brown & Crouppen, PC |

---

[2]*See* Hulse Decl., Ex. B (Final Deficiency Letters Sent to Plaintiffs Listed in Part C).

| 0:18-cv-02469-JNE-DTS | Monroe | 1/31/2019 | Levin, Papantonio, Thomas, Mitchell, Rafferty, & Proctor, P.A. |
| 0:18-cv-02540-JNE-DTS | Ritzler | 3/13/2019 | Levin, Papantonio, Thomas, Mitchell, Rafferty, & Proctor, P.A. |
| 0:18-cv-02926-JNE-DTS | O'Donnell | 2/7/2019 | GoldenbergLaw, PLLC |

Defendants sent each plaintiff above a final deficiency letter providing notice of the outstanding core deficiencies in his or her PFS, and to date the core deficiencies have not been cured. *See attached* Addendum 2 (outlining uncured core deficiencies remaining for each plaintiff in Part C). Now that several months have passed since the Defendants' final deficiency letters were sent, dismissal of these cases is warranted.

### D.  All Cases Were on the Agenda for Two (2) Sequential Status Conferences

Defendants placed before the Court the cases set forth above in Parts A, B, and C, for two sequential Court status conferences.[3]  Consistent with the Court's recent orders dismissing with prejudice several plaintiffs' cases for failure to comply with PTO 14, the above cases are ripe for dismissal with prejudice under PTO 14, ¶ 8.

### E.  The Court Should Dismiss Plaintiffs' Cases with Prejudice

The Court's authority to dismiss these cases with prejudice is beyond question, and indeed was exercised by the Court recently in its orders entered May 22, 2018 [Dkt. No.

---

[3] *See* Hulse Decl., Ex. C (April 12, 2019 email from B. Hulse to Court attaching Defendants' January PFS Lists 1, 2, and 3) and Ex. D (May 10, 2019 email from B. Hulse to Court attaching Defendants' February PFS Lists 1, 2, and 3). While no status conferences were held in April or May, these PFS disputes were deemed addressed to the Court for purposes of PTO 14, ¶ 7. *See also* Dkt. No. 1651.

1257], June 20, 2018 [Dkt. No. 1298], July 24, 2018 [Dkt. No. 1376], August 20, 2018 [Dkt. No. 1431], and October 23, 2018 [Dkt. No. 1564], November 20, 2018 [Dkt. No. 1609], December 21, 2018 [Dkt. No. 1653] and April 18, 2019 [Dkt. No. 1888] (dismissing with prejudice multiple plaintiffs' cases for failure to comply with PTO 14).  The Court has made clear that "[e]ven for failures to respond, noncompliance with a court order can 'constitute[] a pattern of intentional delay meriting dismissal with prejudice' under Rule 41(b)."  *See* Order (Dkt. No. 862) at 2 (internal citation omitted).  The Court further explained that PTO 14 required plaintiffs to respond to requests for information in the PFS in lieu of discovery, provided plaintiffs with the opportunity to cure any deficiencies, and "warned expressly of dismissal" should plaintiffs fail to comply.  *Id.*  Plaintiffs were also warned through the Court's prior orders dismissing with prejudice cases for failure to comply with PTO 14.  *Id.*  Accordingly, "if PTO 14's opportunity to cure has run, a plaintiff's continued noncompliance is a pattern of intentional delay" warranting dismissal with prejudice.  *Id.*

Plaintiffs identified above have failed to comply with PTO 14 by either failing to submit the required PFS (Part A cases), providing no response to Defendants' deficiency letters (Part B cases), or failing to cure deficiencies after service of Defendants' final deficiency letter (Part C cases).  Because all the cases identified above in Parts A, B, and C were listed on at least two sequential status conference agendas, "the opportunity to cure has run."  Accordingly, dismissal of these cases with prejudice is proper and appropriate.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court dismiss the cases addressed in this Memorandum with prejudice.

Dated: June 5, 2019

Respectfully submitted,

*s/Benjamin W. Hulse*
Jerry W. Blackwell (MN #186867)
Benjamin W. Hulse (MN #0390952)
Mary S. Young (MN #0392781)
BLACKWELL BURKE P.A.
431 South Seventh Street, Suite 2500
Minneapolis, MN 55415
Phone: (612) 343-3200
Fax: (612) 343-3205
Email: blackwell@blackwellburke.com
        bhulse@blackwellburke.com
        myoung@blackwellburke.com

Bridget M. Ahmann (MN #016611x)
FAEGRE BAKER DANIELS LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
Phone: (612) 766-7000
Email: bridget.ahmann@faegrebd.com

***Counsel for Defendants 3M Company
and Arizant Healthcare Inc.***

**Addendum 1**

**Uncured PFS Core Deficiencies for Cases Listed in Part B**

| Plaintiff/Case Number | Deficiency Letter Sent | Uncured PFS Core Deficiencies | Firm Name |
|---|---|---|---|
| Turner, Mary 0:16-cv-00521 | 3/15/2019 | **Section III (Surgery Information)** Part 1: Billing record indicates use of a Bair Paws gown, not a Bair Hugger blanket.<br><br>**Medical Authorization:** Not provided by representative. | The Olinde Firm, LLC |
| Butler, Frances 0:18-cv-00758 | 12/21/2018 | **Section II (Personal Information)** Part 10: No address provided for former employer<br><br>**Section III (Surgery Information)** Part 1: Responds only "Medical records and billing records" for evidence of Bair Hugger use without identifying records; responds "Do not recall" for when information was discovered.<br><br>**Section VI (Current Claim Information)** Part 1: Indicates having suffered physical/bodily injury related to use of Bair Hugger, but responds "Do not recall" for when injury occurred. Part 3: No date of onset provided for emotional distress/psychological injuries.<br><br>**Section VII (Economic Damages)** Part 1:  Does not provide income for the final two years before injury.<br><br>**Section IX (Loss of Consortium)** | Fears Nachawati, PLLC |

| | | Part 1: Provides name and address, but no response to SSN, other names used, or length of time at present address.<br>Part 3: Does not provide start or end date for residences for last ten years.<br><br>**Verification:** Improper verification: re-used verification from previous PFS. | |
|---|---|---|---|
| Manheim, Kathleen<br>0:18-cv-01456 | 1/11/2019 | **<u>Section II (Personal Information)</u>**<br>Part 7: Indicates marriage, but no response for DOB or date marriage began for former spouse.<br>Part 8: Indicates having children, but no response for year of birth for several children.<br><br>**<u>Section III (Surgery Information)</u>**<br>Part 1: For evidence of Bair Hugger use, responds only: "Told a warming blanket was used and the records demonstrate same." Without identifying the referenced records.<br><br>**<u>Section IV (General Medical Information)</u>**<br>Part 7: Provides pharmacies, but no phone number provided for former pharmacy.<br><br>**Medical Authorization:** Not provided.<br>**Verification:** Improper verification: re-dated verification from previous PFS. | Morris Law Firm |
| Buddin, Glen<br>0:18-cv-02042 | 2/27/2019 | **<u>Section II (Personal Information)</u>**<br>Part 7: Indicates marriage, but no response for DOB for former spouses.<br>Part 10: Provides employers for last 10 years, but does not provide complete address.<br><br>**Verification:** Improper verification: re-used verification from previous PFS. | DeGaris & Rogers, LLC |

| Peck, Suzanne 0:18-cv-02439 | 2/26/2019 | **Section II (Personal Information)** Part 1: Name, other names used, address, persons living with plaintiff at time of events at issue, and SSN provided, but no response to length of time at present address and dates of use of other names. Part 2: No response to driver's license number and state of issue. Part 3: Date of birth provided but not place of birth. Part 6: No response to residences for the last 10 years. Part 7: Indicates being married, but no response to dates of marriage or DOB for spouse. Part 8: No response to having children. Part 9: No response to educational background. Part 10: No response to employers for last 10 years. <br><br> **Section III (Surgery Information)** Part 1: Indicates medical records show evidence of Bair Hugger use, but does not identify the specific records that purportedly show said use. <br><br> **Section IV (General Medical Information)** Part 7: No response to pharmacies used. Part 8: No response to prior dental visits. Part 9: No response to use of tobacco. Part 10: No response to treatment for drugs/alcohol. <br><br> **Section V (Insurance/Claim Information)** Part 4: No response to prior disability claims. Part 5: No response to prior lawsuits. | DeGaris & Rogers, LLC |

| | | | |
|---|---|---|---|
| | | **Section VI (Current Claim Information)** Part 1: Indicates having suffered physical/bodily injury related to use of Bair Hugger, but no response to other physical harm or consequences related to said injury. Part 3: Indicates damages related to emotional distress/psychological injuries, but no response for description of said injuries or date of onset. **Section VIII (Persons With Knowledge)** Part 2: No response to persons providing facts/circumstances relating this lawsuit. **Section IX (Loss of Consortium)** No response to any question **Medical Authorization:** Not provided. **Verification:** Not provided | |
| Jones, Terry 0:18-cv-02548 | 2/5/2019 | **Section II (Personal Information)** Part 1: Name, other names used, address, persons living with plaintiff at time of events at issue, and SSN provided, but no response to length of time at present address. Part 2: No response to driver's license number and state of issue. Part 3: Date of birth provided but not place of birth. Part 6: No response to residences for the last 10 years. Part 7: Indicates being married, but no response to dates of marriage or DOB for spouse. Part 8: No response to having children. Part 9: No response to educational background. **Section III (Surgery Information)** | DeGaris & Rogers, LLC |

| | | Part 3: Hospital name, surgery date/location/ physician, type of surgery, reason for surgery, infections prior to surgery, persons with whom plaintiff discussed risks of surgery, height/weight at time of surgery, and cause of infection provided, but no response to medical conditions at time of surgery. | |
| | | **Section IV (General Medical Information)**<br>Part 3: No response to healthcare providers seven (7) years prior to surgery.<br>Part 7: No response to pharmacies used.<br>Part 8: No response to prior dental visits.<br>Part 9: No response to use of tobacco. | |
| | | **Section V (Insurance/Claim Information)**<br>Part 4: Indicates prior disability claims, but no response to nature of disability. | |
| | | **Section VI (Current Claim Information)**<br>Part 1: No response to having suffered physical/bodily injury related to use of Bair Hugger.<br>Part 3: No response to damages related to emotional distress/psychological injuries.<br>Part 6: No response regarding Bair Hugger warnings.<br>Part 7: No response regarding 3M/Arizant communications regarding surgery/Bair Hugger.<br>Part 8: No response regarding 3M/Arizant communication regarding Bair Hugger warranty.<br>Part 9: No response to contacts with Augustine Temperature Management. | |

| | | | |
|---|---|---|---|
| | | **Section VII (Economic Damages)**<br>Part 1:  No response to claim for loss of past wages/income.<br>Part 2:  No response to claim for loss of future wages/income.<br><br>**Section IX (Loss of Consortium)**<br>Part 1: Provides name and address, but no response provided for SSN, other names used, or length of time at address.<br>Part 3: No response for prior residences for the last five (5) years.<br>Part 4: Indicates marriage to Plaintiff, but no response to date of marriage, length of marriage, or location of marriage.<br><br>**Medical Authorization:** Not provided.<br>**Verification:** Not provided | |
| Morgan, Daniel<br>0:18-cv-02740 | 1/16/2019 | **Section III (Surgery Information)**<br>Part 1: Indicates medical records show evidence of Bair Hugger use, but does not identify the specific records that purportedly show said use.<br><br>**Verification:** Improper verification executed 9 months before PFS was submitted and one year before case was filed. | Kennedy Hodges, LLP |
| Marshall, Jeffrey<br>0:18-cv-02861 | 1/31/2019 | **Section III (Surgery Information)**<br>Part 1: Medical records show use of conductive warming device.<br><br>**Medical Authorization:** Not provided.<br>**Verification:** Not provided | Kennedy Hodges, LLP |
| Albert, Jr., Philip<br>0:18-cv-02938 | 3/8/2019 | **Section II (Personal Information)**<br>Part 1: Name, address, and SSN provided, but no response to length of time at present address, other names used, and persons living with plaintiff at time of events at issue. | Kennedy Hodges, LLP |

Part 2: No response to driver's license number and state of issue.
Part 3: Date of birth provided but not place of birth.
Part 5: No response to Medicare HICN number.
Part 6: No response to residences for the last 10 years.
Part 7: No response to being married.
Part 8: No response to having children.
Part 9: No response to educational background.
Part 10: No response to employers for last 10 years.
Part 11: No response to prior military service.
Part 12: No response to rejection for military service due to medical/physical conditions.
Part 13: No response to convictions in the last 10 years
Part 14: No response to visiting websites regarding patient warming systems.
Part 15: No response to internet postings concerning Defendants.
Part 16: No response to possession of drawings journals, slides, notes, letters or emails.

**Section IV (General Medical Information)**
Part 1: No response to current or last height/weight.
Part 7: No response to pharmacies used.
Part 8: No response to prior dental visits.
Part 9: No response to use of tobacco.
Part 10: No response to treatment for drugs/alcohol.

**Section V (Insurance/Claim Information)**

Part 4: No response to prior disability claims.
Part 5: No response to prior lawsuits.
Part 6: No response to prior bankruptcies.

**<u>Section VI (Current Claim Information)</u>**
Part 1: No response to having suffered physical/bodily injury related to use of Bair Hugger.
Part 3: No response to damages related to emotional distress/psychological injuries.
Part 6: No response regarding Bair Hugger warnings.
Part 7: No response regarding 3M/Arizant communications regarding surgery/Bair Hugger.
Part 8: No response regarding 3M/Arizant communication regarding Bair Hugger warranty.
Part 9: No response to contacts with Augustine Temperature Management.

**<u>Section VII (Economic Damages)</u>**
Part 1:  No response to claim for loss of past wages/income.
Part 2:  No response to claim for loss of future wages/income.

**<u>Section VIII (Persons With Knowledge)</u>**
Part 2: No response to persons providing facts/circumstances relating this lawsuit.

**<u>Section IX (Loss of Consortium)</u>**
No response to any question

**Medical Authorization:** Not provided.
**Verification:** Not provided

**Addendum 2**

**Uncured PFS Core Deficiencies for Cases Listed in Part C**

| Plaintiff/Case Number | Final Deficiency Letter Sent | Uncured PFS Core Deficiencies | Firm Name |
|---|---|---|---|
| Sweezy, Richard 0:18-cv-01007 | 7/24/2018 | **Section III (Surgery Information)** Part 1: Indicates medical records show evidence of Bair Hugger use, but does not identify the specific records that purportedly show said use.<br><br>**Verification:** Improper verification: re-used verification from previous PFS. | Kennedy Hodges, LLP |
| Terrell, Elizabeth 0:18-cv-01654 | 10/11/2018 | **Section III (Surgery Information)** Part 1: Indicates having information that a Bair Hugger system was used, but describes that information only as "I was given a pair of purple gripper socks with the words 'Bair Hugger' on them.," without identifying any records that indicate a Bair Hugger system was used.<br><br>**Verification:** Improper verification provided. Reused original verification. | Morris Law Firm |
| Lamb, David 0:18-cv-01768 | 12/12/2018 | **Section II (Personal Information)** Part 10: No response to employers for last 10 years.<br><br>**Section III (Surgery Information)** Part 1: For evidence of Bair Hugger use, indicates proof of use in the "anesthesia report" but does not identify the specific records that purportedly evidence use. Part 3: Hospital name, surgery date/location/ physician, type of surgery, reason for surgery, infections | Levin, Papantonio, Thomas, Mitchell, Rafferty, & Proctor, P.A. |

| | | prior to surgery, persons with whom plaintiff discussed risks of surgery, medical conditions at time of surgery, and cause of infection provided, but no response to height/weight at time of surgery.<br><br>**Section IV (General Medical Information)**<br>Part 7: No response to pharmacies used.<br><br>**Section V (Insurance/Claim Information)**<br>Part 4: Indicates prior disability claims, but no response to any sub-question regarding same.<br><br>**Section VII (Economic Damages)**<br>Part 1: No response to claim for loss of past wages/income.<br>Part 2: No response to claim for loss of future wages/income.<br><br>**Verification:** Not provided | |
|---|---|---|---|
| McCray, Abraham<br>0:18-cv-01832 | 12/13/2018 | **Verification:** Improper verification provided. Reused original verification. | Levin, Papantonio, Thomas, Mitchell, Rafferty, & Proctor, P.A. |
| Mussachia, Michael<br>0:18-cv-01833 | 12/13/2018 | **Section II (Personal Information)**<br>Part 7: Indicates prior marriage, but no response to DOB for spouse.<br><br>**Section III (Surgery Information)**<br>Part 1: For evidence of Bair Hugger use states "Records indicate that a forced air warming device was utilized," but does not identify specific records that purportedly show use, and responds "I do know know | Levin, Papantonio, Thomas, Mitchell, Rafferty, & Proctor, P.A. |

| | | for how and when Plaintiff learned this information.<br><br>**Verification:** Not provided | |
|---|---|---|---|
| Johnson, Sheri<br>0:18-cv-02014 | 12/3/2018 | **Section II (Personal Information)**<br>Part 1: Name, address, persons living with plaintiff at time of events at issue, SSN provided, other names used, and length of time at present address, but no response to dates for other names used.<br><br>**Section III (Surgery Information)**<br>Part 1: Records referenced for evidence of Bair Hugger use do not match the date of the index surgery.<br><br>**Section VI (Current Claim Information)**<br>Part 1: Indicates having suffered physical/bodily injury related to use of Bair Hugger, but does not provide an approximate date that she learned of injury, responding only "Plaintiff noticed after surgery in 2010" | Bernstein Liebhard LLP |
| Krzeminski,<br>Joseph<br>0:18-cv-02168 | 2/25/2019 | **Section II (Personal Information)**<br>Part 1: Name, other names used, address, and SSN provided, but no response to length of time at present address and persons living with plaintiff at time of events at issue.<br>Part 2: No response to driver's license number and state of issue.<br>Part 5: No response to Medicare HICN number.<br>Part 6: No response to residences for the last 10 years.<br>Part 8: No response to having children.<br>Part 9: No response to educational background. | Brown & Crouppen, PC |

|  |  | Part 10: No response to employers for last 10 years.<br>Part 11: No response to prior military service.<br>Part 12: No response to rejection for military service due to medical/physical conditions.<br>Part 13: No response to convictions in the last 10 years<br>Part 14: No response to visiting websites regarding patient warming systems.<br>Part 15: No response to internet postings concerning Defendants.<br>Part 16: No response to possession of drawings journals, slides, notes, letters or emails.<br><br>**<u>Section III (Surgery Information)</u>**<br>Part 1: No response to evidence of Bair Hugger use.<br>Part 2: No response to use of laminar air flow system during surgery.<br>Part 3: Hospital name, surgery date/location/ physician, type of surgery, reason for surgery, infections prior to surgery, persons with whom plaintiff discussed risks of surgery, and cause of infection provided, but no response to height/weight at time of surgery and medical conditions at time of surgery.<br>Part 4: No response to opinions on causation.<br>Part 5: No response to tests or inspections of Bair Hugger.<br><br>**<u>Section IV (General Medical Information)</u>**<br>Part 1: No response to current or last height/weight. |  |

| | | Part 3: No response to healthcare providers seven (7) years prior to surgery.<br>Part 7: No response to pharmacies used.<br>Part 8: No response to prior dental visits.<br>Part 9: No response to use of tobacco.<br>Part 10: No response to treatment for drugs/alcohol.<br><br>**Section V (Insurance/Claim Information)**<br>Part 4: No response to prior disability claims.<br>Part 5: No response to prior lawsuits.<br>Part 6: No response to prior bankruptcies.<br><br>**Section VI (Current Claim Information)**<br>Part 1: No response to having suffered physical/bodily injury related to use of Bair Hugger.<br>Part 3: No response to damages related to emotional distress/psychological injuries.<br>Part 6: No response regarding Bair Hugger warnings.<br>Part 7: No response regarding 3M/Arizant communications regarding surgery/Bair Hugger.<br>Part 8: No response regarding 3M/Arizant communication regarding Bair Hugger warranty.<br>Part 9: No response to contacts with Augustine Temperature Management.<br><br>**Section VII (Economic Damages)**<br>Part 1:  No response to claim for loss of past wages/income.<br>Part 2:  No response to claim for loss of future wages/income. | |

| | | **Section VIII (Persons With Knowledge)**<br>Part 2: No response to persons providing facts/circumstances relating this lawsuit.<br><br>**Section IX (Loss of Consortium)**<br>No response to any question<br><br>**Medical Authorization:** Not provided.<br>**Verification:** Not provided | |
|---|---|---|---|
| Monroe, Trena<br>0:18-cv-02469 | 1/31/2019 | **Verification:** Not provided. | Levin, Papantonio, Thomas, Mitchell, Rafferty, & Proctor, P.A. |
| Ritzler, Pamela<br>0:18-cv-02540 | 3/13/2019 | **Section II (Personal Information)**<br>Part 1: Name, address, and SSN provided, but no response to other names used, length of time at present address and persons living with plaintiff at time of events at issue.<br>Part 2: No response to driver's license number and state of issue.<br>Part 3: Date of birth provided but not place of birth.<br>Part 5: No response to Medicare HICN number.<br>Part 6: No response to residences for the last 10 years.<br>Part 8: No response to having children.<br>Part 9: No response to educational background.<br>Part 10: No response to employers for last 10 years.<br>Part 11: No response to prior military service. | Levin, Papantonio, Thomas, Mitchell, Rafferty, & Proctor, P.A. |

| | | | |
|---|---|---|---|
| | | Part 12: No response to rejection for military service due to medical/physical conditions.<br>Part 13: No response to convictions in the last 10 years<br>Part 14: No response to visiting websites regarding patient warming systems.<br>Part 15: No response to internet postings concerning Defendants.<br>Part 16: No response to possession of drawings journals, slides, notes, letters or emails.<br><br>**Section III (Surgery Information)**<br>Part 1: No response to evidence of Bair Hugger use.<br>Part 2: No response to use of laminar air flow system during surgery.<br>Part 3: Hospital name, surgery date/location/ physician, type of surgery, reason for surgery, infections prior to surgery, persons with whom plaintiff discussed risks of surgery, and cause of infection provided, but no response to height/weight at time of surgery and medical conditions at time of surgery.<br>Part 4: No response to opinions on causation.<br>Part 5: No response to tests or inspections of Bair Hugger.<br><br>**Section IV (General Medical Information)**<br>Part 1: No response to current or last height/weight.<br>Part 3: No response to healthcare providers seven (7) years prior to surgery.<br>Part 7: No response to pharmacies used. | |

Part 8: No response to prior dental visits.
Part 9: No response to use of tobacco.
Part 10: No response to treatment for drugs/alcohol.

**<u>Section V (Insurance/Claim Information)</u>**
Part 4: No response to prior disability claims.
Part 5: No response to prior lawsuits.
Part 6: No response to prior bankruptcies.

**<u>Section VI (Current Claim Information)</u>**
Part 1: No response to having suffered physical/bodily injury related to use of Bair Hugger.
Part 3: No response to damages related to emotional distress/psychological injuries.
Part 6: No response regarding Bair Hugger warnings.
Part 7: No response regarding 3M/Arizant communications regarding surgery/Bair Hugger.
Part 8: No response regarding 3M/Arizant communication regarding Bair Hugger warranty.
Part 9: No response to contacts with Augustine Temperature Management.

**<u>Section VII (Economic Damages)</u>**
Part 1:  No response to claim for loss of past wages/income.
Part 2:  No response to claim for loss of future wages/income.

**<u>Section VIII (Persons With Knowledge)</u>**

| | | | |
|---|---|---|---|
| | | Part 2: No response to persons providing facts/circumstances relating this lawsuit.<br><br>**Section IX (Loss of Consortium)**<br>No response to any question<br><br>**Medical Authorization:** Not provided.<br>**Verification:** Not provided | |
| O'Donnell, Ellen<br>0:18-cv-02926 | 2/7/2019 | **Section II (Personal Information)**<br>Part 1: Name, address, and SSN provided, but no response to other names used, length of time at present address and relationship of persons living with plaintiff at time of events at issue.<br>Part 2: No response to driver's license number and state of issue.<br>Part 5: No response to Medicare HICN number.<br>Part 6: Indicated residences for the last 10 years, but no response to dates of residency for various residences.<br>Part 7: Indicates being married, but no response to spouse's name, DOB or dates of marriage.<br>Part 8: Indicates having a child, but no response to year of birth.<br>Part 9: No response to educational background.<br>Part 11: No response to prior military service.<br>Part 12: No response to rejection for military service due to medical/physical conditions.<br>Part 13: No response to convictions in the last 10 years<br>Part 14: No response to visiting websites regarding patient warming systems.<br>Part 15: No response to internet postings concerning Defendants. | GoldenbergLaw, PLLC |

| | | |
|---|---|---|
| | | Part 16: No response to possession of drawings journals, slides, notes, letters or emails. **Section III (Surgery Information)** Part 1: Record that purportedly shows Bair Hugger use indicates blanket was "off." Part 4: No response to opinions on causation. Part 5: No response to tests or inspections of Bair Hugger. **Section IV (General Medical Information)** Part 1: Indicates height, but no response to current or last weight. Part 7: No response to pharmacies used. Part 8: No response to prior dental visits. Part 10: No response to treatment for drugs/alcohol. **Section V (Insurance/Claim Information)** Part 4: Indicates prior disability claims, but no response to any sub-question. Part 5: No response to prior lawsuits. Part 6: No response to prior bankruptcies. **Section VI (Current Claim Information)** Part 1: Indicates having suffered physical/bodily injury related to use of Bair Hugger, but no response to current symptoms, lost activities, or other physical harm. Part 6: No response regarding Bair Hugger warnings. |

| | | | |
|---|---|---|---|
| | | Part 7: No response regarding 3M/Arizant communications regarding surgery/Bair Hugger. Part 8: No response regarding 3M/Arizant communication regarding Bair Hugger warranty. Part 9: No response to contacts with Augustine Temperature Management.<br><br>**Medical Authorization:** Not provided.<br>**Verification:** Not provided | |