# EXHIBIT A



**BLACKWELL BURKE** P.A.

Benjamin W. Hulse
Direct Dial: 612-343-3256
E-Mail: bhulse@blackwellburke.com

March 5, 2019

**VIA EMAIL AND U.S. MAIL**
Wesley G. Barr
The Olinde Firm, LLC
400 Poydras Street , Suite 1980
New Orleans, LA 70130
wbarr@olindefirm.com
folinde@olindefirm.com

> Re:   *In re Bair Hugger Forced Air Warming Devices Products Liability Litigation*
> MDL No. 2666 – Deficiencies in Plaintiff Fact Sheet for Individual Case
> *Mary Ruth Eva Turner (OBO Doyal Turner  v. 3M Company et al* Case No.: 0:16-cv-00521-JNE-DTS

Dear Counsel:

We are in receipt of the Plaintiff Fact Sheet (PFS) for the above-captioned matter.  The PFS has core deficiencies, as set forth in the enclosed report.

Paragraph 4 of Pretrial Order No. 14 defines core deficiencies as "a lack of response to all questions in Section I, Section II, and Section III; Section IV, questions 1, 3, 7, 8, 9, 10; Section V, questions 5, 6, and 7; Section VI, questions 1, 3, 6, 7, 8, and 9; Section VII, questions 1 and 2; Section 8, question 2; Section IX, questions 1, 3, and 4, or lack of signed medical authorizations."  Paragraph 3 further requires a signed verification.

In addition, the instructions on the PFS form prohibit leaving spaces blank and provide as follows: "If a question is not applicable to you, please state 'Not Applicable' or 'N/A.'"  In our review, many deficiencies resulted from a plaintiff leaving one or more spaces blank.

Pursuant to paragraph 6 of PTO 14, within 3 weeks of the date of this letter, you must respond in writing by either (1) curing the deficiencies (by serving a revised, verified PFS through Plaintiffs' portal); (2) disputing the deficiencies and setting forth the reasons the PFS is not deficient; or (3) explaining why the deficiencies cannot be timely cured.  When serving a revised, verified PFS through Plaintiff's portal, you do not need to resubmit documents that were previously served with the original PFS. This is a final deficiency notice for this matter.

Sincerely,

s/ Benjamin W. Hulse

Benjamin W. Hulse

---

| | |
|---|---|
| Plaintiffs' Last Name | Turner |
| Plaintiffs' First Name | Doyal C. |
| Case No. | 16 - 00521 |
| Section I (Case Information) | |
| Section I -   Incomplete  Questions | |
| Section II (Personal Information) | Incomplete |
| Section II -   Incomplete  Questions | 10 |
| Section III (Surgery Information) | Incomplete |
| Section III -   Incomplete  Questions | 1 |
| Section IV - 1 (Vital Statistics) | |
| Section IV - 3 (Healthcare Providers) | |
| Section IV - 7 (Pharmacies/Drugstores) | |
| Section IV - 8 (Dental Procedures) | |
| Section IV - 9 (Tobacco) | |
| Section IV - 10 (Drug/Alcohol) | |
| Section V - 4 (Disability Claims) | |
| Section V - 5 (Lawsuits) | |
| Section V - 6 (Bankruptcy) | |
| Section VI - 1 (Physical Injury) | |
| Section VI - 3 (Emotional Distress) | |
| Section VI - 6 (Warnings) | |
| Section VI - 7 (3M/Arizant Communications) | |
| Section VI - 8 (3M/Arizant Warranty) | |
| Section VI - 9 (Augustine) | |
| Section VII - 1 (Lost Past Wages) | |
| Section VII - 2 (Lost Future Wages) | |
| Section VIII - 2 (Verbal/Written Statement) | |
| Section IX - 1 (Consortium Name etc.) | |
| Section IX - 3 (Residences) | |
| Section IX - 4 (Married) | |
| X.01 - Signed Authorization | Incomplete |
| X.02.d - Documents - Signed Verification | |
| I.03.b - Plaintiffs' Counsel's Firm | The Olinde Firm |
| I.03.e - Plaintiffs' Counsel's Email | wbarr@olindefirm.com |



BLACKWELL
BURKE P.A.

Benjamin W. Hulse
Direct Dial: 612-343-3256
E-Mail: bhulse@blackwellburke.com

December 21, 2018

**VIA EMAIL AND U.S. MAIL**
Arati C. Furness
Fears Nachawati, PLLC
5473 Blair Road
Dallas, TX 75231
mccarley@fnlawfirm.com
afurness@fnlawfirm.com

> Re:   *In re Bair Hugger Forced Air Warming Devices Products Liability Litigation*
> MDL No. 2666 – Deficiencies in Amended Plaintiff Fact Sheet
> *Butler, Frances Eloise v. 3M Company et al* Case No.: 0:18-cv-00758-JNE-DTS

Dear Counsel:

We are in receipt of the amended Plaintiff Fact Sheet (PFS) for the above-captioned matter. The PFS still has core deficiencies, as set forth in the enclosed report.

Paragraph 4 of Pretrial Order No. 14 defines core deficiencies as "a lack of response to all questions in Section I, Section II, and Section III; Section IV, questions 1, 3, 7, 8, 9, 10; Section V, questions 5, 6, and 7; Section VI, questions 1, 3, 6, 7, 8, and 9; Section VII, questions 1 and 2; Section 8, question 2; Section IX, questions 1, 3, and 4, or lack of signed medical authorizations." Paragraph 3 further requires a signed verification.

In addition, the instructions on the PFS form prohibit leaving spaces blank and provide as follows: "If a question is not applicable to you, please state 'Not Applicable' or 'N/A.'" In our review, many deficiencies resulted from a plaintiff leaving one or more spaces blank.

Pursuant to paragraph 6 of PTO 14, within 3 weeks of the date of this letter, you must respond in writing by either (1) curing the deficiencies (by serving a further revised, verified PFS through Plaintiffs' portal); (2) disputing the deficiencies and setting forth the reasons the PFS is not deficient; or (3) explaining why the deficiencies cannot be timely cured. When serving a revised, verified PFS through Plaintiff's portal, you do not need to resubmit documents that were previously served with the original PFS. This is the final deficiency notice for this matter.

Sincerely,

s/ Benjamin W. Hulse

Benjamin W. Hulse

cc: Plaintiffs' Co-Lead Counsel

---

431 South Seventh Street, Suite 2500   Minneapolis, MN 55415   Main 612.343.3200   Fax 612.343.3205
www.blackwellburke.com

| | |
|---|---|
| Plaintiffs' Last Name | Butler |
| Plaintiffs' First Name | Frances Eloise |
| Case No. | 0:18-cv-00758-JNE-FLN |
| Section I (Case Information) | |
| Section I -  Incomplete Questions | |
| Section II (Personal Information) | |
| Section II -  Incomplete Questions | |
| Section III (Surgery Information) | Incomplete |
| Section III -  Incomplete Questions | 1 |
| Section IV - 1 (Vital Statistics) | |
| Section IV - 3 (Healthcare Providers) | |
| Section IV - 7 (Pharmacies/Drugstores) | |
| Section IV - 8 (Dental Procedures) | |
| Section IV - 9 (Tobacco) | |
| Section IV - 10 (Drug/Alcohol) | |
| Section V - 4 (Disability Claims) | |
| Section V - 5 (Lawsuits) | |
| Section V - 6 (Bankruptcy) | |
| Section VI - 1 (Physical Injury) | Incomplete |
| Section VI - 3 (Emotional Distress) | Incomplete |
| Section VI - 6 (Warnings) | |
| Section VI - 7 (3M/Arizant Communications) | |
| Section VI - 8 (3M/Arizant Warranty) | |
| Section VI - 9 (Augustine) | |
| Section VII - 1 (Lost Past Wages) | |
| Section VII - 2 (Lost Future Wages) | |
| Section VIII - 2 (Verbal/Written Statement) | |
| Section IX - 1 (Consortium Name etc.) | Incomplete |
| Section IX - 3 (Residences) | Incomplete |
| Section IX - 4 (Married) | |
| X.01 - Signed Authorization | |
| X.02.d - Documents - Signed Verification | Incomplete |
| I.03.b - Plaintiffs' Counsel's Firm | Fears Nachawati, PLLC |
| I.03.e - Plaintiffs' Counsel's Email | mccarley@fnlawfirm.com |



**BLACKWELL BURKE** P.A.

Benjamin W. Hulse
Direct Dial: 612-343-3256
E-Mail: bhulse@blackwellburke.com

January 11, 2019

**VIA EMAIL AND U.S. MAIL**
James Arthur Morris
Morris Law Firm
4111 W. Alameda Avenue, Suite 611
Burbank, CA 91505
jmorris@jamlawyers.com

> Re:  *In re Bair Hugger Forced Air Warming Devices Products Liability Litigation*
> MDL No. 2666 – Deficiencies in Amended Plaintiff Fact Sheet
> *Manheim, Kathleen v. 3M Company et al* Case No.: 0:18-cv-01456-JNE-DTS

Dear Counsel:

We are in receipt of the amended Plaintiff Fact Sheet (PFS) for the above-captioned matter. The PFS still has core deficiencies, as set forth in the enclosed report.

Paragraph 4 of Pretrial Order No. 14 defines core deficiencies as "a lack of response to all questions in Section I, Section II, and Section III; Section IV, questions 1, 3, 7, 8, 9, 10; Section V, questions 5, 6, and 7; Section VI, questions 1, 3, 6, 7, 8, and 9; Section VII, questions 1 and 2; Section 8, question 2; Section IX, questions 1, 3, and 4, or lack of signed medical authorizations." Paragraph 3 further requires a signed verification.

In addition, the instructions on the PFS form prohibit leaving spaces blank and provide as follows: "If a question is not applicable to you, please state 'Not Applicable' or 'N/A.'" In our review, many deficiencies resulted from a plaintiff leaving one or more spaces blank.

Pursuant to paragraph 6 of PTO 14, within 3 weeks of the date of this letter, you must respond in writing by either (1) curing the deficiencies (by serving a further revised, verified PFS through Plaintiffs' portal); (2) disputing the deficiencies and setting forth the reasons the PFS is not deficient; or (3) explaining why the deficiencies cannot be timely cured. When serving a revised, verified PFS through Plaintiff's portal, you do not need to resubmit documents that were previously served with the original PFS. This is the final deficiency notice for this matter.

Sincerely,

s/ Benjamin W. Hulse

Benjamin W. Hulse

cc: Plaintiffs' Co-Lead Counsel
Enclosure

| | |
|---|---|
| Plaintiffs' Last Name | Manheim |
| Plaintiffs' First Name | Kathleen |
| Case No. | 0:18-cv-01456 |
| Section I (Case Information) | |
| Section I -  Incomplete Questions | |
| Section II (Personal Information) | Incomplete |
| Section II -  Incomplete Questions | 7 |
| Section III (Surgery Information) | |
| Section III -  Incomplete Questions | |
| Section IV - 1 (Vital Statistics) | |
| Section IV - 3 (Healthcare Providers) | Incomplete |
| Section IV - 7 (Pharmacies/Drugstores) | Incomplete |
| Section IV - 8 (Dental Procedures) | |
| Section IV - 9 (Tobacco) | |
| Section IV - 10 (Drug/Alcohol) | |
| Section V - 4 (Disability Claims) | |
| Section V - 5 (Lawsuits) | |
| Section V - 6 (Bankruptcy) | |
| Section VI - 1 (Physical Injury) | |
| Section VI - 3 (Emotional Distress) | |
| Section VI - 6 (Warnings) | |
| Section VI - 7 (3M/Arizant Communications) | |
| Section VI - 8 (3M/Arizant Warranty) | |
| Section VI - 9 (Augustine) | |
| Section VII - 1 (Lost Past Wages) | |
| Section VII - 2 (Lost Future Wages) | |
| Section VIII - 2 (Verbal/Written Statement) | |
| Section IX - 1 (Consortium Name etc.) | |
| Section IX - 3 (Residences) | |
| Section IX - 4 (Married) | |
| X.01 - Signed Authorization | Incomplete |
| X.02.d - Documents - Signed Verification | |
| I.03.b - Plaintiffs' Counsel's Firm | Morris Law Firm |
| I.03.e - Plaintiffs' Counsel's Email | sgreenberg@jamlawyers.com |



BLACKWELL BURKE P.A.

Benjamin W. Hulse
Direct Dial: 612-343-3256
E-Mail: bhulse@blackwellburke.com

February 27, 2019

**VIA EMAIL AND U.S. MAIL**
Annesley H DeGaris
DeGaris & Rogers, LLC
Two North Twentieth Street, Suite 1030
Birmingham, AL 35203
adegaris@degarislaw.com

Re:     *In re Bair Hugger Forced Air Warming Devices Products Liability Litigation*
MDL No. 2666 – Deficiencies in Amended Plaintiff Fact Sheet
*Buddin, Glen et al v. 3M Company et al* Case No.: 0:18-cv-02042-JNE-DTS

Dear Counsel:

We are in receipt of the amended Plaintiff Fact Sheet (PFS) for the above-captioned matter. The PFS still has core deficiencies, as set forth in the enclosed report.

Paragraph 4 of Pretrial Order No. 14 defines core deficiencies as "a lack of response to all questions in Section I, Section II, and Section III; Section IV, questions 1, 3, 7, 8, 9, 10; Section V, questions 5, 6, and 7; Section VI, questions 1, 3, 6, 7, 8, and 9; Section VII, questions 1 and 2; Section 8, question 2; Section IX, questions 1, 3, and 4, or lack of signed medical authorizations." Paragraph 3 further requires a signed verification.

In addition, the instructions on the PFS form prohibit leaving spaces blank and provide as follows: "If a question is not applicable to you, please state 'Not Applicable' or 'N/A.'" In our review, many deficiencies resulted from a plaintiff leaving one or more spaces blank.

Pursuant to paragraph 6 of PTO 14, within 3 weeks of the date of this letter, you must respond in writing by either (1) curing the deficiencies (by serving a further revised, verified PFS through Plaintiffs' portal); (2) disputing the deficiencies and setting forth the reasons the PFS is not deficient; or (3) explaining why the deficiencies cannot be timely cured. When serving a revised, verified PFS through Plaintiff's portal, you do not need to resubmit documents that were previously served with the original PFS. This is the final deficiency notice for this matter.

Sincerely,

s/ Benjamin W. Hulse

Benjamin W. Hulse

cc: Plaintiffs' Co-Lead Counsel
Enclosure

| | |
|---|---|
| Plaintiffs' Last Name | Buddin |
| Plaintiffs' First Name | Glen |
| Case No. | 0:18-cv-02042 |
| Section I (Case Information) | |
| Section I - Incomplete Questions | |
| Section II (Personal Information) | Incomplete |
| Section II - Incomplete Questions | 7 |
| Section III (Surgery Information) | |
| Section III - Incomplete Questions | |
| Section IV - 1 (Vital Statistics) | |
| Section IV - 3 (Healthcare Providers) | |
| Section IV - 7 (Pharmacies/Drugstores) | |
| Section IV - 8 (Dental Procedures) | |
| Section IV - 9 (Tobacco) | |
| Section IV - 10 (Drug/Alcohol) | |
| Section V - 4 (Disability Claims) | |
| Section V - 5 (Lawsuits) | |
| Section V - 6 (Bankruptcy) | |
| Section VI - 1 (Physical Injury) | |
| Section VI - 3 (Emotional Distress) | |
| Section VI - 6 (Warnings) | |
| Section VI - 7 (3M/Arizant Communications) | |
| Section VI - 8 (3M/Arizant Warranty) | |
| Section VI - 9 (Augustine) | |
| Section VII - 1 (Lost Past Wages) | |
| Section VII - 2 (Lost Future Wages) | |
| Section VIII - 2 (Verbal/Written Statement) | |
| Section IX - 1 (Consortium Name etc.) | |
| Section IX - 3 (Residences) | |
| Section IX - 4 (Married) | |
| X.01 - Signed Authorization | |
| X.02.d - Documents - Signed Verification | Incomplete |
| I.03.b - Plaintiffs' Counsel's Firm | DeGaris & Rogers |
| I.03.e - Plaintiffs' Counsel's Email | adegaris@degarislaw.com |



BLACKWELL
BURKE P.A.

Benjamin W. Hulse
Direct Dial: 612-343-3256
E-Mail: bhulse@blackwellburke.com

February 26, 2019

**VIA EMAIL AND U.S. MAIL**
Annesley H DeGaris
DeGaris & Rogers, LLC
Two North Twentieth Street, Suite 1030
Birmingham, AL 35203
adegaris@degarislaw.com

> Re:   *In re Bair Hugger Forced Air Warming Devices Products Liability Litigation*
> MDL No. 2666 – Deficiencies in Plaintiff Fact Sheet for Individual Case
> *Peck, Suzanne v. 3M Company et al* Case No.: 0:18-cv-02439-JNE-DTS

Dear Counsel:

We are in receipt of the Plaintiff Fact Sheet (PFS) for the above-captioned matter. The PFS has core deficiencies, as set forth in the enclosed report.

Paragraph 4 of Pretrial Order No. 14 defines core deficiencies as "a lack of response to all questions in Section I, Section II, and Section III; Section IV, questions 1, 3, 7, 8, 9, 10; Section V, questions 5, 6, and 7; Section VI, questions 1, 3, 6, 7, 8, and 9; Section VII, questions 1 and 2; Section 8, question 2; Section IX, questions 1, 3, and 4, or lack of signed medical authorizations." Paragraph 3 further requires a signed verification.

In addition, the instructions on the PFS form prohibit leaving spaces blank and provide as follows: "If a question is not applicable to you, please state 'Not Applicable' or 'N/A.'" In our review, many deficiencies resulted from a plaintiff leaving one or more spaces blank.

Pursuant to paragraph 6 of PTO 14, within 3 weeks of the date of this letter, you must respond in writing by either (1) curing the deficiencies (by serving a revised, verified PFS through Plaintiffs' portal); (2) disputing the deficiencies and setting forth the reasons the PFS is not deficient; or (3) explaining why the deficiencies cannot be timely cured. When serving a revised, verified PFS through Plaintiff's portal, you do not need to resubmit documents that were previously served with the original PFS. This is a final deficiency notice for this matter.

Sincerely,

s/ Benjamin W. Hulse

Benjamin W. Hulse

cc: Plaintiffs' Co-Lead Counsel
Enclosure

| | |
|---|---|
| Plaintiffs' Last Name | Peck |
| Plaintiffs' First Name | Suzanne |
| Case No. | 0:18-cv-02439 |
| Section I (Case Information) | |
| Section I -  Incomplete Questions | |
| Section II (Personal Information) | Incomplete |
| Section II -  Incomplete Questions | 01<br>02<br>03<br>06<br>07<br>08<br>09 |
| Section III (Surgery Information) | Incomplete |
| Section III -  Incomplete Questions | 1 |
| Section IV - 1 (Vital Statistics) | |
| Section IV - 3 (Healthcare Providers) | |
| Section IV - 7 (Pharmacies/Drugstores) | Incomplete |
| Section IV - 8 (Dental Procedures) | Incomplete |
| Section IV - 9 (Tobacco) | Incomplete |
| Section IV - 10 (Drug/Alcohol) | Incomplete |
| Section V - 4 (Disability Claims) | Incomplete |
| Section V - 5 (Lawsuits) | Incomplete |
| Section V - 6 (Bankruptcy) | Incomplete |
| Section VI - 1 (Physical Injury) | |
| Section VI - 3 (Emotional Distress) | Incomplete |
| Section VI - 6 (Warnings) | |
| Section VI - 7 (3M/Arizant Communications) | |
| Section VI - 8 (3M/Arizant Warranty) | |
| Section VI - 9 (Augustine) | |
| Section VII - 1 (Lost Past Wages) | |
| Section VII - 2 (Lost Future Wages) | |
| Section VIII - 2 (Verbal/Written Statement) | Incomplete |
| Section IX - 1 (Consortium Name etc.) | |
| Section IX - 3 (Residences) | |
| Section IX - 4 (Married) | |
| X.01 - Signed Authorization | Incomplete |
| X.02.d - Documents - Signed Verification | Incomplete |
| I.03.b - Plaintiffs' Counsel's Firm | DeGaris & Rogers, LLC |
| I.03.e - Plaintiffs' Counsel's Email | adegaris@degarislaw.com |



BLACKWELL
BURKE P.A.

Benjamin W. Hulse
Direct Dial: 612-343-3256
E-Mail: bhulse@blackwellburke.com

February 5, 2019

**VIA EMAIL AND U.S. MAIL**
Annesley H DeGaris
DeGaris & Rogers, LLC
Two North Twentieth Street, Suite 1030
Birmingham, AL 35203
adegaris@degarislaw.com

> Re: *In re Bair Hugger Forced Air Warming Devices Products Liability Litigation*
> MDL No. 2666 – Deficiencies in Plaintiff Fact Sheet for Individual Case
> *Jones, Terry et al v. 3M Company et al* Case No.: 0:18-cv-02548-JNE-DTS

Dear Counsel:

We are in receipt of the Plaintiff Fact Sheet (PFS) for the above-captioned matter. The PFS has core deficiencies, as set forth in the enclosed report.

Paragraph 4 of Pretrial Order No. 14 defines core deficiencies as "a lack of response to all questions in Section I, Section II, and Section III; Section IV, questions 1, 3, 7, 8, 9, 10; Section V, questions 5, 6, and 7; Section VI, questions 1, 3, 6, 7, 8, and 9; Section VII, questions 1 and 2; Section 8, question 2; Section IX, questions 1, 3, and 4, or lack of signed medical authorizations." Paragraph 3 further requires a signed verification.

In addition, the instructions on the PFS form prohibit leaving spaces blank and provide as follows: "If a question is not applicable to you, please state 'Not Applicable' or 'N/A.'" In our review, many deficiencies resulted from a plaintiff leaving one or more spaces blank.

Pursuant to paragraph 6 of PTO 14, within 3 weeks of the date of this letter, you must respond in writing by either (1) curing the deficiencies (by serving a revised, verified PFS through Plaintiffs' portal); (2) disputing the deficiencies and setting forth the reasons the PFS is not deficient; or (3) explaining why the deficiencies cannot be timely cured. When serving a revised, verified PFS through Plaintiff's portal, you do not need to resubmit documents that were previously served with the original PFS. This is a final deficiency notice for this matter.

Sincerely,

s/ Benjamin W. Hulse

Benjamin W. Hulse

cc: Plaintiffs' Co-Lead Counsel
Enclosure

| | |
|---|---|
| Plaintiffs' Last Name | Jones |
| Plaintiffs' First Name | Terry |
| Case No. | 0:18-cv-02548 |
| Section I (Case Information) | |
| Section I - Incomplete Questions | |
| Section II (Personal Information) | Incomplete |
| Section II - Incomplete Questions | 01<br>02<br>03<br>06<br>07<br>08<br>09 |
| Section III (Surgery Information) | Incomplete |
| Section III - Incomplete Questions | 3 |
| Section IV - 1 (Vital Statistics) | |
| Section IV - 3 (Healthcare Providers) | Incomplete |
| Section IV - 7 (Pharmacies/Drugstores) | Incomplete |
| Section IV - 8 (Dental Procedures) | Incomplete |
| Section IV - 9 (Tobacco) | Incomplete |
| Section IV - 10 (Drug/Alcohol) | |
| Section V - 4 (Disability Claims) | Incomplete |
| Section V - 5 (Lawsuits) | |
| Section V - 6 (Bankruptcy) | |
| Section VI - 1 (Physical Injury) | Incomplete |
| Section VI - 3 (Emotional Distress) | Incomplete |
| Section VI - 6 (Warnings) | Incomplete |
| Section VI - 7 (3M/Arizant Communications) | Incomplete |
| Section VI - 8 (3M/Arizant Warranty) | Incomplete |
| Section VI - 9 (Augustine) | Incomplete |
| Section VII - 1 (Lost Past Wages) | Incomplete |
| Section VII - 2 (Lost Future Wages) | Incomplete |
| Section VIII - 2 (Verbal/Written Statement) | |
| Section IX - 1 (Consortium Name etc.) | Incomplete |
| Section IX - 3 (Residences) | Incomplete |
| Section IX - 4 (Married) | Incomplete |
| X.01 - Signed Authorization | Incomplete |
| X.02.d - Documents - Signed Verification | Incomplete |
| I.03.b - Plaintiffs' Counsel's Firm | DeGaris & Rogers, LLC |
| I.03.e - Plaintiffs' Counsel's Email | adegaris@degarislaw.com |



Benjamin W. Hulse
Direct Dial: 612-343-3256
E-Mail: bhulse@blackwellburke.com

January 15, 2019

**VIA EMAIL AND U.S. MAIL**
David W. Hodges
Kennedy Hodges, LLP
4409 Montrose Blvd. Suite 200
Houston, TX, 77006
mtg.kennedyhodges.com

> Re:   *In re Bair Hugger Forced Air Warming Devices Products Liability Litigation*
>        MDL No. 2666 – Deficiencies in Plaintiff Fact Sheet for Individual Case
>        *Morgan, Daniel v. 3M Company et al* Case No.: 0:18-cv-02740-JNE-DTS

Dear Counsel:

We are in receipt of the Plaintiff Fact Sheet (PFS) for the above-captioned matter. The PFS has core deficiencies, as set forth in the enclosed report.

Paragraph 4 of Pretrial Order No. 14 defines core deficiencies as "a lack of response to all questions in Section I, Section II, and Section III; Section IV, questions 1, 3, 7, 8, 9, 10; Section V, questions 5, 6, and 7; Section VI, questions 1, 3, 6, 7, 8; and 9; Section VII, questions 1 and 2; Section 8, question 2; Section IX, questions 1, 3, and 4, or lack of signed medical authorizations." Paragraph 3 further requires a signed verification.

In addition, the instructions on the PFS form prohibit leaving spaces blank and provide as follows: "If a question is not applicable to you, please state 'Not Applicable' or 'N/A.'" In our review, many deficiencies resulted from a plaintiff leaving one or more spaces blank.

Pursuant to paragraph 6 of PTO 14, within 3 weeks of the date of this letter, you must respond in writing by either (1) curing the deficiencies (by serving a revised, verified PFS through Plaintiffs' portal); (2) disputing the deficiencies and setting forth the reasons the PFS is not deficient; or (3) explaining why the deficiencies cannot be timely cured. When serving a revised, verified PFS through Plaintiff's portal, you do not need to resubmit documents that were previously served with the original PFS. This is a final deficiency notice for this matter.

Sincerely,

s/ Benjamin W. Hulse

Benjamin W. Hulse

cc: Plaintiffs' Co-Lead Counsel
Enclosure

| | |
|---|---|
| Plaintiffs' Last Name | Morgan |
| Plaintiffs' First Name | Daniel |
| Case No. | 18-cv-2740 |
| Section I (Case Information) | |
| Section I -  Incomplete Questions | |
| Section II (Personal Information) | |
| Section II -  Incomplete Questions | |
| Section III (Surgery Information) | Incomplete |
| Section III -  Incomplete Questions | 1 |
| Section IV - 1 (Vital Statistics) | |
| Section IV - 3 (Healthcare Providers) | |
| Section IV - 7 (Pharmacies/Drugstores) | |
| Section IV - 8 (Dental Procedures) | |
| Section IV - 9 (Tobacco) | |
| Section IV - 10 (Drug/Alcohol) | |
| Section V - 4 (Disability Claims) | |
| Section V - 5 (Lawsuits) | |
| Section V - 6 (Bankruptcy) | |
| Section VI - 1 (Physical Injury) | |
| Section VI - 3 (Emotional Distress) | |
| Section VI - 6 (Warnings) | |
| Section VI - 7 (3M/Arizant Communications) | |
| Section VI - 8 (3M/Arizant Warranty) | |
| Section VI - 9 (Augustine) | |
| Section VII - 1 (Lost Past Wages) | |
| Section VII - 2 (Lost Future Wages) | |
| Section VIII - 2 (Verbal/Written Statement) | |
| Section IX - 1 (Consortium Name etc.) | |
| Section IX - 3 (Residences) | |
| Section IX - 4 (Married) | |
| X.01 - Signed Authorization | |
| X.02.d - Documents - Signed Verification | Incomplete |
| I.03.b - Plaintiffs' Counsel's Firm | Kennedy Hodges, L.L.P. |
| I.03.e - Plaintiffs' Counsel's Email | mtg@kennedyhodges.com |



Benjamin W. Hulse
Direct Dial: 612-343-3256
E-Mail: bhulse@blackwellburke.com

January 31, 2019

**VIA EMAIL AND U.S. MAIL**
David W. Hodges
Kennedy Hodges, LLP
4409 Montrose Blvd. Suite 200
Houston, TX, 77006
mtg.kennedyhodges.com

> Re:   *In re Bair Hugger Forced Air Warming Devices Products Liability Litigation*
> MDL No. 2666 – Deficiencies in Plaintiff Fact Sheet for Individual Case
> *Marshall, Jeffrey  v. 3M Company et al* Case No.: 0:18-cv-02861-JNE-DTS

Dear Counsel:

We are in receipt of the Plaintiff Fact Sheet (PFS) for the above-captioned matter.  The PFS has core deficiencies, as set forth in the enclosed report.

Paragraph 4 of Pretrial Order No. 14 defines core deficiencies as "a lack of response to all questions in Section I, Section II, and Section III; Section IV, questions 1, 3, 7, 8, 9, 10; Section V, questions 5, 6, and 7; Section VI, questions 1, 3, 6, 7, 8, and 9; Section VII, questions 1 and 2; Section 8, question 2; Section IX, questions 1, 3, and 4, or lack of signed medical authorizations."  Paragraph 3 further requires a signed verification.

In addition, the instructions on the PFS form prohibit leaving spaces blank and provide as follows: "If a question is not applicable to you, please state 'Not Applicable' or 'N/A.'"  In our review, many deficiencies resulted from a plaintiff leaving one or more spaces blank.

Pursuant to paragraph 6 of PTO 14, within 3 weeks of the date of this letter, you must respond in writing by either (1) curing the deficiencies (by serving a revised, verified PFS through Plaintiffs' portal); (2) disputing the deficiencies and setting forth the reasons the PFS is not deficient; or (3) explaining why the deficiencies cannot be timely cured.  When serving a revised, verified PFS through Plaintiff's portal, you do not need to resubmit documents that were previously served with the original PFS. This is a final deficiency notice for this matter.

Sincerely,

s/ Benjamin W. Hulse

Benjamin W. Hulse

cc: Plaintiffs' Co-Lead Counsel
Enclosure

| | |
|---|---|
| Plaintiffs' Last Name | Marshall |
| Plaintiffs' First Name | Jeffrey |
| Case No. | 18-cv-2861 |
| Section I (Case Information) | |
| Section I -  Incomplete Questions | |
| Section II (Personal Information) | |
| Section II -  Incomplete Questions | |
| Section III (Surgery Information) | Incomplete |
| Section III -  Incomplete Questions | 1 |
| Section IV - 1 (Vital Statistics) | |
| Section IV - 3 (Healthcare Providers) | |
| Section IV - 7 (Pharmacies/Drugstores) | |
| Section IV - 8 (Dental Procedures) | |
| Section IV - 9 (Tobacco) | |
| Section IV - 10 (Drug/Alcohol) | |
| Section V - 4 (Disability Claims) | |
| Section V - 5 (Lawsuits) | |
| Section V - 6 (Bankruptcy) | |
| Section VI - 1 (Physical Injury) | |
| Section VI - 3 (Emotional Distress) | |
| Section VI - 6 (Warnings) | |
| Section VI - 7 (3M/Arizant Communications) | |
| Section VI - 8 (3M/Arizant Warranty) | |
| Section VI - 9 (Augustine) | |
| Section VII - 1 (Lost Past Wages) | |
| Section VII - 2 (Lost Future Wages) | |
| Section VIII - 2 (Verbal/Written Statement) | |
| Section IX - 1 (Consortium Name etc.) | |
| Section IX - 3 (Residences) | |
| Section IX - 4 (Married) | |
| X.01 - Signed Authorization | Incomplete |
| X.02.d - Documents - Signed Verification | Incomplete |
| I.03.b - Plaintiffs' Counsel's Firm | Kennedy Hodges, L.L.P. |
| I.03.e - Plaintiffs' Counsel's Email | mtg@kennedyhodges.com |



**BLACKWELL BURKE** P.A.

Benjamin W. Hulse
Direct Dial: 612-343-3256
E-Mail: bhulse@blackwellburke.com

March 8, 2019

**VIA EMAIL AND U.S. MAIL**
David W. Hodges
Kennedy Hodges, LLP
4409 Montrose Blvd. Suite 200
Houston, TX, 77006
mtg.kennedyhodges.com

     Re:    *In re Bair Hugger Forced Air Warming Devices Products Liability Litigation*
           MDL No. 2666 – Deficiencies in Plaintiff Fact Sheet for Individual Case
           *Albert, Jr., Philip v. 3M Company et al* Case No.: 0:18-cv-02938-JNE-DTS

Dear Counsel:

We are in receipt of the Plaintiff Fact Sheet (PFS) for the above-captioned matter. The PFS has core deficiencies, as set forth in the enclosed report.

Paragraph 4 of Pretrial Order No. 14 defines core deficiencies as "a lack of response to all questions in Section I, Section II, and Section III; Section IV, questions 1, 3, 7, 8, 9, 10; Section V, questions 5, 6, and 7; Section VI, questions 1, 3, 6, 7, 8, and 9; Section VII, questions 1 and 2; Section 8, question 2; Section IX, questions 1, 3, and 4, or lack of signed medical authorizations." Paragraph 3 further requires a signed verification.

In addition, the instructions on the PFS form prohibit leaving spaces blank and provide as follows: "If a question is not applicable to you, please state 'Not Applicable' or 'N/A.'" In our review, many deficiencies resulted from a plaintiff leaving one or more spaces blank.

Pursuant to paragraph 6 of PTO 14, within 3 weeks of the date of this letter, you must respond in writing by either (1) curing the deficiencies (by serving a revised, verified PFS through Plaintiffs' portal); (2) disputing the deficiencies and setting forth the reasons the PFS is not deficient; or (3) explaining why the deficiencies cannot be timely cured. When serving a revised, verified PFS through Plaintiff's portal, you do not need to resubmit documents that were previously served with the original PFS. This is a final deficiency notice for this matter.

Sincerely,

s/ Benjamin W. Hulse

Benjamin W. Hulse

cc: Plaintiffs' Co-Lead Counsel
Enclosure

| | |
|---|---|
| Plaintiffs' Last Name | Albert |
| Plaintiffs' First Name | Phillip |
| Case No. | 18-cv-2938 |
| Section I (Case Information) | |
| Section I -  Incomplete Questions | |
| Section II (Personal Information) | Incomplete |
| Section II -  Incomplete Questions | 01, 02, 03, 06, 08, 09 |
| | 10, 11, 12, 13, 14, 15, 16 |
| Section III (Surgery Information) | |
| Section III -  Incomplete Questions | |
| Section IV - 1 (Vital Statistics) | Incomplete |
| Section IV - 3 (Healthcare Providers) | |
| Section IV - 7 (Pharmacies/Drugstores) | Incomplete |
| Section IV - 8 (Dental Procedures) | Incomplete |
| Section IV - 9 (Tobacco) | Incomplete |
| Section IV - 10 (Drug/Alcohol) | Incomplete |
| Section V - 4 (Disability Claims) | Incomplete |
| Section V - 5 (Lawsuits) | Incomplete |
| Section V - 6 (Bankruptcy) | Incomplete |
| Section VI - 1 (Physical Injury) | Incomplete |
| Section VI - 3 (Emotional Distress) | Incomplete |
| Section VI - 6 (Warnings) | Incomplete |
| Section VI - 7 (3M/Arizant Communications) | Incomplete |
| Section VI - 8 (3M/Arizant Warranty) | Incomplete |
| Section VI - 9 (Augustine) | Incomplete |
| Section VII - 1 (Lost Past Wages) | Incomplete |
| Section VII - 2 (Lost Future Wages) | Incomplete |
| Section VIII - 2 (Verbal/Written Statement) | Incomplete |
| Section IX - 1 (Consortium Name etc.) | Incomplete |
| Section IX - 3 (Residences) | Incomplete |
| Section IX - 4 (Married) | Incomplete |
| X.01 - Signed Authorization | Incomplete |
| X.02.d - Documents - Signed Verification | Incomplete |
| I.03.b - Plaintiffs' Counsel's Firm | Kennedy Hodges, L.L.P. |
| I.03.e - Plaintiffs' Counsel's Email | mtg@kennedyhodges.com |

# EXHIBIT B



**BLACKWELL BURKE** P.A.

Benjamin W. Hulse
Direct Dial: 612-343-3256
E-Mail: bhulse@blackwellburke.com

July 24, 2018

**VIA EMAIL AND U.S. MAIL**
David W. Hodges
Kennedy Hodges
4409 Montrose Blvd., Suite 200
Houston, TX 77006
mtg.kennedyhodges.com

Re:   *In re Bair Hugger Forced Air Warming Devices Products Liability Litigation*
MDL No. 2666 – Deficiencies in Plaintiff Fact Sheet for Individual Case
*Sweezy, Richard v. 3M Company et al* Case No.: 0:18-cv-01007-JNE-FLN

Dear Counsel:

We are in receipt of the Plaintiff Fact Sheet (PFS) for the above-captioned matter.  The PFS has core deficiencies, as set forth in the enclosed report.

Paragraph 4 of Pretrial Order No. 14 defines core deficiencies as "a lack of response to all questions in Section I, Section II, and Section III; Section IV, questions 1, 3, 7, 8, 9, 10; Section V, questions 5, 6, and 7; Section VI, questions 1, 3, 6, 7, 8, and 9; Section VII, questions 1 and 2; Section 8, question 2; Section IX, questions 1, 3, and 4, or lack of signed medical authorizations."  Paragraph 3 further requires a signed verification.

In addition, the instructions on the PFS form prohibit leaving spaces blank and provide as follows: "If a question is not applicable to you, please state 'Not Applicable' or 'N/A.'"  In our review, many deficiencies resulted from a plaintiff leaving one or more spaces blank.

Pursuant to paragraph 6 of PTO 14, within 3 weeks of the date of this letter, you must respond in writing by either (1) curing the deficiencies (by serving a revised, verified PFS through Plaintiffs' portal); (2) disputing the deficiencies and setting forth the reasons the PFS is not deficient; or (3) explaining why the deficiencies cannot be timely cured.  When serving a revised, verified PFS through Plaintiff's portal, you do not need to resubmit documents that were previously served with the original PFS. This is a final deficiency notice for this matter.

Sincerely,

s/ Benjamin W. Hulse

Benjamin W. Hulse

cc: Plaintiffs' Co-Lead Counsel
Enclosure

| | |
|---|---|
| Plaintiffs' Last Name | Sweezy |
| Plaintiffs' First Name | Richard |
| Case No. | 18-cv-1007 |
| Section I (Case Information) | |
| Section I - Incomplete Questions | |
| Section II (Personal Information) | |
| Section II - Incomplete Questions | |
| Section III (Surgery Information) | Incomplete |
| Section III - Incomplete Questions | 1 |
| Section IV - 1 (Vital Statistics) | |
| Section IV - 3 (Healthcare Providers) | |
| Section IV - 7 (Pharmacies/Drugstores) | |
| Section IV - 8 (Dental Procedures) | |
| Section IV - 9 (Tobacco) | |
| Section IV - 10 (Drug/Alcohol) | |
| Section V - 4 (Disability Claims) | |
| Section V - 5 (Lawsuits) | |
| Section V - 6 (Bankruptcy) | |
| Section VI - 1 (Physical Injury) | |
| Section VI - 3 (Emotional Distress) | |
| Section VI - 6 (Warnings) | |
| Section VI - 7 (3M/Arizant Communications) | |
| Section VI - 8 (3M/Arizant Warranty) | |
| Section VI - 9 (Augustine) | |
| Section VII - 1 (Lost Past Wages) | |
| Section VII - 2 (Lost Future Wages) | |
| Section VIII - 2 (Verbal/Written Statement) | |
| Section IX - 1 (Consortium Name etc.) | |
| Section IX - 3 (Residences) | |
| Section IX - 4 (Married) | |
| X.01 - Signed Authorization | |
| X.02.d - Documents - Signed Verification | Incomplete |
| I.03.b - Plaintiffs' Counsel's Firm | Kennedy Hodges, L.L.P. |
| I.03.e - Plaintiffs' Counsel's Email | mtg@kennedyhodges.com |



**BLACKWELL BURKE** P.A.

Benjamin W. Hulse
Direct Dial:  612-343-3256
E-Mail:  bhulse@blackwellburke.com

October 11, 2018

**VIA EMAIL AND U.S. MAIL**
James Arthur Morris
Morris Law Firm
4111 W. Alameda Avenue, Suite 611
Burbank, CA 91505
jmorris@jamlawyers.com

Re:  *In re Bair Hugger Forced Air Warming Devices Products Liability Litigation*
MDL No. 2666 – Deficiencies in Plaintiff Fact Sheet for Individual Case
*Terrell, Elizabeth v. 3M Company et al* Case No.: 18-cv-01654-JNE-DTS

Dear Counsel:

We are in receipt of the Plaintiff Fact Sheet (PFS) for the above-captioned matter.  The PFS has core deficiencies, as set forth in the enclosed report.

Paragraph 4 of Pretrial Order No. 14 defines core deficiencies as "a lack of response to all questions in Section I, Section II, and Section III; Section IV, questions 1, 3, 7, 8, 9, 10; Section V, questions 5, 6, and 7; Section VI, questions 1, 3, 6, 7, 8, and 9; Section VII, questions 1 and 2; Section 8, question 2; Section IX, questions 1, 3, and 4, or lack of signed medical authorizations."  Paragraph 3 further requires a signed verification.

In addition, the instructions on the PFS form prohibit leaving spaces blank and provide as follows: "If a question is not applicable to you, please state 'Not Applicable' or 'N/A.'"  In our review, many deficiencies resulted from a plaintiff leaving one or more spaces blank.

Pursuant to paragraph 6 of PTO 14, within 3 weeks of the date of this letter, you must respond in writing by either (1) curing the deficiencies (by serving a revised, verified PFS through Plaintiffs' portal); (2) disputing the deficiencies and setting forth the reasons the PFS is not deficient; or (3) explaining why the deficiencies cannot be timely cured.  When serving a revised, verified PFS through Plaintiff's portal, you do not need to resubmit documents that were previously served with the original PFS. This is a final deficiency notice for this matter.

Sincerely,

s/ Benjamin W. Hulse

Benjamin W. Hulse

cc: Plaintiffs' Co-Lead Counsel
Enclosure

---

| | |
|---|---|
| Plaintiffs' Last Name | Terrell |
| Plaintiffs' First Name | Elizabeth |
| Case No. | 0:18-cv-01654 |
| Section I (Case Information) | |
| Section I - Incomplete Questions | |
| Section II (Personal Information) | Incomplete |
| Section II - Incomplete Questions | 02 10 |
| Section III (Surgery Information) | Incomplete |
| Section III - Incomplete Questions | 1 |
| Section IV - 1 (Vital Statistics) | |
| Section IV - 3 (Healthcare Providers) | |
| Section IV - 7 (Pharmacies/Drugstores) | |
| Section IV - 8 (Dental Procedures) | |
| Section IV - 9 (Tobacco) | |
| Section IV - 10 (Drug/Alcohol) | |
| Section V - 4 (Disability Claims) | |
| Section V - 5 (Lawsuits) | |
| Section V - 6 (Bankruptcy) | |
| Section VI - 1 (Physical Injury) | |
| Section VI - 3 (Emotional Distress) | Incomplete |
| Section VI - 6 (Warnings) | |
| Section VI - 7 (3M/Arizant Communications) | |
| Section VI - 8 (3M/Arizant Warranty) | |
| Section VI - 9 (Augustine) | |
| Section VII - 1 (Lost Past Wages) | |
| Section VII - 2 (Lost Future Wages) | |
| Section VIII - 2 (Verbal/Written Statement) | |
| Section IX - 1 (Consortium Name etc.) | |
| Section IX - 3 (Residences) | |
| Section IX - 4 (Married) | |
| X.01 - Signed Authorization | |
| X.02.d - Documents - Signed Verification | |
| I.03.b - Plaintiffs' Counsel's Firm | Morris Law Firm |
| I.03.e - Plaintiffs' Counsel's Email | sgreenberg@jamlawyers.com |



BLACKWELL
BURKE P.A.

Benjamin W. Hulse
Direct Dial: 612-343-3256
E-Mail: bhulse@blackwellburke.com

December 12, 2018

**VIA EMAIL AND U.S. MAIL**
Daniel A. Nigh
Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA
316 S Baylen St - Ste 600
Pensacola, FL 32502
dnigh@levinlaw.com

      Re:    *In re Bair Hugger Forced Air Warming Devices Products Liability Litigation*
             MDL No. 2666 – Deficiencies in Amended Plaintiff Fact Sheet
             *Lamb, David v. 3M Company 3M Company et al* Case No.: 0:18-cv-01768-JNE-
             FLN

Dear Counsel:

We are in receipt of the amended Plaintiff Fact Sheet (PFS) for the above-captioned matter. The PFS still has core deficiencies, as set forth in the enclosed report.

Paragraph 4 of Pretrial Order No. 14 defines core deficiencies as "a lack of response to all questions in Section I, Section II, and Section III; Section IV, questions 1, 3, 7, 8, 9, 10; Section V, questions 5, 6, and 7; Section VI, questions 1, 3, 6, 7, 8, and 9; Section VII, questions 1 and 2; Section 8, question 2; Section IX, questions 1, 3, and 4, or lack of signed medical authorizations." Paragraph 3 further requires a signed verification.

In addition, the instructions on the PFS form prohibit leaving spaces blank and provide as follows: "If a question is not applicable to you, please state 'Not Applicable' or 'N/A.'" In our review, many deficiencies resulted from a plaintiff leaving one or more spaces blank.

Pursuant to paragraph 6 of PTO 14, within 3 weeks of the date of this letter, you must respond in writing by either (1) curing the deficiencies (by serving a further revised, verified PFS through Plaintiffs' portal); (2) disputing the deficiencies and setting forth the reasons the PFS is not deficient; or (3) explaining why the deficiencies cannot be timely cured. When serving a revised, verified PFS through Plaintiff's portal, you do not need to resubmit documents that were previously served with the original PFS. This is the final deficiency notice for this matter.

Sincerely,

s/ Benjamin W. Hulse

Benjamin W. Hulse

cc: Plaintiffs' Co-Lead Counsel

---

| | |
|---|---|
| **Plaintiffs' Last Name** | Lamb |
| **Plaintiffs' First Name** | David |
| **Case No.** | 0:18-cv-01768 |
| **Section I (Case Information)** | |
| **Section I - Incomplete Questions** | |
| **Section II (Personal Information)** | Incomplete |
| **Section II - Incomplete Questions** | 10 |
| **Section III (Surgery Information)** | Incomplete |
| **Section III - Incomplete Questions** | 01<br>03 |
| **Section IV - 1 (Vital Statistics)** | |
| **Section IV - 3 (Healthcare Providers)** | |
| **Section IV - 7 (Pharmacies/Drugstores)** | Incomplete |
| **Section IV - 8 (Dental Procedures)** | |
| **Section IV - 9 (Tobacco)** | |
| **Section IV - 10 (Drug/Alcohol)** | |
| **Section V - 4 (Disability Claims)** | Incomplete |
| **Section V - 5 (Lawsuits)** | |
| **Section V - 6 (Bankruptcy)** | |
| **Section VI - 1 (Physical Injury)** | |
| **Section VI - 3 (Emotional Distress)** | |
| **Section VI - 6 (Warnings)** | |
| **Section VI - 7 (3M/Arizant Communications)** | |
| **Section VI - 8 (3M/Arizant Warranty)** | |
| **Section VI - 9 (Augustine)** | |
| **Section VII - 1 (Lost Past Wages)** | Incomplete |
| **Section VII - 2 (Lost Future Wages)** | Incomplete |
| **Section VIII - 2 (Verbal/Written Statement)** | |
| **Section IX - 1 (Consortium Name etc.)** | |
| **Section IX - 3 (Residences)** | |
| **Section IX - 4 (Married)** | |
| **X.01 - Signed Authorization** | |
| **X.02.d - Documents - Signed Verification** | Incomplete |
| **I.03.b - Plaintiffs' Counsel's Firm** | Levin, Papantonio, Thomas, Mitchell, Rafferty, Proctor P.A. |
| **I.03.e - Plaintiffs' Counsel's Email** | dnigh@levinlaw.com |



## BLACKWELL BURKE P.A.

Benjamin W. Hulse
Direct Dial: 612-343-3256
E-Mail: bhulse@blackwellburke.com

December 13, 2018

**VIA EMAIL AND U.S. MAIL**
Daniel A. Nigh
Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA
316 S Baylen St - Ste 600
Pensacola, FL 32502
dnigh@levinlaw.com

> Re:   *In re Bair Hugger Forced Air Warming Devices Products Liability Litigation*
> MDL No. 2666 – Deficiencies in Amended Plaintiff Fact Sheet
> *McCray, Abraham v. 3M Company* Case No.: 0:18-cv-01832-JNE-FLN

Dear Counsel:

We are in receipt of the amended Plaintiff Fact Sheet (PFS) for the above-captioned matter. The PFS still has core deficiencies, as set forth in the enclosed report.

Paragraph 4 of Pretrial Order No. 14 defines core deficiencies as "a lack of response to all questions in Section I, Section II, and Section III; Section IV, questions 1, 3, 7, 8, 9, 10; Section V, questions 5, 6, and 7; Section VI, questions 1, 3, 6, 7, 8, and 9; Section VII, questions 1 and 2; Section 8, question 2; Section IX, questions 1, 3, and 4, or lack of signed medical authorizations." Paragraph 3 further requires a signed verification.

In addition, the instructions on the PFS form prohibit leaving spaces blank and provide as follows: "If a question is not applicable to you, please state 'Not Applicable' or 'N/A.'" In our review, many deficiencies resulted from a plaintiff leaving one or more spaces blank.

Pursuant to paragraph 6 of PTO 14, within 3 weeks of the date of this letter, you must respond in writing by either (1) curing the deficiencies (by serving a further revised, verified PFS through Plaintiffs' portal); (2) disputing the deficiencies and setting forth the reasons the PFS is not deficient; or (3) explaining why the deficiencies cannot be timely cured. When serving a revised, verified PFS through Plaintiff's portal, you do not need to resubmit documents that were previously served with the original PFS. This is the final deficiency notice for this matter.

Sincerely,

s/ Benjamin W. Hulse

Benjamin W. Hulse

cc: Plaintiffs' Co-Lead Counsel
Enclosure

---

| | |
|---|---|
| Plaintiffs' Last Name | McCray |
| Plaintiffs' First Name | Abraham |
| Case No. | 0:18-cv-01832 |
| Section I (Case Information) | |
| Section I - Incomplete Questions | |
| Section II (Personal Information) | |
| Section II - Incomplete Questions | |
| Section III (Surgery Information) | Incomplete |
| Section III - Incomplete Questions | 1 |
| Section IV - 1 (Vital Statistics) | |
| Section IV - 3 (Healthcare Providers) | |
| Section IV - 7 (Pharmacies/Drugstores) | |
| Section IV - 8 (Dental Procedures) | |
| Section IV - 9 (Tobacco) | |
| Section IV - 10 (Drug/Alcohol) | |
| Section V - 4 (Disability Claims) | |
| Section V - 5 (Lawsuits) | |
| Section V - 6 (Bankruptcy) | |
| Section VI - 1 (Physical Injury) | |
| Section VI - 3 (Emotional Distress) | |
| Section VI - 6 (Warnings) | |
| Section VI - 7 (3M/Arizant Communications) | |
| Section VI - 8 (3M/Arizant Warranty) | |
| Section VI - 9 (Augustine) | |
| Section VII - 1 (Lost Past Wages) | |
| Section VII - 2 (Lost Future Wages) | |
| Section VIII - 2 (Verbal/Written Statement) | |
| Section IX - 1 (Consortium Name etc.) | |
| Section IX - 3 (Residences) | |
| Section IX - 4 (Married) | |
| X.01 - Signed Authorization | |
| X.02.d - Documents - Signed Verification | Incomplete |
| I.03.b - Plaintiffs' Counsel's Firm | Levin, Papantonio, Thomas, Mitchell, Rafferty, Proctor P.A. |
| I.03.e - Plaintiffs' Counsel's Email | dnigh@levinlaw.com |



Benjamin W. Hulse
Direct Dial: 612-343-3256
E-Mail: bhulse@blackwellburke.com

December 13, 2018

**VIA EMAIL AND U.S. MAIL**
Daniel A. Nigh
Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA
316 S Baylen St - Ste 600
Pensacola, FL 32502
dnigh@levinlaw.com

> Re:   *In re Bair Hugger Forced Air Warming Devices Products Liability Litigation*
>       MDL No. 2666 – Deficiencies in Amended Plaintiff Fact Sheet
>       *Mussachia, Michael v. 3M Company* Case No.: 0:18-cv-01833-JNE-DTS

Dear Counsel:

We are in receipt of the amended Plaintiff Fact Sheet (PFS) for the above-captioned matter. The PFS still has core deficiencies, as set forth in the enclosed report.

Paragraph 4 of Pretrial Order No. 14 defines core deficiencies as "a lack of response to all questions in Section I, Section II, and Section III; Section IV, questions 1, 3, 7, 8, 9, 10; Section V, questions 5, 6, and 7; Section VI, questions 1, 3, 6, 7, 8, and 9; Section VII, questions 1 and 2; Section 8, question 2; Section IX, questions 1, 3, and 4, or lack of signed medical authorizations." Paragraph 3 further requires a signed verification.

In addition, the instructions on the PFS form prohibit leaving spaces blank and provide as follows: "If a question is not applicable to you, please state 'Not Applicable' or 'N/A.'" In our review, many deficiencies resulted from a plaintiff leaving one or more spaces blank.

Pursuant to paragraph 6 of PTO 14, within 3 weeks of the date of this letter, you must respond in writing by either (1) curing the deficiencies (by serving a further revised, verified PFS through Plaintiffs' portal); (2) disputing the deficiencies and setting forth the reasons the PFS is not deficient; or (3) explaining why the deficiencies cannot be timely cured. When serving a revised, verified PFS through Plaintiff's portal, you do not need to resubmit documents that were previously served with the original PFS. This is the final deficiency notice for this matter.

Sincerely,

s/ Benjamin W. Hulse

Benjamin W. Hulse

cc: Plaintiffs' Co-Lead Counsel
Enclosure

| | |
|---|---|
| Plaintiffs' Last Name | Mussachia |
| Plaintiffs' First Name | Michael |
| Case No. | 0:18-cv-01833 |
| Section I (Case Information) | |
| Section I - Incomplete Questions | |
| Section II (Personal Information) | Incomplete |
| Section II - Incomplete Questions | 07 <br> 10 |
| Section III (Surgery Information) | Incomplete |
| Section III - Incomplete Questions | 1 |
| Section IV - 1 (Vital Statistics) | |
| Section IV - 3 (Healthcare Providers) | |
| Section IV - 7 (Pharmacies/Drugstores) | |
| Section IV - 8 (Dental Procedures) | |
| Section IV - 9 (Tobacco) | |
| Section IV - 10 (Drug/Alcohol) | |
| Section V - 4 (Disability Claims) | |
| Section V - 5 (Lawsuits) | |
| Section V - 6 (Bankruptcy) | |
| Section VI - 1 (Physical Injury) | |
| Section VI - 3 (Emotional Distress) | |
| Section VI - 6 (Warnings) | |
| Section VI - 7 (3M/Arizant Communications) | |
| Section VI - 8 (3M/Arizant Warranty) | |
| Section VI - 9 (Augustine) | |
| Section VII - 1 (Lost Past Wages) | |
| Section VII - 2 (Lost Future Wages) | |
| Section VIII - 2 (Verbal/Written Statement) | |
| Section IX - 1 (Consortium Name etc.) | |
| Section IX - 3 (Residences) | |
| Section IX - 4 (Married) | |
| X.01 - Signed Authorization | |
| X.02.d - Documents - Signed Verification | Incomplete |
| I.03.b - Plaintiffs' Counsel's Firm | Levin, Papantonio, Thomas, Mitchell, Rafferty, Proctor P.A. |
| I.03.e - Plaintiffs' Counsel's Email | dnigh@levinlaw.com |



**BLACKWELL BURKE** P.A.

Benjamin W. Hulse
Direct Dial: 612-343-3256
E-Mail: bhulse@blackwellburke.com

December 3, 2018

**VIA EMAIL AND U.S. MAIL**
Daniel Christopher Burke
Bernstein Liebhard LLP
10 East 40th Street
New York, New York 10016
dburke@bernlieb.com

> Re:  *In re Bair Hugger Forced Air Warming Devices Products Liability Litigation*
> MDL No. 2666 – Deficiencies in Plaintiff Fact Sheet for Individual Case
> *Johnson, Sheri  v. 3M Company et al.* Case No.: 0:18-cv-02014-JNE-DTS

Dear Counsel:

We are in receipt of the Plaintiff Fact Sheet (PFS) for the above-captioned matter.  The PFS has core deficiencies, as set forth in the enclosed report.

Paragraph 4 of Pretrial Order No. 14 defines core deficiencies as "a lack of response to all questions in Section I, Section II, and Section III; Section IV, questions 1, 3, 7, 8, 9, 10; Section V, questions 5, 6, and 7; Section VI, questions 1, 3, 6, 7, 8, and 9; Section VII, questions 1 and 2; Section 8, question 2; Section IX, questions 1, 3, and 4, or lack of signed medical authorizations."  Paragraph 3 further requires a signed verification.

In addition, the instructions on the PFS form prohibit leaving spaces blank and provide as follows: "If a question is not applicable to you, please state 'Not Applicable' or 'N/A.'"  In our review, many deficiencies resulted from a plaintiff leaving one or more spaces blank.

Pursuant to paragraph 6 of PTO 14, within 3 weeks of the date of this letter, you must respond in writing by either (1) curing the deficiencies (by serving a revised, verified PFS through Plaintiffs' portal); (2) disputing the deficiencies and setting forth the reasons the PFS is not deficient; or (3) explaining why the deficiencies cannot be timely cured.  When serving a revised, verified PFS through Plaintiff's portal, you do not need to resubmit documents that were previously served with the original PFS. This is a final deficiency notice for this matter.

Sincerely,

s/ Benjamin W. Hulse

Benjamin W. Hulse

cc: Plaintiffs' Co-Lead Counsel
Enclosure

| | |
|---|---|
| Plaintiffs' Last Name | Johnson |
| Plaintiffs' First Name | Sheri |
| Case No. | 18-cv-02014 |
| Section I (Case Information) | Incomplete |
| Section I - Incomplete Questions | 1 |
| Section II (Personal Information) | Incomplete |
| Section II - Incomplete Questions | 1 |
| Section III (Surgery Information) | Incomplete |
| Section III - Incomplete Questions | 1 |
| Section IV - 1 (Vital Statistics) | |
| Section IV - 3 (Healthcare Providers) | |
| Section IV - 7 (Pharmacies/Drugstores) | |
| Section IV - 8 (Dental Procedures) | |
| Section IV - 9 (Tobacco) | |
| Section IV - 10 (Drug/Alcohol) | |
| Section V - 4 (Disability Claims) | |
| Section V - 5 (Lawsuits) | |
| Section V - 6 (Bankruptcy) | |
| Section VI - 1 (Physical Injury) | Incomplete |
| Section VI - 3 (Emotional Distress) | Incomplete |
| Section VI - 6 (Warnings) | |
| Section VI - 7 (3M/Arizant Communications) | |
| Section VI - 8 (3M/Arizant Warranty) | |
| Section VI - 9 (Augustine) | |
| Section VII - 1 (Lost Past Wages) | |
| Section VII - 2 (Lost Future Wages) | |
| Section VIII - 2 (Verbal/Written Statement) | |
| Section IX - 1 (Consortium Name etc.) | |
| Section IX - 3 (Residences) | |
| Section IX - 4 (Married) | |
| X.01 - Signed Authorization | |
| X.02.d - Documents - Signed Verification | |
| I.03.b - Plaintiffs' Counsel's Firm | Bernstein Liebhard |
| I.03.e - Plaintiffs' Counsel's Email | dburke@bernlieb.com dweck@bernlieb.com |



BLACKWELL
BURKE P.A.

Benjamin W. Hulse
Direct Dial: 612-343-3256
E-Mail: bhulse@blackwellburke.com

February 25, 2019

**VIA EMAIL AND U.S. MAIL**
Seth Webb
Brown & Crouppen, PC
211 North Broadway, Suite 1600
St. Louis, MO 63102
sethw@getbc.com

> Re:  *In re Bair Hugger Forced Air Warming Devices Products Liability Litigation*
> MDL No. 2666 – Deficiencies in Amended Plaintiff Fact Sheet
> *Krzeminski, Joseph  v. 3M Company et al* Case No.: 0:18-cv-02168-JNE-DTS

Dear Counsel:

We are in receipt of the amended Plaintiff Fact Sheet (PFS) for the above-captioned matter.  The PFS still has core deficiencies, as set forth in the enclosed report.

Paragraph 4 of Pretrial Order No. 14 defines core deficiencies as "a lack of response to all questions in Section I, Section II, and Section III; Section IV, questions 1, 3, 7, 8, 9, 10; Section V, questions 5, 6, and 7; Section VI, questions 1, 3, 6, 7, 8, and 9; Section VII, questions 1 and 2; Section 8, question 2; Section IX, questions 1, 3, and 4, or lack of signed medical authorizations."  Paragraph 3 further requires a signed verification.

In addition, the instructions on the PFS form prohibit leaving spaces blank and provide as follows: "If a question is not applicable to you, please state 'Not Applicable' or 'N/A.'"  In our review, many deficiencies resulted from a plaintiff leaving one or more spaces blank.

Pursuant to paragraph 6 of PTO 14, within 3 weeks of the date of this letter, you must respond in writing by either (1) curing the deficiencies (by serving a further revised, verified PFS through Plaintiffs' portal); (2) disputing the deficiencies and setting forth the reasons the PFS is not deficient; or (3) explaining why the deficiencies cannot be timely cured.  When serving a revised, verified PFS through Plaintiff's portal, you do not need to resubmit documents that were previously served with the original PFS. This is the final deficiency notice for this matter.

Sincerely,

s/ Benjamin W. Hulse

Benjamin W. Hulse

cc: Plaintiffs' Co-Lead Counsel
Enclosure

| | |
|---|---|
| **Plaintiffs' Last Name** | Krzeminski |
| **Plaintiffs' First Name** | Joseph |
| **Case No.** | 0:18-cv-02168 |
| **Section I (Case Information)** | |
| **Section I -   Incomplete Questions** | |
| **Section II (Personal Information)** | Incomplete |
| **Section II -   Incomplete Questions** | 01, 02, 05, 06, 08, 09<br>10, 11, 12, 13, 14, 15<br>16 |
| **Section III (Surgery Information)** | Incomplete |
| **Section III -   Incomplete Questions** | 01<br>02<br>03<br>04<br>05 |
| **Section IV - 1 (Vital Statistics)** | Incomplete |
| **Section IV - 3 (Healthcare Providers)** | Incomplete |
| **Section IV - 7 (Pharmacies/Drugstores)** | Incomplete |
| **Section IV - 8 (Dental Procedures)** | Incomplete |
| **Section IV - 9 (Tobacco)** | Incomplete |
| **Section IV - 10 (Drug/Alcohol)** | Incomplete |
| **Section V - 4 (Disability Claims)** | Incomplete |
| **Section V - 5 (Lawsuits)** | Incomplete |
| **Section V - 6 (Bankruptcy)** | Incomplete |
| **Section VI - 1 (Physical Injury)** | Incomplete |
| **Section VI - 3 (Emotional Distress)** | Incomplete |
| **Section VI - 6 (Warnings)** | Incomplete |
| **Section VI - 7 (3M/Arizant Communications)** | Incomplete |
| **Section VI - 8 (3M/Arizant Warranty)** | Incomplete |
| **Section VI - 9 (Augustine)** | Incomplete |
| **Section VII - 1 (Lost Past Wages)** | Incomplete |
| **Section VII - 2 (Lost Future Wages)** | Incomplete |
| **Section VIII - 2 (Verbal/Written Statement)** | Incomplete |
| **Section IX - 1 (Consortium Name etc.)** | Incomplete |
| **Section IX - 3 (Residences)** | Incomplete |
| **Section IX - 4 (Married)** | Incomplete |
| **X.01 - Signed Authorization** | Incomplete |
| **X.02.d - Documents - Signed Verification** | Incomplete |
| **I.03.b - Plaintiffs' Counsel's Firm** | Brown Incomplete Crouppen |
| **I.03.e - Plaintiffs' Counsel's Email** | sethw@getbc.com |



# BLACKWELL BURKE P.A.

Benjamin W. Hulse
Direct Dial: 612-343-3256
E-Mail: bhulse@blackwellburke.com

January 31, 2019

**VIA EMAIL AND U.S. MAIL**
Daniel A. Nigh
Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA
316 S Baylen St - Ste 600
Pensacola, FL 32502
dnigh@levinlaw.com

   *Re:*  *In re Bair Hugger Forced Air Warming Devices Products Liability Litigation*
      MDL No. 2666 – Deficiencies in Amended Plaintiff Fact Sheet
      *Monroe, Trena v. 3M Company* Case No.: 0:18-cv-02469-JNE-DTS

Dear Counsel:

We are in receipt of the amended Plaintiff Fact Sheet (PFS) for the above-captioned matter.  The PFS still has core deficiencies, as set forth in the enclosed report.

Paragraph 4 of Pretrial Order No. 14 defines core deficiencies as "a lack of response to all questions in Section I, Section II, and Section III; Section IV, questions 1, 3, 7, 8, 9, 10; Section V, questions 5, 6, and 7; Section VI, questions 1, 3, 6, 7, 8, and 9; Section VII, questions 1 and 2; Section 8, question 2; Section IX, questions 1, 3, and 4, or lack of signed medical authorizations."  Paragraph 3 further requires a signed verification.

In addition, the instructions on the PFS form prohibit leaving spaces blank and provide as follows: "If a question is not applicable to you, please state 'Not Applicable' or 'N/A.'"  In our review, many deficiencies resulted from a plaintiff leaving one or more spaces blank.

Pursuant to paragraph 6 of PTO 14, within 3 weeks of the date of this letter, you must respond in writing by either (1) curing the deficiencies (by serving a further revised, verified PFS through Plaintiffs' portal); (2) disputing the deficiencies and setting forth the reasons the PFS is not deficient; or (3) explaining why the deficiencies cannot be timely cured.  When serving a revised, verified PFS through Plaintiff's portal, you do not need to resubmit documents that were previously served with the original PFS. This is the final deficiency notice for this matter.

Sincerely,

s/ Benjamin W. Hulse

Benjamin W. Hulse

cc: Plaintiffs' Co-Lead Counsel
Enclosure

| | |
|---|---|
| Plaintiffs' Last Name | Monroe |
| Plaintiffs' First Name | Trena |
| Case No. | 0:18-cv-02469 |
| Section I (Case Information) | |
| Section I -  Incomplete Questions | |
| Section II (Personal Information) | |
| Section II -  Incomplete Questions | |
| Section III (Surgery Information) | |
| Section III -  Incomplete Questions | |
| Section IV - 1 (Vital Statistics) | |
| Section IV - 3 (Healthcare Providers) | |
| Section IV - 7 (Pharmacies/Drugstores) | |
| Section IV - 8 (Dental Procedures) | |
| Section IV - 9 (Tobacco) | |
| Section IV - 10 (Drug/Alcohol) | |
| Section V - 4 (Disability Claims) | |
| Section V - 5 (Lawsuits) | |
| Section V - 6 (Bankruptcy) | |
| Section VI - 1 (Physical Injury) | |
| Section VI - 3 (Emotional Distress) | |
| Section VI - 6 (Warnings) | |
| Section VI - 7 (3M/Arizant Communications) | |
| Section VI - 8 (3M/Arizant Warranty) | |
| Section VI - 9 (Augustine) | |
| Section VII - 1 (Lost Past Wages) | |
| Section VII - 2 (Lost Future Wages) | |
| Section VIII - 2 (Verbal/Written Statement) | |
| Section IX - 1 (Consortium Name etc.) | |
| Section IX - 3 (Residences) | |
| Section IX - 4 (Married) | |
| X.01 - Signed Authorization | |
| X.02.d - Documents - Signed Verification | Incomplete |
| I.03.b - Plaintiffs' Counsel's Firm | Levin, Papantonio, Thomas, Mitchell, Rafferty, Proctor P.A. |
| I.03.e - Plaintiffs' Counsel's Email | dnigh@levinlaw.com |



**BLACKWELL BURKE** P.A.

Benjamin W. Hulse
Direct Dial: 612-343-3256
E-Mail: bhulse@blackwellburke.com

March 13, 2019

**VIA EMAIL AND U.S. MAIL**
Daniel A. Nigh
Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA
316 S Baylen St - Ste 600
Pensacola, FL 32502
dnigh@levinlaw.com

> Re:   *In re Bair Hugger Forced Air Warming Devices Products Liability Litigation*
> MDL No. 2666 – Deficiencies in Amended Plaintiff Fact Sheet
> *Ritzler, Pamela v. 3M Company* Case No.: 0:18-cv-02540-JNE-DTS

Dear Counsel:

We are in receipt of the amended Plaintiff Fact Sheet (PFS) for the above-captioned matter. The PFS still has core deficiencies, as set forth in the enclosed report.

Paragraph 4 of Pretrial Order No. 14 defines core deficiencies as "a lack of response to all questions in Section I, Section II, and Section III; Section IV, questions 1, 3, 7, 8, 9, 10; Section V, questions 5, 6, and 7; Section VI, questions 1, 3, 6, 7, 8, and 9; Section VII, questions 1 and 2; Section 8, question 2; Section IX, questions 1, 3, and 4, or lack of signed medical authorizations." Paragraph 3 further requires a signed verification.

In addition, the instructions on the PFS form prohibit leaving spaces blank and provide as follows: "If a question is not applicable to you, please state 'Not Applicable' or 'N/A.'" In our review, many deficiencies resulted from a plaintiff leaving one or more spaces blank.

Pursuant to paragraph 6 of PTO 14, within 3 weeks of the date of this letter, you must respond in writing by either (1) curing the deficiencies (by serving a further revised, verified PFS through Plaintiffs' portal); (2) disputing the deficiencies and setting forth the reasons the PFS is not deficient; or (3) explaining why the deficiencies cannot be timely cured. When serving a revised, verified PFS through Plaintiff's portal, you do not need to resubmit documents that were previously served with the original PFS. This is the final deficiency notice for this matter.

Sincerely,

s/ Benjamin W. Hulse

Benjamin W. Hulse

cc: Plaintiffs' Co-Lead Counsel
Enclosure

| | |
|---|---|
| Plaintiffs' Last Name | Ritzler |
| Plaintiffs' First Name | Pamela |
| Case No. | 0:18-cv-02540 |
| Section I (Case Information) | |
| Section I -  Incomplete  Questions | |
| Section II (Personal Information) | Incomplete |
| Section II -  Incomplete  Questions | 01, 02, 03<br>05, 06, 08<br>09, 10, 11<br>12, 13, 14<br>15, 16 |
| Section III (Surgery Information) | Incomplete |
| Section III -  Incomplete  Questions | 01, 02<br>03, 04<br>05 |
| Section IV - 1 (Vital Statistics) | Incomplete |
| Section IV - 3 (Healthcare Providers) | Incomplete |
| Section IV - 7 (Pharmacies/Drugstores) | Incomplete |
| Section IV - 8 (Dental Procedures) | Incomplete |
| Section IV - 9 (Tobacco) | Incomplete |
| Section IV - 10 (Drug/Alcohol) | Incomplete |
| Section V - 4 (Disability Claims) | Incomplete |
| Section V - 5 (Lawsuits) | Incomplete |
| Section V - 6 (Bankruptcy) | Incomplete |
| Section VI - 1 (Physical Injury) | Incomplete |
| Section VI - 3 (Emotional Distress) | Incomplete |
| Section VI - 6 (Warnings) | Incomplete |
| Section VI - 7 (3M/Arizant Communications) | Incomplete |
| Section VI - 8 (3M/Arizant Warranty) | Incomplete |
| Section VI - 9 (Augustine) | Incomplete |
| Section VII - 1 (Lost Past Wages) | Incomplete |
| Section VII - 2 (Lost Future Wages) | Incomplete |
| Section VIII - 2 (Verbal/Written Statement) | Incomplete |
| Section IX - 1 (Consortium Name etc.) | Incomplete |
| Section IX - 3 (Residences) | Incomplete |
| Section IX - 4 (Married) | Incomplete |
| X.01 - Signed Authorization | Incomplete |
| X.02.d - Documents - Signed Verification | Incomplete |
| I.03.b - Plaintiffs' Counsel's Firm | Levin, Papantonio, Thomas, Mitchell, Rafferty, Proctor P.A. |
| I.03.e - Plaintiffs' Counsel's Email | dnigh@levinlaw.com |



# BLACKWELL BURKE P.A.

Benjamin W. Hulse
Direct Dial: 612-343-3256
E-Mail: bhulse@blackwellburke.com

February 7, 2019

**VIA EMAIL AND U.S. MAIL**
Noah C. Lauricella
GoldenbergLaw, PLLC
800 LaSalle Avenue, Suite 2150
Minneapolis, MN 55402
nlauricella@goldenberglaw.com

> Re:   *In re Bair Hugger Forced Air Warming Devices Products Liability Litigation*
> MDL No. 2666 – Deficiencies in Plaintiff Fact Sheet for Individual Case
> *O'Donnell, Ellen  v. 3M Company et al* Case No.: 0:18-cv-02926-JNE-DTS

Dear Counsel:

We are in receipt of the Plaintiff Fact Sheet (PFS) for the above-captioned matter. The PFS has core deficiencies, as set forth in the enclosed report.

Paragraph 4 of Pretrial Order No. 14 defines core deficiencies as "a lack of response to all questions in Section I, Section II, and Section III; Section IV, questions 1, 3, 7, 8, 9, 10; Section V, questions 5, 6, and 7; Section VI, questions 1, 3, 6, 7, 8, and 9; Section VII, questions 1 and 2; Section 8, question 2; Section IX, questions 1, 3, and 4, or lack of signed medical authorizations." Paragraph 3 further requires a signed verification.

In addition, the instructions on the PFS form prohibit leaving spaces blank and provide as follows: "If a question is not applicable to you, please state 'Not Applicable' or 'N/A.'" In our review, many deficiencies resulted from a plaintiff leaving one or more spaces blank.

Pursuant to paragraph 6 of PTO 14, within 3 weeks of the date of this letter, you must respond in writing by either (1) curing the deficiencies (by serving a revised, verified PFS through Plaintiffs' portal); (2) disputing the deficiencies and setting forth the reasons the PFS is not deficient; or (3) explaining why the deficiencies cannot be timely cured. When serving a revised, verified PFS through Plaintiff's portal, you do not need to resubmit documents that were previously served with the original PFS. This is a final deficiency notice for this matter.

Sincerely,

s/ Benjamin W. Hulse

Benjamin W. Hulse

cc: Plaintiffs' Co-Lead Counsel
Enclosure

| | |
|---|---|
| Plaintiffs' Last Name | O'Donnell |
| Plaintiffs' First Name | Ellen |
| Case No. | 0:18-cv-2926 |
| Section I (Case Information) | |
| Section I -  Incomplete Questions | |
| Section II (Personal Information) | Incomplete |
| Section II -  Incomplete Questions | 01, 02, 05, 06, 07, 08, 09, 11, 12, 13, 14, 15, 16 |
| Section III (Surgery Information) | |
| Section III -  Incomplete Questions | |
| Section IV - 1 (Vital Statistics) | Incomplete |
| Section IV - 3 (Healthcare Providers) | Incomplete |
| Section IV - 7 (Pharmacies/Drugstores) | Incomplete |
| Section IV - 8 (Dental Procedures) | Incomplete |
| Section IV - 9 (Tobacco) | |
| Section IV - 10 (Drug/Alcohol) | Incomplete |
| Section V - 4 (Disability Claims) | Incomplete |
| Section V - 5 (Lawsuits) | Incomplete |
| Section V - 6 (Bankruptcy) | Incomplete |
| Section VI - 1 (Physical Injury) | |
| Section VI - 3 (Emotional Distress) | |
| Section VI - 6 (Warnings) | Incomplete |
| Section VI - 7 (3M/Arizant Communications) | Incomplete |
| Section VI - 8 (3M/Arizant Warranty) | Incomplete |
| Section VI - 9 (Augustine) | Incomplete |
| Section VII - 1 (Lost Past Wages) | |
| Section VII - 2 (Lost Future Wages) | |
| Section VIII - 2 (Verbal/Written Statement) | Incomplete |
| Section IX - 1 (Consortium Name etc.) | |
| Section IX - 3 (Residences) | |
| Section IX - 4 (Married) | |
| X.01 - Signed Authorization | Incomplete |
| X.02.d - Documents - Signed Verification | Incomplete |
| I.03.b - Plaintiffs' Counsel's Firm | GoldenbergLaw, PLLC |
| I.03.e - Plaintiffs' Counsel's Email | nlauricella@goldenberglaw.com |

# EXHIBIT C

**From:** Ben Hulse
**Sent:** Friday, April 12, 2019 1:16 PM
**To:** JoanEricksen_Chambers@mnd.uscourts.gov; schultz_chambers@mnd.uscourts.gov
**Cc:** Jerry Blackwell <blackwell@blackwellburke.com>; Bridget Ahmann
<Bridget.Ahmann@FaegreBD.com>; gzimmerman@meshbesher.com; bgordon@levinlaw.com;
MVC@ciresiconlin.com; JMC@CiresiConlin.com; David J. Szerlag <david@pritzkerlaw.com>; Wendy
Thayer <wendy@pritzkerlaw.com>
**Subject:** Bair Hugger, MDL 2666 -- Defendants' lists of PFS disputes for April 2019

Dear Judge Ericksen,

Although this month's status conference has been cancelled, Defendants would still like to list cases
with Plaintiff Fact Sheet disputes, as provided by PTO 14, paragraph 7, Dkt. No. 117.

The spreadsheets with the lists of disputed cases are attached.

Best regards,
Ben Hulse
Counsel for Defendants

Benjamin W. Hulse
Blackwell Burke P.A.
431 South Seventh Street, Suite 2500
Minneapolis, MN  55415
Direct (612) 343-3256
Fax (612) 343-3205

This message and any attachments may contain information that is privileged, confidential, and exempt from disclosure under applicable law. If you are not the intended recipient or are not authorized to receive for the recipient, you are hereby notified that dissemination, distribution or copying of this message and any attachments is strictly prohibited. If you have received this message in error, please immediately advise the sender by reply e-mail and delete the message and any attachments. Thank you.

Defendants' PFS List 1:  Overdue Plaintiff Fact Sheets
(Updated April 12, 2019)

| Case Number | Title | Date Filed | Due Date | Prior Listing | Firm Name |
|---|---|---|---|---|---|
| 0:18-cv-02067-JNE-DTS | Norton, Lloyd  v. 3M Company et al | 7/20/2018 | 10/18/2018 | 11/9/2018 12/14/2018 1/11/2019 2/15/2019 3/15/2019 | Meshbesher & Spence |
| 0:18-cv-02082-JNE-DTS | English, Alfred  v. 3M Company et al | 7/20/2018 | 10/18/2018 | 11/9/2018 12/14/2018 1/11/2019 2/15/2019 3/15/2019 | Kennedy Hodges, LLP |
| 0:18-cv-02087-JNE-DTS | Bellach, (Dimesa, Maria) v. 3M Company | 7/23/2018 | 10/21/2018 | 11/9/2018 12/14/2018 1/11/2019 2/15/2019 3/15/2019 | Napoli Bern Ripka Shkolnik LLP |
| 0:18-cv-02095-JNE-DTS | Jenkins, Carole  v. 3M Company et al | 7/23/2018 | 10/21/2018 | 1/11/2019 2/15/2019 3/15/2019 | Bachus & Schanker, LLC |
| 0:18-cv-02117-JNE-DTS | Banks, Annina  v. 3M Company et al | 7/24/2018 | 10/22/2018 | 11/9/2018 12/14/2018 1/11/2019 2/15/2019 3/15/2019 | The Miller Firm, LLC |
| 0:18-cv-02394-JNE-DTS | Block, William v. 3M Company et al | 8/15/2018 | 11/13/2018 | 12/14/2018 1/11/2019 2/15/2019 3/15/2019 | Law Offices of Travis Walker, PA |
| 0:17-cv-01195-JNE-DTS | Arthur Jay Edmunds (McArthur) v. 3M Company et al | 4/17/2017 | 12/10/2018 | 2/15/2019 3/15/2019 | The Olinde Firm, LLC |
| 0:18-cv-03011-JNE-DTS | Jones, Tyrone  v. 3M Company et al | 10/25/2018 | 1/23/2019 | 2/15/2019 3/15/2019 | The Miller Firm, LLC |
| 0:18-cv-03014-JNE-DTS | Sosebee, Sylvia et al v. 3M Company et al | 10/26/2018 | 1/24/2019 | 2/15/2019 3/15/2019 | Meshbesher & Spence |
| 0:18-cv-03229-JNE-DTS | Patillo, Wendy v. 3M Company et al | 11/20/2018 | 2/18/2019 | 3/15/2019 | Meshbesher & Spence |
| 0:18-cv-03295-JNE-DTS | Gilmore, Denise v. 3M Company et al | 11/30/2018 | 2/28/2019 | 3/15/2019 | Davis & Crump, P.C. |
| 0:18-cv-03297-JNE-DTS | Cromartie, Beverly v. 3M Company et al | 11/30/2018 | 2/28/2019 | 3/15/2019 | Davis & Crump, P.C. |

Yellow highlighting indicates that the case was previously listed per PTO 14 (Dkt. No. 117).
Pink highlightig Indicates that the case is subject to Defendants' Pending Motion to Dismiss (Dkt. No. 1828).

Defendants' PFS List 1:  Overdue Plaintiff Fact Sheets
(Updated April 12, 2019)

| Case Number | Title | Date Filed | Due Date | Prior Listing | Firm Name |
|---|---|---|---|---|---|
| 0:18-cv-03322-JNE-DTS | Melancon, Nancy et al v. 3M Company et al | 12/4/2018 | 3/4/2019 | 3/15/2019 | Fears Nachawati, PLLC |
| 0:18-cv-03323-JNE-DTS | Thompson, Linda v. 3M Company et al | 12/4/2018 | 3/4/2019 | 3/15/2019 | Fears Nachawati, PLLC |
| 0:18-cv-03328-JNE-DTS | Milioto, Andrea et al v. 3M Company et al | 12/5/2018 | 3/5/2019 | 3/15/2019 | Fears Nachawati, PLLC |
| 0:18-cv-03329-JNE-DTS | McAlister, Max et al v. 3M Company et al | 12/5/2018 | 3/5/2019 | 3/15/2019 | Fears Nachawati, PLLC |
| 0:18-cv-03330-JNE-DTS | Brown, Karmaletha v. 3M Company et al | 12/5/2018 | 3/5/2019 | 3/15/2019 | Fears Nachawati, PLLC |
| 0:18-cv-03332-JNE-DTS | Drake, Charlie et al v. 3M Company et al | 12/5/2018 | 3/5/2019 | 3/15/2019 | Fears Nachawati, PLLC |
| 0:18-cv-02289-JNE-DTS | Leane C. Priest, (Hiser, Harold) v. 3M Company et al | 8/6/2018 | 3/4/2019 | | Kennedy Hodges, LLP |
| 0:18-cv-02914-JNE-DTS | Chiavaroli, Ann v. 3M Company et al | 10/11/2018 | 1/9/2019 | | Fears Nachawati, PLLC |
| 0:18-cv-03368-JNE-DTS | Bowden, Carrol v. 3M Company et al | 12/11/2018 | 3/11/2019 | | Morris Law Firm |
| 0:18-cv-03379-JNE-DTS | Bonn, Carroll v. 3M Company et al | 12/12/2018 | 3/12/2019 | | Brown & Crouppen, PC |
| 0:18-cv-03448-JNE-DTS | Cassell, Robin et al v. 3M Company et al | 12/20/2018 | 3/20/2019 | | Meshbesher & Spence |
| 0:18-cv-03450-JNE-DTS | Alexander, Milton v. 3M Company et al | 12/21/2018 | 3/21/2019 | | Sanders Phillips Grossman |
| 0:18-cv-03464-JNE-DTS | Van Haitsma, Timothy v. 3M Company et al | 12/24/2018 | 3/24/2019 | | Kirtland & Packard LLP |
| 0:19-cv-00011-JNE-DTS | Cruz, Nancy v. 3M Company et al | 1/3/2019 | 4/4/2019 | | The Olinde Firm, LLC |
| 0:19-cv-00020-JNE-DTS | Holmes, Michael  v. 3M Company et al | 1/4/2019 | 4/5/2019 | | Meshbesher & Spence |
| 0:19-cv-00030-JNE-DTS | Jenkins, laVonne  v. 3M Company et al | 1/5/2019 | 4/6/2019 | | Kirtland & Packard LLP |

Yellow highlighting indicates that the case was previously listed per PTO 14 (Dkt. No. 117).
Pink highlightig Indicates that the case is subject to Defendants' Pending Motion to Dismiss (Dkt. No. 1828).

Defendants' PFS List 2:  Plaintiffs Who Have Not Responded to Defendants' Deficiency Notices
(Updated April, 9, 2019)

| Case Number | Title | 1st Deficiency Notice Sent | Response Due Date | Prior Listing | Firm Name |
|---|---|---|---|---|---|
| 0:18-cv-01542-JNE-DTS | Davis, Harry v. 3M Company et al | 12/3/2018 | 12/24/2018 | 1/11/2019 2/15/2019 3/15/2019 | Schlichter Bogard & Denton, LLP |
| 0:18-cv-01722-JNE-DTS | Woodard, George v. 3M Company et al | 10/1/2018 | 10/22/2018 | 11/9/2018 12/14/2018 1/11/2019 2/15/2019 3/15/2019 | Pendley, Baudin & Coffin L.L.P. |
| 0:18-cv-01724-JNE-DTS | Cooper, Roy et al v. 3M Company et al | 10/15/2018 | 11/5/2018 | 11/9/2018 12/14/2018 1/11/2019 2/15/2019 3/15/2019 | Pendley, Baudin & Coffin L.L.P. |
| 0:18-cv-02065-JNE-DTS | Sullivan, Jeffrey  v. 3M Company et al | 11/20/2018 | 12/11/2018 | 1/11/2019 2/15/2019 3/15/2019 | Kennedy Hodges, LLP |
| 0:18-cv-02080-JNE-DTS | McGuire, Maria v. 3M Company et al | 11/15/2018 | 12/6/2018 | 12/14/2018 1/11/2019 2/15/2019 3/15/2019 | Kennedy Hodges, LLP |
| 0:18-cv-00572-JNE-DTS | Gauthier, Kim v. 3M Company et al | 10/15/2018 | 11/15/2018 | 11/9/2018 12/14/2018 1/11/2019 2/15/2019 3/15/2019 | Schlichter, Bogard & Denton, LLP |
| 0:18-cv-02225-JNE-DTS | Harris, Gloria v. 3M Company et al | 11/20/2018 | 12/11/2018 | 1/11/2019 2/15/2019 3/15/2019 | Brown & Crouppen, PC |
| 0:18-cv-02421-JNE-DTS | Miranda, Elsa  v. 3M Company et al | 1/16/2019 | 2/6/2019 | 2/15/2019 3/15/2019 | Bernstein Liebhard LLP |
| 0:18-cv-02437-JNE-DTS | Gentry, Ronald v. 3M Company et al | 2/5/2019 | 2/26/2019 | 3/15/2019 | DeGaris & Rogers, LLC |
| 0:18-cv-02463-JNE-DTS | Baggett, Marcia  et al v. 3M Company et al | 2/5/2019 | 2/26/2019 | 3/15/2019 | DeGaris & Rogers, LLC |
| 0:18-cv-02467-JNE-DTS | McMillon, Anna v. 3M Company et al | 12/19/2018 | 1/9/2019 | 2/15/2019 3/15/2019 | Kennedy Hodges, LLP |
| 0:18-cv-02548-JNE-DTS | Jones, Terry et al v. 3M Company et al | 2/5/2019 | 2/26/2019 | 3/15/2019 | DeGaris & Rogers, LLC |
| 0:18-cv-02718-JNE-DTS | Skaggs, Larry v. 3M Company et al | 2/5/2019 | 2/26/2019 | 3/15/2019 | Johnston Law Group |

Yellow highlighting indicates that the case was previously listed per PTO 14 (Dkt. No. 117).
Pink highlightig Indicates that the case is subject to Defendants' Pending Motion to Dismiss (Dkt. No. 1828).

Defendants' PFS List 2:  Plaintiffs Who Have Not Responded to Defendants' Deficiency Notices
(Updated April, 9, 2019)

| Case Number | Title | 2nd Deficiency Notice Sent | Response Due Date | Prior Listing | Firm Name |
|---|---|---|---|---|---|
| 0:18-cv-02719-JNE-DTS | Leos, Julian v. 3M Company et al | 2/5/2019 | 2/26/2019 | 3/15/2019 | Johnston Law Group |
| 0:18-cv-02740-JNE-DTS | Morgan, Daniel v. 3M Company et al | 1/16/2019 | 2/6/2019 | 2/15/2019 3/15/2019 | Kennedy Hodges, LLP |
| 0:18-cv-02861-JNE-DTS | Marshall, Jeffrey  v. 3M Company et al | 1/31/2019 | 2/21/2019 | 3/15/2019 | Kennedy Hodges, LLP |
| 0:18-cv-03384-JNE-DTS | Hawkins, Deana v. 3M Company et al | 2/8/2019 | 3/1/2019 | 3/15/2019 | Justinian & Associates PLLC |
| 0:16-cv-00521-JNE-DTS | Mary Ruth Eva Turner (Doyal Turner) v. 3M Company | 3/15/2019 | 4/5/2019 | | The Olinde Firm, LLC |
| 0:18-cv-02439-JNE-DTS | Peck, Suzanne  v. 3M Company et al | 2/26/2019 | 3/19/2019 | | DeGaris & Rogers, LLC |
| 0:18-cv-02461-JNE-DTS | Galland-Corley, Rita v. 3M Company et al | 2/20/2019 | 3/13/2019 | | Bernstein Liebhard LLP |
| 0:18-cv-02934-JNE-DTS | Fairfax, Kimberly v. 3M Company et. al. | 3/5/2019 | 3/26/2019 | | Bernstein Liebhard LLP |
| 0:18-cv-02938-JNE-DTS | Albert, Jr., Philip  v. 3M Company et al | 3/8/2019 | 3/29/2019 | | Kennedy Hodges, LLP |
| 0:18-cv-03045-JNE-DTS | Woods, Parker  v. 3M Company et al | 2/26/2019 | 3/19/2019 | | Gustafson Gluek PLLC |
| **Case Number** | **Title** | **2nd Deficiency Notice Sent** | **Response Due Date** | **Prior Listing** | **Firm Name** |
| 0:17-cv-00088-JNE-DTS | Malinski, Michael v. 3M Company et al | 11/7/2018 | 11/28/2018 | 12/14/2018 1/11/2019 2/15/2019 3/15/2019 | Gustafson Gluek PLLC |
| 0:17-cv-03899-JNE-DTS | Pimentel, Carlos v. 3M Company et al | 2/28/2017 | 3/20/2019 | 5/12/2018 6/15/2018 11/9/2018 | The Olinde Firm, LLC |
| 0:18-cv-00758-JNE-DTS | Butler, Frances Eloise v. 3M Company et al | 12/21/2018 | 1/11/2019 | 2/15/2019 3/15/2019 | Fears Nachawati, PLLC |
| 0:18-cv-01634-JNE-DTS | Otero, Brenda v. 3M Company et al | 12/4/2018 | 12/25/2018 | 1/11/2019 2/15/2019 3/15/2019 | Kennedy Hodges, LLP |
| 0:18-cv-01753-JNE-DTS | McCloat, Kenneth v. 3M Company et al | 1/2/2019 | 1/23/2018 | 2/15/2019 3/15/2019 | Kennedy Hodges, LLP |

Yellow highlighting indicates that the case was previously listed per PTO 14 (Dkt. No. 117).
Pink highlightig Indicates that the case is subject to Defendants' Pending Motion to Dismiss (Dkt. No. 1828).

Defendants' PFS List 2:  Plaintiffs Who Have Not Responded to Defendants' Deficiency Notices
(Updated April, 9, 2019)

| Case Number | Title | 3rd Deficiency Notice Sent | Response Due Date | Prior Listing | Firm Name |
|---|---|---|---|---|---|
| 0:18-cv-02063-JNE-DTS | Hogue, Anthony  v. 3M Company et al | 1/14/2019 | 2/4/2019 | 2/15/2019 3/15/2019 | Kennedy Hodges, LLP |
| 0:18-cv-02096-JNE-DTS | Alexander, Charles et al v. 3M Company et al | 1/29/2019 | 2/19/2019 | 3/15/2019 | Bachus & Schanker, LLC |
| 0:18-cv-02380-JNE-DTS | Foudray, Robert  v. 3M Company et al | 1/29/2019 | 2/19/2019 | 3/15/2019 | Kennedy Hodges, LLP |
| 0:18-cv-02042-JNE-DTS | Buddin, Glen et al v. 3M Company et al | 2/27/2019 | 3/20/2019 | | DeGaris & Rogers, LLC |
| 0:18-cv-02061-JNE-DTS | Oedekoven, Cindy v. 3M Company et al | 3/6/2019 | 3/27/2019 | | Kennedy Hodges, LLP |
| 0:18-cv-02626-JNE-DTS | Pilcher, Sonja  v. 3M Company et al | 2/21/2019 | 3/14/20109 | | Langdon and Emison |
| 0:18-cv-02665-JNE-DTS | Romero, Tammy  v. 3M Company et al | 3/12/2019 | 4/2/2019 | | Kennedy Hodges, LLP |
| Case Number | Title | 3rd Deficiency Notice Sent | Response Due Date | Prior Listing | Firm Name |
| 0:18-cv-01456-JNE-DTS | Manheim, Kathleen v. 3M Company et al | 1/11/2019 | 2/1/2019 | 3/15/2019 | Morris Law Firm |

Yellow highlighting indicates that the case was previously listed per PTO 14 (Dkt. No. 117).
Pink highlightig Indicates that the case is subject to Defendants' Pending Motion to Dismiss (Dkt. No. 1828).

Defendants' PFS List 3:  Core Deficiencies Remained Following Notice and Response
(Updated April 9, 2019)

| Case Number | Title | Final Deficiency Sent | Prior Listing | Firm Name |
|---|---|---|---|---|
| 0:18-cv-00852-JNE-DTS | Villafranco, Leonard v. 3M Company et al | 8/7/2018 | 11/9/2018 12/14/2018 1/11/2019 2/15/2019 3/15/2019 | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, P.A |
| 0:18-cv-01051-JNE-DTS | Johnson, Alvin v. 3M Company | 11/15/2018 | 12/14/2018 1/11/2019 2/15/2019 3/15/2019 | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, P.A |
| 0:18-cv-01103-JNE-DTS | Tedford, Louise v. 3M Company | 8/17/2018 | 11/9/2018 12/14/2018 1/11/2019 2/15/2019 3/15/2019 | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA |
| 0:18-cv-01167-JNE-DTS | Eans, James v. 3M Company | 8/24/2018 | 11/9/2018 12/14/2018 1/11/2019 2/15/2019 3/15/2019 | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA |
| 0:18-cv-01169-JNE-DTS | Gregory, Janice v. 3M Company | 12/3/2018 | 2/15/2019 3/15/2019 | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA |
| 18-cv-01654-JNE-DTS | Terrell, Elizabeth v. 3M Company et al | 10/11/2018 | 12/14/2018 1/11/2019 2/15/2019 3/15/2019 | Morris Law Firm |
| 0:15-cv-03950-JNE-DTS | LeBlanc, John (Shirley Thibodeaux) v. 3M Company et al | 10/8/2018 | 12/14/2018 1/11/2019 2/15/2019 3/15/2019 | Law Offices of Travis Walker, PA |
| 0:17-cv-00712-JNE-DTS | Haladay, Jeffrey (OBO Harold Owens) v. 3M Company | 8/3/2018 | 11/9/2018 12/14/2018 1/11/2019 2/15/2019 | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA |
| 0:17-cv-03573-JNE-DTS | Parker, Lloyd v. 3M Company et al | 10/11/2018 | 1/11/2019 2/15/2019 3/15/2019 | Bernstein Liebhard LLP |
| 0:17-cv-04476-JNE-DTS | Holstine, Rachel v. 3M Company et al | 9/12/2018 | 12/14/2018 1/11/2019 2/15/2019 3/15/2019 | Bernstein Liebhard LLP |

Yellow highlighting indicates that the case was previously listed per PTO 14 (Dkt. No. 117).
Pink highlightig Indicates that the case is subject to Defendants' Pending Motion to Dismiss (Dkt. No. 1828).

Defendants' PFS List 3:  Core Deficiencies Remained Following Notice and Response
(Updated April 9, 2019)

| Case Number | Title | Final Deficiency Sent | Prior Listing | Firm Name |
|---|---|---|---|---|
| 0:17-cv-04889-JNE-DTS | Thornton, Mildred  v. 3M Company et al | 12/4/2018 | 3/15/2019 | Bernstein Liebhard LLP |
| 0:17-cv-05261-JNE-DTS | Hardy, Alan  v. 3M Company et al | 12/4/2018 | 3/15/2019 | Bernstein Liebhard LLP |
| 0:18-cv-00205-JNE-DTS | Shulz, Shelley v. 3M Company et al | 10/16/2018 | 2/15/2019 3/15/2019 | Bernstein Liebhard LLP |
| 0:18-cv-00354-JNE-DTS | McDermott, Kevin  et al v. 3M Company et al | 8/31/2018 | 11/9/2018 12/14/2018 | Parker Waichman |
| 0:18-cv-00670-JNE-DTS | Darwick, Robert v. 3M Company | 7/18/2018 | 8/10/2018 9/17/2018 10/12/2018 11/9/2018 12/14/2018 1/11/2019 2/15/2019 3/15/2019 | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, P.A |
| 0:18-cv-00691-JNE-DTS | Hauser, Michael v. 3M Company | 6/29/2018 | 8/10/2018 9/17/2018 10/12/2018 11/9/2018 12/14/2018 1/11/2019 2/15/2019 3/15/2019 | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, P.A |
| 0:18-cv-00724-JNE-DTS | Burr, Cody v. 3M Company et al | 12/21/2018 | 2/15/2019 3/15/2019 | Morris Law Firm |
| 0:18-cv-00856-JNE-DTS | Negron, Angel v. 3M Company et al | 2/6/2019 | 3/15/2019 | The Law offices of Travis R. Walker, P.A. |
| 0:18-cv-00998-JNE-DTS | Caison, John et al v. 3M Company et al | 8/22/2018 | 12/14/2018 1/11/2019 2/15/2019 | Gustafson Gluek PLLC |
| 0:18-cv-01007-JNE-DTS | Sweezy, Richard v. 3M Company et al | 7/24/2018 | 10/12/2018 11/9/2018 12/14/2018 1/11/2019 2/15/2019 | Kennedy Hodges |

Yellow highlighting indicates that the case was previously listed per PTO 14 (Dkt. No. 117).
Pink highlightig Indicates that the case is subject to Defendants' Pending Motion to Dismiss (Dkt. No. 1828).

Defendants' PFS List 3:  Core Deficiencies Remained Following Notice and Response
(Updated April 9, 2019)

| Case Number | Title | Final Deficiency Sent | Prior Listing | Firm Name |
|---|---|---|---|---|
| 0:18-cv-01098-JNE-DTS | Rodliff, Peter v. 3M Company | 8/15/2018 | 10/12/2018 11/9/2018 12/14/2018 1/11/2019 2/15/2019 3/15/2019 | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA |
| 0:18-cv-01121-JNE-DTS | Stapley, William v. 3M Company | 8/16/2018 | 11/9/2018 12/14/2018 1/11/2019 2/15/2019 3/15/2019 | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA |
| 0:18-cv-01130-JNE-DTS | Deloach, Marsha v. 3M Company et al | 8/30/2018 | 11/9/2018 12/14/2018 1/11/2019 2/15/2019 3/15/2019 | The Miller Firm, LLC |
| 0:18-cv-01505-JNE-DTS | Cerbins, Rosemary v. 3M Company | 7/24/2018 | 10/12/2018 11/9/2018 12/14/2018 1/11/2019 2/15/2019 | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA |
| 0:18-cv-01567-JNE-DTS | Gillis, Stanley  v. 3M Company et al | 11/1/2018 | 2/15/2019 3/15/2019 | Kennedy Hodges, LLP |
| 0:18-cv-01725-JNE-DTS | Heyward, Jacqueline v. 3M Company et al | 10/15/2018 | 1/11/2019 2/15/2019 3/15/2019 | Kennedy Hodges, LLP |
| 0:18-cv-01766-JNE-DTS | Schoolman, Dale v. 3M Company et al | 12/11/2018 | 2/15/2019 3/15/2019 | GoldenbergLaw, PLLC |
| 0:18-cv-01768-JNE-DTS | Lamb, David v. 3M Company 3M Company et al | 12/12/2018 | 2/15/2019 3/15/219 | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA |
| 0:18-cv-01769-JNE-DTS | McCoy, Ethel  v. 3M Company | 8/14/2018 | 12/14/2018 1/11/2019 2/15/2019 3/15/2019 | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA |
| 0:18-cv-01771-JNE-DTS | Royal, Deborah v. 3M Company 3M Company et al | 10/8/2018 | 12/14/2018 1/11/2019 2/15/2019 3/15/2019 | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA |

Yellow highlighting indicates that the case was previously listed per PTO 14 (Dkt. No. 117).
Pink highlightig Indicates that the case is subject to Defendants' Pending Motion to Dismiss (Dkt. No. 1828).

Defendants' PFS List 3:  Core Deficiencies Remained Following Notice and Response
(Updated April 9, 2019)

| Case Number | Title | Final Deficiency Sent | Prior Listing | Firm Name |
|---|---|---|---|---|
| 0:18-cv-01832-JNE-DTS | McCray, Abraham v. 3M Company | 12/13/2018 | 2/15/2019 3/15/2019 | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA |
| 0:18-cv-01833-JNE-DTS | Mussachia, Michael v. 3M Company | 12/13/2018 | 2/15/2019 3/15/2019 | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA |
| 0:18-cv-01875-JNE-DTS | Byrge, Gary v. 3M Company et al | 12/12/2018 | 2/15/2019 3/15/2019 | Morris Law Firm |
| 0:18-cv-02062-JNE-DTS | Pascucci, Michael v. 3M Company et al | 11/15/2018 | 1/11/2019 2/15/2019 3/15/2019 | Kennedy Hodges, LLP |
| 0:18-cv-02099-JNE-DTS | O'Neal, John v. 3M Company et al | 11/15/2018 | 1/11/2019 2/15/2019 3/15/2019 | Kennedy Hodges, LLP |
| 0:18-cv-02102-JNE-DTS | Porter, Kathleen v. 3M Company et al | 11/15/2018 | 1/11/2019 2/15/2019 3/15/2019 | Kennedy Hodges, LLP |
| 0:18-cv-02223-JNE-DTS | Tucker, Frank v. 3M Company et al | 11/20/2018 | 2/15/2019 3/15/2019 | Kennedy Hodges, LLP |
| 0:18-cv-02236-JNE-DTS | Popielarz,Troy v. 3M Company et al | 11/20/2018 | 2/15/2019 3/15/2019 | Kennedy Hodges, LLP |
| 0:18-cv-02263-JNE-DTS | Wenzel, David v. 3M Company et al | 11/20/2018 | 2/15/2019 3/15/2019 | Kennedy Hodges, LLP |
| 0:18-cv-02367-JNE-DTS | Bailey, Peter v. 3M Company et al | 12/17/2018 | 2/15/2019 3/15/2019 | Kennedy Hodges, LLP |
| 0:18-cv-02469-JNE-DTS | Monroe, Trena  v. 3M Company | 12/4/2018 | 3/15/2019 | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, |
| Case Number | Title | Final Deficiency Sent | Prior Listing | Firm Name |
| 0:18-cv-00141-JNE-DTS | Jacob Fox (Fox, Dean) v. 3M Company et al | 2/27/2019 | . | Langdon and Emison |

Yellow highlighting indicates that the case was previously listed per PTO 14 (Dkt. No. 117).
Pink highlightig Indicates that the case is subject to Defendants' Pending Motion to Dismiss (Dkt. No. 1828).

Defendants' PFS List 3:  Core Deficiencies Remained Following Notice and Response
(Updated April 9, 2019)

| | | | | |
|---|---|---|---|---|
| 0:18-cv-00628-JNE-DTS | Boyle, Richard (Maureen)  v. 3M Company et al | 2/4/2019 | | Langdon and Emison |
| 0:18-cv-01708-JNE-DTS | Keller, Kenneth v. 3M Company et al | 2/13/2019 | | The Miller Firm, LLC |
| 0:18-cv-02014-JNE-DTS | Johnson, Sheri  v. 3M Company et al. | 12/3/2018 | | Bernstein Liebhard LLP |
| 0:18-cv-02168-JNE-DTS | Krzeminski, Joseph  v. 3M Company et al | 2/25/2019 | | Brown & Crouppen, PC |
| 0:18-cv-02535-JNE-DTS | Guest,Gregory v. 3M Company | 1/31/2019 | | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA |
| 0:18-cv-02540-JNE-DTS | Ritzler, Pamela  v. 3M Company | 3/13/2019 | | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA |
| 0:18-cv-02776-JNE-DTS | Brown, Hubert v. 3M Company | 2/13/2019 | | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA |
| 0:18-cv-02787-JNE-DTS | Willis, Walter v. 3M Company | 2/20/2019 | | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA |
| 0:18-cv-02926-JNE-DTS | O'Donnell, Ellen v. 3M Company et al | 2/7/2019 | | GoldenbergLaw, PLLC |
| 0:18-cv-02947-JNE-DTS | Flenoy, Debra v. 3M Company et al | 2/12/2019 | | GoldenbergLaw, PLLC |
| 0:18-cv-03042-JNE-DTS | Johnson, Albert Charles v. 3M Company et al | 2/14/2019 | | Showard Law Firm, P.C. |

.

Yellow highlighting indicates that the case was previously listed per PTO 14 (Dkt. No. 117).
Pink highlightig Indicates that the case is subject to Defendants' Pending Motion to Dismiss (Dkt. No. 1828).

# EXHIBIT D

**From:** Ben Hulse
**Sent:** Friday, May 10, 2019 1:49 PM
**To:** JoanEricksen_Chambers@mnd.uscourts.gov; schultz_chambers@mnd.uscourts.gov
**Cc:** Jerry Blackwell <blackwell@blackwellburke.com>; Bridget Ahmann
<Bridget.Ahmann@FaegreBD.com>; gzimmerman@meshbesher.com; bgordon@levinlaw.com;
MVC@ciresiconlin.com; JMC@CiresiConlin.com; David J. Szerlag <david@pritzkerlaw.com>; Wendy
Thayer <wendy@pritzkerlaw.com>
**Subject:** Bair Hugger, MDL 2666 -- Defendants' lists of PFS disputes for May 2019

Dear Judge Ericksen,

Although this month's status conference has been cancelled, Defendants would still like to list cases
with Plaintiff Fact Sheet disputes, as provided by PTO 14, paragraph 7, Dkt. No. 117.

The spreadsheets with the lists of disputed cases are attached.

Best regards,
Ben Hulse
Counsel for Defendants

Benjamin W. Hulse
Blackwell Burke P.A.
431 South Seventh Street, Suite 2500
Minneapolis, MN  55415
Direct (612) 343-3256
Fax (612) 343-3205

This message and any attachments may contain information that is privileged, confidential, and exempt from disclosure under applicable law. If you are not the intended recipient or are not authorized to receive for the recipient, you are hereby notified that dissemination, distribution or copying of this message and any attachments is strictly prohibited. If you have received this message in error, please immediately advise the sender by reply e-mail and delete the message and any attachments. Thank you.

Defendants' PFS List 1:  Overdue Plaintiff Fact Sheets
(Updated May 10, 2019)

| Case Number | Title | Date Filed | Due Date | Prior Listing | Firm Name |
|---|---|---|---|---|---|
| 0:18-cv-02082-JNE-DTS | English, Alfred  v. 3M Company et al | 7/20/2018 | 10/18/2018 | 12/14/2018 1/11/2019 2/15/2019 3/15/2019 4/12/2019 | Kennedy Hodges, LLP |
| 0:17-cv-01195-JNE-DTS | Arthur Jay Edmunds (McArthur) v. 3M Company et al | 4/17/2017 | 12/10/2018 | 2/15/2019 3/15/2019 4/12/2019 | The Olinde Firm, LLC |
| 0:18-cv-02289-JNE-DTS | Leane C. Priest, (Hiser, Harold) v. 3M Company et al | 8/6/2018 | 3/4/2019 | 4/12/2019 | Kennedy Hodges, LLP |
| 0:18-cv-02914-JNE-DTS | Chiavaroli, Ann v. 3M Company et al | 10/11/2018 | 1/9/2019 | 4/12/2019 | Fears Nachawati, PLLC |
| 0:18-cv-03011-JNE-DTS | Jones, Tyrone  v. 3M Company et al | 10/25/2018 | 1/23/2019 | 2/15/2019 3/15/2019 4/12/2019 | The Miller Firm, LLC |
| 0:18-cv-03229-JNE-DTS | Patillo, Wendy v. 3M Company et al | 11/20/2018 | 2/18/2019 | 3/15/2019 4/12/2019 | Meshbesher & Spence |
| 0:18-cv-03322-JNE-DTS | Melancon, Nancy et al v. 3M Company et al | 12/4/2018 | 3/4/2019 | 3/15/2019 4/12/2019 | Fears Nachawati, PLLC |
| 0:18-cv-03323-JNE-DTS | Thompson, Linda v. 3M Company et al | 12/4/2018 | 3/4/2019 | 3/15/2019 4/12/2019 | Fears Nachawati, PLLC |
| 0:18-cv-03328-JNE-DTS | Milioto, Andrea et al v. 3M Company et al | 12/5/2018 | 3/5/2019 | 3/15/2019 4/12/2019 | Fears Nachawati, PLLC |
| 0:18-cv-03329-JNE-DTS | Mcalister, Max et al v. 3M Company et al | 12/5/2018 | 3/5/2019 | 3/15/2019 4/12/2019 | Fears Nachawati, PLLC |
| 0:18-cv-03330-JNE-DTS | Brown, Karmaletha v. 3M Company et al | 12/5/2018 | 3/5/2019 | 3/15/2019 4/12/2019 | Fears Nachawati, PLLC |
| 0:18-cv-03332-JNE-DTS | Drake, Charlie et al v. 3M Company et al | 12/5/2018 | 3/5/2019 | 3/15/2019 4/12/2019 | Fears Nachawati, PLLC |
| 0:18-cv-03368-JNE-DTS | Bowden, Carrol v. 3M Company et al | 12/11/2018 | 3/11/2019 | 4/12/2019 | Morris Law Firm |
| 0:18-cv-03448-JNE-DTS | Cassell, Robin et al v. 3M Company et al | 12/20/2018 | 3/20/2019 | 4/12/2019 | Meshbesher & Spence |
| 0:19-cv-00011-JNE-DTS | Cruz, Nancy v. 3M Company et al | 1/3/2019 | 4/4/2019 | 4/12/2019 | The Olinde Firm, LLC |

Yellow highlighting indicates that the case was previously listed per PTO 14 (Dkt. No. 117).
Pink highlightig Indicates that the case is subject to Defendants' Pending Motion to Dismiss (Dkt. No. 1828).

Defendants' PFS List 1:  Overdue Plaintiff Fact Sheets
(Updated May 10, 2019)

| Case Number | Title | Date Filed | Due Date | Prior Listing | Firm Name |
|---|---|---|---|---|---|
| 0:19-cv-00020-JNE-DTS | Holmes, Michael  v. 3M Company et al | 1/4/2019 | 4/5/2019 | 4/12/2019 | Meshbesher & Spence |
| 0:17-cv-03335-JNE-DTS | Thomas L. Marsh, (Marsh, Judy) v. 3M Company et al | 7/26/2017 | 4/30/2019 | | Kennedy Hodges, LLP |
| 0:19-cv-00050-JNE-DTS | New, Louis Jr. v. 3M Company et al | 1/9/2019 | 4/9/2019 | | Fears Nachawati, PLLC |
| 0:19-cv-00052-JNE-DTS | Shookhoff, Mary et al v. 3M Company et al | 1/9/2019 | 4/9/2019 | | Fears Nachawati, PLLC |
| 0:19-cv-00093-JNE-DTS | Rossetti, Kim et al v. 3M Company et al | 1/14/2019 | 4/14/2019 | | Meshbesher & Spence |
| 0:19-cv-00108-JNE-DTS | Douglas, Johnny v. 3M Company et al | 1/15/2019 | 4/15/2019 | | Meshbesher & Spence |
| 0:19-cv-00123-JNE-DTS | Smith, Samuel  v. 3M Company et al | 1/16/2019 | 4/16/2019 | | Kennedy Hodges, LLP |
| 0:19-cv-00239-JNE-DTS | Powell,Tonya v 3M Company et al | 2/1/2019 | 5/2/2019 | | Bernstein Liebhard LLP |

Yellow highlighting indicates that the case was previously listed per PTO 14 (Dkt. No. 117).
Pink highlightig Indicates that the case is subject to Defendants' Pending Motion to Dismiss (Dkt. No. 1828).

Defendants' PFS List 2:  Plaintiffs Who Have Not Responded to Defendants' Deficiency Notices
(Updated May 10, 2019)

| Case Number | Title | 1st Deficiency Notice Sent | Response Due Date | Prior Listing | Firm Name |
|---|---|---|---|---|---|
| 0:18-cv-02065-JNE-DTS | Sullivan, Jeffrey  v. 3M Company et al | 11/20/2018 | 12/11/2018 | 1/11/2019 2/15/2019 3/15/2019 4/12/2019 | Kennedy Hodges, LLP |
| 0:16-cv-00521-JNE-DTS | Mary Ruth Eva Turner (Doyal Turner) v. 3M Company | 3/15/2019 | 4/5/2019 | 4/12/2019 | The Olinde Firm, LLC |
| 0:18-cv-00572-JNE-DTS | Gauthier, Kim v. 3M Company et al | 10/15/2018 | 11/15/2018 | 12/14/2018 1/11/2019 2/15/2019 3/15/2019 4/12/2019 | Schlichter, Bogard & Denton, LLP |
| 0:18-cv-02439-JNE-DTS | Peck, Suzanne  v. 3M Company et al | 2/26/2019 | 3/19/2019 | 4/12/2019 | DeGaris & Rogers, LLC |
| 0:18-cv-02467-JNE-DTS | McMillon, Anna v. 3M Company et al | 12/19/2018 | 1/9/2019 | 2/15/2019 3/15/2019 4/12/2019 | Kennedy Hodges, LLP |
| 0:18-cv-02548-JNE-DTS | Jones, Terry et al v. 3M Company et al | 2/5/2019 | 2/26/2019 | 3/15/2019 4/12/2019 | DeGaris & Rogers, LLC |
| 0:18-cv-02740-JNE-DTS | Morgan, Daniel v. 3M Company et al | 1/16/2019 | 2/6/2019 | 2/15/2019 3/15/2019 4/12/2019 | Kennedy Hodges, LLP |
| 0:18-cv-02861-JNE-DTS | Marshall, Jeffrey  v. 3M Company et al | 1/31/2019 | 2/21/2019 | 3/15/2019 4/12/2019 | Kennedy Hodges, LLP |
| 0:18-cv-02938-JNE-DTS | Albert, Jr., Philip  v. 3M Company et al | 3/8/2019 | 3/29/2019 | 4/12/2019 | Kennedy Hodges, LLP |
| 0:18-cv-03045-JNE-DTS | Woods, Parker  v. 3M Company et al | 2/26/2019 | 3/19/2019 | 4/12/2019 | Gustafson Gluek PLLC |
| 0:18-cv-02087-JNE-DTS | Bellach, (Dimesa, Maria) v. 3M Company | 4/16/2019 | 5/7/2019 | | Napoli Bern Ripka Shkolnik LLP |
| 0:18-cv-02509-JNE-DTS | Guillory, Yvonne v. 3M Company et al | 4/4/2019 | 4/25/2019 | | The Olinde Firm, LLC |
| 0:18-cv-02717-JNE-DTS | Newcomb, Renee v. 3M Company et al | 2/5/2019 | 2/26/2019 | | Johnston Law Group |
| 0:18-cv-02939-JNE-DTS | Bennie, Salvatore et al v. 3M Company et al | 3/26/2019 | 4/16/2019 | | Meshbesher & Spence |
| 0:18-cv-02978-JNE-DTS | Forker, Christine v. 3M Company et al | 3/29/2019 | 4/19/2019 | | Morris Law Firm |

Yellow highlighting indicates that the case was previously listed per PTO 14 (Dkt. No. 117).
Pink highlightig Indicates that the case is subject to Defendants' Pending Motion to Dismiss (Dkt. No. 1828).

Defendants' PFS List 2:  Plaintiffs Who Have Not Responded to Defendants' Deficiency Notices
(Updated May 10, 2019)

| Case Number | Title | 2nd Deficiency Notice Sent | Response Due Date | Prior Listing | Firm Name |
|---|---|---|---|---|---|
| 0:18-cv-03082-JNE-DTS | Weatherford, Thomas  v. 3M Company et al | 3/25/2019 | 4/15/2019 | | Kennedy Hodges, LLP |
| 0:18-cv-03101-JNE-DTS | Blades, Leanne v. 3M Company et al | 4/10/2019 | 5/1/2019 | | Davis & Crump, P.C. |
| 0:18-cv-03289-JNE-DTS | Clarkson, Wesley Paul v. 3M | 4/5/2019 | 4/26/2019 | | Pendley, Baudin & Coffin L.L.P. |
| 0:18-cv-03293-JNE-DTS | Harrison, Marman et al v. 3M Company et al | 4/16/2019 | 5/7/2019 | | The Miller Firm, LLC |
| 0:18-cv-03370-JNE-DTS | Ruby, Steven et al v. 3M Company et al | 3/28/2019 | 4/18/2019 | | Kirtland & Packard LLP |
| 0:18-cv-00758-JNE-DTS | Butler, Frances Eloise v. 3M Company et al | 12/21/2018 | 1/11/2019 | 2/15/2019 3/15/2019 4/12/2019 | Fears Nachawati, PLLC |
| 0:18-cv-01634-JNE-DTS | Otero, Brenda v. 3M Company et al | 12/4/2018 | 12/25/2018 | 1/11/2019 2/15/2019 3/15/2019 4/12/2019 | Kennedy Hodges, LLP |
| 0:18-cv-01753-JNE-DTS | McCloat, Kenneth v. 3M Company et al | 1/2/2019 | 1/23/2019 | 2/15/2019 3/15/2019 4/12/2019 | Kennedy Hodges, LLP |
| 0:18-cv-02042-JNE-DTS | Buddin, Glen et al v. 3M Company et al | 2/27/2019 | 3/20/2019 | 4/12/2019 | DeGaris & Rogers, LLC |
| 0:18-cv-02061-JNE-DTS | Oedekoven, Cindy v. 3M Company et al | 3/6/2019 | 3/27/2019 | 4/12/2019 | Kennedy Hodges, LLP |
| 0:18-cv-02063-JNE-DTS | Hogue, Anthony  v. 3M Company et al | 1/14/2019 | 2/4/2019 | 2/15/2019 3/15/2019 4/12/2019 | Kennedy Hodges, LLP |
| 0:18-cv-02380-JNE-DTS | Foudray, Robert  v. 3M Company et al | 1/29/2019 | 2/19/2019 | 3/15/2019 4/12/2019 | Kennedy Hodges, LLP |
| 0:18-cv-02665-JNE-DTS | Romero, Tammy  v. 3M Company et al | 3/12/2019 | 3/12/2019 | 4/2/2019 | Kennedy Hodges, LLP |
| 0:18-cv-00093-JNE-DTS | Ashley, Ruth  v. 3M Company et al | 2/13/2019 | 3/6/2019 | | Bernstein Liebhard LLP |
| 0:18-cv-02210-JNE-DTS | Price, Steven  v. 3M Company et al | 4/12/2019 | 5/3/2019 | | Kennedy Hodges, LLP |
| 0:18-cv-02211-JNE-DTS | Rhodes, Sarah v. 3M Company et al | 4/3/2019 | 4/24/2019 | | Kennedy Hodges, LLP |

Yellow highlighting indicates that the case was previously listed per PTO 14 (Dkt. No. 117).
Pink highlightig Indicates that the case is subject to Defendants' Pending Motion to Dismiss (Dkt. No. 1828).

Defendants' PFS List 2:  Plaintiffs Who Have Not Responded to Defendants' Deficiency Notices
(Updated May 10, 2019)

| Case Number | Title | 3rd Deficiency Notice Sent | Response Due Date | Prior Listing | Firm Name |
|---|---|---|---|---|---|
| 0:18-cv-02505-JNE-DTS | Campbell, Joan v. 3M Company et al | 4/3/2019 | 4/24/2019 | | Kennedy Hodges, LLP |
| 0:18-cv-02781-JNE-DTS | Taylor, Michael v. 3M Company | 3/1/2019 | 3/22/2019 | | Levin, Papantonio, Thomas, Mitchell, |
| 0:18-cv-01456-JNE-DTS | Manheim, Kathleen v. 3M Company et al | 1/11/2019 | 2/1/2019 | 3/15/2019 4/12/2019 | Morris Law Firm |
| 0:18-cv-00839-JNE-DTS | Pavia, Johnny et al v. 3M Company et al | 3/1/2019 | 3/22/2019 | | Fears Nachawati, PLLC |
| 0:18-cv-01819-JNE-DTS | Ryan, Eraron v. 3M Company et al | 4/11/2019 | 5/2/2019 | | Kennedy Hodges, LLP |
| 0:18-cv-02118-JNE-DTS | Yelverton, Annie  v. 3M Company et al | 4/16/2019 | 5/7/2019 | | The Miller Firm, LLC |
| 0:18-cv-02424-JNE-DTS | Brennan, Daniel v. 3M Company et al | 4/3/2019 | 4/24/2019 | | Kennedy Hodges, LLP |

Yellow highlighting indicates that the case was previously listed per PTO 14 (Dkt. No. 117).
Pink highlightig Indicates that the case is subject to Defendants' Pending Motion to Dismiss (Dkt. No. 1828).

Defendants' PFS List 3:  Core Deficiencies Remained Following Notice and Response
(Updated May 10, 2019)

| Case Number | Title | Final Deficiency Sent | Prior Listing | Firm Name |
|---|---|---|---|---|
| 0:18-cv-01654-JNE-DTS | Terrell, Elizabeth v. 3M Company et al | 10/11/2018 | 12/14/2018 1/11/2019 2/15/2019 3/15/2019 4/12/2019 | Morris Law Firm |
| 0:15-cv-03950-JNE-DTS | LeBlanc, John (Shirley Thibodeaux) v. 3M Company et al | 10/8/2018 | 12/14/2018 1/11/2019 2/15/2019 3/15/2019 4/12/2019 | Law Offices of Travis Walker, PA |
| 0:17-cv-00712-JNE-DTS | Haladay, Jeffrey (OBO Harold Owens) v. 3M Company | 8/3/2018 | 12/14/2018 1/11/2019 2/15/2019 3/15/2019 4/12/2019 | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA |
| 0:17-cv-03573-JNE-DTS | Parker, Lloyd v. 3M Company et al | 10/11/2018 | 1/11/2019 2/15/2019 3/15/2019 4/12/2019 | Bernstein Liebhard LLP |
| 0:17-cv-04476-JNE-DTS | Holstine, Rachel v. 3M Company et al | 9/12/2018 | 12/14/2018 1/11/2019 2/15/2019 3/15/2019 4/12/2019 | Bernstein Liebhard LLP |
| 0:17-cv-04889-JNE-DTS | Thornton, Mildred  v. 3M Company et al | 12/4/2018 | 3/15/2019 4/12/2019 | Bernstein Liebhard LLP |
| 0:17-cv-05261-JNE-DTS | Hardy, Alan  v. 3M Company et al | 12/4/2018 | 3/15/2019 4/12/2019 | Bernstein Liebhard LLP |
| 0:18-cv-00141-JNE-DTS | Jacob Fox (Fox, Dean) v. 3M Company et al | 2/27/2019 | 4/12/2019 | Langdon and Emison |
| 0:18-cv-00670-JNE-DTS | Darwick, Robert v. 3M Company | 7/18/2018 | 12/14/2018 1/11/2019 2/15/2019 3/15/2019 4/12/2019 | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, P.A |
| 0:18-cv-00691-JNE-DTS | Hauser, Michael v. 3M Company | 6/29/2018 | 12/14/2018 1/11/2019 2/15/2019 3/15/2019 4/12/2019 | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, P.A |

Yellow highlighting indicates that the case was previously listed per PTO 14 (Dkt. No. 117).
Pink highlightig Indicates that the case is subject to Defendants' Pending Motion to Dismiss (Dkt. No. 1828).

Defendants' PFS List 3: Core Deficiencies Remained Following Notice and Response
(Updated May 10, 2019)

| Case Number | Title | Final Deficiency Sent | Prior Listing | Firm Name |
|---|---|---|---|---|
| 0:18-cv-00724-JNE-DTS | Burr, Cody v. 3M Company et al | 12/21/2018 | 2/15/2019 3/15/2019 4/12/2019 | Morris Law Firm |
| 0:18-cv-00856-JNE-DTS | Negron, Angel v. 3M Company et al | 2/6/2019 | 3/15/2019 4/12/2019 | The Law offices of Travis R. Walker, P.A. |
| 0:18-cv-00998-JNE-DTS | Caison, John et al v. 3M Company et al | 8/22/2018 | 12/14/2019 11/2019 2/15/2019 4/12/2019 | Gustafson Gluek PLLC |
| 0:18-cv-01007-JNE-DTS | Sweezy, Richard v. 3M Company et al | 7/24/2018 | 11/9/2018 12/14/2018 1/11/2019 2/15/2019 4/12/2019 | Kennedy Hodges |
| 0:18-cv-01098-JNE-DTS | Rodliff, Peter v. 3M Company | 8/15/2018 | 12/14/2018 1/11/2019 2/15/2019 3/15/2019 4/12/2019 | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA |
| 0:18-cv-01121-JNE-DTS | Stapley, William v. 3M Company | 8/16/2018 | 12/14/2018 1/11/2019 2/15/2019 3/15/2019 4/12/2019 | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA |
| 0:18-cv-01130-JNE-DTS | Deloach, Marsha v. 3M Company et al | 8/30/2018 | 12/14/2018 1/11/2019 2/15/2019 3/15/2019 4/12/2019 | The Miller Firm, LLC |
| 0:18-cv-01505-JNE-DTS | Cerbins, Rosemary v. 3M Company | 7/24/2018 | 11/9/2018 12/14/2018 1/11/2019 2/15/2019 4/12/2019 | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA |
| 0:18-cv-01567-JNE-DTS | Gillis, Stanley v. 3M Company et al | 11/1/2018 | 2/15/2019 3/15/2019 4/12/2019 | Kennedy Hodges, LLP |
| 0:18-cv-01722-JNE-DTS | Woodard, George v. 3M Company et al | 10/1/2018 | 2/15/2019 3/15/2019 4/12/2019 | Pendley, Baudin & Coffin L.L.P. |
| 0:18-cv-01725-JNE-DTS | Heyward, Jacqueline v. 3M Company et al | 10/15/2018 | 1/11/2019 2/15/2019 3/15/2019 4/12/2019 | Kennedy Hodges, LLP |

Yellow highlighting indicates that the case was previously listed per PTO 14 (Dkt. No. 117).
Pink highlightig Indicates that the case is subject to Defendants' Pending Motion to Dismiss (Dkt. No. 1828).

Defendants' PFS List 3:  Core Deficiencies Remained Following Notice and Response
(Updated May 10, 2019)

| Case Number | Title | Final Deficiency Sent | Prior Listing | Firm Name |
|---|---|---|---|---|
| 0:18-cv-01766-JNE-DTS | Schoolman, Dale v. 3M Company et al | 12/11/2018 | 2/15/2019 3/15/2019 4/12/2019 | GoldenbergLaw, PLLC |
| 0:18-cv-01768-JNE-DTS | Lamb, David v. 3M Company 3M Company et al | 12/12/2018 | 2/15/2019 3/15/2019 4/12/2019 | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA |
| 0:18-cv-01769-JNE-DTS | McCoy, Ethel v. 3M Company | 8/14/2018 | 12/14/2018 1/11/2019 2/15/2019 3/15/2019 4/12/2019 | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA |
| 0:18-cv-01771-JNE-DTS | Royal, Deborah v. 3M Company 3M Company et al | 10/8/2018 | 12/14/2018 1/11/2019 2/15/2019 3/15/2019 4/12/2019 | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA |
| 0:18-cv-01832-JNE-DTS | McCray, Abraham v. 3M Company | 12/13/2018 | 2/15/2019 3/15/2019 4/12/2019 | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA |
| 0:18-cv-01833-JNE-DTS | Mussachia, Michael v. 3M Company | 12/13/2018 | 2/15/2019 3/15/2019 4/12/2019 | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA |
| 0:18-cv-01875-JNE-DTS | Byrge, Gary v. 3M Company et al | 12/12/2018 | 2/15/2019 3/15/2019 4/12/2019 | Morris Law Firm |
| 0:18-cv-02014-JNE-DTS | Johnson, Sheri v. 3M Company et al. | 12/3/2018 | 4/12/2019 | Bernstein Liebhard LLP |
| 0:18-cv-02062-JNE-DTS | Pascucci, Michael v. 3M Company et al | 11/15/2018 | 1/11/2019 2/15/2019 3/15/2019 4/12/2019 | Kennedy Hodges, LLP |
| 0:18-cv-02099-JNE-DTS | O'Neal, John v. 3M Company et al | 11/15/2018 | 1/11/2019 2/15/2019 3/15/2019 4/12/2019 | Kennedy Hodges, LLP |
| 0:18-cv-02102-JNE-DTS | Porter, Kathleen v. 3M Company et al | 11/15/2018 | 1/11/2019 2/15/2019 3/15/2019 4/12/2019 | Kennedy Hodges, LLP |

Yellow highlighting indicates that the case was previously listed per PTO 14 (Dkt. No. 117).
Pink highlightig Indicates that the case is subject to Defendants' Pending Motion to Dismiss (Dkt. No. 1828).

Defendants' PFS List 3:  Core Deficiencies Remained Following Notice and Response
(Updated May 10, 2019)

| Case Number | Title | Final Deficiency Sent | Prior Listing | Firm Name |
|---|---|---|---|---|
| 0:18-cv-02168-JNE-DTS | Krzeminski, Joseph  v. 3M Company et al | 2/25/2019 | 4/12/2019 | Brown & Crouppen, PC |
| 0:18-cv-02469-JNE-DTS | Monroe, Trena  v. 3M Company | 1/31/2019 | 3/15/2019 4/12/2019 | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA |
| 0:18-cv-02535-JNE-DTS | Guest,Gregory v. 3M Company | 1/31/2019 | 4/12/2019 | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA |
| 0:18-cv-02540-JNE-DTS | Ritzler, Pamela  v. 3M Company | 3/13/2019 | 4/12/2019 | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA |
| 0:18-cv-02626-JNE-DTS | Pilcher, Sonja  v. 3M Company et al | 2/21/2019 | 4/12/2019 | Langdon and Emison |
| 0:18-cv-02776-JNE-DTS | Brown, Hubert v. 3M Company | 2/13/2019 | 4/12/2019 | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA |
| 0:18-cv-02787-JNE-DTS | Willis, Walter v. 3M Company | 2/20/2019 | 4/12/2019 | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA |
| 0:18-cv-02926-JNE-DTS | O'Donnell, Ellen v. 3M Company et al | 2/7/2019 | 4/12/2019 | GoldenbergLaw, PLLC |
| 0:18-cv-02947-JNE-DTS | Flenoy, Debra v. 3M Company et al | 2/12/2019 | 4/12/2019 | GoldenbergLaw, PLLC |
| 0:18-cv-02029-JNE-DTS | Frey, Marcia  v. 3M Company et al | 3/13/2019 | | Capretz & Associates |
| 0:18-cv-02080-JNE-DTS | McGuire, Maria v. 3M Company et al | 11/15/2018 | | Kennedy Hodges, LLP |
| 0:18-cv-02529-JNE-DTS | Chavez, Kimberly v. 3M Company et al | 3/29/2019 | | GoldenbergLaw, PLLC |
| 0:18-cv-02768-JNE-DTS | Jones, Inez v. 3M Company et al | 3/6/2019 | | Brown and Crouppen, P.C. |

Yellow highlighting indicates that the case was previously listed per PTO 14 (Dkt. No. 117).
Pink highlightig Indicates that the case is subject to Defendants' Pending Motion to Dismiss (Dkt. No. 1828).

Defendants' PFS List 3:  Core Deficiencies Remained Following Notice and Response
(Updated May 10, 2019)

| Case Number | Title | Final Deficiency Sent | Prior Listing | Firm Name |
|---|---|---|---|---|
| 0:18-cv-02779-JNE-DTS | Edwards, Lucinda v. 3M Company | 3/21/2019 | | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA |
| 0:18-cv-03284-JNE-DTS | Hampton, Ronald v. 3M Company et al | 2/26/2019 | | Pendley, Baudin & Coffin L.L.P. |

Yellow highlighting indicates that the case was previously listed per PTO 14 (Dkt. No. 117).
Pink highlightig Indicates that the case is subject to Defendants' Pending Motion to Dismiss (Dkt. No. 1828).