# EXHIBIT 1

Electronically Filed
11/14/2016 12:00:43 AM
Hidalgo County District Clerks
Reviewed By: Nilda Palacios

C-5130-16-A

## CAUSE NO. _____

| | | |
|---|---|---|
| JOHN PETITTA | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | |
| | § | |
| RAY R. TREY FULP III, D.O., RAY FULP | § | |
| ORTHOPEDICS, P.A. d/b/a | § | |
| SOUTH TEXAS BACK INSTITUTE | § | HIDALGO COUNTY, TEXAS |
| AND ORTHOPEDICS; JAVIER BARBOSA, | § | |
| JAVIER BARBOSA, P.A., VHS | § | |
| BROWNSVILLE HOSPITAL COMPANY, LLC | § | |
| D/B/A VALLEY BAPTIST MEDICAL | § | |
| CENTER-BROWNSVILLE, 3M COMPANY | § | |
| AND ARIZANT HEALTHCARE, INC. | § | _____ JUDICIAL DISTRICT |

**PLAINTIFF'S ORIGINAL PETITION**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW PLAINTIFF JOHN PETITTA and files this Original Petition and complains of Defendants RAY R. TREY FULP, III, D.O. ("Fulp"), RAY FULP ORTHOPEDICS, P.A. d/b/a SOUTH TEXAS BACK INSTITUTE AND ORTHOPEDICS ("South Texas Back Institute"), JAVIER BARBOSA, JAVIER BARBOSA, P.A., VHS BROWNSVILLE HOSPITAL COMPANY, LLC d/b/a VALLEY BAPTIST MEDICAL CENTER-BROWNSVILLE ("VBMCB"), 3M COMPANY ("3M") AND ARIZANT HEALTHCARE, INC. ("Arizant"), and for cause of action would show the Court as follows:

### I.

### DISCOVERY PLAN

1. The discovery control plan applicable to this case is Level 2 because Plaintiff seeks damages in excess of $50,000 and the Court has not ordered a Level 3 discovery plan.

Electronically Filed
11/14/2016 12:00:43 AM
Hidalgo County District Clerks
Reviewed By: Nilda Palacios

C-5130-16-A

## II.

## PARTIES

2. Plaintiff is an individual residing in Alamo, Hidalgo County, Texas.

3. Defendant FULP is an individual residing in Hidalgo County, Texas. He may be served with process at 721 Lindberg Ave., McAllen, Texas 78501.

4. Defendant SOUTH TEXAS BACK INSTITUTE is a professional association organized under the laws of the State of Texas. It maintains its principal place of business in McAllen, Hidalgo County, Texas. It may be served with process by serving its registered agent, Ray R. Fulp, III, at 721 Lindberg Ave., McAllen, Texas 78501.

5. Defendant JAVIER BARBOSA is an individual residing in Hidalgo County, Texas. He may be served with process at 721 Lindberg Ave., McAllen, Texas 78501.

6. Defendant JAVIER BARBOSA, P.A. is a professional association organized under the laws of the State of Texas. It maintains its principal place of business in McAllen, Hidalgo County, Texas. It may be served with process by serving its registered agent, Javier Barbosa, at 721 Lindberg Ave., McAllen, Texas 78501.

7. Defendant VBMCB is a limited liability company organized under the laws of the State of Texas. It maintains its principal place of business in Brownsville, Cameron County, Texas and may be served with process by serving its registered agent CT Corporation System, 1999 Bryan St., Ste 900, Dallas, Texas 75201-3136.

8. Defendant 3M is a foreign corporation organized under the laws of the State of Delaware. It has its principal place of business in Maplewood, Minnesota. It may be served with process by serving its registered agent, CT Corp System, 1999 Bryan St., Ste. 900, Dallas, Texas 75201-3136.

Electronically Filed
11/14/2016 12:00:43 AM
Hidalgo County District Clerks
Reviewed By: Nilda Palacios

C-5130-16-A

9. Defendant ARIZANT is a foreign corporation organized under the laws of the State of Delaware. It is a wholly owned subsidiary of Defendant 3M and has its principal place of business in Eden Prairie, Minnesota. It may be served with process by serving its registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange St., Wilmington, DE 19801.

## III.

## VENUE

10. Venue is proper in Hidalgo County, Texas pursuant to Texas Civil Practice & Remedies Code § 15.002(a)(1) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in Hidalgo County, Texas, and Texas Civil Practice & Remedies Code § 15.002(a)(2)-(3) because Defendants Fulp, South Texas Back Institute and Barbosa reside, or have their principal office, in Hidalgo County, Texas.

## IV.

## JURISDICTION

11. Plaintiff seeks damages under the common and statutory laws of the State of Texas and the amount in controversy exceeds the jurisdictional minimum of the Court. The Court has jurisdiction over the parties in this case because they reside, do business, and have sufficient contacts in, the State of Texas, such that this Court's exercise of jurisdiction over the parties does not offend traditional notions of fair play and substantial justice.

Electronically Filed
11/14/2016 12:00:43 AM
Hidalgo County District Clerks
Reviewed By: Nilda Palacios

C-5130-16-A

## V.

## FACTS

12. On or about November 13, 2014 DEFENDANT FULP performed a right total knee arthroplasty on Mr. Petitta at VBMC-B. During this surgery, VBMC-B used a Bair Hugger warming blanket to keep parts of Mr. Petitta's body warm during the knee surgery. The Bair Hugger was invented by Dr. Scott Augustine several years ago, but it is now manufactured and marketed by DEFENDANTS 3M and ARIZANT. Dr. Augustine resigned from DEFENDANT ARIZANT in 2002. According to Dr. Augustine, he believes that the Bair Hugger should not be used in patients undergoing joint replacement surgeries, such as the one performed on Mr. Petitta, because the device can spread bacteria that may cause an infection.

13. The Bair Hugger filters and warms air, then forces the warm air through a disposable blanket. The warming unit is supposed to force air gently and evenly throughout the blanket. However, forced-air warming carries a higher risk for contaminating surgical sites than other warming methods. Because the Bair Hugger was used, contaminants were introduced into Mr. Petitta's surgical wound resulting in Mr. Petitta acquiring a Methicillin-Resistant Staphylococcus Aureus ("MRSA") infection while at VBMC-B. While under the care of nurses and other employees of VMC-B, Mr. Petitta exhibited signs of an infection that the nurses failed to diagnose. Mr. Petitta was then discharged from VBMC-B on November 17, 2014.

14. After his discharge from VMC-B, Mr. Petitta followed up with DEFENDANT FULP'S office on November 19 and 25, 2014 where he was seen by DEFENDANT BARBOSA, a physician assistant that works with DEFENDANT FULP. On his

Electronically Filed
11/14/2016 12:00:43 AM
Hidalgo County District Clerks
Reviewed By: Nilda Palacios

C-5130-16-A

third follow-up visit (December 8, 2014) DEFENDANT BARBOSA noted that "one spot that had been draining over the weekend...it burst out..." DEFENDANT BARBOSA did not order antibiotics, blood work or a culture of the drainage or surgical site but instead decided to continue physical therapy and range of motion exercises and see Mr. Petitta in three weeks. Only a week later (December 16, 2014) Mr. Petitta presented at DEFENDANT FULP'S again. At this December 16 visit DEFENDANT BARBOSA noted that "the patient had some erythema last time" and that "over the past day or two, started drainage...there is moderate copious drainage that seems to be pus formation right over the superior part of the incision [and] some warmth upon touch too as well." Mr. Petitta also had a fever of 100.6 and some chills so DEFENDANT BARBOSA decided to admit him to the hospital for an incision and drainage and possible removal of arthroplasty with spacer. In a second progress note also dated December 16, 2014 DEFENDANT BARBOSA noted that Mr. Petitta is having "significant drainage...some serious fluid now seems to be some pus formation consistent with infection [and] he has now a septic total knee arthroplasty." He also says that an infectious disease physician will be consulted and he will get and incision and drainage with DEFENDANT FULP.

15. After leaving DEFENDANT FULP'S office, Mr. Petitta arrived at the emergency room of McAllen Medical Center at about 1:43 p.m. where the emergency room doctor noted that he had presented with a right knee infection. Blood and wound cultures revealed that he had an MRSA infection. He was admitted to the hospital that day (December 16, 2014), had four surgeries to his right knee to treat the infection (three by DEFENDANT FULP) and was released 17 days later

CASE 0:15-md-02666-JNE-DTS   Doc. 1942-1   Filed 06/05/19   Page 7 of 14

Electronically Filed
11/14/2016 12:00:43 AM
Hidalgo County District Clerks
Reviewed By: Nilda Palacios

C-5130-16-A

on January 2, 2015. However, the prosthesis was not removed during this 17-day hospitalization.

16. Mr. Petitta's first surgery during this 17-day hospitalization at McAllen Medical Center was an arthrotomy with incision and drainage on December 17, 2014 (by Dr. Fulp), the second one was an arthrotomy with incision and drainage and placement of a cement spacer and antibiotic beads on December 22, 2014 (by Dr. Fulp), the third one was an arthrotomy with irrigation and debridement and application of calcium oxalate beads laden with vancomycin on December 26, 2014 (by Dr. Fulp), and the last one was an arthrotomy with application of antibiotic beads and debridement of tissue with undissolved sutures on December 27, 2014 (by Dr. James Key, Sr.). Mr. Petitta was discharged from McAllen Medical Center on January 2, 2015 and transferred to the Solara Long-Term Acute care facility, which is on the eight-floor of the McAllen Medical Center building. While there, DEFENDANT FULP performed four more surgeries on his right knee. Thus, in the month or so he was at McAllen Medical Center and Solara DEFENDANT FULP performed eight surgeries on Mr. Petitta's right knee. Yet, DEFENDANT FULP never removed the infected prosthesis. By the time he left Solara, Mr. Petitta had an infection in his right knee for several weeks. Open irrigation and debridement, with retention of the prosthesis, as a treatment for infection following a total knee arthroplasty has a high failure rate and poor outcome if the patient has had the infection for more than two weeks, especially with an MRSA infection.

17. On September 1, 2015 Mr. Petitta was seen by DEFENDANT BARBOSA in DEFENDANT FULP's office. DEFENDANT BARBOSA noted that Mr. Petitta

Electronically Filed
11/14/2016 12:00:43 AM
Hidalgo County District Clerks
Reviewed By: Nilda Palacios

C-5130-16-A

started having severe pain especially upon walking with some chills and sweats at night. He also noted that an x-ray showed loosening of the tibial component of the prosthesis with possible infection. He ordered blood work for the possible septic knee and asked Mr. Petitta to return in 2-3 days. Instead, Mr. Petitta was again hospitalized at McAllen Medical Center. This time he was at McAllen Medical Center for 55 days (September 5 to October 29, 2015) where he had another eight surgeries by DEFENDANT FULP. After several months of infection and multiple surgeries, DEFENDANT FULP finally removed the right knee hardware and then performed multiple arthrotomies with incision and drainage, placement of antibiotic beads and/or cement spacers.

18. On December 21, 2015 Mr. Petitta was seen by Dr. Michael Jelinek (an infectious disease specialist) with fever and chills that had been occurring for the last several days. A couple of weeks later he saw DEFENDANT BARBOSA in DEFENDANT FULP's office. DEFENDANT BARBOSA noted that Mr. Petitta had osteomyelitis (an infection in the bone) and that Dr. Jelinek had given him two options—take antibiotics for life or amputate the right leg above the knee. On March 31, 2016 Mr. Petitta had to be hospitalized yet again at McAllen Medical Center. A bone scan of Mr. Petitta's right knee performed on March 31, 2016 revealed osteomyelitis. A few days later (April 3, 2016) DEFENDANT FULP noted that Mr. Petitta's collateral ligaments had become unstable (due to the numerous failed surgeries Dr. Fulp had done). Mr. Petitta decided to see an orthopedic surgeon at the VA hospital in San Antonio and DEFENDANT FULP documented that "I concur as I believe this revision is above my pay grade [and] I

Electronically Filed
11/14/2016 12:00:43 AM
Hidalgo County District Clerks
Reviewed By: Nilda Palacios

C-5130-16-A

do not understand why his medial collateral ligament is out, but this needs to be addressed by [a] joint specialist."

19. Thereafter, Dr. Creighton Tubb, an orthopedic surgeon at the San Antonio Military Medical Center, performed a two-stage revision surgery on Mr. Petitta's right knee to remove the infected prosthesis, cut out infected bone and put in a new prosthesis. Mr. Petitta is now required to take antibiotics for the rest of his life and if he gets another infection, he is at increased risk of dying or losing his right leg if he develops another infection.

## VI.

## **CAUSES OF ACTION**

20. DEFENDANT FULP is liable to Mr. Petitta for negligence because he failed to timely, adequately and appropriately treat the infection in his right knee. By leaving the prosthesis in place through numerous surgeries, the infection was allowed to spread to the bone. Had DEFENDANT FULP removed the prosthesis earlier, Mr. Petitta would not have undergone several surgeries, and suffer from the costs, mental anguish, and pain and suffering associated with many months of treatment. Because the infection eventually spread to the bone, Mr. Petitta is now required to take antibiotics for the rest of his life and is at increased risk of dying or losing his right leg if he develops another infection. Each and every one of the DEFENDANT FULP'S acts and omissions, taken separately and collectively, constitute a direct and proximate cause of Mr. Petitta's injuries and damages described below. DEFENDANT SOUTH TEXAS BACK INSTITUTE is vicariously liable for the negligence of DEFENDANT FULP because his acts and

Electronically Filed
11/14/2016 12:00:43 AM
Hidalgo County District Clerks
Reviewed By: Nilda Palacios

C-5130-16-A

omissions were performed while in the course and scope of his employment or agency with DEFENDANT SOUTH TEXAS BACK INSTITUTE.

21. DEFENDANT BARBOSA is liable to Mr. Petitta for negligence because he failed to timely diagnose and treat the infection in his right knee. Had DEFENDANT BARBOSA timely diagnosed and treated the infection, Mr. Petitta would not have undergone several surgeries, and suffer from the costs, mental anguish, and pain and suffering associated with many months of treatment. Because the infection eventually spread to the bone, Mr. Petitta is now required to take antibiotics for the rest of his life and is at increased risk of dying or losing his right leg if he develops another infection. Each and every one of the DEFENDANT BARBOSA'S acts and omissions, taken separately and collectively, constitute a direct and proximate cause of Mr. Petitta's injuries and damages described below. DEFENDANTS SOUTH TEXAS BACK INSTITUTE and JAVIER BARBOSA, P.A. are vicariously liable for the negligence of DEFENDANT BARBOSA because his acts and omissions were performed while in the course and scope of his employment or agency with DEFENDANTS SOUTH TEXAS BACK INSTITUTE and/or JAVIER BARBOSA, P.A.

22. DEFENDANT VBMC-B is liable to Mr. Petitta for negligence because its nurses and other employees failed to timely diagnose and treat the infection in his right knee that developed while at VBMC-B. Had DEFENDANT VBMC-B's nurses and other employees timely diagnosed and treated the infection, Mr. Petitta would not have undergone several surgeries, and suffer from the costs, mental anguish, and pain and suffering associated with many months of treatment. Because the infection eventually spread to the bone, Mr. Petitta is now required to take

Electronically Filed
11/14/2016 12:00:43 AM
Hidalgo County District Clerks
Reviewed By: Nilda Palacios

C-5130-16-A

antibiotics for the rest of his life and is at increased risk of dying or losing his right leg if he develops another infection. Each and every one of the DEFENDANT VBMC-B'S acts and omissions, taken separately and collectively, constitute a direct and proximate cause of Mr. Petitta's injuries and damages described below. DEFENDANT VBMC-B is liable for the negligence of its nurses and other employees that failed to diagnose and treat Mr. Petitta's infection because their acts and omissions were performed while in the course and scope of their employment or agency with DEFENDANT VBMC-B.

23. DEFENDANTS 3M and ARIZANT manufactured, packaged, sold, marketed, warranted and/or placed into the stream of commerce the Bair Hugger used on Mr. Petitta while undergoing surgery at DEFENDANT VBMC-B. DEFENDANTS 3M and ARIZANT are liable to Plaintiff for negligence, breach of warranty and strict products liability because they were negligent in the marketing of the Bair Hugger, because there was a marketing defect in the Bair Hugger and/or because the warranties associated with the Bair Hugger were breached. Such negligence, marketing defect and/or breach of warranty were a proximate and/or producing cause of Plaintiffs' damages.

24. DEFENDANTS 3M and ARIZANT acts and/or omissions which give rise to their liability to Mr. Petitta include the fact that they have been aware of the pathogenic contamination of the airflow paths of Bair Hugger blowers but have nevertheless aggressively marketed the Bair Hugger as safe in general and orthopedic surgeries despite their knowledge of the risk of pathogenic contamination. In its aggressive marketing, DEFENDANTS 3M and ARIZANT have made misrepresentations about the safety of the Bair Hugger and failed to

Electronically Filed
11/14/2016 12:00:43 AM
Hidalgo County District Clerks
Reviewed By: Nilda Palacios

**C-5130-16-A**

disclose material facts about the risks of using the Bair Hugger. Medical providers, such as DEFENDANT VBMC-B have relied on those representations and continue to use these devices during surgeries such as the one Mr. Petitta had. Each and every one of the foregoing acts and omissions of DEFENDANTS 3M and ARIZANT, taken separately and collectively, constitute a direct and proximate cause of Plaintiff's injuries and the damages described herein.

## VII.

### CONDITION PRECEDENT

25. Plaintiff has satisfied the notice requirements of Section 74.051 of the Texas Civil Practice & Remedies Code by sending notice of their claim to the medical provider Defendants.

## VIII.

### DAMAGES

26. As a direct and proximate result of Defendants' negligence, acts and/or omissions described herein, Mr. Petitta seeks to recover damages provided by law that include, but are not limited to:

   a. past, present and future physical pain and suffering;

   b. past, present and future mental anguish;

   c. past, present and future physical disability;

   d. past and future reasonable and necessary medical bills;

   e. lost wages, income and/or profits resulting from his inability to work; and

   f. other economic damages caused the acts and/or omissions described herein.

Electronically Filed
11/14/2016 12:00:43 AM
Hidalgo County District Clerks
Reviewed By: Nilda Palacios

C-5130-16-A

27. In order to comply with Texas Rule of Civil Procedure 47, Plaintiffs plead that they seek monetary relief in excess of $1,000,000.

## IX.

### JUDGMENT INTEREST

28. PLAINTIFF also seeks prejudgment interest, court costs and post judgment interest at the maximum amounts allowable by law.

## X.

### CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that upon final trial, the Court enter judgment in favor of Plaintiff against Defendants as follows:

a. Judgment against Defendants for actual damages in an amount determined by the trier of fact;

b. Plaintiff recovers judgment against Defendants for pre- and post-judgment interest if, as, and when provided by law, and at the maximum rate allowed by law;

c. For all costs of court incurred herein; and

d. For such other and further relief to which Plaintiff may be justly entitled.

Plaintiff hereby requests a trial by jury.

Electronically Filed
11/14/2016 12:00:43 AM
Hidalgo County District Clerks
Reviewed By: Nilda Palacios

**C-5130-16-A**

Respectfully submitted,

**GARCIA & MARTINEZ, L.L.P.**
6900 North 10th Street, Suite 2
McAllen, Texas 78504
Phone: 956-627-0455
Fax: 956-627-0487

/s/ Albert Garcia
**ALBERTO T. GARCIA III**
State Bar No. 00787515
albert@garmtzlaw.com
**ADRIAN R. MARTINEZ**
State Bar No. 13137600
adrian@garmtzlaw.com

**ATTORNEYS FOR PLAINTIFF**