**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| In re: Bair Hugger Forced Air Warming Devices Products Liability Litigation | MDL No. 15-2666 (JNE/DTS) |
| This Document Relates to: ALL ACTIONS | |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF**
**MOTION FOR CONTEMPT ORDER AND SANCTIONS FOR VIOLATIONS OF**
**COURT ORDERS REGARDING SEALING AND CONFIDENTIALITY**

Defendants request that the Court issue an order holding certain of Plaintiffs' lead MDL counsel ("MDL Counsel") in contempt and imposing sanctions[1] pursuant to Rule 16(f) of the Federal Rules of Civil Procedure. Defendants do not make this request lightly, but it is necessitated by MDL Counsel's repeated and blatant flouting of this Court's orders regarding sealing and confidentiality.

Through a publicly filed motion to compel,[2] MDL Counsel have injected the substance of the sealed opinion in the *Walton* matter and the sealed Bair Paws exhibit into the court record in the *Petitta* case pending in Hidalgo County, Texas. MDL Counsel have long had these documents and related documents in their possession and 3M does not need to be "compelled" to produce them. The motion is merely a pretext to disclose documents that this Court and the *Walton* court clearly and repeatedly ordered to remain under seal.

This is the latest in a pattern of similar conduct by MDL Counsel. Prior to transfer, they likewise used discovery briefing to make intimations to the District of Kansas about the sealed *Walton* opinion.



---

[1] Genevieve Zimmerman, Gabriel Assaad, and Kyle Farrar.

[2] This Court has the authority to enforce its orders notwithstanding the fact that MDL Counsels' violation of said orders (as discussed herein) is taking place in another jurisdiction. *See*, *e.g.*, *Taylor v. Teledyne Technologies, Inc.*, 338 F. Supp. 2d 1323, 1332-34 (N.D. Ga. 2004) (district court in Georgia concluded its protective orders were violated by counsel's filings in separate Pennsylvania litigation).



(Hulse Decl., Ex. G, Sealed *Johnson* Order at 2.)  In this Court, Plaintiffs have repeatedly "accidentally" made public filings of sealed documents. Most recently, when they attempted to publicly file excerpts of the Bair Paws documents in the Eighth Circuit, this Court was forced to threaten sanctions for further violations.

This Court has the authority to enforce its orders maintaining documents under seal even though the violations of those orders have occurred in another jurisdiction. *See*, *e.g.*, *Taylor v. Teledyne Techns., Inc.*, 338 F. Supp. 2d 1323, 1332-34 (N.D. Ga. 2004) (district court in Georgia concluded its protective orders were violated by counsel's filings in separate Pennsylvania litigation).  It is clear that MDL Counsel will not desist until there is a consequence for their repeated violations. Defendants therefore request that the Court hold them in contempt and impose sanctions sufficient to punish this egregious violation and deter future violations.

## BACKGROUND

A.     **The *Petitta* Litigation.**

Petitta initially filed a Short-Form Complaint in the MDL on November 10, 2016. Less than a week later, on November 14, he also filed a Petition in the District Court for Hidalgo County, Texas, alleging substantially the same claims against 3M and also alleging claims against various medical providers. Petitta dismissed his MDL Complaint with prejudice on April 6, 2017 and has proceeded in state court since then.  (Defendants have

concurrently filed a motion pursuant to the All Writs Act to enjoin the state court claims, which are barred by *res judicata*.)

The case was stayed for a period of time due to interlocutory appeals of the denial of motions to dismiss filed by certain medical providers. Those appeals were ultimately unsuccessful, and the case became active again in late 2018. Petitta served discovery requests on 3M shortly thereafter (on January 9, 2019) seeking, among other things, "[a]ll documents that refers [sic] or relates [sic] to the Bair Hugger being contra-indicated for orthopedic surgery." (Hulse Decl., Ex. A (3M discovery responses), Req. 29.) Concerned that MDL Counsel had shared the Bair Paws exhibit with Petitta's attorney in violation of the MDL protective order, Defendants advised the Court of this issue in its January 30, 2019 letter regarding recent state court developments. (*Id.*, Ex. B (1/30/19 letter to Court).)

In the meantime, Defendants reached out to Petitta's counsel to discuss the most efficient way to handle the outstanding discovery requests and provided a draft protective order that provides protections equivalent to those provided in the MDL. (*Id.*, Ex. C (1/24/19 email to Garcia).) Defendants provided their responses and objections to Petitta's discovery requests on March 1, 2019 (pursuant to an agreed upon extension) and indicated that responsive documents would be produced upon entry of a suitable protective order. (*Id.*, Ex. A.) Discussions regarding a protective order were ongoing with Petitta's counsel when, on March 19, 2019, MDL Counsel entered appearances for Mr. Petitta, objected to the entry of the protective order, and demanded production of all documents produced by Defendants in the MDL (and then some) with no protection whatsoever. (*Id.*, Ex. D (correspondence with Farrar).) Indeed, despite the substantial negotiations between the

3

parties that led to the agreed-upon MDL protective order, MDL Counsel now refers to that order as "oppressive." (*Id.*, Ex. E at 4 (Pl. Petitta brief).)

Defendants were left with no choice but to file a motion for entry of a protective order on April 22, 2019, which MDL Counsel have opposed. It is against this backdrop that MDL Counsel filed their pretextual motion to compel, which they are using as a means by which to improperly publicize the contents of Judge Hoyt's 2015 opinion regarding the *Walton* LCAs – as well as the Bair Paws exhibit – both of which have been sealed by court orders. MDL Counsel's conduct violates the judicial seals on both documents.

**B.      Judge Hoyt's *Walton* LCA Opinion.**

As this Court is aware, Plaintiffs' counsel have tried – repeatedly – to interject Judge Hoyt's sealed opinion regarding the *Walton* LCAs into the MDL and other Bair Hugger litigation. Indeed, leading up to the first status conference in the MDL, MDL Counsel attempted to make Judge Hoyt's opinion the top issue on the Court's agenda. Both Judge Hoyt and this Court stopped them, however, directing that any further proceedings relating to Judge Hoyt's *Walton* opinion were for his court and his court alone. (Hulse Decl., Ex. F, 11/20/15 *Walton* Order ("Unless prior leave of this Court is granted, neither the parties nor their counsel shall summarize, characterize, or otherwise describe in a public communication or court filing the contents of this Court's October 29, 2015, Memorandum Opinion that was filed under seal in this Court.").)

Notwithstanding Judge Hoyt's clear directive, MDL Counsel nonetheless tried to publicize the substance of his opinion before the court in another pre-consolidation matter (Johnson

4

v. 3M). ████████████████████████████████ (*See* Hulse Decl.,

Ex. G, Sealed *Johnson* Order at 2.)

MDL Counsel later sought to attack 3M's attorney-client privilege regarding the LCAs – relying only on Judge Hoyt's opinion – claiming that the opinion itself is evidence that 3M committed a crime and thus that the crime-fraud exception should apply. Both Magistrate Judge Noel and this Court, on review from Judge Noel's order, rejected Plaintiffs' arguments and denied Plaintiffs' motion. This Court expressly rejected the notion that Judge Hoyt's opinion can even be *inferred* to support a claim that 3M's then-counsel knowingly delivered "grossly excessive payments," encouraged any falsification of testimony, or in any way corrupted witnesses. (Dkt. No. 713 at 7-8.) Notably, in seeking to overcome Defendants' privilege, MDL Counsel filed their brief under seal and, in the publicly filed version, redacted all discussion of Judge Hoyt's opinion and the factual backdrop to it. (*See* Dkt. No. 534.) Clearly, MDL Counsel is aware that public dissemination of the substance of Judge Hoyt's opinion is prohibited. They have simply chosen to evade that prohibition now.

The irony is that MDL Counsel already have full discovery regarding the *Walton* LCAs through discovery in this MDL, which can be used in *Petitta* upon entry of a protective order.  Nonetheless, they have asked the *Petitta* court to compel production of documents they already have.  This is a rather obvious pretense to put the LCA issue and Hoyt's opinion before the *Petitta* court. Notwithstanding MDL Counsel's acknowledgement that the opinion "unfortunately" remains sealed, MDL Counsel extensively described and paraphrased the opinion in their *Petitta* motion:



(Hulse Decl., Ex. E (Pl. *Petitta* Mem.) at 5-6, 10.)

By publicizing their characterization of Judge Hoyt's opinion, MDL Counsel have knowingly and deliberately violated his sealing order and this Court's repeated rulings that the opinion remain confidential and limited to Judge Hoyt's court. Just as in *Johnson*, MDL Counsel are using the *Petitta* motion as a vehicle to put into the public record information that both Judge Hoyt and this Court determined should remain sealed and limited to the *Walton* litigation. MDL Counsel's motives here are transparent and their rationale disingenuous at best. Apparently, they will not stop until the Court acts. This Court should sanction MDL Counsel accordingly.

C.     **The "Bair Paws" Exhibit.**

This Court also knows well the lengths to which Plaintiffs' counsel have gone in their efforts to publicize the contents of the "Bair Paws" exhibit, and the considerable motion practice that has resulted.  To review the history briefly:

First, MDL Counsel repeatedly objected to the continued sealing of the Bair Paws exhibit, despite this Court's June 18, 2018 Order (Dkt. No. 1294) requiring that the document be permanently sealed. (*See*, *e.g.*, *Gareis*, No. 16-cv-4187, Dkt. No. 497, July 26, 2018 (arguing that the Bair Paws exhibit should be unsealed notwithstanding Court's order requiring permanent sealing).)

Second, MDL Counsel asked Magistrate Judge Schultz to reconsider his September 7, 2018 Order requiring that the Bair Paws exhibit remain sealed without telling him that this Court already ordered that the document remain sealed. (*See* Gareis, Dkt. No. 512.)

Third, MDL Counsel filed the Bair Paws exhibit in the MDL docket without filing it under seal and only corrected the filing when Defendants discovered it. (*See* Hulse Decl., Ex. H (June 20, 2018 letter; October 5, 2018 email).)

Fourth, MDL Counsel publicly filed an appellate brief with the Eighth Circuit in which they quoted from and republished portions of the Bair Paws exhibit and only corrected it when called out by Defendants and the Court. This led the Court to threaten sanctions for further disclosure of sealed documents. (*See* Dkt. No. 1724.)

Fifth, MDL Counsel shared the Bair Paws exhibit (or contents thereof) with co-counsel in the *Petitta* matter – who still has not signed the protective order and is thus not authorized to receive Defendants' confidential documents – which MDL Counsel justified

7

by pointing to an MDL hearing transcript in which MDL Counsel themselves read portions of it into the record. (*See* Hulse Decl., Ex. I (Genevieve Zimmerman Jan. 30, 2019 letter to Court).)  But as this Court has made clear in its rulings on the Bair Paws exhibit, the fact that MDL Counsel themselves described a portion of the Bair Paws exhibit in a transcribed public proceeding does not license them to violate the sealing order.  (*See* Dkt. No. 1260 at 9 (Plaintiffs objecting to the continued sealing of Defendants' documents on grounds they were discussed and/or displayed in court); Dkt. No. 1268 at 8-9 (same); Dkt. No. 1294 (rejecting Plaintiffs' arguments and ordering that Defendants' confidential documents, including the Bair Paws exhibit, remain sealed); *see also Gareis*, No. 16-cv-4187, Dkt. No. 513 at 10 (Plaintiffs arguing that documents discussed in court should not remain sealed); *Gareis*, Dkt. No. 521 (rejecting Plaintiffs' arguments and denying request for further consideration).)

MDL Counsel try the same set of excuses here. They claim they were justified in disclosing the content of the Bair Paws exhibit because Defendants purportedly denied the existence of any document that "refers or relates to the Bair Hugger being contraindicated for orthopedic surgery" when – according to MDL Counsel – "several iterations" of the Bair Paws exhibit prove otherwise. (Hulse Decl., Ex. E at 8.) MDL Counsel go on to characterize the various "iterations" of the Bair Paws exhibit – going beyond their previous description of the exhibit in the court transcript – to justify their mischaracterization of Defendants' discovery response:



(Hulse Decl., Ex. E (Pl. Petitta Mem.) at 8-9.)   This is a blatant misrepresentation of Defendants' discovery response.   The actual text of Plaintiffs' discovery request – and Defendants' response – is as follows:

> REQUEST NO. 29: All documents that refers [sic] or relates [sic] to the Bair Hugger being contraindicated for orthopedic surgery.
>
> RESPONSE:    The Bair Hugger system is not and never has been contraindicated by the FDA or 3M for orthopedic surgeries. To the extent Plaintiff means to request documents indicating that some practitioners, for whatever reason, do not use the Bair Hugger system in orthopedic surgeries, *3M will produce any such non-privileged documents contained within its production of documents in the Bair Hugger MDL upon entry of a protective order providing equivalent protections to the MDL protective order.* If no such protective order is entered, 3M stands on its objection that this request is vague and ambiguous.

(Hulse Decl., Ex. A at 15 (emphasis added).)

Obviously, Defendants never denied the existence of the Bair Paws exhibit. Defendants simply disagree (as they have throughout these proceedings) with Plaintiffs' characterization of it. The Bair Paws documents' reference to "contraindication" refers to the fact that some practitioners, for their own reasons, do not use the Bair Hugger system

in orthopedic surgeries. Defendants made clear, however, that they would produce responsive documents upon entry of a suitable protective order, and of course, MDL Counsel *already have the documents they seek to compel*. Their motion in *Petitta* is a rather obvious pretext for publicly disclosing the substance of the Bair Paws exhibit in another venue, in violation of this Court's orders. MDL Counsel's motives are obvious, as are their methods.

## ARGUMENT

As recognized in the recent order threatening sanctions for further violations of its sealing orders, this Court has the inherent authority to sanction MDL Counsel for their repeated efforts to circumvent this Court's orders regarding confidentiality and sealing. (*See* Dkt. No. 1724 ("Should any document sealed by order of this Court be filed publicly in any future proceeding in this Court, the responsible filing attorney will be subject to monetary or other sanctions; Plaintiff's leadership shall communicate this order to all Plaintiff's counsel of record.").) Courts in this District have repeatedly recognized that authority. *See Paisley Park Enters., Inc. v. Boxill*, No. 17-cv-1212 (WMW/TNL), 2019 WL 1036059, at *6 (D. Minn. Mar. 5, 2019) ("The inherent authority to sanction extents to a full range of litigation abuses and is not displaced by the Federal Rules or any other statute."); *G.C. v. South Washington County School District 833*, No. 17-cv-3680, 2019 WL 586676, at *5 (D. Minn. Feb. 13, 2019) ("The Court also has the inherent authority to order sanctions that are necessary to 'achieve the orderly and expeditious resolution of cases.' This includes the authority to 'fashion an appropriate sanction for conduct which abuses the judicial process.'") (internal citations omitted); *Jalin Realty Capital Advisors,*

*LLC v. A Better Wireless, NISP, LLC*, No. 11-165 (JRT/LIB), 2012 WL 12895689, at *7 (D. Minn. Feb. 22, 2012) ("[A] federal district court has the inherent authority and responsibility to regulate and supervise the bar practicing before it.... the Court has wide discretion in framing sanctions to remedy abuses, including attorney disqualification, the assessment of attorney's fees, monetary sanctions, and the dismissal of an action.") (internal citations and quotations omitted); *Arctic Cat, Inc. v. Injection Research Specialists, Inc.*, 210 F.R.D. 680, 683 (D. Minn. 2002) ("In assessing the need for sanctions, a Federal District Court has the inherent authority, and responsibility, to regulate and supervise the bar practicing before it."); *see also* Fed. R. Civ. P. 16(f)(1) ("On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . fails to obey a scheduling or other pretrial order.").

Contempt and the imposition of sanctions are warranted where, as here, an attorney repeatedly violates court orders governing the confidentiality of documents. For example, in *Grove Fresh Distribs., Inc. v. John Labatt, Ltd.*, plaintiff's counsel was sanctioned by the court after multiple violations of confidentiality orders, despite having been previously warned about his conduct. 888 F. Supp. 1427, 1445-46 (N.D. Ill. 1995) (sanctions appropriate where plaintiff's counsel "willfully violated" confidentiality orders). As the court observed:

> The confidences [plaintiff's counsel] could not keep were protected by court orders of confidentiality. [Plaintiff's counsel's] past behavior played a pivotal role in the granting of these orders, since it appeared that he would go to any lengths to try his case on the courthouse steps rather than in the courtroom itself.

That [plaintiff's counsel] sincerely, even fervently, believed in the unremitting badness of the defendants in this case is beyond doubt, as was his willingness to hurt them by disseminating information for purposes of damaging them outside the walls of the courtroom. The orders of confidentiality were meant to prevent [plaintiff's counsel's] misuse of the litigation to pursue his own agenda. But the evil to be prevented by the orders was the evil that actually ensued.

Undeterred by repeated court warnings, possible harm to his client's interests, and, apparently, his own fate, [plaintiff's counsel] continued to disclose protected information. His propensity to reveal court protected secrets is the Aristotelian flaw which precipitated his present predicament: possible sanctions for contempt and for violations of Rule 11.

*Id.* at 1430-31. *See also Taylor*, 338 F. Supp. 2d at 1344-45 (respondent violated protective order by paraphrasing contents of documents that were ordered not to be disclosed). Courts in this jurisdiction have also held counsel in contempt and imposed sanctions in similar circumstances. *See Lusk v. Life Time Fitness, Inc*., No. 15-1911 (JRT/BRT), 2018 WL 5919342, at *4-6 (D. Minn. Nov. 7, 2018) (holding counsel in contempt and awarding attorneys' fees to defendant where counsel violated protective order by using and incorporating confidential information into new complaint).

Here, MDL Counsel have violated both the spirit and letter of the Court's orders regarding sealing and confidentiality, with respect to both Judge Hoyt's LCA opinion and the Bair Paws exhibit. The fact that they are violating the Court's orders in Texas state court now, instead of this Court, does not change the severity of their misconduct nor does it deprive this Court of the authority to sanction MDL Counsel. *See Taylor*, 338 F. Supp. 2d at 1332-34 (district court in Georgia concluded that its protective orders were violated by counsel's filings in separate Pennsylvania litigation); *Grove Fresh Distribs., Inc*., 888

F. Supp. at 1447-48 (sanctioning plaintiff's counsel for violating district court's confidentiality orders by disclosing confidential information in circuit court filings).

MDL Counsel cannot simply point to their own comments during a hearing before the Court as justification for disregarding the Court's orders regarding confidentiality. As noted above, Court has *repeatedly* rejected Plaintiffs' argument that their own disclosure of the contents of a sealed document in a court hearing means those documents now become public. (*See* Dkt. No. 1260 at 9; Dkt. No. 1268 at 8-9; Dkt. No. 1294; *see also Gareis*, No. 16-cv-4187, Dkt. No. 513 at 10; *Gareis*, Dkt. No. 521.)

Indeed, if MDL Counsel's presentation of excerpts from confidential documents at a contested motion hearing was a sufficient basis on which to publicize the substance of said documents, MDL Counsel could unilaterally strip Defendants' confidential documents of any protection whatsoever, simply by quoting or displaying the documents at their discretion. Such a result would effectively make it impossible for litigants to protect confidential information and would render this Court's orders regarding sealing and confidentiality meaningless.

MDL Counsel do not get to decide for themselves whether this Court's orders or Judge Hoyt's orders are lawful and should be obeyed. As the *Grove* court observed:

> If a party can make himself a judge of the validity of orders which have been issued, and by his own act of disobedience set them aside, then are the courts impotent, and what the Constitution now fittingly calls "the judicial power of the United states" would be a mere mockery.

*Grove Fresh Distribs., Inc*., 888 F. Supp. at 1435.

13

MDL Counsel have repeatedly expressed their disagreement with this Court's sealing orders and have repeatedly shown they have no qualms about violating them when it suits their purpose. Nothing short of a sanction order from this Court will curb their misconduct. Moreover, the *Petitta* court will presumably look to this Court for guidance on confidentiality issues; a sanctions order from this Court will save it from having to familiarize itself with the entire history of these issues. Defendants thus respectfully request that MDL Counsel be held in contempt and sanctioned to ensure that this will not occur again.

## **CONCLUSION**

As discussed in this Memorandum, MDL Counsel have engaged in a relentless campaign throughout this litigation to publicize the content of confidential and sealed documents. They have now shifted their efforts to the *Petitta* state court matter, attempting to use the case as a vehicle through which to accomplish what they have been unable to do here. MDL Counsel remain bound by this Court's orders, however, and should not be permitted to disregard them – or escape this Court's scrutiny – by exploiting a new venue. MDL Counsel's conduct violates both the letter and spirit of this Court's orders and they should be held in contempt and sanctioned to deter future violations.

Dated: June 6, 2019

Respectfully submitted,

*s/Benjamin W. Hulse*

Jerry W. Blackwell (MN #186867)
Benjamin W. Hulse (MN #0390952)
Mary S. Young (MN #0392781)
Monica L. Davies (MN #0315023)
BLACKWELL BURKE P.A.
431 South Seventh Street, Suite 2500
Minneapolis, MN 55415
Phone: (612) 343-3200
Fax: (612) 343-3205
Email: blackwell@blackwellburke.com
        bhulse@blackwellburke.com
        myoung@blackwellburke.com
        mdavies@blackwellburke.com

Lyn Peeples Pruitt
MITCHELL WILLIAMS SELIG
  GATES & WOODYARD
425 West Capitol Avenue, Suite 1800
Little Rock, AR 72201-3525
Phone: (501) 688-8869
Fax: (501) 688-8807
Email: lpruitt@mwlaw.com

**Counsel for Defendants 3M Company
and Arizant Healthcare Inc.**