# EXHIBIT H



Monica L. Davies
Direct Dial: 612-343-3248
E-Mail: mdavies@blackwellburke.com

June 20, 2018

**VIA EMAIL**
(**gzimmerman@meshbesher.com**)

Genevieve Zimmerman
Meshbesher & Spence, Ltd.
1616 Park Avenue South
Minneapolis, MN 55404

Re: *In re Bair Hugger Forced Air Warming Devices Products Liability Litigation*
   MDL No. 15-2666-JNE-FLN

Dear Genevieve:

Pursuant to the Court's June 18, 2018 Order, the Draft Prewarming Document (Dkt. No. 937) is to remain under seal. Following the entry of the order, Defendants discovered that Plaintiffs included an excerpt from the document – in unredacted form – in their October 3, 2017 Opposition to Defendants' Motion to Exclude Plaintiffs' Engineering Experts (Dkt. No. 914 at 4). Based on our review, it appears that other briefs that discussed this document were appropriately redacted.

Please take any necessary actions to ensure that this oversight is corrected and that the filing is immediately removed from the public docket. Defendants do not object to Plaintiffs filing a corrected version with the excerpt from the document redacted.

Sincerely,

/s/ Monica Davies

Monica L. Davies

# Cyndee Krenos

| | |
|---|---|
| **From:** | Ben Hulse |
| **Sent:** | Friday, October 05, 2018 10:03 AM |
| **To:** | 3M Bair Hugger |
| **Subject:** | FW: Bair Hugger -- last night's filing/violation of Court order on sealing |

**From:** Ben Hulse
**Sent:** Friday, October 05, 2018 10:02 AM
**To:** Genevieve Zimmerman <gzimmerman@meshbesher.com>; Jan M. Conlin <JMC@ciresiconlin.com>; Ben Gordon <bengordonlaw@aol.com>
**Cc:** Jerry Blackwell <blackwell@blackwellburke.com>; Mary Young <myoung@blackwellburke.com>; Bridget Ahmann <Bridget.Ahmann@FaegreBD.com>; Lyn Pruitt <LPruitt@mwlaw.com>
**Subject:** RE: Bair Hugger -- last night's filing/violation of Court order on sealing

We understand the filing has now been put under seal.  Thank you.

-Ben H.

Benjamin W. Hulse
Blackwell Burke P.A.
431 South Seventh Street, Suite 2500
Minneapolis, MN  55415
Direct (612) 343-3256
Fax (612) 343-3205

This message and any attachments may contain information that is privileged, confidential, and exempt from disclosure under applicable law. If you are not the intended recipient or are not authorized to receive for the recipient, you are hereby notified that dissemination, distribution or copying of this message and any attachments is strictly prohibited. If you have received this message in error, please immediately advise the sender by reply e-mail and delete the message and any attachments. Thank you.

**From:** Ben Hulse
**Sent:** Friday, October 05, 2018 8:46 AM
**To:** 'Genevieve Zimmerman' <gzimmerman@meshbesher.com>; Jan M. Conlin <JMC@ciresiconlin.com>; Ben Gordon <bengordonlaw@aol.com>
**Cc:** Jerry Blackwell <blackwell@blackwellburke.com>; Mary Young <myoung@blackwellburke.com>; Bridget Ahmann <Bridget.Ahmann@FaegreBD.com>; Lyn Pruitt <LPruitt@mwlaw.com>
**Subject:** Bair Hugger -- last night's filing/violation of Court order on sealing

Counsel:

You have disclosed the contents of under-seal documents in a public filing.  Given the number of times we have litigated over these specific issues with the Court (e.g. ECF No. 1294), and the fact that you redacted this content in your 9/4 brief, it is difficult for us to see how this could have been accidental.

We demand that you withdraw last night's filing immediately (no later than 10 a.m.) and file a proper redacted version or we will schedule a phone conference with Judge Schultz to seek relief.  We reserve our right to seek sanctions.

Ben Hulse

Benjamin W. Hulse
Blackwell Burke P.A.
431 South Seventh Street, Suite 2500
Minneapolis, MN  55415
Direct (612) 343-3256
Fax (612) 343-3205

This message and any attachments may contain information that is privileged, confidential, and exempt from disclosure under applicable law. If you are not the intended recipient or are not authorized to receive for the recipient, you are hereby notified that dissemination, distribution or copying of this message and any attachments is strictly prohibited. If you have received this message in error, please immediately advise the sender by reply e-mail and delete the message and any attachments. Thank you.

# EXHIBIT I

MICHAEL C. SNYDER
MARK D. STREED
DANIEL C. GUERRERO
JEFFERY P. OISTAD
ANTHONY J. NEMO
KONSTANDINOS NICKLOW
PAMELA J. SPAULDING
ANDREW L. DAVICK
GENEVIEVE M. ZIMMERMAN
JOSHUA M. TUCHSCHERER

LAW OFFICES
**MESHBESHER & SPENCE, LTD.**
1616 PARK AVENUE
MINNEAPOLIS, MINNESOTA 55404
**(612) 339-9121**
FAX (612) 339-9188
www.meshbesher.com
**REPLY TO MINNEAPOLIS OFFICE**

ZACHARY C. BAUER
JAMES B. SHEEHY
LINDSEY A. CARPENTER
ERIC PALMER
RACHEL N. SIMPSON
ASHLEIGH E. RASO
NATE DAHL
DEREK STEWART

OF COUNSEL
REID RISCHMILLER
RALPH PALMER

January 30, 2019

*Via CM/ECF and Email* – JoanEricksen_Chambers@mnd.uscourts.gov
Schultz_Chambers@mnd.uscourts.gov

Hon. Joan N. Ericksen                    Hon. David T. Schultz
Judge, United States District Court      United States District Court
District of Minnesota                    District of Minnesota
12W U.S. Courthouse                      9E U.S. Courthouse
300 South Fourth Street                  300 South Fourth Street
Minneapolis, MN 55415                    Minneapolis, MN 55415

Re:  MDL 2666: *In re: Bair Hugger Forced Air Warming Products Liability Litigation*

Dear Judge Ericksen and Magistrate Judge Schultz:

Earlier today 3M, through Ben Hulse, sent an unrequested update regarding what he deemed "significant developments" concerning state court Bair Hugger litigation. It appears the intent of the letter was more to cast accusations towards the MDL leadership than it was to provide any meaningful update regarding two state court cases. While Plaintiffs do not believe Mr. Hulse's letter was necessary, and in fact, a departure from the local rules with respect to letters to the Court, Plaintiffs will take this opportunity to respond.

Mr. Hulse complains about a case filed in Jackson County, Missouri in which there are claims against the plaintiff's medical providers. The Langdon & Emison firm, like all firms, has every right to represent their clients ethically and

CASE 0:15-md-02666-JNE-DTS Document 1952-3 Filed 06/06/19 Page 7 of 10

Hon. Joan N. Ericksen
Hon. David T. Schultz
2 | P a g e

vigorously. There is nothing untoward about a firm determining that additional parties can or should be included. Indeed, given Defendants have blamed hospital for these infections rather than the Bair Hugger, 3M can hardly claim that suing medical care providers is surprising, much less fraudulent. The issues Mr. Hulse raises alleging fraudulent joiner have apparently been briefed and will be resolved by the courts having jurisdiction over those cases, and the case will either be remanded to Jackson County State Court or will become part of the MDL. The fact Langdon & Emison were lead counsel in *Axline* does not compel them to file all future cases in the MDL.

As for the contention that there is "some degree of cooperation between Langdon & Emison and Plaintiffs' Leadership," the Leadership is committed to assisting attorneys prosecuting Bair Hugger cases in every way allowed by the Rules and the Court's orders, regardless if those cases are pending in State Courts or in the MDL. The Langdon & Emison firm is comprised of excellent attorneys who were preparing to serve as part of the trial team in the *Axline* matter. Accordingly, they are aware of the obligations imposed upon them by the Protective Order entered in this MDL.

Mr. Hulse next accuses Leadership of improperly disclosing the "Bair Paws" document. His allegation appears to be based upon discovery requests served. The allegation is serious, and one which we vehemently deny. Typically, such an allegation would include *some* evidence, such as the language in the discovery requests. However, Mr. Hulse made the allegation without providing evidence, which obviously makes responding more difficult.

That a discovery request mentions or seeks information related to, for example, Bair Paws, is not evidence of a Protective Order violation. As the Court is keenly aware, Bair Paws was part of the evidence Plaintiffs' evidence in connection with multiple dispositive motions, and the document was discussed extensively in open court by both parties during hearings in October of 2017. Those hearings, before the joint sessions of this Honorable Court and the Ramsey County court, were open to the public, despite the belated attempt by Defendants to have the proceedings closed. And of course that was a proper decision and in line with both long-standing practice in the District of Minnesota and with statutes

Hon. Joan N. Ericksen
Hon. David T. Schultz
3 | P a g e

governing the state courts in Minnesota, as referenced by Judge Leary in denying the request. Writers from the *Star Tribune* were present throughout the three-day proceedings, as were members of the public and the bar. The transcripts of those proceedings have long been publicly available on this Court's Bair Hugger MDL web page.  For example, the following is part of the October 24, 2017[1] transcript:

```
 4              And it's regarding the Bear Paws product, and the
 5     Bear Paws product is a forced air warming device
 6     manufactured and sold by 3M that warms a patient up and
 7     blows hot air on them before surgery.  So Bear Paws is
 8     typically used before surgery, Bair Hugger during surgery.
 9     And if you look at the advantages listed there for using the
10     Bear Paws, warming up the patient before surgery, it says,
11     Can be used when intraoperative warming is contra-indicated,
12     and then in parentheses it says, Aortic cross clamp in
13     orthopedic cases.
```

Likewise, two days later a similar discussion occurred on the record in response opposing the Defendants' motion for summary judgment[2]:

---

[1] *See* October 24, 2017 Daubert transcript at pg. 121:4-13, available at http://www.mnd.uscourts.gov/MDL-Bair-Hugger/Transcripts/2017/2017-1024-MotionsHearings-Volume-I.pdf

[2] *See* October 26, 2017 Daubert transcript at pg. 125:15-126:9, available at http://www.mnd.uscourts.gov/MDL-Bair-Hugger/Transcripts/2017/2017-1026-MotionsHearings-Volume-III.pdf

Hon. Joan N. Ericksen
Hon. David T. Schultz
4 | P a g e

```
18          That's Al Van Duren says in his document here, but
19     the other thing that he says, and we highlighted this in our
20     brief, and this is at Table 1.  He says, and this is, it's a
21     table that lists advantages and disadvantages of using the
22     Bear Paws prewarming versus the Bair Hugger during an
23     operation.
24          Advantages:  Inexpensive.  Bear Paws is safe.
25     Bear Paws can be used when intraoperative warming is
 1     contra-indicated (aortic cross clamp, orthopedic cases.) It
 2     also, one benefit, it does not contaminate the sterile field
 3     to use the Bear Paws before a surgery starts.
 4          Go down two lines on the same chart.  Again Al Van
 5     Duren.  This is not Dr. Augustine.  Dr. Augustine is not in
 6     the picture.  Bear Paws reduces the incidence of surgical
 7     site infection, and it reduces the potential for nosocomial
 8     transmission of pathogens by eliminating the need for
 9     intraoperative warming.
```

Presumably this publicly available document contains whatever it is Mr. Hulse alleges that Plaintiffs' Leadership disseminated. Perhaps had Mr. Hulse called or emailed someone from Leadership with this issue, the Court's and the parties' time could have been better spent. Regretfully, that did not occur therefore Plaintiffs had to respond to baseless allegations.

As an additional matter, we have raised objection to Defendants' persistent letter campaigns to this Court. There is a process by which the parties can report potential issues impacting this MDL: through the Joint Status Report, or through formal motion practice as provided by the Federal Rules of Civil Procedure. That process allows for either a back and forth between the parties in a regular fashion

Hon. Joan N. Ericksen
Hon. David T. Schultz

5 | P a g e

such that no one party is faced with an unexpected letter requiring immediate response at the risk adverse findings, or, in the case of a motion, the meet and confer process ordered by our local rules. We re-raise our objection and request the Court instruct Defendants to stop.

Respectfully submitted,

*Genevieve Zimmerman*

Genevieve M. Zimmerman, on behalf of Plaintiffs

GMZ/hms
Encl.

cc:   Jerry W. Blackwell, via email
      Benjamin W. Hulse, via email
      Jan M. Conlin, via email
      Ben Gordon, via email
      Gabriel Assaad, via email
      Kyle Farrar, via email