IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

| | |
|---|---|
| IN RE: BAIR HUGGER FORCED AIR WARMING PRODUCT LIABILITY LITIGATION | MDL No.: 15-md-02666 (JNE/DTS) |
| This Document Relates To: | |
| DANIEL MORGAN, | Civil Action No.: 18-cv-02740 |
| Plaintiff, | |

_____

**DECLARATION OF DONALD C. GREEN II IN SUPPORT OF PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS**
_____

I, Donald C. Green II, declare as follows:

1. I am an attorney at Kennedy Hodges, LLP and Counsel for Plaintiff Daniel Morgan in the above-captioned matter.

2. I submit this affidavit in opposition to Defendants' Motion to Dismiss for Failure to Comply with Pretrial Order No. 14 [Dkt. 1933] filed on June 5, 2019.

3. Medical records for the initial surgery were ordered from Black Hills Orthopedic & Spine Center. Based on the name of this facility and the fact that this facility was identified as the location of the surgery, it was thought that this was a surgery center where the procedure was performed.

4. These records were made available in September 2018. Upon review of the records, we discovered that Black Hills Orthopedic & Spine Center was an

orthopedic facility and that the subject surgery was performed at Regional Health Rapid City Hospital.

5. Staff emailed U.S. Legal on December 5, 2018 and requested that they follow up with the custodian for anesthesia records.

6. A completed Plaintiff Fact Sheet was timely submitted through Blade on December 19, 2018.

7. Defendants issued a deficiency notice regarding Section III, Question 1, which concerns information about use of a forced air warming device during the subject surgery. Aside from a deficiency regarding the date of the verification, there were no other deficiencies alleged.

8. On February 7, 2019, Jaime from U.S. Legal Support emailed us stating that the custodian was being non-compliant and that this was causing delays with the request.

9. In early April 2019, we were informed that the record custodian at Black Hills had reported to U.S. Legal Support that the anesthesiology records would not be available from them and would need to be obtained directly from the hospital, Regional Health Rapid City Hospital, where the surgery was performed. At this point, we realized that U.S. Legal had erroneously followed up with the orthopedic facility instead of the hospital.

10. A new request was initiated for anesthesiology records from the hospital on April 16, 2019.

11. As outlined in the Response and in the declaration of Chandler Grivetti, we have been diligent in following up to obtain these records, but so far have been unable to obtain them.

12. The hospital where the subject surgery occurred—Rapid City Regional Hospital, a/k/a Regional Health Rapid City Hospital—is listed on the 3M Customer List for 2014, produced at Bates number 3MBH00984364. The subject surgery at this hospital occurred on February 19, 2014

13. Exhibit A is a true and correct copy of the 3M Customer List from 2014, produced by Defendant 3M at Bates number 3MBH00984364. Although the file has been converted from Excel to PDF and page numbers have been added, the substantive content relevant to the instant response has not been modified.

14. Exhibit B is a true and correct copy of the request log generated for the medical record request for this case initiated by U.S. Legal Support, the third-party vendor used by Kennedy Hodges for retrieving medical records on behalf of its clients.

Pursuant to 28 U.S.C. § 1746(2), I declare under penalty of perjury that the foregoing is true and correct.

June 12, 2019                         /s/Donald C. Green II
                                      Donald C. Green II