# EXHIBIT 1

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

In re: Bair Hugger Forced Air Warming
Devices Product Liability Litigation.

MDL No. 15-2666 (JNE/DTS)

This Document Relates to:
ALL ACTIONS

---

### **AFFIDAVIT OF GENEVIEVE M. ZIMMERMAN**

1.  My name is Genevieve Zimmerman.  I am over the age of 18, of sound mind and all the facts stated herein are within my personal knowledge and are true and correct.

2.  I am an attorney licensed in the States of Minnesota, North Dakota and Wisconsin. I am Co-Lead Counsel for Plaintiffs in *In re: Bair Hugger Forced Air Warming* MDL. I am also co-counsel for Plaintiff John Petitta in Cause No. C-5130-16-A; *Petitta v. 3M Company et. al.*; pending in the 92nd Judicial District Court, Hidalgo County, Texas.

3.  I have never "shared the Bair Paws exhibit (or contents thereof) with co-counsel in the *Petitta* matter" as alleged on page 7 of 3M's Motion for Contempt.  That allegation is false.  Counsel for 3M has been made aware on several occasions that nobody from the MDL "shared the Bair Paws exhibit (or contents thereof) with co-counsel in the *Petitta* matter" yet included it in its motion nonetheless.

4.  Counsel for 3M raised the same type of unfounded allegations on January 30, 2019, though did not resort to filing a baseless motion to hold Plaintiffs' attorneys in contempt and sanction them. See attached Exhibit A (Dkt. 1728, Hulse Letter, January 30, 2019) Defendants claimed to be "continuing to investigate how this apparent improper disclosure occurred." Plaintiffs responded to 3Ms letter the same day, assuring Defendants no improper disclosure of the "Bair Paws" document was made, and pointed Defendants to the publicly available transcripts which contain references to both Bair Paws and the fact that Bair Paws can be used when intraoperative warming [with Bair Hugger] is contraindicated (aortic cross-clamp, orthopedic cases). See attached Exhibit B (Dkt. 1729, Zimmerman Letter, January 30, 2019).

5.  In its Motion for Contempt, 3M states, "on March 19, 2019, MDL Counsel entered appearances for Mr. Petitta, objected to the entry of the protective order, and demanded production of all documents produced by Defendants in the MDL (and then some) with no protection whatsoever." This is also false.  I personally participated in meet and confer efforts via telephone on the substance of a protective order.

1

FURTHER THIS AFFIANT SAYETH NAUGHT.

```
HOLLY M. STERNQUIST
Notary Public
State of Minnesota
My Commission Expires
January 31, 2024
```

_____
AFFIANT

**SWORN TO AND SUBSCRIBED** before me on the _10th_ day of _June_, 2019.

_____
Notary Public, State of Minnesota

Notary's printed name: _Holly M. Sternquist_

My commission Expires: _1-31-2024_

2



**Benjamin W. Hulse**
**Direct Dial: 612-343-3256**
**E-Mail: bhulse@blackwellburke.com**

January 30, 2019

**VIA ECF**

The Honorable Joan N. Ericksen      The Honorable David T. Schultz
United States District Court         United States District Court
12W U.S. Courthouse            9E U.S. Courthouse
300 South Fourth Street         300 South Fourth Street
Minneapolis, MN 55415         Minneapolis, MN 55415

RE:    *In re Bair Hugger Forced Air Warming Devices Products Liability Litigation*
       MDL No. 15-2666-JNE-DTS

Dear Judge Ericksen and Judge Schultz:

Though this month's status conference was cancelled, Defendants would like to update the Court on significant developments concerning state court Bair Hugger litigation.

Following the *Gareis* trial, Plaintiffs' co-lead counsel indicated that some Plaintiffs' counsel who have been active in the MDL were planning to instead file new suits in state court. That has now happened, at least in one instance. In December, the Langdon & Emison firm (who were lead counsel in the *Axline* case) filed a suit in state court in Jackson County, Missouri (*O'Haver v. Anesthesia Assoc. of Kansas City, P.C., et al.*). The plaintiff's claims against Defendants mirror those in the MDL Master Complaint. In an attempt to avoid removal and transfer to this MDL, the plaintiff also asserts claims against the Missouri medical providers who performed her surgery, asserting that these providers committed malpractice by using the Bair Hugger system.

Defendants removed the case to the United States District Court for the Western District of Missouri (Case No. 4:19-cv-0037-FJG) on the basis that diversity jurisdiction exists among all *properly* joined parties. As explained in Defendants' notice of removal, the claims against the treater defendants were misjoined and fraudulently joined for the obvious purpose of defeating federal jurisdiction and evading the MDL. The JPML issued a Conditional Transfer Order on January 22, 2019. The plaintiff filed a notice of opposition to the CTO yesterday.

The plaintiff has also filed a remand motion and requested expedited treatment. If successful, the remand motion could allow a pathway for some future plaintiffs to evade the MDL. Interestingly, the plaintiff's remand motion attaches Defendants' interrogatory responses in *Gareis*, which we do not believe have ever been publicly filed. This suggests at least some degree of cooperation between Langdon & Emison and Plaintiffs' Leadership in this effort.

The Honorable Joan N. Ericksen and The Honorable David T. Schultz
January 30, 2019
Page 2

Separately, the *Petitta* case in Hidalgo County, Texas, has been set for trial on September 30, 2019. Discovery requests recently served on Defendants in *Petitta* include language taken from the sealed Bair Paws exhibit (see Dkt. No. 1294) – even though Defendants have not yet produced documents in the case and no protective order has yet been entered allowing the sharing of documents from the MDL. This development supports our belief that there has already been dissemination of sealed documents (or at least the contents of those documents) to individuals outside the MDL who are not entitled to see them. Defendants are continuing to investigate how this apparent improper disclosure occurred.

Sincerely,

*s/Benjamin W. Hulse*

Benjamin W. Hulse



MICHAEL C. SNYDER
MARK D. STREED
DANIEL C. GUERRERO
JEFFERY P. OISTAD
ANTHONY J. NEMO
KONSTANDINOS NICKLOW
PAMELA J. SPAULDING
ANDREW L. DAVICK
GENEVIEVE M. ZIMMERMAN
JOSHUA M. TUCHSCHERER

LAW OFFICES
## MESHBESHER & SPENCE, LTD.
1616 PARK AVENUE
MINNEAPOLIS, MINNESOTA 55404
**(612) 339-9121**
FAX (612) 339-9188
<u>www.meshbesher.com</u>
<u>**REPLY TO MINNEAPOLIS OFFICE**</u>

ZACHARY C. BAUER
JAMES B. SHEEHY
LINDSEY A. CARPENTER
ERIC PALMER
RACHEL N. SIMPSON
ASHLEIGH E. RASO
NATE DAHL
DEREK STEWART

OF COUNSEL
REID RISCHMILLER
RALPH PALMER

January 30, 2019

*Via CM/ECF and Email –*  JoanEricksen_Chambers@mnd.uscourts.gov
Schultz_Chambers@mnd.uscourts.gov

Hon. Joan N. Ericksen
Judge, United States District Court
District of Minnesota
12W U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415

Hon. David T. Schultz
United States District Court
District of Minnesota
9E U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415

Re:    MDL 2666: *In re: Bair Hugger Forced Air Warming Products Liability Litigation*

Dear Judge Ericksen and Magistrate Judge Schultz:

Earlier today 3M, through Ben Hulse, sent an unrequested update regarding what he deemed "significant developments" concerning state court Bair Hugger litigation. It appears the intent of the letter was more to cast accusations towards the MDL leadership than it was to provide any meaningful update regarding two state court cases. While Plaintiffs do not believe Mr. Hulse's letter was necessary, and in fact, a departure from the local rules with respect to letters to the Court, Plaintiffs will take this opportunity to respond.

Mr. Hulse complains about a case filed in Jackson County, Missouri in which there are claims against the plaintiff's medical providers.  The Langdon & Emison firm, like all firms, has every right to represent their clients ethically and

CASE 0:15-md-02666-JNE-DTS Document 1729 Filed 04/30/19 Page 2 of 5

Hon. Joan N. Ericksen
Hon. David T. Schultz

**2** | P a g e

vigorously. There is nothing untoward about a firm determining that additional parties can or should be included. Indeed, given Defendants have blamed hospital for these infections rather than the Bair Hugger, 3M can hardly claim that suing medical care providers is surprising, much less fraudulent. The issues Mr. Hulse raises alleging fraudulent joiner have apparently been briefed and will be resolved by the courts having jurisdiction over those cases, and the case will either be remanded to Jackson County State Court or will become part of the MDL. The fact Langdon & Emison were lead counsel in *Axline* does not compel them to file all future cases in the MDL.

As for the contention that there is "some degree of cooperation between Langdon & Emison and Plaintiffs' Leadership," the Leadership is committed to assisting attorneys prosecuting Bair Hugger cases in every way allowed by the Rules and the Court's orders, regardless if those cases are pending in State Courts or in the MDL. The Langdon & Emison firm is comprised of excellent attorneys who were preparing to serve as part of the trial team in the *Axline* matter. Accordingly, they are aware of the obligations imposed upon them by the Protective Order entered in this MDL.

Mr. Hulse next accuses Leadership of improperly disclosing the "Bair Paws" document. His allegation appears to be based upon discovery requests served. The allegation is serious, and one which we vehemently deny. Typically, such an allegation would include *some* evidence, such as the language in the discovery requests. However, Mr. Hulse made the allegation without providing evidence, which obviously makes responding more difficult.

That a discovery request mentions or seeks information related to, for example, Bair Paws, is not evidence of a Protective Order violation. As the Court is keenly aware, Bair Paws was part of the evidence Plaintiffs' evidence in connection with multiple dispositive motions, and the document was discussed extensively in open court by both parties during hearings in October of 2017. Those hearings, before the joint sessions of this Honorable Court and the Ramsey County court, were open to the public, despite the belated attempt by Defendants to have the proceedings closed. And of course that was a proper decision and in line with both long-standing practice in the District of Minnesota and with statutes

Hon. Joan N. Ericksen
Hon. David T. Schultz

**3 |** P a g e

governing the state courts in Minnesota, as referenced by Judge Leary in denying
the request. Writers from the *Star Tribune* were present throughout the three-day
proceedings, as were members of the public and the bar. The transcripts of those
proceedings have long been publicly available on this Court's Bair Hugger MDL
web page. For example, the following is part of the October 24, 2017[1] transcript:

```
 4              And it's regarding the Bear Paws product, and the

 5      Bear Paws product is a forced air warming device

 6      manufactured and sold by 3M that warms a patient up and

 7      blows hot air on them before surgery.  So Bear Paws is

 8      typically used before surgery, Bair Hugger during surgery.

 9      And if you look at the advantages listed there for using the

10      Bear Paws, warming up the patient before surgery, it says,

11      Can be used when intraoperative warming is contra-indicated,

12      and then in parentheses it says, Aortic cross clamp in

13      orthopedic cases.
```

Likewise, two days later a similar discussion occurred on the record in response
opposing the Defendants' motion for summary judgment[2]:

---

[1] *See* October 24, 2017 Daubert transcript at pg. 121:4-13, available at
http://www.mnd.uscourts.gov/MDL-Bair-Hugger/Transcripts/2017/2017-1024-
MotionsHearings-Volume-I.pdf

[2] *See* October 26, 2017 Daubert transcript at pg. 125:15-126:9, available at
http://www.mnd.uscourts.gov/MDL-Bair-Hugger/Transcripts/2017/2017-1026-
MotionsHearings-Volume-III.pdf

CASE 0:15-md-02666-JNE-DTS  Document 1729  Filed 04/30/19  Page 9 of 10

Hon. Joan N. Ericksen
Hon. David T. Schultz

**4** | P a g e

```
18          That's Al Van Duren says in his document here, but

19     the other thing that he says, and we highlighted this in our

20     brief, and this is at Table 1.  He says, and this is, it's a

21     table that lists advantages and disadvantages of using the

22     Bear Paws prewarming versus the Bair Hugger during an

23     operation.

24          Advantages:  Inexpensive.  Bear Paws is safe.

25     Bear Paws can be used when intraoperative warming is

1     contra-indicated (aortic cross clamp, orthopedic cases.) It

2     also, one benefit, it does not contaminate the sterile field

3     to use the Bear Paws before a surgery starts.

4          Go down two lines on the same chart.  Again Al Van

5     Duren.  This is not Dr. Augustine.  Dr. Augustine is not in

6     the picture.  Bear Paws reduces the incidence of surgical

7     site infection, and it reduces the potential for nosocomial

8     transmission of pathogens by eliminating the need for

9     intraoperative warming.
```

Presumably this publicly available document contains whatever it is Mr. Hulse alleges that Plaintiffs' Leadership disseminated. Perhaps had Mr. Hulse called or emailed someone from Leadership with this issue, the Court's and the parties' time could have been better spent.  Regretfully, that did not occur therefore Plaintiffs had to respond to baseless allegations.

As an additional matter, we have raised objection to Defendants' persistent letter campaigns to this Court. There is a process by which the parties can report potential issues impacting this MDL: through the Joint Status Report, or through formal motion practice as provided by the Federal Rules of Civil Procedure. That process allows for either a back and forth between the parties in a regular fashion

Hon. Joan N. Ericksen
Hon. David T. Schultz

**5** | P a g e

such that no one party is faced with an unexpected letter requiring immediate response at the risk adverse findings, or, in the case of a motion, the meet and confer process ordered by our local rules. We re-raise our objection and request the Court instruct Defendants to stop.

Respectfully submitted,

*Genevieve Zimmerman*

Genevieve M. Zimmerman, on behalf of Plaintiffs

GMZ/hms
Encl.

cc:    Jerry W. Blackwell, via email
       Benjamin W. Hulse, via email
       Jan M. Conlin, via email
       Ben Gordon, via email
       Gabriel Assaad, via email
       Kyle Farrar, via email