# EXHIBIT 5

| From: | Mark Bankston |
|---|---|
| To: | Mark Bankston |
| Subject: | FW: Petitta |
| Date: | Wednesday, June 12, 2019 12:04:32 AM |
| Attachments: | Petitta -- Proposed Protective Orderv2 (KWF).docx |

**From:** Kyle Farrar
**Sent:** Friday, April 5, 2019 11:09 AM
**To:** 'Deborah E. Lewis' <dlewis@blackwellburke.com>
**Cc:** 'Albert Garcia III' <albert@garmtzlaw.com>; 'Gabriel Assaad' <gassaad@kennedyhodges.com>
**Subject:** RE: Petitta

I guess this week wasn't good for you.  I intend to file a motion to compel on the issues below next week unless you tell me when you can discuss them.

Here is the redlined P.O.

**From:** Kyle Farrar
**Sent:** Monday, April 1, 2019 3:31 PM
**To:** 'Deborah E. Lewis' <dlewis@blackwellburke.com>
**Cc:** Albert Garcia III <albert@garmtzlaw.com>; Gabriel Assaad <gassaad@kennedyhodges.com>
**Subject:** RE: Petitta

Let me know when you can discuss the discovery this week.  I will send a redlined version of the P.O. this week as well.

**From:** Deborah E. Lewis <dlewis@blackwellburke.com>
**Sent:** Thursday, March 28, 2019 3:14 PM
**To:** Kyle Farrar <kyle@fbtrial.com>
**Cc:** Albert Garcia III <albert@garmtzlaw.com>; Gabriel Assaad <gassaad@kennedyhodges.com>
**Subject:** RE: Petitta

Good afternoon Kyle,
At your request, I attach the latest revision to the proposed protective order I sent to Mr. Garcia on February 27.  We have been in discussions with Mr. Garcia about the protective order at least as early as January 24, and perhaps sooner than that date.  You may be aware that we offered Mr. Garcia – back in January - access to documents produced in the MDL with his agreement to the attached protective order.  That remains our position today.

I recently spoke to Mr. Garcia this past Monday, as you may know, at which time I informed him that Gabe helped negotiate the MDL protective order from which the attached protective order comes.  We question what reason there could be for the same MDL counsel to now object to a protective order previously agreed to, especially when such MDL counsel were integral to its negotiation and entry.

Your comment that a protective order must comply with Texas law suggests that you have already reviewed the proposed protective order and reached that conclusion.  It would be helpful for our evaluation if you could provide more detail as to what provisions you believe are not in compliance with Texas law.

Lastly, this week is spring break for many school districts in this area, and unfortunately I am unable to respond further with 3M's position on your specific discovery inquiries in just two days.  I propose we discuss these issues further mid-week next week.

Thanks Kyle for your cooperation in advance.  Let me know if you have additional questions about previous discussions with Mr. Garcia.
Best,
Deborah


## Deborah Lewis

**Blackwell Burke P.A.**
431 South Seventh Street, Suite 2500
Minneapolis, MN  55415
Direct (612) 343-3228
Fax (612) 343-3205

This message and any attachments may contain information that is privileged, confidential, and exempt from disclosure under applicable law. If you are not the intended recipient or are not authorized to receive for the recipient, you are hereby notified that dissemination, distribution or copying of this message and any attachments is strictly prohibited. If you have received this message in error, please immediately advise the sender by reply e-mail and delete the message and any attachments. Thank you.

**From:** Kyle Farrar [mailto:kyle@fbtrial.com]
**Sent:** Wednesday, March 27, 2019 7:55 PM
**To:** Deborah E. Lewis <dlewis@blackwellburke.com>
**Cc:** Albert Garcia III <albert@garmtzlaw.com>; Gabriel Assaad <gassaad@kennedyhodges.com>
**Subject:** Petitta

Ms. Lewis:

Mr. Garcia has forwarded 3M's response to discovery and I am writing to meet and confer on the same.  As an initial matter, I understand there is no protective order in place, but there has been some discussions.  Can you please let me know where that stands.  As I am sure you are aware, a motion for protective order in Texas must be filed "within the time permitted for response to the discovery request…"  Tex. R. Civ. P. 192.6.  3M has yet to move for a protective order and the deadline has passed.  We are willing to work with you on this issue, but the P.O. must comply with Texas law, and not simply mirror the MDL protective order.  Please send me the latest draft.

As for 3M's responses to the requests, I am having a hard time understanding the relevance and burden objections to the requests seeking MDL documents and depositions.  The MDL protective order provides that 3M should share this information.  3M cannot possible argue sending over some

deposition transcripts and reproducing documents already produced and stored electronically is too burdensome for a multi billion dollar corporation. These depositions and documents were produced during the general causation stage of the MDL, so they are by definition relevant to this case. This is especially true given 3M's admission in the first sentence of its preliminary statement which states, "Plaintiff's allegations against 3M in this lawsuit mirror those asserted by the plaintiffs in a federal MDL…" In short, there is absolutely no legitimate reason not to produce the documents and deposition from the MDL other than attempting to use them as a bargaining tool to obtain a protective order that is contrary to Texas law. The same rationale applies to the depositions from *Walton* and *Johnson*. Further, as counsel for Walton, Johnson and Garies, I intend to use their medical records in redacted form as proof of other similar incidents. Therefore, I do not need those records reproduced, but I assume you will stipulate to the authenticity of the records. If not, please produce them as well.

Further, 3M responded to the great majority of requests saying it will produce "nonprivileged documents contained within its production of documents in the Bair Hugger MDL…" The fact 3M may have limited its production in the MDL has no bearing on its obligations to produce all relevant responsive documents in this case. For example, RFP 92 seeks information regarding future planned studies. 3M's position in the MDL is general discovery is complete and it has refused to supplement its discovery responses absent Court order. Discovery in this case is not complete, and this request seeks information that may not have been in existence when 3M responded to discovery in the MDL. Please let me know if 3M will remove this arbitrary limitation in all responses it is found.

The following are specific RFP which Plaintiff believes 3M should remove its objection.

RFP 15 – 3M states communications with co-defendants falls under the "common interest doctrine." The request was geared towards communications prior to litigation between 3M and Plaintiff's health care providers who are now co-defendants. Those communications would not fall under a common interest doctrine. Regardless, please produce a privilege log as required by Texas Rule 193.3 within 15 days so Plaintiffs can evaluate the claim of privilege.

RFP 17 request all LCA. 3M objects saying none were executed in this case. 3M's bribing of witnesses in other cases goes to their credibility in the depositions you want Plaintiffs to rely upon in this case, and as such, are relevant and discoverable. Please produce the agreements.

RFP 18 seeks payments made by 3M on behalf of former employees, including payments to legal counsel. As you know, 3M's former employees were represented by a Dallas law firm and none of the witnesses testified they were paying the bills. 3M's response that it has no responsive documents cannot be accurate unless the Brewer law firm undertook a very bizarre pro bono assignment. Please supplement and produce the documents requested.

RFP 29 seeks documents that refer or relate to the Bair Hugger being contra-indicated for orthopedic surgery. 3M claims no such documents exist. You know that is a blatant misrepresentation. If you do not withdraw that response I will request the MDL Court allow Plaintiffs access to responsive documents to inform the Petitta Court of its misrepresentation.

RFP 35 seeks due diligence file.  This information may go to the heart of 3M's knowledge of the dangers of the Bair Hugger device and is specifically discoverable in Texas.  Please remove your objections and produce the responsive information.

Please let me know 3M's position on these issues by the end of the week so we can proceed accordingly.

Best regards,

**Kyle Farrar**
Kaster, Lynch, Farrar & Ball
1010 Lamar St., Suite 1600
Houston, Texas 77002
713.221.8300

CAUSE NO.  C-5130-16-A

| | | |
|---|---|---|
| **JOHN PETITTA** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **V.** | § | |
| | § | |
| **RAY R. TREY FULP III, D.O., RAY FULP** | § | **HIDALGO COUNTY, TEXAS** |
| **ORTHOPEDICS, P.A. d/b/a SOUTH** | § | |
| **TEXAS BACK INSTITUTE AND** | § | |
| **ORTHOPEDICS, JAVIER BARBOSA,** | § | |
| **JAVIER BARBOSA, P.A., VHS** | § | |
| **BROWNSVILLE HOSPITAL COMPANY,** | § | |
| **LLC d/b/a VALLEY BAPTIST MEDICAL** | § | |
| **CENTER-BROWNSVILLE, 3M** | § | |
| **COMPANY AND ARIZANT** | § | |
| **HEALTHCARE, INC.** | § | **92nd JUDICIAL DISTRICT** |

## ~~AGREED~~ UNOPPOSED **PROTECTIVE ORDER**

Plaintiff JOHN PETITTA and Defendants 3M COMPANY, ARIZANT HEALTHCARE INC., RAY R. TREY FULP III, D.O., RAY FULP ORTHOPEDICS, P.A. d/b/a SOUTH TEXAS BACK INSTITUTE AND ORTHOPEDICS, JAVIER BARBOSA, and JAVIER BARBOSA, P.A., ~~a~~(collectively, the "Parties") agree that during the course of discovery it may be necessary to disclose certain confidential information relating to the subject matter of this action.   They agree that certain categories of such information should be treated as confidential, protected from disclosure outside this litigation, and used only for purposes of prosecuting or defending these actions and any appeals. In the interests of efficiency and coordination, and notwithstanding paragraph 18, discovery obtained by counsel in any forum shall be fully shareable with counsel litigating related cases in a different forum. ~~provided that the parties agree, or the Court in *In re: Bair Hugger Forced Air Warming Products Liability Litigation*, MDL No. 15-2666 (the "Federal MDL") determines, that a protective order with equivalent protections to the Protective Order in the Federal MDL (including, but not limited to, protections equivalent to those in paragraphs 5, 7, and 11) has been entered in each forum.~~   The Parties agree that this Protective Order provides

> **Comment [A1]:** Why would a Federal MDL Court make a determination as to whether information obtained in a state court proceeding in Texas is sharable with a state court proceeding elsewhere?

equivalent protections to the Protective Order entered in the Federal MDL (including protections equivalent to those in paragraphs 5, 7 and 11 of that Protective Order.)   The Parties jointly 3M requests entry of this proposed Protective Order to limit the disclosure, dissemination, and use of certain identified categories of confidential information.

> **Comment [A2]:** Plaintiff are not opposing, but we are not requesting a P.O.

The Parties assert in support of their request that protection of the identified categories of confidential information is necessary because the Parties anticipate that this action may involve discovery and production of documents and testimony that may contain confidential information, such as non-public proprietary and trade secret information, protected health information, or non-public commercial and financial data regarding the Bair Hugger system. Defendant 3M COMPANY competes in the healthcare marketplace with other manufacturers of patient warming devices and related equipment. As such, Defendant 3M COMPANY asserts that preservation of the company's confidential product information and trade secrets is an essential component of its business operations. Discovery and production of documents may also relate to non-public individually identifiable information related to Plaintiffs, employees or agents of 3M, or others.  For good cause shown under the Texas Rules of Civil Procedure, including Rule 192.6, and pursuant to the Parties' request, the Court hereby enters the following Protective Order:

1. **Scope.** All documents and materials a party designates in good faith as containing confidential information and producesd in the course of discovery of this case, including initial disclosures, responses to discovery requests, all deposition testimony and exhibits, and information derived directly therefrom (hereinafter collectively "documents"), are subject to this Order concerning Confidential Information as set forth below. As there is a presumption in favor of open and public judicial proceedings in Texas courts, this Order will be construed in favor of

public disclosure and open proceedings wherever possible.

2.     **Definition of Confidential Information.** As used in this Order, "Confidential Information" is defined as information that the producing party designates in good faith has been previously maintained in a confidential manner and should be protected from disclosure and use outside the litigation because its disclosure and use is restricted by statute or could potentially cause harm to the interests of disclosing party or nonparties. For purposes of this Order, the parties will limit their designation of "Confidential Information" to the following categories of information or documents:

Any non-public discovery material that counsel for the producing party has determined in good faith contains, reflects, or reveals: (a) trade secret information (which is a formula, pattern, device, or compilation of information which is used in one's business, and which gives the business an opportunity to obtain an advantage over competitors who do not know or use the trade secret information); (b) proprietary confidential information such as research or development information, or commercially or competitively sensitive information that would more likely than not cause competitive harm to the business operations of the producing party including, but not limited to: (i) business/strategic plans; (ii) sales, cost, and price information, including sales/financial projections; (iii) non-public marketing information; (iv) non-public detailed sales and financial data; (v) customer lists; (vi) non-public technical information; or (vii) other non- public information of competitive, financial, or commercial significance comparable to the items listed in this subparagraph; or (c) confidential, non-public personal information concerning individuals, including but not limited to confidential health information.

Information or documents that are available to the public may not be designated as Confidential Information.

3.      **Form and Timing of Designation.** The producing party must designate documents as containing Confidential Information and therefore subject to protection under this Order by marking or placing the words "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" (hereinafter "the marking") on the document and on all copies in a manner that will not interfere with the legibility of the document. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information. The marking will be applied prior to or at the time of the documents are produced or disclosed. Applying the marking to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Copies that are made of any designated documents must also bear the marking, except that indices, electronic databases, or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked. By marking a designated document as confidential, the designating attorney thereby certifies that the document contains Confidential Information as defined in this Order. By marking a document as confidential, the document is self authenticated.

4.      **Exercise of Restraint and Care in Designating Material for Protection.** Each party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that, in good faith, qualifies under the appropriate standards. To that end, the designating Party shall only designate the portion of a transcript that contains Confidential Information as Confidential and shall only designate individual documents that contain Confidential Information as Confidential, there shall be no "family" designation of groups of documents. If it comes to a designating party's attention that

information or items that it designated for production do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

**5. Inadvertent Production**

(a) **Inadvertent Production without Confidential Designation.** Inadvertent production of any Discovery Materials without a designation of Confidential will not be deemed to waive a later claim to its confidential nature or preclude a party from designating said document or information as Confidential pursuant to this Order at a later date. Any party may designate as Confidential or withdraw a Confidential designation from any Discovery Materials that it has produced, provided, however, that such re-designation shall be effective only as of the date of such re-designation. A party must treat such documents and things with the noticed level of protection from the date such notice is received. Such re-designation shall be accomplished by notifying counsel for each party in writing of such re-designation and providing replacement images bearing the appropriate description. Upon receipt of any re-designation and replacement image that designates Discovery Material as a Confidential, all Parties shall (1) treat such material in accordance with this Order; (2) take reasonable steps to notify any persons known to have possession of any such material of such re-designation under this Protective Order; and (3) promptly endeavor to procure all copies of such material from any persons known to have possession of such material who are not entitled to receipt under this Protective Order. Any material re-designated as Confidential shall be subject to the challenge provisions of Paragraph 9 in the same manner as any material initially designated as Confidential.

(b) ~~**Inadvertent Production of Privileged Materials.** Inadvertent production of documents or information (hereinafter "Inadvertently Produced Privileged~~

> **Comment [A3]:** This is out of place in a protective order regarding trade secrete information.   Rule 193.3 address this issue so there is no need for it to be altered or even addressed.

Materials") subject to work-product immunity, the attorney-client privilege, or other legal privilege protecting information from discovery shall not constitute a waiver of the immunity or privilege, provided that the party producing the materials shall notify all Parties in writing within a reasonable period of time from the discovery of the inadvertent production. If such notification is made, such Inadvertently Produced Privileged Materials and all copies thereof shall, upon request, be returned to the party making the inadvertent production or destroyed (upon certification of the destruction to the party making the inadvertent production), all notes or other work product of the receiving party reflecting the contents of such materials shall be destroyed (or if destruction is not feasible, permanently and irreversibly redacted upon certification of the redaction to the party making the inadvertent production), and such returned or destroyed material shall be deleted from any litigation support or other database. If the party receiving the production disputes in writing the claim of privilege or the claim of inadvertence they may retain possession of the Inadvertently Produced Privileged Materials as well as any notes or other work product of the receiving party reflecting the contents of such materials pending the resolution by the Court of the motion below. If the receiving party's motion is denied, the receiving party shall promptly comply with the immediately preceding provisions of this paragraph or such other directives as may be issued by the Court. No use shall be made of such Inadvertently Produced Privileged Materials during depositions or at trial, nor shall they be disclosed to anyone who was not given access to them prior to the request to return or destroy them. The party receiving such Inadvertently Produced Privileged Materials may, after receipt of the notice of inadvertent production, move the Court to oppose the request for return of the subject materials. Each party retains all rights and arguments as to any proceeding regarding Inadvertently Produced Privileged Materials.

6.      **Depositions**. Deposition testimony will be deemed confidential only if designated as such when the deposition is taken or within 21 days a reasonable time period after receipt of the deposition transcript. Such designation must be specific as to the portions of the transcript and/or any exhibits to be protected.

7.6.      **Protection of Confidential Material.**

      **(a)      General Protections.** Designated Confidential Information must be used or disclosed solely for purposes of prosecuting or defending this lawsuit, including any appeals, or any other related legal proceeding brought by one of the parties to this litigation.

      **(b)      Who May View Designated Confidential Information.** Except with prior written consent of the designating party or prior order of the Court, designated Confidential Information may only be disclosed to the following persons:

      (1)      The parties to this litigation, including any employees, agents, and representatives of the parties, except to the extent limited by Paragraph 7(c);[1]

      (2)      Counsel for the Parties and employees and agents of counsel;

      (3)      The Court and court personnel, including any special master appointed by the Court, and members of the jury;

      (4)      Court reporters, recorders, and videographers engaged for depositions;

      (5)      Any mediator appointed by the Court or jointly selected by the parties;

      (6)      Any expert witness, outside consultant, or investigator, and their staff, specifically employed or retained by a party or a party's counsel in connection with the prosecution or defense of this action or to provide assistance as mock jurors or focus group members,

---

1 See below Paragraph 7(c) for limitations related to a competitor witness who is retained as an expert witness or consultant or is another deponent witness.

provided that (i) counsel, in good faith, requires his or her assistance in connection with this action, (ii) he or she has completed the certification contained in Attachment A, Acknowledgment and Agreement to be Bound, (iii) any report or document created by such expert or consultant quoting, discussing, or incorporating designated Confidential Information in whole or in part shall be designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" by the party responsible for its creation and (iv) subject to the limitations provided by Paragraph 7(c);

(7)     Any potential, anticipated, or actual fact witness and his or her counsel that is not otherwise covered by another category in Paragraph 7(b) ~~only after such persons have completed the certification contained in Attachment A subject to the limitations provided by Paragraph 7(c) or by order of a court~~;

> **Comment [A4]:** We cannot agree to make fact witnesses (such as former employees) sign a protective order to before using documents in deposition or trial.   If they say no, it would unfairly limit discovery.

(8)     The author or recipient of the document (not including a person who received the document in the course of the litigation);

(9)     Independent providers of document reproduction, electronic discovery, or other litigation services retained or employed specifically in connection with this litigation; and

(10)    Other persons only upon consent of the producing party and on such conditions as the parties may agree.

> **Formatted:** Font:

> **Formatted:** Left, Indent: Left:  0.5", Right:  0", Don't add space between paragraphs of the same style,  No bullets or numbering, Don't adjust space between Latin and Asian text, Don't adjust space between Asian text and numbers, Tab stops: Not at  1.5"

~~(10)~~(11)    Other litigants in similarly cases (claims of infections caused by the use of the Bair Hugger device) provided that such litigants have consented to the Protective Order and have executed Attachment A.

(c)     **Competitor Witnesses.** Notwithstanding the provisions of subparagraph (b) of this paragraph, in the event that any expert witness or consultant described in subparagraph (b)(6), or any deponent witness described in subparagraph (b)(1) or (7) above, is a current principal, owner and/or employee of, or has a continuous, regular, ongoing, or current consulting arrangement of any kind, to the best of retaining counsel's reasonable knowledge and due diligence, with, any entity involved in the design, manufacture, or distribution of forced-air patient warming products or Augustine Biomedical & Design's HotDog Patient Warming

System, the party seeking to distribute or show the designated Confidential Information to such expert or consultant or witness shall not disclose such information to such expert or consultant or witness unless:

  (1)  The party wishing to disclose the designated Confidential Information promptly identifies such expert, consultant, deponent or witness to counsel for the Producing Party in writing prior to disclosure of information to such expert, consultant, deponent or witness;

  (2)  The Producing Party does not object to  such  disclosure in  writing to the identifying party within ten (10) days from the receipt of written notice;

  (3)  The Producing Party does not attempt to meet and confer to resolve the issue within ten (10) days from the mailing of the written objections; and

  (4)  The Producing Party does not move for a protective order prohibiting disclosure to the expert, consultant, deponent or witness within ten (10) days after the required attempt to meet and confer. The party wishing to disclose the designated material shall not disclose said material to the expert, consultant, deponent, or witness prior to the Court's disposition of a Producing Party's motion for protective order.

The Parties shall work cooperatively to prepare a list of competitor entities subject to this paragraph.

  **(d)**  **Control of Documents**. The parties must take reasonable efforts to prevent unauthorized or inadvertent disclosure of documents designated as containing Confidential Information pursuant to the terms of this Order. Counsel for the parties must maintain a record of those persons, including employees of counsel, who have reviewed or been given access to the documents along with, where required, the originals of the forms signed by those persons acknowledging their obligations under this Order.

  ~~8.~~7.  **Filing of Confidential Information**. In the event a party seeks to file any document containing Confidential Information subject to protection under this Order with the

Court, that party must take appropriate action to insure that the document receives proper protection from public disclosure including: (a) filing a redacted document with the consent of the party who designated the document as confidential; (b) where appropriate (e.g., in relation to discovery and evidentiary motions), submitting the document solely for *in camera* review; or (c) when the preceding measures are inadequate, filing such document under seal in compliance with the applicable rules and procedures of this Court.

Nothing in this Order will be construed as a prior directive to allow any document to be filed under seal.

9.8.   **Challenges to a Confidential Designation.**

Any party may request a change in the designation of any information designated "Confidential". Any such document shall be treated as designated until the change is completed. If the requested change in designation is not agreed to, the party seeking the change may move the Court for appropriate relief, providing notice to any third party whose designation of produced documents as "Confidential" in the action may be affected. The party asserting that the material is Confidential shall have the burden of proving that the information in question is within the scope of protection afforded by the Texas Rules of Civil Procedure.

10.9.   **Use of Confidential Documents or Information at Trial or Hearing.** Nothing in this Order will be construed to affect the use of any document, material, or information at any trial or hearing. A party that intends to present or that anticipates that another party may present Confidential Information at a hearing or trial must bring that issue to the attention of the Court and the other parties without disclosing the Confidential Information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at the hearing or trial.

11.10.  **Obligations on Conclusion of Litigation.** The conclusion of this litigation shall be defined as the entry of final judgment or dismissal, the conclusion of all appeals, and the running of time for all appeals, for all cases that, at any time, are or were included as cases in this multi-district litigation proceeding.

(a)    **Order Remains in Effect.**  Unless otherwise agreed or ordered, all provisions of this Order will remain in effect and continue to be binding after conclusion of the litigation.

(b)    **Return of Confidential Documents.** Within 60 days after this litigation concludes by settlement, final judgment, or final order, including all appeals, all documents designated as containing Confidential Information, including copies as defined above, must be returned to the party who previously produced the document or destroyed[2] unless the document has been offered into evidence or filed without restriction as to disclosure.

(c)    **Retention of Work Product.**  Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including an index which refers or relates to designated Confidential Information, so long as that work product does not duplicate verbatim substantial portions of the text or images of designated documents.   This work product will continue to be confidential under this Order.   An attorney may use his or her own work product in subsequent litigation provided that its use does not disclose Confidential Information.

(d)    **Retention of Documents.**   The producing party shall maintain a complete set of all documents produced in this litigation for a period of at least three (3) years after the conclusion of this litigation.

---

2 If the receiving party chooses to destroy the documents containing Confidential Information, the receiving party must certify the fact of destruction within 60 days after this litigation concludes by settlement, final judgment or final order, including all appeals.

~~12.~~11. **Order Subject to Modification**. This Order is subject to modification by the Court on its own motion or on motion of any party or any other person with standing concerning the subject matter. The Order must not, however, be modified until the parties have been given notice and an opportunity to be heard on the proposed modification.

~~13.~~12. **No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing in this Order will be construed or presented as a judicial determination that any document or material designated as Confidential Information by counsel or the parties is entitled to protection under the Texas Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

~~14.~~13. **Persons Bound by Protective Order.** This Order will take effect when entered and is binding upon all counsel of record and their law firms, the Parties, and persons made subject to this Order by its terms.

~~15.~~14. **Jurisdiction.** The Court's jurisdiction to enforce the provisions of this Order will terminate on the final disposition of this case.  But a party may file a motion to seek leave to reopen the case to enforce the provisions of this Order.

~~16.~~15. **Applicability to Parties Later Joined.**   If additional persons or entities become parties to this lawsuit, they must not be given access to any Confidential Information until they execute and file with the Court their written agreement to be bound by the provisions of this Order.

~~17.~~16. **Protections Extended to Third Parties.**   The Parties may agree to extend the provision to this Protective Order to Confidential Information produced in this case by third parties, if timely requested by the third party and if no objection or motion is served or filed by a

party within 30 days of the request.

~~18.~~17. **Confidential Information Subpoenaed or Ordered Produced in Other Litigation.**   If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Confidential Information, the receiving party must so notify the designating party, in writing, immediately and in no event more than three business days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Confidential Information in the court from which the subpoena or order issued. The designating party bears the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the party has in its possession, custody, or control Confidential Information by the other party to this case.

**IT IS SO ORDERED.**

**Date: _____, 2019.**

_____
Judge Presiding

APPROVED:

**GARCIA & MARTINEZ, L.L.P.**


By _____
     Alberto T. Garcia, III
     Email:  albert@garmtzlaw.com
6900 North 10th Street, Suite 2
McAllen, Texas 78504
ATTORNEYS FOR PLAINTIFF


**THOMPSON, COE, COUSINS & IRONS, L.L.P.**


By _____
     Zandra E. Foley
     SBT 24032085
     E-mail:  zfoley@thompsoncoe.com
One Riverway, Suite 1400
Houston, Texas   77056-1988
P:   (713) 403-8377
F:   (713) 403-8299
ATTORNEYS FOR DEFENDANTS
3M COMPANY AND ARIZANT HEALTHCARE, INC.


**HOLE & ALVAREZ, L.L.P.**


By _____
     Ronald G. Hole
     SBT 09834200
     E-mail:  Mail@HoleAlvarez.com
P.O. Box 720547
McAllen, Texas   78504
P:   (956) 631-2891
F:   (956) 631-2415
ATTORNEYS FOR DEFENDANTS
RAYMOND R. FULP, III, D.O. AND
RAY FULP ORTHOPEDICS, P.A. d/b/a SOUTH TEXAS
BACK INSTITUTE AND ORTHOPEDICS

GAULT, NYE & QUINTANA, LLP


By _____
        William Gault
        Email: Bgault@GNQlawyers.com
P.O. Box 5959
Brownsville, Texas 78523
ATTORNEYS FOR DEFENDANTS
JAVIER BARBOSA AND JAVIER BARBOSA, P.A.

**ATTACHMENT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that he/she has read the Protective Order in the case *John Petitta v. 3M Company, et al.*; Cause No. C-5130-16-A; In the 92nd Judicial District Court of Hidalgo County, Texas, and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the 92nd District Court of Hidalgo County, Texas, in matters relating to this Protective Order and understands that the terms of the Protective Order obligate him/her to use materials designated as Confidential Information in accordance with the order solely for the purposes defined therein, and not to disclose any such Confidential Information to any other person, firm, or concern, except in accordance with the provisions of the Protective Order.

The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____


Date: _____        _____
                              Signature