IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE: BAIR HUGGER FORCED AIR WARMING PRODUCT LIABILITY LITIGATION | MDL NO.: 15-md-02666 (JNE/DTS) |
| This Document Relates to: FRANCES BUTLER, Plaintiff, | Civil Action No.: 0:18-cv-00758 |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS**

NOW COMES Plaintiff, Frances Butler, identified in Defendants' Motion to Dismiss for Failure to Comply with Pretrial Order No. 14 (Dkt. 1933), and by and through undersigned counsel submits this, her Response to Defendant's Motion to Dismiss, and represents as follows:

**FACTS AND ARGUMENT**

Plaintiff contacted undersigned counsel regarding an infection and subsequent treatment that she experienced due to the use of a Bair Hugger Patient warming device during an orthopedic surgery. Counsel worked to obtain medical records and billing records to move forward with the case. On March 26, 2018 counsel filed the current action to comply with what was identified as the applicable statute of limitations deadline for the relevant claim. On October 8, 2018, Plaintiff served her Plaintiff Fact Sheet on Defendants.

Counsel for Plaintiff was advised of alleged deficiencies in the submitted Plaintiff Fact Sheet. Plaintiff and his counsel have repeatedly attempted to correct the deficiencies as is evidenced by the multiple PFs forms submitted. Despite multiple attempts, Defendants continued to allege deficiencies. The primary deficiency raised by Defendants were limited to Plaintiff's partner, wherein they have requested social security information. Plaintiff listed her

1

partner/significant other in the PFS without the social security number and/or date of birth. Discussions with Plaintiff indicated that her partner/significant other is not a U.S. Citizen and does not have a social security number or any other type of U.S. identification and does not reside within the United States. Furthermore, Plaintiff did not plead a loss of consortium claim, therefore, Plaintiff has amended her PFS and resubmitted it without her partner/significant other included. Regardless, the lack of a social security number should not result in a dismissal of Plaintiff's claims.

A dismissal with prejudice "should be used only in cases of willful disobedience of court order or where a litigant exhibits a pattern of intentional delay." *Hunt v. City of Minneapolis*, 203 F. 3d 524, 527 (8th Cir. 2000); *see* also *Hutchins v. A.G. Edwards & Sons, Inc.*, 116 F.3d 1256, 1260; *Mann v. Lewis*, 108 F.3d 145, 147 (8th Ci. 1997) (quoting *Givens v. A.H. Robbins Co.,* 751 F.2d 261, 263 (8th Cir. 1984)). In *Givens v. A.H. Robbins Co.,* the court reversed a dismissal with prejudice where the litigants' only transgression was failure to comply with a discovery deadline. *Givens,* 751 F.2d 264, 264 (8th Cir. 1984). The court reasoned that dismissal with prejudice was disproportionate to this act of noncompliance. *Id*.

Given the nature of the deficiencies and Plaintiff's good faith attempt to cure them, Plaintiff requests this Court deny Defendants Motion to Dismiss with Prejudice. Plaintiff will suffer undue prejudice if he is not able to provide the signed verification when all other alleged deficiencies appear to have been cured.

## **CONCLUSION**

Plaintiff Frances Butler prays this Court deny Defendants Motion to Dismiss with Prejudice.

Dated:  06/17/2019                    Respectfully submitted,


**FEARS NACHAWATI, PLLC**

**/s/Matthew R. McCarley**
**Matthew R. McCarley**
Texas Bar No. 24041426
mccarley@fnlawfirm.com
**Arati Furness**
Texas Bar No. 24094382
afurness@fnlawfirm.com
5473 Blair Road
Dallas, TX 75231
Tel. (214) 890-0711
Fax (214) 890-0712