UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: BAIR HUGGER FORCED AIR WARMING DEVICES PRODUCTS LIABILITY LITIGATION | MDL No. 15-2666 (JNE/DTS) |
| This Document Relates to:<br>16-cv-00521 *(Villafranco v. 3M Co., et al.)* | |

### DEFENDANTS' OPPOSITION TO PLAINTIFF LEONARD VILLAFRANCO'S MOTION FOR RELIEF FROM JUDGMENT

The Court should deny Plaintiff Leonard Villafranco's Rule 60(b) motion to set aside the judgment in his case. Villafranco was provided ample opportunity, over many months, to submit a compliant PFS, and he failed to do so. As this Court has repeatedly admonished Plaintiffs: "PTO 14 affords multiple chances to cure noncompliance and warns plaintiffs that noncompliance may result in dismissal." (Dkt. No. 1653, Order at 3.) Such dismissal "may be with prejudice 'in cases of willful disobedience of a court order or where a litigant exhibits a pattern of intentional delay.'" (*Id.* at 4 (citing *Hunt v. City of Minneapolis*, 203 F.3d 524, 527 (8th Cir. 2000).)

Villafranco also failed to oppose Defendants' Eighteenth Motion to Dismiss for Failure to Comply with PTO 14. In an attempt to excuse that failure, he asserts, falsely, that Defendants "insinuate[ed] the instant matter was not subject to dismissal." (Pls.' Mot. for Relief from Judgment, Dkt. No. 1927, at 2.) Defendants have never "insinuated" that Villafranco's case was not subject to dismissal, but rather provided clear, repeated notice that his case was subject to dismissal, in compliance with the requirements of PTO 14.

## BACKGROUND

In the 11 months Villafranco's case was pending, Defendants advised him of his failure to comply with PTO 14 on at least 11 occasions:

Defendants twice listed Villafranco's case on the PFS deficiency lists submitted to the Court for his failure to timely submit a PFS or respond to a deficiency notice. (Declaration of Benjamin W. Hulse ("Hulse Decl."), Ex. A (7/11/18 and 9/11/18 emails from T. Hartman to Pls.' lead counsel with attached PFS deficiency lists).)

Pursuant to PTO 14, Defendants also sent Villafranco a core deficiency notice after he finally submitted a PFS. (Hulse Decl., Ex. B (8/7/18 PTO 14 deficiency letter notice from B. Hulse to T. Walker).)

Defendants then placed Villafranco's case on PFS Deficiency List 3 for cases with persistent core deficiencies for *six consecutive months* – from November 2018 through April of 2019. (Hulse Decl., Ex. C (11/6/18, 12/11/18, 1/8/19, 2/12/19, 3/12/19, and 4/9/19 emails from T. Hartman to Pls.' lead counsel with attached PFS deficiency lists).) On each of these six occasions, the case was also on the list of deficient cases noticed to the Court. (Hulse Decl., Ex. D (12/14/18 and 3/15/18 emails from B. Hulse to the Court with attached PFS deficiency lists); Dkt. No. 1618-1 at Ex. G; Dkt. No. 1831-1 at Exs. C-D; Dkt. No. 1936-1 at Ex. C.)

In the final two deficiency listings in March and April 2019, Defendants highlighted Villafranco's case in pink to indicate that Defendants had filed a motion to dismiss. Villafranco's assertion that his case was omitted from the April 2019 list is simply false.

In addition to these regular deficiency notifications, Defendants informed Villafranco of the precise ongoing deficiency. In response to an email inquiry about the case, Defendants advised Villafranco's counsel on December 15, 2018 of persistent deficiencies, including: "**VERIFICATION** – Plaintiff did not submit a newly executed verification with this PFS." (Hulse Decl., Ex. E (4/9/19 email from T. Hartman to V. Marshall).) Defendants' Memorandum in Support of the Eighteenth Motion to Dismiss for Failure to Comply with PTO 14 included an addendum which identified the persistent deficiency for Plaintiff's PFS. (Dkt. No. 1830 at 7.)

Despite this extensive notice, Plaintiff failed to cure his PFS in the time allowed and failed to respond to Defendants' Motion to Dismiss. The Court dismissed his case on April 18, 2019. (Dkt. No. 1888.) At the time of dismissal, Villafranco's counsel had not communicated with Defendants regarding the case status since December 15, 2018.

## ARGUMENT

### I. Villafranco Did Not Submit a Compliant, Verified PFS Prior to Dismissal.

Villafranco does not dispute that the amended PFS he submitted on January 15, 2019 did not contain a newly executed verification. Instead, he argues that this is not a core deficiency. (Dkt. No. 1927 at 4.) The Court has already rejected this contention. ( Dkt. No. 1564 at 5 (dismissing multiple cases under PTO 14 for failure to properly execute amended verifications).) PTO 14 expressly requires "[e]ach PFS shall be signed and dated by the Plaintiff or the proper Plaintiff representative under penalty of perjury." (Dkt. No. 117 at ¶ 3.) In accordance with this mandate, the Court has dismissed numerous cases where, as

here, a plaintiff submitted an amended PFS without a newly executed verification. (*See, e.g.,* Dkt. No. 1564 at 5; *see also* Dkt. No. 117 at ¶¶ 2-3.)

## II.     Villafranco Received Notice Well in Excess of PTO 14's Requirements.

Villafranco also does not dispute that Defendants properly listed his case in accordance with PTO 14's requirements on at least two (in this case it was four) occasions before Defendants moved to dismiss. Villafranco does not dispute that the Motion to Dismiss was properly filed, or that the following week the March PFS deficiency list indicated his case was subject to the pending motion. (Dkt. No. 1927.)

Even if Villafranco were correct that his case was not listed on the April 2019 PFS deficiency list (and he is not), that would not excuse his failure to submit a compliant PFS or respond to Defendants' motion. Villafranco's response to Defendants' motion to dismiss was due on March 14, 2019 – 26 days before the April 2019 PFS Deficiency List was served. In short, Villafranco has no valid excuse for his failure to respond.

Indeed, this Court has repeatedly recognized that PTO 14's two-month notice requirement "affords multiple chances to cure noncompliance and warns plaintiffs that noncompliance may result in dismissal." (Dkt. No. 1653 at 3 (further observing that "[a] pattern of intentional delay exists where a plaintiff fails to comply with a court order despite multiple opportunities for compliance and the Court's warning that noncompliance may result in dismissal.").) Granting Villafranco's Rule 60(b) Motion would critically undermine this well-established process by allowing any plaintiff to ignore the mandates of PTO 14 until after her case is dismissed.

## **CONCLUSION**

Villafranco repeatedly failed to comply with this Court's orders upon extensive notice, and further failed to oppose Defendants' Motion to Dismiss. His assertion that he was misled into thinking Defendants were not seeking to dismiss his case is not credible. For these reasons, and for the reasons set forth above, Defendants respectfully request that the Court deny Villafranco's Motion for Relief from Judgment or Order.

Dated: June 19, 2019

Respectfully submitted,

*s/Benjamin W. Hulse*
Jerry W. Blackwell (MN #186867)
Benjamin W. Hulse (MN #0390952)
Mary S. Young (MN #0392781)
BLACKWELL BURKE P.A.
431 South Seventh Street, Suite 2500
Minneapolis, MN 55415
Phone: (612) 343-3200
Fax: (612) 343-3205
Email: blackwell@blackwellburke.com
          bhulse@blackwellburke.com
          myoung@blackwellburke.com

***Counsel for Defendants 3M Company and Arizant Healthcare Inc.***