UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE: BAIR HUGGER FORCED AIR WARMING DEVICES PRODUCTS LIABILITY LITIGATION | MDL No. 15-2666 (JNE/FLN) |

THIS DOCUMENT RELATES TO:

18-cv-02014-JNE-DTS *(Johnson v. 3M Co. et al.)*

**PLAINTIFF'S RESPONSE TO DEFENDANT'S NINETEENTH MOTION TO DISMISS FOR FAILURE TO COMPLY WITH PRETRIAL ORDER NO.14**

COMES NOW, Plaintiff Sheri Johnson, identified in Defendant's Nineteenth Motion to Dismiss for Failure to Comply with Pretrial Order No. 14, by and through undersigned counsel, submits her response to Defendant's Motion to Dismiss and would respectfully show the Court the following:

## FACTS

Plaintiff contacted undersigned counsel regarding an infection and subsequent treatment she experienced due to the use of a Bair Hugger patient warming device during a surgery. Counsel worked to obtain the medical records and billing records necessary to move forward with the case. Those records indicated that a Bair Hugger device was used during the original surgery. On July 17, 2018, counsel filed the current action to comply with the applicable statute of limitations deadline for the relevant claim.

1

After the filing of Plaintiff's case, counsel worked closely with Plaintiff to complete the Plaintiff Fact Sheet (hereinafter "PFS") which was served on November 5, 2018. Counsel for Plaintiff was advised of alleged deficiencies by Defendants on December 3, 2018 by way of correspondence. Undersigned counsel worked with plaintiff to cure the deficiencies and served Defendants with an updated PFS on March 3, 2019.

On June 5, 2019, Defendants served the present motion asking the Court to dismiss a number of plaintiff's cases. The motion organized plaintiffs in three distinct categories. The first category included plaintiffs where no PFS was served; the second category included plaintiffs who served a PFS with core deficiencies and failed to cure them or respond to Defendant's deficiency letters; and the third and last category included plaintiffs who served PFSs with core deficiencies and allegedly failed to cure them after Defendant's final deficiency letter. Defendants place this Plaintiff's matter in the third and last category.

It should be noted that Plaintiff was placed by Defendants in their last category, indicating a PFS was served.  Nonetheless, Defendants allege that Plaintiff failed to cure the PFS after a final deficiency letter. However, Defendants only served Plaintiff with one deficiency letter on December 3, 2018 without indicating that their first deficiency letter acted as a final deficiency notice. Plaintiff responded and cured the alleged deficiencies on March 9, 2019. In light of Plaintiff's good faith efforts to cure the deficiencies from Defendant's first and only deficiency letter of December 3, 2018, dismissal of Plaintiff's claim is unwarranted.

Notwithstanding the foregoing facts, the primary deficiencies raised by Defendants in their Nineteenth Motion to Dismiss for Failure to Comply with PTO No. 14 are limited to the specific page numbers referencing Bair Hugger usage in Plaintiff's records and the date when Plaintiff learned of her injury. On June 19, 2019, Plaintiff served an updated PFS with the corrected page numbers which reference Bair Hugger usage in Plaintiff's records. As such, the deficiency was cured and Defendants have not been prejudiced.

With respect to the answer provided by Plaintiff as to the date she learned of her injury ("2010"), the date alone is not a core deficiency. A core deficiency, as defined in PTO No. 14 is "defined as a lack of response to all questions in Section I, Section II, and Section III; Section IV, questions1, 3, 7, 8, 9, 10; Section V, questions 5, 6, and 7; Section VI, questions 1, 3, 6, 7, 8, and 9; Section VII, questions 1 and 2; Section 8, question 2; Section IX, questions 1, 3, and 4; or lack of signed medical authorizations." Under no interpretation of the foregoing can Plaintiff's response to Section VI, which provides the year she learned of her injury, be deemed as a "lack of response."

## **ARGUMENT**

A dismissal with prejudice "is a drastic sanction that should be exercised sparingly." *Pardee v. Stock*, 712 F.2d 1290, 1292 (8th Cir. 1983). Moreover, a dismissal with prejudice "should be used only in cases of willful disobedience of a court order or where a litigant exhibits a pattern of intentional delay." *Hunt v. City of Minneapolis*, 203 F. 3d 534, 527 (8th Cir. 1999); *see also Hutchins v. A.G. Edwards & Sons, Inc.*, 116 F3d 1256, 1260; *see also Mann v. Lewis*, 108 F.3d145, 147 (8th Cir. 1984). In *Givens v. A.H.*

3

*Robins Co.*, 751 F.2d 264 (8th Cir. 1984), the Eighth Circuit reversed a dismissal with prejudice where the litigant's only transgression was failure to comply with a discovery deadline. *Givens*, 751 F.2d at 264. The court reasoned that dismissal with prejudice was disproportionate to this act of noncompliance. *Id*.

In light of the nature and scope of Defendant's deficiencies and Plaintiff's multiple good faith attempts to cure them, Plaintiff hereby requests that this Court deny Defendant's Motion to Dismiss.

## **CONCLUSION**

For the foregoing reasons, undersigned counsel respectfully requests the Court to deny Defendant's Motion to Dismiss for Failure to Comply with Pretrial Order No. 14.

Dated:   June 19, 2019

        Respectfully Submitted,

        BERNSTEIN LIEBHARD LLP

        By: /s/ Daniel C. Burke
        Daniel C. Burke
        10 East 40th Street
        New York, New York 10016
        Telephone:  212-779-1414
        Facsimile:   212-779-3218
        Email: dburke@bernlieb.com

        *Counsel for Plaintiffs*