### IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE: BAIR HUGGER FORCED AIR WARMING PRODUCT LIABILITY LITIGATION | MDL NO.: 15-md-02666 (JNE/DTS) |
| This Document Relates to:<br>     LINDA THOMPSON | Civil Action No.: 0:18-cv-03323 |

### PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO DISMISS

NOW COMES Plaintiff, Linda Thompson, identified in Defendants' Motion to Dismiss for Failure to Comply with Pretrial Order No. 14 (Dkt. 1933), and by and through undersigned counsel submits this, her Response to Defendant's Motion to Dismiss, and represents as follows:

### FACTS AND ARGUMENT

Plaintiff contacted undersigned counsel regarding an infection and subsequent treatment that she experienced due to the use of a Bair Hugger Patient warming device during an orthopedic surgery. Counsel worked to obtain medical records and billing records to move forward with the case. On December 4, 2018 counsel filed the current action to comply with what was identified as the applicable statute of limitations deadline for the relevant claim. As of June 17, 2019, Plaintiff served the Plaintiff Fact Sheet on Defendants.

Efforts to have Plaintiff complete the Plaintiff Fact Sheet began soon after the case was filed but were complicated by an inability to get in contact with the Plaintiff and obtain a completed Plaintiff Fact Sheet.

Counsel made diligent attempts to contact Plaintiff, however, they were unsuccessful. Counsel was finally able to speak with Plaintiff and only just recently obtained the necessary information to complete the Plaintiff Fact Sheet for this claim, which has been submitted as of this date. Counsel for Plaintiff believes that with the filing of the Plaintiff Fact Sheet, the production

1

of this information therefore cured the deficiency. Although Plaintiff has cured the alleged deficiencies, they remain on the Defendants dismissal list because of a delay in retrieving the information from Plaintiffs as well as an updated verification. Counsel has mailed an updated verification to Plaintiffs and is awaiting a signed and dated copy to be returned. Counsel will provide an updated verification promptly upon receipt of such. However, the lack of an updated verification and/or the good faith attempts in retrieving the information from Plaintiff, which has been provided, should not result in a dismissal of Plaintiff's claims.

A dismissal with prejudice "should be used only in cases of willful disobedience of court order or where a litigant exhibits a pattern of intentional delay." *Hunt v. City of Minneapolis*, 203 F. 3d 524, 527 (8th Cir. 2000); *see* also *Hutchins v. A.G. Edwards & Sons, Inc.*, 116 F.3d 1256, 1260; *Mann v. Lewis*, 108 F.3d 145, 147 (8th Ci. 1997) (quoting *Givens v. A.H. Robbins Co.,* 751 F.2d 261, 263 (8th Cir. 1984)). In *Givens v. A.H. Robbins Co.,* the court reversed a dismissal with prejudice where the litigants' only transgression was failure to comply with a discovery deadline. *Givens,* 751 F.2d 264, 264 (8th Cir. 1984). The court reasoned that dismissal with prejudice was disproportionate to this act of noncompliance. *Id*.

Given the nature of the deficiencies and Plaintiff's good faith attempt to cure them, Plaintiff requests this Court deny Defendants Motion to Dismiss with Prejudice. Plaintiff will suffer undue prejudice if she is not able to provide the signed verification when all other alleged deficiencies appear to have been cured.

## **CONCLUSION**

Plaintiff prays this Court deny Defendants Motion to Dismiss with Prejudice.

Dated: 06/19/2019                                              Respectfully submitted,

                                                    **FEARS NACHAWATI, PLLC**

**/s/Matthew R. McCarley**
**Matthew R. McCarley**
Texas Bar No. 24041426
mccarley@fnlawfirm.com
**Arati Furness**
Texas Bar No. 24094382
afurness@fnlawfirm.com
5473 Blair Road
Dallas, TX 75231
Tel. (214) 890-0711
Fax (214) 890-0712

3