UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: BAIR HUGGER FORCED AIR WARMING DEVICES PRODUCTS LIABILITY LITIGATION<br><br>This document relates to:<br><br>Terrell v. 3M Company, et al.<br>Cause No. 18-cv-01654 | MDL No. 15-2666 (JNE/DTS)<br><br>Judge: Joan N. Ericksen<br>Mag. Judge: David T. Schultz |

### PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

COMES NOW Plaintiff Elizabeth Terrell and in response to Defendants' Motion to Dismiss for failure to comply with Pre-Trial Order 14 (1934, 1935), states:

1. Counsel for Plaintiff has been advised of alleged deficiencies in the submitted Plaintiff Fact Sheet (PFS).

2. Plaintiff and her counsel have repeatedly attempted to correct the deficiencies, as is evidenced by the multiple PFS forms submitted. Despite multiple attempts (three total through October 31, 2018), Defendants continued to allege deficiencies.

3. In the Plaintiff Fact Sheet, Counsel for Plaintiff noted that Plaintiff was given purple gripper socks that had the words "Bair Hugger" on them.

4. Plaintiff recalls that a warming device was used preoperatively and postoperatively during the subject procedure. She recalls when she woke up from surgery that the warming device was still on her body.

5. Plaintiff's counsel notified defense counsel on December 11, 2018 to inquire as to what deficiencies still existed and received a response on December 12, 2018 stating that the

evidence of usage was not sufficient.

6. Since the date of December 12, 2018, Counsel for Plaintiff has attempted to obtain the complete surgical records from Midwest Specialty Surgical Center on multiple occasions. Counsel for Plaintiff has followed up with this surgical center on multiple occasions to inquire if further records are available.

7. Plaintiff has also contacted this surgical center on multiple occasions beginning in February 2019 to receive the records and to date has not received any records.

8. Counsel for Plaintiff has been diligently attempting to cure this deficiency and respectfully requests ninety (90) days to be able to secure the records.

9. Given the nature of the deficiencies and Plaintiff's repeated good faith attempts to cure them, Plaintiff requests this Court deny Defendants Motion to Dismiss with Prejudice.

10. Plaintiff will suffer undue prejudice if she is not able to provide the records of usage as she has suffered serious and debilitating injuries as a result of the use of the Bair Hugger device.

WHEREFORE, Plaintiff Elizabeth Terrell prays this Court deny Defendants' Motion to Dismiss with Prejudice.

Respectfully submitted,

**MORRIS LAW FIRM**

*/s/James A. Morris, Jr.*
California Bar No. 296852
4111 W Alameda Ave, Ste 611
Burbank, CA  91505
Telephone:  (747) 283-1144
Facsimile:   (747) 283-1143
Email: jmorris@jamlawyers.com

**ATTORNEY FOR PLAINTIFF**

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: BAIR HUGGER FORCED AIR WARMING DEVICES PRODUCTS LIABILITY LITIGATION<br><br>This document relates to:<br><br>Terrell v. 3M Company, et al.<br>Cause No. 18-cv-01654 | MDL No. 15-2666 (JNE/DTS)<br><br>Judge: Joan N. Ericksen<br>Mag. Judge: David T. Schultz |

L.R. 7.1 WORD COUNT COMPLIANCE CERTIFICATE

I, James A. Morris, Jr., certify that Plaintiff's Opposition to Defendants' Motion to Dismiss complies with Local Rule 7.1(f) and 7.1(h).

I further certify that, in preparation of this Opposition, I used Microsoft Word and that this word processing program has been applied specifically to include all text, including headings, footnotes and quotations in the following word count.

I further certify that the above referenced Opposition contains 352 words, exclusive of the caption and signature block.

Dated: June 19, 2019

Respectfully submitted,

**MORRIS LAW FIRM**

*/s/James A. Morris, Jr.*
California Bar No. 296852
4111 W Alameda Ave, Ste 611
Burbank, CA  91505
Telephone:  (747) 283-1144
Facsimile:   (747) 283-1143
Email: jmorris@jamlawyers.com
**ATTORNEY FOR PLAINTIFF**

CERTIFICATE OF SERVICE

    I certify that on June 19, 2019, the foregoing: PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS was filed electronically by using the CM/ECF system which will deliver the document to all counsel of record.

                                      */s/ James A. Morris, Jr.*
                                      James A. Morris, Jr.