

**Deborah E. Lewis**
**Direct Dial:  612-343-3228**
E-Mail:  **dlewis@blackwellburke.com**

**VIA ECF**

June 26, 2019

The Honorable David T. Schultz
Magistrate Judge, United States District Court
District of Minnesota
9E U.S. Courthouse
300 South Fourth Street
Minneapolis, MN  55415

RE:   *In re Bair Hugger*, MDL No. 15-2666-JNE-DTS – "Bucket 1" Cases for
Tennessee (cases outside of Tennessee's applicable statute of repose period)

Dear Judge Schultz:

Pursuant to Section B.1. and C.3. of this Court's May 17th Revised Categorization Order (ECF No. 1922), 3M submits this letter in support of its SOR-Bucket-1 designations for the following cases:

16-cv-02088 *(Duncan v. 3M Co., et al.)*
16-cv-02125 *(Milam v. 3M Co., et al.)*
16-cv-02155 *(Davis v. 3M Co., et al.)*
16-cv-02298 *(Dandrea v. 3M Co., et al.)*
16-cv-02386 *(Hall et al. v. 3M Co., et al.)*
16-cv-02428 *(King v. 3M Co., et al.)*
16-cv-02460 *(Scruggs v. 3M Co., et al.)*
16-cv-02486 *(Canup v. 3M Co., et al.)*
16-cv-02911 *(Snider v. 3M Co., et al.)*
17-cv-00427 *(Roysdon v. 3M Co., et al.)*
17-cv-00465 *(Varner v. 3M Co., et al.)*
17-cv-00616 *(Brown v. 3M Co., et al.)*
17-cv-02309 *(Smith v. 3M Co., et al.)*
17-cv-02386 *(Krippendorf v. 3M Co., et al.)*
17-cv-04313 *(McNease v. 3M Co., et al.)*
17-cv-04394 *(Bigsby-Fritz v. 3M Co., et al.)*
17-cv-04845 *(Murray v. 3M Co., et al.)*
17-cv-04999 *(Carpenter v. 3M Co., et al.)*
18-cv-02750 *(Hicks v. 3M Co., et al.)*
18-cv-03372 *(Whitaker v. 3M Co., et al.)*

The Honorable David T. Schultz
June 26, 2019
Page 2

Each of the above Plaintiffs had his/her index surgery in Tennessee.  Tennessee's applicable statute of repose requires these Plaintiffs to bring their claims within the six-year repose period.  Tennessee's applicable statute of repose provides:

> (a) Any action against a manufacturer or seller of a product for injury to person or property caused by its defective or unreasonably dangerous condition must be brought within the period fixed by §§ 28-3-104, 28-3-105, 28-3-202 and 47-2-725, but notwithstanding any exceptions to these provisions, it must be brought within six (6) years of the date of injury, in any event, the action must be brought within ten (10) years from the date on which the product was first purchased for use or consumption, or within one (1) year after the expiration of the anticipated life of the product, whichever is the shorter, except in the case of injury to minors whose action must be brought within a period of one (1) year after attaining the age of majority, whichever occurs sooner.

Tenn. Code § 29-28-103(a) (formerly § 23-3703, enacted in 1978 Pub. Acts, c. 703).

In each of these twenty cases, Plaintiff's index surgery took place more than six years before his/her case was filed.[1]  Attached hereto as "Exhibit A" is a chart indicating the respective date of index surgery and date of MDL case filing for each of these cases.[2]  Because the statute of repose lapsed before Plaintiffs filed their cases, dismissal of these matters is appropriate.

---

[1] The Parties and the Court have recognized that the actual triggering event for the statute of repose in most jurisdictions is not the index surgery. However, for the purposes of the categorization, the Court has instructed (and the parties have agreed) to use the date of index surgery since the date of injury is at the time of the index surgery based on Plaintiffs' causation theory. (*See* ECF No. 1922 at II.B.)

[2] Plaintiff in *Roysdon* (17-cv-00427) now contends that his index surgery took place on November, 11, 2011. (*See* Pls' SOR Resp. Chart, Ex. B.)  However, Plaintiff's Complaint and verified PFS both indicate that his index surgery occurred on August 19, 2010. (*See* Case No. 17-cv-00427-JNE-DTS, ECF No. 1 at ¶ 6.)  In the absence of documentation to the contrary, Defendants continue to use August 19, 2010 as the date of index surgery for this case.



The Honorable David T. Schultz
June 26, 2019
Page 3

*Response to Plaintiffs' Objection*

Pursuant to the Court's Categorization Order, 3M sent a spreadsheet to Plaintiffs on April 30, 2019, identifying each of these cases as a Bucket 1 case. Plaintiffs responded to the spreadsheet on May 30, 2019, and Plaintiffs' response constituted their opportunity to notify 3M of the bases of their objections to 3M's Bucket-1 designation, and to:

> [P]rovide defendant *in writing* the following information: which . . . bucket Plaintiff believes the case should be placed into, the reason for this belief, and the documents and facts on which Plaintiff relies for this position. (emphasis added)

(ECF No. 1922 at II.C.3.) The time to respond to 3M's designations has passed, and any further objections have been waived. 3M timely gave Plaintiffs written notice of its intent to submit these cases to the Court on June 10, 2019.

Plaintiffs' sole objection response is:

> "[l]ess than 10 years between index [surgery] and filing [of the complaint]."

*See* Plaintiffs' Response to 3M Chart – Bucket 1 – Outside SOR, Ex. B.

Tennessee's applicable statute of repose contains both a ten-year and a six-year repose period. *See* Tenn. Code § 29-28-103(a). Plaintiffs apparently contend that *only* the ten-year repose period can be applied to their claims.

Accordingly, the sole question presented to the Court is whether the six-year repose period applies to Plaintiff's cases. As set forth below, Tennessee has rejected Plaintiffs' contention that only the ten-year repose period applies, and this Court should overrule Plaintiffs' objection.

Preliminarily, Plaintiff's surgery in *Smith* (17-cv-2309) occurred more than ten years before the case filing, so her objection should also be overruled on the basis that it would not apply to her case. *See* Ex. A.

Tennessee's statute of repose expressly requires "[a]ny action against a manufacturer or seller of a product for injury to person or property caused by its defective or unreasonably dangerous condition . . . be brought within six (6) years of the date of injury." Tenn. Code § 29-28-103(a) (emphasis added). The Supreme Court of Tennessee has confirmed that "[t]he language of section 29-28-103(a) admits of no exception other than those expressly listed." *Penley v. Honda Motor Co.*, 31 S.W.3d 181, 189 (Tenn. 2000). The only listed



The Honorable David T. Schultz
June 26, 2019
Page 4

exceptions to the repose period are legal minority, and cases involving asbestos or silicone breast implants. *See* Tenn. Code § 29-28-103(a-b).

Tennessee's statute of repose also has a concurrent ten-year repose period for products liability claims that runs "ten (10) years from the date on which the product was first purchased for use or consumption, or within one (1) year after the expiration of the anticipated life of the product, *whichever is the shorter.*" *Id.* at § 29-28-103(a). (emphasis added) There is nothing in the language of the statute to suggest that the ten-year repose period modifies, extends, or supersedes the six-year repose period. Rather, the statute provides two repose periods that serve two distinct policy objectives, and requires a plaintiff to comply with both.

In contravention of the plain language of the Tennessee's statute of repose, Plaintiffs contend that their claims are only governed by the ten-year repose period. Plaintiffs offer no authority in support of this interpretation, and their objection lacks merit. Plaintiffs' interpretation is not only contrary to Tennessee case law, it also runs afoul of the basic rules of statutory interpretation. Under Plaintiffs' interpretation, Tennessee would require a plaintiff to file her products liability claim: (1) within six years of injury; *or* (2) within ten years of purchase/use of the product. But because a plaintiff will necessarily be injured *after* the product is purchased or used, the six-year repose period would have no legal effect under Plaintiffs' interpretation: (a) if a plaintiff's injury occurs within six years of filing, it would also occur within ten years of purchase/use; conversely, (b) if a plaintiff's injury occurs more than six years before filing, the ten-year repose period would always be applied to determine whether the suit was timely. In other words, Plaintiffs' interpretation requires this Court to assume that Tennessee legislators put a six-year provision in place that is wholly inoperative. *Contra Rubin v. Islamic Republic of Iran,* 138 S. Ct. 816, 824 (2018) ("one of the most basic interpretive canons, [is] that [a] statute should be construed so that effect is given to all its provisions, so that no part will be inoperative or superfluous, void or insignificant.")

But this Court need not rely on the "most basic interpretive canons" to overrule Plaintiffs' arguments, because the Supreme Court of Tennessee has already rejected it:

> [T]he products liability statute of repose was designed to limit the time within which a suit alleging products liability may be brought and thereby address the actuarial concerns of the insurance industry and allow for accurate assessment of liability exposure for insurance purposes. The six-year limit here was intended by the Legislature to provide certainty as to the time period during which product manufacturers and sellers could be subject to potential liability.



The Honorable David T. Schultz
June 26, 2019
Page 5

*Sharp v. Richardson*, 937 S.W.2d 846, 850 (Tenn. 1996). In *Sharp*, the Court made clear that a plaintiff must file her claim within six years of her injury under the Statute. *Id.* at 848, 850. The plaintiff's claim was only held to be timely because she originally filed within the 6-year repose period and properly availed herself of Tennessee's "savings statute" (not at issue here). *Id* at 850.

*Sharp* also highlights the distinct policy goals of the concurrent repose periods. The ten-year repose period exists to ensure that a product seller can only be held liable for cases arising from a product defect, rather than because of use "after the expiration of the anticipated life of the product." Tenn. Code § 29-28-103(a). Whereas the six-year repose period "was intended by the Legislature to provide certainty as to the time period during which product manufacturers and sellers could be subject to potential liability." *Sharp*, 937 S.W.2d at 850.  Because Plaintiffs' interpretation would render the six-year repose period moot, it would also frustrate the Tennessee Legislature's express purpose in enacting the same and providing certainty to product manufacturers subject to potential liability. Plaintiffs' objection is thus contrary to the plain statutory language, the legislative intent, and controlling Tennessee case law.  3M's designations should be affirmed.

In summary, Plaintiffs' sole objection to 3M's designation lacks merit. Therefore, 3M respectfully requests that this Court: (1) overrule Plaintiffs' objection, (2) affirm 3M's Bucket-1 designation, and (3) recommend to the district court a dismissal of Plaintiffs' cases cited above.

Respectfully submitted,

/s/ Deborah E Lewis
Deborah E. Lewis

