

Deborah E. Lewis
Direct Dial: 612-343-3228
E-Mail: dlewis@blackwellburke.com

**VIA ECF**

June 26, 2019

The Honorable David T. Schultz
Magistrate Judge, United States District Court
District of Minnesota
9E U.S. Courthouse
300 South Fourth Street
Minneapolis, MN  55415

RE:  *In re Bair Hugger*, MDL No. 15-2666-JNE-DTS – "Bucket 1" Cases for Illinois
(cases outside of Illinois's applicable statute of repose period)

Dear Judge Schultz:

Pursuant to Section B.1. and C.3. of this Court's May 17th Revised Categorization Order (ECF No. 1922), 3M submits this letter in support of its SOR-Bucket-1 designations for the following cases:

17-cv-01184 *(Ross-Enz v. 3M Co., et al.)*
17-cv-01516 *(Lawson v. 3M Co., et al.)*
17-cv-01617 *(Pilger v. 3M Co., et al.)*
17-cv-02416 *(Davis v. 3M Co., et al.)*
17-cv-03214 *(Johnson v. 3M Co., et al.)*
17-cv-03993 *(Hughes v. 3M Co., et al.)*
17-cv-04252 *(Kenny v. 3M Co., et al.)*
17-cv-04469 *(Swanson v. 3M Co., et al.)*
17-cv-04484 *(White v. 3M Co., et al.)*
17-cv-04904 *(Luketich v. 3M Co., et al.)*
18-cv-00151 *(Russell v. 3M Co., et al.)*

Each of the above Plaintiffs had his/her index surgery in Illinois.  Illinois's applicable statute of repose requires these Plaintiffs to bring their claims within the ten-year repose period.  Illinois's applicable statute of repose provides:

> Subject to the provisions of subsections (c) and (d) no product liability action based on the doctrine of strict liability in tort shall be commenced

The Honorable David T. Schultz
June 26, 2019
Page 2

> except within the applicable limitations period and, in any event, within 12 years from the date of first sale, lease or delivery of possession by a seller or 10 years from the date of first sale, lease or delivery of possession to its initial user, consumer, or other non-seller, whichever period expires earlier, of any product unit that is claimed to have injured or damaged the plaintiff, unless the defendant expressly has warranted or promised the product for a longer period and the action is brought within that period.

735 ILCS 5/13-213(b) (West 1994).

In each of these eleven cases, it is undisputed that Plaintiff's index surgery took place more than ten years before his/her case was filed.[1]  Attached hereto as "Exhibit A" is a chart indicating the respective date of index surgery and date of MDL case filing for each of these cases.  Because the statute of repose lapsed before Plaintiffs filed their cases, dismissal of these matters is appropriate.

*Response to Plaintiffs' Objection*

Pursuant to the Court's Categorization Order, 3M sent a spreadsheet to Plaintiffs on April 30, 2019, identifying each of these cases as a Bucket 1 case.  Plaintiffs responded to the spreadsheet on May 30, 2019, and Plaintiffs' response constituted their opportunity to notify 3M of the bases of their objections to 3M's Bucket-1 designation, and to:

> [P]rovide defendant *in writing* the following information: which . . . bucket Plaintiff believes the case should be placed into, the reason for this belief, and the documents and facts on which Plaintiff relies for this position. (emphasis added)

(ECF No. 1922 at II.C.3.)  The time to respond to 3M's designations has passed, and any further objections have been waived.  3M timely gave Plaintiffs written notice of its intent to submit these cases to the Court on June 10, 2019.

---

[1] The Parties and the Court have recognized that the actual triggering event for the statute of repose in most jurisdictions is not the index surgery. However, for the purposes of the categorization, the Court has instructed (and the parties have agreed) to use the date of index surgery since the date of lease or delivery of the Bair Hugger and/or its blanket would have occurred at or before the time of surgery. (*See* ECF No. 1922 at II.B.)



The Honorable David T. Schultz
June 26, 2019
Page 3

Plaintiffs' sole objection response is:

> "SOR unconsti[tu]tional in products liability actions. *See Best v. Taylor Mach. Works.*, 689 N.E.2d 1057 (Ill. 1997)."

*See* Plaintiffs' Response to 3M Chart – Bucket 1 – Outside SOR, Ex. B.

The sole question presented to the Court is whether Illinois's ten-year statute of repose for products liability actions has been held unconstitutional. As argued below, *Best* did not hold that the ten-year repose was unconstitutional, and Illinois courts continue to dismiss cases on the basis of this statute of repose. Accordingly, this Court should overrule Plaintiffs' objection.

At the time *Best* was decided, Illinois' products liability statute of repose had recently been amended in 1995, by Public Act 89-7. 1995 Ill. Legis. Serv. P.A. 89-7 (H.B. 20). Prior to the 1995 amendment, Illinois' 10-year statute of repose had last been amended in 1990, by Public Act 86-1329. 1990 Ill. Legis. Serv. P.A. 86-1329. The version of the statute cited *supra* is the version of the statute enacted in 1990.

In *Best*, the Illinois Supreme Court considered the constitutionality of multiple provisions of Public Act 89-7. *Best,* 689 N.E.2d at 1062-63. Though the ten-year repose period was before the Court in *Best*, it expressly refused to rule substantively on the constitutionality of the ten-year repose period. *Id.* at 1105-06. However, the Court did find Public Act 89-7 unconstitutional, because several other provisions were held unconstitutional, and the Court further concluded that the Act was not severable. *Id.* at 1104.

The legal effect of *Best* was to strike Public Act 89-7. As a result, the 1995 amendments to the products liability statute of repose are no longer operative. This left the products liability statute of repose as it had been before the enactment of Public Act 89-7 (as amended by Public Act 86-1329; cited above). Plaintiffs offer no case law to support their contrary interpretation of the effect of the *Best* decision. In fact, a review of subsequent Illinois decisions confirms that courts uniformly continue to apply the prior version of 735 ILCS 5/13-213(b). *Davis v. Toshiba Mach. Co., Am.*, 710 N.E.2d 399, 401 (Ill. 1999) (applying 735 ILCS 5/13-213(b) (2004), but finding that Plaintiff's claim was timely filed thereunder); *Blue v. Envtl. Eng'g, Inc.*, 803 N.E.2d 187, 193–94 (Ill. App. 2003) (strict products liability claims were barred by 735 ILCS 5/13-213(b)); *Hutton v. Boeing Co.*, 2015 IL App (1st) 142697-U, ¶ 34 (same). These decisions demonstrate that Illinois has consistently continued to apply the ten-year repose period for product liability claims after *Best* was decided. Defendants' designations for these cases should be affirmed.



The Honorable David T. Schultz
June 26, 2019
Page 4

In summary, Plaintiffs' sole objection to 3M's designation lacks merit. Therefore, 3M respectfully requests that this Court: (1) overrule Plaintiffs' objection, (2) affirm 3M's Bucket-1 designation, and (3) recommend to the district court a partial dismissal of all of Plaintiffs' strict liability claims in the cases cited above.

Respectfully submitted,

/s/ Deborah E Lewis
Deborah E. Lewis

