

Deborah E. Lewis
Direct Dial: 612-343-3228
E-Mail: dlewis@blackwellburke.com

**VIA ECF**

June 26, 2019

The Honorable David T. Schultz
Magistrate Judge, United States District Court
District of Minnesota
9E U.S. Courthouse
300 South Fourth Street
Minneapolis, MN  55415

RE:   *In re Bair Hugger*, MDL No. 15-2666-JNE-DTS – "Bucket 1" Cases for Georgia (cases outside of Georgia's applicable statute of repose period)

Dear Judge Schultz:

Pursuant to Section B.1. and C.3. of this Court's May 17th Revised Categorization Order (ECF No. 1922), 3M submits this letter in support of its SOR-Bucket-1 designations for the following cases:

17-cv-02058 (*Balbach v. 3M Co., et al.*)
17-cv-02760 (*Green v. 3M Co., et al.*)
17-cv-03314 (*Johnson v. 3M Co., et al.*)
17-cv-03412 (*Quesinberry v. 3M Co., et al.*)
17-cv-03646 (*Benjamin v. 3M Co., et al.*)
17-cv-04750 (*Babb v. 3M Co., et al.*)
17-cv-05381 (*Bentson v. 3M Co., et al.*)
18-cv-00049 (*Rommer v. 3M Co., et al.*)

Each of the above Plaintiffs had his/her index surgery in Georgia.  Georgia's applicable statute of repose requires these Plaintiffs to bring their claims within the 10-year repose period.  Georgia's applicable statute of repose provides:

> (2) No action shall be commenced pursuant to this subsection with respect to an injury after ten years from the date of the first sale for use or consumption of the personal property causing or otherwise bringing about the injury.
>
> O.C.G.A. § 51-1-11(b)(2).

The Honorable David T. Schultz
June 26, 2019
Page 2

> (c) . . . Nothing contained in this subsection shall relieve a manufacturer from the duty to warn of a danger arising from use of a product once that danger becomes known to the manufacturer.
>
> O.C.G.A. § 51-1-11(c).

In each of these eight cases, it is undisputed that Plaintiffs' index surgery took place more than 10 years before their cases were filed.[1]  Attached hereto as "Exhibit A" is a chart indicating the respective date of index surgery and date of MDL case filing for each of these cases.  Plaintiffs agree to these dates.  *See* Ex. A.  Because the statute of repose lapsed before Plaintiffs filed their cases, dismissal of these matters is appropriate.

*Response to Plaintiffs' Objection*

Pursuant to the Court's Categorization Order, 3M sent a spreadsheet to Plaintiffs on April 30, 2019, identifying each of these cases as a Bucket 1 case.  Plaintiffs responded to the spreadsheet on May 30, 2019, and Plaintiffs' response constituted their opportunity to notify 3M of the bases of their objections to 3M's Bucket-1 designation, and to:

> [P]rovide defendant *in writing* the following information: which . . . bucket Plaintiff believes the case should be placed into, the reason for this belief, and the documents and facts on which Plaintiff relies for this position. (emphasis added)

(ECF No. 1922 at II.C.3.)  The time to respond to 3M's designations has passed, and any further objections have been waived.  3M timely gave Plaintiffs written notice of its intent to submit these cases to the Court on June 10, 2019.

Plaintiffs' sole objection response is:

> "this SOR expressly does not affect failure to warn claims. Given all Georgia cases have asserted failure to warn, using the SOR to dispose of some claims would never dispose of an entire case in the MDL, Plaintiffs respectfully submit it is inappropriate to use an SOR in Georgia for this exercise."

---

[1] The Parties and the Court have recognized that the actual triggering event for the statute of repose in most jurisdictions is not the index surgery. However, for the purposes of the categorization, the Court has instructed (and the parties have agreed) to use the date of index surgery since the date of the first sale of the Bair Hugger and/or its blanket would have occurred at or before the time of surgery. (*See* ECF No. 1922 at II.B.)



The Honorable David T. Schultz
June 26, 2019
Page 3

*See* Plaintiffs' Response to 3M Chart – Bucket 1 – Outside SOR, Ex. B.

The sole contention Plaintiffs assert with Defendants' categorization is that the Court should not dismiss time-barred claims because the statute of repose does not apply to failure to warn claims. Thus, the sole question presented to the Court is whether claims other than failure to warn should be dismissed as part of the bucketizing process. As argued below, however, the Court need not reach this issue because the exception to the statute, section (c), does not apply to Plaintiffs' cases as they do not allege negligent failure to warn claims.

As an initial matter, Georgia courts limit the exception language of the statute in section (c) to negligent failure to warn. *See Parks v. Hyundai Motor Am., Inc.,* 258 Ga. App. 876, 882, 575 S.E.2d 673, 678 (2002) ("that statute does not provide an absolute bar to the Parkses' claims for negligent failure to warn. The statute states: 'Nothing contained in this subsection shall relieve a manufacturer from the duty to warn of a danger arising from use of a product once that danger becomes known to the manufacturer.' OCGA § 51–1–11(c). This language removes negligent failure to warn claims from 'the ambit of the statute of repose.' *citing Chrysler Corp. v. Batten,* 264 Ga. at 727(4), 450 S.E.2d 208 (1994)"). Likewise, a federal Court of Appeals has limited the exception language of the statute to actions for *negligent* failure to warn. *See Allison v. McGhan Med. Corp.,* 184 F.3d 1300, 1307 (11th Cir. 1999) (affirming dismissal of strict liability failure to warn claims under the statute of repose). Thus, Plaintiffs' failure to warn claims based on strict liability are barred.

Furthermore, in cases where failure to warn claims are brought in conjunction with other claims, Georgia courts have dismissed the remaining claims under the statute of repose, even though the entire action could not be dismissed. In *Daniels v. Bucyrus-Erie Corp.*, 516 S.E.2d 848, 849, 237 Ga. App. 828, 829 (Ga.App., 1999), the court relied on the ten-year statute of repose (OCGA § 51–1–11) to enter summary judgment on the defective product claim because the crane was manufactured in 1972. Similarly, the Court in this case should dismiss all remaining claims.

Because the exception only applies to negligent failure to warn claims, Plaintiffs' objection has no impact in any of these cases. In all eight cases, Plaintiffs have asserted (in their complaints) failure to warn under strict liability, and have not asserted a negligent failure to warn claim.[2] Thus, based on Georgia case law, section (c) of the statute does not apply to these cases to save Plaintiffs' strict liability failure to warn claim. Rather, the repose statute bars all of Plaintiffs' claims, including the strict liability failure to warn claim. Accordingly, there is no legal basis to allow any of Plaintiffs' claims to proceed.

---

[2] *See* Exhibit C, Master Short Form Complaint and Jury Trial Demands for all eight Plaintiffs.



The Honorable David T. Schultz
June 26, 2019
Page 4

In the alternative, and if, contrary to well-established precedent, negligent failure-to-warn claims are not barred in these cases, Plaintiffs' position that the bucketizing process is only useful where it might "dispose of an entire case" is simply wrong and contrary to the Court's intent.  Plaintiffs' lead counsel previously agreed that the bucketizing process serves a much broader purpose and is a useful exercise.  There is no legal or factual basis to continue to litigate Plaintiffs' time-barred claims, and the failure-to-warn claims, clearly based on strict liability, not negligence, do not save Plaintiffs' cases from dismissal.

This Court has already explained that, "[i]t is the intent of this exercise that categorizing the cases will simplify case management, facilitate dismissal of cases *or elimination of issues for jury or court resolution*, and assist the court and the parties in the process of bellwether selection." *See* Revised Categorization Order (ECF No. 1922)  Accordingly, the bucketizing process should facilitate the dismissal of the claims that both parties agree are barred by the statute of repose.

In summary, Plaintiffs' sole objection that the statute of repose should not apply *at all* to Plaintiffs' cases lacks merit.  The exception language in section (c) applies only to negligent failure to warn claims, and Plaintiffs allege only failure to warn under strict liability, which is barred.  Therefore, 3M respectfully requests that this Court: (1) overrule Plaintiffs' objection, (2) affirm 3M's Bucket-1 designation, and (3) recommend to the district court a dismissal of Plaintiffs' claims in the cases cited above.  Alternatively, a recommendation to the district court a dismissal of all Plaintiffs' claims other than negligent failure to warn claims.

Respectfully submitted,

/s/ Deborah E Lewis
Deborah E. Lewis

