# **Exhibit C**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| IN RE: Bair Hugger Forced Air Warming Products Liability Litigation | MDL No. 15-2666 (JNE/FLN) |
| This Document Relates to All Actions.<br><br>**PLAINTIFF(S)**<br><br>**WILLIAM J. BALBACH & MARY BALBACH**<br><br>**VS.**<br><br>**3M COMPANY AND ARIZANT HEALTHCARE, INC.** | **AMENDED EXHIBIT B TO PRETRIAL ORDER #8 –**<br>**FIRST AMENDED MASTER SHORT FORM COMPLAINT AND JURY TRIAL DEMAND** |

1.      Plaintiff, <u>William J. Balbach & Mary Balbach</u>, states and brings this civil action in MDL No. 15-2666, entitled *In Re: Bair Hugger Forced Air Warming Products Liability Litigation*. Plaintiff(s) [is/are] filing this Short Form Complaint as permitted by Pretrial Order #8 of this Court.

**<u>PARTIES, JURISDICTION AND VENUE</u>**

2.      Plaintiff, <u>William J. Balbach</u>, is a resident and citizen of the State of <u>Georgia</u> and claims damages as set forth below.

3.      Plaintiff's Spouse, <u>Mary Balbach</u>, is a resident and citizen of the State of <u>Georgia</u>, and claims damages as set forth below.

4.      Jurisdiction is proper based upon diversity of Citizenship.

5.      Proper Venue: The District Court in which remand trial is proper and where

this Complaint would have been filed absent the direct filing order by this Court is <u>The United States District Court, Southern District of Georgia, Waycross Division.</u>

      6.     Plaintiff brings this action *[check the applicable designation]*:

__X____     On behalf of [himself/herself];

_____     In a representative capacity as the _____ of the _____ having been duly appointed as the _____ by the _____Court of _____. A copy of the Letters of Administration for a wrongful death claim is annexed hereto if such letters are required for the commencement of such a claim by the Probate, Surrogate or other appropriate court of the jurisdiction of the decedent. *[Cross out if not applicable.]*

## FACTUAL ALLEGATIONS

      7.     On or about <u>January 24, 2007</u>, Plaintiff underwent surgery during which the Bair Hugger Forced Air Warming system (hereinafter "Bair Hugger") was used during the course and scope of [his/her] <u>Right Knee Replacement</u> at the <u>Satilla Regional Medical Center, 410 Darling Avenue i</u>n <u>Waycross, GA ,</u> by <u>Dr. John W. Cope</u>.

      8.     Contaminants introduced into Plaintiff's open surgical wound as a direct and proximate result of use of the Bair Hugger during the subject surgery resulted in Plaintiff developing a periprosthetic joint infection ("PJI"), also known as a deep joint infection ("DJI"). The Pathogen identified was <u>unknown.</u>

      9.     As a result of Plaintiff's infection caused by the Bair Hugger, Plaintiff has undergone <u>multiple stages procedures</u> on or about, at <u>April 3, 2007, June 6, 2007and</u>

August 10, 2007 at The Satilla Regional Medical Center in Waycross, GA by Dr(s). John Cope.

## ALLEGATIONS AS TO INJURIES

10.    (a)  Plaintiff claims damages as a result of (check all that are applicable):

__X____                    INJURY TO HERSELF/HIMSELF

_____                    INJURY TO THE PERSON REPRESENTED

_____                    WRONGFUL DEATH

_____                    SURVIVORSHIP ACTION

__X____                    ECONOMIC LOSS

        (b)  Plaintiff's spouse claims damages as a result of (check all that are applicable):  [Cross out if not applicable.]

___X____                    LOSS OF SERVICES

___X____                    LOSS OF CONSORTIUM

11.    Defendants, by their actions or inactions, proximately caused the injuries to Plaintiff(s).

## DEFENDANT-SPECIFIC ALLEGATIONS AND THEORIES OF RECOVERY

12.    The following claims and allegations are asserted by Plaintiff(s) and are herein adopted by reference (check all that are applicable):

__X____                    FIRST CAUSE OF ACTION - NEGLIGENCE;

__X____                    SECOND CAUSE OF ACTION - STRICT LIABILITY;

                    ___X____    FAILURE TO WARN

                    ___X____    DEFECTIVE DESIGN AND MANUFACTURE

__X____                    THIRD CAUSE OF ACTION – BREACH OF EXPRESS WARRANTY;

3

| | |
|---|---|
| __X____ | FOURTH CAUSE OF ACTION- BREACH OF IMPLIED WARRANTY OF MERCHANTBILITY LAW OF THE STATE OF GEORGIA AND/OR PENNSYLVANIA O.C.G.A., §§ 11-2-314-, et seq and/or 13Pa.Stat.Ann.§§2314 et seq; |
| __X____ | FIFTH CAUSE OF ACTION- VIOLATION OF THE MINNESOTA PREVENTION OF CONSUMER FRAUD ACT; |
| __X____ | SIXTH CAUSE OF ACTION – VIOLATION OF THE MINNESOTA DECEPTIVE TRADE PRACTICES ACT; |
| __X____ | SEVENTH CAUSE OF ACTION- VIOLATION OF THE MINNESOTA UNLAWFUL TRADE PRACTICES ACT; |
| __X____ | EIGHTH CAUSE OF ACTION- VIOLATION OF THE MINNESOTA FALSE ADVERTISING ACT; |
| __X____ | NINTH CAUSE OF ACTION- CONSUMER FRAUD AND/OR UNFAIR AND DECEPTIVE TRADE PRACTICES UNDER LAW OF THE STATE OF GEORGIA AND/OR PENNSYLVANIA O.C.G.A,§§10-1-372, et seq; and/or 73Pa.Stat.§§201-1 et seq |
| __X____ | TENTH CAUSE OF ACTION – NEGLIGENT MISREPRESENTATION; |
| __X____ | ELEVENTH CAUSE OF ACTION- FRAUDULENT MISREPRESENTATION; |
| __X____ | TWELFTH CAUSE OF ACTION – FRAUDULENT CONCEALMENT; |
| __X____ | THIRTEENTH CAUSE OF ACTION – LOSS OF CONSORTIUM; and |
| _____ | FOURTEENTH CAUSE OF ACTION – UNJUST ENRICHMENT. |

In addition to the above, Plaintiff(s) assert the following additional causes of action under applicable state law:

See Exhibit A                                                                                                    .

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff(s) pray for judgment against Defendants as follows:

1.  For compensatory damages;

2.  Pre-judgment and post-judgment interest;

3.  Statutory damages and relief of the state whose laws will govern this action;

4.  Costs and expenses of this litigation;

5.  Reasonable attorneys' fees and costs as provided by law;

6.  Equitable relief in the nature of disgorgement;

7.  Restitution of remedy Defendants' unjust enrichment; and

8.  All other relief as the Court deems necessary, just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff(s) hereby demand(s) a trial by jury as to all claims in Complaint so triable.


Dated: June 14, 2017

Respectfully submitted,


/s/ Christopher L. Coffin
Christopher L. Coffin (LA Bar # 27902)
Nicholas R. Rockforte (LA Bar # 31305)
Jessica A. Perez (LA Bar # 34024)
Pendley, Baudin & Coffin, L.L.P
1515 Poydras Street, Suite 1400
New Orleans, LA 70112
Telephone:     504-355-0086
Facsimile:     504-523-0699
ccoffin@pbclawfirm.com
nrockforte@pbclawfirm.com
jperez@pbclawfirm.com

## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE: Bair Hugger Forced Air Warming Products Liability Litigation | MDL No. 15-2666 (JNE/FLN) |

| | |
|---|---|
| This Document Relates to All Actions.<br><br>**PLAINTIFF**<br><br>**IRMA GREEN**<br><br>**VS.**<br><br>**3M COMPANY AND ARIZANT HEALTHCARE, INC.** | **MASTER SHORT FORM COMPLAINT AND JURY TRIAL DEMAND** |

1.      Plaintiff, Irma Green, states and brings this civil action in MDL No. 15-2666, entitled *In Re: Bair Hugger Forced Air Warming Products Liability Litigation*. Plaintiff is filing this Short Form Complaint as permitted by Pretrial Order #8 of this Court.

### PARTIES, JURISDICTION AND VENUE

2.      Plaintiff, Irma Green, is a resident and citizen of the State of Georgia and claims damages as set forth below.

3.      ~~Plaintiff's Spouse, _____, is a resident and citizen of the State of _____, and claims damages as set forth below.~~

4.      Jurisdiction is proper based upon diversity of Citizenship.

5.      Proper Venue: The District Court in which remand trial is proper and where this Complaint would have been filed absent the direct filing order by this Court is the Northern District of Georgia.

6.      Plaintiff brings this action *[check the applicable designation]*:

__X__          On behalf of herself;

## FACTUAL ALLEGATIONS

7.      On or about July 18, 2005, Plaintiff underwent surgery during which the Bair Hugger Forced Air Warming system (hereinafter "Bair Hugger") was used during the course and scope of her left knee surgery at North Fulton Hospital located at 2500 Hospital Blvd., in Roswell, GA by Dr. Jeffrey J. Albert.

8.      Contaminants introduced into Plaintiff's open surgical wound as a direct and proximate result of use of the Bair Hugger during the subject surgery resulted in Plaintiff developing a periprosthetic joint infection ("PJI"), also known as a deep joint infection ("DJI"). The pathogen identified is unknown.

9.      As a result of Plaintiff's infection caused by the Bair Hugger, Plaintiff has undergone multiple staged revision procedures on or about October 2005 and November 2005 North Fulton Hospital located at 2500 Hospital Blvd., in Roswell, GA by Dr. Jeffrey J. Albert.

## ALLEGATIONS AS TO INJURIES

10.     (a) Plaintiff claims damages as a result of (check all that are applicable):

__X__              INJURY TO HERSELF/HIMSELF

_____              INJURY TO THE PERSON REPRESENTED

_____              WRONGFUL DEATH

_____              SURVIVORSHIP ACTION

__X__              ECONOMIC LOSS

11.     Defendants, by their actions or inactions, proximately caused the injuries to

2

Plaintiffs.

## **DEFENDANT-SPECIFIC ALLEGATIONS AND THEORIES OF RECOVERY**

    12.    The following claims and allegations are asserted by Plaintiff(s) and are

herein adopted by reference (check all that are applicable):

    __X___            FIRST CAUSE OF ACTION - NEGLIGENCE;

    ___X___            SECOND CAUSE OF ACTION - STRICT LIABILITY;

                ___X___    FAILURE TO WARN

                ___X___    DEFECTIVE DESIGN AND MANUFACTURE

    __X___            THIRD CAUSE OF ACTION – BREACH OF EXPRESS WARRANTY;

    __X___            FOURTH CAUSE OF ACTION- BREACH OF IMPLIED WARRANTY OF MERCHANTBILITY LAW OF THE STATE OF GEORGIA §§ 11-2-314, et seq;

    __X___            FIFTH CAUSE OF ACTION- VIOLATION OF THE MINNESOTA PREVENTION OF CONSUMER FRAUD ACT;

    ___X___           SIXTH CAUSE OF ACTION – VIOLATION OF THE MINNESOTA DECEPTIVE TRADE PRACTICES ACT;

    ___X___           SEVENTH CAUSE OF ACTION- VIOLATION OF THE MINNESOTA UNLAWFUL TRADE PRACTICES ACT;

    ___X___           EIGHTH CAUSE OF ACTION- VIOLATION OF THE MINNESOTA FALSE ADVERTISING ACT;

    ___X___           NINTH CAUSE OF ACTION- CONSUMER FRAUD AND/OR UNFAIR AND DECEPTIVE TRADE PRACTICES UNDER LAW OF THE STATE OF GEORGIA §§10-1-372, et seq;

    ___X___           TENTH CAUSE OF ACTION – NEGLIGENT MISREPRESENTATION;

    ___X___           ELEVENTH CAUSE OF ACTION- FRAUDULENT MISREPRESENTATION;

   ___X___          TWELFTH CAUSE OF ACTION – FRAUDULENT CONCEALMENT;

   _____         THIRTEENTH CAUSE OF ACTION – LOSS OF CONSORTIUM; and

   ___X___          FOURTEENTH CAUSE OF ACTION – UNJUST ENRICHMENT.

In addition to the above, Plaintiff(s) assert the following additional causes of action under applicable state law:

Gross Negligence/Malice

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff(s) pray for judgment against Defendants as follows:

1. For compensatory damages;

2. Pre-judgment and post-judgment interest;

3. Statutory damages and relief of the state whose laws will govern this action;

4. Costs and expenses of this litigation;

5. Reasonable attorneys' fees and costs as provided by law;

6. Equitable relief in the nature of disgorgement;

7. Restitution of remedy Defendants' unjust enrichment; and

8. All other relief as the Court deems necessary, just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff(s) hereby demand(s) a trial by jury as to all claims in Complaint so triable.

Dated: July 11, 2017

Respectfully submitted,

/s/ Wesley G. Barr
Wesley G. Barr (LA #32332)
Alfred A. Olinde (LA #20061)
**THE OLINDE FIRM, LLC**
400 Poydras Street, Suite 1980
New Orleans, LA 70130
Tel: (504) 587-1440
Fax: (504) 5871577
Email: wbarr@olindefirm.com
        folinde@olindefirm.com

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE: Bair Hugger Forced Air Warming Products Liability Litigation | MDL No. 15-2666 (JNE/FLN) |
| **PLAINTIFF** <br><br> **DARREN V. JOHNSON** <br><br> **VS.** <br><br> **3M COMPANY AND ARIZANT HEALTHCARE, INC.** | **MASTER SHORT FORM COMPLAINT AND JURY TRIAL DEMAND** |

1.  Plaintiff, Darren V. Johnson, states and brings this civil action in MDL No. 15-2666, entitled *In Re: Bair Hugger Forced Air Warming Products Liability Litigation.* Plaintiff is filing this Short Form Complaint as permitted by Pretrial Order #8 of this Court.

## PARTIES, JURISDICTION AND VENUE

2.  Plaintiff, Darren V. Johnson, is a resident and citizen of the State of Georgia and claims damages as set forth below.

3.  Jurisdiction is proper based upon diversity of Citizenship.

4.  Proper Venue: The District Court in which remand trial is proper and where this Complaint would have been filed absent the direct filing order by this Court is the District of Minnesota.

5.  Plaintiff brings this action on behalf of himself.

## FACTUAL ALLEGATIONS

6.      On or about January 23, 2006, Plaintiff underwent surgery during which the Bair Hugger Forced Air Warming system (hereinafter "Bair Hugger") was used during the course and scope of his left total hip arthroplasty ("THA") at Emory University Hospital Midtown, in Atlanta, Georgia, by Dr. Shervin Oskouei.

7.      Contaminants introduced into Plaintiff's open surgical wound as a direct and proximate result of use of the Bair Hugger during the subject surgery resulted in Plaintiff developing a periprosthetic joint infection ("PJI"), also known as a deep joint infection ("DJI"). The Pathogen was identified as MSSA.

8.      As a result of Plaintiff's infection caused by the Bair Hugger, Plaintiff underwent an irrigation and debridement procedure on or about February 2, 2006, repeat irrigation and debridement procedure on or about February 6, 2006, and further irrigation and debridement procedure on or about February 9, 2006, at Emory University Hospital Midtown, in Atlanta, Georgia, by Dr. Shervin Oskouei.

## ALLEGATIONS AS TO INJURIES

9.      (a) Plaintiff claims damages as a result of:

   __X__           INJURY TO HERSELF/HIMSELF

   _____          INJURY TO THE PERSON REPRESENTED

   _____          WRONGFUL DEATH

   _____          SURVIVORSHIP ACTION

2

**X**   ECONOMIC LOSS

   (b) Defendants, by their actions or inactions, proximately caused the

injuries to Plaintiff.

## DEFENDANT-SPECIFIC ALLEGATIONS AND THEORIES OF RECOVERY

  10. The following claims and allegations are asserted by Plaintiff and are herein

adopted by reference:

  **X**   FIRST CAUSE OF ACTION - NEGLIGENCE;

  **X**   SECOND CAUSE OF ACTION - STRICT LIABILITY;

   **X**   FAILURE TO WARN

   **X**   DEFECTIVE DESIGN AND MANUFACTURE

  **X**   THIRD CAUSE OF ACTION – BREACH OF EXPRESS

   WARRANTY;

  **X**   FOURTH CAUSE OF ACTION- BREACH OF IMPLIED

   WARRANTY OF MERCHANTBILITY LAW OF THE

   STATE OF GEORGIA, GA. CODE ANN. § 11-2-314;

  **X**   FIFTH CAUSE OF ACTION- VIOLATION OF THE

   MINNESOTA PREVENTION OF CONSUMER FRAUD

   ACT;

  **X**   SIXTH CAUSE OF ACTION – VIOLATION OF THE

   MINNESOTA DECEPTIVE TRADE PRACTICES ACT;

  **X**   SEVENTH CAUSE OF ACTION- VIOLATION OF THE

   MINNESOTA UNLAWFUL TRADE PRACTICES ACT;

  **X**   EIGHTH CAUSE OF ACTION- VIOLATION OF THE

MINNESOTA FALSE ADVERTISING ACT;

__X__     NINTH CAUSE OF ACTION- CONSUMER FRAUD AND/OR UNFAIR AND DECEPTIVE TRADE PRACTICES UNDER LAW OF THE STATE OF GEORGIA, GA. CODE ANN. § 10-1-372;

__X__     TENTH CAUSE OF ACTION – NEGLIGENT MISREPRESENTATION;

__X__     ELEVENTH CAUSE OF ACTION- FRAUDULENT MISREPRESENTATION;

__X__     TWELFTH CAUSE OF ACTION – FRAUDULENT CONCEALMENT;

_____     THIRTEENTH CAUSE OF ACTION – LOSS OF CONSORTIUM; and

__X__     FOURTEENTH CAUSE OF ACTION – UNJUST ENRICHMENT.

**<u>PRAYER FOR RELIEF</u>**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. For compensatory damages;

2. Pre-judgment and post-judgment interest;

3. Statutory damages and relief of the state whose laws will govern this action;

4. Costs and expenses of this litigation;

5. Reasonable attorneys' fees and costs as provided by law;

6. Equitable relief in the nature of disgorgement;

4

7. Restitution of remedy Defendants' unjust enrichment; and

8. All other relief as the Court deems necessary, just and proper.

## <u>JURY DEMAND</u>

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff hereby demands a trial by jury as to all claims in Complaint so triable.


Dated: July 25, 2017

            Respectfully submitted,

            KENNEDY HODGES, LLP
            By: /s/ David W. Hodges
            David W. Hodges
            dhodges@kennedyhodges.com
            Gabriel A. Assaad
            gassaad@kennedyhodges.com
            4409 Montrose Blvd. Ste 200
            Houston, TX 77006
            Telephone: (713) 523-0001
            Facsimile: (713) 523-1116

            ATTORNEYS FOR PLAINTIFF

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE: Bair Hugger Forced Air Warming Products Liability Litigation | MDL No. 15-2666 (JNE/FLN) |
| **PLAINTIFF** <br><br> **GERALDINE QUESINBERRY** <br><br> **VS.** <br><br> **3M COMPANY AND ARIZANT HEALTHCARE, INC.** | **MASTER SHORT FORM COMPLAINT AND JURY TRIAL DEMAND** |

1.     Plaintiff, Geraldine Quesinberry, states and brings this civil action in MDL No. 15-2666, entitled *In Re: Bair Hugger Forced Air Warming Products Liability Litigation*. Plaintiff is filing this Short Form Complaint as permitted by Pretrial Order #8 of this Court.

## PARTIES, JURISDICTION AND VENUE

2.     Plaintiff, Geraldine Quesinberry, is a resident and citizen of the State of West Virginia and claims damages as set forth below.

3.     Jurisdiction is proper based upon diversity of Citizenship.

4.     Proper Venue: The District Court in which remand trial is proper and where this Complaint would have been filed absent the direct filing order by this Court is the District of Minnesota.

5.     Plaintiff brings this action on behalf of herself.

### FACTUAL ALLEGATIONS

6.      On or about July 19, 2005, Plaintiff underwent surgery during which the Bair Hugger Forced Air Warming system (hereinafter "Bair Hugger") was used during the course and scope of her right total hip arthroplasty ("THA") at Memorial University Medical Center in Savannah, Georgia by Dr. Charles Hope.

7.      Contaminants introduced into Plaintiff's open surgical wound as a direct and proximate result of use of the Bair Hugger during the subject surgery resulted in Plaintiff developing a periprosthetic joint infection ("PJI"), also known as a deep joint infection ("DJI"). The pathogen was identified as staphylococcus epidermitis.

8.      As a result of Plaintiff's infection caused by the Bair Hugger, Plaintiff underwent an irrigation and debridement on or about February 20, 2006 at Memorial University Medical Center in Savannah, Georgia by Dr. Charles Hope.

### ALLEGATIONS AS TO INJURIES

9.      (a) Plaintiff claims damages as a result of:

__X__      INJURY TO HERSELF/HIMSELF

_____      INJURY TO THE PERSON REPRESENTED

_____      WRONGFUL DEATH

_____      SURVIVORSHIP ACTION

__X__      ECONOMIC LOSS

2

(b) Defendants, by their actions or inactions, proximately caused the injuries to Plaintiff.

**DEFENDANT-SPECIFIC ALLEGATIONS AND THEORIES OF RECOVERY**

10.    The following claims and allegations are asserted by Plaintiff and are herein adopted by reference:

__X__                    FIRST CAUSE OF ACTION - NEGLIGENCE;

__X__                    SECOND CAUSE OF ACTION - STRICT LIABILITY;

           __X__          FAILURE TO WARN

           __X__          DEFECTIVE DESIGN AND MANUFACTURE

__X__                    THIRD CAUSE OF ACTION – BREACH OF EXPRESS

                              WARRANTY;

__X__                    FOURTH CAUSE OF ACTION- BREACH OF IMPLIED

                              WARRANTY OF MERCHANTBILITY LAW OF THE

                              STATE OF GEORGIA, GA. CODE ANN. § 11-2-314;

__X__                    FIFTH CAUSE OF ACTION- VIOLATION OF THE

                              MINNESOTA PREVENTION OF CONSUMER FRAUD

                              ACT;

__X__                    SIXTH CAUSE OF ACTION – VIOLATION OF THE

                              MINNESOTA DECEPTIVE TRADE PRACTICES ACT;

__X__                    SEVENTH CAUSE OF ACTION- VIOLATION OF THE

                              MINNESOTA UNLAWFUL TRADE PRACTICES ACT;

__X__                    EIGHTH CAUSE OF ACTION- VIOLATION OF THE

                              MINNESOTA FALSE ADVERTISING ACT;

__X__          NINTH CAUSE OF ACTION- CONSUMER FRAUD

AND/OR UNFAIR AND DECEPTIVE TRADE

PRACTICES UNDER LAW OF THE STATE OF

GEORGIA, GA. CODE ANN. § 10-1-372;

__X__          TENTH CAUSE OF ACTION – NEGLIGENT

MISREPRESENTATION;

__X__          ELEVENTH CAUSE OF ACTION- FRAUDULENT

MISREPRESENTATION;

__X__          TWELFTH CAUSE OF ACTION – FRAUDULENT

CONCEALMENT;

_____          THIRTEENTH CAUSE OF ACTION – LOSS OF

CONSORTIUM; and

__X__          FOURTEENTH CAUSE OF ACTION – UNJUST

ENRICHMENT.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1.  For compensatory damages;

2.  Pre-judgment and post-judgment interest;

3.  Statutory damages and relief of the state whose laws will govern this action;

4.  Costs and expenses of this litigation;

5.  Reasonable attorneys' fees and costs as provided by law;

6.  Equitable relief in the nature of disgorgement;

7.  Restitution of remedy Defendants' unjust enrichment; and

4

8.  All other relief as the Court deems necessary, just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff hereby demands a trial by jury as to all claims in Complaint so triable.


Dated: July 27, 2017

Respectfully submitted,

KENNEDY HODGES, LLP
By: /s/ David W. Hodges
David W. Hodges
dhodges@kennedyhodges.com
Gabriel A. Assaad
gassaad@kennedyhodges.com
4409 Montrose Blvd. Ste 200
Houston, TX 77006
Telephone: (713) 523-0001
Facsimile: (713) 523-1116

ATTORNEYS FOR PLAINTIFF

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE: Bair Hugger Forced Air Warming Products Liability Litigation | MDL No. 15-2666 (JNE/FLN) |
| **PLAINTIFF** <br><br> **JOHN R. BENJAMIN** <br><br> **VS.** <br><br> **3M COMPANY AND ARIZANT HEALTHCARE, INC.** | **MASTER SHORT FORM COMPLAINT AND JURY TRIAL DEMAND** |

1.      Plaintiff, John R. Benjamin, states and brings this civil action in MDL No. 15-2666, entitled *In Re: Bair Hugger Forced Air Warming Products Liability Litigation*. Plaintiff is filing this Short Form Complaint as permitted by Pretrial Order #8 of this Court.

## PARTIES, JURISDICTION AND VENUE

2.      Plaintiff, John R. Benjamin, is a resident and citizen of the State of Georgia and claims damages as set forth below.

3.      Jurisdiction is proper based upon diversity of Citizenship.

4.      Proper Venue: The District Court in which remand trial is proper and where this Complaint would have been filed absent the direct filing order by this Court is the District of Minnesota.

5.      Plaintiff brings this action on behalf of himself.

## FACTUAL ALLEGATIONS

6.    On or about November 13, 2006, Plaintiff underwent surgery during which the Bair Hugger Forced Air Warming system (hereinafter "Bair Hugger") was used during the course and scope of his right total knee arthroplasty ("TKA") at Fannin Regional Hospital, in Blue Ridge, Georgia, by Dr. Douglas Nuelle.

7.    Contaminants introduced into Plaintiff's open surgical wound as a direct and proximate result of use of the Bair Hugger during the subject surgery resulted in Plaintiff developing a periprosthetic joint infection ("PJI"), also known as a deep joint infection ("DJI"). The Pathogen was identified as MSSA.

8.    As a result of Plaintiff's infection caused by the Bair Hugger, Plaintiff underwent an irrigation and debridement procedure on or about March 15, 2007, repeat irrigation and debridement procedure on or about March 20, 2007, and removal of implant and installation of an antibiotic spacer on or about May 23, 2007, at Fannin Regional Hospital, in Blue Ridge, Georgia, by Dr. Douglas Nuelle.

## ALLEGATIONS AS TO INJURIES

9.    (a) Plaintiff claims damages as a result of:

__X__    INJURY TO HERSELF/HIMSELF

_____    INJURY TO THE PERSON REPRESENTED

_____    WRONGFUL DEATH

_____    SURVIVORSHIP ACTION

   **X**           ECONOMIC LOSS

       (b) Defendants, by their actions or inactions, proximately caused the injuries to Plaintiff.

## DEFENDANT-SPECIFIC ALLEGATIONS AND THEORIES OF RECOVERY

     10.   The following claims and allegations are asserted by Plaintiff and are herein adopted by reference:

   **X**           FIRST CAUSE OF ACTION - NEGLIGENCE;

   **X**           SECOND CAUSE OF ACTION - STRICT LIABILITY;

       **X**       FAILURE TO WARN

       **X**       DEFECTIVE DESIGN AND MANUFACTURE

   **X**           THIRD CAUSE OF ACTION – BREACH OF EXPRESS WARRANTY;

   **X**           FOURTH CAUSE OF ACTION- BREACH OF IMPLIED WARRANTY OF MERCHANTBILITY LAW OF THE STATE OF GEORGIA, GA. CODE ANN. § 11-2-314;

   **X**           FIFTH CAUSE OF ACTION- VIOLATION OF THE MINNESOTA PREVENTION OF CONSUMER FRAUD ACT;

   **X**           SIXTH CAUSE OF ACTION – VIOLATION OF THE MINNESOTA DECEPTIVE TRADE PRACTICES ACT;

   **X**           SEVENTH CAUSE OF ACTION- VIOLATION OF THE MINNESOTA UNLAWFUL TRADE PRACTICES ACT;

   **X**           EIGHTH CAUSE OF ACTION- VIOLATION OF THE

MINNESOTA FALSE ADVERTISING ACT;

__X__   NINTH CAUSE OF ACTION- CONSUMER FRAUD AND/OR UNFAIR AND DECEPTIVE TRADE PRACTICES UNDER LAW OF THE STATE OF GEORGIA, GA. CODE ANN. § 10-1-372;

__X__   TENTH CAUSE OF ACTION – NEGLIGENT MISREPRESENTATION;

__X__   ELEVENTH CAUSE OF ACTION- FRAUDULENT MISREPRESENTATION;

__X__   TWELFTH CAUSE OF ACTION – FRAUDULENT CONCEALMENT;

_____   THIRTEENTH CAUSE OF ACTION – LOSS OF CONSORTIUM; and

__X__   FOURTEENTH CAUSE OF ACTION – UNJUST ENRICHMENT.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. For compensatory damages;

2. Pre-judgment and post-judgment interest;

3. Statutory damages and relief of the state whose laws will govern this action;

4. Costs and expenses of this litigation;

5. Reasonable attorneys' fees and costs as provided by law;

6. Equitable relief in the nature of disgorgement;

4

7.  Restitution of remedy Defendants' unjust enrichment; and

8.  All other relief as the Court deems necessary, just and proper.

## **JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff hereby demands a trial by jury as to all claims in Complaint so triable.

Dated: August 9, 2017

Respectfully submitted,

KENNEDY HODGES, LLP
By: /s/ David W. Hodges
David W. Hodges
dhodges@kennedyhodges.com
Gabriel A. Assaad
gassaad@kennedyhodges.com
4409 Montrose Blvd. Ste 200
Houston, TX 77006
Telephone: (713) 523-0001
Facsimile: (713) 523-1116

ATTORNEYS FOR PLAINTIFF

## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE: Bair Hugger Forced Air Warming Products Liability Litigation | MDL No. 15-2666 (JNE/FLN) |
| This Document Relates to All Actions. **PLAINTIFF(S)** Douglas Babb | **AMENDED EXHIBIT B TO PRETRIAL ORDER #8 – FIRST AMENDED MASTER SHORT FORM COMPLAINT AND JURY TRIAL DEMAND** |
| **VS.** **3M COMPANY AND ARIZANT HEALTHCARE, INC.** | |

1. Plaintiff, Douglas Babb , states and brings this civil action in MDL No. 15-2666, entitled *In Re: Bair Hugger Forced Air Warming Products Liability Litigation*. Plaintiff(s) [is/are] filing this Short Form Complaint as permitted by Pretrial Order #8 of this Court.

### PARTIES, JURISDICTION AND VENUE

2. Plaintiff, Douglas Babb , is a resident and citizen of the State of Georgia and claims damages as set forth below.

3. ~~Plaintiff's Spouse,~~ ~~, is a resident and citizen of the State of~~ ~~, and claims damages as set forth below.~~

*[Cross out Spousal Claim if not applicable.]*

4. Jurisdiction is proper based upon diversity of Citizenship.

5. Proper Venue: The District Court in which remand trial is proper and where

1

this Complaint would have been filed absent the direct filing order by this Court is
U.S. District Court Middle District of Georgia
_____.

     6.     Plaintiff brings this action *[check the applicable designation]*:

☑          On behalf of [himself/herself];

☐          In a representative capacity as the _____ of the

_____ having been duly appointed as the

_____ by the _____ Court of

_____. A copy of the Letters of Administration

for a wrongful death claim is annexed hereto if such letters are

required for the commencement of such a claim by the Probate,

Surrogate or other appropriate court of the jurisdiction of the decedent.

*[Cross out if not applicable.]*

## **FACTUAL ALLEGATIONS**

     7.     On or about July 5, 2006 _____, Plaintiff underwent surgery

during which the Bair Hugger Forced Air Warming system (hereinafter "Bair Hugger") was

used during the course and scope of [his/her] Right total knee replacement [Type

of Surgery] at the Coliseum Medical Center 350 Hospital Drive [medical

center and address], in Macon, GA [city and state], by

Dr. Derrick Phillips _____.

     8.     Contaminants introduced into Plaintiff's open surgical wound as a direct and

proximate result of use of the Bair Hugger during the subject surgery resulted in Plaintiff

developing a periprosthetic joint infection ("PJI"), also known as a deep joint infection

("DJI"). The Pathogen identified was _____ (*if known*).

9.    As a result of Plaintiff's infection caused by the Bair Hugger, Plaintiff has

undergone __I&D; Debridement with removal and placement of a cement spacer; Above the knee amputation of the right leg__ [Describe

treatment(s) received, e.g., revision arthroplasty, wound vac treatment, multiple staged

procedures, etc.] on or about __9/7/2006; 9/21/2006; 10/5/2006__, at _____

__Coliseum Medical Center 350 Hospital Drive, Macon, GA 31217__ [medical center(s)

and address(es)] by Dr(s). __Derrick Phillips__. [Cross out if not applicable.]

## ALLEGATIONS AS TO INJURIES

10.    (a)  Plaintiff claims damages as a result of (check all that are applicable):

- ☑  INJURY TO HERSELF/HIMSELF
- ☑  INJURY TO THE PERSON REPRESENTED
- ☐  WRONGFUL DEATH
- ☐  SURVIVORSHIP ACTION
- ☑  ECONOMIC LOSS

   (b)  Plaintiff's spouse claims damages as a result of (check all that are

applicable):  [Cross out if not applicable.]

- ☐  LOSS OF SERVICES
- ☐  LOSS OF CONSORTIUM

11.    Defendants, by their actions or inactions, proximately caused the injuries to

Plaintiff(s).

## DEFENDANT-SPECIFIC ALLEGATIONS AND THEORIES OF RECOVERY

12.    The following claims and allegations are asserted by Plaintiff(s) and are

herein adopted by reference (check all that are applicable):

- ☑  FIRST CAUSE OF ACTION - NEGLIGENCE;

☑        SECOND CAUSE OF ACTION - STRICT LIABILITY;

             ☑       FAILURE TO WARN

             ☑       DEFECTIVE DESIGN AND MANUFACTURE

☑        THIRD CAUSE OF ACTION – BREACH OF EXPRESS WARRANTY;

☑        FOURTH CAUSE OF ACTION- BREACH OF IMPLIED WARRANTY OF MERCHANTBILITY LAW OF THE STATE OF Georgia , O.C.G.A. §§ 11-2-314 ;

☑        FIFTH CAUSE OF ACTION- VIOLATION OF THE MINNESOTA PREVENTION OF CONSUMER FRAUD ACT;

☑        SIXTH CAUSE OF ACTION – VIOLATION OF THE MINNESOTA DECEPTIVE TRADE PRACTICES ACT;

☑        SEVENTH CAUSE OF ACTION- VIOLATION OF THE MINNESOTA UNLAWFUL TRADE PRACTICES ACT;

☑        EIGHTH CAUSE OF ACTION- VIOLATION OF THE MINNESOTA FALSE ADVERTISING ACT;

☑        NINTH CAUSE OF ACTION- CONSUMER FRAUD AND/OR UNFAIR AND DECEPTIVE TRADE PRACTICES UNDER LAW OF THE STATE OF Georgia , O.C.G.A. §§ 10-1-390 et seq. ;

☑        TENTH CAUSE OF ACTION – NEGLIGENT MISREPRESENTATION;

☑        ELEVENTH CAUSE OF ACTION- FRAUDULENT MISREPRESENTATION;

☑        TWELFTH CAUSE OF ACTION – FRAUDULENT CONCEALMENT;

☐        THIRTEENTH CAUSE OF ACTION – LOSS OF CONSORTIUM; and

☑        FOURTEENTH CAUSE OF ACTION – UNJUST ENRICHMENT.

In addition to the above, Plaintiff(s) assert the following additional causes of action under applicable state law:

_____

_____

_____.

*[Cross out if not applicable.]*

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff(s) pray for judgment against Defendants as follows:

1. For compensatory damages;

2. Pre-judgment and post-judgment interest;

3. Statutory damages and relief of the state whose laws will govern this action;

4. Costs and expenses of this litigation;

5. Reasonable attorneys' fees and costs as provided by law;

6. Equitable relief in the nature of disgorgement;

7. Restitution of remedy Defendants' unjust enrichment; and

8. All other relief as the Court deems necessary, just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff(s) hereby demand(s) a trial by jury as to all claims in Complaint so triable.

Dated: 10/20/2017
_____

Respectfully submitted,
DAVIS & CRUMP, P.C.
/s/ Martin D. Crump
Martin D. Crump (MSB #10652)
Robert D. Cain, Jr. (MSB #104283)
2601 Fourteenth Street
Gulfport, MS 39507
Phone: (228) 863-6000

5

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE: Bair Hugger Forced Air Warming Products Liability Litigation | MDL No. 15-2666 (JNE/FLN) |
| **PLAINTIFF**<br><br>**GARY BENTSON**<br><br>**VS.**<br><br>**3M COMPANY AND ARIZANT HEALTHCARE, INC.** | **MASTER SHORT FORM COMPLAINT AND JURY TRIAL DEMAND** |

     1.     Plaintiff, Gary Bentson, states and brings this civil action in MDL No. 15-2666, entitled *In Re: Bair Hugger Forced Air Warming Products Liability Litigation*. Plaintiff is filing this Short Form Complaint as permitted by Pretrial Order #8 of this Court.

## PARTIES, JURISDICTION AND VENUE

     2.     Plaintiff, Gary Bentson, is a resident and citizen of the State of Georgia and claims damages as set forth below.

     3.     Jurisdiction is proper based upon diversity of Citizenship.

     4.     Proper Venue: The District Court in which remand trial is proper and where this Complaint would have been filed absent the direct filing order by this Court is the District of Minnesota.

     5.     Plaintiff brings this action on behalf of himself.

## FACTUAL ALLEGATIONS

6.      On or about March 9, 2005, Plaintiff underwent surgery during which the Bair Hugger Forced Air Warming system (hereinafter "Bair Hugger") was used during the course and scope of his right total knee arthroplasty ("TKA") at Houston Medical Center, in Warner Robins, Georgia, by Dr. J.W. Spivey, Jr.

7.      Contaminants introduced into Plaintiff's open surgical wound as a direct and proximate result of use of the Bair Hugger during the subject surgery resulted in Plaintiff developing a periprosthetic joint infection ("PJI"), also known as a deep joint infection ("DJI"). The Pathogen was not identified.

8.      As a result of Plaintiff's infection caused by the Bair Hugger, Plaintiff underwent irrigation and debridement surgery on or about March 19, 2005, revision surgery on or about January 1, 2011, and removal of implant and installation of an antibiotic spacer on or about August 20, 2012, at Houston Medical Center, in Warner Robins, Georgia, by Dr. J.W. Spivey, Jr. and Dr. Todd Kinnebrew.

## ALLEGATIONS AS TO INJURIES

9.      (a) Plaintiff claims damages as a result of:

__X__          INJURY TO HERSELF/HIMSELF

_____          INJURY TO THE PERSON REPRESENTED

_____          WRONGFUL DEATH

_____          SURVIVORSHIP ACTION

2

   __X__         ECONOMIC LOSS

       (b) Defendants, by their actions or inactions, proximately caused the injuries to Plaintiff.

## **DEFENDANT-SPECIFIC ALLEGATIONS AND THEORIES OF RECOVERY**

      10.    The following claims and allegations are asserted by Plaintiff and are herein adopted by reference:

   __X__         FIRST CAUSE OF ACTION - NEGLIGENCE;

   __X__         SECOND CAUSE OF ACTION - STRICT LIABILITY;

      __X__     FAILURE TO WARN

      __X__     DEFECTIVE DESIGN AND MANUFACTURE

   __X__         THIRD CAUSE OF ACTION – BREACH OF EXPRESS WARRANTY;

   __X__         FOURTH CAUSE OF ACTION- BREACH OF IMPLIED WARRANTY OF MERCHANTBILITY LAW OF THE STATE OF GEORGIA, GA. CODE ANN. § 11-2-314;

   __X__         FIFTH CAUSE OF ACTION- VIOLATION OF THE MINNESOTA PREVENTION OF CONSUMER FRAUD ACT;

   __X__         SIXTH CAUSE OF ACTION – VIOLATION OF THE MINNESOTA DECEPTIVE TRADE PRACTICES ACT;

   __X__         SEVENTH CAUSE OF ACTION- VIOLATION OF THE MINNESOTA UNLAWFUL TRADE PRACTICES ACT;

   __X__         EIGHTH CAUSE OF ACTION- VIOLATION OF THE

|          | MINNESOTA FALSE ADVERTISING ACT; |
|----------|----------------------------------|
| __X__    | NINTH CAUSE OF ACTION- CONSUMER FRAUD AND/OR UNFAIR AND DECEPTIVE TRADE PRACTICES UNDER LAW OF THE STATE OF GEORGIA, GA. CODE ANN. § 10-1-372; |
| __X__    | TENTH CAUSE OF ACTION – NEGLIGENT MISREPRESENTATION; |
| __X__    | ELEVENTH CAUSE OF ACTION- FRAUDULENT MISREPRESENTATION; |
| __X__    | TWELFTH CAUSE OF ACTION – FRAUDULENT CONCEALMENT; |
| _____    | THIRTEENTH CAUSE OF ACTION – LOSS OF CONSORTIUM; |
| __X__    | FOURTEENTH CAUSE OF ACTION – UNJUST ENRICHMENT; and |
| __X__    | FIFTEENTH CAUSE OF ACTION – PUNITIVE DAMAGES. |

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. For compensatory damages;

2. Pre-judgment and post-judgment interest;

3. Statutory damages and relief of the state whose laws will govern this action;

4. Costs and expenses of this litigation;

4

5.  Reasonable attorneys' fees and costs as provided by law;

6.  Equitable relief in the nature of disgorgement;

7.  Restitution of remedy Defendants' unjust enrichment;

8.  Punitive damages; and

9.  All other relief as the Court deems necessary, just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff hereby demands a trial by jury as to all claims in Complaint so triable.


Dated: December 7, 2017

                                        Respectfully submitted,

                                        KENNEDY HODGES, LLP
                                        By: /s/ David W. Hodges
                                        David W. Hodges
                                        dhodges@kennedyhodges.com
                                        Gabriel A. Assaad
                                        gassaad@kennedyhodges.com
                                        4409 Montrose Blvd. Ste 200
                                        Houston, TX 77006
                                        Telephone: (713) 523-0001
                                        Facsimile: (713) 523-1116

                                        ATTORNEYS FOR PLAINTIFF

## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE: Bair Hugger Forced Air Warming Products Liability Litigation | MDL No. 15-2666 (JNE/FLN) |
| **PLAINTIFF**<br><br>**ROBERT ROMMER**<br><br>**VS.**<br><br>**3M COMPANY AND ARIZANT HEALTHCARE, INC.** | **MASTER SHORT FORM COMPLAINT AND JURY TRIAL DEMAND** |

1.  Plaintiff, Robert Rommer, states and brings this civil action in MDL No. 15-2666, entitled *In Re: Bair Hugger Forced Air Warming Products Liability Litigation*. Plaintiff is filing this Short Form Complaint as permitted by Pretrial Order #8 of this Court.

### PARTIES, JURISDICTION AND VENUE

2.  Plaintiff, Robert Rommer, is a resident and citizen of the State of Georgia and claims damages as set forth below.

3.  Jurisdiction is proper based upon diversity of Citizenship.

4.  Proper Venue: The District Court in which remand trial is proper and where this Complaint would have been filed absent the direct filing order by this Court is the District of Minnesota.

5.  Plaintiff brings this action on behalf of himself.

## FACTUAL ALLEGATIONS

6.      On or about November 12, 2007, Plaintiff underwent surgery during which the Bair Hugger Forced Air Warming system (hereinafter "Bair Hugger") was used during the course and scope of his right total knee arthroplasty ("TKA") at Piedmont Hospital, in Atlanta, Georgia by Dr. Allen McDonald, III.

7.      Contaminants introduced into Plaintiff's open surgical wound as a direct and proximate result of use of the Bair Hugger during the subject surgery resulted in Plaintiff developing a periprosthetic joint infection ("PJI"), also known as a deep joint infection ("DJI"). The pathogen was identified as staphylococcus epidermidis and coagulase-negative staphylococcus.

8.      As a result of Plaintiff's infection caused by the Bair Hugger, Plaintiff underwent an irrigation and debridement on or about November 26, 2007 at Piedmont Hospital in Atlanta, Georgia by Dr. Allen McDonald, III. Plaintiff underwent removal of prosthesis and insertion of an antibiotic spacer on or about August 4, 2008, and reimplantation of prosthesis on or about December 15, 2008 at Piedmont Hospital in Atlanta, Georgia by Dr. Allen McDonald, III. Due to recurrent infection, Plaintiff underwent an irrigation and debridement on or about August 8, 2011 at Piedmont Hospital in Atlanta, Georgia by Dr. Allen McDonald, III. Plaintiff underwent removal of the prosthesis and insertion of antibiotic spacer on or about March 6, 2013 at Piedmont Hospital in Atlanta, Georgia by Dr. Allen McDonald, III.

## ALLEGATIONS AS TO INJURIES

9.      (a) Plaintiff claims damages as a result of:

   **X**            INJURY TO HERSELF/HIMSELF

\_\_\_\_\_         INJURY TO THE PERSON REPRESENTED

\_\_\_\_\_         WRONGFUL DEATH

\_\_\_\_\_         SURVIVORSHIP ACTION

   **X**            ECONOMIC LOSS

(b) Defendants, by their actions or inactions, proximately caused the injuries to Plaintiff.

**DEFENDANT-SPECIFIC ALLEGATIONS AND THEORIES OF RECOVERY**

10.    The following claims and allegations are asserted by Plaintiff and are herein adopted by reference:

   **X**            FIRST CAUSE OF ACTION - NEGLIGENCE;

   **X**            SECOND CAUSE OF ACTION - STRICT LIABILITY;

         **X**       FAILURE TO WARN

         **X**       DEFECTIVE DESIGN AND MANUFACTURE

   **X**            THIRD CAUSE OF ACTION – BREACH OF EXPRESS WARRANTY;

   **X**            FOURTH CAUSE OF ACTION- BREACH OF IMPLIED WARRANTY OF MERCHANTBILITY LAW OF THE STATE OF GEORGIA, GA. CODE ANN. § 11-2-314;

   **X**            FIFTH CAUSE OF ACTION- VIOLATION OF THE

MINNESOTA PREVENTION OF CONSUMER FRAUD ACT;

__X__    SIXTH CAUSE OF ACTION – VIOLATION OF THE MINNESOTA DECEPTIVE TRADE PRACTICES ACT;

__X__    SEVENTH CAUSE OF ACTION- VIOLATION OF THE MINNESOTA UNLAWFUL TRADE PRACTICES ACT;

__X__    EIGHTH CAUSE OF ACTION- VIOLATION OF THE MINNESOTA FALSE ADVERTISING ACT;

__X__    NINTH CAUSE OF ACTION- CONSUMER FRAUD AND/OR UNFAIR AND DECEPTIVE TRADE PRACTICES UNDER LAW OF THE STATE OF GEORGIA, GA. CODE ANN. § 10-1-372;

__X__    TENTH CAUSE OF ACTION – NEGLIGENT MISREPRESENTATION;

__X__    ELEVENTH CAUSE OF ACTION- FRAUDULENT MISREPRESENTATION;

__X__    TWELFTH CAUSE OF ACTION – FRAUDULENT CONCEALMENT;

_____    THIRTEENTH CAUSE OF ACTION – LOSS OF CONSORTIUM;

__X__    FOURTEENTH CAUSE OF ACTION – UNJUST ENRICHMENT; and

__X__    FIFTEENTH CAUSE OF ACTION – PUNITIVE

DAMAGES.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. For compensatory damages;

2. Pre-judgment and post-judgment interest;

3. Statutory damages and relief of the state whose laws will govern this action;

4. Costs and expenses of this litigation;

5. Reasonable attorneys' fees and costs as provided by law;

6. Equitable relief in the nature of disgorgement;

7. Restitution of remedy Defendants' unjust enrichment;

8. Punitive damages; and

9. All other relief as the Court deems necessary, just and proper.

## **JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff hereby demands a trial by jury as to all claims in Complaint so triable.

Dated: January 5, 2018

Respectfully submitted,

KENNEDY HODGES, LLP
By: /s/ David W. Hodges
David W. Hodges
dhodges@kennedyhodges.com
Gabriel A. Assaad
gassaad@kennedyhodges.com
4409 Montrose Blvd. Ste 200
Houston, TX 77006
Telephone: (713) 523-0001
Facsimile: (713) 523-1116

ATTORNEYS FOR PLAINTIFF

5