

**Deborah E. Lewis**
**Direct Dial:  612-343-3228**
**E-Mail:  dlewis@blackwellburke.com**

**VIA ECF**

June 26, 2019

The Honorable David T. Schultz
Magistrate Judge, United States District Court
District of Minnesota
9E U.S. Courthouse
300 South Fourth Street
Minneapolis, MN  55415

RE:   *In re Bair Hugger*, MDL No. 15-2666-JNE-DTS – "Bucket 1" Cases for Kansas
(cases outside of Kansas' applicable statute of repose period)

Dear Judge Schultz:

Pursuant to Section B.1. and C.3. of this Court's May 17th Revised Categorization Order (ECF No. 1922), 3M submits this letter in support of its SOR-Bucket-1 designations for the following cases:

17-cv-02270 (*Clinkenbeard v. 3M Co., et al.*)
17-cv-02603 *(Frantz v. 3M Co., et al.)*
17-cv-02634 (*Harris v. 3M Co., et. al.*)
17-cv-02685 (*Daniels Sr. v. 3M Co., et al.*)
17-cv-02845 (*Weeks v. 3M Co., et al.*)
17-cv-02846 (*Task v. 3M Co., et. al.*)
17-cv-02942 (*Harp. v. 3M Co., et al.*)
17-cv-04413 (*Kasson v. 3M Co., et al.*)
17-cv-05531 (*Morris v. 3M Co., et al.*)
18-cv-02307 (*King v. 3M Co., et al.*)

Each of the above Plaintiffs had his/her index surgery in Kansas. Kansas' applicable statute of repose requires these Plaintiffs to bring their claims within the ten-year repose period. Kansas' applicable statute of repose provides:

> Except as provided in subsections (c) and (d), the causes of action listed in subsection (a)  shall not be deemed to have accrued until the act giving rise to the cause of action first causes substantial injury, or, if the fact of injury is

The Honorable David T. Schultz
June 26, 2019
Page 2

> not reasonably ascertainable until some time after the initial act, then the period of limitation shall not commence until the fact of injury becomes reasonably ascertainable to the injured party, but *in no event shall an action be commenced more than 10 years beyond the time of the act giving rise to the cause of action*.

K.S.A. § 60-513(b) (emphasis added)

In each of these ten cases, it is undisputed that Plaintiffs' index surgery took place more than ten years before their cases were filed.[1] Attached hereto as "Exhibit A" is a chart indicating the respective date of index surgery and date of MDL case filing for each of these cases. Because the statute of repose lapsed before Plaintiffs filed their cases, dismissal of these matters is appropriate.

*Response to Plaintiffs' Objection*

Pursuant to the Court's Categorization Order, 3M sent a spreadsheet to Plaintiffs on April 30, 2019, identifying each of these cases as a Bucket 1 case. Plaintiffs responded to the spreadsheet on May 30, 2019, and Plaintiffs' response constituted their opportunity to notify 3M of the bases of their objections to 3M's Bucket-1 designation, and to:

> [P]rovide defendant *in writing* the following information: which . . . bucket Plaintiff believes the case should be placed into, the reason for this belief, and the documents and facts on which Plaintiff relies for this position. (emphasis added)

(ECF No. 1922 at II.C.3.) The time to respond to 3M's designations has passed, and any further objections have been waived. 3M timely gave Plaintiffs written notice of its intent to submit these cases to the Court on June 10, 2019.

Plaintiffs' sole objection response is:

> "K.S.A. 60-513 statute of repose does not apply to latent harms, which would include infections from the use of a Bair Hugger device."

*See* Plaintiffs' Response to 3M Chart – Bucket 1 – Outside SOR, Ex. B.

---

[1] The Parties and the Court have recognized that the actual triggering event for the statute of repose in most jurisdictions is not the index surgery. However, for the purposes of the categorization, the Court has instructed (and the parties have agreed) to use the date of index surgery since the index surgery is the act giving rise to the cause of action. (*See* ECF No. 1922 at II.B.)



The Honorable David T. Schultz
June 26, 2019
Page 3

The sole question presented to the Court is whether the latent harm exception, as defined by K.S.A. § 60-3303(d), prevents application of Kansas' General Statute of Repose (K.S.A. § 60-513(b)). As argued below, Plaintiffs' contention contradicts the plain language of the statute because these cases do not implicate the latent disease exception; bacteria are not defined or listed as harmful material by the Kansas Legislature. This Court should overrule Plaintiffs' objection.

Where a personal injury arises in a products liability case, the 'latent harm' exception in K.S.A. § 60-3303(d)(1) is expressly incorporated in the General Statute of Repose. The exception provides that:

> [i]n a product liability claim against the product seller, the ten-year limitation, as defined in K.S.A. 60-513, and amendments thereto, shall not apply to the time to discover a disease which is latent *caused by exposure to a harmful material*, in which event the action shall be deemed to have accrued when the disease and such disease's cause have been made known to the person or at the point the person should have been aware of the disease and such disease's cause.

K.S.A. § 60-3303(d)(1) (emphasis added).

As the statute makes clear, the exception is limited to "exposure to a harmful material."

"Harmful material" is defined as:

> silicone gel breast implants, which were implanted prior to July 1, 1992; any chemical substances commonly known as asbestos, dioxins, or polychlorinated biphenyls, whether alone or as part of any product; or any substance which is determined to present an unreasonable risk of injury to health or the environment by the United States environmental protection agency pursuant to the federal toxic substances control act, 15 U.S.C. § 2601 *et seq.*, or the state of Kansas, and because of such risk is regulated by the state or the environmental protection agency.

K.S.A.§ 60-3303(d)(2).

Plaintiffs in each of the above cases allege that their surgical wounds were inoculated by various bacteria during the course of their respective surgeries. However, these bacteria do not fall within the enumerated list of "harmful materials" listed in § 60-3303(d)(2), nor are these bacteria listed or defined as a "substance" by the Toxic Substances Control Act, 15 U.S.C. § 2601 *et seq.* which is determined to present an unreasonable risk of injury to



The Honorable David T. Schultz
June 26, 2019
Page 4

health or the environment by the United States environmental protection agency or by the state of Kansas.   Consequently, the latent disease exception *by its terms* does not apply to Plaintiffs' cases.

Section 60-3303(d)(2) does not provide for exceptions to its definition of "harmful material," and Plaintiffs' assertion that bacteria are harmful material as contemplated by the Kansas Legislature lacks support from the clear statutory language, and would undermine the clear legislative intent for the latent disease exception.

In summary, Plaintiffs' sole objection to 3M's designation lacks merit.  Plaintiffs do not allege a latent disease caused by exposure to a harmful material as defined by the Kansas legislature.  The latent disease exception to the statute of repose does not apply to Plaintiffs' cases.  Therefore, 3M respectfully requests that this Court: (1) overrule Plaintiffs' objection, (2) affirm 3M's Bucket-1 designation, and (3) recommend to the district court a dismissal of Plaintiffs' cases cited above.

Respectfully submitted,

/s/ Deborah E Lewis
Deborah E. Lewis

