

**Deborah E. Lewis**
**Direct Dial: 612-343-3228**
**E-Mail: dlewis@blackwellburke.com**

**VIA ECF**

June 26, 2019

The Honorable David T. Schultz
Magistrate Judge, United States District Court
District of Minnesota
9E U.S. Courthouse
300 South Fourth Street
Minneapolis, MN  55415

RE:   *In re Bair Hugger*, MDL No. 15-2666-JNE-DTS – "Bucket 1" Cases for North Carolina (cases outside of North Carolina's applicable statute of repose period)

Dear Judge Schultz:

Pursuant to Section B.1. and C.3. of this Court's May 17th Revised Categorization Order (ECF No. 1922), 3M submits this letter in support of its SOR-Bucket-1 designations for the following cases:

17-cv-02733 (*Wilkins v. 3M Co., et al.*)
17-cv-02970 (*Moore v. 3M Co., et al.*)
17-cv-02984 (*Campbell v. 3M Co., et al.*)
17-cv-04302 (*Tilley v. 3M Co., et al.*)
18-cv-01117 (*Tisdale v. 3M Co., et al.*)
18-cv-01614 (*Fitton v. 3M Co., et al.*)
18-cv-01774 (*Carpenter v. 3M Co., et al.*)
18-cv-01887 (*Woody v. 3M Co., et al.*)
18-cv-01918 (*Davis v. 3M Co., et al.*)
18-cv-01950 (*Payne v. 3M Co., et al.*)
18-cv-01999 (*Hobbins v. 3M Co., et al.*)
18-cv-02010 (*Barham v. 3M Co., et al.*)
18-cv-02118 (*Yelverton v. 3M Co., et al.*)
18-cv-02179 (*Yankovich v. 3M Co., et al.*)
18-cv-02186 (*Morrison v. 3M Co., et al.*)
18-cv-02215 (*Whitfield v. 3M Co., et al.*)
18-cv-02306 (*James v. 3M Co., et al.*)
18-cv-02391 (*Vonville v. 3M Co., et al.*)
18-cv-03384 (*Hawkins v. 3M Co., et al.*)

Each of the above Plaintiffs had his/her index surgery in North Carolina. North Carolina's applicable statute of repose requires these Plaintiffs to bring their claims within the six-year repose period (effective before 10/1/09) or twelve-year repose period (effective after 10/1/09). North Carolina's applicable statute of repose provides:

> Prior to Oct. 1, 2019, N.C.G.S.A. § 1-50 subd. (a)(6), read as follows:
>
> (6) No action for the recovery of damages for personal injury, death or damage to property based upon or arising out of any alleged defect or any failure in relation to a product shall be brought **more than six years** after the date of initial purchase for use or consumption. (emphasis added)
> ~~
> N.C.G.S.A. § 1-46.1 (effective Oct. 1, 2009) reads as follows:
>
> (1) No action for the recovery of damages for personal injury, death, or damage to property based upon or arising out of any alleged defect or any failure in relation to a product shall be brought more than 12 years after the date of initial purchase for use or consumption.

In each of the above Plaintiffs' cases, Plaintiffs' index surgery took place before Oct. 1, 2009. Furthermore, it is undisputed that the surgery took place more than six years before the case was filed.[1] Attached hereto as "Exhibit A" is a chart indicating the respective date of index surgery and date of MDL case filing for each of these cases. Because the statute of repose lapsed before Plaintiffs filed their cases, dismissal of these matters is appropriate.

*Response to Plaintiffs' Objection*

Pursuant to the Court's Categorization Order, 3M sent a spreadsheet to Plaintiffs on April 30, 2019 identifying each of these cases as a Bucket 1 case. Plaintiffs responded to the spreadsheet on May 30, 2019, and Plaintiffs' response constituted their opportunity to notify 3M of the bases of their objections to 3M's Bucket-1 designation, and to:

> [P]rovide defendant *in writing* the following information: which . . . bucket Plaintiff believes the case should be placed into, the reason for this belief,

---

[1] The Parties and the Court have recognized that the actual triggering event for the statute of repose in most jurisdictions is not the index surgery. However, for the purposes of the categorization, the Court has instructed (and the parties have agreed) to use the date of index surgery since the purchase of the Bair Hugger and/or its blanket would have occurred at or before the time of surgery. (*See* ECF No. 1922 at II.B.)



> and the documents and facts on which Plaintiff relies for this position. (emphasis added)

(ECF No. 1922 at II.C.3.)  The time to respond to 3M's designations has passed, and any further objections have been waived.  3M timely gave Plaintiffs written notice of its intent to submit these cases to the Court on June 10, 2019.

**All the above Plaintiffs' surgeries took place before October 1, 2009**.  *See* Ex. A.  Despite this fact, Plaintiffs assert that the 12-year statute of repose (effective Oct. 1, 2009) should apply.  Plaintiffs' sole objection response is:

> "their agreement to the 12 year SOR for purposes of this exercise is predicated in part on Defendants' representation the 'date of initial purchase' will be any given plaintiff's index surgery".

*See* Plaintiffs' Response to 3M Chart – Bucket 1 – Outside SOR, Ex. B.

The sole question presented to the Court is whether the six-year statute of repose applies or the October 1, 2009 statute of repose (twelve years) should be applied.  Plaintiffs' sole objection response is not only factually inaccurate, it lacks a legal basis to defeat the plain language of the six-year statute of repose and should be overruled.  Because Plaintiffs do not dispute the index surgery dates or dates of filing,[2] it is clear that the six-year statute of repose applies to all these cases.

Because the time to object has passed, any further objections Plaintiffs may assert are waived.  Thus, to the extent Plaintiffs attempt to argue other reasons why the 12-year statute of repose applies, such objections are waived.  For example, Plaintiffs may argue, without providing supporting case law, that the October 1, 2009 statute applies to these cases because Plaintiffs' claims did not "accrue" until after the twelve-year statute of repose was enacted.  However, North Carolina has rejected the contention that the October 1, 2019 statute of repose can apply retrospectively. *See Robinson v. Bridgestone/Firestone North American Tire, L.L.C.*, 209 N.C. App. 310 (N.C.App., 2011) (dismissing case because the statute of repose lapsed before Plaintiffs filed their cases: six-year products liability statute of repose, rather than more recently adopted 12-year statute of repose, applied to motor vehicle accident victim's personal injury action, as more recent statute was not retroactive).

---

[2] Only two cases dispute the date of index surgery or date of filing, however, accepting the disputed dates does not change the outcome because even the disputes dates of index surgery occurred before October 1, 2009.  The six-year statute of repose stills applies.



Any objection, now waived, that these cases fall under the later-enacted statute of repose conflates the application of a statue of repose with accrual of a claim. Any contention that their claims are not barred by the statute of repose because the statute of repose was tolled until Plaintiffs discovered their injuries lacks merit. Plaintiffs cannot offer any authority in support of this interpretation. Plaintiffs' interpretation is not only contrary to North Carolina case law, it also runs afoul of the basic purpose of a statute of repose which "serves as an unyielding and absolute barrier that prevents a plaintiff's right of action even before his cause of action may accrue." *Black v. Littlejohn*, 312 N.C. 626, 633, 325 S.E.2d 469, 475 (1985).

A statute of repose "functions to give a defendant a vested right not to be sued if the plaintiff fails to file within the prescribed period." *Colony Hill Condominium I Assoc. v. Colony Co.*, 70 N.C. App. 390, 320 S.E.2d 273 (1984). "In short, a statute of repose bars an action a specified number of years after a defendant has completed an act, even if the plaintiff has not yet suffered injury." *Monson v. Paramount Homes, Inc.*, 515 S.E.2d 445, 449, 133 N.C.App. 235, 240 (N.C.App., 1999). Furthermore, "[u]nlike a statute of limitations, a statute of repose will begin to run when a specific event occurs, regardless of whether a cause of action has accrued or whether any injury has resulted. . . .In other words, a statute of repose may operate to cut off a defendant's liability even before an injury occurs." *Peach v. City of High Point*, 683 S.E.2d 717, 727, 199 N.C.App. 359, 373 (N.C.App., 2009).

The parties have already agreed, pursuant to Revised Categorization Order (ECF No. 1922), that the date to assign cases for a statute of repose is the date of the index surgery. *See* fn.1. Other North Carolina cases have also held that the date of injury or date or discovery are irrelevant in determining the running of a statute or repose. In *Cacha v. Montaco, Inc.*, 147 N.C. App. 21 (N.C.App.,2001), the court held that the running of the six-year statute of repose covering the home purchaser's products liability action against the manufacturer of allegedly defective exterior insulation and stucco was triggered by the purchase of synthetic stucco by the subcontractor, not by the home purchaser's closing date. The court further held that the statute of repose covering products liability actions against manufacturers could not be equitably tolled. *Id.*

In two of the cases above, Plaintiffs dispute the dates of surgery and one date of filing. Plaintiffs claim that the *Wilkins* surgery occurred on June 23, 2009 and the case was filed December 23, 2016. In this case, even if Defendants accept Plaintiffs' new dates to be true, the surgery would still fall under the six-year statute of repose. Plaintiffs claim that the *Daisy* surgeries occurred on June 8, 2009 and October 17, 2011. Defendants do not have any evidence of plaintiff Daisy's second surgery and therefore dispute Plaintiffs' second date. In addition to there being no evidence of the second surgery, the second surgery is not relevant because the alleged injury already occurred because of the first, earlier surgery. Plaintiff Daisy's first surgery falls within the six-year statute of repose.



The Honorable David T. Schultz – NC – SOR Bucket 1 Cases
June 26, 2019
Page 5

In summary, Plaintiffs' sole objection to 3M's designation lacks merit. Any further objections are waived and also lack merit under North Carolina law. This Court should overrule Plaintiffs' objection and dismiss the above-listed cases. Therefore, 3M respectfully requests that this Court: (1) overrule Plaintiffs' objection, (2) affirm 3M's Bucket-1 designation, and (3) recommend to the district court a dismissal of Plaintiffs' cases cited above.

Respectfully submitted,

/s/ Deborah E Lewis
Deborah E. Lewis

