

Deborah E. Lewis
Direct Dial: 612-343-3228
E-Mail: dlewis@blackwellburke.com

**VIA ECF**

June 26, 2019

The Honorable David T. Schultz
Magistrate Judge, United States District Court
District of Minnesota
9E U.S. Courthouse
300 South Fourth Street
Minneapolis, MN  55415

RE:   *In re Bair Hugger*, MDL No. 15-2666-JNE-DTS – "Bucket 1" Cases for Ohio
        (cases outside of Ohio's applicable statute of repose period)

Dear Judge Schultz:

Pursuant to Section B.1. and C.3. of this Court's May 17th Revised Categorization Order (ECF No. 1922), 3M submits this letter in support of its SOR-Bucket-1 designations for the following cases:

17-cv-01737 *(Peacock v. 3M Co., et al.)*
17-cv-02560 *(Zuniga v. 3M Co., et al.)*
17-cv-02827 *(Hamilton v. 3M Co., et al.)*
17-cv-02950 *(Hipp v. 3M Co., et al.)*
17-cv-02992 *(Luttrell v. 3M Co., et al.)*
17-cv-02996 *(Thompson v. 3M Co., et al.)*
17-cv-04014 *(Haynes v. 3M Co., et al.)*
17-cv-04088 *(Harris v. 3M Co., et al.)*
17-cv-04104 *(Trice v. 3M Co., et al.)*
17-cv-04653 *(Pepke v. 3M Co., et al.)*
17-cv-04733 *(Gardner v. 3M Co., et al.)*
17-cv-05497 *(Conner v. 3M Co., et al.)*
18-cv-00093 *(Ashley v. 3M Co., et al.)*

Each of the above Plaintiffs had his/her index surgery in Ohio.  Ohio's applicable statute of repose requires these Plaintiffs to bring their claims within the 10-year repose period.  Ohio's applicable statute of repose provides, in part that:

The Honorable David T. Schultz
June 26, 2019
Page 2

> [N]o cause of action based on a product liability claim shall accrue against the manufacturer or supplier of a product later than ten years from the date that the product was delivered to its first purchaser or first lessee who was not engaged in a business in which the product was used as a component in the production, construction, creation, assembly, or rebuilding of another product.

Ohio Rev. Code Ann. § 2305.10(C)(1) (2019).[1]

> If the cause of action relative to a product liability claim accrues during the ten-year period described in division (C)(1) of this section but less than two years prior to the expiration of that period, an action based on the product liability claim may be commenced within two years after the cause of action accrues.

Ohio Rev. Code Ann. § 2305.10(C)(4).

In each of these thirteen cases, it is undisputed that Plaintiff's index surgery took place more than 10 years before his/her case was filed.[2] Attached hereto as "Exhibit A" is a chart indicating the respective date of index surgery and date of MDL case filing for each of these cases. Because the statute of repose lapsed before Plaintiffs filed their cases, dismissal of these matters is appropriate.

*Response to Plaintiffs' Objection*

Pursuant to the Court's Categorization Order, 3M sent a spreadsheet to Plaintiffs on April 30, 2019, identifying each of these cases as a Bucket 1 case. Plaintiffs responded to the spreadsheet on May 30, 2019, and Plaintiffs' response constituted their opportunity to notify 3M of the bases of their objections to 3M's Bucket-1 designation, and to:

> [P]rovide defendant *in writing* the following information: which . . . bucket Plaintiff believes the case should be placed into, the reason for this belief,

---

[1] The organization of Ohio's statute of repose has been modified since its enactment, but the substance of the pertinent provisions remains the same. *See, e.g., Groch v. Gen. Motors Corp.*, 117 Ohio St.3d 192 (Ohio 2008).

[2] The Parties and the Court have recognized that the actual triggering event for the statute of repose in most jurisdictions is not the index surgery. However, for the purposes of the categorization, the Court has instructed (and the parties have agreed) to use the date of index surgery since the date of delivery of the Bair Hugger and/or its blanket would have occurred at or before the time of surgery. (*See* ECF No. 1922 at II.B.)



The Honorable David T. Schultz
June 26, 2019
Page 3

> and the documents and facts on which Plaintiff relies for this position. (emphasis added)

(ECF No. 1922 at II.C.3.) The time to respond to 3M's designations has passed, and any further objections have been waived. 3M timely gave Plaintiffs written notice of its intent to submit these cases to the Court on June 10, 2019.

Plaintiffs' sole objection response is:

> "10 years O.R.C. § 2305.10(C)(1). Should use 12 years, instead of 10 years, to avoid this exception in the SOR statute. 'However, if the cause of action accrues in years 9 or 10, the action may be commenced within 2 years after the action accrues.'"

*See* Plaintiffs' Response to 3M Chart – Bucket 1 – Outside SOR, Ex. B.

The sole question presented to the Court is whether the two-year extension of the repose for product liability actions in Ohio applies to these cases. As argued below, the Ohio statutory language rejects Plaintiffs' contention that the exception is applicable, and this Court should overrule Plaintiffs' objection.

As noted above, O.R.C. 2305.10(C)(4) provides a 2-year limitations period for commencing a suit for injuries occurring before the expiration of the 10-year repose period of O.R.C. 2305.10(C)(1), "but less than two years prior to the expiration of that period."

Plaintiffs' objection does not change the outcome of any case, because all thirteen Ohio cases were filed more than 10 years after the date of the index surgery, and under Ohio law, Plaintiffs' actions accrued on the date of the index surgery.[3] Therefore, the exception under Section (C)(4) does not apply in any of these cases, and O.R.C. 2305.10(C)(1) bars the causes of action for all thirteen Plaintiffs. *See* Ex. A.

Plaintiffs' objection is contrary to the plain statutory language, the legislative intent, and controlling Ohio case law. 3M's designations should be affirmed.

In summary, Plaintiffs' sole objection to 3M's designation lacks merit. Therefore, 3M respectfully requests that this Court: (1) overrule Plaintiffs' objection, (2) affirm 3M's

---

[3] "[A] cause of action accrues under this division when the injury or loss to person or property occurs." O.R.C. 2305.10(A).



The Honorable David T. Schultz
June 26, 2019
Page 4


Bucket-1 designation, and (3) recommend to the district court a dismissal of Plaintiffs' cases cited above.

Respectfully submitted,

/s/ Deborah E Lewis
Deborah E. Lewis

