

**Deborah E. Lewis**
**Direct Dial: 612-343-3228**
**E-Mail: dlewis@blackwellburke.com**

**VIA ECF**

June 26, 2019

The Honorable David T. Schultz
Magistrate Judge, United States District Court
District of Minnesota
9E U.S. Courthouse
300 South Fourth Street
Minneapolis, MN  55415

RE:   *In re Bair Hugger*, MDL No. 15-2666-JNE-DTS – "Bucket 1" Cases for Indiana
       (cases outside of Indiana's applicable statute of repose period)

Dear Judge Schultz:

Pursuant to Section B.1. and C.3. of this Court's May 17th Revised Categorization Order (ECF No. 1922), 3M submits this letter in support of its SOR-Bucket-1 designations for the following cases:

*17-cv-02490 (DeMougin v. 3M Co., et al.)*
*17-cv-02633 (Davis v. 3M Co., et al.)*
*17-cv-04231 (Elbert v. 3M Co., et al.)*
*17-cv-02792 (Sons v. 3M Co., et al.)*
*17-cv-02828 (Wilson v. 3M Co., et al.)*

Each of the above Plaintiffs had his/her index surgery in Indiana.  Indiana's applicable statute of repose requires these Plaintiffs to bring their claims within the 10-year repose period.  Indiana's applicable statute of repose provides:

> A product liability action must be commenced: (1) within two (2) years after the cause of action accrues; or (2) within ten (10) years after delivery of the product to the initial user or consumer. However, if the cause of action accrues at least eight (8) years but less than ten (10) years after that initial delivery, the action may be commenced at any time within two (2) years after the cause of action accrues.

The Honorable David T. Schultz
June 26, 2019
Page 2

Ind. Code § 34-20-3-1(b) (2019).[1]

In each of these five cases, it is undisputed that Plaintiffs' index surgery took place more than 10 years before their cases were filed.[2] Attached hereto as "Exhibit A" is a chart indicating the respective date of index surgery and date of MDL case filing for each of these cases. Plaintiffs agree with these dates. *See* Ex A. Because the statute of repose lapsed before Plaintiffs filed their cases, dismissal of these matters is appropriate.

*Response to Plaintiffs' Objection*

Pursuant to the Court's Categorization Order, 3M sent a spreadsheet to Plaintiffs on April 30, 2019, identifying each of these cases as a Bucket 1 case. Plaintiffs responded to the spreadsheet on May 30, 2019, and Plaintiffs' response constituted their opportunity to notify 3M of the bases of their objections to 3M's Bucket-1 designation, and to:

> [P]rovide defendant *in writing* the following information: which . . . bucket Plaintiff believes the case should be placed into, the reason for this belief, and the documents and facts on which Plaintiff relies for this position. (emphasis added)

(ECF No. 1922 at II.C.3.) The time to respond to 3M's designations has passed, and any further objections have been waived. 3M timely gave Plaintiffs written notice of its intent to submit these cases to the Court on June 10, 2019.

Plaintiffs' sole objection response is:

> "10 years, I.C. § 34-20-3-1, Should use 12 years, instead of 10 years, to avoid this exception in the SOR statute. 'However, if the cause of action accrues in years 9 or 10, the action may be commenced within 2 years after the action accrues.'"

---

[1] The wording and organization of Indiana's statute of repose have been modified since its enactment in 1978, but the substance of the pertinent provisions remains the same. *See, e.g., Avery v. Mapco Gas Products, Inc.*, 18 F.3d 448 n.1 (7th Cir. 1994).

[2] The Parties and the Court have recognized that the actual triggering event for the statute of repose in most jurisdictions is not the index surgery. However, for the purposes of the categorization, the Court has instructed (and the parties have agreed) to use the date of index surgery since the delivery of the Bair Hugger and/or its blanket would have occurred at or before the time of surgery. (*See* ECF No. 1922 at II.B.)



The Honorable David T. Schultz
June 26, 2019
Page 3

*See* Plaintiffs' Response to 3M Chart – Bucket 1 – Outside SOR, Ex. B.

Accordingly, the sole question presented to the Court is whether the exception to Indiana's 10-year statute of repose applies. As discussed below, Indiana has rejected Plaintiffs' contention that their claims fall with the exceptions of Indiana's 10-year statute of repose, and this Court should overrule Plaintiffs' objection.

Plaintiffs' objection does not change the outcome of any case. In other words, the exception does not apply because all five cases were filed more than ten years after the date of the index surgery. *See* Ex. A.

Indiana's "statute of repose bars a plaintiff's products liability claim where 'the damages incurred by plaintiff occurred more than ten years after the product was first placed in commerce.'" *Hartman v. EBSCO Inds, Inc.*, No. 3:10-CV-528-TLS, 2013 WL 5460296, at *3 (N.D. Ind. Sept. 30, 2013). *See also Klein v. Depuy, Inc.*, 476 F. Supp. 2d 1007, 1011 (N.D. Ind. 2007) ("Indiana set the outer limit [of the statute of repose] at ten years after a product is first delivered to the initial user or consumer.") (citing *Dague v. Piper Aircraft Corp.*, 418 N.E.2d 207, 210 (Ind. 1981)).

Furthermore, Plaintiffs' objection that a blanket 12 years should apply is not only contrary to Indiana statutory authority, it also thwarts and frustrates the basic purpose of a statute of repose which is intended as an absolute barrier to barred claims. Because the exception makes no difference and will not save Plaintiffs' claims in these cases, it is an argument this Court need not reach. 3M's designations should be affirmed.

In summary, Plaintiffs' sole objection to 3M's designation lacks merit. The exception does not apply to any case. Therefore, 3M respectfully requests that this Court: (1) overrule Plaintiffs' objection, (2) affirm 3M's Bucket-1 designation, and (3) recommend to the district court a dismissal of Plaintiffs' cases cited above.

Respectfully submitted,

/s/ Deborah E Lewis
Deborah E. Lewis

