UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

In re Bair Hugger Forced Air Warming
Products Liability Litigation

MDL No. 15-2666 (JNE/FLN)

---

This Document Relates to:

Petitta v. 3M co., 16-cv-3878

---

**PLAINTIFFS' MEMORANDUM IN OPPOSITION
TO DEFENDANTS' MOTION FOR A PERMANENT INJUNCTION**

## INTRODUCTION

John Petitta had cases pending against 3M at the same time in the MDL and in Texas state court. Upon receiving notice of that fact, and with 3M's agreement, Mr. Petitta's MDL counsel dismissed his MDL case so that Mr. Petitta's state court case could proceed. Now, two years later, 3M disingenuously claims that Mr. Petitta should not be allowed to "relitigate" his case against 3M, without showing that Mr. Petitta ever had an initial opportunity to "litigate" his case. 3M's argument defies common sense, equity and fairness, and principles of federalism, not to mention the overwhelming weight of binding Supreme Court authority.

Mr. Petitta's MDL dismissal was a purely procedural tool to evidence his unambiguous intent to litigate his claims in Texas state court instead of in the MDL, and 3M cannot meet its burden to demonstrate that the dismissal gave rise to preclusion "on the merits." Accordingly, 3M's motion for a permanent injunction must be denied.

## LEGAL STANDARDS

The standard for determining whether a permanent injunction should issue is essentially the same as the standard for a preliminary injunction. *See Amoco Production Co. v. Village of Gambell*, 480 U.S. 531, 546 n. 12 (1987); *see also Randolph v. Rodgers*, 170 F.3d 850, 857 (8th Cir. 1999). A district court must balance four factors to determine whether a preliminary injunction is merited: 1) the threat of irreparable harm to the movant; 2) the balance between this harm and the harm to the nonmoving party should the injunction issue; 3) the likelihood of success on the merits; and 4) the public interest. *See Fogie v. THORN Americas, Inc.*, 95 F.3d 645, 654 (8th Cir. 1996) (citation omitted)

"The standard is the same for a permanent injunction except that the movant must show actual success on the merits." *Amoco Production Co.*, 480 U.S. at 546 n 12.

The Anti–Injunction Act provides that a "court of the United States may not grant an injunction to stay proceedings in a state court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgment." 28 U.S.C. § 2283. As the Supreme Court has consistently noted, the act "is a necessary concomitant of the Framers' decision to authorize, and Congress' decision to implement, a dual system of federal and state courts." *Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140 (1988). The Anti-Injunction Act's "core message is one of respect for state courts." *Smith v. Bayer Corp.*, 564 U.S. 299, 306 (2011). It allows state courts to "remain free from interference by federal courts." *Atlantic Coast Line R. Co. v. Locomotive Engineers*, 398 U.S. 281, 282 (1970). An "injunction under the relitigation exception is resorting to heavy artillery." *Bayer*, 564 U.S. at 307.

The relitigation exception is designed to reflect claim and issue preclusion, not merely the existence of a final judgment in another case. *Bayer*, 564 U.S. at 306. The relitigation exception is "strict and narrow." *Bayer*, 564 U.S. at 306-307. "Any doubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state courts to proceed." *Bayer*, 564 U.S. at 306 (quoting *Atlantic Coast Line*, 398 U.S. at 297). Far from being purely discretionary, "an injunction can issue only if preclusion is clear beyond peradventure." *Id.* at 306-307.

### A.   Dismissal With Prejudice Does Not Bar Mr. Petitta's Texas Case

3M's entire argument relies on the faulty logic that a dismissal with prejudice is an adjudication on the merits and is therefore a final judgment, and a final judgment automatically gives rise to *res judicata*.[1] Even if Mr. Petitta's voluntarily dismissal had stated that it was a dismissal "on the merits"—and it did not—even that language would not automatically bar Mr. Petitta's claims in a different court.[2] Merely pointing out that Mr. Petitta's voluntary dismissal of his MDL case is a final judgment is not the same as showing that the claims he asserted in Texas court are precluded. 3M's failure to show that claim preclusion actually applies to Mr. Petitta's case is fatal to its motion.

The Supreme Court has soundly rejected the argument that a dismissal under Rule 41, even with prejudice, automatically gives rise to preclusion. *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 506 (2001). In evaluating the impact of Fed. R. Civ. P. 41(b) in disposing of claims "in [their] entirety on the merits and with prejudice," *Semtek* noted that such a dismissal merely "barred refiling of the same claim in the [same court] and did not necessarily give rise to *res judicata*."[3] 531 U.S. at 506.

---

[1] 3M's position is borderline frivolous.  If issuance a final judgment or dismissal with prejudice alone were itself dispositive of preclusion on a co-pending case, there would be no need for state or federal common law establishing multi-part tests for *res judicata*. *See*, *e.g.*, *Kaiser v. N. States Power Co.*, 353 N.W.2d 899, 902 (Minn. 1984) (describing four-part test for collateral estoppel).

[2] Although Minnesota's test for claim preclusion asks whether there was a final judgment on the merits, that is but one of the elements that must be satisfied to find that preclusion applies.

[3] Indeed, this was the clear and unambiguous intended impact of Mr. Petitta's dismissal—by dismissing his MDL ***case*** "with prejudice" it signaled his intent to not

A court may not bypass a formal claim preclusion analysis in favor of a superficial conclusion that a dismissal with prejudice is "on the merits" and therefore a final judgment that automatically has a preclusive effect.[4] As *Semtek* noted, if dismissal "with prejudice" meant preclusion arises automatically, "we would surely have relied upon it in our cases recognizing the claim-preclusive effect of federal judgment in federal-question cases. Yet for over half a century since the promulgation of Rule 41(b), we have not once done so." 531 U.S. at 504-505.

3M's argument relies on the false premise that a "stipulation of dismissal with prejudice is an adjudication upon the merits, and is therefore a final judgment" and jumps to the conclusion that a final judgment automatically gives rise to res judicata. 3M's Motion at 6. However, that is precisely the kind of rigid, formalistic analysis expressly rejected by the United States Supreme Court in *Semtek*.[5] Magic words, *e.g.*, "with prejudice" or even "on the merits," do not equate to preclusion because "over the years the meaning of the term 'judgment on the merits' 'has gradually undergone change,' [], and it has come to be applied to some judgments (such as the one involved here) that do

---

merely refile his claim in the MDL at a later date, but to instead maintain his then pending action against 3M in Texas state court.
[4] That Mr. Petitta's dismissal resulted in a "final judgment" of his MDL case does not change the analysis—*Semtek's* federal case likewise ended in a final judgment. 531 U.S. at 499. Indeed, imbuing *res judicata* principles into a federal rule of civil procedure would likely cause the federal rule to violate the Rules Enabling Act, as *Semtek* cautioned. 531 U.S. at 503.
[5] The Eighth Circuit has not had occasion to apply the claim preclusion analysis requirements of *Semtek*.

not pass upon the substantive merits of a claim and hence do not (in many jurisdictions) entail claim-preclusive effect." *Semtek*, 531 U.S. at 502 (internal citations omitted).

Mr. Petitta's MDL dismissal was not on the merits of his case and therefore cannot give rise to preclusion even if his case was dismissed with prejudice. The connotation of an "on the merits" adjudication is one that actually "pass[es] directly on the substance of [a particular] claim." Restatement (Second) of Judgment § 19, Comment a, at 161 (emphasis added). "That connotation remains common to every jurisdiction of which we are aware." *Semtek*, 531 U.S. at 502 (citing Restatement (Second) of Judgment § 19 ("The prototyp[ical] [judgment on the merits is] one in which the merits of [a party's] claim are in fact adjudicated [for or] against the [party] after trial of the substantive issues")). Eighth Circuit law is in accord. *See, e.g., Daewoo Electronics Corp. of America, Inc. v. Western Auto Supply Co.*, 975 F.2d 474, 477 (8th Cir.1992) (recognizing that the claims and issues must "have actually been decided by the federal court"); *In re SDDS, Inc.*, 97 F.3d 1030, 1039 (8th Cir. 1996) (recognizing that issues asserted in state court were "actually and finally decided" in the federal case); *National Basketball Ass'n v. Minnesota Professional Basketball, Ltd.*, 56 F.3d 866, 872 (8th Cir. 1995) (stating that the issues in state court had already been decided in the federal court); *Rath v. Gallup, Inc.*, 51 F.3d 791, 792–93 (8th Cir. 1995) (analyzing issues which were "actually litigated" under the relitigation exception).

Because Mr. Petitta's MDL dismissal was a purely procedural tool to evidence his unambiguous intent to litigate his claims in Texas state court instead of in the MDL, 3M

cannot meet its burden to demonstrate that the dismissal gave rise to preclusion "on the merits."

**B.      3M Has Not Established that Mr. Petitta's Claims Would Be Precluded by State *Res Judicata* Principles**

The only way to determine whether the voluntary dismissal of Mr. Petitta's MDL case has a preclusive effect is for the court to apply the law that would be applied by state courts in the state in which the federal diversity court sits. *Semtek*, 531 U.S. at 508. Assuming this Court, sitting in diversity, would apply Minnesota law, 3M's formulaic application of preclusion based on a dismissal in favor of a then-pending state court action finds no support.

Minnesota has never recognized the harsh approach 3M asserts, instead cautioning "neither res judicata nor collateral estoppel is to be rigidly applied . . . [i]nstead, the focus is on whether their application would work an injustice on the party against whom the doctrines are urged." *Hauschildt v. Beckingham*, 686 N.W.2d 829, 837 (Minn. 2004). Importantly, under Minnesota law, "the party against whom res judicata is applied must have had a **full and fair opportunity** to litigate the matter in the prior proceeding." *Mach v. Wells Concrete Prod. Co.*, 866 N.W.2d 921, 925 (Minn. 2015)(emphasis added). Plaintiff has been unable to locate any case in which res judicata applied solely as the result of a voluntary dismissal with prejudice. *See Hartmann v. Minnesota Dep't of Agric.*, No. A16-0755, 2017 WL 393892, at *5 (Minn. Ct. App. Jan. 30, 2017) (The MDA has identified no Minnesota precedent, nor have we found any, in which a voluntary dismissal with prejudice under Minn. R. Civ. P. 41.01 resulted in collateral-

estoppel effect in a subsequent legal action.) And of course Mr. Petitta's Texas case was not filed subsequent to the dismissal of his MDL case—it was both pending at the time and the reason for the dismissal of the MDL case in the first place.

Petitta's MDL case was not decided on the merits after a full and fair opportunity to litigate the matter. This case was pending for only a few months before 3M and Plaintiff stipulated that his MDL case should be dismissed so that he could pursue his then pending claims against 3M in Texas state court. 3M had not even filed its acknowledgement of service, much less an Answer to the MDL case. No dispositive motions or Daubert motions were decided by this Court during that time that would have limited or otherwise negatively impacted Mr. Petitta's case. None of the claims that he now asserts in Texas was considered on the merits by the MDL court, much less actually decided.

As the moving party seeking a permanent injunction, 3M had the burden to show that it actually succeeds on the merits. *See Oglala Sioux Tribe v. C & W Enterprises, Inc.*, 542 F.3d 224, 229 (8th Cir. 2008). 3M has not cited a single case that would treat a voluntary dismissal with prejudice as automatically precluding a later suit, much less one which decided *Semtek's* holding that such preclusion would be inappropriate.

Moreover, 3M's claim that it forgot that Mr. Petitta's case was once pending in the MDL is unsupported by any evidence and is undercut by the repeated reports by 3M in

status conference agendas. On December 9, 2016, the MDL parties filed a Joint Agenda

for the December 15, 2016 MDL status conference stating the following[6]:

> Petitta v. Ray R. Trey Fulp III et al., pending in the District
> Court of Hidalgo County, Texas. Plaintiff is represented by
> the Garcia & Martinez Law Firm. The Petitta case was filed
> on November 14, 2016. This case is duplicative (same
> plaintiff, same allegations against 3M) of a case previously
> filed in the MDL (Case No. 16-cv-03878). 3M was served on
> November 18, 2016. 3M has reached out to plaintiffs' counsel
> in the state and MDL Pettita cases to determine next steps.

On January 13, 2017, the parties filed a Joint Agenda for the January 19, 2017 MDL

status conference stating the following[7]:

> Petitta v. Ray R. Trey Fulp III et al., pending in the District
> Court of Hidalgo County, Texas. Plaintiff is represented by
> the Garcia & Martinez Law Firm. The Petitta case was filed
> on November 14, 2016. This case was duplicative (same
> plaintiff, same allegations against 3M) of a case previously
> filed in the MDL (Case No. 16-cv-03878). 3M was served on
> November 18, 2016. **Plaintiffs' counsel has advised 3M**
> **that the state court action will proceed**. Defendants'
> response to the complaint is due January 20, 2017.

3M and Arizant filed an answer in Hidalgo County State case on January 20,

2017.[8]

On February 10, 2017, the parties filed a Joint Agenda for the February 16, 2017

MDL status conference stating the following[9]:

> Petitta v. Ray R. Trey Fulp III et al., pending in the District
> Court of Hidalgo County, Texas. Plaintiff is represented by

---

[6] Ex. 1- Joint Agenda and Report for December 15, 2016 Status Conference.

[7] Ex. 2- Joint Agenda and Report for January 19, 2017 Status Conference.

[8] *See* Ex. 2, *supra*.

[9] Ex. 3- Joint Agenda and Report for February 16, 2017 Status Conference.

> the Garcia & Martinez Law Firm. The Petitta case was filed
> on November 14, 2016. This case was duplicative (same
> plaintiff, same allegations against 3M) of a case previously
> filed in the MDL (Case No. 16-cv-03878). 3M was served on
> November 18, 2016. **Plaintiffs' counsel has advised 3M**
> **that the state court action will proceed**. Defendants
> responded to the complaint on January 20, 2016. On February
> 2, 2017, plaintiffs served discovery on all defendants.

On March 10, 2017, the parties filed a Joint Agenda for the March 16, 2017 MDL

status conference stating the following[10]:

> Petitta v. Ray R. Trey Fulp III et al., pending in the District
> Court of Hidalgo County, Texas. Plaintiff is represented by
> the Garcia & Martinez Law Firm. The Petitta case was filed
> on November 14, 2016. This case was duplicative (same
> plaintiff, same allegations against 3M) of a case previously
> filed in the MDL (Case No. 16-cv-03878). 3M was served on
> November 18, 2016. **Plaintiffs' counsel has advised 3M**
> **that the state court action will proceed**. Defendants
> responded to the complaint on January 20, 2016. The parties
> have served written discovery on each other, and 3M served
> its objections and responses on March 6.

On April 18, 2017, the parties filed a Joint Agenda for the April 20, 2017 status

conference stating the following[11]:

> Petitta v. Ray R. Trey Fulp III et al., pending in the District
> Court of Hidalgo County, Texas. Plaintiff is represented by
> the Garcia & Martinez Law Firm. The Petitta case was filed
> on November 14, 2016. 3M was served on November 18,
> 2016. This case was duplicative (same plaintiff, same
> allegations against 3M) of a case filed in the MDL (Case No.
> 16-cv-03878). The MDL matter was dismissed with prejudice
> on April 5, 2017. Defendants responded to the complaint on
> January 20, 2017. The parties have exchanged written

---

[10] Ex. 4- Joint Agenda and Report for March 16, 2017 Status Conference.

[11] Ex. 5- Joint Agenda and Report for April 20, 2017 Status Conference.

discovery requests, and 3M served its objections and responses on March 6.

On June 7, 2017, the parties filed a Joint Agenda for the June 15, 2017 status conference stating the following[12]:

> Petitta v. Ray R. Trey Fulp III et al., pending in the District Court of Hidalgo County, Texas. Plaintiff is represented by the Garcia & Martinez Law Firm. The Petitta case was filed on November 14, 2016. Only written discovery has occurred.

The July 20, 2017 Joint Agenda and Report[13], August 17, 2017 Joint Agenda and Report[14], September 21, 2017 Joint Agenda and Report[15], December 21, and 2017 Joint Agenda and Report[16] are each identical to the June 15, 2017 Joint Agenda and Report[17] with respect to the report about the Petitta matter pending before the Texas court.

On March 13, 2018, the parties filed a Joint Agenda for the March 15, 2018 MDL status conference stating the following[18]:

> Petitta v. Ray R. Trey Fulp III et al., pending in the District Court of Hidalgo County, Texas. Plaintiff is represented by the Garcia & Martinez Law Firm. Petitta was filed on November 14, 2016. Only written discovery has occurred. The hospital defendant settled. The remaining co-defendant, the Plaintiff's orthopedic surgeon treating physician, filed an interlocutory appeal after the Court denied his motion to dismiss. Discovery is automatically stayed pending disposition of the interlocutory appeal.

---

[12] Ex. 6- Joint Agenda and Report for June 15, 2017 Status Conference.
[13] Ex. 7- Joint Agenda and Report for July 20, 2017 Status Conference.
[14] Ex. 8- Joint Agenda and Report for August 17, 2017 Status Conference.
[15] Ex. 9- Joint Agenda and Report for September 21, 2017 Status Conference.
[16] Ex. 10- Joint Agenda and Report for December 21, 2017 Status Conference.
[17] *See* Ex. 10, *supra.*
[18] Ex. 11- Joint Agenda and Report for March 15, 2018 Status Conference.

The July 19, 2018 Joint Agenda and Report[19], September 20, 2018 Joint Agenda and Report[20] and October 18, 2018 Joint Agenda and Report[21] all state the same as the March 15, 2018 Joint Agenda and Report[22].

On November 9, 2018, the parties filed a Joint Agenda for the November 15, 2018 MDL status conference stating the following[23]:

> Petitta v. Ray R. Trey Fulp III et al., pending in the District Court of Hidalgo County, Texas. Plaintiff is represented by the Garcia & Martinez Law Firm. Petitta was filed on November 14, 2016. Only written discovery has occurred. The hospital defendant settled. The remaining co-defendant, the Plaintiff's orthopedic surgeon treating physician, filed an interlocutory appeal after the Court denied his motion to dismiss. That appeal has now been denied. Discovery was automatically stayed pending disposition of the interlocutory appeal. There will be a telephonic status on December 19 to discuss a new case schedule."

On December 14, 2018, the parties filed a Joint Agenda for the December 20, 2018 MDL status conference stating the same as the November 15, 2018 Joint Agenda and Status.[24]

For these reasons alone, 3M's Motion must be denied.

### C.    The MDL case and Texas Case Involved Different Issues

Although 3M concludes the federal and state cases are the same, 3M's Motion must be denied because it fails to consider whether the substantive claims overlap.

---

[19] Ex. 12- Joint Agenda and Report for July 19, 2018 Status Conference.
[20] Ex. 13- Joint Agenda and Report for September 20, 2018 Status Conference.
[21] Ex. 14- Joint Agenda and Report for October 18, 2018 Status Conference.
[22] *See* Ex. 15, *supra.*
[23] Ex. 15- Joint Agenda and Report for November 15, 2018 Status Conference.
[24] Ex. 16- Joint Agenda and Report for December 20, 2018 Status Conference.

Because Mr. Petitta's Texas court claims may be decided under a different legal standard, an injunction may not issue.

3M's failure to cite *Smith v. Bayer* is deafening, given that *Bayer* is (1) the most recent Supreme Court decision on the relitigation exception, (2) involved a products liability MDL, and (3) arose out of this district. *See In re Baycol Prod. Litig.*, 593 F.3d 716 (8th Cir. 2010), rev'd sub nom. *Smith v. Bayer Corp.*, 564 U.S. 299 (2011), and vacated, No. 09-1069, 2011 WL 11747958 (8th Cir. Aug. 4, 2011). *Bayer* defeats 3M's argument because it expressly mandates a precise evaluation of the "issues" that were previously litigated, not merely reciting categories of law. *Bayer*, 564 U.S. at 309.

In *Bayer*, the U.S. Supreme Court noted essentially perfect overlap between the substantive claims first asserted in the Baycol MDL and later in state court in Maryland, but held even there, where Judge Davis denied the class certification motion on the merits in the MDL, that the relitigation exception did not apply to bar the subsequently filed state court class because the applicable legal standard for certifying a class under the respective state and federal Rule 23 was different. *Bayer*, 564 U.S. at 309. The superficial "analysis" in 3M's motion here did not demonstrate that the Texas case would be decided under the same applicable legal principles and therefore does not meet *Bayer's* high bar.

It is impossible to know what "issues" would have been actually decided in Mr. Petitta's short-lived MDL case because no aspects of Mr. Petitta's case were actually decided on the merits. There may well be substantive differences between the claims being decided in Texas versus those that might hypothetically have been decided in the MDL. No one can say with certainty whether, for example, the MDL Court would have

applied substantive law from Texas or Minnesota to decide Mr. Petitta's strict liability or negligence claims. Obviously the MDL has thus far refused to apply Minnesota's strict liability law to any case, but this Court has properly rejected 3M's attempt to graft decisions from individual cases like *Gareis* on to the remainder of the cases pending in this MDL. (See Axline Order, Doc. 42) Accordingly, one cannot know for certain what substantive law would have been applied to Mr. Petitta's claim, which was voluntarily dismissed before 3M even answered.

Similarly, the Texas case has not proceeded to the point where the Texas state court has been asked to determine whether Minnesota law or Texas law applies to any of Mr. Petitta's defect claims (under Texas law, it is not necessary that a single state's law control all substantive issues). If the Texas court elects to apply Minnesota law to some or all of Mr. Petitta's claims, it will represent litigation of a legal standard that has never been litigated by this Court—in Mr. Petitta's case or otherwise.  Because Mr. Petitta's MDL case was not actually litigated on the merits, no matter what law the Texas court decides to apply, it will be deciding Mr. Petitta's claims for the first time, and under a legal standard that was not yet litigated by Mr. Petitta. As such, under *Bayer* and *Chick Kam Choo* an injunction cannot issue.

**D.      3M's Efficiency Concerns Do Not Warrant an Injunction**

3M's concerns about the risk of inconsistent verdicts, inefficiency, and the potential for different standards to apply to discovery are not exceptions to the Anti-Injunction Act. The risk of inconsistent results, whether as a result of substantive legal

differences or as a result of differences in civil procedure such as the rules of discovery, is a fundamental part of our dual systems of courts.

The risk of a different outcome was discussed in both of the two most recent Supreme Court relitigation exception cases. *See Bayer*, 564 U.S. at 309 (noting that difference in Rule 23 could lead to different class certification determination than federal court); *Chick Kam Choo*, 486 U.S. at 149 (noting that difference in *forum non conveniens* analysis in Texas state court could lead to a different outcome). In both cases, the Supreme Court considered the possibility of a different outcome and nevertheless found that an injunction was unwarranted. *Bayer*, 564 U.S. at 309; *Chick Kam Choo*, 486 U.S. at 149.

3M's primary concern seems to be that the Texas court will decide to not follow this Court's rulings.  That argument is at once both premature and misplaced. It is premature because the Texas court has not yet entered any rulings that are inconsistent with those entered by this Court.  It is misplaced because the MDL Court retains jurisdiction and control over cases pending in the MDL and is certainly not bound by a decision rendered in Texas state court. But the implication of 3M's argument—that state court actions could lead to different discovery decisions or trial outcomes—is at odds with federalism insofar as it would give this Court control over aspects of a state's core judicial functions.[25]   Indeed, the nature of a dual system of courts contemplates

---

[25] Using the relitigation exception to stop a Texas court from applying the Texas rules of civil procedure and discovery rules undermines the state's "important interests in administering certain aspects of their judicial systems" and therefore raises *Younger*

differences in procedure and substance and is therefore bound to lead to differences in outcomes. *See Atl. Coast Line R. Co. v. Bhd. of Locomotive Engineers*, 398 U.S. 281, 286 (1970). The Supreme Court considered and rejected precisely the concern now raised by 3M in the context of federal court injunctions of state court actions:

> Nor was an injunction necessary because the [Florida] court may have taken action which the federal court was certain was improper under the [previous case]. Again, lower federal courts possess no power whatever to sit in direct review of state court decisions. If the [defendant] was adversely affected by the state court's decision, it was free to seek vindication of its federal right in the Florida appellate courts and ultimately, if necessary, in this Court.

*Atl. Coast Line R. Co.*, 398 U.S. at 296.

Here, the Texas court has not yet even had an opportunity to make a decision that is inconsistent with a prior ruling from this Court. 3M amended its Texas court answer to assert *res judicata* just one day before filing its motion seeking a permanent injunction in this Court – over two and a half years into litigation in that court.

## E.     3M Failed to Submit Sufficient Admissible Evidence to Prevail on the Merits

As the moving party seeking a permanent injunction, 3M had the burden to show that it actually succeeds on the merits. *See Oglala Sioux Tribe v. C & W Enterprises, Inc.*, 542 F.3d 224, 229 (8th Cir. 2008). First, 3M has not cited a single case that would treat a voluntary dismissal with prejudice as automatically precluding a later suit, much less one decided after *Semtek's* holding rejecting preclusion based solely on the content of the

---

abstention concerns. *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 12–13 (1987) (applying *Younger* abstention to federal case filed to undermine state court procedural rules).

dismissal order. Nor has 3M provided any analysis, much less admissible evidence, showing how Mr. Petitta's Texas case would be precluded. Because 3M failed to establish that Mr. Petitta's claims are actually barred by *res judicata* under applicable preclusion law, 3M's request for an injunction must be denied.

Beyond the basic elements for res judicata, Minnesota law requires a court to evaluate whether applying the equitable remedy of res judicata would "work an injustice" on the party against whom the doctrine is urged. *Hauschildt v. Beckingham*, 686 N.W.2d 829, 837 (Minn. 2004); *see also Rucker v. Schmidt*, 768 N.W.2d 408, 417 (Minn. Ct. App. 2009), *aff'd*, 794 N.W.2d 114 (Minn. 2011) ((holding that lower court's failure to conduct an analysis of whether the application of the doctrine would work an injustice on the party against whom it is urged required reversal). 3M, the moving party, offered *no* admissible evidence by which the Court could conduct this critical analysis. This alone requires denial of 3M's motion.

## CONCLUSION

John Petitta had cases pending against 3M at the same time in the MDL and in Texas state court filed within days of each other. With 3M's knowledge and agreement, Mr. Petitta's MDL counsel dismissed his MDL case so that Mr. Petitta's case could proceed in Texas state court. 3M consistently represented as much in both the Joint Status Reports leading up to the dismissal and the Joint Status Reports submitted to this Court on each occasion since the dismissal over the past two years. 3M's attempt to have this Court permanently enjoin the state court proceeding is inappropriate, as Mr. Petitta's MDL case was never litigated nor decided on the merits. Accordingly, 3M fails in its

burden to establish success on the merits necessary for an injunction. Because 3M's motion defies common sense, equity and fairness, and principles of federalism, not to mention the overwhelming weight of binding Supreme Court authority, Plaintiff respectfully submits Defendants' motion must be denied.

Dated: June 26, 2019

CIRESI CONLIN L.L.P.                        MESHBESHER & SPENCE LTD.

/s/Michael V. Ciresi_____               /s/ Genevieve M. Zimmerman
Michael V. Ciresi (MN #0016949)            Genevieve M. Zimmerman (MN #330292)
Jan M. Conlin (MN #0192697)                1616 Park Avenue South
Michael Sacchet (MN # 395817)              Minneapolis, MN 55404
Ciresi Conlin LLP                          Phone: (612) 339-9121
225 S. 6th St., Suite 4600                 Fax: (612) 339-9188
Minneapolis, MN 55402                       Email: gzimmerman@meshbesher.com
Phone: 612.361.8202
Email: MVC@CiresiConlin.com
        JMC@CiresiConlin.com
        MAS@ciresiconlin.com

LEVIN PAPANTONIO, P.A.                      KENNEDY HODGES, LLP.

/s/ Ben W. Gordon, Jr.                      /s/ Gabriel Assaad
Ben W. Gordon (FL # 882836) – *Pro Hac Vice*   Gabriel Assaad – Pro Hac Vice
J. Michael Papantonio (FL # 335924)        4409 Montrose Blvd., Suite 200
316 S. Baylen Street, Suite 600            Houston, Texas 77006
Pensacola, FL 32502-5996                   Phone: (713) 523-0001
Phone: (850) 435-7090                      Email: gassaad@kennedyhodges.com
Fax: (850) 436-6090
Email: bgordon@levinlaw.com

FARRAR & BALL, LLP.

/s/Kyle W. Farrar
Kyle W. Farrar  (MN#397942)
1010 Lamar, Suite 1600
Houston, Texas 77002
713.221.8300 Telephone
713.221.8301 Fax
Email: kyle@fbtrial.com

**Plaintiffs Co-Lead Counsel**