# EXHIBIT 1

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: Bair Hugger Forced Air Warming Products Liability Litigation | MDL No. 2666 (JNE/FLN) |
| This Document Relates to All Actions | **Joint Agenda and Report for December 15, 2016 Status Conference** |

Pursuant to Pretrial Order #3, undersigned Counsel submit this Joint Agenda and Status Conference Report for the December 15, 2016, 9:30 a.m. Status Conference:

**Joint Report**

**1. Pretrial Order #4 and Pretrial Order #13**

On September 9, 2016, the Court issued an Amended Scheduling Order, PTO #13.

**2. Plaintiff Fact Sheets ("PFSs")**

The parties reached agreement on the form PFS and the proposed order governing the form and services of PFSs. On September 27, 2016, the Court entered PTO #14: Plaintiff Fact Sheet and Service Protocol. For all cases on file in MDL 2666 on September 27, 2016, a completed PFS is due no later than December 26, 2016. The parties are to agree to a specific protocol for electronic service and will submit such protocol to the court by December 20, 2016.

### 3. Bellwether Selection Plan

PTO #15 details the Bellwether trial selection process.

### 4. Foreign Discovery

The parties conducted discovery of four third-party study authors who reside in the United Kingdom ("UK") from December 1 – December 8, 2016.

Following a hearing on November 8, 2016, in the High Court of London on Defendants' request for an order to secure the attendance of Drs. Reed, Leaper, Hamer, and Legg through the letters rogatory process, the High Court ordered these four study authors to appear and give testimony, and allowed for the production of very limited records. The High Court further ordered that the testimony will be limited to facts and shall not include expert testimony. Finally, the High Court ordered Defendants to reimburse the UK study authors for the attorneys' fees incurred in connection with responding to the Letter of Request, and to compensate them for their time at deposition. Formal orders from the High Court directed to each study author were issued on November 14, 2016.

The fifth and final deposition was scheduled to take place in London on December 9th. At Defendants' request, UK study author Dr. Paul McGovern agreed to appear voluntarily for his deposition. In exchange for providing his testimony, Defendants agreed to reimburse Dr. McGovern for his time and attorneys' fees, up to $50,000. Defendants and Dr. McGovern also entered into a mutual covenant not to sue. The High Court of London entered a consent order memorializing the agreement regarding Dr. McGovern's voluntary participation. The deposition of Dr. McGovern had been set for

December 9; however, due to the sudden onset of illness of Defendants' counsel Corey Gordon on December 8, Defendants postponed the deposition   Plaintiffs are also exploring a voluntary deposition of Dr. Mark Harper, another UK study author. If secured, the parties will endeavor to coordinate the scheduling of the McGovern and Harper depositions.

**Plaintiffs' additional statement:**

The first deposition was set for 9:30am on Thursday, December 1st in Manchester, UK.  There was disagreement as to certain atypical language in the High Court orders dated November 14th.  Following objection by the barrister for the UK authors, and ruling by the UK Examiner, an emergency telephone hearing took place around 2pm.  Senior Master Fontaine heard the dispute and ruled the Orders should be amended.  The deposition then went forward pursuant to the ruling from Senior Master Fontaine.  These amended Orders were officially "sealed" on December 6, 2016.

With respect to the McGovern deposition: In light of the time and expense involved in traveling to the U.K. and preparing for the deposition, Plaintiffs urged Defendants' counsel to consider other options to avoid the necessity of yet a third trip to the U.K. for both sides,  including but not limited to giving Corey Gordon a day or two to recover from his virus, so as to go forward with the deposition while all counsel were still in the U.K., or alternatively allowing a colleague of Mr. Gordon's to conduct the deposition of Dr. McGovern remotely from the U.S. while all other counsel were present in the U.K. Defendants rejected these offers and now propose to take the deposition of Dr. McGovern on January 4, necessitating yet a third trip  to the U.K. by all parties.

3

Plaintiffs' counsel is not available at that time due to a longstanding commitment and objects to Defendants' noticing of the deposition for that date. Plaintiffs would also note that defense counsel now offers to plaintiffs the very offers of remote attendance or alternative counsel that 3M counsel flatly rejected when offered by plaintiffs' counsel previously.

**Defendants' additional statement:**

With the agreement of Dr. McGovern's counsel, Defendants have re-noticed Dr. McGovern's deposition for January 4. (Dr. McGovern's counsel informed the parties that McGovern is available to continue on January 5 if additional time is required for Plaintiffs' examination, and further informed the parties that it "might be more problematical" to find available consecutive dates later in January.) After Defendants' counsel Corey Gordon became ill and was directed by a doctor to stay in bed, Defendants (who had no other US litigation counsel in the UK) were not in the position to scramble another attorney to take the deposition in the UK on short notice. Defendants believe, however, that four weeks is adequate time for Plaintiffs' counsel to identify an attorney who can prepare for and take Dr. McGovern's deposition. Defendants can make videoconferencing available if Plaintiffs' counsel prefers not to travel.

**5. Update on number and status of cases transferred into the MDL**

As of Friday, December 2, 2016, there were 950 active federal Bair Hugger cases pending in this MDL. Not all of these filed cases have been served on Defendants. *Prevo v. 3M & Arizant Healthcare, Inc.,* pending in the District Court of Davis County, Iowa

4

was transferred to this MDL as a tag-along case on November 29, 2016. The parties are committed to working together with respect to docket issues.

### 6. Overview of related state court proceedings

There are 45 cases pending before Judge Leary in Ramsey County. Judge Leary has indicated that he intends to coordinate the Ramsey County cases with this MDL and has suspended status conferences until further notice. *O'Connell v. 3M & Arizant Healthcare, Inc.,* and *Roberts v. 3M & Arizant Healthcare, Inc.,* were voluntarily dismissed on November 23, 2016.

While the Court contemplated that Ramsey County cases are to be included within the bellwether selection process, currently there is no agreed-to process or protocol of submitting Plaintiff Fact Sheets by the Ramsey County plaintiffs. Plaintiffs will prepare a pretrial order for 3M's review by December 13, 2016, with submission to Judge Leary targeted for December 14, 2016.

There are currently four state court cases pending outside of Ramsey County, Minnesota:

- *Rodriguez v. 3M Co., Arizant Healthcare, Advocate Health and Hospitals Corporation, and Medtronic Sofamor Danek U.S.A., Inc.,* pending in the Circuit Court of the Nineteenth Judicial Circuit, Lake County, Illinois, Case No. 15-L-930, before the Honorable Thomas J. Schippers. Plaintiffs are represented by DeSanto Morgan & Taylor. The *Rodriguez* case was filed on December 31, 2015 and 3M and Arizant were served on January 14, 2016. At the November 30, 2016 case management conference, the Court tentatively set a trial date of March 5,

5

2018. No discovery schedule has been set; another case management conference has been set for February 22, 2017 to set a schedule.

- *Lawson v. 3M Co., Arizant Healthcare, Inc., CHCA Conroe L.P., Conroe Hospital Corporation, Conroe Regional Medical Center, and Haissam Elzaim, M.D.*, pending in the 284th Judicial District Court, Montgomery County, Texas, before the Honorable Cara Wood. Plaintiffs are represented by the Hopkins Law Firm. The *Lawson* case was filed on October 7, 2015. 3M was served on October 28, 2015 and Arizant was served on November 13, 2015. A status conference is set for November 19, 2017, at which time a trial date will be set. The *Lawson* judge selected the November 2017 date in order to see whether the first MDL bellwether case had proceeded to trial as scheduled. The deposition of one of the plaintiffs and the defendant treating physician occurred in September 2016. The deposition of the other plaintiff, the defendant hospital, and 3M's sales representative are not yet scheduled.

- *Acosta v. 3M and Arizant Healthcare, Inc.,* pending in the Fourth Judicial District Court, Missoula County, Montana, Case No. DV-16-769, Dept. No. 4, Plaintiffs are represented by the Rossbach Law Firm. The *Acosta* case was filed on September 9, 2016. 3M and Arizant have not been served.

- *Petitta v. Ray R. Trey Fulp III et al.,* pending in the District Court of Hidalgo County, Texas. Plaintiff is represented by the Garcia & Martinez Law Firm. The *Petitta* case was filed on November 14, 2016. This case is duplicative (same plaintiff, same allegations against 3M) of a case previously filed in the MDL (Case

6

No. 16-cv-03878). 3M was served on November 18, 2016. 3M has reached out to plaintiffs' counsel in the state and MDL *Pettita* cases to determine next steps.

- *Jennings v. 3M Company*, pending in the 22nd Judicial Circuit Court of the City of St. Louis, Missouri. The Complaint is brought on behalf of 50 plaintiffs, one of whom is alleged to be a citizen of Minnesota. Plaintiffs are represented by The Simon Law Firm, P.C. 3M was served on December 7, 2016. 3M believes that the "bundling" of Plaintiffs violates Missouri joinder rules. 3M anticipates that it will move to sever the claims, remove the claims of diverse plaintiffs to federal court and have them transferred to the MDL, and seek dismissal of the Minnesota plaintiff for *forum non conveniens* and lack of jurisdiction.

   **4.   Overview of Canadian Action**

On June 22, 2016, Defendants were served with a Canadian putative class action, *Driessen v. 3M Canada Company, 3M Company, and Arizant Healthcare Inc.*, filed in Ontario Superior Court of Justice, Court File No. 16-69039. Plaintiff *Driessen* seeks to represent a putative class of "[a]ll persons residing in Canada who had the 3M Bair Hugger Forced-Air Warming Device used on them during surgery." (*Driessen* Cplt. at ¶ 4.) Plaintiff *Driessen* is represented by Jeff Orenstein and Andrea Grass of the Consumer Law Group Professional Corporation in Ottawa, Ontario. Defendants have retained Canadian counsel, Tim Buckley and Kate Crawford of Borden Ladner Gervais. On August 8, 2016, Defendants filed their Notice of Intent to Defend. On October 24, 2016 the plaintiff's counsel requested a judge assignment and case conference. There has been no additional case activity since the time of the last Joint Status Report.

> **5. Additional pretrial orders (including, but not limited to, rules and procedures, preservation order, and protective order of confidentiality)**

There are no additional pretrial orders pending and the parties do not request entry of any additional pretrial orders at this time.

## 6. Status of Discovery

**Augustine.** Magistrate Judge Noel heard the Defendants' Motion to Compel Third-Party Augustine Entities to Produce Documents in Response to Subpoenas on November 17. The Court granted Defendants' motion in part on November 23, setting deadlines of December 13 and 20 for Dr. Augustine and the Augustine entities to provide certain sworn statements and produce additional documents, respectively. Defendants submitted their application for their fees and expenses on December 5, 2016. Based on the pending status of Dr. Augustine's production, Defendants are rescheduling Dr. Augustine's deposition to the week of January 9 (subject to the availability of Plaintiffs' counsel). Defendants anticipate further motion practice if Dr. Augustine and the Augustine entities do not comply with the Court's order.

**Privilege logs.** On December 7, Plaintiffs sent a letter challenging multiple entries on several of Defendants' privilege logs. Defendants will respond by December 21, as provided by the privilege log protocol (PTO #11).

**Computer Assisted Review (Predictive Coding).**

**Defendants' position.** While a very large quantity of email has been produced through application of keywords and from the prior application of computer assisted review (CAR) in the *Walton* and *Johnson* matters, there remains a significant quantity of

8

additional email that is subject to the Computer Assisted Review Protocol (PTO #12) and has not yet been produced.  Between November 19 and December 9, Defendants ran four training sessions in the CAR system in an effort to achieve the 80% recall rate specified by the CAR protocol with an acceptable precision rate. (Recall is the percentage of actually relevant documents that are identified as relevant by the CAR system; while precision is the percentage of documents identified as relevant by the CAR system that are actually relevant.)  After each training session, an additional set of 600-1200 documents has been coded for relevance in an effort to improve both measures, and then the next training session is run.  Each iteration has taken 2-3 days to complete.  As of December 9, this process had been unable to achieve 80% recall at an acceptable precision rate. In connection with the fifth training session, Defendants' counsel conferred with Plaintiffs' counsel on December 9  on a lower recall rate and other possible mechanisms to further accelerate the process. Defendants still anticipate they will complete the remaining email production by the January 20, 2017 general causation fact discovery cutoff.

Much of what Plaintiffs say in their position statement below is incorrect or misleading, as Defendants have already explained at the prior status conference.  The Court has already heard argument from the parties on the causes of the timing of the CAR process, including Plaintiffs' motion on the custodians issue and the time required for collaboration with Plaintiffs during their initial training. Plaintiffs have long had in their possession a very large quantity of email (much of which is duplicated in the email subject to CAR) and have used email in their depositions.  The Court denied Plaintiffs'

9

motion to set a deadline for completion of the production prior to the general causation deadline of January 20, and there is not cause to relitigate that issue again on Thursday.

**Plaintiffs' position**: The CAR protocol was signed by the Court on July 8, 2016. Five months later, Defendants still have not completed training. Plaintiffs' e-discovery expert opined, based upon training of CAR systems in numerous litigation situations, that it typically takes a week of intensive effort to reach an 80% recall rate. Runs and reviews can and should be done in real-time. Plaintiffs agreed to forego the reporting and verification requirements required by the CAR protocol until the run threshold had reached 80% recall rate after the last status conference to attempt to expedite the process. Despite this significant concession, Defendant now reports that it has only accomplished four runs over the period November 19-December 9 and still has not reached an 80% recall threshold. Defendant also reports that it only expects completion of the CAR document production by January 20, the general causation discovery cut-off.

Due to Defendant's delay in producing documents pursuant to the CAR protocol, Plaintiffs' have already been forced to take numerous depositions with incomplete documents and have had to leave those depositions open pending production of the CAR protocol documents. Plaintiffs, at this stage, have no choice but to request that the Court order Defendants to complete document production by December 30 and further that the Court extend the January 20 general causation fact discovery cut-off to allow Plaintiffs time to review the documents and notice depositions with regard to such documents.

**Deposition update.** Plaintiffs have requested depositions of current or former employees of the Defendants, which have been completed or scheduled as follows:

- Gary Hansen, completed November 2;

- John Rock, completed November 4;

- Al Van Duren, completed November 7;

- Troy Bergstrom, completed November 18;

- Caroline Johnson, completed November 30;

- Teri Woodwick-Sides, completed December 8;

- Jana Stender, noticed for December 9;

- David Westlin, noticed for December 16;

- Dr. Michelle Hulse-Stevens, noticed for December 19;

- Karl Zgoda, noticed for January 6;

- Jay Issa, noticed for January 9

- Dr. Daniel Sessler, noticed for January 11;

- Dr. Andrea Kurz, noticed for January 12;

- Ryan Barrows, noticed for January 12;

- Gary Maharaj, noticed for January 18;

- Bob Buehler, noticed for January 19.

Plaintiffs have also requested that the depositions of Hamid Ziaimehr, Winston Tan, Dan Japuntich, and Mark Scott occur before the January 20 general causation fact discovery cutoff. Defendants's counsel is working to identify available dates.

Plaintiffs' recently notified counsel for 3M of their need to take two or three depositions pursuant to Rule 30(b)(6) on certain discrete areas in which plaintiffs

11

maintain insufficient discovery has been conducted. The parties have agreed to meet and confer on the scope, timing, and topics for said depositions.

In addition to the UK study author depositions described above, Defendants have conducted and/or noticed the following U.S. study author depositions:

- Dr. Kumar Belani, completed September 7;

- Mark Litchy, completed September 28;

- Dr. Robert Gauthier, day 1 completed October 4 and day 2 noticed for December 15;

- Mark Albrecht, day 1 completed October 7 and day 2 completed November 12; and

- Christopher Nachtsheim, completed November 29.

As noted above, Defendants intend to reschedule Dr. Scott Augustine's deposition for the week of January 9, 2017.

The parties have also met and conferred on whether there should be a limitation placed on the number of fact witness depositions allowed each party. The parties agree this issue is not ripe for consideration by the Court and will continue to meet and confer as the fact witness depositions proceed.

Dated:  December 9, 2016                                  Respectfully submitted,

Jerry W. Blackwell (MN #186867)
Mary S. Young (MN #0392781)
Benjamin W. Hulse (MN #0390952)
BLACKWELL BURKE P.A.
431 South Seventh Street
Suite 2500
Minneapolis, MN  55415
Phone: (612) 343-3256
Fax: (612) 343-3205
Email:  blackwell@blackwellburke.com
            myoung@blackwellburke.com
            bhulse@blackwellburke.com

Bridget M. Ahmann (MN #016611x)
M. Joseph Winebrenner (MN #0387889)
FAEGRE BAKER DANIELS LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
(612) 766-7000
Email:  bridget.ahmann@faegrebd.com
            joe.winebrenner@faegrebd.com

**Counsel for Defendants 3M Company and Arizant Healthcare, Inc.**

Michael V. Ciresi (MN #0016949)
Jan M. Conlin (MN #0192697)
CIRESI CONLIN LLP
225 S. 6th St., Suite 4600
Minneapolis, MN 55402
Phone: 612.361.8202
Email:  MVC@CiresiConlin.com
            JMC@CiresiConlin.com

Ben W. Gordon, Jr. (*Pro Hac Vice*)
LEVIN, PAPANTONIO, THOMAS,
MITCHELL, RAFFERTY & PROCTOR, P.A.
316 South Baylen Street, Suite 600
Pensacola, FL 32502-5996
Phone: (850) 435-7091
Fax: (850) 435-7020
Email:  bgordon@levinlaw.com

Genevieve M. Zimmerman (MN #330292)
MESHBESHER & SPENCE, LTD.
1616 Park Avenue South
Minneapolis, MN 55404
Phone: (612) 339-9121
Fax: (612) 339-9188
Email:  gzimmerman@meshbesher.com

**Co-Lead Counsel for Plaintiffs**