EXHIBIT 4

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

In re: Bair Hugger Forced Air Warming
Products Liability Litigation

MDL No. 2666
(JNE/FLN)

This Document Relates to All Actions

**Joint Agenda and Report for**
**March 16, 2017 Status Conference**

Pursuant to Pretrial Order #3, undersigned Counsel submit this Joint Agenda and Status Conference Report for the March 16, 2017, 9:30 a.m. Status Conference:

### 1. Pretrial Orders

No new pretrial orders have issued since the February Status Conference.

### 2. Plaintiff Fact Sheets ("PFSs")

On September 27, 2016, the Court entered PTO #14: Plaintiff Fact Sheet and Service Protocol. For all cases on file in MDL 2666 on September 27, 2016, a completed PFS was due no later than December 26, 2016.

PTO #14 prescribes a process for Defendants to notify a Plaintiff of any alleged core deficiencies in that Plaintiff's PFS, and then for the Plaintiff to respond by curing the deficiencies, disputing them, or explaining why they cannot be timely cured. Once this meet-and-confer process has occurred, Defendants may put any unresolved dispute on the court conference agenda. PTO #14 provides that if the case appears on the agenda for

two sequential court conferences without resolution, Defendants may file (and the Plaintiff may oppose) a motion for dismissal of the case.

In this month's agenda (submitted by Defendants along with this Joint Agenda), Defendants are listing cases in three categories: (1) those where Defendants sent a deficiency notice and contend that one or more core deficiencies were not cured by the Plaintiff's response; (2) those where Defendants issued a deficiency notice and contend the time for the Plaintiff to respond has now elapsed; and (3) those where Defendants maintain the PFS is significantly overdue and no extension has been granted by Defendants. Defendants provided versions of these three lists to Plaintiffs on March 7, and since then the parties have worked, successfully in many instances, to resolve disputes concerning which cases should be on the lists. These lists represent Defendants' understanding of the status of the various PFSs as of the close of business on March 9. The Court should not take these lists to imply that Plaintiffs agree that any case should be listed, or that Plaintiffs agree that any listed PFS is in fact deficient.

With respect to those cases on Defendants' list (1), the parties presently anticipate that, through further meet-and-confers, many disputes will be resolved, and a significant number of cases will not be re-listed on the next month's agenda. For those cases that may remain for the following court conference, Defendants anticipate they may file motions to dismiss, and Plaintiffs anticipate they may oppose any such motions. With respect to Defendants' lists (2) and (3), Defendants state that they may seek earlier dismissal based on their view that these cases are fundamentally out of compliance with the requirements of PTO #14. In addition, the parties have some basic areas of

2

disagreement concerning the requirements of the PFS form.  The parties will continue to attempt to resolve these disputes, but may seek the Court's involvement if they are unable to do so.

### 3.  Bellwether Selection Plan

PTO #17 details the bellwether trial selection process.  On January 9, the parties submitted their joint and also separate proposals, of the relevant characteristics and categories to be considered in assessing whether a case is representative of the range of cases in this action.  At the January Status Conference, the Court determined that the initial bellwether cases shall be selected from the following categories:  (1) cases where the plaintiff underwent a total hip implant procedure; and (2) cases where the plaintiff underwent a total knee implant procedure.

On January 5, 2016 the Court randomly selected 150 cases from the bellwether pool that includes case filed in, removed to, or transferred to this MDL on or before December 19, 2016.  On February 2, 2017, the parties each submitted their list of 16 nominated bellwether cases to the Court, but did not share their respective lists with one another due to Defendants' concern that there remained outstanding and unresolved *Lexecon* issues.  On February 7, 2016, the Court provided guidance to the parties on how to resolve Defendants' assertions concerning *Lexecon* issues.   The parties further discussed the issue with the Court at the February 16, 2017 Status Conference, following which Plaintiffs provided information to Defendants detailing, for each Plaintiff in the Court's random-selection group, whether the Plaintiff (i) agreed to waive *Lexecon*, (ii) refused to agree to waive *Lexecon*, or (iii) failed to respond to the request regarding the

3

*Lexecon* waiver. As a result of the information provided, Defendants have determined that it is necessary to nominate two replacement cases to complete their list of 16 nominated bellwether cases. Defendants are working to select these two remaining cases from those already in the Court's random-selection group that have executed *Lexecon* waivers, and anticipate disclosing replacement cases no later than March 14. In the event Defendants believe it necessary for the Court to add additional cases to the random-selection group, as contemplated in the Court's February 7, 2017, email to the parties, Defendants will make that request by March 14, 2017. The parties will submit a comprehensive list of the Bellwether Nominations to the Court as soon as it is complete. Defendants have started collecting medical records for the Plaintiffs in the Bellwether Nominated Cases. The parties have also discussed and will continue to negotiate as to the limited case specific (including third-party) discovery on the bellwether pool of cases contemplated by the Pretrial Order No. 17, paragraph 12(e).

### 4.   Update on number and status of cases transferred into the MDL

As of Friday, March 3, 2017, there were 1,580 active federal Bair Hugger cases pending in this MDL. Not all of these filed cases have been served on Defendants.

### Update on cases filed in the City of St. Louis, Missouri

Two cases are pending transfer to this MDL from the Eastern District of Missouri, *Jennings, et al. v. 3M & Arizant Healthcare, Inc.*, 4:17-cv-0012 (Autrey, J.), and *Weisbrod et al. v. 3M and Arizant Healthcare, Inc.*, 4:17-cv-0023 (Hamilton, J.). *Jennings* and *Weisbrod* were both removed by 3M from the City of St. Louis, Missouri state court. *Jennings* joins the Bair Hugger claims of 52 plaintiffs, only one of whom is

4

from Minnesota. *Weisbrod* joins the Bair Hugger claims of 58 plaintiffs, only three of whom are from Minnesota. Defendants removed alleging improper joinder of the non-Missouri plaintiffs, including the plaintiffs from Minnesota. Defendants contemporaneously filed motions to dismiss for lack of personal jurisdiction over the non-Missouri Plaintiffs pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, or in the alternative, to sever the multi-plaintiff lawsuit for improper joinder under Rules 20 and 21, along with motions to stay in the E.D. Mo. so that the pending motion to dismiss or to sever can be decided by this Court. Plaintiffs in both cases, represented by The Simon Law Firm, P.C., have moved to remand to state court. On January 6, Defendants filed a Notice of Potential Tag-Along Actions with the JPML for the two matters. On January 10, the JPML entered its conditional transfer order. On February 1, 2016 the *Jennings* and *Weisbrod* plaintiffs filed with a motion to vacate the JPML's Conditional Transfer Order. Defendants filed their response on February 22. A Motion Hearing without oral argument has been scheduled for March 30, 2017. On February 7, the *Jennings* court granted 3M's motion to stay all proceedings pending transfer of the case to the MDL. The *Weisbrod* court has not yet acted on 3M's motion to stay.

In addition, on February 28, 2017, 3M was served in *Galbreath, et al. v. 3M & Arizant,* another matter filed in the City of St. Louis. Like *Jennings* and *Weisbrod*, this case was filed by the The Simon Law Firm. *Galbreath* joins the Bair Hugger claims of 76 plaintiffs. 3M intends to remove *Galbreath* to the Eastern District of Missouri on the same bases that it removed *Jennings and Weisbrod* and seek transfer to the MDL.

## 5.  Overview of related state court proceedings

There are 48 cases pending before Judge Leary in Ramsey County.  Judge Leary has indicated that he intends to coordinate the Ramsey County cases with this MDL. On February 16, 2017, a status conference was conducted concurrently with the MDL conference.

This Court has ordered that the Ramsey County cases are to be included within the bellwether selection process.  On December 29, 2016, the Ramsey County Court entered a PFS order for Ramsey Cases.  For all Ramsey cases pending as of the date of the Order, a completed PFS was due no later than January 31, 2017. On February 13, 2017 the parties each designated 2 Ramsey County cases (as set out in paragraph 12.c. of PTO #17) as nominated bellwether cases.  Plaintiffs have dismissed some cases after meeting-and-conferring with defendants regarding overdue plaintiff fact sheets.  Defendants may seek relief from Judge Leary in the coming weeks if any remain overdue without an agreed extension.

In addition to the new St. Louis case mentioned above, there are currently six other state court cases pending outside of Ramsey County, Minnesota:

☐  *Rodriguez v. 3M Co., Arizant Healthcare, Advocate Health and Hospitals Corporation, and Medtronic Sofamor Danek U.S.A., Inc.,* pending in the Circuit Court of the Nineteenth Judicial Circuit, Lake County, Illinois, Case No. 15-L-930, before the Honorable Thomas J. Schippers.  Plaintiffs are represented by DeSanto Morgan & Taylor.  The *Rodriguez* case was filed on December 31, 2015 and 3M and Arizant were served on January 14, 2016.   At the November 30, 2016

case management conference, the Court tentatively set a trial date of March 5, 2018 with the aim of trailing the first MDL bellwether trial. A case management conference was held on February 20, 2017. Defendants intend to seek a further continuance of the trial date in light of the adjustment to the MDL bellwether trial date. The next status conference is scheduled for April 20, 2017.

☐ *Lawson v. 3M Co., Arizant Healthcare, Inc., CHCA Conroe L.P., Conroe Hospital Corporation, Conroe Regional Medical Center, and Haissam Elzaim, M.D.*, pending in the 284th Judicial District Court, Montgomery County, Texas, before the Honorable Cara Wood. Plaintiffs are represented by the Hopkins Law Firm. The *Lawson* case was filed on October 7, 2015. 3M was served on October 28, 2015 and Arizant was served on November 13, 2015. A status conference is set for November 19, 2017, at which time a trial date will be set. The *Lawson* judge selected the November 2017 date in order to see whether the first MDL bellwether case had proceeded to trial as had been scheduled. The deposition of one of the plaintiffs and the defendant treating physician occurred in September 2016. The deposition of Aubrey Ray Lawson was taken on February 21, 2017. The deposition of plaintiffs' expert has been scheduled for March 21, 2017.

☐ *Acosta v. 3M and Arizant Healthcare, Inc.,* pending in the Fourth Judicial District Court, Missoula County, Montana, Case No. DV-16-769, Dept. No. 4, Plaintiffs are represented by the Rossbach Law Firm. The *Acosta* case was filed on September 9, 2016. 3M and Arizant still have not been served.

☐ *Petitta v. Ray R. Trey Fulp III et al.,* pending in the District Court of Hidalgo County, Texas. Plaintiff is represented by the Garcia & Martinez Law Firm. The *Petitta* case was filed on November 14, 2016. This case was duplicative (same plaintiff, same allegations against 3M) of a case previously filed in the MDL (Case No. 16-cv-03878). 3M was served on November 18, 2016. Plaintiffs' counsel has advised 3M that the state court action will proceed. Defendants responded to the complaint on January 20, 2016. The parties have served written discovery on each other, and 3M served its objections and responses on March 6.

☐ *Bythwood v. 3M, Arizant et al.,* pending in the Circuit Court of Jefferson County, Alabama. Plaintiff is represented by Frank O. Hanson, Jr. The *Bythwood* case was filed on February 15, 2017. 3M and Arizant were served on February 23, 2017.

### 6. Overview of Canadian Action

On June 22, 2016, Defendants were served with a Canadian putative class action, *Driessen v. 3M Canada Company, 3M Company, and Arizant Healthcare Inc.*, filed in Ontario Superior Court of Justice, Court File No. 16-69039. Plaintiff *Driessen* seeks to represent a putative class of "[a]ll persons residing in Canada who had the 3M Bair Hugger Forced-Air Warming Device used on them during surgery." (*Driessen* Cplt. at ¶ 4.) Plaintiff *Driessen* is represented by Jeff Orenstein and Andrea Grass of the Consumer Law Group Professional Corporation in Ottawa, Ontario. Defendants have retained Canadian counsel, Tim Buckley and Kate Crawford of Borden Ladner Gervais. On August 8, 2016, Defendants filed their Notice of Intent to Defend. On October 24,

2016 the plaintiff's counsel requested a judge assignment and case conference.  There has been no additional case activity since the time of the last Joint Status Report.

      **7.   Additional pretrial orders (including, but not limited to, rules and procedures, preservation order, and protective order of confidentiality)**

There are no additional pretrial orders pending and the parties do not request entry of any additional pretrial orders at this time.

      **8.   Status of Discovery**

The fact discovery deadline on the issue of general causation is March 20, 2017. *See* PTO #17, para. 10.  The only remaining, outstanding matters are Defendants' responses to Plaintiffs' interrogatories and requests to admit, served on February 20, 2017 (due March 22), and Dr. Augustine's deposition, which Defendants continued in light of the Court's March 7 ruling on the production of documents relating to Dr. Augustine's privilege logs.  The parties are working to reschedule the deposition of Dr. Augustine between now and the end of March.  The parties agree to a limited extension of the March 20 general causation fact discovery deadline to allow for completion of the following two activities by March 31, 2017: (i) Dr. Augustine's deposition; and (ii) Defendants' responses and objections to Plaintiffs' interrogatories and requests to admit. Plaintiffs agree that Defendants have until March 31 to respond to Plaintiffs' pending written discovery.  Plaintiffs further agree not to serve any additional written discovery on the issue of general causation on 3M, or to notice any other 3M depositions to occur after March 20.

On March 9, Defendants filed a motion to compel against Kennedy Hodges LLP concerning Kennedy Hodges' communications with Dr. Augustine. That motion is set to be heard by Judge Noel on March 27 at 9 a.m.

**Third-Party Subpoenas to Manufacturers of Patient Warming Products.** On March 7, the Court denied Plaintiffs' motion to overrule the relevance objection of third-party VitaHEAT Medical, LLC. Plaintiffs have served subpoenas on five other companies that manufacture patient warming devices: Stryker, Gaymar, Cincinnati Sub-Zero, Medline, and MTRE. On February 22, Defendants sent a letter to Plaintiffs' counsel asserting relevance objections. Certain of the third parties have also made objections. On March 7, following the Court's VitaHEAT ruling, Defendants renewed their objection. Plaintiffs informed Defendants that they do not intend to withdraw any of the subpoenas. Defendants filed a motion for protective order concerning the subpoenas on March 10. The motion is set to be heard by Judge Noel on March 27 at 9 a.m. Plaintiffs are currently contemplating seeking the Court's reconsideration of the VitaHEAT discovery ruling on a number of bases, including newly-obtained factual evidence in the case.

**Deposition update.** Plaintiffs have requested depositions of current or former employees and/or consultants of the Defendants, which have been completed or scheduled as follows:

- Gary Hansen, completed November 2;

- John Rock, completed November 4;

- Al Van Duren, completed November 7;

10

- Troy Bergstrom, completed November 18;

- Caroline Johnson, completed November 30;

- Teri Woodwick-Sides, completed December 8;

- Jana Stender, completed December 9;

- David Westlin, completed December 16;

- Dr. Michelle Hulse-Stevens, completed December 19;

- Dr. Daniel Sessler, completed January 11;

- Dr. Andrea Kurz, completed January 12;

- Gary Maharaj, completed January 18;

- Jay Issa, completed February 8;

- Karl Zgoda, completed February 24;

- Ryan Barrows, completed February 28;

- Mark Scott, completed March 2;

- Hamid Ziaimehr, completed March 3;

- Rule 30(b)(6) Deposition of 3M, first part, completed March 7;

- Winston Tan, completed March 10;

- Bob Buehler, noticed for March 17.

- Rule 30(b)(6) Deposition of 3M, second part, noticed for March 17.

In addition to the UK study author depositions that have been completed, Defendants have conducted the following U.S. study author depositions:

- Dr. Kumar Belani, completed September 7;

11

- Mark Litchy, completed September 28;

- Dr. Robert Gauthier, day 1 completed October 4 and day 2 completed December 15;

- Defendants deposed Mark Albrecht on October 7 and November 12. Plaintiffs plan to notice Mr. Albrecht's deposition as well (if they do so, Defendants may also seek additional time with Mr. Albrecht to complete their examination); and

- Christopher Nachtsheim, completed November 29.

As noted above, the parties are working to reschedule the deposition of Dr. Augustine to occur on or before March 31, 2017.

Dated:  March 10, 2017                                        Respectfully submitted,

Jerry W. Blackwell (MN #186867)
Mary S. Young (MN #0392781)
Benjamin W. Hulse (MN #0390952)
BLACKWELL BURKE P.A.
431 South Seventh Street
Suite 2500
Minneapolis, MN  55415
Phone: (612) 343-3256
Fax: (612) 343-3205
Email:  blackwell@blackwellburke.com
            myoung@blackwellburke.com
            bhulse@blackwellburke.com

Bridget M. Ahmann (MN #016611x)
M. Joseph Winebrenner (MN #0387889)
FAEGRE BAKER DANIELS LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
(612) 766-7000
Email:  bridget.ahmann@faegrebd.com
            joe.winebrenner@faegrebd.com

**Counsel for Defendants 3M Company and Arizant Healthcare, Inc.**

Michael V. Ciresi (MN #0016949)
Jan M. Conlin (MN #0192697)
CIRESI CONLIN LLP
225 S. 6th St., Suite 4600
Minneapolis, MN 55402
Phone: 612.361.8202
Email:  MVC@CiresiConlin.com
            JMC@CiresiConlin.com

Ben W. Gordon, Jr. (*Pro Hac Vice*)
LEVIN, PAPANTONIO, THOMAS,
MITCHELL, RAFFERTY & PROCTOR, P.A.
316 South Baylen Street, Suite 600
Pensacola, FL 32502-5996
Phone: (850) 435-7091
Fax: (850) 435-7020
Email:  bgordon@levinlaw.com

Genevieve M. Zimmerman (MN #330292)
MESHBESHER & SPENCE, LTD.
1616 Park Avenue South
Minneapolis, MN 55404
Phone: (612) 339-9121
Fax: (612) 339-9188
Email:  gzimmerman@meshbesher.com

**Co-Lead Counsel for Plaintiffs**