# EXHIBIT 5

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: Bair Hugger Forced Air Warming Products Liability Litigation | MDL No. 2666 (JNE/FLN) |
| This Document Relates to All Actions | **Joint Agenda and Report for April 20, 2017 Status Conference** |

Pursuant to Pretrial Order #3, undersigned Counsel submit this Joint Agenda and Status Conference Report for the April 20, 2017, 9:30 a.m. Status Conference:

**1. Pretrial Orders**

No new pretrial orders have issued since the March Status Conference.

**2. Plaintiff Fact Sheets ("PFSs")**

On September 27, 2016, the Court entered PTO #14: Plaintiff Fact Sheet and Service Protocol. For all cases on file in MDL 2666 on September 27, 2016, a completed PFS was due no later than December 26, 2016.

PTO #14 prescribes a process for Defendants to notify a Plaintiff of any alleged core deficiencies in that Plaintiff's PFS, and then for the Plaintiff to respond by curing the deficiencies, disputing them, or explaining why they cannot be timely cured. Once this meet-and-confer process has occurred, Defendants may put any unresolved dispute on the court conference agenda. PTO #14 provides that if the case appears on the agenda for

two sequential court conferences without resolution, Defendants may file (and the Plaintiff may oppose) a motion for dismissal of the case.

For last month's agenda, Defendants listed cases in three categories: (1) those where Defendants sent a deficiency notice and contend that one or more core deficiencies were not cured by the Plaintiff's response; (2) those where Defendants issued a deficiency notice and contend the time for the Plaintiff to respond has now elapsed; and (3) those where Defendants maintain the PFS is significantly overdue and no extension has been granted by Defendants. Those cases are set forth in the Court's March 13, 2017 order (Dkt No. 270). For this month's agenda, Defendants are providing an updated list of cases in those categories. Some of these cases appeared on Docket 270. Defendants provided versions of these three updated lists to Plaintiffs on April 11, and since then the parties have worked, successfully in many instances, to resolve disputes concerning which cases should be on the various lists. These lists represent Defendants' understanding of the status of the various PFSs as of the close of business on April 13. The Court should not view Defendants' lists to imply that Plaintiffs agree that any case should be listed, or that Plaintiffs agree that any listed PFS is in fact deficient.

For some of those cases that now have been listed twice, Defendants anticipate they may file motions to dismiss, and Plaintiffs anticipate they may oppose any such motions. In addition, the parties have some basic areas of disagreement concerning the requirements of the PFS form. The parties will continue to attempt to resolve these disputes, but may seek the Court's involvement if they are unable to do so.

**Plaintiffs' further statement**: In particular, Plaintiffs oppose Defendants' insistence that every Plaintiff who files any supplemental or amended response to a PFS also provide a newly-signed verification form to attest to the accuracy of their PFS. Plaintiffs maintain that such a duplicative requirement is redundant, unnecessary, and contrary to the purpose and spirit of the MDL process, and aver that they are aware of no other MDL that has required this "double-signing" process. Further, Plaintiffs' counsel have provided to Defense counsel a recent example of an MDL order stating explicitly that counsel shall be able to sign such amended PFS's on behalf of plaintiffs who have previously signed and attested to their PFS responses.

**Defendants' further statement**. PFSs are akin to interrogatory responses and, per PTO 14, must be verified by the plaintiff him or herself. Significant additional information has been provided by many Plaintiffs via amended PFSs or letters, and therefore that additional information must be verified. Defendants have indicated to Plaintiffs that they are willing to consider a pretrial order that would provide that a plaintiff's original verification is effective to verify all further amended responses. In the meantime, most plaintiffs have in fact been providing verifications with their amended PFSs, so it does not appear to Defendants that it is any special hardship for a plaintiff to sign a new verification when she or he provides additional information for a PFS.

### 3. Bellwether Selection Plan

PTO #17 details the bellwether trial selection process. On January 9, the parties submitted their joint and also separate proposals concerning relevant characteristics and categories to be considered in assessing whether a case is "representative" of cases in this

MDL. At the January Status Conference, the Court determined the initial bellwether cases shall be selected from the following categories: (1) cases where the plaintiff underwent a total hip implant procedure; and (2) cases where the plaintiff underwent a total knee implant procedure.

On January 5, 2016 the Court randomly selected 150 cases from the bellwether pool which included cases filed in, removed to, or transferred to this MDL on or before December 19, 2016. On February 2, 2017, the parties each submitted their list of 16 nominated bellwether cases to the Court, but did not share their respective lists with one another due to Defendants' concern that there remained outstanding and unresolved *Lexecon* issues. On February 7, 2016, the Court provided guidance to the parties on how to resolve Defendants' assertions concerning *Lexecon* issues. The parties further discussed the issue with the Court at the February 16, 2017 Status Conference, following which Plaintiffs provided information to Defendants detailing, for each Plaintiff in the Court's random-selection group, whether the Plaintiff (i) agreed to waive *Lexecon*, (ii) refused to agree to waive *Lexecon*, or (iii) failed to respond to the request regarding the *Lexecon* waiver. As a result of the information provided, Defendants nominated two replacement cases to complete their list of 16 nominated bellwether cases. Defendants submitted final nominations to plaintiffs on March 20, 2017. There is one overlapping federal bellwether nominated case, making a total of thirty-one (31) nominated cases. Consistent with the Courts' instruction and the parties' agreement to include Ramsey County, Minnesota cases, Plaintiffs and Defendants each identified two (2) cases from the related Bair Hugger cases filed in Ramsey County, Minnesota, on or before

4

December 19, 2016.  There is one overlapping Ramsey County case, resulting in a total of three (3) Ramsey County Bellwether Nominated Cases.  On April 7, 2017 the parties filed a comprehensive list of Bellwether Nominations with the Court (Dkt. No. 299).

Defendants are collecting medical records for the Plaintiffs in the Bellwether Nominated Cases.  On April 3, 2017, Plaintiffs served case specific discovery on the federal Bellwether Nominated Cases.  Defendants' responses are due May 3, 2017.

### 4. Update on number and status of cases transferred into the MDL

As of Friday, April 7, 2017, there were 1,526 active federal Bair Hugger cases pending in this MDL.  Not all of these filed cases have been served on Defendants.

**Update on cases filed in the City of St. Louis, Missouri**

On April 4, 2017, the JPML denied the Plaintiffs' motion to vacate Conditional Transfer Order No. 17, and issued an order transferring two cases from the Eastern District of Missouri to this MDL, *Jennings, et al. v. 3M & Arizant Healthcare, Inc.*, 4:17-cv-0012, 17-1076 JNE/FLN (Autrey, J.), and *Weisbrod et al. v. 3M and Arizant Healthcare, Inc.*, 4:17-cv-0023, 17-1077 JNE/FLN (Hamilton, J.).  *Jennings* and *Weisbrod* were both removed by 3M from the City of St. Louis, Missouri state court.  *Jennings* joins the Bair Hugger claims of 52 plaintiffs, only one of whom is from Minnesota.  *Weisbrod* joins the Bair Hugger claims of 58 plaintiffs, only three of whom are from Minnesota.  Defendants removed alleging improper joinder of the non-Missouri plaintiffs, including the plaintiffs from Minnesota.  Defendants contemporaneously filed motions to dismiss for lack of personal jurisdiction over the non-Missouri Plaintiffs pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, or in the alternative, to

sever the multi-plaintiff lawsuit for improper joinder under Rules 20 and 21, along with motions to stay in the E.D. Mo. so that the pending motion to dismiss or to sever can be decided by this Court.  Plaintiffs in both cases brought motions for remand.  Plaintiffs are represented by The Simon Law Firm, P.C., and have moved to remand to state court.

On February 28, 2017, 3M was served in *Galbreath, et al. v. 3M & Arizant,* filed in the City of St. Louis.  Like *Jennings* and *Weisbrod*, this case was filed by The Simon Law Firm.  *Galbreath* joins the Bair Hugger claims of 76 plaintiffs. On March 23, 2017, *Galbreath* was removed to the Eastern District of Missouri. On April 7, 2017 *Galbreath* was transferred to this MDL.

In addition, on March 21, 2017, 3M was served in *Washington et al. v. 3M & Arizant,* filed in the City of St. Louis.  Like *Jennings*, *Weisbrod*, *and Galbreath,* this case was filed by The Simon Law Firm.  *Washington* joins the Bair Hugger claims of 65 plaintiffs.  3M intends to remove *Washington* to the Eastern District of Missouri on the same bases that it removed *Jennings*, *Weisbrod*, and *Galbreath*, and seek transfer to the MDL.

**5. Overview of related state court proceedings**

There are 48 cases pending before Judge Leary in Ramsey County. Judge Leary has indicated that he intends to coordinate the Ramsey County cases with this MDL. This Court has ordered certain Ramsey County cases are to be included within the bellwether selection process. On February 13, 2017 the parties each designated two Ramsey County cases (as set out in paragraph 12.c. of PTO #17) as nominated bellwether cases.

On December 29, 2016, the Ramsey County Court entered a PFS order for Ramsey County cases. For all Ramsey County cases pending as of the date of the Order, a completed PFS was due no later than January 31, 2017. Defendants may seek relief from Judge Leary in the coming weeks if any remain overdue without an agreed extension.

In addition to the new St. Louis case mentioned above, there are currently six other state court cases pending outside of Ramsey County, Minnesota:

- *Rodriguez v. 3M Co., Arizant Healthcare, Advocate Health and Hospitals Corporation, and Medtronic Sofamor Danek U.S.A., Inc.,* pending in the Circuit Court of the Nineteenth Judicial Circuit, Lake County, Illinois, Case No. 15-L-930, before the Honorable Thomas J. Schippers. Plaintiffs are represented by DeSanto Morgan & Taylor. The *Rodriguez* case was filed on December 31, 2015. 3M and Arizant were served on January 14, 2016. At the November 30, 2016 case management conference, the court tentatively set a trial date of March 5, 2018 with the aim of trailing the first MDL bellwether trial. A case management conference was held on February 20, 2017. The court granted Defendants' request

7

to push the trial date to July 30, 2018 in light of the adjustment to the MDL bellwether trial date. The next status conference is scheduled for August 2, 2017.

- *Lawson v. 3M Co., Arizant Healthcare, Inc., CHCA Conroe L.P., Conroe Hospital Corporation, Conroe Regional Medical Center, and Haissam Elzaim, M.D.*, pending in the 284th Judicial District Court, Montgomery County, Texas, before the Honorable Cara Wood. Plaintiffs are represented by the Hopkins Law Firm. The *Lawson* case was filed on October 7, 2015. 3M was served on October 28, 2015 and Arizant was served on November 13, 2015. A status conference is set for November 19, 2017, at which time a trial date will be set. The *Lawson* judge selected the November 2017 date in order to see whether the first MDL bellwether case had proceeded to trial as had been scheduled. The deposition of one of the plaintiffs and the defendant treating physician occurred in September 2016. The deposition of Aubrey Ray Lawson was taken on February 21, 2017. Plaintiffs' expert was deposed March 21, 2017. Mediation with the defendant physician occurred on April 12, 2017. Parties stipulated that 3M need not appear at the mediation, given 3M's expressed intention not to offer any monetary settlement.

- *Acosta v. 3M and Arizant Healthcare, Inc.,* pending in the Fourth Judicial District Court, Missoula County, Montana, Case No. DV-16-769, Dept. No. 4, Plaintiffs are represented by the Rossbach Law Firm. The *Acosta* case was filed on September 9, 2016. 3M and Arizant have not been served.

- *Petitta v. Ray R. Trey Fulp III et al.,* pending in the District Court of Hidalgo County, Texas. Plaintiff is represented by the Garcia & Martinez Law Firm. The

8

*Petitta* case was filed on November 14, 2016. 3M was served on November 18, 2016. This case was duplicative (same plaintiff, same allegations against 3M) of a case filed in the MDL (Case No. 16-cv-03878). The MDL matter was dismissed with prejudice on April 5, 2017. Defendants responded to the complaint on January 20, 2017. The parties have exchanged written discovery requests, and 3M served its objections and responses on March 6.

- *Bythwood v. 3M, Arizant et al.,* pending in the Circuit Court of Jefferson County, Alabama. Plaintiff is represented by Frank O. Hanson, Jr. The *Bythwood* case was filed on February 15, 2017. 3M and Arizant were served on February 23, 2017. On March 24, 2017, 3M and Arizant answered the Complaint. On April 6, 2017 plaintiff filed an Amended Complaint. On April 7, 2017, the Court issued an order allowing fact discovery to commence and scheduling the next status conference for October 12, 2017.

6. **Overview of Canadian Action**

On June 22, 2016, Defendants were served with a Canadian putative class action, *Driessen v. 3M Canada Company, 3M Company, and Arizant Healthcare Inc.*, filed in Ontario Superior Court of Justice, Court File No. 16-69039. Plaintiff *Driessen* seeks to represent a putative class of "[a]ll persons residing in Canada who had the 3M Bair Hugger Forced-Air Warming Device used on them during surgery." (*Driessen* Cplt. at ¶ 4.) Plaintiff *Driessen* is represented by Jeff Orenstein and Andrea Grass of the Consumer Law Group Professional Corporation in Ottawa, Ontario. Defendants have retained Canadian counsel, Tim Buckley and Kate Crawford of Borden Ladner Gervais.

9

On August 8, 2016, Defendants filed their Notice of Intent to Defend. On October 24, 2016 the plaintiff's counsel requested a judge assignment and case conference. There has been no additional case activity since the March 2017 Joint Status Report.

### 7. Additional pretrial orders (including, but not limited to, rules and procedures, preservation order, and protective order of confidentiality)

There are no additional pretrial orders pending. Plaintiffs have proposed to Defendants a potential pretrial order concerning procedural requirements for updated PFS forms, specifically with respect to the "re-verification" process sought by 3M and discussed above, but do not request entry of any additional pretrial orders at this time. The parties will be prepared to update the Court at the status conference on April 20th.

### 8. Status of Discovery

The general causation fact discovery deadline passed on March 20, 2017. By the parties' agreement, limited additional fact discovery occurred after the deadline: Dr. Augustine's deposition and Defendants' answers to Plaintiffs' interrogatories and requests to admit.

**Defendants' anticipated motions.** Defendants anticipate that they will be seeking a continuation of the deposition of Dr. Augustine. Defendants further anticipate that they may seek leave (if Plaintiffs do not consent) to take the depositions of Augustine's counsel Randall Benham and Augustine employee Brent Augustine, based upon documents produced by Augustine on March 14, pursuant to the Court's order on Defendants' motion to compel concerning Augustine's privilege logs. Defendants also anticipate the possibility of further motion practice concerning Defendants' motion to

10

compel against Kennedy Hodges. In addition, Defendants are continuing to meet-and-confer with Augustine concerning its production and may bring another motion to compel. Finally, Defendants intend to file motions to de-designate certain documents that have been designated as confidential by Augustine and third-party Ridgeview Medical Center.

**Plaintiffs' anticipated motions**. Plaintiffs anticipate motions to de-designate documents designated as confidential and motions requesting in camera review of documents listed on Defendants' privilege logs. Additionally, Plaintiffs have requested a meet and confer concerning Defendants' Interrogatory Answers, and anticipate motion practice. Finally, Plaintiffs are contemplating requesting leave to conduct various depositions after the close of discovery of individuals Plaintiffs contend were newly identified in Defendants' April 3 responses to Plaintiffs' second set of interrogatories

**Third-Party Subpoenas to Manufacturers of Patient Warming Products.**

Plaintiffs provided a copy of Judge Noel's Order to counsel for Stryker and Cincinnati SubZero.

**Deposition update.** Plaintiffs requested depositions of current or former employees and/or consultants of the Defendants, which have been completed or scheduled as follows:

- Gary Hansen, completed November 2;
- John Rock, completed November 4;
- Al Van Duren, completed November 7;
- Troy Bergstrom, completed November 18;

11

- Caroline Johnson, completed November 30;

- Teri Woodwick-Sides, completed December 8;

- Jana Stender, completed December 9;

- David Westlin, completed December 16;

- Dr. Michelle Hulse-Stevens, completed December 19;

- Dr. Daniel Sessler, completed January 11;

- Dr. Andrea Kurz, completed January 12;

- Gary Maharaj, completed January 18;

- Jay Issa, completed February 8;

- Karl Zgoda, completed February 24;

- Ryan Barrows, completed February 28;

- Mark Scott, completed March 2;

- Hamid Ziaimehr, completed March 3;

- Rule 30(b)(6) Deposition of 3M, first part, completed March 7;

- Winston Tan, completed March 10;

- Bob Buehler, completed March 17.

- Rule 30(b)(6) Deposition of 3M, second part, completed March 17.

- Dr. Augustine, completed March 31;

In addition to the UK study author depositions that have been completed, Defendants have conducted the following U.S. study author depositions:

- Dr. Kumar Belani, completed September 7;

- Mark Litchy, completed September 28;

- Dr. Robert Gauthier, day 1 completed October 4 and day 2 completed December 15;

- Defendants deposed Mark Albrecht on October 7 and November 12. Plaintiffs plan to notice Mr. Albrecht's deposition as well (if they do so, Defendants may also seek additional time with Mr. Albrecht to complete their examination); and

- Christopher Nachtsheim, completed November 29.

**9. Expert Reports**

The parties have a disagreement concerning the deadline for expert reports pursuant to PTO 17 and the start of Expert Witness discovery.

**Plaintiffs' Statement:** Based on the plain meaning of the language therein, Plaintiffs understood PTO 17 contemplated an exchange of expert reports on March 31st, followed by an exchange of rebuttal reports on June 2, 2017. Plaintiffs served timely reports from Michael W. Buck, Yadin David, Ed.D., P.E., C.C.E., F.A.I.M.B.E, F.A.C.C.E, Said Elghobashi, M.SC., Ph.D., D.SC., William Jarvis, M.D., Dan Koenigshofer, P.E., M.S., Jonathan M. Samet, M.D., M.S., and Michael J. Stonnington, M.D. Defendants served no expert reports, and assert PTO 17 anticipates Defendants' rebuttal reports are due June 2nd. Defendants have now requested deposition dates for the above-listed Plaintiffs' experts and seek to schedule these depositions before they disclose their experts' identities and opinions. Plaintiffs note Defendants proposed the Court adopt deadlines which are "split" between the parties, but rather than adopt

13

Defendants' proposed approach, the Court Order specifies expert reports be "exchanged", followed by an "exchange" of rebuttal reports.

Section 13 of PTO 17 states as follows:

13.  Experts on General Causation:

    a.    Initial expert reports and disclosures of the identity of expert witnesses under Rule 26(a)(2) shall be exchanged on or before March 31, 2017.

    b.    Rebuttal expert reports and disclosures of the identity of rebuttal expert witnesses shall be exchanged on or before June 3, 2017.

    c.    Depositions of expert witnesses must be completed on or before August 2, 2017.

It became clear in an email exchange on March 29th the parties have been operating under fundamentally different understandings of what the scheduling order contemplates. Typical practice would afford the party bearing the burden of proof the opportunity for a rebuttal report, but Defendants position is that no such opportunity for rebuttal is provided for. Plaintiffs respectfully submit that Defendants' position is at odds with the plain meaning of the language in the PTO, as well as usual practice in MDL and other proceedings, and request the opportunity to provide rebuttal reports following the disclosure of Defendants' expert reports, prior to commencement of any expert discovery.

**Defendants' statement**. There is no ambiguity in the Court's schedule. On September 8, 2016, the following exchange occurred between the Court and counsel:

>MAGISTRATE JUDGE NOEL: All right. Let me just ask one other question on that expert issue. So my understanding of the current pretrial order number 4 is initial expert reports and disclosures are due on December 1st of 2016. ***And that by "initial expert," I understand that to be any expert witness that a party is going to call to testify about an issue as to which that party has the burden of proof. So under these circumstances, nearly all of the initial experts presumably would be on the plaintiff's side.*** Although, I suppose if there's some affirmative defense you pled or something that you, the defendant, has the burden of proof on some issue and wants to call an initial expert, you would have to meet that.
>
>MR. BLACKWELL: That is my understanding, Your Honor.

(9/8/16 Hrg. Tr. at 18:13 to 19:5.) Defendants cited and sent the above language to Plaintiffs on March 29 and received no substantive response until this status report became due. Plaintiffs indisputably have the burden of proof on general causation, and therefore they were required to disclose their expert reports on March 31. Defendants do not have the burden of proof, and hence their rebuttal reports are due on June 2. In the meantime, given that Plaintiffs have disclosed seven experts, it makes sense to get going on depositions of those experts. If Plaintiffs wish to submit reports responding to Defendants' to-be-disclosed expert reports, Defendants' view is that they must follow the proper procedural vehicle for seeking that form of relief from the Court.

Dated: April 18, 2017                                   Respectfully submitted,

Jerry W. Blackwell (MN #186867)               Michael V. Ciresi (MN #0016949)
Mary S. Young (MN #0392781)                    Jan M. Conlin (MN #0192697)
Benjamin W. Hulse (MN #0390952)               CIRESI CONLIN LLP
BLACKWELL BURKE P.A.                           225 S. 6th St., Suite 4600
431 South Seventh Street                       Minneapolis, MN 55402
Suite 2500                                     Phone: 612.361.8202
Minneapolis, MN 55415                          Email: MVC@CiresiConlin.com
Phone: (612) 343-3256                                   JMC@CiresiConlin.com
Fax: (612) 343-3205
Email: blackwell@blackwellburke.com            Ben W. Gordon, Jr. (*Pro Hac Vice*)
         myoung@blackwellburke.com             LEVIN, PAPANTONIO, THOMAS,
         bhulse@blackwellburke.com             MITCHELL, RAFFERTY & PROCTOR, P.A.
                                               316 South Baylen Street, Suite 600
Bridget M. Ahmann (MN #016611x)               Pensacola, FL 32502-5996
M. Joseph Winebrenner (MN #0387889)           Phone: (850) 435-7091
FAEGRE BAKER DANIELS LLP                       Fax: (850) 435-7020
2200 Wells Fargo Center                        Email: bgordon@levinlaw.com
90 South Seventh Street
Minneapolis, MN 55402                          Genevieve M. Zimmerman (MN #330292)
(612) 766-7000                                 MESHBESHER & SPENCE, LTD.
Email: bridget.ahmann@faegrebd.com             1616 Park Avenue South
         joe.winebrenner@faegrebd.com          Minneapolis, MN 55404
                                               Phone: (612) 339-9121
**Counsel for Defendants 3M Company**          Fax: (612) 339-9188
**and Arizant Healthcare, Inc.**               Email: gzimmerman@meshbesher.com

                                               **Co-Lead Counsel for Plaintiffs**

16