# EXHIBIT 6

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: Bair Hugger Forced Air Warming Products Liability Litigation | MDL No. 2666 (JNE/FLN) |
| This Document Relates to All Actions | **Joint Agenda and Report for June 15, 2017 Status Conference** |

Pursuant to Pretrial Order #3, undersigned Counsel submit this Joint Agenda and Status Conference Report for the June 15, 2017, 9:30 a.m. Status Conference:

1. **Pretrial Orders**

On May 30, 2017, the Court entered Pretrial Order No. 19, determining the composition of the bellwether trial pool. Following the parties' exercise of their strikes, the composition of the pool is now as follows:

- Gareis, 16cv4187 (JNE/FLN)

- Kamke, 16cv1225 (JNE/FLN)

- Knuteson, 16cv1088 (JNE/FLN)

- Nugier, 16cv4246 (JNE/FLN)

- Skaar, 16cv2969 (JNE/FLN)

- Walker, Ramsey County Case No. 62-cv-16-1257

The parties request the Court's guidance on how these cases will be sequenced for trial.

1

## 2. Plaintiff Fact Sheets ("PFSs")

PTO #14 prescribes a process for Defendants to notify a Plaintiff of any alleged core deficiencies in that Plaintiff's PFS, and then for the Plaintiff to respond by curing the deficiencies, disputing them, or explaining why they cannot be timely cured. Once this meet-and-confer process has occurred, Defendants may put any unresolved dispute on the court conference agenda. PTO #14 provides that if the case appears on the agenda for two sequential court conferences without resolution, Defendants may file (and the Plaintiff may oppose) a motion for dismissal of the case.

For this month's agenda, Defendants have again listed cases in three categories: (1) those where Defendants maintain the PFS is significantly overdue and no extension has been granted by Defendants; (2) those where Defendants issued a deficiency notice and contend the time for the Plaintiff to respond has now elapsed; and (3) those where Defendants sent at least two deficiency notices and contend that one or more core deficiencies were not timely cured by the Plaintiff's response. These lists represent Defendants' understanding of the status of the various PFSs as of the close of business on June 8. The Court should not view Defendants' lists to imply that Plaintiffs agree that any case should be listed, or that Plaintiffs agree that any listed PFS is in fact deficient.

Defendants' motion to dismiss a set of cases in category (1) is set to be heard at the June 15 status conference.

**Plaintiffs' further statement**. Plaintiffs continue to work diligently to cure deficiencies and the parties have made significant strides on almost a daily basis to reduce the number of issues the Court may need to address. Plaintiffs also continue to maintain

2

that a significant number of deficiency claims by Defendant relate solely to the issue of Defendant's claim that certain plaintiffs need to "re-verify" their answers to a PFS that has undergone supplementation. Specifically, as one example, of the 72 cases of deficiency claims asserted for Levin Papantonio cases, 51 relate solely to the issue of "re-verification." As to any cases where Defendant seeks dismissal of cases in which deficiency claims have now been cured, Plaintiffs will be prepared to argue against such dismissals at the Status Conference.

> 3. **Update on number and status of cases transferred into the MDL**

As of Friday, June 2, 2017, there were 1,950 active federal Bair Hugger cases pending in this MDL. Not all filed cases have been served on Defendants.

**Update on cases filed in the City of St. Louis, Missouri**

Four cases collectively brought by The Simon Law Firm on behalf of more than 200 plaintiffs were filed in the City of St. Louis, Missouri, and removed to federal court by the Defendants. Three of those cases have been transferred to the MDL: *Jennings*, No. 17-cv-1076; *Weisbrod*, No. 17-cv-1077; and *Galbreath*, No. 17-cv-1093. Brown & Crouppen has now appeared for plaintiffs in these cases. In the three transferred cases, Plaintiffs and Defendants are working together towards dismissal of the non-diverse Plaintiffs. In addition, Defendants request that the Court sever the remaining Plaintiffs in these cases into individual cases; if required, Defendants will file a formal motion.

The JPML has issued a conditional transfer order in the fourth case, *Washington*, which was also removed to federal court by Defendants. Plaintiffs have moved to vacate

the CTO, and Defendants have opposed Plaintiffs' motion. It is anticipated that the JPML will consider Plaintiffs' motion to vacate at its next session on July 27, 2017.

### 4. Overview of related state court proceedings

There are 51 filed cases pending before Judge Leary in Ramsey County. One of these (*Walker*) has been designated as a bellwether. There are two cases in Ramsey County where a plaintiff fact sheet was due and has not been served. On June 5, 2017, Plaintiffs' counsel filed a motion to withdraw in one of these cases (*Hettich*, No. 62-cv-16-274). Defendants plan to file a motion to dismiss the other case (*Stockard*, No. 62-cv-16-277).

Judge Leary concurrently heard Plaintiffs' Motion for Leave to Amend to Allege Punitive Damages with Judge Noel on May 18, 2017, and has taken the motion under advisement with respect to the Ramsey County cases. Per Judge Leary's request, the parties submitted proposed findings of fact and conclusions of law on June 1, 2017. Copies were provided to Judge Noel.

There are currently six other state court cases pending outside of Ramsey County, Minnesota:

- *Rodriguez v. 3M Co., Arizant Healthcare, Advocate Health and Hospitals Corporation, and Medtronic Sofamor Danek U.S.A., Inc.,* pending in the Circuit Court of the Nineteenth Judicial Circuit, Lake County, Illinois, Case No. 15-L-930, before the Honorable Thomas J. Schippers. Plaintiffs are represented by DeSanto Morgan & Taylor. The *Rodriguez* case was filed on December 31, 2015. Trial has been set for July 30, 2018. To date, only written discovery has occurred. The next status conference is scheduled for August 2, 2017.

- *Lawson v. 3M Co., Arizant Healthcare, Inc., CHCA Conroe L.P., Conroe Hospital Corporation, Conroe Regional Medical Center, and Haissam Elzaim, M.D.*, pending in the 284th Judicial District Court, Montgomery County, Texas, before the Honorable Cara Wood. Plaintiffs are represented by the Houssiere Durant Houssiere Law Firm. The *Lawson* case was filed on October 7, 2015. 3M was served on October 28, 2015 and Arizant was served on November 13, 2015. A status conference is set for November 19, 2017, at which time a trial date will be set. The deposition of one of the plaintiffs and the defendant treating physician occurred in September 2016. The deposition of Aubrey Ray Lawson was taken on February 21, 2017. Plaintiffs' expert was deposed March 21, 2017.

- *Acosta v. 3M and Arizant Healthcare, Inc.,* pending in the Fourth Judicial District Court, Missoula County, Montana, Case No. DV-16-769, Dept. No. 4, Plaintiffs are represented by the Rossbach Law Firm. The *Acosta* case was filed on September 9, 2016. 3M and Arizant have not been served.

- *Petitta v. Ray R. Trey Fulp III et al.,* pending in the District Court of Hidalgo County, Texas. Plaintiff is represented by the Garcia & Martinez Law Firm. The *Petitta* case was filed on November 14, 2016. Only written discovery has occurred.

- *Bythwood v. 3M, Arizant et al.,* pending in the Circuit Court of Jefferson County, Alabama. Plaintiff is represented by Frank O. Hanson, Jr. The *Bythwood* case was filed on February 15, 2017. On April 7, 2017, the Court issued an order allowing

5

fact discovery to commence and scheduling the next status conference for October 12, 2017.

### 5. Overview of Canadian Action

On June 22, 2016, Defendants were served with a Canadian putative class action, *Driessen v. 3M Canada Company, 3M Company, and Arizant Healthcare Inc.*, filed in Ontario Superior Court of Justice, Court File No. 16-69039. Plaintiff *Driessen* seeks to represent a putative class of "[a]ll persons residing in Canada who had the 3M Bair Hugger Forced-Air Warming Device used on them during surgery." (*Driessen* Cplt. at ¶ 4.) Plaintiff *Driessen* is represented by Jeff Orenstein and Andrea Grass of the Consumer Law Group Professional Corporation in Ottawa, Ontario. Defendants have retained Canadian counsel, Tim Buckley and Kate Crawford of Borden Ladner Gervais. On August 8, 2016, Defendants filed their Notice of Intent to Defend. On October 24, 2016, the plaintiff's counsel requested a judge assignment and case conference. There has been no additional case activity since the April 2017 Joint Status Report.

### 6. Additional pretrial orders (including, but not limited to, rules and procedures, preservation order, and protective order of confidentiality)

There are no additional pretrial orders pending.

Plaintiffs and Defendants have a dispute concerning the current expert discovery schedule, as well as the initial bellwether trial date, currently February 5, 2018.

**Plaintiffs' further statement**. The present initial bellwether trial date is the day after the Super Bowl in Minneapolis, creating practical problems of beginning the trial on that date, given travel-associated obstacles and the dearth of available temporary lodging

6

during that time period. Plaintiffs maintain that, given the recent disclosure by Defendants of 13 expert witnesses—virtually double the number of experts disclosed by Plaintiffs—a short extension of time to complete expert depositions beyond the current deadline of August 2, 2017 is in order. Such a brief extension would not prejudice either side, but would provide both Plaintiffs and Defendants necessary time to schedule and complete this higher-than-anticipated volume of expert witness depositions. Plaintiffs would further suggest that a short extension of the initial bellwether trial date is in order to accommodate the Super Bowl. Plaintiffs respectfully suggest that a 45-day extension to the entire schedule would allow for both of these issues to be accommodated. Plaintiffs further note that they intend to disclose bellwether case-specific experts before the close of bellwether discovery on October 2.

**Defendants' further statement**. Defendants oppose Plaintiffs' proposal, though Defendants request that the Court supplement the existing schedule to set a hearing date for Defendants' anticipated *Daubert* motions and motion for summary judgment on general causation. In addition, Defendants intend to disclose bellwether case-specific experts before the close of bellwether discovery on October 2, 2017. Defendants request the Court's confirmation that PTO 17's November 1, 2017 deadline for bellwether-case-specific dispositive motions is also the deadline for *Daubert* challenges to bellwether-case-specific expert disclosures, and further request that a hearing date be set for case-specific summary judgment and *Daubert motions*.

**7. Status of Discovery**

**General causation experts.** Defendants disclosed their general causation expert reports on June 2, 2017. The depositions of all of Plaintiffs' general causation experts have been set, and the first deposition (Michael Buck) was taken on June 7. Defendants have offered dates for the depositions of their experts. General causation expert discovery is to be concluded by August 2.

**Plaintiffs' further statement.** The current deposition proposal offered by Defendants requires double and even triple tracking of depositions – back and forth across the country and even into Canada twice – in order to complete all expert by the August 2 deadline in PTO 17.

The suggested schedule currently is as follows:

| **Expert Name** | **Party Proffering** | **Location** | **Date** |
|---|---|---|---|
| M. Buck | Plaintiffs | Minneapolis | June 7 (Completed) |
| D. Koenigshofer | Plaintiffs | Chapel Hill, NC | June 13 |
| S. Elghobashi | Plaintiffs | Newport Beach, CA | June 15[1] |
| J. Ho | Defendants | Calgary | June 28 |
| S. Lampotang | Defendants | Gainesville, FL | June 28 |
| A. Hannenberg | Defendants | Wellesley, MA | July 7 |
| T. Ulatowski | Defendants | Virginia | July 7 |
| T. Kuehn | Defendants | Minneapolis | July 10 |
| J. Samet | Plaintiffs | Newport Beach, CA | July 11 |
| M. Keen | Defendants | Toronto | July 14 |
| G. Settles | Defendants | State College, PA | July 18 |
| Y. David | Plaintiffs | Houston, TX | July 18 |

---

[1] This date remains under discussion between the parties.

| | | | |
|---|---|---|---|
| T. Holford | Defendants | New Haven, CT | July 18 |
| A. Hughes | Defendants | Maryland | July 20 |
| J. Borak | Defendants | New Haven, CT | July 20 |
| M. Stonnington | Plaintiffs | Biloxi, MS | July 21 |
| J. Abraham | Defendants | Minneapolis | July 21 |
| W. Jarvis | Plaintiffs | San Francisco | July 25 |
| M. Mont | Defendants | Cleveland, OH | July 28 |
| R. Wenzel | Defendants | Richmond, VA | August 1 |

As noted above, however, Plaintiffs herewith advise the Court that they believe additional time will be required to complete the depositions of all thirteen (13) of the Defendants' experts disclosed on June 2. Plaintiffs respectfully suggest the additional time will be required for at least two reasons. First, as raised in Mr. Ciresi's letter to the Court dated June 6, 2017, Plaintiffs have some concerns about how to handle their right to rebuttal of Defendants expert reports first produced on June 3 and want to ensure that Plaintiffs' experts will be allowed to rebut Defendants' experts both at deposition and trial, even though such rebuttal opinions may not be contained in their original expert reports. Plaintiffs suggest that if there is any possibility that Plaintiffs may not be allowed to do so, the best procedure is to allow Plaintiffs' experts to file supplemental or rebuttal reports, if necessary, to preserve Plaintiffs' ability to present a rebuttal case. Second, PTO 17 mandates *Daubert* motions and other dispositive motions on general causation may be filed no later than August 15, 2017. Given the present schedule for expert depositions, wherein 10 experts are set to be deposed in the second half of July, the August 15th deadline is extraordinarily burdensome and unrealistic.

9

**Defendants' further statement.** At the April status conference, the Court addressed and rejected Plaintiffs' request for sur-rebuttal expert reports, as explained in Mr. Blackwell's June 8 letter to the Court. Sur-rebuttal is not contemplated by either PTO 17 or Rule 26. In addition, there is sufficient time to complete expert depositions and file *Daubert* motions without altering the schedule. Conducting multiple depositions on the same day should be no obstacle given the number of lawyers on both sides. In any event, Defendants will work with their experts to address any insurmountable conflicts in Plaintiffs' schedules, within the confines of the August 2 deadline. If Plaintiffs want PTO 17 modified, then they should file a motion demonstrating good cause for such modifications.

**Bellwether discovery.** Bellwether discovery commenced on June 2, 2017. The parties' initial disclosures for the bellwethers are due on June 15. Both parties have served written discovery. Plaintiffs have issued subpoenas to surgeons and anesthesiologists with proposed deposition dates in early August. Defendants will issue additional subpoenas to other health care providers and/or hospital personnel and will notice the depositions of Plaintiffs and family members, all to occur before the bellwether discovery cutoff of October 2.

**Continued general causation discovery.** On May 24, 2017, the Court granted leave to Defendants to take the continued deposition of Dr. Augustine and take the depositions of J. Randall Benham and Brent Augustine. Defendants have requested dates in late June and July for those depositions to proceed.

10

Plaintiffs continue to negotiate with third parties Stryker and Cincinnati SubZero concerning their responses to Plaintiffs' subpoenas.

**Other.**

Defendants have filed a motion to remove the confidential designations of certain documents produced by Dr. Augustine and his related entities. That motion is scheduled to be heard by Judge Noel on June 19, 2017, at 10:30 a.m.

Plaintiffs are filing a motion to compel on June 12, seeking *in camera* review of documents withheld based on claims of attorney-client and work product privileges. A hearing on said motion will be heard by Judge Noel on June 26. Defendants are presently unaware of which specific documents Plaintiffs intend to challenge in their motion, or the number of documents, and therefore reserve their right to seek additional time to respond and a different hearing date if appropriate.

Dated: June 7, 2017                     Respectfully submitted,

Jerry W. Blackwell (MN #186867)  
Benjamin W. Hulse (MN #0390952)  
BLACKWELL BURKE P.A.  
431 South Seventh Street  
Suite 2500  
Minneapolis, MN 55415  
Phone: (612) 343-3256  
Fax: (612) 343-3205  
Email: blackwell@blackwellburke.com  
       myoung@blackwellburke.com  
       bhulse@blackwellburke.com  

Bridget M. Ahmann (MN #016611x)  
FAEGRE BAKER DANIELS LLP  
2200 Wells Fargo Center  
90 South Seventh Street  
Minneapolis, MN 55402  
(612) 766-7000  
Email: bridget.ahmann@faegrebd.com  

**Counsel for Defendants 3M Company and Arizant Healthcare, Inc.**

Michael V. Ciresi (MN #0016949)  
Jan M. Conlin (MN #0192697)  
CIRESI CONLIN LLP  
225 S. 6th St., Suite 4600  
Minneapolis, MN 55402  
Phone: 612.361.8202  
Email: MVC@CiresiConlin.com  
       JMC@CiresiConlin.com  

Ben W. Gordon, Jr. (*Pro hac Vice*)  
LEVIN, PAPANTONIO, THOMAS,  
MITCHELL, RAFFERTY & PROCTOR, P.A.  
316 South Baylen Street, Suite 600  
Pensacola, FL 32502-5996  
Phone: (850) 435-7091  
Fax: (850) 435-7020  
Email: bgordon@levinlaw.com  

Genevieve M. Zimmerman (MN #330292)  
MESHBESHER & SPENCE, LTD.  
1616 Park Avenue South  
Minneapolis, MN 55404  
Phone: (612) 339-9121  
Fax: (612) 339-9188  
Email: gzimmerman@meshbesher.com  

**Co-Lead Counsel for Plaintiffs**