# EXHIBIT 7

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: Bair Hugger Forced Air Warming Products Liability Litigation | MDL No. 2666 (JNE/FLN) |
| This Document Relates to All Actions | **Joint Report in Lieu of July 20, 2017 Status Conference** |

Pursuant to Pretrial Order #3, and per the invitation of the Court in its Order dated July 11, 2017, undersigned Counsel submit this Joint Status Report in lieu of the cancelled July 20, 2017 Status Conference:

**1. Pretrial Orders**

On June 16, 2017, the Court entered Pretrial Order No. 20: Third Amended Scheduling Order determining, in part, the order of bellwether trials:

- *Kamke*, 16cv1225 (JNE/FLN)

- *Nugier*, 16cv4246 (JNE/FLN)

- *Walker*, Ramsey County Case No. 62-cv-16-1257

- *Knuteson*, 16cv1088 (JNE/FLN)

- *Skaar*, 16cv2969 (JNE/FLN)

- *Gareis*, 16cv4187 (JNE/FLN)

On July 11, the parties stipulated to the dismissal of *Knuteson* with prejudice. The parties agree there is no need to add another bellwether case at this point, and that they should

continue to work up and try the remaining five bellwether candidates in a staged fashion, as outlined below in Section 6 of this Joint Status Report, and as contemplated by PTO No. 17 and further orders of this Court. To the extent Court feels a replacement is necessary, the parties request the opportunity to be heard regarding their respective positions on how that replacement should be selected.

### 2. Plaintiff Fact Sheets ("PFSs")

PTO #14 prescribes a process for Defendants to notify a Plaintiff of any alleged core deficiencies in that Plaintiff's PFS, and then for the Plaintiff to respond by curing the deficiencies, disputing them, or explaining why they cannot be timely cured. Once this meet-and-confer process has occurred, Defendants may put any unresolved dispute on the court conference agenda. PTO #14 provides that if the case appears on the agenda for two sequential court conferences without resolution, Defendants may file (and the Plaintiff may oppose) a motion for dismissal of the case.

For this month's agenda, Defendants have again listed cases in three categories: (1) those where Defendants maintain the PFS is significantly overdue and no extension has been granted by Defendants; (2) those where Defendants issued a deficiency notice and contend the time for the Plaintiff to respond has now elapsed; and (3) those where Defendants sent at least two deficiency notices and contend that one or more core deficiencies were not timely cured by the Plaintiff's response. These lists represent Defendants' understanding of the status of the various PFSs as of the close of business on July 13, 2017. The Court should not view Defendants' lists to imply that Plaintiffs agree

that any case should be listed, or that Plaintiffs agree that any listed PFS is in fact deficient. The parties are continuing to discuss the status of the alleged PFS deficiencies.

Although there will be no formal Status Conference held on July 20, Defendants respectfully request that the Court consider these cases to have been listed on the Court's agenda as required by Pretrial Order #14. Plaintiffs respectfully submit many of the alleged deficiencies are "re-verification" claims, which, in light of the Court's instructions in June, plaintiffs represent they are currently addressing.

### 3.  Update on number and status of cases transferred into the MDL

As of Friday, July 7, 2017, there were 2,619 active federal Bair Hugger cases pending in this MDL.  Not all filed cases have been served on Defendants.

### Update on cases filed in the City of St. Louis, Missouri

Four cases collectively brought by The Simon Law Firm on behalf of more than 200 plaintiffs were filed in the City of St. Louis, Missouri, and removed to federal court by the Defendants.  Three of those cases have been transferred to the MDL: *Jennings*, No. 17-cv-1076; *Weisbrod*, No. 17-cv-1077; and *Galbreath*, No. 17-cv-1093.  Brown & Crouppen has now appeared for plaintiffs in these cases.  On June 16, 2017, Magistrate Judge Noel granted unopposed motions to sever Plaintiffs' Amended Complaint in each of the three cases, enabling Plaintiffs to file individual short form complaints.

The JPML has issued a conditional transfer order in the fourth case, *Washington*, which was also removed to federal court by Defendants.  Plaintiffs have moved to vacate the CTO, and Defendants have opposed Plaintiffs' motion.  The JPML will consider Plaintiffs' motion to vacate at its next session on July 27, 2017.

**Update on Lawson v. 3M Co., et al.**

This matter was originally pending in the 284th Judicial District Court, Montgomery County, Texas, before the Honorable Cara Wood. It has since been dismissed by the plaintiffs and re-filed in the MDL.

### 4. Overview of related state court proceedings

There are 51 filed cases pending before Judge Leary in Ramsey County. One of these (*Walker*) has been designated as a bellwether. There are two cases in Ramsey County where a plaintiff fact sheet was due and has not been served. Defendants filed a motion to dismiss one of these cases (*Stockard*, No. 62-cv-16-277) on July 11, 2017. In the other case (*Hettich*, No. 62-cv-16-274), Plaintiffs' counsel filed a motion to withdraw on June 5, 2017. Judge Leary issued an Order to Show Cause on July 11, 2017 directing the plaintiff to provide documentation to the Court regarding use of the Bair Hugger system during his surgery within 30 days and explain why his claims should not be dismissed with prejudice.

As the Court is aware, Judge Leary concurrently heard Plaintiffs' Motion for Leave to Amend to Allege Punitive Damages with Judge Noel on May 18, 2017, and has taken the motion under advisement with respect to the Ramsey County cases. Per Judge Leary's request, the parties submitted proposed findings of fact and conclusions of law on June 1, 2017. Copies were provided to Judge Noel. (Per Judge Noel's request, the parties filed supplemental memoranda on the significance of the Supreme Court's *Shady Grove* decision on July 17.)

4

There are currently four other state court cases pending outside of Ramsey County, Minnesota:

- *Rodriguez v. 3M Co., Arizant Healthcare, Advocate Health and Hospitals Corporation, and Medtronic Sofamor Danek U.S.A., Inc.,* pending in the Circuit Court of the Nineteenth Judicial Circuit, Lake County, Illinois, Case No. 15-L-930, before the Honorable Thomas J. Schippers.  Plaintiffs are represented by DeSanto Morgan & Taylor.  The *Rodriguez* case was filed on December 31, 2015.  Trial has been set for July 30, 2018.  To date, only written discovery has occurred.  The next status conference is scheduled for August 2, 2017.

- *Acosta v. 3M and Arizant Healthcare, Inc.,* pending in the Fourth Judicial District Court, Missoula County, Montana, Case No. DV-16-769, Dept. No. 4, Plaintiffs are represented by the Rossbach Law Firm.  The *Acosta* case was filed on September 9, 2016.  3M and Arizant have not been served.

- *Petitta v. Ray R. Trey Fulp III et al.,* pending in the District Court of Hidalgo County, Texas.  Plaintiff is represented by the Garcia & Martinez Law Firm.  The *Petitta* case was filed on November 14, 2016.  Only written discovery has occurred.

- *Bythwood v. 3M, Arizant et al.,* pending in the Circuit Court of Jefferson County, Alabama.  Plaintiff is represented by Frank O. Hanson, Jr.  The *Bythwood* case was filed on February 15, 2017.  On April 7, 2017, the Court issued an order allowing fact discovery to commence and scheduling the next status conference for October 12, 2017.

5

## 5. Overview of Canadian Action

On June 22, 2016, Defendants were served with a Canadian putative class action, *Driessen v. 3M Canada Company, 3M Company, and Arizant Healthcare Inc.*, filed in Ontario Superior Court of Justice, Court File No. 16-69039. Plaintiff *Driessen* seeks to represent a putative class of "[a]ll persons residing in Canada who had the 3M Bair Hugger Forced-Air Warming Device used on them during surgery." (*Driessen* Cplt. at ¶ 4.) Plaintiff *Driessen* is represented by Jeff Orenstein and Andrea Grass of the Consumer Law Group Professional Corporation in Ottawa, Ontario. Defendants have retained Canadian counsel, Tim Buckley and Kate Crawford of Borden Ladner Gervais. On August 8, 2016, Defendants filed their Notice of Intent to Defend. On October 24, 2016, the plaintiff's counsel requested a judge assignment and case conference. There has been no additional case activity since the April 2017 Joint Status Report.

## 6. Additional pretrial orders (including, but not limited to, rules and procedures, preservation order, and protective order of confidentiality)

There are no additional pretrial orders pending.

Plaintiffs and Defendants have conferred regarding bellwether case-specific discovery, and hereby submit the following proposal for the Court's consideration:

### Staging of Bellwether Discovery:

The parties propose that they work up the first two cases (*Kamke* and *Nugier*) simultaneously, under a modification of the schedule set forth in Pretrial Order No. 17 set forth below. The parties agree to begin working up the third case (*Walker*) in January, and will confer regarding a proposed structure related discovery and motion practice. The

6

parties propose that they defer workup of the remaining two cases until after the first bellwether trial.

### (Proposed) Modifications to Pretrial Order No. 17:

**Experts on Specific Causation:**

a. Initial expert reports and disclosures of the identity of expert witnesses under Rule 26(a)(2) shall be exchanged on or before October 9, 2017.

b. Rebuttal expert reports and disclosures of the identity of rebuttal expert witnesses shall be exchanged on or before October 30, 2017.

c. Depositions of expert witnesses must be completed on or before December 15, 2017.

**Bellwether case-specific dispositive motions filing date**: December 22, 2017.

### Additional Agreements Between The Parties

a. <u>Treater depositions</u>:  The parties propose that each side be allotted to use up to ½ of the total time set aside for each treater deposition, with neither party being permitted to absorb any unused time of the other.

b. <u>Specific cause expert opinions</u>:  To the extent specific cause experts previously provided general causation opinions, the parties agree generally that any specific cause depositions should pertain only to the specific cause

7

opinions and not re-plough general causation ground. Any exploration of a general cause opinion must be incident to a specific cause inquiry.

**7. Status of Discovery**

**General causation experts.** Defendants disclosed their general causation expert reports on June 2, 2017. The depositions of all general causation experts have been set, and the following depositions have been completed:

| **Plaintiffs' Experts** | **Defendants' Experts** |
| --- | --- |
| Michael W. Buck (June 7, 2017) | Jim Ho (June 28, 2017) |
| Dan Koenigshofer (June 13, 2017) | Timothy Ulatowski (July 7, 2017) |
| Said Elghobashi (June 15, 2017) | Thomas Kuehn (July 10, 2017)* |
| Jonathan Samet (commenced July 11, 2017)* | Michael Keen (July 14, 2017)* |
| Michael Stonnington (July 21, 2017) | Gary Settles (July 18, 2017) |
|  | Theodore Holford (July 18, 2017) |
|  | Jonathan Borak (July 20, 2017) |
|  | John Abraham (July 20, 2017)* |
| *Dr. Samet was deposed for approximately four hours, and ultimately continued for conclusion on August 8, 2017. | *Plaintiffs' position is that both the Kuehn and Keen depositions were left open pending production of the documents produced by the witness to Defense counsel as responsive to Plaintiffs' subpoena, but which have not yet been produced to Plaintiffs' counsel. Defendants dispute that there are documents owing to Plaintiffs' counsel or that these depositions can be "left open." |

8

General causation expert discovery is to be concluded by August 16.

**Bellwether discovery.** Bellwether discovery commenced on June 2, 2017. The parties have served their initial disclosures, and Plaintiffs' counsel has committed to provide supplemental disclosures for *Walker*. The parties also have served and responded to case-specific written discovery. Plaintiffs have issued subpoenas to surgeons and anesthesiologists with proposed deposition dates in early August. Defendants will issue additional subpoenas to other health care providers and/or hospital personnel and will notice the depositions of Plaintiffs and family members.

**Continued general causation discovery.** On May 24, 2017, the Court granted leave to Defendants to take the continued deposition of Dr. Augustine and take the depositions of J. Randall Benham and Brent Augustine. The parties are continuing to explore dates on which those depositions may proceed.

Plaintiffs continue to negotiate with third parties Stryker and Cincinnati SubZero concerning their responses to Plaintiffs' subpoenas.

Dated: July 24, 2017                                         Respectfully submitted,

Jerry W. Blackwell (MN #186867)
Benjamin W. Hulse (MN #0390952)
BLACKWELL BURKE P.A.
431 South Seventh Street
Suite 2500
Minneapolis, MN 55415
Phone: (612) 343-3256
Fax: (612) 343-3205
Email: blackwell@blackwellburke.com
          myoung@blackwellburke.com
          bhulse@blackwellburke.com

Bridget M. Ahmann (MN #016611x)
FAEGRE BAKER DANIELS LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
(612) 766-7000
Email: bridget.ahmann@faegrebd.com

**Counsel for Defendants 3M Company and Arizant Healthcare, Inc.**

Michael V. Ciresi (MN #0016949)
Jan M. Conlin (MN #0192697)
CIRESI CONLIN LLP
225 S. 6th St., Suite 4600
Minneapolis, MN 55402
Phone: 612.361.8202
Email: MVC@CiresiConlin.com
          JMC@CiresiConlin.com

Ben W. Gordon, Jr. (*Pro hac Vice*)
LEVIN, PAPANTONIO, THOMAS,
MITCHELL, RAFFERTY & PROCTOR, P.A.
316 South Baylen Street, Suite 600
Pensacola, FL 32502-5996
Phone: (850) 435-7091
Fax: (850) 435-7020
Email: bgordon@levinlaw.com

Genevieve M. Zimmerman (MN #330292)
MESHBESHER & SPENCE, LTD.
1616 Park Avenue South
Minneapolis, MN 55404
Phone: (612) 339-9121
Fax: (612) 339-9188
Email: gzimmerman@meshbesher.com

**Co-Lead Counsel for Plaintiffs**