# EXHIBIT 8

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: Bair Hugger Forced Air Warming Products Liability Litigation | MDL No. 2666 (JNE/FLN) |
| This Document Relates to All Actions | **Joint Agenda and Report for August 17, 2017 Status Conference** |

Pursuant to Pretrial Order #3, undersigned Counsel submit this Joint Agenda and Status Report for the August 17, 2017 Status Conference:

**1. Pretrial Orders**

On August 2, 2017, the Court entered Pretrial Order No. 21: Fourth Amended Scheduling Order setting forth the following bellwether schedule:

- Bellwether-case-specific fact discovery: As to *Kamke* (16cv1225) and *Nugier* (16cv4246), fact discovery shall be completed no later than October 16, 2017.

- Experts on specific causation as to *Kamke* (16cv1225) and *Nugier* (16cv4246):

    o Initial expert reports and disclosures of the identity of expert witnesses under Rule 26(a)(2) shall be exchanged on or before October 9, 2017.

    o Rebuttal expert reports and disclosures of the identity of rebuttal expert witnesses shall be exchanged on or before October 30, 2017.

    o Depositions of expert witnesses must be completed on or before December 15, 2017.

- Treater depositions: Each side is allotted to use up to ½ of the total time set aside for each treater deposition, with neither party being permitted to absorb any unused time of the other.

- Specific causation expert opinions: To the extent specific causation experts previously provided general causation opinions, any specific causation depositions should pertain only to the specific causation opinions and not re-plough general causation ground. Any exploration of a general cause opinion must be incident to a specific cause inquiry.

- Bellwether-case-specific dispositive motions: As to *Kamke* (16cv1225) and *Nugier* (16cv4246), dispositive motions shall be filed no later than December 22, 2017.

- The Court will order a separate discovery (fact and expert) and dispositive motions schedule as to the other bellwether cases at a later point.

- The first bellwether trial shall commence February 26, 2018.

   2. **Plaintiff Fact Sheets ("PFSs")**

PTO #14 prescribes a process for Defendants to notify a Plaintiff of any alleged core deficiencies in that Plaintiff's PFS, and then for the Plaintiff to respond by curing the deficiencies, disputing them, or explaining why they cannot be timely cured. Once this meet-and-confer process has occurred, Defendants may put any unresolved dispute on the court conference agenda. PTO #14 provides that if the case appears on the agenda for two sequential court conferences without resolution, Defendants may file (and the Plaintiff may oppose) a motion for dismissal of the case.

For this month's agenda, Defendants again are listing cases in three categories: (1) those where Defendants maintain the PFS is significantly overdue and no extension has been granted by Defendants; (2) those where Defendants issued a deficiency notice and contend the time for the Plaintiff to respond has now elapsed; and (3) those where Defendants sent at least two deficiency notices and contend that one or more core deficiencies were not timely cured by the Plaintiff's response. These lists represent Defendants' understanding of the status of the various PFSs as of the close of business on August 10, 2017.

The Court should not view Defendants' lists to imply that Plaintiffs agree that any case should be listed, or that Plaintiffs agree that any listed PFS is in fact deficient. The parties are continuing to discuss the status of the alleged PFS deficiencies. Plaintiffs submit that many of the alleged deficiencies are "re-verification" claims only which, in light of the Court's instruction in June, Plaintiffs represent they are currently addressing and should not be subject to dismissal.

### 3. Update on number and status of cases transferred into the MDL

As of Friday, August 4, 2017, there were 3,225 active federal Bair Hugger cases pending in this MDL. Not all filed cases have been served on Defendants.

### Update on cases filed in the City of St. Louis, Missouri

Four cases collectively brought by The Simon Law Firm on behalf of more than 200 plaintiffs were filed in the City of St. Louis, Missouri, and removed to federal court by the Defendants. All of those cases have now been transferred to the MDL. On June 16, 2017, Magistrate Judge Noel granted unopposed motions to sever Plaintiffs' Amended Complaint

3

in three of the four cases: *Jennings*, No. 17-cv-1076; *Weisbrod*, No. 17-cv-1077; and *Galbreath*, No. 17-cv-1093. Brown & Crouppen has now appeared for plaintiffs in these cases. The parties anticipate that Brown & Crouppen will appear for plaintiffs in *Washington*, which was transferred by the JPML on August 3. The parties further anticipate that a similar motion to sever plaintiffs' complaint will be filed in that matter.

### Update on Lawson v. 3M Co., et al.

This matter was originally pending in the 284th Judicial District Court, Montgomery County, Texas, before the Honorable Cara Wood. It has since been dismissed by the plaintiffs and re-filed in the MDL.

### 4. Overview of related state court proceedings

There are 56 filed cases pending before Judge Leary in Ramsey County. One of these (*Walker*) has been designated as a bellwether. There are two cases in Ramsey County where a plaintiff fact sheet was due and has not been served. Defendants filed a motion to dismiss one of these cases (*Stockard*, No. 62-cv-16-277) on July 11, 2017, in response to which the matter was voluntarily dismissed. In the other case (*Hettich*, No. 62-cv-16-274), Plaintiffs' counsel filed a motion to withdraw on June 5, 2017. Judge Leary issued an Order to Show Cause on July 11, 2017 directing the plaintiff to provide documentation to the Court regarding use of the Bair Hugger system during his surgery within 30 days and explain why his claims should not be dismissed with prejudice. On August 11, Judge Leary dismissed the case with prejudice.

Judge Leary concurrently heard Plaintiffs' Motion for Leave to Amend to Allege Punitive Damages with Judge Noel on May 18, 2017, and has taken the motion under

advisement with respect to the Ramsey County cases. Per Judge Leary's request, the parties submitted proposed findings of fact and conclusions of law on June 1, 2017. Copies were provided to Judge Noel. Judge Noel denied Plaintiffs' motion as to the bellwether cases on July 27 (Plaintiffs filed an objection to Judge Noel's order on August 10); Judge Leary's ruling remains pending.

There are currently four other state court cases pending outside of Ramsey County, Minnesota:

- *Rodriguez v. 3M Co., Arizant Healthcare, Advocate Health and Hospitals Corporation, and Medtronic Sofamor Danek U.S.A., Inc.,* pending in the Circuit Court of the Nineteenth Judicial Circuit, Lake County, Illinois, Case No. 15-L-930, before the Honorable Thomas J. Schippers. Plaintiffs are represented by DeSanto Morgan & Taylor. The *Rodriguez* case was filed on December 31, 2015. Trial has been set for July 30, 2018. To date, only limited written discovery has occurred. The next status conference is scheduled for October, 2017.

- *Acosta v. 3M and Arizant Healthcare, Inc.,* pending in the Fourth Judicial District Court, Missoula County, Montana, Case No. DV-16-769, Dept. No. 4, Plaintiffs are represented by the Rossbach Law Firm. The *Acosta* case was filed on September 9, 2016. 3M and Arizant have not been served.

- *Petitta v. Ray R. Trey Fulp III et al.,* pending in the District Court of Hidalgo County, Texas. Plaintiff is represented by the Garcia & Martinez Law Firm. The *Petitta* case was filed on November 14, 2016. Only written discovery has occurred.

5

- *Bythwood v. 3M, Arizant et al.,* pending in the Circuit Court of Jefferson County, Alabama. Plaintiff is represented by Frank O. Hanson, Jr. The *Bythwood* case was filed on February 15, 2017. On April 7, 2017, the Court issued an order allowing fact discovery to commence and scheduling the next status conference for October 12, 2017.

### 5. Overview of Canadian Action

On June 22, 2016, Defendants were served with a Canadian putative class action, *Driessen v. 3M Canada Company, 3M Company, and Arizant Healthcare Inc.*, filed in Ontario Superior Court of Justice, Court File No. 16-69039. Plaintiff *Driessen* seeks to represent a putative class of "[a]ll persons residing in Canada who had the 3M Bair Hugger Forced-Air Warming Device used on them during surgery." (*Driessen* Cplt. at ¶ 4.) Plaintiff *Driessen* is represented by Jeff Orenstein and Andrea Grass of the Consumer Law Group Professional Corporation in Ottawa, Ontario. Defendants have retained Canadian counsel, Tim Buckley and Kate Crawford of Borden Ladner Gervais. On August 8, 2016, Defendants filed their Notice of Intent to Defend. On October 24, 2016, the plaintiff's counsel requested a judge assignment and case conference. There has been no additional case activity since the July 2017 Joint Status Report.

### 6. Additional pretrial orders (including, but not limited to, rules and procedures, preservation order, and protective order of confidentiality)

There are no additional pretrial orders pending.

### 7. Status of Discovery

6

**General causation experts.**  Defendants disclosed their general causation expert reports on June 2, 2017.  The depositions of all general causation experts have been conducted, though Plaintiffs maintain that certain Defense expert depositions remain open, as described further below:

| **Plaintiffs' Experts** | **Defendants' Experts** |
|---|---|
| Michael W. Buck (June 7, 2017) | Jim Ho (June 28, 2017) |
| Dan Koenigshofer (June 13, 2017) | Timothy Ulatowski (July 7, 2017) |
| Said Elghobashi (June 15, 2017) | Thomas Kuehn (July 10, 2017)* |
| Jonathan Samet (commenced July 11, completed August 8, 2017) | Michael Keen (July 14, 2017)* |
| Michael Stonnington (July 21, 2017) | Gary Settles (July 18, 2017) |
| William Jarvis (July 25, 2017) | Theodore Holford (July 18, 2017) |
| Yadin David (August 1, 2017) | Jonathan Borak (July 20, 2017) |
| | John Abraham (July 20, 2017)* |
| | Michael Mont (July 28, 2017) |
| | Antonia Hughes (August 3, 2017) |
| | Richard Wenzel (August 4, 2017) |
| | Alexander Hannenberg (August 8, 2017) |
| | Samsun Lampotang (August 11, 2017) |
| | *Plaintiffs' position is that both the Kuehn and Keen depositions were left open pending production of the documents produced by the witness to Defense counsel as responsive to Plaintiffs' |

7

|  | subpoena, but which have not yet been produced to Plaintiffs' counsel. Defendants dispute that there are documents owing to Plaintiffs' counsel or that these depositions can be "left open." |
|---|---|

**Bellwether discovery.** Bellwether discovery commenced on June 2, 2017. The parties have served their initial disclosures. The parties also have served and responded to case-specific written discovery. The parties have additional updates below, as well as a disagreement over the process for contacts with treaters for purposes of deposition scheduling.

**Plaintiffs' further statement.** Plaintiffs have been working diligently to set the depositions of all of plaintiffs' core treating physicians and have issued subpoenas to infectious disease doctors with proposed deposition dates in early September. As it concerns plaintiffs' treating physicians, Plaintiffs contend that contact by Defendants with plaintiffs' treating doctors invades the physician-patient privilege recognized by many states and, as such, any contact with such doctors' offices should be permitted by plaintiffs' legal representatives in the first instance and only as an alternative measure—where plaintiffs have been unable to obtain dates—should defense counsel-staff be permitted to assist in this process.

**Defendants' further statement.** Defendants will issue additional subpoenas to other health care providers and/or hospital personnel and will notice the depositions of Plaintiffs and family members as soon as dates are settled upon. Defendants note that they are having difficulty in getting necessary discovery from medical providers associated with

the Veterans Administration in *Nugier* and will be prepared to update the Court at the status conference. With respect to contacts with treaters, Defendants' position is that discussion of deposition scheduling does not violate either a privilege or any state statute, and that state-law restrictions on defendants' communications with bellwether plaintiffs' treaters do not apply in a federal MDL under the Supreme Court's *Shady Grove* decision. *See, e.g.*, *In re Zimmer NexGen Knee Implant Prods. Liab. Litg.*, 890 F. Supp. 2d 869, 903-04 (N.D, Ill. 2012).

The parties will be prepared to address this dispute to the Court at the status conference if they are not able to resolve it on their own.

**Continued general causation discovery.** On May 24, 2017, the Court granted leave to Defendants to take the continued deposition of Dr. Augustine and take the depositions of J. Randall Benham and Brent Augustine. Defendants have held off on taking those depositions pending the Court's ruling on Defendants' motion to take additional discovery concerning Dr. Augustine's new publication (ECF No. 623), which is set to be heard by Judge Noel at 1:30 p.m. on August 17. Plaintiffs and Augustine oppose Defendants' motion.

Dated:  August 14, 2017                    Respectfully submitted,

| | |
|---|---|
| Jerry W. Blackwell (MN #186867)<br>Benjamin W. Hulse (MN #0390952)<br>BLACKWELL BURKE P.A.<br>431 South Seventh Street<br>Suite 2500<br>Minneapolis, MN  55415<br>Phone: (612) 343-3256<br>Fax: (612) 343-3205<br>Email:  blackwell@blackwellburke.com<br>            myoung@blackwellburke.com<br>            bhulse@blackwellburke.com<br><br>Bridget M. Ahmann (MN #016611x)<br>FAEGRE BAKER DANIELS LLP<br>2200 Wells Fargo Center<br>90 South Seventh Street<br>Minneapolis, MN 55402<br>(612) 766-7000<br>Email:  bridget.ahmann@faegrebd.com<br><br>**Counsel for Defendants 3M Company and Arizant Healthcare, Inc.** | Michael V. Ciresi (MN #0016949)<br>Jan M. Conlin (MN #0192697)<br>CIRESI CONLIN LLP<br>225 S. 6th St., Suite 4600<br>Minneapolis, MN 55402<br>Phone: 612.361.8202<br>Email:  MVC@CiresiConlin.com<br>            JMC@CiresiConlin.com<br><br>Ben W. Gordon, Jr. (*Pro hac Vice*)<br>LEVIN, PAPANTONIO, THOMAS,<br>MITCHELL, RAFFERTY & PROCTOR, P.A.<br>316 South Baylen Street, Suite 600<br>Pensacola, FL 32502-5996<br>Phone: (850) 435-7091<br>Fax: (850) 435-7020<br>Email:  bgordon@levinlaw.com<br><br>Genevieve M. Zimmerman (MN #330292)<br>MESHBESHER & SPENCE, LTD.<br>1616 Park Avenue South<br>Minneapolis, MN 55404<br>Phone: (612) 339-9121<br>Fax: (612) 339-9188<br>Email:  gzimmerman@meshbesher.com<br><br>**Co-Lead Counsel for Plaintiffs** |