# EXHIBIT 9

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: Bair Hugger Forced Air Warming Products Liability Litigation | MDL No. 2666 (JNE/FLN) |
| This Document Relates to All Actions | **Joint Agenda and Report for September 21, 2017 Status Conference** |

Pursuant to Pretrial Order #3, undersigned Counsel submit this Joint Agenda and Status Report for the September 21, 2017 Status Conference:

**1. Pretrial Orders and Case Schedule**

On August 29, 2017, the Court entered PTO No. 22, re-setting the deadline for filing of *Daubert* and summary judgment motions on general causation to September 12, 2017. The parties filed their *Daubert* motions, and Defendants filed their motion for summary judgment, on September 12. The parties will file responsive briefs no later than October 3, 2017, and will file reply briefs no later than October 17, 2017. The Court has indicated that it is available to hear the parties' motions on October 24-26. Equivalent motions have been filed in Ramsey County and Judge Leary has indicated an availability and interest to hear the motions concurrently with this Court.

Under PTO No. 22, bellwether fact discovery is to be completed by October 16, 2017, in *Kamke* (16cv1225) and *Nugier* (16cv4246), the two lead bellwether cases. Discovery in these cases has been ongoing with case-specific written discovery exchanged,

medical records collected, treater depositions scheduled, and third-party discovery requested. The parties have suspended discovery in *Kamke*, however, because Plaintiffs intend to seek the Court's approval to dismiss *Kamke* with prejudice. Defendants do not oppose dismissal with prejudice, but assert that Plaintiffs should pay their costs and that Defendants should be permitted to select the replacement bellwether if the Court determines that a replacement should be selected (the parties' positions are discussed further in their separate statements below).

In *Nugier*, the Nugiers' depositions, which had been set for September 12-13, were postponed because the Nugiers were forced to evacuate from Orlando due to Hurricane Irma. Rescheduling of these depositions is pending. Depositions of Mr. Nugier's treaters at the Miami VA have not gone forward because the Miami Veterans Administration hospital has objected to presenting live witnesses and to producing documents. The Miami VA's objection is the subject of Defendants' pending motion to compel, which will be heard by Judge Noel on Monday, September 18.

**Defendants' additional position on *Kamke* and *Nugier*.** Defendants' position is that Plaintiffs should pay Defendants' costs associated with the workup of *Kamke*. Defendants further submit that they should be permitted to select the replacement for *Kamke* (to the extent the Court concludes that a replacement should be selected) because the two bellwether cases to have been dismissed by Plaintiffs (*Knuteson* and *Kamke)* were Defendants' nomination and a joint nomination, respectively. Two of the three remaining federal bellwether cases – *Nugier* (16cv4246) and *Gareis* (16cv4187) – were nominated by Plaintiffs. (*Walker*, the Ramsey County case, was a joint nomination.) Defendants also

propose that *Skaar* (16cv2969), the case nominated by the Defendants, be placed ahead of *Walker*. This would leave the new bellwether order as: *Nugier*, *Skaar, Walker, Gareis.*

With respect to *Nugier*, Defendants request that the case be de-designated as a bellwether if the Court concludes that the *Touhy* regulations preclude the parties from taking depositions of Mr. Nugier's treaters and obtaining other discovery concerning the circumstances of his surgery at the Miami VA.

Defendants have briefly stated their position in this agenda and will be prepared to respond to Plaintiffs' additional position statement (received Friday afternoon) at the status conference.

**Plaintiffs' additional position on *Kamke* and *Nugier*.**

As will be detailed in Plaintiffs' Forthcoming Motion to Dismiss with Prejudice, new information came to light regarding Ms. Kamke's exposure to the Bair Hugger that render her case her unrepresentative from all other known filed cases in this MDL, much less the pool of 150 selected by the Court. The records obtained by Ms. Kamke's counsel in connection with their due diligence in this matter confirmed the Bair Hugger was used during her surgery. However, in preparation for depositions of medical care providers for Ms. Kamke, Plaintiffs learned for the first time in August that a small handwritten notation on the anesthesia record was to indicate that the Bair Hugger blower was turned off shortly after Ms. Kamke's extended surgery started. This information was unknown to Plaintiffs when the case was nominated as an appropriate bellwether candidate, and presumably unknown to Defendants as well at the time of nomination. As soon as Plaintiffs learned of this non-exposure issue, Plaintiffs informed Defendants and suggested the case be removed

3

from bellwether trial consideration, given the newly-discovered, unique facts specific to the *Kamke* case. Defendants have provided no indication as to whether this information was new to Defendants or known prior to Plaintiff's call. In any event, Defendants have indicated there will be no agreement to dismissing Ms. Kamke's case absent agreement that Plaintiffs pay Defendants costs. Plaintiffs respectfully submit Defendants' request is punitive in nature and unreasonable inasmuch as both sides expended time and other resources in a good faith belief the case was an appropriate bellwether candidate at the time of its selection. To punish plaintiffs for identifying and promptly raising the newly-discovered evidence rendering the case unrepresentative—something that occurs not infrequently in the MDL context--makes no sense and is not something this Court should consider.

With respect to *Nugier*, Plaintiffs are prepared to join in Defendants' motion to compel as against the VA, and agree the records and access to Mr. Nugier's treating physicians for purposes of deposition are essential to the work up of the case.

Regarding Defendants' suggestion that Plaintiffs have engaged in bad faith with respect to either the *Knutson* or *Kamke* cases, Plaintiffs strenuously object to that mischaracterization, and will be prepared to discuss in further detail at the status conference. Plaintiffs respectfully submit the parties should meet and confer and discuss potential options for bellwether trials and any modifications that may be necessary to the scheduling order following the Court's decision on the pending motion to compel discovery from the VA.

### 2. Plaintiff Fact Sheets ("PFSs")

Defendants have moved to dismiss an additional set of cases based on alleged PFS deficiencies. That motion is noticed to be heard by the Court at the September 21 status conference.

For this month's agenda, Defendants again are listing cases in three categories: (1) those where Defendants maintain the PFS is significantly overdue and no extension has been granted by Defendants; (2) those where Defendants issued a deficiency notice and contend the time for the Plaintiff to respond has now elapsed; and (3) those where Defendants sent at least two deficiency notices and contend that one or more core deficiencies were not timely cured by the Plaintiff's response. These lists represent Defendants' understanding of the status of the various PFSs as of the close of business on September 14, 2017.

The Court should not view Defendants' lists to imply that Plaintiffs agree that any case should be listed, or that Plaintiffs agree that any listed PFS is in fact deficient. The parties are continuing to discuss the status of the alleged PFS deficiencies. Plaintiffs submit that many of the alleged deficiencies are "re-verification" claims only which, in light of the Court's instruction in June, Plaintiffs represent they are currently addressing and should not be subject to dismissal. Plaintiffs will submit a separate list with respect to the pending state of PFS.

### 3. Update on number and status of cases transferred into the MDL

As of Friday, September 8, 2017, there were 3,637 active federal Bair Hugger cases pending in this MDL. Not all filed cases have been served on Defendants.

5

**Update on cases filed in the City of St. Louis, Missouri**

All cases that were originally filed in the City of St. Louis, Missouri, are now part of the MDL. An unopposed motion to sever was filed in the last of the cases to be transferred (*Washington*, No. 17-cv-3552), on September 7.

**Update on Lawson v. 3M Co., et al.**

This matter is now part of the MDL.

4. **Overview of related state court proceedings**

There are 57 filed cases pending before Judge Leary in Ramsey County. One of these (*Walker*) has been designated as a bellwether. Judge Leary denied Plaintiffs' Motion for Leave to Amend to Allege Punitive Damages on August 18, 2017.

There are currently four other state court cases pending outside of Ramsey County, Minnesota:

- *Rodriguez v. 3M Co., Arizant Healthcare, Advocate Health and Hospitals Corporation, and Medtronic Sofamor Danek U.S.A., Inc.,* pending in the Circuit Court of the Nineteenth Judicial Circuit, Lake County, Illinois, Case No. 15-L-930, before the Honorable Thomas J. Schippers. Plaintiffs are represented by DeSanto Morgan & Taylor. The *Rodriguez* case was filed on December 31, 2015. Trial has been set for July 30, 2018. To date, only limited written discovery has occurred. The next status conference is scheduled for October 4, 2017.

- *Acosta v. 3M and Arizant Healthcare, Inc.,* pending in the Fourth Judicial District Court, Missoula County, Montana, Case No. DV-16-769, Dept. No. 4, Plaintiffs are

represented by the Rossbach Law Firm. The *Acosta* case was filed on September 9, 2016. 3M and Arizant have not been served.

- *Petitta v. Ray R. Trey Fulp III et al.,* pending in the District Court of Hidalgo County, Texas. Plaintiff is represented by the Garcia & Martinez Law Firm. The *Petitta* case was filed on November 14, 2016. Only written discovery has occurred.

- *Bythwood v. 3M, Arizant et al.,* pending in the Circuit Court of Jefferson County, Alabama. Plaintiff is represented by Frank O. Hanson, Jr. The *Bythwood* case was filed on February 15, 2017. On April 7, 2017, the Court issued an order allowing fact discovery to commence and scheduling the next status conference for October 12, 2017.

5. **Overview of Canadian Action**

On June 22, 2016, Defendants were served with a Canadian putative class action, *Driessen v. 3M Canada Company, 3M Company, and Arizant Healthcare Inc.*, filed in Ontario Superior Court of Justice, Court File No. 16-69039. Plaintiff *Driessen* seeks to represent a putative class of "[a]ll persons residing in Canada who had the 3M Bair Hugger Forced-Air Warming Device used on them during surgery." (*Driessen* Cplt. at ¶ 4.) Plaintiff *Driessen* is represented by Jeff Orenstein and Andrea Grass of the Consumer Law Group Professional Corporation in Ottawa, Ontario. Defendants have retained Canadian counsel, Tim Buckley and Kate Crawford of Borden Ladner Gervais. On August 8, 2016, Defendants filed their Notice of Intent to Defend. On October 24, 2016, the plaintiff's counsel requested a judge assignment and case conference. There has been no additional case activity since the August 2017 Joint Status Report.

6. **Additional pretrial orders (including, but not limited to, rules and procedures, preservation order, and protective order of confidentiality)**

There are no additional proposed pretrial orders pending.

7. **Status of Discovery**

**Bellwether discovery.** Bellwether discovery commenced on June 2, 2017. The status of *the discovery is discussed* in Section 1.

**Other discovery.** On May 24, 2017, the Court granted leave to Defendants to take the continued deposition of Dr. Augustine and take the depositions of J. Randall Benham and Brent Augustine. Defendants held off on taking those depositions, pending the Court's ruling on Defendants' motion to take additional discovery concerning Dr. Augustine's July 2017 publication (ECF No. 623). On August 18, Judge Noel granted Defendants leave to take written discovery regarding the underlying data relied upon by Dr. Augustine in drafting the article, the study protocols used in drafting the article, and communications regarding the underlying data shared between Dr. Augustine and the hospitals referenced in the article. Defendants served subpoenas on Dr. Augustine and the hospitals on August 25; one of the three (Ridgeview) has responded but the two other hospitals have not yet responded as of the date of this report.

8. **Status of Joint Motions on Sealed Documents**

The Local Rules in the District of Minnesota changed with respect to process and procedure for filing documents under seal. Pursuant to the new rules, the parties have submitted several joint motions with respect to sealing of filed documents. The parties wish to inquire if the Court requires anything else in connection with those pending motions.

Additional joint motions regarding the status of "confidential" documents submitted under seal in support of various motions will be forthcoming given pending *Daubert* and summary judgment briefing.

Dated:  September 15, 2017                                    Respectfully submitted,

| | |
|---|---|
| Jerry W. Blackwell (MN #186867)<br>Benjamin W. Hulse (MN #0390952)<br>BLACKWELL BURKE P.A.<br>431 South Seventh Street<br>Suite 2500<br>Minneapolis, MN  55415<br>Phone: (612) 343-3256<br>Fax: (612) 343-3205<br>Email:  blackwell@blackwellburke.com<br>            myoung@blackwellburke.com<br>            bhulse@blackwellburke.com<br><br>Bridget M. Ahmann (MN #016611x)<br>FAEGRE BAKER DANIELS LLP<br>2200 Wells Fargo Center<br>90 South Seventh Street<br>Minneapolis, MN 55402<br>(612) 766-7000<br>Email:  bridget.ahmann@faegrebd.com<br><br>**Counsel for Defendants 3M Company and Arizant Healthcare, Inc.** | Michael V. Ciresi (MN #0016949)<br>Jan M. Conlin (MN #0192697)<br>CIRESI CONLIN LLP<br>225 S. 6th St., Suite 4600<br>Minneapolis, MN 55402<br>Phone: 612.361.8202<br>Email:  MVC@CiresiConlin.com<br>            JMC@CiresiConlin.com<br><br>Ben W. Gordon, Jr. (*Pro hac Vice*)<br>LEVIN, PAPANTONIO, THOMAS,<br>MITCHELL, RAFFERTY & PROCTOR, P.A.<br>316 South Baylen Street, Suite 600<br>Pensacola, FL 32502-5996<br>Phone: (850) 435-7091<br>Fax: (850) 435-7020<br>Email:  bgordon@levinlaw.com<br><br>Genevieve M. Zimmerman (MN #330292)<br>MESHBESHER & SPENCE, LTD.<br>1616 Park Avenue South<br>Minneapolis, MN 55404<br>Phone: (612) 339-9121<br>Fax: (612) 339-9188<br>Email:  gzimmerman@meshbesher.com<br><br>**Co-Lead Counsel for Plaintiffs** |

9