# EXHIBIT 11

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: BAIR HUGGER FORCED AIR WARMING DEVICES PRODUCTS LIABILITY LITIGATION | MDL No. 2666 (JNE/FLN) |
| This Document Relates to:<br><br>ALL ACTIONS | **Joint Agenda and Report for March 15, 2018 Status Conference** |

Pursuant to Pretrial Order #3, undersigned Counsel submit this Joint Agenda and Status Report for the March 15, 2018 Status Conference:

**1. Pretrial Orders and Case Schedule**

*Gareis:* Expert depositions were completed on February 16. On February 20, Defendants filed a motion for summary judgment and motions to exclude Plaintiffs' case-specific experts. Plaintiffs filed a motion for summary judgment on 19 of Defendants' affirmative defenses. The parties' motions are scheduled to be heard on April 12 at 9:30 a.m. Trial is set to commence on May 14, 2018.

*Repopulating the bellwether pool*: Under PTO No. 24, Plaintiffs disclosed their evidence of product usage in the 100 bellwether pool cases on Friday, February 9. On February 16, Defendants filed challenges to the sufficiency of Plaintiffs' evidence of product use in 53 cases and produced records of Bair Hugger warming units and blanket sales (one challenge has since been withdrawn). Defendants also identified cases that they believe should be excluded from the bellwether pool because they do not involve knee or hip replacement surgeries or because they involve surgeries conducted at Veterans

Administration hospitals, presenting discovery difficulties. Plaintiffs disagree that cases should be excluded from the bellwether pool on either basis, and objected to Defendants' February 16 filing. On February 20, Plaintiffs filed a motion to compel with respect to Defendants' compliance with PTO No. 24. On February 23, Plaintiffs submitted their notice of *Lexecon* waivers for the cases in the Second Bellwether Population Group. Plaintiffs in 70 cases agreed to waive *Lexecon*. Plaintiffs in the remaining 30 cases did not.

Plaintiffs' motion to compel was heard by Judge Noel on March 12 at 10:30 a.m. At the hearing, the parties agreed that their bellwether nominations would be submitted later that day without the Court ruling on Defendants' product use challenges and that the parties will not be limited to nominating cases from only the pool of 33 cases where Defendants have not issued a challenge to Plaintiffs' proof of product use. Both parties indicated they plan to nominate cases Defendants have challenged.

**Plaintiffs' Position**: Plaintiffs submit given PTO 24 directs the parties to nominate only representative cases, it is difficult to reconcile Defendants nominating a case as representative while also maintaining a challenge to proof of Bair Hugger use. PTO #24 provides Defendants may move to dismiss with prejudice any Case for which, by the deadline, Plaintiffs have failed to produce evidence of Bair Hugger use and a complete, verified fact sheet. Defendants have yet to bring a motion to dismiss with prejudice as to any of the 100 cases randomly selected by the Court. If Defendants believe they have a good-faith basis to challenge Plaintiffs' claims of Bair Hugger exposure, Defendants should bring a motion to dismiss with prejudice any relevant case as provided for by PTO

#24 and the FRCP so the evidence can be presented to the Court for determination as to whether or not there is a genuine issue of material fact regarding Bair Hugger exposure. Failing to do so risks manipulation of the repopulation process and pool. Plaintiffs respectfully submit this issue requires resolution prior to the March 20th "strike" deadline set in PTO #24.

**Defendants' Position**: The only representative criteria for a bellwether case is whether the case involves a plaintiff who underwent a hip or knee arthroplasty procedure. Defendants' position is that proof of product use does not relate to the representativeness of a case, but rather is a threshold requirement for all cases in this MDL, including bellwether cases. To promote the efficient use of the Court and parties' resources, if any case where Defendants have challenged Plaintiffs' proof of product use is selected as one of the 12 potential bellwether cases on March 13, 2018, the parties can meet and confer to evaluate the nature of the Plaintiffs' proof and the Defendants' challenge, to see whether the challenge can be resolved.

**Additional Joint Statement:** If cases in which Defendants have challenged proof of product use are in the group of twelve bellwethers selected by the Court on March 13, 2018, and the parties are not able to resolve the issue, the parties will seek guidance from the Court at the status conference on Thursday as to the appropriate process and timing to resolve any remaining issues with respect to proof of product use at this stage.

**2. Plaintiff Fact Sheets ("PFSs")**

Defendants have moved to dismiss an additional set of cases based on alleged PFS deficiencies. That motion was resolved by the Court's order of March 12 (Dkt No. 1167). Defendants have also, as in prior months, addressed lists of PFS disputes to the Court as provided by PTO No. 14. Plaintiffs do not concede that cases included on these lists are in fact deficient.

**3. Update on number and status of cases transferred into the MDL**

As of March 2, 2018, there were 4,299 active federal Bair Hugger cases pending in this MDL. Not all filed cases have been served on Defendants.

**4. Overview of related state court proceedings**

On January 8, 2018, Judge Leary granted the Defendants' Motions to Exclude Plaintiffs' General Causation Medical Experts and granted the Defendants' Motion for Summary Judgment with Respect to General Causation. Judgment was entered in the cases pending in Ramsey County on January 26, 2018. On January 31, Judge Leary denied Plaintiffs' letter request for reconsideration. Plaintiffs plan to appeal.

There are currently four other state court cases pending outside Ramsey County, Minnesota:

*Rodriguez v. 3M Co., Arizant Healthcare, Advocate Health and Hospitals Corporation, and Medtronic Sofamor Danek U.S.A., Inc.*, pending in the Circuit Court of the Nineteenth Judicial Circuit, Lake County, Illinois, Case No. 15-L-930, before the Honorable Thomas J. Schippers. Plaintiffs are represented by DeSanto Morgan & Taylor.

The Rodriguez case was filed on December 31, 2015.  Trial has been re-set for February 11, 2019.   The next status conference is scheduled for April 19, 2018.

*Acosta v. 3M and Arizant Healthcare, Inc.*, pending in the Fourth Judicial District Court, Missoula County, Montana, Case No. DV-16-769, Dept. No. 4, Plaintiffs are represented by the Rossbach Law Firm. The Acosta case was filed on September 9, 2016. 3M and Arizant have not been served.

*Petitta v. Ray R. Trey Fulp III et al.*, pending in the District Court of Hidalgo County, Texas.  Plaintiff is represented by the Garcia & Martinez Law Firm.  *Petitta* was filed on November 14, 2016.   Only written discovery has occurred.   The hospital defendant settled. The remaining co-defendant, the Plaintiff's orthopedic surgeon treating physician, filed an interlocutory appeal after the Court denied his motion to dismiss. Discovery is automatically stayed pending disposition of the interlocutory appeal.

*Bythwood v. 3M, Arizant et al.,* pending in the Circuit Court of Jefferson County, Alabama.    Plaintiff is represented by Frank O. Hanson, Jr.    *Bythwood* was filed on February 15, 2017.    On April 7, 2017, the Court issued an order allowing fact discovery to commence.  The Court held a status conference on October 12, 2017, setting a fact discovery deadline of October 11, 2018 and scheduling a status conference for October 12, 2018, at which time the Court will set a  trial   date   and   deadlines   for   dispositive motions   and   expert disclosures/depositions.

5

**5. Overview of Canadian action**

On June 22, 2016, Defendants were served with a Canadian putative class action, *Driessen v. 3M Canada Company, 3M Company, and Arizant Healthcare Inc.*, filed in Ontario Superior Court of Justice, Court File No. 16-69039. Plaintiff Driessen seeks to represent a putative class of "[a]ll persons residing in Canada who had the 3M Bair Hugger Forced-Air Warming Device used on them during surgery." (Driessen Cplt. ¶ 4.) Plaintiff Driessen is represented by Jeff Orenstein and Andrea Grass of the Consumer Law Group Professional Corporation in Ottawa, Ontario. Defendants have retained Canadian counsel, Tim Buckley and Kate Crawford of Borden Ladner Gervais. On August 8, 2016, Defendants filed their Notice of Intent to Defend. There has been no recent case activity.

**6.    Additional pretrial orders (including, but not limited to, rules and procedures, preservation order, and protective order of confidentiality)**

There are no pending pretrial orders.

**7. Status of Discovery**

On February 15, Plaintiffs issued a subpoena for documents and deposition to Dr. W.J. Minkowycz of the University of Illinois at Chicago. On February 26, Defendants filed a motion for protective order, requesting that the Court prohibit enforcement of the subpoena. Plaintiffs agreed to defer enforcement of the subpoena pending the Court's resolution of the motion. The Court found that the state of the record was clear that Dr. Abraham's article was published at the direction of the editor-in-chief of NUMERICAL HEAT TRANSFER without further review or comment from others skilled in the field of

computational fluid dynamics, but granted the motion for protective order on the record at the hearing on the morning of March 12.

The parties are conferring with each other and counsel for the Augustine entities on the scheduling of the continued deposition of Dr. Scott Augustine and the deposition of Mr. Randall Benham and Mr. Brent Augustine. The depositions are tentatively scheduled for March 29, but the parties are still working with counsel for the witnesses to resolve how much time will be allotted for Plaintiffs' counsel's examinations. Plaintiffs have requested 1½ hours to question Dr. Augustine, and 15 minutes each for Mr. Benham and Mr. Brent Augustine.

## 8. Status of Various Procedural Matters

There are a handful of motions with respect to sealing of documents the parties believe may be pending, particularly with respect to exhibits used in connection with briefing and argument on the *Daubert* and summary judgment motions heard in October. In order to streamline upcoming filings and minimize the burden on the clerk's office with respect to sealed documents, the parties respectfully inquire whether there is anything we can do to facilitate resolution of the decision with respect to sealed status of these documents.

Dated:  March 13, 2018

Respectfully submitted:

| | |
|---|---|
| Michael V. Ciresi (MN #0016949) | Jerry W. Blackwell (MN #0186867) |
| Jan M. Conlin (MN #0192697) | Benjamin W. Hulse (MN #0390952) |
| CIRESI CONLIN LLP | Mary S. Young (MN #0392781) |
| 225 S. 6th St., Suite 4600 | BLACKWELL BURKE P.A. |
| Minneapolis, MN 55402 | 431 South Seventh Street, Suite 2500 |
| Phone: 612.361.8202 | Minneapolis, MN  55415 |
| Email: MVC@CiresiConlin.com | Phone: (612) 343-3200 |
| JMC@CiresiConlin.com | Fax:  (612) 343-3205 |
| | Email: blackwell@blackwellburke.com |
| | bhulse@blackwellburke.com |
| Ben W. Gordon, Jr. (*pro hac vice*) | myoung@blackwellburke.com |
| LEVIN, PAPANTONIO, THOMAS, | |
| MITCHELL, RAFFERTY & PROCTOR, P.A. | Bridget M. Ahmann (MN # 016611x) |
| 316 South Baylen Street, Suite 600 | FAEGRE BAKER DANIELS LLP |
| Pensacola, FL 32502-5996 | 2200 Wells Fargo Center |
| Phone: (850) 435-7091 | 90 South Seventh Street |
| Fax: (850) 435-7020 | Minneapolis, MN 55402 |
| Email: bgordon@levinlaw.com | Phone: (612) 766-7000 |
| | Fax: (612) 766-1600 |
| Genevieve M. Zimmerman (MN #330292) | Email: bridget.ahmann@faegrebd.com |
| MESHBESHER & SPENCE, LTD. | |
| 1616 Park Avenue South | **Counsel for Defendants 3M Company and Arizant Healthcare Inc.** |
| Minneapolis, MN 55404 | |
| Phone: (612) 339-9121 | |
| Fax: (612) 339-9188 | |
| Email: gzimmerman@meshbesher.com | |

**Co-Lead Counsel for Plaintiffs**