# EXHIBIT 13

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

In re: BAIR HUGGER FORCED AIR WARMING DEVICES PRODUCTS LIABILITY LITIGATION

This Document Relates to:
ALL ACTIONS

MDL No. 2666 (JNE/FLN)

Joint Agenda and Report for
September 20, 2018 Status Conference

---

Pursuant to Pretrial Order #3, undersigned Counsel submit this Joint Agenda and Status Report for the August 16, 2018 Status Conference:

**1. Pretrial Orders and Case Schedule**

The *Axline* case is set for trial on December 3. Pursuant to Pretrial Order #26, summary judgment and *Daubert* motions are due October 8 and will be fully briefed by November 1. Defendants will be moving for summary judgment on Plaintiffs' remaining claims under the Minnesota consumer protection statutes. Other pretrial deadlines remain to be set by the Court.

PTO #26 provided that case-specific fact discovery, excepting depositions, closed on September 1 for the six Bellwether Second cases other than *Axline*. The parties further agreed that the September 1 deadline does not apply to hospital inspections. Due to delays on the part of some providers, Defendants have continued to collect records after September 1. The parties are meeting and conferring on a schedule to cover the next phase for these cases.

Plaintiffs intend to bring a Rule 15 motion seeking leave to amend the *Axline* complaint in light of the Court's ruling on choice of law. Defendants have not yet been provided with a copy of Plaintiffs' Rule 15 motion in *Axline* and have advised Plaintiffs that they will consider it once provided.

**2. Plaintiff Fact Sheets ("PFSs")**

Defendants have moved to dismiss an additional set of cases based on alleged PFS deficiencies. That motion is noticed for the September 20 status conference. In addition, Defendants will argue for the dismissal of *Richey* (17-05323), which the Court deferred from last month so that it could be addressed together with Defendants' motion to dismiss the case under PTO #23. (Dkt. No. 1431, Order at 1.) As in prior months, Defendants have also addressed lists of PFS disputes to the Court as provided by PTO No. 14. Plaintiffs do not concede that cases included on these lists are in fact deficient.

**3. Update on number and status of cases transferred into the MDL**

On September 4, 2018, there were 4,887 active federal Bair Hugger cases pending in this MDL. As of that date, 410 cases had been dismissed, either by stipulation or by Court order. Not all filed cases have been served on Defendants.

**4. Overview of related state court proceedings**

Plaintiffs' appeal from the summary judgment order in the Minnesota state court (Ramsey County) cases is fully briefed. Oral argument has not yet been set, but is expected to occur before the end of 2018.

There are currently three other state court cases pending outside of Ramsey County, Minnesota:

*Acosta v. 3M and Arizant Healthcare, Inc.*, pending in the Fourth Judicial District Court, Missoula County, Montana, Case No. DV-16-769, Dept. No. 4, Plaintiffs are represented by the Rossbach Law Firm. The Acosta case was filed on September 9, 2016. 3M and Arizant still have not been served.

*Petitta v. Ray R. Trey Fulp III et al.*, pending in the District Court of Hidalgo County, Texas. Plaintiff is represented by the Garcia & Martinez Law Firm. *Petitta* was filed on November 14, 2016. Only written discovery has occurred. The hospital defendant settled. The remaining co-defendant, the Plaintiff's orthopedic surgeon treating physician, filed an interlocutory appeal after the Court denied his motion to dismiss. Discovery is automatically stayed pending disposition of the interlocutory appeal.

*Bythwood v. 3M, Arizant et al.,* pending in the Circuit Court of Jefferson County, Alabama. Plaintiff is represented by Frank O. Hanson, Jr. *Bythwood* was filed on February 15, 2017. On April 7, 2017, the Court issued an order allowing fact discovery to commence. The Court held a status conference on October 12, 2017, setting a fact discovery deadline of October 11, 2018 and scheduling a status conference for October 12, 2018, at which time the Court will set a trial date and deadlines for dispositive motions and expert disclosures/depositions. Defendants served written discovery with a deadline of September 12. Defendants have not yet received any response. Otherwise, no discovery has occurred.

### 5. Overview of Canadian action

On June 22, 2016, Defendants were served with a Canadian putative class action, *Driessen v. 3M Canada Company, 3M Company, and Arizant Healthcare Inc.*, filed in Ontario Superior Court of Justice, Court File No. 16-69039. Plaintiff Driessen seeks to

3

represent a putative class of "[a]ll persons residing in Canada who had the 3M Bair Hugger Forced-Air Warming Device used on them during surgery." (Driessen Cplt. ¶ 4.) Plaintiff Driessen is represented by Jeff Orenstein and Andrea Grass of the Consumer Law Group Professional Corporation in Ottawa, Ontario. Defendants have retained Canadian counsel, Tim Buckley and Kate Crawford of Borden Ladner Gervais. On August 8, 2016, Defendants filed their Notice of Intent to Defend. There has been no recent case activity.

6. **Additional pretrial orders (including, but not limited to, rules and procedures, preservation order, and protective order of confidentiality)**
   a. *Trombley* – **hospital production.**

*Defendants' position.* The MDL protective order, Pretrial Order #7, requires the consent of all parties to extend its protections to third parties. In one of the Bellwether Second cases, *Trombley* (16-4159), Plaintiffs' counsel have not consented to extending the protections of the protective order to ProMedica Bay Park Hospital (the hospital where the plaintiff's right knee replacement occurred) for over three weeks. The hospital is unwilling to produce responsive documents without the extension of the protective order to cover its production. On September 20, Defendants will move the Court to extend the protective order to the hospital without the consent of Plaintiffs. Defendants will promptly transmit a copy of the hospital's production to Plaintiffs, as they have consistently done for other third-party productions. Plaintiffs are free to make any requests they wish to the hospital concerning communications, but they should not condition extension of the protective order on such requests.

*Plaintiffs' position.* Plaintiffs' counsel consented to extending the protections of the protective order to ProMedica Bay Park Hospital as long as defendants' counsel would include Plaintiffs' counsel on any communications with counsel from ProMedica Bay Park Hospital. Defendants' counsel refused and insisted that the issue be raised with the Court.

**7. Status of Discovery**

*Axline.* Depositions have been completed in *Axline*, the lead bellwether case set for trial on December 3, except for the continued deposition of one witness. These depositions were taken:

- Ms. Axline's primary care physician, Dr. Wynn (June 26)
- Ms. Axline's infectious disease doctor, Dr. Smith (June 28)
- Plaintiff and her spouse (July 10)
- Ms. Axline's anesthesiologist, Dr. Narcelles (July 23)
- Ms. Axline's orthopedic surgeon, Dr. Lombardi (August 1)

Following a hearing on August 21, Judge Schultz granted Defendants an additional five minutes to depose Dr. Lombardi, limited to the questioning conducted by Plaintiffs at the end of the original deposition. Since then, Dr. Lombardi's counsel has advised Defendants' counsel that accommodating the continued deposition is difficult, and has not yet been able to provide a date. If Defendants are unable to secure a date within the near future, they will request alternative relief from the Court.

Both sides have served their case-specific expert reports. Defendants will take the expert deposition of Dr. William Jarvis on September 28. Plaintiffs have decided not to depose Defendants' case-specific experts.

5

On September 6, Judge Schultz granted Defendants' motion to strike the expert report of Nathan Bushnell and supplemental expert report of Yadin David.

> *Plaintiffs' further statement on the September 6 hearing*.  Plaintiffs await final formal order from the Court so Plaintiffs can preserve their record for appeal with objection to Judge Ericksen.  Additionally, and consistent with oral motion made by Plaintiffs at the hearing before Judge Schultz, Plaintiffs will bring a Rule 37 motion to strike all supplemental general causation opinions recently disclosed for the first time by Defendants' experts as a matter of equity.
>
> *Defendants' response*.  Judge Schultz stated his order on the record at the September 6 hearing, so Plaintiffs' deadline to object to the order is September 20.  Defendants will oppose Plaintiffs' forthcoming Rule 37 motion, as their expert reports were proper case-specific reports and/or rebuttals to Plaintiffs' now-stricken general causation reports.

Defendants filed a motion to compel relating to Plaintiffs' response to Defendants' subpoena *duces tecum* to Dr. Jarvis.  That motion is noticed before Judge Schultz on September 24 at 3:30 p.m.

**Plaintiffs' further statement on Axline discovery.**  There was a tardy response by the Mount Carmel Medical Center to a third party subpoena on *Axline,* so information about the air change rates, filtration, etc. were not provided until after the close of discovery, and indeed not until after Plaintiff disclosed her experts.  Immediately upon receipt, Plaintiffs requested that Defendants agree that Plaintiff be permitted to disclose an expert on

6

engineering/HVAC issues, given the late-produced, new information. Alternatively, Plaintiff noted Defendants not be permitted to rely on this late-produced information in any way. Defendants refused both of Plaintiff's requests. Plaintiffs submit that the tardy discovery must be stricken from the Defendants' experts' reports or Plaintiffs should be permitted to use the late discovery, including through disclosure of an expert report specific to the Axline operating room. Additionally, Defendants supplemented discovery responses last week, six weeks past the discovery deadline. The late answers should be stricken as untimely.

*Defendants' response.* Defendants do not agree with Plaintiffs arguing discovery disputes of this nature in the status report or at the status conference. The appropriate manner to address these disputes is through a formal motion. Defendants will respond in detail if such a motion is filed. Briefly, Defendants state that they supplemented their answers to Plaintiffs' contention interrogatories in *Axline*, as is appropriate to do following the close of discovery.

*Other Bellwether Second* **cases.** Case-specific written discovery has been served and answered in the other six remaining Bellwether Second cases. As noted above, Defendants are continuing to pursue and review medical and hospital records in all cases, due to delayed responses from some medical providers.

### 8. Other Pending Motions

Defendants' second motion requesting dismissal of cases for failure to comply with Pretrial Order No. 23 (Dkt. No. 1323) also has been noticed for hearing at this status conference. One of the five cases subject to that motion, *Steele*, 17-1262, was dismissed

7

by stipulation on August 2, 2018.   In addition, as permitted by this Court's August 24, 2018 order, Defendants will renew their prior motion to dismiss in *Bellande* (16-2700). (Dkt. No. 1440 at 5-6.)

Plaintiffs filed a motion for new trial in *Gareis* on June 27.  (Case No. 16-4187, Dkt. No. 482.)  The motion is fully briefed.  Defendants also filed a bill of costs following the *Gareis* verdict (Case No. 16-4187, Dkt. No. 486, 487, 495). Plaintiffs' objection to the bill of costs has been filed and Defendants have responded.

On August 14, Defendants filed a letter requesting leave to file a motion for reconsideration of the Court's order on general causation summary judgment and *Daubert*. (Dkt. No. 1428.)  Plaintiffs filed a letter opposing the request.  (Dkt. No. 1429.)

Dated: September 17, 2018

### 9. Future of MDL 2666

The Court previously raised the question of whether the parties had engaged in any settlement discussions.  As the parties indicated, no settlement discussions have occurred to date.  Plaintiffs further state that they are prepared to engage in meaningful and realistic options to help the Court and the parties consider reasonable global settlement strategies in this MDL.  Defendants believe there is no merit to any of the cases in the MDL and are committed to prevailing in the bellwether trials.  Beyond the bellwether trials, the parties should be focused on winnowing the docket.  Defendants believe that the MDL is full of cases that are severely deficient due to lack of product ID, long latencies, inability to prove specific causation, and so forth. Based on the parties' learnings from the bellwether process

and otherwise, Defendants submit that "screens" need to be erected to winnow down the MDL.

Plaintiffs filed a motion for suggestion of remand of the *Walton* and *Johnson* cases on September 4. (Dkt. No. 1475.) Defendants filed their opposition on September 13. The motion has been noticed for hearing at this status conference.

Plaintiffs respectfully submit the time has come to discuss remand more broadly, even beyond the motions to remand already filed on behalf of the *Walton* and *Johnson* plaintiffs. Defendants oppose any remand as premature, for the reasons stated in their September 13 opposition.

Respectfully submitted:

Michael V. Ciresi (MN #0016949)
Jan M. Conlin (MN #0192697)
CIRESI CONLIN LLP
225 S. 6th St., Suite 4600
Minneapolis, MN 55402
Phone: 612.361.8202
Email: MVC@CiresiConlin.com
JMC@CiresiConlin.com

Ben W. Gordon, Jr. (*pro hac vice*)
LEVIN, PAPANTONIO, THOMAS, MITCHELL, RAFFERTY & PROCTOR, P.A.
316 South Baylen Street, Suite 600
Pensacola, FL 32502-5996
Phone: (850) 435-7091
Fax: (850) 435-7020
Email: bgordon@levinlaw.com

Genevieve M. Zimmerman (MN #330292)
MESHBESHER & SPENCE, LTD.
1616 Park Avenue South
Minneapolis, MN 55404
Phone: (612) 339-9121
Fax: (612) 339-9188
Email: gzimmerman@meshbesher.com

**Co-Lead Counsel for Plaintiffs**

Jerry W. Blackwell (MN #0186867)
Benjamin W. Hulse (MN #0390952)
Mary S. Young (MN #0392781)
BLACKWELL BURKE P.A.
431 South Seventh Street, Suite 2500
Minneapolis, MN 55415
Phone: (612) 343-3200
Fax: (612) 343-3205
Email: blackwell@blackwellburke.com
         bhulse@blackwellburke.com
         myoung@blackwellburke.com

Lyn Peeples Pruitt
MITCHELL WILLIAMS SELIG
 GATES & WOODYARD
425 West Capitol Avenue, Suite 1800
Little Rock, AR 72201-3525
Phone: (501) 688-8869
Fax: (501) 688-8807
Email: lpruitt@mwlaw.com

Bridget M. Ahmann (MN # 016611x)
FAEGRE BAKER DANIELS LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
Phone: (612) 766-7000
Fax: (612) 766-1600
Email: bridget.ahmann@faegrebd.com

**Counsel for Defendants 3M Company and Arizant Healthcare Inc.**