# EXHIBIT 15

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| In re: BAIR HUGGER FORCED AIR WARMING DEVICES PRODUCTS LIABILITY LITIGATION | MDL No. 2666 (JNE/FLN) |
| This Document Relates to:<br>ALL ACTIONS | **Joint Agenda and Report for<br>November 15, 2018 Status Conference** |

---

Pursuant to Pretrial Order #3, undersigned Counsel submit this Joint Agenda and Status Report for the November 15, 2018 Status Conference:

**1. Pretrial Orders and Case Schedule**

Two of the Bellwethers second cases, *Ramirez*, 17-1078, and *Henderson*, 17-3056, were dismissed by stipulation on October 30, 2018.

The Court suspended the deadlines in PTO #26 (Dkt. No. 1352) pending resolution of Plaintiff Axline's objections to the denial of her motion to amend. Now that those objections have been overruled by the Court, Axline intends to move to dismiss her remaining Minnesota consumer protection claims without prejudice. Defendants believe these claims should be dismissed with prejudice and will oppose.

On November 6, the parties reached agreement on a proposed amended schedule for the remaining four Bellwethers Second cases and submitted the same to the Court by email and ECF. (Dkt. No. 1581.) The proposed schedule is built around a trial date of May 13, 2019.

The parties will meet again with Judge Schultz on November 15 at 11 a.m. to continue their discussion on "bucketizing" cases.

**2. Plaintiff Fact Sheets ("PFSs")**

Defendants have moved to dismiss an additional set of cases based on alleged PFS deficiencies. (Dkt. No. 1538.) As in prior months, Defendants have also addressed lists of PFS disputes to the Court as provided by PTO No. 14. Plaintiffs do not concede that cases included on these lists are in fact deficient.

**Plaintiffs' further statement**. Defendants have fundamentally changed their approach to the process for identifying and challenging so-called deficiencies as outlined in PTO 14. Plaintiffs object to this new approach insofar as it operates in practice as a unilateral amendment to the PTO 14. Plaintiffs further note that to the extent the parties are attempting to work together on alleged proof of product issues, the tardy deficiency notices from Defendants are adding inefficiencies which will consume the resources of not just the Defendants and the Plaintiffs, but also the Court in continuing to entertain tardy motion practice on PTO 14 issues.

**Defendants' further statement**. Defendants disagree. Defendants have not changed their process and continue to follow PTO 14 and the Court's orders and guidance relating to the PFS motions. Defendants have recently provided guidance to all Plaintiffs' counsel in a letter dated November 6, 2018, explaining Defendants' expectations for answers to PFS questions relating to Bair Hugger use. If Plaintiffs disagree with

2

Defendants' deficiency notices, or believe they are tardy, they can oppose Defendants' motions to dismiss as provided by PTO 14.

### 3. Update on number and status of cases transferred into the MDL

On October 5, 2018, there were 4,984 active federal Bair Hugger cases pending in this MDL. As of that date, 536 Bair Hugger cases (459 federal, and 77 state) had been dismissed, either by stipulation or by Court order. Not all filed cases have been served on Defendants.

### 4. Overview of related state court proceedings

Plaintiffs' appeal from the summary judgment order in the Ramsey County cases was argued before the Minnesota Court of Appeals on November 7.

There are currently two other state court cases pending outside of Ramsey County, Minnesota:

*Acosta v. 3M and Arizant Healthcare, Inc.*, pending in the Fourth Judicial District Court, Missoula County, Montana, Case No. DV-16-769, Dept. No. 4, Plaintiffs are represented by the Rossbach Law Firm. The Acosta case was filed on September 9, 2016. 3M and Arizant still have not been served.

*Petitta v. Ray R. Trey Fulp III et al.*, pending in the District Court of Hidalgo County, Texas. Plaintiff is represented by the Garcia & Martinez Law Firm. *Petitta* was filed on November 14, 2016. Only written discovery has occurred. The hospital defendant settled. The remaining co-defendant, the Plaintiff's orthopedic surgeon treating physician, filed an interlocutory appeal after the Court denied his motion to dismiss. That appeal has now been denied. Discovery was automatically stayed pending disposition of the

3

interlocutory appeal. There will be a telephonic status on December 19 to discuss a new case schedule.

*Bythwood v. 3M, Arizant et al.,* filed in Jefferson County, Alabama, was dismissed by the plaintiff without prejudice on November 8, 2018. Defendants anticipate that the case will be re-filed in the MDL.

### 5. Overview of Canadian action

On June 22, 2016, Defendants were served with a Canadian putative class action, *Driessen v. 3M Canada Company, 3M Company, and Arizant Healthcare Inc.*, filed in Ontario Superior Court of Justice, Court File No. 16-69039. Plaintiff Driessen seeks to represent a putative class of "[a]ll persons residing in Canada who had the 3M Bair Hugger Forced-Air Warming Device used on them during surgery." (Driessen Cplt. ¶ 4.) Plaintiff Driessen is represented by Jeff Orenstein and Andrea Grass of the Consumer Law Group Professional Corporation in Ottawa, Ontario. Defendants have retained Canadian counsel, Tim Buckley and Kate Crawford of Borden Ladner Gervais. On August 8, 2016, Defendants filed their Notice of Intent to Defend. There has been no recent case activity.

### 6. Additional pretrial orders (including, but not limited to, rules and procedures, preservation order, and protective order of confidentiality)

As discussed above, the parties have proposed a schedule to complete the work-up of the remaining bellwether cases.

### 7. Status of Discovery

*Bellwether Second* **cases.** Case-specific written discovery has been served and answered in the other six remaining Bellwether Second cases. Defendants are working to

schedule treater depositions and hospital inspections to be completed by the proposed fact discovery deadline of January 11, 2019.

**Defendants' further statement.** On October 29 and 30, Defendants noticed the depositions of the plaintiffs and their spouses for the week of November 12. Plaintiffs were not available for those dates. As of today, Plaintiffs have not provided dates for these depositions. Due to the agreed January 11 deadline for completing fact discovery, it is essential for the depositions of the plaintiffs and their spouses to be completed as quickly as possible. Treater depositions (at least 4-5 per case) will fill December and the first two weeks of January. Defendants are concerned that Plaintiffs' counsel still have not offered deposition dates for any of the plaintiffs or their spouses. Defendants respectfully request that the Court direct plaintiffs to be made available for deposition before the end of November.

**Plaintiffs' further statement.** Defendants unilaterally noticed the depositions of the plaintiffs in each of the four remaining bellwether cases without working with counsel for the individual plaintiffs. Plaintiffs advised opposing counsel that two of the four remaining cases involved Ohio plaintiffs, and requested Defendants stipulate to amendments confirming the Ohio Products Liability Act governs the claims made in complaints in both *Goodpaster* and *Trombley*. Defendants declined to stipulate to the requested amendments. Counsel for both *Trombley* and *Goodpaster* are in the process of finalizing their motions for leave to amend their complaints. However, in light of the Court's rulings in *Axline*, Plaintiffs' noted our belief that it is not a good use of the parties' time or resources to take depositions of the plaintiffs or their treaters while the issue of

5

amendment and Ohio law remains unsettled. Defendants remain insistent on taking the depositions in these two cases. Plaintiffs have assured counsel for Defendants that we will provide dates for depositions of all four remaining bellwether plaintiffs & spouses, but, given the Thanksgiving holiday, we do not think it is likely that we will have dates before the end of November. Given the jointly suggested amended scheduling order would put the expert disclosure dates in January (for Plaintiffs) and February (for Defendants) and dispositive motion practice is suggested to be set for March, Plaintiffs respectfully submit that December depositions should not present an unworkable scheduling problem.

### 8. Other Pending Motions

Defendants' motion to dismiss *Smith* (17-cv-2889) for failure to comply with Pretrial Order No. 23 (Dkt. No. 1469), has been noticed for hearing at this status conference. *Smith* was not heard last month with the rest of Defendants' motion because plaintiff's counsel was not available. Defendants also filed a fourth PTO23 motion on November 8. (Dkt. No. 1584.)

On August 14, Defendants filed a letter requesting leave to file a motion for reconsideration of the Court's order on general causation summary judgment and *Daubert*. (Dkt. No. 1428.) Plaintiffs filed a letter opposing the request. (Dkt. No. 1429.)

On October 5, Plaintiffs filed a motion for further consideration of Judge Schultz's orders on continued sealing in *Gareis*. (*Gareis*, No. 16-4187, Dkt. No. 512.) Defendants filed their response on October 12.

On November 8, 2018, Defendants filed a Rule 12(c) motion for judgment on the pleadings in *Partlow*, one of the four remaining Bellwethers Second cases. (*Partlow*, No.

16-2144, Dkt. No. 14.) The motion is noticed to be heard on December 20, 2018 at the MDL status conference.

Plaintiffs intend to file motions for leave to amend in *Goodpaster* and *Trombley*, two of the other remaining Bellwethers Second cases. Defendants will oppose.

Dated: November 9, 2018

Respectfully submitted:

Michael V. Ciresi (MN #0016949)
Jan M. Conlin (MN #0192697)
CIRESI CONLIN LLP
225 S. 6th St., Suite 4600
Minneapolis, MN 55402
Phone: 612.361.8202
Email: MVC@CiresiConlin.com
JMC@CiresiConlin.com

Ben W. Gordon, Jr. (*pro hac vice*)
LEVIN, PAPANTONIO, THOMAS, MITCHELL, RAFFERTY & PROCTOR, P.A.
316 South Baylen Street, Suite 600
Pensacola, FL 32502-5996
Phone: (850) 435-7091
Fax: (850) 435-7020
Email: bgordon@levinlaw.com

Genevieve M. Zimmerman (MN #330292)
MESHBESHER & SPENCE, LTD.
1616 Park Avenue South
Minneapolis, MN 55404
Phone: (612) 339-9121
Fax: (612) 339-9188
Email: gzimmerman@meshbesher.com

**Co-Lead Counsel for Plaintiffs**

Jerry W. Blackwell (MN #0186867)
Benjamin W. Hulse (MN #0390952)
Mary S. Young (MN #0392781)
BLACKWELL BURKE P.A.
431 South Seventh Street, Suite 2500
Minneapolis, MN 55415
Phone: (612) 343-3200
Fax: (612) 343-3205
Email: blackwell@blackwellburke.com
     bhulse@blackwellburke.com
     myoung@blackwellburke.com

Lyn Peeples Pruitt
MITCHELL WILLIAMS SELIG
 GATES & WOODYARD
425 West Capitol Avenue, Suite 1800
Little Rock, AR 72201-3525
Phone: (501) 688-8869
Fax: (501) 688-8807
Email: lpruitt@mwlaw.com

Bridget M. Ahmann (MN # 016611x)
FAEGRE BAKER DANIELS LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
Phone: (612) 766-7000
Fax: (612) 766-1600
Email: bridget.ahmann@faegrebd.com

**Counsel for Defendants 3M Company and Arizant Healthcare Inc.**

8