UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

In re: BAIR HUGGER FORCED AIR                    MDL No. 15-2666 (JNE/DTS)
WARMING DEVICES PRODUCTS
LIABILITY LITIGATION

ORDER

This Document Relates to All Cases

At the hearing on Defendants' Motion for Reconsideration on June 12, 2019, Plaintiffs asked the Court to receive three articles that they had not previously cited in their briefing on the Motion for Reconsideration or otherwise. Defendants objected to each studies' admissibility and relevancy. ECF No. 1973. On a summary judgement motion, a court "must base its determination regarding the presence or absence of a material issue of factual dispute on evidence that will be admissible at trial." *Firemen's Fund Ins. Co. v. Thien*, 8 F.3d 1307, 1310 (8th Cir. 1993). The Court addresses the admissibility of each article in turn.

First, Plaintiffs ask the Court to admit the Lange (2019) study. The Lange study was published in June 2019 after Plaintiffs' experts submitted their general causation reports and supplemental affidavits and after Plaintiffs' finished briefing their opposition to the Motion for Reconsideration and the Court's follow-up questions. The Lange study considered whether forced-air warming ("FAW") devices introduce bacteria into the surgical environment. The authors collected and cultured 320 samples from FAW devices actively in use in operating room settings. The authors concluded that "FAW

1

device-component contamination may be a risk in the OR." The Court finds that this recently published and relevant study is admissible.

Second, Plaintiffs ask the Court to receive the Sugai (2018) study into evidence. For the following reasons, the Court declines to do so. The Court agrees with Defendants that the study does not address whether the Bair Hugger system causes deep joint infections. The authors state that the "study objective was to determine the relative heat transfer effectiveness of each warming system." ECF No. 1970, Ex. 2 (Sugai 2018) at 3. This objective is unrelated to the question before the Court. Plaintiffs nevertheless contend that the study is relevant because the authors state in one paragraph that they were motivated by concerns about FAW systems contaminating the surgical field. *Id.* The Court remains unpersuaded that it should admit the Sugai study—even for this limited purpose. The same sources cited by the authors to support their concerns were discussed by Dr. Jarvis in his expert report. *See* ECF No. 1813, PX1 (Jarvis Rpt.) at 6, 12.[1] Consequently, admitting the Sugai study for this purpose would be needlessly cumulative.

Finally, Plaintiffs ask the Court to consider the Sousa (2016) study. The Sousa study addresses the impact of MSSA screening. The study was published before Plaintiffs' experts submitted their general causation reports, but Plaintiffs argue that their experts had no reason to cite to this study since Defendants did not rely on the Jeans (2018) study—which also addresses MSSA screening—until August 2018 when it sought

---

[1] The Wood (2014) study was also attached to Plaintiffs' opposition motion as Exhibit 41. ECF No. 1813-35.

leave to move for reconsideration.[2]  Yet, this explanation does not address why neither Dr. Samet nor Dr. Jarvis mention this study in their affidavits, which were filed on May 16, 2019 and which discuss Jeans and the impact of MSSA screening on infection.  *See* ECF No. 1916, PX74 (Samet Aff.) and PX75 (Jarvis Aff.).  Without an experts' discussion of the articles' conclusions, methods, and reliability, the Court is left with one attorney's argument that "Sousa . . . show[s] that there's no significant impact on deep joint impacts from MSSA screening."  ECF No. 1980, 6/12/2019 Hearing Transcript at 115:2-4.  Accordingly, Plaintiffs have not satisfied their burden to establish the admissibility of this article.  *See* Fed. R. Evid. 703 (proponent must demonstrate that an expert in the field would reasonably rely on the facts or data).

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. The Court sustains in part and overrules in part Defendants' Objections to Plaintiffs' Three Belatedly Disclosed Articles [ECF No. 1973].

2. The Court finds that Exhibit No. 1 (Lange 2019) [see ECF No. 1970] is admissible.

3. The Court declines to consider Exhibit No. 2 (Sugai 2018) and No. 3 (Sousa 2016) [see ECF No. 1970].

Dated: June 28, 2019

      s/ Joan N. Ericksen
      JOAN N. ERICKSEN
      United States District Judge

---

[2] Similarly, Plaintiffs argue that this Court denied their request to conduct discovery on the Jeans study and to supplement their expert reports.