# EXHIBIT B

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: Bair Hugger Forced Air Warming Devices Products Liability Litigation | MDL No. 15-2666 (JNE/DTS) |
| This Document Relates To: ALL ACTIONS | |

**DEFENDANTS' PROPOSED REPLY IN SUPPORT OF
MOTION FOR CONTEMPT ORDER AND SANCTIONS FOR VIOLATIONS OF
COURT ORDERS REGARDING SEALING AND CONFIDENTIALITY**

**(Redacted Version)**

In their Opposition to Defendants' Motion for Contempt Order and Sanctions, MDL Counsel unambiguously detail how they intend to execute their plan to intentionally evade this Court's and Judge Hoyt's orders sealing confidential materials. "We can do what we please, and you can't do anything about it," is the implicit message to the Court. And in an effort to distract from the obvious purpose of their actions, MDL Counsel infuse their Opposition with *ad hominem* invective against Defendants' counsel, including baseless accusations of lying.

The purpose and effect of MDL Counsel's motion to compel in *Petitta* was to cast 3M and its counsel in a negative light by telling the Texas state court about the existence of a nearly four-year-old sealed order from Judge Hoyt. MDL Counsel argue that they had the right to do this because Judge Hoyt only sealed his memorandum opinion. They disregard Judge Hoyt's further order, however, that "[a]ny motions, briefs, or memoranda" relating to the memorandum opinion should also be filed under seal. In this Court, MDL Counsel previously acknowledged the scope and effect of Judge Hoyt's order, and they sealed or redacted their briefing on the LCA issue. Now they have decided for themselves, without first seeking reconsideration or clarification from this Court or Judge Hoyt, that the order has no effect outside the MDL.

MDL Counsel also argue that they have the right to publicize the contents of the sealed Bair Paws exhibit because they read part of it into the record at an earlier hearing, and the transcript of that hearing is now public. They argued the same to this Court previously, and this Court rejected the argument and sealed the document. They once again made this argument to Judge Schultz in January after attempting to disclose an excerpt

1

from the Bair Paws exhibit in their *Gareis* appellate brief, and Judge Schultz ordered that they "will be subject to monetary or other sanctions" for further disclosure of sealed documents. (Dkt. No. 1724, Court Minutes.) While not memorialized in the Court Minutes, Judge Schultz specifically warned in the telephone conference of "severe" sanctions for future public disclosure of the Bair Paws exhibit.

That is why MDL Counsel's latest public filing of the Bair Paws exhibit is all the more telling. They are no longer claiming that it is accidental, as before, and seem to be brazen enough now to dare this Court to sanction them. As this Court is aware, MDL Counsel on June 21 publicly filed, without permission from the Court, a PowerPoint presentation that contained excerpts from the Bair Paws exhibit, and three other sealed exhibits. Again, they argue (contrary to the Court's orders) that their own display of these documents at a hearing – itself in disregard of this Court's rulings – now gives them the absolute right to disseminate them. MDL Counsel have arrogated to themselves the power to reverse this Court's orders and to view the Court's now repeated directives on confidentiality as merely precatory. MDL Counsel is not permitted to engage in self-help.

No further proof should be needed that MDL Counsel have engaged in an ongoing, deliberate campaign to disseminate and publicize sealed documents. Even if this Court agrees with MDL Counsel that they complied with the language of the sealing orders at issue (and it should not, because they did not), then they clearly violated the intention behind those orders. They have publicized information that the Courts directed should not be publicized. This will continue if the Court does not enforce its orders, even as this

briefing is a testament to Plaintiffs' brazen strategy. Defendants respectfully request that the Court grant their motion for contempt and for sanctions.

## ARGUMENT

### A.  Judge Hoyt's *Walton* LCA Opinion.

As Defendants explained in their Memorandum, Judge Hoyt ordered that his memorandum opinion on the LCA issue – and all memoranda and motions related to it – remain under seal and for the purview of Judge Hoyt's Court only. This Court likewise has confined the issue to the *Walton* matter and has not permitted public disclosure. If MDL Counsel are allowed to improperly reference and insinuate the contents of the sealed memorandum opinion, as they have done here, it will entirely vitiate the purpose of placing the order under seal in the first place.

In support of the *Petitta* motion to compel, however, MDL Counsel publicly described the LCA issue in great ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ (Hulse Decl., Ex. E (Pl. Petitta Mem. at 5-6, 10).) ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

Attempting to shift blame for their own misconduct, MDL Counsel argue that Defendants "materially altered the language quoted on page 6" of their *Petitta* motion to compel. On the contrary, Defendants quoted the text of MDL Counsel's brief fully, with only footnote references omitted (*compare* Defs.' Mem. at 6 *with* Hulse Decl., Ex. E at 5-6,

3

10) and attached MDL Counsel's full *Petitta* brief as an exhibit. The footnotes in MDL Counsel's *Petitta* brief do not excuse their conduct. Judge Hoyt's confidentiality order required not only that his memorandum opinion, but also "[a]ny motions, briefs, or memoranda" submitted and pertaining to it, be filed under seal:

> Unless prior leave of this Court is granted, neither the parties nor their counsel shall summarize, characterize, or otherwise describe in a public communication or court filing the contents of this Court's October 29, 2015, Memorandum Opinion that was filed under seal in this Court.
>
> Any motions, briefs or memoranda submitted herein and pertaining to the October 29, 2015, Memorandum Opinion should be filed under seal.

(Hulse Decl., Ex. F.)  MDL Counsel violated this provision of Judge Hoyt's order by not filing their *Petitta* motion under seal.

MDL Counsel next argue that, because Judge Hoyt's order does not include the same explicit prohibition on 'summarizing, characterizing, or otherwise describing' in the second paragraph, they are free to describe (or mischaracterize) the underlying motions and supporting materials as they wish. This argument is disingenuous. When MDL Counsel previously challenged Defendants' assertion of privilege over certain documents relating to the LCAs, they redacted all discussion of Judge Hoyt's opinion and its factual backdrop in the publicly filed version. (*See* Dkt. No. 534.)  And even if MDL Counsel now contend there is any ambiguity in Judge Hoyt's order, it was incumbent upon them to seek clarification from the Court rather than appointing themselves the arbiters of its meaning.

MDL Counsel further argue that they did not characterize Judge Hoyt's memorandum opinion. This, too, is disingenuous. ███████████████

4

██████████████████████████████████████████████████████████████████

██████████████████████████████████████████████ Otherwise, why raise the issue at all? Indeed, Plaintiffs admit their objective was to force the issue in front of the Texas court. (*See* Plaintiffs' Response, Dkt. No. 1971 at 20 ("Candor demanded the *Petitta* court be told that an order on the *Walton* motion exists . . . .").) ████████████████

████████████████████████████████████████████████████████████████

███████████████████████████████ This was exactly the conduct that Judge Hoyt was concerned about when he issued his confidentiality order. █████████████████

████████████████████████████████████████████████████████████████

██████ (Hulse Decl., Ex. G, Sealed *Johnson* Order at 2.)

Finally, MDL Counsel argue that their treatment of the *Walton* LCA issue was appropriate because they relied entirely on "public deposition transcripts." (Pl. Opp. at 2.) But none of the deposition testimony cited or relied upon in Petitta's initial motion papers references any payments made to former 3M employees ████████████████ ████████████████████████████ (Hulse Decl., Ex. E at 6-7.) It was not until Defendants notified MDL Counsel that the *Petitta* motion violated this Court's confidentiality and sealing orders that MDL Counsel filed a "supplemental" brief that attempted to correct the violation by including deposition testimony cited for the first time.

In sum, MDL Counsel violated Judge Hoyt's confidentiality order. They complied with it before in this Court, leaving no doubt that they understood its scope. Rather than asking this Court to reconsider that confidentiality order, MDL Counsel chose to ignore it.

5

Unless this Court imposes a penalty, confidentiality around the LCA issue will be meaningless.

### B. The Bair Paws Exhibit.

MDL Counsel argue, once again, that they were free to discuss the Bair Paws exhibit because they also discussed it in a hearing for which there is a publicly available transcript.[1] According to MDL Counsel, Defendants waived their right to confidentiality over the documents by "allowing" MDL Counsel to display and argue from the document in court. (Pl. Opp. at 13-17.) But MDL Counsel tried this argument before – repeatedly – and the Court has rejected it. (Dkt. No. 1260 at 9 (Plaintiffs arguing that Defendants waived confidentiality of documents discussed at public hearing); Dkt. No. 1268 at 8-9 (same); Dkt. No. 1294 (rejecting Plaintiffs' arguments and ordering that the Bair Paws exhibit remain sealed); *see also Gareis*, No. 16-cv-4187, Dkt. No. 513 at 10 (Plaintiffs arguing that Defendants are not entitled to confidentiality over documents plaintiffs discussed in court); Dkt. No. 521 (rejecting Plaintiffs' arguments and denying their request for further consideration of the order sealing documents).) Indeed, this Court deemed the Bair Paws exhibit confidential and ordered it permanently sealed *after* the 2017 hearing on which MDL Counsel rely. (Dkt. No. 1294.)

None of the cases MDL Counsel cite allows them to appoint themselves to conduct appellate review of this Court's sealing orders. Indeed, nearly all their cases address

---

[1] Leaving aside their misplaced reliance on a 2017 hearing transcript, MDL Counsel's characterization of the Bair Paws exhibit goes beyond what they disclosed at the hearing, including the assertion that there are "multiple iterations" of the document.

6

situations where documents that had been deemed confidential were subsequently used as evidence at trial and/or included in press reports.[2] *See Imageware, Inc. v. U.S. West Comms.*, 219 F.3d 793, 795-96 (8th Cir. 2000) (document received into evidence and published to jury at trial); *Nat'l Polymer Prods., Inc. v. Borg-Warner Corp.*, 541 F.2d 418, 421-22 (6th Cir. 1981) (addressing documents introduced publicly at trial) (citing *Cox Broadcasting Corp. v. Cohn*, 420 U.S. 469 (1975) (addressing First Amendment implications of information disclosed at trial); *Craig v. Harney*, 331 U.S. 367, 374 (1947) ("A *trial* is a public event.") (emphasis added)). That is not the case with the Bair Paws document. The Bair Paws exhibit has not been admitted as a trial exhibit – it was excluded from evidence in *Gareis* – or disclosed in a press report.

By contrast, case law supports this Court's prior rulings that an attorney cannot vitiate the confidential protections simply by reading or displaying out-of-context snippets of such documents during oral argument, particularly where, as here, the documents have not been deemed admissible, have played no role in the adjudicative process, and are at best tangentially related to the issues before the court. *See, e.g., Krueger v. Ameriprise Fin., Inc.*, No 11-2781 (SRN/JSM), 2014 WL 12597948, at *9 (D. Minn. Oct. 14, 2014) ("[N]ot all documents filed by parties are 'judicial records'; instead, only those documents that are relevant to and integrally involved in the resolution of the merits of a case are judicial records to which the presumption of public access attaches.").

---

[2] MDL Counsel relies on another case, *Nebraska Press Ass'n v. Stuart*, 427 U.S. 539, 568 (1976), which relates to press access to information discussed in a courtroom. Obviously, MDL Counsel are not journalists.

Indeed, even *Zenith Radio Corp. v. Matsushita Elec. Indus. Co., Ltd.*, 529 F. Supp. 866 (E.D. Pa. 1981) – on which MDL Counsel rely to argue that any document read into the record becomes part of the public domain regardless of whether the document was sealed – confirms that is not the case where a party acts in bad faith:

> We also think it important to articulate what we take to be an ***unspoken exception to the principle that materials merely referred to at a hearing become part of the public record***. Under this exception, ***materials offered in bad faith, that is, for the sole purpose of making them public, would be entitled to protection***.

529 F. Supp. at 902, n.67 (emphasis added). MDL Counsel have acted in bad faith here. MDL Counsel are well aware that the Bair Paws exhibit has never been admitted as a trial exhibit. They know this Court has rejected their prior attempts to publicly file it, and has threatened sanctions.

Further as to MDL Counsel's misuse of the Bair Paws exhibit in *Petitta*: Defendants' charge was that MDL Counsel "shared the Bair Paws exhibit (*or contents thereof*) with co-counsel in the *Petitta* matter." (Def. Mem. at 7 (emphasis added).) In their affidavits, MDL Counsel deny that they shared the Bair Paws exhibit itself with Mr. Garcia, but they concede that they shared its substance.

MDL Counsel's motion to compel in *Petitta* also misrepresented Defendants' response to that document request, falsely asserting that Defendants denied the existence of any such document. (*Compare* Hulse Decl., Ex. E at 8-9 *with* Ex. A at 15.) Defendants never denied the existence of the Bair Paws exhibit (though they certainly disagree with Plaintiffs' mischaracterization of it) and, instead, committed to producing responsive, non-privileged documents upon entry of a suitable protective order. (Hulse Decl., Ex. A at 15.)

8

MDL Counsel manufactured Defendants' so-called denial in order to use it as a vehicle through which to publicly discuss – and mischaracterize – the Bair Paws exhibit.

### C. MDL Counsel's Latest Public Filing of Sealed Materials.

This brings us to the latest and most flagrant breach of this Court's sealing orders. During the June 12 hearing on Defendants' reconsideration motion, Plaintiffs (through MDL Counsel) displayed a 40+ page PowerPoint presentation that included excerpts of four of Defendants' confidential documents unrelated to the issues before the Court (*i.e.*, the Bair Paws exhibit and documents reflecting internal talking points/strategies for responding to Augustine's smear campaign). These four documents have been sealed by Court order. (Dkt. No. 1182 (sealing PX63, email between Van Duren and Gary Hansen), Dkt. No. 1294 (affirming that order); Dkt. No. 854 (sealing PX9, Van Duren notes on Reed paper, and PX55, Van Duren bubble note on talking points); Dkt. No. 1294 and *Gareis* Dkt. No. 506 (sealing various versions of PX62, Bair Paws exhibit).)

The Court never directed MDL Counsel to publicly file their PowerPoint, yet they did so on June 21. (Dkt. No. 1992.) They did not redact the excerpts from the sealed documents. After reviewing the filing, Defendants immediately called MDL Counsel's attention to the issue and asked that they place the PowerPoint under seal. (Decl. of Jerry W. Blackwell in Support of Mot. for Contempt Order and Sanctions for Violations of Court Orders Regarding Sealing and Confidentiality, Ex. A.) Plaintiffs responded that they had the right to unseal these documents because "the information was presented in open court," even though this Court has *repeatedly* rejected that argument. (*See id.* (email from G. Zimmerman to B. Hulse).) MDL Counsel took it upon themselves to disregard this Court's

9

prior orders and engage in "self help" by filing their PowerPoint. No further proof of intentionality is needed.

The Court's warning was clear. After MDL Counsel "accidentally" attempted to publicly file a brief in the 8th Circuit that excerpted the Bair Paws document and other confidential materials, Judge Schultz issued this order:

> IT IS HEREBY ORDERED:
>
> 1. Should any document sealed by order of this Court be filed publicly in any future proceeding in this Court, the responsible filing attorney will be subject to monetary or other sanctions;
>
> 2. Plaintiff's leadership shall communicate this order to all Plaintiff's counsel of record.

(Dkt. No. 1724, Court Minutes.)

MDL Counsel have chosen to ignore the Court's warning. Their conduct further underscores the need for sanctions to prevent further violations. MDL Counsel should not be permitted to willfully disregard this Court's orders on confidentiality, and by so doing, be rewarded in being able to launder away confidentiality protections repeatedly upheld by this Court and about which they have been repeatedly admonished.

## CONCLUSION

For all of the foregoing reasons, and those set forth in their opening brief, Defendants respectfully request that their motion be granted.

Dated: July 1, 2019											Respectfully submitted,


*s/Jerry W. Blackwell*
Jerry W. Blackwell (MN #186867)
Benjamin W. Hulse (MN #0390952)
Mary S. Young (MN #0392781)
Monica L. Davies (MN #0315023)
BLACKWELL BURKE P.A.
431 South Seventh Street, Suite 2500
Minneapolis, MN 55415
Phone: (612) 343-3200
Fax: (612) 343-3205
Email:	blackwell@blackwellburke.com
	bhulse@blackwellburke.com
	myoung@blackwellburke.com
	mdavies@blackwellburke.com

Lyn Peeples Pruitt
MITCHELL WILLIAMS SELIG
  GATES & WOODYARD
425 West Capitol Avenue, Suite 1800
Little Rock, AR 72201-3525
Phone: (501) 688-8869
Fax: (501) 688-8807
Email: lpruitt@mwlaw.com

***Counsel for Defendants 3M Company and Arizant Healthcare Inc.***

11