# EXHIBIT C

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: Bair Hugger Forced Air Warming Devices Products Liability Litigation | MDL No. 15-2666 (JNE/DTS) |
| This Document Relates to: ALL ACTIONS | |

## DECLARATION OF JERRY W. BLACKWELL IN SUPPORT OF MOTION FOR CONTEMPT ORDER AND SANCTIONS FOR VIOLATIONS OF COURT ORDERS REGARDING SEALING AND CONFIDENTIALITY

Jerry W. Blackwell, being first duly sworn, deposes, and declares:

I am an attorney at the law firm of Blackwell Burke P.A., and one of the attorneys who represents 3M Company and Arizant Healthcare Inc. (together, "Defendants") in this litigation. I submit this declaration in support of Defendants' Motion for Contempt Order and Sanctions for Violations of Court Orders Regarding Sealing and Confidentiality. Unless otherwise stated, the facts set forth herein are based upon my personal knowledge, information, and belief.

1. Attached as Exhibit A is a true and correct copy of an email exchange between counsel for Defendants and MDL Counsel Genevieve Zimmerman.

Executed in Minneapolis, Minnesota, this 1st day of July, 2019.

*s/Jerry W. Blackwell*
Jerry W. Blackwell

# EXHIBIT A

# Cyndee Krenos

| | |
|---|---|
| **Subject:** | Bair Hugger, MDL 2666 -- public filing of sealed materials by Plaintiffs' Co-Lead Counsel (MDL ECF No. 1992) |

**From:** Genevieve Zimmerman <gzimmerman@meshbesher.com>
**Sent:** Tuesday, June 25, 2019 9:06 AM
**To:** Cathy Cusack <Cathy_Cusack@mnd.uscourts.gov>
**Cc:** MNDdb_Schultz_Chambers <Schultz_Chambers@mnd.uscourts.gov>; MND JoanEricksen_Chambers <JoanEricksen_Chambers@mnd.uscourts.gov>; JMC@CiresiConlin.com; bgordon@levinlaw.com; MVC@ciresiconlin.com; Jerry Blackwell <blackwell@blackwellburke.com>; Lyn Pruitt <LPruitt@mwlaw.com>; Mary Young <myoung@blackwellburke.com>; Gabriel Assaad <gassaad@kennedyhodges.com>; Kyle Farrar <kyle@fbtrial.com>; Ben Hulse <BHulse@blackwellburke.com>; Mike Sacchet <MAS@ciresiconlin.com>; David Szerlag <david@pritzkerlaw.com>; Holly Sternquist <hsternquist@meshbesher.com>
**Subject:** Re: Bair Hugger, MDL 2666 -- public filing of sealed materials by Plaintiffs' Co-Lead Counsel (MDL ECF No. 1992)

Good morning Cathy,

Plaintiffs will ask the clerk to temporarily seal our filing, pending the Judges return.

Respectfully,

Genevieve Zimmerman

On Jun 25, 2019, at 6:08 AM, Cathy Cusack <Cathy_Cusack@mnd.uscourts.gov> wrote:

> Good morning Counsel,
>
> Judge Ericksen and Judge Schultz are in Boston at a Harvard workshop through Thursday.  Judge Ericksen asked me to send you a note to see if the parties can work out a temporary arrangement until the Judges get back.
>
> Cathy
>
> **Catherine B. Cusack | Courtroom Deputy**
> Chambers of the Hon. Joan N. Ericksen
> U.S. District Court for the District of Minnesota
> 612-664-5891 or 612-664-5890
> cathy_cusack@mnd.uscourts.gov
>
> **From:** Genevieve Zimmerman <gzimmerman@meshbesher.com>
> **Sent:** Monday, June 24, 2019 4:19 PM
> **To:** MNDdb_Schultz_Chambers <Schultz_Chambers@mnd.uscourts.gov>; MND JoanEricksen_Chambers <JoanEricksen_Chambers@mnd.uscourts.gov>
> **Cc:** JMC@CiresiConlin.com; bgordon@levinlaw.com; MVC@ciresiconlin.com; Jerry Blackwell <blackwell@blackwellburke.com>; Lyn Pruitt <LPruitt@mwlaw.com>; Mary Young <myoung@blackwellburke.com>; Gabriel Assaad <gassaad@kennedyhodges.com>; Kyle Farrar <kyle@fbtrial.com>; Ben Hulse <BHulse@blackwellburke.com>; Mike Sacchet <MAS@ciresiconlin.com>; David Szerlag <david@pritzkerlaw.com>

**Subject:** Re: Bair Hugger, MDL 2666 -- public filing of sealed materials by Plaintiffs' Co-Lead Counsel (MDL ECF No. 1992)

Dear Judge Ericksen and Magistrate Judge Schultz:

We are reluctant to have to respond to yet another unauthorized and inappropriate email from Mr. Hulse. Once again 3M's counsel conflates two separate issues to again run to this Court with manufactured outrage over issues well settled. Plaintiffs do not seek to "unilaterally unseal documents."  Nothing in Plaintiffs' submission requests unsealing of any documents. Plaintiffs simply entered into the record a PowerPoint this court previously expressly admitted (without objection). Near the conclusion of our argument at the hearing on the motion for reconsideration, Plaintiffs requested the Court receive their PowerPoint. The Court ruled "PowerPoints [for both sides] will be in the record." See transcript at pg. 136:9-21. Counsel for 3M was obviously present in the courtroom throughout Plaintiffs' counsels' argument; Mr. Blackwell heard the argument, saw the PowerPoint as it was being presented to the Court, and was provided a copy of Plaintiffs' PowerPoint, yet he made no objections nor sought to have the PowerPoints be filed under seal. Because the Court accepted the PowerPoints into the record, Plaintiffs were obligated to actually submit our PowerPoint so that it would indeed be part of the official Court record in this matter. The verbal ruling without the submission would have been insufficient to actually enter the document into the Court's record.

Magistrate Judge Schultz has instructed 3Ms counsel not to send letters to the Court absent prior approval from his chambers. Counsel continued despite that instruction, and Judge Schultz again instructed counsel no letters or emails absent prior Court approval. Despite those orders, Mr. Hulse continues to submit unsolicited emails to this Court in what can only be a transparent attempt to impact motions presently or soon to be under advisement by this Court. For instance, his email mentions his pending motion for sanctions relating to a motion to compel filed in Hidalgo County, Texas. However, that motion to compel and supporting documents filed in Hidalgo County remain unsealed and neither 3M nor Mr. Hulse has yet to even request that court seal those documents - even temporarily. Clearly, 3M isn't concerned about the content of the motion to compel in Texas, but rather is concerned about contriving controversy to attempt to paint Plaintiffs' counsel in bad light. Counsel for 3M must concede the motion to compel doesn't include commercially damaging information. Plaintiffs request this Court put a stop to 3M's tactics and rely on written motions as is contemplated by the FRCP and as is done in all other litigation.

Respectfully submitted,

Genevieve Zimmerman


Genevieve M. Zimmerman
Meshbesher & Spence Ltd.
1616 Park Avenue South
Minneapolis, MN 55404
Office: (612) 339-9121
Cell: (651) 208-8357

---

**From:** Ben Hulse <BHulse@blackwellburke.com>
**Date:** Monday, June 24, 2019 at 12:06 PM
**To:** "schultz_chambers@mnd.uscourts.gov" <schultz_chambers@mnd.uscourts.gov>, "JoanEricksen_Chambers@mnd.uscourts.gov" <JoanEricksen_Chambers@mnd.uscourts.gov>
**Cc:** Genevieve Zimmerman <gzimmerman@meshbesher.com>, Jan Conlin

2

<JMC@CiresiConlin.com>, Ben Gordon <bgordon@levinlaw.com>, Mike Ciresi <MVC@ciresiconlin.com>, Jerry Blackwell <blackwell@blackwellburke.com>, Lyn Pruitt <LPruitt@mwlaw.com>, "Mary com>" <myoung@blackwellburke.com>
**Subject:** Bair Hugger, MDL 2666 -- public filing of sealed materials by Plaintiffs' Co-Lead Counsel (MDL ECF No. 1992)

Dear Judge Ericksen and Judge Schultz,

Please forgive the email communication, but we have an issue we need to address with the Court immediately, and the issue is not suitable for a public filing.

On Friday afternoon, Plaintiffs' Co-Lead Counsel publicly filed, via ECF, copies of certain slides used at the hearing on 3M's motion for reconsideration.  (MDL ECF No. 1992.) When we reviewed those slides earlier today we were stunned to see that the slides included excerpts from four under-seal documents, including the Bair Paws document that has already been the subject of much litigation and several orders.

1. Page 9 – email between Van Duren and Hansen (Sealed Exhibit PX63)
2. Page 9 – Van Duren notes on Reed paper (Sealed Exhibit PX9)
3. Pages 27, 32 – Van Duren bubble note on talking points (Sealed Exhibit PX55)
4. Page 27 – Bair Paws exhibit (Sealed Exhibit PX62)

This was particularly surprising both because Plaintiffs had filed these same documents under seal with their reconsideration opposition, but also because the Court has warned them of possible sanctions for further violations of the sealing orders.  3M also has filed a pending sanctions motion concerning similar issues.

In the email exchange below, we requested that Plaintiffs immediately withdraw the public filing.  The response received from Ms. Zimmerman just now makes clear that this was an intentional filing and that Plaintiffs believe they have the right to unilaterally unseal documents, without leave from the Court.  In other words, this was no accident.  Plaintiffs assert they have the right to publicly file these documents because they also discussed them in open court, but this Court has repeatedly rejected that argument, including when it was raised by Plaintiffs previously as a basis to unseal the Bair Paws document.

3M respectfully requests that the Court remove this improper filing from the docket or place it under seal, as Plaintiffs have refused to.  We also request a hearing with the Court to address this issue.  We do not believe it can wait to the July 16 hearing on 3M's pending motion for sanctions.  This is ongoing, intentional violation of the Court's sealing orders, and it must stop.

Best regards,
Ben Hulse
Counsel for 3M

Benjamin W. Hulse
Blackwell Burke P.A.
431 South Seventh Street, Suite 2500
Minneapolis, MN  55415
Direct (612) 343-3256
Fax (612) 343-3205

This message and any attachments may contain information that is privileged, confidential, and exempt from disclosure under applicable law. If you are not the intended recipient or are not authorized to receive for the recipient, you are hereby notified that dissemination, distribution or copying of this message and any attachments is strictly prohibited. If you have received this message in error, please immediately advise the sender by reply e-mail and delete the message and any attachments. Thank you.

**From:** Genevieve Zimmerman <gzimmerman@meshbesher.com>
**Sent:** Monday, June 24, 2019 1:45 PM
**To:** Ben Hulse <BHulse@blackwellburke.com>; Ben Gordon <bengordonlaw@aol.com>; JMC@CiresiConlin.com; MVC@ciresiconlin.com; Michael A. Sacchet (MAS@ciresiconlin.com) <MAS@ciresiconlin.com>; Gabriel Assaad <gassaad@kennedyhodges.com>
**Cc:** Jerry Blackwell <blackwell@blackwellburke.com>; Mary Young <myoung@blackwellburke.com>; Lyn Pruitt <LPruitt@mwlaw.com>; Kyle Farrar <kyle@fbtrial.com>; Holly Sternquist <hsternquist@meshbesher.com>; David Szerlag <david@pritzkerlaw.com>
**Subject:** Re: Bair Hugger -- public filing of sealed materials by Plaintiffs' Co-Lead Counsel (MDL ECF No. 1992)

Counsel,

Perhaps you aren't aware as you were not present at the hearing, but both sides presented arguments, supported by PowerPoints, in an open courtroom. Defendants have been on notice since at least February 21st as to what documents we rely upon in opposing what we believe is a baseless motion for reconsideration (particularly in light of your own expert disclaiming any opinion that the "new information" in Jeans undermines McGovern). No motion was made to seal the courtroom, and indeed the hearing was attended by people not involved with this MDL. Both offered PowerPoints and they were both received by the Court without objection. We filed our PowerPoint as a Court Exhibit to ensure our record is properly protected in the event of appeal. PTO 7 Section 2 states "Information or documents that are available to the public may not be designated as Confidential Information." Given that the information was presented in open court in view of the public it cannot be designated confidential under the protective order.  We are not moving at this time to de-designate the underlying documents as confidential, but the PowerPoints cannot be designated confidential by the explicit terms of PTO 7.

3M is clearly attempting to lay a trap. You've known since at least February 21st which documents we rely upon in opposing this motion, and Section 10 of PTO 7 sets forth the procedures 3M was to use if it sought to keep this information from the public. By not taking steps before this information became publicly available, 3M has waived any objection. We object to your ongoing gamesmanship.


Genevieve M. Zimmerman
Meshbesher & Spence Ltd.
1616 Park Avenue South
Minneapolis, MN 55404
Office: (612) 339-9121
Cell: (651) 208-8357



**From:** Ben Hulse <BHulse@blackwellburke.com>
**Date:** Monday, June 24, 2019 at 11:23 AM
**To:** Genevieve Zimmerman <gzimmerman@meshbesher.com>, Ben Gordon <bengordonlaw@aol.com>, Jan Conlin <JMC@CiresiConlin.com>, Mike Ciresi <MVC@ciresiconlin.com>, Mike Sacchet <MAS@ciresiconlin.com>, Gabriel Assaad <gassaad@kennedyhodges.com>
**Cc:** Jerry Blackwell <blackwell@blackwellburke.com>, "Mary com>"

<myoung@blackwellburke.com>, Lyn Pruitt <LPruitt@mwlaw.com>

**Subject:** Bair Hugger -- public filing of sealed materials by Plaintiffs' Co-Lead Counsel (MDL ECF No. 1992)

Counsel,

We have just reviewed the exhibit filed by Plaintiffs' Co-Lead Counsel on Friday and see that you have once again publicly disclosed excerpts from sealed documents, including the Bair Paws document that is the subject of our pending sanctions motion. We count at least four sealed documents that are excerpted in this public filing:

1. Page 9 – email between Van Duren and Hansen (Sealed Exhibit PX63)
2. Page 9 – Van Duren notes on Reed paper (Sealed Exhibit PX9)
3. Pages 27, 32 – Van Duren bubble note on talking points (Sealed Exhibit PX55)
4. Page 27 – Bair Paws exhibit (Sealed Exhibit PX62)

Please confirm immediately that you will remove this filing from the public docket. We will be addressing this issue with the Court as well.


Sincerely,
Ben Hulse

Benjamin W. Hulse
Blackwell Burke P.A.
431 South Seventh Street, Suite 2500
Minneapolis, MN  55415
Direct (612) 343-3256
Fax (612) 343-3205

This message and any attachments may contain information that is privileged, confidential, and exempt from disclosure under applicable law. If you are not the intended recipient or are not authorized to receive for the recipient, you are hereby notified that dissemination, distribution or copying of this message and any attachments is strictly prohibited. If you have received this message in error, please immediately advise the sender by reply e-mail and delete the message and any attachments. Thank you.