# EXHIBIT A



Benjamin W. Hulse
Direct Dial: 612-343-3256
E-Mail: bhulse@blackwellburke.com

January 30, 2019

**VIA ECF**

| | |
|---|---|
| The Honorable Joan N. Ericksen | The Honorable David T. Schultz |
| United States District Court | United States District Court |
| 12W U.S. Courthouse | 9E U.S. Courthouse |
| 300 South Fourth Street | 300 South Fourth Street |
| Minneapolis, MN 55415 | Minneapolis, MN 55415 |

RE: *In re Bair Hugger Forced Air Warming Devices Products Liability Litigation*
MDL No. 15-2666-JNE-DTS

Dear Judge Ericksen and Judge Schultz:

Though this month's status conference was cancelled, Defendants would like to update the Court on significant developments concerning state court Bair Hugger litigation.

Following the *Gareis* trial, Plaintiffs' co-lead counsel indicated that some Plaintiffs' counsel who have been active in the MDL were planning to instead file new suits in state court. That has now happened, at least in one instance. In December, the Langdon & Emison firm (who were lead counsel in the *Axline* case) filed a suit in state court in Jackson County, Missouri (*O'Haver v. Anesthesia Assoc. of Kansas City, P.C., et al.*). The plaintiff's claims against Defendants mirror those in the MDL Master Complaint. In an attempt to avoid removal and transfer to this MDL, the plaintiff also asserts claims against the Missouri medical providers who performed her surgery, asserting that these providers committed malpractice by using the Bair Hugger system.

Defendants removed the case to the United States District Court for the Western District of Missouri (Case No. 4:19-cv-0037-FJG) on the basis that diversity jurisdiction exists among all *properly* joined parties. As explained in Defendants' notice of removal, the claims against the treater defendants were misjoined and fraudulently joined for the obvious purpose of defeating federal jurisdiction and evading the MDL. The JPML issued a Conditional Transfer Order on January 22, 2019. The plaintiff filed a notice of opposition to the CTO yesterday.

The plaintiff has also filed a remand motion and requested expedited treatment. If successful, the remand motion could allow a pathway for some future plaintiffs to evade the MDL. Interestingly, the plaintiff's remand motion attaches Defendants' interrogatory responses in *Gareis*, which we do not believe have ever been publicly filed. This suggests at least some degree of cooperation between Langdon & Emison and Plaintiffs' Leadership in this effort.

CASE 0:15-md-02666-JNE-DTS Document 1728 Filed 01/30/19 Page 2 of 2

The Honorable Joan N. Ericksen and The Honorable David T. Schultz
January 30, 2019
Page 2

Separately, the *Petitta* case in Hidalgo County, Texas, has been set for trial on September 30, 2019. Discovery requests recently served on Defendants in *Petitta* include language taken from the sealed Bair Paws exhibit (see Dkt. No. 1294) – even though Defendants have not yet produced documents in the case and no protective order has yet been entered allowing the sharing of documents from the MDL. This development supports our belief that there has already been dissemination of sealed documents (or at least the contents of those documents) to individuals outside the MDL who are not entitled to see them. Defendants are continuing to investigate how this apparent improper disclosure occurred.

Sincerely,

*s/Benjamin W. Hulse*

Benjamin W. Hulse

