# EXHIBIT B

MICHAEL C. SNYDER
MARK D. STREED
DANIEL C. GUERRERO
JEFFERY P. OISTAD
ANTHONY J. NEMO
KONSTANDINOS NICKLOW
PAMELA J. SPAULDING
ANDREW L. DAVICK
GENEVIEVE M. ZIMMERMAN
JOSHUA M. TUCHSCHERER

LAW OFFICES
**MESHBESHER & SPENCE, LTD.**
1616 PARK AVENUE
MINNEAPOLIS, MINNESOTA 55404
**(612) 339-9121**
FAX (612) 339-9188
www.meshbesher.com
REPLY TO MINNEAPOLIS OFFICE

ZACHARY C. BAUER
JAMES B. SHEEHY
LINDSEY A. CARPENTER
ERIC PALMER
RACHEL N. SIMPSON
ASHLEIGH E. RASO
NATE DAHL
DEREK STEWART

OF COUNSEL
REID RISCHMILLER
RALPH PALMER

January 30, 2019

*Via CM/ECF and Email* – JoanEricksen_Chambers@mnd.uscourts.gov
Schultz_Chambers@mnd.uscourts.gov

| | |
|---|---|
| Hon. Joan N. Ericksen | Hon. David T. Schultz |
| Judge, United States District Court | United States District Court |
| District of Minnesota | District of Minnesota |
| 12W U.S. Courthouse | 9E U.S. Courthouse |
| 300 South Fourth Street | 300 South Fourth Street |
| Minneapolis, MN 55415 | Minneapolis, MN 55415 |

Re: MDL 2666: *In re: Bair Hugger Forced Air Warming Products Liability Litigation*

Dear Judge Ericksen and Magistrate Judge Schultz:

Earlier today 3M, through Ben Hulse, sent an unrequested update regarding what he deemed "significant developments" concerning state court Bair Hugger litigation. It appears the intent of the letter was more to cast accusations towards the MDL leadership than it was to provide any meaningful update regarding two state court cases. While Plaintiffs do not believe Mr. Hulse's letter was necessary, and in fact, a departure from the local rules with respect to letters to the Court, Plaintiffs will take this opportunity to respond.

Mr. Hulse complains about a case filed in Jackson County, Missouri in which there are claims against the plaintiff's medical providers. The Langdon & Emison firm, like all firms, has every right to represent their clients ethically and

vigorously. There is nothing untoward about a firm determining that additional parties can or should be included. Indeed, given Defendants have blamed hospital for these infections rather than the Bair Hugger, 3M can hardly claim that suing medical care providers is surprising, much less fraudulent. The issues Mr. Hulse raises alleging fraudulent joiner have apparently been briefed and will be resolved by the courts having jurisdiction over those cases, and the case will either be remanded to Jackson County State Court or will become part of the MDL. The fact Langdon & Emison were lead counsel in *Axline* does not compel them to file all future cases in the MDL.

As for the contention that there is "some degree of cooperation between Langdon & Emison and Plaintiffs' Leadership," the Leadership is committed to assisting attorneys prosecuting Bair Hugger cases in every way allowed by the Rules and the Court's orders, regardless if those cases are pending in State Courts or in the MDL. The Langdon & Emison firm is comprised of excellent attorneys who were preparing to serve as part of the trial team in the *Axline* matter. Accordingly, they are aware of the obligations imposed upon them by the Protective Order entered in this MDL.

Mr. Hulse next accuses Leadership of improperly disclosing the "Bair Paws" document. His allegation appears to be based upon discovery requests served. The allegation is serious, and one which we vehemently deny. Typically, such an allegation would include *some* evidence, such as the language in the discovery requests. However, Mr. Hulse made the allegation without providing evidence, which obviously makes responding more difficult.

That a discovery request mentions or seeks information related to, for example, Bair Paws, is not evidence of a Protective Order violation. As the Court is keenly aware, Bair Paws was part of the evidence Plaintiffs' evidence in connection with multiple dispositive motions, and the document was discussed extensively in open court by both parties during hearings in October of 2017. Those hearings, before the joint sessions of this Honorable Court and the Ramsey County court, were open to the public, despite the belated attempt by Defendants to have the proceedings closed. And of course that was a proper decision and in line with both long-standing practice in the District of Minnesota and with statutes

CASE 0:15-md-02666-JNE-DTS Document 1729 Filed 01/30/19 Page 3 of 5

Hon. Joan N. Ericksen
Hon. David T. Schultz
**3 | P a g e**

governing the state courts in Minnesota, as referenced by Judge Leary in denying the request. Writers from the *Star Tribune* were present throughout the three-day proceedings, as were members of the public and the bar. The transcripts of those proceedings have long been publicly available on this Court's Bair Hugger MDL web page. For example, the following is part of the October 24, 2017[1] transcript:

```
 4         And it's regarding the Bear Paws product, and the
 5    Bear Paws product is a forced air warming device
 6    manufactured and sold by 3M that warms a patient up and
 7    blows hot air on them before surgery.  So Bear Paws is
 8    typically used before surgery, Bair Hugger during surgery.
 9    And if you look at the advantages listed there for using the
10    Bear Paws, warming up the patient before surgery, it says,
11    Can be used when intraoperative warming is contra-indicated,
12    and then in parentheses it says, Aortic cross clamp in
13    orthopedic cases.
```

Likewise, two days later a similar discussion occurred on the record in response opposing the Defendants' motion for summary judgment[2]:

---

[1] *See* October 24, 2017 Daubert transcript at pg. 121:4-13, available at http://www.mnd.uscourts.gov/MDL-Bair-Hugger/Transcripts/2017/2017-1024-MotionsHearings-Volume-I.pdf

[2] *See* October 26, 2017 Daubert transcript at pg. 125:15-126:9, available at http://www.mnd.uscourts.gov/MDL-Bair-Hugger/Transcripts/2017/2017-1026-MotionsHearings-Volume-III.pdf

CASE 0:15-md-02666-JNE-DTS Doc. 2018-2 Filed 07/02/19 Page 5 of 6
CASE 0:15-md-02666-JNE-DTS Document 1729 Filed 07/30/19 Page 4 of 5

Hon. Joan N. Ericksen
Hon. David T. Schultz
4 | Page

```
18            That's Al Van Duren says in his document here, but
19       the other thing that he says, and we highlighted this in our
20       brief, and this is at Table 1.  He says, and this is, it's a
21       table that lists advantages and disadvantages of using the
22       Bear Paws prewarming versus the Bair Hugger during an
23       operation.
24            Advantages:  Inexpensive.  Bear Paws is safe.
25       Bear Paws can be used when intraoperative warming is
 1       contra-indicated (aortic cross clamp, orthopedic cases.) It
 2       also, one benefit, it does not contaminate the sterile field
 3       to use the Bear Paws before a surgery starts.
 4            Go down two lines on the same chart.  Again Al Van
 5       Duren.  This is not Dr. Augustine.  Dr. Augustine is not in
 6       the picture.  Bear Paws reduces the incidence of surgical
 7       site infection, and it reduces the potential for nosocomial
 8       transmission of pathogens by eliminating the need for
 9       intraoperative warming.
```

Presumably this publicly available document contains whatever it is Mr. Hulse alleges that Plaintiffs' Leadership disseminated. Perhaps had Mr. Hulse called or emailed someone from Leadership with this issue, the Court's and the parties' time could have been better spent. Regretfully, that did not occur therefore Plaintiffs had to respond to baseless allegations.

As an additional matter, we have raised objection to Defendants' persistent letter campaigns to this Court. There is a process by which the parties can report potential issues impacting this MDL: through the Joint Status Report, or through formal motion practice as provided by the Federal Rules of Civil Procedure. That process allows for either a back and forth between the parties in a regular fashion

Hon. Joan N. Ericksen
Hon. David T. Schultz

5 | P a g e

such that no one party is faced with an unexpected letter requiring immediate response at the risk adverse findings, or, in the case of a motion, the meet and confer process ordered by our local rules. We re-raise our objection and request the Court instruct Defendants to stop.

Respectfully submitted,

*Genevieve Zimmerman*

Genevieve M. Zimmerman, on behalf of Plaintiffs

GMZ/hms
Encl.

cc:  Jerry W. Blackwell, via email
     Benjamin W. Hulse, via email
     Jan M. Conlin, via email
     Ben Gordon, via email
     Gabriel Assaad, via email
     Kyle Farrar, via email