UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

In re: Bair Hugger Forced Air Warming
Products Liability Litigation

MDL No. 2666
(JNE/DTS)

---

This Document Relates To All Actions

**PLAINTIFFS' OPPOSITION TO
DEFENDANTS' MOTION FOR
LEAVE TO FILE SURREPLY**

---

Defendants will have adequate opportunity at oral hearing to justify the representations made in its underlying Motion, and it will have further opportunity to respond now that Plaintiffs' have filed their Rule 11 Motion after the expiration of the safe harbor. In addition, Defendants' new allegations regarding a June 21st filing are inappropriate for a reply because they raise new grounds for relief. *See* LR 7.1(c)(3)(B). Finally, by attaching the reply as an exhibit, Defendants have effectively filed the reply without prior permission, violating local rules. *George v. Uponor, Inc.,* 290 F.R.D. 574, 575, n.1 (D. Minn. 2013). For these reasons, Defendants' Motion for Leave should be denied.

### LEGAL STANDARD

"Moving parties are not traditionally afforded the opportunity to submit reply memoranda for the Court's consideration of non-dispositive motions." *Augustine v. United States,* CIV. 13-1417 DWF/LIB, 2014 WL 1386378, at *1 (D. Minn. Feb. 20,

2014). A reply is only appropriate when "extenuating circumstance justifying the need for additional briefing." *In re Retek Inc. Sec. Litig.,* CIV 02-4209 JRT/AJB, 2007 WL 2572034, at *1 (D. Minn. Aug. 31, 2007).

## ARGUMENT

Here, a reply is unnecessary. Not only does Defendants' underlying Motion seek non-dispositive relief, but the Motion does not even relate to the merits. Yet in their Motion for Leave, Defendants claim two extenuating circumstances justify a reply. First, Defendants claim a reply is necessary because "MDL Counsel has accused Defendants and their counsel of making misrepresentations to the Court," and Defendants "should be afforded an opportunity to respond." (Doc. 2008, p. 1). Defendants do not explain why an oral hearing will be inadequate to defend their representations. In addition, Defendants will have additional opportunity to respond to this issue since Plaintiffs have now filed a Rule 11 Motion upon the expiration of a twenty-one day Rule 11 safe harbor period. Defendants' will have ample opportunity to defend the representations made about the conduct of attorneys which were reported in the national legal press. Thus, the court should deny 3M's Motion on this basis because "a reply brief is unnecessary." *United States v. McElrath,* CIV. 08-5291 (JNE), 2009 WL 1657453, at *2 (D. Minn. June 11, 2009)

Defendants claim there is a second extenuating circumstance justifying a reply, but it is actually an entirely new ground for relief. Defendants allege that Plaintiffs' counsel violated sealing orders by filing a PowerPoint presentation they relied on in open court at the hearing on Defendants' motion for reconsideration. (Doc. 2008, p. 1). These

2

allegations are improper for a reply. "A reply memorandum *must not raise new grounds for relief* or present matters that do not relate to the opposing party's response." LR 7.1(c)(3)(B) (emphasis added). Here, leave should be denied because Defendants' reply "seeks to introduce brand new disputed evidence." *Reuter v. Jax Ltd., Inc.,* 11-CV-331 SRN/SER, 2011 WL 3901869, at *5 (D. Minn. Sept. 6, 2011). For reasons of fundamental fairness, a moving party is not permitted to introduce new grounds for relief in a closing brief.

Finally, it should be noted that by attaching their reply as an exhibit, Defendants have effectively filed the reply in the record of this case without Court permission. This practice has been found to be improper. In *George v. Uponor*, a party "filed a second motion requesting leave to file a reply memorandum, to which they attached their reply memorandum. District of Minnesota Local Rule 7.1(b)(3) explicitly states that a party filing a non-dispositive motion may not file a reply brief without *prior* permission from the court." *George v. Uponor, Inc.,* 290 F.R.D. 574, 575, n.1 (D. Minn. 2013). For this reason, Defendants' filing of the reply "violates this district's local rules." *Id.*

## CONCLUSION

Here, a reply is unnecessary because "the briefing previously submitted is sufficient to assess the merits." *In re Retek Inc. Sec. Litig.,* CIV 02-4209 JRT/AJB, 2007 WL 2572034, at *1 (D. Minn. Aug. 31, 2007). This Court will also hear argument at hearing, and Defendants will have additional opportunity in connection with Plaintiffs' Rule 11 Motion to address the specific complaints about misrepresentations made in

Defendants' underlying Motion. Finally, it is inappropriate for Defendants to introduce new matters in a reply. For these reasons, the Court should deny leave to file the reply.

Dated: July 2, 2019                              Respectfully Submitted,

/s/ Genevieve M. Zimmerman                        /s/ Gabriel A. Assaad
Genevieve M. Zimmerman (MN# 330292)               Gabriel Assaad – Pro Hac Vice
MESHBESHER & SPENCE, LTD.                         KENNEDY HODGES, LLP.
1616 Park Avenue South                            711 W. Alabama Street
Minneapolis, MN 55404                             Houston, TX 77006
Phone: (612) 339-9121                             Phone: (713) 523-0001
Email: gzimmerman@meshbesher.com                  Email: gassaad@kennedyhodges.com

/s/ Kyle W. Farrar
Kyle Farrar (MN#397942)
FARRAR & BALL, LLP.
1010 Lamar, Suite 1600
Houston, Texas 77002
713.221.8300 Telephone
Email: kyle@fbtrial.com

**Counsel for Plaintiffs**