UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

In re: Bair Hugger Forced Air Warming Products Liability Litigation

MDL No. 15-2666 (JNE/DTS)

This Document Relates To:

*Rhoton, et al.*, 15-cv-4360-JNE-DTS
*Lockwood*, 17-cv-0823-JNE-DTS
*Connelly*, 17-cv-1084-JNE-DTS
*Milam*, 16-cv-2125-JNE-DTS
*Bloom*, 16-cv-2273-JNE-DTS
*White*, 16-cv-2276-JNE-DTS
*Johns*, 16-cv-4190-JNE-DTS
*Oliver*, 16-cv-4247-JNE-DTS
*Taylor*, 17-cv-0199-JNE-DTS
*Wenzel*, 17-cv-4576-JNE-DTS
*Hylas*, 17-cv-0967-JNE-DTS
*Miles, et al.*, 17-cv-1235-JNE-DTS
*Myers*, 17-cv-1327-JNE-DTS
*Rangel, et al.*, 17-cv-1865-JNE-DTS
*Ponder*, 17-cv-2666-JNE-DTS
*Olsen, et al.*, 17-cv-3538-JNE-DTS
*Weeks*, 17-cv-4527-JNE-DTS
*Capone*,17-cv-5274-JNE-DTS
*Mencl*, 18-cv-0106-JNE-DTS
*Davis*, 18-cv-0166-JNE-DTS
*Ballaso*, 18-cv-0575-JNE-DTS
*Gohl*, 18-cv-1571-JNE-DTS
*Walters*, 18-cv-2764-JNE-DTS
*Lovett*, 19-cv-0391-JNE-DTS

**MEMORANDUM IN SUPPORT OF DEFENDANTS' NINTH MOTION TO DISMISS FOR FAILURE TO COMPLY WITH PRETRIAL ORDER NO. 23, FED. R. CIV. P. 41(b), AND 25(a), OR FOR LACK OF STANDING**

---

Pursuant to Pretrial Order No. 23 ("PTO 23") and Fed. R. Civ. P. 25(a), and 41(b), Defendants 3M Company and Arizant Healthcare Inc. (together, "Defendants") move to dismiss the plaintiffs in the following cases with prejudice:

| Case Number | Title | Firm Name |
| --- | --- | --- |
| 15-cv-4360-JNE-DTS | *Rhoton, et al. v. 3M Co., et al.* | Pittman, Dutton & Hellums, P.C. |
| 16-cv-2125-JNE-DTS | *Milam v. 3M Co., et al.* | Kennedy Hodges, LLP |
| 16-cv-2273-JNE-DTS | *Bloom v. 3M Co., et al.* | Pendley, Baudin & Coffin, LLP |
| 16-cv-2276-JNE-DTS | *White v. 3M Co., et al.* | Paglialunga & Harris, PC |
| 16-cv-4190-JNE-DTS | *Johns v. 3M Co., et al.* | Gustafson Gluek PLLC |
| 16-cv-4247-JNE-DTS | *Oliver v. 3M Co., et al.* | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA |
| 17-cv-0199-JNE-DTS | *Taylor v. 3M Co., et al.* | Bernstein Liebhard LLP |
| 17-cv-4576-JNE-DTS | *Wenzel v. 3M Co., et al.* | Schlichter Bogard & Denton, LLP |
| 17-cv-0823-JNE-DTS | *Lockwood v. 3M Co., et al.* | Davis & Crump, P.C. |
| 17-cv-0967-JNE-DTS | *Hylas v. 3M Co., et al.* | Bailey Peavy Bailey Cowan Heckaman, PLLC |
| 17-cv-1084-JNE-DTS | *Connelly v. 3M Co., et al.* | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA |
| 17-cv-1235-JNE-DTS | *Miles, et al. v. 3M Co., et al.* | Kelley, Bernheim & Dolinsky LLC |
| 17-cv-1327-JNE-DTS | *Myers v. 3M Co., et al.* | Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, PA |
| 17-cv-1865-JNE-DTS | *Rangel, et al. v. 3M Co., et al.* | Brown & Crouppen, P.C |
| 17-cv-2666-JNE-DTS | *Ponder v. 3M Co., et al.* | Brown & Crouppen, P.C. |
| 17-cv-3538-JNE-DTS | *Olsen, et al. v. 3M Co., et al.* | Loncar & Associates, P.C. |
| 17-cv-4527-JNE-DTS | *Weeks v. 3M Co., et al.* | Schlichter Bogard & Denton, LLP |
| 17-cv-5274-JNE-DTS | *Capone v. 3M Co., et al.* | Bernstein Liebhard LLP |
| 18-cv-0106-JNE-DTS | *Mencl v. 3M Co., et al.* | Langdon & Emison, LLC |
| 18-cv-0166-JNE-DTS | *Davis v. 3M Co., et al.* | Johnson Becker, PLLC |
| 18-cv-0575-JNE-DTS | *Ballaso v. 3M Co., et al.* | Gustafson Gluek PLLC |
| 18-cv-1571-JNE-DTS | *Gohl v. 3M Co., et al.* | Jones Ward PLC |
| 18-cv-2764-JNE-DTS | *Walters v. 3M Co., et al.* | Justinian & Associates PLLC |

The plaintiffs in each of these cases failed to comply with the deadlines established by PTO 23 and/or Federal Rule of Civil Procedure 25(a), and failed to prosecute their claims under Federal Rule of Civil Procedure 41(b).

Plaintiffs' counsel in *Lockwood*, *Connelly*, *Milam*, *Bloom*, *White*, *Johns*, *Oliver*, *Myers*, and *Olsen* failed to meet the deadline to file a suggestion of death as prescribed by PTO 23(A). Plaintiffs' counsel for *Wenzel*, *Rangel*, *Ponder*, *Ballaso*, *Mencl*, and *Walters* failed to meet the deadline to file a motion to substitute for the deceased plaintiff, as required by PTO 23(B) and Fed. R. Civ. P. 25(a). Furthermore, Plaintiffs' counsel in *Taylor*, *Davis*, *Weeks*, *Capone*, *Gohl*, and *Hylas* failed to meet both the suggestion of death and substitution deadlines. Finally, all of the above plaintiffs failed to prosecute their claims under Fed. R. Civ. P. 41(b).

Three of the cases above—*Rhoton*, *Rangel* and *Olsen*—include spousal loss-of-consortium claims. In Texas, the home-state of *Rhoton* and *Rangel*, and in Washington State, the *Olsen* home-state, a loss-of-consortium claim may stand alone. The primary plaintiff therefore should be dismissed and the co-plaintiff spouse's claim may continue in these matters. The other cases should be dismissed with prejudice in their entirety.

Finally, the Court should dismiss the following additional case without prejudice because the plaintiff died three days before a lawsuit was filed on her behalf, and therefore there is no case or controversy under Article III:

| Case Number | Title | Firm Name |
| --- | --- | --- |
| 19-cv-0391-JNE-DTS | *Lovett v. 3M Co., et al.* | Brown & Crouppen, P.C. |

## ARGUMENT

PTO 23 sets out the necessary course of action for cases in which plaintiffs die while their actions are pending in the MDL. First, PTO 23 requires counsel for a deceased plaintiff to file a suggestion of death within 90 days of either the entry of PTO 23 or the death of the plaintiff, whichever is later. Both Rule 25 and PTO 23 then require counsel for the deceased plaintiff to move for substitution within 90 days of filing the suggestion of death, and comply with state probate laws within 90 days of a plaintiff's death. ECF No. 1614, Order Denying Pls' Mot. to Am. PTO 23, at 1. In addition, Fed. R. Civ. P. 41(b) provides for dismissal where "plaintiff fails to prosecute or to comply with these rules or a court order." ECF No. 1566, Order at 3. The Court has dismissed cases with prejudice when plaintiffs have failed to comply with PTO 23 deadlines without a valid excuse. *See, e.g.,* ECF No. 1440, Order at 3 ("The Court therefore dismisses this action with prejudice for failure to comply with PTO 23 and for failure to prosecute under Rule 41(b)."); ECF No. 1566, Order at 7 ("Without evidence of a reasonable and good faith process for ascertaining whether or not a client is alive, the Court cannot find that either excusable neglect or impossibility justify noncompliance with PTO 23.").

The Court underscored that the deadlines in PTO 23 fulfill the vital function of ensuring that the MDL includes only viable cases: "This [PTO 23] process prevents deceased plaintiffs from populating and inflating the MDL docket and allows the Court and Defendants to know the true size of the MDL. This ultimately prevents court congestion and undue delay in resolving the MDL. These benefits justify dismissing

plaintiffs who willfully disobey PTO 23." ECF No. 1614, Order Denying Plaintiffs' Motion to Amend PTO 23, at 2. Yet Defendants continue to identify numerous cases where PTO 23's deadlines have been missed due to plaintiffs' counsel's failure to keep in regular contact with their clients and verify their continued capacity to litigate or failure to timely complete the probate process.

I.  **Cases Where Plaintiffs Failed to File a Timely Suggestion of Death.**

In the cases below, a suggestion of death was not filed within the deadline prescribed by PTO 23(A). For most of these cases, Defendants discovered that the plaintiffs are deceased by conducting an independent online search of obituaries. In most of these cases, plaintiffs' counsel still has not filed a suggestion of death.

| Plaintiff(s) | Case Number | Date of Death | Suggestion of Death Due | Comments |
|---|---|---|---|---|
| Lockwood, Yolanda | 17-cv-0823 | 1/17/2019 Exhibit A | Due 4/17/2019 | None filed. |
| Connelly, Gail | 17-cv-1084 | 7/19/2018 Exhibit B | Due 10/17/2018 | None filed. |
| Milam, Jeffie Gale | 16-cv-2125 | 12/14/2018 Exhibit C | Due 3/14/2019 | None filed. |
| Bloom, Stanley | 16-cv-2273 | 12/4/2018 Exhibit D | Due 3/4/2019 | None filed. |
| White, Alma Louise | 16-cv-2276 | 10/1/2018 Exhibit E | Due 12/30/2018 | None filed. |
| Johns, James E. | 16-cv-4190 | 2/4/2019 Exhibit F | Due 5/5/2019 | None filed. |
| Oliver, Thomas R. | 16-cv-4247 | 2/17/2019 Exhibit G | Due 5/18/2019 | None filed. |
| Myers, Irilla | 17-cv-1327 | 12/24/2018 Exhibit H | Due 3/24/2019 | None filed. |
| Olsen, Richard and Sandra | 17-cv-3538 | 10/14/2018 | Due 1/12/2019 Filed 4/18/2019 | Over three months late. |

5

| Miles, Joseph and Delores | 17-cv-1235 | Joseph: 12/21/2018 Delores: 1/28/19 Ex. I | Joseph SOD Due: 3/21/2019 Delores SOD Due: 4/28/2019 | Neither SOD filed. Both plaintiffs are now deceased. |

PTO 23 was supposed to relieve Defendants of the burden of searching obituaries and death records for deceased plaintiffs. *See, e.g.*, *Connell*, 16-cv-02351, ECF No. 30, Order ("a defendant facing thousands of similar lawsuits is prejudiced by not knowing which suits against it are "live" actions, even if any single suit is a drop in the bucket."). However, Defendants continue to expend significant time and resources to find deceased plaintiffs online, because plaintiffs fail to keep in regular contact with their clients, or search obituary records themselves. This Court has previously dismissed cases with prejudice where plaintiffs failed to demonstrate excusable neglect or impossibility preventing them from complying with the suggestion of death or substitution deadline. *See* ECF No. 1566, Order at 7 ("Without evidence of a reasonable and good faith process for ascertaining whether or not a client is alive, the Court cannot find that either excusable neglect or impossibility justify noncompliance with PTO 23."); ECF No. 1654, Order at 5 ("Since Plaintiffs have asserted neither excusable neglect nor impossibility, the Court grants Defendants' motion with respect to Plaintiffs Cole, Ashby, and Jennings and dismisses these cases for failure to file a timely suggestion of death as required by PTO 23."); ECF No. 1865, Order at 3 (dismissing *Crume* and *Oeltjen*, because "PTO 23 and Rule 25 both require counsel to move for substitution within ninety days of the filing of the suggestion of death."); *see also* ECF No. 1440, Order at 3; ECF No. 1869, Order at 2.

In the course of the parties' meet-and-confer communications, these plaintiffs' counsel have not demonstrated that noncompliance with PTO 23's suggestion of death or substitution deadlines was due to impossibility or excusable neglect in any of these cases. Hence, plaintiffs in the cases above should be dismissed with prejudice pursuant to PTO 23(A) and (C)(2).

In Washington State, the *Olsen* home-state, a loss-of-consortium claim may stand alone; as such, the primary plaintiff, Richard Olsen should be dismissed and the spouse's claim may continue. *Christie v. Maxwell*, 696 P.2d 1256, 1258 (Wash. App. 1985) ("We conclude the Supreme Court has characterized the action as separate and independent rather than derivative.").

Defendants previously moved to dismiss only Joseph Miles's case, but did not move to dismiss his spouse's loss-of-consortium claim. *See* 8th PTO 23 Mot. to Dismiss, ECF No. 1880. Now that Delores Miles has died as well, and the deadline to file a suggestion of death has passed, Defendants move to dismiss the entire case.

## II.    Cases Where Plaintiffs Failed to File a Timely Motion to Substitute.

The plaintiffs below failed to file a timely motion to substitute in accordance with PTO 23(B) and Fed. R. Civ. P. 25(a).

| Plaintiff(s) | Case Number | SOD filed | Motion to Substitute Due | Comments |
|---|---|---|---|---|
| Wenzel, Gail M. | 17-cv-4576 | 2/22/2019 | Due 5/23/2019 | None filed. |
| Rangel, Raul & Rosemary | 17-cv-1865 | 2/18/2019 | Due 5/19/2019 | None filed. |

| Ponder, Mary | 17-cv-2666 | 7/19/2018 | Due 10/17/2018 | None filed. |
| Ballaso, Marilyn | 18-cv-0575 | 3/8/2019 | Due 6/6/2019 | None filed. |
| Mencl, Janet | 18-cv-0106 | 1/25/2019 | Due 4/25/2019 | None filed. |
| Walters, Carla | 18-cv-2764 | 3/13/2019 | Due 6/11/2019 | None filed. |

Rule 25(a) provides that if a timely substitution motion is not made, the action "must be dismissed." The federal rule is further incorporated in PTO 23(B) and (E), which calls for dismissal with prejudice of cases that fail to meet this requirement. This Court has previously dismissed cases where a timely motion to substitute did not follow the suggestion of death. *See* ECF No. 1566, Order at 3-4 ("The Court grants this motion and dismisses Plaintiff Lister with prejudice for failure to move for substitution within 90 days of filing the suggestion of death, as required under PTO 23 and Rule 25(a)")." Hence, the above plaintiffs should be dismissed with prejudice.

In Texas, the *Rangel* home-state, a loss-of-consortium claim may stand alone; therefore, the primary plaintiff, Mr. Rangel should be dismissed, but Rosemary Rangel's spousal claim may continue. *See Whittlesey v. Miller*, 572 S.W.2d 665, 667 (Tex. 1978) ("[W]hile the deprived spouse's suit for loss of consortium is considered to be derivative of the impaired spouse's negligence action to the extent that the tortfeasor's liability to the

8

impaired spouse must be established, the consortium action is, nevertheless, independent and apart from that of the impaired spouse's negligence action.").

### III. Cases Where Plaintiffs Failed to File Both a Timely Suggestion of Death and Timely Motion to Substitute.

In the several cases listed below, the plaintiffs have failed to meet both the deadline to file a timely suggestion of death, as well as the deadline to substitute the deceased party.

| Plaintiff(s) | Case Number | Date of Death | SOD Due/Filed | Motion to Substitute Due/Filed |
|---|---|---|---|---|
| Rhoton, James and Sarah | 15-cv-4360 | 8/21/2018 | Due: 11/19/2018 Filed: 2/7/2019 | Due: 5/8/2019 Filed: 7/2/2019 (nearly two months late) |
| Taylor, Patricia | 17-cv-0199 | 12/31/2017 | Due: 4/9/2018 Filed: 2/7/2019 | Due: 5/8/2019 None filed. |
| Hylas, Mark K. | 17-cv-0967 | 1/1/2018 | Due: 4/9/2018 Filed: 3/20/2019 | Due: 6/18/2019 None filed. |
| Weeks, Mary | 17-cv-4527 | 9/10/2018 | Due: 12/9/2018 Filed: 2/22/2019 | Due: 5/23/2019 None filed. |
| Capone, Helen | 17-cv-5274 | 7/21/2018 | Due: 10/19/2018 Filed: 2/7/2019 | Due: 5/8/2019 None filed. |
| Davis, Thomas | 18-cv-0166 | 10/8/2018 | Due: 1/6/2019 Filed: 3/22/2019 | Due: 6/20/2019 None filed. |
| Gohl, Brenda | 18-cv-1571 | 10/9/2018 | Due: 1/7/2019 Filed: 2/7/2019 | Due: 5/8/2019 None filed. |

Defendants previously moved to dismiss each of the above plaintiffs based on their late suggestions of death.[1] In addition to filing belated suggestions of death, these plaintiffs

---

[1] Plaintiffs Hayes, Taylor, Capone, Rhoton, Gohl were included in Defendants' 6th PTO 23 motion to dismiss, ECF No. 1740. Plaintiff Weeks was included in Defendants' 7th

have now also missed the deadline to move to substitute a proper party in place of the deceased plaintiff. None of the counsel for these plaintiffs has contacted Defendants to request an extension or explain their delay. Defendants have granted such extensions in numerous cases where plaintiffs have requested additional time for good cause in advance of the deadline. Because these plaintiffs are in violation of PTO 23 (A), and (B), as well as Fed. R. Civ. P. 25(a), their cases must be dismissed according to PTO 23(D) ("Plaintiff's failure to comply with provisions A, B or C of this Order will entitle Defendants to request a dismissal of plaintiff's action with prejudice in accordance with Fed. R. Civ. P. 25(a).). *See also* Fed. R. Civ. P. 25(a)(1) ("If the motion [to substitute] is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.").

In Texas, the *Rhoton* home state, a loss-of-consortium claim may stand alone; therefore the primary plaintiff, James Rhoton should be dismissed, but Sarah Rhoton's spousal claim may continue. *See Whittlesey v. Miller*, 572 S.W.2d 665, 667 (Tex. 1978) ("[W]hile the deprived spouse's suit for loss of consortium is considered to be derivative of the impaired spouse's negligence action to the extent that the tortfeasor's liability to the

---

PTO 23 motion to dismiss, ECF No. 1836. Plaintiff Davis was included in Defendants' 8th PTO 23 motion to dismiss, ECF No. 1880.

impaired spouse must be established, the consortium action is, nevertheless, independent and apart from that of the impaired spouse's negligence action.").

### IV. Plaintiff Rose Lovett Should be Dismissed for Lack of Standing.

Plaintiff Lovett's claim should be dismissed without prejudice for lack of standing. Ms. Lovett's lawsuit was filed on February 18, 2019—three days after she died on February 15, 2019, according to the suggestion of death filed in her case on May 15, 2019. Since deceased plaintiffs lack standing to file lawsuits, her claims should be dismissed without prejudice. *See, e.g.*, *Houseman v. 3M*, 17-cv-2615, Dkt No. 23; MDL Dkt. No. 692; *see also Banakus v. United Aircraft Corp.*, 290 F. Supp. 259, 260 (S.D.N.Y. 1968) (holding that an action filed by a deceased person "must be treated as a nullity and it cannot be given life by substituting parties and amending the complaint."); *In re Engle Cases*, 767 F.3d 1082, 1110 (11th Cir. 2014) (affirming the district court's dismissal of several hundred cases filed on behalf of purportedly living, but actually deceased, smokers); *In Re: Aredia & Zometa Prods. Liab. Litig.*, No. 3-06-MD-1760, 2012 WL 2015791, at *1-2 (M.D. Tenn. June 5, 2012) (dismissing an action for want of subject matter jurisdiction where the plaintiff died one day before the complaint was filed).

## CONCLUSION

For all the foregoing reasons, the Court should dismiss *Lovett* without prejudice, dismiss the primary plaintiffs with prejudice in *Rhoton*, *Rangel*, and *Olsen*, and dismiss the remaining cases with prejudice in their entirety.

Dated: July 3, 2019                             Respectfully submitted,

                                                s/ Benjamin W. Hulse
                                                Jerry W. Blackwell (MN #186867)
                                                Benjamin W. Hulse (MN #0390952)
                                                Mary S. Young (MN #0392781)
                                                BLACKWELL BURKE P.A.
                                                431 South Seventh Street, Suite 2500
                                                Minneapolis, MN 55415
                                                Phone: (612) 343-3248
                                                Fax: (612) 343-3205
                                                Email: blackwell@blackwellburke.com
                                                           bhulse@blackwellburke.com
                                                           myoung@blackwellburke.com

                                                **Counsel for Defendants 3M Company and Arizant Healthcare Inc.**