# EXHIBIT G

CAUSE NO.  C-5130-16-A

| | | |
|---|---|---|
| JOHN PETITTA, | § | IN THE DISTRICT COURT OF |
| | § | |
| v. | § | |
| | § | |
| RAY R. TREY FULP III, D.O., RAY FULP | § | HIDALGO COUNTY, TEXAS |
| ORTHOPEDICS, P.A. d/b/a SOUTH | § | |
| TEXAS BACK INSTITUTE AND | § | |
| ORTHOPEDICS, JAVIER BARBOSA, | § | |
| JAVIER BARBOSA, P.A. VHS | § | |
| BROWNSVILLE HOSPITAL COMPANY, | § | |
| LLC d/b/a VALLEY BAPTIST MEDICAL | § | |
| CENTER-BROWNSVILLE, | § | |
| 3M COMPANY AND ARIZANT | § | |
| HEALTHCARE, INC. | § | 92nd JUDICIAL DISTRICT |

## DEFENDANTS 3M COMPANY AND ARIZANT HEALTHCARE, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION

In accordance with Rule 196 of Texas Rules of Civil Procedure, Defendants 3M Company and Arizant Healthcare Inc. (together, "3M"), by and through their counsel, submit these Responses and Objections to Plaintiff's Second Set of Requests for Production ("Requests").

## PRELIMINARY STATEMENT

Plaintiff's allegations against 3M in this lawsuit mirror those asserted by the plaintiffs in a federal MDL proceeding entitled *In re Bair Hugger Forced Air Warming Devices Products Liability Litigation*, MDL 2666, which is pending in the United States District Court for the District of Minnesota. There are presently over 5,000 cases pending the Bair Hugger MDL. Extensive discovery on issues generally applicable to the cases in the Bair Hugger MDL occurred in 2016 and 2017, with some additional targeted general discovery occurring in 2018 and 2019. Plaintiffs' Co-Lead Counsel in the Bair Hugger MDL propounded more than 250

document requests through formal discovery requests, informal requests, and motions, encompassing all of the documents requested by Plaintiff here. The parties engaged in numerous in-person, telephonic, and email meet-and-confers over these requests and resolved many disputes. Those disputes that were not resolved by the parties were resolved by the Court following motion practice and argument. In all, 3M produced millions of pages of documents from the files of more than 26 current and former employees who worked in research and development, regulatory affairs, marketing, sales, and product management, as well as files and data from archives going back nearly thirty years. In a ruling on September 9, 2016, the MDL Court concluded that this custodial collection met 3M's discovery obligations. (MDL 2666, Dkt. No. 109, Order.)  By the parties' agreement, keywords and computer assisted review (CAR) were also employed in identifying responsive documents. The parties also agreed upon an Electronically Stored Information (ESI) Production Protocol governing the format of production, which was approved by the Court on June 15, 2016. (MDL 2666, Dkt. No. 50.)

Given this background and the enormous effort and resources expended in the MDL on discovery, it does not make sense to "reinvent the wheel" in this case. Doing so would be grossly disproportionate to the needs of this case and would make the current case schedule and trial date unachievable. To streamline discovery, 3M proposes that the parties cooperate by utilizing the discovery already conducted in the MDL and limiting additional discovery to case-specific issues. Accordingly, even though many of the documents produced in the MDL are not relevant to this case, because they concern Bair Hugger models or time periods that are not at issue, 3M will make these documents available to Plaintiff upon entry of a protective order, notwithstanding its objections to relevance and burden.

To facilitate this kind of efficient coordination, the MDL Court entered a protective order that governed the production and provided a mechanism for sharing of the production documents in state court cases. (MDL 2666, Dkt. No. 39.) The MDL protective order recognized 3M's protectable interest in preserving the confidentiality of certain product information and trade secrets, among other materials:

> The Parties assert in support of their request that protection of the identified categories of confidential information is necessary because the Parties anticipate that this action may involve discovery and production of documents and testimony that may contain confidential information, such as non-public proprietary and trade secret information, protected health information, or non-public commercial and financial data regarding the Bair Hugger system. 3M competes in the healthcare marketplace with other manufacturers of patient warming devices and related equipment. As such, 3M asserts that preservation of the company's confidential product information and trade secrets is an essential component of its business operations. Discovery and production of documents may also relate to non-public individually identifiable information related to Plaintiffs, employees or agents of 3M, or others.

(*Id.* at 2.) The MDL Protective Order permits designation of the following categories of information as confidential: "(a) trade secret information (which is a formula, pattern, device, or compilation of information which is used in one's business, and which gives the business an opportunity to obtain an advantage over competitors who do not know or use the trade secret information); (b) proprietary confidential information such as research or development information, or commercially or competitively sensitive information that would more likely than not cause competitive harm to the business operations of the producing party including, but not limited to: (i) business/strategic plans; (ii) sales, cost, and price information, including sales/financial projections; (iii) non-public marketing information; (iv) non-public detailed sales and financial data; (v) customer lists; (vi) non-public technical information; or (vii) other non-public information of competitive, financial, or commercial significance comparable to the items

listed in this subparagraph; or (c) confidential, non-public personal information concerning individuals, including but not limited to confidential health information." (*Id.* at 3.)

Recognizing the possibility of related state court litigation, the MDL protective order further provides that discovery in the MDL "shall be fully shareable with counsel litigating related cases in a different forum provided that the parties agree, or this Court determines, that a protective order with equivalent protections to this Order (including, but not limited to, protections equivalent to those in paragraphs 5, 7, and 11) has been entered in each forum." These equivalent protections include, among other things, claw-back provisions for confidential and privileged materials, limitations on who may see confidential materials, and provision for return of confidential documents at the conclusion of the litigation.

In this case, 3M has proposed a protective order with equivalent protections to the MDL Protective Order. 3M respectfully proposes that the parties agree on that order and agree generally to follow and abide by the discovery agreements and rulings in the Bair Hugger MDL. This will avoid discovery disputes and allow the focus of additional discovery to be on case-specific issues relating to Plaintiff's medical treatment and alleged injuries.

## OBJECTIONS AND RESPONSES TO SPECIFIC REQUESTS

REQUEST NO. 1. All documents produced in IN RE: Bair Hugger Forced Air Warming Products Liability Litigation; MDL 2666, pending in the United States District Court, District of Minnesota.

**RESPONSE:** Upon entry of a protective order providing equivalent protections to the MDL Protective Order, 3M will make available to Plaintiff electronically the non-privileged documents that 3M, Plaintiffs, and third parties produced in the Bair Hugger MDL, except that 3M will not make available medical records and third-party productions (e.g. hospital productions) pertaining to other plaintiffs' cases. If no such protective order is entered, 3M

restates its General Objections and further objects to this request because it is overly broad, unduly burdensome, and not appropriately tailored to seek documents relevant to the specific facts and circumstances of this case.

REQUEST NO. 2.    Provide access to all electronically stored databases of all documents produced in IN RE: Bair Hugger Forced Air Warming Products Liability Litigation; MDL 2666, pending in the United States District Court, District of Minnesota.

**RESPONSE:**  Upon entry of a protective order providing equivalent protections to the MDL Protective Order, 3M will make available to Plaintiff electronically the non-privileged documents that 3M, Plaintiffs, and third parties produced in the Bair Hugger MDL, except that 3M will not make available medical records and third-party productions (e.g. hospital productions) pertaining to other plaintiffs' cases. If no such protective order is entered, 3M restates its General Objections and further objects to this request because it is overly broad, unduly burdensome, and not appropriately tailored to seek documents relevant to the specific facts and circumstances of this case.

REQUEST NO. 3.    All depositions, including video and exhibits, of all current or former 3M Company and/or Arizant Healthcare Inc. employees taken in IN RE: Bair Hugger Forced Air Warming Products Liability Litigation; MDL 2666, pending in the United States District Court, District of Minnesota.

**RESPONSE:** Upon entry of a protective order providing equivalent protections to the MDL Protective Order, 3M will make available to Plaintiff electronically the transcripts and exhibits from the depositions of current or former employees of 3M taken in the Bair Hugger MDL. Videos will be copied and made available only at Plaintiff's expense. If no such protective order is entered, 3M restates its General Objections and further objects to this request because it is overly broad, unduly burdensome, and not appropriately tailored to seek materials relevant to the specific facts and circumstances of this case.

5

REQUEST NO. 4.    All depositions, including video and exhibits, of all expert witnesses taken in IN RE: Bair Hugger Forced Air Warming Products Liability Litigation; MDL 2666, pending in the United States District Court, District of Minnesota.

**RESPONSE:** Upon entry of a protective order providing equivalent protections to the MDL Protective Order, 3M will make available to Plaintiff electronically the transcripts and exhibits from the depositions of expert witnesses taken in the Bair Hugger MDL. Videos will be copied and made available only at Plaintiff's expense. If no such protective order is entered, 3M restates its General Objections and further objects to this request because it is overly broad, unduly burdensome, and not appropriately tailored to seek materials relevant to the specific facts and circumstances of this case.

REQUEST NO. 5.    All depositions, including video and exhibits, of all fact witnesses taken in IN RE: Bair Hugger Forced Air Warming Products Liability Litigation; MDL 2666, pending in the United States District Court, District of Minnesota.

**RESPONSE:** Upon entry of a protective order providing equivalent protections to the MDL Protective Order, 3M will make available to Plaintiff electronically the transcripts and exhibits from depositions of fact witnesses taken in the Bair Hugger MDL. Videos will be copied and made available only at Plaintiff's expense. If no such protective order is entered, 3M restates its General Objections and further objects to this request because it is overly broad, unduly burdensome, and not appropriately tailored to seek materials relevant to the specific facts and circumstances of this case.

REQUEST NO. 6.    All documents produced in 16-CV-4187; *Gareis v. 3M Company*, pending in the United States District Court, District of Minnesota.

**RESPONSE:** Upon entry of a protective order providing equivalent protections to the MDL Protective Order, 3M will make available to Plaintiff electronically the non-privileged documents that 3M, Plaintiffs, and third parties produced in *Gareis*, except that 3M will not make available medical records and third-party productions (e.g. hospital productions) pertaining

6

to the Gareises' case. If no such protective order is entered, 3M restates its General Objections and further objects to this request because it is overly broad, unduly burdensome, and not appropriately tailored to seek documents relevant to the specific facts and circumstances of this case.

REQUEST NO. 7.     All documents produced in 2-14-CV-020440-KHV-TJJ; *Timothy Johnson v. 3M Company*, pending in the United States District Court, District of Kansas.

**RESPONSE:**  3M objects to this request as duplicative of Request No. 1 and therefore unduly burdensome. 3M re-produced the same documents produced in *Johnson* in the MDL, but with a different Bates numbering system. Mr. Johnson's medical records or documents produced by Mr. Johnson are not relevant to this case and 3M will not produce them except upon agreement of Mr. Johnson's counsel.

REQUEST NO. 8.     All depositions, including video and exhibits, of all current or former 3M Company and/or Arizant Healthcare Inc. employees taken in 2-14-CV-020440-KHV-TJJ; *Timothy Johnson v. 3M Company*, pending in the United States District Court, District of Kansas.

**RESPONSE:** Upon entry of a protective order providing equivalent protections to the MDL Protective Order, 3M will make available to Plaintiff electronically the transcripts of depositions of current or former employees of 3M taken in *Johnson*. Videos will be copied and made available only at Plaintiff's expense. If no such protective order is entered, 3M restates its General Objections and further objects to this request because it is overly broad, unduly burdensome, and not appropriately tailored to seek materials relevant to the specific facts and circumstances of this case.

REQUEST NO. 9.     All depositions, including video and exhibits, of all expert witnesses taken in 2-14- CV-020440-KHV-TJJ; *Timothy Johnson v. 3M Company*, pending in the United States District Court, District of Kansas.

**RESPONSE:** No expert depositions were taken in *Johnson*.

<u>REQUEST NO. 10</u>.   All depositions, including video and exhibits, of all fact witnesses taken in 2-14- CV-020440-KHV-TJJ; *Timothy Johnson v. 3M Company*, pending in the United States District Court, District of Kansas.

**RESPONSE:** Upon entry of a protective order providing equivalent protections to the MDL Protective Order, 3M will make available to Plaintiff electronically the transcripts and exhibits from depositions of fact witnesses taken in *Johnson*. Videos will be copied and made available only at Plaintiff's expense. If no such protective order is entered, 3M restates its General Objections and further objects to this request because it is overly broad, unduly burdensome, and not appropriately tailored to seek materials relevant to the specific facts and circumstances of this case.

<u>REQUEST NO. 11</u>.   All documents produced in 4:13-CV-01164; *Tommy Walton v. 3M Company*, pending in the United States District Court for the Southern District of Texas, Houston Division.

**RESPONSE:**  3M objects to this request as duplicative of Request No. 1 and therefore unduly burdensome. 3M re-produced the same documents produced in *Walton* in the MDL, but with a different Bates numbering system. Mr. Walton's medical records or documents produced by Mr. Walton are not relevant to this case and 3M will not produce them except upon agreement of Mr. Walton's counsel.

<u>REQUEST NO. 12</u>.   All depositions, including video and exhibits, of all current or former 3M Company and/or Arizant Healthcare Inc. employees taken in 4:13-CV-01164; *Tommy Walton v. 3M Company*, pending in the United States District Court for the Southern District of Texas, Houston Division.

**RESPONSE:** Upon entry of a protective order providing equivalent protections to the MDL Protective Order, 3M will make available to Plaintiff electronically the transcripts of depositions of current or former employees of 3M taken in *Walton*. Videos will be copied and made available only at Plaintiff's expense. If no such protective order is entered, 3M restates its General Objections and further objects to this request because it is overly broad, unduly

burdensome, and not appropriately tailored to seek materials relevant to the specific facts and circumstances of this case.

REQUEST NO. 13.   All depositions, including video and exhibits, of all expert witnesses taken in 2-14- CV-020440-KHV-TJJ; 4:13-CV-01164; *Tommy Walton v. 3M Company*, pending in the United States District Court for the Southern District of Texas, Houston Division.

**RESPONSE:** No expert depositions were taken in *Johnson*.

REQUEST NO. 14.   All depositions, including video and exhibits, of all fact witnesses taken in 2-14- CV-020440-KHV-TJJ; 4:13-CV-01164; *Tommy Walton v. 3M Company*, pending in the United States District Court for the Southern District of Texas, Houston Division.

**RESPONSE:**  Upon entry of a protective order providing equivalent protections to the MDL Protective Order, 3M will make available to Plaintiff electronically the transcripts and exhibits from depositions of fact witnesses taken in *Walton*. Videos will be copied and made available only at Plaintiff's expense. If no such protective order is entered, 3M restates its General Objections and further objects to this request because it is overly broad, unduly burdensome, and not appropriately tailored to seek materials relevant to the specific facts and circumstances of this case.

REQUEST NO. 15.   All documents and communications you provided to any other defendant regarding safety and efficacy of the Bair Hugger.

**RESPONSE:**  3M objects to this Request as it seeks documents protected by the attorney-client and work product doctrines as extended by the common interest doctrine.

REQUEST NO. 16.   All communications with anyone (whether internal or external) regarding  the "Reducing implant infection in orthopedics (RIIiO) pilot study."

**RESPONSE:**  3M will produce responsive, nonprivileged documents contained within its production of documents in the Bair Hugger MDL upon entry of a protective order providing equivalent protections to the MDL protective order. To the extent this request seeks additional documents, or such a protective order is not entered, 3M incorporates its General Objections and further objects to this request as overly broad and unduly burdensome because it seeks

documents that are irrelevant and the burden imposed on 3M is not proportionate to the benefit.

The RIIiO pilot study is a third-party study occurring in the United Kingdom, and no results

have been disclosed; it therefore cannot support either Plaintiff's claims or 3M's defenses.

REQUEST NO. 17.   All litigation consulting agreements 3M or any of its representatives have
entered into with any former employee of 3M or Arizant.

**RESPONSE:** 3M objects to this request as overly broad and unduly burdensome

because it is not limited to consulting agreements entered into for this case. 3M further states that

it has not entered into any litigation consulting agreement with any former employee with

respect to this case. Without waiving its objections, 3M states that, upon entry of a protective

order providing equivalent protections to the MDL Protective Order, 3M will make available to

Plaintiff responsive documents to the extent contained within the non-privileged documents that

3M produced in the Bair Hugger MDL.

REQUEST NO. 18.   All checks, direct deposits or other documents reflecting payments made
to or on behalf of former employees for their testimony in IN RE: Bair Hugger Forced Air
Warming Products Liability Litigation; MDL 2666, pending in the United States District Court,
District of Minnesota. This would include payments for legal counsel obtained and paid for by
3M.

**RESPONSE:**  3M has no responsive documents.

REQUEST NO. 19.   All documents relating to the International Consensus on Peri-
Prosthetic Joint Infection (aka International Consensus Meeting on Musculoskeletal Infection
(ICMMI)), including but not limited to 2013 and 2018.

**RESPONSE:**  3M will produce responsive, nonprivileged documents contained within

its production of documents in the Bair Hugger MDL upon entry of a protective order providing

equivalent protections to the MDL protective order. To the extent this request seeks additional

documents, or such a protective order is not entered, 3M incorporates its General Objections and

further objects to this request as overly broad and unduly burdensome because it seeks

documents that are irrelevant. While some portions of the ICM statements in 2013 and 2018 are relevant to the Bair Hugger litigation, others are not.

REQUEST NO. 20.   All communications and documents exchanged with any members of the International Consensus on Peri-Prosthetic Joint Infection (aka International Consensus Meeting on Musculoskeletal Infection (ICMMI)).

**RESPONSE:**  3M will produce responsive, nonprivileged documents contained within its production of documents in the Bair Hugger MDL upon entry of a protective order providing equivalent protections to the MDL protective order. To the extent this request seeks additional documents, or such a protective order is not entered, 3M incorporates its General Objections and further objects to this request as overly broad and unduly burdensome because it is not limited to communications or documents relating to the issues in this case. While some of the work of the ICM in 2013 and 2018 is relevant to the Bair Hugger litigation, other work is not.

REQUEST NO. 21.   All documents involving, discussing, or relating to the design of the Bair Hugger (all models).

**RESPONSE:**  3M objects to this request as overbroad, unduly burdensome, and grossly disproportionate to the needs of this case. Read literally, this request would call for the production of nearly every document in the possession, custody, or control of 3Mdiscussing the use of the Bair Hugger system, including Bair Hugger system models/units not utilized in Plaintiff's surgeries and not at issue in this case, and documents for a time period irrelevant to the claims against 3M in this case. This request is also not limited to the MDL-designated custodians. Without waiving these objections, 3M is willing to produce responsive, non-privileged documents contained within its production of documents in the Bair Hugger MDL upon entry of a protective order providing equivalent protections to the MDL protective order.

REQUEST NO. 22.   All documents involving, discussing, or relating to the warning to be included with the Bair Hugger (all models).

**RESPONSE:**  3M will produce operating manuals, service manuals, instructions for use, and 510(k) submissions for the Bair Hugger units that, according to 3M's available data, were placed at Valley Baptist Medical Center – Brownsville as of date of Plaintiff's right total knee arthroplasty on November 13, 2014. 3M will also produce responsive, non-privileged documents contained within its production of documents in the Bair Hugger MDL upon entry of a protective order providing equivalent protections to the MDL protective order. To the extent this request seeks additional documents, or no such protective order is entered, 3M incorporates its General Objections and further objects as follows. 3M objects to this request as overly broad, unduly burdensome, and disproportionate to the needs of this case to the extent it seeks information about Bair Hugger system models/units not utilized in Plaintiff's surgeries and not at issue in this case and seeks documents for a time period irrelevant to the claims against 3M in this case. 3M specifically objects to the terms "involving," "discussing," and "relating" as vague and ambiguous.

REQUEST NO. 23.   All documents involving, discussing, or relating to any change in design of the Bair Hugger (all models).

**RESPONSE:** 3M will produce responsive, non-privileged documents contained within its production of documents in the Bair Hugger MDL upon entry of a protective order providing equivalent protections to the MDL protective order. If no such protective order is entered, 3M restates its General Objections and further objects to this request as overly broad, unduly burdensome, and disproportionate to the needs of this case, not limited to the MDL-designated custodians, and not tailored to the matters relevant to Plaintiff's claims or 3M's defenses. As written, this request would call for the production of nearly every document in the possession, custody, or control of 3M discussing any design change, including design changes with no relevance to Plaintiff's allegations or 3M's defenses, Bair Hugger system models/units not

12

utilized in Plaintiff's surgeries and not at issue in this case, and documents for a time period irrelevant to the claims against 3M in this case.

REQUEST NO. 24.   All documents that constitute the full "Design History Files" accumulated by Arizant and/or 3M, including any hazard analysis of any suspected or perceived issues with the design of the Bair Hugger (all models).

**RESPONSE:** 3M will produce any documents that constitute the Design History File for Bair Hugger system models in the 500 and 700 series to the extent a DHF was required for such model by 21 C.F.R. 820.30(j). 3M will also produce other responsive, non-privileged documents contained within its production of documents in the Bair Hugger MDL upon entry of a protective order providing equivalent protections to the MDL protective order. To the extent this request seeks additional documents, 3M incorporates its General Objections and further objects to this request as overly broad, unduly burdensome, and disproportionate to the needs of this case to the extent it seeks information about Bair Hugger system models/units not utilized in Plaintiff's surgeries and not at issue in this case and seeks documents for a time period irrelevant to the claims against 3M in this case.

REQUEST NO. 25.   All documents relating to the consideration of alternative designs for the device or any of its component parts, including but not limited to filters, hoses, and blower, for the Bair Hugger (all models).

**RESPONSE:**  3M will produce responsive, non-privileged documents contained within its production of documents in the Bair Hugger MDL upon entry of a protective order providing equivalent protections to the MDL protective order. To the extent this request seeks additional documents, or no such protective order is entered, 3M incorporates its General Objections and further objects to this request as overly broad, unduly burdensome, and disproportionate to the needs of this case because it encompasses any consideration by any person of any change to the Bair Hugger system 500 and 700 series models for any purpose, and is not limited to 3M's consideration of alternative designs related to the filter, hose or blower. 3M also objects to this

13

request to the extent it seeks information about Bair Hugger system models/units not utilized in

Plaintiff's surgeries and not at issue in this case and seeks documents for a time period irrelevant

to the claims against 3M in this case.

REQUEST NO. 26.   All documents that discuss "HEPA" filtration in relation to any  Bair
Hugger product.

**RESPONSE:**  3M will produce responsive, non-privileged documents contained within

its production of documents in the Bair Hugger MDL upon entry of a protective order providing

equivalent protections to the MDL protective order. To the extent this request seeks additional

documents, or no such protective order is entered, 3M incorporates its General Objections and

further objects to this request because it overly broad, unduly burdensome, and disproportionate

to the needs of this case. In particular, 3M objects to this request to the extent it seeks

information about Bair Hugger system models/units not utilized in Plaintiff's surgeries and not at

issue in this case and seeks documents for a time period irrelevant to the claims against 3M in

this case.

REQUEST NO. 27.   All documents relating to the potential to change the inlet filtration in Bair
Hugger blowers.

**RESPONSE:**  The term "potential to change" is vague and ambiguous and therefore, for

the purpose of this response, 3M construes the term to include only actual consideration by 3M

of changing inlet filtration. 3M will produce responsive, non-privileged documents contained

within its production of documents in the Bair Hugger MDL upon entry of a protective order

providing equivalent protections to the MDL protective order. To the extent this request seeks

additional documents, or no such protective order is entered, 3M incorporates its General

Objections and further objects to this request because it is overly broad, unduly burdensome, and

disproportionate to the needs of this case.

<u>REQUEST NO. 28</u>.   All documents that reflect the issue of airborne contamination as a design consideration, including any discussions or proposals to mitigate this risk.

**RESPONSE:** 3M will produce any non-privileged documents reflecting the issue of airborne bacteria pathogens as a consideration for the design of the Bair Hugger system that are contained within its production of documents in the Bair Hugger MDL, upon entry of a protective order providing equivalent protections to the MDL protective order. To the extent this request seeks additional documents, or no such protective order is entered, 3M incorporates its General Objections and further objects to this request as overly broad, unduly burdensome, and disproportionate to the needs of this case because it is not limited to the MDL-designated custodians or to documents reflecting the issue of airborne pathogens as a consideration for the design of the Bair Hugger system. 3M specifically objects that the phrase "airborne contamination" is vague and ambiguous.

<u>REQUEST NO. 29</u>.   All documents that refers or relates to the Bair Hugger being contra-indicated for orthopedic surgery.

**RESPONSE:** The Bair Hugger system is not and never has been contraindicated by the FDA or 3M for orthopedic surgeries. To the extent Plaintiff means to request documents indicating that some practitioners, for whatever reason, do not use the Bair Hugger system in orthopedic surgeries, 3M will produce any such non-privileged documents contained within its production of documents in the Bair Hugger MDL upon entry of a protective order providing equivalent protections to the MDL protective order. If no such protective order is entered, 3M stands on its objection that this request is vague and ambiguous.

<u>REQUEST NO. 30</u>.   All documents that refers or relates to the Bair Hugger device contaminating the sterile field.

**RESPONSE:**  3M will produce responsive, non-privileged documents contained within its production of documents in the Bair Hugger MDL upon entry of a protective order providing

equivalent protections to the MDL protective order. To the extent this request seeks additional documents, or no such protective order is entered, 3M incorporates its General Objections and further objects to this request as overly broad, unduly burdensome, and disproportionate to the needs of this case. 3M specifically objects that the terms "refers" or "relates" are vague and ambiguous.

REQUEST NO. 31.   All documents that describe 3M Company's relationship with Arizant Healthcare, Inc., and any other defendant in this case.

**RESPONSE:** 3M states that Arizant Healthcare, Inc. was formerly a wholly owned subsidiary of 3M Company and was dissolved in 2014. To the extent this request seeks additional information or documents, 3M incorporates its General Objections and further objects to this request as overly broad, unduly burdensome, not focused on matters relevant to any party's claim or defense, and disproportionate to the needs of this case. 3M also objects that the term "relationship" is vague and ambiguous.

REQUEST NO. 32.   All documents created by and/or provided to Defendant 3M by Defendant Arizant or from any other source prior to the acquisition by 3M of Arizant Inc. and Arizant Healthcare, Inc. regarding the contamination of the Bair Hugger and any components used with the device.

**RESPONSE:**  3M will produce responsive, non-privileged documents contained within its production of documents in the Bair Hugger MDL upon entry of a protective order providing equivalent protections to the MDL protective order. To the extent this request seeks additional documents, or no such protective order is entered, 3M objects to the terms "contamination of the Bair Hugger" as used in this request as vague and ambiguous. 3M further objects to this request as overly broad, unduly burdensome, not focused on matters relevant to Plaintiff's claim or defense, and disproportionate to the needs of this case to the extent it seeks information about Bair Hugger system models/units not utilized in Plaintiff's surgeries and not at issue in this case and seeks documents for a time period irrelevant to the claims against 3M in this case.

16

REQUEST NO. 33.   All documents created by and/or provided to Defendant 3M by Defendant Arizant or from any other source prior to the acquisition by 3M of Arizant Inc. and Arizant Healthcare, Inc. regarding potential disruption of airflow within the operating room relating to the use of the Bair Hugger specifically or forced air warming generally.

**RESPONSE:**  3M will produce responsive, non-privileged documents contained within

its production of documents in the Bair Hugger MDL upon entry of a protective order providing

equivalent protections to the MDL protective order. To the extent this request seeks additional

documents, or no such protective order is entered, 3M incorporates its General Objections and

objects to this request as overly broad, unduly burdensome, and disproportionate to the needs of

this case, and specifically object that the term "potential disruption of airflow within the

operating room" is overly broad, vague, and ambiguous as used in this request.

REQUEST NO. 34.   All documents created by and/or provided to Defendant 3M by Arizant or from any other source prior to the acquisition by 3M of Arizant Inc. and Arizant Healthcare, Inc. regarding any safety issues relating to the use of Bair Hugger specifically or forced air warming generally.

**RESPONSE:**  3M will produce responsive, non-privileged documents relating to surgical

site infections or periprosthetic joint infections contained within its production of documents in

the Bair Hugger MDL upon entry of a protective order providing equivalent protections to the

MDL protective order. To the extent this request seeks additional documents, or no such

protective order is entered, 3M incorporates its General Objections and further objects as

follows: 3M objects to the phrase "safety issues" as overbroad, vague and ambiguous. 3M

further objects to this request as overbroad, unduly burdensome, not tailored to matters relevant

to the claims or defenses of this lawsuit, and disproportionate to the needs of this case (i) to the

extent it seeks information on "safety issues" that are not related to the types of injuries alleged

in Plaintiff's petition and (ii) to the extent it relates to Bair Hugger system models/units and/or

other forced air warming devices not utilized in Plaintiff's surgeries and not at issue in this case.

REQUEST NO. 35.   The entire due diligence file regarding the acquisition of Arizant by 3M.

17

**RESPONSE:** In addition to their General Objections, 3M objects to this request as overly broad, unduly burdensome, not focused on matters relevant to any party's claim or defense, and disproportionate to the needs of this case.

REQUEST NO. 36.   The entire due diligence file regarding the acquisition of Augustine Medical by Arizant.

**RESPONSE:**  3M will produce responsive, non-privileged documents contained within its production of documents in the Bair Hugger MDL upon entry of a protective order providing equivalent protections to the MDL protective order. To the extent this request seeks additional documents, or no such protective order is entered, 3M incorporates its General Objections and objects to this request as overly broad, unduly burdensome, not focused on matters relevant to any party's claim or defense, and disproportionate to the needs of this case.

REQUEST NO. 37.   Any documents provided to or received from Citigroup Venture Capital regarding Bair Hugger.

**RESPONSE:**  3M will produce responsive, non-privileged documents contained within its production of documents in the Bair Hugger MDL upon entry of a protective order providing equivalent protections to the MDL protective order. To the extent this request seeks additional documents, or no such protective order is entered, 3M incorporates its General Objections and objects to this request as overly broad, unduly burdensome, not focused on matters relevant to any party's claim or defense, and disproportionate to the needs of this case.

REQUEST NO. 38.   Any documents provided to, and/or received from Citygroup Venture Capital regarding forced air warming.

**RESPONSE:**  3M will produce responsive, non-privileged documents contained within its production of documents in the Bair Hugger MDL upon entry of a protective order providing equivalent protections to the MDL protective order. To the extent this request seeks additional documents, or no such protective order is entered, 3M incorporates its General Objections and

18

objects to this request as overly broad, unduly burdensome, not focused on matters relevant to any party's claim or defense, and disproportionate to the needs of this case.

REQUEST NO. 39.   Any documents provided to, and/or received from Court Square Capital Partners regarding Bair Hugger.

**RESPONSE:**  3M will produce responsive, non-privileged documents contained within its production of documents in the Bair Hugger MDL upon entry of a protective order providing equivalent protections to the MDL protective order. To the extent this request seeks additional documents, or no such protective order is entered, 3M incorporates its General Objections and objects to this request as overly broad, unduly burdensome, not focused on matters relevant to any party's claim or defense, and disproportionate to the needs of this case.

REQUEST NO. 40.   Any documents provided to, and/or received from Court Square Capital Partners regarding forced air warming.

**RESPONSE:**  3M will produce responsive, non-privileged documents contained within its production of documents in the Bair Hugger MDL upon entry of a protective order providing equivalent protections to the MDL protective order. To the extent this request seeks additional documents, or no such protective order is entered, 3M incorporates its General Objections and objects to this request as overly broad, unduly burdensome, not focused on matters relevant to any party's claim or defense, and disproportionate to the needs of this case.

REQUEST NO. 41.   Defendants' organizational charts from 1988 to the present.

**RESPONSE:**  Upon entry of a protective order providing equivalent protections to the MDL protective order, 3M will produce responsive organizational charts for the period 2003 to 2014 for the specific businesses owned or operated by 3M that designed, tested, sold or marketed the Bair Hugger system or that were responsible for regulatory matters with respect to the Bair Hugger system that are contained within its production of documents in the Bair Hugger MDL.

To the extent this request seeks additional documents, or no such protective order is entered, 3M incorporates its General Objections and further objects as follows. 3M objects to this request as overly broad, unduly burdensome, disproportionate to the needs of this case, and not limited to a time period relevant to Plaintiff's claims. The request is not appropriately focused on the specific groups of people within 3M's businesses who have or had knowledge relevant to Plaintiff's claims or 3M's defenses.

REQUEST NO. 42.   All documents, contracts, invoices, receipts, payments, and agreements that are in your possession, custody, or control and/or in the possession of your counsel, agents, and/or employees which mention, relate to, concern, involve, and/or pertain to any claim(s) or defense(s) you have raised or intend to raise in this case.

**RESPONSE:**  3M will comply with Texas Rule of Civil Procedure 190 and any pretrial disclosure requirements of the Court. Upon entry of a protective order providing equivalent protections to the MDL protective order, 3M will also produce any nonprivileged, responsive documents that are contained within its production of documents in the Bair Hugger MDL. To the extent this request seeks any additional documents beyond those 3M has agreed to produce and/or are beyond the requirements of the Texas Rules of Civil Procedure, 3M incorporates its General Objections and further objects as follows:  3M objects to this request as overly broad, unduly burdensome, not focused on matters relevant to any party's claim or defense, and disproportionate to the needs of this case. 3M specifically objects to the extent this request seeks information or encompasses documents that are attorney-client privileged, protected by the attorney work product doctrine, or some other applicable privilege. 3M also objects to this request to the extent it prematurely seeks disclosure of expert trial preparation materials.

REQUEST NO. 43.   Produce any and all correspondence (including email), memorandum, and agreements, between or among you and any and/or all other Defendants, or you and any other person or entity, which mention, relate to, concern, and/or pertain to any claim or defense in this case.

**RESPONSE:**  3M will comply with Texas Rule of Civil Procedure 190 and any pretrial disclosure requirements of the Court. To the extent this request seeks any additional documents beyond the scope of the Texas Rules of Civil Procedure or any Court orders, 3M incorporates its General Objections and further objects as follows: 3M objects to this request as overly broad, unduly burdensome, not focused on matters relevant to any party's claim or defense, and disproportionate to the needs of this case. 3M specifically objects to the extent this request seeks information or encompasses documents that are attorney-client privileged (including as extended by the common interest doctrine) or protected by the attorney work product doctrine.

REQUEST NO. 44.   Produce all manuals, guidelines, and/or teaching tools used to educate and/or train physicians, physician groups, healthcare professionals, sales representatives, technicians, your employees, independent sales contractors, and/or independent sales representatives about matters related to the Bair Hugger.

**RESPONSE:**  3M will produce responsive, non-privileged documents contained within its production of documents in the Bair Hugger MDL upon entry of a protective order providing equivalent protections to the MDL protective order. To the extent this request seeks additional documents, or no such protective order is entered, 3M incorporates its General Objections and further objects to this request because it is overly broad, unduly burdensome, and disproportionate to the needs of the case. As written, this request encompasses any manual, guideline, and teaching tool that relates to the Bair Hugger system in any way, and is not tailored to the issues relevant to Plaintiff's claims or 3M's defenses. 3M further objects to this request to the extent it seeks information about Bair Hugger system models not utilized in Plaintiff's surgeries and not at issue in this case.

REQUEST NO. 45.   Produce any and all documents that mention, relate to, concern, and/or pertain to surgical site infection prevention related to the Bair Hugger.

21

**RESPONSE:**  3M will produce responsive, non-privileged documents contained within its production of documents in the Bair Hugger MDL upon entry of a protective order providing equivalent protections to the MDL protective order. To the extent this request seeks additional documents, or no such protective order is entered, 3M incorporates its General Objections and further objects to this request as overly broad, unduly burdensome, not tailored to matters relevant to the claims or defenses of the parties, and disproportionate to the needs of this case.

REQUEST NO. 46.   Produce any document that relates to any and all occasions at any time that you, your predecessors, or any related entities (by whatever name known) became aware of allegations that a physician, nurse, and/or other healthcare provider had improperly used the Bair Hugger System and which caused complications, death, adverse effects, and/or other injury to a patient.

**RESPONSE:** 3M will produce reports regarding surgical site infections or periprosthetic joint infections allegedly caused by the use of the Bair Hugger system, to the extent authorized by law (see below), that are contained within its production of documents in the Bair Hugger MDL, upon entry of a protective order providing equivalent protections to the MDL protective order. To the extent this request seeks additional documents, or no such protective order is entered, 3M incorporates its General Objections and further objects as follows: 3M objects to this request because it is overly broad as to time and subject matter, unduly burdensome, and seeks information that is not relevant to the subject matter of this action, to the extent it seeks information about Bair Hugger system models/units not utilized in Plaintiff's surgeries and not at issue in this case. 3M objects to this request to the extent it seeks information relating to injuries suffered by patients that are not reasonably similar to Plaintiff's alleged injuries, or involve events not substantially similar to the allegations in Plaintiff's petition, as such information is not relevant nor proportionate to the needs of this case. 3M further objects to this request on the grounds that federal laws and regulations specifically require 3M not to disclose, including in civil discovery, the identities of patients, hospitals, or

health-care professionals (or any third party) who report to 3M or the FDA serious injuries, deaths or alleged malfunctions which could lead to serious injury or death. Thus, to the extent any responsive information or documents reveal names and other patient or third-party reporting information, such information is protected from disclosure by FDA regulations. Furthermore, 3M objects that federal statutory authority and regulatory law prohibit use of such information in a civil action for any purpose. 3M further objects to this request to the extent it seeks information protected from disclosure by federal and state privacy laws, the physician-patient privilege and federal laws and regulations. Furthermore, 3M objects that information regarding product complaints is available in properly redacted format from the FDA's MAUDE database which can be found at the following web address: http://www.accessdata.fda.gov/scripts/cdrh/cfdocs/cfMAUDE/search.CFM.

REQUEST NO. 47.   Produce any and all documents, diagrams, memoranda, and/or graphs which reflect, reference, and/or refer to your supply chain for the Bair Hugger for the year 2000 through the present.

**RESPONSE:**  In addition to their General Objections, 3M objects to this request as overly broad, unduly burdensome, vague and ambiguous, not tailored to matters relevant to Plaintiff's claims or 3M's defenses, and disproportionate to the needs of this case.

REQUEST NO. 48.   Produce all of your employee handbooks, training manuals, training videos, and written policies and procedures related to marketing, sales, or use of the Bair Hugger.

**RESPONSE:**  3M will produce responsive, non-privileged documents contained within its production of documents in the Bair Hugger MDL upon entry of a protective order providing equivalent protections to the MDL protective order. To the extent this request seeks additional documents, or no such protective order is entered, 3M incorporates its General Objections and further objects to this request as overly broad, unduly burdensome, not focused on matters relevant to any party's claim or defense, and disproportionate to the needs of this case. 3M also

objects to this request to the extent it seeks information about Bair Hugger system models not utilized in Plaintiff's surgeries and not at issue in this case.

REQUEST NO. 49.   Produce any and all documents that reflect any descriptive literature, promotional materials, or catalogues describing the Bair Hugger for the year 2003 through the present.

**RESPONSE:** 3M will produce responsive, non-privileged documents contained within its production of documents in the Bair Hugger MDL upon entry of a protective order providing equivalent protections to the MDL protective order. To the extent this request seeks additional documents, or no such protective order is entered, 3M incorporates its General Objections and further objects to this request as overly broad, unduly burdensome, not focused on matters relevant to any party's claim or defense, and disproportionate to the needs of this case because it calls on 3M to produce "any and all documents" that "reflect" any description of the Bair Hugger system for a 13-year period.

REQUEST NO. 50.   All documents identifying all customers who purchased Bair Hugger blankets, 2000 through present.

**RESPONSE:**  3M objects to this request to the extent it seeks information about the identities of 3M's customers that are not relevant to any material issue in the litigation. 3M also will not produce such information for customers outside the United States, as such information is not relevant to the parties' claims or defenses. In addition to their General Objections, 3M objects to this request as overly broad, unduly burdensome, not focused on matters relevant to any party's claim or defense, and disproportionate to the needs of this case.

REQUEST NO. 51.   All documents identifying all customers who purchased, leased, and/ or otherwise obtained Bair Hugger Temperature Management Units, 2000 through present.

**RESPONSE:** 3M objects to this request as overly broad, unduly burdensome, and disproportionate to the needs of this case. The identities of 3M's customers other than the hospital where Plaintiff's surgery occurred are not relevant to any material issue in this case.

24

Without waiving these objections, 3M is willing to produce responsive, non-privileged documents contained within its production of documents in the Bair Hugger MDL upon entry of a protective order providing equivalent protections to the MDL protective order.

REQUEST NO. 52.   All documents reflecting any analysis or discussion of the competing products designed to provide intraoperative patient warming.

**RESPONSE:**  3M will produce responsive, non-privileged documents contained within its production of documents in the Bair Hugger MDL upon entry of a protective order providing equivalent protections to the MDL protective order. To the extent this request seeks additional documents, or no such protective order is entered, 3M incorporates its General Objections and further objects to this request as overly broad, unduly burdensome, not focused on matters relevant to any party's claim or defense, and disproportionate to the needs of this case, because it seeks information about products not alleged to have been utilized in Plaintiff's surgeries and not at issue in this case.

REQUEST NO. 53.   All documents, including emails, created by Defendants regarding the Hot Dog patient warming device.

**RESPONSE:**  3M will produce responsive, non-privileged documents contained within its production of documents in the Bair Hugger MDL upon entry of a protective order providing equivalent protections to the MDL protective order. To the extent this request seeks additional documents, or no such protective order is entered, 3M incorporates its General Objections and further objects to this request as overly broad, unduly burdensome, not focused on matters relevant to any party's claim or defense, and disproportionate to the needs of this case because it seeks information about products not alleged to have been utilized in Plaintiff's surgeries and not at issue in this case.

REQUEST NO. 54.   All documents concerning Dr. Scott Augustine, including but not limited to his allegations regarding the defects of the Bair Hugger Forced Air Warming System.

**RESPONSE:** 3M will produce non-privileged documents regarding Dr. Augustine's allegations concerning the Bair Hugger system contained within its production of documents in the Bair Hugger MDL, upon entry of a protective order providing equivalent protections to the MDL protective order. To the extent this request seeks additional documents, or no such protective order is entered, 3M incorporates its General Objections and specifically object to this request as overly broad, unduly burdensome, not focused on matters relevant to any party's claim or defense, and disproportionate to the needs of this case to the extent it seeks documents beyond those relating to Dr. Augustine's allegations concerning the Bair Hugger system.

REQUEST NO. 55.   All documents relating to any proposed or actual communications to or from Defendants' customers, potential customers, competitors, government regulators, researchers, journalists, consultants, advisors or any other person regarding waste heat produced by Bair Hugger warming or FAW generally and the potential consequences thereof.

**RESPONSE:** 3M will produce non-privileged documents relating specifically to the performance of the Bair Hugger 500 series and 700 series models in relation to operating room airflow contained within its production of documents in the Bair Hugger MDL, upon entry of a protective order providing equivalent protections to the MDL protective order. To the extent Plaintiff seeks additional documents, or no such protective order is entered, 3M incorporate its General Objections and further objects to this request as vague and ambiguous, overly broad, unduly burdensome, and disproportionate to the needs of this case. 3M also specifically objects to the phrase "the potential consequences thereof" as vague and ambiguous.

REQUEST NO. 56.   All documents relating to any proposed or actual communications to or from Defendants' customers, potential customers, competitors, government regulators, researchers, journalists, consultants, advisors or any other person regarding the contamination of Bair Hugger blowers specifically or FAW blowers generally and the potential consequences thereof.

**RESPONSE:** 3M will produce responsive, non-privileged documents contained within its production of documents in the Bair Hugger MDL upon entry of a protective order providing

equivalent protections to the MDL protective order. To the extent this request seeks additional documents, or no such protective order is entered, 3M incorporates its General Objections and further objects to this request as vague and ambiguous, overly broad, unduly burdensome, and disproportionate to the needs of this case. 3M also specifically objects to the phrase "potential consequences thereof" as vague and ambiguous.

REQUEST NO. 57.   Any   internal   documents   concerning   infection   risk   or   airborne contamination from Bair Hugger devices.

**RESPONSE:**  3M will produce responsive, non-privileged documents contained within its production of documents in the Bair Hugger MDL upon entry of a protective order providing equivalent protections to the MDL protective order. To the extent this request seeks additional documents, or no such protective order is entered, 3M incorporates its General Objections and further objects to this request as vague and ambiguous, overly broad, unduly burdensome, and disproportionate to the needs of the cases in the MDL. 3M specifically objects to the terms "infection risk" and "airborne contamination" as vague and ambiguous.

REQUEST NO. 58.   All packaging, warnings, and instructions that accompany or apply to a  Bair Hugger FAW.

**RESPONSE:** 3M will produce representative exemplars of product packaging, warnings, and instructions provided to healthcare providers with the Bair Hugger system models in the 500 and 700 series during the relevant time period. 3M objects to this request as overly broad as to time and subject matter, unduly burdensome, seeks information that is not relevant to the parties' claims or defenses, and is disproportionate to the needs of this case to the extent it seeks information about Bair Hugger system models not utilized in Plaintiff's surgeries and not at issue in this case, and/or materials never provided to or seen by Plaintiff and/or his healthcare providers prior to surgeries where a Bair Hugger system was used.

REQUEST NO. 59.   All documents provided to Defendants sales employees describing the safety or efficacy of the Bair Hugger, including, but not limited to both pre-warming and intraoperative warming.

**RESPONSE:**  3M will produce responsive, non-privileged documents contained within its production of documents in the Bair Hugger MDL upon entry of a protective order providing equivalent protections to the MDL protective order. To the extent this request seeks additional documents, or no such protective order is entered, 3M incorporates its General Objections and further objects to this request because it is overly broad, unduly burdensome, seeks information that is not relevant to the parties' claims or defenses, and is disproportionate to the needs of this case. 3M specifically objects to the terms "safety" and "efficacy" in this request as overly broad, vague and ambiguous. 3M also objects to this request to the extent it seeks information concerning safety matters not related to the types of injuries alleged in Plaintiff's petition. 3M objects to this request to the extent it relates to Bair Hugger system models/units not utilized in Plaintiff's surgeries and not at issue in this case.

REQUEST NO. 60.   All documents provided to sales representatives of Defendants regarding any allegations of defects or dangers associated with use of forced air warming, including but not limited to, allegations by Dr. Scott Augustine.

**RESPONSE:**  3M will produce any non-privileged responsive documents regarding Plaintiff's allegations or Dr. Augustine's allegations contained within its production of documents in the Bair Hugger MDL, upon entry of a protective order providing equivalent protections to the MDL protective order. To the extent this request seeks additional documents, or no such protective order is entered, 3M incorporates its General Objections and further objects to this request as vague and ambiguous, overly broad, unduly burdensome, and disproportionate to the needs of this case. 3M specifically objects on these bases to the extent the request seeks documents beyond those relating to Plaintiff's allegations in his petition and Dr. Augustine's

allegations concerning the Bair Hugger system. 3M further objects to the phrase "defects of forced air warming" as overly broad, vague and ambiguous.

REQUEST NO. 61.    All documents provided to or received from anyone regarding the safety of the Bair Hugger device or the potential for airborne contamination.

**RESPONSE:** 3M will produce any responsive, non-privileged, relevant documents relating to benefits or alleged risks from use of the Bair Hugger system contained within its production of documents in the Bair Hugger MDL, upon entry of a protective order providing equivalent protections to the MDL protective order. To the extent this request seeks additional documents, or no such protective order is entered, 3M incorporates its General Objections and further objects to this request as vague and ambiguous, overly broad, unduly burdensome, and disproportionate to the needs of this case. 3M specifically objects that the term "safety" in this request to the extent it seeks information on safety matters that are not related to the allegations in Plaintiff's petition. 3M further specifically objects to the extent this request relates to Bair Hugger system models/units and/or other forced air warming devices not utilized in Plaintiff's surgeries and not at issue in this case. 3M also objects to the term "anyone" as vague and ambiguous and overly broad.

REQUEST NO. 62.    All documents relating to, provided to, or received from any representative of the Surgical Care Improvement Project regarding the safety and/or efficacy of forced air warming.

**RESPONSE:**  3M will produce any responsive, non-privileged documents relating to benefits or alleged risks to patients from use of forced air warming systems contained within its production of documents in the Bair Hugger MDL, upon entry of a protective order providing equivalent protections to the MDL protective order. To the extent Plaintiff seeks additional documents, or no such protective order is entered, 3M incorporates its General Objections and further objects to this request as vague and ambiguous, overly broad, unduly burdensome, and

disproportionate to the needs of this case. 3M specifically objects that the term "safety" is vague and ambiguous and overbroad to the extent it seeks information on safety matters not related to the allegations in Plaintiff's petition. 3M further specifically objects to the extent this request relates to Bair Hugger system models/units and/or other forced air warming devices not utilized in Plaintiff's surgeries and not at issue in this case.

REQUEST NO. 63.   All documents relating to, provided to, or received from any representative of ECRI regarding the safety and/or efficacy of forced air warming.

**RESPONSE:**  3M will produce responsive, non-privileged documents contained within its production of documents in the Bair Hugger MDL upon entry of a protective order providing equivalent protections to the MDL protective order. To the extent this request seeks additional documents, or no such protective order is entered, 3M incorporates its General Objections and further objects to this request as overly broad, unduly burdensome, and disproportionate to the needs of this case.

REQUEST NO. 64.   All documents relating to, provided to, or received from any representative of the AORN regarding the safety and/or efficacy of forced air warming.

**RESPONSE:**  3M will produce responsive, non-privileged documents contained within its production of documents in the Bair Hugger MDL upon entry of a protective order providing equivalent protections to the MDL protective order. To the extent this request seeks additional documents, or no such protective order is entered, 3M incorporates its General Objections and further objects to this request as overly broad, unduly burdensome, and disproportionate to the needs of this case.

REQUEST NO. 65.   All documents reflecting discussions between Defendants and any third party relating to infection risk potentially associated with use of Bair Hugger products.

**RESPONSE:** 3M will produce responsive, non-privileged documents contained within its production of documents in the Bair Hugger MDL upon entry of a protective order providing

equivalent protections to the MDL protective order. To the extent this request seeks additional documents, or no such protective order is entered, 3M incorporates its General Objections and further objects to this request as overly broad, unduly burdensome, and disproportionate to the needs of this case. 3M specifically objects to the term "any third party" as vague, overbroad, and unduly burdensome.

REQUEST NO. 66.    All documents relating to responses or potential responses by Defendants to claims by anyone of safety risks related to Bair Hugger or forced air warming.

**RESPONSE:**   Upon entry of a protective order providing equivalent protections to the MDL protective order, 3M will produce any non-privileged documents contained within its production of documents in the Bair Hugger MDL that relate to any investigation and/or analysis conducted by or for 3M regarding allegations that the Bair Hugger system and/or forced air warming raises the risk of surgical site infections. To the extent this request seeks any additional documents, or no such protective order is entered, 3M incorporates its General Objections and further objects to this request as overly broad, unduly burdensome, not tailored to matters relevant to the claims or defenses of the parties, and disproportionate to the needs of this case, and specifically object to the extent it relates to any alleged safety risks other than those identified in Plaintiff's petition.

REQUEST NO. 67.    All documents relating to or referencing any article, published in a medical journal, publication, or otherwise, about the safety or efficacy of Bair Hugger in orthopedic surgery.

**RESPONSE:**   Upon entry of a protective order providing equivalent protections to the MDL protective order, 3M will produce any non-privileged documents contained within its production of documents in the Bair Hugger MDL relating to any published article about the safety or benefits of the Bair Hugger system. To the extent this request seeks any additional documents, or no such protective order is entered, 3M incorporates its General Objections and

31

further objects to this request as overly broad, unduly burdensome, not tailored to matters relevant to the claims or defenses of the parties, and disproportionate to the needs of this case, and specifically object to the extent it relates to any alleged safety risks other than those identified in Plaintiff's petition.

REQUEST NO. 68.   All medical articles or publications in Defendants' possession regarding the safety or efficacy of Bair Hugger in orthopedic surgery.

**RESPONSE:** 3M will produce documents sufficient to list any articles describing or identifying benefits to patients in surgeries involving hip or knee implants from the use of the Bair Hugger system. To the extent this request seeks any additional documents beyond those 3M has agreed to produce, 3M incorporates its General Objections and further objects to this request as overly broad, unduly burdensome, not tailored to matters relevant to the claims or defenses of the parties, and disproportionate to the needs of the cases in the MDL. 3M also specifically objects to the extent the request relates to any issues regarding safety or efficacy other than those alleged in Plaintiff's petition.

REQUEST NO. 69.   All documents relating to or referencing any study or experiment about the infection rates associated with utilization of Bair Hugger in the operating room, including during any implantation surgery.

**RESPONSE:** Upon entry of a protective order providing equivalent protections to the MDL protective order, 3M will produce any non-privileged documents contained within its production of documents in the Bair Hugger MDL relating to any published article about the safety or benefits of the Bair Hugger system. To the extent this request seeks any additional documents, or no such protective order is entered, 3M incorporates its General Objections and further objects to this request as overly broad, unduly burdensome, not tailored to matters relevant to the claims or defenses of the parties, and disproportionate to the needs of this case.

32

REQUEST NO. 70.   All documents relating to or referencing any article, published or to be published in a medical journal, medical publication, or otherwise, about the effect of the Bair Hugger on the airflow currents in an operating room.

**RESPONSE:** Upon entry of a protective order providing equivalent protections to the MDL protective order, 3M will produce any non-privileged documents contained within its production of documents in the Bair Hugger MDL relating to any published article about the safety or benefits of the Bair Hugger system. To the extent this request seeks any additional documents, or no such protective order is entered, 3M incorporates its General Objections and further objects to this request as overly broad, unduly burdensome, not tailored to matters relevant to the claims or defenses of the parties, and disproportionate to the needs of this case.

REQUEST NO. 71.   All documents relating to or referencing any article, published or to be published in a medical journal, medication publication, or otherwise, about the adequacy of the Bair Hugger filtration system.

**RESPONSE:**  Upon entry of a protective order providing equivalent protections to the MDL protective order, 3M will produce any non-privileged documents contained within its production of documents in the Bair Hugger MDL relating to any published article about the safety or benefits of the Bair Hugger system. To the extent this request seeks any additional documents, or no such protective order is entered, 3M further objects to this request as overly broad, unduly burdensome, not tailored to matters relevant to the claims or defenses of the parties, and disproportionate to the needs of this case. 3M specifically objects to the term "adequacy" as vague and ambiguous.

REQUEST NO. 72.   All internal reports regarding the safety and/or efficacy of Bair Hugger units from 1996 to the present.

**RESPONSE:**  3M will produce responsive, non-privileged documents contained within its production of documents in the Bair Hugger MDL upon entry of a protective order providing equivalent protections to the MDL protective order, including complaints, if any, regarding

33

surgical site infections or periprosthetic joint infections alleged to follow use of the Bair Hugger system, for the relevant time period. 3M will also produce any product complaint file related to the Plaintiff. These documents will be produced to the extent authorized by law (see below).

To the extent this request seeks documents beyond those 3M has already produced, or no protective order is entered, 3M incorporates its General Objections and further objects as follows: 3M objects to this request because it is overly broad, unduly burdensome, seeks information that is not relevant to the parties' claims or defenses, and is disproportionate to the needs of this case. 3M objects to the terms "internal reports" and "safety" in this specific context as vague and ambiguous. 3M also objects to this request to the extent it seeks complaint files relating to injuries that are of a type not reasonably similar to Plaintiff's alleged injuries, or involve events not substantially similar to the events alleged in Plaintiff's petition, as such information is not relevant nor proportionate to the needs of this case. 3M further objects to this request on the grounds that federal law and regulation specifically require 3M not to disclose, including in civil discovery, the identities of patients, hospitals, or health-care professionals (or any third party) who report to 3M or the FDA serious injuries, deaths or alleged malfunctions which could lead to serious injury or death. Thus, to the extent any responsive information or documents reveal names or other identifying information of patients, hospitals, health-care professionals or any third party who reported such complaints, such information is protected from disclosure by FDA regulations.

3M objects that federal statutory authority and regulatory law prohibit use of such information in a civil action for any purpose. 3M further objects to this request to the extent it seeks information protected from disclosure by federal and state privacy laws, the physician-patient privilege and federal laws and regulations. Patient-identifying information, including

name, birth date, social security number, phone number and address will be redacted from any documents produced in response to this request. 3M objects that information regarding reported product complaints is available in properly redacted format from the FDA's MAUDE database which can be found at the following web address: http://www.accessdata.fda.gov/scripts/ cdrh/cfdocs/cfMAUDE/search.CFM.

REQUEST NO. 73.   All documents and/or databases in your possession, custody, or control comprising or regarding any committee, task force, and/or group you created or participated in to address or handle questions or concerns related to the association or casual connection between Bair Hugger surgical site infections.

**RESPONSE:**  3M objects to the phrase "causal connection between Bair Hugger and contamination of the Bair Hugger" as entirely vague and ambiguous. 3M further objects to this request as overly broad and unduly burdensome to the extent it seeks production of "databases," rather than focusing on documents that are relevant to the parties' claims or defenses. Should Plaintiff clarify what he is seeking with this request, 3M will supplement its response.

REQUEST NO. 74.   All articles or documents discussing the use of Bair Hugger in surgeries involving hip or knee implants.

**RESPONSE:**  3M will produce documents sufficient to list any articles describing or identifying benefits to patients in surgeries involving hip or knee implants from the use of the Bair Hugger system from the Bair Hugger MDL. To the extent this request seeks any additional documents, 3M incorporates its General Objections and further objects to this request as overbroad, unduly burdensome, disproportionate to the needs of this case, and not tailored to the matters relevant to Plaintiff's claims or 3M's defenses. 3M further specifically objects to the extent that it seeks production of all documents discussing the use of the Bair Hugger system in surgeries involving hip or knee implants. Read literally, this request would call for the production of nearly every document in the possession, custody, or control of 3M discussing the

35

use of the Bair Hugger system. 3M further objects to production of articles that are equally available to Plaintiff.

REQUEST NO. 75.   All articles or documents supporting the use of Bair Hugger in surgeries involving hip or knee implants.

**RESPONSE:**  3M will produce documents sufficient to list any articles describing or identifying benefits to patients in surgeries involving hip or knee implants from the use of the Bair Hugger system from the Bair Hugger MDL. To the extent this request seeks any additional documents, 3M incorporates its General Objections and objects to this request as overbroad, unduly burdensome, disproportionate to the needs of this case, and not tailored to the matters relevant to Plaintiff's claims or 3M's defenses. 3M further specifically objects to the extent that it seeks production of all documents discussing the use of the Bair Hugger system in surgeries involving hip or knee implants. Read literally, this request would call for the production of nearly every document in the possession, custody, or control of 3M discussing the use of the Bair Hugger system. 3M further objects to production of articles that are equally available to Plaintiff.

REQUEST NO. 76.   All documents that constitute the "Device Master Record" (DMR) for Bair Hugger models series 200, 500 and 700, including 200, 505, 750, and 775, as that term is defined in 21 CFR 820.181.

**RESPONSE:** Upon entry of a protective order providing equivalent protections to the MDL protective order, 3M will produce any documents that constitute the Device Master Record for Bair Hugger system models in the 500 and 700 series, to the extent a DMR was required by 21 CFR 820.181 for the applicable device and time period. To the extent Plaintiff seeks additional documents, or no such protective order is entered, 3M incorporates its General Objections and further objects to this request as overly broad as to time and subject matter, unduly burdensome, and disproportionate to the needs of this case. 3M further specifically objects to the extent this request relates to Bair Hugger system models/units and/or other forced

36

air warming devices not utilized in Plaintiff's surgeries and not at issue in this case.

REQUEST NO. 77.   All documents that constitute the "Device History Record" (DHR) for Bair Hugger models series 200, 500 and 700, including 200, 505, 750, and 775, as that term is defined in 21 CFR 820.184.

**RESPONSE:** Upon entry of a protective order providing equivalent protections to the MDL protective order, 3M will produce any documents that constitute the Device History Record for Bair Hugger system models in the 500 and 700 series, including the 505, 750, and 775, to the extent a DHR was required by 21 CFR 820.184 for the applicable device and time period. To the extent Plaintiff seeks additional documents, or no such protective order is entered, 3M incorporates its General Objections and further objects to this request as overly broad as to time and subject matter, unduly burdensome, and disproportionate to the needs of this case. 3M further specifically objects to the extent this request relates to Bair Hugger system models/units and/or other forced air warming devices not utilized in Plaintiff's surgeries and not at issue in this case.

REQUEST NO. 78.   All documents that constitute the "Quality System Record" (QSR) for Bair Hugger models series 200, 500 and 700, including 200, 505, 750, and 775, as that term is defined in 21 CFR 820.186.

**RESPONSE:**  3M will produce responsive, non-privileged documents contained within its production of documents in the Bair Hugger MDL upon entry of a protective order providing equivalent protections to the MDL protective order. To the extent Plaintiff requests additional documents, or no such protective order is entered, 3M objects to this request as vague and ambiguous, because by definition the Quality System Record is "not specific to a particular type of device(s)." 3M further objects to this request to the extent 21 CFR 820.186, and interpretation of that provision, has changed over the relevant time period. 3M also objects to this request because it is overly broad as to time and subject matter, unduly burdensome, seeks information

that is not relevant to the parties' claims or defenses, and is disproportionate to the needs of this case.

REQUEST NO. 79.   All documents that constitute the "Design History File" (DHF) for Bair Hugger models series 200, 500 and 700, including 200, 505, 750, and 775, as that term is defined in 21 CFR 820.30(j).

**RESPONSE:**  Upon entry of a protective order providing equivalent protections to the MDL protective order, 3M will produce any documents that constitute the Design History File for Bair Hugger system models in the 500 and 700 series to the extent a DHF was required for such model by 21 C.F.R. 820.30(j). To the extent Plaintiff seeks additional documents, or no such protective order is entered, 3M incorporates its General Objections and further objects to this request as overly broad as to time and subject matter, unduly burdensome, and disproportionate to the needs of this case. 3M further specifically objects to the extent this request relates to Bair Hugger system models/units and/or other forced air warming devices not utilized in Plaintiff's surgeries and not at issue in this case.

REQUEST NO. 80.   All documents relating to any quality audits as defined by 21 CFR 820.22.

**RESPONSE:** 3M objects to this request as overly broad, unduly burdensome, not sufficiently focused on matters relevant to the parties' claims or defenses, and disproportionate to the needs of this case because it calls for production of all documents relating to any quality audit conducted at any time, for any reason. 3M further specifically objects that 3M's documents responsive to this request that predate its acquisition of Arizant are irrelevant.

REQUEST NO. 81.   All documents relating to "procedures for implementing corrective and preventive action" as set forth in 21 CFR 820.100(a)(1–7).

**RESPONSE:** 3M objects to this request as overly broad, unduly burdensome, not focused on the matters relevant to the parties' claims and defenses, and disproportionate to the

needs of this case. 3M also specifically objects to this request to the extent it calls for production of 3M's documents predating its acquisition of Arizant.

REQUEST NO. 82.   All documents containing or discussing the results of any investigation, review, or inquiry conducted or requested by you into the injuries sustained by any person as a result of the use of the Bair Hugger.

**RESPONSE:** 3M incorporates its responses and objections to Request Nos. 46 and 72.

In addition, 3M will produce responsive, non-privileged documents contained within its production of documents in the Bair Hugger MDL upon entry of a protective order providing equivalent protections to the MDL protective order. To the extent this request seeks any additional documents, or no such protective order is entered, 3M objects to this request as overbroad, unduly burdensome, disproportionate to the needs of this case, and not tailored to the matters relevant to Plaintiff's claims or 3M's defenses.

REQUEST NO. 83.   Any and all adverse reaction reports or similar reports concerning the care and treatment of persons using the Bair Hugger.

**RESPONSE:** 3M incorporates its responses and objections to Request Nos. 46 and 72.

In addition, 3M will produce responsive, non-privileged documents contained within its production of documents in the Bair Hugger MDL upon entry of a protective order providing equivalent protections to the MDL protective order. To the extent this request seeks any additional documents, or no such protective order is entered, 3M objects to this request as overbroad, unduly burdensome, disproportionate to the needs of this case, and not tailored to the matters relevant to Plaintiff's claims or 3M's defenses.

REQUEST NO. 84.   All documents relating to any FDA audit of the Defendant.

**RESPONSE:** Because this Request seeks documents relating to *any* FDA audit, 3M objects to this request as overbroad, unduly burdensome, disproportionate to the needs of this case, and not tailored to the matters relevant to Plaintiff's claims or 3M's defenses. Without

39

waiving this objection, 3M will produce responsive, non-privileged documents contained within its production of documents in the Bair Hugger MDL upon entry of a protective order providing equivalent protections to the MDL protective order.

REQUEST NO. 85.   All documents provided to or received from the FDA regarding the potential for Bair Hugger contamination or disruption of operating theater airflow.

**RESPONSE:** 3M will produce the 510(k) submission and any supplemental submissions for Bair Hugger system models 505, 750, and 775. In addition, 3M will produce responsive, non-privileged documents contained within its production of documents in the Bair Hugger MDL upon entry of a protective order providing equivalent protections to the MDL protective order. To the extent this request seeks any additional documents, or no such protective is entered, 3M incorporates its General Objections and further objects to this request as overbroad, unduly burdensome, disproportionate to the needs of this case, and not tailored to the matters relevant to Plaintiff's claims or 3M's defenses. 3M objects to this request to the extent it seeks information about any Bair Hugger system model not utilized in Plaintiff's surgeries and not at issue in this case.

REQUEST NO. 86.   All documents relating to the FDA clearance/approval process of the Bair Hugger model 200.

**RESPONSE:** 3M will produce the 510(k) submission and any supplemental submissions for Bair Hugger system model 200. In addition, 3M will produce responsive, non-privileged documents contained within its production of documents in the Bair Hugger MDL upon entry of a protective order providing equivalent protections to the MDL protective order. To the extent this request seeks any additional documents, or no such protective is entered, 3M incorporates its General Objections and further objects to this request as overbroad, unduly burdensome, disproportionate to the needs of this case, and not tailored to the matters relevant to Plaintiff's claims or 3M's defenses. 3M objects to this request to the extent it seeks information

about any Bair Hugger system model not utilized in Plaintiff's surgeries and not at issue in this case.

REQUEST NO. 87.   All documents provided to and/or received from the FDA regarding any Bair Hugger Model.

**RESPONSE:**   3M will produce responsive, non-privileged documents contained within its production of documents in the Bair Hugger MDL upon entry of a protective order providing equivalent protections to the MDL protective order. To the extent this request seeks any additional documents, or no such protective order is entered, 3M incorporates its General Objections and further objects to this request as overly broad as to time and subject matter, unduly burdensome, and disproportionate to the needs of this case because many responsive documents have no relevance to Plaintiff's allegations or 3M's defenses. 3M specifically objects to the extent this request relates to Bair Hugger system models/units and/or other forced air warming devices not utilized in Plaintiff's surgeries and not at issue in this case.

REQUEST NO. 88.   All documents relating to any device identified as "substantially equivalent" in any Bair Hugger 510k submission.

**RESPONSE:**   3M objects to this request as overly broad, unduly burdensome, and disproportionate to the needs of this case because many responsive documents have no relevance to Plaintiff's allegations or 3M's defenses. The phrase "in any Bair Hugger 510k submission" is so broad that this request encompasses Bair Hugger system models/units not utilized in Plaintiff's surgeries and not at issue in this case.

REQUEST NO. 89.   All documents, videos, photographs, relating to the testing of the Bair Hugger device.

**RESPONSE:**   In the Bair Hugger MDL, 3M provided Plaintiffs' Co-Lead Counsel with a list of testing related to the Bair Hugger system and Plaintiff identified tests to be produced. Those test documents are included in 3M's MDL production and 3M will produce them in this

41

case upon entry of a protective order providing equivalent protections to the MDL protective

order. To the extent this request seeks documents beyond those documents 3M produced in the

Bair Hugger MDL, or no such protective order is entered, 3M incorporates its General

Objections and further objects to this request as overly broad, unduly burdensome, and

disproportionate to the needs of this case because many tests relating to the Bair Hugger system

have no relevance to Plaintiff's allegations or 3M's defenses.

REQUEST NO. 90.   All documents relating to any calculations, suggested and/or made, to determine any effect on the operating room environment related to the Bair Hugger device.

**RESPONSE:** 3M will produce responsive, non-privileged documents contained within

its production of documents in the Bair Hugger MDL upon entry of a protective order providing

equivalent protections to the MDL protective order. To the extent this request seeks any

additional documents, or no such protective order is entered, 3M incorporates its General

Objections and further objects to this request as overly broad, unduly burdensome, and vague

and ambiguous. The phrase "effect on the operating room environment" is so broad that this

request encompasses any calculations of any kind concerning patient warming. The request

should be limited to the specific issues alleged in Plaintiff's petition.

REQUEST NO. 91.   All documents relating to studies of the Bair Hugger devices, including sponsored, proposed, attempted, and/or completed studies.

**RESPONSE:**  3M will produce responsive, non-privileged documents contained within

its production of documents in the Bair Hugger MDL upon entry of a protective order providing

equivalent protections to the MDL protective order. To the extent this request seeks any

additional documents, or no such protective order is entered, 3M incorporates its General

Objections and further objects to this request as overly broad, unduly burdensome, and

disproportionate to the needs of this case because not all studies of the Bair Hugger devices are

relevant to the issues in the case, and not all documents relating to studies are relevant. 3M

further objects to this Request to the extent it seeks publicly available information.

REQUEST NO. 92.   All documents relating to current or planned sponsored studies regarding
the Bair Hugger devices and/or forced air warming.

**RESPONSE:**  3M will produce responsive, non-privileged documents contained within

its production of documents in the Bair Hugger MDL upon entry of a protective order providing

equivalent protections to the MDL protective order. To the extent this request seeks any

additional documents, or no such protective order is entered, 3M incorporates its General

Objections and further objects to this request as overly broad, unduly burdensome, and

disproportionate to the needs of this case because not all studies of the Bair Hugger devices are

relevant to the issues in the case, and not all documents relating to studies are relevant. 3M

further objects to this Request to the extent it seeks publicly available information.

REQUEST NO. 93.   All documents relating to research regarding the Bair Hugger and/or
forced air warming.

**RESPONSE:** 3M will produce responsive, non-privileged documents contained within

its production of documents in the Bair Hugger MDL upon entry of a protective order providing

equivalent protections to the MDL protective order. To the extent this request seeks any

additional documents, or no such protective order is entered, 3M incorporates its General

Objections and further objects to this request to this request as overly broad, unduly burdensome,

not tailored to matters relevant to the claims or defenses of the parties, and disproportionate to

the needs of this case.

REQUEST NO. 94.   All documents relating to any investigation and/or analysis conducted
by or for Defendants regarding allegations of any sort that Bair Hugger and/or forced air
warming creates safety risks for surgical patients.

**RESPONSE:**  Upon entry of a protective order providing equivalent protections to the

MDL protective order, 3M will produce responsive, non-privileged documents contained within

its production of documents in the Bair Hugger MDL that relate to any investigation and/or analysis conducted by or for 3M regarding allegations that the Bair Hugger system and/or forced air warming raises the risk of surgical site infections. To the extent this request seeks any additional documents, or no such protective order is entered, 3M incorporates its General Objections and further objects to this request as overly broad, unduly burdensome, not tailored to matters relevant to the claims or defenses of the parties, and disproportionate to the needs of this case to the extent it seeks documents relating to any purported "safety risks" other than those identified in Plaintiff's petition. 3M also specifically objects that the phrase "allegations of any sort" is overly broad, vague, and ambiguous.

REQUEST NO.95.   All documents, including videos, relating to the potential effect of vented/waste heat from Bair Hugger devices in an actual and/or simulated operating room.

**RESPONSE:** Upon entry of a protective order providing equivalent protections to the MDL protective order, 3M will produce responsive, non-privileged documents contained within its production of documents in the Bair Hugger MDL. To the extent this request seeks additional documents, 3M incorporates its General Objections and further objects to this request as overly broad, unduly burdensome, and disproportionate to the needs of this case. 3M also objects to the phrase "waste heat" as vague and ambiguous.

REQUEST NO. 96.   All documents relating to any research, experiments, or tests conducted by or for Defendants regarding potential contamination of the airflow paths of Bair Hugger, the creation of convection currents in the operating room, and/or any other safety concern.

**RESPONSE:** Upon entry of a protective order providing equivalent protections to the MDL protective order, 3M will produce responsive, non-privileged documents contained within its production of documents in the Bair Hugger MDL. To the extent this request seeks additional documents, or such a protective order is not entered, 3M incorporates its General Objections and further objects to this request as overly broad, unduly burdensome, and disproportionate to the

needs of the cases in the MDL. 3M also specifically objects to the terms "airflow paths of Bair

Hugger," "convection currents," and "any other safety concern" as overly broad, vague, and

ambiguous.

REQUEST NO. 97.   All documents or emails concerning Hybeta in Amersfoort, including
but not limited to, all communications with Hybeta.

    **RESPONSE:**  Upon entry of a protective order providing equivalent protections to the

MDL protective order, 3M will produce responsive, non-privileged documents contained within

its production of documents in the Bair Hugger MDL. To the extent this request seeks additional

documents, or such a protective order is not entered, 3M incorporates its General Objections and

further objects to this request as overly broad, unduly burdensome, not reasonably limited to the

matters relevant to the parties' claims and defenses, and disproportionate to the needs of this

case.

REQUEST NO. 98.   The analysis or interpretation of data compiled by Defendants regarding
the study conducted by Hybeta in Amersfoort in the Netherlands.

    **RESPONSE:**  Upon entry of a protective order providing equivalent protections to the

MDL protective order, 3M will produce responsive, non-privileged documents contained within

its production of documents in the Bair Hugger MDL. To the extent this request seeks additional

documents, or such a protective order is not entered, 3M incorporates its General Objections and

further objects to this request to the extent it seeks publicly available information, and is overly

broad, unduly burdensome, and disproportionate to the needs of this case.

REQUEST NO. 99.   Internal reports from unpublished airflow studies conducted in the
Netherlands that studied airflow in an operating room setting, including over patients and
around operating room tables.

    **RESPONSE:**  Upon entry of a protective order providing equivalent protections to the

MDL protective order, 3M will produce responsive, non-privileged documents contained within

its production of documents in the Bair Hugger MDL. (3M construes the phrase "internal

reports" to mean reports internal to 3M.) To the extent this request seeks additional documents, or such a protective order is not entered, 3M incorporates its General Objections and further objects to this request as overly broad, unduly burdensome, and disproportionate to the needs of this case.

<u>REQUEST NO. 100</u>.  All documents regarding any epidemiological studies considered and/or performed by Defendants regarding infections caused by forced air warming.

**RESPONSE:**  Upon entry of a protective order providing equivalent protections to the MDL protective order, 3M will produce responsive, non-privileged documents contained within its production of documents in the Bair Hugger MDL.  To the extent this request seeks additional documents, or such a protective order is not entered, 3M incorporates its General Objections and further objects to this request as overly broad, unduly burdensome, and disproportionate to the needs of this case. In responding to this request or any other request, 3M does not admit (and specifically deny) that forced air warming causes surgical site infections.

<u>REQUEST NO. 101</u>.  All documents regarding any epidemiological studies considered and/or performed by Defendants regarding increased particles over the surgical site caused by forced air warming.

**RESPONSE:**  Upon entry of a protective order providing equivalent protections to the MDL protective order, 3M will produce responsive, non-privileged documents contained within its production of documents in the Bair Hugger MDL.  To the extent this request seeks additional documents, or such a protective order is not entered, 3M incorporates its General Objections and further objects to this request as overly broad, unduly burdensome, and disproportionate to the needs of this case.

<u>REQUEST NO. 102</u>. All documents regarding any studies performed by Defendants, their predecessors, and/or third parties that concern infection rates potentially associated with use of any other type of patient warming systems, including fabric blankets, conductive blankets, or other types of forced air warming.

46

**RESPONSE:** Upon entry of a protective order providing equivalent protections to the MDL protective order, 3M will produce responsive, non-privileged documents contained within its production of documents in the Bair Hugger MDL. To the extent this request seeks additional documents, or such a protective order is not entered, 3M incorporates its General Objections and further objects to this request as overly broad, unduly burdensome, and disproportionate to the needs of this case. 3M objects to the extent Plaintiff has equal access to such documents concerning third-party testing of other manufacturers' devices.

REQUEST NO. 103. Produce any and all tests and/or trials, including set-up documents, protocols, videotapes of testing, analysis of tests, summaries of tests, and/or test results themselves, conducted to evaluate the safety, efficacy, and/or performance of the Bair Hugger devices since its development by you or sponsored by you.

**RESPONSE:** In the Bair Hugger MDL, 3M provided Plaintiff's counsel with a list of testing related to the Bair Hugger system and Plaintiff identified tests to be produced. Those test documents are included in 3M's MDL production and 3M will produce them in this case upon entry of a protective order providing equivalent protections to the MDL protective order. To the extent this request seeks documents beyond those documents 3M produced in the Bair Hugger MDL, or no such protective order is entered, 3M incorporates its General Objections and further objects to this request as overly broad, unduly burdensome, and disproportionate to the needs of this case because many tests relating to the Bair Hugger system have no relevance to Plaintiff's allegations or 3M's defenses.

REQUEST NO. 104. All documents regarding any studies performed by Defendants, their predecessors, or third parties using computational fluid dynamics to model the effects of the Bair Hugger System in an operating room.

**RESPONSE:** Upon entry of a protective order providing equivalent protections to the MDL protective order, 3M will produce responsive, non-privileged documents contained within its production of documents in the Bair Hugger MDL, and will produce the MDL expert report

of Dr. John Abraham and the transcript of Dr. Abraham's MDL deposition testimony. To the extent this request seeks additional documents, or such a protective order is not entered, 3M incorporates its General Objections and further objects to this request as overly broad, unduly burdensome, and disproportionate to the needs of this case. 3M objects to the extent Plaintiff has equal access to such documents concerning third-party computational fluid dynamics modeling.

## GENERAL OBJECTIONS

3M makes Specific Objections to each separate Request in its responses above. 3M also make the following General Objections and incorporate them by reference to avoid the wasteful exercise of repeating the same objections for each Response.

1.      3M objects to the Requests because they duplicate document requests served by Plaintiffs' Co-Lead Counsel in the Bair Hugger MDL. As discussed above, the parties engaged in an extensive meet and confer concerning these requests, orders governing 3M's production were entered by the MDL Court, and 3M produced a large quantity of responsive documents. Once a protective order is entered providing equivalent protections to the MDL Protective Order, 3M will make available to Plaintiff its production from the Bair Hugger MDL, as set forth above. Requiring 3M to respond to 104 duplicative requests in this case is unduly burdensome, unnecessary, and disproportionate to the needs of the case.

2.      3M objects to collecting and reviewing documents from custodians and custodial sources beyond those it collected in the Bair Hugger MDL, other than as necessary to produce case-specific documents relating to 3M's placement of the Bair Hugger patient warming system at Valley Baptist Medical Center – Brownsville. Any additional custodial collection would be unduly burdensome and disproportionate to the needs of this case.

3.      3M does not in any way adopt Plaintiff's purported definitions of words and phrases, and reserve the right to object to them to the extent they are inconsistent with either

48

(i) the definitions set forth by 3M where applicable; (ii) the definitions set out in relevant statutes, regulations, or guidance; or (iii) the ordinary and customary meaning of the terms.

4.      3M objects to the definitions set forth or used in Plaintiff's Requests to the extent they are overly broad, vague, misleading, erroneous, or seek to define terms in a manner inconsistent with federal regulations or their implementing rules.

5.      3M objects to the definition of "Bair Hugger" as vague, ambiguous, overbroad and unduly burdensome to the extent it is intended to include medical devices other than the Bair Hugger model used in Plaintiff's November 13, 2014 surgery, and to the extent it seeks information not in 3M's possession, custody, or control. For the sake of clarity, 3M's answers and responses refer to the "Bair Hugger system," which is meant to include only the Bair Hugger™ system 505, 750, and 775 models.

6.      3M objects to Plaintiff's Requests to the extent they call for disclosure of information that is protected by the attorney-client privilege, the attorney work product doctrine, or other applicable privileges, immunities, or exemptions, or contractual confidentiality provisions.

7.      3M objects to producing confidential information or documents of persons who are not parties to this action, and/or that are protected from disclosure pursuant to the patient/physician privilege relationship and/or federal or state authority and regulatory law including, without limitation, the Health Insurance Portability and Accountability Act of 1996 (HIPAA), 45 C.F.R. § 164.500, *et seq.*

8.      3M objects to the Requests to the extent the information and documents sought are protected from discovery pursuant to 21 C.F.R. § 20.63(f), which prohibits a manufacturer from disclosing identifying information regarding reports or other persons associated with an

adverse event report, and 21 U.S.C. § 360i(b)(3), which provides device user reports shall not be admissible into evidence or otherwise used in any civil action involving private parties. *See also, In re Medtronic*, 194 F. 3d 807 (8th Cir. 1999).

9.      3M objects to the definitions of "You," "Your," "Defendant," and "Defendants" as overbroad to the extent they purport to impose obligations on 3M to produce documents that are not in its possession, custody, or control.

10.      3M objects to the use of the words "any" and "all" in Plaintiffs' requests as being, in many instances, overbroad and too encompassing to permit literal compliance. In providing responses to the MDL Plaintiffs' requests and Plaintiff's Requests here, 3M has undertaken a reasonable effort to locate documents and to provide information. 3M's investigation is continuing, and 3M's responses are based upon such information as is reasonably available to 3M and susceptible to retrieval through reasonable effort.

11.      3M objects to the Requests to the extent they seek documents that are publicly available.

12.      3M objects to the Requests to the extent they seek information or documents that go beyond the scope of the allegations set forth in Plaintiff's Petition.

13.      To the extent that 3M states that it "will produce" or "make available" documents in response to any request, 3M does not admit that there exist documents responsive to the request. Rather, 3M will undertake a reasonable effort to locate documents within its possession, custody or control and to provide information responsive to the request.

14.      To the extent any request seeks confidential business and proprietary information, trade secrets, other confidential business, financial or otherwise commercially sensitive or commercially competitive information and documents, or information that 3M is required to treat

as confidential pursuant to contract, law or agreement with state and/or federal authorities, 3M objects to the production or disclosure of any such information prior to the entry of an appropriate protective order, and in particular, a protective order providing equivalent protections to the MDL Protective order.

15.     3M objects to the Requests to the extent they seek confidential information regarding persons who are not parties to this action and/or that is protected from disclosure pursuant to the attorney-client privilege and attorney work product doctrine.

16.     These General Objections are applicable to, and incorporated in, each of 3M's responses as if specifically set forth therein. The stating of specific objections to a particular request shall not be construed as a waiver of 3M's General Objections. Nor does the restatement of or specific reference to a General Objection in the response to a particular discovery request waive any other General Objection. Additionally, unless otherwise specifically stated, 3M's objections to each discovery request apply to the entire request, including each and every subpart of the request.

17.     3M's responses to these Requests are made subject to, and without waiving, or intending to waive, any of the objections noted above, and 3M also do not waive:

a.     Any questions as to competency, relevancy, materiality, privilege, and admissibility as evidence for any purpose of any of the documents referred to or responses given, or the subject matter thereof in any subsequent proceeding in, or any trial of, this action or any other action or proceeding;

b.     The right to object to other discovery procedures involving or relating to the subject matter of the discovery requests answered or responded to herein; or

      c.        The rights at any time to revise, correct, add to, or clarify any of the answers or responses set forth herein.

Dated:  March 1, 2019

Respectfully submitted,

THOMPSON, COE, COUSINS & IRONS, L.L.P.
Zandra E. Foley
Texas State Bar No. 24032085
One Riverway, Suite 1400
Houston, TX  77056-1988
(713) 403-8377  Telephone
(713) 403-8299  Telecopier
E-mail: *zfoley@thompsoncoe.com*


By:  /s/ Deborah E. Lewis
     Deborah E. Lewis
     Texas State Bar No. 12275232
     MN I.D. No. 97922
     BLACKWELL BURKE P.A.
     431 South Seventh St, Suite 2500
     Minneapolis, MN 55415
     T: (612) 343-3200  F: (612) 343-3205
     blackwell@blackwellburke.com
     bhulse@blackwellburke.com
     myoung@blackwellburke.com

**ATTORNEYS FOR DEFENDANTS
3M COMPANY AND ARIZANT
HEALTHCARE INC.**

## <u>CERTIFICATE OF SERVICE</u>

I do hereby certify that a true and correct copy of the foregoing instrument was delivered to all counsel of record in accordance with the Texas Rules of Civil Procedure on this the 1st day of March, 2019.

Albert Garcia
Garcia & Martinez, L.L.P.
6900 North 10th Street, Suite 2
McAllen, Texas 78504
**Attorneys for Plaintiff**

William Gault
Gault, Nye & Quintano, LLP
P.O. Box 5959
Brownsville, TX  78523
**Attorneys for Javier Barbosa, Javier Barbosa, PA**

Ronald G. Hole
Hole & Alvarez, L.L.P.
P.O. Box 720547
McAllen, TX  78504
**Attorneys for Defendant**
**Raymond R. "Trey" Fulp, III, D.O**.

  */s/ Deborah E. Lewis*
Deborah E. Lewis