IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

| | |
|---|---|
| IN RE: BAIR HUGGER FORCED AIR WARMING PRODUCT LIABILITY LITIGATION | MDL No.: 15-md-02666 (JNE/DTS) |

This Document Relates To:

Carla Walters vs. 3M Company, et al,
Civ. No. 0:18-cv-02764 (JNE/DTS)

_____

### PLAINTIFF'S RESPONSE TO DEFENDANTS' NINTH MOTION TO DISMISS FOR FAILURE TO COMPLY WITH PTO 23 AND FRCP 41(B) AND 25(A), OR FOR LACK OF STANDING

COMES NOW Plaintiff Carla Walters, identified in Defendants' Ninth Motion to Dismiss 3 for Failure to Comply with PTO 23 and FRCP 41(B) and 25(A), or for Lack of Standing [Dkt. 2028], by and through undersigned counsel, and submits this, her Response in Partial Opposition to Defendants' Motion to Dismiss, and would respectfully show the Court as follows:

### FACTUAL BACKGROUND

Plaintiff Carla Walters retained undersigned counsel on May 25, 2016, to investigate potential claims she may have regarding a deep joint infection and sequelae she experienced after left total knee arthroplasty, where a Bair Hugger forced air warming device was used.

Counsel worked closed with Plaintiff to complete the Plaintiff Fact Sheet (PFS) to ensure that Plaintiff would be able to meet her discovery obligations upon filing of the

Complaint. Plaintiff's Complaint was filed and her PFS was served upon Defendants. Defendants served a letter indicating core deficiencies in the PFS. In the course of addressing the deficiencies, Counsel for Plaintiff learned that Ms. Walters had died.

Counsel was contacted by Ms. Walters' family. The family indicated that no estate had been established and that no administrator, personal representative, or executor of estate had been appointed. Ms. Walters' family indicated that they would notify Counsel if an estate was created or an administrator, executor, or personal representative of the estate was appointed so that the instant matter could proceed, once an appropriate party was substituted for the decedent.

Counsel filed the Notice of Suggestion of Death on March 12, 2019. To date, Counsel has not received any further communications from any family member of Ms. Walters. Counsel's efforts to contact Patrick Walters, Ms. Walters' son, have not been successful. Counsel is unable to determine whether a proper party exists that may substitute into his cause of action to replace the decedent. Counsel has also been unable to address any deficiencies in the PFS as a result.

Counsel notified Benjamin Hulse, counsel for Defendants, that she has been unable to contact Ms. Walter's family at the time of the Meet and Confer. Mr. Hulse inadvertently failed to inform the Court that Counsel responded to the request to Meet and Confer, but was not able to respond on Plaintiff's behalf, insofar as Ms. Walters has died and no proper party has stepped forward to substitute in as plaintiff.

**ARGUMENT**

Counsel for Plaintiff requests that the Court issue an order dismissing this matter without prejudice, in the interests of justice.

Plaintiff agrees that this Court has both the authority and power to dismiss a party's claims with or without prejudice. Plaintiff does not dispute the requirements of the case management orders entered by the Court and acknowledges the requirement that she obey the same. Moreover, Plaintiff acknowledges the inherent power of the Court to control it's own docket. In addition, the Eighth Circuit has recognized that "administering cases in multidistrict litigation is different from administering cases on a routine docket. " *Freeman v. Wyeth,* 764 F.3d 806 (8th Cir. 2014)(quoting *In Guidant Corp.,* 496 F.3d 863, 867 (8th Cir. 2007)). Thus, "to encourage efficiency, 'MDL courts must be given greater discretion to organize, coordinate and adjudicate its proceedings, including the dismissal of cases for failure to comply with its orders,'" *Id*.

In the instant matter, Plaintiff has not caused undue delay. Counsel for Plaintiff submitted the Suggestion of Death upon confirming that Ms. Walters had died. Counsel has sought to determine with Ms. Walters' family or any appropriate person intended to substitute into the instant action. Plaintiff's family is no longer responding to attempts at contact made by Counsel. Any violation of this Court's order was not willful, nor was it prejudicial. Defendants were notified of Plaintiff's apparent death by Counsel. Plaintiff had previously submitted a PFS to satisfy her discovery obligations. This delay did not prejudice Defendants' ability to manage or investigate Plaintiff's claims.

A dismissal with prejudice "is a drastic sanction that should be exercised sparingly." *Pardee v. Stock,* 712 F.2d 1290, 1292 (8th Cir.1983). Any potential noncompliance by Plaintiff with Pretrial Order 23(A) was not willful or in bad faith, and a dismissal with prejudice would be extreme. A dismissal with prejudice "should be used

3

only in cases of willful disobedience of a court order or where a litigant exhibits a pattern of intentional delay." *Hunt v. City of Minneapolis,* 203 F. 3d 524, 527 (8th Cir. 2000).

Counsel for Plaintiff does not oppose dismissal. However, Counsel for Plaintiff requests that any dismissal be entered without prejudice, in the interests of justice, so that an appropriate person may pursue claims on behalf of Plaintiff's estate, should one be created. Dismissal without prejudice serves the interest of justice by protecting the interests of Plaintiff's estate, should one be created and strikes the appropriate balance between controlling the Court's docket and ensuring Plaintiff's access to justice.

Counsel for Plaintiff thus respectfully prays that this Court either enter an order dismissing her matter without prejudice.

Dated this 9th day of July, 2019.

                                Respectfully submitted,

                                s/Amber M. Pang Parra
                                AMBER M. PANG PARRA, ESQ.
                                JUSTINIAN & ASSOCIATES PLLC
                                6228 Bandera Road
                                San Antonio, TX 78238
                                Telephone: 855.452.5529
                                Facsimile: 210.872.8279
                                Email:ampp@justinian.com
                                Texas Bar No. 24009224
                                Hawaii Bar No. 7305
                                ATTORNEYS FOR PLAINTIFF

5