UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

In re: Bair Hugger Forced Air Warming     MDL No. 15-2666 (JNE/DTS)
Devices Products Liability Litigation

This Document Relates To:
ALL ACTIONS

**DEFENDANTS' OPPOSITION TO MOTION FOR RULE 11 SANCTIONS**

**(Redacted)**

The Court should deny the Rule 11 motion brought by Genevieve Zimmerman, Kyle Farrar, and Gabriel Assaad (referred to in Defendants' contempt motion and herein as "MDL Counsel"[1]) against Defendants because MDL Counsel's retaliatory motion lacks any basis in fact or law.  Indeed, it only underscores the need for this Court to put a stop to their ongoing misconduct, as their motion details how they intentionally evaded this Court's and Judge Hoyt's orders sealing confidential materials.

Defendants have a strong basis for seeking a contempt order and sanctions against Zimmerman, Farrar and Assaad.[2] These attorneys have repeatedly attempted to evade, attack, and disobey court orders on confidentiality, which previously led the Court to warn MDL Counsel that sanctions would be imposed if their public filings of sealed materials continued. (Dkt. No. 1724, Court Minutes.)

The Court should also reject MDL Counsel's specific allegations against 3M.

*First*, there can be no serious dispute that MDL Counsel *did* share the content of the sealed Bair Paws exhibit with Mr. Petitta's original Texas counsel, Albert Garcia. ▮

▮

---

[1] Only these three counsel signed the Rule 11 motion against Defendants. Nonetheless, the motion purports to have been brought by "Plaintiffs" (implying that it is brought by all Plaintiffs in the MDL) and was electronically filed via ECF on behalf of "Plaintiffs' Co-Lead Counsel," though two of the three Co-Lead Counsel were not signatories. The actual sponsorship of the motion therefore remains unclear.

[2] MDL Counsel suggest in their motion that Defendants timed the filing of their motion for a contempt order in an attempt to influence the Court in advance of the hearing on Defendants' motion for reconsideration. This is not the case. Indeed, it is MDL Counsel's continued insistence on publicizing Defendants' confidential documents – and their refusal to take corrective action in response to Defendants' immediate efforts to meet and confer – that necessitated the filing (and timing) of Defendants' motion.

██████████████████████████████████████████████████████ Whether MDL Counsel shared the document itself, the content of the document, or a transcript of themselves reading the content of the document is immaterial. The Court has repeatedly rejected the argument that counsel can unilaterally unseal documents by reading them into the record at a public hearing. (*See*, *e.g.*, Dkt. No. 1260 at 9 (Plaintiffs arguing that Defendants waived confidentiality of documents discussed at public hearing); Dkt. No. 1268 at 8-9 (same); Dkt. No. 1294 (rejecting Plaintiffs' arguments and ordering that the Bair Paws exhibit remain sealed).) Moreover, as discussed in Defendants' motion for a contempt order, MDL Counsel's publicly filed motion to compel in the *Petitta* matter goes beyond the scope of the transcript in describing the Bair Paws exhibit. MDL Counsel cannot ignore this Court's orders and unilaterally strip Defendants' confidential documents of protection simply by quoting from or displaying out-of-context portions of the documents at their discretion.

*Second*, MDL Counsel's assertion that Defendants "willfully altered" a quotation from the *Petitta* motion to compel is false. The language from their motion at issue was quoted fully and accurately, with only footnote references omitted. Defendants submitted their entire motion, including the footnotes, as an exhibit to the Court. The footnotes are not substantive and do not excuse or justify MDL Counsel's behavior in any way. The fact remains that their *Petitta* motion characterized both Judge Hoyt's sealed opinion and the underlying motions and memoranda, which Judge Hoyt expressly prohibited in his order sealing the matter. Defendants' presentation of the issue in their motion papers is accurate.

For these reasons, as well as the reasons stated below, the Court should deny MDL Counsel's Rule 11 motion in its entirety. The Court should further award Defendants their fees and costs incurred as a result of having to defend against this meritless motion.

## ARGUMENT

I. **DEFENDANTS HAVE A REASONABLE BASIS TO SEEK SANCTIONS AGAINST MDL COUNSEL FOR VIOLATING THE COURT'S ORDERS CONCERNING THE BAIR PAWS EXHIBIT.**

   A. **MDL Counsel Have Repeatedly Attempted to Disclose the Contents of the Bair Paws Exhibit.**

As this Court is aware, MDL Counsel have been at war with the Court over the sealing of the Bair Paws document and have repeatedly attempted to unseal the document through their own unilateral actions.

First, MDL Counsel repeatedly objected to the continued sealing of the Bair Paws exhibit, despite this Court's June 18, 2018 Order (Dkt. No. 1294) requiring that the document be permanently sealed. (*See*, *e.g.*, *Gareis*, No. 16-cv-4187, Dkt. No. 497, July 26, 2018 (arguing that the Bair Paws exhibit should be unsealed notwithstanding Court's order requiring permanent sealing).)

Second, MDL Counsel asked Magistrate Judge Schultz to reconsider his September 7, 2018 Order requiring that the Bair Paws exhibit remain sealed without telling him that the Court already ordered that the document remain sealed. (*See* Gareis, Dkt. No. 512.)

Third, MDL Counsel filed the Bair Paws exhibit in the MDL docket without filing it under seal and only corrected the filing when Defendants discovered it. (*See* Blackwell Decl., Ex. A (June 20, 2018 letter; October 5, 2018 email).)

4

Fourth, MDL Counsel publicly filed an appellate brief with the Eighth Circuit in which they quoted from and republished portions of the Bair Paws exhibit and only corrected it when called out by Defendants and the Court. This led the Court to threaten sanctions for further disclosure of sealed documents:

IT IS HEREBY ORDERED:

1. Should any document sealed by order of this Court be filed publicly in any future proceeding in this Court, the responsible filing attorney will be subject to monetary or other sanctions;

2. Plaintiff's leadership shall communicate this order to all Plaintiff's counsel of record.

(Dkt. No. 1724, Court Minutes.)  While not recorded in the Court Minutes, Judge Schultz expressly warned of "severe" sanctions for further public filings of the Bair Paws exhibit.

This brings us to the latest breach of this Court's sealing orders with respect to the Bair Paws exhibit. During the June 12 hearing on Defendants' reconsideration motion, Plaintiffs (through MDL Counsel) displayed a 40+ page PowerPoint presentation that included excerpts of four of Defendants' confidential documents unrelated to the issues before the Court (*i.e.*, the Bair Paws exhibit and documents reflecting internal talking points/strategies for responding to Augustine's smear campaign).[3]

The Court never directed MDL Counsel to publicly file their PowerPoint, yet they did so on June 21. (Dkt. No. 1992.) They did not redact the excerpts from the sealed

---

[3] These four documents have been sealed by Court order. (Dkt. No. 1182 (sealing PX63, email between Van Duren and Gary Hansen), Dkt. No. 1294 (affirming that order); Dkt. No. 854 (sealing PX9, Van Duren notes on Reed paper, and PX55, Van Duren bubble note on talking points); Dkt. No. 1294 and *Gareis* Dkt. No. 506 (sealing various versions of PX62, Bair Paws exhibit).)

5

documents. After reviewing the filing, Defendants immediately called MDL Counsel's attention to the issue and asked that they place the PowerPoint under seal. (Blackwell Decl., Ex. B.) Plaintiffs responded that they had the right to unseal these documents because "the information was presented in open court," even though this Court has *repeatedly* rejected that argument. (*See id*. (email from G. Zimmerman to B. Hulse); *see also* Dkt. No. 1260 at 9 (Plaintiffs arguing that Defendants waived confidentiality of documents discussed at public hearing); Dkt. No. 1268 at 8-9 (same); Dkt. No. 1294 (rejecting Plaintiffs' arguments and ordering that the Bair Paws exhibit remain sealed); *see also Gareis*, No. 16-cv-4187, Dkt. No. 513 at 10 (Plaintiffs arguing that Defendants are not entitled to confidentiality over documents plaintiffs discussed in court); Dkt. No. 521 (rejecting Plaintiffs' arguments and denying their request for further consideration of the order sealing documents).).) MDL Counsel took it upon themselves to disregard this Court's prior orders and engage in "self help" by filing their PowerPoint. No further proof of MDL Counsel's intentional plan to publicly disclose the contents of sealed documents is needed.

### B. MDL Counsel Disclosed the Contents of the Bair Paws Exhibit to their Texas Co-Counsel in *Petitta*.

As to MDL Counsel's misuse of the Bair Paws exhibit in *Petitta*: Defendants' charge was that MDL Counsel "shared the Bair Paws exhibit (or contents thereof) with co-counsel in the *Petitta* matter." (Def. Mem. at 7 (emphasis added).) In their affidavits, MDL Counsel deny that they shared the Bair Paws exhibit itself with Mr. Garcia, but they do not and cannot dispute that they shared its substance. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

███████████████████████████████████████████████

███████████████

MDL Counsel argue that they were free to discuss the Bair Paws exhibit because they also discussed it in a hearing for which there is a publicly available transcript.[4] According to MDL Counsel, Defendants waived their right to confidentiality over the documents by "allowing" MDL Counsel to display and argue from the document in court. But MDL Counsel tried this argument before – repeatedly – and the Court has rejected it. (*See supra* at 6.) Indeed, this Court deemed the Bair Paws exhibit confidential and ordered it permanently sealed *after* the 2017 hearing on which MDL Counsel rely. (Dkt. No. 1294.)

None of the cases MDL Counsel cite allows them to appoint themselves to conduct appellate review of this Court's sealing orders. Indeed, nearly all their cases address situations where documents that had been deemed confidential were subsequently used as evidence at trial and/or included in press reports.[5] *See Imageware, Inc. v. U.S. West Comms.*, 219 F.3d 793, 795-96 (8th Cir. 2000) (document received into evidence and published to jury at trial); *Nat'l Polymer Prods., Inc. v. Borg-Warner Corp.*, 541 F.2d 418,

---

[4] ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

[5] MDL Counsel relies on another case, *Nebraska Press Ass'n v. Stuart*, 427 U.S. 539, 568 (1976), which relates to press access to information discussed in a courtroom. Obviously, MDL Counsel are not journalists.

421-22 (6th Cir. 1981) (addressing documents introduced publicly at trial) (citing *Cox Broadcasting Corp. v. Cohn*, 420 U.S. 469 (1975) (addressing First Amendment implications of information disclosed at trial); *Craig v. Harney*, 331 U.S. 367, 374 (1947) ("A *trial* is a public event.") (emphasis added)). That is not the case with the Bair Paws document. The Bair Paws exhibit has not been admitted as a trial exhibit – it was excluded from evidence in *Gareis* – or disclosed in a press report.

By contrast, case law supports this Court's prior rulings that an attorney cannot vitiate confidential protections simply by reading or displaying out-of-context snippets of such documents during oral argument, particularly where, as here, the documents have not been deemed admissible, have played no role in the adjudicative process, and are at best tangentially related to the issues before the court. *See, e.g., Krueger v. Ameriprise Fin., Inc.*, No 11-2781 (SRN/JSM), 2014 WL 12597948, at *9 (D. Minn. Oct. 14, 2014) ("[N]ot all documents filed by parties are 'judicial records'; instead, only those documents that are relevant to and integrally involved in the resolution of the merits of a case are judicial records to which the presumption of public access attaches.").

Indeed, even *Zenith Radio Corp. v. Matsushita Elec. Indus. Co., Ltd.*, 529 F. Supp. 866 (E.D. Pa. 1981) – on which MDL Counsel rely to argue that any document read into the record becomes part of the public domain regardless of whether the document was sealed – confirms that is not the case where a party acts in bad faith:

> We also think it important to articulate what we take to be an ***unspoken exception to the principle that materials merely referred to at a hearing become part of the public record***. Under this exception, ***materials offered in bad faith, that is, for the sole purpose of making them public, would be entitled to protection***.

529 F. Supp. at 902, n.67 (emphasis added). MDL Counsel have acted in bad faith here.

MDL Counsel's motion to compel in *Petitta* also misrepresented Defendants' response to that document request, falsely asserting that Defendants denied the existence of any such document. (*Compare* Blackwell Decl., Ex. D at 8-9 *with* Ex. G at 15.) Defendants never denied the existence of the Bair Paws exhibit (though they certainly disagree with Plaintiffs' mischaracterization of it) and, instead, committed to producing responsive, non-privileged documents upon entry of a suitable protective order. (Blackwell Decl., Ex. G at 15.) MDL Counsel manufactured Defendants' so-called denial in order to use it as a vehicle through which to publicly discuss – and mischaracterize – the Bair Paws exhibit.

In sum, it is MDL Counsel – not Defendants – who have acted in bad faith and should be sanctioned. MDL Counsel are well aware that the Bair Paws exhibit has never been admitted as a trial exhibit. The Court has warned them in no uncertain terms that they would be sanctioned for further public disclosures. Defendants had a strong foundation, supported by the Court's orders, to seek contempt and sanctions.

**II.   DEFENDANTS ACCURATELY STATE THAT MDL COUNSEL DISCSLOSED SEALED INFORMATION REGARDING JUDGE HOYT'S MEMORANDUM OPINION.**

As Defendants explained in support of their motion for a contempt order, Judge Hoyt ordered that his memorandum opinion on the LCA issue – and all memoranda and motions related to it – remain under seal and for the purview of his Court only. (*See* Blackwell Decl., Ex. C.) This Court likewise has confined the issue to the *Walton* matter

9

and has not permitted public disclosure. If MDL Counsel are allowed to improperly reference and insinuate the contents of the sealed memorandum opinion, as they have done here, it will entirely vitiate the purpose of placing the order under seal in the first place.

In support of the *Petitta* motion to compel, however, MDL Counsel publicly described the LCA issue in great detail – ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ (Blackwell Decl., Ex. D (Pl. Petitta Mem. at 5-6, 10).) ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ (*Id.*)

Attempting to shift blame for their own misconduct, MDL Counsel argue that Defendants "shockingly" and "willfully" altered language in *Petitta* motion to compel. (Pl. Mem. ISO Mot. for Sanctions at 13.) On the contrary, Defendants quoted the text of MDL Counsel's brief fully, with only footnote references omitted (*compare* Dkt. No. 1950 at 6 *with* Blackwell Decl., Ex. D at 5-6, 10) and attached MDL Counsel's full *Petitta* brief as an exhibit. The full text of the relevant section, including the footnotes about which MDL Counsel are concerned, reads as follows (with footnotes incorporated in italics and in brackets):





(Blackwell Decl., Ex. D (Pl. Petitta Mem.) at 5-6, 10.)

The footnotes do not add substance to the *Petitta* brief and do not excuse MDL Counsel's conduct. Judge Hoyt's confidentiality order required not only that his memorandum opinion, but also "[a]ny motions, briefs, or memoranda" submitted and pertaining to it, be filed under seal:

> Unless prior leave of this Court is granted, neither the parties nor their counsel shall summarize, characterize, or otherwise describe in a public communication or court filing the contents of this Court's October 29, 2015, Memorandum Opinion that was filed under seal in this Court.
>
> Any motions, briefs or memoranda submitted herein and pertaining to the October 29, 2015, Memorandum Opinion should be filed under seal.

(Blackwell Decl., Ex. C.)  MDL Counsel violated this provision of Judge Hoyt's order by not filing their *Petitta* motion under seal.

11

MDL Counsel also argue that, because Judge Hoyt's order does not include the same explicit prohibition on 'summarizing, characterizing, or otherwise describing' in the second paragraph, they are free to describe (or mischaracterize) the underlying motions and supporting materials as they wish. (*See* Pl. Mem. ISO Mot. for Sanctions at 14-15.) This argument is disingenuous. When MDL Counsel previously challenged Defendants' assertion of privilege over certain documents relating to the LCAs, they redacted all discussion of Judge Hoyt's opinion and its factual backdrop in the publicly filed version. (*See* Dkt. No. 534.)  And even if MDL Counsel now contend there is any ambiguity in Judge Hoyt's order, it was incumbent upon them to seek clarification from the Court rather than appointing themselves the arbiters of its meaning.

MDL Counsel further argue that they did not characterize Judge Hoyt's memorandum opinion. This, too, is disingenuous. The whole point of their *Petitta* motion was to cast 3M and its counsel in a negative light with insinuations to the Texas state court that Judge Hoyt had found misconduct by 3M's previous counsel. Otherwise, why raise the issue at all? Indeed, Plaintiffs admit their objective was to force the issue in front of the Texas court. (*See* Plaintiffs' Resp. to Defs.' Mot. for Contempt and Sanctions, Dkt. No. 1971 at 20 ("Candor demanded the *Petitta* court be told that an order on the *Walton* motion exists . . . .").) ███████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████ (Blackwell Decl., Ex. E, Sealed *Johnson* Order at 2.)

12

Finally, MDL Counsel argue that their treatment of the *Walton* LCA issue was appropriate because they relied entirely on "public deposition transcripts." (See Dkt. No. 1971 at 2; Pl. Mem. ISO Mot. for Sanctions at 14-15.) ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ (Blackwell Decl., Ex. D at 6-7.) It was not until Defendants notified MDL Counsel that the *Petitta* motion violated this Court's confidentiality and sealing orders that MDL Counsel filed a "supplemental" brief that attempted to correct the violation by including deposition testimony cited for the first time.

In sum, MDL Counsel violated Judge Hoyt's confidentiality order through their public filings in *Petitta*. They previously complied with Judge Hoyt's orders in their filings in in *this* Court, leaving no doubt that they understood its scope. Rather than asking this Court to reconsider that confidentiality order, MDL Counsel chose to ignore it. This Court should reject MDL Counsel's attempt to distract from their intentional violation.

## **CONCLUSION**

Defendants' motion for contempt and sanctions against MDL Counsel was well supported by the factual record and by court orders, and necessitated by MDL Counsel's repeated, willful efforts to publicly disclose the substance of sealed information. MDL Counsel do not and cannot identify any sanctionable conduct by Defendants. Accordingly, Defendants respectfully request that the Court deny MDL Counsel's motion for Rule 11 sanctions and award Defendants their fees and costs.

Dated: July 9, 2019											Respectfully submitted,

*s/Jerry W. Blackwell*
Jerry W. Blackwell (MN #186867)
Benjamin W. Hulse (MN #0390952)
Mary S. Young (MN #0392781)
Monica L. Davies (MN #0315023)
BLACKWELL BURKE P.A.
431 South Seventh Street, Suite 2500
Minneapolis, MN 55415
Phone: (612) 343-3200
Fax: (612) 343-3205
Email: blackwell@blackwellburke.com
        bhulse@blackwellburke.com
        myoung@blackwellburke.com
        mdavies@blackwellburke.com

Lyn Peeples Pruitt
MITCHELL WILLIAMS SELIG
  GATES & WOODYARD
425 West Capitol Avenue, Suite 1800
Little Rock, AR 72201-3525
Phone: (501) 688-8869
Fax: (501) 688-8807
Email: lpruitt@mwlaw.com

***Counsel for Defendants 3M Company and Arizant Healthcare Inc.***