# EXHIBIT 6

BEFORE THE
UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE: BAIR HUGGER FORCED AIR WARMING PRODUCTS LIABILITY LITIGATION | MDL No. _____ <br><br>BRIEF IN SUPPORT OF MOTION TO TRANSFER OF ACTIONS TO THE DISTRICT OF MINNESOTA PURSUANT TO 28 U.S.C. § 1407 FOR COORDINATED OR CONSOLIDATED PRETRIAL PROCEEDINGS <br><br>ORAL ARGUMENT REQUESTED |

## I. INTRODUCTION AND SUMMARY OF ARGUMENT

Plaintiff William Lichlyter ("Moving Party") brings this motion to transfer all cases that arise out of the use of Bair Hugger® forced air warming units or blankets ("Bair Hugger®") to the District of Minnesota.

Defendants 3M Company[1] and Arizant Healthcare, Inc.[2] ("Defendants") have designed, manufactured and sold Bair Hugger® devices across the United States for well over 15 years. There are currently tens of thousands of patients in hospitals all across the United States who undergo surgery each month which involves intraoperative use of the Bair Hugger® forced air warming blankets. Many of these patients now find themselves at significantly increased risk of infection and severe medical complications as a result of the use of Bair Hugger®.

---

[1] Defendant 3M is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located in Maplewood, Minnesota. 3M is engaged in the business of researching, developing, designing, licensing, manufacturing, distributing, supplying, selling, marketing and introducing into interstate commerce, either directly or indirectly through third parties or related entities, its products, including the Bair Hugger.

[2] Defendant Arizant Healthcare, Inc. is a corporation organized and existing under the laws of the State of Delaware, Arizant conducts business throughout the United States, including the State of Minnesota, and is a wholly owned subsidiary of Defendant 3M.

accumulation of published scientific evidence has reached a tipping point, causing the issue to become increasingly publicized. Knowledge of the hazards created by the Bair Hugger® has expanded beyond the laboratory, and has become an issue discussed by industry associations, trade journals, and patient advocacy groups. The increased exposure of this information, combined with the staggering market share enjoyed by the Bair Hugger®, suggests that numerous cases will continue to be filed in federal districts across the nation moving forward. Like the other MDLs involving defective medical devices, the Bair Hugger® cases will benefit from coordinated or centralized pre-trial proceedings. As analyzed in detail below, these cases involve several common issues of fact that should be resolved by one judge in order to minimize the number of potentially inconsistent rulings around the country. Accordingly, Moving Party requests that the Panel transfer the Bair Hugger® cases to the District of Minnesota, and specifically to the Honorable Donovan Frank, who is an experienced MDL judge with a unique knowledge and understanding of cases involving implantable medical devices, and orthopedic implants specifically.

### III. ARGUMENT

#### A. TRANSFER AND COORDINATION OF THE BAIR HUGGER FORCED AIR WARMING CASES IS APPROPRIATE AND NECESSARY

28 U.S.C. § 1407 directs the Panel to transfer federal civil actions for pretrial coordination or consolidation where: (1) the cases involve "common questions of fact" (2) the transfer is convenient for the parties and witnesses; and (3) the transfer "promote[s] the just and efficient conduct" of the cases. 28 U.S.C. § 1407(a). Generally speaking, the purpose of Section 1407 is "to eliminate duplication in discovery, avoid conflicting rulings and schedules, reduce litigation costs, and save the time and effort of the parties, the attorneys, the witnesses, and the

rulings may be unavoidable, movant maintains that centralization will assist the parties and the judiciary to keep the number of such potential conflicts to a bare minimum.

Centralization will ensure just application of law for all Plaintiffs. All Plaintiffs will proceed under the same rulings and avoid conflicting decisions that may benefit one Plaintiff in one court over another. Because every Bair Hugger® case sets forth the same basic liability allegations, such defenses go to the heart of each and every case. With over a dozen Bair Hugger® cases currently filed, and many hundreds more expected to surface in the near future, it is important for the parties and the court to try to minimize the risk of conflicting rulings from various courts around the country. Indeed, a single transferee court will be in the best position to determine the appropriate staging and resolution of such threshold issues that affect all actions and that could dramatically simplify the litigation. *See In re Suess Patent Infringement Litigation*, 331 F. Supp. 549, 550 (J.P.M.L. 1971).

Thus, under the authority granted to it by 28 U.S.C. § 1407, the Panel should grant the Motion for transfer and consolidation of the Bair Hugger® cases. Therefore, the remaining issue presented to the Panel is to determine the proper venue for the transferred actions.

### B. THE DISTRICT OF MINNESOTA IS THE PREEMINENT TRANSFEREE FORUM TO EFFICIENTLY MANAGE THE BAIR HUGGER® CASES

Moving Party respectfully urges the Panel to transfer the Bair Hugger® actions to the District of Minnesota where they can be efficiently, justly and capably managed by a court with extensive Multidistrict Litigation experience. The District of Minnesota is the optimal court to effectively manage a complex products liability case like this one, in part because of that court's familiarity and experience with damages associated with defective orthopedic implants.

presiding. Furthermore, given the ongoing discovery taking place in the first two districts with filed cases, (cite to Walton and Johnson), movants urge this Honorable Panel to add this Bair Hugger motion to the October 1 docket set to be argued on October 1 in New York City.

                Respectfully submitted,

Dated: August 21, 2015

/s/ Genevieve M. Zimmerman
Anthony J. Nemo (MN #221351)
Genevieve M. Zimmerman (MN #330292)
MESHBESHER & SPENCE, LTD.
1616 Park Avenue South
Minneapolis, MN 55404
Phone: (612) 339-9121
Fax:    (612) 339-9188
Email: tnemo@meshbesher.com
       gzimmerman@meshbesher.com

/s/ Ben W. Gordon, Jr.
Ben W. Gordon (FL. #882836)
LEVIN PAPANTONIO, P.A.
316 S. Baylen Street, Suite 600
Pensacola, FL 32502-5996
Phone: (850) 435-7090
Email: bgordon@levinlaw.com

*Counsel for Plaintiffs William Lichlyter; Brenda Naylor; Gerald Nottingham; Renny Schachmann; Tawas Reed; Barbara Libby; Constance Grushesky; Michael Williams; and Peter Rosten*