IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

| | |
|---|---|
| IN RE: BAIR HUGGER FORCED AIR WARMING PRODUCT LIABILITY LITIGATION | MDL No.: 15-md-02666 (JNE/DTS) |
| This Document Relates To: | |
| JEFFIE MILAM, | Civil Action No.: 16-cv-02125 |
| Plaintiff, | |

_____

**PLAINTIFF'S RESPONSE TO DEFENDANTS' NINTH MOTION TO DISMISS FOR FAILURE TO COMPLY WITH PRETRIAL ORDER NO. 23**
_____

NOW COMES Plaintiff, Jeffie Milam, identified in Defendants' Ninth Motion to Dismiss for Failure to Comply with Pretrial Order No. 23 [Dkt. 2028], and by and through undersigned counsel submits this, her Response to Defendants' Motion to Dismiss, and would respectively show the Court the following:

## FACTS

In June 2015, Ms. Jeffie Milam contacted undersigned counsel regarding an infection and subsequent treatment that she experienced due to the use of a Bair Hugger patient warming device during an orthopedic surgery. Counsel worked to obtain medical records and billing records to move forward with the case. Those records indicated that a Bair Hugger device was used during the original surgery. On June 24, 2016, counsel filed the current action

to comply with what was identified as the applicable statute of limitations deadline for the relevant claim.

After filing Plaintiff's case, counsel worked with Plaintiff to complete the Plaintiff Fact Sheet, which was submitted with a signed verification and authorization through Blade on December 24, 2016. Deficiency notices were issued for this case, but those issues were fully resolved with the amended Plaintiff Fact Sheet submitted by Plaintiff on March 28, 2017. After filing her case, counsel was in regular contact with Plaintiff and would provide her updates every three to four months.

On July 1, 2019, counsel for Plaintiff received an email from Defendants suggesting that Plaintiff had passed away on December 14, 2018 and informing counsel that a Suggestion of Death was due 90 days after her apparent death, pursuant to Pretrial Order No. 23. As a Suggestion of Death was not timely filed, Defendants stated that the case would be considered in a future Motion to Dismiss. Defendants included a link to an obituary page but did not sufficiently authenticate the document, prove whether the content of the page had been validated to be true and correct, or explained how it does not qualify as hearsay. Counsel has so far been unable to confirm whether Plaintiff has passed away. Out of an abundance of caution, counsel filed a Suggestion of Death with the Court on July 2, 2019.

## **ARGUMENT**

Even if Plaintiff has passed away, counsel for Plaintiff was not made aware of her death until after the 90-day time period under PTO 23 had expired. For the Court to dismiss Plaintiff's claims with prejudice would be an unduly harsh result given the circumstances.

A.     **Dismissal with Prejudice is a Drastic Measure in this Situation**

A dismissal with prejudice "is a drastic sanction that should be exercised sparingly."[1] Any potential noncompliance by Plaintiff with Pretrial Order 23(A) was not willful or in bad faith, and a dismissal with prejudice would be extreme. A dismissal with prejudice "should be used only in cases of willful disobedience of a court order or where a litigant exhibits a pattern of intentional delay."[2] In *Givens v. A.H. Robins Co.*, the court reversed a dismissal with prejudice where the litigants only transgression was failure to comply with a discovery deadline.[3] The court reasoned that dismissal with prejudice was disproportionate to this act of noncompliance.[4]

Here, Plaintiff's only possible transgression is that a suggestion of death was not filed within the 90-day time period after Plaintiff's alleged death, as counsel for Plaintiff was not aware that she had reportedly passed away. Plaintiff's actions do not constitute willful disobedience. The total extinction of Plaintiff's cause of action would be disproportionate to this unintentional act of noncompliance with Pretrial Order No. 23.

B.     **Policy Factors Disfavor Dismissal with Prejudice**

"[A]n action should be dismissed with prejudice 'only after balancing the policy of giving the plaintiff [his or her] day in court against [the] policies of preventing undue delay,

---

[1] *Pardee v. Stock*, 712 F.2d 1290, 1292 (8th Cir.1983).
[2] *Hunt v. City of Minneapolis*, 203 F. 3d 524, 527 (8th Cir. 2000); *see also Hutchins v. A.G. Edwards & Sons, Inc..*, 116F.3d 1256, 1260; *Mann v. Lewis*, 108 F.3d 145, 147 (8th Cir. 1997) (quoting *Givens v. A.H. Robins Co.*, 751 F.2d 261, 263 (8th Cir. 1984)).
[3] *Givens*, 751 F.2d 264, 264 (8th Cir. 1984).
[4] *Id.*

3

avoiding court congestion, and preserving respect for court procedures."[5] Even if Plaintiff has passed away and the Suggestion of Death was not timely filed, as Defendants contend, Plaintiff has not caused an undue delay and there is absolutely no prejudice to Defendants. There is no delay or prejudice because unlike standard litigation, this case differs because it is filed in the MDL. Since this case is not a bellwether selection, there are no discovery deadlines which would have been delayed by an untimely filing of the suggestion of death. The possible remand of this case will not occur for months, possibly longer, as bellwether cases are still pending. A dismissal with prejudice would be an excessively harsh consequence, and forever deny Plaintiff's day in court.

## C.   If Plaintiff's Passing is Confirmed, the Court Should Excuse the Untimely Filing of the Suggestion of Death

Federal Rule of Civil Procedure 6(b)(1) permits a district court to extend the time for a party to act if failure to comply with a deadline was due to excusable neglect. Excusable neglect is an "elastic concept" that empowers courts to accept, "where appropriate, . . . late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control."[6] The determination of whether neglect is excusable "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission."[7] There are four factors considered by

---

[5] *Omaha Indian Tribe v. Tract I-Blackbird Bend Area*, 933 F.2d 1462, 1468 (8th Cir.) (quoting *Garrison v. International Paper Co.*, 714 F.2d 757, 760 (8th Cir. 1983)); *see also Moore v. St. Louis Music Supply Co., Inc.*, 539 F.2d 1191, 1193 (8th Cir. 1976); *Navarro v. Chief of Police, Des Moines, Iowa*, 523 F.2d 214, 217 (8th Cir. 1975).
[6] *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993).
[7] *Id.* at 395.

courts: "(1) possibility of prejudice to the opposing party; (2) length of delay and the possible impact of the delay on judicial proceedings; (3) the party's reasons for delay, including whether the delay was within the party's 'reasonable control'; and (4) whether the party acted in good faith."[8]

In the present case, analysis of the four factors supports the Court excusing the untimely filing of the Suggestion of Death. There is no prejudice to Defendants by granting an extension, as Plaintiff's case is one of thousands which are part of the Bair Hugger MDL, which is still ongoing. Regarding length of delay, the Suggestion of Death was filed almost immediately after learning that Plaintiff might have passed away. This delay has had no bearing on the eventual resolution or remand of Plaintiff's case—either of which would be the next checkpoint for all cases with a completed Plaintiff Fact Sheet, such as this case—as it remains pending as part of the MDL. Excusing the untimely filing will also not impact the current Court proceedings, as bellwether trials are still ongoing.

Regarding the third factor, the reason for delay is outside of Plaintiff's "reasonable control," as counsel for Plaintiff had no reason to know of the death of Plaintiff and had no reason to suspect that she would pass, given her relatively young age of 60 years. Counsel for Plaintiff had remained in contact with her on a regular basis prior to her passing, with Counsel last contacting her just a few months prior. Lastly, Plaintiff is acting in good faith in that the delay was caused by counsel for Plaintiff simply being unaware that Plaintiff had passed away—despite regular contact with Plaintiff prior to her apparent passing—and

---

[8] *Chorosevic v. MetLife Choices*, 600 F.3d 934, 946 (8th Cir. 2010).

was not informed of Plaintiff's apparent death until receiving an email from Defendants on July 1, 2019 suggesting that she had passed away. The untimely filing of the Suggestion of Death in this instance was not due to any intentional ploy to delay the proceedings in any manner or prejudice Defendants in any way.

**D.      Actions Constituted Excusable Neglect and Did Not Constitute "Willful Disobedience" of the Requirements of PTO 23**

This Court has stated in previous Orders that "excusable neglect" and "accidental delay" are sufficient to "excuse noncompliance."[9] In the instant matter, the lack of knowledge by counsel was excusable neglect, as counsel had no reason to know of Plaintiff's apparent death or any immediate need to investigate whether Plaintiff had passed away. As mentioned, Counsel had been in regular contact with Plaintiff prior to her apparent passing and had last called Plaintiff a few months prior to her death. And given Plaintiff's relatively young age of 60 years, there was no reason to expect that she would pass away.

Further, the Court has suggested that PTO 23 "obligate[s] counsel to ascertain whether or not their clients are alive." Counsel for Plaintiff keeps its clients aware of developments in this and other litigation through its website. Further, staff at Kennedy Hodges recommends that clients inform their family about any pending litigation and have a family member contact the firm in the event that the client is suffering from severe health issues or has passed away. These measures to keep the client engaged satisfy any obligation

---

[9] *See, e.g., In Re: Bair Hugger Forced Air Warming Devices Products Liability Litigation*, 15-md-2666, ECF No. 1614 at 2; MDL ECF No. 1566 at 5, 7.

which counsel may have under PTO 23. If counsel is not timely informed of the passing of a plaintiff, as here, then counsel's failure to act cannot be said to be anything but excusable neglect.

In a previous Order, this Court had also stated that "plaintiffs who willfully disobey PTO 23" justifiably have their cases dismissed.[10] However, there is no "willful disobedience" of the requirements of PTO 23 in the instant matter. Counsel for Plaintiff did not willfully disobey the requirements of PTO 23, as counsel was unaware that Plaintiff had passed away until the email received from Defendants on July 1, 2019 which suggested that she might have passed. There was no "willful disobedience" on the part of Plaintiff herself, as she has apparently passed away. And there was no "willful disobedience" on the part of Plaintiff's next-of-kin, as they were not inherently aware of the details of Plaintiff's case and were certainly not aware of the requirements of PTO 23—and would have no reason to be. Since Plaintiff did not "willfully disobey" the requirements of PTO 23, Granting this motion and subjecting the case to dismissal with prejudice would be an unnecessarily harsh result.

### E.  Plaintiff Objects to the Online Obituary Offered as it is Hearsay and Has Not Been Properly Authenticated

Defendants have brought their Motion to Dismiss due to failure to timely file a Suggestion of Death based solely on an online obituary found on the internet. Defendants have not offered any additional documentation to demonstrate that the information contained in the obituary is accurate. In terms of authentication, this obituary does not fall under the

---

[10] *See* MDL ECF No. 1614 at 2.

public record category covered by Fed. R. Evid. R 901(b)(7). It also does not fall under the category of newspapers or other periodicals and is therefore ineligible to be self-authenticated under Rule 902(6).[11] Further, district courts have found that websites are generally not self-authenticated under Rule 902.[12] The declaration offered by Defendants to authenticate the obituary only identifies where the obituary was found. The declarant has no personal knowledge regarding the alleged death of Ms. Milam, only personal knowledge regarding the internet address where the obituary was found. As Defendants have failed to authenticate the only document on which they rely in establishing Ms. Milam's death and pursuing dismissal under PTO 23, the Motion should be denied.

Further, the online obituary identified by Defendants constitutes hearsay and is inadmissible under Fed. R. Evid. Rule 801. Electronic evidence which is offered to prove the matter asserted and does not fall within a conventional hearsay exception is hearsay.[13] In this instance, offering an online obituary to prove that Ms. Milam has passed is clearly hearsay.

## CONCLUSION

Accordingly, undersigned counsel request that the current action not be dismissed with prejudice and that counsel be given an additional ninety (90) days to contact Plaintiff and any other family members which may be located so as to determine whether Plaintiff has passed,

---

[11] Defendants have provided only a link from a posting by a private funeral home.
[12] *See Sun Protection Factory, Inc. v. Tender Corp.*, 2005 WL 2484710 (M.D. Fla. Oct. 7, 2005); *Ashworth v. Round Lake Beach Police Dep't*, 2005 WL 1785314 (N.D. Ill. Jul. 21, 2005).
[13] *Lorraine v. Markel American Ins. Co.*, 241 F.R.D. 534, 568 (D. Md. 2007).

and if so, determine if the probate process has been completed and whether Plaintiff's next of kin wish to move forward with the pending case.

If counsel confirms that Plaintiff has passed away, Plaintiff requests that the Court excuse the untimely filing of the Suggestion of Death filed on July 2, 2019 and allow Plaintiff to file a later Motion to Substitute Party pursuant to PTO 23, 90 days from any Order excusing the untimely filing and/or denying Defendants Motion to Dismiss as to this case.

Dated: July 10, 2019				KENNEDY HODGES, LLP

						By: /s/ David W. Hodges
						David W. Hodges
						dhodges@kennedyhodges.com
						Gabriel A. Assaad
						gassaad@kennedyhodges.com
						4409 Montrose Blvd. Ste 200
						Houston, TX 77006
						Telephone: (713) 523-0001
						Facsimile: (713) 523-1116

						ATTORNEYS FOR PLAINTIFF