UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE: Bair Hugger Forced Air Warming Products Liability Litigation | MDL No. 15-2666-JNE-DTS |
| This Document Relates to: *Rhoton, et al. v. 3M Co., et al.* (15-cv-4360-JNE-DTS) | |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' NINTH MOTION TO DISMISS FOR FAILURE TO COMPLY WITH PRETRIAL ORDER NO. 23 AND/OR FED. R. CIV. P. 25(A) AND 41(B)**

Plaintiffs, James Rhoton and Sarah Rhoton, by and though undersigned counsel, respectfully submit their Response to Defendants' Ninth Motion to Dismiss for Failure to Comply with Pretrial Order No. 23 (Dkt. 1740) and/or Fed. R. Civ. P. 25(a) and 41(b).

**Argument**

**A.   The Purpose of Rule 25 and PTO 23 Will Not Be Served by Dismissal of Plaintiff's Case**

Plaintiffs do not dispute that they were slightly delinquent in filing suggestions of death and moving to substitute a proper party. However, this is a procedural matter only, not a substantive one. Plaintiffs have otherwise complied with all pretrial orders from this Court and have diligently prosecuted their claims pursuant to Federal Rules of Civil Procedure 41(b). Defendants assertion to the contrary is incorrect and ill-founded. Defendants have not shown any prejudice with the delayed filing of the Suggestion of

Death nor Substitution of the Deceased Party as no outstanding discovery is pending from Plaintiffs. All alleged core PFS deficiencies were cured by Plaintiffs almost two years ago. Additionally, Plaintiffs promptly undertook remedial efforts to comply with PTO 23. Plaintiffs' counsel has at all times acted diligently and in good faith by maintaining contact with Plaintiffs, completing discovery, and acting immediately to remediate any deficiencies with PTO 23.

Other Courts have denied motions like the one Defendants filed here when faced with similar facts. In *Hopson v. Kimbrell*, the court found that the plaintiff's approximately two-month delay between filing the suggestion of death and petition to open the estate was not unreasonable and granted the plaintiff's untimely motion to substitute to "achieve[] equity and common sense, taking into account all the relevant circumstances." *Hopson v. Kimbrell*, No. 4:11-cv-608-DPM, 2013 U.S. Dist. LEXIS 86849, at *5, 7 (E.D. Ark. June 20, 2013) (citing *Pioneer Investment Services v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 395 (1993); *Sugarbaker v. SSM Health Care*, 187 F.3d 853, 856 (8th Cir. 1999)).

Moreover, in this very MDL, this Court has made exceptions to the rigidities of PTO 23 in appropriate circumstances. *See In re Bair Hugger Forced Air Warming Devices Prods. Liab. Litig.*, No. 15-2666 (JNE/DTS), 2018 U.S. Dist. LEXIS 144732, at *9 (D.Minn. Aug. 23, 2018) (Magistrate Judge Noel agreed with Defendants that plaintiff Andrews' daughter had not demonstrated that she was the "proper party" to be substituted, but granted the plaintiff's daughter additional time to demonstrate that she was a proper

party for substitution). Plaintiff Sarah Rhoton's failure to timely file a Motion to Substitute was due to circumstances out of her control. The Motion to Substitute was due on May 8th, 2019. However, the hearing date in probate court was continued on multiple occasions. The hearing finally occurred on May 29, 2019, where she was granted with Letters Testamentary. A copy of the filed Letters Testamentary is attached hereto as Exhibit A. Plaintiff Sarah Rhoton could not properly demonstrate that she was the "proper party" until she was appointed Letters Testamentary which was after the deadline to file the Motion to Substitute. The circumstances of Plaintiffs' case described herein warrant exception to the rigidities of PTO 23.

**B.     Dismissal with Prejudice Is Always A Drastic Measure and Would be Particularly Drastic in This Case**

A dismissal with prejudice "is a drastic sanction that should be exercised sparingly." *Pardee v. Stock*, 712 F.2d 1290, 1292 (8th Cir.1983). "[A]n action should be dismissed with prejudice 'only after balancing the policy of giving the plaintiff [his or her] day in court against [the] policies of preventing undue delay, avoiding court congestion, and preserving respect for court procedures." *Omaha Indian Tribe v. Tract I-Blackbird Bend Area,* 933 F.2d 1462, 1468 (8th Cir.) (*quoting Garrison v. International Paper Co.*, 714 F.2d 757, 760 (8th Cir. 1983)); *see also Moore v. St. Louis Music Supply Co., Inc.*, 539 F.2d 1191, 1193 (8th Cir. 1976); *Navarro v. Chief of Police*, Des Moines, Iowa, 523 F.2d 214, 217 (8th Cir. 1975). Indeed, in prior proceedings in this very MDL, this Court has noted that dismissal for failure to comply with PTO 23 "may be with prejudice" *only* "'in cases of willful disobedience of a court order or where a litigant exhibits a pattern of

3

intentional delay.'" *In re Bair Hugger*, 2018 U.S. Dist. LEXIS 144732, at *7 (quoting *Hunt v. City of Minneapolis*, 203 F. 3d 524, 527 (8th Cir. 2000)); *see also Hutchins v. A.G. Edwards & Sons, Inc.*, 116F.3d 1256, 1260; *Mann v. Lewis*, 108 F.3d 145, 147 (8th Cir. 1997) (*quoting Givens v. A.H. Robins Co.*, 751 F.2d 261, 263 (8th Cir. 1984)). Rather, dismissal with prejudice is inappropriate where a party shows excusable neglect for untimely filing a motion to substitute. The Eighth Circuit has "recognized that 'excusable neglect' includes 'late filings caused by inadvertence, mistake or carelessness.'" *Sugarbaker*, 187 F.3d at 856 (quoting *Johnson v. Dayton Elec. Mfg. Co.,* 140 F.3d 781, 784 (8th Cir. 1998); *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. Partnership,* 507 U.S. 380, 388 (1993)). In determining whether the party moving to substitute has acted with excusable neglect, the Court "must consider 'all relevant circumstances,'" including, particularly: (1) the possibility of prejudice to the party moving for dismissal; (2) the length of the delay by the party moving to substitute "and the possible impact of that delay on judicial proceedings;" (3) that party's reasons for delay, "including whether the delay was within its reasonable control;" and (4) whether that party "acted in good faith." *Id.*

Plaintiffs' technical noncompliance with PTO 23 was neither willful nor in bad faith, and they have certainly not exhibited any patterns of intentional delay.  Plaintiffs have not caused any delay in the proceedings, and there has been absolutely no prejudice to Defendants. In fact, Plaintiffs cured all issues of noncompliance by the time Defendants filed their Ninth Motion to Dismiss. Dismissal with prejudice would be extreme in a case such as this, where Plaintiff's counsel and Plaintiffs have maintained communication in good faith and in accordance with the Court's Orders and could not properly move to

4

substitute the party until Plaintiff Sarah Rhoton was granted Letters Testamentary by the probate court on May 29, 2019. Furthermore, because this case is not a bellwether selection, and Plaintiff has already submitted an Amended PFS, no discovery deadlines have been delayed by the delay in filing of the Suggestion of Death and Motion to Substitute. Under these circumstances, a dismissal with prejudice would be an unduly harsh consequence, and forever deny Plaintiffs' their day in court.

C. **Plaintiff James Rhoton's Claims Should Not Be Dismissed, therefore Analysis of the Survival of Plaintiff Sarah Rhoton's Loss-of-Consortium Claim is Unnecessary**

The primary claims by plaintiff James Rhoton should not be dismissed given the circumstances, as previously explained herein. While Defendants are correct in their assertion that the loss-of-consortium claim would continue if the primary claims were dismissed, the Plaintiff is an Alabama resident—not a Texas resident, as Defendants argue. Therefore, Alabama state law controls, not Texas law as Defendants stated.[1] *See Zimmerman v. Lloyd Noland Foundation, Inc.,* 582 So.2d 548, 551 (Ala. 1991) (quoting *Mattison v. Kirk*, 497 So.2d 120, 123 (Ala. 1986) ("'[T]he [spouse's] right of consortium is [his or] her separate right[, and] [a]lthough [the] injury derives out of [the spouse's], [the] claim is independent.'") *See also McCann v. Lee*, 679 So.2d 658, 658 (Ala. 1996) (holding that after the primary plaintiff died both the primary injury claim and the spouse's loss of consortium claim survived). However, the fact that Plaintiff Sarah Rhoton's spousal

---

[1] Def.'s Mem. Supp. Mot. Dismiss 10.

5

claim would continue on its own in no way supports the dismissal of the primary claims made by Plaintiff James Rhoton.

### Conclusion

Plaintiffs respectfully request the Court to deny Defendants' Motion because, while there was minor non-compliance with PTO 23, this technicality was cured as soon as practicable and in no way caused any delay or any undue prejudice against Defendants.

Respectfully submitted,

*/s/ Jon Mann*
Jonathan S. Mann
**PITTMAN, DUTTON & HELLUMS, P.C.**
2001 Park Place North, Suite 1100
Birmingham, AL 35203
Tel: (205) 322-8880
Fax: (205) 328-2711
Email: jonm@pittmandutton.com

*Attorney for Plaintiffs*