IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

| | |
|---|---|
| IN RE: BAIR HUGGER FORCED AIR WARMING PRODUCT LIABILITY LITIGATION | MDL No.: 15-md-02666 (JNE/DTS) |
| This Document Relates To: | |
| STANLEY BLOOM, | Civil Action No.: 16-cv-2273-JNE-DTS |
| Plaintiff, | |

_____

**PLAINTIFF'S RESPONSE TO DEFENDANTS' NINTH MOTION TO DISMISS FOR FAILURE TO COMPLY WITH PRETRIAL ORDER NO. 23**
_____

NOW COMES Plaintiff, Stanley Bloom, identified in Defendants' Ninth Motion to Dismiss for Failure to Comply with Pretrial Order No. 23 (Dkt. 2028), and by and through undersigned counsel submits this, his Response to Defendants' Motion to Dismiss, and would respectively show the Court the following:

**FACTS**

On November 22, 2016, Mr. Stanley Bloom contacted undersigned counsel regarding an infection and subsequent treatment that he suffered due to the use of a Bair Hugger patient warming device during his orthopedic surgery. Mr. Bloom was them represented by Christopher L. Coffin, Esq., of the Pendley, Baudin & Coffin, LLP firm. On December 27, 2016, the undersigned counsel made his appearance (Ex. 1, Bloom Dkt. 6). On February 9, 2017, this Court terminated Mr. Coffin's representation. (Ex. 1, p. 1).

On July 10, 2019, defense counsel Benjamin W. Hulse, Esq., e-mailed to advise the undersigned counsel that he had reached out to terminated counsel Mr. Coffin prior to

filing the pending motion on July 3, 2019. (Ex. 2). Although defendants have been in contact with the undersigned's office for other matters such as addressing alleged Plaintiff Fact Sheet deficiencies, defense counsel did not at any time informally advise Mr. Bloom's current counsel of his unfortunate passing, file a formal suggestion of death, ask to meet and confer or otherwise engage in other than ambush litigation. It is unique in the undersigned's experience that the adverse party in multidistrict litigation would affirmatively search out deaths as a procedural gambit for dismissals.

Aside from inadvertently not complying with PTO 23, plaintiff Mr. Bloom complied with all orders of this Court. Mr. Bloom timely tendered his Plaintiff Fact Sheet on January 6, 2017 and his Amended Plaintiff Fact Sheet on February 6, 2017. His Bair Hugger use and infections were documented with substantial medical records. The undersigned further has all orders from the Master Docket scanned for his own surname and the surname of the firm's general partners ("Cellino" and "Barnes") to identify client cases at issue. Here, defendants' identification of an unrelated firm terminated in early 2017 obfuscated Mr. Bloom's inclusion. (Dkt. 2030, p. 2). However, in fairness, the undersigned thanks Mr. Hulse for his e-mail notification. (Ex. 2).

Immediately following that notification, the undersigned investigated, identified and contacted decedent Mr. Bloom's legally unsophisticated survivors. He has now been retained and authorized to proceed. The undersigned counsel has filed the Suggestion of Death contemporaneously with this response. The intended party to be substituted, subject to approval by the New York Surrogate's Court, is decedent Mr. Blooms' daughter Ms. Jill Lynn. Once granted authority, Ms. Lynn is a proper party entitled to

bring this unextinguished claim and any wrongful death claim under New York law. New York Consolidated Laws, Civil Practice Law & Rules § 1015(a) (claims survive plaintiff's death and the court shall order substitution), 1021 (substitution motion to be made by the successors or representatives of a party); New York State Estates, Powers and Trusts Law § 5-4.1 (court-appointed personal representative may pursue wrongful death action). Immediately upon appointment and obtaining hthe capacity to appear, should this Court excuse the unintentional deviation from PTO 23, Ms. Lynn will move this Court to substitute in for decedent and on behalf of his estate.

## ARGUMENT

Defendants failed to inform counsel for decedent Mr. Bloom of his passing until after the PTO 23 time for substitution had expired. Prior to this, Mr. Bloom had prosecuted his case in full compliance with this Court's orders. Under these circumstances where Defendants have not suffered prejudice or delay, and there is no pattern of willful misconduct or disobedience, the question is if Defendants' procedural victimization of a recently deceased plaintiff's survivors' substantive right to continues this cause of actions should be countenanced. On behalf of Mr. Bloom's estate, the undersigned counsel respectfully answers that it should not.

**A. Dismissal With Prejudice is Unwarranted Under The Present Circumstances**

A dismissal with prejudice "is a drastic sanction that should be exercised sparingly." *Pardee v. Stock*, 712 F.2d 1290, 1292 (8th Cir.1983). "[A]n action should be dismissed with prejudice 'only after balancing the policy of giving the plaintiff [his or her] day in court against [the] policies of preventing undue delay, avoiding court

3

congestion, and preserving respect for court procedures." *Omaha Indian Tribe v. Tract I-Blackbird Bend Area,* 933 F.2d 1462, 1468 (8th Cir. 1991).  As this Court has previously recognized, dismissal for failure to comply with PTO 23 "may be with prejudice" only "'in cases of willful disobedience of a court order or where a litigant exhibits a pattern of intentional delay.'" *In re Bair Hugger*, 2018 U.S. Dist. LEXIS 144732, at *7 (quoting *Hunt v. City of Minneapolis*, 203 F. 3d 524, 527 (8th Cir. 2000)).

Mr. Bloom never willfully disobeyed this Court while alive.  Defendants make no argument of non-compliance with any prior order.  Defendants instead exploit Mr. Bloom's passing, and their withholding knowledge of his passing, to attempt to deny his survivors their rights to substantively proceed with the civil action filed before his death.  Lacking any disobedience or intentional delay, Defendants gamesmanship should not be rewarded and their motion should be denied.

## B. Counsel's Excusable Neglect Should Be Excused to Permit a Just Resolution of this Civil Action on its Merits

Federal Rule of Civil Procedure 6(b)(1) permits a district court to extend the time for a party to act if failure to comply with a deadline was due to excusable neglect.  Excusable neglect is an "elastic concept" that empowers courts to accept, "where appropriate . . . late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control."  P*ioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993).  Resolving this question "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission."  *Id.* at 395.

4

The Eighth Circuit has "recognized that 'excusable neglect' includes 'late filings caused by inadvertence, mistake or carelessness.'" *Sugarbaker v. SSM Health Care*, 187 F.3d 853, 856 (8th Cir. 1999)). In determining whether the party moving to substitute has acted with excusable neglect, the Court "must consider 'all relevant circumstances,'" including, particularly: (1) the possibility of prejudice to the party moving for dismissal; (2) the length of the delay by the party moving to substitute "and the possible impact of that delay on judicial proceedings;" (3) that party's reasons for delay, "including whether the delay was within its reasonable control;" and (4) whether that party "acted in good faith." *Id.* Defendants make no argument justifying dismissal under the *Sugarbaker* factors. (Dkt. 2030).

Initially, Defendants suffered no prejudice by the inadvertent delay in substitution. While living, Mr. Bloom tendered all required discovery. There were no outstanding deadlines and no delay in these ongoing multidistrict proceedings. The delay reasonably resulted by a combination of a lull in the proceedings as to Mr. Bloom's individual case, his passing, and his legally unsophisticated survivors being unaware of the need to pursue personal representative status. Upon learning of Mr. Bloom's passing, the undersigned counsel immediately investigated, identified and contacted decedent's survivors. They in turn immediately retained undersigned counsel and initiated steps toward being appointed to appear in a representative capacity. As there has been no willful disobedience, pattern of delay or unreasonable conduct on Plaintiff's part, the equities strongly favor excusing the inadvertent PTO 23 error.

**C. Any Dismissal Need Not and Should Not Be with Prejudice**

PTO 23 permits, but does not require dismissal with prejudice. (Dkt. 1039, p. 3). This Court enjoys great discretion as to extending the 90 day deadline. *Lizarazo v. Miami-Dade Corr. & Rehab. Dep't*, 878 F.3d 1008, 1011 (11th Cir. 2017); *Zanowick v. Baxter Healthcare Corp*., 850 F.3d 1090, 1094 (9th Cir. 2017); *Cont'l Bank, N.A. v. Meyer*, 10 F.3d 1293, 1297 (7th Cir. 1993); *McSurely v. McClellan*, 753 F.2d 88, 98 n.5 (D.C. Cir. 1985) (*per curiam*); *Staggers v. Otto Gerdau Co*., 359 F.2d 292, 296 (2d Cir. 1966) ("the history of the 1963 amendment to Rule 25 makes clear that the 90 day period was not intended to act as a bar to otherwise meritorious actions."). When revised in 1963, the Advisory Committee's further recognized that the former Rule 25 limit for two years following death for substitution was replaced with an extendable deadline of 90 days from a properly served Suggestion of Death. *See*, *e.g*., *Lizarazo*, 878 F.3d at 1011; *Zanowick*, 850 F.3d 1090 at 1093-1096.

The *Zanowick* court addressed an analogous circumstance, in which asbestos defendants asserted their alleged entitlement to a dismissal with prejudice under Rule 25. Mr. Zanowick had initiated litigation that had been removed to federal court prior to his death. *Zanowick*, 850 F.3d at 1092. The *Zanowick* survivors elected to file parallel state court litigation with additional defendants, subject to defendants' fraudulent joinder arguments, and eventually filed an untimely request to extend Rule 25's deadline for substitution or alternatively to voluntarily dismissed. *Id.* at 1093. Defendants opposed on the basis of that Rule 25 mandated dismissal with prejudice, a result that would have terminated the federal action and terminate the state case on *res judicata* grounds. *Id*.

Addressing defendants' arguments, the district court aptly commented that "if ever there were motions that were more the exultation of form over substance, I don't think I've ever seen them."  On appeal, the Ninth Circuit affirmed with equally expansive language in support of district court discretion:

> Defendants are correct that district courts have dismissed cases *with prejudice* for failure to comply with Rule 25. Yet defendants cannot deny that district courts have dismissed cases *without prejudice* for the same Rule 25 deadline failure.  Indeed, defendants — each having filed its own set of briefs — cannot cite a single court, a treatise, or even a fortune cookie message that supports the "Game Over, Man!" reading of Rule 25 that they urge us to adopt. The rule, its history, and the courts applying it for more than 50 years make clear that dismissal with prejudice under these circumstances is not mandatory — either a dismissal without prejudice or an extension of the 90-day deadline are discretionary options for the district court.

*Zanowick*, 850 F.3d 1090 at 1095-1096 (italics in original; internal footnotes to string citations omitted; quotation, *cf.* Aliens (20th Century Fox 1986) (statement by Private Hudson)).

Here, Mr. Bloom initiated litigation, died during its prosecution, and his heirs -- rather than litigating parallel paths to the detriment of all -- have only inadvertently not obtained the legal status to continue prosecution.  Under these circumstances, dismissal without prejudice and extending the 90-day deadline are options within this Court's sound discretion and eminently appropriate.  Defendants have argued no prejudice to permitting substitution, nor is any apparent in light of Mr. Bloom having been completely compliant with all orders in this MDL, there being no current deadlines in his individual case and no individualized discovery having taken place.

Accordingly, should this Court not deny Defendants' motion in its entirety, the undersigned on behalf of plaintiff Mr. Bloom's estate respectfully requests that the

7

dismissal be without prejudice, conditioned such that it be reinstated without further order of this Court should a PTO 23-compliant Motion to Substitute Party be filed within 90 days from any Order excusing the untimely filing and converting to a dismissal with prejudice without further order of this Court should the motion not be filed within those 90 days.

## **CONCLUSION**

Based upon the foregoing, the undersigned on behalf of Mr. Bloom's estate respectfully requests that this Court excuse the inadvertent untimely filing of the Suggestion of Death and allow Plaintiff to file a Motion to Substitute Party pursuant to PTO 23, 90 days from any Order excusing the untimely filing and/or denying Defendants Motion to Dismiss as to this case. Alternatively, the undersigned respectfully requests the alternative dismissal without prejudice relief detailed immediately *supra*. Contemporaneously with or prior to filing the substitution motion, Ms. Lynn, or any other person whom may be appointed by New York Surrogate's Court will of course also tender a Second Amended Plaintiff Fact Sheet in compliance with PTO 23.

                Respectfully submitted,

By: /s/ Brian A. Goldstein
Brian A. Goldstein, Esq.
Cellino & Barnes, P.C.
2500 Main Place Tower
350 Main Street
Buffalo, NY  14202-3725
Telephone Number 1.716.888.8888
Fax Number 1.716.854.6291
brian.goldstein@cellinoandbarnes.com
Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on July 24, 2019, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send the notification of such filing to all attorneys of record.

/s/ Brian A. Goldstein
Brian A. Goldstein, Esq.
Cellino & Barnes, P.C.
2500 Main Place Tower
350 Main Street
Buffalo, NY  14202-3725
Telephone Number 1.716.888.8888
Fax Number 1.716.854.6291
brian.goldstein@cellinoandbarnes.com
Attorneys for Plaintiff