UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: BAIR HUGGER FORCED AIR WARMING DEVICES PRODUCTS LIABILITY LITIGATION<br><br>**This document relates to:**<br>*Johns v. 3M Company, et al.*<br>Case Action No. 16-cv-04190 | MDL No. 15-2666 (JNE/FLN)<br><br>JUDGE: JOAN N. ERICKSEN<br>MAG. JUDGE: DAVID T. SCHULTZ |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

**I.   Background**

    3M Company and Arizant Healthcare, Inc. ("Defendants" collectively) have moved this Court for an order dismissing plaintiff James Johns's claims with prejudice for failure to comply with Pre-Trial Order ("PTO") 23. [Docs. 2028 and 2030].

    Mr. Johns filed his Complaint on December 15, 2016. In accordance with the Orders of this Court he completed and served a Plaintiff Fact Sheet ("PFS") on March 14, 2017. At no point has that PFS ever been deemed insufficient. Mr. Johns's case was one of 100 randomly selected cases by the Court in PTO 24. Plaintiff complied with all requirements of that PTO but was not selected by either of the parties or the court to undergo case specific discovery.

    As part of its representation of Mr. Johns, the undersigned law firm sent regular case updates to Mr. Johns. Letters were sent to Mr. Johns in September of 2017 alerting Mr. Johns of this Court's decision not to allow plaintiffs to amend their complaint to add

punitive damages. Further case updates were sent in April of 2018 alerting Mr. Johns to causation rulings in the state court action and this Court's pre-trial rulings in advance of the first bellwether trial. In June of 2018, we advised Mr. Johns of the verdict in the *Gareis* case. On April 26, 2019 we sent a letter to Mr. Johns's home advising him of this Court's Order requiring that counsel for Plaintiff's put each case into one of three 'buckets.' On or around May 17, 2019, the undersigned's office was contacted by one of Mr. Johns's sons and alerted to the passing of Mr. Johns on February 4, 2019. Within 90 days of learning of the death of Mr. Johns, a suggestion of death was filed. Since learning of Mr. Johns death, undersigned counsel has worked with Mr. Johns's heirs to determine if they intend to continue with the litigation and to assist them in complying with Alabama law to substitute parties, should they choose to pursue the litigation.

## II.  Argument

Allowing Plaintiff's heirs to substitute within the time limits of Fed. R. Civ. P. 25 would not create any prejudice for Defendants, and in fact comports with both Minnesota's preference for resolution on the merits, the intent of the 1963 amendments to Fed. R. Civ. P. 6 and 25.

### a.  There is No Prejudice to Defendants.

Defendants' arguments in favor of dismissal for failure to timely file a suggestion of death rely on the argument that Plaintiffs' counsel fail to keep in touch with their clients. As noted above, undersigned counsel has made routine contact with its clients. With respect to Mr. Johns, undersigned Counsel has routinely updated Mr. Johns of the

status of this litigation. In fact, it was only twenty-one days after the latest update letter was sent to Mr. Johns, that one of his sons contacted the undersigned's office in regard to Mr. John's death. A suggestion of death has been filed. To date Defendants have not experienced any prejudice. Mr. Johns's PFS was fully and thoroughly completed within 90 days of his case being filed. Defendants had cause to review and reexamine that PFS when he was selected to the second bellwether pool. The case was not selected for case specific discovery. This case, like many others, remains inactive, but pending. There are no pressing deadlines, no discovery due. During the time needed to substitute parties, no prejudice will inure to defendants.

        **b.**     **Minnesota Law Supports Resolution on the Merits.**

Moreover, the courts of Minnesota, including this one, have a stated preference for resolving claims on the merits. *Select Comfort Corp. v. Kittaneh*, 161 F. Supp. 3d 724, 728 (D. Minn. 2014) (citing *Chorosevic v. MetLife Choices*, 600 F.3d 934, 947 (8th Cir.2010)); *Anderson v. Rengachary*, 608 N.W.2d 843, 851 (Minn. 2000) (citing *Sorenson v. St. Paul Ramsey Med. Ctr.*, 457 N.W.2d 188, 193 (Minn.1990)). As applied to the case before the Court, Defendants' motion to dismiss should be denied. Defendants seek a procedural route to dispose of plaintiff's otherwise meritorious action. Plaintiff fully complied with all requirements to this action prior to his passing, and his heirs notified undersigned counsel of his passing, who in turn filed a suggestion of death shortly after learning of Mr. Johns passing.

### c. The History of Federal Rule of Civil Procedure 25 Cautions against Hard and Fast Rules Regarding Motions to Substitute.

Allowing defendants to dismiss Mr. Johns's case on the present motion would create the sort of result that the Federal Rules of Civil Procedure were amended to avoid. Prior to the 1963 Amendments, Fed. R. Civ. P. 25 allowed that

> If a party dies and the claim is not thereby extinguished, the court within 2 years after the death may order substitution of the proper parties. If substitution is not so made, the action shall be dismissed as to the deceased party.[1]

This language, along with Fed. R. Civ. P. 6, created a rigid system, tied to the date of a party's death, that often led to inequitable outcomes. The notes of the Advisory Committee on Rules assert as much: "The hardships and inequities of this unyielding requirement plainly appear from the cases." Fed. R. Civ. P. 25, Notes of Advisory Committee on Rules—1963 Amendment.

These inequitable results led to the amended Rule 25:

> *Substitution if the Claim Is Not Extinguished*. If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

---

[1] The Advisory Committee, in 1955, made a recommendation that the standard for substitution be a reasonable time standard, however, the Supreme Court did not act on that recommendation. *Rende v. Kay*, 415 F.2d 983, 984 (D.C. Cir. 1969). Again in 1961, the Advisory Committee suggested a more flexible approach, which was likewise not acted upon. *Id.*

4

Fed. R. Civ. P. 25(a)(1). In addition to the amendment to Rule 25 the Advisory Committee also recommended changes to Fed. R. Civ. P. 6(b), which eliminated the prohibition on extending the time for a motion to substitute under Fed. R. Civ. P. 25. *See Kaubisch v. Weber*, 408 F.3d 540, 542 (8th Cir. 2005) ("However, both Rules 6(b) and 25(a)(1) were amended in 1963 to alleviate the harsh effects of decisions such as Anderson and the Advisory Committee's Notes to the 1963 Amendments indicate that the revisions were intended to allow courts to extend the 90 day period in Rule 25(a)(1) pursuant to amended Rule 6(b).").

Cases interpreting the updated rule interpreted the amendment as "intended[ing] to dispel unwarranted rigidity and allow more flexibility in substitution." *Rende v. Kay*, 415 F.2d 983, 986 (D.C. Cir. 1969). Rule 25, as amended, was designed to be given liberal effect. *Roscoe v. Roscoe*, 379 F.2d 94, 99 (D.C. Cir. 1967). And importantly, "[t]he 90 day period was not intended to act as a bar to otherwise meritorious actions." *Staggers v. Otto Gerdau Co.*, 359 F.2d 292, 296 (2d Cir. 1966). The present case is one, where the liberal effect of these changes, and the move away from rigidity should caution against granting Defendants motion. Undersigned counsel is in contact with Mr. Johns's sons and is working to properly substitute the parties in accordance with the rules of civil procedure and this Court's orders. Defendants have not shown any prejudice in the present case, and their blanket argument—that plaintiffs' counsel are not in communication with their clients—is refuted by the factual record in this case.

5

Dated: July 24, 2019 Respectfully submitted,

s/ Eric S. Taubel
Amanda M. Williams (MN #0341691)
Eric S. Taubel (MN # 0392491)
GUSTAFSON GLUEK PLLC
120 South Sixth Street, Suite 2600
Minneapolis, MN 55402
Phone: (612) 333-8844
Fax: (612) 339-6622
E-mail: awilliams@gustafsongluek.com
etaubel@gustafsongluek.com

***COUNSEL FOR PLAINTIFF***