UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE: BAIR HUGGER FORCED AIR WARMING DEVICES PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br>0:17-cv-00967 *(Hylas v. 3M Company, et al.)* | MDL DOCKET NO.<br>15-md-2666 (JNE/FLN) |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S NINTH MOTION TO DISMISS FOR [ALLEGED] FAILURE TO COMPLY WITH PRETRIAL ORDER NO. 23 AND/OR FED. R. CIV. P. 25(a) AND 41(b)**

NOW COMES Mark Hylas, through counsel, who files this Response in Opposition to Defendants' Ninth Motion to Dismiss for Failure to Comply with Pretrial Order No. 23 ("PTO 23") and/or Fed. R. Civ. P. 25(a) and 41(b) (Doc. 2028, hereinafter the "Ninth Motion"), and would respectively show the Court the following:

**I.**
**SUMMARY OF RESPONSE IN OPPOSITION**

This is Defendants' second attempt to dismiss prematurely and without just cause Plaintiff's Bair Hugger case based on his alleged failure to timely file a suggestion of death and/or to substitute parties. The Court has not ruled upon Defendants' first attempt—their Sixth Motion to Dismiss (Doc. 1740, hereinafter the "Sixth Motion")—to which Plaintiff's counsel timely responded on February 28, 2019 (Doc. 1825). Now, even though Defendants' Sixth Motion argued that Plaintiff's case should be dismissed for violating PTO 23—which, if granted, would **extinguish** the matter—Defendants now argue that

1

Federal Rule of Civil Procedure 25(a)(1)'s 90-day deadline to file a motion to substitute parties has also expired and the case should be dismissed for that additional reason (Doc. 2030 at 9–10).

Defendants, however, fail to recognize that Plaintiff's counsel and the already identified putative party-to-be-substituted, Plaintiff's only son and executor of his estate under his will, Mark R. Hylas (*see* Doc. 1825 at 2–3), are still awaiting a ruling on the Sixth Motion to determine if there is any obligation (or reason) to act under Rule 25(a)(1). In other words, because Rule 25(a)(1) applies **only** when "a party dies ***and a claim is not extinguished***," there would be no reason to move the State of New York probate courts for an official appointment and to file a motion to substitute parties if this Court dismissed the case on Defendants' Sixth Motion. Thus, Plaintiff's counsel and Mark R. Hylas have prudently awaited the Court's ruling on Defendants' earlier Sixth Motion before (perhaps unnecessarily) expending time and thousands of dollars on probate proceedings to officially appoint him as personal representative of his father's estate so as to satisfy Rule 25(a)(1).[1]

---

[1] On March 20, 2019, the Court did issue a ruling dismissing a handful of other cases that were the subject of Defendants' Sixth Motion. (Doc. 1869.) However, the Court's Order states in the caption that it relates only to the *Heil*, *Payton*, *Prilo*, *McKinney*, and *Kappmeyer* cases, the body of the Order addresses only those five cases (it does not mention Plaintiff Hylas's case), the Order expressly dismissed those five cases with prejudice (not mentioning Hylas), and the Order does *not* state that the Sixth Motion is denied as to Mr. Hylas's case. As a result, a ruling on Defendant's Sixth Motion remains pending as to Mr. Hylas. Plaintiff's counsel has not identified on the Court's docket any other ruling on Defendants' Sixth Motion since the March 20, 2019 Order.

Defendants' Ninth Motion is bereft of the above details and those further illustrating the background of this matter as set forth in Plaintiff's earlier response (Doc. 1825 at 1–5). Moreover, the Ninth Motion cuts against the long-established "liberal" and "flexible" purpose of substituting parties under Rule 25(a).  *See  In re Baycol Prods. Litig.*, 616 F.3d 778, 783 (8th Cir. 2010).  And, in keeping with that liberal and flexible purpose, Plaintiff ably overcomes any argument of inexcusable tardiness of his motion to substitute because any alleged neglect was excusable, as discussed above and further below.  Indeed, Mark R. Hylas, Plaintiff-decedent's only surviving child, who resides in New Mexico, has already repeatedly contacted, through counsel, a New York probate attorney (New York is the situs of Plaintiff-decedent's estate) concerning the prerequisites and expense of being appointed a personal representative by the New York probate courts.  Still, uncertain that his father's case would survive Defendants' Sixth Motion, Mark R. Hylas preferred to wait on the Court's ruling before seeking an official appointment through the probate court.

In any event, if the Court should deny Defendants' Motions—and it should—Plaintiff respectfully requests 60 days additional time to submit his motion to substitute parties.  This Court has made similar exceptions in other cases.  *See In re Bair Hugger Forced Air Warming Devices Prods. Liab. Litig.*, No. 15-2666 (JNE/DTS), 2018 WL 4054107, at *2 (D. Minn. Aug. 24, 2018) (finding that plaintiff's daughter had not demonstrated she was the proper party to be substituted, but granting her additional time to satisfy the Court's substitution requirements).

Defendants Sixth and Ninth Motions to Dismiss Plaintiff Hylas's claims should both be denied.

## II.
## BACKGROUND

Mr. Hylas, now deceased, filed this case as the personal representative of the estate of Maureen H. Hylas ("Mrs. Hylas"), also deceased, on March 30, 2017. Mr. Hylas alleged that Mrs. Hylas died as result of an infection she experienced due to the use of Defendants' Bair Hugger patient warming device. Mr. Hylas himself, however, passed away on January 15, 2018.

On February 7, 2019, Defendants filed their Sixth Motion, alleging Plaintiff Hylas had missed his deadline to file his Suggestion of Death (Doc. 1740). On February 8, 2019, Plaintiff's counsel filed their Notice of Appearance and Substitution of Attorney, notifying the Court and Defendants' counsel that attorney Justin Jenson was no longer with the undersigned law firm and that Robert W. Cowan and Laurence G. Tien were added as counsel of record, along with K. Camp Bailey. (Doc. 11.)

On February 28, 2019, Plaintiff timely responded in opposition to Defendants' Motion. (*See* Doc. 1825.) Plaintiff informed the Court, *inter alia*, that Plaintiff's counsel was not made aware of Mr. Hylas's death until February 5, 2019—when Defendants' counsel contacted Plaintiff's counsel. (*Id.* at 2–3.) Once Plaintiff's counsel was made aware of Mr. Hylas's death, Plaintiff's counsel expeditiously tracked down the decedent's only child, Mark, on February 6, 2019. (*Id.*) Mark had no knowledge his father had even filed this lawsuit. (*Id.*) Moreover, Plaintiff's response further noted that decedent's son intended to complete the necessary probate and/or prerequisites to pursue his parents' case

(*id.*)—which he has since initiated by authorizing the undersigned counsel to inquire with probate counsel regarding next steps and costs.

## III.
## ARGUMENT & AUTHORITIES

**A.    Defendants' Ninth Motion to Dismiss Inappropriately Relies on Fed. R. Civ. P. 25(a)(1) Given the Procedural Circumstances of this Case; There Is Only Excusable Neglect Here, If Any.**

Federal Rules of Civil Procedure 25(a)(1) states: "If a party dies and the ***claim is not extinguished***, the court may order substitution of the proper party.  A motion for substitution may be made by any party or by the decedent's successor or representative." Fed. R. Civ. P 25(a)(1) (emphasis added).  The United States Court of Appeals for the Eighth Circuit ("Eighth Circuit") has observed that "[t]he purpose of the 1963 amendments to Rule 25, **which replaced a harsher prior rule regarding proper party plaintiffs, was to liberalize the rule and to allow flexibility in substitution of parties**." *In re Baycol*, 616 F.3d at 783 (stating Rule 25 was "intended to dispel unwarranted rigidity and allow more flexibility in substitution") (internal citations omitted, emphasis added).  Further, the Eighth Circuit has noted that "[a]lthough the ninety-day rule 'appears to be mandatory,' the district court has the discretion under Rule 6(b) to permit an untimely motion for substitution if the failure to file the motion resulted from excusable neglect, Fed. R. Civ. P. 6(b)." *Pierce by Guardian v. Pemiscot Memorial Health Systems*, 657 Fed. Appx. 613, 615 (8th Cir. 2016) (internal citations omitted).

The Eighth Circuit has "recognized that 'excusable neglect' includes 'late filings caused by inadvertence, mistake, or carelessness.'" *Sugarbaker v. SSM Health Care*, 187

F.3d 853, 856 (8th Cir. 1999). In determining whether the party moving to substitute has acted with excusable neglect, the Court "must consider 'all relevant circumstances'" including: (1) the possibility of prejudice to the party moving for dismissal; (2) the length of delay by the party moving to substitute "and the possible impact of delay on judicial proceedings"; (3) the substituting party's reasons for delay, "including whether the delay was within its reasonable control"; and (4) whether the substituting party "acted in good faith." *Pioneer Inv. Servs. v. Brunswick Assocs.*, 507 U.S. 380, 388 (1993).

Furthermore, "an action should be dismissed with prejudice 'only after balancing the policy of giving the plaintiff [his or her] day in court against [the] policies of preventing undue delay, avoiding court congestion, and preserving respect for court procedures." *Omaha Indian Tribe v. Tract I-Blackbird Bend Area*, 933 F.2d 1462, 1468 (8th Cir. 1991). In particular, this Court has noted that dismissal for failure to comply with PTO 23 "may be with prejudice" *only* "in cases of willful disobedience of court order or where a litigant exhibits a pattern of intentional delay." *In re Bair Hugger*, 2018 WL 4054107, at *1. "This does not require a 'finding that [plaintiff] acted in bad faith, but requires only that he acted **intentionally** *as opposed to* **accidentally or involuntarily**.'" *Id.* (internal citations omitted) (emphasis added).

Here, Plaintiff's alleged noncompliance was neither willful nor in bad faith, and Plaintiff has not exhibited any pattern of intentional delay.[2] Likewise, Plaintiff has not

---

[2] A dismissal with prejudice "is a drastic sanction that should be exercised sparingly." *Pardee v. Stock*, 712 F.2d 1290, 1292 (8th Cir. 1983). Plaintiff's alleged noncompliance with PTO 23 and Rule 25(a)(1) was not willful or in bad faith, and a dismissal with prejudice would be extreme. A dismissal with prejudice "should be used only in cases of

6

caused any delay in this Court's proceedings, and there has been no prejudice to Defendants. Rather, it was unclear to decedent's son whether Plaintiff's claim would be extinguished, as urged in Defendants' Sixth Motion. If the Court dismissed Plaintiff's claim on that motion (which it should not), any effort by Mark R. Hylas to seek official appointment as personal representative and to substitute as Plaintiff on his father's Bair Hugger claim would be rendered moot.

Nevertheless, Plaintiff's son, through undersigned legal counsel, *has* proactively inquired concerning the probate process and expense, and in the event his father's case is not dismissed (and it should not be), a motion to substitute parties will be filed within 60 days of this Court's ruling. It would be unfair and unduly punitive for Mark R. Hylas, a resident of New Mexico, who only recently learned of the existence of this lawsuit pending in Minnesota (Doc. 1825 at 2–3), to have incurred significant expenses to expedite the probate and appointment process in New York, only then to learn his father's Bair Hugger case was dismissed. Given the circumstances described herein, a dismissal with prejudice would be an unduly harsh consequence, and forever deny Plaintiff his day in court.

---

***willful*** disobedience of a court order or where a litigant exhibits a pattern of ***intentional*** delay." *Hunt v. City of Minneapolis*, 203 F.3d 524, 527 (8th Cir. 2000); *see Hutchins v. A.G. Edwards & Sons, Inc.*, 116 F.3d 1256, 1260; *see also Mann v. Lewis*, 108 F.3d 145, 147 (8th Cir. 1984). In *Givens v. A.H. Robins Co.*, 751 F.2d 264 (8th Cir. 1984), the Eighth Circuit reversed a dismissal with prejudice where the litigant's only transgression was failure to comply with a discovery deadline. *Givens*, 751 F.2d at 264. The court reasoned that dismissal with prejudice was disproportionate to such an act of mere noncompliance. *Id*.

**B.     Defendants Failed to Satisfy Their Good Faith Meet and Confer Obligation Under Local Rule 7.1.**

Local Rule 7.1 states: "Before filing a motion . . . , the moving party must, if possible, meet and confer with the opposing party in a good-faith effort to resolve the issues raised by the motion.  The moving and opposing partiers need not meet in person." (Emphasis added.)  There was no "good-faith effort" by Defendants' counsel to meet with Plaintiff's counsel in this instance.

Defense counsel placed no phone call to Plaintiff's counsel to discuss the Ninth Motion before or after its filing.  Furthermore, instead of directly emailing the attorneys of record at their direct work email addresses **as provided on their Notice of Appearance (Doc. 11)**, defense counsel obscurely chose to email *one* firm email address—bailey-svc@bpblaw.com—which is a PACER e-filing address used by the entire firm to receive **CM/ECF filing service** across thousands of cases filed in all federal courts.  Plaintiff's counsel of record, Messrs. Cowan, Tien, and Bailey, do not monitor the "bailey-svc" email address themselves, particularly for emails from opposing counsel, and do not send out any email from that address; as stated, that address is used for receiving CM/ECF filings, not for correspondence between counsel.  Moreover, that email address was not included on any attorney's Notice of Appearance or Court filing in this lawsuit, nor has it ever been used to communicate with Defendants' counsel before.  Remarkably, no other Plaintiff's attorneys' emails were copied on Defendants' "meet and confer" email (*see* Exhibit A attached), despite the fact that Defendants' counsel has previously communicated directly with Plaintiff's counsel of record at one or more of their direct work email addresses.

8

Therefore, Defendants' contention that Plaintiff never "contacted Defendants to request an extension or explain their delay" is disingenuous, as Plaintiff's counsel had no real notice of Defendants' Ninth Motion until after it was filed.

## IV.
## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendant's Ninth Motion to Dismiss for Failure to Comply with Pretrial Order No. 23 and/or Fed. R. Civ. P. 25(a) and 41(b). Furthermore, should the Court also deny Defendants' pending Sixth Motion to Dismiss (as it should), Plaintiff respectfully requests 60 days from the date of the Court's order(s) on the Sixth and Ninth Motions to submit his Motion to Substitute Parties designating the decedent's putative personal representative, Mark R. Hylas.

Dated: July 24, 2019                     Respectfully Submitted,

**BAILEY COWAN HECKAMAN PLLC**

*/s/ Robert W. Cowan*
K. Camp Bailey
Robert W. Cowan
Laurence Tien
5555 San Felipe St., Suite 900
Houston, Texas 77056
Telephone: (713) 425-7100
Facsimile: (713) 425-7101
cbailey@bchlaw.com
rcowan@bchlaw.com
ltien@bchlaw.com

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I, Robert W. Cowan, hereby certify that on July 24, 2019, I electronically filed the foregoing Document using the CM/ECF system which will serve notifications of such filing to the email of all counsel of record in this action.

Dated: July 24, 2019

                                        */s/ Robert W. Cowan*
                                        Robert W. Cowan