UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: BAIR HUGGER FORCED AIR WARMING DEVICES
PRODUCTS LIABILITY LITIGATION              MDL No. 2666

TRANSFER ORDER

**Before the Panel:** Plaintiffs in the Eastern District of Missouri *Kolb* and Western District of Missouri *Tye* actions listed on the attached Schedule A separately move under Panel Rule 7.1 to vacate our orders conditionally transferring the actions to the District of Minnesota for inclusion in MDL No. 2666. Defendants 3M Company and Arizant Healthcare Inc. oppose the motions.

In support of their motions to vacate, the *Kolb* and *Tye* plaintiffs argue that their actions were improperly removed and their motions for remand to state court are pending. The Panel often has held that jurisdictional issues do not present an impediment to transfer, as plaintiffs can present their arguments regarding those issues to the transferee judge.[1] *See, e.g., In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347-48 (J.P.M.L. 2001).

After considering the argument of counsel, we find that the *Kolb* and *Tye* actions involve common questions of fact with actions transferred to MDL No. 2666, and that transfer will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The actions in the MDL share factual questions arising from allegations that post-surgery use of a Bair Hugger forced air warming system causes serious infections due to the introduction of contaminants into open wounds. *See In re Bair Hugger Forced Air Warming Devices Prods. Liab. Litig.*, 148 F. Supp. 3d 1383, 1385 (J.P.M.L. 2015). The *Kolb* and *Tye* plaintiffs do not dispute that their actions implicate those same questions.

---

[1] Moreover, under Panel Rule 2.1(d), the pendency of a conditional transfer order does not limit the pretrial jurisdiction of the court in which the subject action is pending. Between the date a remand motion is filed and the date that transfer of the action to the MDL is finalized, a court generally has adequate time to rule on a remand motion if it chooses to do so.

- 2 -

IT IS THEREFORE ORDERED that the *Kolb* and *Tye* actions are transferred to the District of Minnesota, and, with the consent of that court, assigned to the Honorable Joan N. Ericksen for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Sarah S. Vance
Chair

| | |
|---|---|
| Lewis A. Kaplan | Ellen Segal Huvelle |
| R. David Proctor | Catherine D. Perry |
| Karen K. Caldwell | Nathaniel M. Gorton |

IN RE: BAIR HUGGER FORCED AIR WARMING DEVICES
PRODUCTS LIABILITY LITIGATION

MDL No. 2666

## SCHEDULE A

Eastern District of Missouri

KOLB, ET AL. v. MCCLARY, ET AL., C.A. No. 4:19-00889

Western District of Missouri

TYE, ET AL. v. ST. LUKE'S EAST ANESTHESIA SERVICES, PC, ET AL., C.A. No. 4:19-00294