UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: Bair Hugger Forced Air Warming Products Liability Litigation | MDL No. 2666 (JNE/DTS) |
| This Document Relates to All Actions | **PLAINTIFFS' RESPONSE TO 3M'S MOTION TO REDACT TRANSCRIPT** |

Regarding the June 12, 2019 hearing, 3M did not seek to close the courtroom, nor did it seek any relief from the Court in order to prevent the public from securing the transcript. The hearing was open, and during the proceedings various members of the public both known and unknown to Plaintiff's counsel observed the hearing. The portions of the transcript 3M now seeks to seal were introduced in open court with no protective measures. Soon afterwards, this Court published the full transcript on its own website. As such, the information entered the public domain. Because members of the public have already learned the contents of the transcript, the cat is already out of the bag. Not only is there no rational basis to retroactively seal the public transcript, but the reality of the situation makes any such sealing of no practical use and impossible to enforce. For these reasons, the transcript should remain public and fully unredacted.

**ARGUMENT**

In support of its request, 3M relies solely on *Kruger,* a case involving whether to keep transcripts relating to a motion to compel under seal. The vital difference in the

*Kruger* case is that "the public has not previously had access to these documents or the information disclosed in the documents." *Krueger v. Ameriprise Financial, Inc.*, 2014 WL 12597948, at *25 (D.Minn. 2014). In *Kruger,* the unredacted transcripts had never been released to the public. Rather, prior to releasing the transcripts, the *Kruger* court had "ordered that the transcripts be released reflecting Ameriprise's proposed redactions." *Id.* at *24.

The situation in this case is far different. The information contained in the transcript has been subject to open access. Indeed, this Court published the entire unredacted transcript on its own website.[1] Since the time of that publication, the transcript has been freely available for download and review by the general public. This access has been enjoyed not only by members of the press and lay public, but also by every lawyer in America who represents any one of the thousands of Bair Hugger claimants in state and federal court. Any attempt to retroactively seal this public information defies logic. In fact, the Protective Order in this case specifically contemplates that publicly available information cannot be considered confidential. *See* PTO #7, Doc. 39, p. 3 ("Information or documents that are available to the public may not be designated as Confidential Information.").[2]

When deciding whether to keep judicial records under seal, courts typically examine "the extent of previous public access to the documents." *Schedin v. Ortho-*

---

[1] https://www.mnd.uscourts.gov/MDL-Bair-Hugger/transcripts.shtml
[2] Indeed, the Protective Order counsels against sealing under these circumstances, noting that "[a]s there is a presumption in favor of open and public judicial proceedings in the federal courts, this Order will be construed in favor of public disclosure and open proceedings wherever possible," and that "[n]othing in this Order will be construed to affect the use of any document, material, or information at any trial or hearing." *See* PTO#7, Doc. 39, p. 11.

*McNeil-Janssen Pharmaceuticals, Inc*., 2011 WL 1831597, at *2 (D.Minn. 2011), *quoting United States v. Hubbard,* 650 F.2d 293, 318 (D.C.Cir. 1980). When deciding to keep documents under seal in *Schedin,* Judge Tunheim noted "the particular exhibits at issue were not discussed in open court." *Id.* Here, that is obviously not the case. Not only was the information discussed in open court, but the transcript was published on the Court's public website. Given this general public access, it would be difficult for this Court to determine that "further dissemination of already accessible materials can be restrained." *Id; see also Okla. Publishing Co. v. Dist. Court*, 430 U.S. 308, 310-11 (1977) (individuals may not be restrained from publishing information obtained in courtroom proceedings when they were not excluded from courtroom); *Cox Broadcasting Co. v. Cohn*, 420 U.S. 469 (1975) (individuals cannot be made liable for publishing name of rape victim whose name was already publicly available). While disclosure of the underlying documents can be controlled, the same is not true of the publicly available hearing transcript. If the transcript is retroactively redacted and/or sealed, Plaintiff's counsel could be accused of a disclosure which was actually due to a hearing observer or any one of the members of the public who have downloaded the transcript from this Court's website.

Another important distinction between this case and the *Krueger* case is that the latter concerned transcripts for a hearing on a motion to compel. In ruling on public access, court have found "material filed with discovery motions is not subject to the common-law right of access." *Steele v. City of Burlington, Iowa*, 334 F.Supp.3d 972, 977 (S.D.Iowa 2018), *citing FTC v. AbbVie Prods. LLC*, 713 F.3d 54, 63 (11th Cir. 2013).

Here Defendants seek to redact the transcript of a dispositive motion hearing, the result of which was dismissal of every one of the more than 5,000 cases then pending in this MDL. Hearings which result in dispositive action by the court must be treated with a strong presumption of access. *See, e.g., Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 121 (2d Cir. 2006) ("Our precedents indicate that documents submitted to a court for its consideration in a summary judgment motion are—as a matter of law—judicial documents to which a strong presumption of access attaches, under both the common law and the First Amendment."); *Baxter Int'l, Inc. v. Abbott Labs*., 297 F.3d 544, 546 (7th Cir. 2002) ("[D]ispositive documents in any litigation enter the public record notwithstanding any earlier agreement. How else are observers to know what the suit is about or assess the judges' disposition of it?"); *FTC v. Std. Fin. Mgmt. Corp*., 830 F.2d 404, 409 (1st Cir. 1987) (holding that "relevant documents which are submitted to, and accepted by, a court of competent jurisdiction in the course of adjudicatory proceedings, become documents to which the presumption of public access applies," and "[o]nce those submissions come to the attention of the district judge, they can fairly be assumed to play a role in the court's deliberations"); *Krueger*, 2014 WL 12597948, at *8 ("Plaintiffs contend that the Eighth Circuit has 'not treated judicial records attached to dispositive motions differently than non-dispositive motions.' This is not true."). Here, where the information was raised in a dispositive proceeding and has been freely available to the public, there is no justification for a retroactive redacting or sealing the transcript.

## CONCLUSION

In sum, *Kruger* does not support 3M's request. Not only is the dispositive nature of the proceedings different, but *Kruger* involved information which had never entered the public domain. 3M's request is not only impractical and unenforceable, but the public's ability to evaluate these proceedings would be unreasonably hindered if the Court were to grant Defendants' request to shroud in secrecy these public proceedings. As the Supreme Court observed, "[t]he crucial prophylactic aspects of the administration of justice cannot function in the dark; no community catharsis can occur if justice is 'done in a corner [or] in any covert manner.'" *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 571 (1980). Here, where the Court reversed course and suddenly dismissed thousands of lawsuits alleging a public health risk which had been previously allowed to go forward, the retroactive redaction and/or sealing of the hearing transcript would hinder the public's ability to determine exactly what happened and to assess their own level of confidence in the decisions of their public institutions.

Respectfully submitted,

Dated: August 6, 2019

Michael V. Ciresi (MN #0016949
Jan M. Conlin (MN #0192697)
CIRESI CONLIN LLP
225 S. 6th St., Suite 4600
Minneapolis, MN 55402
Phone: 612.361.8202
Email: MVC@CiresiConlin.com
         JMC@CiresiConlin.com

Genevieve M. Zimmerman (MN #330292)
MESHBESHER & SPENCE, LTD.
1616 Park Avenue South
Minneapolis, MN 55404
Phone: (612) 339-9121
Fax: (612) 339-9188
Email: gzimmerman@meshbesher.com

Ben W. Gordon, Jr. (*Pro Hac Vice*)
LEVIN, PAPANTONIO, THOMAS,
MITCHELL, RAFFERTY &
PROCTOR, P.A.
316 South Baylen Street, Suite 600
Pensacola, FL 32502-5996
Phone: (850) 435-7091
Fax: (850) 435-7020
Email: bgordon@levinlaw.com

Kyle Farrar
Mark D. Bankston
FARRAR & BALL, LLP
1010 Lamar, Suite 1600
Houston, Texas 77002
713.221.8300 Telephone
713.221.8301 Fax
Email: kyle@fbtrial.com
         mark@fbtrial.com

Gabriel Assaad – *Pro Hac Vice*
David W. Hodges – *Pro Hac Vice*
KENNEDY HODGES, LLP
711 W. Alabama Street
Houston, TX 77006
Phone: (713) 523-0001
Email: gassaad@kennedyhodges.com