# Meshbesher & Spence
## LAWYERS

1616 Park Avenue, Minneapolis, MN 55404 | P: 612-339-9121 | F: 612-339-9188 | meshbesher.com

MARK D. STREED
DANIEL C. GUERRERO
ANTHONY J. NEMO
KONSTANDINOS NICKLOW
PAMELA J. SPAULDING
ANDREW L. DAVICK
GENEVIEVE M. ZIMMERMAN
JOSHUA M. TUCHSCHERER
ERIC M. PALMER

ZACHARY C. BAUER
JAMES B. SHEEHY
LINDSEY A. CARPENTER
RACHEL N. SIMPSON
ASHLEIGH E. RASO
DEREK I. STEWART

OF COUNSEL
RALPH S. PALMER

August 6, 2019

*Via CM/ECF & Email*

The Honorable Joan N. Ericksen
District Judge, District of Minnesota
United States District Court
12W U.S. Courthouse
300 South Fourth Street
Minneapolis, MN  55415

Re:  *Bair Hugger Forced Air Warming Products Liability Litigation*
     MDL No. 15-2666 (JNE/DTS)

Dear Judge Ericksen,

In response to Your Honor's direction that the parties advise the Court today about whether the Sealed Order Granting Defendants' Motion for Reconsideration should be redacted in some way. Counsel for Defendants advised they want the Order unsealed, "in toto", given the public interest in the Court's decision. We also support the publics' right of access, but for the public to have full access, the briefing and exhibits which lead to the order should likewise by open to the public and not maintained under seal.  Otherwise, the public is not getting full access "in toto" to information concerning dispositive rulings.

When deciding whether to keep judicial records under seal, courts typically examine "the extent of previous public access to the documents." Schedin v. Ortho-McNeil-Janssen Pharmaceuticals, Inc., 2011 WL 1831597, at *2 (D.Minn. 2011), quoting United States v. Hubbard, 650 F.2d 293, 318 (D.C.Cir. 1980). When deciding to keep documents under seal in Schedin, Judge Tunheim noted "the particular exhibits at issue were not discussed in open court." Id. Here, that is obviously not the case. Not only was the information discussed in open court, but the transcript was published on the Court's public website. Given this general public access, it would be difficult for this Court to determine that "further dissemination of already accessible materials can be restrained." Id; see also Okla. Publishing Co. v. Dist. Court, 430 U.S. 308, 310-11 (1977)

# Meshbesher & Spence
###### LAWYERS

August 6, 2019
Page 2

(individuals may not be restrained from publishing information obtained in courtroom proceedings when they were not excluded from courtroom); Cox Broadcasting Co. v. Cohn, 420 U.S. 469 (1975) (individuals cannot be made liable for publishing name of rape victim whose name was already publicly available).

Hearings which result in dispositive action by the court must be treated with a strong presumption of access. See, e.g., Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 121 (2d Cir. 2006) ("Our precedents indicate that documents submitted to a court for its consideration in a summary judgment motion are—as a matter of law—judicial documents to which a strong presumption of access attaches, under both the common law and the First Amendment."); Baxter Int'l, Inc. v. Abbott Labs., 297 F.3d 544, 546 (7th Cir. 2002) ("[D]ispositive documents in any litigation enter the public record notwithstanding any earlier agreement. How else are observers to know what the suit is about or assess the judges' disposition of it?"); FTC v. Std. Fin. Mgmt. Corp., 830 F.2d 404, 409 (1st Cir. 1987) (holding that "relevant documents which are submitted to, and accepted by, a court of competent jurisdiction in the course of adjudicatory proceedings, become documents to which the presumption of public access applies," and "[o]nce those submissions come to the attention of the district judge, they can fairly be assumed to play a role in the court's deliberations"); Krueger, 2014 WL 12597948, at *8 ("Plaintiffs contend that the Eighth Circuit has 'not treated judicial records attached to dispositive motions differently than non-dispositive motions.' This is not true.").

Given 3M's noted embrace of the publics' right of access the Order, we do not anticipate an objection, however, If 3M does not agree, plaintiffs request the opportunity to fully brief the issue of redactions and sealing, both with respect to the Order and the documents submitted in support of the motion and response in opposition.

Respectfully,

*Genevieve Zimmerman*

Genevieve M. Zimmerman for Plaintiffs'

GMZ/hms