UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: BAIR HUGGER FORCED AIR WARMING DEVICES PRODUCTS LIABILITY LITIGATION | MDL No. 15-2666 (JNE/DTS) |
| | ORDER |
| This Document Relates to: *Petitta v. 3M Co.*, Case No. 16-cv-3878 | |

This matter is before the Court on Defendants' motion for a permanent injunction barring Plaintiff John Petitta from relitigating his claims in state court. For the following reasons, the Court grants Defendants' motion.

## BACKGROUND

On November 10, 2016, Plaintiff John Petitta, a Texas resident, filed suit in this Court's multidistrict litigation ("MDL"). His short form complaint asserts claims against Defendants for negligence, strict liability, and breach of warranty, among other things, relating to the use of the Bair Hugger system during his knee replacement surgery. On November 14, 2016, Plaintiff sued Defendants in Hidalgo County, Texas, also asserting causes of action for negligence, strict liability, and breach of warranty based on his right knee replacement surgery.[1]

---

[1] Plaintiff apparently concedes that the state court litigation involves the same claims but argues that the claims may involve different issues if the Texas state court applies Minnesota state law. If the Texas state court applies Minnesota law to some or all of Plaintiff's claims, Plaintiff contends that the state court would decide Plaintiff's claims under a different legal standard. Citing *Smith v. Bayer Corp.*, 564 U.S. 299, 312 (2011),

1

On November 22, 2016, Defendants' counsel alerted Plaintiff's counsel in both cases of the duplicate filings. Several months then passed with no further action by Plaintiff's counsel. In April 2017, Plaintiff's counsel proposed a stipulation for dismissal with prejudice of his claims against 3M in the federal Bair Hugger MDL. Defendants' counsel confirmed with Plaintiff's counsel that a dismissal with prejudice was intended and consented to the stipulation. On April 5, 2017, Plaintiff's counsel filed the stipulation for dismissal with prejudice, signed by both parties. The stipulation stated: "IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned parties, pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii), that the above-captioned case be dismissed with prejudice, each party to bear its own costs." *Petitta* 16-cv-3878, ECF No. 7.

Defendants have not yet raised the *res judicata* issue in the Texas state litigation. Under the Texas Rules of Civil Procedure, Defendants' only avenue for asserting *res judicata* is a motion for summary judgment, which is unlikely to be heard before the close of discovery. Because discovery in state court is ongoing for the foreseeable future and the state court's decisions regarding discovery would impact the MDL, the Court will address the *res judicata* issue at this time.

---

Plaintiff argues that the relitigation exception does not bar state court claims when the relevant legal standards differ between federal and state court. But in *Bayer*, the Court emphasized that the federal court and state court applied different class certification standards: "A federal court and a state court apply different law . . . and decide distinct questions." *Id. Bayer* is not applicable here, though, because the Court applied state substantive law to Plaintiff's tort claims.

**LEGAL STANDARD**

The Anti-Injunction Act provides that a "court of the United States may not grant an injunction to stay proceedings in a state court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgment." 28 U.S.C. § 2283. The Act's core message is one of respect for state courts, broadly commanding that "those tribunals 'shall remain free from interference by federal courts.'" *Smith v. Bayer Corp.*, 564 U.S. 299, 306 (2011). That edict is subject to only "three specifically defined exceptions," one of which is the relitigation exception. *Id.* This exception is "designed to implement 'well-recognized concepts' of claim and issue preclusion." *Id.* (quoting *Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 147 (1988)). The Supreme Court described issuing an injunction under this exception as "resorting to heavy artillery" and emphasized that "an injunction can issue only if preclusion is clear beyond peradventure." *Id.* at 307.

**DISCUSSION**

The first question is whether federal common law, Minnesota law, or Texas law governs *res judicata* in this case. The Supreme Court has held that the preclusive effect of a federal-court judgment, including a dismissal by a federal court sitting in diversity, is determined by federal common law. *See Taylor v. Sturgell*, 553 U.S. 880, 891 (2008) (citing *Semtek Int'l Inc. v. Lockheed Martin Corp.,* 531 U.S. 497, 507-08 (2001)). Under federal common law, the doctrine of *res judicata*, or claim preclusion, applies when "(1) the first suit resulted in a final judgment on the merits; (2) the first suit was based on proper jurisdiction; (3) both suits involve the same parties (or those in privity

3

with them); and (4) both suits are based upon the same claims or causes of action." *Elbert v. Carter*, 903 F.3d 779, 782 (8th Cir. 2018) (quoting *Costner v. URS Consultants, Inc.*, 153 F.3d 667, 673 (8th Cir. 1998)).

The law is the same under Texas or Minnesota law. In both states, the doctrine of *res judicata* does not apply unless there has been a final decision on the merits. *See, e.g., Citizens Ins. Co. of Am. v. Daccach*, 217 S.W.3d 430, 449 (Tex. 2007) ("For *res judicata* to apply, there must be: (1) a prior final judgment on the merits by a court of competent jurisdiction; (2) identity of parties or those in privity with them; and (3) a second action based on the same claims that were raised or could have been raised in the first action."); *Hauschildt v. Beckingham*, 686 N.W.2d 829, 840 (Minn. 2004) ("*Res judicata* applies as an absolute bar to a subsequent claim when (1) the earlier claim involved the same set of factual circumstances; (2) the earlier claim involved the same parties or their privies; (3) there was a final judgment on the merits; (4) the estopped party had a full and fair opportunity to litigate the matter.").

In this case, the parties dispute whether there has been a final judgment on the merits. Plaintiff argues that a voluntary dismissal, even with prejudice, does not give rise to claim preclusion. Plaintiff contends that the federal matter was not decided after a "full and fair opportunity to litigate" because the case was pending for only a few months before the parties stipulated to a dismissal. Plaintiff emphasizes that, during that time, the Court did not decide any dispositive motions or *Daubert* motions that would have negatively impacted Plaintiff's case.

4

For support, Plaintiff cites to the Supreme Court's decision in *Semtek*, in which the Court explained that "it is no longer true that a judgment 'on the merits' is necessarily a judgment entitled to claim-preclusive effect." 531 U.S. at 502. In that case, however, the Court did not go so far as to establish a general rule that non-substantive dismissals with prejudice are not entitled to claim-preclusive effect. Rather, the Court analyzed how courts traditionally view the preclusive effect of dismissals on grounds that the statute of limitations had expired. The Court emphasized that "the traditional rule is that expiration of the applicable statute of limitations merely bars the remedy and does not extinguish the substantive right, so that dismissal on that ground does not have claim-preclusive effect in other jurisdictions with longer, unexpired limitations periods." *Id.* at 504. Accordingly, the Court rejected the argument that dismissals with prejudice on this ground were entitled to preclusive effect. *Id.* at 502-04.

But in other contexts, courts have treated dismissals with prejudice on non-substantive grounds as constituting final judgment for purposes of *res judicata*.[2] The Eighth Circuit has held that "[w]hen the parties to a previous lawsuit agree to dismiss a

---

[2] And even if state law determines the preclusive effect of Plaintiff's dismissal with prejudice, a voluntary stipulation to dismiss with prejudice gives rise to claim preclusion under both Minnesota and Texas law. Texas courts have held that a dismissal with prejudice carries *res judicata* effect, and that a dismissal pursuant to an agreement also precludes further litigation. *See, e.g., Bell v. Moores*, 832 S.W.2d 749, 755 (Tex. App. 1992) ("In general, if the dismissal is with prejudice, *res judicata* applies . . . [a]lso, if the dismissal is entered by agreement of the parties in pursuance of the compromise or settlement of a controversy, *res judicata* applies."). Under Minnesota law, a judgment "can form the basis for *res judicata*" even when it "is disposed of on nonsubstantive grounds." *Olson v. Christenson Law Office, PLLC*, 2018 WL 3421276, *3 (Minn. Ct. App. July 16, 2018) (quoting *Johnson v. Hunter*, 447 N.W.2d 871, 873 (Minn. 1989)).

5

claim with prejudice, such a dismissal constitutes a 'final judgment on the merits' for purposes of *res judicata*." *Larken, Inc. v. Wray*, 189 F.3d 729, 732 (8th Cir. 1999). Plaintiffs have not pointed the Court to any contrary authority.

Plaintiff's argument that he did not intend for the stipulation to preclude his state court claims is unavailing. First, Plaintiff cites no case that establishes that Plaintiff's intent is relevant to the Court's claim-preclusion analysis. But, even if courts do consider the parties' intent in some circumstances,[3] Plaintiff's stipulation provides no evidence of his intent to avoid the judgment's preclusive effect.[4] Plaintiff, through his counsel, proposed a stipulation to dismiss his claims with prejudice. Subsequently, both parties consented to and signed this stipulation. The stipulation in no way communicates that Plaintiff intended to pursue his state court claims. Indeed, Plaintiff chose to dismiss his claims with prejudice—even though courts have acknowledged that a "dismissal *without* prejudice" ordinarily does not bar plaintiff from returning later to the same court or *other* courts. *Semtek*, 531 U.S. at 505. Consequently, the Court finds that the Plaintiff's attorney's decision to sign the stipulation of dismissal with prejudice precludes Plaintiff

---

[3] 18A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 4443 (3d ed. 2019) ("Courts may look to the intent of the settling parties in determining the preclusion effect of a judgment based on a settlement.").

[4] After the motion was fully briefed, Plaintiff filed a "supplement to the factual record" consisting of an email exchange between both parties in December 2016. ECF No. 2068. Plaintiff asserts that this email thread shows that both parties intended to dismiss the federal case and pursue the state action. The Court finds that the thread does not show that Defendants ever agreed that the state court case could proceed if the federal action were dismissed with prejudice and there is no discussion of the implications of a dismissal with prejudice. And, even if Plaintiff's counsel communicated a desire to pursue the state court claim in December 2016, he later proposed and signed a stipulation for dismissal with prejudice in April 2017.

from pursuing his claims in state court.  *See, e.g., Samuels v. N. Telecom, Inc.*, 942 F.2d 834, 837 (2d Cir. 1991) ("*Res judicata* may not be avoided on the basis of . . . an attorney's ill-considered decision to enter into an all-encompassing stipulation of withdrawal with prejudice.").

Moreover, the actions of Plaintiff's counsel in the state court litigation further support the Court's decision to enjoin Plaintiff from litigating his claims.  As the Seventh Circuit has explained, MDL courts have an interest in protecting their own orders and rulings in the MDL:

> The Anti-Injunction Act does not bar courts with jurisdiction over complex multidistrict litigation from issuing injunctions to protect the integrity of their rulings, including pre-trial rulings like discovery orders, as long as the injunctions are narrowly crafted to prevent specific abuses which threaten the court's ability to manage the litigation effectively and responsibly.

*Winkler v. Eli Lilly & Co.*, 101 F.3d 1196, 1203 (7th Cir. 1996).  This MDL, filed in December 2015, is at an advanced stage.  The Court has issued numerous rulings relating to discovery, documents under seal, and *Daubert* motions.  The Court recently issued an order granting Defendants' motions to exclude Plaintiffs' medical experts and granting summary judgment for Defendants.  But, as the only state court litigation, Plaintiff's case provides an opportunity for Plaintiff's counsel to collaterally attack the Court's discovery orders and orders sealing documents in the MDL.  And Plaintiff's counsel has attempted to undermine these rulings.  For example, Plaintiff's counsel argued in the state court litigation that no protective order should be entered, and that Defendants should be required to reproduce their documents without any confidentiality protection.  ECF No.

7

2043, Hulse 2d Decl., DX7 (*Petitta* Tr.) at 28:9-23.  Accordingly, the Court finds that an injunction is necessary to protect its judgments.[5]  *See* 28 U.S.C. § 2283.

Finally, an injunction is also necessary to serve the objectives of coordinated litigation.  *See Daewoo Elecs. Corp. of Am. v. W. Auto Supply Co.*, 975 F.2d 474, 479 (8th Cir. 1992) ("[T]he injunction will promote judicial economy and protection of parties from harassing, duplicative litigation, interests which the federal and state courts share.").  If Plaintiff is allowed to proceed, hundreds of other plaintiffs whose claims have been dismissed with prejudice from the MDL would file identical claims in state court.

For these reasons, the Court enjoins Plaintiff Petitta from litigating claims in Texas state court that were previously dismissed with prejudice in the MDL.  Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

---

[5] Other MDL courts have similarly granted injunctions where the plaintiffs were using state court actions to collaterally attack orders in the MDL.  *See, e.g.*, *In re Sprint Premium Data Plan Mktg. & Sales Pracs. Litig.*, 10-cv-6334, 2012 WL 1302748, *5 (D.N.J. Dec. 5, 2012) (enjoining plaintiffs' state court proceeding because the state court's decision "could sufficiently impair [the MDL court's] presiding over the MDL"); *In re Rezulin Prods. Liab. Litig.*, 223 F.R.D. 109, 120 (S.D.N.Y. 2004) (granting injunction as "necessary and appropriate in aid of [the MDL court's] jurisdiction so as to prevent the frustration of its prior discovery orders, ensure the preclusive effect of its order dismissing the actions of plaintiffs who willfully disregarded those prior orders, and to prevent a multiplicity of actions"); *In re Inter Op Hip Prosthesis Liab. Litig.*, 174 F. Supp. 2d 648, 653-64 (N.D. Ohio 2001) ("[T]he Court is convinced that, given the current posture of this action, allowing the state court plaintiffs to pursue their parallel state court actions will frustrate the proceedings in this case and disrupt the orderly resolution of the MDL litigation.").

1. Defendants' Motion for a Permanent Injunction Barring Plaintiff John Petitta From Relitigating His Claims in State Court [ECF No. 1939] is GRANTED.

2. The Court PERMANENTLY ENJOINS Plaintiff John Petitta from relitigating in state court his claims against Defendants that were previously dismissed with prejudice from the MDL.

Dated: August 7, 2019

s/ Joan N. Ericksen<br>JOAN N. ERICKSEN<br>United States District Judge