

Benjamin W. Hulse
Direct Dial: 612-343-3256
E-Mail: bhulse@blackwellburke.com

August 7, 2019

**VIA ECF**

The Honorable Joan N. Ericksen
United States District Court
12W U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415

RE:   **MDL 2666,** *In re Bair Hugger*

Dear Judge Ericksen:

Defendants write in response to the letter filed by Plaintiffs' counsel late yesterday regarding the Court's July 31, 2019 Memorandum granting Defendants' motion for reconsideration. Although the parties agree that the Memorandum need not be redacted, Defendants object to Plaintiffs' inappropriate request that all underlying memoranda and exhibits be unsealed.

First, Plaintiffs' request is procedurally improper. Local Rule 5.6 requires that the parties submit a Joint Motion Regarding Continued Sealing that specifically addresses each document filed under seal and the parties' positions as to whether each document should remain sealed. Defendants provided Plaintiffs' counsel with a draft motion addressing the documents filed under seal in connection with the motion for reconsideration on July 26, 2019 and asked that Plaintiffs provide their position so that the Joint Motion could be filed with the Court. Plaintiffs' counsel ignored that request and, instead, is attempting to circumvent the rules in yet another attempt to have Defendants' confidential documents unsealed. Plaintiffs' request should not be entertained by the Court.

Second, Plaintiffs are wrong to suggest that sealed documents should automatically be made available to the public simply because they were filed (by Plaintiffs) in connection with a dispositive motion. "[N]ot all documents filed by parties are 'judicial records'; instead, only those documents that are *relevant to and integrally involved* in the resolution of the merits of a case are judicial records to which the presumption of public access attaches." *Krueger v. Ameriprise Financial, Inc.*, No. 11-2781 (SRN/JSM), 2014 WL 12597948, at *9 (D. Minn. Oct. 14, 2014) (emphasis added); *see also In re Application for an Order Pursuant to 18 U.S.C. Section 2703(D)*, 707 F. 3d 283, 290 (4th Cir. 2013) ("[D]ocuments filed with the court are 'judicial records' *if they play a role in the adjudicative process*, or adjudicate substantive rights") (emphasis added); *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995) ("[T]he item filed must be relevant to the performance of the judicial function and useful in the judicial process in order for it to be designated a judicial document."), *rev'd in part on other grounds by United States v. Amodeo*, 71

The Honorable Joan N. Ericksen and The Honorable David T. Schultz
August 7, 2019
Page 2

F.3d 1044 (2d Cir. 1995); *United States v. El-Sayegh*, 131 F.3d 158, 163 (D.C. Cir. 1997) ("[W]hat makes a document a judicial record and subjects it to the common law right of access is the role it plays in the adjudicatory process.").

Plaintiffs cannot show that the documents here fit these criteria, nor have they made any effort to evaluate the confidentiality of any particular document and the reasons why it was sealed.[1] Their August 6, 2019 letter is nothing more than *another* thinly-veiled attempt to unseal documents that the Court already has ruled should be kept sealed. These issues have been repeatedly briefed and addressed by this Court and most of the documents at issue have already been ordered permanently sealed. For example, as set forth in the draft Joint Motion that Defendants provided to Plaintiffs' counsel, there are 24 documents that were filed under seal in connection with Defendants' motion for reconsideration. Of those documents, Defendants seek to maintain the seal over 15 of them and, of those, 12 have been the subject of previous motions and have been permanently sealed by the Court. The protections afforded these documents do not evaporate simply because Plaintiffs continually choose to submit them to the Court – discuss them during hearings – notwithstanding their lack of relevance to any of the issues actually being considered.

All of the documents filed under seal in connection with Defendants' motion for reconsideration were filed by Plaintiffs and none of them were cited or relied on by the Court in its July 31, 2019 opinion. Moreover, Plaintiffs submitted many of the same documents in opposition to Defendants' motion for summary judgment in the *Gareis* matter and thus tried to have them unsealed in in October 2018, again arguing that they were part of the public record because they were filed in connection with a dispositive motion. *See Gareis*, No. 16-4187, Dkt. No. 513. The Court rejected those arguments then and should do so now.

To the extent Plaintiffs wish to continue their efforts to have Defendants' confidential documents made public, they should provide their position as part of the Joint Motion Regarding Continued Sealing that Defendants prepared and sent them nearly two weeks ago. Once the Court has had the opportunity to consider and rule upon the confidentiality of each document – as contemplated by Local Rule 5.6 – Plaintiffs can decide how they wish to proceed.

Thank you for your time and consideration of these issues.

Sincerely,

s/Benjamin W. Hulse

Benjamin W. Hulse

---

[1] For example, Plaintiffs filed the case-specific expert report prepared by Dr. Jarvis for the *Trombley* matter under seal, presumably because the document contains confidential medical history and information pertaining to Ms. Trombley. Under the sweeping and undisciplined approach requested by Plaintiffs' counsel in their August 6 letter, such information would be made publicly available.


BLACKWELL BURKE P.A.