**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

IN RE: BAIR HUGGER FORCED AIR
WARMING DEVICES PRODUCTS                    MDL No. 15-2666 (JNE/DTS)
LIABILITY LITIGATION

This Document Relates to:
*Kolb, et al. v. Rick McClary,*
*et al.*, No. 19-cv-02088

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR
MOTION TO VACATE JUDGMENT AND REMAND THIS ACTION
OR IN THE ALTERNATIVE
TO DIRECT ENTRY OF FINAL JUDGMENT AGAINST DEFENDANTS 3M
COMPANY AND ARIZANT HEALTHCARE, INC. OR
<u>ENTER AN ORDER PERMITTING AN INTERLOCUTORY APPEAL</u>**

COME NOW Plaintiffs Deborah Kolb and Timothy Kolb, by and through their attorneys of record, and, pursuant to Federal Rule of Civil Procedure (FRCP) 54(b) and 28 U.S.C. § 1332, move this court to vacate its judgment for a lack of subject matter jurisdiction and remand this action to the Circuit Court of St. Louis County, Missouri, or, in the alternative, suggest remand of this case to the United States District Court for the Eastern District of Missouri pursuant to JPML Rule 10.1(b). In the alternative, Plaintiffs move this court to direct entry of a final judgment pursuant to FRCP 54(b) or, in the alternative, move this court to enter an order permitting an interlocutory appeal pursuant to 28 U.S.C. § 1292. In support, Plaintiffs state as follows:

1. Plaintiffs initially filed their claims in Missouri state court and included claims against non-diverse Missouri defendants. *See* First Am. Pet. for Damages (Am. Pet.), ECF 001-2.

2. In addition to claims common to all MDL plaintiffs,[1] Plaintiffs have brought claims against the sales representatives of 3M and/or Arizant—Rick McClary, Jennifer Hicks, Jason

---

[1] The Master Long Form Complaint and Jury Demand includes the following claims against 3M Company (3M) and Arizant Healthcare, Inc. (Arizant): (1) Negligence, (2) Strict Liability (failure to warn, defective design and manufacture), (3) Breach of Express Warranty, (4) Breach of Implied Warranty, (5) Violation of the Minnesota Prevention of Consumer Fraud Act, (6) Violation of the Minnesota Unlawful Trade Practices Act, (8) Violation of the

Shaw, and Tony Benson—for Strict Liability: Failure to Warn, Negligence, Breach of Express Warranty, Breach of Implied Warranty, Negligent Misrepresentation, Fraudulent Misrepresentation, Fraudulent Concealment, Violation of the Missouri Merchandising Practices Act, and Loss of Consortium. *Id.*

3.  Because these additional defendants and claims are properly joined to Plaintiffs' claims common to the MDL plaintiffs, Plaintiffs filed a Motion to Remand this case, asserting, among other things, the Court lacked subject matter jurisdiction because there was not complete diversity of citizenship between Plaintiffs and Defendants. Mot. to Rem. and Memo. in Supp., Apr. 12, 2019, ECF 009, *et seq.*. Plaintiffs incorporate by reference the arguments and authorities of their Motion to Remand and Memorandum in Support as if fully set forth herein.

4.  On July 31, 2019, the Court granted 3M and Arizant's Motion for Summary Judgment and directed the Clerk of Court "to enter judgment in and close all remaining member cases in this MDL." Docket Entry, *In re Bair Hugger Forced Air Warming Products Liability Litigation*, No. 15-md-2666-JNE-DTS (D. Minn. July 31, 2019) (ECF 2065). On August 13, 2019, the Court entered Judgment individually in the above-captioned case. J., Aug. 13, 2019, ECF 038.

5.  Although the Judgment directs the Clerk of Court "to enter judgment in and close all remaining member cases in this MDL[,]" apparently purporting to dismiss all claims against all defendants, only 3M and Arizant filed for summary judgment. Defs.' Mot. for Summ. J. with Respect to General Causation, *In re Bair Hugger Forced Air Warming Products Liability Litigation*, Case No. 15-md-2666-JNE-DTS (D. Minn. Sept. 12, 2017) (ECF 759).[2] Additionally,

---

Minnesota False Advertising Act, (9) Consumer Fraud and/or Unfair Deceptive Trade Practices Under State Law, (10) Negligent Misrepresentation, (11) Fraudulent Misrepresentation, (12) Fraudulent Concealment, (13) Loss of Consortium, and (14) Unjust Enrichment.

[2] *See also* Defs.' Mot. for Recons. of the Court's December 13, 2017 Order on General Causation, *In re Bair Hugger Forced Air Warming Products Liability Litigation*, Case No. 15-md-2666-JNE-DTS (D. Minn. Jan. 24, 2019) (ECF 1718).

the pending motions that the Clerk of the Court was directed in the Judgment to terminate did not dispose of all parties, claims, or the issues otherwise raised in the above-captioned case.

6.  At the time the Court directed entry of Summary Judgment on cases pending in the MDL–including Plaintiffs' case–their Motion for Remand was pending. Plaintiffs' Motion for Remand has been fully briefed, but no determination as to the Court's jurisdiction has yet been made. *Steel Co. v. Citizens for a Better Env.,* 523 U.S. 83, 94 (1998) (holding that jurisdiction must be established as a threshold matter, as **"[w]ithout jurisdiction the court cannot proceed at all** in any cause") (emphasis added).

7.  The Court's entry of judgment against Plaintiffs is not final because Plaintiffs' claims against additional defendants remain pending and have not yet been judicially determined. FRCP 54(b) provides that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the parties' rights and liabilities."  Summary judgment may only be granted for a nonmovant, on grounds not raised by a party, or at the court's own initiative, after giving notice to the parties and a reasonable time to respond. *See* FRCP 56(f).

8.  The Court's entry of judgment against Plaintiffs must be vacated because the Court, as explained further in Plaintiffs' Motion for Remand, did not have subject matter jurisdiction over these claims. "Lack of subject matter jurisdiction cannot be waived by the parties or ignored by the court." *In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) (citation omitted).

9.  Plaintiffs accordingly request that this Court vacate its summary judgment and remand this case to the Circuit Court of St. Louis County, Missouri. In the alternative, should this

Court wish to defer its decision on the remand issue to a Missouri court, Plaintiffs request that this Court vacate its summary judgment and suggest remand of this case to the United States District Court for the Eastern District of Missouri pursuant to JPML Rule 10.1(b).

10. In the alternative, if the Court defers its determination of jurisdiction and does not remand this case to the Circuit Court of St. Louis County, Missouri or suggest remand of this case to the United States District Court for the Eastern District of Missouri pursuant to JPML Rule 10.1(b), Plaintiffs request that this Court direct the entry of final judgment in favor of 3M and Arizant and find "there is no just reason for delay" pursuant to Rule 54(b) so that Plaintiff may join the other MDL plaintiffs in the appeal of the Court's entry of judgment in favor of 3M and Arizant. FRCP 54(b).

11. Should this court find that it does not have the discretion to certify its judgment as final under FRCP 54(b), Plaintiffs request an order from the Court pursuant to 28 U.S.C. § 1292(b) to allow Plaintiffs to pursue an interlocutory appeal.

WHEREFORE, Plaintiffs respectfully request the Court vacate its entry of judgment for lack of subject matter jurisdiction and remand this case to the Circuit Court of St. Louis County, Missouri, from which it was wrongfully removed or, in the alternative, suggest remand of this case to the United States District Court for the Eastern District of Missouri pursuant to JPML Rule 10.1(b). In the alternative, if the Court defers its determination of jurisdiction and does not remand this case to the Circuit Court of St. Louis, Missouri or suggest remand of this case to the United States District Court for the Eastern District of Missouri pursuant to JPML Rule 10.1(b), Plaintiffs respectfully request the Court direct the entry of final judgment as to 3M and Arizant finding "there is no just reason for delay" or, in the alternative, direct the entry of an order from which Plaintiffs

may proceed with an interlocutory appeal, such that these claims may be consolidated with those of the other MDL plaintiffs on appeal.

Dated: August 28, 2019　　　　　　　　　　　　Respectfully submitted,

**LANGDON & EMISON LLC**

By: /s/ Robert Langdon
Robert Langdon, MO Bar #23233
Michael W. Manners, MO Bar #25394
Brett Emison, MO Bar #52072
Patricia L. Campbell, MO Bar #60917
Langdon & Emison LLC
911 Main Street - P.O. Box 220
Lexington, MO 64067
Telephone: (660) 259-6175
Telefax: (660) 259-4571
bob@lelaw.com
mike@lelaw.com
brett@lelaw.com
tricia@lelaw.com
**ATTORNEYS FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

I hereby certify that on this 28th day of August, 2019, I electronically filed the foregoing with the clerk of the Court using the CM/ECF system, which will send notice of electronic filing to all counsel of record.

　　　　　　　　　　　　　　　　　　　　　　　　/s/Robert Langdon