## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: Bair Hugger Forced Air Warming Products Liability Litigation | MDL No. 15-2666 (JNE/DTS) |
| This Document Relates to:<br>ALL ACTIONS | **DECLARATION OF BENJAMIN W. HULSE IN SUPPORT OF DEFENDANTS' BILL OF COSTS** |

Benjamin W. Hulse, being first duly sworn, deposes, and declares:

I am an attorney at the law firm of Blackwell Burke P.A., and one of the attorneys who represented 3M Company and Arizant Healthcare Inc. (together, "Defendants") in this litigation. Final judgement, an Order granting Defendants' Motion to Reconsider the Court's December 13, 2017 on Motion to Exclude Expert Testimony and Motion for Summary Judgment, was entered on August 2, 2019. I submit this Declaration in support of Defendants' Bill of Costs.

1. Attached hereto as Exhibit A is a true and correct copy of invoices totaling $1,222.25 for the November 2, 2016 deposition transcript of witness Mr. Gary Hansen. Real-time transcription was utilized in order to review examination questions and answers and make timely objections. The deposition was noticed and taken by Plaintiffs.

2. Attached hereto as Exhibit B are true and correct copies of invoices totaling $2,351.20 for the deposition transcript of witness Mr. Al Van Duren. Real-time transcription was utilized in order to review examination questions and answers and make timely objections. The November 7, 2016 and March 7, 2017 depositions were noticed and taken by Plaintiffs.

1

3. Attached hereto as Exhibit C is a true and correct copy of an invoice totaling $832.30 for the transcript for the June 28, 2017 deposition of Defendants' expert, Dr. Jim Ho, necessarily obtained for use in the case. The deposition was noticed and taken by Plaintiffs.

4. Attached hereto as Exhibit D is a true and correct copy of an invoice totaling $1,434.05 for the transcript for the July 18, 2017 deposition of Defendants' expert, Dr. Theodore Holford, necessarily obtained for use in the case. Real-time transcription was utilized in order to review examination questions and answers and make timely objections. The deposition was noticed and taken by Plaintiffs.

5. Attached hereto as Exhibit E are true and correct copies of invoices totaling $1,981.60 for the transcripts for the August 3, 2017 and August 4, 2017 depositions of Defendants' experts, Ms. Antonia Hughes and Dr. Richard Wenzel, necessarily obtained for use in the case. Real-time transcription was utilized during Dr. Wenzel's deposition in order to review examination questions and answers and make timely objections. The depositions were noticed and taken by Plaintiffs.

6. Attached hereto as Exhibit F is a true and correct copy of an invoice totaling $1,380.30 for the transcript for the July 10, 2017 deposition of Defendants' expert, Dr. Thomas Kuehn, necessarily obtained for use in the case. Real-time transcription was utilized in order to review examination questions and answers and make timely objections. The deposition was noticed and taken by Plaintiffs.

7. Attached hereto as Exhibit G is a true and correct copy of an invoice totaling

$778.46 for the transcript for the July 14, 2017 deposition of Defendants' expert, Mr. Michael Keen, necessarily obtained for use in the case. The deposition was noticed and taken by Plaintiffs.

8. Attached hereto as Exhibit H is a true and correct copy of an invoice totaling $1,540.90 for the transcript for the July 20, 2017 deposition of Defendants' expert, Dr. John Abraham, necessarily obtained for use in the case. The deposition was noticed and taken by Plaintiffs.

9. Attached hereto as Exhibit I is a true and correct copy of an invoice totaling $961.90 for the transcript for the July 20, 2017 deposition of Defendants' expert, Dr. Jonathan Borak, necessarily obtained for use in the case. The deposition was noticed and taken by Plaintiffs.

10. Attached hereto as Exhibit J is a true and correct copy of an invoice totaling $1,440.35 for the transcript for the July 28, 2017 deposition of Defendants' expert, Dr. Michael Mont, necessarily obtained for use in the case. The deposition was noticed and taken by Plaintiffs.

11. Attached hereto as Exhibit K is a true and correct copy of an invoice totaling $898.45 for the transcript for the August 8, 2017 deposition of Defendants' expert, Dr. Alexander Hannenberg, necessarily obtained for use in the case. The deposition was noticed and taken by Plaintiffs.

12. Attached hereto as Exhibit L is a true and correct copy of an invoice totaling

$911.75 for the transcript for the August 11, 2017 deposition of Defendants' expert, Dr. Samsun Lampotang, necessarily obtained for use in the case. The deposition was noticed and taken by Plaintiffs.

13. Attached hereto as Exhibit M is a true and correct copy of an invoice totaling $1,404.25 for the transcript for the July 18, 2017 deposition of Defendants' expert, Dr. Gary Settles, necessarily obtained for use in the case. Real-time transcription was utilized in order to review examination questions and answers and make timely objections. The deposition was noticed and taken by Plaintiffs.

14. Attached hereto as Exhibit N is a true and correct copy of an invoice totaling $1639.95 for the transcript for the July 7, 2017 deposition of Defendants' expert, Mr. Timothy Ulatowski, necessarily obtained for use in the case. Real-time transcription was utilized in order to review examination questions and answers and make timely objections. The deposition was noticed and taken by Plaintiffs.

15. Attached hereto as Exhibit O are true and correct copies of invoices totaling $2,229.70 for the transcripts for the October 7, 2016 and November 12, 2016 depositions of witness Mr. Mark Albrecht, necessarily obtained for use in the case. Real-time transcription was utilized in order to review examination questions and answers and make timely objections.

16. Attached hereto as Exhibit P are true and correct copies of invoices totaling $5,192.25 for the deposition transcripts of witnesses Dr. Scott Augustine, Mr. J. Randall Benham, and Mr. Brent Augustine taken on March 31, 2017 and March 29, 2018,

necessarily obtained for use in the case. Real-time transcription was utilized in order to review examination questions and answers and make timely objections.

17.     Attached hereto as Exhibit Q is a true and correct copy of an invoice totaling $385.00 for the deposition transcript of witness Mr. Ryan Burrows, necessarily obtained for use in the case. Real-time transcription was utilized in order to review examination questions and answers and make timely objections. The deposition was noticed and taken by Plaintiffs.

18.     Attached hereto as Exhibit R is a true and correct copy of an invoice totaling $770.50 for the deposition transcript of witness Mr. Troy Bergstrom, necessarily obtained for use in the case. The deposition was noticed and taken by Plaintiffs.

19.     Attached hereto as Exhibit S is a true and correct copy of an invoice totaling $1,327.00 for the deposition transcript of witness Mr. Robert Buehler, necessarily obtained for use in the case. Real-time transcription was utilized in order to review examination questions and answers and make timely objections. The deposition was noticed and taken by Plaintiffs.

20.     Attached hereto as Exhibit T is a true and correct copy of an invoice totaling $371.75 for the deposition transcript of witness Mr. Robert Crowder, necessarily obtained for use in the case. Real-time transcription was utilized in order to review examination questions and answers and make timely objections. The deposition was noticed and taken by Plaintiffs.

21.     Attached hereto as Exhibit U is a true and correct copy of an invoice totaling

$515.50 for the deposition transcript of witness Ms. Suzanne Danielson, necessarily obtained for use in the case. Real-time transcription was utilized in order to review examination questions and answers and make timely objections. The deposition was noticed and taken by Plaintiffs.

22. Attached hereto as Exhibit V is a true and correct copy of an invoice totaling $1,201.95 for the deposition transcript of witness Dr. Michelle Hulse-Stevens, necessarily obtained for use in the case. Real-time transcription was utilized in order to review examination questions and answers and make timely objections. The deposition was noticed and taken by Plaintiffs.

23. Attached hereto as Exhibit W is a true and correct copy of an invoice totaling $957.65 for the deposition transcript of witness Mr. Jay Issa, necessarily obtained for use in the case. Real-time transcription was utilized in order to review examination questions and answers and make timely objections. The deposition was noticed and taken by Plaintiffs.

24. Attached hereto as Exhibit X is a true and correct copy of an invoice totaling $926.50 for the deposition transcript of witness Ms. Caroline Johnson, necessarily obtained for use in the case. The deposition was noticed and taken by Plaintiffs.

25. Attached hereto as Exhibit Y are true and correct copies of invoices totaling $1,659.44 for the deposition transcript and video of witness Mr. Gary Maharaj, necessarily obtained for use in the case. Real-time transcription was utilized in order to review examination questions and answers and make timely objections. An invoice for the deposition video is also being submitted because of his unavailability to testify at trial due

to his current position of CEO of SurModics, Inc.  The deposition was noticed and taken by Plaintiffs.

26.     Attached hereto as Exhibit Z is a true and correct copy of an invoice totaling $1,109.75 for the deposition transcript of witness Mr. John Rock, necessarily obtained for use in the case.  Real-time transcription was utilized in order to review examination questions and answers and make timely objections.  The deposition was noticed and taken by Plaintiffs.

27.     Attached hereto as Exhibit AA is a true and correct copy of an invoice totaling $851.50 for the deposition transcript of witness Mr. Mark Scott, necessarily obtained for use in the case.  The deposition was noticed and taken by Plaintiffs.

28.     Attached hereto as Exhibit BB is a true and correct copy of an invoice totaling $691.00 for the deposition transcript of witness Ms. Jana Stender, necessarily obtained for use in the case.  Real-time transcription was utilized in order to review examination questions and answers and make timely objections.  The deposition was noticed and taken by Plaintiffs.

29.     Attached hereto as Exhibit CC is a true and correct copy of an invoice totaling $474.20 for the deposition transcript of witness Mr. Winston Tan, necessarily obtained for use in the case.  Real-time transcription was utilized in order to review examination questions and answers and make timely objections.  The deposition was noticed and taken by Plaintiffs.

30.     Attached hereto as Exhibit DD is a true and correct copy of an invoice

totaling $722.50 for the deposition transcript of witness Mr. David Westlin, necessarily obtained for use in the case. Real-time transcription was utilized in order to review examination questions and answers and make timely objections. The deposition was noticed and taken by Plaintiffs.

31.  Attached hereto as Exhibit EE is a true and correct copy of an invoice totaling $939.50 for the deposition transcript of witness Ms. Teri Woodwick-Sides, necessarily obtained for use in the case. Real-time transcription was utilized in order to review examination questions and answers and make timely objections. The deposition was noticed and taken by Plaintiffs.

32.  Attached hereto as Exhibit FF is a true and correct copy of an invoice totaling $929.30 for the deposition transcript of witness Mr. Karl Zgoda, necessarily obtained for use in the case. Real-time transcription was utilized in order to review examination questions and answers and make timely objections. The deposition was noticed and taken by Plaintiffs.

33.  Attached hereto as Exhibit GG is a true and correct copy of an invoice totaling $914.40 for the deposition transcript of witness Mr. Allen Hamid Ziaimehr, necessarily obtained for use in the case. Real-time transcription was utilized in order to review examination questions and answers and make timely objections. The deposition was noticed and taken by Plaintiffs.

34.  Attached hereto as Exhibit HH is a true and correct copy of an invoice totaling $1,015.45 for the deposition transcript of Dr. Kumar Belani, necessarily obtained for use in the case.

35. Attached hereto as Exhibit II is a true and correct copy of an invoice totaling $1,532.20 for the deposition transcript of Dr. Christopher Nachtsheim, necessarily obtained for use in the case.

36. Attached hereto as Exhibit JJ is a true and correct copy of an invoice totaling $593.90 for the deposition transcript of Mr. Mark Litchy, necessarily obtained for use in the case.

37. Attached hereto as Exhibit KK are true and correct copies of invoices totaling $1,726.30 for the deposition transcripts for the October 4, 2016 and December 15, 2016 depositions of subpoenaed witness Dr. Robert Gauthier, necessarily obtained for use in the case. Real-time transcription was utilized in order to review examination questions and answers and make timely objections.

38. Attached hereto as Exhibit LL are true and correct copies of invoices totaling $6,989.80 for the transcripts and videos from the December 4, 2016 depositions of Dr. Andrew Hamer and Dr. Michael Reed, necessarily obtained for use in the case. An invoice for the deposition video is also being submitted because Drs. Hamer and Reed are residents of the United Kingdom.

39. Attached hereto as Exhibit MM are true and correct copies of invoices totaling $3,052.50 for the transcript and video from the December 8, 2016 deposition of Dr. David Leaper, necessarily obtained for use in the case. An invoice for the deposition video is also being submitted because Dr. Leaper is a resident of the United Kingdom.

40. Attached hereto as Exhibit NN are true and correct copies of invoices

9

totaling $4,062.45 for the transcript and video from the December 1, 2016 deposition of Dr. Andrew Legg, necessarily obtained for use in the case. An invoice for the deposition video is also being submitted because Dr. Legg is a resident of the United Kingdom.

41. Attached hereto as Exhibit OO are true and correct copies of invoices totaling $15,327.70 for the transcripts and videos from the January 4, 2017 and January 5, 2017 depositions of Dr. Paul McGovern, necessarily obtained for use in the case. An invoice for the deposition video is also being submitted because Dr. McGovern is a resident of the United Kingdom.

42. Attached hereto as Exhibit PP is a true and correct copy of an invoice in the amount of $806.66 for the deposition transcript and video of Dr. Daniel Sessler in Cleveland, Ohio, necessarily obtained for use in the case. The deposition was noticed and taken by Plaintiffs.

43. Attached hereto as Exhibit QQ are true and correct copies of invoices totaling $1,037.67 for the deposition transcript and video of Dr. Andrea Kurz in Cleveland, Ohio, necessarily obtained for use in the case. The deposition was noticed and taken by Plaintiffs.

44. Attached hereto as Exhibit RR is a true and correct copy of an invoice totaling $1,255.05 for the transcripts for the July 21, 2017 deposition of Plaintiffs' expert, Dr. Michael Stonnington, necessarily obtained for use in the case.

45. Attached hereto as Exhibit SS is a true and correct copy of an invoice totaling $1,272.15 for the transcripts for the July 25, 2017 deposition of Plaintiffs' expert, Dr. William Jarvis, necessarily obtained for use in the case.

46.     Attached hereto as Exhibit TT is a true and correct copy of an invoice totaling $1,226.45 for the transcript for the June 15, 2017 deposition of Plaintiffs' expert, Dr. Said Elghobashi, necessarily obtained for use in the case.

47.     Attached hereto as Exhibit UU is a true and correct copy of an invoice totaling $1,466.30 for the transcript for the August 1, 2017 deposition of Plaintiffs' expert, Mr. Yadin David, necessarily obtained for use in the case.

48.     Attached hereto as Exhibit VV are true and correct copies of invoices totaling $1,470.15 for the transcripts from the July 11, 2017 and August 8, 2017 depositions of Plaintiffs' expert, Dr. Jonathan Samet, necessarily obtained for use in the case.

49.     Attached hereto as Exhibit WW is a true and correct copy of an invoice totaling $982.70 for the transcript for the June 7, 2017 deposition of Plaintiffs' expert, Mr. Michael Buck, necessarily obtained for use in the case.

50.     Attached hereto as Exhibit XX is a true and correct copy of an invoice totaling $2,174.75 for the transcript for the June 13, 2017 deposition of Plaintiffs' expert, Mr. Daniel Koenigshofer, necessarily obtained for use in the case.

51.     Attached hereto as Exhibit YY are true and correct copies of invoices totaling $1,380.73 for the transcripts from the February 19, 2019 deposition of Plaintiffs' expert, Dr. William Jarvis, necessarily obtained for use in the *Trombley v. 3M Co., et al.* case.

52.     Attached hereto as Exhibit ZZ is a true and correct copy of an invoice totaling $1,887.03 for Volume I (May 15, 2018) of the trial transcript in the *Gareis et al. v. 3M Co., et al.*, case; an invoice totaling $2,027.97 for Volume II (May 16, 2018) of the trial transcript in the *Gareis et al. v. 3M Co., et al.*, case; an invoice totaling $1,197.99 for

Volume III (May 17, 2018) of the trial transcript in the *Gareis et al. v. 3M Co., et al.*, case; an invoice totaling $1,475.25 for Volume IV (May 18, 2018) of the trial transcript in the *Gareis et al. v. 3M Co., et al.*, case; an invoice totaling $886.20 for Volume V (May 21, 2018) of the trial transcript in the *Gareis et al. v. 3M Co., et al.*, case; an invoice totaling $1,913.61 for Volume IX (May 25, 2018) of the trial transcript in the *Gareis et al. v. 3M Co., et al.*, case; an invoice totaling $2,040.06 for Volume X (May 29, 2018) of the trial transcript in the *Gareis et al. v. 3M Co., et al.*, case; and an invoice totaling $991.95 for Volume XI (May 30, 2018) of the trial transcript in the *Gareis et al. v. 3M Co., et al.*, case. The trial transcripts were necessarily obtained and submitted for Defendants' Motion for Reconsideration of the Court's December 13, 2017 Order on General Causation, which terminated the litigation.

53.     Attached hereto as Exhibit AAA is a true and correct copy of an invoice totaling $765.63 for the *Daubert* and Summary Judgment hearing transcript held on April 12, 2018 in the *Gareis et al. v. 3M Co., et al.*, case. The hearing transcript was necessarily obtained and submitted for Defendants' Motion for Reconsideration of the Court's December 13, 2017 Order on General Causation, which terminated the litigation.

54.     Attached hereto as Exhibit BBB is a true and correct copy of an invoice totaling $2,506.35 for the *In re: Bair Hugger Forced Air Warming Products Liability Litigation* General Causation *Daubert* Hearing transcripts held on October 24 and 25, 2017. The hearing transcripts were necessarily obtained and submitted for Defendants' Motion for Reconsideration of the Court's December 13, 2017 Order on General Causation, which terminated the litigation.

13

I declare under penalty of perjury that the foregoing is true and correct.

Executed in Minneapolis, Minnesota this 3rd day of September, 2019.

<u>*s/ Benjamin W. Hulse*</u>
Benjamin W. Hulse