UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: Bair Hugger Forced Air Warming Products Liability Litigation | MDL No. 15-2666 (JNE/FLN) |
| This Document Relates to All Actions | **PLAINTIFFS' OBJECTIONS TO DEFENDANTS' BILL OF COSTS** |

Pursuant to Local Rule 54.3(c)(B), Plaintiffs file these objections to Defendants' Bill of Costs.

### A. Duplicative Costs:

Among the costs sought, Defendants submitted invoices for deposition transcripts that were previously taxed against the first bellwether plaintiffs, Louis and Lillian Gareis (No. 16-cv-4187). Specifically, the *Gareis* plaintiffs were taxed for the costs of the deposition transcripts of Gary Hanson, Al Van Duren, Michael Stonnington, William Jarvis, Said Elghobashi, Yadin David, Andrea Kurz, Alexander Hannenberg, Jonathan Borak, Michael Mont, Michael Keen and John Abraham.[1] Defendants submitted the invoices for these deponents again, seeking recover the costs twice, both again the *Gareis* plaintiffs and against the remaining MDL plaintiffs. Defendants should not be allowed to recover the costs of these transcripts twice. Accordingly, the costs for these transcripts should be denied.

Further, Deputy Clerk Pepin previously reduced the costs for individual transcripts for lack of explanation for why real time, eTranscripts, or condensed transcripts were required. The current declaration suffers from the same lack of explanation, therefore, even if Defendants were

---

[1] *See* 12/11/18 Taxation of Costs Summary (Doc 530-1) in 0:16-cv-04187-JNE-DTS and Order from Honorable Joan Ericksen (Doc. 536)

allowed to recover the costs of these depositions twice, they should not be allowed to recover the extra costs.

### B. Real Time Costs, Rough and Video

Plaintiffs object to all additional deposition costs for real time transcripts, rough draft transcripts and video. As for real-time, Defendants declaration states "Real-time transcription was utilized in order to review examination questions and answers and make timely objections." There is no explanation as to why the attorneys representing the Defendants were unable to make timely objections as has been done in millions of depositions prior to these. For the video charges, Defendant indicated perhaps these witnesses were unavailable for trial with no corresponding evidence demonstrating they would not appear voluntarily. For the rough draft of the transcripts, Defendants submit no evidence as to why the additional charges were necessary. Accordingly, the extra costs for real-time, rough drafts and videotape should be denied.

### C. Gareis Transcripts

Defendants seeks costs for the transcripts of the Gareis trial and *Daubert* and Summary Judgment hearing transcripts (Ex. ZZ and AAA). Defendant claims these were "necessarily obtained and submitted for Defendants Motion for Reconsideration of the Court's December 13, 2017 Order on General Causation." However, a simple review of the timeline proves these claims to be completely false. According to the invoices, Defendants ordered the *Gareis* trial transcript on June 4, 2018 and the hearing transcripts on May 12, 2018. The Court granted Defendants' Motion for Leave to file the Motion for Reconsideration on November 20, 2018.[2] Accordingly, these transcripts were ordered months before Defendants had the right to even file a motion for reconsideration. Defendants' sworn declaration claiming these transcripts were

---

[2] *See* 11/20/18 Order (Doc 1608); No. 0:15-md-02666-JNE-DTS.

"necessarily obtained" for the motion for reconsideration is objectively false, and these costs should be denied.

### D. *Daubert* Hearing Transcripts

Defendants seek costs for the *Daubert* hearings held on October 24 and 25, 2017, again claiming they were "necessarily obtained and submitted for Defendants Motion for Reconsideration of the Court's December 13, 2017 Order on General Causation." (Ex. BBB). Again, a review of the timeline demonstrates this claim in a sworn declaration is objectively false. The invoice shows the order for the transcript was placed on November 6, 2017, over a month before the order that was reconsidered was issued. If Defendant is to be believed, it anticipated losing the order on *Daubert* a month before it happened, and that it would file a motion for reconsideration almost a year later. Clearly this lacks credibility, and the costs of these transcripts should be denied.

Respectfully submitted on this 16th day of September, 2019.

| | |
|---|---|
| **Ciresi Conlin L.L.P.** | **Meshbesher & Spence, LTD.** |
| /s/ *Michael V. Ciresi* | /s/ *Genevieve M. Zimmerman* |
| Michael V. Ciresi, #0016949 | Genevieve M. Zimmerman, #330292 |
| Jan M. Conlin, #0192697 | 1616 Park Avenue South |
| Michael Sacchet, #395817 | Minneapolis, MN 55404 |
| 225 S. 6th St., Suite 4600 | Phone: 612-339-9121 |
| Minneapolis, MN 55402 | Fax: 612-339-9188 |
| Phone: 612-361-202 | Email: |
| Email: MVC@CiresiConlin.com | gzimmerman@meshbesher.com |
|      JMC@CiresiConlin.com | |
|      MAS@CiresiConlin.com | |

**Levin Papantonio, P.A.**

 /s/ *Ben W. Gordon, Jr.*
Ben W. Gordon (FL #882836)
J. Michael Papantonio (FL #335924)
316 S. Baylen Street, Ste. 600
Pensacola, FL 32502-5996
Phone: 850-435-7090
Fax: 850-436-6090
Email: bgordon@levinlaw.com

**Farrar & Ball, LLP**

 /s/ *Kyle W. Farrar*
Kyle W. Farrar, MN #0397942
1117 Herkimer Street
Houston, Texas 77008
Telephone:  713-221-8300
Email: kyle@fbtrial.com

**Kennedy Hodges, LLP**

 /s/ *Gabriel Assaad*
Gabriel Assaad - Pro Hac Vice
David W. Hodges - Pro Hac Vice
4409 Montrose Blvd., Ste. 200
Houston, TX 77006
Phone: 713-523-0001
Email: gassaad@kennedyhodges.com