UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: Bair Hugger Forced Air Warming Devices Products Liability Litigation<br><br>This Document Relates to:<br>ALL ACTIONS | MDL No. 15-2666 (JNE/DTS)<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFFS' OBJECTIONS TO BILL OF COSTS** |

Pursuant to Local Rule 54.3(c)(1)(C), Defendants 3M Company and Arizant Healthcare Inc. (collectively, "Defendants") submit this Response to Plaintiffs' Objections to its Bill of Costs.

## BACKGROUND

This proceeding is an MDL, where more than 5,200 cases were consolidated for pretrial purposes pursuant to orders of the Judicial Panel on Multidistrict Litigation. Prior to the Court's grant of summary judgment across the entire MDL, a single case was selected from this pool of 5,200 cases and was tried to a verdict in favor of Defendants: *Gareis v. 3M. Co., et al.*, No. 16-cv-04187-JNE-DTS. The Clerk of Court entered a cost judgment for Defendants as the prevailing parties, which was modified by the Court. The Court granted summary judgment for Defendants in all cases pending in the MDL on August 2, 2018. In doing so, the Court reconsidered and reversed its prior December 13, 2017 order, which had denied MDL-wide summary judgment (Dkt. 2067).

As the prevailing party, Defendants now seek their costs pursuant to Fed. R. Civ. P. 54(d)(1) and L.R. 54.3(c), and submitted a Verified Bill of Costs including an Itemization and Documentation for All Costs totaling $72,852.46. (Dkts. 2097, 2098). Plaintiffs'

timely objected (Dkt. 2104), and Defendants have now submitted an Amended Bill of Costs and Itemization and Documentation for All Costs, seeking a cost judgment of $68,980.46.

## ARGUMENT

Following submission of the Bill of Costs, the Clerk of Court's role is to evaluate whether the requested costs are recoverable under 28 U.S.C. § 1920. The Clerk of the Court should tax the costs requested in Defendants' Amended Bill of Costs and enter a cost judgment because Plaintiffs fail to carry their burden to demonstrate that the costs sought by Defendants are not recoverable under Section 1920. *See 168th & Dodge, LP v. Rave Reviews Cinemas, LLC*, 501 F.3d 945, 958 (8th Cir. 2007) (because the prevailing party "is presumptively entitled to recover all of its costs" the "losing party bears the burden of overcoming the presumption that the prevailing party is entitled to costs").

### A. Defendants Do Not Seek Double Recovery of General Causation Deposition Costs.

While it is true that Defendants are requesting certain deposition costs that also were part of the final cost judgment in *Gareis*,[1] Defendants are not seeking a double recovery. Plaintiffs have, to date, not paid *any* of the costs awarded in *Gareis* because the cost judgment is stayed pending appeal. (*Gareis v. 3M. Co., et al.*, No. 16-cv-04187, Dkt. 552.) Moreover, the *Gareis* plaintiffs have stated in court filings that they cannot afford to pay the cost judgment. (*Gareis v. 3M Co., et al.*, No. 16-cv-04187, Dkts. 490, 531.) As such, Defendants are unlikely to recover those costs even when the stay is lifted.

---

[1] Specifically, general causation deposition costs totaling $12,103.83 for Mr. Hansen, Mr. Van Duren, Dr. Stonnington, Dr. Jarvis, Dr. Elghobashi, Dr. Kurz, Dr. Hannenberg, Dr. Borak, Mr. Keen, Dr. Abraham, and Dr. Mont.

2

Accordingly, Defendants seek to recover those costs here so as not to be deprived of their right to recover as prevailing parties. Because the judgment here applies to more than 5,200 plaintiffs, the previously taxed deposition costs can be spread across those 5,200 plaintiffs – about $2.30 per plaintiff. To be clear: if those 5,200 plaintiffs pay these costs, then Defendants will no longer seek the general-causation deposition costs previously awarded in *Gareis*.

Plaintiffs' position that Defendants should not be allowed to recover these costs *at all* (whether in *Gareis*, where the plaintiffs are purportedly unable to pay, or in the MDL as a whole) is not only unfair but also contrary to 28 U.S.C. § 1920 and Eighth Circuit law. *See 168th & Dodge*, 501 F.3d at 958.

### B. Under the *Gareis* Precedent, Real-time Transcription Fees and Video Deposition Costs Are Taxable.

Plaintiffs are correct that real-time transcription fees are not taxable. Those fees were inadvertently included, and have been removed in Defendants Amended Bill of Costs.

Relying on the precedent established by the *Gareis* cost judgment, Defendants have submitted video deposition costs, however. The Clerk of Court taxed video deposition costs in *Gareis*, and the Court affirmed that award when the plaintiffs appealed. (*Gareis v. 3M Co., et al.*, No. 16-cv-04187, Dkts. 494, 495, and 536.)

Costs for rough draft depositions, expedited delivery, and shipping and handling have not been submitted, and Defendants do not seek recovery for these items. (Dkt. 2098, 2099.)

## C.      The *Gareis* Trial and *Daubert* Hearing Transcripts Are Taxable.

"Trial or hearing transcripts are taxable by the Clerk if the transcript was . . . [n]ecessary for use in the case and the requesting party explains why the trial or hearing transcript was necessarily obtained." D. Minn. Bill of Costs Guide at 5. In the Motion for Reconsideration that led to the Court's entry of MDL-wide summary judgment, Defendants relied upon transcripts from the *Gareis* trial and transcripts from a hearing conducted by the Court in October 2017. The Court also cited these transcripts in its summary judgment memorandum opinion. (Dkt. 2064, Mem. at 12-13, 15-18, 20-21, 23, 31-32.) Defendants therefore readily satisfy the requirement of demonstrating that the transcripts were necessary for use in the case. Plaintiffs cite no authority for their position that the transcript costs are not recoverable.

## **CONCLUSION**

For the foregoing reasons, Defendants 3M Company and Arizant Healthcare Inc. respectfully request that the Clerk of the Court tax the costs enumerated in their Bill of Costs and enter a cost judgment.

5

Dated: September 23, 2019					Respectfully submitted,

*s/* Benjamin W. Hulse
Jerry W. Blackwell (MN #186867)
Benjamin W. Hulse (MN #0390952)
Mary S. Young (MN #0392781)
BLACKWELL BURKE P.A.
431 South Seventh Street, Suite 2500
Minneapolis, MN 55415
Phone: (612) 343-3200
Fax: (612) 343-3205
Email: blackwell@blackwellburke.com
         bhulse@blackwellburke.com
         myoung@blackwellburke.com

Lyn Peeples Pruitt
Scott Provencher
MITCHELL WILLIAMS SELIG
 GATES & WOODYARD
425 West Capitol Avenue, Suite 1800
Little Rock, AR 72201-3525
Phone: (501) 688-8869
Fax: (501) 688-8807
Email: lpruitt@mwlaw.com
         sprovencher@mwlaw.com

**Counsel for Defendants 3M Company and Arizant Healthcare Inc.**