UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

In re: Bair Hugger Forced Air
Warming Products Liability Litigation

Case No. 15-md-2666 (JNE/DTS)

This Document relates to all actions.

**ORDER**

_____

Defendants ask this Court to redact 32 lines of text from the 161 page transcript of the hearing on their Motion for Reconsideration of the December 13, 2017 *Daubert* Order. In the portions of the transcript Defendants wish to redact, Plaintiffs' counsel either directly quotes or describes documents the Court previously ordered permanently sealed after finding that Defendants' competitive interests outweighed the public right of access. *See* Dkt. Nos. 1182, 1294. Because Plaintiffs cannot circumvent prior sealing orders by reading excerpts of documents, Defendants' motion is granted.

Although there is a qualified common law right of access to judicial records, there is not a "strong presumption" of access in the Eighth Circuit, and this Court retains broad discretion to decide what documents remain sealed. *Webster Groves Sch. Dist. v. Pulitzer Pub. Co.*, 898 F.2d 1371, 1376 (8th Cir. 1990). Factors the Court may consider in making this decision include "(1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introducing during the judicial proceedings." *Krueger v. Ameriprise Financial, Inc.*, 2014 WL 12597948, at *11 (D. Minn. Oct. 14, 2014).

Recognizing the Court has previously ordered the referenced documents sealed, Plaintiffs primarily argue that the current situation is different and that the transcript should remain unredacted because the transcript is already public and available for download on the Court's website. Although technically correct that the hearing was open to the public and the transcript has been available unredacted for some time, it is doubtful that the portions at issue have been widely disseminated outside individuals who already had access to the underlying documents. This Court has previously found such *de minimis* public access unpersuasive: at least one of the underlying documents was previously sealed despite Plaintiffs displaying it in open court. Dkt. No. 1010, at p. 9. More to the point, Plaintiffs asks this Court to conclude that it is impossible to put the toothpaste back in the tube without considering who squeezed it onto the counter. They knew the documents were sealed by the Court. Plaintiffs cannot undo this Court's prior sealing orders by reading excerpts into the record at a hearing before Defendants can object.

Plaintiffs also argue that the dispositive nature of the motion to reconsider favors leaving the transcript unredacted. Courts do generally treat judicial records attached to dispositive motions differently than, say, a motion to compel discovery, *Krueger*, 2014 WL 12597948, at *8, but that does not bear upon the analysis here. Plaintiffs previously submitted each of the underlying sealed documents as part of their opposition to Defendants' original motions to exclude testimony under Fed. R. Evid. 702 and *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993). Yet the Court ordered each document sealed, noting that one such document came "within [the] court's purview solely to [e]nsure [its] irrelevance." Order, June 18, 2018, at 3 (quoting *IDT Corp. v. eBay*, 709 F.3d 1220, 1223 (8th Cir. 2013)). A review of the current transcript shows that the referenced documents were again used to support, albeit in passing, the Plaintiffs' position on the *Daubert* motions under

reconsideration. Although the Court's decision on summary judgment followed from its decision to exclude Plaintiffs' experts, that was equally true before. Order, Dec. 13, 2017, at 29, Dkt. No. 1024 (referring to "Defendants' dependent Motion for Summary Judgment" and denying the motion). Plaintiffs do not explain why granting the motion for summary judgment should alter the sealing analysis.

In short, the Defendants previously overcame the presumption of public access for four underlying documents at issue and the Court ordered each to be permanently sealed. Plaintiffs offer no compelling reason to alter that decision. To the extent that the hearing transcript quotes or describes these sealed documents, it must be redacted.

IT IS HEREBY ORDERED that:

1. Defendants' Motion to Request Redaction of Transcript [Dkt. No. 2051] is GRANTED.

2. The Clerk of Court shall SEAL the transcript of the hearing on Defendants' Motion for Reconsideration (Dkt. No. 1980).

3. The Clerk of Court shall file a publicly available version of the transcript with the following redactions:

    a. Lines 7-21 of page 66;

    b. Lines 18-23 of page 121

    c. Lines 5-11 of page 123

    d. Lines 19-22 of page 125.

Dated: October 24, 2019                    s/David T. Schultz_____ _____
                                           DAVID T. SCHULTZ
                                           United States Magistrate Judge