UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

| | |
|---|---|
| IN RE: Bair Hugger Forced Air Warming Products Liability Litigation | MDL No. 2666 (JNE/DTS) |
| | |
| This Document Relates to: | **MEMORANDUM IN SUPPORT OF PLAINTIFFS' OBJECTION TO OCTOBER 24, 2019 ORDER** |
| All Actions | **REGARDING SEALING AND REDACTION OF TRANSCRIPT OF RECONSIDERATION HEARING** |

_____

Plaintiffs file this, their Memorandum in Support of Objection to October 24, 2019 Order regarding partial redaction and sealing of the transcript from the hearing on Defendants' Motion for Reconsideration of *Daubert* and Summary Judgment, and respectfully assert the following:

## **INTRODUCTION**

The public has a right to access records which the Court utilized as the basis of its opinions, especially when those records are used in open court. Not only does the presumed right of access go to the public interest, but in this case, the underlying documents and the transcript both reflect facts of significant interest regarding public health and safety. Defendants have failed to warn of the risks of the Bair Hugger device. Defendants do not need a study or medical literature about their device to have a duty to warn. If such were the standard, many products would not have warnings. Corporations can utilize basic engineering principles to determine the dangers of their devices. Here,

1

Defendants were aware that their device had the potential to cause airborne contamination. This is evident in the warnings on Defendants' previous devices. It is foreseeable that a prudent person—here, an orthopedic surgeon—would utilize the information in the internal company documents to take effective precautions. *Liberty Mut. Ins. Co. v. CFC, Inc.*, CIV 08-859 JNE/SRN, 2009 WL 3517867, at *5 (D. Minn. Oct. 23, 2009). Limiting the public access to the transcript of the proceedings which disposed of over 5,000 cases is contrary to both precedent and practice here in the District of Minnesota.

In entering its Order of October 24, 2019,[1] the Court determined that four excerpts from the transcript must be redacted[2] and the full transcript sealed.[3] While the Order confirms the unredacted transcript has been publicly available on the Court's website for many months,[4] as well as that the referenced portions of the transcript point to documents used to support Plaintiffs' position on the *Daubert* motions under reconsideration,[5] the Order concludes that because Defendants were previously successful in sealing some of the underlying documents, that any previous orders on sealing renders these documents forever sealed and/or redacted.

The transcript, and the underlying documents in question, could potentially be useful to medical professionals, such as orthopedic surgeons, with respect to the health and safety of their patients. The transcript reflecting internal documents that support

---

[1] Dkt. 2110.
[2] *Id.* at p.3.
[3] *Id.*
[4] Dkt. 2110 at p. 2.
[5] *Id.*

Plaintiffs' theory of causation in this large MDL may lead to further medical research in the patient warming field to protect patients.  The fact that the underlying documents do not put Defendants in a good light is irrelevant. More importantly, the critical issue is whether Defendants have any legal basis to keep this transcript sealed or even redacted from the public, especially when both argument and the underlying documents supporting Plaintiffs' argument were presented in a public forum, and considered and relied upon by the Court to form its judicial opinions on matters which were ultimately dispositive of over 5,000 cases in this MDL.

Obviously the transcript itself is not a confidential document. Accordingly, Plaintiffs request that the Court reverse the Order sealing the full transcript, and overrule the October 24, 2019 Order to the extent it requires redactions of four segments of that transcript.

## ARGUMENT

### I.    Public Interest Supports Full Right of Public Access to Transcript in Question

There is a strong public interest afforded by both the First Amendment and common law in allowing public access to court proceedings and records. *See, e.g., Webster Groves Sch. Dist. V. Pulitzer Publ'g Co.*, 898 F.2d 1371, 1376 (8th Cir. 1990); *Ass. Press v. District Court*, 705 F.2d 1143, 1145 (9th Cir. 1983); *Healey v. I-Flow, LLC*, 282 F.R.D. 211, 214 (D. Minn. 2012); *NBC Subsidiary (KNBC-TV), Inc. v. Superior Court*, 980 P.2d 337, 358 (Cal. 1999); *Mokhiber v. Davis*, 537 A.2d 1100, 1107 n. 4 (D.C. 1988). The Eighth Circuit acknowledges that there is a presumption that a right to

public records exists absent "compelling reasons [to] justify non-disclosure." *In re Neal*, 461 F.3d 1048, 1053 (8th Cir. 2006). The Protective Order entered in this case acknowledges as much, stating that the "[o]rder will be construed in favor of public disclosure and open proceedings wherever possible" to support the "presumption in favor of open and public judicial proceedings in federal courts."[6]

The Eighth Circuit has established that the public has a right of access to records and documents that form the basis of judicial opinions in civil proceedings. *IDT Corp. v. eBay*, 709 F.3d 1220, 1222 (8th Cir. 2013); *see also Aviva Sports, Inc. v. Fingerhut Direct Mktg, Inc.*, 960 F. Supp. 2d 1011, 1013 (D. Minn. 2013). This requires a weighing the public's interest in access to court records against the "salutary interests served by maintaining confidentiality of the information sought to be sealed." *IDT Corp.*, 709 F.3d at 1222. The weight afforded to the presumption of access "must be governed by the role of the material at issue in the exercise of Article III judicial power and resultant value of such information to those monitoring the federal courts." *Id.* at 1224; *see also Skky, LLC v. Facebook, Inc.*, 191 F. Supp. 3d 977, 980–81 (D. Minn. 2016) (presumptive right of access was "particularly strong" where document sought to be sealed pertained to a motion to transfer venue); *Healey v. I-Flow, LLC*, 282 F.R.D. 211, 214 (D. Minn. 2012) ("heightened burden [exists] to overcome the presumptive right of the public access to the briefs and supporting documents at issue because [they] were filed with the [c]ourt in

---

[6] Dkt. 39, Pretrial Order No. 7: Protective Order, p. 2.

connection with a merits-based motion").[7] Thus, the right to public access is further heightened when the ruling from the court for which the document is relied upon is dispositive or merits-based. Here, the Court disposed of over 5,000 cases following the hearing in question. The transcript of the proceedings, and the documents relied upon by both the Plaintiffs and the Court, in opposing and ordering dismissal of 5,000 cases on the merits, respectively, ought to be afforded a particularly strong presumptive right of public access.

The party attempting to seek restrictions on public right of access to court proceedings bears the burden of showing good cause to support access restrictions. *See Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 785-86 (3rd Cir. 1994) (noting that good cause requires showing that disclosure will cause a clearly defined and serious injury, which must be demonstrated with specificity) (quotations omitted); *Miscellaneous Docket Matter # 1 v. Miscellaneous Docket Matter # 2*, 197 F.3d 922, 926 (8th Cir. 1999) (adopting *Pansy*). One of the factors relevant in considering whether to restrict or deny public access is whether confidentiality is being sought over information important to public health and safety. *See Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 483 (3rd Cir. 1995); *see also In re National Hockey League Players' Concussion Injury Litigation*, 2016 WL 1328919, *5 (D. Minn. March 5, 2016) (analyzing "public health and safety" factor in finding that Magistrate Judge did not err by ordering the de-designation of

---

[7] The court in *Healey* also expressed concern that maintaining sealing of documents used by the court to reach a determination "could require the court to circumscribe its opinion explaining the decision so that secrets are not revealed or, worse still, result in a blacked-out redacted opinion that looks like it came from a top secret spy agency file." *Id.* at 215.

portions of documents "that involved issues germane to the lawsuit and important to the health and safety of the public."); *Healey*, 282 F.R.D. at 214 ("Secreting evidence that underlies a judge's decision conflicts with . . . important goals" to protect public health and safety concerning use of the medical device in question).[8]

Here, Defendants cannot and have not met their burden. Defendants have failed to demonstrate with specificity any clearly defined and serious injury that satisfies the "good cause" requirements for sealing the Court proceedings and files. Indeed, the motion was predicated on an inapplicable local rule,[9] and untimely pursuant to the plain language of that rule.[10] They instead suggest that the documents are irrelevant to Plaintiffs' opposition to the dispositive motion pending before this Court. Defendants are incorrect. Indeed, even the October 24, 2019 Order says "a review of the current transcript shows that the referenced documents were again used to support [. . . ] the Plaintiffs' position on the *Daubert* motions under reconsideration.""[11]

---

[8] There is a clear parallel in terms of use by the public at large between the Pain Buster pain pumps involved in *Healey* and the Bair Hugger device at issue in this litigation.

[9] See Dkt. 2051 ("Pursuant to the Court's Policy for Electronic Access to Transcripts of Court Proceedings in CM/ECF and PACER, section C, paragraph 8"). The District of Minnesota's Policy for Electronic Access to Transcripts of Court Proceedings is available at https://www.mnd.uscourts.gov/cmecf/guides/Civil-ECF-Procedures-Guide.pdf

[10] Local Rule 5.5 explains that a motion to redact a transcript can be made to deal with personal identifiers within 7 days after the transcript was filed. See https://www.mnd.uscourts.gov/local_rules/LR-5-5.pdf Defendants' motion, of course, has nothing to do with personal identifiers. Further, the Master MDL Docket confirms that any such redaction request was due on or before 7/10/2019. See Dkt. 1980("Redaction Request due 7/10/2019. Redacted Transcript Deadline set for 7/22/2019. Release of Transcript Restriction set for 9/17/2019. SEALED PER ORDER 2110 (MVW) Modified text on 10/25/2019 (CLK). Modified text on 11/4/2019 (CLK)"). Defendants' Motion was not brought until 7/22/2019. See Dkt. 2051.

[11] Dkt. 2110 at 2-3.

### III.   Transcripts of a Public Hearing Should Remain Public

The information contained in the documents at issue were discussed at length during the hearing regarding the respective motions for which each was filed to support. Documents used in open court which contain trade secrets or other proprietary information necessarily have their confidential status "destroyed . . . [by] use[] in open court during [a] motion hearing." *In re Guidant Corp. Implantable Defibrillators Product Liability Litigation*, 245 F.R.D. 632, 637 (D. Minn. 2007). Any document—or passages of a document—referred to or discussed during the hearing should therefore be unsealed.

Defendants were aware of the documents Plaintiffs' intended to rely upon in opposing the Motion for Reconsideration since at least February 21, 2019, as the documents were each made exhibits to Plaintiffs'' Opposition, as was Plaintiffs' obligation pursuant to the Protective Order stipulated to by the parties and entered by this Court.[12] Defendants made no attempts to work with the Court prior to the hearing to restrict access to the hearing over any apparent concern over the divulgement of allegedly confidential information, even though Defendants had reason to expect that members of the press and general public would be present for the duration of the three-day hearing. Defendants have essentially acquiesced to the disclosure of the information discussed during the hearing, so for these documents to remain under seal is inconsistent with

---

[12] See Dkt. 1786 and supporting documents. Indeed, the Protective Order counsels against sealing under these circumstances, noting that "[a]s there is a presumption in favor of open and public judicial proceedings in the federal courts, this Order will be construed in favor of public disclosure and open proceedings wherever possible," and that "[n]othing in this Order will be construed to affect the use of any document, material, or information at any trial or hearing." *See* PTO#7, Doc. 39, p. 11.

Defendants' prior handling of the supposedly confidential and competitively harmful information.

In support of its motion, 3M relied solely on *Kruger,* a case involving whether to keep transcripts relating to a motion to compel under seal. *Kruger* was unfortunately but incorrectly persuasive to the Magistrate Judge in granting Defendants' Motion. The vital difference in the *Kruger* case is that "the public has not previously had access to these documents or the information disclosed in the documents." *Krueger v. Ameriprise Financial, Inc.*, 2014 WL 12597948, at *25 (D.Minn. 2014). In *Kruger,* the unredacted transcripts had never been released to the public. Rather, prior to releasing the transcripts, the *Kruger* court had "ordered that the transcripts be released reflecting Ameriprise's proposed redactions." *Id.* at *24.

The situation in this case is far different. The information contained in the transcript has been subject to open access. Indeed, this Court published the entire unredacted transcript on its own website.[13] Since the time of that publication, the transcript has been freely available for download and review by the general public. This access has been enjoyed not only by members of the press and lay public, but also by every lawyer in America who represents any one of the thousands of Bair Hugger claimants in state and federal court. Any attempt to retroactively seal this public information defies logic. In fact, the Protective Order in this case specifically contemplates that publicly available information cannot be considered confidential. *See*

---

[13] https://www.mnd.uscourts.gov/MDL-Bair-Hugger/transcripts.shtml

PTO #7, Doc. 39, p. 3 ("Information or documents that are available to the public may not be designated as Confidential Information.").

When deciding whether to keep judicial records under seal, courts typically examine "the extent of previous public access to the documents." *Schedin v. Ortho-McNeil-Janssen Pharmaceuticals, Inc*., 2011 WL 1831597, at *2 (D.Minn. 2011), *quoting United States v. Hubbard,* 650 F.2d 293, 318 (D.C.Cir. 1980). When deciding to keep documents under seal in *Schedin,* Judge Tunheim noted "the particular exhibits at issue were not discussed in open court." *Id.* Here, that is obviously not the case. Not only was the information discussed in open court, but the transcript was published on the Court's public website. Given this general public access, it would be difficult for this Court to determine that "further dissemination of already accessible materials can be restrained." *Id; see also Okla. Publishing Co. v. Dist. Court*, 430 U.S. 308, 310-11 (1977) (individuals may not be restrained from publishing information obtained in courtroom proceedings when they were not excluded from courtroom); *Cox Broadcasting Co. v. Cohn*, 420 U.S. 469 (1975) (individuals cannot be made liable for publishing name of rape victim whose name was already publicly available). If the transcript is retroactively redacted and/or sealed, Plaintiff's counsel could be accused of a disclosure which was actually due to a hearing observer or any one of the members of the public who have downloaded the transcript from this Court's website.

Another important distinction between this case and the *Krueger* case is that the latter concerned transcripts for a hearing on a motion to compel. In ruling on public access, court have found "material filed with discovery motions is not subject to the

common-law right of access." *Steele v. City of Burlington, Iowa*, 334 F.Supp.3d 972, 977 (S.D.Iowa 2018), *citing FTC v. AbbVie Prods. LLC*, 713 F.3d 54, 63 (11th Cir. 2013). Here Defendants seek to redact the transcript of a dispositive motion hearing, the result of which was dismissal of every one of the more than 5,000 cases then pending in this MDL. Hearings which result in dispositive action by the court must be treated with a strong presumption of access. *See, e.g., Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 121 (2d Cir. 2006) ("Our precedents indicate that documents submitted to a court for its consideration in a summary judgment motion are—as a matter of law—judicial documents to which a strong presumption of access attaches, under both the common law and the First Amendment."); *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 546 (7th Cir. 2002) ("[D]ispositive documents in any litigation enter the public record notwithstanding any earlier agreement. How else are observers to know what the suit is about or assess the judges' disposition of it?"); *FTC v. Std. Fin. Mgmt. Corp.*, 830 F.2d 404, 409 (1st Cir. 1987) (holding that "relevant documents which are submitted to, and accepted by, a court of competent jurisdiction in the course of adjudicatory proceedings, become documents to which the presumption of public access applies," and "[o]nce those submissions come to the attention of the district judge, they can fairly be assumed to play a role in the court's deliberations"); *Krueger*, 2014 WL 12597948, at *8 ("Plaintiffs contend that the Eighth Circuit has 'not treated judicial records attached to dispositive motions differently than non-dispositive motions.' This is not true."). Here, where the information was raised in a dispositive proceeding and has been freely available to the public, there is no justification for a retroactive redacting or sealing the transcript.

## CONCLUSION

In sum, respectfully, *Kruger* does not support Defendants' Motion or the October 24, 2019 Order. Not only is the dispositive nature of the proceedings different, but *Kruger* involved information which had never entered the public domain. The public's ability to evaluate the proceedings in this MDL - which disposed of over 5,000 cases - would be unreasonably hindered if the Court were to shroud in secrecy the transcript of this public hearing. As the Supreme Court observed, "[t]he crucial prophylactic aspects of the administration of justice cannot function in the dark; no community catharsis can occur if justice is 'done in a corner [or] in any covert manner.'" *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 571 (1980). Here, where the Court reversed course and suddenly dismissed thousands of lawsuits alleging a public health risk which had been previously allowed to go forward, the retroactive redaction and/or sealing of the public transcript would hinder the public's ability to determine exactly what happened and to assess their own level of confidence in the decisions of their public institutions.

Defendants' have advertised and promoted the alleged safety of the Bair Hugger on their websites and publishing Court orders, FDA letters, deposition transcripts, etc.[14] Defendants are utilizing this Court to promote the safety of the Bair Hugger while at the same time requesting the Court to hide from the public the documents presented at the dispositive hearings. For the reasons stated above, Plaintiffs respectfully request that

---

[14] See, e.g., http://www.bairhuggerfacts.com/blog/; http://www.truthaboutbairhugger.com/blog-2017/.

Magistrate Judge Schultz's October 24, 2019 [Dkt. 2110] Order be reversed with respect to both sealing and partial redactions.

Respectfully submitted,

Dated: November 6, 2019.

**CIRESI CONLIN L.L.P.**

/s/Michael V. Ciresi
Michael V. Ciresi (MN #0016949)
Jan M. Conlin (MN #0192697)
Michael Sacchet (MN # 395817)
Ciresi Conlin LLP
225 S. 6th St., Suite 4600
Minneapolis, MN 55402
Phone: 612.361.8202
Email: MVC@CiresiConlin.com
         JMC@CiresiConlin.com
         MAS@ciresiconlin.com

**FARRAR & BALL, LLP**

 /s/ Kyle W. Farrar
Kyle W. Farrar, MN #0397942
1117 Herkimer Street
Houston, Texas 77008
Telephone:  713-221-8300
Email: kyle@fbtrial.com

**LEVIN PAPANTONIO, P.A.**

/s/ Ben W. Gordon, Jr.
Ben W. Gordon (FL # 882836)
J. Michael Papantonio (FL # 335924)
316 S. Baylen Street, Suite 600
Pensacola, FL 32502-5996
Phone: (850) 435-7090
Fax: (850) 436-6090
Email: bgordon@levinlaw.com

*Attorneys for Plaintiffs*

**MESHBESHER & SPENCE LTD**.

/s/ Genevieve M. Zimmerman
Genevieve M. Zimmerman (MN #330292)
1616 Park Avenue South
Minneapolis, MN 55404
Phone: (612) 339-9121
Fax: (612) 339-9188
Email: gzimmerman@meshbesher.com

**MCDONALD WORLEY**

 /s/ Gabriel Assaad
Gabriel Assaad - *Pro Hac Vice*
1770 St. James Place, Suite 100
Houston, TX 77056
Phone: 713-523-5500
Email: gassaad@mcdonaldworley.com