## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: Bair Hugger Forced Air Warming Devices Products Liability Litigation | MDL No. 15-2666 (JNE/DTS) |
| This Document Relates to: ALL ACTIONS | **DEFENDANTS' OPPOSITION TO PLAINTIFFS' OBJECTION TO OCTOBER 24, 2019 ORDER REGARDING SEALING AND REDACTION OF TRANSCRIPT OF RECONSIDERATION HEARING** |

The Court should overrule Plaintiffs' objection to Judge Schultz's October 24, 2019 Order redacting limited portions of the transcript of the hearing on Defendants' Motion for Reconsideration. The Order is neither clearly erroneous nor contrary to law. *See* L.R. 72.2(a) (a magistrate's order may be set aside only where it is "clearly erroneous or contrary to law"). Rather, it is fully consistent with the prior decisions of this Court on sealing of Defendants' confidential information and with Eighth Circuit law.

Under Eighth Circuit law, district courts retain broad discretion to decide what documents should remain sealed. *Webster Groves Sch. Dist. v. Pulitzer Pub. Co.*, 898 F.2d 1371, 1376 (8th Cir. 1990). "[T]he Eighth Circuit does not recognize the strong presumption favoring access adopted by some circuits and thus the Court must weigh the competing interests of the parties in determining whether to unseal court records . . . [and t]he interest in protecting a company's internal information can warrant sealing of records." *Kruszka v. Novartis Pharm. Corp.*, 28 F. Supp. 3d 920, 942 (D. Minn. 2014). That discretion includes redacting transcripts of hearings where confidential information is discussed, as Judge Schultz did here. *See, e.g., Krueger v. Ameriprise Fin., Inc.*, No.

11-2781 (SRN/JSM), 2014 WL 12597948, at *9 (D. Minn. Oct. 14, 2014), *objection overruled*, 2015 WL 224705 (D. Minn. Jan. 15, 2015).

The same issues of sealing and confidentiality have been repeatedly weighed by this Court over the course of this litigation, and the Court has repeatedly confirmed that the documents and information at issue here should remain sealed. Consistent with those prior decisions, Judge Schultz correctly determined that the minimal redactions requested by 3M – 32 lines of text from a 161-page transcript – were justified. He further warned that Plaintiffs may not arrogate to themselves the right to unilaterally unseal documents by reading them into the record at public hearings. ECF No. 2100, Order at 2. Defendants respectfully request that this Court reaffirm this principle and overrule Plaintiffs' objection.

## ARGUMENT

## I.   THE COURT HAS PREVIOUSLY ORDERED THAT THE UNDERLYING INFORMATION SHOULD REMAIN SEALED.

During the hearing on Defendants' motion for reconsideration, Plaintiffs' counsel quoted from and discussed various confidential documents that have been ordered sealed by this Court. Defendants therefore requested that those portions of the transcript be redacted and sealed as follows:

| Page | Line(s) | Basis for Redaction Request |
|------|---------|-----------------------------|
| 66 | 7-21 | Discusses and quotes from a document ordered permanently sealed by this Court. *See* ECF No. 1182 (sealing document at ECF No. 895). |
| 121 | 18-23 | Paraphrases Bair Paws exhibit, which has been permanently sealed by this Court. *See* ECF No. 1294 (sealing document at ECF Nos. 916, 937). |

| 123 | 5-11 | Discusses and quotes from a document ordered permanently sealed by this Court. *See* ECF No. 1182 (sealing document at ECF No. 901). |
|-----|------|--------------------------------------------------------------------------------------------------------------------------------------|
| 125 | 19-22 | Discusses and quotes from a document ordered permanently sealed by this Court. *See* ECF Nos. 854, 1182 (sealing document at ECF Nos. 347, 887). |

*See* ECF No. 2051, Defs. Mot. to Request Redaction of Transcript.

Judge Schultz granted Defendants' motion, noting that "Defendants previously overcame the presumption of public access for four underlying documents at issue" and that "Plaintiffs offer no compelling reason to alter that decision." ECF No. 2110, Order at 3. As Judge Schultz concluded, Plaintiffs' unilateral decision – without the consent of Defendants or permission of the Court – to discuss sealed documents in open court does not alter their confidential nature:

> This Court has previously found such *de minimis* public access unpersuasive: at least one of the underlying documents was previously sealed despite Plaintiffs displaying it in open court. Dkt. No. 1010, at p. 9.
>
> More to the point, Plaintiffs ask[] this Court to conclude that it is impossible to put the toothpaste back in the tube without considering who squeezed it onto the counter. They knew the documents were sealed by the Court. Plaintiffs cannot undo this Court's prior sealing orders by reading excerpts into the record at a hearing before Defendants can object.

*Id.* at 2. In other words, Plaintiffs are not a court of appeals and have no right to effectively overrule the Court's sealing orders through their unilateral decisions to read sealed documents in open court.

## II.     THE UNDERLYING INFORMATION DID NOT PLAY A SIGNIFICANT ROLE IN THE ADJUDICATIVE PROCESS.

Plaintiffs are also incorrect that the sealed documents are "judicial records" and must be unsealed because they were cited by Plaintiffs in opposing Defendants' motion for reconsideration. ECF No. 2112-1 at 2-3. "[N]ot all documents filed by parties are 'judicial records'; instead, only those documents that are *relevant to and integrally involved* in the resolution of the merits of a case are judicial records to which the presumption of public access attaches." *Krueger*, 2014 WL 12597948, at *9 (emphasis added); *see also In re Application for an Order Pursuant to 18 U.S.C. Section 2703(D)*, 707 F.3d 283, 290 (4th Cir. 2013) ("[D]ocuments filed with the court are 'judicial records' *if they play a role in the adjudicative process*, or adjudicate substantive rights") (emphasis added); *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995) ("[T]he item filed must be relevant to the performance of the judicial function and useful in the judicial process in order for it to be designated a judicial document."), *rev'd in part on other grounds by United States v. Amodeo*, 71 F.3d 1044 (2d Cir. 1995); *United States v. El-Sayegh*, 131 F.3d 158, 163 (D.C. Dir. 997) ("[W]hat makes a document a judicial record and subjects it to the common law right of access is the role it plays in the adjudicatory process."). In other words, it is only those documents that "play a relevant and useful role in the adjudication process" to which the public right of access attaches. *In re Policy Mgmt. Systems Corp. v. Ernst & Young*, 67 F.3d 296 (table), 1995 WL 541623, at *3-4 (4th Cir. Sept. 13, 1995).

Neither the documents at issue here nor Plaintiffs' discussion of them at the reconsideration hearing fits these criteria. Although Plaintiffs have repeatedly (and

incorrectly) cited the documents as evidence of Defendants' purported knowledge of risk associated with the Bair Hugger system, there is nothing to indicate that the documents have played any significant role in the adjudication of any plaintiff's claims. The Court's recent summary judgment order was based on its determination that the opinions of several of Plaintiffs' experts were inadmissible under *Daubert* and Federal Rule of Evidence 702. The Court's summary judgment order did not cite these corporate documents, and they have no bearing on the admissibility of Plaintiffs' expert opinions. *See In re Mirena IUD Prod. Liab. Litig.,* 169 F. Supp. 3d 396, 426 (S.D.N.Y. 2016) ("The statements and public positions of Bayer are not scientific literature that an expert would be expected to confront in the exercise of intellectual rigor in the field"); *In re Lipitor (Atorvastatin Calcium) Mktg., Sales Pracs. & Prods. Liab. Litig.,* MDL No. 2:14-mn-02502-RMG, 2016 WL 8739552, at *12, 14 (D.S.C. Dec. 29, 2016) (alleged admission in employee email that Lipitor caused diabetes, "could not replace expert testimony" and was insufficient to preclude summary judgment on issue of general causation).

Moreover, Plaintiffs are incorrect that all exhibits attached to a summary-judgment-related briefing become public "judicial records." The Eighth Circuit has never announced such a categorical rule. This Court rejected that premise in sealing the Bair Paws document (which Plaintiffs previously have offered in opposition to summary judgment in *Gareis*). As Judge Schultz explained:

> Plaintiffs previously submitted each of the underlying sealed documents as part of their opposition to Defendants' original motions to exclude testimony under Fed. R. Evid. 702 and *Daubert v. Merrell Dow Pharm., Inc*., 509 U.S. 579 (1993). Yet the Court ordered each document sealed, noting that one such document came "within [the] court's purview solely to [e]nsure [its]

irrelevance." Order, June 18, 2018, at 3 (*quoting IDT Corp. v. eBay*, 709 F.3d 1220, 1223 (8th Cir. 2013)).

A review of the current transcript shows that the referenced documents were again used to support, albeit in passing, the Plaintiffs' position on the *Daubert* motions under reconsideration. Although the Court's decision on summary judgment followed from its decision to exclude Plaintiffs' experts, that was equally true before. Order, Dec. 13, 2017, at 29, Dkt. No. 1024 (referring to "Defendants' dependent Motion for Summary Judgment" and denying the motion). Plaintiffs do not explain why granting the motion for summary judgment should alter the sealing analysis.

ECF No. 2110, Order at 2-3; The categorical rule Plaintiffs propose would incentivize bad conduct: parties could publicly disclose sealed documents simply by submitting those documents with a summary judgment brief, regardless of their relevance to the issues to be decided by the Court or the Court's ultimate decision. *See, e.g.*, *Simon v. G.D. Searle & Co.,* 119 F.R.D. 683, 684 (D. Minn. 1987) ("While plaintiffs would have the law be otherwise, there is no established right of public access to prejudgment records in civil cases. This Court clearly has discretion to deny access to documents filed, but not admitted into evidence or relied upon by the Court.").

For these reasons, the documents underlying the redactions at issue are not "judicial documents" subject to a qualified right of public access.

## III.   EVEN ASSUMING A QUALIFIED RIGHT OF PUBLIC ACCESS, IT IS OUTWEIGHED BY DEFENDANTS' VALID INTERESTS IN MAINTAINING THE CONFIDENTIALITY OF THE DOCUMENTS.

Even assuming a qualified right of access exists, however, Judge Schultz correctly determined – consistent with the Court's prior orders – that such right is outweighed by Defendants' valid interests in maintaining the confidentiality of the information.

6

This Court has previously determined that the underlying documents discussed by Plaintiffs at the hearing reflect 3M's (1) sales data and strategy, (2) scientific and technical data/planning, and (3) strategic planning and responses to Dr. Augustine's misrepresentations about the Bair Hugger system. ECF No. 1182, Order (sealing documents at ECF Nos. 887, 895 and 901); ECF No. 1294 (sealing Bair Paws exhibits); ECF No. 854 (sealing document at ECF No. 347).

With respect to the Bair Paws exhibit, this Court has specifically rejected Plaintiffs' specious argument that maintaining the exhibit under seal will obstruct scientific progress:

> Although Plaintiffs allege that the Bair Paws is an alternative to the Bair Hugger, the Court ruled the Bair Paws exhibit irrelevant, at least as to the first bellwether trial. See 16-cv-4187, ECF No. 304. The exhibit is about the Bair Paws, not the Bair Hugger. See ECF No. 1245 at 2 (explaining that Bair Paws exhibit "is simply an unpublished paper examining the . . . Bair Paws device" and that it "falls well short of . . . findings regarding the Bair Hugger").

> Still, Plaintiffs argue that the public has a scientific interest in unsealing the Bair Paws exhibit, because restricting "public access . . . may prevent scientific research and effective precautions by the medical community." ECF No. 1268 at 2. But the Bair Paws exhibit only summarizes the results of other published research. Those publications are available elsewhere. Sealing therefore carries no risk of obstructing medical developments.

Dkt. 1294, Order at 3. Nothing has changed since, that would make the Bair Paws exhibit relevant – the Bair Paws exhibit does not bear on the admissibility of the opinions of Plaintiffs' medical experts or Dr. Elghobashi under *Daubert* and Fed. R. Evid. 702.

Furthermore, the Court must make its determination about whether to seal information "in light of the relevant facts and circumstances of [this] particular case." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978). As 3M detailed in previous

filings (*see*, *e.g.*, ECF No. 1235 at 5-6, ECF No. 1258 at 4-5),[1] Dr. Augustine has repeatedly used documents produced in this litigation to misinform healthcare providers and serve his own private business interests. *See id.* at 598 (1978) (recognizing that "access has been denied where court files might have become a vehicle for improper purposes," and that the court has power "to insure that its records are not used to gratify private spite or promote public scandal" or "as sources of business information that might harm a litigant's competitive standing") (internal citations omitted). Accordingly, Defendants face a real threat of competitive harm if the information is made public, which is not obviated by the fact that many of the documents were created several years ago.

In sum, there is no public interest in making Defendants' confidential documents or Plaintiffs' misleading characterizations of them available to the public, as they have not played any meaningful role in the adjudicative processes of this Court. Conversely, Defendants have a strong interest in maintaining the confidentiality of this information, as this Court has repeatedly ruled. Judge Schultz's determination that a small portion of the hearing transcript should be redacted is consistent with prior precedent in this District. In *Krueger*, 2014 WL 1257948, at *9, for example, the court ordered redaction of a hearing transcript where "the disputed passages quote from documents that the Court has

---

[1] Defendants' prior briefing describes Dr. Augustine's campaign to disparage 3M and the Bair Hugger system to healthcare providers. For example, Dr. Augustine has sent "blasts" to doctors and hospitals falsely claiming that 3M "silently recalled" the Bair Hugger system and that 3M witnesses admitted to "research fraud." (*See* ECF No. 1235 at 5-6, ECF No. 1258 at 4-5.).

CASE 0:15-md-02666-JNE-DTS   Doc. 2116   Filed 11/20/19   Page 9 of 10

determined should remain sealed," the redactions were minimal, and Defendants had adequately explained how they would be prejudiced by public disclosure.[2]

## **CONCLUSION**

For the foregoing reasons, the Court should overrule Plaintiffs' objection to Judge Schultz's October 24, 2019 Order, and the Order should be affirmed. The Order is neither clearly erroneous nor contrary to law. The redactions ordered by Judge Schultz are appropriate, limited in scope, and consistent with the Court's prior orders on sealing.

---

[2] Plaintiffs' attempt to distinguish *Krueger* on the basis that the transcript here was, briefly, available in full on the Court's website (apparently by mistake). As Judge Schultz concluded, however, this should not weigh heavily in the analysis: "Although technically correct that the hearing was open to the public and the transcript has been available unredacted for some time, it is doubtful that the portions at issue have been widely disseminated outside individuals who already had access to the underlying documents." ECF No. 2110, Order at 2. Plaintiffs cite no case holding that a brief disclosure of confidential material online precludes that material from later being sealed.  Indeed, there have been several instances in this litigation where Plaintiffs have publicly filed a confidential document and then later acknowledged error and re-filed it under seal when notified by Defendants.

Dated: November 20, 2019

Respectfully submitted,

*s/Benjamin W. Hulse*

Jerry W. Blackwell (MN #186867)
Benjamin W. Hulse (MN #0390952)
Mary S. Young (MN #0392781)
Monica L. Davies (MN #0315023)
BLACKWELL BURKE P.A.
431 South Seventh Street, Suite 2500
Minneapolis, MN 55415
Phone: (612) 343-3200
Fax: (612) 343-3205
Email: blackwell@blackwellburke.com
        bhulse@blackwellburke.com
        myoung@blackwellburke.com
        mdavies@blackwellburke.com

**Counsel for Defendants**