## UNITED STATES DISTRICT COURT
### DISTRICT OF MINNESOTA

In re: Bair Hugger Forced Air Warming　　　　MDL No. 2666 (JNE/DTS)
Devices Products Liability Litigation

This Document Relates to:　　　　　**JOINT MOTION REGARDING**
ALL ACTIONS　　　　　　　　　　**CONTINUED SEALING**

**(Redacted Version)**

Documents have been filed under temporary seal in connection with the following motion:

*Defendants' Motion for Reconsideration of the Court's*　　　*(Doc. No.*
*December 13, 2017 Order on General Causation*　　　　　*1718)*

Pursuant to LR 5.6, the parties submit this Joint Motion Regarding Continued Sealing.

Dated: November 20, 2019　　　　　Respectfully submitted,

　　　　　　　　　　　　　　/s/ Monica L. Davies
　　　　　　　　　　　　　　Jerry W. Blackwell (MN #186867)
　　　　　　　　　　　　　　Mary S. Young (MN #0392781)
　　　　　　　　　　　　　　Benjamin W. Hulse (MN #0390952)
　　　　　　　　　　　　　　Monica L. Davies (MN #0135023)
　　　　　　　　　　　　　　BLACKWELL BURKE P.A.
　　　　　　　　　　　　　　431 South Seventh Street
　　　　　　　　　　　　　　Suite 2500
　　　　　　　　　　　　　　Minneapolis, MN  55415
　　　　　　　　　　　　　　Phone: (612) 343-3256
　　　　　　　　　　　　　　Fax: (612) 343-3205
　　　　　　　　　　　　　　Email: blackwell@blackwellburke.com
　　　　　　　　　　　　　　myoung@blackwellburke.com
　　　　　　　　　　　　　　bhulse@blackwellburke.com
　　　　　　　　　　　　　　mdavies@blackwellburke.com

　　　　　　　　　　　　　　***Counsel for Defendants 3M Company***
　　　　　　　　　　　　　　***and Arizant Healthcare, Inc.***

1

**CIRESI CONLIN L.L.P.**

/s/Michael V. Ciresi_____
Michael V. Ciresi (MN #0016949)
Jan M. Conlin (MN #0192697)
Michael Sacchet (MN # 395817)
Ciresi Conlin LLP
225 S. 6th St., Suite 4600
Minneapolis, MN 55402
Phone: 612.361.8202
Email: MVC@CiresiConlin.com
          JMC@CiresiConlin.com
          MAS@ciresiconlin.com


**FARRAR & BALL, LLP**

*/s/ Kyle W. Farrar*
Kyle W. Farrar, MN #0397942
1117 Herkimer Street
Houston, Texas 77008
Telephone:  713-221-8300
Email: kyle@fbtrial.com

**LEVIN PAPANTONIO, P.A.**

/s/ Ben W. Gordon, Jr.
Ben W. Gordon (FL # 882836)
J. Michael Papantonio (FL # 335924)
316 S. Baylen Street, Suite 600
Pensacola, FL 32502-5996
Phone: (850) 435-7090
Fax: (850) 436-6090
Email: bgordon@levinlaw.com


**MESHBESHER & SPENCE LTD**.

/s/ Genevieve M. Zimmerman
Genevieve M. Zimmerman (MN #330292)
1616 Park Avenue South
Minneapolis, MN 55404
Phone: (612) 339-9121
Fax: (612) 339-9188
Email: gzimmerman@meshbesher.com


**MCDONALD WORLEY**

*/s/ Gabriel Assaad*
Gabriel Assaad - Pro Hac Vice
1770 St. James Place, Suite 100
Houston, TX 77056
Phone: 713-523-5500
Email: gassaad@mcdonaldworley.com


*Attorneys for Plaintiffs*

| DKT. NO. | DESCRIPTION OF DOCUMENT | MARK "X" IN APPLICABLE COLUMN | | | NONPARTY THAT DESIGNATED DOC. CONFIDENTIAL (IF ANY) | REASON WHY DOCUMENT SHOULD REMAIN SEALED OR BE UNSEALED[i] |
|---|---|---|---|---|---|---|
| | | Parties Agree Doc. Should Remain Sealed | Parties Agree Doc. Should Be Unsealed | Parties Disagree | | |
| 1786 | Plaintiffs' Memorandum in Opposition to 3M's Motion for Reconsideration on the December 13, 2017 *Daubert* Order | | | X | Not applicable. | **Plaintiffs' position**. The Plaintiffs respectfully maintain there is a strong public interest afforded by both the First Amendment and common law in accessing court proceedings and records. *See, e.g., Ass. Press v. District Court*, 705 F.2d 1143, 1145 (9th Cir. 1983); *NBC Subsidiary (KNBC-TV), Inc., v. Superior Court*, 980 P.2d 337, 358 (Cal. 1999); *Mokhiber v. Davis*, 537 A.2d 1100, 1107 n.4 (D.C. 1988). As the party attempting to seek restrictions on public right of access to court proceedings, Defendants bear the burden of showing good cause support access restrictions. *See Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 785-86 (3d Cir. 1994) (noting good cause requires showing disclosure will cause a clearly defined and serious injury, which must be demonstrated with specificity) (quotations omitted). One of the relevant factors in considering whether to deny public access is whether confidentiality is being sought over information important to public health and safety. *See Glenmede Trust Co., v. Thompson*, 56 F.3d 476, 483 (3d Cir. 1995). |

The Protective Order (CMO 7) stipulated to by the parties and entered by this Court confirms the same: "there is a presumption in favor of open and public judicial proceedings in the federal courts," so [CMO 7] will be construed in favor of public disclosure and open proceedings wherever possible."

Defendants made no attempt to seal the proceedings, and have failed to demonstrate with specificity any clearly defined and serious injury that satisfies good cause requirement for sealing the Court proceedings and files. As the Defendants are aware, the press was present and taking notes throughout the duration of the hearing. In its 8/1/2019 email to the Court, Defendants claimed to "support the immediate public right of access" to the Court's memorandum *in toto*. The immediate public right of access *in toto* necessarily implicates not just the Order, but the briefing and supporting documents the Court was presented with and/or considered in reaching its decision.

**Defendants' position**. Plaintiffs' brief should remain redacted, as those portions of the brief that quote or paraphrase documents that the Court previously ordered sealed should remain sealed. (*See, e.g.*, Dkt. 881, 887, 895, 901, 903, 905, 944, sealed by Dkt. 1182.) The Court did not cite any of these materials in its July 31, 2019 summary

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | | | | | | judgment order. |
| 1788 | Plaintiffs' Exhibit 4 - Deposition excerpts of Albert Van Duren, March 7, 2017 | | | X | Not applicable. | **Plaintiffs' position. See Plaintiffs position as to Dkt. 1786.**<br><br>That the Court did not expressly cite the exhibit in the Court's memorandum should not impact the right of public access. The three pages of deposition testimony relate to a project that began in 2009. There is no level of trade secret or proprietary confidential information in disclosing the filtration levels used in the prototype, nor in the various ways the prototype warns medical care team members that the filter is due to be changed. Competitors already implement higher level of filtration than that used by any Bair Hugger model, as well as warning lights regarding filter changes, much like household vacuum cleaners.<br><br>**Defendants' position.** Document includes testimony regarding design and development of next-generation Bair Hugger warming system that is not at issue in this case. Public disclosure is likely to cause competitive harm to 3M. The Court has already ruled that this testimony should remain under seal, as set forth in Magistrate Judge Noel's March 23, 2018 Order (Dkt. 1182) and affirmed by the Court's June 18, 2018 Order (Dkt. 1294). Moreover, the Court did not cite this document in its July 31, |

| | | | | | | 2019 summary judgment order. |
|---|---|---|---|---|---|---|
| **1794** | Plaintiffs' Exhibit 9 – 3MBH01617179-181 | | | X | Not applicable. | **Plaintiffs' position. See Plaintiffs position as to Dkt. 1786.** <br><br> This document demonstrates that ██████████████████ ████████████████████ ███████████████ ███████████████ ████████████████ ████████████████ ████████████████ ████████████████ That the Court did not cite the exhibit in the Court's memorandum should not impact the right of public access. There is nothing in the internal document reacting to clinical research that constitutes a trade secret, or business plans, sales/cost/price information, customer lists or the like. ██████ ███████████████ ████████████████ ██████████ <br><br> **Defendants' position.** This document should remain sealed as it reflects internal confidential communications regarding scientific and technical discussions and has already been |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | | ordered sealed by the Court, per Dkt. No. 1182. Moreover, the Court did not cite this document in its July 31, 2019 summary judgment order. |
| **1795** | Plaintiffs' Exhibit 10 – 3MBH00529150-151 | | | X | Not applicable. | **Plaintiffs' position. See Plaintiffs position as to Dkt. 1786.**<br><br>This document demonstrates that ████████████████<br>████████████████<br>████████████████<br>████████████████<br><br>That the Court did not cite the exhibit in the Court's memorandum should not impact the right of public access. There is nothing in the internal document reacting to clinical research that constitutes a trade secret, or business plans, sales/cost/price information, customer lists or the like. ████████<br>████████████████<br><br>**Defendants' position.** This document should remain sealed as it reflects confidential internal communications regarding scientific studies, the public disclosure of which is likely to cause competitive harm to 3M. Moreover, the Court did not cite this document in its July 31, 2019 summary judgment order. |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 1796 | Plaintiffs' Exhibit 12 – 3MBH01260231-232 | | | | X | Not applicable. | **Plaintiffs' position. See Plaintiffs position as to Dkt. 1786.** This document is an email ███████ ████████████████████████████ ████████████████████████████ ████████████████████████████ ████████████████████████████ Nothing in this email constitutes a trade secret, nor can it be construed as including a customer list, nor does it reveal sales/cost/pricing information as defined in CMO 7. ████████████████████████████ ████████████████████████████ ████████████████████████████ That the Court did not cite the exhibit in the Court's memorandum should not impact the relevance to plaintiffs' claims or to the right of public access.<br><br>**Defendants' position.** This document should remain sealed as it reflects internal confidential communications regarding sales strategies in connection with a specific customer and has been already ordered sealed by the Court, per Dkt. No. 1182. Moreover, the Court did not cite this document in its July 31, 2019 summary judgment order. |
| 1797 | Plaintiffs' Exhibit 13 – 3MBH02087963-969 | | | | X | Not applicable. | **Plaintiffs' position. See Plaintiffs position as to Dkt. 1786.** This document is an email ██████████████████ |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | | ███████████████████ This email is evidence in support of Plaintiffs' so-called "dirty machines" theory, and was offered in opposition to Defendants' motion for reconsideration. That the Court did not expressly cite the exhibit in the Court's memorandum should not impact the right of public access.<br><br>**Defendants' position**. This document should remain under seal as it reflects internal discussions regarding customer communications and internal technical discussions, the public disclosure of which is likely to cause competitive harm to 3M. Moreover, the Court did not cite this document in its July 31, 2019 summary judgment order. |
| **1798** | Plaintiffs' Exhibit 30 – 3MBH00580785-789 | | | X | Not applicable. | **Plaintiffs' position. See Plaintiffs position as to Dkt. 1786.** This document is an email ████████████ ████ Some of the drafted language was clearly intended to respond to ongoing disputes between Defendants and Augustine. ███████████ ██████████ Nothing about the email reveals trade secrets or sales/costs/price or other proprietary information. |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | | | | | | | **Defendants' position**. This document should remain under seal as it reflects internal communications and strategy to deal with allegations generated by Augustine campaign. These internal deliberations are likely to cause competitive harm to 3M if publicly disclosed. Moreover, the Court did not cite this document in its July 31, 2019 summary judgment order. |
| 1790 | Plaintiffs' Exhibit 42 – Expert Report of Yadin David, Ed.D., P.E., C.C.E., dated March 30, 2017 | | | X | Not applicable. | | **Plaintiffs' position. See Plaintiffs position as to Dkt. 1786**. This document is the expert report prepared by Plaintiffs' regulatory and alternative design expert – it doesn't contain any trade secrets, nor any information about pricing or sales or customer information. The BH devices were patented, which resolves most if not all potential trade secret concerns. Redacted information about the 510(k) process Defendants went through are public, and certainly do not reflect pricing, customer lists, or the like. Accordingly, the document is not properly confidential pursuant to the terms of CMO 7, and the burden of establishing as much lies with the party seeking to shield the document from the public: the Defendants. ██████ |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | | **Defendants' position**.  Dr. David's expert report should remain redacted in accordance with the form in which it was filed at MDL Dkt. No. 869.  The Court previously ordered that the unredacted version of this document should remain under seal when it was filed at Dkt. No.  316. (See Order, MDL Dkt. No. 854.)  Dr. David's report contains discussions and/or depictions of internal testing, research, and development of Defendants.  This information would likely cause competitive harm if released publicly.  Moreover, the Court did not cite this document in its July 31, 2019 summary judgment order. |
| **1799** | Plaintiffs' Exhibit 45 – 3MBH01627569 | | X | | Not applicable. | The parties agree this document should be unsealed. |
| **1800** | Plaintiffs' Exhibit 46 – Albrecht0013733-35 | | X | | Not applicable. | The parties agree this document should be unsealed. |
| **1792** | Plaintiffs' Exhibit 54 – Expert Report of William Jarvis, M.D., dated January 24, 2019 (Trombley v. 3M Company, 16-cv-04159) | | | X | Not applicable. | **Plaintiffs' Position**: The parties agree that this document reflects confidential health information regarding Plaintiff Trombley. Plaintiffs submit that those sections of the report can be redacted, and that there is no need for the entire report to be sealed.<br><br>**Defendants'' Position**: Defendants believe the document should be sealed in its entirety, partially because it reflects confidential health information |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | | about Ms. Trombley. Moreover, the Court did not cite this document in its July 31, 2019 summary judgment order. |
| **1801** | Plaintiffs' Exhibit 55 – 3MBH00001336-337 | | | | X | Not applicable. | **Plaintiffs' position. See Plaintiffs position as to Dkt. 1786.** This document is the 2010 document wherein [redacted] Plaintiffs' relied on this document in our legal opposition to Defendants' motion for summary judgment, and Plaintiffs' experts relied on this document as supportive of their opinion with respect to both the state of the medical literature and Defendants' knowledge of the same. Nothing about this document can be called a trade secret, nor does it have research or development information, sale/cost/price information, etc.<br><br>That the Court did not expressly cite the exhibit in the Court's memorandum should not impact the right of public access. There is a strong public interest in accessing this document which is directly opposed to the position Defendants have maintained throughout |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | | this litigation.<br><br>**Defendants' position.** This document should remain sealed as it reflects confidential internal sales talking points and has been already ordered sealed by the Court, per Dkt. No. 854 and Dkt. No. 1182. Moreover, the Court did not cite this document in its July 31, 2019 summary judgment order. |
| 1802 | Plaintiffs' Exhibit 56 – 3MBH01330587-592 | | | X | Not applicable. | **Plaintiffs' position. See Plaintiffs position as to Dkt. 1786**. This document is the 2015 email chain which confirms that prewarming a patient for 30 minutes prior to anesthesia induction prevents temperature drop for the first hour of surgery. The fact is not a trade secret, nor is the knowledge limited to Defendants; indeed, the safety and efficacy of prewarming patients comes from publicly available literature and has been known to Defendants since at least 2005. Nothing in this email reflects cost considerations, production costs, or customer lists.<br><br>**Defendants' position.** This document should remain sealed as it reflects confidential internal decision making on potential research and has been already ordered sealed by the Court, per Dkt. No. 1182. Moreover, the Court did not cite this document in its July 31, 2019 summary judgment order. |

| 1803 | Plaintiffs' Exhibit 59 – 3MBH01623551-552 | | X | | Not applicable. | The parties agree this document should be unsealed. |
|------|------|---|---|---|------|------|
| 1804 | Plaintiffs' Exhibit 60 – 3MBH02329969 | | X | | Not applicable. | The parties agree this document should be unsealed. |
| 1805 | Plaintiffs' Exhibit 62 – 3MBH00297650-663 | | | X | Not applicable. | **Plaintiffs' position. See Plaintiffs position as to Dkt. 1786.** This is a 2005 internal document ████████ ██████████████████████ ██████████████████████ ██████████████████████ ██████████████████████ ██████████████████████ ██████████████████████ ██████████████████████ ██████████████████████ ██████████████████████ ██████████████████████ ██████████████████████  Defendants make no attempt (below) to even suggest this is a trade secret, nor could they. Likewise, they make no argument that this document reflects sales, production, or customer information. Again, those arguments would be objectively unsupported by even a cursory review of the document itself. It is a literature review and the beginnings of a study proposal. This version and/or other versions were emailed to third parties. ████ ██████████████████████ ██████████████████████ |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | | ██████ Likewise, whether the Court considered and/or expressly cited to these documents, offered in support of both Plaintiffs' opposition to Defendants' motion and in support of Plaintiffs' experts' opinions is irrelevant to the analysis with respect to confidentiality and sealing.<br><br>**Defendants' position.** This document should remain sealed as it is another copy of the Bair Paws exhibit ordered permanently sealed by the Court, per Dkt. No. 1294. Moreover, the Court did not cite this document in its July 31, 2019 summary judgment order. |
| 1806 | Plaintiffs' Exhibit 63 – 3MBH00554405 | | | X | Not applicable. | **Plaintiffs' position. See Plaintiffs position as to Dkt. 1786** This document is an internal email dated in 2012 ██████ |

That the
Court either did not consider and/or did
not cite to this document does not
undermine its critical relevancy to the
core issues in this case. Nothing about
the email reveals a trade secret of any
kind, nor anything about pricing or sales,
etc. CMO 7 recognizes the assumption is
that documents and proceedings should
remain public. We urge the Court to be
mindful of that in evaluating and
rejecting Defendants' request that
unflattering documents be hidden from
the public.

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | | **Defendants' position.** This document should remain sealed as it reflects confidential internal discussions regarding reactions to Augustine's misrepresentations and has been already ordered sealed by the Court, per Dkt. No. 1182. Moreover, the Court did not cite this document in its July 31, 2019 summary judgment order. |
| **1807** | Plaintiffs' Exhibit 65 – 3MBH01975262 | | | X | Not applicable. | **Plaintiffs' position. See Plaintiffs position as to Dkt. 1786** ███████ ████████████████ ███████████████  Nothing in the email amounts to a trade secret, nor do Defendants argue as much. Nor does the email contain sales information, prices, etc. It simply asks for information about risks and the lawsuits alleging risks. The Defendants cannot meet their burden ████████ ████████████████ ████████████ ███████████████ ████████████ Given the CMO 7 recognition that presumes access, and because Defendants cannot meet their burden in order to maintain confidentiality designations, the documents should be unsealed.  **Defendants' position.** This document should remain sealed as it reflects |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | | confidential internal discussions with government representatives and has been already ordered sealed by the Court, per Dkt. No. 1182. Moreover, the Court did not cite this document in its July 31, 2019 summary judgment order. |
| **1808** | Plaintiffs' Exhibit 66 – 3MBH01332558 | | | X | Not applicable. | **Plaintiffs' position. See Plaintiffs position as to Dkt. 1786** This document is a 2015 email ███████████ ████████████ ████████ █████████████ █████████████ ██████████████ ████████████ █████████ ████████████ █████████████ ████████████ ████████ The email does not contain trade secrets, nor does it contain proprietary information on sales, customers, etc. CMO 7 presumes documents and proceedings should remain public. Accordingly, Defendants' attempt to permanently seal this document should be denied.<br><br>**Defendants' position.** This document should remain sealed as it reflects internal confidential communications regarding sales strategies in connection with a specific customer and has been |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | already ordered sealed by the Court, per Dkt. No. 1182. Moreover, the Court did not cite this document in its July 31, 2019 summary judgment order. |
| 1809 | Plaintiffs' Exhibit 71 – 3MBH00024733-734 | | X | | | This document was unsealed per the parties' agreement, pursuant to Dkt. No. 854. |
| 1810 | Plaintiffs' Exhibit 72 – 3MBH00932515-516 | | X | | Not applicable. | The parties agree this document should be unsealed. |
| 1811 | Plaintiffs' Exhibit 73 – 3MBH00500237-238 | | X | | Not applicable. | The parties agree this document should be unsealed. |
| 1914 | Plaintiffs' Response to The Court's May 6, 2019 Order Regarding Reconsideration of General Causation | | X | | Not applicable. | The parties agree this document should be unsealed. |
| 1917 | Plaintiffs' Exhibit 78 – Antimicrobial Assessment Report I for Arizant | | X | | Not applicable. | The parties agree this document should be unsealed. |
| 1992 | Plaintiffs – PowerPoint Dec offered and received during the June 12, 2019 hearing (MDL Dkt. 1992) | | | X | Not applicable. | Plaintiffs' Position: This PowerPoint dec was offered and received by the Court, without objection. It was presented in open court with the press in attendance. CMO 7 outlines the process by which the parties and the Court deal with documents labeled as 'confidential'. Plaintiffs met their obligation: we identified those documents marked as confidential that we intended to use in support of our opposition to Defendants' motion for reconsideration. We did that in our filing in February 21, 2019. That day the Defendants were officially on notice as to the documents |

| | | | | | | the Plaintiffs relied upon and would be relying up in the hearing. Defendants made no effort to seal the courtroom or otherwise limit access to the public, as was Defendants'' obligation under CMO 7. Months later, after the argument was presented, the Defendants would have the Court forever seal the entire Dec because there are small excerpts from a small handful of Defendants' internal documents. Despite this attempt to continue to obfuscate the truth, nothing in the Plaintiffs' powerpoint dec included something that could properly be called a trade secret or otherwise constitute proprietary sales, supply, or customer information. Whether the Court considered and/or expressly cited the documents referenced in the dec is irrelevant to the fact that CMO 7 recognizes a strong interest in public disclosure of the Dec that was presented in open court, with the press present, and received without objection.<br><br>Defendants' Position: Plaintiffs publicly filed their PowerPoint presentation for the first time on Friday, June 21, 2019. Defendants contacted Plaintiffs on Monday, June 24, 2019, regarding the confidential and sealed information that Plaintiffs included in their public filing (despite warnings from the Court regarding such conduct). Defendants specifically identified the confidential and sealed material at issue, in emails to Plaintiffs and the Court. Plaintiffs agreed |
|---|---|---|---|---|---|---|

| | | | | | | | to temporarily seal the entire document pending resolution of disputed issues, which have not been further addressed prior to this motion. Defendants do not request that the entire document remain sealed but, rather, consistent with their initial request to Plaintiffs (made within one business day of Plaintiffs' public filing of the document), Defendants request that the document be redacted as follows:<br>1. (Pl. Ex. 63) at page 10 of the PowerPoint – should be redacted because the document quoted and/or described was previously sealed by ECF No 1182, as aff'd by ECF No. 1294.<br>2. (Pl. Ex. 9) at page 10 of the PowerPoint – should be redacted because the document quoted and/or described was previously sealed by ECF No. 854.<br>3. (Pl. Ex 55) at pages 28, 33 of the PowerPoint – should be redacted because the document quoted and/or described was previously sealed by ECF No. 854.<br>4. (Pl. Ex. 62) at page 28 of the PowerPoint – should be sealed because the document quoted and/or paraphrased (the "Bair Paws exhibit") was ordered sealed by ECF No. 1294. |
|---|---|---|---|---|---|---|---|

---

[i] This explanation should be very brief.  For example:

1.   contains information designated as confidential by a nonparty

21

2.  contains information designated as confidential under a non-disclosure agreement between plaintiff and nonparty

3.  contains information designated as confidential under a protective order issued in this case [Docket No. XX]

4.  discovery materials filed in connection with a motion under Fed R. Civ. P. 37

5.  reveals trade secrets of defendant

6.  reveals proprietary business methods of plaintiff

7.  confidential financial records

8.  confidential medical records

9.  contains termination information regarding former employees of defendant

10. reveals information regarding a minor

11. contains information ordered sealed by the court on DATE [Docket No. XX]