

**Benjamin W. Hulse**
**Direct Dial: 612-343-3256**
**E-Mail: bhulse@blackwellburke.com**

December 3, 2019

**VIA ECF**

The Honorable David T. Schultz
United States District Court
9E U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415

**RE:** *Bair Hugger Forced Air Warming Devices Products Liability Litigation (MDL 2666)*

Dear Judge Schultz:

Defendants write in response to the letter filed by Plaintiffs' counsel on December 2, 2019 requesting a hearing on the parties' Joint Motion Regarding Continued Sealing filed on November 20, 2019. (ECF No. 2118.) We understand that the Court has now granted that request, but still wish to explain our opposition and concerns.

While Local Rule 5.6 does not foreclose oral argument, "[t]he magistrate judge will ordinarily rule on the joint motion without oral argument." L.R. 5.6(d)(2)(C). The parties have provided detailed explanations of their positions as to each document and, as discussed further below, the Court has ample information on which to base its decision. In the event that Plaintiffs object to the Court's order on the motion, Local Rule 5.6 provides that they may file a motion for further consideration – as they have done repeatedly in the past. (*See id.* ("A party or nonparty who objects to the order must file a motion for further consideration under LR 5.6(d)(3).").) Plaintiffs will have ample opportunity to make (or restate) whatever arguments they feel necessary under the circumstances.

Plaintiffs argue that they need a hearing to "make a record" regarding their continued objections to the sealing of certain of Defendants' confidential documents, citing the First Amendment and "common law rights of public access to court proceedings." But Plaintiffs have already made their position clear, in more than a dozen filings in this Court and more recently before the Eighth Circuit. (*See, e.g.,* Joint Motions Regarding Continued Sealing (ECF Nos. 1004, 1006, 1008, 1009, 1011, 2118); Memorandum in Support of Plaintiffs' Motion for Further Consideration of Order on Joint Motion Regarding Continued Sealing (ECF No. 1228); Memorandum in Support of Plaintiffs' Objection to March 23, 2018 Order Regarding Continued Sealing and Response to Defendants' Memorandum in Support of Objection to Orders Regarding Unsealing of Draft Prewarming Report (ECF No. 1260); Plaintiffs' Opposition to Defendants' Objection to Order Regarding Unsealing of Doc. 937 (ECF No. 1268); Plaintiffs' Response to 3M's Motion to Redact Transcript (ECF No. 2071); Plaintiffs' Letter to the Court (ECF No. 2072); Memorandum in Support of Plaintiffs' Objection to October 24, 2019 Order Regarding Sealing and Redaction of

---

The Honorable David T. Schultz
December 3, 2019
Page 2

Transcript of Reconsideration Hearing (ECF No. 2113); Appellants' Motion to Unseal Seven Documents Central to Appeal, Appellate Case No. 19-2899, Entry ID: 4848998.)

As this Court has noted in previously rejecting Plaintiffs' arguments, there is no "strong presumption" in favor of the public's right of access to judicial records and it is within the Court's discretion to determine what documents should remain sealed. (*See* Order, ECF No. 2110, at 1; *see also* Order, ECF No. 1294, at 2 ("The common-law 'right of access is not absolute' and 'requires a weighing of competing interests.' No presumption strongly favors access under the common law.") (internal citations omitted).) Plaintiffs are wrong to suggest that sealed documents should automatically be made available to the public simply because they were filed (by Plaintiffs) in connection with a dispositive motion. "[N]ot all documents filed by parties are 'judicial records'; instead, only those documents that are *relevant to and integrally involved* in the resolution of the merits of a case are judicial records to which the presumption of public access attaches." *Krueger v. Ameriprise Financial, Inc.*, No. 11-2781 (SRN/JSM), 2014 WL 12597948, at *9 (D. Minn. Oct. 14, 2014) (emphasis added); *see also In re Application for an Order Pursuant to 18 U.S.C. Section 2703(D)*, 707 F. 3d 283, 290 (4th Cir. 2013) ("[D]ocuments filed with the court are 'judicial records' *if they play a role in the adjudicative process*, or adjudicate substantive rights") (emphasis added); *United States v. El-Sayegh*, 131 F.3d 158, 163 (D.C. Cir. 1997) ("[W]hat makes a document a judicial record and subjects it to the common law right of access is the role it plays in the adjudicatory process.").

These issues have been repeatedly briefed and addressed by this Court and most of the documents at issue have been ordered permanently sealed more than once. For example, as set forth in the Joint Motion Regarding Continued Sealing, there are 25 documents that were filed under seal by the parties in connection with Defendants' motion for reconsideration. Of those documents, Defendants seek to maintain the seal for 16 and, of those, 12 have been the subject of previous motions and have been permanently sealed by the Court. As the Court recently concluded in granting Defendants' Motion to Redact portions of the transcript of the hearing on Defendants' Motion for Reconsideration, the protections afforded these documents do not evaporate simply because Plaintiffs choose to submit them to the Court – and discuss them during hearings – notwithstanding their lack of materiality to the issues actually being resolved.

In sum, Plaintiffs have lacked no opportunity to be heard on the issues they say they intend to raise. Given that this hearing is going forward, however, Defendants request that the Court close the courtroom and seal the transcript to the extent Plaintiffs once again attempt to read the contents of sealed documents into the record in open court.

Sincerely,

*s/Benjamin W. Hulse*

Benjamin W. Hulse

