# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

IN RE: BAIR HUGGER FORCED AIR WARMING DEVICES
PRODUCTS LIABILITY LITIGATION                                                              MDL No. 2666

## TRANSFER ORDER

**Before the Panel:** Plaintiff in the Western District of Missouri *Williams* action listed on the attached Schedule A moves under Panel Rule 7.1 to vacate our order conditionally transferring the action to the District of Minnesota for inclusion in MDL No. 2666. Defendants 3M Company, Arizant Healthcare Inc., and Kevin Acton oppose the motion.

After considering the argument of counsel, we find that *Williams* involves common questions of fact with actions transferred to MDL No. 2666, and that transfer will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The actions in the MDL share factual questions arising from allegations that post-surgery use of a Bair Hugger forced air warming system causes serious infections due to the introduction of contaminants into open wounds. *See In re Bair Hugger Forced Air Warming Devices Prods. Liab. Litig.*, 148 F. Supp. 3d 1383, 1385 (J.P.M.L. 2015). The *Williams* plaintiff does not dispute that her action implicates those same questions.

In support of her motion to vacate, the *Williams* plaintiff raises essentially three arguments: (1) her motion for remand to state court is pending;[1] (2) in light of the transferee judge's July 31, 2019, ruling granting summary judgment in favor of defendants,[2] the MDL is over, and there is no procedure in place for handling tag-alongs filed since that ruling; and (3) even if the summary judgment ruling is reversed, the MDL is so advanced that plaintiff's case would not benefit from inclusion therein. These arguments are not persuasive. First, the Panel consistently has held that the pendency of jurisdictional objections does not warrant vacatur.[3] Second, the MDL is not over. The MDL plaintiffs have appealed the summary judgment ruling. In other MDLs, such as In re: Mirena

---

[1] Plaintiff's principal objection appears to revolve around the pendency of her remand motion. In arguing that the Panel should defer a decision on transfer, plaintiff asserts that defendants would not be prejudiced thereby, because "[i]f the district court rules in 3M's favor the case will be transferred shortly thereafter to the MDL." Pl.'s Br. at 12.

[2] *In re Bair Hugger Forced Air Warming Devices Prods. Liab. Litig.*, 2019 WL 4394812 (D. Minn. July 31, 2019).

[3] *E.g., In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347 (J.P.M.L. 2001) (noting that "remand motions can be presented to and decided by the transferee judge," and that transferor courts wishing to rule on such motions generally "have adequate time to do so").

- 2 -

IUD Products Liability Litigation (MDL No. 2434) and In re: Fosamax (Alendronate Sodium) Products Liability Litigation (No. II) (MDL No. 2243), the Panel has continued to transfer newly filed tag-alongs during (and after) the pendency of appeals of MDL-wide summary judgment rulings. Plaintiff's argument that there is no formal mechanism in place for the treatment of cases that have been filed or transferred to the MDL since the summary judgment ruling issued is unavailing. Following transfer, plaintiff is free to petition the transferee court to establish such a mechanism or to seek other appropriate relief.[4] Third, the advanced stage of the MDL also does not warrant vacatur. If the summary judgment is reversed, plaintiff will benefit from the substantial discovery and other pretrial proceedings that have taken place in the MDL, as well as the transferee judge's deep familiarity with the litigation. Absent transfer, the parties in *Williams* and the Western District of Missouri court would need to duplicate much of what already has taken place in the MDL. Transfer thus will conserve party and judicial resources. Although transfer may result in some delay in the progress of *Williams*, the Panel considers the convenience of the parties and witnesses as a whole in deciding the issue of transfer. *See In re Watson Fentanyl Patch Prods Liab. Litig.*, 883 F. Supp. 2d 1350, 1351-52 (J.P.M.L. 2012).

IT IS THEREFORE ORDERED that the *Williams* action is transferred to the District of Minnesota, and, with the consent of that court, assigned to the Honorable Joan N. Ericksen for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

Ellen Segal Huvelle          R. David Proctor
Catherine D. Perry          Nathaniel M. Gorton
Matthew F. Kennelly        David C. Norton

---

[4] As with any MDL, the transferee judge is free to suggest remand of any action, if she determines that its continued inclusion in the MDL is not warranted. *See* Panel Rule 10.2(a).

IN RE: BAIR HUGGER FORCED AIR WARMING DEVICES
PRODUCTS LIABILITY LITIGATION                                    MDL No. 2666

## SCHEDULE A

Western District of Missouri

WILLIAMS v. 3M, ET AL., C.A. No. 4:19-00617