## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

In re: BAIR HUGGER FORCED AIR
WARMING DEVICES PRODUCTS
LIABILITY LITIGATION

This Document Relates To:
All Actions

MDL No. 15-2666 (JNE/FLN)

**MEMORANDUM OF LAW IN
SUPPORT OF DEFENDANT 3M
COMPANY'S MOTION FOR
LEAVE TO TAKE ADDITIONAL
DEPOSITIONS AND CONTINUE
THE DEPOSITION OF DR. SCOTT
AUGUSTINE**

**(FILED UNDER SEAL)**

## INTRODUCTION

Dr. Scott Augustine is at the center of this litigation. Though he is not a party to these proceedings, his scheme to manufacture "science" relating to the 3M™ Bair Hugger™ patient warming system, and to feed the "science" to lawyers in an effort to generate interest in suing 3M, lies at the heart of defendants' ability to demonstrate how biased Plaintiffs' studies are. Dr. Augustine has waged a campaign against 3M and the Bair Hugger system for nearly a decade, from ███████████████ ██████ to his recent email blasts to 3M customers nationwide falsely claiming that the Bair Hugger system is being recalled.

3M is entitled to fully explore these and other relevant issues in discovery. It attempted to do so in its March 31, 2017 deposition of Dr. Augustine, but the effort was not complete because (1) the presumptive seven-hour time limit set forth in the Federal Rules of Civil Procedure is insufficient to complete the deposition of Dr. Augustine under

these circumstances, and (2) Dr. Augustine disclaimed knowledge of several key documents and issues, instead directing 3M to his son, Brent Augustine, or his attorney, J. Randall Benham.

Accordingly, 3M respectfully requests that the Court grant leave for 3M to (1) be allowed additional time to complete the deposition of Dr. Augustine, and (2) take the depositions of Brent Augustine and J. Randall Benham

## **ARGUMENT**

**A.     Good Cause Exists to Allow 3M Additional Time to Complete the Deposition of Dr. Augustine.**

Defendants seek leave to exceed the presumptive seven-hour limit and continue the deposition of Dr. Augustine.  The Court is aware of Dr. Augustine's extensive involvement in these proceedings, and the role that he played in developing the theories upon which Plaintiffs' claims are based.  Dr. Augustine sponsored the underlying research (and is connected to each of the studies Plaintiffs now rely on), publicly disparaged the Bair Hugger warming system in an effort to drum up additional claims, and repeatedly shared false and misleading information regarding the Bair Hugger with federal regulators and the public – all after threatening 3M with litigation and a flood of negative publicity if 3M did not agree to buy Augustine's HotDog warming product.

Despite 3M's best efforts, it was not possible to cover all of these topics during Dr. Augustine's seven-hour deposition.  3M moved expeditiously, taking him through 70 documents in the seven-hour span, but did not have enough time to cover other important issues, including (1) letters and emails in which Augustine threatens 3M with litigation if

it does not buy his HotDog product, (2) Bair Hugger 510k documents signed by Dr. Augustine and other documents showing Dr. Augustine's initial support for the Bair Hugger system, (3) Dr. Augustine's email campaign regarding the alleged "recall" of the Bair Hugger system, and █████████████████████████████████████

███████████████████████████████████████████████████████

The Federal Rules of Civil Procedure permit an extension of the seven-hour limit for depositions, based upon a showing of good cause. *See* Fed. R. Civ. P. 30(d), advisory committee note (2000) ("The court must allow additional time consistent with Rule 26(b)(1) and (2) if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination;" extension of seven-hour limit may be warranted where the examination will cover a long period of time); s*ee also Indep. Park Apartments v. United States*, 59 Fed. Cl. 765, 770 (2004) (allowing up to 10 hours for deposition of key witness, noting that extending the seven-hour limit would not create an undue burden for plaintiffs or the witness); *cf. Judicial Watch, Inc. v. United States Dept. of Commerce*, 34 F. Supp. 2d 47, 54 (D.D.C. 1998) ("Leave to conduct a second deposition should ordinarily be granted; the burden is on the opposing party to demonstrate that [Rule 26(b)(2) is not satisfied].").

Here, the additional time 3M seeks will not result in testimony that is either unnecessary or duplicative. Dr. Augustine's involvement with the Bair Hugger system, including the claims now before the Court, spans more than a decade. The initial seven-hour period was simply not enough time for 3M to fully and fairly explore the numerous issues about which Dr. Augustine is uniquely positioned to provide testimony. There will

be no undue burden on Dr. Augustine or Plaintiffs if additional time is permitted, but 3M will be unduly prejudiced if such time is denied. Accordingly, 3M should be allowed additional time to complete the deposition of Dr. Augustine.

**A.   Good Cause Exists to Grant 3M Leave to Take the Depositions of Brent Augustine and J. Randall Benham.**

During Dr. Augustine's deposition, he was asked about documents he produced to 3M, about which 3M understandably and reasonably expected Dr. Augustine to have knowledge and be able to testify. There were several instances, however, where Dr. Augustine inexplicably disavowed any knowledge of the documents at issue and, instead, claimed that either Brent Augustine (his son and former CEO of HotDog USA) or Randall Benham (his personal attorney and in-house lawyer at Augustine Temperature Management, LLC) had the information 3M was seeking.



4

Augustine Dep. 112:18–113:20 (ellipsis in original, emphasis added) (attached as Ex. A to the Declaration of Benjamin W. Hulse ("Hulse Decl.")); Augustine Dep. Ex. 15 (Hulse Decl., Ex. B).



The subject matters and documents about which Dr. Augustine claims to lack knowledge have already been deemed relevant by this Court. *See* Order on Motion to Compel, ECF No. 250 (March 7, 2017). Given the extent to which these documents appear to have been written by or provided to Dr. Augustine (not to mention the fact that he produced the documents), it was reasonable for 3M to expect Dr. Augustine to have the requisite knowledge to testify about them. Leaving aside the credibility (or lack thereof) of Dr. Augustine's claim that he does not, his contention that 3M must look to Brent Augustine and/or Benham to have its questions answered provides good cause to allow 3M to take these depositions now.

Moreover, the documents at issue were produced only days before the discovery deadline. 3M noticed the depositions of Brent Augustine and Benham to take place on March 20, 2017 (the last day of the discovery period), though it advised that it would work with the parties to find a suitable time for the depositions in light of the logistical impossibility of completing them on that date. In light of Dr. Augustine's apparent

inability to provide any information about these documents, the need for 3M to depose Brent Augustine and Benham is now even more paramount.

## <u>CONCLUSION</u>

For all of the foregoing reasons, 3M respectfully requests that it be granted leave to take depositions after the close of fact discovery, for the limited purposes of completing the deposition of Dr. Scott Augustine, and deposing Randall Benham and Brent Augustine.

Dated: May 4, 2017                              Respectfully submitted,


                                        s/ Benjamin W. Hulse
                                        Jerry W. Blackwell (MN #186867)
                                        Mary S. Young (MN #0392781)
                                        Benjamin W. Hulse (MN #0390952)
                                        BLACKWELL BURKE P.A.
                                        431 South Seventh Street
                                        Suite 2500
                                        Minneapolis, MN 55415
                                        Phone: (612) 343-3256
                                        Fax: (612) 343-3205
                                        Email: blackwell@blackwellburke.com
                                               myoung@blackwellburke.com
                                               bhulse@blackwellburke.com

                                        Bridget M. Ahmann (MN #016611x)
                                        FAEGRE BAKER DANIELS LLP
                                        2200 Wells Fargo Center
                                        90 South Seventh Street
                                        Minneapolis, MN 55402
                                        Phone: (612) 766-7000
                                        Email: bridget.ahmann@faegrebd.com

                                        **Counsel for Defendants 3M Company
                                        and Arizant Healthcare, Inc.**