UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

In re: BAIR HUGGER FORCED AIR WARMING DEVICES PRODUCTS LIABILITY LITIGATION

Case No. 15-md-2666 (JNE/DTS)

**ORDER**

This Document Relates to All Cases
_____

This matter is before the Court on the parties' Joint Motion Regarding Continued Sealing (Docket No. 2117) pursuant to Minn. L.R. 5.6(d)(2). The parties filed documents under temporary seal in connection with 3M's Motion for Reconsideration of the Court's December 13, 2017 Order on General Causation (Docket No. 1718). Although the parties agree that nine documents should be unsealed (and so they shall be) they disagree on the remaining sixteen documents. Plaintiffs ask that these documents be unsealed in the interest of public disclosure, while 3M argues they should remain sealed to prevent competitive harm. As set forth below, the nine undisputed documents shall be unsealed, but the remaining documents shall be permanently sealed.

**I.    Legal Standard**

There is a common-law right of access to judicial records so the public can "keep a watchful eye on the workings of public agencies[.]"[1] *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597-98 (1978). But that right is not absolute and "requires a weighing of competing interests." *Webster Groves Sch. Dist. V. Pulitzer Pub. Co.*, 898 F.2d 1371, 1377 (8th Cir. 1990). The Court must weigh the public's interest in accessing a record against a party's interest in maintaining the confidentiality of the information. *IDT Corp v.*

---

[1] Noting the Supreme Court has not done so, the Eighth Circuit has declined to recognize a First Amendment right to access to civil proceedings and records. *IDT Corp. v. eBay*, 709 F.3d 1220, 1224 n.* (8th Cir. 2013).

*eBay*, 709 F.3d 1220, 1223 (8th Cir. 2013). In so doing, the Court considers, among other things, whether the document contains competitively sensitive information, whether the Court used the document in exercising its judicial power, and whether the documents might promote scandal or hurt a litigant's competitive business standing. *Id.* at 1223-24. Unlike some circuits, the Eighth Circuit does not recognize a "strong presumption" of public access to judicial records. *United States v. Webbe*, 791 F.2d 103, 105 (8th Cir. 1986).

## II. Previously Sealed Documents
[Dkt. Nos. 1788, 1790, 1794, 1796, 1801, 1802, 1805, 1806, 1807, 1808]

The prior Magistrate Judge to oversee this litigation previously considered ten of the disputed documents and ordered nine of them permanently sealed. *See* Dkt. Nos. 854, 1182. In its review of Magistrate Judge Noel's March 23, 2018 order sealing these documents, the District Court agreed the public's interest in these nine documents was weak compared to "the Defendants' interest in protecting their competitive information" and so affirmed the Magistrate Judge. The District Court also reversed Magistrate Judge Noel and sealed Docket No. 1805, the tenth document at issue here. The Court reasoned the exhibit was irrelevant to the proceedings and so determined that 3M's interest in maintaining the confidentiality of the information in the document outweighed the weak public interest in accessing technical data that was available elsewhere. *Id.*

The District Court's July 31, 2019 summary judgment order altered neither 3M's interest in protecting its confidential business information nor the public's interest in accessing the court documents. Although the District Court's July 31, 2019 order was dispositive, many of these previously sealed documents came before the District Court on the original summary judgment motion. Further, the District Court did not cite any of

2

these disputed documents in its July 31, 2019 order. The public therefore does not need to view these ten documents to understand the District Court's decision. But unsealing these documents would risk creating competitive harm for 3M. Absent a shift in the balance of interests, the prior decision to seal the documents stands.

**III.     The Remaining Sealed Documents
           [Dkt. Nos. 1786, 1792, 1795, 1797, 1798, 1992]**

The remaining documents in dispute shall also be permanently sealed. 3M contends Docket Nos. 1792, 1795, 1797, and 1798 contain sensitive communications and information about strategic business decisions. Having reviewed the documents, the Court agrees they contain information that would potentially cause competitive harm to 3M if it were publicly available.

The documents are also largely irrelevant to the exercise of judicial power, as the District Court did not rely on any of the disputed documents in its July 31, 2019 summary judgment order. The common-law right of access exists so the public may hold the judiciary accountable for decision, not so it may educate itself about every aspect of a litigant's business. It would also be inappropriate for this Court to cede unilateral control of the sealing process to litigants by unsealing any document they include with a dispositive motion, no matter how irrelevant it may be to the motion's disposition. Because the District Court did not rely on these documents in its ruling, the public interest in the documents is weak.

Finally, it is likely that the release of these documents could hurt 3M's business. 3M notes each document contains proprietary business information that is not available

to the public.[2] Unsealing documents containing confidential business operations communications would provide competitors with insight into how 3M make business decisions, which would give competitors the ability to make strategic decisions to negatively impact 3M's market share. 3M's interest in maintaining the confidentiality of the information found in these documents therefore outweighs the public's weak interest in accessing documents submitted to, but not relied on by, the District Court. The documents will be sealed.

Docket Nos. 1786 and 1992 are slightly different than the other documents discussed above. Docket No. 1786 is the unredacted version of Plaintiffs' memorandum in opposition to 3M's motion for reconsideration. Docket No. 1992 is a copy of a PowerPoint presentation Plaintiffs used during the hearing on 3M's motion and then filed as part of the docket. Because each document cites exhibits ordered sealed, these unredacted filings shall also be sealed. However, the parties shall ensure that public versions of each document are filed, redacting only information ordered sealed.

## ORDER

The Court, being duly advised in the premises, upon all the files, records and proceedings herein, now makes and enters the following Order.

For the reasons stated above, IT IS HEREBY ORDERED that the parties' Joint Motion for Continued Sealing [Docket Nos. 2117 and 2118] is GRANTED IN PART:

1. The Clerk is directed to keep the following documents **sealed**: Docket Nos. 1786, 1788, 1790, 1792, 1794, 1795, 1796, 1797, 1798, 1801, 1802, 1805, 1806, 1807, 1808, and 1992.

---

[2] Docket No. 1792 also contains medical information of one of the Bellwether plaintiffs, which only strengthens the confidentiality interest in the document.

4

2. The Clerk is directed to unseal the following documents: Docket Nos. 1799, 1800, 1803, 1804, 1809, 1810, 1811, 1914, and 1917.

3. Plaintiffs have 28 days from the date of this Order to file public versions of Docket Nos. 1786 and 1992, redacted consistent with this Order.

Dated: July 17, 2020

s/ David T. Schultz
DAVID T. SCHULTZ
United States Magistrate Judge
