UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

| | |
|---|---|
| IN RE: Bair Hugger Forced Air Warming Products Liability Litigation | MDL No. 2666 (JNE/DTS) |
| This Document Relates to: | **PLAINTIFFS' OBJECTION TO JULY 17, 2020 ORDER REGARDING PERMANENT SEALING** |
| All Actions | |

_____

Pursuant to L.R. D. Minn. 5.6 and 72.2(a), Plaintiffs respectfully object to Magistrate Judge Schultz's July 17, 2020 Order [Dkt. 2146] pertaining to the joint motions regarding continued sealing of Plaintiffs' brief and supporting exhibits filed in opposition to dispositive motion practice which ended the legal claims of over 5,000 plaintiffs. [1] Plaintiffs file this Objection because the Court's Order requires the continued sealing of several documents which (a) have been discussed in detail during public hearings before the Court with no objection from Defendants at the time of said hearing; and/or (b) do not meet the requirements of being deemed confidential under the Protective Order entered in this case.[2] Accordingly, Plaintiffs respectfully request that the Court reverse the portion of the Order which requires continued sealing of those documents.

_____

[1] *See* Dkt. 2117, 2118.
[2] *See* Dkt. 39, Pretrial Order No. 7: Protective Order.

# ARGUMENT

## I.     Public Interest Supports Unsealing of Documents in Question

There is a strong public interest afforded by both the First Amendment and common law in allowing public access to court proceedings and records. *See, e.g., Webster Groves Sch. Dist. V. Pulitzer Publ'g Co.*, 898 F.2d 1371, 1376 (8th Cir. 1990); *Ass. Press v. District Court*, 705 F.2d 1143, 1145 (9th Cir. 1983); *Healey v. I-Flow, LLC*, 282 F.R.D. 211, 214 (D. Minn. 2012); *NBC Subsidiary (KNBC-TV), Inc. v. Superior Court*, 980 P.2d 337, 358 (Cal. 1999); *Mokhiber v. Davis*, 537 A.2d 1100, 1107 n. 4 (D.C. 1988). The Eighth Circuit acknowledges that there is a presumption that a right to public records exists absent "compelling reasons [to] justify non-disclosure." *In re Neal*, 461 F.3d 1048, 1053 (8th Cir. 2006). The Protective Order entered in this case acknowledges as much, stating that the "[o]rder will be construed in favor of public disclosure and open proceedings wherever possible" to support the "presumption in favor of open and public judicial proceedings in federal courts."(emphasis added)[3] Defendants cannot overcome the strong common-law and First Amendment presumptions in favor of public access to these documents, and the documents contain neither trade secrets nor privileged information.

The Eighth Circuit has established that the public has a right of access to records and documents that form the basis of judicial opinions in civil proceedings. *IDT Corp. v. eBay*, 709 F.3d 1220, 1222 (8th Cir. 2013); *see also Aviva Sports, Inc. v. Fingerhut Direct Mktg, Inc.*, 960 F. Supp. 2d 1011, 1013 (D. Minn. 2013). This requires a weighing of the

---

[3] Dkt. 39, Pretrial Order No. 7: Protective Order, p. 2.

balance between the public's interest in access to court records against the "salutary interests served by maintaining confidentiality of the information sought to be sealed." *IDT Corp.*, 709 F.3d at 1222. The weight afforded to the presumption of access "must be governed by the role of the material at issue in the exercise of Article III judicial power and resultant value of such information to those monitoring the federal courts." *Id.* at 1224; *see also Skky, LLC v. Facebook, Inc.*, 191 F. Supp. 3d 977, 980–81 (D. Minn. 2016) (presumptive right of access was "particularly strong" where document sought to be sealed pertained to a motion to transfer venue); *Healey v. I-Flow, LLC*, 282 F.R.D. 211, 214 (D. Minn. 2012) ("heightened burden [exists] to overcome the presumptive right of the public access to the briefs and supporting documents at issue because [they] were filed with the [c]ourt in connection with a merits-based motion").[4] Thus, the right to public access is further heightened when the ruling from the court for which the document is relied upon is dispositive or merits-based.

The party attempting to seek restrictions on public right of access to court proceedings bears the burden of showing good cause to support access restrictions. *See Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 785-86 (3rd Cir. 1994) (noting that good cause requires showing that disclosure will cause a clearly defined and serious injury, which must be demonstrated with specificity) (quotations omitted); *Miscellaneous Docket Matter # 1 v. Miscellaneous Docket Matter # 2*, 197 F.3d 922, 926 (8th Cir. 1999) (adopting

---

[4] The court in *Healey* also expressed concern that maintaining sealing of documents used by the court to reach a determination "could require the court to circumscribe its opinion explaining the decision so that secrets are not revealed or, worse still, result in a blacked-out redacted opinion that looks like it came from a top secret spy agency file." *Id.* at 215.

3

*Pansy*). One of the factors relevant in considering whether to restrict or deny public access is whether confidentiality is being sought over information important to public health and safety. *See Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 483 (3rd Cir. 1995); *see also In re National Hockey League Players' Concussion Injury Litigation*, 2016 WL 1328919, *5 (D. Minn. March 5, 2016) (analyzing "public health and safety" factor in finding that Magistrate Judge did not err by ordering the de-designation of portions of documents "that involved issues germane to the lawsuit and important to the health and safety of the public."); *Healey*, 282 F.R.D. at 214 ("Secreting evidence that underlies a judge's decision conflicts with . . . important goals" to protect public health and safety concerning use of the medical device in question).[5]

Defendants have failed to demonstrate with specificity any clearly defined and serious injury that satisfies the "good cause" requirements for sealing the Court proceedings and files. They instead alluded to hypothetical competitive harm that could result if the documents were unsealed and made accessible to the public. As Defendants made absolutely no showing as to how allowing public access to these documents will cause serious injury, ordering the documents be permanently sealed is improper.

In *U.S. v. Kravetz*, the First Circuit rejected holding that a presumption to "public access would turn on whether the documents at issue actually played a role in the court's deliberations. Instead, we held that documents relevant to the determination of the litigants' substantive rights that came to the attention of the district judge could 'fairly be assumed

---

[5] There is a clear parallel in terms of use by the public at large between the Pain Buster pain pumps involved in *Healey* and the Bair Hugger device at issue in this litigation.

to play a role in the court's deliberations.'" 706 F.3d 47, 58 (1ˢᵗ Cir. 2013)(emphasis added). Relying upon a Second Circuit decision, *Kravetz* also made the point that transparency of court records matters regardless of whether the court was actually persuaded by a particular judicial record. "If the rationale behind access is to allow the public an opportunity to assess the correctness of the judge's decision . . . documents that the judge *should* have considered or relied upon, but did not, are just as deserving of disclosure as those that actually entered into the judge's decision." *Id*. at 58-59 (quoting *Lugosch v. Pyramind Co. or Onondaga*, 435 F.3d 110, 123 (2d Cir. 2006))(emphasis added). See also *Gamble v. Deutsche Bank AG*, 377 F.3d 133, 140 (2d Cir. 2004)(noting **"**We have observed that, consistent with this [openness] rationale for public access, the presumptive right to public observation is at its apogee when asserted with respect to documents relating to matters that directly affect an adjudication. Such documents include those relating to the decision of a motion for summary judgment, such as the grant and denial of partial summary judgment by the district court here")(cleaned up).

As the weight in favor of public access of these documents is significantly greater than it was when this Court consider the documents previously, and because Defendants can make no claims that these documents contain trade secrets or privileged information, Plaintiffs respectfully object to the Order and request the Court revisit these documents and make a determination based on the heightened weight in favor of public access.

## II.    Documents Should Not Remain Sealed Based on Defendants' Assertions Alone

Bare assertions that public access to "confidential and sensitive business [information] . . . could give competitors a distinct competitive advantage" are insufficient

to justify a document remaining sealed. *Skky, LLC*, 191 F. Supp. 3d at 981 (motion to seal denied because defendants "ha[d] not presented *any* factual basis for sealing th[e] information from public access") (emphasis theirs)[6]; *see also Miscellaneous Docket Matter # 1 v. Miscellaneous Docket Matter # 2*, 197 F.3d 922, 926 (8th Cir. 1999) (citing *General Dynamics Corp. v. Seib Mfg. Co.*, 481 F.2d 1204, 1212 (8th Cir. 1973)) (good cause is required to be based on specific demonstrations of fact); *Healey*, 282 F.R.D. at 215 ("[C]ontinued sealing must be based on current evidence to show how public dissemination of the pertinent materials now would cause the competitive harm claimed.") (quoting *In re Cendant Corp.*, 260 F.3d 183, 196 (3rd Cir. 2001)); *Lubrication Technologies, Inc. v. Lee's Oil Service, LLC*, 2012 WL 1633259, *13 (D. Minn. Apr. 10, 2012) ("Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning do not support a good cause showing" for confidentiality) (quoting *Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 484 (3rd Cir. 1995)); *Plan Pros, Inc. v. Zych*, 2009 WL 562348, *1 (D. Neb. March 5, 2009) (same). "[C]ourts traditionally require that the party wishing to have confidential information in the court record kept under seal show that disclosure of the information will result in some sort of *serious* competitive or financial harm." *Healey*, 282 F.R.D. at 215 (quoting *Tinman v. Blue Cross & Blue Shield of Michigan*, 176 F. Supp.2d 743, 745 (E.D. Mich. 2001)) (emphasis added).

---

[6] That court further stated that "the information [defendants] seek to file under seal is not the type of sensitive information that might typically be subject to an order to seal, such as financial data [and] proprietary or trade secret information." *Id.*

Defendants asserted that these documents should remain permanently sealed due to hypothetical competitive harm which may befall them in the event they were made public. Defendants did not go into detail aside from merely giving a brief description of the document in question. Defendants also did not provide any specific examples of what competitive harm may befall them or how the information contained in the document could be used by a competitor. Defendants also never stated that any serious harm may occur with the unsealing of these documents. In the absence of any evidence or specific demonstrations of fact regarding potential **serious** harm, these claims amount to no more than bare assertions of hypothetical harm and should be insufficient to allow the continued sealing of these documents.

## III.   <u>Defendants Waived any Assertion of Confidentiality on All Documents Discussed During the Public Hearing</u>

The information contained in the documents at issue were discussed at length during multiple hearings regarding previous motions heard by this Court, as well as during the hearing on the motion for reconsideration held in June, 2019. Documents used in open court which contain trade secrets or other proprietary information necessarily have their confidential status "destroyed . . . [by] use[] in open court during [a] motion hearing." *In re Guidant Corp. Implantable Defibrillators Product Liability Litigation*, 245 F.R.D. 632, 637 (D. Minn. 2007). Any document—or passages of a document—referred to or discussed during the hearing should therefore be unsealed.

Defendants made no attempts to work with the Court prior to the hearing to restrict access to the hearing over any apparent concern over the divulgement of allegedly

confidential information, even though Defendants had reason to expect that members of the press and general public would be present for the duration of the hearing. Defendants have essentially acquiesced to the disclosure of the information discussed during the hearing, so for these documents to remain under seal is inconsistent with Defendants' prior handling of the supposedly confidential and competitively harmful information.[7]

## **CONCLUSION**

Defendants' have advertised and promoted the alleged safety of the Bair Hugger on their websites and publishing Court orders, FDA letters, deposition transcripts, etc.[8] Defendants are utilizing this Court to promote the safety of the Bair Hugger while at the same time requesting the Court to hide from the public the documents presented at the multiple dispositive motion hearings.

For the reasons stated above, Plaintiffs respectfully request that Magistrate Judge Schultz's July 17, 2020 [Dkt. 2146] Order be reversed with respect to both unsealing the documents and requiring the refiling of unredacted versions of documents.

Respectfully submitted,

Dated: July 31, 2020.

CIRESI CONLIN L.L.P.                          MESHBESHER & SPENCE LTD.
Michael V. Ciresi (MN #0016949)             Genevieve M. Zimmerman (MN #330292)
Jan M. Conlin (MN #0192697)                 1616 Park Avenue South
Michael Sacchet (MN # 395817)               Minneapolis, MN 55404

---

[7] Defendants waived any confidentiality when Defendants provided the Bair Paws document to a third party. See Dkt. 1261. There is no indication in the email or document that protocol is confidential or privileged. As a result, there is no basis for confidentiality and therefore continued sealing.
[8] http://www.bairhuggerfacts.com/blog/; http://www.truthaboutbairhugger.com/blog-2017/.

Ciresi Conlin LLP
225 S. 6th St., Suite 4600
Minneapolis, MN 55402
Phone: 612.361.8202
Email: MVC@CiresiConlin.com
          JMC@CiresiConlin.com
          MAS@ciresiconlin.com

Phone: (612) 339-9121
Fax: (612) 339-9188
Email: gzimmerman@meshbesher.com

LEVIN PAPANTONIO, P.A.
Ben W. Gordon (FL # 882836)
J. Michael Papantonio (FL # 335924)
316 S. Baylen Street, Suite 600
Pensacola, FL 32502-5996
Phone: (850) 435-7090
Fax: (850) 436-6090
Email: bgordon@levinlaw.com

FARRAR & BALL, LLP
Kyle W. Farrar, MN #0397942
1117 Herkimer Street
Houston, Texas 77008
Telephone: 713-221-8300
Email: kyle@fbtrial.com

MCDONALD WORLEY
Gabriel Assaad – Pro Hac Vice
1770 St. James Place
Suite 100
Houston, TX 77056
Telephone: 281-623-1906
Email: gassaad@mcdonaldworley.com

*Attorneys for Plaintiffs*