UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: Bair Hugger Forced Air Warming Devices Products Liability Litigation<br><br>This Document Relates to:<br>All Cases | MDL No. 15-2666 (JNE/DTS)<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFFS' OBJECTION TO JULY 17, 2020 ORDER REGARDING PERMANENT SEALING** |

Plaintiffs' objection to Judge Schultz's July 17, 2020 Order Regarding Continued Sealing should be overruled. The Order is neither clearly erroneous nor contrary to law. *See* L.R. 72.2(a) (a magistrate's order may be set aside only where it is "clearly erroneous or contrary to law"). It is consistent with the prior decisions of this Court on sealing of Defendants' confidential information and with Eighth Circuit law. Plaintiffs' objection is yet another attempt to put into the public domain out-of-context documents that have not been relied upon by the Court in connection with its ruling on Defendants' Motion for Reconsideration of the Court's December 13, 2017 Order on General Causation.

The same issues of sealing and confidentiality regarding the majority of the same documents have been weighed by this Court over the course of this litigation, and Magistrate Judge Schultz's determination that the documents at issue in Plaintiffs' objection should remain under seal was correct.

The remaining six documents at issue have been appropriately designated confidential. Plaintiffs' motion is purportedly motivated by their concern for the "public right to access" to Defendants' documents. However, the Eighth Circuit has long-

established that there is not a "strong presumption" of access in this Circuit. Rather, the right to judicial records is a balancing test. The Court must "consider the degree to which sealing a judicial record would interfere with the interests served by the common-law right of access" and "balance that interference against the salutary interests served by maintaining confidentiality of the information to be sealed." *IDT Corp. v. eBay*, 709 F.3d 1220, 1223 (8th Cir. 2013). The district court record makes clear the competitive harm Defendants would suffer if the public were allowed access to the documents.

Whenever documents are unsealed in these proceedings, Dr. Augustine routinely blasts an email to his list of thousands of doctors and hospitals with his (misleading) spin on what the documents purportedly reveal. Defendants' employees are then forced to spend extensive time responding to Dr. Augustine's latest misrepresentation of the facts. Thus, Defendants' interest in maintaining confidentiality of the documents outweighs the public's interest in the right of access. Moreover, none of the six documents in dispute were relied upon in the Court's ruling on Defendants' Motion for Reconsideration of the Court's December 13, 2017 Order on General Causation. Only with documents that "play a relevant and useful role in the adjudication process" does the right of public access attach. *In re Policy Mgmt. Systems Corp. v. Ernst & Young*, 67 F.3d 296, 1995 WL 541623, at *3-4 (4th Cir. Sept. 13, 1995).  Magistrate Judge Schultz's July 17, 2020 Order should be affirmed.

**ARGUMENT**

**I.     THE COURT HAS PREVIOUSLY ORDERED THAT THE MAJORITY OF THE DOCUMENTS BE SEALED.**

For 10 of the 16 sealed documents at issue, the District Court previously found "no clear or legal error" in continuing to seal the documents. (ECF No. 1294, Order at 2.) In reaching its decision, the Court determined that the "material in these docket entries is related to internal reporting, testing, analysis, and consumer data and communications addressing the Bair Hugger device's strategic market placement and positioning." (*Id.* (quoting ECF No. 1247 at 5).) Additionally, "several of the contested docket entries contain Defendants' customer manifests and lists, various market analysis, and expected customer tendencies and reaction to this litigation and its potential market impact." (ECF No. 1294, Order at 2-3.) The Court also found that at least one of the documents was not even about the Bair Hugger but rather the Bair Paws device. The Court rejected Plaintiffs' argument that restricting public access by sealing the Bair Paws document may prevent scientific research and effective precautions by the medical community. (*Id.* at 3.) The Court correctly observed that because the Bair Paws document only summarizes the results of other published research, there was no risk of obstructing medical developments because the publications are available elsewhere. (*Id.*)

For these 10 documents the Court concluded that the competing interests favor sealing of the documents and the public interest in access is weak relative to the Defendants' interest in protecting their competitively sensitive information. (*Id.* at 3.) Unsealing risks potential harm to Defendants' "competitive standing," as the information

3

could be used for an "improper purpose." (*Id.* at 4 (quoting *Nixon v. Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).) Furthermore, the prior Magistrate Judge previously determined these 10 documents should remain under seal. (*See* ECF Nos. 854, 1182.)

The District Court's July 31, 2019 decision granting summary judgment in favor of Defendants did not alter 3M's interest in continuing to protect its confidential business information nor the public's interest in accessing the sealed documents. Plaintiffs have also not offered any new reason(s) to alter the decision. As such, the documents should remain permanently sealed.

## II. DEFENDANTS' INTEREST IN MAINTAINING THE CONFIDENTIALITY OF THE DOCUMENTS OUTWEIGHS ANY QUALIFIED RIGHT OF PUBLIC ACCESS.

Although there is a qualified common law right of access to judicial records, there is not a "strong presumption" of access in the Eighth Circuit, and the Court retains broad discretion to decide what documents remain sealed. (ECF No. 2110, Order at 1 (citing *Webster Groves Sch. Dist. v. Pulitzer Pub. Co.*, 898 F.2d 1371, 1376 (8th Cir. 1990), *aff'd*, ECF No. 2141).) The right of access "requires a weighing of competing interests," *Webster*, 898 F.2d at 1377, and the Court must weigh the public's interest in accessing a record against a party's interest in maintaining the confidentiality of the information. *IDT Corp.*, 709 F.3d at 1223. The remaining six documents should also remain sealed because Defendants' valid interests in maintaining confidentiality of the information outweighs the public's right of access.

All six remaining documents at issue were submitted with Plaintiffs' unsuccessful Motion in Opposition to Defendants' Motion for Reconsideration of the Court's December

4

13, 2017 Order on General Causation. (*See* ECF No. 1813.) They are appropriately designated confidential and fall into one or more of the following categories: (1) sales data and strategy (Dkt. 1797); (2) scientific and technical data/planning and internal communications regarding scientific studies (Dkts. 1795, 1797); (3) strategic planning and responses to Augustine misrepresentations (Dkt. 1798); (4) they contain the confidential medical information of a bellwether plaintiff (Dkt. 1792); or (5) they reference other confidential documents (Dkts. 1786, 1992). The public disclosure of these documents would subject Defendants to competitive harm.

Plaintiffs incorrectly allege that Defendants' bare assertions that public access to confidential and sensitive business information could give competitors a distinct competitive advantage are insufficient to justify a document to remain sealed. (ECF No. 2147 at 5-6.) But the documents have not been sealed solely based on Defendants' assertions. The Court reviewed the documents and agreed that "they contain information that would potentially cause competitive harm to 3M if it were publicly available." (ECF No. 2146, Order at 3.)

The record also makes clear the competitive harm that unsealing the six documents would bring to Defendants. The Bair Hugger system's former inventor and now-competitor, Dr. Scott Augustine, has repeatedly attempted to use documents disclosed in discovery to disparage the Bair Hugger system and push hospitals to switch to his own HotDog system. The only thing preventing Dr. Augustine from using confidential documents to further misinform healthcare providers about Defendants and the Bair Hugger system is the protection afforded by this Court and the maintenance of confidential

5

documents under seal. *Nixon*, 435 U.S. at 598 (recognizing that "access has been denied where court files might have become a vehicle for improper purposes," and that the court has power "to insure that its records are not used to gratify private spite or promote public scandal" or "as sources of business information that might harm a litigant's competitive standing") (internal citations omitted).

Conversely, Defendants have a strong interest in maintaining the confidentiality of documents that have already been taken out of context, and that will surely be the subject of a new misinformation campaign if Dr. Augustine is given the opportunity. Defendants have submitted specific examples of Augustine's ongoing use of materials produced in discovery to attack 3M and the Bair Hugger system. (*See* ECF No. 1235 at 5-6; ECF No. 1236, Exs. 1-2.) Thus, sealing the documents is plainly necessary to protect Defendants. *See*, *e.g.*, *Krueger v. Ameriprise Fin., Inc.*, No. 11-CV-02781 SRN/JSM, 2015 WL 224705, at *4 n.4 (D. Minn. Jan. 15, 2015) (among factors to be considered when determining whether to seal documents is the possibility of prejudice to those opposing disclosure) (citing *Schedin v. Ortho-McNeil-Janssen Pharms., Inc.*, No. 08-5743 (JRT), 2011 WL 1831597, at *1-2 (D. Minn. May 12, 2011) (relevant factors that inform the decision of whether documents should be sealed include "minimiz[ing] the danger of an unfair trial by adverse publicity")) (internal citations omitted). Under the unique facts and circumstances of *this* case, it is clear that Defendants' interests in maintaining the confidentiality of the documents outweigh any qualified right of public access that may otherwise exist.

6

Next, Plaintiffs argue that any confidentiality was waived when the information contained in the documents was discussed at previous motion hearings in front of the Court, including the hearing on Defendants' Motion for Reconsideration of the Court's December 13, 2017 Order on General Causation. (*See* ECF No. 2147 at 7.)

The Court has previously heard this very same argument and continued to enforce sealing orders. As the Magistrate Judge concluded:

> Although technically correct that the hearing was open to the public …, it is doubtful that the portions at issue have been widely disseminated outside individuals who already had access to the underlying documents. This Court has previously found such *de minimis* public access unpersuasive: at least one of the underlying documents was previously sealed despite Plaintiffs displaying it in open court.

(ECF No. 2110, Order at 2; *aff'd*, ECF No. 2141.) The Court should reach the same conclusion here. Plaintiffs also knew the information contained within certain documents was sealed by the Court. (*See* Dkt. 1992, Plaintiffs' Court Exhibit 1.) "Plaintiffs cannot undo this Court's prior sealing orders by reading excerpts into the records at a hearing before Defendants can object." (ECF No. 2110, Order at 2.) The discussion of documents in open court does not alter their confidential nature. (*Id.*)

### III. THE SEALED DOCUMENTS DID NOT PLAY A SIGNIFICANT ROLE IN THIS COURT'S JULY 31, 2019 ORDER GRANTING SUMMARY JUDGMENT FO DEFENDANTS.

Plaintiffs' contend that the "public has a right of access to records and documents that form the basis of judicial opinions in civil proceedings." (ECF No. 2147 at 2 (internal citations omitted).) However, "not all documents filed by parties are 'judicial records'; instead, only those documents that are *relevant to and integrally involved* in the resolution

7

of the merits of a case are judicial records to which the presumption of public access attaches." *Krueger v. Ameriprise Financial, Inc.*, No. 11-2781 (SRN/JSM), 2014 WL 12597948, at *9 (D. Minn. Oct. 14, 201) (emphasis added); *see also In re Application for an Order Pursuant to 18 U.S.C. Section 2703(D),* 707 F.3d 283, 290 (4th Cir. 2013) ("[D]ocuments filed with the court are 'judicial records' *if they play a role in the adjudicative process*, or adjudicate substantive rights") (emphasis added); *United States v. Amodeo,* 44 F.3d 141, 145 (2d Cir. 1995) ("[T]he item filed must be relevant to the performance of the judicial function and useful in the judicial process in order for it to be designated a judicial document."), *rev'd in part on other grounds by United States v. Amodeo*, 71 F.3d 1044 (2d Cir. 1995); *United States v. El-Sayegh*, 131 F.3d 158, 163 (D.C. Dir. 1997) ("[W]hat makes a document a judicial record and subjects it to the common law right of access is the role it plays in the adjudicatory process."). Records that "affect an adjudication" fall closer to the "unsealing" end of the continuum, while records that "come within a court's purview solely to insure their irrelevance" fall on the "remain sealed" end. *IDT Corp.,* 709 F.3d at 1223.

The remaining six documents at issue here do not fit these criteria. As the Magistrate Judge noted, "they are largely irrelevant to the exercise of judicial power, as the District Court did not rely on any of the disputed documents in its July 31, 2019 summary judgment order." They were not cited in the District Court's July 31, 2019 Order. Therefore, the public interest in the documents is weak, and Defendants' interest in maintaining the confidentiality of the information found in these documents outweighs the public's weak interest in access. Each document contains proprietary business information that is not

8

available to the public, and unsealing the documents would provide competitors with insight into how 3M makes business decisions. (*See* ECF No. 2146, Order at 3-4.)

## **CONCLUSION**

For the foregoing reasons, Plaintiffs' objection to Magistrate Judge Schultz's July 17, 2020 Order should be overruled, and the Order should be affirmed. The Order is neither clearly erroneous nor contrary to law. Defendants appropriately designated the documents as confidential and requested that they be sealed. This Court previously rejected the reasons offered by Plaintiffs as to why the documents should be unsealed, which are the same reasons they offer now. This Court should similarly reject Plaintiffs' arguments, and the documents should remain permanently sealed.

Dated: August 14, 2020                                   Respectfully submitted,

*s/* Benjamin W. Hulse
Jerry W. Blackwell (MN #186867)
Benjamin W. Hulse (MN #0390952)
Mary S. Young (MN #0392781)
BLACKWELL BURKE P.A.
431 South Seventh Street, Suite 2500
Minneapolis, MN 55415
Phone: (612) 343-3200
Fax: (612) 343-3205
Email: blackwell@blackwellburke.com
            bhulse@blackwellburke.com
            myoung@blackwellburke.com

**Counsel for Defendants 3M Company and Arizant Healthcare Inc.**