United States Court of Appeals
For the Eighth Circuit
_____

No. 19-2932
_____

In re: Bair Hugger Forced Air Warming Devices Products Liability Litigation

------------------------------

John Petitta

*Plaintiff - Appellant*

v.

3M Company

*Defendant - Appellee*

_____

Appeal from United States District Court
for the District of Minnesota

_____

Submitted: March 16, 2021
Filed: May 28, 2021

_____

Before GRUENDER, KELLY, and GRASZ, Circuit Judges.
_____

KELLY, Circuit Judge.

In this case, a federal district court permanently enjoined John Petitta from litigating claims against 3M Company in Texas state court, where he had filed suit three years earlier. Petitta and 3M had previously agreed to dismiss with prejudice

similar claims Petitta brought against 3M in a multidistrict litigation (MDL) in federal court. The district court concluded that this previous dismissal had preclusive effect in the Texas case, authorizing it to enjoin the state court proceedings under the relitigation exception to the Anti-Injunction Act. See 28 U.S.C. § 2283. We reverse and vacate the district court's injunction.

I.

In November 2014, Petitta, a Texas resident, underwent knee replacement surgery in Brownsville, Texas. During that surgery, the hospital used a Bair Hugger Forced Air Warming Product (Bair Hugger), designed and manufactured by 3M. Petitta developed a periprosthetic joint infection, which he alleges was caused by the Bair Hugger.

On November 10, 2016, Petitta filed an individual complaint in the Bair Hugger MDL that was ongoing in the United States District Court for the District of Minnesota (the MDL court). He brought the case under the court's diversity jurisdiction and alleged negligence, strict products liability, breach of warranty, and related claims. Four days later, through different attorneys, Petitta filed a separate suit against 3M in state court in Hidalgo County, Texas, alleging negligence, breach of warranty, and strict products liability.

On November 22, 2016, counsel for 3M contacted Petitta's attorneys in both actions, saying that Petitta's "claims appear duplicative" and asking that they "confer with [their] client and determine next steps." The following month, Petitta's counsel informed 3M that the Texas lawsuit would continue and that Petitta would "agree to a stipulation for dismissal of the MDL action." In April 2017, Petitta's MDL counsel sent 3M's counsel a proposed stipulation for dismissal with prejudice. 3M accepted the stipulation, and the parties filed it with the MDL court on April 5, 2017. The document was titled "Stipulation of Dismissal with Prejudice" and stated, "It is

hereby stipulated and agreed, by and between the undersigned parties, pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii), that the above-captioned case be dismissed with prejudice, each party to bear its own costs." The following day, the MDL court entered an order terminating Petitta's federal case.

Over the next two years, Petitta's case progressed in Texas state court. 3M alleges that during this time Petitta sought discovery orders that would be inconsistent with the ones issued by the MDL court. On June 4, 2019, while discovery was ongoing in the Texas case, 3M filed an amended answer to Petitta's Texas action, asserting a res judicata affirmative defense based on his dismissed MDL case. The next day, 3M filed a motion with the MDL court, urging it to use its authority under the relitigation exception to the Anti-Injunction Act to permanently enjoin Petitta from litigating in Texas the claims that had been voluntarily dismissed in the MDL case.

On June 24, 2019, Petitta moved for summary judgment in Texas court on 3M's potential res judicata defense; on July 31, 2019, 3M cross-moved for summary judgment on the same basis. The Texas court heard arguments on Petitta's motion for summary judgment on August 7, 2019. Later that same day, the MDL court granted 3M's motion for an injunction, permanently enjoining Petitta from "relitigating in state court his claims against Defendants that were previously dismissed with prejudice from the MDL." Petitta now appeals.

II.

The Anti-Injunction Act provides that "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. At issue here is the third of the Act's exceptions, commonly referred to as the relitigation exception. This provision is

"designed to implement well-recognized concepts of claim and issue preclusion" and "authorizes an injunction to prevent state litigation of a claim or issue that previously was presented to and decided by the federal court." Smith v. Bayer Corp., 564 U.S. 299, 306 (2011) (cleaned up); see also Chick Kam Choo v. Exxon Corp., 486 U.S. 140, 147 (1988) ("[The relitigation exception] is founded in the well-recognized concepts of *res judicata* and collateral estoppel."). Federal courts should "take[] special care to keep [the exception] strict and narrow," as "issuing an injunction under the relitigation exception is resorting to heavy artillery." Bayer, 564 U.S. at 306–07 (cleaned up). Accordingly, we review the applicability of the relitigation exception de novo, "resolv[ing] any doubts in favor of allowing state courts to proceed without interference from the federal courts." Canady v. Allstate Ins. Co., 282 F.3d 1005, 1014 (8th Cir. 2002); see also Bayer, 564 U.S. at 307 ("[E]very benefit of the doubt goes toward the state court; an injunction can issue only if preclusion is clear beyond peradventure." (citation omitted)).

A.

Because the relitigation exception applies when a claim in state court "previously was presented to and decided by the federal court," Bayer, 564 U.S. at 306 (quoting Chick Kam Choo, 486 U.S. at 147), the key issue here is whether the stipulated dismissal with prejudice in the MDL case means that Petitta's Texas claims were decided by the MDL court. See Daewoo Elecs. Corp. of Am. v. W. Auto Supply Co., 975 F.2d 474, 477 (8th Cir. 1992) ("[A]n essential prerequisite for application of the relitigation exception is that the claims the federal injunction insulates from litigation in state proceedings have actually been decided by the federal court."). To answer this question, we rely on the doctrine of claim preclusion, also known as res judicata. See Chick Kam Choo, 486 U.S. at 147.[1] But first we must determine which

---

[1] The relitigation exception also applies when a party's state law claims would be barred by issue preclusion, also known as collateral estoppel, but 3M does not raise that argument here.

-4-

approach to claim preclusion governs: that of federal common law, Minnesota law, or Texas law?

3M urges us to apply the substantive approach to claim preclusion developed under federal common law. But while federal common law guides the claim preclusion analysis in federal question cases, see Taylor v. Sturgell, 553 U.S. 880, 891 (2008), Petitta brought his claims under the MDL court's diversity jurisdiction. In diversity cases, federal law generally "incorporates the rules of preclusion applied by the State in which the rendering court sits." Id. at 891 n.4; see also Semtek Int'l Inc. v. Lockheed Martin Corp., 531 U.S. 497, 508 (2001) (holding that the "claim-preclusive effect" of a previous decision by a federal court sitting in diversity is governed by "the law that would be applied by state courts in the State in which the federal diversity court sits"). Therefore, although federal common law applies here, it dictates that we apply state law to determine whether Petitta's Texas claims were previously decided by the MDL court.[2]

Because Petitta brought his diversity claims in the District of Minnesota based on the court's diversity jurisdiction, ordinarily Minnesota law on claim preclusion would govern, see Semtek, 531 U.S. at 508, and Petitta encourages us to apply Minnesota's approach here. But there is an additional wrinkle in this case. Petitta brought his case in the District of Minnesota pursuant to an MDL-wide order that directed Bair Hugger plaintiffs who would have brought their individual claims in

---

[2]3M argues that an exception to the rule for diversity cases applies here, authorizing us to apply substantive federal common law. The Supreme Court recognized in Semtek that "federal reference to state law will not obtain . . . in situations in which the state law is incompatible with federal interests," such as where state law does "not accord claim-preclusive effect to dismissals for willful violations of discovery orders." 531 U.S. at 509. But we see no reason why either Minnesota's or Texas's approach to the preclusive effect of stipulated dismissals with prejudice would threaten federal interests, and we therefore decline to apply the exception contemplated in Semtek.

other federal venues instead to file directly in the MDL court. Had the order not been in effect, the proper venue would have been the Southern District of Texas, as Petitta indicated in his complaint.

For the purposes of choice of law analysis, an MDL court is not a typical federal court sitting in diversity. Because claims in MDL cases often wind up in the MDL forum through an "accident of bureaucratic convenience," Wahl v. Gen. Elec. Co., 786 F.3d 491, 496 (6th Cir. 2015), this court and others have concluded in many instances that the substantive law of the forum the individual complaint was or would have been brought in should govern, rather than the law of the MDL forum. See, e.g., In re Temporomandibular Joint Implants Prods. Liab. Litig., 97 F.3d 1050, 1055 (8th Cir. 1996) ("When considering questions of state law, . . . the transferee [MDL] court must apply the state law that would have applied to the individual cases had they not been transferred for consolidation."); Wahl, 786 F.3d at 496–98 (holding that when individual actions originally filed directly in an MDL forum are transferred to another proper venue for trial, the transferee forum should apply its law, rather than the law of the state in which the MDL court sits); In re Volkswagen & Audi Warranty Extension Litig., 692 F.3d 4, 17–18 (1st Cir. 2012) (explaining that "[s]pecial rules apply in MDL cases as to determining the forum state" and collecting cases in which transferee MDL courts have applied the choice of law rules of the transferor court the plaintiff initially filed in).

Those cases involved slightly different circumstances than this one, since Petitta filed his federal complaint directly in the District of Minnesota, where the MDL is located, and his case was never transferred between federal venues. But he filed in the District of Minnesota only because the MDL court's standing order directed him to do so. If not for that order, he would have filed in the Southern District of Texas, his case would have been transferred to the MDL in the District of Minnesota, and our precedent would guide us to apply Texas law. In other words, this case is different from the other ones cited only because of the standing order,

-6-

which, as the MDL court explained, was issued "to minimize delays associated with transfer of actions involving Bair Hugger claims pending or originating in other federal district courts to [the MDL court] and to promote judicial efficiency."  In our view, Petitta's compliance with this measure of administrative convenience should not alter the choice of law approach we would otherwise employ in an MDL case.  Cf. Wahl, 786 F.3d at 496 (rejecting a rule that would result in "the accident of bureaucratic convenience . . . elevat[ing] the law of the MDL forum").  We therefore conclude that the analysis from this circuit and our sisters, which leads us to Texas's claim preclusion law, rather than Minnesota's, has equal effect here.

Additionally, in this case the same standing order establishes that "in the event of a dispute between the parties concerning the applicable substantive law," the court will apply Minnesota choice-of-law rules unless the plaintiff included "in the initial complaint: (1) current residence; (2) date and location of surgery plaintiff claims Bair Hugger was used; and (3) the appropriate venue where the action would have been filed if direct filing in [the District of Minnesota] were not available."  If the plaintiff included this information, "then the choice-of-law rules from the appropriate venue shall apply."  This order was in effect when Petitta filed his complaint in the MDL court, and in that complaint Petitta included the information listed, identifying Texas as the appropriate venue.  Under the standing order, Texas choice-of-law rules should therefore guide the claim preclusion analysis.  Texas courts "decide choice of law issues by applying the 'most significant relationship' test found in the Restatement (Second) of Conflict of Laws," which in tort cases "includes a presumption in favor of applying the law of the place of the injury."  Enter. Prods. Partners, L.P. v. Mitchell, 340 S.W.3d 476, 480 (Tex. Ct. App. 2011).  Petitta was injured in Texas and does not argue that another state has a more significant relationship to his claims, which means that Texas substantive law should govern.  See id.  Thus the terms of the standing order in effect here similarly lead us to the conclusion that Texas law on claim preclusion applies.

-7-

In light of the unique position of MDL courts sitting in diversity, and considering the MDL court's standing order in this case, we conclude that Texas's law on claim preclusion governs our analysis of whether the stipulated dismissal with prejudice has preclusive effect on Petitta's state claims.[3]

B.

Under Texas law, a party arguing that a subsequent claim is precluded by a previous decision "must prove (1) a prior final determination on the merits by a court of competent jurisdiction; (2) identity of parties or those in privity with them; and (3) a second action based on the same claims as were or could have been raised in the first action." Travelers Ins. Co. v. Joachim, 315 S.W.3d 860, 862 (Tex. 2010). At issue here is the first element of this test, and specifically whether the stipulated dismissal with prejudice in the MDL case counts as a "final determination on the merits."

For Texas courts, the claim preclusive effect of a stipulated dismissal with prejudice depends on the reasons for the dismissal. Where a "dismissal is entered by the agreement of the parties in pursuance of the compromise or settlement of the parties, res judicata applies." Jistel v. Tiffany Trail Owners Ass'n, 215 S.W.3d 474,

---

[3]Texas claim preclusion law, in turn, instructs us that "the preclusive effect of a federal judgment"—here, the dismissal in the MDL court—"is determined by federal law." John G. & Marie Stella Kennedy Mem. Found. v. Dewhurst, 90 S.W.3d 268, 287 (Tex. 2002). Federal law, as discussed above, leads us back to Texas. Cf. Semtek, 531 U.S. at 508 (describing its holding that substantive federal common law on claim preclusion does not apply in diversity cases as "the federally prescribed rule of decision"); Madera Prod. Co. v. Atl. Richfield Co., 107 S.W.3d 652, 661 (Tex. Ct. App. 2003) (holding that, after Semtek, Texas courts should no longer apply the substantive federal common law approach to claim preclusion in cases in which the first decision at issue is from a federal court sitting in diversity); Truck Ins. Exch. v. Mid-Continent Cas. Co., 320 S.W.3d 613, 617–18 (Tex. Ct. App. 2010) (same).

-8-

480 (Tex. Ct. App. 2006). However, a "dismissal pursuant to an agreement between the plaintiff and defendant amounting only to an agreement to dismiss, and not a compromise and settlement of the case on its merits, [is] not res judicata as to a subsequent action by the plaintiff on the same claim." Haliburton v. Riley, 589 S.W.2d 821, 822 (Tex. Ct. App. 1979); see also Cass Cnty. v. Rambo, 143 S.W.2d 916, 920 (Tex. 1940) (holding that an agreement to dismiss a case that "amounted only to an agreement to dismiss the cause, and did not constitute a compromise and settlement of the merits of the cause of action" was not claim preclusive); Stubbs v. Patterson Dental Lab'ys, 573 S.W.2d 274, 277 (Tex. Ct. App. 1978) (distinguishing cases in which the parties dismiss a case "pursuant to a settlement of the controversy" and ones in which they dismiss for other reasons and concluding that only the former type of dismissal counts as a judgment "on the merits"). Importantly, the distinction between these two forms of voluntary dismissal has effect even when the dismissal is entered "with prejudice." See, e.g., Stubbs, 573 S.W.2d at 277 (concluding that the inclusion of the words "with prejudice" does not make a stipulated dismissal a final determination on the merits, so long as the parties did not "enter[] into a compromise and settlement of the first case"); Haliburton, 589 S.W.2d at 822 (same); Duncanson v. Parke, Davis, & Co., 1981 Tex. App. LEXIS 3801, at *5 (Tex. App. Ct. June 12, 1981) ("We believe the law in Texas to be firmly established that the voluntary dismissal of a suit by plaintiff, prior to its determination on the merits, and without agreement, compromise or settlement with defendant, despite language in the order of dismissal that the suit is dismissed 'with prejudice,' does not bar a subsequent suit under the theory of res judicata." (cleaned up)); Wibbenmeyer v. TechTerra Commc'ns, Inc., 2010 Tex. App. LEXIS 2203, at *28 n.6 (Tex. Ct. App. Mar. 26, 2010) ("A voluntary dismissal 'with prejudice' does not have res judicata effect unless the trial court renders judgment dismissing the claims on their merits, as occurs

when a court renders judgment dismissing a suit pursuant to a settlement agreement.").[4]

Here, it is evident that the stipulated dismissal with prejudice in Petitta's MDL case was simply "an agreement to dismiss." Haliburton, 589 S.W.2d at 822. The dismissal was prompted by 3M's communication to Petitta's attorneys that his two cases appeared "duplicative" and its request that they address the matter. As a result of this request, Petitta agreed to proceed in Texas state court only and to dismiss his MDL action. 3M and Petitta drafted the stipulation and filed it with the MDL court; and the parties proceeded to litigate in Texas state court for the following two years, before 3M raised the issue of claim preclusion with either court. 3M and Petitta never settled the MDL claims, and their conduct leading up to and following the stipulated dismissal clearly indicates that they did not understand the dismissal to be a resolution of Petitta's claims on the merits. Accordingly, regardless of the inclusion

---

[4]We recognize that some Texas cases suggest that a dismissal with prejudice is necessarily a final judgment on the merits, without consideration of the parties' motives in pursuing the dismissal. See, e.g., Harris Cnty v. Gambichler, 479 S.W.3d 514, 516 (Tex. Ct. App. 2015) ("When a claim is dismissed with prejudice, a subsequent suit based on that claim is barred by the doctrine of res judicata."); Rodriguez v. Icon Benefit Adm'rs, Inc., 269 S.W.3d 172, 173 (Tex. Ct. App. 2008) (per curiam) (concluding that, because a dismissal was with prejudice, "the determination became final for purposes of applying the doctrine of res judicata"). Even so, these cases did not involve situations like the one here, where the parties agreed to a dismissal with prejudice without settling the dismissed case, and at most they indicate that this is an unsettled area of Texas law. For the purposes of the relitigation exception, "close cases have easy answers: The federal court should not issue an injunction, and the state court should decide the preclusion question." Bayer, 564 U.S. at 318; see also Atl. Coast Line R.R. Co. v. Brotherhood of Locomotive Eng'rs, 398 U.S. 281, 297 (1970) ("Any doubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state courts to proceed in an orderly fashion to finally determine the controversy.").

of the phrase "with prejudice," the stipulated dismissal in Petitta's MDL case is not a final judgment on the merits. As such, his claims in Texas state court are not precluded under Texas law.

Because Petitta's state law claims were not "previously . . . presented to and decided by the federal court," Bayer, 564 U.S. at 306 (quoting Chick Kam Choo, 486 U.S. at 147), the relitigation exception of the Anti-Injunction Act has no effect here. We vacate the district court's injunction.

_____