# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

IN RE: BAIR HUGGER FORCED AIR WARMING
DEVICES PRODUCTS LIABILITY LITIGATION                MDL No. 2666

## TRANSFER ORDER

**Before the Panel:** Plaintiffs and defendants 3M Company and Arizant Healthcare Inc. move jointly under 28 U.S.C. § 1407(c) to transfer the Western District of Oklahoma *Giles* action listed on Schedule A to the District of Minnesota for inclusion in MDL No. 2666. The motion is unopposed.

The *Giles* action first was noticed as a related action some six months ago, and was transferred to the MDL on July 20, 2022, without opposition. After transfer, however, the transferee judge found that she was disqualified from presiding over the action under 28 U.S.C. § 455(b)(4). The court therefore issued a suggestion of remand on July 28, 2022, and the action was remanded to the Western District of Oklahoma on August 9, 2022. After remand to the transferor court, plaintiffs on September 21, 2022, voluntarily dismissed defendants Johnson & Johnson and Ethicon, Inc., without prejudice. On October 21, 2022, plaintiffs, 3M, and Arizant jointly filed the motion for transfer now before the Panel.

After considering the argument of counsel, we find that the action listed on Schedule A involves common questions of fact with the actions transferred to MDL No. 2666, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Like the actions in the MDL, *Giles* involves allegations that plaintiffs or their decedents suffered injuries caused by Bair Hugger warming blankets used during their surgeries. *See In re Bair Hugger Forced Air Warming Devices Prods. Liab. Litig.*, 148 F. Supp. 3d 1383, 1384 (J.P.M.L. 2015) (centralizing actions involving allegations that "plaintiffs developed serious infections during their orthopedic surgeries due to the introduction of contaminants into their open wounds as a result of the use of a Bair Hugger Forced Air Warming system"). As the conflict that required recusal appears to have been eliminated and seems unlikely to recur, we conclude that transfer now is appropriate.

- 2 -

IT IS THEREFORE ORDERED that the action listed on Schedule A is transferred to the District of Minnesota and, with the consent of that court, assigned to the Honorable Joan N. Ericksen for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

| | |
|---|---|
| Nathaniel M. Gorton | Matthew F. Kennelly |
| David C. Norton | Roger T. Benitez |
| Dale A. Kimball | Madeline Cox Arleo |

**IN RE: BAIR HUGGER FORCED AIR WARMING
DEVICES PRODUCTS LIABILITY LITIGATION**               MDL No. 2666

**SCHEDULE A**

<u>Western District of Oklahoma</u>

GILES, ET AL. v. 3M COMPANY, ET AL., C.A. No. 5:22-00690