# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE: Bair Hugger Forced Air Warming Products Liability Litigation | MDL No. 15-2666 (JNE/FLN) |
| **PLAINTIFF**<br><br>**RAYMOND PERRY**<br><br>VS.<br><br>**3M COMPANY AND ARIZANT HEALTHCARE, INC.** | **MASTER SHORT FORM COMPLAINT AND JURY TRIAL DEMAND** |

1.  Plaintiff, Raymond Perry, states and brings this civil action in MDL No. 15-2666, entitled *In Re: Bair Hugger Forced Air Warming Products Liability Litigation*. Plaintiff is filing this Short Form Complaint as permitted by Pretrial Order #8 of this Court.

## PARTIES, JURISDICTION AND VENUE

2.  Plaintiff, Raymond Perry, is a resident and citizen of the State of Louisiana and claims damages as set forth below.

3.  Jurisdiction is proper based upon diversity of Citizenship.

4.  Proper Venue: The District Court in which remand trial is proper and where this Complaint would have been filed absent the direct filing order by this Court is the District of Minnesota.

5.  Plaintiff brings this action on behalf of himself.

**FACTUAL ALLEGATIONS**

6. On or about June 8, 2021, Plaintiff underwent surgery during which the Bair Hugger Forced Air Warming system (hereinafter "Bair Hugger") was used during the course and scope of his left total knee arthroplasty ("TKA") at Abbeville General Hospital, in Abbeville, Louisiana, by Dr. Seth Rosenzweing.

7. Contaminants introduced into Plaintiff's open surgical wound as a direct and proximate result of use of the Bair Hugger during the subject surgery resulted in Plaintiff developing a periprosthetic joint infection ("PJI"), also known as a deep joint infection ("DJI"). The Pathogen was not identified.

8. As a result of Plaintiff's infection caused by the Bair Hugger, Plaintiff underwent corrective surgery on August 8, 2021, where the implant was removed, cleaned, and immediately reinserted during the corrective surgery at Abbeville General Hospital in Abbeville, Louisiana.

**ALLEGATIONS AS TO INJURIES**

9. (a) Plaintiff claims damages as a result of:

__X__    INJURY TO HERSELF/HIMSELF

_____    INJURY TO THE PERSON REPRESENTED

_____    WRONGFUL DEATH

_____    SURVIVORSHIP ACTION

__X__    ECONOMIC LOSS

2

(b) Defendants, by their actions or inactions, proximately caused the injuries to Plaintiff.

**DEFENDANT-SPECIFIC ALLEGATIONS AND THEORIES OF RECOVERY**

10. The following claims and allegations are asserted by Plaintiff and are herein adopted by reference:

__X__     FIRST CAUSE OF ACTION - NEGLIGENCE;

__X__     SECOND CAUSE OF ACTION - STRICT LIABILITY;

    __X__     FAILURE TO WARN

    __X__     DEFECTIVE DESIGN AND MANUFACTURE

__X__     THIRD CAUSE OF ACTION – BREACH OF EXPRESS WARRANTY;

__X__     FOURTH CAUSE OF ACTION- BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY LAW OF THE STATE OF LOUISIANA, LA. C.C. ART. § 2520, et seq.;

__X__     FIFTH CAUSE OF ACTION- VIOLATION OF THE MINNESOTA PREVENTION OF CONSUMER FRAUD ACT;

__X__     SIXTH CAUSE OF ACTION – VIOLATION OF THE MINNESOTA DECEPTIVE TRADE PRACTICES ACT;

__X__     SEVENTH CAUSE OF ACTION- VIOLATION OF THE MINNESOTA UNLAWFUL TRADE PRACTICES ACT;

__X__     EIGHTH CAUSE OF ACTION- VIOLATION OF THE MINNESOTA FALSE ADVERTISING ACT;

| | |
|---|---|
| __X__ | NINTH CAUSE OF ACTION- CONSUMER FRAUD AND/OR UNFAIR AND DECEPTIVE TRADE PRACTICES UNDER LAW OF THE STATE OF LOUISIANA, LA. R.S. § 51:1401, et seq.; |
| __X__ | TENTH CAUSE OF ACTION – NEGLIGENT MISREPRESENTATION; |
| __X__ | ELEVENTH CAUSE OF ACTION- FRAUDULENT MISREPRESENTATION; |
| __X__ | TWELFTH CAUSE OF ACTION – FRAUDULENT CONCEALMENT; |
| _____ | THIRTEENTH CAUSE OF ACTION – LOSS OF CONSORTIUM; and |
| __X__ | FOURTEENTH CAUSE OF ACTION – UNJUST ENRICHMENT. |

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. For compensatory damages;

2. Pre-judgment and post-judgment interest;

3. Statutory damages and relief of the state whose laws will govern this action;

4. Costs and expenses of this litigation;

5. Reasonable attorneys' fees and costs as provided by law;

6. Equitable relief in the nature of disgorgement;

7. Restitution of remedy Defendants' unjust enrichment; and

4

8. All other relief as the Court deems necessary, just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff hereby demands a trial by jury as to all claims in Complaint so triable.

Dated: February 21, 2023

    Respectfully submitted,

    HODGES & FOTY, LLP
    By: /s/ David W. Hodges
    David W. Hodges
    dhodges@kennedyhodges.com
    2 Greenway Plaza, Suite 250
    Houston, TX 77046
    Telephone: (713) 523-0001
    Facsimile: (713) 523-1116

    ATTORNEYS FOR PLAINTIFF