# PX12

```
 1                    UNITED STATES DISTRICT COURT

 2                       DISTRICT OF MINNESOTA

 3     ----------------------------------------------------------
                                  )
 4                                )
       Louis Gareis and Lillian   )   VOLUME II
 5     Gareis,                    )
                      Plaintiff, )    File No. 16-CV-4187
 6      v.                        )   (JNE/FLN)
                                  )
 7     3M Company and Arizant     )   May 16, 2018
       Healthcare, Inc.,          )   Minneapolis, Minnesota
 8                                )   Courtroom 12W
                      Defendant.  )   9:11 a.m.
 9                                )
                                  )
10     ----------------------------------------------------------

11                BEFORE THE HONORABLE JOAN N. ERICKSEN
                  UNITED STATES DISTRICT COURT JUDGE
12
                       (JURY TRIAL - VOLUME II)
13
       APPEARANCES
14
       FOR THE PLAINTIFFS:
15                                    MESHBESHER & SPENCE
                                      Genevieve M. Zimmerman
16                                    1616 Park Avenue
                                      Minneapolis, MN  55404
17
                                      CIRESI CONLIN
18                                    Michael Ciresi
                                      Jan Conlin
19                                    225 South 6th Street
                                      Suite 4600
20                                    Minneapolis, MN

21                                    KASTER LYNCH FARRAR & BALL, LLP
                                      Kyle Farrar
22                                    1010 Lamar, Suite 1600
                                      Houston, TX  77002
23
                                      KENNEDY HODGES, LLP
24                                    Gabriel Assaad
                                      4409 Montrose Blvd
25                                    Suite 200
                                      Houston, TX 77006
```

MARIA V. WEINBECK, RMR-FCRR
(612) 664-5109

| | |
|---|---|
| 1 | Q. Do you recognize this article? |
| 2 | A. Yes, sir. |
| 3 | Q. Is the publication something that you rely upon? |
| 4 | A. It's one of the things I looked at, yes, sir. |
| 5 | Q. You found it authoritative? |
| 6 | A. Yes. |
| 7 | Q. Is this something you relied upon in helping form your |
| 8 | opinions in this case? |
| 9 | A. Yes, sir. |
| 10 | MR. FARRAR: Your Honor, we would ask to publish |
| 11 | this article to the jury please. |
| 12 | MS. PRUITT: No objection. |
| 13 | THE COURT: Absent objection, you may proceed. |
| 14 | BY MR. FARRAR: |
| 15 | Q. Tell me what this article is? |
| 16 | MS. PRUITT: Excuse me, Your Honor, I'm assuming |
| 17 | this is a learned treatise, so we're treating it as a |
| 18 | learned treatise, are we not? |
| 19 | THE COURT: Right, and so when you said "publish," |
| 20 | I thought you meant read because, of course, it can't be |
| 21 | received as an exhibit or shown, but it can be read. So |
| 22 | when you said "publish," I thought you were going to read |
| 23 | it. I was surprised to see it go up. So consistent with |
| 24 | Federal Rule of Evidence 803(18), you may proceed. |
| 25 | MR. FARRAR: And, Your Honor, I want to make sure |

1    that I'm not going aground of either an objection or the
2    Court's rule.  I would like to publish it on the screen and
3    read it.  It's not going into evidence.
4          THE COURT:  No, you may not put it on the screen.
5    BY MR. FARRAR:
6    Q.  Okay.  Can you tell us what the article is?
7    A.  It's basically in a nutshell an article about
8    infections, early, delayed, and late infections, and by
9    their diagnosis, it talks about biofilms and the whole, the
10   whole -- basically, it's a nice synopsis of the issues of
11   infection and biofilms and when they're diagnosed.
12   Q.  Are you familiar with the different categories of deep
13   joint infections in terms of when the onset of symptoms
14   comes?
15   A.  Yes, sir.  So there's early, delayed, and late is what a
16   lot of people use terminology.
17   Q.  And what is early?
18   A.  Early is in, within the first three months.
19   Q.  What is delayed?
20   A.  Delayed is within three to 24 months.
21   Q.  And what was the last one, late?
22   A.  Late.
23   Q.  What is late?
24   A.  After 24 months.
25   Q.  Now, when you're talking about the number of months, if

1  and with the admonishment that it be read by not received by
2  the jury.
3           MS. CONLIN:  I apologize.  I think I don't have
4  the rule with me, but I think in the notes it talks about
5  whether you can publish or not.  Certainly 3M during their
6  examination of Al Van Duren published a number of studies to
7  him.  They went up on the screen and the jury saw them.  I
8  would just ask to be able to do the same with Dr. Jarvis.
9           THE COURT:  703 is about what an expert can rely
10 on.
11          MS. CONLIN:  Right.
12          THE COURT:  I'll give you a copy of 703.  It
13 doesn't say anything about publishing.
14          MS. CONLIN:  And, in fact, it was during Mr. Van
15 Duren's testimony where they put up a number of studies,
16 Moretti and others, and published those to the jury.
17          MR. BLACKWELL:  Your Honor, there was no objection
18 to those.  It was following the plaintiff's --
19          THE COURT:  I don't need all this argument.
20          MS. CONLIN:  I apologize, Your Honor.  It's one
21 day in court I didn't bring the rules.  If you would like,
22 Your Honor, I can send something over to the Court, but I do
23 believe that -- and to be fair, my recollection is it's
24 within the Court's discretion whether to decide whether to
25 allow publication to the jury or not.