# PX22

```
 1                    UNITED STATES DISTRICT COURT

 2                        DISTRICT OF MINNESOTA

 3   ---------------------------------------------------------------
                                      )
 4                                    )
      In Re:  Bair Hugger Forced Air  )  File No. 15-MD-2666
 5    Warming Devices Products        )  (JNE/DTS)
      Liability Litigation            )
 6                                    )  June 12, 2019
                                      )  Minneapolis, Minnesota
 7                                    )  Courtroom 12W
                                      )  9:30 a.m.
 8                                    )
                                      )
 9   ---------------------------------------------------------------

10              BEFORE THE HONORABLE JOAN N. ERICKSEN
                 UNITED STATES DISTRICT COURT JUDGE
11
                            (MOTIONS HEARING)
12
     APPEARANCES
13
     FOR THE PLAINTIFFS:          MESHBESHER & SPENCE LTD.
14                                Genevieve M. Zimmerman
                                  1616 Park Avenue
15                                Minneapolis, MN  55404

16                                CIRESI CONLIN
                                  Michael Sacchet
17                                Jan Conlin
                                  Michael Ciresi
18                                225 South 6th Street
                                  Suite 4600
19                                Minneapolis, MN

20                                KENNEDY HODGES, LLP
                                  Gabriel Assaad
21                                4409 Montrose Blvd
                                  Suite 200
22                                Houston, TX  77006

23                                PRITZKER HAGEMAN, P.A.
                                  David Szerlag
24                                45 South 7th Street, #2950
                                  Minneapolis, MN  55402-1652
25
              (Appearances continued next page:)
```

MARIA V. WEINBECK, RMR-FCRR
(612) 664-5109

1   that plaintiffs need definitive or absolute proof.

2        3M also never mentions that when there is
3   conflicting expert testimony, that that precise conflict
4   goes to the jury not to the District Court.  3M does
5   acknowledge as it should based on a long line of authority
6   that only where an expert opinion is so fundamentally
7   unsupported, so fundamentally unsupported that it could
8   offer absolutely no assistance to the jury, only then should
9   it be excluded and indeed 3M was a party to the *Wood v. 3M*
10  case in which the Eighth Circuit made that statement, which
11  dates back to *Loudermill* all the way up to this Court's
12  December 13, 2017, Order acknowledging that that is the
13  appropriate standard.

14       3M is asking this Court to resolve disputes about
15  expert testimony in its favor, which is contrary to black
16  letter authority that says it is an abuse of discretion to
17  do that, and that's exactly what the Eighth Circuit held in
18  *Johnson*.

19       All of the cases that 3M cites are inapposite.  3M
20  hinges its legal argument in its paper and even today on the
21  Supreme Court's decision in *General Electric v. Joiner* where
22  Justice Rehnquist upheld the district court's decision
23  excluding the plaintiffs' expert testimony.  In that case,
24  the plaintiff alleged that his exposure to particular types
25  of PCBs caused a particular type of lung cancer that he

1   the other evidence, and if a mechanism can support an
2   association whether or not there is an association there,
3   they can still do causal inference.  And that's at footnote
4   180 of the Reference Manual says, "even in the absence of
5   epidemiologic studies, there can still be general
6   causation."  That's why the Eighth Circuit said it in
7   *Bonner*.  That's why the Eighth Circuit said it in
8   *Glastetter*.  That's what the District Court in *Viagra* said.
9   That's why no Court has ever concluded and even Reed an
10  epidemiologic or statistically significant association to do
11  causal inference.
12          THE COURT:  To the extent the study is to be used
13  at all, mustn't there be a count taken of the confounders?
14          MR. SACCHET:  So two responses.  One, there is no
15  a priori basis in any of the scientific literature to
16  suggest that the particular types of antithrombotic and
17  antibiotic that were used in the McGovern study confound
18  deep joint infection rates, and I can go into that more
19  deeply in a second.
20          But, second, even assuming arguendo that there
21  were confounders, this Court's Order citing *Johnson* made
22  clear that an expert need not account for every possible
23  explanation for the cause of an outcome, and indeed every
24  single MDL court said the same thing.
25          Judge Rogers, for example, in the *Abilify* decision