## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| In re Bair Hugger Forced Air Warming Devices Products Liability Litigation | MDL No. 15-2666 (JNE/DTS) |
| This Document Relates To: ALL ACTIONS | **DECLARATION OF GENEVIEVE M. ZIMMERMAN IN SUPPORT OF MOTION TO DISQUALIFY JUDGE ERICKSEN AND MAGISTRATE JUDGE SCHULTZ** |

1. My name is Genevieve M. Zimmerman and I am a Partner and Shareholder at Meshbesher & Spence, Ltd. I am a member of the Court-appointed Co-Lead Counsel in the above-entitled matter.

2. I submit this declaration in support of Plaintiffs' Motion to Disqualify Judge Ericksen and Magistrate Judge Schultz. Unless otherwise stated, the facts set forth herein are based upon my personal knowledge, information, and belief.

3. Although it is not possible to enumerate each and every example, I have observed Judge Ericksen's animus toward Plaintiffs and Plaintiffs' counsel both on and off the record during the course of this MDL. For example, following closing arguments in *Gareis*, the Court brought counsel back to chambers while the jury deliberated; Judge Ericksen made disparaging remarks regarding Plaintiff's trial team. The tone and substance of that meeting was troubling and unprofessional.

4. Upon information and belief, Fred Morris was hired as Judge Ericksen's temporary law clerk circa April 2019.

5.      Upon information and belief, Fred Morris concluded his term as Judge Ericksen's temporary law clerk after the reconsideration decision was issued.

6.      It was not until September 22, 2022, at the deposition of Dr. Andrew Chen in *O'Haver v. 3M Co., et al.*, that Plaintiffs discovered Judge Schultz's wife's connection to this MDL. Before that time, Plaintiffs' counsel did not realize that Trudi Trysla, bearing a different last name, was Judge Schultz's wife.

7.      It was not until February 24, 2023, that Plaintiffs discovered Judge Schultz's financial disclosures. Before that time, Plaintiffs had taken Judge Schultz at his word, relying on his report at the December 17, 2021 status conference and his December 22, 2021 disclosure. *See* Dkt. 2161. Even if Plaintiffs' counsel had attempted to verify Judge Schultz's disclosure at that time, his annual disclosures are not publicly available via the U.S. Court's Judiciary Financial Disclosure Reports database.

8.      On or around February 24, 2023, Plaintiffs' counsel learned that the Free Law Project collects some federal judges' financial reports via the Court Listener Judicial Financial Disclosures Database. There, Plaintiffs discovered, for the first time, that Judge Schultz's 2016 to 2019 Financial Disclosure Reports are available online, confirming his knowledge of his ownership of 3M stock during this litigation.

9.      Judge Ericksen never required 3M to produce a Defendant Fact Sheet in this litigation. Based on my involvement in numerous other MDLs in the past 20 years, this is a drastic departure from any modern MDL. Indeed, I've inquired of colleagues and not one is able to point to any other MDL where no Defendant Fact Sheet was permitted or required.

10. By contrast, Judge Ericksen required each Plaintiff to produce individual fact sheets and updates to the same, numbering in the thousands.

11. By mid-March 2023, the parties' efforts at mediation reached an impasse. At the March 17, 2023 status conference, both parties sought to resume litigation in this MDL in tandem with participating in another round of Court ordered mediation.

12. Indeed, I've been contacted by members of the legal press, one of whom noted in over two decades of covering MDLs, the status of the Bair Hugger MDL "stands out as among the most usual."

13. Attached hereto as PX25 is a true and correct copy of *Meet Fairview's Leadership*, Fairview Health Servs., https://stcr-prd-cd.fairview.org/about/leadership-team.

14. Attached hereto as PX26 is a true and correct copy of an email thread from J. Will to Trysla, T., et al., dated October 14, 2015, bearing Bates Nos. 3MBH02272887-3MBH02272888, filed under seal.

15. Attached hereto as PX27 is a true and correct copy of excerpts from the May 16, 2022 deposition transcript of Dr. John P. Abraham in *O'Haver v. Anesthesia Assocs. of Kansas City, P.C., et al.*, Case No. 1816-cv-30710 (Jackson Cnty., Mo.).

16. Attached hereto as PX28 is a true and correct copy of excerpts from the July 20, 2017 deposition transcript of Dr. John P. Abraham.

17. Attached hereto as PX29 is a true and correct copy of *The Importance of Patient Warming*, 3M, https://www.3m.com/3M/en_US/medical-us/solutions/fawfacts/#fact-check.

18. Attached hereto as PX30 is a true and correct copy of the expert report of Dr. John P. Abraham in *O'Haver*, dated May 2, 2022, filed under seal.

19. Attached hereto as PX31 is a true and correct copy of excerpts from the September 22, 2022 deposition transcript of Dr. Andrew Chen in *O'Haver*.

20. Attached hereto as PX32 is a true and correct copy of 3M Internal Correspondence from D. Eaton, et al., dated October 15, 2015, bearing Bates Nos. Wagner00000013 – Wagner00000029, filed under seal.

21. I declare under penalty of perjury that the foregoing is true and correct.

Dated: April 11, 2023

Respectfully submitted,

MESHBESHER & SPENCE, LTD.

/s/ Genevieve M. Zimmerman
Genevieve M. Zimmerman (MN #330292)
1616 Park Avenue South
Minneapolis, MN 55404
Phone: (612) 339-9121
Fax: (612) 339-9188
Email: gzimmerman@meshbesher.com

*Co-Lead Counsel for Plaintiffs*