UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re Bair Hugger Forced Air Warming Devices Products Liability Litigation | MDL No. 15-2666 (JNE/DTS) |
| This Document Relates To:<br>ALL ACTIONS | **PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION FOR REASSIGNMENT OF PLAINTIFFS' MOTION TO DISQUALIFY JUDGE ERICKSEN AND MAGISTRATE JUDGE SCHULTZ** |

Plaintiffs' motion to disqualify Judge Ericksen and Magistrate Judge Schultz calls into question their actual biases or appearance thereof. Plaintiffs respectfully request reassignment of their motion to provide them with "a fair and impartial judicial forum" and the public with "the appearance of fairness and impartiality." *See United States v. Singer*, 575 F.Supp. 63, 68 (D. Minn. 1983). Referring the motion to a disinterested jurist is not only pragmatic but prudent.

The disqualification statute, 28 U.S.C. § 455, "is silent on procedure." Wright & Miller, *Fed. Prac. & Proc. Juris.* § 3550 (3d ed.). It says nothing about disqualification motions, let alone their referral. Nor do the District of Minnesota Local Rules. Because section 455 does not foreclose the referral of disqualification motions to disinterested judges, the Court "may … transfer the matter to another judge for decision." *Id.* This Court's standing Order for Assignment of Cases endorses that procedure. *See* D. Minn. July 19, 2021 Order for Assignment of Cases, ¶ 1.c.i (Tunheim, J.), https://bit.ly/40MSawB ("After an active or senior district judge receives a case assignment, that judge must preside

over that case until it is closed, unless … the judge obtains the Chief Judge's approval to have the case reassigned or to have another judge handle a portion of the case."); *see also id.* ¶ 10 (providing for the Chief Judge to address other "case assignment issue[s]").

Consistent with its standing Order, this Court recently concluded that "the law does not … preclude a judge from referring a motion seeking his disqualification to another judge for decision." *Thomas v. Wells Fargo Bank, N.A.*, 2021 WL 7286086, at *1 n.1 (D. Minn. Apr. 6, 2021). "If the issue of the judge recusing herself arises … the judge may— at her option—transfer the matter to another judge for decision." *Id.* (citation and internal quotation marks omitted). This is not an uncommon practice in this District or beyond. *See, e.g.*, *In re RFC & Rescap Liquidating Tr. Litig.*, No. 13-cv-3451 (SRN/HB), Dkt. 1978 (D. Minn. Oct. 31, 2016).[1] In fact, this Court has routinely adjudicated motions to disqualify

---

[1] *See, e.g.*, *United States v. Grinnell Corp.*, 384 U.S. 563, 582 n.13 (1966) (noting judge's decision to "refer[] the question of his disqualification" to another judge); *Azam v. Brown*, 714 F.App'x 663, 665 (9th Cir. 2017) ("It was not error for a different district judge to adjudicate the disqualification motion because 28 U.S.C. § 455 does not preclude independent review by another district judge."); *In re BellSouth Corp.*, 334 F.3d 941, 949-50 (11th Cir. 2003) (approving "order directing that the motion to disqualify be transferred to another judge"); *In re United States*, 158 F.3d 26, 34 & n.6 (1st Cir. 1998) ("[A] trial judge faced with a section 455(a) disqualification motion may, in her discretion, leave the motion to a different judge."); *Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 456-58 & n.6-7 (5th Cir. 1996) (commending "prudent" decision to "refer[] the recusal issue to the chief judge to appoint a disinterested judge to decide it"); *United States v. Heldt*, 668 F.2d 1238, 1271 (D.C. Cir. 1981) ("The trial court may, of course, at its option transfer the [section 455] matter to another judge for decision."); *Purdy v. Nebraska*, 2023 WL 185482, at *1 (D. Neb. Jan. 13, 2023); *Pederson v. John Deere Elec. Sols.*, 2022 WL 17968693, at *2 (D.N.D. Dec. 9, 2022); *Tyler v. Physicians Mut.*, 2022 WL 1310905, at *1 (D. Neb. Mar. 25, 2022); *Buttercase v. Frakes*, 2019 WL 2513678, at *1 (D. Neb. June 18, 2019); *Shuler v. Duke*, 2018 WL 2445684, at *1 (N.D. Ala. May 31, 2018); *Luna v. Sears Life Ins. Co.*, 2007 WL 9776705, at *1 (S.D. Cal. Mar. 7, 2007); *United States v. Craig*, 853 F.Supp. 1413, 1414-15 (S.D. Fla. 1994); *Huff v. Standard Life Ins. Co.*, 643 F.Supp. 705, 707 (S.D. Fla. 1986);

2

its colleagues, even without a motion for reassignment or formal referral. *See, e.g.*, *Willis v. Brandt*, 2012 WL 6644240, at *1-2 (D. Minn. Dec. 20, 2012) (Ericksen, J.).[2]

Reassignment is consistent with "the due process maxim that 'no man can be a judge in his own case.'" *Cf. Williams v. Pennsylvania*, 579 U.S. 1, 8-9 (2016).[3] It also facilitates the section 455(a) inquiry, as "[a]nother judge can … more easily evaluate the matter from the viewpoint of the neutral 'reasonable man.'" *Bradley*, 426 F.Supp. at 942. Indeed, "judges are often thought to be biased and prejudiced, but rarely are they conscious of any

---

*Bradley v. Milliken*, 426 F.Supp. 929, 942 & n.12 (E.D. Mich. 1977); *United States v. Zagari*, 419 F.Supp. 494, 497-99 (N.D. Cal. 1976).

[2] *See also, e.g.*, *Thomas*, 2021 WL 7286086, at *1 & n.1 (Tostrud, J.); *Fuller v. Hafoka*, 2020 WL 6731681, at *1 (D. Minn. Oct. 14, 2020) (Schiltz, J.); *Jones v. Hennepin Cnty. Med. Ctr.*, 2020 WL 4559425, at *1 (D. Minn. Aug. 7, 2020) (Magnuson, J.); *Jackson v. Wells Fargo of Plaza Servs. LLC*, 2019 WL 6490833, at *1 (D. Minn. Dec. 3, 2019) (Brasel, J.); *Jackson v. Ossell*, 2019 WL 2137368, at *2-3 (D. Minn. May 16, 2019) (Tunheim, J.); *United States v. Andrews*, 381 F.Supp.3d 1044, 1057 (D. Minn. May 8, 2019) (Nelson, J.); *Grover-Tsimi v. Minnesota*, 2010 WL 760400, at *2 (D. Minn. Mar. 3, 2010) (Schiltz, J.); *Opsahl v. Jaimet*, 2010 WL 419959, at *1 (D. Minn. Jan. 29, 2010) (Doty, J.); *Singer*, 575 F.Supp. at 66-68 (Murphy, J.).

[3] *See, e.g.*, Charles G. Geyh, Fed. Jud. Ctr., *Judicial Disqualification: An Analysis of Federal Law* 78 (2d ed. 2010), https://bit.ly/3JQaK0Z ("In a statutory scheme so committed to the appearance of impartial justice … it is curious that the task of deciding whether a judge is (or appears to be) too biased or conflicted to decide a matter fairly is left to the judge who is allegedly too biased or conflicted to decide the matter fairly."); Note, *Disqualification of Federal Judges for Bias or Prejudice*, 46 Univ. Chi. L. Rev. 236, 265 (1978), https://bit.ly/3JrxDqo ("For some observers, a judge's evaluation of his own impartiality inevitably appears suspect."); Russell Wheeler & Malia Reddick, Institute for the Advancement of the Am. Legal Sys., *Judicial Recusal Procedures* 5-6 (2017), https://bit.ly/3YXBYY4 ("Allowing the judge who is the subject of the recusal motion to make a dispositive decision denying that motion flies in the face of the oft-invoked, age-old proposition that no person should be a judge in his own case. … [J]udges shouldn't grade their own homework."); Matthew Menendez & Dorothy Samuels, Brennan Ctr. for Just., *Judicial Recusal Reform: Toward Independent Consideration of Disqualification* 4 (2016), http://bit.ly/40lgBAQ (discussing the "bias blind spot").

3

bias or prejudice, and if interrogated under oath would disclaim any such condition of mind." *Clark v. United States*, 61 F.2d 695, 716 (8th Cir. 1932); *accord Williams*, 579 U.S. at 8 ("Bias is easy to attribute to others and difficult to discern in oneself."). Reassignment is therefore "the better procedure," furthering "the goal of a disqualification system that operates—and appears to operate—fairly." *E.g.*, Note, *Disqualification of Federal Judges for Bias or Prejudice*, 46 Univ. Chi. L. Rev. 236, 266-67 (1978); *see also* Wheeler & Reddick, *supra* note 3, at 5-7; Menendez & Samuels, *supra* note 3, at 2, 4-9.

Plaintiffs' disqualification motion should be reassigned to a random jurist in this District, not a cherrypicked one. Reassignment "by blind draw," *Bradley*, 426 F.Supp. at 944, serves "the obvious, commonsensical and beneficial purpose of maintaining the public's confidence in the integrity of the judiciary," *cf. Grutter v. Bollinger*, 16 F.Supp.2d 797, 802 (E.D. Mich. 1998). Handpicking another judge to adjudicate Plaintiffs' motion, on the other hand, would "tarnish[] this [C]ourt's appearance of fairness." *See Grutter*, 16 F.Supp.2d at 802. This Court should therefore "refer[] the matter to the Clerk for reassignment" rather than "designate the judge to hear the disqualification motion." *See In re BellSouth Corp.*, 334 F.3d at 950; *see also* Order for Assignment of Cases, ¶¶ 1.b, 7.a.

Given the gravity of Plaintiffs' disqualification motion, reassignment to a disinterested judge is "practical," *Huff*, 643 F.Supp. at 707, and "prudent," *Doddy*, 101 F.3d at 458 n.7, if not "essential," *Bradley*, 426 F.Supp. at 942. Without random reassignment, the paramount policy purpose underlying the disqualification statute—that "courts must not only be, but must seem to be, free of bias or prejudice"—is in jeopardy. *See In re United States*, 158 F.3d at 30. Plaintiffs therefore respectfully request that the Court grant their

4

motion for reassignment and refer their disqualification motion to the Clerk's Office for random reassignment to a disinterested judge.

Dated: April 11, 2023

Respectfully submitted,

CIRESI CONLIN L.L.P.

/s/ Michael V. Ciresi
Michael V. Ciresi (MN #0016949)
Jan M. Conlin (MN #0192697)
Michael A. Sacchet (MN #0395817)
225 S. 6th St., Suite 4600
Minneapolis, MN 55402
Phone: (612) 361-8202

MESHBESHER & SPENCE LTD.

/s/ Genevieve M. Zimmerman
Genevieve M. Zimmerman (MN #330292)
1616 Park Avenue South
Minneapolis, MN 55404
Phone: (612) 339-9121

LEVIN PAPANTONIO, P.A.

/s/ Ben W. Gordon
Ben W. Gordon (Pro Hac Vice)
J. Michael Papantonio (Pro Hac Vice)
316 S. Baylen Street, Suite 600
Pensacola, FL 32502-5996
Phone: (850) 435-7090

*Co-Lead Counsel for Plaintiffs*

PRITZKER HAGEMAN, P.A.

/s/ David J. Szerlag
David J. Szerlag (MN #034476X)
100 University Ave. SE
Minneapolis, MN 55414

5

Phone: (612) 338-0202

*Liaison Counsel for Plaintiffs*

MCDONALD WORLEY

/s/ Gabriel Assaad
Gabriel Assaad (Pro Hac Vice)
1770 St. James Place, Suite 100
Houston, TX 77056
Phone: (281) 623-1906

FARRAR & BALL, LLP

/s/ Kyle W. Farrar
Kyle W. Farrar (MN #0397942)
1117 Herkimer St.
Houston, TX 77008
Phone: (713) 221-8300

*Counsel for Plaintiffs*