# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| In re Bair Hugger Forced Air Warming Devices Products Liability Litigation | MDL No. 15-2666 (JNE/DTS) |
| This Document Relates To:<br>ALL ACTIONS | |

## PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION TO DISQUALIFY MAGISTRATE JUDGE SCHULTZ
## (REDACTED FOR PUBLIC FILING)

# INTRODUCTION

In addition to the reasons articulated in Plaintiffs' Memorandum in Support of Plaintiffs' Motion to Disqualify, Judge Schultz should be disqualified as his attorney wife assisted 3M in testing the very product at issue – the Bair Hugger – ███████████ ███. The assistance mandates disqualification because she was "acting as a lawyer in the proceeding" or is "likely to be a material witness in the proceeding." 28 U.S.C. § 455(b)(5)(ii), (iv). Where a judge violates any of these restrictions or merely appears biased, the judge must immediately "disqualify himself." 28 U.S.C. § 455(a), (b).

Because the Ciresi Conlin firm believes the arguments regarding Judge Schultz's financial conflict is sufficient to mandate his recusal, the firm does not join in this additional argument.

# ARGUMENT

**I.        Judge Schultz should be disqualified under 28 U.S.C. § 455(a) and (b).**

Magistrate Judge Schultz's violations of section 455(a) and (b) demand disqualification. Judge Schultz breached section 455(b)(5)(ii) because his wife, an attorney, assisted 3M and its experts in testing the Bair Hugger during this litigation. Even if Judge Schultz's wife did not act as an attorney in this MDL—she did—she is necessarily a material witness, triggering another violation under section 455(b)(5)(iv). Her undeniable involvement in testing the product at issue, ███████████████████████████████, makes her a material witness under section 455(b)(5)(iv). At a bare minimum, the totality of this newly discovered evidence creates an appearance of bias under section 455(a)

2

requiring Judge Schultz's disqualification. This is especially true given his undisclosed knowledge about his financial conflict during the pendency of his role as magistrate judge.

### A. Judge Schultz's wife is either an attorney or a material witness in this MDL.

Before its amendment in 1974, section 455 did not mandate disqualification where a judge's relative appeared in the proceeding. *See, e.g.*, *Ex Parte McCardle,* 73 U.S. 318 (1868) (case presented by Justice Field's brother). Instead, the statute required disqualification only if the relationship would "render it improper, in [the judge's] opinion, for him to sit." 28 U.S.C. § 455 (1970). That changed when complaints percolated that this circular standard "made the judge himself the sole decider of … the relationships which would be improper." H.R. Rep. No. 93-1453 (1974), *as reprinted in* 1974 U.S.C.C.A.N. 6351, 6352. To cure that conundrum, section 455(b)(5)(ii) now requires disqualification where a judge's spouse "[i]s acting as a lawyer in the proceeding." 28 U.S.C. § 455(b)(5)(ii).

Congress defined "proceeding" broadly as "pretrial, trial, appellate review, or other stages of litigation." 28 U.S.C. § 455(d)(1). Given this expansive language, disqualification is required "whether or not [the judge's spouse] is enrolled as counsel." *McCuin v. Tex. Power & Light Co.*, 714 F.2d 1255, 1260 (5th Cir. 1983). As long as the spouse performs work for a party regarding the case, "[s]ection 455(b)(5)(ii) clearly requires disqualification." *Mangini v. United States*, 314 F.3d 1158, 1160-62 (9th Cir. 2003) (disqualifying judge because brother-in-law lawyer liaised with expert, even though brother-in-law never noticed his appearance); *see, e.g.*, *Christopher LaSalle & Co. v. Heller Fin., Inc.*, 1990 WL 171778, at *1 (N.D. Ill. Oct. 30, 1990). Even where a spouse

merely "participated in discovery" and never noticed her appearance, the spouse "acts as a lawyer" under section 455(b)(5)(ii). *See, e.g.*, *McCuin*, 714 F.2d at 1260.

Unfortunately, that occurred here. Judge Schultz's wife, Trudi Trysla, is General Counsel for Fairview Health Services.[1] It is also now clear that she ███████████ ███████████████████. *See* 28 U.S.C. § 455(d)(1); *see, e.g.*, *McCuin*, 714 F.2d at 1260; *Mangini*, 314 F.3d at 1160-62. One recently discovered 3M email reveals that she ████ ████████████████████████████ though the connection to Judge Schultz is inconspicuous given her different surname. *See* PX26 (3MBH02272887-88).[2]

████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████,
*e.g.*, PX27 (Abraham-5/16/22-Dep.-43:7-12); PX28 (Abraham-7/20/17-Dep.-143:12-23).

In fact, 3M continues to tout this testing on its misleading website as evidence that Bair

---

[1] *See, e.g.*, PX25 (Fairview, *Meet Fairview's Leadership*).

[2] This communication occurred during the litigation. *Compare* PX26 (3MBH02272887-88) (dated Oct. 10, 2015), *with In re Bair Hugger Forced Air Warming Devices Prods. Liab. Litig.*, MDL No. 2666, Dkt. 1 (JPML Aug. 21, 2015); 28 U.S.C. § 455(d)(1) (encompassing all "stages of litigation").

4

Hugger supposedly poses no infection risk to patients.³ *See also* PX28 (Abraham-7/20/17-Dep.-144:1-8); PX30 (Abraham-5/2/22-Rpt.-26-29).

But that's not all. The testing Judge Schultz's wife helped coordinate at Fairview enabled 3M engineer Dr. Chen to conduct ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. *E.g.*, PX31 (Chen-9/22/22-Dep.-122:6-24, 146:16-148:14); PX32 (Wagner00000013-29). ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, it is clear she acted as an attorney or agent for 3M.⁴ *See* Dkt. 1196 at 2 (finding emails regarding Fairview testing privileged because they "constitute[] [3M's] communications with counsel"). Of course, if she was a disinterested fact witness her involvement in the testing would destroy privilege. *Cf. id.* at 1-2.⁵

These facts are, no doubt, *sui generis*. But that is only because no case has confronted such bizarre and concerning circumstances. Under the plain language of section 455(b)(5)(ii) and the law interpreting it, Judge Schultz's wife acted as a lawyer in this MDL

---

³ PX29 (3M, *The Importance of Patient Warming*).

⁴ Of course, Ms. Trysla is free to represent or assist 3M. Or to own 3M stock. But both choices impact which cases Magistrate Judge Schultz can properly preside over.

⁵ The possibility Judge Schultz's wife no longer acts as an attorney in the MDL or that Judge Schultz lacked knowledge of his wife's role is a red herring. *See Mangini*, 314 F.3d at 1161 ("[T]here is no way to cure this problem because the fact remains that, unbeknownst to [the judge], his brother-in-law acted as a lawyer for a tort plaintiff.").

5

by "participat[ing] in discovery proceedings." *See McCuin*, 714 F.2d at 1260; *Mangini*, 314 F.3d at 1160-62. That fact alone mandates disqualification.

Alternatively, if Judge Schultz's wife did not act as a lawyer here, she is still "likely to be a material witness in the proceeding." *See* 28 U.S.C. § 455(b)(5)(iv); *see, e.g.*, *Raphlah v. Ind. Med. Bd.*, 2007 WL 3285805, at *2 n.2 (S.D. Ind. Nov. 5, 2007). Given her recently discovered participation, Plaintiffs may subpoena her regarding 3M's Bair Hugger testing at Fairview, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. *See* PX26 (3MBH02272887-88); *see also* Fed. R. Civ. P. 45(c)(1)(A)-(B). Such testimony is material. *See, e.g.*, *Murray v. Scott*, 253 F.3d 1308, 1312-13 (11th Cir. 2001); *United States v. Vazquez-Botet*, 453 F.Supp.2d 362, 370 (D.P.R. 2006).[6]

Disqualification is ineluctable. Judge Schultz's wife is either a "lawyer" or a "material witness in [this] proceeding." *See* 28 U.S.C. §§ 455(b)(5)(ii), (iv). "Given the importance and history of [this] high-profile [MDL], and the compelling need for an unimpeachable decision on this motion," this disconcerting development demands Judge Schultz's disqualification. *See United States v. Siegelman*, 2010 WL 1980833, at *2-3 (M.D. Ala. May 14, 2010); *Scholz v. United States*, 2020 WL 13119889, at *2-3 (E.D. Wis. Jan 15, 2020) (granting disqualification despite "strained" relevance of testimony because the judge's "hands are tied and [his] obligation clear" under section 455(b)(5)(iv)).

---

[6] 3M faces a Catch-22: Any attempt to quash the testimony as privileged would prove Judge Schultz's wife was 3M's agent. If she was not 3M's agent but rather a third party who liaised with 3M about its testing, 3M cannot invoke the privilege. *Cf.* Dkt. 1196.

6

**B. Judge Schultz appears biased even if he is not actually biased.**

Even if Judge Schultz could evade numerous section 455(b) violations mandating disqualification, he cannot escape section 455(a)'s "catchall recusal provision." *See Liteky*, 510 U.S. at 548. That "liberal standard," *Singer*, 575 F.Supp. at 68, "requires disqualification if a reasonable person who knew the circumstances would question [Judge Schultz's] impartiality, even though no actual bias or prejudice has been shown," *see Willis*, 2012 WL 6644240, at *1 (Ericksen, J.). Actual bias is not required because "observers outside of the judicial process are less inclined to credit [his] impartiality and mental discipline than the judiciary itself will be." *See, e.g.*, *United States v. Herrera-Valdez*, 826 F.3d 912, 918-19 (7th Cir. 2016).

Although some forgiving jurists might believe Judge Schultz was simply ignorant of his disqualifying conflicts under section 455(b)(4), an "average person on the street" would doubt his neutrality. *Cf., e.g.*, *Borrero*, 2009 WL 2005221, at *1 (Ericksen, J.). Whether or not Judge Schultz knew about that conflict while he presided over this MDL "is open to speculation, and it is precisely that speculation that causes the perception of bias which is prohibited under § 455(a)." *See, e.g.*, *Herrera-Valdez*, 826 F.3d at 919.

Likewise, assuming Judge Schultz's wife is neither a "lawyer" nor a "material witness," *see* 28 U.S.C. § 455(b)(5)(ii), (iv), her involvement here certainly creates an "appearance of impropriety in the federal judiciary," *see Moran*, 296 F.3d at 648. ▮
▮ Ex. 26 (3MBH02272887)
▮
▮ *See* PX26. (3MBH02272887-88). And she was recently

7

mentioned in a deposition given her employment by the hospital where 3M performed that very testing. *See* PX31 (Chen-9/22/22-Dep.-147:5-148:18). On this unusual record, Ms. Trysla was involved in the MDL one way or another, and in a manner that an average American would question her husband's neutrality.

Accordingly, even if section 455(b) does not mandate Judge Schultz's disqualification—it does under at least three subsections—disqualification would still "be in accordance with the purpose behind [section 455(a)] of assuring the appearance of impartiality." *See Dyas v. Lockhart*, 705 F.2d 993, 997-98 (8th Cir. 1983); *see, e.g.*, *Potashnick*, 609 F.2d at 1111-12; *In re Hatcher*, 150 F.3d 631, 633 (7th Cir. 1998) ("Notwithstanding our complete confidence in [the district judge's] integrity and impartiality [under section 455(b)], however, we conclude that the circumstances of this case required him to recuse himself under § 455(a) because of the significant risk of an appearance of impropriety.").

## CONCLUSION

For all the foregoing reasons, as well as the reasons articulated in Plaintiffs' Motion to Disqualify Judge Ericksen and Magistrate Judge Schultz, Plaintiffs respectfully request the Court grant their motion.

Dated: April 11, 2023                    Respectfully submitted,

                                          MESHBESHER & SPENCE LTD.

                                          /s/ Genevieve M. Zimmerman
                                          Genevieve M. Zimmerman (MN #330292)
                                          1616 Park Avenue South
                                          Minneapolis, MN 55404
                                          Phone: (612) 339-9121

LEVIN PAPANTONIO, P.A.

/s/ Ben W. Gordon
Ben W. Gordon (Pro Hac Vice)
J. Michael Papantonio (Pro Hac Vice)
316 S. Baylen Street, Suite 600
Pensacola, FL 32502-5996
Phone: (850) 435-7090

*Co-Lead Counsel for Plaintiffs*

PRITZKER HAGEMAN, P.A.

/s/ David J. Szerlag
David J. Szerlag (MN #034476X)
100 University Ave. SE
Minneapolis, MN 55414
Phone: (612) 338-0202

*Liaison Counsel for Plaintiffs*

MCDONALD WORLEY

/s/ Gabriel Assaad
Gabriel Assaad (Pro Hac Vice)
1770 St. James Place, Suite 100
Houston, TX 77056
Phone: (281) 623-1906

FARRAR & BALL, LLP

/s/ Kyle W. Farrar
Kyle W. Farrar (MN #0397942)
1117 Herkimer St.
Houston, TX 77008
Phone: (713) 221-8300

*Counsel for Plaintiffs*

9