UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

In re: BAIR HUGGER FORCED AIR
WARMING DEVICES PRODUCTS
LIABILITY LITIGATION

MDL No. 15-2666 (JNE/DTS)

This Document Relates to:
ALL ACTIONS

## RESPONSE TO PLAINTIFFS' MOTION TO REASSIGN

3M takes no position on whether to decide or reassign the decision on Plaintiffs' Motion to Disqualify. It submits this Response to address Plaintiffs' argument that case law in this District and elsewhere favors reassignment. In fact, reassignment is rare and disfavored.

Chief Judge Schiltz cut to the heart of the matter: "There is no requirement that a [28 U.S.C.] § 455 motion to disqualify be heard by a different judge than the one whose disqualification it seeks. *Indeed, such motions are almost always decided by the judge whose recusal is sought.*" *United States v. Hogeland*, No. 10-CR-0061 PJS/AJB, 2012 WL 4868904, at *8 n.9 (D. Minn. Oct. 15, 2012) (emphasis added) (refusing to refer motion for disqualification to then-Chief Judge Davis and denying same), *aff'd sub nom. United States v. Bennett*, 765 F.3d 887 (8th Cir. 2014). Schiltz reiterated this principle in *Smith v. Buck*, when he overruled objections to Judge Mayeron's denial of a motion to recuse. No. 12-CV-0163 PJS/JSM, 2013 WL 1658397, at *2 (D. Minn. Apr. 17, 2013), *rev'd and remanded on other grounds*, 564 F. App'x 258 (8th Cir. 2014) (reversing summary judgment granted due to qualified immunity).

Chief Judge Schiltz only restated Eighth Circuit precedent. In *Moran v. Clarke*, the Eighth Circuit was troubled by a district judge's summary denial of a motion to disqualify him based on his friendship with a defendant, a relationship that was "of sufficient depth and duration as to warrant several reciprocal visits to one another's homes." 296 F.3d 638, 649 (8th Cir. 2002). But because the appellate court had the "utmost faith" in the district judge's ability to rule impartially, it remanded the issue of recusal *to that same district judge* "with the suggestion that [he] revisit and more thoroughly consider" the recusal request once more. *Id.* Put another way, even a challenged judicial officer who has given short shrift to a disqualification motion remains in the best position to determine whether he should continue to preside over a case. *Moran*'s holding applies with even greater force to a judicial officer who weighs disqualification for the first time.

*Moran*, *Hogeland*, and *Smith* echo federal decisions from across the country. See *Karim-Panahi v. U.S. Cong., Senate & House of Representatives*, 105 F. App'x 270, 274 (D.C. Cir. 2004) ("[W]e reject the appellant's argument that the motion for disqualification was required to be heard by someone other than" the district judge); *In re Bernard,* 31 F.3d 842, 843 (9th Cir. 1994) (noting that the "reality is that [a disqualification] motion is addressed to, and must be decided by, the very judge whose impartiality is being questioned"); *United States v. Hatchett*, 978 F.2d 1259, 1992 WL 296865, at *2-3 (6th Cir. 1992) (unpublished table decision) ("[Section 455 is] addressed to the trial judge who is the subject of the motion to disqualify, and requires that the judge disqualify *himself* from the proceeding. . . . Even if some courts allow the questioned judge to transfer the section 455 motion to another judge, the case law makes clear that he is not required to make such

a transfer, and it is entirely proper for the challenged judge to pass on the matter himself."); *United States v. Giorgi*, 840 F.2d 1022, 1034 (1st Cir. 1988) ("Giorgi first argues that Judge Perez–Gimenez erred in ruling upon the contested motion himself. Giorgi cites section 144 for the proposition that another judge must be assigned to rule on a motion for disqualification. We reject[] that approach . . . ."); *United States v. Balistrieri*, 779 F.2d 1191, 1202-03 (7th Cir. 1985) ("Section 455 clearly contemplates that decisions with respect to disqualification should be made by the judge sitting in the case, and not by another judge. . . . It makes no provision for the transfer of the issue to another judge."), *overruled on other grounds by Fowler v. Butts*, 829 F.3d 788 (7th Cir. 2016) (providing that review of motion seeking recusal may occur by direct appeal); *United States v. Farkas*, 149 F. Supp. 3d 685, 691 (E.D. Va. 2016), *aff'd*, 669 F. App'x 122 (4th Cir. 2016); *In re Sanders*, 540 B.R. 911, 916 (Bankr. S.D. Fla. 2015); *see also United States v. Azhocar*, 581 F.2d 735, 738 (9th Cir. 1978) ("[W]e note that while the statute [28 U.S.C. § 144] undoubtedly permits referring the disposition of an affidavit of bias to another judge, the adoption of such a procedure as a general rule would be unwise.") (internal citation omitted)). This sample of decisions has an unmistakable import: judicial officers do not regularly refer disqualification motions to their colleagues, and much less are they obligated to do so.

This is not surprising. Referral can lead to both administrative and substantive difficulties. In *Chitimacha Tribe of Louisiana v. Harry L. L. Co.*, for example, the Fifth Circuit explained that referrals of disqualification motions are "not to be encouraged" because, for one, "[t]he challenged judge is most familiar with the alleged bias or conflict

of interest." 690 F.2d 1157, 1162 (5th Cir. 1982). This places the challenged judge "in the best position to protect the nonmoving parties from dilatory tactics." *Id.* (citing *United States v. Haldeman*, 559 F.2d 31, 131 (D.C. Cir. 1976) (noting that referral of § 144 motions to other judges is "at most permissive"))). Second, referrals by necessity require another judicial officer to familiarize herself with a different (and, as here, lengthy) case, which "raises problems of administrative inconvenience and delay." *Id.* Although *Chitimacha Tribe* did not find reversible error in the district judge's referral of a disqualification motion, it characterized that as "irregular" and cautioned in no uncertain terms that referral should be made only in "unusual circumstances." *Id.*

Plaintiffs line of cited cases says the same. In *In re Kensington,* the Third Circuit thoroughly explained the many reasons why disqualification motions should be decided by the challenged judicial officer:

> [D]iscretion is confided in the district judge in the first instance to determine whether to disqualify himself because the judge presiding over a case is in the best position to appreciate the implications of those matters alleged in a recusal motion. This principle rings particularly true where, as here, the district court judge has presided over (i) an extraordinarily complex litigation (ii) involving a multitude of parties (iii) for an extended period of time. [Senior District] Judge Wolin has been intimately involved in these proceedings for the past two years and, as demonstrated by his written responses, has acquired a familiarity with the issues beyond ours. Accordingly, he is in the best position to understand the implications of those matters alleged in the recusal motions.

*In re Kensington Int'l Ltd.*, 353 F.3d 211, 224 (3d Cir. 2003) ("*Kensington I*") (cleaned up) (citing *In re Drexel Burnham Lambert Inc.*, 861 F.2d 1307, 1312 (2d Cir. 1988)).[1]

---

[1] In their disqualification motion, Plaintiffs cite repeatedly to *In re Kensington Int'l Ltd.*, 368 F.3d 289 (3d Cir. 2004) ("*Kensington II*"). In that later decision, the Third Circuit

4

The authorities Plaintiffs cite from this Dstrict do not stand for anything to the contrary. (*Cf.* Dkt. 2287 at 2-3 & n.2.) Only one of the cases Plaintiffs cite dealt with a situation where any judicial officer (a magistrate judge) referred a substantive disqualification motion to a district judge, a situation that is not like the present one because Plaintiffs seek to disqualify both Judge Schultz *and* Judge Ericksen. In many other cases, disqualification motions were submitted in the first instance to judicial officers besides those who were to be disqualified, so the issue of referral never arose. In yet others, judicial officers ruled directly on disqualification motions that targeted them. For convenience, the cases from this judicial district that Plaintiffs raise are summarized below:

| Case | Challenged judicial officer | Deciding judicial officer | Procedural posture | Result |
|---|---|---|---|---|
| *Fuller v. Hafoka*, No. 19-CV-0886 (PJS/BRT), 2020 WL 6731681 (D. Minn. Oct. 14, 2020) | Magistrate Judge Thorson | District Judge Schiltz | Motion for change of venue (construed as motion to recuse) made directly to Judge Schiltz | Denied |

---

granted mandamus and recused the lower court judge because he employed advisors who had structural conflicts of interest imputed to him. *See, e.g., id.* at 303. 3M further discusses *Kensington II* in its response to the disqualification motion. But regardless of that case's substantive (dis)similarity to the instant one, there can be no doubt that the Third Circuit concluded, like many other courts, that a challenged judicial officer should be the one to decide a motion to disqualify him or her in the first instance. The Third Circuit reaffirmed its past reasoning in *United States v. Ciavarella*, where it affirmed a district judge's denial of a motion to recuse. *See* 716 F.3d 705, 720 (quoting *Kensington I*, 353 F.3d at 224).

5

| Case | Challenged judicial officer | Deciding judicial officer | Procedural posture | Result |
|---|---|---|---|---|
| *Grover-Tsimi v. Minnesota*, No. 09-CV-2852(PJS/AJB), 2010 WL 760400 (D. Minn. Mar. 3, 2010) | Magistrate Judge Boylan | District Judge Schiltz | Motion for reassignment to another magistrate judge (ECF 35) made directly to Judge Schiltz following R&R (ECF 30) | Denied |
| Order, *In re RFC & Rescap Liquidating Tr. Litig.*, No. 13-cv-3451 (SRN/HB), Dkt. 1978 (D. Minn. Dec. 8, 2016), ECF No. 2023 (granting ECF 1889) | District Judge Nelson | Then-Chief Judge Tunheim | Motion opposing mandatory recusal under 28 U.S.C. § 455(b) | Granted, but Judge Nelson allowed to remain on case[2] |
| *Jackson v. Ossell*, No. CV 17-5483 (JRT/BRT), 2019 WL 2137368 (D. Minn. May 16, 2019) | Magistrate Judge Thorson Then-Chief Judge Tunheim | Then-Chief Judge Tunheim | Motion to recuse magistrate judge and district judge made directly to Chief Judge Tunheim | Denied |
| *Jackson v. Wells Fargo of Plaza Servs. LLC*, No. 19-CV-2694 (NEB/BRT), 2019 WL 6490833 (D. Minn. Dec. 3, 2019) | Magistrate Judge Thorson | District Judge Brasel | Motion to recuse magistrate judge (ECF 8) made directly to District Judge Brasel following R&R (ECF 6) | Denied |

---

[2] Although District Judge Nelson referred this motion to then-Chief Judge Tunheim, the issue of Judge Nelson's recusal was not up for serious debate by the time of referral. Judge Nelson had "already decided on three occasions that her spouse ha[d] an interest that could be substantially affected by the outcome of the proceeding" because he was a partner at a law firm the defendant engaged. *See* Order, *In re RFC & Rescap Liquidating Tr. Litig.*, at 2. Judge Tunheim concluded that, although Judge Nelson faced mandatory recusal under § 455(b), the proper remedy was to disqualify her spouse's firm from participation in the case given the late stage at which it joined. *Id.* at 19-20.

| Case | Challenged judicial officer | Deciding judicial officer | Procedural posture | Result |
|---|---|---|---|---|
| *Jones v. Hennepin Cnty. Med. Ctr.*, No. CV 20-497 (PAM/BRT), 2020 WL 4559425 (D. Minn. Aug. 7, 2020) | Magistrate Judge Thorson | Senior District Judge Magnuson | Motion to recuse magistrate judge made directly to Judge Magnuson | Denied[3] |
| *Opsahl v. Jaimet*, No. CIV. 09-2567 (DSD/JK, 2010 WL 419959 (D. Minn. Jan. 29, 2010) | Magistrate Judge Keyes | Senior District Judge Doty | Motion to disqualify magistrate judge raised to Senior Judge Doty in objections (ECF 4) to R&R (ECF 3) | Denied |
| *Thomas v. Wells Fargo Bank, N.A.*, No. 19-CV-482 (ECT/TNL), 2021 WL 7286086 (D. Minn. Apr. 6, 2021) | Magistrate Judge Leung | District Judge Tostrud | Motion to recuse referred to District Judge Tostrud | Denied[4] |

---

[3]   The movant also sought disqualification of the Clerk of Court. The court denied this request as well.

[4]   In reviewing cases where judicial officers ruled on disqualification motions directed at their colleagues, Judge Tostrud commented that referral of such motions remains a matter of discretion despite the text of § 455 requiring a judicial officer to "disqualify himself." *Thomas*, 2021 WL 7286086, at *1 n.1. Judge Tostrud cited two decisions from this judicial district where then-Chief Judges Tunheim and Davis refused to rule, in the first instance, on motions seeking to disqualify magistrate judges. *Id.* (first citing *Powell v. Wal-Mart Stores, Inc.*, No. CV 19-1590 (JRT/SER), 2019 WL 4917122, at *2 (D. Minn. Oct. 4, 2019); and then citing *Day v. Minnesota*, No. CIV. 05-2675MJDRLE, 2007 WL 4321971, at *1 (D. Minn. Dec. 6, 2007)). Judge Montgomery earlier reached a similar conclusion. *See Modena v. United States*, No. 06-2865 ADMJSM, 2006 WL 3030965, at *2 (D. Minn. Oct. 23, 2006) ("If Judge Mayeron is named as a defendant in an Amended Complaint, she will rule on her own disqualification in the first instance.").

| Case | Challenged judicial officer | Deciding judicial officer | Procedural posture | Result |
|---|---|---|---|---|
| *Willis v. Brandt*, No. CIV. 12-122 JNE/JJK, 2012 WL 6644240 (D. Minn. Dec. 20, 2012) | Magistrate Judge Keyes Magistrate Judge Boylan District Judge Ericksen | District Judge Ericksen | Motion to recuse the designated judicial officers | Denied |
| *United States v. Andrews*, 381 F. Supp. 3d 1044 (D. Minn. 2019) | Magistrate Judge Schutlz | District Judge Nelson | Objections (ECF 145-3] to R&R (ECF 133) | Denied |
| *United States v. Singer*, 575 F. Supp. 63, 68 (D. Minn. 1983) | District Judge Murphy | District Judge Murphy | Motion to recuse | Granted[5] |

---

[5] Despite Plaintiffs' characterization, in *Singer* then-District Judge Murphy did not decide a recusal motion concerning *another* judicial officer. The precise question before Judge Murphy was whether her having to possibly exclude testimony from Judge Lord regarding earlier proceedings would call into question *her own* impartiality. *Singer*, 575 F. Supp. at 68. A reasonable person could, in the "unusual circumstance[]" where a judge could testify as a witness, "question whether a [fellow] judge in this district might be affected in ruling [on that testimony], either consciously or subconsciously, by friendship or a spirit of collegiality or because of the relationship between judges on the same bench." *Id.*

District Judge Murphy decided that recusal was called for given the case's unique posture. *Id.* ("[I]t appears to this court that the key issue on the motion to recuse is whether this court's rulings excluding evidence related to the Chief Judge might raise reasonable questions about the court's impartiality. In the unusual circumstances presented, this court is persuaded that the public perception of a fair and impartial judicial system would be enhanced if a judge from outside this district were to decide these issues."). Contrary to Plaintiffs' view of that case, *Singer* confirms only that a district judge need not refer a recusal motion of which she is the target. Judge Murphy confirmed this when she personally denied another motion to recuse her in *In re Wirebound Boxes Antitrust Litig.*. 724 F. Supp. 648, 651 (D. Minn. 1989) (denying motion for recusal and describing *Singer* as a case in which "this court found that recusal was appropriate" because of the "continued public involvement of another member of this bench in issues related to the case").

8

Plaintiffs radically overstate the frequency of referring disqualification motions in this District and in other jurisdictions. Like much else in this litigation, that decision will depend on the Court's discretion to determine what is "just and proper under the circumstances." *The Styria v. Morgan*, 186 U.S. 1, 9 (1902).

Dated: May 3, 2023                                    Respectfully submitted,

                                                                      *s/Benjamin W. Hulse*
Benjamin W. Hulse (MN #0390952)
Mary S. Young (MN #0392781)
Norton Rose Fulbright US LLP
60 South Sixth Street, Suite 3100
Minneapolis, MN 55402
Phone: (612) 321-2800
Email: ben.hulse@nortonrosefulbright.com
        mary.young@nortonrosfulbright.com

**Co-Lead Counsel for Defendants 3M Company and Arizant Healthcare Inc.**