# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

In re: BAIR HUGGER FORCED AIR
WARMING DEVICES PRODUCTS
LIABILITY LITIGATION

MDL No. 15-2666 (JNE/DTS)

This Document Relates to:
ALL ACTIONS

## Joint Motion Regarding Continued Sealing

Documents have been filed under temporary seal in connection with the following motion:

> Dkt. 2273        Plaintiffs' Motion to Disqualify Judge Ericksen and
>                  Magistrate Judge Schultz

Pursuant to LR 5.6, Plaintiffs and Defendants 3M Company and Arizant Healthcare Inc. submit this Joint Motion Regarding Continued Sealing.

| DKT. NO. | DKT. NO. OF REDACTED VERSION (IF FILED) | DESCRIPTION OF DOCUMENT | PRECISELY IDENTIFY: a) The information that the parties agree should remain sealed; b) The information the parties agree should be unsealed; and c) The information about which the parties disagree. | NONPARTY THAT DESIGNATED DOC. CONFIDENTIAL (IF ANY) | REASON WHY DOCUMENT SHOULD REMAIN SEALED OR BE UNSEALED |
|---|---|---|---|---|---|

| 2275 | 2276 | Memorandum of Law in support of Plaintiff's Motion to Disqualify Judge Ericksen and Magistrate Judge Schultz | Plaintiffs contend that all redacted information on pages 27, 29, and 33 should be unsealed.[1]<br><br>Defendants contend that all information should remain sealed. | N/A | ***Plaintiffs' argument***:<br><br>Dkt. 2275 quotes from exhibits shown and admitted into evidence during a public trial in Independence, Missouri.[2] The cited documents also remain publicly available to this day. *See* https://bairhuggerlawsuit.com/ Even if the cited documents were deemed confidential in *O'Haver* or the MDL, confidentiality was "destroyed . . . [by] [their] use[] in open court." *In re Guidant Corp. Implantable Defibrillators Product Liability Litigation*, 245 F.R.D. 632, 637 (D. Minn. 2007); *see, e.g., Kruszka v. Novartis Pharms. Corp.*, 28 F. Supp. 3d 920, 941–42 (D. Minn. 2014). Under this Court's precedent, the public filing of these documents "supersed[es] any reasonable argument [by 3M] that the information should now be entitled to confidential [treatment]." *Animal Legal Def. Fund v. Wild*, No. 17-CV-4496 (JNE/HB), 2019 WL 13159451, at *6 n.7 (D. Minn. Feb. 20, 2019).<br><br>The Protective Order stipulated to by the parties and entered by this Court also supports unsealing these documents. *See* Dkt. 39. It states: "[T]here is a presumption in favor |

---

[1] All references to page numbers of documents filed in connection with the docket entries that are the subject of this joint motion (Dkts. 2273, 2285) are to those added by Court's CM/ECF system in blue type.

[2] *See* PX1 *O'Haver Trial Transcript* (PX903 admitted at p. 455; PX1745 admitted at p. 1130; PX1759 admitted at p. 1461). 3M objects to the inclusion of exhibits in connection with this joint motion. *See* LR 5.6(d)(2)(A)(iii) (requiring parties to "briefly" explain their positions on continued sealing).

of open and public judicial proceedings in the federal courts, so the Order will be construed in favor of public disclosure and open proceedings wherever possible." *Id.* at 2.

Likewise, the Eighth Circuit has stated "[t]here is a common-law right of access to a civil proceeding." *IDT Corp. v. Ebay*, 709 F.3d 1220, 1222 (8th Cir. 2013). It follows that these documents are "presumptively public." *Id.* at 1223; *see In re Neal*, 461 F.3d 1048, 1053-55 (8th Cir. 2006) ("The courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents.").

As the party attempting to restrict the public's right of access, 3M bears the burden to show that "disclosure will cause a clearly defined and serious injury, which must be demonstrated with specificity." *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 785-86 (3d Cir. 1994). 3M cannot carry its burden here. The redacted information in Dkt. 2276 does not present trade secrets, privileged material, or information confidential by statute. *See, e.g., Shane Grp. Inc.*

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | | *v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 308 (6th Cir. 2016). 3M's cries of "competitive harm" are no exception. *See id.* Public access should be freely granted when the information is important to public health and safety. *See Glenmede Trust Co., v. Thompson*, 56 F.3d 476, 483 (3d Cir. 1995). It is indisputable that the redacted information in Dkt. 2276, which addresses the safety record of the Bair Hugger and the latent dangers of this ubiquitous medical device, is inextricably intertwined with public health and safety.<br><br>Finally, 3M's unfounded concern about "competitive harm" does not remotely justify sealing this information from public purview. The Eighth Circuit has denounced such unavailing complaints: "The unintended, potential secondary consequence of negative publicity to [3M] is regrettable, but not a basis for sealing the filing." *In re Neal*, 461 F.3d at 1054;<br><br>***Defendants' argument***:<br><br>• Page 27: The redacted portion should remain sealed. It quotes from Exhibit 11 (Dkt. 2278) to the Ciresi Declaration (Dkt. 2277), a |

| | | | | | document that Defendants designated "Confidential" under a protective order entered in *O'Haver v. 3M Co*. because it contains competitively sensitive information that would more likely than not cause competitive harm or injury to Defendants if it is disclosed.[3]

● Page 29:
(1) The first redacted portion should remain sealed. It quotes from Exhibit 11 (Dkt. 2278) to the Ciresi Declaration (Dkt. 2277), a document that Defendants designated "Confidential" under the protective order entered in *O'Haver v. 3M Co*.;

(2) The second redacted portion should remain sealed. It quotes from the Ciresi Declaration (Dkt. 2277), a document that Defendants have designated "Confidential" under the Protective Order (Dkt. 39) because it contains competitively sensitive information that would more likely than not cause competitive harm to Defendants' business operations if disclosed.

● Page 33: The redacted portion should remain sealed. It quotes from Exhibit 14 (Dkt. 2278-1) to |

| DKT. NO. | DKT. NO. OF REDACTED VERSION (IF FILED) | DESCRIPTION OF DOCUMENT | PRECISELY IDENTIFY:<br><br>a) The information that the parties agree should remain sealed;<br><br>b) The information the parties agree should be unsealed; and<br><br>c) The information about which the parties disagree. | NONPARTY THAT DESIGNATED DOC. CONFIDENTIAL (IF ANY) | REASON WHY DOCUMENT SHOULD REMAIN SEALED OR BE UNSEALED |
|---|---|---|---|---|---|
| | | | | | the Ciresi Declaration (Dkt. 2277), a document that Defendants have designated "Confidential" under the Protective Order (Dkt. 39) because it contains competitively sensitive information that would more likely than not cause competitive harm to Defendants' business operations if disclosed. |

---

3   No. 1816-CV30710 (Jackson Cnty., Mo. Cir. Ct. Oct. 19, 2020) [hereinafter *O'Haver*]. 3M originally produced this document, which is Bates stamped 3MBH00834864-77, without a confidentiality designation. 3M later produced a replacement version with a "Confidential" designation pursuant to Paragraphs 3.2(a) and 3.3 of the *O'Haver* protective order.  The Plaintiff in *O'Haver*, who was represented by many of the same counsel who represent Plaintiffs in this MDL, acknowledged that 3M had designated and sought to keep confidential another copy of the same document produced in that litigation.  The court-appointed special master in *O'Haver* affirmed this document's confidentiality, which decision the plaintiff did not challenge.

| 2278 | N/A | Exhibit 11 to Ciresi Declaration in support of Plaintiff's Motion to Disqualify Judge Ericksen and Magistrate Judge Schultz. The "Bair Paws" exhibit is an internal Arizant working paper from 2005. The documents focuses on the benefits of prewarming patients before surgery, not on any risks of using the Bair Hugger system during surgery. | Plaintiffs contend that this exhibit should be unsealed entirely.<br><br>Defendants contend that all information should remain sealed. | N/A | ***Plaintiffs' argument:***<br><br>Plaintiffs hereby reincorporate arguments made in opposition to 3M's request to seal Dkt. 2275.<br><br>PX11 is one of many memoranda authored by 3M and circulated outside of the company. The memos contain a chart listing the "Pros/Cons" of prewarming versus intraoperative warming with forced-air devices. 3M's admission that prewarming, unlike intraoperative warming, "reduces the potential for nosocomial transmission of pathogens by eliminating the need for intraoperative warming" strikes at the heart of this MDL. Indeed, this document admits the very danger Plaintiffs allege against 3M—and one that implicates patient safety no less.<br><br>Four additional facts justify unsealing this document since this Court and the Eighth Circuit last reviewed it. First, the author of the document and 3M's corporate representative, Mr. Van Duren, recently testified that this memorandum does not contain trade secrets. *See PX2* (Van Duren 30(b)(6) Dep. 277:1-278:6 (April 14, 2022). Second, the document was admitted at the *O'Haver* trial |

| | | | | | more than a year *after* the Eighth Circuit's ruling.[4] Third, the document was filed publicly in support of various motions. Fourth, the document remains accessible to the public. *See* https://bairhuggerlawsuit.com/ Under this Court's precedent, the document must be unsealed. *See Animal Legal Def. Fund*, 2019 WL 13159451, at *6 n.7. |
|---|---|---|---|---|---|
| | | | | | **Defendants' argument:** |
| | | | | | This exhibit should remain sealed. It is the Bair Paws memorandum that Defendants designated "Confidential" under a protective order entered in *O'Haver v. 3M Co.* (*See* entry for Dkt. 2275, *supra*.) |
| | | | | | This document (or an equivalent produced with a different Bates number) has been the subject of extensive briefing on confidentiality and sealing in this litigation. In each instance, confidentiality or sealing has been upheld. In the MDL, the document was ordered sealed. (*See* Dkts. 937 and 1294.) |
| | | | | | In *Gareis v. 3M Co., et. al.*, it was also ordered sealed. (See Dkt. 506.) |

---

4   PX11 to MVC Declaration is *O'Haver* PX903 admitted at p. 455; PX1745 admitted at p. 1130; PX1759 admitted into evidence at p. 1461 of the *O'Haver* trial transcript.

| | | | | | |
|---|---|---|---|---|---|
| | | | | | In *O'Haver v. 3M Co.*, its confidentiality was upheld. (*See* Special Master Order No 2.)<br><br>Additionally, the Eighth Circuit Court of Appeals upheld sealing of Dkt. 2278. (*See In re Bair Hugger Forced Air Warming Devices Prod. Liab. Litig.*, 9 F. 4th 768, 791-93 (8th Cir. 2021).<br><br>Its admission into evidence during trial in *O'Haver* is not dispositive of whether it should be unsealed in this proceeding because 3M objects to its unsealing; it remains not readily accessible by the public; it reflects competitively sensitive information; and Plaintiffs cannot articulate any prejudice they would suffer if it remains sealed. *See, e.g.*, *Healey v. I-Flow, LLC*, 282 F.R.D. 211, 216 (D. Minn. 2012) (D. Minn. 2012) (applying six-factor test discussed in *United States v. Hubbard*, 650 F.2d 293, 317-22 (D.C. Cir. 1980) |
| 2278-1 | N/A | Exhibit 14 to Ciresi Declaration[5] in support of Plaintiff's Motion to Disqualify Judge Ericksen and Magistrate Judge Schultz. This is a 3M employee's comment on a draft set of | Plaintiffs contend that this exhibit should be unsealed entirely.<br><br>Defendants contend that all information should remain sealed. | N/A | ***Plaintiffs' argument***:<br><br>Plaintiffs hereby reincorporate arguments made in opposition to 3M's request to seal Dkt. 2275 and 2278.<br><br>PX14 shows that at least as far back as 2010, 3M's Director of Clinical Research agreed with Plaintiffs that |

[5] PX14 to MVC Declaration is O'Haver PX 225. It was inadvertently called PX1759 in MVC Declaration, but the correct document was filed with the Declaration.

| | | marketing talking points not intended for external distribution. | | | "[a]ctually there is evidence that FAW use increases the risk [of infection]." 3M again asks this Court to shield it from its own confessions, but not on any alleged claim of trade secret or other "compelling justification." *Cf. Shane*, 825 F.3d at 308.

Like PX11, PX14 was admitted and published during the *O'Haver* trial. *See supra.* And like PX11, PX14 was filed publicly in support of various motions and remains publicly accessible. *See supra.* The public filing of this document supersedes any reasonable argument by 3M that the document should be treated as confidential. *Animal Legal Def. Fund*, 2019 WL 13159451, at *6 n.7. 3M's prior designations and this Court's prior rulings no longer control.

***Defendants' argument*:**

This exhibit should remain sealed. It comprises a document that Defendants designated "Confidential" under the Protective Order (Dkt. 39). (*See* entry for Dkt. 2275, *supra*.)

This document has been the subject of extensive briefing on confidentiality and sealing in this litigation. In each instance, |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | confidentiality or sealing has been upheld. In the MDL, the document (Dkts. 347, 887, 938) was ordered sealed. was ordered sealed. (*See* Dkts. 854 and 1182).<br><br>The Eighth Circuit Court of Appeals upheld sealing of Dkts. 347, 887, and 937. (*See In re Bair Hugger Forced Air Warming Devices Prod. Liab. Litig.*, 9 F. 4th 768, 791-93 (8th Cir. 2021).<br><br>Its admission into evidence during trial in *O'Haver* is not dispositive of whether it should be unsealed in this proceeding because 3M objects to its unsealing; it remains not readily accessible by the public; it reflects competitively sensitive information; and Plaintiffs cannot articulate any prejudice they would suffer if it remains sealed. *See, e.g., Healey*, 282 F.R.D. at 216; *see also In re Bair Hugger Forced Air Warming Devices Prod. Liab. Litig.*, 9 F.4th 768, 791 (8th Cir. 2021) (affirming sealing of different version of this document), *cert. denied sub nom. 3M Co. v. Amador*, 212 L. Ed. 2d 791, 142 S. Ct. 2731 (2022). |
| 2281 | N/A | Exhibit 26 to Zimmerman Declaration in support of Plaintiff's Motion | The parties agree this exhibit should be unsealed entirely. | N/A | N/A |

| Dkt. No. | Dkt. No. of Redacted Version (If Filed) | Description of Document | Precisely Identify: a) The information that the parties agree should remain sealed; b) The information the parties agree should be unsealed; and c) The information about which the parties disagree. | Nonparty That Designated Doc. Confidential (If Any) | Reason Why Document Should Remain Sealed or Be Unsealed |
|---|---|---|---|---|---|
| | | to Disqualify Judge Ericksen and Magistrate Judge Schultz | | | |
| 2281-1 | N/A | Exhibit 30 to Zimmerman Declaration in support of Plaintiff's Motion to Disqualify Judge Ericksen and Magistrate Judge Schultz | The parties agree this exhibit should be unsealed entirely. | N/A | N/A |

| 2281-2 | N/A | Exhibit 32 to Zimmerman Declaration in support of Plaintiff's Motion to Disqualify Judge Ericksen and Magistrate Judge Schultz. Known as the "Chen Report" this document characterizes 3M's internal CFD testing on the Bair Hugger system. | Plaintiffs contend that this exhibit should be unsealed entirely. Defendants contend that all information should remain sealed. | Dr. Jennifer Wagner | **Plaintiffs' argument:** Plaintiffs hereby reincorporate arguments made in opposition to 3Ms request to seal Dkt. 2275, 2278, and 2278-1. PX32 was produced by a third party. It was an exhibit to Dr. Chen's deposition, which was played during the *O'Haver* trial. *See PX1* (*O'Haver* Trial Transcript p. 2301).The exhibit and testimony impeach the opinions offered by 3M's expert Dr. Abraham. The transcript and exhibit have been filed publicly in Missouri. 3M again ignores this Court's precedent denying confidentiality following public disclosure. *See, e.g.*, *Animal Legal Def.* Fund, 2019 WL 13159451, at *6 n.7. **Defendants' argument:** This exhibit should remain sealed. It comprises a document that Defendants designated "Confidential" under the Protective Order (Dkt. 39) because it contains because it contains competitively sensitive information that would more likely than not cause competitive harm to Defendants' business operations if disclosed. |
| --- | --- | --- | --- | --- | --- |

| | | | | | |
|---|---|---|---|---|---|
| 2290 | 2291 | Plaintiffs' Supplemental Memorandum in support of Motion to Disqualify Magistrate Judge Schultz | Plaintiffs contend that this memorandum should be unsealed entirely.<br><br>Defendants agree that the following portions should be unsealed:<br><br>• All redacted portions on page 2.<br><br>• The redacted portion immediately following "It is also now clear that she" on page 4.<br><br>• All redacted portions on page 5.<br><br>Defendants contend that all other information should remain sealed. | N/A | ***Plaintiffs' argument:***<br><br>Plaintiffs hereby reincorporate arguments made in opposition to 3M's request to seal Dkt. 2275, 2278, and 2278-1, and 2281-2.<br><br>In addition, Plaintiffs respectfully submit there is public interest in the issue of potential financial conflicts highlighted in the November 2021 expose by the *Wall Street Journal*. 3M never asserts that the documents in question contains trade secrets or other confidential information. *See, e.g.*, *Shane*, 825 F.3d at 308. Nor does the Protective Order's presumption of disclosure protect 3M. *See* Dkt. 39 at 2.<br><br>***Defendants' argument:***<br><br>• The redacted portion immediately following "One recently discovered 3M email reveals that she" on page 4: The redacted portion should remain sealed. It quotes from Exhibit 26 (Dkt. 2281) to the Zimmerman Declaration (Dkt. 2280), a document that Defendants have designated "Confidential" under the Protective Order (Dkt. 39). (*See* entry for Dkt. 2281, *supra*.) |

| | | | | | • The redacted portion immediately following "PX26 (3MBH02272887-88)" on page 4: The redacted portion should remain sealed. It quotes from Exhibit 26 (Dkt. 2281) to the Zimmerman Declaration (Dkt. 2280), a document that Defendants have designated "Confidential" under the Protective Order (Dkt. 39). (*See* entry for Dkt. 2281, *supra*.)<br><br>• The redacted portion on page 6: The redacted portion should remain sealed. It paraphrases Exhibit 26 (Dkt. 2281) to the Zimmerman Declaration (Dkt. 2280), a document that Defendants have designated "Confidential" under the Protective Order (Dkt. 39). (*See* entry for Dkt. 2281, *supra*.)<br><br>• The redacted portion on page 7: The redacted portion should remain sealed. It paraphrases Exhibit 26 (Dkt. 2281) to the Zimmerman Declaration (Dkt. 2280), a document that Defendants have designated "Confidential" under the Protective Order (Dkt. 39). (*See* entry for Dkt. 2281, *supra*.) |
| --- | --- | --- | --- | --- | --- |

Date: May 24, 2023                    /s/ Benjamin W. Hulse

**Norton Rose Fulbright US LLP**
Benjamin W. Hulse (MN #0390952)
Mary S. Young (MN #0392781)
60 South Sixth Street, Suite 3100
Minneapolis, MN 55402
T: (612) 321-2800
E: ben.hulse@nortonrosefulbright.com
    mary.young@nortonrosfulbright.com

*Co-Lead Counsel for Defendants 3M*
*Company and Arizant Healthcare Inc.*


Date: May 24, 2023                    /s/ Genevieve M. Zimmerman

**Meshbesher & Spence Ltd.**
Genevieve M. Zimmerman (MN #330292)
1616 Park Avenue South
Minneapolis, MN 55404
T: (612) 339-9121
E: gzimmerman@meshbesher.com

*Co-Lead Counsel for Plaintiffs*