# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Jason Carlson, | Case No. 19-cv-1232 (WMW/DTS) |
| Plaintiff, | **DISCLOSURE & ORDER** |
| v. | |
| BNSF Railway Company, | |
| Defendant. | |

This matter was filed on June 3, 2019. BNSF's Rule 7.1 corporate Disclosure Statement lists BNSF's direct parent as Burlington Northern Santa Fe, LLC, of which National Indemnity Company (NICO) is the sole member. NICO is identified "a subsidiary" of Berkshire Hathaway.

Ten months after the case was filed, on April 6, 2020, Judge Schultz's financial advisor (UBS) purchased shares in Berkshire Hathaway for his and his wife's retirement accounts. Berkshire Hathaway stock accounts for less than .3% of the value of the aggregate assets under management by UBS on these accounts. UBS has discretionary authority over certain accounts such that purchase and sale transactions for such accounts do not require prior authorization or approval. Accordingly, Judge Schultz did not expressly approve the purchase and was not subjectively aware of it at the time. Recently Judge Schultz became aware of his (very) modest ownership interest in Berkshire Hathaway. The Court's conflict system did not identify the purchase as a conflict despite BNSF's Rule 7.1 Disclosure Statement.

Canon 3(c)(1) of the Code of Conduct for United States Judges provides:

> (1) A judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to instances in which:
>
> * * *
>
> (c) the judge knows that the judge, individually or as a fiduciary, or the judge's spouse or minor child residing in the judge's household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be affected substantially by the outcome of the proceeding.

Canon 3C(3)(c) defines a "financial interest" as "ownership of a legal or equitable interest, however small."

Advisory opinions interpreting Canon 3(c)(1) have stated in relevant part:

> . . . the owner of stock in a parent corporation has a financial interest in a controlled subsidiary. Therefore, when a judge knows that a party is controlled by a corporation in which the judge owns stock, the judge should recuse. See Canon 3C(3)(c). When a parent company does not own all or a majority of stock in the subsidiary, the judge should determine whether the parent has control of the subsidiary. The Committee advises that the 10% disclosure requirement in Fed. R. App. P. 26.1 is a benchmark measure of parental control for recusal purposes. However, if the judge owns stock in the subsidiary rather than the parent corporation, and the parent corporation appears as a party in a proceeding, the judge must recuse only if the interest in the subsidiary could be substantially affected by the proceeding. *Id.*

The Court is unaware of any advisory opinion that directly addresses the four-level ownership structure that is involved here. However, in an abundance of caution, Judge Schultz has construed the Canon to cover this circumstance, meaning that his ownership of Berkshire Hathaway stock constitutes a financial interest in a controlled subsidiary, BNSF, and requires recusal from this case.

Between the time UBS purchased Berkshire Hathaway for Judge Schultz's account and the filing of this order Judge Schultz has ruled on six motions in this matter. A list of those motions, their resolution and appeal status is attached hereto.

**IT IS HEREBY ORDERED:** The parties will appear for a status conference in this matter on Thursday, **November 18, 2021** at 1:00 PM in Courtroom 9E, 300 South Fourth Street, Minneapolis.

Dated: November 12, 2021	___s/David T. Schultz_____
	DAVID T. SCHULTZ
	U.S. Magistrate Judge

*19-1232 (Carlson v. BNSF) Motions Judge Schultz decided after April 6, 2020.*

**1.     Order at 56:**

| | | |
|---|---|---|
| #20 | D's mtn to compel | Granted in part, Denied in part |
| #31 | P's mtn to compel | Granted in part, Denied in part |

**2.     Order at 57:**

| | | |
|---|---|---|
| #42 | P's mtn to change PTSO | |
| | for deadlines | Granted |
| | for more expert witnesses | Denied |

*P appealed orders 56, 57:  WMW affirmed at <u>Dkt. No. 84</u>*

**3.     Order at 91 (Txt-only):**

| | | |
|---|---|---|
| #72 | P's mtn for protective order | Granted in part, Denied in part |
| #80 | D's mtn for protective order | Granted in part, Denied in part |

**4.     Order at 110 (Txt-only) and written Order at 122 (after in camera review):**

| | | |
|---|---|---|
| #94 | D's mtn for protective order | Granted in part, Denied in part |
| #101 | P's mtn to compel | Denied |

*P appealed orders 110, 122:  WMW affirmed at <u>Dkt. No. 176</u>*

**5.     Order at 140**

| | | |
|---|---|---|
| #113 | P's mtn to compel | Granted in part, Denied in part |

**6.     Order at 150**

| | | |
|---|---|---|
| #143 | P lttr to file reconsider #140 | Denied |