UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

| | |
|---|---|
| IN RE: Bair Hugger Forced Air Warming Products Liability Litigation | MDL No. 2666 (JNE/DTS) |
| This Document Relates to: | **PLAINTIFFS' OBJECTION TO JUNE 15, 2023 ORDER** |
| All Actions | **REGARDING SEALING** |

_____

Pursuant to Local Rule 72.2(a)(3), Plaintiffs respectfully file this Objection to the June 15, 2023, Order (Doc. 2301) regarding sealing of the redacted Memorandums in Support of Motion for Disqualification of Judge Ericksen and Magistrate Judge Schultz and certain supporting exhibits.

## INTRODUCTION

Under this Court's precedent, the public filing of documents "supersed[es] any reasonable argument [by 3M] that the information should not be entitled to confidential [treatment]." Animal Legal. Def. Fund v. Wild, No. 17-cv-4496 (2019 WL 13159451, at *6 n.7 (D. Minn. Feb. 20, 2019) (JNE/HB). Put another way, this Court has correctly observed an argument to seal public documents is unreasonable. And yet that is the argument 3M advances here. The public has a right to access the Court records. When the term "open court" is used, it is not limited to simply proceedings before just this Court. Open judicial proceedings have long changed what may have been prior legal classifications of documents from "confidential" to "public", at least in part because our

1

court systems – both on the state and federal level – are funded by taxpayers who have an interest in monitoring and reviewing the work of our court systems. Not only does the presumed right of access go to the public interest, but in this case, the underlying documents and the transcript both reflect facts of significant interest regarding public health and safety, as well as judicial integrity and the appearance of impropriety.

A host of documents previously filed before this Court have since been part of the O'Haver trial in Independence, Missouri. These exhibits, which were admitted into evidence in that 2022 trial are part of that public record, and accessible on public websites. And these documents support Plaintiffs arguments in this MDL: that Bair Hugger is capable of causing periprosthetic joint infection, that this risk has been known to Defendants for decades, that since 1993, Defendants have failed to warn of the risks of the Bair Hugger device, and even today fraudulently denies in its marketing materials facts long since admitted by the company when under oath in a judicial proceeding. Knowledge of the risk is indisputable, given that no later than 1987 Defendants provided some warning about airborne contamination and infection even on Bair Hugger products expressly for use only outside the operating room.  Limiting the public access to documents filed in this District that have been publicly admitted in other courts begs an absurd result and one that is contrary to both precedent and practice here in the District of Minnesota.

In entering its Order of June 15, 2023,[1] the Court determined that because some of the documents in question were subject to previous disputes and ruling on sealing that the issue about sealing of these documents is a permanent tattoo in this case.[2] But the June 15, 2023 Order ignores the history of this case since the Eighth Circuit order, including the fact that the portions of the memoranda presently sealed as well as the supporting exhibits submitted under seal in connection with the motion for disqualification have been admitted as part of a public trial. Put another way, the fact that some of the documents at issue have been part of previous disputes is irrelevant once.

The fact that the underlying documents do not put Defendants in a good light is irrelevant. More importantly, the critical issue is whether Defendants have any legal basis to keep these documents sealed in the District of Minnesota when the same exhibits were admitted into evidence in the O'Haver trial in Independence, Missouri and publicly available both through that court and on various publicly available websites. 3M asks this Court create a secret island here in the District of Minnesota, where the public is limited from full access to that which the public could access elsewhere. What possible permissible purpose could this practice serve? Ongoing sealing of documents in support of one of only a handful of motions for disqualification filed in the past twenty years only serves to increase public cynicism and concern the court is unbiased, and when, as here the documents in question have been admitted into evidence in a public trial entertaining 3Ms patently unreasonable argument risks further loss of confidence in the Court.

---

[1] Dkt. 2301, signed June 14. 2023, docketed and served June 15, 2023.
[2] Id.

Accordingly, Plaintiffs file this Objection, requesting this Court overrule the June 15. 2023 Order and unseal all documents related to the disqualification motion.

## ARGUMENT[3]

I. **Public Interest Supports Full Right of Public Access to Filings Related to Public Health and Safety Concerns**

There is a strong public interest afforded by both the First Amendment and common law in allowing public access to court proceedings and records. *See, e.g., Webster Groves Sch. Dist. V. Pulitzer Publ'g Co.*, 898 F.2d 1371, 1376 (8th Cir. 1990); *Ass. Press v. District Court*, 705 F.2d 1143, 1145 (9th Cir. 1983); *Healey v. I-Flow, LLC*, 282 F.R.D. 211, 214 (D. Minn. 2012); *NBC Subsidiary (KNBC-TV), Inc. v. Superior Court*, 980 P.2d 337, 358 (Cal. 1999); *Mokhiber v. Davis*, 537 A.2d 1100, 1107 n. 4 (D.C. 1988). The Eighth Circuit acknowledges that there is a presumption that a right to public records exists absent "compelling reasons [to] justify non-disclosure." *In re Neal*, 461 F.3d 1048, 1053 (8th Cir. 2006). The Protective Order entered in this case acknowledges as much, stating that the "[o]rder will be construed in favor of public disclosure and open proceedings wherever possible" to support the "presumption in favor of open and public judicial proceedings in federal courts."[4]

The Eighth Circuit has established that the public has a right of access to records and documents that form the basis of judicial opinions in civil proceedings. *IDT Corp. v. eBay*, 709 F.3d 1220, 1222 (8th Cir. 2013); *see also Aviva Sports, Inc. v. Fingerhut*

---

[3] Plaintiffs hereby reincorporate by reference all arguments made in the Joint Motion Regarding Ongoing Sealing (Doc. 2298).

[4] Dkt. 39, Pretrial Order No. 7: Protective Order, p. 2.

4

*Direct Mktg, Inc.*, 960 F. Supp. 2d 1011, 1013 (D. Minn. 2013). This requires a weighing the public's interest in access to court records against the "salutary interests served by maintaining confidentiality of the information sought to be sealed." *IDT Corp.*, 709 F.3d at 1222. The weight afforded to the presumption of access "must be governed by the role of the material at issue in the exercise of Article III judicial power and resultant value of such information to those monitoring the federal courts." *Id.* at 1224; *see also Skky, LLC v. Facebook, Inc.*, 191 F. Supp. 3d 977, 980–81 (D. Minn. 2016) (presumptive right of access was "particularly strong" where document sought to be sealed pertained to a motion to transfer venue); *Healey v. I-Flow, LLC*, 282 F.R.D. 211, 214 (D. Minn. 2012) ("heightened burden [exists] to overcome the presumptive right of the public access to the briefs and supporting documents at issue because [they] were filed with the [c]ourt in connection with a merits-based motion").[5] Thus, the right to public access is further heightened when the ruling from the court for which the document is relied upon is dispositive or merits-based. Here, the motion for disqualification is highly unusual, but involves issues of significant public interest regarding one of the largest and longest standing MDLs in the country.

The party attempting to seek restrictions on public right of access to court proceedings bears the burden of showing good cause to support access restrictions. *See Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 785-86 (3rd Cir. 1994) (noting that good

---

[5] The court in *Healey* also expressed concern that maintaining sealing of documents used by the court to reach a determination "could require the court to circumscribe its opinion explaining the decision so that secrets are not revealed or, worse still, result in a blacked-out redacted opinion that looks like it came from a top secret spy agency file." *Id.* at 215.

cause requires showing that disclosure will cause a clearly defined and serious injury, which must be demonstrated with specificity) (quotations omitted); *Miscellaneous Docket Matter # 1 v. Miscellaneous Docket Matter # 2*, 197 F.3d 922, 926 (8th Cir. 1999) (adopting *Pansy*). One of the factors relevant in considering whether to restrict or deny public access is whether confidentiality is being sought over information important to public health and safety. *See Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 483 (3rd Cir. 1995); *see also In re National Hockey League Players' Concussion Injury Litigation*, 2016 WL 1328919, *5 (D. Minn. March 5, 2016) (analyzing "public health and safety" factor in finding that Magistrate Judge did not err by ordering the de-designation of portions of documents "that involved issues germane to the lawsuit and important to the health and safety of the public."); *Healey*, 282 F.R.D. at 214 ("Secreting evidence that underlies a judge's decision conflicts with . . . important goals" to protect public health and safety concerning use of the medical device in question).[6]

Here, Defendants cannot and have not met their burden. Defendants have failed to demonstrate with specificity any clearly defined and serious injury that satisfies the "good cause" requirements for sealing the Court proceedings and files. Indeed, 3Ms argument is because this Court has previously sealed documents, the documents are forever cloaked in secrecy. But that is false. In fact, the documents in question were admitted into evidence, shown to a jury, and part of the open judicial record in the O'Haver matter in Independence, Missouri. 3M admits as much. Likewise the documents

---

[6] There is a clear parallel in terms of use by the public at large between the Pain Buster pain pumps involved in *Healey* and the Bair Hugger device at issue in this litigation.

are available on various websites even today. Yet 3M inconceivably argues that a different standard somehow applies in this MDL, and further, encourages this Court to flout caselaw and even its own prior orders in fashioning a special "3M Bair Hugger-only document sealing rule." Acquiescing to this absurd request to ignore everything that has transpired in 2022 and 2023 risks the credibility of the Court.

Any attempt to seal information publicly available defies logic. In fact, the Protective Order in this case specifically contemplates that publicly available information cannot be considered confidential. *See* PTO #7, Doc. 39, p. 3 ("Information or documents that are available to the public may not be designated as Confidential Information.").

When deciding whether to keep judicial records under seal, courts typically examine "the extent of previous public access to the documents." *Schedin v. Ortho-McNeil-Janssen Pharmaceuticals, Inc.*, 2011 WL 1831597, at *2 (D.Minn. 2011), *quoting United States v. Hubbard,* 650 F.2d 293, 318 (D.C.Cir. 1980). Here the documents have been admitted in a public trial in Missouri and are currently available on various websites. Given this general public access, it would be difficult for this Court to determine that a special rule be fashioned in this District simply for 3M Bair Hugger litigation, attempting to prevent access to documents accessible in other forums. *See also Okla. Publishing Co. v. Dist. Court*, 430 U.S. 308, 310-11 (1977) (individuals may not be restrained from publishing information obtained in courtroom proceedings when they were not excluded from courtroom); *Cox Broadcasting Co. v. Cohn*, 420 U.S. 469 (1975) (individuals cannot be made liable for publishing name of rape victim whose name was already publicly available).

Here, where the information was admitted in a public trial and has been freely available to the public, there is no justification for District of Minnesota-only sealing of those publicly available documents.

## CONCLUSION

The public's ability to evaluate the proceedings in this MDL – one of the largest and longstanding MDLs in the country, is extraordinarily important. That is particularly true here given the nature of motion for disqualification itself. As the Supreme Court observed, "[t]he crucial prophylactic aspects of the administration of justice cannot function in the dark; no community catharsis can occur if justice is 'done in a corner [or] in any covert manner.'" *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 571 (1980). Here, the Court reversed course and suddenly dismissed thousands of lawsuits alleging a public health risk. It has been nearly two years since the Eighth Circuit reversed that decision. The only motion pending in this MDL in those two years is the Plaintiffs Motion for Disqualification, a motion no attorney relishes bringing. Sealing the motion and the exhibits filed in support of it on the basis that some of the documents were previously sealed by this Court would hinder the public's ability to determine exactly what happened and to assess their own level of confidence in the decisions of their public institutions. Beyond that, 3Ms request is unreasonable under this Court's order in *Animal Legal Def. Fund* given since this Court last considered the documents they have been made publicly available in a different proceeding.

Defendants' have falsely advertised and promoted the alleged safety of the Bair Hugger on their websites and publishing Court orders, FDA letters, deposition transcripts,

etc.[7] 3M advances unreasonable arguments requesting this Court fashion "Bair Hugger Only rules", hiding from the public documents filed in the District of Minnesota which have been admitted into evidence in a public trial outside this district. For the reasons stated above, Plaintiffs respectfully request that Magistrate Judge Schultz's June 15, 2023 [Dkt. 2301] Order be reversed with respect to both sealing and partial redactions.

                                                   Respectfully submitted,

Dated: June 29, 2023.                       **MESHBESHER & SPENCE LTD**.

                                                   /s/ Genevieve M. Zimmerman
                                                   Genevieve M. Zimmerman (MN #330292)
                                                   1616 Park Avenue South
                                                   Minneapolis, MN 55404
                                                   Phone: (612) 339-9121
                                                   Fax: (612) 339-9188
                                                   Email: gzimmerman@meshbesher.com

                                                 *Co-Lead Counsel for Plaintiffs*

---

[7]See, e.g., http://www.bairhuggerfacts.com/blog/; http://www.truthaboutbairhugger.com/blog-2017/.