# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: BAIR HUGGER FORCED AIR WARMING DEVICES PRODUCTS LIABILITY LITIGATION | MDL No. 15-2666 (JNE/DTS) |
| This Document Relates to: ALL ACTIONS | **DEFENDANTS' OPPOSITION TO PLAINTIFFS' OBJECTION TO JUNE 15, 2023 ORDER REGARDING SEALING** |

Plaintiffs' objection to the Magistrate Judge's June 15, 2023 Order Regarding Continued Sealing should be overruled. The Order is neither clearly erroneous nor contrary to law. It is consistent with the prior decisions of this Court on sealing of 3M's confidential information and with Eighth Circuit law.

The same issues of sealing and confidentiality have been repeatedly weighed by this Court over the course of this litigation, and the Court has repeatedly confirmed that most of the documents and information at issue here should remain sealed. (Dkts. 2278, 2278-1, 2281-2.) Undeterred, Plaintiffs now argue these documents were admitted into evidence and/or publicly filed during the *O'Haver* trial and are accessible on public websites thereby waiving confidentiality and preventing the Court from further sealing the documents. (Dkt. 2303.) However, these documents (the Bair Paws exhibit, Sales Talking Points exhibit, and the Chen Report), while admitted into evidence and/or publicly filed during trial in *O'Haver*, are still not readily accessible by the public and they reflect competitively sensitive information. This Court has previously found such *de minimis* public access unpersuasive. (Dkt. 2110.) Additionally, the unnamed "public websites" referred to in

Plaintiffs' objection is just one public website, www.bairhuggerlawsuit.com, the advertising website sponsored by four law firms who represent plaintiffs in this litigation, including the law firm of co-lead counsel for Plaintiffs. 3M has sent these plaintiffs' counsel a letter demanding that the sealed documents be removed from their website.

The remaining document, Plaintiffs' Memorandum in Support of their Motion for Disqualification should also remain sealed. (Dkt. 2275.) Not only does it contain quotes from documents previously ordered sealed in this litigation, but the memorandum also contains unfounded allegations and mischaracterizations regarding 3M's business conduct, and would likely cause competitive harm to 3M's business operation if disclosed.

Whenever documents are unsealed in these proceedings, Dr. Augustine routinely blasts an email to his list of thousands of doctors and hospitals with his (misleading) spin on what the documents purportedly reveal. 3M's employees are then forced to spend extensive time responding to Dr. Augustine's latest misrepresentation of the facts. Thus, 3M's interest in maintaining confidentiality of the documents outweighs the public's interest in the right of access. 3M respectfully requests that the Magistrate Judge's June 15, 2023 Order be affirmed.

## ARGUMENT

Although there is a qualified common law right of access to judicial records, there is not a "strong presumption" of access in the Eighth Circuit, and the Court retains broad discretion to decide what documents remain sealed. (ECF No. 2110, Order at 1 (citing *Webster Groves Sch. Dist. v. Pulitzer Pub. Co.*, 898 F.2d 1371, 1376 (8th Cir. 1990) (affirming sealing), *aff'd*, ECF No. 2141).) The right of access "requires a weighing of

2

competing interests," *Webster*, 898 F.2d at 1377, and the Court must weigh the public's interest in accessing a record against a party's interest in maintaining the confidentiality of the information. *IDT Corp. v. eBay*, 709 F.3d at 1220, 1223 (8th Cir. 2013). All four documents should remain sealed because 3M's valid interests in maintaining confidentiality of the information outweighs the public's right of access.

I.  **THE COURT HAS PREVIOUSLY ORDERED THAT THE BAIR PAWS AND SALES TALKING POINTS DOCUMENTS BE SEALED.**

In Plaintiffs' Memorandum in Support of their Motion to Disqualify Judge Ericksen and Magistrate Judge Schultz, Plaintiffs' counsel quoted from and discussed what are known as the Bair Paws and Sales Talking Points documents (Dkts. 2278 and 2278-1.) The Parties have disputed the confidentiality and sealing of these documents numerous times over the course of this litigation and each time, this Court has upheld the confidentiality and/or sealing. (*See* Dkts. 854, 937, 1182, and 1294.) The two documents (or an equivalent produced with a different Bates number) were also ordered sealed in *Gareis v. 3M Co., et al*. (See Dkt. 506.)  Additionally, the Eighth Circuit Court of Appeals in *In re Bair Hugger Forced Air Warming Devices Prod. Liab. Litig.*, 9 F. 4th 768 (8th Cir. 2021), also affirmed the orders sealing he Bair Paws exhibit and Sales Talking Points exhibit. *Id*. at 791-93.

A.  **The Chen Report Should Also Remain Sealed.**

The Chen Report was produced by 3M's consultant, Dr. Jennifer Wagner, and was appropriately designated confidential because it falls into the category of "scientific and technical data/planning and internal communications regarding scientific studies." The Chen Report characterizes 3M's internal CFD work on the Bair Hugger patient warming

3

system. (Dkt. 2281-2.) Similar to other scientific and technical data/planning documents, it contains highly sensitive information that would potentially cause competitive harm to 3M's business operations if publicly disclosed, as demonstrated by the long-running public mischaracterization of documents by Augustine and Plaintiffs.

## II. PLAINTIFFS' COUNSEL CANNOT TRY TO CIRCUMVENT PRIOR SEALING ORDERS BY PROVIDING PUBLIC ACCESS TO THE DOCUMENTS.

No less than five times Plaintiffs state that the documents at issue here (the Bair Paws document, Sales Talking Points, and the Chen Report) were available through "public websites." (Dkt. 2303 at 2, 3, 7, and 8.) However, no website was ever referenced in their Objection. (*Id*.) What Plaintiffs have not stated is that the documents are available on a website sponsored, in part, by four law firms that represent plaintiffs in this litigation, www.bairhuggerlawsuit.com. This includes the law firm of co-lead counsel for Plaintiffs. Plaintiffs' counsel knew the documents were confidential, and in the case of two of the documents (Bair Paws document and Sales Talking Points), were sealed in this litigation but still provided access to the documents. They now ask the Court to unseal documents they themselves have made public.

Just a couple of months ago, in April of this year, Dr. Scott Augustine, the original inventor of the Bair Hugger patient warming system and later convicted of Medicare fraud, sent out an email to his list of hundreds of healthcare providers linking to this very same website and insinuating that the way doctors and hospitals can protect themselves from liability is switching to Augustine's own product the HotDog. (Hulse Decl., Ex. 1, April 25, 2023 Augustine Surgical email.) While Dr. Augustine disclaims any association with

4

the website in his email, his prior association with at least one law firm representing Plaintiffs in this litigation is well known.[1]

Unfortunately, a similar instance of Plaintiffs, and their counsel, circumventing prior sealing orders has previously occurred. (*See* Dkt. 2110 at 1) (granting Defendants' Motion to Request Redaction of Transcript where Plaintiffs' counsel either directly quotes or describes documents the Court previously ordered permanently sealed). In that instance, the unredacted transcript of the hearing had been available for some time, however, the Court concluded it was doubtful that the portions at issue had been widely disseminated outside individuals who already had access to the underlying documents. (*Id*. at 2.) In determining such *de minimis* public access was not enough to overcome 3M's competitive interests to keep the transcript sealed, the Court concluded that:

> it is impossible to put the toothpaste back in the tube without considering who squeezed it onto the counter. They knew the documents were sealed by the Court. Plaintiffs cannot undo this Court's prior sealing orders by reading excerpts into the record at a hearing before Defendants can object.

(*Id*.)

---

[1] *In re Bair Hugger Forced Air Warming Devices Prods. Liab. Litig.*, MDL No. 15-2666 (JNE/FLN), 2017 WL 5188342 (D. Minn. Mar. 7, 2017) ("There are numerous communications between Augustine and Kennedy Hodges relating to an initiative by the two in 2013 to publicize the Walton case [the first Bair Hugger lawsuit] and to solicit other lawyers to bring similar cases. The documents appear to show that the two drafted a solicitation letter and a 'litigation guide,' a portion of which they distributed widely to attorneys who practice personal injury law, collating a large distribution list from a professional organization's membership list. It appears that their motivation in reaching out was to motivate other attorneys to bring related cases or to refer clients to Kennedy Hodges for its assessment of whether to bring a potential case.").

Similarly, Plaintiffs cannot overcome 3M's indisputable competitive interests in keeping these three documents sealed by providing access to the documents on a website sponsored by their counsel. The June 15, 2023 Order Regarding Continued Sealing should be affirmed.

### A.   The *Hubbard* Factors Also Support The Continued Sealing of the Documents.

Plaintiffs also object to continued sealing because the documents were either admitted into evidence during the *O'Haver* trial or filed with the Missouri court. (Dkt. 2303 at 2, 3, 7, and 8; Dkt. 2298 at 17.) When courts are considering whether court records should remain under seal, they are often guided by the six-factor test described in *United States v. Hubbard,* 650 F.2d 293, 318 (D.C. Cir. 1980). Those factors are:

> (1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings.

*Krueger v. Ameriprise Fin., Inc.*, No. 11-2781 (SRN/JSM), 2014 WL 12597948, at *11 (D. Minn. Oct. 14, 2014).

In applying the factors here, the Court should recognize that nearly all of the documents (Bair Paws document and Sales Talking Points) have previously been ordered sealed over the objections of Plaintiffs so factors (3) and (5) support keeping the documents sealed. (*See* Dkt. 2110 at 2.)

Factor (2) also supports maintaining the documents under sealed. Plaintiffs argue that the documents were admitted into evidence during the *O'Haver* trial or filed with the

Missouri court to support their objection to the sealing order. However, a review of the Missouri court's website reveals that only lawyers associated with the case have access to the Court's website. A member of the public would have to go to the courthouse in person and make a request to the court to retrieve the documents.[2]

Considering factors (1) and (4) together, 3M has demonstrated throughout the course of this litigation, 3M faces a real threat of competitive harm if the information is publicly disclosed which also supports keeping the documents sealed. That is because Dr. Augustine has repeatedly misled healthcare providers on what the documents actually disclose in order to serve his own interests in promoting the HotDog. Additionally, the public has no need to know about the Bair Paws document because as this Court has previously concluded, the exhibit is not about the Bair Hugger system, and "is simply an unpublished paper examining the . . . Bair Paws device" and that it falls well short of . . . findings regarding the Bair Hugger." (Dkt. 1294 at 3.)

Finally, factor (6) also supports maintaining the documents under seal. The general public would not understand the purposes for which the documents were introduced during the *O'Haver* trial by the documents themselves. An individual would also need to review the trial transcript(s) to understand the questioning that laid the foundation for the documents admissibility into evidence. Therefore, the balance of factors overcomes the

---

[2] *See* https://www.courts.mo.gov/cnet/cases/newHeader.do?inputVO.caseNumber=1816-CV30710&inputVO.courtId=CT16#docket (last visited July 11, 2023).

qualified common law right of access to judicial records and the underlying documents at issue should remain sealed.

### III. 3M'S INTEREST IN MAINTAINING THE CONFIDENTIALITY OF PLAINTIFFS' MEMORANDUM OUTWEIGHS ANY QUALIFIED RIGHT OF PUBLIC ACCESS.

As mentioned above, the Bair Paws document and the Sales Talking Points are directly quoted in Plaintiffs' memorandum. (See Dkt. 2275 at 19, 21, and 25.) Not only have these documents been previously ordered sealed but unsealing the memorandum would more likely than not cause competitive harm to 3M business operations if disclosed because the quotes mischaracterizes 3M's conduct and would further serve to misinform the public and healthcare providers about 3M and the Bair Hugger patient warming system. The only tool preventing Dr. Augustine, the Bair Huggers system's inventor and now competitor, and Plaintiffs' counsel, from using disclosed documents to further disparage the Bair Hugger system and push healthcare providers to the HotDog system is the maintenance of confidential documents under seal. *Nixon v. Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) (recognizing that "access has been denied where court files might have become a vehicle for improper purposes," and that the court has power "to insure that its records are not used to gratify private spite or promote public scandal" or "as sources of business information that might harm a litigant's competitive standing") (internal citations omitted).

### CONCLUSION

For the foregoing reasons, Plaintiffs' objection to Magistrate Judge Schultz's June 15, 2023 Order should be overruled, and the Order should be affirmed. The Order is neither

clearly erroneous nor contrary to law. The Court has evaluated the appropriateness of maintaining the confidentiality of the documents, and they should remain sealed.

Date: July 13, 2023

*/s/ Benjamin W. Hulse*
**NORTON ROSE FULBRIGHT US LLP**
Benjamin W. Hulse (MN #0390952)
Mary S. Young (MN #0392781)
60 South Sixth Street, Suite 3100
Minneapolis, MN 55402
T: (612) 321-2800
F: (612) 321-2288
ben.hulse@nortonrosefulbright.com
mary.young@nortonrosfulbright.com

**Co-Lead Counsel for Defendants**