UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

In re: BAIR HUGGER FORCED AIR                    MDL No. 15-2666 (JNE/DTS)
WARMING DEVICES PRODUCTS                         ORDER
LIABILITY LITIGATION

This Document Relates to:
See Attached Exhibit A

      Asserting that the plaintiffs in many actions failed to comply with Pretrial Order

No. 23 ("PTO 23") and Rules 25(a) and 41(b) of the Federal Rules of Civil Procedure,

Defendants 3M Company and Arizant Healthcare, Inc., moved to dismiss the actions or,

in actions where "a loss-of-consortium claim may stand alone," the claims of deceased

plaintiffs.  Defendants also moved to dismiss the claims of a plaintiff in one action for

lack of standing.[1]  Plaintiffs filed an omnibus opposition to Defendants' motion.  The

plaintiffs in twenty-four actions jointly opposed Defendants' motion.  Several plaintiffs

individually opposed Defendants' motion.  For the reasons set forth below, the Court

grants in part and denies in part Defendants' motion.

## I.      Background

      "If a party dies and the claim is not extinguished, the court may order substitution

of the proper party.  A motion for substitution may be made by any party or by the

decedent's successor or representative."  Fed. R. Civ. P. 25(a)(1).  PTO 23, issued in

January 2018, expands on the procedures for substitution.  MDL ECF No. 1039.  It

instructs plaintiffs as to the filing and content of both the motion for substitution and a

---

[1]      Defendants moved to dismiss several actions that were subsequently dismissed.
Defendants withdrew the motion as to Case No. 16-cv-3275 and Case No. 17-cv-2153.

"suggestion of death." *Id.*  It warns that noncompliance with these directives "will entitle Defendants to request a dismissal of plaintiff's action with prejudice in accordance with Fed. R. Civ. P. 25(a)." *Id.*

In relevant part, PTO 23 requires plaintiff's counsel to file a suggestion of death "[w]ithin ninety days of [its] entry . . . or the death of a plaintiff, whichever is later." *Id.* The suggestion of death must identify "the plaintiff and describe[] the time, date, and circumstances of the plaintiff's death." *Id.*  PTO 23 and Rule 25 require that a motion for substitution be filed within ninety days of the filing of the suggestion of death.  A motion for substitution must (1) identify the proposed substitute, (2) explain why the proposed substitute is a proper party, and (3) explain why the death of the named plaintiff did not extinguish the claim under the applicable state laws.

Plaintiffs moved to eliminate the ninety-day deadline for filing the suggestion of death, arguing that compliance with PTO 23 is sometimes impossible where a plaintiff relocates or experiences health issues and fails to respond to counsel's communications. Pls.' Mot. to Amend, Sept. 19, 2018, MDL ECF No. 1517.  The Court denied Plaintiffs' motion to amend PTO 23.  Order, Dec. 4, 2018, MDL ECF No. 1614.  The Court acknowledged, however, that it "excuses noncompliance with PTO 23 when compliance is impossible" or where a plaintiff provides "detailed diligent and good faith efforts to comply with the deadlines in PTO 23." *Id.* at 1-2.

In July 2019, the Court entered summary judgment in Defendants' favor.  In August 2021, the United States Court of Appeals for the Eighth Circuit "reverse[d] the grant of summary judgment in favor of 3M." *In re Bair Hugger Forced Air Warming*

2

*Devices Prods. Liab. Litig.*, 9 F.4th 768, 773 (8th Cir. 2021).  The Eighth Circuit issued the mandate in November 2021.  The parties subsequently "agree[d] that the substitution requirements set forth on PTO No. 23 will resume as of February 18, 2022.  Specifically, within 90 days of a plaintiff's death or February 18, 2022, whichever is later, Plaintiffs shall file suggestions of death."

## II.    Legal Standard

If a plaintiff fails to prosecute or comply with PTO 23, the Court may dismiss the case.  Fed. R. Civ. P. 41(b).  Such dismissal may be with prejudice "in cases of willful disobedience of a court order or where a litigant exhibits a pattern of intentional delay." *Hunt v. City of Minneapolis*, 203 F.3d 524, 527 (8th Cir. 2000).  This does not require a "find[ing] that the [plaintiff] acted in bad faith, but requires 'only that he acted intentionally as opposed to accidentally or involuntarily.'"  *Id.* (citation omitted).  The Court excuses noncompliance where plaintiffs have demonstrated excusable neglect or impossibility to comply with PTO 23's deadline.  Order 7, Oct. 26, 2018, MDL ECF No. 1566 ("Without evidence of a reasonable and good faith process for ascertaining whether or not a client is alive, the Court cannot find that either excusable neglect or impossibility justify noncompliance with PTO 23.").

## III.    Discussion

### A.    Plaintiffs' Omnibus Opposition

Plaintiffs renewed their opposition to dismissals based on failure to comply with PTO 23.  The Court previously denied Plaintiffs' motion to amend PTO 23.  Plaintiffs have not demonstrated that PTO 23 should not be enforced.

### B.     Joint Opposition

The plaintiffs in twenty-four actions jointly opposed Defendants' motion.[2]

First, they argued that dismissal is not appropriate for failure to comply with PTO 23.

The Court rejects the argument that dismissal for failure to comply with PTO 23 is

inappropriate:

> The deadlines in PTO 23 obligate counsel to ascertain whether or not their clients are alive and, if necessary, move for substitution.  This process prevents deceased plaintiffs from populating and inflating the MDL docket and allows the Court and Defendants to know the true size of the MDL.  This ultimately prevents court congestion and undue delay in resolving the MDL.  These benefits justify dismissing plaintiffs who willfully disobey PTO 23.
>
>    At any rate, the Court "possesses inherent power to manage its own affairs so as to achieve the orderly and expeditious disposition of cases."  The exercise of this inherent power to dismiss cases under PTO 23 is critical to managing an MDL with roughly 5,000 cases.

Order 2-3, MDL ECF No. 1614 (citation omitted).

Next, the plaintiffs argued there is good cause to not dismiss the cases and to allow

them to seek substitution.  They asserted: (1) "allowing the named plaintiffs to move to

substitute would not prejudice the Defendants in this case because nothing has occurred

in these cases"; (2) "there is no delay or impact on the judicial proceedings because these

cases are basically stayed"; (3) "there may be a number of reasons plaintiffs' counsel may

---

[2]     They are Case Nos. 16-cv-1846, 16-cv-2125, 16-cv-2426, 17-cv-2102, 17-cv-2992, 17-cv-3261, 17-cv-3262, 17-cv-3333, 17-cv-3731, 17-cv-3806, 17-cv-3851, 17-cv-3910, 17-cv-3929, 17-cv-4214, 18-cv-525, 18-cv-1630, 18-cv-1633, 18-cv-1701, 18-cv-1764, 18-cv-2221, 18-cv-2395, 18-cv-2471, 18-cv-2473, and 18-cv-3082.

not hear from a client in 90 days"; and (4) "plaintiffs' counsel assured the Court that he was bringing the motions to substitute in good faith and not to cause delay or prejudice." The Court rejects the plaintiffs' assertion that there is good cause to not enforce PTO 23. *See Zotto v. 3M Co.*, Case No. 18-cv-1764, slip op. at 3 (D. Minn. Apr. 10, 2023) ("More than 5,000 cases are pending in this multidistrict litigation.  The parties are engaged in court-ordered mediation.  Timely notice of a plaintiff's death is critical to ensure that efforts at resolving the multidistrict litigation are spent on cases that are properly part of it."); Order 2, MDL ECF No. 1614; Order 7, MDL ECF No. 1566; *In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*, 496 F.3d 863, 867 (8th Cir. 2007) (stating that an MDL court "must be given greater discretion to organize, coordinate and adjudicate its proceedings, including the dismissal of cases for failure to comply with its orders").  The Court addresses individual cases below.

Finally, the plaintiffs maintained that PTO 23 is unconstitutional:

> The issue is that the Court has not given any notice to potentially interested and/or affected parties before denying the substitutions and queuing the case up for dismissal. While Defendants may argue that plaintiffs' counsel has a duty to provide that notice, **plaintiffs' counsel only has a duty to its own clients**.  In these instances, counsel's clients have died.  PTO 23 places an unreasonable burden on plaintiffs' counsel to try to get in contact with individuals that he or she does not represent and may not know even exist.  In the event the Court wishes to enforce depriving a litigant of its claims against Defendant (i.e., his or her property), the U.S. Constitution mandates that the Court provide notice to all potentially interested parties and that those parties actually receive notice with reasonable certainty.  If the Court were to grant the Defendants' Tenth Motion to Dismiss under PTO 23, it would be a violation of due process under the U.S. Constitution.

(Citations omitted).  PTO 23 requires plaintiff's counsel to file a "Suggestion of Death" within 90 days of the plaintiff's death.  It specifies the timing of a motion to substitute. PTO 23 requires a motion to substitute to "identify the proposed substitute plaintiff by name" and to "describe why the proposed substitute plaintiff is a 'proper' party and why the claim has not been extinguished under the applicable state survivorship statute or applicable state common law."  In addition, "[i]f applicable state law requires the opening of an estate and the appointment of a personal representative to pursue the claims of a deceased plaintiff," PTO 23 requires plaintiff's counsel to "initiate or cause to be initiated proceedings to open an estate and/or obtain the appointment of a personal representative for plaintiff within ninety days of the plaintiff's death."  If necessary, a deceased plaintiff's attorney may request additional time.  *Atkins v. City of Chicago*, 547 F.3d 869, 873 (7th Cir. 2008).  But "a party interested in substitution under the amended rule should not assume that he can rest indefinitely awaiting the suggestion of death before he makes his motion to substitute."  *Kaubisch v. Weber*, 408 F.3d 540, 543 (8th Cir. 2005) (citation omitted).  The Court rejects the plaintiffs' argument that PTO 23 is unconstitutional.

## C.   Defendants' Motion

### 1.   Failure to File a Timely Suggestion of Death

Defendants moved to dismiss two actions—Case Nos. 17-cv-4288 and 17-cv-4366—because the plaintiffs did not file a timely suggestion of death.

**Case No. 17-cv-4288**—Plaintiff Burch died in May 2018.  In December 2018, her daughter informed Plaintiff's counsel of her death.  In February 2019, Defendants moved

6

to dismiss the action for failure to file a timely suggestion of death.  Later in February, a suggestion of death was filed.   In May 2019, a motion to substitute was filed. Defendants opposed the motion to substitute because it does not comply with PTO 23. The Court entered summary judgment in Defendants' favor before the motion to dismiss and the motion to substitute were addressed.  In their tenth motion to dismiss, Defendants moved to dismiss the action for failure to file a timely suggestion of death.  No good cause exists to excuse the failure to comply with PTO 23.  *See* Order 7, MDL ECF No. 1566.  The Court grants Defendants' motion as to Case No. 17-cv-4288.

**Case No. 17-cv-4366**—Plaintiff Thames died in August 2018.  A suggestion of death and a motion to substitute were filed in July 2019.  Before the motion to substitute was addressed, the Court entered summary judgment in Defendants' favor.  In their tenth motion to dismiss, Defendants moved to dismiss the action for failure to file a timely suggestion of death.  Plaintiff Thames opposed the motion.  His counsel stated that counsel "maintained regular and continuous contact with Mr. Thames regarding the status of this litigation" and "notif[ied] him in writing and orally on multiple occasion[s] that in the event of his death, it was imperative that a family member [or] someone else notify us immediately so we could take action to appoint a personal representative to continue with the case."  Counsel described correspondence sent to Plaintiff Thames before and after his death and correspondence sent to his mother after his death.  In April 2019, counsel learned of his death.  A suggestion of death was filed more than two months later.  No good cause exists to excuse the failure to comply with PTO 23.  *See id.*  The Court grants Defendants' motion as to Case No. 17-cv-4366.

## 2.    Failure to File a Timely Motion to Substitute

Defendants moved to dismiss the claims of deceased plaintiffs in many actions[3] because the plaintiffs failed to file timely motions to substitute under PTO 23 and Rule 25.  Defendants noted that no motions to substitute were filed.  The plaintiffs in Case Nos. 18-cv-1701, 18-cv-2221, 18-cv-2471, and 18-cv-2473 responded through the joint opposition.  The remaining plaintiffs did not individually respond to the motion.  Because they failed to file timely motions to substitute, the Court dismisses their claims.[4]

**Case No. 18-cv-1701**—Plaintiff Ager died in February 2019.  A suggestion of death was filed in May 2019.  In the joint opposition, Case No. 18-cv-1701 appears in a chart that displays "cases where a suggestion of death was filed, however, the motion for substitution was due at the time all of the cases were dismissed and consequently a motion for substitution was not filed."  Since the November 2021 mandate, no motion to

---

[3]    They are Case Nos. 16-cv-4189, 17-cv-2949, 17-cv-2974, 17-cv-3012, 17-cv-3048, 17-cv-3202, 17-cv-3214, 17-cv-3268, 17-cv-3518, 17-cv-3866, 17-cv-4139, 17-cv-4379, 17-cv-4416, 17-cv-4498, 17-cv-4611, 17-cv-4829, 17-cv-5158, 17-cv-5521, 17-cv-5568, 17-cv-5571, 18-cv-442, 18-cv-561, 18-cv-720, 18-cv-931, 18-cv-1145, 18-cv-1162, 18-cv-1198, 18-cv-1701, 18-cv-1971, 18-cv-1972, 18-cv-2026, 18-cv-2094, 18-cv-2221, 18-cv-2471, 18-cv-2473, 18-cv-3030, 18-cv-3370, 19-cv-147, 19-cv-391, 19-cv-735, and 19-cv-1013.

[4]    The plaintiffs in Case Nos. 17-cv-3012 and 19-cv-391 filed suggestions of death in May 2019.  A plaintiff in Case No. 18-cv-2094 filed a suggestion of death in July 2020.  Since the November 2021 mandate, no motions to substitute were filed in the cases.

In Case No. 18-cv-3370, a suggestion of death was filed in July 2020 and filed again in September 2023.  A motion to substitute was also filed in September 2023.  Magistrate Judge Schultz denied the motion to substitute as untimely.  No objection was filed.  The Court dismisses the claims of Plaintiff Steven Ruby.

substitute has been filed.  The Court grants Defendants' motion as to Case No. 18-cv-1701.

**Case No. 18-cv-2221**—Plaintiff Wilkinson died in April 2019.  A suggestion of death was filed in June 2019.  In the joint opposition, Case No. 18-cv-2221 appears in a chart that displays "cases where a suggestion of death was filed, however, the motion for substitution was due at the time all of the cases were dismissed and consequently a motion for substitution was not filed."  Since the November 2021 mandate, no motion to substitute has been filed.  The Court grants Defendants' motion as to Case No. 18-cv-2221.

**Case No. 18-cv-2471**—Plaintiff Draggett died in November 2018.  A suggestion of death was filed in February 2019.  The joint opposition states:

> [I]n *Draggett*, a suggestion of death was timely filed, but plaintiffs' counsel's office worked with the potential personal representative for nearly six months to obtain the proper documentation to substitute her in.  However, this was past the 90-day deadline and due to major transitions in the law firm, filing the late motion for substitution was delayed.  However, the failure was not intentional, willful, nor in bad faith.

(Citations omitted).  Counsel did not seek an extension of time to file a motion to substitute.  Before the entry of summary judgment in Defendants' favor in July 2019, a motion to substitute was not filed.  Since the November 2021 mandate, no motion to substitute has been filed.  The Court grants Defendants' motion as to Case No. 18-cv-2471.

**Case No. 18-cv-2473**—Plaintiff Grady died in March 2019.  A suggestion of death was filed in June 2019.  In the joint opposition, Case No. 18-cv-2473 appears in a chart that displays "cases where a suggestion of death was filed, however, the motion for substitution was due at the time all of the cases were dismissed and consequently a motion for substitution was not filed."  Since the November 2021 mandate, no motion to substitute has been filed.  The Court grants Defendants' motion as to Case No. 18-cv-2473.

**Loss-of-Consortium Claims**—Defendants moved to dismiss the loss-of-consortium claims in several actions because the claims are derivative.  The Court agrees.  The loss-of-consortium claims in Case No. 17-cv-4139, *see Priester v. Turner*, 896 S.E.2d 710, 710-11 (Ga. Ct. App. 2023); Case No. 18-cv-931, *see Taggart v. Costabile*, 14 N.Y.S.3d 388, 399-400 (N.Y. App. Div. 2015); Case No. 19-147, *see Lewis v. Dust Bowl Tulsa, LLC*, 377 P.3d 166, 170 n.2 (Okla. Civ. App. 2016); and Case No. 19-cv-735, *see Faulkner v. Allstate Ins. Co.*, 367 So. 2d 214, 217 (Fla. 1979), are dismissed.[5]

---

[5]     Defendants did not move to dismiss the loss-of-consortium claims in Case Nos. 17-cv-3048, 17-cv-3202, 17-cv-3268, 18-cv-1145, 18-cv-1162, 18-cv-1198, 18-cv-2094, and 18-cv-3030.

     In Case No. 18-cv-3370, Defendants argued that Plaintiff Cynthia Ruby's loss-of-consortium claim should be dismissed because it "cannot stand independently."  Defendants also argued that her claim may continue "in limited circumstances."  Defendants included *Ruby* in their eleventh motion to dismiss.  In it, they asserted that Plaintiff Cynthia Ruby's loss-of-consortium "may stand alone."  Insofar as Defendants moved to dismiss Plaintiff Cynthia Ruby's loss-of-consortium claim, the Court denies their tenth motion to dismiss.

### 3.    Failure to File Both a Timely Suggestion of Death and a Timely Motion to Substitute

Defendants moved to dismiss fifteen actions[6] because the plaintiffs filed untimely suggestions of death and did not file motions to substitute.  The plaintiffs in Case Nos. 17-cv-2992, 17-cv-3806, 17-cv-4214, and 18-cv-3082 responded through the joint opposition.  Except for Case Nos. 16-cv-4332 and 19-cv-51, the plaintiffs in the other actions did not individually respond to the motion.  Because they did not file timely suggestions of death and did not file motions to substitute, the Court dismisses their claims.

**Case No. 16-cv-4332**—Plaintiff Jumpp filed an untimely opposition to Defendants' motion.  It states that he died in July 2019, that his attorney died in March 2020, that his attorney was unable to make proper arrangements to transfer his files, that his present attorney appeared in June 2022, that a suggestion of death was filed in January 2023, and that Plaintiff Jumpp's sister is "in the process of opening an estate for her brother in order to substitute herself as a party Plaintiff."  No motion to substitute has been filed.  In October 2023, Plaintiff Jumpp did file a Motion for Enlargement of Time to File a Motion to Substitute Party Plaintiff on the MDL docket.  The motion was marked "filed in error."  It essentially restates his opposition to Defendants' motion to dismiss.  Plaintiff Jumpp's attorney filed a suggestion of death more than six months after he filed a Notice of Substitution of Counsel.  More than nine months later, he moved to

---

[6]    They are Case Nos. 16-cv-4332, 17-cv-1677, 17-cv-2539, 17-cv-2992, 17-cv-3003, 17-cv-3085, 17-cv-3806, 17-cv-4214, 17-cv-5289, 18-cv-555, 18-cv-1265, 18-cv-1442, 18-cv-1501, 18-cv-3082, and 19-cv-51.

enlarge the time to file a motion to substitute.  No good cause exists to excuse the failure to comply with PTO 23.  *See Kaubisch*, 408 F.3d at 542.  The Court grants Defendants' motion to dismiss Case No. 16-cv-4332.

**Case No. 17-cv-2992**—In the joint opposition, Case No. 17-cv-2992 appears in a chart that displays "plaintiffs identified in Defendants' motion to dismiss who submitted briefing and requested leave to file a suggestion of death and motion to substitute, but whose decision was stayed by the Court pending Defendants' previous motion to dismiss."  Plaintiff Luttrell died in April 2018.  In February 2019, Defendants moved to dismiss the action for failure to file a suggestion of death.  Later in February, Plaintiff Luttrell opposed the motion and moved for leave to file a suggestion of death.  Defendants responded that he is "free to file the late suggestion[] of death without leave of Court" and that he "can oppose Defendants' motion to dismiss by arguing that compliance with the deadline was impossible or that [his] noncompliance was the result of excusable neglect."  Plaintiff Luttrell's motion for leave was taken under advisement pending disposition of Defendants' motion to dismiss.  Before the Court addressed the motion to dismiss, the Court entered summary judgment in Defendants' favor.  No motion to substitute has been filed.

In support of his motion for leave to file a suggestion of death and in opposition to Defendants' previous motion to dismiss, Plaintiff Luttrell stated that "[c]ounsel for Plaintiff keeps its clients aware of developments in this and other litigation through its monthly email newsletter"; that counsel "recommends that clients inform their family about any pending litigation and have a family member contact the firm in the event that

the client is suffering from severe health issues or has passed away"; that, in February 2019, Defendants informed Plaintiff's counsel by email that Plaintiff Luttrell died in April 2018; that "[c]ounsel was not aware of Mr. Luttrell's passing prior to receipt of this email"; that counsel attempted to contact Plaintiff Luttrell's next of kin; and that next of kin wish to proceed with the case.  No good cause exists to excuse the failure to comply with PTO 23.  *See* Order 7, MDL ECF No. 1566.  As to Case No. 17-cv-2992, the Court grants Defendants' tenth motion to dismiss.

**Case No. 17-cv-3806**—In the joint opposition, Case No. 17-cv-3806 appears in a chart that displays "plaintiffs identified in Defendants' motion to dismiss who submitted briefing and requested leave to file a suggestion of death and motion to substitute, but whose decision was stayed by the Court pending Defendants' previous motion to dismiss."  Plaintiff Barker died in September 2018.  In February 2019, Defendants moved to dismiss the action for failure to file a suggestion of death.  Later in February, Plaintiff Barker opposed the motion and moved for leave to file a suggestion of death.  Defendants responded that he is "free to file the late suggestion[] of death without leave of Court" and that he "can oppose Defendants' motion to dismiss by arguing that compliance with the deadline was impossible or that [his] noncompliance was the result of excusable neglect."  Plaintiff Barker's motion for leave was taken under advisement pending disposition of Defendants' motion to dismiss.  Before the Court addressed the motion to dismiss, the Court entered summary judgment in Defendants' favor.  No motion to substitute has been filed.

In support of his motion for leave to file a suggestion of death and in opposition to Defendants' previous motion to dismiss, Plaintiff Barker stated that "[c]ounsel for Plaintiff keeps its clients aware of developments in this and other litigation through its monthly email newsletter"; that counsel "recommends that clients inform their family about any pending litigation and have a family member contact the firm in the event that the client is suffering from severe health issues or has passed away"; that, in February 2019, Defendants informed Plaintiff's counsel by email that Plaintiff Barker died in September 2018; that "[c]ounsel was not aware of Mr. Barker's passing prior to receipt of this email"; that counsel attempted to contact Plaintiff Barker's next of kin; and that Plaintiff Barker's spouse "intends to continue the case in her capacity as executrix of the estate." No good cause exists to excuse the failure to comply with PTO 23. *See id.* As to Case No. 17-cv-3806, the Court grants Defendants' tenth motion to dismiss.

**Case No. 17-cv-4214**—In the joint opposition, Case No. 17-cv-4214 appears in a chart that displays "plaintiffs identified in Defendants' motion to dismiss who submitted briefing and requested leave to file a suggestion of death and motion to substitute, but whose decision was stayed by the Court pending Defendants' previous motion to dismiss." Plaintiff Ray died in March 2018. In February 2019, Defendants moved to dismiss the action for failure to file a suggestion of death. Later in February, Plaintiff Ray opposed the motion and moved for leave to file a suggestion of death. Defendants responded that she is "free to file the late suggestion[] of death without leave of Court" and that she "can oppose Defendants' motion to dismiss by arguing that compliance with the deadline was impossible or that [her] noncompliance was the result of excusable

neglect."  Plaintiff Ray's motion for leave was taken under advisement pending disposition of Defendants' motion to dismiss.  Before the Court addressed the motion to dismiss, the Court entered summary judgment in Defendants' favor.  No motion to substitute has been filed.

In support of her motion for leave to file a suggestion of death and in opposition to Defendants' previous motion to dismiss, Plaintiff Ray stated that "[c]ounsel for Plaintiff keeps its clients aware of developments in this and other litigation through its monthly email newsletter"; that counsel "recommends that clients inform their family about any pending litigation and have a family member contact the firm in the event that the client is suffering from severe health issues or has passed away"; that, in February 2019, Defendants informed Plaintiff's counsel by email that Plaintiff Barker died in March 2018; that "[c]ounsel was not aware of Ms. Ray's passing prior to receipt of this email"; that counsel attempted to contact Plaintiff Ray's next of kin; that Plaintiff's counsel "was able to get in contact" with Plaintiff Ray's sister; and that "efforts to locate next of kin have not been successful to date."  No good cause exists to excuse the failure to comply with PTO 23.  *See id.*  As to Case No. 17-cv-4214, the Court grants Defendants' tenth motion to dismiss.

**Case No. 18-cv-3082**—Plaintiff Weatherford died in March 2019.  A suggestion of death was filed in July 2019.  In the joint opposition, Case No. 18-cv-3082 appears in a chart that displays "cases where a suggestion of death was filed, however, the motion for substitution was due at the time all of the cases were dismissed and consequently a motion for substitution was not filed."  Since the November 2021 mandate, no motion to

15

substitute has been filed.  The Court grants Defendants' motion as to Case No. 18-cv-3082.

**Case No. 19-cv-51**—Plaintiff Melrose died in December 2021.  A suggestion of death was filed in May 2023.  A motion to substitute was filed in August 2023.  The next month, the Honorable David T. Schultz, United States Magistrate Judge, denied the motion to substitute.  No objection was filed.  For the reasons stated in the denial of the motion to substitute, the Court grants Defendants' motion to dismiss Case No. 19-cv-51.

### 4.    Failure to File Either a Suggestion of Death or a Motion to Substitute

Defendants moved to dismiss the claims of deceased plaintiffs in twenty actions[7] because "the plaintiffs . . . have failed to file either a suggestion of death or a motion to substitute, let alone file either timely."  A suggestion of death was filed in Case No. 16-cv-4189; the case was addressed above.  The plaintiffs in Case Nos. 17-cv-199 and 17-cv-3127 individually responded to Defendants' motion.  The plaintiffs in Case Nos. 17-cv-2102, 17-cv-3261, 17-cv-3333, 17-cv-3851, 17-cv-3929, 18-cv-525, 18-cv-1630, 18-cv-1633, and 18-cv-2395 responded through the joint opposition.  The plaintiffs in the remaining cases did not individually respond to Defendants' motion.[8]  Because they

---

[7]    They are Case Nos. 16-cv-2784, 16-cv-3990, 16-cv-4189, 17-cv-151, 17-cv-199, 17-cv-1197, 17-cv-2102, 17-cv-2925, 17-cv-3127, 17-cv-3261, 17-cv-3333, 17-cv-3851, 17-cv-3929, 17-cv-3976, 17-cv-4777, 17-cv-5083, 18-cv-525, 18-cv-1630, 18-cv-1633, and 18-cv-2395.

[8]    In Case Nos. 16-cv-2784 and 16-cv-3990, stipulations to dismiss were filed in September 2023.  They were marked "filed in error."

The plaintiffs in Case Nos. 17-cv-1197, 17-cv-2925, and 17-cv-5083 died after the entry of summary judgment in Defendants' favor in July 2019 and before the mandate

failed to file timely suggestions of death or timely motions to substitute, the Court dismisses their claims.[9]

Case No. 17-cv-199—A suggestion of death and a motion to substitute were filed in Case No. 17-cv-199. Insofar as Defendants moved to dismiss the action because Plaintiff Taylor failed to file a suggestion of death or a motion to substitute, the Court denies the motion.[10]

Case No. 17-cv-2102—Plaintiff Cabrera died in December 2020. In the joint opposition, Case No. 17-cv-2102 appears in a chart that displays "plaintiffs who died during case dismissal and who did not comply with PTO 23 due to lack of notice that PTO 23 was back in effect." Since the November 2021 mandate, neither a suggestion of death nor a motion to substitute has been filed. As to Case No. 17-cv-2102, the Court grants Defendants' motion to dismiss.

Case No. 17-cv-3127—Plaintiff Bonafede died in August 2021. A suggestion of death was filed in September 2023, after Defendants moved to dismiss the action. According to Plaintiff's attorney, the attorney learned of Plaintiff Bonafede's death in

---

issued in November 2021. Since the November 2021 mandate, no suggestions of death have been filed.

On the same day that Defendants filed their motion to dismiss, a suggestion of death and a motion to substitute were filed in Case No. 17-cv-4777. In September 2023, Magistrate Judge Schultz denied the motion to substitute. No objection was filed.

[9]     Defendants did not move to dismiss the loss-of-consortium claim in Case No. 17-cv-3976.

[10]     Defendants also moved to dismiss Case No. 17-cv-199 for the reasons stated in their ninth motion to dismiss. Case No. 17-cv-199 is addressed below.

August 2021, contacted Plaintiff Bonafede's "only surviving heir and sister," and advised the sister in September 2021 that "it was necessary that she or someone else agree to serve as Personal Representative of the estate for the limited purpose of proceeding with the lawsuit." The sister declined. The attorney sent several letters to the sister over the next two years. In August 2023, the sister agreed to serve as personal representative of the estate after the action was randomly selected as part of a process to identify cases that may be tried. There is no good cause to excuse the failure to comply with PTO 23. As to Case No. 17-cv-3127, the Court grants Defendants' tenth motion to dismiss.

**Case No. 17-cv-3261**—Plaintiff Brock died in January 2021. In the joint opposition, Case No. 17-cv-3261 appears in a chart that displays "plaintiffs who died during case dismissal and who did not comply with PTO 23 due to lack of notice that PTO 23 was back in effect." Since the November 2021 mandate, neither a suggestion of death nor a motion to substitute has been filed. As to Case No. 17-cv-3261, the Court grants Defendants' motion to dismiss.

**Case No. 17-cv-3333**—Plaintiff Royal died in August 2021. In the joint opposition, Case No. 17-cv-3333 appears in a chart that displays "plaintiffs who died during case dismissal and who did not comply with PTO 23 due to lack of notice that PTO 23 was back in effect." Since the November 2021 mandate, neither a suggestion of death nor a motion to substitute has been filed. As to Case No. 17-cv-3333, the Court grants Defendants' motion to dismiss.

**Case No. 17-cv-3851**—Plaintiff Colby died in September 2020. In the joint opposition, Case No. 17-cv-3851 appears in a chart that displays "plaintiffs who died

during case dismissal and who did not comply with PTO 23 due to lack of notice that PTO 23 was back in effect." Since the November 2021 mandate, neither a suggestion of death nor a motion to substitute has been filed. As to Case No. 17-cv-3851, the Court grants Defendants' motion to dismiss.

**Case No. 17-cv-3929**—Plaintiff LaRezza died in September 2020. In the joint opposition, Case No. 17-cv-3929 appears in a chart that displays "plaintiffs who died during case dismissal and who did not comply with PTO 23 due to lack of notice that PTO 23 was back in effect." Since the November 2021 mandate, neither a suggestion of death nor a motion to substitute has been filed. As to Case No. 17-cv-3929, the Court grants Defendants' motion to dismiss.

**Case No. 18-cv-525**—Plaintiff Syler died in April 2018. The joint opposition states that "plaintiffs' counsel was not informed that Mr. Syler passed away until *after* the PTO 23 deadlines lapsed and could not reach a potential personal representative until 2023, despite multiple attempts." Neither a suggestion of death nor a motion to substitute has been filed. No good cause exists to excuse the failure to comply with PTO 23. *See id.* As to Case No. 18-cv-525, the Court grants Defendants' motion to dismiss.

**Case No. 18-cv-1630**—Plaintiff Broussard died in June 2021. In the joint opposition, Case No. 18-cv-1630 appears in a chart that displays "plaintiffs who died during case dismissal and who did not comply with PTO 23 due to lack of notice that PTO 23 was back in effect." Since the November 2021 mandate, neither a suggestion of death nor a motion to substitute has been filed. As to Case No. 18-cv-1630, the Court grants Defendants' motion to dismiss.

**Case No. 18-cv-1633**—Plaintiff Gyarmati died in May 2019.  The joint opposition states that her "suggestion of death and motion for substitution were due during the case dismissal and consequently neither were filed."  Since the November 2021 mandate, neither a suggestion of death nor a motion to substitute has been filed.  As to Case No. 18-cv-1633, the Court grants Defendants' motion to dismiss.

**Case No. 18-cv-2395**—Plaintiff Hall died in February 2021.  In the joint opposition, Case No. 18-cv-2395 appears in a chart that displays "plaintiffs who died during case dismissal and who did not comply with PTO 23 due to lack of notice that PTO 23 was back in effect."  Since the November 2021 mandate, neither a suggestion of death nor a motion to substitute has been filed.  As to Case No. 18-cv-2395, the Court grants Defendants' motion to dismiss.

### 5.    Motions to Substitute Denied

Defendants moved to dismiss the claims of the deceased plaintiffs in eight actions because Magistrate Judge Schultz denied the plaintiffs' motions to substitute for failure to comply with PTO 23.[11]  Defendants moved to dismiss the claims of the deceased plaintiffs.  The plaintiffs in Case Nos. 16-cv-2426, 17-cv-3731, 17-cv-3910, and 18-cv-1764 responded through the joint opposition.  The plaintiffs in the remaining cases did

---

[11]    They are Case Nos. 16-cv-2226, 16-cv-2426, 17-cv-1888, 17-cv-3731, 17-cv-3910, 18-cv-1476, 18-cv-1764, and 19-cv-417.  Except in Case No. 18-cv-1764, no objections to Magistrate Judge Schultz's orders denying the motions to substitute were filed.

not individually respond to Defendants' motion.  Because they failed to comply with PTO 23, the Court dismisses their claims.[12]

**Case No. 16-cv-2426**—In the joint opposition, Case No. 16-cv-2426 appears in a chart that displays "plaintiffs who died during case dismissal and who did not comply with PTO 23 due to lack of notice that PTO 23 was back in effect."  Plaintiff Lay died in September 2020.  In February 2023, a suggestion of death and a motion to substitute were filed.  Magistrate Judge Schultz denied the motion to substitute.  No good cause exists to excuse the failure to comply with PTO 23.  As to Case No. 16-cv-2426, the Court grants Defendants' motion to dismiss.

**Case No. 17-cv-3731**—In the joint opposition, Case No. 17-cv-3731 appears in a chart that displays "plaintiffs who died during case dismissal and who did not comply with PTO 23 due to lack of notice that PTO 23 was back in effect" and a chart that displays "cases where a suggestion of death was filed, however, the motion for substitution was due at the time all of the cases were dismissed and consequently a motion for substitution was not filed (except Hodges, who had a motion for substitution filed upon discovery that PTO 23 was back in effect, but was denied)."  Plaintiff Hodges died in February 2019.  A suggestion of death was filed in May 2019.  In January 2023, a motion to substitute was filed.  Magistrate Judge Schultz denied the motion to substitute. No good cause exists to excuse the failure to comply with PTO 23.  As to Case No. 17-cv-3731, the Court grants Defendants' motion to dismiss.

---

[12]     Defendants did not move to dismiss the loss-of-consortium claims in Case Nos. 18-cv-1476 and 19-cv-417.

**Case No. 17-cv-3910**—In the joint opposition, Case No. 17-cv-3910 appears in a chart that displays "plaintiffs who died during case dismissal and who did not comply with PTO 23 due to lack of notice that PTO 23 was back in effect." Plaintiff Smith died in May 2022, several months after the November 2021 mandate. His spouse notified counsel of his death in July 2022. In February and March 2023, suggestions of death and motions to substitute were filed. In the motion to substitute, Plaintiff Smith stated "[t]he deadlines to file the Suggestion of Death and Motion for Substitution were not calendared due to human error." Magistrate Judge Schultz denied the motion to substitute. No good cause exists to excuse the failure to comply with PTO 23. As to Case No. 17-cv-3910, the Court grants Defendants' motion to dismiss.

**Case No. 18-cv-1764**—In the joint opposition, Case No. 18-cv-1764 appears in a chart that displays "plaintiffs who died during case dismissal and who did not comply with PTO 23 due to lack of notice that PTO 23 was back in effect." Plaintiff Zotto died in January 2021. A suggestion of death and a motion to substitute were filed in January 2023. Magistrate Judge Schultz denied the motion to substitute. Plaintiff Zotto objected. The Court overruled the objections and affirmed Magistrate Judge Schultz's Order. No good cause exists to excuse the failure to comply with PTO 23. As to Case No. 18-cv-1764, the Court grants Defendants' motion to dismiss.

### 6.    Actions Subject to Prior Motions to Dismiss

Defendants' seventh, eighth, and ninth motions to dismiss based on failures to comply with PTO 23 were pending when the Court entered summary judgment in Defendants' favor and terminated the motions to dismiss without ruling on them.

Defendants renewed the motions to dismiss with respect to more than thirty actions.[13] The plaintiffs in Case Nos. 16-cv-2273, 16-cv-2880, 16-cv-3293, 17-cv-39, 17-cv-199, 17-cv-141, 17-cv-4527, 17-cv-4576, and 17-cv-5274 individually responded to Defendants' renewed motion.  The plaintiffs in Case Nos. 16-cv-1846, 16-cv-2125, and 17-cv-3262 responded through the joint opposition.  The plaintiffs in the other actions did not individually respond to the renewed motion.

**Case No. 15-cv-4360**—In their ninth motion to dismiss, Defendants moved to dismiss the claims of Plaintiff James Rhoton for failure to file a timely suggestion of death and a timely motion for substitution.  He died in August 2018.  A suggestion of death was filed in February 2019, after Defendants informed Plaintiffs' attorney of his death.  A motion to substitute was filed in July 2019, after Plaintiff Sarah Rhoton "was granted with Letters Testamentary."  In their response to Defendants' ninth motion to dismiss, Plaintiffs acknowledged that "they were slightly delinquent in filing [a] suggestion[] of death and moving to substitute a proper party."  Plaintiffs asserted that dismissal of Plaintiff James Rhoton's claims would not serve the purposes of Rule 25 and PTO 23 and that dismissal of his claims would be unduly harsh.  Plaintiffs did not individually respond to Defendants' tenth motion to dismiss.  There is no good cause to excuse the failure to comply with PTO 23.  *See* Order 7, MDL ECF No. 1566.  The Court

---

[13]     They are Case Nos. 15-cv-4360, 16-cv-26, 16-cv-1778, 16-cv-1846, 16-cv-2125, 16-cv-2273, 16-cv-2276, 16-cv-2880, 16-cv-3293, 16-cv-4000, 16-cv-4190, 16-cv-4355, 17-cv-39, 17-cv-141, 17-cv-199, 17-cv-352, 17-cv-967, 17-cv-1327, 17-cv-1528, 17-cv-1865, 17-cv-2168, 17-cv-2518, 17-cv-2666, 17-cv-3222, 17-cv-3262, 17-cv-4527, 17-cv-4576, 17-cv-5274, 18-cv-106, 18-cv-575, 18-cv-1571, and 18-cv-2764.

grants Defendants' motion to dismiss the claims of Plaintiff James Rhoton in Case No.
15-cv-4360.  Defendants did not move to dismiss the claims of Plaintiff Sarah Rhoton.

**Case No. 16-cv-26**—In their eighth motion to dismiss, Defendants moved to
dismiss Case No. 16-cv-26 because the plaintiff failed to file a timely suggestion of
death.  Plaintiff Norton died in March 2018.  A suggestion of death was filed in April
2019.  Plaintiff Norton did not oppose Defendants' eighth motion to dismiss and did not
individually respond to Defendants' tenth motion to dismiss.  As to Case No. 16-cv-26,
the Court grants Defendants' tenth motion to dismiss.

**Case No. 16-cv-1778**—In their seventh motion to dismiss, Defendants moved to
dismiss Case No. 16-cv-1778 because the plaintiff failed to file a timely suggestion of
death.  Plaintiff Dinkins died in April 2018.  No suggestion of death was filed.  Plaintiff
Dinkins did not oppose Defendants' seventh motion to dismiss and did not individually
respond to Defendants' tenth motion to dismiss.  As to Case No. 16-cv-1778, the Court
grants Defendants' tenth motion to dismiss.

**Case No. 16-cv-1846**—In the joint opposition, Case No. 16-cv-1846 appears in a
chart that displays "plaintiffs identified in Defendants' motion to dismiss who submitted
briefing and requested leave to file a suggestion of death and motion to substitute, but
whose decision was stayed by the Court pending Defendants' previous motion to
dismiss."  Plaintiff Tate died in July 2017.  In March 2019, Defendants moved to dismiss
the action for failure to file a suggestion of death.  Later in March, Plaintiff Tate opposed
the motion and moved for leave to file a suggestion of death.  Defendants responded that
"Plaintiff's counsel is free to file the late suggestion of death without leave of Court" and

that Plaintiff's counsel "can oppose Defendants' motion to dismiss by arguing that
compliance with the deadline was impossible or that their noncompliance was the result
of excusable neglect."  Plaintiff Tate's motion for leave was taken under advisement
pending disposition of Defendants' motion to dismiss.  Before the Court addressed the
motion to dismiss, the Court entered summary judgment in Defendants' favor.  Since the
November 2021 mandate, neither a suggestion of death nor a motion for substitution has
been filed.

In support of her motion for leave to file a suggestion of death and in opposition to
Defendants' previous motion to dismiss, Plaintiff Tate stated that "[c]ounsel for Plaintiff
keeps its clients aware of developments in this and other litigation through its monthly
email newsletter"; that counsel "recommends that clients inform their family about any
pending litigation and have a family member contact the firm in the event that the client
is suffering from severe health issues or has passed away"; that, in March 2019,
Defendants informed Plaintiff's counsel by email that Plaintiff Tate died in July 2017;
that "[c]ounsel was not aware of Mrs. Tate's passing prior to receipt of this email"; that
counsel attempted to contact Plaintiff Tate's next of kin; and that Plaintiff Tate's spouse
"intends to proceed with the pending case."  No good cause exists to excuse the failure to
comply with PTO 23.  *See id.*  As to Case No. 16-cv-1846, the Court grants Defendants'
tenth motion to dismiss.

**Case No. 16-cv-2125**—In the joint opposition, Case No. 16-cv-2125 appears in a
chart that displays "cases where a suggestion of death was filed, however, the motion for
substitution was due at the time all of the cases were dismissed and consequently a

motion for substitution was not filed."  Plaintiff Milam died in December 2018.  After Defendants informed Plaintiff's counsel of her death, a suggestion of death was filed in early July 2019.  The next day, Defendants moved to dismiss the action for failure to file a timely suggestion of death.  In a declaration filed in response to Defendants' motion, Plaintiff Milam's counsel stated that "[c]ounsel was in regular contact with Ms. Milam throughout 2017 and 2018"; that, "[o]n July 1, 2019, counsel received an email from Defendants suggesting that Ms. Milam had passed away on December 14, 2018"; that "[c]ounsel was not aware of Ms. Milam's apparent passing prior to receipt of this email"; and that Plaintiff's counsel "has not been able to establish contact with Ms. Milam or any next of kin to confirm her passing and determine how to proceed."  Before the Court addressed Defendants' motion to dismiss, the Court entered summary judgment in Defendants' favor.  Since the November 2021 mandate, no motion to substitute has been filed.  No good cause exists to excuse the failure to comply with PTO 23.  *See id.*  The Court grants Defendants' motion as to Case No. 16-cv-2125.

**Case No. 16-cv-2273**—Plaintiff Bloom died in December 2018.  In early July 2019, Defendants moved to dismiss the action for failure to file a suggestion of death. Later in July, a suggestion of death was filed.  A motion to substitute was filed in October 2023.  Magistrate Judge Schultz denied the motion to substitute.  No objection was filed. For the reasons stated by Magistrate Judge Schultz, the Court grants Defendants' tenth motion to dismiss as to Case No. 16-cv-2273.

**Case No. 16-cv-2276**—In their ninth motion to dismiss, Defendants moved to dismiss Case No. 16-cv-2276 because the plaintiff failed to file a timely suggestion of

death.  Plaintiff White died in October 2018.  No suggestion of death has been filed.

Plaintiff White did not oppose Defendants' ninth motion to dismiss and did not

individually respond to Defendants' tenth motion to dismiss.  As to Case No. 16-cv-2276,

the Court grants Defendants' tenth motion to dismiss.

**Case No. 16-cv-2880**—Plaintiff Brunner died in March 2017.  More than two

years later, Plaintiff's attorney learned of his death through an email from Defendants.  In

April 2019, Defendants moved to dismiss the action for failure to file a suggestion of

death.  Later in April, a suggestion of death was filed.  In July 2019, a motion to

substitute was filed.  Defendants opposed the motion to substitute, asserting that it fails to

comply with PTO 23.  In response to Defendants' renewed motion to dismiss, Plaintiff

Brunner argued that his "only transgression is that a Suggestion of Death was not filed

within the 90-day time period, as counsel for Plaintiff was not aware that Plaintiff had

passed away."  There is no good cause to excuse the failure to comply with PTO 23.  *See

id.*  As to Case No. 16-cv-2880, the Court grants Defendants' tenth motion to dismiss.

**Case No. 16-cv-3293**—Plaintiff Bonnie Wireman died in November 2018.  A

suggestion of death was filed in April 2019, after Defendants informed her attorney of

her death.  Defendants moved to dismiss Plaintiff Bonnie Wireman's claims for failure to

comply with the deadline to file a suggestion of death established by PTO 23.  She

opposed the motion, asserting that the requirement to file a suggestion of death within 90

days need not be followed because Kentucky law provides a 1-year revival period and

that good cause exists for the failure to file a timely suggestion of death.  The Court

rejects her argument regarding Kentucky law.  *See In re Baycol Prods. Litig.*, 616 F.3d

27

778, 785 (8th Cir. 2010). According to Plaintiff Bonnie Wireman's attorney, "counsel maintains a system of routine contact to ensure the Court and all parties know whether or not plaintiffs are still living." That system "ensures every client is contact routinely, at least once every five or six months." There is no good cause to excuse the failure to comply with PTO 23. *See* Order 7, MDL ECF No. 1566. The Court grants Defendants' tenth motion to dismiss the claims of Plaintiff Bonnie Wireman in Case No. 16-cv-3293. Defendants did not move to dismiss the claim of Plaintiff Clayton Wireman.

**Case No. 16-cv-4000**—In their seventh motion to dismiss, Defendants moved to dismiss Case No. 16-cv-4000 because the plaintiff failed to file a timely suggestion of death. Plaintiff Gates died in March 2017. No suggestion of death has been filed. Plaintiff Gates did not oppose Defendants' seventh motion to dismiss and did not individually respond to Defendants' tenth motion to dismiss. As to Case No. 16-cv-4000, the Court grants Defendants' tenth motion to dismiss.

**Case No. 16-cv-4190**—Plaintiff Johns died in February 2019. A few months later, his counsel learned of his death. A suggestion of death was filed in July 2019. Defendants moved to dismiss the action in their ninth motion to dismiss for failure to file a timely suggestion of death. Plaintiff Johns opposed the motion, arguing that there is no prejudice to Defendants, that resolution on the merits is preferred, and that dismissal is inconsistent with Rule 25. He did not individually respond to Defendants' tenth motion to dismiss. There is no good cause to excuse the failure to comply with PTO 23. As to Case No. 16-cv-4190, the Court grants Defendants' tenth motion to dismiss.

**Case No. 16-cv-4355**—In their seventh motion to dismiss, Defendants moved to dismiss Case No. 16-cv-4355 because a plaintiff failed to file a timely suggestion of death. Plaintiff Cecelia Strickland died in September 2018. No suggestion of death has been filed. Plaintiff Cecelia Strickland did not oppose Defendants' seventh motion to dismiss and did not individually respond to Defendants' tenth motion to dismiss. As to the claims of Cecelia Strickland in Case No. 16-cv-4355, the Court grants Defendants' tenth motion to dismiss. Defendants did not address the loss-of-consortium claim of Plaintiff Victor Strickland, Jr. The Court denies Defendants' motion as to his claim.

**Case No. 17-cv-39**—Plaintiff Wollam died in September 2018. A suggestion of death was filed in April 2019, after Defendants moved to dismiss the action in their eighth motion to dismiss. Plaintiff Wollam opposed the motion, asserting that the failure to comply with PTO 23 is explained by the death of an alternate contact within six months of Plaintiff Wollam's death and "a temporary relaxation of the undersigned law firm's ordinary procedures to identify client status during maternity leave." The maternity leave started approximately two months after the deadline to file a suggestion of death passed. Plaintiff Wollam's response to Defendants' tenth motion to dismiss states that counsel was able to contact his daughter within several days of learning of his death and that a motion to substitute was filed in July 2019. There is no good cause to excuse the failure to comply with PTO 23. As to Case No. 17-cv-39, the Court grants Defendants' tenth motion to dismiss.

**Case No. 17-cv-141**—Plaintiff Beamon died in October 2018. A suggestion of death was filed in March 2019, after Defendants moved to dismiss the action in their

seventh motion to dismiss.  Plaintiff Beamon opposed the motion, stating that "Plaintiff completed his Plaintiff Fact Sheet on April 17, 2017," that "Plaintiff's Counsel did not have any reason to specifically contact him after that date," that "routine correspondence was still sent," and that Plaintiff's son was incarcerated when Plaintiff died.  Plaintiff Beamon's response to Defendants' tenth motion states that a motion for substitution was filed in June 2019.  "Without evidence of a reasonable and good faith process for ascertaining whether or not a client is alive, the Court cannot find that either excusable neglect or impossibility justify noncompliance with PTO 23." *Id.*  As to Case No. 17-141, the Court grants Defendants' tenth motion to dismiss.

**Case No. 17-cv-199**—Plaintiff Taylor died in December 2017.  In early February 2019, Defendants informed Plaintiff's attorney of her death.  Two days later, they moved to dismiss the action for failure to file a suggestion of death.  The same day, a suggestion of death was filed.  In July 2019, Defendants moved to dismiss the action for failure to file a timely suggestion of death and failure to file a motion to substitute.  Later in July, a motion to substitute was filed.  Plaintiff opposed Defendants' tenth motion to dismiss: "Here, Plaintiff's only transgression is that a Suggestion of Death was not filed within the 90-day time period, as counsel for Plaintiff was not aware that Plaintiff had passed away. Plaintiff's actions do not constitute a willful disobedience, as demonstrated by Plaintiff's subsequent actions upon learning of Plaintiff's death."  There is no good cause to excuse the failure to comply with PTO 23.  *See id.*  As to Case No. 17-cv-199, the Court grants Defendants' tenth motion to dismiss.

**Case No. 17-cv-352**—In their eighth motion to dismiss, Defendants moved to dismiss Case No. 17-cv-352 because the plaintiff failed to file a timely suggestion of death. Plaintiff Schilawski died in March 2018. No suggestion of death has been filed. Plaintiff Schilawski did not oppose Defendants' eighth motion to dismiss and did not individually respond to Defendants' tenth motion to dismiss. As to Case No. 17-cv-352, the Court grants Defendants' tenth motion to dismiss.

**Case No. 17-cv-967**—Plaintiff Hylas died in January 2018. In their ninth motion to dismiss, Defendants moved to dismiss the action for failure to file a timely suggestion of death and a timely motion to substitute. Plaintiff Hylas opposed the motion. In their tenth motion to dismiss, Defendants renewed their motion. Plaintiff Hylas did not individually respond to the tenth motion to dismiss. Plaintiff Hylas's attorney worked with Plaintiff Hylas on a fact sheet in April, May, and June 2017. Counsel spoke with him in July 2017. In December 2018, after Plaintiff's death, the attorney sent a letter to Plaintiff Hylas "for a case update." In February 2019, Defendants informed Plaintiff Hylas's attorney of Plaintiff Hylas's death. A suggestion of death was filed in March 2019.[14] No motion to substitute was filed. There is no good cause to excuse the failure to comply with PTO 23. *See id.* As to Case No. 17-cv-967, the Court grants Defendants' tenth motion to dismiss.

---

[14]     The suggestion of death was filed in the MDL docket in March 2019. It was marked "filed in error." The suggestion of death was filed in Case No. 17-cv-967 in April 2019.

**Case No. 17-cv-1327**—In their ninth motion to dismiss, Defendants moved to dismiss Case No. 17-cv-1327 because the plaintiff failed to file a timely suggestion of death.  Plaintiff Myers died in December 2018.  No suggestion of death has been filed.  Plaintiff Myers did not oppose Defendants' ninth motion to dismiss and did not individually respond to Defendants' tenth motion to dismiss.  As to Case No. 17-cv-1327, the Court grants Defendants' tenth motion to dismiss.

**Case No. 17-cv-1528**—In their eighth motion to dismiss, Defendants moved to dismiss Case No. 17-cv-1528 because the plaintiff failed to file a timely suggestion of death.  Plaintiff Martz died in March 2018.  No suggestion of death has been filed.  Plaintiff Martz did not oppose Defendants' eighth motion to dismiss and did not individually respond to Defendants' tenth motion to dismiss.  As to Case No. 17-cv-1528, the Court grants Defendants' tenth motion to dismiss.

**Case No. 17-cv-1865**—Plaintiff Raul Rangel died in November 2018.  A suggestion of death was filed in February 2019.  No motion for substitution was filed.  In their ninth motion to dismiss, Defendants moved to dismiss the claims of Plaintiff Raul Rangel for failure to file a timely motion to substitute.  The motion was unopposed.  Plaintiff Raul Rangel did not individually respond to Defendants' tenth motion dismiss.  The Court grants Defendants' tenth motion to dismiss the claims of Plaintiff Raul Rangel.  Defendants did not move to dismiss the loss-of-consortium claim of Plaintiff Rosemary Rangel.

**Case No. 17-cv-2168**—In their seventh motion to dismiss, Defendants moved to dismiss Case No. 17-cv-2168 because the plaintiff failed to file a timely suggestion of

death.  Plaintiff Gochanour died in April 2018.  No suggestion of death has been filed.

Plaintiff Gochanour did not oppose Defendants' seventh motion to dismiss and did not

individually respond to Defendants' tenth motion to dismiss.  As to Case No. 17-cv-2168,

the Court grants Defendants' tenth motion to dismiss.

     **Case No. 17-cv-2518**—In their eighth motion to dismiss, Defendants moved to

dismiss Case No. 17-cv-2518 because the plaintiff failed to file a timely suggestion of

death.  Plaintiff Laws died in August 2017.  After Defendants moved to dismiss the

action, a suggestion of death was filed in April 2019.  Plaintiff Laws did not oppose

Defendants' eighth motion to dismiss and did not individually respond to Defendants'

tenth motion to dismiss.  As to Case No. 17-cv-2518, the Court grants Defendants' tenth

motion to dismiss.

     **Case No. 17-cv-2666**—In their ninth motion to dismiss, Defendants moved to

dismiss Case No. 17-cv-2666 because the plaintiff failed to file a timely motion to

substitute.  Plaintiff Ponder died in October 2018.  A suggestion of death was filed in

January 2019.  No motion to substitute was filed.  Plaintiff Ponder did not oppose

Defendants' ninth motion to dismiss and did not individually respond to Defendants'

tenth motion to dismiss.  As to Case No. 17-cv-2666, the Court grants Defendants' tenth

motion to dismiss.

     **Case No. 17-cv-3222**—In their seventh motion to dismiss, Defendants moved to

dismiss Case No. 17-cv-3222 because the plaintiff failed to file a timely suggestion of

death.  Plaintiff McConnell died in November 2018.  No suggestion of death was filed.

Plaintiff McConnell did not oppose Defendants' seventh motion to dismiss and did not

individually respond to Defendants' tenth motion to dismiss.  As to Case No. 17-cv-3722, the Court grants Defendants' tenth motion to dismiss.

Case No. 17-cv-3262—In their eighth motion to dismiss, Defendants moved to dismiss the claims of Plaintiff Fletcher for failure to file a timely suggestion of death. Defendants subsequently withdrew the eighth motion to dismiss as to Plaintiff Fletcher. As to Case No. 17-cv-3262, the Court denies Defendants' tenth motion to dismiss.

Case No. 17-cv-4527—Plaintiff Weeks died in September 2018.  A suggestion of death was filed in February 2019.  In their seventh motion to dismiss, Defendants moved to dismiss the action for failure to file a timely suggestion of death.  Plaintiff Weeks opposed the motion, asserting that counsel sent regular communication before and after her death, that counsel filed the suggestion of death within seventeen days of learning of her death, and that Defendants will not be prejudiced by allowing her to pursue substitution.  In their ninth motion to dismiss, Defendants moved to dismiss the action for failure to file a timely suggestion of death and failure to file a timely motion to substitute. In their tenth motion to dismiss, Defendants reiterated that no motion to substitute was filed.  Plaintiffs Weeks opposed the motion, asserting that her husband was "unable to fully cooperate until September 2023" because of his own health issues.  No motion for substitution has been filed.  There is no good cause to excuse the failure to comply with PTO 23.  As to Case No. 17-cv-4527, the Court grants Defendants' tenth motion to dismiss.

Case No. 17-cv-4576—Plaintiff Wenzel died in December 2018.  A suggestion of death was filed in February 2019.  In their ninth motion to dismiss, Defendants moved to

dismiss the action for failure to file a timely motion to substitute.  In their tenth motion to dismiss, Defendants renewed the motion.  Plaintiff Wenzel opposed the motion and subsequently filed a motion to substitute.  Magistrate Judge Schultz denied the motion to substitute.  No objection was filed.  For the reasons stated by Magistrate Judge Schultz, the Court grants Defendants' tenth motion to dismiss as to Case No. 17-cv-4576.

**Case No. 17-cv-5274**—Plaintiff Capone died in July 2018.  A suggestion of death was filed in February 2019.  In their ninth motion to dismiss, Defendants moved to dismiss the action for failure to file a timely suggestion of death and for failure to file a timely motion to substitute.  Defendants renewed the motion in their tenth motion to dismiss.  Plaintiff Capone opposed the motion.  The same day, a motion to substitute was filed.  Magistrate Judge Schultz denied the motion to substitute.  No objection was filed.  For the reasons stated by Magistrate Judge Schultz, the Court grants Defendants' tenth motion to dismiss as to Case No. 17-cv-5274.

**Case No. 18-cv-106**—In their ninth motion to dismiss, Defendants moved to dismiss Case No. 18-cv-106 because the plaintiff failed to file a timely motion to substitute.  Plaintiff Mencl died in November 2018.  A suggestion of death was filed in January 2019.  No motion to substitute was filed.  Plaintiff Mencl did not oppose Defendants' ninth motion to dismiss and did not individually respond to Defendants' tenth motion to dismiss.  As to Case No. 18-cv-106, the Court grants Defendants' tenth motion to dismiss.

**Case No. 18-cv-575**—Plaintiff Ballasso died in January 2019.  A suggestion of death was filed in March 2019.  In their ninth motion to dismiss, Defendants moved to

dismiss the action for failure to file a timely motion to substitute.  Plaintiff Ballasso

opposed the motion and requested "an extension of 90 days to obtain the appropriate

appointments and substitute parties."  Plaintiff Ballasso did not individually respond to

Defendants' tenth motion to dismiss.  No motion for substitution was filed.  As to Case

No. 18-cv-575, the Court grants Defendants' tenth motion to dismiss.

Case No. 18-cv-1571—Plaintiff Gohl died in October 2018.  A suggestion of

death was filed in February 2019.  No motion to substitute was filed.  In their ninth

motion to dismiss, Defendants moved to dismiss the action for failure to file a timely

suggestion of death and failure to file a timely motion to substitute.  Plaintiff Gohl did not

individually respond to Defendants' ninth or tenth motions to dismiss.  As to Case No.

18-cv-1571, the Court grants Defendants' tenth motion to dismiss.

Case No. 18-cv-2764—Plaintiff Walters died in December 2018.  A suggestion of

death was filed in March 2019.  In their ninth motion to dismiss, Defendants moved to

dismiss the action for failure to file a timely motion to substitute.  Plaintiff Walters's

response states that her counsel "is unable to determine whether a proper party exists that

may substitute . . . to replace the decedent" and that any dismissal should be without

prejudice.  No motion to substitute was filed.  Plaintiff Walters did not individually

respond to Defendants' tenth motion to dismiss.  As to Case No. 18-cv-2764, the Court

grants Defendants' tenth motion to dismiss.

### 7.   Standing

Case No. 23-cv-1016—In April 2023, a complaint that names Timothy Robinson

and Kathy Robinson as plaintiffs was filed.  A notice of voluntary dismissal was filed in

August 2023.  Defendants asserted that the notice of voluntary dismissal is ineffective and that the claims of Plaintiff Timothy Robinson should be dismissed without prejudice for lack of standing because he died before the action was commenced.  No response to the motion was filed.  The notice of voluntary dismissal is ineffective.  *See* Fed. R. Civ. P. 41(a)(1)(A)(i).  Because he died before the action was commenced, the claims of Plaintiff Timothy Robinson are dismissed without prejudice for lack of standing.  *See Harris v. U.S. Bank Nat'l Ass'n*, No. 20-2005, 2021 WL 7542603, at *3 (6th Cir. Sept. 10, 2021); *House v. Mitra QSR KNE LLC*, 796 F. App'x 783, 784 (4th Cir. 2019).

## IV.    Conclusion

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1.     Defendants' Tenth Motion to Dismiss for Failure to Comply With Pretrial Order No. 23, Fed. R. Civ. P. 41(b), and 25(a), or for Lack of Standing [MDL ECF No. 2318] is GRANTED IN PART and DENIED IN PART.

2.     The Clerk of Court shall enter a copy of this Order in MDL No. 15-2666 and in each action listed in Exhibit A.

3.     Each action listed in Exhibit B is DISMISSED WITH PREJUDICE.  In each action listed in Exhibit B, the Clerk of Court shall enter judgment.

4.     The claims listed in Exhibit C are dismissed.

Dated: August 5, 2024

s/Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge

**Exhibit A**

# Actions Subject to Order

| Case No. | Case No. | Case No. | Case No. | Case No. | Case No. |
|---|---|---|---|---|---|
| 15-cv-4360 | 17-cv-151 | 17-cv-3012 | 17-cv-4214 | 18-cv-525 | 18-cv-2026 |
| 16-cv-26 | 17-cv-199 | 17-cv-3048 | 17-cv-4288 | 18-cv-555 | 18-cv-2094 |
| 16-cv-1778 | 17-cv-352 | 17-cv-3085 | 17-cv-4366 | 18-cv-561 | 18-cv-2221 |
| 16-cv-1846 | 17-cv-967 | 17-cv-3127 | 17-cv-4379 | 18-cv-575 | 18-cv-2395 |
| 16-cv-2125 | 17-cv-1197 | 17-cv-3202 | 17-cv-4416 | 18-cv-720 | 18-cv-2471 |
| 16-cv-2226 | 17-cv-1327 | 17-cv-3214 | 17-cv-4498 | 18-cv-931 | 18-cv-2473 |
| 16-cv-2273 | 17-cv-1528 | 17-cv-3222 | 17-cv-4527 | 18-cv-1145 | 18-cv-2764 |
| 16-cv-2276 | 17-cv-1677 | 17-cv-3261 | 17-cv-4576 | 18-cv-1162 | 18-cv-3030 |
| 16-cv-2426 | 17-cv-1865 | 17-cv-3262 | 17-cv-4611 | 18-cv-1198 | 18-cv-3082 |
| 16-cv-2784 | 17-cv-1888 | 17-cv-3268 | 17-cv-4777 | 18-cv-1265 | 18-cv-3370 |
| 16-cv-2880 | 17-cv-2102 | 17-cv-3333 | 17-cv-4829 | 18-cv-1442 | 19-cv-51 |
| 16-cv-3293 | 17-cv-2168 | 17-cv-3518 | 17-cv-5083 | 18-cv-1476 | 19-cv-147 |
| 16-cv-3990 | 17-cv-2518 | 17-cv-3731 | 17-cv-5158 | 18-cv-1501 | 19-cv-391 |
| 16-cv-4000 | 17-cv-2539 | 17-cv-3806 | 17-cv-5274 | 18-cv-1571 | 19-cv-417 |
| 16-cv-4189 | 17-cv-2666 | 17-cv-3851 | 17-cv-5289 | 18-cv-1630 | 19-cv-735 |
| 16-cv-4190 | 17-cv-2925 | 17-cv-3866 | 17-cv-5521 | 18-cv-1633 | 19-cv-1013 |
| 16-cv-4332 | 17-cv-2949 | 17-cv-3910 | 17-cv-5568 | 18-cv-1701 | 23-cv-1016 |
| 16-cv-4355 | 17-cv-2974 | 17-cv-3929 | 17-cv-5571 | 18-cv-1764 | |
| 17-cv-39 | 17-cv-2992 | 17-cv-3976 | 18-cv-106 | 18-cv-1971 | |
| 17-cv-141 | 17-cv-3003 | 17-cv-4139 | 18-cv-442 | 18-cv-1972 | |

**Exhibit B**

# Dismissed Actions

| Case No. | Case No. | Case No. | Case No. | Case No. |
|---|---|---|---|---|
| 16-cv-26 | 17-cv-967 | 17-cv-3222 | 17-cv-4777 | 18-cv-1571 |
| 16-cv-1778 | 17-cv-1197 | 17-cv-3261 | 17-cv-4829 | 18-cv-1630 |
| 16-cv-1846 | 17-cv-1327 | 17-cv-3333 | 17-cv-5083 | 18-cv-1633 |
| 16-cv-2125 | 17-cv-1528 | 17-cv-3518 | 17-cv-5158 | 18-cv-1701 |
| 16-cv-2226 | 17-cv-1677 | 17-cv-3731 | 17-cv-5274 | 18-cv-1764 |
| 16-cv-2273 | 17-cv-1888 | 17-cv-3806 | 17-cv-5289 | 18-cv-1971 |
| 16-cv-2276 | 17-cv-2102 | 17-cv-3851 | 17-cv-5521 | 18-cv-1972 |
| 16-cv-2426 | 17-cv-2168 | 17-cv-3866 | 17-cv-5568 | 18-cv-2026 |
| 16-cv-2784 | 17-cv-2518 | 17-cv-3910 | 17-cv-5571 | 18-cv-2221 |
| 16-cv-2880 | 17-cv-2539 | 17-cv-3929 | 18-cv-106 | 18-cv-2395 |
| 16-cv-3990 | 17-cv-2666 | 17-cv-4139 | 18-cv-442 | 18-cv-2471 |
| 16-cv-4000 | 17-cv-2925 | 17-cv-4214 | 18-cv-525 | 18-cv-2473 |
| 16-cv-4189 | 17-cv-2949 | 17-cv-4288 | 18-cv-555 | 18-cv-2764 |
| 16-cv-4190 | 17-cv-2974 | 17-cv-4366 | 18-cv-561 | 18-cv-3082 |
| 16-cv-4332 | 17-cv-2992 | 17-cv-4379 | 18-cv-575 | 19-cv-51 |
| 17-cv-39 | 17-cv-3003 | 17-cv-4416 | 18-cv-720 | 19-cv-147 |
| 17-cv-141 | 17-cv-3012 | 17-cv-4498 | 18-cv-931 | 19-cv-391 |
| 17-cv-151 | 17-cv-3085 | 17-cv-4527 | 18-cv-1265 | 19-cv-735 |
| 17-cv-199 | 17-cv-3127 | 17-cv-4576 | 18-cv-1442 | 19-cv-1013 |
| 17-cv-352 | 17-cv-3214 | 17-cv-4611 | 18-cv-1501 | |

**Exhibit C**

# Dismissed Claims

| Case No. | Dismissed Claims |
| --- | --- |
| 15-cv-4360 | The claims of James Rhoton are DISMISSED WITH PREJUDICE. |
| 16-cv-3293 | The claims of Bonnie Wireman are DISMISSED WITH PREJUDICE. |
| 16-cv-4355 | The claims of Cecelia J. Strickland are DISMISSED WITH PREJUDICE. |
| 17-cv-1865 | The claims of Raul Rangel are DISMISSED WITH PREJUDICE. |
| 17-cv-3048 | The claims of Susan Miller are DISMISSED WITH PREJUDICE. |
| 17-cv-3202 | The claims of James E. Jefferson are DISMISSED WITH PREJUDICE. |
| 17-cv-3268 | The claims of Randy Brooks are DISMISSED WITH PREJUDICE. |
| 17-cv-3976 | The claims of William G. Purvis are DISMISSED WITH PREJUDICE. |
| 18-cv-1145 | The claims of Kathy Goode are DISMISSED WITH PREJUDICE. |
| 18-cv-1162 | The claims of Ann Wilbur are DISMISSED WITH PREJUDICE. |
| 18-cv-1198 | The claims of Richard Donlin are DISMISSED WITH PREJUDICE. |
| 18-cv-1476 | The claims of Diane Hynes are DISMISSED WITH PREJUDICE. |
| 18-cv-2094 | The claims of Shirley Storer are DISMISSED WITH PREJUDICE. |
| 18-cv-3030 | The claims of Sandra Trask are DISMISSED WITH PREJUDICE. |
| 18-cv-3370 | The claims of Steven Ruby are DISMISSED WITH PREJUDICE. |
| 19-cv-417 | The claims of Raymond Beiermann are DISMISSED WITH PREJUDICE. |
| 23-cv-1016 | The claims of Timothy Robinson are DISMISSED WITHOUT PREJUDICE. |