UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

In re: BAIR HUGGER FORCED AIR                    MDL No. 15-2666 (JNE/DTS)
WARMING DEVICES PRODUCTS                         ORDER
LIABILITY LITIGATION

This Document Relates to:
See Attached Exhibit A

Asserting that the plaintiffs in many actions failed to comply with Pretrial Order

No. 23 ("PTO 23") and Rules 25(a) and 41(b) of the Federal Rules of Civil Procedure,

Defendants 3M Company and Arizant Healthcare, Inc., moved to dismiss the actions or,

in cases where "a loss-of-consortium claim may stand alone," the claims of the "primary

plaintiff."  Plaintiffs filed an omnibus opposition to Defendants' motion.  The plaintiffs in

eight actions jointly opposed Defendants' motion.  Several plaintiffs individually

responded to Defendants' motion.  For the reasons set forth below, the Court grants in

part and denies in part Defendants' motion.[1]

## I.   Background

"If a party dies and the claim is not extinguished, the court may order substitution

of the proper party.  A motion for substitution may be made by any party or by the

---

[1]     Defendants withdrew the motion with respect to Case No. 16-cv-2585.

Defendants moved to dismiss claims in Case Nos. 16-cv-2273, 17-cv-4576, 17-cv-5274, 18-cv-931, and 18-cv-3370.  The Court dismissed the claims in an Order dated August 5, 2024.  The Court does not consider the cases here.

Finally, Defendants argued that the claims of one of the plaintiffs in Case No. 18-cv-3091 should be dismissed.  The case, which does not appear in their motion, was dismissed in December 2023.  The Court does not consider the case here.

decedent's successor or representative."  Fed. R. Civ. P. 25(a)(1).  PTO 23, issued in January 2018, expands on the procedures for substitution.  MDL ECF No. 1039.  It instructs plaintiffs as to the filing and content of both the motion for substitution and a "suggestion of death."  *Id.*  It warns that noncompliance with these directives "will entitle Defendants to request a dismissal of plaintiff's action with prejudice in accordance with Fed. R. Civ. P. 25(a)."  *Id.*

In relevant part, PTO 23 requires plaintiff's counsel to file a suggestion of death "[w]ithin ninety days of [its] entry . . . or the death of a plaintiff, whichever is later."  *Id.*  The suggestion of death must identify "the plaintiff and describe[] the time, date, and circumstances of the plaintiff's death."  *Id.*  PTO 23 and Rule 25 require that a motion for substitution be filed within ninety days of the filing of the suggestion of death.  A motion for substitution must (1) identify the proposed substitute, (2) explain why the proposed substitute is a proper party, and (3) explain why the death of the named plaintiff did not extinguish the claim under the applicable state laws.

Plaintiffs moved to eliminate the ninety-day deadline for filing the suggestion of death, arguing that compliance with PTO 23 is sometimes impossible where a plaintiff relocates or experiences health issues and fails to respond to counsel's communications.  Pls.' Mot. to Amend, Sept. 19, 2018, MDL ECF No. 1517.  The Court denied Plaintiffs' motion to amend PTO 23.  Order, Dec. 4, 2018, MDL ECF No. 1614.  The Court acknowledged, however, that it "excuses noncompliance with PTO 23 when compliance is impossible" or where a plaintiff provides "detailed diligent and good faith efforts to comply with the deadlines in PTO 23."  *Id.* at 1-2.

2

In July 2019, the Court entered summary judgment in Defendants' favor.  In August 2021, the United States Court of Appeals for the Eighth Circuit "reverse[d] the grant of summary judgment in favor of 3M."  *In re Bair Hugger Forced Air Warming Devices Prods. Liab. Litig.*, 9 F.4th 768, 773 (8th Cir. 2021).  The Eighth Circuit issued the mandate in November 2021.  The parties subsequently "agree[d] that the substitution requirements set forth on PTO No. 23 will resume as of February 18, 2022.  Specifically, within 90 days of a plaintiff's death or February 18, 2022, whichever is later, Plaintiffs shall file suggestions of death."

## II.    Legal Standard

If a plaintiff fails to prosecute or comply with PTO 23, the Court may dismiss the case.  Fed. R. Civ. P. 41(b).  Such dismissal may be with prejudice "in cases of willful disobedience of a court order or where a litigant exhibits a pattern of intentional delay." *Hunt v. City of Minneapolis*, 203 F.3d 524, 527 (8th Cir. 2000).  This does not require a "find[ing] that the [plaintiff] acted in bad faith, but requires 'only that he acted intentionally as opposed to accidentally or involuntarily.'" *Id.* (citation omitted).  The Court excuses noncompliance where plaintiffs have demonstrated excusable neglect or impossibility to comply with PTO 23's deadline.  Order 7, Oct. 26, 2018, MDL ECF No. 1566 ("Without evidence of a reasonable and good faith process for ascertaining whether or not a client is alive, the Court cannot find that either excusable neglect or impossibility justify noncompliance with PTO 23.").

## III.   Discussion

### A.   Plaintiffs' Omnibus Opposition

Plaintiffs renewed their opposition to dismissals based on failure to comply with PTO 23.  The Court previously denied Plaintiffs' motion to amend PTO 23.  Plaintiffs have not demonstrated that PTO 23 should not be enforced.

### B.   Joint Opposition

The plaintiffs in eight actions[2] jointly opposed Defendants' motion.  They argued that dismissal is not appropriate because they did not cause any intentional delay and they did not willfully disobey a court order.  The Court rejects the argument that dismissal for failure to comply with PTO 23 is inappropriate:

> The deadlines in PTO 23 obligate counsel to ascertain whether or not their clients are alive and, if necessary, move for substitution.  This process prevents deceased plaintiffs from populating and inflating the MDL docket and allows the Court and Defendants to know the true size of the MDL.  This ultimately prevents court congestion and undue delay in resolving the MDL.  These benefits justify dismissing plaintiffs who willfully disobey PTO 23.
>
> At any rate, the Court "possesses inherent power to manage its own affairs so as to achieve the orderly and expeditious disposition of cases."  The exercise of this inherent power to dismiss cases under PTO 23 is critical to managing an MDL with roughly 5,000 cases.

Order 2-3, MDL ECF No. 1614 (citation omitted).

---

[2]      They are Case Nos. 16-cv-3544, 16-cv-4175, 17-cv-2054, 17-cv-2691, 17-cv-3138, 17-cv-4899, 18-cv-229, and 19-cv-1797.

Next, the plaintiffs argued that dismissal is not appropriate because the plaintiffs and the potential substitute parties have not had a full and fair opportunity to be heard. The plaintiffs must comply with PTO 23 to proceed in this litigation. Their violation of the order subjects them to a potential for dismissal. The Court rejects the plaintiffs' argument that they have not had a full and fair opportunity to be heard.

Third, the plaintiffs asserted that dismissal is not appropriate because good cause exists to allow them additional time to move to substitute. They asserted: (1) the plaintiffs died "during case dismissals . . . or shortly after the cases were revived with finality"; (2) "Defendants are not prejudiced in any way by Plaintiffs having additional time to substitute in a personal representative"; (3) "allowing an additional 90 days . . . for Plaintiffs to substitute in personal representatives is a relatively short amount of time"; (4) "the reason for the delay - death - . . . is certainly out of Plaintiffs' and any potential non-party's control"; and (5) "Plaintiffs do not request additional time for substitution to prejudice Defendants or to cause undue delay." The Court rejects the plaintiffs' assertion that there is good cause to not enforce PTO 23's deadlines. *See Zotto v. 3M Co.*, Case No. 18-cv-1764, slip op. at 3 (D. Minn. Apr. 10, 2023) ("More than 5,000 cases are pending in this multidistrict litigation. The parties are engaged in court-ordered mediation. Timely notice of a plaintiff's death is critical to ensure that efforts at resolving the multidistrict litigation are spent on cases that are properly part of it."); Order 2-3, MDL ECF No. 1614; Order 7, MDL ECF No. 1566; *In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*, 496 F.3d 863, 867 (8th Cir. 2007) (stating that an MDL court "must be given greater discretion to organize, coordinate and

adjudicate its proceedings, including the dismissal of cases for failure to comply with its orders"). The Court addresses individual cases below.

Finally, the plaintiffs maintained that dismissal of the cases "would . . . be violative of due process." The Court previously rejected this argument. Order 5-6, Aug. 5, 2024, MDL ECF No. 2448. The plaintiffs have not demonstrated that a different conclusion is warranted here.

### C.     Defendants' Motion

#### 1.     Failure to File a Timely Suggestion of Death or Motion to Substitute

Defendants moved to dismiss claims in many actions[3] because the plaintiffs died, no suggestions of death were filed by the deadline set by PTO 23, and no motions to substitute were filed. Defendants asserted that loss-of-consortium claims in Case Nos. 17-cv-17 and 17-cv-942 should be dismissed because they are derivative. The plaintiffs in eight actions jointly opposed Defendants' motion.

**Case No. 16-cv-3544**—In the joint opposition, Case No. 16-cv-3544 appears in a chart that displays "Plaintiffs who died during case dismissals." Plaintiff Lenard died in January 2020. Neither a suggestion of death nor a motion to substitute has been filed. As to Case No. 16-cv-3544, the Court grants Defendants' motion.

**Case No. 16-cv-4175**—In the joint opposition, Case No. 16-cv-4175 appears in a chart that displays "Plaintiffs who died during case dismissals." Plaintiff Holbrook died

---

[3]     They are Case Nos. 16-cv-3544, 16-cv-4175, 17-cv-17, 17-cv-611, 17-cv-942, 17-cv-1416, 17-cv-2054, 17-cv-2403, 17-cv-2691, 17-cv-3138, 17-cv-4899, 18-cv-229, 19-cv-1598, and 19-cv-1797.

in February 2019, several months before the entry of summary judgment in July 2019. Neither a suggestion of death nor a motion to substitute has been filed. As to Case No. 16-cv-4175, the Court grants Defendants' motion.

**Case No. 17-cv-17**—Plaintiff Michele Koehlert died in November 2021. Neither a suggestion of death nor a motion to substitute has been filed. Plaintiff Michele Koehlert did not individually respond to Defendants' motion. As to her claims, the Court grants Defendants' motion.

Defendants asserted that Plaintiff August Koehlert's loss-of-consortium claim should be dismissed because it is derivative under Connecticut law. The Court agrees. *See Hopson v. St. Mary's Hosp.*, 408 A.2d 260, 264 (Conn. 1979). As to Plaintiff August Koehlert's claim, the Court grants Defendants' motion.

**Case No. 17-cv-611**—Plaintiff Plott died in February 2023. Neither a suggestion of death nor a motion to substitute has been filed. Plaintiff Plott did not individually respond to Defendants' motion. As to Case No. 17-cv-611, the Court grants Defendants' motion.

**Case No. 17-cv-942**—Plaintiff Roy Stachmus died in March 2023. Neither a suggestion of death nor a motion to substitute has been filed. Plaintiff Roy Stachmus did not individually respond to Defendants' motion. As to his claims, the Court grants Defendants' motion.

Defendants asserted that Plaintiff Julianne Stachmus's loss-of-consortium claim should be dismissed because it is derivative under Arizona law. The Court agrees. *See Martin v. Staheli*, 457 P.3d 53, 58 (Ariz. Ct. App. 2019); *Stengel v. Medtronic Inc.*, 306

F.R.D. 230, 233 (D. Ariz. 2015).  As to Plaintiff Julianne Stachmus's claim, the Court grants Defendants' motion.

**Case No. 17-cv-1416**—Plaintiff Shorter died in March 2019.  Neither a suggestion of death nor a motion to substitute has been filed.  Plaintiff Shorter did not individually respond to Defendants' motion.  As to Case No. 17-cv-1416, the Court grants Defendants' motion.

**Case No. 17-cv-2054**—In the joint opposition, Case No. 17-cv-2054 appears in a chart that displays "Plaintiffs who passed away shortly after the cases were revived with finality."  Plaintiff Hill died in September 2022.  Neither a suggestion of death nor a motion to substitute has been filed.  As to Case No. 17-cv-2054, the Court grants Defendants' motion.

**Case No. 17-cv-2403**—Plaintiff Grochowski died in March 2022.  According to Defendants, a suggestion of death was not filed.  But a suggestion of death was filed several months before Defendants filed their motion.  The suggestion of death was untimely.  No motion to substitute has been filed.  Plaintiff Grochowski did not oppose Defendants' motion.  As to Case No. 17-cv-2403, the Court grants Defendants' motion.

**Case No. 17-cv-2691**—In the joint opposition, Case No. 17-cv-2691 appears in a chart that displays "Plaintiffs who died during case dismissals."  Plaintiff Aron died in December 2019.  Neither a suggestion of death nor a motion to substitute has been filed.  As to Case No. 16-cv-2691, the Court grants Defendants' motion.

**Case No. 17-cv-3138**—In the joint opposition, Case No. 17-cv-3138 appears in a chart that displays "Plaintiffs who died during case dismissals."  Plaintiff Herrin died in

February 2019, several months before the entry of summary judgment in July 2019. Neither a suggestion of death nor a motion to substitute has been filed.  As to Case No. 17-cv-3138, the Court grants Defendants' motion.

**Case No. 17-cv-4899**—In the joint opposition, Case No. 17-cv-4899 appears in a chart that displays "Plaintiffs who died during case dismissals."  Plaintiff Ford died in October 2021.  Neither a suggestion of death nor a motion to substitute has been filed. As to Case No. 17-cv-4899, the Court grants Defendants' motion.

**Case No. 18-cv-229**—In the joint opposition, Case No. 18-cv-229 appears in a chart that displays "Plaintiffs who passed away shortly after the cases were revived with finality."  Plaintiff Johnson died in February 2023.  Neither a suggestion of death nor a motion to substitute has been filed.  As to Case No. 18-cv-229, the Court grants Defendants' motion.

**Case No. 19-cv-1598**—Plaintiff Lovelace died in July 2021.  Neither a suggestion of death nor a motion to substitute has been filed.  Plaintiff Lovelace did not individually respond to Defendants' motion.  As to Case No. 19-cv-1598, the Court grants Defendants' motion.

**Case No. 19-cv-1797**—In the joint opposition, Case No. 19-cv-1797 appears in a chart that displays "Plaintiffs who passed away shortly after the cases were revived with finality."  Plaintiff Cook died in October 2022.  Neither a suggestion of death nor a motion to substitute has been filed.  As to Case No. 19-cv-1797, the Court grants Defendants' motion.

### 2.      Failure to File a Timely Motion to Substitute

Defendants moved to dismiss claims in many actions[4] because the plaintiffs failed to file a timely motion to substitute.  Defendants asserted that the spousal loss-of-consortium claim in Case No. 17-cv-4424 should be dismissed.

**Case No. 16-cv-4159**—Plaintiff Trombley died in January 2021.  A suggestion of death was filed in February 2022.  No motion to substitute has been filed.  Plaintiff Trombley did not individually respond to Defendants' motion.  As to Case No. 16-cv-4159, the Court grants Defendants' motion.

**Case No. 17-cv-112**—Plaintiff Laura Peterson died in March 2021.  A suggestion of death was filed in May 2022.  No motion to substitute has been filed.  Plaintiff Laura Peterson did not individually respond to Defendants' motion.  As to her claims, the Court grants Defendants' motion.  Defendants did not move to dismiss the loss-of-consortium claim of Plaintiff Lawrence Peterson.[5]

**Case No. 17-cv-204**—Plaintiff Jackie Lemacks, Jr., died in December 2018.  A suggestion of death was filed in May 2022.  No motion to substitute has been filed.

---

[4]      They are Case Nos. 16-cv-4159, 17-cv-112, 17-cv-204, 17-cv-332, 17-cv-465, 17-cv-1050, 17-cv-1053, 17-cv-1206, 17-cv-1411, 17-cv-1453, 17-cv-1663, 17-cv-2187, 17-cv-2356, 17-cv-2393, 17-cv-2395, 17-cv-2401, 17-cv-2532, 17-cv-2795, 17-cv-2971, 17-cv-2980, 17-cv-3161, 17-cv-3407, 17-cv-4424, 17-cv-5477, 18-cv-161, and 18-cv-3313.

[5]      In Defendants' motion, Case No. 17-cv-112 appears in a list of cases that Defendants moved to dismiss "as to the primary plaintiff only."  The list is followed by a statement that "Defendants do not move to dismiss their spouses' loss of consortium claims at this time."  In their memorandum, Defendants stated that the loss-of-consortium claim in *Peterson* "may stand alone."  Later, they stated that "North Carolina (*Peterson*) . . . does not permit a loss of consortium claim to stand alone."  The Court expresses no opinion on the issue.

Plaintiff Jackie Lemacks, Jr., did not individually respond to Defendants' motion.  The Court grants Defendants' motion to dismiss his claims.[6]

Case No. 17-cv-332—Plaintiff Robinson died in June 2021.  A suggestion of death was filed in May 2022.  No motion to substitute has been filed.  Plaintiff Robinson did not individually respond to Defendants' motion.  As to Case No. 17-cv-332, the Court grants Defendants' motion.

Case No. 17-cv-465—Plaintiff Huval died in March 2019.  A suggestion of death was filed in May 2022.  No motion to substitute has been filed.  Plaintiff Huval did not individually respond to Defendants' motion.  The Court grants Defendants' motion to dismiss her claims.

Plaintiff Varner died in May 2019.  A suggestion of death was filed in May 2022.  No motion to substitute has been filed.  Plaintiff Varner did not individually respond to Defendants' motion.  The Court grants Defendants' motion to dismiss his claims.

Case No. 17-cv-1050—Plaintiff Hagedorn died in December 2021.  A suggestion of death was filed in May 2022.  No motion to substitute has been filed.  Plaintiff Hagedorn did not individually respond to Defendants' motion.  As to Case No. 17-cv-1050, the Court grants Defendants' motion.

Case No. 17-cv-1053—Plaintiff Donald Semingsen died in September 2020.  A suggestion of death was filed in May 2022.  No motion to substitute has been filed.

---

[6]     The parties stipulated to the dismissal of Plaintiff Marcia Lemacks.

Plaintiff Donald Semingsen did not individually respond to Defendants' motion.  With respect to his claims, the Court grants Defendants' motion.

Defendants did not address Plaintiff Janice Semingsen's loss-of-consortium claim. Insofar as Defendants moved to dismiss her claim, the Court denies Defendants' motion.

**Case No. 17-cv-1206**—In May 2022, a suggestion of Plaintiff Lopez's death was filed.  No motion to substitute has been filed.  Plaintiff Lopez did not individually respond to Defendants' motion.  As to Case No. 17-cv-1206, the Court grants Defendants' motion.

**Case No. 17-cv-1411**—Plaintiff Sheryl Meyers died in July 2023.  A suggestion of death was filed in October 2023.  No motion to substitute has been filed.  Plaintiff Sheryl Meyers did not individually respond to Defendants' motion.  With respect to her claims, the Court grants Defendants' motion.

Defendants did not address Plaintiff Jerry Engel's loss-of-consortium claim. Insofar as Defendants moved to dismiss his claim, the Court denies Defendants' motion.

**Case No. 17-cv-1453**—Plaintiff Creech died in May 2020.  A suggestion of death was filed in May 2022.  No motion to substitute has been filed.  Plaintiff Creech did not individually respond to Defendants' motion.  As to Case No. 17-cv-1453, the Court grants Defendants' motion.

**Case No. 17-cv-1663**—In March 2023, a suggestion of Plaintiff Marlene Osborne-Melger's death was filed.  No motion to substitute has been filed.  Plaintiff Marlene Osborne-Melger did not individually respond to Defendants' motion.  With respect to her

claims, the Court grants Defendants' motion.  Defendants did not move to dismiss the loss-of-consortium claim of Plaintiff Randy Melger.

**Case No. 17-cv-2187**—Plaintiff Gruesbeck died in December 2022.  A suggestion of death was filed in March 2023.  No motion to substitute has been filed.  Plaintiff Gruesbeck did not individually respond to Defendants' motion.  As to Case No. 17-cv-2187, the Court grants Defendants' motion.

**Case No. 17-cv-2356**—Plaintiff Holbrook died in March 2022.  A suggestion of death was filed in February 2023.  No motion to substitute has been filed.  Plaintiff Holbrook did not individually respond to Defendants' motion.  As to Case No. 17-cv-2356, the Court grants Defendants' motion.

**Case No. 17-cv-2393**—Plaintiff Salley died in March 2020.  A suggestion of death was filed in May 2022.  No motion to substitute has been filed.  Plaintiff Salley did not individually respond to Defendants' motion.  As to Case No. 17-cv-2393, the Court grants Defendants' motion.

**Case No. 17-cv-2395**—Plaintiff Hecht died in July 2020.  The same month, a suggestion of death was filed.  Another was filed in September 2023.  No motion to substitute has been filed.  Plaintiff Hecht's response to Defendants' motion states that his failure to comply with PTO 23 "was neither willful nor in bad faith," that "he never exhibited a pattern of intentional delay," that "[c]ounsel for plaintiff has not identified a successor-in-interest willing to substitute in for Decedent Theodore Hecht," and that "Plaintiff respectfully requests additional time to find a successor-in-interest."  Plaintiff

Hecht has not demonstrated that additional time is warranted to move for substitution. As to Case No. 17-cv-2395, the Court grants Defendants' motion.

**Case No. 17-cv-2401**—Plaintiff Gluss died in August 2019. A suggestion of death was filed in May 2022. No motion to substitute has been filed. Plaintiff Gluss did not individually respond to Defendants' motion. As to Case No. 17-cv-2401, the Court grants Defendants' motion.

**Case No. 17-cv-2532**—Plaintiff John Howell died in January 2020. A suggestion of death was filed in February 2023. No motion to substitute has been filed. Plaintiff John Howell did not individually respond to Defendants' motion. With respect to his claims, the Court grants Defendants' motion. Defendants did not move to dismiss the loss-of-consortium claim of Plaintiff Pam Howell.

**Case No. 17-cv-2795**—Plaintiff Michael Botsford died in January 2022. A suggestion of death was filed in May 2022. No motion to substitute has been filed. Plaintiff Michael Botsford did not individually respond to Defendants' motion. With respect to his claims, the Court grants Defendants' motion.

Defendants did not address Plaintiff Jill Botsford's loss-of-consortium claim. Insofar as Defendants moved to dismiss her claim, the Court denies Defendants' motion.

**Case No. 17-cv-2971**—Plaintiff Morris died in May 2023. A suggestion of death was filed in August 2023. No motion to substitute has been filed. Plaintiff Morris did not individually respond to Defendants' motion. As to Case No. 17-cv-2971, the Court grants Defendants' motion.

**Case No. 17-cv-2980**—Plaintiff Thomas Parsons died in November 2019. A suggestion of death was filed in February 2023. No motion to substitute has been filed. Plaintiff Thomas Parsons did not individually respond to Defendants' motion. With respect to his claims, the Court grants Defendants' motion. Defendants did not move to dismiss the loss-of-consortium claim of Plaintiff Paula Parsons.

**Case No. 17-cv-3161**—Plaintiff Vaughn died in January 2018. A suggestion of death was filed in February 2023. No motion to substitute has been filed. Plaintiff Vaughn did not individually respond to Defendants' motion. As to Case No. 17-cv-3161, the Court grants Defendants' motion.

**Case No. 17-cv-3407**—Plaintiff Elvin Taplin died in January 2023. A suggestion of death was filed in August 2023. No motion to substitute has been filed. Plaintiff Elvin Taplin did not individually respond to Defendants' motion. With respect to his claims, the Court grants Defendants' motion. Defendants did not move to dismiss the loss-of-consortium claim of Plaintiff Savannah Taplin.

**Case No. 17-cv-4424**—Plaintiff Teresa Endsley died in June 2021. A suggestion of death was filed in August 2023. No motion to substitute has been filed. Plaintiff Teresa Endsley did not individually respond to Defendants' motion. As to her claims, the Court grants Defendants' motion.

Defendants asserted that Plaintiff Allen Endsley's loss-of-consortium claim should be dismissed because the claim is one for Plaintiff Teresa Endsley, not Plaintiff Allen Endsley, to assert under Kansas law. The Court agrees. *See* Kan. Stat. Ann. § 23-2605; *McGuire v. Sifers*, 681 P.2d 1025, 1038 (Kan. 1984) ("The right to recover for loss of

consortium vests in the spouse who files an action for personal injuries, not in the spouse who actually suffers the loss of consortium."). As to Plaintiff Allen Endsley's claim, the Court grants Defendants' motion.

**Case No. 17-cv-5477**—In June 2023, a suggestion of Plaintiff Shepard's death was filed. No motion to substitute has been filed. Plaintiff Shepard did not individually respond to Defendants' motion. As to Case No. 17-cv-5477, the Court grants Defendants' motion.

**Case No. 18-cv-161**—Plaintiff Marshall died in March 2022. A suggestion of death was filed in February 2023. No motion to substitute has been filed. Plaintiff Marshall did not individually respond to Defendants' motion. As to Case No. 18-cv-161, the Court grants Defendants' motion.

**Case No. 18-cv-3313**—Plaintiff Moran died in October 2021. A suggestion of death was filed in March 2023. No motion to substitute has been filed. Plaintiff Moran did not individually respond to Defendants' motion. As to Case No. 18-cv-3313, the Court grants Defendants' motion.

### 3.    Denial of Motion to Substitute

Defendants moved to dismiss claims in six actions[7] because the Honorable David T. Schultz, United States Magistrate Judge, denied the plaintiffs' motions to substitute. The plaintiffs in five of the six actions individually responded to Defendants' motion.

---

[7]    They are Case Nos. 17-cv-959, 17-cv-975, 17-cv-979, 17-cv-1413, 17-cv-1748, and 17-cv-4158.

**Case No. 17-cv-959**—Plaintiff Eckersley died in February 2020.  A suggestion of death, which states that "Plaintiff's counsel was not notified of Plaintiff's death until September 13, 2023," was filed in October 2023.  A motion to substitute was filed in November 2023.  The next month, Magistrate Judge Schultz denied the motion to substitute.  No objection was filed.  Plaintiff Eckersley opposed Defendants' motion to dismiss, asserting that her noncompliance with PTO 23 "was neither willful nor in bad faith," that "she has not exhibited any pattern of intentional delay," that Defendants have not been prejudiced, and that dismissal would be "unduly harsh."  The Court rejects her arguments.  *See Zotto*, slip op. at 3; Order 2-3, MDL ECF No. 1614; Order 7, MDL ECF No. 1566.  As to Case No. 17-cv-959, the Court grants Defendants' motion.

**Case No. 17-cv-975**—Plaintiff Quintanilla died in June 2020.  A suggestion of death, which states that "Plaintiff's counsel was not notified of Plaintiff's death until August 17, 2023," was filed in September 2023.  A motion to substitute was filed in October 2023.  The next month, Magistrate Judge Schultz denied the motion to substitute.  No objection was filed.  Plaintiff Quintanilla opposed Defendants' motion to dismiss, asserting that his noncompliance with PTO 23 "was neither willful nor in bad faith," that "he has not exhibited any pattern of intentional delay," that Defendants have not been prejudiced, and that dismissal would be "unduly harsh."  The Court rejects his arguments.  *See Zotto*, slip op. at 3; Order 2-3, MDL ECF No. 1614; Order 7, MDL ECF No. 1566.  As to Case No. 17-cv-975, the Court grants Defendants' motion.

**Case No. 17-cv-979**—Plaintiff Settle died in March 2018.  A suggestion of death, which states that "Plaintiff's counsel was not notified of Plaintiff's death until August 21,

2023," was filed in September 2023. A motion to substitute was filed in October 2023. The next month, Magistrate Judge Schultz denied the motion to substitute. No objection was filed. Plaintiff Settle opposed Defendants' motion to dismiss, asserting that her noncompliance with PTO 23 "was neither willful nor in bad faith," that she "has not exhibited any pattern of intentional delay," that Defendants have not been prejudiced, and that dismissal would be "unduly harsh." The Court rejects her arguments. *See Zotto*, slip op. at 3; Order 2-3, MDL ECF No. 1614; Order 7, MDL ECF No. 1566. As to Case No. 17-cv-979, the Court grants Defendants' motion.

**Case No. 17-cv-1413**—Plaintiff Jordan died in April 2021. A suggestion of death, which states that "Plaintiff's heirs did not advise counsel of Plaintiff's passing until September 20, 2023," and a motion to substitute were filed in September 2023. The next month, Magistrate Judge Schultz denied Plaintiff's motion to substitute. No objection was filed. Plaintiff Jordan opposed Defendants' motion to dismiss. She reiterated points made in her motion to substitute. For the reasons stated by Magistrate Judge Schultz, no good cause to excuse the failure to comply with PTO 23 has been demonstrated. As to Case No. 17-cv-1413, the Court grants Defendants' motion.

**Case No. 17-cv-1748**—Plaintiff Criswell died in February 2023. A suggestion of death and a motion to substitute were filed in January 2024. Later in January, Magistrate Judge Schultz denied the motion to substitute. No objection was filed. Plaintiff Criswell did not respond to Defendants' motion. As to Case No. 17-cv-1748, the Court grants Defendants' motion.

**Case No. 17-cv-4158**—Plaintiff Young died in August 2023.  The next month, a suggestion of death was filed.  In December 2023, a motion to substitute was filed.  Magistrate Judge Schultz denied the motion without prejudice to "refil[ing] the motion with accompanying documentation establishing [the proposed substitute plaintiff] as the proper substitute plaintiff."  Thereafter, no motion to substitute was filed.  In response to Defendants' motion to dismiss, a statement of non-opposition was filed.  As to Case No. 17-cv-4158, the Court grants Defendants' motion.

## IV.    Conclusion

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1.    Defendants' Eleventh Motion to Dismiss for Failure to Comply with Pretrial Order No. 23, Fed. R. Civ. P. 41(b), and 25(a), or for Failure to Prosecute [MDL ECF No. 2398] is GRANTED IN PART and DENIED IN PART.

2.    The Clerk of Court shall enter a copy of this Order in MDL No. 15-2666 and in each action listed in Exhibit A.

3.    Each action listed in Exhibit B is DISMISSED WITH PREJUDICE.  In each action listed in Exhibit B, the Clerk of Court shall enter judgment.

4.    The claims listed in Exhibit C are dismissed.

Dated: August 29, 2024

s/Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge

**Exhibit A**

# Actions Subject to Order

| Case No. | Case No. | Case No. | Case No. |
| --- | --- | --- | --- |
| 16-cv-3544 | 17-cv-979 | 17-cv-2356 | 17-cv-3407 |
| 16-cv-4159 | 17-cv-1050 | 17-cv-2393 | 17-cv-4158 |
| 16-cv-4175 | 17-cv-1053 | 17-cv-2395 | 17-cv-4424 |
| 17-cv-17 | 17-cv-1206 | 17-cv-2401 | 17-cv-4899 |
| 17-cv-112 | 17-cv-1411 | 17-cv-2403 | 17-cv-5477 |
| 17-cv-204 | 17-cv-1413 | 17-cv-2532 | 18-cv-161 |
| 17-cv-332 | 17-cv-1416 | 17-cv-2691 | 18-cv-229 |
| 17-cv-465 | 17-cv-1453 | 17-cv-2795 | 18-cv-3313 |
| 17-cv-611 | 17-cv-1663 | 17-cv-2971 | 19-cv-1598 |
| 17-cv-942 | 17-cv-1748 | 17-cv-2980 | 19-cv-1797 |
| 17-cv-959 | 17-cv-2054 | 17-cv-3138 | |
| 17-cv-975 | 17-cv-2187 | 17-cv-3161 | |

**Exhibit B**

# Dismissed Actions

| Case No. | Case No. | Case No. | Case No. |
| --- | --- | --- | --- |
| 16-cv-3544 | 17-cv-979 | 17-cv-2393 | 17-cv-4899 |
| 16-cv-4159 | 17-cv-1050 | 17-cv-2395 | 17-cv-5477 |
| 16-cv-4175 | 17-cv-1206 | 17-cv-2401 | 18-cv-161 |
| 17-cv-17 | 17-cv-1413 | 17-cv-2403 | 18-cv-229 |
| 17-cv-204 | 17-cv-1416 | 17-cv-2691 | 18-cv-3313 |
| 17-cv-332 | 17-cv-1453 | 17-cv-2971 | 19-cv-1598 |
| 17-cv-611 | 17-cv-1748 | 17-cv-3138 | 19-cv-1797 |
| 17-cv-942 | 17-cv-2054 | 17-cv-3161 | |
| 17-cv-959 | 17-cv-2187 | 17-cv-4158 | |
| 17-cv-975 | 17-cv-2356 | 17-cv-4424 | |

**Exhibit C**

# Dismissed Claims

| Case No. | Dismissed Claims |
| --- | --- |
| 17-cv-112 | The claims of Laura Peterson are DISMISSED WITH PREJUDICE. |
| 17-cv-465 | The claims of Barbara Huval are DISMISSED WITH PREJUDICE. |
| 17-cv-465 | The claims of Stephen Varner are DISMISSED WITH PREJUDICE. |
| 17-cv-1053 | The claims of Donald S. Semingsen are DISMISSED WITH PREJUDICE. |
| 17-cv-1411 | The claims of Sheryl Meyers are DISMISSED WITH PREJUDICE. |
| 17-cv-1663 | The claims of Marlene Osborne-Melger are DISMISSED WITH PREJUDICE. |
| 17-cv-2532 | The claims of John F. Howell are DISMISSED WITH PREJUDICE. |
| 17-cv-2795 | The claims of Michael Botsford are DISMISSED WITH PREJUDICE. |
| 17-cv-2980 | The claims of Thomas Parsons are DISMISSED WITH PREJUDICE. |
| 17-cv-3407 | The claims of Elvin Taplin are DISMISSED WITH PREJUDICE. |