UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

In re: BAIR HUGGER FORCED AIR
WARMING DEVICES PRODUCTS
LIABILITY LITIGATION

MDL No. 15-2666 (JNE/DTS)

**Joint Status Update**

This Document Relates To:
All Actions

---

The parties respectfully submit the following Joint Status Update in anticipation of their status conference with Magistrate Judge Schultz on January 24, 2025.

1. **Number of cases in MDL**

On January 22, 2025, there were 7,920 active federal Bair Hugger cases pending in this MDL.[1]

2. **Trial candidate cases**

In late 2024, the parties selected 34 trial candidate cases pursuant to a protocol negotiated under the supervision of former special settlement master Judge James M. Rosenbaum (ret.). Two cases were voluntarily dismissed following selection and before transfer. On April 1, 2024, the Court ordered 26 cases transferred to districts designated in the plaintiffs' Short Form Complaints. Eighteen of these cases remaining pending as of January 23, 2025:

---

[1] This number was generated using the District of Minnesota's CM/ECF report on MDL Related Cases.

| Plaintiff | Court | Trial | Notes |
|---|---|---|---|
| Jones | D. Minn. | Trial ready 3/3/25 | Summary judgment and FRE 702 motions to be heard 4/29/25 |
| Pelican | D. Minn. | Trial ready 3/3/25 | Summary judgment and FRE 702 motions to be heard 4/29/25 |
| Skinner | D. Minn. | Trial ready 3/3/25 | Summary judgment and FRE 702 motions to be heard 4/29/25 |
| Boncher | E.D. Pa. | Trial date 4/14/25 | Summary judgment and FRE 702 motions pending |
| Fratino | D.S.C. | Trial ready 8/4/25 | In discovery. Parties have filed a joint request to amend deadlines. |
| Robinson | M.D. Fla. | Trial ready 8/4/25 | In discovery. |
| Alvord | M.D. Tenn. | Trial date 9/9/25 | In discovery. |
| Finley | D.S.C. | Trial date 9/25/25 or 60 days after resolution of Rule 56 motion, whichever is later | In discovery. |
| Prichard | N.D. Ga. | Trial date in Nov. 2025 (specific date TBD) | In discovery. |
| Billitteri | D. Nev. | Not set | In discovery. |
| Butler | S.D. Ohio | Not set | Parties are moving to extend discovery and motion deadlines following plaintiff's death. |
| Cage | S.D. Ohio | Not set | In discovery. |
| Ciolino-Terzoli | D. Nev. | Not set | In discovery. |
| Goffinet | S.D. Ohio | Not set | In discovery. |
| Hyden | N.D. Ind. | Not set | In discovery. |
| Moore | D. Minn. | Not set | Removed from calendar based on product ID issue. |
| Sooter | N.D. Ill. | Not set | In discovery. |
| Vinson | D. Minn. | Not set | Removed from calendar based on product ID issue. |

In *Moore*, Magistrate Judge Schultz removed the case from the District of Minnesota trial docket pending completion of additional discovery from the hospital regarding product identification.

In *Vinson*, Magistrate Judge Schultz granted the plaintiff leave to amend to name Stryker Corporation as a defendant. The plaintiff then filed an amended complaint naming both 3M and Stryker as defendants. The case was reassigned to Chief Judge Schiltz. 3M moved to dismiss the claims against it. Plaintiff and Stryker stipulated to a transfer of the claims against Stryker to the Southern District of Texas. Judge Schiltz approved that stipulation. Plaintiff has now moved to transfer the remaining claims against 3M to the Southern District of Texas. Judge Schiltz will hear both the motion to dismiss and motion to transfer on January 31.

With respect to the three cases remaining live in the District of Minnesota which are set to be trial ready on March 3, 2025, Defendants have filed summary judgment and Rule 702 motions in *Jones*, *Pelican* and *Skinner,* and scheduled them for one omnibus hearing before Judge Ericksen. Upon information and belief, Judge Ericksen's first available opening on April 30, 2025. Plaintiffs respectfully suggest that Judge Ericksen refer these motions to Magistrate Judge Schultz for hearing and resolution pursuant to Local Rule 7.1(c)(5)(A), so as to facilitate an earlier hearing such that these three cases could be set for trial as soon as possible.  Defendants do not agree to this request.

3. **State court cases**

There are seven pending state court cases:

| Plaintiff | Court | Date Filed | Trial Date | Notes |
|---|---|---|---|---|
| *Kelso* | Harris County, Texas | 5/16/2023[2]* | 3/3/25 | The parties expect the schedule and trial date to be reset following the election defeat of the prior judge and a pending objection by the healthcare provider defendants to the sufficiency of the plaintiff's initial expert report. |
| *Tye* | Jackson County, Missouri | 1/8/2019* | 9/29/25 | In discovery. Healthcare providers also named as defendants. |
| *Friedrich* | Ramsey County, Minnesota | 6/6/2023 | 10/27/25 | Putative class action alleging violations of Minnesota consumer protection statutes. Currently in discovery. Parties anticipate seeking amendment of schedule. |
| *Moore* | Philadelphia Common Pleas, Pennsylvania | 3/16/2023* | 4/6/26 | Hospital also named as a defendant. In discovery. |
| *Sparrow* | Bernalillo County, New Mexico | 11/13/2024 | Not set | Healthcare providers also named as defendants. In discovery. |
| *Barry* | Lewis and Clark County, Montana | 5/22/2023* | Not set | Hospital named as co-defendant; has moved for early summary judgment. |
| *George* | Lewis and Clark County, Montana | 4/12/2023* | Not set | Hospital named as co-defendant; has moved for early summary judgment. In discovery. |

---

[2] The filing date for each case marked with an asterisk is the date the case was initially filed in the various state courts. Each of those cases were then removed by Defendants to federal court, noticed for tag-along to the JPML, and eventually remanded by the MDL Court back to the state court where it was originally filed.

### 4. Update on Canadian action

On June 22, 2016, Defendants were served with a Canadian putative class action, *Driessen v. 3M Canada Company, 3M Company and Arizant Healthcare Inc.*, filed in Ontario Superior Court of Justice, File No. 16-69039. Plaintiff Driessen seeks to represent a putative class of "[a]ll persons residing in Canada who had the 3M Bair Hugger Forced-Air Warming Device used on them during surgery." There has been no recent case activity.

### 5. Non-Case Specific Fact and Expert Discovery

General discovery has occurred primarily in the state court litigation since 2019. The parties have begun discussion on what additional supplementation of discovery responses and document production should occur in the MDL and anticipate presenting their positions to Judge Schultz at a future conference if they are unable to reach agreement.

Mindful of multiple upcoming trials both in the District of Minnesota and in other district courts around the country, Plaintiffs anticipate noticing the *de bene esse* depositions of their own experts on matters of general causation. Plaintiffs anticipate these depositions should be completed no later than May, 2025. Defendants oppose *de bene esse* depositions except upon a demonstration of unforeseen hardship, and expect that the parties' experts will testify live at trial or not at all.

The Court has also taken under advisement the issue of production of various insurance policies held by Defendants as it relates to this litigation.

### 6. Selection of Additional Trial Candidates

The parties have provided input to Judge Schultz on a draft order to select additional trial candidates for workup and potential transfer.

Plaintiffs have proposed a draft order to accompany these future trial cases to the various districts to which they will be transferred. Defendants have responded to the proposed draft. In particular, Plaintiffs request the Court note that the Eighth Circuit decision in *Amador et al v. 3M Co., Inc., et al* is law of the case in this MDL, and accordingly that the issue of "general causation" has been established such that transferee courts need not re-reconsider that issue with additional Daubert/Rule 702 motions on those issues. Defendants' position is that whether *Amador* pre-determines the admissibility of experts (including new experts who were not addressed in *Amador*) is properly decided by the transferee court following expert disclosures and Rule 702 briefing. Like any evidentiary ruling, a ruling that an individual expert's opinion is admissible under Fed. R. Evid. 702 can be revisited up to and through trial. The court in *Boncher* invited briefing on this issue and Defendants expect that it will continue to be fought in other transferred cases.

**7.   Pending motions**

Defendants filed their Thirteenth Motion to Dismiss relating to deceased plaintiffs on December 20. (Dkt. No. 2489.) Briefing will be completed this month. Defendants anticipate filing motions to dismiss under Pretrial Order No. 23 (governing plaintiff fact sheets) in the coming month. No other motions are pending at this time.

**8.   Appeals**

An Eighth Circuit appeal brought by several dismissed plaintiffs, *Quantanilla v. 3M Co.*, No. 24-3001, was dismissed on November 21. No other appeals are pending.

Dated: January 23, 2025

Respectfully submitted,

s/Benjamin W. Hulse
Benjamin W. Hulse (MN #0390952)
NORTON ROSE FULBRIGHT US LLP
30 S. 6th St., Ste. 3100
Minneapolis, MN 55402
Phone: (612) 321-2800
Email: ben.hulse@nortonrosefulbright.com

*Co-Lead Counsel for Defendants*

s/Genevieve M. Zimmerman
Genevieve M. Zimmerman (MN #330292)
MESHBESHER & SPENCE LTD.
1616 Park Avenue South
Minneapolis, MN 55404
Phone: (612) 339-9121
Fax: (612) 339-9188
Email: gzimmerman@meshbesher.com

*Co-Lead Counsel for Plaintiffs*