## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| In re BAIR HUGGER FORCED AIR WARMING DEVICES PRODUCTS LIABILITY LITIGATION | MDL No. 15-2666 (JNE/DTS) |
| This Document Relates To:<br><br>*Adson*, 24-cv-02070<br>*Ashley*, 23-cv-00938<br>*Auxter*, 23-cv-03540<br>*Avery*, 23-cv-03338<br>*Balla*, 24-cv-01436<br>*Baxter*, 23-cv-03507<br>*Blagg*, 23-cv-03655<br>*Blakely*, 24-cv-00976<br>*Boling*, 24-cv-00980<br>*Buxton*, 23-cv-03518<br>*Cali*, 24-cv-01020<br>*Chamness*, 24-cv-00019<br>*Collins*, 24-cv-00036<br>*Cornn*, 24-cv-00885<br>*Cozzens*, 24-cv-01618<br>*Davis*, 24-cv-00729<br>*Dawson*, 24-cv-00871<br>*Day*, 24-cv-01631<br>*Dominguez*, 24-cv-00981<br>*Dudeck*, 24-cv-00977<br>*Durrough*, 23-cv-03649<br>*Esparza*, 23-cv-03778<br>*Finks*, 24-cv-00706<br>*Fivecoat*, 23-cv-03304<br>*Fox*, 23-cv-01959<br>*Garvin*, 23-cv-03405<br>*Garvin*, 24-cv-00890<br>*Gehron*, 23-cv-03243<br>*Gibson*, 23-cv-01867<br>*Godfrey*, 23-cv-03177<br>*Goods*, 23-cv-03196<br>*Griffey*, 23-cv-01929<br>*Gsell*, 24-cv-00869<br>*Halstead*, 24-cv-01027 | **MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO COMPLY WITH PRETRIAL ORDER NO. 14, OR FOR FAILURE TO PROSECUTE: PRODUCT IDENTIFICATION** |

*Hamilton*, 24-cv-00708
*Haney*, 24-cv-00814
*Harding*, 24-cv-00926
*Hartley*, 23-cv-03801
*Hernandez*, 24-cv-00701
*Hill*, 24-cv-00393
*Honea*, 23-cv-02162
*Houston*, 24-cv-00742
*Hoya*, 24-cv-00701
*Huckabey*, 23-cv-01592
*Huddleston*, 24-cv-00656
*Huston*, 23-cv-03677
*Jackson*, 24-cv-00782
*Jackson*, 24-cv-00985
*Jett*, 24-cv-00380
*Keeling*, 23-cv-03529
*Kemp*, 24-cv-00704
*Keys*, 24-cv-00712
*Kinsey*, 23-cv-01423
*Kippins*, 23-cv-03654
*Kushmaul*, 24-cv-00859
*Lanier*, 23-cv-03322
*Lenhart*, 24-cv-00291
*Lomas*, 24-cv-00672
*Long*, 24-cv-00878
*McCord*, 24-cv-00874
*McCraken*, 23-cv-02926
*McManaway*, 24-cv-00112
*Merritt*, 24-cv-00657
*Million*, 23-cv-01179
*Monroe*, 24-cv-00978
*Mosley*, 24-cv-00896
*Nguyen*, 24-cv-00330
*Nunez*, 24-cv-00852
*Panfili*, 23-cv-01188
*Paxson*, 24-cv-00101
*Phillips*, 24-cv-00931
*Pignotti*, 23-cv-00967
*Place*, 24-cv-00723
*Preston*, 23-cv-01007
*Prior*, 24-cv-00677
*Pruitt*, 24-cv-00849
*Ramis*, 24-cv-00733

*Redman*, 16-cv-02299
*Reed*, 24-cv-00979
*Riley*, 23-cv-00979
*Roudebush*, 24-cv-00060
*Salinas*, 23-cv-00974
*Schuchmann*, 24-cv-00730
*Sheets*, 23-cv-01114
*Shoemaker*, 24-cv-01037
*Silas*, 24-cv-00853
*Snowden*, 23-cv-01633
*Stanton*, 24-cv-00891
*Summerlott*, 23-cv-01221
*Suggs*, 24-cv-01032
*Sullivan*, 23-cv-00937
*Thompson*, 24-cv-00994
*Underwood*, 24-cv-00865
*Ventola*, 24-cv-00748
*Walker*, 24-cv-00698
*Weatherly*, 24-cv-01042
*White*, 24-cv-00870
*Williams*, 24-cv-00250
*Williams*, 24-cv-00737
*Williams*, 24-cv-00992
*Yacovone*, 24-cv-00705
*Yoder*, 24-cv-00402
*Zenko*, 24-cv-00744

This motion concerns the failure of over 100 plaintiffs to provide information on Bair Hugger production identification required by Pretrial Order No. 14 ("PTO 14"), despite being notified of the deficiency. Pursuant to PTO 14 and Fed. R. Civ. P. 41(b), 3M moves to dismiss all of these with prejudice. In the alternative, 3M requests that the Court order these plaintiffs to serve verified amended answers to cure the deficiencies within 14 days, or be dismissed with prejudice. This must include an answer to PFS Section III, Question 1, that identifies by Bates number the specific page of the record supporting Bair Hugger product identification.

3

## BACKGROUND

The Court established the PFS process more than eight years ago. The process goes as follows: Within 90 days of filing a complaint in this MDL, plaintiffs must serve a completed and verified PFS that provides basic information about the plaintiff and their claims. ECF No. 117, PTO 14. Plaintiffs submit a PFS in lieu of interrogatory responses, but the PFS responses are nonetheless treated as answers to interrogatories under Fed. R. Civ. P. 33 and must be verified. PTO 14, ¶ 3; ECF No. 1653 at 3; ECF No. 1376 at 2.

After receipt of a PFS, 3M notifies the plaintiff's counsel of any "core deficiencies" as a predicate to moving to dismiss. PTO 14, ¶ 4. PTO 14 defines a core deficiency as a "lack of response to all questions in Section I, Section II, and Section III; Section IV, questions 1, 3, 7, 8, 9, 10; Section V, questions 5, 6, and 7; Section VI, questions 1, 3, 6, 7, 8, and 9; Section VII, questions 1 and 2; Section 8, question 2; Section IX, questions 1, 3, and 4; or lack of signed medical authorizations." *Id.* at ¶ 4. 3M notifies plaintiffs of these core deficiencies by sending a deficiency notice via email and US mail. *Id.* Plaintiffs may respond to a deficiency notice either by: i) curing the deficiency; ii) disputing the deficiency; or iii) explaining why the deficiency cannot be cured. Absent resolution, 3M may then put the PFS dispute on the court conference agenda—and if a case appears on two consecutive agendas, 3M may then file a motion to dismiss. *Id.* at ¶¶ 7, 8. The process of holding regular court conferences where PFS disputes are placed on the agenda resumed as of July 12, 2024. ECF No. 2443.

PTO 14 incentivizes plaintiffs to serve complete and accurate PFS responses, as those plaintiffs remain eligible to be selected as bellwethers. PTO ¶ 5. If 3M sends a timely

4

deficiency notice, and absent any valid explanation or dispute by the plaintiff, the case is excluded from bellwether pool selection until the deficiencies are cured. *Id.* If 3M sends a late deficiency notice (*i.e.*, not within four weeks upon receipt of the PFS), the plaintiff remains as a bellwether candidate, but must still comply with PTO 14.

One PFS question—Section III, Question 1—asks the plaintiff to provide basic product identification information. Specifically, Section III, Question 1 asks the plaintiff if they have any information that a Bair Hugger was used during the surgery allegedly connected to the infection at issue, and to then describe that information. A non-responsive answer, or lack of a complete response, to this PFS question is defined as a "core deficiency." PTO 14, ¶ 4. Below is a screenshot of the exact product identification question each plaintiff is asked to answer and verify under oath. *See* ECF No. 117-1 at 8.

> **III.   SURGERY INFORMATION**
>
> **To the extent responsive information to the questions below is available in medical records in your possession or in the possession of your attorneys, please produce such records.**
>
> 1. Do you have information that a Bair Hugger™ Patient Warming System ("Bair Hugger system") was used during the surgery allegedly connected to the infection at issue?
>
>    ____ Yes  ____ No
>
>    If "yes," please describe that information? _____
>    _____
>
>    When did you first discover this information? _____
>
>    How did you learn this? _____
>
>    Provide the Serial or Model Number of the device used: _____
>
>    Where is this product now? _____

Responses to this straightforward question vary, and plaintiffs are generally reluctant to remedy their answers in response to 3M's deficiency notices. Some plaintiffs who answer "Yes" provide specific details, for example, either by specifying the exact page number and/or medical record that purports to show Bair Hugger use, or including an excerpt of the record itself purporting to identify Bair Hugger use. In other words, answers that include specific references to records that purport to show product identification do not trigger deficiency notices from 3M.

But many other plaintiffs, including the 103 subject to this motion, side-step this question and flip the product identification burden on to 3M. They give vague, non-responsive answers, like "see my medical records," or "I found information that the Bair Hugger was used during my surgery" without any reference to the specific record supporting product identification. Often times, plaintiffs provide hundreds of pages of accompanying medical records with the expectation that 3M will sift through all of the records to answer this question for them. But 3M does not carry the burden of product identification—plaintiffs do.

This Court previously raised this product identification issue in 2018. At an August 16, 2018 status conference, the Court gave "firm notice to the plaintiffs" that a lack of proof of Bair Hugger use was "a significant and serious deficienc[y] in the PFS." (Ex. A, Aug. 16, 2018 Hrg. Tr. at 59:13-60:6.) At that time, 3M sent a letter to Plaintiffs' Liaison Counsel for distribution to all plaintiffs' counsel, reiterating the requirements of answering Section III, Question 1. (*See* Ex. C, Nov. 6, 2018 Ltr. from B. Hulse to D. Szerlag.) 3M explained to plaintiffs that a vague reference to medical records is not a sufficient response

to Section III, Question 1, and that 3M would challenge those answers as deficient. (*Id.*) 3M has now done just that. The fact that plaintiffs remain non-compliant with PTO 14, and/or have failed to provide basic product identification information to continue prosecution of their cases, warrants dismissal with prejudice.

## ARGUMENT

The Court's authority to dismiss these cases with prejudice is beyond question, and has routinely been exercised. ECF No. 1167; ECF No. 1257; ECF No. 1298; ECF No. 1564; ECF No. 1609; ECF No. 1431. The Court has made clear that "[e]ven for failures to respond, noncompliance with a court order can 'constitute[] a pattern of intentional delay meriting dismissal with prejudice' under Rule 41(b)." *See* ECF No. 862 at 2 (internal citation omitted). The Court further explained that PTO 14 required plaintiffs to respond to requests for information in the PFS in lieu of discovery, provided plaintiffs with the opportunity to cure any deficiencies, and "warned expressly of dismissal" should plaintiffs fail to comply. *Id.* Plaintiffs were also warned through the Court's prior orders dismissing with prejudice cases for failure to comply with PTO 14. Thus, "if PTO 14's opportunity to cure has run, a plaintiff's continued noncompliance is a pattern of intentional delay" warranting dismissal with prejudice. *Id.* This is true here.

The Court need not consider lesser sanctions, like dismissal without prejudice, where, as here, "plaintiffs are preventing the defendants from completing discovery." ECF No. 862 at 2 (citing *First Gen. Res. Co. v. Elton Leather Corp.*, 958 F.2d 204, 206 (8th Cir. 1992). Plaintiffs cannot explain why this lesser sanction would be effective given that these

plaintiffs remain noncompliant with PTO 14 even after this Court's numerous prior rulings and warnings. *Id.* Accordingly, dismissal with prejudice is proper.

**I.   CASES WHERE PLAINTIFFS HAVE FAILED TO CURE OR DISPUTE CORE DEFICIENCIES.**

Below is a list of 103 plaintiffs[1] who have not responded to 3M's deficiency notice(s) and remain in violation of PTO 14. In all of these cases: plaintiffs served a PFS that contained a core deficiency in response to Section III, Question 1; 3M notified plaintiffs of the core deficiency; plaintiffs failed to cure the deficiency or otherwise respond to 3M's deficiency letter; and 3M listed plaintiffs on consecutive court conference agendas for dispute. (Ex. D, Jan. 24, 2025 Email from 3M's Counsel Listing PFS Disputes.) Thus, dismissal is warranted. PTO 14, ¶ 8; ECF No. 1431; *see also* ECF No. 1617 (dismissing *Custer*, 18-cv-1517, with prejudice for failing to cure deficient response to Section III, Question 1).

| Plaintiff | Case Number | Plaintiff's Law Firm |
|---|---|---|
| Adson, Marvin | 24-cv-2070 | McDonald Worley |
| Ashley, Anthony | 23-cv-0938 | McDonald Worley |
| Auxter, John | 23-cv-3540 | McDonald Worley |
| Avery, Wanda | 23-cv-3338 | McDonald Worley |
| Balla, Steven | 24-cv-1436 | McDonald Worley |
| Baxter, Della | 23-cv-3507 | McDonald Worley |
| Blagg, Guy | 23-cv-3655 | McDonald Worley |
| Blakely, Irene | 24-cv-0976 | McDonald Worley |
| Boling, Lester | 24-cv-0980 | McDonald Worley |

---

[1] 3M's deficiency notices sent to these plaintiffs often include multiple alleged deficiencies in addition to Section III, Question 1. Should the Court permit plaintiffs to avoid dismissal by serving an amended answer to Section III, Question 1, the plaintiffs should be required to cure *all* alleged deficiencies. 3M did not include this voluminous set of records as an exhibit, but will provide them to the Court upon request.

| | | |
|---|---|---|
| Buxton, Debra | 23-cv-3518 | McDonald Worley |
| Cali, Anita | 24-cv-1020 | McDonald Worley |
| Chamness, John | 24-cv-0019 | McDonald Worley |
| Collins, Anthony | 24-cv-0036 | McDonald Worley |
| Cornn, James | 24-cv-0885 | McDonald Worley |
| Cozzens, Michael | 24-cv-1618 | McDonald Worley |
| Dawson, Edward | 24-cv-0871 | McDonald Worley |
| Davis, Harold | 24-cv-0729 | McDonald Worley |
| Day, Brenda | 24-cv-1631 | McDonald Worley |
| Dominguez, Steve | 24-cv-0981 | McDonald Worley |
| Dudeck, Ted | 24-cv-0977 | McDonald Worley |
| Durrough, Jay | 23-cv-3649 | McDonald Worley |
| Esparza, Rudolf | 23-cv-3778 | McDonald Worley |
| Finks, Angela | 24-cv-0706 | McDonald Worley |
| Fivecoat, Rocky | 23-cv-3304 | McDonald Worley |
| Fox, Alex[2] | 23-cv-1959 | McDonald Worley |
| Garvin, Deanna | 24-cv-0890 | McDonald Worley |
| Garvin, Samuel | 23-cv-3405 | McDonald Worley |
| Gehron, Cathy | 23-cv-3243 | McDonald Worley |
| Gibson, Angela | 23-cv-1867 | McDonald Worley |
| Godfrey, Denis | 23-cv-3177 | McDonald Worley |
| Goods, Curtis | 23-cv-3196 | McDonald Worley |
| Griffey, Gary | 23-cv-1929 | McDonald Worley |
| Gsell, Sandra | 24-cv-0869 | McDonald Worley |
| Halstead, Michael | 24-cv-1027 | McDonald Worley |
| Haney, Barney | 24-cv-0814 | McDonald Worley |
| Hamilton, Lester | 24-cv-0708 | McDonald Worley |
| Harding, Paul | 24-cv-0926 | McDonald Worley |
| Hartley, Nancy | 23-cv-3801 | McDonald Worley |
| Hernandez, Nancy | 24-cv-0701 | McDonald Worley |
| Hill, Darlene | 24-cv-0393 | McDonald Worley |
| Honea, Jonathan | 23-cv-2162 | Bernheim Kelley Battista |
| Houston, Vicki | 24-cv-0742 | McDonald Worley |
| Hoya, Donna | 24-cv-0701 | McDonald Worley |
| Huckabey, Sharon | 23-cv-1592 | McDonald Worley |

---

[2] The plaintiff in *Fox* filed a purported Notice of Voluntary Dismissal on February 26, 2025. ECF No. 7. 3M filed an objection on February 27, 2025. ECF No. 8. 3M

| | | |
|---|---|---|
| Huddleston, Michael | 24-cv-0656 | McDonald Worley |
| Huston, Michael | 23-cv-3677 | McDonald Worley |
| Jackson, Linda | 24-cv-0985 | McDonald Worley |
| Jackson, Yvette | 24-cv-0782 | McDonald Worley |
| Jett, Johnnie | 24-cv-0380 | McDonald Worley |
| Kinsey, Jesse | 23-cv-1423 | McDonald Worley |
| Kippins, Aleta | 23-cv-3654 | McDonald Worley |
| Keeling, Cawanua | 23-cv-3529 | McDonald Worley |
| Kemp, Glenda | 24-cv-0704 | McDonald Worley |
| Keys, Maria | 24-cv-0712 | McDonald Worley |
| Kushmaul, Connie | 24-cv-0859 | McDonald Worley |
| Lanier, Daryl | 23-cv-3322 | Langdon & Emison |
| Lomas, Terry | 24-cv-0672 | McDonald Worley |
| Long, Ella | 24-cv-0878 | McDonald Worley |
| McCord, Brenda | 24-cv-0874 | McDonald Worley |
| McCraken, Marilyn | 23-cv-2926 | Bernheim Kelley Battista |
| McManaway, Harold | 24-cv-0112 | McDonald Worley |
| Merritt, Cindy | 24-cv-0657 | McDonald Worley |
| Million, Hershel | 23-cv-1179 | McDonald Worley |
| Monroe, Jeffrey | 24-cv-0978 | McDonald Worley |
| Mosley, Deborah | 24-cv-0896 | McDonald Worley |
| Nunez, Maryhelen | 24-cv-0852 | McDonald Worley |
| Nguyen, Kimberly | 24-cv-0330 | McDonald Worley |
| Panfili, Cindy | 23-cv-1188 | McDonald Worley |
| Paxson, Bill | 24-cv-0101 | McDonald Worley |
| Pignotti, Patrick | 23-cv-0967 | McDonald Worley |
| Phillips, Colleen | 24-cv-0931 | McDonald Worley |
| Place, Sandra | 24-cv-0723 | McDonald Worley |
| Preston, Linda | 23-cv-1007 | McDonald Worley |
| Prior, Toni | 24-cv-0677 | McDonald Worley |
| Pruitt, Jerry | 24-cv-0849 | McDonald Worley |
| Ramis, Dean | 24-cv-0733 | McDonald Worley |
| Redman, Dennis | 16-cv-2299 | Schlichter Bogard & Denton |
| Reed, Lonnie | 24-cv-0979 | McDonald Worley |
| Riley, Ronald | 23-cv-0979 | McDonald Worley |
| Roudebush, James | 24-cv-0060 | McDonald Worley |
| Salinas, Sandra | 23-cv-0974 | McDonald Worley |

| | | |
|---|---|---|
| Schuchmann, Brian | 24-cv-0730 | McDonald Worley |
| Sheets, Ellen | 23-cv-1114 | McDonald Worley |
| Shoemaker, Dicie | 24-cv-1037 | McDonald Worley |
| Silas, Teresa | 24-cv-0853 | McDonald Worley |
| Snowden, Mark | 23-cv-1633 | McDonald Worley |
| Stanton, Annette | 24-cv-0891 | McDonald Worley |
| Summerlott, Danny | 23-cv-1221 | McDonald Worley |
| Suggs, Anthony | 24-cv-1032 | McDonald Worley |
| Sullivan, Judy | 23-cv-0937 | McDonald Worley |
| Thompson, Frederick | 24-cv-0994 | McDonald Worley |
| Underwood, David | 24-cv-0865 | McDonald Worley |
| Ventola, Lawrence | 24-cv-0748 | McDonald Worley |
| Walker, Roger | 24-cv-0698 | McDonald Worley |
| Weatherly, Jeffrey | 24-cv-1042 | McDonald Worley |
| White, Paul | 24-cv-0870 | McDonald Worley |
| Williams, Gary | 24-cv-0737 | McDonald Worley |
| Williams, Jerry | 24-cv-0992 | McDonald Worley |
| Williams, Johnnie | 24-cv-0250 | McDonald Worley |
| Yacovone, Steven | 24-cv-0705 | McDonald Worley |
| Yoder, Leslie | 24-cv-0402 | McDonald Worley |
| Zenko, Robert | 24-cv-0744 | McDonald Worley |

Plaintiffs' counsel have known since at least August 2018 that a vague, non-specific reference to medical records in answering Section III, Question 1 is a core deficiency. (Ex. C, Nov. 6, 2018 Ltr. from B. Hulse to D. Szerlag); *see also* Ex. A, Aug. 16, 2018 Hrg. Tr. at 62:1-16 ("if you have got somebody who is told there is a PFS deficiency, they are told they have to tell whether there is a case, they still don't do it, then come to me in those cases.") Plaintiffs' Liaison Counsel admitted on the record that lack of product identification is a core deficiency. (Ex. B, Oct. 18, 2018 Hrg. Tr. at 71:19-23.) Yet, each of these plaintiffs served a PFS lacking a response to Section III, Question 1 in a manner that would give 3M the reasonable ability to evaluate the issue of product identification.

And not a single one has argued to 3M that responses like "see my medical records" or "I found information that Bair Hugger was used in my surgery" without a specific reference to the supporting record is sufficient under PTO 14.

While it is true most plaintiffs who answer Section III, Question 1 in this manner provide medical records, the sets of records are often voluminous and do not clearly, easily, or objectively identify Bair Hugger product use. For example, the plaintiff in *Dominguez*, 24-cv-0981, produced 1,946 pages of medical records with the expectation that 3M would find the proverbial needle in the haystack and provide the plaintiff with product identification information. This is plaintiff's obligation under PTO 14, not 3M's. Similarly, the plaintiff in *Honea*, 23-cv-2162, produced multiple sets of medical records spanning hundreds of pages instead of identifying the specific record showing product identification, or copying and pasting an excerpt of the record itself. This is curious given that the plaintiff copied and pasted an excerpt from his medical records directly into his PFS answer about medications. This demonstrates that plaintiffs are willing and able to review their records, and provide answers to PFS questions with great precision, but have chosen not to do so when answering product identification questions.

In recent months, some plaintiffs' counsel began responding to 3M's deficiency notices by (incorrectly) asserting that 3M's notices are deficient, instead of complying with PTO 14. In response to every deficiency notice sent via email from 3M's counsel—regardless of the alleged deficiency—plaintiffs' counsel sends the exact same automated email response within seconds of receiving 3M's deficiency notice. In every instance, plaintiffs' counsel demands that 3M prove the legitimacy of its deficiency notices by

"clearly identifying" each deficiency. Every automated response is exactly the same. This is not a proper response under PTO 14, nor is it a legitimate request to meet and confer to understand the alleged deficiencies, and does not excuse plaintiffs' noncompliance with this Court's orders.

Upon receipt of a deficiency notice, PTO 14, ¶ 6 instructs: "[t]he individual Plaintiff's counsel shall respond in writing within three (3) weeks of the date of service of Defendants' deficiency letter by either (1) curing the alleged deficiencies; (2) disputing the alleged deficiencies and setting forth reasons the PFS is not deficient; or (3) explaining why the alleged deficiencies cannot be timely cured." These automated responses from plaintiffs' counsel neither dispute why the answers are not deficient nor explain why the deficiencies cannot be timely cured. PTO 14 does not permit plaintiffs to challenge 3M's deficiency notices, nor does it define what constitutes a "deficient" deficiency notice.

In any event, plaintiffs routinely submit amended PFS responses that cure core deficiencies (aside from Section III, Question 1), despite the automated responses from plaintiffs' counsel suggesting that they cannot and/or will not do so. For example, in *Dawson*, 24-cv-0871, the plaintiff initially served a PFS with two core deficiencies— Section II, Question 6; and Section III, Question, 1. 3M timely sent a deficiency notice identifying both of those core deficiencies and received plaintiff's counsel's automated email response asserting that 3M's notice was deficient. Even though 3M did not provide any additional information about the deficiencies, plaintiff timely served an amended PFS that cured the deficiency in Section II, Question 6, but ignored the deficiency in Section III, Question 1. This example suggests that plaintiffs, and their lawyers, know what is expected

13

of their answers, but, instead, selectively pick-and-choose what information they want to give 3M. Moreover, *Dawson*'s counsel failed to inquire about the alleged deficiency in response to 3M listing this case for dispute on several consecutive court conference agendas. (Ex. D.) Thus, any argument from plaintiffs that 3M's deficiency notices are "deficient" and somehow excuse their own noncompliance with PTO 14 is without merit.

Some plaintiffs may argue that 3M suffers no prejudice, because product ID information for some cases has been provided informally (that is, not in the form of a sworn PFS). That is not sufficient under PTO 14. This Court has expressed the importance of PTO 14 and the early disclosure of material facts by plaintiffs. *See* ECF No. 862 at 3 ("[t]o allow the Court to manage this MDL and to allow the parties to fairly negotiate settlement or advance to trial, Plaintiffs must disclose these facts on the schedule that they negotiated and submitted to the Court for adoption.") (internal citation omitted). PTO 14 does not excuse plaintiffs from compliance if 3M is able to answer PFS questions by other, informal means that are not sworn under oath. If these plaintiffs have this information, then surely it is no burden to amend their PFS answers and sign new verifications.

Finally, some plaintiffs, including *Redman,* 16-cv-2200, for example, have refused to comply with PTO 14 in instances where 3M sends a "late" deficiency notice. Implicit in their argument is that compliance with PTO 14 is optional if 3M sends a belated deficiency notice. This is incorrect. PTO 14 expressly states that the consequence for 3M sending an untimely deficiency notice (*i.e.*, not within four weeks upon receipt) is that the case will remain in the bellwether selection pool. *See* PTO 14, ¶ 5 ("[i]f a deficiency letter is timely sent, and absent valid explanation or dispute by the Plaintiff, the case shall be excluded

14

from the bellwether pool until the core deficiencies are remedied."). It does not exonerate the plaintiff from compliance with PTO 14.

Each of these plaintiffs have refused to comply with PTO 14, despite being given multiple opportunities to do so. Each plaintiff: i) served a PFS with a core deficiency in Section III, Question 1; ii) received a deficiency notice listing the deficiency in Section III, Question 1; iii) either ignored 3M's deficiency notice, or failed to properly cure the deficient answer; and iv) was listed on at least two consecutive court conference agendas for dispute. (Ex. D.) The requirements of PTO 14 are met, and dismissal with prejudice is warranted. ECF No. 622; ECF No. 682; ECF No. 1653; ECF No. 1609; ECF No. 1376; ECF No. 1431; ECF No. 1564.

## **CONCLUSION**

Plaintiffs have failed to comply with Court orders and prosecute their cases. Thus, for the foregoing reasons, each of these plaintiffs should have their claims dismissed with prejudice, or, in the alternative, be required to serve within 14 days verified, amended answers to PFS Section III, Question 1, that identifies by Bates number the specific page of the record that purports to show Bair Hugger product identification, or be dismissed with prejudice.

Dated: March 3, 2025            Respectfully submitted,

*s/ Benjamin W. Hulse*
Benjamin W. Hulse (MN #0390952)
Mary S. Young (MN #0392781)
Norton Rose Fulbright US LLP
60 South Sixth Street, Suite 3100
Minneapolis, MN 55402
Phone: (612) 321-2800
Email: ben.hulse@nortonrosefulbright.com
       mary.young@nortonrosfulbright.com

***Co-Lead Counsel for Defendants 3M Company and Arizant Healthcare Inc.***