UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: BAIR HUGGER FORCED AIR WARMING DEVICES PRODUCTS LIABILITY LITIGATION | MDL No. 15-2666 (JNE/DTS) ORDER |

This Document Relates to:
See Attached Exhibit A

    Asserting that the plaintiffs in many actions failed to comply with Pretrial Order No. 23 ("PTO 23") and Rules 25(a) and 41(b) of the Federal Rules of Civil Procedure, Defendants 3M Company and Arizant Healthcare, Inc., moved to dismiss the actions.[1] Defendants also moved the Court "to enter an Order requiring each lawyer who has entered an appearance in the MDL on behalf of a plaintiff to, within 30 days upon entry of the Order: (i) confirm that their clients are still living; (ii) if a client is deceased, either dismiss the case or comply with PTO 23; and (iii) provide a sworn statement to Defendants' counsel that they have done so." Plaintiffs filed an omnibus opposition to Defendants' motion, and many plaintiffs individually responded to the motion. For the reasons set forth below, the Court grants in part and denies in part Defendants' motion.

---

[1]    Defendants moved to dismiss 317 actions. One case—Case No. 17-cv-151—was dismissed several months before Defendants filed the motion. Two cases—Case Nos. 16-cv-2447 and 18-cv-218—are not part of MDL No. 15-2666. In seven cases—Case Nos. 16-cv-2367, 16-cv-2551, 16-cv-4362, 17-cv-1482, 17-cv-2779, 18-cv-2971, and 23-cv-2338—Defendants acknowledged in their reply that they "mistakenly identified" the plaintiffs as deceased. Defendants withdrew their motion as to the seven cases. In another case—Case No. 19-cv-439—Defendants withdrew their motion "given that [the plaintiff's] surviving spouse has been substituted." The substitution took place years before Defendants filed their motion. Eight cases—Case Nos. 16-cv-460, 16-cv-1043, 16-cv-1931, 16-cv-3438, 17-cv-287, 17-cv-4253, 18-cv-1080, and 18-cv-1480—were dismissed based on stipulations after Defendants filed the motion. Accordingly, 298 actions appear in Exhibit A.

1

I.  **Background**

"If a party dies and the claim is not extinguished, the court may order substitution of the proper party.  A motion for substitution may be made by any party or by the decedent's successor or representative." Fed. R. Civ. P. 25(a)(1).  PTO 23, issued in January 2018, expands on the procedures for substitution.  MDL ECF No. 1039.  It instructs plaintiffs as to the filing and content of both the motion for substitution and a "suggestion of death."  *Id.*  It warns that noncompliance with these directives "will entitle Defendants to request a dismissal of plaintiff's action with prejudice in accordance with Fed. R. Civ. P. 25(a)." *Id.*

In relevant part, PTO 23 requires plaintiff's counsel to file a suggestion of death "[w]ithin ninety days of [its] entry . . . or the death of a plaintiff, whichever is later." *Id.* The suggestion of death must identify "the plaintiff and describe[] the time, date, and circumstances of the plaintiff's death."  *Id.*  PTO 23 and Rule 25 require that a motion for substitution be filed within ninety days of the filing of the suggestion of death.  A motion for substitution must (1) identify the proposed substitute, (2) explain why the proposed substitute is a proper party, and (3) explain why the death of the named plaintiff did not extinguish the claim under the applicable state laws.

Plaintiffs moved to eliminate the ninety-day deadline for filing the suggestion of death, arguing that compliance with PTO 23 is sometimes impossible where a plaintiff relocates or experiences health issues and fails to respond to counsel's communications. Pls.' Mot. to Amend, Sept. 19, 2018, MDL ECF No. 1517.  The Court denied Plaintiffs' motion to amend PTO 23.  Order, Dec. 4, 2018, MDL ECF No. 1614.  The Court

2

acknowledged, however, that it "excuses noncompliance with PTO 23 when compliance is impossible" or where a plaintiff provides "detailed diligent and good faith efforts to comply with the deadlines in PTO 23." *Id.* at 1-2.

In July 2019, the Court entered summary judgment in Defendants' favor. In August 2021, the United States Court of Appeals for the Eighth Circuit "reverse[d] the grant of summary judgment in favor of 3M." *In re Bair Hugger Forced Air Warming Devices Prods. Liab. Litig.*, 9 F.4th 768, 773 (8th Cir. 2021). The Eighth Circuit issued the mandate in November 2021. The parties subsequently "agree[d] that the substitution requirements set forth on PTO No. 23 will resume as of February 18, 2022. Specifically, within 90 days of a plaintiff's death or February 18, 2022, whichever is later, Plaintiffs shall file suggestions of death."

## II.   Legal Standard

If a plaintiff fails to prosecute or comply with PTO 23, the Court may dismiss the case. Fed. R. Civ. P. 41(b). Such dismissal may be with prejudice "in cases of willful disobedience of a court order or where a litigant exhibits a pattern of intentional delay." *Hunt v. City of Minneapolis*, 203 F.3d 524, 527 (8th Cir. 2000). This does not require a "find[ing] that the [plaintiff] acted in bad faith, but requires 'only that he acted intentionally as opposed to accidentally or involuntarily.'" *Id.* (citation omitted). The Court excuses noncompliance where plaintiffs have demonstrated excusable neglect or impossibility to comply with PTO 23's deadline. Order 7, Oct. 26, 2018, MDL ECF No. 1566 ("Without evidence of a reasonable and good faith process for ascertaining whether

3

or not a client is alive, the Court cannot find that either excusable neglect or impossibility justify noncompliance with PTO 23.").

### III. Discussion

#### A. Failure to File a Timely Suggestion of Death

Defendants moved to dismiss almost 300 cases in which "the plaintiff is likely deceased and a suggestion of death was not filed within the deadline set by PTO 23(A)." In support of their motion, Defendants submitted a declaration of an attorney. Five exhibits are attached to it: (1) a "copy of the list of 317 plaintiffs that 3M believes are deceased that are subject to this motion"; (2) a copy of a letter sent by Defendants' counsel to Magistrate Judge Schultz; (3) a "copy of the list of plaintiffs that 3M believes are deceased sent from 3M's counsel to plaintiffs' Co-Lead Counsel on November 15, 2024"; (4) a copy of an email sent by Defendants' counsel to Plaintiffs' Co-Lead Counsel; and (5) a "copy of the list of plaintiffs that 3M believes are deceased who have not yet filed a suggestion of death." In their omnibus opposition, Plaintiffs stated that Defendants failed to support their motion with any evidence. Plaintiffs also renewed their longstanding opposition to dismissals based on failure to comply with PTO 23.

In Case Nos. 17-cv-579, 17-cv-2204, 17-cv-3394, and 17-cv-3870, the individual responses to Defendants' motion state that the plaintiffs' claims are not being pursued. Thus, the Court grants Defendants' motion with respect to Case Nos. 17-cv-579, 17-cv-2204, 17-cv-3394, and 17-cv-3870.

The Court otherwise denies Defendants' motion insofar as Defendants moved to dismiss cases for failure to file a timely suggestion of death. Defendants did not properly

substantiate their assertion that timely suggestions of death were not filed in cases in which the plaintiffs are deceased.[2] *See* Fed. R. Evid. 602; Fed. R. Evid. 1006; *Friedel v. City of Madison*, 832 F.2d 965, 970 (7th Cir. 1987) ("The use of affidavits by counsel is in certain carefully confined situations undoubtedly appropriate, but it is a tactic fraught with peril, and counsel must remember that the requirements of Rule 56(e) are set out in mandatory terms and the failure to comply with those requirements makes the proposed evidence inadmissible during the consideration of the summary judgment motion.").

### B. Failure to File a Timely Motion to Substitute

Defendants moved to dismiss many actions because the plaintiffs failed to file a timely motion to substitute. Defendants asserted that the spousal loss-of-consortium claim in Case No. 17-cv-5567 should be dismissed.

**Case No. 15-cv-4588**—Plaintiff Harper died in June 2019. A suggestion of death was filed in May 2022. No motion to substitute has been filed. Plaintiff Harper's response to Defendants' motion states: "Counsel for Plaintiff confirms that no family members have responded to our communications since September 2022. Nor have we been advised that a personal representative has been appointed for the Decedent." As to Case No. 15-cv-4588, the Court grants Defendants' motion.

**Case No. 16-cv-2450**—Plaintiff Quinlan died in January 2024. A suggestion of death was filed in April 2024. No motion to substitute has been filed. Plaintiff Quinlan's

---

[2] Several plaintiffs responded to Defendants' motion by stating that they are not deceased. As noted above, Defendants acknowledged that they "mistakenly identified" several plaintiffs as deceased and withdrew their motion as to those plaintiffs.

5

response to Defendants' motion states that, "[i]n April 2024, . . . the Representative for The Estate of Gerald Quinlan, advised Counsel that he did not intend to continue the pending claim for Gerald Quinlan." As to Case No. 16-cv-2450, the Court grants Defendants' motion.

**Case No. 17-cv-43**—Plaintiff McGuire died in April 2020. A suggestion of death was filed in May 2022. No motion to substitute has been filed. As to Case No. 17-cv-43, the Court grants Defendants' motion.

**Case No. 17-cv-825**—Plaintiff McGahey died in October 2019. A suggestion of death was filed in May 2022. No motion to substitute has been filed. As to Case No. 17-cv-825, the Court grants Defendants' motion.

**Case No. 17-cv-1088**—Plaintiff Lee died in July 2020. A suggestion of death was filed in May 2022. No motion to substitute has been filed. As to Case No. 17-cv-1088, the Court grants Defendants' motion.

**Case No. 17-cv-1134**—Plaintiff Newman died in August 2020. A suggestion of death was filed in December 2022. No motion to substitute has been filed. As to Case No. 17-cv-1134, the Court grants Defendants' motion.

**Case No. 17-cv-1673**—Plaintiff Montanez died in August 2020. A suggestion of death was filed in May 2022. No motion to substitute has been filed. As to Case No. 17-cv-1673, the Court grants Defendants' motion.

**Case No. 17-cv-1743**—Plaintiff Owings died in July 2019. A suggestion of death was filed in May 2022. No motion to substitute has been filed. As to Case No. 17-cv-1743, the Court grants Defendants' motion.

**Case No. 17-cv-2079**—Plaintiff Dennis Durocher died in October 2023. A suggestion of death was filed in February 2024. No motion to substitute has been filed. As to the claims of Plaintiff Dennis Durocher, the Court grants Defendants' motion.

Defendants did not address the claims of Plaintiff Lynn Durocher. As to the claims of Plaintiff Lynn Durocher, the Court denies Defendants' motion.

**Case No. 17-cv-2337**—Plaintiff Griffin died in January 2020. A suggestion of death was filed in May 2022. No motion to substitute has been filed. As to Case No. 17-cv-2337, the Court grants Defendants' motion.

**Case No. 17-cv-2369**—Plaintiff Knoll died in June 2019. A suggestion of death was filed in May 2022. No motion to substitute has been filed. As to Case No. 17-cv-2369, the Court grants Defendants' motion.

**Case No. 17-cv-2498**—Plaintiff Kirkland died in September 2019. A suggestion of death was filed in May 2022. No motion to substitute has been filed. As to Case No. 17-cv-2498, the Court grants Defendants' motion.

**Case No. 17-cv-2577**—Plaintiff Bush died in December 2018. A suggestion of death was filed in June 2019. No motion to substitute has been filed. As to Case No. 17-cv-2577, the Court grants Defendants' motion.

**Case No. 17-cv-3353**—Plaintiff Carla Chandler died in January 2024. A suggestion of death was filed in April 2024. No motion to substitute has been filed. As to the claims of Plaintiff Carla Chandler, the Court grants Defendants' motion.

Defendants did not address the claims of Plaintiff John Chandler. As to the claims of Plaintiff John Chandler, the Court denies Defendants' motion.

**Case No. 17-cv-3356**—Plaintiff Barker died in November 2022. A suggestion of death was filed in August 2024. No motion to substitute has been filed. As to Case No. 17-cv-3356, the Court grants Defendants' motion.

**Case No. 17-cv-4422**—Plaintiff Gonzalez died in September 2023. A suggestion of death was filed in December 2023. No motion to substitute has been filed. As to Case No. 17-cv-4422, the Court grants Defendants' motion.

**Case No. 17-cv-4437**—Plaintiff Forsythe died in October 2021. A suggestion of death was filed in November 2023. No motion to substitute has been filed. As to Case No. 17-cv-4437, the Court grants Defendants' motion.

**Case No. 17-cv-4696**—Plaintiff Campbell died in July 2020. A suggestion of death was filed in September 2023. No motion to substitute has been filed. As to Case No. 17-cv-4696, the Court grants Defendants' motion.

**Case No. 17-cv-4832**—Plaintiff Griffin died in June 2023. A suggestion of death was filed in January 2024. No motion to substitute has been filed. As to Case No. 17-cv-4832, the Court grants Defendants' motion.

**Case No. 17-cv-5567**—Plaintiff Clifford Peters died in July 2023. A suggestion of death was filed in October 2023. No motion to substitute has been filed. As to the claims of Plaintiff Clifford Peters, the Court grants Defendants' motion.

Asserting that "North Carolina law considers loss of consortium claims as derivative and bars loss of consortium claims when the injured spouse cannot, or can no longer, recover," Defendants maintained that the claims of Plaintiff Janice Peters should

be dismissed. As to the claims of Plaintiff Janice Peters, the Court grants Defendants' motion. *See Trivette v. Yount*, 735 S.E.2d 306, 313 (N.C. 2012).

**Case No. 18-cv-701**—Plaintiff Freeman died in February 2022. A suggestion of death was filed in February 2023. No motion to substitute has been filed. As to Case No. 18-cv-701, the Court grants Defendants' motion.

**Case No. 18-cv-1696**—Plaintiff Helt died in August 2021. A suggestion of death was filed in November 2023. No motion to substitute has been filed. As to Case No. 18-cv-1696, the Court grants Defendants' motion.

**Case No. 18-cv-1784**—Plaintiff Sanders died in August 2019. A suggestion of death was filed in April 2024. No motion to substitute has been filed. Plaintiff Sanders's response to Defendants' motion states: "Counsel for Plaintiff confirms that no family members have responded to our requests to contact our office. Nor have we been advised that a personal representative has been appointed for the Decedent." As to Case No. 18-cv-1784, the Court grants Defendants' motion.

**Case No. 18-cv-2010**—Plaintiff Barham died in March 2022. A suggestion of death was filed in July 2024. No motion to substitute has been filed. As to Case No. 18-cv-2010, the Court grants Defendants' motion.

### C. Denial of Motion to Substitute

Defendants moved to dismiss three actions in which the plaintiffs' motions to substitute were denied.

**Case No. 16-cv-1957**—Plaintiff Timothy Byrd died in June 2022. A suggestion of death was filed in September 2022. A motion to substitute was filed in January 2023.

After repeatedly extending the deadline to file a probate document establishing that the proposed substitute plaintiff is the proper party, Magistrate Judge Schultz denied the motion to substitute without prejudice in September 2023.  No docket activity has since taken place.  As to the claims of Plaintiff Timothy Byrd, the Court grants Defendants' motion.

Defendants did not address the claims of Plaintiff Sherry Byrd.  As to the claims of Plaintiff Sherry Byrd, the Court denies Defendants' motion.

**Case No. 16-cv-2991**—Plaintiff Monyek died in November 2022.  A suggestion of death and a motion to substitute were filed in July 2024.  The next month, Magistrate Judge Schultz denied the motion to substitute.  No docket activity has since taken place.  As to Case No. 16-cv-2991, the Court grants Defendants' motion.

**Case No. 16-cv-4315**—Plaintiff Charles Brown died in January 2021.  A suggestion of death was filed in June 2022.  A motion to substitute was filed in August 2022.  In October 2022, noting documents that establish the proposed substitute party is the proper party had not been filed, Magistrate Judge Schultz denied the motion to substitute without prejudice.  Apart from notices of appearance, no docket activity has since taken place.  As to the claims of Plaintiff Charles Brown, the Court grants Defendants' motion.

Defendants did not address the claims of Plaintiff Deirdre Brown.  As to the claims of Plaintiff Deirdre Brown, the Court denies Defendants' motion.

## IV. Conclusion

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Defendants' Twelfth Motion to Dismiss for Failure to Comply with Pretrial Order No. 23, Fed. R. Civ. P. 41(b), and 25(a), or for Failure to Prosecute [Docket No. 2489] is GRANTED IN PART and DENIED IN PART.

2. The Clerk of Court is directed to enter a copy of this Order in each action listed in Exhibit A.

3. The following actions are dismissed with prejudice: Case Nos. 15-cv-4588, 16-cv-2450, 16-cv-2991, 17-cv-43, 17-cv-579, 17-cv-825, 17-cv-1088, 17-cv-1134, 17-cv-1673, 17-cv-1743, 17-cv-2204, 17-cv-2337, 17-cv-2369, 17-cv-2498, 17-cv-2577, 17-cv-3356, 17-cv-3394, 17-cv-3870, 17-cv-4422, 17-cv-4437, 17-cv-4696, 17-cv-4832, 17-cv-5567, 18-cv-701, 18-cv-1696, 18-cv-1784, and 18-cv-2010. The Clerk of Court is directed to enter judgment in each action.

4. In Case No. 16-cv-1957, the claims of Timothy Byrd are dismissed with prejudice.

5. In Case No. 16-cv-4315, the claims of Charles Brown are dismissed with prejudice.

6. In Case No. 17-cv-2079, the claims of Dennis Durocher are dismissed with prejudice.

7. In Case No. 17-cv-3353, the claims of Carla Chandler are dismissed with prejudice.

Dated: April 28, 2025

s/Joan N. Ericksen  
JOAN N. ERICKSEN  
United States District Judge