

Gabriel Assaad
1770 St. James Place
Suite 100
Houston, Texas 77056
713.523.5500 | 800.610.2001
gassaad@mcdonaldworley.com

May 25, 2025

The Honorable David T. Schultz
Magistrate Judge, District of Minnesota
United States District Court
9E U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415

Re:     *In re Bair Hugger*, MDL No. 15-2666-JNE-DTS –Text Order (ECF No. 2814)

Honorable Judge Schultz:

Pursuant to your May 14, 2025 Text Order (ECF No. 2814) requesting a joint letter describing recurring disputes and attaching a demonstrative Plaintiff Fact Sheet, Plaintiffs submit this letter along with the attached redacted Plaintiff Fact Sheets ("PFS") as examples of the recurring issues.[1]

**Plaintiffs' position**

Defendants reference to an isolated PFS is not an exemplar of the thousands of PFS submitted by Plaintiffs and fails to inform the Court that the deficiency letter in that case was sent over five months after the deficiency letter was due. Defendants have not complied with PTO 14 and have waived any objections to the adequacy of that particular PFS. PTO is very clear, "[w]ithin four (4) weeks of receipt of a PFS, Defendants **shall** notify the individual Plaintiff's counsel of any core deficiencies…". This is a recurring issue in which hundreds of deficiency letters have been untimely sent and therefore any objections to those PFS have been waived. The requirements and deadlines in PTO 14 should be construed similarly to PTO 23. Both orders include the term "shall" and therefore "shall" should as a matter of equity be construed strictly against 3M as it is against the Plaintiffs. In fact, 3M should be held to a higher standard in which the PFS is sent to Norton Rose which has numerous attorneys which can respond as compared to a dead person being required to notify their attorney that they are dead.

Plaintiffs do not suggest that all submitted PFSs are without any deficiencies, and that none need to be corrected. However, the purpose and efficiencies of the PTO 14 process have been forgotten

---

[1] Defendants provided a draft of their position on Friday May 23, 2025. Plaintiff was in the process of finalizing their position when Defendants filed their position with the Court at 1:40 PM today without any notice.

by the Defendants. Defendants have repeatedly submitted deficiencies in which there is no deficiency. Attached are three recent deficiency notices received by the Defendants and the corresponding PFS submitted by Plaintiffs. This is just an example of the thousands of deficiency letters sent by Defendants in which Plaintiffs have made a "serious, good faith effort" and have complied with PTO 14. As mentioned during a previous hearing, Defendants have provided no substantive description of deficiencies in their deficiency letters and Plaintiffs are left guessing as to what Defendants allege are deficient, especially when on their face, there are no core deficiencies. Defendants have "cried wolf" too many times in which now their deficiency letters have no meaning and are just expected to be received by the Plaintiffs.

Plaintiffs request this Court to reign in Defendants so that the PTO 14 process is efficient and meaningful. The Defendants waste of the Court's and Plaintiffs' time and resources must end. The initial purpose of PTO 14 is as a process to obtain case information for purposes of Bellwether selection and settlement, not a technical sword to dismiss legitimate cases because of a blank line, data in a different section, etc. The Bellwether process has passed and therefore the only purpose is to obtain information for settlement. The MDL is in a different posture now as compared to when PTO 14 was initially entered and such should be considered by the Court in determining the future course of action by the parties and the purpose of PTO 14.

Sincerely,

/s/ Gabriel Assaad

Gabriel Assaad
Michael V. Ciresi
Genevieve Zimmerman
Ben W. Gordon
Co-lead Counsel for Plaintiffs

SAMPLE PFS



May 8, 2025

**Via Email and U.S. Mail**

Norton Rose Fulbright US LLP
60 South Sixth Street, Suite 3100
Minneapolis, Minnesota 55402
United States of America

Direct line +1 612 321 2289
simon.gottlieb@nortonrosefulbright.com

Tel +1 612 321 2800
Fax +1 612 321 2288

Gabriel Assaad
McDonald Worley, PC
1770 St. James Place Suite 100
Houston, TX 77056
Gassaad@mcdonaldworley.com

Re:     *In re Bair Hugger Forced Air Warming Devices Products Liability Litigation*
        MDL No. 26666 – Deficiencies in Plaintiff Fact Sheet
        *Connelly, Michael J. v 3M Company et al* Case No.:0:25-cv-00925-JNE-DTS

Dear Counsel:

We are in receipt of the Plaintiff Fact Sheet (PFS) for the above-captioned matter. The PFS has core deficiencies, as set forth in the enclosed report.

Paragraph 4 of Pretrial Order No. 14 (PTO 14), identifies those questions in the PFS which, if not properly responded to, constitute core deficiencies. PTO 14 also defines failure to verify the responses and failure to provide an executed medical authorization as core deficiencies. Additionally, the instructions for the PFS prohibit leaving spaces blank, and provide: "If a question is not applicable to you, please state 'Not Applicable' or 'N/A.'"

Pursuant to Paragraph 6 of PTO 14, within three weeks of this letter, you must respond in writing by either (1) curing the deficiencies (by serving a revised, verified PFS to Norton Rose Fulbright's dedicated PFS email account, (2) disputing the deficiency and setting forth the reasons the PFS is not deficient, or (3) explaining why the deficiencies cannot be timely cleared. If you serve an amended PFS, be advised that you do not need to resubmit documents that were previously served.

Sincerely,

*/s/Simon J. Gottlieb*

Simon Gottlieb
cc: Plaintiffs' Liaison Counsel

Enclosure May 8, 2025

Norton Rose Fulbright US LLP is a limited liability partnership registered under the laws of Texas.

Norton Rose Fulbright US LLP, Norton Rose Fulbright LLP, Norton Rose Fulbright Australia, Norton Rose Fulbright Canada LLP and Norton Rose Fulbright South Africa Inc are separate legal entities and all of them are members of Norton Rose Fulbright Verein, a Swiss verein. Norton Rose Fulbright Verein helps coordinate the activities of the members but does not itself provide legal services to clients. Details of each entity, with certain regulatory information, are available at nortonrosefulbright.com.

## **Core Deficiencies**

Sec. III: 1

Sec. VI: 3

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

In re: BAIR HUGGER FORCED AIR
WARMING DEVICES PRODUCTS
LIABILITY LITIGATION

This Document Relates To:
All Actions

MDL No. 15-2666 (JNE/FLN)

**PLAINTIFF FACT SHEET**

Plaintiff: _ ███████████████

(Printed Name)

      This Plaintiff Fact Sheet must be completed pursuant to the Pretrial Order by each plaintiff or their personal representative.  Section IX must be completed by loss of consortium plaintiffs.

      In completing this Fact Sheet, you are under oath and must provide information that is true and correct to the best of your knowledge.  Please answer every question, and do not leave any blanks throughout this Fact Sheet.  If you cannot recall all of the details requested, please provide as much information as you can.  If a question is not applicable to you, please state "Not Applicable" or "N/A."  If any information you need to complete this Fact Sheet is in the possession of your attorney or other representative, please consult with that attorney or representative so that you can fully and accurately respond to the questions.  If you do not have room in the space provided to complete your answer, please attach as many sheets of paper as necessary to fully answer the questions.  You are obligated to supplement your responses if you learn that they are incomplete or incorrect in any material respect.  No answer requires any waiver of privilege.

      As used herein, the term "communication" and/or "correspondence" shall mean and refer to any oral, written or electronic transmission of information, including, without limitation, meetings, discussions, conversations, telephone calls, memoranda, letters, e-mails, text messages, conferences, or seminars or any other exchange of information.

      As used herein, the term "identify" or "identity" with respect to persons, means to give, to the extent known, the person's full name, their present or last known addresses and phone numbers.

      As used herein, the term "person" means natural person, as well as corporate and/or governmental entity.

      As used herein, "your attorney" refers to the attorneys that represent you individually in this lawsuit.

      As used herein, the terms "Relating to," "relate to," "referring to," "refer to," "reflecting," "reflect," "concerning," or "concern" shall mean evidencing, regarding, concerning,

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

discussing, embodying, describing, summarizing, containing, constituting, showing, mentioning, reflecting, pertaining to, dealing with, relating to, referring to in any way or manner, or in any way logically or factually, connecting with the matter described in that paragraph of these demands, including documents attached to or used in the preparation of or concerning the preparation of the documents.

### NOTE TO PEOPLE IN A REPRESENTATIVE CAPACITY

If you are completing this form in a representative capacity, only the information in Section I asks for information about you, individually. Throughout the rest of the Plaintiff Fact Sheet, the questions seek information about the person who you claim was injured, or on whose behalf you bring this lawsuit. Other than in Section I, when a question asks for information about "you" or the "plaintiff," please provide information about the person you claim was injured or on whose behalf you have brought this lawsuit.

### I.    CASE INFORMATION

1.    Name of person completing this form: ███████████████

2.    State the following for the civil action which you filed:

   a.    Current case caption: ███████████████

   b.    Current case number:  0:25-cv-00925

3.    State the name, address, telephone and facsimile numbers, and e-mail address of the principal attorney representing you:

   a.    Name:  Gabriel Assaad

   b.    Firm:   McDonald Worley

   c.    Address: 1770 St. James Pl. Suite 100

   d.    Telephone: 713-523-5500    Fax:  713-523-5501

   e.    E-mail:  bairhugger@mcdonaldworley.com

4.    If you are completing this questionnaire in a representative capacity (*e.g.*, on behalf of an estate, or incapacitated or deceased person), please state the following information about yourself:

   a.    Name: N/A

   b.    Any other names (*e.g.*, maiden name or alias) you have used or by which you have been known and the dates you used those names: _____

         N/A

-2-
### CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

c.  Your Address: N/A _____

d.  Individual or estate you are representing, and in what capacity you are representing the individual or estate: _____

N/A _____

_____

e.  If you were appointed as a representative by a court, state the court:

N/A _____

f.  Date of Appointment: N/A _____

g.  State your relationship with the represented person claimed to be injured:

N/A _____

h.  If you represent a decedent's estate, state the date and the address of the place of death:

N/A _____

_____

## II.    PERSONAL INFORMATION (re Person claiming injuries)

1.  State the following regarding your personal information:

a.  Full Name: ███████████ _____

b.  Any other names (*e.g.*, maiden name or alias) you have used or by which you have been known and the dates when you used those names: _____

N/A _____

_____

c.  Social Security Number: ███████ _____

d.  Address: ███████████████████████ _____

e.  State how long you have lived at your present address: 51 Years _____

f.  Identify all persons who lived with you at the time of the events alleged in the Complaint, and their relationship to you: _____

Judy Connelly, Wife _____

-3-
**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

2.    Driver's license number and state issuing license: ___C-540-603-367-050; MD___

3.    Date and place of birth: ████████ ; MD

4.    Sex:  Male: __X__  Female: _____

5.    If you have Medicare, please state your HICN number (if known):
      __1AK0-GU5-YH33__

6.    Identify each address at which you have resided during the last ten (10) years, and list the
      approximate years when you started and stopped living at each one:

| Address | Dates of Residence |
|---|---|
| ████████ | 1974 - Present |
|  |  |
|  |  |

7.    Are you currently, or have you ever been, married? __X__ Yes  _____ No

      If "yes," for each spouse, please state the following:

| Name and Address (if different from yours) of Spouse | Spouse's Date of Birth | Date Marriage Began/Ended | How Marriage Ended |
|---|---|---|---|
| Judy Connelly | 07/01/1952 | 06/06/1970 - Present | N/A Separated |
|  |  |  |  |

8.    For each of your children, please state their name and year of birth: _____
      Christopher Connelly, 1985; Michelle Connelly, 1978

9.    Identify the following information for each school, college, university, vocational school,
      or other educational institution you have attended beginning with high school:

-4-
**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

CONNELLY, M-000004

| Name of School | City and State | Dates of attendance | Degree Awarded | Major or Primary Field |
|---|---|---|---|---|
| Beall High School | Frostburg, MD | 1961 - 1966 | Diploma | General Studies |
| | | | | |
| | | | | |
| | | | | |

10.    For your current employer (if you are not currently employed, your last employer) and each employer for the last ten (10) years, state the following to the extent you can recall:

| Name and Address of Employer | Approx. Dates of Employment | Occupation/Job Title | Reason for Leaving |
|---|---|---|---|
| CertainTeed 10131 Governor Lane Boulevard, Williamsport, MD 21795 | 2001 - 10/2006 | Machine Operator | Retired |
| | | | |
| | | | |
| | | | |

11.    Have you ever served in any branch of the military?

Yes __X__          No _____

Branch(es) and date(s) of service __United States Navy Reserves, 1963 - 1968__

If yes, were you ever discharged for any reason relating to your medical or physical condition?

Yes _____          No __X__

If yes, state what that condition was: __N/A__

12.    Have you ever been rejected from military service for any reason relating to your medical or physical condition?

Yes _____          No __X__

If yes, state what the condition was: __N/A__

-5-

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

13. Have you been convicted of a felony or a crime involving a dishonest act or false statement in the last ten (10) years?

_____ Yes    X    No

If "yes," state the type and nature of the underlying conduct or event: _____

N/A
_____

_____

Court/State entering conviction: ____N/A_____

Date of conviction: ____N/A_____

14. Do you recall ever visiting a website, blog, etc., regarding the use of patient warming systems during surgery, or any risks or benefits to patient warming in general or by device type? If so, identify the website, blog, etc., you visited and the location of any copy of the information you reviewed if it still exists:

No.
_____

_____

15. Do you recall ever posting or writing anywhere on the internet in a public forum about Defendants, any patient warming system or device, or the injuries you allege were caused by Defendants' product, including but not limited to, posting on a personal website, blog, Facebook account, Linked In account, or other social media?

_____ Yes    X    No

If "yes," then identify the web address or name and type of social media, and approximate dates during which you made such posts:_____

N/A
_____

16. Do you have any drawings, journals, slides, diaries, notes, letters, or emails which refer to your health or well being relating to your surgery, alleged injury, and your life after your alleged injury?

Yes, I have pictures.
_____

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

CONNELLY, M-000006

### III.    SURGERY INFORMATION

**To the extent responsive information to the questions below is available in medical records in your possession or in the possession of your attorneys, please produce such records.**

1.    Do you have information that a Bair Hugger™ Patient Warming System ("Bair Hugger system") was used during the surgery allegedly connected to the infection at issue?

_____X____ Yes    _____ No

If "yes," please describe that information? I found information that the Bair Hugger was used during my surgery.

When did you first discover this information? 03/13/2025

How did you learn this? From my medical records

Provide the Serial or Model Number of the device used: Unknown

Where is this product now? Unknown

2.    Other than based upon information from a consulting expert, do you have information as to whether the operating room (where the surgery at which you claim you were injured was performed) utilized a laminar air flow system at the time of your surgery?

_____ Yes, it did.    _____ No, it did not.    ___X___ Do not know.

What is the source of your knowledge? N/A

When did you learn this? N/A

Other than based upon information from a consulting expert, identify any documents or records that contain information about the laminar air flow system used in the operating room at the time of your surgery: N/A

_____

3.    State the following information related to the surgery or surgeries at which you claim you were injured by a Bair Hugger system (answer separately for each surgery at issue):

Date of surgery: 07/30/2018

Location of surgery (hospital or facility name and full address): ████████████████████████████████████████████

Identify the physician performing the surgery: Adam E. Klein, MD

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

Type of surgery: ██████████████

Reason for surgery: ███████

Your height and weight at the time of surgery: 6'2"; 249.1 lbs

List all medical conditions or diagnoses (for example, high blood pressure or diabetes) that you had at the time you went into surgery:

High Blood Pressure; Diabetes

Identify any infections you had, if any, during the 6 months before you had surgery:

N/A

Identify all persons with whom you had discussions about the risks of surgery, and describe the risks discussed: I had the discussion with my doctor at the time, and it was

mentioned to me about the risks of having surgery.

Identify the type of microbe, bacterium, virus, or organism, you allege caused the infection that is the subject of this lawsuit (if known) and the basis for your knowledge if not subject to privilege: Unknown

4. Has anyone, excluding any retained medical or scientific expert or your attorneys, expressed the opinion or otherwise told you that the Bair Hugger system caused the infection or injury that is the basis for this lawsuit?

Yes _____        No ___X____

If yes, identify the person who told you and their relationship to you:

_____

What were you told? __N/A_____

_____

5. Are you aware of any non-privileged tests or inspections that have been conducted of the Bair Hugger system allegedly used at your surgery, or of any other Bair Hugger device?

_____Yes ___X___ No

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

CONNELLY, M-000008

If "yes," state the following:

Date(s) of testing: _N/A_

Model/Serial No. of unit(s): _N/A_

Name and address of person or entity that conducted testing: _N/A_

Description of tests conducted: _N/A_

Results of testing: _N/A_

## IV.    GENERAL MEDICAL INFORMATION

1.    Identify the following vital statistics:

Current (last) height: _6'2"_

Current (last) weight: _220 lbs_

2.    Identify the name and address of your current (last) family and/or primary care physician:

Robert A. Welik, MD - 919 Seton Dr, Cumberland, MD 21502

3.    Identify all healthcare providers with whom you have consulted or treated beginning seven (7) years before the surgery at which you claim you were injured by a Bair Hugger system through the present, and for each provider, state the following information:

| Doctor or Healthcare Provider's Name | Specialty | Address | Approx. Dates/Years of Visits | Reasons for Seeing this Provider |
|---|---|---|---|---|
| Robert A. Welik, MD | Internal Medicine Nephrology | 919 Seton Dr, Cumberland, MD 21502 | 2010 - Present | General Health |
| Adam Edward Klein, MD | Adult Reconstructive Orthopedic Surgery | 1 Medical Center Dr, Morgantown, WV, 26506 | 07/30/2018 - 02/2021 02/2021 - Present | Right Hip Issues |
| Nicole Bryan, MD | Infectious Disease | 1 Medical Center Dr, Morgantown, WV 26506 | 08/2018 - Present | Right Hip Issues |
| Renee Schwertfeger, NP | Endocrinology | 600 Suncrest Town Centre Dr, Morgantown, WV 26505 | 2020 - Present | Diabetes |
|  |  |  |  |  |

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

CONNELLY, M-000009

4. For each hospital, clinic, surgery center, healthcare facility, physical therapy or rehabilitation center where you have received medical treatment (in-patient, out-patient, urgent care or emergency room) from the time seven (7) years before the surgery at which you claim you were injured by a Bair Hugger system to the present, state the following information:

| Name | Address and Telephone Number | Admission Date(s) | Reason for Admission |
|------|------------------------------|-------------------|----------------------|
| ███████ | ████ Dr. | ████████ | █████████ |
| | | | |
| | | | |
| | | | |

5. List all of the medications (prescription and over the counter) you currently take.

| Medication | Dose/ Frequency of Use | Physician Ordering | Purpose |
|------------|------------------------|--------------------|---------|
| Warfarin | 3 mg / Daily | Robert A. Welik, MD | Clot prevention |
| Doxycycline | 100 mg / 2X Daily | Nicole Bryan, MD | Infection prevention |
| Metoprolol | 50 mg / Daily | Robert A. Welik, MD | High Blood Pressure |
| (See Addendum) | | | |

6. For each prescription medication you have taken at least once a month over the course of four months or more at any time during the last seven (7) years prior to the surgery, other than the ones above, identify the following information:

| Name of Prescription Medication | Who Prescribed the Medication | Understanding of Reason for Taking | Dates/years taken |
|---------------------------------|-------------------------------|-------------------------------------|-------------------|
| N/A | | | |
| | | | |
| | | | |
| | | | |

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

CONNELLY, M-000010

7.  Identify the following for each pharmacy, drugstore, or other facility or supplier (including, but not limited to, mail order pharmacies) that has dispensed medication to you in the past five (5) years:

| Name of Pharmacy | Address and Telephone Number of Pharmacy | Approx. Dates/Years You Used Pharmacy |
|---|---|---|
| Walmart Pharmacy | 12500 Country Club Mall Rd, La Vale, MD 21502 (301) 729-5088 | 2014 - Present |
|  |  |  |
|  |  |  |
|  |  |  |

8.  Identify all dental procedures you had beginning 6 months prior to and continuing through 6 months after the surgery during which you claim you were injured by the Bair Hugger system. For each procedure, provide the following information:

| Dentist or Healthcare Provider's Name | Address | Date of Procedure | Type of Procedure |
|---|---|---|---|
| N/A |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

9.  Have you ever used tobacco in any form from the time five (5) years before the surgery at which you claim you were injured by the Bair Hugger system to present?

    _____ Yes   __X__ No

    If "yes," check the answer and state the following:

    Type(s) of tobacco used: __N/A_____

    Date on which you began using tobacco: __N/A_____

    Date on which you ceased using tobacco (if current user, state N/A): __N/A____

    Amount of tobacco used: __N/A_____ per day for __N/A_____ years.

    Other description of tobacco use: __N/A_____

-11-
**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

CONNELLY, M-000011

10. For the time period starting one (1) year before the surgery at which you claim you were injured by the Bair Hugger system to the present, have you been treated as an in-patient or out-patient for drug or alcohol abuse or addiction?

_____ Yes    X   No

If "yes," please provide the name of the facility and approximate dates of treatment
N/A

### V.    INSURANCE AND OTHER CLAIM INFORMATION

1. Identify any person, insurance company (including any Medicare Advantage Organization), or other entity, including Medicare or Medicaid, that provided medical coverage to you (either directly or through a group, including any employer) or paid medical bills on your behalf at any time, beginning five (5) years before your alleged injuries through the present.

| Name of Entity | Policy Number | Name of Policy Holder or Insured (if not you) | Approx. Dates of Coverage |
|---|---|---|---|
| WellCare | 34166101 | Self | 01/2024 - Present |
| Medicare | 1AK0-GU5-YH33 | Self | 2011 - Present |
|  |  |  |  |

3. Have you ever filed a worker's compensation claim in the last ten (10) years?

_____ Yes    X   No

If "yes," please state:

The approximate year of the claim: ___N/A_____

Your employer: ___N/A_____

Nature of disability: ___N/A_____

4. Have you ever been out of work for more than thirty (30) days in any one or more of the last ten (10) years, for any reasons related to your health excluding maternity leave?

_____ Yes    X   No

If "yes," please state:

The approximate date(s) you were out of work: ___N/A_____

-12-
**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

CONNELLY, M-000012

The reason(s) you were out of work: _N/A_____

_____

5.   Have you ever filed social security disability claims (SSI or SSD) or filed a disability claim with a private insurer?

_X___ Yes   _____ No

If "yes," please state:

Approximate year of the claim: _2006_____

Nature of disability: _Seizure, suspected stroke_____

Was the claim denied? ____ Yes _X___ No

6.   Have you ever filed a lawsuit or made a claim, other than the present lawsuit, relating to any bodily injury in the last ten (10) years?

_____Yes   _X___ No

If "yes," please state:

Approximate date the lawsuit or claim was filed or made: _N/A_____

Court/State where the lawsuit was filed: _N/A_____

Name of the Defendant, if known: _N/A_____

Brief description of the claims asserted: _N/A_____

_____

7.   Have you ever filed for bankruptcy subsequent to the date of the surgery in which you claim you were injured by the Bair Hugger system?

_____Yes   _X___ No

If "yes," state when and in what court, and how the case was resolved. _____

_N/A_____

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

CONNELLY, M-000013

## VI.    CURRENT CLAIM INFORMATION

1.    Do you allege that you suffered physical and/or bodily injury related to use of a Bair Hugger system?

_____X_____ Yes    _____ No

If "yes": describe each bodily injury:

Following my surgery where Bair Hugger was used, I suffered a postoperative infection

requiring intervention, management and 3 surgeries. See timeline of care on page 20 and

medical records provided for additional information.

State the approximate date on which you first became aware of the injury(ies) (regardless of whether you associated the injury with the use of a Bair Hugger system): _____

08/22/2018

If you are currently experiencing any symptoms related to an alleged injury that you attribute to use of a Bair Hugger system, describe your symptoms and any treatment you are currently receiving: ██████████████████████████████████████████ _____

████████████████████████████████████████.

_____

Describe any activities that you can no longer perform, or cannot perform as well, since the time you allege you were injured: ███████████████████████████████ _____

████████████████████████████████████████████████

███████

Describe any other physical harm or consequences you suffered as a result: I can't walk

on uneven ground. It affected my driving and walking. I used a walker for over a year

from the surgeries. My muscles in my hip will ache for days if I am exposed to the cold.

2.    Do you allege that use of a Bair Hugger system worsened or aggravated a previously existing injury or condition?

_____ Yes    ____X____ No    NOT TO MY KNOWLEDGE

If "yes," describe the previously existing injury or condition, the approximate date of onset of the previously existing injury or condition, and any treatment for and resolution of the injury or condition: _____

-14-

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

N/A

_____

_____

3.   Do you claim damages related to emotional distress or psychological injuries as a result of use of a Bair Hugger system?

___X___ Yes    _____ No

If "yes," describe the emotional distress or psychological injuries and the approximate date of onset: _____

From day one of the surgery in 07/30/2018, my whole life changed. I hunted, fished,

everything; all of my hobbies stopped immediately. It affected my social life.

4.   If you are claiming damages related to emotional distress, provide the following information for any psychiatrist, psychologist, or any other mental healthcare professional who has ever treated you, or who you are currently seeing, for any alleged emotional distress or psychological injuries described in the previous question:

| Doctor or Healthcare Provider's Name | Specialty | Address | Reason for Visit | Approx. Dates/Years of Visits |
|---|---|---|---|---|
| Robert A. Welik, MD | Internal Medicine Nephrology | 919 Seton Dr, Cumberland, MD 21502 | Primary Care | 2010 - Present |
|  |  |  |  |  |
|  |  |  |  |  |

5.   Have you read or seen any written, televised, or internet-based advertising or labeling material related to a Bair Hugger system other than in consultation with your attorney?

_____ Yes    ___X___ No

If "yes," state which written, televised, or internet-based advertising or labeling materials you read or saw and when you reviewed those materials: _____

N/A

_____

_____

6.   In connection with the surgery at which you claim you were injured, were you given any oral or written information or warnings concerning the Bair Hugger system?

_____ Yes    ___X___ No

-15-
**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

If "yes," state the following:

When these were given: _____ N/A _____

A description of the information or warnings: _____ N/A _____

_____

_____

Identify each person or entity from whom you recall receiving the information or warnings listed above:

_____ N/A _____

_____

If you recall, list any questions you asked, and the answers they gave, regarding the information or warnings listed above: _____

_____ N/A _____

_____

7.    Have you or has anyone acting on your behalf (other than your attorney) had any communications with any Arizant or 3M representative regarding your surgery with and/or claim of injuries from use of a Bair Hugger system?

_____Yes    __X__ No

If "yes," provide the approximate date(s), type (email, phone, letter, etc.), persons involved, if known, and general substance of the communication:
N/A _____

_____

8.    Did any representative of Arizant or 3M ever tell you that you got a warranty related to the Bair Hugger$^{TM}$ Patient Warming System or otherwise represent to you the expected performance of the Bair Hugger system ?

_____Yes    __X__ No

If "yes," state the following:  provide the approximate date(s), type of communication (email, phone, letter, etc.,), persons involved, if known, and general substance of the representation.

9.    Please describe any communications, correspondence, or interactions between You and any representative of Augustine Temperature Management, including but not limited to Dr. Scott Augustine.      NONE

-16-
**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

CONNELLY, M-000016

## VII.    ECONOMIC DAMAGES

1.    Are you making a claim for loss of past wages or income?

_____Yes    __X__ No

If "yes," state the following:

Approximate time you lost from work:__N/A_____

Approximate income you claim you lost:__N/A_____

State your approximate total earned income (including any salary, bonus, and benefits) for each year, beginning three years prior to the injury you allege is related to the use of a Bair Hugger system through the present:

| Year | Annual gross income |
|------|---------------------|
| N/A  |                     |
|      |                     |
|      |                     |
|      |                     |
|      |                     |

2.    Are you making a claim for loss of future wages, income, or earning capacity?

_____Yes    __X__ No

If "yes," state the following:

Approximate amount of lost future wages or income you are claiming:  $__N/A_____

Basis for calculation of lost future wages or income:  __N/A_____

_____

_____

3.    Have you paid out-of-pocket medical expenses that are related to any condition that you allege was caused by a defect in a Bair Hugger system?

_____Yes    __X__ No

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**
CONNELLY, M-000017

If "yes," state the approximate total amount of out-of-pocket medical expenses incurred:

$ _N/A_____

4.    For any expenses claimed above, have they been reimbursed or reduced by any third party?

_N/A__ Yes  _N/A__ No

If "yes," identify who reimbursed or reduced these expenses: _____

_N/A_____

5.    To your knowledge, has your insurer, or any other entity or person (including the government or a governmental agency or program), paid or incurred any medical expenses related to any condition that you allege was caused by the Bair Hugger system?

_X___Yes    _____ No

If "yes," identify the name and approximate dates during which your insurer, or other entity or person, paid or incurred any such medical expenses. _____

_Medicare, 2018, 2020 & 2021_____

6.    Provide a statement of the nature and approximate amount of any other economic damages you claim in this lawsuit: _____

_N/A_____

### VIII.   PERSONS WITH KNOWLEDGE

1.    Identify each person (other than your healthcare providers or attorneys) who possesses important information about the facts of your lawsuit, including your injuries and current medical conditions, to the extent not already listed:

| Name | Address | Relationship to You | Subject Matter of Knowledge |
|---|---|---|---|
| William Perry Walker | 39 Eleanor St, Lavale, MD 21502 | Friend | Medical Information |
| | | | |
| | | | |
| | | | |
| | | | |

-18-

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

CONNELLY, M-000018

|  |  |  |  |
|---|---|---|---|
|  |  |  |  |

2.  Has anyone (other than your healthcare providers or attorneys) provided you with a verbal or written statement about the facts or circumstances relating to this lawsuit, including the use of patient warming systems or the conduct or representations of Defendants?

    \_\_\_\_\_Yes    X    No

If "yes," please identify the person, state when they gave you this statement and summarize its contents: _____

N/A _____

_____

## IX.    LOSS OF CONSORTIUM PLAINTIFFS

1.  State the following:

    a.    Your name: N/A _____

    b.    Any other names (*e.g.*, maiden name or alias) you have used or by which you have been known and the dates you used those names: N/A _____

_____

    c.    Your Social Security Number: N/A _____

    d.    Your address: N/A _____

    e.    State how long you have lived at your present address: N/A _____

2.  Sex:  Male: N/A _____  Female: N/A _____

3.  Identify each address at which you have resided during the last five (5) years, and list when you started and stopped living at each one:

| Address | Dates of Residence |
|---|---|
| N/A |  |
|  |  |
|  |  |

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

CONNELLY, M-000019

4.   Are you currently, or have you ever been, married to the primary plaintiff in this action?
     __N/A__ Yes   __N/A__ No

     If "yes," please state when and where you were married, how long you were married, and
     when and how the marriage ended (if it did): _____

     N/A _____

     _____

5.   Do you have any children with the primary plaintiff? __N/A__ Yes  __N/A__ No

     If "yes," please identify their names and years of birth:_____

     N/A _____

6.   Describe separately and in detail each and every loss of care, services, companionship,
     counsel, advice, assistance, comfort, consortium, or any similar loss you are claiming:

     N/A _____

     _____

     _____

     _____

TIMELINE:

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

Addendum of Connelly, Michael (01/18/1946)

<mark>Page 10:</mark>

5. List all of the medications (prescription and over the counter) you currently take.

| Medication | Dose/ Frequency of Use | Physician Ordering | Purpose |
|---|---|---|---|
| Lisinopril | 40 mg / Daily | Robert A. Welik, MD | High Blood Pressure |
| Amlodipine | 10 mg / Daily | Robert A. Welik, MD | High Blood Pressure |
| Hydralazine | 25 mg / Daily | Robert A. Welik, MD | High Blood Pressure |
| Humalog | 10-15 units / Daily | Renee Schwertfeger, NP | Diabetes |
| Lantus | 40 mg / Daily | Renee Schwertfeger, NP | Diabetes |

# X. <u>DOCUMENTATION</u>

1.    **Authorizations**:  Please sign and attach to this Fact Sheet the authorizations for release of records appended hereto.

2.    **Documents within your possession**:  if you have any of the following materials in your possession, please attach a copy to this Fact Sheet.

    A.    All diagnostic tests and test results, including original films or video of ultra sounds, MRIs, x-rays, CT scans, etc., taken during the time from ten (10) years before the surgery at which you allege you were injured by use of a 3M$^{TM}$ Bair Hugger$^{TM}$ Patient Warming System to the present.

    B.    Copies of all documents from physicians, healthcare providers, or others related to the surgery at which you claim you were injured, any patient warming system, or your recovery from surgery.

    C.    Any documents that reflect, show or establish the use of a Bair Hugger system during the surgery at which you claim you were injured.

    D.    All documents related to, concerning, or constituting product use instructions, product warnings, package inserts, warranties, guarantees, or other materials provided to you that relate to the Bair Hugger system.

    E.    All non-privileged statements obtained from or given by any person having knowledge of facts relevant to your specific case.

    F.    All documents relating to the surgery at which you claim you were injured, including, but not limited to medical records, medical bills, prescriptions, diaries, notes, rehabilitation instructions, etc., whether made by you or any other person or entity.

    G.    All documents regarding the health risks or hazards associated with or possibly arising from surgery, which you received or generated in connection with or at any time before the surgery at which you claim you were injured.

    H.    All documents in your possession that you believe were provided to you by any Defendant (unless they first were given to you by your attorney), related to the claims in your case.

    I.    All documents and things in your possession that relate to any Defendant and were in your possession before the surgery at which you claim you were injured, related to the claims in your case.

    J.    If you claim to have suffered a loss of earnings, or lost earnings capacity, your federal tax returns and W-2s for each year, beginning three years prior to the injury you allege is related to the use of a Bair Hugger system through the present.

<u>**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**</u>

CONNELLY, M-000022

K.    If you claim any loss from medical expenses, copies of all bills from any physician, hospital, pharmacy, or other healthcare provider.

L.    Decedent's death certificate (if applicable).

## <u>VERIFICATION</u>

Pursuant to 28 U.S.C. § 1746, I declare under the penalty of perjury that all of the

information provided in this Fact Sheet is true and correct to the best of my knowledge.


  Michael Connelly
Print Name

*Michael Connelly*
Michael Connelly (Apr 8, 2025 17:52 EDT)
Signature


  04/08/2025
Date


Print Name
(Loss of Consortium Plaintiff)


Signature


Date

**<u>CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER</u>**

CONNELLY, M-000023

## <u>LIMITED AUTHORIZATION TO DISCLOSE HEALTH INFORMATION</u>

**(Pursuant to the Health Insurance Portability and Accountability Act "HIPAA" of 4/14/03)**

TO:
Patient Name:  Michael Connelly
DOB:  01/18/1946
SSN: 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

      I,  <u>Michael Connelly</u>  , hereby authorize you to release and furnish to: Norton Rose Fulbright and/or its designee copies of the following information:

    \*   All medical records, including inpatient, outpatient, and emergency room treatment, all clinical charts, reports, documents, correspondence, test results, statements, questionnaires/histories, office and doctors' handwritten notes, and records received by other physicians, dated from _____ (seven years prior to the date of the subject surgery) to the present.

    \*   All autopsy, laboratory, histology, cytology, pathology, radiology, CT Scan, MRI, echocardiogram and cardiac catheterization reports, dated from _____(seven years prior to the date of the subject surgery) to the present.

    \*   All radiology films, mammograms, myelograms, CT scans, photographs, bone scans, pathology/cytology/histology/autopsy/immunohistochemistry specimens, cardiac catheterization videos/CDs/films/reels, and echocardiogram videos, dated from _____(seven years prior to the date of the subject surgery) to the present.

    \*   All pharmacy/prescription records, including NDC numbers and drug information handouts/monographs, dated from _____(seven years prior to the date of the subject surgery) to the present.

    \*   All billing records including all statements, itemized bills, and insurance records, dated from _____(seven years prior to the date of the subject surgery) to the present.

1.  To my medical provider: **this authorization is being forwarded by, or on behalf of, attorneys for the defendant for the purpose of litigation.  You are not authorized to discuss any aspect of the above-named person's medical history, care, treatment, diagnosis, prognosis, information revealed by or in the medical records, or any other matter bearing on his or her medical or physical condition, unless you receive an additional authorization permitting such discussion.  Subject to all applicable legal objections, this restriction does not apply to discussing my medical history, care, treatment, diagnosis, prognosis, information revealed by or in the medical records, or any other matter bearing on my medical or physical condition at a deposition or trial.**

CONNELLY, M-000024

2. I understand that the information in my health record may include information relating to information about behavioral or mental health services and treatment for alcohol and drug abuse.

3. I understand that I have the right to revoke this authorization at any time. I understand that if I revoke this authorization, I must do so in writing and present my written revocation to the health information management department. I understand the revocation will not apply to information that has already been released in response to this authorization. I understand the revocation will not apply to my insurance company when the law provides my insurer with the right to contest a claim under my policy. Unless otherwise revoked, this authorization will expire in one year.

4. I understand that authorizing the disclosure of this health information is voluntary. I can refuse to sign this authorization. I need not sign this form in order to assure treatment. I understand I may inspect or copy the information to be used or disclosed as provided in C.F.R. 164.524. I understand that any disclosure of information carries with it the potential for an unauthorized re-disclosure and the information may not be protected by federal confidentiality rules. If I have questions about disclosure of my health information, I can contact the releaser indicate above.

5. A notarized signature is not required. C.F.R. 164.508. A copy of this authorization may be used in place of an original.

Print Name: __Michael Connelly_____(plaintiff/representative)

Signature: _Michael Connelly (Apr 8, 2025 17:52 EDT)_____ Date: _04/08/2025_____

-2-



May 8, 2025

**Via Email and U.S. Mail**

Norton Rose Fulbright US LLP
60 South Sixth Street, Suite 3100
Minneapolis, Minnesota  55402
United States of America

Direct line +1 612 321 2289
simon.gottlieb@nortonrosefulbright.com

Tel +1 612 321 2800
Fax +1 612 321 2288

Gabriel Assaad
McDonald Worley, PC
1770 St. James Place Suite 100
Houston, TX 77056
Gassaad@mcdonaldworley.com

Re:     *In re Bair Hugger Forced Air Warming Devices Products Liability Litigation*
        MDL No. 26666 – Deficiencies in Plaintiff Fact Sheet
        *Cunnigham, Nancy v. 3M Company et al* Case No.:0:25-cv-00506-JNE-DTS

Dear Counsel:

We are in receipt of the Plaintiff Fact Sheet (PFS) for the above-captioned matter. The PFS has core deficiencies, as set forth in the enclosed report.

Paragraph 4 of Pretrial Order No. 14 (PTO 14), identifies those questions in the PFS which, if not properly responded to, constitute core deficiencies. PTO 14 also defines failure to verify the responses and failure to provide an executed medical authorization as core deficiencies. Additionally, the instructions for the PFS prohibit leaving spaces blank, and provide: "If a question is not applicable to you, please state 'Not Applicable' or 'N/A.'"

Pursuant to Paragraph 6 of PTO 14, within three weeks of this letter, you must respond in writing by either (1) curing the deficiencies (by serving a revised, verified PFS to Norton Rose Fulbright's dedicated PFS email account, (2) disputing the deficiency and setting forth the reasons the PFS is not deficient, or (3) explaining why the deficiencies cannot be timely cleared. If you serve an amended PFS, be advised that you do not need to resubmit documents that were previously served.

Sincerely,

*/s/Simon J. Gottlieb*

Simon Gottlieb
cc: Plaintiffs' Liaison Counsel

Enclosure May 8, 2025

Norton Rose Fulbright US LLP is a limited liability partnership registered under the laws of Texas.

Norton Rose Fulbright US LLP, Norton Rose Fulbright LLP, Norton Rose Fulbright Australia, Norton Rose Fulbright Canada LLP and Norton Rose Fulbright South Africa Inc are separate legal entities and all of them are members of Norton Rose Fulbright Verein, a Swiss verein. Norton Rose Fulbright Verein helps coordinate the activities of the members but does not itself provide legal services to clients. Details of each entity, with certain regulatory information, are available at nortonrosefulbright.com.

## Core Deficiencies

Sec. III: 1

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| In re: BAIR HUGGER FORCED AIR WARMING DEVICES PRODUCTS LIABILITY LITIGATION | MDL No. 15-2666 (JNE/FLN) |
| | **PLAINTIFF FACT SHEET** |
| This Document Relates To: All Actions | |

Plaintiff: ___ ███████████████ ___

(Printed Name)

This Plaintiff Fact Sheet must be completed pursuant to the Pretrial Order by each plaintiff or their personal representative. Section IX must be completed by loss of consortium plaintiffs.

In completing this Fact Sheet, you are under oath and must provide information that is true and correct to the best of your knowledge. Please answer <u>every question</u>, and <u>do not leave any blanks</u> throughout this Fact Sheet. If you cannot recall all of the details requested, please provide as much information as you can. If a question is not applicable to you, please state "Not Applicable" or "N/A." If any information you need to complete this Fact Sheet is in the possession of your attorney or other representative, please consult with that attorney or representative so that you can fully and accurately respond to the questions. If you do not have room in the space provided to complete your answer, please attach as many sheets of paper as necessary to fully answer the questions. You are obligated to supplement your responses if you learn that they are incomplete or incorrect in any material respect. No answer requires any waiver of privilege.

As used herein, the term "communication" and/or "correspondence" shall mean and refer to any oral, written or electronic transmission of information, including, without limitation, meetings, discussions, conversations, telephone calls, memoranda, letters, e-mails, text messages, conferences, or seminars or any other exchange of information.

As used herein, the term "identify" or "identity" with respect to persons, means to give, to the extent known, the person's full name, their present or last known addresses and phone numbers.

As used herein, the term "person" means natural person, as well as corporate and/or governmental entity.

As used herein, "your attorney" refers to the attorneys that represent you individually in this lawsuit.

As used herein, the terms "Relating to," "relate to," "referring to," "refer to," "reflecting," "reflect," "concerning," or "concern" shall mean evidencing, regarding, concerning,

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

discussing, embodying, describing, summarizing, containing, constituting, showing, mentioning, reflecting, pertaining to, dealing with, relating to, referring to in any way or manner, or in any way logically or factually, connecting with the matter described in that paragraph of these demands, including documents attached to or used in the preparation of or concerning the preparation of the documents.

### NOTE TO PEOPLE IN A REPRESENTATIVE CAPACITY

If you are completing this form in a representative capacity, only the information in Section I asks for information about you, individually. Throughout the rest of the Plaintiff Fact Sheet, the questions seek information about the person who you claim was injured, or on whose behalf you bring this lawsuit. Other than in Section I, when a question asks for information about "you" or the "plaintiff," please provide information about the person you claim was injured or on whose behalf you have brought this lawsuit.

## I.    CASE INFORMATION

1.    Name of person completing this form: ███████████████

2.    State the following for the civil action which you filed:

    a.    Current case caption: ██████████████

    b.    Current case number:   0:25-cv-00506

3.    State the name, address, telephone and facsimile numbers, and e-mail address of the principal attorney representing you:

    a.    Name:   Gabriel Assaad

    b.    Firm:    McDonald Worley

    c.    Address: 1770 St. James Pl. Suite 100

    d.    Telephone: 713-523-5500    Fax:   713-523-5501

    e.    E-mail:   bairhugger@mcdonaldworley.com

4.    If you are completing this questionnaire in a representative capacity (*e.g.*, on behalf of an estate, or incapacitated or deceased person), please state the following information about yourself:

    a.    Name:   N/A

    b.    Any other names (*e.g.*, maiden name or alias) you have used or by which you have been known and the dates you used those names:

    N/A

-2-
### CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

Cunningham, N-000002

c.    Your Address: _____ N/A _____

d.    Individual or estate you are representing, and in what capacity you are representing the individual or estate: _____

    N/A

 

e.    If you were appointed as a representative by a court, state the court:

    N/A

f.    Date of Appointment: _____ N/A _____

g.    State your relationship with the represented person claimed to be injured:

    N/A

h.    If you represent a decedent's estate, state the date and the address of the place of death:

    N/A

 

## II.    PERSONAL INFORMATION (re Person claiming injuries)

1.    State the following regarding your personal information:

a.    Full Name: ███████████████

b.    Any other names (*e.g.*, maiden name or alias) you have used or by which you have been known and the dates when you used those names: _____

    Sartor  1959 - 1980, Lincecum 1980-1988, Mendoza 1988 - 1989,

    Cunningham 2009 - Present

c.    Social Security Number: ██████████

d.    Address: _____ 1650 Lake Ridge Blvd, Canyon Lake, TX 78133 _____

e.    State how long you have lived at your present address: _____ 2 Years _____

f.    Identify all persons who lived with you at the time of the events alleged in the Complaint, and their relationship to you: _____

    Richard Cunningham, Husband

-3-

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

2.  Driver's license number and state issuing license: 08148324; TX

3.  Date and place of birth: ███████; Freeport, Texas

4.  Sex: Male: _____ Female: __X__

5.  If you have Medicare, please state your HICN number (if known):
    Unknown

6.  Identify each address at which you have resided during the last ten (10) years, and list the approximate years when you started and stopped living at each one:

| Address | Dates of Residence |
|---|---|
| ████████ | 2023 - Present |
| ██████ | 2013 - 2023 |
|  |  |

7.  Are you currently, or have you ever been, married? __X__Yes _____ No

    If "yes," for each spouse, please state the following:

| Name and Address (if different from yours) of Spouse | Spouse's Date of Birth | Date Marriage Began/Ended | How Marriage Ended |
|---|---|---|---|
| Richard Cunningham | 09/10/1959 | 2009 - Present | N/A |
|  |  |  |  |

8.  For each of your children, please state their name and year of birth: _____
    N/A

9.  Identify the following information for each school, college, university, vocational school, or other educational institution you have attended beginning with high school:

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

| Name of School | City and State | Dates of attendance | Degree Awarded | Major or Primary Field |
|---|---|---|---|---|
| Sweeny High School | Sweeny, TX | 1973 - 1978 | Diploma | General Studies |
| | | | | |
| | | | | |
| | | | | |

10.    For your current employer (if you are not currently employed, your last employer) and each employer for the last ten (10) years, state the following to the extent you can recall:

| Name and Address of Employer | Approx. Dates of Employment | Occupation/Job Title | Reason for Leaving |
|---|---|---|---|
| Brazoria County 111 E Locust St, Angleton, TX 77515 | 2010 - 2020 | Baliff | Disability/Covid |
| | | | |
| | | | |
| | | | |

11.    Have you ever served in any branch of the military?

Yes _____          No __X__

Branch(es) and date(s) of service ___N/A_____

If yes, were you ever discharged for any reason relating to your medical or physical condition?

Yes __N/A__          No __N/A__

If yes, state what that condition was: __N/A_____

12.    Have you ever been rejected from military service for any reason relating to your medical or physical condition?

Yes _____          No __X__

If yes, state what the condition was: __N/A_____

-5-
**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

13. Have you been convicted of a felony or a crime involving a dishonest act or false statement in the last ten (10) years?

_____Yes   <u>  X  </u>  No

If "yes," state the type and nature of the underlying conduct or event: _____

N/A

_____

_____

Court/State entering conviction: <u>   N/A                    </u>

Date of conviction: <u>   N/A                      </u>

14. Do you recall ever visiting a website, blog, etc., regarding the use of patient warming systems during surgery, or any risks or benefits to patient warming in general or by device type? If so, identify the website, blog, etc., you visited and the location of any copy of the information you reviewed if it still exists:

No.

_____

15. Do you recall ever posting or writing anywhere on the internet in a public forum about Defendants, any patient warming system or device, or the injuries you allege were caused by Defendants' product, including but not limited to, posting on a personal website, blog, Facebook account, Linked In account, or other social media?

_____Yes   <u>  X  </u>  No

If "yes," then identify the web address or name and type of social media, and approximate dates during which you made such posts:_____

N/A

_____

16. Do you have any drawings, journals, slides, diaries, notes, letters, or emails which refer to your health or well being relating to your surgery, alleged injury, and your life after your alleged injury?

Photos.

_____

-6-
**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

### III.    SURGERY INFORMATION

**To the extent responsive information to the questions below is available in medical records in your possession or in the possession of your attorneys, please produce such records.**

1.  Do you have information that a Bair Hugger<sup>TM</sup> Patient Warming System ("Bair Hugger system") was used during the surgery allegedly connected to the infection at issue?

    X    Yes       No

If "yes," please describe that information? <u>I found information that the Bair Hugger was</u> <u>used during my surgery.</u>

When did you first discover this information? <u>02/10/2025</u>

How did you learn this? <u>From my medical records</u>

Provide the Serial or Model Number of the device used: <u>Unknown</u>

Where is this product now? <u>Unknown</u>

2.  Other than based upon information from a consulting expert, do you have information as to whether the operating room (where the surgery at which you claim you were injured was performed) utilized a laminar air flow system at the time of your surgery?

      Yes, it did.       No, it did not.     X   Do not know.

What is the source of your knowledge? <u>N/A</u>

When did you learn this? <u>N/A</u>

Other than based upon information from a consulting expert, identify any documents or records that contain information about the laminar air flow system used in the operating room at the time of your surgery: <u>N/A</u>

_____

3.  State the following information related to the surgery or surgeries at which you claim you were injured by a Bair Hugger system (answer separately for each surgery at issue):

Date of surgery: <u>09/2018</u>

Location of surgery (hospital or facility name and full address): _____

███████████████████████████████████

Identify the physician performing the surgery: <u>Vasilios Mathews, MD</u>

-7-
**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

Type of surgery: ████████████████

Reason for surgery: ██████

Your height and weight at the time of surgery: 5'6"; 170 lbs

List all medical conditions or diagnoses (for example, high blood pressure or diabetes) that you had at the time you went into surgery: _____

High Blood Pressure

Identify any infections you had, if any, during the 6 months before you had surgery: _____

None.

Identify all persons with whom you had discussions about the risks of surgery, and describe the risks discussed: I had the discussion with my doctor at the time, and it was

mentioned to me about the risks of having surgery.

Identify the type of microbe, bacterium, virus, or organism, you allege caused the infection that is the subject of this lawsuit (if known) and the basis for your knowledge if not subject to privilege: Unknown

4. Has anyone, excluding any retained medical or scientific expert or your attorneys, expressed the opinion or otherwise told you that the Bair Hugger system caused the infection or injury that is the basis for this lawsuit?

Yes _____          No ___X___

If yes, identify the person who told you and their relationship to you:

_____

What were you told? N/A

_____

5. Are you aware of any non-privileged tests or inspections that have been conducted of the Bair Hugger system allegedly used at your surgery, or of any other Bair Hugger device?

_____Yes ___X___ No

-8-
**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

If "yes," state the following:

Date(s) of testing: ___N/A_____

Model/Serial No. of unit(s): ___N/A_____

Name and address of person or entity that conducted testing: ___N/A_____

_____

Description of tests conducted: ___N/A_____

_____

Results of testing: ___N/A_____

_____

## IV.  GENERAL MEDICAL INFORMATION

1.    Identify the following vital statistics:

Current (last) height: ___5'6"_____

Current (last) weight: ___170 lbs_____

2.    Identify the name and address of your current (last) family and/or primary care physician:

Anthony Bienek, DO - 14100 Ranch Rd 12 #900, Wimberley, TX 78676

_____

3.    Identify all healthcare providers with whom you have consulted or treated beginning seven (7) years before the surgery at which you claim you were injured by a Bair Hugger system through the present, and for each provider, state the following information:

| Doctor or Healthcare Provider's Name | Specialty | Address | Approx. Dates/Years of Visits | Reasons for Seeing this Provider |
|---|---|---|---|---|
| Anthony Bienek, DO | General Health | 14100 Ranch Rd 12 #900, Wimberley, TX 78676 | 2015 - 2024 | General Health |
| Vasilios Mathews, M.D | Orthopedic Surgeon | 7401 South Main Street, Houston, TX 77030 | 09/2018 - 03/2020 | Left Knee Issues |
| Seema Shah, M.D. | Infectious Disease | 7401 Main St, Houston, TX 77030 | 2018 - Present | Infection |
|  |  |  |  |  |
|  |  |  |  |  |

-9-
**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

4.      For each hospital, clinic, surgery center, healthcare facility, physical therapy or rehabilitation center where you have received medical treatment (in-patient, out-patient, urgent care or emergency room) from the time seven (7) years before the surgery at which you claim you were injured by a Bair Hugger system to the present, state the following information:

| Name | Address and Telephone Number | Admission Date(s) | Reason for Admission |
|---|---|---|---|
| ████████ | ████ | ████████ | ████████ |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

5.      List all of the medications (prescription and over the counter) you currently take.

| Medication | Dose/ Frequency of Use | Physician Ordering | Purpose |
|---|---|---|---|
| Irbesartan | 37mg / Daily | Anthony Bienek, DO | High Blood Pressure |
| Lexapro | 10mg / Daily | Anthony Bienek, DO | Depression |
| Vacyclaviere | 500mg / Daily | Anthony Bienek, DO | Herpes Virus |
| (See Addendum) |  |  |  |

6.      For each prescription medication you have taken at least once a month over the course of four months or more at any time during the last seven (7) years prior to the surgery, other than the ones above, identify the following information:

| Name of Prescription Medication | Who Prescribed the Medication | Understanding of Reason for Taking | Dates/years taken |
|---|---|---|---|
| N/A |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

Cunningham, N-000010

7.  Identify the following for each pharmacy, drugstore, or other facility or supplier (including, but not limited to, mail order pharmacies) that has dispensed medication to you in the past five (5) years:

| Name of Pharmacy | Address and Telephone Number of Pharmacy | Approx. Dates/Years You Used Pharmacy |
|---|---|---|
| CVS | 19995 TX-46, Spring Branch, TX 78070 Ph: 830-438-8001 | 2017 - Present |
|  |  |  |
|  |  |  |
|  |  |  |

8.  Identify all dental procedures you had beginning 6 months prior to and continuing through 6 months after the surgery during which you claim you were injured by the Bair Hugger system. For each procedure, provide the following information:

| Dentist or Healthcare Provider's Name | Address | Date of Procedure | Type of Procedure |
|---|---|---|---|
| N/A |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

9.  Have you ever used tobacco in any form from the time five (5) years before the surgery at which you claim you were injured by the Bair Hugger system to present?

_____Yes    __X__ No

If "yes," check the answer and state the following:

Type(s) of tobacco used: __N/A_____

Date on which you began using tobacco: __N/A_____

Date on which you ceased using tobacco (if current user, state N/A): __N/A___

Amount of tobacco used: __N/A_____ per day for __N/A_____ years.

Other description of tobacco use: __N/A_____

-11-
**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

Cunningham, N-000011

10.  For the time period starting one (1) year before the surgery at which you claim you were injured by the Bair Hugger system to the present, have you been treated as an in-patient or out-patient for drug or alcohol abuse or addiction?

_____Yes    _X_ No

If "yes," please provide the name of the facility and approximate dates of treatment

_____

## V.    INSURANCE AND OTHER CLAIM INFORMATION

1.  Identify any person, insurance company (including any Medicare Advantage Organization), or other entity, including Medicare or Medicaid, that provided medical coverage to you (either directly or through a group, including any employer) or paid medical bills on your behalf at any time, beginning five (5) years before your alleged injuries through the present.

| Name of Entity | Policy Number | Name of Policy Holder or Insured (if not you) | Approx. Dates of Coverage |
|---|---|---|---|
| Medicare | Unknown | Self | 2018 - Present |
| Aetna | 101642626000 | Self | 2018 - Present |
|  |  |  |  |

3.  Have you ever filed a worker's compensation claim in the last ten (10) years?

_____Yes    _X_ No

If "yes," please state:

The approximate year of the claim: _N/A_____

Your employer: _N/A_____

Nature of disability: _N/A_____

4.  Have you ever been out of work for more than thirty (30) days in any one or more of the last ten (10) years, for any reasons related to your health excluding maternity leave?

_____Yes    _X_ No

If "yes," please state:

The approximate date(s) you were out of work: _N/A_____

-12-
**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

The reason(s) you were out of work: _____N/A_____

_____

5.    Have you ever filed social security disability claims (SSI or SSD) or filed a disability claim with a private insurer?

_____X___ Yes    _____ No

If "yes," please state:

Approximate year of the claim: _____2019_____

Nature of disability: _____Knees_____

Was the claim denied? _____ Yes ____X____ No

6.    Have you ever filed a lawsuit or made a claim, other than the present lawsuit, relating to any bodily injury in the last ten (10) years?

_____ Yes ____X____ No

If "yes," please state:

Approximate date the lawsuit or claim was filed or made: _____N/A_____

Court/State where the lawsuit was filed: _____N/A_____

Name of the Defendant, if known: _____N/A_____

Brief description of the claims asserted: _____N/A_____

_____

7.    Have you ever filed for bankruptcy subsequent to the date of the surgery in which you claim you were injured by the Bair Hugger system?

_____ Yes ____X____ No

If "yes," state when and in what court, and how the case was resolved. _____
N/A
_____

-13-
**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

## VI.    CURRENT CLAIM INFORMATION

1.  Do you allege that you suffered physical and/or bodily injury related to use of a Bair Hugger system?

    __X__ Yes _____ No

    If "yes": describe each bodily injury:

    Following my surgery where Bair Hugger was used, I suffered a postoperative infection

    requiring intervention, management and 3 surgeries. See timeline of care on page 20 and

    medical records provided for additional information.

    State the approximate date on which you first became aware of the injury(ies) (regardless of whether you associated the injury with the use of a Bair Hugger system): _____

    09/2018

    If you are currently experiencing any symptoms related to an alleged injury that you attribute to use of a Bair Hugger system, describe your symptoms and any treatment you are currently receiving: █████████████████████████████████████ _____
    ██████████████████████████████████████████.

    Describe any activities that you can no longer perform, or cannot perform as well, since the time you allege you were injured: █████████████████████████████ _____
    ████████████████████████████████████████████
    ██████

    Describe any other physical harm or consequences you suffered as a result: _____

    I do not use anything just in alot of pain

2.  Do you allege that use of a Bair Hugger system worsened or aggravated a previously existing injury or condition?

    _____ Yes __X__ No    NOT TO MY KNOWLEDGE

    If "yes," describe the previously existing injury or condition, the approximate date of onset of the previously existing injury or condition, and any treatment for and resolution of the injury or condition: _____

-14-
**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

N/A
_____

_____

3.    Do you claim damages related to emotional distress or psychological injuries as a result of use of a Bair Hugger system?

____X__Yes    _____ No

If "yes," describe the emotional distress or psychological injuries and the approximate date of onset: _____

Depression and Anxiety, was on medication before all of this. Onset 2018.
_____

_____

4.    If you are claiming damages related to emotional distress, provide the following information for any psychiatrist, psychologist, or any other mental healthcare professional who has ever treated you, or who you are currently seeing, for any alleged emotional distress or psychological injuries described in the previous question:

| Doctor or Healthcare Provider's Name | Specialty | Address | Reason for Visit | Approx. Dates/Years of Visits |
|---|---|---|---|---|
| N /A | | | | |
| | | | | |
| | | | | |

5.    Have you read or seen any written, televised, or internet-based advertising or labeling material related to a Bair Hugger system other than in consultation with your attorney?

_____Yes    __X__ No

If "yes," state which written, televised, or internet-based advertising or labeling materials you read or saw and when you reviewed those materials: _____

N/A
_____

_____

6.    In connection with the surgery at which you claim you were injured, were you given any oral or written information or warnings concerning the Bair Hugger system?

_____Yes    __X__ No

-15-
**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

Cunningham, N-000015

If "yes," state the following:

When these were given: _____N/A_____

A description of the information or warnings: _____N/A_____

_____

_____

Identify each person or entity from whom you recall receiving the information or warnings listed above:

_____N/A_____

_____

If you recall, list any questions you asked, and the answers they gave, regarding the information or warnings listed above: _____

_____N/A_____

_____

7.   Have you or has anyone acting on your behalf (other than your attorney) had any communications with any Arizant or 3M representative regarding your surgery with and/or claim of injuries from use of a Bair Hugger system?

_____Yes   __X__ No

If "yes," provide the approximate date(s), type (email, phone, letter, etc.), persons involved, if known, and general substance of the communication:
_____N/A_____
_____

8.   Did any representative of Arizant or 3M ever tell you that you got a warranty related to the Bair Hugger$^{TM}$ Patient Warming System or otherwise represent to you the expected performance of the Bair Hugger system ?

_____Yes   __X__ No

If "yes," state the following:  provide the approximate date(s), type of communication (email, phone, letter, etc.,), persons involved, if known, and general substance of the representation.

9.   Please describe any communications, correspondence, or interactions between You and any representative of Augustine Temperature Management, including but not limited to Dr. Scott Augustine.     NONE

-16-
**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

## VII.    ECONOMIC DAMAGES

1.    Are you making a claim for loss of past wages or income?

_____Yes    __X__ No

If "yes," state the following:

Approximate time you lost from work: N/A _____

Approximate income you claim you lost: N/A _____

State your approximate total earned income (including any salary, bonus, and benefits) for each year, beginning three years prior to the injury you allege is related to the use of a Bair Hugger system through the present:

| Year | Annual gross income |
|------|---------------------|
| N/A  |                     |
|      |                     |
|      |                     |
|      |                     |
|      |                     |

2.    Are you making a claim for loss of future wages, income, or earning capacity?

_____Yes    __X__ No

If "yes," state the following:

Approximate amount of lost future wages or income you are claiming:  $ N/A _____

Basis for calculation of lost future wages or income: N/A _____

_____

_____

3.    Have you paid out-of-pocket medical expenses that are related to any condition that you allege was caused by a defect in a Bair Hugger system?

__X__Yes    _____ No

-17-
**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

Cunningham, N-000017

If "yes," state the approximate total amount of out-of-pocket medical expenses incurred:

$ 10,000.00 _____

4. For any expenses claimed above, have they been reimbursed or reduced by any third party?

_____Yes   X   _____ No

If "yes," identify who reimbursed or reduced these expenses: _____

N/A _____

5. To your knowledge, has your insurer, or any other entity or person (including the government or a governmental agency or program), paid or incurred any medical expenses related to any condition that you allege was caused by the Bair Hugger system?

X   _____Yes   _____ No

If "yes," identify the name and approximate dates during which your insurer, or other entity or person, paid or incurred any such medical expenses. _____

Medicare and Aetna  2018 - Present _____

6. Provide a statement of the nature and approximate amount of any other economic damages you claim in this lawsuit: _____

None _____

## VIII.  PERSONS WITH KNOWLEDGE

1. Identify each person (other than your healthcare providers or attorneys) who possesses important information about the facts of your lawsuit, including your injuries and current medical conditions, to the extent not already listed:

| Name | Address | Relationship to You | Subject Matter of Knowledge |
|---|---|---|---|
| Donna Ermis | Katy, Texas | Sister | Medical Information and Lawsuit Information |
| | | | |
| | | | |
| | | | |
| | | | |

-18-
**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

|  |  |  |  |
|---|---|---|---|
|  |  |  |  |

2. Has anyone (other than your healthcare providers or attorneys) provided you with a verbal or written statement about the facts or circumstances relating to this lawsuit, including the use of patient warming systems or the conduct or representations of Defendants?

_____ Yes    **X** _____ No

If "yes," please identify the person, state when they gave you this statement and summarize its contents: _____

N/A _____

_____

## IX.    LOSS OF CONSORTIUM PLAINTIFFS

1. State the following:

   a. Your name: N/A _____

   b. Any other names (*e.g.*, maiden name or alias) you have used or by which you have been known and the dates you used those names: _____

      N/A _____

   c. Your Social Security Number: N/A _____

   d. Your address: N/A _____

   e. State how long you have lived at your present address: N/A _____

2. Sex: Male: N/A _____ Female: N/A _____

3. Identify each address at which you have resided during the last five (5) years, and list when you started and stopped living at each one:

| Address | Dates of Residence |
|---|---|
| N/A |  |
|  |  |
|  |  |

-19-
**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

Cunningham, N-000019

4.  Are you currently, or have you ever been, married to the primary plaintiff in this action? __N/A__ Yes  __N/A__ No

    If "yes," please state when and where you were married, how long you were married, and when and how the marriage ended (if it did): _____

    N/A _____

    _____

5.  Do you have any children with the primary plaintiff? __N/A__ Yes  __N/A__ No

    If "yes," please identify their names and years of birth:_____

    N/A _____

6.  Describe separately and in detail each and every loss of care, services, companionship, counsel, advice, assistance, comfort, consortium, or any similar loss you are claiming:

    N/A _____

    _____

    _____

    _____

TIMELINE:

████████████████████████

██████████████

██████████████████████████████████

████████████████                    ████████████████

████████████████████████

-20-
**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

Cunningham, N-000020

Addendum of Cunningham, Nancy (10/12/1959)

<mark>Page 4:</mark>

7. Are you currently, or have you ever been, married? _____Yes _____ No
If "yes," for each spouse, please state the following:

| Name and Address (if different from yours) of Spouse | Spouse's Date of Birth | Date Marriage Began/Ended | How Marriage Ended |
|---|---|---|---|
| Vincent Mendoza Texas | 02/1960 | 1988 - 1989 | Divorced |
| Mark Lincecum Texas | 12/1939 | 1980 - 1988 | Divorced |

<mark>Page 10:</mark>

5. List all of the medications (prescription and over the counter) you currently take.

| Medication | Dose/ Frequency of Use | Physician Ordering | Purpose |
|---|---|---|---|
| Zonisamide | 25mg / Daily | Anthony Bienek, DO | Vertigo |
| Estradiol | 2mg / Daily | Anthony Bienek, DO | Hysterectomy |

## X. <u>DOCUMENTATION</u>

1.    **Authorizations**:  Please sign and attach to this Fact Sheet the authorizations for release of records appended hereto.

2.    **Documents within your possession**:  if you have any of the following materials in your possession, please attach a copy to this Fact Sheet.

 A. All diagnostic tests and test results, including original films or video of ultra sounds, MRIs, x-rays, CT scans, etc., taken during the time from ten (10) years before the surgery at which you allege you were injured by use of a 3M$^{TM}$ Bair Hugger$^{TM}$ Patient Warming System to the present.

 B. Copies of all documents from physicians, healthcare providers, or others related to the surgery at which you claim you were injured, any patient warming system, or your recovery from surgery.

 C. Any documents that reflect, show or establish the use of a Bair Hugger system during the surgery at which you claim you were injured.

 D. All documents related to, concerning, or constituting product use instructions, product warnings, package inserts, warranties, guarantees, or other materials provided to you that relate to the Bair Hugger system.

 E. All non-privileged statements obtained from or given by any person having knowledge of facts relevant to your specific case.

 F. All documents relating to the surgery at which you claim you were injured, including, but not limited to medical records, medical bills, prescriptions, diaries, notes, rehabilitation instructions, etc., whether made by you or any other person or entity.

 G. All documents regarding the health risks or hazards associated with or possibly arising from surgery, which you received or generated in connection with or at any time before the surgery at which you claim you were injured.

 H. All documents in your possession that you believe were provided to you by any Defendant (unless they first were given to you by your attorney), related to the claims in your case.

 I. All documents and things in your possession that relate to any Defendant and were in your possession before the surgery at which you claim you were injured, related to the claims in your case.

 J. If you claim to have suffered a loss of earnings, or lost earnings capacity, your federal tax returns and W-2s for each year, beginning three years prior to the injury you allege is related to the use of a Bair Hugger system through the present.

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

Cunningham, N-000022

K.    If you claim any loss from medical expenses, copies of all bills from any physician, hospital, pharmacy, or other healthcare provider.

L.    Decedent's death certificate (if applicable).

## **VERIFICATION**

Pursuant to 28 U.S.C. § 1746, I declare under the penalty of perjury that all of the

information provided in this Fact Sheet is true and correct to the best of my knowledge.

Nancy Cunningham
_____
Print Name

_Nancy Cunningham_
Nancy Cunningham (Apr 2, 2025 15:10 CDT)
_____
Signature

04/02/2025
_____
Date

_____
Print Name
(Loss of Consortium Plaintiff)

_____
Signature

_____
Date

-22-
**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

## <u>LIMITED AUTHORIZATION TO DISCLOSE HEALTH INFORMATION</u>

### (Pursuant to the Health Insurance Portability and Accountability Act "HIPAA" of 4/14/03)

TO:
Patient Name: Nancy Cunningham
DOB: 10/12/1959
SSN: 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

    I, _____Nancy Cunningham_____, hereby authorize you to release and furnish to: Norton Rose Fulbright and/or its designee copies of the following information:

      \*   All medical records, including inpatient, outpatient, and emergency room treatment, all clinical charts, reports, documents, correspondence, test results, statements, questionnaires/histories, office and doctors' handwritten notes, and records received by other physicians, dated from _____ (seven years prior to the date of the subject surgery) to the present.

      \*   All autopsy, laboratory, histology, cytology, pathology, radiology, CT Scan, MRI, echocardiogram and cardiac catheterization reports, dated from _____(seven years prior to the date of the subject surgery) to the present.

      \*   All radiology films, mammograms, myelograms, CT scans, photographs, bone scans, pathology/cytology/histology/autopsy/immunohistochemistry specimens, cardiac catheterization videos/CDs/films/reels, and echocardiogram videos, dated from _____(seven years prior to the date of the subject surgery) to the present.

      \*   All pharmacy/prescription records, including NDC numbers and drug information handouts/monographs, dated from _____(seven years prior to the date of the subject surgery) to the present.

      \*   All billing records including all statements, itemized bills, and insurance records, dated from _____(seven years prior to the date of the subject surgery) to the present.

1.  To my medical provider: **this authorization is being forwarded by, or on behalf of, attorneys for the defendant for the purpose of litigation. You are not authorized to discuss any aspect of the above-named person's medical history, care, treatment, diagnosis, prognosis, information revealed by or in the medical records, or any other matter bearing on his or her medical or physical condition, unless you receive an additional authorization permitting such discussion. Subject to all applicable legal objections, this restriction does not apply to discussing my medical history, care, treatment, diagnosis, prognosis, information revealed by or in the medical records, or any other matter bearing on my medical or physical condition at a deposition or trial.**

Cunningham, N-000024

2.  I understand that the information in my health record may include information relating to information about behavioral or mental health services and treatment for alcohol and drug abuse.

3.  I understand that I have the right to revoke this authorization at any time.  I understand that if I revoke this authorization, I must do so in writing and present my written revocation to the health information management department.  I understand the revocation will not apply to information that has already been released in response to this authorization.  I understand the revocation will not apply to my insurance company when the law provides my insurer with the right to contest a claim under my policy.  Unless otherwise revoked, this authorization will expire in one year.

4.  I understand that authorizing the disclosure of this health information is voluntary.  I can refuse to sign this authorization.  I need not sign this form in order to assure treatment.  I understand I may inspect or copy the information to be used or disclosed as provided in C.F.R. 164.524.  I understand that any disclosure of information carries with it the potential for an unauthorized re-disclosure and the information may not be protected by federal confidentiality rules.  If I have questions about disclosure of my health information, I can contact the releaser indicate above.

5.  A notarized signature is not required.  C.F.R. 164.508.  A copy of this authorization may be used in place of an original.

Print Name: <u>Nancy Cunningham</u> (plaintiff/representative)

Signature: <u>Nancy Cunningham (Apr 2, 2025 15:10 CDT)</u> Date: <u>04/02/2025</u>

-2-



May 8, 2025

**Via Email and U.S. Mail**

Norton Rose Fulbright US LLP
60 South Sixth Street, Suite 3100
Minneapolis, Minnesota  55402
United States of America

Direct line +1 612 321 2289
simon.gottlieb@nortonrosefulbright.com

Gabriel Assaad
McDonald Worley, PC
1770 St. James Place Suite 100
Houston, TX 77056
Gassaad@mcdonaldworley.com

Tel +1 612 321 2800
Fax +1 612 321 2288

Re:    *In re Bair Hugger Forced Air Warming Devices Products Liability Litigation*
        MDL No. 26666 – Deficiencies in Plaintiff Fact Sheet
        *Harris, Richard v 3M Company et al* Case No.:0:25-cv-01066-JNE-DTS

Dear Counsel:

We are in receipt of the Plaintiff Fact Sheet (PFS) for the above-captioned matter. The PFS has core deficiencies, as set forth in the enclosed report.

Paragraph 4 of Pretrial Order No. 14 (PTO 14), identifies those questions in the PFS which, if not properly responded to, constitute core deficiencies. PTO 14 also defines failure to verify the responses and failure to provide an executed medical authorization as core deficiencies. Additionally, the instructions for the PFS prohibit leaving spaces blank, and provide: "If a question is not applicable to you, please state 'Not Applicable' or 'N/A.'"

Pursuant to Paragraph 6 of PTO 14, within three weeks of this letter, you must respond in writing by either (1) curing the deficiencies (by serving a revised, verified PFS to Norton Rose Fulbright's dedicated PFS email account, (2) disputing the deficiency and setting forth the reasons the PFS is not deficient, or (3) explaining why the deficiencies cannot be timely cleared. If you serve an amended PFS, be advised that you do not need to resubmit documents that were previously served.

Sincerely,

*/s/Simon J. Gottlieb*

Simon Gottlieb
cc: Plaintiffs' Liaison Counsel

Enclosure May 8, 2025

Norton Rose Fulbright US LLP is a limited liability partnership registered under the laws of Texas.

Norton Rose Fulbright US LLP, Norton Rose Fulbright LLP, Norton Rose Fulbright Australia, Norton Rose Fulbright Canada LLP and Norton Rose Fulbright South Africa Inc are separate legal entities and all of them are members of Norton Rose Fulbright Verein, a Swiss verein. Norton Rose Fulbright Verein helps coordinate the activities of the members but does not itself provide legal services to clients. Details of each entity, with certain regulatory information, are available at nortonrosefulbright.com.

## Core Deficiencies

Sec. III: 1

Sec. VI: 3

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

In re: BAIR HUGGER FORCED AIR
WARMING DEVICES PRODUCTS
LIABILITY LITIGATION

This Document Relates To:
All Actions

MDL No. 15-2666 (JNE/FLN)

**PLAINTIFF FACT SHEET**

Plaintiff: _____ _____

(Printed Name)

       This Plaintiff Fact Sheet must be completed pursuant to the Pretrial Order by each plaintiff or their personal representative.  Section IX must be completed by loss of consortium plaintiffs.

       In completing this Fact Sheet, you are under oath and must provide information that is true and correct to the best of your knowledge.  Please answer every question, and do not leave any blanks throughout this Fact Sheet.  If you cannot recall all of the details requested, please provide as much information as you can.  If a question is not applicable to you, please state "Not Applicable" or "N/A."  If any information you need to complete this Fact Sheet is in the possession of your attorney or other representative, please consult with that attorney or representative so that you can fully and accurately respond to the questions.  If you do not have room in the space provided to complete your answer, please attach as many sheets of paper as necessary to fully answer the questions.  You are obligated to supplement your responses if you learn that they are incomplete or incorrect in any material respect.  No answer requires any waiver of privilege.

       As used herein, the term "communication" and/or "correspondence" shall mean and refer to any oral, written or electronic transmission of information, including, without limitation, meetings, discussions, conversations, telephone calls, memoranda, letters, e-mails, text messages, conferences, or seminars or any other exchange of information.

       As used herein, the term "identify" or "identity" with respect to persons, means to give, to the extent known, the person's full name, their present or last known addresses and phone numbers.

       As used herein, the term "person" means natural person, as well as corporate and/or governmental entity.

       As used herein, "your attorney" refers to the attorneys that represent you individually in this lawsuit.

       As used herein, the terms "Relating to," "relate to," "referring to," "refer to," "reflecting," "reflect," "concerning," or "concern" shall mean evidencing, regarding, concerning,

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

discussing, embodying, describing, summarizing, containing, constituting, showing, mentioning, reflecting, pertaining to, dealing with, relating to, referring to in any way or manner, or in any way logically or factually, connecting with the matter described in that paragraph of these demands, including documents attached to or used in the preparation of or concerning the preparation of the documents.

## NOTE TO PEOPLE IN A REPRESENTATIVE CAPACITY

If you are completing this form in a representative capacity, only the information in Section I asks for information about you, individually. Throughout the rest of the Plaintiff Fact Sheet, the questions seek information about the person who you claim was injured, or on whose behalf you bring this lawsuit. Other than in Section I, when a question asks for information about "you" or the "plaintiff," please provide information about the person you claim was injured or on whose behalf you have brought this lawsuit.

## I.    CASE INFORMATION

1.    Name of person completing this form:    Richard Alan Harris

2.    State the following for the civil action which you filed:

    a.    Current case caption:    ████████████████

    b.    Current case number:    0:24-cv-3764

3.    State the name, address, telephone and facsimile numbers, and e-mail address of the principal attorney representing you:

    a.    Name:    Gabriel Assaad

    b.    Firm:    McDonald Worley

    c.    Address:    1770 St. James Pl. Suite 100

    d.    Telephone:    713-523-5500    Fax:    713-523-5501

    e.    E-mail:    bairhugger@mcdonaldworley.com

4.    If you are completing this questionnaire in a representative capacity (*e.g.*, on behalf of an estate, or incapacitated or deceased person), please state the following information about yourself:

    a.    Name:    N/A

    b.    Any other names (*e.g.*, maiden name or alias) you have used or by which you have been known and the dates you used those names:

    N/A

-2-

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

c.    Your Address: ___N/A_____

d.    Individual or estate you are representing, and in what capacity you are representing the individual or estate: _N/A_____

_____

_____

e.    If you were appointed as a representative by a court, state the court:
_N/A_____

f.    Date of Appointment: ___N/A_____

g.    State your relationship with the represented person claimed to be injured:
_N/A_____

h.    If you represent a decedent's estate, state the date and the address of the place of death:
_N/A_____

_____

## II.    PERSONAL INFORMATION (re Person claiming injuries)

1.    State the following regarding your personal information:

a.    Full Name: ████████████_____

b.    Any other names (*e.g.*, maiden name or alias) you have used or by which you have been known and the dates when you used those names: _____
_Richard Lagour, 1960 - 1965; Richard Harris, 1965 - Present_____

_____

c.    Social Security Number: ████████_____

d.    Address: ██████████████████_____

e.    State how long you have lived at your present address: _4 Years_____

f.    Identify all persons who lived with you at the time of the events alleged in the Complaint, and their relationship to you: _____
_Deborah Harris, Significant Other_____

-3-
**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

HARRIS, R-000003

2.      Driver's license number and state issuing license: RA375338; OH

3.      Date and place of birth: ██████ ; OH

4.      Sex:  Male:  X  Female: _____

5.      If you have Medicare, please state your HICN number (if known):
        N/A

6.      Identify each address at which you have resided during the last ten (10) years, and list the approximate years when you started and stopped living at each one:

| Address | Dates of Residence |
|---|---|
| ████ | 2021 - Present |
| ████ | 2011 - 2021 |
|  |  |

7.      Are you currently, or have you ever been, married? __X__ Yes  _____ No

        If "yes," for each spouse, please state the following:

| Name and Address (if different from yours) of Spouse | Spouse's Date of Birth | Date Marriage Began/Ended | How Marriage Ended |
|---|---|---|---|
| Deborah Harris 4208 Babble Dr., Columbus, OH 43207 | 01/15/1960 | 1979 - 1990 | Divorce |
| Karen Harris OH | 09/10/1958 | 1990 - Present 1990 - 2000 (Separated) | N/A |

8.      For each of your children, please state their name and year of birth: _____
        John Harris, 1983; Tiffany Harris, 1985

9.      Identify the following information for each school, college, university, vocational school, or other educational institution you have attended beginning with high school:

-4-
**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

HARRIS, R-000004

| Name of School | City and State | Dates of attendance | Degree Awarded | Major or Primary Field |
|---|---|---|---|---|
| N/A | | | | |
| | | | | |
| | | | | |
| | | | | |

10.  For your current employer (if you are not currently employed, your last employer) and each employer for the last ten (10) years, state the following to the extent you can recall:

| Name and Address of Employer | Approx. Dates of Employment | Occupation/Job Title | Reason for Leaving |
|---|---|---|---|
| Taylor Communications 3125 Lewis Centre Way, Grove City, OH 43123 | 2007 - 05/2020 | Operator | Quit due to going on disability |
| | | | |
| | | | |
| | | | |

11.  Have you ever served in any branch of the military?

Yes _____      No __X__

Branch(es) and date(s) of service __N/A_____

If yes, were you ever discharged for any reason relating to your medical or physical condition?

Yes __N/A___      No __N/A___

If yes, state what that condition was: __N/A_____

12.  Have you ever been rejected from military service for any reason relating to your medical or physical condition?

Yes _____      No __X__

If yes, state what the condition was: __N/A_____

-5-

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

HARRIS, R-000005

13.    Have you been convicted of a felony or a crime involving a dishonest act or false statement in the last ten (10) years?

_____ Yes  __X__ No

If "yes," state the type and nature of the underlying conduct or event: __N/A_____

_____

_____

Court/State entering conviction: __N/A_____

Date of conviction: __N/A_____

14.    Do you recall ever visiting a website, blog, etc., regarding the use of patient warming systems during surgery, or any risks or benefits to patient warming in general or by device type?  If so, identify the website, blog, etc., you visited and the location of any copy of the information you reviewed if it still exists:

No._____

_____

15.    Do you recall ever posting or writing anywhere on the internet in a public forum about Defendants, any patient warming system or device, or the injuries you allege were caused by Defendants' product, including but not limited to, posting on a personal website, blog, Facebook account, Linked In account, or other social media?

_____ Yes  __X__ No

If "yes," then identify the web address or name and type of social media, and approximate dates during which you made such posts:_N/A_____

_____

16.    Do you have any drawings, journals, slides, diaries, notes, letters, or emails which refer to your health or well being relating to your surgery, alleged injury, and your life after your alleged injury?

No._____

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

HARRIS, R-000006

### III.    SURGERY INFORMATION

**To the extent responsive information to the questions below is available in medical records in your possession or in the possession of your attorneys, please produce such records.**

1.    Do you have information that a Bair Hugger$^{TM}$ Patient Warming System ("Bair Hugger system") was used during the surgery allegedly connected to the infection at issue?

_____X___ Yes    _____ No

If "yes," please describe that information? _I found information that the Bair Hugger was used during my surgery._

When did you first discover this information? _12/8/2023_

How did you learn this? _From my medical records_

Provide the Serial or Model Number of the device used: _Unknown_

Where is this product now? _Unknown_

2.    Other than based upon information from a consulting expert, do you have information as to whether the operating room (where the surgery at which you claim you were injured was performed) utilized a laminar air flow system at the time of your surgery?

_____ Yes, it did.    _____ No, it did not.    ___X___ Do not know.

What is the source of your knowledge? _N/A_

When did you learn this? _N/A_

Other than based upon information from a consulting expert, identify any documents or records that contain information about the laminar air flow system used in the operating room at the time of your surgery: _N/A_

_____

3.    State the following information related to the surgery or surgeries at which you claim you were injured by a Bair Hugger system (answer separately for each surgery at issue):

Date of surgery: _10/18/2019_

Location of surgery (hospital or facility name and full address): _____

█████████████████████████████████████████

Identify the physician performing the surgery: _David Huber, MD_

Type of surgery: ████████████

Reason for surgery: ██████

Your height and weight at the time of surgery: 6'3"; 200 lbs

List all medical conditions or diagnoses (for example, high blood pressure or diabetes) that you had at the time you went into surgery: _____

Diabetes

Identify any infections you had, if any, during the 6 months before you had surgery: _____

N/A

Identify all persons with whom you had discussions about the risks of surgery, and describe the risks discussed: I had the discussion with my doctor at the time, and it was mentioned to me about the risks of having surgery.

Identify the type of microbe, bacterium, virus, or organism, you allege caused the infection that is the subject of this lawsuit (if known) and the basis for your knowledge if not subject to privilege: Unknown

4.   Has anyone, excluding any retained medical or scientific expert or your attorneys, expressed the opinion or otherwise told you that the Bair Hugger system caused the infection or injury that is the basis for this lawsuit?

Yes _____          No ___X___

If yes, identify the person who told you and their relationship to you:
_____

What were you told? N/A _____

5.   Are you aware of any non-privileged tests or inspections that have been conducted of the Bair Hugger system allegedly used at your surgery, or of any other Bair Hugger device?

_____ Yes   __X__ No

-8-
**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

HARRIS, R-000008

If "yes," state the following:

Date(s) of testing: N/A

Model/Serial No. of unit(s): N/A

Name and address of person or entity that conducted testing: N/A

Description of tests conducted: N/A

Results of testing: N/A


## IV.    GENERAL MEDICAL INFORMATION

1.    Identify the following vital statistics:

Current (last) height: 6'1"

Current (last) weight: 217 lbs.

2.    Identify the name and address of your current (last) family and/or primary care physician:

Kane J. Michael, MD

1800 Zollinger Rd, Columbus, OH 43221

3.    Identify all healthcare providers with whom you have consulted or treated beginning seven (7) years before the surgery at which you claim you were injured by a Bair Hugger system through the present, and for each provider, state the following information:

| Doctor or Healthcare Provider's Name | Specialty | Address | Approx. Dates/Years of Visits | Reasons for Seeing this Provider |
|---|---|---|---|---|
| Kane J. Michael, MD | Family Medicine | 1800 Zollinger Rd, Columbus, OH 43221 | 01/2025 - Present | Primary Care |
| David Huber, MD | Orthopedic Surgery | 170 Taylor Station Rd Fl 3 Columbus, OH, 43213 | 10/18/2019, 11/2019 & 05/2020 | Left Hip Surgeries |
| Terry Ty Fowler, MD | Orthopedic Surgery | 5500 N Meadows Dr, Grove City, OH 43123 | 08/17/2020 & 09/14/2020 08/2020 - 12/2020 | Left Hip Surgeries Follow-Ups |
| William Morris, MD | Family Medicine | 3900 E Livingston Ave, Columbus, OH 43227 | 2010 - 12/2024 | Primary Care |
| Billy Rutter, DPM | Podiatry | 7211 Sawmill Rd # 100, Dublin, OH 43016 | 2023 - Present | Left Foot Check-Ups due to diabetes |

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

HARRIS, R-000009

4.  For each hospital, clinic, surgery center, healthcare facility, physical therapy or rehabilitation center where you have received medical treatment (in-patient, out-patient, urgent care or emergency room) from the time seven (7) years before the surgery at which you claim you were injured by a Bair Hugger system to the present, state the following information:

| Name | Address and Telephone Number | Admission Date(s) | Reason for Admission |
|------|------------------------------|-------------------|----------------------|
| ██████ | ██████ | ██████ | ██████ |
| ██████ | ██████ | ██████ | ██████ |
| ██████ | ██████ | ██████ | ██████ |
|  |  |  |  |

5.  List all of the medications (prescription and over the counter) you currently take.

| Medication | Dose/ Frequency of Use | Physician Ordering | Purpose |
|------------|------------------------|--------------------|---------|
| Tresiba | 25units/ 2X Daily | Kane J. Michael, MD | Diabetes |
| Metformin | 500mg/ 2X Daily | Kane J. Michael, MD | Diabetes |
| Clopidogrel | 75mg/ 1X Daily | Kane J. Michael, MD | Stroke Prevention |
| (See Addendum) |  |  |  |

6.  For each prescription medication you have taken at least once a month over the course of four months or more at any time during the last seven (7) years prior to the surgery, other than the ones above, identify the following information:

| Name of Prescription Medication | Who Prescribed the Medication | Understanding of Reason for Taking | Dates/years taken |
|---------------------------------|-------------------------------|-----------------------------------|-------------------|
| N/A |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

HARRIS, R-000010

7.    Identify the following for each pharmacy, drugstore, or other facility or supplier (including, but not limited to, mail order pharmacies) that has dispensed medication to you in the past five (5) years:

| Name of Pharmacy | Address and Telephone Number of Pharmacy | Approx. Dates/Years You Used Pharmacy |
|---|---|---|
| CenterWell | Mail Order | 01/2024 - Present |
| Kroger Pharmacy | 6011 Groveport Rd, Groveport, OH 43125 (614) 830-2015 | 2018 - 12/2023 |
| | | |
| | | |

8.    Identify all dental procedures you had beginning 6 months prior to and continuing through 6 months after the surgery during which you claim you were injured by the Bair Hugger system.  For each procedure, provide the following information:

| Dentist or Healthcare Provider's Name | Address | Date of Procedure | Type of Procedure |
|---|---|---|---|
| Mount Carmel Grove City (cannot recall dentist) | 5300 N Meadows Dr. Grove City, OH 43123 | 08/2020 | Extraction |
| | | | |
| | | | |
| | | | |

9.    Have you ever used tobacco in any form from the time five (5) years before the surgery at which you claim you were injured by the Bair Hugger system to present?

_____X___ Yes    _____ No

If "yes," check the answer and state the following:

Type(s) of tobacco used: ___Cigar, Cigarettes_____

Date on which you began using tobacco: ___2022_____

Date on which you ceased using tobacco (if current user, state N/A): ___N/A___

Amount of tobacco used: __2-3_____ per day for __3____ years.

Other description of tobacco use: ___N/A_____

-11-
**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

HARRIS, R-000011

10.    For the time period starting one (1) year before the surgery at which you claim you were injured by the Bair Hugger system to the present, have you been treated as an in-patient or out-patient for drug or alcohol abuse or addiction?

_____Yes    __X__ No

If "yes," please provide the name of the facility and approximate dates of treatment
N/A

## V.    INSURANCE AND OTHER CLAIM INFORMATION

1.    Identify any person, insurance company (including any Medicare Advantage Organization), or other entity, including Medicare or Medicaid, that provided medical coverage to you (either directly or through a group, including any employer) or paid medical bills on your behalf at any time, beginning five (5) years before your alleged injuries through the present.

| Name of Entity | Policy Number | Name of Policy Holder or Insured (if not you) | Approx. Dates of Coverage |
|---|---|---|---|
| Humana (Medicare) | H71440125 | Self | 2022 - Present |
| Unknown | Unknown | Self | 2013 - 2022 |
|  |  |  |  |

3.    Have you ever filed a worker's compensation claim in the last ten (10) years?

_____Yes    __X__ No

If "yes," please state:

The approximate year of the claim: N/A

Your employer: N/A

Nature of disability: N/A

4.    Have you ever been out of work for more than thirty (30) days in any one or more of the last ten (10) years, for any reasons related to your health excluding maternity leave?

__X__Yes    _____ No

If "yes," please state:

The approximate date(s) you were out of work: 11/2019 - 04/2020

-12-
**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

HARRIS, R-000012

The reason(s) you were out of work:   Left Hip Complications

5.  Have you ever filed social security disability claims (SSI or SSD) or filed a disability claim with a private insurer?

   __X__ Yes   _____ No

   If "yes," please state:

   Approximate year of the claim:  2022

   Nature of disability:  Left Hip Complications

   Was the claim denied?  _____ Yes  __X__ No

6.  Have you ever filed a lawsuit or made a claim, other than the present lawsuit, relating to any bodily injury in the last ten (10) years?

   _____ Yes   __X__ No

   If "yes," please state:

   Approximate date the lawsuit or claim was filed or made:  N/A

   Court/State where the lawsuit was filed:  N/A

   Name of the Defendant, if known:  N/A

   Brief description of the claims asserted:  N/A

7.  Have you ever filed for bankruptcy subsequent to the date of the surgery in which you claim you were injured by the Bair Hugger system?

   _____ Yes   __X__ No

   If "yes," state when and in what court, and how the case was resolved.  N/A

-13-
**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

HARRIS, R-000013

## VI.    CURRENT CLAIM INFORMATION

1.    Do you allege that you suffered physical and/or bodily injury related to use of a Bair Hugger system?

_____X_____ Yes    _____ No

If "yes": describe each bodily injury:

Following my surgery where Bair Hugger was used, I suffered a postoperative infection

requiring intervention, management and 3 surgeries. See timeline of care on page 20

and medical records provided for additional information.

State the approximate date on which you first became aware of the injury(ies) (regardless of whether you associated the injury with the use of a Bair Hugger system): _____

11/2019

If you are currently experiencing any symptoms related to an alleged injury that you attribute to use of a Bair Hugger system, describe your symptoms and any treatment you are currently receiving: ███████████████████████████████████████████████

██████████████████████████████████████████.

Describe any activities that you can no longer perform, or cannot perform as well, since the time you allege you were injured: ████████████████████████████████████

█████████████████████████████████████████████████████

████████

Describe any other physical harm or consequences you suffered as a result: I have pain in

my left hip quite a bit. It is hard for me to sit in a car for a long period of time. I cannot

lift a lot of stuff anymore. I have trouble sitting and standing for a long time.

2.    Do you allege that use of a Bair Hugger system worsened or aggravated a previously existing injury or condition?

_____ Yes    ___X___ No    NOT TO MY KNOWLEDGE

If "yes," describe the previously existing injury or condition, the approximate date of onset of the previously existing injury or condition, and any treatment for and resolution of the injury or condition: _____

-14-
**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

N/A

_____

_____

3.   Do you claim damages related to emotional distress or psychological injuries as a result of use of a Bair Hugger system?

____X____ Yes    _____ No

If "yes," describe the emotional distress or psychological injuries and the approximate date of onset: The surgeries since 10/18/2019 has decreased my quality of life. My

biggest thing was that I couldn't work anymore, which put a financial burden on me. I

can't go hunting anymore, and I used to walk the riverbanks fishing, but I can't do either anymore.

4.   If you are claiming damages related to emotional distress, provide the following information for any psychiatrist, psychologist, or any other mental healthcare professional who has ever treated you, or who you are currently seeing, for any alleged emotional distress or psychological injuries described in the previous question:

| Doctor or Healthcare Provider's Name | Specialty | Address | Reason for Visit | Approx. Dates/Years of Visits |
|---|---|---|---|---|
| Kane J. Michael, MD | Family Medicine | 1800 Zollinger Rd, Columbus, OH 43221 | Primary Care | 01/2025 - Present |
|  |  |  |  |  |
|  |  |  |  |  |

5.   Have you read or seen any written, televised, or internet-based advertising or labeling material related to a Bair Hugger system other than in consultation with your attorney?

_____ Yes    ___X___ No

If "yes," state which written, televised, or internet-based advertising or labeling materials you read or saw and when you reviewed those materials: N/A

_____

_____

6.   In connection with the surgery at which you claim you were injured, were you given any oral or written information or warnings concerning the Bair Hugger system?

_____ Yes    ___X___ No

-15-
**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

If "yes," state the following:

When these were given: _____N/A_____

A description of the information or warnings: ____N/A_____

_____

_____

Identify each person or entity from whom you recall receiving the information or warnings listed above:

___N/A_____

_____

If you recall, list any questions you asked, and the answers they gave, regarding the information or warnings listed above: _____

___N/A_____

_____

7. Have you or has anyone acting on your behalf (other than your attorney) had any communications with any Arizant or 3M representative regarding your surgery with and/or claim of injuries from use of a Bair Hugger system?

_____Yes ___X__ No

If "yes," provide the approximate date(s), type (email, phone, letter, etc.), persons involved, if known, and general substance of the communication:
_N/A_____

_____

8. Did any representative of Arizant or 3M ever tell you that you got a warranty related to the Bair Hugger[TM] Patient Warming System or otherwise represent to you the expected performance of the Bair Hugger system ?

_____Yes ___X__ No

If "yes," state the following:  provide the approximate date(s), type of communication (email, phone, letter, etc.,), persons involved, if known, and general substance of the representation.

9. Please describe any communications, correspondence, or interactions between You and any representative of Augustine Temperature Management, including but not limited to Dr. Scott Augustine.      NONE

-16-
**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

## VII.   ECONOMIC DAMAGES

1.    Are you making a claim for loss of past wages or income?

___X___ Yes    _____ No

If "yes," state the following:

Approximate time you lost from work: 11/2019 - 04/2020

Approximate income you claim you lost: $25,000

State your approximate total earned income (including any salary, bonus, and benefits) for each year, beginning three years prior to the injury you allege is related to the use of a Bair Hugger system through the present:

| Year | Annual gross income |
|------|---------------------|
| 2016<br>2017 | $50,000<br>$50,000 |
| 2018<br>2019 | $50,000<br>$45,000 |
| 2020<br>2021 | $30,000<br>$30,000 |
| 2022<br>2023 | $30,000<br>$30,000 |
| 2024 | $30,000 |

2.    Are you making a claim for loss of future wages, income, or earning capacity?

___X___ Yes    _____ No

If "yes," state the following:

Approximate amount of lost future wages or income you are claiming:  $ 140,000

Basis for calculation of lost future wages or income: 7 Years multiplied by 20,000

50,000 (avg 2016 - 2018) - 30,000 (avg 2020 - 2024) = 20,000 multiplied by 7 = 140,000

3.    Have you paid out-of-pocket medical expenses that are related to any condition that you allege was caused by a defect in a Bair Hugger system?

___X___ Yes    _____ No

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

HARRIS, R-000017

If "yes," state the approximate total amount of out-of-pocket medical expenses incurred:

$ 1,000 _____

4.  For any expenses claimed above, have they been reimbursed or reduced by any third party?

    _____Yes    X _____ No

    If "yes," identify who reimbursed or reduced these expenses: N/A _____

    _____

5.  To your knowledge, has your insurer, or any other entity or person (including the government or a governmental agency or program), paid or incurred any medical expenses related to any condition that you allege was caused by the Bair Hugger system?

    X _____Yes    _____ No

    If "yes," identify the name and approximate dates during which your insurer, or other entity or person, paid or incurred any such medical expenses. _____

    Unknown, 2019 & 2020 _____

6.  Provide a statement of the nature and approximate amount of any other economic damages you claim in this lawsuit: N/A _____

    _____

## VIII.  PERSONS WITH KNOWLEDGE

1.  Identify each person (other than your healthcare providers or attorneys) who possesses important information about the facts of your lawsuit, including your injuries and current medical conditions, to the extent not already listed:

| Name | Address | Relationship to You | Subject Matter of Knowledge |
|------|---------|---------------------|-----------------------------|
| N/A  |         |                     |                             |
|      |         |                     |                             |
|      |         |                     |                             |
|      |         |                     |                             |
|      |         |                     |                             |

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

HARRIS, R-000018

|  |  |  |  |
|---|---|---|---|
|  |  |  |  |

2. Has anyone (other than your healthcare providers or attorneys) provided you with a verbal or written statement about the facts or circumstances relating to this lawsuit, including the use of patient warming systems or the conduct or representations of Defendants?

_____ Yes    X    No

If "yes," please identify the person, state when they gave you this statement and summarize its contents: N/A

_____

_____

## IX.    LOSS OF CONSORTIUM PLAINTIFFS

1. State the following:

    a.    Your name: N/A

    b.    Any other names (*e.g.*, maiden name or alias) you have used or by which you have been known and the dates you used those names: N/A

    c.    Your Social Security Number: N/A

    d.    Your address: N/A

    e.    State how long you have lived at your present address: N/A

2. Sex:  Male: N/A   Female: N/A

3. Identify each address at which you have resided during the last five (5) years, and list when you started and stopped living at each one:

| Address | Dates of Residence |
|---|---|
| N/A |  |
|  |  |
|  |  |

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

HARRIS, R-000019

4.    Are you currently, or have you ever been, married to the primary plaintiff in this action?
      __N/A__ Yes   __N/A__ No

      If "yes," please state when and where you were married, how long you were married, and
      when and how the marriage ended (if it did): __N/A__

      _____

      _____

5.    Do you have any children with the primary plaintiff? __N/A__ Yes   __N/A__ No

      If "yes," please identify their names and years of birth: N/A _____

      _____

6.    Describe separately and in detail each and every loss of care, services, companionship,
      counsel, advice, assistance, comfort, consortium, or any similar loss you are claiming:

      __N/A_____

      _____

      _____

      _____

      TIMELINE:

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

HARRIS, R-000020

Addendum of Harris, Richard (12/13/1960)

<mark>Page 10:</mark>

5. List all of the medications (prescription and over the counter) you currently take.

| Medication | Dose/ Frequency of Use | Physician Ordering | Purpose |
|---|---|---|---|
| Atorvastatin | 20mg/ 1X Daily | Kane J. Michael, MD | High Cholesterol |
| Hydrocodone | 5/25mg/ 1X Daily, As Needed | Kane J. Michael, MD | Pain |
| Pregabalin | 150mg/ 2X Daily | Kane J. Michael, MD | Pain |

## X. <u>DOCUMENTATION</u>

1.     **Authorizations**:  Please sign and attach to this Fact Sheet the authorizations for release of records appended hereto.

2.     **Documents within your possession**:  if you have any of the following materials in your possession, please attach a copy to this Fact Sheet.

    A.     All diagnostic tests and test results, including original films or video of ultra sounds, MRIs, x-rays, CT scans, etc., taken during the time from ten (10) years before the surgery at which you allege you were injured by use of a 3M$^{TM}$ Bair Hugger$^{TM}$ Patient Warming System to the present.

    B.     Copies of all documents from physicians, healthcare providers, or others related to the surgery at which you claim you were injured, any patient warming system, or your recovery from surgery.

    C.     Any documents that reflect, show or establish the use of a Bair Hugger system during the surgery at which you claim you were injured.

    D.     All documents related to, concerning, or constituting product use instructions, product warnings, package inserts, warranties, guarantees, or other materials provided to you that relate to the Bair Hugger system.

    E.     All non-privileged statements obtained from or given by any person having knowledge of facts relevant to your specific case.

    F.     All documents relating to the surgery at which you claim you were injured, including, but not limited to medical records, medical bills, prescriptions, diaries, notes, rehabilitation instructions, etc., whether made by you or any other person or entity.

    G.     All documents regarding the health risks or hazards associated with or possibly arising from surgery, which you received or generated in connection with or at any time before the surgery at which you claim you were injured.

    H.     All documents in your possession that you believe were provided to you by any Defendant (unless they first were given to you by your attorney), related to the claims in your case.

    I.     All documents and things in your possession that relate to any Defendant and were in your possession before the surgery at which you claim you were injured, related to the claims in your case.

    J.     If you claim to have suffered a loss of earnings, or lost earnings capacity, your federal tax returns and W-2s for each year, beginning three years prior to the injury you allege is related to the use of a Bair Hugger system through the present.

**<u>CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER</u>**

HARRIS, R-000026

K.      If you claim any loss from medical expenses, copies of all bills from any physician, hospital, pharmacy, or other healthcare provider.

L.      Decedent's death certificate (if applicable).

## **VERIFICATION**

Pursuant to 28 U.S.C. § 1746, I declare under the penalty of perjury that all of the

information provided in this Fact Sheet is true and correct to the best of my knowledge.


Richard Harris
_____
Print Name

*Richard Harris*
Richard Harris (Mar 28, 2025 15:50 EDT)
_____
Signature


03/28/2025
_____
Date


_____
Print Name
(Loss of Consortium Plaintiff)


_____
Signature


_____
Date


-22-

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

HARRIS, R-000027

## <u>LIMITED AUTHORIZATION TO DISCLOSE HEALTH INFORMATION</u>

**(Pursuant to the Health Insurance Portability and Accountability Act "HIPAA" of 4/14/03)**

TO:
Patient Name: Richard Harris
DOB: 12/13/1960
SSN: 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

      I, _____Richard Harris_____, hereby authorize you to release and furnish to: Norton Rose Fulbright and/or its designee copies of the following information:

    \*   All medical records, including inpatient, outpatient, and emergency room treatment, all clinical charts, reports, documents, correspondence, test results, statements, questionnaires/histories, office and doctors' handwritten notes, and records received by other physicians, dated from _____ (seven years prior to the date of the subject surgery) to the present.

    \*   All autopsy, laboratory, histology, cytology, pathology, radiology, CT Scan, MRI, echocardiogram and cardiac catheterization reports, dated from _____---------------------------------(seven years prior to the date of the subject surgery) to the present.

    \*   All radiology films, mammograms, myelograms, CT scans, photographs, bone scans, pathology/cytology/histology/autopsy/immunohistochemistry specimens, cardiac catheterization videos/CDs/films/reels, and echocardiogram videos, dated from _____(seven years prior to the date of the subject surgery) to the present.

    \*   All pharmacy/prescription records, including NDC numbers and drug information handouts/monographs, dated from _____(seven years prior to the date of the subject surgery) to the present.

    \*   All billing records including all statements, itemized bills, and insurance records, dated from _____(seven years prior to the date of the subject surgery) to the present.

1.  To my medical provider: **this authorization is being forwarded by, or on behalf of, attorneys for the defendant for the purpose of litigation. You are not authorized to discuss any aspect of the above-named person's medical history, care, treatment, diagnosis, prognosis, information revealed by or in the medical records, or any other matter bearing on his or her medical or physical condition, unless you receive an additional authorization permitting such discussion. Subject to all applicable legal objections, this restriction does not apply to discussing my medical history, care, treatment, diagnosis, prognosis, information revealed by or in the medical records, or any other matter bearing on my medical or physical condition at a deposition or trial.**

HARRIS, R-000028

2. I understand that the information in my health record may include information relating to information about behavioral or mental health services and treatment for alcohol and drug abuse.

3. I understand that I have the right to revoke this authorization at any time. I understand that if I revoke this authorization, I must do so in writing and present my written revocation to the health information management department. I understand the revocation will not apply to information that has already been released in response to this authorization. I understand the revocation will not apply to my insurance company when the law provides my insurer with the right to contest a claim under my policy. Unless otherwise revoked, this authorization will expire in one year.

4. I understand that authorizing the disclosure of this health information is voluntary. I can refuse to sign this authorization. I need not sign this form in order to assure treatment. I understand I may inspect or copy the information to be used or disclosed as provided in C.F.R. 164.524. I understand that any disclosure of information carries with it the potential for an unauthorized re-disclosure and the information may not be protected by federal confidentiality rules. If I have questions about disclosure of my health information, I can contact the releaser indicate above.

5. A notarized signature is not required. C.F.R. 164.508. A copy of this authorization may be used in place of an original.

Print Name: Richard Harris _____(plaintiff/representative)

Signature: _Richard Harris (Mar 28, 2025 15:50 EDT)_____ Date: 03/28/2025_____

HARRIS, R-000029