## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE BAIR HUGGER FORCED AIR WARMING PRODUCTS LIABILITY LITIGATION | MDL No. 15-md-2666 (JNE/DTS) |
| This Document Relates to: All Actions | **ORDER** |

In September 2016, the Court issued Pretrial Order No. 14 (PTO 14). Dkt. No. 117. PTO 14 "governs the form and service for the Plaintiff Fact Sheet ("PFS") and Authorizations to be completed by all named Plaintiffs in all cases filed in or transferred to this MDL proceeding." *Id.* ¶ 1. From 2016 to 2019 the process worked as intended. Plaintiffs served PFSs. Defendants served deficiency letters. The Court held regular status conferences. *See, e.g.*, Dkt. Nos. 181, 243, 306, 574, 678. Prior to those status conferences, Defendants circulated lists of overdue and deficient PFSs. *See, e.g.*, Dkt. No. 426-1. If Plaintiffs failed to remedy PFS defects, Defendants moved to dismiss. *See, e.g.*, Dkt. No. 424. This allowed the Court "to enforce the agreed-on, bright-line procedures of Pretrial Order No. 14." Dkt. No. 622 at 2.

Then in July 2019, the Court granted Defendants' motions to exclude expert testimony and for summary judgment. Dkt. Nos. 2064, 2065. The Court entered judgment in all member cases in the Bair Hugger MDL. Dkt. No. 2065. Plaintiffs appealed. Dkt. No. 2094. In October 2021, the Eighth Circuit Court of Appeals reversed and remanded. Dkt. Nos. 2155, 2156, 2157. The case resumed, but regular status conferences addressing PFS disputes—along with motions to dismiss for failure to comply with PTO 14—did not. By the most recent count, the Bair Hugger MDL includes

more than 8,000 active cases. Dkt. No. 2825 at 2. Defendants' most recent lists of PFS disputes identified more than 2,000 cases with deficient PFSs. Plaintiffs counter that (1) many of Defendants' deficiency letters were late; (2) Defendants' deficiency letters are insufficiently descriptive; and (3) some of these cases involve bona fide disputes about whether a PFS is deficient, requiring resolution by the Court.

The only practicable way to proceed is a reset of the PTO 14 process. For any PFS that Defendants have identified as deficient, regardless of whether Defendants' deficiency letter was timely, Plaintiffs have 90 days to serve an amended PFS. After a PFS is served, Defendants have four weeks to identify deficiencies, if any, in the PFS. From now onwards, Defendants' failure to serve a timely deficiency letter will constitute a waiver of any objection to alleged core deficiencies.[1] Defendants shall also make a good-faith effort to ensure that their deficiency letters adequately explain the nature of the alleged deficiency. If the alleged deficiency is facially obvious—*i.e.*, a question without an answer—identifying the specific questions to which the answers are deficient is enough. If the alleged deficiency is less obvious—*i.e.*, a cogent answer Defendants claim lacks sufficient detail—Defendants must articulate the alleged deficiency in their deficiency letter.

The Court recognizes that there are bona fide disputes regarding when a PFS is deficient. If the Parties are unable to resolve a dispute regarding a PFS deficiency by meeting and conferring, they shall bring the dispute to the Court's attention at a status conference, which will be held on a rolling basis every four to six weeks. To bring a dispute to the Court's attention, a Party may file a letter describing the dispute more than three

---

[1] Core deficiencies are distinct from the failure to serve or sign a PFS.

2

days before the next rolling status conference, attaching the disputed PFS and a meet-and-confer statement. The next such status conference will be held on June 26, 2025, at 1:00 PM. To expedite the resolution of bona fide disputes, Attorney Gabriel Assaad and Defendants shall jointly submit ten disputed PFSs to the Court by June 23, 2025. That same day, Defendants shall file a letter describing the alleged deficiencies. By June 24, Attorney Assaad shall file a responsive letter. The Court also resolved some recurring disputes on the record at the May 27, 2025, status conference. First, answers such as "will supplement" or "may supplement" are deficient. Second, on the subject of Product ID, the answer "see medical records" is deficient. If there is a specific medical record being relied upon, it must be identified.

By restarting the PTO 14 process for core deficiencies, this Order moots two of Defendants' recent motions to dismiss. *See* Dkt. Nos. 2584; 2808. Accordingly, those motions are denied without prejudice. It also moots Defendants' motion to dismiss cases where Plaintiffs failed to provide an executed medical authorization form. Dkt. No. 2574. However, this Order does not moot Defendants' motion to dismiss cases where (i) Plaintiffs failed to serve a PFS; and (ii) Plaintiffs failed to sign and verify the information contained in the PFS. Dkt. No. 2574. Defendants' motion to dismiss at docket number 2574 remains under advisements as to those issues.

**IT IS HEREBY ORDERED**:

1. Plaintiffs who have received a deficiency letter but failed to serve an amended PFS in response shall file an amended PFS by August 26, 2025.

2. Status conferences are scheduled for June 26, 2025, July 24, 2025, August 28, 2025, October 2, 2025, and November 6, 2025. These status conferences will be held at 1:00 PM before Magistrate Judge Schultz. Counsel may appear by telephone.

3. On or before June 23, 2025, Attorney Gabriel Assaad and Defendants shall jointly submit ten disputed PFSs to the Court.

4. On or before June 23, 2025, Defendants shall file a letter describing the alleged deficiencies in the submitted PFSs.

5. On or before June 24, 2025, Attorney Assaad shall file a responsive letter.

6. A Party may submit a specific PFS dispute for resolution by filing a letter describing the dispute more than three days before the next rolling status conference and attaching the disputed PFS along with a meet-and-confer statement.

Dated: May 28, 2025                                     s/ David T. Schultz
                                                        DAVID T. SCHULTZ
                                                        U.S. Magistrate Judge