**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

IN RE BAIR HUGGER FORCED AIR
WARMING PRODUCTS
LIABILITY LITIGATION

MDL No. 15-md-2666 (JNE/DTS)

**AMENDED ORDER &
REPORT AND RECOMMENDATION**

This Document Relates to Case Numbers:
17-cv-1886 (Paris)
17-cv-4101 (Gomez)
17-cv-4116 (Collins)
17-cv-4263 (Cunningham)
17-cv-4313 (McNease)
18-cv-2014 (Johnson)
18-cv-2082 (English)
18-cv-2437 (Gentry)
18-cv-2780 (White)
18-cv-2788 (DeBose)
18-cv-2938 (Albert)
18-cv-2944 (Woloszyk)
18-cv-3011 (Jones)
18-cv-3388 (Stewart)
19-cv-0052 (Shookhoff)
19-cv-0477 (Gordon)
19-cv-0709 (Bowers)
19-cv-1132 (Gainer)
19-cv-1297 (Kary)
20-cv-0025 (Miller)
20-cv-0513 (Day)
22-cv-0037 (Gibson)
22-cv-2107 (Crockett)
22-cv-2160 (Hanson)
22-cv-2231 (Jordan)
22-cv-2259 (Hassan)
23-cv-0937 (Sullivan)
23-cv-0938 (Ashley)
23-cv-0960 (Jordan)
23-cv-0967 (Pignotti)
23-cv-0972 (Pillar)
23-cv-0974 (Salinas)
23-cv-0979 (Riley)
23-cv-1007 (Preston)
23-cv-1020 (Palmer)
23-cv-1091 (Reeves)

23-cv-1114 (Sheets)
23-cv-1179 (Million)
23-cv-1187 (Atwood)
23-cv-1188 (Panfili)
23-cv-1221 (Summerlott)
23-cv-1342 (Hickman)
23-cv-1410 (Manning)
23-cv-1423 (Kinsey)
23-cv-1492 (Davis)
23-cv-1537 (Wilson)
23-cv-1538 (Moberley)
23-cv-1592 (Huckabey)
23-cv-1620 (Freeman)
23-cv-1633 (Snowden)
23-cv-1635 (Vanhoose)
23-cv-1687 (Pepple)
23-cv-1691 (Ball)
23-cv-1707 (Ballard)
23-cv-1712 (Waldron)
23-cv-1725 (Thomson)
23-cv-1828 (Scott)
23-cv-1847 (Perkins)
23-cv-1867 (Gibson)
23-cv-1881 (Minor)
23-cv-1882 (McDowell)
23-cv-1910 (Godbolt)
23-cv-1929 (Griffey)
23-cv-1959 (Fox)
23-cv-2065 (Behrend)
23-cv-2087 (Bagnas)
23-cv-2088 (Mays)
23-cv-2141 (Rawls)
23-cv-2145 (Nichols)
23-cv-2150 (Hardin)
23-cv-2162 (Honea)
23-cv-2360 (Salisbury)
23-cv-2590 (Aguilar)
23-cv-2662 (Skidmore)
23-cv-2926 (McCraken)
23-cv-3004 (Monk)
23-cv-3020 (Teague)
23-cv-3037 (Bryant)
23-cv-3117 (Bemo)
23-cv-3132 (Stanworth)
23-cv-3175 (Redecker-Maercklein)
23-cv-3177 (Godfrey)

23-cv-3196 (Goods)
23-cv-3232 (Jordan)
23-cv-3243 (Gehron)
23-cv-3304 (Fivecoat)
23-cv-3338 (Avery)
23-cv-3387 (Porter)
23-cv-3405 (Garvin)
23-cv-3417 (Kazee)
23-cv-3433 (Thomson)
23-cv-3447 (Sanderson)
23-cv-3451 (Tarver)
23-cv-3490 (Smith)
23-cv-3493 (Bryant)
23-cv-3495 (Tracy)
23-cv-3502 (Talmadge)
23-cv-3507 (Baxter)
23-cv-3518 (Buxton)
23-cv-3522 (Thomas)
23-cv-3529 (Keeling)
23-cv-3540 (Auxter)
23-cv-3581 (Chumbley)
23-cv-3645 (Reyna)
23-cv-3649 (Durrough)
23-cv-3654 (Kippins)
23-cv-3655 (Blagg)
23-cv-3677 (Huston)
23-cv-3694 (Bystrack)
23-cv-3778 (Esparza)
23-cv-3801 (Hartley)
24-cv-0019 (Chamness)
24-cv-0036 (Collins)
24-cv-0037 (Stopher)
24-cv-0060 (Roudebush)
24-cv-0064 (Stansberry)
24-cv-0101 (Paxson)
24-cv-0112 (McManaway)
24-cv-0147 (Rininger)
24-cv-0250 (Williams)
24-cv-0291 (Lenhart)
24-cv-0330 (Nguyen)
24-cv-0371 (Peterson)
24-cv-0375 (Bray)
24-cv-0380 (Jett)
24-cv-0393 (Hill)
24-cv-0402 (Yoder)
24-cv-0656 (Huddleston)

24-cv-0657 (Merritt)
24-cv-0663 (Cormier)
24-cv-0668 (Christie)
24-cv-0672 (Lomas)
24-cv-0677 (Prior)
24-cv-0698 (Walker)
24-cv-0701 (Hernandez)
24-cv-0701 (Hoya)
24-cv-0703 (Rider)
24-cv-0704 (Kemp)
24-cv-0705 (Yacovone)
24-cv-0706 (Finks)
24-cv-0708 (Hamilton)
24-cv-0712 (Keys)
24-cv-0722 (Shipp)
24-cv-0723 (Place)
24-cv-0728 (Orallo)
24-cv-0729 (Davis)
24-cv-0730 (Schuchmann)
24-cv-0731 (Mion)
24-cv-0733 (Ramis)
24-cv-0737 (Williams)
24-cv-0742 (Houston)
24-cv-0743 (Coss)
24-cv-0744 (Zenko)
24-cv-0748 (Ventola)
24-cv-0782 (Jackson)
24-cv-0802 (Hurley)
24-cv-0803 (Sills)
24-cv-0805 (Keathley)
24-cv-0807 (Tipton)
24-cv-0810 (Hunt)
24-cv-0811 (Graham)
24-cv-0814 (Haney)
24-cv-0817 (Shadron)
24-cv-0818 (Oneal)
24-cv-0826 (Sneddon)
24-cv-0832 (Ashworth)
24-cv-0833 (Klutts)
24-cv-0835 (Nichols)
24-cv-0842 (Wissbroecker)
24-cv-0843 (Ollom)
24-cv-0845 (Harris)
24-cv-0847 (Johnson)
24-cv-0848 (Soileau)
24-cv-0849 (Pruitt)

24-cv-0852 (Nunez)
24-cv-0853 (Silas)
24-cv-0859 (Kushmaul)
24-cv-0865 (Underwood)
24-cv-0866 (Tsosie)
24-cv-0869 (Gsell)
24-cv-0870 (White)
24-cv-0871 (Dawson)
24-cv-0872 (Wells)
24-cv-0874 (McCord)
24-cv-0878 (Long)
24-cv-0879 (Wells)
24-cv-0880 (Pinedorrough)
24-cv-0884 (Marzullo)
24-cv-0885 (Cornn)
24-cv-0890 (Garvin)
24-cv-0891 (Stanton)
24-cv-0893 (Hooper)
24-cv-0896 (Mosley)
24-cv-0897 (Monge)
24-cv-0920 (Ewing)
24-cv-0926 (Harding)
24-cv-0931 (Phillips)
24-cv-0973 (Eger)
24-cv-0976 (Blakely)
24-cv-0977 (Dudeck)
24-cv-0978 (Monroe)
24-cv-0979 (Reed)
24-cv-0980 (Boling)
24-cv-0981 (Dominguez)
24-cv-0983 (Jozefoski)
24-cv-0984 (White)
24-cv-0985 (Jackson)
24-cv-0991 (Langa)
24-cv-0992 (Williams)
24-cv-0994 (Thompson)
24-cv-0999 (Willis)
24-cv-1020 (Cali)
24-cv-1027 (Halstead)
24-cv-1029 (Collins)
24-cv-1032 (Suggs)
24-cv-1037 (Shoemaker)
24-cv-1042 (Weatherly)
24-cv-1044 (Shaffer)
24-cv-1045 (White)
24-cv-1052 (Vargas)

24-cv-1055 (Knudson)
24-cv-1056 (Zehner)
24-cv-1149 (Koon)
24-cv-1150 (Mourey)
24-cv-1176 (Chapman)
24-cv-1177 (Gordon)
24-cv-1183 (Villalobos)
24-cv-1186 (Malone)
24-cv-1201 (Carter)
24-cv-1208 (Haw)
24-cv-1211 (Willie)
24-cv-1217 (Valenzuela)
24-cv-1219 (Lofton)
24-cv-1222 (Jackson)
24-cv-1226 (Bailey)
24-cv-1272 (Ferrando)
24-cv-1336 (Skerry)
24-cv-1436 (Balla)
24-cv-1565 (Laurenti)
24-cv-1618 (Cozzens)
24-cv-1631 (Day)
24-cv-1649 (Jones)
24-cv-1703 (Chavez)
24-cv-1731 (Luecking)
24-cv-1750 (Braun)
24-cv-1753 (Andrejco)
24-cv-1765 (Cauthen)
24-cv-1767 (McGowan)
24-cv-1772 (Weder)
24-cv-1773 (Washell)
24-cv-1779 (Geist)
24-cv-1782 (Bates)
24-cv-1803 (Odom)
24-cv-1807 (Orth)
24-cv-1809 (Springer)
24-cv-1821 (Walker)
24-cv-1828 (Burris)
24-cv-1830 (Torriente)
24-cv-1832 (Stinson)
24-cv-1834 (Price)
24-cv-1837 (Morgan)
24-cv-1864 (Perry)
24-cv-1866 (Witham)
24-cv-1867 (Ayers)
24-cv-1869 (Drake)
24-cv-1872 (Clements-Jackson)

24-cv-1874 (Hicks)
24-cv-1883 (Whitehead)
24-cv-1911 (Ynfante)
24-cv-1912 (Hunter)
24-cv-1916 (Condos)
24-cv-1918 (Mohr)
24-cv-1925 (Fain-Shanks)
24-cv-1934 (Guidry)
24-cv-1937 (Lewis)
24-cv-1939 (Scipio)
24-cv-1964 (Rupp-Albright)
24-cv-1971 (King)
24-cv-1972 (Baker)
24-cv-1973 (Ludwick)
24-cv-1974 (Haney)
24-cv-1978 (Carruth)
24-cv-1991 (Bilden)
24-cv-1995 (Pollock)
24-cv-2009 (Tyon)
24-cv-2015 (Horton)
24-cv-2017 (Smith)
24-cv-2033 (Rogers)
24-cv-2036 (Sherrill)
24-cv-2041 (Thomas)
24-cv-2070 (Adson)
24-cv-2071 (Cash)
24-cv-2073 (Alter)
24-cv-2078 (Gollotte)
24-cv-2088 (Bowling)
24-cv-2091 (Gallego)
24-cv-2092 (Ferguson)
24-cv-2094 (Sarver)
24-cv-2095 (Green)
24-cv-2098 (Hill)
24-cv-2104 (White)
24-cv-2105 (Morgan)
24-cv-2106 (Baker)
24-cv-2107 (Millsap)
24-cv-2108 (Pickard)
24-cv-2117 (Tucker)
24-cv-2118 (Williams)
24-cv-2128 (Tindell)
24-cv-2131 (Payne)
24-cv-2132 (Brooks)
24-cv-2133 (Kirby)
24-cv-2135 (Garb)

24-cv-2138 (Strain)
24-cv-2140 (Collett)
24-cv-2142 (Hanks)
24-cv-2143 (Van Damme)
24-cv-2150 (Mercer)
24-cv-2152 (Risper)
24-cv-2153 (Gonzalez)
24-cv-2210 (Spangler)
24-cv-2211 (Carpenter)
24-cv-2212 (Kejbou)
24-cv-2238 (Gawrys)
24-cv-2301 (Farrell)
24-cv-2332 (Adams)
24-cv-2333 (Fontenot)
24-cv-2393 (Brownewell)
24-cv-2394 (Deanda)
24-cv-2395 (Dunaway)
24-cv-2399 (Watt)
24-cv-2412 (Lee)
24-cv-2414 (Parr)
24-cv-2433 (Russ)
24-cv-2435 (Barker)
24-cv-2523 (Heaton)
24-cv-2537 (Bourgeois)
24-cv-2544 (Williams)
24-cv-2545 (McComb)
24-cv-2572 (Guinn)
24-cv-2577 (Meece)
24-cv-2739 (Norris)
24-cv-2757 (Jones)
24-cv-2758 (Russell)
24-cv-2765 (Ferguson)
24-cv-2828 (Cummins)
24-cv-2852 (Hinman-Bickham)
24-cv-2858 (Johnson)
24-cv-2907 (Cox)
24-cv-2922 (Poehlmann)
24-cv-2926 (Sensel)
24-cv-2931 (Taylor)
24-cv-2961 (Saffell)
24-cv-2962 (Johnson)
24-cv-2963 (Steyer)
24-cv-2986 (Rogers)
24-cv-2993 (Thomas)
24-cv-3004 (Powers)
24-cv-3013 (Antwine)

24-cv-3020 (Netherton)
24-cv-3022 (Mires)
24-cv-3024 (Campbell)
24-cv-3058 (Zerwonka)
24-cv-3059 (Holmberg)
24-cv-3083 (Rangel)
24-cv-3084 (Jones)
24-cv-3111 (Brown)
24-cv-3116 (Miller)
24-cv-3126 (Ferguson-Hodges)
24-cv-3173 (Williamson)
24-cv-3189 (Braun)
24-cv-3203 (Lancaster)
24-cv-3210 (Kelsey)
24-cv-3227 (Lapaglia)
24-cv-3232 (Debord-Wright)
24-cv-3266 (Payne)
24-cv-3269 (Johnson)
24-cv-3271 (Durham)
24-cv-3299 (Christian)
24-cv-3330 (Walker)
24-cv-3346 (Quigley)
24-cv-3395 (Fincher)
24-cv-3404 (Rutigliano)
24-cv-3412 (Cyr)
24-cv-3413 (Casillas)
24-cv-3437 (Finnerup)
24-cv-3439 (Adams)
24-cv-3440 (Conroy)
24-cv-3443 (Lujan)
24-cv-3445 (Arvin)
24-cv-3454 (McSwiggen)
24-cv-3459 (Robinson)
24-cv-3460 (De La Rosa)
24-cv-3473 (Smith)
24-cv-3478 (Larson)
24-cv-3502 (Lee)
24-cv-3511 (Ford)
24-cv-3516 (Claeys)
24-cv-3534 (Rogers)
24-cv-3535 (Ginter)
24-cv-3540 (Rider)
24-cv-3550 (Rowell)
24-cv-3552 (Booker)
24-cv-3560 (Lewis)
24-cv-3562 (Hilderbrand)

24-cv-3568 (Wahlert)
24-cv-3589 (Neumeier)
24-cv-3604 (Pilcher)
24-cv-3609 (Jobe)
24-cv-3613 (Flohr)
24-cv-3622 (Driggers)
24-cv-3624 (Price)
24-cv-3632 (Sanderson)
24-cv-3634 (Brown)
24-cv-3660 (Ball)
24-cv-3666 (Newbauer)
24-cv-3722 (Thompson)
24-cv-3732 (Stille)
24-cv-3768 (Butler)
24-cv-3822 (Strauss)
24-cv-3824 (Moody)
24-cv-3831 (Weaver)
24-cv-3836 (VanNice)
24-cv-3842 (Vander Veer)
24-cv-3853 (Blades)
24-cv-3855 (Rakes)
24-cv-3856 (Dickens)
24-cv-3897 (Lesho)
24-cv-3954 (Stokes)
24-cv-3957 (Hoxie)
24-cv-3985 (Perkyruiter)

---

## INTRODUCTION

Defendants move to dismiss more than 300 cases for failure to comply with Pretrial Order No. 14 (PTO 14) and Federal Rule of Civil Procedure 41(b). Dkt. No. 2574. For the reasons stated below, the Court recommends dismissing: (1) 204 cases for failing to serve a Plaintiff Fact Sheet (PFS) within the 90-day deadline; (2) 15 cases for failing to serve a verified PFS as required by PTO 14; (3) three cases based on individual plaintiff's counsel's confirmation that they do not oppose dismissal; and (4) 24 loss-of-consortium plaintiffs for failing to serve a verified PFS as required by PTO 14.

## BACKGROUND

In September 2016, the Court issued PTO 14. Dkt. No. 117. PTO 14 requires individual plaintiffs to complete a PFS in lieu of interrogatories. *Id.* It also "governs the form and service for the [PFS] and Authorizations." *Id.* ¶ 1. PTO 14 requires Plaintiffs to serve a "completed and signed PFS . . . no later than 90 days after the filing of their complaint or short-form complaint, or completed transfer of their case to this MDL proceeding, whichever is later." *Id.* ¶ 2. From 2016 to 2019 the process worked as intended. Plaintiffs served PFSs. Defendants served deficiency letters. The Court held regular status conferences. *See, e.g.*, Dkt. Nos. 181, 243, 306, 574, 678. Prior to those status conferences, Defendants circulated lists of overdue and deficient PFSs. *See, e.g.*, Dkt No. 426-1. If a plaintiff failed to serve a PFS, Defendants moved to dismiss. *See, e.g.*, Dkt. No. 424. This allowed the Court "to enforce the agreed-on, bright-line procedures of Pretrial Order No. 14." Order at 2, Dkt. No. 622.

Then in July 2019, the Court granted Defendants' motions to exclude expert testimony and for summary judgment. Dkt. Nos. 2064, 2065. The Court entered judgment in all member cases in the Bair Hugger MDL. Dkt. No. 2065. Plaintiffs appealed. Dkt. No. 2094. In October 2021, the Eighth Circuit Court of Appeals reversed and remanded. Dkt. Nos. 2155, 2156, 2157. The MDL resumed, but regular status conferences addressing PFS disputes—along with motions to dismiss for failure to comply with PTO 14—did not. This resulted in a backlog of late and unsigned PFSs. *See* Dkt. No. 2577-1 at 530–35 (identifying more than 300 late PFSs). Following Defendants' motions to dismiss for failure comply with PTO 14, this Court restarted PTO 14 status conferences and reset the PTO 14 process as to core deficiencies. This Report and

Recommendation addresses plaintiffs' obligation to serve a verified PFS within ninety days.

## ANALYSIS

### I. Legal Standard

If a plaintiff fails to prosecute or comply with PTO 14, the Court may dismiss the case. Fed. R. Civ. P. 41(b). Such dismissal may be with prejudice "in cases of willful disobedience of a court order or where a litigant exhibits a pattern of intentional delay." *Hunt v. City of Minneapolis*, 203 F.3d 524, 527 (8th Cir. 2000). This does not require a finding of bad faith, but "merely that the plaintiff acted deliberately as opposed to accidentally." *First Gen. Res. Co. v. Elton Leather Corp.*, 958 F.2d 204, 206 (8th Cir. 1992). A "pattern of intentional delay" includes where a plaintiff fails to comply with a court order despite multiple opportunities for compliance and the Court's warning that noncompliance may result in dismissal. *Id.* As the Court has previously explained, when afforded multiple opportunities for compliance, "failure to comply with PTO 14 . . . warrants dismissal with prejudice." Order at 3, Dkt. No. 1888.

### II. Failure to Serve PFSs

The Court recommends dismissing all cases identified by Defendants' motion where the plaintiff failed to serve a PFS by April 4, 2025, the date of the motion hearing. This recommendation rests on four considerations. First, plaintiffs (who failed to serve a PFS by April 4) were on notice that the failure to serve a timely PFS risks dismissal. *See, e.g.*, Dkt. Nos. 577, 622, 862, 1888. Second, plaintiffs were plainly aware their PFSs were late. To start, this 90-day deadline has been in place for more than eight years. To comply with PTO 14—as with any court-ordered deadline—counsel have an affirmative obligation

to ensure they serve a PFS within that 90-day period. Moreover, Defendants circulated a list identifying cases where plaintiffs had failed to serve a timely PFS. Defendants' motion again identified cases where plaintiffs had failed to serve a PFS. In other words, not only did plaintiffs have an affirmative obligation to track the timeliness of their PFSs, but Defendants—at a minimum—notified plaintiffs twice of their noncompliance.

Third, plaintiffs had ample time to cure the untimely PFSs. Of the cases which the Court recommends be dismissed, the latest due date for a PFS was January 16, 2025. *See* Dkt. No. 2577-1 at 532 (24-cv-3957, Hoxie). More than seventy days passed between this January 16 deadline and the April 4 hearing. In other words, in each case the Court recommends be dismissed, plaintiffs failed to cure their failure to serve a PFS for *a minimum* of seventy days. On average, plaintiffs overshot the 90-day deadline by far longer, with the oldest case which the Court recommends be dismissed having had a PFS due on October 18, 2018. *Id.* at 531 (18-cv-2082, English). Not only were plaintiffs affirmatively obligated to comply with this Court's orders, but they received at least two notifications from Defendants that their PFSs were late. If despite these warnings of noncompliance, plaintiffs nonetheless failed to serve a PFS by the April 4, 2025 motion hearing, dismissal with prejudice is appropriate.

Fourth and finally, individual plaintiff's counsel had an opportunity to respond and be heard. The Court directed plaintiffs to respond to Defendants' motion to dismiss. Dkt. No. 2616. Plaintiffs did so. *See, e.g.*, Dkt. Nos. 2627, 2632, 2634. The Court then held a motion hearing on April 4. Minute Entry, Dkt. No. 2704. In short, plaintiffs have had the opportunity to correct the record if Defendants incorrectly claimed they failed to serve a PFS or explain why they failed to comply with PTO 14. Although some plaintiffs

identified errors in Defendants' list of cases or served a PFS before the April 4 hearing, no plaintiff offered an explanation for their failure to comply with PTO 14's 90-day deadline.

Plaintiffs counter that the motion should be denied because Defendants failed to meet and confer as required by this District's Local Rules. Before filing a motion, District of Minnesota Local Rule 7.1(a) requires a party to "meet and confer with the opposing party in a good-faith effort to resolve the issues raised by the motion." Defendants filed a meet-and-confer statement "certif[ying] that the meet-and-confer requirements of Local Rule 7.1(a)(1)(A) have been satisfied through prior dealings among counsel for the parties," citing PTO 14 ¶ 8. Dkt. No. 2578. That paragraph reads as follows:

> If a case appears on the agenda for two sequential court conferences without resolution, Defendants may make a motion for dismissal for failure to comply with this Court's Pretrial Order as to the allegedly delinquent party. The parties' prior dealings shall be deemed to satisfy the meet and confer requirements of the Local Rules and no additional meet and confer will be required prior to filing.

Dkt. No. 117 ¶ 8. At first glance, Defendants' reliance on paragraph 8 makes sense. But paragraphs 4, 5, 6, and 7 address core deficiencies. *See* Dkt. No. 117 ¶¶ 4–7. Paragraphs 4 and 5 outline the process for Defendants to notify plaintiffs of core deficiencies. *Id.* ¶¶ 4–5. Paragraph 6 delineates the process for plaintiffs to respond. *Id.* ¶ 6. Paragraph 7 states that "[i]f the dispute cannot be resolved through the meet and confer process, Defendants may put the dispute on the court conference agenda." *Id.* ¶ 7. These "prior dealings" are what excuse Defendants' obligation to meet and confer when moving to dismiss. Because the aforementioned prior dealings do not occur when a plaintiff fails to serve a PFS, PTO 14 ¶ 8 does not excuse Defendants from meeting and conferring

before moving to dismiss based on a plaintiff's failure to comply with PTO 14's 90-day deadline.

Nonetheless, the Court recommends declining to deny the motion on this basis. First, the Court is not aware of any prior order interpreting the scope of PTO 14 ¶ 8's excusal from this District's meet-and-confer requirement. Therefore, Defendants' reliance on paragraph 8 was reasonable. Second, courts are not required to deny a motion even when a party fails to meet and confer as required by Local Rule 7.1(a). *See, e.g.*, *Hawke Media, LLC v. Stable Grp. Holdings, LLC*, No. 23-cv-2496, 2024 WL 3105907, at *6 (D. Minn. June 24, 2024) ("For common-sense reasons, this is one of those cases where it seems better to look the other way."). Considering denying Defendants' motion would result in ignoring plaintiffs' failures to comply with PTO 14, this is one of those cases where reaching the merits—notwithstanding a failure to comply with Local Rule 7.1(a)—makes sense. Third, Defendants met and conferred with several individual plaintiff's counsel after filing the motion, resulting in Defendants' motion to dismiss being withdrawn as to more than 50 cases. Dkt. Nos. 2610, 2647, 2648, 2657, 2691. These conversations and withdrawals were consistent with the spirit, if not the letter, of Rule 7.1(a).

Plaintiffs also take issue with Defendants' request to dismiss Bair Hugger cases *en masse*, arguing "[s]preadsheets are not evidence," Dkt. No. 2672 at 5, and warning of errors in Defendants' spreadsheets, *id.* at 19–20. This is not persuasive. There are times when relying on a counsel's declaration would be improper. *See, e.g.*, Order at 5, Dkt. No. 2800 (rejecting counsel's declaration as sufficient to substantiate the deaths of Bair Hugger plaintiffs). But Defendants' reliance on a declaration is appropriate here. Defense counsel have personal knowledge of whether Plaintiffs served a PFS in

individual Bair Hugger cases. *See* Hulse Decl. ¶ 9, Dkt. No. 2577 ("Attached as Exhibit F is a true and correct copy of the list of plaintiffs who have not served a Plaintiff Fact Sheet to 3M within 90 days of filing their complaint."). In fact, it is hard to imagine what other evidence Defendants could offer to demonstrate a negative (plaintiffs' failure to serve PFSs). Attaching a spreadsheet as an exhibit to defense counsel's declaration is both a convenient and reasonable method to convey which plaintiffs failed to serve a PFS. Moreover, to the extent Plaintiffs dispute whether a PFS was served, they were provided an opportunity to respond and be heard. True, errors in Defendants' spreadsheets give the Court pause. However, plaintiffs' responses and Defendants' letters have mitigated those errors. That this Court is recommending—not ordering—dismissal, provides another window for plaintiffs to remediate errors by objecting to this Report and Recommendation.

To ensure the fair and consistent enforcement of PTO 14, the Court will adopt a clear process for dismissing cases for failure to serve a PFS going forward. Before regular PTO 14 status conferences, Defendants are directed to continue circulating a list identifying cases where plaintiffs have failed to serve a PFS. If a plaintiff disputes the accuracy of Defendants' list, they can raise the issue at the status conference. After each status conference, the Court will enter an order to show cause directing the listed plaintiffs to either serve a PFS before the next status conference or appear and explain why their case should not be dismissed for failure to comply with PTO 14.

## III.    Failure to Verify PFSs

For similar reasons, the Court recommends several cases and loss-of-consortium plaintiffs be dismissed for failure to serve a verified PFS. PTO 14 requires Plaintiffs to

verify the answers in PFSs under oath. *See* Dkt. No. 117 ¶ 3. This requirement is not a core deficiency subject to PTO 14 ¶¶ 4–7. *See* Dkt. No. 117 ¶ 4 (listing core deficiencies). Nonetheless, as with the failure to serve a PFS, Plaintiffs were on notice that the failure to serve a verified PFS within 90 days may result in dismissal. *See, e.g.*, Order at 3, Dkt. No. 862. Plaintiffs were also on notice that they failed to verify the at-issue PFSs. Defendants' deficiency letters notify plaintiffs when a PFS is not verified. *See, e.g.*, Dkt. No. 2632-3 at 2 (noting "Missing Verification"). Defendants also circulated lists identifying plaintiffs who had failed to respond to their deficiency letters. *See* Dkt. No. 2577-1 at 12–528. Then Defendants filed this motion, identifying "100 cases where either the primary plaintiff or loss-of-consortium plaintiff failed to sign and verify the information contained in their PFS submissions as required by PTO 14, ¶ 3." Defs.' Mem. in Supp. at 5–8, Dkt. No. 2576. This provided plaintiffs ample notice that they had failed to verify their PFSs and a reasonable amount of time to cure the deficiency. Therefore, the Court recommends dismissing with prejudice any plaintiff and loss-of-consortium plaintiff identified in Defendants' motion to dismiss who did not serve a verified PFS by the April 4, 2025 motion hearing.

Exceptions are warranted to this general recommendation. First, Defendants seek to dismiss a loss-of-consortium plaintiff in 23-cv-3232 (Jordan) who, as plaintiffs points out, *see* Dkt. No. 2672 at 21, does not exist. Therefore, the Court recommends denying the motion to dismiss as to 23-cv-3232 (Jordan). Second, Defendants concede they did not previously list 19 of the failure-to-verify cases they seek to dismiss. *See* Exhibit A at

3.[1] In three of those 19 cases, individual plaintiff's counsel "expressly confirmed that they did not oppose dismissal." *Id.* at 3 n.1. Therefore, the Court recommends 17-cv-4101 (Gomez), 17-cv-4116 (Collins), and 17-cv-4263 (Cunningham) be dismissed. As to the remaining 16 Bair Hugger cases (which were never included on a list circulated to plaintiffs), the Court recommends denying the motion to dismiss and orders the plaintiffs to serve a verified PFS within 30 days. Even though PTO 14's verification requirement is not expressly subject to PTO 14 ¶¶ 4–7, the Court will not recommend dismissal with prejudice unless Defendants notified plaintiffs that they served an unverified PFS and provided a sufficient opportunity to cure.

## ORDER

For the reasons set forth above, **IT IS HEREBY ORDERED**:

1.     On or before August 13, 2025, plaintiffs in in the following cases shall serve an amended PFS signed by the plaintiff: 17-cv-1886 (Paris), 17-cv-4313 (McNease), 18-cv-2788 (DeBose), 18-cv-3388 (Stewart), 19-cv-1132 (Gainer), 24-cv-3516 (Claeys), 24-cv-0371 (Peterson), 24-cv-3660 (Ball), 24-cv-3666 (Newbauer), 24-cv-3722 (Thompson), 24-cv-3732 (Stille), 24-cv-3831 (Weaver), 24-cv-3842 (Vander Veer).

2.     On or before August 13, 2025, Plaintiff Donna Peterson (in Bair Hugger case number 24-cv-0371) shall serve an amended PFS including loss-of-consortium Plaintiff Timmy Peterson's signature.

---

[1] Exhibit A is a letter Defendants e-mailed to the Court in response to an oral order issued at the April 4, 2025 motion hearing. Relevant here, the letter identifies failure-to-verify cases which were not previously included in a list circulated to plaintiffs.

3.      On or before August 21, 2025, Defendants shall submit a letter to the court identifying whether plaintiffs in the aforementioned cases served an amended, completely verified PFS by August 13, 2025.

## RECOMMENDATION

For the reasons set forth above, the Court RECOMMENDS THAT:

1.      Defendants' Motion to Dismiss (Dkt. No. 2574) be GRANTED in part and DENIED in part.

2.      The following 204 cases be dismissed with prejudice for failing to serve a PFS within PTO 14's 90-day deadline: 18-cv-2082 (English), 18-cv-3011 (Jones), 19-cv-0052 (Shookhoff), 19-cv-0477 (Gordon), 19-cv-0709 (Bowers), 20-cv-0025 (Miller), 20-cv-0513 (Day), 22-cv-0037 (Gibson), 22-cv-2107 (Crockett), 22-cv-2160 (Hanson), 22-cv-2231 (Jordan), 22-cv-2259 (Hassan), 23-cv-1410 (Manning), 23-cv-1635 (Vanhoose), 23-cv-1687 (Pepple), 23-cv-1691 (Ball), 23-cv-1828 (Scott), 23-cv-1910 (Godbolt), 23-cv-2065 (Behrend), 23-cv-2087 (Bagnas), 23-cv-2088 (Mays), 23-cv-2141 (Rawls), 23-cv-2150 (Hardin), 23-cv-2590 (Aguilar), 23-cv-2662 (Skidmore), 24-cv-0375 (Bray), 24-cv-0668 (Christie), 24-cv-0728 (Orallo), 24-cv-0731 (Mion), 24-cv-0743 (Coss), 24-cv-0802 (Hurley), 24-cv-0803 (Sills), 24-cv-0805 (Keathley), 24-cv-0811 (Graham), 24-cv-0817 (Shadron), 24-cv-0818 (Oneal), 24-cv-0833 (Klutts), 24-cv-0835 (Nichols), 24-cv-0842 (Wissbroecker), 24-cv-0843 (Ollom), 24-cv-0845 (Harris), 24-cv-0847 (Johnson), 24-cv-0848 (Soileau), 24-cv-0866 (Tsosie), 24-cv-0872 (Wells), 24-cv-0879 (Wells), 24-cv-0880 (Pinedorrough), 24-cv-0884 (Marzullo), 24-cv-0893 (Hooper), 24-cv-0897 (Monge), 24-cv-0920 (Ewing), 24-cv-0973 (Eger), 24-cv-0983 (Jozefoski), 24-cv-0984 (White), 24-cv-0999 (Willis), 24-cv-1029 (Collins), 24-cv-1044 (Shaffer), 24-cv-1052

(Vargas), 24-cv-1055 (Knudson), 24-cv-1149 (Koon), 24-cv-1150 (Mourey), 24-cv-1176 (Chapman), 24-cv-1177 (Gordon), 24-cv-1183 (Villalobos), 24-cv-1211 (Willie), 24-cv-1217 (Valenzuela), 24-cv-1222 (Jackson), 24-cv-1226 (Bailey), 24-cv-1272 (Ferrando), 24-cv-1336 (Skerry), 24-cv-1565 (Laurenti), 24-cv-1649 (Jones), 24-cv-1703 (Chavez), 24-cv-1731 (Luecking), 24-cv-1750 (Braun), 24-cv-1765 (Cauthen), 24-cv-1767 (McGowan), 24-cv-1772 (Weder), 24-cv-1779 (Geist), 24-cv-1807 (Orth), 24-cv-1809 (Springer), 24-cv-1821 (Walker), 24-cv-1828 (Burris), 24-cv-1830 (Torriente), 24-cv-1834 (Price), 24-cv-1864 (Perry), 24-cv-1866 (Witham), 24-cv-1867 (Ayers), 24-cv-1869 (Drake), 24-cv-1872 (Clements-Jackson), 24-cv-1874 (Hicks), 24-cv-1911 (Ynfante), 24-cv-1912 (Hunter), 24-cv-1916 (Condos), 24-cv-1918 (Mohr), 24-cv-1925 (Fain-Shanks), 24-cv-1934 (Guidry), 24-cv-1971 (King), 24-cv-1973 (Ludwick), 24-cv-1974 (Haney), 24-cv-1978 (Carruth), 24-cv-1995 (Pollock), 24-cv-2033 (Rogers), 24-cv-2036 (Sherrill), 24-cv-2041 (Thomas), 24-cv-2071 (Cash), 24-cv-2073 (Alter), 24-cv-2078 (Gollotte), 24-cv-2088 (Bowling), 24-cv-2091 (Gallego), 24-cv-2092 (Ferguson), 24-cv-2095 (Green), 24-cv-2098 (Hill), 24-cv-2104 (White), 24-cv-2106 (Baker), 24-cv-2107 (Millsap), 24-cv-2108 (Pickard), 24-cv-2117 (Tucker), 24-cv-2118 (Williams), 24-cv-2128 (Tindell), 24-cv-2132 (Brooks), 24-cv-2135 (Garb), 24-cv-2138 (Strain), 24-cv-2140 (Collett), 24-cv-2142 (Hanks), 24-cv-2143 (Van Damme), 24-cv-2150 (Mercer), 24-cv-2210 (Spangler), 24-cv-2212 (Kejbou), 24-cv-2238 (Gawrys), 24-cv-2301 (Farrell), 24-cv-2393 (Brownewell), 24-cv-2394 (Deanda), 24-cv-2395 (Dunaway), 24-cv-2399 (Watt), 24-cv-2412 (Lee), 24-cv-2433 (Russ), 24-cv-2523 (Heaton), 24-cv-2537 (Bourgeois), 24-cv-2544 (Williams), 24-cv-2545 (McComb), 24-cv-2572 (Guinn), 24-cv-2577 (Meece), 24-cv-2739 (Norris), 24-cv-2757 (Jones),

24-cv-2852 (Hinman-Bickham), 24-cv-2907 (Cox), 24-cv-2922 (Poehlmann), 24-cv-2926 (Sensel), 24-cv-2931 (Taylor), 24-cv-2961 (Saffell), 24-cv-2962 (Johnson), 24-cv-2963 (Steyer), 24-cv-2993 (Thomas), 24-cv-3004 (Powers), 24-cv-3013 (Antwine), 24-cv-3020 (Netherton), 24-cv-3022 (Mires) 24-cv-3024 (Campbell), 24-cv-3058 (Zerwonka), 24-cv-3059 (Holmberg), 24-cv-3083 (Rangel), 24-cv-3084 (Jones), 24-cv-3116 (Miller), 24-cv-3126 (Ferguson-Hodges), 24-cv-3173 (Williamson), 24-cv-3189 (Braun), 24-cv-3203 (Lancaster), 24-cv-3266 (Payne), 24-cv-3271 (Durham), 24-cv-3395 (Fincher), 24-cv-3404 (Rutigliano), 24-cv-3412 (Cyr), 24-cv-3413 (Casillas), 24-cv-3437 (Finnerup), 24-cv-3439 (Adams), 24-cv-3443 (Lujan), 24-cv-3445 (Arvin), 24-cv-3454 (McSwiggen), 24-cv-3459 (Robinson), 24-cv-3460 (De La Rosa), 24-cv-3478 (Larson), 24-cv-3502 (Lee), 24-cv-3511 (Ford), 24-cv-3535 (Ginter), 24-cv-3540 (Rider), 24-cv-3550 (Rowell), 24-cv-3552 (Booker), 24-cv-3560 (Lewis), 24-cv-3562 (Hilderbrand), 24-cv-3589 (Neumeier), 24-cv-3609 (Jobe), 24-cv-3613 (Flohr), 24-cv-3622 (Driggers), 24-cv-3632 (Sanderson), 24-cv-3634 (Brown), 24-cv-3768 (Butler), 24-cv-3822 (Strauss), 24-cv-3824 (Moody), 24-cv-3855 (Rakes), 24-cv-3856 (Dickens), 24-cv-3897 (Lesho), 24-cv-3954 (Stokes), 24-cv-3957 (Hoxie).

3.    The following 15 cases be dismissed with prejudice for failure to serve a timely, verified PFS: 18-cv-2437 (Gentry), 18-cv-2780 (White), 18-cv-2938 (Albert), 18-cv-2944 (Woloszyk), 23-cv-0960 (Jordan), 23-cv-0972 (Pillar), 23-cv-1020 (Palmer), 23-cv-1091 (Reeves), 23-cv-1492 (Davis), 23-cv-3117 (Bemo), 23-cv-3493 (Bryant), 23-cv-3581 (Chumbley), 23-cv-3694 (Bystrack), 24-cv-1208 (Haw), 24-cv-3836 (VanNice).

4.    The following 24 loss-of-consortium plaintiffs be dismissed with prejudice for failure to serve a timely, verified PFS: 23-cv-1188 (Panfili), 23-cv-1537 (Wilson), 23-

cv-1725 (Thomson), 23-cv-1881 (Minor), 23-cv-1882 (McDowell), 23-cv-2360 (Salisbury), 23-cv-3004 (Monk), 23-cv-3020 (Teague), 23-cv-3132 (Stanworth), 23-cv-3175 (Redecker-Maercklein), 23-cv-3417 (Kazee), 23-cv-3447 (Sanderson), 23-cv-3451 (Tarver), 23-cv-3490 (Smith), 23-cv-3495 (Tracy), 23-cv-3502 (Talmadge), 23-cv-3522 (Thomas), 23-cv-3645 (Reyna), 24-cv-0037 (Stopher), 24-cv-0064 (Stansberry), 24-cv-0147 (Rininger), 24-cv-0703 (Rider), 24-cv-0826 (Sneddon), 24-cv-1045 (White).

5.    The following three cases be dismissed with prejudice based on individual plaintiff's counsel's confirmation that they do not oppose dismissal: 17-cv-4101 (Gomez), 17-cv-4116 (Collins), 17-cv-4263 (Cunningham).

6.    The Court otherwise recommends denying Defendants' motion.[2]

Dated: July 24, 2025              s/ David T. Schultz
                                  DAVID T. SCHULTZ
                                  U.S. Magistrate Judge

### NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court. It is not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections.  LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set for in LR 72.2(c).

---

[2] To be clear, the Court would recommend denying the motion to dismiss as to any case where the plaintiff cured the deficiency by April 4, 2025.