**UNITED STATES DISTRICT COURT**
**THE DISTRICT OF MINNESOTA**

| | |
|---|---|
| IN RE: Bair Hugger Forced Air Warming Products Liability Litigation | **No. 15-md-2666-JNE-DTS** |
| This Document Relates to the Following Cases: | **District Judge Joan N. Ericksen** |
| *Menefee*, 18-cv-1078<br>*Cox*, 17-cv-1425<br>*Wongus*, 17-cv-3643 | **Magistrate Judge David T. Schultz** |

**PLAINTIFFS' JOINT MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS**

Plaintiffs, Arthur Menefee, Jacqueline Cox, and Marzell Wongus, Sr., by and through undersigned counsel, hereby file this Joint Memorandum in Opposition to Defendants' Motion for Judgment on the Pleadings, and state as follows:

## INTRODUCTION

In direct violation of the Court's numerous orders establishing deadlines and protocols for filing motions in individual cases, Defendants have filed a premature and procedurally improper Rule 12(c) motion seeking to dismiss Plaintiffs' claims as time-barred under the applicable Virginia statutes of limitations. Defendants are attempting to dismiss Plaintiffs' claims based off of the allegations in the Master Long Form Complaint and their Short Form Complaints, which are administrative devices, and without giving Plaintiffs an opportunity to amend their complaints pursuant to PTO 8. In the Group remand process recently established by the Court, remanded cases are allowed to amend

their complaints without the need to seek consent from Defendants or leave of court. In an apparent attempt to bypass these orders, Defendants have filed the present Rule 12(c) motion in cases that have not yet been selected for workup in the remand Group process. Just like the remand plaintiffs, Plaintiffs Arthur Menefee, Jacqueline Cox, and Marzell Wongus, Sr. should be allowed to amend their complaints to conform their claims to the applicable Virginia law and to add allegations regarding Defendants' fraudulent concealment, including information which has become available after the filing of the Master Long Form Complaint and Plaintiffs' Short Form Complaints. For the reasons set forth below, the Court should deny Defendants' Rule 12(c) motion.

**BACKGROUND**

Pursuant to PTO 5, Arthur Menefee, a Virginia resident, direct-filed his Short Form Complaint in this MDL on April 24, 2018. ECF No. 3000-2 at ¶ 2. In his complaint, Mr. Menefee alleged that he underwent a total knee arthroplasty ("TKA") on April 24, 2012 in Virgina. *Id*. at ¶ 7. During this surgery, a Bair Hugger Forced Air Warming System ("Bair Hugger") was used. *Id*. Due to the use of the Bair Hugger during his surgery, Mr. Menefee developed a perioprosthetic joint infection ("PJI"). *Id*. at ¶ 8. On April 16, 2013, Mr. Menefee underwent a removal of prosthesis and placement of antibiotic spacers. *Id*. at ¶ 9. On May 14, 2013, Mr. Menefee had a total knee revision. *Id*.

Pursuant to PTO 5, Jacqueline Cox, a Virginia resident, direct-filed her Short Form Complaint in this MDL on April 28, 2017. ECF No. 3000-3 at ¶ 2. In her complaint, Ms. Cox alleged that she underwent a right TKA on February 22, 2011 in Virginia. *Id*. at ¶ 7. During this surgery, the Bair Hugger was used. *Id*. Due to the use of the Bair Hugger during

her surgery, Ms. Cox developed a PJI. *Id.* at ¶ 8. Between April 26, 2011 and November 23, 2014, Ms. Cox underwent multiple treatments and procedures including oral antibiotics, IV antibiotics, multiple irrigation and debridement procedures, explantation and revision. *Id.* at ¶ 9.

Pursuant to PTO 5, Marzell Wongus, Sr., a Virgina resident, direct-filed his Short Form Complaint in this MDL on August 9, 2017. ECF No. 3000-4 at ¶ 2. In his complaint, Mr. Wongus alleged that he underwent a left total hip arthroplasty. *Id.* at ¶ 7. During this surgery, the Bair Hugger was used. *Id.* Due to the use of the Bair Hugger during his surgery, Ms. Cox developed a PJI. *Id.* at ¶ 8. On July 21, 2011, Mr. Wongus underwent an irrigation and debridement procedure with polyethylene liner change. *Id.* at ¶ 9.

## STANDARD OF REVIEW

When reviewing a motion for judgment on the pleadings, the court "accept[s] as true all facts pleaded by the non-moving party and grant[s] all reasonable inferences from the pleadings in favor of the non-moving party." *Syverson v. FirePond, Inc.*, 383 F.3d 745, 749 (8th Cir. 2004) (citing *United States v. Any & All Radio Station Transmission Equip.*, 207 F.3d 458, 462 (8th Cir. 2000)). The motion for judgment on the pleadings' standard "is strict: judgment on the pleadings is not appropriate unless the moving party has clearly established that no material issue of fact remains to be resolved and he is entitled to judgment as a matter of law." *Nat'l Car Rental Sys., Inc. v. Computer Assoc. Intern., Inc.*, 991 F.2d 426, 428 (8th Cir. 1993) (internal citations omitted). "In determining whether material issues of fact exist, the court must accept all facts pled by the non-moving party as true and draw all reasonable inferences in favor of the non-moving party." *Zmora v*

*Minnesota*, No. CIV.01-1905 RHK/JMM, 2002 WL 539075, at *4 (D. Minn. Apr. 10, 2002) (citing *Westcott v. City of Omaha,* 901 F.2d 1486, 1488 (8th Cir. 1990)).

## ARGUMENT

### I. Defendants' Motion is Procedurally Improper & Premature

*First*, Defendants' motion is a clear attempt to circumvent this Court's Orders governing individual cases in the MDL, specifically PTO 1 (staying discovery) and PTO 22 (setting a schedule for dispositive motions on general causation and issues not specific to bellwether cases, and bellwether dispositive motions). These PTOs were clearly intended to establish deadlines for conducting discovery and filing dispositive motions in this MDL. The Court has not ordered or stated that Defendants are allowed to file dispositive motions in non-bellwether or non-remand cases. Nor has the Court stated that discovery is no longer stayed to non-bellwether, non-remand cases.

*Second*, Defendants' motion is based on the allegations in a now outdated Master Long Form Complaint and the corresponding individual Short Form Complaints. But the MDL Master Long Form Complaint, and the associated Short Form Complaint, were purely administrative and were not intended to be the conclusion of substantive pleadings in cases that were direct-filed in the MDL. *See* PTO 8, ECF No. 46 at 1 (stating "Plaintiffs have filed a Master Long Form Complaint and a Master Short Form Complaint *as administrative devices* to set forth potential claims detailed in the Master Long Form Complaint that individual Plaintiffs may assert against Defendants in this litigation.") (emphasis added). Because the Master Long Form Complaint and Short Form Complaint are administrative devices, the Court provided stated in PTO 8 that "[a]ll Plaintiffs *have*

*the express right to file and serve an Amended Complaint*, upon the showing required by the relevant Federal Rules of Civil Procedure and any applicable court order, regardless of selection for bellwether consideration, which more fully sets forth the facts specific to their case, the causes of action and allegations against Defendants and theories of liability alleged." ECF No. 46 at ¶ 6.

In accordance with PTO 8, the Group 1 and Group 2 Scheduling Orders issued in the remand cases allow for plaintiffs to file amended complaints. *See* Exhibits 1 and 2 (Group 1 and Group 2 Scheduling Orders). Specifically, these Orders provide that "[p]ursuant to PTO 8, any plaintiff wishing to amend their operative complaint shall serve and file an amended complaint by **September 1, 2025**" (Group 1 Order); "[p]ursuant to PTO 8, any plaintiff wishing to amend their operative complaint shall serve and file an amended complaint by **September 29, 2025**" (Group 2 Order). *See* Exhibits 1 and 2. These Orders also set forth schedules for conducting discovery. *Id*.

Defendants have filed this motion against non-remand cases that have no such scheduling order in place. Unlike the present Plaintiffs, the remand plaintiffs are allowed to amend their complaints (without filing a motion for leave) to include additional allegations relating to individualized and/or state-specific allegations, including related to timeliness and fraudulent concealment. Remand plaintiffs also are allowed to conduct discovery, particularly of: (1) the healthcare providers that purchased the Bair Hugger for use at the hospital where their surgeries occurred; (2) the healthcare providers that chose to use the Bair Hugger during their surgeries; and (3) the 3M sales representatives that, upon information and belief, misrepresented the safety and efficacy of the Bair Hugger to

plaintiffs' healthcare providers and upon which the healthcare providers relied in purchasing and using the Bair Hugger device on plaintiffs. This information is pertinent for plaintiffs to meet their burden of proof on alleged fraudulent concealment. However, that opportunity has not been afforded to the current Plaintiffs prior to the filing of Defendants Rule 12(c) motion.

Plaintiffs have each filed a Motion for Leave to File an Amended Complaint. *See* Menefee Motion for Leave (Case No. 18-cv-1078, ECF. No. 11); Cox Motion for Leave (Case No. 17-cv-1425, ECF No. 10); Wongus Motion for Leave (Case No. 17-cv-3643, ECF No. 13). The accompanying proposed amended complaints include state and case specific allegations, including detailed allegations regarding Defendants fraudulent concealment of the harms associated with the Bair Hugger. *See e.g.*, Wongus Proposed Amended Complaint at ¶¶ 122-166 (fraudulent concealment allegations) (Case No. 17-cv-3643, ECF No. 16-1). For the reasons set forth in these motions, the Court should allow Plaintiffs to amend their complaints to address issues raised by Defendants in the Rule 12(c) motion. To hold otherwise, would be patently unjust and inequitable to Plaintiffs in comparison to the position of the remand plaintiffs who are allowed to amend per the Court's Scheduling Orders.

Moreover, should the Court allow Defendants to proceed with this Rule 12(c) motion, the floodgates of motion practice would open. Defendants have chosen to file this Rule 12(c) motion (and the similar motions relating to Alabama and Idaho statutes of limitations) against only a small, unilaterally selected set of non-remand plaintiffs. As is made clear in their motion, Defendants intend to continue to file Rule 12(c) motions to

dismiss claims on potential statutes of limitations grounds. Should the Court allow these Rule 12(c) motions to proceed in non-remand cases, it is anticipated that Defendants will continue to file motions in any state or case where there are potential statutes of limitations issues. This will open the floodgates to a multitude of briefs including not only Defendants' motions but the accompanying responses and motions for leave to amend. This will divert time and resources from the Court in handling and deciding motions in the remand cases.

Furthermore, the Court's prior rulings on motions for judgment on the pleadings support Plaintiffs' argument that they should be granted leave to amend their complaints. In *Axline v. 3M Co*., No. 17-511, 2018 WL 4300535, at *5 (D. Minn. Sept. 10, 2018), the plaintiff requested leave to amend in her opposition to the motion for judgment on the pleadings but did not file a separate motion seeking leave to amend. The Court denied plaintiff's informal request to amend because Local Rule 15.1 requires a party seeking leave to provide a copy of the proposed pleading and a redlined version of the proposed pleading, and the plaintiff did neither. *Id*.

In *Partlow v. 3M Co*., No. 16-cv-2144-JNE-DTS, ECF No. 29 (D. Minn. Jan. 7, 2019), the Court dismissed plaintiff's consumer protection claim because the plaintiff's short form complaint erroneously named the statute under Tennessee law rather than Alabama law (the state of her residence and where she was injured). *Id*. at 10. As a basis for dismissal, the defendants argued that plaintiff would need to file a motion for leave to amend to bring the claim under Alabama law, citing to the Court's opinion in *Axline*. *Id*. The plaintiff argued that amending was unnecessary because the Master Long Form Complaint included the Alabama consumer protection statute. The Court held that she

could not rely on the list of statutes enumerated in the Master Long Form Complaint being incorporated into her Short Form Complaint. *Id*. at 11. The Court dismissed the claim, holding that "[t]o cure this error, Plaintiff would need to file a motion for leave to amend, but Plaintiff has not done so." *Id*. Unlike the plaintiffs in *Axline* and *Partlow*, Plaintiffs here did seek leave to amend and also complied with Local Rule 15.1. Moreover, it is disingenuous for Defendants to argue for dismissal of a claim in *Partlow* because a plaintiff failed to amend a complaint while arguing here that Plaintiffs should not be allowed to amend their complaints.

## II. Plaintiffs Should Be Granted Leave to Amend to Allege Additional Facts Related to Defendants' Fraudulent Concealment

Under Va. Code § 8.01-229(D), the statute of limitations can be tolled due to a defendant's fraudulent concealment, stating in pertinent part that:

> When the filing of an action is obstructed by a defendant's…using any other direct or indirect means to obstruct the filing of an action, then the time that such obstruction has continued shall not be counted as any part of the period within which the action must be brought.

Va. Code § 8.01-229(D). To establish fraudulent concealment, a plaintiff "must establish that the defendant undertook an *affirmative act* designed or intended, directly or indirectly, to obstruct the plaintiff's right to file her action. Such affirmative acts must consist of misrepresentations, and must be of that character which involves moral turpitude, and must actually have the effect of debarring or deterring the plaintiff from his action. Mere silence, or passive concealment, is insufficient to toll the limitations period." *Evans v. Trinity Industries, Inc.*, 137 F. Supp. 3d 877, 882 (E.D. Va. 2015) (emphasis in original).

Defendants have argued that Plaintiffs have not pled fraudulent concealment based

on the allegations in the Master Long Form Complaint and their Short Form Complaints. Mot. at 12. As set forth above, the Master Long Form Complaint and Short Form Complaints were intended to be administrative devices. Since the filing of the Master Long Form Complaint and Short Form Complaints, discovery was conducted in the MDL which uncovered numerous affirmative acts taken by Defendants to conceal the safety and efficacy of the Bair Hugger from Plaintiffs, their physicians, and the public at large. As such, Plaintiffs filed motions for leave to amend their complaints, which include detailed allegations of these affirmative acts which establish fraudulent concealment under Virginia law. *See e.g.*, Wongus Proposed Amended Complaint at ¶¶ 122-166 (ECF No. 16-1). Moreover, it is Plaintiffs position that additional case-specific discovery is needed to determine if fraudulent concealment applies. Specifically, Plaintiffs need to depose the physicians at their hospitals that decided to purchase and use the Bair Hugger during their surgeries in reliance on the misrepresentations made by Defendants' sales representatives regarding the safety and efficacy of the Bair Hugger.

For the reasons set forth above, the Court should deny Defendants Rule 12(c) motion without prejudice and grant Plaintiffs' motions for leave to amend, so that Plaintiffs can have the same opportunity as the remand plaintiffs to amend their operative pleadings.

**III. Plaintiffs' Virginia Consumer Protection Claims are Not Time-Barred.**

Defendants incorrectly claim that Plaintiffs' consumer fraud claims under Virginia's Consumer Protection Act ("VCPA") are time-barred. Mot. at 15. The VCPA statute states that a claim must be "commenced within two years after such accrual" and the "cause of action shall accrue as provided in § 8.01-230." Va. Code § 59.1-204.1(A).

Section 8.01-230 states that:

> In every action for which a limitation period is prescribed, the right of action shall be deemed to accrue and the prescription limitation period shall begin to run from the date the injury is sustained in the case of injury to the person or damage to property, when the breach of contract occurs in actions ex-contractu and not when the resulting damage is discovered, expect where the relief sought is solely equitable or where otherwise provided under § 8.01-233, subsection C of § 8.01-245, §§ 8.01-249, 8.01-250 or other statute.

Va. Code § 8.01-230. However, Defendants failed to acknowledge that Va. Code § 8.01-230 specifically states that it does not apply "where otherwise provided under … § 8.01-249." *Id*. Section 8.01-249 provides a "discovery rule" for violations of the VPCA, stating that:

> In actions for fraud or mistake, *in violations of the Consumer Protection Act* (§ 59.1-196 et. seq.) based upon any misrepresentation, deception, or fraud, and in actions for rescission of contract for undue influence, when such fraud, mistake, misrepresentation, deception, or undue influence *is discovered or by the exercise of due diligence reasonably should have been discovered*.

Va. Code § 8.01-249(1). Defendants' sole argument as to the dismissal of this claim is based on a two-year statute of limitations from the date of injury. However, as outlined above, Defendants have neglected to consider the statutory discovery rule for VCPA claims. As such, there are clearly material issues of fact that exist as to Plaintiffs' VCPA claims and a motion for judgment on the pleadings is improper. For these reasons, the Court should deny Defendants' motion for judgment on the pleadings as to the timeliness of Plaintiffs' VCPA claims.

## CONCLUSION

For the reasons identified above, Plaintiffs Arthur Menefee, Jacqueline Cox, and Marzell Wongus, Sr., respectfully request that the Court deny Defendants' motion for

judgment on the pleadings.

Dated: September 15, 2025 Respectfully submitted,

*/s/ Jessica A. Reynolds*
Jessica A. Reynolds (La. Bar 34024)
PENDLEY, BAUDIN & COFFIN
24110 Eden Street
Plaquemine, LA 70764
Phone: (225) 687-6396
Fax: (225) 697-6398
jreynolds@pbclawfirm.com

*Attorney for Marzell Wongus, Sr.*

*/s/ Dustin Rosser*
Dustin T. Rosser (Va. Bar 77264)
RANDALL J. TROST, P.C.
801 Main Street, 10th Floor
Lynchburg, VA 24504
Phone: (434) 528-4222
Fax: (434) 847-0814
drosser@trostlaw.com

*Attorney for Arthur Menefee*

*/s/ Seth Sharrock Webb*
Seth Sharrock Webb (#51236)
BROWN AND CROUPPEN, P.C.
211 N. Broadway, Suite 1600
St. Louis, MO 63102
Phone: (314)-561-6260
sethw@getb.com

*Attorney for Jacqueline Cox*

## CERTIFICATE OF SERVICE

I, Jessica A. Reynolds, hereby certify that on September 15, 2025, I have electronically filed the foregoing Plaintiffs' Joint Memorandum in Opposition to Defendants' Motion for Judgment on the Pleadings with the Clerk of Court using the CM/ECF System, which will send notification to all counsel of record.

*/s/ Jessica A. Reynolds*
Jessica A. Reynolds