**UNITED STATES DISTRICT COURT**
**THE DISTRICT OF MINNESOTA**

| | |
|---|---|
| IN RE: Bair Hugger Forced Air Warming Products Liability Litigation | **No. 15-md-2666-JNE-DTS** |
| This Document Relates to the Following Cases: | **District Judge Joan N. Ericksen** |
| *Culpepper*, 17-cv-2893<br>*Miles*, 17-cv-3223 | **Magistrate Judge David T. Schultz** |

**PLAINTIFFS' JOINT MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS**

Plaintiffs, Patricia Miles, Elizabeth Culpepper, and Gerald Culpepper, by and through undersigned counsel, hereby files this Joint Memorandum in Opposition to Defendants' Motion for Judgment on the Pleadings, and states as follows:

## INTRODUCTION

In direct violation of the Court's numerous orders establishing deadlines and protocols for filing motions in individual cases, Defendants have filed a premature and procedurally improper Rule 12(c) motion seeking to dismiss Plaintiffs' claims as time-barred under the applicable Alabama statutes of limitations. Defendants are attempting to dismiss Plaintiffs' claims based off of the allegations in the Master Long Form Complaint and their Short Form Complaints, which are administrative devices, and without giving Plaintiffs an opportunity to amend their complaints pursuant to PTO 8. In the Group remand process recently established by the Court, remanded cases are allowed to amend

their complaints without the need to seek consent from Defendants or leave of court. In an apparent attempt to bypass these orders, Defendants have filed the present Rule 12(c) motion in a case that has not yet been selected for workup in the remand Group process. Just like the remand plaintiffs, Plaintiffs Patricia Miles, Elizabeth Culpepper, and Gerald Culpepper should be allowed to amend their complaints to conform their claims to the applicable Alabama law and to add allegations regarding Defendants' fraudulent concealment, information which has become available only after the filing of the Master Long Form Complaint and Plaintiffs' Short Form Complaints, as well as correct previously asserted facts. For the reasons set forth below, the Court should deny Defendants' Rule 12(c) motion.

## BACKGROUND

Patricia Miles, an Alabama resident, was filed in the Circuit Court of Saint Louis City on December 20, 2016. A transfer order into this MDL was filed on April 06, 2017. A Short Form Complaint in this MDL was filed on July 21, 2017. ECF No. 2986-3 ¶ 2. In her complaint, Ms. Miles alleged that she underwent a total right hip arthroplasty on June 18, 2008. *Id*. at ¶ 7. During this surgery, a Bair Hugger Forced Air Warming System ("Bair Hugger") was used. *Id*. Due to the use of the Bair Hugger during his surgery, Ms. Miles developed a periprosthetic joint infection ("PJI"). *Id*. at ¶ 8. Ms. Miles underwent an irrigation and debridement, explant, antibiotic treatment and revision on or about June 2008 through February 2014. *Id*. at ¶ 9.

Plaintiffs Elizabeth Culpepper and Gerald Culpepper, Alabama residents, direct-filed their Short Form Complaint in this MDL on July 14, 2017. ECF No. 2893-1, at ¶ 2-3.

In their complaint, the Culpeppers alleged that Ms. Culpepper underwent a left tibia periprosthetic fracture and knee surgery on November 6, 2009. ¶ 7. During this surgery, a Bair Hugger Forced Air Warming System (‘Bair Hugger”) was used. *Id*. Due to the use of the Bair Hugger during this surgery, Ms. Culpepper developed a periprosthetic joint infection, also known as a deep joint infection. ¶ 8-9. As a result, Ms. Culpepper underwent an irrigation and excisional debridement of the open tibia fracture, open reduction and internal fixation of left tibia fracture, removal of poly bearing, and re-implantation of the poly tibial component. *Id*. The infection did not resolve and, ultimately, Ms. Culpepper had additional surgeries, including a total explant of her left knee and arthroplasty, irrigation and debridement procedures, and implantation of antibiotic spacers. Bair Hugger devices were also used in these surgeries. *Id*.

**STANDARD OF REVIEW**

When reviewing a motion for judgment on the pleadings, the court “accept[s] as true all facts pleaded by the non-moving party and grant[s] all reasonable inferences from the pleadings in favor of the non-moving party.” *Syverson v. FirePond, Inc.*, 383 F.3d 745, 749 (8th Cir. 2004) (citing *United States v. Any & All Radio Station Transmission Equip.*, 207 F.3d 458, 462 (8th Cir. 2000). The motion for judgment on the pleadings’ standard “is strict: judgment on the pleadings is not appropriate unless the moving party has clearly established that no material issue of fact remains to be resolved and he is entitled to judgment as a matter of law.” *Nat’l Car Rental Sys., Inc. v. Computer Assoc. Intern., Inc.*, 991 F.2d 426, 428 (8th Cir. 1993) (internal citations omitted). “In determining whether material issues of fact exist, the court must accept all facts pled by the non-moving party

as true and draw all reasonable inferences in favor of the non-moving party." *Zmora v Minnesota*, No. CIV.01-1905 RHK/JMM, 2002 WL 539075, at *4 (D. Minn. Apr. 10, 2002) (citing *Westcott v. City of Omaha,* 901 F.2d 1486, 1488 (8th Cir. 1990)).

## ARGUMENT

### I. Defendants' Motion is Procedurally Improper & Premature

*First*, Defendants' motion is a clear attempt to circumvent this Court's orders governing individual cases in the MDL, specifically PTO 1 (staying discovery) and PTO 22 (setting a schedule for dispositive motions on general causation and issues not specific to bellwether cases, and bellwether dispositive motions). These PTOs were clearly intended to establish deadlines for conducting discovery and filing dispositive motions in this MDL. The Court has not ordered or stated that Defendants are allowed to file dispositive motions in non-bellwether or non-remand cases. Nor has the Court stated that discovery is no longer stayed to non-bellwether, non-remand cases.

*Second*, Defendants' motion is based on the allegations in the outdated Master Long Form Complaint and the individual Short Form Complaint. But the MDL Master Long Form Complaint, and the associated Short Form Complaint, were purely administrative and were not intended to be the conclusion of substantive pleadings in cases that were direct-filed in the MDL. *See* PTO 8, ECF No. 46 at 1 (stating "Plaintiffs have filed a Master Long Form Complaint and a Master Short Form Complaint *as administrative devices* to set forth potential claims detailed in the Master Long Form Complaint that individual Plaintiffs may assert against Defendants in this litigation.") (emphasis added). Because the Master Long Form Complaint and Master Short Form Complaint are administrative devices, the

Court provided that in PTO 8 that "[a]ll Plaintiffs *have the express right to file and serve an Amended Complaint*, upon the showing required by the relevant Federal Rules of Civil Procedure and any applicable court order, regardless of selection for bellwether consideration, which more fully sets forth the facts specific to their case, the causes of action and allegations against Defendants and theories of liability alleged." ECF No. 46 at ¶ 6.

In accordance with PTO 8, the Group 1 and Group 2 Scheduling Orders issued in the remand cases allow for plaintiffs to file amended complaints. *See* Exhibits 1 and 2 (Group 1 and Group 2 Scheduling Orders). Specifically, these Orders provide that "[p]ursuant to PTO 8, any plaintiff wishing to amend their operative complaint shall serve and file an amended complaint by **September 1, 2025**" (Group 1 Order); "[p]ursuant to PTO 8, any plaintiff wishing to amend their operative complaint shall serve and file an amended complaint by **September 29, 2025**" (Group 2 Order). These Orders also set forth schedules for conducting discovery. *See* Exhibits 1 and 2.

Defendants have filed this motion against a non-remand case that has no scheduling order. Unlike the present Plaintiffs, the remand plaintiffs with potential statute of limitations issues, pursuant to the Scheduling Orders, will be allowed to amend their complaint (without filing a motion for leave) to include additional allegations relating to fraudulent concealment. Remand plaintiffs will also be allowed to conduct discovery, particularly of: (1) the healthcare providers that purchased the Bair Hugger for use at the hospital where their surgeries occurred; (2) the healthcare providers that chose to use the Bair Hugger during their surgeries; and (3) the 3M sales representatives that, upon

information and belief, misrepresented the safety and efficacy of the Bair Hugger to Plaintiffs' healthcare providers and upon which the healthcare providers relied in purchasing and using the Bair Hugger device on Plaintiffs. This information will be needed for Plaintiffs to prove fraudulent concealment. However, that opportunity has not been afforded to the current Plaintiffs prior to the filing of Defendants Rule 12(c) motion.

Plaintiffs have filed a Motion for Leave to File an Amended Complaint. *See* Miles Motion for Leave (Case No. 17-cv-3223, ECF. No. 03223-10); Culpepper Motion for Leave (Case No. 17-cv-2893, ECF No. 2893-11). The accompanying proposed amended complaint includes state and case specific allegations, including detailed allegations regarding Defendants fraudulent concealment of the harms associated with the Bair Hugger. *See e.g.*, Miles Proposed Amended Complaint at ¶¶ 122-168 (fraudulent concealment allegations) (Case No. 17-cv-3223, ECF No.14-1). For the reasons set forth in this motion, the Court should allow Plaintiffs to amend their complaint to address issues raised by Defendants in the Rule 12(c) motion. To hold otherwise, would be patently unjust and inequitable to Plaintiffs in comparison to the position of the remand plaintiffs who are allowed to amend per the Court's Scheduling Orders.

Moreover, should the Court allow Defendants to proceed with this Rule 12(c) motion, the floodgates of motion practice would open. Defendants have chosen to file this Rule 12(c) motion (and the similar motions relating to Virginia and Idaho statute of limitations) against only a small, select number of non-remand plaintiffs. As is made clear in their motion, Defendants intend to continue to file Rule 12(c) motions to dismiss claims on potential statute of limitations grounds. Should the Court allow these Rule 12(c) motions

to proceed in non-remand cases, it is anticipated that Defendants will continue to file motions in any state or case where there is potential statute of limitations issues. This will open the floodgates to a multitude of briefs including not only Defendants' motions but the accompanying responses and motions for leave to amend. This will take away time and resources from the Court in handling and deciding motions in the remand cases.

Furthermore, the Court's prior rulings on motions for judgment on the pleadings support Plaintiffs' argument that they should be granted leave to amend their complaints. In *Axline v. 3M Co*., No. 17-511, 2018 WL 4300535, at *5 (D. Minn. Sept. 10, 2018), the plaintiff requested leave to amend in her opposition to the motion for judgment on the pleadings but did not file a separate motion seeking leave to amend. The Court denied plaintiff's informal request to amend because Local Rule 15.1 requires a party seeking leave to provide a copy of the proposed pleading and a redlined version of the proposed pleading, and the plaintiff did neither. *Id*.

In *Partlow v. 3M Co*., No. 16-cv-2144-JNE-DTS, ECF No. 29 (D. Minn. Jan. 7, 2019), the Court dismissed plaintiff's consumer protection claims because the plaintiff's short form complaint erroneously named the statutes under Tennessee law rather than Alabama law (the state of her residence and where she was injured). *Id*. at 10. As a basis for dismissal, the defendants argued that plaintiff would need to file a motion for leave to amend to bring the claims under Alabama law, citing to the Court's opinion in *Axline*. *Id*. The plaintiff argued that amended was unnecessary because the Master Long Form Complaint included the Alabama consumer protection statute. The Court held that she could not rely on the list of statutes enumerated in the Master Long Form Complaint being

incorporated into her Short Form Complaint. *Id*. at 11. The Court dismissed the claim, holding that "[t]o cure this error, Plaintiff would need to file a motion for leave to amend, but Plaintiff has not done so." *Id*. Unlike the plaintiffs in *Axline* and *Partlow*, Plaintiffs here did seek leave to amend and also complied with Local Rule 15.1. Moreover, it is disingenuous for Defendants to argue for dismissal of a claim in *Partlow* because a plaintiff failed to amend a complaint while arguing here that Plaintiffs should not be allowed to amend their complaints.

## II. Plaintiffs Should Be Granted Leave to Amend to Allege Additional Facts Related to Defendants' Fraudulent Concealment

Under Alabama Code § 6-2-3, the statute of limitations can be tolled due to a defendant's fraudulent concealment, stating tha

> In actions seeking relief on the ground of fraud where the statute has created a bar, the claim must not be considered as having accrued until the discovery by the aggrieved party of the fact constituting the fraud, after which he must have two years within which to prosecute his action.

Ala. Code § 6-2-3. This provision can toll the statute of limitations for "other torts not arising in fraud" because "[a] party cannot profit by his own wrong in concealing a cause of action against himself until barred by [the statute of] limitation[s]." *DGB, LLC v. Hinds*, 55 So. 3d 218, 224 (Ala. 2010) (quotation marks omitted). To plead fraudulent concealment in Alabama, a plaintiff must plead: the facts and circumstances by which the defendants concealed the cause of action or injury and what prevented the plaintiff from discovering the facts surrounding her injury." *DGB, LLC*, 55 So. 3d at 226.

Defendants have argued that Plaintiffs have not pled fraudulent concealment based on the allegations in the Master Long Form Complaint and their Short Form Complaints.

Mot. at 11-12. As set forth above, the Master Long Form Complaint and Short Form Complaints were intended to be administrative devices. Since the filing of the Master Long Form Complaint and Short Form Complaints, discovery was conducted in the MDL which uncovered numerous fraudulent acts taken by Defendants to conceal the safety and efficacy of the Bair Hugger from Plaintiffs, their physicians, and the public at large. As such, Plaintiffs filed a motion for leave to amend their complaints, which include detailed allegations of Defendants' fraudulent acts and how they prevented them from discovering the facts surrounding their injuries which is required to establish fraudulent concealment under Alabama law. *See e.g.*, Miles Proposed Amended Complaint at (Case No. 17-cv-3223, ECF) No. 14-1 and Culpepper Proposed Amended Complaint (Case No. 17-cv-2893, ECF) No. 14-1. Moreover, it is Plaintiffs' position that additional case-specific discovery is needed to determine if fraudulent concealment applies. Specifically, Plaintiffs need to depose the physicians at their hospitals that decided to purchase and use the Bair Hugger during their surgeries in reliance on the misrepresentations made by Defendants' sales representatives regarding the safety and efficacy of the Bair Hugger.

For the reasons set forth above, the Court should deny Defendants Rule 12(c) motion and grant Plaintiffs' motions for leave to amend, so that Plaintiffs can have the same opportunity as the remand plaintiffs to amend their operative pleadings.

## CONCLUSION

For the reasons identified above, Plaintiffs Patricia Miles, Elizabeth Culpepper, and Gerald Culpepper, respectfully request that the Court deny Defendants' motion for judgment on the pleadings.

Dated: September 15, 2025,

Respectfully submitted,

*/s/ Seth Sharrock Webb*
Seth Sharrock Webb (51236)
BROWN AND CROUPPEN, P.C.
4900 Daggett Avenue
St. Louis, MO 63110
Phone: (314)-561-6260
sethw@getb.com
*Attorney for Patricia Miles*

*/s/ Donald P. McKenna*
Donald P. McKenna (6494-C66D)
FARRIS RILEY & PITT, LLP
1728 Third Avenue North, 5th Fl.
Birmingham, AL 35203
Phone: (205) 324-1212
dmckenna@frplegal.com
*Attorney for Elizabeth and Gerald Culpepper*

**CERTIFICATE OF SERVICE**

I, Seth Sharrock Webb, hereby certify that on September 15, 2025, I have electronically filed the foregoing Plaintiffs' Joint Memorandum in Opposition to Defendants' Motion for Judgment on the Pleadings with the Clerk of Court using the CM/ECF System, which will send notification to all counsel of record.

/s/ *Seth Sharrock Webb*
Seth Sharrock Webb