**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| IN RE: Bair Hugger Forced Air Warming Products Liability Litigation | **No. 15-md-2666-JNE-DTS** |
| This Document Relates to the Following Cases:<br><br>*Betty French*, No. 18-cv-1218 | **District Judge Joan N. Ericksen**<br><br>**Magistrate Judge David T. Schultz** |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS**

Plaintiff, Betty French, by and through undersigned counsel, hereby files this Memorandum in Opposition to Defendants' Motion for Judgment on the Pleadings, and states as follows:

## INTRODUCTION

In direct violation of the Court's numerous orders establishing deadlines and protocols for filing motions in individual cases, Defendants have filed a premature and procedurally improper Rule 12(c) motion seeking to dismiss Plaintiff's claim as time-barred under the applicable Nebraska statutes of limitations. Defendants are attempting to dismiss Plaintiff's claim based off of the allegations in the Master Long Form Complaint and her Short Form Complaint, which is an administrative device, and without giving Plaintiff an opportunity to amend her complaint pursuant to PTO 8. In the Group remand process recently established by the Court, remanded cases are allowed to amend their complaints without the need to seek consent from Defendants or leave of court. In an

apparent attempt to bypass these orders, Defendants have filed the present Rule 12(c) motion in a case that has not yet been selected for workup in the remand Group process. Just like the remand plaintiffs, Plaintiff herein should be allowed to amend her complaint to conform her claim to the applicable Netbraska law and to add allegations regarding Defendants' fraud and fraudulent concealment, information which has become available only after the filing of the Master Long Form Complaint and Plaintiffs' Short Form Complaints. For the reasons set forth below, the Court should deny Defendants' Rule 12(c) motion.

## BACKGROUND

Betty French, a Nebraska resident, direct-filed her Short Form Complaint in this MDL on May 2, 2018. ECF No. 3277-2 at ¶ 2 in her complaint, Ms. French alleged that she underwent a total right knee arthroplasty on May 17, 2010. *Id.* at ¶ 7. During this surgery, a Bair Hugger Forced Air Warming System ("Bair Hugger") was used. *Id.* Due to the use of the Bair Hugger during his surgery, Ms. French developed MSSA, MRSA, and VRE a periprosthetic joint infection ("PJI"). *Id.* at ¶ 8. Ms. French underwent a multiple I&Ds, multiple spacer exchanges, and revision, between May 2011 to September 2012. *Id.* at ¶ 9.

## STANDARD OF REVIEW

When reviewing a motion for judgment on the pleadings, the court "accept[s] as true all facts pleaded by the non-moving party and grant[s] all reasonable inferences from the pleadings in favor of the non-moving party." *Syverson v. FirePond, Inc.*, 383 F.3d 745, 749 (8th Cir. 2004) (citing *United States v. Any & All Radio Station Transmission Equip.*,

207 F.3d 458, 462 (8th Cir. 2000)). The motion for judgment on the pleadings' standard "is strict: judgment on the pleadings is not appropriate unless the moving party has clearly established that no material issue of fact remains to be resolved and he is entitled to judgment as a matter of law." *Nat'l Car Rental Sys., Inc. v. Computer Assoc. Intern., Inc.*, 991 F.2d 426, 428 (8th Cir. 1993) (internal citations omitted). "In determining whether material issues of fact exist, the court must accept all facts pled by the non-moving party as true and draw all reasonable inferences in favor of the non-moving party." *Zmora v Minnesota*, No. CIV.01-1905 RHK/JMM, 2002 WL 539075, at *4 (D. Minn. Apr. 10, 2002) (citing *Westcott v. City of Omaha,* 901 F.2d 1486, 1488 (8th Cir. 1990)).

## ARGUMENT

### I. Defendants' Motion is Procedurally Improper & Premature

*First*, Defendants' motion is a clear attempt to circumvent this Court's orders governing individual cases in the MDL, specifically PTO 1 (staying discovery), PTO 4 (scheduling order), PTO 8 (master long and short form complaints), and PTO 22 (setting a schedule for dispositive motions on general causation and issues not specific to bellwether cases, and bellwether dispositive motions). These PTOs were clearly intended to establish deadlines for conducting discovery and filing dispositive motions in this MDL. For example, PTO 8 states:

> Defendants will follow deadlines outlined in Pretrial Order No. 4 with respect to motions brought pursuant to Rule 12(b)(6) against any Master Long Form or Master Short Form Complaints or future Answers asserting a failure to plead allegations with specificity or failing to meet the requirements of Fed. R. Civ. P. 8. **Motion practice on the individual personal injury Complaints and future Answers subject to this Order shall be stayed and may proceed only according to Pretrial Order No. 4**

**or upon leave of the Court**.

PTO 8 at ¶ 5 (emphasis added). The Court has not ordered or stated that Defendants are allowed to file dispositive motions in non-bellwether or non-remand cases. Nor has the Court stated that discovery is no longer stayed to non-bellwether, non-remand cases.

*Second*, Defendants' motion is based on the allegations in the outdated Master Long Form Complaint and the individual Short Form Complaint. But the MDL Master Long Form Complaint, and the associated Short Form Complaint, were purely administrative and were not intended to be the conclusion of substantive pleadings in cases that were direct-filed in the MDL. *See* PTO 8, ECF No. 46 at 1 (stating "Plaintiffs have filed a Master Long Form Complaint and a Master Short Form Complaint *as administrative devices* to set forth potential claims detailed in the Master Long Form Complaint that individual Plaintiffs may assert against Defendants in this litigation.") (emphasis added). Because the Master Long Form Complaint and Master Short Form Complaint are administrative devices, the Court provided that in PTO 8 that "[a]ll Plaintiffs *have the express right to file and serve an Amended Complaint*, upon the showing required by the relevant Federal Rules of Civil Procedure and any applicable court order, regardless of selection for bellwether consideration, which more fully sets forth the facts specific to their case, the causes of action and allegations against Defendants and theories of liability alleged." ECF No. 46 at ¶ 6.

In accordance with PTO 8, the Group 1 and Group 2 Scheduling Orders issued in the remand cases allow for plaintiffs to file amended complaints. *See* Exhibits 1 and 2 (Group 1 and Group 2 Scheduling Orders). Specifically, these Orders provide that

"[p]ursuant to PTO 8, any plaintiff wishing to amend their operative complaint shall serve and file an amended complaint by **September 1, 2025**" (Group 1 Order); "[p]ursuant to PTO 8, any plaintiff wishing to amend their operative complaint shall serve and file an amended complaint by **September 29, 2025**" (Group 2 Order). These Orders also set forth schedules for conducting discovery. *See* Exhibits 1 and 2.

Defendants have filed this motion against a non-remand case that has no scheduling order. Unlike the present Plaintiff, the remand plaintiffs with potential statute of limitations issues, pursuant to the Scheduling Orders, will be allowed to amend their complaint (without filing a motion for leave) to include additional allegations relating to fraud or fraudulent concealment. Remand plaintiffs will also be allowed to conduct discovery, particularly of: (1) the healthcare providers that purchased the Bair Hugger for use at the hospital where their surgeries occurred; (2) the healthcare providers that chose to use the Bair Hugger during their surgeries; and (3) the 3M sales representatives that, upon information and belief, misrepresented the safety and efficacy of the Bair Hugger to Plaintiffs' healthcare providers and upon which the healthcare providers relied in purchasing and using the Bair Hugger device on Plaintiffs. This information will be needed for Plaintiffs to prove fraud or fraudulent concealment. However, that opportunity has not been afforded to the current Plaintiff prior to the filing of Defendants Rule 12(c) motion.

Plaintiff has filed a Motion for Leave to File an Amended Complaint. *See* French Motion for Leave (Case No. 18-cv-1218, ECF. No.18). The accompanying proposed amended complaint includes state and case specific allegations, including detailed allegations regarding Defendants fraud or fraudulent concealment of the harms associated

with the Bair Hugger. *See e.g.*, French's Proposed Amended Complaint at ¶¶ 125-169 (fraudulent concealment allegations) (Case No. 18-cv-1218, ECF No. 18-1). For the reasons set forth in this motion, the Court should allow Plaintiff to amend her complaint to address issues raised by Defendants in the Rule 12(c) motion. To hold otherwise, would be patently unjust and inequitable to Plaintiff in comparison to the position of the remand plaintiffs who are allowed to amend per the Court's Scheduling Orders.

Moreover, should the Court allow Defendants to proceed with this Rule 12(c) motion, the floodgates of motion practice would open. Defendants have chosen to file this Rule 12(c) motion (and the similar motions relating to Virginia, Alabama, Idaho and Texas statute of limitations) against only a small, select number of non-remand plaintiffs. As is made clear in their motion, Defendants intend to continue to file Rule 12(c) motions to dismiss claims on potential statute of limitations grounds. Should the Court allow these Rule 12(c) motions to proceed in non-remand cases, it is anticipated that Defendants will continue to file motions in any state or case where there is potential statute of limitations issues. This will open the floodgates to a multitude of briefs including not only Defendants' motions but the accompanying responses and motions for leave to amend. This will take away time and resources from the Court in handling and deciding motions in the remand cases.

Furthermore, the Court's prior rulings on motions for judgment on the pleadings support Plaintiffs' argument that they should be granted leave to amend their complaints. In *Axline v. 3M Co.*, No. 17-511, 2018 WL 4300535, at *5 (D. Minn. Sept. 10, 2018), the plaintiff requested leave to amend in her opposition to the motion for judgment on the

pleadings but did not file a separate motion seeking leave to amend. The Court denied plaintiff's informal request to amend because Local Rule 15.1 requires a party seeking leave to provide a copy of the proposed pleading and a redlined version of the proposed pleading, and the plaintiff did neither. *Id*.

In *Partlow v. 3M Co*., No. 16-cv-2144-JNE-DTS, ECF No. 29 (D. Minn. Jan. 7, 2019), the Court dismissed plaintiff's consumer protection claims because the plaintiff's short form complaint erroneously named the statutes under Tennessee law rather than Alabama law (the state of her residence and where she was injured). *Id*. at 10. As a basis for dismissal, the defendants argued that plaintiff would need to file a motion for leave to amend to bring the claims under Alabama law, citing to the Court's opinion in *Axline*. *Id*. The plaintiff argued that amending was unnecessary because the Master Long Form Complaint included the Alabama consumer protection statute. The Court held that she could not rely on the list of statutes enumerated in the Master Long Form Complaint being incorporated into her Short Form Complaint. *Id*. at 11. The Court dismissed the claim, holding that "[t]o cure this error, Plaintiff would need to file a motion for leave to amend, but Plaintiff has not done so." *Id*. Unlike the plaintiffs in *Axline* and *Partlow*, Plaintiff here did seek leave to amend and also complied with Local Rule 15.1. Moreover, it is disingenuous for Defendants to argue for dismissal of a claim in *Partlow* because a plaintiff failed to amend a complaint while arguing here that Plaintiff should not be allowed to amend her complaint.

## II. Plaintiffs Should Be Granted Leave to Amend to Allege Additional Facts Related to Defendants' Fraud or Fraudulent Concealment

Nebraska law generally requires a plaintiff to file suit within four years of accrual of the action. Nebraska Revised Statute 25-207. Actions for trespass, conversion, other torts, and frauds; exceptions.

The following actions can only be brought within four years: …(4) an action for relief on the ground of fraud, but the cause of action in such case shall not be deemed to have accrued until the discovery of the fraud, except as provided in sections 30-2206 and 76-288 to 76-298. Accrual of an action is defined as "at the time the wrong upon which the claim is based was done regardless of the time when damage results." An action for fraud must be brought within 4 years of when the cause of action accrues. Such action does not accrue until there has been discovery of the facts constituting the fraud or facts sufficient to put a person of ordinary intelligence and prudence on an inquiry which would lead to such discovery. NECO, Inc. v. Larry Price & Assocs., Inc., 257 Neb. 323, 597 N.W.2d 602 (1999). An action for relief on the ground of fraud can only be brought within 4 years. Such action accrues once there has been a discovery of facts constituting the fraud, or facts sufficient to put a person of ordinary intelligence and prudence on an inquiry which, if pursued, would lead to such discovery. Bowling Assocs., Ltd. v. Kerrey, 252 Neb. 458, 562 N.W.2d 714 (1997). In the context of a fraud action, the limitations period begins to run upon discovery of the facts constituting the fraud, or facts sufficient to put a person of ordinary intelligence and prudence on an inquiry which, if pursued, would lead to such discovery. A cause of action cannot "accrue" before occurrence of all the elements which

constitute a defendant's violation of a plaintiff's judicially protected right. Henderson v. Forman, 240 Neb. 939, 486 N.W.2d 182 (1992).

To prove fraudulent concealment, a plaintiff must prove these elements: (1) The defendant had a duty to disclose a material fact; (2) the defendant, with knowledge of the material fact, concealed the fact; (3) the material fact was not within the plaintiff's reasonably diligent attention, observation, and judgment; (4) the defendant concealed the fact with the intention that the plaintiff act or refrain from acting in response to the concealment or suppression; (5) the plaintiff, reasonably relying on the fact or facts as the plaintiff believed them to be as the result of the concealment, acted or withheld action; and (6) the plaintiff was damaged by the plaintiff's action or inaction in response to the concealment. Zawaideh v. Nebraska Dep't of Health & Hum. Servs. Regul. & Licensure, 280 Neb. 997, 1009, 792 N.W.2d 484, 495 (2011), disapproved of by State v. Boche, 294 Neb. 912, 885 N.W.2d 523 (2016).

Fraudulent concealment of a cause of action is an independent ground for tolling a statute of limitations. Lieberman v. First Nat'l Bank, Del.Supr., 8 Del.Ch. 519, 45 A. 901 (1900); 51 Am.Jur.2d, Limitations of Actions s 147.6 Where there has been fraudulent concealment from a plaintiff, the statute is suspended only until his rights are discovered or until they could have been discovered by the exercise of reasonable diligence. Giordano v. Czerwinski, Del.Supr., 216 A.2d 874 (1966). Fraudulent concealment requires that something affirmative be done by a defendant, some 'actual artifice' which prevents a plaintiff from gaining knowledge of the facts, or some misrepresentation which is intended to put the plaintiff off the trail of inquiry. Nardo v. Guido DeAscanis & Sons, Inc.,

Del.Super., 254 A.2d 254 (1969); 51 Am.Jur.2d, Limitation of Actions s 148. Mere ignorance of the facts by a plaintiff, where there has been no such concealment, is no obstacle to operation of the statute. Mastellone v. Argo Oil Corp., Del.Supr., 7 Terry 102, 82 A.2d 379 (1951).

Where a plaintiff relies upon fraudulent misrepresentation to suspend the operation of the statute he is required, under Chancery Rule 9(b), to plead with particularity the circumstances constituting fraud, Mayer v. Adams, supra; Klein v. Lionel Corp., 130 F.Supp. 725 (D.Del.1955). Those allegations must have 'particularity sufficient to advise the charged defendant of the basis of the claim,' and mere use of the word 'fraud' or its equivalent is not a sufficiently particular statement of the circumstances relied upon. Dann v. Chrysler Corp., 40 Del.Ch. 103, 174 A.2d 696 (1961). Halpern v. Barran, 313 A.2d 139, 143 (Del. Ch. 1973).

Defendants have argued that Plaintiffs have not pled fraudulent concealment based on the allegations in the Master Long Form Complaint and their Short Form Complaints. Mot. at 11-12. As set forth above, the Master Long Form Complaint and Short Form Complaints were intended to be administrative devices. Since the filing of the Master Long Form Complaint and Short Form Complaints, discovery was conducted in the MDL which uncovered numerous fraudulent acts taken by Defendants to conceal the safety and efficacy of the Bair Hugger from Plaintiffs, their physicians, and the public at large. As such, Plaintiff filed a motion for leave to amend her complaint, which include detailed allegations of Defendants' fraudulent acts and how they prevented her from discovering the facts surrounding their injuries which is required to establish fraudulent concealment under

Nebraska law See e.g., French Proposed Amended Complaint at (Case No. 18-cv-1218 ECF) No. 18-1. Moreover, it is Plaintiffs' position that additional case-specific discovery is needed to determine if fraudulent concealment applies. Specifically, Plaintiffs need to depose the physicians at their hospitals that decided to purchase and use the Bair Hugger during their surgeries in reliance on the misrepresentations made by Defendants' sales representatives regarding the safety and efficacy of the Bair Hugger.

For the reasons set forth above, the Court should deny Defendants Rule 12(c) motion and grant Plaintiffs' motions for leave to amend, so that Plaintiffs can have the same opportunity as the remand plaintiffs to amend their operative pleadings.

## CONCLUSION

For the reasons set forth above, Plaintiff Betty French, respectfully request that the Court deny Defendants'' motion for judgement on the pleading.

Dated: January 20, 2026,

Respectfully submitted,

*/s/ Seth Sharrock Webb*

Seth Sharrock Webb (51236)
BROWN AND CROUPPEN, P.C.
4900 Daggett Avenue
St. Louis, MO 63110
Phone: (314)-561-6260
sethw@getb.com
*Attorney for Betty French*

## CERTIFICATE OF SERVICE

I, Seth S. Webb, hereby certify that on January 20, 2026, I have electronically filed the foregoing Plaintiffs Memorandum in Opposition to Defendants' Motion for Judgment on the Pleadings with the Clerk of Court using the CM/ECF System, which will send notification to all counsel of record.