UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE: Bair Hugger Forced Air Warming Products Liability Litigation | No. 15-md-2666-JNE-DTS |
| This Document Relates to the Following Cases: *Best*, No. 25-cv-1919 *Brady*, No. 25-cv-1808 | District Judge Joan N. Ericksen Magistrate Judge David T. Schultz |

**PLAINTIFFS' JOINT MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS**

Plaintiffs, Mary Best and Brenda Brady, by and through undersigned counsel, hereby file this Joint Memorandum in Opposition to Defendants' Motion for Judgment on the Pleadings, and states as follows:

## INTRODUCTION

In direct violation of the Court's numerous orders establishing deadlines and protocols for filing motions in individual cases, Defendants' Rule 12(c) motion is premature and procedurally improper. Defendants are attempting to dismiss Plaintiffs' claims based on the allegations in the Master Long Form Complaint and their Short Form Complaints, which are administrative devices, and without giving Plaintiffs an opportunity to amend their complaints pursuant to PTO 8. In the Group remand process recently established by the Court, remanded cases are allowed to amend their complaints without the need to seek consent from Defendants or leave of court. In an apparent attempt to

bypass these orders, Defendants have filed the present Rule 12(c) motion in a case that has not yet been selected for workup in the remand Group process. Just as in the remand plaintiffs, Plaintiffs herein should be allowed to amend their complaints to conform their claims to the applicable Mississippi law and to add allegations regarding Defendants' fraudulent concealment, information which has become available only after the filing of the Master Long Form Complaint and Plaintiffs' Short Form Complaints.

Moreover, Mississippi courts have long recognized that issues of fraudulent concealment present questions of fact that cannot be decided as a matter of law. *Robinson v. Cobb*, 763 So. 2d 883 (Miss. 2000). For the reasons set forth below, the Court should deny Defendants' Rule 12(c) motion.

## BACKGROUND

Mary Best, a Mississippi resident, direct-filed her Short Form Complaint in this MDL on April 30, 2025. ECF No. 25-cv-1919-1. In her complaint, Ms. Best alleged that she underwent a surgery on November 14, 2017. ¶ 7. During this surgery, a Bair Hugger Forced Air Warming System ('Bair Hugger") was used. *Id*. Due to the use of the Bair Hugger during this surgery, Ms. Best developed a periprosthetic joint infection, also known as a deep joint infection. ¶ 8-9. As a result, Ms. Best underwent multiple additional treatments and procedures requiring intervention, management and surgeries on or around December 12, 2017. Id. at ¶ 9.

Brenda Brady, a Mississippi resident, direct-filed her Short Form Complaint in his MDL on July 7, 2017. ECF No. 25-cv-1808 at ¶ 2. In her complaint, Ms. Harris alleged that she a surgery on December 15, 2016. *Id*. at ¶ 7. During this surgery, a Bair Hugger

Forced Air Warming System ("Bair Hugger") was used. *Id*. Due to the use of the Bair Hugger during his surgery, Ms. Brady developed a periprosthetic joint infection, also known as a deep joint infection. *Id*. at ¶ 8. Ms. Brady underwent multiple additional treatments and procedures requiring intervention, management and surgeries on or around January 6, 2017. *Id*. at ¶ 9.

## STANDARD OF REVIEW

When reviewing a motion for judgment on the pleadings, the court "accept[s] as true all facts pleaded by the non-moving party and grant[s] all reasonable inferences from the pleadings in favor of the non-moving party." *Syverson v. FirePond, Inc.*, 383 F.3d 745, 749 (8th Cir. 2004) (citing *United States v. Any & All Radio Station Transmission Equip.*, 207 F.3d 458, 462 (8th Cir. 2000)). The motion for judgment on the pleadings' standard "is strict: judgment on the pleadings is not appropriate unless the moving party has clearly established that no material issue of fact remains to be resolved and he is entitled to judgment as a matter of law." *Nat'l Car Rental Sys., Inc. v. Computer Assoc. Intern., Inc.*, 991 F.2d 426, 428 (8th Cir. 1993) (internal citations omitted). "In determining whether material issues of fact exist, the court must accept all facts pled by the non-moving party as true and draw all reasonable inferences in favor of the non-moving party." *Zmora v Minnesota*, No. CIV.01-1905 RHK/JMM, 2002 WL 539075, at *4 (D. Minn. Apr. 10, 2002) (citing *Westcott v. City of Omaha,* 901 F.2d 1486, 1488 (8th Cir. 1990)).

## ARGUMENT

### I. Defendants' Motion is Procedurally Improper & Premature

Defendants' motion is a clear attempt to circumvent this Court's orders governing individual cases in the MDL, specifically PTO 1 (staying discovery), PTO 4 (scheduling order), PTO 8 (master long and short form complaints), and PTO 22 (establishing a schedule for dispositive motions on general causation and issues not specific to bellwether cases, and bellwether dispositive motions). These PTOs were clearly intended to establish deadlines for conducting discovery and filing dispositive motions in this MDL and to prevent precisely the kind of piecemeal, case-by-case dispositive motions Defendants now seek to pursue. For example, PTO 8 explicitly states:

> Defendants will follow deadlines outlined in Pretrial Order No. 4 with respect to motions brought pursuant to Rule 12(b)(6) against any Master Long Form or Master Short Form Complaints or future Answers asserting a failure to plead allegations with specificity, or failing to meet the requirements of Fed. R. Civ. P. 8. **Motion practice on the individual personal injury Complaints and future Answers subject to this Order shall be stayed and may proceed only according to Pretrial Order No. 4 or upon leave of the Court**.

PTO 8 at ¶ 5 (emphasis added). Defendants' present motion disregards this directive. The Court has not authorized dispositive motion practice directed at non-bellwether, non-remand individual cases, nor has it lifted the stay of discovery for those cases.

Defendants' attempt to advance statute of limitations defenses through a Rule 12(c) motion in selected non-bellwether cases is therefore procedurally improper. It bypasses the Court-ordered sequencing of discovery and motion practice, undermines the structure established by the governing PTOs, and invites exactly the type of fragmented litigation

those orders were designed to prevent.

Moreover, the motion is premature. Discovery in non-bellwether, non-remand cases remains stayed, and Plaintiffs have not been afforded any opportunity to develop the factual record necessary to address Defendants' statute of limitations arguments. Defendants' position would require this Court to resolve fact intensive accrual and notice issues on an undeveloped record, contrary to the MDL's case management structure and the express limitations on individual motion practice set forth in PTO 8.

## II. Plaintiffs Here Should Receive the Same Treatment as Remand Plaintiffs to Amend Their Complaints

Further, Defendants' motion is based on the allegations in the outdated Master Long Form Complaint and individual Short Form Complaints. But the MDL Master Long Form Complaint, and the associated Short Form Complaint, were purely administrative and were not intended to be the conclusion of substantive pleadings in cases that were direct-filed in the MDL. *See* PTO 8, ECF No. 46 at 1 (stating "Plaintiffs have filed a Master Long Form Complaint and a Master Short Form Complaint *as administrative devices* to set forth potential claims detailed in the Master Long Form Complaint that individual Plaintiffs may assert against Defendants in this litigation.") (emphasis added). Because the Master Long Form Complaint and Master Short Form Complaint are administrative devices, the Court expressly provided in PTO 8 that "[a]ll Plaintiffs *have the express right to file and serve an Amended Complaint*, upon the showing required by the relevant Federal Rules of Civil Procedure and any applicable court order, regardless of selection for bellwether consideration, which more fully sets forth the facts specific to their case, the causes of

action and allegations against Defendants and theories of liability alleged." ECF No. 46 at ¶ 6. Defendants' attempt to obtain dispositive relief based on the administrative pleadings disregards both the limited purpose of those filings and Plaintiffs' expressly preserved right to amend.

That understanding is reflected in the Court's handling of remand cases. In accordance with PTO 8, the Group 1 and Group 2 Scheduling Orders issued in the remand cases allow for plaintiffs to file amended complaints. *See* Exhibits 1 and 2 (Group 1 and Group 2 Scheduling Orders). Specifically, these Orders provide that "[p]ursuant to PTO 8, any plaintiff wishing to amend their operative complaint shall serve and file an amended complaint by **September 1, 2025**" (Group 1 Order); "[p]ursuant to PTO 8, any plaintiff wishing to amend their operative complaint shall serve and file an amended complaint by **September 29, 2025**" (Group 2 Order). These Orders also set forth schedules for conducting case specific discovery. *See* Exhibits 1 and 2.

Defendants present motion, however, is directed at non-remand cases for which no scheduling order exists and in which discovery remains stayed. Unlike the remand plaintiffs, who are permitted, without seeking leave, to amend their pleadings to address issues such as statute of limitations and fraudulent concealment and to conduct discovery, Plaintiffs here have been afforded neither opportunity. Yet Defendants seek to dismiss their claims on administrative pleadings before Plaintiffs are allowed to plead case specific facts or develop any factual record.

This disparate treatment is neither fair nor consistent with the MDL's governing orders. Remand plaintiffs will also be allowed to conduct discovery, particularly of: (1) the

healthcare providers that purchased the Bair Hugger for use at the hospital where their surgeries occurred; (2) the healthcare providers that chose to use the Bair Hugger during their surgeries; and (3) the 3M sales representatives that, upon information and belief, misrepresented the safety and efficacy of the Bair Hugger to Plaintiffs' healthcare providers and upon which the healthcare providers relied in purchasing and using the Bair Hugger device on Plaintiffs. This information is central to proving fraudulent concealment. Plaintiffs here have not been allowed that same opportunity, yet Defendants now ask the Court to dispose of their claims as a matter of law.

Plaintiffs have filed a Motion for Leave to File an Amended Complaint. *See* Best Motion for Leave (Case No. 25-cv-1919) and Brady Motion for Leave (Case No. 17-cv-1808. The accompanying proposed amended complaints include state and case specific allegations, including detailed allegations regarding Defendants fraudulent concealment of the harms associated with the Bair Hugger. *See e.g.*, Best Proposed Amended Complaint at ¶¶ 35-40, 161-165 (discovery rule allegations) and ¶¶ 119-165 (fraudulent concealment allegations) (Case No. 25-cv-1497). For the reasons set forth in this motion, the Court should allow Plaintiffs to amend their complaints to address issues raised by Defendants in the Rule 12(c) motion. To hold otherwise, would be patently unjust and inequitable to Plaintiffs in comparison to the position of the remand plaintiffs who are allowed to amend per the Court's Scheduling Orders.

## III. Judicial Efficiency Militates Towards Denying Defendants' Motion

Moreover, should the Court allow Defendants to proceed with this Rule 12(c) motion, the floodgates of motion practice would open. Defendants have chosen to file this

Rule 12(c) motion (and the similar motions relating to Virginia, Alabama, Idaho, Texas, Maine, Michigan, North Carolina, Oklahoma, Tennessee, New York, South Dakota, Kansas, and Nebraska statute of limitations) against only a small, select number of non-remand plaintiffs. As is made clear in their motion, Defendants intend to continue to file Rule 12(c) motions to dismiss claims on potential statute of limitations grounds. Should the Court allow these Rule 12(c) motions to proceed in non-remand cases, it is anticipated that Defendants will continue to file motions in any state or case where there is potential statute of limitations issues. This will open the floodgates to a multitude of briefs including not only Defendants' motions but the accompanying responses and motions for leave to amend. This will take away time and resources from the Court in handling and deciding motions in the remand cases.

As such, granting Defendants' Rule 12(c) motion in these non-remand cases would invite a wave of fragmented, state-by-state motion practice, impose substantial burdens on the Court, and frustrate the orderly case management structure of this MDL. Judicial efficiency, and basic fairness, therefore weigh strongly in favor of denying the motion and allowing Plaintiffs to proceed in the manner contemplated by the Court's Pretrial Orders.

## IV. Plaintiffs Should Be Granted Leave to Amend to Allege Additional Facts Related to Defendants' Fraudulent Concealment

Moreover, it is Plaintiffs' position that additional case specific discovery is needed to fully determine the applicability of fraudulent concealment. Specifically, Plaintiffs need to depose the physicians at their hospitals who decided to purchase and use the Bair Hugger during their surgeries, including the extent to which those decisions were made in reliance

on the misrepresentations by Defendants' sales representatives regarding the safety and efficacy of the Bair Hugger. Without such discovery, Plaintiffs cannot fairly be expected to plead or prove the full scope of Defendants' concealment.

Accordingly, rather than adjudicating Defendants' statute of limitations arguments based on administrative pleadings and an undeveloped record, the Court should grant Plaintiffs leave to amend to plead the newly discovered facts bearing on fraudulent concealment and allow the discovery necessary to address those allegations.

## V. Under Mississippi Law, Plaintiffs' Proposed Amended Complaints Present Valid Fraudulent Concealment that Must Be Presented to the Jury

Plaintiffs acknowledge that Mississippi is a "pure date of injury" state with respect to the statute of limitations, unlike many other states such as Texas and Kansas. However, Mississippi does recognize the doctrine of fraudulent concealment and that doctrine clearly establishes Plaintiffs' right to present their fraudulent concealment theory to a jury, which precludes not only granting Defendants' Motion for Judgment on the Pleadings but any future Motion for Summary Judgment. *Robinson v. Cobb*, 763 So. 2d 883 (Miss. 2000).

Defendants contend that Plaintiffs have not pled fraudulent concealment based on the allegations in the Master Long Form Complaint and their Short Form Complaints. That argument ignores both the limited purpose of those pleadings and the procedural posture of these cases. As set forth above, the Master Long Form Complaint and Short Form Complaints were intended to be administrative devices.

Since the filing of the Master Long Form Complaint and Short Form Complaints, discovery was conducted in the MDL which has uncovered numerous fraudulent acts by

Defendants aimed at concealing the safety risks and lack of efficacy of the Bair Hugger from Plaintiffs, their physicians, and the public at large. As such, Plaintiffs filed a motion for leave to amend their complaints, which include detailed allegations of Defendants' fraudulent acts and how they prevented them from discovering the facts surrounding their injuries which are required to establish fraudulent concealment under Mississippi law.

Indeed, in Plaintiffs' proposed amended complaints, Plaintiffs go to great lengths to plead fraudulent concealment and other fraud claims with all the necessary particularity required by either the Federal Rules of Civil Procedure or the Mississippi Rules of Civil Procedure. *See, e.g.,* Best Proposed Amended Complaint, Case No. 25-cv-1919, Exhibit A to Motion for Leave to Amend, ¶¶ 35-40 and ¶¶ 119-165.

Essentially, Defendants are attempting to bootstrap the Court's prior rulings in other cases based upon other states' laws to achieve an improper result under Mississippi law. The Court need not look any further that the Mississippi Supreme Court's analysis in *Robinson v. Cobb* to see that all questions related to Plaintiffs' allegations of fraudulent concealment are questions of fact that must be determined by the jury. *See*, *Robinson,* 763 So. 2d at 886-89.

As stated in Miss. Code Ann. §15–1–67:

> If a person liable to any personal action shall fraudulently conceal the cause of action from the knowledge of the person entitled thereto, the cause of action shall be deemed to have first accrued at, and not before, the time at which such fraud shall be, or with reasonable diligence might have been, first known or discovered.

Miss. Code Ann. §15–1–67 (1995). Further, "[f]raudulent concealment of a cause of action tolls its statute of limitations" and "applies to any cause of action." *Robinson,* 763 So. 2d at 887 (citing *Myers v. Guardian Life Ins. Co. of America, Inc.,* 5 F.Supp.2d 423, 431 (N.D. Miss. 1998)).

In order to establish fraudulent concealment, "there must be shown some act or conduct of an affirmative nature designed to prevent and which does prevent discovery of the claim." *Id.* (citing *Reich v. Jesco, Inc*., 526 So.2d 550, 552 (Miss. 1988)). Plaintiffs go to great detail in their proposed Amended Complaints to detail with specificity and particularity their due diligence in investigating the cause of their infections, their reliance upon their medical providers for critical information who, upon information and belief, themselves relied upon the misrepresentations, and a litany of affirmative actions by Defendants to conceal the risks of the Bair Hugger and its causal connection to deep joint infections from all potential plaintiffs and their medical providers, including these Plaintiffs. *See, e.g.,* Best Proposed Amended Complaint, Case No. 25-cv-1919, Exhibit A to Motion for Leave to Amend, ¶¶ 35-40 and ¶¶ 119-165.

The Supreme Court of Mississippi has clearly stated that each of these issues are questions of fact for the jury to determine, which necessarily preclude the Court from granting Defendants' Motion for Judgment on the Pleadings. Defendants' affirmative acts are "a fact question that should have been left for jury determination." *Robinson,* 763 So. 2d at 888. Whether Plaintiffs "were diligent in their efforts to discover [the cause of action] is a question of fact, not one of law. Therefore, the grant of summary judgment was error in this case." *Id.* at 889. Defendants' also argue that Plaintiffs are on "inquiry notice" as a result of the filing of the MDL. However, for significant periods of time during the running of the Plaintiffs' statute of limitations, this MDL was actually dismissed before being reinstated by the Court of Appeals. Moreover, whether the existence of the MDL puts Plaintiffs on inquiry notice such that it triggers Plaintiffs' duty of due dilligence is also a "a fact question properly left for a jury" rendering Defendants' Motion for Judgment on the Pleadings improper.

As a result, regardless of any prior rulings by this Court on other plaintiffs' claims under laws of states other than Mississippi, the facts and law of this matter clearly demonstrate that Plaintiffs' fraudulent concealment claims present numerous questions of fact that must be decided by the jury and not the Court, precluding granting of Defendants' motion. *Robinson,* 763 So. 2d at 887 (stating "we do not rule on the issues, but rather we determine whether there are issues to be tried")(emphasis in original).

## CONCLUSION

For the reasons set forth above, the Court should deny Defendants Rule 12(c) motion as the discovery rule applies to Plaintiffs' claims and in addition the Court should grant Plaintiffs' motions for leave to amend, so that Plaintiffs can have the same opportunity as the remand plaintiffs to amend their operative pleadings.

Dated: January 20, 2026

Respectfully submitted,

*/s/ Clifford Walston*
Clifford Walston (TX Bar No. 24037666)
Walston, PC
4411 San Felipe Street
Suite 600
Houston, TX 77027
cliff@walstonlegal.com
(713) 300-9600

*Attorney for Mary Best*
*and Brenda Brady*

## CERTIFICATE OF SERVICE

I, Cliff Walston, hereby certify that on January 20, 2026, I have electronically filed the foregoing Plaintiffs' Joint Memorandum in Opposition to Defendants' Motion for Judgment on the Pleadings with the Clerk of Court using the CM/ECF System, which will send notification to all counsel of record.

*/s/ Clifford Walston*
Clifford Walston