**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

In re: BAIR HUGGER FORCED AIR WARMING
DEVICES PRODUCTS LIABILITY LITIGATION

MDL No. 15-2666 (JNE/DTS)

This Order Relates to:

**REPORT AND**
**RECOMMENDATION**

25-cv-03995 (*Boyer*)
25-cv-04006 (*Burbank*)
25-cv-04007 (*Cardwell*)
25-cv-04009 (*Clark*)
25-cv-04177 (*Hall Austin*)
25-cv-04258 (*Kiele*)

---

**BACKGROUND**

On July 16, 2025 the Court issued an order adopting a clear process for dismissing cases in which plaintiffs fail to timely serve a PFS under Pretrial Order No. 14. Dkt. No. 2906. Per this Order, Defendants are to circulate a list identifying cases in which plaintiffs have failed to serve a PFS, and if plaintiffs dispute the accuracy of Defendants' list, plaintiffs are to raise the issue at the subsequent status conference. After each status conference, the Court will enter an order to show cause directing the listed plaintiffs to either serve a PFS before the next status conference or appear and explain why their case should not be dismissed for failure to comply with PTO 14.

On February 12, 2026, Defendants circulated a list of cases in which plaintiffs failed to serve a PFS (List 1). At the February 17, 2026 status conference, no plaintiff disputed the accuracy of the list. Therefore, the cases that remained on List 1 not subject to any pending motions to dismiss or recommended dismissals were placed on the February 25, 2026 Order to Show Cause (Dkt. No. 3348) and directed to serve verified PFSs by the March 19, 2026 status conference or appear and show good cause as to why their case

should not be dismissed for failure to comply with PTO 14. Several of these plaintiffs served a PFS by the March 19, 2026 deadline; the cases that remain are listed in the caption to this Report and Recommendation. No plaintiffs argued good cause at the March 19, 2026 hearing as to why their case should not be dismissed for failure to comply with PTO 14.

**ANALYSIS**

**I.    Legal Standard**

If a plaintiff fails to prosecute or comply with PTO 14, the Court may dismiss the case. PTO 14, Dkt. No. 117 at ¶ 8; *see* Dkt. Nos. 577, 622, 692, 862, 1028, 1060, 1100, 1167, 1237, 1257, 1298, 1376, 1431, 1564, 1609, 1888 (dismissing more than 50 cases where plaintiffs failed to serve a PFS and more than 75 cases where plaintiffs failed to verify a PFS); *see also* Fed. R. Civ. P. 41(b). Such dismissal may be with prejudice "in cases of willful disobedience of a court order or where a litigant exhibits a pattern of intentional delay." *Hunt v. City of Minneapolis*, 203 F.3d 524, 527 (8th Cir. 2000). This does not require a finding of bad faith, but "merely that the plaintiff acted deliberately as opposed to accidentally." *First Gen. Res. Co. v. Elton Leather Corp.*, 958 F.2d 204, 206 (8th Cir. 1992). A "pattern of intentional delay" includes where a plaintiff fails to comply with a court order despite multiple opportunities for compliance and the Court's warning that noncompliance may result in dismissal. *Id*. As the Court has previously explained, when afforded multiple opportunities for compliance, "failure to comply with PTO 14 . . . warrants dismissal with prejudice." Order 3, Dkt. No. 1888.

As discussed below, PTO 14 builds in multiple opportunities for compliance: 90 days to serve a verified PFS as provided by PTO 14, a listing of cases by Defendants

with missing PFSs, and the Court's show-cause procedure which permits additional days to cure.

## II.    Failure to Serve PFSs

The Court finds that the following plaintiffs subject to the Order failed to serve a PFS before the Order to Show Cause's March 19, 2026 deadline:

| Case Number | Title | Date Filed | Due Date | Firm Name |
|---|---|---|---|---|
| 25-cv-03995 | Boyer, Greg v. 3M Company et al. | 10/17/2025 | 1/15/2026 | Kaster, Lynch, Farrar & Ball |
| 25-cv-04006 | Burbank, Novella Jean v. 3M Company et al. | 10/20/2025 | 1/18/2026 | Kaster, Lynch, Farrar & Ball |
| 25-cv-04007 | Cardwell, Linda v. 3M Company et al. | 10/20/2025 | 1/18/2026 | Kaster, Lynch, Farrar & Ball |
| 25-cv-04009 | Clark, Judy v. 3M Company et al. | 10/20/2025 | 1/18/2026 | Kaster, Lynch, Farrar & Ball |
| 25-cv-04177 | Hall Austin, Kimberly v. 3M Company et al. | 11/3/2025 | 2/1/2026 | Rosen Injury Lawyers |
| 25-cv-04258 | Kiele, Kyra v. 3M Company et al. | 11/7/2025 | 2/5/2026 | Parafinczuk Wolf, P.A. |

The Court recommends that the six cases in the above table be dismissed. This recommendation rests on the same considerations noted in previous recommendations for dismissal for failure to comply with PTO 14.  *See* Dkt No. 2921 at 12–16; Dkt. No. 2951 at 2–3. First, each plaintiff was aware they had 90 days to serve a verified PFS under the rules of PTO 14. Second, each plaintiff was reminded of their failure to serve a PFS by their appearance on List 1. Third, each plaintiff had ample opportunity (before and after the 90-day deadline) to serve a verified PFS, including additional time following entry of the Order to Show Cause. Fourth, each plaintiff had an opportunity to be heard at the March 19, 2026 hearing to either dispute or explain their non-compliance. Finally, plaintiffs were on notice that "[f]or any case in which the plaintiff fails to serve a verified

PFS and fails to demonstrate good cause for non-compliance with PTO 14, the Court will recommend dismissal of the case with prejudice." Dkt. No. 2932 at 21.

## RECOMMENDATION

For the reasons set forth above, the Court RECOMMENDS THAT: the following six cases be dismissed with prejudice: 25-cv-03995 (*Boyer*); 25-cv-04006 (*Burbank*); 25-cv-04007 (*Cardwell*); 25-cv-04009 (*Clark*); 25-cv-04177 (*Hall Austin*); 25-cv-04258 (*Kiele*).

Dated: April 20, 2026    s/ David T. Schultz_____
DAVID T. SCHULTZ
United States Magistrate Judge

4