**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

In re: BAIR HUGGER FORCED AIR WARMING
DEVICES PRODUCTS LIABILITY LITIGATION

This Order Relates to:

25-cv-03152  (*Maciel*)

MDL No. 15-2666 (JNE/DTS)

**REPORT AND RECOMMENDATION**

---

On July 16, 2025, the Court issued an order adopting a clear process for dismissing cases in which plaintiffs fail to timely serve a PFS under Pretrial Order No. 14. (Dkt. No. 2906.) Per this Order, Defendants are to circulate a list identifying cases in which plaintiffs have failed to serve a PFS, and if plaintiffs dispute the accuracy of Defendants' list, plaintiffs are to raise the issue at the subsequent status conference. After each status conference, the Court will enter an order to show cause directing the listed plaintiffs to either serve a PFS before the next status conference or appear and explain why their case should not be dismissed for failure to comply with PTO 14.

On March 13, 2026, Defendants circulated a list of cases in which plaintiffs failed to serve a PFS (List 1). At the March 19, 2026 status conference, no plaintiff disputed the accuracy of the list. There remained only one case on List 1 that was not subject to any pending motions to dismiss or recommended dismissals—the case of Cornelius Maciel (25-cv-03152). The *Maciel* case was placed on the April 20, 2026 Order to Show Cause (Dkt. No. 3384) and Mr. Maciel was directed to serve a verified PFSs by the May 21, 2026 status conference, or appear and show good cause as to why his case should not be dismissed for failure to comply with PTO 14. Mr. Maciel did not argue good cause at the May 21, 2026 hearing as to why his case should not be dismissed for failure to comply with PTO 14.

**ANALYSIS**

**I.      Legal Standard**

If a plaintiff fails to prosecute or comply with PTO 14, the Court may dismiss the case. (PTO 14, Dkt. No. 117 at ¶ 8; *see* Dkt. Nos. 577, 622, 692, 862, 1028, 1060, 1100, 1167, 1237, 1257, 1298, 1376, 1431, 1564, 1609, 1888 (dismissing more than 50 cases where plaintiffs failed to serve a PFS and more than 75 cases where plaintiffs failed to verify a PFS)); *see also* Fed. R. Civ. P. 41(b). Such dismissal may be with prejudice "in cases of willful disobedience of a court order or where a litigant exhibits a pattern of intentional delay." *Hunt v. City of Minneapolis*, 203 F.3d 524, 527 (8th Cir. 2000). This does not require a finding of bad faith, but "merely that the plaintiff acted deliberately as opposed to accidentally." *First Gen. Res. Co. v. Elton Leather Corp.*, 958 F.2d 204, 206 (8th Cir. 1992). A "pattern of intentional delay" includes where a plaintiff fails to comply with a court order despite multiple opportunities for compliance and the Court's warning that noncompliance may result in dismissal. *Id*. As the Court has previously explained, when afforded multiple opportunities for compliance, "failure to comply with PTO 14 . . . warrants dismissal with prejudice." (Order at 3, Dkt. No. 1888.)

As discussed below, PTO 14 builds in multiple opportunities for compliance: 90 days to serve a verified PFS as provided by PTO 14, a listing of cases by Defendants with missing PFSs, and the Court's show-cause procedure which permits additional days to cure.

**II.      Failure to Serve PFSs**

The Court finds that Mr. Maciel failed to serve a PFS before the Order to Show Cause's May 21, 2026 deadline. The Court recommends that the *Maciel* case (25-cv-03152) be dismissed. This recommendation rests on the same considerations noted in

previous recommendations for dismissal for failure to comply with PTO 14. *See* Dkt No. 2921 at 12-16; Dkt. No. 2951 at 2–3. First, the plaintiff was aware they had 90 days to serve a verified PFS under the rules of PTO 14. Second, the plaintiff was reminded of their failure to serve a PFS by their appearance on List 1. Third, the plaintiff had ample opportunity (before and after the 90-day deadline) to serve a verified PFS, including additional time following entry of the Order to Show Cause. Fourth, the plaintiff had an opportunity to be heard at the May 21, 2026 hearing to either dispute or explain their non-compliance. Finally, the plaintiff was on notice that "[f]or any case in which the plaintiff fails to serve a verified PFS and fails to demonstrate good cause for non-compliance with PTO 14, the Court will recommend dismissal of the case with prejudice." Dkt. No. 2932 at 21.

## RECOMMENDATION

For the reasons set forth above, the Court RECOMMENDS that the following case be dismissed with prejudice: 25-cv-03152 (*Maciel*).

Dated: May 29, 2026

s/ David T. Schultz
DAVID T. SCHULTZ
United States Magistrate Judge