**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

IN RE BAIR HUGGER FORCED AIR WARMING PRODUCTS LIABILITY LITIGATION

MDL No. 15-md-2666 (JNE/DTS)

**ORDER & REPORT AND RECOMMENDATION**

This Document Relates to Case Number:
17-cv-2893 (Culpepper)
17-cv-3223 (Miles)

---

## INTRODUCTION

Plaintiffs Elizabeth Culpepper and Patricia Miles allege they developed periprosthetic joint infections (PJI) following surgeries in which a Bair Hugger Forced Air Warming Device (Bair Hugger) was used. Mandler Decl., Ex. B at ¶¶ 7-8, Dkt. No. 2988-2 (Culpepper Compl.); Ex. C at ¶¶ 7-8, Dkt. No. 2988-3 (Miles Compl.). Plaintiffs assert multiple causes of action against Defendants 3M Company and Arizant Healthcare, Inc., (collectively 3M) sounding in negligence, strict liability, warranty, fraud, and consumer protection. *See* Culpepper Compl. 4-5; Miles Compl. 3-4.

3M moves for judgment on the pleadings, Dkt. No. 2985, arguing that Plaintiffs' claims are barred by Alabama's statutes of limitations or otherwise fail as a matter of law. *See* Def.'s Mem. 6-16, Dkt. No. 2986. Plaintiffs oppose the motion, contending that it is premature and that leave to amend should be granted. *See* Pls.' Mem. in Opp'n 4-8, Dkt. No. 3045.

For the reasons set forth below, the Court finds that 3M's Rule 12(c) motion is not premature, that the claims asserted in the operative complaints are barred or otherwise fail as a matter of law and that Plaintiffs' proposed amendments would be futile.

Accordingly, the Court denies Plaintiffs' motions for leave to amend and recommends that 3M's Motion for Judgment on the Pleadings be granted.

## FINDINGS OF FACT

### I. MDL Background and Pretrial Orders

In December 2015, numerous actions involving the use of a Bair Hugger Forced Air Warming Device were consolidated into a multidistrict litigation (MDL) and transferred to this District for pretrial proceedings. Dkt. No. 1. To streamline the pleadings process, the court issued several pretrial orders, including Pretrial Order No. 8 (PTO 8). Dkt. No. 46. Under PTO 8, a Master Long Form Complaint and a Master Short Form Complaint were filed "as administrative devices to set forth potential claims . . . that individual Plaintiffs may assert against Defendants in this litigation." *Id.* at ¶ 2. PTO 8 further provides that "[a]ll Plaintiffs have the express right to file and serve an Amended Complaint, upon the showing required by the relevant Federal Rules of Civil Procedure and any applicable court order, regardless of selection for bellwether consideration[.]" *Id.* at ¶ 6. Pretrial Order No. 5 (PTO 5) permits plaintiffs to file their actions directly in this District for coordinated pretrial proceedings. Dkt. No. 5.

### II. Plaintiff-Specific Background

#### A. Elizabeth Culpepper

Culpepper directly filed her Individual Short Form Complaint on July 14, 2017. Culpepper Compl. In it she alleges that a Bair Hugger device was used during her left knee surgery on November 6, 2009, and that she developed a PJI as a result. *Id.* at ¶¶ 7-9. She alleges that beginning in December 2009, she underwent extensive treatment,

including multiple additional surgeries, to address the recurrent infection of her left knee. *Id.* at ¶ 9.

### B. Patricia Miles

Miles initially filed suit against 3M on December 13, 2016, as part of a multi-plaintiff action. *See Weisbrod v. 3M Co.*, 17-cv-1077, Dkt. No. 1 (D. Minn. 2016). After the court severed that action, *see id.* (Order, Dkt. No. 58), Miles directly filed her Individual Short Form Complaint on July 21, 2017. Miles Compl. Miles alleges that a Bair Hugger device was used during her right hip surgery on June 18, 2008, and that she subsequently developed a PJI. *Id.* at ¶¶ 7-9. She alleges that, as a result of that infection, she underwent IV antibiotic treatment, I&D, explant, and revision procedures between June 2008 and February 2014. *Id.* at ¶ 9.

## III. Plaintiffs' Claims and Pending Motions

In their Individual Short Form Complaints, Plaintiffs assert 15 causes of action: negligence (Count I); strict liability—failure to warn, defective design, and defective manufacture (Count II); breach of express warranty (Count III); breach of implied warranty of merchantability under Alabama law (Count IV); violation of the Minnesota Prevention of Consumer Fraud Act (Count V); violation of the Minnesota Deceptive Trade Practices Act (Count VI); violation of the Minnesota Unlawful Trade Practices Act (Count VII); violation of the Minnesota False Advertising Act (Count VIII); consumer fraud and/or unfair and deceptive trade practices under state law (Count IX); negligent misrepresentation (Count X); fraudulent misrepresentation (Count XI); fraudulent concealment (Count XII); loss of consortium (Count XIII); unjust enrichment (Count XIV); and violations of the

Alabama Extended Manufacturer's Liability Doctrine (AEMLD) (Count XV).[1] Culpepper Compl. 4-5; Miles Compl. 3-4.

Plaintiffs have also moved for leave to amend their Individual Short Form Complaints. Dkt. No. 11 (Culpepper 17-cv-2893); Dkt. No. 10 (Miles 17-cv-03223). In their proposed amended complaints, Plaintiffs assert 12 causes of action: general negligence (Count I); negligent failure to warn (Count II); negligent design defect (Count III); breach of express warranty (Count IV); breach of implied warranty (Count V); consumer fraud and/or unfair and deceptive trade practices (Count VI); negligent misrepresentation (Count VII); fraudulent misrepresentation (Count VIII); fraudulent concealment (Count IX); loss of consortium (Count X); unjust enrichment (Count XI); and violations of the AEMLD (Count XII). McKenna Decl., Ex. 1 at ¶¶ 163-284, Dkt. No. 14-1 (Culpepper 17-cv-2893) (hereinafter Culpepper Prop. Am. Compl.); Webb Decl., Ex. 1 at ¶¶ 172-271, Dkt. No. 14-1 (Miles 17-cv-3223) (hereinafter Miles Prop. Am. Compl.).[2]

On August 25, 2025, 3M moved for judgment on the pleadings. Dkt. No. 2985. 3M argues that Plaintiffs' claims are barred by Alabama's statutes of limitations or otherwise fail as a matter of law. *See* Def.'s Mem. 6-16. Plaintiffs oppose the motion, arguing that it is premature and that they should be granted leave to amend their complaints pursuant to PTO 8. *See* Pls.' Mem. in Opp'n 4-8.

---

[1] Although Plaintiffs' claims are discussed collectively for ease of reference, Miles does not assert claims for loss of consortium (Count XIII) or violations of the AEMLD (Count XV). *See* Miles Compl. 3-4. Moreover, Culpepper asserts consumer fraud and/or unfair and deceptive trade practices (Count IX) under Montana law, Culpepper Compl. 5, while Miles asserts that claim under Alabama law, Miles Compl. 4.

[2] In her proposed amended complaint, Miles does not assert claims for consumer fraud and/or unfair and deceptive trade practices (Counts VI), loss of consortium (Count X), or violations of the AEMLD (Count XII). *See* Miles Prop. Am. Compl. ¶¶ 172-271.

## CONCLUSIONS OF LAW

### I. Legal Standards

#### A. Motion for Leave to Amend

Federal Rules of Civil Procedure Rule 15 provides that "[t]he court should freely give leave" to amend or supplement a pleading before trial, "when justice so requires." Fed. R. Civ. P. 15(a)(2). While there is no absolute right to amend, courts are only justified in denying a request to amend for "undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies in previous amendments, undue prejudice to the non-moving party, or futility." *Baptist Health v. Smith*, 477 F.3d 540, 544 (8th Cir. 2007).

3M argues Plaintiffs' motions for leave to amend must be denied because the amendments are futile. *See* Def.'s Reply 5-13, Dkt. No. 3084. To determine futility, the Court applies the same test that is applied for a motion to dismiss a complaint under Rule 12(b)(6). *See Zutz v. Nelson*, 601 F.3d 842, 850 (8th Cir. 2010) (denial of motion for leave to amend on the basis of futility means the court reached the legal conclusion the amended complaint could not withstand a Rule 12(b)(6) motion to dismiss). Rule 12(b)(6) requires a complaint to plead sufficient facts, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint must provide more than "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Likewise, a proposed amended complaint that fails to state a plausible cause of action under the *Twombly* and *Iqbal* pleading standard will be denied as futile. *Id.* at 850-51.

### B. Motion for Judgment on the Pleadings

A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is also governed by the same standards as a motion to dismiss under Rule 12(b)(6). *Ashley Cnty. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009). In determining whether a plaintiff has stated a plausible claim, the Court considers only the materials necessarily encompassed by the pleadings and the exhibits attached to the complaint. *See Cox v. Mortgage Elect. Registration Sys., Inc.*, 685 F.3d 663, 668 (8th Cir. 2012).

Rule 12(c) allows a party to move for judgment on the pleadings "[a]fter the pleadings are closed" but "early enough not to delay trial." When considering a motion for judgment on the pleadings, the Court accepts as true all facts pleaded by the non-moving party and grants all reasonable inferences from the pleadings in favor of the non-moving party, but does not accept conclusory allegations of law. *Gallagher v. City of Clayton*, 699 F.3d 1013, 1016 (8th Cir. 2012); *Faibisch v. Univ. of Minnesota*, 304 F.3d 797, 803 (8th Cir. 2002). "Judgment on the pleadings is appropriate if there is no material issue of fact to be resolved and the moving party is entitled to judgment as a matter of law." *Buddy Bean Lumber Co. v. Axis Surplus Ins. Co.*, 715 F.3d 695, 697 (8th Cir. 2013).

## II. Choice-of-Law

In an MDL, "the transferee court must apply the state law that would have applied to the individual cases had they not been transferred for consolidation." *In re Temporomandibular Joint Implants Prods. Liab. Litig.*, 97 F.3d 1050, 1055 (8th Cir. 1996); *see also In re Bair Hugger Forced Air Warming Devices Prods. Liab. Litig.*, 999 F.3d 534, 539 (8th Cir. 2021) (applying Texas's claim preclusion law rather than Minnesota's). Under PTO 5, though plaintiffs may directly file in this District, such direct filing is for

purposes of pretrial proceedings only; it does not make the District of Minnesota the transferor court. Dkt. No. 5 ¶ 3. Rather, PTO 5 provides that the Court will apply Minnesota choice-of-law rules unless the plaintiff identifies in their complaint: (1) their current residence; (2) the date and location of the surgery at issue; and (3) the appropriate venue where the action would have been filed absent direct filing in this District. *Id.* at ¶ 2. If that information is provided, the choice-of-law rules of the identified venue apply. *Id.*

Both Plaintiffs provided the information required by PTO 5. Culpepper's Individual Short Form Complaint identifies her residence as Alabama, alleges that the surgery at issue occurred on November 6, 2009, at Jack Hughston Memorial Hospital in Phenix City, Alabama, and identifies the Southern District of Alabama as the proper venue absent direct filing. Culpepper Compl. ¶¶ 2, 5, 7. Miles's complaint likewise identifies her residence as Alabama, alleges that the surgery at issue occurred on June 18, 2008, at UAB Medical West Hospital in Bessemer, Alabama, and identifies the Northern District of Alabama as the proper venue absent direct filing. Miles Compl. ¶¶ 2, 5, 7. Accordingly, under PTO 5, Alabama choice-of-law rules govern both cases.

Under Alabama law, tort claims are governed by the doctrine of *lex loci delicti*, under which "the substantive rights of an injured party" are determined by "the law of the state where the injury occurred." *Fitts v. Minnesota Min. & Mfg. Co.*, 581 So. 2d 819, 820 (Ala. 1991). Procedural issues, by contrast, are governed by *lex fori*, i.e. the law of the forum. *Middleton v. Caterpillar Indus., Inc.*, 979 So. 2d 53, 57 (Ala. 2007). Generally, "statutes of limitations are procedural matters," and "Alabama applies its own procedural law." *Precision Gear Co. v. Cont'l Motors, Inc.*, 135 So. 3d 953, 957 (Ala. 2013); *see also Partlow v. 3M Co.,* No. 16-cv-2144, Dkt. No. 29 (D. Minn. Jan. 7, 2019) (holding

Alabama's statutes of limitations applied to plaintiff's Bair Hugger claims). To the extent Minnesota procedural law may apply, the result would be the same. Under Minnesota's borrowing statute, "Minnesota applies the limitations period of the state whose substantive law governs a claim." *Blake Marine Grp. v. CarVal Invs. LLC*, 829 F.3d 592, 595 (8th Cir. 2016). Because Alabama's substantive law governs, the Court applies Alabama law, including Alabama's statutes of limitations, to Plaintiffs' claims.

## III. Motion for Leave to Amend

Because Plaintiffs' proposed amendments bear directly on the viability of their claims and, in turn, on 3M's Motion for Judgment on the Pleadings, the Court addresses Plaintiffs' motions for leave to amend first. As explained below, because all asserted claims are barred by the applicable statute of limitations and are not subject to tolling, the Court finds that amendment would be futile. Accordingly, Plaintiffs' motions for leave to amend are denied.

### A. Counts I-III and VII-XII

In Counts I-III and VII-XII, Plaintiffs assert claims for general negligence, negligent failure to warn, negligent design defect, negligent misrepresentation, fraudulent misrepresentation, fraudulent concealment, loss of consortium, unjust enrichment, and violations of the AEMLD. Culpepper Prop. Am. Compl. ¶¶ 163-204, 236-84; Miles Prop. Am. Compl. ¶¶ 172-210, 230-71. In Alabama, "[a]ll actions for any injury to the person or rights of another not arising from contract…must be brought within two years." Ala. Code § 6-2-38(l). A claim accrues when the plaintiff suffers a "manifest, present injury," meaning there are observable signs or symptoms that are "medically identifiable." *Newton v. Ethicon, Inc.*, No. 320-cv-00021, 2020 WL 1802927, at *2 (M.D. Ala. Apr. 8, 2020)

(quoting *Griffin v. Unocal Corp*., 990 So. 2d 291, 310 (Ala. 2008)) (cleaned up); *see also Smith v. Medtronic, Inc*., 607 So. 2d 156, 159 (Ala. 1992) (holding that the statute begins to run when the first legal injury occurs, not necessarily when the wrongful act occurred). In the medical device context, Alabama law provides that a tort claim accrues when the device allegedly fails and causes injury, not when the plaintiff later discovers the cause of that injury. *See Collins v. Davol, Inc*., 56 F. Supp. 3d 1222, 1229 (N.D. Ala. 2014) (citing *Pfizer, Inc. v. Farsian*, 682 So.2d 405, 408 (Ala.1996)).

Counts I-III and VII-XII are subject to the two-year limitations period set forth in § 6-2-38.[3] *See, e.g., Blackmon v. Ethicon, Inc*., No. 1:20-cv-556, 2022 WL 161516, at *2 (S.D. Ala. Jan. 18, 2022) (holding that claims for "negligence, AEMLD, fraud, fraudulent concealment, constructive fraud, negligent misrepresentation, unjust enrichment, and loss of consortium are all subject to [§ 6-2-38.]"); *Crowe v. Johnson & Johnson*, No. 1:21-cv-210, 2022 WL 2161052, at *7 (S.D. Ala. June 15, 2022) (applying § 6-2-38 to plaintiffs' claims for "negligence, gross negligence, [AEMLD], fraudulent misrepresentation, fraudulent concealment, negligent misrepresentation, and loss of consortium."); *In re Ethicon Physiomesh Flexible Composite Hernia Mesh Prods. Liab. Litig.,* No. 1:22-cv-134, 2023 WL 12168768, at *4 (N.D. Ga. Feb. 21, 2023) (same).

[3] As to Plaintiffs' unjust enrichment claim (Count XI), Alabama courts "have not decided whether unjust-enrichment claims are tort claims or implied-contract claims, much less which statute of limitations applies to such claims." *Weaver v. Nat'l Better Living Ass'n, Inc*., No. 4:13-cv-2112, 2014 WL 12614481, at *12 (N.D. Ala. July 3, 2014) (quoting *Auburn Univ. v. Int'l Bus. Machines, Corp*., 716 F. Supp. 2d 1114, 1117 (M.D. Ala. 2010) (Fuller, J.)). However, where as here, the cause of action "clearly arise[s] from tort injuries," Alabama's two-year statute of limitations governs. *Auburn Univ. v. Int'l Bus. Machines, Corp*., 716 F. Supp. 2d 1114, 1118 (M.D. Ala. 2010).

Applying § 6-2-38, Culpepper's proposed amended complaint establishes that her claims accrued no later than 2009, when she first received treatment for the alleged PJI. *See* Culpepper Prop. Am. Compl. ¶ 34. By that time, Culpepper's alleged injury was manifest and medically identifiable. Because Culpepper did not file her Short Form Complaint until July 14, 2017, her claims were filed well outside the two-year limitations period.[4]

Miles's claims are likewise time-barred. Miles's proposed amended complaint differs from her original Short Form Complaint in that she alleges that a Bair Hugger device was used during a right total knee arthroplasty on August 28, 2007, Miles Prop. Am. Compl. ¶ 34, rather than the device being used on her right hip replacement surgery on June 18, 2008, Miles Compl. ¶ 7. She further alleges that she first received treatment for the infection beginning in January 2008, Miles Prop. Am. Compl. ¶¶ 37-38, rather than in June 2008, Miles Compl. ¶ 9. Taking the proposed amended complaint as true, Miles's claims accrued no later than January 2008, when she first underwent treatment. At that point, Miles's injury was manifest and medically identifiable. Because Miles did not file suit until December 13, 2016, her claims are also barred by Alabama's two-year statute of limitations.

[4] In Count XIII, Elizabeth Culpepper's husband, Gerald Culpepper, asserts a claim for loss of consortium. Because Elizabeth Culpepper's claims are barred by the statute of limitations, so too is his claim barred. *See Campbell v. Brown & Williamson Tobacco Corp.*, No. 02-cv-0184, 2006 WL 8437669, at *2 (S.D. Ala. May 17, 2006) (holding that "when an injured spouse's claim is barred by applicable statute of limitations for the underlying injury, the spouse is prevented from recovering for a loss of consortium claim").

**B. Counts IV and V**

In Counts IV and V, Plaintiffs assert claims for breach of express warranty and breach of implied warranty. Culpepper Prop. Am. Compl. ¶¶ 205-23; Miles Prop. Am. Compl. ¶¶ 211-29. Breach of warranty claims are subject to Alabama's four-year statute of limitations period. Ala. Code § 7-2-725(1). A warranty claim accrues "when tender of delivery is made[.]" *Id.* § 7-2-725(2).[5] In the context of medical devices, tender of delivery is made on the date of the procedure in which the device is used. *See, e.g., Blackmon*, 2022 WL 161516, at *3 (holding warranty claims accrued on the date of plaintiff's surgery when the device was used); *Ex parte Integra LifeSciences Corp*., 271 So. 3d 814, 821 (Ala. 2018) (same); *Coleman*, 2020 WL 7090701, at *9 (same).

Here, Culpepper alleges that the Bair Hugger device was used during her left knee surgery on November 6, 2009. Culpepper Prop. Am. Compl. ¶ 30. Her warranty claims therefore accrued no later than November 6, 2009, and the four-year limitations period expired on November 6, 2013. Because Culpepper did not file suit until July 14, 2017, her breach of express warranty and breach of implied warranty claims are untimely. The same is true for Miles. Miles alleges that the Bair Hugger device was used during her right knee surgery on August 28, 2007. Miles Prop. Am. Compl. ¶ 34. Her warranty claims therefore accrued no later than August 28, 2007, and the four-year limitations period expired on August 28, 2011. Because Miles did not file suit until December 13, 2016, her breach of

[5] For breach of warranty claims involving consumer goods, the cause of action accrues when the injury occurs. Ala. Code § 7-2-725(2). Medical devices are not considered consumer goods. *See Coleman v. Bos. Sci. Corp.*, No. 1:17-cv-439, 2020 WL 7090701, at *9 (S.D. Ala. Sept. 22, 2020). Even assuming otherwise, Plaintiffs' claims would still be time-barred because Plaintiffs filed suit more than four years after the occurrence of their alleged injuries.

express warranty and breach of implied warranty claims are likewise untimely. Accordingly, Plaintiffs' breach of express and implied warranty claims are barred by the statute of limitations.

**C. Count VI**

Count VI alleges that 3M is liable under "consumer protection laws" for engaging in "unfair and deceptive conduct." Culpepper Prop. Am. Compl. ¶¶ 224-35. Although the proposed amended complaint does not identify a specific statutory basis for this claim, the Court construes it as arising under the Alabama Deceptive Trade Practices Act (DTPA), Ala. Code § 8-19-1, *et seq*. *See Meadows v. HSBC Mortg. Corp*., No. 2:10-cv-01974, 2011 WL 13134199, at *6 n. 4 (N.D. Ala. Sept. 27, 2011) (construing general allegations of "'unfair trade practices' under Alabama law…to allege violations of Alabama's DTPA."); *see also Velez v. Lasko Prods., LLC,* 706 F. Supp. 3d 444, 456 (S.D.N.Y. 2023) (denying dismissal of Alabama consumer fraud claim because plaintiff failed to cite the specific statute). Claims brought under the DTPA are subject to a four-year statute of repose, which runs "from the date of the transaction giving rise to the cause of action[.]" Ala. Code § 8-19-14.[6]

Culpepper is the only plaintiff to assert this claim. The relevant "transaction" is the use of the Bair Hugger device during her surgery on November 6, 2009. *See Collins*, 56 F. Supp. at 1228 (holding a DTPA claim accrues when the medical device is first used).

[6] The DTPA provides a limited exception to the four-year repose period where the underlying contract or warranty extends beyond three years. Ala. Code § 8-19-14. Culpepper does not allege the existence of any such contract or warranty. Accordingly, the four-year repose period applies.

Therefore, Culpepper was required to bring any DTPA claim no later than November 6, 2013. Because she did not file this action until 2017, Count VI is time-barred.

### D. Tolling

Plaintiffs argue that the statute of limitations must be tolled because 3M fraudulently concealed the risks of the Bair Hugger device. *See* Pls.' Mem. in Opp'n 8-11. Under Alabama's discovery rule, a fraud claim does not accrue until "the discovery by the aggrieved party of the fact constituting the fraud," after which the plaintiff has two years to bring suit. Ala. Code § 6-2-3. The statute is not exclusive to fraud claims, however, and the Alabama Supreme Court has held that "§ 6-2-3 may be applied to other torts not arising in fraud in appropriate cases, and applies to a fraudulent concealment of the existence of a cause of action." *DGB, LLC v. Hinds*, 55 So. 3d 218, 224 (Ala. 2010) (quoting *Holdbrooks v. Central Bank of Alabama, N.A*., 435 So.2d 1250, 1251 (Ala.1983)) (internal quotation marks omitted). To invoke tolling under § 6-2-3, a plaintiff must plead specific facts showing: (1) "the time and circumstances of the discovery of the cause of action;" (2) "the facts or circumstances by which the defendants concealed the cause of action or injury;" and (3) "what prevented the plaintiff from discovering the facts surrounding the injury." *Id.* at 226 (collecting cases). "[G]eneralized allegations that a defendant [] concealed a cause of action, unsupported by specific facts concerning that concealment or the plaintiffs' discovery of that concealment, [are] insufficient to toll the statute of limitations under § 6-2-3." *McKenzie v. Janssen Biotech, Inc.*, 295 So. 3d 617, 623 (Ala. 2019) (citing *DGB, LLC*, 55 So. 3d at 226-27).

Culpepper does not plead the facts necessary to toll her claims. She does not allege when she discovered her cause of action or the circumstances of that discovery.

She only alleges that she developed a PJI following her "left tibia periprosthetic fracture correct[ion] and knee surgery on November 6, 2009," and that she underwent treatment for the infection beginning in 2009. Culpepper Prop. Am. Compl. ¶¶ 30, 34. But she pleads no facts explaining when she discovered a potential claim related to the Bair Hugger device. Nor does Culpepper allege sufficient facts showing that 3M concealed her cause of action or injury. She asserts that 3M concealed the risks of the Bair Hugger device "[t]hrough misrepresentations to the public, the medical community, and the FDA," and that she, and her healthcare providers, relied on those misrepresentations in deciding to use the device. *Id.* at ¶¶ 132, 134. At the same time, however, Culpepper cites 24 published studies, spanning from 1997-2022, that allegedly disclosed an increased risk of infection associated with the Bair Hugger device. *Id.* at ¶ 103. Although she alleges that 3M attempted to undermine or minimize any adverse publications, *id.* at ¶ 130, her reliance on those same studies undercuts her argument that 3M concealed the existence of a potential claim. *See Scharff v. Wyeth*, No. 2:10-cv-220, 2011 WL 3320501, at *14 (M.D. Ala. Aug. 2, 2011) (rejecting tolling under § 6-2-3 where plaintiff failed to inquire "into the causes of breast cancer, [which] could have revealed the contemporaneous studies that she now claims as evidence…[of] fraudulent concealment").

Likewise, Culpepper does not allege what prevented her from discovering the facts surrounding her injury. Nearly eight years before filing suit, Culpepper developed a PJI and underwent additional surgeries to treat the infection. *See* Culpepper Prop. Am. Compl. ¶¶ 30, 34. At any time after developing the infection, Culpepper "could have requested and reviewed h[er] medical records, and [s]he could have sought medical and legal assistance to discover the Bair Hugger's alleged defects and alleged dangers."

*Skinner v. 3M Co.*, No. 17-cv-2149, Dkt. No. 98 (D. Minn. Sept. 12, 2025) (holding that plaintiff's action was untimely where he developed an infection in 2012 but did not file suit until 2017); *see also Sellers v. A.H. Robins Co.,* 715 F.2d 1559, 1562 (11th Cir. 1983) (denying tolling of claims because "[a]t no point, however, did [plaintiff] ask her doctors what caused her medical problems."). Culpepper conducted no such investigation in the years following her infection and resulting surgeries. And Courts addressing similar Bair Hugger claims have rejected arguments that accrual is delayed until a plaintiff later reviews records or personally discovers allegations that Bair Hugger devices have been linked to infections. *See, e.g.*, *Skinner*, Dkt. No. 98; *Pelican v. 3M Co.*, No. 23-cv-1818, Dkt. No. 136 (D. Minn. Sept. 12, 2025); *Jones v. 3M Co.*, No. 23-cv-1425, Dkt. No. 103 (D. Minn. Sept. 12, 2025). Accordingly, because Culpepper does not plead specific facts establishing discovery, concealment, or diligence, tolling under § 6-2-3 is not warranted.

Miles's allegations fare no better. Miles largely repeats the same allegations regarding 3M's purported misrepresentations, *see* Miles Prop. Am. Compl. ¶ 141, the existence of publications concerning the risks of the Bair Hugger device, *see id.* at ¶ 110, and the absence of any investigation into the cause of her injury. Like Culpepper, she does not plead facts showing that 3M concealed her claim in a manner that prevented discovery or that she exercised reasonable diligence in discovering her injury after it manifested. The only material difference is that Miles alleges that she discovered a potential claim against 3M in August 2015, after responding to an attorney advertisement and consulting counsel. *Id.* at ¶ 116. But that allegation alone does not justify tolling the limitations period. *See Newton*, 2020 WL 1802927, at *4 (holding that plaintiff's allegation that "she first saw an attorney advertisement for mesh litigation in 2012" was insufficient

to toll claims). Because Miles's allegations mirror Culpepper's in all other respects, the tolling of her claims is unwarranted under § 6-2-3.

In sum, both Plaintiffs rely on conclusory allegations of concealment without pleading the particularized facts required by § 6-2-3. Neither Plaintiff adequately alleges the specific acts of concealment that prevented discovery or the facts showing diligence in investigating the cause of the injury. Because Plaintiffs have not plausibly alleged fraudulent concealment sufficient to toll the limitations period, § 6-2-3 does not apply. Their claims therefore remain barred by the applicable statutes of limitations.

### E. Conclusion as to Amendment

As explained above, all of Plaintiffs' proposed amendments are barred by Alabama's statutes of limitations, and the Court finds that there is no plausible basis for tolling. Because each of the proposed claims is time-barred, amendment would be futile as those claims could not withstand a Rule 12(b)(6) motion to dismiss. *See Wong v. Wells Fargo Bank N.A.*, 789 F.3d 889, 897 (8th Cir. 2015) ("A court may dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) as barred by a statute of limitations if the complaint itself shows that the claim is time-barred."). Accordingly, the Court denies Plaintiffs' motions for leave to amend.

## IV. Motion for Judgment on the Pleadings

Having found that Plaintiffs' proposed amended complaints would be futile, the Court turns to 3M's Motion for Judgment on the Pleadings. 3M argues that Plaintiffs' claims are either barred by Alabama's statutes of limitations or otherwise fail as a matter of law. *See* Def.'s Mem. 6-16. Plaintiffs counter that the motion is premature and should not be considered at this stage. *See* Pls.' Mem. in Opp'n 4-8. As explained below, the

Court finds the motion is not premature, that Counts I-IV and IX-XV are barred by Alabama's statutes of limitations, and that Plaintiffs' lack standing to assert Counts V-VII. Accordingly, the Court recommends that 3M's Motion for Judgment on the Pleadings be granted in its entirety.

### A. Timing of the Rule 12(c) Motion

Plaintiffs argue that 3M's Motion for Judgment on the Pleadings is premature. *See* Pls.' Mem. in Opp'n 4-8. The Court has found that 3M's motions for judgment on the pleadings are not premature. R. & R. 5-10, Dkt. No. 3445. Rather than restating its analysis here, the Court incorporates its prior analysis by reference. *See id.*

### B. Counts I-IV and IX-XV

In Counts I-IV and IX-XV, Plaintiffs assert claims for negligence, strict liability, breach of express warranty, breach of implied warranty, consumer fraud and deceptive trade practices, negligent misrepresentation, fraudulent misrepresentation, fraudulent concealment, loss of consortium, unjust enrichment, and violations of the AEMLD. Culpepper Compl. 4-5; Miles Compl. 3-4. These claims fail for the same reasons set forth above. *See supra* Part III.A-D.

Although Miles's Individual Short Form Complaint differs in certain respects from her proposed amended complaint—*compare* Miles Compl. ¶¶ 7, 9 (alleging that she underwent a right hip replacement surgery on June 18, 2008 and first received treatment in June 2008) *with* Miles Prop. Am. Compl. ¶¶ 34, 37-38 (alleging that she underwent a right total knee arthroplasty on August 28, 2007 and first received treatment in January 2008)—those differences do not alter the limitations analysis. Under either version of her allegations, Miles's injury was manifest and medically identifiable no later than 2008,

triggering the accrual of her claims at that time. Because she did not file suit until December 13, 2016, her claims fall well outside the applicable limitations periods.

Because Counts I-IV and IX-XV[7] are barred by Alabama's applicable statutes of limitations and are not subject to tolling, the Court recommends that 3M's motion be granted as to those counts.

**C. Counts V-VIII**

Counts V-VIII assert claims under the Minnesota Prevention of Consumer Fraud Act, the Minnesota Deceptive Trade Practices Act, the Minnesota Unlawful Trade Practices Act, and the Minnesota False Advertising Act. Culpepper Compl. 4-5; Miles Compl. 4. "[N]amed plaintiffs lack standing to assert claims under the laws of the states in which they do not reside or in which they suffered no injury." *Rouse v. H.B. Fuller Co.*, 694 F. Supp. 3d 1149, 1156 (D. Minn. 2023) (quoting *Ferrari v. Best Buy Co.*, 14-cv-2956, 2015 WL 2242128 at *9 (D. Minn. May 12, 2015)). Furthermore, "there is a presumption against the extra-territorial application of a state's statutes." *Johannessohn v. Polaris Indus., Inc.*, 450 F. Supp. 3d 931, 961-62 (D. Minn. 2020) (quoting *Arnold v. Cargill, Inc.*, No. CIV. 012086, 2002 WL 1576141, at *2 (D. Minn. July 15, 2002)).

Here, Plaintiffs cannot assert claims under Minnesota's consumer protection statutes. Plaintiffs are Alabama residents and their alleged injuries occurred in Alabama.

[7] Culpepper's Short Form Complaint alleges consumer fraud and/or unfair trade practices under Montana law (Count IX) rather than under Alabama law. Culpepper Compl. 5. Although this is presumably a typo, the claim is nevertheless invalid because Culpepper alleges no connection to Montana. *See In re Dynamic Random Access Memory (Dram) Antitrust Litig.*, 516 F. Supp. 2d 1072, 1104 (N.D. Cal. 2007) (dismissing Montana consumer protection claim where plaintiff failed to allege a sufficient connection to Montana). Moreover, even if Culpepper had asserted the claim under Alabama law, it would still be barred by Alabama's statute of limitations. *See supra* Part III.C.

Courts have repeatedly held that nonresidents may not assert claims under Minnesota's consumer protection statutes where the alleged injury or conduct occurred outside of Minnesota. *See, e.g., Butler v. 3M Co.*, No. 2:24-cv-01587, 2024 WL 5054884, at *5 (S.D. Ohio Dec. 9, 2024) (holding a nonresident lacked standing to assert claims under Minnesota's consumer protection statutes because the alleged injury occurred out-of-state); *Rouse*, 694 F. Supp. 3d at 1157 (same); *Ferrari*, 2015 WL 2242128 at *10 (same); *In re Syngenta AG MIR 162 Corn Litig.*, 131 F. Supp. 3d 1177, 1233-34 (D. Kan. 2015). Accordingly, the Court recommends the motion be granted as to Counts V-VIII.

## ORDER

For the reasons set forth above, **IT IS HEREBY ORDERED:**

1. Plaintiff Elizabeth Culpepper's Motion for Leave to Amend Complaint (Dkt. No. 11, 17-cv-2893) is **DENIED**.

2. Plaintiff Patricia Miles's Motion for Leave to Amend Complaint (Dkt. No. 10, 17-cv-3223) is **DENIED**.

## RECOMMENDATION

For the reasons set forth above, the Court RECOMMENDS THAT:

1. Defendant 3M Company's Motion for Judgment on the Pleadings (Dkt. No. 2985) be GRANTED in its entirety and WITH PREJUDICE.

Dated: June 5, 2026

s/ David T. Schultz
DAVID T. SCHULTZ
United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court. It is not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).