**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

IN RE BAIR HUGGER FORCED AIR WARMING PRODUCTS LIABILITY LITIGATION

MDL No. 15-md-2666 (JNE/DTS)

**ORDER & REPORT AND RECOMMENDATION**

This Document Relates to Case Number:
18-cv-1078 (Menefee)
17-cv-1425 (Cox)
17-cv-3643 (Wongus)

---

## INTRODUCTION

Plaintiffs Arthur Menefee, Jacqueline Cox, and Marzell Wongus, Sr. allege that they developed periprosthetic joint infections following surgeries in which a Bair Hugger Forced Air Warming Device (Bair Hugger) was used. *See* Mandler Decl., Ex. B at ¶¶ 7-8, Dkt. No. 3000-2 (Menefee Compl.); Ex. C at ¶¶ 7-8, Dkt. No. 3000-3 (Cox Compl.); Ex. D at ¶¶ 7-8, Dkt. No. 3000-4 (Wongus Compl.). They assert multiple causes of action against Defendants 3M Company and Arizant Healthcare, Inc., (collectively 3M) sounding in negligence, strict liability, warranty, fraud, and consumer protection. *See* Menefee Compl. 3-5; Cox Compl. 3-4; Wongus Compl. 3-4.

3M moves for judgment on the pleadings, arguing that Plaintiffs' claims are barred by Virginia's statutes of limitations or otherwise fail as a matter of law. *See* Defs.' Mem. 6-17, Dkt. No. 2998. Plaintiffs oppose the motion, contending that it is premature and that leave to amend should be granted. *See* Pls.' Mem. in Opp'n 4-10, Dkt. No. 3042.

For the reasons set forth below, the Court finds that 3M's Rule 12(c) motion is not premature, that the claims asserted in the operative complaints are barred or otherwise

fail as a matter of law and that Plaintiffs' proposed amendments would be futile. Accordingly, the Court denies Plaintiffs' motions for leave to amend and recommends that 3M's Motion for Judgment on the Pleadings be granted.

## FINDINGS OF FACT

### I. MDL Background and Pretrial Orders

In December 2015, numerous actions involving the use of a Bair Hugger Forced Air Warming Device were consolidated into a multidistrict litigation (MDL) and transferred to this District for pretrial proceedings. Dkt. No. 1. To streamline the pleadings process, the court issued several pretrial orders, including Pretrial Order No. 8 (PTO 8). Dkt. No. 46. Under PTO 8, a Master Long Form Complaint and a Master Short Form Complaint were filed "as administrative devices to set forth potential claims . . . that individual Plaintiffs may assert against Defendants in this litigation." Id. at ¶ 2. PTO 8 further provides that "[a]ll Plaintiffs have the express right to file and serve an Amended Complaint, upon the showing required by the relevant Federal Rules of Civil Procedure and any applicable court order, regardless of selection for bellwether consideration[.]" Id. at ¶ 6. Pretrial Order No. 5 (PTO 5) permits plaintiffs to file their actions directly in this District for coordinated pretrial proceedings. Dkt. No. 5.

### II. Plaintiff-Specific Background

#### A. Arthur Menefee

Plaintiff Arthur Menefee directly filed his Individual Short Form Complaint on April 24, 2018. Menefee Compl. 5. He alleges that a Bair Hugger device was used during his left total knee arthroplasty on April 24, 2012, and that he developed a periprosthetic joint infection (PJI) as a result. *Id.* at ¶¶ 7-8. He alleges that on April 16, 2013, he had antibiotic

spacers placed and prosthesis removal to treat the infection. *Id.* at ¶ 9. He further alleges that on May 14, 2013, he underwent a total knee revision. *Id.*

### B. Jacqueline Cox

Plaintiff Jacqueline Cox directly filed her Individual Short Form Complaint on April 28, 2017. Cox Compl. 5. She alleges that on February 22, 2011, a Bair Hugger device was used during her right knee replacement surgery, causing her to develop a PJI. *Id.* at ¶¶ 7-8. She alleges that from April 26, 2011 until November 23, 2014, she underwent extensive treatment for the infection, including oral antibiotics, IV antibiotics, irrigation and debridement, explantation and revision. *Id.* at ¶ 9.

### C. Marzell Wongus, Sr.

Plaintiff Marzell Wongus, Sr. directly filed his Individual Short Form Complaint on August 9, 2017. Wongus Compl. 5. He alleges that a Bair Hugger device was used during his left total hip replacement surgery on April 21, 2011, which caused him to develop a PJI. *Id.* at ¶¶ 7-8. He alleges that on July 21, 2011, he underwent irrigation and debridement, and poly liner change to treat the infection. *Id.* at ¶ 9.

## III. Plaintiffs' Claims and Pending Motions

In their operative Individual Short Form Complaints, Plaintiffs assert 16 causes of action: negligence (Count I); strict liability—failure to warn, defective design, and defective manufacture (Count II); breach of express warranty (Count III); breach of implied warranty of merchantability under Virginia law (Count IV); violation of the Minnesota Prevention of Consumer Fraud Act (Count V); violation of the Minnesota Deceptive Trade Practices Act (Count VI); violation of the Minnesota Unlawful Trade Practices Act (Count VII); violation of the Minnesota False Advertising Act (Count VIII); consumer fraud and/or unfair and

deceptive trade practices under Virginia law (Count IX); negligent misrepresentation (Count X); fraudulent misrepresentation (Count XI); fraudulent concealment (Count XII); loss of consortium (Count XIII); unjust enrichment (Count XIV); violations of the Virginia Consumer Protection Act (VCPA) (Count XV); and breach of implied warranty of fitness for a particular purpose under Virginia law (Count XVI).[1] Menefee Compl. 3-5; Cox Compl. 3-4; Wongus Compl. 3-4.

Plaintiffs have also moved for leave to amend their Individual Short Form Complaints. Dkt. No. 11 (Menefee 18-cv-1078); Dkt. No. 10 (Cox 17-cv-1425); Dkt. No. 13 (Wongus 17-cv-3643). In their proposed amended complaints, Plaintiffs assert 10 causes of action: negligence (Count I); negligent failure to warn (Count II); negligent design defect (Count III); breach of express warranty (Count IV); breach of implied warranty (Count V); consumer fraud and/or unfair and deceptive trade practices (Count VI); negligent misrepresentation (Count VII); fraudulent misrepresentation (Count VIII); fraudulent concealment (Count IX); and unjust enrichment (Count X). Rosser Decl., Ex. 1 at ¶¶ 166-280, Dkt. No. 14-1 (Menefee 18-cv-1078) (hereinafter Menefee Prop. Am. Compl.); Webb Decl., Ex. 1 at ¶¶ 170-281, Dkt. No. 14-1 (Cox 17-cv-1425) (hereinafter Cox Prop. Am. Compl.); Reynolds Decl., Ex. 1 at ¶¶ 170-285, Dkt. No. 16-1 (Wongus 17-cv-3643) (hereinafter Wongus Prop. Am. Compl.).

On August 25, 2025, 3M moved for judgment on the pleadings. Dkt. No. 2997. 3M argues that Plaintiffs' claims are barred by Virginia's statutes of limitations or otherwise

[1] Although Plaintiffs' claims are discussed collectively for ease of reference, Cox and Wongus do not assert claims for loss of consortium (Count XIII), violations of the VCPA (Count XV), or breach of implied warranty of fitness for a particular purpose under Virginia law (Count XVI). *See* Cox Compl. 3-4; Wongus Compl. 3-4.

fail as a matter of law. *See* Defs.' Mem. 6-17. Plaintiffs oppose the motion, arguing it is premature and they should be granted leave to amend their complaints pursuant to PTO 8. *See* Pls.' Mem. in Opp'n 4-10.

## CONCLUSIONS OF LAW

### I. Legal Standards

#### A. Motion for Leave to Amend

Federal Rules of Civil Procedure Rule 15 provides that "[t]he court should freely give leave" to amend or supplement a pleading before trial, "when justice so requires." Fed. R. Civ. P. 15(a)(2). While there is no absolute right to amend, courts are only justified in denying a request to amend for "undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies in previous amendments, undue prejudice to the non-moving party, or futility." *Baptist Health v. Smith*, 477 F.3d 540, 544 (8th Cir. 2007).

3M argues Plaintiffs' motions for leave to amend must be denied because the amendments are futile. *See* Defs.' Reply 5-13, Dkt. No. 3085. To determine futility, the Court applies the same test that is applied for a motion to dismiss a complaint under Rule 12(b)(6). *See Zutz v. Nelson*, 601 F.3d 842, 850 (8th Cir. 2010) (denial of motion for leave to amend on the basis of futility means the court has reached the legal conclusion the amended complaint could not withstand a Rule 12(b)(6) motion to dismiss). Rule 12(b)(6) requires a complaint to plead sufficient facts, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint must provide more than "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Likewise, a proposed amended

complaint that fails to state a plausible cause of action under the *Twombly* and *Iqbal* pleading standard will be denied as futile. *Id.* at 850-51.

**B. Motion for Judgment on the Pleadings**

A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is also governed by the same standards as a motion to dismiss under Rule 12(b)(6). *Ashley Cnty. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009). In determining whether a plaintiff has stated a plausible claim, the Court considers only the materials necessarily encompassed by the pleadings and the exhibits attached to the complaint. *See Cox v. Mortgage Elect. Registration Sys., Inc.*, 685 F.3d 663, 668 (8th Cir. 2012).

Rule 12(c) allows a party to move for judgment on the pleadings "[a]fter the pleadings are closed" but "early enough not to delay trial." When considering a motion for judgment on the pleadings, the Court accepts as true all facts pleaded by the non-moving party and grants all reasonable inferences from the pleadings in favor of the non-moving party, but does not accept conclusory allegations of law. *Gallagher v. City of Clayton*, 699 F.3d 1013, 1016 (8th Cir. 2012); *Faibisch v. Univ. of Minnesota*, 304 F.3d 797, 803 (8th Cir. 2002). "Judgment on the pleadings is appropriate if there is no material issue of fact to be resolved and the moving party is entitled to judgment as a matter of law." *Buddy Bean Lumber Co. v. Axis Surplus Ins. Co.*, 715 F.3d 695, 697 (8th Cir. 2013).

**II. Choice-of-Law**

In an MDL, "the transferee court must apply the state law that would have applied to the individual cases had they not been transferred for consolidation." *In re Temporomandibular Joint Implants Prods. Liab. Litig.*, 97 F.3d 1050, 1055 (8th Cir. 1996); *see also In re Bair Hugger Forced Air Warming Devices Prods. Liab. Litig.*, 999 F.3d 534,

539 (8th Cir. 2021) (applying Texas's claim preclusion law rather than Minnesota's). Under PTO 5, though plaintiffs may directly file in this District, such direct filing is for purposes of pretrial proceedings only; it does not make the District of Minnesota the transferor court. Dkt. No. 5 ¶ 3. Rather, PTO 5 provides that the Court will apply Minnesota choice-of-law rules unless the plaintiff identifies in their initial complaint: (1) their current residence; (2) the date and location of the surgery at issue; and (3) the appropriate venue where the action would have been filed absent direct filing in this District. *Id.* at ¶ 2. If that information is provided, the choice-of-law rules of the identified venue apply. *Id.*

Plaintiffs provided the information required by PTO 5. Menefee's initial complaint identifies his residence as Virginia, alleges that the surgery at issue occurred on April 24, 2012, at Lewis-Gale Medical Center in Salem, Virginia, and identifies the Western District of Virginia as the proper venue absent direct filing. Menefee Compl. ¶¶ 2, 5, 7. Cox's initial complaint likewise identifies her residence as Virginia, alleges that the surgery at issue occurred on February 22, 2011, at Sentara Martha Jefferson Hospital in Charlottesville, Virginia, and identifies the Western District of Virginia as the proper venue absent direct filing. Cox Compl. ¶¶ 2, 5, 7. Lastly, Wongus identified his residence as Virginia, alleges that the surgery at issue occurred on April 21, 2011, at University of Virginia Hospital East in Charlottesville, Virginia, and identifies the Western District of Virginia as the proper venue absent direct filing. Wongus Compl. ¶¶ 2, 5, 7. Accordingly, under PTO 5, Virginia choice-of-law rules govern.

Under Virginia law, tort claims are governed by the doctrine of *lex loci delicti*, under which "the substantive rights of the parties" are determined by "the law of the place of the wrong." *Hazelwood v. Law. Garage, LLC,* 81 Va. App. 586, 595 (2024) (quoting *McMillan*

*v. McMillan*, 219 Va. 1127, 1128 (1979)). Procedural issues, by contrast, are governed by *lex fori*, i.e. "the law of the place where the action is brought." *Frye v. Commonwealth*, 231 Va. 370, 376 (1986) (citations omitted). Generally, statutes of limitations are procedural matters, *see Hansen v. Stanley Martin Companies, Inc*., 266 Va. 345, 351 (2003), and Virginia applies its own procedural law, *see Mid-Atl. Telecom, Inc. v. Long Distance Servs., Inc*., 32 Va. Cir. 75 (1993); *see also Hunter Innovations Co. v. Travelers Indem. Co. of Conn.*, 753 F. Supp. 2d 597, 602 (E.D. Va. 2010) ("In Virginia, it is well-settled that the limitations period is treated as a procedural issue governed by Virginia law."). To the extent Minnesota procedural law may apply, the result would be the same. Under Minnesota's borrowing statute, "Minnesota applies the limitations period of the state whose substantive law governs a claim." *Blake Marine Grp. v. CarVal Invs. LLC*, 829 F.3d 592, 595 (8th Cir. 2016). Because Virginia's substantive law governs, the Court applies Virginia law, including Virginia's statutes of limitations, to Plaintiffs' claims.

## III. Motion for Leave to Amend

Because Plaintiffs' proposed amendments bear directly on the viability of their claims and, in turn, on 3M's Motion for Judgment on the Pleadings, the Court addresses Plaintiffs' motions for leave to amend first. As explained below, because all asserted claims are barred by the applicable statute of limitations, the Court finds that amendment would be futile. Accordingly, Plaintiffs' motions for leave to amend are denied.

### A. Statute of Limitations

In Virginia "every action for personal injuries, whatever the theory of recovery, and every action for damages resulting from fraud, shall be brought within two years after the cause of action accrues." Va. Code Ann. § 8.01-243(A). Likewise, claims brought under

the VCPA "shall be commenced within two years[.]" *Id.* at § 59.1-204.1. Therefore, all of Plaintiffs' claims are subject to a two-year limitations period. *See, e.g., Johnson v. Cap. Area Permanente Grp.,* 30 Va. Cir. 107, *2-4 (1993) (applying § 8.01-243 to breach of warranty and negligence claims); *Schmidt v. Household Fin. Corp. II*, 276 Va. 108, 117 (2008) (holding two-year limitations period applied to fraud and VCPA claims); *In re Trasylol Prods. Liab. Litig.*, No. 08-80750, 2010 WL 5151579, at *5 (S.D. Fla. Nov. 16, 2010) (holding claims for "strict product liability, negligence, negligence per se, breach of implied warranty, unjust enrichment" and fraud were governed by § 8.01-243); *Schmitt-Doss v. Am. Regent, Inc.*, No. 6:12-cv-00040, 2014 WL 3853184, at *4 (W.D. Va. Aug. 5, 2014) ("The personal injury statute of limitations applies to Plaintiff's negligence, breach of implied warranty, and failure to warn claims alike.").

**B. Personal Injury Claims (Counts I-V and X)**

Plaintiffs' claims for negligence, failure to warn, design defect, breach of warranty, and unjust enrichment are barred by the statute of limitations. For personal injury actions, accrual begins "from the date the injury is sustained… not when the resulting damage is discovered." Va. Code Ann. § 8.01-230; *see also Wade v. Danek Med., Inc.*, 182 F.3d 281, 285 (4th Cir. 1999) ("It is well settled in Virginia, however, that the limitations period begins running at the time of the initial injury, not at the time of diagnosis or discovery."); *Lo v. Burke*, 249 Va. 311, 317 (1995) ("the statute of limitations begins to run when any injury, though slight, is sustained as the consequence of an alleged wrong, despite the fact that greater damage from the same wrong may be sustained at a later date.").

Menefee's proposed amended complaint alleges that "[f]rom 2012 to the present, [he] has dealt with chronic infection requiring numerous treatments[.]" Menefee Prop.

Am. Compl. ¶ 37. Therefore, by 2012, Menefee had sustained an injury, i.e. the development of an infection, sufficient to trigger accrual under Virginia law. *See Lo,* 249 Va. at 317. Because he did not file his complaint until April 24, 2018, well beyond the two-year limitations period, his personal injury claims are time-barred.

Cox alleges that she began receiving treatment for her infection as early as April 26, 2011, when she underwent procedures for irrigation and debridement and polyethylene liner exchange. Cox Prop. Am. Compl. ¶ 37. These allegations establish that Cox had suffered an injury and was actively treating it by that date. Because she did not file her complaint until April 28, 2017, more than two years later, her personal injury claims are likewise barred.

Finally, Wongus alleges that on July 21, 2011, he was diagnosed with a PJI and began treatment. Wongus Prop. Am. Compl. ¶ 39. As with the other Plaintiffs, this treatment and diagnosis confirms that Wongus had sustained an injury sufficient to trigger accrual under Virginia law. Wongus did not file his complaint until August 9, 2017, well outside the two-year limitations period. Therefore, his personal injury claims are time-barred as well.

Accordingly, because Plaintiffs failed to file suit within the two-year limitations period, their personal injury claims are barred by Virginia's statute of limitations.

### C. Fraud Claims (Counts VI-IX)

Plaintiffs' claims for consumer fraud and deceptive trade practices under the VCPA, negligent misrepresentation,[2] fraudulent misrepresentation, and fraudulent

---

[2] Virginia courts are split on whether negligent representation can be asserted as an independent cause of action. *Compare Murphy-Dillow v. Poutous,* 114 Va. Cir. 380 (2025) ("Negligent misrepresentation, sometimes referred to as constructive fraud, has been

concealment are likewise barred by the statute of limitations. Under Virginia law, fraud and VCPA claims accrue when the fraud "is discovered or by exercise of due diligence reasonably should have been discovered." Va. Code Ann. § 8.01-249(1). Due diligence requires a plaintiff to act with "[s]uch a measure of prudence, activity, or assiduity, as is properly to be expected from, and ordinarily exercised by, a reasonable and prudent [person] under the particular circumstances[.]" *STB Mktg. Corp. v. Zolfaghari*, 240 Va. 140, 144 (1990) (internal quotation marks and citations omitted). A plaintiff need not uncover the full extent of the fraud before the limitations period begins to run. *See Zeng v. Wang*, 82 Va. App. 326, 348 (2024) (holding that discovery is "triggered by evidence of the possibility of fraud, not by complete exposure of the alleged scam." (quoting *Brumbaugh v. Princeton Partners*, 985 F.2d 157, 162 (4th Cir. 1993)). Thus, "[m]erely bringing suit after the scheme has been laid bare...will not satisfy the requirements of due diligence when there have been prior warnings that something was amiss." *Lambert v. Sanofi US Servs., Inc.*, No. 7:23-cv-319, 2024 WL 1608018, at *8 (W.D. Va. Apr. 12, 2024) (quoting *Jones v. Saxon Mortg., Inc.*, 980 F. Supp. 842, 847 (E.D. Va. 1997)).

Here, Plaintiffs failed to exercise due diligence in discovering the alleged fraud. Plaintiffs allege that 3M knowingly concealed and misrepresented the risks of the Bair Hugger device "through labeling, advertising, marketing materials, presentations, publications, notice letters, and regulatory submissions" which misrepresented the device as "safe and effective." Menefee Prop. Am. Compl. ¶¶ 257, 266; Cox Prop. Am. Compl.

recognized in Virginia for many years.") *with Lesner Pointe Condo. Ass'n, Inc. v. Harbour Point Bldg. Corp.,* 61 Va. Cir. 609 (2002) ("this Court declines to recognize negligent misrepresentation as a distinct cause of action"). The Court need not address that issue here because Plaintiffs' claims are untimely.

¶¶ 258, 267; Wongus Prop. Am. Compl. ¶¶ 262, 271. Even accepting these allegations as true, Plaintiffs were on notice of a potential fraud claim when they first developed post-operative infections. At that point, a reasonably prudent person would have suspected that "something was amiss" and undertaken further investigation into the cause of the injury. *See Hyde Park Free Will Baptist Church v. Skye-Brynn Enters., Inc.*, 102 Va. Cir. 180 (2019) (holding that a plaintiff failed to exercise due diligence where a leaking roof did not prompt further inquiry into whether repairs were properly performed or whether the roofing materials had failed); *see also Schmidt*, 276 Va. at 119 (holding fraud claims were time-barred where "a reasonable and prudent person would suspect that something was amiss…[b]ut, [plaintiff] made no follow-up inquiries"). Indeed, in the years following their infections and resulting surgeries, Plaintiffs "could have requested and reviewed [their] medical records, and [they] could have sought medical and legal assistance to discover the Bair Hugger's alleged defects and alleged dangers." *Skinner v. 3M Co.*, No. 17-cv-2149, Dkt. No. 98 (D. Minn. Sept. 12, 2025) (holding that plaintiff's action was untimely where he developed an infection in 2012 but did not file suit until 2017). Plaintiffs fail to allege that they conducted any such inquiry. And Courts addressing similar Bair Hugger claims have rejected arguments that accrual is delayed until a plaintiff later reviews records or personally discovers allegations that Bair Hugger devices have been linked to infections. *See, e.g.*, *Skinner*, Dkt. No. 98; *Pelican v. 3M Co.*, No. 23-cv-1818, Dkt. No. 136 (D. Minn. Sept. 12, 2025); *Jones v. 3M Co.*, No. 23-cv-1425, Dkt. No. 103 (D. Minn. Sept. 12, 2025).

Moreover, Plaintiffs' own allegations undermine their assertion that the alleged fraud could not have been discovered earlier. Plaintiffs cite 24 published studies, spanning from 1997 to 2022, that allegedly disclosed an increased risk of infection associated with the Bair Hugger device. Menefee Prop. Am. Compl. ¶ 106; Cox Prop. Am. Compl. ¶ 110; Wongus Prop. Am. Compl. ¶ 110. Although Plaintiffs allege that 3M attempted to undermine or minimize any adverse publications, *see* Menefee Prop. Am. Compl. ¶ 133; Cox Prop. Am. Compl. ¶ 137; Wongus Prop. Am. Compl. ¶ 137, their reliance on these studies demonstrates that information sufficient to trigger notice of a potential claim was readily available. *See Lambert*, 2024 WL 1608018, at *9 (dismissing fraud claims as untimely because "[plaintiff's] persistent hair loss and the significant body of literature addressing the link between [alopecia] and [chemotherapy drug]" would have led a reasonably prudent person to "suspect that something was amiss").

Accordingly, Plaintiffs were on inquiry notice of a potential fraud claim when they developed their infections but failed to conduct a reasonable investigation within the limitations period. Therefore, their fraud-based claims are time-barred.[3]

**D. Tolling**

Plaintiffs argue that the statute of limitations should be tolled under Va. Code § 8.01-229(D), because 3M allegedly concealed the risks associated with the Bair Hugger device. See Pls.' Mem. in Opp'n 8-9. The statute provides that when a defendant uses

---

[3] Plaintiffs' consumer fraud claim under the VCPA also fails for an independent reason. The "[VCPA], by its own terms, does not apply to federally regulated products." *Dickson v. Ethicon Inc.*, No. 2:15-cv-02800, 2020 WL 1492883, at *5 (S.D.W. Va. Mar. 27, 2020) (collecting cases). Because the Bair Hugger device is regulated by the FDA, *see generally* Menefee Prop. Am. Compl. ¶¶ 44-58; Cox Prop. Am. Compl. ¶¶ 48-62; Wongus Prop. Am. Compl. ¶¶ 48-62, the VCPA does not apply, *see Dickson*, 2020 WL 1492883, at *5 (denying VCPA claim against "an FDA-approved medical device").

"direct or indirect means to obstruct the filing of an action," the period of such an obstruction is excluded from the limitations period. Va. Code § 8.01-229(D). But tolling under § 8.01-229(D) is narrow. To invoke it, a plaintiff must allege that the defendant committed "an *affirmative act* designed or intended, directly or indirectly, to obstruct [the plaintiff's] right to file [their] action." *Colgate v. Disthene Grp., Inc.*, 86 Va. Cir. 218, *6 (2013) (quoting *Newman v. Walker*, 618 S.E.2d 336, 339 (2005)) (emphasis added). The act must involve more than "mere silence," rather "[t]he requisite obstruction must consist of some trick or artifice preventing inquiry, or calculated to hinder a discovery of the cause of action by the use of ordinary diligence." *Mackey v. McDannald*, 298 Va. 645, 656 (2020) (internal quotation marks and citation omitted). And the plaintiff must plausibly allege not only that the defendant specifically "intend[ed] to conceal the discovery of the cause of action," *Colgate*, 86 Va. Cir. at *6, but also that the defendant's conduct actually had "the effect of debarring or deterring the plaintiff from his action," *Newman*, 618 S.E.2d at 339 (citation omitted). If a defendant lacks obstructive intent, or if the alleged conduct did not actually prevent the plaintiff from filing suit, there can be no tolling. *See Mackey*, 298 Va. at 656-57.

Plaintiffs allege that 3M knew for decades that the Bair Hugger device was associated with an increased risk of infection but failed to disclose those risks, affirmatively promoted the device as "safe and effective," expanded its use, and sought to influence or minimize scientific publications. *See* Menefee Prop. Am. Compl. ¶¶ 118-62; Cox Prop. Am. Compl. ¶¶ 122-66; Wongus Prop. Am. Compl. ¶¶ 122-66. They contend that this conduct constitutes "affirmative acts" that were "designed to, and did in fact, obstruct[] [P]laintiff[s], even in the exercise of due diligence, from discovering the

facts necessary to file suit within the applicable statute of limitations." Menefee Prop. Am. Compl. ¶ 161; Cox Prop. Am. Compl. ¶ 165; Wongus Prop. Am. Compl. ¶ 165

These allegations do not plausibly support tolling under § 8.01-229(D). To begin with, a substantial portion of the conduct Plaintiffs rely on consists of omissions, not affirmative acts. Plaintiffs repeatedly allege that 3M failed to warn, failed to disclose, and failed to correct "false impression[s]." *See* Menefee Prop. Am. Compl. ¶¶ 124, 129, 131, 134; Cox Prop. Am. Compl. ¶¶ 128, 133, 135, 138; Wongus Prop. Am. Compl. ¶¶ 128, 133, 135, 138. However, Virginia law is clear that "[m]ere silence" is not enough. *Mackey*, 298 Va. at 656; *see also Flick v. Wyeth LLC*, No. 3:12-cv-00012, 2012 WL 4458181, at *5 (W.D. Va. June 6, 2012) (holding that a defendant ignoring adverse information and withholding data was not an "affirmative act"). And a defendant's failure to retract an alleged misrepresentation does not constitute concealment for tolling purposes. *See LLT Mgmt. LLC v. Emory*, 766 F. Supp. 3d 576, 593 (E.D. Va. 2025) (denying tolling based on defendants' "failure to disclaim their alleged falsehoods…because concealment requires something more than silence."). Thus, to the extent Plaintiffs' tolling argument depends on allegations that 3M did not warn of the device's risks or did not disclose contrary information, those allegations do not satisfy the statute's requirement of an affirmative obstructive act.

Nor do Plaintiffs plausibly allege obstructive intent. Although Plaintiffs allege that 3M concealed the risks associated with the Bair Hugger device "[t]hrough misrepresentations to the public, the medical community, and the FDA," Menefee Prop. Am. Compl. ¶ 137; Cox Prop. Am. Compl. ¶ 141; Wongus Prop. Am. Compl. ¶ 141, they do not allege facts showing that such misrepresentations were made with the specific

intent of obstructing the filing of legal claims, rather than promoting the product more generally. That distinction is critical under Virginia law. *See, e.g., Mackey*, 298 Va. at 657 ("If a defendant lacks [] obstructive intent, however, there can be no tolling under the statute."); *Colgate*, 86 Va. Cir. at *6 ("A defendant must *intend* to conceal the discovery of the cause of action" (emphasis added)); *Grimes v. Suzukawa*, 262 Va. 330, 332 (2001) (rejecting tolling on battery claim where defendant wore a mask because the "use of the mask was intended to conceal [defendant's] identity and not to obstruct [plaintiff's] filing of an action."). Plaintiffs do not allege facts showing that 3M's acts were for the purpose of preventing suit from being filed.

The timing of some of Plaintiffs' allegations further undermines their tolling theory. Plaintiffs rely in part on allegations that 3M tampered with scientific publications in 2018 and 2019. *See* Menefee Prop. Am. Compl. ¶¶ 147-54; Cox Prop. Am. Compl. ¶¶ 151-58; Wongus Prop. Am. Compl. ¶¶ 151-58. But Cox and Wongus filed suit in 2017, *see* Cox Compl. 5; Wongus Compl. 5, and Menefee filed suit in April 2018, *see* Menefee Compl. 5. Conduct occurring after Cox and Wongus filed suit, and conduct occurring near or after Menefee filed suit, could not have obstructed Plaintiffs from bringing their actions in the first place. Such allegations therefore cannot support tolling of the limitations period applicable to Plaintiffs' claims.

Most importantly, Plaintiffs do not plausibly allege that 3M's conduct actually prevented them from filing suit. That causal requirement is essential. The Virginia Supreme Court has made clear that the alleged obstructive act must have "the effect of debarring or deterring the plaintiff from his action." *Newman*, 618 S.E.2d at 339 (citation omitted); *see also Mackey*, 298 Va. at 657 (holding that "there must be some affirmative

act or representation designed to prevent, *and which does prevent*, the discovery of the cause of action." (emphasis added)). Here, Plaintiffs assert in general terms that 3M's conduct "did in fact" obstruct them, "even in the exercise of due diligence, from discovering the facts necessary to file suit." Menefee Prop. Am. Compl. ¶ 161; Cox Prop. Am. Compl. ¶ 165; Wongus Prop. Am. Compl. ¶ 165. But those assertions are conclusory. Plaintiffs do not identify what specific representation they encountered, when they encountered it, how it deterred them from investigating, or how it prevented them from filing within the applicable period. They do not allege that they sought information but were affirmatively misled in a manner that prevented suit. And they do not allege that any particular obstructive act by 3M caused them to forgo investigation or postpone filing.

Instead, Plaintiffs' own allegations show they had reason and opportunity to investigate their claims years before they filed suit. As discussed above, Plaintiffs had ample time following the onset of their infections to review medical records, consult a physician, or obtain legal advice regarding the source of their injuries. *See supra* Part III.C. Yet Plaintiffs do not allege that they undertook any such efforts during the limitations period or that any specific act by 3M thwarted those efforts. Moreover, Plaintiffs cite two dozen studies published between 1997 and 2022 that allegedly identified an increased risk of infection associated with the Bair Hugger device. Menefee Prop. Am. Compl. ¶ 106; Cox Prop. Am. Compl. ¶ 110; Wongus Prop. Am. Compl. ¶ 110. Those publications undercut their claim that the relevant facts were successfully concealed in a manner that actually prevented suit. *See supra* Part III.C. Finally, Plaintiffs' ability to file suit at all further undermines their tolling theory. Plaintiffs allege that "3M continues to actively conceal the fact that the Bair Hugger increases the risk of infection[.]" Menefee Prop. Am.

Compl. ¶ 137; Cox Prop. Am. Compl. ¶ 141; Wongus Prop. Am. Compl. ¶ 141. Yet Plaintiffs nevertheless filed these actions. When a plaintiff is able to bring a claim despite allegedly ongoing concealment, it is implausible that the defendant's conduct actually deterred the filing of the action. *See LLT Mgmt.*, 766 F. Supp. 3d at 593 (denying tolling because "[plaintiff] was able to bring its fraud claim anyway[,] [which] makes it facially implausible that the defendants' repetition of the alleged falsehood or nondisclosure…'had the effect' of deterring filing of the claim." (quoting *Newman*, 618 S.E.2d at 339)).

In sum, Plaintiffs do not plausibly allege tolling under Va. Code § 8.01-229(D). Their allegations do not establish affirmative acts, obstructive intent, or actual prevention of suit as required under Virginia law. Accordingly, tolling does not apply, and Plaintiffs' claims remain time-barred.

### E. Conclusion as to Amendment

As explained above, all of Plaintiffs' proposed amendments are barred by Virginia's statutes of limitations, and the Court finds that there is no plausible basis for tolling. Because each of the proposed claims is time-barred, amendment would be futile as those claims could not withstand a Rule 12(b)(6) motion to dismiss. *See Wong v. Wells Fargo Bank N.A.*, 789 F.3d 889, 897 (8th Cir. 2015) ("A court may dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) as barred by a statute of limitations if the complaint itself shows that the claim is time-barred."). Accordingly, the Court denies Plaintiffs' motions for leave to amend.

## IV. Motion for Judgment on the Pleadings

Having found that Plaintiffs' proposed amended complaints would be futile, the Court turns to 3M's Motion for Judgment on the Pleadings. 3M argues that Plaintiffs' claims are either barred by Virginia's statutes of limitations or otherwise fail as a matter of law. *See* Defs.' Mem. 6-17. Plaintiffs counter that the motion is premature and should not be considered at this stage. *See* Pls.' Mem. in Opp'n 4-10. As explained below, the Court finds the motion is not premature, that Counts I-IV, IX-XII, and XIV-XVI are barred by Virginia's statutes of limitations, and that Counts V-VII and XIII fail as a matter of law. Accordingly, the Court recommends that 3M's Motion for Judgment on the Pleadings be granted in its entirety.

### A. Timing of the Rule 12(c) Motion

Plaintiffs argue that 3M's Motion for Judgment on the Pleadings is premature. See Pls.' Mem. in Opp'n 4-8. The Court has found that 3M's motions for judgment on the pleadings are not premature. R. & R. 5-10, Dkt. No. 3445. Rather than restating its analysis here, the Court incorporates its prior analysis by reference. *See id.*

### B. Counts I-IV, IX-XII, and XIV-XVI

In Counts I-IV, IX-XII, and XIV-XVI, Plaintiffs assert claims for negligence, strict liability, breach of express warranty, breach of implied warranty of merchantability, consumer fraud and deceptive trade practices under Virginia law, negligent misrepresentation, fraudulent misrepresentation, fraudulent concealment, unjust enrichment, violations of the VCPA,[4] and breach of implied warranty of fitness for a

[4] Although Menefee's VCPA claim (Count XV) is pled separately from his claim for consumer fraud and deceptive practices under Virginia law (Count IX), Menefee Compl. 4-5, both claims assert violations of the VCPA. *See Dickson*, 2020 WL 1492883, at *5

particular purpose. Menefee Compl. 3-5; Cox Compl. 3-4; Wongus Compl. 3-4. These claims fail for the same reasons set forth above. *See supra* Part III.A-D.

Because Counts I-IV, IX-XII, and XIV-XVI are barred by Virginia's statutes of limitations and are not subject to tolling, the Court recommends that 3M's motion be granted as to those counts.

**C. Counts V-VIII**

Counts V-VIII assert claims under the Minnesota Prevention of Consumer Fraud Act, the Minnesota Deceptive Trade Practices Act, the Minnesota Unlawful Trade Practices Act, and the Minnesota False Advertising Act. Menefee Compl. 4; Cox Compl. 4; Wongus Compl. 4. "[N]amed plaintiffs lack standing to assert claims under the laws of the states in which they do not reside or in which they suffered no injury." *Rouse v. H.B. Fuller Co.*, 694 F. Supp. 3d 1149, 1156 (D. Minn. 2023) (quoting *Ferrari v. Best Buy Co.*, 14-cv-2956, 2015 WL 2242128 at *9 (D. Minn. May 12, 2015)). Furthermore, "there is a presumption against the extra-territorial application of a state's statutes." *Johannessohn v. Polaris Indus., Inc.*, 450 F. Supp. 3d 931, 961-62 (D. Minn. 2020) (quoting *Arnold v. Cargill, Inc.*, No. CIV. 012086, 2002 WL 1576141, at *2 (D. Minn. July 15, 2002)).

Here, Plaintiffs cannot assert claims under Minnesota's consumer protection statutes. Plaintiffs are Virginia residents and their alleged injuries occurred in Virginia. Courts have repeatedly held that nonresidents may not assert claims under Minnesota's consumer protection statutes where the alleged injury or conduct occurred outside of Minnesota. *See, e.g.*, *Butler v. 3M Co.*, No. 2:24-CV-01587, 2024 WL 5054884, at *5

(holding that a general claim for "violation of state consumer protections laws…[was] brought pursuant to the [VCPA]").

(S.D. Ohio Dec. 9, 2024) (holding a nonresident lacked standing to assert claims under Minnesota's consumer protection statutes because the alleged injury occurred out-of-state); *Rouse*, 694 F. Supp. 3d at 1157 (same); *Ferrari*, 2015 WL 2242128 at *10 (same); *In re Syngenta AG MIR 162 Corn Litig.*, 131 F. Supp. 3d 1177, 1233-34 (D. Kan. 2015). Accordingly, the Court recommends the motion be granted as to Counts V-VIII.

**D. Count XIII**

Count XIII asserts a claim for loss of consortium. Menefee Compl. 4. "Virginia does not recognize a claim for loss of consortium." *Keating v. Speight*, No. 116298, 1993 WL 946090, at *2 (Va. Cir. Ct. June 4, 1993); *see also Anderson v. Sharma*, 33 Va. Cir. 543, *3 (1992) ("The Court notes that no cause of action exists in Virginia for loss of consortium"); *Sirak v. Aiken*, No. 3:19-cv-179, 2019 WL 6689912, at *3 (E.D. Va. Dec. 6, 2019) ("Virginia does not recognize loss of consortium as a viable cause of action."). Accordingly, the Court recommends the motion be granted as to Count XIII.

**ORDER**

For the reasons set forth above, **IT IS HEREBY ORDERED:**

1. Plaintiff Arthur Menefee's Motion for Leave to Amend Complaint (Dkt. No. 11, 18-cv-1078) is **DENIED**.

2. Plaintiff Jacqueline Cox's Motion for Leave to Amend Complaint (Dkt. No. 10, 17-cv-1425) is **DENIED**.

3. Plaintiff Marzell Wongus, Sr.'s Motion for Leave to Amend Complaint (Dkt. No. 13, 17-cv-3643) is **DENIED**.

## RECOMMENDATION

For the reasons set forth above, the Court RECOMMENDS THAT:

1. Defendant 3M Company's Motion for Judgment on the Pleadings (Dkt. No. 2997) be GRANTED in its entirety and WITH PREJUDICE.

Dated: June 5, 2026

s/ David T. Schultz
DAVID T. SCHULTZ
United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court. It is not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).