# ROSEN INJURY LAWYERS
## FIGHTING FOR JUSTICE. STANDING WITH YOU.

**Joseph Fantini, Esq.**
Attorney
jfantini@roseninjurylawyers.com
Main Office: 215-310-9649
www.roseninjurylawyers.com

June 8, 2026

**VIA ECF**
The Honorable David T. Schultz
United States District Court for the
District of Minnesota
300 South Fourth Street
Minneapolis, MN 55415

> **Re:** ***In Re: Bair Hugger Forced Air Warming Devices Products Liability Litigation***
> **MDL 15-2666**
> **Melvyn McLaughlin v. 3M Company, et al.; Docket 24-cv-04546-JNE-DTS**

Dear Judge Schultz:

The Court's Scheduling Order permits discovery disputes to be presented to the Court via letter. The purpose of this letter is to respectfully request the Court Order that the deposition of Group 5 Plaintiff, Melvyn McLaughlin, be conducted via Zoom. Plaintiff is ready and available to appear for his deposition and has offered to appear on June 22, 2026, remotely, or in person, if ordered by the Court. Despite 3M agreeing to take depositions via Zoom in other Bair Hugger matters, and the Court recently ordering another Plaintiff deposition be conducted remotely, 3M has refused Plaintiff's request for accommodation.

Plaintiff is a 72-year-old wheelchair bound disabled veteran amputee who has undergone multiple surgeries since his Bair Hugger surgery ultimately leading to loss of his leg. Due to the fact that Mr. McLaughlin's amputation was so extensive that he is unable to utilize a prosthetic, he has very limited mobility. Since his amputation Plaintiff has experienced difficulty traveling and even simple tasks such as using the restroom can cause extreme challenges.

Rule 306(b)(4) provides that "[t]he partes may stipulate – or the court may on motion order – that a deposition be taken by telephone or other remote means." Fed. R. Civ. P. 30(b)(4). Fed. R. Civ. P. 30(b)(4) does not require a showing of "good cause" in order for a motion to be granted. *H & T Fair Hills, Ltd. v. Alliance Pipeline L.P.*, 2020 WL 5512517, *1 (D. Minn. September 14, 2020). Rather, the Rule recognizes that courts have "broad discretion over discovery to determine whether there is a legitimate reason" to conduct a deposition remotely. *Id.,* at *1 (citing *In re Broiler Chicken Antitrust Litig.*, 2020 WL 3469166, at *7 (N.D. Ill. June 25, 2020)). It is well settled that "[c[ourts have long held that leave to take remote depositions pursuant to Rule 30(b)(4) should be granted liberally." *In re Broiler Chicken Antitrust, Litig.*, at *7.

When addressing whether or not to order a deposition be conducted remotely, the Court performs a two-prong analysis. First, the Court must determination whether "there is a legitimate reason for remote depositions." *H&T Fair Hills,* 2020 WL 5512517 at *2. Next, the Court must examine whether conducting the deposition by remote means would result in prejudice. *Id.* (*citing In re Broiler Chicken Antitrust Litig.*, 2020 WL 3469166 at *7). As noted above, Plaintiff is wheelchair bound and has difficulty performing everyday tasks and challenges traveling. Since his amputation surgery, Plaintiff has not been fitted with a prosthetic and remains permanently wheelchair bound.

As Plaintiff has satisfied the first prong of the analysis by offering a legitimate reason for the need of a remote deposition, the burden shifts to 3M, to show how they would be prejudiced should the deposition of Plaintiff be conducted remotely. *See H&T Fair Hills,* 2020 WL 5512517 at *2. There is no blanket requirement that depositions be conducted in person in this or any litigation. 3M has previously conducted multiple depositions remotely in the Bair Hugger litigation and multiple Courts, including this Court, have allowed for remote depositions.

It is anticipated that 3M will argue that an in-person deposition is needed because "Defendants' counsel needs the opportunity to see for themselves the extent of the plaintiffs' physical limitations." *See* Docket No. 3312 at page 3. Plaintiff further believes that 3M will argue it will be prejudiced because Plaintiff's alleged injuries "cannot be readily assessed in a Zoom deposition." *Id*. Neither of these arguments demonstrate prejudice. When addressing this issue of whether remote deposition should be permitted, the Court in a medical device product liability matter reasoned "[I]f the lack of being physically present with the witness were enough prejudice to defeat the holding of a remote deposition, then Rule 30(b)(4) would be rendered meaningless." *Rouviere v. DePuy Orthopeadics, Inc.*, 471 F. Supp. 3d 571, 575-76 (S.D. N.Y. 2020). In the instant matter, Plaintiff has provided Defendants with detailed information about his medical history and 3M's counsel will have the opportunity to view Plaintiff during the Zoom.

Multiple Courts have rejected arguments that the potential for technical issues during a deposition is a viable reason to not conduct a deposition remotely. In *Faford v. Grand Trunk Western Railroad Co.*, 335 F.R.D. 503 (E.D. Mich. 2020), the Court rejected the argument that a deposition must be conducted in person, for a technologically illiterate individual, holding a "Zoom conference can be conducted from a smart phone, and defense counsel has not alleged that its witnesses do not enjoy even that basic feature of modern technology." *Id*. at 505; *see also List v. Fiedler*, 2020 WL 5988514, at *9 (D. Minn. Oct. 9, 2020) (holding "the fact that he does not possess certain technical equipment that might otherwise more easily facilitate the taking of his deposition remotely" is not a valid reason to order an in-person deposition)). Plaintiff possesses a smart phone, laptop and has previously participated in Zoom calls. Should the Court grant Plaintiff's request to allow for a remote deposition, Plaintiff's counsel is available to meet and confer with defense counsel prior to Plaintiff's deposition to address any issues related to displaying exhibits. Additionally, Plaintiff's counsel's information technology department will be available to address any technological issues which may arise during the deposition.

As explained above, Plaintiff has a legitimate safety reason for an order requiring that his deposition be conducted remotely. 3M is unable to satisfy its burden and demonstrate that it will be prejudiced if Plaintiff's deposition is conducted remotely. Therefore, Plaintiff respectfully requests that the Court enter an Order permitting Plaintiff's deposition to be conducted remotely.

Respectfully submitted,

Joseph J. Fantini

cc: All Counsel of Record (via ECF)