**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

IN RE BAIR HUGGER FORCED AIR WARMING PRODUCTS LIABILITY LITIGATION

MDL No. 15-md-2666 (JNE/DTS)

**ORDER & REPORT AND RECOMMENDATION**

This Document Relates to Case Numbers:
25-cv-1808 (Brady)
25-cv-1919 (Best)

---

## INTRODUCTION

Plaintiffs Brenda Brady and Mary Best allege that they developed periprosthetic joint infections following surgeries in which a Bair Hugger Forced Air Warming Device (Bair Hugger) was used. *See* Mandler Decl., Ex. B ¶¶ 7–8, Dkt. No. 3265-2 (Best Compl.); Ex. C ¶¶ 7-8, Dkt. No. 3265-3 (Brady Compl.). Plaintiffs assert multiple causes of action against Defendants 3M Company and Arizant Healthcare, Inc., (collectively 3M) sounding in negligence, strict liability, warranty, fraud, and consumer protection. *See* Best Compl. 3–4; Brady Compl. 3–4.

3M moves for judgment on the pleadings, arguing that Plaintiffs' claims are barred by Mississippi's statutes of limitations or otherwise fail as a matter of law. *See* Defs.' Mem. 6–25, Dkt. No. 3263. Plaintiffs oppose the motion, contending it is premature and leave to amend should be granted. *See* Pls.' Mem. in Opp'n 4–12, Dkt. No. 3315.

For the reasons set forth below, the Court finds that 3M's Rule 12(c) motion is not premature, that the claims asserted in the operative complaints are barred or otherwise fail as a matter of law and that Plaintiffs' proposed amendments would be futile.

Accordingly, the Court denies Plaintiffs' motions for leave to amend and recommends that 3M's Motion for Judgment on the Pleadings be granted.

## FINDINGS OF FACT

### I. Plaintiff-Specific Background[1]

#### A. Mary Best

Best directly filed her Individual Short Form Complaint on April 30, 2025. Best Compl. 5. She alleges that a Bair Hugger device was used during an unspecified surgery on November 14, 2017, and that she developed a periprosthetic joint infection (PJI) as a result. *Id.* ¶¶ 7–8. She alleges that she "has undergone numerous procedures following a postoperative infection, requiring intervention, management, and surgeries on or about December 12, 2017." *Id.* ¶ 9.

#### B. Brenda Brady

Brady directly filed her Individual Short Form Complaint on April 29, 2025. Brady Compl. 5. She alleges that on December 15, 2016, a Bair Hugger device was used during an unspecified surgery, causing her to develop a PJI. *Id.* ¶¶ 7–8. She alleges that she "has undergone numerous procedures following a postoperative infection, requiring intervention, management, and surgeries on or about January 6, 2017." *Id.* ¶ 9.

### II. Plaintiffs' Claims and Pending Motions

In their short form complaints, Plaintiffs assert seventeen causes of action: negligence (Count I); strict liability—failure to warn, defective design, and defective manufacture (Count II); breach of express warranty (Count III); breach of implied warranty

[1] The Court incorporates by reference a discussion of MDL background and pretrial orders from prior decisions on similar motions for judgment on the pleadings. Dkt. No. 3447 at 2.

of merchantability under Mississippi law (Count IV); violation of the Minnesota Prevention of Consumer Fraud Act (Count V); violation of the Minnesota Deceptive Trade Practices Act (Count VI); violation of the Minnesota Unlawful Trade Practices Act (Count VII); violation of the Minnesota False Advertising Act (Count VIII); consumer fraud and/or unfair and deceptive trade practices under Mississippi law (Count IX); negligent misrepresentation (Count X); fraudulent misrepresentation (Count XI); fraudulent concealment (Count XII); unjust enrichment (Count XIII); common law fraud (Count XIV); constructive fraud (Count XV); gross negligence (Count XVI); and negligent infliction of emotion distress (Count XVII). Best Compl. 3–4; Brady Compl. 3–4.

Plaintiffs have also moved for leave to amend their short form complaints. Dkt. No. 16 (Brady 25-cv-1808); Dkt. No. 17 (Best 25-cv-1919). In their proposed amended complaints, Plaintiffs assert eleven causes of action: negligence (Count I); gross negligence (Count II); failure to warn (Count III); design defect (Count IV); breach of express warranty (Count V); breach of implied warranty (Count VI); consumer fraud and/or unfair and deceptive trade practices (Count VII); negligent misrepresentation (Count VIII); unjust enrichment (Count IX); fraudulent misrepresentation (Count X); and fraudulent concealment (XI). Walston Decl., Ex. 1 ¶¶ 169–291, Dkt. No. 18-1 (Brady 25-cv-1808) (hereinafter Brady Prop. Am. Compl.); Waslton Decl., Ex. 1 ¶¶ 169–291, Dkt. No. 19-1 (Best 25-cv-1919) (hereinafter Best Prop. Am. Compl.).

On December 15, 2025, 3M moved for judgment on the pleadings. Dkt. No. 3262. 3M argues that Plaintiffs' claims are barred by Mississippi's statutes of limitations or otherwise fail as a matter of law. *See* Defs.' Mem. 6–25. Plaintiffs oppose the motion,

arguing that it is premature, and that they should be granted leave to amend their complaints pursuant to PTO 8. *See* Pls.' Mem. in Opp'n 4–12.

## CONCLUSIONS OF LAW

### I. Legal Standards

#### A. Motion for Leave to Amend

Federal Rules of Civil Procedure Rule 15 provides that "[t]he court should freely give leave" to amend or supplement a pleading before trial, "when justice so requires." Fed. R. Civ. P. 15(a)(2). While there is no absolute right to amend, courts are only justified in denying a request to amend for "undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies in previous amendments, undue prejudice to the non-moving party, or futility." *Baptist Health v. Smith*, 477 F.3d 540, 544 (8th Cir. 2007).

3M argues Plaintiffs' motions for leave to amend must be denied because the amendments are futile. *See* Defs.' Reply 10–23, Dkt. No. 3257. To determine futility, the Court applies the same test that is applied for a motion to dismiss a complaint under Rule 12(b)(6). *See Zutz v. Nelson*, 601 F.3d 842, 850 (8th Cir. 2010) (denial of motion for leave to amend on the basis of futility means the court reached the legal conclusion the amended complaint could not withstand a Rule 12(b)(6) motion to dismiss). Rule 12(b)(6) requires a complaint to plead sufficient facts, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint must provide more than "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Likewise, a proposed amended

complaint that fails to state a plausible cause of action under the *Twombly* and *Iqbal* pleading standard will be denied as futile. *Id.* at 850-51.

**B. Motion for Judgment on the Pleadings**

A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is also governed by the same standards as a motion to dismiss under Rule 12(b)(6). *Ashley Cnty. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009). In determining whether a plaintiff has stated a plausible claim, the Court considers only the materials necessarily encompassed by the pleadings and the exhibits attached to the complaint. *See Cox v. Mortgage Elect. Registration Sys., Inc.*, 685 F.3d 663, 668 (8th Cir. 2012).

Rule 12(c) allows a party to move for judgment on the pleadings "[a]fter the pleadings are closed" but "early enough not to delay trial." When considering a motion for judgment on the pleadings, the Court accepts as true all facts pleaded by the non-moving party and grants all reasonable inferences from the pleadings in favor of the non-moving party, but does not accept conclusory allegations of law. *Gallagher v. City of Clayton*, 699 F.3d 1013, 1016 (8th Cir. 2012); *Faibisch v. Univ. of Minnesota*, 304 F.3d 797, 803 (8th Cir. 2002). "Judgment on the pleadings is appropriate if there is no material issue of fact to be resolved and the moving party is entitled to judgment as a matter of law." *Buddy Bean Lumber Co. v. Axis Surplus Ins. Co.*, 715 F.3d 695, 697 (8th Cir. 2013).

**II. Choice-of-Law**

In an MDL, "the transferee court must apply the state law that would have applied to the individual cases had they not been transferred for consolidation." *In re Temporomandibular Joint Implants Prods. Liab. Litig.*, 97 F.3d 1050, 1055 (8th Cir. 1996); *see also In re Bair Hugger Forced Air Warming Devices Prods. Liab. Litig.*, 999 F.3d 534,

539 (8th Cir. 2021) (applying Texas's claim preclusion law rather than Minnesota's). Under PTO 5, though plaintiffs may directly file in this District, such direct filing is for purposes of pretrial proceedings only; it does not make the District of Minnesota the transferor court. Dkt. No. 5 ¶ 3. Rather, PTO 5 provides that the Court will apply Minnesota choice-of-law rules unless the plaintiff identifies in their initial complaint: (1) their current residence; (2) the date and location of the surgery at issue; and (3) the appropriate venue where the action would have been filed absent direct filing in this District. *Id.* at ¶ 2. If that information is provided, the choice-of-law rules of the identified venue apply. *Id.*

Plaintiffs provided the information required by PTO 5. Best's initial complaint identifies her residence as Mississippi, alleges that the surgery at issue occurred on November 14, 2017, at St. Dominic Hospital in Jackson, Mississippi, and identifies the Northern District of Mississippi as the proper venue absent direct filing. Best Compl. ¶¶ 2, 5, 7. Brady's initial complaint likewise identifies her residence as Mississippi, alleges that the surgery at issue occurred on December 15, 2016, at the Orthopedic Institute in Hattiesburg, Mississippi, and identifies the Southern District of Mississippi as the proper venue absent direct filing. Brady Compl. ¶¶ 2, 5, 7. Accordingly, under PTO 5, Mississippi's choice-of-law rules govern.

In tort cases, Mississippi courts apply the "most significant relationship" test. *Shortie v. George*, 233 So. 3d 883, 888 (Miss. Ct. App. 2017) (citing Restatement (Second) Conflict of Laws §§ 145, 146 (Am. Law Inst. 1971)). Here, the injury and conduct allegedly causing the injury occurred in Mississippi (i.e., use of the Biar Hugger device in Plaintiffs' surgeries). Plaintiffs are Mississippi residents while 3M's headquarters is in Minnesota. There is no meaningful relationship between the parties beyond the use of

the Bair Hugger device in Plaintiffs' Mississippi surgeries. *See id.* (applying these four factors). On balance, Mississippi has the most significant relationship to the events and the parties.

Mississippi courts apply their own procedural laws. *Zurich Am. Ins. Co. v. Goodwin*, 920 So. 2d 427, 433 (Miss. 2006). "Because statutes of limitations are considered procedural for choice-of-law purposes, Mississippi courts ordinarily will apply our own statutes of limitations." *Blanchard v. GEICO Gen. Ins. Co.*, 375 So. 3d 723, 728 (Miss. Ct. App. 2023). To the extent Minnesota procedural law may apply, the result would be the same. Under Minnesota's borrowing statute, "Minnesota applies the limitations period of the state whose substantive law governs a claim." *Blake Marine Grp. v. CarVal Invs. LLC*, 829 F.3d 592, 595 (8th Cir. 2016). Accordingly, the Court applies Mississippi law, including Mississippi's statute of limitations, to Plaintiffs' claims.[2]

## III. Motion for Leave to Amend

Because Plaintiffs' proposed amendments bear directly on the viability of their claims and, in turn, on 3M's Motion for Judgment on the Pleadings, the Court addresses Plaintiffs' motions for leave to amend first. As explained below, because all asserted claims are barred by the applicable statute of limitations, the Court finds that amendment would be futile. Accordingly, Plaintiffs' motions for leave to amend are denied.

### A. Counts I–XI

The Mississippi Product Liability Act (MPLA) "'provides the exclusive remedy' for products-liability claims[.]" *Elliott v. El Paso Corp.*, 181 So. 3d 263, 268 (Miss. 2015)

[2] Plaintiffs do not argue to the contrary in their response brief. *See* Pls.' Mem. in Opp'n 9–12 (applying Mississippi law).

(quoting *Lawson v. Honeywell Int'l, Inc.*, 75 So. 3d 1024, 1027 (Miss. 2011)). 3M argues that all of Plaintiffs' claims "are subsumed by the MPLA and governed by its three-year limitations period." Defs.' Mem. 13. By failing to dispute this point, Pls.' Mem. in Opp'n 9–12, Plaintiffs have waived any contrary argument, *Doll v. Trellis Walnut Towers LLC*, No. 24-cv-136, 2024 WL 4355084, at *3 (D. Minn. Sept. 30, 2024) (collecting cases).

"Product liability actions are subject to a three-year statute of limitation." *Austin v. Bayer Pharms. Corp.*, No. 5:13-cv-28, 2013 WL 5406589, at *3 (S.D. Miss. Sept. 25, 2013) (citing Miss. Code § 15-1-49(1)). A claim accrues "when the plaintiff discover[s], or by reasonable diligence should have discovered, the injury." Miss. Code § 15-1-49(2). "Section 15-1-49 does not require a plaintiff to know the cause of the injury before accrual of the cause of action." *Lincoln Elec. Co. v. McLemore*, 54 So. 3d 833, 838 (Miss. 2010). At the latest, Plaintiffs' claims accrued when they began treatment for their PJIs. *See id.*[3] Best began treatment for her PJI on December 12, 2017, and Brady started treatment on January 6, 2017. Best Compl. ¶ 9; Brady Compl. ¶ 9. Because Plaintiffs did not file suit until 2025, well after the three-year limitations period, their claims are time barred.

**B. Tolling**

Plaintiffs argue that the statute of limitations should be tolled under Mississippi Code § 15-1-67. Pls.' Mem. in Opp'n 9–11. That statute provides:

> If a person liable to any personal action shall fraudulently conceal the cause of action from the knowledge of the person entitled thereto, the cause of action shall be deemed to have first accrued at, and not before, the time at which such fraud

[3] Plaintiffs concede that Mississippi "is a 'pure date of injury' state with respect to the statute of limitations[.]" Pls.' Mem. in Opp'n 9.

> shall be, or with reasonable diligence might have been, first known or discovered.

Miss. Code § 15-1-67. Stated otherwise, the fraudulent concealment of a cause of action tolls the statute of limitations. *Robinson v. Cobb*, 763 So. 2d 883, 887 (Miss. 2000). To toll the statute of limitations, a plaintiff must allege: "(1) some affirmative act or conduct was done and prevented discovery of a claim, and (2) due diligence was preformed on their part to discover it." *Stephens v. Equitable Life Assur. Soc'y of U.S.*, 850 So. 2d 78, 84 (Miss. 2003). Fraudulent concealment must be pleaded with particularity to toll the statute of limitations. *Nevins v. Jelliffe*, No. 3:16-cv-472, 2017 WL 1017659, at *3–4 (S.D. Miss. Mar. 15, 2017).

Plaintiffs do not plead the facts necessary to toll their claims.[4] To begin with, a substantial portion of the conduct Plaintiffs rely on consists of omissions, not affirmative acts. Plaintiffs repeatedly allege that 3M failed to warn, failed to disclose, and failed to correct false impressions about the safety of Bair Hugger. *See, e.g.*, Best Prop. Am. Compl. ¶ 132 ("3M failed to correct the false impression left by its statements and conduct[.]"). That is not enough. *See, e.g.*, *Com. Bank v. Smith Shellnut Wilson LLC*, 270 So. 3d 136, 155–56 (Miss. Ct. App. 2018) (rejecting the argument that continued silence constituted an act of concealment sufficient to toll the limitations period). Moreover, under Mississippi law, only *subsequent* affirmative acts of concealment suffice to toll the statute of limitations. *Hull v. Wyeth*, No. 3:05-cv-177, 2012 WL 4857589, at *3 (S.D. Miss. Oct.

[4] Brady's and Best's tolling allegations are identical. *Compare* Best Prop. Am. Compl. ¶¶ 119–65, *with* Brady Prop. Am. Compl. ¶¶ 119–65.

11, 2012). Thus, allegations of 3M's conduct before Plaintiffs' 2016 and 2017 surgeries are irrelevant.

Plaintiffs' remaining relevant factual allegations are thin. Despite claiming 3M "edited every line of the International Consensus on Periprosthetic Joint Infections 2018 findings," Best Prop. Am. Compl. ¶ 134, they provide no detail regarding the findings, the edits, or the impact of those findings. Similarly, Plaintiffs claim unspecified statements led to the execution of a "Partnership Program Agreement" without describing the agreement or why it matters. At bottom, these allegations do not plead the alleged affirmative acts with the required particularity. *See Nevins*, 2017 WL 1017659, at *4 ("Plaintiffs have not pleaded fraudulent concealment with the specificity required to toll these limitations statutes[.]").

Moreover, Plaintiffs fail to plausibly allege that 3M's conduct actually prevented them from bringing their claims. *See Reich v. Jesco, Inc.*, 526 So. 2d 550, 552 (Miss. 1988) ("To establish fraudulent concealment in this state, there must be shown some act or conduct of an affirmative nature designed to prevent and **which does prevent** discovery of the claim.") (emphasis added). Plaintiffs do not identify what specific representation they encountered, when they encountered it, how it deterred them from investigating, or how it prevented them from filing within the applicable period. They do not allege that they sought information but were affirmatively misled in a manner that prevented suit. And they do not allege that any particular act by 3M caused them to forgo investigation or postpone filing. *Tanner v. Pfizer, Inc.*, No. 1:15CV75, 2015 WL 6133207, at *3 (S.D. Miss. Oct. 19, 2015) (concluding no subsequent affirmative act of concealment because "Plaintiff does not allege that any of the information from [defendant's] sales and

marketing campaigns reached him or influenced his ability to discover his claim against Defendant").

Rather, Plaintiffs claim 3M's misinformation campaign—described at a high level of generality—prevented Plaintiffs and their medical providers "from discovering facts that would have led them to the discovery of the Bair Hugger as a potential contributing factor of Plaintiff's infection." *Id.* ¶ 162. This attenuated and conclusory allegation is not plausible. Plaintiffs' proposed amended complaints cite twenty-five published studies, spanning from 1997 to 2022, that allegedly disclose an increased risk of infection associated with the Bair Hugger device. *Id.* ¶ 107. Then there is the MDL itself. By the time Plaintiffs' surgeries took place, thousands of cases had already been filed in this well-publicized MDL. Given the easily accessible and highly publicized information linking Bair Hugger to PJIs, a reasonably diligent plaintiff could—and would—have discovered a potential claim. *See City of Bos. v. Express Scripts, Inc.*, 765 F. Supp. 3d 31, 42–43 (D. Mass. 2025), *aff'd sub nom. City of Bos. v. OptumRx, Inc.*, 169 F.4th 58 (1st Cir. 2026).

Plaintiffs counter that fraudulent concealment is a jury question, "which necessarily preclude[s] the Court from granting Defendants' Motion for Judgment on the Pleadings." Pls.' Mem. in Opp'n 11 (citing *Robinson*, 763 So. 2d at 888). Not so. Several Mississippi courts have addressed fraudulent concealment on a motion to dismiss. *Nevins*, 2017 WL 1017659, at *4 ("Because there are no allegations of either (1) a subsequent affirmative act of concealment on the part of Jelliffe and/or Advantaclean, or (2) due diligence by Plaintiffs to discover their claims, the Court finds Plaintiffs have not pleaded their fraudulent concealment claim with the specificity required by Mississippi law so as to toll

the applicable statutes of limitations."); *O'Bannon v. Guardian Life Ins. Co. of Am.*, 331 F. Supp. 2d 476, 478 (S.D. Miss. 2004) ("This Court is reviewing a motion to dismiss, thus, in accordance with *Stephens*, it must consider whether Plaintiffs have sufficiently alleged that the Defendants engaged in any affirmative act or conduct that prevented the Plaintiffs from discovering their claims, which would invoke the tolling provisions of § 15–1–67."); *Tanner*, 2015 WL 6133207, at *3–4 (dismissing a case because the complaint lacked allegations of a subsequent affirmative act of concealment or due diligence); *see also Stephens v. Equitable Life Assur. Soc'y of U.S.*, 850 So. 2d 78, 83–86 (Miss. 2003). As in *Nevins*, *O'Bannon*, and *Tanner*, Plaintiffs fail to adequately allege facts sufficient to invoke fraudulent concealment and toll the statute of limitations.

### C. Conclusion as to Amendment

As explained above, all of Plaintiffs' proposed amendments are barred by Mississippi's statutes of limitations, and the Court finds there is no plausible basis for tolling. Because each of the proposed claims is time-barred, amendment would be futile as those claims could not withstand a Rule 12(b)(6) motion to dismiss. *See Wong v. Wells Fargo Bank N.A.*, 789 F.3d 889, 897 (8th Cir. 2015) ("A court may dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) as barred by a statute of limitations if the complaint itself shows that the claim is time-barred."). Accordingly, the Court denies Plaintiffs' motions for leave to amend.

## IV. Motion for Judgment on the Pleadings

Having found that Plaintiffs' proposed amended complaints would be futile, the Court turns to 3M's Motion for Judgment on the Pleadings. 3M argues that Plaintiffs' claims are either barred by Mississippi's statutes of limitations or otherwise fail as a matter

of law. *See* Defs.' Mem. 6-25. Plaintiffs counter that the motion is premature and should not be considered at this stage. *See* Pls.' Mem. in Opp'n 4–12. As explained below, the Court finds the motion is not premature, that Counts I–IV and IX–XVII are barred by Mississippi's statutes of limitations, and that Counts V–VIII fail as a matter of law. Accordingly, the Court recommends that 3M's Motion for Judgment on the Pleadings be granted in its entirety.

**A. Timing of the Rule 12(c) Motion**

Plaintiffs argue that 3M's Motion for Judgment on the Pleadings is premature. See Pls.' Mem. in Opp'n 4–9. Having found that 3M's motions for judgment on the pleadings are not premature, R. & R. 5–10, Dkt. No. 3445, the Court incorporates its prior analysis by reference, *see id.*

**B. Counts V–VIII**

Counts V–VIII assert claims under the Minnesota Prevention of Consumer Fraud Act, the Minnesota Deceptive Trade Practices Act, the Minnesota Unlawful Trade Practices Act, and the Minnesota False Advertising Act. Brady Compl. 4; Best Compl. 4. "[N]amed plaintiffs lack standing to assert claims under the laws of the states in which they do not reside or in which they suffered no injury." *Rouse v. H.B. Fuller Co.*, 694 F. Supp. 3d 1149, 1156 (D. Minn. 2023) (quoting *Ferrari v. Best Buy Co.*, 14-cv-2956, 2015 WL 2242128 at *9 (D. Minn. May 12, 2015)). Furthermore, "there is a presumption against the extra-territorial application of a state's statutes." *Johannessohn v. Polaris Indus., Inc.*, 450 F. Supp. 3d 931, 961-62 (D. Minn. 2020) (quoting *Arnold v. Cargill, Inc.*, No. CIV. 012086, 2002 WL 1576141, at *2 (D. Minn. July 15, 2002)).

Here, Plaintiffs cannot assert claims under Minnesota's consumer protection statutes. Plaintiffs are Mississippi residents and their alleged injuries occurred in Mississippi. Courts have repeatedly held that nonresidents may not assert claims under Minnesota's consumer protection statutes where the alleged injury or conduct occurred outside of Minnesota. *See, e.g., Butler v. 3M Co.*, No. 2:24-CV-01587, 2024 WL 5054884, at *5 (S.D. Ohio Dec. 9, 2024) (holding a nonresident lacked standing to assert claims under Minnesota's consumer protection statutes because the alleged injury occurred out-of-state); *Rouse*, 694 F. Supp. 3d at 1157 (same); *Ferrari*, 2015 WL 2242128 at *10 (same); *In re Syngenta AG MIR 162 Corn Litig.*, 131 F. Supp. 3d 1177, 1233-34 (D. Kan. 2015). Accordingly, the Court recommends the motion be granted as to Counts V–VIII.

**C. Counts I–IV and IX–XVII**

In Counts I–IV and IX–XV, Plaintiffs assert claims for negligence, strict liability, breach of warranty, consumer fraud and deceptive trade practices under Mississippi law, negligent misrepresentation, fraudulent misrepresentation, fraudulent concealment, unjust enrichment, common law fraud, constructive fraud, gross negligence, and negligent infliction of emotion distress. Brady Compl. 3–4; Best Compl. 3–4. These claims fail for the same reasons set forth above. *See supra* Part III.A–C.

Because Counts I–IV and IX–XV are barred by Mississippi's statutes of limitations and are not subject to tolling, the Court recommends that 3M's motion be granted as to those counts.

## ORDER

For the reasons set forth above, **IT IS HEREBY ORDERED:**

1. Plaintiff Brenda Brady's Motion for Leave to Amend Complaint (Dkt. No. 16, 25-cv-1808) is **DENIED**.

2. Plaintiff Mary Best's Motion for Leave to Amend Complaint (Dkt. No. 17, 25-cv-1919) is **DENIED**.

## RECOMMENDATION

For the reasons set forth above, the Court RECOMMENDS THAT:

1. Defendant 3M Company's Motion for Judgment on the Pleadings (Dkt. No. 3262) be GRANTED in its entirety and WITH PREJUDICE.

Dated: July 27, 2026

s/ David T. Schultz
DAVID T. SCHULTZ
United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court. It is not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).