**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

IN RE BAIR HUGGER FORCED AIR WARMING PRODUCTS LIABILITY LITIGATION

MDL No. 15-md-2666 (JNE/DTS)

**ORDER & REPORT AND RECOMMENDATION**

This Document Relates to Case Number:
17-cv-2033 (Minor)
18-cv-0069 (Paine)
17-cv-2848 (Taplin)

## INTRODUCTION

Plaintiffs Roberta Minor, Sharon Paine, and Janice Taplin[1] allege that they developed periprosthetic joint infections following surgeries in which a Bair Hugger Forced Air Warming Device (Bair Hugger) was used. *See* Mandler Decl., Ex. B ¶¶ 7-8, Dkt. No. 3182-2 (Minor Compl.); Ex. C ¶¶ 7-8, Dkt. No. 3182-3 (Paine Compl.); Ex. D ¶¶ 6-7, Dkt. No. 3182-4 (Taplin Compl.). Plaintiffs assert multiple causes of action against Defendants 3M Company and Arizant Healthcare, Inc., (collectively 3M) sounding in negligence, strict liability, warranty, fraud, and consumer protection. *See* Minor Compl. 3-4; Paine Compl. 3-4; Taplin Compl. 3-4.

3M moves for judgment on the pleadings, arguing that Plaintiffs' claims are barred by Oklahoma's statutes of limitations or otherwise fail as a matter of law. *See* Defs.' Mem. 7-23, Dkt. No. 3180. Plaintiffs oppose the motion, contending it is premature and leave to

[1] 3M originally filed its Rule 12(c) motion in Case No. 24-cv-2280 (Arnold) as well. Because that case later settled, the request for dismissal is moot as to that matter.

amend should be granted. *See* Pls. Minor's and Taplin's Mem. in Opp'n 3-10, Dkt. No. 3227; Pl. Paine's Mem. in Opp'n 5-25, Dkt. No. 3229.

For the reasons set forth below, the Court finds that 3M's Rule 12(c) motion is not premature, that the claims asserted in the operative complaints are barred or otherwise fail as a matter of law and that Plaintiffs' proposed amendments would be futile. Accordingly, the Court denies Plaintiffs' motions for leave to amend and recommends that 3M's Motion for Judgment on the Pleadings be granted.

## FINDINGS OF FACT

### I. MDL Background and Pretrial Orders

In December 2015, numerous actions involving the use of a Bair Hugger Forced Air Warming Device were consolidated into a multidistrict litigation (MDL) and transferred to this District for pretrial proceedings. Dkt. No. 1. To streamline the pleadings process, the court issued several pretrial orders, including Pretrial Order No. 8 (PTO 8). Dkt. No. 46. Under PTO 8, a Master Long Form Complaint and a Master Short Form Complaint were filed "as administrative devices to set forth potential claims . . . that individual Plaintiffs may assert against Defendants in this litigation." *Id.* ¶ 2. PTO 8 further provides that "[a]ll Plaintiffs have the express right to file and serve an Amended Complaint, upon the showing required by the relevant Federal Rules of Civil Procedure and any applicable court order, regardless of selection for bellwether consideration[.]" *Id.* ¶ 6. Pretrial Order No. 5 (PTO 5) permits plaintiffs to file their actions directly in this District for coordinated pretrial proceedings. Dkt. No. 5.

## II. Plaintiff-Specific Background

### A. Roberta Minor

Plaintiff Roberta Minor directly filed her Individual Short Form Complaint on June 14, 2017. Minor Compl. 5. She alleges that a Bair Hugger device was used during her left total knee replacement surgery on August 3, 2009, and that she developed a periprosthetic joint infection (PJI) as a result. *Id.* ¶¶ 7-8. She alleges that from August 14, 2009 to November 4, 2010, she received treatment for the infection, including IV antibiotics, irrigation and debridement, placement of an antibiotic spacer, and revision surgery. *Id.* ¶ 9.

### B. Sharon Paine

Plaintiff Sharon Paine directly filed her Individual Short Form Complaint on January 9, 2018. Paine Compl. 6. She alleges that on December 13, 2010, a Bair Hugger device was used during her right total hip arthroplasty causing her to develop a PJI. *Id.* ¶¶ 6-7. She alleges that, as a result of that infection, she underwent extensive treatment including placement of an antibiotic spacer, conversion total hip arthroplasty, and irrigation and debridement of the right hip between January 4, 2011 and November 27, 2012. *Id.* ¶ 8.

### C. Janice Taplin

Plaintiff Janice Taplin directly filed her Individual Short Form Complaint on July 13, 2017. Taplin Compl. 5. She alleges that a Bair Hugger device was used during her right total knee arthroplasty on August 3, 2009 and that she subsequently developed a PJI. *Id.* ¶¶ 7-8. She alleges that from August 21, 2009 to August 24, 2009, she underwent multiple irrigation and debridement procedures to treat the infection. *Id.* ¶ 9.

## III. Plaintiffs' Claims and Pending Motions

In their Individual Short Form Complaints, Plaintiffs assert fourteen causes of action: negligence (Count I); strict liability—failure to warn, defective design, and defective manufacture (Count II); breach of express warranty (Count III); breach of implied warranty of merchantability under Oklahoma law (Count IV); violation of the Minnesota Prevention of Consumer Fraud Act (Count V); violation of the Minnesota Deceptive Trade Practices Act (Count VI); violation of the Minnesota Unlawful Trade Practices Act (Count VII); violation of the Minnesota False Advertising Act (Count VIII); consumer fraud and/or unfair and deceptive trade practices under Oklahoma law (Count IX); negligent misrepresentation (Count X); fraudulent misrepresentation (Count XI); fraudulent concealment (Count XII); loss of consortium (Count XIII); and unjust enrichment (Count XIV).[2] Minor Compl. 3-4; Paine Compl. 3-4; Taplin Compl. 3-4.

Plaintiffs have also moved for leave to amend their Individual Short Form Complaints. Dkt. No. 9 (Minor 17-cv-2033); Dkt. No. 10 (Paine 18-cv-0069); Dkt. No. 9 (Taplin 17-cv-2848). In their proposed amended complaints, Plaintiffs assert eleven causes of action: negligence (Count I); failure to warn (Count II); design defect (Count III); breach of express warranty (Count IV); breach of implied warranty (Count V); consumer fraud and/or unfair and deceptive trade practices under Oklahoma law (Count VI); negligent misrepresentation (Count VII); fraudulent misrepresentation (Count VIII); fraudulent concealment (Count IX); loss of consortium (Count X); and unjust enrichment (XI). Webb Decl., Ex. 1 ¶¶ 168-281, Dkt. No. 12-1 (Minor 17-cv-2033) (hereinafter Minor

[2] Although Plaintiffs' claims are discussed collectively for ease of reference, Taplin does not assert a claim for loss of consortium (Count XIII). *See* Taplin Compl. 4.

Prop. Am. Compl.); Fitzgerald Decl., Ex. 1 ¶¶ 201-330, Dkt. No. 12-1 (Paine 18-cv-0069) (hereinafter Paine Prop. Am. Compl.); Webb Decl., Ex. 1 ¶¶ 167-282, Dkt. No. 12-1 (Taplin 17-cv-2848) (hereinafter Taplin Prop. Am. Compl.).[3]

On October 31, 2025, 3M moved for judgment on the pleadings. Dkt. No. 3179. 3M argues that Plaintiffs' claims are barred by Oklahoma's statutes of limitations or otherwise fail as a matter of law. *See* Defs.' Mem. 7-23. Plaintiffs oppose the motion, arguing it is premature and they should be granted leave to amend their complaints pursuant to PTO 8. *See* Pls. Minor's and Taplin's Mem. in Opp'n 3-10; Pl. Paine's Mem. in Opp'n 5-25.

## CONCLUSIONS OF LAW

### I. Legal Standards

#### A. Motion for Leave to Amend

Federal Rules of Civil Procedure Rule 15 provides that "[t]he court should freely give leave" to amend or supplement a pleading before trial, "when justice so requires." Fed. R. Civ. P. 15(a)(2). While there is no absolute right to amend, courts are only justified in denying a request to amend for "undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies in previous amendments, undue prejudice to the non-moving party, or futility." *Baptist Health v. Smith*, 477 F.3d 540, 544 (8th Cir. 2007).

3M argues Plaintiffs' motions for leave to amend must be denied because the amendments are futile. *See* Defs.' Reply 9-26, Dkt. No. 3256. To determine futility, the Court applies the same test that is applied for a motion to dismiss a complaint under Rule

---

[3] In her proposed amended complaint, Paine does not assert a claim for loss of consortium (Count X). *See* Paine Prop. Am. Compl. ¶¶ 201-330.

12(b)(6). *See Zutz v. Nelson*, 601 F.3d 842, 850 (8th Cir. 2010) (denial of motion for leave to amend on the basis of futility means the court reached the legal conclusion the amended complaint could not withstand a Rule 12(b)(6) motion to dismiss). Rule 12(b)(6) requires a complaint to plead sufficient facts, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint must provide more than "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Likewise, a proposed amended complaint that fails to state a plausible cause of action under the *Twombly* and *Iqbal* pleading standard will be denied as futile. *Id.* at 850-51.

**B. Motion for Judgment on the Pleadings**

A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is also governed by the same standards as a motion to dismiss under Rule 12(b)(6). *Ashley Cnty. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009). In determining whether a plaintiff has stated a plausible claim, the Court considers only the materials necessarily encompassed by the pleadings and the exhibits attached to the complaint. *See Cox v. Mortgage Elect. Registration Sys., Inc.*, 685 F.3d 663, 668 (8th Cir. 2012).

Rule 12(c) allows a party to move for judgment on the pleadings "[a]fter the pleadings are closed" but "early enough not to delay trial." When considering a motion for judgment on the pleadings, the Court accepts as true all facts pleaded by the non-moving party and grants all reasonable inferences from the pleadings in favor of the non-moving party, but does not accept conclusory allegations of law. *Gallagher v. City of Clayton*, 699 F.3d 1013, 1016 (8th Cir. 2012); *Faibisch v. Univ. of Minnesota*, 304 F.3d 797, 803 (8th

Cir. 2002). "Judgment on the pleadings is appropriate if there is no material issue of fact to be resolved and the moving party is entitled to judgment as a matter of law." *Buddy Bean Lumber Co. v. Axis Surplus Ins. Co.*, 715 F.3d 695, 697 (8th Cir. 2013).

## II. Choice-of-Law

In an MDL, "the transferee court must apply the state law that would have applied to the individual cases had they not been transferred for consolidation." *In re Temporomandibular Joint Implants Prods. Liab. Litig.*, 97 F.3d 1050, 1055 (8th Cir. 1996); *see also In re Bair Hugger Forced Air Warming Devices Prods. Liab. Litig.*, 999 F.3d 534, 539 (8th Cir. 2021) (applying Texas's claim preclusion law rather than Minnesota's). Under PTO 5, though plaintiffs may directly file in this District, such direct filing is for purposes of pretrial proceedings only; it does not make the District of Minnesota the transferor court. Dkt. No. 5 ¶ 3. Rather, PTO 5 provides that the Court will apply Minnesota choice-of-law rules unless the plaintiff identifies in their initial complaint: (1) their current residence; (2) the date and location of the surgery at issue; and (3) the appropriate venue where the action would have been filed absent direct filing in this District. *Id.* ¶ 2. If that information is provided, the choice-of-law rules of the identified venue apply. *Id.*

Plaintiffs provided the information required by PTO 5. Minor's initial complaint identifies her residence as Oklahoma, alleges she had surgery on August 3, 2009, at St. John Owasso Hospital in Owasso, Oklahoma, and identifies the Northern District of Oklahoma as the proper venue absent direct filing. Minor Compl. ¶¶ 2, 5, 7. Paine's initial complaint likewise identifies her residence as Oklahoma, alleges she had surgery on December 13, 2010, at St. John Owasso Hospital in Owasso, Oklahoma, and also identifies the Northern District of Oklahoma as the proper venue absent direct filing. Paine

Compl. ¶¶ 2, 4, 6. Lastly, Taplin identified her residence as Oklahoma, alleges she had surgery on August 3, 2009, at Integris Baptist Medical Center in Oklahoma City, Oklahoma, and identifies the Western District of Oklahoma as the proper venue absent direct filing. Taplin Compl. ¶¶ 2, 5, 7. Accordingly, under PTO 5, Oklahoma choice-of-law rules govern.

Oklahoma applies the "most significant relationship" approach enumerated by the Restatement (Second) of Conflict of Laws § 145 to determine the applicable law in tort actions. *See Bernal v. Charter Cnty. Mut. Ins. Co.,* 2009 OK 28, ¶ 12, 209 P.3d 309, 315. Relevant considerations include: "(1) the place where the injury occurred, (2) the place where the conduct causing the injury occurred, (3) the domicile, residence, nationality, place of incorporation and place of business of the parties, and (4) the place where the relationship, if any, between the parties occurred." *Edwards v. McKee*, 76 P.3d 73, 75 (Okla. Ct. App. 2003) (quoting *Brickner v. Gooden*, 525 P.2d 632, 637 (Okla. 1974)). Here, the alleged injuries occurred in Oklahoma, Plaintiffs are domiciled in Oklahoma, and the surgery giving rise to the alleged injuries took place in Oklahoma. *See* Minor Compl. ¶¶ 2, 7-8; Paine Compl. ¶¶ 2, 6-7; Taplin Compl. ¶¶ 2, 7-8. Although 3M is not an Oklahoma entity, Oklahoma has the most significant relation to Plaintiffs' claims. Accordingly, Oklahoma law governs Plaintiffs' claims.

Oklahoma law also governs the applicable statute of limitations. In Oklahoma, the limitations period is determined by the "by the law of the place where the claim accrued or by the law of this state, whichever last bars the claim." 12 Okla. Stat. Ann. § 105. Because the events giving rise to Plaintiffs' claims occurred in Oklahoma, Oklahoma's statute of limitations applies. To the extent Minnesota procedural law may apply, the result

would be the same. Under Minnesota's borrowing statute, "Minnesota applies the limitations period of the state whose substantive law governs a claim." *Blake Marine Grp. v. CarVal Invs. LLC*, 829 F.3d 592, 595 (8th Cir. 2016) (citing Minn. Stat. § 541.31). Because Oklahoma's substantive law governs, the Court applies Oklahoma law, including Oklahoma's statutes of limitations, to Plaintiffs' claims.

## III. Motion for Leave to Amend

Because Plaintiffs' proposed amendments bear directly on the viability of their claims and, in turn, on 3M's Motion for Judgment on the Pleadings, the Court addresses Plaintiffs' motions for leave to amend first. As explained below, because all asserted claims are barred by the applicable statute of limitations, the Court finds that amendment would be futile. Accordingly, Plaintiffs' motions for leave to amend are denied.

### A. Counts I-XI

Counts I-III and VII-IX assert claims for negligence, failure to warn, design defect, negligent misrepresentation, fraudulent misrepresentation, and fraudulent concealment. Minor Prop. Am. Compl. ¶¶ 168-209, 242-75; Paine Prop. Am. Compl. ¶¶ 201-48, 282-317; Taplin Prop. Am. Compl. ¶¶ 167-208, 241-74. In Oklahoma "civil actions for torts may only be brought within two years after the cause of action accrues." *Fuchs v. Fleetwood Homes of Texas*, 149 P.3d 1099, 1101 (Okla. Ct. App. 2006).; *see* 12 Okla. Stat. Ann. § 95(A)(3). This two-year limitations period governs negligence, products liability, and fraud claims. *See, e.g., Cabinet Sols., L.L.C. v. Kelley*, 288 P.3d 254, 256 (Okla. Ct. App. 2012) ("The statute of limitations period applicable to Cabinet's claim of negligence is two years."); *Fuchs,* 149 P.3d at 1101 (noting that the two-year statutory period "applies to products liability cases"); *Jeter v. Wild W. Gas, LLC*, No. 12-CV-411,

2015 WL 5970992, at *7 (N.D. Okla. Oct. 14, 2015) ("Oklahoma has a two-year statute of limitations on fraud claims") (citing 12 Okla. Stat. Ann. § 95(A)(3)).

Counts IV-V assert claims for breach of express and implied warranty. Minor Prop. Am. Compl. ¶¶ 210-29; Paine Prop. Am. Compl. ¶¶ 249-69; Taplin Prop. Am. Compl. ¶¶ 209-28. Breach of warranty claims "must be commenced within five (5) years after the cause of action has accrued." 12A Okla. Stat. Ann. § 2-725(1).

In Count VI, Plaintiffs allege that 3M is liable under the Oklahoma Consumer Protection Act (OCPA) for engaging in unfair and deceptive conduct. Minor Prop. Am. Compl. ¶¶ 230-41; Paine Prop. Am. Compl. ¶¶ 270-81; Taplin Prop. Am. Compl. ¶¶ 229-40. Count XI asserts a claim for unjust enrichment. Minor Prop. Am. Compl. ¶¶ 279-81; Paine Prop. Am. Compl. ¶¶ 318-330; Taplin Prop. Am. Compl. ¶¶ 279-81. Under Oklahoma law, "OCPA and unjust enrichment claims are subject to a three-year statute of limitations." *Scott v. Coast Pro., Inc.*, No. CIV-19-00695, 2021 WL 3354454, at *2 (W.D. Okla. Aug. 2, 2021); 12 Okla. Stat. Ann. § 95(A)(2).

Generally, the statute of limitations begins to run at the time of injury. *Calvert v. Swinford,* 382 P.3d 1028, 1033 (Okla. 2016). Plaintiffs do not dispute that Counts I-XI were filed outside the applicable limitations periods. *See* Pls. Minor's and Taplin's Mem. in Opp'n 8-10; Pl. Paine's Mem. in Opp'n 5-23. Accordingly, Plaintiffs have waived any argument that those claims were timely filed absent tolling. *Doll v. Trellis Walnut Towers LLC*, No. 24-cv-136, 2024 WL 4355084, at *3 (D. Minn. Sept. 30, 2024) (collecting cases). Plaintiffs argue, however, that the statutes of limitations are tolled because 3M

fraudulently concealed the risks of the Bair Hugger device[4]. *See* Pls. Minor's and Taplin's Mem. in Opp'n 8-10; Pl. Paine's Mem. in Opp'n 24-25. The Court addresses each argument in turn.

### 1. Fraudulent Concealment

Under Oklahoma law, fraudulent concealment applies when a party wrongfully conceals material facts and thereby prevents discovery of the cause of action. *Waugh v. Guthrie Gas, Light, Fuel & Improvement Co.,* 131 P. 174, Syl. No. 2 (Okla. 1913). To toll the statute of limitations due to fraudulent concealment, there must be more than a "mere failure to disclose that the cause of actions exists." *Kansas City Life Ins. Co. v. Nipper*, 51 P.2d 741, 747 (Okla. 1935). Rather, there must be "some actual artifice to prevent knowledge of the fact; some affirmative act of concealment or some misrepresentation to exclude suspicion and prevent inquiry." *Id.* Moreover, a plaintiff "must not only show that [s]he did not know the facts constituting a cause of action, but that [s]he exercised reasonable diligence to ascertain said facts." *Masquat v. DaimlerChrysler Corp.*,195 P.3d 48, 55 (Okla. 2008) (quoting *Kansas City Life,* 51 P.2d 741 at 742). "'[I]f the means of knowledge exist and the circumstances are such as to put a man of ordinary prudence on inquiry, [then] there was knowledge of what could have been readily ascertained by such inquiry' and a plaintiff cannot successfully assert fraudulent concealment in answer to the defense of the statute of limitations." *Id.* (quoting *Kansas City Life,* 51 P.2d at 747).

---

[4] Paine separately argues that her claims are timely, invoking Oklahoma's discovery rule. *See* Pl. Paine's Mem. in Opp'n 5-15. Minor and Taplin do not assert delayed accrual under the discovery rule. Therefore, their claims accrued on the date of injury and are barred, absent tolling.

Plaintiffs do not plead the facts necessary to toll their claims. To begin with, a substantial portion of the conduct Plaintiffs rely on consists of omissions, not affirmative acts. Plaintiffs repeatedly allege that 3M failed to warn, failed to disclose, and failed to correct false impressions about the safety of Bair Hugger. *See, e.g.*, Minor Prop. Am. Compl. ¶ 133 ("3M failed to correct the false impression left by its statements and conduct[.]"); Paine Prop. Am. Compl. ¶ 148 (same); Taplin Prop. Am. Compl. ¶ 132 (same). That is not enough. *See Cole v. NIBCO, Inc.*, No. CV13787, 2016 WL 10536025, at *9 (D.N.J. Feb. 26, 2016) (rejecting the argument that defendant's failure to disclose alleged defects constituted an act of concealment sufficient to toll the limitations period).

Moreover, Plaintiffs fail to plausibly allege that 3M's conduct actually prevented them from bringing their claims. Plaintiffs do not identify what specific representation they encountered, when they encountered it, how it deterred them from investigating, or how it prevented them from filing within the applicable period. *See In re Cook Med., Inc.*, No. 1:14-ML-02570, 2024 WL 5089698, at *6 (S.D. Ind. Oct. 10, 2024) (affirming dismissal where plaintiff failed to allege that any fraudulent communications were conveyed directly to him). They do not allege that they sought information but were affirmatively misled in a manner that prevented suit. And they do not allege that any particular act by 3M caused them to forgo investigation or postpone filing. *See Cole*, 2016 WL 10536025, at *9 (holding plaintiff "failed to sufficiently plead fraudulent concealment under Oklahoma law, because he [did] not allege that the Defendant's purported misrepresentations prevented him from discovering his injuries.").

Nor do Plaintiffs plausibly allege that they exercised reasonable diligence. Plaintiffs were on notice of a potential claim when they first developed post-operative infections. At

that point, a reasonable person exercising due diligence would have investigated the cause of their infection. Indeed, in the years following their infections and resulting surgeries, Plaintiffs "could have requested and reviewed [their] medical records, and [they] could have sought medical and legal assistance to discover the Bair Hugger's alleged defects and alleged dangers." *Skinner v. 3M Co.*, No. 17-cv-2149, Dkt. No. 98 (D. Minn. Sept. 12, 2025) (holding that plaintiff's action was untimely where he developed an infection in 2012 but did not file suit until 2017). Plaintiffs fail to allege that they conducted any such inquiry. Instead, they rely on the conclusory assertion that 3M's conduct prevented discovery of their claims even through the exercise of due diligence. *See* Minor Prop. Am. Compl. ¶ 163; Paine Prop. Am. Compl. ¶ 178; Taplin Prop. Am. Compl. ¶ 162. That assertion is insufficient. Plaintiffs must plausibly allege both that 3M concealed material facts and that, despite exercising reasonable diligence, they were unable to discover those facts within the limitations period. *See Masquat*, 195 P.3d at 55. They have not done so.

Moreover, Plaintiffs' own allegations demonstrate that information relevant to their claims was publicly available. Plaintiffs cite twenty-four published studies, spanning from 1997 to 2022, that allegedly disclosed an increased risk of infection associated with the Bair Hugger device. Minor Prop. Am. Compl. ¶ 108; Paine Prop. Am. Compl. ¶ 122; Taplin Prop. Am. Compl. ¶ 107. Although Plaintiffs allege that 3M attempted to undermine or minimize any adverse publications, *see* Minor Prop. Am. Compl. ¶ 135; Paine Prop. Am. Compl. ¶ 150; Taplin Prop. Am. Compl. ¶ 134, their reliance on these studies demonstrates that information sufficient to trigger notice of a potential claim was readily available. *See Miller v. Glaxosmithkline,* No. 03-CV-393, 2005 WL 8174802, at *3 (N.D.

Okla. Jan. 27, 2005) (noting that "[t]he fact the link between Paxil and suicidality was published in medical journals may create an inference that Plaintiffs were negligent in failing to discover their cause of action").[5] Although not dispositive, those allegations further undermine any contention that the alleged basis for Plaintiffs' claims was undiscoverable through the exercise of reasonable diligence.

Paine's additional allegations do not alter this conclusion. She alleges that she did "did not perform any internet or other research about the Bair Hugger or the potential cause of her [PJI]" because she was unaware that a Bair Hugger device had been used during her surgery and because her physicians advised her before surgery that, given her body habitus and prior history of infection, she faced an increased risk of developing a post-operative infection. Paine Prop. Am. Compl. ¶ 187. Accepting these allegations as true, they explain why Paine initially attributed her infection to her pre-existing risk factors. They do not, however, plausibly establish that she exercised reasonable diligence so as to toll the statute due to fraudulent concealment. Fraudulent concealment does not toll the statute merely because a plaintiff believes she already knows the cause of her injury or because an alternative explanation appears more likely. Rather, once a plaintiff is aware of the injury and possesses facts sufficient to place a reasonable person on inquiry notice, she must exercise reasonable diligence to investigate its cause. *See Masquat*,

---

[5] In *Miller*, the court ultimately rejected the defendant's notice argument because the defendant simultaneously argued that the medical articles on which it relied were inadmissible at trial as unreliable. 2005 WL 8174802, at *3. Given that position, the court concluded the defendant could not contend that those same articles were sufficient to place the plaintiffs on notice of their claims for purposes of summary judgment. *Id.* No such inconsistency exists here. Plaintiffs do not allege that the studies they cite are unreliable; to the contrary, they rely on those studies as substantive support for their allegations.

195 P.3d at 55. Paine alleges no facts showing that she undertook any investigation or that reasonable diligence would have been unavailing. Instead, she alleges only that she accepted her physicians' explanation and conducted no investigation into the alleged root cause of her infection. Paine Prop. Am. Compl. ¶ 49. Those allegations are insufficient to plausibly invoke fraudulent concealment.

In sum, Plaintiffs fail to adequately allege facts sufficient to invoke fraudulent concealment. Their allegations do not establish affirmative acts of concealment and do not show that 3M's conduct actually prevented timely filing. Minor and Taplin do not plausibly allege that they exercised reasonable diligence or that, despite such diligence, they were unable to discover facts sufficient to place them on inquiry notice of their claims. Although Paine alleges additional facts explaining why she initially attributed her infection to other causes, she likewise fails to plausibly allege that she exercised reasonable diligence to investigate the cause of her injury. Accordingly, fraudulent concealment does not toll the limitations periods applicable to Counts I-XI.[6]

**2. The Discovery Rule**

Paine separately argues her claims are timely under Oklahoma's discovery rule. *See* Pl. Paine's Mem. in Opp'n 5-15. The discovery rule delays accrual "until the injured party knows or, in the exercise of reasonable diligence, should have known of the injury." *Resol. Tr. Corp. v. Grant*, 901 P.2d 807, 813 (Okla. 1995). The rule requires more than

---

[6] Because Plaintiffs fail to specifically identify what fraudulent misrepresentations were made to them, when they were communicated, and how they were communicated, their argument that the statute of limitations should be tolled due to fraudulent concealment independently fails under Rule 9(b). *See Summerhill v. Terminix, Inc.*, 637 F.3d 877, 880 (8th Cir. 2011) (holding that "allegations of fraud, including fraudulent concealment for tolling purposes, [must] be pleaded with particularity") (citation omitted).

mere awareness that an injury occurred. Rather, under Oklahoma's discovery rule the statute of limitations begins to run upon the "acquisition of sufficient information which, if pursued, would lead to the *true condition of things*[.]" *Daugherty v. Farmers Co-op. Ass'n*, 689 P.2d 947, 950-51 (emphasis added) (Okla. 1984). The "[s]tatutes of limitations were not designed to help those who refrain from prosecuting inquiries plainly suggested by the facts, and thus the Plaintiff is chargeable with knowledge of facts which [s]he ought to have discovered in the exercise of diligence." *Queri v. Midwest City Mem'l Hosp*., 839 P.2d 688, 690 (Okla. Ct. App. 1995). Once a defendant shows that the action was filed outside the applicable limitations period, "the plaintiff [] bears the burden of proving that the discovery rule tolls accrual long enough to make the action within time." *Kester v. Janssen Pharms., Inc*., No. CIV-20-00283, 2022 WL 1597162, at *3 (E.D. Okla. May 19, 2022) (granting motion to dismiss where plaintiff failed to plausibly allege facts sufficient to invoke the discovery rule). Conclusory allegations that the discovery rule applies are insufficient. *See Boettcher v. Conoco Phillips, Co*., 721 F. App'x 823, 825 (10th Cir. 2018) (affirming dismissal where "[plaintiffs'] amended complaint contain[ed] only a conclusory statement as to the application of the discovery rule and lack[ed] any factual allegations relevant to the [plaintiffs'] exercise of reasonable diligence.").

Paine fails to plausibly allege facts sufficient to invoke the discovery rule. As explained above, Paine does not plausibly allege that she exercised reasonable diligence to discover her injury. She merely asserts that even if she had exercised due diligence, she would have been unable to discover the facts necessary to file suit. Paine Prop. Am. Compl. ¶ 194. Such conclusory allegations do not plausibly invoke the discovery rule. *See Boettcher*, 721 F. App'x at 825. Paine's argument that the statute of limitations did

not begin to run until she discovered the alleged cause of her injury is unavailing. Oklahoma law is clear that the discovery rule does not delay accrual until a plaintiff learns the precise mechanism of injury or identifies the exact defective product responsible. *See AMC W. Hous. LP v. NIBCO, Inc.*, No. CIV-18-959-D, 2019 WL 4491331, at *5 (W.D. Okla. Sept. 18, 2019) (granting a motion to dismiss in products liability action involving plumbing tubing because the "[p]laintiff's asserted failure to know the exact cause of the leaks [did] not toll the running of the statute of limitations."); *see also Samuel Roberts Noble Found., Inc. v. Vick*, 840 P.2d 619, 625 (Okla. 1992) (holding that the limitations period began when the plaintiff became aware that floor tiles were popping off and doors were sticking even though the "exact source of the problem was unknown until the independent report was completed"). Rather, once Paine developed her infection, she was on notice of her alleged injury and Oklahoma law required her to exercise reasonable diligence to investigate its cause. *See Ryals v. State Farm & Cas. Co.,* No. 08-CV-91, 2008 WL 4542886, at *2 (N.D. Okla. Oct. 7, 2008) ("Even under the discovery rule. . . a plaintiff is required to pursue claims with diligence.") (citing *Daugherty*, 689 P.2d at 951). Paine could have requested and reviewed her medical records and sought legal or medical advice to determine the cause of her infection. Her failure to do is fatal to her claims. *See In re Mentor Corp.Obtape Transobturator Sling Prods. Liab. Litig.*, No. 2004408MD2004, 2015 WL 5468696, at *2 (M.D. Ga. Sept. 16, 2015) (holding discovery rule did not apply where plaintiff failed to "exercise reasonable care and diligence to discover her cause of action"); *see also Hi-Tex, LLC v. Vorel*, No. CIV-21-1125, 2025 WL 1679640, at *9 (W.D. Okla. June 13, 2025) ("When a plaintiff, despite awareness of an injury, has failed with reasonable diligence to ascertain its cause, Oklahoma courts have

not hesitated to apply the bar of the statute of limitations.") (quoting *Bryer v. ConocoPhillips, Co.*, No. CIV-15-1218, 2017 WL 5203043, at *5 (W.D. Okla. May 9, 2017), aff'd, 725 F. App'x 645 (10th Cir. 2018)).

Paine's reliance on *Miller* is unpersuasive. In *Miller*, the plaintiff alleged that the prescription drug Paxil caused her to attempt suicide and sustain serious injuries. *See* 2005 WL 8174802, at *1. The court found that the discovery rule applied because, although the plaintiff was immediately aware of her injuries, she did not have "sufficient information to be put on notice that the defendant may have *caused* her injury." *Id.* at *2. Rather, the evidence showed that the plaintiff diligently investigated the cause of her suicidal behavior, and "[a]t no time during this investigation did Plaintiffs' attorneys, health care providers, or the experts evaluating [her] case suggest that [her] suicide attempt was linked with her use of Paxil." *Id.* at *3. The circumstances here are materially different. Unlike the plaintiff in *Miller*, Paine does not allege that she undertook any investigation into the cause of her infection, consulted experts, reviewed her medical records, or otherwise pursued information that might have revealed a potential connection to the Bair Hugger device. To the contrary, she affirmatively alleges that she conducted no research because she attributed the infection to her preexisting risk factors. Paine Prop. Am. Compl. ¶ 49. *Miller* does not support tolling where, as here, a plaintiff possessed facts sufficient to prompt an inquiry but failed to undertake one.

Because Paine has failed to plausibly allege that she exercised reasonable diligence in investigating the cause of her injury, Oklahoma's discovery rule does not delay the accrual of her claims. Accordingly, Counts I-XI remain barred under the statute of limitations.

**B. Count X**

Count X asserts a claim for loss of consortium. Minor Prop. Am. Compl. ¶¶ 276-78; Taplin Prop. Am. Compl. ¶¶ 276-78. Because Plaintiffs' claims are barred by the statute of limitations, so too are their spouses' claims barred. *See Lewis v. Dust Bowl Tulsa, LLC*, 377 P.3d 166, 170 n. 3 (Okla. Ct. App. 2016) ("The viability of Mrs. Lewis' loss of consortium claim depends on the success of Mr. Lewis' negligence claim.").

**C. Conclusion as to Amendment**

As explained above, all of Plaintiffs' proposed amendments are barred by Oklahoma's statutes of limitations, and the Court finds that there is no plausible basis for tolling. Because each of the proposed claims is time-barred, amendment would be futile as those claims could not withstand a Rule 12(b)(6) motion to dismiss. *See Wong v. Wells Fargo Bank N.A.*, 789 F.3d 889, 897 (8th Cir. 2015) ("A court may dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) as barred by a statute of limitations if the complaint itself shows that the claim is time-barred."). Accordingly, the Court denies Plaintiffs' motions for leave to amend.

**IV. Motion for Judgment on the Pleadings**

Having found that Plaintiffs' proposed amended complaints would be futile, the Court turns to 3M's Motion for Judgment on the Pleadings. 3M argues that Plaintiffs' claims are either barred by Oklahoma's statutes of limitations or otherwise fail as a matter of law. *See* Defs.' Mem. 7-23. Plaintiffs counter that the motion is premature and should not be considered at this stage. *See* Pls. Minor's and Taplin's Mem. in Opp'n 3-10; Pl. Paine's Mem. in Opp'n 5-25. As explained below, the Court finds the motion is not premature, that Counts I-IV and IX-XIV are barred by Oklahoma's statutes of limitations,

and that Counts V-VIII fail as a matter of law. Accordingly, the Court recommends that 3M's Motion for Judgment on the Pleadings be granted in its entirety.

**A. Timing of the Rule 12(c) Motion**

Plaintiffs argue that 3M's Motion for Judgment on the Pleadings is premature. *See* Pls. Minor's and Taplin's Mem. in Opp'n 3-8; Pl. Paine's Mem. in Opp'n 18-23. The Court has found that 3M's motions for judgment on the pleadings are not premature. R. & R. 5-10, Dkt. No. 3445. Rather than restating its analysis here, the Court incorporates its prior analysis by reference. *See id.*

**B. Counts I-IV and IX-XIV**

In Counts I-IV and IX-XIV, Plaintiffs assert claims for negligence, strict liability, breach of express warranty, breach of implied warranty of merchantability, consumer fraud and deceptive trade practices under Oklahoma law, negligent misrepresentation, fraudulent misrepresentation, fraudulent concealment, loss of consortium, and unjust enrichment. Minor Compl. 3-4; Paine Compl. 3-4; Taplin Compl. 3-4. These claims fail for the same reasons set forth above. *See supra* Part III.A-B.

Because Counts I-IV and IX-XIV are barred by Oklahoma's statutes of limitations and are not subject to tolling, the Court recommends that 3M's motion be granted as to those counts.

**C. Counts V-VIII**

Counts V-VIII assert claims under the Minnesota Prevention of Consumer Fraud Act, the Minnesota Deceptive Trade Practices Act, the Minnesota Unlawful Trade Practices Act, and the Minnesota False Advertising Act. Minor Compl. 4; Paine Compl. 4; Taplin Compl. 4. "[N]amed plaintiffs lack standing to assert claims under the laws of the

states in which they do not reside or in which they suffered no injury." *Rouse v. H.B. Fuller Co.*, 694 F. Supp. 3d 1149, 1156 (D. Minn. 2023) (quoting *Ferrari v. Best Buy Co.*, 14-cv-2956, 2015 WL 2242128 at *9 (D. Minn. May 12, 2015)). Furthermore, "there is a presumption against the extra-territorial application of a state's statutes." *Johannessohn v. Polaris Indus., Inc.*, 450 F. Supp. 3d 931, 961-62 (D. Minn. 2020) (quoting *Arnold v. Cargill, Inc.*, No. CIV. 012086, 2002 WL 1576141, at *2 (D. Minn. July 15, 2002)).

Here, Plaintiffs cannot assert claims under Minnesota's consumer protection statutes. Plaintiffs are Oklahoma residents and their alleged injuries occurred in Oklahoma. Courts have repeatedly held that nonresidents may not assert claims under Minnesota's consumer protection statutes where the alleged injury or conduct occurred outside of Minnesota. *See, e.g., Butler v. 3M Co.*, No. 2:24-CV-01587, 2024 WL 5054884, at *5 (S.D. Ohio Dec. 9, 2024) (holding a nonresident lacked standing to assert claims under Minnesota's consumer protection statutes because the alleged injury occurred out-of-state); *Rouse*, 694 F. Supp. 3d at 1157 (same); *Ferrari*, 2015 WL 2242128 at *10 (same); *In re Syngenta AG MIR 162 Corn Litig.*, 131 F. Supp. 3d 1177, 1233-34 (D. Kan. 2015). Accordingly, the Court recommends the motion be granted as to Counts V-VIII.

**ORDER**

For the reasons set forth above, **IT IS HEREBY ORDERED:**

1. Plaintiff Roberta Minor's Motion for Leave to Amend Complaint (Dkt. No. 9, 17-cv-2033) is **DENIED**.

2. Plaintiff Sharon Paine's Motion for Leave to Amend Complaint (Dkt. No. 10, 18-cv-0069) is **DENIED**.

3. Plaintiff Janice Taplin's Motion for Leave to Amend Complaint (Dkt. No. 9, 17-cv-2848) is **DENIED**.

## RECOMMENDATION

For the reasons set forth above, the Court RECOMMENDS THAT: Defendants' Motion for Judgment on the Pleadings (Dkt. No. 3179) be GRANTED in its entirety and WITH PREJUDICE.

Dated: August 5, 2026

s/ David T. Schultz
DAVID T. SCHULTZ
United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court. It is not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).