**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| IN RE: Bair Hugger Forced Air Warming Products Liability Litigation | **No. 15-md-2666-JNE-DTS** |
| This Document Relates to the Following Case: *Carosone*, 17-cv-2921 | **District Judge Joan N. Ericksen** **Magistrate Judge David T. Schultz** |

# PLAINTIFF'S OBJECTIONS TO REPORT AND RECOMMENDATION REGARDING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS AND PLAINTIFFS' MOTIONS FOR LEAVE TO AMEND AS TO PLAINTIFF PATRICK CAROSONE, ONLY

Plaintiff, Patrick Carosone, only, by and through undersigned counsel, respectfully objects to portions of the Report and Recommendation ("R&R") issued on July 22, 2026 (ECF No. 3537) as set forth below.

## LEGAL STANDARD

Upon a filing of a Report and Recommendation ("R&R") by a Magistrate Judge, "[a] party may serve and file objections to the order within 14 days after being served with a copy." Fed. R. Civ. P. 72(a); *accord* D. Minn. LR 72.2(a)(1). This Court "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *accord* D. Minn. LR 72.2(a)(3). "A decision is clearly erroneous when, after reviewing the entire record, a court 'is left with the definite and firm conviction that a mistake has been committed.'" *Thorne v. Wyeth*, Civil No. 06–3123, 2007 WL 1455989, at *1 (D. Minn. May 15, 2007) (quoting *United States v. U.S.*

*Gypsum Co.*, 333 U.S. 364, 395 (1948)). And "[a] decision is 'contrary to law' when it 'fails to apply or misapplies relevant statutes, case law or rules of procedure.'" *Knutson v. Blue Cross & Blue Shield of Minn.*, 254 F.R.D. 553, 556 (D. Minn. 2008) (quoting *Transamerica Life Ins. Co. v. Lincoln Nat'l Life Ins. Co.*, 592 F. Supp. 2d 1087, 1093 (N.D. Iowa 2008)).

## ARGUMENT

### I. The Dismissal of all of Plaintiff's Asserted Claims as Time Barred is Erroneous and Contrary to Law

The R&R's recommendation that all of Plaintiff's asserted claims are time-barred is clearly erroneous and contrary to law. ECF No. 3537 at 7-13. The R&R found that Plaintiff's claims are not subject to New York's discovery rule that was enacted to address toxic torts and is applicable to injuries "caused by the latent effects of exposure to any substance or combination of substances[.]" N.Y. C.P.L.R. § 214(c)(2). *Id* at 7 (*see* footnote 4). Further, the R&R found that governing case law does not hold Plaintiff Carosone's injury within the meaning of toxic torts, and that Carosone waived his right to assert that the discovery rule is applicable by failing to argue to the contrary. *Id* at 7-8. Respectfully, Plaintiff disagrees with the R&R that his injury was not caused by the latent effects of exposure to "[a] substance or combination of substances" and furthermore disagrees that he has failed to argue to the contrary such that he has conceded as much and that amendment to his complaint would be futile. *Id.*

#### A. The R&R's Waiver Analysis of § 214(c)(2) is Clearly Erroneous and Contrary to Law

The R&R incorrectly relies on *Doll v. Trellis Walnut Towers LLC* to find a

concession by omission (injury did not arise from latent exposure to a substance within the meaning of § 214 (c)(2)). *Id* at 7-9, 12-13. In *Doll*, dismissal under Rule 12 was required because the complaint lacked concrete, foundational factual allegations. *Doll v. Trellis Walnut Towers LLC*, 2024 WL 4355084 (D. Minn. Sept. 30, 2024). The plaintiffs filed opposition briefs that did not respond to arguments raised in the defendants' motion but merely repeated baseline factual allegations and boilerplate legal standards. While ultimately declining to rely on a finding of waiver to grant defendants' Rule 12(b)(6) motion, the judge found that plaintiffs' brief in opposition to the motion, which "advance[d] no discernable argument responsive to the dismissal grounds" raised by the defendants, "raise[d] a waiver problem." *Id* at *7. Here, there is a vast difference between the facts of *Doll* and Carosone's opposition brief. Where the Court found in *Doll* that plaintiffs had advanced no discernable argument, here, Carosone has aggressively opposed dismissal. His opposition presented localized facts, raised critical timing arguments regarding Master Pretrial Orders (PTOs), challenged the selective nature of Defendants' non-remand Rule 12(c) motions, and explicitly requested leave to amend based on ongoing MDL discovery. Pl.'s Memo. In Opp'n 3-10. Because discernable arguments were provided, applying *Doll* to find waiver is clearly erroneous.

The R&R's waiver finding directly conflicts with *Minnesota Chamber of Commerce v. Choi*, which holds that where a party's underlying briefings or related legal points already encapsulate or closely mirror the disputed issue, "the parties can't be faulted for not providing extensive analysis" and waiver does not apply. No. 23-cv-2015 (ECT/TNL), 2025 WL 4355084, at *3 (D. Minn. Feb. 7, 2025). Defendants explicitly stated their motion

was intended to "cull the MDL of meritless cases by identifying and dismissing claims that are time-barred on their face." *Id* at Defs.' Mem. at 2, Dkt. No. 3187. The core issue of when the injury occurred was already actively briefed and disputed across all of Plaintiff's foundational filings, including Pretrial Order #8 (Master Long Form Complaint) and the Short Form Complaint (stating contaminants were introduced into an open wound resulting in a PJI). *See* Pretrial Order #8 – Master Long Form Complaint and Jury Demand at 4-13 (Defendant's Bair Hugger air filtration system's reduced efficiency resulted in internal airflow pathways *contaminated with pathogens* but held on their website through at least 2016 false and misleading statements regarding concerns of the Bair Hugger's air flow's propensity to entire the sterile field); Carosone's Short Form Complaint filed July 14, 2017 at 2 ("*Contaminants* introduced into [Carosone's] open surgical wound [resulted] in Plaintiff developing a periprosthetic joint infection ("PJI") (*emphasis added*).

Under the rule established in *Choi*, omitting an explicit statutory citation to § 214-c(2) or the word "discovery" in an opposition brief does not constitute a waiver when the underlying defense is being actively contested. By failing to apply the limiting principles of *Choi*, the R&R's waiver finding is explicitly contrary to law.

### B. The R&R's Recommendation that Amendment Would be Futile is Clearly Erroneous and Contrary to New York Law

The R&R's conclusion that Plaintiff's claims are time-barred under a standard three-year personal injury limitations period and therefore renders amendment futile is clearly erroneous and contrary to law. ECF No. 3537 at 8-9. The R&R mischaracterizes Plaintiff's injury as an immediate medical device malfunction governed by the symptom-onset rule,

failing to apply New York's statutory toxic tort discovery rule.

Under New York law, the statutory discovery rule governs personal injuries caused by the "latent effects of exposure to any substance or combination of substances." N.Y. C.L.P.R. § 214-c(2) Crucially, the statute defines exposure to include "direct or indirect exposure by absorption, contact, ingestion, inhalation, *implantation* or injection." § 214-(c)(1) (emphasis added). By explicitly including the word "implantation," the New York Legislature intentionally extended this protection to latent biological processes initiated during medical procedures.

The R&R improperly relies on standard medical device cases like *Perciballi v. Ethicon, Inc.*, No. 20-cv-5178, 2021 WL 810339, at *4 (E.D.N.Y. Mar. 3, 2021) and *Baker v. Stryker Corp.*, 770 F. App'x 12, 14 (2d Cir. 2019). In those cases, the plaintiffs' injuries were caused by immediate mechanical trauma that included pelvic mesh that had been placed in one plaintiff's body and eroded, and a jaw implant that structurally failed against body tissue. Here, Carosone does not allege a mechanical failing resulting from an implanted device. Instead, he alleges injury because of a biological contaminant that *implanted* into his body due to the Bair Hugger devices and its forced-air mechanism. *Id* at Pretrial Order #8 – Master Long Form Complaint and Jury Demand at 4-13, Carosone's Short Form Complaint filed July 14, 2017 at 2.

Whether the Bair Hugger's forced-air mechanism causes injury via latent exposure to disrupted airborne biological contaminants or whether it acts as a standard medical device malfunction, presents a foundational, unresolved, dispute of scientific fact deeply embedded in the merits of this MDL. *In re Bair Hugger Forced Air Warming Devices*

*Products Liability Litigation*, 9 F.4th 768, 774 (8th Cir. 2021), *cert. denied*, 142 S. Ct. 2731 (2022).[1]

Under *Giordano v. Market America, Inc.*, 15 N.Y.3d 590 (2010), the New York Court of Appeals held that § 214-c is designed precisely for cases where the latency of a substance's effect prevents a plaintiff from recognizing a timely claim. Pathogens do not cause immediate structural trauma; they incubate, colonize, and progress over a latent period. This mimics the leaking silicone mechanism in *In re New York County Silicone Breast Implant Litigation*, 227 A.D.2d 310 (1st Dep't 1996), where courts applied § 214-c because a device introduced a substance that caused a subsequent, hidden biological disease.

Defendants' own briefing recognizes that this specific mechanism of injury in this case involves a latent infection. *See* Defendants' Omnibus Motion, Doc. 2945 (seeking summary judgment on "cases involving infections with greater than 90-day latencies, meaning infections that did not clinically develop until more than 90 days after the index surgery, consistent with CDC's definition of surgical site infections following orthopedic surgery…"). As discussed herein, this matter involves claims that do not fall within the typical category of an implanted medical device or ingested pharmaceutical product; rather, it involves injury caused by a medical device used by the surgical team (typically anesthesia) during a surgery. Whether injuries caused by alleged defects in the Bair Hugger

[1] Given the factual disagreement between Defendants and all Plaintiffs regarding whether internal biological accumulation escapes the Bair Hugger system, the court outlined a four-premise chain necessary to prove the "dirty machine" theory that necessitates whether it occurred to be tested via cross-examination. *Id* at 783-785.

device that cause latent development of an infection by biological contaminants circulated by that Bair Hugger device fall within New York's discovery rule is a novel question that should be resolved, at the very least, at the summary judgment stage on an *Erie* guess following adequate discovery on these issues, or, alternatively, on a certified question to the New York State Court of Appeals.

By bypassing this fact-intensive scientific inquiry on the pleadings and applying a rigid, mechanical symptom-onset rule, the R&R committed a clear error of law. Because § 214-c(2) properly governs this dispute, Plaintiff's proposed amendments are not futile, and the R&R must be rejected.

## **CONCLUSION**

For the foregoing reasons, Plaintiff Patrick Carosone respectfully requests that this Court reject the portions of the Report and Recommendation identified herein. The Court should find that Plaintiff has not waived his arguments under N.Y. C.P.L.R. § 214-c, deny Defendants' Motion for Judgment on the Pleadings, and grant Plaintiff's Motion for Leave to Amend.

Dated: August 5, 2026,

Respectfully submitted,

*/s/ Emma Sikora Paulus*

Emma Sikora Paulus (74362MO)
BROWN AND CROUPPEN, P.C.
4900 Daggett Avenue
St. Louis, MO 63110
Phone: (314) 561-6260
emmas@getbc.com

*Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

I, Emma Sikora Paulus, hereby certify that on August 5, 2026, I electronically filed the foregoing Certificate of Compliance with the Clerk of Court using the CM/ECF System, which will send notification to all counsel of record.

*/s/ Emma Sikora Paulus*
Emma Sikora Paulus