UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

In re: BAIR HUGGER FORCED AIR                     MDL No. 15-2666 (JNE/DTS)
WARMING DEVICES PRODUCTS                          ORDER
LIABILITY LITIGATION

This Document Relates to:

1.    Case No. 16-cv-699 (Robinson v. 3M Company et al)
2.    Case No. 16-cv-1037 (Kostera v. 3M Company)
3.    Case No. 16-cv-3460 (Walker v. 3M Company et al)
4.    Case No. 16-cv-3636 (Miller v. 3M Company et al)
5.    Case No. 16-cv-4036 (Ward v. 3M Company et al)
6.    Case No. 16-cv-4373 (Kendall et al v. 3M Company et al)
7.    Case No. 17-cv-784 (Stanford v. 3M Company et al)
8.    Case No. 17-cv-828 (Watkins v. 3M Company et al)
9.    Case No. 17-cv-1187 (Brunner v. 3M Company et al)
10.   Case No. 17-cv-1213 (Logan v. 3M Company et al)
11.   Case No. 17-cv-1225 (Petta v. 3M Company et al)
12.   Case No. 17-cv-2538 (Valentine v. 3M Company et al)
13.   Case No. 17-cv-2625 (Resso v. 3M Company et al)
14.   Case No. 17-cv-2750 (Godfrey et al v. 3M Company et al)
15.   Case No. 17-cv-3396 (Mitchell et al v. 3M Company et al)
16.   Case No. 17-cv-4238 (Edwards v. 3M Company et al)
17.   Case No. 17-cv-4587 (Knight et al v. 3M Company et al)
18.   Case No. 17-cv-5282 (Fort v. 3M Company et al)
19.   Case No. 18-cv-553 (Turner et al v. 3M Company et al)
20.   Case No. 18-cv-899 (Franklin v. 3M Company et al)
21.   Case No. 18-cv-1456 (Manheim v. 3M Company et al)
22.   Case No. 18-cv-2702 (Pettersen et al v 3M Company et al)
23.   Case No. 18-cv-3409 (Shehan v. 3M Company et al)
24.   Case No. 23-cv-984 (O'Donnell v. 3M Company et al)
25.   Case No. 24-cv-1997 (Gurgick v. 3M Company et al)

Asserting that the plaintiffs in many actions failed to comply with Pretrial Order

No. 23 ("PTO 23") and Rules 25(a) and 41(b) of the Federal Rules of Civil Procedure,

Defendants 3M Company and Arizant Healthcare, Inc., moved to dismiss the actions or

1

the claims of the lead plaintiff.[1]  For the reasons set forth below, the Court grants in part and denies in part the motion.

## I.      Background

"If a party dies and the claim is not extinguished, the court may order substitution of the proper party.  A motion for substitution may be made by any party or by the decedent's successor or representative."  Fed. R. Civ. P. 25(a)(1).  PTO 23, issued in January 2018, expands on the procedures for substitution.  MDL ECF No. 1039.  It instructs plaintiffs as to the filing and content of both the motion for substitution and a "suggestion of death."  *Id.*  It warns that noncompliance with these directives "will entitle Defendants to request a dismissal of plaintiff's action with prejudice in accordance with Fed. R. Civ. P. 25(a)."  *Id.*

In relevant part, PTO 23 requires plaintiff's counsel to file a suggestion of death "[w]ithin ninety days of [its] entry . . . or the death of a plaintiff, whichever is later."  *Id.*  The suggestion of death must identify "the plaintiff and describe[] the time, date, and circumstances of the plaintiff's death."  *Id.*  PTO 23 and Rule 25 require that a motion for substitution be filed within ninety days of the filing of the suggestion of death.  A motion for substitution must (1) identify the proposed substitute, (2) explain why the proposed substitute is a proper party, and (3) explain why the death of the named plaintiff did not extinguish the claim under the applicable state laws.

---

[1]      Defendants listed 30 actions in their motion.  Five of them—Case Nos. 17-cv-494, 17-cv-3106, 17-cv-3803, 17-cv-4466, and 19-cv-830—are not listed above.  As to Case No. 19-cv-830, the relief sought was previously granted.  The other four have been dismissed.

Plaintiffs moved to eliminate the ninety-day deadline for filing the suggestion of death, arguing that compliance with PTO 23 is sometimes impossible when a plaintiff relocates or experiences health issues and fails to respond to counsel's communications. Pls.' Mot. to Amend, Sept. 19, 2018, MDL ECF No. 1517. The Court denied Plaintiffs' motion to amend PTO 23. Order, Dec. 4, 2018, MDL ECF No. 1614. The Court acknowledged, however, that it "excuses noncompliance with PTO 23 when compliance is impossible" or where a plaintiff provides "detailed diligent and good faith efforts to comply with the deadlines in PTO 23 and Rule 25." *Id.* at 1–2.

In July 2019, the Court entered summary judgment in Defendants' favor. In August 2021, the United States Court of Appeals for the Eighth Circuit "reverse[d] the grant of summary judgment in favor of 3M." *In re Bair Hugger Forced Air Warming Devices Prods. Liab. Litig.*, 9 F.4th 768, 773 (8th Cir. 2021). The Eighth Circuit issued the mandate in November 2021. The parties subsequently "agree[d] that the substitution requirements set forth on PTO No. 23 will resume as of February 18, 2022. Specifically, within 90 days of a plaintiff's death or February 18, 2022, whichever is later, Plaintiffs shall file suggestions of death."

## II.    Legal Standard

If a plaintiff fails to prosecute or comply with PTO 23, the Court may dismiss the case. Fed. R. Civ. P. 41(b). Such dismissal may be with prejudice "in cases of willful disobedience of a court order or where a litigant exhibits a pattern of intentional delay." *Hunt v. City of Minneapolis*, 203 F.3d 524, 527 (8th Cir. 2000). This does not require a "find[ing] that the [plaintiff] acted in bad faith, but requires 'only that he acted

3

intentionally as opposed to accidentally or involuntarily.'" *Id.* (citation omitted).  The

Court excuses noncompliance where plaintiffs have demonstrated excusable neglect or

impossibility to comply with PTO 23's deadline.  Order 7, Oct. 26, 2018, MDL ECF No.

1566 ("Without evidence of a reasonable and good faith process for ascertaining whether

or not a client is alive, the Court cannot find that either excusable neglect or impossibility

justify noncompliance with PTO 23.").

## III.    Discussion

A.    Defendants asserted that the plaintiffs in many actions failed to file timely

suggestions of death or motions to substitute.  Defendants moved to dismiss the actions

or the claims of the lead plaintiff.

**Case No. 16-cv-699**—Plaintiff Robinson died in February 2022.  A suggestion of

death was filed in June 2025.  No motion to substitute has been filed.  The Court

dismisses Case No. 16-cv-699.

**Case No. 16-cv-1037**—Plaintiff Kostera died in January 2025.  A suggestion of

death was filed in March 2025.  No motion to substitute has been filed.  The Court

dismisses Case No. 16-cv-1037.

**Case No. 16-cv-3460**—Plaintiff Walker died in September 2024.  Defendants filed

a suggestion of death in October 2025.  The next month, Walker's attorney filed one.  No

motion to substitute has been filed.  The Court dismisses Case No. 16-cv-3460.

**Case No. 16-cv-3636**—Plaintiff Miller died in January 2024.  Defendants filed a

suggestion of death in October 2025.  The next month, Miller's attorney filed one.  No

motion to substitute has been filed.  The Court dismisses Case No. 16-cv-3636.

**Case No. 16-cv-4036**—Plaintiff Ward died in November 2020.  A suggestion of death was filed in June 2025.  No motion to substitute has been filed.  The Court dismisses Case No. 16-cv-4036.

**Case No. 16-cv-4373**—Plaintiff Hazel Kendall died in August 2025.  Defendants filed a suggestion of death in November 2025.  No motion to substitute has been filed. The Court dismisses the claims of Hazel Kendall.

Defendants moved to dismiss the claims of Plaintiff John Kendall because they "are derivative of and dependent on the success of the primary plaintiff's claim."  The Court dismisses the claims of John Kendall.  *See Trivette v. Yount*, 735 S.E.2d 306, 313 (N.C. 2012).

**Case No. 17-cv-784**—Plaintiff Stanford died in September 2020.  A suggestion of death was filed in June 2025.  No motion to substitute has been filed.  The Court dismisses Case No. 17-cv-784.

**Case No. 17-cv-828**—Plaintiff Watkins died in September 2021.  A suggestion of death was filed in June 2025.  No motion to substitute has been filed.  The Court dismisses Case No. 17-cv-828.

**Case No. 17-cv-1187**—Plaintiff Harold Brunner died in December 2024.  A suggestion of death was filed in June 2025.  No motion to substitute has been filed.  The Court dismisses the claims of Harold Brunner.

Defendants moved to dismiss the "[e]ntire [a]ction," but they did not address the claims of Plaintiff Evelyn Brunner.[2]  The Court denies their motion to dismiss her claims.

**Case No. 17-cv-1213**—Plaintiff Logan died in January 2025.  A suggestion of death was filed in May 2025.  No motion to substitute has been filed.  The Court dismisses Case No. 17-cv-1213.

**Case No. 17-cv-1225**—Plaintiff Petta died in February 2019.  A suggestion of death was filed in April 2019.  No motion to substitute has been filed.  The Court dismisses Case No. 17-cv-1225.

**Case No. 17-cv-2538**—Plaintiff Valentine died in April 2025.  A suggestion of death and a motion to substitute were filed in July 2025 and September 2025, respectively.  The motion was denied without prejudice to filing an amended one that demonstrates the proposed substitute plaintiff is a proper party.  No such motion has been filed.  The Court dismisses Case No. 17-cv-2538.

**Case No. 17-cv-2625**—Plaintiff Resso died in February 2025.  A suggestion of death was filed in April 2025.  No motion to substitute has been filed.  The Court dismisses Case No. 17-cv-2625.

**Case No. 17-cv-2750**—Plaintiff Geary Godfrey died in July 2025.  Defendants filed a suggestion of death in November 2025.  No motion to substitute has been filed.

---

[2]     The complaint's caption identifies Harold Brunner as the plaintiff.  The complaint's body indicates that his spouse, Evelyn Brunner, claimed damages for loss of consortium.  The Court directs the Clerk of Court to identify Evelyn Brunner as a plaintiff in Case No. 17-cv-1187.

The Court dismisses the claims of Geary Godfrey.  Defendants did not move to dismiss the claims of Plaintiff Carla Godfrey.

**Case No. 17-cv-3396**—Plaintiff David Mitchell died in April 2025.  Later in April, a suggestion of death was filed.  No motion to substitute has been filed.  The Court dismisses the claims of David Mitchell.

Defendants moved to dismiss the claims of Plaintiff Susan Mitchell because they "are derivative of and dependent on the success of the primary plaintiff's claim."  The Court dismisses the claims of Susan Mitchell.  *See* Kan. Stat. Ann. § 23-2605; *McGuire v. Sifers*, 681 P.2d 1025, 1038 (Kan. 1984) ("The right to recover for loss of consortium vests in the spouse who files an action for personal injuries, not in the spouse who actually suffers the loss of consortium.").

**Case No. 17-cv-4238**—Plaintiff Edwards died in March 2025.  A suggestion of death was filed in May 2025.  No motion to substitute has been filed.  The Court dismisses Case No. 17-cv-4238.

**Case No. 17-cv-4587**—Plaintiff Raymond Knight died in January 2025.  A suggestion of death was filed in April 2025.  No motion to substitute has been filed.  The Court dismisses the claims of Raymond Knight.

Defendants moved to dismiss the claims of Plaintiff Brenda Knight because they "are derivative of and dependent on the success of the primary plaintiff's claim."  The Court dismisses the claims of Brenda Knight.  *See Trivette*, 735 S.E.2d at 313.

**Case No. 17-cv-5282**—Plaintiff Fort died in September 2024. A suggestion of death was filed in January 2025. No motion to substitute has been filed. The Court dismisses Case No. 17-cv-5282.

**Case No. 18-cv-553**—Plaintiff Meredith Turner died in February 2025. A suggestion of death was filed in April 2025. No motion to substitute has been filed. The Court dismisses the claims of Meredith Turner. Defendant did not move to dismiss the claims of Plaintiff Clifford Turner.

**Case No. 18-cv-899**—Plaintiff Franklin died in February 2025. A suggestion of death was filed in April 2025. No motion to substitute has been filed. The Court dismisses Case No. 18-cv-899.

**Case No. 18-cv-1456**—Plaintiff Manheim died in June 2023. Defendants filed a suggestion of death in December 2025. No motion to substitute has been filed. Plaintiff Manheim opposed Defendants' motion to dismiss. She raised arguments that the Court has previously rejected, she has not demonstrated a different conclusion is warranted, and she has not demonstrated good cause for the failure to comply with PTO 23. *E.g.*, MDL ECF Nos. 2448, 2455. The Court dismisses Case No. 18-cv-1456 without prejudice.[3]

**Case No. 18-cv-2702**—Plaintiff Whitney Pettersen died in May 2021. A suggestion of death was filed in June 2025. No motion to substitute has been filed. The Court dismisses the claims of Whitney Pettersen. The parties previously agreed to the

---

[3] In their motion, Defendants sought dismissal of the action with prejudice. In the memorandum in support of their motion, they maintained the action should be dismissed without prejudice. In their reply, Defendants asserted that the action should be dismissed with prejudice.

dismissal with prejudice of the claims of Plaintiff Elaine Marie Pettersen.  Accordingly, the Court dismisses Case No. 18-cv-2702.

**Case No. 18-cv-3409**—Plaintiff Shehan died in April 2023.  A suggestion of death was filed in June 2025.  No motion to substitute has been filed.  The Court dismisses Case No. 18-cv-3409.

**Case No. 23-cv-984**—Plaintiff O'Donnell died in July 2025.  Defendants filed a suggestion of death in November 2025.  No motion to substitute has been filed.  The Court dismisses Case No. 23-cv-984.

**Case No. 24-cv-1997**—Plaintiff Gurgick died in July 2025.  Defendants filed a suggestion of death in November 2025.  No motion to substitute has been filed.  The Court dismisses Case No. 24-cv-1997.

**B.**     In the memorandum in support of their motion, Defendants asserted that the claims of plaintiffs in nine actions should be dismissed.  Defendants did not list the nine actions in their motion to dismiss.[4]  The Court expresses no opinion on Defendants' arguments.

**C.**     Defendants sought "an order directing an MDL-wide PTO-23 inventory audit by plaintiffs' counsel."  The Court denies the request without prejudice.[5]

---

[4]     Defendants listed the nine actions in a subsequent motion to dismiss.

[5]     The Honorable David T. Schultz, United States Magistrate Judge, recently recommended that "the Court order briefing, on an expedited basis, on the question whether a Lone Pine/Docket control order should be issued."

**IV.    Conclusion**

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1.    Defendants' Seventeenth Motion to Dismiss for Failure to Comply with Pretrial Order No. 23, Fed. R. Civ. P. 41(b) and 25(a), or for Failure to Prosecute [Docket No. 3248] is GRANTED IN PART and DENIED IN PART.

2.    The Clerk of Court is directed to enter a copy of this Order in the 25 actions to which it relates.

3.    In Case No. 17-cv-1187, the Clerk of Court is directed to identify Evelyn Brunner as a plaintiff.

4.    In Case No. 17-cv-1187, the claims of Harold Brunner are DISMISSED WITH PREJUDICE.

5.    In Case No. 17-cv-2750, the claims of Geary Godfrey are DISMISSED WITH PREJUDICE.

6.    In Case No. 18-cv-553, the claims of Meredith Turner are DISMISSED WITH PREJUDICE.

7.    Case No. 18-cv-1456 (Manheim v. 3M Company et al) is DISMISSED WITHOUT PREJUDICE.  In Case No. 18-cv-1456, the Clerk of Court is directed to enter judgment.

8.    Each action listed below is DISMISSED WITH PREJUDICE.  In each action, the Clerk of Court is directed to enter judgment.

1)    Case No. 16-cv-699 (Robinson v. 3M Company et al)
2)    Case No. 16-cv-1037 (Kostera v. 3M Company)
3)    Case No. 16-cv-3460 (Walker v. 3M Company et al)
4)    Case No. 16-cv-3636 (Miller v. 3M Company et al)
5)    Case No. 16-cv-4036 (Ward v. 3M Company et al)
6)    Case No. 16-cv-4373 (Kendall et al v. 3M Company et al)
7)    Case No. 17-cv-784 (Stanford v. 3M Company et al)
8)    Case No. 17-cv-828 (Watkins v. 3M Company et al)
9)    Case No. 17-cv-1213 (Logan v. 3M Company et al)
10)    Case No. 17-cv-1225 (Petta v. 3M Company et al)
11)    Case No. 17-cv-2538 (Valentine v. 3M Company et al)

10

12)     Case No. 17-cv-2625 (Resso v. 3M Company et al)
13)     Case No. 17-cv-3396 (Mitchell et al v. 3M Company et al)
14)     Case No. 17-cv-4238 (Edwards v. 3M Company et al)
15)     Case No. 17-cv-4587 (Knight et al v. 3M Company et al)
16)     Case No. 17-cv-5282 (Fort v. 3M Company et al)
17)     Case No. 18-cv-899 (Franklin v. 3M Company et al)
18)     Case No. 18-cv-2702 (Pettersen et al v 3M Company et al)
19)     Case No. 18-cv-3409 (Shehan v. 3M Company et al)
20)     Case No. 23-cv-984 (O'Donnell v. 3M Company et al)
21)     Case No. 24-cv-1997 (Gurgick v. 3M Company et al)

Dated: August 11, 2026

s/Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge