**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| IN RE: Bair Hugger Forced Air Warming Products Liability Litigation | **No. 15-md-2666-JNE-DTS** |
| This Document Relates to the Following Cases:<br><br>*French*, 18-cv-1218<br>*Bures*, 25-cv-1864<br>*Stahlnecker*, 25-cv-1869 | **District Judge Joan N. Ericksen**<br><br>**Magistrate Judge David T. Schultz** |

**PLAINTIFFS' OBJECTIONS TO REPORT AND RECOMMENDATION REGARDING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS AND PLAINTIFFS' MOTIONS FOR LEAVE TO AMEND**

Plaintiffs, Betty French, Terrance Bures, and Steven Stahlnecker, by and through undersigned counsel, respectfully object to portions of the Report and Recommendation ("R&R") issued on July 27, 2026 (ECF No. 3556) as set forth below.

## LEGAL STANDARD

Upon a filing of a Report and Recommendation ("R&R") by a Magistrate Judge, "[a] party may serve and file objections to the order within 14 days after being served with a copy." Fed. R. Civ. P. 72(a); *accord* D. Minn. LR 72.2(a)(1). This Court "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *accord* D. Minn. LR 72.2(a)(3). "A decision is clearly erroneous when, after reviewing the entire record, a court 'is left with the definite and firm conviction that a mistake has been committed.'" *Thorne v. Wyeth*, Civil No. 06–

3123, 2007 WL 1455989, at *1 (D. Minn. May 15, 2007) (quoting *United States v. U.S. Gypsum Co*., 333 U.S. 364, 395 (1948)). And "[a] decision is 'contrary to law' when it 'fails to apply or misapplies relevant statutes, case law or rules of procedure.'" *Knutson v. Blue Cross & Blue Shield of Minn*., 254 F.R.D. 553, 556 (D. Minn. 2008) (quoting *Transamerica Life Ins. Co. v. Lincoln Nat'l Life Ins. Co*., 592 F. Supp. 2d 1087, 1093 (N.D. Iowa 2008)).

## <u>ARGUMENT</u>

### I. The Dismissal of Plaintiffs' Fraudulent Concealment Claims as Time Barred is Erroneous and Contrary to Nebraska Law

The R&R's Recommendation that Plaintiffs have not pled the facts necessary to toll their claims is clearly erroneous and contrary to law. ECF. No. 3556 at 12-15. The R&R found that Plaintiffs failed to plausibly allege that 3M's conduct prevented them from bringing their claims. *Id* at 13. Respectfully, Plaintiffs disagree with the R&R that they have not alleged facts sufficient under Nebraska law to have their causes of action tolled. As it relates to Plaintiff Betty French, she requests a de novo review regarding the R&R's recommendation that amendment would be futile as the statute of limitations has been tolled under Nebraska law, and requests leave to amend her complaint.

#### A. The R&R's Analysis of Affirmative Acts is Clearly Erroneous and Contrary to Law

The R&R's finding that Plaintiffs failed to plead fraudulent concealment is clearly erroneous and contrary to law. The R&R found that Plaintiffs did not plead affirmative acts or plausibly allege that 3M's conduct prevented them from bringing their claims. *Id* at 12-14. This is incorrect in both application of the facts pled, and under Nebraska law.

First, Plaintiffs did plead affirmative acts in both their initial long-form complaints and proposed amended complaints. *See* Pretrial Order #8 – Master Long Form Complaint and Jury Demand at 47-48 ("Defendants represented through labeling advertising, marketing materials, presentations, publications, notice letters, and regulatory submissions that the Bair Hugger had been tested and found to be safe and effective for warming patients during orthopedic surgery; and Defendants represented that the Bair Hugger was safer than other patient warning systems; on information and belief, Defendants knew as early as 1997 that the Bair Hugger caused an increased risk of infection during surgery and that modifications they had made to the design of the Bair Hugger were contributing to the incubation and circulation of bacteria and other pathogens in and around the operating theater; and Defendants had sole access to the material facts concerning the dangers and unreasonable risks of the Bair Hugger.") *See* also French Prop. Am. Compl. ¶¶ 125-169; Stahlnecker Prop. Am. Comp. (¶¶ 125-169). Additionally, *see* Pretrial Order #8 at ¶162.cc (Neb. Rev. Stat. §§ 59-1601, et seq., alleging Defendants' deceptive, unconscionable, and/or fraudulent representations and material omissions to Plaintiffs and Plaintiffs' physicians constituted unfair and deceptive acts and trade practices in violation of [these] statutes).

Second, *MacMillan v. A.H. Robins Co., Inc.* instructs that in Nebraska, the sun never sets on fraud, as it holds that a manufacturer is equitably estopped from using a statute of limitations defense if its own intentional withholding of information prevented the plaintiff from discovering that a product defect caused their injury. 348 N.W.2d 869 (1984). Instead, the R&R erroneously relies upon *Durre v. Wilkinson Dev., Inc.* to find that generally, "the concealment must be manifested by an affirmative act or

misrepresentation." 880, 830 N.W.2d 72 (Neb. 2013). In *Durre*, the court granted the defendant's motion for summary judgment, finding that the plaintiff's fraudulent concealment claim was not tolled because the plaintiff had failed to provide any evidence that created a material issue of fact whether the defendant fraudulently concealed any materials fact, either with the intention that the plaintiff would act or refrain from acting, or which prevented the plaintiff from timely filing his action against the defendant. *Id* at 888.

In *Durre*, the plaintiff's claim arose after a restaurant's sign fell onto the truck he and his wife were parked in, injuring the plaintiff and killing his wife. *Id* at 882. The defendant seeking summary judgment in that case was the company whose employees designed, built, and installed the sign and pole structure nearly 10 years prior to the date of injuries. *Id*. The court's analysis in *Durre* is rooted in Nebraska's statute of limitations for real property improvement, warranties, and construction defects. *Id* at 884-887 (citing to Neb. Rev. Stat. § 25-223). Despite the court finding in *Durre* that § 25-223 does apply to actions for personal injury, in finding *Durre* instructive, the R&R erroneously relies upon a factual analysis of whether a defendant has either by deception or by a violation of a duty, concealed from the plaintiff material facts which prevent the plaintiff from discovering misconduct using facts wholly inapplicable to Plaintiffs here. *Id* at 886.

In *Durre*, the court finds that the plaintiff's argument implies that the latent defect of the sign should have been disclosed to anyone and everyone who entered the vicinity of the sign, and that the plaintiff had not provided evidence that created a material issue of fact which would estop defendant from asserting its statute of repose defense or that he had

produced evidence that the defendant fraudulently concealed the latent defect in order to prevent plaintiff from timely filing his action against defendant. *Id* at 888. Finding *Durre* instructive to determine here that Plaintiffs French, Bures, and Stahlnecker had failed to plead the facts necessary for fraudulent concealment tolling to apply is clearly erroneous and contrary to law.

Instead of *Durre*, the R&R's analysis should be grounded in *MacMillan v. A.H. Robins Co., Inc.* where the court applies and analyzes the plaintiff's claims based on the state's product liability statute of limitations, Neb. Rev. Stat. § 25-224. *Id* at 348 N.W.2d 869, 870 (1984). In *MacMillan*, the plaintiff was implanted with the defendant's intrauterine (IUD) in March of 1971. *Id* at 870. In November of 1978, a medical examination revealed the plaintiff had a pelvic abscess and severe infection linked to the defendant's IUD. *Id*. While the plaintiff in *MacMillan* filed her claim within 4 years after her injury occurred, it was more than 10 years after the date of the sale of the product and the trial court sustained a demurrer to the first petition. *Id* at 871. The plaintiff then filed an amended petition alleging that the defendant had intentionally withheld information from the public regarding the dangers inherent in the use of the defendant's IUD. *Id*. The only issue the court in *MacMillan* determined is whether the defendant was estopped from raising the statute of limitations as a defense because it fraudulently concealed its knowledge of the dangerousness of the IUD. *Id*. Ultimately, the court in *MacMillan* determined that the facts alleged could, if proved, estop defendant from pleading the bar of the statute of limitations and that the issue of equitable estoppel was one inappropriate for

summary judgment as there existed genuine issues of material fact to be resolved at trial. *Id* at 871-872.

Under *MacMillan*, the R&R's recommendation that the sun has set on Plaintiffs' claims is clearly erroneous and contrary to law. Analysis under Nebraska's product liability statute used in *MacMillan* requires that genuine issues of material fact be resolved at trial before finding that a defendant be permitted to plead the bar of the statute of limitations. *Id* at 871-872. Here, as in *MacMillan*, Plaintiffs' injuries as plead are rooted in Defendants' product serving as a vector for bacteria, where the mere occurrence of an infection did not put Plaintiffs on notice of the cause of infection because Defendants have concealed the causal connection through false and misleading statements regarding concerns of the Bair Hugger's air flow's propensity to entire the sterile field. *See* Pretrial Order #8 – Master Long Form Complaint and Jury Demand at 4-13. While the plaintiff in *MacMillan* plead claims regarding a physical vector for contamination, and here Plaintiffs plead claims regarding an aerodynamic vector, the facts remain strikingly similar. Furthermore, whether the Bair Hugger's forced-air mechanism acts as a vector and causes injury via latent exposure to disrupted airborne biological contaminants or whether it acts as a standard medical device malfunction, presents a foundational, unresolved, dispute of scientific fact deeply embedded in the merits of this MDL. *In re Bair Hugger Forced Air Warming Devices Products Liability Litigation*, 9 F.4th 768, 774 (8th Cir. 2021), *cert. denied*, 142 S. Ct. 2731 (2022).[1] Plead as true, if the Bair Hugger's forced air mechanism

[1] Given the factual disagreement between Defendants and all Plaintiffs regarding whether internal biological accumulation escapes the Bair Hugger system, the court outlined a four-

acts as a vector and if Defendants have concealed the causal connection through false and misleading statements, it would estop Defendants from pleading the bar of the statute of limitations and make the issue of equitable estoppel inappropriate for [judgment on the pleadings] as there exist genuine issues of material fact to be resolved at trial. *Id MacMillan* at 871-872.

**i. Plaintiff Betty French has plead due diligence under Nebraska law.**

The R&R's recommendation that Betty French did not exercise due diligence to discover her cause of action before the statute of limitations expired is erroneous and contrary to law. ECF No. 3556 at 14. Again, the R&R cites to case law with facts drastically different than those involved in Plaintiffs' claims. The R&R cites to *Oltman v. Parde*, a case whose facts center around a breach of contract claim regarding acreage, to recommend that in order to avail herself of tolling the statute of limitations under the doctrine of fraudulent concealment, Plaintiff French must "show that the defendant has, either by deception or by a violation of a duty, concealed from the plaintiff material facts which prevent the plaintiff from discovering the misconduct. 5 N.W.3d 197, 209 (Neb. Ap. 2024). The R&R also recommends that Plaintiff French must also show "that [she] exercised due diligence to discover [her] cause of action before the statute of limitations expired." *Id.* Curiously, the R&R does not refer to the court's discussion regarding the discovery rule in *Oltman* which holds in part at 8-10:

> The discovery rule tolls a statute of limitations when the plaintiff did not discover the injury and could not have discovered the injury within the

premise chain necessary to prove the "dirty machine" theory that necessitates whether it occurred to be tested via cross-examination. *Id* at 783-785.

> applicable statute of limitations. *Mandolfo v. Manfolfo*, 281 Neb. 443, 796 N.W.2d 603 (2011). The reasoning behind the discovery rule is that, in some cases, the injury is not obvious, and it would be unfair to allow the statute of limitations on a claim to run out before an injured party had a chance to seek relief. *Id*.
>
> Determining that the discovery rule applies in a products liability case, the Nebraska Supreme Court observed that a cause of action accrues and the statute of limitations begins to run when the aggrieved party has the right to institute and maintain a suit. See *Condon v. A.H. Robins Co.*, 217 Neb. 60, 349 N.W.2d 622 (1984). It recognized that in tort cases, damages are a necessary element of the cause of action. See *id*. It concluded that because a plaintiff must assert and prove damages, it would be a "Hobson's choice" to suggest, on the one hand, that an action cannot be brough without a showing of injury and to suggest, on the other hand, that the time for bringing that action could begin and end before that person could be aware of the injury or be able to establish its existence. *Id*. At 64, 349 N.W.2d at 625.

Ultimately, the R&R relies on *Oltman* to find that Plaintiff French has not plead the "who, what, when, where, and how" sufficient to proceed with asserting a fraudulent concealment claim. *Id* at 13. Respectfully disagreeing that Plaintiff French has failed to plead her fraudulent concealment claim's "who, what, when, where, and how" (*see* Pretrial Order #8 – Master Long Form Complaint and Jury Demand at 47-48 and French Prop. Am. Compl. ¶¶ 125-169), she directs this Court to *MacMillan* again, which found persuasive New York case law that endorsed the notion that the plaintiff's due diligence in bringing suit must "be demonstrated by the plaintiff when [s]he seeks the shelter of the doctrine [of equitable estoppel]. *Id* at 873 (quoting *Simcuski v. Saeli*, 44 N.Y.2d [422] at 450, 377 N.E.2d [713] at 717, 406 N.Y. S.2d [259] at 263 [1978]. Whether in any particular instance the plaintiff will have discharged [her] responsibility of due diligence in this regard must necessarily depend on all the relevant circumstances…It is not possible or appropriate…to determine whether this plaintiff met [her] obligation of due diligence when she instituted

the present action. *Id.* Citing to the inappropriateness of summary disposition: "[T]he plaintiffs will be held to have discovered the fraud when it is established that they were possessed of knowledge of facts from which it could be reasonably inferred, that is, inferred from facts which indicate the alleged fraud. Ordinarily such an inquiry presents a mixed question of law and fact … and, where it does not conclusively appear that the plaintiffs had knowledge of facts of that nature a complaint should not be dismissed on motion." *MacMillen* citing *Erbe v. Lincoln Rochester Trust Co.*, 3 N.Y.2d, 321-326, 144 N.E.2d 78, 165 N.Y.S.2d 107 (1957).

Here, as the Court has transitioned to a phase of structural remodeling and case progression, the mixed question of law and fact (if the Bair Hugger's forced air mechanism acts as a vector and if Defendants have concealed the causal connection through false and misleading statements) remains, and as such, Plaintiffs' claims should not be dismissed and Plaintiff Betty French's Motion for Leave to Amend Complaint (Dkt. No. 18, 18-cv-1218) should not be denied.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court decline to adopt the specified portions of the R&R (ECF No. 3556).

Dated: August 12, 2026,

Respectfully submitted,

*/s/ Emma Sikora Paulus*
Emma Sikora Paulus (74362MO)
BROWN AND CROUPPEN, P.C.
4900 Daggett Avenue
St. Louis, MO 63110
Phone: (314) 561-6260
emmas@getbc.com
*Attorney for Plaintiff Betty French*

*/s/ Clifford Walston*
Clifford Walston
WALSTON, PC
4411 San Felipe St, Ste 600
Houston, TX 77027
Phone: (713) 300-860
cliff@walstonlegal.com

*Attorney for Plaintiffs Terrance Bures and Steven Stahlnecker*

## **CERTIFICATE OF SERVICE**

I, Emma Sikora Paulus, hereby certify that on August 12, 2026, I electronically filed the foregoing Certificate of Compliance with the Clerk of Court using the CM/ECF System, which will send notification to all counsel of record.

*/s/ Emma Sikora Paulus*
Emma Sikora Paulus