**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

IN RE: BAIR HUGGER FORCED AIR WARMING DEVICES PRODUCTS LIABILITY LITIGATION

MDL No. 15-2666 (JNE/DTS)

This Document Relates to:

**REPORT AND RECOMMENDATION**

16-cv-00814 (*Lasater*)
18-cv-02087 (*Dimesa*)
18-cv-03293 (*Harrison, et al.*)
18-cv-03298 (*Hasan*)
18-cv-03322 (*Melancon, et al.*)
18-cv-03464 (*Van Haitsma*)
19-cv-00020 (*Holmes*)
19-cv-00771 (*Fondren*)
22-cv-00038 (*Downward*)
22-cv-02105 (*Salas*)
22-cv-02170 (*Black*)
23-cv-01964 (*Gutierrez, et al.*)
24-cv-01286 (*Franklin, et al.*)
24-cv-01375 (*Friday, et al.*)
24-cv-04107 (*Bullock*)
25-cv-02421 (*Chambers*)

---

Defendants 3M Company and Arizant Healthcare Inc. (collectively 3M) move to dismiss sixteen cases pursuant to Federal Rule of Civil Procedure 41(b). Dkt. No. 3495.

Pretrial Order No. 14 (PTO 14) requires a plaintiff to complete and serve a Plaintiff Fact Sheet (PFS) within ninety days of filing their complaint or short-form complaint, or the transfer of their case to this MDL proceeding, whichever is later. Dkt. No. 117 ¶ 2. The PFS must be verified under oath. *Id.* ¶ 3. PTO 14 builds in multiple opportunities for compliance and warns plaintiffs that noncompliance will result in dismissal. *Id*. 3M must notify plaintiff's counsel of core deficiencies within four weeks of receiving the PFS. *Id.* ¶ 2. The plaintiff then has three weeks to respond by: (1) curing the alleged deficiencies;

(2) disputing the alleged deficiencies; or (3) explaining why the alleged deficiencies cannot be timely cured. *Id.* ¶ 6. 3M may place cases involving core deficiency disputes on the Court's status conference agenda. *Id*. ¶ 7. This is done in the form of lists circulated by 3M. If the case appears on one of 3M's lists for two status conferences without resolution, 3M may then move for dismissal for failure to comply with PTO 14. *Id.* ¶ 8.

On December 8, 2025, the Court adopted a process for clearing the backlog of disputed core deficiencies in PFSs. Dkt. No. 3247. The Court directed 3M to submit any PFSs with alleged core deficiencies for cases filed before July 1, 2025. *Id.* 3M submitted more than 50 PFSs along with a chart identifying alleged deficiencies for each PFS. The Court reviewed the submitted PFSs. On March 2, 2026, the Court issued an order requiring certain plaintiffs to serve a verified amended PFS correcting the deficiencies the Court had identified in a chart attached to its order. Dkt. No. 3350 (the Deficiency Order). The deadline for compliance was May 1, 2026.

3M then filed their motion to dismiss, requesting dismissal of the cases in which plaintiffs failed to comply with the Deficiency Order.

## ANALYSIS

### I. Legal Standard

If a plaintiff fails to prosecute or comply with PTO 14, the Court may dismiss the case. PTO 14, Dkt. No. 117 at ¶ 8; *see* Dkt. Nos. 577, 622, 692, 862, 1028, 1060, 1100, 1167, 1237, 1257, 1298, 1376, 1431, 1564, 1609, 1888 (dismissing more than 50 cases where plaintiffs failed to serve a PFS and more than 75 cases where plaintiffs failed to verify a PFS); *see also* Fed. R. Civ. P. 41(b). Such dismissal may be with prejudice "in cases of willful disobedience of a court order or where a litigant exhibits a pattern of

intentional delay." *Hunt v. City of Minneapolis*, 203 F.3d 524, 527 (8th Cir. 2000). This does not require a finding of bad faith, but "merely that the plaintiff acted deliberately as opposed to accidentally." *First Gen. Res. Co. v. Elton Leather Corp.*, 958 F.2d 204, 206 (8th Cir. 1992). A "pattern of intentional delay" includes where a plaintiff fails to comply with a court order despite multiple opportunities for compliance and the Court's warning that noncompliance may result in dismissal. *Id.* As the Court has previously explained, when afforded multiple opportunities for compliance, "failure to comply with PTO 14 . . . warrants dismissal with prejudice." Order 3, Dkt. No. 1888.

## II. Failure to Serve an Amended PFS

The Court finds that the following sixteen plaintiffs subject to the Deficiency Order failed to serve an amended PFS by the May 2026 deadlines:[1]

| Case Number | Plaintiff(s) | Firm Name |
|---|---|---|
| 16-cv-00814 | Lasater, Timothy et al. | McSweeney/Langevin LLC |
| 18-cv-02087 | Dimesa, Maria obo Estate of Marie Bellach | Napoli Shkolnik |
| 18-cv-03293 | Harrison, Thurman et al. | The Miller Firm, LLC |
| 18-cv-03298 | Hasan, Julia | Bernstein Liebhard LLP |
| 18-cv-03322 | Melancon, Nancy et al. | Nachawati Law Group |
| 18-cv-03464 | Van Haitsma, Timothy | Kirtland & Packard LLP |
| 19-cv-00020 | Holmes, Michael | Meshbesher & Spence |
| 19-cv-00771 | Fondren, David | Nachawati Law Group |
| 22-cv-00038 | Downward, Monty | Bernstein Liebhard LLP |

[1] The Deficiency Order deadline was May 1, 2026, but five cases received an extension until May 15, 2026: *Mead,* 24-cv-1078, *McDaniel*, 24-cv-1169, *Franklin,* 24-cv-1286, *Webb,* 24 cv-1324, and *Friday*, 24-cv-1375. Dkt. No. 3403.

| | | |
|---|---|---|
| 22-cv-02105 | Salas, Michelle | McSweeney/Langevin LLC |
| 22-cv-02170 | Black, Lisa | McSweeney/Langevin LLC |
| 23-cv-01964 | Gutierrez, Gary, et al. | Kaster, Lynch, Farrar & Ball |
| 24-cv-01286 | Franklin, Casey, et al. | Callender Bowlin, PLLC |
| 24-cv-01375 | Friday, Tony, et al. | Callender Bowlin, PLLC |
| 24-cv-04107 | Bullock, Kevin | Law Offices of Charles H. Johnson |
| 25-cv-02421 | Chambers, Patricia | Kaster, Lynch, Farrar & Ball |

For each of these sixteen cases in the above table, where plaintiffs have failed to serve a properly verified, amended PFS pursuant to the Deficiency Order, the Court recommends dismissal with prejudice.[2] Each plaintiff was aware that PTO 14 requires them to serve a complete, verified PFS within ninety days. Each plaintiff received a deficiency letter from 3M notifying them of alleged core deficiencies and was aware that, under the rules of PTO 14, they had three weeks to respond. By appearing on lists circulated by 3M as part of the Court's status conference agendas, each plaintiff was repeatedly reminded of their failure to serve a verified, amended PFS curing the alleged core deficiencies. Following a finding that the plaintiffs' PFSs were deficient, each plaintiff then had ample opportunity to serve a properly verified, curative PFS. Each plaintiff also had the opportunity to respond to 3M's motion to dismiss. They have not done so. *See generally* Docket. Therefore, the Court recommends granting 3M's motion to dismiss.

[2] Plaintiffs, by failing to respond, do not contest their failure to serve a properly verified, amended PFS pursuant to the Deficient Order.

## RECOMMENDATION

For the reasons set forth above, the Court RECOMMENDS THAT:

1. 3M's Motion to Dismiss for Failure to Comply with Court Orders or Federal Rule of Civil Procedure 41(B) (Dkt. No. 3495) be GRANTED;

2. The follow sixteen cases be dismissed with prejudice for failing to serve a verified, amended PFS by the Deficiency Order's deadline: *Lasater* (16-cv-00814); *Dimesa* (18-cv-02087); *Harrison* (18-cv-03293); *Hasan* (18-cv-03298); *Melancon* (18-cv-03322); *Van Haitsma* (*18-cv-03464*); *Holmes* (19-cv-00020); *Fondren* (19-cv-00771); *Downward* (22-cv-00038); *Salas* (22-cv-02105); *Black* (22-cv-02170); *Gutierrez.* (23-cv-01964); *Franklin* (24-cv-01286); *Friday* (24-cv-01375); *Bullock* (24-cv-04107); *Chambers* (25-cv-02421).

Dated: August 13, 2026

s/ David T. Schultz
DAVID T. SCHULTZ
United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court. It is not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).