**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

IN RE BAIR HUGGER FORCED AIR WARMING PRODUCTS LIABILITY LITIGATION

MDL No. 15-md-2666 (JNE/DTS)

**REPORT AND RECOMMENDATION**

This Document Relates to Case Number:
26-cv-01164 (*Fetzner*)
26-cv-01168 (*Hackerd*)
26-cv-01196 (*Waters*)
26-cv-01358 (*Alvarez*)

---

On July 16, 2025, the Court issued an order adopting a clear process for dismissing cases in which plaintiffs fail to timely serve a PFS under Pretrial Order No. 14. (Dkt. No. 2906.) Per this Order, Defendants are to circulate a list identifying cases in which plaintiffs have failed to serve a PFS, and if plaintiffs dispute the accuracy of Defendants' list, plaintiffs are to raise the issue at the subsequent status conference. After each status conference, the Court will enter an order to show cause directing the listed plaintiffs to either serve a PFS before the next status conference or appear and explain why their case should not be dismissed for failure to comply with PTO 14.

On May 15, 2026, Defendants circulated a list of cases in which plaintiffs failed to serve a PFS (List 1). At the May 21, 2026 status conference, no plaintiff disputed the accuracy of the list. Therefore, the cases that remained on List 1 not already subject to an Order to Show Cause were placed on the May 29, 2026, Order to Show Cause (Dkt. No. 3434) and directed to serve verified PFSs "before the next regularly scheduled status conference . . . or appear and show good cause as to why their cases should not be dismissed for failure to comply with PTO 14." At the time the May 29, 2026, Order to Show Cause was issued, the next regularly scheduled status conference was scheduled for

June 18, 2026. However, the June 2026 and July 2026 status conferences were cancelled, making August 6, 2026 the date of the next status conference and thereby the date by which plaintiffs must serve a verified PFS or appear and show good cause.

Several of these plaintiffs served a PFS by the August 6, 2026, deadline; the cases that remain are listed in the caption to this Report and Recommendation. No plaintiff argued good cause at the August 6, 2026, hearing as to why their case should not be dismissed for failure to comply with PTO 14.

## ANALYSIS

### I. Legal Standard

If a plaintiff fails to prosecute or comply with PTO 14, the Court may dismiss the case. (PTO 14, Dkt. No. 117 at ¶ 8; *see* Dkt. Nos. 577, 622, 692, 862, 1028, 1060, 1100, 1167, 1237, 1257, 1298, 1376, 1431, 1564, 1609, 1888 (dismissing more than 50 cases where plaintiffs failed to serve a PFS and more than 75 cases where plaintiffs failed to verify a PFS)); *see also* Fed. R. Civ. P. 41(b). Such dismissal may be with prejudice "in cases of willful disobedience of a court order or where a litigant exhibits a pattern of intentional delay." *Hunt v. City of Minneapolis*, 203 F.3d 524, 527 (8th Cir. 2000). This does not require a finding of bad faith, but "merely that the plaintiff acted deliberately as opposed to accidentally." *First Gen. Res. Co. v. Elton Leather Corp.*, 958 F.2d 204, 206 (8th Cir. 1992). A "pattern of intentional delay" includes where a plaintiff fails to comply with a court order despite multiple opportunities for compliance and the Court's warning that noncompliance may result in dismissal. *Id*. As the Court has previously explained, when afforded multiple opportunities for compliance, "failure to comply with PTO 14 . . . warrants dismissal with prejudice." (Order at 3, Dkt. No. 1888.)

As discussed below, PTO 14 builds in multiple opportunities for compliance: 90 days to serve a verified PFS as provided by PTO 14, a listing of cases by Defendants with missing PFSs, and the Court's show-cause procedure which permits additional days to cure.

## II. Failure to Serve PFSs

The Court finds that the following plaintiffs subject to the May 29, 2026, Order to Show Cause failed to serve a PFS before the Order's August 6, 2026 deadline:

| Case Number | Title | Date Filed | Due Date | Firm Name |
|---|---|---|---|---|
| 0:26-cv-01164-JNE-DTS | Fetzner, Tricia | 2/6/2026 | 5/7/2026 | Kaster, Lynch, Farrar & Ball |
| 0:26-cv-01168-JNE-DTS | Hackerd, Margaret | 2/6/2026 | 5/7/2026 | Kaster, Lynch, Farrar & Ball |
| 0:26-cv-01196-JNE-DTS | Waters, Trela | 2/6/2026 | 5/7/2026 | Kaster, Lynch, Farrar & Ball |
| 0:26-cv-01358-JNE-DTS | Alvarez, Manuel | 2/11/2026 | 5/12/2026 | Kaster, Lynch, Farrar & Ball |

The Court recommends that the four cases in the above table be dismissed. This recommendation rests on the same considerations noted in previous recommendations for dismissal for failure to comply with PTO 14. *See, e.g.*, Dkt No. 2921 at 12-16; Dkt. No. 2951 at 2–3. First, plaintiff were aware they had 90 days to serve a verified PFS under the rules of PTO 14. Second, plaintiff were reminded of their failure to serve a PFS by their appearance on List 1. Third, plaintiffs had ample opportunity (before and after the 90-day deadline) to serve a verified PFS, including additional time following entry of the Order to Show Cause. Fourth, plaintiffs had an opportunity to be heard at the August 6, 2026 hearing to either dispute or explain their non-compliance. Finally, plaintiffs were on notice that "[f]or any case in which the plaintiff fails to serve a verified PFS and fails to

demonstrate good cause for non-compliance with PTO 14, the Court will recommend dismissal of the case with prejudice." Dkt. No. 2932 at 21.

## RECOMMENDATION

For the reasons set forth above, the Court RECOMMENDS THAT: the following cases be dismissed with prejudice: 26-cv-01164 (*Fetzner*); 26-cv-01168 (*Hackerd*); 26-cv-01196 (*Waters*); 26-cv-01358 (*Alvarez*).

Dated: August 13, 2026

s/ David T. Schultz
DAVID T. SCHULTZ
United States Magistrate Judge