**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| IN RE: Bair Hugger Forced Air Warming Products Liability Litigation | |
| This Document Relates to the Following Cases:<br><br>*Arjona*, 25-cv-1497<br>*Harris*, 17-cv-2634<br>*Wood*, 17-cv-4690 | **No. 15-md-2666-JNE-DTS**<br><br>**District Judge Joan N. Ericksen**<br><br>**Magistrate Judge David T. Schultz** |

**PLAINTIFFS' OBJECTIONS TO REPORT AND RECOMMENDATION REGARDING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS AND PLAINTIFFS' MOTIONS FOR LEAVE TO AMEND**

Plaintiffs, Pablo Arjona, Wanda Harris, and Thomas Wood, by and through undersigned counsel, respectfully object to portions of the Report and Recommendation ("R&R") issued on August 4, 2026 (ECF No. 3563) pursuant to F.R.C.P. 72(b)(2) and L.R. 72.2(b)(1).

## LEGAL STANDARD

The R&R recommends that the District Court grant 3M's dispositive Motion for Judgment on the Pleadings. In addition, in the accompanying order, the R&R denies Plaintiffs' related motions for leave to amend as futile, stating that the proposed amendments could not survive the same statute of limitations analysis. Because that recommendation and the futility determination rest on the identical statute of limitations, discovery, and fraudulent concealment analysis and are dispositive of Plaintiffs' claims, the portions of the R&R addressed here are subject to *de novo* review. 28 U.S.C.

§636(b)(1)(C); Fed. R. Civ. P. 72(b)(3); D. Minn. LR 72.2(b); *see also Zutz v. Nelson*, 601 F.3d 842, 850 (8th Cir. 2010) (denial of leave to amend on futility grounds means the court concluded the amended complaint could not withstand a Rule 12(b)(6) motion to dismiss, i.e., the same standard applied to a dispositive motion). When a party files specific objections, the District Court must conduct a full *de novo* review of the record. *Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995). The District Judge retains total, independent adjudicative power and owes zero deference to the Magistrate's proposed legal conclusions. *Id.*

## BACKGROUND

The R&R held that Kansas substantive law governs Plaintiffs' claims, and that the two-year statute of limitations period in Kansas, Kan. Stat. Ann. § 60-513(a)(4), bars Counts I-XI of Plaintiffs' proposed amended complaints because Plaintiffs' claims accrued, at the latest, when they first sought treatment for their periprosthetic joint infections ("PJIs"). ECF No. 3563 at 8-9. The R&R concluded that Plaintiffs waived argument that the only factual allegations of harm pleaded by them were related to personal injuries, and that Plaintiffs' PJIs were "sufficiently ascertainable" to support a cause of action such that Plaintiffs cannot avail themselves of the discovery rule, K.S.A. § 60-513(b). *Id* at 8-11. The R&R then rejected Plaintiffs' argument that the limitations period was tolled by 3M's fraudulent concealment under Kansas law because Plaintiffs' claims do not sound in fraud and that Plaintiffs do not plead the facts necessary to plausibly allege that 3M's actions prevented them from bringing suit. *Id* at 11-14.

# ARGUMENT

## I. The R&R Commits a Factual and Record-Based Error by Mischaracterizing Plaintiffs' Brief and Improperly Declaring a Waiver

The R&R contains a clear factual error in concluding that Plaintiffs "waived any contrary argument" regarding the accrual of their claims. *Id* at 8. In Plaintiffs' Opposition to Defendants' Rule 12(c) Motion, Plaintiffs explicitly state under Kansas law, the discovery rule applies because the fact of injury was not reasonably ascertainable to the Plaintiffs at the time of infection. Pls.' Mem. in Opp'n at 9-12. In raising the specific statutory discovery mechanism, Plaintiffs directly contested Defendants' reliance on the simple passage of time. *Id* at 9 (citing to Kan. Stat. Ann. § 60-513(b)).

## II. Plaintiffs' PJIs Were Not Actionable Injuries Until Defendants' Conduct Was Made Aware to Plaintiffs

Under Kansas law, a personal injury cause of action does not accrue until the "fact of injury" becomes "reasonably ascertainable." Kan. Stat. Ann. § 60-513(b). The R&R errs as a matter of law by separating knowledge of a physical condition from knowledge of its tortious cause. Under Kansas law, the "fact of injury" is an integrated standard requiring that a plaintiff possess notice of both the physical harm and a reasonable basis to connect that harm to a tortious act. *Gilger v. Lee Constr.,* 820 P.2d 390, 396 (Kan. 1991). A PJI is an inherent, known baseline risk of major orthopedic surgery. It provides a patient with immediate notice of a *medical complication*, not notice of a *commercial product defect*. Under *Davidson v. Denning* (case law that Defendants cite to), a claim only becomes reasonably ascertainable when an objective look at *available resources* reveals the wrongful causation. 914 P.2d 936, 947 (Kan. 1996) (*emphasis added*).

**A. Plaintiffs' Injuries Became Actionable When 3M's Conduct Became Public**

The R&R relies upon case law and fact patterns distinguishable from Plaintiffs' injuries when analyzing § 60-513(b) to conclude that Plaintiffs' only actionable injuries are their PJIs and mischaracterizes when their claims became actionable. ECF No. 3563 at 10. While Plaintiffs claim that they suffered injuries related to PJIs, the crux of their complaints is that they developed a PJI after a surgery where Defendant's product was used. *See* Pretrial Order #8 – Master Long Form Complaint and Jury Demand at 4-13 (Bair Hugger air filtration system's reduced efficiency resulted in internal airflow pathways contaminated with pathogens but held on their website through at least 2016 false and misleading statements regarding concerns of the Bair Hugger's air flow's propensity to entire the sterile field).

The R&R cites first to *Lopez v. Davila* to find that Plaintiffs PJIs were sufficiently ascertainable to support a cause of action under § 60-513(b). ECF No. 3563 at 8-9 citing *Lopez v. Davila*, 526 P.3d 674, 683 (Kan. Ct. App. 2023). In *Lopez*, the court analyzed whether dismissal of plaintiff's claim was proper after plaintiff sustained injuries from a car accident in 2019 and had a dispute as to whether his insurance policy coverage originating in 2013 included Personal Injury Protection ("PIP"). *Lopez* at 678. The court in *Lopez* held that the trial court erred in holding that the injury plaintiff suffered was reasonably ascertainable in 2013 (when the insurance policy was first drafted) because the actionable injury did not occur until 2019 when the car accident caused the plaintiff to learn he did not have PIP. *Id* at 686. The court in *Lopez* summarized, under § 60-513(b), "the determining question before us is not when [plaintiff] should have reasonably ascertained

[defendant's] failure to act, but when was [plaintiff] injured by the failure? Finding the district court erred by ignoring this threshold question, it is unnecessary for us to examine the district court's finding, as a matter of law, that the lack of procurement was reasonably ascertainable in 2013. Were we to analyze that finding, we might address factual questions regarding what conduct would have been reasonable on [plaintiff's] part to investigate the lack of PIP coverage." *Id*.

Here, while Plaintiffs injuries are factually different, under *Lopez*, it follows that while there is no dispute that Plaintiffs' PJIs occurred more than two years before they filed suit, their injuries became "actionable" against a third-party manufacturer only when the systemic convective airflow defects of the Bair Hugger unit were unmasked to the public. Because an injury cannot be "actionable" under Kansas law before its tortious nature is reasonably ascertainable, *Lopez* does not support dismissal on the pleadings. Furthermore, under *Lopez*, to determine when Plaintiffs could reasonably be made aware that the Bair Hugger defects caused their PJIs would be a fact-intensive inquiry not suitable for dismissal on the pleadings as whether the Bair Hugger's forced-air mechanism causes injury via latent exposure to disrupted airborne biological contaminants or whether it acts as a standard medical device malfunction, presents a foundational, unresolved, dispute of scientific fact deeply embedded in the merits of this MDL. *In re Bair Hugger Forced Air Warming Devices Products Liability Litigation*, 9 F.4th 768, 774 (8th Cir. 2021), *cert. denied*, 142 S. Ct. 2731 (2022).[1]

---

[1] Given the factual disagreement between Defendants and all Plaintiffs regarding whether internal biological accumulation escapes the Bair Hugger system, the court outlined a

The R&R looks next to several cases to find that the fact that Plaintiffs may not have known the alleged cause of their injuries—or many not yet have associated those injuries with the Bair Hugger device—does not delay accrual under Kansas law. ECF No. 3563 at 9-10 citing *Foxfield Villa Assocs., LLC v. Robben*, 449 P.3d 1210, 1216 (Kan. Ct. App. 2019); *Friends Univ. v. W.R. Grace & Co.*, 608 P.2d 936, 940 (Kan. 1980); *Dumler v. Conway*, 312 P.3d 385, 391-92 (Kan. Ct. App. 2013); and *Wagner v. Ranney*, 303 P.3d 1278 (Kan. Ct. App. 2013). The R&R incorrectly applies each of these cases by failing to analyze all three "triggering events" under § 60-513(b): (1) *the act which caused the injury*; (2) the existence of substantial injury; and (3) *the injured party's awareness of the fact of injury* (emphasis added). *Foxfield* at 1216.

Here, there is a vast legal difference between the four cases cited. In *Foxfield*, the plaintiff knew it had been injured by a contractual partner in a real estate contract. *Id*. Here, Plaintiffs had no reason to know a tort had occurred until the Bair Hugger suits became public as an infection is considered a biological complication, not an overt act of commercial wrongdoing. In *Friends Univ.*, the plaintiff was aware that a leaking roof was an immediate, obvious defect. *Friends Univ.* at 940. Here, Plaintiffs underwent massive surgeries with a baseline risk of infection that masked the hidden, unsterile convective currents of a commercial warming device. In *Dumler*, the plaintiff sustained a physical injury that was an unordinary, severe complication directly tied to surgical treatment. *Dumler* at 392. Here, Plaintiffs' physical symptoms were known, but the systematic

four-premise chain necessary to prove the "dirty machine" theory that necessitates whether it occurred to be tested via cross-examination. *Id* at 783-785.

disposition of non-sterile ambient bacteria into a deep joint via defective operating equipment was actively hidden from Plaintiffs, their doctors, and the hospital by Defendants' marketing. Lastly, the plaintiff in *Wagner* who sustained a slip and fall was the victim of an instant, objectively noticeable environmental cause. *Wagner* at 1278. Here, Plaintiffs were not able to visualize the closed convective airflow currents of 3M's machine to discover the latent airflow design defect.

## III. 3M's Fraudulent Concealment Tolled the Limitations Period and Prevented Diligent Discovery

The R&R errs as a matter of law by holding that Plaintiffs have not pleaded the facts necessary to toll their claims by failing to allege specific, secondary representations by 3M *after* their PJIs. ECF No. 3563 at 14. The R&R found that Plaintiffs did not allege that they sought information but were affirmatively misled in a manner that prevented suit. *Id.* This narrows the affirmative act required under Kansas law. The Kansas Supreme Court holds that affirmative acts of concealment do not need to occur after the physical injury to toll the statute of limitations. Specifically, a defendant's initial, fraudulent misrepresentations can impart a "continuing character…to the original act which deprives it of the protection of the statute of limitations until discovery." *Friends Univ.* at 941. Under this standard, the timing of the concealment, whether prior or subsequent to the cause of action, is immaterial. *Id.*

Here, the pleadings allege that 3M's systemic marketing of the Bair Hugger as a sterile device masked a complex design failure, constituting an affirmative act that "excluded suspicion and prevented inquiry." *Id.* The R&R's reliance on *Doe v. Popravak*, 421 P.3d

760, 770 (Kan. Ct. App. 2017) is misplaced, as that case involved an obvious, immediate tort, unlike the latent, complex failure at issue here. Because Defendants' pre-injury, ongoing concealment prevented discovery of the tort, the R&R's requirement for a post-injury communication errs as a matter of law. Here, a lay consumer has no direct line of communication with a commercial medical manufacturer. The reliance required under Kansas law is satisfied because the surgical teams who performed Plaintiffs' surgeries natively relied on Defendants' baseline safety profile, which effectively masked a complex design failure as an ordinary biological complication. Because Defendants' pre-injury, ongoing concealment actively prevented the discovery of the tort, the R&R's requirement for a separate post-injury communication errs as a matter of law.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court decline to adopt the specified portions of the R&R (ECF No. 3563), deny Defendants' Motion for Judgment on the Pleadings under Rule 12(c), and grant Plaintiffs leave to amend their complaints.

Dated: August 18, 2026,

Respectfully submitted,

*/s/ Emma Sikora Paulus*
Emma Sikora Paulus (74362MO)
BROWN AND CROUPPEN, P.C.
4900 Daggett Avenue
St. Louis, MO 63110
Phone: (314) 561-6260
emmas@getbc.com
*Attorney for Plaintiff Wanda Harris*

*/s/ Clifford Walston*
Clifford Walston (24037666TX)
WALSTON, PC
4411 San Felipe St, Ste 600
Houston, TX 77027
Phone: (713) 300-860
cliff@walstonlegal.com

*Attorney for Plaintiff Pablo Arjona*

*/s/ Robert D. Cain, Jr.*
Martin D. Crump (10652MS)
Robert D. Cain, Jr. (104283MS)
DAVIS & CRUMP, P.C.
2601 14th St
Gulfport, MS 39501
Phone: (228) 863-6000
martincrump@daviscrump.com
robert.cain@daviscrump.com

*Attorney for Plaintiff Thomas Wood*

**CERTIFICATE OF SERVICE**

I, Emma Sikora Paulus, hereby certify that on August 18, 2026, I electronically filed the foregoing Certificate of Compliance with the Clerk of Court using the CM/ECF System, which will send notification to all counsel of record.

*/s/ Emma Sikora Paulus*
Emma Sikora Paulus