**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| IN RE: Bair Hugger Forced Air Warming Products Liability Litigation | **No. 15-md-2666-JNE-DTS** |
| This Document Relates to the Following Case: *Sharon Paine, 18-cv-00069* | **District Judge Joan N. Ericksen** **Magistrate Judge David T. Schultz** |

**PLAINTIFF'S OBJECTION TO REPORT AND RECOMMENDATION REGARDING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS AND PLAINTIFF'S MOTION TO AMEND COMPLAINT**

Plaintiff Sharon Paine ("Plaintiff"), by and through undersigned counsel, respectfully objects, pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, and D. Minn. LR 72.2, to the Report and Recommendation (R&R) issued on August 5, 2026 (Dkt. No. 3571), to the extent it recommends that Defendants' Motion for Judgment on the Pleadings ("MJOP") be granted as to Counts I–IV, IX-XII and XIV of Plaintiff's operative complaint on statute of limitations grounds, and to the extent it denies Plaintiff's Motion for Leave to Amend ("Motion to Amend") as futile. As detailed herein, the R&R's determination that Plaintiff has failed to plead sufficient facts at this pre-discovery stage to toll the statute of limitations under the discovery rule and fraudulent concealment doctrine is erroneous, misapplies controlling law, and resolves questions of fact that are reserved for the jury under Oklahoma law.[1]

[1] Plaintiff does not object to the R&R's findings regarding dismissal of Counts V–VIII (the Minnesota statutory

**STANDARD OF REVIEW**

Upon a filing of a R&R by a Magistrate Judge, "[a] party may serve and file objections to the order within 14 days after being served with a copy." Fed. R. Civ. P. 72(a); *accord* D. Minn. LR 72.2(a)(1). This Court "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *accord* D. Minn. LR 72.2(a)(3). "A decision is clearly erroneous when, after reviewing the entire record, a court 'is left with the definite and firm conviction that a mistake has been committed.'" *Thorne v. Wyeth*, Civil No. 06-3123, 2007 WL 1455989, at *1 (D. Minn. May 15, 2007) (quoting *United States v. U.S. Gypsum Co*., 333 U.S. 364, 395 (1948)). And "[a] decision is 'contrary to law' when it 'fails to apply or misapplies relevant statutes, case law or rules of procedure.'" *Knutson v. Blue Cross & Blue Shield of Minn*., 254 F.R.D. 553, 556 (D. Minn. 2008) (quoting *Transamerica Life Ins. Co. v. Lincoln Nat'l Life Ins. Co*., 592 F. Supp. 2d 1087, 1093 (N.D. Iowa 2008)).

The R&R recommends that the District Court grant 3M's dispositive MJOP and deny Plaintiff's Motion to Amend as futile because the proposed amendments could not survive the same statute of limitations analysis. Because that recommendation and the futility determination rest, in part, on the same discovery rule and fraudulent-concealment analysis and are dispositive of Plaintiffs' claims, the portions of the R&R addressed here are subject to de novo review. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3); D.

---

consumer-protection claims) or Count XIII (loss of consortium). Plaintiff is not pursuing a claim for loss of consortium and her Proposed Plaintiff's First Amended Complaint has withdrawn this claim. See *Paine v. 3M Company, et al*., 18-cv-00069-JNE, Dkt. 12-1.

Minn. LR 72.2(b); see also *Zutz v. Nelson*, 601 F.3d 842, 850 (8th Cir. 2010) (denial of leave to amend on futility grounds means the court concluded the amended complaint could not withstand a Rule 12(b)(6) motion to dismiss, i.e., the same standard applied to a dispositive motion).

## BACKGROUND

Sharon Paine, an Oklahoma resident, underwent a hip replacement on December 13, 2010, in Oklahoma. *See* Short Form Complaint, D. Minn Case No. 18-cv-0069, Dkt. 1 ("SFC"). Prior to surgery, Ms. Paine discussed potential complications from the procedure and was advised by her surgeon that she was at risk of infection due to her body habitus (i.e. obesity) and history of infection of lumbar spine hardware. *See* Sharon Paine Proposed Amended Complaint, D. Minn Case No. 18-cv-0069, Dkt. 12-1 at ¶ 34 ("Amend. Complaint"). During the surgery, a Bair Hugger was utilized by her surgeon while Plaintiff was under anesthesia. SFC at ¶ 6. Prior to, during, and after the right hip replacement, none of Plaintiff's physicians informed her that the Bair Hugger (or any other warming technology) was being used. Amend. Complaint at ¶ 43. Due to use of the Bair Hugger, Plaintiff developed a periprosthetic joint infection ("PJI") requiring four corrective surgeries from January 2011 to November 2012. *Id*. at ¶¶ 35-40. Plaintiff has not required further surgical treatment since 2012. *Id.* After suffering the PJI, Plaintiff did not perform an additional investigation regarding the cause of her PJI nor was it unreasonable to not conduct a further inquiry given her lack of knowledge that the Bair Hugger was being used and her physician's specific warnings that she was at risk for PJI due to two other potential causes – obesity and prior history of infection. Amend.

Complaint at ¶ 49.

In February 2016, Plaintiff saw content on television indicating that patients developing infection after orthopedic surgery may have a product liability claim. Amend. Complaint at ¶ 52. Plaintiff promptly retained counsel to assist with an investigation of her potential claim. *Id*. In approximately January 2017, Plaintiff learned that she was exposed to the Bair Hugger during surgery. *Id*. at ¶ 54. On January 9, 2018, Sharon Paine direct filed her SFC into MDL No. 2666. *See* D. Minn Case No. 18-cv-0069, Dkt. 1.

On August 5, 2026, the R&R was entered finding that fraudulent concealment did not apply because Plaintiff did not a) plausibly allege that 3M affirmatively acted to conceal material facts, b) identify what specific representation she encountered, when she encountered it, how it deterred her from investigating, or how it prevented her from timely filing, and c) exercise reasonable diligence in investigating the cause of her injury. R&R at 11-15. Additionally, relying on the same analysis that she did not exercise reasonable diligence to investigate the cause of her injury, the Court found that Oklahoma's discovery rule also did not delay accrual of Plaintiff's causes of action. R&R at 15-18. As a result, the R&R granted Defendants' MJOP finding all claims were time-barred. *Id*. at 19-20. On the same basis, the R&R found amendment was futile and recommended denial of Plaintiff's Motion to Amend. *Id.* at 19.

## ARGUMENT

### I. The R&R's Determination That Plaintiff's Claims Are Not Tolled Under Oklahoma's Discovery Rule is Erroneous and Contrary to Law.

Oklahoma courts "apply the discovery rule in products liability actions where the

causal connection between the product and the plaintiff's injuries is not initially known" or where the potential causal connection between a particular injury and a product is not "common knowledge." *Miller,* 2005 WL 8174802, at *5; *Daugherty*, 689 P.2d at 950. In both instances, the discovery rule tolls the running of the statute of limitations until a plaintiff acquires "sufficient information which, if pursued, would lead to the true condition of things." *Miller,* 2005 WL 8174802, at *2; *Daugherty*, 689 P.2d at 950-951 (quoting *Young v. International Paper Co*., 155 So. 231 (1934)). For the discovery rule to apply, Plaintiff must show 1) that she did not initially know of the causal connection between her PJI and the Bair Hugger or that the causal connection was not common knowledge, and 2) that she was not unreasonable in not investigating the possible link sooner. *Miller*, 2005 WL 8174802, at *2.

Whether an action is barred by the statute of limitations is a question of fact to be determined by considering the evidence in each case under Oklahoma law. *F.D.I.C. v. Grant*, 8 F. Supp. 2d 1275, 1290 (N.D. Okla. 1998); *see also Samuel Roberts Noble Found., Inc. v. Vick*, 840 P.2d 619, 626 (Okla. 1992). "Statutes of limitation were not designed to help those who negligently refrain from prosecuting inquiries plainly suggested by the facts." *See Daugherty*, 689 P.2d at 951. A plaintiff's duty is to conform to the legal standard of reasonable conduct in the light of the apparent risk. *See Brewer v. Murray*, 292 P.3d 41, 46 (Okla Civ. App. 2012) (quoting William L. Prosser, Law of Torts, 324-27 (4th ed. 1971)). What is reasonable conduct under the circumstances is a question of fact for the jury. *Enid Transfer & Storage Co. v. Mollenhauer,* 251 P.2d 1068, 1071 (Okla. 1953); *see also Moses v. Miller*, 216 P.2d 979, 983 (Okla. 1950).

Importantly, in cases where the parties dispute which facts are sufficient to place the plaintiff on notice that claims have accrued, the statute of limitations is not amenable to resolution at the motion to dismiss stage. *Okla. Ex rel. Doak v. Eisneramper LLP*, 2016 U.S. Dist. LEXIS 95184, 2016 WL 3963211, at *5-6.

**A. <u>Plaintiff Has Plausibly Alleged Facts That She Did Not Know of the Causal Connection Between Her PJI and the Bair Hugger and That the Causal Connection was Not Common Knowledge at the Time of Injury</u>.**

Plaintiff has plausibly alleged that she was unaware that the Bair Hugger was a cause of her PJI until February 2016. At the time of her hip replacement, Plaintiff was anesthetized and did not know that the Bair Hugger was being utilized. Amend. Complaint, at ¶ 42. No healthcare provider told Plaintiff that she was exposed to the Bair Hugger during surgery and none of Plaintiff's medical records indicate that the Bair Hugger was a cause of her PJI. *Id*. at ¶¶ 43, 47.

Plaintiff also plausibly alleges facts demonstrating that it was not "common knowledge" at the time of injury that the Bair Hugger was associated with an increased risk of PJI.[2] None of Plaintiff's physicians advised her either before or after her surgery that PJI is a risk of the Bair Hugger. *Id*. at ¶ 45. However, Plaintiff's physicians did explain that she was at risk of suffering infection due to two other potential causes –

[2] In Defendants' Combined Reply in Support of Motion for Judgment on the Pleadings and Response to Plaintiffs' Motions for Leave to Amend (Defendants' Reply"), Defendants incorrectly argue that the "common knowledge" exception does not apply because PJI is a known risk of orthopedic surgery. Dkt. 3256 at 23-25. This argument completely misses the point and actually supports Plaintiff's contention that she was reasonable in not conducting an additional and further investigation of the cause of her PJI. Of course, it was common knowledge that infection is a risk of surgery. What is clear from the record is that it was not common knowledge to Plaintiff or her physicians that the Bair Hugger (i.e., the product) is a potential cause of PJI. Moreover, the parties' positions as to what was common knowledge is in dispute making dismissal on statute of limitations grounds at this stage impermissible under Oklahoma law.

obesity and a prior history of infection. *Id.* at ¶ 44. At this pleading stage, the Court must accept all factual allegations by the non-moving party as true and draw all reasonable inferences in the non-moving party's favor. *Syverson v. FirePond, Inc.*, 383 F.3d 745, 749 (8th Cir. 2004) (citing *United States v. Any & All Radio Station Transmission Equip.*, 207 F.3d 458, 462 (8th Cir. 2000)). The only reasonable inference that can be drawn from the current record is that the association between the Bair Hugger and PJI was not commonly known in the medical community or to patients like Plaintiff. Otherwise, Plaintiff's physicians, the learned intermediaries who utilize the Bair Hugger, would have also advised Plaintiff that exposure to the Bair Hugger was a potential cause for PJI. In contrast, Defendants assert the facts demonstrate that common knowledge existed at the time the Bair Hugger was used on Plaintiff. Defendants' Reply at 23-24. Because the parties dispute facts relevant to whether there was common knowledge, Oklahoma law mandates that the Court reserve ruling on statute of limitations issues at this pre-discovery stage. *Doak*, at *5-6.

Notably, the R&R does not actually find that common knowledge existed at the time of Plaintiff's injury. While the R&R notes that the Plaintiff cites "twenty-four published studies, spanning from 1997-2022 that allegedly disclosed an increased of infection associated with the Bair Hugger device", the studies are not dispositive that the association was common knowledge. R&R at 13. Similarly, whether creation of the MDL in December 2015 put physicians and laypersons like Plaintiff on notice of the association or their claims is disputed on the current record and should not be decided at the pleading stage. *Doak,* at *5-6; *see also* Amend. Complaint at ¶ 42. The question of

common knowledge is a factual inquiry and Oklahoma law leaves this determination for the jury to decide. *Moses v. Miller*, 216 P.2d 979, 983 (Okla. 1950).

### B. Plaintiff Has Plausibly Alleged Facts Demonstrating She Exercised Reasonable Care Investigating Her Claims.

The R&R also determined that Plaintiff failed to plausibly allege that she exercised reasonable care to discover her injury finding that she did not conduct "any such inquiry" and, therefore, Oklahoma's discovery rule does not delay accrual of her claims. R&R at 13, 16-18. The R&R's analysis is erroneous and contrary to law.

The determination that Plaintiff failed to conduct "any such inquiry" into the cause of her PJI is simply wrong. Plaintiff has plausibly alleged that she spoke with her surgeon about the risks of hip replacement and was specifically advised that she was at risk for PJI due two potential causes – obesity and a history of infection – not because the Bair Hugger was being used. Amend. Complaint at ¶ 44. The R&R rebrands these discussions between Plaintiff and her surgeon as simply why Plaintiff "initially attributed her infection to her pre-existing risk factors." R&R at 14. However, this type of discussion between a learned intermediary and their patient about a risk of surgery (infection) and its potential causes (obesity and prior history of infection) demonstrates that Plaintiff did undertake an inquiry into the cause of her PJI.

The question of whether it was unreasonable for Plaintiff to not undertake an additional and further investigation of the cause of her PJI when she had already discussed the issue with her surgeon and then suffered the injury she was warned about is a different inquiry. This separate assessment of the reasonableness of Plaintiff's conduct

is a question of fact reserved for the jury under Oklahoma law particularly at the pleading stage when Plaintiff has been afforded no discovery related to these issues. *See Moses*, at 983; see also *Doak*, at *5-6.

Because Plaintiff plausibly alleges that she did not know that the Bair Hugger causes PJI, that the causal connection was not commonly known, and that she exercised reasonable diligence in investigating her claims, the discovery rule applies and her case was timely filed. At a minimum, these issues involve fact questions for the jury to decide under Oklahoma law and the case should proceed to discovery.

## II. **Plaintiff Plausibly and Sufficiently Alleges Affirmative Acts of Concealment.**

As the R&R recognizes, fraudulent concealment is an implied exception to the statute of limitations that applies when a party wrongfully conceals material facts and thereby prevents discovery of a cause of action. *Waugh v. Guthrie Gas, Light, Fuel & Improvement Co.,* 131 P. 174, Syl. No. 2 (Okla. 1913). For fraudulent concealment to apply, there must be "some actual artifice to prevent knowledge of the fact; some affirmative act of concealment or some misrepresentation to exclude suspicion and prevent inquiry." *Kansas City Life Ins. Co. v. Nipper*, 51 P.2d 741, 747 (Okla. 1935).

The R&R acknowledges that the Proposed Amended Complaint does include allegations of affirmative acts of concealment but found that a "substantial portion of the conduct Plaintiffs rely on consists of omissions[,]" with Plaintiff repeatedly alleging that "3M failed to warn, failed to disclose, and failed to correct false impressions about the safety of Bair Hugger." R&R at 12. The R&R then cites to one sentence in the Proposed

Amended Complaint as support for this contention noting that Plaintiff alleges that 3M "failed to correct the false impression left by its statements and conduct." *Id.* (quoting Amend. Complaint at ¶ 148). However, that sentence does not exist in a vacuum. There are numerous other examples of affirmative acts of concealment contained in the Proposed Amended Complaint including that 3M made affirmative statements creating a false impression that the Bair Hugger was safe and effective for all surgeries while knowing these statements were false, particularly for obese patients like Plaintiff, where the Bair Hugger offers no benefit and only exposes a patient to risks because obese people do not require warming during surgery. *See e.g.*, Amend. Complaint at ¶¶ 113, 124, 125, 143, 146, 148-153, 178, 209, 219, 221, 264, 310, 313-315, and 324.

The Proposed Amended Complaint also alleges that 3M's agents edited the findings of the Consensus, which Defendants never disclosed, and which contributed to the execution of the Partnership Program Agreement ("PPA") and Plaintiff's hospital's purchase of the Bair Hugger used in her surgery. Specifically, Plaintiff alleges that 1) that the head of the Consensus process, Dr. Javad Parvizi, was a paid 3M consultant at $5,000 per day, 2) that 3M's litigation expert, Dr. Michael Mont, who was over $200,000 by 3M, testified he read and edited every line of the Consensus findings before publication, 3) that one of 3M's attorneys was given an advance draft and emailed Dr. Mont asking him to make changes to the final statement, and 4) that none of this was disclosed in the published Consensus statement. *See* Amend. Compl. at ¶¶ 164–169. These allegations provide the type of particularity required of allegations of fraudulent concealment (i.e., the who, what and when) that the R&R incorrectly deems incomplete. R&R at 12.

Additionally, the Proposed Amended Complaint alleges affirmative acts of concealment related to the PPA. Specifically, Plaintiff alleges that 1) 3M's false statements about the Bair Hugger's safety led to execution of the PPA, 2) that 3M provided Bair Hugger units to Plaintiff's hospital pursuant the PPA's terms, 3) that those units were used during Plaintiff's surgery, 4) that the hospital charged Plaintiff for its use, and 5) that Plaintiff's physicians relied on 3M's misrepresentations in deciding to purchase and use the device on Plaintiff while not knowing that the Bair Hugger provided her no benefit because she was obese. *See* Amend. Complaint at ¶¶ 146, 151-153. Those allegations explain both what the PPA did and why it matters. It is the vehicle through which 3M's affirmative misrepresentations reached Plaintiff's physicians who then used the device exposing her to risk with no benefit.

Read collectively, these various allegations demonstrate an ongoing course of affirmative misrepresentations and concealment and "an artifice to prevent knowledge of the facts", not mere passive omissions. *Kansas City Life Ins*., at 747. At this pleading stage, the court must also grant all reasonable inferences in Plaintiff's favor which is further support against dismissal now. *Syverson*, at 749. Finally, as discussed above, Plaintiff plausibly alleges that she exercised due diligence investigating her potential claims such that fraudulent concealment applies.

## III. Because Plaintiff Plausibly Alleges Discovery Rule Tolling and Fraudulent Concealment, the Denial of Leave to Amend Was in Error and Should Be Reversed.

The R&R denied Plaintiff's motions for leave to amend because it concluded that the proposed amendments are time-barred. R&R at 12. Because that conclusion is

flawed, the futility determination cannot stand and the motion for leave to amend should be granted. *See Zutz*, 601 F.3d at 850 (denial of leave to amend for futility requires that the amended complaint could not withstand a Rule 12(b)(6) motion).

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court decline to adopt the recommendations in the R&R, deny Defendants' MJOP as to Counts I–IV, IX–XII, and XIV, and grant Plaintiff's Motion to Amend.

Dated: August 19, 2026

Respectfully submitted,

*/s/ Kevin M. Fitzgerald*

Kevin M. Fitzgerald
FITZGERALD LAW GROUP, LLC
120 Exchange Street, Suite 200
Portland, ME 04101
Phone: (207) 874-7407
Facsimile: (207) 850-2120
Email: kfitzgerald@fitz-lawgroup.com

*Attorneys for Plaintiff Sharon Paine*

**CERTIFICATE OF SERVICE**

I, Kevin M. Fitzgerald, hereby certify that on August 19, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, which will send notification to all counsel of record.

*/s/ Kevin M. Fitzgerald*
Kevin M. Fitzgerald