**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| IN RE: Bair Hugger Forced Air Warming Products Liability Litigation | **No. 15-md-2666-JNE-DTS** |
| This Document Relates to the Following Cases:<br><br>*Minor,* No. 17-cv-2033<br>*Taplin,* No. 17-cv-2848 | **District Judge Joan N. Ericksen**<br><br>**Magistrate Judge David T. Schultz** |

**PLAINTIFFS ROBERTA MINOR'S AND JANICE TAPLIN'S OBJECTIONS TO REPORT AND RECOMMENDATION REGARDING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS AND PLAINTIFFS' MOTIONS FOR LEAVE TO AMEND**

Plaintiffs Roberta Minor and Janice Taplin (hereinafter "Plaintiffs"), by and through undersigned counsel, respectfully object, pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, D. Minn. LR 72.2, to the Report and Recommendation ("R&R") issued on August 5, 2026 (ECF No. 3571), to the extent it recommends that Defendants' Motion for Judgment on the Pleadings be granted as to Counts I–IV, IX-XII and XIV of Plaintiff's operative complaint on statute of limitations grounds, and to the extent it denies Plaintiffs' Motions for Leave to Amend as futile on the same grounds. As detailed herein, the R&R's determination that Plaintiffs have failed to plead sufficient facts at this pre-discovery stage to toll the statute of limitations under fraudulent concealment doctrine and that they have waived any argument that their claims were timely filed absent tolling is erroneous, misapplies Oklahoma law, and resolves questions of fact that are reserved for

the trier of fact (i.e. the jury upon remand of this action) under Oklahoma law.[1]

## STANDARD OF REVIEW

Upon a filing of a Report and Recommendation ("R&R") by a Magistrate Judge, "[a] party may serve and file objections to the order within 14 days after being served with a copy." Fed. R. Civ. P. 72(a); *accord* D. Minn. LR 72.2(a)(1). This Court "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *accord* D. Minn. LR 72.2(a)(3). "A decision is clearly erroneous when, after reviewing the entire record, a court 'is left with the definite and firm conviction that a mistake has been committed.'" *Thorne v. Wyeth*, Civil No. 06-3123, 2007 WL 1455989, at *1 (D. Minn. May 15, 2007) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). And "[a] decision is 'contrary to law' when it 'fails to apply or misapplies relevant statutes, case law or rules of procedure.'" *Knutson v. Blue Cross & Blue Shield of Minn.*, 254 F.R.D. 553, 556 (D. Minn. 2008) (quoting *Transamerica Life Ins. Co. v. Lincoln Nat'l Life Ins. Co.*, 592 F. Supp. 2d 1087, 1093 (N.D. Iowa 2008)).

Additionally, the R&R recommends that the District Court grant a dispositive motion, 3M's Motion for Judgment on the Pleadings and deny Plaintiffs' Motions for Leave to Amend as futile because the proposed amendments could not survive the same statute-of-limitations analysis. Because that recommendation and the futility determination rest, in part, on the same fraudulent-concealment analysis and are dispositive of Plaintiffs'

[1] Plaintiffs do not object to the R&R's findings regarding dismissal of Counts V–VIII (the Minnesota statutory consumer-protection claims).

claims, the portions of the R&R addressed here are subject to de novo review. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3); D. Minn. LR 72.2(b); see also *Zutz v. Nelson*, 601 F.3d 842, 850 (8th Cir. 2010) (denial of leave to amend on futility grounds means the court concluded the amended complaint could not withstand a Rule 12(b)(6) motion to dismiss, i.e., the same standard applied to a dispositive motion).

## **BACKGROUND**

Among other factual assertions detailed in their Amended Complaint, Plaintiffs allege that, before the execution of a "Partnership Program Agreement" ("PPA") with Plaintiffs' hospitals, 3M made affirmative statements creating a false impression that the Bair Hugger was safe and effective for all orthopedic surgeries, which 3M knew was false. *See* Minor Prop. Am. Compl. ¶ 131, 135; Taplin Prop. Am. Compl. ¶ 130, 134. Plaintiffs allege that 3M provided Bair Hugger units to hospitals under the PPA which were billed to patients, including Plaintiffs. *Id.* Minor at ¶ 136; Taplin at ¶ 135. Additionally, Plaintiffs allege that their physicians relied on 3M's misrepresentations in purchasing and using the device on Plaintiffs. *Id. Id.* Minor at ¶ 137; Taplin at ¶ 136. Plaintiffs further allege that 3M's paid litigation expert, Dr. Michael Mont—whom 3M paid over $200,000—edited every line of the findings of the 2018 International Consensus Meeting on Periprosthetic Joint Infections ("Consensus") before publication, and that the head of that Consensus process, Dr. Javad Parvizi, was simultaneously a paid 3M consultant at $5,000 per day, which are facts undisclosed in the published findings. *Id.* Minor at ¶¶ 149-154; Taplin at ¶¶ 148-153.

The R&R held that Oklahoma substantive law governs Plaintiffs' claims, and that

the two-year statute of limitations period in Oklahoma, 12 Okla. Stat. Ann. § 95(A)(3) bars Plaintiffs' claims related to negligence, products liability, and fraud because they accrued automatically on the date of physical injury (the development of a post-operative infection). ECF No. 3571 at 8-10. The R&R found that Plaintiffs had not plead the facts necessary to invoke fraudulent concealment tolling. *Id* at 11-15. The R&R concluded that Defendants' alleged misconduct as plead consisted of mere omissions or failures to disclose, and that Plaintiffs' tolling argument fails because their proposed complaints do not identify a specific, secondary representation by Defendants *after* their surgical injuries upon which they relied in delaying suit (emphasis added). *Id*. Lastly, the R&R held that Plaintiffs failed to plausibly allege the exercise of reasonable due diligence under Oklahoma law, concluding that the physical manifestation of their infections placed them on immediate inquiry notice to review medical records, seek legal counsel, and discover the Bair Hugger's latent design flaws. *Id* at 12-14. Furthermore, the R&R held that because Plaintiffs cite published studies in their amended complaints that information sufficient to trigger notice of a potential claim was readily available and undiscovered only due to a lack of reasonable diligence. *Id*. Based on these findings, the R&R recommended Plaintiffs motions for leave to amend their complaints be denied and their claims dismissed with prejudice. *Id* at 21-22.

## ARGUMENT

### I. The R&R Errs by Importing Out-of-Circuit Frameworks That Misstate Oklahoma's Fraudulent Concealment Standard

The R&R errs as a matter of law by holding that Plaintiffs' fraudulent concealment tolling must fail because they do not identify what specific representation they encountered, when they encountered it, or how it prevented them from filing within the applicable period. *Id* at 11-12. The R&R improperly treats a latent medical device failure identically to a standard consumer transaction to demand that Plaintiffs initiate direct communication with a third-party commercial manufacturer, seek technical data, and *then* be personally misled (emphasis added). *Id* at 12 (citing to *Cole v. NIBCO, Inc.*, No. CV13787, 2016 WL 10536025, at *9 (D.N.J. Feb. 26, 2016) and *In re Cook Med., Inc.*, No. 1:14-ML-02570, 2024 WL 5089698, at *6 (S.D. Ind. Oct. 10, 2024) to reject Plaintiffs' argument that Defendants here engaged in engaged active non-disclosure.)

The R&R penalizes Plaintiffs for failing to allege post-injury interactions with 3M, placing surgical patients in an impossible position that fundamentally conflicts with the realities of medical product liability and Oklahoma substantive law. In *Cole*, the plaintiffs alleged that defendant knew through early engineering failures and consumer complaints that its product (pipes installed directly into plaintiffs' homes) were prone to premature cracking, and that defendant continued to market the products as meeting industry standards and routinely rejected homeowners' warranty claims, blaming the leaks on bad installation rather than a systemic product defect. *Cole* at *1. In *Cole*, plaintiffs argued that their reliance was on defendant's silence and marketing when purchasing homes built with their product. *Id*. In *Cole*, the court ultimately found that plaintiff failed to sufficiently allege that the defendant's purported misrepresentations prevented him from discovering

his injuries, as plaintiff could not rely on allegations that defendant failed to disclose to him information regarding the product's defects. *Id* at *9.

Under Oklahoma law, while a simple failure to disclose is insufficient to toll a limitations period under fraudulent concealment, a defendant is equitably estopped from asserting a statute of limitations defense when they commit "some actual artifice to prevent knowledge of the fact; some affirmative act of concealment or some misrepresentation to exclude suspicion and prevent inquiry." *Waugh v. Guthrie Gas, Light, Fuel & Improvement Co.*, 131 P. 174, 178 (Okla. 1913); see also *Masquat v. DaimlerChrysler Corp.,* 195 P.3d 48, 55 (Okla. 2008). This "actual artifice" requirement is fully satisfied on the pleadings when a defendant initiates a widespread commercial and regulatory campaign to conceal a latent engineering defect. Unlike the plaintiff in *Cole*, Plaintiffs through their pleadings (which must be taken as true) have explicitly alleged that 3M engaged in active, multi-year promotional campaigns declaring the Bair Hugger to be a sterile safety device, while simultaneously suppressing its internal engineering data regarding waste-heat convective airflow contamination. Minor Prop. Am. Compl. ¶¶ 108, 135; Taplin Prop. Am. Compl. ¶¶ 107, 134. *See* also discussion *supra* in Background.

The reliance required by Oklahoma law is embedded within this systemic deception. 3M's ongoing clinical representations created an environment where Plaintiffs' treating physicians, hospitals, and the public believed the operating field was secure. This structural deception effectively lulled Plaintiffs into viewing their subsequent PJIs as standard, biological surgical complications rather than product liability events. To demand that a patient plead a direct post-surgery misrepresentation from a manufacturer they never

interacted with ignores the realities of complex product defects and improperly immunizes corporate defendants who successfully conceal their liabilities from the general public.

Here, a lay consumer undergoing surgery is completely insulated from the manufacturer of operating room equipment. Patients do not converse with 3M sales representatives post-operatively, nor do medical device manufacturers issue individualized, direct representations to patients recovering from surgery or after they develop a PJI after a surgery in which a medical device was used. Whether Plaintiffs here were in a position to have been determined to be affirmatively misled such that they were prevented from bringing their claims and capable of exercising due diligence against a third-party manufacturer whose device was used in surgery is a novel question that should be resolved, at the very least, at the summary judgment stage on an *Erie* guess following adequate discovery on these issues, or, alternatively, on a certified question to the Oklahoma State Court of Appeals.

## II. The R&R's Waiver Analysis for Plaintiffs Minor and Taplin Errs as a Matter of Law

The R&R incorrectly relies on *Doll v. Trellis Walnut Towers LLC* to find a concession by omission by failing to cite specifically to a discovery rule, as Plaintiffs here did make reference in their opposition to the purpose behind the application of the discovery rule. *See* Pls. Minor's and Taplin's Mem. in Opp'n at 8. In *Doll*, dismissal under Rule 12 was required because the complaint lacked concrete, foundational factual allegations. *Doll v. Trellis Walnut Towers LLC*, 2024 WL 4355084 (D. Minn. Sept. 30, 2024). The plaintiffs filed opposition briefs that did not respond to arguments raised in the defendants' motion

but merely repeated baseline factual allegations and boilerplate legal standards. While ultimately declining to rely on a finding of waiver to grant defendants' Rule 12(b)(6) motion, the judge found that plaintiffs' brief in opposition to the motion, which "advance[d] no discernable argument responsive to the dismissal grounds" raised by the defendants, "raise[d] a waiver problem." *Id* at *7. Here, there is a vast difference between the facts of *Doll* and Plaintiffs' opposition brief. Where the Court found in *Doll* that plaintiffs had advanced no discernable argument, here, Plaintiffs have aggressively opposed dismissal. Their opposition presented localized facts, raised critical timing arguments regarding Master Pretrial Orders (PTOs), challenged the selective nature of Defendants' non-remand Rule 12(c) motions, and explicitly requested leave to amend based on ongoing MDL discovery. Pl.'s Memo. In Opp'n 3-10. Because discernable arguments were provided, applying *Doll* to find waiver is clearly erroneous.

The R&R's waiver finding directly conflicts with *Minnesota Chamber of Commerce v. Choi*, which holds that where a party's underlying briefings or related legal points already encapsulate or closely mirror the disputed issue, "the parties can't be faulted for not providing extensive analysis" and waiver does not apply. No. 23-cv-2015 (ECT/TNL), 2025 WL 4355084, at *3 (D. Minn. Feb. 7, 2025). Defendants explicitly stated their motion was intended to "cull the MDL of meritless cases by identifying and dismissing claims that are time-barred on their face." *Id* at Defs.' Mem. at 2, Dkt. No. 3180. The core issue of when Plaintiffs' injuries occurred was already actively briefed and disputed across all of Plaintiffs' foundational filings, including Pretrial Order #8 (Master Long Form Complaint) and the Short Form Complaint (stating contaminants were introduced into an open wound

resulting in a PJI). *See* Pretrial Order #8 – Master Long Form Complaint and Jury Demand at 4-13 (Defendant's Bair Hugger air filtration system's reduced efficiency resulted in internal airflow pathways *contaminated with pathogens* but held on their website through at least 2016 false and misleading statements regarding concerns of the Bair Hugger's air flow's propensity to entire the sterile field); Minor's Short Form Complaint filed June 14, 2017 at 2; Taplin's Short Form Complaint filed July 13, 2017 at 2 ("*Contaminants* introduced into [Minor's and Taplin's] open surgical wound [resulted] in Plaintiff[s] developing a periprosthetic joint infection ("PJI") (*emphasis added*).

Under the rule established in *Choi*, omitting an explicit reference to Oklahoma's discovery rule in an opposition brief does not constitute a waiver when the underlying defense is being actively contested. By failing to apply the limiting principles of *Choi*, the R&R's waiver finding is in error.

**CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court decline to adopt the specified portions of the R&R (ECF No. 3571), deny Defendants' Motion for Judgment on the Pleadings under Rule 12(c), and grant Plaintiffs leave to amend their complaints.

Dated: August 19, 2026,

Respectfully submitted,

*/s/ Emma Sikora Paulus*

Emma Sikora Paulus (74362MO)
BROWN AND CROUPPEN, P.C.
4900 Daggett Avenue
St. Louis, MO 63110

Phone: (314) 561-6260
emmas@getbc.com
*Attorney for Plaintiffs Roberta Minor and Janice Taplin*

**CERTIFICATE OF SERVICE**

I, Emma Sikora Paulus, hereby certify that on August 19, 2026, I electronically filed the foregoing Certificate of Compliance with the Clerk of Court using the CM/ECF System, which will send notification to all counsel of record.

*/s/ Emma Sikora Paulus*
Emma Sikora Paulus