**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| IN RE: Bair Hugger Forced Air Warming Products Liability Litigation | MDL No. 15-md-02666-JNE-DTS |
| This Document Relates to the Following Cases:<br>*Best*, 25-cv-1919<br>*Brady*, 25-cv-1808 | **DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' OBJECTIONS TO REPORT & RECOMMENDATION** |

## INTRODUCTION

This Court can and should exercise its authority to streamline this MDL by disposing of cases that are filed "well after the [] limitations period." Magistrate Judge's Order & Report and Recommendation ("R&R"), ECF 3543 at 8. The Magistrate Judge's R&R correctly applied Mississippi law to conclude that Plaintiffs did not adequately plead fraudulent concealment and thus were not entitled to any tolling of their claims, and therefore their facially time-barred claims should be dismissed.

## LEGAL STANDARD

A party may serve and file specific written objections to the proposed findings and recommendations in an R&R. *United States v. Jones*, 731 F. Supp. 3d 1088, 1091 (D. Minn. 2024) (citing Fed. R. Civ. P. 72(b)(2); D. Minn. LR

72.2(b)(1)). The objections must specify the challenged rulings and the basis for the objections. *Id.*

The Court reviews *de novo* any proposed ruling on a dispositive motion that is "properly objected to." *Id.* (citing Fed. R. Civ. P. 72(b)(3); D. Minn. LR 72.2(b)(3)). Portions of the R&R that are not objected to, non-specific objections, and objections that "merely repeat arguments presented to and considered by a magistrate judge are not entitled to de novo review, but rather are reviewed for clear error." *Montgomery v. Compass Airlines, LLC*, 98 F. Supp. 3d 1012, 1017 (D. Minn. 2015). Rulings on nondispositive motions are likewise reviewed under the deferential "clearly erroneous or contrary to law" standard. Fed. R. Civ. P. 72(a); D. Minn. LR 72.2(a)(3). However, "[w]hen a motion to amend a pleading is opposed on grounds of futility and a party seeks review of the magistrate judge's determination of the issue of futility, the district judge will review the futility determination de novo." D. Minn. LR 72.2(a)(3)(c).

## ARGUMENT

### I. Plaintiffs Have Not Adequately Pleaded Affirmative Acts of Concealment.

The R&R correctly determined that Plaintiffs did not adequately plead fraudulent concealment and thus were not entitled to any tolling of their claims. Accordingly, because Plaintiffs filed their lawsuits more than seven years after their alleged injuries, their claims are time-barred. Plaintiffs argue

that their allegations about (1) 3M's affirmative statements prior to the execution of a Partnership Program Agreement ("PPA") regarding the Bair Hugger's safety for use in orthopedic surgery; (2) the 2018 International Consensus; and (3) the PPA itself suffice to establish fraudulent concealment at the pleading stage. *See* Plaintiffs' Objections to R&R ("Plaintiffs' Objections" or "Obj."), ECF 3486 at 6-8. Plaintiffs are wrong.

First, Plaintiffs assert that paragraphs 130-133 of the Amended Complaint sufficiently allege affirmative acts of fraudulent concealment by 3M in their communications with medical professionals. This argument misses the forest for the trees. Fundamentally, these portions of the Amended Complaint cannot establish fraudulent concealment because they allege *prior* acts of concealment.

The timeline here is dispositive. Brady's surgery occurred on December 15, 2016. Best's surgery occurred on November 14, 2017. To toll the statute of limitations, Plaintiffs must identify affirmative acts of concealment that occurred after those dates—i.e., after the cause of action accrued. *See, e.g.*, *Hull v. Wyeth*, No. 3:05-cv-177, 2012 WL 4857589, at *3 (S.D. Miss. Oct. 11, 2012) ("only *subsequent* affirmative acts of concealment suffice to toll the statute of limitations"). Yet paragraphs 130–133 describe 3M's pre-surgery conduct: representations made in connection with the marketing and sale of the Bair Hugger to hospitals, the execution of a PPA with Plaintiffs' treating hospitals,

and the provision of Bair Hugger units under that Agreement. All of this alleged conduct, by Plaintiffs' own allegations, preceded and led to the use of the device during Plaintiffs' surgeries. None of it constitutes a subsequent act of concealment.

For example, Plaintiffs allege that "*prior to* the execution of the Partnership Program Agreement, Defendant 3M made affirmative statements that created a false impression that Bair Hugger forced air warming devices were safe . . . ." Am. Compl. at ¶ 130 (emphasis added). Then later, Plaintiffs assert:

> Defendant 3M's statements, which it knew to be untrue, and its conduct, created a false impression of fact that *led to the execution of the Partnership Program Agreement*. 3M provided one or more Bair Hugger units at the hospital pursuant to the terms of the Partnership Program Agreement. Those Bair Hugger units were used during surgeries, *including Plaintiff's surgery*. Am. Compl. at ¶ 135 (emphasis added).

Collectively, the language of Plaintiffs' allegations confirms that the claimed affirmative statements took place *before* the execution of the PPA, and the PPA was executed *prior to* Plaintiff's surgery. Because Mississippi requires *subsequent* affirmative acts to establish fraudulent concealment, it makes no difference whether, as Plaintiffs allege, "the paragraphs allege an ongoing course of affirmative misrepresentation and concealment, not passive silence." Obj. at 6. Allegations of conduct or omissions *before* Plaintiffs' surgeries are irrelevant. *See Bryant v. Wyeth, Inc.*, 816 F. Supp. 2d 329, 335 (S.D. Miss.

2011), *aff'd*, 487 F. App'x 207 (5th Cir. 2012) ("The requirement of proof of an affirmative act refers not to proof of the act that gives rise to the claim but rather to a *subsequent* affirmative act of concealment.").

Even assuming arguendo that these are not allegations of prior acts of concealment, Plaintiffs' explanation of the supposed affirmative acts of fraudulent concealment by 3M in their communications with medical professionals (described in paragraphs 130-133 of the Amended Complaints) does nothing to shift the analysis. *See* Obj. at 6. The R&R correctly cited paragraph 132 of the Amended Complaints as *one* example that "a substantial portion of the conduct Plaintiffs rely on consists of omissions, not affirmative acts." R&R at 9. Plaintiffs' attempt to provide context for this allegation by referencing paragraphs 130 and 133 is unavailing because the result is the same: even when read as a whole, paragraphs 130-133 of the Amended Complaints fail to allege affirmative conduct with sufficient particularity. For example, paragraph 133 alleges that "3M took affirmative steps" and "3M took these affirmative actions," but does not provide a single specific detail of what these alleged affirmative steps were. For that reason, it fails to meet Rule 9(b)'s requirements. *See 469 Cnty. Rd. Baldwyn Props., LLC v. Manchester Anika, LLC*, No. 1:18-CV-121-SA-DAS, 2019 WL 3806376, at *3 (N.D. Miss. Aug. 13, 2019) (Plaintiffs must state "the who, what, when, where, and how . . . *before* access to the discovery process is granted.") (internal citations omitted).

Next, Plaintiffs contend that they have adequately pleaded fraudulent concealment with respect to the 2018 International Consensus Meeting, but the thrust of their argument—after noting the fees paid to 3M consultants and experts—is that "none of this was *disclosed* in the published Consensus statement." Obj. at 7 (emphasis added). Failure to disclose does not satisfy the affirmative act of concealment requirement unless a fiduciary duty exists. *See, e.g.*, *Poe v. Summers*, 11 So. 3d 129, 134 (Miss. Ct. App. 2009) ("Where the parties do not stand in a confidential or fiduciary relationship with one another, an affirmative act of concealment is necessary."). Plaintiffs have not pleaded that 3M owed them a fiduciary duty, nor does 3M owe such a duty to Plaintiffs. *See Woods v. R.J. Reynolds Tobacco Co.*, 635 F. Supp. 2d 530, 538 (S.D. Miss. 2009) (citing *Ruth v. A.O. Smith Corp.,* 2005 WL 2978694 at *4 (N.D. Ohio Oct. 11, 2005) (applying Mississippi law) for proposition that "no fiduciary duty arises between product-user and product-manufacturer"). Absent a fiduciary duty, alleged failure to disclose is an omission, not an affirmative act—and thus Plaintiffs fail to adequately plead fraudulent concealment.

Moreover, even if the alleged editing of the 2018 Consensus Meeting findings could somehow be characterized as an affirmative act, Plaintiffs fail to allege any causal connection between those findings and their own inability to discover their claims. Plaintiffs do not allege that they or their healthcare

providers ever encountered, read, or relied upon the 2018 Consensus findings. They do not allege that the Consensus findings reached them or influenced their decision-making in any way. Without such a causal nexus—i.e., an allegation that the act "prevent[ed] discovery of the claim"—the tolling doctrine cannot apply. *Reich v. Jesco, Inc.*, 526 So. 2d 550, 552 (Miss. 1988).

Finally, Plaintiffs claim that the agreement was the "vehicle through which 3M's affirmative misrepresentations reached the very providers who used the device on Plaintiffs during their surgeries." Obj. at 7-8. But again, this justification is irrelevant to Mississippi's fraudulent concealment tolling doctrine, which "refers not to proof of the act that gives rise to the claim but rather to a *subsequent* affirmative act of concealment." *Hull*, 2012 WL 4857589, at *3. *See also Ross v. Citifinancial, Inc.,* 344 F.3d 458, 463-464 (5th Cir. 2003) ("Mississippi law is unambiguous: Plaintiffs must prove a subsequent affirmative act of fraudulent concealment to toll the limitations."); *Channel v. Loyacono*, 954 So. 2d 415, 423-424 (Miss. 2007) ("While [plaintiffs] do make allegations of fraudulent and negligent acts committed by [defendants], the plaintiffs make no offering of any affirmative act designed to conceal a cause of action.").

Accepting the alleged facts in Plaintiffs' favor for purposes of judgment on the pleadings, all the PPA establishes are alleged acts of concealment *prior to* Plaintiffs' surgeries—evidence that is "immaterial in the fraudulent

concealment inquiry." *Hull*, 2012 WL 4857589, at *3. Nothing in the PPA-related paragraphs of the Amended Complaints refers to an act of concealment that took place after the Bair Hugger was allegedly used during Plaintiffs' surgeries, and Plaintiffs have not stated with any degree of particularity how the terms of the PPA were designed to prevent and did prevent discovery of their claims. Consequently, this argument does nothing to advance Plaintiffs' position that the fraudulent concealment tolling doctrine should be applied, and because Plaintiffs cannot establish the requisite elements, their claims cannot be tolled. *Reich*, 526 So. 2d at 552.

Each of Plaintiffs' arguments above is a distraction from the critical, glaring deficiency in the Amended Complaints: the failure to "identify any specific affirmative act of concealment by Defendant, subsequent to the discovery of [her] injury . . . , or explain how any such act prevented [her] from discovering [her] cause of action." *Tanner v. Pfizer, Inc.*, No. 1:15CV75-HSO-JCG, 2015 WL 6133207, at *3 (S.D. Miss. Oct. 19, 2015). Instead, Plaintiffs "focus on the conduct of Defendants prior to, and contemporaneous with," Plaintiffs' surgeries and fail to "aver that the Defendants affirmatively prevented the Plaintiffs from discovering their claims." *O'Bannon v. Guardian Life Ins. Co. of Am.*, 331 F. Supp. 2d 476, 478 (S.D. Miss. 2004). Accordingly, their claims cannot be tolled by the fraudulent concealment doctrine, and this Court should uphold the R&R.

## II. Because Plaintiffs Have Not Adequately Pleaded the Elements of Fraudulent Concealment, Mississippi Law Supports Dismissal as a Matter of Law.

"A court may dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) as barred by a statute of limitations if the complaint itself shows that the claim is time-barred." *Wong v. Wells Fargo Bank N.A.*, 789 F.3d 889, 897 (8th Cir. 2015). Such is the case here, where fraudulent concealment does not apply, and Plaintiffs' lawsuits were filed long after the limitations period ended; therefore, Plaintiffs' claims are barred.

Determined to make *Robinson v. Cobb,* 763 So.2d 883 (Miss. 2000), stand for something it does not, Plaintiffs recycle the same arguments they have already brought before this Court. *See* Memorandum in Opposition to Defendants' Motion for Judgment on the Pleadings, ECF 3315 at 10. First, Plaintiffs use *Robinson* to claim that the elements of fraudulent concealment are "questions of fact for the jury, not questions of law," Obj. at 5, and they then argue that "*Robinson* ***requires*** that Plaintiff's fraudulent concealment theory proceed past the pleadings." Obj. at 5-6 (emphasis added). But these assertions are simply incorrect, as subsequent Supreme Court of Mississippi decisions make clear. *See, e.g.*, *Sanderson Farms Inc. v. Ballard*, 917 So. 2d 783,790 (Miss. 2005) (reversing trial court's denial of motions to dismiss and dismissing plaintiff's amended complaints as time-barred because the fraudulent concealment doctrine did not apply); *Stephens v. Equitable Life*

*Assur. Soc'y of U.S.*, 850 So. 2d 78, 85 (Miss. 2003) (affirming lower court's dismissal of claims because the fraudulent concealment doctrine did not apply).

Second, *Robinson* is distinguishable because there, plaintiffs had sufficiently pleaded the elements of concealment, but factual disputes in the record necessitated reversal of summary judgment. Here, Plaintiffs have not met the threshold pleading standard, so dismissal is appropriate. *See, e.g., Nevins v. Jelliffe*, No. 3:16-CV-472-WHB-JCG, 2017 WL 1017659, at *4 (S.D. Miss. Mar. 15, 2017) ("[Because] Plaintiffs have not pleaded fraudulent concealment with the specificity required to toll these limitations statutes, any claim that accrued more than three years before the date on which this lawsuit was filed . . . is not plausible on its face and, therefore, subject to dismissal."); *O'Bannon,* 331 F. Supp. 2d at 478 (granting motion to dismiss because "[n]one of the Plaintiffs' allegations aver that the Defendants affirmatively prevented the Plaintiffs from discovering their claims. . .").

Plaintiffs also overstate *Robinson*. They argue that the question of Plaintiff's diligence must go to a jury. But the R&R concluded that a "reasonably diligent plaintiff could—and would—have discovered a potential claim" given the MDL and the public literature purporting to link Bair Hugger to PJIs. R&R at 11. Mississippi law permits courts to decide diligence as a matter of law. *See, e.g.*, *Stephens*, 850 So. 2d at 83–86; *Sanderson Farms*, 917 So. 2d at 789–90. Where the pleadings show that information sufficient to

trigger inquiry was available, and the plaintiff alleges no reasonably diligent investigation, Mississippi courts have resolved diligence and limitations at the pleading stage.

Plaintiffs also argue that they were under anesthesia and didn't know a Bair Hugger was used, that their medical records didn't link the device to their infection, and that they inquired with providers about causes of their infection. Obj. at 9. But these assertions ignore that a reasonably diligent plaintiff who develops an infection after surgery would investigate the circumstances of that surgery. By the time of Best's surgery (November 2017), the MDL had been ongoing for nearly *two years* and had over a thousand cases filed; by the time of Brady's surgery (December 2016), it had been going for over a year. If Plaintiffs had reviewed their medical records—as they allege to have done (Am. Compl. ¶¶ 36–40)—they would have seen the Bair Hugger was used. Indeed, Plaintiffs' own Amended Complaints cite twenty-five published studies spanning from 1997 to 2022 that discuss an association between forced air warming and surgical site infections. Am. Compl. ¶ 107. Plaintiffs thus identify in their own pleadings the very body of publicly available literature that would have alerted a reasonably diligent person to a potential claim. As the R&R observed, "[g]iven the easily accessible and highly publicized information linking Bair Hugger to PJIs, a reasonably diligent plaintiff could—and would—have discovered a potential claim." R&R at 11.

Plaintiffs' assertions are similar to those claimed by plaintiff in *Tanner v. Pfizer*, 2015 WL 6133207, at *1. There, Pfizer moved to dismiss plaintiff's claims as time-barred, and plaintiff responded by arguing that his claims should be tolled due to fraudulent concealment. *Id.* at 3. The complaint identified scientific studies allegedly linking Pfizer's Viagra drug to melanoma, yet Plaintiff stated he was "unable to" act with due diligence to investigate any potential claim. *Id.* The court held that plaintiff had not established a basis for tolling under fraudulent concealment and dismissed his claims. *Id.* at 3-4. Of note, the *Tanner* court found plaintiff's position regarding the date he discovered a cause of action to be incongruent with the articles cited in his complaint, which suggested he should have been on notice far sooner. *Id.* Like the plaintiff in *Tanner*, Plaintiffs here claim that, despite the literature they cite in their Complaints, they "could not have reasonably known or have learned through reasonable diligence." Am. Compl. at ¶ 37. The *Tanner* court concluded that such assertions were unavailing and insufficient to invoke tolling; this Court should do the same and uphold the R&R.

## III. The R&R Correctly Denied Plaintiffs' Motion for Leave to Amend.

Because Plaintiffs' claims cannot be tolled under any fraudulent concealment tolling doctrine, the Magistrate Judge correctly determined that

"amendment would be futile," thus denying Plaintiffs' Motion for Leave to Amend. R&R at 7.

"Denial of a motion for leave to amend on the basis of futility 'means the district court has reached the legal conclusion that the amended complaint could not withstand a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure.'" *Zutz v. Nelson*, 601 F.3d 842, 850 (8th Cir. 2010) (quoting *Cornelia I. Crowell GST Trust v. Possis Med., Inc.*, 519 F.3d 778, 782 (8th Cir.2008)). If the Amended Complaints show that the claims are time-barred, dismissal is proper. *See Wong*, 789 F.3d at 897.

Plaintiffs' Amended Complaints fail to plead the elements necessary to permit application of the fraudulent concealment tolling doctrine, and absent such tolling, their claims are time-barred. Therefore, where the Amended Complaints "show[] that the claim is time-barred," dismissal is the appropriate result. *Id*.

## CONCLUSION

Accordingly, this Court should overrule Plaintiffs' Objections, adopt the R&R, and dismiss all claims with prejudice.

Respectfully submitted,

Date: August 21, 2026

*s/John P. Mandler*
John P. Mandler (#0194438)
M. Joseph Winebrenner (#0387889)
FAEGRE DRINKER BIDDLE & REATH LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
Telephone: (612) 766-7000
john.mandler@faegredrinker.com
joe.winebrenner@faegredrinker.com

Benjamin W. Hulse (MN #0390952)
Norton Rose Fulbright US LLP
60 South Sixth Street, Suite 3100
Minneapolis, MN 55402
Phone: (612) 321-2800
ben.hulse@nortonrosefulbright.com

***Counsel for Defendants 3M Company and Arizant Healthcare Inc.***