**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| IN RE: Bair Hugger Forced Air Warming Products Liability Litigation | MDL No. 15-md-02666-JNE-DTS |
| This Document Relates to the Following Cases:<br><br>*French*, 18-cv-1218<br>*Bures*, 25-cv-1864<br>*Stahlnecker*, 25-cv-1869 | **DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' OBJECTIONS TO REPORT & RECOMMENDATION** |

## INTRODUCTION

This Court can and should exercise its authority to streamline this MDL by disposing of cases that are filed well "outside the limitations period." (*See* ECF 3556 at 11.) Plaintiffs' Objections rehash the same arguments the Magistrate Judge already considered and rejected, offering no new authority or factual basis that would warrant disturbing the R&R. The Magistrate Judge's July 29, 2026 Order & Report and Recommendation ("R&R") correctly applied Nebraska law to conclude that Plaintiffs did not adequately plead fraudulent concealment, were not entitled to any tolling of their claims, and that their facially time-barred claims should therefore be dismissed.

## LEGAL STANDARD

A party may serve and file specific written objections to the proposed findings and recommendations in an R&R. *United States v. Jones*, 731 F. Supp. 3d 1088, 1091 (D. Minn. 2024) (citing Fed. R. Civ. P. 72(b)(2); D. Minn. LR 72.2(b)(1)). The objections must specify the challenged rulings and the basis for the objections. *Id.*

The Court reviews *de novo* any proposed ruling on a dispositive motion that is "properly objected to." *Id.* (citing Fed. R. Civ. P. 72(b)(3); D. Minn. LR 72.2(b)(3)). Portions of the R&R that are not objected to, non-specific objections, and objections that "merely repeat arguments presented to and considered by a magistrate judge are not entitled to de novo review, but rather are reviewed for clear error." *Montgomery v. Compass Airlines, LLC*, 98 F. Supp. 3d 1012, 1017 (D. Minn. 2015). Rulings on nondispositive motions are likewise reviewed under the deferential "clearly erroneous or contrary to law" standard. Fed. R. Civ. P. 72(a); D. Minn. LR 72.2(a)(3). However, "[w]hen a motion to amend a pleading is opposed on grounds of futility and a party seeks review of the magistrate judge's determination of the issue of futility, the district judge will review the futility determination de novo." D. Minn. LR 72.2(a)(3)(c).

## ARGUMENT

As shown below, the R&R correctly applied Nebraska law and should be adopted in full.

The Magistrate Judge correctly determined that Plaintiffs failed to plead fraudulent concealment with the particularity required to toll Nebraska's statute of limitations. (*See* R&R, ECF 3556 at 12-15.) Under Nebraska law, to toll the statute of limitations based on fraudulent concealment, "the plaintiff must show that the defendant has, either by deception or by a violation of a duty, concealed from the plaintiff material facts which prevent the plaintiff from discovering the misconduct." *Oltman v. Parde*, 5 N.W.3d 197, 209 (Neb. Ct. App. 2024) (citing *Chafin v. Wisconsin Province Society of Jesus*, 917 N.W.2d 821 (Neb. 2018)). Generally, for the doctrine to apply, "the concealment must be manifested by an affirmative act or misrepresentation." *Durre v. Wilkinson Dev., Inc.*, 830 N.W.2d 72, 78 (Neb. 2013).

The plaintiff must also show "that he or she exercised due diligence to discover his or her cause of action before the statute of limitations expired." *Oltman*, 5 N.W.3d at 209.

Fraudulent concealment must also be pleaded with particularity. *Chafin*, 917 N.W.2d at 825. "In order to survive a motion to dismiss, a complaint alleging fraudulent concealment must plead with particularity how material facts were concealed to prevent the plaintiff from discovering the misconduct and how, through due diligence, the plaintiff failed to discover his or her injury." *Id.* Federal pleading rules require the same specificity. *Summerhill v. Terminix, Inc.*, 637 F.3d 877, 880 (8th Cir. 2011). In addition to

pleading the "who, what, when, where, and how" of the alleged concealment, the plaintiff must also allege when and how they discovered the alleged fraud. *Id.*

Plaintiffs raise three principal objections to the R&R's fraudulent-concealment analysis. First, they contend that they adequately pleaded affirmative acts of concealment through allegations about 3M's labeling, advertising, and marketing. (Objections, ECF 3600 at 2-5.) Second, they argue that the R&R applied the wrong legal standard by relying on *Durre v. Wilkinson Dev., Inc.*—a construction-defect case—rather than *MacMillan v. A.H. Robins Co.*, which they contend requires that fraudulent-concealment issues be resolved at trial. (*Id.* at 3-6.) Third, they assert that French adequately pleaded due diligence and that the discovery rule independently tolls the statute of limitations because their injuries were not "obvious." (*Id.* at 7-9.) None of these objections has any merit. The Magistrate Judge correctly concluded that Plaintiffs failed to satisfy the applicable standards.

### A. Plaintiffs Fail to Plead Affirmative Acts of Concealment.

Plaintiffs contend that they adequately pleaded affirmative acts of concealment by pointing to 3M's labeling, advertising, marketing materials, presentations, publications, notice letters, and regulatory submissions. (*See* Objections, ECF 3600 at 2-5.) But that is simply not true. Plaintiffs do not identify a single specific representation that was directed to or heard by them

or their medical providers—much less anything approaching an "affirmative act or misrepresentation." Consequently, their allegations amount to nothing more than unsupported assertions that 3M failed to disclose the Bair Hugger's risks to the public, the medical community, and the FDA. But allegations of nondisclosure to the general public or medical community are not the specific acts of concealment Nebraska law requires. *See Chafin*, 917 N.W.2d at 826 ("amended complaint [that] simply does not tell us the who, what, when, where, and how" is insufficient to toll the statute of limitations).

Under Nebraska law, "mere silence is not enough to overcome the applicable period of limitation." *Upah v. Ancona Bros. Co.*, 521 N.W.2d 895, 902 (Neb. 1994), *disapproved of on other grounds by Welsch v. Graves*, 582 N.W.2d 312 (Neb. 1998). General assertions of nondisclosure and conclusory allegations that 3M "actively concealed" risks are insufficient to plead an affirmative act or misrepresentation with the required connection to Plaintiffs' delayed discovery. *See Chafin*, 917 N.W.2d at 826. Plaintiffs' allegations are generic and say nothing specific to Plaintiffs or their physicians, and so cannot toll the statute of limitations. *See Oltman*, 5 N.W.3d at 210 ("Because the [Plaintiffs] failed to particularly allege facts supporting fraudulent concealment, the statute of limitations did not toll.").

### B. Plaintiffs' Reading of *MacMillan* Misstates Nebraska Law and Does Not Save Their Deficient Fraudulent-Concealment Allegations.

Plaintiffs next argue that the R&R applied the wrong legal standard by relying on *Durre v. Wilkinson Dev., Inc.*, 830 N.W.2d 72 (Neb. 2013)—a construction-defect case—rather than *MacMillan v. A.H. Robins Co., Inc.*, 348 N.W.2d 869 (Neb. 1984). (Objections, ECF 3600 at 3-6.) This argument fails for multiple reasons. First, *MacMillan* is distinguishable because the plaintiff there filed within four years of discovering that an IUD caused her injury, and the issue was only whether a ten-year statute of repose barred the claim. Here, by contrast, Plaintiffs knew of their PJIs years before filing suit and did not file within four years of those injuries. Nothing in *MacMillan* supports Plaintiffs' effort to delay accrual until they discovered a possible alleged causal connection between the Bair Hugger and their infections.

Nor does *MacMillan* relieve Plaintiffs of their burden to plead fraudulent concealment with particularity. The Nebraska Supreme Court and Court of Appeals have consistently required particularized pleading of the concealment, the prevention of discovery, and due diligence. *See Chafin*, 917 N.W.2d at 825-26; *Oltman*, 5 N.W.3d at 210; *Stengel v. Heartland Bank*, No. A-24-238, 2025 WL 602143, at *4 (Neb. Ct. App. Feb. 25, 2025). *MacMillan* does not create an exception to those pleading rules or permit generalized allegations about industry-wide conduct to substitute for facts specific to Plaintiffs' discovery and diligence.

Plaintiffs' criticism of the R&R's reliance on *Durre* is likewise misplaced. The R&R cited *Durre* for the general Nebraska rule that fraudulent concealment "must be manifested by an affirmative act or misrepresentation." *Durre*, 830 N.W.2d at 78; *see* R&R, ECF 3556 at 13. That principle is not limited to construction-defect cases; it is consistent with Nebraska's broader fraudulent-concealment doctrine and with *Chafin*, *Upah*, and *Oltman*. *See Chafin*, 917 N.W.2d at 825; *Upah*, 521 N.W.2d at 902, *disapproved on other grounds by Welsch*, 582 N.W.2d 312 (Neb. 1998); *Oltman*, 5 N.W.3d at 209. The R&R did not import *Durre*'s facts or apply principles specific to construction defects. It properly relied on *Durre* for a generally applicable rule and applied that rule alongside Nebraska's particularity and due-diligence requirements.

Plaintiffs also rely on *In re Bair Hugger Forced Air Warming Devices Products Liability Litigation*, 9 F.4th 768, 774 (8th Cir. 2021), to argue that an unresolved scientific dispute about the Bair Hugger's forced-air mechanism precludes dismissal. But the Eighth Circuit's discussion of the "dirty machine" theory addressed the merits of general causation—not whether Plaintiffs' claims were timely filed. Whether the Bair Hugger's mechanism can cause PJIs is a separate question from whether Plaintiffs knew they had PJIs and failed to file within the limitations period. The statute of limitations is not tolled merely because the underlying merits involve contested scientific questions.

Plaintiffs' related assertion that all fraudulent-concealment and due-diligence issues must go to a jury is likewise incorrect. (*See* Objections, ECF 3600 at 6-7.) Nebraska courts have repeatedly addressed fraudulent concealment at the pleading stage. *See Chafin*, 917 N.W.2d at 826 (affirming dismissal); *Oltman*, 5 N.W.3d at 210 (same); *Stengel*, 2025 WL 602143, at *4 (same). Rule 12(c) permits the same result when the pleadings show that the claim is time-barred. *See Wong v. Wells Fargo Bank N.A.*, 789 F.3d 889, 897 (8th Cir. 2015); *Ashley Cnty. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009). The R&R did not make an improper factual finding or resolve causation; it accepted Plaintiffs' pleaded dates and allegations and concluded that they did not plead particularized facts showing concealment, delayed discovery, or diligence. That is a legal sufficiency determination the Court may make on the face of the pleadings.

### C. Plaintiff French Did Not Plead Due Diligence, and the Discovery Rule Does Not Save Her Claim.

Independent of the above, the R&R correctly concluded that Plaintiffs have not adequately pleaded due diligence. Plaintiffs argue that French satisfied the due-diligence requirement simply by alleging that 3M's concealment prevented her from discovering her claim. But that allegation does not plead due diligence. French does not allege that, before the limitations period expired, she took any steps to investigate the cause of her infection—

such as reviewing medical records, consulting with counsel, seeking information about the source of her PJI, or pursuing any other inquiry that 3M's alleged concealment then thwarted. Because due diligence is an essential element of fraudulent concealment, that omission is fatal. *See Oltman*, 5 N.W.3d at 209. French's allegations say nothing about what steps she took, when she took them, or how 3M's conduct prevented those efforts from uncovering her claim.

French's invocation of Nebraska's discovery rule does not change the result. (Objections, ECF 3600 at 7-8.) Fraudulent-concealment tolling and the discovery rule are separate doctrines. Plaintiffs invoke *Oltman's* discussion of cases in which an injury was not "obvious," but Nebraska law provides that an injury "occurs" when the plaintiff "discovers, or in the exercise of reasonable diligence should have discovered, the existence of death, injury, or damage." *Condon v. A.H. Robins Co.*, 349 N.W.2d 622, 623 (Neb. 1984). "Discovery refers to the fact that one knows of the existence of an injury or damage and not that one knows who or what may have caused that injury or damage." *Thomas v. Countryside of Hastings, Inc.*, 524 N.W.2d 311, 313 (Neb. 1994). French alleges that she developed a PJI shortly after surgery and underwent treatment beginning in May 2011, so she plainly knew of her injury. The discovery rule does not postpone accrual until she identified the Bair Hugger as the alleged

cause; it requires only knowledge of the injury itself, which French had years before filing suit. (*See* R&R, ECF 3556 at 10-11.)

**D. Plaintiffs' Own Allegations and the Public Record Refute Any Claim of Concealment.**

Finally, even if Plaintiffs could somehow invoke fraudulent-concealment tolling, their own allegations defeat it. Plaintiffs cannot maintain that 3M's conduct prevented them from discovering the alleged fraud while simultaneously alleging that the facts underlying that fraud were publicly available for years. Put differently, Plaintiffs' tolling theory is logically inconsistent with their own allegations that published studies dating back to 1997 identified infection risks associated with Bair Hugger use. Those allegations establish that the information underlying Plaintiffs' fraud claims was publicly available, undermining any contention that 3M concealed it.

Indeed, Plaintiffs' proposed amended complaints cite twenty-five published studies, spanning from 1997 to 2022, that allegedly disclose an increased risk of infection associated with the Bair Hugger device. (*See* R&R, ECF 3556 at 15.) And by the time of Stahlnecker's surgery in November 2018, thousands of cases had already been filed in this well-publicized MDL. Plaintiffs cannot have it both ways: they cannot allege that the risks of the Bair Hugger were documented in decades of published literature and simultaneously claim that 3M's concealment prevented them from discovering

those very risks. What's more, Plaintiffs' ability to investigate and file these very lawsuits further refutes the contention that 3M's conduct prevented them, even in the exercise of due diligence, from discovering their claims. *See Gering-Fort Laramie Irr. Dist. v. Baker*, 612 N.W.2d 897, 904 (2000) (fraudulent concealment does not apply where plaintiff "could reasonably have learned of its cause of action within the limitations period").

**CONCLUSION**

For the foregoing reasons, 3M respectfully requests that this Court overrule Plaintiffs' Objections, adopt the R&R in its entirety, and dismiss Plaintiffs' claims with prejudice.

Respectfully submitted,

Date: August 26, 2026

*s/John P. Mandler*
John P. Mandler (#194438)
M. Joseph Winebrenner (#0387889)
FAEGRE DRINKER BIDDLE & REATH LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
Telephone: (612) 766-7000
john.mandler@faegredrinker.com
joe.winebrenner@faegredrinker.com

Benjamin W. Hulse (MN #0390952)
Norton Rose Fulbright US LLP
60 South Sixth Street, Suite 3100
Minneapolis, MN 55402
Phone: (612) 321-2800
ben.hulse@nortonrosefulbright.com

***Counsel for Defendants 3M Company and Arizant Healthcare, Inc.***