**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| IN RE: Bair Hugger Forced Air Warming Products Liability Litigation | MDL No. 15-md-02666-JNE-DTS |
| This Document Relates to the Following Cases:<br><br>*Minor*, 17-cv-2033<br>*Taplin*, 17-cv-2848 | **DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' OBJECTIONS TO REPORT & RECOMMENDATION** |

## INTRODUCTION

This Court can and should exercise its authority to streamline this MDL by dismissing cases "barred by the applicable statute of limitations . . . ." Magistrate Judge's Order & Report and Recommendation ("R&R"), ECF 3571 at 9. The R&R correctly applied Oklahoma law to conclude that Plaintiffs Roberta Minor and Janice Taplin did not adequately plead fraudulent concealment and waived their argument for application of the discovery rule, and therefore their facially time-barred claims should be dismissed with prejudice.

## LEGAL STANDARD

A party may serve and file specific written objections to the proposed findings and recommendations in an R&R. *United States v. Jones*, 731 F. Supp. 3d 1088, 1091 (D. Minn. 2024) (citing Fed. R. Civ. P. 72(b)(2); D. Minn. LR

72.2(b)(1)). The objections must specify the challenged rulings and the basis for the objections. *Id.*

The Court reviews *de novo* any proposed ruling on a dispositive motion that is "properly objected to." *Id.* (citing Fed. R. Civ. P. 72(b)(3); D. Minn. LR 72.2(b)(3)). Portions of the R&R that are not objected to, non-specific objections, and objections that "merely repeat arguments presented to and considered by a magistrate judge are not entitled to de novo review, but rather are reviewed for clear error." *Montgomery v. Compass Airlines, LLC*, 98 F. Supp. 3d 1012, 1017 (D. Minn. 2015). Rulings on nondispositive motions are likewise reviewed under the deferential "clearly erroneous or contrary to law" standard. Fed. R. Civ. P. 72(a); D. Minn. LR 72.2(a)(3). However, "[w]hen a motion to amend a pleading is opposed on grounds of futility and a party seeks review of the magistrate judge's determination of the issue of futility, the district judge will review the futility determination de novo." D. Minn. LR 72.2(a)(3)(c).

## ARGUMENT

As the R&R correctly explained, Plaintiffs are not entitled to the benefits of Oklahoma's fraudulent concealment tolling doctrine or the discovery rule, and absent tolling, their claims are time-barred. Plaintiffs object that the R&R improperly rejected their fraudulent concealment arguments and determined they had waived any argument specific to the discovery rule. *See* Plaintiffs

Roberta Minor's[1] and Janice Taplin's Objections to Report and Recommendation Regarding Defendants' Motion for Judgment on the Pleadings and Plaintiffs' Motions for Leave to Amend ("Objections" or "Obj.") at 4-9. Plaintiffs' arguments fail, for reasons explained below.

## I. The R&R Correctly Determined That Plaintiffs' Fraudulent Concealment Allegations Are Insufficient.

### A. The R&R correctly applied Oklahoma law on fraudulent concealment.

The R&R rightly concluded that Plaintiffs "do not plead the facts necessary to toll their claims" because they "do not identify what specific representation they encountered, when they encountered it, how it deterred them from investigating, or how it prevented them from filing within the applicable period." R&R at 12. The R&R correctly applied Oklahoma law, and this Court should uphold the R&R's conclusions.

Plaintiffs assert that the R&R improperly relied on *Cole v. NIBCO, Inc.*, No. CV13787, 2016 WL 10536025 (D.N.J. Feb. 26, 2016), and *In re Cook Medical, Inc.*, No. 1:14-ML-02570, 2024 WL 5089698 (S.D. Ind. Oct. 10, 2024), thereby importing "out-of-circuit frameworks." (Dkt. 3615 at 4–5.) This mischaracterizes the R&R's analysis. The R&R's holding rests squarely on

[1] As 3M recently informed the Court, Plaintiff Roberta Minor died on or about March 29, 2026. *See* Suggestion of Death, ECF 22. Notably, Ms. Minor's counsel did not mention this fact in the objections to the R&R purportedly brought on her behalf.

Oklahoma law—specifically *Kansas City Life Ins. Co. v. Nipper,* 1935 OK 1127, 174 Okla. 634, 51 P.2d 741 (Okla. 1935); *Masquat v. DaimlerChrysler Corp.,* 2008 OK 67, ¶ 18, 195 P.3d 48, 55 (Okla. 2008); and *Waugh v. Guthrie Gas, Light, Fuel & Improvement Co.,* 1913 OK 42, ¶ 4, 37 Okla. 239, 131 P. 174, 175 (Okla. 1913)—all Oklahoma Supreme Court decisions. *Cole* and *In re Cook* were cited as persuasive authority applying Oklahoma's fraudulent concealment law; they were not treated as controlling.

Under Oklahoma law, fraudulent concealment tolls the statute of limitations only when the defendant committed "some actual artifice to prevent knowledge of the fact; some affirmative act of concealment or some misrepresentation to exclude suspicion and prevent inquiry." *Kansas City Life Ins. Co.*, 51 P.2d at 747. Stated differently, Plaintiffs must allege not merely that 3M engaged in general misconduct, but that 3M's specific conduct actually prevented them from discovering their claims. *See Dinwiddie v. Suzuki Motor of Am., Inc.,* 111 F. Supp. 3d 1202, 1211 (W.D. Okla. 2015) ("'[S]ome actual artifice or some affirmative act of concealment, or some misrepresentation ***which induces the other party to inaction***, or to forgo inquiry [is required].'") (emphasis added).

None of Plaintiffs' allegations satisfy this standard. Plaintiffs point to general statements—including the 2018 International Consensus Meeting findings ("2018 Consensus")—to obscure the fact that they cannot identify a

single specific representation made to them that prevented them from investigating the cause of their infections or otherwise induced them not to take action. *Id.* at 1211.

First, Plaintiffs cannot rely on the 2018 International Consensus Meeting statement because it post-dated both their surgeries and the filing of their lawsuits. It is indisputable that the Consensus was published in 2018—well after Plaintiffs' 2009 surgeries and after they filed their lawsuits in 2017. The 2018 Consensus statement cannot have prevented Plaintiffs from discovering their claims because it had not even been published when they filed their lawsuits.

The merits of Plaintiffs' 2018 Consensus argument are equally flawed. After noting the fees paid to 3M consultants and experts, the thrust of Plaintiffs' argument is that certain facts were "*undisclosed* in the published findings." Obj. at 3 (emphasis added). Failure to disclose does not satisfy the affirmative act of concealment requirement. *See, e.g.*, *Masquat,* 195 P.3d at 55 (quoting *Loyal Protective Ins. Co. v. Shoemaker,* 1936 OK 491, ¶ 0, 63 P.2d 960, Syl. No. 1 ("The mere failure to disclose such material facts is not sufficient to prevent the running of the statute[.]").

Moreover, even if the alleged editing of the 2018 Consensus Meeting findings could somehow be characterized as an affirmative act, Plaintiffs fail to allege any causal connection between those findings and their inability to

discover their claims. Plaintiffs do not allege—and cannot allege—that they or their healthcare providers ever encountered, read, or relied on the 2018 Consensus findings. Nor do they allege that the 2018 Consensus findings somehow reached them before publication or influenced their decision-making in any way. Without such a causal nexus—i.e., an allegation that the act prevented discovery of the claim—the tolling doctrine cannot apply. *AMC W. Hous. LP v. NIBCO, Inc.*, No. CIV-18-959-D, 2019 WL 4491331, at *6 (W.D. Okla. Sept. 18, 2019) ("Defendant's acts of concealment, as alleged by Plaintiff, did not prevent Plaintiff from discovering the cause of its injury.").

Second, Plaintiffs' reliance on general safety representations fares no better. *See* Obj. at 3. These alleged communications between 3M and medical providers do not excuse individual plaintiffs from their independent obligation to exercise reasonable diligence once they suffer an injury. *See, e.g., Masquat*, 195 P.3d at 55 (charging plaintiffs with knowledge of facts discoverable through reasonable inquiry).

Here, Plaintiffs do not allege that they personally encountered any 3M representation, that any representation deterred them from investigating, or that they took *any* affirmative steps toward investigation that were thwarted by 3M's conduct. Because they cannot establish the requisite elements, their claims cannot be tolled. *Cole v. NIBCO, Inc.*, No. CV137871FLWTJB, 2016 WL 10536025, at *9 (D.N.J. Feb. 26, 2016) (plaintiff fails to sufficiently plead

fraudulent concealment under Oklahoma law "because he does not allege that the Defendant's purported misrepresentations prevented him from discovering his injuries").

### B. Plaintiffs' miscellaneous arguments are unconvincing and unsupported under Oklahoma law.

Notwithstanding Plaintiffs' failure to meet the pleading standards to establish fraudulent concealment under Oklahoma law, Plaintiffs advance several theories to explain why their claims should nonetheless receive the benefits of Oklahoma's fraudulent concealment tolling doctrine. None of these theories has merit.

1. The "Systemic Deception" Theory

Plaintiffs attempt to reframe their claims as involving "systemic deception" and a "widespread commercial and regulatory campaign." Obj. at 5–6. But regardless of how Plaintiffs characterize 3M's alleged conduct, Oklahoma law still requires each Plaintiff to demonstrate that she exercised reasonable diligence. *See, e.g., Kansas City Life*, 51 P.2d at 747; *Masquat*, 195 P.3d at 55. While Plaintiffs list some factual circumstances that supposedly led to the creation of a Partnership Program Agreement ("PPA"), Obj. at 3, they fail to explain how the PPA prevented them from investigating the post-surgical infections that they knew they had. Those allegations do not come close to showing that any representation "induce[d] [them] to inaction."

*Dinwiddie,* 111 F. Supp. 3d at 1211. The fact remains that neither Minor nor Taplin alleges—even in their proposed amended complaints—that they took any steps to investigate the causes of their post-surgical infections.

2. The "Insulation" Theory

Plaintiffs contend that surgical patients are "completely insulated from the manufacturer of operating room equipment" and therefore should not be held to the reasonable diligence standard. Obj. at 6–7. This argument has no basis in Oklahoma law, and Plaintiffs cite no authority to support it. The duty of reasonable diligence is not excused because the defendant is a medical device manufacturer rather than a consumer-facing company. Oklahoma law uniformly charges plaintiffs with knowledge of facts they could have discovered through reasonable inquiry, regardless of the nature of the defendant's business. *Kansas City Life*, 51 P.2d at 747; *Masquat*, 195 P.3d at 55. Patients routinely access their medical records, consult with attorneys, and seek second medical opinions. These are standard diligence measures available to any plaintiff who develops an unexplained or unexpected complication. That Plaintiffs did not interact directly with 3M does not excuse them from taking *any* steps to investigate. Oklahoma law does not require the plaintiff to investigate the *manufacturer*—it requires the plaintiff to investigate the *cause of her injury*. Neither Minor nor Taplin alleges she did so.

3. Request for Certification to the Oklahoma Courts of Appeals

As a last resort, Plaintiffs suggest that this question should be resolved via certified question to the Oklahoma Court of Appeals or, at minimum, deferred to summary judgment. Obj. at 7. This is unwarranted. Contrary to Plaintiffs' opinion that this is a "novel question," *id.*, the applicable Oklahoma law is well-established. The requirements for fraudulent concealment tolling—affirmative acts of concealment and reasonable diligence—have been settled for over a century. *See Waugh*, 131 P. at 178 (1913); *Kansas City Life*, 51 P.2d at 747 (1935); *Masquat*, 195 P.3d at 55 (2008). The question here is not "novel"—it is a straightforward application of the reasonable diligence requirement to the allegations in Plaintiffs' complaints. No certified question is needed.

## II. The R&R Correctly Found That Plaintiffs Waived the Discovery Rule Argument.

Because Plaintiffs did not respond in their opposition briefing to 3M's statute-of-limitations argument regarding the discovery rule, the R&R was correct in its conclusion that Plaintiffs had waived any argument that their claims were timely filed absent tolling under the fraudulent concealment doctrine. Plaintiffs attempt to avoid this conclusion by distinguishing *Doll v. Trellis Walnut Towers LLC*, 2024 WL 4355084 (D. Minn. Sept. 30, 2024), and

invoking *Minnesota Chamber of Commerce v. Choi*, 765 F. Supp. 3d 821, 857 (D. Minn. Feb. 7, 2025). Obj. at 7-9. Neither argument has merit.

**A. The waiver finding was correct.**

The R&R correctly found that Plaintiffs waived the discovery rule argument because they did not invoke it in their opposition briefing. R&R at 10-11. This was not an inadvertent omission. Plaintiff Paine, represented by different counsel in the same set of motions, separately and specifically invoked the discovery rule. That Paine's counsel recognized and briefed the discovery rule argument demonstrates that it was a known available argument that Minor and Taplin's counsel elected not to raise.

As the R&R correctly noted, *Doll* is directly on point here. R&R at 10. In *Doll*, the court found a "waiver problem" where the plaintiffs' opposition brief "advance[d] no discernable argument responsive to the dismissal grounds" raised by the defendants. *Doll*, 2024 WL 4355084, at *3-4. Here, 3M's Memorandum in Support of Defendants' Motion for Judgment on the Pleadings ("MJOP," ECF 3180), contained specific statute-of-limitations arguments regarding accrual and the discovery rule. *See* MJOP at 11-15. Plaintiffs' Memorandum in Opposition to Defendants' Motion for Judgment on the Pleadings ("Opposition," ECF 3227) did not respond to those arguments beyond a single sentence quoting a Tenth Circuit opinion that "articulated the purpose behind the application of the discovery rule . . . ." Opposition at 8. Plaintiffs'

contention that they "aggressively opposed dismissal" on other grounds—challenging the procedural posture, raising PTO arguments, and requesting leave to amend—does not constitute a substantive response to the limitations arguments. Obj. at 8. A party does not preserve a specific legal argument by raising unrelated ones. *Lyons v. Jefferson Bank & Tr.*, 994 F.2d 716, 721 (10th Cir. 1993) (noting that "vague, arguable references to [a] point in the district court proceedings do not ... preserve the issue on appeal").

Plaintiffs' reliance on *Choi* is also misplaced. Obj. at 8-9. Although *Choi* cited *Doll* for the proposition that "a litigant's complete failure to respond to an opposing party's argument is often construed as waiver," the court reasoned that waiver did not apply where "the [defendants'] argument just repeated points it made . . . to which the [plaintiffs] had already responded." *Choi*, 765 F. Supp. 3d at 857. The key distinction in *Choi* is that plaintiffs ***had already responded*** to the issues under consideration for waiver. The issue here is not whether Plaintiffs generally contested the timeliness of their claims; it is whether they specifically argued that the discovery rule delays accrual. They did not. The general concept of "when Plaintiffs' injuries occurred," Obj. at 8, raised in pretrial filings and short-form complaints, is not the same as the specific legal argument that Oklahoma's discovery rule should be applied to delay accrual of Plaintiffs' claims. *Choi*, therefore, does not excuse Plaintiffs'

failure to raise a discovery rule argument. Consequently, the R&R was correct to consider that argument waived. R&R at 10-11.

**B. Even absent waiver, the discovery rule would not save Plaintiffs' claims.**

Even if the Court were to excuse the waiver and reach the merits of the discovery rule argument, Plaintiffs' claims still fail. If the discovery rule were to be applied, it would only toll Plaintiffs' claims until the point at which they were diagnosed and treated for an infection. R&R at 17. Thus, Minor was on notice of her potential cause of action in September 2010, when "[c]ultures taken during her September 15, 2010, operation came back positive for Staphylococcus epidermidis, ('S. epidermidis')." Minor Am. Compl. at ¶ 38. Taplin was on notice of her potential cause of action in August 2009, when "[c]ultures taken during her August 21, 2009, operation came back positive for Staphylococcus aureus and Pseudomonas in addition to MRSA." Taplin Am. Compl. at ¶ 37. Minor did not file her lawsuit until June 14, 2017, and Taplin did not file her lawsuit until July 13, 2017. Obj. at 9. Accordingly, Plaintiffs' claims are untimely even under the discovery rule.

Under Oklahoma law, the statute of limitations begins to run when the plaintiff "knows or, in the exercise of reasonable diligence, should have known of the injury." *Calvert v. Swinford*, 382 P.3d 1028, 1033 (Okla. 2016). The discovery rule delays accrual only until the plaintiff acquires "sufficient

information which, if pursued, would lead to the true condition of things." *Miller v. GlaxoSmithKline*, 2005 WL 8174802, at *2 (W.D. Okla. Aug. 30, 2005). Once on inquiry notice, a plaintiff must exercise reasonable diligence; the statute is not tolled during a period of inaction. *Samuel Roberts Noble Found., Inc. v. Vick*, 840 P.2d 619, 625 (Okla. 1992). The discovery rule does not delay accrual until the plaintiff learns the precise mechanism of injury or identifies the exact defective product. *AMC West Housing LP v. NIBCO, Inc.*, No. CIV-18-1065-D, 2019 WL 4491331, at *5 (W.D. Okla. Sept. 18, 2019).

Here, Minor claims that, following a 2009 hip replacement surgery, she developed a PJI in 2010 and required additional revisionary procedures. Minor Am. Compl. at ¶¶ 34-38. Taplin claims that, following a 2009 hip replacement surgery, she developed a PJI and required additional revisionary procedures. Taplin Am. Compl. at ¶¶ 34-37. The development of a post-surgical infection—a specific, identifiable injury—is the point at which Oklahoma law charges a plaintiff with knowledge sufficient to trigger a duty of inquiry. *See Hi-Tex, LLC v. Vorel,* No. CIV-21-1125-D, 2025 WL 1679640, at *9 (W.D. Okla. June 13, 2025) (quoting *Bryer v. ConocoPhillips, Co.*, No. CIV-15-1218-HE, 2017 WL 5203043, at *4 (W.D. Okla. May 9, 2017) ("When a plaintiff, despite awareness of an injury, has failed with reasonable diligence to ascertain its cause, Oklahoma courts have not hesitated to apply the bar of the statute of limitations."). Thus, the R&R was correct to conclude with regard to Plaintiff

Sharon Paine that "once Paine developed her infection, she was on notice of her alleged injury and Oklahoma law required her to exercise reasonable diligence to investigate its cause." R&R at 17. The same rationale should be applied to Plaintiffs Minor and Taplin if the Court considers application of the discovery rule on their behalf.

Referring to Plaintiff Sharon Paine, the R&R rightly concluded, "Paine does not plausibly allege that she exercised reasonable diligence to discover her injury. She merely asserts that even if she had exercised due diligence, she would have been unable to discover the facts necessary to file suit." R&R at 16. Paine at least tried to explain why she failed to exercise due diligence and conducted no further inquiry; Plaintiffs Minor and Taplin do not even bother. In fact, the allegations in their proposed Amended Complaints that relate to "fraudulent concealment tolling" do not refer to Plaintiffs by name but instead reference, presumably, other plaintiffs in this MDL—"Mr. Wongus" and "Mr. Chastain." *See generally* Taplin Am. Compl. at ¶¶ 133-137 and Minor Am. Compl. at ¶¶ 134-138. Thus, Plaintiffs clearly fail to allege how they *personally* exercised reasonable diligence.

Accordingly, just as the R&R found Plaintiff Paine "does not plausibly allege that she exercised reasonable diligence," the Court should apply the same reasoning to find that Plaintiffs Minor and Taplin are not entitled to the benefits of Oklahoma's discovery rule. R&R at 16. Because Plaintiffs were on

notice of potential claims for more than six years before filing their lawsuits, their claims are time-barred. *Daugherty v. Farmers Co-op. Ass'n*, 1984 OK 72, ¶ 13, 689 P.2d 947, 951 (Okla. 1984).

## III. The R&R Correctly Denied Plaintiffs' Motion for Leave to Amend.

Those same defects also support the R&R's denial of leave to amend. Because Plaintiffs' claims cannot be tolled under Oklahoma's discovery rule or fraudulent concealment tolling doctrine, the Magistrate Judge correctly determined that "amendment would be futile" and denied their Motion for Leave to Amend. R&R at 19.

"Denial of a motion for leave to amend on the basis of futility 'means the district court has reached the legal conclusion that the amended complaint could not withstand a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure.'" *Zutz v. Nelson*, 601 F.3d 842, 850 (8th Cir. 2010) (quoting *Cornelia I. Crowell GST Trust v. Possis Med., Inc.,* 519 F.3d 778, 782 (8th Cir.2008)). If the Amended Complaints show that the claims are time-barred, dismissal is proper. *See Wong*, 789 F.3d at 897.

Plaintiffs' Proposed Amended Complaints fail to plead the elements necessary to permit application of the discovery rule or the fraudulent concealment tolling doctrine, and absent such tolling, their claims are time-

barred. Therefore, where the Amended Complaint "shows that the claim is time-barred," dismissal is the appropriate result. *Id.*

## CONCLUSION

Accordingly, this Court should overrule Plaintiffs' Objections, adopt the R&R, and dismiss all claims with prejudice.

Respectfully submitted,

Date: September 2, 2026

*s/John P. Mandler*
John P. Mandler (#0194438)
M. Joseph Winebrenner (#0387889)
FAEGRE DRINKER BIDDLE & REATH LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
Telephone: (612) 766-7000
john.mandler@faegredrinker.com
joe.winebrenner@faegredrinker.com

Benjamin W. Hulse (MN #0390952)
Norton Rose Fulbright US LLP
60 South Sixth Street, Suite 3100
Minneapolis, MN 55402
Phone: (612) 321-2800
ben.hulse@nortonrosefulbright.com

***Counsel for Defendants 3M Company and Arizant Healthcare Inc.***