UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

In re: BAIR HUGGER FORCED AIR WARMING DEVICES PRODUCTS LIABILITY LITIGATION

MDL No. 15-2666 (JNE/DTS)
ORDER

This Document Relates to:

Case No. 16-cv-57 (Gloria Irby v. 3M Company and Arizant Healthcare, Inc.)
Case No. 17-cv-4972 (Thomas Brabec v. 3M Company and Arizant Healthcare, Inc.)
Case No. 23-cv-3061 (David Clark Jr. v. 3M Company and Arizant Healthcare, Inc.)

Asserting that plaintiffs in three actions failed to comply with Pretrial Order No. 23 ("PTO 23") and Rules 25(a) and 41(b) of the Federal Rules of Civil Procedure, Defendants 3M Company and Arizant Healthcare, Inc., moved to dismiss the actions or the claims of the lead plaintiff. For the reasons set forth below, the Court grants the motion.

## I. Background

"If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative." Fed. R. Civ. P. 25(a)(1). PTO 23, issued in January 2018, expands on the procedures for substitution. MDL ECF No. 1039. It instructs plaintiffs as to the filing and content of both the motion for substitution and a "suggestion of death." *Id.* It warns that noncompliance with these directives "will entitle Defendants to request a dismissal of plaintiff's action with prejudice in accordance with Fed. R. Civ. P. 25(a)." *Id.*

In relevant part, PTO 23 requires plaintiff's counsel to file a suggestion of death "[w]ithin ninety days of [its] entry . . . or the death of a plaintiff, whichever is later." *Id.* The suggestion of death must identify "the plaintiff and describe[] the time, date, and circumstances of the plaintiff's death." *Id.* PTO 23 and Rule 25 require that a motion for substitution be filed within ninety days of the filing of the suggestion of death. A motion for substitution must (1) identify the proposed substitute, (2) explain why the proposed substitute is a proper party, and (3) explain why the death of the named plaintiff did not extinguish the claim under the applicable state laws.

Plaintiffs moved to eliminate the ninety-day deadline for filing the suggestion of death, arguing that compliance with PTO 23 is sometimes impossible when a plaintiff relocates or experiences health issues and fails to respond to counsel's communications. Pls.' Mot. to Amend, Sept. 19, 2018, MDL ECF No. 1517. The Court denied Plaintiffs' motion to amend PTO 23. Order, Dec. 4, 2018, MDL ECF No. 1614. The Court acknowledged, however, that it "excuses noncompliance with PTO 23 when compliance is impossible" or where a plaintiff provides "detailed diligent and good faith efforts to comply with the deadlines in PTO 23 and Rule 25." *Id.* at 1–2.

In July 2019, the Court entered summary judgment in Defendants' favor. In August 2021, the United States Court of Appeals for the Eighth Circuit "reverse[d] the grant of summary judgment in favor of 3M." *In re Bair Hugger Forced Air Warming Devices Prods. Liab. Litig.*, 9 F.4th 768, 773 (8th Cir. 2021). The Eighth Circuit issued the mandate in November 2021. The parties subsequently "agree[d] that the substitution requirements set forth on PTO No. 23 will resume as of February 18, 2022. Specifically,

within 90 days of a plaintiff's death or February 18, 2022, whichever is later, Plaintiffs shall file suggestions of death."

## II. Legal Standard

If a plaintiff fails to prosecute or comply with PTO 23, the Court may dismiss the case. Fed. R. Civ. P. 41(b). Such dismissal may be with prejudice "in cases of willful disobedience of a court order or where a litigant exhibits a pattern of intentional delay." *Hunt v. City of Minneapolis*, 203 F.3d 524, 527 (8th Cir. 2000). This does not require a "find[ing] that the [plaintiff] acted in bad faith, but requires 'only that he acted intentionally as opposed to accidentally or involuntarily.'" *Id.* (citation omitted). The Court excuses noncompliance where plaintiffs have demonstrated excusable neglect or impossibility to comply with PTO 23's deadline. Order 7, Oct. 26, 2018, MDL ECF No. 1566 ("Without evidence of a reasonable and good faith process for ascertaining whether or not a client is alive, the Court cannot find that either excusable neglect or impossibility justify noncompliance with PTO 23.").

## III. Discussion

Defendants asserted that plaintiffs in three actions failed to file timely suggestions of death. Defendants moved to dismiss the actions or the claims of the lead plaintiff.

**Case No. 16-cv-57**—Plaintiff Irby died in October 2016. Defendants filed a suggestion of death in August 2026. No motion to substitute has been filed. The Court dismisses Case No. 16-cv-57.

**Case No. 17-cv-4972**—Plaintiff Thomas Brabec died in March 2025. Defendants filed a suggestion of death in August 2026. No motion to substitute has been filed. The

Court dismisses the claims of Thomas Brabec. Defendants did not move to dismiss the claims of Plaintiff Paula Jean Brabec.[1]

**Case No. 23-cv-3061**—Plaintiff Clark died in October 2024. Defendants filed a suggestion of death in August 2026. No motion to substitute has been filed. The Court dismisses Case No. 23-cv-3061.

## IV. Conclusion

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Defendants' Nineteenth Motion to Dismiss for Failure to Comply with Pretrial Order No. 23, Fed. R. Civ. P. 41(b) and 25(a), or for Failure to Prosecute [Docket No. 3628] is GRANTED.

2. In Case No. 17-cv-4972, the Clerk of Court is directed to identify Paula Jean Brabec as a plaintiff. The claims of Thomas Brabec are DISMISSED WITH PREJUDICE.

3. Each action listed below is DISMISSED WITH PREJUDICE. In each action, the Clerk of Court is directed to enter judgment.

    1) Case No. 16-cv-57 (Gloria Irby v. 3M Company and Arizant Healthcare, Inc.)
    2) Case No. 23-cv-3061 (David Clark Jr. v. 3M Company and Arizant Healthcare, Inc.)

Dated: October 6, 2026

s/Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge

---

[1] In Case No. 17-cv-4972, the complaint's caption identifies Thomas Brabec as the plaintiff. The complaint's body indicates that his spouse, Paula Jean Brabec, is claiming damages for loss of services and loss of consortium. The Court directs the Clerk of Court to identify Paula Jean Brabec as a plaintiff. The Court expresses no opinion on the assertions regarding Paula Jean Brabec in the letter that Defendants filed approximately one month after they filed their motion.