**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

In re: BAIR HUGGER FORCED AIR WARMING DEVICES PRODUCTS LIABILITY LITIGATION

MDL No. 15-2666 (JNE/DTS)

This Document Relates To:
All Actions

**AGENDA AND JOINT STATUS UPDATE FOR OCTOBER 13, 2026 STATUS CONFERENCE**

---

The parties respectfully submit the following Agenda and Joint Status Update for their status conference with Magistrate Judge Schultz on Oct. 13, 2026.

## AGENDA

### Plaintiff Fact Sheets

1. 23rd PTO 14 motion to dismiss (Dkt. 3741)
2. 9th PFS order to show cause (Dkt. 3753) – *Morgan*, 26-2538
3. Proposed 10th order to show cause

### Motions in Wave 3 Cases

1. 3M's letter motion to compel payment of expert deposition preparation in Bernheim Kelley cases (Dkt. 3686)

2. 3M's motions to strike rebuttal expert reports in Group 4 cases *Daughdrill*, 23-2312 (Dkt. 23); *McGowan*, 18-3360; and *Weiss*, 17-1808 (Dkt. 21)

3. 3M's letter motion to compel Bernheim Kelley to respond to expert "bias discovery (Dkt. 3791)

### Status Update

1. MDL/trial candidate cases
2. State court cases
3. Canadian action
4. Non-case-specific discovery
5. Other pending motions/orders/R&Rs
6. Appeals

## STATUS UPDATE

### 1. MDL / Trial Candidate Cases

On Oct. 9, 2026, there were 8,394 cases pending in this MDL, including cases subject to settlements that have not been dismissed.

Wave 2 Cases

In late 2023, the parties selected 34 trial candidate cases pursuant to a protocol negotiated under the supervision of the former special settlement master, Hon. James M. Rosenbaum (Ret.). Five Wave 2 cases pending in transferee district courts are settled in principle: *Boncher* (E.D. Pa.), *Cage* (S.D. Ohio)*, Clark (*fka *Butler)* (S.D. Ohio), *Goffinet* (S.D. Ohio), and *Sooter* (N.D. Ill.). *Robinson* (M.D. Fla.) was dismissed by the district court and then settled in principle on appeal. The plaintiff in *Billitteri* (D. Nev.) filed a motion for reconsideration of the court's grant of summary judgment in favor of 3M, and has appealed to the 9th Circuit. The appeal to the 9th Circuit has been stayed pending the outcome of the plaintiff's pending motion for reconsideration. The remaining Wave 2 case, *Moore*, was removed from the calendar due to product ID issues.

Wave 3 Cases

The Court's Feb. 7, 2025 order led to the selection of 150 additional trial candidate cases, as well as a process for replacement of cases. (Dkt. 2549.) On June 27, the Court issued an order dividing the cases into three groups. (Dkt. 2866.) Since then, the Court has created three additional groups to replace dismissed cases. (Dkts. 3048, 3224, 3606.) Notable pending motions and updates include:

*Craft* (Group 1). With the Court's leave, 3M filed an early summary judgment motion based on the statute of limitations in *Craft*. That motion is fully briefed.

*Keithley* (Group 1). On Aug. 3, Judge Schultz issued an R&R recommending that 3M's Rule 12(c) motion be granted in *Keithley*. The Court stayed the case while the parties conduct settlement negotiations. The Court then denied 3M's Rule 12(c) motion without prejudice to renewal of that motion upon lifting of the stay. *Keithley*, 18-0877 (Dkt. 48).

*Bernheim Kelley Cases* (Groups 1 and 4). Plaintiffs represented by Bernheim Kelley continue to depose 3M's experts in *Bernard* and *Wise* (Group 1), and *Daughdrill* and *McGowan* (Group 4). Members of Plaintiffs' leadership are participating in depositions of 3M's experts who have issued general causation opinions in these cases. There are two pending objections to Judge Schultz's expert discovery orders. Bernheim Kelley filed an objection to Judge Schultz's orders on expert "bias" discovery. (*E.g., Bernard*, 24-3322, Dkt. 36.) Members of Plaintiffs' leadership filed an objection to Judge Schultz's order on the deposition of 3M's expert Dr. Williams. (Dkt. 3545.) Both objections are fully briefed. Bernheim Kelley also filed a Fed. R. 702 motion to exclude certain opinions of two of 3M's experts in *McGowan*, 18-3360 (Dkt. 32); 3M filed its response (Dkt. 42) and moved to exclude the plaintiff's case-specific expert and for summary judgment. (Dkts. 46, 51.) Finally, 3M filed a letter motion to compel Bernheim Kelley to pay for deposition preparation time of 3M's experts. (Dkt. 3686.) Bernheim Kelley did not respond to that letter motion. 3M also filed a letter motion on Oct. 8 to compel Bernheim Kelley concerning its responses to 3M's expert "bias" discovery. (Dkt. 3791.)

*Group 2*: With the Court's leave, 3M filed an early summary judgment motion based on the statute of limitations in *Krapfl*. The motion is under advisement and expert deadlines are stayed. Following the conclusion of discovery, 3M filed motions for summary judgment in *Wood* and *Enos* on Sept. 8. No oppositions were filed.

*Group 4:* 3M filed a motion to strike the rebuttal reports of plaintiffs' expert Dr. Golan in *Daughdrill*, 23-2312 (Dkt. 23); *McGowan*, 18-3360; and *Weiss*, 17-1808 (Dkt. 21). Plaintiffs opposed. The motions have been noticed to be heard at the Oct. 13 conference.

*Group 5*: Meshbesher and Kaster Lynch Farrar & Ball have filed an objection (Dkt. 3544) to Judge Schultz's order on allocation of treater deposition fees in their cases. The objection is fully briefed. *Ackerman, Adams, Ashby*, *Ellis*, and *West* were dismissed by order or stipulation since the last status conference.

*Group 6*: The Court issued a scheduling order on Sept. 21, as well as an order for settlement conferences. (*E.g. Irby*, 16-0057, Dkts. 15, 16.) Three Group 6 cases have been dismissed by stipulation: *Clemons*, 16-2630; *Johnson*, 26-3548; and *Lane*, 17-5078. On Oct. 7, the Court granted 3M's 19th PTO 23 motion and dismissed *Irby*, 16-cv-0057; *Clark*, 23-3061; and the lead plaintiff in *Brabec*, 17-4972. (Dkt. 3785.)

**2. State Court Cases**

There are ten pending state court cases:

| Plaintiff | Court | Trial Date | Notes |
|---|---|---|---|
| *Kelso* | Harris County, TX | Retrial 1/18/27 | Defense verdict 3/24. New trial granted 6/26, scheduled for 1/18/27, which is stayed but |

| | | | |
|---|---|---|---|
| | | | reserved pending outcome of 3M's petition for writ of mandamus. 3M's petition for writ of mandamus filed 7/28; plaintiff's opposition due 10/14. |
| *Moore* | Philadelphia Common Pleas, PA | January 2028 | Hospital also named as a defendant. 3M's motions to exclude Dr. Elghobashi and Dr. David under *Frye* standard were heard 9/1 and denied 9/2. Trial-setting conference set for 10/8 for assignment of trial date. |
| *Friedrich* | Ramsey County, MN | Stayed | Putative class action alleging consumer protection claims. Settlement pending; case stayed. |
| *Capoferri, et al.* | Ramsey County, MN | 8/2/27 | 10 plaintiffs. In discovery. |
| *Shaur* | Ramsey County, MN | Not set | Hospital and two providers also named as defendants. Trial date certain 11/1/27. |
| *Baker, et al.* | Ramsey County, MN | Not set | 41 plaintiffs. Pocket-served only. |
| *Aguilar, et al.* | Ramsey County, MN | Not set | 96 plaintiffs. Pocket-served only. |
| *Sedberry* | Bernalillo County, NM | 8/23/27 | Hospital also named as a defendant. In discovery. |
| *Barry* | Lewis and Clark County, MT | Not set | Settlement pending. |
| *George* | Lewis and Clark County, MT | Not set | Settlement pending. |

*Bergstraser* (Ramsey County) was voluntarily dismissed on Sept. 21.

**3. Canadian Action**

On June 22, 2016, Defendants were served with a Canadian putative class action, *Driessen v. 3M Canada Co., 3M Co. & Arizant Healthcare Inc.*, filed in Ontario Superior Court of Justice, File No. 16-69039. Plaintiff Driessen seeks to represent a putative class of "[a]ll persons residing in Canada who had the 3M Bair Hugger Forced-Air Warming Device used on them during surgery." There has been no recent case activity.

**4. Non-Case-Specific Fact and Expert Discovery**

On December 19, 2025, the Court heard the parties' positions on custodians and search terms (Dkt Nos. 2816, 2849, 2942, 3153, 3290). The Court gave directions to the parties on the record. The parties submitted letter briefs on custodians on March 10. The Court directed the parties to meet and confer. 3M provided additional information on potential custodians on July 14. The parties continue to confer.

The Court took under advisement the issue of production of various insurance policies held by Defendants as it relates to this litigation. The Court ordered disclosure of insurance coverage applicable to Groups 3-6 in the scheduling orders for those cases.

The parties completed the *de bene esse* depositions of Dr. Elghobashi and Dr. David and stipulated that the deposition of Dr. Jarvis in *Kelso* may be used as the *de bene esse* deposition permitted by the Court's order (Dkt. 3409).

### 5. Other Pending Motions/Orders/R&Rs

Defendants filed their Omnibus Motion for Summary Judgment or, in the Alternative, for a Special Case Management Order on Aug. 8. (Dkt. 2945.) Plaintiffs opposed. (Dkt. 3017.) Plaintiffs requested oral argument.

The Court granted 3M's 18th PTO 23 motion to dismiss in part on Sept. 11 (Dkt. 3679) and granted 3M's 19th PTO 23 motion on Oct. 7 (Dkt. 3785). Plaintiffs' responses to 3M's 20th PTO 23 motion (Dkt. 3714) are due Oct. 12.

The Court adopted Judge Schultz's R&Rs on 3M's Rule 12(c) motions with respect to the statutes of limitations and/or repose in Alabama (Dkt. 3642), Virginia (Dkt. 3639), Idaho (Dkt. 3680), Michigan (Dkt. 3647), Texas (Dkt. 3694), North Carolina (Dkt. 3641), Tennessee (Dkt. 3683), Oklahoma (Dkt. 3690), New York (Dkt. 3681), Mississippi (Dkt. 3682), South Dakota (Dkt. 3695), Nebraska (Dkt. 3684), and Kansas (Dkt. 3687). Thus far, Plaintiffs have appealed the Alabama, Michigan, Texas, and Virginia orders. 3M has filed new Rule 12(c) motions on the Michigan, North Carolina, Tennessee, and South Dakota statutes of limitations.[1] (Dkts. 3697, 3759, 3786, 3793.)

Plaintiffs also filed a motion on June 8 to immediately transfer the active Wave 3 cases. (Dkt. 3452.) 3M opposed. (Dkt. 3458.)

---

[1] The Tennessee cases subject to 3M's motion are *Barker*, 25-3785 (Rosen); *Brunell*, 25-1392 (Walston); and *Jones*, 25-0094 (Rosen). All three plaintiffs opposed and sought leave to amend. The North Carolina cases are *Cromartie*, 18-3297; *Morrison*, 18-2186; and *Sharp*, 25-0131. Plaintiffs have previously been permitted to amend their complaints in these cases. Their opposition is due Oct. 24.

On July 10, the Court granted Plaintiffs' request for leave to file a motion to amend the Master Long Form and Short Form Complaints. (Dkt. 3452.) Plaintiffs anticipate filing their motion later this month. (Dkt. 3458.)

3M filed its brief in support of a *Lone Pine*/docket control order (Dkt. 3747) on Sept. 29, as permitted by the Court's order (Dkt. 3696). Plaintiffs' response is due Oct. 16 and 3M's reply by Oct. 23.

Judge Schultz will hear 3M's motion to conduct additional discovery on Callender Bowlin's plaintiff fact sheets (Dkt. 3731) on Nov. 2.

**<u>Plaintiff Fact Sheets</u>**

*PFS orders to show cause.* On Aug. 13, the Court issued its 8th PFS order to show cause. Neither plaintiff subject to that motion (*Lasater*, 26-2010; and *Stevens*, 26-2011) appeared to show cause at the Sept. status conference. 3M submitted a proposed R&R to Judge Schultz on Sept. 11. On Oct. 1, Judge Schultz issued his 9th PFS order to show cause, requiring compliance by the Oct. 13 status conference. (Dkt. 3753.)

*"Backlog" order.* On Aug. 13, Judge Schultz issued an R&R recommending dismissal of 16 cases for failure to comply with the court's Mar. 2 order requiring certain plaintiffs to serve a verified amended PFS correcting deficiencies previously identified by the court. (Dkt. 3601.) The Court adopted the R&R on Sept. 11. (Dkt. 3678.)

*Resumed PTO 14 motions*. On Sept. 29, 3M filed its 23rd PTO 14 motion to dismiss. (Dkt. 3741.) 3M withdraws its motion as to *Silavant*, 25-0331. No opposition was filed as to the other cases. That motion is noticed for the Oct. 13 status conference.

**6. Appeals**

Plaintiffs in *Garcia*, 17-cv-4466; and *Hawthorne*, 17-cv-3803, appealed the Court's dismissal of their cases for noncompliance with Pretrial Order No. 23. The appeal is fully briefed and the Eighth Circuit will decide the appeal without oral argument.

As noted, certain plaintiffs have appealed the Court's adoption of the statute-of-limitations R&Rs for Alabama, Michigan, Texas, and Virginia. The parties anticipate that additional appeals will be filed.

Appeals were filed from the Court's orders granting summary judgment in *Pelican*, 25-2937 (8th Cir.); *Jones*, 25-2937 (8th Cir.); and *Skinner*, 25-3059 (8th Cir.). The parties filed a notice of settlement in *Pelican* and *Jones* on Aug. 3. Briefing in *Skinner* remains stayed pending completion of the settlement process and stipulation to dismiss.

As noted above, an appeal was filed from the Middle District of Florida's order of dismissal in *Robinson*. The parties in *Robinson* have notified the 11th Circuit of their settlement. Also as previously noted, the plaintiff in *Billitteri* appealed the grant of summary judgment in favor of 3M. The 9th Circuit stayed the appeal pending resolution of the plaintiff's motion for reconsideration.

Dated: October 12, 2026

Respectfully submitted,

*s/Benjamin W. Hulse*
Benjamin W. Hulse (MN #0390952)
NORTON ROSE FULBRIGHT US LLP
30 South Sixth Street, Suite 3100
Minneapolis, MN 55402
Phone: (612) 321-2800
Email: ben.hulse@nortonrosefulbright.com

***Co-Lead Counsel for Defendants***

*s/Genevieve M. Zimmerman*
Genevieve M. Zimmerman (MN #330292)
MESHBESHER & SPENCE LTD.
1616 Park Avenue South
Minneapolis, MN 55404
Phone: (612) 339-9121
Fax: (612) 339-9188
Email: gzimmerman@meshbesher.com

***Co-Lead Counsel for Plaintiffs***