**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

| | |
|---|---|
| In re: Bair Hugger Forced Air Warming Products Liability Litigation | MDL No. 15-2666 (JNE/DTS) |
| This Document Relates to:<br><br>Holz, Ryan (26-cv-3153); and<br>Worster, Johnna (24-cv-0796) | **PLAINTIFFS OPPOSITION TO DEFENDANTS MOTION TO DISMISS PURSUANT TO RULE 12(C)** |

## PRELIMINARY STATEMENT

Defendants 3M Company and Arizant Healthcare Inc. (together, "3M") ask this Court to enter judgment on the pleadings against Ryan Holz and Johnna Worster on the theory that each Plaintiffs' claims are untimely under South Dakota's three-year products-liability statute of limitations, and ignore the operative pleadings which clearly include claims of fraudulent concealment. This Court previously analyzed the statute of limitations with respect to three unrelated MDL plaintiffs and determined that those actions were untimely on the pleadings. Docs. 3562 (Report and Recommendation), 3695 (Order Adopting R&R). In its determination, the Court seemingly overlooked the procedural hurdle that 3M never answered the individual short form complaints in those matters. *See* Doc. 3815. While that previous determination is currently on appeal, the instant motion also fails at its threshold.

A limitations bar is an affirmative defense, and a Rule 12(c) motion may be granted on that ground only where the complaint itself establishes that every claim is time-barred. Neither Holz nor Worster's operative complaints – a combination of the Master Long Form and Short Form Complaint filed in each case respectively – is presumptively time barred at a minimum because they include a claim for fraudulent concealment. Whether Plaintiffs' claims accrued, when they knew or in the exercise of reasonable diligence should have known of their respective injuries and its cause, and whether 3M's conduct (which Plaintiffs allege amounts to fraudulent concealment) prevented them and/or their physicians from acting earlier to discover the Bair Hugger's propensity for causing

infection, are fact questions that cannot be resolved against these Plaintiffs on the face of their pleadings.

3M's motion rests almost entirely on this Court's Report and Recommendation in the cases of three other South Dakota plaintiffs — Lorenzen, McCracken, and Dahl. Doc. 3562. Those plaintiffs underwent surgery in 2018 and 2019 and did not sue until 2025, despite the existence of the MDL. The Court's finding that suggests that there is potentially nationwide constructive notice imputed to all patients across the country turned on the existence, by the time of their surgeries, of a "well-publicized MDL" in which "thousands of cases had already been filed" and of published studies spanning 1997 to 2022. Respectfully, this finding is incorrect, and inconsistent with the obligation imposed by law: in considering the instant motion the Court must view the allegations in the light most favorable to the Plaintiffs.

Holz's surgery took place on October 10, 2019, and his infection was diagnosed and treated with two-stage revision surgeries later that same year. The constructive-notice rationale that defeated the Lorenzen plaintiffs is, respectfully, inconsistent with Holz's operative pleadings, which clearly allege Defendants' fraudulent concealment prevented him from learning that his periprosthetic joint infection may have been caused by a contaminated and defective device used in the operating room while he was anesthetized,

and certainly cannot be applied against him at the 12(c) stage where his allegations must be taken by this Court as true and all reasonable inferences viewed in his favor.[1]

Worster's surgery took place on December 2, 2019, and her infection was diagnosed and treated with five additional surgeries spanning 2020-21. The constructive-notice rationale that defeated the Lorenzen plaintiffs is, respectfully, inconsistent with Worster's operative pleadings, which clearly allege Defendants' fraudulent concealment prevented her from learning[2] that her periprosthetic joint infection may have been caused by a

---

[1] Indeed, if Mr. Holz had made the potential connection between Bair Hugger and the PJI that required multiple additional surgical interventions and researched the issue in November and December of 2019, he would have learned that this Court had granted summary judgment in favor of Defendants and surely would have assumed any suggested connection was incorrect. But after the Eighth Circuit's decision in 2021, we know:

> In other words, the proposition that the increase in particles caused by the Bair Hugger includes bacteria-laden particles **finds support in the record**. The question for the MDL court was whether there was sufficient support in the factual basis for the experts' opinions that the Bair Hugger is capable of causing airflow disruption in a real-world operating room that transmits bacteria to the surgical site. The MDL court held that there was not. But, as we have just seen, **there is significant support for the proposition that the Bair Hugger independently is capable of disrupting airflow so as to transmit bacteria to the surgical site** when other airflow-disruptive variables are controlled for, and there also is empirical support for the proposition that those other variables can facilitate the Bair Hugger's airflow-disruptive effect in a real-world operating room.

*See Amador v. 3M Company, et. al.,* 9 F.4th 768, 785 (8th Cir. 2021)(emphasis added).

[2] Again, had Ms. Worster researched the potential connection between Bair Hugger and her periprosthetic infection from her hospital beds in 2020-21 – and there is no record here that she did - she would have learned this Court concluded there was no admissible evidence supporting such legal claims. 3M continues to deny the import of the evidence even today.

contaminated and defective device used in the operating room while she was anesthetized, and certainly cannot be applied against her at the 12(c) stage where her allegations must be taken as true and all reasonable inferences viewed in her favor, and certainly cannot be applied against her at the 12(c) stage where her allegations – including that of 3Ms fraudulent concealment - must be taken as true and all reasonable inferences viewed in her favor.

Finally, South Dakota law commits questions of fraudulent concealment, accrual, a plaintiff's knowledge, and the exercise of diligence to the finder of fact. Those questions cannot be decided on an undeveloped pleading record. For each of these independent reasons, the motion should be denied.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs are both residents of South Dakota. Plaintiff Holz's surgery took place on October 10, 2019, and his infection was diagnosed and treated with two-stage revision surgeries later that same year (Doc. 6, 26-cv-3153 at 1-3) Plaintiff Worster 's surgery took place on December 2, 2019, and her infection was diagnosed and treated with five additional surgeries spanning 2020-21. (Doc. 1, 24-cv-796 at 1-3)

Plaintiffs both allege that contaminants introduced into their open surgical wound as a direct and proximate result of the Bair Hugger caused them to develop a periprosthetic joint infection. (*Id*. at p. 2)

As a result of the infection, each Plaintiff alleges they underwent a series of additional surgical procedures, including an irrigation and debridement, removal of the

prostheses with insertion of an antibiotic spacer, and eventually surgical reimplantation. (Id.) Holz direct-filed his Short Form Complaint in this MDL on July 1, 2026, as permitted by Pretrial Order No. 8, and designated the District of South Dakota as the appropriate venue. (Doc. 6, 26-cv-3153) Worster direct-filed her Short Form Complaint in this MDL on March 7, 2024, as permitted by Pretrial Order No. 8, and designated the District of South Dakota as the appropriate venue. (Doc. 1, 24-cv-796 at 1) Each of Plaintiffs' pleadings asserts claims sounding in negligence, strict liability, breach of warranty, misrepresentation, fraudulent concealment, and related theories. (Doc 6, 26-cv-3153 and Doc. 1, 24-cv-796 at 4)

3M moved for judgment on the pleadings under Rule 12(c) on October 7, 2026, contending that Plaintiffs' claims are barred by South Dakota's three-year products-liability statute of limitations and that fraudulent concealment does not toll that period. (Doc. 3787) In the index attached to its own motion, 3M identifies Plaintiff Holz's date of injury as October 25, 2019, his filing date as June 30, 2026, and the elapsed time between the two as "6 years, 8 months and 5 days." (Doc. 3787-1) With respect to Plaintiff Worster, 3M's chart identifies the date of injury as January 6, 2020, her filing date as March 7, 2024, and the elapsed time between the two as "4 years, 2 months and 1 day." *Id.* 3M's motion relies principally on this Court's prior Report and Recommendation addressing three other South Dakota plaintiffs — Lorenzen, McCracken, and Dahl — whose surgeries occurred in 2018 and 2019 and who did not file suit until 2025. (Doc. 3787 at 10)

## ARGUMENT

A Rule 12(c) motion[3] for judgment on the pleadings is governed by the same standard as a motion to dismiss under Rule 12(b)(6). Fed. R. Civ. P. 12. The Court must accept all facts pleaded by the non-moving party as true and draw all reasonable inferences from the pleadings in the non-movant's favor; judgment is appropriate only where no material issue of fact remains and the movant is entitled to judgment as a matter of law. *Geivett v. AMC Mgmt., LLC*, 158 F.4th 900, 903 (8th Cir. 2025); *Boyd v. Target Corp.*, 750 F. Supp. 3d 999, 1009 (D. Minn. 2024). That standard is dispositive here, because 3M's motion turns on a fact-dependent affirmative defense that the pleadings do not resolve.

### I. 3M cannot establish on the face of the pleadings that Plaintiffs' claims are time-barred.

A statute of limitations is an affirmative defense that the defendant must plead and prove. See Fed. R. Civ. P. 8(c). For that reason, "the possible existence of a statute of limitations defense is not ordinarily a ground for Rule 12(b)(6) dismissal unless the complaint itself establishes the defense." *Jessie v. Potter*, 516 F.3d 709 (8th Cir. 2008). The same rule governs a Rule 12(c) motion: a court may enter judgment on limitations grounds only "if the complaint itself shows that the claim is time-barred." *Geivett v. AMC Mgmt., LLC, 158 F.4th 900, 903 (8th Cir. 2025).* And a plaintiff "need not plead facts responsive to an affirmative defense before that defense is raised"; Plaintiffs were not obliged to plead

[3] "A motion for judgment on the pleadings is available only "[a]fter the pleadings are closed." Fed. R. Civ. P. 12(c). 3M has failed to answer the Plaintiffs' short form complaints, which this Court has held is part of the operative pleadings, (Doc. 3680 adopting Doc. 3445). Because Defendants failed to answer the short form complaints, the Motion must be denied.

around 3M's limitations defense in their Short Form Complaints. *See Boyd v. Target Corp.*, 750 F. Supp. 3d 999, 1021–1022 (D. Minn. 2024).

South Dakota's three-year products-liability statute does not run from the date of surgery. It runs from "the date when the personal injury . . . occurred, became known or should have become known to the injured party." S.D. Codified Laws § 15-2-12.2. A claim accrues under this standard when the injury "becomes known or should become known to the injured party" — that is, when "facts come to light that would prompt a reasonably prudent person to seek out information regarding his or her injury or condition and its cause." *Moore v. Michelin Tire Co.*, 1999 S.D. 152, 603 N.W.2d 513; *One Star v. Sisters of St. Francis, Denver, Colo.*, 2008 S.D. 55, 752 N.W.2d 668. When accrual occurs, and when a plaintiff knew or should have known of the injury and its cause, are quintessentially fact questions. *Strassburg v. Citizens State Bank*, 1998 S.D. 72, 581 N.W.2d 510 (S. Ct. SD 1998).

That is precisely why 3M's motion cannot succeed on the pleadings. Establishing the affirmative defense therefore requires 3M to prove, from the face of the operative complaint alone, that Plaintiffs knew or reasonably should have known their injury and the connection to the Bair Hugger more than three years before the date each case was filed. The complaint does not establish that date. It alleges the fact of an infection and a course of treatment; it does not allege when Plaintiffs learned, or reasonably should have learned, that the Bair Hugger was a cause of their infections. The Eighth Circuit confronted the same posture in *Joyce v. Armstrong Teasdale, LLP*, 635 F.3d 364, 367–368 (8th Cir. 2011),

where it reversed a limitations dismissal because the complaint did not establish that a reasonably prudent plaintiff would have been on notice of a potentially actionable injury within the limitations period. So too here: 3M "has not shown — at least at the Rule 12(b)(6) stage" — that Plaintiffs' claims accrued outside the three-year window. *Joyce v. Armstrong Teasdale, LLP*, 635 F.3d 364, 367–368 (8th Cir. 2011).

Courts in this District routinely decline to resolve such disputes on the pleadings. A defendant's timeliness argument that "amount[s] to a factual dispute over when" the plaintiff "knew or should have known" of the wrong "will not be resolved by the Court on a motion to dismiss." *Boyd v. Target Corp.*, 750 F. Supp. 3d 999, 1021–1022 (D. Minn. 2024). Where a defendant's limitations argument "rel[ies] on disputed or insufficiently developed facts," the defense "cannot be resolved on a motion to dismiss," and "questions of actual or constructive knowledge are fact-intensive inquiries often left undecided even at summary judgment." *In re Cattle Antitrust Litig.*, No. CV 19-1129 (JRT/HB), 2021 WL 7757881 (D. Minn. Sept. 14, 2021). Drawing all inferences in Plaintiffs' favor, as the Court must, 3M cannot carry its burden on the pleadings. *Geivett v. AMC Mgmt., LLC*, 158 F.4th 900, 903 (8th Cir. 2025).

## II. The Report and Recommendation addressing the Lorenzen plaintiffs does not control Plaintiffs' claims

3M's motion depends on the premise that Plaintiffs are "similarly situated" to the three South Dakota plaintiffs — Lorenzen, McCracken, and Dahl — whose claims this Court recommended dismissing. (Doc. 3787 at 1- 2) But each must be evaluated on their

own merits. The entire thrust of 3M's argument is that the Court's prior findings are "law of the case" that can be applied to Plaintiffs without revisiting the reasoning. (Doc. 3787 at 4)

The Lorenzen plaintiffs underwent surgery in 2018 and 2019 and did not file suit until 2025 — gaps of six or more years. (Doc. 3562 at 10) When the Court found no plausible basis for tolling, its reasoning rested specifically on the information available by the time those surgeries occurred: it emphasized that the plaintiffs' own proposed complaints cited "twenty-five published studies, spanning from 1997 to 2022," and that "[b]y the time Plaintiffs' surgeries took place, thousands of cases had already been filed in this well-publicized MDL." (Doc. 3562 at 12) On that record, the Court concluded that "a reasonably diligent plaintiff could — and would — have discovered a potential claim." (Doc. 3562 at 12)

The constructive-notice findings in the Report and Recommendation should not be mechanically extended to Plaintiffs'. The inquiry-notice question must be assessed on Plaintiffs' own facts, taken as true and construed in each of their favor. *One Star v. Sisters of St. Francis, Denver, Colo.*, 2008 S.D. 55, 752 N.W.2d 668 (S.Ct. SD 2008); *Geivett v. AMC Mgmt.*, LLC, 158 F.4th 900, 903 (8th Cir. 2025). Whether a reasonably prudent person in Plaintiffs' position in 2019-2021 would or should have connected a surgical infection to the Bair Hugger is not a question the Court can resolve against Plaintiffs on the pleadings. See *Joyce v. Armstrong Teasdale, LLP*, 635 F.3d 364, 367–368 (8th Cir.

2011); *In re Cattle Antitrust Litig.*, No. CV 19-1129 (JRT/HB), 2021 WL 7757881 (D. Minn. Sept. 14, 2021).

### III. Fraudulent concealment and the related questions of notice and diligence are fact questions under South Dakota law that cannot be resolved on the pleadings.

Even if the face of the complaint left any doubt about accrual, South Dakota's tolling doctrines independently preclude judgment on the pleadings. South Dakota recognizes fraudulent concealment as an implied exception to the statute of limitations defense: where "actionable conduct or injury has been concealed by deceptive act or artifice," the limitations period is tolled "until the cause of action is discovered or might have been discovered by the exercise of diligence." *Strassburg v. Citizens State Bank*, 1998 S.D. 72, 581 N.W.2d 510 (S.Ct. SD 1998); *One Star v. Sisters of St. Francis, Denver, Colo.,* 2008 S.D. 55, 752 N.W.2d 668 (S.Ct. SD 2008). Separately, South Dakota's fraud statute provides that a fraud claim "shall not be deemed to have accrued until the aggrieved party discovers, or has actual or constructive notice of, the facts constituting the fraud." S.D. Codified Laws § 15-2-3.

The South Dakota Supreme Court has repeatedly held that the questions these doctrines raise belong to the finder of fact. "***Statute of limitations questions are usually jury questions***." *Strassburg*, 1998 S.D. 72, 581 N.W.2d 510, 513 (emphasis added). Whether a defendant "concealed" the claim, "when [the plaintiff] had actual or constructive knowledge of a claim," and "whether he exercised diligence to discover his cause of action are ***all issues of fact for the jury***." *Id.* (emphasis added) Because "the point at which a period of limitations begins to run must be decided from the facts of each case, statute of

limitations questions are normally left for a jury." *Id*. The same is true of the inquiry-notice question that drives accrual: the statute begins to run only "when facts come to light that would prompt a reasonably prudent person to seek out information regarding his or her injury or condition and its cause," and whether a plaintiff reasonably should have made that connection is ordinarily for the jury. *One Star v. Sisters of St. Francis, Denver, Colo., 2008 S.D. 55, 752 N.W.2d 668*).

These doctrines confirm that 3M's motion is premature. On a Rule 12(c) motion the Court does not weigh evidence of what Plaintiffs knew, when they knew it, or whether they acted diligently; it accepts their allegations as true and draws every inference in their favor. *Boyd v. Target Corp*., 750 F. Supp. 3d 999, 1009 (D. Minn. 2024). The South Dakota Supreme Court has recognized that a plaintiff can create a triable issue on precisely these points — for example, by showing that "a reasonably prudent person would not have . . . discovered a causal connection" within the limitations period. *One Star v. Sisters of St. Francis, Denver, Colo*., 2008 S.D. 55, 752 N.W.2d 668. Plaintiffs have had no opportunity to develop that record; each case is part of the stay on discovery in place since 2016. 3M's contrary authorities do not change the analysis: in each, the court had a developed record or a complaint whose own allegations foreclosed tolling. Here, by contrast, the pleadings leave the concealment, notice, and diligence questions open — and South Dakota law commits those questions to the jury. *Strassburg v. Citizens State Bank*, 1998 S.D. 72, 581 N.W.2d 510.

**CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully requests that the Court deny Defendants' Motion for Judgment on the Pleadings.

Respectfully submitted,

Dated: October 28, 2026

MESHBESHER & SPENCE, LTD.

*/s/ Genevieve M. Zimmerman*
Genevieve M. Zimmerman (MN# 330292)
1616 Park Avenue
Minneapolis, MN 55404
Phone: (612) 339-9121
Email: gzimmerman@meshbesher.com

***Co-Lead Counsel for Plaintiffs***

*/s/ Mark Callender*
Mark Callender
CALENDAR BOWLIN, PLLC
4299 San Felipe, Suite 300
Houston, TX 77027
Phone: (713) 300-8700
Email: Mark@CBTrial.com