**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| In re: Bair Hugger Forced Air Warming Products Liability Litigation | MDL No. 2666 (JNE/DTS) District Judge Joan N. Ericksen Magistrate Judge David T. Schultz |
| This Document Relates to: | |
| Bladzik, Clay, No. 18-cv-1360 | **PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS** |
| Brinks, James, No. 24-cv-1160 | |
| Vanochten, Darleen, No. 19-cv-0489 | |

# TABLE OF CONTENTS

INTRODUCTION ........ 1

BACKGROUND ........ 2

A. The Master-Pleading Structure and the Short Form Complaint. ........ 2

B. 3M Answered Only the Master Long Form Complaint. ........ 2

C. 3M's Own Conduct Confirms That Separate Answers to the Short Form Complaints Were Required. ........ 3

D. 3M's Rule 12(c) Motions. ........ 4

LEGAL STANDARD ........ 4

ARGUMENT ........ 5

II. 3M'S MOTION MUST BE DENIED BECAUSE THE PLEADINGS ARE NOT CLOSED. ........ 5

A. The Federal Rules Required 3M to Answer the Short Form Complaints. ........ 5

B. No Order of This Court Excused 3M from Timely Answering the Short Form Complaints, and None Deems the Master Answer to Be That Answer. ........ 6

C. The Master Answer, by Its Own Terms, Did Not Respond to the Short Form Complaints. ........ 11

D. Because the Pleadings Are Not Closed, Judgment on the Pleadings Cannot Be Entered. ........ 14

CONCLUSION ........ 15

# TABLE OF AUTHORITIES

## Cases


*Aguilar v. PNC Bank, N.A.*,
853 F.3d 390 (8th Cir. 2017) ........ 12

*Bank of Nova Scotia v. United States*,
487 U.S. 250 (1988) ........ 10

*Carlisle v. United States*,
517 U.S. 416 (1996) ........ 10

*Castro v. United States*,
540 U.S. 375 (2003) ........ 15

*Country Club Estates, L.L.C. v. Town of Loma Linda*,
213 F.3d 1001 (8th Cir. 2000) ........ 15

*Dorgan v. Int'l Harvester Co.*,
585 F.2d 1380 (8th Cir. 1978) ........ 4, 14

*Ellis v. Sanofi-Aventis U.S. LLC*, No. 3:23-CV-714-MOC-SCR,
2024 WL 3682224 (W.D.N.C. Aug. 6, 2024) ........ 9

*Estes v. 3M*, No. 7:20-cv-00137,
(N.D. Fla. Feb. 10, 2021) ........ 8

*Fussell v. Sanofi-Aventis U.S. LLC*, No. 1:23-CV-00142-MR-WCM,
2024 WL 1365067 (W.D.N.C. Mar. 12, 2024) ........ 9

*Gelboim v. Bank of Am. Corp.*,
574 U.S. 405 (2015) ........ 7, 10

*Glob. Commodities, Inc. v. Cap. Distribs. LLC*, No. 24-cv-00216 (JMB/EMB),
2025 WL 2926966 (D. Minn. Oct. 15, 2025) ........ 15

*Grinnell Mut. Reinsurance Co. v. Orcutt*, No. 19-cv-2156 (JNE/TNL),
2024 WL 1095807 (D. Minn. Mar. 13, 2024) ........ 14

*Hamer v. LivaNova Deutschland GmbH*,
994 F.3d 173 (3d Cir. 2021) ........ 10

*Ikechi v. Verizon Wireless*, No. 10-cv-4554 (JNE/SER),
2011 WL 2118797 (D. Minn. Apr. 7, 2011), *R. & R. adopted*, 2011 WL
2118791 (D. Minn. May 25, 2011) ........ 14

*In re 3M Combat Arms Earplug Prods. Liab. Litig.*, No. 3:19-md-2885,
PTO 17 (N.D. Fla. Oct. 16, 2019) .................... 8

*In re 3M Combat Arms Earplug Prods. Liab. Litig.*, No. 3:19-md-2885,
PTO 43 (N.D. Fla. June 29, 2020) .................... 8

*In re Bair Hugger Forced Air Warming Prods. Liab. Litig.*, No. 15-md-2666 (JNE/DTS),
2026 WL 2690660 (D. Minn. June 5, 2026) .................... 4, 6

*In re Fluoroquinolone Prods. Liab. Litig.*, No. 15-MD-2642,
2020 WL 6489186 (D. Minn. Nov. 4, 2020) .................... 6

*In re Nat'l Prescription Opiate Litig.*,
956 F.3d 838 (6th Cir. 2020) .................... 11

*In re Philips Recalled CPAP, Bi-Level PAP, & Mech. Ventilator Prods. Litig.*, MDL No. 3014,
PTO 28(b) (W.D. Pa. Feb. 26, 2024) .................... 9

*In re Refrigerant Compressors Antitrust Litig.*,
731 F.3d 586 (6th Cir. 2013) .................... 7

*In re Taxotere (Docetaxel) Prods. Liab. Litig.*, MDL No. 2740,
PTO 42 (E.D. La. Apr. 26, 2017) .................... 9

*Knudsen v. United States*,
254 F.3d 747 (8th Cir. 2001) .................... 13

*Lewis v. Slaiby*, No. 3:23-CV-0231 (VAB),
2025 WL 821039 (D. Conn. Mar. 14, 2025) .................... 15

*Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*,
523 U.S. 26 (1998) .................... 10

*Mo. Hous. Dev. Comm'n v. Brice*,
919 F.2d 1306 (8th Cir. 1990) .................... 14

*Moubry v. Indep. Sch. Dist. No. 696*,
951 F. Supp. 867 (D. Minn. 1996) .................... 4, 14

*NanoMech, Inc. v. Suresh*,
777 F.3d 1020 (8th Cir. 2015) .................... 4, 14

*Smokey Alley Farm P'ship v. Monsanto Co.*, No. 4:17-CV-2031 JMB,
2018 WL 278624 (E.D. Mo. Jan. 3, 2018) .................... 8

*Sykes v. Cook Inc.*,
72 F.4th 195 (7th Cir. 2023) .......... 6

*TrueNorth Cos., L.C. v. TruNorth Warranty Plans of N. Am., LLC*,
292 F. Supp. 3d 864 (N.D. Iowa 2018) .......... 13

**Rules**

Fed. R. Civ. P. 3 .......... 2

Fed. R. Civ. P. 7 .......... 5

Fed. R. Civ. P. 8 .......... 5

Fed. R. Civ. P. 12 .......... 1, 4, 5, 6

Fed. R. Civ. P. 15 .......... 14

Fed. R. Civ. P. 16.1 .......... 11

Plaintiffs Clay Bladzik, James Brinks, and Darleen Vanochten, by and through undersigned counsel, respectfully submit this memorandum in opposition to Defendants 3M Company and Arizant Healthcare Inc.'s (collectively, "3M") motion for judgment on the pleadings, and state as follows:

## INTRODUCTION

3M has moved for judgment on the pleadings under Rule 12(c) without ever having answered the pleadings that commenced these actions. That is not a quibble. Rule 12(c) is available only "[a]fter the pleadings are closed," Fed. R. Civ. P. 12(c), and the pleadings do not close until the defendant answers the operative complaint. Each Plaintiff commenced his or her action by filing and serving a Short Form Complaint. *See* Declaration of Genevieve Zimmerman in support of Plaintiffs' opposition to 3M's Rule 12(c) motion ("Zimmerman Decl.") Exs. A, B, and C. 3M never answered any of them. The pleadings are therefore not closed, and 3M's motion must be denied as to each Plaintiff.

This defect cannot be papered over. 3M's only responsive pleading in this MDL is a Master Answer that, by its caption, its own described scope, and the actual responses contained therein, responds solely to the Master Long Form Complaint. No order of this Court excused 3M from answering Plaintiffs' Short Form Complaints, and no order deems the Master Answer to be that answer. 3M knows this: it has filed individual answers to Short Form Complaints in the cases selected for work up, and it asked Plaintiffs to stipulate that its answers to other amended complaints be "deemed filed"—a

request that would be unnecessary if the Master Answer already answered everything in any later filed complaint. Plaintiffs did not so stipulate, and the Court entered no such order.

The argument is straightforward and, critically, it presents a pure question of law on undisputed, docket-based facts: did the Federal Rules require 3M to answer Plaintiffs' Short Form Complaints, and, 3M having filed no such answers, are the pleadings "closed" for purposes of Rule 12(c)? Plaintiffs respectfully submit that the answer is no, and the motion must be denied.

## BACKGROUND

### A. The Master-Pleading Structure and the Short Form Complaint.

In 2016, the Court adopted a master-pleading structure for this MDL. Each plaintiff who proceeds in the MDL files an individual Short Form Complaint that "articulate[s]" the facts specific to the case—the injury, the dates, the home state, the plaintiff's date of birth, the basic theories of liability, and the suggested jurisdiction for remand"—and incorporates the Master Long Form Complaint by reference. PTO 8 ¶ 4, MDL Dkt. 46. The Short Form Complaint is the pleading that commences each individual action. *See* Fed. R. Civ. P. 3. Each Plaintiff commenced his or her individual action by filing and serving a Short Form Complaint. Zimmerman Decl. Exs. A-C.

### B. 3M Answered Only the Master Long Form Complaint.

PTO 4 set a single deadline—July 8, 2016—for "[m]otion(s) to dismiss claims or parties in the Master Long Form Complaint," and provided that "Plaintiffs may amend

the Master Long Form and Master Short Form Complaints without leave of Court on or before July 29, 2016." PTO 4 ¶¶ 6–7, MDL Dkt. 27. 3M answered the Master Long Form Complaint, MDL Dkt. 66, and answered it again after Plaintiffs filed the operative Master Long Form Complaint, MDL Dkt. 105. 3M has never filed an answer to any of Plaintiffs' Short Form Complaints.

### C. 3M's Own Conduct Confirms That Separate Answers to the Short Form Complaints Were Required.

When 3M chose to work up individual cases, it filed individual answers to the operative Short Form Complaints, responding to each allegation on an allegation-by-allegation basis—for example, in *Gareis*, *Boncher*, *Partlow*, and *Axline*. *See* Zimmerman Decl. Exs. D (Gareis Amended Short Form Answer), E (Boncher Short Form Answer), F (Partlow Short Form Answer), G (Axline Amended Short Form Answer). Tellingly, in response to Gareis's *amended* short form complaint, 3M's response was styled not as an "amended" answer, but merely an answer. *Id.* Ex. D. That is because it was the only answer 3M filed that purported to respond to Gareis's operative complaint. And in 2025, 3M asked Plaintiffs to stipulate that its answers to a defined set of amended complaints would be "deemed filed," with their substantive allegations "deemed denied" and the Master Answer's defenses preserved. *See* Zimmerman Decl. Ex. H (Proposed Joint Stipulation Regarding Answers to Certain Amended Complaints); I (email from 3M proposing joint stipulation). Plaintiffs did not agree, and the Court entered no such order as to these cases. 3M would have had no reason to answer those Short Form Complaints,

or to seek that stipulation, if its 2016 Master Answer already denied every allegation in every later filed complaint.

**D. 3M's Rule 12(c) Motions.**

Beginning in late 2025, 3M began filing Rule 12(c) motions for judgment on the pleadings on statute-of-limitations grounds against selected non-bellwether, non-remand plaintiffs. In obtaining those judgments, 3M argued—and the Court agreed—that the Master and Short Form Complaints are operative pleadings that "are not mere 'administrative devices.'" *In re Bair Hugger Forced Air Warming Prods. Liab. Litig.*, No. 15-md-2666 (JNE/DTS), 2026 WL 2690660, at *3–4 (D. Minn. June 5, 2026). 3M now moves against Plaintiffs under Rule 12(c), seeking dismissal with prejudice, in cases in which it has never answered the Short Form Complaints.

## LEGAL STANDARD

Rule 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). The timing requirement is a precondition to filing, not a technicality: "Rule 12(c) requires all pleadings to be closed before a motion may be filed." *NanoMech, Inc. v. Suresh*, 777 F.3d 1020, 1023 (8th Cir. 2015). Under Rule 7(a), "the pleadings are closed upon the filing of a Complaint and an Answer"; where no answer has been filed, a Rule 12(c) motion is "denied as premature." *Moubry v. Indep. Sch. Dist. No. 696*, 951 F. Supp. 867, 882 (D. Minn. 1996) (citing *Dorgan v. Int'l Harvester Co.*, 585 F.2d 1380, 1381 (8th Cir. 1978)).

## ARGUMENT

### II. 3M'S MOTION MUST BE DENIED BECAUSE THE PLEADINGS ARE NOT CLOSED.

Rule 12(c) is unavailable until the pleadings close, and the pleadings in these cases have not closed because 3M never answered the operative Short Form Complaints. Each step of that conclusion is compelled by the Federal Rules, by this Court's orders, and by 3M's own pleadings.

#### A. The Federal Rules Required 3M to Answer the Short Form Complaints.

A civil action is commenced by filing a complaint. Fed. R. Civ. P. 3. Each Plaintiff's Short Form Complaint is a "complaint" within the meaning of these Rules. Each is the pleading that commenced that Plaintiff's action. *See* Zimmerman Decl. at Ex. A-C. Each Short Form Complaint pleads the facts particular to that Plaintiff's case—residence and citizenship, the basis for jurisdiction and venue, and the date and circumstances of surgery, device use, infection, and causation—facts that the Master Long Form Complaint does not and cannot contain—and it incorporates the Master Long Form Complaint by reference. *Id.*, *see also* PTO 8 ¶ 4, MDL Dkt. 46.

The Rules "contemplate[] [a] response to that initiating complaint, which the rules describe as 'an answer to a complaint.'" Fed. R. Civ. P. 7(a)(2). A defendant "must serve an answer . . . within 21 days after being served with the summons and complaint," Fed. R. Civ. P. 12(a)(1)(A)(i), and must "admit or deny the allegations asserted against it," Fed. R. Civ. P. 8(b)(1).

Courts describing this precise structure confirm that the short form complaint is the operative individual pleading. In *Sykes v. Cook Inc.*, the Seventh Circuit explained that short form complaints "are individual filings that allege the basis of federal jurisdiction through incorporation from the master complaint, individualized allegations, or both," and contain "space for the plaintiff to add additional jurisdictional allegations or causes of action not stated in the master complaint." 72 F.4th 195, 208–09 (7th Cir. 2023). Another court in this District has reached the same conclusion, holding that in an MDL using this structure "[t]he master complaint, as incorporated in the short form complaint, is intended to have legal effect," and that the short form complaint is the operative individual pleading. *In re Fluoroquinolone Prods. Liab. Litig.*, No. 15-MD-2642, 2020 WL 6489186, at *2 (D. Minn. Nov. 4, 2020). And this Court has already so held in this very MDL, ruling that the Master and Short Form Complaints "are not mere 'administrative devices'" but together function as the operative pleading in each case. *In re Bair Hugger*, 2026 WL 2690660, at *3–4. An operative complaint "is one to which a responsive pleading is required." Fed. R. Civ. P. 7(a)(2). 3M was therefore required to answer each Short Form Complaint within 21 days of service. Fed. R. Civ. P. 12(a)(1)(A)(i).

### B. No Order of This Court Excused 3M from Timely Answering the Short Form Complaints, and None Deems the Master Answer to Be That Answer.

Nothing in the orders governing this MDL relieved 3M of the obligation to answer the Short Form Complaint or deemed its Master Answer to serve as that answer. PTO 8 runs in one direction only: it provides that the allegations of the Master Long Form

Complaint are "deemed pled" in each Short Form Complaint. PTO 8 ¶ 4, MDL Dkt. 46. It stays "[m]otion practice on the individual personal injury Complaints," not the obligation to plead in response to them, and it preserves each plaintiff's amendment rights. *Id.* ¶¶ 5–6. PTO 4, in turn, set a deadline only for motions directed at, and amendments of, the master pleadings. PTO 4 ¶¶ 6–7, MDL Dkt. 27. No order sets a special deadline for answering Short Form Complaints, excuses an answer, or states that the Master Answer answers them.

That silence is dispositive, because a master pleading acquires cross-case operative effect only by the parties' election and the court's adoption—not by default. The Supreme Court has explained that parties "may elect to file a 'master complaint' and a corresponding 'consolidated answer,' which supersede prior individual pleadings," and that "[o]nly in such a case" may the court "treat the master pleadings as merging the discrete actions." *Gelboim v. Bank of Am. Corp.*, 574 U.S. 405, 413 n.3 (2015). The default is the opposite: consolidated cases "ordinarily retain their separate identities," and "[n]o merger occurs . . . when the master complaint is not meant to be a pleading with legal effect but only an administrative summary." *Id.* at 413 & n.3 (quoting *In re Refrigerant Compressors Antitrust Litig.*, 731 F.3d 586, 590 (6th Cir. 2013)). A master pleading becomes operative across cases only where "the court and the parties go further" and treat it as such—where it "is served on defendants," "is used to calculate deadlines for defendants to file their answers," and "is examined for its sufficiency when the defendants file a motion to dismiss." *Refrigerant Compressors*, 731 F.3d at 591. Absent that election, a master pleading "cannot take the place of individual complaints unless all

the parties consent." *Smokey Alley Farm P'ship v. Monsanto Co.*, No. 4:17-CV-2031 JMB, 2018 WL 278624, at *2 (E.D. Mo. Jan. 3, 2018).

Here there was no such election as to answers. Plaintiffs never consented to treat the Master Answer as a response to the Short Form Complaints, and no order adopts that device. The contrast with other MDLs that use the same long-form/short-form architecture proves the point—and proves it against 3M. Where an MDL court means to relieve a defendant of answering short-form complaints, it says so by order, through one of two mechanisms, and the orders in those MDLs are in the record here.

First, some courts relieved the defendants of the duty to answer individual short form complaints by a consent-based deemed or consolidated answer. In the Combat Arms Earplug MDL—in which 3M was the defendant—the court adopted the same master/short-form regime but expressly provided that the defendants' Master Answer would be deemed filed in every case and that 3M could later file amended answers addressing individual complaints. Zimmerman Decl. Ex. J, *In re 3M Combat Arms Earplug Prods. Liab. Litig.*, No. 3:19-md-2885, PTO 17 (N.D. Fla. Oct. 16, 2019); Zimmerman Decl. Ex. K, *In re 3M Combat Arms Earplug Prods. Liab. Litig.*, No. 3:19-md-2885, PTO 43 (N.D. Fla. June 29, 2020). On that footing, the Earplugs court treated the short form complaint as the operative pleading and the filed short-form answer as a substantive response. *See, e.g.*, Zimmerman Decl. Ex. L, *Estes v. 3M*, No. 7:20-cv-00137 (N.D. Fla. Feb. 10, 2021). The Philips CPAP MDL did the same still more explicitly, ordering that "each Defendant's Master Answer . . . shall be deemed to deny all such allegations" in any short form complaint and that "Defendants are hereby relieved of the

obligation to file any individual Answer to any Short Form Complaint . . . until otherwise ordered to do so by this Court." Zimmerman Decl. Ex. M, *In re Philips Recalled CPAP, Bi-Level PAP, & Mech. Ventilator Prods. Litig.*, MDL No. 3014, PTO 28(b) § II(C)(2) (W.D. Pa. Feb. 26, 2024).

Second, some courts relieved the defendants of the duty to answer individual short form complaints by ordering an express stay of the obligation. In the Taxotere MDL, Pretrial Order 42 provided that the filing of a short form complaint "does not trigger any responsive pleading deadline," formally staying defendants' short-form pleading obligations "until further order from the Court," and directing the parties to confer about a later deadline for supplemental responsive pleadings to address individualized allegations. Zimmerman Decl. Ex. N, *In re Taxotere (Docetaxel) Prods. Liab. Litig.*, MDL No. 2740, PTO 42 (E.D. La. Apr. 26, 2017); *accord Fussell v. Sanofi-Aventis U.S. LLC*, No. 1:23-CV-00142-MR-WCM, 2024 WL 1365067, at *3 (W.D.N.C. Mar. 12, 2024) (Taxotere order provided that "each Defendant shall be deemed to have answered all cases . . . upon filing of a Master Answer"); *Ellis v. Sanofi-Aventis U.S. LLC*, No. 3:23-CV-714-MOC-SCR, 2024 WL 3682224, at *1 (W.D.N.C. Aug. 6, 2024) (short form complaints "did not trigger any responsive motion practice under the MDL court's Pretrial Order 42").

These comparators establish the rule by which pleadings in this MDL must be measured: when an MDL court intends a master answer to stand as the answer to every short form complaint, or to excuse short-form answers altogether, or delay answers until some future deadline, it enters an order saying so. This MDL's orders contain no such

provision. PTO 8 adopts no consolidated-answer device, deems nothing a denial of any Short Form Complaint, and stays only motion practice—not the duty to answer. PTO 8 ¶¶ 4–5, MDL Dkt. 46. PTO 4 set an answer deadline for the Master Long Form Complaint alone. PTO 4 ¶ 6, MDL Dkt. 27.

The default Rule 12(a) period therefore governed the Short Form Complaints, and the Court may not supply by implication the deeming provision that every other such MDL put in an order. That the device must be elected, not assumed or imposed, follows from the separate-identity principle: consolidated cases "ordinarily retain their separate identities," *Gelboim*, 574 U.S. at 413 n.3. Section 1407 creates no "monolithic multidistrict 'action,'" *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 37 (1998); and "the fact that a proceeding occur[s] in a[n] MDL setting 'does not alter the substantive rights of the litigants,'" *Hamer v. LivaNova Deutschland GmbH*, 994 F.3d 173, 178 (3d Cir. 2021).

Nor can policy arguments arising out of the need for efficiency or case-management convenience fill that gap. The Federal Rules "are as binding as any statute," and a court has "no more discretion to disregard the Rule's mandate than [it does] to disregard . . . statutory provisions." *Bank of Nova Scotia v. United States*, 487 U.S. 250, 254–55 (1988). A court's "inherent power . . . does not include the power to develop rules that circumvent or conflict with" them. *Carlisle v. United States*, 517 U.S. 416, 426 (1996). That limit applies with full force in an MDL: "an MDL court must find efficiencies within the Civil Rules, rather than in violation of them," and "may not . . . distort or disregard the rules of law applicable to each of [its] cases." *In re Nat'l*

*Prescription Opiate Litig.*, 956 F.3d 838, 844–45 (6th Cir. 2020). The newly adopted advisory committee note to Rule 16.1 confirms the point for master-pleading practice specifically: even where "master complaints and answers" are used alongside short form complaints, "[t]he Rules of Civil Procedure, including the pleading rules, continue to apply in all MDL proceedings." Fed. R. Civ. P. 16.1(b)(3)(A) advisory committee's note to 2025 adoption. Those comments likewise reflect an understanding that the relationship between master pleadings and individual pleadings are not set in stone, but "depends on the purpose of the consolidated pleadings in the MDL proceeding." In this MDL, the answer requirement was not suspended; it was left intact.

### C. The Master Answer, by Its Own Terms, Did Not Respond to the Short Form Complaints.

Even if a master answer could substitute for an answer to an individual Short Form Complaint without the parties' election—and under Part I.B it cannot—3M's Master Answer did not do so. It is captioned as 3M's answer to "Plaintiffs' Master Long Form Complaint," MDL Dkt. 66. Its introductory paragraph defines "Master Complaint" that it uses throughout the Master Answer as the Master *Long Form* Complaint:

> Defendants 3M Company and Arizant Healthcare Inc. (collectively "3M") submit this Master Answer in response to Plaintiffs' Master Long Form Complaint and Jury Demand ("Master Complaint") as follows:

MDL Dkt. 66. And it answers the Master Long Form Complaint pleading paragraph by paragraph. Its scope clause confirms the limit: "[t]o the extent the allegations in the Master [Long Form] Complaint are incorporated into" individual complaints, "3M's Master Answer is intended to respond to the same." *Id.* By the terms 3M voluntarily

chose in its own pleading, that clause reaches only the Master *Long Form* Complaint's allegations wherever incorporated. It does not reach the Short Form Complaints' own allegations—jurisdiction, venue, and the individualized facts of surgery, device use, infection, and causation.

The pleading rules confirm that the Master Answer cannot be read to deny those allegations. A denial "must fairly respond to the substance of the allegation," Fed. R. Civ. P. 8(b)(2), and Rule 8(b)(3) supplies the only three ways to deny: a good-faith general denial of all allegations, a specific denial of designated allegations, or a general denial of "all except those specifically admitted." 3M's Master Answer took the second route, denying the Master Long Form Complaint's allegations paragraph by paragraph; it contains no catch-all denial of all allegations not specifically admitted. That omission distinguishes the authority 3M may invoke. In *Aguilar v. PNC Bank, N.A.*, the Eighth Circuit held that a defendant defeated a failure-to-deny argument because its answer included a general denial of "each and every allegation . . . not specifically admitted." 853 F.3d 390, 403 n.16 (8th Cir. 2017). But the catch-all there operated *within* PNC's answer to the very pleading at issue. Here there is no answer to the Short Form Complaint for a catch-all to operate within, and the Master Answer's lack-of-knowledge and partial-denial mechanisms, Fed. R. Civ. P. 8(b)(4)–(5), likewise reach only the Master Long Form Complaint that 3M actually responded to.

An answer directed elsewhere does not close the pleadings as to allegations it does not address. In *TrueNorth Cos., L.C. v. TruNorth Warranty Plans of North America, LLC*, the defendant answered most of a complaint but declined to answer one count; the court

held the Rule 12(c) motion "is not ripe" because, "[a]s to [that count], the pleadings are not closed." 292 F. Supp. 3d 864, 868 (N.D. Iowa 2018). Here the gap is total: 3M has not answered the Short Form Complaints *at all*.

3M's own answer in Gareis confirms the point. There, 3M responded to the Short Form Complaint allegation by allegation—admitting the parties, jurisdiction, and venue paragraphs and separately addressing the surgery, device-use, causation, and injury allegations. Gareis Answer ¶¶ 2–11 (Zimmerman Decl. Ex. D). Only at paragraph 12—the "Defendant-Specific Allegations and Theories of Recovery" paragraph, which is the portion of the Short Form Complaint that incorporates the Master Long Form Complaint—did 3M "incorporate [its] Master Answer as if fully set forth herein." *Id.* ¶ 12. In other words, 3M invoked the Master Answer precisely where it belongs—against the causes of action alleged in the Master Long Form Complaint—and nowhere else. Had the Master Answer already responded to the entire Short Form Complaint, the individualized, paragraph-by-paragraph responses throughout the rest of the Gareis answer would have been surplusage. 3M's own pleading practice thus tracks what the Rules require: the Master Answer responds to the Master Complaint, while the Short Form Complaint's individualized allegations demand their own answer.

And 3M is bound by the limited scope its Master Answer set for itself. In the Eighth Circuit, "factual statements in a party's pleadings are generally binding on that party," and a party may not "controvert what it has already unequivocally told a court by the most formal and considered means possible." *Knudsen v. United States*, 254 F.3d 747, 752 (8th Cir. 2001); *accord Mo. Hous. Dev. Comm'n v. Brice*, 919 F.2d 1306, 1314 (8th

Cir. 1990). Having written its Master Answer to respond only to the Master *Long Form* Complaint, 3M cannot now recharacterize it as the response the Federal Rules required to the Short Form Complaints.

**D. Because the Pleadings Are Not Closed, Judgment on the Pleadings Cannot Be Entered.**

The conclusion follows from the premises. The pleadings close "upon the filing of a Complaint and an Answer," and where no answer to the operative complaint is on file, a Rule 12(c) motion is "denied as premature." *Moubry*, 951 F. Supp. at 882 (citing *Dorgan*, 585 F.2d at 1381); *see NanoMech*, 777 F.3d at 1023. This District applies that rule as a matter of course. *Grinnell Mut. Reinsurance Co. v. Orcutt*, No. 19-cv-2156 (JNE/TNL), 2024 WL 1095807, at *2 (D. Minn. Mar. 13, 2024) ("Because the pleadings are not closed, the Court denies [the] motion for judgment on the pleadings."); *Ikechi v. Verizon Wireless*, No. 10-cv-4554 (JNE/SER), 2011 WL 2118797, at *9 (D. Minn. Apr. 7, 2011) (motion "premature"), *R. & R. adopted*, 2011 WL 2118791 (D. Minn. May 25, 2011). Because 3M never answered Plaintiffs' Short Form Complaints, the pleadings are not closed and the motion must be denied.

3M cannot avoid that result by asking the Court to treat its Rule 12(c) motion as a motion under Rule 12(b)(6). It did not move under Rule 12(b)(6), and the recharacterization would not be harmless. Service of a motion under Rule 12(b), (e), or (f) gives a plaintiff the right to amend "once as a matter of course" within 21 days, Fed. R. Civ. P. 15(a)(1)(B), but a Rule 12(c) motion "plainly does not contemplate an amendment as a matter of right." *Glob. Commodities, Inc. v. Cap. Distribs. LLC*, No. 24-

cv-00216 (JMB/EMB), 2025 WL 2926966, at *2 & n.1 (D. Minn. Oct. 15, 2025); *accord Lewis v. Slaiby*, No. 3:23-CV-0231 (VAB), 2025 WL 821039, at *4 (D. Conn. Mar. 14, 2025).

The Eighth Circuit does not permit a court to transform a Rule 12 motion to a party's prejudice without notice, *Country Club Estates, L.L.C. v. Town of Loma Linda*, 213 F.3d 1001, 1005–06 (8th Cir. 2000), and the Supreme Court has held that a court may not recharacterize a filing to a litigant's disadvantage without notice because recharacterization "can have serious consequences," *Castro v. United States*, 540 U.S. 375, 382–83 (2003). The remedy for a premature Rule 12(c) motion is denial.

## CONCLUSION

3M moved for judgment on the pleadings without first answering the pleadings that commenced these actions. The pleadings are therefore not closed, and the motion is premature. Plaintiffs respectfully request that the Court deny Defendants' motion for judgment on the pleadings.

Dated: October 30, 2026

Respectfully submitted,

*/s/ Genevieve M. Zimmerman*
Genevieve M. Zimmerman (MN #330292)
**MESHBESHER & SPENCE, LTD.**
1616 Park Avenue South
Minneapolis, MN 55404
(612) 339-9121
gzimmerman@meshbesher.com

*Plaintiffs' Co-Lead Counsel*

*/s/ Kyle W. Farrar*
Kyle W. Farrar (MN #0397942)
**FARRAR & BALL**
1117 Herkimer
Houston, TX 77008
(713) 221-8300
kyle@fbtrial.com

*Plaintiffs' Steering Committee*

*/s/ Mark Callendar*
Mark Callender
CALENDAR BOWLIN, PLLC
4299 San Felipe, Suite 300
Houston, TX 77027
Phone: (713) 300-8700
Email: Mark@CBTrial.com

**CERTIFICATE OF SERVICE**

I hereby certify that on October 30, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, which will send notification to all counsel of record.

*/s/ Genevieve M. Zimmerman*
Genevieve M. Zimmerman